# manatt

Esra A. Hudson
Manatt, Phelps & Phillips, LLP
Direct Dial: 310-312-4381
ehudson@manatt.com

January 24, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

Re: *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL ("Lively Case"); *Wayfarer Studios LLC et al. v. Lively et al.*, No. 1:25-cv-00449-LJL ("Wayfarer Case")

Dear Judge Liman,

On behalf of the Lively-Reynolds Parties, we write to address assertions made in the January 23, 2025 letter from counsel for the Wayfarer Parties in the above-captioned litigation. *See* Lively Case, ECF No. 27; Wayfarer Case, ECF No. 38.

Counsel for the Wayfarer Parties attempt to defend Mr. Freedman's extrajudicial conduct primarily on the basis that the "Lively Parties provided *The New York Times* with Ms. Lively's otherwise confidential administrative complaint filed with the California Civil Rights Department" and "the *Times* regurgitated Ms. Lively's allegations …." *See* Lively Case, ECF No. 27 at 1; Wayfarer Case, ECF No. 38 at 1. Counsel for the Wayfarer Parties appear to be suggesting that the referenced conduct is permissible because, in their incorrect and baseless view, Ms. Lively started it first. But the argument that "they started it" is misleading and ignores the reality that the "utterly calamitous" effects the Wayfarer Parties claim to suffer as a result of reported facts and filed allegations were, on information and belief, initiated by the manner in which ***they or their counsel leaked*** the CRD Complaint to the tabloid media. More problematically, it ignores that under well-established public policy and federal law, victims and survivors of sexual harassment and sexual assault have the freedom to report and publicly disclose their abuse.[1]

Further, the position that *The New York Times* reporting on the CRD Complaint permanently justifies engaging in provocative and prejudicial publicity distorts applicable ethical rules beyond recognition. Just as Mr. Freedman's initial and defamatory press statement to *The New York Times* was intended to fan the flames of controversy and move Ms. Lively's formal

---

[1] *See, e.g.*, The Speak Out Act, 42 U.S.C. § 19401, *et seq*.

# manatt

January 24, 2025
Page 2

administrative complaint into the court of public opinion, and designed to focus on her character assassination, so have each of his public statements regarding Ms. Lively since that time. This public commentary—including that he will "sue" individuals "into oblivion"[2] and will "shock everyone who has been manipulated into believing a demonstrably false narrative"[3]—is nothing other than publicity purposely "initiated by the lawyer or the lawyer's client," to perpetuate a public narrative of Mr. Freedman's (or his clients') own creation. *Contra* Rule 3.6(d).[4]

The Wayfarer Defendants' assertion that "no [] materially prejudicial statements have been made" likewise cannot be reconciled with other of Mr. Freedman's public statements to date.[5] Such repeated promises to take discoverable evidence and package it for publicity outside of the judicial context will materially prejudice the truth-seeking function of this Court. Likewise, the claim that the Lively-Reynolds Parties seek a "gag order" is grossly misleading. This litigation is public. Requiring counsel to heed the ethical rules that bind them is not a gag order; it is a

---

[2] *See* James Hibberd, *Justin Baldoni's Publicist Breaks Silence, Defends Leaked Texts About Blake Lively*, The Hollywood Reporter (Dec. 23, 2024), https://www.hollywoodreporter.com/movies/movie-news/justin-baldoniblake-lively-jennifer-abel-leaked-texts-1236093044/.

[3] *See* Caroline Frost & Dominic Patten, *Justin Baldoni Countersuit Against Blake Lively Will "Shock Everyone," Lawyer Declares; Lively PR Rep Calls Out "False" Allegations Of Planted HR Stories – Update,* Deadline (December 28, 2024, 5:47 AM), https://deadline.com/2024/12/blake-livelyjustin-baldoni-it-ends-with-us-legal-complaint-counter-suit-1236243155/.

[4] In contrast, each of the statements by counsel for the Lively-Reynolds Parties, including those identified by counsel for the Wayfarer Parties, were made in responsive posture and in keeping with Rule 3.6(d). Such statements were made, respectively, in response to Mr. Freedman's public and affirmative assertion that the Wayfarer lawsuit is "based on an overwhelming amount of untampered evidence detailing Blake Lively and her team's duplicitous attempt to destroy Justin Baldoni, his team and their respective companies by disseminating grossly edited, unsubstantiated, new and doctored information to the media" *See* Tommy McArdle & Elizabeth Rosner, *Justin Baldoni Sues Blake Lively and Ryan Reynolds for $400 Million Alleging Defamation, Extortion over It Ends With Us*, People (Jan. 16, 2025, 2:32 PM), https://people.com/justin-baldoni-sues-blake-lively-ryan-reynolds-8768821), and in response to video footage of Ms. Lively leaked by Mr. Freedman to *The Daily Mail*, the Wayfarer Defendants' outlet of choice, in order to assert that it "refutes Ms. Lively's characterization" of Baldoni's behavior—a determination that must properly be made within the litigation. *See 'It Ends With Us' Legal Feud Takes New Turn as Both Blake Lively and Justin Baldoni Say Leaked Footage Proves Their Point*, The Hollywood Reporter, (Jan. 21, 2025), https://www.hollywoodreporter.com/movies/movie-news/it-ends-with-us-legal-blake-lively-justin-baldoni-leaked-set-footage-1236114412/.

[5] *See* Lively Case, ECF No. 17-2, Ex. B; Wayfarer Case, ECF No. 29-2, Ex. B (citing Liz Kreutz*, Saba Hamedy & Kalhan Rosenblatt, Justin Baldoni's attorney blasts New York Times story about Blake Lively 'smear campaign' story,* NBC News (January 3, 2025, 9:46 AM), https://www.nbcnews.com/popculture/ pop-culture-news/justin-baldonis-attorney-blasts-new-york-timesblake-lively-story-rcna186064 (". . . I am more than willing to take every single text message that exists out there. Lay them out. Put them on a website for the world to see…Have them see the truth and determine the truth for themselves…"); *see also* Ryan Hudgins*, Justin Baldoni's Lawyer Releases Video of 'It Ends With Us' Scene to Try to Disprove Blake Lively,* US Weekly (January 21, 2025), https://www.usmagazine.com/entertainment/news/wayfarer-studios-releasesjustin- baldoni-blake-lively-slow-dance-scene/ ("Justin and team have the right to defend themselves with the truth and this is what we will be continuing to show with the upcoming website containing all correspondence as well as relevant videos that directly quash her claims.")).

# manatt

January 24, 2025
Page 3

mechanism that would ensure the proceedings in this Court are not prejudiced by counsel's conduct outside of the courtroom.

The Wayfarer Parties are attempting to draw a dangerous false equivalence that may have profound consequences not just for this case, but for other women who are sexually harassed in the workplace given the high profile of this matter. These actions arose from one of the most fundamentally protected activities under the law: speaking out against sexual harassment and retaliation in the workplace. Making a complaint about sexual harassment and retaliation in a lawsuit, which is also a protected activity, is covered by the litigation privilege. On the other hand, relentlessly publicly attacking a plaintiff in a sexual harassment and retaliation case in the media and on social media *is not a protected activity*, and is contrary to public policy and ethical rules. The Lively-Reynolds Parties have provided the Court with the kind of language that the Wayfarer Parties' counsel has been using in the media on a regular basis, which is clearly designed to try to destroy Ms. Lively's character and paint her as a controlling, demanding bully who brought this on herself. *See* Lively Case, ECF No. 17-2, Ex. B; Wayfarer Case, ECF No. 29-2, Ex. B. Even more troubling, however, is that the retaliation campaign that Ms. Lively alleged in her Complaint, with substantial supporting documentation, includes highly destructive behind-the-scenes elements, including the regular engagement of Melissa Nathan with her vast tabloid media sources to influence a steady stream of negative media regarding Ms. Lively, as well as a sophisticated and "untraceable" digital social media manipulation campaign designed to impact social media algorithms against Ms. Lively. The Lively-Reynolds Parties are informed and believe that these efforts have continued unabated since the CRD Complaint was filed, and may have even been accelerated. The administration of justice in this case will be severely compromised if this behavior continues.

Respectfully Submitted,

s/ *Esra A. Hudson*

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
Willkie Farr & Gallagher
1875 K Street NW
Washington, DC 20006
(202) 303-1000
Email: mgottlieb@willkie.com
kbender@willkie.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (*pro hac vice*)

manatt

January 24, 2025
Page 4

                                         Stephanie A. Roeser (*pro hac vice*)
                                         Manatt, Phelps & Phillips LLP
                                         2049 Century Park East, Suite 1700
                                         Los Angeles, California  90067
                                         (310) 312-4000
                                         E-mail: ehudson@manatt.com
                                         sroeser@manatt.com

                                         *Attorneys for Blake Lively and Ryan Reynolds*