

Kevin Fritz
*Partner*
Direct (212) 655-3570
Fax (212) 655-3535
kaf@msf-law.com

January 22, 2025

<u>Via ECF</u>
Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

*The motion for an extension is GRANTED as to the Wayfarer Parties who have not yet answered or otherwise responded to the complaint.*

*Date: 1/27/25*

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

**Re:**   *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL;
rel. *Wayfarer Studios LLC et al. v. Lively et al.*, No. 1:25-cv-00449-LJL

Dear Judge Liman:

We represent Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel (collectively, the "Wayfarer Parties") in the above-referenced action commenced by Blake Lively (the "Lively Case"). Most of the Wayfarer Parties are also plaintiffs in the other above-referenced action (the "Wayfarer Case") against Blake Lively, Ryan Reynolds, Leslie Sloane, and Vision PR, Inc. (the "Lively Parties"). The two cases have been designated as related pursuant to the Court's Rules for the Division of Business.

In accordance with Rule I(D) of Your Honor's Individual Practices in Civil Cases, the Wayfarer Parties respectfully request an extension of time to respond to the Complaint in the Lively Case. No previous request for an extension of time has been made. The Lively Parties served the Complaint upon the various Wayfarer Parties via different methods on different dates, thereby triggering deadlines for responses throughout the end of January.

Meanwhile, in the Wayfarer Case, the Lively Parties filed Waivers of Service pursuant to Federal Rule of Civil Procedure 4(d), which Waivers (incorrectly) affirm that the Wayfarer Parties requested that the Lively Parties waive service, even though the Wayfarer Parties made no such request. As a result of their misrepresentation in the Waivers of Service, the Lively Parties inequitably obtained the benefit of a 60-day period in which to respond to the Complaint in the Wayfarer Case. According to the docket in the Wayfarer Case, the Lively Parties' deadline to respond to the Complaint is March 20, 2025.

During a January 21, 2025 telephone call, we attempted to confer in good faith with counsel for the Lively Parties about an extension of time, until March 20, 2025 (the same deadline that the Lively Parties enjoy in the Wayfarer Case), for the Wayfarer Parties to respond to the Complaint in the Lively Case. Specifically, we noted that such extension of time was appropriate because: (1) the two cases are designated as related and likely will be consolidated pursuant to Rule 42(a); and (2) the Wayfarer Parties' lead counsel, Bryan Freedman, Esq., lost his home in the recent Los

*Hon. Lewis J. Liman*
*Page 2*
*January 22. 2025*

Angeles wildfires and need additional time to coordinate responses to the Complaint in the Lively Case.

In an email delivered earlier today, the Lively Parties' counsel refused to consent to an extension of time, contending that: (a) the cases are not yet consolidated; (b) the Lively Parties intend to move to dismiss the Wayfarer Case; and (c) counsel requested that the Wayfarer Parties waive service, but no waiver was executed. Insensitively, the Lively Parties ignored the effect of the Los Angeles wildfires on Mr. Freedman and his law office.

In sum, the Lively Parties falsely engineered an extension of time, until March 20, 2025, to respond to the Complaint in the Wayfarer Case but now refuse to consent to the same deadline for the Wayfarer Parties, even though doing is in the interests of justice and efficiency in cases that are not only related but likely will be consolidated.

For these reasons, the Wayfarer Parties respectfully request an extension of time, until March 20, 2025, to respond to the Complaint in the Lively Case. No date has yet been set for the parties' next appearance.

Respectfully submitted,

*Kevin Fritz*

Kevin Fritz

cc: all counsel of record (via ECF)