

Mitchell Schuster
*Partner*
Direct (212) 655-3549
Fax (212) 655-3535
ms@msf-law.com

February 14, 2025

<u>Via ECF</u>
Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

> Re:   *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL;
>       rel. *Wayfarer Studios LLC et al. v. Lively et al.*, No. 1:25-cv-00449-LJL

Dear Judge Liman:

As counsel for Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel (collectively, the "Wayfarer Parties"), we write to raise a discovery dispute concerning flagrantly overbroad subpoenas served by Blake Lively and Ryan Reynolds (the "Lively Parties").

Earlier this week, the Lively Parties issued subpoenas to cellular providers AT&T, Verizon, and T-Mobile (the "Subpoenas") seeking "All Documents concerning ingoing and ongoing calls or text messages related to phone number [xxx-xxx-xxxx] belonging to [each of the individual Wayfarer Parties, some of their employees, and various non-party individuals] . . . including but not limited to call logs, text logs, data logs, and cell site location information." The Subpoenas seek such information over a period of multiple years, in most cases spanning from December 1, 2022 to the present.

It is hard to overstate how broad, invasive, and atypical these Subpoenas truly are. This is civil litigation, not a criminal prosecution, and the Lively Parties are not the FBI. Yet the Subpoenas seek not only the **complete call and text history** of each of the targets over a period of several years (no matter the sender, recipient, or subject matter) but also, over the same period, ***real-time location information and data logs reflecting, among other things, web browsing history***. This would include, of course, materials protected from disclosure by a laundry list of statutes and privileges, among them the attorney-client privilege, the spousal privilege, and the physician-patient privilege. Moreover, the information sought by the Subpoenas is wildly disproportionate to the needs of the case and unnecessarily invades the privacy of untold numbers of third parties, including family, friends, business partners, and—quite literally—any other person with whom any of the targets have communicated with over a period of years.

The Lively Parties' highly experienced counsel are surely well aware that the Subpoenas they issued grossly exceed the scope of permissible discovery, as outlined in Federal Rule of Civil

Hon. Lewis J. Liman
Page 2
February 14, 2025

Procedure 26(b)(1), which limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." (Fed. R. Civ. Proc. 26(b)(1)). Unfortunately, it appears that these Subpoenas are, more than anything else, a media ploy, having been promptly leaked alongside a lengthy and combative statement by the Lively Parties' legal team.[1] The Wayfarer Parties are not remotely concerned about the Lively Parties' public statement, however hypocritical, and do not object to their use of third-party discovery tools. The Wayfarer Parties are using such tools themselves, albeit in a far narrower and legally permissible fashion.

However, the Wayfarer Parties are deeply concerned that the Lively Parties are intimidating third parties into providing information about our clients (and various non-parties) far beyond what is appropriate (or even legal) in civil litigation, including spousal communications, medical information, attorney-client communications, and real-time location information, among other things. The Subpoenas constitute a flagrant abuse of the discovery process and, if allowed to stand, set a precedent that—once their bluster dissipates—we are confident the Lively Parties' counsel will not be prepared to accept when it comes to the scope of discovery into their own clients' private information and communications.

This afternoon, we conferred in good faith via telephone with the Lively Parties' counsel regarding the Subpoenas but were unable to resolve the dispute. This matter is highly time-sensitive, as certain of the cellular providers have already indicated they intend to comply with the Subpoenas. The Wayfarer Parties therefore request Your Honor's attention at the soonest possible opportunity.

Copies of the Subpoenas will be filed under seal with the requested redactions (solely of telephone numbers) highlighted. Pursuant to Your Honor's Procedures for Sealed and Redacted Filings, we request that the Court approve such redactions.

Respectfully submitted,

*/s/ Mitchell Schuster*

MEISTER SEELIG & FEIN PLLC
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
        kaf@msf-law.com

LINER FREEDMAN TAITELMAN + COOLEY, LLP
Bryan J. Freedman (*pro hac vice*)
Miles M. Cooley (*pro hac vice*)
Theresa M Troupson (*pro hac vice*)

---

[1] *See, e.g.,* Carly Thomas & Pamela McClintock, Hollywood Reporter, *'It Ends With Us': Blake Lively Subpoenas Phone Records and More to Debunk Justin Baldoni's Claims*, (Feb. 12, 2025)*,* https://www.hollywoodreporter.com/news/general-news/blake-lively-subpoenas-phone-records-justin-baldoni-legal-battle-1236135188/*.*

Hon. Lewis J. Liman  
Page 3  
February 14, 2025

        Summer Benson (*pro hac vice*)  
        Jason Sunshine  
        1801 Century Park West, 5th Floor  
        Los Angeles, CA 90067  
        Tel: (310) 201-0005  
        Email: bfreedman@lftcllp.com  
                mcooley@lftcllp.com  
                ttroupson@lftcllp.com  
                sbenson@lftcllp.com  
                jsunshine@lftcllp.com  

cc: all counsel of record (via ECF)