

Mitchell Schuster
*Partner*
Direct (212) 655-3549
Fax (212) 655-3535
ms@msf-law.com

February 16, 2025

Via ECF
Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

  Re: *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL;
     rel. *Wayfarer Studios LLC et al. v. Lively et al.*, No. 1:25-cv-00449-LJL

Dear Judge Liman:

As counsel for Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel (collectively, the "Wayfarer Parties"), we write in response to the letter dated February 15, 2025, from counsel for Blake Lively and Ryan Reynolds (the "Lively Parties") concerning their subpoenas to cellular providers AT&T, Verizon, and T-Mobile (the "Subpoenas").

In their letter, the Lively Parties misrepresent the scope of the Subpoenas, contending that they seek only "non-content" records, such as "call, text and data logs" and not "the content of any communication[.]" That is flatly false.

The Subpoenas demand: "**All Documents** concerning ingoing and ongoing calls or text messages related to phone number [xxx-xxx-xxxx] belonging to [each of the individual Wayfarer Parties, some of their employees, and various non-party individuals] . . . including but not limited to call logs, text logs, data logs, and cell site location information." (Dkt. 79, 80, 81, p. 15) (emphasis added). As defined in the Subpoenas, "Documents" is "synonymous in meaning and equal in scope to the usage of the term 'documents or electronically stored information' in Fed. R. Civ. P. 34(a)(1)(A)." (*Id.*, p. 2). In turn, Federal Rule 34(a)(1)(A) states that "documents or electronically stored information" includes "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations[.]" (F.R.C.P. 34(a)(1)(A)).

If the Lively Parties were seeking only call, text, and data logs, their Subpoenas would have asked for "All call, text, and data logs for phone number [xxx-xxx-xxxx]." ***But that is not what they actually ask for***. Instead, the Subpoenas seek "All Documents" relating to the various phone numbers, which is a request of the broadest possible scope and clearly encompasses content as well as—as explicitly requested—location information. To the extent the Lively Parties are, in fact, merely seeking logs, then their Subpoenas should so state. As drafted, however, the Subpoenas seek precisely what we asserted in our February 14th letter to the Court, namely all

documents relating to the listed phone numbers in the possession, custody, or control of the cellular providers. Whether the providers actually have content, browsing history, location data, and the like is an open question, but it is not one we are prepared to see answered only at the time of production.

In sum, the Subpoenas "are overbroad on their face." *McGlade v. MMA Global Holdings, Corp.*, No. 22-cv-4637 (LJL), 2022 WL 17812662, at * (S.D.N.Y. Dec. 12, 2022) (noting that a Rule 45 subpoena must meet Rule 26(b)(1)'s "overriding relevance requirement" and may be quashed for failure to do so); *see In re Navios South Am. Logistics Inc.*, No. 24-mc-575 (LJL), 2025 WL 369717 (S.D.N.Y. Feb. 3, 2025) (quashing subpoenas that "sweep beyond seeking information useful for establishing liability and damages").

The Lively Parties cited two cases for the proposition that the scope of the Subpoenas is permissible. Both are inapposite. The *Smith v. Maryland* case is a criminal case, and case law concerning the permissible scope of Fourth Amendment searches and seizures has no bearing whatsoever on the scope of permissible discovery in civil litigation. 442 U.S. 735, 737 (1979). The case of *Ugorji v. Dep't of the Env't Prot. of the State of New Jersey*, 2011 WL 13140574, at *2 (D.N.J. Oct. 27, 2011), while not controlling in this District, is similarly distinguishable. Unlike here, the facts at issue in that case gave rise to an (arguably) justifiable basis for the sweeping nature of the subject request. In *Ugorji*, an employer sought to prove that an employee was engaged in inappropriate, non-work-related activities during business hours, and the employee's cell phone records were, as alleged, relevant to that allegation. *Id.* at *1. Nothing in this case supports such broad disclosure, and the Lively Parties' Subpoenas lack even a modicum of tailoring, as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

The Lively Parties' preposterous assertion that their plainly overbroad Subpoenas should be waved through due to insufficient meeting and conferring must be rejected out of hand. The parties held a meet and confer conference on February 14th, during which the Wayfarer Parties explained that the breadth of information sought by the Subpoenas is, frankly, obscene and that the plain language of the document requests does not support the limited scope suggested by the Lively Parties. Moreover, certain of the providers have already contacted our clients indicating they intend to comply. Given the Lively Parties' refusal to withdraw the Subpoenas pending further meet and confer efforts, the then-impending holiday weekend, and the fast-approaching return date of the Subpoenas, the Wayfarer Parties had no reasonable alternative but to move to quash.

We respectfully reiterate our request that the Court quash the Subpoenas as promptly as possible.

Respectfully submitted,

/s/ Mitchell Schuster

MEISTER SEELIG & FEIN PLLC
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500

Hon. Lewis J. Liman<br>
Page 3<br>
February 16, 2025

Email: ms@msf-law.com
       kaf@msf-law.com

LINER FREEDMAN TAITELMAN + COOLEY, LLP
Bryan J. Freedman (*pro hac vice*)
Miles M. Cooley (*pro hac vice*)
Theresa M Troupson (*pro hac vice*)
Summer Benson (*pro hac vice*)
Jason Sunshine
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
       mcooley@lftcllp.com
       ttroupson@lftcllp.com
       sbenson@lftcllp.com
       jsunshine@lftcllp.com

cc: all counsel of record (via ECF)