**WILLKIE FARR & GALLAGHER** LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

February 20, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

Re:   *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL ("Lively Case"); *Wayfarer Studios LLC et al. v. Lively et al.*, No. 1:25-cv-00449-LJL ("Wayfarer Case")

Dear Judge Liman,

The Court instructed the parties to submit a proposed protective order no later than March 11, 2025 and, if the parties are unable to reach agreement, to file competing versions by the same date with legal authority. Dkt. No. 57. All of the parties, including the plaintiffs in the Wayfarer Case ("Wayfarer Parties"), agree that a protective order is appropriate here and that the Court should, at a minimum, enter its model protective order. Ex. A ("the Wayfarer parties are amenable to the Court's model protective order").[1] Blake Lively, Ryan Reynolds, Leslie Sloane, and Vision PR, Inc. (collectively, "Moving Parties") agree that good cause exists for the Court to provide additional protections beyond those contemplated in the Model PO by entering the proposed protective order attached hereto as Exhibit B. Ex. B ("Proposed PO"); Ex. C (redline comparison between Proposed PO and Model PO).[2]

The Proposed PO differs from this Court's Model PO primarily by adding the following: an Attorney's Eyes Only ("AEO") category, which applies to "Confidential Discovery Material of such a highly confidential and personal, sensitive, or proprietary nature that the revelation of such is likely to cause a competitive, business, commercial, financial, personal or privacy injury" (Ex. B ¶ 1); specific examples of categories of Discovery Material that may qualify as Confidential or AEO Discovery Information in a case of this nature, including, for example, previously non-disclosed information unique to the entertainment industry (such as, for example, creative ideas or client relationships) (*id*. ¶ 2(c)) or information of a personal or intimate nature in a case involving high-profile individuals and allegations of sexual harassment (*id*. ¶ 2(d)); a limitation on who can receive materials designated as AEO (*id*. ¶ 7); and an emphasis on the restriction on publicizing Discovery Material (*id*. ¶ 16).

---

[1] United States District Judge Lewis J. Liman, Model Protective Order, https://www.nysd.uscourts.gov/sites/default/files /practice_documents /LJL%20Liman%20Model%20Protective%20Order_updated%207.12.23.pdf ("Model PO").
[2] The New York Times consents to the entry of the Proposed PO but does not join this motion. In addition to Exhibit B, counsel is filing the Proposed PO as an independent docket entry concurrently with this letter.

Hon. Lewis J. Liman
February 20, 2025

It would be well within this Court's discretion to provide the heightened "degree of protection" contemplated in Proposed PO pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("Rule" or "Rules"), which provides that a district court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See Seattle Times Co v. Rhinehart*, 467 U.S. 20, 36 (1984) (Rule 26(c)(1) confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required");[3] *Doe v. Baram*, No. 20-cv-9522, 2021 WL 3423595, at *2 (S.D.N.Y. Aug. 5, 2021) (same). "Courts in this circuit have noted that, [f]or purposes of a protective order, good cause is established when a party is able to show that a clearly defined, specific and serious injury will occur in the absence of such an order." *See, e.g.*, *Doe (K.S.) v. Brisam Clinton LLC*, No. 23-cv-4032, 2023 WL 5835751, at *1 (S.D.N.Y. Sept. 8, 2023) (citations and internal quotations omitted) (Liman, J.).[4]

Good cause exists for the Court to adopt the Proposed PO. The Court need not speculate whether a "clearly defined, specific and serious injury will occur in the absence" of the Proposed PO because *a "defined, specific and serious injury" already has occurred in the absence of one*. As detailed in Ms. Lively's Amended Complaint, Ms. Lively, her family, other members of the cast, various fact witnesses, and individuals that have spoken out publicly in support of Ms. Lively have received violent, profane, sexist, and threatening communications. Dkt. No. 84 ¶¶ 6, 45-47, 287, 290-92, 327-29, 335-41, 343-50.[5] For example, in the days after January 31, 2025—when the Wayfarer Plaintiffs filed their Amended Complaint, including a 100-plus page exhibit with text threads—one fact witness known to publicly support Ms. Lively and whose texts the Wayfarer Parties excerpted (ostensibly without his permission) received a written threat indicating that the witness's family would be sexually assaulted and killed unless the witness agreed to "make a statement and give the truth." *Id*. ¶¶ 5, 349. Around the same time, Ms. Lively became the target of pornographic trolling on Instagram so vicious that Meta publicly stated that that "kind of online harassment is wrong and we condemn it." *See Blake Lively Instagram Flooded with Porn Amid Baldoni War Meta Condemns the 'Harassment,'* TMZ (Jan. 31, 2025), https://www.tmz.com/2025/01/31/blake-lively-instagram-trolled-with-a-flood-of-porn-amid-baldoni-legal-war/.

It is entirely foreseeable, probable, and inevitable that the release of certain Discovery Information—including of the type that the Proposed PO specifies as deserving protection (*see* Ex. B ¶¶ 2(a)-(d))—will create a "defined, specific and serious injury" to parties and non-parties, such as by violating their privacy, exposing them to threats, and creating a climate of possible witness intimidation. Those potential injuries, coupled with the threats to the efficient administration of justice, establish good cause to extend protections to specific categories of non-public, private business and personal

---

[3] In *Rhinehart*, the United States Supreme Court held that because "of the liberality of pretrial discovery permitted by Rule 26(b)(1), it is necessary for the trial court to have the authority to issue protective orders" to *inter alia* protect the "privacy interests of litigants and third parties." *Rhinehart*, 467 U.S. at 31-35 (1984); *see Robinson v. De Niro*, No. 19-cv-9156, 2022 WL 274677, at *4 (S.D.N.Y. Jan. 26, 2022) ("It is also well established that the public has no right to access information obtained through discovery and that is subject to a protective order, such as the one issued in this case.").

[4] *See also John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186—87 (S.D.N.Y. 2014); *Schiller v. New York*, No. 4-cv-7922, 4-cv-7921, 2007 WL 136149, at *5 (S.D.N.Y. Jan. 19, 2007).

[5] As the Court is aware, this litigation has drawn wide-spread media attention, especially by the Hollywood press and tabloid media and, at a hearing on February 3, 2025, the Court acknowledged the necessity of a protective order given the "number of high-profile people involved in the case." *See* Feb. 5, 2025 Hearing Tr. at 19:19-20:6; ECF No. 17-2.

Hon. Lewis J. Liman
February 20, 2025

information. *See Brisam Clinton*, 2023 WL 5835751, at *1; *see also Rofail v. United States*, 227 F.R.D. 53, 56 (E.D.N.Y. 2005) ("good cause cases usually involve a litigant's concern that private information obtained in discovery will become public"); *Paisley Park Enters., Inc. v. Uptown Prods.*, 54 F.Supp.2d 347, 349 (S.D.N.Y. 1999) ("While many members of the public have an interest in every imaginable detail about the life of a rock star, virtually all have an interest in ensuring that everyone in our society have access to a fair and impartial judicial system without having to pay too high a price of admission in the form of the surrender of personal privacy.").[6]

Good cause exists for an AEO designation for highly confidential information of a "personal, sensitive, or proprietary nature that the revelation of such is likely to cause a competitive, business, commercial, financial, personal or privacy injury to the producing party." Ex. B ¶¶ 1-2. This Court has recognized the propriety of an AEO designation. *See Brisam Clinton*, 2023 WL 5835751, at *2; *Allstate Life Ins. Co. v. Mota*, No. 21-cv-908, 2022 WL 500914, at *1 (S.D.N.Y. Feb. 18, 2022) (Liman, J.). An AEO category is paramount where, as here, litigation involves claims of sexual harassment in the workplace, lest victims of sexual harassment be forced to disclose highly sensitive personal information directly to their harassers. *See United States v. Mount Sinai Hosp.*, 185 F. Supp. 3d 383, 396 (S.D.N.Y. 2016); *see also Murphy v. Warden of Attica Corr. Facility*, 2020 WL 6866403, at *2 (S.D.N.Y. Nov. 23, 2020); Order at 6, *Hunt v. S. Baptist Convention*, (M.D. Tenn. Nov. 22, 2023), Dkt. No. 76; *Rhodes v. Barnett & Assocs., P.S.*, 13 Wash. App. 2d 1001 (2020). Additionally, the Lively Case rests on allegations that the Wayfarer Plaintiffs launched and continued a retaliatory smear campaign in order to "destroy" and "bury" Ms. Lively, funded by a defendant who committed $100 million to "protect the studio like Israel protected itself from Hamas. There were 39,000 dead bodies. There will be two dead bodies when I'm done. Minimum. Not dead, but 'you're dead to me.' So that kind of dead. But dead to a lot of people. If they ever get me to that point. Then I'll make it worth their while. Because I'm gonna spend a lot of money to make sure the studio is protected." (regarding Lively/Reynolds). Dkt. No. 84 ¶¶ 26-27, 183-312. The "Court can minimize the probability of harm, oppression or invasion of privacy by" adopting an AEO designation that protects parties and third parties from delivering their most personal and sensitive materials directly to a group of individuals who are committed to weaponizing information at their disposal for use in a crisis communications combat plan. *See Flores v. Stanford*, No. 18-cv-2468, 2022 WL 354719, at *9 (S.D.N.Y. Feb. 7, 2022).[7] Courts in this District find good cause for an AEO designation when disclosure "would unnecessarily violate the privacy rights of a particular person or individual." *River Light V, L.P. v. Olem Shoe Corp.*, 2021 WL 355061, at *2 (S.D.N.Y. Feb. 1, 2021).[8] Since AEO information would be available to counsel without redaction, no significant prejudice would result from the AEO designations. *See Mount Sinai*, 185 F. Supp. 3d at 396.

---

[6] *Accord Application of Newsday, Inc.*, 895 F.2d 74, 79 (2d Cir. 1990) (citation omitted) (courts must consider "privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure"); *Stern v. Cosby*, 529 F. Supp. 2d 417, 423 (S.D.N.Y. 2007) ("fair and efficient administration of justice" warrants preventing parties, counsel, and the court from continuing to "spend time and resources dealing with issues generated by the media's disproportionate attention to this case" and the ensuing "frenzy" that releasing the deposition testimony would cause).

[7] *Accord Stollman v. Williams*, 20-cv-8937, 2022 WL 1772552, at *6 (S.D.N.Y. June 1, 2022); *Howard v. City of New York*, 2013 WL 174210, at *3 (S.D.N.Y. Jan. 16, 2013).

[8] *Accord* Stipulated Protective Order, *Cowan v Windmill Health Prods., LLC et al.*, No. 12-cv-1541, (S.D.N.Y. Sept. 11, 2012), Dkt. No. 73 (AEO for "highly sensitive business or personal information"); *We the Protesters, Inc. v. Sinyangwe*, No. 22-cv-9565, 2024 WL 5154077, at *6-7 (S.D.N.Y. Dec. 18, 2024) (AEO for "Highly Sensitive Text Messages" which contain "personal or intimate information … political discussions or views, or other embarrassing information").

Hon. Lewis J. Liman
February 20, 2025

                              Respectfully Submitted,

                              <u>s/ *Michael J. Gottlieb*</u>

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
Meryl C. Governksi (*pro hac vice*)
Willkie Farr & Gallagher
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron E. Nathan
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (*pro hac vice*)
Stephanie A. Roeser (*pro hac vice*)
Manatt, Phelps & Phillips LLP
2049 Century Park East, Suite 1700
Los Angeles, California  90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

*Attorneys for Blake Lively and Ryan Reynolds*

- 4 -