UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------X

BLAKE LIVELY,

                    Plaintiff,

        -v-

WAYFARER STUDIOS LLC, JUSTIN
BALDONI, JAMEY HEATH, STEVE
SAROWITZ, IT ENDS WITH US MOVIE LLC,
MELISSA NATHAN, THE AGENCY GROUP
PR LLC, JENNIFER ABEL, JED WALLACE,
and STREET RELATIONS,

                    Defendants.

--------------------------------------

WAYFARER STUDIOS LLC, JUSTIN
BALDONI, JAMEY HEATH, IT ENDS WITH
US MOVIE LLC, MELISSA NATHAN,
JENNIFER ABEL, and STEVE SAROWITZ,

                    Plaintiffs,

        -v-

BLAKE LIVELY, RYAN REYNOLDS, LESLIE
SLOANE, VISION PR, INC., and THE NEW
YORK TIMES COMPANY,

                    Defendants.

--------------------------------------

Case No. 1:24-cv-10049-LJL
(consolidated with 1:25-cv-00449-LJL)

PROTECTIVE ORDER

LEWIS J. LIMAN, United States District Judge:

      WHEREAS all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1.      Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" or "Attorneys Eyes Only" pursuant to the terms of this Protective Order (hereinafter, collectively, "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.   The designation "Attorney Eyes Only" shall only be utilized for Confidential Discovery Material of such a highly confidential and personal, sensitive, or proprietary nature that the revelation of such is likely to cause a competitive, business, commercial, financial, or privacy injury to the producing party.   As follows, the protections conferred by this Order cover not only Confidential and Attorneys' Eyes Only Information but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof (hereinafter referred to collectively as "copies"), plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Confidential or Attorneys' Eyes Only Information.

2.      The person producing any given Discovery Material may designate as Confidential or "Attorney Eyes' Only" only such portion of such material the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party, including high-profile individuals, to whom a duty of confidentiality is owed and that consists of:

(a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, sale margins, confidential trading

or investing information, and credit and banking information);

(b) previously nondisclosed material relating to ownership or control of any public or non-public company;

(c) previously nondisclosed business plans, product development information, marketing plans, trade secrets, creative ideas, films, scripts, projects, productions, entertainment activities and other creative or artistic matters, client relationships, or communications regarding business affairs or contractual negotiations;

(d) any information of a personal or intimate nature regarding any individual, including but not limited to photographs, videos, or audio recordings of family or other personal relationships; non-public information regarding the identity and nature of personal relationships medical, mental health and/or health care records; Social Security numbers; or non-public contact information (including but not limited to telephone numbers, e-mail addresses, physical addresses or whereabouts, or code names for hotel use);

(e) extracts or summaries of any information identified in (a)-(d); and

(f) any other category of information hereinafter given confidential status by the Court.

3.      With respect to the Confidential or Attorneys' Eyes Only portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Attorneys' Eyes Only" by: (a) stamping or otherwise clearly marking as "Confidential" or "Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

4.      With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as Confidential or Attorneys' Eyes Only either by (a) indicating on the record during the deposition that a question calls for Confidential Discovery Information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Attorneys' Eyes Only Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential or Attorneys' Eyes Only, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential or Attorneys' Eyes Only.

5.      If at any time prior to the trial of this action, a producing person realizes that some

portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as Confidential or Attorneys' Eyes Only, she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as such under the terms of this Protective Order.

6.     No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system, as reasonably necessary, provided such vendors or service providers have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)  as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;[1]

(g) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions conducted in this action; and

(i) this Court, including any appellate court, and the court reporters and support personnel for the same.

---

[1] In the event the fact witness refuses to sign a copy of the Exhibit, he or she may be shown Confidential Discovery Information only after, on the record stating such refusal, and then being advised on the record of the following: "By order of the Court in this Action, you may not disclose in any manner any Confidential Discovery Information to any person or entity except in strict compliance with the provisions of this Order, and if you do so, you may be subject to a sanction by the Court."

7.     With respect to Discovery Material designated as Attorneys' Eyes Only, such material shall only be disclosed to those persons identified in paragraphs 6(b), (c), (d), (e), (g), (h) and (i) but shall not be disclosed to the Parties.

8.     Prior to any disclosure of any Confidential or Attorney's Eyes Only Discovery Material to any person referred to in Paragraph 6(c), (d), (f), and (g), such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms.  Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9.     Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection.  If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 1(C) of this Court's Individual Practices in Civil Cases.

10.     A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party or high-profile individual.  Within two business days of receiving the request, the receiving Party subject to such obligation shall inform the third party or high-profile individual of the request and that the third party or high-profile individual may seek a protective order or other relief from this Court.  If neither the third party/high-profile individual nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

11.     Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential Discovery Material for any business, commercial, public relations, media, or competitive purpose.  Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action.  Nor does anything contained in this  Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure, in keeping with the order by this Court with respect to Rule 3.6.

12.     Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure.  Upon receiving such notice, the producing person will have the right to oppose compliance with the

subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

13.     All persons seeking to file redacted documents or documents under seal with the Court shall follow Rule 2(H) of this Court's Individual Practices in Civil Cases.  No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers.  All persons producing Confidential Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Confidential Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material.  Notwithstanding its designation, there is no presumption that Confidential Discovery Material will be filed with the Court under seal.  The Parties will use their best efforts to minimize such sealing.

14.     All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

15.     Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

16.     Each person who has access to Discovery Material that has been designated as Confidential or Attorneys' Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. For the avoidance of doubt, no Confidential Discovery Material may be publicized on the internet or used in communications that flow through the internet including but not limited to via text message, Snapchat, Instagram, TikTok, Reddit, YouTube, or any other online or social media platform.

17.     Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, party phone numbers, personal addresses other than those already made public for personal service, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential, including as addressed in Paragraph 2(e). In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

19.     This Protective Order shall survive the termination of the litigation.  Within 30 days

of the final disposition of this action, all Discovery Material designated as "Confidential" or "Attorneys' Eyes Only" and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

20.    All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court.  This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

_____          _____

Dated:                                                    Dated:

SO ORDERED

Dated:                                        _____
New York, New York                                 LEWIS J. LIMAN
                                                United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

BLAKE LIVELY,                                          :    Case No. 1:24-cv-10049-LJL
                                                       :    (consolidated with 1:25-cv-00449-LJL)
                        Plaintiff,                     :
                                                       :
            -v-                                        :
                                                       :    NON-DISCLOSURE AGREEMENT
WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY            :
HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE          :
LLC, MELISSA NATHAN, THE AGENCY GROUP PR LLC,         :
JENNIFER ABEL, JED WALLACE, and STREET                :
RELATIONS,                                             :
                                                       :
                        Defendants.                    :
                                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY            :
HEATH, IT ENDS WITH US MOVIE LLC, MELISSA             :
NATHAN, JENNIFER ABEL, and STEVE SAROWITZ,            :
                                                       :
                        Plaintiffs,                    :
                                                       :
            -v-                                        :
                                                       :
BLAKE LIVELY, RYAN REYNOLDS, LESLIE SLOANE,           :
VISION PR, INC., and THE NEW YORK TIMES COMPANY,      :
                                                       :
                        Defendants.                    :
                                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

LEWIS J. LIMAN, United States District Judge:

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential Discovery Material. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____                    _____