

Mitchell Schuster<br>
*Partner*<br>
Direct (212) 655-3549<br>
Fax (212) 655-3535<br>
ms@msf-law.com

February 24, 2025

Via ECF
Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

**Re:** *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL;
rel. *Wayfarer Studios LLC et al. v. Lively et al.*, No. 1:25-cv-00449-LJL

Dear Judge Liman:

As counsel for Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel (collectively, the "Wayfarer Parties"), and in compliance with the Order dated February 19, 2025 (Dkt. 85), we write to advise the Court that a dispute remains with respect to subpoenas issued by Blake Lively and Ryan Reynolds (the "Lively Parties") to cellular providers AT&T, Verizon, and T-Mobile (the "Subpoenas").

The parties met and conferred via telephone on February 20, 2025 concerning the scope of the Subpoenas. As a result of that meeting, the Lively Parties agreed to withdraw their requests in the Subpoenas for: (a) "All Documents"; (b) "data logs"; and (c) "cell site location information."

However, the Lively Parties refused to withdraw their request for call and text logs, regardless of whether those logs revealed when, how frequently, and with whom the Wayfarer Parties, their employees, and various non-party individuals communicated. For instance, if the cellular providers produce call and text logs of **all** phone numbers with whom a Wayfarer employee communicated, the Lively Parties will be able to use a "reverse phone lookup" function (available online and through private investigators) to identify every doctor, medical practitioner, lawyer, relative, friend, and any other person with whom that employee communicated, *regardless of whether such communication was related to the claims or defenses herein*.

Given the Lively Parties' representation to this Court that they merely want to ascertain "when and how the defendants and witnesses learned about Ms. Lively's harassment allegations" and "whether, when and with whom the Wayfarer Parties" discredited Ms. Lively through the press and social media (Dkt. 82, p. 3), we suggested that the Lively Parties limit the Subpoenas to seek call and text logs **between specific phone numbers** of parties and witnesses. Unfortunately, the Lively rejected that reasonable proposal and have stated their intention to serve "modified" subpoenas to the cellular providers that still improperly seek call and text logs revealing the phone

Hon. Lewis J. Liman  
Page 2  
February 24, 2025

numbers for **anyone** with whom the Wayfarer Parties, their employees, and various non-party individuals communicated.

The Lively Parties have not and cannot explain why they are entitled to ascertain: (a) the identity of each person with whom the Wayfarer Parties, their employees, and various non-party individuals have communicated; (b) how frequently they communicated; and (c) when they communicated. Courts routinely reject such overbroad discovery requests. *See Crescent City Remodeling, LLC v. CMR Const. & Roofing, LLC*, 643 F.Supp.3d 613, 619 (E.D. La. 2022) ("the request for every incoming or outgoing text message without regard to parties involved or subject matter content of the message is patently overbroad as it calls for information that has no conceivable relevance to any claim or defense in this matter. In short, as drafted, Plaintiff's subpoena is grossly overbroad, not proportionate to the needs of the case and amounts to an unabashed fishing expedition"); *Smith v. Pefanis*, No. 1:08-cv-1042, 2008 WL 11333335, at *3 (N.D. Ga. Oct. 30, 2008) (granting a motion to quash subpoena to AT&T for plaintiff's personal cell phone records, including call logs, text logs, and text messages, for an extended period of time because defendants "have not shown any reason that they should be granted unrestricted access to plaintiff's entire personal cell phone records during the time period specified in the subpoena."); *Sovereign Partners Ltd. P'ship v. Rest. Teams Int'l, Inc.*, No. 99-cv-0564, 1999 WL 993678, at *4 (S.D.N.Y. Nov. 2, 1999) ("The fact that the telephone records contain relevant information and are not privileged does not mean, however, that they are subject to unlimited discovery. The records undoubtedly include substantial data not pertinent to any aspect of this litigation, including information about personal phone calls ... This raises significant privacy concerns.").

Indeed, even in a criminal matter, which this case is not, a demand for "jail calls and logs" extended "beyond the bounds of relevance, admissibility and specificity" and was deemed a "fishing expedition" prohibited by the Federal Rules of Criminal Procedure. *United States v. Rivera*, No. 13-cr-149, 2015 WL 1540517, at *4 (E.D.N.Y. Apr. 7, 2015).

Accordingly, even if narrowed to call and text logs, the Subpoenas are still "overbroad on their face." *McGlade v. MMA Global Holdings, Corp.*, No. 22-cv-4637 (LJL), 2022 WL 17812662, at * (S.D.N.Y. Dec. 12, 2022) (noting that a Rule 45 subpoena must meet Rule 26(b)(1)'s "overriding relevance requirement" and may be quashed for failure to do so); *see In re Navios South Am. Logistics Inc.*, No. 24-mc-575 (LJL), 2025 WL 369717 (S.D.N.Y. Feb. 3, 2025) (quashing subpoenas that "sweep beyond seeking information useful for establishing liability and damages").

Hon. Lewis J. Liman
Page 3
February 24, 2025

We respectfully reiterate our request that the Court quash the Subpoenas.

Respectfully submitted,

*/s/ Mitchell Schuster*

MEISTER SEELIG & FEIN PLLC
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
kaf@msf-law.com

LINER FREEDMAN TAITELMAN + COOLEY, LLP
Bryan J. Freedman (*pro hac vice*)
Miles M. Cooley (*pro hac vice*)
Theresa M Troupson (*pro hac vice*)
Summer Benson (*pro hac vice*)
Jason Sunshine
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
mcooley@lftcllp.com
ttroupson@lftcllp.com
sbenson@lftcllp.com
jsunshine@lftcllp.com

cc: all counsel of record (via ECF)