# WILLKIE FARR & GALLAGHER LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

February 24, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

Re: *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL; *Wayfarer Studios LLC et al. v. Lively et al.*, No. 1:25-cv-00449-LJL

Dear Judge Liman:

We write to address the Wayfarer Parties' letter to the Court (Dkt. No. 93) in connection with the Court's February 19, 2025 Order taking under advisement the Wayfarer Parties' Letter Motion for Discovery (Dkt. No. 85). That Letter Motion concerns purported objections to third-party subpoenas (the "Subpoenas") served by Ms. Lively.

On February 20, 2025, the parties held a meet and confer, during which counsel were able to agree that removing any request for locational data from the Subpoenas, and providing express language to clarify (as had previously been communicated to the Wayfarer Parties) that the requests applied exclusively to **non-content information**, would allay certain of the Wayfarer Parties' concerns. Nonetheless, counsel for the Wayfarer Parties continued to maintain that the Subpoenas were overbroad. Counsel for Ms. Lively expressly requested that the Wayfarer Parties identify any modifications that would allay their concerns with the Subpoenas' putative overbreadth, but the only limitation that the Wayfarer Parties were able to identify was their demand that Ms. Lively limit her request to contacts with specific third-party telephone numbers identified in advance.[1] As Ms. Lively's counsel noted, such a limitation is inappropriate given the purpose of the specific discovery sought, and the purpose of discovery generally.

"The burden of persuasion in a motion to quash a subpoena is borne by the movant." *In re Subpoenas Served on Lloyds Banking Grp. PLC*, No. 21-MC-376 (JGK), 2021 WL 5708721, at *4 (S.D.N.Y. Nov. 26, 2021) (citing *John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185,

---

[1] To crystallize their position as to the Subpoenas' putative overbreadth, counsel for the Wayfarer Parties indicated that the Subpoenas, as issued, would problematically reveal whether Mr. Baldoni communicated with "five mistresses," or whether he had communications with "five psychiatrists." While a non-content subpoena would not reveal the identity of either "mistresses" or "psychiatrists," it *would* reveal vitally important information about the phone numbers defendants contacted, and when they did so, each of which is highly relevant to Ms. Lively's retaliation and defamation claims, as well as being entirely permissible in the course of ordinary discovery.

189 (S.D.N.Y. 2012)). The Wayfarer Parties have fallen far short of that burden, making instead only "general and conclusory objections" as to the overbreadth of the Subpoenas, initially going so far as to assert that no case law needed to be shared with counsel for the Lively/Reynolds Parties on this issue. "[C]ourts in this circuit have consistently held that it is insufficient for movants to make only 'general and conclusory objections' in the context of a motion to quash." *Lloyds Banking Grp. PLC*, 2021 WL 5708721, at *4; *see also In re Evenstar Master Fund SPC*, No. 20-mc-00418, 2021 WL 3829991, at *13-14 (S.D.N.Y. Aug. 27, 2021) (denying motion to quash where movant only provided conclusory objections that subpoenas were "overbroad").[2]

The Wayfarer Parties' most recent letter underscores their fundamental misunderstanding of the fact that discovery of carrier records is not only permissible, but routine in federal litigation. In the words of their own cited authority, "the only question before the Court is whether the disclosure of the telephone records is '***reasonably calculated to lead to the discovery of admissible evidence***.'" *Sovereign Partners Ltd. v. Rest. Teams Int'l, Inc.*, No. 99-cv-0564, 1999 WL 993678, at *3 (S.D.N.Y. Nov. 2, 1999) (emphasis added) (quoting Fed. R. Civ. P. 26(b)(1)). Here, the parties are at the outset of discovery. Ms. Lively seeks communications among the Wayfarer Parties and specified other individuals who have already appeared on communications tying them to the performance of publicity, crisis, or digital services for Baldoni or Wayfarer. Such information is reasonably calculated to lead to the discovery of admissible evidence regarding communications not only among the defendants, but among the larger network of individuals who perpetuated the "untraceable" campaign against Ms. Lively, and, as in *Sovereign Partners*, the "requested records fit easily within this broad definition of relevance." *Id.*[3]

The Wayfarer Parties' baseline objection to the production of carrier records—that they reveal communications with others—fails to acknowledge that there are no privacy or privilege interests in such information. *Rattner v. Netburn*, No. 88-cv-2080, 1989 WL 223059, at *61 (S.D.N.Y. June 20, 1989) (ordering the production of numerical information including time sheets, billing reports, and telephone logs concerning communications between defendants and their attorneys, because none of the sought documents revealed "the substance of any privileged communications"); *Braden v. Murphy*, No. 3:11cv884, 2012 WL 1069188, at *4-5 (D. Conn. Mar. 29, 2012) (seeking telephone records, such as telephone numbers, is not an invasion of privacy); *Booker v. Dominion Va. Power*, No. 3:09cv759, 2010 WL 1848474, at *9 (E.D.Va. May 7, 2010) ("An individual does not have a legitimate expectation of privacy in the telephone numbers that are dialed on his or her telephone[.]"). The Wayfarer Parties have not identified legal authority standing for the

---

[2] *See also Refco Grp. Ltd. v. Cantor Fitzgerald, L.P.*, No. 13-cv-1654, 2014 WL 5420225, at *7-8 (S.D.N.Y. Oct. 24, 2014) (denying motion to quash where movant alleged that subpoena was "overly broad," but movant "failed to identify any specific harm that they will suffer as a result of production"); *US Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, No. 12-cv-6811, 2012 WL 5395249, at *3 (S.D.N.Y. Nov. 5, 2012) (denying motions to quash where movants made "[g]eneral and conclusory objections" regarding relevance and overbreadth); *In re Vale S.A.*, No. 20-mc-199, 2021 WL 311236, at *4-5 (S.D.N.Y. Jan. 29, 2021) (denying motions to quash where movants made "general assertions regarding the breadth, burden, and relevance of the subpoenas" and failed to carry their "burden to establish that the subpoenas are overbroad").

[3] The remainder of Wayfarer Parties' (out of Circuit) cases address requests for **content** records—*see Crescent City Remodeling, LLC v. CMR Const. & Roofing, LLC*, 643 F.Supp.3d 613, 619 (E.D. La. 2022); *Smith v. Pefanis*, No. 1:08-cv-1042, 2008 WL 11333335, at *3 (N.D. Ga. Oct. 30, 2008)—or do not relate to carrier records at all.

proposition that subpoenas to telecommunications carriers must (or even should) be limited as they propose, and to the contrary, courts regularly permit such discovery. *See US Bank Nat. Ass'n*, 2012 WL 5395249, at *3-5 (denying motion to quash subpoena of phone records); *Oakley v. MSG Networks, Inc.*, No. 17-cv-6903, 2024 WL 5056111, at *3 (S.D.N.Y. Dec. 10, 2024) (same); *Brunckhorst v. Bischoff*, No. 21 CIV. 4362 (JPC), 2022 WL 18358990, at *2 (S.D.N.Y. Dec. 28, 2022) (granting motion to compel documents sufficient to show the date, time, duration, and incoming and outgoing phone numbers); *Syposs v. United States*, 181 F.R.D. 224, 229 (W.D.N.Y. 1998) (denying motion to quash regarding phone records); *Perry v. The Margolin & Weinreb Law Grp.*, No.14-3511, 2015 WL 4094352, at *4 (E.D.N.Y. July 7, 2015) (granting motion to compel phone records); *United States v. Ferguson*, No. 3:06-CR-137, 2008 WL 113663, at *1 (D. Conn. Jan. 2, 2008) (permitting discovery into phone records).[4] Moreover, the Wayfarer Parties continue to fail to address their lack of standing to assert such objections on behalf of the non-party individuals whose information is sought in the Subpoenas. *See* Dkt. No. 82 at 3 (citing *US Bank Nat. Ass'n*, 2012 WL 5395249, at *2; *Oakley*, 2024 WL 5056111, at *3).

In the interest of resolving the parties' dispute, and notwithstanding the appropriateness of the initial Subpoenas, last week Ms. Lively provided, through counsel, notices of intent to serve modified subpoenas to AT&T, Verizon, and T-Mobile US. The modified subpoenas remove the requests for locational data, further tailor the applicable time periods, and specify on their face that they seek only basic subscriber information, that is, "call logs and text logs reflecting non-content, numerical information regarding ingoing and outgoing calls or text messages" related to identified telephone numbers over specific time periods. Notwithstanding Defendants' continued objections to those modified subpoenas, Ms. Lively stands ready to issue them pending resolution of the present Motion by this Court. Those modified subpoenas, like the initial Subpoenas, are reasonably calculated to lead to the discovery of admissible evidence regarding such matters as the pattern of communications among the Wayfarer Parties and unknown associates during Ms. Lively's alleged harassment, as well as the inception, duration, and scope of the "untraceable" retaliatory campaign against her that followed.

Respectfully submitted,

s/ *Michael J. Gottlieb*

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender

---

[4] *Accord Kamalu v. Walmart Stores, Inc.,* No. 1:13-CV-00627-SAB, 2013 WL 4403903, at *2-3 (E.D. Cal. Aug. 15, 2013) (denying motion to quash where Defendant sought records of phone calls and texts messages rather than content, as the court found the cellphone records were "directly relevant" and "d[id] not implicate Plaintiff's privacy rights."); *Lureen v. Doctor's Assocs., Inc.*, No. 4:17-CV-04016-LLP, 2017 WL 4179995, at *5-6 (D.S.D. Sept. 20, 2017) (denying motion to quash subpoena for phone records for multiple years, noting that "[o]nly the phone numbers of the calls made and received and of texts sent and received as well as the length of phone calls will be disclosed[,]" which does not implicate serious privacy concerns); *Klingeman v. DeChristofaro*, No. 4:09-CV-528, 2010 WL 3522482, at *3 (N.D. Ohio Sept. 8, 2010) (denying motion to quash subpoena for phone records for a period of more than two years where the content was not privileged and was "reasonably calculated to lead to the discovery of admissible evidence") (citing Fed. R. Civ. P. 26(b)(1)).

Meryl C. Governski (*pro hac vice*)
Willkie Farr & Gallagher
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron E. Nathan
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (*pro hac vice*)
Stephanie A. Roeser (*pro hac vice*)
Manatt, Phelps & Phillips LLP
2049 Century Park East, Suite 1700
Los Angeles, California  90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

*Attorneys for Blake Lively and Ryan Reynolds*