

Mitchell Schuster
*Partner*
Direct (212) 655-3549
Fax (212) 655-3535
ms@msf-law.com

February 25, 2025

Via ECF
Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

    **Re:**    *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL;
           rel. *Wayfarer Studios LLC et al. v. Lively et al.*, No. 1:25-cv-00449-LJL

Dear Judge Liman:

As counsel for Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel (collectively, the "Wayfarer Parties"), we write in response to the letter dated February 20, 2025, from counsel for Blake Lively and Ryan Reynolds (the "Lively Parties") concerning their request for entry of a protective order to shield, from public view, documents and information exchanged herein ("Lively's Proposed Protective Order").

Given how actively the Lively Parties have publicized and litigated Ms. Lively's claims in the media, we are surprised to now learn how vehemently she wants to prevent the public from accessing material and relevant evidence. The Lively Parties provided *The New York Times* with Ms. Lively's otherwise confidential administrative complaint filed with the California Civil Rights Department and "thousands of pages of original documents, including [] text messages and emails[.]" *See* Megan Twohey, *'It Ends With Us' Actor and Director and His Publicists Sue The Times for Libel*, The New York Times (Jan. 1, 2025), https://www.nytimes.com/2025/01/01/us/justin-baldoni-blake-lively-it-ends-with-us-new-york-times-lawsuit.html. In its bombshell story "'We Can Bury Anyone': Inside a Hollywood Smear Machine," the *Times* regurgitated Ms. Lively's allegations of sexual harassment.

Ms. Lively's counsel and "spokesperson" routinely attempt to rehabilitate her tarnished image with bold statements to the press, such as characterizing the Wayfarer Parties' Complaint as "another chapter in the abuse playbook", *see, e.g.*, *Blake Lively on Justin Baldoni's Lawsuit: "Another Chapter in the Abuser's Handbook"*, The Hollywood Reporter, (Jan. 16, 2025), https://www.hollywoodreporter.com/business/business-news/blake-lively-lawsuit-justin-baldoni-abuser-handbook-1236111095/, or trying to convince the press that her Amended Complaint saves her meritless claims by referencing other purported victims (although she fails to name a single one). Blake Lively's Amended Complaint Claims Justin Baldoni Made Other Women 'Uncomfortable' on Set, Can Corroborate.

Hon. Lewis J. Liman  
Page 2  
February 25, 2025

Worst of all, in a *planned skit* on NBC's "Saturday Night Live: 50th Anniversary Special", which attracted almost 15 million viewers, Ms. Lively's husband **Ryan Reynolds stood up and made a joke about her claims** for sexual harassment and emotional distress. *See, e.g.,* [SNL 50: Ryan Reynolds shocks audience with Blake Lively and Justin Baldoni joke | The Independent](#)

In any event, given the Order directing the parties to submit a proposed protective order (Dkt. 57), the Wayfarer Parties have no objection to entry of the Court's Model Protective Order. However, Lively's Proposed Protective Order, or any protective order permitting "Attorney's Eyes Only" ("AEO") designation, is not warranted. Although the Lively Parties contend that the ability to designate information AEO is appropriate because the "litigation involves claims of sexual harassment in the workplace," (Dkt. 89, p. 3), Ms. Lively has already publicized the alleged details of the so-called "harassment" in her Amended Complaint spanning 138 pages and almost 500 paragraphs. (Dkt. 84). Therefore, Ms. Lively lacks a "good faith" belief that there is any information of such a "personally sensitive nature" that disclosure thereof to the parties "would unnecessarily violate [her] privacy rights…." *River Light V, L.P. v. Olem Shoe Corp.*, No. 1:20-cv-07088, 2021 WL 355061, at *6 (S.D.N.Y. Feb. 1, 2021).

Furthermore, any legitimate concern the Lively Parties have concerning the disclosure of "highly sensitive personal information" can be addressed under the procedures contained in the Court's Model Protective Order. According to paragraph 9 thereof, a party seeking additional limits on disclosure can "serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request," and "if the parties are not able to reach an agreement promptly upon the treatment of such material, they may raise the matter with the Court." *See Recoop LLC v. Outliers Inc.*, No. 24-cv-01810, 2024 WL 4467540, at *1 (S.D.N.Y. Oct. 10, 2024) (Liman, J.). The Lively Parties have not explained and cannot explain why such a mechanism is insufficient.

We respectfully request that the Court enter its Model Protective Order.

            Respectfully submitted,

            */s/ Mitchell Schuster*

            MEISTER SEELIG & FEIN PLLC  
            Mitchell Schuster  
            Kevin Fritz  
            125 Park Avenue, 7th Floor  
            New York, NY 10017  
            Tel: (212) 655-3500  
            Email: ms@msf-law.com  
                kaf@msf-law.com

Hon. Lewis J. Liman<br>
Page 3<br>
February 25, 2025

LINER FREEDMAN TAITELMAN + COOLEY, LLP<br>
Bryan J. Freedman (*pro hac vice*)<br>
Miles M. Cooley (*pro hac vice*)<br>
Theresa M Troupson (*pro hac vice*)<br>
Summer Benson (*pro hac vice*)<br>
Jason Sunshine<br>
1801 Century Park West, 5th Floor<br>
Los Angeles, CA 90067<br>
Tel: (310) 201-0005<br>
Email: bfreedman@lftcllp.com<br>
mcooley@lftcllp.com<br>
ttroupson@lftcllp.com<br>
sbenson@lftcllp.com<br>
jsunshine@lftcllp.com

cc: all counsel of record (via ECF)