# WILLKIE FARR & GALLAGHER LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

February 25, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

Re:   *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL ("Lively Case"); *Wayfarer Studios LLC et al. v. Lively et al.*, No. 1:25-cv-00449-LJL ("Wayfarer Case")

Dear Judge Liman,

The Moving Parties respectfully file this short reply to address three discrete points that the Wayfarer Parties never raised during the parties' conferrals and, instead, raised for the first time in their opposition to the Proposed PO. *See* ECF No. 96 ("Opposition").[1]

*First*, the Wayfarer Parties in their Opposition argue that an AEO designation is not necessary because of the following provision in the Model PO: "Any Party who requests additional limits on disclosure (such as 'attorneys' eyes only' in extraordinary circumstances) may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request." Model PO ¶ 9. But the Model PO defines "Party" or "Parties" as those who are "parties to this action," *id*. at 1, which does not reference third parties, or expressly apply its process to them. Even if it did, requiring third parties to confer with counsel for multiple parties in order to justify withholding highly personal and sensitive materials from the parties (but not their counsel) would place an unfair burden on them.

The Wayfarer Parties in their Opposition do not make any reference to third parties, including to address (or challenge) the "defined, specific, and serious injury" that will occur, and already has occurred, in the absence of providing sufficient protections. *Compare* Opposition, *with* Motion ISO Proposed PO at 2-3. The Opposition ignores that the Proposed PO would extend the right to designate materials as AEO to parties *and third parties alike*, some of whom already have faced online harassment, threats, and attempted intimidation. Motion ISO Proposed PO at 2-3. Counsel for the Wayfarer Parties recently publicly stated in an interview with TMZ that "Wayfarer, Justin, and their representatives have no ill will nor vendetta against anyone who speaks up in any circumstance and have first-hand experience with and empathy for the struggles of going against incredibly powerful individuals in pursuit of the

---

[1] This Reply adopts the terms as defined in the original Letter Motion. ECF No. 89 ("Motion ISO Proposed PO").

Hon. Lewis J. Liman
February 25, 2025

truth."[2]  The Moving Parties respectfully suggest that the Wayfarer Parties can actualize those professed goals—that is facilitate the "pursuit of the truth" and to empower third parties (including victims of sexual harassment) to stand up to "incredibly powerful individuals"—by providing third parties with a way to ensure that their personal and sensitive information is accessible only to attorneys who are bound by the rules and ethics of this Court and the legal profession.  Given the unrebutted "defined, specific, and serious injury" at stake, there is good cause to permit parties and third parties to rely on an AEO designation in the first instance, while allowing any party to object to any such designations, as both the Model and Proposed PO contemplate.

*Second*, it is difficult to square the process that Paragraph 9 in the Model PO contemplates with the Wayfarer Parties' position as to AEO designations.  Paragraph 9 of the Model PO requires that the Parties confer about the use of the AEO designation and, if they cannot reach agreement, seek relief from the Court.  The prospect of reaching future agreements on AEO designations would appear to be a *fait accompli* given the Wayfarer Parties' position that "Ms. Lively lacks a 'good faith' belief that there is any information" that would violate her privacy rights because she has chosen to file a lawsuit detailing her "so-called 'harassment.'"  Opposition at 2.  Ms. Lively attempted to resolve her concerns about an unsafe work environment privately and directly with Mr. Baldoni, Mr. Heath, Wayfarer, and others, and only filed a legal complaint after the defendants launched the retaliatory smear campaign detailed in Ms. Lively's Amended Complaint.  Leaving aside the callous disregard and disrespect for a woman advocating for the most basic workplace protections against sexual harassment, the Wayfarer Parties' position that a woman who speaks up against sexual harassment has somehow waived any and all privacy interests shows the futility of future conferral.  The inevitable byproduct of the Wayfarer Parties' position will be a massive waste of party and judicial resources as parties (and potentially third parties) seek to convince counsel for the Wayfarer Parties that women do not forfeit all of their privacy interests simply because they have spoken out, or intend to speak out, against the Wayfarer Parties.  The Wayfarer Parties' position—that women who raise sexual harassment claims waive any privacy rights—has no legal support, and indeed is directly contrary to the cases cited in the Motion ISO Proposed PO, and which the Opposition does not address or challenge.  *Compare* Opposition, *with* Motion ISO Proposed PO at 3 (citing cases).

*Third*, in an argument that appears to have been included with a different audience in mind, the Wayfarer Parties open their Opposition by bashing Ms. Lively and Mr. Reynolds for requesting the "entry of a protective order to shield, from public view, documents and information exchanged herein."  Opposition at 1.  Unsurprisingly, the Wayfarer Parties fail to mention that ***all parties (including the Wayfarer Parties) agree that the Court should enter a protective order to shield, from public view, certain documents and information exchanged in the course of discovery, as is standard and expected in even the most mundane civil litigation***.  The Model PO, which the *Wayfarer Parties* themselves have moved the Court to enter, is predicated on their admitting that "discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information . . . ." ECF No. 97 at 1.  Presumably, the

---

[2] *Blake Lively's Corroborating Witnesses Fear Retaliation If They Reveal Themselves*, TMZ (Feb. 20, 2025), http://tmz.com/2025/02/20/blake-lively-corroborating-witnesses-fear-retaliation-if-revealed/.

Hon. Lewis J. Liman
February 25, 2025

Wayfarer Parties have requested the entry of such an order because they intend to take advantage of its provisions.

Certain online content creators who frequently parrot the Wayfarer Parties' line—at least one of whom just so happens to be a client of Wayfarer's counsel, Bryan Freedman[3]—have used similar misleading accusations. *Compare* Opposition at 1, *with e.g.,* Perez Hilton, *Blake Lively Asks Judge For Stronger Protective Order To Keep Justin Baldoni Suit Details Private -- After Receiving 'Violent' Messages!,* https://perezhilton.com/blake-lively-asks-judge-stronger-protective-order-justin-baldoni-lawsuit/ ("***They are really trying to keep some evidence out of the public eye, it would seem!***"); Candace Owens, X (Feb. 21, 2025, 7:26 AM), https://x.com/RealCandaceO/status/1892928935073136836 **("**Late last night while we all slept, Blake Lively and Ryan Reynolds filed a protective order… ***The guilty-as-sin couple is asking a judge to 'protect' from the public, some 'confidential' documents and names gathered in the discovery process.***"). Predictably, media outlets picked up the same narrative. *See* Seamus Duff, *Blake Lively Seeking Stronger Protective Order Over 'Violent' Messages Amid Justin Baldoni Case*, Mirror (Feb. 21, 2025), https://www.mirror.co.uk/3am/celebrity-news/blake-lively-seeking-stronger-protective-34728238 **("***Her lawyer urged that some details of the case should be restricted to 'Attorney's Eyes Only' in order to limit the amount of shock headlines being generated by the case***.") (all emphases added). The travels of the mischaracterization embraced by the Opposition through this manufactured echo chamber, by itself, provides ample justification for a Protective Order that establishes adequate protections for third-party privacy interests.

\*\*\*

For the reasons articulated in the Motion ISO Proposed PO—which the Wayfarer Parties largely fail to address, and therefore concede—good cause exists to adopt the Proposed PO.

Respectfully Submitted,

s/ *Michael J. Gottlieb*

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
Meryl C. Governksi (*pro hac vice*)
Willkie Farr & Gallagher
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

---

[3] *See Bryan Freedman*, Variety 500, available at https://variety.com/exec/bryan-j-freedman/ (noting that "celebrity blogger Perez Hilton" is a client of Bryan Freedman's).

- 3 -

Hon. Lewis J. Liman
February 25, 2025

                                                            Aaron E. Nathan
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (*pro hac vice*)
Stephanie A. Roeser (*pro hac vice*)
Manatt, Phelps & Phillips LLP
2049 Century Park East, Suite 1700
Los Angeles, California  90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

*Attorneys for Blake Lively and Ryan Reynolds*

- 4 -