

21st Floor
1251 Avenue of the Americas
New York, NY 10020

**Katherine M. Bolger**
212.489.8230 tel
212.489.8340 fax

Katebolger@dwt.com

February 28, 2025

**VIA ECF**
The Honorable Lewis J. Liman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *Lively v. Wayfarer Studios LLC et al.,* Case No. 1:24-cv-10049-LJL
              *Wayfarer Studios LLC v. Lively*, Case No. 1:24-cv-10049-LJL

Dear Judge Liman:

      This firm represents Consolidated Defendant The New York Times Company ("*The Times*") in the above-referenced action. Pursuant to Local Rule 7.1(d) and Paragraph 1(C) of this Court's Individual Practices in Civil Cases, we write to respectfully request that the Court enter an order under Federal Rule of Civil Procedure 26(c) staying discovery as it relates to *The Times* until after the Court has decided *The Times*'s motion to dismiss, filed contemporaneously herewith. Notwithstanding this request, *The* Times will provide initial disclosures by March 14, 2025.

      At a hearing on February 3, 2025, the court set a deadline of August 14, 2025 for the end of all fact discovery. *The Times* had not been served with the First Amended Complaint ("FAC") before that hearing and was not in attendance. At the time, the Court remarked "[a]s to the *New York Times*, it's not unusual for parties to be added in. I would hear from the *New York Times* once they have been served and make an appearance. It may result in the case management plan being changed, but at least the parties can get going." ECF No. 63 (Feb. 3, 2025 Tr.) at 11:11-15. In this letter, *The Times* seeks to take the Court up on its offer to ask to alter the case management plan. *The Times* has not previously requested a stay of discovery. Defendants/Consolidated Plaintiffs do not consent to *The Times*'s request; all other parties consent.

      There is good cause for the Court to grant *The Times* requested motion to stay. "Upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Federal Rule of Civil Procedure 26(c)." *Oliver v. City of New York*, 540 F. Supp. 3d 434, 435 (S.D.N.Y. 2021) (internal quotes omitted). "In considering a motion for a stay of discovery pending a dispositive motion, a court should consider the breadth of discovery sought and the burden of responding to it, as well as the strength of the underlying motion," and any prejudice that would result from the stay. *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, , 2009 WL

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.
4912-6091-4206v.4 0034735-000142

Hon. Lewis L. Liman
February 28, 2025
Page 2

2777076, at *1 (S.D.N.Y. Sept. 1, 2009). Here, each of these factors supports granting *The Times*'s request to stay discovery.

    *First*, a stay of discovery is warranted given the clear First Amendment implications of this defamation action. New York courts have repeatedly recognized that "a defamation suit may be as chilling to the exercise of First Amendment freedoms as fear of the outcome of the lawsuit itself," and that "courts should, where possible, resolve defamation actions at the pleading stage'" *Adelson v. Harris*, 973 F. Supp. 2d 467, 481 (S.D.N.Y. 2013) (internal quotes omitted), *aff'd*, 876 F.3d 413 (2d Cir. 2017). For this reason, court in this district frequently find there is good cause to stay discovery in defamation matters. *See*, *e.g.,* various orders of J. Nathan, *BYD Company Ltd. v. VICE Media LLC*, No. 20-cv-03281-AJN (S.D.N.Y. August 14, 2020) ECF No. 13 (in defamation action, staying discovery pending briefing on motion to dismiss) and ECF No. 35 (December 3, 2020) (after oral argument, staying discovery until after decision on motion to dismiss); Order of J. Furman, *Ratermann v. Pierre Fabre USA, Inc., et al.*, No. 1:22-cv-00325-JMF, (S.D.N.Y. May 13, 2022), ECF No. 65 (in N.Y. Civ. Rights Law § 51 action, staying discovery after oral request during status conference); Order of J. Furman, *Mirafuentas v. Forbes Media LLC,* No. 1:14-cv-09921-JMF (S.D.N.Y. February 25, 2015), ECF No. 21, (in defamation action, adjourning initial conference, and thus discovery, pending motion to dismiss). In fact, just recently, in *Flynn v. Weissmann*, the court granted a stay in a defamation action because defendants made a "strong showing" of, among other things, the burden they would face if discovery were to proceed. Order of J. Broderick, No. 24-cv-02409-VSB (S.D.N.Y. June 6, 2024), ECF No. 51. The First Amendment issues in this case favor a stay here, too.

    *Second*, a stay of discovery is appropriate where, as here, the motion "appear[s] to have substantial grounds." *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (alteration in original) (internal quotes omitted); *see Rivera v. Heyman,* 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) (granting stay where motion to dismiss was not "merely a delay tactic" and had more than a "minimal probability of success"). *The Times*'s motion, which offers numerous independent grounds for dismissing Plaintiffs' FAC, is meritorious.

- First, as to Plaintiffs' defamation claim, because the Article reports Blake Lively's California Civil Rights Department complaint against Justin Baldoni and others, it is absolutely protected under New York's fair report privilege. *See* N.Y. Civ. Rights Law § 74. ECF No. 106 at 10-19.

- The Article is additionally nonactionable because the only challenged statement is nonactionable opinion and because the FAC does not plausibly allege, as it must, that *The Times* acted with actual malice. *Id.* at 19-22.

- The FAC should also be dismissed because it fails to adequately differentiate between the purportedly tortious conduct of each individual defendant—a clear example of group pleading, impermissible under Rule 8 of the Federal Rules of Civil Procedure. *Id.* at 8-9.

- Next, *The Times*'s motion to dismiss the false light claim is also likely to succeed because New York law applies to Plaintiffs' claims, *id.* at 6-8, and New York law does not recognize the false light tort. *Id.* at 22-23.

Hon. Lewis L. Liman
February 28, 2025
Page 3

- Finally, *The Times*'s motion will also likely result in the dismissal of Plaintiffs' breach of implied-in-fact contract and promissory fraud claims. The contract claim fails because Plaintiffs have not plausibly alleged a breach, which is a foundational element of the claim, and the promissory fraud claim fails because it is premised on the same set of facts as, and is therefore redundant of, the contract claim. *Id*. at 23-25.

In short, the strength of the pending motion favors a stay of discovery.

**Third**, discovery in this case is likely to be far-reaching, expensive, and wrought with complications. *See Freeze Right Refrig. & Air Cond. Servs., Inc. v. City of N.Y.,* 101 A.D.2d 175, 181 (1st Dep't 1984) ("[C]ourts should not be oblivious to the crippling financial burden which the defense of libel claims entails, even for major news organizations, and the consequent chilling effect this burden can have on the dissemination of news."). Several of the parties in this action have already sought the issuance of at least nineteen subpoenas seeking, for example, call logs and documents reflecting the communications between various parties and non-parties, and have served at least ten other document requests. To the extent Plaintiffs or other parties seek the same kind of extensive discovery from *The Times*, it would not only require *The Times* to undertake the financial burden of document collection and production, but also require *The Times* to litigate complicated issues related to confidential sources and the application of New York's shield law. Particularly given the strength of the motion to dismiss, this burden is unnecessary.

**Fourth**, a stay of discovery would not impose undue prejudice on the parties. A "delay in discovery without more does not amount to undue prejudice." *Alapaha View Ltd. v. Prodigy Network, LLC*, 2021 WL 1893316, at *3 (S.D.N.Y. May 10, 2021) ("'[A] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.'") (citing *Spinelli v. NFL*, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015). This is particularly true where, as here, other parties to this action are already exchanging documents and can proceed without burdening *The Times*, which was served with the FAC just this month. Indeed, despite other parties having sought extensions their Rule 12 motions, *The Times* has responded within the 21 days provided for in the Federal Rules. *See* ECF Nos. 105-107. Moreover, the requested stay is for a "short period of time," *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002), since *The Times*'s motion will be fully briefed and ready for a decision by March 24, 2025.

Based on the foregoing, *The Times* respectfully requests that the Court issue an order staying all discovery of *The Times* until the resolution of its motion to dismiss. Notwithstanding the foregoing, *The Times* agrees to provide initial disclosures on March 15, 2025. In the alternative, if this Court denies the motion to stay, *The Times* requests the Court extend the discovery schedule by one month because *The Times* entered the litigation later than the other parties.

Respectfully submitted,
*/s/ Katherine M. Bolger*