

Mitchell Schuster
*Partner*
Direct (212) 655-3549
Fax (212) 655-3535
ms@msf-law.com

March 3, 2025

Via ECF
Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

**Re:** *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL;
rel. *Wayfarer Studios LLC et al. v. Lively et al.*, No. 1:25-cv-00449-LJL

Dear Judge Liman:

As counsel for Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel (collectively, the "Wayfarer Parties"), we object to The New York Times Company's ("*The Times*") request for an order pursuant to Federal Rule of Civil Procedure 26(c) staying discovery as to *The Times* pending a determination of its motion to dismiss the Wayfarer Parties' Amended Complaint. (Dkt. 109).

Pursuant to Rule 26(c), the Court has discretion to issue a protective order on matters relating to discovery upon a showing of "good cause." *See* Fed. R. Civ. P. 26(c)(1); *Hong Leone Fin. Ltd. v. Pinnacle Performance Ltd.*, F.R.D. 69, 72 (S.D.N.Y. 2013). "The burden of showing good cause for the issuance of a protective order falls on the party seeking the order." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018). "To establish good cause under Rule 26(c), courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Id.* (internal quotation omitted).

"[D]iscovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Moran v. Flaherty*, No. 92-cv-3200, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992); *see also Usov v. Lazar*, No. 13-cv-818, 2013 WL 3199652, at *9 (S.D.N.Y. June 25, 2013) (rejecting contention that "discovery must automatically be stayed pending a motion to dismiss").

"[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." *Republic of Turkey*, 316 F. Supp. 3d at 677. "Courts should consider multiple factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Id.* (quoting *Country Club of Fairfield, Inc. v. N.H. Ins. Co.*, No. 13-cv-00509, 2014 WL 3895923, at *3 (D. Conn. Aug. 8, 2014)). None of these factors weigh in favor of staying discovery as to *The Times*.

***First***, *The Times* has not demonstrated that the discovery sought from it will be voluminous or burdensome. *The Times*' allegation that "discovery in this case is likely to be far-reaching, expensive, and wrought with complications" is based upon pure speculation. (Dkt. 109, p. 3). Indeed, **no discovery demands have even been served upon *The Times*** by any party to this action. Furthermore, to the extent that *The Times* is concerned about requests for "call logs" and other "extensive discovery" (*id.*), we note that such "overly intrusive" discovery was sought by *the Lively Parties* (not the Wayfarer Parties), and this Court, in granting the Wayfarer Parties' recent motion to quash certain subpoenas, advised the Lively Parties on how to appropriately narrow their discovery requests. (Dkt. 102). In any event, given that Ms. Lively alleges that the purported negative media campaign did not begin until approximately August 2024 (Dkt. 84, ¶¶ 23 – 26, 28), coupled with the fact that *The Times*' article concerning the alleged "smear campaign" was published in December 2024 (Dkt. 50, ¶ 261), the relevant period for any discovery sought from *The Times* is extremely narrow, thereby undermining any claim of burdensomeness. *The Times*' argument that it should not be compelled to litigate "complicated issues" relating to discovery is unavailing. (Dkt. 109, p. 3). If that was the standard, then virtually no discovery would proceed in any case with a pending a motion to dismiss. *See Brawer v. Egan-Jones Ratings Co.*, 348 F.R.D. 182, 186 (S.D.N.Y. 2025) (denying stay of discovery pending motion to dismiss because "some burden exists in all discovery…."). Moreover, even if the Wayfarer Parties' claims against *The Times* are dismissed, which is unlikely, *The Times* will remain a critical percipient witness as it relates to the other claims herein and will, accordingly, remain subject to similar discovery obligations as a non-party. *See id.* (denying stay of discovery because "it is inevitable that some discovery may be obtained from [defendant] regardless of the outcome of her motion" to dismiss); *Bennett v. Cuomo*, No. 22-cv-07846, 2023 WL 2021560, at *4 (S.D.N.Y. Feb. 15, 2023) (denying stay of discovery because burdens thereof "are unlikely to change substantially regardless of how the motions to dismiss are decided" given that movants "will remain key witnesses even if the claims against them are dismissed").

In sum, *The Times'* conclusory allegations are insufficient to establish that it will be unduly burdened by discovery. *See Mirra v. Jordan*, No. 15-cv-4100, 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) (denying stay of discovery pending motion to dismiss where defendant "did not explain why" plaintiff's discovery demands are "voluminous and burdensome" and did "not identify any burden associated with the production").

***Second***, *The Times* has failed to establish that the Wayfarer Parties will not be unfairly prejudiced by their request for a stay. While *The Times* contends that the requested stay is for a "short period of time" (Dkt. 109, p. 3), *The Times* cannot predict when the Court will decide the motion to dismiss. Most likely, a stay of discovery as to *The Times* will significantly disrupt the deadlines set forth in the Case Management Plan and Scheduling Order. (Dkt. 58). As it stands, fact discovery is scheduled to be completed by August 15, 2025 (less than six months from the date of this letter). Even assuming the Wayfarer Parties are not unfairly prejudiced by a stay, that alone is insufficient to stay discovery given the other factors weighing against a stay. *See Brawer*, 348 F.R.D. at 186; *Bennett*, 2023 WL 2021560, at *5.

***Third***, *The Times* has not made a "strong showing" that the Wayfarer Parties' claims are unmeritorious. As part of the merits analysis, "courts have also considered whether a pending motion to dismiss will dispose of the whole action." *Bennett*, 2023 WL 2021560, at *3; *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, No. 22-cv-377, 2022 WL 1639485, at *2

(S.D.N.Y. May 24, 2022) ("On the first factor of the merits of Plaintiff's claims, courts tend to consider whether the resolution of the pending motion to dismiss may dispose of the entire action.") (internal quotation omitted). Here, other than *The Times*, there are a dozen parties who will remain parties, and the Wayfarer Parties do not presently intend to move to dismiss Ms. Lively's claims. Therefore, *The Times'* motion to dismiss will not dispose of the whole action.

Additionally, "when an assessment of the merits of a plaintiff's claims involves a fact-intensive analysis such as choice of law assessment, courts have declined to conclude that a plaintiff's claims are unmeritorious." *Bennett*, 2023 WL 2021560, at *2. Ms. Lively's Amended Complaint contends that California law applies to her claims against the Wayfarer Parties. (Dkt. 84, ¶ 68, 375 – 415). The Wayfarer Parties' claims (including against *The Times*) are asserted under California law. (Dkt. 50, p. 211 n.27). In its motion to dismiss, *The Times* contends that New York law applies to the claims against it and concedes that "the laws of California and New York conflict" for some of the claims. (Dkt. 106, p. 6). Given the choice of law analysis the Court must undertake to decide the dismissal motion, the Court should decline to stay discovery for this reason alone. *See Morales v. Next Stop 2006, Inc.*, No. 22-cv-03311, 2022 WL 15523370, at *2 (S.D.N.Y. Oct. 27, 2022) (denying stay of discovery because Court could not "conclude that Defendants have substantial arguments for dismissal" given "Defendants' motions to dismiss invoke choice of law principles); *Mirra v. Jordan*, 2016 WL 889559, at *2 (denying stay of discovery where parties disputed which state law governed defamation claim).

Even if New York law were determined to apply to the defamation claim, the Court cannot determine, as a matter of law, that the State's fair report privilege applies because "it is for the jury to decide 'if the context in which the statement[s] [are] made makes it impossible for the ordinary viewer or reader to determine whether the publication was reporting on a judicial proceeding." *Sheindlin v. Brady*, 597 F.Supp.3d 607, 638 (S.D.N.Y. 2022) (Liman, J.) (quoting *Kinsey v. New York Times Co.*, 991 F.3d 171, 179 (2d Cir. 2021). Although *The Times* argues that its Article merely "reports Blake Lively's California Civil Rights Department complaint against Justin Baldoni and others" and thus purportedly "is absolutely protected under New York's fair report privilege" (Dkt. 109, p. 2), *The Times'* dismissal motion acknowledges that the Article went beyond reporting: "Here, the Article lays out in great detail the factual basis for ***its conclusion*** that Plaintiffs engaged in a 'smear campaign' against Lively." (Dkt. 106, p. 19) (emphasis added). The Amended Complaint thoroughly alleges why the Article is not a substantially accurate summary of the administrative complaint. (Dkt. 50, ¶¶ 261 – 299). *See Karedes v. Ackerley Group, Inc.*, 423 F.3d 107, 119 - 121 (2d Cir. 2005) (vacating order granting motion to dismiss where reasonable jury could find that news article suggested more serious conduct than actually suggested in official proceeding and that article was not substantially accurate). For good measure, the Wayfarer Parties intend to seek leave to amend their pleadings to remedy any defects therein that might otherwise support *The Times'* motion to dismiss (such as any impermissible group pleading), which weighs against a stay of discovery. *See Moran v. Flaherty*, 1992 WL 276913, at *2; *In re Chase Manhattan Corp. Sec. Litig.*, No. 90-cv-6092, 1991 WL 79432, at* 1 (S.D.N.Y. May 7, 1991).

We respectfully request that the Court deny *The Times'* motion for a stay of discovery. At a minimum, document discovery with The Times should proceed, and the Court should stay that party's deposition only pending its motion to dismiss. *See In re WRT Energy Sec. Litig.*, No. 96-cv-3610, 1996 WL 580930, at * 1 (S.D.N.Y. Oct. 9, 1996).

Respectfully submitted,

/s/ Mitchell Schuster

MEISTER SEELIG & FEIN PLLC
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
      kaf@msf-law.com


LINER FREEDMAN TAITELMAN + COOLEY, LLP
Bryan J. Freedman (*pro hac vice*)
Miles M. Cooley (*pro hac vice*)
Theresa M Troupson (*pro hac vice*)
Summer Benson (*pro hac vice*)
Jason Sunshine
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
      mcooley@lftcllp.com
      ttroupson@lftcllp.com
      sbenson@lftcllp.com
      jsunshine@lftcllp.com

cc: all counsel of record (via ECF)