CONFIDENTIAL

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>        Plaintiff,<br><br>v.<br><br>WAYFARER STUDIOS LLC, et al,<br><br>        Defendants. | No. 24-cv-10049-LJL (lead case) |
| JENNIFER ABEL,<br><br>        Third-Party Plaintiff,<br><br>v.<br><br>JONESWORKS LLC,<br><br>        Third-Party Defendant. | |
| WAYFARER STUDIOS LLC, et al.,<br><br>        Consolidated Plaintiffs,<br><br>v.<br><br>BLAKE LIVELY, et al.<br><br>        Consolidated Defendants. | No. 25-cv-449 (LJL) (member case) |

**PLAINTIFF/CONSOLIDATED DEFENDANT BLAKE LIVELY'S RESPONSES AND OBJECTIONS TO DEFENDANTS/CONSOLIDATED PLAINTIFFS' <u>SECOND SET OF REQUESTS FOR PRODUCTION</u>**

Plaintiff/Consolidated Defendant Blake Lively ("Ms. Lively") hereby responds and objects to the Second Set of Requests for Production (the "Requests") propounded by Defendants/Consolidated Plaintiffs Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, It Ends With Us Movie LLC, Melissa Nathan, Jennifer Abel, and Steve Sarowitz

**CONFIDENTIAL**

(collectively, the "Consolidated Plaintiffs") and Defendant The Agency Group PR LLC ("TAG," and together with the Consolidated Plaintiffs, the "Propounding Parties") as follows:

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Ms. Lively objects to each of the "Definitions" and "Instructions" to the extent that they seek to impose duties or obligations that exceed and/or are inconsistent with those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules for the United States District Court for the Southern District of New York, and/or any other order of the Court (the "Applicable Rules").

2. Ms. Lively objects to the definitions and instructions to the extent they assume facts not in evidence or misstate facts.

3. Ms. Lively objects to the definitions of "You" and "Your" and "Lively" and "Responding Party" on the grounds that they are vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definitions include not only Ms. Lively but "*anyone else* acting or *purporting to act* on her behalf and *anyone* on whose behalf she is or was acting," such as individuals, regardless of their relationship to the allegations, claims, or defenses in the Action,[1] (i) outside of an employment or agency relationship with Ms. Lively; (ii) not acting at her direction or on her behalf; (iii) not acting with her assent; (iv) not subject to her control; and/or (v) without ability to bind her by their actions. Ms. Lively further objects to the definitions to the extent they constitute an unnecessary and unwarranted invasion of privacy to third parties. In responding to the Requests, Ms. Lively will construe the terms "You," "Your," "Lively," and "Responding Party" to mean Ms. Lively.

---

[1] As detailed in Objection No. 4, Ms. Lively will construe "Action" to mean the actions pending in the Southern District of New York captioned *Lively v. Wayfarer Studios LLC, et al.*, Case No. 24-cv-10049 (LJL) and *Wayfarer Studios LLC, et al. v. Lively, et al.*, Case No. 25-cv-449 (LJL).

-2-

**CONFIDENTIAL**

4. Ms. Lively objects to the definition of "Action" on the grounds that it is overbroad, seeks documents that are not relevant to the allegations, claims, or defenses in the Complaint or the Consolidated Complaint, nor reasonably calculated to lead to the discovery of admissible information in that the definition includes *Jonesworks v. Abel et al.*, Case No. 1:25-cv-00779-LJL, a litigation to which Ms. Lively is not a party. "Relevant," as used herein, shall have the same meaning as ascribed to it by Fed. R. Evid. 401 of the Applicable Rules. For the avoidance of doubt, Ms. Lively objects to each Request that may be construed as calling for the production of documents or disclosure of information that are solely relevant to allegations and claims relating to the action captioned as *Jonesworks v. Abel et al.*, Case No. 1:25-cv-00779-LJL, which Ms. Lively will not produce. In responding to the Requests, Ms. Lively will construe the term "Action" to mean the actions captioned as *Lively v. Wayfarer Studios LLC, et al.*, Case No. 24-cv-10049 (LJL) and *Wayfarer Studios LLC, et al. v. Lively, et al.*, Case No. 25-cv-449 (LJL).

5. Ms. Lively objects to the definition of "thing" as unduly burdensome and overbroad, and on the grounds that it seeks to impose obligations on Lively different from or greater than those imposed by the Applicable Rules. Ms. Lively will respond to the Requests in accordance with the Applicable Rules.

6. Ms. Lively objects to the definition of "referring to," "relating to," and "concerning" on the grounds that it seeks to impose obligations on Lively different from or greater than those imposed by the Applicable Rules. Ms. Lively further objects to the definition of "referring to" and "concerning" because it is not used in the underlying Requests. Ms. Lively will respond to the Requests in accordance with the Applicable Rules.

7. Ms. Lively objects to the definition of "acts" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery

-3-

of admissible information because it calls for "acts" of an entity to include the acts of "directors, officers, owners, members, employees, consultants, agents, attorneys or any entity acting on the entity's behalf," regardless of their relationship to the allegations, claims, or defenses in the Action.

8.  Ms. Lively objects to Instruction No. 78 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information because it calls for "any natural person" to include unidentified agents, employees, representatives, attorneys, superiors, and principals thereof, regardless of their relationship to the allegations, claims, or defenses in the Action.

9.  Ms. Lively objects to Instruction No. 79 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information because it calls for "any entity" to include unidentified officers, directors, employees, partners, corporate parents, subsidiaries, affiliates, agents, representatives, attorneys, principals thereof, regardless of their relationship to the allegations, claims, or defenses in the Action.

10. Ms. Lively objects to the time period set forth in Instruction No. 82 because it is not limited to a reasonable time period in light of the Action and the Propounding Parties' specific allegations as to Ms. Lively. Ms. Lively is willing to meet and confer with the Propounding Parties concerning the appropriate date range, but will otherwise construe the relevant time period to be December 31, 2022 through December 31, 2024. Ms. Lively does not waive, and expressly reserves the right to object to, any argument that the appropriate date range for document requests to the Propounding Parties should not extend beyond the aforementioned date range.

11. Ms. Lively objects to Instruction No. 83 as overly broad and unduly burdensome to the extent it requires Lively to segregate each document according to the numbered request to

CONFIDENTIAL

which it is responsive, and to the extent that it differs from, adds to, or is otherwise inconsistent with the requirements of the Applicable Rules.

12. Ms. Lively objects to Instruction No. 84, which requests information about documents that have been lost, discarded, transferred or destroyed, to the extent it seeks to impose obligations on Ms. Lively different from or greater than those imposed by the Applicable Rules. Ms. Lively will respond to the Requests in accordance with the Applicable Rules.

13. Ms. Lively objects to Instruction No. 85 as overly broad and unduly burdensome to the extent it purports to require Ms. Lively to produce a privilege log or redaction log containing information that differs from, adds to, or is otherwise inconsistent with the requirements of the Applicable Rules. When asserting any privilege or protection over a document responsive to the Requests, Ms. Lively will provide only the information required by the Applicable Rules.

14. Ms. Lively objects to each Request that seeks "all," "any," "each," or "every" document on a respective topic because it would require Ms. Lively to search each and every document in Ms. Lively's possession, custody, or control. Searching for "all" responsive documents concerning any topic imposes an undue burden and expense on Lively and is not proportional to the needs of the Action. Ms. Lively will not withhold any specific documents based on this objection; however, Ms. Lively will only conduct reasonable, good-faith, and proportional searches for responsive documents, as further detailed in the specific objections and responses below.

15. Ms. Lively expressly reserves the right to redact information that is not relevant to the Action (as defined by the Applicable Rules) from documents responsive to the Requests, as applicable.

**CONFIDENTIAL**

16. Ms. Lively objects to the Requests that call for the disclosure of information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the spousal privilege, physician-patient privilege, psychotherapist-patient privilege, or any other privilege, protection, or immunity applicable under the governing law. Ms. Lively does not intend to disclose such protected information. To the extent that any Requests may be construed as calling for the production of documents or disclosure of information that is subject to any such claim of privilege, Ms. Lively hereby asserts that doctrine or privilege and objects on that basis. Any accidental or inadvertent disclosure of privileged information or material is not intended to be and shall not operate as a waiver of any claim of privilege, protection, or immunity, whether in whole or in part, nor is any such inadvertent disclosure intended to be, nor shall it constitute, a waiver of the right to object to any use of such information contained therein.

17. Ms. Lively objects to the Requests that seek information from sources not within Ms. Lively's possession, custody, and control or is locatable after a reasonable and diligent search, and to the extent they seek to require Ms. Lively to search for, review, or produce inaccessible information or materials. Ms. Lively further objects to the Requests that seek to impose any duty to provide information more readily available from sources other than Ms. Lively, including, without limitation, information that is in the possession of the Wayfarer Parties.

18. Where Ms. Lively has agreed to conduct a reasonable search for and produce documents, such search and production will be governed by, and subject to, the Applicable Rules, as well as any prior and subsequent relevant stipulations of the parties, including, but not limited to, the Joint Stipulation on the Protocol for Discovery of Electronically-Stored Information and Hard Copy Documents, dated May 13, 2025 (ECF No. 212; "ESI Protocol"), and the parties' agreement as to a proper search and review protocol. To the extent any of the Requests demand a

CONFIDENTIAL

production that is in conflict with the ESI Protocol, the ESI Protocol, including but not limited to any accompanying provision implicating Fed. R. Evid. 502(d), will control.

19. Where Ms. Lively has agreed to produce documents and communications, to the extent any exist, Ms. Lively will produce documents and communications as they are kept in the usual course of business or organized, and will produce them in a reasonable form, at a reasonable time, and at a reasonable location to be mutually agreed by the parties, and objects to any contrary instruction.

20. Where Ms. Lively has agreed to produce documents and communications, to the extent any exist, such production will be limited to documents and communications that are responsive to the underlying Request and relevant to the allegations, claims, or defense in the Action.

21. Any response stating that responsive documents will be produced is not a representation that such documents exist or are in Ms. Lively's possession, custody or control. To the contrary, any such response is subject to confirmation by Ms. Lively that such documents exist and are in Ms. Lively's possession, custody and control.

22. Ms. Lively makes these responses based on facts reasonably known at the time of answering these Requests. The Action is in the early stages of discovery. Ms. Lively has not completed investigating the facts relating to the Action and further discovery, investigation, research, and analysis may supply additional facts, which may alter the contentions and disclosures herein. Ms. Lively reserves the right to later use and present at trial any evidence, facts, and/or testimony developed or analyzed at a later date that is responsive to the Requests but not presently known to Ms. Lively. Ms. Lively assumes no obligation to amend and/or supplement her responses beyond that which is required by law.

**CONFIDENTIAL**

## SPECIFIC RESPONSES AND OBJECTIONS

The responses set forth below are based upon information presently available to Ms. Lively, and Ms. Lively expressly reserves the right to revise, correct, add to, clarify, amend, or supplement her responses as necessary. Each of the foregoing objections to definitions and instructions is incorporated in and shall be deemed continuing throughout the responses to specific Requests set forth below, even when not further referred to in any particular response. Thus, the absence of a reference to an objection to the definitions and instructions should not be construed as a waiver of the objections to definitions and instructions as to a specific Request.

**REQUEST NO. 134:**

Names and addresses of those physicians and health and mental care providers who have treated and/or examined You as a result of the "mental pain and anguish and sever and serious emotional distress…" alleged by You.

**RESPONSE TO REQUEST NO. 134:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, physician-patient privilege, psychotherapist-patient privilege, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient,

less burdensome, or less expensive. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined terms, "treated" and "examined," and undefined phrase, "health and mental care providers." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1 and 56.

Subject to and without waiving the foregoing objections, Ms. Lively is willing to meet and confer regarding the meaning of this Request and the appropriate scope of any document production in response to this Request.

**REQUEST NO. 135:**

Copies of any and all reports and/or treatment notes of those physicians and health and mental care providers who have treated and/or examined You as a result of the "mental pain and anguish and sever and serious emotional distress…" alleged by You.

**RESPONSE TO REQUEST NO. 135:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, physician-patient privilege, psychotherapist-patient privilege, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to

this Request as vague and ambiguous, including its use of the undefined terms, "reports," "treated" and "examined," and undefined phrases, "treatment notes" and "health and mental care providers." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1 and 56.

Subject to and without waiving the foregoing objections, Ms. Lively is willing to meet and confer regarding the meaning of this Request and the appropriate scope of any document production in response to this Request.

**REQUEST NO. 136:**

Duly executed and notarized, completed HIPAA authorizations permitting the undersigned or their representative to inspect and obtain photostatic copies of the records, office charts, nurses' notes, diagnostic studies, and actual films of x-rays, MRI's and CAT scans, and copies of any other records maintained by those physicians and health and mental care facilities referred to in paragraphs 134 and 135 above.

**RESPONSE TO REQUEST NO. 136:**

Ms. Lively objects to this Request on the grounds that it is overly broad and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined terms and phrases "photostatic," "records," "office charts," "nurses' notes," "diagnostic studies," "actual films," "x-rays," "MRI's," "CAT scans," and "health and mental care facilities." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 56, and 135.

Subject to and without waiving the foregoing objections, Ms. Lively is willing to meet and confer regarding the meaning of this Request and the appropriate scope of any document production in response to this Request.

**CONFIDENTIAL**

Dated: May 22, 2025

/s/ Esra A. Hudson
MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson
Stephanie A. Roeser
2049 Century Park East, Suite 1700
Los Angeles, California 90067
(310) 312-4000
E-mail: ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
Manatt, Phelps & Phillips, LLP
7 Times Sq
New York, NY 10036
(212) 790-4500
E-mail: mbruno@manatt.com

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
Meryl Governski
1875 K Street NW
Washington, DC 20006
(202) 303-1000
E-mail: mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron Nathan
Willkie Farr & Gallagher LLP
787 7th Avenue New York, NY 10019
(212) 728-8000
E-mail: anathan@willkie.com

*Attorneys for Blake Lively and Ryan Reynolds*

**CONFIDENTIAL**

## CERTIFICATE OF SERVICE

I certify that on May 22, 2025, the foregoing was served on all counsel of record via email.

By: /s/ Esra A. Hudson<br>Esra A. Hudson