**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

BLAKE LIVELY,

                 Plaintiff,

     v.

WAYFARER STUDIOS LLC, a Delaware Limited
Liability Company, JUSTIN BALDONI, an
individual, JAMEY HEATH, an individual,
STEVE SAROWITZ, an individual, IT ENDS
WITH US MOVIE LLC, a California Limited
Liability Company, MELISSA NATHAN, an
individual, THE AGENCY GROUP PR LLC, a
Delaware Limited Liability Company, JENNIFER
ABEL, an individual, JED WALLACE, an
individual, and STREET RELATIONS INC., a
California Corporation,

                 Defendants.

No. 1:24-cv-10049-LJL
(Consolidated with 1:25-cv-00449-
LJL)
rel. 1:25-cv-00779-LJL

---

WAYFARER STUDIOS LLC, a Delaware Limited
Liability Company, JUSTIN BALDONI, an
individual, JAMEY HEATH, an individual, IT
ENDS WITH US MOVIE LLC, a California
Limited Liability Company, MELISSA NATHAN,
an individual, JENNIFER ABEL, an individual,
and STEVE SAROWITZ, an individual,

                 Plaintiffs,

     v.

BLAKE LIVELY, an individual, RYAN
REYNOLDS, an individual, LESLIE SLOANE, an
individual, VISION PR, INC., a New York
Corporation, and THE NEW YORK TIMES
COMPANY, a New York Corporation,

                 Defendants.

---

**VISION PR, INC. AND LESLIE SLOANE'S REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED
COMPLAINT, FOR ATTORNEYS' FEES AND COSTS, AND TO STRIKE EXHIBIT A**

# <u>TABLE OF CONTENTS</u>

I.  The Amended Complaint Must Be Dismissed Due To Group Pleading. .................................. 1

II.  The Amended Complaint Fails To State A Claim For Civil Extortion. ................................. 2

III. The Amended Complaint Fails To State A Claim For Defamation. ....................................... 3

       A.     Ms. Sloane's Statements Do Not Concern Six Of The Seven Wayfarer Parties. ... 3

       B.     Ms. Sloane's Statements Are Inactionable Opinion Or Are Substantially True..... 4

       C.     The Sexual Assault Allegations Are Inadequately Pleaded.................................. 6

       D.     The Wayfarer Parties Fail To Allege Actual Malice. ............................................ 7

       E.     The Wayfarer Parties Fail To Allege Special Damages. ....................................... 8

       F.     The Wayfarer Parties New "Conspiracy To Defame" Arguments Fail. ................ 8

IV.  The False Light Claim Fails. .................................................................................................. 9

V.  Ms. Sloane And Vision PR, Inc. Are Entitled To Attorneys' Fees And Costs. ..................... 10

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Abadi v. NYU Langone Health Sys.*,
   714 F. Supp. 3d 387 (S.D.N.Y. 2024) ........................................................................ 2

*Appalachian Enter., Inc. v. ePayment Sols., Ltd.*,
   2004 WL 2813121 (S.D.N.Y. Dec. 8, 2004) .............................................................. 2

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................... 9

*Bank of New York Mellon v. DeSelms*,
   2019 WL 8198310 (C.D. Cal. Mar. 25, 2019) .......................................................... 2

*Barber v. Premo*,
   2021 WL 6622496 (N.Y. Sup. Ct. Sept. 29, 2021) .................................................... 5

*Barger v. Playboy Enters., Inc.*,
   564 F. Supp. 1151 (N.D. Cal. 1983) ......................................................................... 4

*Bobulinski v. Tarlov*,
   2024 WL 4893277 (S.D.N.Y. Nov. 26, 2024) ........................................................ 10

*Brady v. NYP Holdings, Inc.*,
   2022 WL 992631 (S.D.N.Y. Mar. 31, 2022) ........................................................... 4

*Brown Media Corp. v. K & L Gates, LLP*,
   586 B.R. 508 (E.D.N.Y. 2018) ............................................................................... 10

*Buckley v. Little*,
   539 F.2d 882 (2d Cir. 1976) ...................................................................................... 5

*Campanelli v. Regents of Univ. of Cal.*,
   44 Cal. App. 4th 572 (Cal. Ct. App. 1996) ............................................................... 6

*Casmento v. Volmar Constr., Inc.*,
   2022 WL 17666390 (S.D.N.Y. Dec. 14, 2022) ...................................................... 10

*Cheng v. Neumann*,
   106 F.4th 19 (1st Cir. 2024) .................................................................................... 10

*Curry Mgmt. Corp. v. JPMorgan Chase Bank, N.A.*,
   643 F. Supp. 3d 421 (S.D.N.Y. 2022) ...................................................................... 3

*Dfinity Found. v. New York Times Co.*,
   702 F. Supp. 3d 167 (S.D.N.Y. 2023) ...................................................................... 4

*Diaz v. NBC Universal, Inc.*,
   536 F. Supp. 2d 337 (S.D.N.Y. 2008) ...................................................................... 4

*Doe v. Mahboubi-Fardi*,
   2024 WL 2206640 (C.D. Cal. Jan. 2, 2024) ............................................................. 3

*Dreamstone Ent. Ltd. v. Maysalward Inc.*,
   2014 WL 4181026 (C.D. Cal. Aug. 18, 2014) .......................................................... 4

*Eldorado Stone, LLC v. Renaissance Stone, Inc.*,
   2005 WL 5517731 (S.D. Cal. Aug. 10, 2005) ........................................................ 6

*Elias v. Spotify USA Inc.*,
    2020 WL 11884714 (C.D. Cal. Nov. 24, 2020).......................................................... 7

*Evliyaoglu Tekstil A.S. v. Turko Textile LLC*,
   2020 WL 7774377 (S.D.N.Y. Dec. 30, 2020) ......................................................... 4

*Fometal S.R.L. v. Keili Trading LLC*,
   2024 WL 307976 (S.D.N.Y. Jan. 26, 2024) ........................................................... 9

*Ghost in the Mach. Inc. v. Planned Parenthood Fed'n of Am., Inc.*,
   2025 WL 252913 (S.D.N.Y. Jan. 21, 2025) ........................................................... 7

*Goldman v. Reddington*,
   2021 WL 4099462 (E.D.N.Y. Sept. 9, 2021) ....................................................... 10

*Heitkoetter v. Domm*,
    2022 WL 16748731 (E.D. Cal. Nov. 7, 2022)........................................................ 6

*Intermarketing Media, LLC v. Barlow*,
   2021 WL 5990190 (C.D. Cal. May 4, 2021) ......................................................... 3

*Jacob v. Lorenz*,
   626 F. Supp. 3d 672 (S.D.N.Y. 2022) .................................................................. 2

*Jiang v. KNTV Television LLC*,
   2025 WL 240798 (N.D. Cal. Jan. 17, 2025) ......................................................... 3

*Kajeet, Inc. v. Qustodio, LLC*,
   2019 WL 13149928 (C.D. Cal. Aug. 22, 2019)...................................................... 5

*Kall v. Peekskill City Sch. Dist.*,
   2020 WL 2555256 (S.D.N.Y. May 19, 2020) ....................................................... 6

*Kirch v. Liberty Media Corp.*,
   449 F.3d 388 (S.D.N.Y. 2006)............................................................................. 8

*Krulewich v. Covidien, LP*,
   498 F. Supp. 3d 566 (S.D.N.Y. 2020) ................................................................ 10

*Liberman v. Gelstein*,
   80 N.Y.2d 429 (1992)......................................................................................... 8

*McClatchy Newspapers v. Superior Court*,
   189 Cal. App. 3d 961 (Cal. Ct. App. 1987) .......................................................... 9

*Miller v. James*,
   2024 WL 4333197 (N.D.N.Y. Sept. 27, 2024) ..................................................... 8

*Monex Deposit Co. v. Gilliam*,
   666 F. Supp. 2d 1135 (C.D. Cal. 2009) ........................................................... 2, 3

*Nicosia v. De Rooy*,
   72 F. Supp. 2d 1093 (N.D. Cal. 1999) ................................................................ 5

*Nygard, Inc. v. Uusi-Kerttula*,
    159 Cal. App. 4th 1027 (Cal. Ct. App. 2008) .......................................................... 5

*Peacock v. Suffolk Bus Corp.*,
    100 F. Supp. 3d 225 (E.D.N.Y. 2015) ..................................................................... 2

*Procter & Gamble Co. v. Quality King Distributors, Inc.*,
    974 F. Supp. 190 (E.D.N.Y. 1997) .......................................................................... 9

*Roque v. Suntrust Mortg., Inc.*,
    2010 WL 546896 (N.D. Cal. Feb. 10, 2010) ........................................................... 8

*Rosa v. Eaton*,
    2024 WL 3161853 (S.D.N.Y. June 25, 2024) .......................................................... 5

*Smith v. Santa Rosa Democrat*,
    2011 WL 5006463 (N.D. Cal. Oct. 20, 2011) .......................................................... 9

*Talkdesk, Inc. v. Pham*,
    2024 WL 4866690 (C.D. Cal. Aug. 9, 2024) ........................................................... 3

*Tannerite Sports, LLC v. NBCUniversal News Grp.*,
    864 F.3d 236 (2d Cir. 2017) .................................................................................... 6

*Three Amigos SJL Rest., Inc. v. CBS News Inc.*,
    28 N.Y.3d 82 (2016) ................................................................................................ 4

*Trierweiler v. Croxton & Trench Holding Corp.*,
    90 F.3d 1523 (10th Cir. 1996) ............................................................................... 10

*Vackar v. Package Mach. Co.*,
    841 F. Supp. 310 (N.D. Cal. 1993) ......................................................................... 3

*Valcarcel v. City of New York*,
    2014 WL 4370814 (E.D.N.Y. July 29, 2014) ......................................................... 9

*Weaver v. New York State Off. of Ct. Admin.*,
    2023 WL 2388745 (N.D.N.Y. Mar. 7, 2023) .......................................................... 1

Leslie Sloane and her company, Vision PR, Inc. (together, "the Sloane Parties"), have suffered significant distress and economic loss from being dragged into this litigation. It is without question that the Wayfarer Parties engaged in a smear campaign to—in their own words— "bury" Ms. Lively and "destroy" her life. Rather than take responsibility for their egregious actions, they have peddled a false story about Ms. Sloane. But there was never a factual basis for their invented storyline, as evidenced by the Amended Complaint's dearth of specific allegations against the Sloane Parties. Ms. Sloane did not write or otherwise contribute to the New York Times article (the only article alleged to be defamatory, and the supposed "genesis of this entire action"), and the few statements she allegedly made to one Daily Mail reporter are nowhere close to defamatory.

The Wayfarer Parties, having apparently reached the obvious conclusion that the operative complaint is indefensible and that the Sloane Parties' motion to dismiss should be granted, repeatedly request another chance to amend rather than defend their pleading as written. The Wayfarer Parties fail to attach a proposed amended pleading, however, and instead vaguely assert they have "obtained additional information" and expect the Court to take their word for it. But no amendment or "additional information" could cure the defects in the Amended Complaint.

## I.     The Amended Complaint Must Be Dismissed Due To Group Pleading.[1]

The Amended Complaint ("AC") should be dismissed because it is rife with impermissible group pleading. ECF No. 87 ("Mot.") at 5–7. The AC lacks a basic mapping of which plaintiffs are asserting which claims against which defendants, and for what. For example, the AC nonsensically asserts claims of extortion against the Sloane Parties despite failing to identify any communication where they made a request of any kind to any Wayfarer Party. Similarly, all seven

---

[1] The Wayfarer Parties' 43-page opposition brief violates Individual Rule 2.I, which sets a 25-page limit absent agreement of the parties. The Court should disregard the Wayfarer Parties' overlength arguments. *See Weaver v. New York State Off. of Ct. Admin.*, 2023 WL 2388745, at *6 (N.D.N.Y. Mar. 7, 2023).

Wayfarer Parties assert defamation claims against the Sloane Parties, even though Ms. Sloane is not alleged to have made a single statement—let alone a defamatory statement—regarding six of the seven Wayfarer Parties. Such collective pleading is impermissible. *See, e.g.*, *Appalachian Enter., Inc. v. ePayment Sols., Ltd.*, 2004 WL 2813121, at *6–*7 (S.D.N.Y. Dec. 8, 2004). The group pleading defect cannot be cured with new, conclusory allegations of "conspiracy." *See Abadi v. NYU Langone Health Sys.*, 714 F. Supp. 3d 387, 392 (S.D.N.Y. 2024). The Wayfarer Parties concede as much, admitting they "intend to move for leave to amend" to fix the group pleading issues. ECF No. 121 ("Opp.") at 13. But they have already been given two opportunities to submit an actionable complaint and have failed both times.

## II.    The Amended Complaint Fails To State A Claim For Civil Extortion.

New York does not recognize a claim for civil extortion, *see* Opp. at 14, and the Court should dismiss on this basis alone.[2] But even if the Court were to apply California law and follow the handful of California courts that have recognized a claim for civil extortion, the claim would still fail because the Wayfarer Parties fail to allege the most basic element: that the Sloane Parties obtained *anything* from the Wayfarer Parties. *See, e.g.*, *Bank of New York Mellon v. DeSelms*, 2019 WL 8198310, at *4 (C.D. Cal. Mar. 25, 2019).[3]

---

[2] The Wayfarer Parties' assertion that California law should apply because they "suffered injury" there, Opp. at 17, contradicts the AC, which instead specifically alleges that injury was suffered "within New York." AC ¶ 314. *See, e.g.*, *Peacock v. Suffolk Bus Corp.*, 100 F. Supp. 3d 225, 231 (E.D.N.Y. 2015) ("[A] plaintiff 'cannot amend [his] complaint by asserting new facts or theories . . . in opposition to [a] motion to dismiss.'"). In fact, the Wayfarer Parties concede that "the genesis of this entire action" is a New York Times article that indisputably emanated from New York by a New York media defendant. Opp. at 17. This concession is fatal to their choice-of-law argument. *See, e.g.*, *Jacob v. Lorenz*, 626 F. Supp. 3d 672, 684–86 (S.D.N.Y. 2022). All relevant factors dictate that New York law applies to all three claims. *See* Mot. at 7, nn.8, 10.

[3] The Wayfarer Parties cite *Monex Deposit Co. v. Gilliam*, 666 F. Supp. 2d 1135, 1137 (C.D. Cal. 2009) for the proposition that they do not need to have "ultimately obtained . . . money or property" to state a claim. Opp. at 36. But "[n]o published California case has adopted the reasoning in *Monex*," *Intermarketing Media, LLC v. Barlow*, 2021 WL 5990190, at *12 n.10 (C.D. Cal. May

The extortion claim is also impermissibly duplicative of the defamation claim. *See, e.g.*, *Jiang v. KNTV Television LLC*, 2025 WL 240798, at *8 (N.D. Cal. Jan. 17, 2025) (dismissing extortion and other claims as duplicative). If it were true, as the Wayfarer Parties argue, that a defamatory statement was alone sufficient to give rise to an extortion claim, Opp. at 35, plaintiffs could "avoid the strictures of defamation law by artfully pleading" defamation claims as alternative torts. *Vackar v. Package Mach. Co.*, 841 F. Supp. 310, 315 (N.D. Cal. 1993). That is not the law.

Further, the Wayfarer Parties do not even attempt to address the various other bases for dismissal, including that (1) the AC fails to allege that the Sloane Parties used "force or threats" to try to obtain anything from them, *Doe v. Mahboubi-Fardi*, 2024 WL 2206640, at *13 (C.D. Cal. Jan. 2, 2024), and in fact does not even allege that Ms. Sloane *spoke* to six of the seven Wayfarer Parties; (2) the Sloane Parties cannot be held liable for allegedly extortionate actions taken by another person, *id.*; and (3) the AC does not plead extortion with particularity. *See* Mot. at 7–9. They thus concede those arguments, and the extortion claim fails. *See Curry Mgmt. Corp. v. JPMorgan Chase Bank, N.A.*, 643 F. Supp. 3d 421, 426 (S.D.N.Y. 2022).

## III.   The Amended Complaint Fails To State A Claim For Defamation.

### A.  Ms. Sloane's Statements Do Not Concern Six Of The Seven Wayfarer Parties.

The Wayfarer Parties concede that both New York and California law require an allegedly defamatory statement to be "of and concerning" the plaintiff, yet they fail to point to any specific statement by the Sloane Parties concerning six of the seven Wayfarer Parties. *See* Opp. at 20–21. While the Wayfarer Parties suggest that the Sloane Parties made some unidentified statements "to the effect" that the seven Wayfarer Parties engaged in "sexually inappropriate conduct toward

---

4, 2021), and a "chorus of authorities . . . have declined to follow" it, *Talkdesk, Inc. v. Pham*, 2024 WL 4866690, at *7 (C.D. Cal. Aug. 9, 2024). The *Monex* plaintiff also alleged "proximately caused damages" arising from extortionate threats. *Monex*, 666 F. Supp. 2d at 1137. Here, by contrast, the Wayfarer Parties do not allege any extortionate threats, much less proximately caused damages.

Lively" and/or "retaliated against" her, they do not—and cannot—specify what those statements are. Opp. at 20. Such vague arguments are unsupported by the AC and are insufficiently specific to state a claim for defamation. *See Evliyaoglu Tekstil A.S. v. Turko Textile LLC*, 2020 WL 7774377, at *3 (S.D.N.Y. Dec. 30, 2020) (Liman, J.).

The Wayfarer Parties also cannot rely on the "small group exception" to the "group libel doctrine." Opp. at 22. Unlike in the cases recognizing that exception, none of Ms. Sloane's alleged statements describes a "particular, specifically-defined group" such that the doctrine could conceivably apply. *Three Amigos SJL Rest., Inc. v. CBS News Inc.*, 28 N.Y.3d 82, 87 (2016). Instead, her alleged statements refer to Baldoni individually. *See* AC ¶¶ 189–93. The Wayfarer Parties' defamation claims (other than Baldoni's) must be dismissed on this ground alone.[4]

### B.  Ms. Sloane's Statements Are Inactionable Opinion Or Are Substantially True.

As the Wayfarer Parties acknowledge, statements of opinion are inactionable under both New York and California law. Opp. at 22–25.[5] The Wayfarer Parties offer no support for their assertion that the statements "[t]he whole cast doesn't like Justin" and "the whole cast hates him" are statements of fact. *See* AC ¶ 190. Nor could they, since it is well-settled under both New York and California law that such "expression[s] of one's view of another" reflect inactionable opinion. *Brady v. NYP Holdings, Inc.*, 2022 WL 992631, at *7 (S.D.N.Y. Mar. 31, 2022) (Liman, J.); *see*

---

[4] The Wayfarer Parties suggest that the "of and concerning" inquiry should not be resolved at the pleading stage. *See* Opp. at 21. But as their own authority acknowledges, courts properly dismiss defamation claims where, as here, the failure to allege a defamatory statement "of and concerning" the plaintiff is clear from the face of the complaint. *Diaz v. NBC Universal, Inc.*, 536 F. Supp. 2d 337, 342 (S.D.N.Y. 2008); *see also Barger v. Playboy Enters., Inc.*, 564 F. Supp. 1151, 1153–55 (N.D. Cal. 1983) (dismissing defamation claim under California law for failure to satisfy "of and concerning" element")

[5] Contrary to the Wayfarer Parties' arguments, whether a statement is one of fact or opinion is "a question of law for the courts." *Dfinity Found. v. New York Times Co.*, 702 F. Supp. 3d 167, 174 (S.D.N.Y. 2023); *Dreamstone Ent. Ltd. v. Maysalward Inc.*, 2014 WL 4181026, at *5 (C.D. Cal. Aug. 18, 2014).

*also Nygard, Inc. v. Uusi-Kerttula*, 159 Cal. App. 4th 1027, 1052 (Cal. Ct. App. 2008) (holding statements describing plaintiffs as "horrible" to work for "are clearly recognizable as opinion").

Given the statement's context,[6] the phrase "and now she's saying that Blake was sexually assaulted" reflects the speaker's subjective assessment of Ms. Lively's publicly accessible CRD complaint, rendering it a statement of opinion. *See* Mot. at 11–14; *see also Barber v. Premo*, 2021 WL 6622496, at *9 (N.Y. Sup. Ct. Sept. 29, 2021) (holding that the statement that the plaintiff "assaulted many ppl" was inactionable opinion).[7]

In attempting to argue otherwise, the Wayfarer Parties cite only one case, which they misrepresent. Contrary to the Wayfarer Parties' Opposition Brief, *Buckley* did *not* involve a "sexual assault accusation" at all, Opp. at 25, and instead held that the terms "fascist" and "radical right" are too "debatable, loose and varying" to be susceptible "to proof of truth or falsity," which only supports the Sloane Parties' position. *Buckley v. Little*, 539 F.2d 882, 894 (2d Cir. 1976).

The Wayfarer Parties also suggest—for the first time and with no support—that Ms. Sloane called Baldoni a "predator." Opp. at 25. The AC fails to allege this statement or attribute it to Ms. Sloane with even a modicum of specificity. In any event, words like "predator" are a textbook example of "vague, imprecise statements of hyperbole considered nonactionable opinion." *Rosa v. Eaton*, 2024 WL 3161853, at *3 (S.D.N.Y. June 25, 2024).

---

[6] It bears repeating that neither the AC nor the Opposition Brief details how, when, or to whom Ms. Sloane allegedly used the phrases "sexual assault" or "sexual predator." The only reference to "sexual assault" appears in a text from a Daily Mail Reporter to Melissa Nathan (on an undisclosed date) that does not state what specific words Ms. Sloane herself used. References to "sexual predator" in the AC appear to be either the Wayfarer Parties' counsel's own words, or attributable to unidentified "press" or other parties.

[7] This phrase is also inactionable opinion under California law. *See also, e.g.*, *Nicosia v. De Rooy*, 72 F. Supp. 2d 1093, 1104 (N.D. Cal. 1999) (calling plaintiff a "criminal" was inactionable opinion); *Kajeet, Inc. v. Qustodio, LLC*, 2019 WL 13149928, at *11 (C.D. Cal. Aug. 22, 2019) ("[S]tatements regarding the merits of litigation are nothing more than the predictable opinion of one side . . . and cannot be the basis for a defamation claim") (cleaned up).

In the alternative, to the extent the Court finds that any of Ms. Sloane's alleged statements are statements of fact, those facts are substantially true. Mot. at 14–16 (citing allegations from the *Wayfarer Parties'* AC concerning Baldoni being ousted, shunned, and iced out, as well as Baldoni's "innocuous improvisation" during filming that Lively has since alleged was harassment). The Wayfarer Parties do not dispute the truth of any of these specific allegations and instead argue that substantial truth is a question for the jury. Opp. at 27. But under both California and New York law, defamation claims are properly dismissed at the pleading stage where, as here, falsity is not adequately alleged in the complaint. *See Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236, 245–50 (2d Cir. 2017); *Campanelli v. Regents of Univ. of Cal.*, 44 Cal. App. 4th 572, 582 (Cal. Ct. App. 1996).

### C.  The Sexual Assault Allegations Are Inadequately Pleaded.

The Wayfarer Parties' claim for defamation, to the extent based on paragraph 193's allegations concerning "sexual assault," should be dismissed for the additional reason that it is inadequately pleaded, since the AC provides only an image of words that were allegedly used by a reporter, and does not allege what words Ms. Sloane used (if any), when she said them, to whom, or in what context. *See* Mot. at 16–17. The Wayfarer Parties argue that the heightened pleading requirement of CPLR 3016(a) does not apply, Opp. at 29, but even under Rule 8's more lenient standard, the Wayfarer Parties' allegations are deficient. *See, e.g.*, *Kall v. Peekskill City Sch. Dist.*, 2020 WL 2555256, at *9 (S.D.N.Y. May 19, 2020) ("Although Plaintiff has alleged . . . to whom the statements were made (unidentified . . . employees), how they were communicated (verbally), and when (within a 25-day period), this does not suffice to meet the particularity requirement.").[8]

---

[8] The specificity requirement applies equally under California law. *See Heitkoetter v. Domm*, 2022 WL 16748731, at *9 (E.D. Cal. Nov. 7, 2022) ("Without substantial, unfiltered allegations as to what Defendant actually said, the Court cannot plausibly infer a defamation claim"); *Eldorado Stone, LLC v. Renaissance Stone, Inc.*, 2005 WL 5517731, at *3 (S.D. Cal. Aug. 10, 2005).

The Wayfarer Parties also argue—for the first time and with no support—that "on information and belief" Ms. Sloane made some unidentified additional statements to the press, Opp. at 8, but it is well-settled that defamation must be pled with specificity and not on "information and belief." *Ghost in the Mach. Inc. v. Planned Parenthood Fed'n of Am., Inc.*, 2025 WL 252913, at *11 (S.D.N.Y. Jan. 21, 2025); *see also Elias v. Spotify USA Inc.*, 2020 WL 11884714, at *3 (C.D. Cal. Nov. 24, 2020).

### D.    The Wayfarer Parties Fail To Allege Actual Malice.

The Wayfarer Parties fail to identify any allegations in the AC sufficient to meet the rigorous actual malice standard under New York or California law. Opp. at 32–33. The Opposition asserts that Ms. Sloane knew her statement that the issues on set "had nothing to do with Blake" was false because "[i]f Sloane believed that Baldoni had sexually assaulted Lively, that obviously not be the case." *Id.* at 33. But by the AC's own allegations, the "nothing to do with Blake" statement was made on August 8, 2024, AC ¶¶ 188–90, well before the "sexual assault" statement was made "[f]ollowing the release of Lively's administrative complaint on December 20, 2024," *id.* ¶ 193. There are therefore no allegations in the AC alleging that Ms. Sloane subjectively believed that any alleged statement was false at the time it was made.[9]

Similarly, the Wayfarer Parties argue that "[t]he Sloane Parties knew that Baldoni had not sexually assaulted Lively because Lively herself did not allege that Baldoni sexually assaulted her." Opp. at 33. This argument fails because Ms. Lively's public allegations of unconsented touching and kissing fall within New York's definition of sexual assault. *See* Mot. at 15. Because Ms. Sloane was entitled to credit Ms. Lively's allegations, the Wayfarer Parties cannot show that

---

[9] As Ms. Lively's Amended Complaint explains, Ms. Sloane was not informed of the details of her sexual harassment when she spoke with the Daily Mail on August 8. ECF No. 84 ¶ 280 ("[Throughout the time period discussed herein, Ms. Lively never provided her publicist with details about the hostile work environment that she . . . had experienced.").

Ms. Sloane ever acted with actual malice.[10]

### E.   The Wayfarer Parties Fail To Allege Special Damages.

The Wayfarer Parties do not dispute that they fail to allege special damages and instead argue that Ms. Sloane's statements are defamatory per se. Opp. at 30. Ms. Sloane's alleged statements that "[t]he whole cast doesn't like Justin" and "the whole cast hates him" do not qualify, however, since they convey only a "general reflection upon [Baldoni's] character or qualities." *Liberman v. Gelstein*, 80 N.Y.2d 429, 436 (1992). Likewise, the statement "and now she's saying that Blake was sexually assaulted" is insufficiently precise to qualify as defamatory per se. *See, e.g.*, *Miller v. James*, 2024 WL 4333197, at *11, *13 (N.D.N.Y. Sept. 27, 2024). The Wayfarer Parties identify no authority concerning similar statements holding to the contrary.

### F.   The Wayfarer Parties New "Conspiracy To Defame" Arguments Fail.

In a last-ditch effort to save their defamation claim, the Wayfarer Parties assert that their theory of liability is one where each of the Consolidated Defendants "are co-conspirators who engaged in the alleged campaign of defamation collectively." Opp. at 11. New York and California do not recognize conspiracy as a standalone tort, however, and there can be no conspiracy to make a defamatory statement if the underlying statement is held not to be defamatory in the first place. *See generally Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401 (S.D.N.Y. 2006); *Roque v. Suntrust Mortg., Inc.*, 2010 WL 546896, at *5 (N.D. Cal. Feb. 10, 2010).

Even if the Court were to allow defamation claims to proceed that were made by other parties, the Sloane Parties should be dismissed as to those statements because the AC fails to allege

---

[10] The Wayfarer Parties' remaining arguments concerning malice are meritless. They argue that any statement accusing them of a "smear campaign" was made with actual malice, but there are no allegations that the Sloane Parties ever made statements to that effect. Opp. at 33. The Wayfarer Parties also argue that the six Wayfarer Parties other than Baldoni are not public figures. This is irrelevant because the AC does not allege the Sloane Parties made any statements concerning them.

any "specific agreement" among the Sloane Parties and their alleged co-conspirators, let alone explain when the Sloane Parties entered such agreement or what "overt act" they took in furtherance of it. *See, e.g.*, *Fometal S.R.L. v. Keili Trading LLC*, 2024 WL 307976, at *13 (S.D.N.Y. Jan. 26, 2024) (conspiracy claims must "indicat[e] the what, when, where, and how"). The Wayfarer Parties concede as much, arguing they cannot articulate the "conspiracy" absent "discovery." Opp. at 11, 30, 39. But Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *see also Valcarcel v. City of New York*, 2014 WL 4370814, at *14 (E.D.N.Y. July 29, 2014) ("[P]laintiff has failed to plead a proper conspiracy claim under Fed. R. Civ. P. 8 and cannot engage in discovery to cure the defects in the complaint.").[11]

### IV.    The False Light Claim Fails.

The Wayfarer Parties' false light claim also fails. Mot. at 20–21. It is undisputed that New York does not recognize a claim for false light, and even if California law were to apply, the false light claim is based on the same facts as the defamation claim and is therefore "superfluous and should be dismissed." *McClatchy Newspapers v. Superior Court*, 189 Cal. App. 3d 961, 965 (Cal. Ct. App. 1987); *see also Smith v. Santa Rosa Democrat*, 2011 WL 5006463, at *6 (N.D. Cal. Oct. 20, 2011) (dismissing false light claim as duplicative).

The Wayfarer Parties make no effort to argue that their defamation and false light claims are factually distinct. They also make no attempt to refute that they failed to satisfy the "highly offensive" element of a false light claim, and they concede that if the defamation claim fails (it

---

[11] To the extent the "conspiracy" claim is based on the New York Times article, it also fails because the article is privileged under New York Civil Rights Law § 74. The Wayfarer Parties argue that § 74 is inapplicable to the Sloane Parties since they are not members of the press, Opp. at n.7, but it is well-settled that the provision applies equally to non-media defendants, *see, e.g.*, *Procter & Gamble Co. v. Quality King Distributors, Inc.*, 974 F. Supp. 190, 197 (E.D.N.Y. 1997).

does), the false light claim fails with it. Opp. at 38. The false light claim should thus be dismissed.

**V.      Ms. Sloane And Vision PR, Inc. Are Entitled To Attorneys' Fees And Costs.**

Upon dismissal of the Amended Complaint, the Court should award fees and costs under New York's anti-SLAPP law. Mot. at 21–23. Contrary to the Wayfarer Parties' arguments, the Sloane Parties respectfully submit that Rule 11 is not "sufficiently broad" to conflict with the anti-SLAPP law, *Bobulinski v. Tarlov*, 2024 WL 4893277, at *14 n.18 (S.D.N.Y. Nov. 26, 2024), including because the anti-SLAPP law does "not merely operate to discourage frivolous claims," but instead "protect[s] a particular class of defendants" and thus "vindicates substantive interests of [the state] not covered by Rule 11." *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1540 (10th Cir. 1996). Indeed, federal courts routinely grant fee awards under state statutes and do not find that those statutes conflict with Rule 11 or other federal rules. *See, e.g.*, *Casmento v. Volmar Constr., Inc.*, 2022 WL 17666390, at *2 (S.D.N.Y. Dec. 14, 2022) (awarding fees under N.Y. Exec. L. § 297(10) to a "prevailing or substantially prevailing party") (Liman, J.).[12]

\* \* \*

For the foregoing reasons, Leslie Sloane and Vision PR, Inc. respectfully request that the Court dismiss the claims against them with prejudice,[13] award them their attorneys' fees and costs under New York's anti-SLAPP law, and strike Exhibit A to the Amended Complaint.[14]

---

[12] Multiple courts have held that New York's anti-SLAPP fee provision applies in federal court. *See Cheng v. Neumann*, 106 F.4th 19, 24 n.2 (1st Cir. 2024); *Bobulinski*, 2024 WL 4893277, at *12; *Goldman v. Reddington*, 2021 WL 4099462, at *5 (E.D.N.Y. Sept. 9, 2021).

[13] The Wayfarer Parties repeatedly request leave to amend, but a "'bare request to amend a pleading' contained in a brief, which does not also attach the proposed amended pleading, is improper under Rule 15." *Brown Media Corp. v. K & L Gates, LLP*, 586 B.R. 508, 533 (E.D.N.Y. 2018); *see also Krulewich v. Covidien, LP*, 498 F. Supp. 3d 566, 584 n.2 (S.D.N.Y. 2020).

[14] The Court should strike Exhibit A to the Amended Complaint pursuant to Rule 12(f). *See* Mot. at 23–25. The Wayfarer Parties concede as much by failing to address the Sloane Parties' authorities and admitting they would draft a second amended complaint differently. Opp. at 23.

Dated: March 13, 2025

Respectfully submitted,

BOIES SCHILLER FLEXNER LLP

*/s/ Sigrid S. McCawley*
Sigrid S. McCawley
BOIES SCHILLER FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Telephone: (954) 356-0011
smccawley@bsfllp.com

Andrew Villacastin
Lindsey Ruff
Rachael Schafer
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
avillacastin@bsfllp.com
lruff@bsfllp.com
rschafer@bsfllp.com

*Attorneys for Leslie Sloane and Vision PR, Inc.*