

Mitchell Schuster
*Partner*
Direct (212) 655-3549
Fax (212) 655-3535
ms@msf-law.com

March 19, 2025

<u>Via ECF</u>
Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

**Re:**   ***Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL;**
      **rel. *Wayfarer Studios LLC et al. v. Lively et al.*, No. 1:25-cv-00449-LJL**

Dear Judge Liman:

As counsel for Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel (collectively, the "Wayfarer Parties"), we object to Leslie Sloane and Vision PR, Inc.'s (the "Sloane Parties") request for an order pursuant to Federal Rule of Civil Procedure 26(c) staying discovery as to them pending a determination of their motion to dismiss the Wayfarer Parties' First Amended Complaint. (Dkt. 129).

Pursuant to Rule 26(c), the Court has discretion to issue a protective order on matters relating to discovery upon a showing of "good cause." *See* Fed. R. Civ. P. 26(c)(1); *Hong Leone Fin. Ltd. v. Pinnacle Performance Ltd.*, F.R.D. 69, 72 (S.D.N.Y. 2013). "The burden of showing good cause for the issuance of a protective order falls on the party seeking the order." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018).

"[D]iscovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Moran v. Flaherty*, No. 92-cv-3200, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992); *see also Usov v. Lazar*, No. 13-cv-818, 2013 WL 3199652, at *9 (S.D.N.Y. June 25, 2013) (rejecting contention that "discovery must automatically be stayed pending a motion to dismiss").

"[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." *Republic of Turkey*, 316 F. Supp. 3d at 677. "Courts should consider multiple factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Id.* (quoting *Country Club of Fairfield, Inc. v. N.H. Ins. Co.*, No. 13-cv-00509, 2014 WL 3895923, at *3 (D. Conn. Aug. 8, 2014)). The Sloane Parties have not demonstrated that a stay of discovery is warranted.

*First*, the Sloane Parties have not demonstrated that the discovery sought from it will be burdensome. Although the Sloane Parties complain about the number of categories of documents sought and the number of interrogatories propounded by the Wayfarer Parties, the Sloane Parties simultaneously contend that "several" of the document requests "have no discernable relevance to this case" and that "the Sloane Parties' role in the overall dispute is small." (Dkt. 129, p. 2 – 3). If the Sloane Parties' position is that the Wayfarer Parties' demands exceed the scope of discovery permitted by Rule 26(b)(1), which the Wayfarer Parties dispute, then the Sloane Parties can assert such an objection in formal responses thereto and the parties will meet and confer about the demands in compliance with Your Honor's Individual Practices. Furthermore, if the Sloane Parties' role in the dispute is small, as they claim but which the Wayfarer Parties dispute, then it should not be unduly burdensome for them to produce documents and information concerning that alleged minor role in the dispute. *See Brawer v. Egan-Jones Ratings Co.*, 348 F.R.D. 182, 186 (S.D.N.Y. 2025) (denying stay of discovery pending motion to dismiss because "some burden exists in all discovery…."); *Mirra v. Jordan*, No. 15-cv-4100, 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) (denying stay of discovery pending motion to dismiss where defendant did "not identify any burden associated with the production").

The Sloane Parties' motion refers to the Court's recent Order granting The New York Times Company's (the "NY Times") motion to stay discovery. (Dkt. 118). However, in that Order, the Court reasoned that the NY Times' intention to invoke rights under New York's shield law "raises delicate and complicated issues which would increase the burden of responding to discovery." (*Id.*, p. 3). The Sloane Parties do not and cannot argue that any similar delicate or complicated discovery issue exists with respect to the information sought from them. While the Sloane Parties contend that "discovery is particularly burdensome because several of the Sloane Parties' direct 'business competitors' are parties to this action," any concern they have about producing purported "confidential and sensitive business information" is allayed by this Court's entry of a Protective Order. (Dkt. 125).

Regardless of whether some or all of the Wayfarer Parties' claims against the Sloane Parties are dismissed, which is doubtful, the Sloane Parties are material witnesses with respect to the other claims herein. Hence, the Sloane Parties will have discovery obligations as a non-party. *See Brawer*, 348 F.R.D. at 186 (denying stay of discovery because "it is inevitable that some discovery may be obtained from [defendant] regardless of the outcome of her motion" to dismiss); *Bennett v. Cuomo*, No. 22-cv-07846, 2023 WL 2021560, at *4 (S.D.N.Y. Feb. 15, 2023) (denying stay of discovery because burdens thereof "are unlikely to change substantially regardless of how the motions to dismiss are decided" given that movants "will remain key witnesses even if claims against them are dismissed"). Although the Court held that "the dimensions of the discovery that is permitted may vary depending on whether the NY Times is a defendant or a third party and whether it was acting in a journalistic capacity or (as the Wayfarer Parties allege) as a co-conspirator with the Lively Parties") (Dkt. 118, p. 3 – 4), the Sloane Parties are not journalists and therefore cannot assert similar privileges as the NY Times.

*Second*, the Wayfarer Parties will be unfairly prejudiced by a stay of discovery sought from the Sloane Parties. As the Sloane Parties acknowledge, they have served discovery requests upon the Wayfarer Parties. (Dkt. 129, p. 3 n.1). In any event, the lack of prejudice to the Wayfarer Parties is insufficient to stay discovery given the other factors weighing against a stay. *See Brawer*, 348 F.R.D. at 186; *Bennett*, 2023 WL 2021560, at *5.

*Third*, the Sloane Parties have not made a "strong showing" that the Wayfarer Parties' claims against them are unmeritorious. The Sloane Parties attempt to paint a false picture that the Wayfarer Parties have not meaningfully opposed the motion to dismiss. In truth, the Wayfarer Parties' opposition to the Sloane Parties' motion to dismiss is robust, persuasive, and warrants the denial of the motion to dismiss. (Dkt. 121).

Contrary to the Sloane Parties' criticism about "impermissible group pleading" (Dkt. 129, p. 3), the First Amended Complaint adequately notifies the Sloane Parties that the allegations against them are that they engaged in a conspiracy with Blake Lively and Ryan Reynolds (collectively, the "Lively Parties") to spread false and defamatory information about the Wayfarer Parties to various media outlets, including the Daily Mail and the New York Times, and principally pertained to accusations that Justin Baldoni and Jamey Heath engaged in sexual misconduct towards Blake Lively and that the Wayfarer Parties orchestrated a retaliatory "smear campaign" to damage Lively's image and reputation after she reported their purported misconduct. (Dkt. 50, ¶¶ 187-193). As set forth more fully in the Wayfarer Parties' opposition to the dismissal motion, the First Amended Complaint adequately states claims for defamation, civil extortion, and false light under the applicable California law. (Dkt. 121). Indeed, the First Amended Complaint specifically alleges that the Sloane Parties made statements to reporters referring to Baldoni as a sexual predator and accusing him of sexual assault (Dkt. 50, ¶¶ 282, 193), allegations which the Court must assume are true and which the Sloane Parties cannot legitimately contend are insufficient to support causes of action for defamation and false light.

Although the Sloane Parties argue that even the dismissal of "only some but not all of the claims against [them] … would drastically narrow the scope of party discovery" (Dkt. 129, p. 2), they neglect to explain how that outcome would narrow discovery (let alone drastically) given the Wayfarer Parties' allegation that the Sloane Parties engaged in a conspiracy with the Lively Parties to disseminate false and defamatory information concerning the Wayfarer Parties.

We respectfully request that the Court deny the Sloane Parties' motion for a stay of discovery.

Respectfully submitted,

*/s/ Mitchell Schuster*

MEISTER SEELIG & FEIN PLLC
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
    kaf@msf-law.com

Hon. Lewis J. Liman
Page 4
March 19, 2025

LINER FREEDMAN TAITELMAN + COOLEY, LLP
Bryan J. Freedman (*pro hac vice*)
Miles M. Cooley (*pro hac vice*)
Theresa M Troupson (*pro hac vice*)
Summer Benson (*pro hac vice*)
Jason Sunshine
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
        mcooley@lftcllp.com
        ttroupson@lftcllp.com
        sbenson@lftcllp.com
        jsunshine@lftcllp.com

cc: all counsel of record (via ECF)