

Sigrid S. McCawley
Telephone: 954-356-0011
Email: smccawley@bsfllp.com

March 17, 2025

**VIA ECF**
The Honorable Lewis J. Liman
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1620
New York, New York 10007

The motion for a stay of discovery is denied. *See, e.g.*, Robbins v. Candy Digital Inc., 2024 WL 2221362, at *1 (S.D.N.Y. May 15, 2024) (denying motion to stay discovery). To the extent that the discovery requests exceed the bounds of what is permitted under Federal Rule of Civil Procedure 26, the Sloane Parties may move for a protective order.

SO ORDERED.

Date: 3/21/25

LEWIS J. LIMAN
United States District Judge

Re: *Lively et al. v. Wayfarer Studios LLC et al*, No. 24 Civ. 10049 (LJL)
[rel. No. 24 Civ. 779]

Dear Judge Liman:

We represent Leslie Sloane and Vision PR, Inc. (the "Sloane Parties") in the above captioned action. Pursuant to Local Rule 7.1(e) and Paragraph 1(C) of the Court's Individual Practices, we write to respectfully request that the Court stay discovery as to the Sloane Parties until the Court resolves their pending motion to dismiss, which is now fully briefed. ECF No. 86. The parties conferred about this request in good faith. Ms. Lively, Mr. Reynolds, and the New York Times Company consent to this request. Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, It Ends With Us Movie LLC, Melissa Nathan, Jennifer Abel, Steve Sarowitz (together, the "Wayfarer Parties") oppose.

Courts have considerable "discretion" to "stay discovery pending decision on a motion to dismiss" upon a showing of "good cause." *Cohen v. United States*, 2022 WL 2181457, at *1 (S.D.N.Y. June 16, 2022) (Liman, J.). In exercising that discretion, courts consider: "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Cota v. Art Brand Studios, LLC*, 2022 WL 767110, at *1 (S.D.N.Y. Mar. 14, 2022) (Liman, J.). Here, each factor strongly supports a stay of discovery as to the Sloane Parties.

*First*, the discovery sought as to the Sloane Parties is unduly burdensome. The Wayfarer Parties served a striking **370 requests for production of documents** and **18 interrogatories** on the Sloane Parties. *See Cohen*, 2022 WL 2181457, at *1 (granting stay where plaintiffs "served broad-ranging and extensive" requests, including "forty-three different document requests" and "eleven" interrogatories) (Liman, J.). Each document request seeks "[a]ll documents and communications" concerning a wide range of entities and individuals—as well as all of their "employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on his behalf and anyone on whose behalf he is acting"—several of which have no discernible relevance to this case. *See Negrete v. Citibank, N.A.*, 2015 WL 8207466, at *2 (S.D.N.Y. Dec. 7, 2015) (staying discovery where plaintiffs' "first set of document requests features several broad categories"). The Wayfarer Parties' 391-paragraph complaint alone confirms how burdensome discovery in this case will be. *See Alapaha View Ltd. v. Prodigy Network, LLC*, 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021). Proceeding with such sweeping discovery will "unnecessarily drain the [Sloane] parties' resources," *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002), considering that resolution of their motion to dismiss may "obviate the need for burdensome discovery." *Johnson v. N.Y. Univ. Sch. Of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com



Further, as Your Honor recently observed, "the burden of discovery" is compounded by "the sensitivity of the documents that will be requested." ECF No. 118 at 3 (staying discovery as to the New York Times Company). Here, discovery is particularly burdensome because several of the Sloane Parties' direct "business competitors" are parties to this action, and discovery "will necessarily include confidential and sensitive business . . . information." ECF No. 124 at 6. *See BAE Sys. Info. & Elec. Sys. Integration Inc. v. L3 Harris Cincinnati Elecs. Corp.*, 2023 WL 4187489, at *1 (S.D.N.Y. June 26, 2023) (fact that "a significant portion of discovery will include sensitive information" increases burden of discovery).

As the Court held in its recent order concerning the New York Times Company, its ruling on the pending motion to dismiss could drastically affect the scope of discovery as to the Sloane Parties because "the dimensions of the discovery that is permitted may vary depending on whether" they are "a defendant or a third party." ECF No. 118 at 3; *see also Nat'l Rifle Ass'n of Am. v. Cuomo*, 2020 WL 7338588, at *5 (N.D.N.Y. Dec. 14, 2020) ("The sheer breadth of discovery" against a party "cannot be said to be comparable [to] the discovery that will be warranted should the motions to dismiss be granted."). The Wayfarer Parties "should not receive the 'benefit' of the less-stringent standard for party discovery simply because they improperly named" the Sloane Parties in this action. *Citizens Union of City of New York v. Att'y Gen. of New York*, 269 F. Supp. 3d 124, 148 (S.D.N.Y. 2017). Even if the Court dismisses only some but not all of the claims against the Sloane Parties, its ruling would affect the relevance of many of the Wayfarer Parties' document requests and thus drastically narrow the scope of party discovery. *See Spinelli v. National Football League*, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) ("A stay may also have the advantage of simplifying and shortening discovery in the event that some of Plaintiffs' claims are dismissed and others survive"); *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 116 (E.D.N.Y. 2006) (staying discovery to "reduce the economic burden of full party discovery" even though it was possible that only "some of the causes" or "some but not all of the defendants" would be dismissed).

*Second*, the Wayfarer Parties will suffer little to no prejudice from the stay. "[A] delay in discovery, without more, does not amount to unfair prejudice." *Spinelli*, 2015 WL 7302266, at *2. Further, the proposed stay is "limited to the time required for the Court to decide" the motion to dismiss, which is already fully briefed. *Ellington Credit Fund, Ltd. v. Select Portfolio Services, Inc.*, 2008 WL 11510668, at *2 (S.D.N.Y. June 12, 2008); *see HAHA Glob., Inc. v. Barclays*, 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020) (finding no unfair prejudice where motion to dismiss was already filed so "any stay would last briefly"). The Court has already indicated that it intends to decide the pending motions to dismiss quickly, *see* ECF No. 118 at 4, and the Sloane Parties have made every effort to accelerate resolution, filing their motion dismiss on February 20, 2025.

Additionally, the Sloane Parties' role in the overall dispute is small. Ms. Lively's Amended Complaint discloses that Ms. Sloane was not even aware of the sexual harassment as it happened. *See* ECF No. 84 ¶ 280. And the Wayfarer Parties do not, and cannot, allege that Ms. Sloane was involved in the New York Times article that they claim is defamatory. *See* ECF No. 87 at 2. Instead, the Wayfarer Parties allege only that Ms. Sloane sent a sum total of two text messages that they (incorrectly) claim are defamatory. *See* Am. Compl. ¶¶ 189–90. The main parties in this dispute—Ms. Lively and the Wayfarer Parties—will not be seeking stays and can proceed with discovery



without burdening the Sloane Parties. Indeed, the Wayfarer Parties have already served extensive discovery requests on Ms. Lively, Mr. Reynolds, and ten third parties. *See* ECF No. 118 at 4 ("[I]n the meantime, it is evident that the parties will be busy with document discovery from the other parties and with third party discovery.").

*Third*, the Sloane Parties respectfully submit that they have presented "substantial grounds for dismissal" and made a "strong showing" that they are likely to succeed on the merits of their motion to dismiss. *Cota*, 2022 WL 767110, at *1 (Liman, J.); *see Rivera v. Heyman*, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) (granting stay where motion to dismiss had more than a "minimal probability of success"). The Wayfarer Parties have conceded as much by declining to meaningfully defend the Amended Complaint as written and instead writing that they "intend to move for leave to amend their pleading." ECF No. 121 at 13. The Wayfarer Parties have clearly concluded that the Amended Complaint is indefensible and that the Sloane Parties' motion to dismiss will likely be granted. *See* ECF No. 118 at 2 (concluding the "NY Times's motion presents 'substantial grounds for dismissal,'" including because "the Wayfarer Parties note that their complaint may need to be amended to address the issues raised by the motion to dismiss").

As set forth more fully in the Sloane Parties' motion to dismiss, the Amended Complaint is fundamentally defective. Among other deficiencies, the Wayfarer Parties engage in impermissible group pleading, *see* ECF No. 87 at 5–7, fail to plead the elements of their extortion, defamation, and false light claims, *see id.* at 8–11, 16–21, and fail to comply with the basic requirement of identifying or describing the statements they allege are defamatory, *see id.* at 3. The staggering breadth of the Wayfarer Parties' discovery requests confirms their true intent: to use discovery as a "hunting license to conjure up a claim that does not exist." *Avnet, Inc. v. Am. Motorists Ins. Co.*, 115 F.R.D. 588, 592 (S.D.N.Y. 1987). But allowing the Wayfarer Parties "to conduct discovery in order to piece together a claim would undermine the purpose of Federal Rule of Civil Procedure 12(b)(6), which is to streamline[] litigation by dispensing with needless discovery and factfinding where the plaintiff has failed to state a claim under the law." *KBL Corp. v. Arnouts*, 646 F. Supp. 2d 335, 346 n.6 (S.D.N.Y. 2009) (internal quotations omitted).

Accordingly, the Sloane Parties respectfully request that the Court grant a stay of discovery as to the Sloane Parties pending resolution of their motion to dismiss. *See Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (granting stay where defendant raised multiple arguments for dismissal); *Negrete*, 2015 WL 8207466, at *1 (same).[1]

We thank the Court for its attention to this matter.

Respectfully Submitted,

 /s/ Sigrid S. McCawley
Sigrid S. McCawley

---

[1] The Sloane Parties served initial discovery requests on the Wayfarer Parties on March 14, 2025, to comply with the Case Management Plan and Scheduling Order, ECF No. 58, but will hold responses to offensive discovery in abeyance for the same amount of time a stay is in effect.