

Kevin Fritz
*Partner*
Direct (212) 655-3570
Fax (212) 655-3535
kaf@msf-law.com

April 9, 2025

Via ECF
Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

    **Re:**    *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL;
           rel. *Wayfarer Studios LLC et al. v. Lively et al.*, No. 1:25-cv-00449-LJL

Dear Judge Liman:

We represent Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel (collectively, the "Wayfarer Parties"). In accordance with Rule I(D) of Your Honor's Individual Practices in Civil Cases, the Wayfarer Parties respectfully request an extension of time for *all parties* to: (a) respond to the interrogatories served by their respective adversaries; and (b) move to amend their pleadings or to join other parties. No previous request for an extension of time has been made with respect to these items.

On March 14, 2025, all parties (except for The New York Times Company, for whom discovery is stayed) (Dkt. 118) served their respective sets of interrogatories. Pursuant to Federal Rule of Civil Procedure 33(b)(2), answers and objections to the interrogatories are due within thirty days of service, or by April 14, 2025. In the aggregate, the Wayfarer Parties were served with thirty-one different sets of interrogatories from Blake Lively, Ryan Reynolds (collectively, the "Lively Parties"), Leslie Sloane and Vision PR, Inc. (collectively, the "Sloane Parties"). Together, the Lively and Sloane Parties have served nearly **1,600** requests for production and **179** interrogatories—an excessive number of discovery demands—to which the Wayfarer Parties have been diligently preparing responses. Setting aside the obvious (yet troubling) implication that the Lively and Sloane Parties do not actually know what they are looking for, the Wayfarer Parties have already responded in good faith to more than 500 such requests, with hundreds of additional responses expected in short order.

Given that the Wayfarer Parties (and others) have been engaged in extensive briefing in the past few weeks in connection with the motions to dismiss and given that all parties (save for The New York Times Company) served their discovery requests virtually simultaneously, the Wayfarer Parties proposed a mutual extension, from April 14, 2025 to May 14, 2025, for the parties to respond to any interrogatories served upon them. The Lively and Sloane Parties refused to consent, and *none provided any reason for their refusal*.

Hon. Lewis J. Liman<br>
Page 2<br>
April 9, 2025

The Wayfarer Parties also sought consent to an extension of the Case Management Plan and Scheduling Order's April 18, 2025, deadline to move to amend. (Dkt. 58). The Wayfarer Parties explained that it is unlikely that the Court will rule on all four pending motions to dismiss by April 18, 2025, especially given that Lively's motion to dismiss will not be fully briefed until April 10, 2025. In their papers submitted in opposition to the various dismissal motions, the Wayfarer Parties have indicated their intention to move to amend their pleadings if the Court is inclined to dismiss any of their claims. Requiring the Wayfarer Parties to file their motion to amend by April 18, 2025, when the dismissal motions are still pending, and without guidance from the Court as to whether an amended pleading is even warranted, will result in a waste of party and judicial resources. A modest extension of this deadline is sure to sharpen the pleadings and narrow the contested issues before this Court, minimizing or even eliminating the need for further motion practice.

The Wayfarer Parties proposed an extension of the deadline to move to amend from April 18, 2025, to a date twenty-one days after the Court's last-issued ruling on the pending dismissal motions. The New York Times Company has no objection to the foregoing extension but stated its intention to oppose any motion to amend. The Sloane Parties objected without providing a reason. The Lively Parties objected "because the April 18 deadline is not dependent on the timing of the Court's order on the motions to dismiss." The Wayfarer Parties *are aware* that the deadline for moving to amend is not synchronized with a determination of the dismissal motions, which is why the Wayfarer Parties proposed that any motion to amend not be due until *after* the dismissal motions have been resolved.

Given the Lively and Sloane Parties' unreasonable refusal to agree to mutual professional courtesies[1], none of which would prejudice any party, the Wayfarer Parties respectfully request that the Court: (a) extend the deadline for the parties to respond to the interrogatories served upon them to May 14, 2025; and (b) extend the deadline for the parties to move to amend their pleadings or to join other parties until twenty-one days after the Court has issued a ruling on all pending dismissal motions.

The parties' next appearance is scheduled for October 21, 2025, at 10:00 a.m.

Respectfully submitted,<br>
<em>Kevin Fritz</em><br>
Kevin Fritz

cc: all counsel of record (via ECF)

---

[1] "Counsel are expected to cooperate with each other, consistent with the interests of their clients, in all phases of the discovery process and to be courteous in their dealings with each other, including in matters relating to scheduling and timing of various discovery procedures." Local Civil Rule 26.4(a).

Meister Seelig & Fein PLLC
125 Park Avenue, 7th Floor, New York, NY 10017 | Phone (212) 655-3500 | Fax (212) 655-3535 | msf-law.com