UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Blake Lively, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 1:24-cv-10049-LJL |
| | § | (Consolidated with 1:25-cv-00449-LJL) |
| Wayfarer Studios LLC, a Delaware Limited | § | |
| Liability Company; Justin Baldoni, an indi- | § | **JURY TRIAL DEMANDED** |
| vidual; Steve Sarowitz, an individual; It | § | **ORAL ARGUMENT REQUESTED** |
| Ends With Us Movie LLC, a California | § | |
| Limited Liability Company; Melissa Na- | § | |
| than, an individual; The Agency Group PR | § | |
| LLC, a Delaware Limited Liability Com- | § | |
| pany; Jennifer Abel, an individual; Jed Wal- | § | |
| lace, an individual; and Street Relations, | § | |
| Inc., a California (sic) Corporation | § | |
| | § | |
| *Defendants.* | § | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTIONS TO DISMISS OR, IN THE ALTERNATIVE, MOTION
TO SEVER AND TO TRANSFER VENUE**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................................... ii

INTRODUCTION ....................................................................................................................... 1

PERSONAL JURISDICTION .................................................................................................. 3

VENUE ......................................................................................................................................... 8

FAILURE TO STATE A CLAIM ........................................................................................... 10

CONCLUSION ........................................................................................................................ 13

CERTIFICATE OF COMPLIANCE ..................................................................................... 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*800-Flowers, Inc. v. Intercontinental Florist, Inc.*,
  860 F.Supp.128 (S.D.N.Y. 1994) ................................................................9

*Aclh v. Superior Court*,
  122 Cal.App.4th 339 (Cal. Ct. App. 2004) ................................................ 13

*Air Marshall Motorsports LLC v. Moke Am. LLC*,
  No. 20-CV-8047 (LJL), 2021 WL 323256 (S.D.N.Y. Feb. 1, 2021) .........8

*Al Thani v. Hanke*,
  No. 20 CIV. 4765 (JPC), 2022 WL 489052 (S.D.N.Y. Feb. 17, 2022) ....................8

*Bangladesh Bank v. Rizal Com. Banking Corp.*,
  226 A.D.3d 60 (N.Y. App. Div. 1st Dept. 2024) ........................................4

*Bankers Life & Cas. Co. v. Holland*,
  346 U.S. 379 (1953) ...................................................................................8

*Blanco v. Success Acad. Charter School, Inc.*,
  722 F.Supp.3d 187 (S.D.N.Y. 2024) ........................................................ 11

*Bur-Tex Hosiery, Inc. v. World Tech Toys, Inc.*,
  No. 23 CIV. 3454 (LGS), 2024 WL 989841 (S.D.N.Y. Mar. 7, 2024) ....................4

*Charles Schwab Corp v. Bank of Am. Corp.*,
  883 F.3d 68 (2d Cir. 2018) ...............................................................1, 2, 4

*Chirag v. MT Marida Marguerite Schiffahrts*,
  604 F. App'x 16 (2d Cir. 2015) ..................................................................7

*Creative Photographers, Inc. v. Grupo Televisa*,
  S.A.B., No. 23-CV-7106 (LJL), 2024 WL 1533189 (S.D.N.Y. Apr. 8, 2024) ..........7

*Creative Photographers, Inc. v. Grupo Televisa, S.A.B.*,
  No. 23-CV-7106 (LJL), 2025 WL 388401 (S.D.N.Y. Feb. 4, 2025) .................5, 7

*Darboe v. Staples, Inc.*,
  243 F.Supp.2d 5 (S.D.N.Y. 2003) .............................................................10

*Delta Brands Inc. v. Danieli Corp.*,
  99 Fed. App'x 1 (5th Cir. 2004) ................................................................1

*Dish Network, L.L.C. v. Am. Broad. Companies, Inc.*,
    No. 12 CIV. 4155 LTS KNF, 2012 WL 2719161 (S.D.N.Y. July 9, 2012)................................9

*Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*,
    722 F.3d 81 (2d Cir. 2013)..............................................................................................5

*Fiol v. Doellstedt*,
    50 Cal.App.4th 1318 (Cal. Ct. App. 1996)................................................................13

*Flynn v. Higham*,
    149 Cal. App. 3d 677 (Cal. Ct. App. 1983) ..............................................................11

*Guglielmo v. JEGS Automotive, Inc.*,
    No. 20-CV-5376 (LJL), 2021 WL 1026168 (S.D.N.Y. Mar. 17, 2021).......................7

*Hadley v. City of Anaheim*,
    No. SACV181831DOCKES, 2020 WL 2405259 (C.D. Cal. Jan. 28, 2020) ..............11

*Hustler Mag., Inc. v. Flawell*,
    485 U.S. 46 (1988) .................................................................................................3, 10

*Kinsey v. New York Times Co.*,
    991 F.3d 171 (2d Cir. 2021) .............................................................................3, 11, 12

*MacDermid, Inc. v. Deiter*,
    702 F.3d 725 (2d Cir. 2012) ......................................................................................5

*Marvel Characters, Inc. v. Kirby*,
    726 F.3d 119 (2d Cir. 2013) ......................................................................................4

*McIntyre v. Ohio Elections Commn.*,
    514 U.S. 334 (1995) .................................................................................................10

*Mobley v. Workday, Inc.*,
    740 F.Supp.3d 796 (N.D. Cal. 2024) ......................................................................12

*Multi Access Ltd. v. Guangzhou Baiyunshan Pharm. Holdings Co., Ltd.*,
    No. 20-CV-7397 (LJL), 2024 WL 3498180 (S.D.N.Y. July 22, 2024) ......................5

*Nat'l Indus. Sand Ass'n v. Gibson*,
    897 S.W.2d 769 (Tex. 1995)......................................................................................1

*New York Times Co. v. Sullivan*,
    376 U.S. 254 (1964).................................................................................................10

*P.C. v. Driscoll*,
    No. 24-CV-2496 (LJL), 2025 WL 104522 (S.D.N.Y. Jan. 15, 2025) ....................2, 8

*Pagano v. Johnson Controls, Inc.*,
   No. 24-CV-01020 (MMG), 2025 WL 786535 (S.D.N.Y. Mar. 12, 2025) ................................9

*Raspberry Holdings LLC v. NextBank Int'l Inc.*,
   No. 24-CV-1529 (LJL), 2025 WL 438270 (S.D.N.Y. Feb. 7, 2025) ..................................2, 5, 6

*Rudersdal v. Harris*,
   No. 18CV11072GHWRWL, 2021 WL 2209042 (S.D.N.Y. Feb. 27, 2021),
   *report and recommendation adopted as modified*, No. 1:18-CV-11072-GHW, 2022
   WL 263568 (S.D.N.Y. Jan. 28, 2022) ...........................................................................4

*Samsung Elecs. Co., Ltd. v. Solas Oled Ltd.*,
   No. 21 CIV 5205 (LGS), 2022 WL 294631 (S.D.N.Y. Feb. 1, 2022) ...................................3, 9

*Save Power Ltd. v. Syntek Fin. Corp.*,
   121 F.3d 947 (5th Cir. 1997) ........................................................................................9

*Schwab Short-Term Bond Mkt. Fund v. Lloyds Banking Grp. PLC*,
   22 F.4th 103 (2d Cir. 2021) ......................................................................................3, 4

*Select Harvest USA LLC v. Indian Overseas Bank*,
   No. 22-CV-3931 (LJL), 2023 WL 2664079 (S.D.N.Y. Mar. 28, 2023) ...................................8

*Smith v. BP Lubricants USA, Inc.*,
   64 Cal.App.5th 138 (Cal. Ct. App. 2021) .....................................................................12

*Struna v. Leonardi*,
   626 F.Supp.3d 657 (S.D.N.Y. 2022) ..............................................................................4

*Talley v. California*,
   362 U.S. 60 (1960) ....................................................................................................10

*In re Terrorist Attacks on Sept. 11, 2001*,
   714 F.3d 659 (2d Cir. 2013) ........................................................................................5

*Vargas v. Vons Cos., Inc.*
   2022 WL 17685801 (Cal. Ct. App. Dec. 15, 2022)...........................................................11

*Warner Bros. Ent., Inc. v. Jones*,
   538 S.W.3d 781 (Tex. App.—Austin 2017), *aff'd*, 611 S.W.3d 1 (Tex. 2020) ........................11

*World-Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980) ..................................................................................................3

**Other Authorities**

*The Long Arm and Multiple Defendants: The Conspiracy Theory of In Personam Jurisdiction*, 84 Colum. L. Rev. 506 (1984) ................................................................1

N. Price & J. Jarvis, *Conspiracy Jurisdiction*, 76 Stan. L. Rev. 403 (2024) ......................................1

**INTRODUCTION**

Lively's response ("Resp." Or "Response") does not attempt to show personal jurisdiction over Wallace or Street ("Wallace Parties") under New York's long-arm statute but rather her "theory of personal jurisdiction—a conspiracy-based theory", Resp. at 2, is "the sole 'jurisdictional' issue (which is) whether the Wallace Parties were members of a conspiracy", Resp at 12. Thus, Lively argues, personal jurisdiction is not based on the Wallace Parties' *own acts* in New York (there are none) but rather the acts of *others,* the co-defendants, under the doctrine of conspiracy jurisdiction a "gloss on personal jurisdiction, where defendants can be subject to personal jurisdiction because a co-conspirator's minimum contacts are imputed to the otherwise remote defendant". N. Price & J. Jarvis, *Conspiracy Jurisdiction*, 76 Stan. L. Rev. 403, 405 (2024) ("*Stanford*").

This "still developing … but chaotic theory" has already created "an active and jagged circuit split" *Id*. at 403 and "[T]he Supreme Court has never weighed in on conspiracy jurisdiction as a form of personal jurisdiction over civil defendants." *Id* at 415. An academic commentator has described the doctrine as "seriously flawed". Note, *The Long Arm and Multiple Defendants: The Conspiracy Theory of In Personam Jurisdiction*, 84 Colum. L. Rev. 506, 510 (1984). Furthermore, conspiracy jurisdiction has been rejected by the Texas Supreme Court in *National Industry Sand Association v. Gibson*, 897 S.W.2d 769, 773 (Tex. 1995), and the United States Court of Appeals for the Fifth Circuit, *Delta Brands Inc. v. Danieli Corp*., 99 Fed. App'x 1, 6 (5th Cir. 2004), which includes Texas where the Wallace Parties reside thus informing due process fairness which the Response never even discusses.

Nonetheless the conspiracy theory has been accepted in the Second Circuit (its "*berceau*" or "literally cradle", *Stanford* at 431 n. 133) but under circumstances far removed and distinguishable from those here. For example, the only substantive case Plaintiff cites in support of her conspiracy jurisdiction theory, *Charles Schwab Corp v. Bank of Am. Corp.,* 883 F.3d 68, 82 (2d Cir. 2018) ("*Schwab I*"), Resp. at 10, noted that "Defendants do not contest Schwab's statutory basis for

personal jurisdiction under California state law" contrasted here with the Wallace Parties' vigorous and unrebutted argument that the New York long-arm statute does not reach them.  Dkt. 141 at 7. The dispute in *Schwab I* was about whether statutory compliance with the long arm statute also satisfied due process.

Here, Lively's only allegations regarding conspiracy jurisdiction are made "on information and belief," "argumentative inferences," and "legal conclusion[s] couched as [] factual allegation[s]," which this Court need not credit. *Raspberry Holdings LLC v. NextBank Intl. Inc.*, No. 24-CV-1529 (LJL), 2025 WL 438270, at *3 (S.D.N.Y. Feb. 7, 2025). And even those allegations (however characterized) "must be taken as true" only "to the extent they are uncontroverted by the defendant's affidavits" where, as here, jurisdictional discovery has not been conducted. *Raspberry Holdings*, 2025 WL 438270, at *3.

Lively claims, wrongly under settled and binding authority, that this Court should ignore the Wallace declaration, Resp. at 2, 11. But even if the Court does not credit the Wallace affidavit (although it must)  Plaintiff bears the burden of establishing conspiracy jurisdiction and yet does not allege (i)when or where the conspiracy was formed, (ii) who was in it at what point in time, (iii) what acts the alleged co-conspirators (none of whom are New York residents) performed in New York (with one irrelevant exception discussed below), (iv) how the conspiracy was aimed at or directed at New York especially when the complaint does not allege any territorial boundaries for "the sophisticated and well-funded retaliation campaign that sought to 'bury' and 'destroy' *anyone* (not just New Yorkers) that challenged his (Baldoni's) brand" AC at ¶ 5 (emphasis supplied), (v) when the Wallace Parties joined the alleged conspiracy (apparently it was later, Resp. at 6); (vi) and what they specially did to further the aims of the conspiracy in New York; and (vii) Wallace's awareness of those acts taken by the alleged co-conspirators and that those acts were in New York.

For venue, Lively totally ignores that "the Plaintiff bears the burden of showing . . . that venue is proper for *each* claim against *each* defendant." *P.C. v. Driscoll*, No. 24-CV-2496 (LJL), 2025 WL 104522, at *6 (S.D.N.Y. Jan. 15, 2025). Lively, instead, lumps other Defendants' alleged actions and attributes them to Wallace for venue. *See, e.g.*, Resp. at 17. Next, Lively wrongly invokes the

First Filed Rule where, as here, Wallace and Street were not sued in her initial complaint and this Court lacks jurisdiction over both. *See, e.g.*, *Samsung Elecs. Co., Ltd. v. Solas Oled Ltd.*, No. 21 CIV. 5205 (LGS), 2022 WL 294631, at \*4 (S.D.N.Y. Feb. 1, 2022)

Finally, if the Court reaches the merits, it should dismiss. For IIED, to avoid *Hustler*, Lively argues that Wallace and Street did far more than publish statements, but her Complaint says otherwise, and her own California cases support dismissal. For false light, either New York law or Texas law apply because Wallace's alleged conduct occurred in Texas and the purported ultimate impact was felt by Lively in New York. *See Kinsey v. New York Times Co.*, 991 F.3d 171, 177 (2d Cir. 2021). And for FEHA, Lively's cites to the Amended Complaint do not add up to knowledge, her California cases go against her, and she ignores that Wallace was not her employer.

**PERSONAL JURISDICTION**

While the Response ignores Lively's previous sworn statement in her Texas litigation, this Court should accept her judicial admission there that "[t]he critical evidence relevant to [her] claims, the specifics of the conduct by Mr. Wallace . . . is not otherwise available to" her. Texas Case ¶48. To provide Lively and this Court with those specifics, Wallace declared that he took no overt acts to retaliate against Lively, *see, e.g.*, Wallace Decl. ¶31. Rather, Wallace merely observed social media passively, *id.* ¶¶ 16–25, 30, and recommended "that everyone should let the sentiment on social media unfold organically" and "not to do anything," *id.* ¶25. So were there a conspiracy to "'destroy' Ms. Lively and punish her," Resp. at 5, Wallace and Street were not an "integral part," nor does the AC allege as much although the Response, belatedly, claims "the Wallace Parties [at some point in time] become an integral part of the conspiracy." Resp at 6.

Much like the AC, the Response ignores that "*Schwab* [*I*]'s three-prong test serves the purposeful availment requirement, rather than supplants" it. *Schwab Short-Term Bond Mkt. Fund v. Lloyds Banking Group PLC*, 22 F.4th 103, 125 (2d Cir. 2021) ("Schwab II"). It does not dispatch with the principle that "[a] defendant 'should reasonably anticipate being haled into court' in the forum [.]" Id. (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). So, "[t]o confer jurisdiction, defendants must have known of or should have anticipated overt acts in

New York to advance the conspiracy." *Bur-Tex Hosiery, Inc. v. World Tech Toys, Inc.*, No. 23 CIV. 3454 (LGS), 2024 WL 989841, at *9 (S.D.N.Y. Mar. 7, 2024). And, as a matter of the New York long-arm statute,[1] the out-of-state defendant must be "aware of the torts being committed by the [co-conspirators/agents]" and "some extent of control over the in-state actor." *Bangladesh Bank v. Rizal Com. Banking Corp.*, 226 A.D.3d 60, 78–79 (N.Y. App. Div. 1st Dept. 2024) (post-*Schwab II* case defining New York law). This awareness requirement is part of "determining a defendant's membership in the conspiracy." *Struna v. Leonardi*, 626 F.Supp.3d 657, 670 (S.D.N.Y. 2022).

In advocating for personal jurisdiction, Lively never identifies any specific co-conspirator committing any specific act that qualifies under § 302(a)(2)—an act taken while physically present in New York—that she is seeking to impute to Wallace through the conspiracy theory jurisdiction. In fact, she never once cites New York's long-arm statute. Just like conspiracy theory jurisdiction is not a substitute for purposeful availment, *Schwab II*, 22 F.4th 103, 125, conspiracy jurisdiction is not a substitute for application of the long-arm statute but a species of the agency theory to meeting it. *Bangladesh*, 226 A.D.3d at 77. Indeed, as this Court has read *Schwab I*, "the Second Circuit did not establish a stand-alone theory of personal jurisdiction, divorced from any statutory basis, and doing so would be inconsistent with existing law." *Rudersdal v. Harris*, No. 18CV11072GHWRWL, 2021 WL 2209042, at *16 (S.D.N.Y. Feb. 27, 2021), *report and recommendation adopted as modified*, No. 1:18-CV-11072-GHW, 2022 WL 263568 (S.D.N.Y. Jan. 28, 2022) (citing *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 128 (2d Cir. 2013) ("A district court must have a statutory basis for exercising personal jurisdiction.")); *see also Schwab I*, at 82 ("A plaintiff must have a state-law statutory basis for jurisdiction and demonstrate that the exercise of personal jurisdiction comports with due process.").

At most, Lively points to AC ¶26, which characterizes Sarowitz's comment that he would "spend $100 million to ruin the lives of Ms. Lively and her family," which later really turned out

---

[1] In *Schwab II*, Defendants had conceded application of the New York long-arm statute and only objected on due process grounds. *Schwab II*, 22 F.4th at 121 ("Only the third requirement – compliance with due process – is contested here."). Here, Wallace has challenged, to which Lively has not responded, long-arm jurisdiction.

to be a statement that he was "prepared to spend whatever necessary to defend Baldoni, Wayfarer Studios, and himself." AC ¶26 n.8. But Lively never explains why this comment is tortious conduct in New York or that Wallace was aware of it, let alone both. No other paragraph that Lively points to in the Response for personal jurisdiction mentions New York. Nor does any paragraph allege any awareness in general or of any specific act in New York.

For Wallace's participation in the conspiracy, Lively cites two paragraphs to support that TAG "engag[ed] Mr. Wallace and Street Relations to design and implement a 'social combat' plan." (citing AC ¶¶ 215–16). The first paragraph are text messages between Abel and Nathan that never mention Wallace or Street. AC ¶215. The next paragraph is an allegation "[o]n information and belief, TAG engaged Mr. Jed Wallace around this same time, in early August 2024, to design and implement their 'social combat' plan." AC ¶216. First, this is exactly the type of "[c]onclusory allegation[] based only on information and belief [that] are not sufficient to provide [] factual support." *Multi Access Ltd. v. Guangzhou Baiyunshan Pharm. Holdings Co., Ltd.*, No. 20-CV-7397 (LJL), 2024 WL 3498180, at *4 (S.D.N.Y. July 22, 2024).

Second, this Court generally takes the allegations in the AC as true, but only "to the extent they are uncontroverted by the defendant's affidavits." *Raspberry Holdings*, 2025 WL 438270, at *3 (quoting *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727–28 (2d Cir. 2012)). Lively, instead, claims "Wallace's declaration is irrelevant to the personal jurisdiction analysis," by mis-citing, *inter alia Dorchester*, *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 86 (2d Cir. 2013). Resp. at 11. But the *Dorchester* Court did not prohibit the trial court's "considering materials outside the pleadings as we have made clear that a district court may do so…." *Dorchester*, 722 F.3d at 86. This Court acknowledged *Dorchester* and noted "it remains true that where a plaintiff advances only conclusory allegations to contradict defendant's specific averments or evidence refuting jurisdiction, such allegations will not suffice to create the necessary prima facie showing that the court may exercise personal jurisdiction." *Creative Photographers, Inc. v. Grupo Televisa*, *S.A.B.*, No. 23-CV-7106 (LJL), 2025 WL 388401, at *8 n.9 (S.D.N.Y. Feb. 4, 2025) (citing *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 676–78 (2d Cir. 2013)).

So this Court can look to Wallace's declaration and see Lively does in fact "lack the specifics of the conduct by Mr. Wallace," Texas Case ¶48, because her general allegations get his conduct all wrong. *See* Wallace Decl. ¶¶ 16–31.  Wallace or Street did not post anything on social media on behalf of the Wayfarer Parties or about Lively, Reynolds, *It Ends With Us*, or any of Lively's or Reynolds's businesses. *Id.* ¶17. They didn't direct or ask anyone to post anything about the same. *Id.* ¶18. They didn't publish, directly or indirectly, any information or content (negative or otherwise) regarding Lively. *Id.* ¶19. And Wallace specifically forswears that a "social combat" or "social manipulation" plan is not a service he provided related to anything in this case. *Id.* ¶22.

Third, even setting aside Wallace's declaration, ¶216 is merely an allegation that TAG hired Wallace to design and implement, not that Wallace actually *did* design or implement anything. Paragraphs 215 and 216 do not plausibly allege what overt act Wallace actually ended up taking, namely what Wallace designed or did to implement any so-called plan. Lively wants this Court to draw an inference from her conclusory "information and belief" that Wallace was hired to do an amorphous retaliatory campaign and that he then carried it out. But she never gets into specifics. Even "if credited by the trier," this allegation "would [not] suffice to establish jurisdiction over the defendant." *Raspberry Holdings*, 2025 WL 438270, at *3.

Beyond those two paragraphs, Lively generally gestures to her background section, pages 6 to 8. The allegations on page 6 describe Wallace and Street Relations, but do not allege that Wallace did anything here. See Resp. at 6. On page 7, Lively finally gets to what she supposes Wallace did: "seeding, manipulating, and advancing disparaging content on social media platforms and internet chat forums." *Id.* at 7 (citing ¶223). But this is just another way of saying Wallace and Street retaliated against her—a threadbare recital of her claim, and a legal conclusion couched as a factual allegation. *See Raspberry Holdings*, 2025 WL 438270, at *3.  As for ¶250–57, these are more vague references to a "digital team," not Wallace or Street, except that Lively says Nathan and Abel merely "discussed working" with Wallace. *See, e.g.*, ¶250 (emphasis added).  She also bolds and italicizes other vagaries like "efforts to shift the narrative" from some random TAG employee who is not alleged to be part of the conspiracy. Resp. at 8 (quoting ¶245).

But bolding and italicizing her conclusory claims do not make them any more specific in the face of Wallace's declaration explaining specifically that he did not post, like, boost, or ask anyone else to do so. See Wallace Decl. ¶¶ 16–31. Whatever Lively says about TAG, Nathan, or Abel, what she does not say is that Wallace made any particular post, liked or otherwise "boosted" any story or post, or really explain how Wallace joined in on the alleged conspiracy to "destroy" her. That is because, if it happened—which Wallace cannot deny it did because he was not there, but again he doubts, Wallace Decl. ¶31—it did not involve Wallace. As Wallace explained in detail, his recommendation was to do nothing on social media because Baldoni was already organically "crushing it on Reddit." Wallace Decl. ¶25. This paragraph, however, admittedly corroborates one allegation in Lively's AC, where Lively posts a chart showing online sentiment began to turn negative in July, two weeks before Lively alleges Wallace was hired. *See* AC ¶332; *see also* AC ¶216 (alleging that Wallace was hired in August 2024); Wallace Decl. ¶ 16 (confirming August date).

Lively's AC stays at a high level because she lacks "the specifics," but now that she has them in Wallace's declaration, she wants the Court to disregard them. *See* Resp. at 11. As this Court has recognized, "it remains true that where a plaintiff advances only conclusory allegations to contradict defendant's specific averments or evidence refuting jurisdiction, such allegations will not suffice to create the necessary prima facie showing that the court may exercise personal jurisdiction." *Creative Photographers*, 2025 WL 388401, at *8 n.9. Without that prima facie showing, Lively's claims against Wallace should be dismissed.

And without a prima facie showing, Lively is not entitled to jurisdictional discovery. "[J]urisdictional discovery is not permitted where ... the defendant submits an affidavit that provides all the necessary facts and answers all the questions regarding jurisdiction." *Guglielmo v. JEGS Automotive, Inc.*, No. 20-CV-5376 (LJL), 2021 WL 1026168, at *5 (S.D.N.Y. Mar. 17, 2021); *see also Chirag v. MT Marida Marguerite Schiffahrts*, 604 F. App'x 16, 18–19 (2d Cir. 2015); *Creative Photographers, Inc. v. Grupo Televisa*, S.A.B., No. 23-CV-7106 (LJL), 2024 WL 1533189, at *14 (S.D.N.Y. Apr. 8, 2024). "Plaintiff offers no reason to question Mr. [Wallace]'s sworn statements or to believe that its requested discovery will yield a basis for this Court's jurisdiction," other than

to call it self-serving. *Air Marshall Motorsports LLC v. Moke Am. LLC*, No. 20-CV-8047 (LJL), 2021 WL 323256, at *2 (S.D.N.Y. Feb. 1, 2021).[2]

**VENUE**

For ***Improper Venue***, Lively ignores that "the Plaintiff bears the burden of showing . . . that venue is proper for each claim against each defendant." *Driscoll*, 2025 WL 104522, at *6. She instead, lumps other Defendants' alleged actions and attributes them to Wallace for venue. *See, e.g.*, Resp. at 17 ("[F]or venue purposes the relevant facts are those involved in the underlying torts for which Ms. Lively seeks to hold the Wallace Parties vicariously liable"). She never alleges or points to a single action that the Wallace Parties took in New York. *See generally* AC; *see also* Resp. 13. She, instead, as on personal jurisdiction, relies on a conspiracy theory, now about venue.

To support her conspiracy theory of venue, Lively cites *Al Thani v. Hanke*, No. 20 CIV. 4765 (JPC), 2022 WL 489052, at *10 (S.D.N.Y. Feb. 17, 2022) and ignores controlling authority from the United States Supreme Court which holds that the acts of co-conspirators cannot be a basis for venue, rather venue must be established as to each defendant. *Cf. Bankers Life & Cas. Co. v. Holland,* 346 U.S. 379, 384 (1953); *see also Driscoll*, 2025 WL 104522, at *6. All that *Al Thani* recognized was that when a defendant makes multiple phone calls to a plaintiff he knows is in New York, and makes false representations during those calls, his presence in another state does not alone defeat venue. *See id.* Nothing in *Al Thani* changes the defendant-by-defendant and claim-by-claim showing that Lively has failed to even attempt in her response as to Wallace. *See* Resp. at 13 (never once mentioning Wallace in her analysis); *see also Driscoll*, 2025 WL 104522, at *6. The only thing Lively has said about where Wallace's actions took place was under oath, in a Texas filing, where she swore "a substantial part . . . occurred in Hays County, [Texas]." And that he was working from home in Texas. Texas Case ¶36.

---

[2] The Court should decline Lively's invitation to hold onto Wallace until the merits trial. *See* Resp. at 12. If ordered, limited jurisdictional discovery would quickly confirm the one merits issue: Wallace's noninvolvement in the conspiracy. *See, e.g.*, *Select Harvest USA LLC v. Indian Overseas Bank*, No. 22-CV-3931 (LJL), 2023 WL 2664079, at *11 (S.D.N.Y. Mar. 28, 2023) (limiting ordered jurisdictional discovery).

Lively agrees with all these principles—as she has said in moving to dismiss Wallace's Texas complaint against *her* for lack of venue: "Instead, in defamation actions, courts look to the defendant's conduct and where that conduct took place to determine where a substantial part of the events or omissions giving rise to the claim occurred." Lively MTD, 1:25-cv-00163, at Dkt. 17-1.

As to the **First-Filed Rule**, Lively emphasizes that it "does not require identical parties." *Pagano v. Johnson Controls, Inc.*, No. 24-CV-01020 (MMG), 2025 WL 786535, at *3 (S.D.N.Y. Mar. 12, 2025) (cited by Resp. at 14). But she cites cases where those attempting to evade the first-filed rule were still involved in the first-filed case. *See, e.g., id.* at *1 (three actions against same defendant); *see also Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 949, 951 (5th Cir. 1997) (party could not evade transfer to first-filed suit it was involved in).  But Wallace and Street were not involved in this lawsuit until she named them two weeks after Wallace's suit in Texas federal court.

And the first-filed rule only applies when the first-filed court actually has jurisdiction over the parties and the claims. *See, e.g., Samsung Elecs. Co., Ltd. v. Solas Oled Ltd.*, No. 21 CIV. 5205 (LGS), 2022 WL 294631, at *4 (S.D.N.Y. Feb. 1, 2022) (recognizing an exception when there is an absence of jurisdiction). But here, this Court lacks jurisdiction over Wallace and Street.

Finally, Lively cites that Wallace's Texas Action includes anticipatory declaratory judgment relief, and argues that it is not "entitled to priority under the first- filed rule." Resp. at 14–15 (citing *Dish Network, L.L.C. v. Am. Broad. Companies, Inc.*, No. 12 CIV. 4155 LTS KNF, 2012 WL 2719161, at *2 (S.D.N.Y. July 9, 2012)). First, a "party has a right to seek declaratory judgment where a reasonable apprehension exists that if it continues an activity it will be sued by another party." *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F.Supp.128, 132 (S.D.N.Y. 1994). In any event, this "special circumstances exception to the first-filed rule," *Dish Network,* 2012 WL 2719161, at *4, does not apply because Wallace did not only bring an anticipatory declaratory judgment action, but also a substantive claim for relief for defamation, *see* First Filed Case, 1:25-cv-00163 (Dkt. No. 1) (W.D. Tex. Feb. 4, 2025) ¶¶ 21–24.

## FAILURE TO STATE A CLAIM

For **IIED**, Lively seeks to evade the clear application of *Hustler Mag., Inc. v. Flawell*, 485 U.S. 46, 56 (1988) by arguing that her "IIED claim as to the Wallace Parties extends beyond a 'grava-men' of falsehoods." Resp. 23. But then she cites AC paragraphs alleging that Wallace and Street published negative comments or elicited others to publish negative comments. *See id.* Wallace de-nies making any such comments, Wallace Decl. ¶ 19, but taking Lively's allegations as true, the gravamen remains Wallace's First Amendment activity of speech, even if (as alleged) that speech was not under Wallace's name. *See, e.g.*, *McIntyre v. Ohio Elections Commn.*, 514 U.S. 334, 342 (1995); *see also Talley v. California*, 362 U.S. 60, 64 (1960).

Lively's actual malice allegations then amount to one paragraph that she has a threadbare re-cital of the element of actual malice and the conduct and knowledge of people other than Wallace and Street. *See* Resp. at 24.  There are no factual allegations that knowledge or reckless disregard for any supposed falsities were "brought home" to Wallace and Street. *See, e.g.*, *New York Times Co. v. Sullivan*, 376 U.S. 254, 287 (1964). Rather, Lively points to what Wallace's so-called "co-conspirators" were allegedly spreading information that "they knew to be false." Resp. at 24.  Nor are there any factual allegations what Wallace or Street actually did to "work[] to 'bury' or 'de-stroy'" Lively. *Contra* Resp. at 24. Rather, the Response just cites paragraphs in the Amended Complaint that refer to "the Wayfarer team," without any factual support identifying which, if any, of these posts that Wallace or Street supposedly seeded. *See* Resp. at 25 (citing AC paragraphs that do not mention Wallace or Street). Lively does not allege any specific negative post about her, "her business accounts, [or] her loved ones" came from Wallace or Street. *Contra* Resp. at 25.

Even without *Hustler*, the Court should be dismissed. Texas or New York should apply to all Lively's claims, New York choice-of-law points to Texas or New York because "the rule against intentional infliction of emotional distress is conduct-regulating, and plaintiff claims the alleged acts occurred," *Darboe v. Staples, Inc.*, 243 F.Supp.2d 5, 19 (S.D.N.Y. 2003), in New York, AC ¶¶ 19-21, 73, or in Texas, Texas Case ¶36 ("a substantial part . . . occurred in Hays County, [Texas]").  And as this Court explained, "IIED is a highly disfavored [tort] under New York law."

*Blanco v. Success Acad. Charter School, Inc.,* 722 F.Supp.3d 187, 217 (S.D.N.Y. 2024). The tort is similarly unavailable in Texas when the conduct alleged is essentially defamation. *See also Warner Bros. Ent., Inc. v. Jones,* 538 S.W.3d 781, 814 (Tex. App.—Austin 2017) (dismissing "gap-filler" tort of IIED, when claim sounded in defamation*), aff'd*, 611 S.W.3d 1 (Tex. 2020). Lively ignores Wallace's arguments about New York and Texas law and goes straight to California law.

But Lively's California cases also support dismissing her IIED claim, so the result would be the same. Lively claims in *Flynn v. Higham*, 149 Cal. App. 3d 677, 682 (Cal. Ct. App. 1983) the California court found "IIED sufficiently pleaded" independent of defamation. Resp. at 23. But, in reality, the Court "conclude[d] that the plaintiffs have failed to plead facts sufficient to constitute a cause of action for the intentional infliction of emotional distress," *Flynn*, 149 Cal. App. 3d at 683, because " to allow an independent cause of action for the intentional infliction of emotional distress based on the same acts which would not support a defamation action, would allow plaintiffs to do indirectly that which they could not do directly. It would also render meaningless any defense of truth or privilege."

Her next case, *Vargas*, is no better because it holds that a "claim for intentional infliction of emotional distress *against Vons* is without merit as a matter of law." *Vargas v. Vons Cos., Inc.* 2022 WL 17685801, at *14 (Cal. Ct. App. Dec. 15, 2022) (unpublished and therefore not citable in California).

Lively takes further liberties when discussing her remaining California IIED case. She describes *Hadley v. City of Anaheim*, No. SACV181831DOCKES, 2020 WL 2405259, at *5 (C.D. Cal. Jan. 28, 2020), as mere "creat[ion of] fake email accounts and social media profiles," Resp. at 25, but that case involved the filing of a false police report and "fabricating an entire online persona for Ms. Hadley and acting nefariously in her name[.]" She makes no such allegations here (nor could she).

For **False Light**, Lively never addresses that Wallace cites binding circuit precedent explaining that New York choice-of-law considers "where the plaintiff suffered the greatest injury," usually the Plaintiff's domicile, and "where the statements emanated and were broadcast." *Kinsey v. New*

*York Times Co.*, 991 F.3d 171, 177 (2d Cir. 2021) (cited by MTD at 16). That is either New York or Texas, neither of which recognize false light. *See* MTD at 17 (collecting cases). In only pushing for California law to apply, Lively merely italicizes "the" and "greatest interest" in the general formulation of New York's choice of law standard, without actually getting into the substance. *See* Resp. at 18. But the substance points to New York or Texas. *See Kinsey*, 991 F.3d at 177. She also does not explain why, under New York law, Street's California incorporation matters to her claim (she admits that at the time Street Relations was sued here it was and remains a Texas Corporation), *see* Resp. at 19, when she has no allegations that Wallace or Street Relations did anything in California, *see generally* AC. Nor does she explain how passively monitoring social media can make Wallace liable for false light. *See* Resp. at 19 (citing Wallace Decl. ¶28).

For her ***FEHA Aiding and Abetting Claim***, Lively's own cases again make the case against her. In *Mobley v. Workday, Inc.*, the Court held the plaintiff needed to "allege specifically what the employers' discriminatory conduct was, how [aiding and abetting defendant] knew of the discriminatory conduct, and how [aiding and abetting defendant] either assisted or encouraged the discriminatory conduct." 740 F.Supp.3d 796, 813 (N.D. Cal. 2024). Here, Lively's claim turns on retaliating against her for her sexual harassment and HR complaints. *See* Resp. at 21, 22 n.7. But she never alleges that Wallace knew of any HR complaints or claims for sexual harassment that qualify as protected acts under FEHA. *See generally* AC. Lively merely mishmashes one allegation about Wallace, ¶245, with one about HR Complaints with Nathan and Abel, ¶43, without explaining how Wallace knew or claiming he did. *See* Resp. at 21. And Lively's reference to ¶260 and alleged misconduct is not even misconduct alleged by Lively, so it cannot be the basis of her retaliation claim. *See* Resp. at 21. She also totally fails to connect the allegations in ¶¶261–66 to Wallace in any way.

Like most of her Response, Lively also just fails to respond; this time to *Smith v. BP Lubricants USA, Inc.*, which faulted the plaintiff for failing to "allege that [aiding and abetting defendant] knew [employer]'s conduct violated FEHA." 64 Cal.App.5th 138, 146 (Cal. Ct. App. 2021). Her

other case, *Aclh v. Superior Court*, 122 Cal.App.4th 339, 389 (Cal. Ct. App. 2004) cites *Fiol v. Doell-stedt*, 50 Cal.App.4th 1318, 1326 (Cal. Ct. App. 1996), which says: "Mere knowledge that a tort is being committed and the failure to prevent it does not constitute aiding and abetting." *See also Alch,* 122 Cal.App.4th at 389 (listing as element that alleged aider and abettor "knew the employer's conduct violated FEHA"). Lively has not even alleged Wallace's knowledge of any particular acts or protected action for retaliation adequately, but even if she had, it would not be enough as *Alch* says, the alleged aider and abettor must have known "the employer's conduct violated FEHA".

**CONCLUSION**

Beyond being listed as Parties, AC ¶¶ 65-66, the Wallace Parties are barely mentioned in Lively's 141-page, 482-paragraph, five-attached-exhibits amended complaint. If this were a Hollywood movie the critics would deem the script overwritten and the peripheral characters (Wallace and Street) under-developed and therefore cut from the film. Of course, no one likes to be described as a bit player or an afterthought but the Wallace Parties will get over it because this lack of attention necessarily leads to the conclusion that there is no adequate factual predicate for this Court's exercise of jurisdiction or venue and the case, as to them, should be dismissed without prejudice. In the alternative, the claims against them should be severed and transferred to the United States District Court for the Western District of Texas, Austin Division where a claim against Lively by the Wallace Parties is pending. But if we are truly into Almost Happy Ending(s) the Court could reach the merits and, if it does, dismiss the claims against the Wallace Parties with prejudice.

We predict the Wallace Parties (and the critics) would like that. A cleaner story line and, sadly for some, less attorneys fees.

Dated: April 9, 2025

Respectfully submitted,

JACKSON WALKER LLP

S/ *Charles L. Babcock*
Charles L. Babcock
SDNY #5451117
Joel R. Glover
SDNY #5697487
1401 McKinney, Suite 1900
Houston, TX 77010
(713) 752-4200
cbabcock@jw.com
jglover@jw.com

**ATTORNEYS FOR DEFENDANTS**
**JED WALLACE, AN INDIVIDUAL AND**
**STREET RELATIONS, INC.**

**CERTIFICATE OF COMPLIANCE**

This memorandum of law complies with S.D.N.Y. Local Civil Rule 7.1, because it meets the formatting requirements, including being 12-point type or larger, with one-inch margins, and the body text is exactly double-spaced. This memorandum of law complies with Judge Liman's individual practices because no party has objected to the length of this brief at 13 pages.

*/s/ Charles L. Babcock*
Charles L. Babcock