# WILLKIE FARR & GALLAGHER LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

April 10, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049 (LJL); *Wayfarer Studios LLC v. Lively, et al.*, No. 1:25-cv-449 (LJL)

Dear Judge Liman:

      Blake Lively and Ryan Reynolds respectfully submit this letter in opposition to the Wayfarer Parties' motion to extend the April 18, 2025 deadline to move to amend or join additional parties, and for an extension of time to respond to outstanding interrogatories. ECF 168 ("Letter").

      ***The motion to amend the Court's Scheduling Order should be denied.*** The Wayfarer Parties seek to amend the Court's Case Management Plan and Scheduling Order of February 3, 2025, ECF 58 ("Scheduling Order"), entered at the joint request of the parties, by extending the time to amend pleadings "from April 18, 2025, to a date twenty-one days after the Court's last-issued ruling on the pending dismissal motions." Letter at 2. As the Court is aware, the Court's model case management plan and scheduling order requires that "[a]bsent exceptional circumstances," the deadline to seek leave to amend the pleadings be fixed at "a date not more than thirty (30) days following the initial pretrial conference[,]" which would have been March 5, 2025 in this case. Scheduling Order ¶ 4. At the time they proposed the April 18 deadline, the parties explained that a departure from that outer limit was warranted to "avoid unnecessary additional requests for extension of the schedule" because, after conferring, "[o]ne or more of the parties anticipate[d] amending their complaint(s) and/or joining additional parties." ECF 49 at 1, 2. The *very next day*, the Wayfarer Parties filed their Amended Complaint—before any responsive pleading or pre-answer motion had been filed. ECF 50. As counsel for Ms. Lively and Mr. Reynolds noted at the initial pretrial conference, the Wayfarer Parties' maneuver was executed without notice to any other party, and seemingly without any reason, given that the parties had conferred and agreed to an extension of the default deadline for amendments in the Scheduling Order. ECF 63 ("Feb. 3 Tr.") at 8:8-22. Nonetheless, at that same February 3 conference, counsel for the Wayfarer Parties represented that "[f]irst and foremost, we would like to move the case along as quickly as possible *and think that the order that we had agreed to works notwithstanding the amendment of the complaint.*" *Id.* at 21:10-14.

      A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b); *see Furry Puppet Studio, Inc. v. Fall Out Boy*, 2020 WL 4978080, at *1 (S.D.N.Y. Feb. 24, 2020). Accordingly, Paragraph 3(A) of the Court's Individual Rules requires that "[a]ny motion to amend the Case Management Plan and Scheduling Order shall be accompanied by

a letter identifying with particularity why 'good cause' exists for such amendment." That requirement applies with equal force to the Scheduling Order's deadline for a motion to seek leave to amend the pleadings; indeed, Rule 16(b) *requires* that the Court set such a deadline, "to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-40 (2d Cir. 2000).

The Wayfarer Parties **do not even mention** the "good cause" standard, much less identify "with particularity" why it is satisfied here. Nor could they. The Scheduling Order has been in place since February 3, and they have known since February 11 that the Lively-Reynolds Parties' response to the Amended Complaint was not due until March 20. Rather than wait for motions to dismiss to be filed, the Wayfarer Parties inexplicably used their sole opportunity to amend as of right on January 31, knowing full well that further amendment would require leave of court. In other words, the predicament in which the Wayfarer Parties now find themselves—wishing that they had drafted their Amended Complaint differently given arguments raised in the motions to dismiss—is the result of their strategic decision to file an early amendment. "A finding of good cause depends on the diligence of the moving party. In other words, the movant must show that the deadlines cannot be reasonably met despite its diligence." *Rent-A-Ctr., Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. 2003) (cleaned up). The Wayfarer Parties have not come close to showing good cause here, where they have known all of the circumstances relevant to the instant request for two months, yet did nothing. Indeed, the Wayfarer Parties previously sought a modification of the briefing and amendment schedule on February 26 (at that time, seeking to file all of their oppositions to all motions to dismiss and/or an amended complaint two weeks after the last motion was filed, or April 3, whichever was later), which all of the Defendants declined at that time. Yet, the Wayfarer Parties took no action until now, even though their current issues with the schedule were both "foreseeable [and their] fault." *Furry Puppet Studio*, 2020 WL 4978080, at *1.

The premise of the Wayfarer Parties' request—that they should be entitled to read the Court's decision on the motions to dismiss before seeking leave to amend—is unsupported. Rule 15 permits a party to amend *once* as of right within 21 days of an opponent's responsive pleading (provided the party has not already burned that chance, as the Wayfarer Parties did), and Rule 16 requires that an amendment deadline be fixed in a scheduling order entered near the outset of the case. Nothing in the rules guarantees a party the right to lose a motion to dismiss before alleging all of the facts that support their claims (much less to continue receiving discovery while they wait). Moreover, the Wayfarer Parties have already sought leave to amend in each of their oppositions to each motion to dismiss, but did not identify in any of the oppositions *how* they would amend their pleading to cure any defects, much less attach a proposed further amended complaint. *See* L.R. 15. Nor do they do so now, even as they ask the Court to grant this "exceptional" relief. At best, the "information supporting the [Wayfarer Parties'] proposed amendment . . . was available to [them] even before [they] filed suit," defeating a request for more time to amend. *Parker*, 204 F.3d at 341.

Finally, the Wayfarer Parties' assertion that granting this request would not "prejudice any party" is baseless. Letter at 2. To the contrary, the Lively-Reynolds and Sloane Parties would be significantly prejudiced by an unwarranted extension of this litigation, in which *the Wayfarer Parties* have not just propounded voluminous and burdensome discovery requests, but continued to advance their retaliatory campaign against Ms. Lively and Mr. Reynolds by churning out derogatory content in social and legacy media channels. ECF 84 ¶¶ 294–312. No party should be asked to endure this continuing harm solely because of the careless litigation decisions made by the Wayfarer Parties.

Any reasonably diligent party would have been able to meet the Court's *unusually generous deadline*, and the Wayfarer Parties' request should accordingly be denied. If this Court is inclined to grant any extension of the deadline, the Lively-Reynolds Parties request that discovery against them for the Wayfarer Parties' claims be stayed unless and until they are able to settle upon a version of their complaint that can actually survive a motion to dismiss.

***The motion to extend the interrogatory response deadline should be denied.*** The Wayfarer Parties' request for a month-long extension for responses to interrogatories due on April 14, 2025 rests on a disingenuous attempt to paint the Lively-Reynolds and Sloane Parties' discovery requests as "excessive."[1] Although the Wayfarer Parties harp on the aggregate volume of *requests for production*, such requests are irrelevant to the deadline as to *interrogatories*; they have averaged more outbound requests per party than they have received; and, in any event, the volume of discovery propounded to the eight Wayfarer Parties would predictably be higher than that served on the four Lively-Reynolds and Sloane Parties. Besides, if they take issue with the document requests, that is what objections and a meet and confer process are for. The Wayfarer Parties are dealing with a modest volume of interrogatory requests designed to guide discovery moving forward: Ms. Lively has served an aggregate of 15 interrogatories, Mr. Reynolds has served 36, and the Sloane Parties have each served 64 on the Wayfarer Parties. On the deadline, the Wayfarer Parties will be answering no more than 24 interrogatories served by the four parties they chose to sue (five counting *The New York Times*). Had they not wanted to respond to interrogatories from, say, Mr. Reynolds or Ms. Sloane, they could and should have forgone filing utterly frivolous lawsuits against them, or agreed to the Sloane Parties' request to stay discovery.

Although the Wayfarer Parties claim to have been occupied with "extensive briefing in the past few weeks," the same holds true for all the other parties who stand ready to provide timely discovery responses. Nor is there unforeseeable burden in the written discovery demands being served "virtually simultaneously," as the Wayfarer Parties have known since early February that all parties would serve initial sets of interrogatories by March 14, pursuant to the Scheduling Order. *See* Letter at 1; Dkt. 58 ¶ 7(b). The fact that they are willing to make the requested delay "mutual" does not entitle them to shift the schedule simply because *they* have decided it is to *their* benefit to temporarily forego receiving discovery to avoid producing it. The inability of the Wayfarer Parties to manage their calendar or the workload that they collectively invited also does not provide a basis for their motion, particularly in the absence of any explanation for why the completed briefing requires a month-long extension. The Court should reject the Wayfarer Parties' invitation to introduce delay into the schedule at the first opportunity, and instead take them at their repeated insistence that they wish to move forward in discovery without delay.[2]

---

[1] Despite claiming that the parties provided no "reason for their refusal" to stipulate to the extension, the Wayfarer Parties omit that there was no discussion when they asked for positions by email. *See* Individual Rule 1(C) ("Any party wishing to file a letter-motion shall include in the letter-motion a statement that *it first attempted to confer in good faith with the opposing parties, in person or by telephone*, in an effort to resolve the dispute.") (emphasis added).

[2] *See* Dominic Patten, *Justin Baldoni Lawyer Scolds "Privileged" Blake Lively & "Cowardly" Ryan Reynolds Amidst Flurry of Filings*, DEADLINE (Mar. 21, 2025, 10:54 AM), https://deadline.com/2025/03/blake-lively-justin-baldoni-latest-filings-1236346496/ (urging that Ms. Lively's "fantastical claims will be swiftly debunked as discovery moves forward, easily disproved with actual, evidentiary proof"); Feb. 3 Tr. at 26:10–13 ("We are happy to work 24 hours a day seven days a week to make sure that those documents are produced timely and right away. We're not delaying this in any way."); *id.* at 24:13–17 ("for case efficiency sake and for moving this along, we would really urge the Court to allow discovery to take place and move forward . . .").

Respectfully submitted,

*/s/ Michael J. Gottlieb*

Michael J. Gottlieb
Kristin E. Bender
Meryl C. Governski (*pro hac vice*)
Willkie Farr & Gallagher
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron E. Nathan
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

Esra A. Hudson (*pro hac vice*)
Stephanie A. Roeser (*pro hac vice*)
Manatt, Phelps & Phillips LLP
2049 Century Park East, Suite 1700
Los Angeles, California  90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
Manatt, Phelps & Phillips, LLP
7 Times Sq.
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

*Attorneys for Blake Lively and Ryan Reynolds*

4