# EXHIBIT B

March 14, 2025 Interrogatories from Vision PR, Inc. to the Wayfarer Parties

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| BLAKE LIVELY,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>WAYFARER STUDIOS LLC, et al.,<br><br>　　　　　　　Defendants. |
| WAYFARER STUDIOS LLC, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>BLAKE LIVELY, et al.,<br><br>　　　　　　　Defendants. |

Case No. 24-cv-10049 (LJL)
[rel 25-cv-449]

**VISION PR, INC.'S FIRST SET OF INTERROGATORIES TO THE WAYFARER PARTIES**

Vision PR, Inc., by and through the undersigned attorneys, and pursuant to Federal Rules of Civil Procedure 26 and 33, and associated local rules, propound the Interrogatories attached hereto unto Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel (collectively, the "Wayfarer Parties"), to be answered under oath and in writing, within the time and manner prescribed by law pursuant to the applicable Federal Rules of Civil Procedure.

## DEFINITIONS

Wherever they hereafter appear the following words and phrases have the following meanings:

1. "Above-captioned matter" means *Lively v. Wayfarer Studios LLC, et al.*, 1:24-cv-10049-LJL (S.D.N.Y.).

2. "Agent" shall mean any agent, employee, officer, director, attorney, independent contractor, or any other person acting, or purporting to act, at the direction of or on behalf of another.

3. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), including but not limited to telephone calls, in-person conversations, emails, or otherwise.

4. "Concerning" means relating to, referring to, describing, evidencing, or constituting. A Document may concern a specific Person whether or not it mentions that Person by name.

5. "Document" means any documents or electronically stored information—including any writing, drawing, graph, chart, photograph, sound recording, image, or other data or data compilation—stored in any medium (including email, text messages, or chats) from which

information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

6. "Employee" includes a past or present officer, director, agent, or servant, including any attorney (associate or partner) or paralegal.

7. "Film" means the film "It Ends With Us."

8. "Identify" with respect to persons means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

9. "Identify" with respect to Documents means to give, to the extent known, the (a) type of Document; (b) general subject matter; (c) date of the Document; and (d) author(s), addressee(s), and recipient(s). In the alternative, the responding party may produce the Documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

10. "Including" means including without limitations.

11. "Lively-Reynolds Parties" means Blake Lively and Ryan Reynolds.

12. "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

13. "You" or "your" hereinafter means each Wayfarer Party in the above-captioned matter.

**TIME PERIOD**

1. Unless otherwise indicated, the Relevant Period for these Interrogatories is from January 1, 2019 to the present.

## INTERROGATORIES

1. Identify any person believed or known by you to have any information or knowledge concerning any event, fact, matter, act, allegation, or issue included in or raised by the Complaint or Amended Complaint You filed in No. 25 Civ. 449 (LJL) (S.D.N.Y.) or this action.

2. Identify the location of any documents concerning any event, fact, matter, act, allegation, or issue included in or raised by the Complaint or Amended Complaint You filed in No. 25 Civ. 449 (LJL) (S.D.N.Y.) or this action.

3. Identify each Person You allege Vision PR, Inc. communicated with regarding the Wayfarer Parties.

4. Identify each defamatory statement You allege Vision PR, Inc. made concerning any of the Wayfarer Parties.

5. Identify each of the "malicious stories portraying Baldoni as a sexual predator," as alleged in paragraph 8 of Your Amended Complaint.

6. Identify each journalist mentioned in paragraph 233 of Your Amended Complaint, which states that "Nathan started hearing from other journalists that Sloane was planting negative stories about Baldoni and was under the impression that Baldoni's camp had broken the truce."

7. Identify each of the "stories critical of Baldoni, including that Baldoni was a sexual predator, ahead of the Film's release," as mentioned in paragraph 282 of Your Amended Complaint.

8. Itemize and state the total amount of damages You claim resulting from the alleged actions of Vision PR, Inc. and describe in detail how You calculated this figure.

Dated: March 14, 2025

Respectfully submitted,

/s/ *Sigrid S. McCawley*
Sigrid S. McCawley
Boies Schiller Flexner LLP
401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL 33316
Telephone: (954) 356-0011
Fax: (954) 356-0022
Email: smccawley@bsfllp.com

*Counsel for Leslie Sloane
and Vision PR, Inc.*

## CERTIFICATE OF SERVICE

I certify that on March 14, 2025, the foregoing was served on all counsel of record via email.

/s/ *Sigrid S. McCawley*  
Sigrid S. McCawley