

Sigrid S. McCawley
Telephone: 954-356-0011
Email: smccawley@bsfllp.com

April 30, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1620
New York, New York 10007

> Re:    ***Lively et al. v. Wayfarer Studios LLC et al.*, No. 24 Civ. 10049 (LJL)**
> **[rel. No. 25 Civ. 779]**

Dear Judge Liman:

On behalf of Leslie Sloane and Vision PR, Inc. (the "Sloane Parties"), we write pursuant to Individual Rule 4.C to request that the Court compel the Wayfarer Parties to respond to the Sloane Parties' Interrogatory Nos. 3, 4, 5, and 7, and produce documents responsive to Request for Production No. 32.[1] The Parties conferred in good faith but were unable to reach a resolution.

After four months of dissembling and issuing vague and inconsistent statements through their attorneys, the Wayfarer Parties have yet to identify the basis for their claims against the Sloane Parties, including but not limited to (i) the statements they claim defamed them or put them in a "false light," (ii) when or how those statements occurred, and (iii) to whom those statements were made. As set forth in the Sloane Parties' motion to dismiss, the Wayfarer Parties were required to (but did not) provide this information in their complaints. The Wayfarer Parties' opposition brief provided no further specifics, stating only that they "know and allege that Sloane made statements to reporters referring to Baldoni as a sexual predator and accusing him of sexual assault" and "seeded false information about Baldoni to the Daily Mail in an effort to divert negative attention from Lively." ECF No. 121 at 11–12. The Wayfarer Parties somehow made these factual assertions despite previously including in their now-dismissed California action against the New York Times an image capture of that Daily Mail reporter conceding to Bryan Freedman and Melissa Nathan that "I had many conversations with [Sloane] about Blake and never once did she say anything about sexual assault." *See* Exhibit C at 16 (Dec. 31, 2024 Compl. in *Wayfarer Studios LLC, et al. v. The New York Times Company, et al.*).[2] Because Ms. Sloane denies ever referring to Baldoni as a "sexual predator" or accusing him of "sexual assault," she is unable to meaningfully defend herself without knowing what the Wayfarer Parties accuse her of saying and to whom.

If, as it appears, the Wayfarer Parties have no Rule 11 basis for their claims, they should be forced to make that admission in discovery now, rather than hide behind boilerplate objections to clearly appropriate discovery requests.

---

[1] Because the Sloane Parties' discovery requests and the eight Wayfarer Parties' responses thereto are identical for relevant purposes, Justin Baldoni's responses to Ms. Sloane's discovery requests are attached as Exhibits A and B hereto.

[2] That same message (which the Wayfarer Parties have yet to produce) reveals that Melissa Nathan surreptitiously listened to Ms. Sloane's phone calls in violation of California's wiretapping statute, Cal. Penal Code § 631. The Daily Mail reporter writes: "I had a three-way call with her and Melissa and she never said anything about it then either." Ex. C. at 16. There was, however, never a "three-way call" that Ms. Sloane ever knew of, meaning that either the Daily Mail reporter or Nathan added the other to a private conversation without Ms. Sloane's consent.

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com



### I.      The Wayfarer Parties Should Answer Interrogatory No. 3.

Interrogatory No. 3 requests that the Wayfarer Parties "Identify each person You allege [the Sloane Parties] communicated with regarding the Wayfarer Parties." The relevance of this interrogatory is obvious given that the Wayfarer Parties are asserting claims for defamation and false light based on unidentified conversations Ms. Sloane allegedly had with unidentified persons at unidentified times using unidentified words.[3] During the meet and confer, the Wayfarer Parties clarified that their sole objection to Interrogatory No. 3 is that it purportedly exceeds the scope of Local Civil Rule 33.3. This objection should be rejected for multiple reasons.

As a threshold matter, the Wayfarer Parties did not lodge a timely Rule 33.3 objection to Interrogatory No. 3 in their written responses and objections, Ex. A at 8–9, and "[t]his objection was, therefore, waived." *Codename Enters., Inc. v. Fremantlemedia N. Am., Inc.*, 2017 WL 11567520, at *2 (S.D.N.Y. Mar. 9, 2017); *see also* Fed. R. Civ. P. 33(b)(4); *Freeman v. Giuliani*, 2024 WL 5135913, at *2 (S.D.N.Y. Dec. 17, 2024) (Liman, J.) ("Untimely objections to interrogatories are waived . . . .").

Even if the objection was not waived, Interrogatory No. 3 falls squarely within the scope of Rule 33.3, which permits interrogatories seeking, among other things, "names of witnesses with knowledge of information relevant to the subject matter of the action" and "information of a similar nature." Local Civil Rule 33.3(a). This necessarily includes the names of witnesses with information relevant to specific claims. *See, e.g.*, *Ferguson v. Ferrante*, 2014 WL 1327968, at *2 (S.D.N.Y. Apr. 3, 2014); *Shamis v. Ambassador Factors Corp.*, 34 F. Supp. 2d 879, 894 (S.D.N.Y. 1999). The Sloane Parties require a response so they can target future discovery requests appropriately. Absent more information, the Sloane Parties are unable to assess which, if any, of the potential witnesses among the over 150 individuals and entities listed on the Wayfarer Parties' initial disclosures has information relevant to the claims against the Sloane Parties.[4]

### II.     The Wayfarer Parties Should Answer Interrogatory Nos. 4, 5, and 7.

The Wayfarer Parties' objections to Interrogatory Nos. 4, 5, and 7 are equally meritless. These interrogatories simply request that the Wayfarer Parties "Identify each defamatory statement You allege [the Sloane Parties] made concerning any of the Wayfarer Parties" (ROG 4); "Identify each of the 'malicious stories portraying Baldoni as a sexual predator,' as alleged in paragraph 8 of Your Amended Complaint" (ROG 5); and "Identify each of the 'stories critical of Baldoni, including that Baldoni was a sexual predator, ahead of the Film's release,' as mentioned in paragraph 282 of Your Amended Complaint" (ROG 7). Tellingly, the Wayfarer Parties do not— because they cannot—respond.[5]

---

[3] During the meet and confer, the Sloane Parties proposed narrowing Interrogatory No. 3 by adding the following italicized language: "*to the extent those communications are relevant to the claims and defenses in this action.*" Even with this limitation, the Wayfarer Parties continued to object on Rule 33.3 grounds.

[4] The Wayfarer Parties' only defense for their Rule 33.3 objection is their assertion that the Sloane Parties also objected to interrogatories on Rule 33.3 grounds. But the interrogatories the Wayfarer Parties served are substantially different from (and broader than) the narrow ones at issue here.

[5] Strikingly, during the meet and confer, the Wayfarer Parties' counsel could not even confirm whether the Wayfarer Parties are alleging that Ms. Sloane ever used the words "sexual predator" or "sexual assault" in reference to Baldoni, nor would they offer any other clarification as to what the Sloane Parties' allegedly defamatory statements are.

BSF | BOIES
SCHILLER
FLEXNER

Once again, during the parties' meet and confer, the Wayfarer Parties objected to these interrogatories solely on Local Civil Rule 33.3 grounds. But Interrogatory Nos. 4, 5, and 7 seek "'information of a similar nature' contemplated in Local Civil Rule 33.3(a)" because they seek basic information "at the heart of [the Wayfarer Parties'] claim[s]." *Ohanian v. Apple*, 2022 WL 576314, at \*3 (S.D.N.Y. Feb. 25, 2022). Like the other categories of information specifically delineated in Rule 33.3, a list of the allegedly defamatory statements and articles should be quite simple to provide and should logically be provided at the outset of the case to guide future discovery and promote judicial economy. *See, e.g.*, *Ferguson*, 2014 WL 1327968, at \*2.[6]

At a minimum, Interrogatory Nos. 4, 5, and 7 fall within the scope of Rule 33.3(b), which permits litigants to serve interrogatories that exceed Rule 33.3(a) "if they are a more practical method of obtaining the information sought than a request for production or a deposition." Local Civil Rule 33.3(b)(1). It would be inefficient and unduly burdensome for the Sloane Parties to review every single statement that Ms. Sloane has ever made, and then guess which of those statements, if any, the Wayfarer Parties claim is defamatory. Similarly, the Sloane Parties need to know which news articles the Wayfarer Parties allege are defamatory or otherwise actionable. Given the publicity surrounding this dispute and the number of articles written about it in the past year, it would be impossible to complete discovery into allegedly defamatory articles (including document and deposition subpoenas to the journalists and entities that wrote and published them) without a set list of what is claimed to be defamatory.

Simply put, the Sloane Parties need a basic roadmap of the claims against them to prepare their defense and target discovery appropriately, and a response to Interrogatory Nos. 4, 5, and 7 is the most efficient means of conveying that information. *See, e.g.*, *E\*Trade Fin. Corp. v. Deutsche Bank, AG*, 2006 WL 3267267, at \*1 (S.D.N.Y. Nov. 13, 2006) (interrogatories are more practical than depositions where they seek "comparatively simple responses" rather than "long narrative explanations"). In the alternative, to the extent the Court concludes that any of these interrogatories exceed the scope of Rule 33.3, the Sloane Parties request leave to serve these interrogatories pursuant to Local Civil Rule 33.3(b)(2).

### III.    The Wayfarer Parties Should Answer Request for Production No. 32.

The Sloane Parties also respectfully request that the Court compel the Wayfarer Parties to produce documents in response to Request for Production No. 32, which requests documents upon which they "intend to rely in drafting a further amended complaint, including but not limited to the Documents referenced in [their] March 6, 2025, brief in opposition to Sloane and Vision PR, Inc.'s motion to dismiss." The Wayfarer Parties have repeatedly represented—both in their filings and in the press—that they have "obtained additional information about the Sloane Parties' activities" that they will add to "their amended pleading." ECF No. 121 at 8; *see id.* at 3, 4, n.3, 36. Inexplicably, the Wayfarer Parties refuse to produce that information, even though it is clearly discoverable. *See, e.g.*, *United States v. Veeraswamy*, 347 F.R.D. 591, 602–03 (E.D.N.Y. 2024) (granting motion to compel documents referenced in defendant's "pleadings including her motion [to dismiss]"). If—as the Sloane Parties suspect—the Wayfarer Parties' representations to the Court and the press were lies and they have no "additional" evidence against the Sloane Parties, they should simply admit as much.

---

[6] Of course, this is why the Wayfarer Parties were required to (but did not) plead defamation with particularity in the first place. *See, e.g.*, *Kall v. Peekskill City Sch. Dist.*, 2020 WL 2555256, at \*9 (S.D.N.Y. May 19, 2020).

Respectfully Submitted,

*/s/ Sigrid S. McCawley*
Sigrid S. McCawley
BOIES SCHILLER FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Telephone: (954) 356-0011
smccawley@bsfllp.com

Andrew Villacastin
Lindsey Ruff
Rachael Schafer
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
avillacastin@bsfllp.com
lruff@bsfllp.com
rschafer@bsfllp.com

*Attorneys for Leslie Sloane
and Vision PR, Inc.*

4