# EXHIBIT B

Justin Baldoni's Responses and Objections
Sloane's First Request for Production

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

BLAKE LIVELY,                                          :
                                                      :       Civ. Action No. 1:24-cv-10049-LJL
                        Plaintiff,                    :       (Consolidated for pretrial purposes
                                                      :       with 1:25-cv-00449-LJL)
v.                                                    :       rel. 1:25-cv-00449-LJL
                                                      :
WAYFARER STUDIOS LLC, JUSTIN BALDONI,                 :
JAMEY HEATH, STEVE SAROWITZ, IT ENDS                  :
WITH US MOVIE LLC, MELISSA NATHAN, THE                :
AGENCY GROUP PR LLC, and JENNIFER ABEL,               :
                                                      :
                        Defendants.                   :
                                                      :
------------------------------------------------------------------ x

JENNIFER ABEL,                                        :
                                                      :
                        Third-Party Plaintiff,        :
                                                      :
v.                                                    :
                                                      :
JONESWORKS LLC,                                       :
                                                      :
                        Third-Party Defendant.        :
                                                      :
                                                      :
------------------------------------------------------------------ x

WAYFARER STUDIOS LLC,                                 :
JUSTIN BALDONI, JAMEY HEATH, IT ENDS WITH             :
US MOVIE LLC, MELISSA NATHAN, JENNIFER                :
ABEL, and STEVE SAROWITZ,                             :
                                                      :
                        Plaintiffs,                   :
                                                      :
v.                                                    :
                                                      :
BLAKE LIVELY, RYAN REYNOLDS, LESLIE                   :
SLOANE, VISION PR, INC., and THE NEW YORK             :
TIMES COMPANY,                                        :
                                                      :
                        Defendants.                   :
------------------------------------------------------------------ x

1

**DEFENDANT/CONSOLIDATED PLAINTIFF JUSTIN BALDONI'S RESPONSES
AND OBJECTIONS TO CONSOLIDATED DEFENDANT LESLIE SLOANE'S FIRST
REQUEST FOR PRODUCTION**

Pursuant to Fed. R. Civ. P. 34, Defendant/Consolidated Plaintiff JUSTIN BALDONI
("Baldoni" or "Responding Party"), by and through his attorneys, hereby objects and responds to
the First Request for Production served by Consolidated Defendant LESLIE SLOANE ("Sloane"
or "Propounding Party").

## I.

## GENERAL OBJECTIONS

Responding Party generally objects to Propounding Party's Requests for Production Nos.
1-33 ("Requests"). The assertion of similar or additional objections does not waive any of the
following General Objections. Responding Party incorporates by reference the following General
Objections into each of his Responses:

1.      Responding Party objects to Propounding Party's Requests to the extent that they
seek documents or information that is neither relevant to the claims or defenses of any party in the
action, nor proportional to the needs of the case. Nothing herein, or in any responsive document
production, shall be construed as an admission by Responding Party regarding the admissibility or
relevance of any fact, or as an admission as to the truth or accuracy of any information or
documents provided in response to these Requests.

2.      Responding Party objects to Propounding Party's Definitions and Instructions to
the extent that they attempt to impose upon Responding Party any obligations different from or in
addition to those imposed by the Federal Rules of Civil Procedure, Local Rules, or any other Order
of the Court.

3.      Responding Party objects to Propounding Party's Requests to the extent that they
seek documents or information outside the possession, custody, or control of Responding Party.

4.      Responding Party objects to Propounding Party's Requests to the extent they seek the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

5.      Responding Party objects to Propounding Party's Requests to the extent that they seek information or documents that Responding Party is under an obligation to any third parties not to disclose.

6.      Responding Party objects Propounding Party's Requests to the extent that they require the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties.

7.      Responding Party objects to Propounding Party's Requests to the extent that they seek information or documents that are vague, ambiguous, unreasonably cumulative or duplicative, are unduly burdensome, or seek information or documents obtainable from other sources which are more convenient, less expensive, or less burdensome.

8.      Responding Party objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

9.      Responding Party objects to Propounding Party's Requests to the extent that they seek the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect.

10.     Responding Party objects to Propounding Party's Requests to the extent that they rely upon or seek legal conclusions or opinions.

11.     Responding Party objects to Propounding Party's Requests as premature to the extent they seek information or documents before their required disclosure under the Federal Rules of Civil Procedure, Local Rules, or other Court Order governing the disclosure of documents and information.

12.     Responding Party objects to Propounding Party's Requests as vague and/or ambiguous to the extent that they include terms that Propounding Party has not appropriately defined or limited.

13.     Responding Party objects to any Requests which purport to seek "all" documents, communications, or information as irrelevant, overbroad, unduly burdensome, and disproportionate to the needs of the case. Responding Party will provide responsive, non-privileged documents and information that is sufficient to show any properly requested information or documents in a manner that is proportional with the needs of the case.

14.     Responding Party objects to Propounding Party's Requests as irrelevant, overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent they seek information from January 1, 2019 to the present.

15.     To the extent Responding Party's produces documents, such a production is not an admission that the documents are relevant to this case or an admission that such documents are admissible.

16.     Responding Party's responses herein are based upon present knowledge, information, and belief following his diligent search and reasonable inquiry. Discovery and investigation are ongoing, and Responding Party reserves the right to amend, correct, supplement, or clarify his responses based upon, among other things, further investigation, discovery of

additional facts or information, or developments in this action or in related law, particularly in view of Propounding Party's failure to comply with the Local Rules.

17.    Responding Party provides the following objections and responses without waiving his right to present evidence at trial of any later-ascertained facts. Responding Party provides these objections and responses without admitting any facts or information, and without waiving objections to the materiality, relevance, or admissibility in evidence of the objections and responses.

18.    Discovery is ongoing, and Responding Party reserves the right to supplement these responses in accordance with the Federal Rules of Civil Procedure. Responding Party provides the following objections and responses without waiving his right to present evidence at trial of any later-ascertained facts. Responding Party provides these objections and responses without admitting any facts or information, and without waiving objections to the materiality, relevance, or admissibility in evidence of the objections and responses.

**II.**

**RESPONSES AND SPECIFIC OBJECTIONS TO CONSOLIDATED DEFENDANT LESLIE SLOANE'S FIRST REQUEST FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All Documents Concerning Leslie Sloane.

**RESPONSE TO REQUEST NO. 1:**

Responding Party incorporates by reference his general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "[a]ll

Documents Concerning Leslie Sloane" without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents Concerning Vision PR, Inc.

**RESPONSE TO REQUEST NO. 2:**

Responding Party incorporates by reference his general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "[a]ll Documents Concerning Vision PR, Inc." without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any

other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents Concerning Your allegations in the Complaint and Amended Complaint You filed in No. 25 Civ. 449 (LJL) (S.D.N.Y.) or this action.

**RESPONSE TO REQUEST NO. 3:**

Responding Party incorporates by reference his general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "[a]ll Documents Concerning Your allegations in the Complaint and Amended Complaint You filed in No. 25 Civ. 449 (LJL) (S.D.N.Y.) or this action." Responding Party further objects to this Request on the grounds that it is vague as to "allegations." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents Concerning allegations of sexually explicit or other inappropriate or unwelcome actions, conduct, or comments made by Baldoni, Heath, or anyone else during production of the Film.

**RESPONSE TO REQUEST NO. 4:**

Responding Party incorporates by reference his general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "[a]ll Documents Concerning allegations of sexually explicit or other inappropriate or unwelcome actions, conduct, or comments made by Baldoni, Heath, or anyone else during production of the Film." Responding Party further objects to this Request on the grounds that it is vague as to "allegations of sexually explicit or other inappropriate or unwelcome actions, conduct, or comments." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents Concerning Communications by or involving any Wayfarer Parties or their Agents related to formal or informal complaints or discussions about the work environment on the set of the Film by anyone, including the Lively-Reynolds Parties.

**RESPONSE TO REQUEST NO. 5:**

Responding Party incorporates by reference his general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "[a]ll Documents Concerning Communications by or involving any Wayfarer Parties or their Agents related to formal or informal complaints or discussions about the work environment on the set of the Film by anyone, including the Lively-Reynolds Parties." Responding Party further objects to the definition of "Agent" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes unidentified agents, employees, officers, directors, attorneys, independent contractors, and any other person acting, or purporting to act, at the direction of or on behalf of another regardless of their relationship to the allegations, claims, or defenses in the action. Responding

Party further objects to this Request on the grounds that it is vague as to "formal or informal complaints or discussions about the work environment." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents or Communications Concerning complaints about Baldoni or Heath in any employment setting at any point in time.

**RESPONSE TO REQUEST NO. 6:**

Responding Party incorporates by reference his general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "[a]ll Documents or Communications Concerning complaints about Baldoni or Heath in any employment setting at any point in time" without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of

any party. Responding Party further objects to this Request on the grounds that it is vague as to

"complaints" and "employment setting." Responding Party further objects to this Request to the

extent it seeks the disclosure of information or documents protected by the attorney-client privilege,

work-product doctrine, or any other applicable privilege or protection. Responding Party further

objects to this Request to the extent it requires the production of documents reflecting trade secrets

and/or proprietary business information or documents that would infringe on privacy rights of third

parties. Responding Party further objects to this Request to the extent that it seeks documents or

information outside the possession, custody, or control of Responding Party.

In light of the foregoing objections, Responding Party will not search for documents

responsive to this Request at this time. Responding Party states that he is willing to meet and confer

with Propounding Party regarding this Request.

## REQUEST FOR PRODUCTION NO. 7:

All Documents or Communications Concerning allegations of sexual harassment, sexual

assault, and/or unwanted sexual contact by Baldoni or Heath at any point in time.

## RESPONSE TO REQUEST NO. 7:

Responding Party incorporates by reference his general objections as if fully set forth in

response to this Request. Responding Party objects to this Request on the grounds that it fails to

describe with reasonable particularity each item or category of items to be produced in violation

of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds

that it is overly broad and unduly burdensome in that it requires Responding Party to produce "[a]ll

Documents or Communications Concerning allegations of sexual harassment, sexual assault,

and/or unwanted sexual contact by Baldoni or Heath at any point in time" without limiting the

subject matter to the claims or defenses in this action or the relevant time period. Responding Party

further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "allegations of sexual harassment, sexual assault, and/or unwanted sexual contact." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that he is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents Concerning contracts or agreements with any public relations, marketing, publicity firms, or other third-party firms or providers of any social media services, including but not limited to efforts to seed, influence, manipulate, boost, amplify, or engage with social media algorithms, narrative or virality, as well as the use of bots or inauthentic accounts.

**RESPONSE TO REQUEST NO. 8:**

Responding Party incorporates by reference his general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds

that it is overly broad and unduly burdensome in that it requires Responding Party to produce "[a]ll Documents Concerning contracts or agreements with any public relations, marketing, publicity firms, or other third-party firms or providers of any social media services, including but not limited to efforts to seed, influence, manipulate, boost, amplify, or engage with social media algorithms, narrative or virality, as well as the use of bots or inauthentic accounts" without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "public relations, marketing, publicity firms, or other third-party firms or providers of any social media services, including but not limited to efforts to seed, influence, manipulate, boost, amplify, or engage with social media algorithms, narrative or virality, as well as the use of bots or inauthentic accounts." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that he is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents Concerning actions taken to harm the Lively-Reynolds Parties, Sloane, or Vision PR, Inc. and to damage their public image.

**RESPONSE TO REQUEST NO. 9:**

Responding Party incorporates by reference his general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "[a]ll Concerning actions taken to harm the Lively-Reynolds Parties, Sloane, or Vision PR, Inc. and to damage their public image" without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "actions taken to harm the Lively-Reynolds Parties, Sloane, or Vision PR, Inc. and to damage their public image." Responding Party further objects to this Request on the grounds that he disputes that he took any action to harm the Lively-Reynolds Parties, Sloane, or Vision PR, Inc. or damage their public image.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that he is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents Concerning solicitation of individuals or entities to post negative material or comments or reactions (e.g., votes or "likes") about the Lively-Reynolds Parties, whether paid or unpaid, in any online forum, including but not limited to TikTok, Instagram, Facebook, X (formerly Twitter), Reddit, YouTube, or SnapChat.

**RESPONSE TO REQUEST NO. 10:**

Responding Party incorporates by reference his general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "[a]ll Documents Concerning solicitation of individuals or entities to post negative material or comments or reactions (e.g., votes or "likes") about the Lively-Reynolds Parties, whether paid or unpaid, in any online forum, including but not limited to TikTok, Instagram, Facebook, X (formerly Twitter), Reddit, YouTube, or SnapChat" without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "solicitation of individuals or entities to post negative material or comments or reactions." Responding Party further objects to this Request on the grounds that he disputes that he solicited individuals or entities to post negative material or comments or reactions (e.g., votes or "likes") about the Lively-Reynolds Parties.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that he is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents Concerning solicitation, encouragement, creation, seeding, or purchase of any online, digital, or social media or "bot" services, including those that generate  artificial,

inauthentic, and/or machine-generated negative posts or comments or reactions about any of the Lively-Reynolds Parties, Sloane, or Vision PR, Inc.

**RESPONSE TO REQUEST NO. 11:**

Responding Party incorporates by reference his general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "[a]ll Documents Concerning solicitation, encouragement, creation, seeding, or purchase of any online, digital, or social media or 'bot' services, including those that generate artificial, inauthentic, and/or machine-generated negative posts or comments or reactions about any of the Lively-Reynolds Parties, Sloane, or Vision PR, Inc." without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "solicitation, encouragement, creation, seeding, or purchase of any online, digital, or social media or 'bot' services, including those that generate artificial, inauthentic, and/or machine-generated negative posts or comments or reactions." Responding Party further objects to this Request on the grounds that he disputes that he solicitated, encouraged, created, seeded, or purchased any online, digital, or social media or "bot" services.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that he is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents Concerning solicitation, encouragement, creation, or purchase of any online, digital, or social media or "bot" services, including those that generate artificial, machine generated positive posts or comments or reactions about any Wayfarer Party.

**RESPONSE TO REQUEST NO. 12:**

Responding Party incorporates by reference his general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "[a]ll Documents Concerning solicitation, encouragement, creation, or purchase of any online, digital, or social media or 'bot' services, including those that generate artificial, machine generated positive posts or comments or reactions about any Wayfarer Party" without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "solicitation, encouragement, creation, or purchase of any online, digital, or social media or 'bot' services, including those that generate artificial, machine generated positive posts or comments or reactions." Responding Party further objects to this Request on the grounds that he disputes that he solicitated, encouraged, created, seeded, or purchased any online, digital, or social media or "bot" services.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that he is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents Concerning solicitation, encouragement, creation, or purchase of any online, digital, or social media or "bot" services, including those that engage with audiences, perform account take downs, start threads of theories, create social fan engagements, and/or attempt to influence public narrative in any other way.

**RESPONSE TO REQUEST NO. 13:**

Responding Party incorporates by reference his general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "[a]ll Documents Concerning solicitation, encouragement, creation, or purchase of any online, digital, or social media or "bot" services, including those that engage with audiences, perform account take downs, start threads of theories, create social fan engagements, and/or attempt to influence public narrative in any other way" without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "solicitation, encouragement, creation, or purchase of any online, digital, or social media or 'bot' services, including those that engage with audiences, perform account take downs, start threads of theories,

create social fan engagements, and/or attempt to influence public narrative in any other way."

Responding Party further objects to this Request on the grounds that he disputes that he solicited, encouraged, created, seeded, or purchased any online, digital, or social media or "bot" services.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that he is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents Concerning communication with any media outlet of any kind, encouraging it to publish a negative post, comment, reaction, or article about any of the Lively-Reynolds Parties, Sloane, or Vision PR, Inc.

**RESPONSE TO REQUEST NO. 14:**

Responding Party incorporates by reference his general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "[a]ll Documents Concerning communication with any media outlet of any kind, encouraging it to publish a negative post, comment, reaction, or article about any of the Lively- Reynolds Parties, Sloane, or Vision PR, Inc." without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "communication with any media outlet of any kind, encouraging it to publish a negative post,

comment, reaction, or article." Responding Party further objects to this Request on the grounds that he disputes that he communicated with any media outlet, encouraging it to publish a negative post, comment, reaction, or article about any of the Lively-Reynolds Parties, Sloane, or Vision PR, Inc.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that he is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents Concerning Communication with any media outlet of any kind, encouraging it to alter or not publish a positive post, comment, reaction, or article about any of the Wayfarer Parties.

**RESPONSE TO REQUEST NO. 15:**

Responding Party incorporates by reference his general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "[a]ll Documents Concerning Communication with any media outlet of any kind, encouraging it to alter or not publish a positive post, comment, reaction, or article about any of the Wayfarer Parties" without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "any media outlet of any kind, encouraging it

to alter or not publish a positive post, comment, reaction, or article." Responding Party further objects to this Request on the grounds that he disputes that he communicated with any media outlet of any kind, encouraging it to alter or not publish a positive post, comment, reaction, or article about any of the Wayfarer Parties.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that he is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents Concerning Communications with any current or former cast, crew, colleague, employee, agent or other associate of any of the Lively-Reynolds Parties, Sloane, or Vision PR, Inc., including but not limited to communications designed to gather negative intelligence on any of the Lively-Reynolds Parties, Sloane, or Vision PR, Inc.

**RESPONSE TO REQUEST NO. 16:**

Responding Party incorporates by reference his general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "[a]ll Documents Concerning Communications with any current or former cast, crew, colleague, employee, agent or other associate of any of the Lively-Reynolds Parties, Sloane, or Vision PR, Inc., including but not limited to communications designed to gather negative intelligence on any of the Lively-Reynolds Parties, Sloane, or Vision PR, Inc." without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party further objects

21

to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "communications designed to gather negative intelligence." Responding Party further objects to this Request on the grounds that he disputes that he communicated with any current or former cast, crew, colleague, employee, agent or other associate of any of the Lively-Reynolds Parties, Sloane, or Vision PR, Inc. to gather negative intelligence on any of the Lively-Reynolds Parties, Sloane, or Vision PR, Inc.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that he is willing to meet and confer with Propounding Party regarding this Request.

### REQUEST FOR PRODUCTION NO. 17:

All Documents Concerning Any and all articles or copy of any kind drafted about any of the Lively-Reynolds Parties, Sloane, or Vision PR, Inc. to be used in the media, on social media or on the Internet.

### RESPONSE TO REQUEST NO. 17:

Responding Party incorporates by reference his general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "[a]ll Documents Concerning Any and all articles or copy of any kind drafted about any of the Lively-Reynolds Parties, Sloane, or Vision PR, Inc. to be used in the media, on social media or on the Internet" without limiting the subject matter to the claims or defenses in this action or the relevant

time period. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "articles or copy of any kind . . . to be used in the media, on social media or on the Internet." Responding Party further objects to this Request on the grounds that he disputes that he drafted any article about any of the Lively-Reynolds Parties, Sloane, or Vision PR, Inc. to be used in the media, on social media or on the Internet.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that he is willing to meet and confer with Propounding Party regarding this Request.

### REQUEST FOR PRODUCTION NO. 18:

All Documents Concerning Any plan, program, strategy, or campaign by Melissa Nathan, any employee of The Agency Group PR firm, or any vendor, contractor or other third- party entity working in cooperation with the same, or any other Wayfarer Party, to disparage any of the Lively-Reynolds Parties, Sloane, or Vision PR, Inc. or harm their public image.

### RESPONSE TO REQUEST NO. 18:

Responding Party incorporates by reference his general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "[a]ll Documents Concerning Any plan, program, strategy, or campaign by Melissa Nathan, any employee of The Agency Group PR firm, or any vendor, contractor or other third- party entity

working in cooperation with the same, or any other Wayfarer Party, to disparage any of the Lively-Reynolds Parties, Sloane, or Vision PR, Inc. or harm their public image" without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "plan, program, strategy, or campaign" and "vendor, contractor or other third- party entity working in cooperation with the same." Responding Party further objects to this Request on the grounds that he disputes that he engaged in any plan, program, strategy, or campaign to disparage any of the Lively-Reynolds Parties, Sloane, or Vision PR, Inc. or harm their public image.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that he is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents Concerning Any attempt to hide or divert attention from any Wayfarer Party's inappropriate, unwelcome, and harassing activity on the set of, or related to, the Film.

**RESPONSE TO REQUEST NO. 19:**

Responding Party incorporates by reference his general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "[a]ll Documents Concerning Any attempt to hide or divert attention from any Wayfarer Party's

inappropriate, unwelcome, and harassing activity on the set of, or related to, the Film" without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "attempt to hide or divert attention from any Wayfarer Party's inappropriate, unwelcome, and harassing activity." Responding Party further objects to this Request on the grounds that he disputes that there was inappropriate, unwelcome, and/or harassing activity on the set or, or related to, the Film, or that he attempted to hide or divert attention away from the same.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that he is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents Concerning formal or informal allegations or complaints about a hostile work environment, or other inappropriate or unlawful conduct, on the set of the Film.

**RESPONSE TO REQUEST NO. 20:**

Responding Party incorporates by reference his general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "[a]ll Documents Concerning formal or informal allegations or complaints about a hostile work environment, or other inappropriate or unlawful conduct, on the set of the Film" without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim

25

or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "formal or informal allegations or complaints about a hostile work environment, or other inappropriate or unlawful conduct." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents Concerning Any other real, alleged, or reported "feud," dispute or disagreement between any of the Lively-Reynolds Parties and any Wayfarer Party regarding the filming, editing, production, marketing, publicity, or distribution of the Film.

**RESPONSE TO REQUEST NO. 21:**

Responding Party incorporates by reference his general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "[a]ll Documents Concerning Any other real, alleged, or reported "feud," dispute or disagreement between any of the Lively-Reynolds Parties and any Wayfarer Party regarding the filming, editing, production, marketing, publicity, or distribution of the Film" without limiting the subject matter to the claims

or defenses in this action or the relevant time period. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "real, alleged, or reported 'feud,' dispute or disagreement" and "filming, editing, production, marketing, publicity, or distribution of the Film." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that he is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents Concerning All documents and records of any kind reflecting payments to anyone for services of any kind related to the Lively-Reynolds Parties, Sloane, or Vision PR, Inc., including but not limited to, in support of any negative media or social media campaign against the Lively-Reynolds Parties, Sloane, or Vision PR, Inc., or any of them.

**RESPONSE TO REQUEST NO. 22:**

Responding Party incorporates by reference his general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to

describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "[a]ll Documents Concerning All documents and records of any kind reflecting payments to anyone for services of any kind related to the Lively-Reynolds Parties, Sloane, or Vision PR, Inc., including but not limited to, in support of any negative media or social media campaign against the Lively-Reynolds Parties, Sloane, or Vision PR, Inc., or any of them" without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "reflecting payments to anyone for services of any kind" and "negative media or social media campaign." Responding Party further objects to this Request on the grounds that he disputes that he engaged in negative media or social media campaign against the Lively-Reynolds Parties, Sloane, or Vision PR, Inc., or any of them.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that he is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents and Communications Concerning efforts to conceal strategies or actions taken to harm the Lively-Reynolds Parties, Sloane, or Vision PR, Inc. and to damage their public image.

**RESPONSE TO REQUEST NO. 23:**

Responding Party incorporates by reference his general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "[a]ll Documents Concerning All documents and records of any kind reflecting payments to anyone for services of any kind related to the Lively-Reynolds Parties, Sloane, or Vision PR, Inc., including but not limited to, in support of any negative media or social media campaign against the Lively-Reynolds Parties, Sloane, or Vision PR, Inc., or any of them" without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "reflecting payments to anyone for services of any kind" and "negative media or social media campaign." Responding Party further objects to this Request on the grounds that he disputes that he engaged in negative media or social media campaign against the Lively-Reynolds Parties, Sloane, or Vision PR, Inc., or any of them.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that he is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications Concerning efforts to conceal strategies or actions taken to influence public perception regarding the Lively-Reynolds Parties, Baldoni, and/or Heath.

**RESPONSE TO REQUEST NO. 24:**

Responding Party incorporates by reference his general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "[a]ll Documents and Communications Concerning efforts to conceal strategies or actions taken to influence public perception regarding the Lively-Reynolds Parties, Baldoni, and/or Heath" without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "efforts to conceal strategies or actions taken to influence public perception."

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that he is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications Concerning Baldoni discussing his porn addiction with Lively.

**RESPONSE TO REQUEST NO. 25:**

Responding Party incorporates by reference his general objections as if fully set forth in response to this Request. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "[a]ll

Documents and Communications Concerning Baldoni discussing his porn addiction with Lively." Responding Party further objects to this Request on the grounds that it is vague as to "discussing his porn addiction." Responding Party further objects to this Request on the grounds that he disputes that he discussed his porn addiction with Lively. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that he is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications Concerning Baldoni entering Lively's trailer without her consent.

**RESPONSE TO REQUEST NO. 26:**

Responding Party incorporates by reference his general objections as if fully set forth in response to this Request. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "[a]ll Documents and Communications Concerning Baldoni entering Lively's trailer without her consent." Responding Party further objects to this Request on the grounds that it is vague as to "entering Lively's trailer without consent." Responding Party further objects to this Request on the grounds that he disputes that he entered Lively's trailer without her consent. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that he is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents and Communications Concerning Baldoni improvising kissing or sexual scenes in the Film.

**RESPONSE TO REQUEST NO. 27:**

Responding Party incorporates by reference his general objections as if fully set forth in response to this Request. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "[a]ll Documents and Communications Concerning Baldoni improvising kissing or sexual scenes in the Film." Responding Party further objects to this Request on the grounds that it is vague as to "improvising kissing or sexual scenes in the Film." Responding Party further objects to this Request on the grounds that he disputes that he improvised kissing or sexual scenes in the Film. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that he is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications Concerning Baldoni having sexual contact with any third party without her consent.

**RESPONSE TO REQUEST NO. 28:**

Responding Party incorporates by reference his general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "[a]ll Documents and Communications Concerning Baldoni having sexual contact with any third party without her consent." Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "sexual contact with any third party without her consent." Responding Party further objects to this Request on the grounds that he disputes that he had sexual contact with any third party without her consent. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that he is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO. 29:**

Any telephone, video, or voice recordings of Sloane or Vision PR, Inc.

**RESPONSE TO REQUEST NO. 29:**

Responding Party incorporates by reference his general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce

"[a]ny Any telephone, video, or voice recordings of Sloane or Vision PR, Inc." without limiting the subject matter to the claims or defenses in this action or the relevant time period. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this request on the grounds that it is vague as to "recordings."

Subject to and without waiving the aforementioned objections, Responding Party states that no such recordings exist in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents You received from third parties in response to subpoenas You served or other legal processes You initiated concerning the Lively-Reynolds Parties, the Film, or the dispute at issue in this case.

**RESPONSE TO REQUEST NO. 30:**

Responding Party incorporates by reference his general objections as if fully set forth in response to this Request. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "[a]ll Documents You received from third parties in response to subpoenas You served or other legal processes You initiated concerning the Lively-Reynolds Parties, the Film, or the dispute at issue in this case." Responding Party further objects to this Request on the grounds that it is vague as to "other legal processes."

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 31:**

Documents sufficient to show the identities and locations of the participants included in text messages appearing in paragraph 193 of the Amended Complaint filed on January 31, 2025 (Dkt. 50).

**RESPONSE TO REQUEST NO. 31:**

Responding Party incorporates by reference his general objections as if fully set forth in response to this Request. Responding Party objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party does not have any such documents in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents upon which You intend to rely in drafting a further amended complaint, including but not limited to the Documents referenced in your March 6, 2025, brief in opposition to Sloane and Vision PR, Inc.'s motion to dismiss (Dkt. 121).

**RESPONSE TO REQUEST NO. 32:**

Responding Party incorporates by reference his general objections as if fully set forth in response to this Request. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "[a]ll Documents upon which You intend to rely in drafting a further amended complaint, including but not limited to the Documents referenced in your March 6, 2025, brief in opposition to Sloane and

Vision PR, Inc.'s motion to dismiss (Dkt. 121)." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request on the grounds that it is premature.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents upon which You intend to rely to support Your case and affirmative defenses.

**RESPONSE TO REQUEST NO. 33:**

Responding Party incorporates by reference his general objections as if fully set forth in response to this Request. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "[a]ll Documents upon which You intend to rely to support Your case and affirmative defenses." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in his possession, custody, or control.

Respectfully submitted,

Dated:  April 14, 2025
      New York, NY

**MEISTER SEELIG & FEIN PLLC**

By:___*/s/ Mitchell Schuster*_____

Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
kaf@msf-law.com

Dated: April 14, 2025         **LINER FREEDMAN TAITELMAN**
Los Angeles, CA               **+ COOLEY**


By:_____/s/ Bryan Freedman_____
Bryan J. Freedman (*pro hac vice*)
Miles M. Cooley (*pro hac vice*)
Theresa M Troupson (*pro hac vice*)
Summer Benson (*pro hac vice*)
Jason Sunshine
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
mcooley@lftcllp.com
ttroupson@lftcllp.com
sbenson@lftcllp.com
jsunshine@lftcllp.com

## <u>CERTIFICATE OF SERVICE</u>

I, Summer E. Benson, do hereby certify that I am not less than 18 years of age and that on this 14th day of April 2025, I caused a copy of the foregoing to be served on all counsel of record via email.

Dated: April 14, 2025
       Los Angeles, CA

*/s/ Summer E. Benson*
Summer E. Benson