# EXHIBIT A

Justin Baldoni's Responses and Objections to Sloane's First Set of Interrogatories

Filed Under Seal

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

BLAKE LIVELY,                          :
                                       :      Civ. Action No. 1:24-cv-10049-LJL
                    Plaintiff,         :      (Consolidated for pretrial purposes
                                       :      with 1:25-cv-00449-LJL)
v.                                     :      rel. 1:25-cv-00449-LJL)
                                       :
WAYFARER STUDIOS LLC, JUSTIN BALDONI,  :
JAMEY HEATH, STEVE SAROWITZ, IT ENDS   :
WITH US MOVIE LLC, MELISSA NATHAN, THE :
AGENCY GROUP PR LLC, and JENNIFER ABEL, :
                                       :
                    Defendants.        :
                                       :
------------------------------------------------------------------- x
JENNIFER ABEL,                         :
                                       :
                    Third-Party Plaintiff, :
                                       :
v.                                     :
                                       :
JONESWORKS LLC,                        :
                                       :
                    Third-Party Defendant. :
                                       :
                                       :
                                       :
------------------------------------------------------------------- x
WAYFARER STUDIOS LLC,                  :
JUSTIN BALDONI, JAMEY HEATH, IT ENDS WITH :
US MOVIE LLC, MELISSA NATHAN, JENNIFER :
ABEL, and STEVE SAROWITZ,              :
                                       :
                    Plaintiffs,        :
                                       :
v.                                     :
                                       :
BLAKE LIVELY, RYAN REYNOLDS, LESLIE    :
SLOANE, VISION PR, INC., and THE NEW YORK :
TIMES COMPANY,                         :
                                       :
                    Defendants.        :
------------------------------------------------------------------- x

1

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

**DEFENDANT/CONSOLIDATED PLAINTIFF JUSTIN BALDONI'S RESPONSES
AND OBJECTIONS TO CONSOLIDATED DEFENDANT LESLIE SLOANE'S
FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Civil
Rules of the Court, Defendant/Consolidated Plaintiff Justin Baldoni ("Baldoni" or "Responding
Party"), by and through his attorneys, hereby objects and responds to Consolidated Defendant
Leslie Sloane's ("Sloane" or "Propounding Party") First Set of Interrogatories.

**I.**

**GENERAL OBJECTIONS**

Responding Party makes the following general objections ("General Objections") to
Propounding Party's Interrogatories. These General Objections are hereby incorporated into each
specific response. The assertion of the same, similar, or additional objections or the provision of
partial responses to each of the individual interrogatories does not waive or modify any of
Responding Party's General Objections.  Responding Party provides the following objections and
responses without waiving his right to present evidence at trial of any later-ascertained facts.

1.      Responding Party objects to each Interrogatory to the extent that it seeks
information that is not relevant to any claim or defense or proportional to the needs of the case.

2.      Responding Party objects to each Interrogatory to the extent that it purports to
impose on Responding Party obligations broader than, or inconsistent with, those imposed by the
Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of the United
States District Court for the Southern District of New York, or by any other applicable law or
protocol governing discovery obligations in the above-captioned action.

3.      Responding Party objects to each Interrogatory to the extent that it seeks discovery
of any confidential information or communication that is protected from disclosure by the attorney-

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

client privilege, the work product doctrine, or any other applicable privilege, immunity, or exception. Nothing contained in these responses, or any inadvertent production or identification of documents made in response to these interrogatories, is intended as, or shall in any way be deemed, a waiver of the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege, immunity, or exception.

4.      Responding Party objects to each Interrogatory to the extent that it is overbroad or unduly burdensome. Responding Party further objects to the extent that Propounding Party seeks to require Responding Party to provide information other than that which may be obtained through a reasonably diligent search of his own records.

5.      Responding Party objects to each Interrogatory to the extent it seeks information that is not in Responding Party's possession, custody or control.

6.      Responding Party objects to each Interrogatory to the extent it would require Responding Party to produce information covered by confidentiality agreements or protective orders with others, or that constitute an unwarranted invasion of the affected persons' constitutional, statutory and/or common-law rights of privacy and confidentiality.

7.      Responding Party objects to each Interrogatory to the extent it seeks confidential commercial, financial, and/or proprietary business information, trade secrets, and/or any other non-public information protected from disclosure by law, court order, or agreement respecting confidentiality or non-disclosure or requires the disclosure of confidential or proprietary business information of third parties which Responding Party is obligated to protect.

8.      Responding Party objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

<u>**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**</u>

9.      Responding Party objects to each Interrogatory insofar as it is unreasonably cumulative, duplicative, repetitive, redundant, or overlapping of other interrogatories.

10.     Responding Party objects to each Interrogatory to the extent that it, or any word or term used therein, is vague, ambiguous, compound, confusing, unintelligible, unclear, subject to different interpretations, and/or lacking in definition.

11.     Responding Party objects to each Interrogatory to the extent that it is unlimited in temporal scope, or contains overly broad time limitations or periods that are not relevant to any claim or defense or proportional to the needs of the case.

12.     Responding Party objects to each Interrogatory to the extent that it assumes, relies on, or seeks disputed facts or legal conclusions or opinions. Responding Party denies any such disputed facts or legal conclusions or opinions to the extent assumed, relied on, or sought by each Interrogatory. Any response or objection by Responding Party to any such Interrogatory is without prejudice to this objection.

13.     In responding and objecting to each Interrogatory, Responding Party does not concede that any information sought or provided is relevant to the claims of any party, proportional to the needs of this case, or admissible in evidence.

14.     Responding Party objects to each Interrogatory to the extent that it exceeds the scope of interrogatories set forth in Local Civil Rule 33.3(a).

15.     Nothing herein, or in any responsive document production, shall be construed as an admission by Responding Party regarding the admissibility of any fact, or as an admission as to the truth or accuracy of any information or documents provided in response to these Requests.  In providing responses to each Interrogatory, Responding Party does not in any way waive any objections Responding Party may later assert, including but not limited to competency, relevancy,

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

materiality, and admissibility. Responding Party expressly reserves the right to object to the use of any responses below in any subsequent proceedings or any other action. Responding Party further reserves the right to object to additional discovery into the subject matter of the Interrogatory.

16.    Responding Party has responded to each Interrogatory based upon his understanding of each Interrogatory. Responding Party's responses herein are based on his present knowledge, information, and belief following his diligent search and reasonable inquiry. Discovery and investigation are ongoing, and Responding Party reserves the right to amend, correct, supplement, or clarify his responses based upon, among other things, further investigation, discovery of additional facts or information, or developments in this action or in related law, particularly in view of Propounding Party's failure to comply with the Local Rules.

**II.**

**OBJECTIONS TO DEFINITIONS**

1.    Responding Party objects to Propounding Party's definition of "Agent" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes any agent, employee, officer, director, attorney, and independent contractor regardless of their relationship to the allegations, claims, or defenses in the Action. Furthermore, Responding Party objects to this definition to the extent the definition includes "attorney" and "independent contractor," on the grounds that the definition may seek information which is subject to attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party also objects to the extent the definition may seek the information and/or the production of documents reflecting trade secrets and/or proprietary business information or

5

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

documents that would infringe on the privacy rights of third parties. In responding to the Interrogatories, Responding Party will construe the term "Agent" to mean the specific individual referenced in the respective request.

2.      Responding Party objects to Propounding Party's definition of "Employee" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes unidentified past or present officers, directors, agents, or servants, regardless of their relationship to the allegations, claims, or defenses in the Action. Furthermore, Responding Party objects to this definition to the extent the definition includes "any attorney (associate or partner) or paralegal," on the grounds that the definition may seek information which is subject to attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. In responding to the Interrogatories, Responding Party will construe the term "Employee" to mean the specific individual referenced in the respective request.

3.      Responding Party objects to Propounding Party's definition of "You," "Your," and "Yours" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Justin Baldoni but also unidentified persons or entities acting or purporting to act on his behalf and anyone on whose behalf he is acting, regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the terms "You," "Your," and "Yours" to mean Justin Baldoni.

4.      Responding Party objects to the Interrogatories as vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

of the case to the extent any Interrogatory references or is related to an undefined person and/or entity.

III.

## RESPONSES TO PROPOUNDING PARTY'S INTERROGATORIES

### INTERROGATORY NO. 1:

Identify any person believed or known by you to have any information or knowledge concerning any event, fact, matter, act, allegation, or issue included in or raised by the Complaint or Amended Complaint You filed in No. 25 Civ. 449 (LJL) (S.D.N.Y.) or this action.

### RESPONSE TO INTERROGATORY NO.1:

Responding Party incorporates by reference his general objections as if fully set forth in response to this Interrogatory. Responding Party objects to this Interrogatory on the grounds that it is vague and overbroad to the extent it seeks "any information or knowledge concerning any event, fact, matter, act, allegation, or issue." Responding Party further objects to this Interrogatory to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Interrogatory on the grounds that it is vague as to "Complaint" and "Amended Complaint," neither of which are defined terms. Responding Party further objects to this Interrogatory to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Interrogatory on the grounds that it is premature as discovery remains ongoing and information responsive to this Interrogatory may not yet be ascertained. Subject to and without waiving the aforementioned objections, Responding Party incorporates by reference the Wayfarer Parties' Fed. R. Civ. P. 26(a)(1) Initial Disclosures, dated February 18, 2025.

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

### INTERROGATORY NO. 2:

Identify the location of any documents concerning any event, fact, matter, act, allegation, or issue included in or raised by the Complaint or Amended complaint You filed in No. 25 Civ. 449 (LJL) (S.D.N.Y.) or this action.

### RESPONSE TO INTERROGATORY NO.2:

Responding Party incorporates by reference his general objections as if fully set forth in response to this Interrogatory. Responding Party objects to this Interrogatory on the grounds that it is vague and overbroad to the extent it seeks "any documents concerning any event, fact, matter, act, allegation, or issue." Responding Party further objects to this Interrogatory to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Interrogatory on the grounds that it is vague as to "Complaint" and "Amended Complaint," neither of which are defined terms. Responding Party further objects to this Interrogatory to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Interrogatory on the grounds that it is premature as discovery remains ongoing and information responsive to this Interrogatory may not yet be ascertained. Subject to and without waiving the aforementioned objections, Responding Party incorporates by reference the Wayfarer Parties' Fed. R. Civ. P. 26(a)(1) Initial Disclosures, dated February 18, 2025.

### INTERROGATORY NO. 3:

Identify each person You allege Leslie Sloane communicated with regarding the Wayfarer Parties.

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

**RESPONSE TO INTERROGATORY NO.3:**

Responding Party incorporates by reference his general objections as if fully set forth in response to this Interrogatory. Responding Party objects to this Interrogatory to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Interrogatory on the grounds that it is overbroad to the extent is seeks the identification of each person who "Vision PR, Inc. communicated with regarding [any of] the Wayfarer Parties." Responding Party further objects to this Interrogatory on the grounds that it is vague as to "communicated." In light of the foregoing objections, Responding Party will not respond to this Interrogatory at this time. Responding Party states that he is willing to meet and confer with Propounding Party regarding this Interrogatory.

**INTERROGATORY NO. 4:**

Identify each defamatory statement You allege Leslie Sloane made concerning any of the Wayfarer Parties.

**RESPONSE TO INTERROGATORY NO.4:**

Responding Party incorporates by reference his general objections as if fully set forth in response to this Interrogatory. Responding Party objects to this Interrogatory to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Interrogatory on the grounds that it is overbroad to the extent is seeks the identification of each "defamatory statement" made by Vision PR, Inc. "concerning any of the Wayfarer Parties." Responding Party further objects to this Interrogatory on the grounds that it calls for a legal conclusion. Responding Party further objects to this Interrogatory to the extent that it exceeds the scope of Local Civil Rule 33.3(a). Responding Party further objects to this Interrogatory on the grounds that it is premature as discovery remains ongoing and information

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

responsive to this Interrogatory may not yet be ascertained. In light of the foregoing objections, Responding Party will not respond to this Interrogatory at this time. Responding Party states that he is willing to meet and confer with Propounding Party regarding this Interrogatory.

**INTERROGATORY NO. 5:**

Identify each of the "malicious stories portraying Baldoni as a sexual predator," as alleged in paragraph 8 of Your Amended Complaint.

**RESPONSE TO INTERROGATORY NO.5:**

Responding Party incorporates by reference his general objections as if fully set forth in response to this Interrogatory. Responding Party further objects to this Interrogatory on the grounds that it is vague as to "Amended Complaint." Responding Party further objects to this Interrogatory as unduly burdensome to the extent that it seeks information that is publicly available, equally accessible to Propounding Party, in Propounding Party's exclusive, possession, custody, or control, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Interrogatory to the extent that it exceeds the scope of Local Civil Rule 33.3(a). Responding Party further objects to this Interrogatory on the grounds that it is premature as discovery remains ongoing and information responsive to this Interrogatory may not yet be ascertained. Responding Party further objects to this Interrogatory on the grounds that it seeks the identities of persons with knowledge of facts and circumstances at issue in highly publicized litigation, rendering it impossible for Responding Party to meaningfully respond. In light of the foregoing objections, Responding Party will not respond to this Interrogatory at this time. Responding Party states that he is willing to meet and confer with Propounding Party regarding this Interrogatory.

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

## INTERROGATORY NO. 6:

Identify each journalist mentioned in paragraph 233 of Your Amended Complaint, which states that "Nathan started hearing from other journalists that Sloane was planting negative stories about Baldoni and was under the impression that Baldoni's camp had broken the truce."

## RESPONSE TO INTERROGATORY NO.6:

Responding Party incorporates by reference his general objections as if fully set forth in response to this Interrogatory. Responding Party further objects to this Interrogatory on the grounds that it is vague as to "journalist" and "Amended Complaint." Responding Party further objects to this Interrogatory on the grounds that it is premature as discovery remains ongoing and information responsive to this Interrogatory may not yet be ascertained. Responding Party further objects to this Interrogatory on the grounds that it seeks the identities of all persons with knowledge of facts and circumstances at issue in highly publicized litigation, rendering it impossible for Responding Party to meaningfully respond. Subject to and without waiving the aforementioned objections, and subject to Responding Party's understanding of "journalist" and "Amended Complaint," Responding Party responds as follows:

To the best of Responding Party's knowledge, Nathan was referring, among others, to Sara Nathan of the *New York Post* and an unknown journalist at the *Daily Mail*.

## INTERROGATORY NO. 7:

Identify each of the "stories critical of Baldoni, including that Baldoni was a sexual predator, ahead of the Film's release," as mentioned in paragraph 282 of Your Amended Complaint.

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

## RESPONSE TO INTERROGATORY NO.7:

Responding Party incorporates by reference his general objections as if fully set forth in response to this Interrogatory. Responding Party further objects to this Interrogatory on the grounds that it is vague as to "Amended Complaint." Responding Party further objects to this Interrogatory as unduly burdensome to the extent that it seeks information that is publicly available, equally accessible to Propounding Party, in Propounding Party's exclusive, possession, custody, or control, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Interrogatory to the extent that it exceeds the scope of Local Civil Rule 33.3(a). Responding Party further objects to this Interrogatory on the grounds that it is premature as discovery remains ongoing and information responsive to this Interrogatory may not yet be ascertained. Responding Party further objects to this Interrogatory on the grounds that it seeks the identities of all persons with knowledge of facts and circumstances at issue in highly publicized litigation, rendering it impossible for Responding Party to meaningfully respond. In light of the foregoing objections, Responding Party will not respond to this Interrogatory at this time. Responding Party states that he is willing to meet and confer with Propounding Party regarding this Interrogatory.

## INTERROGATORY NO. 8:

Itemize and state the total amount of damages You claim resulting from the alleged actions of Leslie Sloane and describe in detail how You calculated this figure.

## RESPONSE TO INTERROGATORY NO.8:

Responding Party incorporates by reference his general objections as if fully set forth in response to this Interrogatory. Responding Party objects to this Interrogatory on the grounds that it is premature, as discovery is ongoing and damages have not yet been fully ascertained.

<u>CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER</u>

Responding Party further objects to this Interrogatory to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Interrogatory as it is compound, overly broad, and unduly burdensome to the extent it seeks a detailed damages calculation at this stage of the proceeding.


Dated: April 18, 2025             **MEISTER SEELIG & FEIN PLLC**
      New York, NY

                                           By:   */s/ Mitchell Schuster*
                                         Mitchell Schuster
                                         Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Telephone: (212) 655-3500
Email: ms@msf-law.com
            kaf@msf-law.com


Dated: April 18, 2025             **LINER FREEDMAN TAITELMAN +**
      Los Angeles, CA            **COOLEY, LLP**

                                           By:   */s/ Bryan Freedman*
                                         Bryan J. Freedman (*pro hac vice*)
                                         Miles M. Cooley (*pro hac vice*)
                                         Theresa M Troupson (*pro hac vice*)
                                         Summer Benson (*pro hac vice*)
                                         Jason Sunshine
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Telephone: (310) 201-0005
Email: bfreedman@lftcllp.com
            mcooley@lftcllp.com
            ttroupson@lftcllp.com
            sbenson@lftcllp.com
            jsunshine@lftcllp.com

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

## VERIFICATION

I, Justin Baldoni, declare as follows:

I have read the foregoing **DEFENDANT/CONSOLIDATED PLAINTIFF JUSTIN BALDONI'S RESPONSES AND OBJECTIONS TO CONSOLIDATED DEFENDANT LESLIE SLOANE'S FIRST SET OF INTERROGATORIES** and know its contents.

I am a party to this action, and I make this verification on my behalf. The matters stated in the foregoing document are true to my own knowledge except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States, the State of New York, and the State of California that the foregoing is true and correct.

Executed on April 18, 2025, at Maui, Hawaii.

Signed by:

_Justin Baldoni_

B6D7B762A79948F...

_____

Justin Baldoni

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

## CERTIFICATE OF SERVICE

I, Summer E. Benson, do hereby certify that I am not less than 18 years of age and that on this 18th day of April 2025, I caused a copy of the foregoing to be served on all counsel of record via email.

Dated: April 18, 2025
      Los Angeles, CA

                                */s/ Summer E. Benson*
                                  Summer E. Benson