

Mitchell Schuster
*Partner*
Direct (212) 655-3549
Fax (212) 655-3535
ms@msf-law.com

Via ECF
Hon. Lewis J. Liman          May 2, 2025
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

**Re:**    *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL;
        rel. *Wayfarer Studios LLC et al. v. Lively et al.*, No. 1:25-cv-00449-LJL

Dear Judge Liman:

As counsel for Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel (collectively, the "Wayfarer Parties"), we write in opposition to the motion by Leslie Sloane and Vision PR, Inc. (the "Sloane Parties") to compel certain discovery from the Wayfarer Parties. (Dkt. 190).

**The Sloane Parties Have Notice of the Claims Against Them**

The false premise of the Sloane Parties' motion is that they purportedly lack notice of the Wayfarer Parties' claims against them.[1] (Dkt. 190, p. 1). However, the Wayfarer Parties' Amended Complaint alleges that the Sloane Parties made statements to third parties, including the New York Times, to the effect that Baldoni is a "sexual predator" who sexually assaulted Lively (Dkt. 50 ¶¶ 8, 193, 282), and that Baldoni "retaliated against Lively and others for reporting the alleged sexual misconduct including by propagating false and misleading narratives about Lively for the purpose of damaging her image and reputation." (*Id.* ¶ 325). The Amended Complaint alleges that the Sloane Parties made further false statements in response to media inquiries concerning Lively's wrongful accumulation of power over the production, how she did so (*i.e.*, false accusations of sexual misconduct), and the resulting turmoil. Specifically, the Sloane Parties stated to the Daily Mail that reports of a power struggle on set were: "1000 percent untrue"; "Your info is totally off"; "You have it all wrong"; "Your reporters are so wrong". (*Id.* ¶¶ 189-190). Instead, the Sloane Parties seeded false information to cast Baldoni, rather than Lively, in a false light: "The whole cast doesn't like Justin nothing [to] do with Blake"; "They [the Wayfarer Parties] are panicking as the whole cast hates him [Baldoni]". (*Id.* ¶ 190).

---

[1] The Sloane Parties falsely and gratuitously allege that Melissa Nathan "surreptitiously listened to Ms. Sloane's phone calls in violation of California's wiretapping statute, Cal. Penal Code § 631." (Dkt. 190, p. 1 n.2). Amazingly, two sentences later, the Sloane Parties acknowledge that they lack knowledge about whether "the Daily Mail or Nathan added the other to a private conversation without Ms. Sloane's consent." In other words, the Sloane Parties have no knowledge that Nathan did anything inappropriate. In any event, and putting aside the recklessness of the allegations, the conduct described by the Sloane Parties does not constitute wiretapping under the cited statute.

The Amended Complaint also alleges that the Sloane Parties made one or more statements to third parties, including to the New York Times, to the effect that the Wayfarer Parties engaged in, permitted, and/or failed to prevent sexually inappropriate conduct toward Lively and others and retaliated against Lively for reporting the alleged sexual misconduct, including by propagating false narratives about Lively for the purpose of damaging her image and reputation. (*Id.* ¶¶ 273-274, 276, 325). The pleading alleges that the Sloane Parties told the New York Times "a false and damning story about an insidious PR sabotage operation deployed as revenge for sexual harassment complaints, with the knowledge and intent that the newspaper would publish the false story" and that the Sloane Parties propounded a false "smear campaign" narrative designed to destroy the Wayfarer Parties (*Id.* ¶¶ 273, 276).

**Interrogatory No. 3 is Overly Broad**

Interrogatory No. 3 requests: "Identify each person You allege [the Sloane Parties] communicated with regarding the Wayfarer Parties." (Dkt. 191-1, p. 8). As set forth in the Wayfarer Parties' formal Responses and Objections (Dkt. 191-1, p. 9), this interrogatory is not limited to matter "that is relevant to any party's claim or defense…." (Fed. R. Civ. P. 26(b)(1). The Sloane Parties contend that the relevance of this interrogatory is "obvious" given that the Wayfarer Parties are asserting claims for defamation and false light based upon unidentified conversations Ms. Sloane allegedly had with unidentified persons at unidentified time using unidentified words." (Dkt. 190, p. 2). However, the interrogatory is not limited to identifying the "names of witnesses with knowledge of information relevant to the subject matter of the action" as required by Local Civil Rule 33.3(a). *See Pennolino v. Central Productions, LLC*, No. 22-cv-5051, 2023 WL 4865878, at *2 (July 31, 2023) (Liman, J.) (denying motion to compel responses to interrogatories that exceeded scope of Local Civil Rule 33.3(a)).

The Sloane Parties conceded that Interrogatory No. 3 is overly broad and they narrowed it to only seek the identification of people with whom they communicated "to the extent those communications are relevant to the claims and defenses in this action." (Dkt. 190, p. 2 n.3). However, the Wayfarer Parties responded to a different interrogatory seeking *broader* information. Interrogatory No. 1 requests the identification of "any person believed or known by you to have any information or knowledge concerning any event, fact, matter, act, allegation, or issue included in or raised by the Complaint or Amended Complaint You filed in No. 25 Civ. 449 (LJL) (S.D.N.Y.) or this action." (Dkt. 191-1, p. 7). In response, the Wayfarer Parties incorporated by reference their Initial Disclosures, which the Sloane Parties admit disclosed "over 150 individuals and entities…" *See* Fed. R. Civ. P. 26 advisory committee's note (1993) (describing the required initial disclosures as "the functional equivalent of court-ordered interrogatories")

Contrary to Sloane Parties' contention, the Wayfarer Parties did not "waive" their Local Civil Rule 33.3(a) objection to Interrogatory No. 3 and cases cited by the Sloane Parties for that proposition are easily distinguished. In *Codename Enterp., Inc. v. Fremantlemedia N. Am., Inc.*, No. 16-cv-1267, 2017 WL 11567520 (S.D.N.Y. Mar. 9, 2017), the Court held that the plaintiff waived its Rule 33.3-based objection because it "never mentioned Local Civil Rule 33.3 specifically" and failed to "explain why each of the Interrogatories was objectionable under that Rule." *Id.* at *2. Here, the Wayfarer Parties' General Objections, which are expressly "incorporated into each specific response," objects to each interrogatory "to the extent that it exceeds the scope of interrogatories set forth in Local Civil Rule 33.3(a)." (Dkt. 191-1, p. 4). Additionally, the Wayfarer

Parties' specific response to Interrogatory No. 3 explains that it is objectionable because it broadly seeks the identification of anyone with whom the Sloane Parties communicated regarding the Wayfarer Parties. (*Id.*, p. 9). As for *Freeman v. Guiliani*, No. 24-cv-06563, 2024 WL 5135913 (S.D.N.Y. Dec. 17, 2024), the defendant therein violated the Court's order by failing to respond to interrogatories by a specific date, which certainly is not the case here.

**Interrogatory Nos. 4, 5 and 7 are Improper**

Interrogatories Nos. 4, 5 and 7 seek the identification of (a) each alleged defamatory statement; (b) each malicious story "portraying Baldoni as a sexual predator;" and (c) each of the "stories critical of Baldoni…." (Dkt. 191-1, p. 9 – 12). These are impermissible contention interrogatories that exceed the scope of Local Civil Rule 33.3. *See Pauwels v. Bank of New York Mellon Corp.*, No. 19-cv-2313, 2024 WL 4040357, at *1 (S.D.N.Y. Apr. 9, 2024). In their plea for leave to exceed Local Rule 33.3(a), the Sloane Parties disingenuously contend that they "need a basic roadmap of the claims against them to prepare their defense." (Dkt. 190, p. 3). However, as detailed above, the Amended Complaint specifies the media outlets with whom Ms. Sloane conversed, approximately when she spoke to them, and the words she used during those conversations, *to the extent that the Wayfarer Parties have specific knowledge of facts relating to her defamatory statements*. *See U.S. v. 216 Bottles*, 36 F.R.D. 695, 702 (E.D.N.Y. 1965) (party not obligated to search for and compile information unknown to it).

If Ms. Sloane engaged in other defamatory conduct, she will not need to "guess" which of those are defamatory because she is the one who made the statements. As for her need for the "news articles the Wayfarer Parties allege are defamatory or otherwise actionable," she will obtain them in document discovery.

**Request for Production No. 32 is Improper**

Request No. 32 seeks documents upon which the Wayfarer Parties "intend to rely in drafting a further amended complaint" – *i.e.*, a Second Amended Complaint that does not exist, may never exist and, of course, has not been filed. (Dkt. 191-2, p. 35). In response, the Wayfarer Parties objected on the grounds that the Request seeks information protected from disclosure by the attorney-client privilege, work product doctrine, and any other applicable privilege. (*Id.*, p. 36). The Wayfarer Parties further objected to the Request as premature because a Second Amended Complaint does not exist. The case cited by the Sloane Parties stands for the unremarkable proposition that a party must produce documents referenced in its pleadings. *See United States v. Veeraswamy*, 347 F.R.D. 591, 602 – 603 (E.D.N.Y. 2024). If a Second Amended Complaint is filed, the Wayfarer Parties will produce all non-privileged documents relevant to the claims therein, located upon a diligent search, to the extent that such documents have not theretofore been produced, including any documents referenced in such (currently non-existent) pleading.

We respectfully request that the Court deny the Sloane Parties' motion to compel. Unfortunately, Sloane Parties' true purpose in filing the motion is not to compel discovery, but rather to re-argue their *sub judice* motion to dismiss which they anticipate will be denied based upon the Court's denial of their motion to stay discovery pending their dismissal motion. (Dkt. 156).

Respectfully submitted,

*/s/ Mitchell Schuster*

MEISTER SEELIG & FEIN PLLC
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
kaf@msf-law.com


LINER FREEDMAN TAITELMAN + COOLEY, LLP
Bryan J. Freedman (*pro hac vice*)
Miles M. Cooley (*pro hac vice*)
Theresa M Troupson (*pro hac vice*)
Summer Benson (*pro hac vice*)
Jason Sunshine
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
mcooley@lftcllp.com
ttroupson@lftcllp.com
sbenson@lftcllp.com
jsunshine@lftcllp.com

cc: all counsel of record (via ECF)