**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

May 9, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
500 Pearl St.
New York, NY 10007-1312

Re:     Lively v. Wayfarer Studios, No. 1:24-cv-10049-LJL [rel. No. 1:25-cv-00779]

Dear Judge Liman:

Pursuant to Federal Rules of Civil Procedure 26 and 45, Local Civil Rule 7.1(d) and Paragraph 1(C) of this Court's Individual Practices in Civil Cases, we write on behalf of our clients, Jonesworks LLC and Stephanie Jones (collectively "Jonesworks") to respectfully request that the Court enter a protective order prohibiting the Wayfarer Parties[1] from enforcing a subpoena served on Edgeworth Security Services LLC ("Edgeworth") that improperly seeks to obtain Jonesworks' documents outside the party discovery process and calls for documents and communications that are protected by Jonesworks' attorney-client privilege and the work product doctrine.[2]  Any responsive Edgeworth communications with or documents regarding Jonesworks are protected from disclosure by the attorney-client privilege and work product doctrine, and this Court should bar enforcement of the subpoena to the extent it calls for the production of such documents.

The Subpoena, attached as Exhibit A to this letter, seeks to compel Edgeworth to produce, among other things, "All DOCUMENTS and COMMUNICATIONS CONCERNING YOUR relationship with JONES," "All DOCUMENTS and COMMUNICATIONS CONCERNING YOUR relationship with JONESWORKS," "All COMMUNICATIONS between YOU and JONES," and "All COMMUNICATIONS between YOU and JONESWORKS." Ex. A, Requests for Production Nos. 1-4.  On March 13, 2025, Jonesworks served objections to these requests and to the Subpoena's other requests to the extent that they called for documents with or regarding Jonesworks.  Ex. B, Letter from K. Tahler to B. Freedman, Mar. 13, 2025.  Counsel for Jonesworks met and conferred with counsel for the Wayfarer Parties on March 20, 2025, but were unable to resolve the matters at issue.  Subsequent to that conferral, Edgeworth provided responsive documents in its possession to Jonesworks solely for the purpose of Jonesworks reviewing and assessing for privilege.  Jonesworks did so and, on March 31, 2025, having determined the privileged and protected nature of the documents, served a privilege log on the Wayfarer Parties.  Ex. C, Letter from K. Tahler to B. Freedman, Mar. 31, 2025.  Counsel for Jonesworks met and

---

[1]  Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, It Ends With Us Movie LLC, Melissa Nathan, Jennifer Abel, and Steve Sarowitz.

[2]  Jonesworks has standing to bring this motion.  *See Dowling v. New York-Presbyterian/Weill Cornell Med. Ctr.*, No. 19-CV-2114 (LJL), 2020 WL 1243780, at *2 (S.D.N.Y. Mar. 16, 2020) (standing where third "party claims a personal right or privilege regarding the production or testimony sought by the subpoena") (cleaned up).  Although the Subpoena calls for compliance in the Central District of California, in the interests of judicial economy and in light of Jonesworks' participation in this case, Jonesworks brings this [letter] motion before this Court. Edgeworth has informed counsel for Jonesworks that it does not object to this Court resolving this motion.

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

conferred with counsel for the Wayfarer Parties again on May 2, 2025, and the Wayfarer Parties stated that they had narrowed the requests to only documents relevant to the present litigation but stated their intent to pursue the subpoena despite the privileged nature of the documents sought. Counsel for Jonesworks also met and conferred with counsel for Edgeworth on multiple occasions; Edgeworth stated that it takes no position on this matter and will respond to the subpoena in accordance with the Court's resolution of this motion. Jonesworks now seeks an order from this Court prohibiting the Wayfarer Parties from enforcing the subpoena to the extent it seeks documents and communications with or regarding Jonesworks.

First, on their face, the Subpoena's requests seek documents that the Wayfarer Parties—parties in this case and the related case against Jonesworks—are required to seek from Jonesworks as part of party discovery, not from Jonesworks' third-party service provider. "[S]ubpoenas under Rule 45 are clearly not meant to provide an end-run around the regular discovery process." *Burns v. Bank of Am.*, 03 Civ. 1685, 2007 WL 1589437, *14 (S.D.N.Y. June 4, 2007).

Second, "a Court must quash or modify a subpoena … that requires disclosure of privileged or other protected matter, if no exception or waiver applies." *In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.)*, 581 F. Supp. 3d 509, 515 (S.D.N.Y. 2022); *see* Fed. R. Civ. P. 45(d)(3)(A)(iii). The attorney-client privilege protects confidential communications between attorney and client made for the purpose of seeking or conveying legal advice. *Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, No. 03 CIV. 5560 (RMB) HBP, 2008 WL 4452134, at *9 (S.D.N.Y. Oct. 2, 2008). "[T]he privilege for communication with attorneys can extend to shield communications to others when the purpose of the communication is to assist the attorney in rendering advice to the client." *United States v. Adlman*, 68 F.3d 1495, 1499 (2d Cir. 1995).

The work product doctrine "is intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy 'with an eye toward litigation,' free from unnecessary intrusion by his adversaries." *United States v. Adlman*, 134 F.3d 1194, 1196 (2d Cir. 1998) (quoting *Hickman v. Taylor*, 329 U.S. 495, 511 (1947)); *see also* Fed. R. Civ. P. 26(b)(3)(a) ("Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation…."). "The work product doctrine does not require the documents be prepared at the behest of counsel, but only that they be prepared 'because of the prospect of litigation.'" *Vaher v. Town of Orangetown, N.Y.*, No. 10 CIV. 1606 KMK GAY, 2013 WL 2097389, at *1 (S.D.N.Y. May 15, 2013) (quoting *Adlman*, 134 F.3d at 1202).

Here, the documents the subpoena seeks relate solely to work Edgeworth has performed in connection with Jonesworks' obtaining legal advice and preparing for potential litigation. Jonesworks retained Edgeworth in mid-2024 after an anonymous person or persons created false and defamatory websites and social media accounts about Jonesworks. In anticipation of foreseeable potential litigation regarding those websites and in coordination with Jonesworks' legal counsel, it sought Edgeworth's investigative and analytical services in connection with those websites and social media accounts. In the ensuing months, Edgeworth performed additional services for Jonesworks in anticipation of litigation, including the matters that ultimately led to the complaint in the related case of *Jones et al. v. Abel et al.*, No. 1:25-cv-00779-LJL (S.D.N.Y.).

Based on this relationship, all responsive documents in the possession, custody, or control of Edgeworth that relate to Jonesworks or communications with Jonesworks are protected from

disclosure. *See* Fed. R. Civ. P. 26(b)(4)(D); *see also, e.g.*, *United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011) (attorney-client privilege extends to communications with non-attorneys "when the purpose of the communication is to assist the attorney in rendering advice to the client.") (quoting *Adlman*, 68 F.3d at 1499); *Williams v. Bridgeport Music, Inc.*, 300 F.R.D. 120, 123 (S.D.N.Y. 2014) ("[T]he work-product doctrine applies to work product by a party or its representatives, including the party's attorney, consultants, surety, indemnitor, insurer, or agent.") (cleaned up); *Gucci Am., Inc. v. Guess?, Inc.*, 271 F.R.D. 58, 70 (S.D.N.Y. 2010) ("[C]ourts have frequently extended the attorney-client privilege to communications made to investigators who have provided necessary assistance to attorneys.").

No exception to the attorney-client privilege or work product doctrine applies. Rule 26(b)(3)(A)(ii) only permits the discovery of work product if the party seeking it "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." The Wayfarer Parties have not and cannot make any such showing. "Substantial need" does not include "mere surmise or suspicion," and "relevancy alone is not enough to establish substantial need." *United States Sec. & Exch. Comm'n v. Collector's Coffee Inc.*, 337 F.R.D. 70, 79 (S.D.N.Y. 2020), *objections overruled*, No. 19 CIV. 4355 (VM), 2021 WL 391298 (S.D.N.Y. Feb. 4, 2021) (cleaned up). Here, the Wayfarer Parties have not only proffered no factual basis for any substantial need, but they also cannot begin to demonstrate that they cannot obtain any equivalent information by other means—including through party discovery—where discovery has just begun.

Nor has Jonesworks waived any privilege by "put[ting] at issue" any of its communications with Edgeworth or any of the services provided by Edgeworth. *John Doe Co. v. United States*, 350 F.3d 299, 302 (2d Cir. 2003). Quite the opposite: prior to sending its objections to the Wayfarer Parties, Jonesworks had not communicated anything regarding its relationship with Edgeworth or any of the services Edgeworth performed for it to any parties to this case. But rather than seek discovery of documents and communications in the possession of and relating to Jonesworks directly from Jonesworks in this case or the pending related case in which Jonesworks is a party, the Wayfarer Parties are seeking to use the Subpoena to obtain those documents through alternative indirect means. The Court should reject this effort to obtain privileged documents through a backdoor that they well know they could never obtain through party discovery. *See Burns v. Bank of Am.*, 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007) ("[S]ubpoenas under Rule 45 are clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34.").

Because the Subpoena calls for documents protected by Jonesworks' privileges, the Court should quash the Subpoena and issue an order prohibiting its enforcement to the extent it seeks documents regarding or communications with Jonesworks. *See* Fed. R. Civ. P. 45(d)(3)(A)(iii).

Respectfully Submitted,

*/s/ Kristin Tahler*

Kristin Tahler

Copy to:   Counsel for Edgeworth Security Services LLC
           All Counsel of Record (via ECF)