# Exhibit A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>                    Plaintiff,<br><br>       v.<br><br>WAYFARER STUDIOS LLC, a Delaware Limited Liability Company, JUSTIN BALDONI, an individual, JAMEY HEATH, an individual, STEVE SAROWITZ, an individual, IT ENDS WITH US MOVIE LLC, a California Limited Liability Company, MELISSA NATHAN, an individual, THE AGENCY GROUP PR LLC, a Delaware Limited Liability Company, JENNIFER ABEL, an individual,<br><br>                    Defendants. | Civ. Action No. 1:24-cv-10049-LJL (Consolidated for pretrial purposes with 1:25-cv-00449-LJL) rel. 1:25-cv-00779-LJL<br><br>**NOTICE OF INTENTION TO SERVE SUBPOENA** |
| WAYFARER STUDIOS LLC, a Delaware Limited Liability Company, JUSTIN BALDONI, an individual, JAMEY HEATH, an individual, IT ENDS WITH US MOVIE LLC, a California Limited Liability Company, MELISSA NATHAN, an individual, JENNIFER ABEL, an individual, and STEVE SAROWITZ, an individual,<br><br>                    Plaintiffs,<br><br>v.<br><br>BLAKE LIVELY, an individual, RYAN REYNOLDS, an individual, LESLIE SLOANE, an individual, VISION PR, INC., a New York corporation, and THE NEW YORK TIMES COMPANY, a New York corporation,<br><br>                    Defendants. | |

Pursuant to Fed. R. Civ. P. 45(a)(4), Plaintiffs Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, It Ends With Us Movie LLC, Melissa Nathan, Jennifer Abel, and Steve Sarowitz, by and through their undersigned counsel, hereby provide notice that they intend to serve **Edgeworth Security Services, LLC, c/o National Registered Agents, Inc., 330 N. Brand Blvd. Suite 700, Glendale, CA 91203**, with a subpoena commanding production of documents, a true copy of which is annexed hereto.

Dated:  February 25, 2025
        New York, NY

Respectfully submitted,

**MEISTER SEELIG & FEIN PLLC**

By:   */s/ Mitchell Schuster*
      Mitchell Schuster
      Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
       kaf@msf-law.com

Dated:  February 25, 2025
        Los Angeles, CA

**LINER FREEDMAN TAITELMAN + COOLEY**

By:   */s/ Bryan Freedman*
      Bryan J. Freedman*
      Miles M. Cooley*
      Theresa M Troupson*
      Summer Benson*
      Jason Sunshine
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
       mcooley@lftcllp.com
       ttroupson@lftcllp.com
       sbenson@lftcllp.com
       jsunshine@lftcllp.com

*\* admitted pro hac vice*

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | | |
|---|---|---|
| Wayfarer Studios LLC, et al. | ) | |
| *Plaintiff* | ) | Civil Action No.   1:24-cv-10049-LJL |
| v. | ) | |
| Blake Lively, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                       Edgeworth Security Services, LLC,
c/o National Registered Agents, Inc. 330 N. Brand Blvd. Suite 700, Glendale, CA 91203

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: Express Network: 1605 W Olympic Blvd., Suite 800, Los Angeles, CA 90015; (213) 975-9850 | Date and Time: 03/17/2025 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/25/2025

                    *CLERK OF COURT*
                                                OR

_____           /s/ Bryan J. Freedman
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Consolidated Plaintiffs Wayfarer Studios LLC, et al. _____, who issues or requests this subpoena, are:
Bryan J. Freedman, Liner Freedman Taitelman + Cooley, LLP, 1801 Century Park West, 5th Floor, Los Angeles, CA 90067; (310) 201-0005; bfreedman@lftcllp.com

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:24-cv-10049-LJL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## DEFINITIONS AND INSTRUCTIONS

Unless specifically indicated or otherwise required by the context in which the terms and names are used, the following definitions and instructions apply:

1.      The full text of the definitions and rules of construction set forth in Local Civil Rule 26.3 is incorporated by reference hereinto.

2.      The terms "You" and "Your" shall mean Edgeworth Security Services, LLC and any of its members, managers, representatives, agents, employees, subsidiaries, affiliates, parent(s), accountants, attorney, successors, predecessors-in-interest, and anyone else acting or purporting to act on its behalf or who has acted or purported to act on its behalf.

3.      The term "Sony" shall mean Sony Pictures Entertainment Inc. and any of its members, managers, representatives, agents, employees, subsidiaries, affiliates, parent(s), accountants, attorney, successors, predecessors-in-interest, and anyone else acting or purporting to act on its behalf or who has acted or purported to act on its behalf.

4.      The term "Film" shall mean *It Ends With Us*.

5.      The term "Baldoni" shall mean Justin Baldoni as well as his employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on his behalf and anyone on whose behalf he is acting, including but not limited to his agent(s), manager(s), attorney(s), and other representative(s).

6.      The term "Heath" shall mean Jamey Heath as well as his employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on his behalf and anyone on whose behalf he is acting, including but not limited to his agent(s), manager(s), attorney(s), and other representative(s).

7.     The term "Wayfarer" shall mean Wayfarer Studios LLC and any of its members, managers, representatives, agents, employees, subsidiaries, affiliates, parent(s), accountants, attorney, successors, predecessors-in-interest, and anyone else acting or purporting to act on its behalf or who has acted or purported to act on its behalf.

8.     The term "Reynolds" shall mean Ryan Reynolds as well as his employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on his behalf and anyone on whose behalf he is acting.

9.     The term "Lively" shall mean Blake Lively as well as her employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on her behalf and anyone on whose behalf she is acting.

10.    The term "Jonesworks" shall mean Jonesworks, Inc., Jonesworks LLC, and any of their members, managers, officers, shareholders, directors, representatives, agents, employees, subsidiaries, affiliates, parent(s), accountants, attorney, successors, predecessors-in-interest, and anyone else acting or purporting to act on their behalf or who has acted or purported to act on their behalf.

11.    The term "Jones" shall mean Stephanie Jones as well as her employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on her behalf and anyone on whose behalf she is acting.

12.    The term "Sloane" shall mean Leslie Sloane as well as her employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-

in-interest, and anyone else acting or purporting to act on her behalf and anyone on whose behalf she is acting.

13.    The term "Vision" shall mean Vision PR Inc. and any of its members, managers, officers, shareholders, directors, representatives, agents, employees, subsidiaries, affiliates, parent(s), accountants, attorney, successors, predecessors-in-interest, and anyone else acting or purporting to act on its behalf or who has acted or purported to act on its behalf.

14.    The term "Abel" shall mean Jennifer Abel as well as her employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on her behalf and anyone on whose behalf she is acting.

15.    The term "RWA" shall mean RWA Communications LLC and any of its members, managers, officers, shareholders, directors, representatives, agents, employees, subsidiaries, affiliates, parent(s), accountants, attorney, successors, predecessors-in-interest, and anyone else acting or purporting to act on its behalf or who has acted or purported to act on its behalf.

16.    The term "Nathan" shall mean Melissa Nathan as well as her employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on her behalf and anyone on whose behalf she is acting.

17.    The term "TAG" shall mean The Agency Group PR LLC and any of its members, managers, officers, shareholders, directors, representatives, agents, employees, subsidiaries, affiliates, parent(s), accountants, attorney, successors, predecessors-in-interest, and anyone else acting or purporting to act on its behalf or who has acted or purported to act on its behalf.

18.    The term "Greenberg" shall mean Danny Greenberg as well as his employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-

in-interest, and anyone else acting or purporting to act on his behalf and anyone on whose behalf he is acting.

19.    The term "Whitesell" shall mean Patrick Whitesell as well as his employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on his behalf and anyone on whose behalf he is acting.

20.    The term "Action" shall mean the above-captioned consolidated actions (1:24-cv-10049-LJL & 1:25-cv-00449-LJL) and the related case *Jonesworks v. Abel et al.*, Case No. 1:25-cv-00779-LJL.

21.    The term "employees" refers to officers, directors, managers, members, or other employees currently or previously employed or otherwise associated with You or any of Your divisions, affiliates, and subsidiaries.

22.    The term "entity," or "entities," includes natural persons, proprietorships, partnerships, firms, corporations, public corporations, municipal corporations, governments (including foreign national governments, the government of the United States or any state or local government), all departments and agencies thereof, any governmental agencies of any country, political subdivisions, groups, associations, or organizations, and the "acts" of an "entity" or "entities" are defined to include the acts of directors, officers, owners, members, employees, consultants, agents, attorneys or any entity acting on the entity's behalf.

23.    The term "third party" means all persons, individuals, corporations, partnerships, and other entities of any kind that are not parties to this litigation, including customers and investors, as well as persons acting on behalf of such third parties, including their officers, agents, employees, consultants, and attorneys.

24.     The term "thing" has the broadest meaning possible under the Federal Rules of Civil Procedure and includes every kind of physical specimen or tangible item, other than a document, that is in Your possession, custody, or control.

25.     The terms/phrases "referring to," "relating to," and/or "concerning," as used herein, shall be interpreted broadly and shall include, but not be limited to, the following meanings: containing, recording, discussing, mentioning, noting, evidencing, memorializing, analyzing, describing, commenting upon, pertaining to, relating to, concerning and/or referring to the matters set forth.

26.     The term "involving" is used in its broadest sense to mean without limitation, including employing, entailing, comprehending, and/or affecting.

27.     The term "evidencing" means proving, indicating, or being probative of the existence or nature of the subject of the document requests.

28.     The term "communicated" means any transfer or exchange between two or more Persons or Entities of any information, whether by document or oral means, including but not limited to personal conversation, correspondence, facsimile, telephone calls, electronic mail, text messages, and other electronic messaging.

29.     The term "date" means the exact date, month, and year, if ascertainable, or if not, the best approximation thereof. Where You cannot ascertain an exact date, Your answer(s) shall specifically indicate that the approximation has been made.

30.     References to any natural person shall include, in addition to the natural person, any agent, employee, representative, attorney, superior, or principal thereof.

31.     References to any entity shall include, in addition to the entity, any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

7

32.     The use of the term "the" shall not be construed as limiting the request for production.

33.     Use of the singular shall also include the plural, and vice-versa.

34.     Unless another time period is indicated, all requests for production should be construed to encompass the period beginning on January 1, 2022, through the date of Your responses to these requests.

35.     Each document produced shall be segregated according to the numbered request to which it is responsive or shall be designated in some other manner sufficient to identify to which request it is responsive or shall be produced as it is kept in the usual course of business.

36.     If any document to be produced has been lost, discarded, transferred to another person or entity, destroyed, or otherwise disposed of, state in writing:

   a.   the date, name, and subject matter of the document;

   b.   the name, address, employment, and title of each person who prepared, received, reviewed, or had custody, possession, or control of the document;

   c.   all persons with knowledge of the contents or any portion of the contents of the document;

   d.   the previous location of the document;

   e.   the date of disposal or transfer of the document;

   f.   the reason for disposal or transfer of the document;

   g.   the manner of disposal of the document; and

   h.   the names and addresses of the transferee of the document, if applicable.

37.     If any request is objected to or documents or things responsive to any request are withheld under a claim of privilege or otherwise, with respect to each such request, You shall, in the response or objection, identify the nature of the privilege (including work product) which is

being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state law, set forth the state privilege rule being invoked. When any privilege is claimed, You shall indicate whether any such documents exist as to the information requested.

38.     These requests are deemed to be continuing in nature, and You are under an obligation to supplement or amend its responses promptly upon learning of additional information or information that renders Your existing responses inaccurate or incomplete.

39.     These requests, including the Definitions and Instructions, are intended to be consistent with the scope and requirements of all applicable rules and law. No Instruction or Definition provided herein is intended to constrict or expand Your obligation to provide disclosures in accordance with all applicable rules of law.

## SCHEDULE A

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS and COMMUNICATIONS CONCERNING YOUR relationship with JONES.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS and COMMUNICATIONS CONCERNING YOUR relationship with JONESWORKS.

**REQUEST FOR PRODUCTION NO. 3:**

All COMMUNICATIONS between YOU and JONES.

**REQUEST FOR PRODUCTION NO. 4:**

All COMMUNICATIONS between YOU and JONESWORKS.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS and COMMUNICATIONS CONCERNING ABEL.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS and COMMUNICATIONS CONCERNING RWA.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS and COMMUNICATIONS CONCERNING NATHAN.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS and COMMUNICATIONS CONCERNING TAG.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS and COMMUNICATIONS CONCERNING LIVELY.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS and COMMUNICATIONS CONCERNING REYNOLDS.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS and COMMUNICATIONS CONCERNING WAYFARER.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS and COMMUNICATIONS CONCERNING BALDONI.

**REQUEST FOR PRODUCTION NO. 13:**

All COMMUNICATIONS between YOU and any PERSON CONCERNING the ACTION.

**REQUEST FOR PRODUCTION NO. 14:**

All COMMUNICATIONS between YOU and SLOANE.

**REQUEST FOR PRODUCTION NO. 15:**

All COMMUNICATIONS between YOU and VISION.

**REQUEST FOR PRODUCTION NO. 16:**

All COMMUNICATIONS between YOU and LIVELY.

**REQUEST FOR PRODUCTION NO. 17:**

All COMMUNICATIONS between YOU and REYNOLDS.

## CERTIFICATE OF SERVICE

I, Jason H. Sunshine, do hereby certify that I am not less than 18 years of age and that on this 25th day of February 2025, I caused a copy of the within ***Notice of Intention to Serve Subpoena*** to be served upon the following counsel for the parties via email:

### SEE ATTACHED SERVICE LIST

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: Los Angeles, California
        February 25, 2025

*/s/ Jason H. Sunshine*
Jason H. Sunshine

<u>**SERVICE LIST**</u>

**MANATT, PHELPS & PHILLIPS, LLP**
Esra Hudson, Esq.
Stephanie Roeser, Esq.
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Tel: (310) 312-4381
Email: EHudson@manatt.com
          SRoeser@manatt.com

*Attorneys for Blake Lively*


**MEISTER SEELIG & FEIN PLLC**
Mitchell Schuster, Esq.
Kevin Fritz, Esq.
Armit Shertzer, Esq.
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
          kaf@msf-law.com
          as@msf-law.com

*Attorneys for Wayfarer Studios LLC, Justin Baldoni,*
*Jamey Heath, It Ends With Us Movie LLC, Melissa Nathan, Jennifer Abel,*
*and Steve Sarowitz*


**WILKIE FARR & GALLAGHER LLP**
Meryl C. Governski, Esq.
Michael J. Gottlieb, Esq.
Kristin E. Bender, Esq.
1875 K Street NW
Washington, DC 20006-1238
Tel: (202) 303-1000
Email: mgovernski@wilkie.com
          mgottlieb@wilkie.com
          kbender@wilkie.com

*Attorneys for Blake Lively and Ryan Reynolds*

**WILKIE FARR & GALLAGHER LLP**
Aaron E. Nathan, Esq.
787 7th Avenue
New York, NY 10019
Tel: (212) 778-8000
Email:  anathan@wilkie.com

*Attorneys for Blake Lively and Ryan Reynolds*

**BOIES SCHILLER FLEXNER LLP**
Lindsey Ruff, Esq.
Andrew Villacastin, Esq.
55 Hudson Yards
New York, NY 10001
Tel: (212) 446-2300
Email:  LRuff@bsfllp.com
         AVillacastin@bsfllp.com

*Attorneys for Leslie Sloane and Vision PR, Inc.*

**BOIES SCHILLER FLEXNER LLP**
Sigrid S. McCawley, Esq.
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33316
Tel: (954) 356-0011
Email:  smccawley@bsfllp.com

*Attorneys for Leslie Sloane and Vision PR, Inc.*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Nicholas Inns, Esq.
1300 I Street NW, Suite 900
Washington, D.C. 20005
Tel: (202) 538-8000
Email:  nicholasinns@quinnemanuel.com

*Attorneys for Stephanie Jones and Jonesworks, LLC*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Maaren Alia Shah, Esq.
295 5th Avenue, 9th Floor
New York, NY 10016
Tel.: (212) 849-7000
Email:  maarenchoksi@quinnemanuel.com

*Attorneys for Stephanie Jones and Jonesworks, LLC*


**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Kristin Tahler, Esq.
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel.: (213) 443-3000
Email: kristintahler@quinnemanuel.com

*Attorneys for Stephanie Jones and Jonesworks, LLC*

**DAVIS WRIGHT TREMAINE LLP**
Katherine M. Bolger, Esq.
1251 Avenue of the Americas, 21st Floor
New York, NY  10020-1104
Tel.: (212) 402-4068
Email: katebolger@dwt.com

*Attorneys for The New York Times Company*