# manatt

**Esra A. Hudson**
Manatt, Phelps & Phillips, LLP
Direct Dial: 310-312-4381
ehudson@manatt.com

May 9, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1620
New York, NY 10007

Re:   *Lively v. Wayfarer Studios LLC, et al.*, No. 1:24-cv-10049-LJL [rel. No. 1:25-cv-00449]

Dear Judge Liman:

Pursuant to Rules I.C and 4.C of the Court's Individual Rules and Practices, Blake Lively respectfully submits this letter-motion to compel Wayfarer Studios LLC ("Wayfarer") and Tera Hanks, Mitz Toskovic, Ahmed Musiol, Ashmi Elizabeth Dang, Shekinah Reese, Jariesse Blackmon, AJ Marbory, Dion Suleman, and Jennifer Benson (the "Wayfarer Third Parties") to make a full production of relevant, non-privileged material in response to subpoenas ("Subpoenas") served on the "Wayfarer Third Parties"—all of whom are represented by counsel for Wayfarer itself ("Wayfarer Counsel").[1] After extensive conferral, counsel for the Wayfarer Parties and the Wayfarer Third Parties finally confirmed that *Wayfarer* has taken responsibility for collecting, searching for, and producing responsive material that is located on Wayfarer "repositories," while the Wayfarer Third Parties would remain responsible for collecting and producing any other responsive materials in their possession, custody, or control, including on their personal devices. *See* **Ex. J.** But even though the deadlines for compliance passed weeks ago, *neither* Wayfarer *nor* the Wayfarer Third Parties (represented by Wayfarer's counsel) have produced a single document. The Court should intervene now, and put an end to Wayfarer's improper attempt to prolong third-party discovery.

The Wayfarer Third Parties are each current or former Wayfarer executives and employees who are likely to possess documents and communications relevant to the claims and defenses in this action. Each of the Wayfarer Third Parties was validly served with subpoenas in early March.[2] They each requested extensions, and Ms. Lively agreed to extend their deadlines for compliance as follows: April 16 for Hanks, Toskovic, and Musiol; April 21 for Blackmon; and April 23 for Dang, Reese, Marbory, Suleman, and Benson. Each of those deadlines has long since passed, and none of the Wayfarer Third Parties has produced a single document. Instead, after extensive conferrals, during which Wayfarer Counsel walked away from numerous objections and agreed to produce all relevant, non-privileged material in response to the Subpoenas, Wayfarer Counsel confirmed that *Wayfarer* had taken responsibility for, and intended to produce "responsive and non-privileged professional materials collected from its own repositories on behalf of . . .the affiliated third parties." Ex. J. Wayfarer's counsel also confirmed that they were collecting "from all relevant sources, including Wayfarer's servers and databases," on behalf of "*both* the Wayfarer Parties *and* the affiliated third parties subject to subpoenas."

---

[1] The Subpoenas are attached hereto as **Exhibits A-I.**
[2] Hanks, Toskovic, Musiol, and Blackmon accepted service on March 3, 2025; Dang and Reese accepted service on March 6, 2025, and Marbory, Suleman, and Benson each accepted service on March 11, 2025.

Hon. Lewis J. Liman
May 9, 2025
Page 2

*Id.* Meanwhile, Wayfarer Counsel represented that "the subpoenaed individuals will produce any remaining responsive and non-privileged materials located on their personal devices." *Id.* Notably, and troublingly, the Wayfarer Parties *and* the Wayfarer Third Parties have steadfastly refused to identify the repositories from which they are collecting (including refusing to confirm whether particular personal and professional devices even exist).

Wayfarer and the Wayfarer Third Parties' gambit improperly seeks to extend the Third Parties' deadline for compliance. The Subpoena compliance deadlines have passed, plain and simple. The Wayfarer Third Parties cannot evade that deadline by outsourcing their obligations to Wayfarer, even if they have agreed to be represented by Wayfarer's counsel. Meanwhile, Wayfarer's decision to insert itself (and its counsel) into the process of responding to the Subpoenas issued to the Wayfarer Third Parties is not an excuse to delay or otherwise evade compliance. Instead, because Wayfarer has volunteered to take responsibility for the Wayfarer Third Parties' compliance obligations, Wayfarer must actually comply: including by complying with the applicable deadlines, all of which have now passed. The Court should order Wayfarer and the Wayfarer Third Parties to produce all relevant, non-privileged material in their possession, custody, or control that is responsive to the Subpoenas.

Respectfully submitted,

/s/ Esra A. Hudson

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
Meryl Governski (admitted *pro hac vice*)
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron E. Nathan
787 7th Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (admitted *pro hac* vice)
Stephanie A. Roeser (admitted *pro hac v*ice)
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
7 Times Sq.
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

*Attorneys for Blake Lively*