# EXHIBIT J

| | |
|---|---|
| **From:** | Summer Benson |
| **To:** | Connolly, Michaela; Local KAF. Counsel; Stacey Ashby; Local MS. Counsel; Amit Shertzer; Vaneta Birtha; cbabcock@jw.com; jglover@jw.com; Sigrid McCawley; Lindsey Ruff; Andrew Villacastin; katebolger@dwt.com; samcategumpert@dwt.com; nicholasinns@quinnemanuel.com; maarenchoksi@quinnemanuel.com; kristintahler@quinnemanuel.com; anthony@umklaw.com; matthew@umklaw.com; Miles Cooley; Cortni Davis; Bryan Freedman; Jose Perez; Jason Sunshine; Theresa Troupson; mitra@ahouraianlaw.com |
| **Cc:** | Gottlieb, Michael; Hudson, Esra; Governski, Meryl Conant; Bender, Kristin; Nathan, Aaron E.; Roeser, Stephanie; Bruno, Matthew; Taustine, Melissa; Climaco, Katelyn |
| **Subject:** | RE: Lively v. Wayfarer Studios LLC et al., No. 1:24-cv-10049-LJL |
| **Date:** | Thursday, May 8, 2025 9:35:34 PM |

**\*\*\* EXTERNAL EMAIL \*\*\***

Counsel,

We strongly disagree with the self-serving characterizations in your email. Nonetheless, we reiterate that our clients have complied—and will continue to comply—with all of their discovery obligations. As we made clear during our call, we are fulfilling all requirements under both the Federal Rules of Civil Procedure and the Local Rules.

To be clear, as expressly communicated, we are actively collecting materials from all relevant sources, including Wayfarer's servers and databases, as well as personal devices where applicable. This collection applies to both the Wayfarer Parties and the affiliated third parties subject to subpoenas.

As also discussed on our call, the collection process is well underway, and we expect to begin a rolling production by the end of this month. Your attempt to distort the record to suggest otherwise is not constructive. Notably, as during our call, you have cited no authority supporting your assertion that you are entitled to detailed information about our collection process.

Separately, and as previously confirmed, Wayfarer, as a party, is collecting all professional materials from the subpoenaed third parties in connection with their compliance with the Rule 45 subpoenas. To the extent additional responsive and relevant materials exist, they will be identified and collected from the subpoenaed individuals. To avoid duplicative productions, Wayfarer intends to produce responsive and non-privileged professional materials collected from its own repositories on behalf of itself and the affiliated third parties, while the subpoenaed individuals will produce any remaining responsive and non-privileged materials located on their personal devices. If you object to this approach, please let us know.

All rights are reserved.

Summer E. Benson, Esq.
LINER FREEDMAN TAITELMAN + COOLEY LLP

1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone: (310) 201-0005

Facsimile: (310) 201-0045

Web: www.lftcllp.com

*Please note that LFTC's domain name has changed from FTLLP.com to LFTCLLP.com.  Emails sent from this domain are not spam.*

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Connolly, Michaela <MConnolly@willkie.com>
**Sent:** Wednesday, May 7, 2025 7:47 PM
**To:** Local KAF. Counsel <kaf@msf-law.com>; Summer Benson <sbenson@lftcllp.com>; Stacey Ashby <sma@msf-law.com>; Local MS. Counsel <ms@msf-law.com>; Amit Shertzer <as@msf-law.com>; Vaneta Birtha <vbirtha@lftcllp.com>; cbabcock@jw.com; jglover@jw.com; Sigrid McCawley <smccawley@bsfllp.com>; Lindsey Ruff <LRuff@bsfllp.com>; Andrew Villacastin <AVillacastin@bsfllp.com>; katebolger@dwt.com; samcategumpert@dwt.com; nicholasinns@quinnemanuel.com; maarenchoksi@quinnemanuel.com; kristintahler@quinnemanuel.com; anthony@umklaw.com; matthew@umklaw.com; Miles Cooley <mcooley@lftcllp.com>; Cortni Davis <cdavis@lftcllp.com>; Bryan Freedman <bfreedman@lftcllp.com>; Jose Perez <jperez@lftcllp.com>; Jason Sunshine <jsunshine@lftcllp.com>; Theresa Troupson <ttroupson@lftcllp.com>; mitra@ahouraianlaw.com
**Cc:** Gottlieb, Michael <MGottlieb@willkie.com>; Hudson, Esra <EHudson@manatt.com>; Governski, Meryl Conant <MGovernski@willkie.com>; Bender, Kristin <KBender@willkie.com>; Nathan, Aaron E. <ANathan@willkie.com>; Roeser, Stephanie <SRoeser@manatt.com>; Bruno, Matthew <MBruno@manatt.com>; Taustine, Melissa <MTaustine@willkie.com>; Climaco, Katelyn <KClimaco@manatt.com>
**Subject:** Lively v. Wayfarer Studios LLC et al., No. 1:24-cv-10049-LJL

Counsel,

We write to memorialize our May 5 conferral regarding the parties' collection efforts to date, as well as the Lively/Reynolds Parties' third-party subpoenas to Tera Hanks, Mitz Toskovic, Ahmed Musiol, Ashmi Dang, Shekinah Reese, Jariesse Blackmon, AJ Marbory, Dion Suleman, and Jennifer Benson (the "Wayfarer Third Parties"), and the Wayfarer Third Parties' responses thereto.

At the outset of our discussion, we requested confirmation of the individual Wayfarer Parties' document collection efforts.  In response, you advised that the Wayfarer Parties were making collection efforts consistent with their "obligations," and stated that addressing collection efforts on a party-by-party basis was inefficient.  We disagreed and separately asked for confirmation of the sources from which the Wayfarer Parties are collecting documents.  In response, you represented that, *if* a source has relevant information, you are collecting that source's data.  You stated that you are collecting from Wayfarer's "servers and databases," which would purportedly include Wayfarer emails, and from personal or work devices, to the extent such devices contain relevant information, but you would not provide any details or answer any questions about what repositories in particular you are collecting.

For example, we requested that you specifically answer the following and you declined to do so:
1. What constitutes a "device";
2. What specific Wayfarer servers and databases are being collected;
3. What materials are housed within these "servers and databases" (for example, do they include all corporate email accounts?  Shared workspaces?  Internal messaging applications, such as Jabber or Slack?);
4. Whether the Wayfarer Parties' collection efforts are partial or complete;
5. Whether the individual Wayfarer Parties have Wayfarer-issued phones or use their personal phones for work-related communications; and
6. Whether Suleman and Benson, individuals subject to Rule 45 subpoenas discussed further below, are Wayfarer employees.

You also refused to divulge any basic information relating to the Wayfarer Parties' document collection efforts, including what custodians you have collected documents from and from what repositories.  We do not understand how Wayfarer can represent that it is making all efforts consistent with its obligations when it cannot even identify *who* it is collecting materials from, *including* to confirm what devices, emails, or other repositories of information it is collecting from the individual defendants.

As we explained, the information we are asking about is standard information that is shared by parties at the outset of discovery.  Based on our call, we can only assume that Wayfarer has not completed, and maybe has not even started, its collection obligations.

Rather than address these items, you demanded information regarding the Lively/Reynolds Parties' collection efforts, including on the same topics on which you refused to provide answers.  ***We confirmed that the Lively/Reynolds Parties' collections were fulsome and complete.***  As we have been telling you for many weeks, we are eager to enter the ESI stipulation that we first proposed *more than a month ago* so that we can begin producing materials and make every effort to comply with the July 1 substantial completion deadline.  We do not understand how the Wayfarer Parties can possibly be attempting to meet that deadline if you cannot even confirm that you have begun or finished collecting all of the repositories likely to contain relevant information for all of the defendants (including Wayfarer custodians).

We asked whether you could share a date certain by which the Wayfarer Parties would make an initial production.  You could not, and instead advised that when the Lively/Reynolds Parties were ready to make an initial production, the Wayfarer Parties would do the same.  To that end, you asked if the Lively/Reynolds Parties could agree on a date to mutually exchange their initial productions.  We have considered this proposal, and, subject to your agreement to do the same, will make an initial document production on or by next Friday, May 16.  **Please confirm your agreement.**

As to the Wayfarer Third Parties, we requested updates on the status of their collections and anticipated productions.  As we explained, each of the subpoenas directed to the Wayfarer Third Parties have been pending since March.  On a March 25 conferral, you represented that the Wayfarer Third Parties would produce all responsive, non-privileged information in their possession, custody, or control in connection with all of the subpoena requests.  Notwithstanding that

representation, we have yet to receive a single document from any of the Wayfarer Third Parties.  In response to our repeated requests for information regarding the Wayfarer Third Parties' collection efforts, you indicated only that they are still in the process of collecting responsive material from sources with relevant information.  **As we explained by way of separate email, we understand that the Wayfarer Third Parties are responsible for collecting, searching, and producing all relevant and responsive materials from their personal *and* professional repositories of information, and will continue to understand that to the be the case unless you confirm that Wayfarer is assuming responsibility for any of the Wayfarer Third Parties' compliance with the (now overdue) subpoena responses.**

If you would like to clarify or correct any of the above, please let me know.  We reserve all rights.

Best,
Michaela


**Michaela Connolly**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: [+1 212 728 8808](...) | Fax: +1 212 728 9808
[mconnolly@willkie.com](mailto:mconnolly@willkie.com) | [vCard](...) | [www.willkie.com bio](...)
Pronouns: she, her, hers

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.