# EXHIBIT H

It Ends With Us Movie LLC Responses and
Objections to Lively's First Set of Requests
for Production of Documents

Filed Under Seal

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

BLAKE LIVELY,                                              :
                                                          :       Civ. Action No. 1:24-cv-10049-LJL
                    Plaintiff,                            :       (Consolidated for pretrial purposes
                                                          :       with 1:25-cv-00449-LJL)
v.                                                        :       rel. 1:25-cv-00449-LJL
                                                          :
WAYFARER STUDIOS LLC, JUSTIN BALDONI,                     :
JAMEY HEATH, STEVE SAROWITZ, IT ENDS                      :
WITH US MOVIE LLC, MELISSA NATHAN, THE                    :
AGENCY GROUP PR LLC, and JENNIFER ABEL,                   :
                                                          :
                    Defendants.                          :
                                                          :
-------------------------------------------------------------- x
JENNIFER ABEL,                                            :
                                                          :
                    Third-Party Plaintiff,               :
                                                          :
v.                                                        :
                                                          :
JONESWORKS LLC,                                           :
                                                          :
                    Third-Party Defendant.               :
                                                          :
                                                          :
-------------------------------------------------------------- x
WAYFARER STUDIOS LLC,                                     :
JUSTIN BALDONI, JAMEY HEATH, IT ENDS WITH                 :
US MOVIE LLC, MELISSA NATHAN, JENNIFER                    :
ABEL, and STEVE SAROWITZ,                                 :
                                                          :
                    Plaintiffs,                          :
                                                          :
v.                                                        :
                                                          :
BLAKE LIVELY, RYAN REYNOLDS, LESLIE                       :
SLOANE, VISION PR, INC., and THE NEW YORK                 :
TIMES COMPANY,                                            :
                                                          :
                    Defendants.                          :
-------------------------------------------------------------- x

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

**DEFENDANT/CONSOLIDATED PLAINTIFF IT ENDS WITH US MOVIE LLC'S
RESPONSES AND OBJECTIONS TO PLAINTIFF/CONSOLIDATED DEFENDANT
BLAKE LIVELY'S FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS**

Pursuant to Fed. R. Civ. P. 34, Defendant IT ENDS WITH US MOVIE LLC ("IEWU" or "Responding Party"), by and through its attorneys, hereby objects and responds to the First Set of Requests for Production of Documents served by Plaintiff/Consolidated Defendant BLAKE LIVELY ("Lively" or "Propounding Party").

**I.**

**GENERAL OBJECTIONS**

Responding Party generally objects to Propounding Party's Requests for Production Nos. 1-89 ("Requests"). The assertion of similar or additional objections does not waive any of the following General Objections. Responding Party incorporates by reference the following General Objections into each of its Responses:

1.    Responding Party objects to Propounding Party's Requests to the extent that they seek documents or information that is neither relevant to the claims or defenses of any party in the action, nor proportional to the needs of the case. Nothing herein, or in any responsive document production, shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact, or as an admission as to the truth or accuracy of any information or documents provided in response to these Requests.

2.    Responding Party objects to Propounding Party's Definitions and Instructions to the extent that they attempt to impose upon Responding Party any obligations different from or in addition to those imposed by the Federal Rules of Civil Procedure, Local Rules, or any other Order of the Court.

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

3.      Responding Party objects to Propounding Party's Requests to the extent that they seek documents or information outside the possession, custody, or control of Responding Party.

4.      Responding Party objects to Propounding Party's Requests to the extent they seek the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

5.      Responding Party objects to Propounding Party's Requests to the extent that they seek information or documents that Responding Party is under an obligation to any third parties not to disclose.

6.      Responding Party objects to this Request to the extent it seeks information an unwarranted invasion of the affected persons' constitutional, statutory, and/or common-law rights of privacy and confidentiality or seeks information protected by United States data privacy and/or confidentiality laws.

7.      Responding Party objects to Propounding Party's Requests to the extent that they seek information or documents that are vague, ambiguous, unreasonably cumulative or duplicative, are unduly burdensome, or seek information or documents obtainable from other sources which are more convenient, less expensive, or less burdensome.

8.      Responding Party objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

9.      Responding Party objects to Propounding Party's Requests to the extent that they seek the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect.

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

10.     Responding Party objects to Propounding Party's Requests to the extent that they rely upon or seek legal conclusions or opinions.

11.     Responding Party objects to Propounding Party's Requests as premature to the extent they seek information or documents before their required disclosure under the Federal Rules of Civil Procedure, Local Rules, or other Court Order governing the disclosure of documents and information.

12.     Responding Party objects to Propounding Party's Requests as vague and/or ambiguous to the extent that they include terms that Propounding Party has not appropriately defined or limited.

13.     Responding Party objects to any Requests which purport to seek "all" documents, communications, or information as irrelevant, overbroad, unduly burdensome, and disproportionate to the needs of the case.  Responding Party will provide responsive, non-privileged documents and information that is sufficient to show any properly requested information or documents in a manner that is proportional with the needs of the case.

14.     To the extent Responding Party's produces documents, such a production is not an admission that the documents are relevant to this case or an admission that such documents are admissible.

15.     Responding Party's responses herein are based upon present knowledge, information, and belief following its diligent search and reasonable inquiry.  Discovery and investigation are ongoing, and Responding Party reserves the right to amend, correct, supplement, or clarify its responses based upon, among other things, further investigation, discovery of additional facts or information, or developments in this action or in related law, particularly in view of Propounding Party's failure to comply with the Local Rules.

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

16.     Responding Party objects to Propounding Party's definition of "You," "Your," and "Yours" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only It Ends With Us Movie LLC, but also unidentified officers, directors, employees, partners, members, corporate parent, subsidiaries, affiliates, successors, assigns, or any related entity regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Responding Party will construe the terms "You," "Your," and "Yours" to mean It Ends With Us Movie LLC.

17.     Responding Party objects to Propounding Party's definition of "IEWU LLC" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only It Ends With Us Movie LLC, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Responding Party will construe the term "IEWU LLC" to mean It Ends With Us Movie LLC.

18.     Responding Party objects to Propounding Party's definition of "Jonesworks" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Jonesworks LLC, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Responding Party will construe the term "Jonesworks" to mean Jonesworks LLC.

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

19.    Responding Party objects to Propounding Party's definition of "Liner Freedman Taitelman + Cooley" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Liner Freedman Taitelman + Cooley LLP, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Responding Party will construe the term "Liner Freedman Taitelman + Cooley" to mean Liner Freedman Taitelman + Cooley LLP.

20.    Responding Party objects to Propounding Party's definition of "Lively/Reynolds Companies" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Ms. Lively and Mr. Reynolds's affiliated entities (Betty Buzz LLC, Blake Brown, Aviation Gin, Mint Mobile, and Maximum Effort Productions), but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Responding Party will construe the term "Lively/Reynolds Companies" to mean Betty Buzz LLC, Blake Brown, Aviation Gin, Mint Mobile, and Maximum Effort Productions.

21.    Responding Party objects to Propounding Party's definition of "Sony" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Sony Pictures Entertainment, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

allegations, claims, or defenses in the Action. In responding to the Requests, Responding Party will construe the term "Sony" to mean Sony Pictures Entertainment.

22.     Responding Party objects to Propounding Party's definition of "Street Relations" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Street Relations, Inc., but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Responding Party will construe the term "Street Relations" to mean Street Relations, Inc.

23.     Responding Party objects to Propounding Party's definition of "TAG" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only The Agency Group PR LLC, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Responding Party will construe the term "TAG" to mean The Agency Group PR LLC.

24.     Responding Party objects to Propounding Party's definition of "Wayfarer" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Wayfarer Studios LLC, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Responding Party will construe the term "Wayfarer" to mean Wayfarer Studios LLC.

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

25.     Responding Party objects to Propounding Party's definition of "WME" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only William Morris Endeavor Entertainment Agency, but also unidentified officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Responding Party will construe the term "WME" to mean William Morris Endeavor Entertainment Agency.

26.     Responding Party objects to Propounding Party's definition of the term "Concerning" as it is broader than the definition of "Concerning" set forth in Local Civil Rule 26.3.

27.     Responding Party objects to Propounding Party's definition of the term "Document" as it is broader than the definition of "Document" set forth in Local Civil Rule 26.3.

28.     Responding Party objects to Propounding Party's definition of the term "Communication" as it is broader than the definition of "Communication" set forth in Local Civil Rule 26.3.

29.     Responding Party objects to the Propounding Party's instruction containing the definitions of "possession," "custody," and "control" to the extent it is broader than required by law or the Court, or not reasonably and practically available to the Responding Party.

30.     Responding Party objects to Propounding Party's definition of the term "Digital Campaign," as it is vague, ambiguous, and overbroad in that it includes all "efforts … to communicate information regarding" a laundry list of subjects/topics. The definition is also vague and ambiguous because it is unclear what is meant by "narrative or virality," including how this phrase fits into the overall definition as constructed. The definition is further objectionable on the basis that it includes several subjective, ambiguous, and undefined qualifiers such as "seed,

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

influence, boost, amplify, or engage with social media algorithms, narrative or virality"; and it incorporates the definition "Social Media," which is itself overbroad, vague, and ambiguous (including the phrase, "[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.").

31.     Responding Party objects to Propounding Party's definition of the term "Social Media," as it is vague, ambiguous, and overbroad in that it includes "any digital platform, forum, website, application, online service, or other platform," none of which is properly and narrowly defined and the production of which would be unnecessarily burdensome and not proportional to the needs of the case or relevant to the claim or defense of any party, and further objects to "on which persons can create, transmit, share, communicate, exchange content, or comment upon any information, ideas, or opinions" as similarly overbroad, vague, and ambiguous, and essentially includes every possible use of the internet. Responding Party also objects to "social networking" as it is vague, ambiguous, and overbroad, and objects to catch-all phrases such as "similar to" and "Any Other Online Presence," the definition of which is itself overbroad, vague, and ambiguous, overly burdensome and not proportional to the needs of the case or relevant to the claim or defense of any party.

32.     Responding Party provides the following objections and responses without waiving its right to present evidence at trial of any later-ascertained facts.  Responding Party provides these objections and responses without admitting any facts or information, and without waiving

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

objections to the materiality, relevance, or admissibility in evidence of the objections and responses.

33.      Discovery is ongoing, and Responding Party reserves the right to supplement these responses in accordance with the Federal Rules of Civil Procedure.  Responding Party provides the following objections and responses without waiving its right to present evidence at trial of any later-ascertained facts.  Responding Party provides these objections and responses without admitting any facts or information, and without waiving objections to the materiality, relevance, or admissibility in evidence of the objections and responses.

**II.**

**RESPONSES AND SPECIFIC OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO 1:**

All Documents and Communications that support any affirmative defense You have pleaded or will plead in the Actions.

**RESPONSE TO REQUEST FOR PRODUCTION NO 1:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request.  Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the aforementioned objections, Responding Party will search for and produce any non-privileged and responsive documents in its possession, custody, or control sufficient to satisfy this Request.

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

**REQUEST FOR PRODUCTION NO 2:**

If Your answer to any allegation in the Lively Complaint was or will be anything other than an unqualified admission, all Documents and Communications concerning such response.

**RESPONSE TO REQUEST FOR PRODUCTION NO 2:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the aforementioned objections, Responding Party will search for and produce any non-privileged and responsive documents in its possession, custody, or control sufficient to satisfy this Request.

**REQUEST FOR PRODUCTION NO 3:**

All Documents and Communications reflecting or constituting agreements, whether draft or final, between You and any Wayfarer Defendant concerning the Film, Ms. Lively, any Wayfarer Defendant, or Mr. Reynolds.

**RESPONSE TO REQUEST FOR PRODUCTION NO 3:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

Party further objects to this Request on the grounds that it is vague as to "agreements" and "constitutes". Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect.

Subject to and without waiving the aforementioned objections, Responding Party will search for and produce any non-privileged and responsive documents in its possession, custody, or control sufficient to satisfy this Request.

REQUEST FOR PRODUCTION NO 4:

All Documents and Communications concerning the Film between You and any Wayfarer Defendant, Sony, WME, Jonesworks, any media outlet of any kind, any Social Media accounts or influencers or other individuals who maintain a public online presence, or any cast or crew members of the Film, and any directors, officers, employees, agents, or contractors thereof.

RESPONSE TO REQUEST FOR PRODUCTION NO 4:

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request.  Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case and requests all Documents and Communications concerning the Film whether relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is overbroad, vague, and ambiguous as to "Social Media."

<u>CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER</u>

Responding Party further objects to this Request on the grounds that it is vague as to "media outlet," "any kind," "influencer," "maintain," and "public online presence." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

<u>REQUEST FOR PRODUCTION NO 5:</u>

All Documents and Communications concerning Ms. Lively between You and any Wayfarer Defendant, Sony, WME, Jonesworks, any media outlet of any kind, any Social Media accounts or influencers or other individuals who maintain a public online presence, or any cast or crew members of the Film, and any directors, officers, employees, agents, or contractors thereof.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO 5:</u>

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Party further objects to this Request on the grounds that it is overbroad, vague, and ambiguous as to "Social Media." Responding Party further objects to this Request on the grounds that it is vague as to "media outlet," "any kind," "influencer," "maintain," and "public online presence." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party objects to the Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 6:**

All Documents and Communications concerning Mr. Reynolds between You and any Wayfarer Defendant, Sony, WME, Jonesworks, any media outlet of any kind, any Social Media accounts or influencers or other individuals who maintain a public online presence, or any cast or crew members of the Film, and any directors, officers, employees, agents, or contractors thereof.

///

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

**RESPONSE TO REQUEST FOR PRODUCTION NO 6:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request.  Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party.  Responding Party further objects to this Request on the grounds that it is overbroad, vague, and ambiguous as to "Social Media." Responding Party further objects to this Request on the grounds that it is vague as to "media outlet," "any kind," "influencer," "maintain," and "public online presence." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party objects to the Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

///

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

## REQUEST FOR PRODUCTION NO 7:

All Documents and Communications concerning the Lively/Reynolds Companies and/or the Lively/Reynolds Family between You and any Wayfarer Defendant, Sony, WME, Jonesworks, any media outlet of any kind, any Social Media accounts or influencers or other individuals who maintain a public online presence, or any cast or crew members of the Film, and any directors, officers, employees, agents, or contractors thereof.

## RESPONSE TO REQUEST FOR PRODUCTION NO 7:

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is overbroad, vague, and ambiguous as to "Social Media." Responding Party further objects to this Request on the grounds that it is vague as to "media outlet," "any kind," "influencer," "maintain," and "public online presence." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party objects to the Propounding

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 8:**

All Documents and Communications concerning the Digital Campaign between You and any Wayfarer Defendant, Sony, WME, Jonesworks, any media outlet of any kind, any Social Media accounts or influencers or other individuals who maintain a public online presence, or any cast or crew members of the Film, and any directors, officers, employees, agents, or contractors thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO 8:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request.  Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is overbroad, vague, and ambiguous as to "Digital Campaign." Responding Party further objects to this Request on the grounds that it is overbroad, vague, and ambiguous as to "Social Media." Responding Party further objects to this Request on the grounds that it is vague as to "media outlet," "any kind," "influencer," "maintain," and "public online presence." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party objects to the Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 9:**

All Documents and Communications concerning the Actions between You and any Wayfarer Defendant, Sony, WME, Jonesworks, any media outlet of any kind, any Social Media accounts or influencers or other individuals who maintain a public online presence, or any cast or crew members of the Film, and any directors, officers, employees, agents, or contractors thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO 9:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is overbroad, vague, and ambiguous as

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

to "Social Media." Responding Party further objects to this Request on the grounds that it is vague as to "media outlet," "any kind," "influencer," "maintain," and "public online presence." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party objects to the Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO 10:**

All Documents and Communications reflecting or constituting agreements, whether draft or final, between You and Sony concerning the Film, Ms. Lively, any Wayfarer Defendant, Mr. Reynolds, or the Actions.

**RESPONSE TO REQUEST FOR PRODUCTION NO 10:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Party further objects to this Request on the grounds that it is vague as to "agreements." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to the aforementioned objections, Responding Party will search for and produce any non-privileged and responsive documents in its possession, custody, or control sufficient to satisfy this Request.

**REQUEST FOR PRODUCTION NO 11:**

All Documents and Communications reflecting or constituting agreements, whether draft or final, between You and WME concerning the Film, Ms. Lively, any Wayfarer Defendant, or Mr. Reynolds, including as alleged in Paragraph 348, and elsewhere, in Your First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO 11:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "agreements." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to the aforementioned objections, Responding Party will search for and produce any non-privileged and responsive documents in its possession, custody, or control sufficient to satisfy this Request.

**REQUEST FOR PRODUCTION NO 12:**

All Documents and Communications reflecting or constituting agreements, whether draft or final, including contracts, retainer agreements, engagement letters, and promises memorialized via email or text message, between You and TAG PR.

**RESPONSE TO REQUEST FOR PRODUCTION NO 12:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request.  Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "constituting," "agreements," "contracts," "retainer agreements," "engagement letters," and "promises." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will search for and produce any non-privileged and responsive documents in its possession, custody, or control sufficient to satisfy this Request.

**REQUEST FOR PRODUCTION NO 13:**

All Documents and Communications from July 1, 2024 through the present for services provided or proposed to be provided by TAG PR.

**RESPONSE TO REQUEST FOR PRODUCTION NO 13:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request.  Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request on the grounds that it is

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

vague as to "services." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will search for and produce any non-privileged and responsive documents in its possession, custody, or control sufficient to satisfy this Request.

**REQUEST FOR PRODUCTION NO 14:**

All Documents and Communications reflecting or constituting agreements, whether draft or final, including contracts, retainer agreements, engagement letters, and promises memorialized via email or text message, between You and Abel.

**RESPONSE TO REQUEST FOR PRODUCTION NO 14:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "agreements," "contracts,"

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

"retainer agreements," "engagement letters," and "promises." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect.  Responding Party objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will search for and produce any non-privileged and responsive documents in its possession, custody, or control sufficient to satisfy this Request.

REQUEST FOR PRODUCTION NO 15:

All Documents and Communications from May 1, 2024 through the present services provided or proposed to be provided by Abel.

RESPONSE TO REQUEST FOR PRODUCTION NO 15:

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request.  Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request on the grounds that it is vague as to "services." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product

<u>**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**</u>

doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will search for and produce any non-privileged and responsive documents in its possession, custody, or control sufficient to satisfy this Request.

<u>**REQUEST FOR PRODUCTION NO 16:**</u>

All Documents and Communications reflecting or constituting agreements, whether draft or final, including contracts, retainer agreements, engagement letters, and promises memorialized via email or text message, between You and Jonesworks.

<u>**RESPONSE TO REQUEST FOR PRODUCTION NO 16:**</u>

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "constituting," "agreements," "contracts," "retainer agreements," "engagement letters," and "promises." Responding Party further objects to this Request to the extent it seeks the disclosure of information

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will search for and produce any non-privileged and responsive documents in its possession, custody, or control sufficient to satisfy this Request.

REQUEST FOR PRODUCTION NO 17:

All Documents and Communications from May 1, 2024 through the present concerning services provided or proposed to be provided by Jonesworks.

RESPONSE TO REQUEST FOR PRODUCTION NO 17:

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request on the grounds that it is vague as to "services." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will search for and produce any non-privileged and responsive documents in its possession, custody, or control sufficient to satisfy this Request.

**REQUEST FOR PRODUCTION NO 18:**

All Documents and Communications reflecting or constituting agreements, whether draft or final, including contracts, retainer agreements, engagement letters, and promises memorialized via email or text message, between You and Street Relations or Wallace.

**RESPONSE TO REQUEST FOR PRODUCTION NO 18:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "constituting," "agreements," "contracts," "retainer agreements," "engagement letters," and "promises." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will search for and produce any non-privileged and responsive documents in its possession, custody, or control sufficient to satisfy this Request.

**REQUEST FOR PRODUCTION NO 19:**

All Documents and Communications from May 1, 2024 through the present concerning services provided or proposed to be provided by Street Relations or Wallace.

**RESPONSE TO REQUEST FOR PRODUCTION NO 19:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "services." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will search for and produce any non-privileged and responsive documents in its possession, custody, or control sufficient to satisfy this Request.

**REQUEST FOR PRODUCTION NO 20:**

All Documents and Communications reflecting any payments, refunds, retainers, incentives, moneys, consideration, inducements, promises to pay, or anything else of value provided to Street Relations or Wallace, by You, or anyone on Your behalf including Freedman or Liner Freedman Taitelman + Cooley.

**RESPONSE TO REQUEST FOR PRODUCTION NO 20:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "payments," "refunds," "retainers," "incentives," and "moneys," "consideration," "inducements," "promises to pay," and "anything else of value." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will search for and produce any relevant non-privileged and responsive documents in its possession, custody, or control sufficient to satisfy this Request.

## REQUEST FOR PRODUCTION NO 21:

All Documents and Communications concerning any allegations, concerns, complaints or reports, whether formal or informal, oral or written, made to You about or against Ms. Lively related to the Film.

## RESPONSE TO REQUEST FOR PRODUCTION NO 21:

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "allegations," "concerns," "complaints," "reports," "formal," "informal," and "about or against Ms. Lively." Responding Party further objects to this Request to the extent it seeks the disclosure of information or

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

REQUEST FOR PRODUCTION NO 22:

All Documents and Communications concerning any actual, alleged, or suspected harassment related to the Film.

RESPONSE TO REQUEST FOR PRODUCTION NO 22:

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "harassment." Responding Party further objects to this Request on the grounds that it is vague as to "suspected." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

applicable privilege or protection. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will search for and produce any non-privileged and responsive documents in its possession, custody, or control sufficient to satisfy this Request.

**REQUEST FOR PRODUCTION NO 23:**

All Documents and Communications concerning any actual, alleged, or suspected discrimination related to the Film.

**RESPONSE TO REQUEST FOR PRODUCTION NO 23:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request.  Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "discrimination." Responding Party further objects to this Request on the grounds that it is vague as to "suspected." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will search for and produce any non-privileged and responsive documents in its possession, custody, or control sufficient to satisfy this Request.

**REQUEST FOR PRODUCTION NO 24:**

All Documents and Communications concerning any actual, alleged, or suspected retaliation related to the Film.

**RESPONSE TO REQUEST FOR PRODUCTION NO 24:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "retaliation." Responding Party further objects to this Request on the grounds that it is vague as to "suspected." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will search for and produce any non-privileged and responsive documents in its possession, custody, or control sufficient to satisfy this Request.

**REQUEST FOR PRODUCTION NO 25:**

All Documents and Communications concerning any actual, alleged, or suspected workplace misconduct or other inappropriate behavior related to the Film.

**RESPONSE TO REQUEST FOR PRODUCTION NO 25:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "workplace misconduct" and "other inappropriate behavior." Responding Party further objects to this Request on the grounds that it is vague as to "suspected." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will search for and produce any non-privileged and responsive documents in its possession, custody, or control sufficient to satisfy this Request.

**REQUEST FOR PRODUCTION NO 26:**

All Documents concerning any complaint, grievance, or report filed against You, whether in court or arbitration, or with a state, local, or federal agency, in the past 10 years concerning misconduct, discrimination, harassment, or retaliation, including, without limitations, any pleadings, deposition transcripts, and settlement agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO 26:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome as to the time frame. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

defense of any party. Responding Party further objects to this Request on the grounds that it is vague and overbroad as to "complaint," "grievance," and "report." Responding Party further objects to this Request on the grounds that it is vague as to "misconduct," "discrimination," "harassment," and "retaliation." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 27:**

All Documents and Communications concerning obtaining the right to adapt the novel *It Ends With Us* and *It Starts With Us* from January 1, 2019 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO 27:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

Party further objects to this Request on the grounds that it is vague as to "obtaining" and "the right to adapt the novel." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 28:**

All Documents and Communications concerning the decision to cast Ms. Lively in the Film from January 1, 2019 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO 28:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will search for and produce any non-privileged and responsive documents in its possession, custody, or control sufficient to satisfy this Request.

REQUEST FOR PRODUCTION NO 29:

All applicable insurance agreements under which any insurer may be liable to satisfy all or part of any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy all or part of any judgment.

RESPONSE TO REQUEST FOR PRODUCTION NO 29:

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect.

Subject to and without waiving the aforementioned objections, Responding Party will search for and produce any non-privileged and responsive documents in its possession, custody, or control sufficient to satisfy this Request.

**REQUEST FOR PRODUCTION NO 30:**

All Documents and Communications concerning interviews of or statements by any individual concerning any allegation asserted by Ms. Lively in the Action that You have obtained, received, or recorded.

**RESPONSE TO REQUEST FOR PRODUCTION NO 30:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "interviews," "statements," "individual," "obtained," "received," and "recorded." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

obligated to protect. Responding Party objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 31:**

All Documents and Communications concerning any meetings, appointments, or discussions between You and Ms. Lively relating to conduct on the set of the Film.

**RESPONSE TO REQUEST FOR PRODUCTION NO 31:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague and overbroad as to "conduct." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to Propounding Party's Requests as unduly burdensome to the extent that they seek

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 32:**

All Documents and Communications concerning Ms. Lively that You obtained from any third party.

**RESPONSE TO REQUEST FOR PRODUCTION NO 32:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications, and "any" third party. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "obtained." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 33:**

All Documents, Communications, audio/video recordings, notes, or production logs concerning any intimate scenes related to the Film, whether or not included in any cut of the Film.

**RESPONSE TO REQUEST FOR PRODUCTION NO 33:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to the aforementioned objections, Responding Party will search for and produce any non-privileged and responsive documents in its possession, custody, or control sufficient to satisfy this Request.

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

## REQUEST FOR PRODUCTION NO 34:

All Communications with any Person concerning efforts to gather information about Ms. Lively, including from her current or former cast, crew, colleague, employee, agent, or other associates.

## RESPONSE TO REQUEST FOR PRODUCTION NO 34:

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Communications. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires *all* Communications regarding Ms. Lively including those Responding Party was not a part of. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "gather information," "her current or former cast," "crew," "colleague," and "associates." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 35:**

All Communications with any Person concerning efforts to gather information about Mr. Reynolds, including from his current or former cast, crew, colleague, employee, agent, or other associates.

**RESPONSE TO REQUEST FOR PRODUCTION NO 35:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Communications. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires *all* Communications regarding Mr. Reynolds, including those Responding Party was not a part of. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "gather information," "her current or former cast," "crew," "colleague," and "associates." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to Propounding Party's Requests as unduly burdensome to the extent that they seek

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 36:**

All Documents concerning the script of the Film, including but not limited to, all drafts of the script and related notes.

**RESPONSE TO REQUEST FOR PRODUCTION NO 36:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

///

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Subject to and without waiving the aforementioned objections, Responding Party will search for and produce any non-privileged and responsive documents in its possession, custody, or control sufficient to satisfy this Request.

**REQUEST FOR PRODUCTION NO 37:**

All Communications concerning the script of the Film, including, without limitations, revisions thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO 37:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

///

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Subject to and without waiving the aforementioned objections, Responding Party will search for and produce any non-privileged and responsive documents in its possession, custody, or control sufficient to satisfy this Request.

**REQUEST FOR PRODUCTION NO 38:**

All Documents and Communications concerning efforts to seed, influence, manipulate, boost, amplify, or engage with Social Media related to the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, or the Actions.

**RESPONSE TO REQUEST FOR PRODUCTION NO 38:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "efforts," "seed," "influence," "manipulate," "boost," "amplify," "engage with," and "Social Media." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to Propounding Party's Requests as unduly burdensome to the extent that they seek

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 39:**

All Documents and Communications concerning the use of Social Media bots, trolls, troll farms, paid or incentivized accounts, or seeding, amplifying, boosting, or planting content.

**RESPONSE TO REQUEST FOR PRODUCTION NO 39:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party, and does not specify who the Documents and Communications are about or between, or even whether they are relevant to the Action. Responding Party further objects to this Request on the grounds that it is vague as to "Social Media," "bots," "trolls," "troll farms," "paid or incentivized accounts," "seeding," "amplifying," "boosting," "planting," and "content." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to Propounding Party's

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 40:**

All Documents and Communications between You, or anyone on Your behalf, and any public relations, crisis management, or Social Media firms concerning the Film, Ms. Lively, Mr. Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, the Actions.

**RESPONSE TO REQUEST FOR PRODUCTION NO 40:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party and is overbroad as to time period and scope. Responding Party further objects to this Request on the grounds that it is vague as to "Social Media," "Social Media firms," and "crisis management." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

further objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 41:**

Documents and Communications concerning strategies, plans, or efforts to influence the public perception of the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions.

**RESPONSE TO REQUEST FOR PRODUCTION NO 41:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request.  Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party, and does not specify who the Documents and Communications are about or between and seek Documents and Communications that Propounding Party is not a party to. Responding Party further objects to this Request on the grounds that it is vague as to "strategies," "plans," "efforts," "influence," and "public perception," Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

business information of third parties which Responding Party is obligated to protect. Responding Party further objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 42:**

All Documents and Communications concerning strategies, plans, or efforts to influence the public perception of any Wayfarer Defendant related to the Film.

**RESPONSE TO REQUEST FOR PRODUCTION NO 42:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "strategies," "plans," "efforts," "influence," and "public perception." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to Propounding Party's

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 43:**

All Social Media messages, comments, or posts (including drafts, as well as deleted messages, comments, or posts) requested, initiated, or made by You, either directly or indirectly concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, or the Lively/Reynolds Family, or the Actions.

**RESPONSE TO REQUEST FOR PRODUCTION NO 43:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "Social Media," "messages," "comments," "posts," "drafts," "deleted," "requested," "initiated," and "made." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

information of third parties which Responding Party is obligated to protect. Responding Party further objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 44:**

All Social Media messages, comments, or posts (including drafts, as well as deleted messages, comments, or posts) requested, initiated, or made by You, either directly or indirectly, concerning any Wayfarer Defendant related to the Film.

**RESPONSE TO REQUEST FOR PRODUCTION NO 44:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "Social Media," "messages," "comments," "posts," "drafts," "deleted," "requested," "initiated," and "made." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

information of third parties which Responding Party is obligated to protect. Responding Party further objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 45:**

All Documents and Communications concerning any payment, wire transfer, exchange of funds (whether in dollars, foreign currency, or any form of electronic or cryptocurrency), promises to pay, or exchange of anything else of value with any Person, whether directly or indirectly, including through Freedman or Liner Freedman Taitelman + Cooley, concerning the Film.

**RESPONSE TO REQUEST FOR PRODUCTION NO 45:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request.  Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "concerning." Responding Party further objects to this Request on the grounds that it is vague as to "promises to pay," and "anything else of value." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it is duplicative of Request Nos. 46, 47 and 48.

**REQUEST FOR PRODUCTION NO 46:**

All Documents and Communications concerning any payment, wire transfer, exchange of funds (whether in dollars, foreign currency, or any form of electronic or cryptocurrency), promises to pay, or exchange of anything else of value with any Person, whether directly or indirectly, including through Freedman or Liner Freedman Taitelman + Cooley, concerning Ms. Lively or Mr. Reynolds.

**RESPONSE TO REQUEST FOR PRODUCTION NO 46:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "concerning." Responding Party further objects to this Request on the grounds that it is vague as to "promises to pay," and "anything else of value." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product

<u>**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**</u>

doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it is duplicative of Request Nos. 45, 47 and 48.

<u>**REQUEST FOR PRODUCTION NO 47:**</u>

All Documents and Communications concerning any payment, wire transfer, exchange of funds (whether in dollars, foreign currency, or any form of electronic or cryptocurrency), promises to pay, or exchange of anything else of value with any Person, whether directly or indirectly, including through Freedman or Liner Freedman Taitelman + Cooley, concerning any Wayfarer Defendant.

<u>**RESPONSE TO REQUEST FOR PRODUCTION NO 47:**</u>

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "concerning." Responding Party further objects to this Request on the grounds that it is vague as to "promises to pay," and

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

"anything else of value." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it is duplicative of Request Nos. 45, 46 and 48.

**REQUEST FOR PRODUCTION NO 48:**

All Documents and Communications concerning any payment, wire transfer, exchange of funds (whether in dollars, foreign currency, or any form of electronic or cryptocurrency), promises to pay, or exchange of anything else of value with any Person, whether directly or indirectly, including through Freedman or Liner Freedman Taitelman + Cooley, concerning the Actions.

**RESPONSE TO REQUEST FOR PRODUCTION NO 48:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "concerning." Responding

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Party further objects to this Request on the grounds that it is vague as to "promises to pay," and "anything else of value." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it is duplicative of Request No. 45, 46, and 47.

**REQUEST FOR PRODUCTION NO 49:**

All Documents and Communications with media or Social Media outlets of any kind concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, the Actions, or any Wayfarer Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO 49:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "media," "Social Media," "outlets," and "concerning." Responding Party further objects to this Request to the extent it seeks

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 50:**

All Documents and Communications reflecting or comprising articles, public statements, or press releases requested, initiated, or drafted by You, or anyone on Your behalf, concerning Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/ Reynolds Family, the Film, the Actions, or the Wayfarer Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO 50:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "reflecting," "comprising," "articles," "public statements," "press releases," "requested," "initiated," "drafted," and

<u>**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**</u>

"concerning." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to this Request to the extent that it is duplicative of Request No. 49 and Request No. 57. Responding Party further objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

<u>**REQUEST FOR PRODUCTION NO 51:**</u>

All Documents and Communications concerning any plan, program, strategy, or campaign by You or any vendor, contractor, or other third-party entity concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions.

<u>**RESPONSE TO REQUEST FOR PRODUCTION NO 51:**</u>

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "plan," "program,"

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

"strategy," "campaign," "vendor," "contractor," "third party entity" and "concerning." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to this Request to the extent that it is duplicative of Request Nos. 41, 42, and 52. Responding Party further objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 52:**

All Documents and Communications concerning the method for rendering "untraceable" any plan, program, strategy, or campaign by You, or any vendor, contractor, or other third-party entity concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions.

**RESPONSE TO REQUEST FOR PRODUCTION NO 52:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request.  Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "method," "rendering," "untraceable," "plan," "program, "strategy, "campaign," "vendor," "contractor," "third-party entity," and "concerning." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.  Responding Party further objects to this Request to the extent that it is duplicative of Request Nos. 4-9, 38-40, and 49-51.

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 53:**

All Documents and Communications concerning the solicitation or procurement of any Social Media content, whether paid or unpaid, concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions.

**RESPONSE TO REQUEST FOR PRODUCTION NO 53:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request.  Responding Party objects to this Request on the grounds that it is overly

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "solicitation," "procurement," "Social Media," "content," "paid," "unpaid," and "concerning." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it is duplicative of Request Nos. 4-9, 38-40, and 49-51.

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 54:**

All Documents and Communications concerning efforts to conceal or hide any aspect of the solicitation or procurement of any Social Media content, whether paid or unpaid, concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions.

///

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

**RESPONSE TO REQUEST FOR PRODUCTION NO 54:**

     Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "efforts," "conceal," "hide," "aspect," "solicitation," "procurement," "Social Media," "content," "paid," "unpaid," and "concerning." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it is duplicative of Request Nos. 4-9, 38-40, and 49-53.

     Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 55:**

     All Documents and Communications concerning any Agreement for confidentiality protections related to Ms. Lively or the Actions.

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

**RESPONSE TO REQUEST FOR PRODUCTION NO 55:**

  Responding Party incorporates by reference its general objections as if fully set forth in response to this Request.  Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "agreement," "confidentiality protections," and "related to." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect.  Responding Party further objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

  Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 56:**

  Metadata for Social Media content of any kind, emails, or digital Communications concerning the authorship, timing, and modification history of posts, messages, articles, or other

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

content (including, without limitation, drafts of such content) related to the Film, Ms. Lively, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions.

**RESPONSE TO REQUEST FOR PRODUCTION NO 56:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request.  Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "Metadata," "Social Media," "content," "emails," "digital Communications," "authorship," "timing, "modification history," "posts," "messages," "articles," "other content," and "drafts." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect.  Responding Party further objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.  Responding Party further objects to this Request to the extent that it is duplicative of Request Nos. 4-9, 38-40, and 49-53.

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

**REQUEST FOR PRODUCTION NO 57:**

All Articles, public statements, or press releases, including any drafts of the same, requested, initiated, or drafted by You, or anyone on Your behalf, concerning Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, the Film, the Actions, Baldoni, and/or Wayfarer.

**RESPONSE TO REQUEST FOR PRODUCTION NO 57:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to the undefined but capitalized term "Articles" and the terms "public statements," "press releases," "drafts," "requested," "initiated, "drafted," and "concerning." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to this Request to the extent that it is duplicative of Request Number 50.

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

<u>**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**</u>

<u>**REQUEST FOR PRODUCTION NO 58:**</u>

All Documents and Communications concerning any allegations, concerns, complaints, or reports of any kind, whether formal or informal, written or oral, concerning Baldoni, Heath or Sarowitz.

<u>**RESPONSE TO REQUEST FOR PRODUCTION NO 58:**</u>

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is overbroad, vague, and ambiguous as to "allegations," "concerns," "complaints," and "reports." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent it seeks information an unwarranted invasion of the affected persons' constitutional, statutory, and/or common-law rights of privacy and confidentiality.

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 59:**

All Documents submitted to or received from the California Civil Rights Division concerning Ms. Lively's charge of discrimination assigned CRD Matter Number: 202412-27269003.

**RESPONSE TO REQUEST FOR PRODUCTION NO 59:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents . Responding Party objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will search for and produce any non-privileged and responsive documents in its possession, custody, or control sufficient to satisfy this Request.

**REQUEST FOR PRODUCTION NO 60:**

All Documents submitted to or received from the Equal Employment Opportunity Commission concerning Ms. Lively's charges of discrimination assigned EEOC Nos. 480-2025-01541 and 480-2025-01542.

**RESPONSE TO REQUEST FOR PRODUCTION NO 60:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

broad and unduly burdensome in that it requires Responding Party to produce "all" Documents .

Responding Party objects to Propounding Party's Requests as unduly burdensome to the extent

that they seek information or documents that are publicly available, equally accessible to

Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will search for

and produce any non-privileged and responsive documents in its possession, custody, or control

sufficient to satisfy this Request.

**REQUEST FOR PRODUCTION NO 61:**

All Agreements or memoranda of understanding between Wayfarer and IEWU LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO 61:**

Responding Party incorporates by reference its general objections as if fully set forth in

response to this Request.  Responding Party objects to this Request to the extent it is not

proportional to the needs of the case or relevant to the claim or defense of any party. Responding

Party further objects to this Request on the grounds that it is overbroad, vague, and ambiguous as

to "agreements," and "memorandum of understanding." Responding Party further objects to this

Request to the extent it seeks the disclosure of information or documents protected by the attorney-

client privilege, work-product doctrine, or any other applicable privilege. Responding Party further

objects to this Request to the extent it seeks the disclosure of information or documents concerning

Responding Party's trade secrets or other confidential or proprietary business information, or the

confidential or proprietary business information of third parties which Responding Party is

obligated to protect.

///

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Subject to and without waiving the aforementioned objections, Responding Party will search for and produce any non-privileged and responsive documents in its possession, custody, or control sufficient to satisfy this Request.

**REQUEST FOR PRODUCTION NO 62:**

All Communications and Documents between Wayfarer and IEWU LLC concerning hiring, firing, discipline, complaints, supervision, or work conditions of employees and contractors of Wayfarer or IEWU LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO 62:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is overbroad, vague, and ambiguous as to "concerning," "hiring," "firing," "discipline," "complaints," "supervision," "work conditions," "employees," and "contractors." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to this Request to the extent it seeks information an unwarranted invasion of the affected persons' constitutional, statutory, and/or common-law rights of privacy

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

and confidentiality. Responding Party further objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.  Responding Party further objects to this Request to the extent that it is duplicative of Request No.63 and 64.

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 63:**

All Communications and Documents between Wayfarer and Sony concerning hiring, firing, discipline, complaints, supervision, or work conditions of employees and contractors of Wayfarer or IEWU LLC on the Film.

**RESPONSE TO REQUEST FOR PRODUCTION NO 63:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request.  Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is overbroad, vague, and ambiguous as to "concerning," "hiring," "firing," "discipline," "complaints," "supervision," "work conditions," "employees," and "contractors." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to this Request to the extent it seeks information an unwarranted invasion of the affected persons' constitutional, statutory, and/or common-law rights of privacy and confidentiality. Responding Party further objects to this Request to the extent that it is duplicative of Request Nos. 62 and 64.

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 64:**

All Communications and Documents between IEWU LLC and Sony concerning hiring, firing, discipline, complaints, supervision, or work conditions of employees and contractors of Wayfarer or IEWU LLC on the Film.

**RESPONSE TO REQUEST FOR PRODUCTION NO 64:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is overbroad, vague, and ambiguous as to "concerning," "hiring," "firing," "discipline," "complaints," "supervision," and "work conditions." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to this Request to the extent it seeks information an unwarranted invasion of the affected persons' constitutional, statutory, and/or common-law rights of privacy and confidentiality. Responding Party further objects to this Request to the extent that it is duplicative of Request Nos. 62 and 63.

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 65:**

Insurance policies covering any employees or contractors involved with the production of the Film, including but not limited to, worker's compensation policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO 65:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request.  Responding Party objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is overbroad, vague, and ambiguous as to "involved." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect.

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with the Propounding Party regarding this Request.

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

**REQUEST FOR PRODUCTION NO 66:**

Personnel files for Ms. Lively, Baldoni, and Heath.

**RESPONSE TO REQUEST FOR PRODUCTION NO 66:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is overbroad, vague, and ambiguous as to "personnel files." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to this Request to the extent it seeks information an unwarranted invasion of the affected persons' constitutional, statutory, and/or common-law rights of privacy and confidentiality.

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 67:**

All Documents and Communications concerning Your personnel policies and procedures in effect between January 1, 2020 through the present, including but not limited to, employment manuals, employee handbooks, human resources policies, training manuals, and any other policies

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

concerning discrimination, sexual harassment, retaliation, workplace misconduct, or complaint reporting mechanisms.

**RESPONSE TO REQUEST FOR PRODUCTION NO 67:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to the date period January 1, 2020 to present. Responding Party further objects to this Request on the grounds that it is overbroad, vague, and ambiguous as to "personnel policies and procedures," "discrimination," "sexual harassment," "retaliation," "workplace misconduct," and "complaint reporting mechanisms." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect.

Subject to and without waiving the aforementioned objections, Responding Party will search for and produce any non-privileged and responsive documents in its possession, custody, or control sufficient to satisfy this Request.

**REQUEST FOR PRODUCTION NO 68:**

All Documents sufficient to show Your organizational structure between January 1, 2020 through the present.

///

<u>**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**</u>

<u>**RESPONSE TO REQUEST FOR PRODUCTION NO 68:**</u>

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is overbroad, vague, and ambiguous as to "organizational structure." Responding Party further objects to the date period January 1, 2020 to present. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect.

Subject to and without waiving the aforementioned objections, Responding Party will search for and produce any non-privileged and responsive documents in its possession, custody, or control sufficient to satisfy this Request.

<u>**REQUEST FOR PRODUCTION NO 69:**</u>

All Documents and Communications concerning any allegations, concerns, complaints, or reports, whether formal or informal, written or oral, of discrimination, harassment, or retaliation raised by any current or former employee about Baldoni or Heath, including without limitation, any settlement agreement or confidentiality provisions related to the same.

<u>**RESPONSE TO REQUEST FOR PRODUCTION NO 69:**</u>

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is overbroad, vague, and ambiguous as to "concerning," "allegations," "concerns," "complaints," "reports," "discrimination," "harassment," and "retaliation." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to this Request to the extent it seeks information an unwarranted invasion of the affected persons' constitutional, statutory, and/or common-law rights of privacy and confidentiality.

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 70:**

All Documents and Communications concerning any allegations, concerns, complaints, or reports, whether formal or informal, written or oral, of discrimination, harassment, or retaliation raised by any current or former employee in the last 10 years, including without limitation, any settlement agreement or confidentiality provisions related to the same.

///

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

**RESPONSE TO REQUEST FOR PRODUCTION NO 70:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request.  Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications, and that it seeks said Documents and Communications for a period of 10 years. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is overbroad, vague, and ambiguous as to "concerning," "allegations," "concerns," "complaints," "reports," "discrimination," "harassment," and "retaliation." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to this Request to the extent it seeks information an unwarranted invasion of the affected persons' constitutional, statutory, and/or common-law rights of privacy and confidentiality.

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 71:**

All Documents and Communications concerning any disputes, whether formal or informal, written or oral, between Wayfarer, on the one hand, and any other Person, including but not limited

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

to any member of the cast or crew, the writer, director or producer, on the other hand, of any Wayfarer project since January 1, 2020, including but not limited to Five Feet Apart, Empire Waist, The Last Dance, Man Enough, including without limitation, settlement agreements or confidentiality provisions related to the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO 71:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request to the extent that it seeks Documents or Communications about any project other than the Film. Responding Party further objects to this Request on the grounds that it is overbroad, vague, and ambiguous as to "concerning," and "disputes." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to this Request to the extent it seeks information an unwarranted invasion of the affected persons' constitutional, statutory, and/or common-law rights of privacy and confidentiality.

///

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 72:**

All Documents and Communications concerning any allegations of discrimination, harassment, retaliation or any other unlawful conduct of any kind related to any Wayfarer project since January 1, 2020, including but not limited to Five Feet Apart, Empire Waist, The Last Dance, or Man Enough, including without limitation, settlement agreements or confidentiality provisions related to the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO 72:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request.  Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request to the extent that it seeks Documents or Communications about any project other than the Film. Responding Party further objects to this Request to the extent that it seeks Documents or Communications for a period of time outside the relevant dates. Responding Party further objects to this Request on the grounds that it is overbroad, vague, and ambiguous as to "concerning," "discrimination," "harassment," "retaliation," and "unlawful conduct."  Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to this Request to the extent it seeks information an unwarranted invasion of the affected persons' constitutional, statutory, and/or common-law rights of privacy and confidentiality.

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 73:**

Your Tax returns, financial statements, and year-end balance statements for the period of June 1, 2020 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO 73:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" tax returns, financial statement, and year-end balance statements. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to this Request to the extent it seeks information an unwarranted invasion of the affected persons' constitutional, statutory, and/or common-law rights of privacy and confidentiality.

///

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

**REQUEST FOR PRODUCTION NO 74:**

Documents sufficient to show Your gross income, net income, and expenditures.

**RESPONSE TO REQUEST FOR PRODUCTION NO 74:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" tax returns, financial statement, and year-end balance statements. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to this Request to the extent it seeks information an unwarranted invasion of the affected persons' constitutional, statutory, and/or common-law rights of privacy and confidentiality.

**REQUEST FOR PRODUCTION NO 75:**

Documents sufficient to show Your gross income, net income, and expenditures related to the Film.

**RESPONSE TO REQUEST FOR PRODUCTION NO 75:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" tax returns, financial statement, and year-end balance statements. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

defense of any party. Responding Party objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to this Request to the extent it seeks information an unwarranted invasion of the affected persons' constitutional, statutory, and/or common-law rights of privacy and confidentiality.

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 76:**

All Documents and Communications concerning any disciplinary action, reprimands, or corrective measures taken against Baldoni at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO 76:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce all Documents and Communications concerning… "at any time." Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is overbroad, vague, and ambiguous as to "concerning," "disciplinary action," "reprimands," and "corrective measures." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect.

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 77:**

All Documents and Communications concerning any disciplinary action, reprimands, or corrective measures taken against Heath at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO 77:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce all Documents and Communications concerning… "at any time." Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is overbroad, vague, and ambiguous as to "concerning," "disciplinary action," "reprimands," and "corrective measures." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect.

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 78:**

All Documents and Communications concerning Your investigation into concerns, allegations, claims, or grievances raised by Ms. Lively, including but not limited to, witness statements, interview notes, reports, or resulting actions taken by You.

**RESPONSE TO REQUEST FOR PRODUCTION NO 78:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "concerning," "allegations," "claims," "grievances," "raised," "reports," and "resulting actions." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to this Request to the extent it seeks information an unwarranted invasion of the

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

affected persons' constitutional, statutory, and/or common-law rights of privacy and confidentiality. Responding Party further objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 79:**

All Documents and Communications concerning Your investigation into any allegations of inappropriate conduct, harassment, retaliation or misconduct of any kind by anyone related to the Film, including but not limited to, witness statements, interview notes, reports, or resulting actions taken by You.

**RESPONSE TO REQUEST FOR PRODUCTION NO 79:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request.  Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "concerning," "investigation," "allegations," "inappropriate conduct," "harassment," "retaliation," "misconduct," "interview notes," "reports," and "resulting actions." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to this Request to the extent it seeks information an unwarranted invasion of the affected persons' constitutional, statutory, and/or common-law rights of privacy and confidentiality. Responding Party further objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 80:**

All Documents concerning any equal opportunity, discrimination, harassment, or retaliation training or education You provide, including but not limited to, policies, training materials, videotapes, records of training attendance, and handbooks.

**RESPONSE TO REQUEST FOR PRODUCTION NO 80:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "concerning," "equal opportunity," "discrimination," "harassment," "retaliation," "training," "education," "policies," "training," "materials," "records,"

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

and "handbooks." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect.  Responding Party further objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will search for and produce any non-privileged and responsive documents in its possession, custody, or control sufficient to satisfy this Request.

**REQUEST FOR PRODUCTION NO 81:**

All attendance records, sign-in sheets, or other Documents concerning any equal opportunity, discrimination, harassment, or retaliation training or education offered by You.

**RESPONSE TO REQUEST FOR PRODUCTION NO 81:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request.  Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" attendance records, sign-in sheets, or other Documents. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "concerning," "equal opportunity," "discrimination," "harassment," "retaliation," "training," and "education." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to this Request to the extent it seeks information an unwarranted invasion of the affected persons' constitutional, statutory, and/or common-law rights of privacy and confidentiality. Responding Party further objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 82:**

All corporate policies, memoranda, or internal Communications concerning discrimination, harassment prevention, retaliation, or workplace safety.

**RESPONSE TO REQUEST FOR PRODUCTION NO 82:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" attendance corporate policies, memoranda, or internal Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "concerning," "discrimination," "harassment prevention," "retaliation," and "workplace safety." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect.

Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 83:**

All Documents and Communications concerning any allegations of discrimination, harassment, or retaliation made by any current or former employee, applicant, vendor, independent contractor, or any other third party, including but not limited to any payments made in exchange for non-disclosure or confidentiality agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO 83:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "concerning," "discrimination," "harassment," and "retaliation." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to this Request to the extent it seeks

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

information an unwarranted invasion of the affected persons' constitutional, statutory, and/or common-law rights of privacy and confidentiality.

      Subject to and without waiving the aforementioned objections, Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO 84:**

      All Documents and Communications concerning Your document retention policy.

**RESPONSE TO REQUEST FOR PRODUCTION NO 84:**

      Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "concerning," and "document retention policy." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect.

      Subject to and without waiving the aforementioned objections, Responding Party will search for and produce any non-privileged and responsive documents in its possession, custody, or control sufficient to satisfy this Request.

///

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

**REQUEST FOR PRODUCTION NO 85:**

All Documents and Communications signed by You and Ms. Lively concerning her employment with You.

**RESPONSE TO REQUEST FOR PRODUCTION NO 85:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "concerning." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will search for and produce any non-privileged and responsive documents in its possession, custody, or control sufficient to satisfy this Request.

**REQUEST FOR PRODUCTION NO 86:**

All Documents and Communications signed by You and Ms. Lively concerning any services she provided for You or concerning the Film.

**RESPONSE TO REQUEST FOR PRODUCTION NO 86:**

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request.  Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "concerning," and "services provided."  Responding Party further objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will search for and produce any non-privileged and responsive documents in its possession, custody, or control sufficient to satisfy this Request.

**REQUEST FOR PRODUCTION NO 87:**

All Documents and Communications reflecting or constituting agreements, whether draft or final, between You and Chelsey Cary, Crista Marie Jackson, or Lizzy Talbot concerning the Film.

**RESPONSE TO REQUEST FOR PRODUCTION NO 87:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request.  Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Party further objects to this Request on the grounds that it is vague as to "reflecting," "constituting," "agreements," and "concerning." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect. Responding Party further objects to this Request to the extent it seeks information an unwarranted invasion of the affected persons' constitutional, statutory, and/or common-law rights of privacy and confidentiality.

Subject to and without waiving the aforementioned objections, Responding Party will search for and produce any non-privileged and responsive documents in its possession, custody, or control sufficient to satisfy this Request.

**REQUEST FOR PRODUCTION NO 88:**

All Documents and Communications concerning safety protocols, procedures, or policies related to COVID-19 in effect on the set of the Film.

**RESPONSE TO REQUEST FOR PRODUCTION NO 88:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Party further objects to this Request on the grounds that it is vague as to "protocols," "procedures," "policies," and "concerning."

Subject to and without waiving the aforementioned objections, Responding Party will search for and produce any non-privileged and responsive documents in its possession, custody, or control sufficient to satisfy this Request.

**REQUEST FOR PRODUCTION NO 89:**

All Documents and Communications concerning any exposure, or expected exposure, to COVID-19 on set of the Film.

**RESPONSE TO REQUEST FOR PRODUCTION NO 89:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "all" Documents and Communications. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is vague as to "protocols," "procedures," "policies," and "concerning." Responding Party further objects to this Request to the extent it seeks information an unwarranted invasion of the affected persons' constitutional, statutory, and/or common-law rights of privacy and confidentiality.

Subject to and without waiving the aforementioned objections, Responding Party will search for and produce any non-privileged and responsive documents in its possession, custody, or control sufficient to satisfy this Request.

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Dated:  March 24, 2025                    **MEISTER SEELIG & FEIN PLLC**
        New York, NY


                                          By:___*/s/ Mitchell Schuster*_____
                                                Mitchell Schuster
                                                Kevin Fritz
                                          125 Park Avenue, 7th Floor
                                          New York, NY 10017
                                          Tel: (212) 655-3500
                                          Email: ms@msf-law.com
                                                 kaf@msf-law.com


Dated:  March 24, 2025                    **LINER FREEDMAN TAITELMAN**
        Los Angeles, CA                      **+ COOLEY**


                                          By:____*/s/ Bryan Freedman*_____
                                                Bryan J. Freedman (*pro hac vice*)
                                                Miles M. Cooley (*pro hac vice*)
                                                Theresa M Troupson (*pro hac vice*)
                                                Summer Benson (*pro hac vice*)
                                                Jason Sunshine
                                          1801 Century Park West, 5th Floor
                                          Los Angeles, CA 90067
                                          Tel: (310) 201-0005
                                          Email: bfreedman@lftcllp.com
                                                 mcooley@lftcllp.com
                                                 ttroupson@lftcllp.com
                                                 sbenson@lftcllp.com
                                                 jsunshine@lftcllp.com

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

## CERTIFICATE OF SERVICE

I, Summer E. Benson, do hereby certify that I am not less than 18 years of age and that

on this 24th day of March 2025, I caused a copy of the within **DEFENDANT/CONSOLIDATED**

**PLAINTIFF WAYFARER STUDIOS LLC'S RESPONSES AND OBJECTIONS TO**

**PLAINTIFF/CONSOLIDATED DEFENDANT BLAKE LIVELY'S FIRST SET OF**

**DEMANDS FOR PRODUCTION OF DOCUMENTS** to be served upon the following counsel

for the parties via email:

### SEE ATTACHED SERVICE LIST

I hereby certify that the foregoing statements made by me are true. I am aware that if any

of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: March 24, 2025
            Los Angeles, CA

*/s/ Summer E. Benson*
            Summer E. Benson

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

## SERVICE LIST

**MANATT, PHELPS & PHILLIPS, LLP**
Esra Hudson, Esq.
Stephanie Roeser, Esq.
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Tel: (310) 312-4381
Email: EHudson@manatt.com
          SRoeser@manatt.com

*Attorneys for Blake Lively*

**MEISTER SEELIG & FEIN PLLC**
Mitchell Schuster, Esq.
Kevin Fritz, Esq.
Armit Shertzer, Esq.
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
          kaf@msf-law.com
          as@msf-law.com

*Attorneys for Wayfarer Studios LLC, Justin Baldoni,*
*Jamey Heath, It Ends With Us Movie LLC, Melissa Nathan, Jennifer Abel,*
*and Steve Sarowitz*

**WILKIE FARR & GALLAGHER LLP**
Meryl C. Governski, Esq.
Michael J. Gottlieb, Esq.
Kristin E. Bender, Esq.
1875 K Street NW
Washington, DC 20006-1238
Tel: (202) 303-1000
Email: mgovernski@wilkie.com
          mgottlieb@wilkie.com
          kbender@wilkie.com

*Attorneys for Blake Lively and Ryan Reynolds*

<u>**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**</u>

**WILKIE FARR & GALLAGHER LLP**
Aaron E. Nathan, Esq.
787 7th Avenue
New York, NY 10019
Tel: (212) 778-8000
Email:  anathan@wilkie.com

*Attorneys for Blake Lively and Ryan Reynolds*

**BOIES SCHILLER FLEXNER LLP**
Lindsey Ruff, Esq.
Andrew Villacastin, Esq.
55 Hudson Yards
New York, NY 10001
Tel: (212) 446-2300
Email:  LRuff@bsfllp.com
          AVillacastin@bsfllp.com

*Attorneys for Leslie Sloane and Vision PR, Inc.*

**BOIES SCHILLER FLEXNER LLP**
Sigrid S. McCawley, Esq.
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33316
Tel: (954) 356-0011
Email:  smccawley@bsfllp.com

*Attorneys for Leslie Sloane and Vision PR, Inc.*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Nicholas Inns, Esq.
1300 I Street NW, Suite 900
Washington, D.C. 20005
Tel: (202) 538-8000
Email:  nicholasinns@quinnemanuel.com

*Attorneys for Stephanie Jones and Jonesworks, LLC*

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Maaren Alia Shah, Esq.
295 5th Avenue, 9th Floor
New York, NY 10016
Tel.: (212) 849-7000
Email:  maarenchoksi@quinnemanuel.com

*Attorneys for Stephanie Jones and Jonesworks, LLC*


**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Kristin Tahler, Esq.
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel.: (213) 443-3000
Email: kristintahler@quinnemanuel.com

*Attorneys for Stephanie Jones and Jonesworks, LLC*

**DAVIS WRIGHT TREMAINE LLP**
Katherine M. Bolger, Esq.
1251 Avenue of the Americas, 21st Floor
New York, NY  10020-1104
Tel.: (212) 402-4068
Email: katebolger@dwt.com

*Attorneys for The New York Times Company*