quinn emanuel trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 4433000 FAX (213) 4433100

May 12, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Lively v. Wayfarer Studios*, No. 1:24-cv-10049-LJL [rel. No. 1:25-cv-00779], Request for Leave to File Reply

Dear Judge Liman:

Pursuant to Rule 4(C) of this Court's Individual Practices, Jonesworks LLC respectfully requests leave of this Court to file a letter of no more than three pages in reply to the Wayfarer Parties' opposition (ECF 204) to Jonesworks' motion for a protective order (ECF 199).

A mere two hours after Jonesworks filed its letter motion for a protective order to prohibit enforcement of a subpoena served on a third party, Edgeworth Security Services LLC, that plainly seeks Jonesworks' privileged documents, the Wayfarer Parties filed a three-page letter motion seeking to invoke the crime-fraud exception to overcome that privilege. During multiple conferrals over the course of more than a month, the Wayfarer Parties did not once mention the crime-fraud exception as a possible basis for overcoming Jonesworks' well founded assertion of privilege.[1] This is for good reason: the exception is wholly inapt. The Wayfarer Parties' flouting the Court's conferral requirement and hiding their intent reveal that the prebaked opposition to Jonesworks' motion is without merit or good faith basis, and instead appears primarily designed to further their outlandish media narrative against Jonesworks. Further, because the Wayfarer Parties concealed their intent to raise the crime-fraud exception in relation to this subpoena and failed to raise it on any conferral, Jonesworks, of course, has had no opportunity to address the issue and its inapplicability to the present situation. This type of sandbagging and litigation by ambush is precisely the type of conduct that this Court has recognized warrants permitting a reply. Individual Practices in Civil Cases, 4(C).

---

[1] This timing of the filing alone reveals that the Wayfarer Parties have been lying in wait to file this motion, as does the reference in their letter to "false imprisonment," which was one of six claims Jennifer Abel abandoned in her most recent amended counterclaims in the related case and is, at this time, no longer pursuing.

quinn emanuel urquhart & sullivan, llp

AUSTIN | BOSTON | BRUSSELS | CHICAGO | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MUNICH | NEUILLY LA DEFENSE | NEW YORK | PARIS | PERTH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

2

      Jonesworks' expected reply will include arguments that (1) the facts stated in the Wayfarer Parties' response are flatly false, and they and their counsel knew they were false when asserting them to this Court; (2) the Wayfarer Parties' invocation of the crime-fraud exception is patently frivolous, including because they fail to present even one iota of evidence to substantiate their false assertions despite acknowledging that they must do just that to support application of the exception;[2] and (3) the Wayfarer Parties are abusing this Court's docket for extrajudicial purposes, including to launder defamatory statements about Jonesworks through documents ostensibly protected by the litigation privilege.

      Jonesworks thus respectfully requests that this Court grant it leave to file a letter reply to assist in this Court's resolution of the instant motion.

Very truly yours,

*/s/ Kristin Tahler*

Kristin Tahler

---

[2] This acknowledgement further supports the clear fact that Wayfarer's response was employed strategically, not as a serious opposition to Jonesworks' motion. To be sure, if the Wayfarer Parties had evidence, they would have presented it rather than recognize and then ignore a requirement, the failure of which defeats their objection.