

Kevin Fritz<br>
*Partner*<br>
Direct (212) 655-3570<br>
Fax (212) 655-3535<br>
kaf@msf-law.com

Via ECF
Hon. Lewis J. Liman          May 12, 2025
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

Re:   *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL;
      rel. *Wayfarer Studios LLC et al. v. Lively et al.*, No. 1:25-cv-00449-LJL

Dear Judge Liman:

As counsel for Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel (collectively, the "Wayfarer Parties"), we write in opposition to the motion by Blake Lively to compel certain discovery from the Wayfarer Parties (the "Motion"). (Dkt. 203).

In contradictory statements, Lively simultaneously: (a) acknowledges that the Wayfarer Parties have confirmed that they will produce non-privileged documents concerning their damages; and (b) incorrectly argues that the Wayfarer Parties have "refused to produce specific financial records" relevant to their damages. (Dkt. 203, p. 1 -2). Given that there is no need for judicial intervention at this juncture, it appears that Lively's true purpose in filing the Motion was not to compel discovery, but to fabricate a headline for the media, regardless of whether the Motion wastes judicial resources or not.  And, for good measure, it is worth noting that Lively herself has not produced a single document or explained how she searched for and collected the documents that her counsel claims to have gathered from her (but not produced to us).

During the parties' telephonic meet and confer, the Wayfarer Parties assured Lively they were in the process of gathering documents responsive to her requests and, specifically, that the Wayfarer Parties would produce non-privileged documents concerning their respective damages.  Contrary to Lively's ongoing mischaracterizations to the Court, the Wayfarer Parties did not "refuse to produce the requested documents bearing on that loss." (Dkt. 203, p. 3). Furthermore, the Wayfarer Parties suggested that, if upon receiving the damage-related documents the Wayfarer Parties produced, Lively believed that additional documents should be produced, then she should notify the Wayfarer Parties of that position, and the parties would meet and confer in good faith in connection therewith. Lively agreed that was an acceptable manner of proceeding. Tellingly, even after changing course in her subsequent email correspondence, Lively has not explained why such procedure is insufficient, especially given the number of dismissal motions and discovery motions already on the Court's docket herein. (Dkt. 203-9, p. 2, 5).

Lively's Request for Production ("RFP") No. 58 to Baldoni, which is the same as her (different numbered) requests to other Wayfarer Parties, seeks: "Documents sufficient to show Your *net worth*, including financial statements, assets, liabilities and tax returns." (Dkt. 203-4, No. 58) (emphasis added). The Wayfarer Parties have already agreed to produce documents concerning their damages, which documents may include, for instance, financial statements reflecting a reduction of business revenue. However, the Motion fails to explain why the "net worth" of each of the Wayfarer Parties is "relevant to any party's claim or defense and proportional to the needs of the case…." (Fed. R. Civ. P. 26(b)(1). *See Metal Mgmt., Inc. v. Schiavone*, 514 F. Supp. 2d 227, 239 – 40 (D. Conn. 2007) (denying application for disclosure of defendant's assets because plaintiffs "made no showing that [defendant's current financial condition or net worth bears any relation to their application for relief").

"Due to 'the private nature of the sensitive information contained therein, and in part from the public interest in encouraging the filing by taxpayers of complete and accurate returns,' courts 'have long been reluctant' to order discovery of tax returns." *Xiao Hong Zheng v. Perfect Team Corp.*, 739 F. App'x 658, 660 (2d Cir. 2018) (quoting *Smith v. Bader*, 83 F.R.D. 437, 438 (S.D.N.Y. 1979)). "A party seeking to compel production of tax returns in civil cases must meet a two-part showing that: '(1) the returns must be relevant to the subject matter of the action, and (2) a compelling need must exist because the information is not readily obtainable from a less intrusive source.'" *Lopez v. Guzman*, No. 17-cv-1668, 2018 WL 11411132, at *3 (E.D.N.Y. Nov. 27, 2018) (quoting *Sadofsky v. Fiesta Prods, LLC*, 252 F.R.D. 143, 149 (E.D.N.Y. 2008)). Lively has not shown that the Wayfarer Parties' tax returns are relevant to the subject matter of the actions, and hence her request for such sensitive information should be denied. *See Ruradan Corp. v. Cit of New York*, No. 22-cv-03074, 2023 WL 112556, at *3 (S.D.N.Y. Jan. 5, 2023) (Liman, J.) (denying motion to compel production of tax returns). Moreover, whenever Lively identifies the *relevant* information from the tax returns that she purportedly needs, we are confident that any such information will be readily available from a less intrusive source.

None of the cases cited by Lively warrant compelling the production of tax returns herein. The phrase "tax returns" is not mentioned in *One Source Environ., LLC v. M+W Zander, Inc.*, No. 12-cv-145, 2014 WL 5090855 (D. Vt. Oct. 9, 2014), and hence it is unclear why Lively cited to that case. In *Sullivan v. Aircraft Serv. Group, Inc.*, No. 19-cv-6500, 2021 WL 11703007 (E.D.N.Y. Nov. 29, 2021), the Court directed the plaintiff to produce his tax returns *after* he failed to produce other documents, such as financial statements, concerning his alleged damages. Here, to the contrary, the Wayfarer Parties will be producing documents concerning their damages, obviating the need for tax returns. As for *Libaire v. Kaplan*, 760 F. Supp.2d 288 (E.D.N.Y. 2011), that case involved a *post-judgment* subpoena for tax returns and the Court held that the judgment debtor's tax returns "are clearly relevant to defendants' enforcement of their judgment" especially because the judgment debtor "has been less than cooperative in producing any of the documents requested by defendants" thereby creating a "compelling need" for the tax returns. No judgment has been entered herein, much less in Lively's favor.

In the Motion, Lively also refers (in passing) to her RFP seeking: "All Documents concerning Your liquidation of assets in 2024 or 2025 for any reason related to the Film or the Actions, including but not limited to the sale of shares in any publicly traded company." (Dkt. 203, p. 2; Dkt. 203-4, No. 59). Nowhere in her three-page letter does Lively even *attempt* to explain, let alone sufficiently explain, how any such responsive documents are relevant to any party's claim

or defense. Furthermore, during the parties' telephonic meet and confer, Lively did not provide any basis for seeking documents concerning the "liquidation of assets" by any of the Wayfarer Parties. Indeed, even in her self-serving and lengthy "summary" and "memorialization" of the parties' meet and confer, Lively does not explain why documents concerning any "liquidation of assets" is relevant to any claim or defense herein. (Dkt. 203-9, p. 5). *See Williams v. NYC Bd. of Elections*, No. 23-cv-5460, 2024 WL 4825974 (S.D.N.Y. Nov. 18, 2024) (denying request for reconsideration of motion to compel where movant did not explain how discovery sought was relevant). In sum, Lively failed to meet and confer about her request for documents concerning the "liquidation of assets" in violation of Rule 4.C of Your Honor's Individual Practices, and then omitted from her Motion any justification for the production such documents.

We respectfully request that the Court deny Lively's Motion.

Respectfully submitted,

*/s/ Kevin Fritz*
MEISTER SEELIG & FEIN PLLC
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
kaf@msf-law.com

LINER FREEDMAN TAITELMAN + COOLEY, LLP
Bryan J. Freedman (*pro hac vice*)
Miles M. Cooley (*pro hac vice*)
Theresa M Troupson (*pro hac vice*)
Summer Benson (*pro hac vice*)
Jason Sunshine
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
mcooley@lftcllp.com
ttroupson@lftcllp.com
sbenson@lftcllp.com
jsunshine@lftcllp.com

cc: all counsel of record (via ECF)