**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

May 12, 2025

<u>VIA ECF</u>

The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
500 Pearl St.
New York, NY 10007-1312

Re:   <u>Lively v. Wayfarer Studios, No. 1:24-cv-10049-LJL [rel. No. 1:25-cv-00779], Reply In Support of Motion for Protective Order</u>

Dear Judge Liman:

In their opposition to Jonesworks' motion to prevent the Wayfarer Parties from using a third-party subpoena to Edgeworth Security Services LLC to invade Jonesworks' attorney-client privilege and work product, the Wayfarer Parties engage in litigation by ambush. They assert an outlandish theory that they never raised during multiple conferrals and assert facts without evidentiary basis. The Court should reject their baseless argument and grant Jonesworks' motion.

As an initial matter, the Wayfarer Parties fail to contest that the documents they seek from Edgeworth are Jonesworks' privileged documents. Indeed, by invoking the crime-fraud exception, the Wayfarer Parties have conceded the privilege. *See In re Richard Roe, Inc.*, 168 F.3d 69, 71 (2d Cir. 1999). Because, as detailed below, the Wayfarer Parties' invocation of the crime-fraud exception fails to meet any of the requirements for the exception and they have not otherwise challenged Jonesworks' privilege, the Court should uphold that privilege.

The Wayfarer Parties have fallen far short of asserting a proper, let alone viable, invocation of the crime-fraud exception. *See Conopco, Inc. v. Wein*, 2007 WL 1859757, at *8 (S.D.N.Y. June 28, 2007). "A party seeking to invoke the crime-fraud exception must demonstrate that there is probable cause (1) 'that the client communication or attorney work product in question was itself in furtherance of the crime or fraud' and (2) 'to believe that the particular communication with counsel or attorney work product was intended in some way to facilitate or to conceal the criminal activity.'" *In re Grand Jury Subpoenas Dated Sept. 13, 2023*, 128 F.4th 127, 142 (2d Cir. 2025) (quoting *Roe,* 168 F.3d at 71). The showing that the exception applies must be made as to ***each communication***. *See, e.g.*, *Danisco A/S v. Novozymes A/S*, 427 F. Supp. 2d 443, 444-45 (S.D.N.Y. 2006). The Wayfarer Parties have the burden "to submit ***evidence*** establishing probable cause" that the crime-fraud exception applies.[1] *Richards v. Kallish*, 2023 WL 8111831, at *11 (S.D.N.Y. Nov. 22, 2023) (emphasis added). Even before the Court can engage in *in camera* review of the

---

[1] The Second Circuit has not addressed whether the probable cause standard applies in civil cases. *See In re Omnicom Grp., Inc. Sec. Litig.*, 2007 WL 2376170, at *10 (S.D.N.Y. Aug. 10, 2007). Other circuits that have expressly considered the issue have required a showing by a preponderance of the evidence to invoke the exception. *See e.g. In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1095 (9th Cir. 2007), *abrogated on other ground by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009). That in some cases a higher evidentiary burden is required further supports rejection of the Wayfarer Parties' invocation as they fail to present evidence that could meet ***any*** evidentiary standard.

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

documents at issue, the Wayfarer Parties "must present evidence sufficient to support a reasonable belief that *in camera* review may yield evidence that establishes the [crime-fraud] exception's applicability." *United States v. Zolin*, 491 U.S. 554, 574–75 (1989). And they must provide the Court with sufficient facts, supported by evidence, to "specify the factual basis for the crime or fraud that the documents or communications are deemed to have furthered." *In re Richard Roe, Inc.*, 68 F.3d 38, 41 (2d Cir. 1995). The Wayfarer Parties' opposition fails on all fronts.

First, the Wayfarer Parties fail to even attempt to connect any of their arguments to any particular privileged document or documents. They do not even try to explain, for example, how a category of documents from May 2024 that relate to defamation against Jonesworks, three months before Abel's termination, could have been intended to facilitate an undefined purported scheme related to post-termination conduct and events. *See* ECF 199-3. This failure alone is sufficient grounds to reject Wayfarer's argument. *See, e.g.*, *Lazare Kaplan Int'l, Inc. v. KBC Bank N.V.*, 2016 WL 4154274, at *4 (S.D.N.Y. July 22, 2016) ("The crime-fraud exception only applies 'where there is probable cause to believe that **the particular communication** … was intended in some way to facilitate or to conceal the criminal activity.'" (quoting *Roe*, 68 F.3d at 40)); *In re 650 Fifth Ave.*, 2013 WL 3863866, at *2 (S.D.N.Y. July 25, 2013) ("[T]he Government must provide particularized evidence that **each** challenged communication was made **in furtherance** of the crime or fraud.").

Second, the Wayfarer Parties present no evidence of their outrageous allegations against Jonesworks. They present no evidence of their allegation that Jennifer Abel was "falsely imprisoned by Edgeworth's security personnel."[2] ECF 204 at 1. They present no evidence of their allegation that Abel was "coerced by Jonesworks' Chief of Staff and lawyer" to return the phone Jonesworks provided to her for her employment. *Id.* They present no evidence that Jonesworks "accessed everything from her personal iCloud and email accounts." *Id.* And they present no evidence of any of the specious criminal hacking allegations they level against Jonesworks. *Id.* at 2. Instead, the only documents they cite at all for their allegations is Abel's own amended countercomplaint, which is equally unsubstantiated, unverified, and unsupported. *See id.* But a "complaint is not evidence" and cannot support the Wayfarer Parties' attempt to invade Jonesworks' privileges. *Newton v. City of N.Y.*, 640 F. Supp. 2d 426, 448 (S.D.N.Y. 2009); *Conopco*, 2007 WL 1859757, at *8 ("[T]he allegations in the Complaint cannot suffice to establish probable cause to believe that a fraud was perpetrated. Otherwise, through the mere allegation of fraud in a complaint, a party could use the crime-fraud exception to wholly swallow the attorney-client privilege."). Indeed, Jonesworks has moved to dismiss Abel's amended counterclaims because the allegations are not only false, but would fail to support any legal theory she advances. The Wayfarer Parties present no evidence of a crime, a fraud, or Jonesworks' involvement in either, so their invocation of the crime-fraud exception fails.

In fact, the Wayfarer Parties present ***only two*** documents other than their own prior pleadings in purported support of their argument: a complaint filed by a third party (not Edgeworth) in New York Supreme Court and the notice of discontinuation of that litigation. ECF 204-1, 204-2. Neither of these documents offer any factual or evidentiary support for any of the Wayfarer Parties' wild claims. They do not relate to Abel's termination in August; they do not relate to Abel's return of her Jonesworks-owned iPhone to the company at the time of that

---

[2] To the contrary, Abel dropped her claim that she was falsely imprisoned in response to Jonesworks' last motion to dismiss. Dkt. 50, *Jones v. Abel*, No. 25-cv-00779.

termination or alleged access thereafter. Even the Wayfarer Parties' effort to connect these two documents to Jonesworks is supported by nothing more than wild speculation and yet more bald repetitions of things the Wayfarer Parties previously alleged. *See* ECF 204 at 2 (citing Abel's amended counterclaims for allegations that Jonesworks disclosed information to Lively). None of this approaches the showing necessary to support invocation of the crime-fraud exception. *Yutong Jin v. Choi*, 2021 WL 738843, at *4 (S.D.N.Y. Feb. 24, 2021) ("Because she relies solely on allegations and speculation, Plaintiff has failed to meet her burden to trigger the crime-fraud exception."); *see also Clark v. United States*, 289 U.S. 1, 15 (1933) ("It is obvious that it would be absurd to say that the privilege could be got rid of merely by making a charge of fraud.").

What is more, despite the Wayfarer Parties' bombastic allegations of a "Sham Action," those allegations even taken on their face fall short of establishing any cogent theory of a crime or fraud involving Jonesworks and Edgeworth that could support the exception. The cases the Wayfarer Parties cite confirm this. For example, in *Michael Grecco Productions Inc. v. Alamy Inc.*, the court found, based on evidence—including altered contracts and the defendant's admission to having altered them—that the defendant presented an altered document to the court intentionally in order to "defraud the court." 2020 WL 5848613, at *2 (E.D.N.Y. Oct. 1, 2020). The Wayfarer Parties' rhetoric aside, their bald allegation that Jonesworks colluded with Lively to issue a lawful subpoena in a case that Lively purportedly did not intend to fully litigate falls well short of a fraud corrupting the administration of justice that could sustain the exception.[3] *See id.*

The Wayfarer Parties' lack of evidence is unsurprising, as the facts they assert are false. Jonesworks did not imprison Abel; it terminated her employment in a conference room. It did not coerce her; it provided her documents that she reviewed and signed. It did not threaten her; it requested that she return the iPhone that belonged to it and she did. It did not hack her iCloud account or email accounts or even access those accounts or any personal information; it forensically extracted data from the storage of an iPhone it provided to its employee to use during her employment. If the Wayfarer Parties had evidence supporting any of their inflammatory assertions, they would have presented it to this Court. That they did not both confirms the nonexistence of evidence and defeats their opposition.

The timing of the opposition, coming just two hours after Jonesworks' motion, its assertion of an argument not mentioned in over a month of conferrals and reference to a since-abandoned claim all demonstrate that Wayfarer's response was a prebaked, media-targeted ambush, not a reasoned response to resolving a legal dispute. These tactics should not be indulged, and because the opposition fails even the most basic requirements of invoking the crime-fraud exception, the Court should reject it and grant Jonesworks' motion.[4]

Respectfully submitted,

---

[3] The other cases the Wayfarer Parties cite likewise only reveal the insufficiency of their argument. In *Abbot Laboratories v. H&H Wholesale Services, Inc.*, there was evidence that the defendant and its counsel intentionally withheld documents from discovery to conceal them. 2018 WL 2459271, at *5 (E.D.N.Y. Mar. 9, 2018). And in *Chevron Corp. v. Salazar*, the court found that the defendant and its counsel forged an ostensibly neutral expert's report and ghost-wrote another expert's report in Ecuadorian proceedings. 275 F.R.D. 437, 455 (S.D.N.Y. 2011).

[4] No *in camera* review is necessary for the Court to reject the Wayfarer Parties' facially lacking argument. But if the Court entertains the Wayfarer Parties' position, it should review the documents *in camera* before ordering any production, which will confirm that none of the documents are subject to the crime-fraud exception. *See Wood v. Sempra Energy*, 225 F. App'x 38, 39 (2d Cir. 2007).

*/s/ Kristin Tahler*

Kristin Tahler
Quinn Emanuel Urquhart & Sullivan LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
kristintahler@quinnemanuel.com