USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/14/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
BLAKE LIVELY,                                                      :
:
                    Plaintiff,                                       :    24-cv-10049 (lead case);
:            25-cv-449
     -v-                                                          :
:    MEMORANDUM AND
WAYFARER STUDIOS LLC, JUSTIN BALDONI,                              :          ORDER
JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH                          :
US MOVIE LLC, MELISSA NATHAN, THE AGENCY                           :
GROUP PR LLC, JENNIFER ABEL, JED WALLACE,                          :
STREET RELATIONS INC.,                                             :
:
                    Defendants.                                      :
:
-------------------------------------------------------------------X
:
WAYFARER STUDIOS LLC, JUSTIN BALDONI,                              :
JAMEY HEATH, IT ENDS WITH US MOVIE LLC,                            :
MELISSA NATHAN, JENNIFER ABEL, STEVE                               :
SAROWITZ,                                                          :
:
                    Plaintiffs,                                      :
:
     -v-                                                          :
:
BLAKE LIVELY, RYAN REYNOLDS, LESLIE                                :
SLOANE, VISION PR, INC., THE NEW YORK TIMES                        :
COMPANY,                                                           :
:
                    Defendants.                                      :
:
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

       Blake Lively ("Lively"), Plaintiff in *Lively v. Wayfarer Studios LLC et al.*, 24-cv-10049, moves to compel Defendants Wayfarer Studios LLC ("Wayfarer"), Justin Baldoni ("Baldoni"), Jamey Heath ("Heath"), Steve Sarowitz ("Sarowitz"), It Ends With Us Movie LLIC ("IEWU"), Melissa Nathan ("Nathan"), The Agency Group PR LLC ("TAG") and Jennifer Abel ("Abel," and collectively, the "Wayfarer Parties") to produce documents responsive to Requests for

Production ("RFPs") 46 and 47 as to Abel and Nathan, 49 and 50 as to TAG, 58 and 59 as to Baldoni, Heath, and Sarowitz, and 73 and 74 as to Wayfarer and IEWU (collectively, the "Financial RFPs").  Dkt. Nos. 202, 203.  The Financial RFPs are similar for each of the Wayfarer Parties.  For Abel, Nathan, Baldoni, Heath, and Sarowitz, they call for "Documents sufficient to show Your net worth, including financial statements, assets, liabilities, and tax returns," and "All Documents concerning Your liquidation of assets in 2024 or 2025 for any reason related to the Film or the Actions, including but not limited to the sale of shares in any publicly traded company."  Dkt. No. 202-1 at 57–58 (Abel); Dkt. No. 202-2 at 55–56 (Nathan); Dkt. No. 202-4 at 68–69 (Baldoni); Dkt. No. 202-5 at 68–69 (Heath); Dkt. No. 202-6 at 68–69 (Sarowitz).[1]  For TAG, Wayfarer, and IEWU, they call for "Your Tax returns, financial statements, and year-end balance statements for the period June 1, 2020 through the present" and "All documents sufficient to show Your gross income, net income, and expenditures."  Dkt. No. 202-3 at 59–60 (TAG); Dkt. No. 202-7 at 83–84; Dkt. No. 202-8 at 83–84.

      Federal Rule of Civil Procedure 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  "Relevancy" under Rule 26 is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in th[e] case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *see Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 882 F.2d 682, 687 (2d Cir. 1989) (holding that "the broad scope of discovery delimited by the Federal Rules of Civil Procedure is designed to achieve disclosure of all the evidence relevant to the merits of a controversy"); *Barrett v. City of*

---

[1] Citations to all documents use ECF pagination.

*New York*, 237 F.R.D. 39, 40 (E.D.N.Y. 2006) (noting that the information sought "need not be admissible at trial to be discoverable").

The Wayfarer Parties are seeking substantial economic damages in this case from Lively's alleged tortious conduct.  *See* Dkt. No. 50 ¶ 299 ("[T]he Lively Parties have cost the Wayfarer Parties their file, their reputation, their future prospects, even their talent agency"); *id.* ¶ 336 (alleging that as a result of the tortious conduct of the Lively Parties, the Wayfarer parties "have suffered loss of income and interference with future income" and that Baldoni, Heath, Nathan, Abel, and Sarowitz "sustained harm including to their business and professions"); *id.* at 222 (prayer for relief seeking a money judgment "representing compensatory damages including consequential damages, lost wages, earnings, and all other sums of money, together with interest on those amounts, in an amount to be proven at trial but in no event less than $400,000,000"). Documents sufficient to show the net worth of each of the Wayfarer Parties, including financial statements, assets, and liabilities, and for the corporate entities, financial statements, year-end balance statements, and documents sufficient to show gross income, net income, and expenditures, are relevant and should be produced.  *See Sullivan v. Aircraft Servs. Grp., Inc.*, 2021 WL 11703007, at *3 (E.D.N.Y. Nov. 29, 2021); *Linea Pelle, Inc. v. Omega Fashions Ltd.*, 1997 WL 13267, at *1 (S.D.N.Y. Jan. 15, 1997) ("[F]inancial statements are relevant to any claim for lost profits.")

However, Lively has not shown an entitlement to the tax returns of the Wayfarer Parties. "Due to 'the private nature of the sensitive information contained therein, and in part from the public interest in encouraging the filing by taxpayers of complete and accurate returns,' courts 'have long been reluctant' to order discovery of tax returns."  *Xiao Hong Zheng v. Perfect Team Corp.*, 739 F. App'x 658, 660 (2d Cir. 2018) (quoting *Smith v. Bader*, 83 F.R.D. 437, 438

(S.D.N.Y. 1979)). "A party seeking to compel production of tax returns in civil cases must meet a two-part showing that: '(1) the returns must be relevant to the subject matter of the action, and (2) a compelling need must exist because the information is not readily obtainable from a less intrusive source.'" *Lopez v. Guzman*, 2018 WL 11411132, at *3 (E.D.N.Y. Nov. 27, 2018) (quoting *Sadofsky v. Fiesta Prods, LLC*, 252 F.R.D. 143, 149 (E.D.N.Y. 2008)); *see Trudeau v. N.Y. State Consumer Prot. Bd.*, 237 F.R.D. 325, 331 (N.D.N.Y. 2006) ("Routine discovery of tax returns is not the rule but rather the exception."); *see also Ruradan Corp. v. City of New York*, 2023 WL 112556, at *3 (S.D.N.Y. Jan. 5, 2023) (same) *Mangahas v. Eight Oranges Inc.*, 2022 WL 14106010, at *2 (S.D.N.Y. Oct. 24, 2022) (same). Although the returns are relevant to the subject matter of the action, Lively has not shown that the information she seeks will not be contained within the other documents she has requested and that the Court has ordered be produced. Lively also has not shown that documents concerning the liquidation of assets by Abel, Nathan, Baldoni, Heath, and Sarowitz are relevant to the claim for damages. *Cf. Insured Advoc. Grp., LLC v. Spartan Servs. Corp.*, 2024 WL 4893580, at *3 (S.D.N.Y. Nov. 26, 2024) (holding that information regarding a party's ability to satisfy a judgment ordinarily is not discoverable prior to entry of judgment).

Lively's motion to compel is accordingly GRANTED IN PART AND DENIED IN PART. The Wayfarer Parties shall produce the documents responsive to RFP 46 directed to Abel and Nathan, RFP 58 directed to Baldoni, Heath and Sarowitz, RFPs 49 and 50 directed to TAG, and RFPs 73 and 74 directed to Wayfarer and IEWU, except for tax returns, by no later than May 28, 2025. The request for tax returns and the motion to compel documents responsive to RFP 47 to Abel and Nathan and RFP 59 to Baldoni, Heath, and Sarowitz, is denied without

prejudice. The Court awards costs to neither side. The Clerk of Court is respectfully directed to close the motion at Dkt. Nos. 202 and 203.

    SO ORDERED.

Dated: May 14, 2025
       New York, New York

                              LEWIS J. LIMAN
                        United States District Judge