# manatt

Esra A. Hudson<br>
Manatt, Phelps & Phillips, LLP<br>
Direct Dial: 310-312-4381<br>
ehudson@manatt.com

May 14, 2025

**VIA ECF**
The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1620
New York, NY 10007

    Re:    *Lively v. Wayfarer Studios LLC, et al.*, No. 1:24-cv-10049-LJL [rel. No. 1:25-cv-00449]

Dear Judge Liman:

    On behalf of our client, Blake Lively, we respectfully move to strike the letter signed by Mr. Bryan Freedman and filed earlier today. That letter, which was not filed with any evidentiary support of any kind, much less anything under oath, falsely accuses Ms. Lively, and her counsel, of engaging in "witness tampering and evidence spoliation" based on an undisclosed anonymous source. *See* Dkt. No. 217 (the "Freedman Letter").[1] Ms. Lively requests that the Court strike the Freedman Letter pursuant to its "'inherent power to control'" and to strike material from its docket that is "abusive or otherwise improper under the circumstances." *See Outlaw v. City of New York*, No. 22 CIV. 9288 (PAE), 2024 WL 4825955, at *3 (S.D.N.Y. Nov. 19, 2024) (citation omitted).

    It should be unnecessary to respond to anonymously sourced, baseless, allegations recklessly leveled without any supporting evidence. It is worth stating for the record, however, that each of the allegations in the Freedman Letter is unequivocally and demonstrably false. As a legal matter, the Freedman Letter is improper. It does not seek any form of relief, is irrelevant to any motion currently pending before the Court, and serves no legitimate purpose. It is not useful to the Court in any respect. *Nat. Res. Def. Council, Inc., v. U.S. Food & Drug Admin.*, 884 F. Supp. 2d 108, 116 (S.D.N.Y. 2012) (exercising inherent authority to strike a document that is not "relevant" or "'useful' to the Court"). Ms. Lively filed a letter, to which the Freedman Letter purports to respond, as a courtesy to inform the Court about motion to quash proceedings that Venable commenced in another federal court and to preserve her own right to object to the third-party subpoena—but she did not ask the Court to take any action, and her letter did not merit or warrant any response from Mr. Freedman, let alone one that purports to manufacture a conspiracy theory in order to obtain communications from opposing counsel via a third party.

    The apparent intent of the Freedman Letter is to launder scandalous and defamatory allegations about Ms. Lively and opposing counsel into the press by abusing the Court's docket and avoiding the Order requiring attorneys in this case comply with Rule 3.6 of the New York Rules of Professional Conduct. Dkt. No. 57. *Within minutes* of the Freedman Letter appearing on the Court's docket at 1:50 p.m., media outlets began publishing stories concerning the Freedman Letter, including one that posted a 40+ paragraph article at 1:55 p.m. that asserted as a fact that Ms. Lively "'threatened' to expose Taylor Swift's private texts unless she publicly sided with her in Justin Baldoni feud."[2] During a hearing on February 3, 2025, this Court explained to the parties that it would intervene "if it turns out that this ends

---

[1] The Court's local rules do not specify whether a party may make a motion to strike pursuant to a court's inherent authority by letter motion. Ms. Lively will convert this letter motion to a formal motion if the Court prefers that format.

[2] *See* Ruth Styles, *Blake Lively 'threatened' to expose Taylor Swift's private texts unless she publicly sided with her in Justin Baldoni feud*, DailyMail.com (May 14, 2025), available at https://www.dailymail.co.uk/tvshowbiz/article-14711445/blake-lively-threatened-taylor-swift-texts-support-justin-baldoni.html.

Hon. Lewis J. Liman
May 14, 2025
Page 2

up being litigated in the press in a way that would prejudice the opportunity of the parties to a fair trial[.]" Feb. 3, 2025 Hr. Tr. at 59:17-23. The Court should promptly strike the Freedman Letter from the docket to avoid exactly the result it presaged at that initial hearing.

"'Whether to grant or deny a motion to strike is vested in the trial court's sound discretion.'" *Outlaw*, 2024 WL 4825955, at *3 (citation omitted). "Courts have the 'inherent power to control their docket'" and "'strike material" that is " 'abusive or otherwise improper under the circumstances.'" *Id.* (citation omitted); *Muench Photography, Inc. v. Houghton Mifflin Harcourt Pub. Co.*, No. 09 CIV. 2669 LAP, 2015 WL 4757601, at *3 (S.D.N.Y. Aug. 12, 2015) ("It is well-established that a court has the 'inherent authority' to manage the cases before it" including by striking items filed on its docket). This authority derives from a court's authority to manage its "own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Outlaw*, 2024 WL 4825955, at *3 (citation omitted). Ms. Lively respectfully requests that the Court exercise its inherent authority to control its own docket and strike the Freedman Letter as unnecessary, improper, and abusive. Ms. Lively reserves the right to move for sanctions consistent with Rule 11 of the Federal Rules of Civil Procedure in connection with the Freedman Letter at an appropriate time.

Respectfully submitted,

/s/ Esra A. Hudson

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
Meryl Governski (admitted *pro hac vice*)
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron E. Nathan
787 7th Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (admitted *pro hac* vice)
Stephanie A. Roeser (admitted *pro hac v*ice)
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
7 Times Sq.
New York, NY 10036
(212) 790-4500
mbruno@manatt.com