UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
BLAKE LIVELY, :
:
                    Plaintiff, :
:
    -v- :
:
WAYFARER STUDIOS LLC, JUSTIN BALDONI, :
JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH :
US MOVIE LLC, MELISSA NATHAN, THE AGENCY :
GROUP PR LLC, JENNIFER ABEL, JED WALLACE, :
STREET RELATIONS INC., :
:
                    Defendants. :
:
-------------------------------------------------------------------X
:
WAYFARER STUDIOS LLC, JUSTIN BALDONI, :
JAMEY HEATH, IT ENDS WITH US MOVIE LLC, :
MELISSA NATHAN, JENNIFER ABEL, STEVE :
SAROWITZ, :
:
                    Plaintiffs, :
:
    -v- :
:
BLAKE LIVELY, RYAN REYNOLDS, LESLIE :
SLOANE, VISION PR, INC., THE NEW YORK TIMES :
COMPANY, :
:
                    Defendants. :
:
-------------------------------------------------------------------X

24-cv-10049 (lead case);
25-cv-449

ORDER

LEWIS J. LIMAN, United States District Judge:

      Blake Lively ("Lively") moves to strike a letter, Dkt. No. 217 (the "Letter"), filed in this case on May 14, 2025, by attorney Bryan Freedman on behalf of the Wayfarer Parties,[1] Dkt. No.

---

[1] The Wayfarer Parties are Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel.

218. The motion is made pursuant to the Court's inherent power to prevent abusive or improper use of its docket. *Id.* The motion is granted.

Courts have inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–631 (1962)). This includes the power to strike materials outside the pleadings that are "abusive or otherwise improper." *Outlaw v. City of New York*, 2024 WL 4825955, at *3 (S.D.N.Y. Nov. 19, 2024) (quoting *Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, 2015 WL 4757601, at *3 (S.D.N.Y. Aug. 12, 2015)); *see Nat. Res. Def. Council, Inc., v. U.S. Food & Drug Admin.*, 884 F. Supp. 2d 108, 115 n.5 (S.D.N.Y. 2012); *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010); *Hardy v. United States*, 153 Fed. Cl. 624, 628 (Fed. Cl. May 14, 2021); *Avendano v. Sec. Consultants Grp.*, 2014 WL 6611384, at *1–2 (D. Nev. Nov. 19, 2014).[2] The Second Circuit has emphasized that courts should protect the judicial process from being "coopted" to "promote scandal arising out of unproven potentially libelous statements." *Brown v. Maxwell*, 929 F.3d 41, 51–52 (2d Cir. 2019) (citation omitted). It has stated that a district court has not only the power but also the responsibility to exercise "supervisory power over its own records and files" to ensure they "are not used to gratify private spite or promote public scandal" or "serve as reservoirs of libelous statements for press consumption." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

The Letter is improper and must be stricken. It is irrelevant to any issue before this Court and does not request any action from this Court. *See Morse v. Weingarten*, 777 F. Supp. 312,

---

[2] Rule 12(f) of the Federal Rules of Civil Procedure allows a court to strike matter within pleadings that is "redundant, immaterial, impertinent or scandalous." Fed. R. Civ. P. 12 (f).

319 (S.D.N.Y. 1991) (striking reference that "serves no purpose other than to inflame the reader"); *Impulsive Music v. Pomodoro Grill, Inc.*, 2008 WL 4998474, at *3 (W.D.N.Y. Nov. 19, 2008) (striking allegations that "are not relevant and have no bearing on the issues"). It concerns a subpoena proceeding in the District of Columbia over which this Court has no authority. The sole purpose of the Letter is to "promote public scandal" by advancing inflammatory accusations, on information and belief, against Lively and her counsel. *Brown*, 929 F.3d at 51 (quoting *Nixon*, 435 U.S. at 598). It transparently invites a press uproar by suggesting that Lively and her counsel attempted to "extort" a well-known celebrity. Retaining the Letter on the docket would be of no use to the Court and would allow the Court's docket to serve as a "reservoir[] of libelous statements for press consumption." *Id.* (quoting *Nixon*, 435 U.S. at 598). The same is true for the Wayfarer Parties' subsequent submission at Dkt. No. 219, which the Court will strike *sua sponte* for the same reasons.

The Second Circuit has noted that court filings may be abused to make potentially defamatory statements without the threat of liability, given that under New York law, "absolute immunity from liability for defamation exists for oral or written statements made . . . in connection with a proceeding before a court." *Brown*, 929 F.3d at 52 (quoting *Front, Inc. v. Khalil*, 28 N.E.3d 15, 18 (N.Y. 2015)). It has advised the press accordingly that "although the act of filing a document with a court might be thought to lend that document additional credibility, in fact, allegations appearing in such documents might be less credible than those published elsewhere." *Id.*

The motion to strike is GRANTED. The Clerk of Court is directed to strike Dkt. No. 217 in 24-cv-10049 and Dkt. No. 101 in 25-cv-449.

The Clerk of Court is additionally directed to strike Dkt. No. 219 in 24-cv-10049,

3

including Dkt. No. 219-1, and Dkt. No. 102 in 25-cv-449, including Dkt. No. 102-1.

Counsel is advised that future misuse of the Court's docket may be met with sanctions.

SO ORDERED.

Dated: May 15, 2025
      New York, New York

                                        LEWIS J. LIMAN
                                  United States District Judge