# EXHIBIT F

# LINER FREEDMAN TAITELMAN + COOLEY, LLP
ATTORNEYS AT LAW

**1801 CENTURY PARK WEST, 5TH FLOOR**
**LOS ANGELES, CALIFORNIA 90067-6007**
TEL: (310) 201-0005
FAX: (310) 201-0045
**egarofalo@lftcllp.com**

May 13, 2025

*Via Email*
Esra A. Hudson
Manatt, Phelps & Phillips, LLP
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
ehudson@manatt.com

Michael J. Gottlieb
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC 20006
mgottlieb@willkie.com

**Re:**     *Wayfarer Studios LLC, et al. v. Lively, et al., Case No. 1:25-cv-00449-LJL*

Counsel:

This firm represents, among others, Jamey Heath, Jennifer Abel, Melissa Nathan, Steve Sarowitz, Wayfarer Studios LLC, and It Ends With Us Movie LLC (collectively, the "Wayfarer Plaintiffs") in the above-referenced matter. The following is the Wayfarer Plaintiffs' consolidated response to the twelve Rule 11 letters (collectively, the "Letters") directed to each of the Wayfarer Plaintiffs by your clients Blake Lively ("Ms. Lively") and Ryan Reynolds (collectively, the "Lively Defendants").

The Letters address alleged pleading defects that the Lively Defendants have already placed before the Court in their respective motions to dismiss the First Amended Complaint ("FAC"). The gist of the Letters is that the FAC's extortion, defamation and intentional and negligent interference claims are stated on behalf of the "Wayfarer Parties" as a group and do not state facts sufficient to state a claim on behalf of particular plaintiffs swept into the definition of "Wayfarer Parties." For instance, the Lively Defendants threaten sanctions against Jamey Heath on the asserted grounds that (i) Mr. Heath lacks standing to assert an intentional interference claim because the FAC does not allege that he is a party to the allegedly interfered-with WME contract; and (ii) the FAC fails to plead specific defamatory statements about Mr. Heath, but does so only about others included in the term "Wayfarer Parties." As another example, the Lively Defendants complain that Melissa Nathan is grouped under the umbrella of "Wayfarer Parties" in the FAC's extortion claim, even though only Wayfarer, Heath and Baldoni are proper

Esra A. Hudson
Michael J. Gottlieb
May 13, 2025
Page 2

plaintiffs. The Lively Defendants also object that the FAC's false light claim is properly stated only by Baldoni, Heath, Abel, and Sarowitz, and not Melissa Nathan.

Simply put, group pleading is the defect at the heart of the Lively Defendants' Rule 11 Letters. Such purported pleading defects, particularly those already before the Court in a motion to dismiss, are not the proper subject of a Rule 11 motion. Such motions are improper if they are "substantially identical to the arguments made by defendants in support of their motion to dismiss for failure to state a claim." *Jawbone, LLC v. Donohue*, No. 01 CIV. 8066 (CSH), 2002 WL 1424587, at *6 (S.D.N.Y. June 28, 2002), citing Fed. R. Civ. P. 11, Advisory Committee Note on 1993 Amendments ("[Rule 11 motions] should not be employed . . . to test the legal sufficiency or efficacy of allegations in the pleadings. Nor should Rule 11 motions be prepared to emphasize the merits of a party's position . . . ."); *see also Rates Tech. Inc. v. Mediatrix Telecom, Inc.*, No. CV 05-2755 (JS) AKT, 2007 WL 2021905, at *6 (E.D.N.Y. Mar. 16, 2007), *report and recommendation adopted*, No. 05CV2755(JS) (AKT), 2007 WL 1987787 (E.D.N.Y. June 29, 2007).

The Lively Defendants' Rule 11 arguments are not merely substantially similar to, but the same as arguments asserted in their motions to dismiss.[1] Even ignoring the awkward fact that Rule 11 does not apply, group pleading is a common practice. As expressly stated in the responses to the Lively Defendants' motions to dismiss, if the Court deems this definitional issue to be a pleading defect, it is easily curable by amendment. A curable pleading defect does not rise to the level of "frivolous, legally unreasonable, or factually without foundation" as required for Rule 11 sanctions. Put another way, if the Court grants your clients' motions to dismiss in whole or part, the Wayfarer Plaintiffs will amend the FAC as directed by the Court, obviating any imagined Rule 11 issue. If the Court blesses the pleading and denies your motions to dismiss, any Rule 11 motion by your clients would be rendered frivolous.

Indeed, the Supreme Court has recognized "the flexibility provided by Rule 11(b)(3), allowing pleadings based on evidence reasonably anticipated after further investigation or discovery." *Rotella v. Wood*, 528 U.S. 549, 560 (2000). Discovery is in its infancy and the extensive allegations in the FAC support the Wayfarer Plaintiffs' good-faith belief that reasonable investigation and discovery will uncover additional evidence to support the claims of all Wayfarer Plaintiffs. The Lively Defendants' Rule 11 threat at this early juncture is, to put it mildly, premature, in addition to being improper during the pendency of the motions to dismiss.

Finally, the Letters cynically quote Mr. Freedman, whose statements are not pleadings filed with the Court and are thus outside the ambit of Rule 11. Since they have no relevance to Rule 11 sanctions, the only conclusion to be drawn is that the inclusion of the statements in the Letters has no purpose but to harass and undermine Mr. Freedman and our firm with the Court—the very conduct sanctions seek to curtail.

---

[1] Although given short shrift in the Letters, Ms. Lively also invokes the fair reporting "and sexual harassment or retaliation" privileges—issues that are similarly pending before the Court in Ms. Lively's motion to dismiss.

Esra A. Hudson
Michael J. Gottlieb
May 13, 2025
Page 3

   In sum, the Lively Defendants' twelve Letters claiming that the Wayfarer Parties have violated Rule 11 are in themselves frivolous and contrived solely to harass and increase the cost of litigation.  Such "hardball" litigation tactics, including threats of Rule 11 sanctions, are improper.  *See Gaidardo v. Ethyl Corp.*, 835 F.2d 479, 484 (3d Cir. 1987).  Any motion for Rule 11 sanctions will be addressed accordingly.

   Please feel free to call me if you wish to discuss this matter further.

        Very truly yours,

        */s/ Ellyn S. Garofalo*

        Ellyn S. Garofalo