# EXHIBIT 5

Wayfarer Studios LLC's Responses and Objections to Ms. Lively's Requests for Production of Documents

Filed Under Seal

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
BLAKE LIVELY,                                                      :
                                                                   :   Civ. Actions No. 1:24-cv-10049-LJL
                   Plaintiff,                                      :   (Consolidated for pretrial purposes
                                                                   :   with 1:25-cv-00449-LJL)
v.                                                                 :   rel. 1:25-cv-00449-LJL
                                                                   :
WAYFARER STUDIOS LLC, JUSTIN BALDONI,                              :
JAMEY HEATH, STEVE SAROWITZ, IT ENDS                               :
WITH US MOVIE LLC, MELISSA NATHAN, THE                             :
AGENCY GROUP PR LLC, and JENNIFER ABEL,                            :
                                                                   :
                   Defendants.                                     :
                                                                   :
------------------------------------------------------------------ x
JENNIFER ABEL,                                                     :
                                                                   :
                   Third-Party Plaintiff,                          :
                                                                   :
v.                                                                 :
                                                                   :
JONESWORKS LLC,                                                    :
                                                                   :
                   Third-Party Defendant.                          :
                                                                   :
                                                                   :
------------------------------------------------------------------ x
WAYFARER STUDIOS LLC,                                              :
JUSTIN BALDONI, JAMEY HEATH, IT ENDS WITH                          :
US MOVIE LLC, MELISSA NATHAN, JENNIFER                             :
ABEL, and STEVE SAROWITZ,                                          :
                                                                   :
                   Plaintiffs,                                     :
                                                                   :
v.                                                                 :
                                                                   :
BLAKE LIVELY, RYAN REYNOLDS, LESLIE                                :
SLOANE, VISION PR, INC., and THE NEW YORK                          :
TIMES COMPANY,                                                     :
                                                                   :
                   Defendants.                                     :
------------------------------------------------------------------ x

<u>**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**</u>

**<u>DEFENDANT/CONSOLIDATED PLAINTIFF WAYFARER STUDIOS LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF/CONSOLIDATED DEFENDANT BLAKE LIVELY'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS</u>**

Pursuant to Fed. R. Civ. P. 34, Defendant WAYFARER STUDIOS LLC ("Wayfarer" or "Responding Party"), by and through its attorneys, hereby objects and responds to the Fourth Set of Requests for Production of Documents served by Plaintiff/Consolidated Defendant BLAKE LIVELY ("Lively" or "Propounding Party").

**I.**

**<u>GENERAL OBJECTIONS</u>**

Responding Party generally objects to Propounding Party's Requests for Production Nos. 178-181 ("Requests"). The assertion of similar or additional objections does not waive any of the following General Objections. Responding Party incorporates by reference the following General Objections into each of its Responses:

1. Responding Party objects to Propounding Party's Requests to the extent that they seek documents or information that is neither relevant to the claims or defenses of any party in the action, nor proportional to the needs of the case. Nothing herein, or in any responsive document production, shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact, or as an admission as to the truth or accuracy of any information or documents provided in response to these Requests.

2. Responding Party objects to Propounding Party's Definitions and Instructions to the extent that they attempt to impose upon Responding Party any obligations different from or in addition to those imposed by the Federal Rules of Civil Procedure, Local Rules, or any other Order of the Court.

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

3. Responding Party objects to Propounding Party's Requests to the extent that they seek documents or information outside the possession, custody, or control of Responding Party.

4. Responding Party objects to Propounding Party's Requests to the extent they seek the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

5. Responding Party objects to Propounding Party's Requests to the extent that they seek information or documents that Responding Party is under an obligation to any third parties not to disclose.

6. Responding Party objects Propounding Party's Requests to the extent that they require the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties.

7. Responding Party objects to Propounding Party's Requests to the extent that they seek information or documents that are vague, ambiguous, unreasonably cumulative or duplicative, are unduly burdensome, or seek information or documents obtainable from other sources which are more convenient, less expensive, or less burdensome.

8. Responding Party objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

9. Responding Party objects to Propounding Party's Requests to the extent that they seek the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect.

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

      10.      Responding Party objects to Propounding Party's Requests to the extent that they rely upon or seek legal conclusions or opinions.

      11.      Responding Party objects to Propounding Party's Requests as premature to the extent they seek information or documents before their required disclosure under the Federal Rules of Civil Procedure, Local Rules, or other Court Order governing the disclosure of documents and information.

      12.      Responding Party objects to Propounding Party's Requests as vague and/or ambiguous to the extent that they include terms that Propounding Party has not appropriately defined or limited.

      13.      Responding Party objects to any Requests which purport to seek "all" documents, communications, or information as irrelevant, overbroad, unduly burdensome, and disproportionate to the needs of the case. Responding Party will provide responsive, non-privileged documents and information that is sufficient to show any properly requested information or documents in a manner that is proportional with the needs of the case.

      14.      To the extent Responding Party's produces documents, such a production is not an admission that the documents are relevant to this case or an admission that such documents are admissible.

      15.      Responding Party's responses herein are based upon present knowledge, information, and belief following its diligent search and reasonable inquiry. Discovery and investigation are ongoing, and Responding Party reserves the right to amend, correct, supplement, or clarify its responses based upon, among other things, further investigation, discovery of additional facts or information, or developments in this action or in related law, particularly in view of Propounding Party's failure to comply with the Local Rules.

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

16. Responding Party provides the following objections and responses without waiving its right to present evidence at trial of any later-ascertained facts. Responding Party provides these objections and responses without admitting any facts or information, and without waiving objections to the materiality, relevance, or admissibility in evidence of the objections and responses.

17. Discovery is ongoing, and Responding Party reserves the right to supplement these responses in accordance with the Federal Rules of Civil Procedure. Responding Party provides the following objections and responses without waiving its right to present evidence at trial of any later-ascertained facts. Responding Party provides these objections and responses without admitting any facts or information, and without waiving objections to the materiality, relevance, or admissibility in evidence of the objections and responses.

**II.**

**OBJECTIONS TO DEFINITIONS**

1. Responding Party objects to Propounding Party's definition of "Adam Investigations Counsel" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Adam Investigations Counsel, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Actions. In responding to the Requests, Responding Party will construe the term "Adam Investigations Counsel" to mean Adam Investigations Counsel.

2. Responding Party objects to Propounding Party's definition of "Bryan Freedman" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

any party's claim or defense or proportional to the needs of the case in that the definition includes not only Bryan Freedman, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Actions. In responding to the Requests, Responding Party will construe the term "Bryan Freedman" to mean Bryan Freedman.

    3.    Responding Party objects to Propounding Party's definition of "Content Creator" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes "any individual or entity who seeds, generates, creates, or influences Social Media content or provides related digital services."

    4.    Responding Party objects to Propounding Party's definition of the term "Digital Campaign," as it is vague, ambiguous, and overbroad in that it includes all "efforts … to communicate information regarding" a laundry list of subjects/topics. The definition is also vague and ambiguous because it is unclear what is meant by "narrative or virality," including how this phrase fits into the overall definition as constructed. The definition is further objectionable on the basis that it includes several subjective, ambiguous, and undefined qualifiers such as "seed, influence, boost, amplify, or engage with social media algorithms, narrative or virality"; and it incorporates the definition "Social Media," which is itself overbroad, vague, and ambiguous (including the phrase, "[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.").

5.     Responding Party objects to Propounding Party's definition of "IEWU LLC" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only It Ends With Us Movie LLC, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Actions. In responding to the Requests, Responding Party will construe the term "IEWU LLC" to mean It Ends With Us Movie LLC.

6.     Responding Party objects to Propounding Party's definition of the term "Investigation" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case. Responding Party further objects to this definition to the extent it seeks to include information protected by the attorney-client privilege and/or work product doctrine, including but not limited to communications with or work performed by outside counsel or investigators retained at the direction of counsel. In responding to the Requests, Responding Party will construe the term "Investigation" to refer to any non-privileged, factual inquiry conducted by Wayfarer Studios LLC into concerns raised by Ms. Lively regarding harassment, retaliation, or misconduct in connection with the Film.

7.     Responding Party objects to Propounding Party's definition of "Jonesworks" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Jonesworks LLC, but also unidentified past or present members, officers, employees,

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Actions. In responding to the Requests, Responding Party will construe the term "Jonesworks" to mean Jonesworks LLC.

8. Responding Party objects to Propounding Party's definition of "Liner Freedman Taitelman + Cooley" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Liner Freedman Taitelman + Cooley LLP, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Actions. In responding to the Requests, Responding Party will construe the term "Liner Freedman Taitelman + Cooley" to mean Liner Freedman Taitelman + Cooley LLP.

9. Responding Party objects to Propounding Party's definition of "Lively/Reynolds Companies" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Ms. Lively and Mr. Reynolds's affiliated entities (Betty Buzz LLC, Blake Brown, Aviation Gin, Mint Mobile, and Maximum Effort Productions), but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Actions. In responding to the Requests, Responding Party will construe the term "Lively/Reynolds Companies" to mean Betty Buzz LLC, Blake Brown, Aviation Gin, Mint Mobile, and Maximum Effort Productions.

10. Responding Party objects to Propounding Party's definition of the term "Marketing Plan," as it is vague, ambiguous, and overbroad in that it includes "any advertising, promotional,

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

publicity or marketing materials (such as, without limitation, themes, market testing, research, summaries, talking points, trailers or teasers, posters, social media posts, and screen, radio, digital or television advertising)," none of which is properly and narrowly defined and the production of which would be unnecessarily burdensome and not proportional to the needs of the case or relevant to the claim or defense of any party.

11. Responding Party objects to Propounding Party's definition of "Raines Feldman Littrell LLP" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Raines Feldman Littrell LLP, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Actions. In responding to the Requests, Responding Party will construe the term "Raines Feldman Littrell LLP" to mean Raines Feldman Littrell LLP.

12. Responding Party objects to Propounding Party's definition of the term "Social Media," as it is vague, ambiguous, and overbroad in that it includes "any digital platform, forum, website, application, online service, or other platform," none of which is properly and narrowly defined and the production of which would be unnecessarily burdensome and not proportional to the needs of the case or relevant to the claim or defense of any party, and further objects to "on which persons can create, transmit, share, communicate, exchange content, or comment upon any information, ideas, or opinions" as similarly overbroad, vague, and ambiguous, and essentially includes every possible use of the internet. Responding Party also objects to "social networking" as it is vague, ambiguous, and overbroad, and objects to catch-all phrases such as "similar to" and "Any Other Online Presence," the definition of which is itself overbroad, vague, and ambiguous,

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

overly burdensome and not proportional to the needs of the case or relevant to the claim or defense of any party.

13. Responding Party objects to Propounding Party's definition of "Sony" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Sony Pictures Entertainment, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Actions. In responding to the Requests, Responding Party will construe the term "Sony" to mean Sony Pictures Entertainment.

14. Responding Party objects to Propounding Party's definition of "Street Relations" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Street Relations, Inc., but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Actions. In responding to the Requests, Responding Party will construe the term "Street Relations" to mean Street Relations, Inc.

15. Responding Party objects to Propounding Party's definition of "TAG" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only The Agency Group PR LLC, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Actions. In responding to the Requests, Responding Party will construe the term "TAG" to mean The Agency Group PR LLC.

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

16. Responding Party objects to Propounding Party's definition of "Wayfarer" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Wayfarer Studios LLC, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Actions. In responding to the Requests, Responding Party will construe the term "Wayfarer" to mean Wayfarer Studios LLC.

17. Responding Party objects to Propounding Party's definition of "WME" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only William Morris Endeavor Entertainment Agency, but also unidentified officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Actions. In responding to the Requests, Responding Party will construe the term "WME" to mean William Morris Endeavor Entertainment Agency.

18. Responding Party objects to Propounding Party's definition of "You," "Your," and "Yours" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Wayfarer Studios LLC but also unidentified persons or entities acting or purporting to act on its behalf and anyone on whose behalf it is acting, regardless of their relationship to the allegations, claims, or defenses in the Actions. In responding to the Requests, Responding Party will construe the terms "You," "Your," and "Yours" to mean Wayfarer Studios LLC.

<u>**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**</u>

### III.

### <u>OBJECTIONS TO INSTRUCTIONS</u>

1.      Responding Party objects to Paragraph 1 of Propounding Party's Instructions on the grounds that it instructs Responding Party to "make a diligent search and produce all responsive Documents that are (i) in Your possession, custody, or control, or (ii) in the possession, custody, or control of any of Your agents, employees, attorneys, accountants, or other representatives or anyone acting on Your behalf, or under Your direction or control, or (iii) otherwise available to You." Responding Party objects to this instruction to the extent that it requires Responding Party to produce information or documents protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege and/or any other applicable privilege or immunity. Responding Party further objects to this instruction to the extent that it requires Responding Party to produce duplicative or cumulative information. Responding Party will only produce information that is in its possession, custody, or control, as required under the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of the United States District Court for the Southern District of New York, or by any other applicable law or protocol governing discovery obligations in this action.

### IV.

### <u>RESPONSES AND SPECIFIC OBJECTIONS TO PLAINTIFF/CONSOLIDATED DEFENDANT BLAKE LIVELY'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

**<u>REQUEST FOR PRODUCTION NO 178:</u>**

All Documents and Communications concerning the Investigation.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO 178:</u>**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents. Responding Party further objects to this Request to the extent it seeks information that would result in an unwarranted invasion of third parties' constitutional, statutory, or common-law rights to privacy and confidentiality.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO 179:**

All Documents, including, but not limited to, all notes, video or audio recordings, and interview memoranda prepared by You, IEWU LLC, Raines Feldman Littrell LLP, or Adam Investigations Counsel concerning the Investigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO 179:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "[a]ll

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Documents." Responding Party further objects to this Request on the grounds that it is vague as to "notes," "video or audio recordings," "interview memoranda," and "prepared." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents. Responding Party further objects to this Request to the extent it seeks information that would result in an unwarranted invasion of third parties' constitutional, statutory, or common-law rights to privacy and confidentiality.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO 180:**

Documents sufficient to identify each Person contacted or interviewed by You, IEWU LLC, Raines Feldman Littrell LLP, or Adam Investigations Counsel concerning the Investigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO 180:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "[a]ll Documents." Responding Party further objects to this Request on the grounds that it is vague as to "identify," "contacted," and "interviewed." Responding Party further objects to this Request to the

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents. Responding Party further objects to this Request to the extent it seeks information that would result in an unwarranted invasion of third parties' constitutional, statutory, or common-law rights to privacy and confidentiality.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time.

**REQUEST FOR PRODUCTION NO 181:**

All Communications between You and any Person concerning the Investigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO 181:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires Responding Party to produce "[a]ll Communications between You and any Person." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents. Responding Party further objects to this Request to the extent it seeks information that would result in an unwarranted invasion of third parties' constitutional, statutory, or common-law rights to privacy and confidentiality.

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

| | |
|---|---|
| Dated: April 30, 2025<br>New York, NY | **MEISTER SEELIG & FEIN PLLC**<br><br>By: _/s/ Mitchell Schuster_<br>   Mitchell Schuster<br>   Kevin Fritz<br>125 Park Avenue, 7th Floor<br>New York, NY 10017<br>Tel: (212) 655-3500<br>Email: ms@msf-law.com<br>         kaf@msf-law.com |
| Dated: April 30, 2025<br>Los Angeles, CA | **LINER FREEDMAN TAITELMAN<br>+ COOLEY**<br><br>By: _/s/ Bryan Freedman_<br>   Bryan J. Freedman (*pro hac vice*)<br>   Miles M. Cooley (*pro hac vice*)<br>   Theresa M Troupson (*pro hac vice*)<br>   Summer Benson (*pro hac vice*)<br>   Jason Sunshine<br>1801 Century Park West, 5th Floor<br>Los Angeles, CA 90067<br>Tel: (310) 201-0005<br>Email: bfreedman@lftcllp.com<br>         mcooley@lftcllp.com<br>         ttroupson@lftcllp.com<br>         sbenson@lftcllp.com<br>         jsunshine@lftcllp.com |

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

**CERTIFICATE OF SERVICE**

I, Summer E. Benson, do hereby certify that I am not less than 18 years of age and that on this 30th day of April 2025, I caused a copy of the foregoing to be served on all counsel of record via email.

Dated: April 30, 2025
Los Angeles, CA

*/s/ Summer E. Benson*
Summer E. Benson