# EXHIBIT B

**manatt**

**Esra A. Hudson**
Manatt, Phelps & Phillips, LLP
2049 Century Park East, Suite 1700
Los Angeles, California 90067
Direct Dial: (310) 312-4381
ehudson@manatt.com

**WILLKIE FARR & GALLAGHER LLP**

**Michael J. Gottlieb**
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, D.C. 20006
Direct Dial: (202) 744-0858
mgottlieb@willkie.com

April 22, 2025

<u>**VIA EMAIL**</u>

Bryan Freedman
Liner Freedman Taitelman + Cooley LLP
1801 Century Park West, 5th Floor
Los Angeles, CA 90067

Mitchell Schuster
Meister Seelig & Fein PLLC
125 Park Avenue, 7th Floor
New York, NY 10017

**Re:** *Lively v. Wayfarer Studios LLC, et al.*, **No. 1:24-cv-10049-LJL;** *Wayfarer Studios LLC, et al. v. Lively, et al.*, **No. 1:25-cv-00449-LJL**

Dear Mr. Freedman and Mr. Schuster:

On behalf of our client Ryan Reynolds, we write to address the frivolous claims asserted by Plaintiff Jamey Heath against Mr. Reynolds, which violate Rule 11 of the Federal Rules of Civil Procedure ("Rule 11"). In accordance with Rule 11, enclosed please find a copy of Mr. Reynolds's proposed motion, which we intend to file as to you, your law firms, and Heath, if Heath does not withdraw the following claims: (1) Intentional Interference with Contractual Relations (ECF No. 50 (the "FAC") ¶¶ 347-55); (2) Intentional Interference with Prospective Economic Advantage (*id.* ¶¶ 356-65); and (3) Negligent Interference with Prospective Economic Advantage (*id.* ¶¶ 366-74) (together with (1) and (2), the "Interference Claims"); (4) Defamation (*id.* ¶¶ 324-331 ("Defamation Claim")); and (5) False Light Invasion of Privacy (*id.* ¶¶ 332–339 ("False Light Claim")).

As you know, Rule 11 imposes a duty upon counsel to ensure any pleading or motion presented to the Court is not "frivolous, legally unreasonable, or factually without foundation," and "is not being presented for any improper purposes, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." *Gong v. Sarnoff*, 2023 WL 5372473, at *7-8 (S.D.N.Y. Aug. 22, 2023) (Liman, J.) (cleaned up); *see* Fed. R. Civ. P. 11(b). A violation of this duty may subject both the party and the filing attorney to sanctions. *See id.* at *7; Fed. R. Civ. P. 11(c)(1). For the reasons discussed herein, Heath's Interference, Defamation, and False Light Claims are so "destined to fail based on the facts and existing precedent" that no reasonable attorney could believe they were well-grounded. *O'Malley v. N.Y. City Transit Auth.*, 896 F.2d 704, 706 (2d Cir. 1990); *Goldman v. Barrett*, 825 F.

April 22, 2025
Page 2

App'x. 35, 37 (2d Cir. 2020). Indeed, as described herein, Heath's claims are so baseless that the "only plausible conclusion to be drawn" is that you brought them for the "improper purpose" of "harass[ing] Mr. Reynolds, "caus[ing] unnecessary delay," and "needlessly increas[ing] the cost of litigation," all of which is prohibited by Rule 11(b)(1). *See China AI Cap. Ltd. on behalf of Link Motion Inc. v. DLA Piper LLP (US)*, 2024 WL 964596, at *5, 13 (S.D.N.Y. Mar. 6, 2024) (quoting Fed. R. Civ. P. 11(b)(1)). If you do not withdraw the aforementioned claims within Rule 11(c)(1)(A)'s 21-day safe harbor period, ***we will seek sanctions against you, your law firms, and your client***. Any such sanctions would be in addition to and independent of any costs, attorney's fees, or damages that Mr. Reynolds is otherwise entitled to under applicable law.

I.   **Heath's Interference, Defamation, and False Light Claims against Mr. Reynolds are Frivolous.**

   A.   <u>Heath's Interference Claims are Legally Unreasonable and Factually Baseless</u>.

Heath cannot support his Interference Claims because Heath pleads no facts to suggest Mr. Reynolds interfered with any of his contracts or business relationships. Heath brings three Interference Claims against Mr. Reynolds: (i) Intentional Interference with Contractual Relations (FAC ¶¶ 347-55); (ii) Intentional Interference with Prospective Economic Advantage (*id.* ¶¶ 356-65); and (iii) Negligent Interference with Prospective Economic Advantage (*id.* ¶¶ 366-74), seeking punitive and exemplary damages against Mr. Reynolds in connection with the intentional torts. These claims rest exclusively on purported contractual or economic relationships **between Wayfarer and WME** and **between Baldoni and WME**. *See id.* ¶¶ 348, 357, 367; ECF No. 160 ("Heath Opp.") at 20 ("The FAC pleads a claim against Reynolds for his tortious interference with Wayfarer's and Baldoni's relationships with WME[.]"); *id.* at 23-24 ("[T]he FAC clearly identifies Baldoni and Wayfarer as the Wayfarer Parties who were represented by WME."); *see also* FAC ¶¶ 16, 162, 349-50.

The FAC's allegations that Mr. Reynolds interfered with **Wayfarer's and Baldoni's** contractual or economic relationships with WME does not, and cannot, provide any reasonable basis for Heath to assert Interference Claims against anyone. *See* Heath Opp. at 22 (acknowledging interference claims require establishing the "existence of a valid contract between the plaintiff and a third party"). Heath cannot contrive a non-existent relationship between himself and WME, even if he alleged (which he has not) his position as CEO of Wayfarer was somehow relevant to this claim. *See Citicorp Int'l Trading Co. v. W. Oil & Ref. Co.*, 1991 WL 4502, at *5 (S.D.N.Y. Jan. 16, 1991) ("[B]oth the law of this Circuit and that of California is that a shareholder lacks standing to sue on the basis of an injury to his corporation. A shareholder—even the sole shareholder—does not have standing to assert claims alleging wrongs to the corporation nor can the president and principal shareholder of a corporation claim the damages to a corporation as his own.") (cleaned up); *Taupita Inv., Ltd. v. Benny Ping Wing Leung*, 2017 WL 3600422, at *10-12 (S.D.N.Y. Aug. 17, 2017) (Defendants subsidiary and president/director of corporation are not parties to corporation's contracts and cannot bring third-party claims for breach of contract and inducing or causing breach of contract, even where president signed the contracts on behalf of the corporation); *Restis v. Am. Coal. Against Nuclear Iran, Inc.*, 53 F. Supp. 3d 705, 726–28 (S.D.N.Y. 2014) (dismissing tortious interference with contract and prospective economic advantage claims because "[c]ourts in this Circuit have consistently denied tortious interference with contract claims where the plaintiff was neither a party to, nor an intended third-party

April 22, 2025
Page 3

beneficiary of, the contract in question."); *see also Sovereign Asset Mgmt., Inc. v. Health Net Life Ins. Co.*, 2019 WL 4640397, at *4 (C.D. Cal. Sept. 10, 2019) (dismissing interference claim where party was "a legal stranger to the contract and business relations that were allegedly interfered with") (internal quotation marks and citation omitted). Nor is there any indication that Heath has or conceived of any disrupted contractual or economic relationship other than the Baldoni-Wayfarer-WME relationship—much less that Mr. Reynolds could have known of such relationship.

As to Heath's claim for Intentional Interference with Contractual Relations, "[o]ne can hardly imagine a more frivolous claim than that of breach of a contract between parties who never met, much less negotiated to the point of mutual assent. No reasonably competent attorney could have believed that the facts available . . . made out a contract claim by plaintiffs." *Nassau-Suffolk Ice Cream, Inc. v. Integrated Res., Inc.*, 114 F.R.D. 684, 691 (S.D.N.Y. 1987). The same holds true for his remaining Interference Claims. *See Polo Fashions, Inc. v. Fashion Assocs., Inc.*, 1986 WL 1176 (S.D.N.Y. Jan. 22, 1986) (awarding sanctions for frivolous suit not properly alleging tortious interference with economic advantage). Heath's Interference Claims against Mr. Reynolds are objectively baseless. *Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 660 (S.D.N.Y. 1996), *aff'd sub nom.* 13 F.3d 1229 (2d Cir. 1997); *Charles Equip. Energy Sys., LLC*, 2023 WL 2346337, at *5-8 (S.D.N.Y. Mar. 3, 2023).

**B. Heath's Defamation and False Light Claims are Legally Unreasonable and Factually Baseless.**

Heath has alleged no false statements made by Mr. Reynolds concerning Heath, without which his defamation claim is frivolous. To establish a claim for defamation, the defendant must have (among other elements) made "a written [or oral] defamatory statement of [fact] concerning the plaintiff[.]" Heath Opp. at 5 (quoting *Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019)). Nowhere in the 391-paragraph FAC does Heath identify a single statement, or the substance of a single statement, made by Mr. Reynolds concerning Heath.

While Heath has identified two "categories" of allegedly defamatory statements made by Mr. Reynolds against the Wayfarer Parties, neither is capable of establishing a defamation claim against Wayfarer:

(1) Mr. Reynolds's alleged statements to a WME executive that Baldoni is a sexual predator, (Heath Opp. at 6 (citing FAC ¶¶ 8, 162)); and

(2) Statements made by Ms. Lively, Mr. Reynolds, and/or the Sloane Parties "to third parties, including at least to the NYT, that the Wayfarer Parties engaged in, permitted, and/or failed to prevent sexual misconduct toward Lively and retaliated against her for reporting the alleged sexual misconduct, including by spreading lies to damage Lively's image." (Heath Opp. at 7 (citing FAC ¶¶ 273-74, 325)).

It is both undeniable and conceded that the first category—statements to WME or other third parties describing Baldoni as a "sexual predator"—relates to Baldoni as an individual, and in no way concerns Heath. *See* FAC ¶¶ 8; 162; Heath Opp. at 6. A defamation claim brought by Heath on this

basis would be frivolous. Heath has further failed to identify in any way, let alone allege with specificity, ***any*** actual statements Mr. Reynolds allegedly made about him on this topic (or any other topic) to *The New York Times* or other unspecified third parties. To assert this claim, Heath must have a good faith basis to believe that Mr. Reynolds made ***false statements*** to *The New York Times* or other news outlets that Heath propagated a misleading narrative about Ms. Lively. With no third parties beyond *The New York Times* even identified, it is clear that Heath lacks a good-faith basis for such allegations. *See Goldman*, 825 F. App'x at 35 ("speculation that conversations may have taken place . . . provides no support for allegations as to the content of those conversations.") (cleaned up); *accord Charles Equip. Energy Sys., LLC*, 2023 WL 2346337, at *5-8. Nor has Heath identified any actual (or even theoretical) statements made by Mr. Reynolds to *The New York Times*, and as to *The New York Times* article itself (for which Mr. Reynolds would not be liable), the Court has indicated such a "strong showing" that the defamation claim against them will be dismissed, that discovery is presently stayed against them. ECF No. 118 at 2.[1]

## II. Heath's Frivolous Claims Were Brought For the Improper Purpose of Harassing Mr. Reynolds, Causing Delay, and Increasing the Cost of Litigation.

From its inception, this matter has been plagued by retaliatory conduct. Heath's admissions reveal that he was aware of Ms. Lively's complaints of sexual harassment before it brought this suit. *See* ECF No. 150 ¶ 16. In the case of Mr. Freedman, you have been aware of, involved in, and/or have facilitated this course of conduct since your engagement no later than August 13, 2024. In the case of Mr. Schuster, you have been aware of, involved in, and/or have facilitated this course of conduct, including in the filing of the Amended Complaint and its baseless claims, as well as the public relations strategy surrounding the litigation, since no later than your appearance on the docket on January 22, 2025. ECF No. 22.

Further, as to Mr. Freedman, as counsel for Heath and the other Wayfarer Parties, you have orchestrated "flood the zone" tactics designed to confuse and mislead the public regarding the nature of this litigation, ***as well as made statements to target Mr. Reynolds***, including by asserting:

- That Mr. Reynolds is "arrogantly asking to be dismissed from the case despite his publicly documented involvement extending far beyond just being a 'supportive spouse.'" And that "[a]fter lighting a match, Mr. Reynolds now seeks to run from the flames. It won't work. . . . Mr. Reynolds can appear on as many sketch shows as he wants and feebly try to make light of his current situation, but we will not stop until he is held accountable for his actions."[2]

---

[1] For these same reasons, Heath's False Light Claim is also baseless. Heath has not identified a single false statement or distortion of a factual statement ***made by Mr. Reynolds*** that placed Heath before the public in a false light. *See* Heath Opp. at 18-19; FAC ¶¶ 162, 274-82.

[2] Tommy McArdle, *Justin Baldoni's Lawyer Accuses Ryan Reynolds of Trying to 'Run from the Flames' in Asking to Be Dismissed from Lawsuit*, PEOPLE (Mar. 19, 2025, 4:56 PM), https://people.com/justin-baldoni-lawyer-ryan-reynolds-run-from-the-flames-legal-battle-11699794; BreAnna Bell, *Justin Baldoni's attorney blasts Ryan Reynolds for filing to dismiss lawsuit: He's trying to 'run from the flames'*, PAGE SIX (Mar. 19, 2025, 11:09 PM), https://pagesix.com/2025/03/19/celebrity-news/justin-baldonis-attorney-blasts-ryan-reynolds-for-filing-to-dismiss-lawsuit/.

- As to Mr. Reynold's appearance on Saturday Night Live, "I'm unaware of anybody, frankly, whose wife has been sexually harassed and has made jokes about that type of situation. . . . I can't think of anyone who's done anything like that. So it surprised me."[3]

- "The immense power that [Lively] wielded in Hollywood **built on pure fear of her husband** and their powerful friends came to an end the moment Ms. Lively planned a mass distribution of a disturbingly false and well calculated hit piece in [T]he New York Times."[4]

The "only plausible conclusion to be drawn" from all of this conduct is that you are acting with the "improper purpose" of "harass[ing]" Mr. Reynolds, "caus[ing] unnecessary delay," and "needlessly increas[ing] the cost of litigation" in direct violation of Rule 11(b)(1). *DLA Piper LLP (US)*, 2024 WL 964596, at *5 (quoting Fed. R. Civ. P. 11(b)(1)).[5] Such conduct is willfully improper and warrants sanctions under Rule 11(b)(1). *See Gong*, 2023 WL 5372473, at *13 ("[A] court may infer an improper purpose if, in light of Plaintiffs' conduct during and outside of litigation, a complaint is baseless as to suggest that there is an ulterior motive behind the lawsuit.") (internal quotation marks and citation omitted); *S. Pac. Shipping Co. v. Redi-Fresh Produce Inc.*, 2014 WL 6968039, at *10 (S.D.N.Y. Dec. 9, 2014) (holding that "[t]he deficiency of [plaintiff's] claim, coupled with its behavior" in litigation "gives rise to an inference of improper purpose"); *Galonsky v. Williams*, 1997 WL 759445, at *6 (S.D.N.Y. Dec. 10, 1997) ("[T]he overall circumstances of this case indicate that [counsel] filed these baseless claims as part of a public relations campaign in order to embarrass the defendants and thereby coerce a settlement.").

\*\*\*

We intend to seek monetary sanctions against you, your law firms, and Heath for the costs and attorneys' fees incurred in responding to these frivolous claims, in preparing these Rule 11 materials, and in any other expenses and interest directly resulting from these violations. *See Goldman v. Barrett*, 2019 WL 4572725, at *39 (S.D.N.Y. Sept. 20, 2019) (quoting Fed. R. Civ. P. 11(c)(4)); Fed. R. Civ. P. 11(c); *In re Australia & New Zealand Banking Grp. Ltd. Sec. Litig.*, 712 F. Supp. 2d 255, 271 (S.D.N.Y. 2010). Pursuant to Rule 11(c)(1)(A), by service of this letter and the accompanying motion, you have 21 days to withdraw the aforementioned claims against Mr. Reynolds. Should you

---

[3] James Hibberd, *Justin Baldoni's Lawyer Criticizes Ryan Reynolds' 'SNL' Joke Mocking Blake Lively Feud*, THE HOLLYWOOD REPORTER (Feb. 18, 2025, 12:45 PM), https://www.hollywoodreporter.com/news/general-news/justin-bladonis-lawyer-criticizes-ryan-reynolds-snl-joke-1236140226/.

[4] BreAnna Bell, *Justin Baldoni's lawyer says he won't be 'bullied' into silence by 'petrified' Blake Lively, Ryan Reynolds after gag order request*, PAGE SIX (Jan. 25, 2025, 4:45 PM) https://pagesix.com/2025/01/25/celebrity-news/justin-baldonis-lawyer-says-he-wont-be-bullied-into-silence-by-petrified-blake-lively-ryan-reynolds-after-gag-order-request/ (emphasis added).

[5] We are concerned that you are doing so in an attempt to bolster your career and reputation at Mr. Reynolds' expense. Debusmann Jr., Bernd, *Who is Bryan Freedman, the lawyer said to represent Don Lemon and Tucker Carlson?*, BBC (Apr. 27, 2023), https://www.bbc.com/news/world-us-canada-65389844 ("What I realized is that if I wanted to be an entertainment lawyer, I had to sue entertainers. No one would hire you until you built a reputation. . . . So I started to focus on going after entertainers, and defeating established entertainment litigators . . . in things that were high profile so that someone would write something about it.").

April 22, 2025
Page 6

not withdraw those claims within 21 days, we will file the attached motion for sanctions, along with an affidavit and a memorandum of law.

                                            Respectfully,

___/s/ *Esra A. Hudson*___                    ___/s/ *Michael J. Gottlieb*___

**MANATT, PHELPS & PHILLIPS, LLP**       **WILLKIE FARR & GALLAGHER LLP**
Esra A. Hudson (admitted *pro hac vice*)      Michael J. Gottlieb
2049 Century Park East, Suite 1700         1875 K Street NW
Los Angeles, California 90067            Washington, DC 20006
(310) 312-4000                                 (202) 303-1000
ehudson@manatt.com                   mgottlieb@willkie.com

cc:     Meryl Governski, Willkie Farr & Gallagher LLP
         Kristin Bender, Willkie Farr & Gallagher LLP
         Aaron Nathan, Willkie Farr & Gallagher LLP
         Stephanie Roeser, Manatt, Phelps & Phillips LLP
         Matthew F. Bruno, Manatt, Phelps & Phillips LLP
         Mitra Ahouraian, Ahouraian Law

Enclosure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WAYFARER STUDIOS LLC, et al.,<br><br>　　　　　Defendants. | No. 24-cv-10049 (LJL) (lead case) |
| WAYFARER STUDIOS LLC, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>BLAKE LIVELY, et al.,<br><br>　　　　　Defendants. | No. 25-cv-449 (LJL) (member case) |

### NOTICE OF DEFENDANT RYAN REYNOLDS'S MOTION FOR RULE 11 SANCTIONS AGAINST PLAINTIFF JAMEY HEATH AND HIS COUNSEL

Consolidated Defendant Ryan Reynolds hereby moves pursuant to Federal Rule of Civil Procedure 11 ("Rule 11") for sanctions against Consolidated Jamey Heath, Bryan Freedman, Mitchell Schuster, Liner Freedman Taitelman + Cooley, and Meister Seelig & Fein PLLC.  Mr. Reynolds respectfully submits that the Court should impose monetary sanctions against Heath and his counsel as a consequence of their filing the following five claims against Mr. Reynolds:  (1) Intentional Interference with Contractual Relations; (2) Intentional Interference with Prospective Economic Advantage; (3) Negligent Interference with Prospective Economic Advantage; (4) Defamation; and (5) False Light Invasion of Privacy.  Each of these claims are unwarranted by existing law, and lack any factual contentions of evidentiary support, in violation of Rule 11(b)(2) and (b)(3).  Instead, these claims have been brought for the "improper purpose" of "harass[ing]"

Mr. Reynolds, "caus[ing] unnecessary delay," and "needlessly increase[ing] the cost of litigation," in violation of Rule 11(b)(1).

For these reasons, and those set forth in more detail in the accompanying memorandum of law, the Court should impose monetary sanctions on Heath and his counsel to deter this kind of egregious willful misconduct in the future.

                                                       Respectfully submitted,

Dated: May 14, 2025                                                /s/ *Michael Gottlieb*

| | |
|---|---|
| Esra A. Hudson (admitted *pro hac vice*) | Michael J. Gottlieb |
| Stephanie A. Roeser (admitted *pro hac vice*) | Kristin E. Bender |
| Manatt, Phelps & Phillips LLP | Meryl C. Governski (admitted *pro hac vice*) |
| 2049 Century Park East, Suite 1700 | Willkie Farr & Gallagher LLP |
| Los Angeles, California 90067 | 1875 K Street NW |
| (310) 312-4000 | Washington, DC 20006 |
| ehudson@manatt.com | (202) 303-1000 |
| sroeser@manatt.com | mgottlieb@willkie.com |
| | kbender@willkie.com |
| Matthew F. Bruno | mgovernski@willkie.com |
| Manatt, Phelps & Phillips LLP | |
| 7 Times Square | Aaron E. Nathan |
| New York, NY 10036 | Willkie Farr & Gallagher LLP |
| (212) 790-4525 | 787 Seventh Avenue |
| mbruno@manatt.com | New York, NY 10019 |
| | (212) 728-8904 |
| | anathan@willkie.com |
| | |
| | *Counsel for Ryan Reynolds* |