# EXHIBIT E

manatt

**Esra A. Hudson**
Manatt, Phelps & Phillips, LLP
2049 Century Park East, Suite 1700
Los Angeles, California 90067
Direct Dial: (310) 312-4381
ehudson@manatt.com

WILLKIE FARR & GALLAGHER LLP

**Michael J. Gottlieb**
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, D.C. 20006
Direct Dial: (202) 744-0858
mgottlieb@willkie.com

April 22, 2025

**VIA EMAIL**

Bryan Freedman
Liner Freedman Taitelman + Cooley LLP
1801 Century Park West, 5th Floor
Los Angeles, CA 90067

Mitchell Schuster
Meister Seelig & Fein PLLC
125 Park Avenue, 7th Floor
New York, NY 10017

**Re: *Lively v. Wayfarer Studios LLC, et al.*, No. 1:24-cv-10049-LJL; *Wayfarer Studios LLC, et al. v. Lively, et al.*, No. 1:25-cv-00449-LJL**

Dear Mr. Freedman and Mr. Schuster:

On behalf of our client Ryan Reynolds, we write to address the frivolous claims asserted by Plaintiff It Ends With Us Movie LLC ("IEWU LLC") against Mr. Reynolds, which violate Rule 11 of the Federal Rules of Civil Procedure ("Rule 11"). In accordance with Rule 11, enclosed please find a copy of Mr. Reynolds's proposed motion, which we intend to file as to you, your law firms, and IEWU LLC, if IEWU LLC does not withdraw the following claims: (1) Civil Extortion (ECF No. 50 (the "FAC") ¶¶ 316-23 ("Extortion Claim")); (2) Intentional Interference with Contractual Relations (*id.* ¶¶ 347-55); (3) Intentional Interference with Prospective Economic Advantage (*id.* ¶¶ 356-65); (4) Negligent Interference with Prospective Economic Advantage (*id.* ¶¶ 366-74) (together with (2) and (3), the "Interference Claims") and (5) Defamation (*id.* ¶¶ 324-331 ("Defamation Claim")).

As you know, Rule 11 imposes a duty upon counsel to ensure any pleading or motion presented to the Court is not "frivolous, legally unreasonable, or factually without foundation," and "is not being presented for any improper purposes, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." *Gong v. Sarnoff*, 2023 WL 5372473, at *7-8 (S.D.N.Y. Aug. 22, 2023) (Liman, J.) (cleaned up); *see* Fed. R. Civ. P. 11(b). A violation of this duty may subject both the party and the filing attorney to sanctions. *See id.* at *7; Fed. R. Civ. P. 11(c)(1). For the reasons discussed herein, IEWU LLC's Extortion, Interference, and Defamation Claims are so "destined to fail based on the facts and existing precedent" that no reasonable attorney could believe they were well-grounded. *O'Malley v. N.Y. City Transit Auth.*, 896 F.2d 704, 706 (2d Cir. 1990); *Goldman v. Barrett*, 825 F.

App'x. 35, 37 (2d Cir. 2020). Indeed, as described herein, IEWU LLC's claims are so baseless that the "only plausible conclusion to be drawn" is that you brought them for the "improper purpose" of "harass[ing] Mr. Reynolds, "caus[ing] unnecessary delay," and "needlessly increas[ing] the cost of litigation," all of which is prohibited by Rule 11(b)(1). *See China AI Cap. Ltd. on behalf of Link Motion Inc. v. DLA Piper LLP (US)*, 2024 WL 964596, at *5, *13 (S.D.N.Y. Mar. 6, 2024) (quoting Fed. R. Civ. P. 11(b)(1)). If you do not withdraw the aforementioned claims within Rule 11(c)(1)(A)'s 21-day safe harbor period, ***we will seek sanctions against you, your law firms, and your client***. Any such sanctions would be in addition to and independent of any costs, attorney's fees, or damages that Mr. Reynolds is otherwise entitled to under applicable law.

**I. IEWU LLC's Extortion, Interference, and Defamation Claims against Mr. Reynolds are Frivolous.**

**A. <u>IEWU LLC's Extortion Claim is Legally Unreasonable and Factually Baseless</u>.**

IEWU LLC cannot support an Extortion Claim against Mr. Reynolds because it makes no factual allegations that Mr. Reynolds threatened or demanded anything from it.

IEWU LLC's Extortion Claim, and related request for punitive and exemplary damages, asserts that Mr. Reynolds "made threats to the Wayfarer Parties" that "included demands that money, property, services, or other sources of value be conferred upon [Mr. Reynolds] without consideration or contractual entitlement thereto." FAC ¶¶ 317-18; ECF No. 160 ("IEWU Opp.") at 17 (quoting *Khadavi v. Stalgi, Inc.*, 2021 WL 929099, at *6 (C.D. Cal. 2021) (conceding claim requires establishing "the obtaining of property or other consideration from another, with his or her consent, . . . induced by a wrongful use of force or fear[.]")). In support of this claim, IEWU LLC alleges a single incident in which Mr. Reynolds supposedly demanded "that the Wayfarer Parties issue a self-destructive statement taking blame for Lively's press woes." (IEWU Opp. at 18 (citing FAC ¶¶ 250-56)). Specifically, the FAC alleges that: "The executive communicated the demand from Lively and Reynolds that ***Wayfarer, Heath and Baldoni*** make a public apology ***that day*** and that, if they failed to do so, the 'gloves would come off.'" FAC ¶ 250 (emphasis added). The FAC goes on to suggest Ms. Lively and Mr. Reynolds "demanded that ***Wayfarer*** put out a statement 'accepting blame' for the problems during filming, with an express threat that they themselves would attack Wayfarer in the press if Wayfarer refused." *Id.* ¶¶ 253-54 (emphasis added). In other words, the only threats or demands at issue were allegedly made to Baldoni, Wayfarer, and Heath. FAC ¶¶ 250, 253-54.

Despite making these allegations on behalf of the "Wayfarer Parties," the FAC itself confirms that no "demands," "threats," or "coercive" behavior were directed toward IEWU LLC at all. IEWU LLC is an entity separate and apart from Baldoni, Wayfarer, and Health; indeed, there is not any allegation in the FAC suggesting any relationship between IEWU LLC and any other Wayfarer Party. *See id.* ¶ 303 (sole allegation related to IEWU LLC identifying its purported citizenship for jurisdiction purposes). Under the FAC's allegations, the alleged civil extortion ***has nothing to do with IEWU LLC***, nor could any amendment cure this deficiency to in good faith state the Extortion Claim against Mr. Reynolds. *See EVIP Canada, Inc. v. Schnader Harrison Segal & Lewis LLP*, 2021 WL 964943, at *19 (S.D.N.Y. Mar. 15, 2021) (Liman, J.), *aff'd*, 2022 WL 3904541 (2d Cir. Aug. 31, 2022) ("Plaintiffs cannot seek damages on behalf of related [] entities. A corporation does not have standing

to assert claims belonging to a related corporation, simply because their business is intertwined.") (cleaned up); *see also Feinberg v. Katz*, 2002 WL 1751135, at *6 (S.D.N.Y. July 26, 2002) (Parent company cannot bring claims to recover for damages incurred by its subsidiary, noting that "[n]umerous courts have dismissed claims brought by corporations when the claims actually belong to a subsidiary or an affiliated corporation."); *Coeur, Inc. v. Wygal*, 2021 WL 4225657, at *4 (W.D.N.Y. Sept. 16, 2021) ("[A] subsidiary generally lacks standing to sue on behalf of its parent corporation.").

Utterly lacking any basis in fact or law, IEWU LLC's Extortion Claim is unwarranted, frivolous, and sanctionable under Rule 11. *See Watkins v. Smith*, 2013 WL 655085, at *3–4, 11 (S.D.N.Y. Feb. 22, 2013), *aff'd*, 561 F. App'x 46 (2d Cir. 2014) (granting sanctions against plaintiff's counsel or decision to defendants "who had no involvement in the underlying events that gave rise to the plaintiff's suit"); *Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 660 (S.D.N.Y. 1996), *aff'd sub nom.* 13 F.3d 1229 (2d Cir. 1997) ("As even a cursory examination of the requirements for bringing suit . . . would have revealed the impossibility of the claim's success, Plaintiff's filing . . . constitutes a Rule 11 violation."); *Charles Equip. Energy Sys., LLC v. INNIO Waukesha Gas Engines, Inc.*, 2023 WL 2346337, at *5-8 (S.D.N.Y. Mar. 3, 2023) (sanctions appropriate where plaintiff "failed to identify a single statement or action by the Defendants on which Plaintiff could have reasonably relied" for claim).

**B. IEWU LLC's Interference Claims are Legally Unreasonable and Factually Baseless.**

IEWU LLC's Interference Claims are equally untenable because IEWU LLC pleads no facts to suggest Mr. Reynolds interfered with any of its contracts or business relationships. IEWU LLC brings three Interference Claims against Mr. Reynolds: (i) Intentional Interference with Contractual Relations (FAC ¶¶ 347-55); (ii) Intentional Interference with Prospective Economic Advantage (*id.* ¶¶ 356-65); and (iii) Negligent Interference with Prospective Economic Advantage (*id.* ¶¶ 366-74), seeking punitive and exemplary damages against Mr. Reynolds in connection with the intentional torts. These claims rest exclusively on purported contractual or economic relationships ***between Wayfarer and WME*** and ***between Baldoni and WME***. *See id.* ¶¶ 348, 357, 367; IEWU Opp. at 20 ("The FAC pleads a claim against Reynolds for his tortious interference with Wayfarer's and Baldoni's relationships with WME[.]"); *id.* at 23-24 ("[T]he FAC clearly identifies Baldoni and Wayfarer as the Wayfarer Parties who were represented by WME."); *see also* FAC ¶¶ 16, 162, 349-50, 357.

The FAC's allegations that Mr. Reynolds interfered with ***Wayfarer's and Baldoni's*** contractual or economic relationships with WME does not, and cannot, provide any reasonable basis for IEWU LLC to assert Interference Claims against anyone. *See* IEWU Opp. at 22 (acknowledging interference claims require establishing the "existence of a valid contract between the plaintiff and a third party"). IEWU LLC cannot contrive a non-existent relationship between itself and WME, even if it attempted to allege (which it has not) that there is any relationship between IEWU LLC and Wayfarer or Baldoni. *See Restis v. Am. Coal. Against Nuclear Iran, Inc.*, 53 F. Supp. 3d 705, 726–28 (S.D.N.Y. 2014) (dismissing tortious interference with contract and prospective economic advantage claims because "[c]ourts in this Circuit have consistently denied tortious interference with contract claims where the plaintiff was neither a party to, nor an intended third-party beneficiary of, the contract in question."); *Taupita Inv., Ltd. v. Benny Ping Wing Leung*, 2017 WL 3600422, at *12 (S.D.N.Y. Aug. 17, 2017) (Defendants subsidiary and president/director of corporation are not parties to corporation's contracts

and cannot bring third-party claims for breach of contract and inducing or causing breach of contract, even where president signed the contracts on behalf of the corporation); *see also Sovereign Asset Mgmt., Inc. v. Health Net Life Ins. Co.*, 2019 WL 4640397, at *4 (C.D. Cal. Sept. 10, 2019) (dismissing interference claim where "sister corporation [wa]s a legal stranger to the contract and business relations that were allegedly interfered with") (internal quotation marks and citation omitted). Nor is there any indication that IEWU LLC has or conceived of any disrupted contractual or economic relationship other than the Baldoni-Wayfarer-WME relationship—much less that Mr. Reynolds could have known of such relationship.

As to IEWU LLC's claim for Intentional Interference with Contractual Relations, "[o]ne can hardly imagine a more frivolous claim than that of breach of a contract between parties who never met, much less negotiated to the point of mutual assent. No reasonably competent attorney could have believed that the facts available . . . made out a contract claim by plaintiffs." *Nassau-Suffolk Ice Cream, Inc. v. Integrated Res., Inc.*, 114 F.R.D. 684, 691 (S.D.N.Y. 1987). The same holds true for its remaining Interference Claims. *See Polo Fashions, Inc. v. Fashion Assocs., Inc.*, 1986 WL 1176 (S.D.N.Y. Jan. 22, 1986) (awarding sanctions for frivolous suit not properly alleging tortious interference with economic advantage). IEWU LLC's Interference Claims against Mr. Reynolds lack a factual and legal basis and are objectively baseless. *Katzman*, 167 F.R.D. at 660; *Charles Equip. Energy Sys., LLC*, 2023 WL 2346337, at *5-8.

### C. IEWU LLC's Defamation Claim is Legally Unreasonable and Factually Baseless.

IEWU LLC has alleged no false statements made by Mr. Reynolds concerning IEWU LLC, without which its defamation claim is frivolous. To establish a claim for defamation, the defendant must have (among other elements) made "a written [or oral] defamatory statement of [fact] concerning the plaintiff[.]" IEWU Opp. at 5 (quoting *Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019)). Nowhere in the 391-paragraph FAC does IEWU LLC identify a single statement, or the substance of a single statement, made by Mr. Reynolds concerning IEWU LLC.

While IEWU LLC has identified two "categories" of allegedly defamatory statements made by Mr. Reynolds against the Wayfarer Parties, neither provides any basis for a defamation claim by IEWU LLC:

(1) Mr. Reynolds's alleged statements to a WME executive that Baldoni is a sexual predator, (IEWU Opp. at 6 (citing FAC ¶¶ 8, 162)); and

(2) Statements made by Ms. Lively, Mr. Reynolds, and/or the Sloane Parties "to third parties, including at least to the NYT, that the Wayfarer Parties engaged in, permitted, and/or failed to prevent sexual misconduct toward Lively and retaliated against her for reporting the alleged sexual misconduct, including by spreading lies to damage Lively's image." (IEWU Opp. at 7 (citing FAC ¶¶ 273-74, 325)).

It is both undeniable and conceded that the first category—statements to WME or other third parties describing Baldoni as a "sexual predator"—relates to Baldoni as an individual, and in no way concerns IEWU LLC. *See* FAC ¶¶ 8; 162; IEWU Opp. at 6. A defamation claim brought by IEWU

LLC on this basis would be frivolous. IEWU LLC has further failed to identify in any way, let alone allege with specificity, ***any*** actual statements Mr. Reynolds allegedly made about it on this topic (or any other) to *The New York Times* or other unspecified third parties. To assert this claim, IEWU LLC must have a good faith basis to believe that Mr. Reynolds made ***false statements*** to *The New York Times* or other news outlets that IEWU LLC propagated a misleading narrative about Ms. Lively. With no third parties beyond *The New York Times* even identified, it is clear that IEWU LLC lacks a good-faith basis for such allegations. *See Goldman*, 825 F. App'x at 35 ("speculation that conversations may have taken place . . . provides no support for allegations as to the content of those conversations.") (cleaned up); *accord Charles Equip. Energy Sys., LLC*, 2023 WL 2346337, at *5-8. Nor has IEWU LLC identified any actual (or even theoretical) statements made by Mr. Reynolds to *The New York Times*, and as to *The New York Times* article itself (for which Mr. Reynolds would not be liable), the Court has indicated such a "strong showing" that the defamation claim against them will be dismissed, that discovery is presently stayed against them. ECF No. 118 at 2.

## II. IEWU LLC's Frivolous Claims Were Brought For the Improper Purpose of Harassing Mr. Reynolds, Causing Delay, and Increasing the Cost of Litigation.

From its inception, this matter has been plagued by retaliatory conduct. IEWU LLC's admissions reveal that it was aware of Ms. Lively's complaints of sexual harassment before it brought this suit. *See* ECF No. 149 ¶ 16. In the case of Mr. Freedman, you have been aware of, involved in, and/or have facilitated this course of conduct since your engagement no later than August 13, 2024. In the case of Mr. Schuster, you have been aware of, involved in, and/or have facilitated this course of conduct, including in the filing of the Amended Complaint and its baseless claims, as well as the public relations strategy surrounding the litigation, since no later than your appearance on the docket on January 22, 2025. ECF No. 22.

Further, as to Mr. Freedman, as counsel for IEWU LLC and the other Wayfarer Parties, you have orchestrated "flood the zone" tactics designed to confuse and mislead the public regarding the nature of this litigation, ***as well as made statements to target Mr. Reynolds***, including by asserting:

- That Mr. Reynolds is "arrogantly asking to be dismissed from the case despite his publicly documented involvement extending far beyond just being a 'supportive spouse.'" And that "[a]fter lighting a match, Mr. Reynolds now seeks to run from the flames. It won't work. . . . Mr. Reynolds can appear on as many sketch shows as he wants and feebly try to make light of his current situation, but we will not stop until he is held accountable for his actions."[1]

- As to Mr. Reynold's appearance on Saturday Night Live, "I'm unaware of anybody, frankly, whose wife has been sexually harassed and has made jokes about that type of

[1] Tommy McArdle, *Justin Baldoni's Lawyer Accuses Ryan Reynolds of Trying to 'Run from the Flames' in Asking to Be Dismissed from Lawsuit*, PEOPLE (Mar. 19, 2025, 4:56 PM), https://people.com/justin-baldoni-lawyer-ryan-reynolds-run-from-the-flames-legal-battle-11699794; BreAnna Bell, *Justin Baldoni's attorney blasts Ryan Reynolds for filing to dismiss lawsuit: He's trying to 'run from the flames'*, Page Six (Mar. 19, 2025, 11:09 PM), https://pagesix.com/2025/03/19/celebrity-news/justin-baldonis-attorney-blasts-ryan-reynolds-for-filing-to-dismiss-lawsuit/.

situation. . . . I can't think of anyone who's done anything like that. So it surprised me."[2]

- "The immense power that [Lively] wielded in Hollywood ***built on pure fear of her husband*** and their powerful friends came to an end the moment Ms. Lively planned a mass distribution of a disturbingly false and well calculated hit piece in the New York Times."[3]

The "only plausible conclusion to be drawn" from all of this conduct is that you are acting with the "improper purpose" of "harass[ing]" Mr. Reynolds, "caus[ing] unnecessary delay," and "needlessly increas[ing] the cost of litigation" in direct violation of Rule 11(b)(1). *DLA Piper LLP (US)*, 2024 WL 964596, at *5 (quoting Fed. R. Civ. P. 11(b)(1)).[4] Such conduct is willfully improper and warrants sanctions under Rule 11(b)(1). *See Gong*, 2023 WL 5372473, at *13 ("[A] court may infer an improper purpose if, in light of Plaintiffs' conduct during and outside of litigation, a complaint is baseless as to suggest that there is an ulterior motive behind the lawsuit.") (internal quotation marks and citation omitted); *S. Pac. Shipping Co. v. Redi-Fresh Produce Inc.*, 2014 WL 6968039, at *10 (S.D.N.Y. Dec. 9, 2014) (holding that "[t]he deficiency of [plaintiff's] claim, coupled with its behavior" in litigation "gives rise to an inference of improper purpose"); *Galonsky v. Williams*, 1997 WL 759445, at *6 (S.D.N.Y. Dec. 10, 1997) ("[T]he overall circumstances of this case indicate that [counsel] filed these baseless claims as part of a public relations campaign in order to embarrass the defendants and thereby coerce a settlement.").

***

We intend to seek monetary sanctions against you, your law firms, and IEWU LLC for the costs and attorneys' fees incurred in responding to these frivolous claims, in preparing these Rule 11 materials, and in any other expenses and interest directly resulting from these violations. *See Goldman v. Barrett*, 2019 WL 4572725, at *39 (S.D.N.Y. Sept. 20, 2019) (quoting Fed. R. Civ. P. 11(c)(4)); Fed. R. Civ. P. 11(c); *In re Australia & New Zealand Banking Grp. Ltd. Sec. Litig.*, 712 F. Supp. 2d 255, 271 (S.D.N.Y. 2010). Pursuant to Rule 11(c)(1)(A), by service of this letter and the accompanying motion, you have 21 days to withdraw the aforementioned claims against Mr. Reynolds. Should you not withdraw those claims within 21 days, we will file the attached motion for sanctions, along with an affidavit and a memorandum of law.

---

[2] James Hibberd, *Justin Baldoni's Lawyer Criticizes Ryan Reynolds' 'SNL' Joke Mocking Blake Lively Feud*, THE HOLLYWOOD REPORTER (Feb. 18, 2025, 12:45 PM), https://www.hollywoodreporter.com/news/general-news/justin-bladonis-lawyer-criticizes-ryan-reynolds-snl-joke-1236140226/.

[3] BreAnna Bell, *Justin Baldoni's lawyer says he won't be 'bullied' into silence by 'petrified' Blake Lively, Ryan Reynolds after gag order request*, PAGE SIX (Jan. 25, 2025, 4:45 PM) https://pagesix.com/2025/01/25/celebrity-news/justin-baldonis-lawyer-says-he-wont-be-bullied-into-silence-by-petrified-blake-lively-ryan-reynolds-after-gag-order-request/ (emphasis added).

[4] We are concerned that you are doing so in an attempt to bolster your career and reputation at Mr. Reynolds' expense. Debusmann Jr., Bernd, *Who is Bryan Freedman, the lawyer said to represent Don Lemon and Tucker Carlson?*, BBC (Apr. 27, 2023) ("What I realized is that if I wanted to be an entertainment lawyer, I had to sue entertainers. No one would hire you until you built a reputation. . . . So I started to focus on going after entertainers, and defeating established entertainment litigators . . . in things that were high profile so that someone would write something about it.").

Respectfully,

____/s/ *Esra A. Hudson*______________

**MANATT, PHELPS & PHILLIPS, LLP**
Esra A. Hudson (admitted *pro hac vice*)
2049 Century Park East, Suite 1700
Los Angeles, California 90067
(310) 312-4000
ehudson@manatt.com

____/s/ *Michael J. Gottlieb*______________

**WILLKIE FARR & GALLAGHER LLP**
Michael J. Gottlieb
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com

cc: Meryl Governski, Willkie Farr & Gallagher LLP
Kristin Bender, Willkie Farr & Gallagher LLP
Aaron Nathan, Willkie Farr & Gallagher LLP
Stephanie Roeser, Manatt, Phelps & Phillips LLP
Matthew F. Bruno, Manatt, Phelps & Phillips LLP
Mitra Ahouraian, Ahouraian Law

Enclosure.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BLAKE LIVELY,<br>Plaintiff,<br>v.<br>WAYFARER STUDIOS LLC, et al.,<br>Defendants. | No. 24-cv-10049 (LJL) (lead case) |
| WAYFARER STUDIOS LLC, et al.,<br>Plaintiffs,<br>v.<br>BLAKE LIVELY, et al.,<br>Defendants. | No. 25-cv-449 (LJL) (member case) |

**NOTICE OF DEFENDANT RYAN REYNOLDS'S MOTION FOR RULE 11 SANCTIONS AGAINST PLAINTIFF IT ENDS WITH US MOVIE LLC AND ITS COUNSEL**

Consolidated Defendant Ryan Reynolds hereby moves pursuant to Federal Rule of Civil Procedure 11 ("Rule 11") for sanctions against Consolidated Plaintiff It Ends with Us Movie LLC, Bryan Freedman, Mitchell Schuster, Liner Freedman Taitelman + Cooley, and Meister Seelig & Fein PLLC. Mr. Reynolds respectfully submits that the Court should impose monetary sanctions against It Ends with Us Movie LLC and its counsel as a consequence of their filing the following five claims against Mr. Reynolds: (1) Civil Extortion; (2) Intentional Interference with Contractual Relations; (3) Intentional Interference with Prospective Economic Advantage; (4) Negligent Interference with Prospective Economic Advantage; and (5) Defamation. Each of these claims are unwarranted by existing law, and lack any factual contentions of evidentiary support, in violation

of Rule 11(b)(2) and (b)(3). Instead, these claims have been brought for the "improper purpose" of "harass[ing]" Mr. Reynolds, "caus[ing] unnecessary delay," and "needlessly increase[ing] the cost of litigation," in violation of Rule 11(b)(1).

For these reasons, and those set forth in more detail in the accompanying memorandum of law, the Court should impose monetary sanctions on It Ends with Us Movie LLC and its counsel to deter this kind of egregious willful misconduct in the future.

Respectfully submitted,

Dated: May 14, 2025

/s/ *Michael Gottlieb*

Michael J. Gottlieb
Kristin E. Bender
Meryl C. Governski (admitted *pro hac vice*)
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron E. Nathan
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8904
anathan@willkie.com

Esra A. Hudson (admitted *pro hac vice*)
Stephanie A. Roeser (admitted *pro hac vice*)
Manatt, Phelps & Phillips LLP
2049 Century Park East, Suite 1700
Los Angeles, California 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
Manatt, Phelps & Phillips LLP
7 Times Square
New York, NY 10036
(212) 790-4525
mbruno@manatt.com

*Counsel for Ryan Reynolds*