

Kevin Fritz
*Partner*
Direct (212) 655-3570
Fax (212) 655-3535
kaf@msf-law.com

May 21, 2025

**VIA ECF**
Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

> **Re:**  *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL;
> rel. *Wayfarer Studios LLC et al. v. Lively et al.*, No. 1:25-cv-00449-LJL

Dear Judge Liman:

As counsel for Wayfarer Studios LLC ("Wayfarer") and It Ends With Us Movie LLC (collectively, the "Wayfarer Entities"), we write in opposition to Blake Lively's ("Lively") motion to compel the production of documents related to an ongoing workplace investigation (the "Investigation") being conducted by independent, outside legal counsel retained by Wayfarer (the "Motion"). (Dkt. 228). The Motion should be denied because it seeks disclosure of materials that are not in the Wayfarer Entities' possession, custody, or control.

Lively first contends that the Investigation is a "disingenuous charade" because the Wayfarer Entities should have but "failed…to investigate Ms. Lively's concerns when she first raised them in May 2023" distorts the record. Lively fails to note that her allegations were first disclosed on December 20, 2024, in the complaint Lively filed with the California Civil Rights Department ("CRD"). The current Investigation was promptly initiated by Wayfarer in January 2025 when Wayfarer retained Raines Feldman & Littrell LLP ("Raines") and Adam Investigations Counsel ("Adam") (collectively "Investigators") to conduct an independent investigation into Lively's newly surfaced claims.[1]

Second, as Lively is well aware, the Investigation is ongoing. Accordingly, the Investigators' findings, reports, witness statements, and related materials have not been disclosed to Wayfarer. Accordingly, the Wayfarer Entities have no documents in their possession, custody, or control that are responsive to Lively's request and so informed Lively's counsel on May 10, 2025. As this Court has previously held, a party cannot be compelled to produce materials it does not possess. *Williams v. Bank Leumi Trust Co. of N.Y.*, 1999 WL 375559, *1 (S.D.N.Y. 1999); *Barberan v. NationPoint*, 2013 WL 12446291, at *3 (S.D.N.Y. Aug. 8, 2013). In fact, the Wayfarer Entities presently have no knowledge as to whether such documents in fact exist. The Wayfarer Entities

---

[1] Raines is a national employment law firm that routinely handles investigations into allegations of discrimination, harassment, and retaliation; Adam specializes in confidential workplace and Title IX investigations.

424959.3

have made clear—and reaffirm here—that if and when any responsive, non-privileged materials are received upon the conclusion of the Investigation, they will be reviewed and produced in accordance with the Wayfarer Entities' discovery obligations.

Third, Lively's contention that the materials from the ongoing Investigation fall outside the protections of the attorney-client privilege and work product doctrine is baseless and contrary to well-settled law.  The Investigation is being conducted by outside legal counsel retained to independently evaluate Lively's recent allegations through a confidential, privileged legal process.  As the Investigators have confirmed—both in written objections to Lively's subpoena and in correspondence with her counsel—they are using their legal training and professional judgment to gather and analyze facts for the purpose of advising Wayfarer on Lively's new claims. Courts have consistently held that such investigations, when undertaken by counsel to render legal advice, are protected from disclosure by both the attorney-client privilege and attorney work product doctrine. *See, e.g., Compudyne Corp. v. Shane*, 244 F.R.D. 282, 283 (S.D.N.Y. 2007) (denying motion to compel documents relating to corporation's internal investigation because all such investigations "were conducted by counsel" and, as such, "subject to the attorney-client and/or work product privileges"); *Robinson v. Time Warner, Inc.*, 187 F.R.D. 144, 146 (S.D.N.Y. 1999) (denying motion to compel materials from internal investigation conducted by outside counsel that were protected by attorney-client privilege and work-product doctrine); *In re Cardinal Health, Inc. Sec. Litig.*, No. C2 04 575, 2007 WL 495150 (S.D.N.Y. Jan. 26, 2007) (granting non-party law firm's motion to quash subpoena served by plaintiffs on the ground that it called for documents created in the course of an independent investigation of defendant company that were protected by the attorney-client privilege and/or work-product doctrine).

Lively's demand that the Wayfarer Entities identify all witnesses contacted and turn over notes, recordings, and communications relating to those interviews—even while the Investigation is still underway—is not only invasive and unprecedented, it seeks to undermine the investigative process itself.  Especially given the high-profile nature of this litigation, premature disclosure of the requested materials would risk chilling witness candor, distorting the fact-gathering process, and undermining the neutrality that is fundamental to a credible inquiry.  *See Lockwood v. Dunkirk City Sch. Dist.*, No. 21-CV-941-LJV, 2024 WL 1832488, at *2 (W.D.N.Y. Apr. 26, 2024).

Wayfarer has not yet either asserted *or* waived the attorney-client privilege, because, again, it does not have the documents from the Investigation and cannot yet review them for privilege.  And, in any event, such a waiver—even if made—would not compel the production of attorney work product held by the Investigators, which remains independently protected under well-established law.  *See Hickman v. Taylor*, 329 U.S. 495, 510–12 (1947) (work product is protected to preserve the adversarial process).

Fourth, Lively's claim that the Wayfarer Entities waived privilege "by placing the adequacy of the Investigation at issue vis-à-vis its thirteenth affirmative defense" misrepresents both the timing and scope of that defense.  That defense has nothing to do with the Investigation now underway that was initiated in January 2025 in response to Lively's new allegations raised for the first time in her December 2024 CRD complaint.  The Wayfarer Entities have not, as Lively contends, cited or relied upon the current Investigation in any pleading, nor placed it "at issue" in this litigation.  The cases cited by Lively in her Motion on this point are entirely inapposite—they all involved defendants who expressly relied on the adequacy of their internal investigations to defend against

claims. *See Barbini v. First Niagara Bank, N.A.*, 331 F.R.D. 454, 462 (S.D.N.Y. 2019); *Worthington v. Endee*, 177 F.R.D. 113, 117 (N.D.N.Y. 1998); *Harding v. Dana Transp., Inc.*, 914 F. Supp. 1084, 1096-1097 (D.N.J. 1996). As discussed, the Wayfarer Entities have made no such assertion and have not put the current Investigation "at issue."

Finally, the Investigators, to whom Lively issued a subpoena, have properly objected to the subpoena on privilege and work product grounds. While the Wayfarer Entities take no position here on the contents of those objections, their existence demonstrates that the discovery process regarding those materials is already proceeding through proper channels. Should Lively wish to contest any specific privilege claims or other objections, the appropriate route is to do so via the subpoena process—not by seeking to compel the Wayfarer Entities to produce materials they have not received.

For these reasons, the Wayfarer Entities respectfully request that the Court deny Lively's motion to compel.

Respectfully submitted,

*/s/ Kevin Fritz*
MEISTER SEELIG & FEIN PLLC
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
kaf@msf-law.com

LINER FREEDMAN TAITELMAN + COOLEY, LLP
Bryan J. Freedman (*pro hac vice*)
Miles M. Cooley (*pro hac vice*)
Theresa M Troupson (*pro hac vice*)
Summer Benson (*pro hac vice*)
Jason Sunshine
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
mcooley@lftcllp.com
ttroupson@lftcllp.com
sbenson@lftcllp.com
jsunshine@lftcllp.com

cc: all counsel of record (via ECF)

424959.3