**manatt**

Esra A. Hudson
Manatt, Phelps & Phillips, LLP
Direct Dial: 310-312-4381
ehudson@manatt.com

May 23, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1620
New York, NY 10007

Re: *Lively v. Wayfarer Studios LLC, et al.*, No. 1:24-cv-10049-LJL [rel. No. 1:25-cv-00449]

Dear Judge Liman:

On behalf of Blake Lively, we write pursuant to Rules 1.C and 4.C of Your Honor's Individual Practices to respectfully request leave of this Court to file a letter of no more than two pages in reply to Wayfarer Studios LLC ("Wayfarer Studios") and It Ends With Us Movie LLC's ("IEWU," and together, "Wayfarer") opposition (ECF No. 233) to Ms. Lively's motion to compel. (ECF No. 108).

Less than twenty-four hours after Wayfarer filed its opposition, on May 22, 2025, Ms. Lively received correspondence from Wayfarer's investigators, Raines Feldman Littrell LLP and Adam Investigations Counsel (the "Investigators"), directly undermining positions asserted by Wayfarer in its opposition with regard to production of and application of the attorney-client privilege to materials responsive to Ms. Lively's Fourth Set of Requests for Production (the "Investigation Materials"). Ms. Lively's anticipated reply will address such inconsistencies and the material impact of the same on Ms. Lively's motion to compel. Accordingly, Ms. Lively respectfully requests the Court grant leave for her to file a two-page letter brief in reply to the Wayfarer Opposition, a copy of which is attached hereto as **Exhibit 1**.

Respectfully submitted,

/s/ Esra A. Hudson

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
Meryl Governski (admitted *pro hac vice*)
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron E. Nathan
787 7th Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (admitted *pro hac vice*)
Stephanie A. Roeser (admitted *pro hac vice*)
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
7 Times Sq.
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

*Attorneys for Blake Lively*

# EXHIBIT 1

# manatt

**Esra A. Hudson**
Manatt, Phelps & Phillips, LLP
Direct Dial: 310-312-4381
ehudson@manatt.com

May 23, 2025

**VIA ECF**
The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1620
New York, NY 10007

Re:   *Lively v. Wayfarer Studios LLC, et al.*, No. 1:24-cv-10049-LJL [rel. No. 1:25-cv-00449]

Dear Judge Liman:

In their opposition to Ms. Lively's motion to compel, Wayfarer Studios LLC ("Wayfarer Studios") and It Ends With Us Movie LLC ("IEWU," and together, "Wayfarer") represented to the Court that the materials sought are outside their possession, that they "take no position" regarding application of the attorney-client privilege to those materials, and that the "proper channel" to obtain documents and witness recordings concerning its investigation into Ms. Lively's sexual harassment and retaliation claims (the "Investigation Materials") is by subpoena directly from the investigators.

Yesterday afternoon, less than twenty-four hours later, Raines Feldman Littrell LLP and Adam Investigations Counsel (the "Investigators") took the opposite position. In an email, the Investigators reiterated their refusal to produce the Investigation Materials (invoking *Wayfarer's* attorney-client privilege) and encouraged *Wayfarer* to resolve the issue with Ms. Lively directly. *See* **Ex. A**. In other words, Wayfarer and its Investigators are each refusing to produce relevant and responsive materials, while pointing at the other to do so. They have created a perfect trap to prevent Ms. Lively from obtaining information essential to her claims and defenses.

In that same correspondence, the Investigators provided to Wayfarer and Ms. Lively a purported "privilege log" (the "Investigator Log"), which provides six broad categories of documents, including "various documents" with "various third party witnesses and/or their counsel."[1] As the grounds for withholding, the Investigator's cite "Wayfarer's Attorney-Client Privilege," "Wayfarer's Work Product," and/or "Investigator's Work Product," without providing any further information. The Investigator Log, however, does not include a single date or identify any individual that sent, received, or created the withheld documents and communications. **Ex. A**. It is therefore wholly insufficient to enable Ms. Lively, or this Court, to evaluate whether the attorney client privilege or other protection may apply. *See SEC v. Thrasher*, 1996 WL 125661, at *1-2 (S.D.N.Y. 1996) ("Typically, a privilege log must identify each document and provide basic information, including the author, recipient, date and general nature of the document."). More importantly, the Investigator Log, such that it is, plainly undermines Wayfarer's position that it does not possess the Investigation Materials.[2] Wayfarer clearly has some

---

[1] The Investigators have refused, despite Ms. Lively's request, to provide a basis for withholding communications with *third party* individuals (which could not conceivable be covered by any privilege). **Ex. A**.

[2] Category 2 is "Communications by Wayfarer to Investigators to assist with Investigation" and Category 5 is Investigators' communications with Wayfarer re status of investigation and additional questions," which clearly shows that the

Hon. Lewis J. Liman
May 23, 2025
Page 2

documents referenced on the Investigator's Log, which appear to be directed to or provided by it to the Investigators, or is withholding them for a reason it has not made clear (if it is because of privilege, it has not provided a privilege log). Further, as the client, Wayfarer has "possession, custody or control" of the Investigator's documents as a matter of law. *See Lifeguard Licensing Corp. v. Kozak*, 2016 WL 3144049, at *5 (S.D.N.Y. May 23, 2016) ("[u]nder Fed. R. Civ. P. 34, which governs the production of documents during discovery, the clear rule is that documents in the possession of a party's current or former counsel are deemed to be within that party's 'possession, custody and control.'"). Wayfarer has not even attempted to effectively assert a privilege as to the Investigation Materials, and its "privilege log" does nothing to establish that such a privilege exists as to any of the documents that exist. On the contrary, Wayfarer, said in opposition that it "take[s] no position" on the Investigators' assertion of Wayfarer's alleged privilege to the documents. Because Wayfarer takes "no position" on the privilege and failed to set forth any preliminary facts establishing that a single Investigation document is privileged, while the Investigators, in turn, also failed to do the same, they have given the Court no basis to find that any of the existing documents are privileged.

These files are plainly within Wayfarer's control and are fundamentally not privileged, and Wayfarer has failed to establish otherwise. Accordingly, Ms. Lively respectfully requests that the requested documents (including all witness recordings) be produced.

Respectfully submitted,

/s/ Esra A. Hudson

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
Meryl Governski (admitted *pro hac vice*)
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron E. Nathan
787 7th Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (admitted *pro hac* vice)
Stephanie A. Roeser (admitted *pro hac v*ice)
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
7 Times Sq.
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

*Attorneys for Blake Lively*

---

Investigators have been giving updates to Wayfarer in writing and engaging in a question and answer exchange regarding the same." Further, Category 1 is the engagement letter regarding the Investigation, which likely reflects the scope and purpose of the Investigation (an issue about which Wayfarer has been vague), which should be produced.

# **EXHIBIT A**

| | |
|---|---|
| **From:** | Lauren J. Katunich |
| **Sent:** | Thursday, May 22, 2025 4:33 PM |
| **To:** | Roeser, Stephanie |
| **Cc:** | Kevin A. Fritz; Mitra Ahouraian Esq; Hudson, Esra; Bruno, Matthew; Climaco, Katelyn; Charlyn M. Bender; Aisha Shelton Adam; Jane Tanimura; Bryan Freedman; Jason Sunshine; Summer Benson; Theresa Troupson; jperez@lftcllp.com; Stacey Ashby; Dora Melendez; Connolly, Michaela; Bender, Kristin |
| **Subject:** | RE: Lively v. Wayfarer (Consolidated Matter) |
| **Attachments:** | 2025-05-22 Privilege Log(10535868.1).pdf |

**[EXTERNAL] Please do not reply, click links, or open attachments unless you recognize the source of this message and know the content is safe.**

Stephanie,

While we believe that our Objections provide sufficient information for all parties to assess the privileged nature of the documents, in response to your request, we have prepared the attached privilege log. We invite counsel for both parties to confer, inasmuch as the documents are subject to privileges held by Wayfarer, and we hope this log will aid in that conferral.

To the extent your May 13 email is attempting to narrow the scope of the Investigators' objections, we do not agree and we are relying on the Objections previously served.

Best,

Lauren


**Lauren J. Katunich | Partner**



RAINES FELDMAN LITTRELL LLP

1900 Avenue of the Stars, 19th Floor Los Angeles, CA 90067
d:               | c:
w: www.raineslaw.com
e:

**Confidentiality Notice:** The information contained in this email and any attachment(s) to it is intended only for the use of the intended recipient and may be confidential and/or privileged. If any recipient of this communication is not the intended recipient; unauthorized use, disclosure or copying of this email and any accompanying attachment(s) or other information contained herein is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return email, and destroy the email, and any and all copies thereof, including any attachment(s), without reading them or saving them in any manner. Thank you.

**From:** Roeser, Stephanie <SRoeser@manatt.com>
**Sent:** Tuesday, May 13, 2025 10:55 AM
**To:** Lauren J. Katunich <                              >
**Cc:** Kevin A. Fritz <kaf@msf-law.com>; Mitra Ahouraian Esq <mitra@ahouraianlaw.com>; Hudson, Esra <EHudson@manatt.com>; Bruno, Matthew <MBruno@manatt.com>; Climaco, Katelyn <KClimaco@manatt.com>; Charlyn M. Bender                          ; Aisha Shelton Adam                               ; Jane Tanimura

1

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇; Bryan Freedman <bfreedman@lftcllp.com>; Jason Sunshine <jsunshine@lftcllp.com>; Summer Benson <sbenson@lftcllp.com>; Theresa Troupson <ttroupson@lftcllp.com>; jperez@lftcllp.com; Stacey Ashby <sma@msf-law.com>; Dora Melendez <▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇>; Connolly, Michaela <mconnolly@willkie.com>; Bender, Kristin <kbender@willkie.com>
**Subject:** Lively v. Wayfarer (Consolidated Matter)

Lauren,

I am following up on our Friday, May 9, 2025 conferral regarding the document subpoenas issued to Raines Feldman Littrell LLP ("Raines Feldman") and Adams Investigation Counsel ("Adams Investigation"), seeking documents related to the investigation being performed into Ms. Lively's allegations on behalf of Wayfarer Studios LLC ("Wayfarer") (the "Subpoenas").

Based on our discussion, we understand that Raines Feldman and Adams Investigation are withholding documents based on (1) Wayfarer's alleged attorney-client privilege, (2) Raines Feldman and Adams Investigation's attorney work product, and (3) an objection that the Subpoenas are an "improper interference with a third-party neutral workplace investigation" and therefore "unlawful."

As I mentioned on the call, with regard to the first two points, both Raines Feldman and Adams Investigation were required, at the time of responding, to provide a privilege log. See Local Civil Rule 26.2(b) ("Where a claim of privilege is asserted in response to discovery or disclosure other than a deposition, and information is not provided on the basis of the assertion, the information set forth in paragraph (a) above must be furnished in writing at the time of the response to the discovery or disclosure, unless otherwise agreed to in writing by the parties or ordered by the court."); see also Williams v. Fed. Gov't of Nigeria, No. 23-CV-7356 (LJL), 2024 WL 5315307, at *2 (S.D.N.Y. Dec. 2, 2024) (Liman, J.) ("Absent agreement by the parties to the contrary, where a claim of privilege is asserted in response to a request for discovery, the party making such assertion must provide a privilege log at the time of the response to the discovery request. Local Rules 26.2(b)."). **Please confirm by the end of the day that, pursuant to this rule, Raines Feldman and Adams Investigation Counsel will provide a privilege log for all responsive documents being withheld in short order.** To the extent that you are withholding communications with third party individuals (i.e. those not employed by Wayfarer), please also provide by the end of the day, a basis for doing so.

As to the third point, we have been unable to find legal authority holding, or even suggesting, that a subpoena to an investigator in this context is either improper or unlawful. To the extent that you are aware of such authority, please provide that **by the end of the day** or, alternatively, confirm that this objection will be withdrawn.

We will write separately to address related issues as the discovery requests issued to Wayfarer.

Thank you,
Stephanie

**Stephanie Roeser**
Partner

---

**Manatt, Phelps & Phillips,** LLP
2049 Century Park East
Suite 1700
Los Angeles, CA 90067
**D** (310) 312-4207 **F** (310) 914-5744
SRoeser@manatt.com

manatt.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution

or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

This message is from an external sender. Please use caution when opening links & attachments.

Raines Feldman Littrell LLP/Adam Investigation Counsel: Privilege Log in re Workplace Investigation Lively v. Wayfarer et al.

| Category | Date range | Document type | Sender(s)/ Recipient(s)/ Copies | Category Description | Primary Justification |
|---|---|---|---|---|---|
| 1 | | Correspondence | Wayfarer, Raines, Adam | Engagement letters with Investigators | Wayfarer's Attorney-Client Privilege |
| 2 | | Various documents | Wayfarer, Raines, Adam | Communications by Wayfarer to Investigators to assist with Investigation | Wayfarer's Attorney-Client Privilege; Investigators' (attorney) Work Product |
| 3 | | Notes, summaries, plans of action, various documents | N/A | Documents prepared by, or obtained by, Investigators as part of the Investigation | Wayfarer's Attorney-Client Privilege and Work Product Investigators' (attorney) Work Product |
| 4 | | Various documents | Raines, Adam, various third party witnesses and/or their counsel | Documents generated by or at the request of Investigators relating to witness interviews | Wayfarer's Attorney-Client Privilege and Work Product Investigators' (attorney) Work Product |
| 5 | | Communications | Wayfarer, Raines, Adam | Investigators' communications with Wayfarer re status of investigation and additional questions | Wayfarer's Attorney-Client Privilege and Work Product Investigators' Work Product |
| 6 | | Communications | Raines, Adam | Communications between Investigators and relating to the Investigation | Wayfarer's Attorney-Client Privilege and Work Product Investigators' (attorney) Work Product |