**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| BLAKE LIVELY, <br><br> Plaintiff, <br><br> v. <br><br> WAYFARER STUDIOS LLC, et al., <br><br> Defendants. | No. 24-cv-10049 (LJL) (lead case) |
| WAYFARER STUDIOS LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BLAKE LIVELY, et al., <br><br> Defendants. | No. 25-cv-449 (LJL) (member case) |

**Motion of Elyse Dorsey as Amicus Curiae for Leave to File Amicus Curiae Brief in Support of Blake Lively's Invocation of the Protecting Survivors from Weaponizing Defamation Lawsuits Act**

Amicus curiae Elyse Dorsey respectfully moves for leave to file an amicus curiae brief in this matter.[1]

**INTEREST OF AMICUS CURIAE**

Elyse Dorsey is an attorney and survivor of sexual harassment and abuses of power who now advocates for stronger statutory protections for survivors and for stronger legal remedies for people subject to retaliatory lawsuits. Ms. Dorsey herself was subjected to a retaliatory defamation lawsuit in Virginia after reporting her sexual harassment to the university where it happened and later sharing her experience with the public through the media.

---

[1] No counsel for any party authored this brief in whole or in part and no entity or person, its members, or its counsel, made any monetary contribution intended to fund the preparation or submission of this brief.

To achieve her advocacy goals, Ms. Dorsey has supported stronger anti-SLAPP protections and denounced retaliatory lawsuits against survivors. As relevant here, Ms. Dorsey has a strong interest in advocating for survivors of sexual harassment faced with painful and expensive litigation. She also has a strong interest in aiding courts in upholding codified protections for survivors, like California's Protecting Survivors from Weaponizing Defamation Lawsuits Act, so that no survivor must endure what Ms. Dorsey endured over a year and a half of litigation against her harasser.

## ARGUMENT

District courts have broad discretion to permit the filing of an amicus brief. *See C&A Carbone, Inc. v. County of Rockland*, 2014 WL 1202699, at *3 (S.D.N.Y. Mar. 24, 2014) (collecting cases); *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 265 (S.D.N.Y. 2012); *Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*, 2011 WL 5865296 at *1–2 (S.D.N.Y. Nov. 22, 2011); *United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992), *aff'd*, 980 F.2d 161 (2d Cir. 1992); *United States v. Gotti*, 755 F. Supp. 1157, 1157–58 (E.D.N.Y. 1991). "An amicus brief should normally be allowed when . . . the amicus has unique information or perspective that can help the court beyond the help that the lawyers for parties are able to provide." *C&A Carbone*, 2014 WL 1202699, at *3 (quoting *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997)).[2] "The court is most likely to grant leave to appear as an *amicus curiae* in cases involving matters of public interest." *Andersen v. Leavitt*, 2007 WL 2343672 at *2 (E.D.N.Y. Aug. 13, 2007).

---

[2] In determining whether to grant leave to file an amicus brief, "courts often rely on principles set out by the Seventh Circuit," including the decision in *Ryan*. *C&A Carbone*, 2014 1202699, at *3–4; *Lehman XS Trust, Series 2006-GP2 v. Greenpoint Mort. Funding, Inc.*, 2014 WL 265784, at *1 (S.D.N.Y. Jan. 23, 2014); *Auto Club*, 2011 WL 5865296, at *2; *Jamaica Hosp. Med. Ctr., Inc. v. United Health Grp., Inc.*, 584 F. Supp. 2d 489, 497 (E.D.N.Y. 2008).

Ms. Dorsey respectfully submits that leave is proper here.  Ms. Dorsey provides a unique perspective on retaliatory lawsuits as a victim of one herself, and she also speaks to how Virginia's anti-SLAPP statute failed to protect her from such retaliation.  As part of her advocacy, Ms. Dorsey can also speak to how state legislatures can protect a survivor's right to come forward and tell her story without facing the chilling effects of retaliatory litigation from their harasser.  Ms. Dorsey's proposed brief thus offers valuable additional perspective, beyond that submitted by the parties, on the importance of protecting survivors from abuses of the legal process for retaliation.  Further, Ms. Dorsey's proposed brief describes how this case is not unique, but a common retaliation tactic used by harassers to chill speech and silence their victims.  Therefore, Ms. Dorsey's proposed brief provides a unique perspective from a survivor who was not afforded the same protection against retaliatory lawsuits that Ms. Lively seeks to invoke in this lawsuit, thereby supplying "unique information" which may further assist the Court, *C&A Carbone*, 2014 WL 1202699, at *3–4.

## CONCLUSION

Therefore, Ms. Dorsey respectfully requests that this Court grant leave to file the attached amicus brief.


Dated: May 27, 2025                                   Respectfully submitted,

                                                      **Elyse Dorsey** (by and through counsel)

                                                      */s/ Michelle S. Kallen*
                                                      Michelle S. Kallen (*pro hac forthcoming*)
                                                      Elise Haverman (*pro hac forthcoming*)
                                                      Laura Niday (*pro hac forthcoming*)
                                                      STEPTOE LLP
                                                      1330 Connecticut Ave NW
                                                      Washington, D.C. 20036
                                                      (202) 429-3000

3

mkallen@steptoe.com
ehaverman@steptoe.com
LNiday@steptoe.com

Elyse D. Echtman
STEPTOE LLP
1114 Avenue of the Americas
New York, N.Y. 10036
eechtman@steptoe.com

*Counsel for Amicus Curiae Elyse Dorsey*