**Alexis Ronickher, Partner**
**Phone:** 415-813-3260
**Email:** ronickher@katzbanks.com

**Rebecca Peterson-Fisher, Partner**
**Phone:** 415-813-3260
**Email:** peterson-fisher@katzbanks.com

By ECF
May 27, 2025

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:  *Blake Lively v. Wayfarer Studios*, No. 24-10049 (LJL); *Wayfarer Studios LLC v. Blake Lively*, No. 25-cv-449 (LJL): Letter Requesting Leave to File Attached *Amicus Curiae* Brief

Dear Judge Liman:

Pursuant to Your Honor's Individual Practices in Civil Cases, Section 1(C), Equal Rights Advocates, the California Employment Lawyers Association, and the California Women's Law Center respectfully request leave to submit the accompanying *Amicus Curiae* brief in support of Defendant Blake Lively's Motion to Dismiss based on California Assembly Bill 933.[1] A copy of the proposed *Amicus* brief is attached hereto. Defendant Lively consents to the filing of the brief.

A. <u>Proposed *Amici* are nonprofit organizations that drafted and/or championed passage of California Assembly Bill 933.</u>

**Equal Rights Advocates** ("ERA") is a national nonprofit legal organization that advocates for gender justice in workplaces and schools across the country. Since its founding in 1974, ERA has been fighting on the front lines of social justice to protect and advance rights and opportunities for women, girls, and people of all gender identities through litigating groundbreaking legal cases on behalf of workers who have experienced civil rights violations, including sexual harassment and other forms of discrimination. ERA has also led vital policy reform to strengthen protections against sexual harassment and other forms of harassment and discrimination in California as well as in other states and at the federal level. In addition, ERA

---

[1] No party's counsel authored this brief in whole or in part; no party or party's counsel contributed money that was intended to fund preparing or submitting this brief; and no person other than *Amici Curiae* or their counsel contributed money that was intended to fund preparing of this brief. None of the *Amici Curiae* is a nongovernmental entity with a parent corporation or a publicly held corporation that owns 10% or more of its stock.

The Honorable Lewis J. Liman
May 27, 2025
Page 2

has participated as *amicus curiae* in scores of cases involving the interpretation and application of legal rules and laws affecting workers' and survivors' rights and access to justice. ERA has a strong interest in ensuring that victims of sexual assault, sexual harassment, and other forms of harassment and discrimination remain able to exercise their right to speak freely and openly about harassment and abuse without fear of retaliation and intimidation—particularly retaliation and intimidation by perpetrators who seek to use the legal system to silence such victims. ERA drafted and co-sponsored the legislation at issue here, California Assembly Bill 933, and successfully advocated for its passage.

**California Employment Lawyers Association** ("CELA") is a statewide organization of more than 1,300 California attorneys whose members primarily represent employees in a wide range of employment cases, including actions enforcing California's laws prohibiting discrimination, harassment, and retaliation in employment. The organization has taken a leading role in advancing and protecting the rights of California workers, including advocating for and proposing legislation as well as submitting amicus briefs and letters and appearing before the California Supreme Court, California appellate courts, and the Ninth Circuit Court of Appeals in employment rights cases, including numerous cases involving the interpretation of relevant employment laws. CELA co-sponsored California Assembly Bill 933 and was key to its successful passage.

**The California Women's Law Center** ("CWLC") is a statewide, nonprofit law and policy center dedicated to advancing the civil rights of women and girls. CWLC's mission is to create a more just and equitable society by breaking down barriers and advancing the potential of women and girls through impact litigation, policy advocacy, and education. Since its inception in 1989, CWLC has placed particular emphasis on eradicating all forms of discrimination and violence against women. CWLC provides legal assistance to survivors of abuse, advocates for survivors on important legislative issues, and offers training and legal support for attorneys, legal service providers, and counselors regarding the legal protections for survivors of violence. CWLC advocated for adoption of California Assembly Bill 933 and has a strong interest in ensuring that survivors can speak out without fear of retaliation.

    B.  <u>The proposed *Amicus* brief would aid this Court in addressing one of the key questions at issue in the Motion to Dismiss.</u>

"There is no governing standard, rule or statute prescrib[ing] the procedure for obtaining leave to file an amicus brief in the district court." *Automobile Club of N.Y., Inc. v. Port Authority of N.Y. and N.J.*, No. 11-cv-6746 (RJH), 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011) (internal quotation marks omitted). "District courts have broad discretion to permit . . . an appearance as amicus curiae in a case." *In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 265 (S.D.N.Y. 2012). "The usual rationale for amicus curiae submissions is that they are of aid to the court." *Automobile Club*, 2011 WL 5865296, at *1. "An *amicus* brief should normally be allowed . . . when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Id.* at *2 (citations omitted).

The Honorable Lewis J. Liman
May 27, 2025
Page 3

  *Amici*'s proposed brief would help this Court by explaining the purpose and legislative history of California Assembly Bill 933 ("AB 933"), at issue in this case. The California Legislature enacted AB 933, now codified at California Civil Code § 47.1, to combat the onslaught of retaliatory defamation suits filed against victims of sexual assault and harassment who speak out about their abuse—and specifically to shield them from a discovery process that has become one of the prime weapons in such suits. To *Amici*'s knowledge, this Court will be the first to interpret the new statute.

  The proposed brief begins by situating AB 933 in broader context. In recent years, retaliatory defamation suits have become a core part of abusers' playbook to deny abuse, attack victims' credibility, and cast themselves as the "real" victims, with devastating consequences for survivors and the public at large. Someone with the resources of Ms. Lively is an aberration; most survivors are low- or middle-income. Advocates, including *Amici*, have seen survivors buried under legal defense costs they cannot afford while others struggle to obtain legal counsel, and still others are chilled from speaking out about abuse at all, for fear they will become the targets of such abusive litigation. In response, lawmakers across the country have sprung into action, passing legislation to combat retaliatory defamation suits. AB 933 is one of those laws.

  Next, the brief traces the specific legislative history of AB 933, highlighting its twin purposes: (1) to shield victims from the discovery process by allowing them to prevail at the motion to dismiss stage in most circumstances; and (2) to remedy the financial and psychological costs of retaliatory defamation litigation and deter abusers from pursuing such litigation in the first place.

  Finally, the proposed brief illuminates the wide-reaching consequences of this Court's decision beyond Ms. Lively, affecting the thousands of low- and middle-income survivors who depend on robust interpretation of AB 933.

  Consistent with their work to champion the passage of AB 933 and the rights of California workers, including victims of sexual harassment and assault, *Amici* are invested in the interpretation and enforcement of California Civil Code § 47.1 in this case. *Amici* share a special interest in ensuring that courts apply the intended legal approach to this new statute, to ensure that all Californians—particularly low- and middle-income individuals who cannot afford legal defense for speaking out about harassment and abuse—enjoy the full and robust protection that state lawmakers intended.

The Honorable Lewis J. Liman
May 27, 2025
Page 4

*Amici* respectfully request that this Court grant leave to file the attached *Amicus Curiae* brief.

Respectfully submitted,

<u>/s/ Dana Bolger</u>
Dana Bolger (bolger@katzbanks.com)
Alexis Ronickher (ronickher@katzbanks.com)
Rebecca Peterson-Fisher (peterson-fisher@katzbanks.com)
Rachel E. Green (green@katzbanks.com)

*Counsel for Proposed* Amici Curiae