**Ballard Spahr**
LLP

1675 Broadway, 19th Floor
New York, NY 10019-5820
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Lynn Oberlander
Tel: 646.346.8011
Fax: 212.223.1942
oberlanderl@ballardspahr.com

May 28, 2025

*VIA CM/ECF*

The Hon. Lewis J. Liman, United States District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

Re:   *Lively et al. v. Wayfarer Studios LLC et al.*
      Case Nos. 1:24-cv-10049-LJL, 1:25-cv-00449-LJL, 1:25-cv-00779-LJL
      <u>Response to May 21, 2025 Letter-Motion to Compel (ECF No. 232) by the Sloane Parties</u>

Dear Judge Liman:

On behalf of Non-Party Journalist James Vituscka, we write in response to the Letter-Motion to Compel James Vituscka to Produce Documents ("Letter-Motion"), ECF No. 232, filed by Consolidated Defendants Leslie Sloane and Vision PR, Inc. (the "Sloane Parties").

Mr. Vituscka respectfully requests that the Court deny the Sloane Parties' Letter-Motion, and quash the subpoena *duces tecum* (the "Subpoena"), pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, because (1) the discovery the Sloane Parties seek to compel from Mr. Vituscka, a non-party, is equally available from individuals who are parties to this action, thereby subjecting him to undue burden and expense; (2) the Subpoena seeks unpublished newsgathering material that is shielded from disclosure by the reporter's privilege, which the Sloane Parties have not and cannot overcome here; and (3) the Subpoena is facially overbroad.

## Background

Mr. Vituscka, a journalist of over 20 years' experience, is a Senior US Showbiz Reporter at the Daily Mail.  The Sloane Parties' Subpoena, attached as Exhibit 1, seeks, among other broad requests: "All Communications with any of the Wayfarer Parties Concerning the Film, the Lively-Reynolds Parties, the Sloane Parties, Baldoni, the allegations in the Above-captioned matter, and/or any press stories or social media related to the same." Ex. 1 (Request No. 7).[1]

Mr. Vituscka objected to the Subpoena, including on grounds that the discovery sought was "available from other sources, including parties to this matter," "protected from compelled disclosure by the reporter's privileges," and overbroad.  *See* Ex. 2.  On May 27, 2025, the parties

---

[1] The other requests subject to the Letter-Motion seek:  "All Communications with Melissa Nathan, including but not limited to the full Communication that is excerpted at paragraph 193 in the Amended Complaint" (Request No. 5); "All Documents and Communications Concerning your statement, 'she's saying that Blake was sexually assaulted,' as set forth in paragraph 193 in the Amended Complaint" (Request No. 6); and "All Documents and Communications Concerning the Wayfarer Parties' efforts to gather or convey information or material about the Lively-Reynolds Parties and/or the Sloane Parties" (Request No. 13).  During the parties' May 27 meet and confer, the Sloane Parties expressly reserved the right to move to compel *seriatim* on the remaining Subpoena requests.

engaged in a 90-minute meet-and-confer call to attempt to resolve the Subpoena. While the parties made significant progress, the Sloane Parties refused to withdraw or stay their Letter-Motion to allow further narrowing of the issues before the Court.

## Argument

Mr. Vituscka respectfully requests that the Court deny the Sloane Parties' Letter-Motion, and quash the Subpoena, for the following reasons:

***First***, on their face, Request Nos. 5, 6, 7, and 13 seek production of discovery that is equally in the possession of and available from the parties to this matter. The Subpoena therefore violates Rules 26 and 45. Rule 26 requires courts to limit discovery when what is being sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive," while Rule 45(d)(1) requires that a party "serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *See also* Fed. R. Civ. P. 45(d)(3) (subpoena that "subjects a person to undue burden" must be quashed). That is precisely the case here. The Sloane Parties can obtain communications with the Wayfarer Parties, and documents concerning the Wayfarer Parties' efforts to gather or convey information about the Lively-Reynolds and/or the Sloane Parties, directly from the Wayfarer Parties. *See* Ex. 1 (Request Nos. 5-7, 13). Indeed, they must:

> [S]ubpoenas under Rule 45 are clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34. If documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a non-party witness pursuant to Rule 45.

*Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 69 (S.D.N.Y. 2020); *Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012) ("when an opposing party and a non-party both possess documents, the documents should be sought from the party to the case") (collecting cases). In fact, during the meet-and-confer, the Sloane Parties admitted they requested this discovery from the Wayfarer Parties, but are still negotiating with and have not moved to compel this information from them. Instead, the Sloane Parties claim to need this discovery from Mr. Vituscka because the parties are "adversarial" to one another "and therefore [the Wayfarer Parties] cannot serve as a 'reliable source' for the information sought." Letter-Motion at 3.[2] But the same is true in every case. *See Lebowitz v. City of N.Y.*, 948 F. Supp. 2d 392, 395-96 (S.D.N.Y. 2013) (rejecting such argument). Because the Sloane Parties must—but have failed to—first seek the discovery from the Wayfarer Parties before burdening Mr. Vituscka, a non-party, the Letter-Motion should be denied and the Subpoena should be quashed.

***Second***, the Letter-Motion should be denied for the independent reason that the discovery sought constitutes unpublished newsgathering materials protected by the reporter's privilege under both

---

[2] The Sloane Parties also argue that any testimony from the Wayfarer Parties about "what Vituscka meant" in his communications with them "would be wholly speculative," *id.*, but this is irrelevant because the Subpoena seeks documents, not testimony, of which the Wayfarer Parties would have a complete set. In any event, courts have rejected such arguments. *See In re McCray*, 928 F. Supp. 2d 748, 758 (S.D.N.Y. 2013) (rejecting argument that "subpoenaed materials can not be obtained from another source and that the depositions of [the subjects instead of the media] will be inadequate substitutes" (cleaned up)); *see also Krase v. Graco Children Prods.*, 79 F.3d 346, 348 (2d Cir. 1996) (rejecting similar argument, even where interview subject "was unable to 'reconstruct' everything that she said" to the media).

federal and state law. *See Gonzales v. NBC*, 194 F.3d 29, 36 (2d Cir. 1998) (reporter's privilege under the First Amendment); N.Y. Civ. Rights Law § 79-h; N.Y. Const. art. I, § 8. The Sloane Parties have not, and cannot, overcome the privilege because they have not "attempted to obtain the information from another source," or shown that they "cannot obtain the information from another source," *In re McCray*, 928 F. Supp. 2d at 758, namely, the Wayfarer Parties. *See supra* & n.2. This alone is fatal to their Letter-Motion.[3]

Attempting to end-run the reporter's privilege, the Sloane Parties advance meritless arguments that the privilege has been waived and the discovery sought does not qualify for the privilege. But a *source* cannot waive the reporter's privilege by disclosing their discussion(s) with the media. *See* Letter-Motion at 2. The reporter's privilege is personal to the journalist. *See* N.Y. Civ. Rights Law § 79-h; *Small v. UPI, Inc.*, 1989 U.S. Dist. LEXIS 12459, at *3 (S.D.N.Y. Oct. 20, 1989) ("[T]he privilege attaches to the journalist, not the source of his information."); *United States v. Cuthbertson*, 630 F.2d 139, 147 (3d Cir. 1980) (similar).[4] Nor is a reporter obligated to publish all newsgathering materials in order to qualify for the privilege. *See* Letter-Motion at 3 (arguing privilege doesn't apply because the information "never appeared in a Daily Mail article"). If that were the standard, the reporter's privilege would be a nullity because there would be nothing to shield. *See United States v. Karen Bags, Inc.*, 600 F. Supp. 667, 669 (S.D.N.Y. 1985) (privilege safeguards the "editorial freedom to select what gathered information will be published and what will not"); *Gilson v. Coburn*, 106 A.D.3d 424, 424 (1st Dep't 2013) (New York shield law protected unpublished information gathered in course of preparing published magazine article). Finally, contrary to the Sloane Parties' assertion that the "privilege does not apply to all of Vituscka's conversations simply because he happens to be a journalist," Letter-Motion at 3, the reporter's privilege contemplates *exactly* that:

> Successful journalists must cultivate extensive networks of sources, and communicate with them regularly on a variety of topics. Indeed, frequent, often informal communication with sources, even if not for the immediate purpose of gathering information for a specific article, is an integral part of the overall newsgathering process. Accordingly, the Shield Law does not narrowly apply only to the specific exchanges where the source conveys "news."

*See Giuffre v. Maxwell*, 221 F. Supp. 3d 472, 479 (S.D.N.Y. 2016) (cleaned up) (resting on both the state and federal privileges). Simply put, the reporter's privilege plainly applies to Mr. Vituscka's unpublished newsgathering materials, and the Sloane Parties have not overcome it here.

**Third**, the Subpoena is also facially overbroad. For example, Request No. 5 seeks "[a]ll Communications with Melissa Nathan," Ex. 1, without date limitation or connection to the parties or the film, *It Ends With Us*. Similar issues permeate the rest of the Subpoena's requests.

---

[3] Moreover, with the exception of Request No. 6, the Sloane Parties do not even attempt to show how the Subpoena meets the other requirements of the reporter's privilege—such as materiality, relevance, and critical necessity—in order to overcome it. *See* Letter-Motion at 3. They have not met their burden to overcome it, nor could they.

[4] Even if there were a partial waiver in this case (there is not), it would be exceptionally narrow. *See Guice-Mills v. Forbes*, 12 Misc. 3d 852, 857-58 (Sup. Ct. N.Y. Cnty. 2006) (finding partial waiver, but ordering "the scope of the questioning" to be "strictly limited" to the "information shared"; any other information beyond that narrow scope "must meet the tripartite test requirements" of the reporter's privilege).

The Hon. Lewis J. Liman, United States District Judge
May 28, 2025
Page 4

Respectfully submitted,

*Lynn Oberlander*

Lynn Oberlander
Thomas B. Sullivan
Isabella Salomão Nascimento

*Counsel for Non-Party Journalist James Vituscka*