# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Blake Lively, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Wayfarer Studios LLC, et al., <br><br> Defendant. | Civil Action Nos. 1:24-cv-10049; <br> 1:25-cv-00449 |

**RESPONSES AND OBJECTIONS TO THIRD-PARTY SUBPOENA TO JOURNALIST JAMES VITUSCKA**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Non-Party Journalist James Vituscka ("Vituscka") hereby serves his Responses and Objections to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena"), dated April 18, 2025, issued by Consolidated Defendants Leslie Sloane and Vision PR, Inc. (together, the "Sloane Parties"), in the above-captioned action (the "Action").

Vituscka's Responses and Objections are based on such information and documents presently known to him. Vituscka reserves the right to assert additional objections to the Subpoena as appropriate and to supplement, modify, or otherwise change or amend these Responses and Objections based on any additional information that may subsequently become known to him. Vituscka reserves the right to move to quash the Subpoena or to seek a protective order. The Responses and Objections do not serve to waive any further objections or assertions of privilege to any specific documents when or if such documents are identified.

**GENERAL OBJECTIONS**

Vituscka makes the following general objections to the Subpoena, including its Definitions and Instructions. The following General Objections apply to the Vituscka's specific

Responses and Objections, regardless of whether they are explicitly incorporated into the specific Responses and Objections:

1.  Vituscka objects to the Subpoena and each Request to the extent they impose obligations that are inconsistent with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, or any other applicable rules.

2.  Vituscka objects to the Subpoena and each Request to the extent they impose discovery burdens on him greater than those warranted by Vituscka's status as a non-party being subpoenaed pursuant to Federal Rule of Civil Procedure 45. In particular, Vituscka objects to the Subpoena and each Request because the Sloane Parties have not taken reasonable steps to avoid imposing an undue burden or expense on him, in violation of Rule 45.

3.  Vituscka objects to the Subpoena and each Request to the extent they fail to describe with reasonable particularity each item or category of items requested, as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure.

4.  Vituscka objects to the Subpoena and each Request to the extent they call for documents or information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the Action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the fact that the burden and expense of the requested discovery outweighs its likely benefit, in violation of Rule 26(b)(1) of the Federal Rules of Civil Procedure.

5.  Vituscka objects to the Subpoena and each Request to the extent they are vague, ambiguous, duplicative, cumulative, or are otherwise incomprehensible. Vituscka will respond upon a fair reading of the terms to the best of his understanding.

6. Vituscka objects to the Subpoena and each Request as overly broad, unduly burdensome, and/or calling for documents or information that is obtainable from some other source that is more convenient, less burdensome or less expensive, in violation of Rule 26(b)(2)(C). Specifically, Vituscka objects to the Subpoena and each Request to the extent they seek documents that are unreasonably cumulative or duplicative and available from a party to this matter or publicly available.

7. Vituscka objects to the Subpoena and each Request because they seek documents or information protected by the reporter's privilege as grounded in the First Amendment to the U.S. Constitution, the common law, Article 1, § 8 of the Constitution of the State of New York, and as codified in New York Civil Rights Law § 79-h. Inadvertent disclosure of any privileged or otherwise protected documents or information shall not constitute a waiver of any claim of privilege, protection, exemption, or immunity.

8. Vituscka objects to the Subpoena and each Request to the extent they seek documents or information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, exemption, or immunity. Inadvertent disclosure of any privileged or otherwise protected documents or information shall not constitute a waiver of any claim of privilege, protection, exemption, or immunity.

9. Vituscka objects to the Subpoena and each Request to the extent they seek information that is confidential or proprietary in nature, or which contains sensitive commercial information.

10. Vituscka objects to the Subpoena and each Request seeking "all" documents on the grounds that he cannot guarantee that he has located every single document responsive to a particular Request. Subject to the General Objections and any qualifications below, to the extent

that Vituscka agrees to produce any documents in response to the Requests, he will respond to any Request by producing responsive, non-privileged documents within his possession, custody and control that can be located after a reasonable search conducted in good faith.

11. Vituscka objects to the Subpoena and each Request that starts with the phrase "Documents sufficient to show" or "Documents sufficient to detail" because they are vague and ambiguous.

12. Any specific Response or Objection shall not be construed as a representation that responsive documents exist or existed, and any offer to produce documents responsive to any Request shall not be construed as a representation that Vituscka possess the documents or information called for.

## OBJECTIONS TO DEFINITIONS

1. Vituscka objects to the definitions of "Communication," "Concerning," and "Document" to the extent they impose obligations on him that are inconsistent with or greater than the Uniform Definitions in Discovery Requests of Local Civil Rule 26.3 of the Local Rules of the Southern District of New York. Vituscka construes these terms as they are defined in Local Civil Rule 26.3.

2. Vituscka objects to the definitions of "Agent" and "Employee" as overly broad and unduly burdensome to the extent they seek to compel Vituscka to produce documents that are not within his actual possession, custody, or control. Vituscka will interpret these terms consistent with his obligations under Rules 26 and 45 of the Federal Rules of Civil Procedure.

3. Vituscka objects to the Subpoena and each Request as overly broad and unduly burdensome to the extent it calls for documents or information from December 1, 2022 to present. A search of the Daily Mail website for "It Ends With Us" alone, limited to December

4

1, 2022, to present, returns over 2,200 publication hits. Vituscka will respond to the Requests using a reasonable time period, beginning August 7, 2024, through April 8, 2025, the date of the Subpoena.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1.**   All Documents and Communications Concerning the Sloane Parties, including but not limited to any telephone, video, or voice recordings of the Sloane Parties.

**RESPONSE NO. 1:**  With respect to Request No. 1, Vituscka incorporates his General Objections and Objections to Definitions, listed above. Vituscka specifically objects to this Request because it seeks materials protected from compelled disclosure by the reporter's privileges, as recognized under the First Amendment to the U.S. Constitution, the common law, Article 1, § 8 of the New York Constitution, and New York Civil Rights Law § 79-h. Vituscka further objects to this Request because it seeks to compel production of documents and communications outside of his possession, custody, or control. Vituscka further objects to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, exemption, or immunity. Vituscka further objects to this Request as overly broad, unduly burdensome, cumulative, duplicative, and seeking documents and communications that are irrelevant, available from other sources, including parties to this matter or which are publicly available, and not proportional to the needs of the case.

Subject to and without waiving the foregoing General and Specific Objections, including but not limited to not waiving the reporter's privilege or any other applicable privilege, Vituscka does not have any telephone, video, or voice recordings of the Sloane Parties. Vituscka otherwise will not be producing documents responsive to this Request.

**REQUEST NO. 2.**   All Documents and Communications Concerning the Film.

**RESPONSE NO. 2:** With respect to Request No. 2, Vituscka incorporates his General Objections and Objections to Definitions, listed above. Vituscka specifically objects to this Request because it seeks materials protected from compelled disclosure by the reporter's privileges, as recognized under the First Amendment to the U.S. Constitution, the common law, Article 1, § 8 of the New York Constitution, and New York Civil Rights Law § 79-h. Vituscka further objects to this Request because it seeks to compel production of documents and communications outside of his possession, custody, or control. Vituscka further objects to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, exemption, or immunity. Vituscka further objects to this Request as overly broad, unduly burdensome, cumulative, duplicative, and seeking documents and communications that are irrelevant, available from other sources, including parties to this matter or which are publicly available, and not proportional to the needs of the case. Vituscka further objects to this Request as overly broad and unduly burdensome because a search of the Daily Mail website for "It Ends With Us" alone, from December 1, 2022, to present, returns over 2,200 hits.

Subject to and without waiving the foregoing General and Specific Objections, Vituscka will not be producing documents responsive to this Request.

**REQUEST NO. 3.**   Documents sufficient to show the location where You made any telephone, video, or voice recordings of the Sloane Parties.

**RESPONSE NO. 3:** With respect to Request No. 3, Vituscka incorporates his General Objections and Objections to Definitions, listed above. Vituscka specifically objects to this Request because it seeks materials protected from compelled disclosure by the reporter's privileges, as recognized under the First Amendment to the U.S. Constitution, the common law, Article 1, § 8 of the New York Constitution, and New York Civil Rights Law § 79-h. Vituscka

further objects to this Request because it seeks to compel production of documents and communications outside of his possession, custody, or control. Vituscka further objects to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, exemption, or immunity. Vituscka further objects to this Request as overly broad, unduly burdensome, cumulative, duplicative, and seeking documents and communications that are irrelevant, available from other sources, including parties to this matter or which are publicly available, and not proportional to the needs of the case.

Subject to and without waiving the foregoing General and Specific Objections, including but not limited to not waiving the reporter's privilege or any other applicable privilege, because Vituscka does not have any telephone, video, or voice recordings of the Sloane Parties, he does not have documents or information responsive to this Request in his possession, custody, or control.

**REQUEST NO. 4.**   Documents sufficient to identify all persons who were party to any telephone, video, or voice recordings of the Sloane Parties that You made.

**RESPONSE NO. 4:**   With respect to Request No. 4, Vituscka incorporates his General Objections and Objections to Definitions, listed above. Vituscka specifically objects to this Request because it seeks materials protected from compelled disclosure by the reporter's privileges, as recognized under the First Amendment to the U.S. Constitution, the common law, Article 1, § 8 of the New York Constitution, and New York Civil Rights Law § 79-h. Vituscka further objects to this Request because it seeks to compel production of documents and communications outside of his possession, custody, or control. Vituscka further objects to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, exemption,

7

or immunity. Vituscka further objects to this Request as overly broad, unduly burdensome, cumulative, duplicative, and seeking documents and communications that are irrelevant, available from other sources, including parties to this matter or which are publicly available, and not proportional to the needs of the case.

Subject to and without waiving the foregoing General and Specific Objections, including but not limited to not waiving the reporter's privilege or any other applicable privilege, because Vituscka does not have any telephone, video, or voice recordings of the Sloane Parties, he does not have documents or information responsive to this Request in his possession, custody, or control.

**REQUEST NO. 5.**    All Communications with Melissa Nathan, including but not limited to the full Communication that is excerpted at paragraph 193 in the Amended Complaint.

**RESPONSE NO. 5:** With respect to Request No. 5, Vituscka incorporates his General Objections and Objections to Definitions, listed above. Vituscka specifically objects to this Request because it seeks materials protected from compelled disclosure by the reporter's privileges, as recognized under the First Amendment to the U.S. Constitution, the common law, Article 1, § 8 of the New York Constitution, and New York Civil Rights Law § 79-h. Vituscka further objects to this Request because it seeks to compel production of documents and communications outside of his possession, custody, or control. Vituscka further objects to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, exemption, or immunity. Vituscka further objects to this Request as overly broad, unduly burdensome, cumulative, duplicative, and seeking documents and communications that are irrelevant, available from other sources, including parties to this matter or which are publicly available, and not proportional to the needs of the case.

Subject to and without waiving the foregoing General and Specific Objections, Vituscka will not be producing documents responsive to this Request.

**REQUEST NO. 6.**   All Documents and Communications Concerning your statement, "she's saying that Blake was sexually assaulted," as set forth in paragraph 193 in the Amended Complaint.

**RESPONSE NO. 6:** With respect to Request No. 6, Vituscka incorporates his General Objections and Objections to Definitions, listed above. Vituscka specifically objects to this Request because it seeks materials protected from compelled disclosure by the reporter's privileges, as recognized under the First Amendment to the U.S. Constitution, the common law, Article 1, § 8 of the New York Constitution, and New York Civil Rights Law § 79-h. Vituscka further objects to this Request because it seeks to compel production of documents and communications outside of his possession, custody, or control. Vituscka further objects to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, exemption, or immunity. Vituscka further objects to this Request as overly broad, unduly burdensome, cumulative, duplicative, and seeking documents and communications that are irrelevant, available from other sources, including parties to this matter or which are publicly available, and not proportional to the needs of the case.

Subject to and without waiving the foregoing General and Specific Objections, Vituscka will not be producing documents responsive to this Request.

**REQUEST NO. 7.**   All Communications with any of the Wayfarer Parties Concerning the Film, the Lively-Reynolds Parties, the Sloane Parties, Baldoni, the allegations in the Above-captioned matter, and/or any press stories or social media related to the same.

**RESPONSE NO. 7:** With respect to Request No. 7, Vituscka incorporates his General Objections and Objections to Definitions, listed above. Vituscka specifically objects to this Request because it seeks materials protected from compelled disclosure by the reporter's

9

privileges, as recognized under the First Amendment to the U.S. Constitution, the common law, Article 1, § 8 of the New York Constitution, and New York Civil Rights Law § 79-h. Vituscka further objects to this Request because it seeks to compel production of documents and communications outside of his possession, custody, or control. Vituscka further objects to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, exemption, or immunity. Vituscka further objects to this Request as overly broad, unduly burdensome, cumulative, duplicative, and seeking documents and communications that are irrelevant, available from other sources, including parties to this matter or which are publicly available, and not proportional to the needs of the case. Vituscka further objects to this Request as unduly burdensome because a search of the Daily Mail website for "It Ends With Us" alone, from December 1, 2022, to present, returns over 2,200 hits.

Subject to and without waiving the foregoing General and Specific Objections, Vituscka will not be producing documents responsive to this Request.

**REQUEST NO. 8.**  All Documents and Communications Concerning the Wayfarer Parties' solicitation of You to publish negative material about the Lively-Reynolds Parties, whether paid or unpaid.

**RESPONSE NO. 8:**  With respect to Request No. 8, Vituscka incorporates his General Objections and Objections to Definitions, listed above. Vituscka specifically objects to this Request because it seeks materials protected from compelled disclosure by the reporter's privileges, as recognized under the First Amendment to the U.S. Constitution, the common law, Article 1, § 8 of the New York Constitution, and New York Civil Rights Law § 79-h. Vituscka further objects to this Request because it seeks to compel production of documents and communications outside of the his possession, custody, or control. Vituscka further objects to this Request to the extent it seeks documents and communications protected by the attorney-

10

client privilege, the work product doctrine, or any other applicable privilege, protection, exemption, or immunity. Vituscka further objects to this Request as overly broad, unduly burdensome, cumulative, duplicative, and seeking documents and communications that are irrelevant, available from other sources, including parties to this matter or which are publicly available, and not proportional to the needs of the case. Vituscka further objects to this Request because the term "negative material" is vague and ambiguous.

Subject to and without waiving the foregoing General and Specific Objections, including but not limited to not waiving the reporter's privilege or any other applicable privilege, because there was no solicitation to publish negative material about the Lively-Reynolds Parties, whether formal or informal, paid or unpaid, Vituscka does not have documents or information responsive to this Request in his possession, custody, or control.

**REQUEST NO. 9.**   All Documents and Communications with any of the Wayfarer Parties reflecting any formal or informal agreement to publish negative material about the Lively-Reynolds Parties and/or the Sloane Parties.

**RESPONSE NO. 9**:  With respect to Request No. 9, Vituscka incorporates his General Objections and Objections to Definitions, listed above. Vituscka specifically objects to this Request because it seeks materials protected from compelled disclosure by the reporter's privileges, as recognized under the First Amendment to the U.S. Constitution, the common law, Article 1, § 8 of the New York Constitution, and New York Civil Rights Law § 79-h. Vituscka further objects to this Request because it seeks to compel production of documents and communications outside of his possession, custody, or control. Vituscka further objects to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, exemption, or immunity. Vituscka further objects to this Request as overly broad, unduly burdensome, cumulative, duplicative, and seeking documents and communications that are irrelevant,

11

available from other sources, including parties to this matter or which are publicly available, and not proportional to the needs of the case. Vituscka further objects to this Request because the term "negative material" is vague and ambiguous.

Subject to and without waiving the foregoing General and Specific Objections, including but not limited to not waiving the reporter's privilege or any other applicable privilege, because there was no agreement to publish negative material about the Lively-Reynolds or Sloane Parties, whether formal or informal, paid or unpaid, Vituscka does not have documents or information responsive to this Request in his possession, custody, or control.

**REQUEST NO. 10.** All Documents and Communications Concerning the Wayfarer Parties' provision to You of any information or material related to the Lively-Reynolds Parties.

**RESPONSE NO. 10:** With respect to Request No. 10, Vituscka incorporates his General Objections and Objections to Definitions, listed above. Vituscka specifically objects to this Request because it seeks materials protected from compelled disclosure by the reporter's privileges, as recognized under the First Amendment to the U.S. Constitution, the common law, Article 1, § 8 of the New York Constitution, and New York Civil Rights Law § 79-h. Vituscka further objects to this Request because it seeks to compel production of documents and communications outside of the his possession, custody, or control. Vituscka further objects to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, exemption, or immunity. Vituscka further objects to this Request as overly broad, unduly burdensome, cumulative, duplicative, and seeking documents and communications that are irrelevant, available from other sources, including parties to this matter or which are publicly available, and not proportional to the needs of the case.

Subject to and without waiving the foregoing General and Specific Objections, Vituscka will not be producing documents responsive to this Request.

**REQUEST NO. 11.** All Documents and Communications Concerning efforts to harm the Lively-Reynolds Parties and to damage their public image.

**RESPONSE NO. 11:** With respect to Request No. 11, Vituscka incorporates his General Objections and Objections to Definitions, listed above. Vituscka specifically objects to this Request because it seeks materials protected from compelled disclosure by the reporter's privileges, as recognized under the First Amendment to the U.S. Constitution, the common law, Article 1, § 8 of the New York Constitution, and New York Civil Rights Law § 79-h. Vituscka further objects to this Request because it seeks to compel production of documents and communications outside of his possession, custody, or control. Vituscka further objects to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, exemption, or immunity. Vituscka further objects to this Request as overly broad, unduly burdensome, cumulative, duplicative, and seeking documents and communications that are irrelevant, available from other sources, including parties to this matter or which are publicly available, and not proportional to the needs of the case. Vituscka further objects to this Request because the terms "efforts to harm," "damage," and "public image" are vague and ambiguous.

Subject to and without waiving the foregoing General and Specific Objections, Vituscka will not be producing documents responsive to this Request.

**REQUEST NO. 12.** All Documents and Communications Concerning efforts to harm the Sloane Parties and to damage their public image.

**RESPONSE NO. 12:** With respect to Request No. 12, Vituscka incorporates his General Objections and Objections to Definitions, listed above. Vituscka specifically objects to this Request because it seeks materials protected from compelled disclosure by the reporter's

13

privileges, as recognized under the First Amendment to the U.S. Constitution, the common law, Article 1, § 8 of the New York Constitution, and New York Civil Rights Law § 79-h. Vituscka further objects to this Request because it seeks to compel production of documents and communications outside of his possession, custody, or control. Vituscka further objects to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, exemption, or immunity. Vituscka further objects to this Request as overly broad, unduly burdensome, cumulative, duplicative, and seeking documents and communications that are irrelevant, available from other sources, including parties to this matter or which are publicly available, and not proportional to the needs of the case. Vituscka further objects to this Request because the terms "efforts to harm," "damage," and "public image" are vague and ambiguous.

Subject to and without waiving the foregoing General and Specific Objections, Vituscka will not be producing documents responsive to this Request.

**REQUEST NO. 13.** All Documents and Communications Concerning the Wayfarer Parties' efforts to gather or convey information or material about the Lively-Reynolds Parties and/or the Sloane Parties.

**RESPONSE NO. 13:** With respect to Request No. 13, Vituscka incorporates his General Objections and Objections to Definitions, listed above. Vituscka specifically objects to this Request because it seeks materials protected from compelled disclosure by the reporter's privileges, as recognized under the First Amendment to the U.S. Constitution, the common law, Article 1, § 8 of the New York Constitution, and New York Civil Rights Law § 79-h. Vituscka further objects to this Request because it seeks to compel production of documents and communications outside of his possession, custody, or control. Vituscka further objects to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, exemption,

14

or immunity. Vituscka further objects to this Request as overly broad, unduly burdensome, cumulative, duplicative, and seeking documents and communications that are irrelevant, available from other sources, including parties to this matter or which are publicly available, and not proportional to the needs of the case.

Subject to and without waiving the foregoing General and Specific Objections, Vituscka will not be producing documents responsive to this Request.

**REQUEST NO. 14.** All Documents and Communications Concerning the Wayfarer Parties' efforts to seed, influence, manipulate, boost, amplify, or engage with social media algorithms, narrative or virality, as well as the use of bots or inauthentic accounts.

**RESPONSE NO. 14:** With respect to Request No. 14, Vituscka incorporates his General Objections and Objections to Definitions, listed above. Vituscka specifically objects to this Request because it seeks materials protected from compelled disclosure by the reporter's privileges, as recognized under the First Amendment to the U.S. Constitution, the common law, Article 1, § 8 of the New York Constitution, and New York Civil Rights Law § 79-h. Vituscka further objects to this Request because it seeks to compel production of documents and communications outside of his possession, custody, or control. Vituscka further objects to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, exemption, or immunity. Vituscka further objects to this Request as overly broad, unduly burdensome, cumulative, duplicative, and seeking documents and communications that are irrelevant, available from other sources, including parties to this matter or which are publicly available, and not proportional to the needs of the case. Vituscka further objects to this Request because the terms "seed," "influence," "manipulate," "boost," "amplify," "engage," and "social media algorithms, narrative or virality" are vague and ambiguous.

Subject to and without waiving the foregoing General and Specific Objections, Vituscka will not be producing documents responsive to this Request.

**REQUEST NO. 15.** All Documents and records of any kind reflecting payments or exchange of value from the Wayfarer Parties to You for services of any kind related to the Lively-Reynolds Parties and/or Sloane Parties.

**RESPONSE NO. 15:** With respect to Request No. 15, Vituscka incorporates his General Objections and Objections to Definitions, listed above. Vituscka specifically objects to this Request because it seeks materials protected from compelled disclosure by the reporter's privileges, as recognized under the First Amendment to the U.S. Constitution, the common law, Article 1, § 8 of the New York Constitution, and New York Civil Rights Law § 79-h. Vituscka further objects to this Request because it seeks to compel production of documents and communications outside of his possession, custody, or control. Vituscka further objects to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, exemption, or immunity. Vituscka further objects to this Request as overly broad, unduly burdensome, cumulative, duplicative, and seeking documents and communications that are irrelevant, available from other sources, including parties to this matter or which are publicly available, and not proportional to the needs of the case. Vituscka further objects to this Request because the terms "exchange of value" and "services" are vague and ambiguous.

Subject to and without waiving the foregoing General and Specific Objections, including but not limited to not waiving the reporter's privilege or any other applicable privilege, because there was no payment or exchange of value of anything from the Wayfarer Parties to Vituscka for services of any kind related to the Lively-Reynolds or Sloane Parties, Vituscka does not have documents or information responsive to this Request in his possession, custody, or control.

16

Dated: May 8, 2025

BALLARD SPAHR LLP

By: *s/ Lynn Oberlander*
Lynn Oberlander
Thomas B. Sullivan
Isabella Salomão Nascimento
1675 Broadway, 19th Floor
New York, NY 10019
Tel: (646) 346-8011
Fax: (212) 223-1942
oberlanderl@ballardspahr.com
sullivant@ballardspahr.com
salomaonascimentoi@ballardspahr.com

*Counsel for Non-Party Journalist James Vituscka*

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2025, I caused a true and correct copy of the foregoing Responses and Objections to Third-Party Subpoena to Journalist James Vituscka to be served by email and U.S. mail upon:

Lindsey Ruff
Boies Schiller Flexner LLP
55 Hudson Yards,
New York, NY 10001
lruff@bsfllp.com

*Attorneys for Defendants Leslie Sloan and Vision PR, Inc.*

Dated: May 8, 2025  /s/ *Lynn Oberlander*
Lynn Oberlander