**LINER FREEDMAN TAITELMAN + COOLEY, LLP**
ATTORNEYS AT LAW

1801 CENTURY PARK WEST, 5TH FLOOR
LOS ANGELES, CALIFORNIA  90067-6007
TEL: (310) 201-0005
FAX: (310) 201-0045
E-MAIL:  bfreedman@lftcllp.com

BRYAN J. FREEDMAN

May 29, 2025

*Via ECF*
Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

**Re:** *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL;
rel. *Wayfarer Studios LLC et al. v. Lively et al.*, No. 1:25-cv-00449-LJL

Dear Judge Liman:

Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, and Jennifer Abel (collectively, the "Wayfarer Parties") submit this opposition to the letter motion (Dkt. 242, the "Motion") of non-parties Equal Rights Advocates, the California Employment Lawyers Association, and the California Women's Law Center (collectively, the "Organizations") for leave to file a brief as *amicus curiae* in support of Blake Lively's Motion to Dismiss the Amended Complaint, which was fully briefed months ago.[1] As described below, the Court should deny the Organizations' motion for leave to file an untimely, partisan *amicus* brief that merely serves as a vehicle to renew Blake Lively's ("Lively") public attacks against the Wayfarer Parties, repeat arguments previously made by Lively, and raise issues that are irrelevant to the pending Motion to Dismiss. While the Wayfarer Parties respect the three organizations seeking *amici* status, their brief fails to aid the Court in its task at the pleading stage. If for any reason the Court grants the Organizations leave to file a brief, the Wayfarer Parties should be permitted to file a responsive brief.

As an initial matter, the Organizations filed their belated Motion, "with Lively's consent," almost *two months* after Lively's Motion to Dismiss had been fully briefed, enabling Lively to resume unwarranted attacks on the Wayfarer Parties with inflammatory comments to the press. The Motion serves more as a publicity stunt for Lively than a useful aid for the Court at the pleading stage.

---

[1] Section 1(C) of Your Honor's Individual Practices in Civil Cases does not include motions for leave to file an *amicus* brief as a motion-type permissible by letter motion. Nonetheless, out of an abundance of caution, the Wayfarer Parties respond in kind and within the two-day window for opposition.

Hon. Lewis J. Liman
May 29, 2025
Page 2

Regardless, the Motion should be denied because neither it nor the proposed brief satisfies the limited conditions under which a district court may consider an *amicus* brief. "The circumstances under which an *amicus* brief is considered to be an aid to the court are limited: 'An *amicus* brief should normally be allowed when a party is not represented competently or is not represented at all, when the *amicus* has an interest in some other case that may be affected by the decision in the present case . . . or when the *amicus* has unique information or perspective.'" *Soos v. Cuomo*, 470 F. Supp. 3d 268, 284 (N.D.N.Y. 2020). Where these circumstances do not exist, "leave to file an *amicus* brief should be denied," especially where "[t]he competence and skill of [a party's] counsel obviates the need for additional input." *Id.* at 284-85; *see also Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, No. 12 CIV. 7935 ALC, 2014 WL 265784, at *2 (S.D.N.Y. Jan. 23, 2014) (denying leave to file an *amicus* brief because it "would not serve the limited purposes for which an *amicus curiae* might be useful."). "There is no inherent right to file an *amicus curiae* brief with the Court . . . particularly where the applicant's only concern is the manner in which this Court will interpret the law." *Long v. Coast Resorts, Inc.*, 49 F. Supp. 2d 1177, 1178 (D. Nev. 1999).

The Organizations do not assert that Lively's counsel is incompetent, nor do they identify any "other case" that may be affected by this Court's decision on Lively's Motion to Dismiss. Rather, the Organizations rely on their "unique perspective" as "drafters" and "champions" of California Assembly Bill 933, which is another way of saying that the Organizations attempt to provide disguised, premature, and inappropriate expert testimony at the pleading stage. As observed by the Seventh Circuit, "[t]he vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. Such amicus briefs should not be allowed. They are an abuse." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) ("An *amicus* is to be a friend of the Court, not a friend of a party."); *see also S.E.C. v. Bear, Stearns & Co. Inc.*, No. 03 CIV.2937 WHP, 2003 WL 22000340, at *6 (S.D.N.Y. Aug. 25, 2003) (citing *United States v. Gotti*, 755 F. Supp. 1157, 1159 (E.D.N.Y. 1991) (an *amicus* should present its position "as an objective, neutral, dispassionate 'friend of the court.'")); *Long Island Soundkeeper Fund, Inc. v. New York Athletic Club of City of New York*, No. 94 CIV. 0436 (RPP), 1995 WL 358777, at *1 (S.D.N.Y. June 14, 1995) (denying application for *amicus* status where movant "appear[ed] to have its own particular interests in the outcome of the litigation[.]"); *United States v. State of Mich.*, 940 F.2d 143, 165 (6th Cir. 1991) (purpose of *amici* is "not to provide a highly partisan account of the facts, but rather to aid the court in resolving doubtful issues of law[.]").

While the Wayfarer Parties respect the work of the Organizations, they are *not* neutral "friends of the court," but rather advocates of specific policy interests that align not only with Lively's defensive posture, but also her affirmative claims against the Wayfarer Parties. *See Jones v. Becerra*, No. 3:19-CV-01226-L-AHG, 2020 WL 8920621, at *1 (S.D. Cal. Jan. 14, 2020) (denying leave to partisan advocacy group to file *amicus* brief because "its usefulness is diminished at the trial level due to its obvious partisanship").

In addition, the proposed brief raises issues that were not presented by Lively. *See UPS, Inc. v. Mitchell*, 451 U.S. 56, 61 (1981) (declining to consider argument raised only by *amicus* and not by parties); *Olmsted v. Pruco Ins. Co.*, 281, F.3d 429, 436 (2d Cir. 2002) (court refused to consider issue on appeal raised only by *amicus*); *Universal City Studios, Inc. v. Corley*, 272 F.3d

429, 446 (2d Cir. 2001) (same principle). The proposed brief focuses on the need to avoid abuses of discovery in sexual harassment cases, which is an issue that was not raised by Lively—who did not move for a stay of discovery—and, in any event, is not applicable to this dispute given Lively's pending affirmative claims. Discovery is well underway, and these arguments are inapposite.

Finally, the proposed brief violates the timing guidelines used by district courts for such briefs. While the Federal Rules of Civil Procedure do not address the submission of *amicus* briefs, district courts have looked for guidance to Rule 29 of the Federal Rules of Appellate Procedure, which provides that an *amicus* brief and motion for leave must be filed "no later than 7 days after the principal brief of the party being supported is filed." Fed. R. App. P. 29(a)(6); *see also Gotti*, 755 F. Supp. at 1158 (applying Federal Rules of Appellate Procedure). The Organizations filed their proposed brief more than *two months* after Lively filed her Motion to Dismiss—well beyond the window outlined in the Federal Rules of Appellate Procedure. As the Wayfarer Parties would need time to respond to the proposed brief, a decision on Lively's Motion to Dismiss would be further delayed by its inclusion, weighing against granting leave. *See Andersen v. Leavitt*, No. 03-CV-6115 DRHARL, 2007 WL 2343672, at *2 (E.D.N.Y. Aug. 13, 2007) ("Since parties should have their 'dispute resolved without any unnecessary delay,' . . . where the filing of an *amicus curiae* brief would cause such a delay, it should not be accepted.").

For the foregoing reasons, and with all due respect to the prospective *amici*, the Court should deny their Motion.

Respectfully submitted,

LINER FREEDMAN TAITELMAN + COOLEY, LLP

*/s/ Bryan J. Freedman*
Bryan J. Freedman (*pro hac vice*)
Ellyn S. Garofalo (*pro hac vice* application pending)
Miles M. Cooley (*pro hac vice*)
Theresa M Troupson (*pro hac vice*)
Summer Benson (*pro hac vice*)
Jason Sunshine
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
egarofalo@lftcllp.com
mcooley@lftcllp.com
ttroupson@lftcllp.com
sbenson@lftcllp.com
jsunshine@lftcllp.com

Hon. Lewis J. Liman
May 29, 2025
Page 4

                MEISTER SEELIG & FEIN PLLC
                Mitchell Schuster
                Kevin Fritz
                125 Park Avenue, 7th Floor
                New York, NY 10017
                Tel: (212) 655-3500
                Email: ms@msf-law.com
                          kaf@msf-law.com

cc: all counsel of record (via ECF)