

Kevin Fritz<br>
*Partner*<br>
Direct (212) 655-3570<br>
Fax (212) 655-3535<br>
kaf@msf-law.com

Via ECF
Hon. Lewis J. Liman                                June 2, 2025
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

Re:   *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL;
      rel. *Wayfarer Studios LLC et al. v. Lively et al.*, No. 1:25-cv-00449-LJL

Dear Judge Liman:

As counsel for Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel (collectively, the "Wayfarer Parties"), we write in accordance with Rules 1.C and 4.C of Your Honor's Individual Practices to request an order compelling Blake Lively to identify her medical and mental health care providers, to produce her mental health records, and to deliver to the Wayfarer Parties the necessary, duly executed HIPAA authorizations permitting them to obtain Ms. Lively's medical and mental health care records from her providers (the "Motion"), which are responsive to certain Requests for Production (the "Medical RFPs").[1]

The health-related information is highly relevant to Ms. Lively's Tenth Cause of Action for intentional infliction of emotional distress and her Eleventh Cause of Action for negligent infliction of emotional distress (collectively, the "IED Claims"). Instead of complying with the Medical RFPs, Ms. Lively's counsel recently advised us, in writing, that ***Ms. Lively is withdrawing her IED Claims***. However, Ms. Lively has refused the Wayfarer Parties' reasonable request that the withdrawal of such claims be *with prejudice*. She is only willing to withdraw her claims without prejudice. In other words, Ms. Lively wants to simultaneously: (a) refuse to disclose the information and documents needed to disprove that she suffered any emotional distress and/or that the Wayfarer Parties were the cause; *and* (b) maintain the right to re-file her IED Claims at an unknown time in this or some other court after the discovery window has closed.

Ms. Lively cannot have it both ways. If Ms. Lively wants to withdraw her frivolous IED Claims, the Wayfarer Parties are entitled to a dismissal *with prejudice* to ensure they will not be re-filed. If Ms. Lively is unwilling to stipulate to the dismissal of her IED Claims with prejudice, then the

---

[1] Specifically, the Medical RFPs are Requests Nos. 134-136 in the Wayfarer Parties' Second Set of Requests for Production. A true and correct copy of Ms. Lively's Responses and Objections to the Second Set of Requests for Production is attached hereto as **Exhibit A**. A true and correct copy of Ms. Lively's Amended Responses and Objections to the Second Set of Requests for Production is attached hereto as **Exhibit B**. Because these Responses and Objections were designated Confidential, this exhibit will be submitted under seal.

Wayfarer Parties will continue to defend against them, and she must produce her medical information and documents as set forth herein.

## Relevant Background

In her Amended Complaint, Ms. Lively claims that the Wayfarer Parties' alleged misconduct "severely impacted [her] physical, psychological, and emotional well-being…." (Dkt. 84, ¶ 361). Moreover, Ms. Lively repeatedly alleges that she "has suffered, and continues to suffer, substantial damages including, but not limited to, severe emotional distress and pain, humiliation, embarrassment, belittlement, frustration, and mental anguish…." (*Id.* ¶¶ 364, 373, 392, 399, 406). In addition to her claims for sexual harassment and retaliation, Ms. Lively's Amended Complaint asserts claims for intentional infliction of emotional distress and for negligent infliction of emotional distress. (*Id.* ¶¶ 434- 446). These are not merely "garden variety" claims for emotional distress. *See Sidor v. Reno*, No. 95-cv-9588, 1998 WL 164823, at *2 (S.D.N.Y. Apr. 7, 1998).

## Blake Lively's Refusal to Disclose Her Medical and Mental Health Information and Documents

Given the IED claims, the Wayfarer Parties served Ms. Lively with the Medical RFPs, which seek standard healthcare-related information from Ms. Lively that is routinely exchanged in cases involving claims for physical and emotional injuries. Specifically, the Medical RFPs seek: (1) the names and addresses of the medical and mental health care providers that treated and/or examined Ms. Lively for her alleged emotional distress;[2] (2) all reports and/or treatment notes of those physicians and health and mental care providers who have treated and/or examined Ms. Lively for her alleged emotional distress; and (3) complete and duly executed HIPAA forms authorizing her medical and mental health care providers to release her records to the Wayfarer Parties for purposes of this litigation. However, Ms. Lively objected and refused to disclose the medical information and documents, which are highly relevant to her IED Claims.

By alleging that she suffered physical and emotional injuries, Ms. Lively has placed her physical and mental condition at issue and, in turn, must produce relevant information and documents. *See Yutong Jin v. Choi*, No. 20-cv-09129, 2021 WL 738843, at *4 (S.D.N.Y. Feb. 24, 2021) (directing plaintiff to provide HIPAA authorizations for her medical and psychiatric records where she asserted claims for intentional and negligent infliction of emotional distress); *Haber v. ASN 50th St., LLC*, 272 F.R.D. 377, 379 (S.D.N.Y. 2011) (granting motion to compel plaintiff to identify each of his mental health care providers and to supply defendants with fully-executed HIPAA-compliant forms). In other words, Ms. Lively has **waived any doctor-patient privilege**. *See In re Consolidated RNC Cases,* 2009 WL 130178, at *7 (S.D.N.Y. Jan. 8, 2009) (plaintiffs waived psychotherapist-patient privilege by asserting intentional infliction of emotional distress and negligent infliction of emotional claims and alleging they suffered "psychological" injuries); *Green v. St. Vincent's Med. Ctr.*, 252 F.R.D. 125, 129 (D. Conn. 2008) (granting motion to compel plaintiff to produce medical and psychiatric records where plaintiff waived psychotherapist-patient privilege by asserting claims for both negligent and intentional infliction of emotional distress); *Taylor v. City of New York*, No. 19-cv-6754, 2020 WL 6559412, at *6 (S.D.N.Y. Nov. 9, 2020) (noting that "Plaintiff has waived privilege by affirmatively asserting claims for physical and emotional damage").

---

[2] Ms. Lively's Initial Disclosures do not identify any medical or mental health care providers.

"In any lawsuit where the plaintiff is alleging physical and emotional injuries, it is standard procedure for the judge to direct the plaintiff to sign a "'HIPPA-compliant authorization for the release of his complete medical, pharmacy, psychiatric or psychological treatment or counseling records.'" *Bowen v. Federal Exp. Corp.*, No. 05-cv-7487, 2007 WL 646293, at *3 (S.D.N.Y. Feb. 28, 2007) (quoting *Smith v. Franklin Hospital Medical Center,* No. 04-cv-3555, 2005 WL 2219294, *1 (E.D.N.Y. Sept. 13, 2005)).

On May 28, 2025, we met and conferred via telephone with Ms. Lively's counsel about her objections to the Medical RFPs, cited some of the legal authorities supporting our position, and requested that counsel reconsider its objections to disclosure.

### **Blake Lively's Refusal to Stipulate to Partial Dismissal With Prejudice**

Thereafter, Ms. Lively's counsel notified us that given her obligation to provide the Wayfarer Parties with her medical information and records in support of her IED Claims, Ms. Lively is electing to withdraw her IED Claims. In other words, rather than substantiating her IED Claims, Ms. Lively is abandoning them. Pursuant to Rule 41(a)(1)(ii), we requested that Ms. Lively's counsel (and counsel for all other parties) sign a Stipulation of Partial Dismissal that dismissed those claims (but no others) *with prejudice*. Ms. Lively's counsel has refused to sign the Stipulation and file it with the Court.

Instead, Ms. Lively's counsel edited the proposed Stipulation to weaken it, so that the dismissal of her IED Claims would be *without prejudice*. A true copy of an email from Ms. Lively's counsel, which encloses her redlines to the Wayfarer Parties' proposed Stipulation of Partial Dismissal, is attached as **Exhibit C**. Although we are amenable to Ms. Lively's offer to withdraw her meritless IED Claims, the Wayfarer Parties cannot agree to any withdrawal that enables Ms. Lively to re-file them. After spending much of Friday and even Saturday attempting to further meet and confer via email,[3] and providing supporting authority only to receive an insufficient revised Stipulation in return, we have made a good faith determination that continued efforts will not be fruitful and respectfully seek the intervention of this Court.  If Ms. Lively wants to pursue her IED Claims against the Wayfarer Parties, she must do so here and now and provide them with the requisite medical information and documents.

We respectfully request that the Court grant the Motion and direct Ms. Lively to: (1) disclose the names and addresses of the medical and mental health care providers that treated and/or examined her for alleged emotional distress; (2) produce all reports and/or treatment notes of those physicians and health and mental care providers who have treated and/or examined her for alleged emotional distress; and (3) delivery duly executed HIPAA forms for her medical and psychiatric records for the last four years. *See Taylor*, 2020 WL 6559412 (granting motion to compel identification of medical providers that rendered treatment to plaintiff in last ten years and to provide HIPAA releases for the disclosure of her medical and psychological treatment records).

---

[3] Our continued efforts to meet and confer were prompted in part by Ms. Lively's initial improper designation of her intent to withdraw her claims as "confidential," which, pursuant to the Protective Order, requires a *prompt* meet and confer to address disagreements. This designation appeared intended to obstruct our legitimate right to seek relief from the Court and, in any event, was withdrawn in a subsequent communication not marked as "confidential" and which is attached to this Motion.

Respectfully submitted,

*/s/ Kevin Fritz*
MEISTER SEELIG & FEIN PLLC
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
      kaf@msf-law.com

LINER FREEDMAN TAITELMAN + COOLEY, LLP
Bryan J. Freedman (*pro hac vice*)
Ellyn S. Garofalo (*pro hac vice*)
Miles M. Cooley (*pro hac vice*)
Theresa M Troupson (*pro hac vice*)
Summer Benson (*pro hac vice*)
Jason Sunshine
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
      egarofalo@lftcllp.com
      mcooley@lftcllp.com
      ttroupson@lftcllp.com
      sbenson@lftcllp.com
      jsunshine@lftcllp.com

Mitra Ahouraian (*pro hac vice*)
2029 Century Park East
4th Floor
Los Angeles, CA 90067
(310) 376-7878
Email: mitra@ahouraianlaw.com

cc: all counsel of record (via ECF)