1875 K Street, N.W.
Washington, DC 20006-1238

# WILLKIE FARR & GALLAGHER LLP

Tel: 202 303 1000
Fax: 202 303 2000

The motion to compel at Dkt. Nos. 261 and 262 is denied based on Plaintiff's representation that the relevant claims will be withdrawn.  Lively's request that "because the parties have agreed to dismiss Ms. Lively's tenth and eleventh causes of action . . . the Court exercise its inherent authority and authority under Rule 15 to dismiss them without prejudice" is denied without prejudice to renewal.  The parties shall stipulate to whether the dismissal is with or without prejudice, or Lively shall renew her request by formal motion.  For avoidance of doubt, if the claims are not dismissed, the Court will preclude Lively from offering any evidence of emotional distress.

June 2, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

Date: 6/3/25

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

Re:    *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL ("Lively Case"); *Wayfarer Studios LLC et al. v. Lively et al.*, No. 1:25-cv-00449-LJL ("Wayfarer Case") (together, "Consolidated Cases")

Dear Judge Liman,

On behalf of our client, Blake Lively, we respectfully oppose the motion to compel and related filings by the Wayfarer Parties earlier today.[1] *See* Dkt. No. 260-61 (the "Motion"). Given that the Motion is a false and plainly improper public relations stunt, Ms. Lively further requests that the Court deny and strike the Motion pursuant to its "inherent power to control" material on its docket that is "abusive or otherwise improper under the circumstances." *See Outlaw v. City of New York*, No. 22-cv-9288 (PAE), 2024 WL 4825955, at *3 (S.D.N.Y. Nov. 19, 2024) (citation omitted).  Ms. Lively respectfully submits that the Court may wish to consider sanctions for the continued abuse of this Court's docket.

The Motion was filed for a single audience: the media. There is nothing for this Court to compel. As the Wayfarer Parties make abundantly clear in their Motion, Ms. Lively voluntarily agreed to withdraw her infliction of emotional distress claims on Friday, May 30. Ms. Lively did so in good faith to streamline the dispute in the ordinary litigation process given the damages she otherwise anticipates recovering. Counsel for the Wayfarer Parties concede and are aware that this renders their discovery moot. Motion at 3. But they also have been desperately searching for an angle to make a show out of Ms. Lively's decision to streamline her case.

Given this, counsel for the Wayfarer Parties attempted to seize on the parties' *agreement* as to Ms. Lively's withdrawal as a basis for this frivolous Motion. On Friday, counsel for the Wayfarer Parties proposed a stipulation to dismiss Ms. Lively's tenth and eleventh causes of action for intentional and negligent infliction of emotional distress, respectively. Ms. Lively's counsel provided proposed edits to the stipulation on Sunday evening, after receiving repeated emails on Friday, late Saturday evening, and

---

[1] Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel.

Hon. Lewis J. Liman
June 2, 2025

early on Sunday morning, falsely and disingenuously claiming that Ms. Lively was refusing to participate in discovery (by not immediately responding in the middle of the night, apparently) and threatening to advise the Court. The Wayfarer Parties offered no basis whatsoever for their unnecessary escalation of a mutually agreeable streamlining of claims, or why finalizing the method of dismissal could not wait until Monday morning. Nonetheless, in an effort to defuse the situation and avoid unnecessarily burdening the Court, Ms. Lively agreed to the stipulated dismissal, and proposed modest revisions to the parties' joint stipulation for dismissal on Sunday evening. In conveying the revisions, counsel for Ms. Lively offered to meet and confer regarding any dispute as to the language of the stipulation, including on the parties' then-forthcoming teleconference scheduled for Monday afternoon at 4:30 pm EST. Counsel for the Wayfarer Parties (including Mr. Fritz as signatory on the Motion) attended the teleconference and did not address the stipulation. To be clear: at no point during the conference did they object to or raise any concern regarding Ms. Lively's proposed revisions to the stipulation. Instead, they rushed to this Court to file this clearly pre-written Motion the *minute* that the teleconference concluded. Almost immediately thereafter, tabloid media began reporting "exclusively" on Ms. Lively's "shock" move, claiming that she has "sensationally" dropped her IIED claim, quoting extensively from the Motion.[2]

The Wayfarer Parties' Motion should be denied and, further, should be struck. It is based on two brazenly false assertions. *First*, they claim that Ms. Lively has "refused" to disclose medical and mental health information, but as counsel for the Wayfarer Parties concede, that information is relevant only to Ms. Lively's stand-alone tort-based emotional distress claims that she indicated she was withdrawing.[3] *See* Motion at 3. To suggest that Ms. Lively has "refused" to produce anything (in either her written discovery responses, in the parties' conference, or anytime thereafter) in connection with these claims is intentionally misleading to the Court and their intended audience for this false record: the public. *Second*, they claim that Ms. Lively has "refused" to properly stipulate to dismissal. But, that would suggest there was *any* discussion or mutually known dispute as to the stipulation. As noted, there was none. Further, the Motion seeks to improperly compel documents that the Wayfarer Parties lack a legal basis to obtain, and seeks no relief at all as to the stipulation. Because the Wayfarer Parties concede that Ms. Lively has agreed to dismiss the tenth and eleventh causes of action to which such discovery is solely directed, and they *have agreed* to the dismissal and proposed a joint stipulation to that effect, the Motion does not legitimately seek any form of relief, is irrelevant to any motion currently pending before the Court, and serves no legitimate purpose. *See Nat. Res. Def. Council, Inc., v. U.S. Food & Drug Admin.*, 884 F. Supp. 2d 108, 116 & n.5 (S.D.N.Y. 2012) (exercising inherent authority to strike a document that was not "relevant" or "'useful' to the Court"); *Impulsive Music v. Pomodoro Grill, Inc.*, 2008 WL 4998474, at *3 (W.D.N.Y. Nov. 19, 2008) (striking allegations that "[were] not relevant and ha[d] no bearing on the issues").

As with the Freedman Letter that this Court previously struck, the apparent intent of the Motion is to launder their public relations narrative into the press by abusing the Court's docket. *See* Dkt. No.

---

[2] Ruth Styles, *Blake Lively makes shock move and drops 'intentional infliction of emotional distress' claim against Justin Baldoni* https://www.dailymail.co.uk/tvshowbiz/article-14773929/Blake-Lively-makes-shock-drops-intentional-infliction-emotional-distress-claim-against-Justin-Baldoni.html (Daily Mail, June 2, 2025).

[3] Notably, the Motion makes clear that the discovery requests at issue more appropriately are posed as interrogatory requests, seek information outside of her custody and control, or improperly attempt to have Ms. Lively create discovery in order to produce it, and if not struck, the Motion should be denied for these reasons as well. *See* Motion at 2.

Hon. Lewis J. Liman
June 2, 2025

220. Ms. Lively respectfully requests that the Court exercise its inherent authority to control its own docket and strike the Motion as unnecessary, improper, and abusive.  The Court may also wish to issue sanctions under its inherent authority to deter continuing misconduct in connection with the Wayfarer Parties' future filings, as this Court has warned against. *See id.* at 4.

Last, because the parties have agreed to dismiss Ms. Lively's tenth and eleventh causes of action, Ms. Lively requests that the Court exercise its inherent authority and authority under Rule 15 to dismiss them without prejudice. *See, e.g.*, *Creative Photographers, Inc. v. Grupo Televisa, S.A.B.*, 1:23-cv-07106-LJL, 763 F. Supp. 3d 618 (S.D.N.Y. Jan. 16, 2025) (construing voluntary stipulation to dismiss and granting pursuant to Fed. R. Civ. P. 15, 21); *Sanzari v. Metro-North Railroad Co.*, No. 19-cv-8689 (LJL), 2021 WL 467339, at *5 (S.D.N.Y. Feb. 9, 2021) (deeming claims withdrawn and dismissing without prejudice on basis of counsel's representations at oral argument).

Respectfully Submitted,

s/ *Michael J. Gottlieb*

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
Meryl C. Governksi (*pro hac vice*)
Willkie Farr & Gallagher
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron E. Nathan
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (*pro hac vice*)
Stephanie A. Roeser (*pro hac vice*)
Manatt, Phelps & Phillips LLP

Hon. Lewis J. Liman
June 2, 2025

2049 Century Park East, Suite 1700
Los Angeles, California  90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

*Attorneys for Blake Lively and Ryan Reynolds*