**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

BLAKE LIVELY,                                                      :
                                                                  :
                Plaintiff,                    :    Case No.: 1:24-cv-10049-LJL
                                                                  :    (Consolidated for pretrial purposes with
       v.                                           :    1:25-cv-00449-LJL) rel. 1:25-cv-00779-
                                                                  :    LJL
WAYFARER STUDIOS LLC, et al.,                                     :
                                                                  :
                Defendants.                  :
-------------------------------------------------------------X

WAYFARER STUDIOS LLC, et al.,                                     :
                                                                  :    **DECLARATION OF**
                Plaintiffs,                  :    **<u>SARA NATHAN</u>**
                                                                  :
     v.                                           :
                                                                  :
BLAKE LIVELY, et al.,                                             :
                                                                  :
                Defendants.                  :
-------------------------------------------------------------X

       I, Sara Nathan, make the following Declaration under the penalty of perjury pursuant to

28 U.S.C. § 1746, and state that the following is true and correct:

       1.     I am a resident of New York and an award-winning professional journalist with

over 27 years of experience.

       2.     I am employed as the Editor At Large for the *New York Post* (the "*Post*"), which

has its newsroom at 1211 Avene of the Americas, New York, New York.

       3.     I have been employed by the *Post* for over seven years, first as the Page Six

Features Editor and now as the Editor At Large, and my reporting duties include coverage of

Hollywood celebrities.

       4.     I submit this Declaration based on my personal knowledge and in support of my

motion to quash the subpoena served on me by Defendants Leslie Sloane and Vision PR, Inc. on

May 5, 2025 (the "Subpoena"). A true and correct copy of the Subpoena is attached hereto as <u>Exhibit 1</u>.

5.      The Subpoena, which was served on me in New York, seeks documents and information I gathered and relied on for articles published in the *Post* in August 2024 relating to *It Ends With Us* (the "Film").

6.      I do not have any role in connection with the Film or in this case other than through my work as a journalist covering the Film and the apparent rift between the co-stars and producers of the Film, Blake Lively and Justin Baldoni, for purposes of writing articles for the *Post*.

7.      Through that work, I gathered and collected information from confidential sources regarding the Film and the apparent rift between Lively and Baldoni.

8.      My intention in gathering and collecting this information was to write news articles to be published in the *Post* and disseminated to the public.

9.      Based on information I learned in newsgathering from my confidential sources, I wrote an article that was published in the *Post* on August 9, 2024, entitled *Truth behind "It Ends With Us" feud rumors: Justin Baldoni made Blake Lively feel "uncomfortable," sources say* (the "August 9 Article"). A true and correct copy of the August 9 Article is attached hereto as <u>Exhibit 2</u>.

10.     Based on information I learned in newsgathering from my confidential sources, I wrote an article that was published in the *Post* on August 13, 2024, entitled *Blake Lively approved final cut of "It Ends With Us" amid feud with co-star director Justin Baldoni* (the "August 13 Article"). A true and correct copy of the August 13 Article is attached hereto as <u>Exhibit 3</u>.

11.    I gathered information for and wrote the August 9 Article and the August 13 Article while in New York City.

12.    The August 9 Article and the August 13 Article rely on information that confidential sources provided to me on the condition that neither the sources' names nor the specific information they shared would be revealed.

13.    I assert my privilege under the First Amendment, federal common law, the New York State Constitution, and the New York Shield Law not to reveal my confidential sources' identities or confidential information that such sources provided.

14.    I also assert my privilege under the First Amendment, federal common law, the New York State Constitution, and the New York Shield Law not to reveal unpublished information from my newsgathering and reporting process, whether or not the information was confidential.

15.    In gathering and collecting information from confidential sources, reporting and writing the August 9 Article and August 13 Article, I adhered to the highest ethical standards for truth, accuracy, and objectivity expected of a professional journalist, as have in all my work throughout my 27-plus years in the industry.

The foregoing is true and correct to the best of my knowledge.

Executed this 30 day of May, 2025.

Sara Nathan

3