UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| BLAKE LIVELY, | |
| Plaintiff, | Civ. Action No. 1:24-cv-10049-LJL (Consolidated for pretrial purposes with 1:25-cv-00449-LJL) rel. 1:25-cv-00449-LJL |
| v. | |
| WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, THE AGENCY GROUP PR LLC, and JENNIFER ABEL, | **CONSOLIDATED PLAINTIFFS' OPPOSITION TO CONSOLIDATED DEFENDANT RYAN REYNOLDS' MOTION FOR RULE 11 SANCTIONS AGAINST JAMEY HEATH, STEVE SAROWITZ, MELISSA NATHAN, JENNIFER ABEL, IT ENDS WITH US MOVIE LLC, AND THEIR COUNSEL** |
| Defendants. | |

---

JENNIFER ABEL,

  Third-Party Plaintiff,

v.

JONESWORKS LLC,

  Third-Party Defendant.

---

WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, JENNIFER ABEL, and STEVE SAROWITZ,

  Plaintiffs,

v.

BLAKE , RYAN REYNOLDS, LESLIE SLOANE, VISION PR, INC., and THE NEW YORK TIMES COMPANY,

  Defendants.

---

1

427206.1

## TABLE OF CONTENTS

Page

MEMORANDUM POINTS AND AUTHORITIES ................................................................... 4

I. INTRODUCTION ................................................................................................................ 4

II. FACTUAL BACKGROUND ............................................................................................... 5

III. RULE 11 SANCTIONS ARE NOT AVAILABLE FOR PERCEIVED PLEADING DEFICIENCIES WHICH CAN BE CHALLENGED BY A RULE 12(B)(6) MOTION TO DISMISS. .................................................................................................................... 6

IV. RULE 11 DOES NOT APPLY TO OUT OF COURT STATEMENTS ............................. 10

V. PLAINTIFFS ARE ENTITLED TO SANCTIONS............................................................ 10

VI. CONCLUSION .................................................................................................................. 11

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Blue v. U.S. Dep't of Army*,
    914 F.2d 525 (4th Cir. 1990) ................................................................................................7

*E. Gluck Corp. v. Rothenhaus*,
    252 F.R.D. 175 (S.D.N.Y. 2008) .............................................................................5, 8, 9, 10

*Esposito v. Suffolk County Community College*,
    No. 16-CV-4833, 2019 WL 1044099 (E.D.N.Y. Mar. 4, 2019)..............................................8

*In Luv N' Care, Ltd. v. Shiboleth LLP*,
    No. 16-CV-3179 (AJN), 2017 WL 3671039 (S.D.N.Y. Aug. 8, 2017)................................6, 8

*Jawbone, LLC v. Donohue*,
    No. 01 CIV. 8066 (CSH), 2002 WL 1424587 (S.D.N.Y. June 28, 2002) ............................4, 8

*Kumaran v. Northland Energy Trading, LLC*,
    762 F. Supp. 3d 322 (S.D.N.Y. 2025).....................................................................................7

*Kyros Law P.C. Ent. v. World Wrestling, Inc.*,
    78 F.4th 532 543 (2d Cir. 2023) .............................................................................................6

*On Time Aviation, Inc. v. Bombardier Capital Inc.*,
    570 F. Supp. 2d 328 (D. Conn. 2008).....................................................................................9

*Rates Tech. Inc. v. Mediatrix Telecom, Inc.*,
    No. CV 05-2755 (JS) AKT, 2007 WL 2021905 (E.D.N.Y. Mar. 16, 2007) ...........................7

*Rotella v. Wood*,
    528 U.S. 549 (2000)................................................................................................................8

*Safe-Strap Co. v. Koala Corp.*,
    270 F. Supp. 2d 407 (S.D.N.Y. 2003)...............................................................................7, 11

*Wheeler v. Twenty-First Century Fox*,
    322 F. Supp. 3d 445 (S.D.N.Y. 2018).....................................................................................8

**Other Authorities**

Fed. R. Civ. P. 11................................................................................................................4, 6, 7, 11

Fed R. Civ. P. 12(b)(6).................................................................................................................9

**MEMORANDUM POINTS AND AUTHORITIES**

I.   **INTRODUCTION**

Consolidated Defendant Ryan Reynolds' ("Reynolds") Rule 11[1] motion ("Motion") seeks sanctions against individual Wayfarer Parties Jamey Heath ("Heath"), Steve Sarowitz ("Sarowitz"), Melissa Nathan ("Nathan"), Jennifer Abel ("Abel") and It Ends With Us Movie LLC ("IEWU") and their counsel.  Ironically, the Motion itself borders on frivolous, as it contravenes Rule 11's 1993 Advisory Committee Notes ("Advisory Notes") and unanimous authority governing Rule 11 sanctions which teach that "Rule 11 motions… should not be employed as a discovery device or to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes."  Thus, Rule 11 should not be confused with a Rule 12(b)(6) motion to dismiss for failure to state a claim for relief and a Rule 11 motion based on a deficiency in the pleadings is improper particularly where, as here, it is based on "arguments substantially identical to those made in support of a motion to dismiss for failure to state a claim." *Jawbone, LLC v. Donohue*, No. 01 CIV. 8066 (CSH), 2002 WL 1424587, at *6 (S.D.N.Y. June 28, 2002).

Reynolds' Motion is cynically silent on this point, even though it was conveyed to Reynolds in Plaintiffs' response to Reynolds' 'Rule 11 safe harbor' letters.  Reynolds similarly fails to note that he has filed a Rule 12(b)(6) motion to dismiss raising pleading defects that are substantially the same as those that are at the heart of his Rule 11 Motion.  Any other pleading defects now raised by the Motion are more properly raised in a motion to dismiss.

---

[1] All references are to the Federal Rules of Civil Procedure unless otherwise noted.

Rule 11 is not a vehicle to challenge pleading deficiencies that are or should be the subject of a Rule 12(b)(6) motion to dismiss or an avenue to obtain an early determination on the merits. Such a motion – like the one here – is on "the borderline of being sanctionable itself." *See E. Gluck Corp. v. Rothenhaus*, 252 F.R.D. 175, 183 (S.D.N.Y. 2008). In fact, given the plain import of the Advisory Notes and relevant case law, Reynolds' Motion is nothing more than a transparent effort to tarnish the Wayfarer Parties and their counsel in the eyes of the Court and the press – exactly the type of conduct that Rule 11 is designed to discourage. As shown below, the Advisory Notes to Rule 11 and relevant authority preclude Reynolds' request for sanctions.

## II.     FACTUAL BACKGROUND

On April 23, 2025, Reynolds directed six 'safe harbor' letters threatening Plaintiffs Heath, Sarowitz, Nathan, Abel, and IEWU[2] and their counsel with Rule 11 sanctions (collectively, the "Letters") on the ground that the Complaint fails to adequately plead claims for extortion, interference with contract/prospective economic relations and breach of the implied covenant of good faith and fair dealing on behalf of individual plaintiffs grouped into the definition of "Wayfarer Parties."

In a consolidated response, the Wayfarer Parties explained to Reynolds that Rule 11 does not apply to pleading defects that were or were more properly raised in a Rule 12(b)(6) motion to dismiss. [Dkt. 231-6]. Undeterred, Reynolds has now filed a Rule 11 motion based on perceived pleading defects that were raised, or could have been raised, in his pending Rule 12(b)(6) motion to dismiss, to wit:

---

[2] Reynolds also directed a Rule 11 letter to Wayfarer. However, Reynolds is not seeking sanctions against Wayfarer in the within Motion.

5

427206.1

(1) The Complaint fails to allege that Reynolds made extortionate threats to Sarowitz, Nathan, Abel and IEWU or deprived them of anything and thus fails to state a claim for extortion against them. Mot. at 2, 7; Dkt. 133 (MTD) at 19;

(2) The Complaint fails to allege that Heath, Sarowitz, Nathan and Abel were parties to a contractual or economic relationship with William Morris Endeavor ("WME") and thus fails to state a viable interference claims against them. Mot. at 3, 14; Dkt.133 at 21; and

(3) The Complaint fails to allege Reynolds' defamatory statements regarding each individual plaintiff. Mot. at 2, 11; Dkt. 133 at 17.

Reynolds' Rule 11 motion subverts the very purpose of Rule 11 by impermissibly confusing Rule 11 sanctions with a Rule 12 motion to dismiss. *In Luv N' Care, Ltd. v. Shiboleth LLP*, No. 16-CV-3179 (AJN), 2017 WL 3671039, at *14 (S.D.N.Y. Aug. 8, 2017).

### III. RULE 11 SANCTIONS ARE NOT AVAILABLE FOR PERCEIVED PLEADING DEFICIENCIES WHICH CAN BE CHALLENGED BY A RULE 12(B)(6) MOTION TO DISMISS.

Rule 11 applies to pleadings and other papers filed with the district court, which certify that "to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances… the claims, defenses and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law, or for establishing new law." Fed. R. Civ. P. 11(b)(2); *Kyros Law P.C. Ent. v. World Wrestling, Inc.,* 78 F.4th 532 543 (2d Cir. 2023).

Reynolds' ignores, and asks this Court to ignore, the Advisory Notes to Rule 11 which explicitly state that "Rule 11 motions… should not be employed as a discovery device or to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes." Fed. R. Civ. P. 11, 1993 Advisory Committee Notes. Citing the Advisory Notes, courts uniformly hold that "Rule 11 should not be used to raise issues of legal sufficiency that more properly can be disposed of by a motion to dismiss, a motion for a more definite statement, or a motion for summary judgment." *Rates Tech. Inc. v. Mediatrix Telecom, Inc.*, No. CV 05-2755 (JS) AKT, 2007 WL 2021905, at \*6 (E.D.N.Y. Mar. 16, 2007), *report and recommendation adopted*, No. 05CV2755(JS)(AKT), 2007 WL 1987787 (E.D.N.Y. June 29, 2007).

As explained in *Blue v. U.S. Dep't of Army*, 914 F.2d 525, 535 (4th Cir. 1990), "claims that are plainly meritless should be disposed of early in the course of litigation through summary judgment or other pretrial motion[s]... As a general matter, dismissal of a frivolous... case on the merits should be a first option, whereas imposition of sanctions should be a matter of last resort." *See also Kumaran v. Northland Energy Trading, LLC*, 762 F. Supp. 3d 322, 337 (S.D.N.Y. 2025) (denying Rule 11 sanctions where motion sought "to accomplish exactly what Rule 11 is meant not to do" by prematurely seeking sanctions with first bringing a motion to dismiss the Counterclaims or for summary judgment); *Safe-Strap Co. v. Koala Corp.*, 270 F. Supp. 2d 407, 416 (S.D.N.Y. 2003), *quoting* 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1336 (2d ed. Supp. 2003) (Rule 11 motion not a proper substitute for a motion for summary judgment); *Rates Tech. Inc.*, 2007 WL 2021905, at \*6 ("It is well-settled that Rule 11 should not be used to raise issues of legal sufficiency that more properly can be disposed of by a motion to dismiss, a motion for a more definite statement, or a motion for summary judgment.").

Thus, a motion for Rule 11 sanctions is improper where, as here, it is "substantially identical to the arguments made by defendants in support of their motion to dismiss for failure to state a claim." *Jawbone, LLC*, 2002 WL 1424587, at *6 (quoting Committee Notes to deny sanctions); *see also Wheeler v. Twenty-First Century Fox*, 322 F. Supp. 3d 445, 457–58 (S.D.N.Y. 2018) (denying Rule 11 sanctions against a party and his counsel noting that a party that "merely reiterates its arguments in support of [a] motion to dismiss ... fail[s] to demonstrate that Rule 11 motion practice [i]s warranted."); *In Luv N' Care, Ltd.*, 2017 WL 3671039, at *14 (Rule 11 motion repeating arguments raised in defendants' motion to dismiss sought "to subvert the standard for a motion to dismiss.").

A Rule 11 motion should not be used as a substitute to a Rule 12(b)(6) motion to dismiss or to obtain a decision on the merits at an early juncture of the litigation. *See Esposito v. Suffolk County Community College*, No. 16-CV-4833, 2019 WL 1044099, at *6 (E.D.N.Y. Mar. 4, 2019) ("Essentially, the Defendants are asking the Court to award sanctions because they believe the merits of their defense. However, resolving the Defendants' arguments would require the Court to make a factual determination regarding a claim essential to the merits of the action, an issue for which a Rule 11 motion is an inappropriate vehicle"); *see also Rotella v. Wood*, 528 U.S. 549, 560 (2000) (recognizing a flexible approach to pleadings under Rule 11(b)(3) to allow for good-faith belief that reasonable investigation and discovery will uncover additional evidence to support the claims.)

*E. Gluck Corp. v. Rothenhaus*, 252 F.R.D. 175 (S.D.N.Y. 2008) is instructive. There, the Court rejected a defendant's arguments in support of a Rule 11 sanctions motion which "in many respects the motion is grounded on matters that go to the merits of the parties' dispute," failed to

8

meet the "rigorous test" for Rule 11 sanctions and raised issues more properly addressed in a Rule 12(b)(6) motion to dismiss:

> "It implicates Gluck's subjective actions that call for discovery to assess properly, and asserts Rothenhaus's own conclusory allegations. It also objects to procedural technicalities that fall far short of the rigorous test defining the extraordinary misconduct worthy of Rule 11 sanctions. To this extent, Rothenhaus's motion raises issues that more properly should be addressed in a Rule 12(b)(6) motion to dismiss. Thus, the relief Rothenhaus seeks in this proceeding is not only premature but entails a misuse of Rule 11 that could be especially detrimental to the parties and to judicial economy were Rothenhaus actually to file a Rule 12(b)(6) motion later on during the litigation and then essentially seek to reassert some of the same matters. In the Court's assessment, under these circumstances Rothenhaus's Rule 11 motion teeters as close as it can approach, without crossing over, to the borderline of being sanctionable itself."

*Id.* at 183.

Reynolds seeks sanctions for pleadings deficiencies he has already attacked – or could have attacked – in his pending motion to dismiss. Purported pleading defects, particularly those already before the Court in a pending motion to dismiss, are not a proper subject of a Rule 11 motion and "fall far short of the rigorous test defining extraordinary misconduct worthy of Rule 11 sanctions. *Id.*, *see also On Time Aviation, Inc. v. Bombardier Capital Inc.,* 570 F. Supp. 2d 328, 331 (D. Conn. 2008) ("Defendants should not confuse a motion for sanctions with a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief.").

Reynolds is not entitled to an early dispositive decision on the merits – without discovery on his extensive factual arguments – under the guise of a Rule 11 motion, and the fact that Reynolds believes he will prevail or deems any allegation against him as harassing is insufficient to justify Rule 11 sanctions. Discovery is still in its infancy and Rule 11 is not a mechanism for an early disposition that would cut-off the discovery Reynolds is so eager to avoid.

On a final note, Reynolds fails to cite any authority for the notion articulated in his Motion that by opposing the motion to dismiss – rather than merely amending at the first hint of criticism – Plaintiffs have abrogated the well-entrenched authority that Rule 11 does not apply to

9

test the sufficiency of pleadings, particularly where a motion to dismiss is pending. Put another way, Reynolds fails to provide any support for the claim that Plaintiffs are subject to Rule 11 sanctions for waiting until a ruling on their motion to dismiss to amend. This is not surprising, as there is none.

In sum, the Advisory Notes to Rule 11 and relevant authority preclude Rule 11 sanctions where, as here, the request for sanctions is based on perceived pleading deficiencies that are, or should have been challenged in Rule 12(b) motion to dismiss. Indeed, Reynolds' Rule 11 motion at this juncture of the litigation, which is based on issues Reynolds raised in his pending motion to dismiss or properly should have raised in a Rule 12(b)(6) motion to dismiss, "is not only premature but entails a misuse of Rule 11." *E. Gluck Corp.*, 252 F.R.D. at 183. Accordingly, Reynolds' Rule 11 motion should be denied.

## IV.   RULE 11 DOES NOT APPLY TO OUT OF COURT STATEMENTS

Although less than fully obvious, Reynolds appears to seek Rule 11 sanctions against Plaintiffs and counsel based on allegedly "harassing" statements to the press. *See* Dkt. 230 (Mot.) at 17 (seeking Rule 11 sanctions based on statements made to media and the press). As Reynolds himself explains, the central purpose of Rule 11 is to deter baseless filings in district court. Thus, Rule 11 sanctions are not available for out of court statements, but are confined to court filings.

## V.   PLAINTIFFS ARE ENTITLED TO SANCTIONS

For the reasons set forth above, and their abject failure to bring relevant authority to the Court's attention, Reynolds and his counsel should be sanctioned in an amount sufficient to compensate Plaintiffs for the time and resources expended in responding to Reynolds meritless Rule 11 motion and deter any further misuse of Rule 11.

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order denying Reynolds' motion for sanctions in its entirety and awarding sanctions sufficient to compensate the Wayfarer Parties for the expense of responding to Reynolds' Rule 11 sanctions.[3] Fed. R. Civ. P. 11(c)(2); *Safe-Strap Co. v. Koala Corp.*, 270 F. Supp. 2d 407, 421 (S.D.N.Y. 2003) ("…where a party's motion for Rule 11 sanctions is not well grounded in fact or law, or is filed for an improper purpose, a court my find itself in the position of imposing Rule 11 sanctions on the moving party and/or her attorney.").

Dated: June 3, 2025
      New York, NY

Respectfully submitted,

**MEISTER SEELIG & FEIN PLLC**

By: */s/ Mitchell Schuster*
    Mitchell Schuster
    Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
       kaf@msf-law.com

Dated: June 3, 2025
      Los Angeles, CA

**LINER FREEDMAN TAITELMAN + COOLEY, LLP**

By: */s/ Ellyn S. Garofalo*
    Bryan J. Freedman (*pro hac vice*)
    Ellyn S. Garofalo (*pro hac vice*)
    Theresa M Troupson (*pro hac vice*)
    Summer Benson (*pro hac vice*)
    Jason Sunshine
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005

---

[3] At the court's request, Plaintiffs will file documentation identifying costs incurred.

427206.1

Email: bfreedman@lftcllp.com
egarofalo@lftcllp.com
ttroupson@lftcllp.com
sbenson@lftcllp.com
jsunshine@lftcllp.com

*Attorneys for Consolidated Plaintiffs*

12

427206.1