UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>                    Plaintiff,<br>v.<br><br>WAYFARER STUDIOS LLC, et al.,<br>Defendants. WAYFARER STUDIOS LLC,<br>et al., Plaintiffs, v. BLAKE LIVELY, et al.,<br><br>                    Defendants. | No. 24-cv-10049 (LJL) (lead case) |
| WAYFARER STUDIOS LLC, et al.,<br><br>                    Plaintiffs,<br>v.<br><br>BLAKE LIVELY, et al.,<br><br>                    Defendants. | No. 25-cv-449 (LJL) (member case) |

**MOTION FOR LEAVE OF *CHILD USA* TO FILE AN AMICUS BRIEF IN SUPPORT OF DEFENDANT BLAKE LIVELY'S MOTION TO DISMISS AND URGING THE COURT TO UPHOLD THE CONSTITUTIONALITY OF CALIFORNIA CIVIL CODE §47.1**

Hillary Nappi, Esq.
Hach Rose Schirripa & Cheverie LLP
112 Madison Avenue, 10th Fl.
New York, NY 10016
Tel: 212-213-8311
hnappi@hrsclaw.com
*Counsel of Record for CHILD USA*

Prof. Marci A. Hamilton, Esq.
Founder & CEO, CHILD USA
3508 Market Street, Suite 211
Philadelphia, PA 19104
mhamilton@childusa.org

Jessica Schidlow, Esq.
Legal Director, CHILD USA
jschidlow@childusa.org

*Amicus curiae* CHILD USA respectfully move for leave to file an amicus curiae brief in the above-captioned matter.[1] The proposed amicus brief is attached hereto.

## INTEREST OF *AMICUS CURIAE*

CHILD USA is an interdisciplinary non-profit think tank dedicated to preventing child abuse and neglect and ensuring access to justice for survivors. CHILD USA's mission is to employ in-depth legal analysis and cutting-edge social science research to come up with the best policies needed to increase child protection and the common good.

CHILD USA's Founder, Professor Marci A. Hamilton, is a world-renowned constitutional law scholar, First Amendment expert, and Professor of Practice at the University of Pennsylvania. Her leadership has positioned CHILD USA at the forefront of legal scholarship and advocacy on the intersection of survivor rights and constitutional protections. CHILD USA is also the leading organization to study and track sexual abuse statutes of limitation ("SOLs") through its Sean P. McIlmail SOL Reform Institute and has spearheaded the national movement to align SOLs with the well-established science of delayed disclosure.

---

[1] Amicus state that no counsel for any party authored this brief in whole or in part and no entity or person, aside from amicus curiae, its members, or its counsel, made any monetary contribution intended to fund the preparation or submission of this brief.

The organization has advised Congress, state legislatures, governors, and courts on the constitutionality of revival window legislation, anti-SLAPP protections, and other laws aimed at increasing survivors' opportunities to access justice. CHILD USA has filed *amicus curiae* briefs in state and federal courts across the country, defending the constitutionality of such laws against First Amendment, Due Process, and Equal Protection challenges, including in cases involving retaliatory defamation claims.

CHILD USA has a strong interest in the outcome of this case which will shape the legal landscape for survivors in California and beyond. CHILD USA offers this brief to demonstrate that California Civil Code §47.1 is both constitutionally sound and essential to protect the rights of survivors of sexual violence, safeguard the integrity of public discourse, and ensure equitable access to justice.

## ARGUMENT

There is no applicable rule of civil procedure governing *amicus curiae* briefs, so "[d]istrict courts have broad discretion to permit or deny an appearance as amicus curiae in a case." In re GLG Life Tech Corporation Securities Litigation, 287 F.R.D. 262, 265 (S.D.N.Y. 2012) (internal quotation marks omitted); see also C&A Carbone, Inc. v. County of Rockland, 2014 WL 1202699, at *3 (S.D.N.Y. Mar. 24, 2014) (collecting cases). Courts have accepted amicus briefs where helpful to ensure

that the court receives "a complete and plenary presentation of difficult issues so that the court may reach a proper decision."  Newark Branch, N.A.A.C.P. v. Town of Harrison, New Jersey, 940 F.2d 792, 808 (3d Cir. 1991) (quoting Alexander v. Hall, 64 F.R.D. 152, 155 (D.S.C. 1974)); accord S.E.C. v. Ripple Labs, Inc., No. 20 CIV. 10832, 2021 WL 4555352, at *5 (S.D.N.Y. Oct. 4, 2021); see Commonwealth of the Northern Mariana Islands v. United States, No. CIVA 08-1572 PLF, 2009 WL 596986, at *1 (D.D.C. Mar. 6, 2009) ("The filing of an amicus brief should be permitted if it will assist the judge 'by presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs.'") (quoting Voices for Choices v. Ill. Bell Tel. Co., 339 F.3d 542, 545 (7th Cir. 2003)). Courts will generally "err on the side of granting leave" to file proposed amicus briefs because if the Court finds the brief "unhelpful" in its evaluation of the underlying motion, the Court can "simply disregard the amicus brief. . . . On the other hand, if a good brief is rejected, the Court will be deprived of a resource that might have been of assistance." Neonatology Assocs., P.A. v. Comm'r, 293 F.3d 128, 133 (3d Cir. 2002). Indeed, federal district courts "frequently welcome amicus briefs from nonparties concerning legal issues that have potential ramifications beyond the parties directly involved." NGV Gaming, Ltd. v. Upstream Point Molate, LLC, 355 F.Supp.2d 1061, 1067 (N.D. Cal. 2005).

*Amicus Curiae* CHILD USA respectfully submit that leave to file is proper in this case. CHILD USA's mission to prevent child sexual abuse and advance access to justice for survivors gives them an interest in ensuring that public discourse on sexual harassment and assault remains robust and unrestrained, so that society can confront, expose, and ultimately dismantle gender-based violence.

CHILD USA's proposed brief offers a distinct and valuable perspective beyond that of the parties, highlighting the broader implications this case holds for shaping the legal landscape for survivors nationwide. It also addresses how the outcome may advance—or undermine—compelling state interests in deterring abuse, preventing future harm, and protecting public safety.

## CONCLUSION

For the foregoing reasons, *Amicus Curiae* CHILD USA respectfully requests that this Court grant leave to file the attached amicus brief.

Respectfully submitted,

/s/ *Hillary Nappi, Esq.*
Hillary Nappi, Esq.
Hach Rose Schirripa & Cheverie LLP
112 Madison Avenue, 10th Fl.
New York, NY 10016
Tel: 212-213-8311
hnappi@hrsclaw.com

Dated: June 3, 2025