UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, THE AGENCY GROUP PR LLC, and JENNIFER ABEL,<br><br>　　　　　Defendants. | Civ. Action No. 1:24-cv-10049-LJL (Consolidated for pretrial purposes with 1:25-cv-00449-LJL)<br>rel. 1:25-cv-00449-LJL<br><br>**THIRD-PARTY DEFENDANT JONESWORKS LLC's REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS JENNIFER ABEL'S THIRD-PARTY COMPLAINT SEEKING INDEMNIFICATION** |
| JENNIFER ABEL,<br><br>　　　　　Third-Party Plaintiff,<br><br>v.<br><br>JONESWORKS LLC,<br><br>　　　　　Third-Party Defendant | |
| WAYFARER STUDIOS LLC,<br>JUSTIN BALDONI, JAMEY HEATH, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, JENNIFER ABEL, and STEVE SAROWITZ,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>BLAKE LIVELY, RYAN REYNOLDS, LESLIE<br>SLOANE, VISION PR, INC., and THE NEW YORK TIMES COMPANY,<br><br>　　　　　Defendants. | |

**TABLE OF CONTENTS**

**Page**

ARGUMENT ................................................................................................................................. 1
I.     Abel Cannot Confine the Court's Review to Avoid Dismissal ........................................... 1
II.    Abel Must Be Held to the Bargain She Struck .................................................................. 3
        A.     New York Law and Policy Trump California Labor Code..................................... 3
        B.     New York Law Applies to All Aspects of Abel's Employment............................. 5
        C.     The Indemnification Abel Agreed to—Not the One She Now Wishes She Had Agreed To—Controls................................................................................................ 7
III.   Abel Does Not Plausibly Allege That Her Harmful Conduct Was Within the Scope of Her Employment ................................................................................................................. 8
IV.   Abel's Contribution Claim Alleges None of the Required Elements ................................. 9
CONCLUSION ............................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Page**

## **Cases**

*Amusement Indus., Inc. v. Stern*,
   693 F. Supp. 2d 319 (S.D.N.Y. 2010) ................................................................................. 10

*Boatman v. Onondaga Cnty.*,
   217 N.Y.S.3d 377 (N.Y. App. Div. 2024) ............................................................................. 6

*Bracero v. State*,
   81 Misc.3d 1214(A), 2023 N.Y. Slip Op. 51336 (U) (N.Y. Ct. Cl. 2023) ............................. 9

*Cherry Creek Mortg. Co. v. Jarboe*,
   2021 WL 3710360 (D. Colo. Aug. 20, 2021) .................................................................... 3, 4

*Clark v. Hanley*,
   89 F.4th 78 (2d Cir. 2023) .................................................................................................. 1, 2

*In re Columbia Tuition Refund Action*,
   523 F. Supp. 3d 414 (S.D.N.Y. 2021) ................................................................................... 2

*CSC Sci. Co. v. Manorcare Health Servs., Inc.*,
   867 F. Supp. 2d 368 (S.D.N.Y. 2011) ................................................................................... 7

*Danner-Cantalino v. City of New York*,
   926 N.Y.S.2d 109 (N.Y. App. Div. 2011) ......................................................................... 8, 9

*DuBois v. Macy's East Inc.*,
   338 Fed. App'x 32 (2d Cir. 2009) ......................................................................................... 4

*Emps. Ins. Co. of Wausau v. Harleysville Ins. Co*,
   759 F. Supp. 3d 344 (E.D.N.Y. 2024) .................................................................................. 8

*Garcia v. Black Sea Props., LLC*,
   210 N.Y.S.3d 855 (N.Y. App. Div. 2024) ........................................................................... 10

*Garrett v. Holiday Inns, Inc.*,
   450 N.Y.S.2d 619 (N.Y. App. Div. 1982) ........................................................................... 10

*Garza v. Marine Transport Lines, Inc.*,
   861 F.2d 23 (2d Cir. 1988) .................................................................................................... 7

*Hawthorne v. South Bronx Cmty. Corp.*,
   582 N.E.2d 586 (N.Y. 1991) ................................................................................................. 8

*Mayaguez S.A. v. Citigroup, Inc.*,
    2018 WL 1587597 (S.D.N.Y. Mar. 28, 2018) ...................................................................7

*McPhee v. Gen. Elec.*,
    736 F. Supp. 2d 676 (S.D.N.Y. 2010) ..........................................................................5

*Metro. Life Ins. Co. v. Noble Lowndes Int'l, Inc.*,
    84 N.Y.2d 430 (N.Y. App. Div. 1994) .........................................................................8

*Monaghan v. SZS 33 Assocs., L.P.*,
    73 F.3d 1276 (2d Cir. 1996) ........................................................................................10

*Mumin v. Uber Techs., Inc.*,
    239 F. Supp. 3d 507 (E.D.N.Y. 2017) ..........................................................................4

*Palomar v. SMC Corp.*,
    2023 WL 11962387 (S.D. Ind. Mar. 31, 2023) .............................................................4

*Pearson v. Gesner*,
    125 F.4th 400 (2d Cir. 2025) ....................................................................................1, 2

*Perkins Eastman Architects, P.C. v. Thor Eng'rs, P.A.*,
    769 F. Supp. 2d 322 (S.D.N.Y. 2011) ........................................................................10

*Petróleos de Venezuela S.A. v. MUFG Union Bank, N.A.*,
    235 N.E.3d 949 (N.Y. 2024) ........................................................................................4

*Ram Krishana, Inc. v. Mt. Hawley Ins. Co.*,
    2024 WL 1657763 (S.D.N.Y. Apr. 17, 2024) ..............................................................4

*Silia v. Peter Kiewit Sons' Co.*,
    231 N.Y.S.2d 126 (Sup. Ct. 1962) ................................................................................2

*Steinberg v. Sherman*,
    2008 WL 2156726 (S.D.N.Y. May 8, 2008) .............................................................10

*Stevens & Company LLC v. Espat*,
    2025 WL 950989 (S.D.N.Y. Mar. 28, 2025) ............................................................5, 7

## Other Authorities

Cal. Lab. C. § 925 .................................................................................................................5

Cal. Lab. C. § 2804 ......................................................................................................3, 4, 5

Cal. Lab. C. § 2802(a) .......................................................................................................3, 6

Jennifer Abel seeks to have it both ways. She alleges in counterclaims before this Court that she was pursuing her own agenda despite being hindered in her efforts by her employer, yet here she reverses course, claiming that her efforts fall under the purview of indemnification. She cannot do both and her plea for indemnification must fail. In Opposition[1], Abel tellingly runs away from her own words and admissions, tacitly acknowledging that the text messages that she has admitted to sending and receiving and her parallel filings doom her claims. Abel bizarrely insists in Opposition that this Court not consider the very actions for which she now seeks indemnification. She is mistaken and when properly considered, the reality is beyond dispute: Abel's clandestine actions defied her employer and were instead in pursuit of personal interests. Indemnification and contribution claims cannot be sustained in the face of these pleaded admissions, and should be dismissed.

## ARGUMENT

### I.     Abel Cannot Confine the Court's Review to Avoid Dismissal

Apparently recognizing that her own pleadings, words, and actions doom her claim for indemnification, Abel seeks to improperly narrow the scope of what this Court may consider in resolving Jonesworks' motion. Opp. 7–9. She cannot do so. *First*, Abel argues that the Court cannot consider Lively's Amended Complaint or her own Answer to it. *Id.* at 8. But Abel's own caselaw belies this argument. *See* Opp. at 7 (citing *Clark v. Hanley*, 89 F.4th 78, 93 (2d Cir. 2023) and *Pearson v. Gesner*, 125 F.4th 400, 406 (2d Cir. 2025)). Indeed, these cases make clear that "facts stated on the face of the complaint, documents...incorporated in the complaint by reference, matters of which judicial notice may be taken" and "documents…integral" to a claim for indemnification must be considered. *See Clark*, 89 F.4th at 93 (cleaned up). And nothing is more

---

[1] As used herein, "Motion" refers to Dkt. 211, and "Opposition" refers to Dkt. 240. Capitalized terms used herein have the same meanings as set forth in the Motion.

"integral" to Abel's claim that Jonesworks should be financially responsible for Abel's misconduct—as alleged by Lively—than Lively's Amended Complaint setting forth the alleged misconduct for which Abel now seeks indemnification, as well as Abel's Answer responding to these claims of misconduct. *See id.*[2]

At the core of what this Court must decide whether Abel plausibly alleges that the actions ***described*** in Lively's Amended Complaint and her Answer to it were within the scope of Abel's employment. And Abel herself expressly relies on the allegations in Lively's Amended Complaint in defending the vagueness of her contribution claim, expressly incorporating as support for her claims "Lively's claims against Abel" and the "alleged injuries about which Lively complains." Opp. 23; *see Silia v. Peter Kiewit Sons' Co.*, 231 N.Y.S.2d 126, 127 (Sup. Ct. 1962) (court must consider complaint in main action where necessary to test sufficiency of allegations). Abel cannot selectively invoke Lively's allegations where it suits her, but demand they be ignored when it does not. *Compare* Opp. 8 ("None of Lively's allegations can be considered on this Motion") *with* Opp. 23 (relying on "the same alleged injuries about which Lively complains").

Abel also seeks to disavow her numerous other pleadings, including in the related action. Opp. 8. But Abel cannot hide those allegations and admissions to avoid their legal consequences. *See In re Columbia Tuition Refund Action*, 523 F. Supp. 3d 414, 424 (S.D.N.Y. 2021) (court not obligated to accept or reconcile inconsistent pleadings). The inconsistencies and implications of her own pleadings and admissions can and should be considered in evaluating her claim.

Lastly, this Court should reject Abel's plea that it disregard her own incriminating

---

[2] Abel concedes that the various pleadings which she now asks the court to ignore are subject to judicial notice. *See* Opp. 8. And, unlike the materials that were excluded from consideration in *Pearson*, on which Abel relies, Opp. 7, Abel relied on Lively's complaint when she drafted her own complaint seeking to pin the complained-of misconduct on Jonesworks. 125 F.4th at 406 (videotape and not properly considered on a motion to dismiss because plaintiff did not rely on them in drafting complaint). And Abel's reliance on the Lively Amended Complaint makes *In re Platinum-Beechwood Litig.* inapplicable. 427 F. Supp. 3d 395, 461 (S.D.N.Y. 2019) (allegations in complaint irrelevant to motion to dismiss third party complaint filed *before* complaint); Opp. 8.

2

communications and admissions based on the specious argument that Jonesworks' inclusion of Abel's own words in its motion was "deceptive." Opp. 8. For instance, Abel argues that "Jonesworks' claims that Abel developed and executed 'a smear campaign' to 'bury' and 'destroy' Lively" constitutes "deceptive conduct," even though Abel admits in her pleadings to exchanging those messages with Melissa Nathan in which the two planned just that. *Id.* 8; Abel Am. Answer to Lively ¶ 33. Abel has no response to these statements and cannot evade the effects of her own admissions by leveling groundless complaints about her own words being used against her.

## II.     Abel Must Be Held to the Bargain She Struck

### A.     New York Law and Policy Trump California Labor Code[3]

In response to Jonesworks' argument that the New York choice-of-law clause in the 2021 Employment Agreement precludes Abel's California statutory indemnification claim, Abel contends that the 2021 Employment Agreement is void. Opp. 9–13. But she willingly accepted the benefits of "partnership" at Jonesworks in exchange for a set of corresponding obligations and the application of New York law to any dispute arising from her employment. The New York choice-of-law clause is valid and enforceable, Mot. 11–13, and Abel does not argue that New York lacks sufficient contacts with this dispute, or claim fraud or any violation of public policy. Accordingly, under New York law, Abel's California statutory claim must be dismissed. *Id.* 13–16.

Abel argues that Cal. Lab. C. § 2804 nullifies the 2021 Employment Agreement. Opp. 9–13. Not so. Abel's argument is unsupported by any authority, and, to the contrary, courts that have considered this question have rejected Abel's position. For example, in *Cherry Creek Mortg. Co. v. Jarboe*, the District of Colorado dismissed claims under Cal. Lab. C. §§ 2802(a) and 2804

---

[3] Contrary to Abel's assertion, Jonesworks expressly argued that the California indemnification statute, including the portion of the statute that Abel purports nullifies and voids the 2021 Employment Agreement, is inapplicable, and that the 2021 Employment Agreement, including its New York choice-of-law clause, is valid and enforceable—*i.e.*, not null or void—in its motion. Mot. 11–14. It is nonsensical to suggest that Jonesworks somehow waived this argument.

3

because they "relate[] to" an employment agreement, which was governed by Colorado law pursuant to a choice-of-law clause and "California [does not have] a materially greater interest in the determination of these counterclaims than Colorado." 2021 WL 3710360, at *6, *8 (D. Colo. Aug. 20, 2021). Similarly, in *Palomar v. SMC Corp.*, the Southern District of Indiana rejected a California resident's attempt to invoke Cal. Lab. C. § 2804 to void an agreement governed by Indiana law. 2023 WL 11962387, at *11 (S.D. Ind. Mar. 31, 2023).

This Court should likewise reject Abel's attempt to evade the New York agreement governed by New York law that Abel willingly signed. Abel's argument flies in the face of New York policy favoring enforcement of New York choice-of-law clauses and contractual certainty. *See, e.g.*, Mot. 13; *Ram Krishana, Inc. v. Mt. Hawley Ins. Co.*, 2024 WL 1657763, at *4 (S.D.N.Y. Apr. 17, 2024); *Petróleos de Venezuela S.A. v. MUFG Union Bank, N.A.*, 235 N.E.3d 949, 957 (N.Y. 2024). Abel's position would void any employment agreement of a California employee working for a New York company that included a New York choice-of-law clause. This would render countless such agreements unenforceable—a result for which there is no support.

Abel's reference to an earlier, superseded employment agreement is similarly unavailing. Opp. 9. "It is a well settled principle of contract law that a new agreement between the same parties on the same subject matter supersedes the old agreement," including employment agreements. *Mumin v. Uber Techs., Inc.*, 239 F. Supp. 3d 507, 524 (E.D.N.Y. 2017). Abel's contract expressly provided that it "supersede[d] all prior understandings" between the parties. 2021 Employment Agreement § 11.13; *see also DuBois v. Macy's East Inc.*, 338 Fed. App'x 32, 33 (2d Cir. 2009). Abel—who willingly accepted the benefits of the 2021 Employment Agreement and worked under it for more than four years (Am. Third Party Compl. ¶ 25)—cannot now simply disavow it in favor of an earlier agreement that she willingly abandoned and is undeniably superseded under the law.

4

Jonesworks does not, as Abel contends, "conflate the issue of whether any contract was formed with the separate issues of validity or scope of a particular provision…" Opp. 10. To the contrary, the 2021 Employment Agreement is plainly ***not*** void. In an effort to distract from this, Abel cites to inapplicable Second Circuit authority—none of which addresses New York contracts purportedly rendered void by out-of-state statutes—and a handful of inapposite out-of-Circuit cases. This includes a futile attempt at sidestepping the *Ministers* and *Moseley* decisions, Opp. 12, both of which affirm New York's public policy favoring the enforceability of New York choice-of-law provisions. That Abel's only challenge to the applicability of the New York choice-of-law provision hinges on sinking the entire contract—an obvious play to avoid the consequences of her clear breaches—underscores the weakness of her position. Her first claim must be dismissed.[4]

### B.   New York Law Applies to All Aspects of Abel's Employment

Abel nonsensically next argues that, even if not void, the New York choice-of-law provision still does not preclude her California statutory indemnification claim because it is somehow too narrow to encompass it. Abel's argument that the clause applying New York law broadly to "[t]his Agreement and the performance of the Parties' obligations hereunder," 2021 Employment Agreement § 11.7, does not encompass her employer's indemnification obligations for acts she undertook allegedly during and within the scope of her employment should be rejected. *See McPhee v. Gen. Elec.*, 736 F. Supp. 2d 676, 681–82 (S.D.N.Y. 2010), *aff'd*, 426 F. App'x 33 (2d Cir. 2011) (choice-of-law provision "governs the entire relationship resulting from the employment agreement"). Abel's argument hinges on a transformation of the word "hereunder"

---

[4] Abel's attempts to distinguish *Stevens & Company LLC v. Espat*, 2025 WL 950989 (S.D.N.Y. Mar. 28, 2025) fail. Opp. 11–12. *First*, Abel's assertion that the 2021 Employment Agreement is void does not make it so, and does not present a meaningful difference from *Stevens & Co. Second*, Abel's focus on the purported differences between Cal. Lab. C. § 925 and § 2804 lack any practical distinction other than her dissatisfaction with the outcome of *Stevens & Co.* (where this Court did not permit a California statute to invalidate a contract). *Third*, the 2021 Employment Agreement covers the statutory claims at issue. Mot. 13–16.

5

into an artificial limiter that is found nowhere in the text of the contract or the law. To the contrary, this clause plainly applies New York law to all aspects of the parties' employment relationship, which naturally (and by Abel's own admission) includes her claims for indemnification for acts purportedly undertaken within the scope of her employment. *See* Opp. 14 ("Abel seeks indemnification for losses she incurred in the discharge of her duties…."). This argument is particularly unavailing given that the contract, by its very terms, explicitly addresses Jonesworks' indemnification obligations to Abel. 2021 Employment Agreement § 10; Mot. 13–16.

Abel's attempt to avoid this common-sense conclusion by arguing that Jonesworks' obligation to indemnify her arises from statute and not contract turns the inquiry on its head. Indeed, the core question in considering her claim for indemnification—whether under the California statute or the common law—is if the actions for which Lively seeks to hold Abel liable were within the scope of Abel's employment duties. *See* Cal. Lab. C. § 2802(a) (indemnity applies to losses incurred in "discharge of [employee's] duties"); *Boatman v. Onondaga Cnty.*, 217 N.Y.S.3d 377, 379–80 (N.Y. App. Div. 2024). This, per the 2021 Employment Agreement, is to be decided under New York law, and the answer under New York law is plainly no. Mot. 18–23.

Further, the law Abel cites is inapplicable. Each case to which she cites in support of her proposition that a choice-of-law provision only applies to issues concerning the agreement, involved choice-of-law provisions *expressly* limited to that agreement, without the broader language—included in Abel's contract—that encompasses non-contractual causes of action. Opp. 14–15. And *Fleetwood Servs. v. Ram Cap. Funding* cuts against Abel's position and reinforces that courts are willing to interpret choice-of-law clauses broadly, as the court there applied the clause to a usury claim, treating it as within the scope of the contract. 2022 WL 1997207, at *17 (S.D.N.Y. June 6, 2022).

6

Lastly, Abel cannot rely on this Court's decision in *Stevens & Co.*, to support her argument that the 2021 Employment Agreement's choice of law clause does not reach Abel's California statutory cause of action for indemnification. Opp. 14–15. *First*, the choice of law clause in *Stevens & Co.* applied **only** to "[t]his Agreement." *Stevens & Co.*, 2025 WL 950989 at *10. It did not include the broader "obligations hereunder" language present here, and the Employment Agreement should not be interpreted in a manner that renders that language superfluous. *See Garza v. Marine Transport Lines, Inc.*, 861 F.2d 23, 27 (2d Cir. 1988). *Second*, unlike the clause at issue in *Stevens & Co.* and contrary to Abel's argument, the choice of law clause here is not "narrowly restricted." Opp. 14. In fact, courts interpreting similar clauses have recognized that they are "relatively broad." *Fleetwood Servs.*, 2022 WL 1997207, at *17; *see also Mayaguez S.A. v. Citigroup, Inc.*, 2018 WL 1587597, at *10 (S.D.N.Y. Mar. 28, 2018) (discussing "much broader" clauses that include application to "enforcement of the rights and duties of the parties" to a contract). And third, unlike Abel's indemnification claim, which necessarily relies entirely on her obligations under the Employment Agreement, the statutory claims at issue in *Stevens & Co.*—including California's minimum wage, requirement to provide pay stubs, and anti-retaliation law—stood on their own. *See Stevens & Co.*, 2025 WL 950989 at *10. Abel's effort to retroactively narrow the scope of her contract should be rejected and New York law should be applied to dismiss Abel's California statutory claim.

### C. The Indemnification Abel Agreed to—Not the One She Now Wishes She Had Agreed To—Controls

Abel next argues that she is entitled to common law indemnification from Jonesworks in spite of agreeing to a narrower contractual indemnification provision. Opp. 16-17. She is wrong. "When presented with an unambiguous written agreement expressing the parties' intent to limit a common law obligation, courts give effect to the parties' expressed written intent. *CSC Sci. Co. v.*

7

*Manorcare Health Servs., Inc.*, 867 F. Supp. 2d 368, 378 (S.D.N.Y. 2011).

Dodging this principle, Abel instead attacks a strawman and argues that the "***mere existence*** of an indemnity provision does not indicate an intent to replace common-law liability with contractual liability." *Hawthorne v. South Bronx Cmty. Corp.*, 582 N.E.2d 586, 588 (N.Y. 1991) (emphasis added); *see* Opp. 16. But, the Employment Agreement Abel executed does not merely contain an indemnification provision; it explicitly defines and limits the scope of the indemnification obligations required by both parties: it extends only to "liability, claims, costs, damages, and expenses…arising out of or in connection with any breach by Company of the terms of [the] Agreement…." 2021 Employment Agreement § 10.1. And where a written contract "define[s] indemnification obligations … a party seeking indemnification cannot 'circumvent[]' the agreement 'by proceeding under an equitable theory of common law indemnification.'" *Emps. Ins. Co. of Wausau v. Harleysville Ins. Co*, 759 F. Supp. 3d 344, 356–57 (E.D.N.Y. 2024). Abel, dissatisfied with her contractual bargain, must nevertheless "lie on the bed [she] made." *Metro. Life Ins. Co. v. Noble Lowndes Int'l, Inc.*, 84 N.Y.2d 430, 436 (N.Y. App. Div. 1994). Because Abel does not allege that Jonesworks breached any provision under the Employment Agreement (because it did not), she has no viable claim for indemnification.

### III.    Abel Does Not Plausibly Allege That Her Harmful Conduct Was Within the Scope of Her Employment

Abel's entirely unsupported arguments that she was acting within the scope of her employment are without merit. Opp. 17–22. *First*, Abel offers no case law supporting her wishful argument that her express defiance of Jonesworks' instructions and quest for personal enrichment were within the scope of her employment. This is because the case law uniformly holds that an employee pursuing her own interests is ***not*** acting in the scope of her employment. *See, e.g.*, *Danner-Cantalino v. City of New York,* 926 N.Y.S.2d 109, 110–11 (N.Y. App. Div. 2011).

*Second*, Abel points to a host of her conclusory allegations without even acknowledging that those allegations are contradicted by her more specific factual allegations. For example, Abel seeks to rely on her conclusory assertion that she, along with Melissa Nathan, conducted a smear campaign against Lively "in obedience to Jonesworks' directions," Opp 18 (quoting Am. Third Party Compl. ¶ 32), but ignores that she pleads elsewhere that Jonesworks expressly told her not to hire Nathan. *See* Am. Countercl. ¶ 76. As detailed above in Section I, Abel cannot make inconsistent pleadings across related matters simply to avoid a motion to dismiss.

*Third*, Abel's effort to distinguish Jonesworks' case law is unpersuasive. *See* Opp. 21. For example, in *Bracero v. State*, 81 Misc.3d 1214(A), 2023 N.Y. Slip Op. 51336 (U) (N.Y. Ct. Cl. 2023), the employee—a prison guard—had duties that necessarily involved the application of physical force to prisoners. As the court concluded, however, that ***did not mean*** that any and every application of physical force to a prisoner was within the scope of his employment. *Id.* at *2-4 That Abel elected to inflict harm on Lively through a smear campaign rather than physical harm is a distinction without a difference. Her actions nonetheless constituted a "significant departure from the normal methods of performance" of her duties at Jonesworks. *Id.* at *6. Her unsupported and conclusory assertion that her actions were nothing but "regular public relations activities," Opp. 22, does no change this, especially where those activities were carried out in express defiance of her employer's instructions. *See* Am. Countercl. ¶ 76. Nor does Abel's argument that *Bracero* and *Danner-Cantalino v. City of New York*, 926 N.Y.S.2d 109, 110–11 (N.Y. App. Div. 2011), were decided on summary judgment rather than a motion to dismiss hold water, as Abel's allegations themselves confirm that her case is analogous and no indemnification can apply. No amount of conclusory assertions or strained distinctions can salvage her claim for indemnification.

## IV.    Abel's Contribution Claim Alleges None of the Required Elements

In defense of her contribution claim, Abel argues that "in over a dozen detailed

paragraphs," she alleges that Jonesworks directed Abel to provide public relations services to Wayfarer and Baldoni, for which Lively sued her, and as a result, Jonesworks "contributed to the same alleged injuries about which Lively complains." Opp. 23. This argument is unavailing. *First*, Abel's argument confirms that she is not alleging that Jonesworks engaged in any independently tortious conduct that contributed to the harm Lively suffered, as is the purpose of a claim for contribution, *Garrett v. Holiday Inns, Inc.*, 450 N.Y.S.2d 619, 621 (N.Y. App. Div. 1982), but merely repeating her indemnification arguments under a new title. This fails for all of the reasons set forth in the Motion and this Reply—and, by bringing both claims, Abel jeopardizes recovery on either one. *See Amusement Indus., Inc. v. Stern*, 693 F. Supp. 2d 319, 326–27 (S.D.N.Y. 2010); *Monaghan v. SZS 33 Assocs., L.P.*, 73 F.3d 1276, 1284 (2d Cir. 1996).

*Second*, Abel's attempt to sidestep her failure to plead a contribution claim, Opp. 22–23, is meritless. Abel must allege that that Jonesworks owed Lively a duty and that a breach of that duty contributed to the harm. *Garcia v. Black Sea Props., LLC*, 210 N.Y.S.3d 855, 861 (N.Y. App. Div. 2024). Abel has failed to make either of these showings, and does not argue otherwise. In fact, the word "duty" is not mentioned in her Amended Third Party Complaint, which alone is dispositive. *Steinberg v. Sherman*, 2008 WL 2156726, at *6 (S.D.N.Y. May 8, 2008) (contribution claim required pleading specific facts supporting existence of duty). And absent any allegations of a duty, it is unsurprising that Abel likewise fails to adequately allege a breach of any duty. Abel's conclusory allegations and arguments that Jonesworks' "contributed" to Lively's injury are meaningless absent a clear articulation of duty and breach. *See* Opp. 23; *see also Perkins Eastman Architects, P.C. v. Thor Eng'rs, P.A.*, 769 F. Supp. 2d 322, 327 (S.D.N.Y. 2011). Without plausible allegations of any of the elements of a contribution claim, that claim should be dismissed.

## CONCLUSION

For all of these reasons, and those in Jonesworks' motion, that motion should be granted.

DATED: June 3, 2025

                    QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Kristin Tahler*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Kristin Tahler
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000
kristintahler@quinnemanuel.com

Maaren A. Shah
Danielle Lazarus
295 5th Avenue
New York, New York 10016
(212) 849-7000
maarenshah@quinnemanuel.com
daniellelazarus@quinnemanuel.com

Nicholas Inns (*pro hac vice*)
1300 I Street NW
Suite 900
Washington, D.C. 20005
(202) 538-8000
nicholasinns@quinnemanuel.com

*Attorneys for Plaintiffs Stephanie Jones and Jonesworks, LLC*