```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
BLAKE LIVELY,                                                      :
                                                                   :
                              Plaintiff,                           :    24-cv-10049 (lead case);
                                                                   :         25-cv-449
        -v-                                                        :
                                                                   :    MEMORANDUM AND
WAYFARER STUDIOS LLC, JUSTIN BALDONI,                              :         ORDER
JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH                          :
US MOVIE LLC, MELISSA NATHAN, THE AGENCY                           :
GROUP PR LLC, JENNIFER ABEL, JED WALLACE,                          :
STREET RELATIONS INC.,                                             :
                                                                   :
                              Defendants.                          :
                                                                   :
-------------------------------------------------------------------X
                                                                   :
WAYFARER STUDIOS LLC, JUSTIN BALDONI,                              :
JAMEY HEATH, IT ENDS WITH US MOVIE LLC,                            :
MELISSA NATHAN, JENNIFER ABEL, STEVE                               :
SAROWITZ,                                                          :
                                                                   :
                              Plaintiffs,                          :
                                                                   :
        -v-                                                        :
                                                                   :
BLAKE LIVELY, RYAN REYNOLDS, LESLIE                                :
SLOANE, VISION PR, INC., THE NEW YORK TIMES                        :
COMPANY,                                                           :
                                                                   :
                              Defendants.                          :
                                                                   :
-------------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Jonesworks LLC and Stephanie Jones (collectively, "Jonesworks")[1] move for a protective order prohibiting the Wayfarer Parties[2] from enforcing a subpoena (the "Subpoena") dated February 25, 2025, and served on third-party Edgeworth Security Services LLC ("Edgeworth"). Dkt. No. 199. The motion is granted.

Jonesworks hired Edgeworth in mid-2024 in connection with its obtaining legal advice and preparing for potential litigation. *Id.* at 2. Jonesworks argues that the documents sought by the Subpoena are protected by the attorney-client privilege and the attorney work product doctrine. *Id.* at 3. The Wayfarer Parties do not dispute that the documents it seeks constitute attorney-client communications or attorney work product. Dkt. No. 204. They argue that the documents are producible under the crime-fraud exception to the attorney-client privilege and attorney work production doctrine. *Id.* In particular, the Wayfarer Parties assert that Edgeworth falsely imprisoned Defendant Jennifer Abel and then improperly obtained her private communications and data. *Id.* at 1–2.

"A party seeking to invoke the crime-fraud exception must demonstrate that there is probable cause (1) 'that the client communication or attorney work product in question was *itself* in furtherance of the crime or fraud' and (2) 'to believe that the particular communication with counsel or attorney work product was *intended* in some way to facilitate or to conceal the criminal activity.'" *In re Grand Jury Subpoenas Dated Sept. 13, 2023*, 128 F.4th 127, 141–42

---

[1] Jonesworks LLC is a third-party defendant in 24-cv-10049, and the third-party complaint alleges that Jonesworks LLC is an alter ego of Stephanie Jones. Dkt. No. 187 ¶ 3. The third-party complaint seeks indemnification and contribution from Jonesworks for any liability of defendant Jennifer Abel during the time she worked for Jonesworks. *See id.* ¶¶ 52–66. Jones and Jonesworks LLC are plaintiffs and counterclaim defendants in the related case 25-cv-779, in which Abel and certain of the Wayfarer Parties are defendants and/or counterclaimants. *See* Dkt. Nos. 1, 36, 39, *Jones v. Abel*, 25-cv-779.
[2] The Wayfarer Parties are Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, It Ends With Us Movie LLC, Melissa Nathan, Jennifer Abel, and Steve Sarowitz.

(2d Cir. 2025) (quoting *In re Richard Roe, Inc.*, 168 F.3d 69, 71 (2d Cir. 1999)). "A party wishing to invoke the crime-fraud exception must demonstrate that there is a factual basis for a showing of probable cause to believe that a fraud or crime has been committed and that the communications in question were in furtherance of the fraud or crime." *United States v. Jacobs*, 117 F.3d 82, 87 (2d Cir. 1997). "As the Second Circuit has stressed, to properly override the privilege, a court must determine whether each communication at issue was made in furtherance of a crime or fraud." *Danisco A/S v. Novozymes A/S*, 427 F. Supp. 2d 443, 444–45 (S.D.N.Y. 2006) (Lynch, J.).

The Wayfarer Parties have not demonstrated that the crime-fraud exception applies. For one, the Wayfarer Parties do not even attempt to argue that any particular communication that has been withheld was in furtherance of the conduct that they argue was criminal. Jonesworks has attached a privilege log to its motion for a protective order. Dkt. No. 199-3. The log reflects that the communications regarded requests for and reports of prelitigation consulting and forensic services relating to anticipated or ongoing defamation litigation. *Id.* Many of the communications occurred months before or after Abel was purportedly falsely imprisoned, and the Wayfarer Parties have not explained how they could have furthered any such conduct. *See id.*

For another, the Wayfarer Parties have not presented evidence to support their allegations that Jonesworks committed a crime or a fraud. *See Yutong Jin v. Choi*, 2021 WL 738843, at *4 (S.D.N.Y. Feb. 24, 2021). Because a party seeking to breach the privilege must provide a "factual basis for a showing of probable cause to believe that a fraud or crime has been committed," this in itself provides grounds to reject the Wayfarer Parties' argument. *United States v. Jacobs*, 117 F.3d 82, 87 (2d Cir. 1997), *abrogated on other grounds by Loughrin v.*

3

*United States*, 573 U.S. 351 (2014); *see Richards v. Kallish*, 2023 WL 8111831, at *10 (S.D.N.Y. Nov. 22, 2023) ("[A] party must establish a factual basis, supported with evidence, showing probable cause that a crime or fraud has been committed."); *Conopco, Inc. v. Wein*, 2007 WL 1859757, at *8 (S.D.N.Y. June 28, 2007) ("[T]he allegations in the Complaint cannot suffice to establish probable cause to believe that a fraud was perpetrated.").[3]

The motion for a protective order prohibiting the Wayfarer Parties from enforcing the Subpoena is GRANTED.

The Clerk of Court is respectfully directed to close Dkt. Nos. 198 and 199.

SO ORDERED.

Dated: June 5, 2025
New York, New York

_____
LEWIS J. LIMAN
United States District Judge

---

[3] The Wayfarer Parties have provided evidence of an action filed in New York state court by "Vanzan, Inc.," a corporation purportedly associated with Lively, against "Does 1-10." Dkt. No. 204-1. The Wayfarer Parties assert (without providing evidence) that this action was filed solely in order to allow Vanzan, Inc. to subpoena Jonesworks for Abel's communications under New York law. Dkt. No. 204-1. This does not provide probable cause to believe that the identified communications between Edgeworth and Jones or Jonesworks were in furtherance of a crime or fraud.