# Jackson Walker LLP

Charles L. Babcock
(713) 752-4210 (Direct Dial)
(713) 308-4110 (Direct Fax)
cbabcock@jw.com

June 5, 2025

**VIA ECF**
The Honorable Lewis J. Liman
Danial Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

        **Re:**  *Lively v. Wayfarer Studios LLC*, *et al.*, Case No. 1:24-cv-10049-LJL;
              Jed Wallace's and Street Relations, Inc.'s Motion for Stay Discovery Against Them Pending Resolution of Their Motions to Dismiss or, in the Alternative, Motion to Sever and to Transfer Venue ("Motion")

Dear Judge Liman:

We represent Defendants Jed Wallace ("Wallace") and Street Relations, Inc. ("Street") (collectively "Wallace Defendants") who request for good cause a stay of discovery against them pending resolution of the issues, including the Court's jurisdiction, raised in their fully briefed, pending Motion to Dismiss, Dkt. 139; Dkt. 141 (Memorandum of Law) ("Motion"); Reply, Dkt. 170.

To evaluate "good cause," the Court considers: "(1) the breadth of discovery sought and the burden of responding to it; (2) the prejudice, if any, to the opposing party of an order granting a stay; and (3) the strength of the motion." *McSweeney v. Cohen*, No. 24-CV-1503 (LJL), 2024 WL 4108539, at *1 (S.D.N.Y. Sept. 5, 2024); *see also Hong Leong Finance Limited (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013).

As the Court may recall, Wallace and Street were late added as Defendants by Lively ("Lively" or "Plaintiff") through her amended complaint. Dkt. 84 (February 18, 2025). Discovery has proceeded by and against the Wayfarer Parties, who Lively continues to define as *including* Wallace and Street, who are an individual and his small company from rural Texas. This has caused the Wallace Defendants to participate in discovery that, in large part, has nothing to do with them, but which will continue to require their substantial attention. On Friday, my clients were asked to consent to a deposition protocol for 40 depositions in the consolidated cases which, if the maximum amount of time allowed by the rules is consumed, would amount to 280 hours of deposition testimony far from their home in Texas. It should be noted that the Wallace defendants have no affirmative claims pending in the consolidated cases.

This "motion for a stay [is] supported by substantial arguments for dismissal." *Hong Leong*, 297 F.R.D. at 72. Three substantial arguments support the strength of this request: jurisdiction, venue, and the merits.

The first substantial argument is jurisdictional. This Court does not have personal jurisdiction over Wallace and Street, which has been fully briefed. Motion at 7–12; Reply at 3–8. Wallace submitted a declaration that he is not domiciled and Street is not incorporated in New York, so there is no general jurisdiction. *See* Motion at 9–10. It further lays out how neither Wallace nor Street have contacts to New York arising out of or related to the causes of actions. *See* Motion at 7–9. And the Motion attacked Lively's conspiracy theory of jurisdiction as inadequately pled. Motion at 10–12; Reply at 3–8. And even if pled, Wallace's declaration controverts each of Lively's jurisdictional allegations, which Lively left unrebutted. *See* Reply at 5–6. So Wallace and Street have a substantial argument that this Court lacks personal jurisdiction over them.

The second substantial argument is about venue. Lively ignores that a plaintiff bears the burden of showing that venue is proper for *each* claim against *each* defendant. Motion at 13; Reply at 8. And that burden is defendant-focused. Motion at 13; Reply at 8. Again, Lively relies on a conspiracy theory of venue that is unsupported by her chosen case law. *See* Reply at 8. Venue is a substantial argument for Wallace and Street.

The third substantial argument is about the merits. Lively asserted three claims against Wallace Defendants: (1) IIED (Tenth Cause of Action, Dkt. 84 at 129); (2) False Light Invasion of Privacy (Twelfth Cause of Action, Dkt. 84 at 134 ECF page); and (3) Aiding and Abetting Harassment and Retaliation in Violation of California Law (Seventh Cause of Action, Dkt. 84 at 126). Wallace and Street were advised Friday that Ms. Lively is dropping her IIED claim, leaving only two claims against the Wallace Defendants. False light invasion of privacy is not recognized in either New York where Ms. Lively lives or Texas, home of the Wallace Defendants. Motion at 16–17; Reply at 11–12. For the second, Aiding and Abetting Harassment and Retaliation in Violation of California Law, Lively fails to plead that Wallace and Street were aware of the sexual harassment or that they knew the "astroturfing" that Lively (falsely) alleges was in retaliation for that sexual harassment claim, a required element. *See* Motion at 18–19; Reply at 12–13.

The growing burden and breadth of discovery, including dozens of depositions, warrants a stay. Lively has already served interrogatories on the Wallace Defendants who timely responded, while maintaining their jurisdictional objections. That discovery was mostly narrow and in large part not burdensome. Around the same time, Lively's husband,[1] through the same counsel, served a Rule 45 subpoena for documents to which Wallace and Street have also responded, despite the suspect use of competing discovery procedures. We told counsel during our June 3 meet and confer about this request that it seems like even Lively sees the Wallace Defendants as ancillary to this dispute because there have been no further discovery requests served on them. The overreaction was swift. Late last night, Lively rejected the request to stay and served a stunning 98 document requests and 16 interrogatories. They are broad. In one, Lively requests "[a]ll Documents and Communications concerning any Wayfarer Defendant." But Lively includes the Wallace Defendants in the definition of Wayfarer Defendant. So any "Document[] and Communication[]" Wallace and Street have touched since July 1, 2024 to now should be produced. This is as broad as discovery can get.

Lively's discovery intrudes on the Wallace Defendants' work on highly confidential matters and is full of personal, private information for their numerous clients. The "fact that 'a significant portion

---

[1] Ryan Reynolds is a defendant in the consolidated case brought by the Wayfarer Parties (not Wallace and Street).

of discovery will include sensitive information' increases burden of discovery,'" as that information will require the Wallace Defendants to seek protection, filter out such information for irrelevance, or designate appropriately. *See* Dkt. 118 (quoting *BAE Sys. Info. & Elec. Sys. Integration Inc. v. L3 Harris Cincinnati Elecs. Corp.*, 2023 WL 4187489, at *1 (S.D.N.Y. June 26, 2023)). Prying into Wallace's and Street's work with sensitive clients interferes with Wallace's and Street's ability to make a living because of the risks their clients will perceive (perhaps intentionally so). *See* Dkt. 118 (citing *Spencer Trask Software & Info. Servs. LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 n.1 (S.D.N.Y. 2002) (jeopardizing delicate business relations could cause irreparable harm)). And such far-reaching discovery like this is irrelevant to Lively's case.

As for prejudice, pending and likely future discovery against other Defendants is broad—to date, 37 sets of interrogatories and 48 sets of requests for production have been exchanged. But the discovery has little to do with the Wallace Defendants who were, even if Lively's allegations are true, only involved in this matter for approximately three months commencing in August of 2024, long after the alleged sexual harassment took place.

In any event, Plaintiff will suffer no prejudice if a stay is granted as to the Wallace Defendants until the Motion to Dismiss is ruled upon. Discovery as to them can take place at the end of the discovery period in the (we think unlikely) event the Motion is denied.

Before involving the Court, Wallace and Street conferred with counsel for Lively on June 3. Lively asked for time to consider the request. Wallace and Street confirmed they would wait to file, as requested, until Lively could propose a written response. Late last night, Lively's counsel informed Wallace and Street that Lively is opposed and served well over 100 requests to Wallace and Street.

All the good cause factors weigh in the Wallace Defendants' favor. We appreciate the Court's attention to these matters.

Respectfully submitted,

Charles L. Babcock
SDNY #5451117
Joel R. Glover
SDNY #5697487
JACKSON WALKER LLP
1401 McKinney, Suite 1900
Houston, TX 77010
(713) 752-4200
cbabcock@jw.com
jglover@jw.com

cc: all counsel of record (via ECF)