# Jackson Walker LLP

Charles L. Babcock
(713) 752-4210 (Direct Dial)
(713) 308-4110 (Direct Fax)
cbabcock@jw.com

March 19, 2025

> The motion to seal is granted.  The privacy interest in medical information outweighs the right of public access as to the limited redactions sought.
>
> Date: 6/6/25
>
> SO ORDERED.
> LEWIS J. LIMAN
> United States District Judge

**VIA ECF**
The Honorable Lewis J. Liman
Danial Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**Re:** *Lively v. Wayfarer Studios LLC*, *et al.*, Case No. 1:24-cv-10049-LJL;
**Unopposed** Motion to Redact and Seal Personal Medical Information

Dear Judge Liman,

    We represent Defendants Jed Wallace and Street Relations, Inc. Under Local Rule 7.1(e) and the Court's Individual Practices in Civil Cases 1.C, we write to request the Court allow to file redacted and sealed copies of documents. In Wallace's and Street's Memorandum of Law in Support of their Rule 12 Motion and Motion to Transfer Venue and the accompanying Jed Wallace declaration, both documents will contain sensitive personal medical information about Mr. Wallace. **This letter motion is unopposed.** *See* Liman Individual Practices 1.C ¶3.

    "Personal medical information implicates significant privacy interests that overcome the strong presumption of public access[.]" *Thor Equities, LLC v. Factory Mut. Ins. Co.*, No. 20 CIV. 3380 (AT), 2023 WL 6382684, at *1 (S.D.N.Y. Sept. 29, 2023); *Hanks v. Voya Ret. Ins. and Annuity Co.*, No. 16-CV-6399 (PKC), 2021 WL 2451981, at *2 (S.D.N.Y. June 16, 2021) ("protecting personal medical information outweigh[s] the public's right to access this information [when the redactions are] narrowly tailored."). *But see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006) ("Where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches."). The Court and parties here already view information like this as Attorneys' Eyes Only information under this case's protective order. *See* Dkt. 125 (Protective Order) ¶1.c ("The following categories of information may be designated 'Attorneys' Eyes Only': . . . c. Medical information of parties or third parties[.]").

    What is sealed will be limited, tailored only to personal medical information. In the Memorandum, we redact one paragraph—less than 1% of the memorandum, 46 words out of about 6600 words in the body—dedicated to Mr. Wallace's condition. For Mr. Wallace's declaration, we redact only the paragraphs that describe his health issues.

Accordingly, we respectfully ask the Court grant this *unopposed* letter motion to seal and redact Mr. Wallace's personal medical information in Mr. Wallace's Memorandum of Law in Support of his Rule 12 Motion to Dismiss and Transfer Venue and Mr. Wallace's declaration.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Charles L. Babcock*

Charles L. Babcock
SDNY #5451117
Joel R. Glover
SDNY #5697487
JACKSON WALKER LLP
1401 McKinney, Suite 1900
Houston, TX 77010
(713) 752-4200
cbabcock@jw.com
jglover@jw.com

cc: all counsel of record (via ECF)