# EXHIBIT D

Jamey Heath's Responses and Objections to Ryan Reynolds' First Set of Interrogatories

Filed Under Seal

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

BLAKE LIVELY,

                Plaintiff,

v.

WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, THE AGENCY GROUP PR LLC, and JENNIFER ABEL,

                Defendants.

Civ. Action No. 1:24-cv-10049-LJL
(Consolidated for pretrial purposes
with 1:25-cv-00449-LJL)
rel. 1:25-cv-00449-LJL

------------------------------------------------------------------ x

JENNIFER ABEL,

                Third-Party Plaintiff,

v.

JONESWORKS LLC,

                Third-Party Defendant.

------------------------------------------------------------------ x

WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, JENNIFER ABEL, and STEVE SAROWITZ,

                Plaintiffs,

v.

BLAKE LIVELY, RYAN REYNOLDS, LESLIE SLOANE, VISION PR, INC., and THE NEW YORK TIMES COMPANY,

                Defendants.

------------------------------------------------------------------ x

<u>**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**</u>

**DEFENDANT/CONSOLIDATED PLAINTIFF JAMEY HEATH'S RESPONSES AND OBJECTIONS TO CONSOLIDATED DEFENDANT RYAN <u>REYNOLDS' FIRST SET OF INTERROGATORIES</u>**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Civil Rules of the Court, Defendant/Consolidated Plaintiff Jamey Heath ("Heath" or "Responding Party"), by and through his attorneys, hereby objects and responds to Consolidated Defendant Ryan Reynolds' ("Reynolds" or "Propounding Party") First Set of Interrogatories.

**I.**

<u>**GENERAL OBJECTIONS**</u>

Responding Party makes the following general objections ("General Objections") to Propounding Party's Interrogatories. These General Objections are hereby incorporated into each specific response. The assertion of the same, similar, or additional objections or the provision of partial responses to each of the individual interrogatories does not waive or modify any of Responding Party's General Objections. Responding Party provides the following objections and responses without waiving his right to present evidence at trial of any later-ascertained facts.

1. Responding Party objects to each Interrogatory to the extent that it seeks information that is not relevant to any claim or defense or proportional to the needs of the case.

2. Responding Party objects to each Interrogatory to the extent that it purports to impose on Responding Party obligations broader than, or inconsistent with, those imposed by the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of the United States District Court for the Southern District of New York, or by any other applicable law or protocol governing discovery obligations in the above-captioned action.

3. Responding Party objects to each Interrogatory to the extent that it seeks discovery of any confidential information or communication that is protected from disclosure by the attorney-

Docusign Envelope ID: 202C2C25-BCC6-4039-AA28-87C0B66D8F40
Case 1:24-cv-10049-LJL    Document 294-3    Filed 06/06/25    Page 4 of 19

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

client privilege, the work product doctrine, or any other applicable privilege, immunity, or exception. Nothing contained in these responses, or any inadvertent production or identification of documents made in response to these interrogatories, is intended as, or shall in any way be deemed, a waiver of the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege, immunity, or exception.

4. Responding Party objects to each Interrogatory to the extent that it is overbroad or unduly burdensome. Responding Party further objects to the extent that Propounding Party seeks to require Responding Party to provide information other than that which may be obtained through a reasonably diligent search of his own records.

5. Responding Party objects to each Interrogatory to the extent it seeks information that is not in Responding Party's possession, custody or control.

6. Responding Party objects to each Interrogatory to the extent it would require Responding Party to produce information covered by confidentiality agreements or protective orders with others, or that constitute an unwarranted invasion of the affected persons' constitutional, statutory and/or common-law rights of privacy and confidentiality.

7. Responding Party objects to each Interrogatory to the extent it seeks confidential commercial, financial, and/or proprietary business information, trade secrets, and/or any other non-public information protected from disclosure by law, court order, or agreement respecting confidentiality or non-disclosure or requires the disclosure of confidential or proprietary business information of third parties which Responding Party is obligated to protect.

8. Responding Party objects to Propounding Party's Interrogatories as unduly burdensome to the extent that they seek information or documents that are publicly available,

equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

9. Responding Party objects to each Interrogatory insofar as it is unreasonably cumulative, duplicative, repetitive, redundant, or overlapping of other interrogatories.

10. Responding Party objects to each Interrogatory to the extent that it, or any word or term used therein, is vague, ambiguous, compound, confusing, unintelligible, unclear, subject to different interpretations, and/or lacking in definition.

11. Responding Party objects to each Interrogatory to the extent that it is unlimited in temporal scope or contains overly broad time limitations or periods that are not relevant to any claim or defense or proportional to the needs of the case.

12. Responding Party objects to each Interrogatory to the extent that it assumes, relies on, or seeks disputed facts or legal conclusions or opinions. Responding Party denies any such disputed facts or legal conclusions or opinions to the extent assumed, relied on, or sought by each Interrogatory. Any response or objection by Responding Party to any such Interrogatory is without prejudice to this objection.

13. In responding and objecting to each Interrogatory, Responding Party does not concede that any information sought or provided is relevant to the claims of any party, proportional to the needs of this case, or admissible in evidence.

14. Responding Party objects to each Interrogatory to the extent that it exceeds the scope of interrogatories set forth in Local Civil Rule 33.3(a).

15. Nothing herein, or in any response, shall be construed as an admission by Responding Party regarding the admissibility of any fact, or as an admission as to the truth or accuracy of any information or documents provided in response to these Interrogatories. In

Docusign Envelope ID: 202C2C25-BCC6-4039-AA28-87G0B66D8F40
Case 1:24-cv-10049-LJL    Document 294-3    Filed 06/06/25    Page 6 of 19

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

providing responses to each Interrogatory, Responding Party does not in any way waive any objections Responding Party may later assert, including but not limited to competency, relevancy, materiality, and admissibility. Responding Party expressly reserves the right to object to the use of any responses below in any subsequent proceedings or any other action. Responding Party further reserves the right to object to additional discovery into the subject matter of the Interrogatory.

16. Responding Party has responded to each Interrogatory based upon his understanding of each Interrogatory and recollection as of the date these responses are served. Responding Party's responses herein are based on his present knowledge, information, and belief following his diligent search and reasonable inquiry. Discovery and investigation are ongoing, and Responding Party reserves the right to amend, correct, supplement, or clarify his responses based upon, among other things, further investigation, discovery of additional facts or information, or developments in this action or in related law, particularly in view of Propounding Party's failure to comply with the Local Rules.

## II.

## OBJECTIONS TO INSTRUCTIONS

1. Responding Party objects to Paragraph 2 of Propounding Party's Instructions to the extent it instructs Responding Party to gather information from his "agents, employees, representatives, or investigators (including but not limited to experts) . . . present or former attorneys or [his] agents, employees, representatives or investigators; or by any other person or legal entity controlled by or in any other manner affiliated with [him]" that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege and/or any other applicable privilege or immunity. Responding Party further objects to this

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

instruction to the extent that it requires Responding Party to produce duplicative or cumulative information. Responding Party will only produce information that is in his possession, custody, or control, as required under the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of the United States District Court for the Southern District of New York, or by any other applicable law or protocol governing discovery obligations in this action.

### III.

### OBJECTIONS TO DEFINITIONS

1.    Responding Party objects to Propounding Party's definition of "Bryan Freedman" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Bryan Freedman, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Bryan Freedman" to mean Bryan Freedman.

2.    Responding Party objects to Propounding Party's definition of "Content Creator" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes "any individual or entity who seeds, generates, creates, or influences Social Media content or provides related digital services."

3.    Responding Party objects to Propounding Party's definition of the term "Digital Campaign," as it is vague, ambiguous, and overbroad in that it includes all "efforts … to communicate information regarding" a laundry list of subjects/topics. The definition is also vague and ambiguous because it is unclear what is meant by "narrative or virality," including how this

Docusign Envelope ID: 202C2C25-BCC6-4039-AA28-87G0B66D8F40
Case 1:24-cv-10049-LJL    Document 294-3    Filed 06/06/25    Page 8 of 19

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

phrase fits into the overall definition as constructed. The definition is further objectionable on the basis that it includes several subjective, ambiguous, and undefined qualifiers such as "seed, influence, boost, amplify, or engage with social media algorithms, narrative or virality"; and it incorporates the definition "Social Media," which is itself overbroad, vague, and ambiguous (including the phrase, "[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.").

4. Responding Party objects to Propounding Party's definition of "IEWU LLC" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only It Ends With Us Movie LLC, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "IEWU LLC" to mean It Ends With Us Movie LLC.

5. Responding Party objects to Propounding Party's definition of "Jonesworks" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Jonesworks LLC, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the

Docusign Envelope ID: 202C2C25-BCC6-4039-AA28-87G0B66D8F40
Case 1:24-cv-10049-LJL    Document 294-3    Filed 06/06/25    Page 9 of 19

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Jonesworks" to mean Jonesworks LLC.

6. Responding Party objects to Propounding Party's definition of "Liner Freedman Taitelman + Cooley" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Liner Freedman Taitelman + Cooley LLP, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Liner Freedman Taitelman + Cooley" to mean Liner Freedman Taitelman + Cooley LLP.

7. Responding Party objects to Propounding Party's definition of "Lively/Reynolds Companies" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Ms. Lively and Mr. Reynolds's affiliated entities (Betty Buzz LLC, Blake Brown, Aviation Gin, Mint Mobile, and Maximum Effort Productions), but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Lively/Reynolds Companies" to mean Betty Buzz LLC, Blake Brown, Aviation Gin, Mint Mobile, and Maximum Effort Productions.

8. Responding Party objects to Propounding Party's definition of the term "Marketing Plan," as it is vague, ambiguous, and overbroad in that it includes "any advertising, promotional, publicity or marketing materials (such as, without limitation, themes, market testing, research,

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

summaries, talking points, trailers or teasers, posters, social media posts, and screen, radio, digital or television advertising)," none of which is properly and narrowly defined and the production of which would be unnecessarily burdensome and not proportional to the needs of the case or relevant to the claim or defense of any party.

9.  Responding Party objects to Propounding Party's definition of the term "Social Media," as it is vague, ambiguous, and overbroad in that it includes "any digital platform, forum, website, application, online service, or other platform," none of which is properly and narrowly defined and the production of which would be unnecessarily burdensome and not proportional to the needs of the case or relevant to the claim or defense of any party, and further objects to "on which persons can create, transmit, share, communicate, exchange content, or comment upon any information, ideas, or opinions" as similarly overbroad, vague, and ambiguous, and essentially includes every possible use of the internet. Responding Party also objects to "social networking" as it is vague, ambiguous, and overbroad, and objects to catch-all phrases such as "similar to" and "Any Other Online Presence," the definition of which is itself overbroad, vague, and ambiguous, overly burdensome and not proportional to the needs of the case or relevant to the claim or defense of any party.

10. Responding Party objects to Propounding Party's definition of "Sony" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Sony Pictures Entertainment, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Sony" to mean Sony Pictures Entertainment.

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

11. Responding Party objects to Propounding Party's definition of "Street Relations" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Street Relations, Inc., but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Street Relations" to mean Street Relations, Inc.

12. Responding Party objects to Propounding Party's definition of "TAG" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only The Agency Group PR LLC, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "TAG" to mean The Agency Group PR LLC.

13. Responding Party objects to Propounding Party's definition of "Wayfarer" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Wayfarer Studios LLC, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Wayfarer" to mean Wayfarer Studios LLC.

14. Responding Party objects to Propounding Party's definition of "WME" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

party's claim or defense or proportional to the needs of the case in that the definition includes not only William Morris Endeavor Entertainment Agency, but also unidentified officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "WME" to mean William Morris Endeavor Entertainment Agency.

15. Responding Party objects to Propounding Party's definition of "You," "Your," and "Yours" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Jamey Heath but also unidentified persons or entities acting or purporting to act on his behalf and anyone on whose behalf he is acting, regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the terms "You," "Your," and "Yours" to mean Jamey Heath.

**IV.**

**RESPONSES TO PROPOUNDING PARTY'S INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify all legal complaints raised and/or brought against You, whether in court, arbitration, before a government agency, or addressed to You prior to filing for purposes of settlement or dispute resolution, concerning allegations of harassment, discrimination, hostile work environment, or other unlawful conduct in the last ten years.

**RESPONSE TO INTERROGATORY NO.1:**

Responding Party incorporates by reference his general objections as if fully set forth in response to this Interrogatory. Responding Party objects to this Interrogatory to the extent it is not

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Interrogatory on the grounds that it is overbroad. Responding Party further objects to this Interrogatory on the grounds that it is intended to harass, oppress, embarrass and annoy Responding Party. Responding Party further objects to this Interrogatory on the grounds that it is vague as to "legal complaints," "allegations," "harassment," "hostile work environment," and "unlawful conduct." Responding Party further objects to this Interrogatory on the grounds that it contains a compound, conjunctive, or disjunctive question(s). Responding Party further objects to this Interrogatory to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Interrogatory to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. In light of the foregoing objections, Responding Party will not respond to this Interrogatory at this time. Responding Party states that he is willing to meet and confer with Propounding Party regarding this Interrogatory.

**INTERROGATORY NO. 2:**

Identify all messaging platforms, including but not limited to ephemeral messaging platforms, that You have used to communicate with any Person concerning Ms. Lively, Mr. Reynolds, the Digital Campaign, or the Actions. For purposes of this Interrogatory, the relevant time period shall be January 1, 2024 through the present.

**RESPONSE TO INTERROGATORY NO.2:**

Responding Party incorporates by reference his general objections as if fully set forth in response to this Interrogatory. Responding Party objects to this Interrogatory to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Party further objects to this Interrogatory on the grounds that it is vague as to "messaging platforms" and "communicate." Subject to and without waiving the aforementioned objections, and subject to Responding Party's understanding of "messaging platform" and "communicate," Responding Party responds as follows:

Email, iMessage, and Signal.

**INTERROGATORY NO. 3:**

Identify any email account from May 1, 2024 to date, for which You provided access to any third party, including but not limited to Content Creators or the media, to communicate information of any kind, including messaging, talking points, guidelines, scripts, or other information, regarding Ms. Lively, Mr. Reynolds, the Digital Campaign, the CRD Complaint, or the Actions. For the sake of clarity, "provided access to" shall include any method by which access may be provided, including but not limited to by sharing the email account password or screen sharing the contents of any email folder.

**RESPONSE TO INTERROGATORY NO.3:**

Responding Party incorporates by reference his general objections as if fully set forth in response to this Interrogatory. Responding Party objects to this Interrogatory to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Interrogatory on the grounds that it is overbroad. Responding Party further objects to this Interrogatory on the grounds that it is vague as to "email account," "access," "third party," "communicate," and "information." Responding Party further objects to this Interrogatory to the extent that it exceeds the scope of Local Civil Rule 33.3(a). In light of the foregoing objections, Responding Party will not respond to this Interrogatory at this time.

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Responding Party states that he is willing to meet and confer with Propounding Party regarding this Interrogatory.

**INTERROGATORY NO. 4:**

Identify the "executives" with whom You met on August 12, 2024 and August 13, 2024, as alleged in paragraphs 250 through 255 of the Wayfarer SDNY Complaint.

**RESPONSE TO INTERROGATORY NO.4:**

Responding Party incorporates by reference his general objections as if fully set forth in response to this Interrogatory. Responding Party objects to this Interrogatory to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Interrogatory on the grounds that it is vague as to "met." Subject to and without waiving the aforementioned objections, and subject to Responding Party's understanding of "met," Responding Party responds as follows:

These were phone calls, not in-person meetings. The participants from WME were Patrick Whitesell, Danny Greenberg, and Marie Sheehy.

**INTERROGATORY NO. 5:**

Identify all Content Creators with whom You have communicated in any manner, concerning Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, the Lively/Reynolds Companies, or the Digital Campaign from May 1, 2024 to present.

**RESPONSE TO INTERROGATORY NO.5:**

Responding Party incorporates by reference his general objections as if fully set forth in response to this Interrogatory. Responding Party objects to this Interrogatory to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Interrogatory on the grounds that it is overbroad. Responding Party

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

further objects to this Interrogatory on the grounds that it is vague as to "communicated." Responding Party further objects to this Interrogatory to the extent that it exceeds the scope of Local Civil Rule 33.3(a). In light of the foregoing objections, Responding Party will not respond to this Interrogatory at this time. Responding Party states that he is willing to meet and confer with Propounding Party regarding this Interrogatory.

### INTERROGATORY NO. 6:

Identify each Health Care Provider with whom you have received a consultation and/or treatment for any injury you attribute to Ms. Lively or Mr. Reynold's alleged conduct.

### RESPONSE TO INTERROGATORY NO.6:

Responding Party incorporates by reference his general objections as if fully set forth in response to this Interrogatory Responding Party objects to this Interrogatory to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Interrogatory on the grounds that it is vague as to "consultation and/or treatment for any injury." Responding Party further objects to this Interrogatory to the extent it seeks information that constitutes an unwarranted invasion of Responding Party's constitutional, statutory, or common-law rights to privacy and confidentiality.

Dated: April 18, 2025
        New York, NY

**MEISTER SEELIG & FEIN PLLC**

By:    */s/ Mitchell Schuster*
        Mitchell Schuster
        Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Telephone: (212) 655-3500
Email: ms@msf-law.com
            kaf@msf-law.com

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

|  |  |
|---|---|
| Dated: April 18, 2025<br>Los Angeles, CA | **LINER FREEDMAN TAITELMAN +**<br>**COOLEY, LLP** |

By: */s/ Bryan Freedman*

   Bryan J. Freedman (*pro hac vice*)
   Miles M. Cooley (*pro hac vice*)
   Theresa M Troupson (*pro hac vice*)
   Summer Benson (*pro hac vice*)
   Jason Sunshine
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Telephone: (310) 201-0005
Email: bfreedman@lftcllp.com
       mcooley@lftcllp.com
       ttroupson@lftcllp.com
       sbenson@lftcllp.com
       jsunshine@lftcllp.com

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

**VERIFICATION**

I, Jamey Heath, declare as follows:

I have read the foregoing **DEFENDANT/CONSOLIDATED PLAINTIFF JAMEY HEATH'S RESPONSES AND OBJECTIONS TO CONSOLIDATED DEFENDANT RYAN REYNOLDS' FIRST SET OF INTERROGATORIES** and know its contents.

I am a party to this action, and I make this verification on my behalf. The matters stated in the foregoing document are true to my own knowledge except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States, the State of New York, and the State of California that the foregoing is true and correct.

Executed on April 18, 2025, at Maui, Hawaii.

*DocuSigned by:*
*[signature]*
A1C7ED5253DD47E...

Jamey Heath

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

**CERTIFICATE OF SERVICE**

I, Summer E. Benson, do hereby certify that I am not less than 18 years of age and that on this 18th day of April 2025, I caused a copy of the foregoing to be served on all counsel of record via email.

Dated: April 18, 2025
Los Angeles, CA

           */s/ Summer E. Benson*
           Summer E. Benson