# EXHIBIT E

Melissa Nathan's Responses and Objections to Ryan Reynolds' First Set of Interrogatories

Filed Under Seal

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x

BLAKE LIVELY,                                              :

                            Plaintiff,                    :    Civ. Action No. 1:24-cv-10049-LJL
                                                          :    (Consolidated for pretrial purposes
                                                          :    with 1:25-cv-00449-LJL)
v.                                                        :    rel. 1:25-cv-00449-LJL
                                                          :
WAYFARER STUDIOS LLC, JUSTIN BALDONI,                     :
JAMEY HEATH, STEVE SAROWITZ, IT ENDS                      :
WITH US MOVIE LLC, MELISSA NATHAN, THE                    :
AGENCY GROUP PR LLC, and JENNIFER ABEL,                   :
                                                          :
                            Defendants.                   :
                                                          :
----------------------------------------------------------------- x

JENNIFER ABEL,                                            :
                                                          :
                            Third-Party Plaintiff,        :
                                                          :
v.                                                        :
                                                          :
JONESWORKS LLC,                                           :
                                                          :
                            Third-Party Defendant.        :
                                                          :
                                                          :
                                                          :
----------------------------------------------------------------- x

WAYFARER STUDIOS LLC,                                     :
JUSTIN BALDONI, JAMEY HEATH, IT ENDS WITH                 :
US MOVIE LLC, MELISSA NATHAN, JENNIFER                    :
ABEL, and STEVE SAROWITZ,                                 :
                                                          :
                            Plaintiffs,                   :
                                                          :
v.                                                        :
                                                          :
BLAKE LIVELY, RYAN REYNOLDS, LESLIE                       :
SLOANE, VISION PR, INC., and THE NEW YORK                 :
TIMES COMPANY,                                            :
                                                          :
                            Defendants.                   :
----------------------------------------------------------------- x

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

**DEFENDANT/CONSOLIDATED PLAINTIFF MELISSA NATHAN'S RESPONSES
AND OBJECTIONS TO CONSOLIDATED DEFENDANT RYAN
REYNOLDS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Civil

Rules of the Court, Defendant/Consolidated Plaintiff Melissa Nathan ("Nathan" or "Responding

Party"), by and through her attorneys, hereby objects and responds to Consolidated Defendant

Ryan Reynolds' ("Reynolds" or "Propounding Party") First Set of Interrogatories.

## I.

## GENERAL OBJECTIONS

Responding Party makes the following general objections ("General Objections") to

Propounding Party's Interrogatories. These General Objections are hereby incorporated into each

specific response. The assertion of the same, similar, or additional objections or the provision of

partial responses to each of the individual interrogatories does not waive or modify any of

Responding Party's General Objections.  Responding Party provides the following objections and

responses without waiving her right to present evidence at trial of any later-ascertained facts.

1.      Responding Party objects to each Interrogatory to the extent that it seeks

information that is not relevant to any claim or defense or proportional to the needs of the case.

2.      Responding Party objects to each Interrogatory to the extent that it purports to

impose on Responding Party obligations broader than, or inconsistent with, those imposed by the

Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of the United

States District Court for the Southern District of New York, or by any other applicable law or

protocol governing discovery obligations in the above-captioned action.

3.      Responding Party objects to each Interrogatory to the extent that it seeks discovery

of any confidential information or communication that is protected from disclosure by the attorney-

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

client privilege, the work product doctrine, or any other applicable privilege, immunity, or exception. Nothing contained in these responses, or any inadvertent production or identification of documents made in response to these interrogatories, is intended as, or shall in any way be deemed, a waiver of the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege, immunity, or exception.

4.      Responding Party objects to each Interrogatory to the extent that it is overbroad or unduly burdensome. Responding Party further objects to the extent that Propounding Party seeks to require Responding Party to provide information other than that which may be obtained through a reasonably diligent search of her own records.

5.      Responding Party objects to each Interrogatory to the extent it seeks information that is not in Responding Party's possession, custody or control.

6.      Responding Party objects to each Interrogatory to the extent it would require Responding Party to produce information covered by confidentiality agreements or protective orders with others, or that constitute an unwarranted invasion of the affected persons' constitutional, statutory and/or common-law rights of privacy and confidentiality.

7.      Responding Party objects to each Interrogatory to the extent it seeks confidential commercial, financial, and/or proprietary business information, trade secrets, and/or any other non-public information protected from disclosure by law, court order, or agreement respecting confidentiality or non-disclosure or requires the disclosure of confidential or proprietary business information of third parties which Responding Party is obligated to protect.

8.      Responding Party objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

9.      Responding Party objects to each Interrogatory insofar as it is unreasonably cumulative, duplicative, repetitive, redundant, or overlapping of other interrogatories.

10.      Responding Party objects to each Interrogatory to the extent that it, or any word or term used therein, is vague, ambiguous, compound, confusing, unintelligible, unclear, subject to different interpretations, and/or lacking in definition.

11.      Responding Party objects to each Interrogatory to the extent that it is unlimited in temporal scope, or contains overly broad time limitations or periods that are not relevant to any claim or defense or proportional to the needs of the case.

12.      Responding Party objects to each Interrogatory to the extent that it assumes, relies on, or seeks disputed facts or legal conclusions or opinions. Responding Party denies any such disputed facts or legal conclusions or opinions to the extent assumed, relied on, or sought by each Interrogatory. Any response or objection by Responding Party to any such Interrogatory is without prejudice to this objection.

13.      In responding and objecting to each Interrogatory, Responding Party does not concede that any information sought or provided is relevant to the claims of any party, proportional to the needs of this case, or admissible in evidence.

14.      Responding Party objects to each Interrogatory to the extent that it exceeds the scope of interrogatories set forth in Local Civil Rule 33.3(a).

15.      Nothing herein, or in any responsive document production, shall be construed as an admission by Responding Party regarding the admissibility of any fact, or as an admission as to the truth or accuracy of any information or documents provided in response to these Requests.  In providing responses to each Interrogatory, Responding Party does not in any way waive any

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

objections Responding Party may later assert, including but not limited to competency, relevancy, materiality, and admissibility. Responding Party expressly reserves the right to object to the use of any responses below in any subsequent proceedings or any other action. Responding Party further reserves the right to object to additional discovery into the subject matter of the Interrogatory.

16.    Responding Party has responded to each Interrogatory based upon her understanding of each Interrogatory. Responding Party's responses herein are based on her present knowledge, information, and belief following her diligent search and reasonable inquiry. Discovery and investigation are ongoing, and Responding Party reserves the right to amend, correct, supplement, or clarify her responses based upon, among other things, further investigation, discovery of additional facts or information, or developments in this action or in related law, particularly in view of Propounding Party's failure to comply with the Local Rules.

## II.

## OBJECTIONS TO INSTRUCTIONS

1.    Responding Party objects to Paragraph 2 of Propounding Party's Instructions to the extent it instructs Responding Party to gather information from her "agents, employees, representatives, or investigators (including but not limited to experts) . . . present or former attorneys or [her] agents, employees, representatives or investigators; or by any other person or legal entity controlled by or in any other manner affiliated with [her]" that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege and/or any other applicable privilege or immunity. Responding Party further objects to this instruction to the extent that it requires Responding Party to produce duplicative or cumulative information. Responding Party will only produce information that is in her possession, custody, or

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

control, as required under the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of the United States District Court for the Southern District of New York, or by any other applicable law or protocol governing discovery obligations in this action.

### III.

### OBJECTIONS TO DEFINITIONS

1.      Responding Party objects to Propounding Party's definition of "Bryan Freedman" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Bryan Freedman, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Bryan Freedman" to mean Bryan Freedman.

2.      Responding Party objects to Propounding Party's definition of "Content Creator" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes "any individual or entity who seeds, generates, creates, or influences Social Media content or provides related digital services."

3.      Responding Party objects to Propounding Party's definition of the term "Digital Campaign," as it is vague, ambiguous, and overbroad in that it includes all "efforts … to communicate information regarding" a laundry list of subjects/topics. The definition is also vague and ambiguous because it is unclear what is meant by "narrative or virality," including how this phrase fits into the overall definition as constructed. The definition is further objectionable on the basis that it includes several subjective, ambiguous, and undefined qualifiers such as "seed,

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

influence, boost, amplify, or engage with social media algorithms, narrative or virality"; and it incorporates the definition "Social Media," which is itself overbroad, vague, and ambiguous (including the phrase, "[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.").

4.     Responding Party objects to Propounding Party's definition of "IEWU LLC" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only It Ends With Us Movie LLC, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "IEWU LLC" to mean It Ends With Us Movie LLC.

5.     Responding Party objects to Propounding Party's definition of "Jonesworks" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Jonesworks LLC, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Jonesworks" to mean Jonesworks LLC.

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

6.       Responding Party objects to Propounding Party's definition of "Liner Freedman Taitelman + Cooley" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Liner Freedman Taitelman + Cooley LLP, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Liner Freedman Taitelman + Cooley" to mean Liner Freedman Taitelman + Cooley LLP.

7.       Responding Party objects to Propounding Party's definition of "Lively/Reynolds Companies" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Ms. Lively and Mr. Reynolds's affiliated entities (Betty Buzz LLC, Blake Brown, Aviation Gin, Mint Mobile, and Maximum Effort Productions), but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Lively/Reynolds Companies" to mean Betty Buzz LLC, Blake Brown, Aviation Gin, Mint Mobile, and Maximum Effort Productions.

8.       Responding Party objects to Propounding Party's definition of the term "Marketing Plan," as it is vague, ambiguous, and overbroad in that it includes "any advertising, promotional, publicity or marketing materials (such as, without limitation, themes, market testing, research, summaries, talking points, trailers or teasers, posters, social media posts, and screen, radio, digital or television advertising)," none of which is properly and narrowly defined and the production of

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

which would be unnecessarily burdensome and not proportional to the needs of the case or relevant to the claim or defense of any party.

9.      Responding Party objects to Propounding Party's definition of the term "Social Media," as it is vague, ambiguous, and overbroad in that it includes "any digital platform, forum, website, application, online service, or other platform," none of which is properly and narrowly defined and the production of which would be unnecessarily burdensome and not proportional to the needs of the case or relevant to the claim or defense of any party, and further objects to "on which persons can create, transmit, share, communicate, exchange content, or comment upon any information, ideas, or opinions" as similarly overbroad, vague, and ambiguous, and essentially includes every possible use of the internet. Responding Party also objects to "social networking" as it is vague, ambiguous, and overbroad, and objects to catch-all phrases such as "similar to" and "Any Other Online Presence," the definition of which is itself overbroad, vague, and ambiguous, overly burdensome and not proportional to the needs of the case or relevant to the claim or defense of any party.

10.      Responding Party objects to Propounding Party's definition of "Sony" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Sony Pictures Entertainment, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Sony" to mean Sony Pictures Entertainment.

11.      Responding Party objects to Propounding Party's definition of "Street Relations" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to

<u>**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**</u>

any party's claim or defense or proportional to the needs of the case in that the definition includes not only Street Relations, Inc., but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Street Relations" to mean Street Relations, Inc.

12.     Responding Party objects to Propounding Party's definition of "TAG" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only The Agency Group PR LLC, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "TAG" to mean The Agency Group PR LLC.

13.     Responding Party objects to Propounding Party's definition of "Wayfarer" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Wayfarer Studios LLC, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Wayfarer" to mean Wayfarer Studios LLC.

14.     Responding Party objects to Propounding Party's definition of "WME" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only William Morris Endeavor Entertainment Agency, but also unidentified officers, employees,

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "WME" to mean William Morris Endeavor Entertainment Agency.

15.    Responding Party objects to Propounding Party's definition of "You," "Your," and "Yours" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Melissa Nathan but also unidentified persons or entities acting or purporting to act on her behalf and anyone on whose behalf she is acting, regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the terms "You," "Your," and "Yours" to mean Melissa Nathan.

16.    Responding Party objects to the Interrogatories as vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case to the extent any Interrogatory references or is related to an undefined person and/or entity.

**IV.**

**RESPONSES TO PROPOUNDING PARTY'S INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify all messaging platforms, including but not limited to ephemeral messaging platforms, that You have used to communicate with any Person concerning Ms. Lively, Mr. Reynolds, the Digital Campaign, or the Actions. For purposes of this Interrogatory, the relevant time period shall be January 1, 2024 through the present.

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

## RESPONSE TO INTERROGATORY NO.1:

Responding Party incorporates by reference her general objections as if fully set forth in response to this Interrogatory. Responding Party objects to this Interrogatory to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Interrogatory on the grounds that it is vague as to "messaging platforms" and "communicate." Subject to and without waiving the aforementioned objections, and subject to Responding Party's understanding of "messaging platform" and "communicate," Responding Party responds as follows:

Email, iMessage, and Signal.

## INTERROGATORY NO. 2:

Identify any email account from May 1, 2024 to date, for which You provided access to any third party, including but not limited to Content Creators or the media, to communicate information of any kind, including messaging, talking points, guidelines, scripts, or other information, regarding Ms. Lively, Mr. Reynolds, the Digital Campaign, the CRD Complaint, or the Actions. For the sake of clarity, "provided access to" shall include any method by which access may be provided, including but not limited to by sharing the email account password or screen sharing the contents of any email folder.

## RESPONSE TO INTERROGATORY NO.2:

Responding Party incorporates by reference her general objections as if fully set forth in response to this Interrogatory. Responding Party objects to this Interrogatory to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Interrogatory on the grounds that it is overbroad. Responding Party further objects to this Interrogatory on the grounds that it is vague as to "email account," "access,"

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

"third party," "communicate," and "information." Responding Party further objects to this Interrogatory to the extent that it exceeds the scope of Local Civil Rule 33.3(a). In light of the foregoing objections, Responding Party will not respond to this Interrogatory at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Interrogatory.

### INTERROGATORY NO. 3:

Identify all Persons who performed any work, including as agents, contractors, or sub-contractors, related to "[Mr. Wallace] and his team's efforts to shift the narrative," as alleged in paragraph 245 of the Lively Complaint.

### RESPONSE TO INTERROGATORY NO.3:

Responding Party incorporates by reference her general objections as if fully set forth in response to this Interrogatory. Responding Party objects to this Interrogatory to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Interrogatory on the grounds that it is overbroad. Responding Party further objects to this Interrogatory on the grounds that it is vague as to "work." Responding Party further objects to this Interrogatory to the extent that it exceeds the scope of Local Civil Rule 33.3(a). In light of the foregoing objections, Responding Party will not respond to this Interrogatory at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Interrogatory.

### INTERROGATORY NO. 4:

Identify all Content Creators with whom You have communicated in any manner, concerning Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, the Lively/Reynolds Companies, or the Digital Campaign from May 1, 2024 to present.

<u>CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER</u>

<u>RESPONSE TO INTERROGATORY NO.4:</u>

Responding Party incorporates by reference her general objections as if fully set forth in response to this Interrogatory. Responding Party objects to this Interrogatory to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Interrogatory on the grounds that it is overbroad. Responding Party further objects to this Interrogatory on the grounds that it is vague as to "communicated." Responding Party further objects to this Interrogatory to the extent that it exceeds the scope of Local Civil Rule 33.3(a). In light of the foregoing objections, Responding Party will not respond to this Interrogatory at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Interrogatory.

<u>INTERROGATORY NO. 5:</u>

Identify all reporters and news or media outlets of any kind with whom You have communicated, directly or indirectly, in any manner, concerning Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, or the Lively/Reynolds Companies from May 1, 2024 to present.

<u>RESPONSE TO INTERROGATORY NO.5:</u>

Responding Party incorporates by reference her general objections as if fully set forth in response to this Interrogatory. Responding Party objects to this Interrogatory to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Interrogatory on the grounds that it is overbroad. Responding Party further objects to this Interrogatory on the grounds that it is vague as to "reporters," "news or media outlets," and "communicated." Responding Party further objects to this Interrogatory to the extent that it exceeds the scope of Local Civil Rule 33.3(a). In light of the foregoing objections,

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

Responding Party will not respond to this Interrogatory at this time. Responding Party states that she is willing to meet and confer with Propounding Party regarding this Interrogatory.

**INTERROGATORY NO. 6:**

Identify each Health Care Provider with whom you have received a consultation and/or treatment for any injury you attribute to Ms. Lively or Mr. Reynold's alleged conduct.

**RESPONSE TO INTERROGATORY NO.6:**

Responding Party incorporates by reference her general objections as if fully set forth in response to this Interrogatory Responding Party objects to this Interrogatory to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Interrogatory on the grounds that it is vague as to "consultation and/or treatment for any injury." Responding Party further objects to this Interrogatory to the extent it seeks information that constitutes an unwarranted invasion of Responding Party's constitutional, statutory, or common-law rights to privacy and confidentiality.

Dated: April 18, 2025
New York, NY

**MEISTER SEELIG & FEIN PLLC**

By: ____ /s/ Mitchell Schuster _____
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Telephone: (212) 655-3500
Email: ms@msf-law.com
        kaf@msf-law.com

Dated: April 18, 2025
Los Angeles, CA

**LINER FREEDMAN TAITELMAN + COOLEY, LLP**

By: ____ /s/ Bryan Freedman _____

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Bryan J. Freedman (*pro hac vice*)
Miles M. Cooley (*pro hac vice*)
Theresa M Troupson (*pro hac vice*)
Summer Benson (*pro hac vice*)
Jason Sunshine
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Telephone: (310) 201-0005
Email: bfreedman@lftcllp.com
mcooley@lftcllp.com
ttroupson@lftcllp.com
sbenson@lftcllp.com
jsunshine@lftcllp.com

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

**VERIFICATION**

I, Melissa Nathan, declare as follows:

I have read the foregoing **DEFENDANT/CONSOLIDATED PLAINTIFF MELISSA NATHAN'S RESPONSES AND OBJECTIONS TO CONSOLIDATED DEFENDANT RYAN REYNOLDS' FIRST SET OF INTERROGATORIES** and know its contents.

I am a party to this action, and I make this verification on my behalf. The matters stated in the foregoing document are true to my own knowledge except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States, the State of New York, and the State of California that the foregoing is true and correct.

Executed on April 18, 2025, at Los Angeles, California.

Signed by:

_____

Melissa Nathan

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

**CERTIFICATE OF SERVICE**

I, Summer E. Benson, do hereby certify that I am not less than 18 years of age and that on this 18th day of April 2025, I caused a copy of the foregoing to be served on all counsel of record via email.

Dated: April 18, 2025
      Los Angeles, CA

                    */s/ Summer E. Benson*
                    Summer E. Benson