# EXHIBIT A

2025.06.03 – Party Conferral Email Correspondences

| | |
|---|---|
| **From:** | Summer Benson |
| **To:** | Bruno, Matthew; Theresa Troupson |
| **Cc:** | Michaela Connolly; Roeser, Stephanie; Hudson, Esra; Climaco, Katelyn; Michael Gottlieb; Meryl Conant Governski; Nathan Aaron E.; Kristin Bender; katebolger@dwt.com; Sam Cate-Gumpert; Chip Babcock; Joel Glover; Sigrid McCawley; Andrew Villacastin; Lindsey Ruff; Rachael Schafer; Bryan Freedman; Miles Cooley; Jason Sunshine; Local MS. Counsel; Local KAF. Counsel; Stacey Ashby; Amit Shertzer; mitra@ahouraianlaw.com; Christina Puello; Cortni Davis; Vaneta Birtha; Jose Perez; Ellyn Garofalo; Rose Khatchikian |
| **Subject:** | RE: Lively v. Wayfarer Studios LLC et al., No. 1:24-cv-10049-LJL, No. 1:25-cv-00449-LJL - 5/13 M&C |
| **Date:** | Tuesday, June 3, 2025 11:04:56 PM |
| **Attachments:** | image001.png |

**[EXTERNAL] Please do not reply, click links, or open attachments unless you recognize the source of this message and know the content is safe.**

Matt,

We have reviewed your latest correspondence. We reject your characterization of our counterproposals as "unreasonably narrow" and "clearly designed to limit the production of relevant information." Your stated position overlooks our legitimate concerns of vagueness, overbreadth, and proportionality. We are also troubled by your continued insistence that disputes should be resolved solely on your terms, your effort to impose rigid deadlines, and the threat of immediate court action if the Wayfarer Parties to not accede to your every demand. This approach is inconsistent with both the spirit and the letter of the rules requiring a meaningful meet and confer.

Your reliance on *Essex Insurance Co. v. Interstate Fire & Safety Equipment Co.*, 263 F.R.D. 72 (D. Conn. 2009) is misplaced. The case discusses the inherent value of interrogatories. It does not sanction vague or overly broad requests untethered from the parties' claims and defenses. Nor does it extinguish the standards imposed by Rule 26(b)(1). Contrary to your suggestion, our counterproposals are not intended to impede discovery, but to ensure that responses are appropriately focused, proportional, and capable of being answered fully and accurately. It is well documented in our prior communications that we have offered specific suggestions for revising your interrogatories to ensure they are unambiguous, relevant to a party's claim or defense, and proportional to the needs of the case, as required by Rule 26(b)(1). We remain committed to a constructive dialogue and practical solutions but cannot agree to overbroad demands imposed under artificial deadlines.

To be clear, we are prepared to respond fully to properly tailored interrogatories. With that in mind, please see our further responses in blue below addressing each of the outstanding issues.

Reserving all rights.

Summer E. Benson, Esq.

LINER FREEDMAN TAITELMAN + COOLEY LLP

1801 Century Park West, 5th Floor

Los Angeles, California 90067

Telephone:  (310) 201-0005

Facsimile:  (310) 201-0045

Web:  www.lftcllp.com

Please note that LFTC's domain name has changed from FTLLP.com to LFTCLLP.com.  Emails sent from this domain are not spam.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Bruno, Matthew <MBruno@manatt.com>
**Sent:** Friday, May 30, 2025 10:27 AM
**To:** Summer Benson <sbenson@lftcllp.com>; Theresa Troupson <ttroupson@lftcllp.com>
**Cc:** Michaela Connolly <MConnolly@willkie.com>; Roeser, Stephanie <SRoeser@manatt.com>; Hudson, Esra <EHudson@manatt.com>; Climaco, Katelyn <KClimaco@manatt.com>; Michael Gottlieb <MGottlieb@willkie.com>; Meryl Conant Governski <MGovernski@willkie.com>; Nathan Aaron E. <ANathan@willkie.com>; Kristin Bender <KBender@willkie.com>; katebolger@dwt.com; Sam Cate-Gumpert <SamCateGumpert@dwt.com>; Chip Babcock <cbabcock@jw.com>; Joel Glover <jglover@jw.com>; Sigrid McCawley <smccawley@bsfllp.com>; Andrew Villacastin <AVillacastin@bsfllp.com>; Lindsey Ruff <LRuff@bsfllp.com>; Rachael Schafer <rschafer@bsfllp.com>; Bryan Freedman <bfreedman@lftcllp.com>; Miles Cooley <mcooley@lftcllp.com>; Jason Sunshine <jsunshine@lftcllp.com>; Local MS. Counsel <ms@msf-law.com>; Local KAF. Counsel <kaf@msf-law.com>; Stacey Ashby <sma@msf-law.com>; Amit Shertzer <as@msf-law.com>; mitra@ahouraianlaw.com; Christina Puello <cpuello@lftcllp.com>; Cortni Davis <cdavis@lftcllp.com>; Vaneta Birtha <vbirtha@lftcllp.com>; Jose Perez <jperez@lftcllp.com>
**Subject:** RE: Lively v. Wayfarer Studios LLC et al., No. 1:24-cv-10049-LJL, No. 1:25-cv-00449-LJL - 5/13 M&C

Summer:

Many of the counterproposals made below are unreasonably narrow and clearly designed to limit the production of relevant information.  This is unacceptable and squarely at odds with the purpose of Rule 33 and interrogatories, more generally.  *See Essex Insurance Co. v. Interstate Fire & Safety Equipment Co./Interstate Fire & Safety Cleaning Co.*, 263 F.R.D. 72, 75 (D. Conn. 2009) ("One important purpose of interrogatories is to obtain information necessary to use other discovery devices effectively, including identifying witnesses whose depositions should be taken.").  That said, below please find our responses to your latest counterproposals.

Given that these interrogatories were served more than two months ago and the Wayfarer Parties have failed to provide substantive responses to almost every single interrogatory, we request responses to our proposals below no later than COB Tuesday, June 3, and supplemental interrogatory responses by Friday, June 6.  Any refusal to provide complete responses will be raised with the Court immediately.

All rights reserved.

Matt

**Matthew F. Bruno**
Partner

**Manatt, Phelps & Phillips,** LLP

7 Times Square
New York, NY 10036
**D** (212) 790-4525 **F** (212) 790-4545
MBruno@manatt.com

**manatt.com**

---

**From:** Summer Benson <sbenson@lftcllp.com>
**Sent:** Wednesday, May 21, 2025 9:22 PM
**To:** Bruno, Matthew <MBruno@manatt.com>; Theresa Troupson <ttroupson@lftcllp.com>
**Cc:** Michaela Connolly <MConnolly@willkie.com>; Roeser, Stephanie <SRoeser@manatt.com>; Hudson, Esra <EHudson@manatt.com>; Climaco, Katelyn <KClimaco@manatt.com>; Michael Gottlieb <MGottlieb@willkie.com>; Meryl Conant Governski <MGovernski@willkie.com>; Nathan Aaron E. <ANathan@willkie.com>; Kristin Bender <KBender@willkie.com>; katebolger@dwt.com; Sam Cate-Gumpert <SamCateGumpert@dwt.com>; Chip Babcock <cbabcock@jw.com>; Joel Glover <jglover@jw.com>; Sigrid McCawley <smccawley@bsfllp.com>; Andrew Villacastin <AVillacastin@bsfllp.com>; Lindsey Ruff <LRuff@bsfllp.com>; Rachael Schafer <rschafer@bsfllp.com>; Bryan Freedman <bfreedman@lftcllp.com>; Miles Cooley <mcooley@lftcllp.com>; Jason Sunshine <jsunshine@lftcllp.com>; Local MS. Counsel <ms@msf-law.com>; Local KAF. Counsel <kaf@msf-law.com>; Stacey Ashby <sma@msf-law.com>; Amit Shertzer <as@msf-law.com>; mitra@ahouraianlaw.com; Christina Puello <cpuello@lftcllp.com>; Cortni Davis <cdavis@lftcllp.com>; Vaneta Birtha <vbirtha@lftcllp.com>; Jose Perez <jperez@lftcllp.com>
**Subject:** RE: Lively v. Wayfarer Studios LLC et al., No. 1:24-cv-10049-LJL, No. 1:25-cv-00449-LJL - 5/13 M&C

---

**[EXTERNAL] Please do not reply, click links, or open attachments unless you recognize the source of this message and know the content is safe.**

---

Matt,

Responses below. Please let us know if you would like to discuss further.

**Assertion of Waived Objections:** We disagree with your position that any objections have been waived. Our responses reserve the right to supplement or clarify objections as discovery progresses and the scope of requests becomes clearer. We have stated our willingness to meet and confer in good faith and do not concede waiver of any objections, especially where the nature of the interrogatories or the parties' positions have evolved during the conferral process.

**Lively-Reynolds Rogs Concerning Communications with Reporters and News/Media Outlets:**
While we appreciate your willingness to limit the temporal scope of the interrogatory as to Mr. Baldoni, this revision does not resolve the issues raised in our objections or address concerns applicable to our other clients. The interrogatory remains overbroad and disproportionate, particularly due to the continued inclusion of broad topics such as "Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, or the Lively/Reynolds Companies," without any meaningful narrowing to

matters relevant to the claims and defenses in this litigation, as required by the Federal Rules of Civil Procedure. Additionally, regarding our objection to the undefined use of "reporters," "news," and "media outlets," we requested that these terms be defined in some fashion, as they are overly broad and subject to interpretation. We did not propose excluding reporters, but instead suggested naming the applicable publication rather than individual reporters, as identifying individuals may not be practical. We are still awaiting your response on this matter.

Nevertheless, to resolve this dispute in good faith, we are willing to consider supplementing our response if you are prepared to: (1) limit the interrogatory to communications concerning the claims and defenses in this action; (2) apply a reasonable time frame (e.g., July 15, 2024, to December 21, 2024, which encompasses—and even extends beyond—the period during which the alleged 'smear campaign' occurred); and (3) limit the request to the media outlet (as we reasonably interpret the undefined term), rather than identifying each individual reporter. This approach would apply uniformly to all clients. Please advise whether you are agreeable to these limitations.

<span style="color:red">We disagree with your continued reliance upon boilerplate objections to this Interrogatory as "overly broad" and reject this proposal, which (among other things) improperly seeks to excuse the Wayfarer Parties of their obligation to identify the "**names of witnesses** with knowledge relevant to the subject matter of the action." Local Civil Rule 33.3 (emphasis added).</span>

<span style="color:red">With respect to your proposal, we can confirm that this Interrogatory seeks information that is relevant to the parties' claims and defenses, including the Wayfarer Parties' improper leveraging of media, which you appear to acknowledge as well in referencing the alleged "smear campaign." With respect to the date range, we are willing to narrow the date range of these Interrogatories to June 15, 2024 to the present for <u>all parties</u>. Ms. Lively alleges that Mr. Baldoni proposed an "offensive move" with respect to his on-set misconduct as early as June 2024, Am. Compl., ¶ 188, and it is important that the date range continue to the present because the retaliation campaign is alleged to be continuing. *See id.*, ¶¶ 296-97, 302 ("These overtly retaliatory, misleading, and in many cases, false, statements regarding Ms. Lively have been accompanied by Defendants' continuing pervasive conduct in conferring with "friendly" media sources to ferret their narrative into the public."). The proposal to limit this request to the media outlet, rather than to identify individual reporters is untenable, and ignores that certain reporters may write for multiple outlets. The exact individuals that your clients spoke to is undeniably relevant to Ms. Lively's affirmative claims as well as her defenses. Your clients know who they spoke to and they must identify those individuals, where that information is known or reasonably obtainable; it is not appropriate to require that the request be limited to fit their recollection, nor is the request overbroad for this reason. **Please confirm by no later than Tuesday, June 3, your agreement to respond to this Interrogatory as revised herein and to provide supplemental interrogatory responses by Friday, June 6.**</span>

<span style="color:#3b7cc9">We are prepared to supplement, provided that: (1) the subject matter is limited to communications relating to the claims and defenses in this action, including the CRD Complaint, the alleged "smear campaign," and public statements concerning the parties in the context of the underlying allegations; (2) the date range is limited to June 15, 2024, through December 21, 2024; and (3) the Wayfarer Parties will identify individual reporters only where reasonably known or ascertainable; otherwise, we will identify the media outlet. Please let us know if you agree to these terms.</span>

**Lively-Reynolds Rogs Concerning Email Accounts Provided to Third Parties:** The proposed modification does not resolve the vagueness and ambiguity of the phrase "provided access to." As

noted in our written objections and reiterated during our call, the phrase is open to multiple reasonable interpretations. Defining "provided access to" as "any method by which access may be provided" only reinforces the lack of specificity. When we requested clarification, you indicated that the intent was to determine whether someone was given login credentials. To ensure clarity and proportionality in discovery, we maintain that "provided access to" should refer to situations where login credentials (such as a username and password) were shared with a third party, enabling that third party to log in and interact with the account as the account holder. This limitation is reasonable and objective, aligns with the intent of the interrogatory, and avoids the overbreadth and uncertainty associated with the broader language. We are prepared to respond fully and in good faith to the interrogatory as so limited. Please confirm whether you agree to this proposal.

Your counterproposal misstates the revised language that we previously proposed, which addresses the purported ambiguity in the phrase "provided access to."  The method of access is not the focus of the request, and your proposed revision to limit this request to only those individuals that received "login credentials" (which is a singular example we provided of for access) is improperly narrow and fails to account for circumstances in which (among other things) a third party may have accessed an email account, including via screen-sharing, for example.

As we explained to you on the meet and confer, we are requesting information about whether the Wayfarer Parties or anyone acting on their behalf has shared or is sharing information (i.e., communications, messaging, talking points, etc.) with third parties by providing them access to an email account (by providing login credentials, screen sharing, or any other method of "sharing") rather than by sending emails—for example, by placing information into a "draft" email, "draft" folder, or any other online repository that enables third parties to view information without that information being sent or received as an email.  This Interrogatory seeks all accounts used to share information with third parties by any means other than sending or receiving emails.  For the avoidance of doubt, you must identify any email account used in a same or similar manner as described above even if it also was used to send any communications. **Accordingly, please confirm by no later than Tuesday, June 3, your agreement to respond to this Interrogatory and to provide supplemental interrogatory responses by Friday, June 6.**

Respectfully, your response only adds to the ambiguity of the interrogatory. You now reference several undefined and subjective forms of "access" (e.g., screen-sharing, placing drafts, online repositories), which go well beyond the plain language of the original request. As a result, the interrogatory remains impermissibly vague and lacks the clarity necessary to enable a complete and intelligible response. To be clear, we are not refusing to respond. We are seeking to define the scope of this interrogatory in a way that permits a compliant and meaningful answer and have made efforts to assist in that process. During our call, we asked for clarification because the language of the interrogatory was genuinely unclear. The only definition you offered that provided workable guidance was "login credentials," which we proposed in good faith. If your intent is to identify instances where a third party could view or interact with account contents, beyond merely receiving information, the interrogatory should be revised to reflect that intent using objective and clear language. We remain willing to respond in good faith to an interrogatory that reasonably seeks identification of accounts where third parties were provided login credentials or comparable access sufficient to review non-sent email content. Please confirm if you are agreeable.

**Lively-Reynolds Rogs Concerning Persons Who Performed Work for Mr. Wallace:** Your attempt to trivialize our well-founded objections is unproductive. As previously stated, the term "work" is overly broad and could reasonably be interpreted to encompass a wide range of activities, including those

with only a tangential connection to Mr. Wallace in the context of this litigation. This is not a hypothetical concern, but a reflection of the lack of clarity and precision in the original interrogatory. That said, in the interest of moving this matter forward and in a further demonstration of good faith, we are willing to supplement our response based on your proposed revision. **Thank you, please confirm that you will provide supplemental interrogatory responses by Friday, June 6.**

We will provide a supplemental response by June 13, 2025.

**Lively-Reynolds Rogs Concerning Content Creators:** As stated in our written responses and reiterated during our meet and confer call, the definition you have proposed for "Content Creator" is overly broad, vague, and ambiguous. By including "any individual or entity who seeds, generates, creates, or influences social media content or provides related digital services," the definition sweeps in an unmanageably large and ill-defined group—many of whom have no meaningful connection to the issues in dispute. In light of the foregoing, we propose the following revised definition for "Content Creator": Any individual that produces and distributes original digital content (including, but not limited to, videos, images, written posts, or live streams) on social media or digital platforms and who, during the relevant time period: (1) has monetized such content through advertising, sponsorships, affiliate links, product placements, or direct platform payments; and (2) has at least 10,000 followers or subscribers on any single platform. For purposes of this definition, "social media or digital platform" includes Instagram, TikTok, Facebook, YouTube, X (formerly Twitter), and Snapchat. Please note that we maintain that it is more practical to exclude niche "Content Creators" whose platforms are unrelated to the subject matter of this litigation. However, we respectfully ask you to reconsider this limitation. If we can agree on a definition based on monetization and follower count, we are willing to withdraw our request to exclude niche creators. Also, please note that this revised definition is intended to apply uniformly to all requests that incorporate the term.

We reject your proposed revisions to Content Creators and Social Media. Your proposed revision to the definition of "Content Creators" is unreasonably narrow and fails to capture inauthentic accounts that may have been used in furtherance of the Digital Campaign. We also do not understand the arbitrary limitations to users with a minimum of 10,000 followers, to isolate the response to undefined "original digital content," or to exclude undefined "niche" creators. Regardless of the number of followers or the subject matter of the user's platform, any Content Creator that your clients communicated with must be identified. The same concerns are true with respect to your attempt to narrow the definition of "Social Media" to eliminate, among other things, popular (i) social media platforms, such as Reddit, YouTube, Vimeo, Discord, BlueSky, Truth Social, Twitch, and Rumble; (ii) blogging and forum sites, such as Medium, Substack, WordPress, 4chan, and 8kun; (iii) influencer and review-based platforms, such as Yelp, Glassdoor, Trustpilot, Google Reviews, and Patreon. As you are surely aware, Ms. Lively's allegations regarding your client's retaliatory efforts are not confined to just the six social media platforms that you identified—your clients' own admissions regarding such work directly involved Reddit. We therefore reject your proposed revisions to this definition as well.

That said, in an effort of compromise, we propose modifying the definition of "Content Creators" as follows: "any individual or entity who seeds, generates, creates, or influences Social Media content or provides related digital or social media services

directly or indirectly at the request of, or on behalf of, any Wayfarer Party or their agents or affiliates"  **Please confirm by no later than Tuesday, June 3, your agreement to respond to this Interrogatory as revised herein and to provide supplemental interrogatory responses by Friday, June 6.**

The definition you propose encompasses an amorphous and ill-defined group, potentially including anonymous or inauthentic accounts with no clear connection to this dispute. Your position does not justify a blanket obligation to identify all communications with any social media user, regardless of relevance, reach, or intent. Our proposed criteria, monetization and a 10,000-follower minimum, offer an objective and reasonable framework. The 10,000 threshold is not arbitrary; it marks a widely recognized benchmark where users unlock monetization features and begin to attract brand interest. It also signals the transition to micro-influencer status, making it a relevant and practical standard for identifying impactful accounts. Requiring original content is consistent with your own use of the term "creator." And excluding niche accounts simply ensures relevance. These are not unreasonable limitations; they reflect common sense and preserve proportionality.

That said, we propose the following modified definition: *"Any individual or entity who creates or disseminates original content on digital or social media platforms and who, during the relevant time period, communicated with or was engaged by any Wayfarer Party in connection with messaging, promotion, or reputational management concerning the subject matter of this litigation."* We are also willing to include platforms such as Reddit and Substack, but platforms unrelated to creator content (e.g., Glassdoor, Yelp, etc.) should be excluded unless you can articulate a basis for their relevance. Please advise if you are agreeable.

**Lively Rog Concerning the Team Based in Hawaii:** As previously stated, the Wayfarer Parties have already provided a complete and accurate response to this interrogatory. Based on our interpretation of the request, there are no persons to identify who meet the criteria set forth in the interrogatory. We do not understand the basis for your continued demand for supplementation. The interrogatory, as drafted, was interpreted in good faith and answered fully.

You indicate that these responses were "[b]ased on [y]our interpretation of the request"; however, you have never once articulated what your "interpretation" of this Interrogatory to be.  Indeed, your clients' respective responses to this Interrogatory are plainly at odds with not only Ms. Abel and TAG's messages, in which both expressly reference a "separate team based in Hawaii," but also Ms. Abel, Ms. Nathan, and TAG's respective Answers to the Amended Complaint, in which each admit that these communications (which include the reference to a team in Hawaii) were made. *Compare* Am. Compl., ¶¶ 224-25;  *with* ECF No. 152, ¶¶ 224-25; No. 153, ¶¶ 224-25; No. 154, ¶¶ 224-25.  This request is simple: it asks your clients to identify the individuals on the "team based in Hawaii" that Ms. Abel referenced in her messages.  We trust this provides a sufficient explanation as to the "basis for []our continued demand for supplementation." Accordingly, **please confirm that you will provide supplemental interrogatory responses by Friday, June 6.**

Your argument conflates the existence of communications referencing a "team based in Hawaii" with the obligation to identify specific individuals. We have interpreted the interrogatory in good faith and confirmed that, based on that interpretation, there are no persons responsive to identify. Your recent insistence that our clients' pleadings constitute an admission of the existence of such a

team is misplaced. As you are aware, referencing a statement made in a communication is not the same as adopting it as true or possessing independent knowledge of its content. We maintain that this interrogatory was answered fully.

**Reynolds Rog Concerning Legal Complaints:** We acknowledge your willingness to limit the temporal scope of the interrogatory to the last seven years. However, it does not resolve our objections regarding the overbreadth and vagueness of the term "unlawful conduct" as used in the interrogatory. As previously noted, the phrase "unlawful conduct" is inherently vague and overbroad, potentially encompassing a wide array of conduct far beyond what is relevant to the claims and defenses in this litigation. Without further limitation, the interrogatory remains objectionable as it could be read to require disclosure of complaints (if any) wholly unrelated to the subject matter of this litigation, including matters that have no bearing on the issues raised in Ms. Lively's complaint. That said, we are prepared to supplement our response to identify legal complaints made within the last seven years, provided that "unlawful conduct" is expressly limited to conduct of the same or similar nature as that alleged in Ms. Lively's complaint. Any broader interpretation would render the request irrelevant and overbroad. If you are agreeable to this limitation, we will provide a supplemental response accordingly. As we explained to you during the meet and confer, we are not in a position to know what, if any, unlawful conduct your clients may have been charged with and, therefore, are not in a position to limit this interrogatory in the manner you proposed.  We also struggle to understand what burden there is to your clients to provide a response to this Interrogatory as drafted, which is one that is routinely requested in written discovery. Accordingly, we stand on our previously revised Interrogatory.  **Please confirm by no later than Tuesday, June 3, your agreement to respond to this Interrogatory as revised and to provide supplemental interrogatory responses by Friday, June 6.**

We disagree with your position that the phrase "unlawful conduct" can remain undefined. As used, the term is inherently vague and risks sweeping in legal complaints (if any) entirely unrelated to the claims in this case. We are prepared to supplement based on a reasonable construction that limits "unlawful conduct" to matters similar in nature to the claims at issue, namely, allegations of workplace misconduct, defamation, and retaliation. Your refusal to consider any tailoring to the specific context of this litigation is inconsistent with the Federal Rules of Civil Procedure. Please advise whether you are amenable to limiting the scope of "unlawful conduct" accordingly.

**Reynolds Rog Concerning Messaging Platforms:** We will provide a supplemental response. **Thank you, please confirm that you will provide supplemental interrogatory responses by Friday, June 6.**

We will provide a supplemental response by June 13, 2025.

**Reynolds Rogs Concerning Rescinded Accolades and Lost Projects:** We will provide a supplemental response. **Thank you, please confirm that you will provide supplemental interrogatory responses by Friday, June 6.**

We will provide a supplemental response by June 13, 2025.

**Reynolds Rogs Concerning Health Care Providers:** We will provide a supplemental response. **Thank you, please confirm that you will provide supplemental interrogatory responses by Friday, June 6.**

We will provide a supplemental response by June 13, 2025.
Reserving all rights.
Thanks,

Summer E. Benson, Esq.
LINER FREEDMAN TAITELMAN + COOLEY LLP

1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone:  (310) 201-0005
Facsimile:  (310) 201-0045
Web:  www.lftcllp.com

*Please note that LFTC's domain name has changed from FTLLP.com to LFTCLLP.com.  Emails sent from this domain are not spam.*

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Summer Benson
**Sent:** Tuesday, May 20, 2025 5:54 PM
**To:** Bruno, Matthew <MBruno@manatt.com>; Theresa Troupson <ttroupson@lftcllp.com>
**Cc:** Michaela Connolly <MConnolly@willkie.com>; Roeser, Stephanie <SRoeser@manatt.com>; Hudson, Esra <EHudson@manatt.com>; Climaco, Katelyn <KClimaco@manatt.com>; Michael Gottlieb <MGottlieb@willkie.com>; Meryl Conant Governski <MGovernski@willkie.com>; Nathan Aaron E. <ANathan@willkie.com>; Kristin Bender <KBender@willkie.com>; katebolger@dwt.com; Sam Cate-Gumpert <SamCateGumpert@dwt.com>; Chip Babcock <cbabcock@jw.com>; Joel Glover <jglover@jw.com>; Sigrid McCawley <smccawley@bsfllp.com>; Andrew Villacastin <AVillacastin@bsfllp.com>; Lindsey Ruff <LRuff@bsfllp.com>; Rachael Schafer <rschafer@bsfllp.com>; Bryan Freedman <bfreedman@lftcllp.com>; Miles Cooley <mcooley@lftcllp.com>; Jason Sunshine <jsunshine@lftcllp.com>; Local MS. Counsel <ms@msf-law.com>; Local KAF. Counsel <kaf@msf-law.com>; Stacey Ashby <sma@msf-law.com>; Amit Shertzer <as@msf-law.com>; mitra@ahouraianlaw.com; Christina Puello <cpuello@lftcllp.com>; Cortni Davis <cdavis@lftcllp.com>; Vaneta Birtha <vbirtha@lftcllp.com>; Jose Perez <jperez@lftcllp.com>
**Subject:** RE: Lively v. Wayfarer Studios LLC et al., No. 1:24-cv-10049-LJL, No. 1:25-cv-00449-LJL - 5/13 M&C

Matt,

We will provide a substantive response to your points below by tomorrow.

Thanks,

Summer E. Benson, Esq.
LINER FREEDMAN TAITELMAN + COOLEY LLP

1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone:  (310) 201-0005
Facsimile:  (310) 201-0045
Web:  www.lftcllp.com

*Please note that LFTC's domain name has changed from FTLLP.com to LFTCLLP.com.  Emails sent from this domain are not spam.*

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Bruno, Matthew <MBruno@manatt.com>
**Sent:** Friday, May 16, 2025 1:10 PM
**To:** Theresa Troupson <ttroupson@lftcllp.com>
**Cc:** Michaela Connolly <MConnolly@willkie.com>; Roeser, Stephanie <SRoeser@manatt.com>; Summer Benson <sbenson@lftcllp.com>; Hudson, Esra <EHudson@manatt.com>; Climaco, Katelyn <KClimaco@manatt.com>; Michael Gottlieb <MGottlieb@willkie.com>; Meryl Conant Governski <MGovernski@willkie.com>; Nathan Aaron E. <ANathan@willkie.com>; Kristin Bender <KBender@willkie.com>; katebolger@dwt.com; Sam Cate-Gumpert <SamCateGumpert@dwt.com>; Chip Babcock <cbabcock@jw.com>; Joel Glover <jglover@jw.com>; Sigrid McCawley <smccawley@bsfllp.com>; Andrew Villacastin <AVillacastin@bsfllp.com>; Lindsey Ruff <LRuff@bsfllp.com>; Rachael Schafer <rschafer@bsfllp.com>; Bryan Freedman <bfreedman@lftcllp.com>; Miles Cooley <mcooley@lftcllp.com>; Jason Sunshine <jsunshine@lftcllp.com>; Local MS. Counsel <ms@msf-law.com>; Local KAF. Counsel <kaf@msf-law.com>; Stacey Ashby <sma@msf-law.com>; Amit Shertzer <as@msf-law.com>; mitra@ahouraianlaw.com; Christina Puello <cpuello@lftcllp.com>; Cortni Davis <cdavis@lftcllp.com>; Vaneta Birtha <vbirtha@lftcllp.com>; Jose Perez <jperez@lftcllp.com>
**Subject:** Lively v. Wayfarer Studios LLC et al., No. 1:24-cv-10049-LJL, No. 1:25-cv-00449-LJL - 5/13 M&C

Counsel,

Thank you for conferring with us on Tuesday. Below is a summary of our conferral and memorialization of the positions taken by the Wayfarer Parties on the call.

Best,

Matt

***

- **Assertion of Waived Objections**: Several times during the conferral, the Wayfarer Parties asserted objections to certain interrogatories as being improper "contention interrogatories." Because these objections were not made in the Wayfarer Parties' written responses and objections, they have waived the right to assert them now and, therefore, cannot form a basis for their refusal to provide complete responses to the Lively-Reynolds Parties' interrogatories.

- **Lively-Reynolds Rogs Concerning Communications with Reporters and News/Media Outlets** (Lively Rog. 1 to Sarowitz, IEWU, Baldoni, and Heath, Lively Rog. 1 to TAG; Reynolds Rog. 5 to Abel and Nathan): Counsel for the Wayfarer Parties primarily object to this interrogatory as overbroad, based on its use of the terms "reporters," "news," and "media outlets." You proposed limiting the interrogatory to exclude reporters. We disagree that the interrogatory is overbroad as it is already narrowed by the topical limitations. As a show of good faith, for Mr. Baldoni only, we will narrow this request to the period of June 15, 2024 to present. **Please advise whether the Wayfarer Parties intend to stand on their objections or provide a complete response**.

- **Lively-Reynolds Rogs Concerning Email Accounts Provided to Third Parties** (Lively Rog. 3 to TAG; Reynolds Rog. 2 to Abel and Nathan; Reynolds Rog. 3 to Sarowitz, Baldoni, Heath, and Wayfarer): You raised concerns regarding the phrase "provided access to," asserting it was vague. While we disagree, the Lively-Reynolds Parties will modify these requests to state: "Identify any email account from May 1, 2024 to date, in which any third party, including but not limited to Content Creators or the media, had access for the purpose of communicating information of any kind, including messaging, talking points, guidelines, scripts, or other information, regarding Ms. Lively, Mr. Reynolds, the Digital Campaign, the CRD Complaint, or the Actions." **Please confirm your agreement to provide a complete response based on this revision**.

- **Lively-Reynolds Rogs Concerning Persons Who Performed Work for Mr. Wallace** (Lively Rog. 4 to TAG; Reynolds Rog. 3 to Nathan): You objected to the term "work" as overly broad because it could include someone who buys Jed Wallace coffee. You also stated that the interrogatory was a contention interrogatory (although this objection was not stated in your responses). We disagree that this is a contention interrogatory. While we also disagree that the term "work" could reasonably be interpreted in the way the Wayfarer Parties contend, the Lively-Reynolds Parties are willing to modify this interrogatory as follows: "Identify all Persons that served as employees, agents, contractors, consultants or subcontractors for Mr. Wallace, related to the Digital Campaign." **Please confirm your agreement to provide a complete response based on this revision.**

- **Lively-Reynolds Rogs Concerning Content Creators** (Rog. 3 to TAG): Counsel for the Wayfarer Parties primarily objected to these interrogatories as vague and overbroad, based on the definition of "Content Creators" and offered to propose revised language to address these objections. As discussed, you will provide proposed language. **Please provide your proposed revised language by Tuesday, May 20.**

- **Lively Rog Concerning the Team Based in Hawaii** (Rog. 1 to Abel, Nathan; Rog. 2 to TAG): Counsel for the Wayfarer Parties represented that, based on their interpretation of this interrogatory, there are no Persons to identify. To provide additional clarity, the Lively-Reynolds parties refer the Wayfarer Parties to the email from Ms. Abel to Mr. Heath that is referenced in paragraph 224 on page 70 of Ms. Lively's amended complaint, in which Ms. Abel refers to "…social manipulation (from the separate team based in Hawaii…)." Given that this request uses the words of your own clients, we maintain that it is appropriate and clear. **With that clarification, please confirm your agreement to provide a complete response.**

- **Reynolds Rog Concerning Legal Complaints** (Rog. 1 to Sarowitz, IEWU, Baldoni, Health, and Wayfarer): The Wayfarer Parties primarily objected to this interrogatory based on the ten-year time frame and the reference to "unlawful conduct." It is appropriate to seek information regarding prior complaints of unlawful conduct to capture any other employment-related violations not otherwise set forth in the interrogatory. The Lively-Reynolds Parties are willing to modify this request to identify any legal complaints made within the last seven years. **Please confirm your agreement to provide a complete response based on this revision.**

- **Reynolds Rog Concerning Messaging Platforms** (Rog. 2 to Wayfarer): Despite identifying responsive platforms on behalf of TAG, the Wayfarer Parties refuse to provide a response on behalf of Wayfarer based on burden and the time period sought. Because the Wayfarer Parties should have this information readily available, given their obligations in connection with their agreement to collect and produce all relevant documents, it is unclear to us why this information cannot be produced, and we fail to understand the burden objection. Similarly, because no objection was made as to the January 1, 2024 time period, any objection on this score has been waived. **Please advise whether the Wayfarer Parties intend to stand on their objections or provide a complete response.**

- **Reynolds Rogs Concerning Rescinded Accolades and Lost Projects** (Rog. 4 to Baldoni): Counsel for the Wayfarer Parties advised that they "may" be able to supplement responses to these interrogatories. **Please confirm by Tuesday, May 20,**

**whether the Wayfarer Parties intend to supplement their responses as to these interrogatories.**

- **Reynolds Rogs Concerning Health Care Providers** (Rog. 5 to Sarowitz; Rog. 6 to Abel, Nathan, and Health; Rog. 7 to Baldoni): **Although not discussed on our conferral, please advise by Tuesday, May 20, if the Wayfarer Parties intend to supplement their responses to these interrogatories.** You objected on relevance and privacy grounds. In addition, you objected to the phrase "consultation and/or treatment for any injury" as vague. This interrogatory seeks the identity of any healthcare provider consulted or used for treatment for injuries allegedly caused by Ms. Lively or Mr. Reynolds, as alleged in the Wayfarer Parties' amended complaint. This goes to the heart of the Wayfarer Parties' damages claims. We disagree that the term "consultation and/or treatment for any injury" is vague. These are standard terms in both medical and legal contexts. **Please advise whether the Wayfarer Parties intend to stand on their objections or provide a complete response.**

**Matthew F. Bruno**
Partner

**Manatt, Phelps & Phillips,** LLP
7 Times Square
New York, NY 10036
**D** (212) 790-4525 **F** (212) 790-4545
MBruno@manatt.com

manatt.com