# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>    Plaintiff,<br><br>  -v-<br><br>WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, THE AGENCY GROUP PR LLC, JENNIFER ABEL, JED WALLACE, and STREET RELATIONS INC.,<br><br>    Defendants. | Case No. 1:24-cv-10049-LJL<br>(consolidated with 1:25-cv-00449-LJL) |
| JENNIFER ABEL,<br><br>    Third-Party Plaintiff,<br><br>  -v-<br><br>JONESWORKS LLC,<br><br>    Third-Party Defendant. | |
| WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, JENNIFER ABEL, and STEVE SAROWITZ,<br><br>    Consolidated Plaintiffs,<br><br>  -v-<br><br>BLAKE LIVELY, RYAN REYNOLDS, LESLIE SLOANE, VISION PR, INC., and THE NEW YORK TIMES COMPANY.<br><br>    Consolidated Defendants. | |

## NOTICE OF DEPOSITION OF STREET RELATIONS, INC. AND SUBPOENA PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 30(b)(6) AND 45

PLEASE TAKE NOTICE, pursuant to Federal Rule of Civil Procedure 30(b)(6), that Plaintiff Blake Lively will take the deposition of Defendant Street Relations Inc. ("Street Relations") upon oral examination of the person or persons designated to testify on its behalf about the topics set forth in Attachment A, attached hereto. Plaintiff reserves the right to add or amend topics based upon her review of the documents subsequently provided by Plaintiff, Defendants, or third parties.

The deposition will take place at 9:00 AM CST on Tuesday, June 24, 2025, at the offices of Haynes and Boone, LLP, 98 San Jacinto Boulevard, Suite 1500, Austin, Texas 78701. The deposition shall be taken before a notary public or other person authorized by law to administer oaths and shall be recorded stenographically and by videotape. This deposition may be used at trial or for any other purpose permitted by the Federal Rules of Civil Procedure.

In addition, PLEASE TAKE NOTICE, pursuant to Federal Rule of Civil Procedure 45, that Blake Lively intends to serve a Subpoena, in the form attached hereto, on Street Relations Inc.

Dated: June 6, 2025

/s/ *Michael J. Gottlieb*
WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
Meryl Governski (admitted *pro hac vice*)
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron Nathan
Willkie Farr & Gallagher LLP
787 7th Avenue
New York, NY 10019

(212) 728-8000
anathan@willkie.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (admitted *pro hac vice*)
Stephanie A. Roeser (admitted *pro hac vice*)
2049 Century Park East, Suite 1700
Los Angeles, California 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
Manatt, Phelps & Phillips, LLP
7 Times Sq
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

HAYNES AND BOONE, LLP
Laura Lee Prather (admitted *pro hac vice*)
Michael Lambert
98 San Jacinto Boulevard, Suite 1500
Austin, TX 78701
(512) 867-8400
laura.prather@haynesboone.com
michael.lambert@haynesboone.com
*Counsel for Blake Lively and Ryan Reynolds*

# CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2025, a true and correct copy of the foregoing Notice of Deposition and Subpoena was served via email on counsel of record, as identified below:

JACKSON WALKER, LLP
Charles L. Babcock
Joel R. Glover
1401 McKinney, Suite 1900
Houston, TX 77010
(713) 752-4210
cbabcock@jw.com
jglover@jw.com

*Counsel for Jed Wallace and Street Relations, Inc.*

DAVIS WRIGHT TREMAINE LLP
Katherine Mary Bolger
Amanda Brooke Levine
1251 Avenue of the Americas
New York, NY 10020
(212) 489-4068
katebolger@dwt.com
amandalevine@dwt.com

Sam Finn Cate-Gumpert (admitted *pro hac vice*)
50 California Street, 23rd Floor
San Francisco, CA 94111
(415) 276-6599
samcategumpert@dwt.com

*Counsel for The New York Times Company*

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kristin Tahler
865 Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
kristintahler@quinnemanuel.com

Maaren A. Shah
Danielle Lazarus
295 5th Avenue, 9th Floor
New York, NY 10016

LINER FREEDMAN TAITELMAN & COOLEY LLP
Bryan J. Freedman (admitted *pro hac vice*)
Ellyn S. Garofalo
Theresa M. Troupson (admitted *pro hac vice*)
Summer Benson (admitted *pro hac vice*)
Jason Sunshine
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
(310) 201-0005
bfreedman@ftllp.com
egarofalo@ftllp.com
sbenson@ftllp.com
ttroupson@lftcllp.com
jsunshine@lftcllp.com

MEISTER SEELIG & FEIN LLP
Mitchell Schuster
Kevin A. Fritz
Stacey Michelle Ashby
Amit Shertzer
125 Park Avenue, 7th Floor
New York, NY 10017
(212) 655-3500
ms@msf-law.com
kaf@msf-law.com
as@msf-law.com
sma@msf-law.com

AHOURAIAN LAW
Mitra Ahouraian (admitted *pro hac vice*)
2029 Century Park East, Ste 4th Floor
Los Angeles, CA 90067
(310) 867-2777
mitra@ahouraianlaw.com

*Counsel for Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, and Jennifer*

(212) 849-7000
maarenchoksi@quinnemanuel.com
daniellelazarus@quinnemanuel.com

Nicholas Inns (admitted *pro hac vice*)
1300 I St NW, Suite 900
Washington, DC 20005
(212) 774-6147
nicholasinns@quinnemanuel.com

*Counsel for Jonesworks, LLC*

*Abel, and Defendant The Agency Group PR LLC*
BOIES SCHILLER FLEXNER LLP
Sigrid S. McCawley
Andrew Villacastin
Lindsey Ruff
55 Hudson Yards
New York, NY 10001
(212) 446-2300
smccawley@bsfllp.com
avillacastin@bsfllp.com
lruff@bsfllp.com

*Counsel for Leslie Sloane and Vision PR, Inc.*

Dated: June 6, 2025

*/s/ Michael J. Gottlieb*
Michael J. Gottlieb

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| Blake Lively, et al. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:24-cv-10049; 1:25-cv-00449 |
| Wayfarer Studios LLC, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Street Relations Inc.
294 Barton Bend Road, Dripping Springs, TX 78620-5645
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attachment A

| Place: Haynes Boone, 98 San Jacinto Blvd # 1500, Austin, TX 78701 | Date and Time: 06/24/2025 9:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographically/Video

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   06/06/2025

CLERK OF COURT

OR

_____   /s/ Michael Gottlieb
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Blake Lively
_____ , who issues or requests this subpoena, are:
Michael Gottlieb, Willkie Farr & Gallagher LLP, 1875 K Street NW #100, Washington, DC 20006, mgottlieb@willkie.com, (202) 303-1442; Kristin Bender, Willkie Farr & Gallagher LLP, 1875 K Street NW, kbender@willkie.com, (202) 303-1245

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:24-cv-10049; 1:25-cv-00449

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____ on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Attachment A**

# SCHEDULE A

## DEFINITIONS

1. The Uniform Definitions in Discovery Requests that are set forth in Local Civil Rule 26.3 are hereby incorporated by reference.

2. "Affiliate" means any and all entities that are wholly owned and/or controlled (directly or indirectly) by, or under common control by an identified individual or entity, including any corporate parent, subsidiaries, or affiliates, and each of their respective officers, directors, employees, or partners.

3. The terms "all," "any," and "each" shall each be construed as encompassing any and all. *See* Local Civil Rule 26.3.

4. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope. *See* Local Civil Rule 26.3.

5. "Abel" refers to Jennifer Abel, who is a party to the Consolidated Action.

6. "Baldoni" refers to Justin Baldoni, who currently serves as the co-founder and co-chairman of Wayfarer Studios LLC and is a party to the Consolidated Action.

7. "Bryan Freedman" refers to counsel for the Wayfarer Defendants in the Consolidated Action, as well as his past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates.

8. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise). *See* Local Civil Rule 26.3. Communications shall include without limitation Social Media Communications.

9. The term "concerning" means relating to, referring to, describing, evidencing, or constituting. *See* Local Civil Rule 26.3.

10. "Consolidated Action" means and collectively refers to the following cases entitled (a) *Lively v. Wayfarer Studios LLC et al.*, U.S. District Court for the Southern District of New York (No. 1:24-cv-10049-LJL); and (b) *Wayfarer Studios LLC et al. v. Lively et al.*, U.S. District Court for the Southern District of New York (No. 1:25-cv-00449-LJL).

11. "Digital Campaign" refers to efforts of the Wayfarer Defendants and/or any Affiliates, employees, associates, or subcontractors to communicate information regarding Blake Lively, Ryan Reynolds, the Lively/Reynolds Companies, Ms. Lively's and Mr. Reynolds's families, the Wayfarer Defendants, the Film, or the Consolidated Action on any Social Media, news outlet, or other internet platform and/or to seed, influence, manipulate, boost, amplify, or engage with social media algorithms, narrative or virality, as well as the use of bots or inauthentic accounts, as described in the Lively Complaint.

12. "Document" or "Documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term. *See* Local Civil Rule 26.3.

13. "ESI" shall mean information generated, received, processed, recorded, manipulated, communicated, stored, or used in digital form including metadata (*e.g.*, author, recipient, file creation date, file modification date, *etc.*). ESI includes, without limitation, data stored on or in computer servers, computer hard drives, computer desktops, laptops, handheld or tablet computers, portable digital media, backup media, CD-ROMs, DVD-ROMs, floppy discs, non-volatile memory including flash memory devices, thumb drives, zip drives, external hard drives, internal or external websites, cloud-based storage systems, personal digital assistants (such as Palm or BlackBerry devices), cell phones, electronic voicemail systems, text messages, instant

messages, emails and attachments to emails, or any device or medium capable of storing data in any format. ESI also includes, without limitation, output resulting from the use of any software program or application, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages, instant messages, Bloomberg messages, Social Media postings or activity, Internet bulletin boards, or Internet chat rooms, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment, subject to the limitations set forth in Rule 45(e)(1)(D) of the Federal Rules of Civil Procedure. All ESI produced shall include sufficient metadata fields to identify, at minimum, its author, recipient, date and time of creation and modification, and where the Document was located.

14. The "Film" means the movie "It Ends with Us," co-starring Blake Lively and Justin Baldoni, as described in the Lively Complaint.

15. "Heath" refers to Jamey Heath who currently serves as the CEO of Wayfarer Studios LLC and is a party to the Consolidated Action.

16. "IEWU LLC" shall refer to Defendant It Ends With Us Movie LLC, which is a party to the Consolidated Action, as well as its past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates.

17. The term "including" means "including, but not limited to," or "including, without limitation," and should not be construed as limiting any request.

18. "Liner Freedman Taitelman + Cooley LLP" refers to the law firm serving as counsel for the Wayfarer Defendants in the Consolidated Action as well as its past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates.

19. "Lively Complaint" means the operative amended complaint filed by Ms. Lively in *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL, Dkt. No. 84, and any amended complaints filed by Ms. Lively in the proceeding.

20. "Lively/Reynolds Companies" shall refer to Ms. Lively's and Mr. Reynolds's affiliated entities, including but not limited to Betty Buzz LLC, Blake Brown, Aviation Gin, Mint Mobile, and Maximum Effort Productions, individually and collectively, and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates.

21. "Lively/Reynolds Family" means any family member of Ms. Lively or Mr. Reynolds, living or deceased, including but not limited to their children, parents, siblings, or any other known relative.

22. "Local Civil Rule" shall refer to the Local Rules for the United States District Courts for the Southern and Eastern Districts of New York, effective January 2, 2025.

23. "Ms. Lively" shall refer to Blake Lively, who is a party to the Consolidated Action.

24. "Mr. Reynolds" shall refer to Ryan Reynolds, who is a party to the Consolidated Action.

25. "Nathan" shall refer to Melissa Nathan, who is a party to the Consolidated Action.

26. "Payment" is defined as any transfer or commitment for future transfer of anything of value, including the exchange of funds (whether in dollars, foreign currency, or any form of electronic or cryptocurrency), cash, securities, loans, reimbursements, refunds, accounting corrections, retainers, goods, services, or otherwise.

27. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or Affiliates. This definition is not intended to

impose a discovery obligation on any person who is not a party to the litigation. *See* Local Civil Rule 26.3.

28. "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or associate. *See* Local Civil Rule 26.3.

29. The terms "relating to" or "relate to" mean, without limitation, assessing, comprising, constituting, concerning, referring to, containing, describing, discussing, embodying, evidencing, identifying, pertaining to, reflecting, stating, supporting, or tending to support or refute, or referring in any other way, directly or indirectly, in whole or in part, to the subject matter specified.

30. "Sarowitz" shall refer to Steve Sarowitz, who is a party to the Consolidated Action.

31. "Social Media" means any digital platform, forum, website, application, online service, or other platform on which persons can create, transmit, share, communicate, exchange content, or comment upon any information, ideas, or opinions, or otherwise engage in social networking, including but not limited to:

    a. Social Networking Platforms – Facebook, Instagram, Twitter (X), LinkedIn, TikTok, Snapchat, Reddit, WhatsApp, Signal, and similar platforms.

    b. Content Sharing & Video Platforms – YouTube, Vimeo, Twitch, Rumble, or similar services where videos, reels, or live content can be uploaded or streamed.

    c. Email, Messaging Applications & Direct Communication Platforms – Including, but not limited to, Gmail, Outlook, WhatsApp, Telegram, Signal,

    Discord, Slack, Facebook Messenger, Instagram DMs, Twitter DMs, or any private messaging feature within a social media platform.

d.  Blogging & Forum Sites – Medium, Substack, WordPress, 4chan, 8kun, or any other user-generated content site where written materials are published.

e.  Influencer & Review-Based Platforms – Yelp, Glassdoor, Trustpilot, Google Reviews, Patreon, or any website where reputational impact can be influenced.

f.  Advertising & Promotional Services – Paid sponsorships, influencer partnerships, promoted posts, advertisements, bots, or algorithm-driven visibility campaigns.

g.  Automated or Third-Party Content Management Tools – Hootsuite, Buffer, Sprout Social, or any platform used to schedule, automate, or track social media activity.

h.  Any Other Online Presence – Any additional websites, forums, private groups, or digital spaces where content related to Plaintiff was discussed, posted, or promoted.

i.  Without limiting the foregoing in any manner, and by way of example only, this definition includes: all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, timestamps, IP addresses, geolocation data, or user activity logs related to content.

32. "Street Relations" shall refer to the entity Street Relations, Inc., as well as its past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates, including, without limitation, Jed Wallace.

33. "TAG" shall refer to The Agency Group PR LLC, which is a party to the Consolidated Action, and its past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates.

34. "Wallace" shall refer to Jed Wallace, as described in the Lively Complaint.

35. "Wayfarer" shall refer to Defendant Wayfarer Studios LLC, and its past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates.

36. "Wayfarer SDNY Complaint" shall refer to the Complaint, Dkt. No. 1, the First Amended Complaint, Dkt. No. 50, and any other amended complaints filed by Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, It Ends with Us Movie LLC, Melissa Nathan, and Jennifer Abel in *Wayfarer Studios LLC et al. v. Lively et al.*, No. 1:25-cv-00449-LJL, as consolidated.

37. "Wayfarer Defendants" shall refer, individually and collectively, to Wayfarer, IEWU LLC, Baldoni, Heath, Sarowitz, Nathan, TAG, Abel, Wallace, and Street Relations.

38. "You," "Your," or "Yours" refers to Street Relations Inc. and any of its officers, directors, employees, partners, corporate parents, subsidiaries, Affiliates, successors, assigns, or any related entity.

**RELEVANT TIME PERIOD**

The relevant time period for the below Topics is from January 1, 2023 to the present.

**TOPICS**

1. Street Relations' organizational structure, including all directors, officers, employees, subsidiaries, affiliates, and shell entities.

2. The business purpose, service offerings, and client base of Street Relations.

3. All contractors, subcontractors, vendors, agents, or individuals at, for, or in connection with Street Relations who have performed work or services in connection with Street Relations relating to any party, person, identity or allegation in the Lively Complaint, the Wayfarer Complaint, or Exhibit A to the Wayfarer Complaint.

4. All teams, technology, or systems directed, developed, maintained, approved, or used by Street Relations or its vendors, contractors, subcontractors, or agents.

5. All teams, technology, or systems based in Hawaii that performed work or services in connection with Street Relations relating to any party, person, identity or allegation in the Lively Complaint, the Wayfarer Complaint, or Exhibit A to the Wayfarer Complaint.

6. Street Relations' practices or technologies to perform work or services via third-party websites, mobile applications, or digital platforms including, but not limited to, Reddit, Instagram, Facebook, Snapchat, TikTok, YouTube, Discord, X, Threads, Slack, Teams, Jabber, WhatsApp, Signal, Bluesky, Telegram, and/or LinkedIn.

7. Street Relations' policies and practices for acquiring, storing, and securing data obtained from third-party websites, mobile applications, or digital platforms including, but not limited to, Reddit, Instagram, Facebook, Snapchat, TikTok, YouTube, Discord, X, Threads, Slack, Teams, Jabber, WhatsApp, Signal, Bluesky, Telegram, and/or LinkedIn.

8. Street Relations' efforts to market itself or its services, including, but not limited to, any advertising, promoting, or soliciting activities in which it has engaged.

9. Methods and channels of communications used by Street Relations employees, contractors, or others performing services on behalf of Street Relations or its clients.

10. Services or work performed or facilitated by Street Relations for clients referred or introduced to Street Relations by Bryan Freedman, Liner Freedman, Nathan, or Abel.

11. Services or work performed or facilitated by Street Relations in connection with Wayfarer, Baldoni, Heath, Sarowitz, IEWU LLC, Nathan, TAG, or Abel, including but not limited to the engagement of Street Relations that began in or around August of 2024.

12. Street Relations's knowledge of, or participation in, the Digital Campaign.

13. Knowledge or awareness of strategy in connection with the Digital Campaign; services or work performed or facilitated by Street Relations for clients referred or introduced to Street Relations by

Bryan Freedman, Liner Freedman, Nathan, Abel, Wayfarer, Sarowitz, Heath, or Baldoni; or services or work performed or facilitated by Street Relations in connection with Wayfarer, Baldoni, Heath, Sarowitz, IEWU LLC, Nathan, TAG, or Abel.

14. Payments, offered, made, or contemplated to be made by, to, or through Street Relations in connection with any party, person, entity, or allegation in the Lively Complaint, the Wayfarer Complaint, or Exhibit A to the Wayfarer Complaint.

15. Methods of Payment, including by not limited to Preffy, Venmo, PayPal, and Zelle, used, accepted, or contemplated to be used or accepted by, to, or through Street Relations in connection with any party, person, entity, or allegation in the Lively Complaint, the Wayfarer Complaint, or Exhibit A to the Wayfarer Complaint.

16. Street Relations' policies and procedures related to compliance with any state, local, or federal law, industry standards, and/or terms and conditions of online platforms including, but not limited to, Reddit, Instagram, Facebook, Snapchat, TikTok, YouTube, Discord, and/or X.

17. Street Relations' involvement in any past or present investigations, inquiries, or enforcement actions involving law enforcement agencies, whether formal or informal.

18. Street Relations' involvement in any past or present civil litigation, arbitration, regulatory proceedings, or administrative actions, whether as a party or witness.

19. Street Relations' policies, procedures, and practices for retaining and preserving documents in the ordinary course of business, as well as for identifying, preserving, and producing ESI in connection with the Consolidated Action.

20. Any Document or Communication produced in connection with the Consolidated Action.