USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/10/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
BLAKE LIVELY, :
:
Plaintiff, :     24-cv-10049 (lead case);
:                25-cv-449
-v- :
:              ORDER
WAYFARER STUDIOS LLC, JUSTIN BALDONI, :
JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH :
US MOVIE LLC, MELISSA NATHAN, THE AGENCY :
GROUP PR LLC, JENNIFER ABEL, JED WALLACE, :
STREET RELATIONS INC., :
:
Defendants. :
:
------------------------------------------------------------------X
:
WAYFARER STUDIOS LLC, JUSTIN BALDONI, :
JAMEY HEATH, IT ENDS WITH US MOVIE LLC, :
MELISSA NATHAN, JENNIFER ABEL, STEVE :
SAROWITZ, :
:
Plaintiffs, :
:
-v- :
:
BLAKE LIVELY, RYAN REYNOLDS, LESLIE :
SLOANE, VISION PR, INC., THE NEW YORK TIMES :
COMPANY, :
:
Defendants. :
X
-----------------------------------------------------------------

LEWIS J. LIMAN, United States District Judge:

Pro se movant Brett Douglas McDowell ("Movant") moves to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2), or, in the alternative, for permissive intervention pursuant to Federal Rule of Civil Procedure 24(b). Dkt. No. 252. For the reasons that follow, the motion is denied.

"To prevail on a motion for intervention as of right, a movant must '(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action.'" *In re New York City Policing During Summer 2020 Demonstrations*, 27 F.4th 792, 799 (2d Cir. 2022) (quoting *"R" Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006)). "All four parts of the test must be satisfied to qualify for intervention as of right." *Washington Elec. Coop, Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 96 (2d Cir. 1990). "For an interest to be cognizable by Rule 24(a)(2), it must be 'direct, substantial, and legally protectable.'" *In re New York City Policing*, 27 F.4th at 799 (quoting *Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010)). "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." *United States v. Peoples Benefit Life Ins. Co.*, 271 F.3d 411, 415 (2d Cir. 2001).

"Even if intervention of right is unavailable, a court may still 'permit a party to intervene if the party has a claim or defense that shares with the main action a common question of law or fact.'" *United States v. New York City Hous. Auth.*, 326 F.R.D. 411, 418 (S.D.N.Y. 2018) (quoting *SEC v. Caledonian Bank Ltd.*, 317 F.R.D. 358, 368 (S.D.N.Y. 2016)); *see* Fed. R. Civ. P. 24(b). "The court considers substantially the same factors" as are relevant to intervention as of right. *"R" Best Produce*, 467 F.3d at 240; *see Freeman v. Giuliani*, 2025 WL 552338, at *3 (S.D.N.Y. Feb. 19, 2025); *New York City Hous. Auth.*, 326 F.R.D. at 418 (noting that courts consider the potential of prejudice or delay, the benefit of intervention to the applicant, the nature and extent of the intervenors' interests, whether those interests are adequately represented, and whether intervention will contribute to full development of the issues).

Movant states that he has "identified the unauthorized use of personal, cultural, and trauma-linked elements closely tied to productions at issue, including *Deadpool & Wolverine*, *Mythic Quest*, and *Free Guy*." Dkt. No. 252 at 19. He specifically states that the characters Dogpool and Nicepool "incorporate identifiable traits linked to Movant's likeness." *Id.* at 30; *see id.* at 19. He states that there is "reasonable basis to believe his identity, positions, or communications may have been referenced" in documents subject to discovery, and that there is thus "a substantial risk that representational harm may go undetected or misunderstood if Movant is excluded from these proceedings." *Id.* at 29–30. He seeks intervention for the limited purposes of accessing "all discovery and subpoena materials that reference [Movant]" and "leave to participate and be heard on any motion to seal, modify, destroy, or otherwise amend protective orders or discovery designations specifically relating to documents referencing Intervenor's identity, disclosures, or protected likenesses." *Id.* at 33.[1]

Movant's interest in preventing reputational harm from incorporation of his likeness into Dogpool and Nicepool or disclosure of related documents is not sufficiently related to these proceedings for intervention to be granted, especially after the Court's Opinion and Order dismissing all claims based on the Nicepool character. *See* Dkt. No. 296. The Court assumes for purposes of this motion that Movant's likeness was used in the development of Dogpool and Nicepool. *See Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 129 (2d Cir. 2001) ("[A]n application to intervene cannot be resolved by reference to the ultimate merits of the claims which the intervenor wishes to assert." (quoting *Oneida Indian Nation v. New York*, 732 F.2d 261, 265 (2d Cir. 1984)). The Dogpool character was never mentioned in this suit, and the

---

[1] The proposed complaint-in-intervention attached to the motion appears to additionally seek a declaratory judgment that use of Movant's name, voice, likeness, or service animal in the making of Dogpool and Nicepool violates New York Civil Rights Law §§ 50–51. *Id.* at 46.

3

Nicepool character entered only tangentially. *See* Dkt. No. 50 ¶ 164. More importantly, the Court's Opinion and Order of June 9, 2025, dismissed the Wayfarer Parties' claims based on the Nicepool character. *See* Dkt. No. 296 at 15. Subsequently, the Court's order of June 9, 2025, quashed the subpoena seeking information regarding the creation of Nicepool from Marvel and granted a protective order covering such information. Dkt. No. 303. This means that Nicepool's provenance is no longer at issue in this proceeding, and any discovery materials regarding the character will no longer be produced. Movant's concern that such materials will implicate his identity is no longer relevant here.

Movant therefore cannot intervene as of right, as he has no protectable interest in this action and no interest that will be impaired by the disposition of this action.[2] If Movant wishes to bring a suit regarding the use of his likeness, he must properly do so in a separate action. For the same reasons, the Court declines to grant permissive intervention. *See Floyd v. City of New York*, 770 F.3d 1051, 1060 (2d Cir. 2014) (holding that a union's interest in members' reputations is too "remote from the subject matter of the proceeding" to justify intervention in a case challenging the City of New York's stop-and-frisk policy); *In re Terrorist Attacks on Sept. 11, 2001*, 2024 WL 113497, at *4 (S.D.N.Y. Jan. 10, 2024) (denying intervention when intervenors sought to ensure fair and equitable distribution of funds, but themselves had no interest in the funds).

---

[2] Even if the Wayfarer Parties had proven that Baldoni's likeness was used in the creation of Nicepool, Movant's interest in a potential suit for misuse of his own likeness would not be impaired. Movant would not be estopped by this suit, in which he is not a party.

The motion to intervene is DENIED. The Clerk of Court is respectfully directed to close Dkt. No. 252.

SO ORDERED.

Dated: June 10, 2025
      New York, New York

                                           LEWIS J. LIMAN
                                    United States District Judge