**manatt**

Esra A. Hudson
Manatt, Phelps & Phillips, LLP
Direct Dial: 310-312-4381
ehudson@manatt.com

June 10, 2025

**VIA ECF**
The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1620
New York, NY 10007

Re:   *Lively v. Wayfarer Studios LLC, et al.*, No. 1:24-cv-10049-LJL [rel. No. 1:25-cv-00449]

Dear Judge Liman:

    On behalf of Plaintiff Blake Lively, we write seeking clarification regarding the Court's June 3, 2025 order denying the Wayfarer Parties' Letter Motion to Compel (ECF No. 261, "Motion") and Opposition thereto (ECF No. 262).[1] By that order, the Court denied the Motion to compel information regarding the identity and treatment records of Ms. Lively's health care providers related to emotional distress, as well as a HIPAA waiver, "based on Plaintiff's representation that the relevant claims will be withdrawn." The Court also directed that the dismissal of Ms. Lively's tenth and eleventh causes of action (for intentional and negligent infliction of emotional distress, respectively) be completed by either joint stipulation of the parties or a formal motion by Plaintiff. Ms. Lively writes to clarify that while she intends to withdraw her tort claims for emotional distress, she still pleads—and intends to introduce evidence of—garden variety emotional distress in connection with her other, remaining claims.

    Ms. Lively and the Wayfarer Parties have agreed, in principle, to dismiss the tenth and eleventh causes of action with prejudice. Ms. Lively, however, seeks clarification regarding the Court's notation in the June 3rd Order that Ms. Lively would be precluded from offering any evidence of emotional distress if the claims are not dismissed. This leaves open a potential question about what evidence may be presented if the claims *are* dismissed. Ms. Lively respectfully requests clarification from the Court on that point before signing a stipulation to dismiss the tenth and eleventh causes of action with prejudice.

    By dismissing these causes of action, Ms. Lively is agreeing to forego the presentation of evidence of treatment by health care providers or diagnoses for any psychiatric disorder to preserve the psychotherapist-patient privilege. This is a well-established right that a plaintiff may exercise in order to protect highly confidential and private physical and emotional health information, while still preserving the right to pursue those emotional distress damages that are recognized as inherent in claims for workplace sexual harassment and retaliation. *See In re Sims*, 534 F.3d 117, 134 (2d Cir. 2008) ("a plaintiff may withdraw or formally abandon all claims for emotional distress in order to avoid forfeiting his psychotherapist-patient privilege"); *Lyon v. Paramount Glob.*, 2023 WL 6664554, at *1 (S.D.N.Y. Oct. 12, 2023) ("Plaintiff has disavowed her non-garden variety emotional distress damages. In so doing, Plaintiff 'need not provide medical corroboration for any alleged injury, nor can [she] be said to have put [her] entire physical and mental [health] at issue.'") (citation omitted).

    By dismissing the stand-alone claims for intentional and negligent infliction of emotional distress, Ms. Lively will waive the right to offer testimony or evidence of the identity, records, treatment

---

[1] The parties conferred regarding the Court's order on the Motion on June 10, 2025, but were unable to reach an agreement as to the meaning of the Court's order or how to jointly seek clarification on this issue.

Hon. Lewis J. Liman
June 10, 2025
Page 2

or diagnoses of her health care providers related to such emotional distress, which was the subject of the discovery the Wayfarer Parties sought to compel, as the Court recognized in the June 3rd Order. Consistent with the law and the draft stipulation for dismissal presented by the Wayfarer Parties, however, Ms. Lively's choice to dismiss is intended to be "***without the withdrawal or dismissal of any other claim, counterclaim or third-party claim asserted therein***." Dkt. No. 262-3, at 4. Thus, Ms. Lively is not abandoning emotional distress damages generally, and continues to pursue damages for emotional distress that have been recognized as inherent in workplace harassment and retaliation, often referred to as "garden-variety" emotional distress, "as contrasted with claims (such as intentional or negligent infliction of emotional distress) that a defendant's actions 'result[ed] in a specific psychiatric disorder.'" *Belvin v. Electchester Mgmt., LLC*, 635 F. Supp. 3d 190, 198 n.2 (E.D.N.Y. 2022) (citation omitted). "In other words, garden variety claims are those which allege that a claimant was 'scared, embarrassed, shamed, [or] humiliated,' as opposed to actions seeking recovery for 'serious psychological injury, that is, the inducement or aggravation of a *diagnosable dysfunction* or equivalent injury.'" *Id.* (citations omitted, emphasis added); *accord Quigley v. T-mobile USA, Inc.*, 2022 WL 3013196, at *2 (C.D. Cal. May 26, 2022).

In cases where the emotional distress damages are garden-variety, the plaintiff may still present her own testimony and testimony of percipient witnesses who observed her emotional distress, without providing medical corroboration. This includes testimony that the plaintiff suffered humiliation, anxiety, stress, embarrassment, loss of sleep, loss of appetite, etc. *See, e.g. Feltenstein v. City of New Rochelle*, 2018 WL 3752874, at *5 (S.D.N.Y. Aug. 8, 2018) (citation omitted) (explaining that plaintiff could testify about her allegations that "she suffered 'emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety,'"); *Williams v. Redwood Toxicology Lab.*, 2022 WL 3285426, at *2–3 (N.D. Cal. Aug. 11, 2022) (accord under California's FEHA); *Saleh v. Pretty Girl, Inc.*, 2022 WL 4078150, at *24 (E.D.N.Y. Sept. 6, 2022) (permissible evidence at trial of garden-variety emotional distress in harassment and assault case included testimony of plaintiff, his brother, and step-mother, but not testimony or evidence of an independent health care professional); *see also Selleck v. Globe Int'l Inc.*, 166 Cal. App. 3d 1123, 1136 (1985) (recoverable injury in false light action includes "loss of reputation, shame, mortification, hurt feelings, embarrassment and humiliation").

Accordingly, Ms. Lively seeks clarification from the Court that, should she sign the stipulation for dismissal with prejudice prepared by the Wayfarer Parties, the Court shall not preclude her from presenting testimony and evidence of garden-variety emotional distress damages on that basis, including testimony of herself and percipient corroborating witnesses (and the Wayfarer Parties shall likewise not be precluded from conducting discovery on those topics), and that the scope of her waiver is as to offering testimony or evidence of the identity, records, treatment or diagnoses of her health care providers related to such emotional distress.

Hon. Lewis J. Liman
June 10, 2025
Page 3

Respectfully submitted,

/s/ Esra A. Hudson

| | |
|---|---|
| WILLKIE FARR & GALLAGHER LLP<br>Michael J. Gottlieb<br>Kristin E. Bender<br>Meryl Governski (admitted *pro hac vice*)<br>1875 K Street NW<br>Washington, DC 20006<br>(202) 303-1000<br>mgottlieb@willkie.com<br>kbender@willkie.com<br>mgovernski@willkie.com<br><br>Aaron E. Nathan<br>787 7th Avenue<br>New York, NY 10019<br>(212) 728-8000<br>anathan@willkie.com | MANATT, PHELPS & PHILLIPS, LLP<br>Esra A. Hudson (admitted *pro hac* vice)<br>Stephanie A. Roeser (admitted *pro hac v*ice)<br>2049 Century Park East, Suite 1700<br>Los Angeles, CA 90067<br>(310) 312-4000<br>ehudson@manatt.com<br>sroeser@manatt.com<br><br>Matthew F. Bruno<br>7 Times Sq.<br>New York, NY 10036<br>(212) 790-4500<br>mbruno@manatt.com<br><br>*Attorneys for Blake Lively* |