```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
BLAKE LIVELY,                                               :
                                                            :
                         Plaintiff,                         :        24-cv-10049 (lead case);
                                                            :              25-cv-449
       -v-                                                  :
                                                            :              ORDER
WAYFARER STUDIOS LLC, JUSTIN BALDONI,                       :
JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH                   :
US MOVIE LLC, MELISSA NATHAN, THE AGENCY                    :
GROUP PR LLC, JENNIFER ABEL, JED WALLACE,                   :
STREET RELATIONS INC.,                                      :
                                                            :
                         Defendants.                        :
                                                            :
------------------------------------------------------------X
                                                            :
WAYFARER STUDIOS LLC, JUSTIN BALDONI,                       :
JAMEY HEATH, IT ENDS WITH US MOVIE LLC,                     :
MELISSA NATHAN, JENNIFER ABEL, STEVE                        :
SAROWITZ,                                                   :
                                                            :
                         Plaintiffs,                        :
                                                            :
       -v-                                                  :
                                                            :
BLAKE LIVELY, RYAN REYNOLDS, LESLIE                         :
SLOANE, VISION PR, INC., THE NEW YORK TIMES                 :
COMPANY,                                                    :
                                                            :
                         Defendants.                        :
                                                            :
------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Jed Wallace and Street Relations, Inc. (the "Wallace Defendants") move to stay discovery against them pending resolution of their motion to dismiss. Dkt. No. 287. For the reasons that follow, the motion is denied.

"A motion to dismiss does not automatically stay discovery, except in cases covered by the Private Securities Litigation Reform Act." *Hong Leong Finance Limited (Singapore) v.*

*Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (quoting *Moran v. Flaherty*, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992)).  Upon a showing of "good cause," however, the court may grant a motion to stay discovery pending decision on a motion to dismiss.  *See* Fed. R. Civ. P. 16(b)(4) (discovery schedule "may be modified only for good cause and with the judge's consent"); Fed. R. Civ. P. 26(c)–(d); *see also Association Fe Y Allegria v. Republic of Ecuador*, 1999 WL 147716, at *1 (S.D.N.Y. Mar. 16, 1999) ("[T]ogether, these provisions enable the district court to stay discovery where resolution of a preliminary motion may dispose of the entire action.").  "A stay must be justified based on (1) the breadth of discovery sought and the burden of responding to it; (2) the prejudice, if any, to the opposing party of an order granting a stay; and (3) the strength of the motion." *McSweeney v. Cohen*, 2024 WL 4108539, at *1 (S.D.N.Y. Sept. 5, 2024); *see Brooks v. Macy's Inc.*, 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010)); *Bennett v. Cuomo*, 2023 WL 2021560, at *2 (S.D.N.Y. Feb. 15, 2023).

The Wallace Defendants' motion to dismiss presents substantial arguments for dismissal. *See* Dkt. No. 141.  However, a stay of discovery would minimally ease the burden of discovery on the Wallace Defendants and could significantly prejudice Lively.  Although the Wallace Defendants suggest that they are burdened by participation in extensive discovery between other parties which has "little to do with" them, Dkt. No. 287, they need not participate in such discovery.  The discovery that does concern the Wallace Defendants is much lighter and will not be eliminated by a decision in their favor on the motion to dismiss. *Khan v. New York City*, 757 F. Supp. 3d 327, 335 (E.D.N.Y. 2024) ("[T]he Court considers whether discovery would be significantly different if the motion to dismiss is resolved in Defendants' favor.").  The Wallace Defendants have a case pending against Lively in the Western District of Texas, *see* Dkt. No. 287, and part of the alternative relief sought in the Wallace Defendants' motion to dismiss is

2

transfer of their claims to that court, *see* Dkt. No. 139; *Cambridge Cap. LLC v. Ruby Has LLC*, 2021 WL 2413320, at *3 (S.D.N.Y. June 10, 2021) (denying stay when the Defendant had brought related counterclaims that would require considerable discovery). The Wallace Defendants have the same interest in participating in discovery regardless where the case is sited. Finally, Wallace would be a relevant witness even if he were not a party to the case. Thus, the actual burden of discovery on the Wallace Defendants will not be significantly impacted by the Court's decision on the motion to dismiss. *See Khan*, 757 F. Supp. 3d at 336 (denying stay when resolution of motion would "not meaningfully narrow the scope of discovery because Defendants will still be subject to discovery into the circumstances around these events"); *Brawer v. Egan-Jones Ratings Co.*, 348 F.R.D. 182, 186 (S.D.N.Y. 2025) (similar); *Bennett v. Cuomo*, 2023 WL 2021560, at *4 (S.D.N.Y. Feb. 15, 2023) (similar).[1]

On the other hand, the potential prejudice to Lively is significant. Currently, discovery against all parties is proceeding on the same track, with substantial completion of document production by July 1, 2025, and fact discovery to be completed no later than August 14, 2025. Dkt. No. 58. If a stay of discovery is granted as to the Wallace Defendants while the additional eight defendants are held to the existing schedule, discovery will become fragmented. *See Hong Leong*, 297 F.R.D. at 72 (noting that plaintiffs were prejudiced by being "unable to coordinate discovery" with a related case). Wallace is a witness regardless of his status as a party, and he may plausibly possess information that would inform Lively's discovery requests and deposition questioning as to the remaining defendants. *See Idle Media, Inc. v. Create Music Grp., Inc.*, 2024 WL 2946248, at *3 (S.D.N.Y. June 11, 2024) (finding prejudice when documents

---

[1] To the extent the Wallace Defendants have objections to any of Lively's particular discovery requests, *see* Dkt. No. 297, and such objections are not resolved by a good-faith meet-and-confer, the Wallace Defendants may raise them with the Court as they arise.

3

requested could shed light on the dissipation of relevant assets). Staying discovery as to him may render Lively unable to obtain such information until after discovery has closed as to the other defendants, requiring her either to forego relevant evidence or to move to reopen discovery, with attendant burden and expense. It will also likely delay resolution of this case, which is prejudicial given that Lively's suit is largely aimed at ameliorating reputational harms which she alleges continue to this day. *See* Dkt. No. 84 ¶¶ 350–352; *S.E.C. v. Jones*, 2005 WL 2837462, at *2 (S.D.N.Y. Oct. 28, 2005) (denying stay because "[defendant's] reputation and credibility have been called into question, and he deserves a timely opportunity to clear his name"). Given that the Wallace Defendants are not substantially burdened by adherence to the current discovery schedule, such a course is not warranted.

The motion to stay discovery is DENIED. The Clerk of Court is respectfully directed to close Dkt. Nos. 287 and 297.

SO ORDERED.

Dated: June 10, 2025
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge