

Kevin Fritz<br>
*Partner*<br>
Direct (212) 655-3570<br>
Fax (212) 655-3535<br>
kaf@msf-law.com

<u>Via ECF</u>
Hon. Lewis J. Liman          June 10, 2025
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

    Re:    *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL;
            rel. *Wayfarer Studios LLC et al. v. Lively et al.*, No. 1:25-cv-00449-LJL

Dear Judge Liman:

As counsel for Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel (collectively, the "Wayfarer Parties"), we write in opposition to the motion by Blake Lively and Ryan Reynolds (collectively, the "Lively Parties") to compel certain discovery from the Wayfarer Parties (the "Motion"). (Dkt. 295). Specifically, the Motion seeks responses to three interrogatories (collectively, the "Interrogatories") propounded by the Lively Parties. As detailed below, the Wayfarer Parties had already stated, prior to this Motion, that they will substantively respond to two of the Interrogatories by June 13, 2025, thereby mooting the Motion. For the remaining Interrogatory, the Motion should be denied because such Interrogatory is hopelessly vague and ambiguous.

Respectfully, we are before the Court solely because the Lively Parties served Interrogatories that were not consistent with Fed. R. Civ. P. 26(b)(1) and/or Local Civil Rule 33.3(a) and have been unwilling to bring them into compliance. Even though the Wayfarer Parties served their valid responses and objections to the Interrogatories on April 18, 2025 (Dkt. 294-1 through 294-12), the Lively Parties waited *three weeks*, until May 9, 2025, to challenge those responses and objections and to seek to meet and confer. After a telephonic meet and confer on May 13, 2025 and an email on May 16, 2025 from the Lively Parties' counsel purporting to memorialize the parties' positions, the Wayfarer Parties substantively responded a few business days later, on May 21, 2025. (Dkt. 295-1, p. 4). The Lively Parties then waited until May 30, 2025, *nine days later*, to respond. (*Id.*, p. 3). In that May 30, 2025 email, the Lively Parties unilaterally demanded that the Wayfarer Parties supplement their responses to certain interrogatories by June 6, 2025. (*Id.*). The Wayfarer Parties assured the Lively Parties that supplemental responses would be forthcoming on June 13, 2025. (*Id.*, p. 2). Instead of waiting until June 13, 2025, the Lively Parties filed the Motion.

**<u>Identification of Email Accounts Provided by the Wayfarer Parties to Third Parties</u>**

The first Interrogatory at issue, which the Lively Parties acknowledged was ambiguous, asks the Wayfarer Parties to "Identify any email account from May 1, 2024 to date, in which any third

party, including but not limited to Content Creators or the media, had access for the purpose of communicating information of any kind, including messaging, talking points, guidelines, scripts, or other information, regarding Ms. Lively, Mr. Reynolds, the Digital Campaign, the CRD Complaint, or the Actions." (Dkt. 295, p. 1). At the heart of our good faith attempts to meet and confer is the Lively Parties' failure to adequately define "access" in the context of a non-existent, "untraceable smear campaign" – a concept which is unfamiliar to us and importantly, appears to be unfamiliar to the Lively Parties, who have been unable to clearly articulate what they are seeking. Although they did give two examples (providing login credentials was their suggestion, not ours), their catch-all language recreated ambiguity.

Without citation to any evidence or even specifying the factual basis for their allegation, the Lively Parties allege that they "believe that the Wayfarer Parties have engaged in covert tactics to communicate with third parties in a manner to avoid leaving a paper trail—such as by placing information in a "draft" folder or other email repository, and providing a third party with viewing access to the folder or email, which enables the third party to view the information without leaving a digital trace" (*Id.*). For the avoidance of doubt, **the Wayfarer Parties have never engaged in such alleged clandestine communications**.

Lively has indicated a deficiency in the response of only one of the Wayfarer Parties (The Agency Group, or "TAG"). (Dkt. 295, p. 6). TAG will substantively respond to this Interrogatory by June 13, 2025, thereby mooting this portion of the Motion. *See Floyd's of Leadville, Inc. v. Alexander Capital, L.P.*, No. 22-cv-3318, 2024 WL 4756013, at *1 (S.D.N.Y. Oct. 22, 2024) (denying defendant's motion to compel documents upon plaintiff's representation that no responsive documents exist); *Gibson v. Heary*, No. 17-cv-272, 2020 WL 570604, at *2 (S.D.N.Y. Feb. 5, 2020) (denying motion to compel as moot where defendant answered interrogatories at issue); *Financial Guaranty Ins. Co v. Putnam Advisory Co., LLC*, 314 F.R.D. 85, 88 (S.D.N.Y. 2016) ("Where the party responding to the motion agrees to provide the discovery requested, a motion to compel becomes moot.").

**Identification of Media Outlets With Whom the Wayfarer Parties Communicated**

The second Interrogatory at issue, which the Lively Parties acknowledged were overbroad, now asks the Wayfarer Parties to "Identify all reporters and news or media outlets of any kind with whom You have communicated in any manner, concerning Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, or the Lively/Reynolds Companies" from June 15, 2024 to the present. (Dkt. 295, p. 2).

Federal Rule of Civil Procedure 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). As memorialized by the parties' emails, the Lively Parties improperly refused to limit the scope of this Interrogatory to communications "concerning the claims and defenses in this action." (Dkt. 295-1, p. 5). In the form proposed by the Lively Parties, a response to the Interrogatory will broadly capture, for example, any reporter or media outlet with whom the Wayfarer Parties communicated as part of *any* promotion of the film *It Ends With Us* (the "Film") because Blake Lively is the co-star of the Film. The Lively Parties do not explain how the identities of the media outlets through whom (some of) the Wayfarer Parties promoted the Film, or communications concerning Lively and Reynolds in general, is relevant to Blake Lively's claims or the Wayfarer Parties' defenses thereto.

Nevertheless, to moot the dispute concerning this Interrogatory, and by June 13, 2025, the Wayfarer Parties will identify the reporters and news or media outlets with whom they have communicated concerning "Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, or the Lively/Reynolds Companies" from June 15, 2024 through December 21, 2024, which is the date on which Ms. Lively filed her Complaint with the California Civil Rights Department alleging that she had been subjected to a so-called retaliatory "smear campaign." The Lively Parties improperly seek to expand the scope of this Interrogatory "to the present" because, according to them, Ms. Lively's Amended Complaint alleges that the purported "smear campaign" is ongoing. (Dkt. 295, p. 3). However, the Amended Complaint does *not* assert any claims by Mr. Reynolds or the "Lively/Reynolds Companies" and therefore the Lively Parties cannot explain why the Wayfarer Parties should be compelled to identify any communications pertaining to them. Moreover, and putting aside that the allegations of an "ongoing" smear campaign are made "on information and belief," (Dkt. 84, ¶ 296), the pleading *cites to the communications at issue*. (*Id.* ¶ 299).

**Identification of Content Creators With Whom the Wayfarer Parties Communicated**

Lastly, the Lively Parties demand that the Wayfarer Parties "Identify all Content Creators with whom You have communicated in any manner, concerning Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, the Lively/Reynolds Companies, or the Digital Campaign from May 1, 2024 to present." (Dkt. 295, p. 3). According to the Lively Parties, they are willing to narrow the term "Content Creators" to mean "any individual or entity who seeds, generates, creates, or influences Social Media content or provides related digital or social media services directly or indirectly at the request of, or on behalf of, any Wayfarer Party or their agents or affiliates." (*Id.*). Regardless of the Lively Parties' attempt to salvage this Interrogatory, it is still hopelessly vague, unduly burdensome, and seeks irrelevant information in violation of Local Civil Rule 33.3(a). In this age of social media, virtually everyone within a wide demographic can "generate" or "create" online content. Moreover, as noted above, certain Wayfarer Parties necessarily communicated with "Content Creators" to promote the Film and such communications have no relevance to the claims and defenses herein. The Wayfarer Parties reasonably suggested to the Lively Parties that this Interrogatory should be narrowed to "Content Creators" that monetize their original content and have at least 10,000 followers or subscribers (which is a widely recognized benchmark where online users unlock monetization features and begin to attract brand interest) on a single, major platform (such as Instagram, TikTok, Facebook, etc.). (Dkt. 295-1, p. 7). The Lively Parties rejected that proposal. (*Id.*, p. 8). The Wayfarer Parties further proposed to limit the Interrogatory to communications "concerning the subject matter of this litigation." (*Id.*). In response, and without any further effort, the Lively Parties filed the Motion. Local Civil Rule 33.3(a) restricts the scope of interrogatories to "those seeking names of witnesses with knowledge of information *relevant to the subject matter of the action*…." (Local Civ. R. 33(a)) (emphasis added). Lively propounded this Interrogatory only to TAG. (Dkt. 295, p. 7).

Local Civil Rule 33.3(a) restricts the scope of interrogatories to "those seeking names of witnesses with knowledge of information *relevant to the subject matter of the action*…." (Local Civ. R. 33(a)) (emphasis added). This Interrogatory violates Local Civil Rule 33.3(a). *See Mangahas v. Eight Oranges Inc.*, No. 22-cv-4150, 2022 WL 14106010, at *1 (S.D.N.Y. Oct. 24, 2022) (granting protective order over certain interrogatories that violated Rule 33.3(a)).

Hon. Lewis J. Liman
Page 4

We respectfully request that the Court deny Lively Parties' Motion.

Respectfully submitted,

*/s/ Kevin Fritz*
MEISTER SEELIG & FEIN PLLC
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
kaf@msf-law.com

LINER FREEDMAN TAITELMAN + COOLEY, LLP
Bryan J. Freedman (*pro hac vice*)
Ellyn Garofalo (*pro hac vice*)
Miles M. Cooley (*pro hac vice*)
Theresa M Troupson (*pro hac vice*)
Summer Benson (*pro hac vice*)
Jason Sunshine
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
egarofalo@lftcllp.com
mcooley@lftcllp.com
ttroupson@lftcllp.com
sbenson@lftcllp.com
jsunshine@lftcllp.com

cc: all counsel of record (via ECF)