**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BLAKE LIVELY, | |
| Plaintiff, | |
| v. | No. 24-cv-10049 (LJL) (lead case) |
| WAYFARER STUDIOS LLC, et al., | |
| Defendants. | |
| WAYFARER STUDIOS LLC, et al., | |
| Plaintiffs, | |
| v. | No. 25-cv-449 (LJL) (member case) |
| BLAKE LIVELY, et al., | |
| Defendants. | |

<u>**REPLY IN SUPPORT OF RYAN REYNOLDS'S MOTION FOR RULE 11 SANCTIONS AGAINST PLAINTIFFS STEVE SAROWITZ, JAMEY HEATH, MELISSA NATHAN, JENNIFER ABEL, IT ENDS WITH US MOVIE LLC, AND THEIR COUNSEL**</u>

Esra A. Hudson (admitted *pro hac vice*)
Stephanie A. Roeser (admitted *pro hac vice*)
Manatt, Phelps & Phillips LLP
2049 Century Park East, Suite 1700
Los Angeles, California 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
Manatt, Phelps & Phillips LLP
7 Times Square
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

Michael J. Gottlieb
Kristin E. Bender
Meryl C. Governski (admitted *pro hac vice*)
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC  20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron E. Nathan
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8904
anathan@willkie.com

*Attorneys for Ryan Reynolds*

## INTRODUCTION

The Rule 11 Plaintiffs[1] have responded to Ryan Reynolds's motion for Rule 11 sanctions in the same way as with Blake Lively's motion: they have admitted that they never had any factual or legal basis for any of the challenged claims, and they have failed to dispute that they brought their claims for the improper purpose of harassing Mr. Reynolds. And they make the same meritless argument that because the challenged claims are subject to dismissal under Rule 12, Rule 11 somehow does not apply—or at least, the Rule 11 process should have to wait until the Rule 12 motions have been decided. Of course, Mr. Reynolds's Rule 12 motion now *has* been decided, resulting in the dismissal of the Wayfarer Parties' complaint in its entirety, including the claims that Mr. Reynolds challenges here (the bulk of which the Court dismissed as to Mr. Reynolds ***without leave to amend***). As with Ms. Lively's Rule 11 motion, the Rule 11 Plaintiffs' concessions lead to the inexorable conclusion that they asserted claims against Mr. Reynolds with no objectively reasonable factual or legal basis, and for the improper purpose of harassing Mr. Reynolds and retaliating against him for supporting his wife as she courageously spoke out against workplace harassment. The Amended Complaint has now been dismissed completely, but the Rule 11 Plaintiffs did more than bring meritless claims: they brought *frivolous* claims that never belonged in federal court to begin with. The Court should grant this motion and impose appropriate sanctions.

---

[1] The Rule 11 Plaintiffs are Jamey Heath ("Heath"), Steve Sarowitz ("Sarowitz"), Melissa Nathan ("Nathan"), Jennifer Abel ("Abel"), and It Ends With Us Movie LLC ("IEWU LLC").  Mr. Reynolds is Defendant Ryan Reynolds.

## ARGUMENT

**I.    THE COURT SHOULD SANCTION PLAINTIFFS' COUNSEL, SAROWITZ, NATHAN, ABEL, HEATH, AND IEWU LLC.**

### A.    The Rule 11 Plaintiffs Make No Attempt to Defend Their Baseless Claims.

In his Opening Brief, Mr. Reynolds established that each of the Rule 11 Plaintiffs brought claims that are legally unreasonable and factually baseless. *See* ECF No. 230 ("Br.") at 7–16. For instance, the Extortion Claims rest on purported demands that Mr. Reynolds made to Baldoni, Heath, and Wayfarer Studios—which have nothing to do with any of Sarowitz, Nathan, Abel, or IEWU LLC. *Id.* at 7–11. The Rule 11 Plaintiffs' Defamation Claims are unsupported by even one specific defamatory statement that Mr. Reynolds is alleged to have said about any one of them. *Id.* at 11–13. And no reasonable attorney would advance the Interference Claims on behalf of the Rule 11 Plaintiffs when they are not in any contractual or business relationship with WME. *Id.* at 14–16.

The Rule 11 Plaintiffs make no attempt whatsoever to defend the legal or factual basis for these claims, or to respond to Mr. Reynolds's arguments that they "knowingly brought claims for civil extortion, defamation, and tortious interference without any possible non-frivolous basis" with the purpose of "whipping up a public spectacle designed to distract from the emptiness of their claims against him." *Id.* at 2. Their silence concedes the absence of any reasonable basis in fact or law for any of the challenged claims. *See AT&T Corp. v. Syniverse Techs., Inc.*, 2014 WL 4412392, at *7 (S.D.N.Y. Sept. 8, 2014) ("[Plaintiff] did not even discuss it in its opposition brief. [Plaintiff]'s silence concedes the point"); *In re UBS AG Sec. Litig.*, 2012 WL 4471265, at *21 (S.D.N.Y. Sept. 28, 2012).

**B.**    **The Conduct of the Rule 11 Plaintiffs' Counsel—Throughout Litigation and Out of Court—Is Proof Positive of Improper Purpose.**

In his Opening Brief, Mr. Reynolds cited a plethora of examples demonstrating the improper purpose underlying these baseless claims, which were clearly designed to harass Mr. Reynolds. *See* Br. at 16–18. Specifically, the Opening Brief highlighted five different press statements made by Mr. Freedman over the last six months, in which he has publicly attacked and defamed Mr. Reynolds. *Id.* at 16–17. Mr. Reynolds also cited Plaintiffs' Counsel's improper letter and declaration filed with this Court—documents so inflammatory and inappropriate that they were stricken from the record. *Id.* at 16 (citing ECF No. 220). In response, the Rule 11 Plaintiffs commit less than half a page and simply argue that "Rule 11 does not apply to out of court statements." ECF No. 263 ("Opp.") at 10. It is stunning that the Rule 11 Plaintiffs do not dispute the improper purposes that Mr. Reynolds painstakingly laid out, or even offer another, proper purpose for the Court to consider. That omission concedes Mr. Reynolds's point. *See AT&T Corp.*, 2014 WL 4412392, at \*7; *In re UBS AG Sec. Litig.*, 2012 WL 4471265, at \*21.

The Rule 11 Plaintiffs suggest that Mr. Reynolds has sought sanctions ***for*** making certain out-of-court statements, and then attack that straw-man argument, asserting that Rule 11 sanctions are limited to in-court filings. Opp. at 10. While Mr. Reynolds has not asked for sanctions to be imposed for the making of those statements, those statements are evidence of the Rule 11 Plaintiffs' and their counsel's improper purpose in filing objectively baseless claims. It is well established that a court may consider "Plaintiffs' conduct during and outside of litigation" and "the overall circumstances of th[e] case" in evaluating an improper purpose. *See Gong v. Sarnoff*, 2023 WL 5372473, at \*13 (S.D.N.Y. Aug. 22, 2023); *see also Galonsky v. Williams*, 1997 WL 759445, at \*6 (S.D.N.Y. Dec. 10, 1997) ("it is appropriate to consider the press conference held by counsel in assessing the issue of his good faith in filing frivolous claims and motions"). The Rule 11

Plaintiffs do not even attempt to dispute that their counsels' actions—both during litigation and in press statements—are, in fact, improper.[2]

### C.    A Rule 12 Motion Is Not a Substitute for Rule 11 Sanctions.

Rather than attempt to defend their claims as nonfrivolous and for an improper purpose, the Rule 11 Plaintiffs spend the bulk of their Opposition arguing that sanctions are unavailable here because Rule 11 is not "a substitute to a Rule 12(b)(6) motion to dismiss." Opp. at 6–10. This is nonsensical and unsupported by the law.

*First*, Mr. Reynolds is not attempting to substitute the Rule 11 process for a motion to dismiss. In fact, Mr. Reynolds filed his Motion to Dismiss on March 18, 2025, ECF No. 132, which clearly articulates the many bases for dismissal of the claims against him and was granted in its entirety. ECF No. 296. Unlike his Motion to Dismiss, Mr. Reynolds's Safe Harbor Letters warned the Rule 11 Plaintiffs that certain of their claims were so baseless and brought with such an improper purpose that they were sanctionable under Rule 11—assertions that go far beyond run-of-the-mill pleading defects under Rule 12. Simply put, the fact that claims should be dismissed under Rule 12 does not insulate them from sanctions, and none of the cases that the Rule 11 Plaintiffs cite stand for that proposition. Indeed, courts in this district routinely dismiss claims under Rule 12 while also imposing sanctions due to the claims' frivolity and parties' improper purpose. *See, e.g.*, *Charles Equip. Energy Sys. LLC v. Innio Waukesha Gas Engines, Inc.*, 2023 WL 2346337, at *1, *8–9 (S.D.N.Y. Mar. 3, 2023) (imposing sanctions after dismissing claims under 12(b)(6) because "the claims asserted were so obviously lacking in factual or legal support"); *Shetiwy v. Midland Credit Mgmt.*, 2014 WL 3739512, at *2–5 (S.D.N.Y. July 29, 2014) (after previously dismissing all claims under Rule 12, imposing Rule 11 sanctions where plaintiffs

---

[2] The Rule 11 Plaintiffs also do not address (and therefore concede) Mr. Reynolds's argument that sanctions should be imposed on Plaintiffs' Counsel. *See* Br. at 20–21.

"alleged causes of action against ten defendants without any basis and without regard to the individual practices of each of those defendants"); *In re Kressner*, 159 B.R. 428, 431–32 (Bankr. S.D.N.Y. 1993) (dismissing claim under 12(b)(6) and also imposing sanction under Rule 11).

Meanwhile, none of the cases cited by the Rule 11 Plaintiffs' supports their position. For instance, the Rule 11 Plaintiffs rely upon cases in which the Court acknowledged there were legitimate, non-frivolous, factual disputes that not only failed to support Rule 11 sanctions, but also related to Rule 12 motions—which is not the case here. *See Luv N' Care, Ltd. v. Shiboleth LLP*, 2017 WL 3671039, at *12–13 (S.D.N.Y. Aug. 8, 2017) (denying motion to dismiss legal malpractice and fraud claims and Rule 11 motion, which focused principally on arguments that the plaintiffs "lied about being unaware of their legal malpractice claim" and were intertwined with the merits of the underlying claims); *Jawbone, LLC v. Donohue*, 2002 WL 1424587, at *6–7 (S.D.N.Y. June 28, 2002) (action arising from settlement agreement, in which there was a "genuine dispute" as to whether the settlement funds were properly distributed and the defendants advanced "substantially identical" arguments in both their Rule 11 and 12 motions).

The Rule 11 Plaintiffs also rely upon *Esposito v. Suffolk County Community College*, 2019 WL 1044099, at *6 (E.D.N.Y. Mar. 4, 2019), but the plaintiff in that case **was sanctioned**. *See Esposito v. Suffolk Cnty. Comm. Coll.*, 517 F. Supp. 3d 126, 137 (E.D.N.Y. Feb. 6, 2021).[3] Finally, the Rule 11 Plaintiffs curiously rely upon a pair of patent cases—including one in which the plaintiff actually **withdrew its frivolous claims** within the Rule 11 safe harbor period. *Rates Tech. Inc. v. Mediatrix Telecom, Inc.*, 2007 WL 2021905, at *5–7 (E.D.N.Y. Mar. 16, 2007) (rejecting Rule 11 motion that focused on the merits of the plaintiff's pre-filing patent claim interpretation

---

[3] In their Opposition, the Rule 11 Plaintiffs also cite *On Time Aviation, Inc. v. Bombardier Capital Inc*., 570 F. Supp. 2d 328 (D. Conn. 2008), in which the court issued sanctions against a plaintiff, based on its improper use of Rule 11 in response to a motion for summary judgment, which (of course) has no bearing here.

and, more importantly, in which the plaintiff withdrew prior claims within safe harbor period); *Safe-Strap Co., Inc. v. Koala Corp.*, 270 F. Supp. 2d 407, 413–16 (S.D.N.Y. 2003) (deferring ruling on Rule 11 motion, when its arguments, relying on evidence outside of the pleadings, turned it into a "*de facto* motion for summary judgment").

**Second**, citing no supporting authority, the Rule 11 Plaintiffs argue that Mr. Reynolds must wait for the Court to rule on the pending Motion to Dismiss before seeking sanctions under Rule 11. Opp. at 8–10. In light of the Court's decision and order granting Mr. Reynolds's Motion to Dismiss in its entirety, this argument is now moot. *See* ECF No. 296. That aside, applying this logic, no litigant would ever be permitted to pursue Rule 11 sanctions during the pendency of a Rule 12 motion, but that would make little sense. Indeed, that is directly at odds with the authority cited by the Rule 11 Plaintiffs themselves, which expressly "encourage[s]" parties seeking sanctions to "file a Rule 11 motion promptly after the complaint is filed." *Safe-Strap Co., Inc.*, 270 F.Supp.2d at 413 n.3 (collecting cases). In fact, *E. Gluck Corporation v. Rothenhaus*, on which the Rule 11 Plaintiffs also rely, reinforces the propriety of Mr. Reynolds's Rule 11 Motion at this juncture. 252 F.R.D. 175, 183 (S.D.N.Y. 2008). There, the Court disapproved of a defendant's filing of a Rule 11 motion based on pleading deficiencies ***prior to any Rule 12 motion***. *Id.* Unlike *E. Gluck*, Mr. Reynolds brought the present motion only ***after his Motion to Dismiss*** was fully briefed, after the Rule 11 Plaintiffs had the full opportunity to reconsider their claims once presented with their deficiencies, and after they refused to withdraw their baseless claims following the safe harbor. Indeed, the timing of Mr. Reynolds's Motion is consistent with standard practice in this District—as illustrated by even the Rule 11 Plaintiffs' cases. *See Corsini v. Bloomberg*, 26 F. Supp. 3d 230, 247–49 (S.D.N.Y. 2014) (Rule 11 motion filed concurrently with Rule 12 motion, both of which were granted by the Court); *see also Luv N' Care, Ltd.*, 2017 WL

3671039, at *4 (motion to dismiss and for Rule 11 sanctions filed concurrently); *Jawbone, LLC v. Donohue*, 2002 WL 1424587, at *1–2 (motion for Rule 11 sanctions filed one week after motion to dismiss was fully submitted).

***Third***, the Rule 11 Plaintiffs incorrectly claim that this Motion is premature because "[d]iscovery is still in its infancy" and may somehow cure the frivolity identified above and in the Opening Brief. Opp. at 9; *see also* ECF No. 224-6 at 2. As an initial matter, discovery is most certainly not "in its infancy"—the deadline for substantial completion of document production is July 1, 2025 (fewer than 30 days from now), with fact discovery closing on August 15, 2025. *See* ECF No. 58. But at a more fundamental level, it is elementary that Rule 11 does not permit parties and counsel to file frivolous claims in the hope that discovery will render them nonfrivolous.

Further, this argument proves Mr. Reynolds's point and underscores the basis for Rule 11 sanctions here. "Rule 11 is designed to insure that allegations made in a complaint drafted by a member of the bar of this Court are supported by a sufficient factual predicate ***at the time that the claims are asserted***." *City of Yonkers v. Otis Elevator Co.*, 106 F.R.D. 524, 525–26 (S.D.N.Y. 1985) (granting Rule 11 sanctions) (emphasis added); *see also Goldman v. Barrett*, 825 F. App'x 35, 38 (2d Cir. 2020) (an attorney is "not entitled to rely on discovery to justify bringing claims with no factual basis"). Wishful thinking about potential future discovery is, in sum, not a license for counsel to disregard the obligations of Rule 11. *See Otis Elevator Co.*, 106 F.R.D. at 525 ("It is thus no answer to a motion seeking Rule 11 sanctions for asserting a baseless claim of fraud to suggest that plaintiffs needed discovery to ascertain whether the claim asserted was well founded."). Moreover, the Rule 11 Plaintiffs have not even attempted to articulate what discovery could possibly be relevant here, when the elements of the challenged claims are by their very

nature within their own personal knowledge (e.g., the "extortionate threats" that Mr. Reynolds allegedly made against them).

## II.    THE RULE 11 PLAINTIFFS ARE NOT ENTITLED TO SANCTIONS

The Rule 11 Plaintiffs also make a baseless request for sanctions. Opp. at 10–11. But the Rule 11 Plaintiffs fail to identify ***any*** grounds whatsoever upon which sanctions are warranted and, to the extent this argument is based upon Rule 11(c)(1)(A), completely fail to demonstrate how Mr. Reynolds's "motion for Rule 11 sanctions is not well grounded in fact or law, or is filed for an improper purpose." *See Safe-Strap Co.*, 270 F. Supp. 2d at 421–22 (cleaned up); *see also Bank v. CreditGuard of Am., Inc.*, 2020 WL 1516107, at \*5 (E.D.N.Y. Mar. 30, 2020) (denying cross-motion for sanctions under Rule 11(c)). The Rule 11 Plaintiffs have not even managed to dispute the core arguments of Mr. Reynolds's motion, namely that ***their*** claims are frivolous and were asserted for an improper purpose. It is impossible to understand how the Rule 11 Plaintiffs could simultaneously fail to dispute that they asserted frivolous claims against Mr. Reynolds, while arguing that Mr. Reynolds somehow acted improperly by pointing out that now-undisputed fact. *Supra* at 2. Indeed, the Rule 11 Plaintiffs are not even willing to characterize the Motion as actually sanctionable. *See* Opp. at 5 (describing the Motion as "on '***the borderline*** of being sanctionable itself'") (emphasis added). Thus, even accepting the Rule 11 Plaintiffs' arguments at face-value, the imposition of sanctions on Mr. Reynolds and his counsel would be inappropriate.

## <u>CONCLUSION</u>

For these reasons and the reasons set forth in his Opening Brief, Mr. Reynolds's Motion should be granted.

Dated: June 10, 2025

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (admitted *pro hac vice*)
Stephanie A. Roeser (admitted *pro hac vice*)
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
7 Times Sq.
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

Respectfully submitted,

/s/ *Michael J. Gottlieb*

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
Meryl Governski (admitted *pro hac vice*)
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron Nathan
787 7th Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

*Attorneys for Ryan Reynolds*