

Kevin Fritz<br>
*Partner*<br>
Direct (212) 655-3570<br>
Fax (212) 655-3535<br>
kaf@msf-law.com

June 12, 2025

**VIA ECF**
Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

    Re:    <u>*Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL;
            rel. *Wayfarer Studios LLC et al. v. Lively et al.*, No. 1:25-cv-00449-LJL</u>

Dear Judge Liman:

As counsel for Wayfarer Studios LLC ("Wayfarer") and It Ends With Us Movie LLC (collectively, the "Wayfarer Entities"), we write in compliance with the Court's Order directing the Wayfarer Entities to "show cause why they should not be ordered to produce all responsive documents, including asserting any claims of privilege" concerning an ongoing workplace investigation (the "Investigation") being conducted by independent, outside legal counsel retained by Wayfarer.[1] (Dkt. 310).

The Wayfarer Entities assert that the Investigation documents are protected from disclosure by both the attorney-client privilege and the work product doctrine. It is well-settled that workplace investigations undertaken by counsel to render legal advice are protected from disclosure by both the attorney-client privilege and work product doctrine. *See, e.g., Parneros v. Barnes & Noble, Inc.*, 332 F.R.D. 482, 495 – 496 (S.D.N.Y. 2019) (denying motion to compel production of documents prepared during course of internal investigation); *Compudyne Corp. v. Shane*, 244 F.R.D. 282, 283 (S.D.N.Y. 2007) (denying motion to compel documents relating to corporation's internal investigation because all such investigations "were conducted by counsel" and, as such, "subject to the attorney-client and/or work product privileges"); *In re Cardinal Health, Inc. Sec. Litig.*, No. C2-04-575, 2007 WL 495150 (S.D.N.Y. Jan. 26, 2007) (granting non-party law firm's motion to quash subpoena served by plaintiffs on ground that it called for documents created in course of independent investigation of defendant company that were protected by attorney-client privilege and/or work product doctrine); *Robinson v. Time Warner, Inc.*, 187 F.R.D. 144, 146 (S.D.N.Y. 1999) (denying motion to compel materials from internal investigation conducted by outside counsel that were protected by attorney-client privilege and work product doctrine). Blake

---

[1] The Investigation is being conducted by Raines Feldman & Littrell LLP ("Raines") and Adam Investigations Counsel ("Adam") (collectively "Investigators") for the purpose of obtaining or providing legal advice. (Dkt. 228-4, p. 1; Dkt. 233, p. 2). Raines is a national employment law firm that routinely handles investigations into allegations of discrimination, harassment, and retaliation; Adam specializes in confidential workplace and Title IX investigations.

Lively ("Lively") *does not dispute* that such workplace investigations undertaken by counsel are privileged. (Dkt. 228, 239).

As set forth in our prior correspondence, and as *confirmed in a declaration submitted herewith* as **Exhibit A**, the Investigation was initiated in January 2025 in response to Lively's new allegations, raised for the first time, in the Complaint she filed in December 2024 with the California Civil Rights Department. In *Howard University v. Borders*, No. 20-cv-4716, 2020 WL 7774347 (S.D.N.Y. Dec. 30, 2020) (Liman, J.), this Court denied a motion to compel the production of documents from an internal investigation conducted in anticipation of litigation. In *O'Gorman v. Mercer Kitchen*, No. 20-cv-1404, 2021 WL 1292907 (S.D.N.Y. Apr. 7, 2021), this Court granted a law firm's motion to quash a subpoena served by an alleged victim of workplace harassment and retaliation, which subpoena sought documents concerning the law firm's confidential investigation of such allegations, because the law firm was retained for the purpose of providing legal advice and the requested documents were made for the purpose of obtaining or providing that advice. The same result is warranted here, especially because litigation was not merely anticipated but rather *had been initiated by Lively*.

A revised Privilege Log prepared by Raines, the original version of which Lively submitted with her reply (Dkt. 239, Ex. A), is submitted herewith as **Exhibit B**. Lively erroneously contends that the Privilege Log "plainly undermines Wayfarer's position that it does not possess the Investigation Materials." (Dkt. 239, p. 3). In truth, what Wayfarer advised the Court was that "the Investigators' findings, reports, witness statements, and related materials have not been disclosed to Wayfarer." (Dkt. 233, p. 1). As the Court noted, Wayfarer *does* possess its engagement letter with the Investigators and other correspondence (Dkt. 310, p. 2), but the correspondence does not pertain to the substance of the Investigation.

Lastly, Lively concedes by her silence a point raised by the Wayfarer Entities in opposition to the motion – that the disclosure of the Investigation materials will risk chilling witness candor, distort the fact-gathering process, and undermine the neutrality that is fundamental to a credible inquiry. *See Lockwood v. Dunkirk City Sch. Dist.*, No. 21-CV-941-LJV, 2024 WL 1832488, at *2 (W.D.N.Y. Apr. 26, 2024) (sealing investigative report of plaintiff's harassment and hostile work environment allegations was warranted due to privacy interests of witnesses and the potential chilling effect that disclosure would likely have on future investigations).

Therefore, the Wayfarer Entities respectfully request that the Court deny Lively's motion to compel.

Hon. Lewis J. Liman
Page 3
June 12, 2025

        Respectfully submitted,

        */s/ Kevin Fritz*
        MEISTER SEELIG & FEIN PLLC
        Mitchell Schuster
        Kevin Fritz
        125 Park Avenue, 7th Floor
        New York, NY 10017
        Tel: (212) 655-3500
        Email: ms@msf-law.com
                kaf@msf-law.com

        LINER FREEDMAN TAITELMAN + COOLEY, LLP
        Bryan J. Freedman (*pro hac vice*)
        Ellyn Garofalo (*pro hac vice*)
        Miles M. Cooley (*pro hac vice*)
        Theresa M Troupson (*pro hac vice*)
        Summer Benson (*pro hac vice*)
        Jason Sunshine
        1801 Century Park West, 5th Floor
        Los Angeles, CA 90067
        Tel: (310) 201-0005
        Email: bfreedman@lftcllp.com
                egarofalo@lftcllp.com
                mcooley@lftcllp.com
                ttroupson@lftcllp.com
                sbenson@lftcllp.com
                jsunshine@lftcllp.com

cc: all counsel of record (via ECF)