IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| Blake Lively, et al., | ) ) | |
| Plaintiffs, | ) | No. 1:24-cv-10049; 1:25-cv-00449 |
| v. | ) ) | |
| Wayfarer Studios LLC, et al., | ) | |
| Defendants. | ) ) | |

### DECLARATION OF LAUREN KATUNICH

I, Lauren Katunich, declare as follows:

1. I am an attorney licensed to practice law in the State of California and serve as the Chair of the Labor and Employment Department at the law firm of Raines Feldman Littrell LLP ("RFL"). I make this declaration in connection with Blake Lively's motion to compel Wayfarer Studios LLC to produce documents concerning the workplace investigation re *It Ends With Us.*

2. On or about December 24, 2024, RFL was contacted to conduct a neutral, independent workplace investigation into the allegations made by Ms. Lively with the California Civil Rights Department (CRD), which I am informed and believe was filed just days prior. Our firm's formal legal engagement and retention happened almost immediately thereafter.

3. In connection with that engagement, we assembled a workplace investigation team of licensed California attorneys with extensive credentials in employment law, workplace investigations, and misconduct response. The team includes myself, an employment litigator, investigator, and frequent trainer on harassment prevention; Aisha Adam of Adam Investigations Counsel ("AIC"), a highly experienced neutral investigator who has led hundreds of workplace investigations across public and private sectors; a former Deputy District Attorney who currently serves on a civilian police oversight commission; and a former investigator with the California Department of Fair Employment and Housing (now CRD) who conducted enforcement investigations on behalf of the state. The team was retained specifically for its legal expertise and

investigatory skill in sensitive, high-stakes matters involving alleged harassment, discrimination, and retaliation.

4. We were not engaged as part of a routine human resources matter or a generalized internal human resources audit, but rather, as attorney-investigators for the purpose of legal analysis in contemplation of adversarial proceedings related to the allegations in Ms. Lively's CRD Complaint.

5. The investigation conducted by our team is ongoing. The purpose of the engagement was and remains to develop factual findings and legal analysis for Wayfarer's use in evaluating potential liability and formulating legal strategy. Our communications, findings, and impressions are all part of that effort.

6. We believe and maintain that the materials generated and maintained by RFL and AIC in the course of this investigation—including interview notes, summaries, internal communications, and the like—are protected by the attorney-client privilege and the attorney work-product doctrine.

7. The attorney-client privilege belongs to Wayfarer, and to my knowledge, it has not been waived. The attorney work-product doctrine protects our impressions, legal analysis, and the strategic aspects of our investigative work product. These protections exist independently of any communications with Wayfarer and attach to the materials and impressions generated by the attorney-investigators. As attorney investigators, we do not waive any aspect of our work-product protection, which we believe is ours to assert and maintain regardless of Wayfarer's position.

8. Because the investigation is ongoing and our work is not yet complete, we have not shared our findings, investigative summaries, witness interview notices, or communications with third-party witnesses with Wayfarer or its litigation counsel. This reflects our standard practice in all investigations of this nature.

I declare under penalty of perjury of the laws of the States of California and New York that the foregoing is true and accurate.

Dated: June 12, 2025

_____
Lauren Katunich