# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

June 12, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1620
New York, New York 10007

Re:   *Lively v. Wayfarer Studios LLC et al.*, No. 24-cv-10049 (LJL) [rel. No. 1:25-cv-00449]

Dear Judge Liman:

Pursuant to Rules 1.C and 4.C of the Court's Individual Rules and Practices and Federal Rule of Civil Procedure ("Rule") 45, Blake Lively respectfully submits this letter motion to compel key third parties Katherine Case and Breanna Butler Koslow to make full productions of all relevant, non-privileged materials in response to the Rule 45 subpoenas duces tecum (collectively, the "Subpoenas") served on them, by June 27, 2025.[1]

***Background.*** Ms. Case is a former and Ms. Koslow is a current employee of The Agency Group PR LLC ("TAG")—the crisis public relations firm that is alleged to have help launch a retaliatory social manipulation campaign to "destroy" and "bur[y]" Ms. Lively on behalf of Mr. Baldoni, Mr. Heath, and Wayfarer Studios, LLC (with the other Defendants in the Lively Action, the "Wayfarer Parties"). ECF No. 84 ¶¶ 29–37. Ms. Case and Ms. Koslow accepted service of the Subpoenas through counsel on March 3, 2025. Ex. C at 21. The nearly identical Subpoenas had a compliance date of March 20, 2025, and contained thirteen requests for productions ("Requests") seeking Ms. Case and Ms. Koslow's documents and communications from May 1, 2024, through present regarding Ms. Lively, Mr. Reynolds, the various Defendants, the digital campaign, and limited phone records. *See* Exs. A, B. On March 17, 2025, Ms. Case and Ms. Koslow served their responses and objections ("R&Os") to the Subpoenas. *See* Bender Decl. ¶ 4, Exs. D, E.

Counsel for Ms. Lively engaged in a lengthy conferral process with counsel for Ms. Case and Ms. Koslow that began on March 25, 2025, and continued through June 3, 2025. *See* Bender Decl. ¶¶ 3–15, Ex. C. Over that period, Ms. Lively proposed numerous accommodations to satisfy concerns with any perceived burden and to facilitate prompt production. Specifically, Ms. Lively offered to modify the Requests—to exclude requested communications with certain parties, including Baldoni, Heath, Sarowitz, and Abel, based on a mutual understanding that Ms. Lively would receive the documents directly from the Wayfarer Parties (while reserving rights to later seek them), which has not turned to be the case—and to cover the costs of collecting and hosting data to facilitate production. *See* Ex. C at 7. In June, when the parties appeared to finally be nearing agreement, counsel for Ms. Case and Ms. Koslow raised objections ***for the first time*** to the relevant

---

[1] *See* Declaration of Kristin Bender ("Bender Decl."), Exs. A–B.

time period, and asserted a new position as to the Requests. *See id.* at 1. These late-breaking objections made clear that negotiated compliance would be impossible.

***This Court Should Compel Compliance.*** The Subpoenas seek information that is "relevant to the claims and defenses" and is "proportional to the needs of the case," and they do not pose an undue burden. *See* Fed. R. Civ. P. 45(d)(1); *Omnicare, Inc. v. Strategic Delivery Sols., LLC*, 2021 WL 321849, at *1–2 (S.D.N.Y. Feb. 1, 2021). Ms. Case and Ms. Koslow were personally active participants in the digital campaign that features prominently in Ms. Lively's pleadings.[2] As individuals who witnessed and participated firsthand in the Wayfarer Parties' digital efforts, their materials are highly relevant—indeed, vital—to Ms. Lively's claims, including her retaliation claims. *See Oakley v. MSG Networks, Inc.*, 2025 WL 72111, at *2 (S.D.N.Y. Jan. 9, 2025) (subpoenas sought relevant information from current and former employees involved in incident); *In re Man Grp. Ltd.*, 2025 WL 846134, at *8 (S.D.N.Y. Mar. 13, 2025) (relevant information from recipients involved in communications).

Further, the Requests are narrowly tailored to obtain communications of individuals known to have participated in the campaign at the heart of Ms. Lively's suit, and who would have no relationship with the majority of the Wayfarer Parties *except* for this participation. *See, e.g.*, Exs. A, B, at Request Nos. 1, 3, 6, 8, 9, 10; *see also Delta Air Lines, Inc. v. Lightstone Grp., LLC*, 2021 WL 2117247, at *3 (S.D.N.Y. May 24, 2021); *Marano v. Aaboe*, 2007 WL 631348, at *3–4 (S.D.N.Y. Feb. 27, 2007) (compelling "any and all documents" when "reasonably calculated to lead to the discovery of admissible evidence"); *Gilead Sciences, Inc. v. Khaim*, 2025 WL 1151412, at *7 (E.D.N.Y. Apr. 21, 2025) ("[T]he greater the relevance of the information in issue, the less likely its discovery will be found to be disproportionate."). Likewise, the time period in the Subpoenas—May 1, 2024, to March 3, 2025 (date of service of the Subpoenas)—is tailored to the period during which the alleged campaign against Ms. Lively unfolded and was underway. *See* ECF No. 84 ¶ 186 (Baldoni on May 17, 2024: "We should have a plan for IF she does the same when [the] movie comes out"); *id.* ¶¶ 324–39 (alleging ongoing campaign as of February 25, 2025). Regardless, because Ms. Case and Ms. Koslow did not object to the time period in their R&Os or at any time prior to June 3, 2025, ***any objection to the time period has been waived***.[3] *See, e.g.*, *Freeman v. Giuliani*, 2024 WL 5054913, *3 (S.D.N.Y. Dec. 10, 2024) ("objections to a subpoena … must set forth all of its grounds for objection, including privilege grounds, within fourteen days of service of the subpoena so that discovery does not become a game.").[4]

---

[2] *See, e.g.*, ECF No. 84 ¶¶ 225 (email discussing whether TAG's fee includes "social media mitigation and proactive fan posting to counter the narrative"), ¶ 263 (text regarding contents of "HR complaints" from set), ¶ 264 (text discussing the need to "position" reported-upon HR complaints), ¶ 256 (text suggesting "to chat to Jed as well on this").

[3] In their R&Os, Ms. Case and Ms. Koslow include boilerplate objections to each Request stating, for example, that "Ms. Koslow further objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Read literally, this Request would encompass every communication Ms. Koslow had with anyone from May 2024 through the present referencing the Digital Campaign in any way, as well as any document Ms. Koslow possessed that does the same." *See* Ex. E at 14. In addition to being conclusory, these objections, at best, are only as to the breadth of the Requests, not the relevant time period. *Melendez v. Greiner*, 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003) ("[C]onclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information.").

[4] On June 3, 2025, counsel for Ms. Case and Ms. Koslow represented that July 1, 2024, would be an agreeable start date, with that date "being, as our clients confirm, well before their earliest involvement in these matters …" *See* Ex. C at 1. On the basis of that good-faith representation, Ms. Lively is amenable to a time period of July 1, 2024 to March

Ms. Case and Ms. Koslow lack any basis to avoid compliance with the Subpoenas. Other than boilerplate objections in their R&Os, they have generally argued that the Subpoenas pose a burden by seeking information that can be obtained by the Wayfarer Parties. But there is "no absolute rule that party sources must be exhausted before calling upon third parties" to produce relevant discovery.[5] *Jam Indus. USA, LLC v. Gibson Brands, Inc.*, 2020 WL 4003280, at *4 (S.D.N.Y. July 15, 2020). This argument is particularly weak given that the Requests also contemplate information ***exclusively*** in the possession of Ms. Case and Ms. Koslow, and that TAG does not appear to intend to produce information from these individuals.[6] *See, e.g.*, *In re Man Grp. Ltd.*, 2025 WL 846134, at *9 (denying motion to quash subpoena for "any and all" documents in part because many of the documents were likely to only be in the third party's custody); *Delta Air Lines, Inc.*, 2021 WL 2117247 at *2 n.1 (granting motion to compel subpoena for documents which would only be in the third party's possession). Even accepting their argument, at this point, party sources must be considered exhausted as a precursor to Ms. Case and Ms. Koslow's productions—in the three months since the Subpoenas were served, the Wayfarer Parties have not produced a single document reflecting either Ms. Case or Ms. Koslow. Bender Decl. ¶ 16; *see also Amphenol Corp. v. Fractus, S.A.*, 2019 WL 2521300, at *11 (S.D.N.Y. June 19, 2019) (discrepancies in party's productions made it "appropriate" to "test the accuracy and completeness" via third party); *MG Freesites Ltd. v. Scorpast, LLC*, 2023 WL 2822272, at *3 (S.D.N.Y. Apr. 7, 2023) (compelling production because of "gaps and inconsistencies" in parties' productions). Meanwhile, the deadline for substantial completion is less than three weeks away, depositions have been noticed, and fact discovery closes on August 14. *See* ECF No. 58. Ms. Case and Ms. Koslow cannot claim (and have not raised) any other meaningful burden arising from the Subpoenas. *See Great Am. Ins. Co. v. Gemstone Prop. Mgmt. LLC*, 2025 WL 1166993, at *2 (S.D.N.Y. Mar. 17, 2025) (granting motion to compel when nonparty "made no showing that compliance would impose an undue burden"); *Lawson v. Rubin*, 2018 WL 11402166, at *1 (E.D.N.Y. Nov. 19, 2018) ("while the burden on [non-party] may be substantial, it is not 'undue.'").[7]

Ms. Lively should be permitted to litigate her case with the crucial evidence known to exist. Ms. Case and Ms. Koslow's status as third parties, and their desire not to find themselves wrapped up in this case, does not entitle them to avoid or further delay this essential discovery. Ms. Lively respectfully requests that the Court order Ms. Case and Ms. Koslow to produce all non-privileged materials responsive to the Subpoenas by no later than June 27, 2025.

Respectfully Submitted,

s/ *Michael J. Gottlieb*

---

3, 2025. Counsel's proposal to limit the end date of the time period from "present" to December 20, 2024 is infeasible given the campaign is alleged to be ongoing.

[5] Counsel for Ms. Case and Ms. Koslow maintained they will not make multiple "piecemeal" productions, an objection that would absolve them of any production until well after parties' substantial completion. Bender Decl. ¶ 6.

[6] Counsel for TAG has refused to identify TAG custodians, to indicate which devices TAG employees may have used, or even to disclose or agree whether TAG (and Wayfarer) will be collecting and producing relevant and responsive information from TAG employees' personal devices used to conduct business. *See* Ex. C at 2–4, 7–9.

[7] *Application of Am. Tobacco Co.*, 880 F.2d 1520, 1525 (2d Cir. 1989) ("the burdensomeness is not something which is unduly burdensome ..."); *Solarex Corp. v. Arco Solar, Inc.,* 121 F.R.D. 163, 169 (E.D.N.Y.1988), *aff'd* 870 F.2d 642 (Fed.Cir.1989) ("A burden or expense is not 'undue' simply because it is burdensome or expensive. … a court should compare the hardship to the party against whom discovery is sought with the probative value …").

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
Meryl C. Governski (*pro hac vice*)
Willkie Farr & Gallagher
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron E. Nathan
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (*pro hac vice*)
Stephanie A. Roeser (*pro hac vice*)
Manatt, Phelps & Phillips LLP
2049 Century Park East, Suite 1700
Los Angeles, California 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

*Attorneys for Blake Lively*