UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>       Plaintiff,<br><br>    -v-<br><br>WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, THE AGENCY GROUP PR LLC, JENNIFER ABEL, JED WALLACE, and STREET RELATIONS INC.,<br><br>       Defendants. | Case No. 1:24-cv-10049-LJL<br>(consolidated with 1:25-cv-00449-LJL) |

JENNIFER ABEL,

       Third-Party Plaintiff,

    -v-

JONESWORKS LLC,

       Third-Party Defendant.

WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, JENNIFER ABEL, and STEVE SAROWITZ,

       Consolidated Plaintiffs,

-v-

BLAKE LIVELY, RYAN REYNOLDS, LESLIE SLOANE, VISION PR, INC., and THE NEW YORK TIMES COMPANY.

       Consolidated Defendants.

## DECLARATION OF KRISTIN E. BENDER
## IN SUPPORT OF BLAKE LIVELY'S MOTION TO COMPEL

I, Kristin E. Bender, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an attorney admitted to practice before this Court, a partner in the law firm of Willkie Farr & Gallagher LLP, 1875 K Street NW, Washington, DC 20006, and counsel of record for Blake Lively in the above-captioned action.

2. I respectfully submit this declaration in support of Ms. Lively's Letter-Motion for Motion to Compel third-party witnesses Katherine Case and Brianna Butler Koslow's production in response to the Rule 45 subpoenas duces tecum (respectively the "Case Subpoena," and "Koslow Subpoena," and collectively, the "Subpoenas") served on them.

3. On March 3, 2025, I emailed counsel for Ms. Case and Ms. Koslow asking if they would accept email service of the Subpoenas, which they agreed to do on the same date.

4. On March 17, 2025, counsel for Ms. Case and Ms. Koslow provided their responses and objections to the Subpoenas, with the response to each Request indicating that counsel would meet and confer.

5. I engaged with counsel for Ms. Case and Ms. Koslow in a protracted meet and confer process that lasted from March 25, 2025 through June 3, 2025. On the first meet and confer, counsel for Ms. Case and Ms. Koslow largely suggested that the discovery was better suited to be first collected from parties in the first instance.

6. Counsel for Ms. Case and Ms. Koslow maintained that they will not make piecemeal document productions and instead would make any production once disputes were resolved.

7. On April 3, 2025, I emailed counsel for Ms. Case and Ms. Koslow to propose potential modifications to the language of certain document requests ("Requests") to narrow the

scope of the requests, while reserving Ms. Lively's rights to seek documents responsive to the original requests at a later time.

8.  On April 15, 2025, I met and conferred with counsel for Ms. Case and Ms. Koslow regarding the Requests. Ms. Case and Ms. Koslow indicated they would produce documents responsive to Request Nos. 11-13, and we reached mutual understanding on how Ms. Case and Ms. Koslow would interpret certain Requests. However, Ms. Case and Ms. Koslow, through counsel, continued to insist that the Requests were too burdensome and should be narrowed further.

9.  On April 18, 2025, I sent an email to counsel for Ms. Case and Ms. Koslow memorializing the April 15 meet and confer, and proposing further modifications to 8 of the remaining 10 Requests in contention. The modifications narrowed the scope of the Requests, including by excluding from production communications with Justin Baldoni, Jamey Heath, Steve Sarowitz, Jennifer Abel, or Stephanie Jones, based on a mutual assumption and understanding that such communications would be produced by the Wayfarer Parties themselves. That has turned out not to be the case as of this date.

10. The parties met and conferred again on May 5, 2025.

11. On May 6, 2025, my co-counsel emailed a summary of the conferral, indicating that counsel for Ms. Case and Ms. Koslow would agree to produce non-privileged documents responsive to the Requests, as modified, if Ms. Lively agreed to their proposed collection and production method. The proposed method consisted of manually searching for relevant communications, including text messages, and producing responsive text messages via screen shot.

12. On May 8, 2025, Ms. Case and Ms. Koslow's counsel emailed in response, indicating that the May 5 summary was inaccurate but without identifying any inaccuracies in the summary. In that email, he confirmed that Ms. Case is a former employee of The Agency Group PR ("TAG"), while Ms. Koslow continues to work at TAG. The email further confirmed that counsel for Ms. Case and Ms. Koslow was not able to anticipate timing for their production.

13. On May 20, 2025, I emailed counsel for Ms. Case and Ms. Koslow explaining why Ms. Lively could not agree to their proposal for a manual collection. However, I relayed an offer in which Ms. Lively would cover the costs of an independent collection and hosting Ms. Case's and Ms. Koslow's data, thereby mitigating any cost burden on Ms. Case and Ms. Koslow, while also maintaining their privacy.

14. On May 29, 2025, the parties met and conferred again regarding the proposal, and on May 30, 2025, I emailed counsel for Ms. Case and Ms. Koslow a summary of the proposal indicating in part that "If these actions have not been completed and confirmed by June 5, we will need to move ahead to compel production of documents under the Subpoenas that were served months ago."

15. On June 3, 2025, counsel for Ms. Case and Ms. Koslow raised, for the first time, objections regarding the relevant time period and scope of certain Requests, which indicated that they did not agree to a mutual proposal.

16. Along with my team, I have searched the Wayfarer Parties' productions made so far in this litigation, and have not located documents reflecting Ms. Case and Ms. Koslow in those productions.

17. I also submit this declaration to place before the Court true and correct copies of the following document.

18. A true and correct copy of the Case Subpoena, dated February 28, 2025 is attached hereto as **Exhibit A**.

19. A true and correct copy of the Koslow Subpoena, dated February 28, 2025 is attached hereto as **Exhibit B**.

20. A true and correct copy of an email chain spanning from March 3, 2025 through June 3, 2025 between counsel for Ms. Lively and counsel for Ms. Case and Ms. Koslow regarding the Subpoenas is attached hereto as **Exhibit C**.

21. A true and correct copy of Ms. Case's responses and objections to the Case Subpoena, dated March 17, 2025, is attached hereto as **Exhibit D**.

22. A true and correct copy of Ms. Koslow's responses and objections to the Koslow Subpoena, dated March 17, 2025, is attached hereto as **Exhibit E**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: June 12, 2025                    /s/ *Kristin E. Bender*_____

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
Meryl Governski (admitted *pro hac vice*)
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron Nathan
Willkie Farr & Gallagher LLP
787 7th Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson
Stephanie A. Roeser (admitted *pro hac vice*)
2049 Century Park East, Suite 1700
Los Angeles, California 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
Manatt, Phelps & Phillips, LLP
7 Times Sq
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

HAYNES AND BOONE, LLP
Laura Lee Prather (admitted *pro hac vice*)
Michael Lambert
98 San Jacinto Boulevard, Suite 1500
Austin, TX 78701
(512) 867-8400
laura.prather@haynesboone.com
michael.lambert@haynesboone.com

*Counsel for Blake Lively*