# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BLAKE LIVELY,

                    *Plaintiff,*

      -v-                     Case No. 1:24-CV-10049

WAYFARER STUDIOS LLC, JUSTIN
BALDONI, JAMEY HEATH, STEVE
SAROWITZ, IT ENDS WITH US MOVIE LLC,
MELISSA NATHAN, THE AGENCY GROUP
PR LLC, JENNIFER ABEL, JED WALLACE,
STREET RELATIONS, INC.,

                    *Defendants,*

## NONPARTY BREANNA BUTLER KOSLOW'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, and the Local Civil Rules of the United States District Court for the Southern District of New York, nonparty Breanna Butler Koslow, through her attorneys, Pryor Cashman LLP, submits the following objections and responses to the to the production requests in the subpoena, dated February 28, 2025, issued by Plaintiff (the "Request[s]").

## GENERAL OBJECTIONS

The following General Objections apply to, and are hereby incorporated into, each Objection to each Request, and each Objection is made without waiver of these General Objections.

1.      Ms. Koslow objects to the Requests, including the "Definitions" and "Instructions" contained therein, to the extent they purport to impose obligations of disclosure beyond those required by the Federal Rules of Civil Procedure or the Local Rules of this Court, or other

applicable statute, regulation, rule, or court order.

2.     Ms. Koslow objects to the Requests to the extent that they seek the production of the following: (a) communications or other information protected by the attorney-client privilege, work product immunity doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery; (b) confidential financial, proprietary, or trade secret information, or any other information subject to a confidentiality agreement, protective order, or legal duty of non-disclosure; and (c) information that is protected from disclosure pursuant to confidentiality provisions, confidentiality agreements, privacy rights, or under any other pertinent evidentiary privilege or immunity.

3.     Ms. Koslow objects to the Requests on the grounds that they impose an undue burden on Ms. Koslow, who is not a party to this action. Ms. Koslow further objects to the Requests to the extent that they seek documents that are in the possession, custody, or control of a party to this action (or the related actions) or are equally available from another source that is more convenient, less burdensome, or less expensive than requiring Ms. Koslow to search for and produce such documents.

4.     Ms. Koslow objects to the Requests to the extent that they call for the production of documents that are not relevant, material, and/or necessary to any party's claims or defenses in this action or are not proportional to the needs of the case.

5.     Ms. Koslow objects to the Requests to the extent that they call for the production of documents that are not within Ms. Koslow's possession, custody, or control, and are instead in the custody of third parties.

6.     Ms. Koslow objects to the Requests to the extent that they call for the production of the same electronically stored information in more than one form, and to the extent they seek

electronic materials that exist only in remote backup or archive files or that have been deleted prior to the reasonable anticipation of this dispute.

7.     In responding to the Request, Ms. Koslow neither waives, nor intends to waive, but expressly reserves:  (i) any and all objections to the relevance, competence, susceptibility to discovery, materiality, or admissibility of any documents produced; (ii)  all rights to object on any ground to the use of any documents or responses, or the subject matter thereof, in any subsequent proceedings; and/or (iii) all rights to object on any ground to any Request or other, further demand for documents or other responses involving or related to the subject matter of the Requests.

8.     Ms. Koslow makes these Responses and Objections based upon her knowledge as of the date of these responses. Ms. Koslow will supplement these Responses and Objections only to the extent required by applicable law, regulation, rule, or court order.

## OBJECTIONS TO "DEFINITIONS"

The following Objections to Plaintiff's "Definitions" apply to, and are hereby incorporated into, each Objection to each Request, and each Objection is made without waiver of these Objections to Plaintiff's "Definitions."

9.     Ms. Koslow objects to the definition of "Actions" to the extent its inclusion of cases apart from the instant action – specifically, *Wayfarer Studios LLC et al. v. Lively et al*., U.S. District Court for the Southern District of New York (Case No. 1:25-cv-00449-LJL); *Wayfarer Studios LLC et al. v. The New York Times Company*, Superior Court of California, County of Los Angeles (Case No. 24STCV34662); *Jones v. Jennifer Abel et al.,* United States District Court for the Southern District of New York (NYS Case No. 659849/2024; SDNY Case No. 1:25-cv-00779); and *Wallace et al. v. Lively*, United States District Court for the Western District of Texas (Case

3

No. 1:25-cv-00163-DAE) – amounts to an improper attempt on Plaintiff's behalf to obtain information for use in a separate legal proceeding.

10.    Ms. Koslow objects to the definition of "Bryan Freedman" to the extent it defines Bryan Freedman to include third parties, including, but not limited to, "his past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates." In responding to these Requests, Ms. Koslow will construe "Bryan Freedman" as the individual Bryan Freedman.

11.    Ms. Koslow objects to the definition of "IEWU LLC" to the extent it defines It Ends With Us Movie LLC to include third parties, including, but not limited to, "its past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates." In responding to these Requests, Ms. Koslow will construe "IEWU LLC" as the entity It Ends With Us Movie LLC.

12.    Ms. Koslow objects to the definition of "Jonesworks" to the extent that it defines It Jonesworks LLC include third parties, including, but not limited to, "its past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates." In responding to these Requests, Ms. Koslow will construe "Jonesworks" as the entity Jonesworks LLC and the individual Stephanie Jones.

13.    Ms. Koslow objects to the definition of "Liner Freedman Taitelman + Cooley" to the extent that it defines Liner Freedman Taitelman + Cooley to include third parties, including, but not limited to, "its past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates." In responding to these Requests, Ms. Koslow will construe "Liner Freedman Taitelman + Cooley" as the entity Liner Freedman Taitelman + Cooley.

14.    Ms. Koslow objects to the definition of "Lively/Reynolds Companies" as overbroad and unduly burdensome insofar as it requires Ms. Koslow to ascertain precisely which

entities are affiliated with Ms. Lively and/or Mr. Reynolds. Ms. Koslow further objects to the definition to the extent it encompasses third parties, including, but not limited to, the Lively/Reynolds Companies' "past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates." In responding to these Requests, Ms. Koslow will construe "Lively/Reynolds Companies" as only those entities expressly identified in ¶ 22 of the Requests – that is, "Betty Buzz LLC, Blake Brown, Aviation Gin, Mint Mobile, and Maximum Effort Productions."

15.    Ms. Koslow objects to the definition of "Marketing Plan" as vague, ambiguous, overbroad, and unduly burdensome to the extent it encompasses "any" efforts to market or promote the Film. In responding to these Requests, Ms. Koslow will construe "Marketing Plan" as the document identified as such and attached to the Lively Complaint as Exhibit C.

16.    Ms. Koslow objects to the definition of "Protections for Return to Production Agreement" as vague and ambiguous. In responding to these Requests, Ms. Koslow will construe "Protections for Return to Production Agreement" as the document identified as such and attached to the Lively Complaint as Exhibit A.

17.    Ms. Koslow objects to the definition of "Digital Campaign" to the extent it includes "efforts . . . to communicate information regarding Blake Lively, Ryan Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, the Wayfarer Defendants, the Film, or the Actions on any Social Media, news outlet, or other internet platform" that are unrelated to the claims or defenses in this action. Ms. Koslow further objects to this definition as vague and ambiguous as to "and/or to seed, influence, manipulate, boost, amplify, or engage with social media algorithms, narrative or virality, as well as the use of bots or inauthentic accounts." Written as such, the relationship between the verbs "seed, influence, manipulate, boost, amplify, or engage"

5

and the noun clause "narrative or virality" is unclear. Moreover, the use of the conjunction "as well as" after the compound conjunction "and/or" creates ambiguity as to how the definition's elements relate to one another – for instance, "as well as the use of bots or inauthentic accounts" could reasonably be interpreted as either (i) an extension of the entire preceding list, (ii) a separate category all together, or (iii) something that applies only to the items following "and/or."

18.     Ms. Koslow objects to the definition of "Social Media" as vague, ambiguous, overbroad, and unduly burdensome to the extent it includes sweeping language that fails to establish any discernable boundaries for what the term encompasses – including, but not limited to, "[a]ny . . . websites, forums, private groups, or digital spaces where content related to Plaintiff was discussed, posted, or promoted" and "all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, timestamps, IP addresses, geolocation data, or user activity logs related to content." In responding to these Requests, Ms. Koslow will define the term "Social Media" according to its ordinary meaning – that is, "forms of electronic communication (such as websites for social networking and microblogging) through which users create online communities to share information, ideas, personal messages, and other content." *Social Media*, MERRIAM WEBSTER DICTIONARY.

19.     Ms. Koslow objects to the definition of "Content Creator" as vague, ambiguous, and overbroad with respect to the clauses "or influences Social Media content" and "provides related digital services."

20.     Ms. Koslow objects to the definition of "Sony" to the extent that it defines Sony Pictures Entertainment to include third parties, including, but not limited to, "its past or present

members, officers, employees, partners, corporate parent, subsidiaries, or affiliates." In responding to these Requests, Ms. Koslow will construe "Sony" as the entity Sony Pictures Entertainment.

21.     Ms. Koslow objects to the definition of "Street Relations" to the extent that it defines Street Relations, Inc. to include third parties, including, but not limited to, "its past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates." In responding to these Requests, Ms. Koslow will construe "Street Relations" as the entity Street Relations, Inc.

22.     Ms. Koslow objects to the definition of "TAG" to the extent that it defines The Agency Group PR LLC to include third parties, including, but not limited to, "its past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates." In responding to these Requests, Ms. Koslow will construe "TAG" as the entity The Agency Group PR LLC.

23.     Ms. Koslow objects to the definition of "Wayfarer" to the extent that it defines Wayfarer Studios LLC to include third parties, including, but not limited to, "its past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates." In responding to these Requests, Ms. Koslow will construe "Wayfarer" as the entity Wayfarer Studios LLC.

24.     Ms. Koslow objects to the definition of "WME" to the extent that it defines William Morris Endeavor Entertainment Agency to include third parties, including, but not limited to, "its past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates." In responding to these Requests, Ms. Koslow will construe "WME" as the entity William Morris Endeavor Entertainment Agency.

25.     Ms. Koslow objects to the definitions of "Relating to" or "Relate to" as overbroad to the extent the definition seeks information only indirectly related to the subject of the Requests

or not relevant to the claims or defenses of any party, and to the extent the collection of such information would be unduly burdensome or not proportional to the needs of the case.

26.    Ms. Koslow objects to the definitions of "You," "Your," or "Yours" as overbroad and unduly burdensome to the extent that they define Ms. Koslow to include "any persons or entities acting on your behalf, including but not limited to all representatives, servants, agents, employees, officers, affiliates, subsidiaries, parent companies, third parties" and "entities over which [Ms. Koslow] has control." In responding to these Requests, Ms. Koslow will construe "You," "Your," or "Yours" to mean solely Ms. Koslow and not any other person or entity.

## OBJECTIONS TO "INSTRUCTIONS" AND "PRODUCTION OF ESI"

The following Objections to Plaintiff's "Instructions" and "Production of ESI" apply to, and are hereby incorporated into, each Objection to each Request, and each Objection is made without waiver of these Objections to Plaintiff's Instructions and Production of ESI.

27.    Ms. Koslow objects to the Instruction 6 as vague, ambiguous, overbroad, and unduly burdensome as to "words imparting the singular shall include plural, and vice versa, where appropriate" and "words imparting the present tense shall also include the past and future tense and vice versa, where appropriate."

28.    Ms. Koslow objects to Instruction 9 as unduly burdensome to the extent it exceeds Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure by demanding that – for every objection made to a Request – Ms. Koslow, a non-party, "state with specificity the objection and legal basis for subject objection," "state whether any responsive materials are being withheld on the basis of that objection," and "answer all remaining portions of the Request to which an objection is not asserted."

29.    Ms. Koslow objects to Instruction 10 as unduly burdensome to the extent it exceeds Rule 45(e)(2)(A) of the Federal Rules of Civil Procedure by demanding a non-party describe documents being withheld under a claim of privilege in a manner beyond that which is necessary to enable the parties to assess the claim – including, but not limited to, instructing Ms. Koslow to identify the "date, author, addressees, Persons carbon copied or blind carbon copied, including the relationship of those Persons to You or the author of the document;" provide a "brief description sufficient to identify the type, subject matter, and purpose of the document;" and list "all Persons to whom the document's contents have been disclosed."

30.    Ms. Koslow objects to Instruction 12 as unduly burdensome to the extent it exceeds Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure by demanding a non-party state whether "any responsive document [that] was, but no longer is, in [her] possession, custody or control" is "(a) missing or lost; (b) destroyed; (c) transferred voluntarily or involuntarily to others; or (d) otherwise disposed of; and (e) in each instance identify the contents, author(s), date prepared or received, name and address of its current or last known custodian, and the date and circumstances surrounding such disposition."

31.    Ms. Koslow objects to ¶ 3 of "Production of ESI" as unduly burdensome and duplicative to the extent it exceeds Rule 45(e)(1)(C) of the Federal Rules of Civil Procedure by demanding Word Documents and PowerPoint Documents be "produced in both native and TIFF format." Consistent with the duties imposed by the Federal Rules, Ms. Koslow will produce ESI consisting of Word Documents and PowerPoint Documents in a single format, TIFF.

32.    Ms. Koslow objects to ¶ 5 of "Production of ESI" as unduly burdensome to the extent it requires Ms. Koslow to "reach out to Ms. Lively's counsel" in any capacity prior to using "threading." Without first conferring with Plaintiff's counsel, Ms. Koslow will utilize "email

thread suppression" to reduce the volume of duplicative content within email threads and will withhold subordinate threads from review and production where a fully inclusive thread is otherwise retrieved and produced.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1**:

All Documents and Communications concerning Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, or the Lively/Reynolds Family.

**RESPONSE TO REQUEST NO. 1:**

Ms. Koslow incorporates herein by reference her General Objections, Objections to Definitions, and Objections to Instructions and Production of ESI. Ms. Koslow further objects to this Request to the extent it seeks information that is not relevant to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Ms. Koslow further objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Read literally, this Request would encompass every communication Ms. Koslow had with anyone from May 2024 through the present referencing Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, or the Lively/Reynolds Family in any way, as well as any document Ms. Koslow possessed that does the same. Ms. Koslow further objects to this Request to the extent it seeks documents already in the possession of, known to, or otherwise equally available to Plaintiff, and/or which may be readily obtained by Plaintiff through the normal course of party discovery. Ms. Koslow further objects to this Request to the extent it seeks confidential, proprietary information.

Subject to and without waiver of the foregoing objections, Ms. Koslow is willing to meet and confer regarding this request.

**REQUEST NO. 2**:

All Documents and Communications with or concerning Baldoni, Heath, Wayfarer, or Sarowitz.

**RESPONSE TO REQUEST NO. 2**:

Ms. Koslow incorporates herein by reference her General Objections, Objections to Definitions, and Objections to Instructions and Production of ESI. Ms. Koslow further objects to this Request to the extent it seeks information that is not relevant to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Ms. Koslow further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks "all" communications with Baldoni, Heath, Wayfarer, or Sarowitz from May 2024 through the present, regardless of whether the communication is related to this action whatsoever. Moreover, read literally, this Request would encompass every communication Ms. Koslow had with anyone from May 2024 through the present referencing Baldoni, Heath, Wayfarer, or Sarowitz in any way, as well as any document Ms. Koslow possessed that does the same. Ms. Koslow further objects to this Request to the extent it seeks documents already in the possession of, known to, or otherwise equally available to Plaintiff, and/or which may be readily obtained by Plaintiff through the normal course of party discovery. Ms. Koslow further objects to this Request to the extent it seeks confidential, proprietary information.

Subject to and without waiver of the foregoing objections, Ms. Koslow is willing to meet and confer regarding this request.

**REQUEST NO. 3:**

All Documents and Communications with or concerning Wallace or Street Relations.

**RESPONSE TO REQUEST NO. 3:**

Ms. Koslow incorporates herein by reference her General Objections, Objections to Definitions, and Objections to Instructions and Production of ESI. Ms. Koslow further objects to this Request to the extent it seeks information that is not relevant to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Ms. Koslow further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks "all" communications with Wallace or Street Relations from May 2024 through the present, regardless of whether the communication is related to this action whatsoever. Moreover, read literally, this Request would encompass every communication Ms. Koslow had with anyone from May 2024 through the present referencing Wallace or Street Relations in any way, as well as any document Ms. Koslow possessed that does the same. Ms. Koslow further objects to this Request to the extent it seeks documents already in the possession of, known to, or otherwise equally available to Plaintiff, and/or which may be readily obtained by Plaintiff through the normal course of party discovery. Ms. Koslow further objects to this Request to the extent it seeks confidential, proprietary information.

Subject to and without waiver of the foregoing objections, Ms. Koslow is willing to meet and confer regarding this request.

**REQUEST NO. 4**:

All Documents and Communications with or concerning Abel.

**RESPONSE TO REQUEST NO. 4:**

Ms. Koslow incorporates herein by reference her General Objections, Objections to Definitions, and Objections to Instructions and Production of ESI. Ms. Koslow further objects to this Request to the extent it seeks information that is not relevant to this action and is not reasonably

calculated to lead to the discovery of admissible evidence. Ms. Koslow further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks "all" communications with Abel from May 2024 through the present, regardless of whether the communication is related to this action whatsoever. Moreover, read literally, this Request would encompass every communication Ms. Koslow had with anyone from May 2024 through the present referencing Abel in any way, as well as any document Ms. Koslow possessed that does the same. Ms. Koslow further objects to this Request to the extent it seeks documents already in the possession of, known to, or otherwise equally available to Plaintiff, and/or which may be readily obtained by Plaintiff through the normal course of party discovery. Ms. Koslow further objects to this Request to the extent it seeks confidential, proprietary information.

Subject to and without waiver of the foregoing objections, Ms. Koslow is willing to meet and confer regarding this request.

**REQUEST NO. 5**:

All Documents and Communications with or concerning the Film or Marketing Plan.

**RESPONSE TO REQUEST NO. 5:**

Ms. Koslow incorporates herein by reference her General Objections, Objections to Definitions, and Objections to Instructions and Production of ESI. Ms. Koslow further objects to this Request to the extent it seeks information that is not relevant to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Ms. Koslow further objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Read literally, this Request would encompass every communication Ms. Koslow had with anyone from May 2024 through the present referencing the Film or Marketing Plan in any way, as well as any document Ms. Koslow possessed that does the same. Ms. Koslow further objects to this Request to the extent it seeks

documents already in the possession of, known to, or otherwise equally available to Plaintiff, and/or which may be readily obtained by Plaintiff through the normal course of party discovery. Ms. Koslow further objects to this Request to the extent it seeks confidential, proprietary information.

Subject to and without waiver of the foregoing objections, Ms. Koslow is willing to meet and confer regarding this request.

**REQUEST NO. 6**:

All Documents and Communications with or concerning the Digital Campaign.

**RESPONSE TO REQUEST NO. 6:**

Ms. Koslow incorporates herein by reference her General Objections, Objections to Definitions, and Objections to Instructions and Production of ESI. Ms. Koslow further objects to this Request to the extent it seeks information that is not relevant to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Ms. Koslow further objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Read literally, this Request would encompass every communication Ms. Koslow had with anyone from May 2024 through the present referencing the Digital Campaign in any way, as well as any document Ms. Koslow possessed that does the same. Ms. Koslow further objects to this Request to the extent it seeks documents already in the possession of, known to, or otherwise equally available to Plaintiff, and/or which may be readily obtained by Plaintiff through the normal course of party discovery. Ms. Koslow further objects to this Request to the extent it seeks confidential, proprietary information.

Subject to and without waiver of the foregoing objections, Ms. Koslow is willing to meet and confer regarding this request.

**REQUEST NO. 7**:

All Documents and Communications with or concerning the Actions.

**RESPONSE TO REQUEST NO. 7:**

Ms. Koslow incorporates herein by reference her General Objections, Objections to Definitions, and Objections to Instructions and Production of ESI. Ms. Koslow further objects to this Request to the extent it serves as an improper attempt to obtain information for use in other legal proceedings – namely, *Wayfarer Studios LLC et al. v. Lively et al*., U.S. District Court for the Southern District of New York (Case No. 1:25-cv-00449-LJL); *Wayfarer Studios LLC et al. v. The New York Times Company*, Superior Court of California, County of Los Angeles (Case No. 24STCV34662); *Jones v. Jennifer Abel et al.,* United States District Court for the Southern District of New York (NYS Case No. 659849/2024; SDNY Case No. 1:25-cv-00779); and *Wallace et al. v. Lively*, United States District Court for the Western District of Texas (Case No. 1:25-cv-00163-DAE).

Ms. Koslow further objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Read literally, this Request would encompass every communication Ms. Koslow had with anyone from May 2024 through the present referencing the Actions in any way, as well as any document Ms. Koslow possessed that does the same. Ms. Koslow further objects to this Request to the extent it seeks documents already in the possession of, known to, or otherwise equally available to Plaintiff, and/or which may be readily obtained by Plaintiff through the normal course of party discovery. Ms. Koslow further objects to this Request to the extent it seeks further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, statute, regulation, or rule.

Subject to and without waiver of the foregoing objections, Ms. Koslow is willing to meet and confer regarding this request.

**REQUEST NO. 8**:

All Documents and Communications with or concerning the Scenario Planning Document, attached as Exhibit D to the Lively Complaint.

**RESPONSE TO REQUEST NO. 8:**

Ms. Koslow incorporates herein by reference her General Objections, Objections to Definitions, and Objections to Instructions and Production of ESI. Ms. Koslow further objects to this Request to the extent it seeks information that is not relevant to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Ms. Koslow further objects to this request as vague, ambiguous, overbroad, and unduly burdensome. Read literally, this Request would encompass every communication Ms. Koslow had with anyone from May 2024 through the present referencing the Scenario Planning Document in any way, as well as any document Ms. Koslow possessed that does the same. Ms. Koslow further objects to this Request to the extent it seeks documents already in the possession of, known to, or otherwise equally available to Plaintiff, and/or which may be readily obtained by Plaintiff through the normal course of party discovery. Ms. Koslow further objects to this Request to the extent it seeks confidential, proprietary information.

Subject to and without waiver of the foregoing objections, Ms. Koslow is willing to meet and confer regarding this request.

**REQUEST NO. 9**:

All Documents and Communications with or concerning any meeting related to the Scenario Planning Document, attached as Exhibit D to the Lively Complaint.

**RESPONSE TO REQUEST NO. 9:**

Ms. Koslow incorporates herein by reference her General Objections, Objections to Definitions, and Objections to Instructions and Production of ESI. Ms. Koslow further objects to this Request to the extent it seeks information that is not relevant to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Ms. Koslow further objects to this request as vague and ambiguous insofar as Ms. Koslow is unable to discern the meaning of the phrasing "[a]ll documents and communications with . . . any meeting related to the Scenario Planning Document." Ms. Koslow further objects to this request as overbroad and unduly burdensome to the extent it would encompass every communication Ms. Koslow had with anyone from May 2024 through the present referencing any meeting at all related to the Scenario Planning Document, as well as any attendant document. Ms. Koslow further objects to this Request to the extent it seeks documents already in the possession of, known to, or otherwise equally available to Plaintiff, and/or which may be readily obtained by Plaintiff through the normal course of party discovery. Ms. Koslow further objects to this Request to the extent it seeks confidential, proprietary information.

Subject to and without waiver of the foregoing objections, Ms. Koslow is willing to meet and confer regarding this request.

**REQUEST NO. 10**:

All Documents and Communications between You and any Content Creator concerning the Actions, Ms. Lively, Mr. Reynolds, any Wayfarer Defendant, or the Film.

**RESPONSE TO REQUEST NO. 10:**

Ms. Koslow incorporates herein by reference her General Objections, Objections to Definitions, and Objections to Instructions and Production of ESI. Ms. Koslow further objects to

this Request to the extent it serves as an improper attempt to obtain information for use in other legal proceedings – namely, *Wayfarer Studios LLC et al. v. Lively et al*., U.S. District Court for the Southern District of New York (Case No. 1:25-cv-00449-LJL); *Wayfarer Studios LLC et al. v. The New York Times Company*, Superior Court of California, County of Los Angeles (Case No. 24STCV34662); *Jones v. Jennifer Abel et al.,* United States District Court for the Southern District of New York (NYS Case No. 659849/2024; SDNY Case No. 1:25-cv-00779); and *Wallace et al. v. Lively*, United States District Court for the Western District of Texas (Case No. 1:25-cv-00163-DAE).

Ms. Koslow further objects to this Request to the extent it seeks information that is not relevant to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Ms. Koslow further objects to this request as vague, ambiguous, overbroad, and unduly burdensome to the extent it seeks "all" communications with "any" Content Creator that references the Actions, Ms. Lively, Mr. Reynolds, any Wayfarer Defendant, or the Film in any way, regardless of whether the communication is related to this action whatsoever. Ms. Koslow further objects to this Request to the extent it seeks documents already in the possession of, known to, or otherwise equally available to Plaintiff, and/or which may be readily obtained by Plaintiff through the normal course of party discovery. Ms. Koslow further objects to this Request to the extent it seeks confidential, proprietary information.

Subject to and without waiver of the foregoing objections, Ms. Koslow is willing to meet and confer regarding this request.

**REQUEST NO. 11**:

Documents such as phone billing records, sufficient to show all phone numbers and phone service providers You have used from May 1, 2024 to present. Non-responsive information may

be redacted.

**RESPONSE TO REQUEST NO. 11:**

Ms. Koslow incorporates herein by reference her General Objections, Objections to Definitions, and Objections to Instructions and Production of ESI. Ms. Koslow further objects to this Request to the extent it seeks information that is not relevant to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Ms. Koslow further objects to this Request on the grounds that it is unduly burdensome and not proportional to the needs of the case to the extent it seeks documents sufficient to show "all phone numbers and phone service providers" a non-party used from May 1, 2024 to the present. Ms. Koslow further objects to this Request to the extent it seeks disclosure of documents not within her possession, custody, control, or personal knowledge.

Subject to and without waiver of the foregoing objections, Ms. Koslow is willing to meet and confer regarding this request.

**REQUEST NO. 12:**

All Documents, including mobile phone billing records, sufficient to show all calls You made and/or received relating to the allegations in the Lively Complaint from May 1, 2024 to present. Non-responsive information may be redacted.

**RESPONSE TO REQUEST NO. 12:**

Ms. Koslow incorporates herein by reference her General Objections, Objections to Definitions, and Objections to Instructions and Production of ESI. Ms. Koslow further objects to this Request to the extent it seeks information that is not relevant to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Ms. Koslow further objects to this Request on the grounds that it is unduly burdensome and not proportional to the needs of the case

to the extent it seeks "all" documents sufficient to show "all" calls Ms. Koslow made or received relating to any allegation in Lively Complaint from May 1, 2024 to the present. Ms. Koslow further objects to this Request to the extent it seeks disclosure of documents not within her possession, custody, control, or personal knowledge.

Subject to and without waiver of the foregoing objections, Ms. Koslow is willing to meet and confer regarding this request.

**REQUEST NO. 13**:

All Documents, including mobile phone billing records, sufficient to show the calls You made and/or received to any Wayfarer Defendant from May 1, 2024, to the present. Non-responsive information may be redacted.

**RESPONSE TO REQUEST NO. 13:**

Ms. Koslow incorporates herein by reference her General Objections, Objections to Definitions, and Objections to Instructions and Production of ESI. Ms. Koslow further objects to this Request to the extent it seeks information that is not relevant to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Ms. Koslow further objects to this Request on the grounds that it is unduly burdensome and not proportional to the needs of the case to the extent it seeks "all" documents sufficient to show "all" calls Ms. Koslow made or received to "any" Wayfarer Defendant from May 1, 2024 to the present regardless of whether the call was related to this action whatsoever. Ms. Koslow further objects to this Request to the extent it seeks documents already in the possession of, known to, or otherwise equally available to Plaintiff, and/or which may be readily obtained by Plaintiff through the normal course of party discovery. Ms. Koslow further objects to this Request to the extent it seeks disclosure of documents not within her possession, custody, control, or personal knowledge.

Subject to and without waiver of the foregoing objections, Ms. Koslow is willing to meet and confer regarding this request.

Dated: New York, New York
       March 17, 2025

PRYOR CASHMAN LLP

By: _____
       Maxwell Breed
       Daniel J. Pohlman
       7 Times Square
       New York, New York 10036-6569
       (212) 326-0823
       mbreed@pryorcashman.com
       dpohlman@pryorcashman.com

*Attorneys for Nonparty Breanna Butler Koslow*

21