# manatt

Esra A. Hudson
Manatt, Phelps & Phillips, LLP
Direct Dial: 310-312-4381
ehudson@manatt.com

June 13, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1620
New York, New York 10007

   Re:   *Lively v. Wayfarer Studios LLC et al.*, No. 24-cv-10049 (LJL)

Dear Judge Liman:

      Pursuant to Rules 1.C and 4.C of the Court's Individual Rules and Practices and Federal Rule of Civil Procedure ("Rule") 26, Blake Lively[1] respectfully submits this letter motion for a protective order regarding the Wayfarer Parties' continuing demands for Ms. Lively's communications with Taylor Swift (made again yesterday), which they have pursued at the same time they have *refused to produce to Ms. Lively* the documents they publicly claimed to have received as part of a deal to withdraw their subpoenas to Ms. Swift and her counsel. Good cause exists for this request because it has been the Wayfarer Parties' tactic since August 2024 to make Ms. Swift and her fan base central to their media strategy against Ms. Lively, which they documented in both their communications and "Scenario Planning Document." *See* ECF Nos. 84 ¶ 214, 84-4 at 4. Ms. Swift is not central to Ms. Lively's claims (unlike dozens of other witnesses she identified who the Wayfarer Parties have largely ignored), and is otherwise irrelevant to the Wayfarer Parties' claims, which were dismissed on June 9. The Wayfarer Parties should not be permitted to withhold documents from Ms. Lively while demanding her communications with Ms. Swift. Because of this, and because their continued focus on Ms. Swift is a media strategy, not a litigation strategy, Ms. Lively respectfully requests that she be relieved from producing documents responsive to requests numbered 108-109 in the Request for Production served by the Wayfarer Parties on February 21, 2025 ("RFPs 108-109", Ex. A),[2] seeking "all documents and communications relating to and/or reflecting" Ms. Lively's communications with Taylor Swift "relating to the Film" or "the Action."

      Throughout litigation, and particularly over the past month, the Wayfarer Parties have repeatedly used Ms. Swift's name as part of their media strategy. Specifically, after serving RFPs 108-109, and as this Court is aware, the Wayfarer Parties served a subpoena pursuant to Rule 45 on the law firm Venable LLC ("Venable Subpoena"), which has served as outside counsel for Ms. Swift, for communications between Ms. Swift's lawyer and Ms. Lively's counsel. *See* ECF No. 214. The Wayfarer Parties

---

[1] In light of the Court's June 9, 2025 decision dismissing all of the Wayfarer Parties' claims, ECF No. 296, Consolidated Defendant Ryan Reynolds is no longer a party to this action and is under no obligation to respond to the requests for production served on him on February 21, 2025. *Lehman v. Kornblau*, 206 F.R.D. 345, 346 (E.D.N.Y. 2001) (requests for production served on dismissed defendant is "a nullity"). However, to the extent Mr. Reynolds now or in the future is responsible for responding to discovery requests, he respectfully submits for any relief granted to Ms. Lively apply to him with equal force.

2 Cites to "Ex." refer to the exhibits attached to the Declaration of Stephanie A. Roeser ("Roeser Decl."), filed contemporaneously herewith.

subsequently served a Rule 45 deposition and document subpoena on Ms. Swift that sought documents and communications entirely duplicative and cumulative of those sought by RFPs 108-109. *See* Ex. C at Requests 1, 5 (seeking all documents and communications with Ms. Lively regarding the Film or the Action) (together with the Venable Subpoena, "the Subpoenas"). After nearly two full weeks of tabloid coverage on the Subpoenas—as well as on the now-stricken filing on a related topic (ECF No. 220)— the Wayfarer Parties withdrew both Subpoenas on May 22, 2025.[3] The same day, an "exclusive" article co-authored by the Daily Mail's James Vituscka—whose relationship with the Wayfarer Parties is already part of the record, *see* ECF No. 50 ¶ 193, 286-1 ¶¶ 1–2—quoted an "insider" stating the "reason" they dropped the Subpoenas:

> Justin Baldoni's attorney Bryan Freedman dropped the request for the subpoena and the reason for doing this is very simple, ***they got exactly what they were seeking***.
>
> ***Sending a subpoena to Taylor and Taylor's response has provided Baldoni's team with everything that they needed***. Taylor stated that she was not involved at all, and this is in stark contrast to what Lively has said.

The "insider" continued:

> Taylor was always considered to be the smoking gun in this, and ***everyone is extremely pleased with the end results and the information it yielded. They got exactly what they were hoping for and much more***.[4]

On June 11, 2025, during his fifty-minute interview with Megyn Kelly, Mr. Freedman again recognized that he may not "need that evidence [related to Ms. Swift] in addition to what [he] ha[s] already."[5] If the Wayfarer Parties have already obtained "exactly what they were hoping for and much more," and do not need any evidence in addition to what they have obtained, then RFPs 108-109 are duplicative, cumulative, and unnecessary. Even more, the only allegations in this action that were ever remotely relevant to Ms. Swift were in the Wayfarer Parties' now dismissed complaint; Ms. Swift is not mentioned a single time in Ms. Lively's amended complaint. *See* ECF No. 50 ¶¶ 41–42; *see generally* ECF No. 84.

Later on May 22, 2025, counsel for Ms. Lively emailed counsel for the Wayfarer Parties about the public statements, interpreted "to mean either that (1) the intent of the Wayfarer Parties' subpoena, since our understanding is that they obtained no discoverable materials as part of this process, was to introduce scandalous allegations about Ms. Lively and her counsel into the public domain to generate

---

[3] Bryan West, *Justin Baldoni's legal team revokes document subpoena issued for Taylor Swift*, USA Today (May 22, 2025), https://www.usatoday.com/story/entertainment/music/2025/05/22/justin-baldoni-legal-team-revokes-document-subpoena-for-taylor-swift/83795887007/; Gene Maddaus, *Taylor Swift Excluded From Baldoni-Lively Narrative, as Subpoena Is Withdrawn*, Variety (May 22, 2025), https://variety.com/2025/film/news/taylor-swift-subpoena-withdrawn-baldoni-lively-1236407044/
[4] Eve Buckland & James Vituscka, *Exclusive Major Update on Taylor Swift's Subpoena in Blake Lively Lawsuit After Legal Drama Ended Pair's Friendship*, Daily Mail (May 22, 2025), https://www.dailymail.co.uk/tvshowbiz/article-14740399/taylor-swift-subpoena-blake-lively-lawsuit-update-friendship.html?ito=native_share_article-nativemenubutton (emphasis added).
[5] *Truth About Where Taylor Swift Stands in Blake Lively-Justin Baldoni Legal Battle, w/ Bryan Freedman*, The Megyn Kelly Show (June 11, 2025), https://www.youtube.com/watch?v=F4ZtvoNbQv4.

Hon. Lewis J. Liman
June 13, 2025
Page 3

negative stories, or (2) the Wayfarer Parties have received materials responsive to their subpoena, which would come as a surprise given that no materials have been provided to us." Ex. B. The same email explained that any discovery that the Wayfarer Parties or their counsel obtained concerning Ms. Lively from any third party would be responsive to properly served RFPs. To date, the Wayfarer Parties have not responded to the email, and have not produced any productions from Ms. Swift. Further, the parties have an agreement to produce documents obtained via third party subpoenas to each other promptly upon receipt, which would clearly apply to these documents, if any, notwithstanding the withdrawal of the subpoena.[6]

Either interpretation of the reason the Wayfarer Parties withdrew the Subpoenas warrants the entry of a protective order as to RFPs 108-109. If the Wayfarer Parties received documents from Ms. Swift such that they have "exactly what they" need, then the discovery sought in RFPs 108-109 is cumulative and duplicative, and need not be produced again by Ms. Lively. *See Mangahas v. Eight Oranges Inc.*, 2022 WL 14106010, at *1 (S.D.N.Y. Oct. 24, 2022) (Liman, J.) ("The Court has authority to limit the frequency and extent of discovery otherwise allowed by the Federal Rules if . . . it is unreasonably cumulative or duplicative." (quoting Fed. R. Civ. P. 26(b)(1), (b)(2)(C))); *Essilor Int'l SAS v. J.P. Morgan Chase Bank N.A.*, 2024 WL 2304961, at *1 (S.D.N.Y. May 21, 2024) (denying motion to compel discovery that was "unreasonably cumulative of information already produced in discovery"). If, on the other hand, the Wayfarer Parties were "seeking" only sensational headlines by serving the Subpoenas rather than materials to support their claims and defenses, they are not entitled to the information sought in RFPs 108-109. The purpose of civil discovery is to obtain information relevant to claims and defenses *in court*, not to prop up a public relations narrative *outside of court*. *See Oakley v. MSG Networks, Inc.*, 2025 WL 463214, at *1 (S.D.N.Y. Feb. 7, 2025) (disapproving of discovery driven by a desire "to generate gratuitous media publicity").[7]

Respectfully Submitted,

s/ *Esra A. Hudson*

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (admitted *pro hac* vice)
Stephanie A. Roeser (admitted *pro hac* vice)
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

---

[6] Ms. Lively contacted counsel for the Wayfarer Parties via email on Monday, June 9, 2025 at 5:22 p.m. EST requesting availability within 48 hours to hold a conferral to attempt to resolve this dispute. Ex. B. During a conferral on a separate issue on Tuesday, June 10, 2025, counsel for Ms. Lively asked for the Wayfarer Parties' position on RFPs 108-109 because they had not yet responded to the email inquiry or provided their availability. Roeser Decl. ¶ 7. Counsel for the Wayfarer Parties said they were not ready to discuss the issue and it has been more than 80 hours since Ms. Lively's counsel requested to confer. Roeser Decl. ¶ 8.

[7] That the purpose was not to obtain discovery but rather press reports is consistent with the statements by counsel to Ms. Swift that they have not produced any materials to the Wayfarer Parties. Ex. D ("No documents are being produced and no deposition is being scheduled").

Hon. Lewis J. Liman
June 13, 2025
Page 4

                              Matthew F. Bruno
                              7 Times Sq.
                              New York, NY 10036
                              (212) 790-4500
                              mbruno@manatt.com

                              WILLKIE FARR & GALLAGHER LLP
                              Michael J. Gottlieb
                              Kristin E. Bender
                              Meryl C. Governski (*pro hac vice*)
                              Willkie Farr & Gallagher
                              1875 K Street NW
                              Washington, DC 20006
                              (202) 303-1000
                              mgottlieb@willkie.com
                              kbender@willkie.com
                              mgovernski@willkie.com

                              Aaron E. Nathan
                              Willkie Farr & Gallagher LLP
                              787 Seventh Avenue
                              New York, NY 10019
                              (212) 728-8000
                              anathan@willkie.com

                              *Attorneys for Blake Lively*