UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>      Plaintiff,<br><br>v.<br><br>WAYFARER STUDIOS LLC, et al.,<br><br>      Defendants. | No. 24-cv-10049 (LJL) (lead case) |
| WAYFARER STUDIOS LLC, et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>BLAKE LIVELY, et al.,<br><br>      Defendants. | No. 25-cv-449 (LJL) (member case) |

**MEMORANDUM OF LAW IN SUPPORT OF BLAKE LIVELY'S
MOTION FOR LEAVE TO SERVE THIRD PARTY MATTHEW MITCHELL BY
ALTERNATIVE SERVICE**

Esra A. Hudson (admitted *pro hac vice*)
Stephanie A. Roeser (admitted *pro hac vice*)
Manatt, Phelps & Phillips LLP
2049 Century Park East, Suite 1700
Los Angeles, California 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
Manatt, Phelps & Phillips LLP
7 Times Square
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

Michael J. Gottlieb
Kristin E. Bender
Meryl C. Governski (admitted *pro hac vice*)
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron E. Nathan
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8904
anathan@willkie.com
*Attorneys for Blake Lively*

Blake Lively respectfully moves pursuant to Federal Rules of Civil Procedure ("Rules") 4(e)(1), 4(e)(2), and 45, and New York Civil Practice Law and Rules ("C.P.L.R.") §§ 308(1)–(5), to request leave to serve third party Matthew Mitchell for the pendency of the above-referenced action by alternative means. Specifically, and as described herein, Ms. Lively requests leave to serve Mr. Mitchell by telephone and social media after eight unsuccessful attempts to serve Mr. Mitchell at his last known address.

## BACKGROUND

Mr. Mitchell is a key witness to Ms. Lively's claims. During the relevant time period, Mr. Mitchell served as a senior Vice President of Jonesworks, and was highly involved in Jonesworks's public relations efforts on behalf of Mr. Baldoni and Wayfarer Studios, LLC. Indeed, Mr. Mitchell has been identified by the Wayfarer Parties has having "percipient knowledge as to facts and events alleged in the pleadings," Ex. A at 17, and is described as the Jonesworks employee who was appointed by Wayfarer to "handle the crisis" alongside Ms. Abel and Ms. Nathan. ECF No 50 ¶ 232. Ms. Lively understands, however, that Mr. Mitchell is no longer a Jonesworks employee.

On May 2, 2025, Ms. Lively sent notice to counsel of her intent to serve Mr. Mitchell with a Rule 45 subpoena ("Subpoena"). On May 5, Ms. Lively engaged a process server to attempt service at Mr. Mitchell's last known address in West Hollywood, California. As explained thoroughly in Erick Salas's Affidavit of Due Diligence ("Salas Aff."),[1] Mr. Salas attempted service at that address on eight separate occasions, at various times of day, employing different methods. *See* Salas Aff. On three of those occasions, Mr. Salas waited outside Mr. Mitchell's apartment door for over two hours in an effort to serve him. *See id.* (May 23 attempt; May 27 attempt; May 28 attempt). In addition to knocking on the apartment door, Mr. Salas spoke to neighbors who

---

[1] The Salas Aff. is attached as Exhibit B to the Declaration of Kristin E. Bender ("Bender Decl.") filed contemporaneously herewith.

were unfamiliar with Mr. Mitchell. *See id.* After eight failed attempts at service, Ms. Lively's counsel attempted to call Mr. Mitchell at the phone number provided in the Wayfarer Parties' initial disclosures. Bender Decl. ¶ 3. Although the outgoing voice mail message indicated the phone number belonged to Mr. Mitchell, there was no response. *Id.*

## ARGUMENT

Rule 4(e) dictates that "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e). Courts in this district routinely apply New York law to determine whether alternative means are appropriate to serve an out-of-state resident. *See, e.g.*, *SEC v. Pence*, 322 F.R.D. 450, 454–55 (S.D.N.Y. 2017) (applying C.P.L.R. 308(5) to permit service by certified mail, email, and telephone to a Florida resident); *Charly Acquisitions, Ltd. v. 43 N. Broadway, LLC*, 2024 WL 5244873, at *4–6 (S.D.N.Y. Dec. 30, 2024) (applying New York law to permit service by certified mail and email on California and Pennsylvania residents); *Breuer v. Castaneda*, 2016 WL 11483932, at *1–2 (S.D.N.Y. Apr. 19, 2016) (applying New York law to permit service on Florida resident).

Under New York law, a court may direct alternative methods of service where, as here, service by traditional means is "impracticable." C.P.L.R. § 308(5). "The meaning of 'impracticable' depends on the facts and circumstances of a particular case. In general, plaintiff must make some showing that the other prescribed methods of service could not be made," and the "decision to allow alternative service is committed to the sound discretion of the district court." *Freeman Giuliani v. Giuliani*, No. 24-CV-06563 (LJL), 2024 WL 5054913, at *2 (S.D.N.Y. Dec. 10, 2024) (cleaned up). Further, "impracticability does not require satisfying due diligence, or even

showing that actual prior attempts to serve a party under each and every method provided in the statute have been undertaken." *Id.* (cleaned up).

Under Rule 45, this Court may authorize "alternative service that is reasonably designed to ensure that a witness actually receives a subpoena." *See Pence*, 322 F.R.D. at 454 (citations omitted); *see also Cordius Trust v. Kummerfeld*, 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000). Alternative service is appropriate where it "reasonably insures actual receipt of the subpoena by the witness" and "is reasonably calculated under the circumstances to provide [the witness] with both notice and an opportunity to present objections." *See JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, 2009 WL 1313259, at *3 (S.D.N.Y. May 11, 2009) (citations omitted); *see also In re Bibox Grp. Holdings Ltd. Secs. Litig.*, 2020 WL 4586819, at *2 (S.D.N.Y. Aug. 10, 2020) ("[I]n order to comply with due process requirements, alternative service must provide notice that is reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action.") (citations and quotations marks omitted).

Ms. Lively respectfully requests that the Court enter an order permitting Ms. Lively to serve Mr. Mitchell by telephone and/or LinkedIn. Ms. Lively has already confirmed that she has a telephone number for Mr. Mitchell, and Mr. Mitchell's publicly available LinkedIn page appears to have been updated since his departure from Jonesworks.[2] This district has held that service via telephone and social media are proper "backstop" means of service. *See Pence*, 322 F.R.D. at 455–56 (finding proper means of service by telephone call with voicemail, email, or fax); *Hardin v. Tron Found.,* 2020 WL 5236941, at *2 (S.D.N.Y. Sept. 1, 2020) (authorizing service by email and LinkedIn); *F.T.C. v. PCCare247 Inc.*, 2013 WL 841037, at *4–6 (S.D.N.Y. Mar. 7, 2013) (allowing service via Facebook message in addition to email); *In re Terrorist Attacks on Sept. 11,*

---

[2] *See* https://www.linkedin.com/in/mtm1976/ (including a February 2025 end date to employment at Jonesworks).

*2001*, 2022 WL 1088567, at *5 (S.D.N.Y. Apr. 5, 2022) (authorizing service by publication and Twitter); *In re Bibox Grp. Holdings Ltd. Secs. Litig.*, 2020 WL 4586819, at *2 ("[S]ervice via known social media accounts is permissible."); *Kumar v. Alhunaif*, 2023 WL 8527671, at *5 (S.D.N.Y. Dec. 8, 2023) (allowing service through WhatsApp and Facebook). In light of the impracticability of serving Mr. Mitchell by personal service, alternative service by telephone and LinkedIn—the only means Ms. Lively is aware of to reach Mr. Mitchell—is appropriate here. Mr. Mitchell is "likely to receive . . . service through the alternative method[s]" proposed here, which will provide Mr. Mitchell with "timely actual notice" of documents in this litigation. *Freeman*, 2024 WL 5054913, at *2. Further, although Ms. Lively is not required to exhaust all methods of service under CPLR 308 in order to demonstrate impracticability, *id.*, the proposed alternative service methods are superior to the sole method that Ms. Lively has not tried: nail-and-mail service under CPLR 308(4). It is unclear whether nail-and-mail service would be as likely to provide Mr. Mitchell with actual notice in light of his apparent persistent absences from his last known address, and in any event, relying on nail-and-mail service would build in at least a 10-day delay for service to become effective (with no corresponding benefit in terms of increased likelihood of actual notice)—a delay that would ill serve this litigation given the discovery schedule.

## CONCLUSION

For the foregoing reasons, the Court should enter an order to permit Ms. Lively to serve Mr. Michell by telephone and/or LinkedIn for the pendency of these actions.

- 5 -

Dated: June 13, 2025

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (admitted *pro hac vice*)
Stephanie A. Roeser (admitted *pro hac vice*)
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
7 Times Sq.
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

Respectfully submitted,

/s/ *Michael J. Gottlieb*

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
Meryl Governski (admitted *pro hac vice*)
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron Nathan
787 7th Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

*Attorneys for Blake Lively*