# EXHIBIT 6

Wayfarer Studio LLC's Supplemental Responses and Objections to Blake Lively's First Set of Interrogatories

Filed Under Seal

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
BLAKE LIVELY,                                                     :
                                                                  :   Civ. Action No. 1:24-cv-10049-LJL
                Plaintiff,                                      :
                                                                  :
v.                                                                :
                                                                  :
WAYFARER STUDIOS LLC, JUSTIN BALDONI,                             :
JAMEY HEATH, STEVE SAROWITZ, IT ENDS                              :
WITH US MOVIE LLC, MELISSA NATHAN, THE                            :
AGENCY GROUP PR LLC, and JENNIFER ABEL,                           :
                                                                  :
                Defendants.                                     :
                                                                  :
------------------------------------------------------------------x
JENNIFER ABEL,                                                    :
                                                                  :
                Third-Party Plaintiff,                          :
                                                                  :
v.                                                                :
                                                                  :
JONESWORKS LLC,                                                   :
                                                                  :
                Third-Party Defendant.                          :
                                                                  :
------------------------------------------------------------------x
WAYFARER STUDIOS LLC,                                             :
JUSTIN BALDONI, JAMEY HEATH, IT ENDS WITH                         :
US MOVIE LLC, MELISSA NATHAN, JENNIFER                            :
ABEL, and STEVE SAROWITZ,                                         :
                                                                  :
                Plaintiffs,                                     :
                                                                  :
v.                                                                :
                                                                  :
BLAKE LIVELY, RYAN REYNOLDS, LESLIE                               :
SLOANE, VISION PR, INC., and THE NEW YORK                         :
TIMES COMPANY,                                                    :
                                                                  :
                Defendants.                                     :
------------------------------------------------------------------x

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

**DEFENDANT WAYFARER STUDIOS LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF BLAKE LIVELY'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Civil Rules of the Court, Defendant Wayfarer Studios LLC ("Wayfarer" or "Responding Party"), by and through its attorneys, hereby provides supplemental responses to Plaintiff Blake Lively's ("Lively" or "Propounding Party") First Set of Interrogatories.

## I.

## GENERAL OBJECTIONS

Responding Party makes the following general objections ("General Objections") to Propounding Party's Interrogatories. These General Objections are hereby incorporated into each specific response. The assertion of the same, similar, or additional objections or the provision of partial responses to each of the individual interrogatories does not waive or modify any of Responding Party's General Objections. Responding Party provides the following objections and responses without waiving its right to present evidence at trial of any later-ascertained facts.

1.      Responding Party objects to each Interrogatory to the extent that it seeks information that is not relevant to any claim or defense or proportional to the needs of the case.

2.      Responding Party objects to each Interrogatory to the extent that it purports to impose on Responding Party obligations broader than, or inconsistent with, those imposed by the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of the United States District Court for the Southern District of New York, or by any other applicable law or protocol governing discovery obligations in the above-captioned action.

3.      Responding Party objects to each Interrogatory to the extent that it seeks discovery of any confidential information or communication that is protected from disclosure by the attorney-

Docusign Envelope ID: E3D2E61F-34AB-4CDF-BB52-B377A1AB77EE
Case 1:24-cv-10049-LJL   Document 344-6   Filed 06/16/25   Page 4 of 20

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

client privilege, the work product doctrine, or any other applicable privilege, immunity, or exception. Nothing contained in these responses, or any inadvertent production or identification of documents made in response to these interrogatories, is intended as, or shall in any way be deemed, a waiver of the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege, immunity, or exception.

4. Responding Party objects to each Interrogatory to the extent that it is overbroad or unduly burdensome. Responding Party further objects to the extent that Propounding Party seeks to require Responding Party to provide information other than that which may be obtained through a reasonably diligent search of its own records.

5. Responding Party objects to each Interrogatory to the extent it seeks information that is not in Responding Party's possession, custody or control.

6. Responding Party objects to each Interrogatory to the extent it would require Responding Party to produce information covered by confidentiality agreements or protective orders with others, or that constitute an unwarranted invasion of the affected persons' constitutional, statutory and/or common-law rights of privacy and confidentiality.

7. Responding Party objects to each Interrogatory to the extent it seeks confidential commercial, financial, and/or proprietary business information, trade secrets, and/or any other non-public information protected from disclosure by law, court order, or agreement respecting confidentiality or non-disclosure or requires the disclosure of confidential or proprietary business information of third parties which Responding Party is obligated to protect.

8. Responding Party objects to Propounding Party's Interrogatories as unduly burdensome to the extent that they seek information or documents that are publicly available,

Docusign Envelope ID: F3D2E61F-34AB-4CDF-BB52-B377A1AB77EE
Case 1:24-cv-10049-LJL    Document 344-6    Filed 06/16/25    Page 5 of 20

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

9. Responding Party objects to each Interrogatory insofar as it is unreasonably cumulative, duplicative, repetitive, redundant, or overlapping of other interrogatories.

10. Responding Party objects to each Interrogatory to the extent that it, or any word or term used therein, is vague, ambiguous, compound, confusing, unintelligible, unclear, subject to different interpretations, and/or lacking in definition.

11. Responding Party objects to each Interrogatory to the extent that it is unlimited in temporal scope or contains overly broad time limitations or periods that are not relevant to any claim or defense or proportional to the needs of the case.

12. Responding Party objects to each Interrogatory to the extent that it assumes, relies on, or seeks disputed facts or legal conclusions or opinions. Responding Party denies any such disputed facts or legal conclusions or opinions to the extent assumed, relied on, or sought by each Interrogatory. Any response or objection by Responding Party to any such Interrogatory is without prejudice to this objection.

13. In responding and objecting to each Interrogatory, Responding Party does not concede that any information sought or provided is relevant to the claims of any party, proportional to the needs of this case, or admissible in evidence.

14. Responding Party objects to each Interrogatory to the extent that it exceeds the scope of interrogatories set forth in Local Civil Rule 33.3(a).

15. Nothing herein, or in any response, shall be construed as an admission by Responding Party regarding the admissibility of any fact, or as an admission as to the truth or accuracy of any information or documents provided in response to these Interrogatories. In

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

providing responses to each Interrogatory, Responding Party does not in any way waive any objections Responding Party may later assert, including but not limited to competency, relevancy, materiality, and admissibility. Responding Party expressly reserves the right to object to the use of any responses below in any subsequent proceedings or any other action. Responding Party further reserves the right to object to additional discovery into the subject matter of the Interrogatory.

16. Responding Party has responded to each Interrogatory based upon its understanding of each Interrogatory and recollection as of the date these responses are served.

17. Responding Party's responses herein are based on its present knowledge, information, and belief following its diligent search and reasonable inquiry. Discovery and investigation are ongoing, and Responding Party reserves the right to amend, correct, supplement, or clarify its responses based upon, among other things, further investigation, discovery of additional facts or information, or developments in this action or in related law, particularly in view of Propounding Party's failure to comply with the Local Rules.

**II.**

**OBJECTIONS TO INSTRUCTIONS**

1. Responding Party objects to Paragraph 2 of Propounding Party's Instructions to the extent it instructs Responding Party to gather information from its "agents, employees, representatives, or investigators (including but not limited to experts) . . . present or former attorneys or [its] agents, employees, representatives or investigators; or by any other person or legal entity controlled by or in any other manner affiliated with [it]" that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege and/or any other applicable privilege or immunity. Responding Party further objects to this

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

instruction to the extent that it requires Responding Party to produce duplicative or cumulative information. Responding Party will only produce information that is in its possession, custody, or control, as required under the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of the United States District Court for the Southern District of New York, or by any other applicable law or protocol governing discovery obligations in this action.

## III.

## OBJECTIONS TO DEFINITIONS

1. Responding Party objects to Propounding Party's definition of "Bryan Freedman" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Bryan Freedman, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Bryan Freedman" to mean Bryan Freedman.

2. Responding Party objects to Propounding Party's definition of "Content Creator" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes "any individual or entity who seeds, generates, creates, or influences Social Media content or provides related digital services."

3. Responding Party objects to Propounding Party's definition of the term "Digital Campaign," as it is vague, ambiguous, and overbroad in that it includes all "efforts … to communicate information regarding" a laundry list of subjects/topics. The definition is also vague and ambiguous because it is unclear what is meant by "narrative or virality," including how this

Docusign Envelope ID: E3D2E61F-34AB-4CDE-BB52-B377A1AB77EE
Case 1:24-cv-10049-LJL    Document 344-6    Filed 06/16/25    Page 8 of 20

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

phrase fits into the overall definition as constructed. The definition is further objectionable on the basis that it includes several subjective, ambiguous, and undefined qualifiers such as "seed, influence, boost, amplify, or engage with social media algorithms, narrative or virality"; and it incorporates the definition "Social Media," which is itself overbroad, vague, and ambiguous (including the phrase, "[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.").

4. Responding Party objects to Propounding Party's definition of "IEWU LLC" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only It Ends With Us Movie LLC, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "IEWU LLC" to mean It Ends With Us Movie LLC.

5. Responding Party objects to Propounding Party's definition of "Jonesworks" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Jonesworks LLC, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the

Docusign Envelope ID: E3D2E61F-34AB-4CDF-BB52-B377A1AB77EE
Case 1:24-cv-10049-LJL    Document 344-6    Filed 06/16/25    Page 9 of 20

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Jonesworks" to mean Jonesworks LLC.

6. Responding Party objects to Propounding Party's definition of "Liner Freedman Taitelman + Cooley" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Liner Freedman Taitelman + Cooley LLP, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Liner Freedman Taitelman + Cooley" to mean Liner Freedman Taitelman + Cooley LLP.

7. Responding Party objects to Propounding Party's definition of "Lively/Reynolds Companies" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Ms. Lively and Mr. Reynolds's affiliated entities (Betty Buzz LLC, Blake Brown, Aviation Gin, Mint Mobile, and Maximum Effort Productions), but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Lively/Reynolds Companies" to mean Betty Buzz LLC, Blake Brown, Aviation Gin, Mint Mobile, and Maximum Effort Productions.

8. Responding Party objects to Propounding Party's definition of the term "Marketing Plan," as it is vague, ambiguous, and overbroad in that it includes "any advertising, promotional, publicity or marketing materials (such as, without limitation, themes, market testing, research,

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

summaries, talking points, trailers or teasers, posters, social media posts, and screen, radio, digital or television advertising)," none of which is properly and narrowly defined and the production of which would be unnecessarily burdensome and not proportional to the needs of the case or relevant to the claim or defense of any party.

9. Responding Party objects to Propounding Party's definition of the term "Social Media," as it is vague, ambiguous, and overbroad in that it includes "any digital platform, forum, website, application, online service, or other platform," none of which is properly and narrowly defined and the production of which would be unnecessarily burdensome and not proportional to the needs of the case or relevant to the claim or defense of any party, and further objects to "on which persons can create, transmit, share, communicate, exchange content, or comment upon any information, ideas, or opinions" as similarly overbroad, vague, and ambiguous, and essentially includes every possible use of the internet. Responding Party also objects to "social networking" as it is vague, ambiguous, and overbroad, and objects to catch-all phrases such as "similar to" and "Any Other Online Presence," the definition of which is itself overbroad, vague, and ambiguous, overly burdensome and not proportional to the needs of the case or relevant to the claim or defense of any party.

10. Responding Party objects to Propounding Party's definition of "Sony" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Sony Pictures Entertainment, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Sony" to mean Sony Pictures Entertainment.

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

11. Responding Party objects to Propounding Party's definition of "Street Relations" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Street Relations, Inc., but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Street Relations" to mean Street Relations, Inc.

12. Responding Party objects to Propounding Party's definition of "TAG" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only The Agency Group PR LLC, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "TAG" to mean The Agency Group PR LLC.

13. Responding Party objects to Propounding Party's definition of "Wayfarer" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Wayfarer Studios LLC, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Wayfarer" to mean Wayfarer Studios LLC.

14. Responding Party objects to Propounding Party's definition of "WME" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

party's claim or defense or proportional to the needs of the case in that the definition includes not only William Morris Endeavor Entertainment Agency, but also unidentified officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "WME" to mean William Morris Endeavor Entertainment Agency.

15. Responding Party objects to Propounding Party's definition of "You," "Your," and "Yours" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Wayfarer Studios LLC but also unidentified persons or entities acting or purporting to act on its behalf and anyone on whose behalf it is acting, regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the terms "You," "Your," and "Yours" to mean Wayfarer Studios LLC.

**IV.**

**SUPPLEMENTAL RESPONSES TO PROPOUNDING PARTY'S INTERROGATORIES**

**INTERROGATORY NO. 1, AS AMENDED:**

Identify all reporters and news or media outlets of any kind with whom You have communicated in any manner concerning Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, or the Lively/Reynolds Companies, from June 15, 2024 to Present.

**RESPONSE TO INTERROGATORY NO. 1, AS AMENDED:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Interrogatory. Responding Party objects to this Interrogatory to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Party further objects to this Interrogatory on the grounds that it is overbroad. Responding Party further objects to this Interrogatory on the grounds that it is vague as to "reporters," "news or media outlets," and "communicated." Responding Party further objects to this Interrogatory to the extent that it exceeds the scope of Local Civil Rule 33.3(a).

Subject to and without waiving the foregoing objections, Responding Party responds as follows: None.

| | |
|---|---|
| Dated: June 13, 2025<br>New York, NY | **MEISTER SEELIG & FEIN PLLC**<br><br>By:   */s/ Mitchell Schuster*<br>    Mitchell Schuster<br>    Kevin Fritz<br>125 Park Avenue, 7th Floor<br>New York, NY 10017<br>Telephone: (212) 655-3500<br>Email: ms@msf-law.com<br>       kaf@msf-law.com |
| Dated: June 13, 2025<br>Los Angeles, CA | **LINER FREEDMAN TAITELMAN + COOLEY, LLP**<br><br>By:   */s/ Bryan Freedman*<br>    Bryan J. Freedman (*pro hac vice*)<br>    Ellyn S. Garofalo (*pro hac vice*)<br>    Miles M. Cooley (*pro hac vice*)<br>    Theresa M. Troupson (*pro hac vice*)<br>    Summer E. Benson (*pro hac vice*)<br>    Jason H. Sunshine<br>1801 Century Park West, 5th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 201-0005<br>Email: bfreedman@lftcllp.com<br>       egarofalo@lftcllp.com<br>       mcooley@lftcllp.com<br>       ttroupson@lftcllp.com<br>       sbenson@lftcllp.com<br>       jsunshine@lftcllp.com |

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Dated: June 13, 2025  
      Los Angeles, CA

**AHOURAIAN LAW**

By:   */s/ Mitra Ahouraian*  
    Mitra Ahouraian (*pro hac vice*)  
2029 Century Park East, 4th Floor  
Los Angeles, CA 90067  
Telephone: (310) 376-7878  
Email: mitra@ahouraianlaw.com

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

**VERIFICATION**

I, Jamey Heath, on behalf of Wayfarer Studios, LLC, declare as follows:

I have read the foregoing **DEFENDANT WAYFARER STUDIOS LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF BLAKE LIVELY'S FIRST SET OF INTERROGATORIES** and know its contents.

I am the Chief Executive Officer of Wayfarer Studios, LLC. I am authorized to and do make this verification on its behalf. The matters stated in the foregoing document are true to my own knowledge except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States, the State of New York, and the State of California that the foregoing is true and correct.

Executed on June 13, 2025, at Los Angeles, California.

DocuSigned by:
/s/ Jamey Heath
A1C7ED5253DD47E...
Jamey Heath

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

**CERTIFICATE OF SERVICE**

I, Summer E. Benson, do hereby certify that I am not less than 18 years of age and that on this 13th day of June 2025, I caused a copy of the within **DEFENDANT WAYFARER STUDIOS LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF BLAKE LIVELY'S FIRST SET OF INTERROGATORIES** be served upon the following counsel for the parties via email:

**SEE ATTACHED SERVICE LIST**

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: June 13, 2025
Los Angeles, CA

*/s/ Summer E. Benson*
Summer E. Benson

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

**SERVICE LIST**

| | |
|---|---|
| **MANATT, PHELPS & PHILLIPS, LLP**<br>Esra Hudson, Esq.<br>2049 Century Park East, Suite 1700<br>Los Angeles, CA 90067<br>Tel: 310-312-4381<br>Email: EHudson@manatt.com | *Attorney for Plaintiff* |
| **MANATT, PHELPS & PHILLIPS, LLP**<br>Stephanie Anne Roeser<br>One Embarcadero Center, 30th Floor<br>San Francisco, CA 94111<br>Tel: 415-291-7543<br>Email: sroeser@manatt.com | *Attorney for Plaintiff* |
| **MANATT, PHELPS & PHILLIPS, LLP**<br>Matthew F. Bruno<br>7 Times Sq<br>New York, NY 10036<br>Tel: 212-790-4500<br>Email: mbruno@manatt.com | *Attorneys for Plaintiff / Consolidated Defendant. Blake Lively; and Consolidated Defendants Ryan Reynolds* |
| **WILKIE FARR & GALLAGHER LLP**<br>Aaron E. Nathan, Esq.<br>787 7th Avenue<br>New York, NY 10019<br>Tel: 212-778-8000<br>Email: anathan@wilkie.com | *Attorneys for Plaintiff / Consolidated Defendant. Blake Lively; and Consolidated Defendants Ryan Reynolds* |
| **WILKIE FARR & GALLAGHER LLP**<br>Michael Gottlieb<br>Kristin Bender<br>Meryl Conant Governski<br>1875 K. Street, N.W.<br>Suite 100<br>Washington, DC 20006-1238<br>Tel: 202-303-1000<br>Email: mgottlieb@willkie.com<br>      kbender@willkie.com<br>      mgovernski@willkie.com | *Attorneys for Plaintiff / Consolidated Defendant. Blake Lively; and Consolidated Defendants Ryan Reynolds* |

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

| | |
|---|---|
| **HAYNES AND BOONE, LLP**<br>Laura Lee Prather<br>Michael Lambert<br>98 San Jacinto Boulevard<br>Suite 1500<br>Austin, TX 78701<br>Tel: 512-867-8400<br>Fax: 512-867-8470<br>Email: laura.prather@haynesboone.com<br>          Michael.lambert@haynesboone.com | *Attorney for Plaintiff* |
| **BOIES, SCHILLER & FLEXNER LLP**<br>Sigrid S. McCawley<br>401 East Las Olas Blvd.<br>Suite 1200<br>Fort Lauderdale, FL 33301<br>Tel: 954-356-0011<br>Email: smccawley@bsfllp.com | *Attorneys for Consolidated Defendant Leslie Sloane and Vision PR, Inc.* |
| **BOIES SCHILLER FLEXNER LLP**<br>Andrew Villacastin<br>Lindsey Ruff<br>55 Hudson Yards<br>New York, NY 10001<br>Tel: 212-446-2300<br>Email: avillacastin@bsfllp.com | *Attorneys for Consolidated Defendant Leslie Sloane and Vision PR, Inc.* |
| **JACKSON WALKER L.L.P**<br>Charles L. Babcock, IV<br>Joel Glover<br>1401 Mckinney Street, Suite 1900<br>Houston, TX 77010<br>Tel: 713-752-4226<br>Fax: 713-752-4560<br>Email: cbabcock@jw.com<br>          jglover@jw.com | *Attorneys for Defendants Jed Wallace and Street Relations, Inc.* |
| **DAVIS WRIGHT TREMAINE LLP**<br>Katherine M. Bolger<br>Amanda Brooke Levine<br>1251 Avenue of the Americas, 21st Floor<br>New York, NY  10020-1104<br>Tel.: 212-402-4068<br>Email: katebolger@dwt.com<br>          amandalevine@dwt.com | *Attorneys for Consolidated Defendants The New York Times Company* |

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

| | |
|---|---|
| **DAVIS WRIGHT TREMAINE LLP**<br>Sam Finn Cate-Gumpert<br>50 California Street, 23rd Floor<br>San Francisco, CA 94111<br>Tel: 415-276-6500<br>Fax: 415-276-6599<br>Email: samcategumpert@dwt.com | *Attorneys for Consolidated Defendants The New York Times Company* |
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Danielle Lazarus<br>51 Madison Avenue<br>22nd Floor<br>New York, NY 10010<br>Tel: 212-849-7464<br>Email: daniellelazarus@quinnemanuel.com | *Attorneys for Third Party Defendant Jonesworks LLC* |
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Kristin Tahler<br>865 S. Figueroa Street<br>Ste 10th Floor<br>Los Angeles, CA 90017<br>Tel: 213-443-3615<br>Email: kristintahler@quinnemanuel.com | *Attorneys for Third Party Defendant Jonesworks LLC* |
| **QUINN EMANUEL URQUHART & SULLIVAN LLP**<br>Maaren Alia Shah<br>295 5th Avenue<br>New York, NY 10016<br>Tel: 212-849-7452<br>Email: maarenchoksi@quinnemanuel.com | *Attorneys for Third Party Defendant Jonesworks LLC* |
| **QUINN EMANUEL URQUHART & SULLIVAN LLP**<br>Nicholas Inns<br>1300 I St NW<br>Suite 900<br>Washington, DC 20005<br>Tel: 202-774-6147<br>Email: nicholasinns@quinnemanuel.com | *Attorneys for Third Party Defendant Jonesworks LLC* |

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

| | |
|---|---|
| **UMHOFER, MITCHELL & KING LLP**<br>Anthony King<br>767 S. Alameda Street, Suite 270<br>Los Angeles, CA 90021<br>Tel: 213-394-7979<br>Fax: 213-529-1027<br>Email: anthony@umklaw.com | *Attorneys for Third Party Defendant Jonesworks LLC* |
| Mitra Ahouraian<br>2029 Century Park East<br>Ste 4th Floor<br>Los Angeles, CA 90067<br>310-867-2777<br>Email: mitra@ahouraianlaw.com | *Co-Counsel for Defendants / Consolidated Plaintiffs Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, It Ends With Us Movie LLC, Steve Sarowitz* |
| **MEISTER SEELIG & FEIN PLLC**<br>Stacey Michelle Ashby<br>Mitchell Schuster<br>Amit Shertzer<br>Kevin A. Fritz<br>125 Park Avenue, 7th Floor<br>New York, NY 10017<br>Tel: 212-655-3500<br>Fax: 212-655-3535<br>Email: ms@msf-law.com<br>    as@msf-law.com<br>    kaf@msf-law.com<br>    sma@msf-law.com | *Co-Counsel for Defendants / Consolidated Plaintiffs Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, It Ends With Us Movie LLC, Steve Sarowitz, Melissa Nathan, Agency Group PR LLC, and Consolidated Plaintiff / Defendant / Third Party Plaintiff Jennifer Abel* |
| **KATZ BANKS KUMIN LLP**<br>Alexis Ronickher (Pro Hac Vice)<br>Rebecca Peterson-Fisher (Pro Hac Vice)<br>235 Montgomery Street, Suite 665<br>San Francisco, CA 94104<br>Tel: 415-813-3260<br>Fax: 415-813-2495<br>Email: ronickher@katzbanks.com<br>    petersofisher@katzbanks.com | *Counsel for Amici Curiae Equal Rights Advocates, California Employment Lawyers' Association, and California Women's Law Center* |