# manatt

Esra A. Hudson<br>
Manatt, Phelps & Phillips, LLP<br>
Direct Dial: 310-312-4381<br>
ehudson@manatt.com

June 16, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1620
New York, NY 10007

Re:   *Lively v. Wayfarer Studios LLC, et al.*, No. 1:24-cv-10049-LJL [rel. No. 1:25-cv-00449]

Dear Judge Liman:

Pursuant to the Court's June 16, 2025 Order, we write on behalf of Plaintiff Blake Lively and Defendant Ryan Reynolds (the "Lively-Reynolds Parties") to advise the Court as to whether the Wayfarer Parties' supplemental interrogatory responses render any portion of Plaintiffs' pending Motion to Compel (ECF No. 295) (the "Motion") moot. The short answer is "no."

On June 13, 2025, certain of the Wayfarer Parties[1] (The Agency Group PR LLC ("TAG"), It Ends With Us Movie LLC ("IEWU LLC"), Justin Baldoni, Steve Sarowitz, Jamey Heath, and Wayfarer Studio LLC ("Wayfarer")) served supplemental interrogatory responses (collectively, the "Supplemental Responses"). Those Supplemental Responses, however, do not resolve the Motion. As a preliminary matter, Defendants Jennifer Abel and Melissa Nathan failed to serve any supplemental responses to any of the interrogatories at issue, and, as such, the Motion remains wholly unresolved as to each of them. The interrogatories at issue are directed at the alleged media and social media retaliation campaign against Ms. Lively and her family. As such, the responses of Ms. Abel and Ms. Nathan—whose texts to each other are among the key evidence supporting the allegations regarding that claim[2]—regarding

---

[1] The Wayfarer Parties served the following supplemental interrogatory responses, which are attached as follows: The Agency Group PR LLC's Supp. Responses (**Ex. 1**), It Ends With Us Movie LLC's Supp. Responses (**Ex. 2**), Justin Baldoni's Supp. Responses (**Ex. 3**), Steve Sarowitz's Supp. Responses (**Ex. 4**), Jamey Heath's Supp. Responses (**Ex. 5**), and Wayfarer Studio LLC's Supp. Responses (**Ex. 6**). Based on their confidential designation, the foregoing exhibits are being filed under seal.

[2] As the Court noted in the ruling on Ms. Lively's Motion to Dismiss: "The CRD complaint and Article contain numerous messages and documents strongly suggesting the Wayfarer Parties did spread negative stories about Lively. Specifically, Abel stated to Nathan that Baldoni 'wants to feel like she can be buried,' Nathan responded 'we can't send over the work we will or could do because that could get us in a lot of trouble,' and Nathan provided a 'Scenario Planning' document to Baldoni and Wayfarer that included negative statements about Lively as 'Key Messaging Points.' Dkt. Nos. 107-1, 106-7. Subsequently, Abel texted Nathan 'we need to put the social combat plan into motion,' and Nathan responded to Abel's text about 'wanting to plant pieces . . . of how horrible Blake is to work with' by stating that she had already spoken to an editor at the Daily Mail. Dkt. No. 107-1 at 8. Baldoni texted Abel a social media threat accusing a celebrity of bullying behavior and said '[t]his is what we would need,' texted Nathan and Abel about 'flipping the narrative' on Reynolds by 'using their own words against them,' Dkt. No. 107-5 ¶¶ 169–170, and circulated a negative TikTok to which a member of Nathan's team responded that she would 'let digital know,' *id.* ¶ 150. Text messages referenced 'a shift on social, due largely to Jed and his team's efforts to shift the narrative towards shining a spotlight on Blake and Ryan,' Dkt. No. 50 ¶ 286, and 'boost[ing]' content that was critical of Lively, Dkt. No. 107-2 at 03:17. In addition, a report from a brand marketing consultant concluded Lively had likely been the target of a 'multichannel online attack.' Dkt. No. 107-1 at 12. The Wayfarer Parties' statements regarding sending negative content to 'digital' and Wallace's attempts to 'shin[e] a spotlight on Blake and Ryan' are inexplicable unless the Wayfarer Parties were spreading negative content about Lively, and this impression is reinforced by messages from Baldoni, Abel, and Nathan suggesting this strategy. It is fair to presume that the Wayfarer Parties did what they said that they planned to do. *Cf. Mut. Life Ins. Co. of N.Y. v. Hillmon*, 145 U.S. 285, 296 (1892); Fed. R. Evid. 803 advisory committee note (1973) ("The rule of Mutual Life Ins. Co. v. Hillmon, allowing evidence of intention as tending to prove the doing of the act intended, is, of course, left undisturbed."). Those messages are what is contained in the Article and

Hon. Lewis J. Liman
June 16, 2025
Page 2

which reporters and "Content Creators" they have communicated with are plainly relevant and critical evidence in the case.

The Supplemental Responses also fail to resolve the Motion as to TAG, IEWU LLC, Mr. Baldoni, Mr. Sarowitz, Mr. Heath, and Wayfarer for the following reasons:

**Email Accounts Provided to Third Parties**: The Motion seeks that this Court compel each Wayfarer Defendant (other than IEWU) to identify all email accounts (since May 1, 2024) that were made accessible to third parties—such as through login credentials, shared folder access, or any other means of access—for purposes of communicating about Ms. Lively, Mr. Reynolds, the CRD Complaint, or the Digital Campaign. In their Opposition, the Wayfarer Parties agreed to respond only as to TAG, and only as to a specific type of access, *i.e.*, providing third parties with "login credentials" to such email accounts. The Wayfarer Parties then said they "never engaged in [the] alleged clandestine communications." ECF No. 311.

Consistent with their representation, only TAG supplemented its response to this interrogatory with a one-word answer that did not identify any email accounts. There are two problems with this response. First, TAG's response does not clarify whether it includes *all* email accounts as to which it provided any form of "access" to third parties, or if it includes *only* email accounts in which it provided "login credentials" to third parties. Based on the Opposition, it appears that the response is only as to "login credentials," which is the Wayfarer Parties' unilaterally imposed interpretation and is not sufficient for all of the reasons set forth in the Motion. Second, the other Wayfarer Parties—Mr. Baldoni, Ms. Nathan, Ms. Abel, Mr. Heath, Mr. Sarowitz, and Wayfarer—have failed to supplement the response to this interrogatory at all. These parties appear to be withholding responses as moot based on the Court's dismissal of the Wayfarer Parties' claims asserted against Mr. Reynolds in this action because Mr. Reynolds propounded this interrogatory to the parties other than TAG (which Ms. Lively propounded). However, because the Wayfarer Parties and their counsel have publicly indicated an intent to amend their claims as to Mr. Reynolds on June 23,[3] this discovery remains relevant and essential. Thus, the Lively-Parties continue to seek full, complete, and unambiguous responses to this interrogatory by all parties upon whom it was propounded. (Lively Interrogatory No. 3 as to TAG; Reynolds Interrogatory No. 2 as to Abel, and Nathan, and No. 3 as to Baldoni, Heath, Sarowitz and Wayfarer).

**Reporter Communications**: The Motion also remains unresolved as to the interrogatory seeking the identities of reporters and media outlets with whom the Wayfarer Parties have communicated about Ms. Lively, Mr. Reynolds, the CRD Complaint, the Consolidated Action, or the Lively/Reynolds Companies. Most notably, as stated above, the two individuals charged with communicating with the press, Ms. Abel and Ms. Nathan, failed to supplement this request at all. While the remaining Wayfarer Parties did supplement their responses to this interrogatory, they unilaterally narrowed the time frame to June 15, 2024 through December 21, 2024. As Ms. Lively alleges that the Wayfarer Parties' retaliatory smear campaign is ongoing, such narrowing is inappropriate for all of the reasons set forth in the Motion. Indeed, as set forth in the Motion, Ms. Lively has sued the Wayfarer Parties for defamation based primarily on statements made *after* December 21, 2024. *See* ECF No. 84. Further, some of the supplemental responses are inexplicably vague in identifying reporters, such as including only the initial for the last name of reporters that appear to be well known to the Wayfarer Parties. There is no reason

---

referenced in the Video. A reader of those messages would have little doubt that the Wayfarer Parties engaged in a smear campaign." ECF No. 296 at 115.

[3] *Justin Baldoni Lawyer Bryan Freedman Rips Blake Lively For 'False Victory Tour'*, TMZ (June 10, 2025), https://www.tmz.com/watch/bryan-freedman-blake-lively-06-10-2025/ (at 1:42–2:45).

Hon. Lewis J. Liman
June 16, 2025
Page 3

for any of the Wayfarer Parties to leave it to the Lively-Reynolds Parties to guess as to the full name of specific reporters with whom the Wayfarer Parties were in direct communication. All responses should be full and complete. (Lively Interrogatory No. 1 as to Baldoni, Heath, Sarowitz, IEWU, Wayfarer, and No. 6 as to TAG; Reynolds Interrogatory No. 5 as to Abel and Nathan).[4]

**Content Creators**: Finally, the Motion remains unresolved as to the interrogatories seeking the identities of content creators with whom the Wayfarer Parties have communicated regarding Ms. Lively, Mr. Reynolds, or the subject matter of this action. None of the Wayfarer Parties served any supplemental responses at all in response to this interrogatory. (Lively Interrogatory No. 5 as to TAG; Reynolds Interrogatory No. 4 as to Abel, Nathan and Sarowitz, No. 5 as to Heath and Wayfarer, and No. 6 as to Baldoni).

For the reasons set forth in the Motion, the Lively-Reynolds' Parties respectfully request that the Court grant the Motion in its entirety. We remain available should the Court require any additional information.

Respectfully submitted,

/s/ Esra A. Hudson

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
Meryl Governski (admitted *pro hac vice*)
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron E. Nathan
787 7th Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (admitted *pro hac* vice)
Stephanie A. Roeser (admitted *pro hac v*ice)
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
7 Times Sq.
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

*Attorneys for Blake Lively and Ryan Reynolds*

---

[4] We note that Dkt No. 295 inadvertently omits that the reporter interrogatory was served upon Ms. Abel and Ms. Nathan by Mr. Reynolds, as Interrogatory No. 5.