# EXHIBIT B

CONFIDENTIAL

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>                Plaintiff,<br><br>     v.<br><br>WAYFARER STUDIOS LLC, et al.,<br><br>                Defendants. | No. 24-cv-10049 (LJL) (lead case) |
| WAYFARER STUDIOS LLC, et al.,<br><br>                Plaintiffs,<br><br>     v.<br><br>BLAKE LIVELY, et al.,<br><br>                Defendants. | No. 25-cv-449 (LJL) (member case) |

### PLAINTIFF/CONSOLIDATED DEFENDANT BLAKE LIVELY'S RESPONSES AND OBJECTIONS TO DEFENDANTS/CONSOLIDATED PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

Plaintiff/Consolidated Defendant Blake Lively ("Ms. Lively") hereby responds and objects to the First Set of Requests for Production (the "Requests") propounded by Defendants/Consolidated Plaintiffs Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, It Ends With Us Movie LLC, Melissa Nathan, Jennifer Abel, and Steve Sarowitz (collectively, the "Consolidated Plaintiffs") and Defendant The Agency Group PR LLC ("TAG," and together with the Consolidated Plaintiffs, the "Propounding Parties") as follows:

CONFIDENTIAL

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Ms. Lively objects to each of the "Definitions" and "Instructions" to the extent that they seek to impose duties or obligations that exceed and/or are inconsistent with those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules for the United States District Court for the Southern District of New York, and/or any other order of the Court (the "Applicable Rules").

2.      Ms. Lively objects to the definitions and instructions to the extent they assume facts not in evidence or misstate facts.

3.      Ms. Lively objects to the definitions of "You" and "Your" and "Lively" and "Responding Party" on the grounds that they are vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definitions include not only Ms. Lively but "*anyone else* acting or *purporting to act* on her behalf and *anyone* on whose behalf she is or was acting," such as individuals, regardless of their relationship to the allegations, claims, or defenses in the Action,[1] (i) outside of an employment or agency relationship with Ms. Lively; (ii) not acting at her direction or on her behalf; (iii) not acting with her assent; (iv) not subject to her control; and/or (v) without ability to bind her by their actions. Ms. Lively further objects to the definitions to the extent they constitute an unnecessary and unwarranted invasion of privacy to third parties. In responding to the Requests, Ms. Lively will construe the terms "You," "Your," "Lively," and "Responding Party" to mean Ms. Lively.

---

[1] As detailed in Objection No. 62, Ms. Lively will construe "Action" to mean the actions pending in the Southern District of New York captioned *Lively v. Wayfarer Studios LLC, et al.*, Case No. 24-cv-10049 (LJL) and *Wayfarer Studios LLC, et al. v. Lively, et al.*, Case No. 25-cv-449 (LJL).

CONFIDENTIAL

4.      Ms. Lively objects to the definition of "Sony" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Sony Pictures Entertainment Inc., but also unidentified members, managers, representatives, agents, employees, subsidiaries, affiliates, parent(s), accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Sony's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action.  In responding to the Requests, Ms. Lively will construe the term "Sony" to mean Sony Pictures Entertainment Inc.

5.      Ms. Lively objects to the definition of "WME" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only William Morris Endeavor Entertainment, LLC, but also unidentified members, managers, representatives, agents, employees, subsidiaries, affiliates, parent(s), accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [WME's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action.  In responding to the Requests, Ms. Lively will construe the term "WME" to mean William Morris Endeavor Entertainment, LLC.

6.      Ms. Lively objects to the definition of "Heath" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Jamey Heath, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Heath's] behalf," regardless of their relationship to the allegations, claims, or defenses in the

CONFIDENTIAL

Action. In responding to the Requests, Ms. Lively will construe the term "Heath" to mean Jamey Heath.

7. Ms. Lively objects to the definition of "Sarowitz" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Steve Sarowitz, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Sarowitz's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Ms. Lively will construe the term "Sarowitz" to mean Steve Sarowitz.

8. Ms. Lively objects to the definition of "Nathan" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Melissa Nathan, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Nathan's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Ms. Lively will construe the term "Nathan" to mean Melissa Nathan.

9. Ms. Lively objects to the definition of "Abel" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Jennifer Abel, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on

CONFIDENTIAL

[Abel's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action.  In responding to the Requests, Ms. Lively will construe the term "Abel" to mean Jennifer Abel.

10.    Ms. Lively objects to the definition of "Wayfarer" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Wayfarer Studios LLC, but also unidentified members, managers, representatives, agents, employees, subsidiaries, affiliates, parent(s), accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Wayfarer's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action.  In responding to the Requests, Ms. Lively will construe the term "Wayfarer" to mean Wayfarer Studios LLC.

11.    Ms. Lively objects to the definition of "IEWUM" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only It Ends With Us Movie LLC, but also unidentified members, managers, representatives, agents, employees, subsidiaries, affiliates, parent(s), accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [IEWUM's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action.  In responding to the Requests, Ms. Lively will construe the term "IEWUM" to mean It Ends With Us Movie LLC.

12.    Ms. Lively objects to the definition of "TAG" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only The Agency Group PR LLC, but also unidentified members, managers, representatives, agents, employees,

**CONFIDENTIAL**

subsidiaries, affiliates, parent(s), accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [TAG's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Ms. Lively will construe the term "TAG" to mean The Agency Group PR LLC. Ms. Lively further objects to the definition of "TAG" because it is not used in the underlying Requests.

13.    Ms. Lively objects to the definition of "Reynolds" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Ryan Reynolds, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Reynolds's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Ms. Lively will construe the term "Reynolds" to mean Ryan Reynolds.

14.    Ms. Lively objects to the definition of "Sloane" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Leslie Sloane, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Sloane's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Ms. Lively will construe the term "Sloane" to mean Leslie Sloane.

15.    Ms. Lively objects to the definition of "Vision" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the

CONFIDENTIAL

discovery of admissible information in that the definition includes not only Vision PR Inc., but also unidentified members, managers, representatives, agents, employees, subsidiaries, affiliates, parent(s), accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Vision's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action.  In responding to the Requests, Ms. Lively will construe the term "Vision" to mean Vision PR Inc.

16.      Ms. Lively objects to the definition of "Jonesworks" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Jonesworks LLC, but also unidentified members, managers, representatives, agents, employees, subsidiaries, affiliates, parent(s), accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Jonesworks'] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action.  In responding to the Requests, Ms. Lively will construe the term "Jonesworks" to mean Jonesworks LLC.

17.      Ms. Lively objects to the definition of "Jones" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Stephanie Jones, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Jones'] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action.  In responding to the Requests, Ms. Lively will construe the term "Jones" to mean Stephanie Jones.

CONFIDENTIAL

18.     Ms. Lively objects to the definition of "New York Times" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only the New York Times Company, but also unidentified members, managers, representatives, agents, employees, subsidiaries, affiliates, parent(s), accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [New York Times'] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action.  In responding to the Requests, Ms. Lively will construe the term "New York Times" to mean the New York Times Company.

19.     Ms. Lively objects to the definition of "Twohey" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Megan Twohey, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Twohey's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action.  In responding to the Requests, Ms. Lively will construe the term "Twohey" to mean Megan Twohey.

20.     Ms. Lively objects to the definition of "McIntire" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Mike McIntire, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [McIntire's] behalf," regardless of their relationship to the allegations, claims, or defenses in the

CONFIDENTIAL

Action.  In responding to the Requests, Ms. Lively will construe the term "McIntire" to mean Mike McIntire.

21.    Ms. Lively objects to the definition of "Tate" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Julie Tate, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Tate's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action.  In responding to the Requests, Ms. Lively will construe the term "Tate" to mean Julie Tate.

22.    Ms. Lively objects to the definition of "Slate" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Jenny Slate, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Slate's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action.  In responding to the Requests, Ms. Lively will construe the term "Slate" to mean Jenny Slate.

23.    Ms. Lively objects to the definition of "Ferrer" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Isabela Ferrer, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Ferrer's] behalf," regardless of their relationship to the allegations, claims, or defenses in the

CONFIDENTIAL

Action.  In responding to the Requests, Ms. Lively will construe the term "Ferrer" to mean Isabela Ferrer.

24.      Ms. Lively objects to the definition of "Sklenar" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Brandon Feakins (professionally known as Brandon Sklenar) but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Sklenar's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action.  In responding to the Requests, Ms. Lively will construe the term "Sklenar" to mean Brandon Feakins.

25.      Ms. Lively objects to the definition of "Hoover" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Colleen Hoover, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Hoover's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action.  In responding to the Requests, Ms. Lively will construe the term "Hoover" to mean Colleen Hoover.

26.      Ms. Lively objects to the definition of "E. Baldoni" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Emily Baldoni, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on

CONFIDENTIAL

[E. Baldoni's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action.  In responding to the Requests, Ms. Lively will construe the term "E. Baldoni" to mean Emily Baldoni.

27.    Ms. Lively objects to the definition of "Whitesell" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Patrick Whitesell, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Whitesell's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action.  In responding to the Requests, Ms. Lively will construe the term "Whitesell" to mean Patrick Whitesell.

28.    Ms. Lively objects to the definition of "Greenberg" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Danny Greenberg, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Greenberg's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action.  In responding to the Requests, Ms. Lively will construe the term "Greenberg" to mean Danny Greenberg.

29.    Ms. Lively objects to the definition of "Emanuel" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Ari Emanuel, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants,

CONFIDENTIAL

attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Emanuel's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Ms. Lively will construe the term "Emanuel" to mean Ari Emanuel.

30.    Ms. Lively objects to the definition of "Gianetti" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Andrea "Ange" Gianetti, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Gianetti's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Ms. Lively will construe the term "Gianetti" to mean Andrea "Ange" Gianetti.

31.    Ms. Lively objects to the definition of "Saks" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Alex Saks, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Saks'] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Ms. Lively will construe the term "Saks" to mean Alex Saks.

32.    Ms. Lively objects to the definition of "Villa" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Mariela Villa, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants,

CONFIDENTIAL

attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Villa's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Ms. Lively will construe the term "Villa" to mean Mariela Villa.

33. Ms. Lively objects to the definition of "Wire" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Kimberly Wire, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Wire's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Ms. Lively will construe the term "Wire" to mean Kimberly Wire.

34. Ms. Lively objects to the definition of "Hanks" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Tera Hanks, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Hanks'] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Ms. Lively will construe the term "Hanks" to mean Tera Hanks.

35. Ms. Lively objects to the definition of "Minhaj" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Hasan Minhaj, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants,

CONFIDENTIAL

attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Minhaj's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Ms. Lively will construe the term "Minhaj" to mean Hasan Minhaj.

36.    Ms. Lively objects to the definition of "McKidd" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Kevin McKidd, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [McKidd's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Ms. Lively will construe the term "McKidd" to mean Kevin McKidd.

37.    Ms. Lively objects to the definition of "Morton" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Amy Morton, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Morton's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Ms. Lively will construe the term "Morton" to mean Amy Morton.

38.    Ms. Lively objects to the definition of "Neustaedter" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Alex Neustaedter, but

**CONFIDENTIAL**

also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Neustaedter's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Ms. Lively will construe the term "Neustaedter" to mean Alex Neustaedter.

39. Ms. Lively objects to the definition of "R. Lively" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Robyn Lively, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [R. Lively's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Ms. Lively will construe the term "R. Lively" to mean Robyn Lively.

40. Ms. Lively objects to the definition of "Mondschein" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Adam Mondschein, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Mondschein's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Ms. Lively will construe the term "Mondschein" to mean Adam Mondschein.

41. Ms. Lively objects to the definition of "Haveles" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the

CONFIDENTIAL

discovery of admissible information in that the definition includes not only Tina Haveles, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Haveles'] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Ms. Lively will construe the term "Haveles" to mean Tina Haveles.

42.    Ms. Lively objects to the definition of "Baker" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Vivian Baker, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Baker's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Ms. Lively will construe the term "Baker" to mean Vivian Baker.

43.    Ms. Lively objects to the definition of "Carroll" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Anne Carroll, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Carroll's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Ms. Lively will construe the term "Carroll" to mean Anne Carroll.

CONFIDENTIAL

44.     Ms. Lively objects to the definition of "Saladino" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Don Saladino, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Saladino's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action.  In responding to the Requests, Ms. Lively will construe the term "Saladino" to mean Don Saladino.

45.     Ms. Lively objects to the definition of "Zavala" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Warren Zavala, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Zavala's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action.  In responding to the Requests, Ms. Lively will construe the term "Zavala" to mean Warren Zavala.

46.     Ms. Lively objects to the definition of "Greystone" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Justin Greystone, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Greystone's] behalf," regardless of their relationship to the allegations, claims, or defenses in

**CONFIDENTIAL**

the Action.  In responding to the Requests, Ms. Lively will construe the term "Greystone" to mean Justin Greystone.

47.    Ms. Lively objects to the definition of "Lynn" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Claudia Lynn, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Lynn's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action.  In responding to the Requests, Ms. Lively will construe the term "Lynn" to mean Claudia Lynn.

48.    Ms. Lively objects to the definition of "Cary" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Chelsea Cary, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Cary's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action.  In responding to the Requests, Ms. Lively will construe the term "Cary" to mean Chelsea Cary.

49.    Ms. Lively objects to the definition of "Talbot" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Lizzy Talbot, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on

CONFIDENTIAL

[Talbot's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Ms. Lively will construe the term "Talbot" to mean Lizzy Talbot.

50.    Ms. Lively objects to the definition of "Simonsen" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Rob Simonsen, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Simonsen's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Ms. Lively will construe the term "Simonsen" to mean Rob Simonsen.

51.    Ms. Lively objects to the definition of "Blickenstaff" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Duncan Blickenstaff, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Blickenstaff's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Ms. Lively will construe the term "Blickenstaff" to mean Duncan Blickenstaff.

52.    Ms. Lively objects to the definition of "Levy" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Shawn Levy, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys,

CONFIDENTIAL

successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Levy's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Ms. Lively will construe the term "Levy" to mean Shawn Levy.

53.    Ms. Lively objects to the definition of "Cooper" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Bradley Cooper, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Cooper's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Ms. Lively will construe the term "Cooper" to mean Bradley Cooper.

54.    Ms. Lively objects to the definition of "Greenstein" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Josh Greenstein, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Greenstein's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Ms. Lively will construe the term "Greenstein" to mean Josh Greenstein.

55.    Ms. Lively objects to the definition of "Plank" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Liz Plank, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys,

CONFIDENTIAL

successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Plank's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Ms. Lively will construe the term "Plank" to mean Liz Plank.

56.    Ms. Lively objects to the definition of "Swift" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Taylor Swift, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Swift's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Ms. Lively will construe the term "Swift" to mean Taylor Swift.

57.    Ms. Lively objects to the definition of "London" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Jacquelyn London, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [London's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Ms. Lively will construe the term "London" to mean Jacquelyn London.

58.    Ms. Lively objects to the definition of "C. Swift" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Carly Swift, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [C. Swift's]

CONFIDENTIAL

behalf," regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Ms. Lively will construe the term "C. Swift" to mean Carly Swift.

59.　　Ms. Lively objects to the definition of "Travaglia" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Sophia Travaglia, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Travaglia's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Ms. Lively will construe the term "Travaglia" to mean Sophia Travaglia.

60.　　Ms. Lively objects to the definition of "Benson" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Jennifer Benson, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Benson's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Ms. Lively will construe the term "Benson" to mean Jennifer Benson.

61.　　Ms. Lively objects to the definition of "Black" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Todd Black, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Black's]

CONFIDENTIAL

behalf," regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Ms. Lively will construe the term "Black" to mean Todd Black.

62.     Ms. Lively objects to the definition of "Action" on the grounds that it is overbroad, seeks documents that are not relevant to the allegations, claims, or defenses in the Complaint or the Consolidated Complaint, nor reasonably calculated to lead to the discovery of admissible information in that the definition includes *Jonesworks v. Abel et al.*, Case No. 1:25-cv-00779-LJL, a litigation to which Ms. Lively is not a party. "Relevant," as used herein, shall have the same meaning as ascribed to it by Fed. R. Evid. 401 of the Applicable Rules. For the avoidance of doubt, Ms. Lively objects to each Request that may be construed as calling for the production of documents or disclosure of information that are solely relevant to allegations and claims relating to the action captioned as *Jonesworks v. Abel et al.*, Case No. 1:25-cv-00779-LJL, which Ms. Lively will not produce. In responding to the Requests, Ms. Lively will construe the term "Action" to mean the actions captioned as *Lively v. Wayfarer Studios LLC, et al.*, Case No. 24-cv-10049 (LJL) and *Wayfarer Studios LLC, et al. v. Lively, et al.*, Case No. 25-cv-449 (LJL).

63.     Ms. Lively objects to the definition of "thing" as unduly burdensome and overbroad, and on the grounds that it seeks to impose obligations on Lively different from or greater than those imposed by the Applicable Rules. Ms. Lively will respond to the Requests in accordance with the Applicable Rules.

64.     Ms. Lively objects to the definition of "referring to," "relating to," and "concerning" on the grounds that it seeks to impose obligations on Lively different from or greater than those imposed by the Applicable Rules. Ms. Lively further objects to the definition

**CONFIDENTIAL**

of "referring to" and "concerning" because it is not used in the underlying Requests. Ms. Lively will respond to the Requests in accordance with the Applicable Rules.

65.    Ms. Lively objects to the definition of "acts" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information because it calls for "acts" of an entity to include the acts of "directors, officers, owners, members, employees, consultants, agents, attorneys or any entity acting on the entity's behalf," regardless of their relationship to the allegations, claims, or defenses in the Action.

66.    Ms. Lively objects to Instruction No. 78 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information because it calls for "any natural person" to include unidentified agents, employees, representatives, attorneys, superiors, and principals thereof, regardless of their relationship to the allegations, claims, or defenses in the Action.

67.    Ms. Lively objects to Instruction No. 79 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information because it calls for "any entity" to include unidentified officers, directors, employees, partners, corporate parents, subsidiaries, affiliates, agents, representatives, attorneys, principals thereof, regardless of their relationship to the allegations, claims, or defenses in the Action.

68.    Ms. Lively objects to the time period set forth in Instruction No. 82 because it is not limited to a reasonable time period in light of the Action and the Propounding Parties' specific allegations as to Ms. Lively. Ms. Lively is willing to meet and confer with the Propounding Parties concerning the appropriate date range, but will otherwise construe the

CONFIDENTIAL

relevant time period to be December 31, 2022 through December 20, 2024. Ms. Lively does not waive, and expressly reserves the right to object to, any argument that the appropriate date range for document requests to the Propounding Parties should not extend beyond the aforementioned date range.

69.     Ms. Lively objects to Instruction No. 83 as overly broad and unduly burdensome to the extent it requires Lively to segregate each document according to the numbered request to which it is responsive, and to the extent that it differs from, adds to, or is otherwise inconsistent with the requirements of the Applicable Rules.

70.     Ms. Lively objects to Instruction No. 84, which requests information about documents that have been lost, discarded, transferred or destroyed, to the extent it seeks to impose obligations on Ms. Lively different from or greater than those imposed by the Applicable Rules. Ms. Lively will respond to the Requests in accordance with the Applicable Rules.

71.     Ms. Lively objects to Instruction No. 85 as overly broad and unduly burdensome to the extent it purports to require Ms. Lively to produce a privilege log or redaction log containing information that differs from, adds to, or is otherwise inconsistent with the requirements of the Applicable Rules. When asserting any privilege or protection over a document responsive to the Requests, Ms. Lively will provide only the information required by the Applicable Rules.

72.     Ms. Lively objects to each Request that seeks "all," "any," "each," or "every" document on a respective topic because it would require Ms. Lively to search each and every document in Ms. Lively's possession, custody, or control. Searching for "all" responsive documents concerning any topic imposes an undue burden and expense on Lively and is not proportional to the needs of the Action. Ms. Lively will not withhold any specific documents

CONFIDENTIAL

based on this objection; however, Ms. Lively will only conduct reasonable, good-faith, and proportional searches for responsive documents, as further detailed in the specific objections and responses below.

73.    Ms. Lively expressly reserves the right to redact information that is not relevant to the Actions (as defined by the Applicable Rules) from documents responsive to the Requests, as appropriate.

74.    Ms. Lively objects to the Requests that call for the disclosure of information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the spousal privilege, the physician-patient privilege, psychotherapist-patient privilege, or any other privilege, protection, or immunity applicable under the governing law.  Ms. Lively does not intend to disclose such protected information.  To the extent that any Requests may be construed as calling for the production of documents or disclosure of information that is subject to any such claim of privilege, Ms. Lively hereby asserts that doctrine or privilege and objects on that basis. Any accidental or inadvertent disclosure of privileged information or material is not intended to be and shall not operate as a waiver of any claim of privilege, protection, or immunity, whether in whole or in part, nor is any such inadvertent disclosure intended to be, nor shall it constitute, a waiver of the right to object to any use of such information contained therein.

75.    Ms. Lively objects to the Requests that seek information from sources not within Ms. Lively's possession, custody, and control or is locatable after a reasonable and diligent search, and to the extent they seek to require Ms. Lively to search for, review, or produce inaccessible information or materials.  Ms. Lively further objects to the Requests that seek to impose any duty to provide information more readily available from sources other than Ms.

CONFIDENTIAL

Lively, including, without limitation, information that is in the possession of the Wayfarer Parties.

76.    Ms. Lively objects to the Requests that require the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract.  Ms. Lively further objects to the Requests that require the production of documents reflecting trade secrets and/or proprietary business information or documents that would impinge on privacy rights of third parties.

77.    Where Ms. Lively has agreed to conduct a reasonable search for and produce documents, such search and production will be governed by, and subject to, the Applicable Rules, as well as any prior and subsequent relevant stipulations of the parties, including, but not limited to, a forthcoming Electronically Stored Information Protocol for Discovery of electronically-stored information, documents, and hardcopy documents ("ESI Protocol"), and the parties' agreement as to a proper search and review protocol.  To the extent any of the Requests demand a production that is in conflict with the ESI Protocol, the ESI Protocol, including but not limited to any accompanying provision implicating Fed. R. Evid. 502(d), will control.

78.    Where Ms. Lively has agreed to produce documents and communications, to the extent any exist, Ms. Lively will produce documents and communications as they are kept in the usual course of business or organized, and will produce them in a reasonable form, at a reasonable time, and at a reasonable location to be mutually agreed by the parties, and objects to any contrary instruction.

79.    Where Ms. Lively has agreed to produce documents and communications, to the extent any exist, such production will be limited to documents and communications that are responsive to the underlying Request and relevant to the allegations, claims, or defense in the Action.

CONFIDENTIAL

80.    Any response stating that responsive documents will be produced is not a representation that such documents exist or are in Ms. Lively's possession, custody or control. To the contrary, any such response is subject to confirmation by Ms. Lively that such documents exist and are in Ms. Lively's possession, custody and control.

81.    Ms. Lively makes these responses based on facts reasonably known at the time of answering these Requests.  The Action is in the early stages of discovery.  Ms. Lively has not completed investigating the facts relating to the Action and further discovery, investigation, research, and analysis may supply additional facts, which may alter the contentions and disclosures herein.  Ms. Lively reserves the right to later use and present at trial any evidence, facts, and/or testimony developed or analyzed at a later date that is responsive to the Requests but not presently known to Ms. Lively.  Ms. Lively assumes no obligation to amend and/or supplement her responses beyond that which is required by law.

CONFIDENTIAL

## SPECIFIC RESPONSES AND OBJECTIONS

The responses set forth below are based upon information presently available to Ms. Lively, and Lively expressly reserves the right to revise, correct, add to, clarify, amend, or supplement her responses as necessary. Each of the foregoing objections to definitions and instructions is incorporated in and shall be deemed continuing throughout the responses to specific Requests set forth below, even when not further referred to in any particular response. Thus, the absence of a reference to an objection to the definitions and instructions should not be construed as a waiver of the objections to definitions and instructions as to a specific Request.

## REQUEST NO. 1:

All documents and communications relating to the Film.

## RESPONSE TO REQUEST NO. 1:

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the physician-patient privilege, psychotherapist-patient privilege, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would

CONFIDENTIAL

otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 2:**

All documents and communications relating to the marketing of the Film.

**RESPONSE TO REQUEST NO. 2:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 1. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "marketing." Ms. Lively further objects to this Request to the extent that it

CONFIDENTIAL

requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce non-privileged documents responsive to this Request.

## REQUEST NO. 3:

All documents and communications relating to allegations of sexual harassment and/or other misconduct relating to the Film.

## RESPONSE TO REQUEST NO. 3:

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the physician-patient privilege, psychotherapist-patient privilege, or any other applicable privilege, protection, or

CONFIDENTIAL

immunity.  Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "other misconduct."   Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 1.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 4:**

All documents and communications relating to your defenses to the Consolidated Complaint.

**RESPONSE TO REQUEST NO. 4:**

Ms. Lively objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence.  Ms. Lively further objects to this Request to the extent that it seeks the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity.  Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "defenses."  Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1 and 3.  Ms. Lively further objects to this Request on the grounds that it prematurely seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144).

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce non-privileged documents responsive to this Request, to the extent any exist.

CONFIDENTIAL

**REQUEST NO. 5:**

All documents and communications relating to and/or reflecting your communications with Baldoni.

**RESPONSE TO REQUEST NO. 5:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1–4.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce communications with Baldoni.

CONFIDENTIAL

**REQUEST NO. 6:**

All documents and communications relating to Baldoni.

**RESPONSE TO REQUEST NO. 6:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action.  Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive.  Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity.  Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1–5. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 7:**

All documents and communications relating to and/or reflecting your communications with Heath.

**RESPONSE TO REQUEST NO. 7:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1–4.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce communications with Heath.

CONFIDENTIAL

**REQUEST NO. 8:**

All documents and communications relating to Heath.

**RESPONSE TO REQUEST NO. 8:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1–4, and 7.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 9:**

All documents and communications relating to and/or reflecting your communications with Slate.

**RESPONSE TO REQUEST NO. 9:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 1. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 10:**

All documents and communications relating to Slate.

**RESPONSE TO REQUEST NO. 10:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this

CONFIDENTIAL

Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1 and 9. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 11:**

All documents and communications relating to and/or reflecting your communications with Slate relating to the Action.

**RESPONSE TO REQUEST NO. 11:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary

CONFIDENTIAL

and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 3, 9, and 10. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce non-privileged documents responsive to this Request.

**REQUEST NO. 12:**

All documents and communications relating to and/or reflecting your communications with Slate relating to the Film.

**RESPONSE TO REQUEST NO. 12:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 9, 10, and 11. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or

CONFIDENTIAL

highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 13:**

All documents and communications relating to and/or reflecting your communications with Ferrer.

**RESPONSE TO REQUEST NO. 13:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 1. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 14:**

All documents and communications relating to and/or reflecting your communications with Ferrer relating to the Action.

**RESPONSE TO REQUEST NO. 14:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 3, 13. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 15:**

All documents and communications relating to and/or reflecting your communications with Ferrer relating to the Film.

**RESPONSE TO REQUEST NO. 15:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this

CONFIDENTIAL

Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 13, and 14. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 16:**

All documents and communications relating to Ferrer.

**RESPONSE TO REQUEST NO. 16:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding

CONFIDENTIAL

Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 13, 14, and 15.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 17:**

All documents and communications relating to and/or reflecting your communications with Sklenar.

**RESPONSE TO REQUEST NO. 17:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 1. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal

CONFIDENTIAL

and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 18:**

All documents and communications relating to Sklenar.

**RESPONSE TO REQUEST NO. 18:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1 and 17. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action.

CONFIDENTIAL

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 19:**

All documents and communications relating to and/or reflecting your communications with Hoover.

**RESPONSE TO REQUEST NO. 19:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 1.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 20:**

All documents and communications relating to Hoover.

**RESPONSE TO REQUEST NO. 20:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1 and 19.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 21:**

All documents and communications relating to and/or reflecting your communications with E. Baldoni.

**RESPONSE TO REQUEST NO. 21:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 1.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 22:**

All documents and communications relating to E. Baldoni.

**RESPONSE TO REQUEST NO. 22:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1 and 21.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 23:**

All documents and communications relating to Wayfarer.

**RESPONSE TO REQUEST NO. 23:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence.

CONFIDENTIAL

Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity.  Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive.  Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties.  Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action.  Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 3, 4, and 24.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 24:**

All documents and communications relating to IEWUM.

**RESPONSE TO REQUEST NO. 24:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action.  Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence.

CONFIDENTIAL

Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 3, 4, and 23.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 25:**

All documents and communications relating to Abel.

**RESPONSE TO REQUEST NO. 25:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence.

CONFIDENTIAL

Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 3, and 4. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 26:**

All documents and communications relating to Nathan.

**RESPONSE TO REQUEST NO. 26:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more

CONFIDENTIAL

convenient, less burdensome, or less expensive.  Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity.  Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action.  Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 3, and 4.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 27:**

All documents and communications relating to Sarowitz.

**RESPONSE TO REQUEST NO. 27:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action.  Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence.  Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive.  Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable

CONFIDENTIAL

privilege, protection, or immunity. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 3, and 4.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 28:**

All documents and communications relating to and/or reflecting your communications with Whitesell.

**RESPONSE TO REQUEST NO. 28:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less

CONFIDENTIAL

expensive. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting."

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 29:**

All documents and communications relating to Whitesell.

**RESPONSE TO REQUEST NO. 29:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 28. Ms. Lively further objects to this Request on the grounds that it prematurely seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144).

CONFIDENTIAL

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 30:**

All documents and communications relating to and/or reflecting your communications with Greenberg.

**RESPONSE TO REQUEST NO. 30:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it prematurely seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144).

CONFIDENTIAL

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 31:**

All documents and communications relating to and/or reflecting Reynolds' communications with Greenberg.

**RESPONSE TO REQUEST NO. 31:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 30. Ms. Lively further objects to this Request on the grounds that it prematurely seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144).

CONFIDENTIAL

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 32:**

All documents and communications relating to Greenberg.

**RESPONSE TO REQUEST NO. 32:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 30 and 31. Ms. Lively further objects to this Request on the grounds that it prematurely seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144).

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 33:**

All documents and communications relating to and/or reflecting your communications with Emanuel relating to the Film.

**RESPONSE TO REQUEST NO. 33:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 1. Ms. Lively further objects to this Request on the grounds that it prematurely seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144).

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 34:**

All documents and communications relating to and/or reflecting your communications with WME relating to WME's representation of Baldoni, including, without limitation, the termination thereof.

**RESPONSE TO REQUEST NO. 34:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract, including but not limited to documents reflecting trade secrets and/or proprietary business information, or information that would impinge on privacy rights of third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 28–33. Ms. Lively further objects to this Request on the grounds that it prematurely seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144).

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 35:**

All documents and communications relating to and/or reflecting your communications with WME relating to WME's representation of Wayfarer, including, without limitation, the termination thereof.

**RESPONSE TO REQUEST NO. 35:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract, including but not limited to documents reflecting trade secrets and/or proprietary business information, or information that would impinge on privacy rights of third parties. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 28–34. Ms. Lively further objects to this Request on the grounds that it prematurely seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144).

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 36:**

All documents and communications relating to and/or reflecting your communications with Emanuel relating to the Action.

**RESPONSE TO REQUEST NO. 36:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 28–35. Ms. Lively further objects to this Request on the grounds that it prematurely seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144).

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

## REQUEST NO. 37:

All documents and communications relating to and/or reflecting your communications relating to the Action with any individual identified in your initial disclosures.

## RESPONSE TO REQUEST NO. 37:

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request to the extent it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract, including but not limited to documents reflecting trade secrets and/or proprietary business information, or information that would impinge on privacy rights of third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request on the grounds that it is cumulative and

CONFIDENTIAL

duplicative of other Requests, including but not limited to Request Nos. 1, 5–20, 25–32, 43, 44, 65, 67–71, 74, 79–82, 92–93, 114–115, 123, 124, and 130.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 38:**

All documents and communications relating to and/or reflecting your communications relating to the Film with any individual identified in your initial disclosures.

**RESPONSE TO REQUEST NO. 38:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request to the extent it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract, including but not limited to documents reflecting trade secrets and/or proprietary business information, or information that would impinge on privacy

CONFIDENTIAL

rights of third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 5–20, 25–32, 43, 44, 65, 67–71, 74, 79–82, 92–93, 114–115, 123, 124, and 130.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 39:**

All documents and communications relating to and/or reflecting your communications relating to the Action with any individual identified in Propounding Parties' initial disclosures.

**RESPONSE TO REQUEST NO. 39:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "[a]ll documents and communications relating to and/or reflecting [Lively's] communications" with "any" one of the 154 individuals or entities identified in the Propounding Parties' initial disclosures and would require an unreasonable expenditure of time and resources. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more

CONFIDENTIAL

convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request to the extent it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract, including but not limited to documents reflecting trade secrets and/or proprietary business information, or information that would impinge on privacy rights of third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 5–20, 25–33, 36, 42–44, 60–62, 65, 67–77, 80–100, 106–125, 123–125, and 130.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 40:**

All documents and communications relating to and/or reflecting your communications relating to the Action with any individual identified in Propounding Parties' initial disclosures.

**RESPONSE TO REQUEST NO. 40:**

Ms. Lively objects to this Request as entirely duplicative of Request No. 39.

CONFIDENTIAL

**REQUEST NO. 41:**

All documents and communications relating to your diagnosis with COVID-19 during the year 2023, including all records of treatment therefor.

**RESPONSE TO REQUEST NO. 41:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the physician-patient privilege or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request to the extent it seeks documents and communications with medical personnel that are not in Lively's possession, custody, or control. Ms. Lively further objects to this Request as vague as ambiguous, including its use of the undefined term "diagnosis" and undefined phrase "records of treatment."

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 42:**

All documents and communications relating to Dr. Leslie Dobson.

**RESPONSE TO REQUEST NO. 42:**

Ms. Lively objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Lively further objects to this Request to the extent that it

CONFIDENTIAL

would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 39 and 40.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

## REQUEST NO. 43:

All documents and communications relating to and/or reflecting your communications with Gianetti.

## RESPONSE TO REQUEST NO. 43:

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available

CONFIDENTIAL

to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 37–40, and 45–48.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 44:**

All documents and communications relating to Gianetti.

**RESPONSE TO REQUEST NO. 44:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 37–40, 43, and 45–48.

CONFIDENTIAL

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 45:**

All documents and communications relating to and/or reflecting your communications with Sony relating to the Film.

**RESPONSE TO REQUEST NO. 45:**

Ms. Lively objects to this Request on the grounds that is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request to the extent it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract, including but not limited to documents reflecting trade secrets and/or proprietary business information, or information that would impinge on privacy rights of third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 43, and 44.

CONFIDENTIAL

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 46:**

All documents and communications relating to and/or reflecting your communications with Sony relating to the Action.

**RESPONSE TO REQUEST NO. 46:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request to the extent it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract, including but not limited to documents reflecting trade secrets and/or proprietary business information, or information that would impinge on privacy rights of third parties. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 4, and 43–45.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 47:**

All documents and communications relating to and/or reflecting your communications with Sony relating to Reynolds.

**RESPONSE TO REQUEST NO. 47:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request to the extent it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract, including but not limited to documents reflecting trade secrets and/or proprietary business information, or information that would impinge on privacy rights of third parties. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1 and 43–46.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 48:**

All documents and communications relating to and/or reflecting your communications with Sony relating to sexual harassment and/or other misconduct relating to the Film.

**RESPONSE TO REQUEST NO. 48:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request to the extent it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract, including but not limited to documents reflecting trade secrets and/or proprietary business information, or information that would impinge on privacy rights of third parties. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1 and 43–47. Ms. Lively further objects to this Request to the extent it seeks the production of "all" documents and communications under circumstances in which a production of a subset of all documents and communications would be sufficient to show the responsive and relevant information.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 49:**

All documents and communications relating to and/or reflecting your communications with WME relating to the Film.

**RESPONSE TO REQUEST NO. 49:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request to the extent it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract, including but not limited to documents reflecting trade secrets and/or proprietary business information, or information that would impinge on privacy rights of third parties. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, and 28–36. Ms. Lively further objects to this Request on the grounds that it prematurely seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144).

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 50:**

All documents and communications relating to and/or reflecting your communications with WME relating to the Action.

**RESPONSE TO REQUEST NO. 50:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request to the extent it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract, including but not limited to documents reflecting trade secrets and/or proprietary business information, or information that would impinge on privacy rights of third parties. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 4, and 28–36.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 51:**

All documents and communications relating to and/or reflecting your communications with WME relating to sexual harassment and/or other misconduct relating to the Film.

**RESPONSE TO REQUEST NO. 51:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request to the extent it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract, including but not limited to documents reflecting trade secrets and/or proprietary business information, or information that would impinge on privacy rights of third parties. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 4, 28–36, 49, and 50. Ms. Lively further objects to this Request on the grounds that it prematurely seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144).

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce non-privileged documents responsive to this Request, to the extent any exist.

CONFIDENTIAL

**REQUEST NO. 52:**

All documents and communications relating to your allegation, if any, that Propounding Parties caused damage to any company owned in whole or in part by you.

**RESPONSE TO REQUEST NO. 52:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined terms "allegation" and "damage." Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects on the grounds that this Request prematurely seeks information that is properly the subject of expert testimony. Ms. Lively further objects to this Request because it is not limited to a reasonable time period in light of the claims and allegations in the Complaint.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce non-privileged documents responsive to this Request, to the extent any exist.

CONFIDENTIAL

**REQUEST NO. 53:**

All documents and communications relating to your allegation, if any, that Propounding Parties caused damage to any company owned in whole or in part by Reynolds.

**RESPONSE TO REQUEST NO. 53:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "damage." Ms. Lively further objects on the grounds that this Request prematurely seeks information that is properly the subject of expert testimony. Ms. Lively further objects to this Request because it is not limited to a reasonable time period in light of the claims and allegations in the Complaint.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce non-privileged documents responsive to this Request, to the extent any exist.

CONFIDENTIAL

**REQUEST NO. 54:**

All documents and communications relating to your allegation, if any, that Propounding Parties caused harm or damages to any of your children.

**RESPONSE TO REQUEST NO. 54:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the physician-patient privilege, psychotherapist-patient privilege, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined terms "allegation" and "damage." Ms. Lively further objects on the grounds that this Request prematurely seeks information that is properly the subject of expert testimony. Ms. Lively further objects to this Request because it is not limited to a reasonable time period in light of the claims and allegations in the Complaint.

**REQUEST NO. 55:**

All documents and communications relating to the character "Nicepool" in the film "Deadpool & Wolverine."

**RESPONSE TO REQUEST NO. 55:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this

CONFIDENTIAL

Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract, including but not limited to documents reflecting trade secrets and/or proprietary business information, or information that would impinge on privacy rights of third parties.  Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive.  Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity.  Ms. Lively further objects to this Request on the grounds that it prematurely seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144).

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 56:**

All documents and communications relating to your claims for damages.

**RESPONSE TO REQUEST NO. 56:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action.  Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence.

CONFIDENTIAL

Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the physician-patient privilege, psychotherapist-patient privilege, or any other applicable privilege, protection, or immunity. Ms. Lively further objects on the grounds that this Request prematurely seeks information that is properly the subject of expert testimony. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 52–54. Ms. Lively further objects to this Request to the extent it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract, including but not limited to documents reflecting trade secrets and/or proprietary business information, or information that would impinge on privacy rights of third parties. Ms. Lively further objects to this Request because it is not limited to a reasonable time period in light of the claims and allegations in the Complaint.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce non-privileged documents responsive to this Request, to the extent any exist.

**REQUEST NO. 57:**

All audio and video footage relating to the allegations set forth in the Complaint.

**RESPONSE TO REQUEST NO. 57:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would

CONFIDENTIAL

otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined terms "audio," "video," "and allegations." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1–3.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce non-privileged documents responsive to this Request, to the extent any exist.

## REQUEST NO. 58:

All audio and video footage relating to the allegations set forth in the Consolidated Complaint.

## RESPONSE TO REQUEST NO. 58:

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her

CONFIDENTIAL

possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined terms "audio," "video," "and allegations." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1–3 and 57. Ms. Lively further objects to this Request on the grounds that it prematurely seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144).

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce non-privileged documents responsive to this Request, to the extent any exist.

**REQUEST NO. 59:**

All documents and communications relating to and/or reflecting your communications with the New York Times.

**RESPONSE TO REQUEST NO. 59:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the

CONFIDENTIAL

grounds that it prematurely seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144).

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 60:**

All documents and communications relating to and/or reflecting your communications with Twohey.

**RESPONSE TO REQUEST NO. 60:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 39 and 59. Ms. Lively further objects to this Request on the grounds that it

CONFIDENTIAL

prematurely seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144).

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 61:**

All documents and communications relating to and/or reflecting your communications with McIntire.

**RESPONSE TO REQUEST NO. 61:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 39 and 59. Ms. Lively further objects to this Request on the grounds that it

CONFIDENTIAL

prematurely seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144).

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 62:**

All documents and communications relating to and/or reflecting your communications with Tate.

**RESPONSE TO REQUEST NO. 62:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 39 and 59. Ms. Lively further objects to this Request on the grounds that it

CONFIDENTIAL

prematurely seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144).

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 63:**

All documents and communications relating to the article published by the New York Times entitled "'We Can Bury Anyone': Inside a Hollywood Smear Machine."

**RESPONSE TO REQUEST NO. 63:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 59– 62. Ms. Lively further objects to this Request on the grounds that it prematurely seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144).

CONFIDENTIAL

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce non-privileged documents responsive to this Request, to the extent any exist.

**REQUEST NO. 64:**

All documents and communications relating to and/or reflecting your communications with Jonesworks.

**RESPONSE TO REQUEST NO. 64:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 25 and 37–40.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 65:**

All documents and communications relating to and/or reflecting your communications with Jones.

**RESPONSE TO REQUEST NO. 65:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 25, 37–40, and 64.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 66:**

All documents and communications you received from Jonesworks.

**RESPONSE TO REQUEST NO. 66:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 25, 37–40, 64, and 65.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 67:**

All documents and communications you received from Jones.

**RESPONSE TO REQUEST NO. 67:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this

CONFIDENTIAL

Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 25, 37–40, and 64–66.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 68:**

The subpoena by which you purport to have received certain documents from Jonesworks and/or Jones.

**RESPONSE TO REQUEST NO. 68:**

Ms. Lively objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this

CONFIDENTIAL

Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive.  Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "subpoena."  Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 64 and 65.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Lively will produce a copy of the subpoena only after entry of a mutually agreed upon ESI Protocol.

**REQUEST NO. 69:**

All documents and communications relating to the subpoena by which you purport to have received certain documents from Jonesworks and/or Jones.

**RESPONSE TO REQUEST NO. 69:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action.  Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity.  Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties.  Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody,

**CONFIDENTIAL**

and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 25 and 64–68.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce non-privileged documents responsive to this Request, to the extent any exist.

**REQUEST NO. 70:**

All documents and communications relating to and/or reflecting your communications with Sloane relating to the Film.

**RESPONSE TO REQUEST NO. 70:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms.

CONFIDENTIAL

Lively further objects to this Request on the grounds that it is cumulative and duplicative of other

Requests, including but not limited to Request Nos. 1–3 and 37–40.

Subject to and without waiving the foregoing objections, and only after the entry of a

mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce

relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 71:**

All documents and communications relating to and/or reflecting your communications
with Saks relating to the Film.

**RESPONSE TO REQUEST NO. 71:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly

burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this

Request to the extent that it seeks documents that are not relevant to the allegations, claims, or

defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence.

Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary

and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request

as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further

objects to this Request on the grounds that it is cumulative and duplicative of other Requests,

including but not limited to Request Nos. 1 and 37–40.

Subject to and without waiving the foregoing objections, and only after the entry of a

mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce

relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 72:**

All documents and communications relating to and/or reflecting your communications with Villa relating to the Film.

**RESPONSE TO REQUEST NO. 72:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 39, and 40.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 73:**

All documents and communications relating to and/or reflecting your communications with Wire relating to the Film.

**RESPONSE TO REQUEST NO. 73:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it requires the disclosure of information

CONFIDENTIAL

that Ms. Lively is restricted from disclosing by law or by contract, including but not limited to documents reflecting trade secrets and/or proprietary business information, or information that would impinge on privacy rights of third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 39, 40, and 45–48.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 74:**

All documents and communications relating to and/or reflecting your communications with Hanks relating to the Film.

**RESPONSE TO REQUEST NO. 74:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available

CONFIDENTIAL

to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive.  Ms. Lively further objects to this Request to the extent it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract, including but not limited to documents reflecting trade secrets and/or proprietary business information, or information that would impinge on privacy rights of third parties.   Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting."   Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 23, and 37–40.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 75:**

All documents and communications relating to and/or reflecting your communications with Minhaj relating to the Film.

**RESPONSE TO REQUEST NO. 75:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action.  Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties.  Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action.  Ms. Lively further objects to this Request as vague and ambiguous,

CONFIDENTIAL

including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 39, and 40.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 76:**

All documents and communications relating to and/or reflecting your communications with Minhaj relating to promotion for the Film.

**RESPONSE TO REQUEST NO. 76:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined terms "promotion" and "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 2, 39, 40, and 75.

CONFIDENTIAL

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce non-privileged documents responsive to this Request, to the extent any exist.

**REQUEST NO. 77:**

All documents and communications relating to and/or reflecting your communications with McKidd relating to the Film.

**RESPONSE TO REQUEST NO. 77:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 39, and 40.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 78:**

All documents and communications relating to and/or reflecting your communications with McKidd relating to promotion for the Film.

**RESPONSE TO REQUEST NO. 78:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined terms "promotion" and "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 39, 40, and 77.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce non-privileged documents responsive to this Request, to the extent any exist.

**REQUEST NO. 79:**

All documents and communications relating to and/or reflecting your communications with Ferrer relating to promotion for the Film.

**RESPONSE TO REQUEST NO. 79:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this

CONFIDENTIAL

Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined terms "promotion" and "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 2, 13–16, and 37–40.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce non-privileged documents responsive to this Request, to the extent any exist.

**REQUEST NO. 80:**

All documents and communications relating to and/or reflecting your communications with Slate relating to promotion for the Film.

**RESPONSE TO REQUEST NO. 80:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly

CONFIDENTIAL

personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined terms "promotion" and "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 2, 9–12, and 37–40.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce non-privileged documents responsive to this Request, to the extent any exist.

## REQUEST NO. 81:

All documents and communications relating to and/or reflecting your communications with Sklenar relating to promotion for the Film.

## RESPONSE TO REQUEST NO. 81:

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined terms "promotion" and "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 2, 17, 18, and 37–40.

CONFIDENTIAL

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce non-privileged documents responsive to this Request, to the extent any exist.

**REQUEST NO. 82:**

All documents and communications relating to and/or reflecting your communications with Hoover relating to promotion for the Film.

**RESPONSE TO REQUEST NO. 82:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined terms "promotion" and "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 2, 19, 20, and 37–40.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce non-privileged documents responsive to this Request, to the extent any exist.

CONFIDENTIAL

**REQUEST NO. 83:**

All documents and communications relating to and/or reflecting your communications with Morton relating to the Film.

**RESPONSE TO REQUEST NO. 83:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 39, and 40.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 84:**

All documents and communications relating to and/or reflecting your communications with Morton relating to promotion for the Film.

**RESPONSE TO REQUEST NO. 84:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this

CONFIDENTIAL

Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined terms "promotion" and "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 2, 39, 40, and 83.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce non-privileged documents responsive to this Request, to the extent any exist.

**REQUEST NO. 85:**

All documents and communications relating to and/or reflecting your communications with Neustaedter relating to the Film.

**RESPONSE TO REQUEST NO. 85:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly

CONFIDENTIAL

personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 2, 39, and 40.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 86:**

All documents and communications relating to and/or reflecting your communications with Neustaedter relating to promotion for the Film.

**RESPONSE TO REQUEST NO. 86:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined terms "promotion" and "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 2, 39, 40, and 85.

CONFIDENTIAL

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce non-privileged documents responsive to this Request, to the extent any exist.

**REQUEST NO. 87:**

All documents and communications relating to and/or reflecting your communications with R. Lively relating to the Film.

**RESPONSE TO REQUEST NO. 87:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 39, and 40.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 88:**

All documents and communications relating to and/or reflecting your communications with Mondschein relating to the Film.

**RESPONSE TO REQUEST NO. 88:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 39, and 40.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 89:**

All documents and communications relating to and/or reflecting your communications with Haveles relating to the Film.

**RESPONSE TO REQUEST NO. 89:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this

CONFIDENTIAL

Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 39, and 40.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 90:**

All documents and communications relating to and/or reflecting your communications with Baker relating to the Film.

**RESPONSE TO REQUEST NO. 90:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly

CONFIDENTIAL

personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 39, and 40.

Subject to and without waiving the foregoing objections, Ms. Lively is willing to meet and confer regarding the meaning of this Request and the appropriate scope of any document production in response to this Request.

**REQUEST NO. 91:**

All documents and communications relating to and/or reflecting your communications with Carroll relating to the Film.

**RESPONSE TO REQUEST NO. 91:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 39, and 40.

CONFIDENTIAL

Subject to and without waiving the foregoing objections, Ms. Lively is willing to meet and confer regarding the meaning of this Request and the appropriate scope of any document production in response to this Request.

**REQUEST NO. 92:**

All documents and communications relating to and/or reflecting your communications with Saladino relating to the Film.

**RESPONSE TO REQUEST NO. 92:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, and 37–40.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 93:**

All documents and communications relating to and/or reflecting your communications with Saladino relating to Baldoni.

**RESPONSE TO REQUEST NO. 93:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 6, 37–40, and 92.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 94:**

All documents and communications relating to and/or reflecting your communications with Zavala relating to the Film.

**RESPONSE TO REQUEST NO. 94:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this

CONFIDENTIAL

Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 37–40, and 49–51.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 95:**

All documents and communications relating to and/or reflecting your communications with Zavala relating to the Action.

**RESPONSE TO REQUEST NO. 95:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this

CONFIDENTIAL

Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 37–40, 49–51, and 94.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 96:**

All documents and communications relating to and/or reflecting your communications with Greystone relating to the Film.

**RESPONSE TO REQUEST NO. 96:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this

CONFIDENTIAL

Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 39, and 40.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 97:**

All documents and communications relating to and/or reflecting your communications with Greystone relating to the Action.

**RESPONSE TO REQUEST NO. 97:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or

CONFIDENTIAL

defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 3, 39, 40, and 96.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

## REQUEST NO. 98:

All documents and communications relating to and/or reflecting your communications with Lynn.

## RESPONSE TO REQUEST NO. 98:

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence.

CONFIDENTIAL

Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 39, and 40.

Subject to and without waiving the foregoing objections, Ms. Lively is willing to meet and confer regarding the meaning of this Request and the appropriate scope of any document production in response to this Request.

**REQUEST NO. 99:**

All documents and communications relating to and/or reflecting your communications with Cary.

**RESPONSE TO REQUEST NO. 99:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties,

CONFIDENTIAL

and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 39, and 40.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 100:**

All documents and communications relating to and/or reflecting your communications with Talbot.

**RESPONSE TO REQUEST NO. 100:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further

CONFIDENTIAL

objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 39, and 40.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 101:**

All documents and communications relating to and/or reflecting your communications with any member of the cast of the Film relating to the Film.

**RESPONSE TO REQUEST NO. 101:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined terms "any member," "cast" and "reflecting." Ms. Lively further objects to this Request on the grounds that it is

CONFIDENTIAL

cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 5, 6, 9–18, 37–40, and 75–88.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 102:**

All documents and communications relating to and/or reflecting your communications with any member of the crew of the Film relating to the Film.

**RESPONSE TO REQUEST NO. 102:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined terms "any member," "crew," and "reflecting." Ms. Lively further objects to this Request on the grounds that it is

CONFIDENTIAL

cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 5–8, 23, 24, 37–40, 43–46, 48, 71–74, 99, and 100.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 103:**

All documents and communications relating to costumes for the Film.

**RESPONSE TO REQUEST NO. 103:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "costumes." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No 1. Ms. Lively further objects to this Request on the grounds that it prematurely seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144).

CONFIDENTIAL

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 104:**

All documents and communications relating to casting for the Film.

**RESPONSE TO REQUEST NO. 104:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "casting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No 1. Ms. Lively further objects to this Request on the grounds that it prematurely seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144).

CONFIDENTIAL

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 105:**

All documents and communications relating to the score and/or soundtrack for the Film.

**RESPONSE TO REQUEST NO. 105:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined terms "score" and "soundtrack." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No 1. Ms. Lively further objects to this Request on the grounds that it prematurely seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144).

CONFIDENTIAL

Subject to and without waiving the foregoing objections, Ms. Lively is willing to meet and confer regarding the meaning of this Request and the appropriate scope of any document production in response to this Request.

**REQUEST NO. 106:**

All documents and communications relating to and/or reflecting your communications with Simonsen relating to the Film.

**RESPONSE TO REQUEST NO. 106:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 1. Ms. Lively further objects to this Request on the grounds that it prematurely seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144).

Subject to and without waiving the foregoing objections, Ms. Lively is willing to meet and confer regarding the meaning of this Request and the appropriate scope of any document production in response to this Request.

CONFIDENTIAL

**REQUEST NO. 107**:

All documents and communications relating to and/or reflecting your communications with Blickenstaff relating to the Film.

**RESPONSE TO REQUEST NO. 107:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 39, and 40. Ms. Lively further objects to this Request on the grounds that it prematurely seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144).

Subject to and without waiving the foregoing objections, Ms. Lively is willing to meet and confer regarding the meaning of this Request and the appropriate scope of any document production in response to this Request.

CONFIDENTIAL

**REQUEST NO. 108:**

All documents and communications relating to and/or reflecting your communications with Swift relating to the Film.

**RESPONSE TO REQUEST NO. 108:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 39, and 40. Ms. Lively further objects to this Request on the grounds that it prematurely seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144). Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 109:**

All documents and communications relating to and/or reflecting your communications with Swift relating to the Action.

**RESPONSE TO REQUEST NO. 109:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request on the grounds that it purports to require the disclosure of information that Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 3, 39, and 40. Ms. Lively further objects to this Request on the grounds that it prematurely seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144).

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 110:**

All documents and communications relating to and/or reflecting your communications with Levy relating to the Film.

**RESPONSE TO REQUEST NO. 110:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively objects to the Requests to the extent they purport to require the disclosure of information that Lively is restricted from disclosing by law or by contract or to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 39, and 40. Ms. Lively further objects to this Request on the grounds that it prematurely seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144).

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 111:**

All documents and communications relating to and/or reflecting your communications with Levy relating to the Action.

**RESPONSE TO REQUEST NO. 111:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 39, and 40. Ms. Lively further objects to this Request on the grounds that it prematurely seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144).

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 112:**

All documents and communications relating to and/or reflecting your communications with Cooper relating to the Film.

**RESPONSE TO REQUEST NO. 112:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 39, and 40. Ms. Lively further objects to this Request on the grounds that it prematurely seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144).

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 113:**

All documents and communications relating to and/or reflecting your communications with Cooper relating to the Action.

**RESPONSE TO REQUEST NO. 113:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 39, and 40. Ms. Lively further objects to this Request on the grounds that it prematurely seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144).

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 114:**

All documents and communications relating to and/or reflecting your communications with Greenstein relating to the Film.

**RESPONSE TO REQUEST NO. 114:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request to the extent it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract, including but not limited to documents reflecting trade secrets and/or proprietary business information, or information that would impinge on privacy rights of third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 37–40 and 45–48.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 115:**

All documents and communications relating to and/or reflecting your communications with Greenstein relating to the Action.

**RESPONSE TO REQUEST NO. 115:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request to the extent it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract, including but not limited to documents reflecting trade secrets and/or proprietary business information, or information that would impinge on privacy rights of third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 37–40 and 45–48.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 116:**

All documents and communications relating to and/or reflecting your communications with Benson.

**RESPONSE TO REQUEST NO. 116:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 39, and 40.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 117:**

All documents and communications relating to and/or reflecting your communications with Plank relating to the Film.

**RESPONSE TO REQUEST NO. 117:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this

CONFIDENTIAL

Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 39, and 40.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 118:**

All documents and communications relating to and/or reflecting your communications with Plank relating to the Action.

**RESPONSE TO REQUEST NO. 118:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly

CONFIDENTIAL

personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 3, 39, and 40.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 119:**

All documents and communications relating to and/or reflecting your communications with London relating to the Film.

**RESPONSE TO REQUEST NO. 119:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 39, and 40.

CONFIDENTIAL

Subject to and without waiving the foregoing objections, Ms. Lively is willing to meet and confer regarding the meaning of this Request and the appropriate scope of any document production in response to this Request.

**REQUEST NO. 120:**

All documents and communications relating to and/or reflecting your communications with London relating to the Action.

**RESPONSE TO REQUEST NO. 120:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 3, 39, and 40.

Subject to and without waiving the foregoing objections, Ms. Lively is willing to meet and confer regarding the meaning of this Request and the appropriate scope of any document production in response to this Request.

CONFIDENTIAL

**REQUEST NO. 121:**

All documents and communications relating to and/or reflecting your communications with Black relating to the Film.

**RESPONSE TO REQUEST NO. 121:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 39, and 40.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 122:**

All documents and communications relating to and/or reflecting your communications with Black relating to the Action.

**RESPONSE TO REQUEST NO. 122:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this

CONFIDENTIAL

Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 3, 39, and 40.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 123:**

All documents and communications relating to and/or reflecting your communications with Travaglia relating to the Film.

**RESPONSE TO REQUEST NO. 123:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly

CONFIDENTIAL

personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 39, and 40.

Subject to and without waiving the foregoing objections, Ms. Lively is willing to meet and confer regarding the meaning of this Request and the appropriate scope of any document production in response to this Request.

**REQUEST NO. 124:**

All documents and communications relating to and/or reflecting your communications with Travaglia relating to the Action.

**RESPONSE TO REQUEST NO. 124:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 3, 39, and 40.

CONFIDENTIAL

Subject to and without waiving the foregoing objections, Ms. Lively is willing to meet and confer regarding the meaning of this Request and the appropriate scope of any document production in response to this Request.

**REQUEST NO. 125:**

All documents and communications relating to and/or reflecting your communications with C. Swift relating to the Film.

**RESPONSE TO REQUEST NO. 125:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it would constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "reflecting." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 39, and 40.

Subject to and without waiving the foregoing objections, Ms. Lively is willing to meet and confer regarding the meaning of this Request and the appropriate scope of any document production in response to this Request.

CONFIDENTIAL

**REQUEST NO. 126:**

All documents and communications relating to and/or reflecting your communications with any of your employees, agents and/or representatives relating to the Film.

**RESPONSE TO REQUEST NO. 126:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract, including but not limited to documents reflecting trade secrets and/or proprietary business information, or information that would impinge on privacy rights of third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the physician-patient privilege, psychotherapist-patient privilege, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined terms "reflecting," "employees," "agents," and "representatives." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 39, and 40.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 127:**

All documents and communications relating to and/or reflecting your communications with any of your employees, agents and/or representatives relating to the Action.

**RESPONSE TO REQUEST NO. 127:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract, including but not limited to documents reflecting trade secrets and/or proprietary business information, or information that would impinge on privacy rights of third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the physician-patient privilege, psychotherapist-patient privilege, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined terms "reflecting," "employees," "agents," and "representatives." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 3, 39, and 40.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 128:**

All documents and communications relating to and/or reflecting your communications with any of Reynolds' employees, agents and/or representatives relating to the Film.

**RESPONSE TO REQUEST NO. 128:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract, including but not limited to documents reflecting trade secrets and/or proprietary business information, or information that would impinge on privacy rights of third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined terms "reflecting," "employees," "agents," and "representatives." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 39, and 40.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 129:**

All documents and communications relating to and/or reflecting your communications with any of Reynolds' employees, agents and/or representatives relating to the Action.

**RESPONSE TO REQUEST NO. 129:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract, including but not limited to documents reflecting trade secrets and/or proprietary business information, or information that would impinge on privacy rights of third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined terms "reflecting," "employees," "agents," and "representatives." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 3, 39, and 40.

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 130:**

All documents and communications relating to and/or reflecting your communications with any of Sloane's employees, agents and/or representatives relating to the Film.

**RESPONSE TO REQUEST NO. 130:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract, including but not limited to documents reflecting trade secrets and/or proprietary business information, or information that would impinge on privacy rights of third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined terms "reflecting," "employees," "agents," and "representatives." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 39, and 40. Ms. Lively further objects to this Request on the grounds that it prematurely seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144).

CONFIDENTIAL

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 131:**

All documents and communications relating to and/or reflecting your communications with any of Sloane's employees, agents and/or representatives relating to the Action.

**RESPONSE TO REQUEST NO. 131:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract, including but not limited to documents reflecting trade secrets and/or proprietary business information, or information that would impinge on privacy rights of third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined terms "reflecting," "employees," "agents," and "representatives." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 3, 39, and 40. Ms. Lively further objects to this Request on the grounds that it prematurely seeks

CONFIDENTIAL

information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144).

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 132:**

All documents and communications relating to and/or reflecting your communications with any of Vision's employees, agents and/or representatives relating to the Film.

**RESPONSE TO REQUEST NO. 132:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract, including but not limited to documents reflecting trade secrets and/or proprietary business information, or information that would impinge on privacy rights of third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined terms "reflecting," "employees," "agents," and "representatives." Ms. Lively further objects to this Request on the grounds that it

CONFIDENTIAL

is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 39, and 40. Ms. Lively further objects to this Request on the grounds that it prematurely seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144).

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 133:**

All documents and communications relating to and/or reflecting your communications with any of Vision's employees, agents and/or representatives relating to the Action.

**RESPONSE TO REQUEST NO. 133:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract, including but not limited to documents reflecting trade secrets and/or proprietary business information, or information that would impinge on privacy rights of third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request as

**CONFIDENTIAL**

vague and ambiguous, including its use of the undefined terms "reflecting," "employees," "agents," and "representatives." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 3, 39, and 40. Ms. Lively further objects to this Request on the grounds that it prematurely seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144).

Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

Dated: March 24, 2025

/s/ Michael J. Gottlieb
WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
Meryl Governski
1875 K Street NW
Washington, DC 20006
(202) 303-1000
E-mail: mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron Nathan
Willkie Farr & Gallagher LLP
787 7th Avenue New York, NY 10019
(212) 728-8000
E-mail: anathan@willkie.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson
Stephanie A. Roeser
2049 Century Park East, Suite 1700
Los Angeles, California 90067
(310) 312-4000
E-mail: ehudson@manatt.com
sroeser@manatt.com

CONFIDENTIAL

Matthew F. Bruno
Manatt, Phelps & Phillips, LLP
7 Times Sq
New York, NY 10036
(212) 790-4500
E-mail: mbruno@manatt.com

*Attorneys for Blake Lively and Ryan Reynolds*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 24, 2025, the foregoing was served on all counsel of record via email.

By: /s/ Michael J. Gottlieb
Michael J. Gottlieb