

Kevin Fritz<br>
*Partner*<br>
Direct (212) 655-3570<br>
kaf@msf-law.com

Via ECF  
Hon. Lewis J. Liman                                June 17, 2025  
United States District Court  
500 Pearl Street, Room 1620  
New York, NY 10007

**Re:** *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL;  
rel. *Wayfarer Studios LLC et al. v. Lively et al.*, No. 1:25-cv-00449-LJL

Dear Judge Liman:

As counsel for Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel (collectively, the "Wayfarer Parties"), we write in opposition to Blake Lively's motion for a protective order concerning her (relevant) communications with Taylor Swift (the "Motion"). The Wayfarer Parties also request an order compelling Ms. Lively to produce documents relating to: (a) her allegations of sexual harassment and retaliation; (b) her communications with Ms. Swift, Sony, and WME concerning the same; and (c) her claims for economic damages (the "Cross-Motion") which are responsive to certain Requests for Production (the "Requests").[1]

Federal Rule of Civil Procedure 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevancy" under Rule 26 is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in th[e] case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *see Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 882 F.2d 682, 687 (2d Cir. 1989) (holding that "the broad scope of discovery delimited by the Federal Rules of Civil Procedure is designed to achieve disclosure of all the evidence relevant to the merits of a controversy").

### Ms. Lively is Bound by Her Amended Initial Disclosures

Ms. Lively contends that "Ms. Swift is not central to Ms. Lively's claims" and that "the only allegations that were ever remotely relevant to Ms. Swift were in the Wayfarer Parties' now dismissed complaint…." (Dkt. 325, p. 1 – 2). Rule 26(a)(1) requires parties to disclose the identity of "each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses…." (FRCP 26(a)(1)). The Wayfarer Parties' Initial Disclosures identify Taylor Swift as having "percipient knowledge as to the facts and events alleged in the pleadings." (Ex. E, p. 15). In her Amended Initial Disclosures, *served a week ago*, Ms. Lively identified certain individuals who she believes

---

[1] The Requests are Requests Nos. 3 (harassment/other misconduct), 48 (Sony), 51 (WME), 52 (damages), 56 (damages), and 108-109 (Ms. Swift) in the Wayfarer Parties' First Set of Requests for Production. (Ex. A). Cites to "Ex." refer to the exhibits attached to the Declaration of Kevin Fritz ("Fritz Decl.") filed contemporaneously herewith.

have discoverable information about her claims. (Ex. C). According to Ms. Lively, REDACTED (*Id.*, p. 24). Ms. Lively's counsel signed her Amended Initial Disclosures (*id.*, p. 29), thereby certifying that the disclosures therein are "complete and correct" under Rule (g)(1)(A). *See Moore v. Publicis Groupe*, 287 F.R.D. 182, 188 (S.D.N.Y. 2012). Thus, Ms. Lively admits that REDACTED .

Ms. Lively is required to produce her non-privileged communications with witnesses identified in her Amended Initial Disclosures. *See Robinson v. De Niro*, No. 19-cv-9156, 2022 WL 704922, at *1 (S.D.N.Y. Mar. 9, 2022). In fact, Ms. Lively previously represented in her formal discovery responses that she REDACTED Requests No. 108 and 109 (Ex. B, p. 125 – 126). Ms. Lively has publicly stated that Ms. Swift was "with [her] on this experience the whole time, all throughout it, … she lived this with me…."[2] In her Motion, Ms. Lively does *not* contend that the production of her communications with Ms. Swift relating to *It Ends With Us* (the "Film") and this action is disproportional to the needs of the case. *See Gardner-Alfred v. Federal Reserve Bank of N.Y.*, No. 22-cv-01585, 2023 WL 2366916, at *3 (S.D.N.Y. Mar. 6, 2023) (Liman, J.) (granting motion to compel documents that "are relevant and proportional to the needs of the case").

**Ms. Lively's Communications With Taylor Swift Are Also Relevant to Ms. Lively's Alleged Garden Variety Emotional Distress**

In *Smith v. Pergola 36 LLC*, No. 22-cv-4052, 2022 WL 17832506 (S.D.N.Y. Dec. 21, 2022) (Liman, J.), the plaintiffs claimed that they suffered a significant loss of enjoyment, anxiety and social withdrawal because of the defendant's alleged discriminatory conduct. *Id.* at *3. This Court granted the defendant's motion to compel the plaintiffs' production of text messages and emails concerning their visits to social venues because they were relevant to the plaintiff's request for emotional distress damages. *Id.* Specifically, the Court held that "communications and postings showing that Plaintiffs experienced a great deal of pleasure and no anxiety while at these Venues might go a long way to showing that any immediate impact that they suffered from the alleged discriminatory conduct did not have a lasting effect." *Id.*

Here, Ms. Lively recently withdrew her claims for intentional infliction of emotional distress and negligent infliction of emotional distress (collectively, the "IED Claims"). (Dkt. 262-3, 264). Thereafter, Ms. Lively stated that she "still pleads – and intends to introduce evidence of – garden variety emotional distress in connection with her other, remaining claims." (Dkt. 308). As part of her remaining claims for harassment and retaliation, Ms. Lively alleges that she "has suffered, and continues to suffer" from "severe emotional distress and pain, humiliation, embarrassment, belittlement, frustration, and mental anguish…." (Dkt. 364, 373, 392, 399, 406). In an Order dated June 10, 2025, the Court confirmed that the dismissal of the IED Claims "did not preclude Lively from offering evidence of garden-variety emotional distress." (Dkt. 313). If Ms. Lively and Ms.

---

[2] The_Coddesworth, *What a difference 10 months makes - here's Blake in August 2024 bragging how "Taylor was with her every step of the way"*, Reddit (June 9, 2025), What a difference 10 months makes - here's Blake in August 2024 bragging how "Taylor was with her every step of the way"... : r/teamjustinbaldoni

Hon. Lewis J. Liman
Page 3
June 17, 2025

Swift socialized *after* the alleged incidents at issue in this case, as has been reported,[3] the Wayfarer Parties are entitled to *relevant* communications to disprove Ms. Lively's purported emotional distress.

### Ms. Lively's Improper Reliance on Hearsay to Shield Production of Relevant Documents

The crux of the Motion is that because a *Daily Mail* reporter quoted an unidentified "insider" as stating that the Wayfarer Parties obtained unspecified information from Ms. Swift, Ms. Lively should not be compelled to produce relevant communications with Ms. Swift in her own possession. (Dkt. 325, p. 2). Tellingly, Ms. Lively does not cite any legal authority for the proposition that such double-hearsay is a proper basis to preclude the Wayfarer Parties from obtaining relevant discovery from Ms. Lively, especially information which the Wayfarer Parties believe will further exculpate them. *See Securities and Exchange Commission v. Genovese*, No. 17-cv-5821, 2022 WL 4115947, at *1 (S.D.N.Y. Sept. 9, 2022) (rejecting double-hearsay argument and granting motion to compel); *see also Aspilaire v. Wyeth Pharms., Inc.,* 612 F.Supp.2d 289, 302 (S.D.N.Y.2009) ("[H]earsay [statements are] not proper for this Court to consider on a motion for summary judgment.").

In any event, counsel for the Wayfarer Parties and Ms. Swift *both* confirmed that ***no communications between Ms. Lively and Ms. Swift have been provided to the Wayfarer Parties***. (Fritz Decl. ¶ 4; Dkt. 327-4). That acknowledgement, which Ms. Lively is unable to contest, refutes her contention that the discovery sought from her is "cumulative and duplicative" (Dkt. 325, p. 2) and warrants denial of the Motion. For good measure, even assuming the Wayfarer Parties had received relevant documents from Ms. Swift, which they have not, such hypothetical fact does not relieve Ms. Lively from complying with her own obligations under Rule 34 to produce documents in her possession. *See Bujnicki v. American Paving & Excavating, Inc.*, No. 99-cv-0646S, 2004 WL 1071736, at *16 (W.D.N.Y. Feb. 25, 2004).

### Ms. Lively Should Be Compelled to Produce Documents Responsive to the Other Requests

It is undisputed that Ms. Lively is obligated to produce documents concerning: (a) her allegations of sexual harassment and retaliation; (b) her communications with Sony (which released the Film) and WME (her talent agency) concerning the same; and (c) her claims for economic damages. Such documents were demanded on February 21, 2025 (Ex. A, Nos. 3, 48, 51, 52, 56) and Ms. Lively formally responded to such demands on March 24, 2025, almost *three months ago*. The parties' agreement to produce documents on a "rolling basis" does not entitle her to withhold relevant information that speaks to the heart of her allegations until the deadline for substantial completion of document discovery. *See CBF Industria de Gusa S/A v. AMCI Hold., Inc.*, No. 13-cv-2581, 2019 WL 3334503, at *11 (S.D.N.Y. July 25, 2019) (directing party to specify time for production and, if a rolling production, when production will begin and when it will be concluded).

We respectfully request that the Court deny the Motion, grant the Cross-Motion, and direct Ms. Lively to immediately produce documents responsive to the Requests within her possession.

---

[3] Angel Saunders, *Taylor Swift and Travis Kelce Double Date with Blake Lively and Ryan Reynolds in N.Y.C.*, People (October 11, 2024), https://people.com/taylor-swift-travis-kelce-double-date-blake-lively-ryan-reynolds-photos-8727519

Although we appreciate the positive influence Ms. Swift's music has had on her worldwide audience, it was *Ms. Lively* and not the Wayfarer Parties that contemporaneously inserted Ms. Swift into this dispute, and Ms. Lively cannot use Ms. Swift's stardom to withhold evidence.

Respectfully submitted,

*/s/ Kevin Fritz*
MEISTER SEELIG & FEIN PLLC
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
         kaf@msf-law.com

LINER FREEDMAN TAITELMAN + COOLEY, LLP
Bryan J. Freedman (*pro hac vice*)
Ellyn S. Garofalo (*pro hac vice*)
Miles M. Cooley (*pro hac vice*)
Theresa M Troupson (*pro hac vice*)
Summer Benson (*pro hac vice*)
Jason Sunshine
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
         egarofalo@lftcllp.com
         mcooley@lftcllp.com
         ttroupson@lftcllp.com
         sbenson@lftcllp.com
         jsunshine@lftcllp.com

Mitra Ahouraian (*pro hac vice*)
2029 Century Park East
4th Floor
Los Angeles, CA 90067
(310) 376-7878
Email: mitra@ahouraianlaw.com

cc: all counsel of record (via ECF)