UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>       Plaintiff,<br><br>v.<br><br>WAYFARER STUDIOS LLC, a Delaware Limited Liability Company, JUSTIN BALDONI, an individual, JAMEY HEATH, an individual, STEVE SAROWITZ, an individual, IT ENDS WITH US MOVIE LLC, a California Limited Liability Company, MELISSA NATHAN, an individual, THE AGENCY GROUP PR LLC, a Delaware Limited Liability Company, JENNIFER ABEL, an individual,<br><br>       Defendants. | Civ. Action No. 1:24-cv-10049-LJL (Consolidated for pretrial purposes with 1:25-cv-00449-LJL)<br>rel. 1:25-cv-00779-LJL<br><br>**DECLARATION OF KEVIN FRITZ IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER AND IN SUPPORT OF CROSS-MOTION TO COMPEL** |
| WAYFARER STUDIOS LLC, a Delaware Limited Liability Company, JUSTIN BALDONI, an individual, JAMEY HEATH, an individual, IT ENDS WITH US MOVIE LLC, a California Limited Liability Company, MELISSA NATHAN, an individual, JENNIFER ABEL, an individual, and STEVE SAROWITZ, an individual,<br><br>       Plaintiffs,<br><br>v.<br><br>BLAKE LIVELY, an individual, RYAN REYNOLDS, an individual, LESLIE SLOANE, an individual, VISION PR, INC., a New York corporation, and THE NEW YORK TIMES COMPANY, a New York corporation,<br><br>       Defendants. | |

1

I, Kevin Fritz, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a partner of Meister Seelig & Fein PLLC, attorneys for Consolidated Plaintiffs Wayfarer Studios LLC ("Wayfarer"), Justin Baldoni ("Baldoni"), Jamey Heath ("Heath"), It Ends With Us Movie LLC ("IEWU"), Melissa Nathan ("Nathan"), Jennifer Abel ("Abel"), and Steve Sarowitz ("Sarowitz") (collectively, the "Wayfarer Parties") in the above-captioned matter.

2. I submit this declaration in opposition to Ms. Lively's motion for a protective order relieving her of the obligation to produce communications with Taylor Swift (the "Motion").

3. This declaration is also submitted in support of the Wayfarer Parties' cross-motion to compel Ms. Lively to produce documents relating to: (a) her allegations of sexual harassment and retaliation; (b) her communications with Ms. Swift, Sony, and WME concerning the same; and (c) her claims for economic damages (the "Cross-Motion") which are responsive to certain Requests for Production (the "Requests").[1]

4. Neither Ms. Swift nor her counsel (Venable LLP) have provided the Wayfarer Parties (or their counsel) with any communications between Ms. Swift and Ms. Lively.

5. On May 22, 2025, at 10:58 a.m., **Ms. Swift's counsel notified Ms. Lively's counsel that no communications between Ms. Swift and Ms. Lively had been provided to the Wayfarer Parties**. (Dkt. 327-4) ("No documents are being produced and no deposition is being scheduled.").

6. Therefore, when Ms. Lively's counsel demanded the same day (May 22, 2025) at 4:57 p.m. that the Wayfarer Parties produce documents obtained from Ms. Swift (or her counsel) concerning Ms. Lively (Dkt. 327-2, p. 2 – 3), Ms. Lively's counsel already knew that no such documents were in the Wayfarer Parties' possession.

---

[1] Specifically, the Requests are Requests Nos. 3 (harassment/other misconduct), 48 (Sony), 51 (WME), 52 (damages), 56 (damages), and 108-109 (Ms. Swift) in the Wayfarer Parties' First Set of Requests for Production. (Ex. A).

2

7. In an email delivered on *June 12, 2025*, and in accordance with Rule 4(C) of the Individual Practices, I requested that Ms. Lively's counsel meet and confer telephonically *the following day* (June 13, 2025) at 3:00 p.m. about the Requests, which include Requests Nos. 108-109 seeking Ms. Lively's communications with Ms. Swift relating to *It Ends With Us* (the "Film") and the Action, respectively. (Ex. D, p. 2 – 3).

8. Hence, the statement by Ms. Lively's counsel, in her Declaration dated June 13, 2025, that the Wayfarer Parties "have still not made themselves available to meet and confer on this issue" is inaccurate. (Dkt. 327, ¶ 8).

9. In response to my email, Ms. Lively's counsel confirmed on June 12, 2025 that they "will be ready to discuss the parties' productions, as needed" on June 13, 2025 at 3:00 p.m. (Ex. D, p. 1 – 2).

10. ***Minutes before*** the scheduled meet and confer on June 13, 2025, Ms. Lively filed her Motion. Given Ms. Lively's prior representations in her formal discovery responses (Ex. B, p. 125 – 126), the Motion was the first time that she advised the Wayfarer Parties that she was refusing to produce documents responsive to Requests No. 108 and 109.

11. During the June 13, 2025 telephone call, Ms. Lively counsel **refused to discuss** Requests No. 108-109 (Ms. Lively's communications with Ms. Swift about the Film and the Action) because moments earlier Ms. Lively had filed the Motion. When Ms. Lively's counsel was reminded that I had requested (in accordance with the Individual Practices) that counsel meet and confer about the issue, Ms. Lively's counsel **again refused to discuss the issue** and stated that I could oppose the Motion. When I suggested that notwithstanding Ms. Lively's premature filing of the Motion (*i.e.* before the parties met and conferred), the parties should discuss Requests No. 108-

3

109 to resolve the dispute and moot the Motion (especially given the Court's already busy docket), Ms. Lively's counsel *still refused to engage*.

12. Moreover, during the telephone call, I explained to Ms. Lively's counsel something they already knew – the Wayfarer Parties are entitled to communications between Ms. Lively and those non-parties identified in her Amended Initial Disclosures as having discoverable information.

13. The Requests were included within the Wayfarer Parties' First Set of Requests for Production of Documents and Things to Lively, dated February 21, 2025. (Ex. A). On March 25, 2025, Lively responded thereto. (Ex. B). Even though ten weeks has passed, and even though the parties agreed to make rolling document productions, *Ms. Lively has not produced any documents responsive to the Requests*.

14. For the Requests pertaining to Ms. Lively's allegations of sexual harassment, her communications with Sony (which released the Film) and WME (her talent agency), and documents concerning her alleged economic damages, her counsel refused to commit to a date for the production thereof and merely stated that they would be produced prior to the July 1, 2025 deadline for substantial completion of document discovery. (Dkt. 58, ¶ 6).

15. I also submit this declaration to place before the Court true and correct copies of the following documents.

16. A true and correct copy of the Wayfarer Parties' First Set of Requests for Production of Documents and Things to Lively, dated February 21, 2025 (the "Document Requests") is attached hereto as **Exhibit A**.

17. A true and correct copy of Ms. Lively's Responses and Objections to the Document Requests, dated March 24, 2025 is attached hereto as **Exhibit B**.[2]

18. A true and correct copy of Ms. Lively's Amended Initial Disclosures, dated June 11, 2025 is attached hereto as **Exhibit C**.[3]

19. A true and correct copy of an email chain spanning June 11, 2025 through June 12, 2025 between counsel for Ms. Lively and counsel for the Wayfarer Parties regarding the Document Requests and Ms. Lively's failure to produce documents responsive thereto is attached as **Exhibit D**.

20. A true and correct copy of Wayfarer Parties' Initial Disclosure is attached as **Exhibit E**.[4]

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, NY
June 17, 2025

By: */s/ Kevin Fritz*
KEVIN FRITZ

---

[2] Because this document was designated by Ms. Lively as Confidential, this exhibit will be submitted under seal.
[3] Because this document was designated by Ms. Lively as Confidential, this exhibit will be submitted under seal.
[4] Because this document was designated by the Wayfarer Parties as Confidential, this exhibit will be submitted under seal.