# EXHIBIT A

CONFIDENTIAL

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>        Plaintiff,<br><br>        v.<br><br>WAYFARER STUDIOS LLC, a Delaware Limited Liability Company, JUSTIN BALDONI, an individual, JAMEY HEATH, an individual, STEVE SAROWITZ, an individual, IT ENDS WITH US MOVIE LLC, a California Limited Liability Company, MELISSA NATHAN, an individual, THE AGENCY GROUP PR LLC, a Delaware Limited Liability Company, JENNIFER ABEL, an individual,<br><br>        Defendants. | Civ. Action No. 1:24-cv-10049-LJL (Consolidated for pretrial purposes with 1:25-cv-00449-LJL) rel. 1:25-cv-00779-LJL<br><br>**DEFENDANTS/CONSOLIDATED PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF/CONSOLIDATED DEFENDANT BLAKE LIVELY** |
| WAYFARER STUDIOS LLC, a Delaware Limited Liability Company, JUSTIN BALDONI, an individual, JAMEY HEATH, an individual, IT ENDS WITH US MOVIE LLC, a California Limited Liability Company, MELISSA NATHAN, an individual, JENNIFER ABEL, an individual, and STEVE SAROWITZ, an individual,<br><br>        Plaintiffs,<br><br>v.<br><br>BLAKE LIVELY, an individual, RYAN REYNOLDS, an individual, LESLIE SLOANE, an individual, VISION PR, INC., a New York corporation, and THE NEW YORK TIMES COMPANY, a New York corporation,<br><br>        Defendants. | |

1

CONFIDENTIAL

## DEFENDANTS/CONSOLIDATED PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF/CONSOLIDATED DEFENDANT BLAKE LIVELY

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Definitions and Instructions that follow, Defendants/Consolidated Plaintiffs Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, It Ends With Us Movie LLC, Melissa Nathan, Jennifer Abel, and Steve Sarowitz (collectively the "Consolidated Plaintiffs") and Defendant The Agency Group PR LLC (collectively "Propounding Parties") request that Plaintiff/Consolidated Defendant Blake Lively ("Responding Party") produce the documents and things sought below for discovery and inspection at the offices of Meister Seelig & Fein LLP, 125 Park Avenue, 7th Floor, New York, NY 10017, within thirty (30) days of service hereof.

CONFIDENTIAL

## <u>DEFINITIONS AND INSTRUCTIONS</u>

Unless specifically indicated, or otherwise required by the context in which the terms and names are used, the following definitions and instructions apply:

1.      The full text of the definitions and rules of construction set forth in Local Civil Rule 26.3 is incorporated by reference hereinto.

2.      The term "Consolidated Plaintiffs" means Defendants/Consolidated Plaintiffs Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, It Ends With Us Movie LLC, Melissa Nathan, Jennifer Abel, and Steve Sarowitz.

3.      The term "Propounding Parties" means Consolidated Plaintiffs and Defendant The Agency Group PR LLC.

4.      The terms "You," "Your," "Responding Party" and "Lively" each mean Blake Lively and anyone else acting or purporting to act on her behalf and anyone on whose behalf she is or was acting.

5.      The term "Sony" shall mean Sony Pictures Entertainment Inc. and any of its members, managers, representatives, agents, employees, subsidiaries, affiliates, parent(s), accountants, attorney, successors, predecessors-in-interest, and anyone else acting or purporting to act on its behalf or who has acted or purported to act on its behalf.

6.      The term "WME" shall mean William Morris Endeavor Entertainment, LLC and any of its members, managers, representatives, agents, employees, subsidiaries, affiliates, parent(s), accountants, attorney, successors, predecessors-in-interest, and anyone else acting or purporting to act on its behalf or who has acted or purported to act on its behalf.

7.      The term "Film" shall mean the motion picture *It Ends With Us*.

8.      The term "Baldoni" shall mean Justin Baldoni as well as his employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-

**CONFIDENTIAL**

in-interest, and anyone else acting or purporting to act on his behalf and anyone on whose behalf he is acting, including but not limited to his agent(s), manager(s), attorney(s), and other representative(s).

9. The term "Heath" shall mean Jamey Heath as well as his employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on his behalf and anyone on whose behalf he is acting, including but not limited to his agent(s), manager(s), attorney(s), and other representative(s).

10. The term "Sarowitz" shall mean Steve Sarowitz as well as his employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on his behalf and anyone on whose behalf he is acting, including but not limited to his agent(s), manager(s), attorney(s), and other representative(s).

11. The term "Nathan" shall mean Melissa Nathan as well as her employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on her behalf and anyone on whose behalf she is acting, including but not limited to her agent(s), manager(s), attorney(s), and other representative(s).

12. The term "Abel" shall mean Jennifer Abel as well as her employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on her behalf and anyone on whose behalf she is acting, including but not limited to her agent(s), manager(s), attorney(s), and other representative(s).

4

CONFIDENTIAL

13.    The term "Wayfarer" shall mean Wayfarer Studios LLC and any of its members, managers, representatives, agents, employees, subsidiaries, affiliates, parent(s), accountants, attorney, successors, predecessors-in-interest, and anyone else acting or purporting to act on its behalf or who has acted or purported to act on its behalf.

14.    The term "IEWUM" shall mean It Ends With Us Movie LLC and any of its members, managers, representatives, agents, employees, subsidiaries, affiliates, parent(s), accountants, attorney, successors, predecessors-in-interest, and anyone else acting or purporting to act on its behalf or who has acted or purported to act on its behalf.

15.    The term "TAG" shall mean The Agency Group PR LLC and any of its members, managers, representatives, agents, employees, subsidiaries, affiliates, parent(s), accountants, attorney, successors, predecessors-in-interest, and anyone else acting or purporting to act on its behalf or who has acted or purported to act on its behalf.

16.    The term "Reynolds" shall mean Ryan Reynolds as well as his employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on his behalf and anyone on whose behalf he is acting.

17.    The term "Sloane" shall mean Leslie Sloane as well as her employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on her behalf and anyone on whose behalf she is acting, including but not limited to her agent(s), manager(s), attorney(s), and other representative(s).

18.    The term "Vision" shall mean Vision PR Inc. and any of its members, managers, representatives, agents, employees, subsidiaries, affiliates, parent(s), accountants, attorney,

CONFIDENTIAL

successors, predecessors-in-interest, and anyone else acting or purporting to act on its behalf or who has acted or purported to act on its behalf.

19.    The term "Jonesworks" shall mean Jonesworks LLC and any of its members, managers, representatives, agents, employees, subsidiaries, affiliates, parent(s), accountants, attorney, successors, predecessors-in-interest, and anyone else acting or purporting to act on its behalf or who has acted or purported to act on its behalf.

20.    The term "Jones" shall mean Stephanie Jones as well as her employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on her behalf and anyone on whose behalf she is acting, including but not limited to her agent(s), manager(s), attorney(s), and other representative(s).

21.    The term "New York Times" shall mean The New York Times Company and any of its members, managers, representatives, agents, employees, subsidiaries, affiliates, parent(s), accountants, attorney, successors, predecessors-in-interest, and anyone else acting or purporting to act on its behalf or who has acted or purported to act on its behalf.

22.    The term "Twohey" shall mean Megan Twohey as well as her employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on her behalf and anyone on whose behalf she is acting, including but not limited to her agent(s), manager(s), attorney(s), and other representative(s).

23.    The term "McIntire" shall mean Mike McIntire as well as his employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on his behalf and anyone on whose behalf

**CONFIDENTIAL**

he is acting, including but not limited to his agent(s), manager(s), attorney(s), and other representative(s).

24.    The term "Tate" shall mean Julie Tate as well as her employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on her behalf and anyone on whose behalf she is acting, including but not limited to her agent(s), manager(s), attorney(s), and other representative(s).

25.    The term "Slate" shall mean Jenny Slate as well as her employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on her behalf and anyone on whose behalf she is acting, including but not limited to her agent(s), manager(s), attorney(s), and other representative(s).

26.    The term "Ferrer" shall mean Isabela Ferrer as well as her employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on her behalf and anyone on whose behalf she is acting, including but not limited to her agent(s), manager(s), attorney(s), and other representative(s).

27.    The term "Sklenar" shall mean Brandon Feakins, professionally known as Brandon Sklenar, as well as his employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on his behalf and anyone on whose behalf he is acting, including but not limited to his agent(s), manager(s), attorney(s), and other representative(s).

28.    The term "Hoover" shall mean Colleen Hoover as well as her employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on her behalf and anyone on whose behalf

**CONFIDENTIAL**

she is acting, including but not limited to her agent(s), manager(s), attorney(s), and other representative(s).

29.    The term "E. Baldoni" shall mean Emily Baldoni as well as her employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on her behalf and anyone on whose behalf she is acting, including but not limited to her agent(s), manager(s), attorney(s), and other representative(s).

30.    The term "Whitesell" shall mean Patrick Whitesell, as well as his employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on his behalf and anyone on whose behalf he is acting, including but not limited to his agent(s), manager(s), attorney(s), and other representative(s).

31.    The term "Greenberg" shall mean Danny Greenberg, as well as his employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on his behalf and anyone on whose behalf he is acting, including but not limited to his agent(s), manager(s), attorney(s), and other representative(s).

32.    The term "Emanuel" shall mean Ari Emanuel, as well as his employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on his behalf and anyone on whose behalf he is acting, including but not limited to his agent(s), manager(s), attorney(s), and other representative(s).

**CONFIDENTIAL**

33.     The term "Gianetti" shall mean Andrea "Ange" Gianetti as well as her employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on her behalf and anyone on whose behalf she is acting, including but not limited to her agent(s), manager(s), attorney(s), and other representative(s).

34.     The term "Saks" shall mean Alex Saks as well as her employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on her behalf and anyone on whose behalf she is acting, including but not limited to her agent(s), manager(s), attorney(s), and other representative(s).

35.     The term "Villa" shall mean Mariela Villa as well as her employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on her behalf and anyone on whose behalf she is acting, including but not limited to her agent(s), manager(s), attorney(s), and other representative(s).

36.     The term "Wire" shall mean Kimberly Wire as well as her employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on her behalf and anyone on whose behalf she is acting, including but not limited to her agent(s), manager(s), attorney(s), and other representative(s).

37.     The term "Hanks" shall mean Tera Hanks as well as her employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on her behalf and anyone on whose behalf she is acting, including but not limited to her agent(s), manager(s), attorney(s), and other representative(s).

**CONFIDENTIAL**

38.    The term "Minhaj" shall mean Hasan Minhaj, as well as his employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on his behalf and anyone on whose behalf he is acting, including but not limited to his agent(s), manager(s), attorney(s), and other representative(s).

39.    The term "McKidd" shall mean Kevin McKidd, as well as his employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on his behalf and anyone on whose behalf he is acting, including but not limited to his agent(s), manager(s), attorney(s), and other representative(s).

40.    The term "Morton" shall mean Amy Morton as well as her employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on her behalf and anyone on whose behalf she is acting, including but not limited to her agent(s), manager(s), attorney(s), and other representative(s).

41.    The term "Neustaedter" shall mean Alex Neustaedter, as well as his employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on his behalf and anyone on whose behalf he is acting, including but not limited to his agent(s), manager(s), attorney(s), and other representative(s).

42.    The term "R. Lively" shall mean Robyn Lively as well as her employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on her behalf and anyone on whose behalf

**CONFIDENTIAL**

she is acting, including but not limited to her agent(s), manager(s), attorney(s), and other representative(s).

43.     The term "Mondschein" shall mean Adam Mondschein, as well as his employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on his behalf and anyone on whose behalf he is acting, including but not limited to his agent(s), manager(s), attorney(s), and other representative(s).

44.     The term "Haveles" shall mean Tina Haveles, as well as her employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on her behalf and anyone on whose behalf she is acting, including but not limited to her agent(s), manager(s), attorney(s), and other representative(s).

45.     The term "Baker" shall mean Vivian Baker, as well as her employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on her behalf and anyone on whose behalf she is acting, including but not limited to her agent(s), manager(s), attorney(s), and other representative(s).

46.     The term "Carroll" shall mean Anne Carroll, as well as her employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on her behalf and anyone on whose behalf she is acting, including but not limited to her agent(s), manager(s), attorney(s), and other representative(s).

**CONFIDENTIAL**

47.    The term "Saladino" shall mean Don Saladino, as well as his employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on his behalf and anyone on whose behalf he is acting, including but not limited to his agent(s), manager(s), attorney(s), and other representative(s).

48.    The term "Zavala" shall mean Warren Zavala, as well as his employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on his behalf and anyone on whose behalf he is acting, including but not limited to his agent(s), manager(s), attorney(s), and other representative(s).

49.    The term "Greystone" shall mean Justin Greystone, as well as his employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on his behalf and anyone on whose behalf he is acting, including but not limited to his agent(s), manager(s), attorney(s), and other representative(s).

50.    The term "Lynn" shall mean Claudia Lynn, as well as her employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on her behalf and anyone on whose behalf she is acting, including but not limited to her agent(s), manager(s), attorney(s), and other representative(s).

51.    The term "Cary" shall mean Chelsea Cary, as well as her employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on her behalf and anyone on whose behalf

**CONFIDENTIAL**

she is acting, including but not limited to her agent(s), manager(s), attorney(s), and other representative(s).

52.    The term "Talbot" shall mean Lizzy Talbot, as well as her employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on her behalf and anyone on whose behalf she is acting, including but not limited to her agent(s), manager(s), attorney(s), and other representative(s).

53.    The term "Simonsen" shall mean Rob Simonsen, as well as his employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on his behalf and anyone on whose behalf he is acting, including but not limited to his agent(s), manager(s), attorney(s), and other representative(s).

54.    The term "Blickenstaff" shall mean Duncan Blickenstaff, as well as his employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on his behalf and anyone on whose behalf he is acting, including but not limited to his agent(s), manager(s), attorney(s), and other representative(s).

55.    The term "Levy" shall mean Shawn Levy, as well as his employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on his behalf and anyone on whose behalf he is acting, including but not limited to his agent(s), manager(s), attorney(s), and other representative(s).

56.    The term "Cooper" shall mean Bradley Cooper, as well as his employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-

**CONFIDENTIAL**

in-interest, and anyone else acting or purporting to act on his behalf and anyone on whose behalf he is acting, including but not limited to his agent(s), manager(s), attorney(s), and other representative(s).

57.     The term "Greenstein" shall mean Josh Greenstein, as well as his employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on his behalf and anyone on whose behalf he is acting, including but not limited to his agent(s), manager(s), attorney(s), and other representative(s).

58.     The term "Plank" shall mean Liz Plank, as well as her employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on her behalf and anyone on whose behalf she is acting, including but not limited to her agent(s), manager(s), attorney(s), and other representative(s).

59.     The term "Swift" shall mean Taylor Swift, as well as her employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on her behalf and anyone on whose behalf she is acting, including but not limited to her agent(s), manager(s), attorney(s), and other representative(s).

60.     The term "London" shall mean Jacquelyn London, as well as her employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on her behalf and anyone on whose behalf she is acting, including but not limited to her agent(s), manager(s), attorney(s), and other representative(s).

CONFIDENTIAL

61.     The term "C. Swift" shall mean Carly Swift, as well as her employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on her behalf and anyone on whose behalf she is acting, including but not limited to her agent(s), manager(s), attorney(s), and other representative(s).

62.     The term "Travaglia" shall mean Sophia Travaglia, as well as her employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on her behalf and anyone on whose behalf she is acting, including but not limited to her agent(s), manager(s), attorney(s), and other representative(s).

63.     The term "Benson" shall mean Jennifer Benson, as well as her employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on her behalf and anyone on whose behalf she is acting, including but not limited to her agent(s), manager(s), attorney(s), and other representative(s).

64.     The term "Black" shall mean Todd Black, as well as his employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else acting or purporting to act on his behalf and anyone on whose behalf he is acting, including but not limited to his agent(s), manager(s), attorney(s), and other representative(s).

65.     "Complaint" means the First Amended Complaint filed by Lively on February 19, 2025 in this action.

66.     "Consolidated Complaint" means the First Amended Complaint filed on January 31, 2025 by Consolidated Plaintiffs in this action.

**CONFIDENTIAL**

67.　　"Action" means the above-captioned action, including each party's claims and/or defenses and the related case *Jonesworks v. Abel et al.*, Case No. 1:25-cv-00779-LJL.

68.　　The terms "entity" or "entities" includes natural persons, proprietorships, partnerships, firms, corporations, public corporations, municipal corporations, governments (including foreign national governments, the government of the United States or any state or local government), all departments and agencies thereof, any governmental agencies of any country, political subdivisions, groups, associations, or organizations

69.　　The "acts" of an "entity" or "entities" includes the acts of directors, officers, owners, members, employees, consultants, agents, attorneys or any entity acting on the entity's behalf.

70.　　The term "third party" means all persons, individuals, corporation, partnerships, and other entities of any kind which are not parties to this litigation, including customers and investors, as well as persons acting on behalf of such third parties, including their officers, agents, employees, consultants and attorneys.

71.　　The term "thing" has the broadest meaning possible under the Federal Rules of Civil Procedure, and includes every kind of physical specimen or tangible item, other than a document, that is in your actual or constructive possession, custody or control.

72.　　The terms "referring to," "relating to," and/or "concerning," as used herein, are interpreted broadly and include, but are not limited to, the following meanings: containing, constituting, recording, discussing, mentioning, noting, evidencing, memorializing, analyzing, describing, commenting upon, pertaining to, relating to, concerning and/or referring to the matters set forth.

**CONFIDENTIAL**

73.    The term "involving" is used in its broadest sense to mean without limitation including, employing, entailing, comprehending, and/or affecting.

74.    The term "evidencing" means proving, indicating, or being probative of the existence or nature of the subject of the document requests.

75.    The term "communicated" means any transfer or exchange between two or more Persons or Entities of any information whether by document or oral means, including but not limited to, personal conversation, correspondence, facsimile, telephone calls, electronic mail and telegrams.

76.    The term "date" means the exact date, month, and year, if ascertainable, or if not, the best approximation thereof.

77.    The term "request" means a request for the production of document and things as indicated in this document in the section entitled "Documents and Things Requested." Likewise, the term "requests" means all requests in this document in the section entitled "Documents and Things Requested."

78.    References to any natural person shall include, in addition to the natural person, any agent, employee, representative, attorney, superior, or principal thereof.

79.    References to any entity shall include, in addition to the entity, any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof, and all other persons or entities acting on its behalf.

80.    The use of the term "the" shall not be construed as limiting the request.

81.    Use of the singular shall also include the plural, and vice-versa.

**CONFIDENTIAL**

82.    Unless another time period is indicated, all requests for production should be construed to encompass the period beginning on January 1, 2022 through the date of Responding Party's responses to these requests.

83.    Each document produced shall be segregated according to the numbered request to which it is responsive or shall be designated in some other manner sufficient to identify to which request it is responsive or shall be produced as it is kept in the usual course of business.

84.    If any document to be produced has been lost, discarded, transferred to another person or entity, destroyed, or otherwise disposed of, state in writing:

    a.    the date, name and subject matter of the document;

    b.    the name, address, employment and title of each person who prepared, received, reviewed, or had custody, possession or control of the document;

    c.    all persons with knowledge of the contents or any portion of the contents of the document;

    d.    the previous location of the document;

    e.    the date of disposal or transfer of the document;

    f.    the reason for disposal or transfer of the document;

    g.    the manner of disposal of the document; and

    h.    the names and addresses of the transferee of the document, if applicable.

85.    If any request is objected to or documents or things responsive to any request is withheld under a claim of privilege or otherwise, with respect to each such request, Responding Party shall, in the response or objection, identify the nature of the privilege (including work product) which is being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state law, set forth the state privilege rule being invoked. When any

**CONFIDENTIAL**

privilege is claimed, Responding Party shall indicate, as to the information requested, whether any such documents exist.

86.　　These requests are deemed to be continuing in nature, and Responding Party is under an obligation to supplement or amend its responses promptly upon learning of additional information or information which renders Responding Party's existing responses inaccurate or incomplete.

87.　　These requests, including the Definitions and Instructions, are intended to be consistent with the scope and requirements of all applicable rules and law. No Instruction or Definition provided herein is intended to constrict or expand Responding Party's obligation to provide disclosures in accordance with all applicable rules of law.

CONFIDENTIAL

## DOCUMENTS AND THINGS REQUESTED

**REQUEST FOR PRODUCTION NO. 1:**

All documents and communications relating to the Film.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications relating to the marketing of the Film.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and communications relating to allegations of sexual harassment and/or other misconduct relating to the Film.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and communications relating to your defenses to the Consolidated Complaint.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications relating to and/or reflecting your communications with Baldoni.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and communications relating to Baldoni.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and communications relating to and/or reflecting your communications with Heath.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications relating to Heath.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications relating to and/or reflecting your communications with Slate.

20

**CONFIDENTIAL**

## REQUEST FOR PRODUCTION NO. 10:

All documents and communications relating to Slate.

## REQUEST FOR PRODUCTION NO. 11:

All documents and communications relating to and/or reflecting your communications with Slate relating to the Action.

## REQUEST FOR PRODUCTION NO. 12:

All documents and communications relating to and/or reflecting your communications with Slate relating to the Film.

## REQUEST FOR PRODUCTION NO. 13:

All documents and communications relating to and/or reflecting your communications with Ferrer.

## REQUEST FOR PRODUCTION NO. 14:

All documents and communications relating to and/or reflecting your communications with Ferrer relating to the Action.

## REQUEST FOR PRODUCTION NO. 15:

All documents and communications relating to and/or reflecting your communications with Ferrer relating to the Film.

## REQUEST FOR PRODUCTION NO. 16:

All documents and communications relating to Ferrer.

## REQUEST FOR PRODUCTION NO. 17:

All documents and communications relating to and/or reflecting your communications with Sklenar.

**CONFIDENTIAL**

## REQUEST FOR PRODUCTION NO. 18:

All documents and communications relating to Sklenar.

## REQUEST FOR PRODUCTION NO. 19:

All documents and communications relating to and/or reflecting your communications with Hoover.

## REQUEST FOR PRODUCTION NO. 20:

All documents and communications relating to Hoover.

## REQUEST FOR PRODUCTION NO. 21:

All documents and communications relating to and/or reflecting your communications with E. Baldoni.

## REQUEST FOR PRODUCTION NO. 22:

All documents and communications relating to E. Baldoni.

## REQUEST FOR PRODUCTION NO. 23:

All documents and communications relating to Wayfarer.

## REQUEST FOR PRODUCTION NO. 24:

All documents and communications relating to IEWUM.

## REQUEST FOR PRODUCTION NO. 25:

All documents and communications relating to Abel.

## REQUEST FOR PRODUCTION NO. 26:

All documents and communications relating to Nathan.

## REQUEST FOR PRODUCTION NO. 27:

All documents and communications relating to Sarowitz.

**CONFIDENTIAL**

**REQUEST FOR PRODUCTION NO. 28:**

All documents and communications relating to and/or reflecting your communications with Whitesell.

**REQUEST FOR PRODUCTION NO. 29:**

All documents and communications relating to Whitesell.

**REQUEST FOR PRODUCTION NO. 30:**

All documents and communications relating to and/or reflecting your communications with Greenberg.

**REQUEST FOR PRODUCTION NO. 31:**

All documents and communications relating to and/or reflecting Reynolds' communications with Greenberg.

**REQUEST FOR PRODUCTION NO. 32:**

All documents and communications relating to Greenberg.

**REQUEST FOR PRODUCTION NO. 33:**

All documents and communications relating to and/or reflecting your communications with Emanuel relating to the Film.

**REQUEST FOR PRODUCTION NO. 34:**

All documents and communications relating to and/or reflecting your communications with WME relating to WME's representation of Baldoni, including, without limitation, the termination thereof.

23

CONFIDENTIAL

**REQUEST FOR PRODUCTION NO. 35:**

All documents and communications relating to and/or reflecting your communications with WME relating to WME's representation of Wayfarer, including, without limitation, the termination thereof.

**REQUEST FOR PRODUCTION NO. 36:**

All documents and communications relating to and/or reflecting your communications with Emanuel relating to the Action.

**REQUEST FOR PRODUCTION NO. 37:**

All documents and communications relating to and/or reflecting your communications relating to the Action with any individual identified in your initial disclosures.

**REQUEST FOR PRODUCTION NO. 38:**

All documents and communications relating to and/or reflecting your communications relating to the Film with any individual identified in your initial disclosures.

**REQUEST FOR PRODUCTION NO. 39:**

All documents and communications relating to and/or reflecting your communications relating to the Action with any individual identified in Propounding Parties' initial disclosures.

**REQUEST FOR PRODUCTION NO. 40:**

All documents and communications relating to and/or reflecting your communications relating to the Action with any individual identified in Propounding Parties' initial disclosures.

**REQUEST FOR PRODUCTION NO. 41:**

All documents and communications relating to your diagnosis with COVID-19 during the year 2023, including all records of treatment therefor.

CONFIDENTIAL

**REQUEST FOR PRODUCTION NO. 42:**

All documents and communications relating to Dr. Leslie Dobson.

**REQUEST FOR PRODUCTION NO. 43:**

All documents and communications relating to and/or reflecting your communications with Gianetti.

**REQUEST FOR PRODUCTION NO. 44:**

All documents and communications relating to Gianetti.

**REQUEST FOR PRODUCTION NO. 45:**

All documents and communications relating to and/or reflecting your communications with Sony relating to the Film.

**REQUEST FOR PRODUCTION NO. 46:**

All documents and communications relating to and/or reflecting your communications with Sony relating to the Action.

**REQUEST FOR PRODUCTION NO. 47:**

All documents and communications relating to and/or reflecting your communications with Sony relating to Reynolds.

**REQUEST FOR PRODUCTION NO. 48:**

All documents and communications relating to and/or reflecting your communications with Sony relating to sexual harassment and/or other misconduct relating to the Film.

**REQUEST FOR PRODUCTION NO. 49:**

All documents and communications relating to and/or reflecting your communications with WME relating to the Film.

CONFIDENTIAL

**REQUEST FOR PRODUCTION NO. 50:**

All documents and communications relating to and/or reflecting your communications with WME relating to the Action.

**REQUEST FOR PRODUCTION NO. 51:**

All documents and communications relating to and/or reflecting your communications with WME relating to sexual harassment and/or other misconduct relating to the Film.

**REQUEST FOR PRODUCTION NO. 52:**

All documents and communications relating to your allegation, if any, that Propounding Parties caused damage to any company owned in whole or in part by you.

**REQUEST FOR PRODUCTION NO. 53:**

All documents and communications relating to your allegation, if any, that Propounding Parties caused damage to any company owned in whole or in part by Reynolds.

**REQUEST FOR PRODUCTION NO. 54:**

All documents and communications relating to your allegation, if any, that Propounding Parties caused harm or damages to any of your children.

**REQUEST FOR PRODUCTION NO. 55:**

All documents and communications relating to the character "Nicepool" in the film "Deadpool & Wolverine."

**REQUEST FOR PRODUCTION NO. 56:**

All documents and communications relating to your claims for damages.

**REQUEST FOR PRODUCTION NO. 57:**

All audio and video footage relating to the allegations set forth in the Complaint.

26

**CONFIDENTIAL**

**<u>REQUEST FOR PRODUCTION NO. 58</u>:**

All audio and video footage relating to the allegations set forth in the Consolidated Complaint.

**<u>REQUEST FOR PRODUCTION NO. 59</u>:**

All documents and communications relating to and/or reflecting your communications with the New York Times.

**<u>REQUEST FOR PRODUCTION NO. 60</u>:**

All documents and communications relating to and/or reflecting your communications with Twohey.

**<u>REQUEST FOR PRODUCTION NO. 61</u>:**

All documents and communications relating to and/or reflecting your communications with McIntire.

**<u>REQUEST FOR PRODUCTION NO. 62</u>:**

All documents and communications relating to and/or reflecting your communications with Tate.

**<u>REQUEST FOR PRODUCTION NO. 63</u>:**

All documents and communications relating to the article published by the New York Times entitled "'We Can Bury Anyone': Inside a Hollywood Smear Machine."

**<u>REQUEST FOR PRODUCTION NO. 64</u>:**

All documents and communications relating to and/or reflecting your communications with Jonesworks.

**CONFIDENTIAL**

**REQUEST FOR PRODUCTION NO. 65:**

All documents and communications relating to and/or reflecting your communications with Jones.

**REQUEST FOR PRODUCTION NO. 66:**

All documents and communications you received from Jonesworks.

**REQUEST FOR PRODUCTION NO. 67:**

All documents and communications you received from Jones.

**REQUEST FOR PRODUCTION NO. 68:**

The subpoena by which you purport to have received certain documents from Jonesworks and/or Jones.

**REQUEST FOR PRODUCTION NO. 69:**

All documents and communications relating to the subpoena by which you purport to have received certain documents from Jonesworks and/or Jones.

**REQUEST FOR PRODUCTION NO. 70:**

All documents and communications relating to and/or reflecting your communications with Sloane relating to the Film.

**REQUEST FOR PRODUCTION NO. 71:**

All documents and communications relating to and/or reflecting your communications with Saks relating to the Film.

**REQUEST FOR PRODUCTION NO. 72:**

All documents and communications relating to and/or reflecting your communications with Villa relating to the Film.

**CONFIDENTIAL**

**REQUEST FOR PRODUCTION NO. 73:**

     All documents and communications relating to and/or reflecting your communications with Wire relating to the Film.

**REQUEST FOR PRODUCTION NO. 74:**

     All documents and communications relating to and/or reflecting your communications with Hanks relating to the Film.

**REQUEST FOR PRODUCTION NO. 75:**

     All documents and communications relating to and/or reflecting your communications with Minhaj relating to the Film.

**REQUEST FOR PRODUCTION NO. 76:**

     All documents and communications relating to and/or reflecting your communications with Minhaj relating to promotion for the Film.

**REQUEST FOR PRODUCTION NO. 77:**

     All documents and communications relating to and/or reflecting your communications with McKidd relating to the Film.

**REQUEST FOR PRODUCTION NO. 78:**

     All documents and communications relating to and/or reflecting your communications with McKidd relating to promotion for the Film.

**REQUEST FOR PRODUCTION NO. 79:**

     All documents and communications relating to and/or reflecting your communications with Ferrer relating to promotion for the Film.

CONFIDENTIAL

**REQUEST FOR PRODUCTION NO. 80:**

All documents and communications relating to and/or reflecting your communications with Slate relating to promotion for the Film.

**REQUEST FOR PRODUCTION NO. 81:**

All documents and communications relating to and/or reflecting your communications with Sklenar relating to promotion for the Film.

**REQUEST FOR PRODUCTION NO. 82:**

All documents and communications relating to and/or reflecting your communications with Hoover relating to promotion for the Film.

**REQUEST FOR PRODUCTION NO. 83:**

All documents and communications relating to and/or reflecting your communications with Morton relating to the Film.

**REQUEST FOR PRODUCTION NO. 84:**

All documents and communications relating to and/or reflecting your communications with Morton relating to promotion for the Film.

**REQUEST FOR PRODUCTION NO. 85:**

All documents and communications relating to and/or reflecting your communications with Neustaedter relating to the Film.

**REQUEST FOR PRODUCTION NO. 86:**

All documents and communications relating to and/or reflecting your communications with Neustaedter relating to promotion for the Film.

**CONFIDENTIAL**

## REQUEST FOR PRODUCTION NO. 87:

All documents and communications relating to and/or reflecting your communications with R. Lively relating to the Film.

## REQUEST FOR PRODUCTION NO. 88:

All documents and communications relating to and/or reflecting your communications with Mondschein relating to the Film.

## REQUEST FOR PRODUCTION NO. 89:

All documents and communications relating to and/or reflecting your communications with Haveles relating to the Film.

## REQUEST FOR PRODUCTION NO. 90:

All documents and communications relating to and/or reflecting your communications with Baker relating to the Film.

## REQUEST FOR PRODUCTION NO. 91:

All documents and communications relating to and/or reflecting your communications with Carroll relating to the Film.

## REQUEST FOR PRODUCTION NO. 92:

All documents and communications relating to and/or reflecting your communications with Saladino relating to the Film.

## REQUEST FOR PRODUCTION NO. 93:

All documents and communications relating to and/or reflecting your communications with Saladino relating to Baldoni.

CONFIDENTIAL

**REQUEST FOR PRODUCTION NO. 94:**

All documents and communications relating to and/or reflecting your communications with Zavala relating to the Film.

**REQUEST FOR PRODUCTION NO. 95:**

All documents and communications relating to and/or reflecting your communications with Zavala relating to the Action.

**REQUEST FOR PRODUCTION NO. 96:**

All documents and communications relating to and/or reflecting your communications with Greystone relating to the Film.

**REQUEST FOR PRODUCTION NO. 97:**

All documents and communications relating to and/or reflecting your communications with Greystone relating to the Action.

**REQUEST FOR PRODUCTION NO. 98:**

All documents and communications relating to and/or reflecting your communications with Lynn.

**REQUEST FOR PRODUCTION NO. 99:**

All documents and communications relating to and/or reflecting your communications with Cary.

**REQUEST FOR PRODUCTION NO. 100:**

All documents and communications relating to and/or reflecting your communications with Talbot.

CONFIDENTIAL

**REQUEST FOR PRODUCTION NO. 101:**

All documents and communications relating to and/or reflecting your communications with any member of the cast of the Film relating to the Film.

**REQUEST FOR PRODUCTION NO. 102:**

All documents and communications relating to and/or reflecting your communications with any member of the crew of the Film relating to the Film.

**REQUEST FOR PRODUCTION NO. 103:**

All documents and communications relating to costumes for the Film.

**REQUEST FOR PRODUCTION NO. 104:**

All documents and communications relating to casting for the Film.

**REQUEST FOR PRODUCTION NO. 105:**

All documents and communications relating to the score and/or soundtrack for the Film.

**REQUEST FOR PRODUCTION NO. 106:**

All documents and communications relating to and/or reflecting your communications with Simonsen relating to the Film.

**REQUEST FOR PRODUCTION NO. 107:**

All documents and communications relating to and/or reflecting your communications with Blickenstaff relating to the Film.

**REQUEST FOR PRODUCTION NO. 108:**

All documents and communications relating to and/or reflecting your communications with Swift relating to the Film.

**CONFIDENTIAL**

**REQUEST FOR PRODUCTION NO. 109:**

All documents and communications relating to and/or reflecting your communications with Swift relating to the Action.

**REQUEST FOR PRODUCTION NO. 110:**

All documents and communications relating to and/or reflecting your communications with Levy relating to the Film.

**REQUEST FOR PRODUCTION NO. 111:**

All documents and communications relating to and/or reflecting your communications with Levy relating to the Action.

**REQUEST FOR PRODUCTION NO. 112:**

All documents and communications relating to and/or reflecting your communications with Cooper relating to the Film.

**REQUEST FOR PRODUCTION NO. 113:**

All documents and communications relating to and/or reflecting your communications with Cooper relating to the Action.

**REQUEST FOR PRODUCTION NO. 114:**

All documents and communications relating to and/or reflecting your communications with Greenstein relating to the Film.

**REQUEST FOR PRODUCTION NO. 115:**

All documents and communications relating to and/or reflecting your communications with Greenstein relating to the Action.

**CONFIDENTIAL**

**REQUEST FOR PRODUCTION NO. 116:**

All documents and communications relating to and/or reflecting your communications with Benson.

**REQUEST FOR PRODUCTION NO. 117:**

All documents and communications relating to and/or reflecting your communications with Plank relating to the Film.

**REQUEST FOR PRODUCTION NO. 118:**

All documents and communications relating to and/or reflecting your communications with Plank relating to the Action.

**REQUEST FOR PRODUCTION NO. 119:**

All documents and communications relating to and/or reflecting your communications with London relating to the Film.

**REQUEST FOR PRODUCTION NO. 120:**

All documents and communications relating to and/or reflecting your communications with London relating to the Action.

**REQUEST FOR PRODUCTION NO. 121:**

All documents and communications relating to and/or reflecting your communications with Black relating to the Film.

**REQUEST FOR PRODUCTION NO. 122:**

All documents and communications relating to and/or reflecting your communications with Black relating to the Action.

**CONFIDENTIAL**

**REQUEST FOR PRODUCTION NO. 123:**

All documents and communications relating to and/or reflecting your communications with Travaglia relating to the Film.

**REQUEST FOR PRODUCTION NO. 124:**

All documents and communications relating to and/or reflecting your communications with Travaglia relating to the Action.

**REQUEST FOR PRODUCTION NO. 125:**

All documents and communications relating to and/or reflecting your communications with C. Swift relating to the Film.

**REQUEST FOR PRODUCTION NO. 126:**

All documents and communications relating to and/or reflecting your communications with any of your employees, agents and/or representatives relating to the Film.

**REQUEST FOR PRODUCTION NO. 127:**

All documents and communications relating to and/or reflecting your communications with any of your employees, agents and/or representatives relating to the Action.

**REQUEST FOR PRODUCTION NO. 128:**

All documents and communications relating to and/or reflecting your communications with any of Reynolds' employees, agents and/or representatives relating to the Film.

**REQUEST FOR PRODUCTION NO. 129:**

All documents and communications relating to and/or reflecting your communications with any of Reynolds' employees, agents and/or representatives relating to the Action.

CONFIDENTIAL

## REQUEST FOR PRODUCTION NO. 130:

All documents and communications relating to and/or reflecting your communications with any of Sloane's employees, agents and/or representatives relating to the Film.

## REQUEST FOR PRODUCTION NO. 131:

All documents and communications relating to and/or reflecting your communications with any of Sloane's employees, agents and/or representatives relating to the Action.

## REQUEST FOR PRODUCTION NO. 132:

All documents and communications relating to and/or reflecting your communications with any of Vision's employees, agents and/or representatives relating to the Film.

## REQUEST FOR PRODUCTION NO. 133:

All documents and communications relating to and/or reflecting your communications with any of Vision's employees, agents and/or representatives relating to the Action.

Dated:  February 21, 2025
      New York, NY

**MEISTER SEELIG & FEIN PLLC**

By:___ */s/ Mitchell Schuster*_____
     Mitchell Schuster
     Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
       kaf@msf-law.com

**CONFIDENTIAL**

Dated:  February 21, 2025                    **LINER FREEDMAN TAITELMAN**
        Los Angeles, CA                         **+ COOLEY**


By:_____*/s/ Bryan Freedman*_____
        Bryan J. Freedman*
        Miles M. Cooley*
        Theresa M Troupson*
        Summer Benson*
        Jason Sunshine
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
       mcooley@lftcllp.com
       ttroupson@lftcllp.com
       sbenson@lftcllp.com
       jsunshine@lftcllp.com

*admitted pro hac vice*

## <u>CERTIFICATE OF SERVICE</u>

I, Theresa M Troupson, do hereby certify that I am not less than 18 years of age and that on this 21st day of February 2025, I caused a copy of the within **DEFENDANTS/CONSOLIDATED PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF/CONSOLIDATED DEFENDANT BLAKE LIVELY** to be served upon the following counsel for the parties via email:

### SEE ATTACHED SERVICE LIST

I hereby certify that the foregoing statements made by me are true.  I am aware that if any

of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  Los Angeles, California
        February 21, 2025

*/s/ Theresa M Troupson*
Theresa M Troupson

i

## <u>SERVICE LIST</u>

**MANATT, PHELPS & PHILLIPS, LLP**
Esra Hudson, Esq.
Stephanie Roeser, Esq.
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Tel: (310) 312-4381
Email: EHudson@manatt.com
         SRoeser@manatt.com

*Attorneys for Blake Lively*

**MEISTER SEELIG & FEIN PLLC**
Mitchell Schuster, Esq.
Kevin Fritz, Esq.
Armit Shertzer, Esq.
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
         kaf@msf-law.com
         as@msf-law.com

*Attorneys for Wayfarer Studios LLC, Justin Baldoni,*
*Jamey Heath, It Ends With Us Movie LLC, Melissa Nathan, Jennifer Abel,*
*and Steve Sarowitz*

**WILKIE FARR & GALLAGHER LLP**
Meryl C. Governski, Esq.
Michael J. Gottlieb, Esq.
Kristin E. Bender, Esq.
1875 K Street NW
Washington, DC 20006-1238
Tel: (202) 303-1000
Email: mgovernski@wilkie.com
         mgottlieb@wilkie.com
         kbender@wilkie.com

*Attorneys for Blake Lively and Ryan Reynolds*

ii

**WILKIE FARR & GALLAGHER LLP**
Aaron E. Nathan, Esq.
787 7th Avenue
New York, NY 10019
Tel: (212) 778-8000
Email:  anathan@wilkie.com

*Attorneys for Blake Lively and Ryan Reynolds*


**BOIES SCHILLER FLEXNER LLP**
Lindsey Ruff, Esq.
Andrew Villacastin, Esq.
55 Hudson Yards
New York, NY 10001
Tel: (212) 446-2300
Email:  LRuff@bsfllp.com
            AVillacastin@bsfllp.com

*Attorneys for Leslie Sloane and Vision PR, Inc.*


**BOIES SCHILLER FLEXNER LLP**
Sigrid S. McCawley, Esq.
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33316
Tel: (954) 356-0011
Email:  smccawley@bsfllp.com

*Attorneys for Leslie Sloane and Vision PR, Inc.*


**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Nicholas Inns, Esq.
1300 I Street NW, Suite 900
Washington, D.C. 20005
Tel: (202) 538-8000
Email:  nicholasinns@quinnemanuel.com

*Attorneys for Stephanie Jones and Jonesworks, LLC*

389691.1

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Maaren Alia Shah, Esq.
295 5th Avenue, 9th Floor
New York, NY 10016
Tel.: (212) 849-7000
Email:  maarenchoksi@quinnemanuel.com

*Attorneys for Stephanie Jones and Jonesworks, LLC*


**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Kristin Tahler, Esq.
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel.: (213) 443-3000
Email: kristintahler@quinnemanuel.com

*Attorneys for Stephanie Jones and Jonesworks, LLC*

**DAVIS WRIGHT TREMAINE LLP**
Katherine M. Bolger, Esq.
1251 Avenue of the Americas, 21st Floor
New York, NY  10020-1104
Tel.: (212) 402-4068
Email: katebolger@dwt.com

*Attorneys for The New York Times Company*

iv