

Kevin Fritz
*Partner*
Direct (212) 655-3570
Fax (212) 655-3535
kaf@msf-law.com

Via ECF
Hon. Lewis J. Liman                     June 17, 2025
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

**Re:**   *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL;
          rel. *Wayfarer Studios LLC et al. v. Lively et al.*, No. 1:25-cv-00449-LJL

Dear Judge Liman:

As counsel for Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel (collectively, the "Wayfarer Parties"), we write in response to yesterday's letter from Blake Lively and Ryan Reynolds (collectively, the "Lively Parties") in further support of their motion to compel (the "Motion") responses to three interrogatories (collectively, the "Interrogatories"). (Dkt. 295, 345).

**The Motion Does Not Seek to Compel Responses by Jennier Abel**
**and Melissa Nathan to Interrogatories Served by Blake Lively**

In yesterday's letter, the Lively Parties contend that "Defendants Jennifer Abel and Melissa Nathan failed to serve any supplemental responses to any of the interrogatories at issue, and, as such the Motion remains wholly unresolved as to each of them." (Dkt. 345, p.1). That statement is incorrect. In the Motion, Lively Parties identified "the interrogatories in dispute … in **Appendix A** to [their] letter brief." (*Id.*) (emphasis in original). According to Appendix A, *none of the Interrogatories in dispute were served by Ms. Lively and upon either Ms. Abel or Ms. Nathan*. (*Id.*, Appx. A). Indeed, the only Interrogatories directed to Ms. Abel and Ms. Nathan that are the subject of the Motion were served by Ryan Reynolds. (*Id.*). It is undisputed that Mr. Reynolds is no longer a party to this action. (Dkt. 296). In turn, there is no obligation to respond to discovery requests that were served by Mr. Reynolds. *See Treppel v. Biovail Corp.*, 233 F.R.D. 363, 369 (S.D.N.Y. Feb. 6, 2003) ("Defendants who have been dismissed with prejudice from a case need no longer respond to discovery requests served upon them when they were parties to the litigation. ... Of course, they remain obligated to respond to appropriate third-party discovery.").

**Identification of Email Accounts Provided to Third Parties**

For the Interrogatory seeking the identification of certain email accounts, the Lively Parties acknowledge that Ms. Lively propounded such Interrogatory upon only *one* of the Wayfarer Parties – The Agency Group ("TAG"). (Dkt. 295, p. 6; Dkt. 345, p. 2).  Furthermore, the Lively Parties acknowledge that, as promised (Dkt. 311, p. 2), TAG supplemented its response to the

Interrogatory. Although the Lively Parties feign confusion over TAG's "one-word answer" (which is "None"), TAG's response confirmed that there are no email accounts as to which it provided any form of "access" to third parties. (Dkt. 344-1, p. 12 – 13). Hence, this aspect of the Motion is moot. *See Floyd's of Leadville, Inc. v. Alexander Capital, L.P.*, No. 22-cv-3318, 2024 WL 4756013, at \*1 (S.D.N.Y. Oct. 22, 2024) (denying defendant's motion to compel documents upon plaintiff's representation that no responsive documents exist); *Gibson v. Heary*, No. 17-cv-272, 2020 WL 570604, at \*2 (S.D.N.Y. Feb. 5, 2020) (denying motion to compel as moot where defendant answered interrogatories at issue); *Financial Guaranty Ins. Co v. Putnam Advisory Co., LLC*, 314 F.R.D. 85, 88 (S.D.N.Y. 2016) ("Where the party responding to the motion agrees to provide the discovery requested, a motion to compel becomes moot.").

The Lively Parties further argue that the other Wayfarer Parties must respond to Ryan Reynolds' Interrogatory (seeking the identification of certain email accounts) because the Wayfarer Parties have purportedly "publicly indicated an intent to amend their claims as to Mr. Reynolds…."). (Dkt. 345, p. 2). Tellingly, the Lively Parties do not cite any legal authority for the proposition that a party must respond to discovery demands served by a dismissed party. The Motion as to Mr. Reynolds can simply be denied without prejudice. *See Verhagen v. Olarte,* No. 89-cv-300, 1990 WL 41730, at \*1 n. 1 (S.D.N.Y. Apr. 4, 1990) ("All of plaintiff's pending discovery requests and motions directed to [defendant] Presbyterian are denied without prejudice to their being resubmitted if plaintiff decides to pursue this action by filing an amended complaint.").

## Identification of Media Outlets

The second Interrogatory at issue asks the Wayfarer Parties to "Identify all reporters and news or media outlets of any kind with whom You have communicated in any manner, concerning Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, or the Lively/Reynolds Companies" from June 15, 2024 to the present. (Dkt. 295, p. 6).

Once again, the Lively Parties nonsensically complain that "Ms. Abel and Ms. Nathan[] failed to supplement this request at all." (Dkt. 345, p. 2). The Lively Parties' own Appendix demonstrates that the Motion did not seek to compel Ms. Abel or Ms. Nathan to respond to this Interrogatory. (Dkt. 295, p. 6). For Ms. Abel and Ms. Nathan, the Appendix reads "N/A". (*Id.*). While the Lively Parties now contend that the Motion "inadvertently omits that the reporter interrogatory was served upon Ms. Abel and Ms. Nathan by Mr. Reynolds," (Dkt. 345, p. 3 n.4), any such omission is *irrelevant* to the Motion because Mr. Reynolds is no longer a party hereto.

Federal Rule of Civil Procedure 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). However, Ms. Lively refuses to limit the scope of this Interrogatory to communications "concerning the claims and defenses in this action." (Dkt. 295-1, p. 5; Dkt. 345, p. 2). Ms. Lively (again) improperly seeks to expand the scope of this Interrogatory "to the present" because, according to her, Ms. Lively's Amended Complaint alleges that the purported "smear campaign" is ongoing. (Dkt. 345, p. 2). However, the Amended Complaint's allegations of an "ongoing" smear campaign are made "on information and belief," (Dkt. 84, ¶ 296), and the pleading *cites to the communications at issue*. (*Id.* ¶ 299). Furthermore, the Interrogatory is not limited to the so-called "smear campaign" or even negative comments about Ms. Lively. Instead, she demands the identification of any reporter with whom the Wayfarer Parties have recently communicated about

Ms. Lively, which would include reporters seeking comments in response to statements made to them by Ms. Lively's own counsel or "spokesperson" (to the extent those people are different).

Ms. Lively also claims that the identities of the reporters listed in the Wayfarer Parties' responses to the Interrogatory are "inexplicably vague." To the extent that Ms. Lively is unable to identify such reporters, we suggest that her counsel send us an email listing any such reporters and, if possible, we will provide further identifying information.

**Identification of Content Creators**

In the last Interrogatory at issue, the Lively Parties demand that the Wayfarer Parties "Identify all Content Creators with whom You have communicated in any manner, concerning Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, the Lively/Reynolds Companies, or the Digital Campaign from May 1, 2024 to present." (Dkt. 295, p. 3). However, Ms. Lively sought to compel a response only from TAG, and not any of the other Wayfarer Parties. (*Id.*, p. 7). Again, Mr. Reynolds is not a party to this action and cannot seek to compel responses to his discovery demands.

Local Civil Rule 33.3(a) restricts the scope of interrogatories to "those seeking names of witnesses with knowledge of information *relevant to the subject matter of the action*…." (Local Civ. R. 33(a)) (emphasis added).  This Interrogatory violates Local Civil Rule 33.3(a) because it is not limited to information relevant to the subject matter of the action. *See Mangahas v. Eight Oranges Inc.*, No. 22-cv-4150, 2022 WL 14106010, at *1 (S.D.N.Y. Oct. 24, 2022) (granting protective order over certain interrogatories that violated Rule 33.3(a)). Ms. Lively's letter does not dispute that the Interrogatory violates Rule 33.3(a). (Dkt. 345, p. 3).

We respectfully request that the Court deny the Motion.

Respectfully submitted,

*/s/ Kevin Fritz*
MEISTER SEELIG & FEIN PLLC
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
          kaf@msf-law.com

LINER FREEDMAN TAITELMAN + COOLEY, LLP
Bryan J. Freedman (*pro hac vice*)
Ellyn Garofalo (*pro hac vice*)
Miles M. Cooley (*pro hac vice*)
Theresa M Troupson (*pro hac vice*)
Summer Benson (*pro hac vice*)
Jason Sunshine
1801 Century Park West, 5th Floor

Hon. Lewis J. Liman
Page 4

Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
        egarofalo@lftcllp.com
        mcooley@lftcllp.com
        ttroupson@lftcllp.com
        sbenson@lftcllp.com
        jsunshine@lftcllp.com

cc: all counsel of record (via ECF)