**manatt**

Esra A. Hudson
Manatt, Phelps & Phillips, LLP
Direct Dial: 310-312-4381
ehudson@manatt.com

June 17, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1620
New York, New York 10007

Re:   *Lively v. Wayfarer Studios LLC et al.*, No. 24-cv-10049 (LJL)

Dear Judge Liman:

On behalf of Blake Lively, we write pursuant to Rules 1.C and 4.C of Your Honor's Individual Practices to respectfully request leave of this Court to file a letter of no more than three pages in reply to the opposition and cross-motion filed by Wayfarer Studios LLC ("Wayfarer Studios"), Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC's ("IEWU"), Melissa Nathan, The Agency Group PR LLC ("TAG"), and Jennifer Abel (ECF Nos. 350–51) (the "Opposition") to Ms. Lively's motion for a protective order. (ECF No. 325).

Pursuant to this Court's Individual Practices, if a party fails to be available to meet and confer within 48 hours of receiving a request from an initiating party, "the Court will reserve its discretion to permit the moving party a short reply." Rule 4.C. Ms. Lively respectfully submits that such discretion counsels in favor of a reply here. *See* ECF No. 327 ¶¶ 6–8 (failure to be available to meet and confer within 48 hours). Additionally, the Wayfarer Parties have inserted a "cross-motion" into their opposition. While Ms. Lively maintains that doing so is improper, a reply is warranted for this reason as well. Accordingly, Ms. Lively respectfully requests the Court grant leave for her to file a three-page letter brief in reply to the Opposition, a copy of which is attached hereto as **Exhibit 1**.

Respectfully Submitted,

s/ *Esra A. Hudson*

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (*pro hac vice*)
Stephanie A. Roeser (*pro hac vice*)
Manatt, Phelps & Phillips LLP
2049 Century Park East, Suite 1700
Los Angeles, California  90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

1

# manatt

**Esra A. Hudson**
Manatt, Phelps & Phillips, LLP
Direct Dial: 310-312-4381
ehudson@manatt.com

Matthew F. Bruno
7 Times Sq
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
Meryl C. Governski (*pro hac vice*)
Willkie Farr & Gallagher
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron E. Nathan
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

*Attorneys for Blake Lively*

# EXHIBIT 1

**manatt**

Esra A. Hudson
Manatt, Phelps & Phillips, LLP
Direct Dial: 310-312-4381
ehudson@manatt.com

June 17, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1620
New York, New York 10007

Re: *Lively v. Wayfarer Studios LLC et al.*, No. 24-cv-10049 (LJL)

Dear Judge Liman:

We write to address the Wayfarer Parties' opposition to Ms. Lively's motion for a protective order.[1] *See* ECF Nos. 325 (motion for protective order); 350–51. In their opposition, the Wayfarer Parties improperly cross-move to compel various categories of documents by Ms. Lively while attempting to oppose Ms. Lively's request for a protective order by distancing themselves from the public representations that they had "got[ten] exactly what they were seeking" (which they do not disclaim in their opposition or in the supporting declaration) in connection with the now-withdrawn Venable and Swift subpoenas targeting Ms. Swift's communications.[2]

As to Ms. Lively's motion for a protective order, the Wayfarer Parties argue that Ms. Lively is "bound" by her amended initial disclosures to produce all non-privileged communications with Ms. Swift. They provide no authority for that proposition.[3] If including an individual on a party's initial disclosures binds a party to produce all "non-privileged communications" with that individual, the Wayfarer Parties would have agreed to produce all communications as between each of the Wayfarer Parties, on the one hand, and the 137 non-Wayfarer Parties identified on their initial disclosures on the other. They have not. Instead, Rule 26 contemplates initial disclosures as a mechanism to ensure timely disclosure of names and identifying information for "each individual likely to have discoverable information…." Fed. R. Civ. P. 26(a)(1)(A)(i); *Freeman v. Giuliani*, 2025 WL 81370, at *4-5 (S.D.N.Y. Jan. 13, 2025) (Liman, J.). To be clear, Ms. Lively supplemented her initial disclosures to include Ms. Swift *after* the public representations that the

---

[1] For purposes of this filing, the "Wayfarer Parties" encompass Wayfarer Studios LLC ("Wayfarer Studios"), Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC's ("IEWU"), Melissa Nathan, The Agency Group PR LLC ("TAG"), and Jennifer Abel.

[2] Eve Buckland & James Vituscka, *Exclusive Major Update on Taylor Swift's Subpoena in Blake Lively Lawsuit After Legal Drama Ended Pair's Friendship*, Daily Mail (May 22, 2025), https://www.dailymail.co.uk/tvshowbiz/article-14740399/taylor-swift-subpoena-blake-lively-lawsuit-update-friendship.html?ito=native_share_article-nativemenubutton; *see also* ECF No. 325 at 2.

[3] The three cases that the Wayfarer Parties cite in support reflect only: a party's argument that privilege assertions should not avoid production of relevant information, *Robinson v. De Niro*, 2022 WL 704922, at *1 (S.D.N.Y. Mar. 9, 2022), a court's explanation as to the certification requirements of initial disclosures, *Moore v. Publicis Groupe*, 287 F.R.D. 182, 188 (S.D.N.Y. 2012), and this Court's explanation of the basic standard on a motion to compel, *Gardner-Alfred v. Federal Reserve Bank of N.Y.*, 2023 WL 2366916, at *3 (S.D.N.Y. Mar. 6, 2023) (Liman, J.).

Wayfarer Parties "got exactly what they were seeking," were "provided … with everything that they needed," and "got exactly what they were hoping for and much more" in connection with Ms. Swift[4]—which suggested that *they* would be producing information in connection with the case. This bait-and-switch cannot provide a basis for the Wayfarer Parties to obtain discovery on what the Wayfarer Parties supposedly already had. *See* Fed. R. Civ. P. 26(e). The Wayfarer Parties' speculative argument that Ms. Swift's communications theoretically could have communications relating to Ms. Lively's emotional distress does not change the calculus. For starters, the Wayfarer Parties appear to be attempting to bring a "cross-motion" to compel far more than communications with Ms. Swift relating to Ms. Lively's emotional distress, meaning, under the most generous interpretation, their attempts as to discovery in connection with Ms. Swift are wildly overbroad, and their focus on emotional distress is simply a post hoc rationalization for these Requests. *See* ECF No. 350 at 3. Further, the Wayfarer Parties' position that Ms. Lively and Ms. Swift "socializ[ing]" at dinner would yield written communications on this topic is nonsensical. *Id.* Instead, as counsel for the Wayfarer Parties has stated when recently explaining the state of play as to Ms. Swift:

> There's a short leash on on [sic] how far we can go with discovery. Um [sic] I think ***the judge made has made it very clear that that you know third parties need to be directly relevant to claims***. Um [sic] and we think certain third parties are directly relevant, but ***it's just whether or not you need that evidence in addition to what you have already***.[5]

For the reasons stated in Ms. Lively's motion, the Court should hold the Wayfarer Parties to these public representations and conclude that the issuance of a protective order is appropriate to protect Ms. Lively from the unreasonably cumulative (and burdensome) discovery that—as counsel for the Wayfarer Parties appears to recognize—Requests Nos. 108–09 seek. *See* ECF No. 325; Fed. R. Civ. P. 26(b)(2)(C)(i);[6] *Morrison v. Scotia Cap. (USA) Inc.*, 2024 WL 3316086, at *2-3 (S.D.N.Y. June 7, 2024); *Mangahas v. Eight Oranges Inc.*, 2022 WL 14106010, at *1 (S.D.N.Y. Oct. 24, 2022) (Liman, J.); *Essilor Int'l SAS v. J.P. Morgan Chase Bank N.A.*, 2024 WL 2304961, at *1 (S.D.N.Y. May 21, 2024) (denying motion to compel discovery that was "unreasonably cumulative of information already produced in discovery").

Additionally, with respect to the Wayfarer Parties' improper "cross motion" to compel Ms. Lively's production on various topics, the Wayfarer Parties have provided no support for their position that Ms. Lively must produce some subsets of information in advance of others. As they are well aware, despite being a single individual, Ms. Lively has produced *substantially more* documents in this case than the numerous Wayfarer Parties have produced at this juncture. *See*

---

[4] Buckland & Vituscka, *supra* note 2.

[5] *See* The Megyn Kelly Show, *Justin Baldoni's Lawyer Says He Won't Settle with Blake Lively, and What's Next, w/ Bryan Freedman* (June 11, 2025), https://www.youtube.com/watch?v=gm8cXmwJc9w, at 28:56-29:14 (emphases added).

[6] The Wayfarer Parties also claim that Ms. Lively's reference to the *Daily Mail* article is an improper basis for Ms. Swift's position as "double hearsay." ECF No. 350. Of course, double hearsay is inapplicable in this context, as their own cases explain. *See, e.g.*, *Securities and Exchange Commission v. Genovese*, 2022 WL 4115947, at *1 (S.D.N.Y. Sept. 9, 2022) (rejecting double-hearsay argument as relating to admissibility). Critically, the Wayfarer Parties have not disavowed the alleged "double hearsay," which appears to express the views of their own counsel. The Wayfarer Parties and their counsel must be held to the statements that they make in the press.

Declaration of S. Roeser ("Roeser Decl."), ¶ 5 Ex. A. Ms. Lively additionally made a production on Friday and has committed to regular productions to satisfy her substantial completion obligations by July 1, 2025. *Id.* Additionally, with the exception of the Swift-related Requests referenced above, Ms. Lively has agreed to produce this very information and last Thursday *was the first time* that the Wayfarer Parties had raised *any* concern with the pace of Ms. Lively's productions. *Id.*

To reiterate, *Ms.* **Lively had already agreed to timely produce this information, starting even before the July 1 substantial completion date**—meaning the Wayfarer Parties' motion was eminently baseless when filed, and should be denied. *See, e.g.*, *Popovchak v. UnitedHeath Grp. Inc.*, 2025 WL 1312879, *1 (S.D.N.Y. May 6, 2025) (addressing denial of motion to compel information party had represented it would produce). Nevertheless, in an attempt to resolve the issue, earlier this afternoon, Ms. Lively proposed to the Wayfarer Parties that they produce: (1) all video footage related to the Film, some of which they have selectively released to the public since January, but not produced to Ms. Lively, and (2) full, unredacted versions of communications excerpted in the Wayfarer Parties' amended complaint and Exhibit A (each of which is responsive to Ms. Lively's Requests for Production, Roeser Decl. ¶ 2), in return for mutual production on the categories the Wayfarer Parties identified, **all by the end of the week**.[7] *Id.* ¶ 3. The Wayfarer Parties did not agree to any production in advance of July 1. *Id.* ¶ 4. Thus, there is no basis for their request to compel Ms. Lively to do so.

Respectfully Submitted,

s/ *Esra A. Hudson*

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (*pro hac vice*)
Stephanie A. Roeser (*pro hac vice*)
Manatt, Phelps & Phillips LLP
2049 Century Park East, Suite 1700
Los Angeles, California  90067

---

[7] The Wayfarer Parties agreed to produce "footage" from production of the Film on March 24, more than two and a half months ago, but they have not produced any of it to Ms. Lively. Roeser Decl. ¶ 2. As distinct from the Wayfarer Parties' arbitrary preference for the ordering of general topics of document production, Ms. Lively is entitled to review this footage in advance of any deposition. *See Costa v. AFGO Mech. Servs., Inc.*, 237 F.R.D. 21, 24 (E.D.N.Y. 2006) ("[R]arely do courts authorize the taking of party depositions prior to the production of documents."); *Giladi v. Albert Einstein Coll. of Med.*, 1998 WL 183874, at *1 (S.D.N.Y. Apr. 15, 1998) (granting defendant's motion to compel plaintiff to produce an audiotape recording "immediately," explaining that plaintiff had not sustained his burden of demonstrating that delayed production of audiotape until after depositions was warranted); *Rofail v. United States*, 227 F.R.D. 53, 58–59 (E.D.N.Y. 2005) (ordering defendant to produce recording and other statements prior to deposition because "[o]pen discovery is the norm. Gamesmanship with information is discouraged and surprises are abhorred."). The Wayfarer Parties apparently have ready access to such footage, which they or their counsel have selectively leaked to the tabloid media. *See, e.g.*, Ruth Styles, *Who's lying, Blake Lively or Justin Baldoni? Shocking It Ends With Us clip reveals the truth about abuse claims*, Daily Mail (Jan. 21, 2025), https://www.dailymail.co.uk/tvshowbiz/article-14308745/Blake-Lively-Justin-Baldoni-bombshell-clip-reveals-truth-abusee.html; Edward Segarra, *Justin Baldoni's legal team releases footage of slow dance scene with Blake Lively: Reports*, USA Today (Jan. 21, 2025), https://www.usatoday.com/story/entertainment/movies/2025/01/21/justin-baldoni-blake-lively-slow-dance-scene-footage/77862406007/.

3

(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
7 Times Sq
New York, NY 10036
(212) 790-4500
mbruno@manatt.com


WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
Meryl C. Governski (*pro hac vice*)
Willkie Farr & Gallagher
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron E. Nathan
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

*Attorneys for Blake Lively*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>      Plaintiff,<br><br>   -v-<br><br>WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, THE AGENCY GROUP PR LLC, JENNIFER ABEL, JED WALLACE, and STREET RELATIONS INC.,<br><br>      Defendants. | Case No. 1:24-cv-10049-LJL<br>(consolidated with 1:25-cv-00449-LJL) |
| JENNIFER ABEL,<br><br>      Third-Party Plaintiff,<br><br>   -v-<br><br>JONESWORKS LLC,<br><br>      Third-Party Defendant. | |
| WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, JENNIFER ABEL, and STEVE SAROWITZ,<br><br>      Consolidated Plaintiffs,<br><br>-v-<br><br>BLAKE LIVELY, RYAN REYNOLDS, LESLIE SLOANE, VISION PR, INC., and THE NEW YORK TIMES COMPANY.<br><br>      Consolidated Defendants. | |

404013380.1

**DECLARATION OF STEPHANIE A. ROESER
IN FURTHER SUPPORT OF BLAKE LIVELY'S REPLY IN SUPPORT OF MOTION
FOR A PROTECTIVE ORDER AND IN OPPOSITION TO THE CROSS-MOTION TO
COMPEL**

I, Stephanie A. Roeser, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an attorney admitted to practice before this Court, a partner in the law firm of Manatt, Phelps & Phillips LLP, 2049 Century Park East, Los Angeles, CA 90067, and counsel of record for Blake Lively in the above-captioned action. I respectfully submit this declaration in further support of Ms. Lively's Letter-Motion for a Protective Order, ECF No. 325, and in Opposition to the "Cross-Motion" to Compel by Wayfarer Studios LLC ("Wayfarer Studios"), Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC's ("IEWU"), Melissa Nathan, The Agency Group PR LLC ("TAG"), and Jennifer Abel (herein, the "Wayfarer Parties"), ECF Nos. 350–51.

2. On March 24, certain of the Wayfarer Parties agreed to produce documents in connection with Ms. Lively's First Set of Requests for Production of Documents, including: Request No. 33 for Baldoni, IEWU, Heath, Sarowitz, and Wayfarer ("All Documents, Communications, audio/video recordings, notes, or production logs concerning any intimate scenes related to the Film, whether or not included in any cut of the Film."), Request No. 23 for TAG, Nathan, and Abel), and Request No. 4 for Baldoni, IEWU, Heath, Sarowitz and Wayfarer ("All Documents and Communications concerning the Film between You and any Wayfarer Defendant, Sony, WME, Jonesworks, any media outlet of any kind, any Social Media accounts or influencers or other individuals who maintain a public online presence, or any cast or crew members of the Film, and any directors, officers, employees, agents, or contractors thereof."). Additionally, on April 2, the Wayfarer Parties agreed to produce documents in connection with

Ms. Lively's Amended Second Set of Requests for Production of Documents, including Request No. 91, 91, 61, 56, 61, 63, 51, and 50 for Wayfarer, IEWUM LLC, Sarowitz, TAG, Heath, Baldoni, Abel, and Nathan, respectively ("All Documents and Communications referenced and/or cited in the Wayfarer SDNY Complaint, including Communications referenced and/or cited in the Complaint (Dkt. No. 1), the Amended Complaint (Dkt. No. 50), and/or Exhibit A to the Amended Complaint (Dkt. No. 50-1).").

3. On June 17, 2025, I was copied on an email from my co-counsel to counsel for the Wayfarer Parties asking when they intend to produce the footage and full, unredacted versions of communications excerpted in the Wayfarer Parties' amended complaint and Exhibit A. My co-counsel suggested that the parties could agree to a mutual production by the end of this week on the aforementioned categories in exchange for the categories identified by the Wayfarer Parties in their cross-motion to compel.

4. That same day, at approximately 8:54 PM EST, counsel for the Wayfarer Parties indicated that they will produce the documents by the July 1 substantial completion deadline. Counsel, however, did not indicate that they agree to a mutual production along the lines described in Paragraph 3 and did not agree to make the production in advance of July 1, 2025.

5. I also submit this declaration to place before the Court true and correct copies of an email chain spanning June 11, 2025 to June 12, 2025, attached hereto as **Exhibit A**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: June 17, 2025                               /s/ *Stephanie A. Roeser*

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson
Stephanie A. Roeser (admitted *pro hac vice*)
2049 Century Park East, Suite 1700
Los Angeles, California 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
7 Times Sq
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
Meryl Governski (admitted *pro hac vice*)
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron Nathan
Willkie Farr & Gallagher LLP
787 7th Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

*Counsel for Blake Lively*

# EXHIBIT A

| | |
|---|---|
| **From:** | Bender, Kristin |
| **Sent:** | Thursday, June 12, 2025 8:40 PM |
| **To:** | Kevin A. Fritz; Roeser, Stephanie; Theresa Troupson; Chip Babcock; Joel Glover; Bryan Freedman; Miles Cooley; Jason Sunshine; Mitch Schuster; Stacey Ashby; Amit Shertzer; mitra@ahouraianlaw.com; Christina Puello; Cortni Davis; Vaneta Birtha; Jose Perez; Ellyn Garofalo; Summer Benson |
| **Cc:** | Gottlieb, Michael; Governski, Meryl Conant; Nathan, Aaron E.; Bruno, Matthew; Connolly, Michaela; Hudson, Esra; Climaco, Katelyn; Taustine, Melissa |
| **Subject:** | RE: Lively v. Wayfarer |

Hi Kevin,

We are available at the time you propose. We will send an invite.

As to your position below, the Wayfarer Parties have already received multiple productions from Sony and WME, and the Wayfarer Parties and Ms. Lively mutually are engaged in making rolling productions in advance of the substantial completion deadline. This is the first time that you have raised a concern with the pace of Ms. Lively's productions, and the Wayfarer Parties have only made two voluntarily productions, or three including the compelled production. Ms. Lively has also produced 2,832 documents, and all of the Wayfarer Parties collectively have produced only 754 documents (including those that were compelled). In any event, Ms. Lively intends to make her next production tomorrow (6/13), and to make regular rolling productions thereafter that will satisfy substantial completion obligations by July 1. All this said, we will be ready to discuss the parties' productions, as needed.

All rights reserved, including with respect to the positions stated below. Finally, as an administrative matter, please keep Melissa Taustine copied on counsel correspondence.

Thanks,
Kristin

**Kristin Bender**
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: +1 202 303 1245 | Mobile: +1 703 732 4995
kbender@willkie.com | vCard | www.willkie.com bio

---

**From:** Kevin A. Fritz <kaf@msf-law.com>
**Sent:** Thursday, June 12, 2025 4:51 PM
**To:** Roeser, Stephanie <SRoeser@manatt.com>; Theresa Troupson <ttroupson@lftcllp.com>; Chip Babcock <cbabcock@jw.com>; Joel Glover <jglover@jw.com>; Bryan Freedman <bfreedman@lftcllp.com>; Miles Cooley <mcooley@lftcllp.com>; Jason Sunshine <jsunshine@lftcllp.com>; Mitch Schuster <ms@msf-law.com>; Stacey Ashby <sma@msf-law.com>; Amit Shertzer <as@msf-law.com>; mitra@ahouraianlaw.com; Christina Puello <cpuello@lftcllp.com>; Cortni Davis <cdavis@lftcllp.com>; Vaneta Birtha <vbirtha@lftcllp.com>; Jose Perez <jperez@lftcllp.com>; Ellyn Garofalo <egarofalo@lftcllp.com>; Summer Benson <sbenson@lftcllp.com>
**Cc:** Gottlieb, Michael <MGottlieb@willkie.com>; Governski, Meryl Conant <MGovernski@willkie.com>; Nathan, Aaron E. <ANathan@willkie.com>; Bruno, Matthew <MBruno@manatt.com>; Connolly, Michaela <MConnolly@willkie.com>; Hudson, Esra <EHudson@manatt.com>; Climaco, Katelyn <KClimaco@manatt.com>; Bender, Kristin <KBender@willkie.com>
**Subject:** RE: Lively v. Wayfarer

**\*\*\* EXTERNAL EMAIL \*\*\***

Counselors:

We are available to meet/confer at noon PST / 3pm EST on Friday about Michaela Connolly's email concerning our document production and about Esra Hudson's letter concerning Blake Lively's June 23, 2025 deposition. For the sake of expediency, please also be prepared to discuss Lively's woefully deficient document production. Even though we served our First Set of Request for Production months ago, and even though ten weeks ago Lively assured us via her formal responses and objections thereto that she would conduct a reasonable search for and produce relevant, non-privileged documents, she has produced nothing other than documents she "obtained" from her company Vanzan, Inc. As merely a few examples, Lively has not produced:

Documents and communications relating to her allegations of sexual harassment and/or other misconduct relating to the Film (Doc. Req. No. 3);

1. Documents and communications relating to and/or reflecting her communications with Sony relating to sexual harassment and/or other misconduct relating to the Film (Doc. Req. No. 48);
2. Documents and communications relating to and/or reflecting her communications with WME relating to sexual harassment and/or other misconduct relating to the Film (Doc. Req. No. 51);
3. Documents and communications relating to her claims for damages (such as those supporting her allegation, in paragraph 457 of her Amended Complaint, that she "has suffered and continues to suffer substantial damages, including, but not limited to, past and future losses in earnings, equity, and other employment benefits and has incurred other economic losses…");
4. Documents and communications with Taylor Swift who, according to Lively's Amended Initial Disclosures, has knowledge of "The parties' alleged conduct; complaints or discussions about the work environment or conduct on the set of the Film; the production, editing, cut, and creative process associated with the Film; publicity surrounding the Film; the retaliation campaign alleged by Ms. Lively and resulting damages suffered."

Given that such documents and communications are material and relevant to the crux of Lively's claims, and given that more than two months have passed since Lively assured us that such documents would be produced, we intent to promptly raise this issue with the Court unless a mutually agreeable resolution is reached.

**MSF**
Meister Seelig & Fein PLLC

**Kevin A. Fritz**
Partner
125 Park Avenue | 7th Floor | New York, NY | 10017
Direct (212) 655-3570 | Firm (212) 655-3500 | Fax (646) 564-4819 | kaf@msf-law.com
New York | New Jersey | Connecticut | California | Website

IMPORTANT NOTICES: NOTICE UNDER E-SIGN ACT: Unless specifically set forth herein, the transmission of this communication is not intended to be a legally binding electronic signature, and no offer, commitment or assent on behalf of the sender or its client is expressed or implied by the sending of this facsimile, or any attachments hereto.

**NOTICE OF ATTORNEY'S CONFIDENTIALITY:** The material submitted herewith contains, and is intended to be a confidential transmission of information or documents from MEISTER SEELIG & FEIN PLLC which is legally privileged. The materials or information enclosed are intended only for the use of the individual or entity named in this transmission sheet. If you are not the intended recipient, any disclosure, copying, distribution or the taking of any action in reliance on the contents of this transmission is strictly prohibited. If you have received this telecopy transmission in error, please notify us by telephone immediately, so that we can arrange for the return of the original documents to us at our cost.

IRS CIRCULAR 230 DISCLOSURE: As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.

**From:** Roeser, Stephanie <SRoeser@manatt.com>
**Sent:** Wednesday, June 11, 2025 11:59 PM
**To:** Theresa Troupson <ttroupson@lftcllp.com>; Kevin A. Fritz <kaf@msf-law.com>; Chip Babcock <cbabcock@jw.com>; Joel Glover <jglover@jw.com>; Bryan Freedman <bfreedman@lftcllp.com>; Miles Cooley <mcooley@lftcllp.com>; Jason Sunshine <jsunshine@lftcllp.com>; Mitch Schuster <ms@msf-law.com>; Stacey Ashby <sma@msf-law.com>; Amit Shertzer <as@msf-law.com>; mitra@ahouraianlaw.com; Christina Puello <cpuello@lftcllp.com>; Cortni Davis <cdavis@lftcllp.com>; Vaneta Birtha <vbirtha@lftcllp.com>; Jose Perez <jperez@lftcllp.com>; Ellyn Garofalo <egarofalo@lftcllp.com>; Summer Benson <sbenson@lftcllp.com>
**Cc:** Michael Gottlieb <MGottlieb@willkie.com>; Meryl Conant Governski <MGovernski@willkie.com>; Nathan Aaron E. <ANathan@willkie.com>; Bruno, Matthew <MBruno@manatt.com>; Michaela Connolly <MConnolly@willkie.com>; Hudson, Esra <EHudson@manatt.com>; Climaco, Katelyn <KClimaco@manatt.com>; Bender, Kristin <kbender@willkie.com>
**Subject:** Lively v. Wayfarer

> **CAUTION:** This is an external email. DO NOT click links or open attachments unless you can confirm the sender and know the content is safe.

Counsel,

Please see attached correspondence.

Thanks,
Stephanie

**Stephanie Roeser**
Partner

**Manatt, Phelps & Phillips,** LLP
2049 Century Park East
Suite 1700
Los Angeles, CA 90067
**D** (310) 312-4207 **F** (310) 914-5744
SRoeser@manatt.com

manatt.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.