USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/18/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
BLAKE LIVELY,                                                     :
:
                                 Plaintiff,         :          24-cv-10049
:
       -v-                                                        :          ORDER
:
WAYFARER STUDIOS LLC, JUSTIN BALDONI,                             :
JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH                         :
US MOVIE LLC, MELISSA NATHAN, THE AGENCY                          :
GROUP PR LLC, JENNIFER ABEL, JED WALLACE,                         :
STREET RELATIONS INC.,                                            :
:
                                 Defendants.        :
:
------------------------------------------------------------------X
:
WAYFARER STUDIOS LLC, JUSTIN BALDONI,                             :
JAMEY HEATH, IT ENDS WITH US MOVIE LLC,                           :
MELISSA NATHAN, JENNIFER ABEL, STEVE                              :
SAROWITZ,                                                         :
:
                                 Plaintiffs,        :
:
       -v-                                                        :
:
BLAKE LIVELY, RYAN REYNOLDS, LESLIE                               :
SLOANE, VISION PR, INC., THE NEW YORK TIMES                       :
COMPANY,                                                          :
:
                                 Defendants.        :
:
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Blake Lively ("Lively") moves for leave to serve third party Matthew Mitchell ("Mitchell") by alternative means pursuant to Federal Rules of Civil Procedure 4(e)(1), 4(e)(2), and 45, and New York Civil Practice Law and Rules 308(1)–(5).  Dkt. No. 330.  The motion is granted.

Mitchell was a senior Vice President at Jonesworks, Baldoni and Wayfarer's public relations firm. Dkt. No. 331 at 1. The Wayfarer Parties have stated that he was involved in handling the public relations "crisis" Baldoni and Wayfarer faced around the time of the release of *It Ends With Us*. Dkt. No. 50 ¶ 232. Lively sought to serve Mitchell with a Rule 45 subpoena via a process server beginning on May 5, 2025. Dkt. No. 331 at 1. The process server attempted service at Mitchell's last known address on eight separate occasions, at various times, by various means. Dkt. No. 332-3. Neighbors stated they were unfamiliar with Mitchell and did not know if he lived at that address. *Id.* Lively's counsel attempted to call a telephone number the Wayfarer Parties provided for Mitchell, and the outgoing voicemail message indicated that the number was associated with Mitchell. Dkt. No. 332 ¶ 3.

Federal Rule of Civil Procedure 45 states that "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). However, courts have authorized alternative service when a party has "demonstrate[d] a prior diligent attempt to personally serve." *Kenyon v. Simon & Schuster, Inc.*, 2016 WL 5930265, at *3 (S.D.N.Y. Oct. 11, 2016); *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, 2009 WL 1313259, at *2–3 (S.D.N.Y. May 11, 2009); *Sec. & Exch. Comm'n v. Pence*, 322 F.R.D. 450, 454 (S.D.N.Y. 2017). Here, the affidavit of the process server describing the eight attempts to serve Mitchell at his last known residence establishes that personal service is impracticable. Dkt. No. 332-3; *see Pence*, 322 F.R.D. at 454 ("Courts have ordered substituted service of subpoenas after far fewer attempts at personal service have failed.").

Alternative service must be reasonably calculated to ensure the witness actually receives the subpoena. *See Kenyon*, 2016 WL 5930265, at *3; *IDW Grp.*, 2009 WL 1313259, at *2–3 ("[T]he proposed alternative service methods are reasonably calculated to provide [the recipient]

2

with timely notice of her obligation to appear at a deposition."); *Freeman v. Giuliani*, 2024 WL 5054913, at *2 (S.D.N.Y. Dec. 10, 2024) ("[A]lternative forms of service may be used, as long as they are calculated to provide timely actual notice." (quoting *Tube City IMS, LLC v. Anza Cap. Partners, LLC*, 2014 WL 6361746, at *2 (S.D.N.Y. Nov. 14, 2014))); *see also In re Three Arrows Cap., Ltd.*, 647 B.R. 440, 450 (Bankr. S.D.N.Y. 2022) ("The Court does not find it to be controversial that Rule 4 cases applying the 'reasonably calculated' standard, which is a due process requirement, can be instructive in the Rule 45 context.").  Here, Lively possesses a telephone number for Mitchell, and there is evidence that it is in fact Mitchell's number.  Lively also notes that Mitchell's publicly available LinkedIn page has been updated since his departure from Jonesworks.  Dkt. No. 331 at 3.  Courts have held that service via social media is a permissible form of alternative service under similar circumstances.  *See In re Bibox Grp. Holdings Ltd. Secs. Litig.*, 2020 WL 4586819, at *2 (S.D.N.Y. Aug. 10, 2020); *Kumar v. Alhunaif*, 2023 WL 8527671, at *5 (S.D.N.Y. Dec. 8, 2023); *In re Three Arrows Cap.*, 647 B.R. at 456 (noting that the decision to authorize service is "informed by the fact that the [movants] included facts showing recent and actual use" of relevant accounts).

At the same time, social media service is usually used "as a 'backstop' for service by other means," such as email, mail, or publication, rather than a standalone method of service. *Kumar*, 2023 WL 8527671, at *5 (quoting *Doe v. Hyassat*, 337 F.R.D. 12, 15–16 (S.D.N.Y. 2020)).  Lively states that nail-and-mail service under CPLR 308(4) is less likely to provide Mitchell with actual notice than electronic service, and the requirement to follow that provision of the CPLR would create undue delay.  Dkt. No. 331 at 4.  But Lively does not provide any reason why she should not, in addition to serving Mitchell by LinkedIn and notifying him of service by telephone, also affix the subpoena to the door of Mitchell's residence and mail it to

3

him at that residence.[1]  Adding this more traditional method of service will ensure that service is "calculated to provide timely actual notice."  *Tube City IMS*, 2014 WL 6361746, at *2.

Accordingly, the Court directs that the following will be deemed proper service on Mitchell for the duration of this litigation:

1) Affixing the relevant document to the door of Mitchell's last known residence;

2) Mailing the relevant document to Mitchell's last known residence;

3) Sending a copy of the document to Mitchell via LinkedIn; and,

4) Attempting to contact Mitchell at the telephone number provided by the Wayfarer Parties and, if he does not answer, leaving a voicemail stating that he has been served with the relevant document at his residence, by mail, and by LinkedIn message.

The motion for alternative service is GRANTED as described herein.  Proof of service shall be filed in accordance with Federal Rule of Civil Procedure 45(b)(4).

The Clerk of Court is respectfully directed to close Dkt. No. 330.

SO ORDERED.

Dated: June 18, 2025
       New York, New York

_____
                                         LEWIS J. LIMAN
                                         United States District Judge

---

[1] Although Federal Rule of Civil Procedure 45 does not expressly incorporate Federal Rule of Civil Procedure 4, "[s]ome cases have suggested that alternative service under Rule 45 must be accomplished in accordance with Rule 4, which in turn . . . permits service on an individual to be made in accordance with the state law where the district court sits or where service is made." *Pence*, 322 F.R.D. at 455.  In any case, a court may also order alternative service under the CPLR when traditional methods are "impracticable."  N.Y. C.P.L.R. 308(5); *Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 365–66 (E.D.N.Y. 2016).  Uncertainty about whether Mitchell in fact resides at his last known residence renders nail-and-mail service alone impracticable, especially given the resultant delay and the discovery schedule of this litigation.