USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/18/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
BLAKE LIVELY, :
:
Plaintiff, : 24-cv-10049
:
-v- : ORDER
:
WAYFARER STUDIOS LLC, JUSTIN BALDONI, :
JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH :
US MOVIE LLC, MELISSA NATHAN, THE AGENCY :
GROUP PR LLC, JENNIFER ABEL, JED WALLACE, :
STREET RELATIONS INC., :
:
Defendants. :
:
------------------------------------------------------------------X
:
WAYFARER STUDIOS LLC, JUSTIN BALDONI, :
JAMEY HEATH, IT ENDS WITH US MOVIE LLC, :
MELISSA NATHAN, JENNIFER ABEL, STEVE :
SAROWITZ, :
:
Plaintiffs, :
:
-v- :
:
BLAKE LIVELY, RYAN REYNOLDS, LESLIE :
SLOANE, VISION PR, INC., THE NEW YORK TIMES :
COMPANY, :
:
Defendants. :
:
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Blake Lively ("Lively") moves for a protective order relieving her from producing documents responsive to requests numbered 108 and 109 in the Requests for Production served by the Wayfarer Parties on February 21, 2025, which request "all documents and communications relating to or reflecting" Lively's communications with Taylor Swift "relating

to the Film" or "the Action" (the "Swift RFPs"). Dkt. No. 325. The Wayfarer Parties[1] oppose the motion and cross-move for an order compelling Lively to produce documents responsive to these requests and certain other Requests for Production. Dkt. No. 350. Lively moves to file a reply to the opposition and cross-motion. Dkt. No. 354. The motion to file a reply is granted. Lively's motion for a protective order is denied, and the Wayfarer Parties' cross-motion for an order to compel is denied.

"The Federal Rules of Civil Procedure provide for broad discovery of information for the purpose of assisting in the preparation and trial, or the settlement, of litigated disputes." *Lively v. Wayfarer Studios LLC*, 2025 WL 815364, at *1 (S.D.N.Y. Mar. 13, 2025). Under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). However, a Court may limit discovery if "the discovery sought is unreasonably cumulative or duplicative," irrelevant, or unduly burdensome. Fed. R. Civ. P. 26(b)(2)(C); *see* Fed. R. Civ. P. 26(b)(1).

Lively relies on the fact that the Wayfarer Parties previously attempted to subpoena Swift, then withdrew the subpoena and made public statements that they had "everything that they needed." Dkt. No. 325 at 2. She accordingly argues that either the Wayfarer Parties never needed communications between Swift and Lively, in which case the Swift RFPs are irrelevant, or the Wayfarer Parties have already received the communications, in which case the Swift RFPs are duplicative. *Id.* at 3. Each of these arguments is unavailing. The Wayfarer Parties have not yet received any communications between Lively and Swift, so the request to Lively is not

---

[1] The Wayfarer Parties are Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel.

2

duplicative. Dkt. No. 350 at 3; Dkt. No. 350-1 ¶¶ 4–5. And the Swift RFPs are relevant. Lively herself has identified Swift as someone likely to have knowledge about complaints or discussions regarding the working environment on the set of *It Ends With Us*. Dkt. No. 350-4 at 24. Lively properly notes that identification of a party in initial disclosures does not necessarily entail that all communications with that party are relevant to the claims and defenses in the case. Dkt. No. 354. However, the Swift RFPs are limited to communications about the film *It Ends With Us* or about "this Action." Dkt. No. 325. Lively alleges that Baldoni and Heath harassed her in numerous ways during work on *It Ends With Us*, Dkt. No. 84 ¶¶ 78–108, that her concerns about their behavior began "early in the pre-production and production process," and that she expressed these concerns in "contemporaneous messages," *id.* ¶ 115. Given that Lively has represented that Swift had knowledge of complaints or discussions about the working environment on the film, among other issues, the requests for messages with Swift regarding the film and this action are reasonably tailored to discover information that would prove or disprove Lively's harassment and retaliation claims.

Lively's motion is rooted in the broader concern that the Wayfarer Parties are using demands for communications with Swift not "to obtain information relevant to claims and defenses *in court*, but to prop up a public relations narrative *outside of court*." Dkt. No. 325. But this concern does not justify denying the Wayfarer Parties relevant discovery. If the issue is that the Wayfarer Parties may leak the requested communications to the press, this concern is addressed by the Protective Order issued by the Court. *See Lively*, 2025 WL 815364. That order was designed precisely to ensure that parties may share sensitive information that may be "only tangentially related[] to the underlying cause of action" without fear that it will be leaked to the press. *Id.* at *2 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)). If the issue is

3

rather that the fact of the request itself has been used as part of a public relations narrative, this does not mean the request is irrelevant to the litigation or that the Wayfarer Parties will not seek to use resulting communications in the litigation. A motion or request may be, and in this case often has been, both a legitimate litigation tactic and an attempt to maneuver in the broader court of public opinion. The mere fact that the request has been discussed in the press does not render it illegitimate, and general and somewhat hyperbolic public statements that the Wayfarer Parties do not need the evidence, many of which are not even attributed to the Wayfarer Parties but to an anonymous "insider," *see* Dkt. No. 325 at 2, cannot be understood as a waiver or retraction of the RFPs. Given that the Lively Parties have not shown the information is irrelevant or its production would be unduly burdensome, the claim that the Wayfarer Parties have dramatized the request in the press does not justify a protective order against the production of responsive documents. Lively's motion for a protective order is denied.

The Wayfarer Parties' cross-motion is also denied. The Wayfarer Parties seek to compel Lively to produce documents concerning "(a) her allegations of sexual harassment and retaliation; (b) her communications with Sony (which released the Film) and WME (her talent agency) concerning the same; and (c) her claims for economic damages." Dkt. No. 350. The documents were demanded on February 21, 2025, and Lively agreed on March 24, 2025, to rolling production of the documents. *Id.* Lively states that she has agreed to produce the documents, except the communications with Swift, and is on track for substantial completion by July 1, 2025, the deadline set by the Court. *See* Dkt. No. 58. Lively has proposed to the Wayfarer Parties that she will produce all documents in the requested categories by the end of this week if the Wayfarer Parties produce (1) all video footage related to the Film and (2) full, unredacted versions of communications excerpted in the Wayfarer Parties' amended complaint

4

and Exhibit A.  Dkt. No. 354.  The Wayfarer Parties have declined.  *See* Dkt. No. 354 at 8–9.[2]

There is no reason for the Court to order Lively to expedite production when the Wayfarer Parties have refused to do so.

The motion for a protective order at Dkt. No. 325 is DENIED.  The cross-motion to compel at Dkt. No. 350 is DENIED.

The Clerk of Court is respectfully directed to close Dkt. Nos. 325, 350, and 354.

SO ORDERED.

Dated: June 18, 2025
New York, New York

_____
LEWIS J. LIMAN
United States District Judge

---

[2] ECF pagination.