**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BLAKE LIVELY,<br><br>                Plaintiff,<br><br>     -v-<br><br>WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, THE AGENCY GROUP PR LLC, JENNIFER ABEL, JED WALLACE, and STREET RELATIONS INC.,<br><br>                Defendants. | Case No. 1:24-cv-10049-LJL<br><br>(consolidated with 1:25 -cv-00449-LJL) |
| JENNIFER ABEL,<br><br>                Third-Party Plaintiff,<br><br>     -v-<br><br>JONESWORKS LLC,<br><br>               Third-Party Defendant. | |
| WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, JENNIFER ABEL, and STEVE SAROWITZ,<br><br>                Consolidated Plaintiffs,<br><br>-v-<br><br>BLAKE LIVELY, RYAN REYNOLDS, LESLIE SLOANE, VISION PR, INC., and THE NEW YORK TIMES COMPANY.<br><br>                Consolidated Defendants. | |

**DECLARATION OF MAXWELL BREED
IN OPPOSITION TO BLAKE LIVELY'S MOTION TO COMPEL**

I, Maxwell Breed, under 28 U.S.C. § 1746, hereby declare as follows:

1. I am an attorney admitted to practice before this Court, a partner in the law firm of Pryor Cashman LLP, 7 Times Square, New York, New York 10036, and counsel of record for nonparties Katherine Case and Briana Butler Koslow in this consolidated action.

2. I respectfully submit this declaration in opposition to plaintiff Blake Lively's letter motion (Dkt. 321) to compel Ms. Case and Ms. Butler Koslow to comply with two subpoenas duces tecum (Dkt. 322-1 & 322-2), by June 27, 2025.

3. Ms. Case and Ms. Butler Koslow are a former and current employee of defendant The Agency Group PR LLC (Dkt. 221, p.1).

4. Neither feature in the operative complaint (Dkt. 84); nor, as Lively's counsel admits (Dkt. 322, ¶ 16), do either Ms. Case or Ms. Butler Koslow feature in party productions to date.

5. Nonetheless, Lively issued subpoenas to both Ms. Case and Ms. Butler Koslow, demanding extensive documents and communications, with obvious and significant overlap with party discovery (Dkt. 322-1 & 322-2).

6. After agreeing to accept service of the subpoenas on March 3, 2025, we timely served detailed responses and objections on March 17, 2025 (Dkt. 322-4 & 322-5).

7. Our responses and objections were not "boilerplate" as now claimed (Dkt. 321, n. 3), but drew from the fact that, for each of the requests, Lively (whose subpoena practice in this dispute has been called into question [Dkt. 204]), had not narrowly tailored any of her requests, but had broadly demanded "All Documents" from "May 1, 2024, to the present" even though, for instance, multiple requests overlapped party requests and imposed disproportionate burdens on nonparties. (Dkt. 322-4 & 322-5.)

2

8. Nor is Lively's counsel correct to now claim (Dkt. 322, ¶ 16), that time period was not the basis for an objection in the responses and objections, considering that every response specifically referenced the stated time period as part of the asserted objections for overbreadth, undue burden, and disproportionateness. (Dkt. 322-4 & 322-5.)

9. We went on to meet and confer with Lively's counsel during several calls and over email (Dkt. 322-3), cooperatively seeking to correct the subpoenas' facial deficiencies and to facilitate production upon agreement as to scope and process.

10. After the first conferral on March 25, Lively's counsel offered that request 1 be limited to exclude individual parties, requests 2 and 4 be revised from "with or concerning" to "concerning, and requests 5 through 7 be specifically limited. A true and correct copy of counsel's April 3, 2025 email is annexed hereto as **Exhibit 1**.

11. Our next conferral, on April 15, 2025, resulted in further agreed limitations memorialized in an April 18, 2025 email:

> 1. **Revise Definition for "Actions" with a definition for "Consolidated Action": "means and collectively refers to the following cases entitled (a) *Lively v. Wayfarer Studios LLC et al.*, U.S. District Court for the Southern District of New York (Case No. 1:24-cv-10049-LJL); and (b) *Wayfarer Studios LLC et al. v. Lively et al.*, U.S. District Court for the Southern District of New York (Case No. 1:25-cv-00449-LJL)."**
> 1. Request 1: Revise to "All Documents and Communications concerning Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, or the Lively/Reynolds Family, excluding Documents and Communications with Baldoni, Heath, Sarowitz, Abel, **or Jones**."
> 2. Request 2: Revise to "All Documents and Communications concerning Baldoni, Heath, Wayfarer, or Sarowitz, excluding Documents and Communications with Baldoni, Heath, Sarowitz, Abel, **or Jones**."
> 3. Request 4: Revise to "All Documents and Communications concerning Abel, excluding Documents and Communications with Baldoni, Heath, Sarowitz, **or Jones**."

3

<blockquote>

4. Request 5: Revise to "All Documents and Communications concerning the Film or Marketing Plan <u>with Sony, WME, Jonesworks, TAG, Wallace, Street Relations, any media or Social Media outlet, any cast or crew member of the Film, and any party known to be or identifiable as a director, officer, employee, agent, or contractor thereof</u>." *(reflecting same modifications as of April 3)*

5. Request 6: Revise to "All Documents and Communications concerning the Digital Campaign, excluding Documents and Communications with Baldoni, Heath, Sarowitz, Abel**, or Jones**."

6. Request 7: Revise to "All Documents and Communications concerning the Consolidated Action, <u>excluding Documents and Communications with Baldoni, Heath, Sarowitz, Abel</u>**, or Jones**."

7. Request 8: Revise to "All Documents and Communications concerning the Scenario Planning Document, attached as Exhibit D to the Lively Complaint, <u>excluding Documents and Communications with Baldoni, Heath, Sarowitz, or Abel</u>**, or Jones**."

8. Request 9: Revise to "All Documents and Communications concerning any meeting related to the Scenario Planning Document, attached as Exhibit D to the Lively Complaint, <u>excluding Documents and Communications with Baldoni, Heath, Sarowitz, Abel</u>**, or Jones**."

</blockquote>

(Emphasis original; sic throughout.) A true and correct copy of counsel's April 18, 2025 email is annexed hereto as **Exhibit 2**.

12. During the next conferral on May 5, as borne out by conferral emails that followed, we proposed that search and collection for the narrowed subpoenas be an attorney-guided self-search, to mitigate the burden of imposing device-imaging costs on nonparties. True and correct copies of counsel's May 6, 2025 email and my colleague's May 8, 2025 responsive email are annexed hereto as **Exhibits 3 and 4**.

13. Nearly two weeks later, on May 20, Lively's counsel proposed to provide a vendor for device imaging and collection. A true and correct copy of counsel's May 20, 2025 email is annexed hereto as **Exhibit 5**.

4

14. That proposal led to another conferral on May 29, during which Lively's counsel identified two "gating issues": the time-period for the collection and whether group texts including parties need be reviewed and produced.

15. Lively's counsel memorialized that conferral in a May 30 email, demanding that certain actions be completed less than a week later, even though scheduling had not been discussed or agreed. A true and correct copy of counsel's May 30, 2025 email is annexed hereto as **Exhibit 6**.

16. We responded the next business day (June 2), confirming our general agreement with the proposed process and noting, among other things, that the duration of the meet-and-confer process had been a function of the subpoenas' acknowledged objectionability, schedule coordination among counsel, and gaps in Lively's counsel's responses. A true and correct copy of my June 2, 2025 email is annexed hereto as **Exhibit 7**.

17. Rather than scheduling a planned call, Lively's counsel, on June 3, disavowed their professed "gating issues" and set another unilateral "compliance" deadline. A true and correct copy of counsel's June 3, 2025 email is annexed hereto as **Exhibit 8**.

18. We responded that day, advising that anticipated custodial interviews had occurred or were to occur (both have now occurred), offering to compromise the collection time-period at July 1, 2024 through December 21, 2024, declining to review party group texts, and asserting willingness to memorialize all agreements, conduct a vendor call within days, and then collect, review, and produce. A true and correct copy of my June 3, 2025 email is annexed hereto as **Exhibit 9**.

19. Lively's counsel did not respond to the offered compromise and instead submitted their letter motion a full nine days later (Dkt. 321 & 322).

20. As set forth above and in our letter responding to Lively's letter motion, the required meet and confer process resulted in agreements to significantly narrow the subpoenas and to shift electronic collection costs. Those agreements concede the impropriety of the subpoenas as propounded and, if Lively's letter motion is not denied, should feature in any compliance order, along with the compromise collection time period, the exclusion of party group texts, and a reasonable production deadline that does not overburden two nonparties whose ties to this matter are admittedly minimal.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated:   June 18, 2025                                    /s/ *Maxwell Breed*

PRYOR CASHMAN LLP
Maxwell Breed
Daniel J. Pohlman
7 Times Square
New York, NY 10036
(212) 421-4100
mbreed@pryorcashman.com
dpohlman@pryorcashman.com

*Counsel for Nonparties Katherine Case and Breanna Butler Koslow*