# WILLKIE FARR & GALLAGHER LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

June 20, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1620
New York, New York 10007

 Re:  *Lively v. Wayfarer Studios LLC et al.*, No. 24-cv-10049 (LJL)

Dear Judge Liman:

Ms. Lively submits this reply in further support of her motion to compel Ms. Katherine Case and Ms. Breanna Butler Koslow to comply with the Subpoenas issued to them in early March. *See* ECF No. 321. In their opposition, Ms. Case and Ms. Koslow primarily contend that the Court should find the Subpoenas unenforceable in light of Ms. Lively's earlier, extensive efforts to mutually resolve the parties' dispute as to the Subpoenas. *See* ECF No. 358 ("Opposition"). But Ms. Lively's good-faith attempts to narrow certain Requests and to bear certain costs were not concessions. Rather, they were attempts to achieve an agreement that would result in Ms. Case and Ms. Koslow's compliance with the Subpoenas. Because the agreement was never reached, their compliance with the initially served Subpoenas, which reasonably seek highly relevant information, should be compelled.

As the outset, the suggestion that Ms. Case and Ms. Koslow were "but party employees" (*id.*), an attempt to minimize their involvement in this case, cannot be squared with reality. As previously stated, and contrary to the Opposition, these individuals' communications feature prominently in the operative complaint (with non-party names redacted for privacy) and evidence their participation in the retaliatory digital effort: in an email from Abel to Case, Koslow, Heath, and Nathan discussing whether TAG's fee includes "social media mitigation and proactive fan posting to counter the narrative" (ECF No. 84 ¶ 225), in a text from Case to Matthew Mitchell, Nathan, and Abel regarding contents of "HR complaints" from set (*id.* ¶ 263), in a text from Abel to Mitchell, Nathan, Case, and Koslow discussing the need to "position" reported-upon HR complaints (*id.* ¶ 264), and in a text from Abel to Mitchell, Nathan, Case, and Koslow discussing an allegation that Baldoni "invited [a woman] up to his hotel room years ago," and a text from Koslow in response suggesting to "chat to Jed as well on this" (*id.* ¶ 256). *See* **Exhibit A**; ECF No. 321 n.2. *Contra* ECF No. 359 ¶ 4. The Subpoenas seek, and are highly likely to yield, additional relevant information of this nature. The fact that Ms. Case and Ms. Koslow's indisputably relevant communications—which are known, not speculated, to exist—have not appeared in the Wayfarer Parties' productions even barely a week out from the parties' deadline for substantial completion of document production only underscores the necessity of receiving these materials from Ms. Case and Ms. Koslow directly.

The Opposition makes three arguments in an attempt to avoid production as to the Subpoenas initially issued: that Ms. Lively's counsel failed to engaged in good-faith conferrals about them, that the Subpoenas are not narrowly tailored or proportionate, and that the Subpoenas should be narrowed in light of the parties' asserted agreement. Each fails.

*First*, Ms. Lively extensively engaged in good-faith with respect to the Subpoenas, and there is no reasonable basis to assert otherwise. Ms. Lively's repeated good-faith overtures and exchanges are plain from the parties' correspondence. *See* ECF No. 322-3.[1] Nor can it be contended that Ms. Case and Ms. Koslow lacked notice that the instant motion to compel was forthcoming, as Ms. Lively's counsel made clear on May 30 that she would soon "need to move ahead to compel production of documents under the Subpoenas that were served months ago." *Id.* at 5. At this point (which was followed by additional objections by counsel for Ms. Case and Ms. Koslow), Ms. Lively's obligations to meet and confer in good faith had **long and repeatedly been satisfied**, it was apparent that further efforts to engage would be futile, and a motion to compel was the clear path forward. *See, e.g.*, *Barbera v. Grailed, LLC*, 2024 WL 4836616, at *2 (S.D.N.Y. Nov. 20, 2024) (Liman, J.) ("[T]here is no loophole wherein a party may escape a motion to compel, or a ruling on such motion, simply by stonewalling its opposing counsel[.]"); *Stinson v. City of New York*, 2015 WL 4610422, at *5 (S.D.N.Y. July 23, 2015) (finding conferral requirement satisfied after parties had already "communicated extensively" to try to resolve their discovery issues); *Popovchak v. UnitedHealth Grp. Inc.*, 2025 WL 1312879, at *3 (S.D.N.Y. May 6, 2025) (motion to compel granted where further party conferrals were "futile").

*Second*, Ms. Case and Ms. Koslow have failed to carry their burden to demonstrate why or how the Subpoenas are unduly burdensome. On a Rule 45 motion to compel, "[t]he party seeking discovery bears the initial burden of proving the discovery is relevant, and then the party withholding discovery on the grounds of burden [or] expense ... bears the burden of proving the discovery is in fact ... unduly burdensome and/or expensive." *Samsung Elecs. Co. v. Microchip Tech. Inc.*, 347 F.R.D. 252, 260 (S.D.N.Y. 2024) (quoting *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2020 WL 1940557, at *1 (S.D.N.Y. Apr. 22, 2020)). Ms. Case and Ms. Koslow do not appear to meaningfully dispute the relevance. And they do not identify any particular Requests or provide any foundation or reasoning for their assertion that the Subpoenas are "neither narrowly tailored nor proportionate[.]" ECF No. 358 at 3. These conclusory, unsubstantiated assertions (paired with generic cases about third-party discovery obligations generally) fail to even remotely satisfy Ms. Case and Ms. Koslow's burden to demonstrate that the Subpoenas seek discovery that is unduly burdensome or expensive. *See Lima LS PLC v. Nassau Reinsurance Grp. Holdings, L.P.*, 160 F. Supp. 3d 574, 579 n.1 (S.D.N.Y. 2015) (refusing to reconsider order granting motion to compel because respondents "continue[d] to make a boilerplate objection regarding burden and have failed to demonstrate how the alleged burden outweighs the relevance"); *Oasis Med. Inc. v. I-Med Pharma USA Inc.*, 2023 WL 6301728, at *14 (S.D.N.Y. Sept. 1, 2023) (ordering compliance with a subpoena even though it would "undoubtedly impose some degree of burden" because the non-party failed to demonstrate that it would be an "undue" burden, particularly given his active role in the underlying litigation); *Great Am. Ins. Co. v. Gemstone Prop. Mgmt. LLC*, 2025 WL 1166993, at *2 (S.D.N.Y. Mar. 17, 2025)

---

[1] ECF No. 322-3 is the compiled correspondence that also appears at ECF Nos. 359-1, 359-2, 359-3, 359-4, 359-5, 359-6, 359-7, 359-8, and 359-9.

(Liman, J.) (granting motion to compel after finding that non-party did not show any evidence that the cost of compliance was significant).

*Third*, the Subpoena Requests should not be limited to the retroactive "agreement" that Ms. Case and Ms. Koslow attempt to engineer. Counsels' correspondence plainly shows that the parties never reached agreement. *See* ECF No. 322-3. As memorialized on May 6, counsel for Ms. Lively stated, "[o]n our meet and confer yesterday, you agreed that Ms. Koslow and Ms. Case would produce documents responsive to Ms. Lively's requests as revised in our April 18, 2025 email (the 'Narrowed Requests'), *so long as we agree to your proposed collection and production methods*." ECF No. 322-3 at 10 (emphasis added). Counsel for Ms. Case and Ms. Koslow responded, "*we have not yet reached agreement* on the process or scope of our searches." *Id.* at 9 (emphasis added). Attempts at agreement continued thereafter, with Ms. Lively's counsel seeking agreement on June 3 ("*[i]f there is not agreement to the requests as modified* . . . ," *id.* at 3 (emphasis added)), and counsel for Ms. Case and Ms. Koslow responding with multiple areas of disagreement and referencing only the potential of future agreement, *id.* at 2.

Ms. Lively's earlier proposed modifications to the Subpoena Requests, first addressed months ago, were intended to facilitate timely third-party productions that could have been used in connection with unfolding party discovery, while allowing time for Ms. Lively to evaluate productions from the Wayfarer Parties and then revisit certain requests with Ms. Case and Ms. Koslow.[2] That attempted tradeoff (i.e., scope for timeliness) was ineffective, as evidenced by the months that have passed, the necessity of the instant motion, and the fact that the Wayfarer Parties still have not made significant productions—or, indeed, any production reflecting Ms. Case or Ms. Koslow. At present, Ms. Case and Ms. Koslow's compliance with the Subpoenas will take place, at earliest, essentially in tandem with the majority of the Wayfarer Parties' document production. Courts do not hold a parties' good-faith attempts to confer against them and, given this, the Subpoena Requests as initially framed and served are the appropriate subject of Ms. Lively's motion to compel. *See, e.g.*, *Popovchak*, 2025 WL 1312879, at *3; *see also Estate of Mechling by Ulmer v. U.S. Bank Nat'l Assoc.*, 2023 WL 6542772, at *1–*2 (D. Conn. Oct. 6, 2023) (granting motion to compel full compliance with initial subpoena where parties were unable to reach agreement on narrowed requests); *Horn v. City of New Haven*, 2021 WL 805504, at *2 (D. Conn. Mar. 2, 2021) (rejecting request to consider revised discovery requests on motion to compel because revisions "had been drafted in an attempt to allow the parties to resolve the discovery dispute by working together," which approach had failed).[3]

The Court should reject the allegations that Ms. Lively failed to satisfy her conferral obligations, and should order enforcement of the Subpoenas as issued. *See* ECF Nos. 321, 322-1, 322-2.

---

[2] In particular, Ms. Case and Ms. Koslow's proposal that they be excepted from producing their communications with the Wayfarer Parties, whether in individual or group texts, is now unworkable. Given the expedited discovery timeline and the difficulty in securing any agreement from Ms. Case and Ms. Koslow with regard to the Subpoenas, there simply will not be time to review the Wayfarer Parties' voluminous production for gaps in communications with Ms. Case and Ms. Koslow, serve new subpoenas, and obtain and review documents prior to close of discovery. Revisiting the scope of their productions *after* close of party discovery would be so delayed as to be virtually useless.

[3] *Hallmark Licensing LLC v. Dickens Inc.*, 2018 WL 6573435, at *3–4 (E.D.N.Y. Dec. 13, 2018) is inapposite. In that case, there was no dispute that counsel had reached agreement, and the motion was to compel documents agreed to be produced. *Id.*

Respectfully Submitted,

s/ *Michael J. Gottlieb*


WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
Meryl C. Governski (*pro hac vice*)
Willkie Farr & Gallagher
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron E. Nathan
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (*pro hac vice*)
Stephanie A. Roeser (*pro hac vice*)
Manatt, Phelps & Phillips LLP
2049 Century Park East, Suite 1700
Los Angeles, California  90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

*Attorneys for Blake Lively*