# EXHIBIT A





**Brett Douglas McDowell, (Pro Se)**
c/o Red River Rebellion Ltée
1460 Chevrier Blvd #200,
Winnipeg, MB R3T 1Y6

legal@redriver-rebellion.ca
+12042025904

Via Email
The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

Re: Lively v. Wayfarer Studios LLC et al., No. 1:24-cv-10049-LJL — SUPPLEMENTAL CLARIFICATION IN SUPPORT OF MOTION TO INTERVENE AND MOTION FOR RECUSAL

Dear Judge Liman:

Movant respectfully submits this clarification in further support of his recent Motion to Intervene pursuant to Rule 24 and his accompanying Motion for Recusal of Judge Lewis J. Liman pursuant to 28 U.S.C. § 455(a) and (b)(5)(iii).

In prior correspondence and supporting materials provided to the Court and parties, Movant noted that Judge Liman's 2021–2023 annual financial disclosures explicitly reported ownership of Class B Non-Voting Shares in Lions Gate Entertainment Corp. (LGFB), with no indication of divestment.

Upon further review of Judge Liman's May 14, 2024 Periodic Transaction Report, Movant confirms that no sale or disposition of Lionsgate shares is recorded in that most recent filing. By contrast, that same report documents divestments of other securities, including Liberty Media, which demonstrates Judge Liman's adherence to reporting obligations when divestments do occur.

Movant relied on the judge's official disclosures at the time of filing. While it is possible that the financial circumstances have since changed, there is no public record of any divestment from

1

Lionsgate. That absence alone raises important questions of transparency and perception under 28 U.S.C. § 455.

Movant acknowledges that the 2024 Periodic Transaction Report became available shortly before the filing of the Recusal and Rule 24 motions and had not yet been fully reviewed at the time of the initial submission. However, having now reviewed that report, Movant affirms that it contains no entry indicating divestment from Lionsgate holdings. Rather than weakening the original argument, this strengthens it: the absence of any recorded divestment in the most recent disclosure—despite the reporting of other transactions—further reinforces the appearance of a continuing financial interest in a company materially connected to disputed productions and reputational networks described in Movant's filings.

Accordingly, Movant maintains that his earlier representation—that Judge Liman appears to maintain a financial interest in Lionsgate—remains consistent with the current disclosure record. This continued appearance of partiality is material, given Lionsgate's majority ownership of 3 Arts Entertainment, whose clients and productions are directly implicated in the reputational, symbolic, and discovery matters raised in the Motion to Intervene and Motion for Recusal.

Movant further notes that while Judge Liman's 2024 Periodic Transaction Report includes certain divestments (e.g., Liberty Media and Class A shares of Lions Gate Entertainment Corp.), it contains no record of any sale or disposition of Class B Non-Voting Shares (LGFB)—the same class previously reported in Judge Liman's 2021–2023 disclosures. This omission complicates the public's ability to assess potential conflicts and reinforces the perception that relevant financial entanglements remain unresolved.  In a proceeding involving symbolic harm, reputation management, and media industry relationships, these omissions intensify the appearance of partiality under 28 U.S.C. § 455(a).

Moreover, the judge's historical pattern of investment—including repeated holdings in entertainment-aligned companies such as Lionsgate, Liberty Media, Peloton, and Apple—reflects a sustained financial interest in the media sector. Even where some divestments have occurred, the continued retention of Lionsgate shares and the selective nature of those sales raise a reasonable concern that such investment behavior will continue. In a proceeding centered on reputational harm and symbolic targeting within the media industry, such a pattern heightens the appearance of partiality under 28 U.S.C. § 455(a).

Even though Judge Liman has since divested from the BlackRock Strategy Income Fund, his prior financial exposure to BlackRock overlapped with key periods in which Your Honor was asked to evaluate symbolic harm, branding-related retaliation, and access to discovery. At that time, BlackRock was publicly invested in MNTN—the parent company of Maximum Effort, which remained closely tied to Defendant Ryan Reynolds through both equity and public-facing campaigns. Given BlackRock's broad investment portfolio in media and advertising sectors, and

the reputational and commercial overlap at issue in this case, such entanglements reinforce the appearance of partiality under 28 U.S.C. § 455(a), even if the specific asset was later divested.[12]

This clarification strengthens the basis for both (1) recusal under 28 U.S.C. § 455(a), and (2) intervention under Rule 24, particularly where the Court's denial of discovery and dismissal of related claims may materially affect Movant's rights and interests in a proceeding involving entities connected to Judge Liman's reported financial interests.

Movant also notes that the leading public legal research tool CourtListener—used by journalists, academics, and legal professionals—currently lists only Judge Liman's 2020 financial disclosure, despite the availability of subsequent disclosures from 2021–2024. A screenshot of this record is attached hereto as Exhibit A. This gap in public access contributes to a situation in which the public and media may draw incomplete or inaccurate conclusions about Judge Liman's financial interests. In a case involving reputational harm and symbolic targeting, such asymmetries in access and reporting only amplify the appearance of partiality and raise legitimate concerns about disinformation and narrative shaping by omission.

While this appears to be the result of a systemic delay in data updating by the Free Law Project—and not an error by the judiciary—it nonetheless contributes to public confusion. The public's reliance on incomplete tools like CourtListener, which currently lists only Judge Liman's 2020 disclosure despite the availability of more recent filings, exacerbates the appearance of partiality. In a case centered on reputation and media interests, this transparency gap undermines confidence in the judicial process.

Movant acknowledges that this limitation stems from the public reporting tools maintained by Free Law Project's CourtListener platform, and does not appear to reflect an error on the part of the judiciary. Nevertheless, the resulting visibility gap reinforces the appearance of asymmetrical access and public misunderstanding—further exacerbating concerns central to this motion.

Movant respectfully submits that these clarifications are offered in good faith and further underscore the need for impartial adjudication and access to discovery in a matter of significant public concern involving judicial impartiality, reputational harm, and the transparency of media-entwined legal proceedings.

Respectfully submitted,
/s/ Brett Douglas McDowell
Brett Douglas McDowell
Pro Se Movant

---

[1] See, e.g., Yahoo Finance, "Ryan Reynolds' MNTN Shares Rise Ahead of IPO," June 10, 2024, available at: https://finance.yahoo.com/news/ryan-reynolds-mntn-shares-rise-164200595.html

[2] See *The Globe and Mail*, "Should You Buy Ryan Reynolds's MNTN After the MNTN Stock IPO?", June 11, 2024, available at:
https://www.theglobeandmail.com/investing/markets/stocks/MNTN/pressreleases/32612455/should-you-buy-ryan-reynoldss-mntn-after-the-mntn-stock-ipo/

3