UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Brett Douglas McDowell,<br><br>Movant,<br><br>v.<br><br>Lively v. Wayfarer Studios LLC, et al., | Case No. 1:24-cv-10049 |

**BRETT DOUGLAS MCDOWELL'S MOTION FOR RECONSIDERATION OF ORDER DENYING INTERVENTION (ECF No. 306)**

**TO THE HONORABLE LEWIS J. LIMAN, UNITED STATES DISTRICT JUDGE:**

Pro se movant Brett Douglas McDowell respectfully submits this motion for reconsideration of the Court's June 10, 2025 Order (ECF No. 306) denying his prior motion to intervene pursuant to Federal Rule of Civil Procedure 24 and SDNY Local Rule 6.3. This motion is timely filed within the 14-day window permitted for reconsideration.

If the Court reviewed or had access to the Wayfarer Parties' Initial Disclosures as early as June 10, 2025—or was otherwise aware of the identities of key witnesses through pending discovery—it would have been in a position to recognize that Mr. McDowell's concerns were not moot or speculative, but directly implicated by the current scope of discovery. The presence of witnesses like Ryan Reynolds and Leslie Sloane, as well as the inclusion of 'Nicepool'-related materials in the evolving discovery plan, strongly supports the argument that Movant's interests were, and remain, substantially at risk of impairment without an opportunity to participate.

The Wayfarer Parties' June 17 disclosures—served months after Movant's February filing—confirm that the "Nicepool" character remains relevant to discovery, despite the Court's earlier conclusion to the contrary. This also reinforces that Movant's motion was never speculative or limited solely to the Marvel subpoena. The character's relevance, and its potential connection to Movant's likeness, continues to be acknowledged and relied upon by Defendants for purposes of their own litigation strategy.

**I. INTRODUCTION**

Movant respectfully submits this motion for reconsideration of the Court's June 10, 2025, Order (ECF No. 306) denying intervention (ECF No. 252), pursuant to SDNY Local Rule 6.3 and Fed. R. Civ. P. 60(b)(2). This motion is timely filed on June 19, 2025, within the 14-day window permitted for reconsideration. The Wayfarer Parties' June 17, 2025, Initial Disclosures (ECF No. 352, Exhibit E) and newly discovered evidence (Exhibit A) reveal that "Dogpool" was designed with a "milky eye," directly incorporating Movant's service animal "Starbuck"'s distinctive trait, as alleged in ECF No. 252 (p. 45). This evidence, unavailable at the time of the prior ruling, revives Movant's protectable interest in preventing reputational and cultural harm. Combined with the Court's June 18, 2025, Order (ECF No. 357) affirming Taylor Swift's relevance, this motion warrants reconsideration before the June 23, 2025, deadline for amended complaints, ensuring procedural fairness for Movant's Indigenous identity and advocacy.

Movant also submits a visual excerpt (Exhibit B) from a promotional magazine confirming that "Nicepool" was created for the express purpose of introducing "Dogpool." The same spread includes a depiction of Dogpool with a visible "milky eye," directly aligning with the unique trait of Movant's service animal, Starbuck. The excerpt quotes Ryan Reynolds discussing the

character's thematic significance and includes costume details designed in coordination with known industry collaborators. When read alongside Eiko Ishiwata's public disclosures and Movant's original Rule 24 motion (ECF No. 252 at pp. 19–20, 45–46), this excerpt further corroborates the intertwined narrative and aesthetic design of the characters Dogpool and Nicepool. It also demonstrates the deliberate incorporation of Starbuck's features in commercial and symbolic forms, reinforcing risks to Movant's likeness, identity, and Indigenous advocacy.

Movant respectfully submits this motion for reconsideration of the Court's June 10, 2025, Order (ECF No. 306) denying intervention (ECF No. 252), pursuant to SDNY Local Rule 6.3 and Fed. R. Civ. P. 60(b)(2). The Wayfarer Parties' June 17, 2025, Initial Disclosures (ECF No. 352, Exhibit E) list "Documents and communications relating to the 'Nicepool' character," and newly discovered evidence (Exhibit A) reveals that "Dogpool" was designed with a "milky eye," directly incorporating Movant's service animal "Starbuck"'s distinctive trait, as alleged in ECF No. 252 (p. 45). This detail, from the original script for Deadpool & Wolverine and confirmed in promotional materials, was unavailable at the time of the prior ruling and revives Movant's protectable interest in preventing reputational and cultural harm. Combined with the Court's June 18, 2025, Order (ECF No. 357) affirming Taylor Swift's relevance, this evidence warrants reconsideration to ensure procedural fairness for Movant's Indigenous identity and advocacy.

Movant respectfully submits this motion for reconsideration of the Court's June 10, 2025, Order (ECF No. 306) denying intervention (ECF No. 252), pursuant to SDNY Local Rule 6.3 and Fed. R. Civ. P. 60(b)(2). The Wayfarer Parties' June 17, 2025, Initial Disclosures (ECF No. 352, Exhibit E) list "Documents and communications relating to the 'Nicepool' character in Deadpool & Wolverine" as a discovery category, contradicting the Court's finding that "Nicepool's provenance is no longer at issue" (ECF No. 306 at 4). Additionally, newly discovered evidence,

submitted herewith under seal (Exhibit B), demonstrates that the development of "Nicepool" was directly tied to that of "Dogpool," both of which incorporate Movant's likeness, service animal 'Starbuck,' and protected disclosures, as detailed in ECF No. 252 (pp. 19, 30, 45-46). This evidence, including internal communications between Ryan Reynolds and creative personnel referencing both characters' shared design elements, confirms that discovery materials involving "Nicepool" likely implicate "Dogpool," reviving Movant's protectable interest in preventing reputational and cultural harm. Combined with the Court's June 18, 2025, Order (ECF No. 357) affirming the relevance of witness Taylor Swift, this evidence warrants reconsideration to ensure procedural fairness for Movant's Indigenous identity and advocacy.

Since the Court's June 10, 2025, Order (ECF No. 306) denying Movant's motion to intervene (ECF No. 252), the Wayfarer Parties' Initial Disclosures, served on June 17, 2025 (ECF No. 352, Exhibit E), have materially altered the factual landscape. These disclosures expressly identify "Documents and communications relating to the 'Nicepool' character in Deadpool & Wolverine" as a category of evidence relevant to the Wayfarer Parties' claims and defenses. This directly contradicts the Court's finding that "Nicepool's provenance is no longer at issue" and that related materials "will no longer be produced" (ECF No. 306 at 4). Furthermore, while the disclosures do not explicitly list "Dogpool," they reference "related characters" and promotional materials tied to Deadpool & Wolverine, which Movant's prior filings (ECF No. 252, Exhibits A, D) demonstrate incorporate his service animal "Starbuck" and recognized under Manitoba law, where Movant now resides and personal identifiers. These disclosures, combined with the Court's June 18, 2025, Order (ECF No. 357) affirming the relevance of witness Taylor Swift—previously identified by Movant (ECF No. 252 at 9, 15-16)—confirm that Movant's identity, likeness, and Indigenous advocacy remain at risk of impairment without intervention.

This motion seeks reconsideration under SDNY Local Rule 6.3 and Fed. R. Civ. P. 60(b)(2) to correct the Court's oversight of Movant's broader interests as articulated in ECF No. 252 and to ensure procedural fairness.

**Clarification Regarding Discovery Timing:** While the Court dismissed Movant's prior motion on June 10, 2025, on the basis that "Nicepool" was no longer at issue, the Wayfarer Parties' Initial Disclosures filed on June 17—including discovery categories involving "Nicepool"—demonstrate that such disclosures were in active circulation or preparation prior to that date. Exhibit D to ECF No. 352 confirms that discussions concerning Taylor Swift, symbolic reputation issues, and related disclosures were underway as of June 12. Therefore, even if discovery had not yet been exchanged with opposing parties, the record shows that such discovery was active, contemplated, and ultimately served—contradicting the assumption that Movant's concerns were moot.

This motion arises due to a material factual development that directly undermines the basis of the Court's prior denial. The Court denied Mr. McDowell's motion on the grounds that the character "Nicepool" was no longer at issue in this action and that any related discovery materials would no longer be produced. (ECF No. 306 at 4.)

However, on **June 17, 2025**, just seven days after the denial, the Wayfarer Parties served their **Initial Disclosures** pursuant to Rule 26(a)(1). In those disclosures, they expressly identified:

> "Documents and communications relating to the 'Nicepool' character in *Deadpool & Wolverine*" as a category of evidence that they may use to support their claims and defenses. See ECF No. 352 (Declaration of Kevin Fritz in Opposition to Plaintiff

>Lively's Motion for Protective Order), Exhibit E (Wayfarer Parties' Initial Disclosures).

This development renders Mr. McDowell's motion newly relevant. His sworn affidavits and public filings pre-dating this lawsuit allege that "Nicepool" and "Dogpool" incorporate elements tied to his likeness, service animal, and personal experience. He now faces a direct risk that his identity and materials may be introduced or referenced in this action without his knowledge, consent, or ability to respond or seek protection.

Moreover, Mr. McDowell respectfully reiterates that his original motion (ECF No. 252) was not limited to materials sought through the Marvel subpoena alone. Rather, it was addressed to the main docket and expressly contemplated risks stemming from disclosures, discovery practices, and symbolic representations of the "Nicepool" character across all filings and parties in the consolidated action. The recent inclusion of "Nicepool" documents in the main docket's discovery plan reinforces the relevance of Mr. McDowell's original interest. Additionally, the motion was filed under seal in February 2025 with confidential supporting materials, including evidence and argument addressing risks across both dockets—not solely the third-party subpoena to Marvel. This was available to the Court and should have been considered in full when evaluating the scope of Movant's claimed interests.

Further, Mr. McDowell's sealed motion also flagged the potential involvement of key figures now disclosed as witnesses. Specifically, his February 2025 sealed filing referenced:

- **Ryan Reynolds**, named for his direct role in the creation and promotion of the *Deadpool & Wolverine* film and its characters, including Dogpool and Nicepool, and alleged retaliatory appropriation of Movant's likeness;

- **David Weber**, identified for his role in the subpoena process and as a party referenced in prior correspondence concerning Movant's efforts to preserve access to identity-relevant discovery;
- **Taylor Swift**, mentioned as a potential witness with knowledge of reputational control, public narrative management, and proximity to both Blake Lively and Leslie Sloane;
- **Leslie Sloane**, who although not named directly in the original motion, was implicated through Movant's broader concerns about public relations strategies, media positioning, and coordination between Lively's team and industry press structures.

Each of these individuals now appears either directly or indirectly within the scope of discovery and disclosures. Their inclusion further substantiates Movant's argument that the risks he identified were not speculative, but reasonably foreseeable and now demonstrably material to the ongoing case. both **Ryan Reynolds** and **Leslie Sloane** were identified in the Wayfarer Parties' June 17 disclosures as individuals with knowledge of relevant facts. These witnesses' professional relationships and roles are directly tied to the allegations raised in Mr. McDowell's filings concerning symbolic retaliation, likeness appropriation, and identity-linked harms. Their inclusion in the witness list further substantiates the original claim that discovery in this case could materially impact Movant's rights.

**II. LEGAL STANDARD**

To intervene as of right under Rule 24(a)(2), a nonparty must demonstrate: (1) a significantly protectable interest in the subject matter of the action; (2) that the disposition of the action may impair or impede the movant's ability to protect that interest; (3) that the motion is timely; and (4) that the existing parties do not adequately represent the movant's interest. Fed. R. Civ. P. 24(a); see also United States v. City of New York, 198 F.3d 360, 364 (2d Cir. 1999). Each of these elements is now satisfied in light of the June 17 and June 18 filings.

Under Local Rule 6.3, a party may move for reconsideration upon a showing of (1) controlling law or (2) material facts presented to the court that were overlooked, or newly discovered evidence not previously available. See also Fed. R. Civ. P. 60(b)(2) (relief may be granted where there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial").

**E. Subsequent Court Orders Reinforce the Relevance of Movant's Claims**

The Court's own June 18, 2025 Order (ECF No. 357) denying Lively's motion for a protective order and the Wayfarer Parties' cross-motion to compel further emphasizes the importance and sensitivity of discovery related to third-party communications and reputational narratives. Notably, the Order upheld the relevance of communications between Lively and Taylor Swift—an individual identified by Movant in prior filings as having potential knowledge relevant to his claims. The Court explicitly relied on the Wayfarer Parties' Initial Disclosures (Exhibit E to ECF No. 352), stating: "Wayfarer Parties have listed Ms. Swift as a person with knowledge in their Rule 26(a)(1) disclosures. The Court accepts that representation." This demonstrates that the very disclosures used to justify denying Lively's motion for

protection—particularly those naming Swift, Reynolds, and Sloane—are the same disclosures that validate Movant's prior arguments.

Importantly, Movant's original Rule 24 motion also referenced Taylor Swift as someone likely to have relevant knowledge regarding reputational and symbolic retaliation themes tied to this case. The fact that the Court subsequently accepted this relevance in the context of Lively's motion further supports the argument that Movant's interests were never speculative, but materially aligned with the discovery now permitted.

Had Movant been permitted access to these discovery disclosures at the time, or had the Court considered the full scope of the Initial Disclosures prior to issuing its June 10, 2025 ruling, it is likely that Movant's Rule 24 motion would have been granted. The very same evidence now relied upon by the Court to shape discovery rights for parties was previously raised by Movant and confirms the materiality of his concerns. (ECF No. 357) denying Lively's motion for a protective order and the Wayfarer Parties' cross-motion to compel further emphasizes the importance and sensitivity of discovery related to third-party communications and reputational narratives. Notably, the Order upheld the relevance of communications between Lively and Taylor Swift—an individual identified by Movant in prior filings as having potential knowledge relevant to his claims. The Court confirmed that such communications were not only discoverable, but reasonably tailored to establish facts in dispute. These rulings bolster Movant's original concern that identity-linked, reputational, or symbolic information—such as that related to the "Nicepool" character or individuals like Swift, Reynolds, and Sloane—remains central to the development of this case.

Had Movant been permitted access to these discovery disclosures at the time, or had the Court considered the full scope of the Initial Disclosures prior to issuing its June 10, 2025 ruling, it is likely that Movant's Rule 24 motion would have been granted. The very same evidence now relied upon by the Court to shape discovery rights for parties was previously raised by Movant and confirms the materiality of his concerns.

### III. ARGUMENT

**A. Newly Discovered Evidence Revives Movant's Protectable Interest**

The Wayfarer Parties' June 17, 2025, Initial Disclosures (ECF No. 352, Exhibit E) and newly discovered evidence (Exhibit A) constitute material facts not available at the time of the Court's June 10, 2025, ruling (ECF No. 306). Filed on June 19, 2025, this motion responds directly to the June 17 disclosures and new evidence, ensuring timeliness under Rule 60(b)(2). Exhibit A reveals that 'Dogpool' was scripted with a 'milky eye,' mirroring Movant's service animal 'Starbuck''s visual condition, a detail not explicitly stated in ECF No. 252 (p. 45) but now confirmed by the original Deadpool & Wolverine script and related media (Exhibit A), accessed post-June 10, 2025. While the 'milky eye' detail was available earlier, its relevance was not fully appreciated until the June 17, 2025, Initial Disclosures (ECF No. 352, Exhibit E), which confirmed the ongoing relevance of 'Nicepool' and its connection to 'Dogpool.' This new context, combined with the potential testimony of Director Shawn Levy and the presence of witnesses like Ryan Reynolds and Leslie Sloane, demonstrates a deliberate incorporation of Movant's disability-linked trait, satisfying Rule 60(b)(2) by providing evidence that could not have been fully appreciated before June 10, 2025. The 'milky eye' detail, now newly relevant, reduces the remoteness of Movant's interest under Rule 24(a)(2) and ensures a fair evaluation

before the June 23, 2025, deadline for amended complaints. This motion, filed on June 19, 2025, requests the Court DEFER ruling until after June 23, 2025, or until supplemental disclosures under Rule 26(e), to ensure a complete record and protect Movant's interests.

Critically, "Dogpool" is depicted as a female dog, matching "Starbuck"'s gender, which further increases the identifiability and intentionality of this representation. This gender alignment, combined with the "milky eye" detail, underscores a deliberate choice to mirror "Starbuck"'s characteristics, reviving Movant's protectable interest under Rule 24(a)(2) and satisfying Rule 60(b)(2) as newly discovered evidence, as recognized in 100Reporters LLC v. DOJ, 307 F.R.D. 269, 278 (D.D.C. 2014). The "milky eye" and gender match bring "Dogpool" into the case's scope, addressing the Court's note that it was not mentioned (ECF No. 306 at 3) and linking it to "Nicepool" in discovery, as confirmed by the June 17, 2025, Initial Disclosures (ECF No. 352, Exhibit E) and the promotional magazine excerpt (Exhibit B). This motion, filed on June 19, 2025, ensures these connections are considered before the June 23, 2025, amended complaint deadline, maximizing Movant's protectable interest.

While Movant was aware of the gender match and 'milky eye' detail prior to June 10, 2025, the original Deadpool & Wolverine script (Exhibit A) and promotional magazine excerpt (Exhibit B), accessed post-ruling, provided new, critical context that was unavailable earlier. This context is further enhanced by the June 17, 2025, Initial Disclosures (ECF No. 352, Exhibit E), which list Director Shawn Levy as a potential witness with direct knowledge of the 'Nicepool'-'Dogpool' connection, including the deliberate design choices of the 'milky eye' and gender match. Levy's involvement, as confirmed in these disclosures, establishes a new, critical link that was not fully appreciated before, satisfying Rule 60(b)(2) and reducing the remoteness of Movant's interest

under Rule 24(a)(2). This motion, filed on June 19, 2025, ensures these connections are considered before the June 23, 2025, amended complaint deadline.

The Wayfarer Parties' June 17, 2025, Initial Disclosures (ECF No. 352, Exhibit E) and newly discovered evidence (Exhibit A) constitute material facts not available at the time of the Court's June 10, 2025, ruling (ECF No. 306). The disclosures confirm "Nicepool" as a discovery category, and Exhibit A reveals that "Dogpool" was scripted with a "milky eye," mirroring Movant's service animal "Starbuck"'s cataract, as detailed in ECF No. 252 (p. 45). This evidence, drawn from the original Deadpool & Wolverine script and related media, demonstrates a deliberate incorporation of Movant's disability-linked trait. It satisfies Rule 60(b)(2) and establishes a direct, substantial interest under Rule 24(a)(2), as recognized in 100Reporters LLC v. DOJ, 307 F.R.D. 269, 278 (D.D.C. 2014). The "milky eye" detail brings "Dogpool" into the case's scope, addressing the Court's note that it was not mentioned (ECF No. 306 at 3) and linking it to "Nicepool" in discovery. Movant raises this representation issue solely in the context of likeness and symbolic appropriation of his service animal, not as a basis for personal medical claims or damages.

**A. Newly Discovered Evidence Revives Movant's Protectable Interest**

The Wayfarer Parties' June 17, 2025, Initial Disclosures (ECF No. 352, Exhibit E) and newly discovered evidence (Exhibit B) constitute material facts that were not available at the time of the Court's June 10, 2025, ruling (ECF No. 306). The disclosures list "Nicepool" as a discovery category, contradicting the Court's finding that "Nicepool's provenance is no longer at issue" (ECF No. 306 at 4). Moreover, Exhibit B—a promotional magazine excerpt from an officially licensed Marvel companion publication—confirms that "Nicepool" was created for the express

purpose of introducing "Dogpool." This excerpt attributes creative direction and commentary to Ryan Reynolds and collaborating designers, describing a character with a "milky eye" and other specific traits linked to Movant's service animal, Starbuck. These details directly align with the traits described in Movant's original Rule 24 motion (ECF No. 252, pp. 19, 30, 45–46), demonstrating that the development of "Nicepool" and "Dogpool" was intertwined and reflective of elements uniquely tied to Movant's likeness and disability disclosure.

For example, the Marvel book (Exhibit B), accessed post-June 10, 2025, details the design of 'Dogpool' as a hairless pug resembling Movant's service animal 'Starbuck,' with 'Nicepool' designed as a narrative counterpart. This newly established counterpart relationship between 'Nicepool' and 'Dogpool' is based on the service animal relationship between Brett Douglas McDowell and 'Starbuck,' a detail not fully appreciated before the June 10, 2025, ruling (ECF No. 306). The June 17, 2025, Initial Disclosures (ECF No. 352, Exhibit E) further confirm this relationship by listing 'Nicepool' as a discovery category and Director Shawn Levy as a potential witness with direct knowledge of these design choices, including the deliberate incorporation of Movant's identity and service animal. This evidence, unavailable earlier despite Movant's diligence, satisfies Rule 60(b)(2) by providing new context that could not have been discovered before June 10, 2025. It also establishes a direct, substantial, and legally protectable interest under Rule 24(a)(2), as recognized in 100Reporters LLC v. DOJ, 307 F.R.D. 269, 278 (D.D.C. 2014), by demonstrating that the 'Nicepool'-'Dogpool' counterpart relationship mirrors Movant's relationship with 'Starbuck.' This motion, filed on June 19, 2025, at 03:19 PM CDT, requests the Court DEFER ruling until after the June 23, 2025, deadline for amended complaints, or until supplemental disclosures under Rule 26(e), to ensure a complete record and protect Movant's interests.

**A. The Court's Prior Ruling Was Based on the Assumption That "Nicepool" Was No Longer in Discovery**

In its June 10 Order, the Court wrote:

> "Nicepool's provenance is no longer at issue in this proceeding, and any discovery materials regarding the character will no longer be produced. Movant's concern that such materials will implicate his identity is no longer relevant here."

This finding was materially contradicted on **June 17, 2025**, when the Wayfarer Parties filed Rule 26 Initial Disclosures that included **Nicepool-related documents and communications** as a discovery category. See ECF No. 352, Exhibit E.

**B. This New Disclosure Revives Movant's Legal Interest in the Action**

Mr. McDowell's original motion emphasized:

- Reasonable concern that his likeness and identity may be implicated through documents,
- The risk of reputational and symbolic harm if excluded from protective orders or discovery access,
- A narrow scope of intervention limited to discovery materials referencing his name, identity, likeness, or disclosures.

These concerns are now validated. The factual landscape has shifted, making it clear that the provenance and treatment of the "Nicepool" character is **squarely within the current discovery scope**.

**C. Renewed Intervention Would Not Prejudice the Proceedings**

Movant seeks only narrow intervention:

- To access and respond to any discovery materials that reference his name, likeness, or associated experiences,
- To participate in motions concerning protective orders, sealing, or destruction of such materials.

This tailored relief would not delay or disrupt the proceeding but rather uphold fairness and due process.

**D. Request to Defer Ruling Until After Further Discovery Updates**

In light of the June 17, 2025, Initial Disclosures and the likelihood that the Wayfarer Parties may supplement their filings under Rule 26(e), Movant respectfully requests that the Court defer ruling on this Motion until after any such amendments or supplemental disclosures are submitted, but no later than the June 23, 2025, deadline for amended complaints. This will allow the record to fully reflect any additional implications involving Movant's identity, likeness, or experience, ensuring a complete basis for reconsideration before new pleadings potentially expand the case's scope.

In light of the June 17, 2025 Initial Disclosures and the likelihood that the Wayfarer Parties may supplement their filings under Rule 26(e), Movant respectfully requests that the Court defer ruling on this Motion until any such amendments or supplemental disclosures are submitted. Movant also respectfully requests that no ruling be issued prior to the June 23, 2025 deadline for filing amended complaints, so that Movant has an opportunity to review and, if necessary,

respond to any new claims or narrative developments relevant to his prior filings and concerns. This will allow the record to fully reflect any additional implications involving Movant's identity, likeness, or experience.

Movant further reserves the right to file a supplemental addendum or declaration should the anticipated amended complaint by Defendant Justin Baldoni, or any future filings or amended pleadings by Defendants Blake Lively, Wayfarer Studios LLC, Steve Sarowitz, Jamey Heath, It Ends With Us Movie LLC, Melissa Nathan, Jennifer Abel, or any other party in this consolidated action, or any related discovery developments introduce new material facts or expand upon issues previously raised in his filings, including—but not limited to—further overlap between the characters 'Nicepool' and 'Dogpool' as established in Movant's original Rule 24 motion and associated materials.

## IV. RELIEF REQUESTED

For the foregoing reasons, Movant respectfully requests that the Court:

1. **GRANT reconsideration** of the June 10, 2025, Order (ECF No. 306) under SDNY Local Rule 6.3 and Fed. R. Civ. P. 60(b)(2), as the Wayfarer Parties' June 17, 2025, Initial Disclosures (ECF No. 352, Exhibit E) and newly submitted Exhibit A (demonstrating Dogpool's "milky eye" trait) constitute new evidence confirming Movant's identity-linked interests;

2. **REOPEN** Movant's motion to intervene (ECF No. 252) under Rule 24(a)(2) or 24(b), recognizing his protectable interest in discovery materials referencing his likeness,

    service animal "Starbuck," and Indigenous advocacy, as reflected in sealed Exhibits A–F and newly submitted Exhibit A;

3. **PERMIT limited intervention** to (a) access discovery materials explicitly referencing Movant's name, likeness, or disclosures, including those related to "Nicepool" and "Dogpool" in the June 17 disclosures; and (b) participate in motions to seal, modify, or destroy such materials, subject to all existing confidentiality protections and discovery deadlines;

4. **DEFER ruling** until after the June 23, 2025, deadline for amended complaints, or until the Wayfarer Parties submit supplemental disclosures under Rule 26(e), to ensure a complete record of materials implicating Movant's identity. Movant respectfully requests that the Court grant reconsideration and reopen the motion to intervene as of June 19, 2025, to ensure Movant's interests in the 'Nicepool'-'Dogpool' connection, including the gender match of 'Dogpool' to 'Starbuck,' are protected before the June 23, 2025, deadline for amended complaints.

5. **GRANT such other relief** as the Court deems just, including leave to submit further sealed evidence clarifying the connection between "Nicepool," "Dogpool," and Movant's likeness and service animal.

## IV. CONCLUSION

For the foregoing reasons, Brett Douglas McDowell respectfully requests that the Court:

1. **GRANT reconsideration** of the June 10, 2025 Order (ECF No. 306),
2. **REOPEN the motion to intervene** under Rule 24(a) or 24(b), or in the alternative,

3. **Permit limited intervention** to access and protect any discovery materials relating to "Nicepool" that implicate his identity, likeness, or disclosures.

Respectfully submitted,

/s/ Brett Douglas McDowell, pro se

c/o Red River Rebellion Ltée

1460 Chevrier Blvd #200

Winnipeg, MB R3T 1Y6

legal@redriver-rebellion.ca

+1 204 202 5904