# JACKSON WALKER LLP

Joel R. Glover
(713) 752-4226 (Direct Dial)
(713) 308-4114 (Direct Fax)
jglover@jw.com

July 1, 2025

**VIA ECF**
The Honorable Lewis J. Liman
Danial Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    Lively v. Wayfarer Studios LLC, et al., Case No. 1:24-cv-10049-LJL;
                Opposed Motion for Protection

Dear Judge Liman,

We represent Defendants Jed Wallace and Street Relations, Inc. Under Rules 1.C and 4.C of the Court's Individual Rules and Practices, the Wallace Parties respectfully submit this letter motion for a protective order regarding Plaintiff Blake Lively's Notice of Deposition of Street Relations, Inc.'s and Subpoena Pursuant to Federal Rules of Civil Procedure Rule 30(b)(6) and 45, which lists twenty topics. The parties have moved the deposition to July 9, 2025, by agreement.

This request is narrow. The parties are at impasse on part of Lively's Topics 2, 10, 13 which require Street to identify the names of its entire "client base" from 2023 to now.[1] Street seeks protection from being required to identify those names. Sharing these identities would be harmful and an undue burden because these are clients—from famous individuals and companies to private citizens—who have relied on Street to perform crisis management services. These services are highly sensitive and confidential. They range from coordinating substance abuse addiction and mental health treatment to other specialized crisis response coordination. Street's clients rely on being able to seek help privately and without fear of disclosure. That is why Street agrees to confidentiality with each one.

Who Street has served is not relevant to any claim in Lively's Complaint. Street has already testified that it did not engage in the type of conduct alleged here. *See generally* Dkt. 141-1 (Wallace Decl.). In our conferences about how this discovery could be relevant, Lively described it as part of her hope to find "the existence of any pattern in the profile of customers, services, and online discourse surrounding such customers, that can be directly connected to Street Relations." Ex. A

---

[1] Street seeks this relief subject to its personal jurisdiction objections, recognizing this Court's directive that it will participate in discovery while its Motion to Dismiss is pending. *See* Dkt. 309.

(Topics Correspondence). In other words, Lively is fishing for indications that Street's representation of other clients looks like what she thinks happened here (but did not). That absence of probative value weighed against heavy privacy concerns warrants this Court's intervention. And given Lively's explanation, an Attorney's Eyes Only designation is not sufficient because *any* disclosure would violate the trust that Street's clients have placed in it and would not shield those clients from future rounds of the type of far-reaching and public discovery employed by Lively to date.

Street explained these concerns when the parties met and conferred by phone on June 16 and followed up by email until June 18. Street has agreed to identify its clients by category (*e.g.*, filmmakers, actors, private citizens, etc.). Even more, Street has agreed to testify about the services it provides for its anonymized clients. Lively has rejected this compromise, pursuing instead her wide-ranging search for facts that she implicitly acknowledges may not even exist. But "[i]t has long been the rule in this Circuit that 'the parties should not be permitted to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so.'" *Lemanik, S.A. v. McKinley Allsopp, Inc.*, 125 F.R.D. 602, 608 (S.D.N.Y. 1989) (*quoting In re Surety Ass'n of America*, 388 F.2d 412, 414 (2d Cir.1967)); *see also Foli v. Metro-N. R.R., No. 23 CIV. 5982 (NSR)*, 2025 WL 636093, at *2 (S.D.N.Y. Feb. 27, 2025) (quoting same).

Street may have coordinated crisis management assistance for other individuals and companies from 2023 to now, but the identities of those non-parties do not have "any tendency to make [Lively's alleged] fact[s] more or less probable than it would be without" those identities. *Spartan*, 2024 WL 4827251, at *1 (quote omitted). Street is willing to testify about its activities and engagement as it relates to the Complaint, but it must protect its other clients' identities where it does not. *See Pennolino*, 2023 WL 4865878, at *2, (granting request to reveal names involved in matters relevant to the case while denying the request otherwise "for failure to show that the information is relevant."); *Lemanik*, 125 F.R.D. at 608 ("Since the identity of Lemanik's clients is not demonstrably relevant to any issue in this case, it is unnecessary to reach the other factors[.]"). This is analogous to a redaction procedure endorsed in the District and elsewhere. *See, e.g., Haus v. City of New York*, No. 03-CIV-4915 RWSMHD, 2006 WL 1148680, at *3–4 (S.D.N.Y. Apr. 24, 2006) (collecting cases to support disclosure of sensitive information of non-parties with redaction).

Lively is only entitled to discovery "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). And that discovery must be "'proportional to the needs of the case,' including "'whether the burden or expense of proposed discovery outweighs its likely benefit.'" *Pennolino v. C. Productions LLC*, No. 22-CV-5051 (LJL), 2023 WL 4865878, at *2 (S.D.N.Y. July 31, 2023); *Insured Advoc. Group, LLC v. Spartan Services Corp.*, No. 23-CV-07212 (LJL), 2024 WL 4827251, at *1 (S.D.N.Y. Nov. 19, 2024) ("Courts routinely deny discovery requests where the discovery sought is not plausibly related to the claims or defenses asserted."). Because of the lack of relevance and the sensitive nature of Street's business, the identities of Street's clients not connected to this litigation should not be discoverable at all. *Cf. Lively v. Wayfarer Studios LLC*, No. 24-CV-10049, 2025 WL 815364, at *3 (S.D.N.Y. Mar. 13, 2025) ("Even if the [other party] does not seek to misuse the information, it may be impossible to forget a client list or secret formula after having seen

it."); *id.* ("And where confidential information is not disclosed to the media, it may spread by gossip and innuendo to those in the tight artistic community in a position to do harm to one or the other of the parties but in a manner that might not be readily and immediately detected."). Not to mention that such disclosure could damage Street's future business because of this needless violation of trust. *See* Dkt. 118 (citing *Spencer Trask Software & Info. Servs. LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 n.1 (S.D.N.Y. 2002) (jeopardizing delicate business relations could cause irreparable harm)).

Street respectfully asks that the Court grant this letter motion and protect Street from having to disclose any name in its client base beyond those identified as parties in Lively's Complaint.

The undersigned certifies that the described conference took place. *See* Individual Rule 4.C; *see also* Ex. A (Topics Correspondence) (referencing telephonic meet and confer).

        Respectfully submitted,

        */s/ Joel R. Glover*
        Charles L. Babcock
        SDNY #5451117
        Joel R. Glover
        SDNY #5697487
        JACKSON WALKER LLP
        1401 McKinney, Suite 1900
        Houston, Texas 77010
        (713) 752-4200
        cbabcock@jw.com
        jglover@jw.com

cc: all counsel of record (via ECF)