# WILLKIE FARR & GALLAGHER LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

July 3, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1620
New York, New York 10007

> **Re:** *Lively v. Wayfarer Studios LLC et al.*, No. 24-cv-10049 (LJL); *Jones et al. v. Abel et al.*, No. 25-cv-00779 (LJL)

Dear Judge Liman:

Pursuant to Federal Rule of Civil Procedure Rule 16(b)(4) and Rule 1.C, 1.D, and 3.A of this Court's Individual Practices, Ms. Lively and the Jones Parties (Stephanie Jones and Jonesworks LLC) move to amend the Case Management Plan and Scheduling Order (the "Case Plan") to extend the close of fact discovery by six weeks (to run concurrently with expert discovery) and to set interim deadlines to facilitate completion of fact discovery (the "Proposal"). *See* Proposal, *infra* at 2. Modifying the Case Plan is necessary to allow for remaining fact discovery—i.e., completion of document production in advance of 40+ depositions—on an achievable schedule that will not delay, and instead should protect, case deadlines including the March 2026 trial date.[1]

**Background.** On June 25, counsel for Ms. Lively proposed to counsel for the Wayfarer Parties, the Wallace Parties, and Jonesworks that the parties seek to extend the close of fact discovery by a month, complete document production by July 15, and enter into a shared briefing schedule in connection with discovery. *See* Declaration of Kristin Bender ("Bender Decl.") ¶ 5, Ex. B. On June 27, the Wallace Parties and Jonesworks agreed to the proposal, leaving the Wayfarer Parties as the only parties who did not agree. *Id.* ¶ 5. On June 26, counsel for the Wayfarer Parties indicated that they would produce 100 terabytes of Film footage (amounting to roughly 50,000 hours of viewing time) to the parties. *Id.* ¶ 7. On June 27, the parties (except for counsel for the Jones Parties) convened telephonically to discuss deposition scheduling, wherein counsel for the Wayfarer Parties claimed to have limited dates of availability for their clients' depositions, without clearly explaining why their clients would supposedly be unavailable. *Id.* ¶ 10. On June 30, the Wayfarer Parties confirmed in writing that they could only offer one or two specific dates for each of their

---

[1] The initial Case Management Plan ordered by the Court sets the close of all fact discovery for August 14, 2025, with document discovery and deposition discovery both concluding on that date, and no separate schedule for briefing motions to compel. *See* ECF No. 58. This is the first request for an extension of time for the Case Management Plan. All parties except for the Wayfarer Parties have consented to at least a month extension of fact discovery. The Wallace and Wayfarer Parties did not respond to the Proposal, but as to the initial proposal, the Wayfarer Parties stated they wish to take Ms. Lively's deposition on July 17, and later advised that in their view the parties should be able to take all depositions, including two per day to finish by August 14 (but did not address the other proposed interim dates). Bender Decl. ¶¶ 6, 12. The parties' next scheduled appearance before the Court is on October 21, 2025. ECF No. 58. A proposed amended Case Management Plan reflecting adjustments is attached. *See* Ex. E.

individual clients before August 14. *Id.* ¶ 10, Ex. D. On June 30, the Wayfarer Parties began to produce the Film footage, (which Ms. Lively had been requesting be produced for weeks). *Id.* ¶ 8. On the evening of July 1, the Lively, Jones, and Wayfarer Parties made productions in connection with the Case Plan's deadline for substantial completion. *Id.* ¶ 11. The Wayfarer Parties' productions, produced just before midnight, appear deficient. For example, in the *Lively v. Wayfarer Studios* case, Ms. Abel produced only 229 documents, and Ms. Nathan and TAG each produced the exact same 81 documents. *Id.* And in the *Jones v. Abel* case, Ms. Abel produced 119 documents, Mr. Baldoni produced 98 documents, and Ms. Nathan produced 144 documents. *Id.* More importantly, Ms. Abel, Ms. Nathan and TAG failed to produce reems of responsive communications that they are known to possess, including many texts produced in response to the Vanzan subpoena. Further, Mr. Sarowitz appears to have produced only three pages of documents in total, while Wayfarer, IEWU, Heath, and Baldoni collectively produced at least 170,000 pages of documents in the Lively Action. On July 2, the Wayfarer Parties confirmed substantial completion and that not all (for Jonesworks, any) Film footage had been delivered. *Id.* ¶ 12.[2] In addition, counsel for the Wayfarer Parties neglected to send relevant productions to the Jones Parties in a timely fashion, including the aforementioned Film Footage, none of which have the Jones Parties received, and the Jones Parties have not been involved in discussions regarding coordination and scheduling of depositions. As a result, while the Jones Parties are willing to confer on a mutually acceptable schedule and deposition protocol, they have not yet agreed to or been involved in any deposition scheduling or protocol.

On July 3, in light of the volume of the party discovery, potential deficiencies in satisfaction of the substantial completion deadline, and the fact that not all parties had received productions by the deadline, Ms. Lively proposed further modifications to the Case Plan, as follows:

1. **Extend the close of fact discovery from August 14, 2025 to September 30, 2025, to run concurrently with the expert discovery schedule;**
2. **Completion of party document productions for issued RFPs by July 25;**
3. **Enter a shared briefing schedule on parties' motions to compel in connection with party document discovery: Opening on August 1 and Responses on August 8**

Bender Decl. ¶ 13, Ex. B. The Jones Parties agreed to the Proposal. The Wallace and Wayfarer Parties did not reply with any position as to the proposal as of the time of filing. *Id.* & ¶ 13.

***Good Cause Exists.*** "Good cause" exists for amending the Case Plan to add the Proposal's dates. *See* Fed. R. Civ. P. 16(b)(4); *Furry Puppet Studio Inc. v. Fall Out Boy*, No. 19-cv-2345 (LJL), 2020 WL 4978080, at *1 (S.D.N.Y. Feb. 24, 2020). Despite the Parties' progress in fact discovery,[3] the Case Plan as initially ordered on February 3, 2025, is no longer workable. With respect to document production, Ms. Lively and the Jones Parties have serious questions as to which of the Wayfarer Parties have satisfied their production obligations, as several have produced apparently

---

[2] This notwithstanding that the Wayfarer Parties have been in possession of this footage since it was created, and that Ms. Lively first requested production of it on February 20, 2025. *See* Bender Decl. ¶ 8.

[3] For example, Ms. Lively has issued over 32 sets of Requests for Production and 30 Interrogatories to the Parties, and Ms. Lively, the Wayfarer Parties, and Jonesworks have collectively issued over 1,971 Requests for Production and 150 Interrogatories. *See* Bender Decl. ¶ 11.

far less than "substantial completion" requires.[4] Notably, Mr. Sarowitz appears to have produced three pages and Ms. Nathan and TAG collectively have produced less than 300 pages whereas, by contrast, Ms. Lively has produced 4,909 documents and over 21,000 pages as a single individual, and the Jones Parties have produced 12,099 documents and over 37,000 pages. *See* Bender Decl. ¶ 11. Aside from substantial completion, the aforementioned 170,000 pages and footage, which will take days to access and process into a reviewable format and a number of weeks to review— also stands as a substantial barrier (and potentially an obstructive data dump) to conducting depositions with meaningful time to scrutinize the substance and adequacy of the productions in advance. *See id.* ¶ 7. Ms. Lively and Jonesworks had earlier understood that the Plan's July 1 date for substantial completion would be a natural transition point from document discovery to depositions, but this is no longer the case. Instead, the certainty of outstanding discovery, and related briefing on that discovery, are necessary antecedents to depositions that otherwise may need to be held open to account for unreviewed volume and late-breaking productions critical to the case's claims.

The depositions, too, are a crucial element of the parties' discovery schedule that will be given short shrift if not allotted proper time to take place after resolution and review of document productions and disputes. Ms. Lively and the Wayfarer Parties stipulated to twenty depositions per side. *See* Bender Decl. ¶ 3, Ex. A; Fed. R. Civ. P. 30(a)(2). There are serious outstanding questions as to how the depositions will operate vis a vis the Jones Parties and *Jones v. Abel*, whether as independent or extended depositions. Further, under the current Plan and based on current witness availability, completing a minimum of 40 depositions will require several sequential weeks of multiple depositions each business day, across at least California, New York, Texas, and Illinois. Exacerbating the issue, counsel for the Wayfarer Parties have provided negligible availability for their clients, apparently intending to choose their preferred order of deponents—for example, asserting that Ms. Nathan and Ms. Abel are unavailable all of July, and that Mr. Baldoni is only available two days and only *after* Mr. Heath. *See* Bender Decl. ¶ 10 & Ex. D at 1.[5] Given that the bulk of third party deponents have not confirmed availability over the summer, an August 14 close of fact discovery is, unfortunately, impractical.

Good cause further exists because amending the Case Plan would contribute to "the just, speedy, and inexpensive determination" by permitting discovery to unfold in an orderly fashion and avoiding a situation in which the parties are required to take depositions without full review of produced documents, or to re-take depositions to account for critical evidence produced after the fact. Fed. R. Civ. P. 1. As the primary parties who are bringing affirmative claims in the actions, Ms. Lively and the Jones Parties will be prejudiced by attempting to take depositions to establish claims without complete documentary evidence. Conversely, the fact that the Proposal will *not shift dates* after completion of fact discovery further ensures the cases are justly and swiftly resolved.

---

[4] *See WCA Holdings III, LLC v. Panasonic Avionics Corp.*, No. 1:20-CV-7472-GHW, 2025 WL 1434375, at *1 (S.D.N.Y. May 17, 2025) (granting in part motion to compel where Plaintiff withheld hundreds of documents past the point of "substantial[] complet[ion]"); *Sit-Up Ltd. v. IAC/InterActiveCorp.*, No. 05 CIV. 9292 (DLC), 2008 WL 463884, at *5 (S.D.N.Y. Feb. 20, 2008).
[5] *Tierney v. Omnicon Grp., Inc.*, No. 06 Civ. 14302(LTS)(THK), 2007 WL 2766680, at *3 (S.D.N.Y. Sept. 21, 2007) (acknowledging "the presumption that a party has the right to schedule adverse depositions at a time it selects, whether for strategic purposes or otherwise").

Respectfully submitted,

s/ *Michael J. Gottlieb*

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender

Willkie Farr & Gallagher
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com

Aaron E. Nathan
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

DUNN ISAACSON RHEE LLP
Meryl C. Governski *(pro hac vice)*
401 Ninth Street, NW
Washington, DC 20004
(202) 240-2900
mgovernski@dirllp.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (*pro hac vice*)
Stephanie A. Roeser (*pro hac vice*)
Manatt, Phelps & Phillips LLP
2049 Century Park East, Suite 1700
Los Angeles, California  90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

*Attorneys for Blake Lively*

*/s/ Kristin Tahler*

QUINN     EMANUEL     URQUHART     &
SULLIVAN LLP

Kristin Tahler
856 S. Figueroa Stree, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
kristintahler@quinnemanuel.com

Maaren A. Shah
Danielle Lazarus
295 5th Avenue
New York, New York 10016
(212) 849-7000
maarenshah@quinnemanuel.com
daniellelazarus@quinnemanuel.com

Nicholas Inns (*pro hac vice*)
1300 I Street NW, Suite 900
Washington, D.C. 20005
(202) 538-8000
nicholasinns@quinnemanuel.com

*Attorneys for Plaintiffs Stephanie Jones and Jonesworks, LLC*