

Kevin Fritz<br>
*Partner*<br>
Direct (212) 655-3570<br>
kaf@msf-law.com

<u>Via ECF</u>
Hon. Lewis J. Liman                                July 8, 2025
United States District Court
500 Pearl Street, Room 1620
New York, NY 10007

**Re:** *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL;
*Jones et al. v. Abel et al.*, No. 1:25-cv-00779-LJL

Dear Judge Liman:

As counsel for Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC ("TAG"), and Jennifer Abel (collectively, the "Wayfarer Parties"), we write in partial opposition to Blake Lively and the Jones Parties' (Stephanie Jones and Jonesworks LLC) motion to amend the Case Management Plan and Scheduling Order (the "Motion").[1] Last week, Ms. Lively referred to Jonesworks as a "co-conspirator" of various Wayfarer Parties. (Dkt. 383, p. 1). Ms. Lively and Ms. Jones, two alumni of the Vanzan subpoena scheme, have apparently now realigned to jointly seek to delay their respective depositions.

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." "In the context of a request for the modification of a discovery schedule, that often means a showing by the movant that 'despite due diligence, it could not have reasonably meet the scheduled deadlines.'" *Furry Puppet Studio Inc. v. Fall Out Boy*, No. 19-cv-2345, 2020 WL 4978080, at *1 (S.D.N.Y. Feb. 24, 2020) (Liman, J.) (quoting *Peterson v. Home Depot U.S.A., Inc.*, No. 11-cv-5747, 2013 WL 5502816, at *2 (S.D.N.Y. Oct. 3, 2013)). "[T] party seeking an extension should demonstrate that it exercised diligence in conducting discovery by describing what discovery it conducted in the time period originally scheduled and that there are circumstances that were not foreseen at the time of the order sought to be modified nor the party's fault that give rise to the request for the extension." *Id.*

### Ms. Lively and the Jones Parties Have Not Exercised Diligence in Conducting Discovery

Neither Ms. Lively nor the Jones Parties have been diligent in scheduling depositions. Ms. Lively has not served notices of deposition for any of the Wayfarer Parties, except for TAG and, for that one, Ms. Lively canceled TAG's deposition. (Fritz Decl. ¶ 8). Thus, the Wayfarer Parties took the initiative and proposed various dates for their own depositions. (Ex. B, p. 3). Nonetheless, Ms. Lively's counsel has not confirmed those deposition dates, has not claimed that they are unavailable to conduct the depositions on those dates, and has not proposed alternative dates. (Fritz

---

[1] Citations to "Ex." refer to the exhibits attached to the Declaration of Kevin Fritz ("Fritz Decl.") filed contemporaneously herewith.

Decl. ¶ 11). If Ms. Lively's counsel prefers other dates for the Wayfarer Parties' depositions, they should, as requested of them more than once, identify such dates, rather than uncooperatively complain that the Wayfarer Parties have not explained their unavailability on other (unspecified) dates. (Dkt. 386, p. 1). *See Gardmer-Alfred v. Federal Resrv. Bank of N.Y.*, No. 22-cv-01585, 2023 WL 2366916 (S.D.N.Y. Mar. 6, 2023) (Liman, J.) (denying motion to compel depositions where plaintiffs failed to timely serve notices of depositions). Given that Ms. Lively has failed to serve any deposition notices, she should not complain about the sequence of depositions. (Dkt. 386, p. 2). *See Davis v. City of New York*, 345 F.R.D. 275 (E.D.N.Y. 2024) (denying plaintiff's motion to compel certain deposition sequencing where plaintiff failed to timely serve deposition notices). As for Ms. Jones, she was duly served with a Notice of Deposition, claims that she is unavailable on the date noticed, and refused to provide an alternative date. (Fritz Decl. ¶ 7). Nonetheless, because Ms. Lively and the Jones Parties' obstructive tactics have made the existing deadline for the completion of depositions (August 14, 2025) untenable, *the Wayfarer Parties have no objection to an extension of such deadline to September 30, 2025*.

With respect to *outstanding* requests for production and interrogatories, the parties should respond and/or object thereto. However, the Wayfarer Parties object to an extension of the document production deadline to July 25, 2025. The crux of the Motion is that an extension of the fact discovery deadline in the Case Management Plan and Scheduling Order (the "Case Plan") is needed because Ms. Lively and the Jones Parties only recently received footage of *It Ends With Us* (the "Film") (which, notably, Ms. Lively credits herself as having edited and thus reviewed). Ms. Lively herself acknowledges that she requested the footage on February 20, 2025 (Dkt. 387, ¶ 8), which was (a) over three months ago and (b) weeks after she knew, from the Case Plan, that fact discovery and depositions were to be completed by August 14, 2025. (Dkt. 58, p. 2). Neither Ms. Lively nor the Jones Parties moved to compel the production of the Film footage by a date prior to the Case Plan's July 1, 2025 deadline for substantial completion of document production. (Fritz Decl. ¶ 23). Hence, they apparently anticipated their purported need for the footage but failed to compel an early production thereof.

There is no prejudice to Ms. Lively in receiving the footage in the weeks before, or even after, her deposition. The footage is recordings of incidents where either (a) Ms. Lively herself was present (and thus she does not need the video to present her case); or (b) she was not present and therefore such footage is irrelevant. Indeed, and although they have not done so, the Wayfarer Parties would be justified in withholding the footage until after Ms. Lively's deposition so that she cannot improperly tailor her deposition testimony to conform thereto. *See Ampong v. Costco Wholesale Corp.*, 550 F.Supp.3d 136, 140 (S.D.N.Y. 2021) (granting protective order delaying production of surveillance video until after plaintiff was deposed about the alleged incident); *Poppo v. Aon Risk Servs.*, No. 00-cv-04165, 2000 WL 1800746, at *1 (S.D.N.Y. Dec. 6, 2000) (collecting cases and stating, "Second Circuit courts have delayed the production of audio or video tapes prior to one or more depositions in order to prevent the defendant or its witnesses from tailoring their testimony to conform with their prior recorded statements or actions.").

Regardless of Ms. Lively's motivation for wanting the Film footage, she admits she largely has it. (Dkt. 386, p. 1). Citing unidentified "public sources" (instead of someone with actual knowledge), Ms. Lively's counsel claims that the Film's footage "could amount to roughly 50,000 hours of video." (Dkt. 387, ¶ 7). The Court can take judicial notice that 50,000 hours is over 2,083 days and *more than five-and-a-half years*. We understand that the footage consists of *less than 150 hours*.

(Fritz Decl. ¶ 19). Not only does Ms. Lively have plenty of time to review the footage prior to her July 17, 2025 deposition, she is already very familiar with it *because she edited it*. (Dkt. 84, ¶ 200). Editing entails watching and rewatching multiple "takes" of the same scenes, discerning which takes and scenes to use, noting time stamps, creating different versions with different music, colors, and sounds, etc., and, as the lead actress, Ms. Lively memorized the script and performed in all relevant footage.

As for the Jones Parties, it is unclear what relevance the Film footage has to their claims for breaches of contract (concerning public relations services) or the defenses thereto. *See Recoup LLC v. Outliers Inc.*, No. 24-cv-01810, 2024 WL 4467540 (S.D.N.Y. Oct. 10, 2024) (Liman, J.) (denying motion to stay where defendant "offered no good cause for why the depositions of the three non-parties cannot go forward").

In addition, Ms. Lively and the Jones Parties meagerly complain that the Wayfarer Parties' recent document production "appear[s]" deficient or has "potential" deficiencies. No details are provided in terms of which specific document requests are at issue, except for documents Ms. Lively and the Jones Parties (a) allege are missing from the productions of Ms. Abel, Ms. Nathan and TAG, and (b) acknowledge they already possess through the (underhanded) Vanzan subpoena. (Dkt. 386, p. 2). Notably, Ms. Lively and the Jones Parties have *not* attempted to meet and confer (in good faith or otherwise) with the Wayfarer Parties, as required by Rule 4(C) of the Individual Practices, concerning any purported deficiencies in the Wayfarer Parties' recent document production. (Fritz Decl. ¶ 17). The Motion should be denied for that reason alone.

**The Proposal is Untenable**

The Proposal further requests that the Court abandon its own discovery dispute procedures set forth in the Individual Practices, which all parties have efficiently used, in favor of a "briefing schedule" starting on August 1, 2025. (Dkt. 387-5). In other words, the Motion suggests that, for the entire month of July, the parties do nothing except tee up discovery motions, regardless of whether those motions are even necessary or will ever be filed. That course of conduct will inevitably lead to the refusal to schedule, or continual adjournment of, depositions in July and August 2025. If there is a discovery dispute that cannot be resolved by meeting and conferring, the parties should utilize the Individual Practices to adjudicate them.

Accordingly, the Motion should be denied, except to the extent that it seeks to extend the deposition deadline to September 30, 2025. *See Furry Puppet*, 2020 WL 4978080 (denying application to extend discovery deadlines); *Rouviere v. DePuy Orthopedics, Inc.*, 560 F.Supp.3d 774 (S.D.N.Y. 2021) (Liman, J.) (overruling objections to Magistrate Judge's refusal to extend expert discovery deadline where plaintiff failed to show good cause for request).

Hon. Lewis J. Liman<br>
Page 4<br>
July 8, 2025

Respectfully submitted,

/s/ *Kevin Fritz*
MEISTER SEELIG & FEIN PLLC
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
       kaf@msf-law.com

LINER FREEDMAN TAITELMAN + COOLEY, LLP
Bryan J. Freedman (*pro hac vice*)
Ellyn S. Garofalo (*pro hac vice*)
Miles M. Cooley (*pro hac vice*)
Theresa M Troupson (*pro hac vice*)
Summer Benson (*pro hac vice*)
Jason Sunshine
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
       egarofalo@lftcllp.com
       mcooley@lftcllp.com
       ttroupson@lftcllp.com
       sbenson@lftcllp.com
       jsunshine@lftcllp.com

Mitra Ahouraian (*pro hac vice*)
2029 Century Park East
4th Floor
Los Angeles, CA 90067
(310) 376-7878
Email: mitra@ahouraianlaw.com

cc: all counsel of record (via ECF)