UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>                     Plaintiff,<br><br>v.<br><br>WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, THE AGENCY GROUP PR LLC, JENNIFER ABEL, JED WALLACE, and STREET RELATIONS INC.,<br><br>                     Defendants. | Civ. Action No. 1:24-cv-10049-LJL<br>(Consolidated for pretrial purposes with 1:25-cv-00449-LJL)<br>rel. 1:25-cv-00779-LJL<br><br>**DECLARATION OF KEVIN FRITZ IN PARTIAL OPPOSITION TO MOTION TO AMEND CASE MANAGEMENT PLAN AND SCHEDULING ORDER** |
| JENNIFER ABEL,<br><br>                     Third-Party Plaintiff,<br><br>v.<br><br>JONESWORKS LLC,<br><br>                     Third-Party Defendant. | |
| WAYFARER STUDIOS LLC,<br>JUSTIN BALDONI, JAMEY HEATH, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, JENNIFER ABEL, and STEVE SAROWITZ,<br><br>                     Plaintiffs,<br><br>v.<br><br>BLAKE LIVELY, RYAN REYNOLDS, LESLIE SLOANE, VISION PR, INC., and THE NEW YORK TIMES COMPANY,<br><br>                     Defendants. | |

1

I, Kevin Fritz, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a partner of Meister Seelig & Fein PLLC, attorneys for Wayfarer Studios LLC ("Wayfarer"), Justin Baldoni, Jamey Heath, It Ends With Us Movie LLC ("IEWU"), Melissa Nathan, Jennifer Abel, The Agency Group PR LLC ("TAG") and Steve Sarowitz (collectively, the "Wayfarer Parties") in the above-captioned matter.

2. I submit this declaration in partial opposition to Blake Lively and the Jones Parties' (Stephanie Jones and Jonesworks LLC) motion to amend the Case Management Plan and Scheduling Order (the "Case Plan") to extend the fact discovery deadline (the "Motion").

3. On June 4, 2025, the Wayfarer Parties duly served a Notice of Deposition upon Ms. Lively, which noticed her deposition for June 23, 2025. A true and correct copy of the Notice of Deposition is attached as **Exhibit A**.

4. During a telephonic meet and confer, and subsequently in writing, Ms. Lively's counsel requested that the Wayfarer Parties adjourn Ms. Lively's deposition from June 23, 2025 to July 17, 2025. (Ex. B, p. 12). The Wayfarer Parties agreed. (*Id.*, p. 11). A true and correct copy of an email chain spanning June 11, 2025 through July 2, 2025 between counsel, which reflects the Wayfarer Parties' attempt to schedule depositions, is attached as **Exhibit B**.

5. On June 17, 2025, Wayfarer Parties duly served a Notice of Deposition upon Ms. Lively, which noticed her deposition for July 17, 2025 (*the date that her counsel proposed*). A true and correct copy of the Notice of Deposition is attached as **Exhibit C**.

6. On June 17, 2025, Wayfarer duly served a Notice of Deposition upon Ms. Jones, which noticed her deposition for July 22, 2025. A true and correct copy of the Notice of Deposition is attached as **Exhibit D**.

7. Thereafter, the Jones Parties' counsel claimed that they "are not available to conduct Ms. Jones' deposition on July 22." (Ex. B, p. 1). In response, I asked the Jones Parties' counsel to advise counsel as to when Ms. Jones is available for her deposition. (*Id.*). Counsel for the Jones Parties has failed to propose an alternative date for Ms. Jones' deposition.

8. ***Meanwhile, Ms. Lively has not served notices of deposition for any of the Wayfarer Parties***, except for TAG and, for that one, Ms. Lively canceled TAG's deposition. The Jones Parties have not served any notices of deposition for any of the Wayfarer Parties.

9. On June 24, 2025, the Wayfarer Parties proposed various dates for the depositions of Messrs. Baldoni and Heath. (Ex. B, p. 3).

10. On June 30, 3025, the Wayfarer Parties proposed various dates for the depositions of Ms. Nathan, Ms. Abel and Mr. Sarowitz. (*Id.*).

11. ***Ms. Lively has refused to schedule the depositions of the Wayfarer Parties***. Ms. Lively's counsel has *not* claimed that it is unavailable to depose the Wayfarer Parties on the dates proposed by counsel. Ms. Lively's counsel has *not* proposed alternative dates upon which to depose the Wayfarer Parties.

12. Instead, Ms. Lively's counsel alleges they "are in the middle of noticing and scheduling additional third parties" for depositions. (*Id.*, p. 2). In other words, rather than scheduling the depositions of the Wayfarer Parties, Ms. Lively's counsel is busy (allegedly) subpoenaing various non-party content creators.[1]

13. On July 2, 2025, and in accordance with Rule 4(C) of the Individual Practices, I met and conferred telephonically with counsel for Ms. Lively and for the Jones Parties about Ms. Lively's request to extend the fact discovery deadline.

---

[1] [More Celebrities Caught in the Crossfire of Blake Lively's Legal Battle](#)

3

14. During that call, and to foster the parties' completion of fact discovery within the time set forth in the Case Plan, I suggested that the parties: (a) agree that deposition transcripts from the *Lively* case can be used in the *Jones* case (and vice-versa); (b) agree to an extension of the 7-hour limit on depositions given that depositions will be used for both cases; and (c) if necessary, consider conducting two depositions on the same day (on both coasts, for instance), given the size and/or number of law firms representing each of the parties.[2] Neither counsel for Ms. Lively nor counsel for the Jones Parties objected to those proposals or explained why they were unachievable.

15. Ms. Lively and the Jones Parties' refusal to timely and properly schedule depositions has made the current deadline for the completion of depositions untenable (August 14, 2025), and therefore the Wayfarer Parties do not oppose the Motion *to the extent it seeks an extension of such deadline to September 30, 2025* (as proposed by the Motion).

16. However, the Motion contains no legitimate basis to extend the deadline for document production to July 25, 2025. If requests for production or interrogatories have heretofore been timely served, the receiving party should respond timely and/or object thereto, as appropriate.

17. To the extent that Ms. Lively and/or the Jones Parties alleges that the Wayfarer Parties' recent document production is deficient (Dkt. 387, ¶ 11), Ms. Lively and the Jones Parties have *not* attempted to meet and confer (in good faith or otherwise) with the Wayfarer Parties, as required by Rule 4(C) of the Individual Practices. The Wayfarer Parties remain ready, willing and able to resolve any purported issues with their document production.

---

[2] According to its website, Ms. Lively's counsel Willie Farr& Gallagher LLP has "a coast-to-coast U.S. presence" and 1,200 lawyers. See *About Us | Willkie Farr & Gallagher LLP*. As for Ms. Lively's other counsel, Manatt, Phelps & Phillips, LLP, its website states that it is a "national professional services firm" with 450 professionals. See *About Manatt - Manatt, Phelps & Phillips, LLP*.

18.     The excuse manufactured by Ms. Lively and Ms. Jones for refusing to proceed with depositions is that they need time to review footage of *It Ends With Us* (the "Film"). Citing unidentified "public sources" (instead of someone with actual knowledge), Ms. Lively's counsel claims that the Film's footage "could amount to roughly 50,000 hours of video." (Dkt. 387, ¶ 7). The Court can take judicial notice that 50,000 hours is over 2,083 days and *more than five-and-a-half years*.

19.     I am informed by the Film's production personnel that the footage consists of *less than 150 hours*.

20.     I am informed that filming took place from May 15, 2023 through June 9, 2023, and then from January 5, 2024 through February 7, 2024, for a total of 37 days, 32 of which Ms. Lively participated in.

21.     In any event, Ms. Lively does not need to review the Film footage prior to her deposition because she presumably knows when and how she was purportedly subjected to sexual harassment during filming and, in fact, sets forth those alleged instances in her detailed Amended Complaint. (Dkt. 84, ¶¶ 79 – 91). For good measure, it is undisputed that Ms. Lively has seen the footage because *she edited it*. (Dkt. 84, ¶ 200).

22.     As for the Jones Parties, it is unclear what relevance the Film footage has to their claims for breaches of contract (concerning public relations services) or the defenses thereto.

23.     Neither Ms. Lively nor the Jones Parties moved to compel the production of the Film footage by a date prior to the Case Plan's July 1, 2025 deadline for substantial completion of document production. The balance of the footage is expected to be delivered to opposing counsel this week.

24. Lastly, the Wayfarer Parties object to the portion of the Motion that requests that the parties "enter into a shared briefing schedule" on unknown motions to compel document discovery. The Court's Individual Practices has procedures for resolving discovery disputes, the parties have made frequent use thereof, and the Court has efficiently resolved such disputes. The Motion does not explain, for instance, if a discovery dispute exists now, why the parties would waste several weeks, until August 1, 2025, to first bring the dispute to the Court's attention. Furthermore, prohibiting the parties from continuing to utilize the Individual Practices for the remainder of July will inhibit, and not accelerate, the scheduling of depositions in the interim.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, NY  
July 8, 2025

By:  /s/ Kevin Fritz  
     KEVIN FRITZ