**WILLKIE FARR & GALLAGHER** LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

July 9, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Lively v. Wayfarer Studios LLC et al.*, No. 24-cv-10049 (LJL); *Jones et al. v. Abel et al.*, No. 25-cv-00779 (LJL)

Dear Judge Liman:

Plaintiff Blake Lively respectfully submits this reply in further support of the Joint Motion to Amend the Case Management Plan and Scheduling Order (the "Case Plan"), ECF No. 386 (the "Motion"). As an initial matter, the Wayfarer Parties have agreed to extend the deadline for the completion of depositions from August 14, 2025 to September 30, 2025, which would have obviated the need for the bulk of the Motion and Opposition had the Wayfarer Parties simply conferred in good faith on the matter.

Notwithstanding this agreement, the Wayfarer Parties have filed an Opposition in order to assert baseless, false, and irrelevant accusations about Ms. Lively, such as that Ms. Lively has failed to diligently engage in discovery and seeks to unnecessarily delay her July 17 deposition. This false claim just so happens to parrot the sanctionable narrative spun by Wayfarer's lead counsel, Bryan Freeman, for months—namely, that Ms. Lively is hiding the truth and afraid of being deposed.[1] To be clear, all of this is categorically false. Not only has Ms. Lively repeatedly stated that she intends to move forward with her deposition on July 17, it is actually *the Wayfarer Parties* who, just hours after submitting their Opposition yesterday, sought to take that deposition off the calendar—relying upon a brazen

---

[1] *See* TMZ, *Baldoni Lawyer Bryan Freedman Rips Blake Lively . . . She's on a False Victory Tour*, TMZ (June 10, 2024, 2:46 PM), https://www.tmz.com/2025/06/10/justin-baldoni-lawyer-bryan-freedman-rips-blake-lively-false-victory-tour/ ("She's afraid of the truth, and the truth is, you know, going to be shown through depositions, which is going to be next. I've noticed her deposition; it's set in June. We're going to see if she appears at that deposition or not. . . . I want to see if she shows up.")

misrepresentation that they were responding to a "request" that Ms. Lively never made.[2] *See* **Ex. A**.[3] The reality, contrary to the Wayfarer Parties' alternative facts, is that Ms. Lively is ready and eager to sit for her deposition on July 17, which is why (unlike the majority of the Wayfarer Parties) she substantially completed her document production well in advance of the deposition date.

The same cannot be said for the Wayfarer Parties. Ms. Lively has made painstaking efforts to diligently engage in discovery in this case, as evidenced by her fulsome productions to date and her multiple motions to compel the Wayfarer Parties and third parties represented by Wayfarer counsel to disclose even the most basic documents in response to discovery. *See, e.g.*, ECF Nos. 200, 203, 228, 295, 321. At each turn, the Wayfarer Parties have refused to produce key documents and have taken obstructive and unreasonable positions. And even in the face of a Court-ordered deadline to complete substantial document productions by July 1, the Wayfarer Parties' productions remain materially incomplete. To date, the Wayfarer Parties have failed to even produce all communications contained within their First Amended Complaint and Exhibit A. For his part, Mr. Sarowitz has produced **only two documents**, a production that is indisputably deficient given that he is Wayfarer's co-founder, co-chairman, and leading financier not just of the studio and Film, but of this litigation as well. *See* ECF No. 84, ¶ 26. The productions by Mr. Heath, Mr. Baldoni, Ms. Abel, Ms. Nathan, and TAG are similarly deficient. Mr. Heath and Mr. Baldoni produced only limited text messages. And Ms. Nathan, TAG, and Ms. Abel failed to produce texts that Ms. Lively knows to be in their possession and which are directly responsive to pending requests (including, for example, communications about Mr. Wallace and being able to "bury anyone"). Further, while Ms. Lively intends to meet and confer with the Wayfarer Parties about these deficiencies before seeking formal judicial intervention, Ms. Lively has recently learned that the "150 hours" of Film footage produced by the Wayfarer Parties is materially defective. The video files were produced without embedded audio, meaning that while Film footage can be reviewed, it can only be reviewed without audio—thereby rendering the production of that footage incomplete and unusable for any substantive purpose. Notwithstanding these clear deficiencies, Ms. Lively has arranged her calendar (as well as the calendars of her counsel) in order to sit for her deposition on July 17.

Rather than address these glaring discovery shortcomings, the Wayfarer Parties instead try to pass blame to Ms. Lively for somehow failing to exercise diligence in conducting discovery and scheduling depositions. But this argument is belied by the factual record—including the many motions to compel filed by Ms. Lively, which have been prerequisites for Ms. Lively to be able to determine which of the voluminous third parties in this case should sit for depositions.[4] In any event, fact discovery remains open and Ms. Lively has actively worked to obtain key discovery and coordinate depositions—efforts which have been largely impeded by the Wayfarer Parties. Indeed, the only reason formal notices have not been served is because the Wayfarer Parties have failed to

---

[2] In that same correspondence, the Wayfarer Parties also refused to agree that Ms. Lively's deposition be held at her counsel's office to ensure that appropriate security measures could be in place under the supervision of her counsel. This is particularly concerning given the high-profile nature of this case, the substantial public and media interest, Ms. Lively's right to personal safety and the protections of the Court's Protective Order, especially in light of Mr. Freedman's previous threats to "live stream" and "sell tickets to" Ms. Lively's deposition, as well as recent allegations, detailed in recent filings in Los Angeles Superior Court, of unprofessional and physically aggressive deposition tactics by Mr. Freedman. *See* **Ex. B**.

[3] Cites to "Ex." refer to the exhibits attached to the Declaration of Kristin E. Bender, filed contemporaneously herewith.

[4] The Wayfarer Parties' reliance upon this Court's decision in *Gardner-Alfred v. Federal Reserve Bank of N.Y.*, 2023 WL 2366916 (S.D.N.Y. Mar. 6, 2023), in which the plaintiff waited until *after the close of fact discovery* to notice depositions, is of no moment since fact discovery remains open and Ms. Lively intends to diligently notice her depositions.

produce key documents and offered only minimal availability, while mandating a particular sequencing of witnesses. That is not a failure of diligence. It is a measured, appropriate effort to coordinate depositions fairly and efficiently.

However, given the Wayfarer Parties' continued discovery woes, the Case Plan must be amended to extend the time for depositions and to order the completion of party document productions by July 25. The Wayfarer Parties' attempt to cast this request as "delay" mischaracterizes the request. Ms. Lively seeks to require all parties to complete document productions by July 25 to ensure that all parties can appropriately prepare for and timely complete depositions–not to extend any existing deadline. Her request to establish a briefing schedule for inevitable further motions to compel, including with regard to answers posed during the depositions of the Wayfarer Parties, supports this same goal. The Wayfarer Parties' suggestion that Ms. Lively hopes to "tee up discovery motions, regardless of whether those motions are even necessary" for the "entire month of July" could not be further from the truth. Ms. Lively simply seeks to establish an efficient schedule to address the obvious deficiencies in the Wayfarer Parties' document productions and to avoid any party having to complete depositions with insufficient information and documents. Ms. Lively is looking forward to proceeding with the depositions of the Wayfarer Parties, but should not be forced to complete depositions without the benefit of a substantially complete record.

Given the Wayfarer Parties' agreement that the time for depositions should be extended from August 14 to September 30, Ms. Lively respectfully submits that the Court should modify the deadlines by which all parties must *complete* their document productions, as well as establish a schedule for briefing the sufficiency of those productions. Such deadlines will be to the benefit all parties, who will have complete productions in advance of key depositions, and can avoid the burden of multiple, competing motions to compel before this Court. And, because the Wayfarer Parties do not claim prejudice due to the proposed production and briefing dates, which would keep the current summary judgment and trial deadlines intact, the Court should grant the Motion.

Respectfully submitted,

/s/ *Michael J. Gottlieb*

Michael J. Gottlieb
Kristin E. Bender
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com

Aaron E. Nathan
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019

(212) 728-8000
anathan@willkie.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (*pro hac vice*)
Stephanie A. Roeser (*pro hac vice*)
Manatt, Phelps & Phillips LLP
2049 Century Park East, Suite 1700
Los Angeles, California 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
Manatt, Phelps & Phillips, LLP
7 Times Sq.
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

DUNN ISAACSON RHEE LLP
Meryl C. Governski (*pro hac vice*)
401 Ninth Street, NW
Washington, DC 20004
(202) 240-2900
mgovernski@dirllp.com

*Attorneys for Blake Lively*