# EXHIBIT B

1    BRIAN L. WILLIAMS, State Bar No. 227948
      *BWilliams@GGTrialLaw.com*
2    JEMMA E. DUNN, State Bar No. 258454
      *JDunn@GGTrialLaw.com*
3    MATTHEW T. HALE, State Bar No. 303826
      *MHale@GGTrialLaw.com*
4    GREENBERG GROSS LLP
     601 S. Figueroa Street, 30th Floor
5    Los Angeles, California 90017
     Telephone: (213) 334-7000
6    Facsimile: (213) 334-7001

7    Attorneys for Plaintiff Asta Jonasson

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/26/2025 9:59 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Tarasyuk, Deputy Clerk

8

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

## FOR THE COUNTY OF LOS ANGELES

10

| | |
|---|---|
| ASTA JONASSON, an individual, | Case No. 23STCV31143 |
| Plaintiff, | Assigned for All Purposes to:<br>Hon. Daniel M. Crowley, Dept. 71 |
| v. | **PLAINTIFF ASTA JONASSON'S NOTICE OF APPLICATION AND APPLICATION TO (1) COMPEL THE DEPOSITION OF DEFENDANT VIN DIESEL AND SANCTIONS OR (2) ALTERNATIVELY SHORTEN TIME REGARDING A NOTICED MOTION FOR THE SAME RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| VIN DIESEL (f/k/a Mark Sinclair Vincent), an individual; SAMANTHA VINCENT, an individual; ONE RACE PRODUCTIONS, INC., a California corporation; ONE RACE FILMS, INC., a California corporation; and DOES 1 to 20, inclusive, | |
| Defendants. | Date:      June 26, 2025<br>Time:     8:30 a.m.<br>Dept.:     71 |
| | Action Filed:      December 21, 2023<br>Trial Date:         August 18, 2025 |
| | [*Filed Concurrently with Declaration of Matthew T. Hale; [Proposed] Order*] |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 26, 2025, at 8:30 a.m., in Department 71 of Stanley Mosk Courthouse at 111 N. Hill Street, Los Angeles, California 90012, or as soon thereafter as the matter can be heard, plaintiff Asta Jonasson will and hereby does apply to the Court for an order compelling Defendant Vin Diesel to appear for his deposition and for Defendant Vin Diesel and his counsel, Liner Freedman Taitelman + Cooley to pay sanctions in the amount of $5,330.07, which is the amount reasonably incurred in connection with these proceedings. In the alternative, Plaintiff seeks an Order Shortening Time Regarding the Notice of a Motion for the Same Relief Pursuant to *Code of Civ. Proc.*, § 1005(b). A copy of Plaintiff's Motion to Compel the Deposition, set for hearing on August 11, 2025, to be filed contemporaneously with this application, is attached as Exhibit 13 to the Declaration of Matthew T. Hale. (Hale Decl., ¶ 23, Exh. 13.)

Good cause exists for the above relief for the following reasons:

1.  Defendant Vin Diesel has failed to appear for his properly noticed deposition scheduled for June 24-25, 2025, despite previously confirming his availability and the parties' agreement on the date and time, constituting a failure to submit to an authorized method of discovery in violation of Code of Civil Procedure section 2025.450(a).

2.  With fact discovery closing on July 18, 2025, and trial set for August 18, 2025, Defendant's continued evasion through meritless objections and last-minute unavailability claims threatens irreparable prejudice to Plaintiff's ability to obtain essential testimony from the primary defendant needed to prosecute her sexual assault and wrongful termination claims at trial.

3.  Defendant and his counsel have engaged in willful misuse of the discovery process through unmeritorious objections, obstructionist tactics, and unprofessional conduct, warranting the imposition of monetary sanctions under Code of Civil Procedure sections 2023.030(a), 2023.010(d), and 2023.010(e).

///
///

1         This application will be based on Code of Civil Procedure sections 2025.450(a), 2017.010,

2    2023.030(a), 2023.010(d), and 2023.010(e), the following Memorandum of Points and Authorities,

3    Declaration of Matthew T. Hale, and exhibits filed along with these papers, and other evidence to

4    be presented at the hearing on this motion.

5

6    DATED:  June 25, 2025                    GREENBERG GROSS LLP

7

8                                                        By:   */s/ Matthew T. Hale*

9                                                              Brian L. Williams

                                                             Jemma E. Dunn

10                                                            Matthew T. Hale

                                                             Attorneys for Plaintiff Asta Jonasson

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

This case arises from Plaintiff Asta Jonasson's allegations that Defendant Vin Diesel sexually assaulted her in September 2010 while she was working as his assistant during the production of "Fast Five," and that she was terminated the following day in retaliation for resisting the assault. Empowered by recent legislative changes, Plaintiff filed this lawsuit on December 21, 2023, seeking legal relief for the alleged sexual assault and wrongful termination under Code of Civil Procedure, § 340.16.

Defendant Vin Diesel has systematically evaded deposition for over a year through meritless objections and last-minute unavailability claims, despite previously confirming his availability for June 24-25, 2025. With fact discovery closing on July 18, 2025, and trial set for August 18, 2025, Defendant's obstructionist tactics—including his counsel's unprofessional conduct involving profanity and physical threats during counsels' meet and confer session—threaten to deny Plaintiff the essential testimony of the primary defendant needed to prosecute her claims at trial.

Plaintiff respectfully requests that this Court grant this *ex parte* application to compel Defendant Vin Diesel's deposition before the discovery cutoff, impose monetary sanctions in the amount of $5,330.07 against Defendant and his counsel for their willful abuse of the discovery process, and provide such other relief as the Court deems just and proper to prevent irreparable prejudice to Plaintiff's ability to present her case at trial.

### II.  FACTUAL BACKGROUND

#### A.  Defendant Vin Diesel's Testimony is Essential to the Prosecution of Plaintiff's Matter

In September 2010, Plaintiff Asta Jonasson was hired by Defendants as an assistant working directly for Defendant Vin Diesel during the production of "Fast Five." (Compl., p. 2, ¶ 1.) Shortly after beginning her employment, on or about September 10, 2010, Plaintiff alleges that Defendant Diesel sexually assaulted her in his hotel suite at the St. Regis Hotel in Atlanta, Georgia. (Compl., p. 10, ¶¶ 29-30.) The following day, on or about September 11, 2010, Plaintiff was terminated from her position when Samantha Vincent, President of One Race and Defendant Diesel's sister, called

1    Plaintiff and stated that One Race no longer needed "any extra help." (Compl., p. 11, ¶ 32.)

2        For years following the alleged incident, Plaintiff remained silent about the sexual assault.

3 She was afraid to speak out against a high-profile actor, concerned about being ostracized from the

4 industry, and worried that as a green card holder, speaking out could jeopardize her potential future

5 citizenship. (Compl., p. 3, ¶ 7.) Additionally, One Race required all employees to sign non-

6 disclosure agreements, further limiting Plaintiff's ability to discuss matters related to her

7 employment and Defendant Diesel. (Compl., p. 3, ¶ 7.)

8        Recently empowered by the #MeToo and Time's Up movements, and with the protection of

9 the Speak Out Act and the revival of her claims under California Assembly Bill 2777 (AB 2777),

10 Plaintiff is now seeking legal relief for the alleged sexual assault and subsequent termination of her

11 employment. (Compl., p. 4, ¶ 7.)

12        This lawsuit was filed on December 21, 2023, pursuant to Code of Civil Procedure § 340.16,

13 as amended by Assembly Bill 2777. Trial in this matter is scheduled for August 18, 2025.

14        **B.**     <u>**Defendant Vin Diesel Has Repeatedly Evaded Deposition Despite Multiple**</u>

15             <u>**Notices and Good Faith Efforts To Accommodate His Schedule.**</u>

16        Plaintiff Asta Jonasson first noticed Defendant Vin Diesel's deposition for May 7, 2024.

17 (See Declaration of Matthew T. Hale ("Hale Decl."), ¶ 2, Exh. 1.) On May 1, 2024, Defendant

18 served his objection to the notice of deposition, indicating in part that neither he nor his counsel

19 were available on that date. (Hale Decl., ¶ 3, Exh. 2.)

20        On April 7, 2025, Plaintiff again noticed Mr. Diesel's deposition, this time for April 29,

21 2025. (Hale Decl., ¶ 4, Exh. 3.) Plaintiff accompanied the notice of deposition with a letter

22 requesting alternative dates if April 29, 2025 did not work for Mr. Diesel or his attorneys. (Hale

23 Decl., ¶ 5, Exh. 4.) No response was received to that letter until Mr. Diesel's objections to the

24 deposition notice were served via overnight mail on April 24, 2025. (Hale Decl., ¶ 6, Exh. 5.)

25        Thereafter, Plaintiff sent a letter to Mr. Diesel's counsel to meet and confer regarding the

26 objections to Mr. Diesel's deposition notice. (Hale Decl., ¶ 7, Exh. 6.) This letter addressed Mr.

27 Diesel's objections in detail, each of which was unmeritorious. Following discussion on this letter,

28 counsel for Defendant Vin Diesel confirmed that he would appear for his deposition in person on

June 24 and June 25. (Hale Decl., ¶ 8, Exh. 7.) On May 13, 2025, Plaintiff's counsel emailed counsel for Defendant confirming that the deposition would be held at Plaintiff's office in downtown Los Angeles and to inform Plaintiff's counsel immediately if this was an issue. (Hale Decl., ¶ 9, Exh. 8.) That same date, May 13, 2025, Plaintiff served the notice of deposition of Defendant Vin Diesel to be conducted at Plaintiff counsel's Los Angeles office for June 24 and June 25.  (Hale Decl., ¶ 10, Exh. 9.)

**C.** **Defendant Vin Diesel Served Nearly Identical Objections Just Four Days Before His Scheduled Deposition Despite Previously Confirming His Availability.**

On June 20, 2025, counsel for Defendant Vin Diesel served via personal service its objections to Plaintiff's deposition notice, served on May 13, 2025. (Hale Decl., ¶ 11, Exh. 10.) This objection document closely resembled the prior objection document from April 2025, including five of the same eight objections. (See Hale Decl. ¶ 6, Exh. 5.) The unique objections related to Vin Diesel's unavailability, the scope of the deposition, and alleged inadequacies of Plaintiff counsel's office to "protect Defendant's personal safety and privacy." (*Ibid*.) Plaintiff's counsel had previously conducted in-person depositions in this matter at Plaintiff counsel's Los Angeles office on May 28, 2025 and June 19, 2025. (Hale Decl., ¶ 12.)

That same day, June 20, 2025, Plaintiff's counsel responded via email, meeting and conferring regarding each objection and requesting alternative dates before the fact discovery cutoff (July 18, 2025), given Vin Diesel's asserted unavailability. (Hale Decl., ¶ 13, Exh. 11.)

**D.** **Defendant's Counsel Engaged In Obstructionist Tactics, Including Physical Threats And Profanity, While Refusing To Provide Any Legitimate Reason For Vin Diesel's Last-Minute Unavailability.**

Plaintiff's counsel was scheduled to take the in-person deposition of third party witness Valentino Morales on June 23, 2025. (Hale Decl., ¶ 14.) The morning of this deposition, counsel for Defendant Vin Diesel asserted that they disagreed with Plaintiff counsel's position regarding Vin Diesel's objections to his duly noticed deposition and would meet and confer in person, later that day, on June 23, 2025. (Hale Decl., ¶ 15, Exh. 12.)

Counsel for Defendants, Sean Hardy and Bryan Freedman, appeared with the third party

deponent on June 23, 2025. (Hale Decl., ¶ 16.) Prior to the deposition, Plaintiff's counsel Matthew Hale requested to meet and confer about the objections to the deposition of Vin Diesel in a separate room. (*Ibid*.) Mr. Hale and Mr. Hardy began to discuss the assertion that Mr. Diesel was suddenly unavailable for his deposition. (*Ibid*.) Mr. Hale requested to know why Mr. Diesel was suddenly unavailable, and Mr. Hardy refused to provide a reason. (*Ibid*.)

During this back and forth, Mr. Freedman entered the room. (Hale Decl., ¶ 17.) Mr. Hale again requested to know why Mr. Diesel was unavailable to determine if this was a true emergency or a simple failure to appear for his deposition, for which availability had been cleared over a month prior, as it would be important for the purposes of any motion to compel that may need to be filed. (*Ibid*.) Counsel for Defendant continued to refuse to provide any explanation. (*Ibid*.) Mr. Freedman interjected and told Mr. Hale to just file his motion and called Mr. Hale, a "moron" and cursed while doing so. (*Ibid*.) Mr. Hale began to write down the language on note paper, specifically stating that he would be including these insults in his declaration to any Motion and requesting to have a professional and substantive meet and confer. (*Ibid*.) Mr. Freedman then threatened Mr. Hale with malicious prosecution and called him a "piece of shit." (*Ibid*.) At no time did Mr. Hale exchange any insult with Mr. Freedman, raise his voice, or provoke any physical contact. (*Ibid*.) Shortly thereafter, Mr. Freedman got up from his chair, rushed to stand directly in front of Mr. Hale, mere inches away from him, causing Mr. Freedman's face to be directly in front of that of Mr. Hale. (*Ibid*.) Mr. Freedman then called Mr. Hale a "pussy" and swung his fist at Mr. Hale's face, stopping directly in front of his face, without making contact. (*Ibid*.) Shocked, Mr. Hale nonetheless remained composed and attempted to address Mr. Hardy behind Mr. Freedman, in hopes that counsel could get the meet and confer discussion back on track. (*Ibid*.) At some point shortly thereafter, Mr. Freedman left the room, and Mr. Hale and Mr. Hardy conducted the meet and confer session, both then and after the deposition concluded later that day. (*Ibid*.)

Given Mr. Diesel's asserted objection regarding the lack of security and privacy at Plaintiff's counsel's office, Mr. Hale requested to know what was deficient about their security and/or privacy. (Hale Decl., ¶ 18.) Mr. Hardy indicated that Mr. Diesel had a medical condition and that he needed to be able to quickly leave the deposition for his security, including in relation to death threats,

1  without having to go down thirty floors and obtain his vehicle from an underground parking lot.

2  (*Ibid*.) Mr. Hardy also asserted that Mr. Diesel would need his personal security with him. (*Ibid*.)

3  Mr. Hale then offered to conduct the next day's deposition at defense counsel's office. (Hale

4  Decl., ¶ 19.) Mr. Hardy again asserted that Mr. Diesel was not in the city. (*Ibid*.) Mr. Hale asked

5  when Mr. Diesel left the city and where he was, but Mr. Hardy would not provide that information.

6  (*Ibid*.) Mr. Hardy laid out several conditions for a rescheduled deposition of Vin Diesel: (1) that the

7  deposition be conducted for no more than seven hours; (2) that a protective order be in place to

8  protect Defendant's financial, medical, and sexual privacy; (3) that the deposition take place at

9  defense counsel's office or remotely; and (4) that the deposition only occur following the hearing

10 on Defendant's just-filed Motion for Summary Judgment/Adjudication, set for October 7, 2025,

11 nearly two months after the current trial date of August 18, 2025. (*Ibid*.)

12 At no time did Mr. Hale agree to forego filing a Motion to Compel while the parties further

13 met and conferred, at an Informal Discovery Conference, or in any other venue. (Hale Decl., ¶ 20.)

14 **E.     Defendant's Filing of a Motion for Protective Order**

15 On the same date, June 23, 2025, Defendant Vin Diesel filed a Motion for Protective Order

16 on the same subset of four (4) grounds listed immediately above. As will be argued below, these

17 grounds are unmeritorious.

18 **III.    LEGAL STANDARD**

19 **A.     _Ex Parte_ Application Standard**

20 California Rules of Court, rule 3.1202 governs *ex parte* applications and establishesthe

21 requirements that must be satisfied before a court may grant relief without notice to opposing parties.

22 Under rule 3.1202(c), an *ex parte* application may only be granted upon an affirmative factual

23 showing that there is immediate danger, irreparable harm, or immediate loss or damage to property.

24 The rule specifically provides that "[a] showing of irreparable harm or immediate danger must be

25 made by affidavit based on admissible evidence."

26 **B.     Standard for Motions to Compel Deposition**

27 Code of Civ. Proc., § 2025.450(a) provides as follows:

28 If, after service of a deposition notice, a party to the action or an officer, director,

PLAINTIFF'S NOTICE OF APPLICATION AND APPLICATION TO COMPEL

managing agent, or employee of a party, or a person designated by an organization that is a party under Section 2025.230, without having served a valid objection under Section 2025.410, fails to appear for examination, or to proceed with it, or to produce for inspection any document or tangible thing described in the deposition notice, the party giving the notice may move for an order compelling the deponent's attendance and testimony, and the production for inspection of any document or tangible thing described in the deposition notice.

**IV.    ARGUMENT**

    **A.    Defendant Vin Diesel's Objections to his Notice of Deposition are Invalid and Unmeritorious.**

        **1.    Defendant Vin Diesel's Asserted Unavailability**

In his objection to Plaintiff's Notice of Deposition, Mr. Diesel, for the first time since his counsel provided his availability for an in-person deposition on May 9, 2025, asserted that he was not available for his deposition. (Hale Decl., ¶ 11, Exh. 10, p. 1) Neither in writing nor verbally through his counsel did Defendant communicate any true emergency to explain his availability. In fact, Mr. Diesel's counsel indicated that he was not even "in the city." Mr. Diesel's counsel declined to provide any further detail. When Plaintiff's counsel offered to conduct the deposition at defense counsel's office, as requested by Mr. Diesel, defense counsel again asserted Mr. Diesel was not "in the city."

Furthermore, "unavailability" is not an adequate objection to a duly-served deposition notice. A deposition subpoena is valid if it complies with the timing and service requirements of Code of Civil Procedure section 2025.210 *et seq.* With fact discovery closing on July 18, 2025, and trial set for August 18, 2025, Defendant's last-minute unavailability represents a deliberate attempt to run out the clock on discovery. Every day of delay brings Plaintiff closer to being forced to trial without the critical testimony of the key defendant, resulting in irreparable prejudice to Plaintiff's ability to prosecute her claims. Defendant's continued reliance on this meritless objection as discovery closes threatens to deny Plaintiff essential testimony needed for trial preparation.

PLAINTIFF'S NOTICE OF APPLICATION AND APPLICATION TO COMPEL

### 2.    In-Person Attendance

In his objection to Plaintiff's Notice of Deposition, Mr. Diesel asserts that he cannot be required to attend his deposition in-person, pursuant to *Code of Civ. Proc.*, § 2025.310(a). (Hale Decl., ¶ 11, Exh. 10, p. 1.) However, as pointed out to counsel in previous meet and confer discussions regarding an identical objection to a prior notice of deposition of Mr. Diesel, this is a misreading of that code section.

CCP § 2025.310(a) states as follows: "At the election of the deponent or the deposing party, the deposition officer may attend the deposition at a different location than the deponent via remote means. A deponent is not required to be physically present with the deposition officer when being sworn in at the time of the deposition." Thus, the code section permits the deposition officer, i.e., the court reporter, to attend the deposition via remote means. No reference is made to the deponent's ability to elect a remote appearance.

CCP § 2025.310(b), which Mr. Diesel did not cite in his objection, states as follows: "Subject to Section 2025.420, any party or attorney of record may, but is not required to, be physically present at the deposition at the location of the deponent. If a party or attorney of record elects to be physically present at the location of the deponent, all physically present participants in the deposition shall comply with local health and safety ordinances, rules, and orders." This code section similarly does not permit Mr. Diesel to elect a remote appearance; it merely allows Mr. Diesel, or his attorney of record, to be physically present at the location of another deponent. Of course, this supports Plaintiff's position, as Plaintiff and her attorney of record may be physically present at the deposition of the deponent in this scenario: Vin Diesel. With less than one month remaining before the discovery cutoff, Defendant's frivolous location objection threatens to prevent Plaintiff from obtaining critical testimony altogether.

### 3.    Location of Deposition

In his objection to Plaintiff's Notice of Deposition, Mr. Diesel asserts that he should not have to attend a deposition "to the extent the deposition is noticed for a location more than 150 miles from Defendant's residence." (Hale Decl., ¶ 11, Exh. 10, p. 1.) Mr. Diesel failed to even straightforwardly assert that he in fact lives more than 150 miles from Plaintiff's counsel's office in

PLAINTIFF'S NOTICE OF APPLICATION AND APPLICATION TO COMPEL

1  downtown Los Angeles, where the deposition is to take place. Mr. Diesel's objection is so vague

2  and uncertain as to operate as a waiver of any such objection.

3      Furthermore, Samantha Vincent – Mr. Diesel's sister – and Valentino Morales – Mr. Diesel's

4  security and close friend – already confirmed at their depositions that Mr. Diesel currently lives in

5  Los Angeles, California. (Hale Decl., ¶ 21.) Defendant's suggestion to hold the deposition at defense

6  counsel's office in Century City also confirms the convenience of Los Angeles as a location for Mr.

7  Diesel's deposition.

8      Finally, Plaintiff's counsel repeatedly requested confirmation on this topic from defense

9  counsel but was not provided with any. As recently as May 13, 2025, Plaintiff's counsel requested

10  to confirm that the in-person location of Vin Diesel's June 24 and 25 deposition was to be Los

11  Angeles, specifically Plaintiff's counsel's Los Angeles office. (Hale Decl., ¶ 9, Exh 8.) Of course,

12  this is Plaintiff's choice to begin with, but Plaintiff extended this question as a courtesy, which

13  received no response from defense counsel.

14      With less than one month remaining before the discovery cutoff, Defendant's frivolous

15  location objection threatens to prevent Plaintiff from obtaining critical testimony altogether.

16          **4.      Time Limit**

17      Defendant Diesel also objected that his deposition should be limited to seven-hours under

18  CCP § 2025.290. (Hale Decl., ¶ 11, Exh. 10, p. 1.) Pursuant to CCP § 2025.290(b)(4), depositions

19  in employment matters are excepted from the default seven-hour limit. While Plaintiff's FEHA

20  claims have indeed been dismissed, multiple employment claims still remain, including Retaliation

21  in Violation of Labor Code, §§ 98.6, 1102.5 and Wrongful Termination in Violation of Public

22  Policy.

23      Further, the notice of deposition does not assume any particular total time to be on the record.

24  A full day of deposition rarely equates to seven hours on the record.

25      Given the compressed timeframe before the discovery cutoff and trial, artificial time

26  limitations would further prejudice Plaintiff's ability to obtain complete testimony on the complex

27  issues underlying this sexual assault case.

28

1

### 5.    Questions Implicating Privacy

2    "[A]ny party may obtain discovery regarding any matter, not privileged, that is relevant to

3    the subject matter involved in the pending action or to the determination of any motion made in that

4    action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead

5    to the discovery of admissible evidence." (*Code Civ. Proc.*, § 2017.010.) "'Relevant' evidence is

6    evidence 'having any tendency in reason to prove or disprove any disputed fact that is of

7    consequence to the determination of the action.'" (*D.Z. v. Los Angeles Unified School Dist*. (2019)

8    35 Cal.App.5th 210, 229.)  "The party asserting a privacy right must establish a legally protected

9    privacy interest, an objectively reasonable expectation of privacy in the given circumstances, and a

10   threatened intrusion that is serious." (*Williams v. Sup. Ct*. (2017) 3 Cal.5th 531, 552.) If the court

11   finds a privacy interest, the court must balance the privacy concerns against the need for the

12   information. (*Id.* at p. 552.)

13       Defendant Vin Diesel asserts that he should not have to attend his deposition because

14   questions *may* be asked that implicate his privacy, including his sexual history and financial

15   condition.  (Hale Decl., ¶ 11, Exh. 10, p. 1.)

16       First, as to Defendant's financial condition, Plaintiff is already not permitted to seek pretrial

17   discovery on this subject. (Civ. Code, § 3295(a)(2).) As such, a protective order is altogether

18   unnecessary. On the contrary, Plaintiff must request an order permitting such discovery to obtain it

19   pretrial. Plaintiff has not and does not plan on doing so. Defendant cannot be permitted to delay his

20   deposition by simply listing subjects to which Plaintiff never had the intention or ability to inquire

21   about.

22       Second, as to Mr. Diesel's "sexual history," it is unclear as to what Defendant is referring,

23   given the ambiguity of the phrase. As asserted in Mr. Diesel's summary judgment motion, set to be

24   heard after trial, Plaintiff relies on *Code of Civ. Proc.*, § 340.16 to revive her claims based on

25   wrongful conduct in 2010. With regard to claims revived by *Code of Civ. Proc.*, § 340.16(e),

26   Plaintiff must allege the following:

27           (A) The plaintiff was sexually assaulted.

28           (B) One or more entities are legally responsible for damages arising out of the

1    sexual assault.

2    (C) The entity or entities, including, but not limited to, their officers, directors,

3    representatives, employees, or agents, engaged in a cover up or attempted a cover

4    up of a previous instance or allegations of sexual assault by an alleged perpetrator

5    of such abuse.

6        As such, questions regarding previous instances of sexual assault by Mr. Diesel are

7    reasonably calculated to lead to the discovery of admissible evidence. Now, Mr. Diesel seeks to

8    prevent Plaintiff from even *seeking* essential discovery, while at the same time attempting to dismiss

9    her claims for lack of that same sought-for evidence. That said, Plaintiff is not interested in Mr.

10   Diesel's "sexual history" wholesale. An order preventing all investigation into anything sexual with

11   regard to Vin Diesel would necessarily prevent Plaintiff from asking questions directed toward Mr.

12   Diesel about accusations of sexual assault or abuse previously committed by him. A stipulated

13   protective order ("SPO") in this matter has been in place since July 25, 2024. Any particular

14   questions that Defendant or his counsel believe run afield are better addressed on a question-by-

15   question basis, at which time counsel may simply instruct their client not to answer. All testimony

16   will have the protection of the parties' protective order, so long as Defendant labels it as confidential,

17   subject to the procedure in the parties' SPO to de-designate as confidential any testimony. In this

18   scenario, a specialized protective order is a blunt tool that would prevent Plaintiff from seeking

19   essential discovery.

20       In his recently filed Motion for Protective Order, Mr. Diesel adds multiple other types of

21   privacy to the list, including medical and psychotherapeutic. Plaintiff has no interest in discovery

22   on these topics, and Defendant has provided no examples of what it may be concerned about Plaintiff

23   inquiring into. Again, Defendant cannot be permitted to delay his deposition by simply listing

24   subjects to which Plaintiff never had the intention to inquire about and asking the Court to hear that

25   Motion months after the parties' August 2025 trial date.

26       Finally, Defendant also adds "employment history" to the list of private topics that may not

27   be inquired about. Defendant fails to define precisely what is meant by the ambiguous phrase.

28   Plaintiff was employed by Defendant and his entities, so to the extent "employment history" refers

PLAINTIFF'S NOTICE OF APPLICATION AND APPLICATION TO COMPEL

1   to Vin Diesel's employment with Defendants One Race Films, Inc. or One Race Productions, Inc.,

2   such topics are squarely discoverable. Other than this, Plaintiff has little interest in probing into

3   Mr. Diesel's career path, which is already publicly known.

4           **6.      Safety**

5           In his objection to Plaintiff's Notice of Deposition, Mr. Diesel asserts that Plaintiff's office

6   is "inadequate to protect Defendant's personal safety and privacy." (Hale Decl., ¶ 11, Exh. 10, p. 2.)

7   As is known by Defendants' counsel, Plaintiff's counsel's office is located in the PwC building on

8   7th and Figueroa, which is home to Seyfarth Shaw and PricewaterhouseCoopers LLP. (Hale Decl. ¶

9   22.) Like many buildings downtown, it has multiple 24/7 dedicated security personnel. (*Ibid*.)

10  Entrance is restricted per floor, and visitors may only access a particular floor if they have been

11  added to a security list and been ushered to an appropriate elevator by security. (*Ibid*.) During a meet

12  and confer session with Defense counsel, Sean Hardy explained that the concern was more about

13  the quickness with which Mr. Diesel could descend from the 30th floor and retrieve his vehicle from

14  the building's underground parking. (Hale Decl. ¶ 18.) This is not a reasonable or rational basis for

15  failing to attend a deposition. Further, no explanation was provided with relation to the building's

16  inability to protect Defendant's privacy, so this is still a mystery.

17          During the in-person meet and confer, Plaintiff's counsel offered as a compromise to conduct

18  the deposition at the office of defense counsel. (Hale Decl. ¶ 19.) Defense counsel stated that

19  nonetheless, Mr. Diesel was "not in the city" and so would not be attending. (*Ibid*.)

20          These shifting and contradictory excuses demonstrate Defendant's bad faith attempts to

21  avoid deposition entirely as the discovery deadline approaches, threatening irreparable harm to

22  Plaintiff's trial preparation.

23          **7.      Vague Procedural Deficiencies**

24          Mr. Diesel also objected "to the extent [the deposition notice] fails to comply with the

25  requirements on Code of Civil Procedure section 2025.210, *et seq*." (Hale Decl., ¶ 11, Exh. 10, p.

26  2.) This objection lacks any specificity as to what requirements the notice fails to comply with, and

27  no additional detail has been provided by counsel. This objection should be disregarded due to its

28  vagueness and ambiguity. Such procedural gamesmanship with less than one month before the

1    discovery cutoff constitutes bad faith designed to prevent Plaintiff from obtaining critical testimony.

2                              **8.        Pending Dispositive Motion**

3            Defendant's final objection asserts good cause exists to stay the deposition pending

4    Defendant's Motion for Summary Judgment/Adjudication ("MSJ"), which is scheduled to be heard

5    on October 7, 2025, nearly two months past the parties' August 18, 2025 trial date.  (Hale Decl., ¶

6    11, Exh. 10, p. 2.) The cases cited, *Silver v. City of Los Angeles* (1966) 245 Cal. App. 2d 673 and

7    *Terminal Equip. Co. v. City* (1990) 221 Cal. App. 3d 234 do not stand for this proposition. *Terminal*

8    and *Silver* are both cases where a plaintiff had yet to get past the pleadings stage, and each court

9    stated that the plaintiff had to state at least one cause of action before discovery or depositions would

10   be permitted. Of course, this matter is past the pleadings stage, is deep into fact discovery, and

11   testimony sought at the deposition of Vin Diesel is squarely relevant to Plaintiff's preparation for

12   Trial. Further, the MSJ should never be heard because it was filed late, and so should not be used as

13   a sword to delay discovery and trial itself. Allowing Defendant to use his untimely motion to prevent

14   discovery would result in immediate and irreparable harm to Plaintiff, who will be forced to proceed

15   to trial on August 18, 2025, without the essential testimony of the primary defendant.

16           **B.        Plaintiff's Counsel Adequately Notified Defense Counsel Prior to Filing this**

17                       **Application.**

18           California Rules of Court, rule 3.1203(a) requires that no *ex parte* application will be

19   considered unless the applicant has notified all other parties no later than 10:00 a.m. the court day

20   before the *ex parte* appearance. Rule 3.1204(b) requires that an *ex parte* application must be

21   accompanied by a declaration regarding notice stating the notice given, including the date, time,

22   manner, and name of the party informed, the relief sought, any response, and whether opposition is

23   expected.

24           Plaintiff has satisfied the notice requirements of California Rules of Court, rule 3.1204. Mr.

25   Hale gave notice of this *ex parte* application to defense counsel Sean Hardy via email on Thursday,

26   June 26, 2025. (Hale Decl. ¶ 31, Exh. 14.)  Mr. Hale specifically stated that the hearing would take

27   place at 8:30 a.m. on Friday, June 27, 2025 in Department 71 of the Stanley Mosk Courthouse

28   located at 111 North Hill Street, Los Angeles, California 90012 and described the date, time, place

1  for the presentation of the application, the relief sought, and inquired whether opposition is expected,

2  thereby complying with the requirements of rule 3.1204. Defendant's counsel indicated it would

3  oppose the instant application. (*Ibid*.)

4    **C.    <u>Monetary Sanctions Are Appropriate Due to Defendant's Misuse of the</u>**

5         **<u>Discovery Process.</u>**

6    California Code of Civil Procedure section 2023.030(a) provides that "[t]he court may

7  impose a monetary sanction ordering that one engaging in the misuse of the discovery process."

8  California Code of Civil Procedure section 2023.010(d) provides that "[f]ailing to respond or to

9  submit to an authorized method of discovery" constitutes misuse of the discovery process.

10  California Code of Civil Procedure section 2023.010(e) provides that "making, without substantial

11  justification, an unmeritorious objection to discovery" also constitutes misuse of the discovery

12  process.

13    Here, sanctions against Mr. Diesel and his counsel, Liner Freedman Taitelman + Cooley, are

14  warranted pursuant to the aforementioned code sections because Defendant has failed to appear for

15  his properly noticed deposition.   Further, Defendant's unmeritorious objections and counsel's

16  improper conduct constitute a misuse of the discovery process and failure to respond or to submit

17  to an authorized method of discovery.

18    Code of Civil Procedure section 2025.450(g)(1) provides:

19      If a motion under subdivision (a) is granted, *the court shall impose a monetary*

20      *sanction* under Chapter 7 (commencing with Section 2023.010) in favor of the

21      party who noticed the deposition and against the deponent or the party with whom

22      the deponent is affiliated, unless the court finds that the one subject to the sanction

23      acted with substantial justification or that other circumstances make the

24      imposition of the sanction unjust. (Emphasis added.)

25    Defendants' conduct is a willful abuse of the discovery process for which Defendant and his

26  counsel should be sanctioned.   Defendant has failed to appear at his duly noticed deposition, at a

27  date and location agreed to by the parties. Under the statutes enumerated above, plaintiff requests

28  sanctions in the amount of $5,330.07 for costs and attorneys' fees. (Hale Decl. ¶ 29.)

1

V.      **CONCLUSION**

2       Based on the foregoing, Plaintiff respectfully requests that this Court grant this *ex parte*

3   application to compel Defendant Vin Diesel's deposition before the July 18, 2025 discovery cutoff,

4   impose monetary sanctions against Defendant and his counsel for their willful abuse of the discovery

5   process, and provide such other relief as the Court deems just and proper.

6

7   DATED:  June 26, 2025                    GREENBERG GROSS LLP

8

9                                           By:   */s/ Matthew T. Hale*

10                                                Brian L. Williams
                                                 Jemma E. Dunn
11                                               Matthew T. Hale
                                                 Attorneys for Plaintiff Asta Jonasson
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

<u>**PROOF OF SERVICE**</u>

3

**Asta Jonasson v. Vin Diesel (f/k/a Mark Sinclair Vincent), et al.**
**Case No. 23STCV31143**

4

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

5

6

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 601 S. Figueroa Street, 30th Floor, Los Angeles, CA 90017.

7

8

9

10

On June 26, 2025, I served true copies of the following document(s) described as **PLAINTIFF ASTA JONASSON'S NOTICE OF APPLICATION AND APPLICATION TO (1) COMPEL THE DEPOSITION OF DEFENDANT VIN DIESEL AND SANCTIONS OR (2) ALTERNATIVELY SHORTEN TIME REGARDING A NOTICED MOTION FOR THE SAME RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action as follows:

11

12

13

14

15

16

17

| | |
|---|---|
| Bryan J. Freedman, Esq.<br>Sean M. Hardy, Esq.<br>Jason H. Sunshine, Esq.<br>**LINER FREEDMAN & TAITELMAN +**<br>**COOLEY, LLP**<br>1801 Century Park West, Fifth Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 201-0005<br>Facsimile: (310) 201-0045<br>Emails: bfreedman@ftllp.com<br>          smhardy@ftllp.com<br>          jsunshine@ftllp.com<br>          vbirtha@ftllp.com<br>          cpuello@ftllp.com | Attorneys for Defendants One Race Films, Inc., One Race Productions, Inc., Vin Diesel f/k/a Mark Sinclair Vincent, and Samantha Vincent |

18

19

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address HNunez@GGTrialLaw.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

20

21

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

22

Executed on June 26, 2025, at Los Angeles, California.

23

24

25

_____
Hazelle Nunez

26

27

28

PLAINTIFF'S NOTICE OF APPLICATION AND APPLICATION TO COMPEL

1   BRIAN L. WILLIAMS, State Bar No. 227948
      BWilliams@GGTrialLaw.com
2   JEMMA E. DUNN, State Bar No. 258454
      JDunn@GGTrialLaw.com
3   MATTHEW T. HALE, State Bar No. 303826
      MHale@GGTrialLaw.com
4   GREENBERG GROSS LLP
    601 S. Figueroa Street, 30th Floor
5   Los Angeles, California 90017
    Telephone: (213) 334-7000
6   Facsimile: (213) 334-7001

7   Attorneys for Plaintiff Asta Jonasson

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/26/2025 9:59 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Tarasyuk, Deputy Clerk

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                **FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| 10  ASTA JONASSON, an individual, | Case No. 23STCV31143 |
| 11                  Plaintiff, | Assigned for All Purposes to:<br>Hon. Daniel M. Crowley, Dept. 71 |
| 12                  v. | **DECLARATION OF MATTHEW T.** |
| 13  VIN DIESEL (f/k/a Mark Sinclair Vincent), an | **HALE IN SUPPORT OF PLAINTIFF'S EX**<br>**PARTE APPLICATION** |
| 14  individual; SAMANTHA VINCENT, an<br>individual; ONE RACE PRODUCTIONS, | Date:      June 26, 2025 |
| 15  INC., a California corporation; ONE RACE<br>FILMS, INC., a California corporation; and | Time:      8:30 a.m.<br>Dept.:      71 |
| 16  DOES 1 to 20, inclusive, | Action Filed:      December 21, 2023 |
| 17                  Defendants. | Trial Date:      August 18, 2025 |
| 18 | *[Filed Concurrently with Ex Parte Application;<br>[Proposed] Order]* |
| 19 | |
| 20 | |

21

22

23

24

25

26

27

28

---

DECLARATION OF MATTHEW T. HALE ISO APPLICATION TO COMPEL DEPOSITION OF VIN DIESEL
AND REQUEST FOR SANCTIONS

1

## DECLARATION OF MATTHEW T. HALE

2        I, Matthew T. Hale, declare as follows:

3        1.      I am an attorney at law, duly authorized to practice law in the State of California. I

4   am an attorney with the law firm of Greenberg Gross LLP, counsel of record for plaintiff Asta

5   Jonasson ("Plaintiff" or "Jonasson") in this case. The facts stated herein are within my personal

6   knowledge and if called upon to testify, I can truthfully and competently do so as to all matters

7   herein.I make this declaration in support of Plaintiff Asta Jonasson's *Ex Parte* Application to compel

8   the deposition of Defendant Vin Diesel and for sanctions, or in the alternative, for an order

9   shortening time on Plaintiff's Motion for the same relief.

10        2.      Plaintiff Asta Jonasson first noticed Defendant Vin Diesel's deposition for May 7,

11   2024. A true and correct copy of that deposition notice is attached hereto as **Exhibit 1**.

12        3.      On May 1, 2024, Defendant Vin Diesel served his objection to the notice of

13   deposition, indicating in part that neither he nor his counsel were available on that date. A true and

14   correct copy of that objection document is attached hereto as **Exhibit 2**.

15        4.      On April 7, 2025, Plaintiff again noticed Mr. Diesel's deposition, this time for April

16   29, 2025. A true and correct copy of that deposition notice is attached hereto as **Exhibit 3.**

17        5.      Plaintiff accompanied the notice of deposition with a letter requesting alternative

18   dates if April 29, 2025 did not work for Mr. Diesel or his attorneys. A true and correct copy of that

19   letter is attached hereto as **Exhibit 4.**

20        6.      No response was received to that letter until Mr. Diesel's objections to the deposition

21   notice were served via overnight mail on April 24, 2025. A true and correct copy of that objection

22   document is attached hereto as **Exhibit 5.**

23        7.      Thereafter, Plaintiff sent a letter to Mr. Diesel's counsel to meet and confer regarding

24   the objections to Mr. Diesel's deposition notice.  A true and correct copy of that letter is attached

25   hereto as **Exhibit 6.**

26        8.      Following discussion on this letter, counsel for Defendant Vin Diesel confirmed that

27   he would appear for his deposition in person on June 24 and June 25. A true and correct copy of the

28   confirming email from Jason Sunshine is attached hereto as **Exhibit 7.**

9.    On May 13, 2025, Plaintiff's counsel emailed counsel for Defendant confirming that the deposition would be held at Plaintiff's office downtown Los Angeles and to inform Plaintiff's counsel immediately if this was an issue.  A true and correct copy of the confirming email from Matthew Hale is attached hereto as **Exhibit 8.**

10.    That same date, May 13, 2025, Plaintiff served the notice of deposition of Defendant Vin Diesel to be conducted at Plaintiff counsel's Los Angeles office for June 24 and June 25., 2025 A true and correct copy of that deposition notice is attached hereto as **Exhibit 9**.

11.    On June 20, 2025, counsel for Defendant Vin Diesel served via personal service its objections to Plaintiff's deposition notice, served on May 13, 2025. A true and correct copy of that objection document is attached hereto as **Exhibit 10**.

12.    Plaintiff's counsel had previously conducted in-person depositions in this matter at Plaintiff counsel's Los Angeles office on May 28, 2025 and June 19, 2025.

13.    That same day, June 20, 2025, Plaintiff's counsel responded via email, meeting and conferring regarding each objection and requesting alternative dates before the fact discovery cutoff (July 18, 2025), given Vin Diesel's asserted unavailability. A true and correct copy of that email is attached hereto as **Exhibit 11**.

14.    Plaintiff's counsel was scheduled to take the in-person deposition of third party witness Valentino Morales on June 23, 2025.

15.    The morning of this deposition, counsel for Defendant Vin Diesel asserted that they disagreed with Plaintiff counsel's position regarding Vin Diesel's objections to his duly noticed deposition and would meet and confer in person later that day, on June 23, 2025. A true and correct copy of that email from Sean Hardy is attached hereto as **Exhibit 12**.

16.    Counsel for Defendants, Sean Hardy and Bryan Freedman, appeared with the third party deponent on June 23, 2025. Prior to the deposition, Plaintiff's counsel Matthew Hale requested to meet and confer about the objections to the deposition of Vin Diesel in a separate room. Mr. Hale and Mr. Hardy began to discuss the assertion that Mr. Diesel was suddenly unavailable for his deposition. Mr. Hale requested to know why Mr. Diesel was suddenly unavailable, and Mr. Hardy refused to provide a reason.

17.     During this back and forth, Mr. Freedman entered the room. Mr. Hale again requested to know why Mr. Diesel was unavailable to determine if this was a true emergency or a simple failure to appear for his deposition, for which availability had been cleared over a month prior, as it would be important for the purposes of any Motion to compel that may need to be filed. Counsel for Defendant continued to refuse to provide any explanation. Mr. Freedman interjected and told Mr. Hale to just file his motion and called Mr. Hale, a "moron" and cursed while doing so.  Mr. Hale began to write down the language on note paper, specifically stating that he would be including these insults in his declaration to any motion and requesting to have a professional and substantive meet and confer.  Mr. Freedman then threatened Mr. Hale with malicious prosecution and called him a "piece of shit."  At no time did Mr. Hale exchange any insult with Mr. Freedman, raise his voice, or provoke any physical contact.  Shortly thereafter, Mr. Freedman got up from his chair, rushed to stand directly in front of Mr. Hale, mere inches away from him, causing Mr. Freedman's face to be directly in front of that of Mr. Hale.  Mr. Freedman then called Mr. Hale a "pussy" and swung his fist at Mr. Hale's face, stopping directly in front of his face, without making contact. Shocked, Mr. Hale nonetheless remained composed and attempted to address Mr. Hardy behind Mr. Freedman, in hopes that counsel could get the meet and confer discussion back on track.  At some point shortly thereafter, Mr. Freedman left the room, and Mr. Hale and Mr. Hardy conducted the meet and confer session, both then and after the deposition concluded later that day.

18.     Given Mr. Diesel's asserted objection regarding the lack of security and privacy at Plaintiff's counsel's office, Mr. Hale requested to know what was deficient about their security and/or privacy. Mr. Hardy indicated that Mr. Diesel had a medical condition and that he needed to be able to quickly leave the deposition for his security, including in relation to death threats, without having to go down thirty floors and obtain his vehicle from an underground parking lot.  Mr. Hardy also asserted that Mr. Diesel would need his personal security with him.

19.     Mr. Hale then offered to conduct the next day's deposition at defense counsel's office. Mr. Hardy again asserted that Mr. Diesel was not in the city. Mr. Hale asked when Mr. Diesel left the city and where he was, but Mr. Hardy would not provide that information. Mr. Hardy laid out several conditions for a rescheduled deposition of Vin Diesel: (1) that the deposition be

conducted for no more than seven hours; (2) that a protective order be in place to protect Defendant's financial, medical, and sexual privacy; (3) that the deposition take place at defense counsel's office or remotely; and (4) that the deposition only occur following the hearing on Defendant's just-filed Motion for Summary Judgment/Adjudication, set for October 7, 2025, nearly two months after the current trial date of August 18, 2025.

20.     At no time did Mr. Hale agree to forego filing a Motion to Compel while the parties further met and conferred, at an Informal Discovery Conference, or in any other venue.

21.     Samantha Vincent – Mr. Diesel's sister – and Valentino Morales – Mr. Diesel's security and close friend – already confirmed at their depositions that Mr. Diesel currently lives in Los Angeles, California.

22.     Plaintiff's counsel's office is located in the PwC building on 7th and Figueroa, which is home to Seyfarth Shaw and PricewaterhouseCoopers LLP. Like many buildings downtown, it has multiple 24/7 dedicated security personnel. Entrance is restricted per floor, and visitors may only access a particular floor if they have been added to a security list and been ushered to an appropriate elevator by security.

23.     I have been practicing law since 2015. I primarily litigate wrongful termination of employment and discrimination cases in both state and federal court on behalf of plaintiffs, including cases based upon violations of the Fair Employment and Housing Act and the California Labor Code.

24.     I am a graduate of the University of California, Los Angeles, School of Law and of Harvard University.

25.     In January of 2023, my colleagues and I tried Galvan v. United Parcel Service, et al. (LASC Case No. BC703891), which resulted in a $5.4 million verdict.

26.     I have been confirmed legal fees at an hourly rate of $850.00 by Judge Lipner of Department 72.

27.     Throughout my practice as an attorney on plaintiff's side, I have become familiar with customary billing rates for attorneys of my experience level and title.  I understand that my hourly rate as an associate attorney of a plaintiff's law firm is at least comparable, if not below, the

hourly rates of other attorneys in similar situations.

28.     I am familiar with the proper procedure for calculating hourly bills. I understand which tasks are billable and which are not. All of the time that I spent on this motion was necessary to prepare it properly and diligently.

29.     I have primarily handled the discovery issues in this action. I have spent approximately one hour meeting and conferring with Defendant's counsel regarding the motion, including drafting and revising correspondence and participating in conferences regarding the same. I also spent more than 5 hours preparing and revising all briefing in connection with the instant Motion to Compel, including in preparing this declaration and preparing and revising the brief, notice, and proposed order (6 hours X $850.00 = $5,100.00). I anticipate that it will take me an additional 2.5 hours to review Defendant's opposition, prepare a reply brief in support of the motion, and prepare for and attend oral argument on this motion (2.5 hours X $850.00 = $2,125.00). I was also required to cancel my hotel reservation due to the cancellation of Defendant's deposition, with a fee in the amount of $230.07. As such, Plaintiff has incurred fees and costs in the amount of $5,330.07 and is likely to incur costs in the amount of $2,125.00, for a total of $7,455.07.

30.     I gave notice of this *ex parte* application to defense counsel Sean Hardy via telephone around TIME a.m. on Wednesday, June 25, 2025. I then sent a confirming email soon afterward. Attached as Exhibit 14 is a true and correct copy of my June 25, 2025 email to Mr. Hardy. In the phone call and the email, I specifically stated that the hearing would take place at 8:30 a.m. on Thursday, June 26, 2025 in Department 71 of the Stanley Mosk Courthouse located at 111 North Hill Street, Los Angeles, California 90012.

I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Date: June 25, 2025.

*/s/ Matthew T. Hale*
_____
Matthew T. Hale

# EXHIBIT 1

1  BRIAN L. WILLIAMS, State Bar No. 227948
    *BWilliams@GGTrialLaw.com*
2  CLAIRE-LISE Y. KUTLAY, State Bar No. 307080
    *CKutlay@GGTrialLaw.com*
3  MATTHEW T. HALE, State Bar No. 303826
    *MHale@GGTrialLaw.com*
4  GREENBERG GROSS LLP
   601 S. Figueroa Street, 30th Floor
5  Los Angeles, California 90017
   Telephone: (213) 334-7000
6  Facsimile: (213) 334-7001

7  Attorneys for Plaintiff Asta Jonasson

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

10

11  ASTA JONASSON, an individual,              Case No. 23STCV31143

12            Plaintiff,                        Assigned for All Purposes to:
                                                Hon. Daniel M. Crowley, Dept. 71
13        v.
                                                **NOTICE OF DEPOSITION TO**
14  VIN DIESEL (f/k/a Mark Sinclair Vincent), an    **DEFENDANT VIN DIESEL (F/K/A MARK**
    individual; SAMANTHA VINCENT, an           **SINCLAIR VINCENT)**
15  individual; ONE RACE PRODUCTIONS,
    INC., a California corporation; ONE RACE    Date:     May 7, 2024
16  FILMS, INC., a California corporation; and  Time:     9:00 a.m.
    DOES 1 to 20, inclusive,                   Place:    Greenberg Gross LLP
17                                                        601 S. Figueroa Street, 30th Floor
            Defendants.                                   Los Angeles, CA 90017
18
                                                Action Filed:    December 21, 2023
19                                              Trial Date:      Not Yet Set

20

21

22

23

24

25

26

27

28

1    TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2          PLEASE TAKE NOTICE that, pursuant to Code of Civil Procedure Section 2025.010 *et*

3    *seq.*, Plaintiff Asta Jonasson will take the deposition of Defendant Vin Diesel (f/k/a Mark Sinclair

4    Vincent).  The deposition will take place at the office of Greenberg Gross LLP, 601 S. Figueroa

5    Street, 30th Floor, Los Angeles, California 90017.  The deposition shall commence on May 7,

6    2024, at 9:00 a.m. and shall continue from day to day thereafter until completed.  The deposition

7    will be recorded using audio or video technology and will be conducted using the stenographic

8    method.

9    DATED:  February 26, 2024              GREENBERG GROSS LLP

10

11                                          By: _____

12                                          Brian L. Williams
                                            Claire-Lise Y. Kutlay
13                                          Matthew T. Hale
                                            Attorneys for Plaintiff Asta Jonasson
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 2

FREEDMAN TAITELMAN + COOLEY, LLP
Bryan J. Freedman, Esq. (SBN 151990)
Sean M. Hardy, Esq. (SBN 266466)
Jason Sunshine (SBN 336062)
1801 Century Park East, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
bfreedman@ftllp.com
smhardy@ftllp.com
jsunshine@ftllp.com

Attorneys for Defendant
VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ASTA JONASSON, an individual,<br><br>                    Plaintiff,<br><br>      vs.<br><br>VIN DIESEL (f/k/a Mark Sinclair Vincent), an individual; SAMANTHA VINCENT, an individual; ONE RACE PRODUCTIONS, INC., a California corporation; ONE RACE FILMS, INC., a California corporation; and DOES 1 to 20, inclusive,<br><br>               Defendants. | Case No.: 23STCV31143<br><br>[Assigned for all purposes to Judge Daniel M. Crowley, Dept. 71]<br><br>OBJECTIONS TO NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)<br><br>**Date:  May 7, 2024**<br>**Time:  9:00 a.m.**<br>**Place:  Greenberg Gross LLP**<br>       **601 S. Figueroa Street, 30th Floor**<br>       **Los Angeles, CA 90017** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Vin Diesel ("Defendant"), pursuant to *Code of Civil Procedure* section 2025.410, hereby objects to Plaintiff Asta Jonasson's notice of the May 7, 2024 deposition of Defendant (the "Notice"), on the following grounds:

**I.**

**<u>OBJECTIONS TO NOTICE OF DEPOSITION</u>**

1.     The deposition was unilaterally set without any consideration for either the deponent or counsel's availability, in violation of Los Angeles Superior Court, Local Rule Appendix 3.A(e)(1).   Consideration has not been given in scheduling this deposition because Plaintiff did not clear the dates and time with counsel, and neither the deponent nor his counsel of record are available to attend on the date and time specified in the Notice.

2.     The deposition was improperly noticed to require Defendant's in-person attendance at the offices of Plaintiff's counsel.   Defendant objects and elects pursuant to Code of Civil Procedure Section 2025.310, that any deposition proceed via remote video, and that Defendant not be physically present at the time of the deposition.

3.     Defendant objects to the Notice to the extent the deposition is noticed for a location more than 150 miles from Defendant's residence, in violation of *Code of Civil Procedure* section 2025.250, subsection (a) and Code of Civil Procedure section 1989. See generally <u>Toyota Motor Corp. v. Superior Court</u> (2011) 197 Cal.App.4th 1107.

4.     Defendant objects to the notice of deposition in that it is reasonably calculated to result in the disclosure of sensitive, proprietary, or confidential business information or trade secrets without the entry of a mutually-acceptable protective order.

5.     The deposition was unilaterally set prior to the initially-noticed deposition of Plaintiff Asta Jonasson, without the agreement of counsel, in violation of Los Angeles Superior Court, Local Rule Appendix 3.A(e)(3).

6.     Defendant objects to the Notice in that it violates the seven-hour limitation on the length of a deposition mandated by *Code of Civil Procedure* section 2025.290.   The Notice improperly requires that the deposition to continue "day-to-day" until completed.

OBJECTIONS TO NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)

7.      Defendant objects to the Notice to the extent it fails to comply with the requirements on Code of Civil Procedure section 2025.210, *et seq.*

DATED:  May 1, 2024                                  FREEDMAN TAITELMAN + COOLEY, LLP

Bryan J. Freedman, Esq.
Sean M. Hardy, Esq.
Jason H. Sunshine, Esq.
Attorneys for Defendant
VIN DIESEL (F/K/A MARK SINCLAIR
VINCENT)

OBJECTIONS TO NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR
VINCENT)

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**                    **]**
                                                                   **]   ss.**
**COUNTY OF LOS ANGELES**           **]**

     I am employed in the County of Los Angeles, State of California. I am over the age of 18, and not a party to the within action. My business address is FREEDMAN TAITELMAN + COOLEY, LLP, 1801 Century Park West, 5th Floor, Los Angeles, CA 90067.

     On **May 1, 2024**, I served the following document(s) entitled **OBJECTIONS TO NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)**  on the interested parties in this action as follows:

Brian L. Williams
Claire-Lise Y. Kutlay
Matthew T. Hale
GREENBERG GROSS LLP
601 S. Figueroa Street, 30th Floor
Los Angeles, California 90017
Tel. (213) 334-7000
Fax. (213) 334-7001
BWilliams@GGTrialLaw.com
CKutlay@GGTrialLaw.com
MHale@GGTrialLaw.com
PHorlacher@GGTrialLaw.com
DVultaggio@GGTrialLaw.com
CRose@GGTrialLaw.com
MSance@GGTrialLaw.com

*Attorneys for Plaintiff Asta Jonasson*

| | |
|---|---|
| ☒ | **By Overnight Delivery.** I deposited a sealed envelope containing a true and correct copy of the documents listed above for overnight delivery via Federal Express. |
| ☒ | **By E-Mail or Electronic Transmission.** I caused the documents to be sent to the persons at the email address listed below in a PDF file, and the transmission appeared to be successful. |

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on **May 1, 2024,** at Los Angeles, California.


                          */s/ Vaneta D. Birtha*
                          Vaneta D. Birtha

OBJECTIONS TO NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)

# EXHIBIT 3

1  BRIAN L. WILLIAMS, State Bar No. 227948
    *BWilliams@GGTrialLaw.com*
2  JEMMA E. DUNN, State Bar No. 258454
    *JDunn@GGTrialLaw.com*
3  MATTHEW T. HALE, State Bar No. 303826
    *MHale@GGTrialLaw.com*
4  GREENBERG GROSS LLP
   601 S. Figueroa Street, 30th Floor
5  Los Angeles, California 90017
   Telephone: (213) 334-7000
6  Facsimile: (213) 334-7001

7  Attorneys for Plaintiff Asta Jonasson

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9               **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

10

11 | ASTA JONASSON, an individual,          | Case No. 23STCV31143

12 |              Plaintiff,                 | Assigned for All Purposes to:
                                              Hon. Daniel M. Crowley, Dept. 71
13 |          v.
                                            | **NOTICE OF DEPOSITION TO**
14 | VIN DIESEL (f/k/a Mark Sinclair Vincent), an | **DEFENDANT VIN DIESEL (F/K/A MARK**
   | individual; SAMANTHA VINCENT, an      | **SINCLAIR VINCENT) AND REQUESTS**
15 | individual; ONE RACE PRODUCTIONS,     | **FOR PRODUCTION OF DOCUMENTS**
   | INC., a California corporation; ONE RACE |
16 | FILMS, INC., a California corporation; and | Date:    April 29, 2025
   | DOES 1 to 20, inclusive,              | Time:    9:00 a.m.
17 |                                        | Place:   Greenberg Gross LLP
   |              Defendants.               |          601 S. Figueroa Street, 30th Floor
18 |                                        |          Los Angeles, CA 90017

19 |                                        | Action Filed:    December 21, 2023
                                              Trial Date:      August 18, 2025
20

21

22

23

24

25

26

27

28

---

1    TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2         PLEASE TAKE NOTICE that, pursuant to Code of Civil Procedure Section 2025.010 *et*

3    *seq.*, Plaintiff Asta Jonasson will take the deposition of defendant Vin Diesel (f/k/a Mark Sinclair

4    Vincent).  The deposition will take place at the office of Greenberg Gross LLP, 601 S. Figueroa

5    Street, 30th Floor, Los Angeles, California 90017.  The deposition shall commence on April 29,

6    2025, at 9:00 a.m. and shall continue from day to day thereafter until completed.  The deposition

7    will be recorded using audio or video technology and will be conducted using the stenographic

8    method.

9         **PLEASE TAKE FURTHER NOTICE THAT**, pursuant to Code of Civil Procedure

10    Section 2034.415, the Deponent is directed to produce the documents and things set forth below

11    no later than three business days before the deposition.

12                                     **<u>DEFINITIONS</u>**

13         Words in ALL CAPITAL LETTERS in these definitions, instructions, and Requests are

14    defined as follows:

15         1.       The term "DOCUMENT(S)" means all documents and electronically stored

16    information—including but not limited to all emails, text messages, writings, drawings, graphs,

17    charts, photographs, video and sound recordings, images, worksheets, and other data and data

18    compilations—stored in any medium from which information can be obtained either directly or, if

19    necessary, after translation into a reasonably usable form, and includes COMMUNICATIONS.

20         2.       The term "COMMUNICATION(S)" means and refers to all correspondence,

21    discussions, conversations, interviews, telephone calls, emails, instant messages, voice mail

22    messages, negotiations, notices, agreements, understandings, meetings, recordings, audiotapes,

23    videotapes, transcripts, facsimiles, telegrams, charts, spreadsheets, visual images, presentations,

24    and all other transmissions of information, thoughts, documents, electronically stored information,

25    or ideas between two or more PERSONS.

26         3.       The terms "YOU" and "YOUR" means and refers to defendant Vin Diesel.

27         4.       The terms "any" and "all" are interchangeable and shall be construed disjunctively,

28    conjunctively, or both, as necessary to bring within the scope of this discovery request all matters

1  which might otherwise be construed to be outside of its scope.

2       5.    The term "each" means "each and every."

3       6.    The term "including" means "including, but not limited to."

4       7.    The use of the singular form of any word includes the plural and vice versa.

5  **<u>INSTRUCTIONS</u>**

6       1.    The original of each responsive item (or a legible copy if the original is not within

7  YOUR possession, custody, or control) shall be identified and produced at the above-stated date,

8  time, and place unless complete and legible copies of each responsive item are received at the

9  above-referenced address on or before the specified production date.  Any such production of

10  copies is without prejudice to Propounding Party's right to inspect and/or copy the original of each

11  DOCUMENT or tangible thing at a future date.

12       2.    These Requests seek the production of DOCUMENTS, and electronically stored

13  information ("ESI"), in their native format, unless some other format is agreed to in writing by

14  Propounding Party's counsel of record.

15       3.    ESI must be produced with all "metadata" intact. ("Metadata" means the data

16  embedded in electronic versions of a document that show how, when and by whom the document

17  was created, accessed or modified.)

18       4.    Any request for a DOCUMENT shall be construed to include any and all drafts,

19  versions, or revisions of such DOCUMENT.

20       5.    These Requests seek the production of all responsive DOCUMENTS within YOUR

21  possession, custody, or control, regardless of whether such DOCUMENTS are possessed directly

22  by YOU.

23       6.    In the event any DOCUMENTS responsive to these Requests are withheld from

24  production based upon a claim of attorney-client privilege, attorney work-product doctrine, or any

25  other privilege or protection from discovery, YOU are requested to provide a privilege log in

26  which YOU explain the basis of the privilege or other protection you are claiming, and provide a

27  description of the DOCUMENTS YOU are withholding sufficient to support the basis for

28  withholding the DOCUMENTS.

7.    The conjunctive "and" should be interpreted in the disjunctive to include the term "or" and vice versa.

8.    The singular form of a word should be interpreted in the plural and vice versa.

9.    If YOUR response to any Request is that the DOCUMENTS are not in YOUR possession, custody, or control, describe in detail the efforts YOU made to locate such DOCUMENTS.

10.    If any responsive DOCUMENT was at one time in YOUR possession, custody, or control, but has been disposed of, lost, discarded, destroyed, or is no longer in YOUR possession, custody, or control for any other reason, then do the following with respect to each and every such DOCUMENT:

a.    describe the nature of the DOCUMENT, letter or memorandum;

b.    state the date of the DOCUMENT;

c.    identify the PERSONS who sent and received the original and copies of the DOCUMENT, specifying its author, addressee, and all PERSONS to whom copies were furnished, or saw same;

d.    state in as much detail as possible the subject matter and contents of the DOCUMENT; and

e.    state when the DOCUMENT was in YOUR possession, custody, or control.

If objection is made to any part of a particular Request, that part should be specified in writing (together with the grounds for the objection), and any other portion of the Request to which no objection is made should be answered.

## **REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS maintained by YOU that contain the name of plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS relating to plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 3:**

All emails referring to plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 4:**

All emails sent between YOU and plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 5:**

All voicemail messages YOU received from plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 6:**

All text messages YOU received from or sent to plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 7:**

All audio recordings of plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 8:**

All video recordings of plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 9:**

All photographs of plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 10:**

All statements, declarations, and/or affidavits signed by YOU regarding the instant lawsuit.

**REQUEST FOR PRODUCTION NO. 11:**

All unsigned drafts of statements, declarations, and/or affidavits reflecting YOUR name, regarding the instant lawsuit.

**REQUEST FOR PRODUCTION NO. 12:**

All notes or records relating to plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 13:**

All text messages YOU received relating to plaintiff Asta Jonasson.

///
///
///
///
///
///
///

NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT) AND
REQUESTS FOR PRODUCTION OF DOCUMENTS

1  **REQUEST FOR PRODUCTION NO. 14:**

2      All text messages YOU sent relating to plaintiff Asta Jonasson.

3

4  DATED:  April 7, 2025                GREENBERG GROSS LLP

5

6

7                                   By: _____
                                        Brian L. Williams

8                                        Jemma E. Dunn
                                         Matthew T. Hale

9                                        Attorneys for Plaintiff Asta Jonasson

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT) AND
REQUESTS FOR PRODUCTION OF DOCUMENTS

# EXHIBIT 4



Matthew T. Hale
Direct Dial: (213) 334-7060
MHale@GGTrialLaw.com

April 7, 2025

**<u>VIA EMAIL ONLY</u>**

Bryan J. Freedman
Sean M. Hardy
Jason Sunshine
FREEDMAN TAITELMAN + COOLEY LLP
1801 Century Park West, 5th Floor
Los Angles, CA 90067
bfreedman@ftllp.com
smhardy@ftllp.com
jsunshine@ftllp.com

       **Re:**    ***<u>Asta Jonasson v. One Race Films, Inc., et al.</u>***

Counsel:

       Enclosed please find notices of deposition for defendants Vin Diesel and Samantha Vincent and witnesses Valentino Morales and Thyrale Thai. If any of the noticed dates are not workable for the deponents' schedules, please let us know as soon as possible, and propose alternative dates that fall before the end of May 2025. Furthermore, counsel has previously objected that defendants Vin Diesel and Samantha Vincent *may* not reside within 150 miles of downtown Los Angeles. If these defendants do not reside within 150 miles of downtown Los Angeles, please notify our office of these defendants' city of residence, and we will coordinate a convenient location.

       We are happy to accommodate reasonable scheduling conflicts, but considering the upcoming trial date, we will be completing these depositions by the end of May 2025.

                    Very truly yours,

                    Matthew T. Hale

Encls.

# EXHIBIT 5

1   LINER FREEDMAN TAITELMAN + COOLEY, LLP
     Bryan J. Freedman, Esq. (SBN 151990)
2   Sean M. Hardy, Esq. (SBN 266466)
     Jason Sunshine (SBN 336062)
3   1801 Century Park East, 5th Floor
     Los Angeles, CA 90067
4   Tel: (310) 201-0005
     bfreedman@lftcllp.com
5   smhardy@lftcllp.com
     jsunshine@lftcllp.com
6

     Attorneys for Defendant
7   VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)

8           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                **FOR THE COUNTY OF LOS ANGELES**

10

11  ASTA JONASSON, an individual,        Case No.: 23STCV31143

12          Plaintiff,        [Assigned for all purposes to Judge Daniel M. Crowley, Dept. 71]

13       vs.

14  VIN DIESEL (f/k/a Mark Sinclair Vincent), an  **OBJECTIONS TO NOTICE OF DEPOSITION TO DEFENDANT VIN**
     individual; SAMANTHA VINCENT, an  **DIESEL (F/K/A MARK SINCLAIR**
15  individual; ONE RACE PRODUCTIONS,  **VINCENT) AND REQUESTS FOR**
     INC., a California corporation; ONE RACE  **PRODUCTION OF DOCUMENTS**
16  FILMS, INC., a California corporation; and
     DOES 1 to 20, inclusive,          **Date:  April 29, 2025**
17                         **Time: 9:00 a.m.**
           Defendants.        **Place: Greenberg Gross LLP**
18                              **601 S. Figueroa Street, 30th Floor**
19                              **Los Angeles, CA 90017**

20

21

22

23

24

25

26

27

28

                                         1

1 | **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2 |      PLEASE TAKE NOTICE that Defendant Vin Diesel ("Defendant"), pursuant to *Code of*

3 | *Civil Procedure* section 2025.410, hereby objects to Plaintiff Asta Jonasson's notice of the April

4 | 29, 2025 deposition of Defendant (the "Notice"), on the following grounds:

5 | <div align="center">**I.**</div>

6 | <div align="center">**OBJECTIONS TO NOTICE OF DEPOSITION**</div>

7 |      1.    The deposition was unilaterally set without any consideration for either the deponent

8 | or counsel's availability, in violation of Los Angeles Superior Court, Local Rule Appendix

9 | 3.A(e)(1).  Consideration has not been given in scheduling this deposition because Plaintiff did not

10 | clear the dates and time with counsel, and neither the deponent nor his counsel of record are available

11 | to attend on the date and time specified in the Notice.

12 |      2.    The deposition was improperly noticed to require Defendant's in-person attendance

13 | at the offices of Plaintiff's counsel in the presence of a deposition officer.  Defendant objects and

14 | elects pursuant to Code of Civil Procedure Section 2025.310(a), that any deposition proceed via

15 | remote means, that the deposition officer not be physically present at the time of the deposition, and

16 | that Defendant not be physically present at the time of the deposition.

17 |      3.    Defendant objects to the Notice to the extent the deposition is noticed for a location

18 | more than 150 miles from Defendant's residence, in violation of *Code of Civil Procedure* section

19 | 2025.250, subsection (a) and Code of Civil Procedure section 1989. See generally <u>Toyota Motor</u>

20 | <u>Corp. v. Superior Court</u> (2011) 197 Cal.App.4th 1107.

21 |      4.    The deposition was unilaterally set prior to the initially-noticed deposition of

22 | Plaintiff Asta Jonasson, without the agreement of counsel, in violation of Los Angeles Superior

23 | Court, Local Rule Appendix 3.A(e)(3).

24 |      5.    Defendant objects to the Notice in that it violates the seven-hour limitation on the

25 | length of a deposition mandated by *Code of Civil Procedure* section 2025.290.  The Notice

26 | improperly requires that the deposition to continue "day-to-day" until completed.

27 |      6.    Defendant objects to the Notice to the extent it fails to comply with the

28 | requirements on Code of Civil Procedure section 2025.210, *et seq.*

<div align="center">2</div>

7.    Defendant objects to the **14** requests for production of documents in connection with the Notice.  Plaintiff served the requests for production of documents on April 7, 2025 by electronic service.  Such a time frame is insufficient under the *California Code of Civil Procedure*, which contemplates 32 days when responding to document requests served by electronic service. *See* Cal. Code Civ. Proc. §§  2031.260; 1013(e).

8.    Defendant objects that the deposition was noticed for a period in which a dispositive motion is pending.  Good cause exists to stay any deposition until after a ruling on such motion.  Silver v. City of Los Angeles (1966) 245 Cal. App. 2d 673; Terminals Equip. Co. v. City (1990) 221 Cal.App.3d 234, 247.

**II.**

**INTRODUCTORY STATEMENT REGARDING REQUESTS FOR PRODUCTION**

The following responses are made solely for the purpose of this action.  Any document or thing supplied in response to any request is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any ground that would require the exclusion of any document or thing, or portion thereof, if such document or thing were offered in evidence, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

No incidental or implied admissions are intended by the responses herein.  The fact that Defendant has supplied, or has agreed to supply, or hereafter agree to supply, a document or thing in response to any request should not be taken as an admission that the Defendant accepts or admits the existence of any facts set forth or assumed by such request or in said document, or that such document or thing constitutes admissible evidence.  The fact that Defendant has supplied, or has agreed to supply, or hereafter agrees to supply any document or thing in response to any request is not intended to be and shall not be construed to be a waiver of any part of any objection to any such request, or any part of any General Objection.

The responses herein only apply to those documents or things currently in Defendant's possession.  Defendant has not completed investigation of the facts relating to this matter, completed discovery in this matter, or completed preparation for trial in this matter.  Accordingly,

3

1 | Defendant reserve all rights with respect to documents or things which may be subsequently
2 | located or discovered, including, without limitation, the right to use such documents at trial, and
3 | further reserves any and all rights and any and all objections to any responsive documents or
4 | things which may hereafter come into Defendant's possession, or which hereafter may be
5 | determined to be within the scope of any such request. Defendant disclaims any legal obligation
6 | to supplement the responses herein.

**III.**

**GENERAL OBJECTIONS TO REQUESTS FOR PRODUCTION**

9 |     1.    Objection:    Defendant objects to the production and inspection of documents at
10 | the offices of Plaintiff's counsel at their own expense. Defendant may be unable to locate all
11 | requested documents by the date specified for production and, therefore, a mutually convenient
12 | time and date can be ascertained by contacting the undersigned to make appropriate arrangement.
13 | Should Defendant in the future locate any relevant requested documents now in existence but not
14 | yet located, Defendant will so advise counsel for Plaintiff, subject to the objections and comments
15 | set forth in these responses.

16 |     2.    Objection:    Defendant objects to the instructions to the extent that they conflict
17 | with the provisions of Code of Civil Procedure section 2031.010. et seq., or seek to impose
18 | additional obligations upon Defendant beyond those set forth under Code of Civil Procedure
19 | section 2031.010. Defendant will respond within the requirements of Code of Civil Procedure
20 | section 2031.010. et seq.

21 |     3.    Objection:    Defendant objects to each and every request to the extent that it
22 | requires the production of documents or things, which have previously been made available to the
23 | Plaintiff, are equally available to the Plaintiff, or are public records.

24 |     4.    Objection:    Defendant objects to each and every request to the extent it seeks
25 | original documents, except where there is a legitimate dispute as to the legibility or authenticity of
26 | a copy.

27 |     5.    Objection: to each and every request to the extent it seeks the production of
28 | documents or things not in the possession, custody or control of Defendant. Defendant would

4

1    produce only those documents or things, if any, in the possession of Defendant, and would

2    produce documents, if any, in the manner kept by Defendant the usual course of business.

3        6.    Objection:    Defendant objects to the definitions contained in the requests in that

4    they are incomplete, vague, ambiguous, unintelligible, overbroad and oppressive, and seek to

5    impose obligations on Defendant beyond those imposed by the California Code of Civil

6    Procedure.

7        7.    Objection:    Defendant objects to each request to the extent that it seeks

8    information protected from disclosure by the attorney client privilege, the attorney work product

9    doctrine, the common interest privilege, the joint defense privilege or any other applicable

10    privilege or doctrine.  Nothing herein is intended to be, nor shall in any way be construed as, a

11    waiver of any attorney-client privilege, work product doctrine, the common interest privilege, the

12    joint defense privilege or any other applicable privilege or doctrine.  To the extent any request

13    may be construed as calling for disclosure of information protected by such privilege or doctrine, a

14    continuing objection to such Request is hereby interposed.  No such privileged information will be

15    provided.  In the event any privileged information is provided in connection with these responses,

16    such disclosure is inadvertent and is not intended to be, and shall not be deemed, a waiver of such

17    privilege.

18        8.    Objection:    Defendant objects to each request to the extent it seeks information

19    that is confidential, proprietary, a trade secret or private, or otherwise calls for information

20    protected by the right of privacy contained in Article I, Section 1 of the Constitution of the State of

21    California, in the United States Constitution or any other applicable privilege or protection

22    recognized under statute or applicable case law.

23        9.    Objection:    Defendant objects to each and every request to the extent it seeks

24    information that may violate the financial privacy rights of Defendant, third parties and individuals

25    who are protected under the California Constitution.

26        10.    Objection:    Defendant objects to each request to the extent it seeks information

27    not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery

28    of admissible evidence and would subject Defendant to oppression, harassment, and undue burden

5

1  and expense not commensurate with any legitimate discovery need.

2      11.    Objection:    Defendant further objects to each request to the extent that it seeks a

3  legal conclusion and/or an expert opinion.

4      12.    Objection:    Defendant objects to each request to the extent that it seeks

5  information already in the possession, custody, or control of Plaintiff.

6      13.    Objection:    Defendant objects to each request to the extent it is argumentative

7  and without any foundation.

8      14.    Objection:    Defendant objects to each request to the extent it seeks the

9  production, identification, or disclosure of documents or information for periods of time other than

10  periods relevant to the claims in the Complaint, or other than periods of time properly subject to

11  discovery.

12      15.    Objection:    Defendant objects to each request to the extent it seeks the

13  disclosure of sensitive, proprietary, or confidential business information or trade secrets.

14      16.    Objection:    Defendant objects to each request to the extent that it seeks the

15  production, identification, or disclosure of documents or information that are not limited in time or

16  scope.

17      17.    Objection:    Defendant objects to each request on the grounds it requests

18  Defendant to search electronically-stored information ("ESI") without regard to whether the ESI is

19  reasonably accessible, or whether it would impose and undue burden or cost to search, review, and

20  produced the ESI.

21      18.    Objection:    Because Defendant have not concluded their discovery and

22  investigation in this action, they specifically reserve the right to amend and/or supplement their

23  responses to the requests.

24      19.    Objection:    Defendant objects to the 14 requests for production of documents,

25  and each of them.  Plaintiff served the requests for production of documents on April 7, 2025 by

26  electronic service.  Such a time frame is insufficient under the *California Code of Civil Procedure*,

27  which contemplates 32 days when responding to document requests served by electronic service.

28  *See* Cal. Code Civ. Proc. §§ 2031.260; 1013(e).

6

20. Objection: Defendant objects to the definition of "DOCUMENTS" to the extent that it conflicts with the provisions of *Evidence Code* section 250 and/or the *Code of Civil Procedure* section 2031.010. *et seq.,* or seek to impose additional obligation upon Defendant beyond those set forth under *Code of Civil Procedure* section 2031.010.

21. Objection: Defendant objects to the definition of the term "DOCUMENT(S)" to the extent that it is vague, ambiguous, and overbroad.

22. Objection: Defendant objects to the definition of the term "COMMUNICATION(S)" to the extent that it is vague, ambiguous, and overbroad.

23. Objection: Defendant objects to the definition of the term "YOU" to the extent that it is vague, ambiguous, and overbroad.

25. Objection: Defendant objects to the definition of the term "YOUR" to the extent that it is vague, ambiguous, and overbroad.

Defendant incorporates by reference these general objections to each response below.

## IV.

## OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS

## OBJECTION TO REQUEST FOR PRODUCTION NO. 1:

Defendant incorporates the Preliminary Statement and General Objections as though fully set forth herein.

Defendant objects to the request on the grounds that it seeks documents from a remote time period.

Defendant objects to the request on the grounds that it seeks documents and communications protected by the attorney-client privilege, work product doctrine (*See, Coito v. Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

Defendant objects to the request on the grounds that it seeks documents that contain confidential information protected by the right to privacy under the California or United States Constitution or applicable statutory or common law.

Defendant objects to the request on the grounds that it seeks documents that contain confidential business or proprietary information protected by trade secret.

7

1    Defendant objects to the request on the grounds that it seeks documents that are neither

2    relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

3    Defendant objects to the request on the grounds that the request fails to designate the

4    documents to be inspected either by specifically describing each individual item or by reasonably

5    particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

6    (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

7    *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

8    Defendant objects to the request on the grounds that to comply with the request would be

9    an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

10    (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

11    Defendant.

12    Defendant objects to this request on the grounds it requests Defendant to search

13    electronically-stored information ("ESI") without regard to whether the ESI is reasonably

14    accessible, or whether it would impose and undue burden or cost to search, review, and produced

15    the ESI.

16    Defendant objects to this request on the grounds it seek information of Defendant and third

17    parties that is protected by the right to privacy.

18    Defendant objects to the request on the grounds that it is overly broad and unduly

19    burdensome.

20    Defendant objects to the request on the grounds that it is vague, ambiguous and

21    unintelligible.

22    Defendant objects to the request on the grounds that it is redundant with and duplicative of

23    other discovery propounded by Plaintiff to Defendant in this litigation.

24    Defendant objects to the request on the grounds that it improperly seeks discovery relating

25    to Defendant's financial condition in violation of California Civil Code § 3295.

26    Defendant objects to the request on the ground that it improperly seeks discovery relating

27    to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

28    Cal.App.4th 475, 480-481.

OBJECTIONS TO NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR) AND
REQUESTS FOR PRODUCTION OF DOCUMENTS

1    Defendant objects to the request to the extent it seeks the production of records protected

2  by the taxpayer privilege. *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

3  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

4  **OBJECTION TO REQUEST FOR PRODUCTION NO. 2:**

5    Defendant incorporates the Preliminary Statement and General Objections as though fully

6  set forth herein.

7    Defendant objects to the request on the grounds that it seeks documents from a remote time

8  period.

9    Defendant objects to the request on the grounds that it seeks documents and

10  communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

11  *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

12    Defendant objects to the request on the grounds that it seeks documents that contain

13  confidential information protected by the right to privacy under the California or United States

14  Constitution or applicable statutory or common law.

15    Defendant objects to the request on the grounds that it seeks documents that contain

16  confidential business or proprietary information protected by trade secret.

17    Defendant objects to the request on the grounds that it seeks documents that are neither

18  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

19    Defendant objects to the request on the grounds that the request fails to designate the

20  documents to be inspected either by specifically describing each individual item or by reasonably

21  particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

22  (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

23  *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

24    Defendant objects to the request on the grounds that to comply with the request would be

25  an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

26  (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

27  Defendant.

28    Defendant objects to this request on the grounds it requests Defendant to search

9

1  electronically-stored information ("ESI") without regard to whether the ESI is reasonably
2  accessible, or whether it would impose and undue burden or cost to search, review, and produced
3  the ESI.

4  Defendant objects to this request on the grounds it seek information of Defendant and third
5  parties that is protected by the right to privacy.

6  Defendant objects to the request on the grounds that it is overly broad and unduly
7  burdensome.

8  Defendant objects to the request on the grounds that it is vague, ambiguous and
9  unintelligible.

10  Defendant objects to the request on the grounds that it is redundant with and duplicative of
11  other discovery propounded by Plaintiff to Defendant in this litigation.

12  Defendant objects to the request on the grounds that it improperly seeks discovery relating
13  to Defendant's financial condition in violation of California Civil Code § 3295.

14  Defendant objects to the request on the ground that it improperly seeks discovery relating
15  to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114
16  Cal.App.4th 475, 480-481.

17  Defendant objects to the request to the extent it seeks the production of records protected
18  by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*
19  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

20  **OBJECTION TO REQUEST FOR PRODUCTION NO. 3:**

21  Defendant incorporates the Preliminary Statement and General Objections as though fully
22  set forth herein.

23  Defendant objects to the request on the grounds that it seeks documents from a remote time
24  period.

25  Defendant objects to the request on the grounds that it seeks documents and
26  communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*
27  *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

28  Defendant objects to the request on the grounds that it seeks documents that contain

10

1  confidential information protected by the right to privacy under the California or United States

2  Constitution or applicable statutory or common law.

3      Defendant objects to the request on the grounds that it seeks documents that contain

4  confidential business or proprietary information protected by trade secret.

5      Defendant objects to the request on the grounds that it seeks documents that are neither

6  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

7      Defendant objects to the request on the grounds that the request fails to designate the

8  documents to be inspected either by specifically describing each individual item or by reasonably

9  particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

10  (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

11  *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

12      Defendant objects to the request on the grounds that to comply with the request would be

13  an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

14  (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

15  Defendant.

16      Defendant objects to this request on the grounds it requests Defendant to search

17  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

18  accessible, or whether it would impose and undue burden or cost to search, review, and produced

19  the ESI.

20      Defendant objects to this request on the grounds it seek information of Defendant and third

21  parties that is protected by the right to privacy.

22      Defendant objects to the request on the grounds that it is overly broad and unduly

23  burdensome.

24      Defendant objects to the request on the grounds that it is vague, ambiguous and

25  unintelligible.

26      Defendant objects to the request on the grounds that it is redundant with and duplicative of

27  other discovery propounded by Plaintiff to Defendant in this litigation.

28      Defendant objects to the request on the grounds that it improperly seeks discovery relating

1    to Defendant's financial condition in violation of California Civil Code § 3295.

2        Defendant objects to the request on the ground that it improperly seeks discovery relating

3    to Defendant's confidential financial affairs. *See Fortunato v. Superior Court* (2003) 114

4    Cal.App.4th 475, 480-481.

5        Defendant objects to the request to the extent it seeks the production of records protected

6    by the taxpayer privilege. *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

7    *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

8    **OBJECTION TO REQUEST FOR PRODUCTION NO. 4:**

9        Defendant incorporates the Preliminary Statement and General Objections as though fully

10    set forth herein.

11        Defendant objects to the request on the grounds that it seeks documents from a remote time

12    period.

13        Defendant objects to the request on the grounds that it seeks documents and

14    communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

15    *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

16        Defendant objects to the request on the grounds that it seeks documents that contain

17    confidential information protected by the right to privacy under the California or United States

18    Constitution or applicable statutory or common law.

19        Defendant objects to the request on the grounds that it seeks documents that contain

20    confidential business or proprietary information protected by trade secret.

21        Defendant objects to the request on the grounds that it seeks documents that are neither

22    relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

23        Defendant objects to the request on the grounds that the request fails to designate the

24    documents to be inspected either by specifically describing each individual item or by reasonably

25    particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

26    (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

27    *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

28        Defendant objects to the request on the grounds that to comply with the request would be

1  an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

2  (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

3  Defendant.

4       Defendant objects to this request on the grounds it requests Defendant to search

5  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

6  accessible, or whether it would impose and undue burden or cost to search, review, and produced

7  the ESI.

8       Defendant objects to this request on the grounds it seek information of Defendant and third

9  parties that is protected by the right to privacy.

10       Defendant objects to the request on the grounds that it is overly broad and unduly

11  burdensome.

12       Defendant objects to the request on the grounds that it is vague, ambiguous and

13  unintelligible.

14       Defendant objects to the request on the grounds that it is redundant with and duplicative of

15  other discovery propounded by Plaintiff to Defendant in this litigation.

16       Defendant objects to the request on the grounds that it improperly seeks discovery relating

17  to Defendant's financial condition in violation of California Civil Code § 3295.

18       Defendant objects to the request on the ground that it improperly seeks discovery relating

19  to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

20  Cal.App.4th 475, 480-481.

21       Defendant objects to the request to the extent it seeks the production of records protected

22  by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

23  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

24  **OBJECTION TO REQUEST FOR PRODUCTION NO. 5:**

25       Defendant incorporates the Preliminary Statement and General Objections as though fully

26  set forth herein.

27       Defendant objects to the request on the grounds that it seeks documents from a remote time

28  period.

13

1         Defendant objects to the request on the grounds that it seeks documents and

2  communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

3  *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

4         Defendant objects to the request on the grounds that it seeks documents that contain

5  confidential information protected by the right to privacy under the California or United States

6  Constitution or applicable statutory or common law.

7         Defendant objects to the request on the grounds that it seeks documents that contain

8  confidential business or proprietary information protected by trade secret.

9         Defendant objects to the request on the grounds that it seeks documents that are neither

10  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

11         Defendant objects to the request on the grounds that the request fails to designate the

12  documents to be inspected either by specifically describing each individual item or by reasonably

13  particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

14  (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

15  *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

16         Defendant objects to the request on the grounds that to comply with the request would be

17  an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

18  (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

19  Defendant.

20         Defendant objects to this request on the grounds it requests Defendant to search

21  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

22  accessible, or whether it would impose and undue burden or cost to search, review, and produced

23  the ESI.

24         Defendant objects to this request on the grounds it seek information of Defendant and third

25  parties that is protected by the right to privacy.

26         Defendant objects to the request on the grounds that it is overly broad and unduly

27  burdensome.

28         Defendant objects to the request on the grounds that it is vague, ambiguous and

1  unintelligible.

2       Defendant objects to the request on the grounds that it is redundant with and duplicative of

3  other discovery propounded by Plaintiff to Defendant in this litigation.

4       Defendant objects to the request on the grounds that it improperly seeks discovery relating

5  to Defendant's financial condition in violation of California Civil Code § 3295.

6       Defendant objects to the request on the ground that it improperly seeks discovery relating

7  to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

8  Cal.App.4th 475, 480-481.

9       Defendant objects to the request to the extent it seeks the production of records protected

10  by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

11  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

12  **OBJECTION TO REQUEST FOR PRODUCTION NO. 6:**

13       Defendant incorporates the Preliminary Statement and General Objections as though fully

14  set forth herein.

15       Defendant objects to the request on the grounds that it seeks documents from a remote time

16  period.

17       Defendant objects to the request on the grounds that it seeks documents and

18  communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

19  *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

20       Defendant objects to the request on the grounds that it seeks documents that contain

21  confidential information protected by the right to privacy under the California or United States

22  Constitution or applicable statutory or common law.

23       Defendant objects to the request on the grounds that it seeks documents that contain

24  confidential business or proprietary information protected by trade secret.

25       Defendant objects to the request on the grounds that it seeks documents that are neither

26  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

27       Defendant objects to the request on the grounds that the request fails to designate the

28  documents to be inspected either by specifically describing each individual item or by reasonably

1    particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

2    (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

3    *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

4         Defendant objects to the request on the grounds that to comply with the request would be

5    an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

6    (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

7    Defendant.

8         Defendant objects to this request on the grounds it requests Defendant to search

9    electronically-stored information ("ESI") without regard to whether the ESI is reasonably

10   accessible, or whether it would impose and undue burden or cost to search, review, and produced

11   the ESI.

12        Defendant objects to this request on the grounds it seek information of Defendant and third

13   parties that is protected by the right to privacy.

14        Defendant objects to the request on the grounds that it is overly broad and unduly

15   burdensome.

16        Defendant objects to the request on the grounds that it is vague, ambiguous and

17   unintelligible.

18        Defendant objects to the request on the grounds that it is redundant with and duplicative of

19   other discovery propounded by Plaintiff to Defendant in this litigation.

20        Defendant objects to the request on the grounds that it improperly seeks discovery relating

21   to Defendant's financial condition in violation of California Civil Code § 3295.

22        Defendant objects to the request on the ground that it improperly seeks discovery relating

23   to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

24   Cal.App.4th 475, 480-481.

25        Defendant objects to the request to the extent it seeks the production of records protected

26   by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

27   *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

28

OBJECTIONS TO NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR) AND
REQUESTS FOR PRODUCTION OF DOCUMENTS

**OBJECTION TO REQUEST FOR PRODUCTION NO. 7:**

Defendant incorporates the Preliminary Statement and General Objections as though fully set forth herein.

Defendant objects to the request on the grounds that it seeks documents from a remote time period.

Defendant objects to the request on the grounds that it seeks documents and communications protected by the attorney-client privilege, work product doctrine (*See, Coito v. Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

Defendant objects to the request on the grounds that it seeks documents that contain confidential information protected by the right to privacy under the California or United States Constitution or applicable statutory or common law.

Defendant objects to the request on the grounds that it seeks documents that contain confidential business or proprietary information protected by trade secret.

Defendant objects to the request on the grounds that it seeks documents that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Defendant objects to the request on the grounds that the request fails to designate the documents to be inspected either by specifically describing each individual item or by reasonably particularizing each category of item as required by *Code of Civil Procedure* section 2031.030. (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

Defendant objects to the request on the grounds that to comply with the request would be an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the Defendant.

Defendant objects to this request on the grounds it requests Defendant to search electronically-stored information ("ESI") without regard to whether the ESI is reasonably accessible, or whether it would impose and undue burden or cost to search, review, and produced the ESI.

17

1    Defendant objects to this request on the grounds it seek information of Defendant and third

2 parties that is protected by the right to privacy.

3    Defendant objects to the request on the grounds that it is overly broad and unduly

4 burdensome.

5    Defendant objects to the request on the grounds that it is vague, ambiguous and

6 unintelligible.

7    Defendant objects to the request on the grounds that it is redundant with and duplicative of

8 other discovery propounded by Plaintiff to Defendant in this litigation.

9    Defendant objects to the request on the grounds that it improperly seeks discovery relating

10 to Defendant's financial condition in violation of California Civil Code § 3295.

11    Defendant objects to the request on the ground that it improperly seeks discovery relating

12 to Defendant's confidential financial affairs. *See Fortunato v. Superior Court* (2003) 114

13 Cal.App.4th 475, 480-481.

14    Defendant objects to the request to the extent it seeks the production of records protected

15 by the taxpayer privilege. *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

16 *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

17 **OBJECTION TO REQUEST FOR PRODUCTION NO. 8:**

18    Defendant incorporates the Preliminary Statement and General Objections as though fully

19 set forth herein.

20    Defendant objects to the request on the grounds that it seeks documents from a remote time

21 period.

22    Defendant objects to the request on the grounds that it seeks documents and

23 communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

24 *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

25    Defendant objects to the request on the grounds that it seeks documents that contain

26 confidential information protected by the right to privacy under the California or United States

27 Constitution or applicable statutory or common law.

28    Defendant objects to the request on the grounds that it seeks documents that contain

18

1  confidential business or proprietary information protected by trade secret.

2       Defendant objects to the request on the grounds that it seeks documents that are neither

3  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

4       Defendant objects to the request on the grounds that the request fails to designate the

5  documents to be inspected either by specifically describing each individual item or by reasonably

6  particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

7  (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

8  *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

9       Defendant objects to the request on the grounds that to comply with the request would be

10  an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

11  (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

12  Defendant.

13       Defendant objects to this request on the grounds it requests Defendant to search

14  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

15  accessible, or whether it would impose and undue burden or cost to search, review, and produced

16  the ESI.

17       Defendant objects to this request on the grounds it seek information of Defendant and third

18  parties that is protected by the right to privacy.

19       Defendant objects to the request on the grounds that it is overly broad and unduly

20  burdensome.

21       Defendant objects to the request on the grounds that it is vague, ambiguous and

22  unintelligible.

23       Defendant objects to the request on the grounds that it is redundant with and duplicative of

24  other discovery propounded by Plaintiff to Defendant in this litigation.

25       Defendant objects to the request on the grounds that it improperly seeks discovery relating

26  to Defendant's financial condition in violation of California Civil Code § 3295.

27       Defendant objects to the request on the ground that it improperly seeks discovery relating

28  to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

1 | Cal.App.4th 475, 480-481.

2 |       Defendant objects to the request to the extent it seeks the production of records protected

3 | by the taxpayer privilege. *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

4 | *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

5 | **OBJECTION TO REQUEST FOR PRODUCTION NO. 9:**

6 |       Defendant incorporates the Preliminary Statement and General Objections as though fully

7 | set forth herein.

8 |       Defendant objects to the request on the grounds that it seeks documents from a remote time

9 | period.

10 |       Defendant objects to the request on the grounds that it seeks documents and

11 | communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

12 | *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

13 |       Defendant objects to the request on the grounds that it seeks documents that contain

14 | confidential information protected by the right to privacy under the California or United States

15 | Constitution or applicable statutory or common law.

16 |       Defendant objects to the request on the grounds that it seeks documents that contain

17 | confidential business or proprietary information protected by trade secret.

18 |       Defendant objects to the request on the grounds that it seeks documents that are neither

19 | relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

20 |       Defendant objects to the request on the grounds that the request fails to designate the

21 | documents to be inspected either by specifically describing each individual item or by reasonably

22 | particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

23 | (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

24 | *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

25 |       Defendant objects to the request on the grounds that to comply with the request would be

26 | an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

27 | (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

28 | Defendant.

1    Defendant objects to this request on the grounds it requests Defendant to search

2    electronically-stored information ("ESI") without regard to whether the ESI is reasonably

3    accessible, or whether it would impose and undue burden or cost to search, review, and produced

4    the ESI.

5    Defendant objects to this request on the grounds it seek information of Defendant and third

6    parties that is protected by the right to privacy.

7    Defendant objects to the request on the grounds that it is overly broad and unduly

8    burdensome.

9    Defendant objects to the request on the grounds that it is vague, ambiguous and

10   unintelligible.

11   Defendant objects to the request on the grounds that it is redundant with and duplicative of

12   other discovery propounded by Plaintiff to Defendant in this litigation.

13   Defendant objects to the request on the grounds that it improperly seeks discovery relating

14   to Defendant's financial condition in violation of California Civil Code § 3295.

15   Defendant objects to the request on the ground that it improperly seeks discovery relating

16   to Defendant's confidential financial affairs. *See Fortunato v. Superior Court* (2003) 114

17   Cal.App.4th 475, 480-481.

18   Defendant objects to the request to the extent it seeks the production of records protected

19   by the taxpayer privilege. *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

20   *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

21   **OBJECTION TO REQUEST FOR PRODUCTION NO. 10:**

22   Defendant incorporates the Preliminary Statement and General Objections as though fully

23   set forth herein.

24   Defendant objects to the request on the grounds that it seeks documents from a remote time

25   period.

26   Defendant objects to the request on the grounds that it seeks documents and

27   communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

28   *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

21

1    Defendant objects to the request on the grounds that it seeks documents that contain

2  confidential information protected by the right to privacy under the California or United States

3  Constitution or applicable statutory or common law.

4    Defendant objects to the request on the grounds that it seeks documents that contain

5  confidential business or proprietary information protected by trade secret.

6    Defendant objects to the request on the grounds that it seeks documents that are neither

7  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

8    Defendant objects to the request on the grounds that the request fails to designate the

9  documents to be inspected either by specifically describing each individual item or by reasonably

10  particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

11  (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

12  *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

13    Defendant objects to the request on the grounds that to comply with the request would be

14  an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

15  (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

16  Defendant.

17    Defendant objects to this request on the grounds it requests Defendant to search

18  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

19  accessible, or whether it would impose and undue burden or cost to search, review, and produced

20  the ESI.

21    Defendant objects to this request on the grounds it seek information of Defendant and third

22  parties that is protected by the right to privacy.

23    Defendant objects to the request on the grounds that it is overly broad and unduly

24  burdensome.

25    Defendant objects to the request on the grounds that it is vague, ambiguous and

26  unintelligible.

27    Defendant objects to the request on the grounds that it is redundant with and duplicative of

28  other discovery propounded by Plaintiff to Defendant in this litigation.

1    Defendant objects to the request on the grounds that it improperly seeks discovery relating

2  to Defendant's financial condition in violation of California Civil Code § 3295.

3    Defendant objects to the request on the ground that it improperly seeks discovery relating

4  to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

5  Cal.App.4th 475, 480-481.

6    Defendant objects to the request to the extent it seeks the production of records protected

7  by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

8  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

9  **OBJECTION TO REQUEST FOR PRODUCTION NO. 11:**

10    Defendant incorporates the Preliminary Statement and General Objections as though fully

11  set forth herein.

12    Defendant objects to the request on the grounds that it seeks documents from a remote time

13  period.

14    Defendant objects to the request on the grounds that it seeks documents and

15  communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

16  *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

17    Defendant objects to the request on the grounds that it seeks documents that contain

18  confidential information protected by the right to privacy under the California or United States

19  Constitution or applicable statutory or common law.

20    Defendant objects to the request on the grounds that it seeks documents that contain

21  confidential business or proprietary information protected by trade secret.

22    Defendant objects to the request on the grounds that it seeks documents that are neither

23  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

24    Defendant objects to the request on the grounds that the request fails to designate the

25  documents to be inspected either by specifically describing each individual item or by reasonably

26  particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

27  (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

28  *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

23

1    Defendant objects to the request on the grounds that to comply with the request would be

2 an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

3 (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

4 Defendant.

5    Defendant objects to this request on the grounds it requests Defendant to search

6 electronically-stored information ("ESI") without regard to whether the ESI is reasonably

7 accessible, or whether it would impose and undue burden or cost to search, review, and produced

8 the ESI.

9    Defendant objects to this request on the grounds it seek information of Defendant and third

10 parties that is protected by the right to privacy.

11    Defendant objects to the request on the grounds that it is overly broad and unduly

12 burdensome.

13    Defendant objects to the request on the grounds that it is vague, ambiguous and

14 unintelligible.

15    Defendant objects to the request on the grounds that it is redundant with and duplicative of

16 other discovery propounded by Plaintiff to Defendant in this litigation.

17    Defendant objects to the request on the grounds that it improperly seeks discovery relating

18 to Defendant's financial condition in violation of California Civil Code § 3295.

19    Defendant objects to the request on the ground that it improperly seeks discovery relating

20 to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

21 Cal.App.4th 475, 480-481.

22    Defendant objects to the request to the extent it seeks the production of records protected

23 by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

24 *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 12:**

   Defendant incorporates the Preliminary Statement and General Objections as though fully

set forth herein.

   Defendant objects to the request on the grounds that it seeks documents from a remote time

period.

24

1   Defendant objects to the request on the grounds that it seeks documents and

2   communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

3   *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

4   Defendant objects to the request on the grounds that it seeks documents that contain

5   confidential information protected by the right to privacy under the California or United States

6   Constitution or applicable statutory or common law.

7   Defendant objects to the request on the grounds that it seeks documents that contain

8   confidential business or proprietary information protected by trade secret.

9   Defendant objects to the request on the grounds that it seeks documents that are neither

10  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

11  Defendant objects to the request on the grounds that the request fails to designate the

12  documents to be inspected either by specifically describing each individual item or by reasonably

13  particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

14  (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

15  *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

16  Defendant objects to the request on the grounds that to comply with the request would be

17  an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

18  (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

19  Defendant.

20  Defendant objects to this request on the grounds it requests Defendant to search

21  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

22  accessible, or whether it would impose and undue burden or cost to search, review, and produced

the ESI.

23  Defendant objects to this request on the grounds it seek information of Defendant and third

24  parties that is protected by the right to privacy.

25  Defendant objects to the request on the grounds that it is overly broad and unduly

26  burdensome.

27  Defendant objects to the request on the grounds that it is vague, ambiguous and

28  unintelligible.

25

OBJECTIONS TO NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1    Defendant objects to the request on the grounds that it is redundant with and duplicative of

2    other discovery propounded by Plaintiff to Defendant in this litigation.

3    Defendant objects to the request on the grounds that it improperly seeks discovery relating

4    to Defendant's financial condition in violation of California Civil Code § 3295.

5    Defendant objects to the request on the ground that it improperly seeks discovery relating

6    to Defendant's confidential financial affairs. *See Fortunato v. Superior Court* (2003) 114

7    Cal.App.4th 475, 480-481.

8    Defendant objects to the request to the extent it seeks the production of records protected

9    by the taxpayer privilege. *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

10    *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

11    **OBJECTION TO REQUEST FOR PRODUCTION NO. 13:**

12    Defendant incorporates the Preliminary Statement and General Objections as though fully

13    set forth herein.

14    Defendant objects to the request on the grounds that it seeks documents from a remote time

15    period.

16    Defendant objects to the request on the grounds that it seeks documents and

17    communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

18    *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

19    Defendant objects to the request on the grounds that it seeks documents that contain

20    confidential information protected by the right to privacy under the California or United States

21    Constitution or applicable statutory or common law.

22    Defendant objects to the request on the grounds that it seeks documents that contain

23    confidential business or proprietary information protected by trade secret.

24    Defendant objects to the request on the grounds that it seeks documents that are neither

25    relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

26    Defendant objects to the request on the grounds that the request fails to designate the

27    documents to be inspected either by specifically describing each individual item or by reasonably

28    particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

26

1    (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

2    *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

3         Defendant objects to the request on the grounds that to comply with the request would be

4    an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

5    (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

6    Defendant.

7         Defendant objects to this request on the grounds it requests Defendant to search

8    electronically-stored information ("ESI") without regard to whether the ESI is reasonably

9    accessible, or whether it would impose and undue burden or cost to search, review, and produced

10   the ESI.

11        Defendant objects to this request on the grounds it seek information of Defendant and third

12   parties that is protected by the right to privacy.

13        Defendant objects to the request on the grounds that it is overly broad and unduly

14   burdensome.

15        Defendant objects to the request on the grounds that it is vague, ambiguous and

16   unintelligible.

17        Defendant objects to the request on the grounds that it is redundant with and duplicative of

18   other discovery propounded by Plaintiff to Defendant in this litigation.

19        Defendant objects to the request on the grounds that it improperly seeks discovery relating

20   to Defendant's financial condition in violation of California Civil Code § 3295.

21        Defendant objects to the request on the ground that it improperly seeks discovery relating

22   to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

23   Cal.App.4th 475, 480-481.

24        Defendant objects to the request to the extent it seeks the production of records protected

25   by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

26   *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 14:**

27        Defendant incorporates the Preliminary Statement and General Objections as though fully

28   set forth herein.

27

OBJECTIONS TO NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR) AND
REQUESTS FOR PRODUCTION OF DOCUMENTS

1    Defendant objects to the request on the grounds that it seeks documents from a remote time
2    period.

3    Defendant objects to the request on the grounds that it seeks documents and
4    communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*
5    *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

6    Defendant objects to the request on the grounds that it seeks documents that contain
7    confidential information protected by the right to privacy under the California or United States
8    Constitution or applicable statutory or common law.

9    Defendant objects to the request on the grounds that it seeks documents that contain
10    confidential business or proprietary information protected by trade secret.

11    Defendant objects to the request on the grounds that it seeks documents that are neither
12    relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

13    Defendant objects to the request on the grounds that the request fails to designate the
14    documents to be inspected either by specifically describing each individual item or by reasonably
15    particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.
16    (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*
17    *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

18    Defendant objects to the request on the grounds that to comply with the request would be
19    an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*
20    (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the
     Defendant.

21    Defendant objects to this request on the grounds it requests Defendant to search
22    electronically-stored information ("ESI") without regard to whether the ESI is reasonably
23    accessible, or whether it would impose and undue burden or cost to search, review, and produced
24    the ESI.

25    Defendant objects to this request on the grounds it seek information of Defendant and third
26    parties that is protected by the right to privacy.

27    Defendant objects to the request on the grounds that it is overly broad and unduly
28    burdensome.

1    Defendant objects to the request on the grounds that it is vague, ambiguous and

2 unintelligible.

3    Defendant objects to the request on the grounds that it is redundant with and duplicative of

4 other discovery propounded by Plaintiff to Defendant in this litigation.

5    Defendant objects to the request on the grounds that it improperly seeks discovery relating

6 to Defendant's financial condition in violation of California Civil Code § 3295.

7    Defendant objects to the request on the ground that it improperly seeks discovery relating

8 to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

9 Cal.App.4th 475, 480-481.

10    Defendant objects to the request to the extent it seeks the production of records protected

11 by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

12 *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

13

14 DATED:  April 24, 2025                    LINER FREEDMAN TAITELMAN + COOLEY, LLP

15

16                                          Bryan J. Freedman, Esq.
                                           Sean M. Hardy, Esq.
17                                          Jason H. Sunshine, Esq.
                                           Attorneys for Defendant
18                                          VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)

19

20

21

22

23

24

25

26

27

28

OBJECTIONS TO NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR) AND
REQUESTS FOR PRODUCTION OF DOCUMENTS

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**          ]
                                 ]  **ss.**
**COUNTY OF LOS ANGELES**        ]

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1801 Century Park West, 5ᵗʰ Floor, Los Angeles, California 90067.

      On **April 24, 2025**, I served the foregoing document(s) entitled **OBJECTIONS TO NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT) AND REQUESTS FOR PRODUCTION OF DOCUMENTS** on the interested parties in this action as follows:

| | |
|---|---|
| Brian L. Williams | BWilliams@GGTrialLaw.com |
| Claire-Lise Y. Kutlay | CKutlay@GGTrialLaw.com |
| Matthew T. Hale | MHale@GGTrialLaw.com |
| Philip A. Horlacher | PHorlacher@GGTrialLaw.com |
| Kathie Lee | KLee@GGTrialLaw.com |
| Crystal M. Rose | CRose@GGTrialLaw.com |
| Maria Sance | MSance@GGTrialLaw.com |
| GREENBERG GROSS LLP | |
| 601 S. Figueroa Street, 30ᵗʰ Floor | |
| Los Angeles, California 90017 | |
| Tel. (213) 334-7000 | |
| Fax. (213) 334-7001 | |
| | |
| *Attorneys for Plaintiff Asta Jonasson* | |

☒ **By Overnight Mail:**  by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill and causing the envelope to be delivered to a Federal Express agent for next business day delivery to the address(es) listed below.

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on **April 24, 2025**, at Los Angeles, California.

                             */s/ Vaneta D. Birtha*
                               Vaneta D. Birtha

# EXHIBIT 6



Matthew T. Hale
Direct Dial: (213) 334-7060
MHale@GGTrialLaw.com

May 1, 2025

**VIA EMAIL ONLY**

Bryan J. Freedman
Sean M. Hardy
Jason Sunshine
FREEDMAN TAITELMAN + COOLEY LLP
1801 Century Park West, 5th Floor
Los Angles, CA 90067
bfreedman@ftlllp.com
smhardy@ftlllp.com
jsunshine@ftlllp.com

      **Re:**     ***Asta Jonasson v. One Race Films, Inc., et al.***

Counsel:

      I write to meet and confer regarding Vin Diesel's general objections to Plaintiff's deposition subpoena.

      First, Mr. Diesel's objection based on scheduling is not well-taken. Plaintiff is not required to "clear dates" before noticing a deposition. A deposition subpoena is valid if it complies with the timing and service requirements of Code of Civil Procedure sections 2025.210 and 2020.220. Plaintiff already initiated a good faith effort to coordinate the deposition, and your office failed to respond in any way until making the instant objection.

      Second, Mr. Diesel's objection regarding in-person attendance misinterprets the CCP § 2025.310. The deponent cannot simply elect to be separate from the attorney taking the deposition. It is the attorney or party's election to physically present at the location of the deponent: "Subject to Section 2025.420, any party or attorney of record may, but is not required to, be physically present at the deposition at the location of the deponent."

      Third, Mr. Diesel again fails to even straightforwardly assert that he in fact lives more than 150 miles from our office in Downtown Los Angeles, where the deposition is to take place. Instead, Mr. Diesel again uses the qualifying language, "to the extent the deposition is noticed for a location more than 150 miles from Defendant's residence." Mr. Diesel's objection is so vague and uncertain as to operate as a waiver of any such objection. My April 7, 2025 letter even inquired about this previously stated objection, but Mr. Diesel chose to reuse this equivocal objection nonetheless.

**Greenberg Gross LLP**

May 1, 2025
Page 2

Fourth, Ms. Jonasson's deposition has not been noticed for any future date, no less in the "reasonably near future," as required by the related LASC Local Rule. Defendant has chosen to not re-notice Plaintiff's deposition since early 2024.

Fifth, there is no seven hour limit applicable to employment cases, like this one. (CCP § 2025.290(b)(4)). Further, the notice does not assume any such time period.

Sixth, the objection regarding a failure to comply with requirements of a deposition notice lacks any specificity as to what requirements the notice fails to comply with. This objection should be disregarded due to its ambiguity.

Seventh, this objection does not relate to Mr. Diesel sitting for his deposition but rather to the documents demanded in the notice. This dispute will be addressed elsewhere.

Eighth, the objection merely asserts good cause exists to stay the deposition pending the MJOP. The cases cited, *Silver v. City of Los Angeles* (1966) 245 Cal. App. 2d 673 and *Terminal Equip. Co. v. City* (1990) 221 Cal. App. 3d 234 do not stand for this proposition. *Terminal* and *Silver* are both cases where a plaintiff has yet to get past the pleadings stage and the court stated that the plaintiff had to state at least one cause of action before discovery or deposition would be permitted. Of course, this matter is past the pleadings stage, and the MJOP does not even relate to each and every cause of action. Furthermore, the Defendants would need to file a Motion to Stay Discovery in order to stay fact discovery, and they have not done so.

Please let us know when you are available for a call on these topics tomorrow or early next week. Thereafter, we will need to seek relief from the Court.

Very truly yours,

Matthew T. Hale

# EXHIBIT 7

| | |
|---|---|
| **From:** | Jason Sunshine <jsunshine@lftcllp.com> |
| **Sent:** | Friday, May 9, 2025 5:18 PM |
| **To:** | Matthew T. Hale |
| **Cc:** | Sean M. Hardy; Bryan Freedman; Joanna Rivera; Miles Cooley; Vaneta Birtha; Jemma E. Dunn; Brian Williams |
| **Subject:** | [EXT] RE: Jonasson v. Diesel, et al. |

Matt:

Further to our meet and confer discussion on Monday, we can confirm that Samantha Vincent is available for deposition on May 29.  Non-party Valentino Morales is available for deposition on June 3.  Vin Diesel is available in-person on June 24 and June 25.  Please confirm those dates, so we can lock them in.  We are in the process of obtaining availability from non-party Thyrale Thai and should be in a position to offer the same to you next week.  Additionally, per our prior request and discussion, please provide Ms. Jonasson's availability for deposition during this period.  Finally, per our prior proposal and discussion on Monday, we reiterate that we have confirmed that Department 71 accepts stipulations and proposed orders to continue trial dates, and that we are amenable to doing so given your protestations regarding timing constraints.

Thanks,
Jason


Jason H. Sunshine, Esq.
LINER FREEDMAN TAITELMAN + COOLEY LLP
1801 Century Park West, 5th Floor
Los Angeles, California  90067
Tel: (310) 201-0005
Direct: (310) 201-4285
Cell: (917) 841-8716
Fax: (310) 201-0045
Web: www.lftcllp.com

*Please note that LFTC's domain name has changed from ftllp.com to lftcllp.com. Emails sent from this domain are not spam.*

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and, as such, is privileged and confidential. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

# EXHIBIT 8

| | |
|---|---|
| **From:** | Matthew T. Hale |
| **Sent:** | Tuesday, May 13, 2025 10:12 AM |
| **To:** | Jason Sunshine |
| **Cc:** | Sean M. Hardy; Bryan Freedman; Joanna Rivera; Miles Cooley; Vaneta Birtha; Jemma E. Dunn; Brian Williams |
| **Subject:** | RE: Jonasson v. Diesel, et al. |

Hi Jason,

Yes, I'll presume the in-person location is Los Angeles, but please let us know immediately if this is not correct. In the interim, we'll notice them for our LA office. I can confirm the dates for Valentino Morales (6/3) and Vin Diesel (6/24-25). We will notice these depositions shortly.

We will need additional dates for Samantha Vincent's deposition as 5/29 does not work for us. Please provide those and dates for Ms. Thai as soon as possible. Thank you.

We are not amenable to continuing the trial.

**Matthew T. Hale**
**Counsel - Assistant Director of Litigation | Greenberg Gross LLP**

One Summerlin | 1980 Festival Plaza Drive | Suite 730 | Las Vegas, NV 89135
Direct 702.777.0891 | Main 702.777.0888
MHale@GGTrialLaw.com



Los Angeles | Orange County | Las Vegas | New York

1

# EXHIBIT 9

1   BRIAN L. WILLIAMS, State Bar No. 227948
     BWilliams@GGTrialLaw.com
2   JEMMA E. DUNN, State Bar No. 258454
     JDunn@GGTrialLaw.com
3   MATTHEW T. HALE, State Bar No. 303826
     MHale@GGTrialLaw.com
4   GREENBERG GROSS LLP
    601 S. Figueroa Street, 30th Floor
5   Los Angeles, California 90017
    Telephone: (213) 334-7000
6   Facsimile: (213) 334-7001

7   Attorneys for Plaintiff Asta Jonasson

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

10

11  ASTA JONASSON, an individual,            Case No. 23STCV31143

12            Plaintiff,                      Assigned for All Purposes to:
                                              Hon. Daniel M. Crowley, Dept. 71
13       v.
                                             **AMENDED NOTICE OF DEPOSITION**
14  VIN DIESEL (f/k/a Mark Sinclair Vincent), an   **TO DEFENDANT VIN DIESEL (F/K/A**
    individual; SAMANTHA VINCENT, an         **MARK SINCLAIR VINCENT) AND**
15  individual; ONE RACE PRODUCTIONS,        **REQUESTS FOR PRODUCTION OF**
    INC., a California corporation; ONE RACE  **DOCUMENTS**
16  FILMS, INC., a California corporation; and
    DOES 1 to 20, inclusive,                 Date:      June 24-25, 2025
17                                            Time:      9:00 a.m.
              Defendants.                     Place:     Greenberg Gross LLP
18                                                       601 S. Figueroa Street, 30th Floor
                                                         Los Angeles, CA 90017
19
                                             Action Filed:      December 21, 2023
20                                            Trial Date:        August 18, 2025

21

22

23

24

25

26

27

28

---

AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)
AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1   TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2        PLEASE TAKE NOTICE that, pursuant to Code of Civil Procedure Section 2025.010 *et*

3   *seq.*, Plaintiff Asta Jonasson will take the deposition of defendant Vin Diesel (f/k/a Mark Sinclair

4   Vincent).  The deposition will take place at the office of Greenberg Gross LLP, 601 S. Figueroa

5   Street, 30th Floor, Los Angeles, California 90017.  The deposition shall commence on June 24-25,

6   2025, at 9:00 a.m. and shall continue from day to day thereafter until completed.  The deposition

7   will be recorded using audio or video technology and will be conducted using the stenographic

8   method.

9        **PLEASE TAKE FURTHER NOTICE THAT**, pursuant to Code of Civil Procedure

10  Section 2034.415, the Deponent is directed to produce the documents and things set forth below

11  no later than three business days before the deposition.

12                          **DEFINITIONS**

13       Words in ALL CAPITAL LETTERS in these definitions, instructions, and Requests are

14  defined as follows:

15       1.    The term "DOCUMENT(S)" means all documents and electronically stored

16  information—including but not limited to all emails, text messages, writings, drawings, graphs,

17  charts, photographs, video and sound recordings, images, worksheets, and other data and data

18  compilations—stored in any medium from which information can be obtained either directly or, if

19  necessary, after translation into a reasonably usable form, and includes COMMUNICATIONS.

20       2.    The term "COMMUNICATION(S)" means and refers to all correspondence,

21  discussions, conversations, interviews, telephone calls, emails, instant messages, voice mail

22  messages, negotiations, notices, agreements, understandings, meetings, recordings, audiotapes,

23  videotapes, transcripts, facsimiles, telegrams, charts, spreadsheets, visual images, presentations,

24  and all other transmissions of information, thoughts, documents, electronically stored information,

25  or ideas between two or more PERSONS.

26       3.    The terms "YOU" and "YOUR" means and refers to defendant Vin Diesel.

27       4.    The terms "any" and "all" are interchangeable and shall be construed disjunctively,

28  conjunctively, or both, as necessary to bring within the scope of this discovery request all matters

AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)
AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1   which might otherwise be construed to be outside of its scope.

2          5.      The term "each" means "each and every."

3          6.      The term "including" means "including, but not limited to."

4          7.      The use of the singular form of any word includes the plural and vice versa.

5                              **INSTRUCTIONS**

6          1.      The original of each responsive item (or a legible copy if the original is not within

7   YOUR possession, custody, or control) shall be identified and produced at the above-stated date,

8   time, and place unless complete and legible copies of each responsive item are received at the

9   above-referenced address on or before the specified production date.  Any such production of

10  copies is without prejudice to Propounding Party's right to inspect and/or copy the original of each

11  DOCUMENT or tangible thing at a future date.

12         2.      These Requests seek the production of DOCUMENTS, and electronically stored

13  information ("ESI"), in their native format, unless some other format is agreed to in writing by

14  Propounding Party's counsel of record.

15         3.      ESI must be produced with all "metadata" intact. ("Metadata" means the data

16  embedded in electronic versions of a document that show how, when and by whom the document

17  was created, accessed or modified.)

18         4.      Any request for a DOCUMENT shall be construed to include any and all drafts,

19  versions, or revisions of such DOCUMENT.

20         5.      These Requests seek the production of all responsive DOCUMENTS within YOUR

21  possession, custody, or control, regardless of whether such DOCUMENTS are possessed directly

22  by YOU.

23         6.      In the event any DOCUMENTS responsive to these Requests are withheld from

24  production based upon a claim of attorney-client privilege, attorney work-product doctrine, or any

25  other privilege or protection from discovery, YOU are requested to provide a privilege log in

26  which YOU explain the basis of the privilege or other protection you are claiming, and provide a

27  description of the DOCUMENTS YOU are withholding sufficient to support the basis for

28  withholding the DOCUMENTS.

AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)
AND REQUESTS FOR PRODUCTION OF DOCUMENTS

7.    The conjunctive "and" should be interpreted in the disjunctive to include the term "or" and vice versa.

8.    The singular form of a word should be interpreted in the plural and vice versa.

9.    If YOUR response to any Request is that the DOCUMENTS are not in YOUR possession, custody, or control, describe in detail the efforts YOU made to locate such DOCUMENTS.

10.    If any responsive DOCUMENT was at one time in YOUR possession, custody, or control, but has been disposed of, lost, discarded, destroyed, or is no longer in YOUR possession, custody, or control for any other reason, then do the following with respect to each and every such DOCUMENT:

a.    describe the nature of the DOCUMENT, letter or memorandum;

b.    state the date of the DOCUMENT;

c.    identify the PERSONS who sent and received the original and copies of the DOCUMENT, specifying its author, addressee, and all PERSONS to whom copies were furnished, or saw same;

d.    state in as much detail as possible the subject matter and contents of the DOCUMENT; and

e.    state when the DOCUMENT was in YOUR possession, custody, or control. If objection is made to any part of a particular Request, that part should be specified in writing (together with the grounds for the objection), and any other portion of the Request to which no objection is made should be answered.

## **REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS maintained by YOU that contain the name of plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS relating to plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 3:**

All emails referring to plaintiff Asta Jonasson.

AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)
AND REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 4:**

All emails sent between YOU and plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 5:**

All voicemail messages YOU received from plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 6:**

All text messages YOU received from or sent to plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 7:**

All audio recordings of plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 8:**

All video recordings of plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 9:**

All photographs of plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 10:**

All statements, declarations, and/or affidavits signed by YOU regarding the instant lawsuit.

**REQUEST FOR PRODUCTION NO. 11:**

All unsigned drafts of statements, declarations, and/or affidavits reflecting YOUR name, regarding the instant lawsuit.

**REQUEST FOR PRODUCTION NO. 12:**

All notes or records relating to plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 13:**

All text messages YOU received relating to plaintiff Asta Jonasson.

///
///
///
///
///
///
///

AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)
AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1    **REQUEST FOR PRODUCTION NO. 14:**

2        All text messages YOU sent relating to plaintiff Asta Jonasson.

3

4    DATED:  May 13, 2025                    GREENBERG GROSS LLP

5

6

7                                    By: _____
                                          Brian L. Williams

8                                          Jemma E. Dunn
                                          Matthew T. Hale

9                                          Attorneys for Plaintiff Asta Jonasson

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)
AND REQUESTS FOR PRODUCTION OF DOCUMENTS

**<u>PROOF OF SERVICE</u>**

**Asta Jonasson v. Vin Diesel (f/k/a Mark Sinclair Vincent), et al.**
**Case No. 23STCV31143**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 601 S. Figueroa Street, 30th Floor, Los Angeles, CA 90017.

On May 13, 2025, I served true copies of the following document(s) described as **AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT) AND REQUESTS FOR PRODUCTION OF DOCUMENTS** on the interested parties in this action as follows:

Bryan J. Freedman, Esq.
Sean M. Hardy, Esq.
Jason H. Sunshine, Esq.

**LINER FREEDMAN & TAITELMAN +**
**COOLEY, LLP**
1801 Century Park West, Fifth Floor
Los Angeles, CA 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045
Emails: bfreedman@lftcllp.com;
     smhardy@lftcllp.com;
     jsunshine@lftcllp.com;     Attorneys for Defendants Once Race Films, Inc.,
     vbirtha@lftcllp.com;     One Race Production, Inc., Vin Diesel f/k/a Mark
     cpuello@lftcllp.com;     Sinclair Vincent, and Samantha Vincent

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address HNunez@GGTrialLaw.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 13, 2025, at Los Angeles, California.

_____
Hazelle T Nunez

AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)
AND REQUESTS FOR PRODUCTION OF DOCUMENTS

# EXHIBIT 10

1

2   LINER FREEDMAN TAITELMAN + COOLEY, LLP
    Bryan J. Freedman, Esq. (SBN 151990)
3   Sean M. Hardy, Esq. (SBN 266466)
    Jason Sunshine (SBN 336062)
    1801 Century Park East, 5th Floor
4   Los Angeles, CA 90067
    Tel: (310) 201-0005
5   bfreedman@lftcllp.com
    smhardy@lftcllp.com
6   jsunshine@lftcllp.com

7   Attorneys for Defendant
    VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               FOR THE COUNTY OF LOS ANGELES

10

11  ASTA JONASSON, an individual,          Case No.: 23STCV31143

12                                         [Assigned for all purposes to Judge Daniel M.
              Plaintiff,                    Crowley, Dept. 71]
13
         vs.                               **OBJECTIONS TO AMENDED NOTICE
14                                         OF DEPOSITION TO DEFENDANT VIN
                                           DIESEL (F/K/A MARK SINCLAIR
15  VIN DIESEL (f/k/a Mark Sinclair Vincent), an   VINCENT) AND REQUESTS FOR
    individual; SAMANTHA VINCENT, an       PRODUCTION OF DOCUMENTS**
    individual; ONE RACE PRODUCTIONS,
16  INC., a California corporation; ONE RACE   Date:  June 24-25, 2025
    FILMS, INC., a California corporation; and   Time:  9:00 a.m.
17  DOES 1 to 20, inclusive,               Place:  Greenberg Gross LLP
                                                   601 S. Figueroa Street, 30th Floor
18            Defendants.                           Los Angeles, CA 90017

19

20

21

22

23

24

25

26

27

28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Vin Diesel ("Defendant"), pursuant to *Code of Civil Procedure* section 2025.410, hereby objects to Plaintiff Asta Jonasson's amended notice of the June 24 to June 25, 2025 deposition of Defendant (the "Notice"), on the following grounds:

I.

**OBJECTIONS TO NOTICE OF DEPOSITION**

1.    The Defendant is no longer available to attend on the date and time specified in the Notice.

2.    The deposition was improperly noticed to require Defendant's in-person attendance at the offices of Plaintiff's counsel in the presence of a deposition officer. Defendant objects and elects pursuant to Code of Civil Procedure Section 2025.310(a), that any deposition proceed via remote means, that the deposition officer not be physically present at the time of the deposition, and that Defendant not be physically present at the time of the deposition.

3.    Defendant objects to the Notice to the extent the deposition is noticed for a location more than 150 miles from Defendant's residence, in violation of *Code of Civil Procedure* section 2025.250, subsection (a) and Code of Civil Procedure section 1989. See generally <u>Toyota Motor Corp. v. Superior Court</u> (2011) 197 Cal.App.4th 1107.

4.    Defendant objects to the Notice in that it violates the seven-hour limitation on the length of a deposition mandated by *Code of Civil Procedure* section 2025.290. The Notice improperly requires that the deposition to continue "day-to-day" until completed. The Notice improperly calls for Defendant's deposition on two consecutive dates. The burden on Defendant of an endless deposition outweighs the needs of the case.

5.    Defendant objects to the notice of deposition in that it is reasonably calculated to result in the disclosure of sensitive, proprietary, or confidential business information or trade secrets. Defendant objects into any inquiry into matters protected by Defendant's right to privacy, including without limitation Defendant's sexual history and financial condition. Defendant is entitled to a protective order pursuant to Code of Civil Procedure Section 2025.420 and Civil Code Section 3295 to prevent inquiry into improper subject matter and topics.

6.      Defendant objects to the location of the deposition set forth in the Notice, as such location is inadequate to protect Defendant's personal safety and privacy.  Defendant will meet and confer regarding the taking of a remote video deposition and potential alternative locations.

7.      Defendant objects to the Notice to the extent it fails to comply with the requirements on Code of Civil Procedure section 2025.210, *et seq.*

8.      Defendant objects that the deposition was noticed for a period in which a dispositive motion is pending.  Good cause exists to stay any deposition until after a ruling on such motion.  <u>Silver v. City of Los Angeles</u> (1966) 245 Cal. App. 2d 673; <u>Terminals Equip. Co. v. City</u> (1990) 221 Cal.App.3d 234, 247.

## II.

## <u>INTRODUCTORY STATEMENT REGARDING REQUESTS FOR PRODUCTION</u>

The following responses are made solely for the purpose of this action.  Any document or thing supplied in response to any request is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any ground that would require the exclusion of any document or thing, or portion thereof, if such document or thing were offered in evidence, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

No incidental or implied admissions are intended by the responses herein.  The fact that Defendant has supplied, or has agreed to supply, or hereafter agree to supply, a document or thing in response to any request should not be taken as an admission that the Defendant accepts or admits the existence of any facts set forth or assumed by such request or in said document, or that such document or thing constitutes admissible evidence.  The fact that Defendant has supplied, or has agreed to supply, or hereafter agrees to supply any document or thing in response to any request is not intended to be and shall not be construed to be a waiver of any part of any objection to any such request, or any part of any General Objection.

The responses herein only apply to those documents or things currently in Defendant's possession.  Defendant has not completed investigation of the facts relating to this matter, completed discovery in this matter, or completed preparation for trial in this matter.  Accordingly,

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1  Defendant reserve all rights with respect to documents or things which may be subsequently

2  located or discovered, including, without limitation, the right to use such documents at trial, and

3  further reserves any and all rights and any and all objections to any responsive documents or

4  things which may hereafter come into Defendant's possession, or which hereafter may be

5  determined to be within the scope of any such request.  Defendant disclaims any legal obligation

6  to supplement the responses herein.

7                                           III.

8                    **GENERAL OBJECTIONS TO REQUESTS FOR PRODUCTION**

9        1.    Objection:    Defendant objects to the production and inspection of documents at

10  the offices of Plaintiff's counsel at their own expense.  Defendant may be unable to locate all

11  requested documents by the date specified for production and, therefore, a mutually convenient

12  time and date can be ascertained by contacting the undersigned to make appropriate arrangement.

13  Should Defendant in the future locate any relevant requested documents now in existence but not

14  yet located, Defendant will so advise counsel for Plaintiff, subject to the objections and comments

15  set forth in these responses.

16        2.    Objection:    Defendant objects to the instructions to the extent that they conflict

17  with the provisions of Code of Civil Procedure section 2031.010. et seq., or seek to impose

18  additional obligations upon Defendant beyond those set forth under Code of Civil Procedure

19  section 2031.010.   Defendant will respond within the requirements of Code of Civil Procedure

20  section 2031.010. et seq.

21        3.    Objection:    Defendant objects to each and every request to the extent that it

22  requires the production of documents or things, which have previously been made available to the

23  Plaintiff, are equally available to the Plaintiff, or are public records.

24        4.    Objection:    Defendant objects to each and every request to the extent it seeks

25  original documents, except where there is a legitimate dispute as to the legibility or authenticity of

26  a copy.

27        5.    Objection: to each and every request to the extent it seeks the production of

28  documents or things not in the possession, custody or control of Defendant.  Defendant would

3

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

produce only those documents or things, if any, in the possession of Defendant, and would

produce documents, if any, in the manner kept by Defendant the usual course of business.

6.      Objection:      Defendant objects to the definitions contained in the requests in that

they are incomplete, vague, ambiguous, unintelligible, overbroad and oppressive, and seek to

impose obligations on Defendant beyond those imposed by the California Code of Civil

Procedure.

7.      Objection:      Defendant objects to each request to the extent that it seeks

information protected from disclosure by the attorney client privilege, the attorney work product

doctrine, the common interest privilege, the joint defense privilege or any other applicable

privilege or doctrine.  Nothing herein is intended to be, nor shall in any way be construed as, a

waiver of any attorney-client privilege, work product doctrine, the common interest privilege, the

joint defense privilege or any other applicable privilege or doctrine.  To the extent any request

may be construed as calling for disclosure of information protected by such privilege or doctrine, a

continuing objection to such Request is hereby interposed.  No such privileged information will be

provided.  In the event any privileged information is provided in connection with these responses,

such disclosure is inadvertent and is not intended to be, and shall not be deemed, a waiver of such

privilege.

8.      Objection:      Defendant objects to each request to the extent it seeks information

that is confidential, proprietary, a trade secret or private, or otherwise calls for information

protected by the right of privacy contained in Article I, Section 1 of the Constitution of the State of

California, in the United States Constitution or any other applicable privilege or protection

recognized under statute or applicable case law.

9.      Objection:      Defendant objects to each and every request to the extent it seeks

information that may violate the financial privacy rights of Defendant, third parties and individuals

who are protected under the California Constitution.

10.     Objection:      Defendant objects to each request to the extent it seeks information

not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery

of admissible evidence and would subject Defendant to oppression, harassment, and undue burden

and expense not commensurate with any legitimate discovery need.

      11.    Objection:    Defendant further objects to each request to the extent that it seeks a legal conclusion and/or an expert opinion.

      12.    Objection:    Defendant objects to each request to the extent that it seeks information already in the possession, custody, or control of Plaintiff.

      13.    Objection:    Defendant objects to each request to the extent it is argumentative and without any foundation.

      14.    Objection:    Defendant objects to each request to the extent it seeks the production, identification, or disclosure of documents or information for periods of time other than periods relevant to the claims in the Complaint, or other than periods of time properly subject to discovery.

      15.    Objection:    Defendant objects to each request to the extent it seeks the disclosure of sensitive, proprietary, or confidential business information or trade secrets.

      16.    Objection:    Defendant objects to each request to the extent that it seeks the production, identification, or disclosure of documents or information that are not limited in time or scope.

      17.    Objection:    Defendant objects to each request on the grounds it requests Defendant to search electronically-stored information ("ESI") without regard to whether the ESI is reasonably accessible, or whether it would impose and undue burden or cost to search, review, and produced the ESI.

      18.    Objection:    Because Defendant have not concluded their discovery and investigation in this action, they specifically reserve the right to amend and/or supplement their responses to the requests.

      19.    Objection:    Defendant objects to the 14 requests for production of documents, and each of them.  Plaintiff served the requests for production of documents on April 7, 2025 by electronic service.  Such a time frame is insufficient under the *California Code of Civil Procedure*, which contemplates 32 days when responding to document requests served by electronic service. *See* Cal. Code Civ. Proc. §§ 2031.260; 1013(e).

20.    Objection:    Defendant objects to the definition of "DOCUMENTS" to the extent that it conflicts with the provisions of *Evidence Code* section 250 and/or the *Code of Civil Procedure* section 2031.010. *et seq.,* or seek to impose additional obligation upon Defendant beyond those set forth under *Code of Civil Procedure* section 2031.010.

21.    Objection:    Defendant objects to the definition of the term "DOCUMENT(S)" to the extent that it is vague, ambiguous, and overbroad.

22.    Objection:    Defendant objects to the definition of the term "COMMUNICATION(S)" to the extent that it is vague, ambiguous, and overbroad.

23.    Objection:    Defendant objects to the definition of the term "YOU" to the extent that it is vague, ambiguous, and overbroad.

25.    Objection:    Defendant objects to the definition of the term "YOUR" to the extent that it is vague, ambiguous, and overbroad.

Defendant incorporates by reference these general objections to each response below.

### IV.
### OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS

### OBJECTION TO REQUEST FOR PRODUCTION NO. 1:

Defendant incorporates the Preliminary Statement and General Objections as though fully set forth herein.

Defendant objects to the request on the grounds that it seeks documents from a remote time period.

Defendant objects to the request on the grounds that it seeks documents and communications protected by the attorney-client privilege, work product doctrine (*See, Coito v. Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

Defendant objects to the request on the grounds that it seeks documents that contain confidential information protected by the right to privacy under the California or United States Constitution or applicable statutory or common law.

Defendant objects to the request on the grounds that it seeks documents that contain confidential business or proprietary information protected by trade secret.

Defendant objects to the request on the grounds that it seeks documents that are neither

relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Defendant objects to the request on the grounds that the request fails to designate the documents to be inspected either by specifically describing each individual item or by reasonably particularizing each category of item as required by *Code of Civil Procedure* section 2031.030. (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

Defendant objects to the request on the grounds that to comply with the request would be an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the Defendant.

Defendant objects to this request on the grounds it requests Defendant to search electronically-stored information ("ESI") without regard to whether the ESI is reasonably accessible, or whether it would impose and undue burden or cost to search, review, and produced the ESI.

Defendant objects to this request on the grounds it seek information of Defendant and third parties that is protected by the right to privacy.

Defendant objects to the request on the grounds that it is overly broad and unduly burdensome.

Defendant objects to the request on the grounds that it is vague, ambiguous and unintelligible.

Defendant objects to the request on the grounds that it is redundant with and duplicative of other discovery propounded by Plaintiff to Defendant in this litigation.

Defendant objects to the request on the grounds that it improperly seeks discovery relating to Defendant's financial condition in violation of California Civil Code § 3295.

Defendant objects to the request on the ground that it improperly seeks discovery relating to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114 Cal.App.4th 475, 480-481.

Defendant objects to the request to the extent it seeks the production of records protected

7

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1   by the taxpayer privilege. *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

2   *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

3   **OBJECTION TO REQUEST FOR PRODUCTION NO. 2:**

4           Defendant incorporates the Preliminary Statement and General Objections as though fully

5   set forth herein.

6           Defendant objects to the request on the grounds that it seeks documents from a remote time

7   period.

8           Defendant objects to the request on the grounds that it seeks documents and

9   communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

10  *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

11          Defendant objects to the request on the grounds that it seeks documents that contain

12  confidential information protected by the right to privacy under the California or United States

13  Constitution or applicable statutory or common law.

14          Defendant objects to the request on the grounds that it seeks documents that contain

15  confidential business or proprietary information protected by trade secret.

16          Defendant objects to the request on the grounds that it seeks documents that are neither

17  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

18          Defendant objects to the request on the grounds that the request fails to designate the

19  documents to be inspected either by specifically describing each individual item or by reasonably

20  particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

21  (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

22  *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

23          Defendant objects to the request on the grounds that to comply with the request would be

24  an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

25  (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

26  Defendant.

27          Defendant objects to this request on the grounds it requests Defendant to search

28  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

1  accessible, or whether it would impose and undue burden or cost to search, review, and produced

2  the ESI.

3      Defendant objects to this request on the grounds it seek information of Defendant and third

4  parties that is protected by the right to privacy.

5      Defendant objects to the request on the grounds that it is overly broad and unduly

6  burdensome.

7      Defendant objects to the request on the grounds that it is vague, ambiguous and

8  unintelligible.

9      Defendant objects to the request on the grounds that it is redundant with and duplicative of

10  other discovery propounded by Plaintiff to Defendant in this litigation.

11      Defendant objects to the request on the grounds that it improperly seeks discovery relating

12  to Defendant's financial condition in violation of California Civil Code § 3295.

13      Defendant objects to the request on the ground that it improperly seeks discovery relating

14  to Defendant's confidential financial affairs. *See Fortunato v. Superior Court* (2003) 114

15  Cal.App.4th 475, 480-481.

16      Defendant objects to the request to the extent it seeks the production of records protected

17  by the taxpayer privilege. *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

18  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

19  **OBJECTION TO REQUEST FOR PRODUCTION NO. 3:**

20      Defendant incorporates the Preliminary Statement and General Objections as though fully

21  set forth herein.

22      Defendant objects to the request on the grounds that it seeks documents from a remote time

23  period.

24      Defendant objects to the request on the grounds that it seeks documents and

25  communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

26  *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

27      Defendant objects to the request on the grounds that it seeks documents that contain

28  confidential information protected by the right to privacy under the California or United States

1    Constitution or applicable statutory or common law.

2            Defendant objects to the request on the grounds that it seeks documents that contain

3    confidential business or proprietary information protected by trade secret.

4            Defendant objects to the request on the grounds that it seeks documents that are neither

5    relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

6            Defendant objects to the request on the grounds that the request fails to designate the

7    documents to be inspected either by specifically describing each individual item or by reasonably

8    particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

9    (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

10   *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

11           Defendant objects to the request on the grounds that to comply with the request would be

12   an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

13   (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

14   Defendant.

15           Defendant objects to this request on the grounds it requests Defendant to search

16   electronically-stored information ("ESI") without regard to whether the ESI is reasonably

17   accessible, or whether it would impose and undue burden or cost to search, review, and produced

18   the ESI.

19           Defendant objects to this request on the grounds it seek information of Defendant and third

20   parties that is protected by the right to privacy.

21           Defendant objects to the request on the grounds that it is overly broad and unduly

22   burdensome.

23           Defendant objects to the request on the grounds that it is vague, ambiguous and

24   unintelligible.

25           Defendant objects to the request on the grounds that it is redundant with and duplicative of

26   other discovery propounded by Plaintiff to Defendant in this litigation.

27           Defendant objects to the request on the grounds that it improperly seeks discovery relating

28   to Defendant's financial condition in violation of California Civil Code § 3295.

1    Defendant objects to the request on the ground that it improperly seeks discovery relating

2  to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

3  Cal.App.4th 475, 480-481.

4    Defendant objects to the request to the extent it seeks the production of records protected

5  by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

6  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

7  **OBJECTION TO REQUEST FOR PRODUCTION NO. 4:**

8    Defendant incorporates the Preliminary Statement and General Objections as though fully

9  set forth herein.

10    Defendant objects to the request on the grounds that it seeks documents from a remote time

11  period.

12    Defendant objects to the request on the grounds that it seeks documents and

13  communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

14  *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

15    Defendant objects to the request on the grounds that it seeks documents that contain

16  confidential information protected by the right to privacy under the California or United States

17  Constitution or applicable statutory or common law.

18    Defendant objects to the request on the grounds that it seeks documents that contain

19  confidential business or proprietary information protected by trade secret.

20    Defendant objects to the request on the grounds that it seeks documents that are neither

21  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

22    Defendant objects to the request on the grounds that the request fails to designate the

23  documents to be inspected either by specifically describing each individual item or by reasonably

24  particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

25  (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

26  *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

27    Defendant objects to the request on the grounds that to comply with the request would be

28  an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

1  (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

2  Defendant.

3        Defendant objects to this request on the grounds it requests Defendant to search

4  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

5  accessible, or whether it would impose and undue burden or cost to search, review, and produced

6  the ESI.

7        Defendant objects to this request on the grounds it seek information of Defendant and third

8  parties that is protected by the right to privacy.

9        Defendant objects to the request on the grounds that it is overly broad and unduly

10 burdensome.

11       Defendant objects to the request on the grounds that it is vague, ambiguous and

12 unintelligible.

13       Defendant objects to the request on the grounds that it is redundant with and duplicative of

14 other discovery propounded by Plaintiff to Defendant in this litigation.

15       Defendant objects to the request on the grounds that it improperly seeks discovery relating

16 to Defendant's financial condition in violation of California Civil Code § 3295.

17       Defendant objects to the request on the ground that it improperly seeks discovery relating

18 to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

19 Cal.App.4th 475, 480-481.

20       Defendant objects to the request to the extent it seeks the production of records protected

21 by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

22 *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

23 **OBJECTION TO REQUEST FOR PRODUCTION NO. 5:**

24       Defendant incorporates the Preliminary Statement and General Objections as though fully

25 set forth herein.

26       Defendant objects to the request on the grounds that it seeks documents from a remote time

27 period.

28       Defendant objects to the request on the grounds that it seeks documents and

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK
SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

communications protected by the attorney-client privilege, work product doctrine (*See, Coito v. Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

Defendant objects to the request on the grounds that it seeks documents that contain confidential information protected by the right to privacy under the California or United States Constitution or applicable statutory or common law.

Defendant objects to the request on the grounds that it seeks documents that contain confidential business or proprietary information protected by trade secret.

Defendant objects to the request on the grounds that it seeks documents that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Defendant objects to the request on the grounds that the request fails to designate the documents to be inspected either by specifically describing each individual item or by reasonably particularizing each category of item as required by *Code of Civil Procedure* section 2031.030. (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

Defendant objects to the request on the grounds that to comply with the request would be an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the Defendant.

Defendant objects to this request on the grounds it requests Defendant to search electronically-stored information ("ESI") without regard to whether the ESI is reasonably accessible, or whether it would impose and undue burden or cost to search, review, and produced the ESI.

Defendant objects to this request on the grounds it seek information of Defendant and third parties that is protected by the right to privacy.

Defendant objects to the request on the grounds that it is overly broad and unduly burdensome.

Defendant objects to the request on the grounds that it is vague, ambiguous and unintelligible.

1  Defendant objects to the request on the grounds that it is redundant with and duplicative of

2  other discovery propounded by Plaintiff to Defendant in this litigation.

3  Defendant objects to the request on the grounds that it improperly seeks discovery relating

4  to Defendant's financial condition in violation of California Civil Code § 3295.

5  Defendant objects to the request on the ground that it improperly seeks discovery relating

6  to Defendant's confidential financial affairs. *See Fortunato v. Superior Court* (2003) 114

7  Cal.App.4th 475, 480-481.

8  Defendant objects to the request to the extent it seeks the production of records protected

9  by the taxpayer privilege. *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

10 *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

11 **OBJECTION TO REQUEST FOR PRODUCTION NO. 6:**

12 Defendant incorporates the Preliminary Statement and General Objections as though fully

13 set forth herein.

14 Defendant objects to the request on the grounds that it seeks documents from a remote time

15 period.

16 Defendant objects to the request on the grounds that it seeks documents and

17 communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

18 *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

19 Defendant objects to the request on the grounds that it seeks documents that contain

20 confidential information protected by the right to privacy under the California or United States

21 Constitution or applicable statutory or common law.

22 Defendant objects to the request on the grounds that it seeks documents that contain

23 confidential business or proprietary information protected by trade secret.

24 Defendant objects to the request on the grounds that it seeks documents that are neither

25 relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

26 Defendant objects to the request on the grounds that the request fails to designate the

27 documents to be inspected either by specifically describing each individual item or by reasonably

28 particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

1  (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

2  *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

3      Defendant objects to the request on the grounds that to comply with the request would be

4  an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

5  (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

6  Defendant.

7      Defendant objects to this request on the grounds it requests Defendant to search

8  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

9  accessible, or whether it would impose and undue burden or cost to search, review, and produced

10  the ESI.

11      Defendant objects to this request on the grounds it seek information of Defendant and third

12  parties that is protected by the right to privacy.

13      Defendant objects to the request on the grounds that it is overly broad and unduly

14  burdensome.

15      Defendant objects to the request on the grounds that it is vague, ambiguous and

16  unintelligible.

17      Defendant objects to the request on the grounds that it is redundant with and duplicative of

18  other discovery propounded by Plaintiff to Defendant in this litigation.

19      Defendant objects to the request on the grounds that it improperly seeks discovery relating

20  to Defendant's financial condition in violation of California Civil Code § 3295.

21      Defendant objects to the request on the ground that it improperly seeks discovery relating

22  to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

23  Cal.App.4th 475, 480-481.

24      Defendant objects to the request to the extent it seeks the production of records protected

25  by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

26  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

27  **OBJECTION TO REQUEST FOR PRODUCTION NO. 7:**

28      Defendant incorporates the Preliminary Statement and General Objections as though fully

1    set forth herein.

2        Defendant objects to the request on the grounds that it seeks documents from a remote time

3    period.

4        Defendant objects to the request on the grounds that it seeks documents and

5    communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

6    *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

7        Defendant objects to the request on the grounds that it seeks documents that contain

8    confidential information protected by the right to privacy under the California or United States

9    Constitution or applicable statutory or common law.

10        Defendant objects to the request on the grounds that it seeks documents that contain

11    confidential business or proprietary information protected by trade secret.

12        Defendant objects to the request on the grounds that it seeks documents that are neither

13    relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

14        Defendant objects to the request on the grounds that the request fails to designate the

15    documents to be inspected either by specifically describing each individual item or by reasonably

16    particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

17    (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

18    *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

19        Defendant objects to the request on the grounds that to comply with the request would be

20    an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

21    (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

22    Defendant.

23        Defendant objects to this request on the grounds it requests Defendant to search

24    electronically-stored information ("ESI") without regard to whether the ESI is reasonably

25    accessible, or whether it would impose and undue burden or cost to search, review, and produced

26    the ESI.

27        Defendant objects to this request on the grounds it seek information of Defendant and third

28    parties that is protected by the right to privacy.

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK
SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1      Defendant objects to the request on the grounds that it is overly broad and unduly

2  burdensome.

3      Defendant objects to the request on the grounds that it is vague, ambiguous and

4  unintelligible.

5      Defendant objects to the request on the grounds that it is redundant with and duplicative of

6  other discovery propounded by Plaintiff to Defendant in this litigation.

7      Defendant objects to the request on the grounds that it improperly seeks discovery relating

8  to Defendant's financial condition in violation of California Civil Code § 3295.

9      Defendant objects to the request on the ground that it improperly seeks discovery relating

10  to Defendant's confidential financial affairs. *See Fortunato v. Superior Court* (2003) 114

11  Cal.App.4th 475, 480-481.

12      Defendant objects to the request to the extent it seeks the production of records protected

13  by the taxpayer privilege. *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

14  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

15  **OBJECTION TO REQUEST FOR PRODUCTION NO. 8:**

16      Defendant incorporates the Preliminary Statement and General Objections as though fully

17  set forth herein.

18      Defendant objects to the request on the grounds that it seeks documents from a remote time

19  period.

20      Defendant objects to the request on the grounds that it seeks documents and

21  communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

22  *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

23      Defendant objects to the request on the grounds that it seeks documents that contain

24  confidential information protected by the right to privacy under the California or United States

25  Constitution or applicable statutory or common law.

26      Defendant objects to the request on the grounds that it seeks documents that contain

27  confidential business or proprietary information protected by trade secret.

28      Defendant objects to the request on the grounds that it seeks documents that are neither

1   relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

2          Defendant objects to the request on the grounds that the request fails to designate the

3   documents to be inspected either by specifically describing each individual item or by reasonably

4   particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

5   (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

6   *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

7          Defendant objects to the request on the grounds that to comply with the request would be

8   an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

9   (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

10  Defendant.

11         Defendant objects to this request on the grounds it requests Defendant to search

12  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

13  accessible, or whether it would impose and undue burden or cost to search, review, and produced

14  the ESI.

15         Defendant objects to this request on the grounds it seek information of Defendant and third

16  parties that is protected by the right to privacy.

17         Defendant objects to the request on the grounds that it is overly broad and unduly

18  burdensome.

19         Defendant objects to the request on the grounds that it is vague, ambiguous and

20  unintelligible.

21         Defendant objects to the request on the grounds that it is redundant with and duplicative of

22  other discovery propounded by Plaintiff to Defendant in this litigation.

23         Defendant objects to the request on the grounds that it improperly seeks discovery relating

24  to Defendant's financial condition in violation of California Civil Code § 3295.

25         Defendant objects to the request on the ground that it improperly seeks discovery relating

26  to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

27  Cal.App.4th 475, 480-481.

28         Defendant objects to the request to the extent it seeks the production of records protected

---

18

1  by the taxpayer privilege. *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

2  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

3  **OBJECTION TO REQUEST FOR PRODUCTION NO. 9:**

4      Defendant incorporates the Preliminary Statement and General Objections as though fully

5  set forth herein.

6      Defendant objects to the request on the grounds that it seeks documents from a remote time

7  period.

8      Defendant objects to the request on the grounds that it seeks documents and

9  communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

10 *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

11     Defendant objects to the request on the grounds that it seeks documents that contain

12 confidential information protected by the right to privacy under the California or United States

13 Constitution or applicable statutory or common law.

14     Defendant objects to the request on the grounds that it seeks documents that contain

15 confidential business or proprietary information protected by trade secret.

16     Defendant objects to the request on the grounds that it seeks documents that are neither

17 relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

18     Defendant objects to the request on the grounds that the request fails to designate the

19 documents to be inspected either by specifically describing each individual item or by reasonably

20 particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

21 (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

22 *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

23     Defendant objects to the request on the grounds that to comply with the request would be

24 an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

25 (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

26 Defendant.

27     Defendant objects to this request on the grounds it requests Defendant to search

28 electronically-stored information ("ESI") without regard to whether the ESI is reasonably

1    accessible, or whether it would impose and undue burden or cost to search, review, and produced

2    the ESI.

3          Defendant objects to this request on the grounds it seek information of Defendant and third

4    parties that is protected by the right to privacy.

5          Defendant objects to the request on the grounds that it is overly broad and unduly

6    burdensome.

7          Defendant objects to the request on the grounds that it is vague, ambiguous and

8    unintelligible.

9          Defendant objects to the request on the grounds that it is redundant with and duplicative of

10   other discovery propounded by Plaintiff to Defendant in this litigation.

11         Defendant objects to the request on the grounds that it improperly seeks discovery relating

12   to Defendant's financial condition in violation of California Civil Code § 3295.

13         Defendant objects to the request on the ground that it improperly seeks discovery relating

14   to Defendant's confidential financial affairs. *See Fortunato v. Superior Court* (2003) 114

15   Cal.App.4th 475, 480-481.

16         Defendant objects to the request to the extent it seeks the production of records protected

17   by the taxpayer privilege. *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

18   *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

19   <u>**OBJECTION TO REQUEST FOR PRODUCTION NO. 10:**</u>

20         Defendant incorporates the Preliminary Statement and General Objections as though fully

21   set forth herein.

22         Defendant objects to the request on the grounds that it seeks documents from a remote time

23   period.

24         Defendant objects to the request on the grounds that it seeks documents and

25   communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

26   *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

27         Defendant objects to the request on the grounds that it seeks documents that contain

28   confidential information protected by the right to privacy under the California or United States

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK
SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1   Constitution or applicable statutory or common law.

2      Defendant objects to the request on the grounds that it seeks documents that contain

3   confidential business or proprietary information protected by trade secret.

4      Defendant objects to the request on the grounds that it seeks documents that are neither

5   relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

6      Defendant objects to the request on the grounds that the request fails to designate the

7   documents to be inspected either by specifically describing each individual item or by reasonably

8   particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

9   (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

10   *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

11      Defendant objects to the request on the grounds that to comply with the request would be

12   an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

13   (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

14   Defendant.

15      Defendant objects to this request on the grounds it requests Defendant to search

16   electronically-stored information ("ESI") without regard to whether the ESI is reasonably

17   accessible, or whether it would impose and undue burden or cost to search, review, and produced

18   the ESI.

19      Defendant objects to this request on the grounds it seek information of Defendant and third

20   parties that is protected by the right to privacy.

21      Defendant objects to the request on the grounds that it is overly broad and unduly

22   burdensome.

23      Defendant objects to the request on the grounds that it is vague, ambiguous and

24   unintelligible.

25      Defendant objects to the request on the grounds that it is redundant with and duplicative of

26   other discovery propounded by Plaintiff to Defendant in this litigation.

27      Defendant objects to the request on the grounds that it improperly seeks discovery relating

28   to Defendant's financial condition in violation of California Civil Code § 3295.

21

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK
SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant objects to the request on the ground that it improperly seeks discovery relating to Defendant's confidential financial affairs. *See Fortunato v. Superior Court* (2003) 114 Cal.App.4th 475, 480-481.

Defendant objects to the request to the extent it seeks the production of records protected by the taxpayer privilege. *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 11:**

Defendant incorporates the Preliminary Statement and General Objections as though fully set forth herein.

Defendant objects to the request on the grounds that it seeks documents from a remote time period.

Defendant objects to the request on the grounds that it seeks documents and communications protected by the attorney-client privilege, work product doctrine (*See, Coito v. Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

Defendant objects to the request on the grounds that it seeks documents that contain confidential information protected by the right to privacy under the California or United States Constitution or applicable statutory or common law.

Defendant objects to the request on the grounds that it seeks documents that contain confidential business or proprietary information protected by trade secret.

Defendant objects to the request on the grounds that it seeks documents that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Defendant objects to the request on the grounds that the request fails to designate the documents to be inspected either by specifically describing each individual item or by reasonably particularizing each category of item as required by *Code of Civil Procedure* section 2031.030. (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

Defendant objects to the request on the grounds that to comply with the request would be an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

1  (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

2  Defendant.

3      Defendant objects to this request on the grounds it requests Defendant to search

4  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

5  accessible, or whether it would impose and undue burden or cost to search, review, and produced

6  the ESI.

7      Defendant objects to this request on the grounds it seek information of Defendant and third

8  parties that is protected by the right to privacy.

9      Defendant objects to the request on the grounds that it is overly broad and unduly

10  burdensome.

11      Defendant objects to the request on the grounds that it is vague, ambiguous and

12  unintelligible.

13      Defendant objects to the request on the grounds that it is redundant with and duplicative of

14  other discovery propounded by Plaintiff to Defendant in this litigation.

15      Defendant objects to the request on the grounds that it improperly seeks discovery relating

16  to Defendant's financial condition in violation of California Civil Code § 3295.

17      Defendant objects to the request on the ground that it improperly seeks discovery relating

18  to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

19  Cal.App.4th 475, 480-481.

20      Defendant objects to the request to the extent it seeks the production of records protected

21  by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

22  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

23  **OBJECTION TO REQUEST FOR PRODUCTION NO. 12:**

24      Defendant incorporates the Preliminary Statement and General Objections as though fully

25  set forth herein.

26      Defendant objects to the request on the grounds that it seeks documents from a remote time

27  period.

28      Defendant objects to the request on the grounds that it seeks documents and

1  communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

2  *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

3        Defendant objects to the request on the grounds that it seeks documents that contain

4  confidential information protected by the right to privacy under the California or United States

5  Constitution or applicable statutory or common law.

6        Defendant objects to the request on the grounds that it seeks documents that contain

7  confidential business or proprietary information protected by trade secret.

8        Defendant objects to the request on the grounds that it seeks documents that are neither

9  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

10       Defendant objects to the request on the grounds that the request fails to designate the

11 documents to be inspected either by specifically describing each individual item or by reasonably

12 particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

13 (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

14 *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

15       Defendant objects to the request on the grounds that to comply with the request would be

16 an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

17 (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

18 Defendant.

19       Defendant objects to this request on the grounds it requests Defendant to search

20 electronically-stored information ("ESI") without regard to whether the ESI is reasonably

21 accessible, or whether it would impose and undue burden or cost to search, review, and produced

22 the ESI.

23       Defendant objects to this request on the grounds it seek information of Defendant and third

24 parties that is protected by the right to privacy.

25       Defendant objects to the request on the grounds that it is overly broad and unduly

26 burdensome.

27       Defendant objects to the request on the grounds that it is vague, ambiguous and

28 unintelligible.

1    Defendant objects to the request on the grounds that it is redundant with and duplicative of

2    other discovery propounded by Plaintiff to Defendant in this litigation.

3    Defendant objects to the request on the grounds that it improperly seeks discovery relating

4    to Defendant's financial condition in violation of California Civil Code § 3295.

5    Defendant objects to the request on the ground that it improperly seeks discovery relating

6    to Defendant's confidential financial affairs. *See Fortunato v. Superior Court* (2003) 114

7    Cal.App.4th 475, 480-481.

8    Defendant objects to the request to the extent it seeks the production of records protected

9    by the taxpayer privilege. *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

10    *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

11    **OBJECTION TO REQUEST FOR PRODUCTION NO. 13:**

12    Defendant incorporates the Preliminary Statement and General Objections as though fully

13    set forth herein.

14    Defendant objects to the request on the grounds that it seeks documents from a remote time

15    period.

16    Defendant objects to the request on the grounds that it seeks documents and

17    communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

18    *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

19    Defendant objects to the request on the grounds that it seeks documents that contain

20    confidential information protected by the right to privacy under the California or United States

21    Constitution or applicable statutory or common law.

22    Defendant objects to the request on the grounds that it seeks documents that contain

23    confidential business or proprietary information protected by trade secret.

24    Defendant objects to the request on the grounds that it seeks documents that are neither

25    relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

26    Defendant objects to the request on the grounds that the request fails to designate the

27    documents to be inspected either by specifically describing each individual item or by reasonably

28    particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

1    (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

2    *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

3         Defendant objects to the request on the grounds that to comply with the request would be

4    an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

5    (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

6    Defendant.

7         Defendant objects to this request on the grounds it requests Defendant to search

8    electronically-stored information ("ESI") without regard to whether the ESI is reasonably

9    accessible, or whether it would impose and undue burden or cost to search, review, and produced

10    the ESI.

11         Defendant objects to this request on the grounds it seek information of Defendant and third

12    parties that is protected by the right to privacy.

13         Defendant objects to the request on the grounds that it is overly broad and unduly

14    burdensome.

15         Defendant objects to the request on the grounds that it is vague, ambiguous and

16    unintelligible.

17         Defendant objects to the request on the grounds that it is redundant with and duplicative of

18    other discovery propounded by Plaintiff to Defendant in this litigation.

19         Defendant objects to the request on the grounds that it improperly seeks discovery relating

20    to Defendant's financial condition in violation of California Civil Code § 3295.

21         Defendant objects to the request on the ground that it improperly seeks discovery relating

22    to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

23    Cal.App.4th 475, 480-481.

24         Defendant objects to the request to the extent it seeks the production of records protected

25    by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

26    *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

27    / / /

28    / / /

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK
SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

**OBJECTION TO REQUEST FOR PRODUCTION NO. 14:**

Defendant incorporates the Preliminary Statement and General Objections as though fully set forth herein.

Defendant objects to the request on the grounds that it seeks documents from a remote time period.

Defendant objects to the request on the grounds that it seeks documents and communications protected by the attorney-client privilege, work product doctrine (*See, Coito v. Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

Defendant objects to the request on the grounds that it seeks documents that contain confidential information protected by the right to privacy under the California or United States Constitution or applicable statutory or common law.

Defendant objects to the request on the grounds that it seeks documents that contain confidential business or proprietary information protected by trade secret.

Defendant objects to the request on the grounds that it seeks documents that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Defendant objects to the request on the grounds that the request fails to designate the documents to be inspected either by specifically describing each individual item or by reasonably particularizing each category of item as required by *Code of Civil Procedure* section 2031.030. (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

Defendant objects to the request on the grounds that to comply with the request would be an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the Defendant.

Defendant objects to this request on the grounds it requests Defendant to search electronically-stored information ("ESI") without regard to whether the ESI is reasonably accessible, or whether it would impose and undue burden or cost to search, review, and produced the ESI.

1    Defendant objects to this request on the grounds it seek information of Defendant and third

2    parties that is protected by the right to privacy.

3    Defendant objects to the request on the grounds that it is overly broad and unduly

4    burdensome.

5    Defendant objects to the request on the grounds that it is vague, ambiguous and

6    unintelligible.

7    Defendant objects to the request on the grounds that it is redundant with and duplicative of

8    other discovery propounded by Plaintiff to Defendant in this litigation.

9    Defendant objects to the request on the grounds that it improperly seeks discovery relating

10   to Defendant's financial condition in violation of California Civil Code § 3295.

11   Defendant objects to the request on the ground that it improperly seeks discovery relating

12   to Defendant's confidential financial affairs. *See Fortunato v. Superior Court* (2003) 114

13   Cal.App.4th 475, 480-481.

14   Defendant objects to the request to the extent it seeks the production of records protected

15   by the taxpayer privilege. *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

16   *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

17

18   DATED: June 20, 2025                    LINER FREEDMAN TAITELMAN + COOLEY,
                                             LLP

19

20

21                                          By: _____
                                             Bryan J. Freedman, Esq.

22                                           Sean M. Hardy, Esq.
                                             Jason H. Sunshine, Esq.
                                             Attorneys for Defendant

23                                           VIN DIESEL (F/K/A MARK SINCLAIR
                                             VINCENT)

24

25

26

27

28

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK
SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**       ]
                                    ]ss.
**COUNTY OF LOS ANGELES**   ]

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business is EXPRESS NETWORK, LLC, 1605 W. Olympic Blvd, Suite 800, Los Angeles, CA 90015.

      On June 20, 2025, I served the foregoing document(s) described:

**OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT) AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

on the interested parties in this action ☒ by placing ☐ the original ☐ a true copy thereof enclosed in seal envelopes addressed as follows:

<div align="center">

Brian L. Williams
Jemma E. Dunn
Matthew T. Hale
Greenberg Gross LLP
601 S. Figueroa Street, 30th Floor
Los Angeles, CA 90017
*Attorneys for Plaintiff Asta Jonasson*

</div>

☒    **By Personal Service.** I personally delivered the above listed documents to the persons at the addresses listed above.

☒    **State.** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

      Executed on June 20, 2025 at Los Angeles, California.

EXPRESS NETWORK

_____
Print Name (Messenger)

_____
Signature of Declarant (Messenger)

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA**                    ]
                                                                 ]ss.
3     **COUNTY OF LOS ANGELES**          ]

4          I am employed in the County of Los Angeles, State of California.  I am over the age of 18
and not a party to the within action; my business is EXPRESS NETWORK, LLC, 1605 W.
5     Olympic Blvd, Suite 800, Los Angeles, CA 90015.

6          On June 20, 2025, I served the foregoing document(s) described:

7     **OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN
DIESEL (F/K/A MARK SINCLAIR VINCENT) AND REQUESTS FOR PRODUCTION
8     OF DOCUMENTS**

9     on the interested parties in this action ☒ by placing ☐ the original ☐ a true copy thereof
enclosed in seal envelopes addressed as follows:
10

11                                        Brian L. Williams
                                        Jemma E. Dunn
                                        Matthew T. Hale
12                                      Greenberg Gross, LLP
                                      650 Town Center Dr, Ste 1700
13                                    Costa Mesa, CA 92626-7025
                                    *Attorneys for Plaintiff Asta Jonasson*
14

15     ☒      **By Personal Service.** I personally delivered the above listed documents to the persons at
the addresses listed above.
16

17     ☒      **State.**  I declare under penalty of perjury under the laws of the State of California that the
above is true and correct.
18

          Executed on June 20, 2025 at Los Angeles, California.
19

20     EXPRESS NETWORK

21

22     ___Daniel Chavez___                                  ___[signature]___
       Print Name (Messenger)                              Signature of Declarant (Messenger)
23

24

25

26

27

28

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK
SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK
SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

# EXHIBIT 11

| | |
|---|---|
| **From:** | Matthew T. Hale |
| **Sent:** | Friday, June 20, 2025 5:12 PM |
| **To:** | Bryan Freedman; Sean M. Hardy; Jason Sunshine |
| **Cc:** | Brian Williams; Jemma E. Dunn; Hazelle T. Nunez; Vaneta Birtha |
| **Subject:** | Jonasson v. Vin Diesel, et al |

Counsel:

We are in receipt of defendant Vin Diesel's objections to Plaintiff's Amended Notice of Deposition and Requests for Production of Documents. For the first time since these dates (June 24 and 25) were provided by his counsel on May 9, 2025, and despite his agreement to appear in Los Angeles, Defendant Vin Diesel now suddenly asserts that he is not available to attend his duly noticed deposition. Please provide, by end of day this coming Monday June 23, 2025, multiple alternative dates for his deposition that fall on or before July 18th. Given the apparent gamesmanship and bad faith nature of this objection, if we do not receive these multiple dates by Monday, we will move forward with a Motion to Compel Vin Diesel's deposition and will take a notice of non-appearance on Tuesday. As to the remainder of Defendant's objections, please see the below:

2. Mr. Diesel's objection regarding in-person attendance misinterprets the CCP § 2025.310. The deponent cannot simply elect to be separate from the attorney taking the deposition. It is the attorney or party's election to physically present at the location of the deponent: "Subject to Section 2025.420, any party or attorney of record may, but is not required to, be physically present at the deposition at the location of the deponent."

3. Mr. Diesel again fails to even straightforwardly assert that he in fact lives more than 150 miles from our office in Downtown Los Angeles, where the deposition is to take place. Instead, Mr. Diesel again uses the qualifying language, "to the extent the deposition is noticed for a location more than 150 miles from Defendant's residence." Mr. Diesel's objection is so vague and uncertain as to operate as a waiver of any such objection. Furthermore, Samantha Vincent already confirmed that Mr. Diesel currently lives in Los Angeles.

4. There is no seven-hour limit applicable to employment cases, like this one. (CCP § 2025.290(b)(4)). Further, the notice does not assume any such time period.

5. Defendant asserts that he shouldn't have to attend his deposition because questions *may* be asked that implicate his privacy. Not only is this not a ground to forego attendance altogether, but also there is a protective order in this matter in place to protect truly confidential portions of the deposition.

6. There is absolutely no indication that Plaintiff's office, which has ample security staff and precautions, is inadequate to protect Mr. Diesel's personal safety and privacy.

7. The objection regarding a failure to comply with requirements of a deposition notice lacks any specificity as to what requirements the notice fails to comply with. This objection should be disregarded due to its ambiguity.

8. The objection incorrectly asserts that there is a dispositive motion pending.

**Matthew T. Hale**
**Counsel - Assistant Director of Litigation | Greenberg Gross LLP**

One Summerlin | 1980 Festival Plaza Drive | Suite 730 | Las Vegas, NV 89135
Direct 702.777.0891 | Main 702.777.0888
MHale@GGTrialLaw.com



Los Angeles | Orange County | Las Vegas | New York

# EXHIBIT 12

| | |
|---|---|
| **From:** | Sean M. Hardy <smhardy@lftcllp.com> |
| **Sent:** | Monday, June 23, 2025 8:09 AM |
| **To:** | Matthew T. Hale |
| **Cc:** | Brian Williams; Jemma E. Dunn; Hazelle T. Nunez; Vaneta Birtha; Bryan Freedman; Jason Sunshine |
| **Subject:** | [EXT] RE: Jonasson v. Vin Diesel, et al |

Counsel,

We respectfully disagree with your position below, and will meet and confer with you on this issue in person today at your office.  Thank you.

Sincerely,

Sean M. Hardy

Sean M. Hardy, Esq.
Partner
LINER FREEDMAN TAITELMAN + COOLEY, LLP
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045
Web: www.ftllp.com

# EXHIBIT 13

1  BRIAN L. WILLIAMS, State Bar No. 227948
    *BWilliams@GGTrialLaw.com*
2  JEMMA E. DUNN, State Bar No. 258454
    *JDunn@GGTrialLaw.com*
3  MATTHEW T. HALE, State Bar No. 303826
    *MHale@GGTrialLaw.com*
4  GREENBERG GROSS LLP
   601 S. Figueroa Street, 30th Floor
5  Los Angeles, California 90017
   Telephone: (213) 334-7000
6  Facsimile: (213) 334-7001

7  Attorneys for Plaintiff Asta Jonasson

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **FOR THE COUNTY OF LOS ANGELES**

10 | ASTA JONASSON, an individual, | Case No. 23STCV31143 |

11

12 | Plaintiff, | Assigned for All Purposes to: Hon. Daniel M. Crowley, Dept. 71 |

13 | v. | **PLAINTIFF ASTA JONASSON'S MOTION TO COMPEL THE DEPOSITION OF DEFENDANT VIN DIESEL AND REQUEST FOR SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

14 | VIN DIESEL (f/k/a Mark Sinclair Vincent), an individual; SAMANTHA VINCENT, an individual; ONE RACE PRODUCTIONS, INC., a California corporation; ONE RACE FILMS, INC., a California corporation; and DOES 1 to 20, inclusive, |

15

16

17 | | Reservation No.: 374377214511 |

18 | Defendants. | **Hearing:** |
   |            | Judge:  Hon. Daniel M. Crowley |
19 |            | Date:   August 11, 2025 |
   |            | Time:   8:30 a.m. |
20 |            | Dept.:  71 |

21 | | Action Filed:    December 21, 2023 |
   | | Trial Date:      August 18, 2025 |
22

23 | | [*Filed Concurrently with Plaintiff's Notice of Motion to Compel; Declaration of Matthew T. Hale; [Proposed] Order*] |

24

25

26

27

28

---

PLAINTIFF ASTA JONASSON'S MOTION TO COMPEL THE DEPOSITION OF DEFENDANT VIN DIESEL

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................5

I.      INTRODUCTION.........................................................................................5

II.     STATEMENT OF THE CASE .....................................................................5

        A.     Defendant Vin Diesel's Testimony is Essential to the Prosecution of Plaintiff's Matter. .........................................................................5

        B.     Defendant Vin Diesel Has Repeatedly Evaded Deposition Despite Multiple Notices and Good Faith Efforts To Accommodate His Schedule..........................6

        C.     Defendant Vin Diesel Served Nearly Identical Objections Just Four Days Before His Scheduled Deposition Despite Previously Confirming His Availability............7

        D.     Defendant's Counsel Engaged In Obstructionist Tactics, Including Physical Threats And Profanity, While Refusing To Provide Any Legitimate Reason For Vin Diesel's Last-Minute Unavailability...........7

        E.     Defendant's Filing of a Motion for Protective Order................................9

III.    LEGAL STANDARD ....................................................................................9

IV.     ARGUMENT .................................................................................................10

        A.     Defendant Vin Diesel's Objections to his Notice of Deposition are Invalid and Unmeritorious. ..........................................10

               1.     Defendant Vin Diesel's Asserted Unavailability .........................10

               2.     In-Person Attendance ..................................................................10

               3.     Location of Deposition .................................................................11

               4.     Time Limit.....................................................................................12

               5.     Questions Implicating Privacy .....................................................12

               6.     Safety............................................................................................14

               7.     Vague Procedural Deficiencies ....................................................15

               8.     Pending Dispositive Motion.........................................................15

        B.     Plaintiff's Counsel Adequately Met and Conferred Prior to Filing this Motion. ...........................................16

        C.     Monetary Sanctions Are Appropriate Due to Defendant's Misuse of the Discovery Process. ................................16

PLAINTIFF ASTA JONASSON'S MOTION TO COMPEL THE DEPOSITION OF DEFENDANT VIN DIESEL

V.     CONCLUSION ................................................................................................................17

PLAINTIFF ASTA JONASSON'S MOTION TO COMPEL THE DEPOSITION OF DEFENDANT VIN DIESEL

1

## **TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4

*D.Z. v. Los Angeles Unified School Dist.*

5
    (2019) 35 Cal.App.5th 210 ................................................................................... 13

6

*Silver v. City of Los Angeles*
    (1966) 245 Cal. App. 2d 673 .............................................................................. 16

7

*Terminal Equip. Co. v. City*

8
    (1990) 221 Cal. App. 3d 234 .............................................................................. 16

9

*Williams v. Sup. Ct.*

10
    (2017) 3 Cal.5th 531 ........................................................................................... 13

11

**Statutes**

12

California Code of Civil Procedure section 2023.010(d) .......................................... 17

13

California Code of Civil Procedure section 2023.010(e) .......................................... 17

14

California Code of Civil Procedure section 2023.030(a) .......................................... 17

15

Civ. Code, § 3295(a)(2) ............................................................................................. 14

16

*Code of Civ. Proc.*, § 340.16(e) ................................................................................ 14

17

*Code Civ. Proc.*, § 2017.010 ..................................................................................... 13

18

*Code of Civ. Proc.*, § 2025.310(a) ...................................................................... 11, 12

19

Code of Civ. Proc., § 2025.450(a) ............................................................................ 10

20

Code of Civ. Proc., § 2025.450(b)(2) ....................................................................... 17

21

Code of Civil Procedure § 340.16 ......................................................................... 7, 14

22

Code of Civil Procedure section 2025.210 *et seq.* ............................................... 11, 16

23

Code of Civil Procedure section 2025.450(g)(1) ...................................................... 17

24

Labor Code, §§ 98.6, 1102.5 ..................................................................................... 13

25

Speak Out Act .............................................................................................................. 7

26

**Other Authorities**

27

Assembly Bill 2777 ...................................................................................................... 7

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

This case arises from allegations that Defendant Vin Diesel sexually assaulted Plaintiff Asta Jonasson in September 2010 while she was working as his assistant during the production of the film "Fast Five," and then terminated her employment the following day in retaliation for resisting the assault incident. Plaintiff remained silent for years due to fear of industry ostracization, immigration concerns as a green card holder, and restrictive non-disclosure agreements imposed by Defendants. Empowered by recent legislative changes, Plaintiff filed this lawsuit in December 2023 seeking redress for the sexual assault and wrongful termination.

Plaintiff now moves to compel Defendant Vin Diesel's deposition after a pattern of evasion and obstruction spanning over a year. Despite multiple notices, good faith efforts to accommodate his schedule, and his counsel's express confirmation of availability for June 24-25, 2025, Defendant served last-minute objections containing recycled, meritless arguments just four days before his scheduled deposition. When Plaintiff's counsel attempted to meet and confer, Defendant's counsel responded with shocking misconduct, including profanity, threats of malicious prosecution, and physical intimidation, while refusing to provide any legitimate explanation for Defendant's sudden unavailability. Defendant's objections lack merit as they misinterpret applicable statutes, seek to prevent discovery on topics central to Plaintiff's claims, and attempt to delay proceedings until after trial through frivolous procedural maneuvers.

Plaintiff respectfully requests this Court compel Defendant Vin Diesel to appear for deposition within ten days and impose monetary sanctions of $7,455.07 against Defendant and his counsel for their willful abuse of the discovery process, pattern of evasion, and unmeritorious objections that have unnecessarily delayed essential discovery in this matter.

**II.     STATEMENT OF THE CASE**

      **A.     Defendant Vin Diesel's Testimony is Essential to the Prosecution of Plaintiff's Matter.**

In September 2010, Plaintiff Asta Jonasson was hired by Defendants as an assistant working directly for Defendant Vin Diesel during the production of "Fast Five." (Compl., p. 2, ¶ 1.) Shortly

after beginning her employment, on or about September 10, 2010, Plaintiff alleges that Defendant Diesel sexually assaulted her in his hotel suite at the St. Regis Hotel in Atlanta, Georgia. (Compl., p. 10, ¶¶ 29-30.) The following day, on or about September 11, 2010, Plaintiff was terminated from her position when Samantha Vincent, President of One Race and Defendant Diesel's sister, called Plaintiff and stated that One Race no longer needed "any extra help." (Compl., p. 11, ¶ 32.)

For years following the alleged incident, Plaintiff remained silent about the sexual assault. She was afraid to speak out against a high-profile actor due to concerns about being ostracized from the industry jeopardizing her potential future citizenship while she was a green card holder. (Compl., p. 3, ¶ 7.) Additionally, One Race required all employees to sign non-disclosure agreements, further limiting Plaintiff's ability to discuss matters related to her employment and Defendant Diesel. (Compl., p. 3, ¶ 7.)

Recently empowered by the #MeToo and Time's Up movements, and with the protection of the Speak Out Act and the revival of her claims under California Assembly Bill 2777 (AB 2777), Plaintiff is now seeking legal relief for the alleged sexual assault and subsequent termination of her employment. (Compl., p. 4, ¶ 7.)

This lawsuit was filed on December 21, 2023, pursuant to Code of Civil Procedure § 340.16, as amended by Assembly Bill 2777.

**B.    Defendant Vin Diesel Has Repeatedly Evaded Deposition Despite Multiple Notices and Good Faith Efforts To Accommodate His Schedule.**

Plaintiff Asta Jonasson first noticed Defendant Vin Diesel's deposition for May 7, 2024. (See Declaration of Matthew T. Hale ("Hale Decl."), ¶ 2, Exh. 1.) On May 1, 2024, Defendant served his objection to the notice of deposition, indicating in part that neither he nor his counsel were available on that date. (Hale Decl., ¶ 3, Exh. 2.)

On April 7, 2025, Plaintiff re-noticed Mr. Diesel's deposition for April 29, 2025. (Hale Decl., ¶ 4, Exh. 3.) and requested that Defendant's counsel provide alternative deposition dates if Mr. Diesel or his attorneys were not available on that date. (Hale Decl., ¶¶ 4-5, Exhs. 3-4.)  More than two weeks later, on April 24, 2025, Defendant's counsel belatedly responded by serving objections to the deposition notice via overnight mail without providing any alternative deposition dates. (Hale

1    Decl., ¶ 6, Exh. 5.)

2        Thereafter, Plaintiff sent a letter to Mr. Diesel's counsel to meet and confer regarding the

3    objections to Mr. Diesel's deposition notice. (Hale Decl., ¶ 7, Exh. 6.)   This letter addressed Mr.

4    Diesel's objections in detail, each of which was unmeritorious. Following discussion on this letter,

5    counsel for Defendant Vin Diesel confirmed that Mr. Diesel would appear for his deposition in

6    person on June 24 and June 25, 2025. (Hale Decl., ¶ 8, Exh. 7.)  On May 13, 2025, Plaintiff's counsel

7    emailed counsel for Defendant to confirm that the deposition would be held at Plaintiff's office in

8    downtown Los Angeles and to request that they inform Plaintiff's counsel immediately if this

9    location was an issue. (Hale Decl., ¶ 9, Exh. 8.)  That same date, May 13, 2025, Plaintiff served the

10   notice of deposition of Defendant Vin Diesel to be conducted at the Los Angeles office of Plaintiff's

11   counsel on June 24 and June 25, 2025.  (Hale Decl., ¶ 10, Exh. 9.)

12       **C.**    **Defendant Vin Diesel Served Nearly Identical Objections Just Four Days Before**

13            **His Scheduled Deposition Despite Previously Confirming His Availability.**

14       On June 20, 2025—four days before the deposition date that Defendant's counsel had agreed

15   upon more than one month earlier—counsel for Defendant Vin Diesel served objections to

16   Plaintiff's deposition notice via personal service. (Hale Decl., ¶ 11, Exh. 10.)   This objection

17   document closely resembled the prior objection document from April 2025, including five of the

18   same eight objections. (See Hale Decl. ¶ 6, Exh. 5.) The only three new objections related to Vin

19   Diesel's purported unavailability on the date his counsel had selected , the scope of the deposition,

20   and Defendant's claim that the deposition location at the Los Angeles office of Plaintiff's counsel

21   could not "protect Defendant's personal safety and privacy" (*Ibid.*) Plaintiff's counsel had

22   previously conducted in-person depositions in this matter at Plaintiff counsel's Los Angeles office

23   on May 28, 2025 and June 19, 2025. (Hale Decl., ¶ 12.)

24       That same day, June 20, 2025, Plaintiff's counsel responded via email, meeting and

25   conferring regarding each objection and requesting alternative dates before the fact discovery cutoff

26   (July 18, 2025), given Vin Diesel's asserted unavailability. (Hale Decl., ¶ 13, Exh. 11.)

27       **D.**    **Defendant's Counsel Engaged In Obstructionist Tactics, Including Physical**

28            **Threats And Profanity, While Refusing To Provide Any Legitimate Reason For**

PLAINTIFF ASTA JONASSON'S MOTION TO COMPEL THE DEPOSITION OF DEFENDANT VIN DIESEL

1    **<u>Vin Diesel's Last-Minute Unavailability.</u>**

2        Plaintiff's counsel was scheduled to take the in-person deposition of third party witness

3    Valentino Morales on June 23, 2025. (Hale Decl., ¶ 14.) The morning of this deposition, counsel for

4    Defendant Vin Diesel asserted that they disagreed with Plaintiff counsel's position regarding Vin

5    Diesel's objections to his duly noticed deposition and would meet and confer in person, later that

6    day, on June 23, 2025. (Hale Decl., ¶ 15, Exh. 12.)

7        Counsel for Defendants, Sean Hardy and Bryan Freedman, appeared with the third party

8    deponent on June 23, 2025. (Hale Decl., ¶ 16.) Prior to the deposition, Plaintiff's counsel Matthew

9    Hale requested to meet and confer about the objections to the deposition of Vin Diesel in a separate

10   room. (*Ibid.*) Mr. Hale and Mr. Hardy began to discuss the assertion that Mr. Diesel was suddenly

11   unavailable for his deposition. (*Ibid.*) Mr. Hale requested to know why Mr. Diesel was suddenly

12   unavailable, and Mr. Hardy refused to provide a reason. (*Ibid.*)

13       During this back and forth, Mr. Freedman entered the room. (Hale Decl., ¶ 17.) Mr. Hale

14   again requested to know why Mr. Diesel was unavailable to determine if this was a true emergency

15   or a simple failure to appear for his deposition, for which availability had been cleared over a month

16   prior, as it would be important for the purposes of any motion to compel that may need to be filed.

17   (*Ibid.*) Counsel for Defendant continued to refuse to provide any explanation. (*Ibid.*) Mr. Freedman

18   interjected and told Mr. Hale to just file his motion and called Mr. Hale, a "moron" and cursed while

19   doing so. (*Ibid.*) Mr. Hale began to write down the language on note paper, specifically stating that

20   he would be including these insults in his declaration to any Motion and requesting to have a

21   professional and substantive meet and confer. (*Ibid.*) Mr. Freedman then threatened Mr. Hale with

22   malicious prosecution and called him a "piece of shit." (*Ibid.*) At no time did Mr. Hale exchange

23   any insult with Mr. Freedman, raise his voice, or provoke any physical contact. (*Ibid.*) Shortly

24   thereafter, Mr. Freedman got up from his chair, rushed to stand directly in front of Mr. Hale mere

25   inches away from him, causing Mr. Freedman's face to be directly in front of that of Mr. Hale.

26   (*Ibid.*) Mr. Freedman then called Mr. Hale a "pussy" and swung his fist at Mr. Hale's face, stopping

27   directly in front of his face without making contact. (*Ibid.*) Shocked, Mr. Hale nonetheless remained

28   composed and attempted to address Mr. Hardy behind Mr. Freedman, in hopes that counsel could

get the meet and confer discussion back on track. (*Ibid*.) Shortly thereafter, Mr. Freedman left the room, and Mr. Hale and Mr. Hardy conducted the meet and confer session, both then and after the deposition concluded later that day. (*Ibid*.)

Given Mr. Diesel's asserted objection regarding the lack of security and privacy at Plaintiff's counsel's office, Mr. Hale requested to know what was deficient about their security and/or privacy. (Hale Decl., ¶ 18.) Mr. Hardy indicated that Mr. Diesel had a medical condition and that he needed to be able to quickly leave the deposition for his security, including in relation to death threats, without having to go down thirty floors and obtain his vehicle from an underground parking lot. (*Ibid*.) Mr. Hardy also asserted that Mr. Diesel would need his personal security with him. (*Ibid*.)

Mr. Hale then offered to conduct the next day's deposition at defense counsel's office. (Hale Decl., ¶ 19.) Mr. Hardy again asserted that Mr. Diesel was not in the city. (*Ibid*.) Mr. Hale asked when Mr. Diesel left the city and where he was, but Mr. Hardy would not provide that information. (*Ibid*.) Mr. Hardy then ***for the first time*** laid out several conditions for a rescheduled deposition of Vin Diesel: (1) that the deposition be conducted for no more than seven hours; (2) that a protective order be in place to protect Defendant's financial, medical, and sexual privacy; (3) that the deposition take place at defense counsel's office or remotely; and (4) that the deposition only occur following the hearing on Defendant's just-filed Motion for Summary Judgment/Adjudication, set for October 7, 2025, nearly two months after the current trial date of August 18, 2025. (*Ibid*.)

At no time did Mr. Hale agree to forego filing a Motion to Compel while the parties further met and conferred, at an Informal Discovery Conference, or in any other venue. (Hale Decl., ¶ 20.)

**E.    Defendant's Filing of a Motion for Protective Order**

On the same date, June 23, 2025, Defendant Vin Diesel filed a Motion for Protective Order on the same subset of four (4) grounds listed immediately above. As will be argued below, these grounds are unmeritorious.

**III.    LEGAL STANDARD**

Code of Civ. Proc., § 2025.450(a) provides as follows:

> If, after service of a deposition notice, a party to the action or an officer, director, managing agent, or employee of a party, or a person designated by an

1    organization that is a party under Section 2025.230, without having served a valid

2    objection under Section 2025.410, fails to appear for examination, or to proceed

3    with it, or to produce for inspection any document or tangible thing described in

4    the deposition notice, the party giving the notice may move for an order

5    compelling the deponent's attendance and testimony, and the production for

6    inspection of any document or tangible thing described in the deposition notice.

7  **IV.    ARGUMENT**

8  **A.    Defendant Vin Diesel's Objections to his Notice of Deposition are Invalid and**

9  **Unmeritorious.**

10  **1.    Defendant Vin Diesel's Asserted Unavailability**

11    In his objection to Plaintiff's Notice of Deposition, Mr. Diesel, for the first time since his

12  counsel provided his availability for an in-person deposition on May 9, 2025, asserted that he was

13  not available for his deposition. (Hale Decl., ¶ 11, Exh. 10, p. 1) Neither in writing nor verbally

14  through his counsel did Defendant communicate any true emergency to explain his availability. In

15  fact, Mr. Diesel's counsel indicated that he was not even "in the city." Mr. Diesel's counsel declined

16  to provide any further detail. When Plaintiff's counsel offered to conduct the deposition at defense

17  counsel's office, as requested by Mr. Diesel, defense counsel again asserted Mr. Diesel was not "in

18  the city."

19    Furthermore, "unavailability" is not an adequate objection to a duly-served deposition

20  notice. A deposition subpoena is valid if it complies with the timing and service requirements of

21  Code of Civil Procedure section 2025.210 *et seq*.

22  **2.    In-Person Attendance**

23    In his objection to Plaintiff's Notice of Deposition, Mr. Diesel asserts that he cannot be

24  required to attend his deposition in-person, pursuant to *Code of Civ. Proc.*, § 2025.310(a). (Hale

25  Decl., ¶ 11, Exh. 10, p. 1.) However, as pointed out to counsel in previous meet and confer

26  discussions regarding an identical objection to a prior notice of deposition of Mr. Diesel, this is a

27  misreading of that code section.

28    CCP § 2025.310(a) states as follows: "At the election of the deponent or the deposing party,

1   the deposition officer may attend the deposition at a different location than the deponent via remote

2   means. A deponent is not required to be physically present with the deposition officer when being

3   sworn in at the time of the deposition." Thus, the code section permits the deposition officer, i.e.,

4   the court reporter, to attend the deposition via remote means. No reference is made to the deponent's

5   ability to elect a remote appearance.

6          CCP § 2025.310(b), which Mr. Diesel did not cite in his objection, states as follows: "Subject

7   to Section 2025.420, any party or attorney of record may, but is not required to, be physically present

8   at the deposition at the location of the deponent. If a party or attorney of record elects to be physically

9   present at the location of the deponent, all physically present participants in the deposition shall

10  comply with local health and safety ordinances, rules, and orders." This code section similarly does

11  not permit Mr. Diesel to elect a remote appearance; it merely allows Mr. Diesel, or his attorney of

12  record, to be physically present at the location of another deponent. Of course, this supports

13  Plaintiff's position, as Plaintiff and her attorney of record may be physically present at the deposition

14  of the deponent in this scenario: Vin Diesel.

15                        **3.    Location of Deposition**

16         In his objection to Plaintiff's Notice of Deposition, Mr. Diesel asserts that he should not

17  have to attend a deposition "to the extent the deposition is noticed for a location more than 150 miles

18  from Defendant's residence." (Hale Decl., ¶ 11, Exh. 10, p. 1.)  Mr. Diesel failed to even

19  straightforwardly assert that he in fact lives more than 150 miles from Plaintiff's counsel's office in

20  downtown Los Angeles, where the deposition is to take place. Mr. Diesel's objection is so vague

21  and uncertain as to operate as a waiver of any such objection.

22         Furthermore, Samantha Vincent – Mr. Diesel's sister – and Valentino Morales – Mr. Diesel's

23  security and close friend – already confirmed at their depositions that Mr. Diesel currently lives in

24  Los Angeles, California. (Hale Decl., ¶ 21.) Defendant's suggestion to hold the deposition at defense

25  counsel's office in Century City also confirms the convenience of Los Angeles as a location for Mr.

26  Diesel's deposition.

27         Finally, Plaintiff's counsel repeatedly requested confirmation on this topic from defense

28  counsel but was not provided with any. As recently as May 13, 2025, Plaintiff's counsel requested

to confirm that the in-person location of Vin Diesel's June 24 and 25 deposition was to be Los Angeles, specifically Plaintiff's counsel's Los Angeles office. (Hale Decl., ¶ 9, Exh 8.) Of course, this is Plaintiff's choice to begin with, but Plaintiff extended this question as a courtesy, which received no response from defense counsel.

### 4.    Time Limit

Defendant Diesel also objected that his deposition should be limited to seven-hours under CCP § 2025.290. (Hale Decl., ¶ 11, Exh. 10, p. 1.) Pursuant to CCP § 2025.290(b)(4), depositions in employment matters are excepted from the default seven-hour limit. While Plaintiff's FEHA claims have indeed been dismissed, multiple employment claims still remain, including Retaliation in Violation of Labor Code, §§ 98.6, 1102.5 and Wrongful Termination in Violation of Public Policy.

Further, the notice of deposition does not assume any particular total time to be on the record. A full day of deposition rarely equates to seven hours on the record.

### 5.    Questions Implicating Privacy

"[A]ny party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence." (*Code Civ. Proc.*, § 2017.010.) "'Relevant' evidence is evidence 'having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action.'" (*D.Z. v. Los Angeles Unified School Dist.* (2019) 35 Cal.App.5th 210, 229.)  "The party asserting a privacy right must establish a legally protected privacy interest, an objectively reasonable expectation of privacy in the given circumstances, and a threatened intrusion that is serious." (*Williams v. Sup. Ct.* (2017) 3 Cal.5th 531, 552.) If the court finds a privacy interest, the court must balance the privacy concerns against the need for the information. (*Id.* at p. 552.)

Defendant Vin Diesel asserts that he should not have to attend his deposition because questions *may* be asked that implicate his privacy, including his sexual history and financial condition.  (Hale Decl., ¶ 11, Exh. 10, p. 1.)

1    First, as to Defendant's financial condition, Plaintiff is already not permitted to seek pretrial

2    discovery on this subject. (Civ. Code, § 3295(a)(2).) As such, a protective order is altogether

3    unnecessary. On the contrary, Plaintiff must request an order permitting such discovery to obtain it

4    pretrial. Plaintiff has not and does not plan on doing so. Defendant cannot be permitted to delay his

5    deposition by simply listing subjects to which Plaintiff never had the intention or ability to inquire

6    about.

7    Second, as to Mr. Diesel's "sexual history," it is unclear as to what Defendant is referring,

8    given the ambiguity of the phrase. As asserted in Mr. Diesel's summary judgment motion, set to be

9    heard after trial, Plaintiff relies on *Code of Civ. Proc.*, § 340.16 to revive her claims based on

10   wrongful conduct in 2010. With regard to claims revived by *Code of Civ. Proc.*, § 340.16(e),

11   Plaintiff must allege the following:

12        (A) The plaintiff was sexually assaulted.

13        (B) One or more entities are legally responsible for damages arising out of the

14        sexual assault.

15        (C) The entity or entities, including, but not limited to, their officers, directors,

16        representatives, employees, or agents, engaged in a cover up or attempted a cover

17        up of a previous instance or allegations of sexual assault by an alleged perpetrator

18        of such abuse.

19   As such, questions regarding previous instances of sexual assault by Mr. Diesel are

20   reasonably calculated to lead to the discovery of admissible evidence. Now, Mr. Diesel seeks to

21   prevent Plaintiff from even *seeking* essential discovery, while at the same time attempting to dismiss

22   her claims for lack of that same sought-for evidence. That said, Plaintiff is not interested in Mr.

23   Diesel's "sexual history" wholesale. An order preventing all investigation into anything sexual with

24   regard to Vin Diesel would necessarily prevent Plaintiff from asking questions directed toward Mr.

25   Diesel about accusations of sexual assault or abuse previously committed by him. A stipulated

26   protective order ("SPO") in this matter has been in place since July 25, 2024. Any particular

27   questions that Defendant or his counsel believe run afield are better addressed on a question-by-

28   question basis, at which time counsel may simply instruct their client not to answer. All testimony

PLAINTIFF ASTA JONASSON'S MOTION TO COMPEL THE DEPOSITION OF DEFENDANT VIN DIESEL

1    will have the protection of the parties' protective order, so long as Defendant labels it as confidential,

2    subject to the procedure in the parties' SPO to de-designate as confidential any testimony. In this

3    scenario, a specialized protective order is a blunt tool that would prevent Plaintiff from seeking

4    essential discovery.

5          In his recently filed Motion for Protective Order, Mr. Diesel adds multiple other types of

6    privacy to the list, including medical and psychotherapeutic. Plaintiff has no interest in discovery

7    on these topics, and Defendant has provided no examples of what it may be concerned about Plaintiff

8    inquiring into. Again, Defendant cannot be permitted to delay his deposition by simply listing

9    subjects to which Plaintiff never had the intention to inquire about and asking the Court to hear that

10   Motion months after the parties' August 2025 trial date. Rather, the appropriate remedy is to appear

11   for a properly noticed deposition (which was previously agreed to by defense counsel), and object

12   on the record. This permits the Court to make specific findings as to specific questions rather than

13   asking the Court to make premature blanket rulings on questions that have not yet been posed.

14         Finally, Defendant also adds "employment history" to the list of private topics that may not

15   be inquired about. Defendant fails to define precisely what is meant by the ambiguous phrase.

16   Plaintiff was employed by Defendant and his entities, so to the extent "employment history" refers

17   to Vin Diesel's employment with Defendants One Race Films, Inc. or One Race Productions, Inc.,

18   such topics are squarely discoverable. Other than this, Plaintiff has little interest in probing into

19   Mr. Diesel's career path, which is already publicly known.

20                        **6.    Safety**

21         In his objection to Plaintiff's Notice of Deposition, Mr. Diesel asserts that Plaintiff's office

22   is "inadequate to protect Defendant's personal safety and privacy." (Hale Decl., ¶ 11, Exh. 10, p. 2.)

23   As is known by Defendants' counsel, Plaintiff's counsel's office is located in the PwC building on

24   7th and Figueroa, which is home to Seyfarth Shaw and PricewaterhouseCoopers LLP. (Hale Decl. ¶

25   22.) Like many buildings downtown, it has multiple 24/7 dedicated security personnel. (*Ibid.*)

26   Entrance is restricted per floor, and visitors may only access a particular floor if they have been

27   added to a security list and been ushered to an appropriate elevator by security. (*Ibid.*) During a meet

28   and confer session with Defense counsel, Sean Hardy explained that the concern was more about

-14-
PLAINTIFF ASTA JONASSON'S MOTION TO COMPEL THE DEPOSITION OF DEFENDANT VIN DIESEL

the quickness with which Mr. Diesel could descend from the 30th floor and retrieve his vehicle from the building's underground parking. (Hale Decl. ¶ 18.) This is not a reasonable or rational basis for failing to attend a deposition. Further, no explanation was provided with relation to the building's inability to protect Defendant's privacy, so this is still a mystery.

During the in-person meet and confer, Plaintiff's counsel offered as a compromise to conduct the deposition at the office of defense counsel. (Hale Decl. ¶ 19.) Defense counsel stated that nonetheless, Mr. Diesel was "not in the city" and so would not be attending. (*Ibid*.)

For purposes of security, Plaintiff also suggests the deposition be held at the courthouse where there is ample security to alleviate Mr. Diesel's concerns.

### 7.    Vague Procedural Deficiencies

Mr. Diesel also objected "to the extent [the deposition notice] fails to comply with the requirements on Code of Civil Procedure section 2025.210, *et seq*." (Hale Decl., ¶ 11, Exh. 10, p. 2.) This objection lacks any specificity as to what requirements the notice fails to comply with, and no additional detail has been provided by counsel. This objection should be disregarded due to its vagueness and ambiguity.

### 8.    Pending Dispositive Motion

Defendant's final objection asserts good cause exists to stay the deposition pending Defendant's Motion for Summary Judgment/Adjudication ("MSJ"), which is scheduled to be heard on October 7, 2025, nearly two months past the parties' August 18, 2025 trial date.  (Hale Decl., ¶ 11, Exh. 10, p. 2.) The cases cited, *Silver v. City of Los Angeles* (1966) 245 Cal. App. 2d 673 and *Terminal Equip. Co. v. City* (1990) 221 Cal. App. 3d 234 do not stand for this proposition. *Terminal* and *Silver* are both cases where a plaintiff had yet to get past the pleadings stage, and each court stated that the plaintiff had to state at least one cause of action before discovery or depositions would be permitted. Of course, this matter is past the pleadings stage, is deep into fact discovery, and testimony sought at the deposition of Vin Diesel is squarely relevant to Plaintiff's preparation for Trial. Further, the MSJ should never be heard because it was filed late, and so should not be used as a sword to delay discovery and trial itself.

**B.    Plaintiff's Counsel Adequately Met and Conferred Prior to Filing this Motion.**

Pursuant to Code of Civ. Proc., § 2025.450(b)(2), a motion to compel a deposition should be accompanied by a meet and confer declaration under section 2016.040 or, when the deponent fails to attend the deposition and produce the documents, electronically stored information, or things described in the deposition notice, by a declaration stating that the petitioner has contacted the deponent to inquire about the nonappearance. Plaintiff here does both. Plaintiff's counsel Matthew Hale attempted a reasonable and good faith resolution of each issued presented by this motion by meeting and conferring with opposing counsel on multiple occasions and contacted the deponent's counsel to inquire about the intended nonappearance. (Hale Decl. ¶ 13-20, Exh. 11-12.)

**C.    Monetary Sanctions Are Appropriate Due to Defendant's Misuse of the Discovery Process.**

California Code of Civil Procedure section 2023.030(a) provides that "[t]he court may impose a monetary sanction ordering that one engaging in the misuse of the discovery process." California Code of Civil Procedure section 2023.010(d) provides that "[f]ailing to respond or to submit to an authorized method of discovery" constitutes misuse of the discovery process. California Code of Civil Procedure section 2023.010(e) provides that "making, without substantial justification, an unmeritorious objection to discovery" also constitutes misuse of the discovery process.

Here, sanctions against Mr. Diesel and his counsel, Liner Freedman Taitelman + Cooley, are warranted pursuant to the aforementioned code sections because Defendant has failed to appear for his properly noticed deposition.   Further, Defendant's unmeritorious objections and counsel's improper conduct constitute a misuse of the discovery process and failure to respond or to submit to an authorized method of discovery.

Code of Civil Procedure section 2025.450(g)(1) provides:

> If a motion under subdivision (a) is granted, *the court shall impose a monetary sanction* under Chapter 7 (commencing with Section 2023.010) in favor of the party who noticed the deposition and against the deponent or the party with whom the deponent is affiliated, unless the court finds that the one subject to the sanction

1       acted with substantial justification or that other circumstances make the

2       imposition of the sanction unjust. (Emphasis added.)

3           Defendants' conduct is a willful abuse of the discovery process for which Defendant and his

4   counsel should be sanctioned.  Defendant has failed to appear at his duly noticed deposition, at a

5   date and location agreed to by the parties. Under the statutes enumerated above, plaintiff requests

6   sanctions in the amount of $7,455.07 for costs and attorneys' fees. (Hale Decl. ¶ 29.)[1]

7   **V.    CONCLUSION**

8           Accordingly, Plaintiff Asta Jonasson requests that this Court issue an order directing

9   Defendant to appear for deposition within the next ten (10) days, directing Defendant and his

10  counsel, Liner Freedman Taitelman + Cooley, to pay sanctions to plaintiff in the amount of

11  $7,455.07 for this willful discovery violation.

12

13  DATED:  June 26, 2025                    GREENBERG GROSS LLP

14

15                                          By:   */s/ Matthew T. Hale*

16                                                Brian L. Williams
                                                  Jemma E. Dunn
17                                                Matthew T. Hale
                                                  Attorneys for Plaintiff Asta Jonasson
18

19

20

21

22

23

24

25

26  _____

27      [1] To the extent it solves any of Defendant's concerns, it may be prudent to appoint a discovery
    referee at Mr. Freedman's expense to ensure (1) professional conduct at further in person depositions
28  and meet and confers and (2) to make decisions regarding the appropriateness of the subject matter
    of the questions during the deposition in real time.

PLAINTIFF ASTA JONASSON'S MOTION TO COMPEL THE DEPOSITION OF DEFENDANT VIN DIESEL

**PROOF OF SERVICE**

**Asta Jonasson v. Vin Diesel (f/k/a Mark Sinclair Vincent), et al.**
**Case No. 23STCV31143**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 601 S. Figueroa Street, 30th Floor, Los Angeles, CA 90017.

On June 26, 2025, I served true copies of the following document(s) described as **PLAINTIFF ASTA JONASSON'S MOTION TO COMPEL THE DEPOSITION OF DEFENDANT VIN DIESEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action as follows:

Bryan J. Freedman, Esq.
Sean M. Hardy, Esq.
Jason H. Sunshine, Esq.
**LINER FREEDMAN & TAITELMAN + COOLEY, LLP**
1801 Century Park West, Fifth Floor
Los Angeles, CA 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045
Emails: bfreedman@ftllp.com
    smhardy@ftllp.com
    jsunshine@ftllp.com
    vbirtha@ftllp.com
    cpuello@ftllp.com

Attorneys for Defendants One Race Films, Inc., One Race Productions, Inc., Vin Diesel f/k/a Mark Sinclair Vincent, and Samantha Vincent

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address HNunez@GGTrialLaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 26, 2025, at Los Angeles, California.

_____
Hazelle Nunez

1  BRIAN L. WILLIAMS, State Bar No. 227948
    *BWilliams@GGTrialLaw.com*
2  JEMMA E. DUNN, State Bar No. 258454
    *JDunn@GGTrialLaw.com*
3  MATTHEW T. HALE, State Bar No. 303826
    *MHale@GGTrialLaw.com*
4  GREENBERG GROSS LLP
   601 S. Figueroa Street, 30th Floor
5  Los Angeles, California 90017
   Telephone: (213) 334-7000
6  Facsimile: (213) 334-7001

7  Attorneys for Plaintiff Asta Jonasson

8           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9               **FOR THE COUNTY OF LOS ANGELES**

10 ASTA JONASSON, an individual,          | Case No. 23STCV31143

11                                          | Assigned for All Purposes to:
              Plaintiff,                    | Hon. Daniel M. Crowley, Dept. 71
12
          v.                                | **DECLARATION OF MATTHEW T.**
13                                          | **HALE IN SUPPORT OF PLAINTIFF'S**
   VIN DIESEL (f/k/a Mark Sinclair Vincent), an | **MOTION TO COMPEL DEFENDANT**
14 individual; SAMANTHA VINCENT, an        | **VIN DIESEL'S DEPOSITION &**
   individual; ONE RACE PRODUCTIONS,       | **REQUEST FOR SANCTIONS**
15 INC., a California corporation; ONE RACE |
   FILMS, INC., a California corporation; and | Reservation No.: 374377214511
16 DOES 1 to 20, inclusive,                 |
                                            | **Hearing:**
17                                          | Judge:  Hon. Daniel M. Crowley
            Defendants.                     | Date:   August 11, 2025
18                                          | Time:   8:30 a.m.
                                            | Dept.:  71
19
                                            | Action Filed:    December 21, 2023
20                                          | Trial Date:      August 18, 2025

21                                          | [*Filed Concurrently with Plaintiff's Notice of*
                                            | *Motion; Motion to Compel; [Proposed] Order*]
22

23

24

25

26

27

28

---

DECLARATION OF MATTHEW T. HALE ISO MOTION TO COMPEL DEPOSITION OF VIN DIESEL AND
REQUEST FOR SANCTIONS

## DECLARATION OF MATTHEW T. HALE

I, Matthew T. Hale, declare as follows:

1.    I am an attorney at law, duly authorized to practice law in the State of California. I am an attorney with the law firm of Greenberg Gross LLP, counsel of record for plaintiff Asta Jonasson ("Plaintiff" or "Jonasson") in this case. The facts stated herein are within my personal knowledge and if called upon to testify, I can truthfully and competently do so as to all matters herein

2.    Plaintiff Asta Jonasson first noticed Defendant Vin Diesel's deposition for May 7, 2024. A true and correct copy of that deposition notice is attached hereto as **Exhibit 1**.

3.    On May 1, 2024, Defendant Vin Diesel served his objection to the notice of deposition, indicating in part that neither he nor his counsel were available on that date. A true and correct copy of that objection document is attached hereto as **Exhibit 2.**

4.    On April 7, 2025, Plaintiff again noticed Mr. Diesel's deposition, this time for April 29, 2025. A true and correct copy of that deposition notice is attached hereto as **Exhibit 3.**

5.    Plaintiff accompanied the notice of deposition with a letter requesting alternative dates if April 29, 2025 did not work for Mr. Diesel or his attorneys. A true and correct copy of that letter is attached hereto as **Exhibit 4.**

6.    No response was received to that letter until Mr. Diesel's objections to the deposition notice were served via overnight mail on April 24, 2025. A true and correct copy of that objection document is attached hereto as **Exhibit 5.**

7.    Thereafter, Plaintiff sent a letter to Mr. Diesel's counsel to meet and confer regarding the objections to Mr. Diesel's deposition notice.  A true and correct copy of that letter is attached hereto as **Exhibit 6.**

8.    Following discussion on this letter, counsel for Defendant Vin Diesel confirmed that he would appear for his deposition in person on June 24 and June 25. A true and correct copy of the confirming email from Jason Sunshine is attached hereto as **Exhibit 7.**

9.    On May 13, 2025, Plaintiff's counsel emailed counsel for Defendant confirming that the deposition would be held at Plaintiff's office downtown Los Angeles and to inform Plaintiff's

DECLARATION OF MATTHEW T. HALE ISO MOTION TO COMPEL DEPOSITION OF VIN DIESEL AND
REQUEST FOR SANCTIONS

1  counsel immediately if this was an issue.  A true and correct copy of the confirming email from

2  Matthew Hale is attached hereto as **Exhibit 8.**

3       10.    That same date, May 13, 2025, Plaintiff served the notice of deposition of Defendant

4  Vin Diesel to be conducted at Plaintiff counsel's Los Angeles office for June 24 and June 25., 2025

5  A true and correct copy of that deposition notice is attached hereto as **Exhibit 9**.

6       11.    On June 20, 2025, counsel for Defendant Vin Diesel served via personal service its

7  objections to Plaintiff's deposition notice, served on May 13, 2025. A true and correct copy of that

8  objection document is attached hereto as **Exhibit 10**.

9       12.    Plaintiff's counsel had previously conducted in-person depositions in this matter at

10  Plaintiff counsel's Los Angeles office on May 28, 2025 and June 19, 2025.

11       13.    That same day, June 20, 2025, Plaintiff's counsel responded via email, meeting and

12  conferring regarding each objection and requesting alternative dates before the fact discovery cutoff

13  (July 18, 2025), given Vin Diesel's asserted unavailability. A true and correct copy of that email is

14  attached hereto as **Exhibit 11**.

15       14.    Plaintiff's counsel was scheduled to take the in-person deposition of third party

16  witness Valentino Morales on June 23, 2025.

17       15.    The morning of this deposition, counsel for Defendant Vin Diesel asserted that they

18  disagreed with Plaintiff counsel's position regarding Vin Diesel's objections to his duly noticed

19  deposition and would meet and confer in person later that day, on June 23, 2025. A true and correct

20  copy of that email from Sean Hardy is attached hereto as **Exhibit 12**.

21       16.    Counsel for Defendants, Sean Hardy and Bryan Freedman, appeared with the third

22  party deponent on June 23, 2025. Prior to the deposition, Plaintiff's counsel Matthew Hale requested

23  to meet and confer about the objections to the deposition of Vin Diesel in a separate room. Mr. Hale

24  and Mr. Hardy began to discuss the assertion that Mr. Diesel was suddenly unavailable for his

25  deposition. Mr. Hale requested to know why Mr. Diesel was suddenly unavailable, and Mr. Hardy

26  refused to provide a reason.

27       17.    During this back and forth, Mr. Freedman entered the room. Mr. Hale again requested

28  to know why Mr. Diesel was unavailable to determine if this was a true emergency or a simple

DECLARATION OF MATTHEW T. HALE ISO MOTION TO COMPEL DEPOSITION OF VIN DIESEL AND
REQUEST FOR SANCTIONS

1  failure to appear for his deposition, for which availability had been cleared over a month prior, as it

2  would be important for the purposes of any Motion to compel that may need to be filed. Counsel for

3  Defendant continued to refuse to provide any explanation. Mr. Freedman interjected and told Mr.

4  Hale to just file his motion and called Mr. Hale, a "moron" and cursed while doing so.  Mr. Hale

5  began to write down the language on note paper, specifically stating that he would be including

6  these insults in his declaration to any motion and requesting to have a professional and substantive

7  meet and confer.  Mr. Freedman then threatened Mr. Hale with malicious prosecution and called

8  him a "piece of shit."  At no time did Mr. Hale exchange any insult with Mr. Freedman, raise his

9  voice, or provoke any physical contact.  Shortly thereafter, Mr. Freedman got up from his chair,

10  rushed to stand directly in front of Mr. Hale, mere inches away from him, causing Mr. Freedman's

11  face to be directly in front of that of Mr. Hale.  Mr. Freedman then called Mr. Hale a "pussy" and

12  swung his fist at Mr. Hale's face, stopping directly in front of his face, without making contact.

13  Shocked, Mr. Hale nonetheless remained composed and attempted to address Mr. Hardy behind Mr.

14  Freedman, in hopes that counsel could get the meet and confer discussion back on track.  At some

15  point shortly thereafter, Mr. Freedman left the room, and Mr. Hale and Mr. Hardy conducted the

16  meet and confer session, both then and after the deposition concluded later that day.

17       18.    Given Mr. Diesel's asserted objection regarding the lack of security and privacy at

18  Plaintiff's counsel's office, Mr. Hale requested to know what was deficient about their security

19  and/or privacy. Mr. Hardy indicated that Mr. Diesel had a medical condition and that he needed to

20  be able to quickly leave the deposition for his security, including in relation to death threats, without

21  having to go down thirty floors and obtain his vehicle from an underground parking lot.  Mr. Hardy

22  also asserted that Mr. Diesel would need his personal security with him.

23       19.    Mr. Hale then offered to conduct the next day's deposition at defense counsel's

24  office. Mr. Hardy again asserted that Mr. Diesel was not in the city. Mr. Hale asked when Mr. Diesel

25  left the city and where he was, but Mr. Hardy would not provide that information. Mr. Hardy laid

26  out several conditions for a rescheduled deposition of Vin Diesel: (1) that the deposition be

27  conducted for no more than seven hours; (2) that a protective order be in place to protect Defendant's

28  financial, medical, and sexual privacy; (3) that the deposition take place at defense counsel's office

-4-
DECLARATION OF MATTHEW T. HALE ISO MOTION TO COMPEL DEPOSITION OF VIN DIESEL AND
REQUEST FOR SANCTIONS

or remotely; and (4) that the deposition only occur following the hearing on Defendant's just-filed Motion for Summary Judgment/Adjudication, set for October 7, 2025, nearly two months after the current trial date of August 18, 2025.

20.     At no time did Mr. Hale agree to forego filing a Motion to Compel while the parties further met and conferred, at an Informal Discovery Conference, or in any other venue.

21.     Samantha Vincent – Mr. Diesel's sister – and Valentino Morales – Mr. Diesel's security and close friend – already confirmed at their depositions that Mr. Diesel currently lives in Los Angeles, California.

22.     Plaintiff's counsel's office is located in the PwC building on 7th and Figueroa, which is home to Seyfarth Shaw and PricewaterhouseCoopers LLP. Like many buildings downtown, it has multiple 24/7 dedicated security personnel. Entrance is restricted per floor, and visitors may only access a particular floor if they have been added to a security list and been ushered to an appropriate elevator by security.

23.     I have been practicing law since 2015. I primarily litigate wrongful termination of employment and discrimination cases in both state and federal court on behalf of plaintiffs, including cases based upon violations of the Fair Employment and Housing Act and the California Labor Code.

24.     I am a graduate of the University of California, Los Angeles, School of Law and of Harvard University.

25.     In January of 2023, my colleagues and I tried Galvan v. United Parcel Service, et al. (LASC Case No. BC703891), which resulted in a $5.4 million verdict.

26.     I have been confirmed legal fees at an hourly rate of $850.00 by Judge Lipner of Department 72.

27.     Throughout my practice as an attorney on plaintiff's side, I have become familiar with customary billing rates for attorneys of my experience level and title.  I understand that my hourly rate as an associate attorney of a plaintiff's law firm is at least comparable, if not below, the hourly rates of other attorneys in similar situations.

28.     I am familiar with the proper procedure for calculating hourly bills. I understand

DECLARATION OF MATTHEW T. HALE ISO MOTION TO COMPEL DEPOSITION OF VIN DIESEL AND REQUEST FOR SANCTIONS

1  which tasks are billable and which are not. All of the time that I spent on this motion was necessary

2  to prepare it properly and diligently.

3      29.    I have primarily handled the discovery issues in this action. I have spent

4  approximately one hour meeting and conferring with Defendant's counsel regarding the motion,

5  including drafting and revising correspondence and participating in conferences regarding the

6  same. I also spent more than 5 hours preparing and revising all briefing in connection with the

7  instant Motion to Compel, including in preparing this declaration and preparing and revising the

8  brief, notice, and proposed order (6 hours X $850.00 = $5,100.00). I anticipate that it will take me

9  an additional 2.5 hours to review Defendant's opposition, prepare a reply brief in support of the

10  motion, and prepare for and attend oral argument on this motion (2.5 hours X $850.00 = $2,125.00).

11  I was also required to cancel my hotel reservation due to the cancellation of Defendant's deposition,

12  with a fee in the amount of $230.07. As such, Plaintiff has incurred fees and costs in the amount of

13  $5,330.07 and is likely to incur costs in the amount of $2,125.00, for a total of $7,455.07.

14      I declare, under penalty of perjury under the laws of the State of California, that the foregoing

15  is true and correct.

16      Date: June 26, 2025.

17

18      _____
        Matthew T. Hale

19

20

21

22

23

24

25

26

27

28

DECLARATION OF MATTHEW T. HALE ISO MOTION TO COMPEL DEPOSITION OF VIN DIESEL AND
REQUEST FOR SANCTIONS

 Journal Technologies Court Portal

# Make a Reservation

## ASTA JONASSON, AN INDIVIDUAL vs VIN DIESEL, et al.

Case Number: 23STCV31143    Case Type: Civil Unlimited    Category: Wrongful Termination
Date Filed: 2023-12-21   Location: Stanley Mosk Courthouse - Department 71

### Reservation

| | |
|---|---|
| Case Name: | Case Number: |
| ASTA JONASSON, AN INDIVIDUAL vs VIN DIESEL, et al. | 23STCV31143 |
| Type: | Status: |
| Motion to Compel (Motion to Compel Party Deposition) | RESERVED |
| Filing Party: | Location: |
| Asta Jonasson (Plaintiff) | Stanley Mosk Courthouse - Department 71 |
| Date/Time: | Number of Motions: |
| 08/11/2025 8:30 AM | 1 |
| Reservation ID: | Confirmation Code: |
| 374377214511 | CR-FWVPEPZZCBUZ2FMFB |

### Fees

| Description | Fee | Qty | Amount |
|---|---|---|---|
| Motion to Compel (name extension) | 0.00 | 1 | 0.00 |
| TOTAL | | | $0.00 |

### Payment

| | |
|---|---|
| Amount: | Type: |
| $0.00 | NOFEE |
| Account Number: | Authorization: |
| n/a | n/a |
| Payment Date: | |
| n/a | |

🖶 Print Receipt    ➕ Reserve Another Hearing    👤 View My Reservations

Copyright © Journal Technologies, USA. All rights reserved.

 Opens Chat

# EXHIBIT 1

1  BRIAN L. WILLIAMS, State Bar No. 227948
    *BWilliams@GGTrialLaw.com*
2  CLAIRE-LISE Y. KUTLAY, State Bar No. 307080
    *CKutlay@GGTrialLaw.com*
3  MATTHEW T. HALE, State Bar No. 303826
    *MHale@GGTrialLaw.com*
4  GREENBERG GROSS LLP
   601 S. Figueroa Street, 30th Floor
5  Los Angeles, California 90017
   Telephone: (213) 334-7000
6  Facsimile: (213) 334-7001

7  Attorneys for Plaintiff Asta Jonasson

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

10

11  ASTA JONASSON, an individual,              Case No. 23STCV31143

12              Plaintiff,                      Assigned for All Purposes to:
                                                Hon. Daniel M. Crowley, Dept. 71
13          v.
                                                **NOTICE OF DEPOSITION TO**
14  VIN DIESEL (f/k/a Mark Sinclair Vincent), an   **DEFENDANT VIN DIESEL (F/K/A MARK**
    individual; SAMANTHA VINCENT, an            **SINCLAIR VINCENT)**
15  individual; ONE RACE PRODUCTIONS,
    INC., a California corporation; ONE RACE     Date:    May 7, 2024
16  FILMS, INC., a California corporation; and   Time:    9:00 a.m.
    DOES 1 to 20, inclusive,                    Place:   Greenberg Gross LLP
17                                                        601 S. Figueroa Street, 30th Floor
                Defendants.                              Los Angeles, CA 90017
18
                                                Action Filed:   December 21, 2023
19                                              Trial Date:     Not Yet Set

20

21

22

23

24

25

26

27

28

1    TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2          PLEASE TAKE NOTICE that, pursuant to Code of Civil Procedure Section 2025.010 *et*

3    *seq.*, Plaintiff Asta Jonasson will take the deposition of Defendant Vin Diesel (f/k/a Mark Sinclair

4    Vincent).  The deposition will take place at the office of Greenberg Gross LLP, 601 S. Figueroa

5    Street, 30th Floor, Los Angeles, California 90017.  The deposition shall commence on May 7,

6    2024, at 9:00 a.m. and shall continue from day to day thereafter until completed.  The deposition

7    will be recorded using audio or video technology and will be conducted using the stenographic

8    method.

9    DATED:  February 26, 2024                GREENBERG GROSS LLP

10

11                                    By: _____

12                                         Brian L. Williams
                                           Claire-Lise Y. Kutlay
13                                         Matthew T. Hale
                                           Attorneys for Plaintiff Asta Jonasson
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-
NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)

# EXHIBIT 2

FREEDMAN TAITELMAN + COOLEY, LLP
Bryan J. Freedman, Esq. (SBN 151990)
Sean M. Hardy, Esq. (SBN 266466)
Jason Sunshine (SBN 336062)
1801 Century Park East, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
bfreedman@ftllp.com
smhardy@ftllp.com
jsunshine@ftllp.com

Attorneys for Defendant
VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ASTA JONASSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>VIN DIESEL (f/k/a Mark Sinclair Vincent), an individual; SAMANTHA VINCENT, an individual; ONE RACE PRODUCTIONS, INC., a California corporation; ONE RACE FILMS, INC., a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No.: 23STCV31143<br><br>[Assigned for all purposes to Judge Daniel M. Crowley, Dept. 71]<br><br>OBJECTIONS TO NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)<br><br>**Date:  May 7, 2024**<br>**Time:  9:00 a.m.**<br>**Place:  Greenberg Gross LLP**<br>**601 S. Figueroa Street, 30th Floor**<br>**Los Angeles, CA 90017** |

OBJECTIONS TO NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Vin Diesel ("Defendant"), pursuant to *Code of Civil Procedure* section 2025.410, hereby objects to Plaintiff Asta Jonasson's notice of the May 7, 2024 deposition of Defendant (the "Notice"), on the following grounds:

**I.**

**<u>OBJECTIONS TO NOTICE OF DEPOSITION</u>**

1.      The deposition was unilaterally set without any consideration for either the deponent or counsel's availability, in violation of Los Angeles Superior Court, Local Rule Appendix 3.A(e)(1).   Consideration has not been given in scheduling this deposition because Plaintiff did not clear the dates and time with counsel, and neither the deponent nor his counsel of record are available to attend on the date and time specified in the Notice.

2.      The deposition was improperly noticed to require Defendant's in-person attendance at the offices of Plaintiff's counsel.   Defendant objects and elects pursuant to Code of Civil Procedure Section 2025.310, that any deposition proceed via remote video, and that Defendant not be physically present at the time of the deposition.

3.      Defendant objects to the Notice to the extent the deposition is noticed for a location more than 150 miles from Defendant's residence, in violation of *Code of Civil Procedure* section 2025.250, subsection (a) and Code of Civil Procedure section 1989. See generally <u>Toyota Motor Corp. v. Superior Court</u> (2011) 197 Cal.App.4th 1107.

4.      Defendant objects to the notice of deposition in that it is reasonably calculated to result in the disclosure of sensitive, proprietary, or confidential business information or trade secrets without the entry of a mutually-acceptable protective order.

5.      The deposition was unilaterally set prior to the initially-noticed deposition of Plaintiff Asta Jonasson, without the agreement of counsel, in violation of Los Angeles Superior Court, Local Rule Appendix 3.A(e)(3).

6.      Defendant objects to the Notice in that it violates the seven-hour limitation on the length of a deposition mandated by *Code of Civil Procedure* section 2025.290.   The Notice improperly requires that the deposition to continue "day-to-day" until completed.

1    7.    Defendant objects to the Notice to the extent it fails to comply with the

2  requirements on Code of Civil Procedure section 2025.210, *et seq.*

3

4  DATED:  May 1, 2024                    FREEDMAN TAITELMAN + COOLEY, LLP

5

6

7                                          Bryan J. Freedman, Esq.
                                           Sean M. Hardy, Esq.
8                                          Jason H. Sunshine, Esq.
                                           Attorneys for Defendant
9                                          VIN DIESEL (F/K/A MARK SINCLAIR
                                           VINCENT)
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OBJECTIONS TO NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR
VINCENT)

## **PROOF OF SERVICE**

| | |
|---|---|
| **STATE OF CALIFORNIA** | ] |
| | ]  **ss.** |
| **COUNTY OF LOS ANGELES** | ] |

I am employed in the County of Los Angeles, State of California. I am over the age of 18, and not a party to the within action. My business address is FREEDMAN TAITELMAN + COOLEY, LLP, 1801 Century Park West, 5th Floor, Los Angeles, CA 90067.

On **May 1, 2024**, I served the following document(s) entitled **OBJECTIONS TO NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)** on the interested parties in this action as follows:

Brian L. Williams
Claire-Lise Y. Kutlay
Matthew T. Hale
GREENBERG GROSS LLP
601 S. Figueroa Street, 30th Floor
Los Angeles, California 90017
Tel. (213) 334-7000
Fax. (213) 334-7001
BWilliams@GGTrialLaw.com
CKutlay@GGTrialLaw.com
MHale@GGTrialLaw.com
PHorlacher@GGTrialLaw.com
DVultaggio@GGTrialLaw.com
CRose@GGTrialLaw.com
MSance@GGTrialLaw.com

*Attorneys for Plaintiff Asta Jonasson*

| | |
|---|---|
| ☒ | **By Overnight Delivery.** I deposited a sealed envelope containing a true and correct copy of the documents listed above for overnight delivery via Federal Express. |
| ☒ | **By E-Mail or Electronic Transmission.** I caused the documents to be sent to the persons at the email address listed below in a PDF file, and the transmission appeared to be successful. |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **May 1, 2024,** at Los Angeles, California.

*/s/ Vaneta D. Birtha*
Vaneta D. Birtha

4

OBJECTIONS TO NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)

# EXHIBIT 3

1   BRIAN L. WILLIAMS, State Bar No. 227948
     BWilliams@GGTrialLaw.com
2   JEMMA E. DUNN, State Bar No. 258454
     JDunn@GGTrialLaw.com
3   MATTHEW T. HALE, State Bar No. 303826
     MHale@GGTrialLaw.com
4   GREENBERG GROSS LLP
    601 S. Figueroa Street, 30th Floor
5   Los Angeles, California 90017
    Telephone: (213) 334-7000
6   Facsimile: (213) 334-7001

7   Attorneys for Plaintiff Asta Jonasson

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10

11  ASTA JONASSON, an individual,            Case No. 23STCV31143

12             Plaintiff,                     Assigned for All Purposes to:
                                              Hon. Daniel M. Crowley, Dept. 71
13        v.
                                             **NOTICE OF DEPOSITION TO**
14  VIN DIESEL (f/k/a Mark Sinclair Vincent), an   **DEFENDANT VIN DIESEL (F/K/A MARK**
    individual; SAMANTHA VINCENT, an        **SINCLAIR VINCENT) AND REQUESTS**
15  individual; ONE RACE PRODUCTIONS,       **FOR PRODUCTION OF DOCUMENTS**
    INC., a California corporation; ONE RACE
16  FILMS, INC., a California corporation; and   Date:    April 29, 2025
    DOES 1 to 20, inclusive,                 Time:    9:00 a.m.
17                                            Place:   Greenberg Gross LLP
               Defendants.                             601 S. Figueroa Street, 30th Floor
18                                                     Los Angeles, CA 90017

19                                            Action Filed:    December 21, 2023
                                              Trial Date:      August 18, 2025
20

21

22

23

24

25

26

27

28

1  TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2      PLEASE TAKE NOTICE that, pursuant to Code of Civil Procedure Section 2025.010 *et*

3  *seq.*, Plaintiff Asta Jonasson will take the deposition of defendant Vin Diesel (f/k/a Mark Sinclair

4  Vincent).  The deposition will take place at the office of Greenberg Gross LLP, 601 S. Figueroa

5  Street, 30th Floor, Los Angeles, California 90017.  The deposition shall commence on April 29,

6  2025, at 9:00 a.m. and shall continue from day to day thereafter until completed.  The deposition

7  will be recorded using audio or video technology and will be conducted using the stenographic

8  method.

9      **PLEASE TAKE FURTHER NOTICE THAT**, pursuant to Code of Civil Procedure

10  Section 2034.415, the Deponent is directed to produce the documents and things set forth below

11  no later than three business days before the deposition.

12                                      **DEFINITIONS**

13      Words in ALL CAPITAL LETTERS in these definitions, instructions, and Requests are

14  defined as follows:

15      1.      The term "DOCUMENT(S)" means all documents and electronically stored

16  information—including but not limited to all emails, text messages, writings, drawings, graphs,

17  charts, photographs, video and sound recordings, images, worksheets, and other data and data

18  compilations—stored in any medium from which information can be obtained either directly or, if

19  necessary, after translation into a reasonably usable form, and includes COMMUNICATIONS.

20      2.      The term "COMMUNICATION(S)" means and refers to all correspondence,

21  discussions, conversations, interviews, telephone calls, emails, instant messages, voice mail

22  messages, negotiations, notices, agreements, understandings, meetings, recordings, audiotapes,

23  videotapes, transcripts, facsimiles, telegrams, charts, spreadsheets, visual images, presentations,

24  and all other transmissions of information, thoughts, documents, electronically stored information,

25  or ideas between two or more PERSONS.

26      3.      The terms "YOU" and "YOUR" means and refers to defendant Vin Diesel.

27      4.      The terms "any" and "all" are interchangeable and shall be construed disjunctively,

28  conjunctively, or both, as necessary to bring within the scope of this discovery request all matters

which might otherwise be construed to be outside of its scope.

5.   The term "each" means "each and every."

6.   The term "including" means "including, but not limited to."

7.   The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1.   The original of each responsive item (or a legible copy if the original is not within YOUR possession, custody, or control) shall be identified and produced at the above-stated date, time, and place unless complete and legible copies of each responsive item are received at the above-referenced address on or before the specified production date.  Any such production of copies is without prejudice to Propounding Party's right to inspect and/or copy the original of each DOCUMENT or tangible thing at a future date.

2.   These Requests seek the production of DOCUMENTS, and electronically stored information ("ESI"), in their native format, unless some other format is agreed to in writing by Propounding Party's counsel of record.

3.   ESI must be produced with all "metadata" intact. ("Metadata" means the data embedded in electronic versions of a document that show how, when and by whom the document was created, accessed or modified.)

4.   Any request for a DOCUMENT shall be construed to include any and all drafts, versions, or revisions of such DOCUMENT.

5.   These Requests seek the production of all responsive DOCUMENTS within YOUR possession, custody, or control, regardless of whether such DOCUMENTS are possessed directly by YOU.

6.   In the event any DOCUMENTS responsive to these Requests are withheld from production based upon a claim of attorney-client privilege, attorney work-product doctrine, or any other privilege or protection from discovery, YOU are requested to provide a privilege log in which YOU explain the basis of the privilege or other protection you are claiming, and provide a description of the DOCUMENTS YOU are withholding sufficient to support the basis for withholding the DOCUMENTS.

7.    The conjunctive "and" should be interpreted in the disjunctive to include the term "or" and vice versa.

8.    The singular form of a word should be interpreted in the plural and vice versa.

9.    If YOUR response to any Request is that the DOCUMENTS are not in YOUR possession, custody, or control, describe in detail the efforts YOU made to locate such DOCUMENTS.

10.    If any responsive DOCUMENT was at one time in YOUR possession, custody, or control, but has been disposed of, lost, discarded, destroyed, or is no longer in YOUR possession, custody, or control for any other reason, then do the following with respect to each and every such DOCUMENT:

a.    describe the nature of the DOCUMENT, letter or memorandum;

b.    state the date of the DOCUMENT;

c.    identify the PERSONS who sent and received the original and copies of the DOCUMENT, specifying its author, addressee, and all PERSONS to whom copies were furnished, or saw same;

d.    state in as much detail as possible the subject matter and contents of the DOCUMENT; and

e.    state when the DOCUMENT was in YOUR possession, custody, or control.

If objection is made to any part of a particular Request, that part should be specified in writing (together with the grounds for the objection), and any other portion of the Request to which no objection is made should be answered.

## **REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS maintained by YOU that contain the name of plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS relating to plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 3:**

All emails referring to plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 4:**

All emails sent between YOU and plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 5:**

All voicemail messages YOU received from plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 6:**

All text messages YOU received from or sent to plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 7:**

All audio recordings of plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 8:**

All video recordings of plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 9:**

All photographs of plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 10:**

All statements, declarations, and/or affidavits signed by YOU regarding the instant lawsuit.

**REQUEST FOR PRODUCTION NO. 11:**

All unsigned drafts of statements, declarations, and/or affidavits reflecting YOUR name, regarding the instant lawsuit.

**REQUEST FOR PRODUCTION NO. 12:**

All notes or records relating to plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 13:**

All text messages YOU received relating to plaintiff Asta Jonasson.

///

///

///

///

///

///

///

NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT) AND
REQUESTS FOR PRODUCTION OF DOCUMENTS

1    **REQUEST FOR PRODUCTION NO. 14:**

2          All text messages YOU sent relating to plaintiff Asta Jonasson.

3

4    DATED:  April 7, 2025                    GREENBERG GROSS LLP

5

6                                       By:

7                                            Brian L. Williams
                                             Jemma E. Dunn
8                                            Matthew T. Hale
                                             Attorneys for Plaintiff Asta Jonasson
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT) AND
REQUESTS FOR PRODUCTION OF DOCUMENTS

# EXHIBIT 4



Matthew T. Hale
Direct Dial: (213) 334-7060
MHale@GGTrialLaw.com

April 7, 2025

**<u>VIA EMAIL ONLY</u>**

Bryan J. Freedman
Sean M. Hardy
Jason Sunshine
FREEDMAN TAITELMAN + COOLEY LLP
1801 Century Park West, 5th Floor
Los Angles, CA 90067
bfreedman@ftllp.com
smhardy@ftllp.com
jsunshine@ftllp.com

> **Re:**   ***Asta Jonasson v. One Race Films, Inc., et al.***

Counsel:

Enclosed please find notices of deposition for defendants Vin Diesel and Samantha Vincent and witnesses Valentino Morales and Thyrale Thai. If any of the noticed dates are not workable for the deponents' schedules, please let us know as soon as possible, and propose alternative dates that fall before the end of May 2025. Furthermore, counsel has previously objected that defendants Vin Diesel and Samantha Vincent *may* not reside within 150 miles of downtown Los Angeles. If these defendants do not reside within 150 miles of downtown Los Angeles, please notify our office of these defendants' city of residence, and we will coordinate a convenient location.

We are happy to accommodate reasonable scheduling conflicts, but considering the upcoming trial date, we will be completing these depositions by the end of May 2025.

Very truly yours,

Matthew T. Hale

Encls.

# EXHIBIT 5

1   LINER FREEDMAN TAITELMAN + COOLEY, LLP
    Bryan J. Freedman, Esq. (SBN 151990)
2   Sean M. Hardy, Esq. (SBN 266466)
    Jason Sunshine (SBN 336062)
3   1801 Century Park East, 5th Floor
    Los Angeles, CA 90067
4   Tel: (310) 201-0005
    bfreedman@lftcllp.com
5   smhardy@lftcllp.com
    jsunshine@lftcllp.com
6
    Attorneys for Defendant
7   VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF LOS ANGELES

10

11  ASTA JONASSON, an individual,          Case No.: 23STCV31143

12              Plaintiff,                  [Assigned for all purposes to Judge Daniel M.
                                            Crowley, Dept. 71]
13         vs.
                                            **OBJECTIONS TO NOTICE OF**
14  VIN DIESEL (f/k/a Mark Sinclair Vincent), an   **DEPOSITION TO DEFENDANT VIN**
    individual; SAMANTHA VINCENT, an        **DIESEL (F/K/A MARK SINCLAIR**
15  individual; ONE RACE PRODUCTIONS,       **VINCENT) AND REQUESTS FOR**
    INC., a California corporation; ONE RACE   **PRODUCTION OF DOCUMENTS**
16  FILMS, INC., a California corporation; and
    DOES 1 to 20, inclusive,                **Date:  April 29, 2025**
17                                          **Time:  9:00 a.m.**
                Defendants.                 **Place:  Greenberg Gross LLP**
18                                          **        601 S. Figueroa Street, 30th Floor**
                                            **        Los Angeles, CA 90017**
19

20

21

22

23

24

25

26

27

28
                                        1
    OBJECTIONS TO NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR) AND
                        REQUESTS FOR PRODUCTION OF DOCUMENTS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Vin Diesel ("Defendant"), pursuant to *Code of Civil Procedure* section 2025.410, hereby objects to Plaintiff Asta Jonasson's notice of the April 29, 2025 deposition of Defendant (the "Notice"), on the following grounds:

**I.**

**<u>OBJECTIONS TO NOTICE OF DEPOSITION</u>**

1.    The deposition was unilaterally set without any consideration for either the deponent or counsel's availability, in violation of Los Angeles Superior Court, Local Rule Appendix 3.A(e)(1).    Consideration has not been given in scheduling this deposition because Plaintiff did not clear the dates and time with counsel, and neither the deponent nor his counsel of record are available to attend on the date and time specified in the Notice.

2.    The deposition was improperly noticed to require Defendant's in-person attendance at the offices of Plaintiff's counsel in the presence of a deposition officer.    Defendant objects and elects pursuant to Code of Civil Procedure Section 2025.310(a), that any deposition proceed via remote means, that the deposition officer not be physically present at the time of the deposition, and that Defendant not be physically present at the time of the deposition.

3.    Defendant objects to the Notice to the extent the deposition is noticed for a location more than 150 miles from Defendant's residence, in violation of *Code of Civil Procedure* section 2025.250, subsection (a) and Code of Civil Procedure section 1989. See generally <u>Toyota Motor Corp. v. Superior Court</u> (2011) 197 Cal.App.4th 1107.

4.    The deposition was unilaterally set prior to the initially-noticed deposition of Plaintiff Asta Jonasson, without the agreement of counsel, in violation of Los Angeles Superior Court, Local Rule Appendix 3.A(e)(3).

5.    Defendant objects to the Notice in that it violates the seven-hour limitation on the length of a deposition mandated by *Code of Civil Procedure* section 2025.290.    The Notice improperly requires that the deposition to continue "day-to-day" until completed.

6.    Defendant objects to the Notice to the extent it fails to comply with the requirements on Code of Civil Procedure section 2025.210, *et seq.*

2

7. Defendant objects to the **14** requests for production of documents in connection with the Notice. Plaintiff served the requests for production of documents on April 7, 2025 by electronic service. Such a time frame is insufficient under the *California Code of Civil Procedure*, which contemplates 32 days when responding to document requests served by electronic service. *See* Cal. Code Civ. Proc. §§ 2031.260; 1013(e).

8. Defendant objects that the deposition was noticed for a period in which a dispositive motion is pending. Good cause exists to stay any deposition until after a ruling on such motion. Silver v. City of Los Angeles (1966) 245 Cal. App. 2d 673; Terminals Equip. Co. v. City (1990) 221 Cal.App.3d 234, 247.

## II.

## INTRODUCTORY STATEMENT REGARDING REQUESTS FOR PRODUCTION

The following responses are made solely for the purpose of this action. Any document or thing supplied in response to any request is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any ground that would require the exclusion of any document or thing, or portion thereof, if such document or thing were offered in evidence, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

No incidental or implied admissions are intended by the responses herein. The fact that Defendant has supplied, or has agreed to supply, or hereafter agree to supply, a document or thing in response to any request should not be taken as an admission that the Defendant accepts or admits the existence of any facts set forth or assumed by such request or in said document, or that such document or thing constitutes admissible evidence. The fact that Defendant has supplied, or has agreed to supply, or hereafter agrees to supply any document or thing in response to any request is not intended to be and shall not be construed to be a waiver of any part of any objection to any such request, or any part of any General Objection.

The responses herein only apply to those documents or things currently in Defendant's possession. Defendant has not completed investigation of the facts relating to this matter, completed discovery in this matter, or completed preparation for trial in this matter. Accordingly,

3

1  Defendant reserve all rights with respect to documents or things which may be subsequently

2  located or discovered, including, without limitation, the right to use such documents at trial, and

3  further reserves any and all rights and any and all objections to any responsive documents or

4  things which may hereafter come into Defendant's possession, or which hereafter may be

5  determined to be within the scope of any such request.  Defendant disclaims any legal obligation

6  to supplement the responses herein.

### III.

### GENERAL OBJECTIONS TO REQUESTS FOR PRODUCTION

9      1.    Objection:    Defendant objects to the production and inspection of documents at

10  the offices of Plaintiff's counsel at their own expense.  Defendant may be unable to locate all

11  requested documents by the date specified for production and, therefore, a mutually convenient

12  time and date can be ascertained by contacting the undersigned to make appropriate arrangement.

13  Should Defendant in the future locate any relevant requested documents now in existence but not

14  yet located, Defendant will so advise counsel for Plaintiff, subject to the objections and comments

15  set forth in these responses.

16      2.    Objection:    Defendant objects to the instructions to the extent that they conflict

17  with the provisions of Code of Civil Procedure section 2031.010. et seq., or seek to impose

18  additional obligations upon Defendant beyond those set forth under Code of Civil Procedure

19  section 2031.010.  Defendant will respond within the requirements of Code of Civil Procedure

20  section 2031.010. et seq.

21      3.    Objection:    Defendant objects to each and every request to the extent that it

22  requires the production of documents or things, which have previously been made available to the

23  Plaintiff, are equally available to the Plaintiff, or are public records.

24      4.    Objection:    Defendant objects to each and every request to the extent it seeks

25  original documents, except where there is a legitimate dispute as to the legibility or authenticity of

26  a copy.

27      5.    Objection: to each and every request to the extent it seeks the production of

28  documents or things not in the possession, custody or control of Defendant.  Defendant would

<div align="center">4</div>

OBJECTIONS TO NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR) AND
REQUESTS FOR PRODUCTION OF DOCUMENTS

1  produce only those documents or things, if any, in the possession of Defendant, and would

2  produce documents, if any, in the manner kept by Defendant the usual course of business.

3        6.     Objection:    Defendant objects to the definitions contained in the requests in that

4  they are incomplete, vague, ambiguous, unintelligible, overbroad and oppressive, and seek to

5  impose obligations on Defendant beyond those imposed by the California Code of Civil

6  Procedure.

7        7.     Objection:    Defendant objects to each request to the extent that it seeks

8  information protected from disclosure by the attorney client privilege, the attorney work product

9  doctrine, the common interest privilege, the joint defense privilege or any other applicable

10  privilege or doctrine.  Nothing herein is intended to be, nor shall in any way be construed as, a

11  waiver of any attorney-client privilege, work product doctrine, the common interest privilege, the

12  joint defense privilege or any other applicable privilege or doctrine.  To the extent any request

13  may be construed as calling for disclosure of information protected by such privilege or doctrine, a

14  continuing objection to such Request is hereby interposed.  No such privileged information will be

15  provided.  In the event any privileged information is provided in connection with these responses,

16  such disclosure is inadvertent and is not intended to be, and shall not be deemed, a waiver of such

17  privilege.

18        8.     Objection:    Defendant objects to each request to the extent it seeks information

19  that is confidential, proprietary, a trade secret or private, or otherwise calls for information

20  protected by the right of privacy contained in Article I, Section 1 of the Constitution of the State of

21  California, in the United States Constitution or any other applicable privilege or protection

22  recognized under statute or applicable case law.

23        9.     Objection:    Defendant objects to each and every request to the extent it seeks

24  information that may violate the financial privacy rights of Defendant, third parties and individuals

25  who are protected under the California Constitution.

26        10.    Objection:    Defendant objects to each request to the extent it seeks information

27  not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery

28  of admissible evidence and would subject Defendant to oppression, harassment, and undue burden

OBJECTIONS TO NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR) AND
REQUESTS FOR PRODUCTION OF DOCUMENTS

1 | and expense not commensurate with any legitimate discovery need.

2 |       11.    Objection:    Defendant further objects to each request to the extent that it seeks a

3 | legal conclusion and/or an expert opinion.

4 |       12.    Objection:    Defendant objects to each request to the extent that it seeks

5 | information already in the possession, custody, or control of Plaintiff.

6 |       13.    Objection:    Defendant objects to each request to the extent it is argumentative

7 | and without any foundation.

8 |       14.    Objection:    Defendant objects to each request to the extent it seeks the

9 | production, identification, or disclosure of documents or information for periods of time other than

10 | periods relevant to the claims in the Complaint, or other than periods of time properly subject to

11 | discovery.

12 |       15.    Objection:    Defendant objects to each request to the extent it seeks the

13 | disclosure of sensitive, proprietary, or confidential business information or trade secrets.

14 |       16.    Objection:    Defendant objects to each request to the extent that it seeks the

15 | production, identification, or disclosure of documents or information that are not limited in time or

16 | scope.

17 |       17.    Objection:    Defendant objects to each request on the grounds it requests

18 | Defendant to search electronically-stored information ("ESI") without regard to whether the ESI is

19 | reasonably accessible, or whether it would impose and undue burden or cost to search, review, and

20 | produced the ESI.

21 |       18.    Objection:    Because Defendant have not concluded their discovery and

22 | investigation in this action, they specifically reserve the right to amend and/or supplement their

23 | responses to the requests.

24 |       19.    Objection:    Defendant objects to the 14 requests for production of documents,

25 | and each of them.  Plaintiff served the requests for production of documents on April 7, 2025 by

26 | electronic service.  Such a time frame is insufficient under the *California Code of Civil Procedure*,

27 | which contemplates 32 days when responding to document requests served by electronic service.

28 | *See* Cal. Code Civ. Proc. §§ 2031.260; 1013(e).

20.    Objection:    Defendant objects to the definition of "DOCUMENTS" to the extent that it conflicts with the provisions of *Evidence Code* section 250 and/or the *Code of Civil Procedure* section 2031.010. *et seq.,* or seek to impose additional obligation upon Defendant beyond those set forth under *Code of Civil Procedure* section 2031.010.

21.    Objection:    Defendant objects to the definition of the term "DOCUMENT(S)" to the extent that it is vague, ambiguous, and overbroad.

22.    Objection:    Defendant objects to the definition of the term "COMMUNICATION(S)" to the extent that it is vague, ambiguous, and overbroad.

23.    Objection:    Defendant objects to the definition of the term "YOU" to the extent that it is vague, ambiguous, and overbroad.

25.    Objection:    Defendant objects to the definition of the term "YOUR" to the extent that it is vague, ambiguous, and overbroad.

Defendant incorporates by reference these general objections to each response below.

## IV.

## OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS

## OBJECTION TO REQUEST FOR PRODUCTION NO. 1:

Defendant incorporates the Preliminary Statement and General Objections as though fully set forth herein.

Defendant objects to the request on the grounds that it seeks documents from a remote time period.

Defendant objects to the request on the grounds that it seeks documents and communications protected by the attorney-client privilege, work product doctrine (*See, Coito v. Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

Defendant objects to the request on the grounds that it seeks documents that contain confidential information protected by the right to privacy under the California or United States Constitution or applicable statutory or common law.

Defendant objects to the request on the grounds that it seeks documents that contain confidential business or proprietary information protected by trade secret.

7

1    Defendant objects to the request on the grounds that it seeks documents that are neither

2  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

3    Defendant objects to the request on the grounds that the request fails to designate the

4  documents to be inspected either by specifically describing each individual item or by reasonably

5  particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

6  (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

7  *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

8    Defendant objects to the request on the grounds that to comply with the request would be

9  an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

10 (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

11 Defendant.

12    Defendant objects to this request on the grounds it requests Defendant to search

13 electronically-stored information ("ESI") without regard to whether the ESI is reasonably

14 accessible, or whether it would impose and undue burden or cost to search, review, and produced

15 the ESI.

16    Defendant objects to this request on the grounds it seek information of Defendant and third

17 parties that is protected by the right to privacy.

18    Defendant objects to the request on the grounds that it is overly broad and unduly

19 burdensome.

20    Defendant objects to the request on the grounds that it is vague, ambiguous and

21 unintelligible.

22    Defendant objects to the request on the grounds that it is redundant with and duplicative of

23 other discovery propounded by Plaintiff to Defendant in this litigation.

24    Defendant objects to the request on the grounds that it improperly seeks discovery relating

25 to Defendant's financial condition in violation of California Civil Code § 3295.

26    Defendant objects to the request on the ground that it improperly seeks discovery relating

27 to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

28 Cal.App.4th 475, 480-481.

8

Defendant objects to the request to the extent it seeks the production of records protected by the taxpayer privilege. *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 2:**

Defendant incorporates the Preliminary Statement and General Objections as though fully set forth herein.

Defendant objects to the request on the grounds that it seeks documents from a remote time period.

Defendant objects to the request on the grounds that it seeks documents and communications protected by the attorney-client privilege, work product doctrine (*See, Coito v. Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

Defendant objects to the request on the grounds that it seeks documents that contain confidential information protected by the right to privacy under the California or United States Constitution or applicable statutory or common law.

Defendant objects to the request on the grounds that it seeks documents that contain confidential business or proprietary information protected by trade secret.

Defendant objects to the request on the grounds that it seeks documents that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Defendant objects to the request on the grounds that the request fails to designate the documents to be inspected either by specifically describing each individual item or by reasonably particularizing each category of item as required by *Code of Civil Procedure* section 2031.030. (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

Defendant objects to the request on the grounds that to comply with the request would be an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the Defendant.

Defendant objects to this request on the grounds it requests Defendant to search

9

1   electronically-stored information ("ESI") without regard to whether the ESI is reasonably

2   accessible, or whether it would impose and undue burden or cost to search, review, and produced

3   the ESI.

4          Defendant objects to this request on the grounds it seek information of Defendant and third

5   parties that is protected by the right to privacy.

6          Defendant objects to the request on the grounds that it is overly broad and unduly

7   burdensome.

8          Defendant objects to the request on the grounds that it is vague, ambiguous and

9   unintelligible.

10         Defendant objects to the request on the grounds that it is redundant with and duplicative of

11  other discovery propounded by Plaintiff to Defendant in this litigation.

12         Defendant objects to the request on the grounds that it improperly seeks discovery relating

13  to Defendant's financial condition in violation of California Civil Code § 3295.

14         Defendant objects to the request on the ground that it improperly seeks discovery relating

15  to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

16  Cal.App.4th 475, 480-481.

17         Defendant objects to the request to the extent it seeks the production of records protected

18  by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

19  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

20  **OBJECTION TO REQUEST FOR PRODUCTION NO. 3:**

21         Defendant incorporates the Preliminary Statement and General Objections as though fully

22  set forth herein.

23         Defendant objects to the request on the grounds that it seeks documents from a remote time

24  period.

25         Defendant objects to the request on the grounds that it seeks documents and

26  communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

27  *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

28         Defendant objects to the request on the grounds that it seeks documents that contain

10

1   confidential information protected by the right to privacy under the California or United States

2   Constitution or applicable statutory or common law.

3       Defendant objects to the request on the grounds that it seeks documents that contain

4   confidential business or proprietary information protected by trade secret.

5       Defendant objects to the request on the grounds that it seeks documents that are neither

6   relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

7       Defendant objects to the request on the grounds that the request fails to designate the

8   documents to be inspected either by specifically describing each individual item or by reasonably

9   particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

10  (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

11  *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

12      Defendant objects to the request on the grounds that to comply with the request would be

13  an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

14  (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

15  Defendant.

16      Defendant objects to this request on the grounds it requests Defendant to search

17  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

18  accessible, or whether it would impose and undue burden or cost to search, review, and produced

19  the ESI.

20      Defendant objects to this request on the grounds it seek information of Defendant and third

21  parties that is protected by the right to privacy.

22      Defendant objects to the request on the grounds that it is overly broad and unduly

23  burdensome.

24      Defendant objects to the request on the grounds that it is vague, ambiguous and

25  unintelligible.

26      Defendant objects to the request on the grounds that it is redundant with and duplicative of

27  other discovery propounded by Plaintiff to Defendant in this litigation.

28      Defendant objects to the request on the grounds that it improperly seeks discovery relating

11

1  to Defendant's financial condition in violation of California Civil Code § 3295.

2      Defendant objects to the request on the ground that it improperly seeks discovery relating

3  to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

4  Cal.App.4th 475, 480-481.

5      Defendant objects to the request to the extent it seeks the production of records protected

6  by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

7  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

8  **OBJECTION TO REQUEST FOR PRODUCTION NO. 4:**

9      Defendant incorporates the Preliminary Statement and General Objections as though fully

10  set forth herein.

11      Defendant objects to the request on the grounds that it seeks documents from a remote time

12  period.

13      Defendant objects to the request on the grounds that it seeks documents and

14  communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

15  *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

16      Defendant objects to the request on the grounds that it seeks documents that contain

17  confidential information protected by the right to privacy under the California or United States

18  Constitution or applicable statutory or common law.

19      Defendant objects to the request on the grounds that it seeks documents that contain

20  confidential business or proprietary information protected by trade secret.

21      Defendant objects to the request on the grounds that it seeks documents that are neither

22  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

23      Defendant objects to the request on the grounds that the request fails to designate the

24  documents to be inspected either by specifically describing each individual item or by reasonably

25  particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

26  (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

27  *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

28      Defendant objects to the request on the grounds that to comply with the request would be

12

1    an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

2    (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

3    Defendant.

4           Defendant objects to this request on the grounds it requests Defendant to search

5    electronically-stored information ("ESI") without regard to whether the ESI is reasonably

6    accessible, or whether it would impose and undue burden or cost to search, review, and produced

7    the ESI.

8           Defendant objects to this request on the grounds it seek information of Defendant and third

9    parties that is protected by the right to privacy.

10          Defendant objects to the request on the grounds that it is overly broad and unduly

11   burdensome.

12          Defendant objects to the request on the grounds that it is vague, ambiguous and

13   unintelligible.

14          Defendant objects to the request on the grounds that it is redundant with and duplicative of

15   other discovery propounded by Plaintiff to Defendant in this litigation.

16          Defendant objects to the request on the grounds that it improperly seeks discovery relating

17   to Defendant's financial condition in violation of California Civil Code § 3295.

18          Defendant objects to the request on the ground that it improperly seeks discovery relating

19   to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

20   Cal.App.4th 475, 480-481.

21          Defendant objects to the request to the extent it seeks the production of records protected

22   by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

23   *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

24   **OBJECTION TO REQUEST FOR PRODUCTION NO. 5:**

25          Defendant incorporates the Preliminary Statement and General Objections as though fully

26   set forth herein.

27          Defendant objects to the request on the grounds that it seeks documents from a remote time

28   period.

13

1    Defendant objects to the request on the grounds that it seeks documents and

2  communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

3  *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

4    Defendant objects to the request on the grounds that it seeks documents that contain

5  confidential information protected by the right to privacy under the California or United States

6  Constitution or applicable statutory or common law.

7    Defendant objects to the request on the grounds that it seeks documents that contain

8  confidential business or proprietary information protected by trade secret.

9    Defendant objects to the request on the grounds that it seeks documents that are neither

10  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

11    Defendant objects to the request on the grounds that the request fails to designate the

12  documents to be inspected either by specifically describing each individual item or by reasonably

13  particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

14  (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

15  *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

16    Defendant objects to the request on the grounds that to comply with the request would be

17  an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

18  (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

19  Defendant.

20    Defendant objects to this request on the grounds it requests Defendant to search

21  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

22  accessible, or whether it would impose and undue burden or cost to search, review, and produced

23  the ESI.

24    Defendant objects to this request on the grounds it seek information of Defendant and third

25  parties that is protected by the right to privacy.

26    Defendant objects to the request on the grounds that it is overly broad and unduly

27  burdensome.

28    Defendant objects to the request on the grounds that it is vague, ambiguous and

14

1  unintelligible.

2      Defendant objects to the request on the grounds that it is redundant with and duplicative of

3  other discovery propounded by Plaintiff to Defendant in this litigation.

4      Defendant objects to the request on the grounds that it improperly seeks discovery relating

5  to Defendant's financial condition in violation of California Civil Code § 3295.

6      Defendant objects to the request on the ground that it improperly seeks discovery relating

7  to Defendant's confidential financial affairs. *See Fortunato v. Superior Court* (2003) 114

8  Cal.App.4th 475, 480-481.

9      Defendant objects to the request to the extent it seeks the production of records protected

10 by the taxpayer privilege. *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

11 *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

12 **OBJECTION TO REQUEST FOR PRODUCTION NO. 6:**

13     Defendant incorporates the Preliminary Statement and General Objections as though fully

14 set forth herein.

15     Defendant objects to the request on the grounds that it seeks documents from a remote time

16 period.

17     Defendant objects to the request on the grounds that it seeks documents and

18 communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

19 *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

20     Defendant objects to the request on the grounds that it seeks documents that contain

21 confidential information protected by the right to privacy under the California or United States

22 Constitution or applicable statutory or common law.

23     Defendant objects to the request on the grounds that it seeks documents that contain

24 confidential business or proprietary information protected by trade secret.

25     Defendant objects to the request on the grounds that it seeks documents that are neither

26 relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

27     Defendant objects to the request on the grounds that the request fails to designate the

28 documents to be inspected either by specifically describing each individual item or by reasonably

15

1  particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

2  (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

3  *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

4       Defendant objects to the request on the grounds that to comply with the request would be

5  an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

6  (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

7  Defendant.

8       Defendant objects to this request on the grounds it requests Defendant to search

9  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

10 accessible, or whether it would impose and undue burden or cost to search, review, and produced

11 the ESI.

12      Defendant objects to this request on the grounds it seek information of Defendant and third

13 parties that is protected by the right to privacy.

14      Defendant objects to the request on the grounds that it is overly broad and unduly

15 burdensome.

16      Defendant objects to the request on the grounds that it is vague, ambiguous and

17 unintelligible.

18      Defendant objects to the request on the grounds that it is redundant with and duplicative of

19 other discovery propounded by Plaintiff to Defendant in this litigation.

20      Defendant objects to the request on the grounds that it improperly seeks discovery relating

21 to Defendant's financial condition in violation of California Civil Code § 3295.

22      Defendant objects to the request on the ground that it improperly seeks discovery relating

23 to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

24 Cal.App.4th 475, 480-481.

25      Defendant objects to the request to the extent it seeks the production of records protected

26 by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

27 *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

28

16

OBJECTIONS TO NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR) AND
REQUESTS FOR PRODUCTION OF DOCUMENTS

**OBJECTION TO REQUEST FOR PRODUCTION NO. 7:**

Defendant incorporates the Preliminary Statement and General Objections as though fully set forth herein.

Defendant objects to the request on the grounds that it seeks documents from a remote time period.

Defendant objects to the request on the grounds that it seeks documents and communications protected by the attorney-client privilege, work product doctrine (*See, Coito v. Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

Defendant objects to the request on the grounds that it seeks documents that contain confidential information protected by the right to privacy under the California or United States Constitution or applicable statutory or common law.

Defendant objects to the request on the grounds that it seeks documents that contain confidential business or proprietary information protected by trade secret.

Defendant objects to the request on the grounds that it seeks documents that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Defendant objects to the request on the grounds that the request fails to designate the documents to be inspected either by specifically describing each individual item or by reasonably particularizing each category of item as required by *Code of Civil Procedure* section 2031.030. (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

Defendant objects to the request on the grounds that to comply with the request would be an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the Defendant.

Defendant objects to this request on the grounds it requests Defendant to search electronically-stored information ("ESI") without regard to whether the ESI is reasonably accessible, or whether it would impose and undue burden or cost to search, review, and produced the ESI.

17

1    Defendant objects to this request on the grounds it seek information of Defendant and third

2 parties that is protected by the right to privacy.

3    Defendant objects to the request on the grounds that it is overly broad and unduly

4 burdensome.

5    Defendant objects to the request on the grounds that it is vague, ambiguous and

6 unintelligible.

7    Defendant objects to the request on the grounds that it is redundant with and duplicative of

8 other discovery propounded by Plaintiff to Defendant in this litigation.

9    Defendant objects to the request on the grounds that it improperly seeks discovery relating

10 to Defendant's financial condition in violation of California Civil Code § 3295.

11    Defendant objects to the request on the ground that it improperly seeks discovery relating

12 to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

13 Cal.App.4th 475, 480-481.

14    Defendant objects to the request to the extent it seeks the production of records protected

15 by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

16 *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

17 **OBJECTION TO REQUEST FOR PRODUCTION NO. 8:**

18    Defendant incorporates the Preliminary Statement and General Objections as though fully

19 set forth herein.

20    Defendant objects to the request on the grounds that it seeks documents from a remote time

21 period.

22    Defendant objects to the request on the grounds that it seeks documents and

23 communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

24 *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

25    Defendant objects to the request on the grounds that it seeks documents that contain

26 confidential information protected by the right to privacy under the California or United States

27 Constitution or applicable statutory or common law.

28    Defendant objects to the request on the grounds that it seeks documents that contain

18

1    confidential business or proprietary information protected by trade secret.

2        Defendant objects to the request on the grounds that it seeks documents that are neither

3    relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

4        Defendant objects to the request on the grounds that the request fails to designate the

5    documents to be inspected either by specifically describing each individual item or by reasonably

6    particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

7    (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

8    *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

9        Defendant objects to the request on the grounds that to comply with the request would be

10   an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

11   (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

12   Defendant.

13       Defendant objects to this request on the grounds it requests Defendant to search

14   electronically-stored information ("ESI") without regard to whether the ESI is reasonably

15   accessible, or whether it would impose and undue burden or cost to search, review, and produced

16   the ESI.

17       Defendant objects to this request on the grounds it seek information of Defendant and third

18   parties that is protected by the right to privacy.

19       Defendant objects to the request on the grounds that it is overly broad and unduly

20   burdensome.

21       Defendant objects to the request on the grounds that it is vague, ambiguous and

22   unintelligible.

23       Defendant objects to the request on the grounds that it is redundant with and duplicative of

24   other discovery propounded by Plaintiff to Defendant in this litigation.

25       Defendant objects to the request on the grounds that it improperly seeks discovery relating

26   to Defendant's financial condition in violation of California Civil Code § 3295.

27       Defendant objects to the request on the ground that it improperly seeks discovery relating

28   to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

1    Cal.App.4th 475, 480-481.

2          Defendant objects to the request to the extent it seeks the production of records protected

3    by the taxpayer privilege. *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

4    *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

5    **OBJECTION TO REQUEST FOR PRODUCTION NO. 9:**

6          Defendant incorporates the Preliminary Statement and General Objections as though fully

7    set forth herein.

8          Defendant objects to the request on the grounds that it seeks documents from a remote time

9    period.

10          Defendant objects to the request on the grounds that it seeks documents and

11   communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

12   *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

13          Defendant objects to the request on the grounds that it seeks documents that contain

14   confidential information protected by the right to privacy under the California or United States

15   Constitution or applicable statutory or common law.

16          Defendant objects to the request on the grounds that it seeks documents that contain

17   confidential business or proprietary information protected by trade secret.

18          Defendant objects to the request on the grounds that it seeks documents that are neither

19   relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

20          Defendant objects to the request on the grounds that the request fails to designate the

21   documents to be inspected either by specifically describing each individual item or by reasonably

22   particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

23   (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

24   *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

25          Defendant objects to the request on the grounds that to comply with the request would be

26   an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

27   (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

28   Defendant.

1    Defendant objects to this request on the grounds it requests Defendant to search

2  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

3  accessible, or whether it would impose and undue burden or cost to search, review, and produced

4  the ESI.

5    Defendant objects to this request on the grounds it seek information of Defendant and third

6  parties that is protected by the right to privacy.

7    Defendant objects to the request on the grounds that it is overly broad and unduly

8  burdensome.

9    Defendant objects to the request on the grounds that it is vague, ambiguous and

10  unintelligible.

11    Defendant objects to the request on the grounds that it is redundant with and duplicative of

12  other discovery propounded by Plaintiff to Defendant in this litigation.

13    Defendant objects to the request on the grounds that it improperly seeks discovery relating

14  to Defendant's financial condition in violation of California Civil Code § 3295.

15    Defendant objects to the request on the ground that it improperly seeks discovery relating

16  to Defendant's confidential financial affairs. *See Fortunato v. Superior Court* (2003) 114

17  Cal.App.4th 475, 480-481.

18    Defendant objects to the request to the extent it seeks the production of records protected

19  by the taxpayer privilege. *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

20  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

21  **OBJECTION TO REQUEST FOR PRODUCTION NO. 10:**

22    Defendant incorporates the Preliminary Statement and General Objections as though fully

23  set forth herein.

24    Defendant objects to the request on the grounds that it seeks documents from a remote time

25  period.

26    Defendant objects to the request on the grounds that it seeks documents and

27  communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

28  *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

21

1    Defendant objects to the request on the grounds that it seeks documents that contain

2  confidential information protected by the right to privacy under the California or United States

3  Constitution or applicable statutory or common law.

4    Defendant objects to the request on the grounds that it seeks documents that contain

5  confidential business or proprietary information protected by trade secret.

6    Defendant objects to the request on the grounds that it seeks documents that are neither

7  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

8    Defendant objects to the request on the grounds that the request fails to designate the

9  documents to be inspected either by specifically describing each individual item or by reasonably

10  particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

11  (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

12  *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

13    Defendant objects to the request on the grounds that to comply with the request would be

14  an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

15  (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

16  Defendant.

17    Defendant objects to this request on the grounds it requests Defendant to search

18  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

19  accessible, or whether it would impose and undue burden or cost to search, review, and produced

20  the ESI.

21    Defendant objects to this request on the grounds it seek information of Defendant and third

22  parties that is protected by the right to privacy.

23    Defendant objects to the request on the grounds that it is overly broad and unduly

24  burdensome.

25    Defendant objects to the request on the grounds that it is vague, ambiguous and

26  unintelligible.

27    Defendant objects to the request on the grounds that it is redundant with and duplicative of

28  other discovery propounded by Plaintiff to Defendant in this litigation.

22

1    Defendant objects to the request on the grounds that it improperly seeks discovery relating

2  to Defendant's financial condition in violation of California Civil Code § 3295.

3    Defendant objects to the request on the ground that it improperly seeks discovery relating

4  to Defendant's confidential financial affairs. *See Fortunato v. Superior Court* (2003) 114

5  Cal.App.4th 475, 480-481.

6    Defendant objects to the request to the extent it seeks the production of records protected

7  by the taxpayer privilege. *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

8  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

9  **OBJECTION TO REQUEST FOR PRODUCTION NO. 11:**

10    Defendant incorporates the Preliminary Statement and General Objections as though fully

11  set forth herein.

12    Defendant objects to the request on the grounds that it seeks documents from a remote time

13  period.

14    Defendant objects to the request on the grounds that it seeks documents and

15  communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

16  *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

17    Defendant objects to the request on the grounds that it seeks documents that contain

18  confidential information protected by the right to privacy under the California or United States

19  Constitution or applicable statutory or common law.

20    Defendant objects to the request on the grounds that it seeks documents that contain

21  confidential business or proprietary information protected by trade secret.

22    Defendant objects to the request on the grounds that it seeks documents that are neither

23  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

24    Defendant objects to the request on the grounds that the request fails to designate the

25  documents to be inspected either by specifically describing each individual item or by reasonably

26  particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

27  (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

28  *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

1       Defendant objects to the request on the grounds that to comply with the request would be

2  an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

3  (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

4  Defendant.

5       Defendant objects to this request on the grounds it requests Defendant to search

6  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

7  accessible, or whether it would impose and undue burden or cost to search, review, and produced

8  the ESI.

9       Defendant objects to this request on the grounds it seek information of Defendant and third

10  parties that is protected by the right to privacy.

11       Defendant objects to the request on the grounds that it is overly broad and unduly

12  burdensome.

13       Defendant objects to the request on the grounds that it is vague, ambiguous and

14  unintelligible.

15       Defendant objects to the request on the grounds that it is redundant with and duplicative of

16  other discovery propounded by Plaintiff to Defendant in this litigation.

17       Defendant objects to the request on the grounds that it improperly seeks discovery relating

18  to Defendant's financial condition in violation of California Civil Code § 3295.

19       Defendant objects to the request on the ground that it improperly seeks discovery relating

20  to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

21  Cal.App.4th 475, 480-481.

22       Defendant objects to the request to the extent it seeks the production of records protected

23  by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

24  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 12:**

25       Defendant incorporates the Preliminary Statement and General Objections as though fully

26  set forth herein.

27       Defendant objects to the request on the grounds that it seeks documents from a remote time

28  period.

1        Defendant objects to the request on the grounds that it seeks documents and

2  communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

3  *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

4        Defendant objects to the request on the grounds that it seeks documents that contain

5  confidential information protected by the right to privacy under the California or United States

6  Constitution or applicable statutory or common law.

7        Defendant objects to the request on the grounds that it seeks documents that contain

8  confidential business or proprietary information protected by trade secret.

9        Defendant objects to the request on the grounds that it seeks documents that are neither

10  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

11        Defendant objects to the request on the grounds that the request fails to designate the

12  documents to be inspected either by specifically describing each individual item or by reasonably

13  particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

14  (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

15  *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

16        Defendant objects to the request on the grounds that to comply with the request would be

17  an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

18  (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

19  Defendant.

20        Defendant objects to this request on the grounds it requests Defendant to search

21  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

22  accessible, or whether it would impose and undue burden or cost to search, review, and produced

the ESI.

23        Defendant objects to this request on the grounds it seek information of Defendant and third

24  parties that is protected by the right to privacy.

25        Defendant objects to the request on the grounds that it is overly broad and unduly

26  burdensome.

27        Defendant objects to the request on the grounds that it is vague, ambiguous and

28  unintelligible.

1    Defendant objects to the request on the grounds that it is redundant with and duplicative of

2  other discovery propounded by Plaintiff to Defendant in this litigation.

3    Defendant objects to the request on the grounds that it improperly seeks discovery relating

4  to Defendant's financial condition in violation of California Civil Code § 3295.

5    Defendant objects to the request on the ground that it improperly seeks discovery relating

6  to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

7  Cal.App.4th 475, 480-481.

8    Defendant objects to the request to the extent it seeks the production of records protected

9  by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

10  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

11  **OBJECTION TO REQUEST FOR PRODUCTION NO. 13:**

12    Defendant incorporates the Preliminary Statement and General Objections as though fully

13  set forth herein.

14    Defendant objects to the request on the grounds that it seeks documents from a remote time

15  period.

16    Defendant objects to the request on the grounds that it seeks documents and

17  communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

18  *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

19    Defendant objects to the request on the grounds that it seeks documents that contain

20  confidential information protected by the right to privacy under the California or United States

21  Constitution or applicable statutory or common law.

22    Defendant objects to the request on the grounds that it seeks documents that contain

23  confidential business or proprietary information protected by trade secret.

24    Defendant objects to the request on the grounds that it seeks documents that are neither

25  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

26    Defendant objects to the request on the grounds that the request fails to designate the

27  documents to be inspected either by specifically describing each individual item or by reasonably

28  particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

1  (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

2  *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

3          Defendant objects to the request on the grounds that to comply with the request would be

4  an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

5  (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

6  Defendant.

7          Defendant objects to this request on the grounds it requests Defendant to search

8  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

9  accessible, or whether it would impose and undue burden or cost to search, review, and produced

10  the ESI.

11          Defendant objects to this request on the grounds it seek information of Defendant and third

12  parties that is protected by the right to privacy.

13          Defendant objects to the request on the grounds that it is overly broad and unduly

14  burdensome.

15          Defendant objects to the request on the grounds that it is vague, ambiguous and

16  unintelligible.

17          Defendant objects to the request on the grounds that it is redundant with and duplicative of

18  other discovery propounded by Plaintiff to Defendant in this litigation.

19          Defendant objects to the request on the grounds that it improperly seeks discovery relating

20  to Defendant's financial condition in violation of California Civil Code § 3295.

21          Defendant objects to the request on the ground that it improperly seeks discovery relating

22  to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

23  Cal.App.4th 475, 480-481.

24          Defendant objects to the request to the extent it seeks the production of records protected

25  by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

26  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 14:**

27          Defendant incorporates the Preliminary Statement and General Objections as though fully

28  set forth herein.

OBJECTIONS TO NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR) AND
REQUESTS FOR PRODUCTION OF DOCUMENTS

1    Defendant objects to the request on the grounds that it seeks documents from a remote time
2 period.

3    Defendant objects to the request on the grounds that it seeks documents and
4 communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*
5 *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

6    Defendant objects to the request on the grounds that it seeks documents that contain
7 confidential information protected by the right to privacy under the California or United States
8 Constitution or applicable statutory or common law.

9    Defendant objects to the request on the grounds that it seeks documents that contain
10 confidential business or proprietary information protected by trade secret.

11    Defendant objects to the request on the grounds that it seeks documents that are neither
12 relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

13    Defendant objects to the request on the grounds that the request fails to designate the
14 documents to be inspected either by specifically describing each individual item or by reasonably
15 particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.
16 (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*
17 *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

18    Defendant objects to the request on the grounds that to comply with the request would be
19 an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*
20 (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the
Defendant.

21    Defendant objects to this request on the grounds it requests Defendant to search
22 electronically-stored information ("ESI") without regard to whether the ESI is reasonably
23 accessible, or whether it would impose and undue burden or cost to search, review, and produced
24 the ESI.

25    Defendant objects to this request on the grounds it seek information of Defendant and third
26 parties that is protected by the right to privacy.

27    Defendant objects to the request on the grounds that it is overly broad and unduly
28 burdensome.

1    Defendant objects to the request on the grounds that it is vague, ambiguous and

2    unintelligible.

3    Defendant objects to the request on the grounds that it is redundant with and duplicative of

4    other discovery propounded by Plaintiff to Defendant in this litigation.

5    Defendant objects to the request on the grounds that it improperly seeks discovery relating

6    to Defendant's financial condition in violation of California Civil Code § 3295.

7    Defendant objects to the request on the ground that it improperly seeks discovery relating

8    to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

9    Cal.App.4th 475, 480-481.

10    Defendant objects to the request to the extent it seeks the production of records protected

11    by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

12    *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

13

14    DATED:  April 24, 2025                    LINER FREEDMAN TAITELMAN + COOLEY, LLP

15

16                                             Bryan J. Freedman, Esq.
                                               Sean M. Hardy, Esq.
17                                             Jason H. Sunshine, Esq.
                                               Attorneys for Defendant
18                                             VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)

19

20

21

22

23

24

25

26

27

28

OBJECTIONS TO NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR) AND
REQUESTS FOR PRODUCTION OF DOCUMENTS

**PROOF OF SERVICE**

| | |
|---|---|
| **STATE OF CALIFORNIA** | ] |
| | ] **ss.** |
| **COUNTY OF LOS ANGELES** | ] |

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1801 Century Park West, 5th Floor, Los Angeles, California 90067.

On **April 24, 2025**, I served the foregoing document(s) entitled **OBJECTIONS TO NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT) AND REQUESTS FOR PRODUCTION OF DOCUMENTS** on the interested parties in this action as follows:

| | |
|---|---|
| Brian L. Williams | BWilliams@GGTrialLaw.com |
| Claire-Lise Y. Kutlay | CKutlay@GGTrialLaw.com |
| Matthew T. Hale | MHale@GGTrialLaw.com |
| Philip A. Horlacher | PHorlacher@GGTrialLaw.com |
| Kathie Lee | KLee@GGTrialLaw.com |
| Crystal M. Rose | CRose@GGTrialLaw.com |
| Maria Sance | MSance@GGTrialLaw.com |
| GREENBERG GROSS LLP | |
| 601 S. Figueroa Street, 30th Floor | |
| Los Angeles, California 90017 | |
| Tel. (213) 334-7000 | |
| Fax. (213) 334-7001 | |
| | |
| *Attorneys for Plaintiff Asta Jonasson* | |

☒ **By Overnight Mail:**  by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill and causing the envelope to be delivered to a Federal Express agent for next business day delivery to the address(es) listed below.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on **April 24, 2025**, at Los Angeles, California.

*/s/ Vaneta D. Birtha*
Vaneta D. Birtha

i

# EXHIBIT 6



Matthew T. Hale
Direct Dial: (213) 334-7060
MHale@GGTrialLaw.com

May 1, 2025

**<u>VIA EMAIL ONLY</u>**

Bryan J. Freedman
Sean M. Hardy
Jason Sunshine
FREEDMAN TAITELMAN + COOLEY LLP
1801 Century Park West, 5th Floor
Los Angles, CA 90067
bfreedman@ftllp.com
smhardy@ftllp.com
jsunshine@ftllp.com

   **Re:**  ***<u>Asta Jonasson v. One Race Films, Inc., et al.</u>***

Counsel:

   I write to meet and confer regarding Vin Diesel's general objections to Plaintiff's deposition subpoena.

   First, Mr. Diesel's objection based on scheduling is not well-taken. Plaintiff is not required to "clear dates" before noticing a deposition. A deposition subpoena is valid if it complies with the timing and service requirements of Code of Civil Procedure sections 2025.210 and 2020.220. Plaintiff already initiated a good faith effort to coordinate the deposition, and your office failed to respond in any way until making the instant objection.

   Second, Mr. Diesel's objection regarding in-person attendance misinterprets the CCP § 2025.310. The deponent cannot simply elect to be separate from the attorney taking the deposition. It is the attorney or party's election to physically present at the location of the deponent: "Subject to Section 2025.420, any party or attorney of record may, but is not required to, be physically present at the deposition at the location of the deponent."

   Third, Mr. Diesel again fails to even straightforwardly assert that he in fact lives more than 150 miles from our office in Downtown Los Angeles, where the deposition is to take place. Instead, Mr. Diesel again uses the qualifying language, "to the extent the deposition is noticed for a location more than 150 miles from Defendant's residence." Mr. Diesel's objection is so vague and uncertain as to operate as a waiver of any such objection. My April 7, 2025 letter even inquired about this previously stated objection, but Mr. Diesel chose to reuse this equivocal objection nonetheless.

**Greenberg Gross LLP**

May 1, 2025
Page 2

        Fourth, Ms. Jonasson's deposition has not been noticed for any future date, no less in the "reasonably near future," as required by the related LASC Local Rule. Defendant has chosen to not re-notice Plaintiff's deposition since early 2024.

        Fifth, there is no seven hour limit applicable to employment cases, like this one. (CCP § 2025.290(b)(4)). Further, the notice does not assume any such time period.

        Sixth, the objection regarding a failure to comply with requirements of a deposition notice lacks any specificity as to what requirements the notice fails to comply with. This objection should be disregarded due to its ambiguity.

        Seventh, this objection does not relate to Mr. Diesel sitting for his deposition but rather to the documents demanded in the notice. This dispute will be addressed elsewhere.

        Eighth, the objection merely asserts good cause exists to stay the deposition pending the MJOP. The cases cited, *Silver v. City of Los Angeles* (1966) 245 Cal. App. 2d 673 and *Terminal Equip. Co. v. City* (1990) 221 Cal. App. 3d 234 do not stand for this proposition. *Terminal* and *Silver* are both cases where a plaintiff has yet to get past the pleadings stage and the court stated that the plaintiff had to state at least one cause of action before discovery or deposition would be permitted. Of course, this matter is past the pleadings stage, and the MJOP does not even relate to each and every cause of action. Furthermore, the Defendants would need to file a Motion to Stay Discovery in order to stay fact discovery, and they have not done so.

        Please let us know when you are available for a call on these topics tomorrow or early next week. Thereafter, we will need to seek relief from the Court.

                Very truly yours,

                Matthew T. Hale

# EXHIBIT 7

| | |
|---|---|
| **From:** | Jason Sunshine <jsunshine@lftcllp.com> |
| **Sent:** | Friday, May 9, 2025 5:18 PM |
| **To:** | Matthew T. Hale |
| **Cc:** | Sean M. Hardy; Bryan Freedman; Joanna Rivera; Miles Cooley; Vaneta Birtha; Jemma E. Dunn; Brian Williams |
| **Subject:** | [EXT] RE: Jonasson v. Diesel, et al. |

Matt:

Further to our meet and confer discussion on Monday, we can confirm that Samantha Vincent is available for deposition on May 29.  Non-party Valentino Morales is available for deposition on June 3.  Vin Diesel is available in-person on June 24 and June 25.  Please confirm those dates, so we can lock them in.  We are in the process of obtaining availability from non-party Thyrale Thai and should be in a position to offer the same to you next week.  Additionally, per our prior request and discussion, please provide Ms. Jonasson's availability for deposition during this period.  Finally, per our prior proposal and discussion on Monday, we reiterate that we have confirmed that Department 71 accepts stipulations and proposed orders to continue trial dates, and that we are amenable to doing so given your protestations regarding timing constraints.

Thanks,
Jason


Jason H. Sunshine, Esq.
LINER FREEDMAN TAITELMAN + COOLEY LLP
1801 Century Park West, 5th Floor
Los Angeles, California  90067
Tel: (310) 201-0005
Direct: (310) 201-4285
Cell: (917) 841-8716
Fax: (310) 201-0045
Web: www.lftcllp.com

*Please note that LFTC's domain name has changed from ftllp.com to lftcllp.com. Emails sent from this domain are not spam.*

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and, as such, is privileged and confidential. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

# EXHIBIT 8

| | |
|---|---|
| **From:** | Matthew T. Hale |
| **Sent:** | Tuesday, May 13, 2025 10:12 AM |
| **To:** | Jason Sunshine |
| **Cc:** | Sean M. Hardy; Bryan Freedman; Joanna Rivera; Miles Cooley; Vaneta Birtha; Jemma E. Dunn; Brian Williams |
| **Subject:** | RE: Jonasson v. Diesel, et al. |

Hi Jason,

Yes, I'll presume the in-person location is Los Angeles, but please let us know immediately if this is not correct. In the interim, we'll notice them for our LA office. I can confirm the dates for Valentino Morales (6/3) and Vin Diesel (6/24-25). We will notice these depositions shortly.

We will need additional dates for Samantha Vincent's deposition as 5/29 does not work for us. Please provide those and dates for Ms. Thai as soon as possible. Thank you.

We are not amenable to continuing the trial.

**Matthew T. Hale**
**Counsel - Assistant Director of Litigation | Greenberg Gross LLP**

One Summerlin | 1980 Festival Plaza Drive | Suite 730 | Las Vegas, NV 89135
Direct 702.777.0891 | Main 702.777.0888
MHale@GGTrialLaw.com



Los Angeles | Orange County | Las Vegas | New York

# EXHIBIT 9

BRIAN L. WILLIAMS, State Bar No. 227948
  *BWilliams@GGTrialLaw.com*
JEMMA E. DUNN, State Bar No. 258454
  *JDunn@GGTrialLaw.com*
MATTHEW T. HALE, State Bar No. 303826
  *MHale@GGTrialLaw.com*
GREENBERG GROSS LLP
601 S. Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone: (213) 334-7000
Facsimile: (213) 334-7001

Attorneys for Plaintiff Asta Jonasson

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| ASTA JONASSON, an individual,<br><br>                    Plaintiff,<br><br>          v.<br><br>VIN DIESEL (f/k/a Mark Sinclair Vincent), an individual; SAMANTHA VINCENT, an individual; ONE RACE PRODUCTIONS, INC., a California corporation; ONE RACE FILMS, INC., a California corporation; and DOES 1 to 20, inclusive,<br><br>                    Defendants. | Case No. 23STCV31143<br><br>Assigned for All Purposes to:<br>Hon. Daniel M. Crowley, Dept. 71<br><br>**AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT) AND REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Date:       June 24-25, 2025<br>Time:       9:00 a.m.<br>Place:      Greenberg Gross LLP<br>              601 S. Figueroa Street, 30th Floor<br>              Los Angeles, CA 90017<br><br>Action Filed:         December 21, 2023<br>Trial Date:           August 18, 2025 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Code of Civil Procedure Section 2025.010 *et seq.*, Plaintiff Asta Jonasson will take the deposition of defendant Vin Diesel (f/k/a Mark Sinclair Vincent).  The deposition will take place at the office of Greenberg Gross LLP, 601 S. Figueroa Street, 30th Floor, Los Angeles, California 90017.  The deposition shall commence on June 24-25, 2025, at 9:00 a.m. and shall continue from day to day thereafter until completed.  The deposition will be recorded using audio or video technology and will be conducted using the stenographic method.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to Code of Civil Procedure Section 2034.415, the Deponent is directed to produce the documents and things set forth below no later than three business days before the deposition.

## DEFINITIONS

Words in ALL CAPITAL LETTERS in these definitions, instructions, and Requests are defined as follows:

1.      The term "DOCUMENT(S)" means all documents and electronically stored information—including but not limited to all emails, text messages, writings, drawings, graphs, charts, photographs, video and sound recordings, images, worksheets, and other data and data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation into a reasonably usable form, and includes COMMUNICATIONS.

2.      The term "COMMUNICATION(S)" means and refers to all correspondence, discussions, conversations, interviews, telephone calls, emails, instant messages, voice mail messages, negotiations, notices, agreements, understandings, meetings, recordings, audiotapes, videotapes, transcripts, facsimiles, telegrams, charts, spreadsheets, visual images, presentations, and all other transmissions of information, thoughts, documents, electronically stored information, or ideas between two or more PERSONS.

3.      The terms "YOU" and "YOUR" means and refers to defendant Vin Diesel.

4.      The terms "any" and "all" are interchangeable and shall be construed disjunctively, conjunctively, or both, as necessary to bring within the scope of this discovery request all matters

-2-

AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)
AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1  which might otherwise be construed to be outside of its scope.

2      5.    The term "each" means "each and every."

3      6.    The term "including" means "including, but not limited to."

4      7.    The use of the singular form of any word includes the plural and vice versa.

5                    **<u>INSTRUCTIONS</u>**

6      1.    The original of each responsive item (or a legible copy if the original is not within

7  YOUR possession, custody, or control) shall be identified and produced at the above-stated date,

8  time, and place unless complete and legible copies of each responsive item are received at the

9  above-referenced address on or before the specified production date.  Any such production of

10 copies is without prejudice to Propounding Party's right to inspect and/or copy the original of each

11 DOCUMENT or tangible thing at a future date.

12     2.    These Requests seek the production of DOCUMENTS, and electronically stored

13 information ("ESI"), in their native format, unless some other format is agreed to in writing by

14 Propounding Party's counsel of record.

15     3.    ESI must be produced with all "metadata" intact. ("Metadata" means the data

16 embedded in electronic versions of a document that show how, when and by whom the document

17 was created, accessed or modified.)

18     4.    Any request for a DOCUMENT shall be construed to include any and all drafts,

19 versions, or revisions of such DOCUMENT.

20     5.    These Requests seek the production of all responsive DOCUMENTS within YOUR

21 possession, custody, or control, regardless of whether such DOCUMENTS are possessed directly

22 by YOU.

23     6.    In the event any DOCUMENTS responsive to these Requests are withheld from

24 production based upon a claim of attorney-client privilege, attorney work-product doctrine, or any

25 other privilege or protection from discovery, YOU are requested to provide a privilege log in

26 which YOU explain the basis of the privilege or other protection you are claiming, and provide a

27 description of the DOCUMENTS YOU are withholding sufficient to support the basis for

28 withholding the DOCUMENTS.

<div align="center">-3-</div>

7.      The conjunctive "and" should be interpreted in the disjunctive to include the term "or" and vice versa.

8.      The singular form of a word should be interpreted in the plural and vice versa.

9.      If YOUR response to any Request is that the DOCUMENTS are not in YOUR possession, custody, or control, describe in detail the efforts YOU made to locate such DOCUMENTS.

10.     If any responsive DOCUMENT was at one time in YOUR possession, custody, or control, but has been disposed of, lost, discarded, destroyed, or is no longer in YOUR possession, custody, or control for any other reason, then do the following with respect to each and every such DOCUMENT:

a.      describe the nature of the DOCUMENT, letter or memorandum;

b.      state the date of the DOCUMENT;

c.      identify the PERSONS who sent and received the original and copies of the DOCUMENT, specifying its author, addressee, and all PERSONS to whom copies were furnished, or saw same;

d.      state in as much detail as possible the subject matter and contents of the DOCUMENT; and

e.      state when the DOCUMENT was in YOUR possession, custody, or control.

If objection is made to any part of a particular Request, that part should be specified in writing (together with the grounds for the objection), and any other portion of the Request to which no objection is made should be answered.

## **REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS maintained by YOU that contain the name of plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS relating to plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 3:**

All emails referring to plaintiff Asta Jonasson.

AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)
AND REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 4:**

All emails sent between YOU and plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 5:**

All voicemail messages YOU received from plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 6:**

All text messages YOU received from or sent to plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 7:**

All audio recordings of plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 8:**

All video recordings of plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 9:**

All photographs of plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 10:**

All statements, declarations, and/or affidavits signed by YOU regarding the instant lawsuit.

**REQUEST FOR PRODUCTION NO. 11:**

All unsigned drafts of statements, declarations, and/or affidavits reflecting YOUR name, regarding the instant lawsuit.

**REQUEST FOR PRODUCTION NO. 12:**

All notes or records relating to plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 13:**

All text messages YOU received relating to plaintiff Asta Jonasson.

///

///

///

///

///

///

///

AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)
AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1  **REQUEST FOR PRODUCTION NO. 14:**

2       All text messages YOU sent relating to plaintiff Asta Jonasson.

3

4  DATED:  May 13, 2025              GREENBERG GROSS LLP

5

6                                                             By:

7                                                  Brian L. Williams

8                                                  Jemma E. Dunn
                                                   Matthew T. Hale

9                                                  Attorneys for Plaintiff Asta Jonasson

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)
AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1

## **PROOF OF SERVICE**

2

**Asta Jonasson v. Vin Diesel (f/k/a Mark Sinclair Vincent), et al.**
**Case No. 23STCV31143**

3

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

4

5          At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 601 S. Figueroa Street, 30th Floor, Los Angeles, CA 90017.

6

7          On May 13, 2025, I served true copies of the following document(s) described as **AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT) AND REQUESTS FOR PRODUCTION OF DOCUMENTS** on the

8    interested parties in this action as follows:

9    Bryan J. Freedman, Esq.
     Sean M. Hardy, Esq.
10   Jason H. Sunshine, Esq.

11   **LINER FREEDMAN & TAITELMAN +**
     **COOLEY, LLP**
12   1801 Century Park West, Fifth Floor
     Los Angeles, CA 90067
13   Telephone: (310) 201-0005
     Facsimile: (310) 201-0045
14   Emails: bfreedman@lftcllp.com;
              smhardy@lftcllp.com;
15            jsunshine@lftcllp.com;          Attorneys for Defendants Once Race Films, Inc.,
              vbirtha@lftcllp.com;            One Race Production, Inc., Vin Diesel f/k/a Mark
16            cpuello@lftcllp.com;            Sinclair Vincent, and Samantha Vincent

17          **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address HNunez@GGTrialLaw.com to the persons at the
18   e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

19

20          I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

21          Executed on May 13, 2025, at Los Angeles, California.

22

23   _____
     Hazelle T Nunez

24

25

26

27

28

-7-

AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)
AND REQUESTS FOR PRODUCTION OF DOCUMENTS

# EXHIBIT 10

1

2 LINER FREEDMAN TAITELMAN + COOLEY, LLP
Bryan J. Freedman, Esq. (SBN 151990)
3 Sean M. Hardy, Esq. (SBN 266466)
Jason Sunshine (SBN 336062)
1801 Century Park East, 5th Floor
4 Los Angeles, CA 90067
Tel: (310) 201-0005
5 bfreedman@lftcllp.com
smhardy@lftcllp.com
6 jsunshine@lftcllp.com

7 Attorneys for Defendant
VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)

8 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 **FOR THE COUNTY OF LOS ANGELES**

10

11

12 ASTA JONASSON, an individual,          Case No.: 23STCV31143

Plaintiff,                            [Assigned for all purposes to Judge Daniel M.
13                                       Crowley, Dept. 71]

vs.
14                                       **OBJECTIONS TO AMENDED NOTICE
                                          OF DEPOSITION TO DEFENDANT VIN
15 VIN DIESEL (f/k/a Mark Sinclair Vincent), an   DIESEL (F/K/A MARK SINCLAIR
individual; SAMANTHA VINCENT, an       VINCENT) AND REQUESTS FOR
16 individual; ONE RACE PRODUCTIONS,      PRODUCTION OF DOCUMENTS
INC., a California corporation; ONE RACE
17 FILMS, INC., a California corporation; and   Date:  June 24-25, 2025
DOES 1 to 20, inclusive,               Time:  9:00 a.m.
18                                       Place: Greenberg Gross LLP
Defendants.                            601 S. Figueroa Street, 30th Floor
19                                              Los Angeles, CA 90017

20

21

22

23

24

25

26

27

28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Vin Diesel ("Defendant"), pursuant to *Code of Civil Procedure* section 2025.410, hereby objects to Plaintiff Asta Jonasson's amended notice of the June 24 to June 25, 2025 deposition of Defendant (the "Notice"), on the following grounds:

<div align="center">

**I.**

**<u>OBJECTIONS TO NOTICE OF DEPOSITION</u>**

</div>

1.      The Defendant is no longer available to attend on the date and time specified in the Notice.

2.      The deposition was improperly noticed to require Defendant's in-person attendance at the offices of Plaintiff's counsel in the presence of a deposition officer.  Defendant objects and elects pursuant to Code of Civil Procedure Section 2025.310(a), that any deposition proceed via remote means, that the deposition officer not be physically present at the time of the deposition, and that Defendant not be physically present at the time of the deposition.

3.      Defendant objects to the Notice to the extent the deposition is noticed for a location more than 150 miles from Defendant's residence, in violation of *Code of Civil Procedure* section 2025.250, subsection (a) and Code of Civil Procedure section 1989. See generally <u>Toyota Motor Corp. v. Superior Court</u> (2011) 197 Cal.App.4th 1107.

4.      Defendant objects to the Notice in that it violates the seven-hour limitation on the length of a deposition mandated by *Code of Civil Procedure* section 2025.290.  The Notice improperly requires that the deposition to continue "day-to-day" until completed.  The Notice improperly calls for Defendant's deposition on two consecutive dates.  The burden on Defendant of an endless deposition outweighs the needs of the case.

5.      Defendant objects to the notice of deposition in that it is reasonably calculated to result in the disclosure of sensitive, proprietary, or confidential business information or trade secrets.  Defendant objects into any inquiry into matters protected by Defendant's right to privacy, including without limitation Defendant's sexual history and financial condition.  Defendant is entitled to a protective order pursuant to Code of Civil Procedure Section  2025.420 and Civil Code Section 3295 to prevent inquiry into improper subject matter and topics.

<div align="center">

1

</div>

6.    Defendant objects to the location of the deposition set forth in the Notice, as such location is inadequate to protect Defendant's personal safety and privacy. Defendant will meet and confer regarding the taking of a remote video deposition and potential alternative locations.

7.    Defendant objects to the Notice to the extent it fails to comply with the requirements on Code of Civil Procedure section 2025.210, *et seq.*

8.    Defendant objects that the deposition was noticed for a period in which a dispositive motion is pending. Good cause exists to stay any deposition until after a ruling on such motion. Silver v. City of Los Angeles (1966) 245 Cal. App. 2d 673; Terminals Equip. Co. v. City (1990) 221 Cal.App.3d 234, 247.

## II.

## INTRODUCTORY STATEMENT REGARDING REQUESTS FOR PRODUCTION

The following responses are made solely for the purpose of this action. Any document or thing supplied in response to any request is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any ground that would require the exclusion of any document or thing, or portion thereof, if such document or thing were offered in evidence, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

No incidental or implied admissions are intended by the responses herein. The fact that Defendant has supplied, or has agreed to supply, or hereafter agree to supply, a document or thing in response to any request should not be taken as an admission that the Defendant accepts or admits the existence of any facts set forth or assumed by such request or in said document, or that such document or thing constitutes admissible evidence. The fact that Defendant has supplied, or has agreed to supply, or hereafter agrees to supply any document or thing in response to any request is not intended to be and shall not be construed to be a waiver of any part of any objection to any such request, or any part of any General Objection.

The responses herein only apply to those documents or things currently in Defendant's possession. Defendant has not completed investigation of the facts relating to this matter, completed discovery in this matter, or completed preparation for trial in this matter. Accordingly,

1  Defendant reserve all rights with respect to documents or things which may be subsequently

2  located or discovered, including, without limitation, the right to use such documents at trial, and

3  further reserves any and all rights and any and all objections to any responsive documents or

4  things which may hereafter come into Defendant's possession, or which hereafter may be

5  determined to be within the scope of any such request.  Defendant disclaims any legal obligation

6  to supplement the responses herein.

## III.

## GENERAL OBJECTIONS TO REQUESTS FOR PRODUCTION

9      1.      Objection:      Defendant objects to the production and inspection of documents at

10  the offices of Plaintiff's counsel at their own expense.  Defendant may be unable to locate all

11  requested documents by the date specified for production and, therefore, a mutually convenient

12  time and date can be ascertained by contacting the undersigned to make appropriate arrangement.

13  Should Defendant in the future locate any relevant requested documents now in existence but not

14  yet located, Defendant will so advise counsel for Plaintiff, subject to the objections and comments

15  set forth in these responses.

16      2.      Objection:      Defendant objects to the instructions to the extent that they conflict

17  with the provisions of Code of Civil Procedure section 2031.010. et seq., or seek to impose

18  additional obligations upon Defendant beyond those set forth under Code of Civil Procedure

19  section 2031.010.   Defendant will respond within the requirements of Code of Civil Procedure

20  section 2031.010. et seq.

21      3.      Objection:      Defendant objects to each and every request to the extent that it

22  requires the production of documents or things, which have previously been made available to the

23  Plaintiff, are equally available to the Plaintiff, or are public records.

24      4.      Objection:      Defendant objects to each and every request to the extent it seeks

25  original documents, except where there is a legitimate dispute as to the legibility or authenticity of

26  a copy.

27      5.      Objection: to each and every request to the extent it seeks the production of

28  documents or things not in the possession, custody or control of Defendant.  Defendant would

3

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK
SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1    produce only those documents or things, if any, in the possession of Defendant, and would

2    produce documents, if any, in the manner kept by Defendant the usual course of business.

3        6.    Objection:    Defendant objects to the definitions contained in the requests in that

4    they are incomplete, vague, ambiguous, unintelligible, overbroad and oppressive, and seek to

5    impose obligations on Defendant beyond those imposed by the California Code of Civil

6    Procedure.

7        7.    Objection:    Defendant objects to each request to the extent that it seeks

8    information protected from disclosure by the attorney client privilege, the attorney work product

9    doctrine, the common interest privilege, the joint defense privilege or any other applicable

10   privilege or doctrine.  Nothing herein is intended to be, nor shall in any way be construed as, a

11   waiver of any attorney-client privilege, work product doctrine, the common interest privilege, the

12   joint defense privilege or any other applicable privilege or doctrine.  To the extent any request

13   may be construed as calling for disclosure of information protected by such privilege or doctrine, a

14   continuing objection to such Request is hereby interposed.  No such privileged information will be

15   provided.  In the event any privileged information is provided in connection with these responses,

16   such disclosure is inadvertent and is not intended to be, and shall not be deemed, a waiver of such

17   privilege.

18       8.    Objection:    Defendant objects to each request to the extent it seeks information

19   that is confidential, proprietary, a trade secret or private, or otherwise calls for information

20   protected by the right of privacy contained in Article I, Section 1 of the Constitution of the State of

21   California, in the United States Constitution or any other applicable privilege or protection

22   recognized under statute or applicable case law.

23       9.    Objection:    Defendant objects to each and every request to the extent it seeks

24   information that may violate the financial privacy rights of Defendant, third parties and individuals

25   who are protected under the California Constitution.

26       10.   Objection:    Defendant objects to each request to the extent it seeks information

27   not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery

28   of admissible evidence and would subject Defendant to oppression, harassment, and undue burden

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK
SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

and expense not commensurate with any legitimate discovery need.

11.    Objection:    Defendant further objects to each request to the extent that it seeks a legal conclusion and/or an expert opinion.

12.    Objection:    Defendant objects to each request to the extent that it seeks information already in the possession, custody, or control of Plaintiff.

13.    Objection:    Defendant objects to each request to the extent it is argumentative and without any foundation.

14.    Objection:    Defendant objects to each request to the extent it seeks the production, identification, or disclosure of documents or information for periods of time other than periods relevant to the claims in the Complaint, or other than periods of time properly subject to discovery.

15.    Objection:    Defendant objects to each request to the extent it seeks the disclosure of sensitive, proprietary, or confidential business information or trade secrets.

16.    Objection:    Defendant objects to each request to the extent that it seeks the production, identification, or disclosure of documents or information that are not limited in time or scope.

17.    Objection:    Defendant objects to each request on the grounds it requests Defendant to search electronically-stored information ("ESI") without regard to whether the ESI is reasonably accessible, or whether it would impose and undue burden or cost to search, review, and produced the ESI.

18.    Objection:    Because Defendant have not concluded their discovery and investigation in this action, they specifically reserve the right to amend and/or supplement their responses to the requests.

19.    Objection:    Defendant objects to the 14 requests for production of documents, and each of them.  Plaintiff served the requests for production of documents on April 7, 2025 by electronic service.  Such a time frame is insufficient under the *California Code of Civil Procedure*, which contemplates 32 days when responding to document requests served by electronic service. *See* Cal. Code Civ. Proc. §§ 2031.260; 1013(e).

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

20.    Objection:    Defendant objects to the definition of "DOCUMENTS" to the extent that it conflicts with the provisions of *Evidence Code* section 250 and/or the *Code of Civil Procedure* section 2031.010. *et seq.,* or seek to impose additional obligation upon Defendant beyond those set forth under *Code of Civil Procedure* section 2031.010.

21.    Objection:    Defendant objects to the definition of the term "DOCUMENT(S)" to the extent that it is vague, ambiguous, and overbroad.

22.    Objection:    Defendant objects to the definition of the term "COMMUNICATION(S)" to the extent that it is vague, ambiguous, and overbroad.

23.    Objection:    Defendant objects to the definition of the term "YOU" to the extent that it is vague, ambiguous, and overbroad.

25.    Objection:    Defendant objects to the definition of the term "YOUR" to the extent that it is vague, ambiguous, and overbroad.

Defendant incorporates by reference these general objections to each response below.

## IV.
## OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS

## OBJECTION TO REQUEST FOR PRODUCTION NO. 1:

Defendant incorporates the Preliminary Statement and General Objections as though fully set forth herein.

Defendant objects to the request on the grounds that it seeks documents from a remote time period.

Defendant objects to the request on the grounds that it seeks documents and communications protected by the attorney-client privilege, work product doctrine (*See, Coito v. Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

Defendant objects to the request on the grounds that it seeks documents that contain confidential information protected by the right to privacy under the California or United States Constitution or applicable statutory or common law.

Defendant objects to the request on the grounds that it seeks documents that contain confidential business or proprietary information protected by trade secret.

Defendant objects to the request on the grounds that it seeks documents that are neither

1   relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

2       Defendant objects to the request on the grounds that the request fails to designate the

3   documents to be inspected either by specifically describing each individual item or by reasonably

4   particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

5   (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

6   *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

7       Defendant objects to the request on the grounds that to comply with the request would be

8   an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

9   (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

10  Defendant.

11      Defendant objects to this request on the grounds it requests Defendant to search

12  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

13  accessible, or whether it would impose and undue burden or cost to search, review, and produced

14  the ESI.

15      Defendant objects to this request on the grounds it seek information of Defendant and third

16  parties that is protected by the right to privacy.

17      Defendant objects to the request on the grounds that it is overly broad and unduly

18  burdensome.

19      Defendant objects to the request on the grounds that it is vague, ambiguous and

20  unintelligible.

21      Defendant objects to the request on the grounds that it is redundant with and duplicative of

22  other discovery propounded by Plaintiff to Defendant in this litigation.

23      Defendant objects to the request on the grounds that it improperly seeks discovery relating

24  to Defendant's financial condition in violation of California Civil Code § 3295.

25      Defendant objects to the request on the ground that it improperly seeks discovery relating

26  to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

27  Cal.App.4th 475, 480-481.

28      Defendant objects to the request to the extent it seeks the production of records protected

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1  by the taxpayer privilege. *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

2  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

3  **OBJECTION TO REQUEST FOR PRODUCTION NO. 2:**

4    Defendant incorporates the Preliminary Statement and General Objections as though fully

5  set forth herein.

6    Defendant objects to the request on the grounds that it seeks documents from a remote time

7  period.

8    Defendant objects to the request on the grounds that it seeks documents and

9  communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

10  *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

11    Defendant objects to the request on the grounds that it seeks documents that contain

12  confidential information protected by the right to privacy under the California or United States

13  Constitution or applicable statutory or common law.

14    Defendant objects to the request on the grounds that it seeks documents that contain

15  confidential business or proprietary information protected by trade secret.

16    Defendant objects to the request on the grounds that it seeks documents that are neither

17  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

18    Defendant objects to the request on the grounds that the request fails to designate the

19  documents to be inspected either by specifically describing each individual item or by reasonably

20  particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

21  (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

22  *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

23    Defendant objects to the request on the grounds that to comply with the request would be

24  an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

25  (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

26  Defendant.

27    Defendant objects to this request on the grounds it requests Defendant to search

28  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK
SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1  accessible, or whether it would impose and undue burden or cost to search, review, and produced

2  the ESI.

3      Defendant objects to this request on the grounds it seek information of Defendant and third

4  parties that is protected by the right to privacy.

5      Defendant objects to the request on the grounds that it is overly broad and unduly

6  burdensome.

7      Defendant objects to the request on the grounds that it is vague, ambiguous and

8  unintelligible.

9      Defendant objects to the request on the grounds that it is redundant with and duplicative of

10  other discovery propounded by Plaintiff to Defendant in this litigation.

11      Defendant objects to the request on the grounds that it improperly seeks discovery relating

12  to Defendant's financial condition in violation of California Civil Code § 3295.

13      Defendant objects to the request on the ground that it improperly seeks discovery relating

14  to Defendant's confidential financial affairs. *See Fortunato v. Superior Court* (2003) 114

15  Cal.App.4th 475, 480-481.

16      Defendant objects to the request to the extent it seeks the production of records protected

17  by the taxpayer privilege. *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

18  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

19  **OBJECTION TO REQUEST FOR PRODUCTION NO. 3:**

20      Defendant incorporates the Preliminary Statement and General Objections as though fully

21  set forth herein.

22      Defendant objects to the request on the grounds that it seeks documents from a remote time

23  period.

24      Defendant objects to the request on the grounds that it seeks documents and

25  communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

26  *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

27      Defendant objects to the request on the grounds that it seeks documents that contain

28  confidential information protected by the right to privacy under the California or United States

1  Constitution or applicable statutory or common law.

2      Defendant objects to the request on the grounds that it seeks documents that contain

3  confidential business or proprietary information protected by trade secret.

4      Defendant objects to the request on the grounds that it seeks documents that are neither

5  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

6      Defendant objects to the request on the grounds that the request fails to designate the

7  documents to be inspected either by specifically describing each individual item or by reasonably

8  particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

9  (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

10  *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

11      Defendant objects to the request on the grounds that to comply with the request would be

12  an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

13  (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

14  Defendant.

15      Defendant objects to this request on the grounds it requests Defendant to search

16  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

17  accessible, or whether it would impose and undue burden or cost to search, review, and produced

18  the ESI.

19      Defendant objects to this request on the grounds it seek information of Defendant and third

20  parties that is protected by the right to privacy.

21      Defendant objects to the request on the grounds that it is overly broad and unduly

22  burdensome.

23      Defendant objects to the request on the grounds that it is vague, ambiguous and

24  unintelligible.

25      Defendant objects to the request on the grounds that it is redundant with and duplicative of

26  other discovery propounded by Plaintiff to Defendant in this litigation.

27      Defendant objects to the request on the grounds that it improperly seeks discovery relating

28  to Defendant's financial condition in violation of California Civil Code § 3295.

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK
SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1    Defendant objects to the request on the ground that it improperly seeks discovery relating

2  to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

3  Cal.App.4th 475, 480-481.

4    Defendant objects to the request to the extent it seeks the production of records protected

5  by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

6  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

7  **OBJECTION TO REQUEST FOR PRODUCTION NO. 4:**

8    Defendant incorporates the Preliminary Statement and General Objections as though fully

9  set forth herein.

10    Defendant objects to the request on the grounds that it seeks documents from a remote time

11  period.

12    Defendant objects to the request on the grounds that it seeks documents and

13  communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

14  *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

15    Defendant objects to the request on the grounds that it seeks documents that contain

16  confidential information protected by the right to privacy under the California or United States

17  Constitution or applicable statutory or common law.

18    Defendant objects to the request on the grounds that it seeks documents that contain

19  confidential business or proprietary information protected by trade secret.

20    Defendant objects to the request on the grounds that it seeks documents that are neither

21  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

22    Defendant objects to the request on the grounds that the request fails to designate the

23  documents to be inspected either by specifically describing each individual item or by reasonably

24  particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

25  (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

26  *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

27    Defendant objects to the request on the grounds that to comply with the request would be

28  an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1  (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

2  Defendant.

3       Defendant objects to this request on the grounds it requests Defendant to search

4  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

5  accessible, or whether it would impose and undue burden or cost to search, review, and produced

6  the ESI.

7       Defendant objects to this request on the grounds it seek information of Defendant and third

8  parties that is protected by the right to privacy.

9       Defendant objects to the request on the grounds that it is overly broad and unduly

10  burdensome.

11       Defendant objects to the request on the grounds that it is vague, ambiguous and

12  unintelligible.

13       Defendant objects to the request on the grounds that it is redundant with and duplicative of

14  other discovery propounded by Plaintiff to Defendant in this litigation.

15       Defendant objects to the request on the grounds that it improperly seeks discovery relating

16  to Defendant's financial condition in violation of California Civil Code § 3295.

17       Defendant objects to the request on the ground that it improperly seeks discovery relating

18  to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

19  Cal.App.4th 475, 480-481.

20       Defendant objects to the request to the extent it seeks the production of records protected

21  by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

22  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

23  **OBJECTION TO REQUEST FOR PRODUCTION NO. 5:**

24       Defendant incorporates the Preliminary Statement and General Objections as though fully

25  set forth herein.

26       Defendant objects to the request on the grounds that it seeks documents from a remote time

27  period.

28       Defendant objects to the request on the grounds that it seeks documents and

12

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1    communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*
2    *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

3        Defendant objects to the request on the grounds that it seeks documents that contain
4    confidential information protected by the right to privacy under the California or United States
5    Constitution or applicable statutory or common law.

6        Defendant objects to the request on the grounds that it seeks documents that contain
7    confidential business or proprietary information protected by trade secret.

8        Defendant objects to the request on the grounds that it seeks documents that are neither
9    relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

10        Defendant objects to the request on the grounds that the request fails to designate the
11   documents to be inspected either by specifically describing each individual item or by reasonably
12   particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.
13   (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*
14   *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

15        Defendant objects to the request on the grounds that to comply with the request would be
16   an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*
17   (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the
18   Defendant.

19        Defendant objects to this request on the grounds it requests Defendant to search
20   electronically-stored information ("ESI") without regard to whether the ESI is reasonably
21   accessible, or whether it would impose and undue burden or cost to search, review, and produced
22   the ESI.

23        Defendant objects to this request on the grounds it seek information of Defendant and third
24   parties that is protected by the right to privacy.

25        Defendant objects to the request on the grounds that it is overly broad and unduly
26   burdensome.

27        Defendant objects to the request on the grounds that it is vague, ambiguous and
28   unintelligible.

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK
SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1      Defendant objects to the request on the grounds that it is redundant with and duplicative of

2 other discovery propounded by Plaintiff to Defendant in this litigation.

3      Defendant objects to the request on the grounds that it improperly seeks discovery relating

4 to Defendant's financial condition in violation of California Civil Code § 3295.

5      Defendant objects to the request on the ground that it improperly seeks discovery relating

6 to Defendant's confidential financial affairs. *See Fortunato v. Superior Court* (2003) 114

7 Cal.App.4th 475, 480-481.

8      Defendant objects to the request to the extent it seeks the production of records protected

9 by the taxpayer privilege. *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

10 *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

11 **OBJECTION TO REQUEST FOR PRODUCTION NO. 6:**

12      Defendant incorporates the Preliminary Statement and General Objections as though fully

13 set forth herein.

14      Defendant objects to the request on the grounds that it seeks documents from a remote time

15 period.

16      Defendant objects to the request on the grounds that it seeks documents and

17 communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

18 *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

19      Defendant objects to the request on the grounds that it seeks documents that contain

20 confidential information protected by the right to privacy under the California or United States

21 Constitution or applicable statutory or common law.

22      Defendant objects to the request on the grounds that it seeks documents that contain

23 confidential business or proprietary information protected by trade secret.

24      Defendant objects to the request on the grounds that it seeks documents that are neither

25 relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

26      Defendant objects to the request on the grounds that the request fails to designate the

27 documents to be inspected either by specifically describing each individual item or by reasonably

28 particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

1   (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

2   *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

3           Defendant objects to the request on the grounds that to comply with the request would be

4   an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

5   (1997) 53 Cal.App.4th 216, 225-226.)    The request is calculated to annoy and harass the

6   Defendant.

7           Defendant objects to this request on the grounds it requests Defendant to search

8   electronically-stored information ("ESI") without regard to whether the ESI is reasonably

9   accessible, or whether it would impose and undue burden or cost to search, review, and produced

10  the ESI.

11          Defendant objects to this request on the grounds it seek information of Defendant and third

12  parties that is protected by the right to privacy.

13          Defendant objects to the request on the grounds that it is overly broad and unduly

14  burdensome.

15          Defendant objects to the request on the grounds that it is vague, ambiguous and

16  unintelligible.

17          Defendant objects to the request on the grounds that it is redundant with and duplicative of

18  other discovery propounded by Plaintiff to Defendant in this litigation.

19          Defendant objects to the request on the grounds that it improperly seeks discovery relating

20  to Defendant's financial condition in violation of California Civil Code § 3295.

21          Defendant objects to the request on the ground that it improperly seeks discovery relating

22  to Defendant's confidential financial affairs. *See Fortunato v. Superior Court* (2003) 114

23  Cal.App.4th 475, 480-481.

24          Defendant objects to the request to the extent it seeks the production of records protected

25  by the taxpayer privilege. *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

26  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

27  **OBJECTION TO REQUEST FOR PRODUCTION NO. 7:**

28          Defendant incorporates the Preliminary Statement and General Objections as though fully

1   set forth herein.

2       Defendant objects to the request on the grounds that it seeks documents from a remote time

3   period.

4       Defendant objects to the request on the grounds that it seeks documents and

5   communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

6   *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

7       Defendant objects to the request on the grounds that it seeks documents that contain

8   confidential information protected by the right to privacy under the California or United States

9   Constitution or applicable statutory or common law.

10      Defendant objects to the request on the grounds that it seeks documents that contain

11  confidential business or proprietary information protected by trade secret.

12      Defendant objects to the request on the grounds that it seeks documents that are neither

13  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

14      Defendant objects to the request on the grounds that the request fails to designate the

15  documents to be inspected either by specifically describing each individual item or by reasonably

16  particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

17  (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

18  *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

19      Defendant objects to the request on the grounds that to comply with the request would be

20  an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

21  (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

22  Defendant.

23      Defendant objects to this request on the grounds it requests Defendant to search

24  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

25  accessible, or whether it would impose and undue burden or cost to search, review, and produced

26  the ESI.

27      Defendant objects to this request on the grounds it seek information of Defendant and third

28  parties that is protected by the right to privacy.

1  Defendant objects to the request on the grounds that it is overly broad and unduly

2  burdensome.

3  Defendant objects to the request on the grounds that it is vague, ambiguous and

4  unintelligible.

5  Defendant objects to the request on the grounds that it is redundant with and duplicative of

6  other discovery propounded by Plaintiff to Defendant in this litigation.

7  Defendant objects to the request on the grounds that it improperly seeks discovery relating

8  to Defendant's financial condition in violation of California Civil Code § 3295.

9  Defendant objects to the request on the ground that it improperly seeks discovery relating

10  to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

11  Cal.App.4th 475, 480-481.

12  Defendant objects to the request to the extent it seeks the production of records protected

13  by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

14  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

15  **OBJECTION TO REQUEST FOR PRODUCTION NO. 8:**

16  Defendant incorporates the Preliminary Statement and General Objections as though fully

17  set forth herein.

18  Defendant objects to the request on the grounds that it seeks documents from a remote time

19  period.

20  Defendant objects to the request on the grounds that it seeks documents and

21  communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

22  *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

23  Defendant objects to the request on the grounds that it seeks documents that contain

24  confidential information protected by the right to privacy under the California or United States

25  Constitution or applicable statutory or common law.

26  Defendant objects to the request on the grounds that it seeks documents that contain

27  confidential business or proprietary information protected by trade secret.

28  Defendant objects to the request on the grounds that it seeks documents that are neither

1  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

2      Defendant objects to the request on the grounds that the request fails to designate the

3  documents to be inspected either by specifically describing each individual item or by reasonably

4  particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

5  (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

6  *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

7      Defendant objects to the request on the grounds that to comply with the request would be

8  an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

9  (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

10  Defendant.

11      Defendant objects to this request on the grounds it requests Defendant to search

12  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

13  accessible, or whether it would impose and undue burden or cost to search, review, and produced

14  the ESI.

15      Defendant objects to this request on the grounds it seek information of Defendant and third

16  parties that is protected by the right to privacy.

17      Defendant objects to the request on the grounds that it is overly broad and unduly

18  burdensome.

19      Defendant objects to the request on the grounds that it is vague, ambiguous and

20  unintelligible.

21      Defendant objects to the request on the grounds that it is redundant with and duplicative of

22  other discovery propounded by Plaintiff to Defendant in this litigation.

23      Defendant objects to the request on the grounds that it improperly seeks discovery relating

24  to Defendant's financial condition in violation of California Civil Code § 3295.

25      Defendant objects to the request on the ground that it improperly seeks discovery relating

26  to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

27  Cal.App.4th 475, 480-481.

28      Defendant objects to the request to the extent it seeks the production of records protected

---

18

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1  by the taxpayer privilege. *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

2  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

3  **OBJECTION TO REQUEST FOR PRODUCTION NO. 9:**

4       Defendant incorporates the Preliminary Statement and General Objections as though fully

5  set forth herein.

6       Defendant objects to the request on the grounds that it seeks documents from a remote time

7  period.

8       Defendant objects to the request on the grounds that it seeks documents and

9  communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

10  *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

11       Defendant objects to the request on the grounds that it seeks documents that contain

12  confidential information protected by the right to privacy under the California or United States

13  Constitution or applicable statutory or common law.

14       Defendant objects to the request on the grounds that it seeks documents that contain

15  confidential business or proprietary information protected by trade secret.

16       Defendant objects to the request on the grounds that it seeks documents that are neither

17  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

18       Defendant objects to the request on the grounds that the request fails to designate the

19  documents to be inspected either by specifically describing each individual item or by reasonably

20  particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

21  (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

22  *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

23       Defendant objects to the request on the grounds that to comply with the request would be

24  an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

25  (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

26  Defendant.

27       Defendant objects to this request on the grounds it requests Defendant to search

28  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

1    accessible, or whether it would impose and undue burden or cost to search, review, and produced

2    the ESI.

3         Defendant objects to this request on the grounds it seek information of Defendant and third

4    parties that is protected by the right to privacy.

5         Defendant objects to the request on the grounds that it is overly broad and unduly

6    burdensome.

7         Defendant objects to the request on the grounds that it is vague, ambiguous and

8    unintelligible.

9         Defendant objects to the request on the grounds that it is redundant with and duplicative of

10    other discovery propounded by Plaintiff to Defendant in this litigation.

11         Defendant objects to the request on the grounds that it improperly seeks discovery relating

12    to Defendant's financial condition in violation of California Civil Code § 3295.

13         Defendant objects to the request on the ground that it improperly seeks discovery relating

14    to Defendant's confidential financial affairs. *See Fortunato v. Superior Court* (2003) 114

15    Cal.App.4th 475, 480-481.

16         Defendant objects to the request to the extent it seeks the production of records protected

17    by the taxpayer privilege. *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

18    *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

19    **OBJECTION TO REQUEST FOR PRODUCTION NO. 10:**

20         Defendant incorporates the Preliminary Statement and General Objections as though fully

21    set forth herein.

22         Defendant objects to the request on the grounds that it seeks documents from a remote time

23    period.

24         Defendant objects to the request on the grounds that it seeks documents and

25    communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

26    *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

27         Defendant objects to the request on the grounds that it seeks documents that contain

28    confidential information protected by the right to privacy under the California or United States

1   Constitution or applicable statutory or common law.

2        Defendant objects to the request on the grounds that it seeks documents that contain

3   confidential business or proprietary information protected by trade secret.

4        Defendant objects to the request on the grounds that it seeks documents that are neither

5   relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

6        Defendant objects to the request on the grounds that the request fails to designate the

7   documents to be inspected either by specifically describing each individual item or by reasonably

8   particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

9   (See *Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

10  *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

11       Defendant objects to the request on the grounds that to comply with the request would be

12  an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

13  (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

14  Defendant.

15       Defendant objects to this request on the grounds it requests Defendant to search

16  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

17  accessible, or whether it would impose and undue burden or cost to search, review, and produced

18  the ESI.

19       Defendant objects to this request on the grounds it seek information of Defendant and third

20  parties that is protected by the right to privacy.

21       Defendant objects to the request on the grounds that it is overly broad and unduly

22  burdensome.

23       Defendant objects to the request on the grounds that it is vague, ambiguous and

24  unintelligible.

25       Defendant objects to the request on the grounds that it is redundant with and duplicative of

26  other discovery propounded by Plaintiff to Defendant in this litigation.

27       Defendant objects to the request on the grounds that it improperly seeks discovery relating

28  to Defendant's financial condition in violation of California Civil Code § 3295.

21

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK
SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1    Defendant objects to the request on the ground that it improperly seeks discovery relating
2  to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114
3  Cal.App.4th 475, 480-481.

4    Defendant objects to the request to the extent it seeks the production of records protected
5  by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*
6  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

7  **OBJECTION TO REQUEST FOR PRODUCTION NO. 11:**

8    Defendant incorporates the Preliminary Statement and General Objections as though fully
9  set forth herein.

10    Defendant objects to the request on the grounds that it seeks documents from a remote time
11  period.

12    Defendant objects to the request on the grounds that it seeks documents and
13  communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*
14  *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

15    Defendant objects to the request on the grounds that it seeks documents that contain
16  confidential information protected by the right to privacy under the California or United States
17  Constitution or applicable statutory or common law.

18    Defendant objects to the request on the grounds that it seeks documents that contain
19  confidential business or proprietary information protected by trade secret.

20    Defendant objects to the request on the grounds that it seeks documents that are neither
21  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

22    Defendant objects to the request on the grounds that the request fails to designate the
23  documents to be inspected either by specifically describing each individual item or by reasonably
24  particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.
25  (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*
26  *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

27    Defendant objects to the request on the grounds that to comply with the request would be
28  an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

1    (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

2    Defendant.

3        Defendant objects to this request on the grounds it requests Defendant to search

4    electronically-stored information ("ESI") without regard to whether the ESI is reasonably

5    accessible, or whether it would impose and undue burden or cost to search, review, and produced

6    the ESI.

7        Defendant objects to this request on the grounds it seek information of Defendant and third

8    parties that is protected by the right to privacy.

9        Defendant objects to the request on the grounds that it is overly broad and unduly

10   burdensome.

11       Defendant objects to the request on the grounds that it is vague, ambiguous and

12   unintelligible.

13       Defendant objects to the request on the grounds that it is redundant with and duplicative of

14   other discovery propounded by Plaintiff to Defendant in this litigation.

15       Defendant objects to the request on the grounds that it improperly seeks discovery relating

16   to Defendant's financial condition in violation of California Civil Code § 3295.

17       Defendant objects to the request on the ground that it improperly seeks discovery relating

18   to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

19   Cal.App.4th 475, 480-481.

20       Defendant objects to the request to the extent it seeks the production of records protected

21   by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

22   *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

23   **OBJECTION TO REQUEST FOR PRODUCTION NO. 12:**

24       Defendant incorporates the Preliminary Statement and General Objections as though fully

25   set forth herein.

26       Defendant objects to the request on the grounds that it seeks documents from a remote time

27   period.

28       Defendant objects to the request on the grounds that it seeks documents and

1  communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

2  *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

3      Defendant objects to the request on the grounds that it seeks documents that contain

4  confidential information protected by the right to privacy under the California or United States

5  Constitution or applicable statutory or common law.

6      Defendant objects to the request on the grounds that it seeks documents that contain

7  confidential business or proprietary information protected by trade secret.

8      Defendant objects to the request on the grounds that it seeks documents that are neither

9  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

10      Defendant objects to the request on the grounds that the request fails to designate the

11  documents to be inspected either by specifically describing each individual item or by reasonably

12  particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

13  (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

14  *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

15      Defendant objects to the request on the grounds that to comply with the request would be

16  an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

17  (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

18  Defendant.

19      Defendant objects to this request on the grounds it requests Defendant to search

20  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

21  accessible, or whether it would impose and undue burden or cost to search, review, and produced

22  the ESI.

23      Defendant objects to this request on the grounds it seek information of Defendant and third

24  parties that is protected by the right to privacy.

25      Defendant objects to the request on the grounds that it is overly broad and unduly

26  burdensome.

27      Defendant objects to the request on the grounds that it is vague, ambiguous and

28  unintelligible.

1    Defendant objects to the request on the grounds that it is redundant with and duplicative of

2 other discovery propounded by Plaintiff to Defendant in this litigation.

3    Defendant objects to the request on the grounds that it improperly seeks discovery relating

4 to Defendant's financial condition in violation of California Civil Code § 3295.

5    Defendant objects to the request on the ground that it improperly seeks discovery relating

6 to Defendant's confidential financial affairs. *See Fortunato v. Superior Court* (2003) 114

7 Cal.App.4th 475, 480-481.

8    Defendant objects to the request to the extent it seeks the production of records protected

9 by the taxpayer privilege. *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

10 *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

11 **OBJECTION TO REQUEST FOR PRODUCTION NO. 13:**

12    Defendant incorporates the Preliminary Statement and General Objections as though fully

13 set forth herein.

14    Defendant objects to the request on the grounds that it seeks documents from a remote time

15 period.

16    Defendant objects to the request on the grounds that it seeks documents and

17 communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

18 *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

19    Defendant objects to the request on the grounds that it seeks documents that contain

20 confidential information protected by the right to privacy under the California or United States

21 Constitution or applicable statutory or common law.

22    Defendant objects to the request on the grounds that it seeks documents that contain

23 confidential business or proprietary information protected by trade secret.

24    Defendant objects to the request on the grounds that it seeks documents that are neither

25 relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

26    Defendant objects to the request on the grounds that the request fails to designate the

27 documents to be inspected either by specifically describing each individual item or by reasonably

28 particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

1  (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

2  *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

3      Defendant objects to the request on the grounds that to comply with the request would be

4  an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

5  (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

6  Defendant.

7      Defendant objects to this request on the grounds it requests Defendant to search

8  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

9  accessible, or whether it would impose and undue burden or cost to search, review, and produced

10  the ESI.

11      Defendant objects to this request on the grounds it seek information of Defendant and third

12  parties that is protected by the right to privacy.

13      Defendant objects to the request on the grounds that it is overly broad and unduly

14  burdensome.

15      Defendant objects to the request on the grounds that it is vague, ambiguous and

16  unintelligible.

17      Defendant objects to the request on the grounds that it is redundant with and duplicative of

18  other discovery propounded by Plaintiff to Defendant in this litigation.

19      Defendant objects to the request on the grounds that it improperly seeks discovery relating

20  to Defendant's financial condition in violation of California Civil Code § 3295.

21      Defendant objects to the request on the ground that it improperly seeks discovery relating

22  to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

23  Cal.App.4th 475, 480-481.

24      Defendant objects to the request to the extent it seeks the production of records protected

25  by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

26  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

27  / / /

28  / / /

1    **OBJECTION TO REQUEST FOR PRODUCTION NO. 14:**

2         Defendant incorporates the Preliminary Statement and General Objections as though fully

3    set forth herein.

4         Defendant objects to the request on the grounds that it seeks documents from a remote time

5    period.

6         Defendant objects to the request on the grounds that it seeks documents and

7    communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

8    *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

9         Defendant objects to the request on the grounds that it seeks documents that contain

10   confidential information protected by the right to privacy under the California or United States

11   Constitution or applicable statutory or common law.

12        Defendant objects to the request on the grounds that it seeks documents that contain

13   confidential business or proprietary information protected by trade secret.

14        Defendant objects to the request on the grounds that it seeks documents that are neither

15   relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

16        Defendant objects to the request on the grounds that the request fails to designate the

17   documents to be inspected either by specifically describing each individual item or by reasonably

18   particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

19   (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

20   *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

21        Defendant objects to the request on the grounds that to comply with the request would be

22   an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

23   (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

24   Defendant.

25        Defendant objects to this request on the grounds it requests Defendant to search

26   electronically-stored information ("ESI") without regard to whether the ESI is reasonably

27   accessible, or whether it would impose and undue burden or cost to search, review, and produced

28   the ESI.

1    Defendant objects to this request on the grounds it seek information of Defendant and third

2  parties that is protected by the right to privacy.

3    Defendant objects to the request on the grounds that it is overly broad and unduly

4  burdensome.

5    Defendant objects to the request on the grounds that it is vague, ambiguous and

6  unintelligible.

7    Defendant objects to the request on the grounds that it is redundant with and duplicative of

8  other discovery propounded by Plaintiff to Defendant in this litigation.

9    Defendant objects to the request on the grounds that it improperly seeks discovery relating

10  to Defendant's financial condition in violation of California Civil Code § 3295.

11    Defendant objects to the request on the ground that it improperly seeks discovery relating

12  to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

13  Cal.App.4th 475, 480-481.

14    Defendant objects to the request to the extent it seeks the production of records protected

15  by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

16  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

17

18  DATED:  June 20, 2025                LINER FREEDMAN TAITELMAN + COOLEY,
                                        LLP

19

20

21                                      By: _____
                                        Bryan J. Freedman, Esq.

22                                      Sean M. Hardy, Esq.
                                        Jason H. Sunshine, Esq.

23                                      Attorneys for Defendant
                                        VIN DIESEL (F/K/A MARK SINCLAIR

24                                      VINCENT)

25

26

27

28

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK
SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**      ]
                                  ]ss.
**COUNTY OF LOS ANGELES**   ]

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business is EXPRESS NETWORK, LLC, 1605 W. Olympic Blvd, Suite 800, Los Angeles, CA 90015.

      On June 20, 2025, I served the foregoing document(s) described:

**OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT) AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

on the interested parties in this action ☒ by placing ☐ the original ☐ a true copy thereof enclosed in seal envelopes addressed as follows:

Brian L. Williams
Jemma E. Dunn
Matthew T. Hale
Greenberg Gross LLP
601 S. Figueroa Street, 30th Floor
Los Angeles, CA 90017
*Attorneys for Plaintiff Asta Jonasson*

☒     **By Personal Service.** I personally delivered the above listed documents to the persons at the addresses listed above.

☒     **State.**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

      Executed on June 20, 2025 at Los Angeles, California.

EXPRESS NETWORK

_Daniel Chavez_____
Print Name (Messenger)

_____
Signature of Declarant (Messenger)

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA**          ]
                                 ]ss.
3

**COUNTY OF LOS ANGELES**        ]

4

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business is EXPRESS NETWORK, LLC, 1605 W. Olympic Blvd, Suite 800, Los Angeles, CA 90015.

5

6

     On June 20, 2025, I served the foregoing document(s) described:

7

**OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT) AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

8

9

on the interested parties in this action ☒ by placing ☐ the original ☐ a true copy thereof enclosed in seal envelopes addressed as follows:

10

11

               Brian L. Williams
               Jemma E. Dunn
               Matthew T. Hale
               Greenberg Gross, LLP
               650 Town Center Dr, Ste 1700
               Costa Mesa, CA 92626-7025
               *Attorneys for Plaintiff Asta Jonasson*

12

13

14

15

☒      **By Personal Service.** I personally delivered the above listed documents to the persons at the addresses listed above.

16

17

☒      **State.** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

18

     Executed on June 20, 2025 at Los Angeles, California.

19

20

EXPRESS NETWORK

21

_____          _____
Print Name (Messenger)                Signature of Declarant (Messenger)

22

23

24

25

26

27

28

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK
SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

# EXHIBIT 11

| | |
|---|---|
| **From:** | Matthew T. Hale |
| **Sent:** | Friday, June 20, 2025 5:12 PM |
| **To:** | Bryan Freedman; Sean M. Hardy; Jason Sunshine |
| **Cc:** | Brian Williams; Jemma E. Dunn; Hazelle T. Nunez; Vaneta Birtha |
| **Subject:** | Jonasson v. Vin Diesel, et al |

Counsel:

We are in receipt of defendant Vin Diesel's objections to Plaintiff's Amended Notice of Deposition and Requests for Production of Documents. For the first time since these dates (June 24 and 25) were provided by his counsel on May 9, 2025, and despite his agreement to appear in Los Angeles, Defendant Vin Diesel now suddenly asserts that he is not available to attend his duly noticed deposition. Please provide, by end of day this coming Monday June 23, 2025, multiple alternative dates for his deposition that fall on or before July 18th. Given the apparent gamesmanship and bad faith nature of this objection, if we do not receive these multiple dates by Monday, we will move forward with a Motion to Compel Vin Diesel's deposition and will take a notice of non-appearance on Tuesday. As to the remainder of Defendant's objections, please see the below:

2. Mr. Diesel's objection regarding in-person attendance misinterprets the CCP § 2025.310. The deponent cannot simply elect to be separate from the attorney taking the deposition. It is the attorney or party's election to physically present at the location of the deponent: "Subject to Section 2025.420, any party or attorney of record may, but is not required to, be physically present at the deposition at the location of the deponent."

3. Mr. Diesel again fails to even straightforwardly assert that he in fact lives more than 150 miles from our office in Downtown Los Angeles, where the deposition is to take place. Instead, Mr. Diesel again uses the qualifying language, "to the extent the deposition is noticed for a location more than 150 miles from Defendant's residence." Mr. Diesel's objection is so vague and uncertain as to operate as a waiver of any such objection. Furthermore, Samantha Vincent already confirmed that Mr. Diesel currently lives in Los Angeles.

4. There is no seven-hour limit applicable to employment cases, like this one. (CCP § 2025.290(b)(4)). Further, the notice does not assume any such time period.

5. Defendant asserts that he shouldn't have to attend his deposition because questions *may* be asked that implicate his privacy. Not only is this not a ground to forego attendance altogether, but also there is a protective order in this matter in place to protect truly confidential portions of the deposition.

6. There is absolutely no indication that Plaintiff's office, which has ample security staff and precautions, is inadequate to protect Mr. Diesel's personal safety and privacy.

7. The objection regarding a failure to comply with requirements of a deposition notice lacks any specificity as to what requirements the notice fails to comply with. This objection should be disregarded due to its ambiguity.

8. The objection incorrectly asserts that there is a dispositive motion pending.

**Matthew T. Hale**
**Counsel - Assistant Director of Litigation | Greenberg Gross LLP**

One Summerlin | 1980 Festival Plaza Drive | Suite 730 | Las Vegas, NV 89135
Direct 702.777.0891 | Main 702.777.0888
MHale@GGTrialLaw.com



Los Angeles | Orange County | Las Vegas | New York

# EXHIBIT 12

| | |
|---|---|
| **From:** | Sean M. Hardy <smhardy@lftcllp.com> |
| **Sent:** | Monday, June 23, 2025 8:09 AM |
| **To:** | Matthew T. Hale |
| **Cc:** | Brian Williams; Jemma E. Dunn; Hazelle T. Nunez; Vaneta Birtha; Bryan Freedman; Jason Sunshine |
| **Subject:** | [EXT] RE: Jonasson v. Vin Diesel, et al |

Counsel,

We respectfully disagree with your position below, and will meet and confer with you on this issue in person today at your office.  Thank you.

Sincerely,

Sean M. Hardy

Sean M. Hardy, Esq.
Partner
LINER FREEDMAN TAITELMAN + COOLEY, LLP
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045
Web: www.ftllp.com

## PROOF OF SERVICE

**Asta Jonasson v. Vin Diesel (f/k/a Mark Sinclair Vincent), et al.**
**Case No. 23STCV31143**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 601 S. Figueroa Street, 30th Floor, Los Angeles, CA 90017.

On June 26, 2025, I served true copies of the following document(s) described as **DECLARATION OF MATTHEW T. HALE IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT VIN DIESEL'S DEPOSITION & REQUEST FOR SANCTIONS** on the interested parties in this action as follows:

| | |
|---|---|
| Bryan J. Freedman, Esq.<br>Sean M. Hardy, Esq.<br>Jason H. Sunshine, Esq.<br>**LINER FREEDMAN & TAITELMAN + COOLEY, LLP**<br>1801 Century Park West, Fifth Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 201-0005<br>Facsimile: (310) 201-0045<br>Emails: bfreedman@ftllp.com<br>        smhardy@ftllp.com<br>        jsunshine@ftllp.com<br>        vbirtha@ftllp.com<br>        cpuello@ftllp.com | Attorneys for Defendants One Race Films, Inc., One Race Productions, Inc., Vin Diesel f/k/a Mark Sinclair Vincent, and Samantha Vincent |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address HNunez@GGTrialLaw.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 26, 2025, at Los Angeles, California.

_____
Hazelle Nunez

1  BRIAN L. WILLIAMS, State Bar No. 227948
    BWilliams@GGTrialLaw.com
2  JEMMA E. DUNN, State Bar No. 258454
    JDunn@GGTrialLaw.com
3  MATTHEW T. HALE, State Bar No. 303826
    MHale@GGTrialLaw.com
4  GREENBERG GROSS LLP
    601 S. Figueroa Street, 30th Floor
5  Los Angeles, California 90017
    Telephone: (213) 334-7000
6  Facsimile: (213) 334-7001

7  Attorneys for Plaintiff Asta Jonasson

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        FOR THE COUNTY OF LOS ANGELES

10  ASTA JONASSON, an individual,              Case No. 23STCV31143

11                                             Assigned for All Purposes to:
             Plaintiff,                        Hon. Daniel M. Crowley, Dept. 71
12
             v.                                **PLAINTIFF ASTA JONASSON'S**
13                                             **PROPOSED ORDER TO COMPEL THE**
     VIN DIESEL (f/k/a Mark Sinclair Vincent), an   **DEPOSITION OF DEFENDANT VIN**
14  individual; SAMANTHA VINCENT, an           **DIESEL AND SANCTIONS**
     individual; ONE RACE PRODUCTIONS,
15  INC., a California corporation; ONE RACE    Reservation No.: 374377214511
     FILMS, INC., a California corporation; and
16  DOES 1 to 20, inclusive,                   **Hearing:**
                                               Judge:   Hon. Daniel M. Crowley
17                                             Date:    August 11, 2025
             Defendants.                       Time:    8:30 a.m.
18                                             Dept.:   71

19                                             Action Filed:    December 21, 2023
                                               Trial Date:      August 18, 2025
20
                                               [*Filed Concurrently with Plaintiff's Notice of*
21                                             *Motion; Motion to Compel; Declaration of*
                                               *Matthew T. Hale*]
22

23

24

25

26

27

28

                              [PROPOSED] ORDER

## **[PROPOSED] ORDER**

The motion of Plaintiff Asta Jonasson ("Plaintiff") for an order compelling Defendant Vin Diesel ("Defendant") to appear for his deposition and granting sanctions, came on for hearing in Department 71 of the above-entitled court on August 11, 2025 at 8:30 a.m.

Having considered the arguments of the parties, the Court hereby **GRANTS** the Motion.

THE COURT HEREBY ORDERS that Defendant shall, within ten (10) days of this order, appear for his deposition at Plaintiff's office at 601 S. Figueora Street, 30ᵗʰ Floor, Los Angeles, California 90017..

THE COURT FURTHER ORDERS that, pursuant to sections 2025.450(a), 2017.010, 2023.030(a), 2023.010(d), and 2023.010(e) of the Code of Civil Procedure, Defendant and its counsel shall, within thirty (30) days of this order, pay to Plaintiff monetary sanctions in the amount of $7,455.07, which is the amount reasonably incurred by Plaintiff in connection with this motion.

Dated: _____        _____

                                                            Hon. Daniel M. Crowley
                                                            Judge of the Superior Court

 Journal Technologies Court Portal

# Make a Reservation

---

**ASTA JONASSON, AN INDIVIDUAL vs VIN DIESEL, et al.**

Case Number: 23STCV31143    Case Type: Civil Unlimited    Category: Wrongful Termination
Date Filed: 2023-12-21    Location: Stanley Mosk Courthouse - Department 71

---

## Reservation

| | |
|---|---|
| **Case Name:** | **Case Number:** |
| ASTA JONASSON, AN INDIVIDUAL vs VIN DIESEL, et al. | 23STCV31143 |
| **Type:** | **Status:** |
| Motion to Compel (Motion to Compel Party Deposition) | RESERVED |
| **Filing Party:** | **Location:** |
| Asta Jonasson (Plaintiff) | Stanley Mosk Courthouse - Department 71 |
| **Date/Time:** | **Number of Motions:** |
| 08/11/2025 8:30 AM | 1 |
| **Reservation ID:** | **Confirmation Code:** |
| 374377214511 | CR-FWVPEPZZCBUZ2FMFB |

## Fees

| Description | Fee | Qty | Amount |
|---|---|---|---|
| Motion to Compel (name extension) | 0.00 | 1 | 0.00 |
| TOTAL | | | **$0.00** |

## Payment

| | |
|---|---|
| **Amount:** | **Type:** |
| $0.00 | NOFEE |
| **Account Number:** | **Authorization:** |
| n/a | n/a |
| **Payment Date:** | |
| n/a | |

---

🖨 Print Receipt     ➕ Reserve Another Hearing     👤 View My Reservations

---

Copyright © Journal Technologies, USA. All rights reserved.

 Opens Chat

**<u>PROOF OF SERVICE</u>**

**Asta Jonasson v. Vin Diesel (f/k/a Mark Sinclair Vincent), et al.**
**Case No. 23STCV31143**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 601 S. Figueroa Street, 30th Floor, Los Angeles, CA 90017.

On June 26, 2025, I served true copies of the following document(s) described as **PLAINTIFF ASTA JONASSON'S PROPOSED ORDER TO COMPEL THE DEPOSITION OF DEFENDANT VIN DIESEL AND SANCTIONS** on the interested parties in this action as follows:

| | |
|---|---|
| Bryan J. Freedman, Esq.<br>Sean M. Hardy, Esq.<br>Jason H. Sunshine, Esq.<br>**LINER FREEDMAN & TAITELMAN + COOLEY, LLP**<br>1801 Century Park West, Fifth Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 201-0005<br>Facsimile: (310) 201-0045<br>Emails: bfreedman@ftllp.com<br>        smhardy@ftllp.com<br>        jsunshine@ftllp.com<br>        vbirtha@ftllp.com<br>        cpuello@ftllp.com | Attorneys for Defendants One Race Films, Inc., One Race Productions, Inc., Vin Diesel f/k/a Mark Sinclair Vincent, and Samantha Vincent |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address HNunez@GGTrialLaw.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 26, 2025, at Los Angeles, California.

_Hazelle Nunez_
_____
Hazelle Nunez

---

-3-

[PROPOSED] ORDER

1  BRIAN L. WILLIAMS, State Bar No. 227948
     *BWilliams@GGTrialLaw.com*
2  JEMMA E. DUNN, State Bar No. 258454
     *JDunn@GGTrialLaw.com*
3  MATTHEW T. HALE, State Bar No. 303826
     *MHale@GGTrialLaw.com*
4  GREENBERG GROSS LLP
   601 S. Figueroa Street, 30th Floor
5  Los Angeles, California 90017
   Telephone: (213) 334-7000
6  Facsimile: (213) 334-7001

7  Attorneys for Plaintiff Asta Jonasson

8                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                      **FOR THE COUNTY OF LOS ANGELES**

10

11  ASTA JONASSON, an individual,                    Case No. 23STCV31143

12                                                   Assigned for All Purposes to:
                Plaintiff,                           Hon. Daniel M. Crowley, Dept. 71

13        v.                                         **PLAINTIFF ASTA JONASSON'S NOTICE
                                                     OF MOTION TO COMPEL THE**
14  VIN DIESEL (f/k/a Mark Sinclair Vincent), an    **DEPOSITION OF DEFENDANT VIN**
    individual; SAMANTHA VINCENT, an               **DIESEL AND REQUEST FOR**
15  individual; ONE RACE PRODUCTIONS,              **SANCTIONS**
    INC., a California corporation; ONE RACE
16  FILMS, INC., a California corporation; and       Reservation No.: 374377214511
    DOES 1 to 20, inclusive,
17                                                   **Hearing:**
18              Defendants.                          Judge:   Hon. Daniel M. Crowley
                                                     Date:    August 11, 2025
19                                                   Time:    8:30 a.m.
                                                     Dept.:   71

20                                                   Action Filed:      December 21, 2023
                                                     Trial Date:        August 18, 2025
21
                                                     [*Filed Concurrently with Plaintiff's Motion to*
22                                                   *Compel; Declaration of Matthew T. Hale;*
                                                     *[Proposed] Order*]
23

24

25

26

27

28

─────────────────────────────────────────────────
PLAINTIFF'S NOTICE OF MOTION TO COMPEL DEFENDANT CALAMCO'S FURTHER RESPONSES TO
SPECIAL INTERROGATORIES (SET ONE) & REQUEST FOR SANCTIONS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 11, 2025, at 8:30 a.m., in Department 71 of Stanley Mosk Courthouse at 111 N. Hill Street, Los Angeles, California 90012, or as soon thereafter as the matter can be heard, plaintiff Asta Jonasson will and hereby does move the Court for an order compelling Defendant Vin Diesel to appear for his deposition and for Defendant Vin Diesel and his counsel, Liner Freedman Taitelman + Cooley to pay sanctions in the amount of $7,455.07, which is the amount reasonably incurred in connection with these proceedings.

Plaintiff moves to compel Defendant Vin Diesel's deposition after a pattern of evasion and obstruction spanning over a year. Despite multiple notices, good faith efforts to accommodate his schedule, and his counsel's express confirmation of availability for June 24-25, 2025, Defendant served last-minute objections just four days before his scheduled deposition containing recycled, meritless arguments. When Plaintiff's counsel attempted to meet and confer, Defendant's counsel engaged in shocking misconduct, including profanity, threats of malicious prosecution, and physical intimidation, while refusing to provide any legitimate explanation for Defendant's sudden unavailability. Defendant's objections lack merit as they misinterpret applicable statutes, seek to prevent discovery on topics central to Plaintiff's claims, and attempt to delay proceedings until after trial through frivolous procedural maneuvers.

This motion will be based on the Code of Civil Procedure sections 2025.450(a), 2017.010, 2023.030(a), 2023.010(d), and 2023.010(e), the following Memorandum of Points and Authorities, Declaration of Matthew T. Hale, and exhibits filed along with these papers, and other evidence to be presented at the hearing on this motion.


DATED:  June 26, 2025                    GREENBERG GROSS LLP



                                        By:  /s/ Matthew T. Hale
                                             _____
                                             Brian L. Williams
                                             Jemma E. Dunn
                                             Matthew T. Hale
                                             Attorneys for Plaintiff Asta Jonasson

 Journal Technologies Court Portal

# Make a Reservation

ASTA JONASSON, AN INDIVIDUAL vs VIN DIESEL, et al.

Case Number: 23STCV31143    Case Type: Civil Unlimited    Category: Wrongful Termination
Date Filed: 2023-12-21    Location: Stanley Mosk Courthouse - Department 71

## Reservation

| | |
|---|---|
| Case Name:<br>ASTA JONASSON, AN INDIVIDUAL vs VIN DIESEL, et al. | Case Number:<br>23STCV31143 |
| Type:<br>Motion to Compel (Motion to Compel Party Deposition) | Status:<br>RESERVED |
| Filing Party:<br>Asta Jonasson (Plaintiff) | Location:<br>Stanley Mosk Courthouse - Department 71 |
| Date/Time:<br>08/11/2025 8:30 AM | Number of Motions:<br>1 |
| Reservation ID:<br>374377214511 | Confirmation Code:<br>CR-FWVPEPZZCBUZ2FMFB |

## Fees

| Description | Fee | Qty | Amount |
|---|---|---|---|
| Motion to Compel (name extension) | 0.00 | 1 | 0.00 |
| TOTAL | | | $0.00 |

## Payment

| | |
|---|---|
| Amount:<br>$0.00 | Type:<br>NOFEE |
| Account Number:<br>n/a | Authorization:<br>n/a |
| Payment Date:<br>n/a | |

🖨 Print Receipt      ➕ Reserve Another Hearing      👤 View My Reservations

Copyright © Journal Technologies, USA. All rights reserved.

 Opens Chat

1

## **PROOF OF SERVICE**

2

**Asta Jonasson v. Vin Diesel (f/k/a Mark Sinclair Vincent), et al.**
**Case No. 23STCV31143**

3

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

4

5       At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 601 S. Figueroa Street, 30th Floor, Los Angeles, CA 90017.

6

7       On June 26, 2025, I served true copies of the following document(s) described as **PLAINTIFF ASTA JONASSON'S NOTICE OF MOTION TO COMPEL THE DEPOSITION OF DEFENDANT VIN DIESEL AND REQUEST FOR SANCTIONS** on the

8  interested parties in this action as follows:

9  Bryan J. Freedman, Esq.                    Attorneys for Defendants One Race Films, Inc.,
   Sean M. Hardy, Esq.                        One Race Productions, Inc., Vin Diesel f/k/a
10 Jason H. Sunshine, Esq.                    Mark Sinclair Vincent, and Samantha Vincent
   **LINER FREEDMAN & TAITELMAN +**
11 **COOLEY, LLP**
   1801 Century Park West, Fifth Floor
12 Los Angeles, CA 90067
   Telephone: (310) 201-0005
13 Facsimile: (310) 201-0045
   Emails: bfreedman@ftllp.com
14        smhardy@ftllp.com
          jsunshine@ftllp.com
15        vbirtha@ftllp.com
          cpuello@ftllp.com

16

17       **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address HNunez@GGTrialLaw.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any

18 electronic message or other indication that the transmission was unsuccessful.

19       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

20

21       Executed on June 26, 2025, at Los Angeles, California.

22

23                                              _____
                                                Hazelle Nunez

24

25

26

27

28

-3-

# EXHIBIT 13

1   BRIAN L. WILLIAMS, State Bar No. 227948
     BWilliams@GGTrialLaw.com
2   JEMMA E. DUNN, State Bar No. 258454
     JDunn@GGTrialLaw.com
3   MATTHEW T. HALE, State Bar No. 303826
     MHale@GGTrialLaw.com
4   GREENBERG GROSS LLP
    601 S. Figueroa Street, 30th Floor
5   Los Angeles, California 90017
    Telephone: (213) 334-7000
6   Facsimile: (213) 334-7001

7   Attorneys for Plaintiff Asta Jonasson

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **FOR THE COUNTY OF LOS ANGELES**

10

| | |
|---|---|
| ASTA JONASSON, an individual, | Case No. 23STCV31143 |
| | Assigned for All Purposes to: |
| Plaintiff, | Hon. Daniel M. Crowley, Dept. 71 |
| v. | **PLAINTIFF ASTA JONASSON'S MOTION TO COMPEL THE DEPOSITION OF DEFENDANT VIN DIESEL AND REQUEST FOR SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| VIN DIESEL (f/k/a Mark Sinclair Vincent), an individual; SAMANTHA VINCENT, an individual; ONE RACE PRODUCTIONS, INC., a California corporation; ONE RACE FILMS, INC., a California corporation; and DOES 1 to 20, inclusive, | |
| | Reservation No.: 374377214511 |
| Defendants. | **Hearing:** |
| | Judge:  Hon. Daniel M. Crowley |
| | Date:   August 11, 2025 |
| | Time:   8:30 a.m. |
| | Dept.:  71 |
| | Action Filed:   December 21, 2023 |
| | Trial Date:     August 18, 2025 |
| | *[Filed Concurrently with Plaintiff's Notice of Motion to Compel; Declaration of Matthew T. Hale; [Proposed] Order]* |

---

PLAINTIFF ASTA JONASSON'S MOTION TO COMPEL THE DEPOSITION OF DEFENDANT VIN DIESEL

1

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

2

3   MEMORANDUM OF POINTS AND AUTHORITIES ......................................................5

4   I.      INTRODUCTION................................................................................................5

5   II.     STATEMENT OF THE CASE ............................................................................5

6           A.      Defendant Vin Diesel's Testimony is Essential to the Prosecution of
                    Plaintiff's Matter. ..................................................................................5

7
8           B.      Defendant Vin Diesel Has Repeatedly Evaded Deposition Despite Multiple
                    Notices and Good Faith Efforts To Accommodate His Schedule...........................6

9           C.      Defendant Vin Diesel Served Nearly Identical Objections Just Four Days
                    Before His Scheduled Deposition Despite Previously Confirming His
10                  Availability...........................................................................................7

11          D.      Defendant's Counsel Engaged In Obstructionist Tactics, Including Physical
                    Threats And Profanity, While Refusing To Provide Any Legitimate Reason
12                  For Vin Diesel's Last-Minute Unavailability...............................................7

13          E.      Defendant's Filing of a Motion for Protective Order................................9

14  III.    LEGAL STANDARD ..........................................................................................9

15  IV.     ARGUMENT .....................................................................................................10

16          A.      Defendant Vin Diesel's Objections to his Notice of Deposition are Invalid
                    and Unmeritorious. ...............................................................................10
17
                    1.      Defendant Vin Diesel's Asserted Unavailability ......................10
18
                    2.      In-Person Attendance ...............................................................10
19
                    3.      Location of Deposition .............................................................11
20
                    4.      Time Limit................................................................................12
21
                    5.      Questions Implicating Privacy ................................................12
22
                    6.      Safety........................................................................................14
23
                    7.      Vague Procedural Deficiencies ...............................................15
24
                    8.      Pending Dispositive Motion.....................................................15
25
            B.      Plaintiff's Counsel Adequately Met and Conferred Prior to Filing this
26                  Motion. ..................................................................................................16

27          C.      Monetary Sanctions Are Appropriate Due to Defendant's Misuse of the
                    Discovery Process. ................................................................................16
28

1

V.      CONCLUSION ................................................................................................17

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF ASTA JONASSON'S MOTION TO COMPEL THE DEPOSITION OF DEFENDANT VIN DIESEL

1

## **TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4

5

*D.Z. v. Los Angeles Unified School Dist.*
    (2019) 35 Cal.App.5th 210 .................................................................................. 13

6

*Silver v. City of Los Angeles*
    (1966) 245 Cal. App. 2d 673 ............................................................................. 16

7

8

*Terminal Equip. Co. v. City*
    (1990) 221 Cal. App. 3d 234 ............................................................................. 16

9

10

*Williams v. Sup. Ct.*
    (2017) 3 Cal.5th 531 .......................................................................................... 13

11

**Statutes**

12

California Code of Civil Procedure section 2023.010(d) .......................................... 17

13

California Code of Civil Procedure section 2023.010(e) .......................................... 17

14

California Code of Civil Procedure section 2023.030(a) .......................................... 17

15

Civ. Code, § 3295(a)(2) ............................................................................................ 14

16

*Code of Civ. Proc.*, § 340.16(e) .............................................................................. 14

17

*Code Civ. Proc.*, § 2017.010 ................................................................................... 13

18

*Code of Civ. Proc.*, § 2025.310(a) ................................................................... 11, 12

19

Code of Civ. Proc., § 2025.450(a) ........................................................................... 10

20

Code of Civ. Proc., § 2025.450(b)(2) ....................................................................... 17

21

Code of Civil Procedure § 340.16 ....................................................................... 7, 14

22

Code of Civil Procedure section 2025.210 *et seq.* ............................................ 11, 16

23

Code of Civil Procedure section 2025.450(g)(1) ..................................................... 17

24

Labor Code, §§ 98.6, 1102.5 .................................................................................... 13

25

Speak Out Act ............................................................................................................. 7

26

**Other Authorities**

27

28

Assembly Bill 2777 ..................................................................................................... 7

PLAINTIFF ASTA JONASSON'S MOTION TO COMPEL THE DEPOSITION OF DEFENDANT VIN DIESEL

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.**    <u>**INTRODUCTION**</u>

3      This case arises from allegations that Defendant Vin Diesel sexually assaulted Plaintiff Asta

4  Jonasson in September 2010 while she was working as his assistant during the production of the

5  film "Fast Five," and then terminated her employment the following day in retaliation for resisting

6  the assault incident. Plaintiff remained silent for years due to fear of industry ostracization,

7  immigration concerns as a green card holder, and restrictive non-disclosure agreements imposed by

8  Defendants. Empowered by recent legislative changes, Plaintiff filed this lawsuit in December 2023

9  seeking redress for the sexual assault and wrongful termination.

10      Plaintiff now moves to compel Defendant Vin Diesel's deposition after a pattern of evasion

11  and obstruction spanning over a year. Despite multiple notices, good faith efforts to accommodate

12  his schedule, and his counsel's express confirmation of availability for June 24-25, 2025, Defendant

13  served last-minute objections containing recycled, meritless arguments just four days before his

14  scheduled deposition. When Plaintiff's counsel attempted to meet and confer, Defendant's counsel

15  responded with shocking misconduct, including profanity, threats of malicious prosecution, and

16  physical intimidation, while refusing to provide any legitimate explanation for Defendant's sudden

17  unavailability. Defendant's objections lack merit as they misinterpret applicable statutes, seek to

18  prevent discovery on topics central to Plaintiff's claims, and attempt to delay proceedings until after

19  trial through frivolous procedural maneuvers.

20      Plaintiff respectfully requests this Court compel Defendant Vin Diesel to appear for

21  deposition within ten days and impose monetary sanctions of $7,455.07 against Defendant and his

22  counsel for their willful abuse of the discovery process, pattern of evasion, and unmeritorious

23  objections that have unnecessarily delayed essential discovery in this matter.

24

**II.**    <u>**STATEMENT OF THE CASE**</u>

25

**A.**    <u>**Defendant Vin Diesel's Testimony is Essential to the Prosecution of Plaintiff's**</u>

26         <u>**Matter.**</u>

27      In September 2010, Plaintiff Asta Jonasson was hired by Defendants as an assistant working

28  directly for Defendant Vin Diesel during the production of "Fast Five." (Compl., p. 2, ¶ 1.) Shortly

after beginning her employment, on or about September 10, 2010, Plaintiff alleges that Defendant Diesel sexually assaulted her in his hotel suite at the St. Regis Hotel in Atlanta, Georgia. (Compl., p. 10, ¶¶ 29-30.) The following day, on or about September 11, 2010, Plaintiff was terminated from her position when Samantha Vincent, President of One Race and Defendant Diesel's sister, called Plaintiff and stated that One Race no longer needed "any extra help." (Compl., p. 11, ¶ 32.)

For years following the alleged incident, Plaintiff remained silent about the sexual assault. She was afraid to speak out against a high-profile actor due to concerns about being ostracized from the industry jeopardizing her potential future citizenship while she was a green card holder. (Compl., p. 3, ¶ 7.) Additionally, One Race required all employees to sign non-disclosure agreements, further limiting Plaintiff's ability to discuss matters related to her employment and Defendant Diesel. (Compl., p. 3, ¶ 7.)

Recently empowered by the #MeToo and Time's Up movements, and with the protection of the Speak Out Act and the revival of her claims under California Assembly Bill 2777 (AB 2777), Plaintiff is now seeking legal relief for the alleged sexual assault and subsequent termination of her employment. (Compl., p. 4, ¶ 7.)

This lawsuit was filed on December 21, 2023, pursuant to Code of Civil Procedure § 340.16, as amended by Assembly Bill 2777.

**B.    Defendant Vin Diesel Has Repeatedly Evaded Deposition Despite Multiple Notices and Good Faith Efforts To Accommodate His Schedule.**

Plaintiff Asta Jonasson first noticed Defendant Vin Diesel's deposition for May 7, 2024. (See Declaration of Matthew T. Hale ("Hale Decl."), ¶ 2, Exh. 1.) On May 1, 2024, Defendant served his objection to the notice of deposition, indicating in part that neither he nor his counsel were available on that date. (Hale Decl., ¶ 3, Exh. 2.)

On April 7, 2025, Plaintiff re-noticed Mr. Diesel's deposition for April 29, 2025. (Hale Decl., ¶ 4, Exh. 3.) and requested that Defendant's counsel provide alternative deposition dates if Mr. Diesel or his attorneys were not available on that date. (Hale Decl., ¶¶ 4-5, Exhs. 3-4.)  More than two weeks later, on April 24, 2025, Defendant's counsel belatedly responded by serving objections to the deposition notice via overnight mail without providing any alternative deposition dates. (Hale

1   Decl., ¶ 6, Exh. 5.)

2       Thereafter, Plaintiff sent a letter to Mr. Diesel's counsel to meet and confer regarding the

3   objections to Mr. Diesel's deposition notice. (Hale Decl., ¶ 7, Exh. 6.)   This letter addressed Mr.

4   Diesel's objections in detail, each of which was unmeritorious. Following discussion on this letter,

5   counsel for Defendant Vin Diesel confirmed that Mr. Diesel would appear for his deposition in

6   person on June 24 and June 25, 2025. (Hale Decl., ¶ 8, Exh. 7.)  On May 13, 2025, Plaintiff's counsel

7   emailed counsel for Defendant to confirm that the deposition would be held at Plaintiff's office in

8   downtown Los Angeles and to request that they inform Plaintiff's counsel immediately if this

9   location was an issue. (Hale Decl., ¶ 9, Exh. 8.)  That same date, May 13, 2025, Plaintiff served the

10  notice of deposition of Defendant Vin Diesel to be conducted at the Los Angeles office of Plaintiff's

11  counsel on June 24 and June 25, 2025.  (Hale Decl., ¶ 10, Exh. 9.)

12      **C.**    **Defendant Vin Diesel Served Nearly Identical Objections Just Four Days Before**

13           **His Scheduled Deposition Despite Previously Confirming His Availability.**

14      On June 20, 2025—four days before the deposition date that Defendant's counsel had agreed

15  upon more than one month earlier—counsel for Defendant Vin Diesel served objections to

16  Plaintiff's deposition notice via personal service. (Hale Decl., ¶ 11, Exh. 10.)   This objection

17  document closely resembled the prior objection document from April 2025, including five of the

18  same eight objections. (See Hale Decl. ¶ 6, Exh. 5.) The only three new objections related to Vin

19  Diesel's purported unavailability on the date his counsel had selected , the scope of the deposition,

20  and Defendant's claim that the deposition location at the Los Angeles office of Plaintiff's counsel

21  could not "protect Defendant's personal safety and privacy" (*Ibid*.) Plaintiff's counsel had

22  previously conducted in-person depositions in this matter at Plaintiff counsel's Los Angeles office

23  on May 28, 2025 and June 19, 2025. (Hale Decl., ¶ 12.)

24      That same day, June 20, 2025, Plaintiff's counsel responded via email, meeting and

25  conferring regarding each objection and requesting alternative dates before the fact discovery cutoff

26  (July 18, 2025), given Vin Diesel's asserted unavailability. (Hale Decl., ¶ 13, Exh. 11.)

27      **D.**    **Defendant's Counsel Engaged In Obstructionist Tactics, Including Physical**

28           **Threats And Profanity, While Refusing To Provide Any Legitimate Reason For**

1          **Vin Diesel's Last-Minute Unavailability.**

2          Plaintiff's counsel was scheduled to take the in-person deposition of third party witness

3    Valentino Morales on June 23, 2025. (Hale Decl., ¶ 14.) The morning of this deposition, counsel for

4    Defendant Vin Diesel asserted that they disagreed with Plaintiff counsel's position regarding Vin

5    Diesel's objections to his duly noticed deposition and would meet and confer in person, later that

6    day, on June 23, 2025. (Hale Decl., ¶ 15, Exh. 12.)

7          Counsel for Defendants, Sean Hardy and Bryan Freedman, appeared with the third party

8    deponent on June 23, 2025. (Hale Decl., ¶ 16.) Prior to the deposition, Plaintiff's counsel Matthew

9    Hale requested to meet and confer about the objections to the deposition of Vin Diesel in a separate

10   room. (*Ibid*.) Mr. Hale and Mr. Hardy began to discuss the assertion that Mr. Diesel was suddenly

11   unavailable for his deposition. (*Ibid*.) Mr. Hale requested to know why Mr. Diesel was suddenly

12   unavailable, and Mr. Hardy refused to provide a reason. (*Ibid*.)

13         During this back and forth, Mr. Freedman entered the room. (Hale Decl., ¶ 17.) Mr. Hale

14   again requested to know why Mr. Diesel was unavailable to determine if this was a true emergency

15   or a simple failure to appear for his deposition, for which availability had been cleared over a month

16   prior, as it would be important for the purposes of any motion to compel that may need to be filed.

17   (*Ibid*.) Counsel for Defendant continued to refuse to provide any explanation. (*Ibid*.) Mr. Freedman

18   interjected and told Mr. Hale to just file his motion and called Mr. Hale, a "moron" and cursed while

19   doing so. (*Ibid*.) Mr. Hale began to write down the language on note paper, specifically stating that

20   he would be including these insults in his declaration to any Motion and requesting to have a

21   professional and substantive meet and confer. (*Ibid*.) Mr. Freedman then threatened Mr. Hale with

22   malicious prosecution and called him a "piece of shit." (*Ibid*.) At no time did Mr. Hale exchange

23   any insult with Mr. Freedman, raise his voice, or provoke any physical contact. (*Ibid*.) Shortly

24   thereafter, Mr. Freedman got up from his chair, rushed to stand directly in front of Mr. Hale mere

25   inches away from him, causing Mr. Freedman's face to be directly in front of that of Mr. Hale.

26   (*Ibid*.) Mr. Freedman then called Mr. Hale a "pussy" and swung his fist at Mr. Hale's face, stopping

27   directly in front of his face without making contact. (*Ibid*.) Shocked, Mr. Hale nonetheless remained

28   composed and attempted to address Mr. Hardy behind Mr. Freedman, in hopes that counsel could

PLAINTIFF ASTA JONASSON'S MOTION TO COMPEL THE DEPOSITION OF DEFENDANT VIN DIESEL

get the meet and confer discussion back on track. (*Ibid*.) Shortly thereafter, Mr. Freedman left the room, and Mr. Hale and Mr. Hardy conducted the meet and confer session, both then and after the deposition concluded later that day. (*Ibid*.)

Given Mr. Diesel's asserted objection regarding the lack of security and privacy at Plaintiff's counsel's office, Mr. Hale requested to know what was deficient about their security and/or privacy. (Hale Decl., ¶ 18.) Mr. Hardy indicated that Mr. Diesel had a medical condition and that he needed to be able to quickly leave the deposition for his security, including in relation to death threats, without having to go down thirty floors and obtain his vehicle from an underground parking lot. (*Ibid*.) Mr. Hardy also asserted that Mr. Diesel would need his personal security with him. (*Ibid*.)

Mr. Hale then offered to conduct the next day's deposition at defense counsel's office. (Hale Decl., ¶ 19.) Mr. Hardy again asserted that Mr. Diesel was not in the city. (*Ibid*.) Mr. Hale asked when Mr. Diesel left the city and where he was, but Mr. Hardy would not provide that information. (*Ibid*.) Mr. Hardy then ***for the first time*** laid out several conditions for a rescheduled deposition of Vin Diesel: (1) that the deposition be conducted for no more than seven hours; (2) that a protective order be in place to protect Defendant's financial, medical, and sexual privacy; (3) that the deposition take place at defense counsel's office or remotely; and (4) that the deposition only occur following the hearing on Defendant's just-filed Motion for Summary Judgment/Adjudication, set for October 7, 2025, nearly two months after the current trial date of August 18, 2025. (*Ibid*.)

At no time did Mr. Hale agree to forego filing a Motion to Compel while the parties further met and conferred, at an Informal Discovery Conference, or in any other venue. (Hale Decl., ¶ 20.)

**E.    Defendant's Filing of a Motion for Protective Order**

On the same date, June 23, 2025, Defendant Vin Diesel filed a Motion for Protective Order on the same subset of four (4) grounds listed immediately above. As will be argued below, these grounds are unmeritorious.

**III.    LEGAL STANDARD**

Code of Civ. Proc., § 2025.450(a) provides as follows:

If, after service of a deposition notice, a party to the action or an officer, director, managing agent, or employee of a party, or a person designated by an

1   organization that is a party under Section 2025.230, without having served a valid

2   objection under Section 2025.410, fails to appear for examination, or to proceed

3   with it, or to produce for inspection any document or tangible thing described in

4   the deposition notice, the party giving the notice may move for an order

5   compelling the deponent's attendance and testimony, and the production for

6   inspection of any document or tangible thing described in the deposition notice.

7   **IV.     ARGUMENT**

8      **A.     Defendant Vin Diesel's Objections to his Notice of Deposition are Invalid and**

9          **Unmeritorious.**

10         **1.     Defendant Vin Diesel's Asserted Unavailability**

11         In his objection to Plaintiff's Notice of Deposition, Mr. Diesel, for the first time since his

12  counsel provided his availability for an in-person deposition on May 9, 2025, asserted that he was

13  not available for his deposition. (Hale Decl., ¶ 11, Exh. 10, p. 1) Neither in writing nor verbally

14  through his counsel did Defendant communicate any true emergency to explain his availability. In

15  fact, Mr. Diesel's counsel indicated that he was not even "in the city." Mr. Diesel's counsel declined

16  to provide any further detail. When Plaintiff's counsel offered to conduct the deposition at defense

17  counsel's office, as requested by Mr. Diesel, defense counsel again asserted Mr. Diesel was not "in

18  the city."

19         Furthermore, "unavailability" is not an adequate objection to a duly-served deposition

20  notice. A deposition subpoena is valid if it complies with the timing and service requirements of

21  Code of Civil Procedure section 2025.210 *et seq*.

22         **2.     In-Person Attendance**

23         In his objection to Plaintiff's Notice of Deposition, Mr. Diesel asserts that he cannot be

24  required to attend his deposition in-person, pursuant to *Code of Civ. Proc.*, § 2025.310(a). (Hale

25  Decl., ¶ 11, Exh. 10, p. 1.) However, as pointed out to counsel in previous meet and confer

26  discussions regarding an identical objection to a prior notice of deposition of Mr. Diesel, this is a

27  misreading of that code section.

28         CCP § 2025.310(a) states as follows: "At the election of the deponent or the deposing party,

-10-
PLAINTIFF ASTA JONASSON'S MOTION TO COMPEL THE DEPOSITION OF DEFENDANT VIN DIESEL

1   the deposition officer may attend the deposition at a different location than the deponent via remote

2   means. A deponent is not required to be physically present with the deposition officer when being

3   sworn in at the time of the deposition." Thus, the code section permits the deposition officer, i.e.,

4   the court reporter, to attend the deposition via remote means. No reference is made to the deponent's

5   ability to elect a remote appearance.

6       CCP § 2025.310(b), which Mr. Diesel did not cite in his objection, states as follows: "Subject

7   to Section 2025.420, any party or attorney of record may, but is not required to, be physically present

8   at the deposition at the location of the deponent. If a party or attorney of record elects to be physically

9   present at the location of the deponent, all physically present participants in the deposition shall

10  comply with local health and safety ordinances, rules, and orders." This code section similarly does

11  not permit Mr. Diesel to elect a remote appearance; it merely allows Mr. Diesel, or his attorney of

12  record, to be physically present at the location of another deponent. Of course, this supports

13  Plaintiff's position, as Plaintiff and her attorney of record may be physically present at the deposition

14  of the deponent in this scenario: Vin Diesel.

### 3.    Location of Deposition

16      In his objection to Plaintiff's Notice of Deposition, Mr. Diesel asserts that he should not

17  have to attend a deposition "to the extent the deposition is noticed for a location more than 150 miles

18  from Defendant's residence." (Hale Decl., ¶ 11, Exh. 10, p. 1.)  Mr. Diesel failed to even

19  straightforwardly assert that he in fact lives more than 150 miles from Plaintiff's counsel's office in

20  downtown Los Angeles, where the deposition is to take place. Mr. Diesel's objection is so vague

21  and uncertain as to operate as a waiver of any such objection.

22      Furthermore, Samantha Vincent – Mr. Diesel's sister – and Valentino Morales – Mr. Diesel's

23  security and close friend – already confirmed at their depositions that Mr. Diesel currently lives in

24  Los Angeles, California. (Hale Decl., ¶ 21.) Defendant's suggestion to hold the deposition at defense

25  counsel's office in Century City also confirms the convenience of Los Angeles as a location for Mr.

26  Diesel's deposition.

27      Finally, Plaintiff's counsel repeatedly requested confirmation on this topic from defense

28  counsel but was not provided with any. As recently as May 13, 2025, Plaintiff's counsel requested

PLAINTIFF ASTA JONASSON'S MOTION TO COMPEL THE DEPOSITION OF DEFENDANT VIN DIESEL

to confirm that the in-person location of Vin Diesel's June 24 and 25 deposition was to be Los Angeles, specifically Plaintiff's counsel's Los Angeles office. (Hale Decl., ¶ 9, Exh 8.) Of course, this is Plaintiff's choice to begin with, but Plaintiff extended this question as a courtesy, which received no response from defense counsel.

### 4. Time Limit

Defendant Diesel also objected that his deposition should be limited to seven-hours under CCP § 2025.290. (Hale Decl., ¶ 11, Exh. 10, p. 1.) Pursuant to CCP § 2025.290(b)(4), depositions in employment matters are excepted from the default seven-hour limit. While Plaintiff's FEHA claims have indeed been dismissed, multiple employment claims still remain, including Retaliation in Violation of Labor Code, §§ 98.6, 1102.5 and Wrongful Termination in Violation of Public Policy.

Further, the notice of deposition does not assume any particular total time to be on the record. A full day of deposition rarely equates to seven hours on the record.

### 5. Questions Implicating Privacy

"[A]ny party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence." (*Code Civ. Proc.*, § 2017.010.) "'Relevant' evidence is evidence 'having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action.'" (*D.Z. v. Los Angeles Unified School Dist.* (2019) 35 Cal.App.5th 210, 229.) "The party asserting a privacy right must establish a legally protected privacy interest, an objectively reasonable expectation of privacy in the given circumstances, and a threatened intrusion that is serious." (*Williams v. Sup. Ct.* (2017) 3 Cal.5th 531, 552.) If the court finds a privacy interest, the court must balance the privacy concerns against the need for the information. (*Id.* at p. 552.)

Defendant Vin Diesel asserts that he should not have to attend his deposition because questions *may* be asked that implicate his privacy, including his sexual history and financial condition. (Hale Decl., ¶ 11, Exh. 10, p. 1.)

1   First, as to Defendant's financial condition, Plaintiff is already not permitted to seek pretrial

2   discovery on this subject. (Civ. Code, § 3295(a)(2).) As such, a protective order is altogether

3   unnecessary. On the contrary, Plaintiff must request an order permitting such discovery to obtain it

4   pretrial. Plaintiff has not and does not plan on doing so. Defendant cannot be permitted to delay his

5   deposition by simply listing subjects to which Plaintiff never had the intention or ability to inquire

6   about.

7   Second, as to Mr. Diesel's "sexual history," it is unclear as to what Defendant is referring,

8   given the ambiguity of the phrase. As asserted in Mr. Diesel's summary judgment motion, set to be

9   heard after trial, Plaintiff relies on *Code of Civ. Proc.*, § 340.16 to revive her claims based on

10  wrongful conduct in 2010. With regard to claims revived by *Code of Civ. Proc.*, § 340.16(e),

11  Plaintiff must allege the following:

12      (A) The plaintiff was sexually assaulted.

13      (B) One or more entities are legally responsible for damages arising out of the

14      sexual assault.

15      (C) The entity or entities, including, but not limited to, their officers, directors,

16      representatives, employees, or agents, engaged in a cover up or attempted a cover

17      up of a previous instance or allegations of sexual assault by an alleged perpetrator

18      of such abuse.

19  As such, questions regarding previous instances of sexual assault by Mr. Diesel are

20  reasonably calculated to lead to the discovery of admissible evidence. Now, Mr. Diesel seeks to

21  prevent Plaintiff from even *seeking* essential discovery, while at the same time attempting to dismiss

22  her claims for lack of that same sought-for evidence. That said, Plaintiff is not interested in Mr.

23  Diesel's "sexual history" wholesale. An order preventing all investigation into anything sexual with

24  regard to Vin Diesel would necessarily prevent Plaintiff from asking questions directed toward Mr.

25  Diesel about accusations of sexual assault or abuse previously committed by him. A stipulated

26  protective order ("SPO") in this matter has been in place since July 25, 2024. Any particular

27  questions that Defendant or his counsel believe run afield are better addressed on a question-by-

28  question basis, at which time counsel may simply instruct their client not to answer. All testimony

-13-

PLAINTIFF ASTA JONASSON'S MOTION TO COMPEL THE DEPOSITION OF DEFENDANT VIN DIESEL

will have the protection of the parties' protective order, so long as Defendant labels it as confidential, subject to the procedure in the parties' SPO to de-designate as confidential any testimony. In this scenario, a specialized protective order is a blunt tool that would prevent Plaintiff from seeking essential discovery.

In his recently filed Motion for Protective Order, Mr. Diesel adds multiple other types of privacy to the list, including medical and psychotherapeutic. Plaintiff has no interest in discovery on these topics, and Defendant has provided no examples of what it may be concerned about Plaintiff inquiring into. Again, Defendant cannot be permitted to delay his deposition by simply listing subjects to which Plaintiff never had the intention to inquire about and asking the Court to hear that Motion months after the parties' August 2025 trial date. Rather, the appropriate remedy is to appear for a properly noticed deposition (which was previously agreed to by defense counsel), and object on the record. This permits the Court to make specific findings as to specific questions rather than asking the Court to make premature blanket rulings on questions that have not yet been posed.

Finally, Defendant also adds "employment history" to the list of private topics that may not be inquired about. Defendant fails to define precisely what is meant by the ambiguous phrase. Plaintiff was employed by Defendant and his entities, so to the extent "employment history" refers to Vin Diesel's employment with Defendants One Race Films, Inc. or One Race Productions, Inc., such topics are squarely discoverable. Other than this, Plaintiff has little interest in probing into Mr. Diesel's career path, which is already publicly known.

### 6. Safety

In his objection to Plaintiff's Notice of Deposition, Mr. Diesel asserts that Plaintiff's office is "inadequate to protect Defendant's personal safety and privacy." (Hale Decl., ¶ 11, Exh. 10, p. 2.) As is known by Defendants' counsel, Plaintiff's counsel's office is located in the PwC building on 7th and Figueroa, which is home to Seyfarth Shaw and PricewaterhouseCoopers LLP. (Hale Decl. ¶ 22.) Like many buildings downtown, it has multiple 24/7 dedicated security personnel. (*Ibid.*) Entrance is restricted per floor, and visitors may only access a particular floor if they have been added to a security list and been ushered to an appropriate elevator by security. (*Ibid.*) During a meet and confer session with Defense counsel, Sean Hardy explained that the concern was more about

1  the quickness with which Mr. Diesel could descend from the 30th floor and retrieve his vehicle from

2  the building's underground parking. (Hale Decl. ¶ 18.) This is not a reasonable or rational basis for

3  failing to attend a deposition. Further, no explanation was provided with relation to the building's

4  inability to protect Defendant's privacy, so this is still a mystery.

5      During the in-person meet and confer, Plaintiff's counsel offered as a compromise to conduct

6  the deposition at the office of defense counsel. (Hale Decl. ¶ 19.) Defense counsel stated that

7  nonetheless, Mr. Diesel was "not in the city" and so would not be attending. (*Ibid*.)

8      For purposes of security, Plaintiff also suggests the deposition be held at the courthouse

9  where there is ample security to alleviate Mr. Diesel's concerns.

10      **7.    Vague Procedural Deficiencies**

11      Mr. Diesel also objected "to the extent [the deposition notice] fails to comply with the

12  requirements on Code of Civil Procedure section 2025.210, *et seq*." (Hale Decl., ¶ 11, Exh. 10, p.

13  2.) This objection lacks any specificity as to what requirements the notice fails to comply with, and

14  no additional detail has been provided by counsel. This objection should be disregarded due to its

15  vagueness and ambiguity.

16      **8.    Pending Dispositive Motion**

17      Defendant's final objection asserts good cause exists to stay the deposition pending

18  Defendant's Motion for Summary Judgment/Adjudication ("MSJ"), which is scheduled to be heard

19  on October 7, 2025, nearly two months past the parties' August 18, 2025 trial date.  (Hale Decl., ¶

20  11, Exh. 10, p. 2.) The cases cited, *Silver v. City of Los Angeles* (1966) 245 Cal. App. 2d 673 and

21  *Terminal Equip. Co. v. City* (1990) 221 Cal. App. 3d 234 do not stand for this proposition. *Terminal*

22  and *Silver* are both cases where a plaintiff had yet to get past the pleadings stage, and each court

23  stated that the plaintiff had to state at least one cause of action before discovery or depositions would

24  be permitted. Of course, this matter is past the pleadings stage, is deep into fact discovery, and

25  testimony sought at the deposition of Vin Diesel is squarely relevant to Plaintiff's preparation for

26  Trial. Further, the MSJ should never be heard because it was filed late, and so should not be used as

27  a sword to delay discovery and trial itself.

28

PLAINTIFF ASTA JONASSON'S MOTION TO COMPEL THE DEPOSITION OF DEFENDANT VIN DIESEL

### B.    <u>Plaintiff's Counsel Adequately Met and Conferred Prior to Filing this Motion.</u>

Pursuant to Code of Civ. Proc., § 2025.450(b)(2), a motion to compel a deposition should be accompanied by a meet and confer declaration under section 2016.040 or, when the deponent fails to attend the deposition and produce the documents, electronically stored information, or things described in the deposition notice, by a declaration stating that the petitioner has contacted the deponent to inquire about the nonappearance. Plaintiff here does both. Plaintiff's counsel Matthew Hale attempted a reasonable and good faith resolution of each issued presented by this motion by meeting and conferring with opposing counsel on multiple occasions and contacted the deponent's counsel to inquire about the intended nonappearance. (Hale Decl. ¶ 13-20, Exh. 11-12.)

### C.    <u>Monetary Sanctions Are Appropriate Due to Defendant's Misuse of the Discovery Process.</u>

California Code of Civil Procedure section 2023.030(a) provides that "[t]he court may impose a monetary sanction ordering that one engaging in the misuse of the discovery process." California Code of Civil Procedure section 2023.010(d) provides that "[f]ailing to respond or to submit to an authorized method of discovery" constitutes misuse of the discovery process. California Code of Civil Procedure section 2023.010(e) provides that "making, without substantial justification, an unmeritorious objection to discovery" also constitutes misuse of the discovery process.

Here, sanctions against Mr. Diesel and his counsel, Liner Freedman Taitelman + Cooley, are warranted pursuant to the aforementioned code sections because Defendant has failed to appear for his properly noticed deposition.  Further, Defendant's unmeritorious objections and counsel's improper conduct constitute a misuse of the discovery process and failure to respond or to submit to an authorized method of discovery.

Code of Civil Procedure section 2025.450(g)(1) provides:

> If a motion under subdivision (a) is granted, *the court shall impose a monetary*
> *sanction* under Chapter 7 (commencing with Section 2023.010) in favor of the
> party who noticed the deposition and against the deponent or the party with whom
> the deponent is affiliated, unless the court finds that the one subject to the sanction

1   acted with substantial justification or that other circumstances make the

2   imposition of the sanction unjust. (Emphasis added.)

3   Defendants' conduct is a willful abuse of the discovery process for which Defendant and his

4   counsel should be sanctioned. Defendant has failed to appear at his duly noticed deposition, at a

5   date and location agreed to by the parties. Under the statutes enumerated above, plaintiff requests

6   sanctions in the amount of $7,455.07 for costs and attorneys' fees. (Hale Decl. ¶ 29.)[1]

7   **V.    <u>CONCLUSION</u>**

8   Accordingly, Plaintiff Asta Jonasson requests that this Court issue an order directing

9   Defendant to appear for deposition within the next ten (10) days, directing Defendant and his

10  counsel, Liner Freedman Taitelman + Cooley, to pay sanctions to plaintiff in the amount of

11  $7,455.07 for this willful discovery violation.

12

13  DATED: June 26, 2025                    GREENBERG GROSS LLP

14

15                                          By:  */s/ Matthew T. Hale*

16                                               Brian L. Williams
                                                 Jemma E. Dunn

17                                               Matthew T. Hale
                                                 Attorneys for Plaintiff Asta Jonasson

18

19

20

21

22

23

24

25

26  _____

27  [1] To the extent it solves any of Defendant's concerns, it may be prudent to appoint a discovery referee at Mr. Freedman's expense to ensure (1) professional conduct at further in person depositions

28  and meet and confers and (2) to make decisions regarding the appropriateness of the subject matter of the questions during the deposition in real time.

PLAINTIFF ASTA JONASSON'S MOTION TO COMPEL THE DEPOSITION OF DEFENDANT VIN DIESEL

**PROOF OF SERVICE**

**Asta Jonasson v. Vin Diesel (f/k/a Mark Sinclair Vincent), et al.**
**Case No. 23STCV31143**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 601 S. Figueroa Street, 30th Floor, Los Angeles, CA 90017.

On June 26, 2025, I served true copies of the following document(s) described as **PLAINTIFF ASTA JONASSON'S MOTION TO COMPEL THE DEPOSITION OF DEFENDANT VIN DIESEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action as follows:

| | |
|---|---|
| Bryan J. Freedman, Esq.<br>Sean M. Hardy, Esq.<br>Jason H. Sunshine, Esq.<br>**LINER FREEDMAN & TAITELMAN +**<br>**COOLEY, LLP**<br>1801 Century Park West, Fifth Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 201-0005<br>Facsimile: (310) 201-0045<br>Emails: bfreedman@ftllp.com<br>     smhardy@ftllp.com<br>     jsunshine@ftllp.com<br>     vbirtha@ftllp.com<br>     cpuello@ftllp.com | Attorneys for Defendants One Race Films, Inc., One Race Productions, Inc., Vin Diesel f/k/a Mark Sinclair Vincent, and Samantha Vincent |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address HNunez@GGTrialLaw.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 26, 2025, at Los Angeles, California.

_____
Hazelle Nunez

PLAINTIFF ASTA JONASSON'S MOTION TO COMPEL THE DEPOSITION OF DEFENDANT VIN DIESEL

1   BRIAN L. WILLIAMS, State Bar No. 227948
     *BWilliams@GGTrialLaw.com*
2   JEMMA E. DUNN, State Bar No. 258454
     *JDunn@GGTrialLaw.com*
3   MATTHEW T. HALE, State Bar No. 303826
     *MHale@GGTrialLaw.com*
4   GREENBERG GROSS LLP
    601 S. Figueroa Street, 30th Floor
5   Los Angeles, California 90017
    Telephone: (213) 334-7000
6   Facsimile: (213) 334-7001

7   Attorneys for Plaintiff Asta Jonasson

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                   **FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| 10  ASTA JONASSON, an individual, | Case No. 23STCV31143 |
| 11               Plaintiff, | Assigned for All Purposes to: Hon. Daniel M. Crowley, Dept. 71 |
| 12            v. | **DECLARATION OF MATTHEW T. HALE IN SUPPORT OF PLAINTIFF'S** |
| 13  VIN DIESEL (f/k/a Mark Sinclair Vincent), an | **MOTION TO COMPEL DEFENDANT** |
| 14  individual; SAMANTHA VINCENT, an individual; ONE RACE PRODUCTIONS, | **VIN DIESEL'S DEPOSITION & REQUEST FOR SANCTIONS** |
| 15  INC., a California corporation; ONE RACE FILMS, INC., a California corporation; and | Reservation No.: 374377214511 |
| 16  DOES 1 to 20, inclusive, | **Hearing:** |
| 17               Defendants. | Judge:   Hon. Daniel M. Crowley Date:    August 11, 2025 |
| 18 | Time:    8:30 a.m. Dept.:    71 |
| 19 | |
| 20 | Action Filed:      December 21, 2023 Trial Date:       August 18, 2025 |
| 21 | [*Filed Concurrently with Plaintiff's Notice of Motion; Motion to Compel; [Proposed] Order*] |
| 22 | |

23

24

25

26

27

28

---

DECLARATION OF MATTHEW T. HALE ISO MOTION TO COMPEL DEPOSITION OF VIN DIESEL AND
REQUEST FOR SANCTIONS

1

## DECLARATION OF MATTHEW T. HALE

2      I, Matthew T. Hale, declare as follows:

3      1.     I am an attorney at law, duly authorized to practice law in the State of California. I

4 am an attorney with the law firm of Greenberg Gross LLP, counsel of record for plaintiff Asta

5 Jonasson ("Plaintiff" or "Jonasson") in this case. The facts stated herein are within my personal

6 knowledge and if called upon to testify, I can truthfully and competently do so as to all matters

7 herein

8      2.     Plaintiff Asta Jonasson first noticed Defendant Vin Diesel's deposition for May 7,

9 2024. A true and correct copy of that deposition notice is attached hereto as **Exhibit 1**.

10      3.     On May 1, 2024, Defendant Vin Diesel served his objection to the notice of

11 deposition, indicating in part that neither he nor his counsel were available on that date. A true and

12 correct copy of that objection document is attached hereto as **Exhibit 2.**

13      4.     On April 7, 2025, Plaintiff again noticed Mr. Diesel's deposition, this time for April

14 29, 2025. A true and correct copy of that deposition notice is attached hereto as **Exhibit 3.**

15      5.     Plaintiff accompanied the notice of deposition with a letter requesting alternative

16 dates if April 29, 2025 did not work for Mr. Diesel or his attorneys. A true and correct copy of that

17 letter is attached hereto as **Exhibit 4.**

18      6.     No response was received to that letter until Mr. Diesel's objections to the deposition

19 notice were served via overnight mail on April 24, 2025. A true and correct copy of that objection

20 document is attached hereto as **Exhibit 5.**

21      7.     Thereafter, Plaintiff sent a letter to Mr. Diesel's counsel to meet and confer regarding

22 the objections to Mr. Diesel's deposition notice.  A true and correct copy of that letter is attached

23 hereto as **Exhibit 6.**

24      8.     Following discussion on this letter, counsel for Defendant Vin Diesel confirmed that

25 he would appear for his deposition in person on June 24 and June 25. A true and correct copy of the

26 confirming email from Jason Sunshine is attached hereto as **Exhibit 7.**

27      9.     On May 13, 2025, Plaintiff's counsel emailed counsel for Defendant confirming that

28 the deposition would be held at Plaintiff's office downtown Los Angeles and to inform Plaintiff's

1  counsel immediately if this was an issue.  A true and correct copy of the confirming email from

2  Matthew Hale is attached hereto as **Exhibit 8.**

3          10.      That same date, May 13, 2025, Plaintiff served the notice of deposition of Defendant

4  Vin Diesel to be conducted at Plaintiff counsel's Los Angeles office for June 24 and June 25., 2025

5  A true and correct copy of that deposition notice is attached hereto as **Exhibit 9**.

6          11.      On June 20, 2025, counsel for Defendant Vin Diesel served via personal service its

7  objections to Plaintiff's deposition notice, served on May 13, 2025. A true and correct copy of that

8  objection document is attached hereto as **Exhibit 10**.

9          12.      Plaintiff's counsel had previously conducted in-person depositions in this matter at

10  Plaintiff counsel's Los Angeles office on May 28, 2025 and June 19, 2025.

11          13.      That same day, June 20, 2025, Plaintiff's counsel responded via email, meeting and

12  conferring regarding each objection and requesting alternative dates before the fact discovery cutoff

13  (July 18, 2025), given Vin Diesel's asserted unavailability. A true and correct copy of that email is

14  attached hereto as **Exhibit 11**.

15          14.      Plaintiff's counsel was scheduled to take the in-person deposition of third party

16  witness Valentino Morales on June 23, 2025.

17          15.      The morning of this deposition, counsel for Defendant Vin Diesel asserted that they

18  disagreed with Plaintiff counsel's position regarding Vin Diesel's objections to his duly noticed

19  deposition and would meet and confer in person later that day, on June 23, 2025. A true and correct

20  copy of that email from Sean Hardy is attached hereto as **Exhibit 12**.

21          16.      Counsel for Defendants, Sean Hardy and Bryan Freedman, appeared with the third

22  party deponent on June 23, 2025. Prior to the deposition, Plaintiff's counsel Matthew Hale requested

23  to meet and confer about the objections to the deposition of Vin Diesel in a separate room. Mr. Hale

24  and Mr. Hardy began to discuss the assertion that Mr. Diesel was suddenly unavailable for his

25  deposition. Mr. Hale requested to know why Mr. Diesel was suddenly unavailable, and Mr. Hardy

26  refused to provide a reason.

27          17.      During this back and forth, Mr. Freedman entered the room. Mr. Hale again requested

28  to know why Mr. Diesel was unavailable to determine if this was a true emergency or a simple

-3-

1   failure to appear for his deposition, for which availability had been cleared over a month prior, as it

2   would be important for the purposes of any Motion to compel that may need to be filed. Counsel for

3   Defendant continued to refuse to provide any explanation. Mr. Freedman interjected and told Mr.

4   Hale to just file his motion and called Mr. Hale, a "moron" and cursed while doing so.  Mr. Hale

5   began to write down the language on note paper, specifically stating that he would be including

6   these insults in his declaration to any motion and requesting to have a professional and substantive

7   meet and confer.  Mr. Freedman then threatened Mr. Hale with malicious prosecution and called

8   him a "piece of shit."  At no time did Mr. Hale exchange any insult with Mr. Freedman, raise his

9   voice, or provoke any physical contact.  Shortly thereafter, Mr. Freedman got up from his chair,

10   rushed to stand directly in front of Mr. Hale, mere inches away from him, causing Mr. Freedman's

11   face to be directly in front of that of Mr. Hale.  Mr. Freedman then called Mr. Hale a "pussy" and

12   swung his fist at Mr. Hale's face, stopping directly in front of his face, without making contact.

13   Shocked, Mr. Hale nonetheless remained composed and attempted to address Mr. Hardy behind Mr.

14   Freedman, in hopes that counsel could get the meet and confer discussion back on track.  At some

15   point shortly thereafter, Mr. Freedman left the room, and Mr. Hale and Mr. Hardy conducted the

16   meet and confer session, both then and after the deposition concluded later that day.

17         18.     Given Mr. Diesel's asserted objection regarding the lack of security and privacy at

18   Plaintiff's counsel's office, Mr. Hale requested to know what was deficient about their security

19   and/or privacy. Mr. Hardy indicated that Mr. Diesel had a medical condition and that he needed to

20   be able to quickly leave the deposition for his security, including in relation to death threats, without

21   having to go down thirty floors and obtain his vehicle from an underground parking lot.  Mr. Hardy

22   also asserted that Mr. Diesel would need his personal security with him.

23         19.     Mr. Hale then offered to conduct the next day's deposition at defense counsel's

24   office. Mr. Hardy again asserted that Mr. Diesel was not in the city. Mr. Hale asked when Mr. Diesel

25   left the city and where he was, but Mr. Hardy would not provide that information. Mr. Hardy laid

26   out several conditions for a rescheduled deposition of Vin Diesel: (1) that the deposition be

27   conducted for no more than seven hours; (2) that a protective order be in place to protect Defendant's

28   financial, medical, and sexual privacy; (3) that the deposition take place at defense counsel's office

-4-

or remotely; and (4) that the deposition only occur following the hearing on Defendant's just-filed Motion for Summary Judgment/Adjudication, set for October 7, 2025, nearly two months after the current trial date of August 18, 2025.

20.    At no time did Mr. Hale agree to forego filing a Motion to Compel while the parties further met and conferred, at an Informal Discovery Conference, or in any other venue.

21.    Samantha Vincent – Mr. Diesel's sister – and Valentino Morales – Mr. Diesel's security and close friend – already confirmed at their depositions that Mr. Diesel currently lives in Los Angeles, California.

22.    Plaintiff's counsel's office is located in the PwC building on 7th and Figueroa, which is home to Seyfarth Shaw and PricewaterhouseCoopers LLP. Like many buildings downtown, it has multiple 24/7 dedicated security personnel. Entrance is restricted per floor, and visitors may only access a particular floor if they have been added to a security list and been ushered to an appropriate elevator by security.

23.    I have been practicing law since 2015. I primarily litigate wrongful termination of employment and discrimination cases in both state and federal court on behalf of plaintiffs, including cases based upon violations of the Fair Employment and Housing Act and the California Labor Code.

24.    I am a graduate of the University of California, Los Angeles, School of Law and of Harvard University.

25.    In January of 2023, my colleagues and I tried Galvan v. United Parcel Service, et al. (LASC Case No. BC703891), which resulted in a $5.4 million verdict.

26.    I have been confirmed legal fees at an hourly rate of $850.00 by Judge Lipner of Department 72.

27.    Throughout my practice as an attorney on plaintiff's side, I have become familiar with customary billing rates for attorneys of my experience level and title.  I understand that my hourly rate as an associate attorney of a plaintiff's law firm is at least comparable, if not below, the hourly rates of other attorneys in similar situations.

28.    I am familiar with the proper procedure for calculating hourly bills. I understand

-5-

DECLARATION OF MATTHEW T. HALE ISO MOTION TO COMPEL DEPOSITION OF VIN DIESEL AND REQUEST FOR SANCTIONS

which tasks are billable and which are not. All of the time that I spent on this motion was necessary to prepare it properly and diligently.

29.    I have primarily handled the discovery issues in this action. I have spent approximately one hour meeting and conferring with Defendant's counsel regarding the motion, including drafting and revising correspondence and participating in conferences regarding the same. I also spent more than 5 hours preparing and revising all briefing in connection with the instant Motion to Compel, including in preparing this declaration and preparing and revising the brief, notice, and proposed order (6 hours X $850.00 = $5,100.00). I anticipate that it will take me an additional 2.5 hours to review Defendant's opposition, prepare a reply brief in support of the motion, and prepare for and attend oral argument on this motion (2.5 hours X $850.00 = $2,125.00). I was also required to cancel my hotel reservation due to the cancellation of Defendant's deposition, with a fee in the amount of $230.07. As such, Plaintiff has incurred fees and costs in the amount of $5,330.07 and is likely to incur costs in the amount of $2,125.00, for a total of $7,455.07.

I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Date: June 26, 2025.

Matthew T. Hale

DECLARATION OF MATTHEW T. HALE ISO MOTION TO COMPEL DEPOSITION OF VIN DIESEL AND REQUEST FOR SANCTIONS

 Journal Technologies Court Portal

# Make a Reservation

ASTA JONASSON, AN INDIVIDUAL vs VIN DIESEL, et al.

Case Number: 23STCV31143    Case Type: Civil Unlimited    Category: Wrongful Termination
Date Filed: 2023-12-21  Location: Stanley Mosk Courthouse - Department 71

## Reservation

| | |
|---|---|
| Case Name:<br>ASTA JONASSON, AN INDIVIDUAL vs VIN DIESEL, et al. | Case Number:<br>23STCV31143 |
| Type:<br>Motion to Compel (Motion to Compel Party Deposition) | Status:<br>RESERVED |
| Filing Party:<br>Asta Jonasson (Plaintiff) | Location:<br>Stanley Mosk Courthouse - Department 71 |
| Date/Time:<br>08/11/2025 8:30 AM | Number of Motions:<br>1 |
| Reservation ID:<br>374377214511 | Confirmation Code:<br>CR-FWVPEPZZCBUZ2FMFB |

## Fees

| Description | Fee | Qty | Amount |
|---|---|---|---|
| Motion to Compel (name extension) | 0.00 | 1 | 0.00 |
| TOTAL | | | $0.00 |

## Payment

| | |
|---|---|
| Amount:<br>$0.00 | Type:<br>NOFEE |
| Account Number:<br>n/a | Authorization:<br>n/a |
| Payment Date:<br>n/a | |

🖨 Print Receipt | ➕ Reserve Another Hearing | 👤 View My Reservations

Copyright © Journal Technologies, USA. All rights reserved.

 Opens Chat

# EXHIBIT 1

1  BRIAN L. WILLIAMS, State Bar No. 227948
     *BWilliams@GGTrialLaw.com*
2  CLAIRE-LISE Y. KUTLAY, State Bar No. 307080
     *CKutlay@GGTrialLaw.com*
3  MATTHEW T. HALE, State Bar No. 303826
     *MHale@GGTrialLaw.com*
4  GREENBERG GROSS LLP
   601 S. Figueroa Street, 30th Floor
5  Los Angeles, California 90017
   Telephone: (213) 334-7000
6  Facsimile: (213) 334-7001

7  Attorneys for Plaintiff Asta Jonasson

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10

11 | ASTA JONASSON, an individual,         | Case No. 23STCV31143

12 |              Plaintiff,               | Assigned for All Purposes to:
                                            Hon. Daniel M. Crowley, Dept. 71
13 |        v.

14 | VIN DIESEL (f/k/a Mark Sinclair Vincent), an | **NOTICE OF DEPOSITION TO**
   individual; SAMANTHA VINCENT, an          | **DEFENDANT VIN DIESEL (F/K/A MARK**
15 individual; ONE RACE PRODUCTIONS,         | **SINCLAIR VINCENT)**
   INC., a California corporation; ONE RACE
16 FILMS, INC., a California corporation; and | Date:    May 7, 2024
   DOES 1 to 20, inclusive,                  | Time:    9:00 a.m.
17                                            | Place:   Greenberg Gross LLP
              Defendants.                              601 S. Figueroa Street, 30th Floor
18                                                     Los Angeles, CA 90017

19                                            | Action Filed:     December 21, 2023
                                              | Trial Date:       Not Yet Set

20

21

22

23

24

25

26

27

28

1  TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2      PLEASE TAKE NOTICE that, pursuant to Code of Civil Procedure Section 2025.010 *et*

3  *seq.*, Plaintiff Asta Jonasson will take the deposition of Defendant Vin Diesel (f/k/a Mark Sinclair

4  Vincent).  The deposition will take place at the office of Greenberg Gross LLP, 601 S. Figueroa

5  Street, 30th Floor, Los Angeles, California 90017.  The deposition shall commence on May 7,

6  2024, at 9:00 a.m. and shall continue from day to day thereafter until completed.  The deposition

7  will be recorded using audio or video technology and will be conducted using the stenographic

8  method.

9  DATED:  February 26, 2024          GREENBERG GROSS LLP

10

11                                By: _____

12                                     Brian L. Williams
                                      Claire-Lise Y. Kutlay
13                                     Matthew T. Hale
                                      Attorneys for Plaintiff Asta Jonasson
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 2

FREEDMAN TAITELMAN + COOLEY, LLP
Bryan J. Freedman, Esq. (SBN 151990)
Sean M. Hardy, Esq. (SBN 266466)
Jason Sunshine (SBN 336062)
1801 Century Park East, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
bfreedman@ftllp.com
smhardy@ftllp.com
jsunshine@ftllp.com

Attorneys for Defendant
VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ASTA JONASSON, an individual,<br><br>                              Plaintiff,<br><br>          vs.<br><br>VIN DIESEL (f/k/a Mark Sinclair Vincent), an individual; SAMANTHA VINCENT, an individual; ONE RACE PRODUCTIONS, INC., a California corporation; ONE RACE FILMS, INC., a California corporation; and DOES 1 to 20, inclusive,<br><br>                              Defendants. | Case No.: 23STCV31143<br><br>[Assigned for all purposes to Judge Daniel M. Crowley, Dept. 71]<br><br>OBJECTIONS TO NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)<br><br>**Date:  May 7, 2024**<br>**Time:  9:00 a.m.**<br>**Place:  Greenberg Gross LLP**<br>**          601 S. Figueroa Street, 30th Floor**<br>**          Los Angeles, CA 90017** |

OBJECTIONS TO NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Vin Diesel ("Defendant"), pursuant to *Code of Civil Procedure* section 2025.410, hereby objects to Plaintiff Asta Jonasson's notice of the May 7, 2024 deposition of Defendant (the "Notice"), on the following grounds:

**I.**

**OBJECTIONS TO NOTICE OF DEPOSITION**

1.    The deposition was unilaterally set without any consideration for either the deponent or counsel's availability, in violation of Los Angeles Superior Court, Local Rule Appendix 3.A(e)(1).  Consideration has not been given in scheduling this deposition because Plaintiff did not clear the dates and time with counsel, and neither the deponent nor his counsel of record are available to attend on the date and time specified in the Notice.

2.    The deposition was improperly noticed to require Defendant's in-person attendance at the offices of Plaintiff's counsel.  Defendant objects and elects pursuant to Code of Civil Procedure Section 2025.310, that any deposition proceed via remote video, and that Defendant not be physically present at the time of the deposition.

3.    Defendant objects to the Notice to the extent the deposition is noticed for a location more than 150 miles from Defendant's residence, in violation of *Code of Civil Procedure* section 2025.250, subsection (a) and Code of Civil Procedure section 1989. See generally <u>Toyota Motor Corp. v. Superior Court</u> (2011) 197 Cal.App.4th 1107.

4.    Defendant objects to the notice of deposition in that it is reasonably calculated to result in the disclosure of sensitive, proprietary, or confidential business information or trade secrets without the entry of a mutually-acceptable protective order.

5.    The deposition was unilaterally set prior to the initially-noticed deposition of Plaintiff Asta Jonasson, without the agreement of counsel, in violation of Los Angeles Superior Court, Local Rule Appendix 3.A(e)(3).

6.    Defendant objects to the Notice in that it violates the seven-hour limitation on the length of a deposition mandated by *Code of Civil Procedure* section 2025.290.  The Notice improperly requires that the deposition to continue "day-to-day" until completed.

OBJECTIONS TO NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)

7.      Defendant objects to the Notice to the extent it fails to comply with the requirements on Code of Civil Procedure section 2025.210, *et seq.*

DATED:  May 1, 2024                          FREEDMAN TAITELMAN + COOLEY, LLP

_____

Bryan J. Freedman, Esq.
Sean M. Hardy, Esq.
Jason H. Sunshine, Esq.
Attorneys for Defendant
VIN DIESEL (F/K/A MARK SINCLAIR
VINCENT)

OBJECTIONS TO NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR
VINCENT)

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**              ]
                                     ]   ss.
**COUNTY OF LOS ANGELES**            ]

I am employed in the County of Los Angeles, State of California. I am over the age of 18, and not a party to the within action. My business address is FREEDMAN TAITELMAN + COOLEY, LLP, 1801 Century Park West, 5th Floor, Los Angeles, CA 90067.

On **May 1, 2024**, I served the following document(s) entitled **OBJECTIONS TO NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)**  on the interested parties in this action as follows:

Brian L. Williams
Claire-Lise Y. Kutlay
Matthew T. Hale
GREENBERG GROSS LLP
601 S. Figueroa Street, 30th Floor
Los Angeles, California 90017
Tel. (213) 334-7000
Fax. (213) 334-7001
BWilliams@GGTrialLaw.com
CKutlay@GGTrialLaw.com
MHale@GGTrialLaw.com
PHorlacher@GGTrialLaw.com
DVultaggio@GGTrialLaw.com
CRose@GGTrialLaw.com
MSance@GGTrialLaw.com

*Attorneys for Plaintiff Asta Jonasson*

| | |
|---|---|
| ☒ | **By Overnight Delivery.** I deposited a sealed envelope containing a true and correct copy of the documents listed above for overnight delivery via Federal Express. |
| ☒ | **By E-Mail or Electronic Transmission.** I caused the documents to be sent to the persons at the email address listed below in a PDF file, and the transmission appeared to be successful. |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **May 1, 2024,** at Los Angeles, California.

*/s/ Vaneta D. Birtha*
Vaneta D. Birtha

4
OBJECTIONS TO NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)

# EXHIBIT 3

BRIAN L. WILLIAMS, State Bar No. 227948
  BWilliams@GGTrialLaw.com
JEMMA E. DUNN, State Bar No. 258454
  JDunn@GGTrialLaw.com
MATTHEW T. HALE, State Bar No. 303826
  MHale@GGTrialLaw.com
GREENBERG GROSS LLP
601 S. Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone: (213) 334-7000
Facsimile: (213) 334-7001

Attorneys for Plaintiff Asta Jonasson

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| ASTA JONASSON, an individual, | Case No. 23STCV31143 |
| Plaintiff, | Assigned for All Purposes to:<br>Hon. Daniel M. Crowley, Dept. 71 |
| v. | **NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT) AND REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| VIN DIESEL (f/k/a Mark Sinclair Vincent), an individual; SAMANTHA VINCENT, an individual; ONE RACE PRODUCTIONS, INC., a California corporation; ONE RACE FILMS, INC., a California corporation; and DOES 1 to 20, inclusive, | Date:      April 29, 2025<br>Time:     9:00 a.m.<br>Place:    Greenberg Gross LLP<br>               601 S. Figueroa Street, 30th Floor<br>               Los Angeles, CA 90017 |
| Defendants. | Action Filed:      December 21, 2023<br>Trial Date:        August 18, 2025 |

1  TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2      PLEASE TAKE NOTICE that, pursuant to Code of Civil Procedure Section 2025.010 *et*

3  *seq.*, Plaintiff Asta Jonasson will take the deposition of defendant Vin Diesel (f/k/a Mark Sinclair

4  Vincent).  The deposition will take place at the office of Greenberg Gross LLP, 601 S. Figueroa

5  Street, 30th Floor, Los Angeles, California 90017.  The deposition shall commence on April 29,

6  2025, at 9:00 a.m. and shall continue from day to day thereafter until completed.  The deposition

7  will be recorded using audio or video technology and will be conducted using the stenographic

8  method.

9      **PLEASE TAKE FURTHER NOTICE THAT**, pursuant to Code of Civil Procedure

10  Section 2034.415, the Deponent is directed to produce the documents and things set forth below

11  no later than three business days before the deposition.

12                      **<u>DEFINITIONS</u>**

13      Words in ALL CAPITAL LETTERS in these definitions, instructions, and Requests are

14  defined as follows:

15      1.    The term "DOCUMENT(S)" means all documents and electronically stored

16  information—including but not limited to all emails, text messages, writings, drawings, graphs,

17  charts, photographs, video and sound recordings, images, worksheets, and other data and data

18  compilations—stored in any medium from which information can be obtained either directly or, if

19  necessary, after translation into a reasonably usable form, and includes COMMUNICATIONS.

20      2.    The term "COMMUNICATION(S)" means and refers to all correspondence,

21  discussions, conversations, interviews, telephone calls, emails, instant messages, voice mail

22  messages, negotiations, notices, agreements, understandings, meetings, recordings, audiotapes,

23  videotapes, transcripts, facsimiles, telegrams, charts, spreadsheets, visual images, presentations,

24  and all other transmissions of information, thoughts, documents, electronically stored information,

25  or ideas between two or more PERSONS.

26      3.    The terms "YOU" and "YOUR" means and refers to defendant Vin Diesel.

27      4.    The terms "any" and "all" are interchangeable and shall be construed disjunctively,

28  conjunctively, or both, as necessary to bring within the scope of this discovery request all matters

which might otherwise be construed to be outside of its scope.

5. The term "each" means "each and every."

6. The term "including" means "including, but not limited to."

7. The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1. The original of each responsive item (or a legible copy if the original is not within YOUR possession, custody, or control) shall be identified and produced at the above-stated date, time, and place unless complete and legible copies of each responsive item are received at the above-referenced address on or before the specified production date. Any such production of copies is without prejudice to Propounding Party's right to inspect and/or copy the original of each DOCUMENT or tangible thing at a future date.

2. These Requests seek the production of DOCUMENTS, and electronically stored information ("ESI"), in their native format, unless some other format is agreed to in writing by Propounding Party's counsel of record.

3. ESI must be produced with all "metadata" intact. ("Metadata" means the data embedded in electronic versions of a document that show how, when and by whom the document was created, accessed or modified.)

4. Any request for a DOCUMENT shall be construed to include any and all drafts, versions, or revisions of such DOCUMENT.

5. These Requests seek the production of all responsive DOCUMENTS within YOUR possession, custody, or control, regardless of whether such DOCUMENTS are possessed directly by YOU.

6. In the event any DOCUMENTS responsive to these Requests are withheld from production based upon a claim of attorney-client privilege, attorney work-product doctrine, or any other privilege or protection from discovery, YOU are requested to provide a privilege log in which YOU explain the basis of the privilege or other protection you are claiming, and provide a description of the DOCUMENTS YOU are withholding sufficient to support the basis for withholding the DOCUMENTS.

7.     The conjunctive "and" should be interpreted in the disjunctive to include the term "or" and vice versa.

8.     The singular form of a word should be interpreted in the plural and vice versa.

9.     If YOUR response to any Request is that the DOCUMENTS are not in YOUR possession, custody, or control, describe in detail the efforts YOU made to locate such DOCUMENTS.

10.    If any responsive DOCUMENT was at one time in YOUR possession, custody, or control, but has been disposed of, lost, discarded, destroyed, or is no longer in YOUR possession, custody, or control for any other reason, then do the following with respect to each and every such DOCUMENT:

a.     describe the nature of the DOCUMENT, letter or memorandum;

b.     state the date of the DOCUMENT;

c.     identify the PERSONS who sent and received the original and copies of the DOCUMENT, specifying its author, addressee, and all PERSONS to whom copies were furnished, or saw same;

d.     state in as much detail as possible the subject matter and contents of the DOCUMENT; and

e.     state when the DOCUMENT was in YOUR possession, custody, or control.

If objection is made to any part of a particular Request, that part should be specified in writing (together with the grounds for the objection), and any other portion of the Request to which no objection is made should be answered.

## **REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS maintained by YOU that contain the name of plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS relating to plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 3:**

All emails referring to plaintiff Asta Jonasson.

NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT) AND
REQUESTS FOR PRODUCTION OF DOCUMENTS

1    **<u>REQUEST FOR PRODUCTION NO. 4:</u>**

2         All emails sent between YOU and plaintiff Asta Jonasson.

3    **<u>REQUEST FOR PRODUCTION NO. 5:</u>**

4         All voicemail messages YOU received from plaintiff Asta Jonasson.

5    **<u>REQUEST FOR PRODUCTION NO. 6:</u>**

6         All text messages YOU received from or sent to plaintiff Asta Jonasson.

7    **<u>REQUEST FOR PRODUCTION NO. 7:</u>**

8         All audio recordings of plaintiff Asta Jonasson.

9    **<u>REQUEST FOR PRODUCTION NO. 8:</u>**

10        All video recordings of plaintiff Asta Jonasson.

11   **<u>REQUEST FOR PRODUCTION NO. 9:</u>**

12        All photographs of plaintiff Asta Jonasson.

13   **<u>REQUEST FOR PRODUCTION NO. 10:</u>**

14        All statements, declarations, and/or affidavits signed by YOU regarding the instant lawsuit.

15   **<u>REQUEST FOR PRODUCTION NO. 11:</u>**

16        All unsigned drafts of statements, declarations, and/or affidavits reflecting YOUR name,

17   regarding the instant lawsuit.

18   **<u>REQUEST FOR PRODUCTION NO. 12:</u>**

19        All notes or records relating to plaintiff Asta Jonasson.

20   **<u>REQUEST FOR PRODUCTION NO. 13:</u>**

21        All text messages YOU received relating to plaintiff Asta Jonasson.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT) AND
REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 14:**

All text messages YOU sent relating to plaintiff Asta Jonasson.

DATED:  April 7, 2025                    GREENBERG GROSS LLP


By: _____
        Brian L. Williams
        Jemma E. Dunn
        Matthew T. Hale
        Attorneys for Plaintiff Asta Jonasson

NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT) AND
REQUESTS FOR PRODUCTION OF DOCUMENTS

# EXHIBIT 4



Matthew T. Hale
Direct Dial: (213) 334-7060
MHale@GGTrialLaw.com

April 7, 2025

**<u>VIA EMAIL ONLY</u>**

Bryan J. Freedman
Sean M. Hardy
Jason Sunshine
FREEDMAN TAITELMAN + COOLEY LLP
1801 Century Park West, 5th Floor
Los Angles, CA 90067
bfreedman@ftllp.com
smhardy@ftllp.com
jsunshine@ftllp.com

   **Re:**   ***<u>Asta Jonasson v. One Race Films, Inc., et al.</u>***

Counsel:

   Enclosed please find notices of deposition for defendants Vin Diesel and Samantha Vincent and witnesses Valentino Morales and Thyrale Thai. If any of the noticed dates are not workable for the deponents' schedules, please let us know as soon as possible, and propose alternative dates that fall before the end of May 2025. Furthermore, counsel has previously objected that defendants Vin Diesel and Samantha Vincent *may* not reside within 150 miles of downtown Los Angeles. If these defendants do not reside within 150 miles of downtown Los Angeles, please notify our office of these defendants' city of residence, and we will coordinate a convenient location.

   We are happy to accommodate reasonable scheduling conflicts, but considering the upcoming trial date, we will be completing these depositions by the end of May 2025.

       Very truly yours,

       Matthew T. Hale

Encls.

# EXHIBIT 5

1    LINER FREEDMAN TAITELMAN + COOLEY, LLP
      Bryan J. Freedman, Esq. (SBN 151990)
2    Sean M. Hardy, Esq. (SBN 266466)
      Jason Sunshine (SBN 336062)
3    1801 Century Park East, 5th Floor
      Los Angeles, CA 90067
4    Tel: (310) 201-0005
      bfreedman@lftcllp.com
5    smhardy@lftcllp.com
      jsunshine@lftcllp.com
6
      Attorneys for Defendant
7    VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)

8             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **FOR THE COUNTY OF LOS ANGELES**

10

11    ASTA JONASSON, an individual,

12              Plaintiff,

13        vs.

14    VIN DIESEL (f/k/a Mark Sinclair Vincent), an
      individual; SAMANTHA VINCENT, an
15    individual; ONE RACE PRODUCTIONS,
      INC., a California corporation; ONE RACE
16    FILMS, INC., a California corporation; and
      DOES 1 to 20, inclusive,
17

18              Defendants.

19

Case No.: 23STCV31143

[Assigned for all purposes to Judge Daniel M. Crowley, Dept. 71]

**OBJECTIONS TO NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT) AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

**Date:  April 29, 2025**
**Time:  9:00 a.m.**
**Place:  Greenberg Gross LLP**
        **601 S. Figueroa Street, 30th Floor**
        **Los Angeles, CA 90017**

20

21

22

23

24

25

26

27

28

1

OBJECTIONS TO NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR) AND
REQUESTS FOR PRODUCTION OF DOCUMENTS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Vin Diesel ("Defendant"), pursuant to *Code of Civil Procedure* section 2025.410, hereby objects to Plaintiff Asta Jonasson's notice of the April 29, 2025 deposition of Defendant (the "Notice"), on the following grounds:

**I.**

**<u>OBJECTIONS TO NOTICE OF DEPOSITION</u>**

1.    The deposition was unilaterally set without any consideration for either the deponent or counsel's availability, in violation of Los Angeles Superior Court, Local Rule Appendix 3.A(e)(1).   Consideration has not been given in scheduling this deposition because Plaintiff did not clear the dates and time with counsel, and neither the deponent nor his counsel of record are available to attend on the date and time specified in the Notice.

2.    The deposition was improperly noticed to require Defendant's in-person attendance at the offices of Plaintiff's counsel in the presence of a deposition officer.  Defendant objects and elects pursuant to Code of Civil Procedure Section 2025.310(a), that any deposition proceed via remote means, that the deposition officer not be physically present at the time of the deposition, and that Defendant not be physically present at the time of the deposition.

3.    Defendant objects to the Notice to the extent the deposition is noticed for a location more than 150 miles from Defendant's residence, in violation of *Code of Civil Procedure* section 2025.250, subsection (a) and Code of Civil Procedure section 1989. See generally <u>Toyota Motor Corp. v. Superior Court</u> (2011) 197 Cal.App.4th 1107.

4.    The deposition was unilaterally set prior to the initially-noticed deposition of Plaintiff Asta Jonasson, without the agreement of counsel, in violation of Los Angeles Superior Court, Local Rule Appendix 3.A(e)(3).

5.    Defendant objects to the Notice in that it violates the seven-hour limitation on the length of a deposition mandated by *Code of Civil Procedure* section 2025.290.  The Notice improperly requires that the deposition to continue "day-to-day" until completed.

6.    Defendant objects to the Notice to the extent it fails to comply with the requirements on Code of Civil Procedure section 2025.210, *et seq.*

2

7.      Defendant objects to the **14** requests for production of documents in connection with the Notice.  Plaintiff served the requests for production of documents on April 7, 2025 by electronic service.  Such a time frame is insufficient under the *California Code of Civil Procedure*, which contemplates 32 days when responding to document requests served by electronic service.  *See* Cal. Code Civ. Proc. §§ 2031.260; 1013(e).

8.      Defendant objects that the deposition was noticed for a period in which a dispositive motion is pending.  Good cause exists to stay any deposition until after a ruling on such motion.  Silver v. City of Los Angeles (1966) 245 Cal. App. 2d 673; Terminals Equip. Co. v. City (1990) 221 Cal.App.3d 234, 247.

## II.

## INTRODUCTORY STATEMENT REGARDING REQUESTS FOR PRODUCTION

The following responses are made solely for the purpose of this action.  Any document or thing supplied in response to any request is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any ground that would require the exclusion of any document or thing, or portion thereof, if such document or thing were offered in evidence, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

No incidental or implied admissions are intended by the responses herein.  The fact that Defendant has supplied, or has agreed to supply, or hereafter agree to supply, a document or thing in response to any request should not be taken as an admission that the Defendant accepts or admits the existence of any facts set forth or assumed by such request or in said document, or that such document or thing constitutes admissible evidence.  The fact that Defendant has supplied, or has agreed to supply, or hereafter agrees to supply any document or thing in response to any request is not intended to be and shall not be construed to be a waiver of any part of any objection to any such request, or any part of any General Objection.

The responses herein only apply to those documents or things currently in Defendant's possession.  Defendant has not completed investigation of the facts relating to this matter, completed discovery in this matter, or completed preparation for trial in this matter.  Accordingly,

3

1  Defendant reserve all rights with respect to documents or things which may be subsequently

2  located or discovered, including, without limitation, the right to use such documents at trial, and

3  further reserves any and all rights and any and all objections to any responsive documents or

4  things which may hereafter come into Defendant's possession, or which hereafter may be

5  determined to be within the scope of any such request.  Defendant disclaims any legal obligation

6  to supplement the responses herein.

7  ### III.

8  ### <u>GENERAL OBJECTIONS TO REQUESTS FOR PRODUCTION</u>

9      1.    Objection:    Defendant objects to the production and inspection of documents at

10 the offices of Plaintiff's counsel at their own expense.  Defendant may be unable to locate all

11 requested documents by the date specified for production and, therefore, a mutually convenient

12 time and date can be ascertained by contacting the undersigned to make appropriate arrangement.

13 Should Defendant in the future locate any relevant requested documents now in existence but not

14 yet located, Defendant will so advise counsel for Plaintiff, subject to the objections and comments

15 set forth in these responses.

16     2.    Objection:    Defendant objects to the instructions to the extent that they conflict

17 with the provisions of Code of Civil Procedure section 2031.010. et seq., or seek to impose

18 additional obligations upon Defendant beyond those set forth under Code of Civil Procedure

19 section 2031.010.  Defendant will respond within the requirements of Code of Civil Procedure

20 section 2031.010. et seq.

21     3.    Objection:    Defendant objects to each and every request to the extent that it

22 requires the production of documents or things, which have previously been made available to the

23 Plaintiff, are equally available to the Plaintiff, or are public records.

24     4.    Objection:    Defendant objects to each and every request to the extent it seeks

25 original documents, except where there is a legitimate dispute as to the legibility or authenticity of

26 a copy.

27     5.    Objection: to each and every request to the extent it seeks the production of

28 documents or things not in the possession, custody or control of Defendant.  Defendant would

1  produce only those documents or things, if any, in the possession of Defendant, and would

2  produce documents, if any, in the manner kept by Defendant the usual course of business.

3      6.    Objection:    Defendant objects to the definitions contained in the requests in that

4  they are incomplete, vague, ambiguous, unintelligible, overbroad and oppressive, and seek to

5  impose obligations on Defendant beyond those imposed by the California Code of Civil

6  Procedure.

7      7.    Objection:    Defendant objects to each request to the extent that it seeks

8  information protected from disclosure by the attorney client privilege, the attorney work product

9  doctrine, the common interest privilege, the joint defense privilege or any other applicable

10  privilege or doctrine.  Nothing herein is intended to be, nor shall in any way be construed as, a

11  waiver of any attorney-client privilege, work product doctrine, the common interest privilege, the

12  joint defense privilege or any other applicable privilege or doctrine.  To the extent any request

13  may be construed as calling for disclosure of information protected by such privilege or doctrine, a

14  continuing objection to such Request is hereby interposed.  No such privileged information will be

15  provided.  In the event any privileged information is provided in connection with these responses,

16  such disclosure is inadvertent and is not intended to be, and shall not be deemed, a waiver of such

17  privilege.

18      8.    Objection:    Defendant objects to each request to the extent it seeks information

19  that is confidential, proprietary, a trade secret or private, or otherwise calls for information

20  protected by the right of privacy contained in Article I, Section 1 of the Constitution of the State of

21  California, in the United States Constitution or any other applicable privilege or protection

22  recognized under statute or applicable case law.

23      9.    Objection:    Defendant objects to each and every request to the extent it seeks

24  information that may violate the financial privacy rights of Defendant, third parties and individuals

25  who are protected under the California Constitution.

26      10.    Objection:    Defendant objects to each request to the extent it seeks information

27  not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery

28  of admissible evidence and would subject Defendant to oppression, harassment, and undue burden

5

1   and expense not commensurate with any legitimate discovery need.

2       11.     Objection:     Defendant further objects to each request to the extent that it seeks a

3   legal conclusion and/or an expert opinion.

4       12.     Objection:     Defendant objects to each request to the extent that it seeks

5   information already in the possession, custody, or control of Plaintiff.

6       13.     Objection:     Defendant objects to each request to the extent it is argumentative

7   and without any foundation.

8       14.     Objection:     Defendant objects to each request to the extent it seeks the

9   production, identification, or disclosure of documents or information for periods of time other than

10  periods relevant to the claims in the Complaint, or other than periods of time properly subject to

11  discovery.

12      15.     Objection:     Defendant objects to each request to the extent it seeks the

13  disclosure of sensitive, proprietary, or confidential business information or trade secrets.

14      16.     Objection:     Defendant objects to each request to the extent that it seeks the

15  production, identification, or disclosure of documents or information that are not limited in time or

16  scope.

17      17.     Objection:     Defendant objects to each request on the grounds it requests

18  Defendant to search electronically-stored information ("ESI") without regard to whether the ESI is

19  reasonably accessible, or whether it would impose and undue burden or cost to search, review, and

20  produced the ESI.

21      18.     Objection:     Because Defendant have not concluded their discovery and

22  investigation in this action, they specifically reserve the right to amend and/or supplement their

23  responses to the requests.

24      19.     Objection:     Defendant objects to the 14 requests for production of documents,

25  and each of them.  Plaintiff served the requests for production of documents on April 7, 2025 by

26  electronic service.  Such a time frame is insufficient under the *California Code of Civil Procedure*,

27  which contemplates 32 days when responding to document requests served by electronic service.

28  *See* Cal. Code Civ. Proc. §§  2031.260; 1013(e).

1      20.    Objection:    Defendant objects to the definition of "DOCUMENTS" to the extent

2  that it conflicts with the provisions of *Evidence Code* section 250 and/or the *Code of Civil*

3  *Procedure* section 2031.010. *et seq.,* or seek to impose additional obligation upon Defendant

4  beyond those set forth under *Code of Civil Procedure* section 2031.010.

5      21.    Objection:    Defendant objects to the definition of the term "DOCUMENT(S)" to

6  the extent that it is vague, ambiguous, and overbroad.

7      22.    Objection:    Defendant objects to the definition of the term

8  "COMMUNICATION(S)" to the extent that it is vague, ambiguous, and overbroad.

9      23.    Objection:    Defendant objects to the definition of the term "YOU" to the extent

10  that it is vague, ambiguous, and overbroad.

11      25.    Objection:    Defendant objects to the definition of the term "YOUR" to the

12  extent that it is vague, ambiguous, and overbroad.

13      Defendant incorporates by reference these general objections to each response below.

14  <center>**IV.**</center>

15  <center>**<u>OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS</u>**</center>

16  **<u>OBJECTION TO REQUEST FOR PRODUCTION NO. 1:</u>**

17      Defendant incorporates the Preliminary Statement and General Objections as though fully

18  set forth herein.

19      Defendant objects to the request on the grounds that it seeks documents from a remote time

20  period.

21      Defendant objects to the request on the grounds that it seeks documents and

22  communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

23  *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

24      Defendant objects to the request on the grounds that it seeks documents that contain

25  confidential information protected by the right to privacy under the California or United States

26  Constitution or applicable statutory or common law.

27      Defendant objects to the request on the grounds that it seeks documents that contain

28  confidential business or proprietary information protected by trade secret.

<center>7</center>

1    Defendant objects to the request on the grounds that it seeks documents that are neither

2  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

3    Defendant objects to the request on the grounds that the request fails to designate the

4  documents to be inspected either by specifically describing each individual item or by reasonably

5  particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

6  (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

7  *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

8    Defendant objects to the request on the grounds that to comply with the request would be

9  an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

10  (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

11  Defendant.

12    Defendant objects to this request on the grounds it requests Defendant to search

13  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

14  accessible, or whether it would impose and undue burden or cost to search, review, and produced

15  the ESI.

16    Defendant objects to this request on the grounds it seek information of Defendant and third

17  parties that is protected by the right to privacy.

18    Defendant objects to the request on the grounds that it is overly broad and unduly

19  burdensome.

20    Defendant objects to the request on the grounds that it is vague, ambiguous and

21  unintelligible.

22    Defendant objects to the request on the grounds that it is redundant with and duplicative of

23  other discovery propounded by Plaintiff to Defendant in this litigation.

24    Defendant objects to the request on the grounds that it improperly seeks discovery relating

25  to Defendant's financial condition in violation of California Civil Code § 3295.

26    Defendant objects to the request on the ground that it improperly seeks discovery relating

27  to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

28  Cal.App.4th 475, 480-481.

1    Defendant objects to the request to the extent it seeks the production of records protected

2    by the taxpayer privilege. *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

3    *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

4    **OBJECTION TO REQUEST FOR PRODUCTION NO. 2:**

5    Defendant incorporates the Preliminary Statement and General Objections as though fully

6    set forth herein.

7    Defendant objects to the request on the grounds that it seeks documents from a remote time

8    period.

9    Defendant objects to the request on the grounds that it seeks documents and

10   communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

11   *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

12   Defendant objects to the request on the grounds that it seeks documents that contain

13   confidential information protected by the right to privacy under the California or United States

14   Constitution or applicable statutory or common law.

15   Defendant objects to the request on the grounds that it seeks documents that contain

16   confidential business or proprietary information protected by trade secret.

17   Defendant objects to the request on the grounds that it seeks documents that are neither

18   relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

19   Defendant objects to the request on the grounds that the request fails to designate the

20   documents to be inspected either by specifically describing each individual item or by reasonably

21   particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

22   (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

23   *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

24   Defendant objects to the request on the grounds that to comply with the request would be

25   an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

26   (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

27   Defendant.

28   Defendant objects to this request on the grounds it requests Defendant to search

9

1  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

2  accessible, or whether it would impose and undue burden or cost to search, review, and produced

3  the ESI.

4       Defendant objects to this request on the grounds it seek information of Defendant and third

5  parties that is protected by the right to privacy.

6       Defendant objects to the request on the grounds that it is overly broad and unduly

7  burdensome.

8       Defendant objects to the request on the grounds that it is vague, ambiguous and

9  unintelligible.

10       Defendant objects to the request on the grounds that it is redundant with and duplicative of

11  other discovery propounded by Plaintiff to Defendant in this litigation.

12       Defendant objects to the request on the grounds that it improperly seeks discovery relating

13  to Defendant's financial condition in violation of California Civil Code § 3295.

14       Defendant objects to the request on the ground that it improperly seeks discovery relating

15  to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

16  Cal.App.4th 475, 480-481.

17       Defendant objects to the request to the extent it seeks the production of records protected

18  by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

19  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

20  **OBJECTION TO REQUEST FOR PRODUCTION NO. 3:**

21       Defendant incorporates the Preliminary Statement and General Objections as though fully

22  set forth herein.

23       Defendant objects to the request on the grounds that it seeks documents from a remote time

24  period.

25       Defendant objects to the request on the grounds that it seeks documents and

26  communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

27  *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

28       Defendant objects to the request on the grounds that it seeks documents that contain

1  confidential information protected by the right to privacy under the California or United States

2  Constitution or applicable statutory or common law.

3          Defendant objects to the request on the grounds that it seeks documents that contain

4  confidential business or proprietary information protected by trade secret.

5          Defendant objects to the request on the grounds that it seeks documents that are neither

6  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

7          Defendant objects to the request on the grounds that the request fails to designate the

8  documents to be inspected either by specifically describing each individual item or by reasonably

9  particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

10 (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

11 *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

12         Defendant objects to the request on the grounds that to comply with the request would be

13 an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

14 (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

15 Defendant.

16         Defendant objects to this request on the grounds it requests Defendant to search

17 electronically-stored information ("ESI") without regard to whether the ESI is reasonably

18 accessible, or whether it would impose and undue burden or cost to search, review, and produced

19 the ESI.

20         Defendant objects to this request on the grounds it seek information of Defendant and third

21 parties that is protected by the right to privacy.

22         Defendant objects to the request on the grounds that it is overly broad and unduly

23 burdensome.

24         Defendant objects to the request on the grounds that it is vague, ambiguous and

25 unintelligible.

26         Defendant objects to the request on the grounds that it is redundant with and duplicative of

27 other discovery propounded by Plaintiff to Defendant in this litigation.

28         Defendant objects to the request on the grounds that it improperly seeks discovery relating

1  to Defendant's financial condition in violation of California Civil Code § 3295.

2          Defendant objects to the request on the ground that it improperly seeks discovery relating

3  to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

4  Cal.App.4th 475, 480-481.

5          Defendant objects to the request to the extent it seeks the production of records protected

6  by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

7  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

8  **OBJECTION TO REQUEST FOR PRODUCTION NO. 4:**

9          Defendant incorporates the Preliminary Statement and General Objections as though fully

10 set forth herein.

11         Defendant objects to the request on the grounds that it seeks documents from a remote time

12 period.

13         Defendant objects to the request on the grounds that it seeks documents and

14 communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

15 *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

16         Defendant objects to the request on the grounds that it seeks documents that contain

17 confidential information protected by the right to privacy under the California or United States

18 Constitution or applicable statutory or common law.

19         Defendant objects to the request on the grounds that it seeks documents that contain

20 confidential business or proprietary information protected by trade secret.

21         Defendant objects to the request on the grounds that it seeks documents that are neither

22 relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

23         Defendant objects to the request on the grounds that the request fails to designate the

24 documents to be inspected either by specifically describing each individual item or by reasonably

25 particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

26 (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

27 *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

28         Defendant objects to the request on the grounds that to comply with the request would be

1    an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

2    (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

3    Defendant.

4         Defendant objects to this request on the grounds it requests Defendant to search

5    electronically-stored information ("ESI") without regard to whether the ESI is reasonably

6    accessible, or whether it would impose and undue burden or cost to search, review, and produced

7    the ESI.

8         Defendant objects to this request on the grounds it seek information of Defendant and third

9    parties that is protected by the right to privacy.

10        Defendant objects to the request on the grounds that it is overly broad and unduly

11   burdensome.

12        Defendant objects to the request on the grounds that it is vague, ambiguous and

13   unintelligible.

14        Defendant objects to the request on the grounds that it is redundant with and duplicative of

15   other discovery propounded by Plaintiff to Defendant in this litigation.

16        Defendant objects to the request on the grounds that it improperly seeks discovery relating

17   to Defendant's financial condition in violation of California Civil Code § 3295.

18        Defendant objects to the request on the ground that it improperly seeks discovery relating

19   to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

20   Cal.App.4th 475, 480-481.

21        Defendant objects to the request to the extent it seeks the production of records protected

22   by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

23   *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

24   **OBJECTION TO REQUEST FOR PRODUCTION NO. 5:**

25        Defendant incorporates the Preliminary Statement and General Objections as though fully

26   set forth herein.

27        Defendant objects to the request on the grounds that it seeks documents from a remote time

28   period.

13

1    Defendant objects to the request on the grounds that it seeks documents and

2    communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

3    *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

4    Defendant objects to the request on the grounds that it seeks documents that contain

5    confidential information protected by the right to privacy under the California or United States

6    Constitution or applicable statutory or common law.

7    Defendant objects to the request on the grounds that it seeks documents that contain

8    confidential business or proprietary information protected by trade secret.

9    Defendant objects to the request on the grounds that it seeks documents that are neither

10    relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

11    Defendant objects to the request on the grounds that the request fails to designate the

12    documents to be inspected either by specifically describing each individual item or by reasonably

13    particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

14    (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

15    *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

16    Defendant objects to the request on the grounds that to comply with the request would be

17    an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

18    (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

19    Defendant.

20    Defendant objects to this request on the grounds it requests Defendant to search

21    electronically-stored information ("ESI") without regard to whether the ESI is reasonably

22    accessible, or whether it would impose and undue burden or cost to search, review, and produced

23    the ESI.

24    Defendant objects to this request on the grounds it seek information of Defendant and third

25    parties that is protected by the right to privacy.

26    Defendant objects to the request on the grounds that it is overly broad and unduly

27    burdensome.

28    Defendant objects to the request on the grounds that it is vague, ambiguous and

14

1    unintelligible.

2        Defendant objects to the request on the grounds that it is redundant with and duplicative of

3    other discovery propounded by Plaintiff to Defendant in this litigation.

4        Defendant objects to the request on the grounds that it improperly seeks discovery relating

5    to Defendant's financial condition in violation of California Civil Code § 3295.

6        Defendant objects to the request on the ground that it improperly seeks discovery relating

7    to Defendant's confidential financial affairs. *See Fortunato v. Superior Court* (2003) 114

8    Cal.App.4th 475, 480-481.

9        Defendant objects to the request to the extent it seeks the production of records protected

10   by the taxpayer privilege. *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

11   *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

12   **OBJECTION TO REQUEST FOR PRODUCTION NO. 6:**

13       Defendant incorporates the Preliminary Statement and General Objections as though fully

14   set forth herein.

15       Defendant objects to the request on the grounds that it seeks documents from a remote time

16   period.

17       Defendant objects to the request on the grounds that it seeks documents and

18   communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

19   *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

20       Defendant objects to the request on the grounds that it seeks documents that contain

21   confidential information protected by the right to privacy under the California or United States

22   Constitution or applicable statutory or common law.

23       Defendant objects to the request on the grounds that it seeks documents that contain

24   confidential business or proprietary information protected by trade secret.

25       Defendant objects to the request on the grounds that it seeks documents that are neither

26   relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

27       Defendant objects to the request on the grounds that the request fails to designate the

28   documents to be inspected either by specifically describing each individual item or by reasonably

15

OBJECTIONS TO NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR) AND
REQUESTS FOR PRODUCTION OF DOCUMENTS

1   particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

2   (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

3   *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

4          Defendant objects to the request on the grounds that to comply with the request would be

5   an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

6   (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

7   Defendant.

8          Defendant objects to this request on the grounds it requests Defendant to search

9   electronically-stored information ("ESI") without regard to whether the ESI is reasonably

10  accessible, or whether it would impose and undue burden or cost to search, review, and produced

11  the ESI.

12         Defendant objects to this request on the grounds it seek information of Defendant and third

13  parties that is protected by the right to privacy.

14         Defendant objects to the request on the grounds that it is overly broad and unduly

15  burdensome.

16         Defendant objects to the request on the grounds that it is vague, ambiguous and

17  unintelligible.

18         Defendant objects to the request on the grounds that it is redundant with and duplicative of

19  other discovery propounded by Plaintiff to Defendant in this litigation.

20         Defendant objects to the request on the grounds that it improperly seeks discovery relating

21  to Defendant's financial condition in violation of California Civil Code § 3295.

22         Defendant objects to the request on the ground that it improperly seeks discovery relating

23  to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

24  Cal.App.4th 475, 480-481.

25         Defendant objects to the request to the extent it seeks the production of records protected

26  by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

27  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

28

16

1  **OBJECTION TO REQUEST FOR PRODUCTION NO. 7:**

2        Defendant incorporates the Preliminary Statement and General Objections as though fully

3  set forth herein.

4        Defendant objects to the request on the grounds that it seeks documents from a remote time

5  period.

6        Defendant objects to the request on the grounds that it seeks documents and

7  communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

8  *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

9        Defendant objects to the request on the grounds that it seeks documents that contain

10  confidential information protected by the right to privacy under the California or United States

11  Constitution or applicable statutory or common law.

12        Defendant objects to the request on the grounds that it seeks documents that contain

13  confidential business or proprietary information protected by trade secret.

14        Defendant objects to the request on the grounds that it seeks documents that are neither

15  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

16        Defendant objects to the request on the grounds that the request fails to designate the

17  documents to be inspected either by specifically describing each individual item or by reasonably

18  particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

19  (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

20  *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

21        Defendant objects to the request on the grounds that to comply with the request would be

22  an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

23  (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

24  Defendant.

25        Defendant objects to this request on the grounds it requests Defendant to search

26  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

27  accessible, or whether it would impose and undue burden or cost to search, review, and produced

28  the ESI.

1    Defendant objects to this request on the grounds it seek information of Defendant and third

2  parties that is protected by the right to privacy.

3    Defendant objects to the request on the grounds that it is overly broad and unduly

4  burdensome.

5    Defendant objects to the request on the grounds that it is vague, ambiguous and

6  unintelligible.

7    Defendant objects to the request on the grounds that it is redundant with and duplicative of

8  other discovery propounded by Plaintiff to Defendant in this litigation.

9    Defendant objects to the request on the grounds that it improperly seeks discovery relating

10  to Defendant's financial condition in violation of California Civil Code § 3295.

11    Defendant objects to the request on the ground that it improperly seeks discovery relating

12  to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

13  Cal.App.4th 475, 480-481.

14    Defendant objects to the request to the extent it seeks the production of records protected

15  by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

16  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

17  **<u>OBJECTION TO REQUEST FOR PRODUCTION NO. 8:</u>**

18    Defendant incorporates the Preliminary Statement and General Objections as though fully

19  set forth herein.

20    Defendant objects to the request on the grounds that it seeks documents from a remote time

21  period.

22    Defendant objects to the request on the grounds that it seeks documents and

23  communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

24  *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

25    Defendant objects to the request on the grounds that it seeks documents that contain

26  confidential information protected by the right to privacy under the California or United States

27  Constitution or applicable statutory or common law.

28    Defendant objects to the request on the grounds that it seeks documents that contain

1    confidential business or proprietary information protected by trade secret.

2        Defendant objects to the request on the grounds that it seeks documents that are neither

3    relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

4        Defendant objects to the request on the grounds that the request fails to designate the

5    documents to be inspected either by specifically describing each individual item or by reasonably

6    particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

7    (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

8    *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

9        Defendant objects to the request on the grounds that to comply with the request would be

10   an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

11   (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

12   Defendant.

13       Defendant objects to this request on the grounds it requests Defendant to search

14   electronically-stored information ("ESI") without regard to whether the ESI is reasonably

15   accessible, or whether it would impose and undue burden or cost to search, review, and produced

16   the ESI.

17       Defendant objects to this request on the grounds it seek information of Defendant and third

18   parties that is protected by the right to privacy.

19       Defendant objects to the request on the grounds that it is overly broad and unduly

20   burdensome.

21       Defendant objects to the request on the grounds that it is vague, ambiguous and

22   unintelligible.

23       Defendant objects to the request on the grounds that it is redundant with and duplicative of

24   other discovery propounded by Plaintiff to Defendant in this litigation.

25       Defendant objects to the request on the grounds that it improperly seeks discovery relating

26   to Defendant's financial condition in violation of California Civil Code § 3295.

27       Defendant objects to the request on the ground that it improperly seeks discovery relating

28   to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

1  Cal.App.4th 475, 480-481.

2  Defendant objects to the request to the extent it seeks the production of records protected

3  by the taxpayer privilege. *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

4  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

5  **OBJECTION TO REQUEST FOR PRODUCTION NO. 9:**

6  Defendant incorporates the Preliminary Statement and General Objections as though fully

7  set forth herein.

8  Defendant objects to the request on the grounds that it seeks documents from a remote time

9  period.

10  Defendant objects to the request on the grounds that it seeks documents and

11  communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

12  *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

13  Defendant objects to the request on the grounds that it seeks documents that contain

14  confidential information protected by the right to privacy under the California or United States

15  Constitution or applicable statutory or common law.

16  Defendant objects to the request on the grounds that it seeks documents that contain

17  confidential business or proprietary information protected by trade secret.

18  Defendant objects to the request on the grounds that it seeks documents that are neither

19  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

20  Defendant objects to the request on the grounds that the request fails to designate the

21  documents to be inspected either by specifically describing each individual item or by reasonably

22  particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

23  (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

24  *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

25  Defendant objects to the request on the grounds that to comply with the request would be

26  an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

27  (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

28  Defendant.

OBJECTIONS TO NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR) AND
REQUESTS FOR PRODUCTION OF DOCUMENTS

1    Defendant objects to this request on the grounds it requests Defendant to search

2   electronically-stored information ("ESI") without regard to whether the ESI is reasonably

3   accessible, or whether it would impose and undue burden or cost to search, review, and produced

4   the ESI.

5    Defendant objects to this request on the grounds it seek information of Defendant and third

6   parties that is protected by the right to privacy.

7    Defendant objects to the request on the grounds that it is overly broad and unduly

8   burdensome.

9    Defendant objects to the request on the grounds that it is vague, ambiguous and

10  unintelligible.

11   Defendant objects to the request on the grounds that it is redundant with and duplicative of

12  other discovery propounded by Plaintiff to Defendant in this litigation.

13   Defendant objects to the request on the grounds that it improperly seeks discovery relating

14  to Defendant's financial condition in violation of California Civil Code § 3295.

15   Defendant objects to the request on the ground that it improperly seeks discovery relating

16  to Defendant's confidential financial affairs. *See Fortunato v. Superior Court* (2003) 114

17  Cal.App.4th 475, 480-481.

18   Defendant objects to the request to the extent it seeks the production of records protected

19  by the taxpayer privilege. *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

20  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

21  **OBJECTION TO REQUEST FOR PRODUCTION NO. 10:**

22   Defendant incorporates the Preliminary Statement and General Objections as though fully

23  set forth herein.

24   Defendant objects to the request on the grounds that it seeks documents from a remote time

25  period.

26   Defendant objects to the request on the grounds that it seeks documents and

27  communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

28  *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

21

1    Defendant objects to the request on the grounds that it seeks documents that contain

2 confidential information protected by the right to privacy under the California or United States

3 Constitution or applicable statutory or common law.

4    Defendant objects to the request on the grounds that it seeks documents that contain

5 confidential business or proprietary information protected by trade secret.

6    Defendant objects to the request on the grounds that it seeks documents that are neither

7 relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

8    Defendant objects to the request on the grounds that the request fails to designate the

9 documents to be inspected either by specifically describing each individual item or by reasonably

10 particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

11 (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

12 *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

13    Defendant objects to the request on the grounds that to comply with the request would be

14 an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

15 (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

16 Defendant.

17    Defendant objects to this request on the grounds it requests Defendant to search

18 electronically-stored information ("ESI") without regard to whether the ESI is reasonably

19 accessible, or whether it would impose and undue burden or cost to search, review, and produced

20 the ESI.

21    Defendant objects to this request on the grounds it seek information of Defendant and third

22 parties that is protected by the right to privacy.

23    Defendant objects to the request on the grounds that it is overly broad and unduly

24 burdensome.

25    Defendant objects to the request on the grounds that it is vague, ambiguous and

26 unintelligible.

27    Defendant objects to the request on the grounds that it is redundant with and duplicative of

28 other discovery propounded by Plaintiff to Defendant in this litigation.

OBJECTIONS TO NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR) AND
REQUESTS FOR PRODUCTION OF DOCUMENTS

1    Defendant objects to the request on the grounds that it improperly seeks discovery relating

2  to Defendant's financial condition in violation of California Civil Code § 3295.

3    Defendant objects to the request on the ground that it improperly seeks discovery relating

4  to Defendant's confidential financial affairs. *See Fortunato v. Superior Court* (2003) 114

5  Cal.App.4th 475, 480-481.

6    Defendant objects to the request to the extent it seeks the production of records protected

7  by the taxpayer privilege. *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

8  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

9  **OBJECTION TO REQUEST FOR PRODUCTION NO. 11:**

10    Defendant incorporates the Preliminary Statement and General Objections as though fully

11  set forth herein.

12    Defendant objects to the request on the grounds that it seeks documents from a remote time

13  period.

14    Defendant objects to the request on the grounds that it seeks documents and

15  communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

16  *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

17    Defendant objects to the request on the grounds that it seeks documents that contain

18  confidential information protected by the right to privacy under the California or United States

19  Constitution or applicable statutory or common law.

20    Defendant objects to the request on the grounds that it seeks documents that contain

21  confidential business or proprietary information protected by trade secret.

22    Defendant objects to the request on the grounds that it seeks documents that are neither

23  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

24    Defendant objects to the request on the grounds that the request fails to designate the

25  documents to be inspected either by specifically describing each individual item or by reasonably

26  particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

27  (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

28  *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

23

Defendant objects to the request on the grounds that to comply with the request would be an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the Defendant.

Defendant objects to this request on the grounds it requests Defendant to search electronically-stored information ("ESI") without regard to whether the ESI is reasonably accessible, or whether it would impose and undue burden or cost to search, review, and produced the ESI.

Defendant objects to this request on the grounds it seek information of Defendant and third parties that is protected by the right to privacy.

Defendant objects to the request on the grounds that it is overly broad and unduly burdensome.

Defendant objects to the request on the grounds that it is vague, ambiguous and unintelligible.

Defendant objects to the request on the grounds that it is redundant with and duplicative of other discovery propounded by Plaintiff to Defendant in this litigation.

Defendant objects to the request on the grounds that it improperly seeks discovery relating to Defendant's financial condition in violation of California Civil Code § 3295.

Defendant objects to the request on the ground that it improperly seeks discovery relating to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114 Cal.App.4th 475, 480-481.

Defendant objects to the request to the extent it seeks the production of records protected by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

## OBJECTION TO REQUEST FOR PRODUCTION NO. 12:

Defendant incorporates the Preliminary Statement and General Objections as though fully set forth herein.

Defendant objects to the request on the grounds that it seeks documents from a remote time period.

24

1    Defendant objects to the request on the grounds that it seeks documents and

2  communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

3  *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

4    Defendant objects to the request on the grounds that it seeks documents that contain

5  confidential information protected by the right to privacy under the California or United States

6  Constitution or applicable statutory or common law.

7    Defendant objects to the request on the grounds that it seeks documents that contain

8  confidential business or proprietary information protected by trade secret.

9    Defendant objects to the request on the grounds that it seeks documents that are neither

10  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

11    Defendant objects to the request on the grounds that the request fails to designate the

12  documents to be inspected either by specifically describing each individual item or by reasonably

13  particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

14  (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

15  *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

16    Defendant objects to the request on the grounds that to comply with the request would be

17  an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

18  (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

19  Defendant.

20    Defendant objects to this request on the grounds it requests Defendant to search

21  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

22  accessible, or whether it would impose and undue burden or cost to search, review, and produced

   the ESI.

23    Defendant objects to this request on the grounds it seek information of Defendant and third

24  parties that is protected by the right to privacy.

25    Defendant objects to the request on the grounds that it is overly broad and unduly

26  burdensome.

27    Defendant objects to the request on the grounds that it is vague, ambiguous and

28  unintelligible.

1    Defendant objects to the request on the grounds that it is redundant with and duplicative of

2  other discovery propounded by Plaintiff to Defendant in this litigation.

3    Defendant objects to the request on the grounds that it improperly seeks discovery relating

4  to Defendant's financial condition in violation of California Civil Code § 3295.

5    Defendant objects to the request on the ground that it improperly seeks discovery relating

6  to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

7  Cal.App.4th 475, 480-481.

8    Defendant objects to the request to the extent it seeks the production of records protected

9  by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

10  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

11  **OBJECTION TO REQUEST FOR PRODUCTION NO. 13:**

12    Defendant incorporates the Preliminary Statement and General Objections as though fully

13  set forth herein.

14    Defendant objects to the request on the grounds that it seeks documents from a remote time

15  period.

16    Defendant objects to the request on the grounds that it seeks documents and

17  communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

18  *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

19    Defendant objects to the request on the grounds that it seeks documents that contain

20  confidential information protected by the right to privacy under the California or United States

21  Constitution or applicable statutory or common law.

22    Defendant objects to the request on the grounds that it seeks documents that contain

23  confidential business or proprietary information protected by trade secret.

24    Defendant objects to the request on the grounds that it seeks documents that are neither

25  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

26    Defendant objects to the request on the grounds that the request fails to designate the

27  documents to be inspected either by specifically describing each individual item or by reasonably

28  particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

26

1   (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

2   *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

3        Defendant objects to the request on the grounds that to comply with the request would be

4   an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

5   (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

6   Defendant.

7        Defendant objects to this request on the grounds it requests Defendant to search

8   electronically-stored information ("ESI") without regard to whether the ESI is reasonably

9   accessible, or whether it would impose and undue burden or cost to search, review, and produced

10   the ESI.

11        Defendant objects to this request on the grounds it seek information of Defendant and third

12   parties that is protected by the right to privacy.

13        Defendant objects to the request on the grounds that it is overly broad and unduly

14   burdensome.

15        Defendant objects to the request on the grounds that it is vague, ambiguous and

16   unintelligible.

17        Defendant objects to the request on the grounds that it is redundant with and duplicative of

18   other discovery propounded by Plaintiff to Defendant in this litigation.

19        Defendant objects to the request on the grounds that it improperly seeks discovery relating

20   to Defendant's financial condition in violation of California Civil Code § 3295.

21        Defendant objects to the request on the ground that it improperly seeks discovery relating

22   to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

23   Cal.App.4th 475, 480-481.

24        Defendant objects to the request to the extent it seeks the production of records protected

25   by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

26   *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 14:**

27        Defendant incorporates the Preliminary Statement and General Objections as though fully

28   set forth herein.

<div align="center">27</div>

1    Defendant objects to the request on the grounds that it seeks documents from a remote time
2    period.

3    Defendant objects to the request on the grounds that it seeks documents and
4    communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*
5    *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

6    Defendant objects to the request on the grounds that it seeks documents that contain
7    confidential information protected by the right to privacy under the California or United States
8    Constitution or applicable statutory or common law.

9    Defendant objects to the request on the grounds that it seeks documents that contain
10   confidential business or proprietary information protected by trade secret.

11   Defendant objects to the request on the grounds that it seeks documents that are neither
12   relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

13   Defendant objects to the request on the grounds that the request fails to designate the
14   documents to be inspected either by specifically describing each individual item or by reasonably
15   particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.
16   (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*
17   *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

18   Defendant objects to the request on the grounds that to comply with the request would be
19   an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*
20   (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the
     Defendant.

21   Defendant objects to this request on the grounds it requests Defendant to search
22   electronically-stored information ("ESI") without regard to whether the ESI is reasonably
23   accessible, or whether it would impose and undue burden or cost to search, review, and produced
24   the ESI.

25   Defendant objects to this request on the grounds it seek information of Defendant and third
26   parties that is protected by the right to privacy.

27   Defendant objects to the request on the grounds that it is overly broad and unduly
28   burdensome.

28

1    Defendant objects to the request on the grounds that it is vague, ambiguous and

2  unintelligible.

3    Defendant objects to the request on the grounds that it is redundant with and duplicative of

4  other discovery propounded by Plaintiff to Defendant in this litigation.

5    Defendant objects to the request on the grounds that it improperly seeks discovery relating

6  to Defendant's financial condition in violation of California Civil Code § 3295.

7    Defendant objects to the request on the ground that it improperly seeks discovery relating

8  to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

9  Cal.App.4th 475, 480-481.

10    Defendant objects to the request to the extent it seeks the production of records protected

11  by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

12  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

13

14  DATED:  April 24, 2025                    LINER FREEDMAN TAITELMAN + COOLEY, LLP

15

16                                          Bryan J. Freedman, Esq.
                                           Sean M. Hardy, Esq.
17                                          Jason H. Sunshine, Esq.
                                           Attorneys for Defendant
18                                          VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)

19

20

21

22

23

24

25

26

27

28

OBJECTIONS TO NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR) AND
REQUESTS FOR PRODUCTION OF DOCUMENTS

**PROOF OF SERVICE**

1

2  **STATE OF CALIFORNIA**        ]
                                   ]  **ss.**
3  **COUNTY OF LOS ANGELES**      ]

4

5        I am employed in the County of Los Angeles, State of California.  I am over the age of
   18 and not a party to the within action; my business address is 1801 Century Park West, 5th Floor,
   Los Angeles, California 90067.

6

7        On **April 24, 2025**, I served the foregoing document(s) entitled **OBJECTIONS TO
   NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR
   VINCENT) AND REQUESTS FOR PRODUCTION OF DOCUMENTS** on the interested
8  parties in this action as follows:

9  | Brian L. Williams | BWilliams@GGTrialLaw.com |
   | Claire-Lise Y. Kutlay | CKutlay@GGTrialLaw.com |
10 | Matthew T. Hale | MHale@GGTrialLaw.com |
   | Philip A. Horlacher | PHorlacher@GGTrialLaw.com |
11 | Kathie Lee | KLee@GGTrialLaw.com |
   | Crystal M. Rose | CRose@GGTrialLaw.com |
12 | Maria Sance | MSance@GGTrialLaw.com |
   | GREENBERG GROSS LLP | |
13 | 601 S. Figueroa Street, 30th Floor | |
   | Los Angeles, California 90017 | |
14 | Tel. (213) 334-7000 | |
   | Fax. (213) 334-7001 | |
15
16 | *Attorneys for Plaintiff Asta Jonasson* | |
17

18

19  ☒ **By Overnight Mail:**  by placing the document(s) listed above in a sealed Federal Express
       envelope and affixing a pre-paid air bill and causing the envelope to be delivered to a Federal
20     Express agent for next business day delivery to the address(es) listed below.

21      I declare under penalty of perjury under the laws of the State of California that the above is
   true and correct.  Executed on **April 24, 2025**, at Los Angeles, California.

22

23

24                               */s/ Vaneta D. Birtha*
25                                Vaneta D. Birtha

26

27

28

                                            i
                                  PROOF OF SERVICE

# EXHIBIT 6



Matthew T. Hale
Direct Dial: (213) 334-7060
MHale@GGTrialLaw.com

May 1, 2025

**VIA EMAIL ONLY**

Bryan J. Freedman
Sean M. Hardy
Jason Sunshine
FREEDMAN TAITELMAN + COOLEY LLP
1801 Century Park West, 5th Floor
Los Angles, CA 90067
bfreedman@ftlllp.com
smhardy@ftlllp.com
jsunshine@ftlllp.com

> Re:    *Asta Jonasson v. One Race Films, Inc., et al.*

Counsel:

I write to meet and confer regarding Vin Diesel's general objections to Plaintiff's deposition subpoena.

First, Mr. Diesel's objection based on scheduling is not well-taken. Plaintiff is not required to "clear dates" before noticing a deposition. A deposition subpoena is valid if it complies with the timing and service requirements of Code of Civil Procedure sections 2025.210 and 2020.220. Plaintiff already initiated a good faith effort to coordinate the deposition, and your office failed to respond in any way until making the instant objection.

Second, Mr. Diesel's objection regarding in-person attendance misinterprets the CCP § 2025.310. The deponent cannot simply elect to be separate from the attorney taking the deposition. It is the attorney or party's election to physically present at the location of the deponent: "Subject to Section 2025.420, any party or attorney of record may, but is not required to, be physically present at the deposition at the location of the deponent."

Third, Mr. Diesel again fails to even straightforwardly assert that he in fact lives more than 150 miles from our office in Downtown Los Angeles, where the deposition is to take place. Instead, Mr. Diesel again uses the qualifying language, "to the extent the deposition is noticed for a location more than 150 miles from Defendant's residence." Mr. Diesel's objection is so vague and uncertain as to operate as a waiver of any such objection. My April 7, 2025 letter even inquired about this previously stated objection, but Mr. Diesel chose to reuse this equivocal objection nonetheless.

**Greenberg Gross LLP**

May 1, 2025
Page 2

Fourth, Ms. Jonasson's deposition has not been noticed for any future date, no less in the "reasonably near future," as required by the related LASC Local Rule. Defendant has chosen to not re-notice Plaintiff's deposition since early 2024.

Fifth, there is no seven hour limit applicable to employment cases, like this one. (CCP § 2025.290(b)(4)). Further, the notice does not assume any such time period.

Sixth, the objection regarding a failure to comply with requirements of a deposition notice lacks any specificity as to what requirements the notice fails to comply with. This objection should be disregarded due to its ambiguity.

Seventh, this objection does not relate to Mr. Diesel sitting for his deposition but rather to the documents demanded in the notice. This dispute will be addressed elsewhere.

Eighth, the objection merely asserts good cause exists to stay the deposition pending the MJOP. The cases cited, *Silver v. City of Los Angeles* (1966) 245 Cal. App. 2d 673 and *Terminal Equip. Co. v. City* (1990) 221 Cal. App. 3d 234 do not stand for this proposition. *Terminal* and *Silver* are both cases where a plaintiff has yet to get past the pleadings stage and the court stated that the plaintiff had to state at least one cause of action before discovery or deposition would be permitted. Of course, this matter is past the pleadings stage, and the MJOP does not even relate to each and every cause of action. Furthermore, the Defendants would need to file a Motion to Stay Discovery in order to stay fact discovery, and they have not done so.

Please let us know when you are available for a call on these topics tomorrow or early next week. Thereafter, we will need to seek relief from the Court.

Very truly yours,

Matthew T. Hale

# EXHIBIT 7

| | |
|---|---|
| **From:** | Jason Sunshine <jsunshine@lftcllp.com> |
| **Sent:** | Friday, May 9, 2025 5:18 PM |
| **To:** | Matthew T. Hale |
| **Cc:** | Sean M. Hardy; Bryan Freedman; Joanna Rivera; Miles Cooley; Vaneta Birtha; Jemma E. Dunn; Brian Williams |
| **Subject:** | [EXT] RE: Jonasson v. Diesel, et al. |

Matt:

Further to our meet and confer discussion on Monday, we can confirm that Samantha Vincent is available for deposition on May 29.  Non-party Valentino Morales is available for deposition on June 3.  Vin Diesel is available in-person on June 24 and June 25.  Please confirm those dates, so we can lock them in.  We are in the process of obtaining availability from non-party Thyrale Thai and should be in a position to offer the same to you next week.  Additionally, per our prior request and discussion, please provide Ms. Jonasson's availability for deposition during this period.  Finally, per our prior proposal and discussion on Monday, we reiterate that we have confirmed that Department 71 accepts stipulations and proposed orders to continue trial dates, and that we are amenable to doing so given your protestations regarding timing constraints.

Thanks,
Jason


Jason H. Sunshine, Esq.
LINER FREEDMAN TAITELMAN + COOLEY LLP
1801 Century Park West, 5th Floor
Los Angeles, California  90067
Tel: (310) 201-0005
Direct: (310) 201-4285
Cell: (917) 841-8716
Fax: (310) 201-0045
Web: www.lftcllp.com

*Please note that LFTC's domain name has changed from ftllp.com to lftcllp.com. Emails sent from this domain are not spam.*

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and, as such, is privileged and confidential. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

# EXHIBIT 8

**From:** Matthew T. Hale
**Sent:** Tuesday, May 13, 2025 10:12 AM
**To:** Jason Sunshine
**Cc:** Sean M. Hardy; Bryan Freedman; Joanna Rivera; Miles Cooley; Vaneta Birtha; Jemma E. Dunn; Brian Williams
**Subject:** RE: Jonasson v. Diesel, et al.

Hi Jason,

Yes, I'll presume the in-person location is Los Angeles, but please let us know immediately if this is not correct. In the interim, we'll notice them for our LA office. I can confirm the dates for Valentino Morales (6/3) and Vin Diesel (6/24-25). We will notice these depositions shortly.

We will need additional dates for Samantha Vincent's deposition as 5/29 does not work for us. Please provide those and dates for Ms. Thai as soon as possible. Thank you.

We are not amenable to continuing the trial.

**Matthew T. Hale**
**Counsel - Assistant Director of Litigation | Greenberg Gross LLP**

One Summerlin | 1980 Festival Plaza Drive | Suite 730 | Las Vegas, NV 89135
Direct 702.777.0891 | Main 702.777.0888
MHale@GGTrialLaw.com



Los Angeles | Orange County | Las Vegas | New York

# EXHIBIT 9

1  BRIAN L. WILLIAMS, State Bar No. 227948
    *BWilliams@GGTrialLaw.com*
2  JEMMA E. DUNN, State Bar No. 258454
    *JDunn@GGTrialLaw.com*
3  MATTHEW T. HALE, State Bar No. 303826
    *MHale@GGTrialLaw.com*
4  GREENBERG GROSS LLP
   601 S. Figueroa Street, 30th Floor
5  Los Angeles, California 90017
   Telephone: (213) 334-7000
6  Facsimile: (213) 334-7001

7  Attorneys for Plaintiff Asta Jonasson

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

10

| | |
|---|---|
| 11  ASTA JONASSON, an individual, | Case No. 23STCV31143 |
| 12          Plaintiff, | Assigned for All Purposes to: Hon. Daniel M. Crowley, Dept. 71 |
| 13          v. | **AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT) AND REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| 14  VIN DIESEL (f/k/a Mark Sinclair Vincent), an individual; SAMANTHA VINCENT, an | |
| 15  individual; ONE RACE PRODUCTIONS, INC., a California corporation; ONE RACE | |
| 16  FILMS, INC., a California corporation; and DOES 1 to 20, inclusive, | Date:    June 24-25, 2025 |
| 17          Defendants. | Time:    9:00 a.m. Place:    Greenberg Gross LLP |
| 18  | 601 S. Figueroa Street, 30th Floor Los Angeles, CA 90017 |
| 19  | |
| 20  | Action Filed:    December 21, 2023 Trial Date:    August 18, 2025 |

21

22

23

24

25

26

27

28

1  TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2        PLEASE TAKE NOTICE that, pursuant to Code of Civil Procedure Section 2025.010 *et*

3  *seq.*, Plaintiff Asta Jonasson will take the deposition of defendant Vin Diesel (f/k/a Mark Sinclair

4  Vincent).  The deposition will take place at the office of Greenberg Gross LLP, 601 S. Figueroa

5  Street, 30th Floor, Los Angeles, California 90017.  The deposition shall commence on June 24-25,

6  2025, at 9:00 a.m. and shall continue from day to day thereafter until completed.  The deposition

7  will be recorded using audio or video technology and will be conducted using the stenographic

8  method.

9        **PLEASE TAKE FURTHER NOTICE THAT**, pursuant to Code of Civil Procedure

10  Section 2034.415, the Deponent is directed to produce the documents and things set forth below

11  no later than three business days before the deposition.

12  <div align="center">**<u>DEFINITIONS</u>**</div>

13        Words in ALL CAPITAL LETTERS in these definitions, instructions, and Requests are

14  defined as follows:

15        1.     The term "DOCUMENT(S)" means all documents and electronically stored

16  information—including but not limited to all emails, text messages, writings, drawings, graphs,

17  charts, photographs, video and sound recordings, images, worksheets, and other data and data

18  compilations—stored in any medium from which information can be obtained either directly or, if

19  necessary, after translation into a reasonably usable form, and includes COMMUNICATIONS.

20        2.     The term "COMMUNICATION(S)" means and refers to all correspondence,

21  discussions, conversations, interviews, telephone calls, emails, instant messages, voice mail

22  messages, negotiations, notices, agreements, understandings, meetings, recordings, audiotapes,

23  videotapes, transcripts, facsimiles, telegrams, charts, spreadsheets, visual images, presentations,

24  and all other transmissions of information, thoughts, documents, electronically stored information,

25  or ideas between two or more PERSONS.

26        3.     The terms "YOU" and "YOUR" means and refers to defendant Vin Diesel.

27        4.     The terms "any" and "all" are interchangeable and shall be construed disjunctively,

28  conjunctively, or both, as necessary to bring within the scope of this discovery request all matters

AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)
AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1  which might otherwise be construed to be outside of its scope.

2      5.    The term "each" means "each and every."

3      6.    The term "including" means "including, but not limited to."

4      7.    The use of the singular form of any word includes the plural and vice versa.

5                              **INSTRUCTIONS**

6      1.    The original of each responsive item (or a legible copy if the original is not within

7  YOUR possession, custody, or control) shall be identified and produced at the above-stated date,

8  time, and place unless complete and legible copies of each responsive item are received at the

9  above-referenced address on or before the specified production date.  Any such production of

10 copies is without prejudice to Propounding Party's right to inspect and/or copy the original of each

11 DOCUMENT or tangible thing at a future date.

12     2.    These Requests seek the production of DOCUMENTS, and electronically stored

13 information ("ESI"), in their native format, unless some other format is agreed to in writing by

14 Propounding Party's counsel of record.

15     3.    ESI must be produced with all "metadata" intact. ("Metadata" means the data

16 embedded in electronic versions of a document that show how, when and by whom the document

17 was created, accessed or modified.)

18     4.    Any request for a DOCUMENT shall be construed to include any and all drafts,

19 versions, or revisions of such DOCUMENT.

20     5.    These Requests seek the production of all responsive DOCUMENTS within YOUR

21 possession, custody, or control, regardless of whether such DOCUMENTS are possessed directly

22 by YOU.

23     6.    In the event any DOCUMENTS responsive to these Requests are withheld from

24 production based upon a claim of attorney-client privilege, attorney work-product doctrine, or any

25 other privilege or protection from discovery, YOU are requested to provide a privilege log in

26 which YOU explain the basis of the privilege or other protection you are claiming, and provide a

27 description of the DOCUMENTS YOU are withholding sufficient to support the basis for

28 withholding the DOCUMENTS.

AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)
AND REQUESTS FOR PRODUCTION OF DOCUMENTS

7.    The conjunctive "and" should be interpreted in the disjunctive to include the term "or" and vice versa.

8.    The singular form of a word should be interpreted in the plural and vice versa.

9.    If YOUR response to any Request is that the DOCUMENTS are not in YOUR possession, custody, or control, describe in detail the efforts YOU made to locate such DOCUMENTS.

10.    If any responsive DOCUMENT was at one time in YOUR possession, custody, or control, but has been disposed of, lost, discarded, destroyed, or is no longer in YOUR possession, custody, or control for any other reason, then do the following with respect to each and every such DOCUMENT:

    a.    describe the nature of the DOCUMENT, letter or memorandum;

    b.    state the date of the DOCUMENT;

    c.    identify the PERSONS who sent and received the original and copies of the DOCUMENT, specifying its author, addressee, and all PERSONS to whom copies were furnished, or saw same;

    d.    state in as much detail as possible the subject matter and contents of the DOCUMENT; and

    e.    state when the DOCUMENT was in YOUR possession, custody, or control.

If objection is made to any part of a particular Request, that part should be specified in writing (together with the grounds for the objection), and any other portion of the Request to which no objection is made should be answered.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS maintained by YOU that contain the name of plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS relating to plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 3:**

All emails referring to plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 4:**

All emails sent between YOU and plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 5:**

All voicemail messages YOU received from plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 6:**

All text messages YOU received from or sent to plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 7:**

All audio recordings of plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 8:**

All video recordings of plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 9:**

All photographs of plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 10:**

All statements, declarations, and/or affidavits signed by YOU regarding the instant lawsuit.

**REQUEST FOR PRODUCTION NO. 11:**

All unsigned drafts of statements, declarations, and/or affidavits reflecting YOUR name, regarding the instant lawsuit.

**REQUEST FOR PRODUCTION NO. 12:**

All notes or records relating to plaintiff Asta Jonasson.

**REQUEST FOR PRODUCTION NO. 13:**

All text messages YOU received relating to plaintiff Asta Jonasson.

///
///
///
///
///
///
///

AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)
AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1

**REQUEST FOR PRODUCTION NO. 14:**

2

     All text messages YOU sent relating to plaintiff Asta Jonasson.

3

4    DATED:  May 13, 2025               GREENBERG GROSS LLP

5

6
                                By:

7                                   Brian L. Williams

8                                   Jemma E. Dunn
                               Matthew T. Hale

9                                   Attorneys for Plaintiff Asta Jonasson

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)
AND REQUESTS FOR PRODUCTION OF DOCUMENTS

# **PROOF OF SERVICE**

**Asta Jonasson v. Vin Diesel (f/k/a Mark Sinclair Vincent), et al.**
**Case No. 23STCV31143**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 601 S. Figueroa Street, 30th Floor, Los Angeles, CA 90017.

On May 13, 2025, I served true copies of the following document(s) described as **AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT) AND REQUESTS FOR PRODUCTION OF DOCUMENTS** on the interested parties in this action as follows:

Bryan J. Freedman, Esq.
Sean M. Hardy, Esq.
Jason H. Sunshine, Esq.

**LINER FREEDMAN & TAITELMAN +**
**COOLEY, LLP**
1801 Century Park West, Fifth Floor
Los Angeles, CA 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045
Emails: bfreedman@lftcllp.com;
       smhardy@lftcllp.com;
       jsunshine@lftcllp.com;              Attorneys for Defendants Once Race Films, Inc.,
       vbirtha@lftcllp.com;               One Race Production, Inc., Vin Diesel f/k/a Mark
       cpuello@lftcllp.com;               Sinclair Vincent, and Samantha Vincent

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address HNunez@GGTrialLaw.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 13, 2025, at Los Angeles, California.

_____
Hazelle T Nunez

AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)
AND REQUESTS FOR PRODUCTION OF DOCUMENTS

# EXHIBIT 10

1

2    LINER FREEDMAN TAITELMAN + COOLEY, LLP
     Bryan J. Freedman, Esq. (SBN 151990)
3    Sean M. Hardy, Esq. (SBN 266466)
     Jason Sunshine (SBN 336062)
4    1801 Century Park East, 5th Floor
     Los Angeles, CA 90067
5    Tel: (310) 201-0005
     bfreedman@lftcllp.com
6    smhardy@lftcllp.com
     jsunshine@lftcllp.com

7    Attorneys for Defendant
     VIN DIESEL (F/K/A MARK SINCLAIR VINCENT)

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **FOR THE COUNTY OF LOS ANGELES**

10

11   ASTA JONASSON, an individual,              | Case No.: 23STCV31143

12                Plaintiff,                     | [Assigned for all purposes to Judge Daniel M. Crowley, Dept. 71]

13        vs.                                    | **OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT) AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

14   VIN DIESEL (f/k/a Mark Sinclair Vincent), an individual; SAMANTHA VINCENT, an

15   individual; ONE RACE PRODUCTIONS, INC., a California corporation; ONE RACE

16   FILMS, INC., a California corporation; and DOES 1 to 20, inclusive,

17

18                Defendants.

Date:  June 24-25, 2025
Time:  9:00 a.m.
Place: Greenberg Gross LLP
       601 S. Figueroa Street, 30th Floor
       Los Angeles, CA 90017

19

20

21

22

23

24

25

26

27

28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Vin Diesel ("Defendant"), pursuant to *Code of Civil Procedure* section 2025.410, hereby objects to Plaintiff Asta Jonasson's amended notice of the June 24 to June 25, 2025 deposition of Defendant (the "Notice"), on the following grounds:

<div align="center">

**I.**

**OBJECTIONS TO NOTICE OF DEPOSITION**

</div>

1.     The Defendant is no longer available to attend on the date and time specified in the Notice.

2.     The deposition was improperly noticed to require Defendant's in-person attendance at the offices of Plaintiff's counsel in the presence of a deposition officer. Defendant objects and elects pursuant to Code of Civil Procedure Section 2025.310(a), that any deposition proceed via remote means, that the deposition officer not be physically present at the time of the deposition, and that Defendant not be physically present at the time of the deposition.

3.     Defendant objects to the Notice to the extent the deposition is noticed for a location more than 150 miles from Defendant's residence, in violation of *Code of Civil Procedure* section 2025.250, subsection (a) and Code of Civil Procedure section 1989. See generally Toyota Motor Corp. v. Superior Court (2011) 197 Cal.App.4th 1107.

4.     Defendant objects to the Notice in that it violates the seven-hour limitation on the length of a deposition mandated by *Code of Civil Procedure* section 2025.290. The Notice improperly requires that the deposition to continue "day-to-day" until completed. The Notice improperly calls for Defendant's deposition on two consecutive dates. The burden on Defendant of an endless deposition outweighs the needs of the case.

5.     Defendant objects to the notice of deposition in that it is reasonably calculated to result in the disclosure of sensitive, proprietary, or confidential business information or trade secrets. Defendant objects into any inquiry into matters protected by Defendant's right to privacy, including without limitation Defendant's sexual history and financial condition. Defendant is entitled to a protective order pursuant to Code of Civil Procedure Section 2025.420 and Civil Code Section 3295 to prevent inquiry into improper subject matter and topics.

1

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

6.    Defendant objects to the location of the deposition set forth in the Notice, as such location is inadequate to protect Defendant's personal safety and privacy.  Defendant will meet and confer regarding the taking of a remote video deposition and potential alternative locations.

7.    Defendant objects to the Notice to the extent it fails to comply with the requirements on Code of Civil Procedure section 2025.210, *et seq.*

8.    Defendant objects that the deposition was noticed for a period in which a dispositive motion is pending.  Good cause exists to stay any deposition until after a ruling on such motion.  <u>Silver v. City of Los Angeles</u> (1966) 245 Cal. App. 2d 673; <u>Terminals Equip. Co. v. City</u> (1990) 221 Cal.App.3d 234, 247.

**II.**

**<u>INTRODUCTORY STATEMENT REGARDING REQUESTS FOR PRODUCTION</u>**

The following responses are made solely for the purpose of this action.  Any document or thing supplied in response to any request is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any ground that would require the exclusion of any document or thing, or portion thereof, if such document or thing were offered in evidence, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

No incidental or implied admissions are intended by the responses herein.  The fact that Defendant has supplied, or has agreed to supply, or hereafter agree to supply, a document or thing in response to any request should not be taken as an admission that the Defendant accepts or admits the existence of any facts set forth or assumed by such request or in said document, or that such document or thing constitutes admissible evidence.  The fact that Defendant has supplied, or has agreed to supply, or hereafter agrees to supply any document or thing in response to any request is not intended to be and shall not be construed to be a waiver of any part of any objection to any such request, or any part of any General Objection.

The responses herein only apply to those documents or things currently in Defendant's possession.  Defendant has not completed investigation of the facts relating to this matter, completed discovery in this matter, or completed preparation for trial in this matter.  Accordingly,

1  Defendant reserve all rights with respect to documents or things which may be subsequently

2  located or discovered, including, without limitation, the right to use such documents at trial, and

3  further reserves any and all rights and any and all objections to any responsive documents or

4  things which may hereafter come into Defendant's possession, or which hereafter may be

5  determined to be within the scope of any such request.  Defendant disclaims any legal obligation

6  to supplement the responses herein.

7                                              **III.**

8                    **GENERAL OBJECTIONS TO REQUESTS FOR PRODUCTION**

9        1.    Objection:    Defendant objects to the production and inspection of documents at

10  the offices of Plaintiff's counsel at their own expense.  Defendant may be unable to locate all

11  requested documents by the date specified for production and, therefore, a mutually convenient

12  time and date can be ascertained by contacting the undersigned to make appropriate arrangement.

13  Should Defendant in the future locate any relevant requested documents now in existence but not

14  yet located, Defendant will so advise counsel for Plaintiff, subject to the objections and comments

15  set forth in these responses.

16        2.    Objection:    Defendant objects to the instructions to the extent that they conflict

17  with the provisions of Code of Civil Procedure section 2031.010. et seq., or seek to impose

18  additional obligations upon Defendant beyond those set forth under Code of Civil Procedure

19  section 2031.010.   Defendant will respond within the requirements of Code of Civil Procedure

20  section 2031.010. et seq.

21        3.    Objection:    Defendant objects to each and every request to the extent that it

22  requires the production of documents or things, which have previously been made available to the

23  Plaintiff, are equally available to the Plaintiff, or are public records.

24        4.    Objection:    Defendant objects to each and every request to the extent it seeks

25  original documents, except where there is a legitimate dispute as to the legibility or authenticity of

26  a copy.

27        5.    Objection: to each and every request to the extent it seeks the production of

28  documents or things not in the possession, custody or control of Defendant.  Defendant would

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK
SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1  produce only those documents or things, if any, in the possession of Defendant, and would
2  produce documents, if any, in the manner kept by Defendant the usual course of business.

3    6.    Objection:    Defendant objects to the definitions contained in the requests in that
4  they are incomplete, vague, ambiguous, unintelligible, overbroad and oppressive, and seek to
5  impose obligations on Defendant beyond those imposed by the California Code of Civil
6  Procedure.

7    7.    Objection:    Defendant objects to each request to the extent that it seeks
8  information protected from disclosure by the attorney client privilege, the attorney work product
9  doctrine, the common interest privilege, the joint defense privilege or any other applicable
10  privilege or doctrine.  Nothing herein is intended to be, nor shall in any way be construed as, a
11  waiver of any attorney-client privilege, work product doctrine, the common interest privilege, the
12  joint defense privilege or any other applicable privilege or doctrine.  To the extent any request
13  may be construed as calling for disclosure of information protected by such privilege or doctrine, a
14  continuing objection to such Request is hereby interposed.  No such privileged information will be
15  provided.  In the event any privileged information is provided in connection with these responses,
16  such disclosure is inadvertent and is not intended to be, and shall not be deemed, a waiver of such
17  privilege.

18    8.    Objection:    Defendant objects to each request to the extent it seeks information
19  that is confidential, proprietary, a trade secret or private, or otherwise calls for information
20  protected by the right of privacy contained in Article I, Section 1 of the Constitution of the State of
21  California, in the United States Constitution or any other applicable privilege or protection
22  recognized under statute or applicable case law.

23    9.    Objection:    Defendant objects to each and every request to the extent it seeks
24  information that may violate the financial privacy rights of Defendant, third parties and individuals
25  who are protected under the California Constitution.

26    10.    Objection:    Defendant objects to each request to the extent it seeks information
27  not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery
28  of admissible evidence and would subject Defendant to oppression, harassment, and undue burden

4

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK
SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1   and expense not commensurate with any legitimate discovery need.

2          11.    Objection:    Defendant further objects to each request to the extent that it seeks a

3   legal conclusion and/or an expert opinion.

4          12.    Objection:    Defendant objects to each request to the extent that it seeks

5   information already in the possession, custody, or control of Plaintiff.

6          13.    Objection:    Defendant objects to each request to the extent it is argumentative

7   and without any foundation.

8          14.    Objection:    Defendant objects to each request to the extent it seeks the

9   production, identification, or disclosure of documents or information for periods of time other than

10  periods relevant to the claims in the Complaint, or other than periods of time properly subject to

11  discovery.

12         15.    Objection:    Defendant objects to each request to the extent it seeks the

13  disclosure of sensitive, proprietary, or confidential business information or trade secrets.

14         16.    Objection:    Defendant objects to each request to the extent that it seeks the

15  production, identification, or disclosure of documents or information that are not limited in time or

16  scope.

17         17.    Objection:    Defendant objects to each request on the grounds it requests

18  Defendant to search electronically-stored information ("ESI") without regard to whether the ESI is

19  reasonably accessible, or whether it would impose and undue burden or cost to search, review, and

20  produced the ESI.

21         18.    Objection:    Because Defendant have not concluded their discovery and

22  investigation in this action, they specifically reserve the right to amend and/or supplement their

23  responses to the requests.

24         19.    Objection:    Defendant objects to the 14 requests for production of documents,

25  and each of them.  Plaintiff served the requests for production of documents on April 7, 2025 by

26  electronic service.  Such a time frame is insufficient under the *California Code of Civil Procedure*,

27  which contemplates 32 days when responding to document requests served by electronic service.

28  *See* Cal. Code Civ. Proc. §§  2031.260; 1013(e).

5

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK
SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

20.    Objection:    Defendant objects to the definition of "DOCUMENTS" to the extent that it conflicts with the provisions of *Evidence Code* section 250 and/or the *Code of Civil Procedure* section 2031.010. *et seq.,* or seek to impose additional obligation upon Defendant beyond those set forth under *Code of Civil Procedure* section 2031.010.

21.    Objection:    Defendant objects to the definition of the term "DOCUMENT(S)" to the extent that it is vague, ambiguous, and overbroad.

22.    Objection:    Defendant objects to the definition of the term "COMMUNICATION(S)" to the extent that it is vague, ambiguous, and overbroad.

23.    Objection:    Defendant objects to the definition of the term "YOU" to the extent that it is vague, ambiguous, and overbroad.

25.    Objection:    Defendant objects to the definition of the term "YOUR" to the extent that it is vague, ambiguous, and overbroad.

Defendant incorporates by reference these general objections to each response below.

**IV.**
**OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**OBJECTION TO REQUEST FOR PRODUCTION NO. 1:**

Defendant incorporates the Preliminary Statement and General Objections as though fully set forth herein.

Defendant objects to the request on the grounds that it seeks documents from a remote time period.

Defendant objects to the request on the grounds that it seeks documents and communications protected by the attorney-client privilege, work product doctrine (*See, Coito v. Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

Defendant objects to the request on the grounds that it seeks documents that contain confidential information protected by the right to privacy under the California or United States Constitution or applicable statutory or common law.

Defendant objects to the request on the grounds that it seeks documents that contain confidential business or proprietary information protected by trade secret.

Defendant objects to the request on the grounds that it seeks documents that are neither

relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Defendant objects to the request on the grounds that the request fails to designate the documents to be inspected either by specifically describing each individual item or by reasonably particularizing each category of item as required by *Code of Civil Procedure* section 2031.030. (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

Defendant objects to the request on the grounds that to comply with the request would be an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the Defendant.

Defendant objects to this request on the grounds it requests Defendant to search electronically-stored information ("ESI") without regard to whether the ESI is reasonably accessible, or whether it would impose and undue burden or cost to search, review, and produced the ESI.

Defendant objects to this request on the grounds it seek information of Defendant and third parties that is protected by the right to privacy.

Defendant objects to the request on the grounds that it is overly broad and unduly burdensome.

Defendant objects to the request on the grounds that it is vague, ambiguous and unintelligible.

Defendant objects to the request on the grounds that it is redundant with and duplicative of other discovery propounded by Plaintiff to Defendant in this litigation.

Defendant objects to the request on the grounds that it improperly seeks discovery relating to Defendant's financial condition in violation of California Civil Code § 3295.

Defendant objects to the request on the ground that it improperly seeks discovery relating to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114 Cal.App.4th 475, 480-481.

Defendant objects to the request to the extent it seeks the production of records protected

7

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1    by the taxpayer privilege. *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

2    *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

3    **OBJECTION TO REQUEST FOR PRODUCTION NO. 2:**

4        Defendant incorporates the Preliminary Statement and General Objections as though fully

5    set forth herein.

6        Defendant objects to the request on the grounds that it seeks documents from a remote time

7    period.

8        Defendant objects to the request on the grounds that it seeks documents and

9    communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

10    *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

11        Defendant objects to the request on the grounds that it seeks documents that contain

12    confidential information protected by the right to privacy under the California or United States

13    Constitution or applicable statutory or common law.

14        Defendant objects to the request on the grounds that it seeks documents that contain

15    confidential business or proprietary information protected by trade secret.

16        Defendant objects to the request on the grounds that it seeks documents that are neither

17    relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

18        Defendant objects to the request on the grounds that the request fails to designate the

19    documents to be inspected either by specifically describing each individual item or by reasonably

20    particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

21    (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

22    *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

23        Defendant objects to the request on the grounds that to comply with the request would be

24    an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

25    (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

26    Defendant.

27        Defendant objects to this request on the grounds it requests Defendant to search

28    electronically-stored information ("ESI") without regard to whether the ESI is reasonably

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK
SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1  accessible, or whether it would impose and undue burden or cost to search, review, and produced

2  the ESI.

3       Defendant objects to this request on the grounds it seek information of Defendant and third

4  parties that is protected by the right to privacy.

5       Defendant objects to the request on the grounds that it is overly broad and unduly

6  burdensome.

7       Defendant objects to the request on the grounds that it is vague, ambiguous and

8  unintelligible.

9       Defendant objects to the request on the grounds that it is redundant with and duplicative of

10  other discovery propounded by Plaintiff to Defendant in this litigation.

11       Defendant objects to the request on the grounds that it improperly seeks discovery relating

12  to Defendant's financial condition in violation of California Civil Code § 3295.

13       Defendant objects to the request on the ground that it improperly seeks discovery relating

14  to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

15  Cal.App.4th 475, 480-481.

16       Defendant objects to the request to the extent it seeks the production of records protected

17  by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

18  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

19  **<u>OBJECTION TO REQUEST FOR PRODUCTION NO. 3:</u>**

20       Defendant incorporates the Preliminary Statement and General Objections as though fully

21  set forth herein.

22       Defendant objects to the request on the grounds that it seeks documents from a remote time

23  period.

24       Defendant objects to the request on the grounds that it seeks documents and

25  communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

26  *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

27       Defendant objects to the request on the grounds that it seeks documents that contain

28  confidential information protected by the right to privacy under the California or United States

9

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK
SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Constitution or applicable statutory or common law.

Defendant objects to the request on the grounds that it seeks documents that contain confidential business or proprietary information protected by trade secret.

Defendant objects to the request on the grounds that it seeks documents that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Defendant objects to the request on the grounds that the request fails to designate the documents to be inspected either by specifically describing each individual item or by reasonably particularizing each category of item as required by *Code of Civil Procedure* section 2031.030. (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

Defendant objects to the request on the grounds that to comply with the request would be an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the Defendant.

Defendant objects to this request on the grounds it requests Defendant to search electronically-stored information ("ESI") without regard to whether the ESI is reasonably accessible, or whether it would impose and undue burden or cost to search, review, and produced the ESI.

Defendant objects to this request on the grounds it seek information of Defendant and third parties that is protected by the right to privacy.

Defendant objects to the request on the grounds that it is overly broad and unduly burdensome.

Defendant objects to the request on the grounds that it is vague, ambiguous and unintelligible.

Defendant objects to the request on the grounds that it is redundant with and duplicative of other discovery propounded by Plaintiff to Defendant in this litigation.

Defendant objects to the request on the grounds that it improperly seeks discovery relating to Defendant's financial condition in violation of California Civil Code § 3295.

10

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1    Defendant objects to the request on the ground that it improperly seeks discovery relating

2 to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

3 Cal.App.4th 475, 480-481.

4    Defendant objects to the request to the extent it seeks the production of records protected

5 by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

6 *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

7 **OBJECTION TO REQUEST FOR PRODUCTION NO. 4:**

8    Defendant incorporates the Preliminary Statement and General Objections as though fully

9 set forth herein.

10    Defendant objects to the request on the grounds that it seeks documents from a remote time

11 period.

12    Defendant objects to the request on the grounds that it seeks documents and

13 communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

14 *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

15    Defendant objects to the request on the grounds that it seeks documents that contain

16 confidential information protected by the right to privacy under the California or United States

17 Constitution or applicable statutory or common law.

18    Defendant objects to the request on the grounds that it seeks documents that contain

19 confidential business or proprietary information protected by trade secret.

20    Defendant objects to the request on the grounds that it seeks documents that are neither

21 relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

22    Defendant objects to the request on the grounds that the request fails to designate the

23 documents to be inspected either by specifically describing each individual item or by reasonably

24 particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

25 (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

26 *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

27    Defendant objects to the request on the grounds that to comply with the request would be

28 an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK
SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1  (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

2  Defendant.

3          Defendant objects to this request on the grounds it requests Defendant to search

4  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

5  accessible, or whether it would impose and undue burden or cost to search, review, and produced

6  the ESI.

7          Defendant objects to this request on the grounds it seek information of Defendant and third

8  parties that is protected by the right to privacy.

9          Defendant objects to the request on the grounds that it is overly broad and unduly

10  burdensome.

11          Defendant objects to the request on the grounds that it is vague, ambiguous and

12  unintelligible.

13          Defendant objects to the request on the grounds that it is redundant with and duplicative of

14  other discovery propounded by Plaintiff to Defendant in this litigation.

15          Defendant objects to the request on the grounds that it improperly seeks discovery relating

16  to Defendant's financial condition in violation of California Civil Code § 3295.

17          Defendant objects to the request on the ground that it improperly seeks discovery relating

18  to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

19  Cal.App.4th 475, 480-481.

20          Defendant objects to the request to the extent it seeks the production of records protected

21  by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

22  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

23  **OBJECTION TO REQUEST FOR PRODUCTION NO. 5:**

24          Defendant incorporates the Preliminary Statement and General Objections as though fully

25  set forth herein.

26          Defendant objects to the request on the grounds that it seeks documents from a remote time

27  period.

28          Defendant objects to the request on the grounds that it seeks documents and

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1   communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

2   *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

3       Defendant objects to the request on the grounds that it seeks documents that contain

4   confidential information protected by the right to privacy under the California or United States

5   Constitution or applicable statutory or common law.

6       Defendant objects to the request on the grounds that it seeks documents that contain

7   confidential business or proprietary information protected by trade secret.

8       Defendant objects to the request on the grounds that it seeks documents that are neither

9   relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

10      Defendant objects to the request on the grounds that the request fails to designate the

11  documents to be inspected either by specifically describing each individual item or by reasonably

12  particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

13  (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

14  *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

15      Defendant objects to the request on the grounds that to comply with the request would be

16  an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

17  (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

18  Defendant.

19      Defendant objects to this request on the grounds it requests Defendant to search

20  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

21  accessible, or whether it would impose and undue burden or cost to search, review, and produced

22  the ESI.

23      Defendant objects to this request on the grounds it seek information of Defendant and third

24  parties that is protected by the right to privacy.

25      Defendant objects to the request on the grounds that it is overly broad and unduly

26  burdensome.

27      Defendant objects to the request on the grounds that it is vague, ambiguous and

28  unintelligible.

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK
SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1    Defendant objects to the request on the grounds that it is redundant with and duplicative of

2 other discovery propounded by Plaintiff to Defendant in this litigation.

3    Defendant objects to the request on the grounds that it improperly seeks discovery relating

4 to Defendant's financial condition in violation of California Civil Code § 3295.

5    Defendant objects to the request on the ground that it improperly seeks discovery relating

6 to Defendant's confidential financial affairs. *See Fortunato v. Superior Court* (2003) 114

7 Cal.App.4th 475, 480-481.

8    Defendant objects to the request to the extent it seeks the production of records protected

9 by the taxpayer privilege. *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

10 *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

11 **OBJECTION TO REQUEST FOR PRODUCTION NO. 6:**

12    Defendant incorporates the Preliminary Statement and General Objections as though fully

13 set forth herein.

14    Defendant objects to the request on the grounds that it seeks documents from a remote time

15 period.

16    Defendant objects to the request on the grounds that it seeks documents and

17 communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

18 *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

19    Defendant objects to the request on the grounds that it seeks documents that contain

20 confidential information protected by the right to privacy under the California or United States

21 Constitution or applicable statutory or common law.

22    Defendant objects to the request on the grounds that it seeks documents that contain

23 confidential business or proprietary information protected by trade secret.

24    Defendant objects to the request on the grounds that it seeks documents that are neither

25 relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

26    Defendant objects to the request on the grounds that the request fails to designate the

27 documents to be inspected either by specifically describing each individual item or by reasonably

28 particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

1   (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

2   *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

3       Defendant objects to the request on the grounds that to comply with the request would be

4   an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

5   (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

6   Defendant.

7       Defendant objects to this request on the grounds it requests Defendant to search

8   electronically-stored information ("ESI") without regard to whether the ESI is reasonably

9   accessible, or whether it would impose and undue burden or cost to search, review, and produced

10  the ESI.

11      Defendant objects to this request on the grounds it seek information of Defendant and third

12  parties that is protected by the right to privacy.

13      Defendant objects to the request on the grounds that it is overly broad and unduly

14  burdensome.

15      Defendant objects to the request on the grounds that it is vague, ambiguous and

16  unintelligible.

17      Defendant objects to the request on the grounds that it is redundant with and duplicative of

18  other discovery propounded by Plaintiff to Defendant in this litigation.

19      Defendant objects to the request on the grounds that it improperly seeks discovery relating

20  to Defendant's financial condition in violation of California Civil Code § 3295.

21      Defendant objects to the request on the ground that it improperly seeks discovery relating

22  to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

23  Cal.App.4th 475, 480-481.

24      Defendant objects to the request to the extent it seeks the production of records protected

25  by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

26  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

27  **OBJECTION TO REQUEST FOR PRODUCTION NO. 7:**

28      Defendant incorporates the Preliminary Statement and General Objections as though fully

1  set forth herein.

2      Defendant objects to the request on the grounds that it seeks documents from a remote time

3  period.

4      Defendant objects to the request on the grounds that it seeks documents and

5  communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

6  *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

7      Defendant objects to the request on the grounds that it seeks documents that contain

8  confidential information protected by the right to privacy under the California or United States

9  Constitution or applicable statutory or common law.

10     Defendant objects to the request on the grounds that it seeks documents that contain

11  confidential business or proprietary information protected by trade secret.

12     Defendant objects to the request on the grounds that it seeks documents that are neither

13  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

14     Defendant objects to the request on the grounds that the request fails to designate the

15  documents to be inspected either by specifically describing each individual item or by reasonably

16  particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

17  (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

18  *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

19     Defendant objects to the request on the grounds that to comply with the request would be

20  an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

21  (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

22  Defendant.

23     Defendant objects to this request on the grounds it requests Defendant to search

24  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

25  accessible, or whether it would impose and undue burden or cost to search, review, and produced

26  the ESI.

27     Defendant objects to this request on the grounds it seek information of Defendant and third

28  parties that is protected by the right to privacy.

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK
SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1   Defendant objects to the request on the grounds that it is overly broad and unduly

2   burdensome.

3   Defendant objects to the request on the grounds that it is vague, ambiguous and

4   unintelligible.

5   Defendant objects to the request on the grounds that it is redundant with and duplicative of

6   other discovery propounded by Plaintiff to Defendant in this litigation.

7   Defendant objects to the request on the grounds that it improperly seeks discovery relating

8   to Defendant's financial condition in violation of California Civil Code § 3295.

9   Defendant objects to the request on the ground that it improperly seeks discovery relating

10  to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

11  Cal.App.4th 475, 480-481.

12  Defendant objects to the request to the extent it seeks the production of records protected

13  by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

14  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

15  **OBJECTION TO REQUEST FOR PRODUCTION NO. 8:**

16  Defendant incorporates the Preliminary Statement and General Objections as though fully

17  set forth herein.

18  Defendant objects to the request on the grounds that it seeks documents from a remote time

19  period.

20  Defendant objects to the request on the grounds that it seeks documents and

21  communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

22  *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

23  Defendant objects to the request on the grounds that it seeks documents that contain

24  confidential information protected by the right to privacy under the California or United States

25  Constitution or applicable statutory or common law.

26  Defendant objects to the request on the grounds that it seeks documents that contain

27  confidential business or proprietary information protected by trade secret.

28  Defendant objects to the request on the grounds that it seeks documents that are neither

1  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

2      Defendant objects to the request on the grounds that the request fails to designate the

3  documents to be inspected either by specifically describing each individual item or by reasonably

4  particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

5  (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

6  *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

7      Defendant objects to the request on the grounds that to comply with the request would be

8  an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

9  (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

10  Defendant.

11      Defendant objects to this request on the grounds it requests Defendant to search

12  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

13  accessible, or whether it would impose and undue burden or cost to search, review, and produced

14  the ESI.

15      Defendant objects to this request on the grounds it seek information of Defendant and third

16  parties that is protected by the right to privacy.

17      Defendant objects to the request on the grounds that it is overly broad and unduly

18  burdensome.

19      Defendant objects to the request on the grounds that it is vague, ambiguous and

20  unintelligible.

21      Defendant objects to the request on the grounds that it is redundant with and duplicative of

22  other discovery propounded by Plaintiff to Defendant in this litigation.

23      Defendant objects to the request on the grounds that it improperly seeks discovery relating

24  to Defendant's financial condition in violation of California Civil Code § 3295.

25      Defendant objects to the request on the ground that it improperly seeks discovery relating

26  to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

27  Cal.App.4th 475, 480-481.

28      Defendant objects to the request to the extent it seeks the production of records protected

---

18

1    by the taxpayer privilege. *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

2    *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

3    **OBJECTION TO REQUEST FOR PRODUCTION NO. 9:**

4        Defendant incorporates the Preliminary Statement and General Objections as though fully

5    set forth herein.

6        Defendant objects to the request on the grounds that it seeks documents from a remote time

7    period.

8        Defendant objects to the request on the grounds that it seeks documents and

9    communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

10   *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

11       Defendant objects to the request on the grounds that it seeks documents that contain

12   confidential information protected by the right to privacy under the California or United States

13   Constitution or applicable statutory or common law.

14       Defendant objects to the request on the grounds that it seeks documents that contain

15   confidential business or proprietary information protected by trade secret.

16       Defendant objects to the request on the grounds that it seeks documents that are neither

17   relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

18       Defendant objects to the request on the grounds that the request fails to designate the

19   documents to be inspected either by specifically describing each individual item or by reasonably

20   particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

21   (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

22   *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

23       Defendant objects to the request on the grounds that to comply with the request would be

24   an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

25   (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

26   Defendant.

27       Defendant objects to this request on the grounds it requests Defendant to search

28   electronically-stored information ("ESI") without regard to whether the ESI is reasonably

1    accessible, or whether it would impose and undue burden or cost to search, review, and produced

2    the ESI.

3        Defendant objects to this request on the grounds it seek information of Defendant and third

4    parties that is protected by the right to privacy.

5        Defendant objects to the request on the grounds that it is overly broad and unduly

6    burdensome.

7        Defendant objects to the request on the grounds that it is vague, ambiguous and

8    unintelligible.

9        Defendant objects to the request on the grounds that it is redundant with and duplicative of

10   other discovery propounded by Plaintiff to Defendant in this litigation.

11       Defendant objects to the request on the grounds that it improperly seeks discovery relating

12   to Defendant's financial condition in violation of California Civil Code § 3295.

13       Defendant objects to the request on the ground that it improperly seeks discovery relating

14   to Defendant's confidential financial affairs. *See Fortunato v. Superior Court* (2003) 114

15   Cal.App.4th 475, 480-481.

16       Defendant objects to the request to the extent it seeks the production of records protected

17   by the taxpayer privilege. *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

18   *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

19   **OBJECTION TO REQUEST FOR PRODUCTION NO. 10:**

20       Defendant incorporates the Preliminary Statement and General Objections as though fully

21   set forth herein.

22       Defendant objects to the request on the grounds that it seeks documents from a remote time

23   period.

24       Defendant objects to the request on the grounds that it seeks documents and

25   communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

26   *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

27       Defendant objects to the request on the grounds that it seeks documents that contain

28   confidential information protected by the right to privacy under the California or United States

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK
SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1    Constitution or applicable statutory or common law.

2        Defendant objects to the request on the grounds that it seeks documents that contain

3    confidential business or proprietary information protected by trade secret.

4        Defendant objects to the request on the grounds that it seeks documents that are neither

5    relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

6        Defendant objects to the request on the grounds that the request fails to designate the

7    documents to be inspected either by specifically describing each individual item or by reasonably

8    particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

9    (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

10    *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

11        Defendant objects to the request on the grounds that to comply with the request would be

12    an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

13    (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

14    Defendant.

15        Defendant objects to this request on the grounds it requests Defendant to search

16    electronically-stored information ("ESI") without regard to whether the ESI is reasonably

17    accessible, or whether it would impose and undue burden or cost to search, review, and produced

18    the ESI.

19        Defendant objects to this request on the grounds it seek information of Defendant and third

20    parties that is protected by the right to privacy.

21        Defendant objects to the request on the grounds that it is overly broad and unduly

22    burdensome.

23        Defendant objects to the request on the grounds that it is vague, ambiguous and

24    unintelligible.

25        Defendant objects to the request on the grounds that it is redundant with and duplicative of

26    other discovery propounded by Plaintiff to Defendant in this litigation.

27        Defendant objects to the request on the grounds that it improperly seeks discovery relating

28    to Defendant's financial condition in violation of California Civil Code § 3295.

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1    Defendant objects to the request on the ground that it improperly seeks discovery relating

2   to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

3   Cal.App.4th 475, 480-481.

4    Defendant objects to the request to the extent it seeks the production of records protected

5   by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

6   *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

7   **OBJECTION TO REQUEST FOR PRODUCTION NO. 11:**

8    Defendant incorporates the Preliminary Statement and General Objections as though fully

9   set forth herein.

10    Defendant objects to the request on the grounds that it seeks documents from a remote time

11   period.

12    Defendant objects to the request on the grounds that it seeks documents and

13   communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

14   *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

15    Defendant objects to the request on the grounds that it seeks documents that contain

16   confidential information protected by the right to privacy under the California or United States

17   Constitution or applicable statutory or common law.

18    Defendant objects to the request on the grounds that it seeks documents that contain

19   confidential business or proprietary information protected by trade secret.

20    Defendant objects to the request on the grounds that it seeks documents that are neither

21   relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

22    Defendant objects to the request on the grounds that the request fails to designate the

23   documents to be inspected either by specifically describing each individual item or by reasonably

24   particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

25   (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

26   *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

27    Defendant objects to the request on the grounds that to comply with the request would be

28   an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

1  (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

2  Defendant.

3        Defendant objects to this request on the grounds it requests Defendant to search

4  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

5  accessible, or whether it would impose and undue burden or cost to search, review, and produced

6  the ESI.

7        Defendant objects to this request on the grounds it seek information of Defendant and third

8  parties that is protected by the right to privacy.

9        Defendant objects to the request on the grounds that it is overly broad and unduly

10  burdensome.

11        Defendant objects to the request on the grounds that it is vague, ambiguous and

12  unintelligible.

13        Defendant objects to the request on the grounds that it is redundant with and duplicative of

14  other discovery propounded by Plaintiff to Defendant in this litigation.

15        Defendant objects to the request on the grounds that it improperly seeks discovery relating

16  to Defendant's financial condition in violation of California Civil Code § 3295.

17        Defendant objects to the request on the ground that it improperly seeks discovery relating

18  to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

19  Cal.App.4th 475, 480-481.

20        Defendant objects to the request to the extent it seeks the production of records protected

21  by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

22  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

23  **OBJECTION TO REQUEST FOR PRODUCTION NO. 12:**

24        Defendant incorporates the Preliminary Statement and General Objections as though fully

25  set forth herein.

26        Defendant objects to the request on the grounds that it seeks documents from a remote time

27  period.

28        Defendant objects to the request on the grounds that it seeks documents and

1  communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

2  *Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

3      Defendant objects to the request on the grounds that it seeks documents that contain

4  confidential information protected by the right to privacy under the California or United States

5  Constitution or applicable statutory or common law.

6      Defendant objects to the request on the grounds that it seeks documents that contain

7  confidential business or proprietary information protected by trade secret.

8      Defendant objects to the request on the grounds that it seeks documents that are neither

9  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

10      Defendant objects to the request on the grounds that the request fails to designate the

11  documents to be inspected either by specifically describing each individual item or by reasonably

12  particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

13  (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

14  *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

15      Defendant objects to the request on the grounds that to comply with the request would be

16  an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

17  (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

18  Defendant.

19      Defendant objects to this request on the grounds it requests Defendant to search

20  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

21  accessible, or whether it would impose and undue burden or cost to search, review, and produced

22  the ESI.

23      Defendant objects to this request on the grounds it seek information of Defendant and third

24  parties that is protected by the right to privacy.

25      Defendant objects to the request on the grounds that it is overly broad and unduly

26  burdensome.

27      Defendant objects to the request on the grounds that it is vague, ambiguous and

28  unintelligible.

24

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK
SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1    Defendant objects to the request on the grounds that it is redundant with and duplicative of

2  other discovery propounded by Plaintiff to Defendant in this litigation.

3    Defendant objects to the request on the grounds that it improperly seeks discovery relating

4  to Defendant's financial condition in violation of California Civil Code § 3295.

5    Defendant objects to the request on the ground that it improperly seeks discovery relating

6  to Defendant's confidential financial affairs. *See Fortunato v. Superior Court* (2003) 114

7  Cal.App.4th 475, 480-481.

8    Defendant objects to the request to the extent it seeks the production of records protected

9  by the taxpayer privilege. *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

10  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

11  **OBJECTION TO REQUEST FOR PRODUCTION NO. 13:**

12    Defendant incorporates the Preliminary Statement and General Objections as though fully

13  set forth herein.

14    Defendant objects to the request on the grounds that it seeks documents from a remote time

15  period.

16    Defendant objects to the request on the grounds that it seeks documents and

17  communications protected by the attorney-client privilege, work product doctrine (*See, Coito v.*

18  *Superior Ct.*, 54 Cal.4th 480 (2012)), or other applicable privilege.

19    Defendant objects to the request on the grounds that it seeks documents that contain

20  confidential information protected by the right to privacy under the California or United States

21  Constitution or applicable statutory or common law.

22    Defendant objects to the request on the grounds that it seeks documents that contain

23  confidential business or proprietary information protected by trade secret.

24    Defendant objects to the request on the grounds that it seeks documents that are neither

25  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

26    Defendant objects to the request on the grounds that the request fails to designate the

27  documents to be inspected either by specifically describing each individual item or by reasonably

28  particularizing each category of item as required by *Code of Civil Procedure* section 2031.030.

1  (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also*

2  *Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

3        Defendant objects to the request on the grounds that to comply with the request would be

4  an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court*

5  (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the

6  Defendant.

7        Defendant objects to this request on the grounds it requests Defendant to search

8  electronically-stored information ("ESI") without regard to whether the ESI is reasonably

9  accessible, or whether it would impose and undue burden or cost to search, review, and produced

10  the ESI.

11        Defendant objects to this request on the grounds it seek information of Defendant and third

12  parties that is protected by the right to privacy.

13        Defendant objects to the request on the grounds that it is overly broad and unduly

14  burdensome.

15        Defendant objects to the request on the grounds that it is vague, ambiguous and

16  unintelligible.

17        Defendant objects to the request on the grounds that it is redundant with and duplicative of

18  other discovery propounded by Plaintiff to Defendant in this litigation.

19        Defendant objects to the request on the grounds that it improperly seeks discovery relating

20  to Defendant's financial condition in violation of California Civil Code § 3295.

21        Defendant objects to the request on the ground that it improperly seeks discovery relating

22  to Defendant's confidential financial affairs.  *See Fortunato v. Superior Court* (2003) 114

23  Cal.App.4th 475, 480-481.

24        Defendant objects to the request to the extent it seeks the production of records protected

25  by the taxpayer privilege.  *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

26  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

27  / / /

28  / / /

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK
SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

**OBJECTION TO REQUEST FOR PRODUCTION NO. 14:**

Defendant incorporates the Preliminary Statement and General Objections as though fully set forth herein.

Defendant objects to the request on the grounds that it seeks documents from a remote time period.

Defendant objects to the request on the grounds that it seeks documents and communications protected by the attorney-client privilege, work product doctrine (*See, Coito v. Superior Ct.,* 54 Cal.4th 480 (2012)), or other applicable privilege.

Defendant objects to the request on the grounds that it seeks documents that contain confidential information protected by the right to privacy under the California or United States Constitution or applicable statutory or common law.

Defendant objects to the request on the grounds that it seeks documents that contain confidential business or proprietary information protected by trade secret.

Defendant objects to the request on the grounds that it seeks documents that are neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Defendant objects to the request on the grounds that the request fails to designate the documents to be inspected either by specifically describing each individual item or by reasonably particularizing each category of item as required by *Code of Civil Procedure* section 2031.030. (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 221-223; *see also Flora Crane Service, Inc. v. Superior Court* (1964) 234 Cal.App.2d 767, 786-787.)

Defendant objects to the request on the grounds that to comply with the request would be an undue burden and expense on the Defendant. (*See Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 225-226.)   The request is calculated to annoy and harass the Defendant.

Defendant objects to this request on the grounds it requests Defendant to search electronically-stored information ("ESI") without regard to whether the ESI is reasonably accessible, or whether it would impose and undue burden or cost to search, review, and produced the ESI.

1    Defendant objects to this request on the grounds it seek information of Defendant and third

2  parties that is protected by the right to privacy.

3    Defendant objects to the request on the grounds that it is overly broad and unduly

4  burdensome.

5    Defendant objects to the request on the grounds that it is vague, ambiguous and

6  unintelligible.

7    Defendant objects to the request on the grounds that it is redundant with and duplicative of

8  other discovery propounded by Plaintiff to Defendant in this litigation.

9    Defendant objects to the request on the grounds that it improperly seeks discovery relating

10  to Defendant's financial condition in violation of California Civil Code § 3295.

11    Defendant objects to the request on the ground that it improperly seeks discovery relating

12  to Defendant's confidential financial affairs. *See Fortunato v. Superior Court* (2003) 114

13  Cal.App.4th 475, 480-481.

14    Defendant objects to the request to the extent it seeks the production of records protected

15  by the taxpayer privilege. *See Sav–On Drug Stores v. Superior* Court (1975) 15 Cal.3d 1; *see also*

16  *Brown v. Superior Court* (1977) 71 Cal.App.3d 141.

17

18  DATED:  June 20, 2025              LINER FREEDMAN TAITELMAN + COOLEY,
                                       LLP

19

20

21                                     By: _____
                                       Bryan J. Freedman, Esq.
22                                     Sean M. Hardy, Esq.
                                       Jason H. Sunshine, Esq.
23                                     Attorneys for Defendant
                                       VIN DIESEL (F/K/A MARK SINCLAIR
                                       VINCENT)
24

25

26

27

28

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK
SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**    ]
                                       ]ss.
**COUNTY OF LOS ANGELES**    ]

        I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business is EXPRESS NETWORK, LLC, 1605 W. Olympic Blvd, Suite 800, Los Angeles, CA 90015.

        On June 20, 2025, I served the foregoing document(s) described:

**OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR VINCENT) AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

on the interested parties in this action ☒ by placing ☐ the original ☐ a true copy thereof enclosed in seal envelopes addressed as follows:

> Brian L. Williams
> Jemma E. Dunn
> Matthew T. Hale
> Greenberg Gross LLP
> 601 S. Figueroa Street, 30th Floor
> Los Angeles, CA 90017
> *Attorneys for Plaintiff Asta Jonasson*

☒      **By Personal Service.** I personally delivered the above listed documents to the persons at the addresses listed above.

☒      **State.**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

        Executed on June 20, 2025 at Los Angeles, California.

EXPRESS NETWORK

_Daniel Chavel_____                    _____
Print Name (Messenger)                              Signature of Declarant (Messenger)

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1

**PROOF OF SERVICE**

2    **STATE OF CALIFORNIA**            ]
                                         ]ss.
3    **COUNTY OF LOS ANGELES**          ]

4        I am employed in the County of Los Angeles, State of California.  I am over the age of 18
     and not a party to the within action; my business is EXPRESS NETWORK, LLC, 1605 W.
5    Olympic Blvd, Suite 800, Los Angeles, CA 90015.

6        On June 20, 2025, I served the foregoing document(s) described:

7    **OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN
     DIESEL (F/K/A MARK SINCLAIR VINCENT) AND REQUESTS FOR PRODUCTION
8    OF DOCUMENTS**

9    on the interested parties in this action ☒ by placing ☐ the original ☐ a true copy thereof
     enclosed in seal envelopes addressed as follows:
10

11                             Brian L. Williams
                               Jemma E. Dunn
12                             Matthew T. Hale
                               Greenberg Gross, LLP
13                             650 Town Center Dr, Ste 1700
                               Costa Mesa, CA 92626-7025
14                             *Attorneys for Plaintiff Asta Jonasson*

15   ☒      **By Personal Service.** I personally delivered the above listed documents to the persons at
     the addresses listed above.
16

17   ☒      **State.**  I declare under penalty of perjury under the laws of the State of California that the
     above is true and correct.

18       Executed on June 20, 2025 at Los Angeles, California.

19

20   EXPRESS NETWORK

21   _____Daniel Chavez_____                        _____
22   Print Name (Messenger)                          Signature of Declarant (Messenger)

23

24

25

26

27

28

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK
SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

OBJECTIONS TO AMENDED NOTICE OF DEPOSITION TO DEFENDANT VIN DIESEL (F/K/A MARK SINCLAIR) AND REQUESTS FOR PRODUCTION OF DOCUMENTS

# EXHIBIT 11

| | |
|---|---|
| **From:** | Matthew T. Hale |
| **Sent:** | Friday, June 20, 2025 5:12 PM |
| **To:** | Bryan Freedman; Sean M. Hardy; Jason Sunshine |
| **Cc:** | Brian Williams; Jemma E. Dunn; Hazelle T. Nunez; Vaneta Birtha |
| **Subject:** | Jonasson v. Vin Diesel, et al |

Counsel:

We are in receipt of defendant Vin Diesel's objections to Plaintiff's Amended Notice of Deposition and Requests for Production of Documents. For the first time since these dates (June 24 and 25) were provided by his counsel on May 9, 2025, and despite his agreement to appear in Los Angeles, Defendant Vin Diesel now suddenly asserts that he is not available to attend his duly noticed deposition. Please provide, by end of day this coming Monday June 23, 2025, multiple alternative dates for his deposition that fall on or before July 18th. Given the apparent gamesmanship and bad faith nature of this objection, if we do not receive these multiple dates by Monday, we will move forward with a Motion to Compel Vin Diesel's deposition and will take a notice of non-appearance on Tuesday. As to the remainder of Defendant's objections, please see the below:

2. Mr. Diesel's objection regarding in-person attendance misinterprets the CCP § 2025.310. The deponent cannot simply elect to be separate from the attorney taking the deposition. It is the attorney or party's election to physically present at the location of the deponent: "Subject to Section 2025.420, any party or attorney of record may, but is not required to, be physically present at the deposition at the location of the deponent."

3. Mr. Diesel again fails to even straightforwardly assert that he in fact lives more than 150 miles from our office in Downtown Los Angeles, where the deposition is to take place. Instead, Mr. Diesel again uses the qualifying language, "to the extent the deposition is noticed for a location more than 150 miles from Defendant's residence." Mr. Diesel's objection is so vague and uncertain as to operate as a waiver of any such objection. Furthermore, Samantha Vincent already confirmed that Mr. Diesel currently lives in Los Angeles.

4. There is no seven-hour limit applicable to employment cases, like this one. (CCP § 2025.290(b)(4)). Further, the notice does not assume any such time period.

5. Defendant asserts that he shouldn't have to attend his deposition because questions *may* be asked that implicate his privacy. Not only is this not a ground to forego attendance altogether, but also there is a protective order in this matter in place to protect truly confidential portions of the deposition.

6. There is absolutely no indication that Plaintiff's office, which has ample security staff and precautions, is inadequate to protect Mr. Diesel's personal safety and privacy.

7. The objection regarding a failure to comply with requirements of a deposition notice lacks any specificity as to what requirements the notice fails to comply with. This objection should be disregarded due to its ambiguity.

8. The objection incorrectly asserts that there is a dispositive motion pending.

**Matthew T. Hale**
**Counsel - Assistant Director of Litigation | Greenberg Gross LLP**

One Summerlin | 1980 Festival Plaza Drive | Suite 730 | Las Vegas, NV 89135
Direct 702.777.0891 | Main 702.777.0888
MHale@GGTrialLaw.com

1



Los Angeles | Orange County | Las Vegas | New York

# EXHIBIT 12

| | |
|---|---|
| **From:** | Sean M. Hardy <smhardy@lftcllp.com> |
| **Sent:** | Monday, June 23, 2025 8:09 AM |
| **To:** | Matthew T. Hale |
| **Cc:** | Brian Williams; Jemma E. Dunn; Hazelle T. Nunez; Vaneta Birtha; Bryan Freedman; Jason Sunshine |
| **Subject:** | [EXT] RE: Jonasson v. Vin Diesel, et al |

Counsel,

We respectfully disagree with your position below, and will meet and confer with you on this issue in person today at your office.  Thank you.

Sincerely,

Sean M. Hardy

Sean M. Hardy, Esq.
Partner
LINER FREEDMAN TAITELMAN + COOLEY, LLP
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045
Web: www.ftllp.com

**<u>PROOF OF SERVICE</u>**

**Asta Jonasson v. Vin Diesel (f/k/a Mark Sinclair Vincent), et al.**
**Case No. 23STCV31143**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 601 S. Figueroa Street, 30th Floor, Los Angeles, CA 90017.

On June 26, 2025, I served true copies of the following document(s) described as **DECLARATION OF MATTHEW T. HALE IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT VIN DIESEL'S DEPOSITION & REQUEST FOR SANCTIONS** on the interested parties in this action as follows:

| | |
|---|---|
| Bryan J. Freedman, Esq. | Attorneys for Defendants One Race Films, Inc., |
| Sean M. Hardy, Esq. | One Race Productions, Inc., Vin Diesel f/k/a |
| Jason H. Sunshine, Esq. | Mark Sinclair Vincent, and Samantha Vincent |

**LINER FREEDMAN & TAITELMAN + COOLEY, LLP**
1801 Century Park West, Fifth Floor
Los Angeles, CA 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045
Emails: bfreedman@ftllp.com
          smhardy@ftllp.com
          jsunshine@ftllp.com
          vbirtha@ftllp.com
          cpuello@ftllp.com

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address HNunez@GGTrialLaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 26, 2025, at Los Angeles, California.

_Hazelle Nunez_
_____
Hazelle Nunez

1   BRIAN L. WILLIAMS, State Bar No. 227948
      BWilliams@GGTrialLaw.com
2   JEMMA E. DUNN, State Bar No. 258454
      JDunn@GGTrialLaw.com
3   MATTHEW T. HALE, State Bar No. 303826
      MHale@GGTrialLaw.com
4   GREENBERG GROSS LLP
    601 S. Figueroa Street, 30th Floor
5   Los Angeles, California 90017
    Telephone: (213) 334-7000
6   Facsimile: (213) 334-7001

7   Attorneys for Plaintiff Asta Jonasson

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF LOS ANGELES

10  ASTA JONASSON, an individual,              Case No. 23STCV31143

11                                             Assigned for All Purposes to:
                  Plaintiff,                   Hon. Daniel M. Crowley, Dept. 71
12
           v.                                  **PLAINTIFF ASTA JONASSON'S**
13                                             **PROPOSED ORDER TO COMPEL THE**
    VIN DIESEL (f/k/a Mark Sinclair Vincent), an   **DEPOSITION OF DEFENDANT VIN**
14  individual; SAMANTHA VINCENT, an           **DIESEL AND SANCTIONS**
    individual; ONE RACE PRODUCTIONS,
15  INC., a California corporation; ONE RACE    Reservation No.: 374377214511
    FILMS, INC., a California corporation; and
16  DOES 1 to 20, inclusive,                   **Hearing:**
                                               Judge:   Hon. Daniel M. Crowley
17                                             Date:    August 11, 2025
                  Defendants.                  Time:    8:30 a.m.
18                                             Dept.:   71

19                                             Action Filed:      December 21, 2023
                                               Trial Date:        August 18, 2025
20
                                               [*Filed Concurrently with Plaintiff's Notice of*
21                                             *Motion; Motion to Compel; Declaration of*
                                               *Matthew T. Hale*]
22

23

24

25

26

27

28

# **[PROPOSED] ORDER**

The motion of Plaintiff Asta Jonasson ("Plaintiff") for an order compelling Defendant Vin Diesel ("Defendant") to appear for his deposition and granting sanctions, came on for hearing in Department 71 of the above-entitled court on August 11, 2025 at 8:30 a.m.

Having considered the arguments of the parties, the Court hereby **GRANTS** the Motion.

THE COURT HEREBY ORDERS that Defendant shall, within ten (10) days of this order, appear for his deposition at Plaintiff's office at 601 S. Figueora Street, 30th Floor, Los Angeles, California 90017..

THE COURT FURTHER ORDERS that, pursuant to sections 2025.450(a), 2017.010, 2023.030(a), 2023.010(d), and 2023.010(e) of the Code of Civil Procedure, Defendant and its counsel shall, within thirty (30) days of this order, pay to Plaintiff monetary sanctions in the amount of $7,455.07, which is the amount reasonably incurred by Plaintiff in connection with this motion.

Dated: _____          _____

                                                      Hon. Daniel M. Crowley
                                                      Judge of the Superior Court

 Journal Technologies Court Portal

# Make a Reservation

ASTA JONASSON, AN INDIVIDUAL vs VIN DIESEL, et al.

Case Number: 23STCV31143    Case Type: Civil Unlimited    Category: Wrongful Termination
Date Filed: 2023-12-21    Location: Stanley Mosk Courthouse - Department 71

## Reservation

| | |
|---|---|
| Case Name: | Case Number: |
| ASTA JONASSON, AN INDIVIDUAL vs VIN DIESEL, et al. | 23STCV31143 |
| Type: | Status: |
| Motion to Compel (Motion to Compel Party Deposition) | RESERVED |
| Filing Party: | Location: |
| Asta Jonasson (Plaintiff) | Stanley Mosk Courthouse - Department 71 |
| Date/Time: | Number of Motions: |
| 08/11/2025 8:30 AM | 1 |
| Reservation ID: | Confirmation Code: |
| 374377214511 | CR-FWVPEPZZCBUZ2FMFB |

## Fees

| Description | Fee | Qty | Amount |
|---|---|---|---|
| Motion to Compel (name extension) | 0.00 | 1 | 0.00 |
| TOTAL | | | $0.00 |

## Payment

| | |
|---|---|
| Amount: | Type: |
| $0.00 | NOFEE |
| Account Number: | Authorization: |
| n/a | n/a |
| Payment Date: | |
| n/a | |

🖨 Print Receipt    ➕ Reserve Another Hearing    👤 View My Reservations

Copyright © Journal Technologies, USA. All rights reserved.

 Chat

**<u>PROOF OF SERVICE</u>**

**Asta Jonasson v. Vin Diesel (f/k/a Mark Sinclair Vincent), et al.**
**Case No. 23STCV31143**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

  At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 601 S. Figueroa Street, 30th Floor, Los Angeles, CA 90017.

  On June 26, 2025, I served true copies of the following document(s) described as **PLAINTIFF ASTA JONASSON'S PROPOSED ORDER TO COMPEL THE DEPOSITION OF DEFENDANT VIN DIESEL AND SANCTIONS** on the interested parties in this action as follows:

| | |
|---|---|
| Bryan J. Freedman, Esq.<br>Sean M. Hardy, Esq.<br>Jason H. Sunshine, Esq.<br>**LINER FREEDMAN & TAITELMAN + COOLEY, LLP**<br>1801 Century Park West, Fifth Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 201-0005<br>Facsimile: (310) 201-0045<br>Emails: bfreedman@ftllp.com<br>  smhardy@ftllp.com<br>  jsunshine@ftllp.com<br>  vbirtha@ftllp.com<br>  cpuello@ftllp.com | Attorneys for Defendants One Race Films, Inc., One Race Productions, Inc., Vin Diesel f/k/a Mark Sinclair Vincent, and Samantha Vincent |

  **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address HNunez@GGTrialLaw.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  Executed on June 26, 2025, at Los Angeles, California.

_Hazelle Nunez_
_____
Hazelle Nunez

-3-

[PROPOSED] ORDER

1  BRIAN L. WILLIAMS, State Bar No. 227948
    BWilliams@GGTrialLaw.com
2  JEMMA E. DUNN, State Bar No. 258454
    JDunn@GGTrialLaw.com
3  MATTHEW T. HALE, State Bar No. 303826
    MHale@GGTrialLaw.com
4  GREENBERG GROSS LLP
   601 S. Figueroa Street, 30th Floor
5  Los Angeles, California 90017
   Telephone: (213) 334-7000
6  Facsimile: (213) 334-7001

7  Attorneys for Plaintiff Asta Jonasson

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **FOR THE COUNTY OF LOS ANGELES**

10

| | |
|---|---|
| ASTA JONASSON, an individual, | Case No. 23STCV31143 |
| | |
| Plaintiff, | Assigned for All Purposes to: Hon. Daniel M. Crowley, Dept. 71 |
| v. | **PLAINTIFF ASTA JONASSON'S NOTICE OF MOTION TO COMPEL THE DEPOSITION OF DEFENDANT VIN DIESEL AND REQUEST FOR SANCTIONS** |
| VIN DIESEL (f/k/a Mark Sinclair Vincent), an individual; SAMANTHA VINCENT, an individual; ONE RACE PRODUCTIONS, INC., a California corporation; ONE RACE FILMS, INC., a California corporation; and DOES 1 to 20, inclusive, | Reservation No.: 374377214511 |
| | **Hearing:** |
| Defendants. | Judge:   Hon. Daniel M. Crowley |
| | Date:    August 11, 2025 |
| | Time:    8:30 a.m. |
| | Dept.:   71 |
| | Action Filed:    December 21, 2023 |
| | Trial Date:      August 18, 2025 |
| | *[Filed Concurrently with Plaintiff's Motion to Compel; Declaration of Matthew T. Hale; [Proposed] Order]* |

---

PLAINTIFF'S NOTICE OF MOTION TO COMPEL DEFENDANT CALAMCO'S FURTHER RESPONSES TO SPECIAL INTERROGATORIES (SET ONE) & REQUEST FOR SANCTIONS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 11, 2025, at 8:30 a.m., in Department 71 of Stanley Mosk Courthouse at 111 N. Hill Street, Los Angeles, California 90012, or as soon thereafter as the matter can be heard, plaintiff Asta Jonasson will and hereby does move the Court for an order compelling Defendant Vin Diesel to appear for his deposition and for Defendant Vin Diesel and his counsel, Liner Freedman Taitelman + Cooley to pay sanctions in the amount of $7,455.07, which is the amount reasonably incurred in connection with these proceedings.

Plaintiff moves to compel Defendant Vin Diesel's deposition after a pattern of evasion and obstruction spanning over a year. Despite multiple notices, good faith efforts to accommodate his schedule, and his counsel's express confirmation of availability for June 24-25, 2025, Defendant served last-minute objections just four days before his scheduled deposition containing recycled, meritless arguments. When Plaintiff's counsel attempted to meet and confer, Defendant's counsel engaged in shocking misconduct, including profanity, threats of malicious prosecution, and physical intimidation, while refusing to provide any legitimate explanation for Defendant's sudden unavailability. Defendant's objections lack merit as they misinterpret applicable statutes, seek to prevent discovery on topics central to Plaintiff's claims, and attempt to delay proceedings until after trial through frivolous procedural maneuvers.

This motion will be based on the Code of Civil Procedure sections 2025.450(a), 2017.010, 2023.030(a), 2023.010(d), and 2023.010(e), the following Memorandum of Points and Authorities, Declaration of Matthew T. Hale, and exhibits filed along with these papers, and other evidence to be presented at the hearing on this motion.


DATED:  June 26, 2025                    GREENBERG GROSS LLP



                                         By:  /s/ Matthew T. Hale
                                              Brian L. Williams
                                              Jemma E. Dunn
                                              Matthew T. Hale
                                              Attorneys for Plaintiff Asta Jonasson

PLAINTIFF'S NOTICE OF MOTION TO COMPEL DEFENDANT VIN DIESEL'S DEPOSITION AND
REQUEST FOR SANCTIONS

 Journal Technologies Court Portal

# Make a Reservation

ASTA JONASSON, AN INDIVIDUAL vs VIN DIESEL, et al.

Case Number: 23STCV31143    Case Type: Civil Unlimited    Category: Wrongful Termination
Date Filed: 2023-12-21    Location: Stanley Mosk Courthouse - Department 71

## Reservation

| | |
|---|---|
| **Case Name:** ASTA JONASSON, AN INDIVIDUAL vs VIN DIESEL, et al. | **Case Number:** 23STCV31143 |
| **Type:** Motion to Compel (Motion to Compel Party Deposition) | **Status:** RESERVED |
| **Filing Party:** Asta Jonasson (Plaintiff) | **Location:** Stanley Mosk Courthouse - Department 71 |
| **Date/Time:** 08/11/2025 8:30 AM | **Number of Motions:** 1 |
| **Reservation ID:** 374377214511 | **Confirmation Code:** CR-FWVPEPZZCBUZ2FMFB |

## Fees

| Description | Fee | Qty | Amount |
|---|---|---|---|
| Motion to Compel (name extension) | 0.00 | 1 | 0.00 |
| TOTAL | | | **$0.00** |

## Payment

| | |
|---|---|
| **Amount:** $0.00 | **Type:** NOFEE |
| **Account Number:** n/a | **Authorization:** n/a |
| **Payment Date:** n/a | |

🖨 Print Receipt    ➕ Reserve Another Hearing    👤 View My Reservations

---

Copyright © Journal Technologies, USA. All rights reserved.



# **PROOF OF SERVICE**

**Asta Jonasson v. Vin Diesel (f/k/a Mark Sinclair Vincent), et al.**
**Case No. 23STCV31143**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 601 S. Figueroa Street, 30th Floor, Los Angeles, CA 90017.

On June 26, 2025, I served true copies of the following document(s) described as **PLAINTIFF ASTA JONASSON'S NOTICE OF MOTION TO COMPEL THE DEPOSITION OF DEFENDANT VIN DIESEL AND REQUEST FOR SANCTIONS** on the interested parties in this action as follows:

| | |
|---|---|
| Bryan J. Freedman, Esq.<br>Sean M. Hardy, Esq.<br>Jason H. Sunshine, Esq.<br>**LINER FREEDMAN & TAITELMAN +**<br>**COOLEY, LLP**<br>1801 Century Park West, Fifth Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 201-0005<br>Facsimile: (310) 201-0045<br>Emails: bfreedman@ftllp.com<br>            smhardy@ftllp.com<br>            jsunshine@ftllp.com<br>            vbirtha@ftllp.com<br>            cpuello@ftllp.com | Attorneys for Defendants One Race Films, Inc., One Race Productions, Inc., Vin Diesel f/k/a Mark Sinclair Vincent, and Samantha Vincent |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address HNunez@GGTrialLaw.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 26, 2025, at Los Angeles, California.


_____
Hazelle Nunez

PLAINTIFF'S NOTICE OF MOTION TO COMPEL DEFENDANT VIN DIESEL'S DEPOSITION AND REQUEST FOR SANCTIONS

# EXHIBIT 14

## Matthew T. Hale

| | |
|---|---|
| **From:** | Matthew T. Hale |
| **Sent:** | Thursday, June 26, 2025 9:37 AM |
| **To:** | Sean M. Hardy; Brian Williams; Jemma E. Dunn; Hazelle T. Nunez |
| **Cc:** | Bryan Freedman; Miles Cooley; Jason Sunshine; Joanna Rivera; Vaneta Birtha |
| **Subject:** | RE: Asta Jonasson v. Vin Diesel, et al., LASC Case No. 23STCV31143 |

Hi Sean,

Yes, we will be appearing and opposing the application. Please share the application documents as soon as possible.

Further, please be advised that pursuant to California Rules of Court, rule 3.1203(a), I am providing you with notice that Plaintiff will be presenting an *ex parte* application tomorrow morning. Plaintiff will also be presenting this *ex parte* application on Friday, June 27, 2025, at 8:30 a.m. in Department 71 of the Stanley Mosk Courthouse located at 111 North Hill Street, Los Angeles, California 90012. Plaintiff's *ex parte* application seeks an order compelling Defendant Vin Diesel to appear for his deposition, monetary sanctions against Defendant Vin Diesel and his counsel in the amount of $5,330.07 for willful misuse of the discovery process, and alternatively, an Order Shortening Time regarding a noticed motion for the same relief. This application is necessitated by Defendant's failure to appear for his properly noticed deposition scheduled for June 24-25, 2025, despite previously confirming his availability. With fact discovery closing on July 18, 2025, and trial set for August 18, 2025, Defendant's continued evasion threatens irreparable prejudice to Plaintiff's ability to obtain essential testimony from Defendant Diesel.

Please confirm whether you intend to oppose this application and whether you will be appearing at the hearing.

**Matthew T. Hale**
**Counsel - Assistant Director of Litigation | Greenberg Gross LLP**

One Summerlin | 1980 Festival Plaza Drive | Suite 730 | Las Vegas, NV 89135
Direct 702.777.0891 | Main 702.777.0888
MHale@GGTrialLaw.com



Los Angeles | Orange County | Las Vegas | New York

---

**From:** Sean M. Hardy <smhardy@lftcllp.com>
**Sent:** Thursday, June 26, 2025 8:32 AM
**To:** Brian Williams <BWilliams@GGTrialLaw.com>; Jemma E. Dunn <JDunn@GGTrialLaw.com>; Matthew T. Hale <MHale@GGTrialLaw.com>; Hazelle T. Nunez <HNunez@GGTrialLaw.com>
**Cc:** Bryan Freedman <bfreedman@lftcllp.com>; Miles Cooley <mcooley@lftcllp.com>; Jason Sunshine <jsunshine@lftcllp.com>; Joanna Rivera <jrivera@lftcllp.com>; Vaneta Birtha <vbirtha@lftcllp.com>
**Subject:** [EXT] RE: Asta Jonasson v. Vin Diesel, et al., LASC Case No. 23STCV31143

Counsel,

Please allow this message to provide notice pursuant to California Rules of Court, Rule 3.1204, that on June 27, 2025, at 8:30 A.M. in Department 71 of the Los Angeles Superior Court, located at 111 North Hill Street, Los Angeles, CA 90012, Defendants One Race Productions, Inc., One Race Films, Inc., Vin Diesel, and Samantha

Vincent (collectively, "Defendants"), by and through their counsel of record, will appear and apply *ex parte* to the Court for an Order: (1) that the current trial date of August 18, 2025, be vacated and continued to a date on or about November 17, 2025, or in accordance with the Court's calendar; (2) that the current Final Status Conference date of August 8, 2025, be vacated and continued to a date on or about November 10, 2025, or in accordance with the Court's calendar; and (3) that all related motion cut-off and pre-trial dates to comport with the new trial date and final status conference date.

Please advise if counsel for Plaintiff will be appearing and, if so, whether you will oppose the application.  Thank you.

Sincerely,

Sean M. Hardy

Sean M. Hardy, Esq.
Partner
LINER FREEDMAN TAITELMAN + COOLEY, LLP
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045
Web:  www.ftllp.com