

Kevin Fritz<br>
*Partner*<br>
Direct (212) 655-3570<br>
kaf@msf-law.com

Via ECF  
Hon. Lewis J. Liman                             July 10, 2025  
United States District Court  
500 Pearl Street, Room 1620  
New York, NY 10007

**Re:** *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL;  
rel. *Wayfarer Studios LLC et al. v. Lively et al.*, No. 1:25-cv-00449-LJL

Dear Judge Liman:

As counsel for Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel (collectively, the "Wayfarer Parties"), we write in accordance with Rules 1.C and 4.C of Your Honor's Individual Practices to request an order compelling Blake Lively to provide, within seven days: (a) a computation of her alleged damages, the theory under which she seeks damages, and the documents supporting the computation pursuant to Rule 26(a)(1)(A)(iii); (b) a verified response to an interrogatory seeking a computation of each category of alleged damage (the "Damages Interrogatory"); and (c) documents relating to her claims for damages, including but not limited to documents sufficient to show her net worth, such as financial statements, assets and liabilities (the "Damages Requests" and collectively with the foregoing discovery, the "Damages Discovery").[1]

## Ms. Lively Must Comply with Rule 26(a)(1)(A)(iii)

Rule 26 requires parties to provide: "a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii); *see Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295-96 (2d Cir. 2006). "[T]he fact that Plaintiff's damages computation might be complex and lengthy and involve a lot of documents [does] not excuse Plaintiff from complying with the requirements of the Rule." *Scantibodies Laboratory, Inc. Church & Dwight Co.*, No. 14-cv-2275, 2016 WL 11271874, at *5 (S.D.N.Y. Nov. 4, 2016).

The Wayfarer Parties are also "entitled to know [Ms. Lively's] theory of damages." *Antolini v. McCloskey*, 335 F.R.D. 361, 364 (S.D.N.Y. 2020) (granting motion to compel theory under which plaintiff is seeking damages, as well as computation of damages, for alleged violations of City and State Human Rights Laws). "[C]ourts examining this issue have held that Rule

---

[1] The Damages Interrogatory is Interrogatory No. 8 in the Wayfarer Parties' First Set of Interrogatories. (Ex. B). The Damages Requests are Request No. 56 (damages) in the Wayfarer Parties' First Set of Requests for Production (Ex. C) and Request No. 254 in the Wayfarer Parties' Fourth Set of Requests for Production (Ex. D). Citations to "Ex." refer to the exhibits attached to the Declaration of Kevin Fritz ("Fritz Decl.") filed contemporaneously herewith.

26(a)(1)(A)(iii) requires more than merely setting forth the figure demanded" and that it "contemplates an estimate of damages and *some analysis.*" *Max Impact, LLC v. Sherwood Group, Inc.*, No. 09-cv-902, 2014 WL 902649, at *5 (S.D.N.Y. Mar. 7, 2014) (citations omitted).

Ms. Lively was obligated by Rule 26(a) to disclose her damages "voluntarily, i.e. without awaiting a discovery request." *Design Strategy*, 469 F.3d at 295. Furthermore, even assuming Ms. Lively produces documents concerning her alleged damages (which she has not done), she is not excused from her separate obligation to disclose a computation of damages. *See Agence France Presse v. Morel*, 293 F.R.D. 682, 684 (S.D.N.Y. 2013). **Ms. Lively has not provided the Wayfarer Parties with a computation of her alleged damages, the theory of damages, or supporting documents.** (Fritz Decl., ¶ 4). She should be compelled to do so. *See Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 331 F.Supp.3d 221, 239 (S.D.N.Y. 2018) (precluding evidence of damages where plaintiff failed to provide computation of damages).

Ms. Lively's excuse for violating Rule 26(a)(1)(A)(iii) is that an expert will calculate her (purported) damages on an unspecified date (Fritz Decl., ¶ 9), but presumably prior to the October 15, 2025 deadline for the completion of expert discovery. (Dkt. 58, p. 2). However, the "obligation to disclose a damages computation is separate from … expert discovery obligations." *Xinuos, Inc. v. IBM Corp.*, No. 22-cv-09777, 2025 WL 663064, at *2 (S.D.N.Y. Feb. 28, 2025); *see also US Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, No. 12-cv-6811, 2013 WL 5495542, at *5 (S.D.N.Y. Oct. 3, 2013) ("The mere fact that assessing the amount of damages will require expert testimony does not absolve U.S. Bank of providing in its initial disclosures a computation of damages using the best information it has available…."); *Barnes by and on Behalf of United States v. Healthnow New York Inc.*, No. 16-cv-88, 2024 WL 3819408, at *4 (W.D.N.Y. Aug. 14, 2024) (rejecting plaintiff's contention that need for expert testimony excused its obligation to comply with Rule 26(a)(1)(A)(iii) where disclosure provided no basis for defendant to test and verify theory of damages).

**Ms. Lively Must Respond to the Damages Interrogatory**

The Damages Interrogatory, as narrowed by the Wayfarer Parties, is limited to requesting a computation of Ms. Lively's alleged damages (Fritz Decl., ¶ 9), which complies with Local Civil Rule 33.3(a). Ms. Lively refuses to respond to the Damages Interrogatory on the grounds that the information sought is the subject of expert discovery. (*Id.*). However, under the Local Civil Rule, Ms. Lively is obligated to respond to the Damages Interrogatory based upon the information presently available to her and she can supplement her response, as appropriate, after expert discovery. *See Xinuos*, 2025 WL 663064, at *2; *JPMorgan Chase Bank, N.A. v. IDW Group, LLC*, No. 08-cv-9116, 2009 WL 1422743, at *2 (S.D.N.Y. May 20, 2009); *In re Veeco Instruments, Inc. Sec. Litig.,* No. 05-cv-1695, 2007 WL 274800, at *2 (S.D.N.Y. Jan. 29, 2007).

**Ms. Lively Must Produce Documents Responsive to the Damages Requests**

Federal Rule of Civil Procedure 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevancy" under Rule 26 is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in th[e] case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *see Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 882 F.2d 682, 687 (2d Cir. 1989) (holding that "the broad scope of discovery

delimited by the Federal Rules of Civil Procedure is designed to achieve disclosure of all the evidence relevant to the merits of a controversy").

Ms. Lively's Amended Complaint alleges that she suffered "substantial losses in earnings, equity, and … other economic losses" (Dkt. 84, ¶¶ 381, 457) and "significant, general, actual, consequential … damages including … lost earnings, and other pecuniary loss." (*Id.* ¶ 476). She also alleges that her businesses – Blake Brown, Betty Buzz and Betty Booze – have been damaged. (*Id.* ¶¶ 342 – 343).

The Wayfarer Parties' Document Request No. 56 seeks: "All documents and communications relating to [Ms. Lively's] claims for damages." (Fritz Decl., ¶ 5). However, Ms. Lively has not produced any documents or communications responsive to Document Request No. 56. (*Id.*). Although Ms. Lively claims that she will (eventually) produce such documents (*id.*, ¶ 10), the deadline for substantial completion of document discovery has passed, she has not produced any responsive documents and has not confirmed when she will do so. The Court should compel Ms. Lively to produce all documents and communications concerning any damages she alleges have been incurred by her or her companies.

The Wayfarer Parties' Document Request No. 254 seeks: "Documents sufficient to show Your net worth for the period between January 1, 2022, and the present, including, without limitation, financial statements, assets, and liabilities." (Fritz Decl., ¶ 7). Ms. Lively's position is that such documents are irrelevant to her damages claims. (*Id.*, ¶ 12). This Court has already determined, *in this case*, that documents sufficient to show net worth are relevant to a party's claim for damages arising out of tortious conduct. (Dkt. 216, p. 3); *see also Sullivan v. Aircraft Servs. Grp., Inc.*, No. 19-cv-6500, 2021 WL 11703007, at *3 (E.D.N.Y. Nov. 29, 2021); *Linea Pelle, Inc. v. Omega Fashions Ltd.*, No. 95-cv-0138, 1997 WL 13267, at *1 (S.D.N.Y. Jan. 15, 1997) ("[F]inancial statements are relevant to any claim for lost profits."). If the Wayfarer Parties' (then-existing) claim for defamation and resulting damages mandated the disclosure of their net worth documents, as this Court previously determined (and, as the Wayfarer Parties have since disclosed in compliance with the Order), then Ms. Lively's net worth is relevant to her defamation claim, her other claims and the substantial damages she seeks in connection therewith. (Dkt. 84, ¶¶, 381, 457, 476).

We respectfully request that the Court direct Ms. Lively to provide, within seven days: (a) a computation of her alleged damages, the theory under which she seeks damages, and the documents supporting the computation (as required by Rule 6(a)(1)(A)(iii)); (b) a substantive response to the Damages Interrogatory; and (c) documents responsive to the Damages Requests.

Respectfully submitted,

*/s/ Kevin Fritz*
MEISTER SEELIG & FEIN PLLC
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
       kaf@msf-law.com

LINER FREEDMAN TAITELMAN + COOLEY, LLP
Bryan J. Freedman (*pro hac vice*)
Ellyn S. Garofalo (*pro hac vice*)
Miles M. Cooley (*pro hac vice*)
Theresa M Troupson (*pro hac vice*)
Summer Benson (*pro hac vice*)
Jason Sunshine
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
       egarofalo@lftcllp.com
       mcooley@lftcllp.com
       ttroupson@lftcllp.com
       sbenson@lftcllp.com
       jsunshine@lftcllp.com

Mitra Ahouraian (*pro hac vice*)
2029 Century Park East
4th Floor
Los Angeles, CA 90067
(310) 376-7878
Email: mitra@ahouraianlaw.com

cc: all counsel of record (via ECF)