**CONFIDENTIAL**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>    Plaintiff,<br><br>    v.<br><br>WAYFARER STUDIOS LLC, et al,<br><br>    Defendants. | No. 24-cv-10049-LJL (lead case) |
| JENNIFER ABEL,<br><br>    Third-Party Plaintiff,<br><br>    v.<br><br>JONESWORKS LLC,<br><br>    Third-Party Defendant. | |
| WAYFARER STUDIOS LLC, et al.,<br><br>    Consolidated Plaintiffs,<br><br>    v.<br><br>BLAKE LIVELY, et al.<br><br>    Consolidated Defendants. | No. 25-cv-449 (LJL) (member case) |

**PLAINTIFF/CONSOLIDATED DEFENDANT BLAKE LIVELY'S RESPONSES AND
OBJECTIONS TO DEFENDANTS/CONSOLIDATED PLAINTIFFS'
<u>FIRST SET OF INTERROGATORIES</u>**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the Local Rules

for the Southern District of New York, Plaintiff/Consolidated Defendant Blake Lively hereby

responds and objects to the First Set of Interrogatories (the "Interrogatories," or individually,

"Interrogatory") propounded by Defendants/Consolidated Plaintiffs Wayfarer Studios LLC

CONFIDENTIAL

("Wayfarer"), Justin Baldoni, Jamey Heath, It Ends With Us Movie LLC, Melissa Nathan, Jennifer Abel, and Steve Sarowitz (collectively, the "Consolidated Plaintiffs") and Defendant The Agency Group PR LLC ("TAG," and together with the Consolidated Plaintiffs, the "Propounding Parties") as follows:

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.    Ms. Lively objects to each of the "Definitions" and "Instructions" to the extent that they seek to impose duties or obligations that exceed and/or are inconsistent with those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), and/or any other order of the Court (together with the Local Rules, the "Applicable Rules").

2.    Ms. Lively objects to the definitions and instructions to the extent they assume facts not in evidence or misstate facts.  In responding to the Interrogatories, Ms. Lively does not admit the correctness or truth of any such assertions.

3.    Ms. Lively objects to the definitions of "You" and "Your" and "Lively" and "Responding Party" on the grounds that they are vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to discovery of admissible information in that the definitions include not only Ms. Lively but "*anyone else* acting or *purporting to act* on her behalf and *anyone* on whose behalf she is or was acting," such as individuals, regardless of their relationship to the allegations, claims or defenses in the Action,[1] (i) outside of an employment or agency relationship with Ms. Lively; (ii) not acting at her direction or on her behalf; (iii) not acting

---

[1]  As detailed in Objection No. 6, Ms. Lively will construe "Action" to mean  the actions pending before the United States District Court for the Southern District of New York captioned *Lively v. Wayfarer Studios LLC, et al.*, Case No. 24-cv-10049 (LJL) and *Wayfarer Studios LLC, et al. v. Lively, et al.*, Case No. 25-cv-449 (LJL).

CONFIDENTIAL

with her assent; (iv) not subject to her control; and/or (v) without ability to bind her by their actions.

Ms. Lively further objects to the definitions to the extent they constitute an unnecessary and

unwarranted invasion of privacy to third parties.  In responding to the Interrogatories, Ms. Lively

will construe the terms "You," "Your," "Lively," and "Responding Party" to mean Ms. Lively.

4.      Ms. Lively objects to the definition of "Jonesworks" on the grounds that it is vague,

ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to discovery of

admissible information in that the definition includes not only Jonesworks LLC, but also

unidentified members, managers, representatives, agents, employees, subsidiaries, affiliates,

parent(s), accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or

purporting to act on [Jonesworks'] behalf," regardless of their relationship to the allegations,

claims or defenses in the Action.  In responding to the Interrogatories, Ms. Lively will construe

the term "Jonesworks" to mean Jonesworks LLC.

5.      Ms. Lively objects to the definition of "New York Times" on the grounds that it is

vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to

discovery of admissible information in that the definition includes not only the New York Times

Company, but also unidentified members, managers, representatives, agents, employees,

subsidiaries, affiliates, parent(s), accountants, attorneys, successors, predecessors-in-interest, and

anyone else "acting or purporting to act on [New York Times'] behalf," regardless of their

relationship to the allegations, claims or defenses in the Action.   In responding to the

Interrogatories, Ms. Lively will construe the term "New York Times" to mean the New York

Times Company.

6.      Ms. Lively objects to the definition of "Action" on the grounds that it is overbroad,

seeks documents that are not relevant to the allegations, claims, or defenses in the Complaint or

CONFIDENTIAL

the Consolidated Complaint (as defined in the Interrogatories), nor reasonably calculated to lead to the discovery of admissible information in that the definition includes *Jonesworks v. Abel et al.*, Case No. 1:25-cv-00779-LJL, a litigation to which Ms. Lively is not a party. Ms. Lively further objects to the definition of "Action" because it is not used in the underlying Interrogatories. In responding to the Interrogatories, Ms. Lively will use the term "Action" to refer to the actions pending before the United States District Court for the Southern District of New York captioned *Lively v. Wayfarer Studios LLC, et al.*, Case No. 24-cv-10049 (LJL) and *Wayfarer Studios LLC, et al. v. Lively, et al.*, Case No. 25-cv-449 (LJL).

7.    Ms. Lively objects to the definition of "Document" on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous. Ms. Lively further objects to the definition of "Document" on the grounds that it seeks to impose obligations different from or greater than those imposed by the Applicable Rules.

8.    Ms. Lively objects to the definition of "Communication" on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, and seeks to impose obligations different from or greater than those imposed by the Applicable Rules, including without limitation that it purports to require Ms. Lively to provide information regarding oral conversations or messages that were not recorded or transcribed.

9.    Ms. Lively objects to the definition of "relate to" and "related to" on the grounds that it seeks to impose obligations on Ms. Lively different from or greater than those imposed by the Applicable Rules. Ms. Lively will respond to the Interrogatories in accordance with the Applicable Rules.

10.    Ms. Lively objects to the definition of "identify" when referring to a document on the grounds that it is overbroad, vague, and ambiguous; to the extent that it imposes or can be

construed to impose obligations different from or greater than those imposed by the Applicable Rules, including but not limited to Local Rule 33.3; and to the extent it purports to require Ms. Lively to identify information that is not in Ms. Lively's possession, custody or control. Ms. Lively further objects on the grounds that it is unduly burdensome and not proportional to the needs of the Action for Ms. Lively to attempt to identify (i) the author or originator of a document; (ii) each addressee of a document; (iii) all individuals designated to receive, or who have received a copy of a document; (iv) the date, title, and general subject matter of the document; (v) the present custodian of "each copy" of a document; and (vi) the last known address of each custodian. Ms. Lively further objects to this definition to the extent it purports to require Ms. Lively to create work product for the Propounding Parties.

11.    Ms. Lively objects to the definition of "identify" when referring to a natural person on the grounds that it is overbroad, vague, and ambiguous; to the extent that it imposes or can be construed to impose obligations different from or greater than those imposed by the Applicable Rules, including but not limited to Local Rule 33.3; and to the extent it purports to require Ms. Lively to identify information that is not in Ms. Lively's possession, custody or control. Ms. Lively further objects on the grounds that it is unduly burdensome and not proportional to the needs of the Action for Ms. Lively to attempt to identify persons' (i) full names; (ii) current or last known residence addresses and telephone numbers; (iii) current or last known business addresses and telephone numbers; and (iv) current or last known positions or job titles.  Ms. Lively further objects to this definition to the extent it purports to require Ms. Lively to create work product for the Propounding Parties.

12.    Ms. Lively objects to the definition of "identify" when referring to an entity on the grounds that it is overbroad, vague, and ambiguous; to the extent that it imposes or can be

construed to impose obligations different from or greater than those imposed by the Applicable Rules, including but not limited to Local Rule 33.3; and to the extent it purports to require Ms. Lively to identify information that is not in Ms. Lively's possession, custody or control. Ms. Lively further objects on the grounds that it is unduly burdensome and not proportional to the needs of the Action for Ms. Lively to attempt to identify the address and organizational status of an entity.

13.     Ms. Lively objects to Instruction No. 19 to the extent that it imposes or can be construed to impose obligations different from or greater than those imposed by the Applicable Rules.

14.     Ms. Lively objects to Instruction No. 20 to the extent that it imposes or can be construed to impose obligations different from or greater than those imposed by the Applicable Rules.

15.     Ms. Lively objects to Instruction No. 22 to the extent that it imposes or can be construed to impose obligations different from or greater than those imposed by the Applicable Rules.

16.     Ms. Lively objects to Instruction No. 23 to the extent that it imposes or can be construed to impose obligations different from or greater than those imposed by the Applicable Rules.

17.     Ms. Lively objects to each and every Interrogatory to the extent it is compound and improperly combines multiple distinct inquiries into a single request, including through the use of undefined terms such as "describe," making each unduly burdensome and potentially exceeding the number of interrogatories permitted under Rule 33(a)(1) of the Federal Rules of Civil

**CONFIDENTIAL**

Procedure. Ms. Lively will construe each such interrogatory as containing discrete subparts and will respond only to the extent required by the Applicable Rules.

**INTERROGATORIES**

**INTERROGATORY NO. 1**:

Identify all persons who you know or believe have knowledge or information concerning any of the allegations in the Complaint. This list should not be limited to persons who will or may testify on Lively's behalf, but necessarily includes them.

**RESPONSE TO INTERROGATORY NO. 1**:

Ms. Lively objects to this Interrogatory as vague and ambiguous, including its use of the undefined terms "persons" and "allegations in the Complaint" because it fails to describe the information sought with the required specificity. Ms. Lively further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the Action, and beyond the scope of the Applicable Rules, including but not limited to Local Rule 33.3, including because it requires Ms. Lively to identify "all persons" she knows or believes to know has any level of knowledge or information about "any of the allegations in the Complaint," without regard to time period or relevance to the claims or defenses in the Action. Ms. Lively further objects to this Interrogatory on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the spousal privilege, the physician-patient privilege, the psychotherapist-patient privilege, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Interrogatory to the extent it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract, or that would impinge on the privacy rights of third parties. Ms. Lively further objects to this Interrogatory to the extent it seeks information that is not in her possession, custody, and control; within the

Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Interrogatory to the extent that it prematurely seeks information that may otherwise be provided pursuant to forthcoming document productions or that is more practically obtained through depositions.

Subject to and without waiving the foregoing objections, Ms. Lively incorporates by reference the Propounding Parties' initial disclosures, dated February 18, 2025 ("Wayfarer Disclosures") pursuant to which the Propounding Parties identified individuals likely to have discoverable information that they may use to support their claims and defenses, in addition to her own initial disclosures, dated February 18, 2025 ("Lively Disclosures," and together with the Wayfarer Disclosures, the "Initial Disclosures"). Discovery is ongoing and remains subject to a forthcoming Electronically Stored Information Protocol for Discovery of electronic-stored information, documents and hardcopy documents ("ESI Protocol"), which Ms. Lively has been attempting to negotiate since March 27, 2025. The Propounding Parties' delay in negotiating the ESI Protocol has delayed Ms. Lively's ability to complete the document review necessary to fully respond to this Interrogatory. At this time, Ms. Lively expects that persons with knowledge or information concerning the substantive allegations in the Complaint are reflected in the Initial Disclosures. Ms. Lively reserves the right to supplement this response as discovery proceeds.

CONFIDENTIAL

## INTERROGATORY NO. 2:

Identify all persons whom you believe have documents in their possession relating to the allegations in the Complaint.

## RESPONSE TO INTERROGATORY NO. 2:

Ms. Lively objects to this Interrogatory as vague and ambiguous, including its use of the undefined terms "persons" and "documents," and undefined phrase, "allegations in the Complaint," because it fails to describe the information sought with the required specificity. Ms. Lively further objects because this Interrogatory calls for a legal conclusion and pure conjecture and speculation, including by requiring her to guess at what individuals other than herself may have in their legal possession, custody, and control. Ms. Lively further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the Action, and beyond the scope of the Applicable Rules, including but not limited to Local Rule 33.3, including because it requires Ms. Lively to identify "all persons" whom she believes has any documents about the allegations in the Complaint, without regard to time period or relevance to the claims or defenses in the Action. Ms. Lively further objects to this Interrogatory on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the spousal privilege, the physician-patient privilege, the psychotherapist-patient privilege, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Interrogatory to the extent it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract, or that would impinge on the privacy rights of third parties. Ms. Lively further objects to this Interrogatory to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the

CONFIDENTIAL

possession, custody, and control of third-party entities; or otherwise available to the Propounding

Parties from another source that is more convenient, less burdensome, or less expensive.  Ms.

Lively further objects to this Interrogatory to the extent that it prematurely seeks information that

may otherwise be provided pursuant to forthcoming document productions or that is more

practically obtained through depositions.  Ms. Lively further objects to this Interrogatory to the

extent that it is cumulative and duplicative of other discovery requests already served by the

Propounding Parties, including but not limited to Interrogatory No. 1.

Subject to and without waiving the foregoing objections, Ms. Lively incorporates by

reference the Wayfarer Disclosures, pursuant to which the Propounding Parties identified

individuals likely to have discoverable information that they may use to support their claims and

defenses, in addition to the Lively Disclosures.  Discovery is ongoing and remains subject to a

forthcoming ESI Protocol, which Ms. Lively has been attempting to negotiate since March 27,

2025.  The Propounding Parties' delay in negotiating the ESI Protocol has delayed Ms. Lively's

ability to complete the document review necessary to fully respond to this Interrogatory.  At this

time, Ms. Lively expects that persons with documents concerning the substantive allegations in

the Complaint are reflected in the Initial Disclosures.  Ms. Lively reserves the right to supplement

this response as discovery proceeds.

**INTERROGATORY NO. 3**:

Identify the documents that you believe each person identified in your response to
Interrogatory No. 2 possesses.

**RESPONSE TO INTERROGATORY NO. 3**:

Ms. Lively objects to this Interrogatory as vague and ambiguous, including its use of the

undefined terms "person" and "documents" because it fails to describe the information sought with

the required specificity.  Ms. Lively further objects because this Interrogatory calls for a legal

CONFIDENTIAL

conclusion and pure conjecture and speculation, including by requiring her to guess at what individuals other than herself may have in their legal possession, custody, and control.  Ms. Lively further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the Action, and beyond the scope of the Applicable Rules, including but not limited to Local Rule 33.3, including because it requires Ms. Lively to identify documents without regard to time period or relevance to the claims or defenses in the Action.  Ms. Lively further objects to this Interrogatory on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Lively further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the spousal privilege, the physician-patient privilege, the psychotherapist-patient privilege, or any other applicable privilege, protection, or immunity.  Ms. Lively further objects to this Interrogatory to the extent it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract, including but not limited to documents reflecting trade secrets and/or proprietary business information, or information that would impinge on the privacy rights of third parties.  Ms. Lively further objects to this Interrogatory to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive.  Ms. Lively further objects to this Interrogatory to the extent that it prematurely seeks information that may otherwise be provided pursuant to forthcoming document productions.  Ms. Lively further objects to this Interrogatory to the extent that it is cumulative and duplicative of other discovery requests already

served by the Propounding Parties, including but not limited to Request for Production No. 3.[2]

Discovery and attendant fact investigation are ongoing; Ms. Lively reserves the right to

supplement this response as discovery proceeds.

Subject to and without waiving the foregoing objections, Ms. Lively responds by

identifying the following documents:

| Document | Custodian | Location |
|---|---|---|
| *It Ends With Us* Script(s) | Wayfarer | Unknown |
| Actor Loanout Agreement between It Ends With Us Movie LLC and Blakel, Inc., dated May 5, 2023 | Wayfarer | Unknown |
| Email from Lindsey Strasberg to Imene Meziane and Joseph Lanius, dated November 9, 2023, with the subject line, "Lively – It Ends With Us – CONFIDENTIAL" and the "Protections for Return to Production" enclosure | Ms. Lively | Exhibit A to Complaint |
| Protections for Return to Production Contract Rider between It Ends With Us Movie LLC and Blakel, Inc., dated January 19, 2024 | Ms. Lively | Exhibit B to Complaint |
| Sony Marketing Plan, dated August 9, 2024 | Ms. Lively | Exhibit C to Complaint |
| TAG Scenario Planning Document | TAG | Exhibit D to Complaint |

**INTERROGATORY NO. 4**:

Identify all persons with whom you have had any contact or communications (oral or written) regarding any of the allegations in the Complaint.

**RESPONSE TO INTERROGATORY NO. 4**:

Ms. Lively objects to this Interrogatory as vague and ambiguous, including its use of the

undefined terms "persons" and "communications," and the undefined phrases, "any contact" and

"any of the allegations in the Complaint," because it fails to describe the information sought with

the required specificity. Ms. Lively further objects to this Interrogatory on the grounds that it is

---

[2]  As used herein, "Request(s) for Production" shall refer to the Propounding Parties' First Set of Requests for Production to Ms. Lively, dated February 21, 2025.

CONFIDENTIAL

overly broad, unduly burdensome, not proportional to the needs of the Action, and beyond the scope of the Applicable Rules, including but not limited to Local Rule 33.3, including because it requires Ms. Lively to identify "all persons" with whom she had "any contact or communications" about the allegations in the Complaint, without regard to time period or relevance to the claims or defenses in the Action.  Ms. Lively further objects to this Interrogatory on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the spousal privilege, the physician-patient privilege, the psychotherapist-patient privilege, or any other applicable privilege, protection, or immunity.  Ms. Lively further objects to this Interrogatory to the extent it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract, or that would impinge on the privacy rights of third parties.  Ms. Lively further objects to this Interrogatory to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive.  Ms. Lively further objects to this Interrogatory to the extent that it prematurely seeks information that may otherwise be provided pursuant to forthcoming document productions or that is more practically obtained through depositions.  Ms. Lively further objects to this Interrogatory to the extent that it is cumulative and duplicative of other discovery requests already served by the Propounding Parties, including but not limited to Interrogatory No. 1.

Subject to and without waiving the foregoing objections, Ms. Lively incorporates by reference the Wayfarer Disclosures, pursuant to which the Propounding Parties identified

individuals likely to have discoverable information that they may use to support their claims and

defenses, in addition to the Lively Disclosures.  Discovery is ongoing and remains subject to a

forthcoming ESI Protocol, which Ms. Lively has been attempting to negotiate since March 27,

2025.  The Propounding Parties' delay in negotiating the ESI Protocol has delayed Ms. Lively's

ability to complete the document review necessary to fully respond to this Interrogatory.  At this

time, Ms. Lively expects that persons with whom she has communicated regarding the substantive

allegations in the Complaint are reflected in the Initial Disclosures.  Ms. Lively reserves the right

to supplement this response as discovery proceeds.

**INTERROGATORY NO. 5**:

Identify all documents related to your answer to Interrogatory No. 4.

**RESPONSE TO INTERROGATORY NO. 5**:

Ms. Lively objects to this Interrogatory as vague and ambiguous, including its use of the

undefined term "documents" because it fails to describe the information sought with the required

specificity and because it seeks information "related to" a vague and ambiguous predicate

Interrogatory.  Ms. Lively further objects because this Interrogatory calls for a legal conclusion

and pure conjecture and speculation, including by requiring her to guess at what individuals other

than herself may have in their legal possession, custody, and control.  Ms. Lively further objects

to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not proportional

to the needs of the Action, and beyond the scope of the Applicable Rules, including but not limited

to Local Rule 33.3, including because it requires Ms. Lively to identify "all documents," without

regard to time period or relevance to the claims or defenses in the Action.  Ms. Lively further

objects to this Interrogatory on the grounds that it seeks information that is not reasonably

calculated to lead to the discovery of admissible evidence.  Ms. Lively further objects to this

Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the

CONFIDENTIAL

work product doctrine, the spousal privilege, the physician-patient privilege, the psychotherapist-patient privilege, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Interrogatory to the extent it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract, including but not limited to documents reflecting trade secrets and/or proprietary business information, or information that would impinge on the privacy rights of third parties. Ms. Lively further objects to this Interrogatory to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Interrogatory to the extent that it prematurely seeks information that may otherwise be provided pursuant to forthcoming document productions. Ms. Lively further objects to this Interrogatory to the extent that it is cumulative and duplicative of other discovery requests already served by the Propounding Parties, including but not limited to Interrogatory No. 3 and Request for Production No. 3.

Ms. Lively currently lacks knowledge of any information responsive to this Interrogatory. Discovery and attendant fact investigation are ongoing, and Ms. Lively will supplement this response as warranted.

**INTERROGATORY NO. 6**:

Identify all persons from whom a statement has been taken which relates to the allegations or claims set forth in the Complaint, either orally or in writing, and for each person state the date the statement was made, the identity of the person taking the statement, and the contents of the statement.

CONFIDENTIAL

## **RESPONSE TO INTERROGATORY NO. 6**:

Ms. Lively objects to this Interrogatory as vague and ambiguous because it fails to describe

the information sought with specificity, including by relying on passive voice and the undefined

terms, "persons," "statement," and "taken," and undefined phrases, "statement has been taken"

and "allegations or claims set forth in the Complaint."   Accordingly, the Interrogatory is

unintelligible.   Ms. Lively further objects to this Interrogatory as improperly compound by

containing multiple subparts that introduce a new topic in a separate and distinct field of inquiry

from the preceding portion of the Interrogatory, specifically by asking for Ms. Lively to identify

"the contents of" every "statement" that "has been taken which relates to the allegations or claims

set forth in the Complaint."  Ms. Lively further objects to this Interrogatory's request for her to

identify the "contents" of every such statement as an improper contention interrogatory under

Local Civil Rule 33.3.  Ms. Lively further objects to this Interrogatory on the grounds that it is

overly broad, unduly burdensome, not proportional to the needs of the Action, and beyond the

scope of the Applicable Rules, including but not limited to Local Rule 33.3.  Ms. Lively further

objects to this Interrogatory on the grounds that it seeks information that is not reasonably

calculated to lead to the discovery of admissible evidence.  Ms. Lively further objects to this

Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the

work product doctrine, the spousal privilege, the physician-patient privilege, the psychotherapist-

patient privilege, or any other applicable privilege, protection, or immunity.  Ms. Lively further

objects to this Interrogatory to the extent it requires the disclosure of information that Ms. Lively

is restricted from disclosing by law or by contract, or that would impinge on the privacy rights of

third parties.  Ms. Lively further objects to this Interrogatory to the extent it seeks information

that is not in her possession, custody, and control; within the Propounding Parties' possession,

custody, and control; within the possession, custody, and control of third-party entities; or

CONFIDENTIAL

otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive.  Ms. Lively further objects to this Interrogatory to the extent that it prematurely seeks information that may otherwise be provided pursuant to forthcoming document productions or that is more practically obtained through depositions.  Ms. Lively further objects to this Interrogatory to the extent that it is cumulative and duplicative of other discovery requests already served by the Propounding Parties, including but not limited to Interrogatory No. 1.  Ms. Lively further objects to this Interrogatory because it is not limited to a reasonable time period in light of the claims and allegations in the Complaint.

**INTERROGATORY NO. 7**:

Identify all documents related to your answer to Interrogatory No. 6.

**RESPONSE TO INTERROGATORY NO. 7**:

Ms. Lively incorporates by reference all objections to Interrogatory No. 6.  Ms. Lively further objects to this Interrogatory as vague and ambiguous, including its use of the undefined term "documents."  Ms. Lively further objects because this Interrogatory calls for a legal conclusion and pure conjecture and speculation, including by requiring her to guess at what individuals other than herself may have in their legal possession, custody, and control.

**INTERROGATORY NO. 8**:

Describe in detail each type of damage, loss or expense that you seek in your Complaint. For each, state: the nature of the alleged damage, loss or expense; the total dollar amount of the alleged damage, loss or expense; how that amount was calculated; and the facts which evidence and/or support the alleged damage, loss or expense.

**RESPONSE TO INTERROGATORY NO. 8**:

Ms. Lively objects to this Interrogatory on the grounds that it prematurely seeks information that is properly the subject of expert testimony.  Ms. Lively further objects to this Interrogatory as vague and ambiguous, including its use of the undefined terms "describe,"

CONFIDENTIAL

"damage," "loss," or "expense." Ms. Lively further objects to this Interrogatory because the request for a calculation of "each type of damage, loss or expense" is an improper contention interrogatory under Local Civil Rule 33.3. Ms. Lively further objects to this Interrogatory to the extent that it requires her to describe the "facts which evidence and/or support" the alleged damage, loss or expense. Ms. Lively further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Interrogatory as improperly compound by containing multiple subparts that introduce a new topic in a separate and distinct field of inquiry from the preceding portion of the Interrogatory. Ms. Lively further objects to this Interrogatory on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Interrogatory because it is not limited to a reasonable time period in light of the claims and allegations in the Complaint.

Fact and expert discovery are ongoing, and Ms. Lively will supplement this response as warranted.

**INTERROGATORY NO. 9**:

Identify all documents related to your answer to Interrogatory No. 8.

**RESPONSE TO INTERROGATORY NO. 9**:

Ms. Lively incorporates by reference all objections to Interrogatory No. 8. Ms. Lively further objects to this Interrogatory as vague and ambiguous, including its use of the undefined term "documents."

**INTERROGATORY NO. 10**:

Identify all persons who you know or believe have knowledge or information concerning any of the allegations in the Consolidated Complaint. This list should not be limited to persons who will or may testify on your behalf, but necessarily includes them.

CONFIDENTIAL

## RESPONSE TO INTERROGATORY NO. 10:

Ms. Lively objects to this Interrogatory as vague and ambiguous, including its use of the undefined term "persons" and phrase "any of the allegations in the Consolidated Complaint" because it fails to describe the information sought with the required specificity.  Ms. Lively further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the Action, and beyond the scope of the Applicable Rules, including but not limited to Local Rule 33.3, including because it requires Ms. Lively to identify "all persons" she knows or believes to know has any level of knowledge or information about the allegations in the Consolidated Complaint, without regard to time period or relevance to the claims or defenses in the Action.  Ms. Lively further objects to this Interrogatory on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Lively further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the spousal privilege, the physician-patient privilege, the psychotherapist-patient privilege, or any other applicable privilege, protection, or immunity.  Ms. Lively further objects to this Interrogatory to the extent it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract, or that would impinge on the privacy rights of third parties.  Ms. Lively further objects to this Interrogatory to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive.  Ms. Lively further objects to this Interrogatory to the extent that it prematurely seeks information that may otherwise be provided pursuant to forthcoming document productions or that is more practically obtained through depositions.  Ms. Lively further objects to this Interrogatory on the grounds that it prematurely

CONFIDENTIAL

seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144). Ms. Lively does not concede that any portion of her response to this Interrogatory is relevant for purposes of the Complaint. Ms. Lively further objects to this Interrogatory to the extent that it is cumulative and duplicative of other discovery requests already served by the Propounding Parties, including but not limited to Interrogatory No. 1.

Subject to and without waiving the foregoing objections, Ms. Lively incorporates by reference the Wayfarer Disclosures, pursuant to which the Propounding Parties identified individuals likely to have discoverable information that they may use to support their claims and defenses, in addition to the Lively Disclosures. Discovery is ongoing and remains subject to a forthcoming ESI Protocol, which Ms. Lively has been attempting to negotiate since March 27, 2025. The Propounding Parties' delay in negotiating the ESI Protocol has delayed Ms. Lively's ability to complete the document review necessary to fully respond to this Interrogatory. At this time, Ms. Lively expects that persons with knowledge or information concerning the substantive allegations in the Consolidated Complaint are reflected in the Initial Disclosures. Ms. Lively reserves the right to supplement this response as discovery proceeds.

**INTERROGATORY NO. 11**:

Identify all persons whom you believe have documents in their possession relating to the allegations in the Consolidated Complaint.

**RESPONSE TO INTERROGATORY NO. 11**:

Ms. Lively objects to this Interrogatory as vague and ambiguous, including its use of the undefined terms "persons" and "documents," and undefined phrase, "allegations in the Consolidated Complaint," because it fails to describe the information sought with the required specificity. Ms. Lively further objects because this Interrogatory calls for a legal conclusion and pure conjecture and speculation, including by requiring her to guess at what individuals other than

CONFIDENTIAL

herself may have in their legal possession, custody, and control.  Ms. Lively further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the Action, and beyond the scope of the Applicable Rules, including but not limited to Local Rule 33.3, including because it requires Ms. Lively to identify "all persons" she believes has any documents about the allegations in the Consolidated Complaint, without regard to time period or relevance to the claims or defenses in the Action.  Ms. Lively further objects to this Interrogatory on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Lively further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the spousal privilege, the physician-patient privilege, the psychotherapist-patient privilege, or any other applicable privilege, protection, or immunity.  Ms. Lively further objects to this Interrogatory to the extent it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract, including but not limited to documents reflecting trade secrets and/or proprietary business information, or information that would impinge on the privacy rights of third parties.  Ms. Lively further objects to this Interrogatory to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive.  Ms. Lively further objects to this Interrogatory to the extent that it prematurely seeks information that may otherwise be provided pursuant to forthcoming document productions or that is more practically obtained through depositions.  Ms. Lively further objects to this Interrogatory on the grounds that it prematurely seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144).  Ms. Lively does not

CONFIDENTIAL

concede that any portion of her response to this Interrogatory is relevant for purposes of the Complaint. Ms. Lively further objects to this Interrogatory to the extent that it is cumulative and duplicative of other discovery requests already served by the Propounding Parties, including but not limited to Interrogatory No. 2.

Subject to and without waiving the foregoing objections, Ms. Lively incorporates by reference the Wayfarer Disclosures, pursuant to which the Propounding Parties identified individuals likely to have discoverable information that they may use to support their claims and defenses, in addition to the Lively Disclosures. Discovery is ongoing and remains subject to a forthcoming ESI Protocol, which Ms. Lively has been attempting to negotiate since March 27, 2025. The Propounding Parties' delay in negotiating the ESI Protocol has delayed Ms. Lively's ability to complete the document review necessary to fully respond to this Interrogatory. At this time, Ms. Lively expects that persons with documents concerning the substantive allegations in the Consolidated Complaint are reflected in the Initial Disclosures. Ms. Lively reserves the right to supplement this response as discovery proceeds.

**INTERROGATORY NO. 12**:

Identify the documents which you believe each person identified in your response to Interrogatory No. 11 possesses.

**RESPONSE TO INTERROGATORY NO. 12**:

Ms. Lively objects to this Interrogatory as vague and ambiguous, including its use of the undefined terms "person" and "documents" because it fails to describe the information sought with the required specificity. Ms. Lively further objects because this Interrogatory calls for a legal conclusion and pure conjecture and speculation, including by requiring her to guess at what individuals other than herself may have in their legal possession, custody, and control. Ms. Lively further her objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome,

CONFIDENTIAL

not proportional to the needs of the Action, and beyond the scope of the Applicable Rules, including but not limited to Local Rule 33.3, including because it requires Ms. Lively to identify documents without regard to time period or relevance to the claims or defenses in the Action. Ms. Lively further objects to this Interrogatory on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the spousal privilege, the physician-patient privilege, the psychotherapist-patient privilege, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Interrogatory to the extent it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract, including but not limited to documents reflecting trade secrets and/or proprietary business information, or information that would impinge on the privacy rights of third parties. Ms. Lively further objects to this Interrogatory to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Interrogatory to the extent that it prematurely seeks information that may otherwise be provided pursuant to forthcoming document productions. Ms. Lively further objects to this Interrogatory on the grounds that it prematurely seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144). Ms. Lively does not concede that any portion of her response to this Interrogatory is relevant for purposes of the Complaint. Ms. Lively further objects to this Interrogatory to the extent that it is cumulative and duplicative of other discovery requests already served by the Propounding Parties, including but

CONFIDENTIAL

not limited to Interrogatory No. 3 and Request for Production No. 3.  Discovery and attendant fact

investigation are ongoing; Ms. Lively reserves the right to supplement this response as discovery

proceeds and following resolution of Ms. Lively's Motion to Dismiss (ECF No. 144).

Subject to and without waiving the foregoing objections, Ms. Lively responds by

identifying the following documents:

| Document | Custodian | Location |
|---|---|---|
| Actor Loanout Agreement between It Ends With Us Movie LLC and Blakel, Inc., dated May 5, 2023 | Wayfarer | Unknown |
| *Deadpool & Wolverine* Script | Marvel | Unknown |
| Megan Twohey, Mike McIntire and Julie Tate, *We Can Bury Anyone': Inside a Hollywood Smear Machine*, NEW YORK TIMES (Dec. 21, 2024) | New York Times | Unknown |
| Contract between "the Wayfarer Parties and William Morris Endeavor," as alleged in Consolidated Complaint ¶ 348 | William Morris Endeavor | Unknown |

**INTERROGATORY NO. 13**:

Identify all persons with whom you have had any contact or communications (oral or written) regarding any of the allegations in the Consolidated Complaint.

**RESPONSE TO INTERROGATORY NO. 13**:

Ms. Lively objects to this Interrogatory as vague and ambiguous, including its use of the

undefined terms "persons" and "communications," and the undefined phrases, "any contact" and

"any of the allegations in the Consolidated Complaint," because it fails to describe the information

sought with the required specificity.  Ms. Lively objects to this Interrogatory on the grounds that

it is overly broad, unduly burdensome, not proportional to the needs of the Action, and beyond the

scope of the Applicable Rules, including but not limited to Local Rule 33.3, including because it

requires Ms. Lively to identify "all persons" with whom she had contact or communications about

the allegations in the Consolidated Complaint, without regard to time period or relevance to the

claims or defenses in the Action.  Ms. Lively further objects to this Interrogatory on the grounds

CONFIDENTIAL

that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Lively further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the spousal privilege, the physician-patient privilege, the psychotherapist-patient privilege, or any other applicable privilege, protection, or immunity.  Ms. Lively further objects to this Interrogatory to the extent it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract, including but not limited to documents reflecting trade secrets and/or proprietary business information, or information that would impinge on the privacy rights of third parties.  Ms. Lively further objects to this Interrogatory to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive.  Ms. Lively further objects to this Interrogatory to the extent that it prematurely seeks information that may otherwise be provided pursuant to forthcoming document productions or that is more practically obtained through depositions.  Ms. Lively further objects to this Interrogatory on the grounds that it prematurely seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144).  Ms. Lively does not concede that any of the allegations in the Consolidated Complaint are relevant for purposes of the Complaint.  Ms. Lively further objects to this Interrogatory to the extent that it is cumulative and duplicative of other discovery requests already served by the Propounding Parties, including but not limited to Interrogatory No. 4.

Subject to and without waiving the foregoing objections, Ms. Lively incorporates by reference the Wayfarer Disclosures, pursuant to which the Propounding Parties identified

individuals likely to have discoverable information that they may use to support their claims and

defenses, in addition to the Lively Disclosures.  Discovery is ongoing and remains subject to a

forthcoming ESI Protocol, which Ms. Lively has been attempting to negotiate since March 27,

2025.  The Propounding Parties' delay in negotiating the ESI Protocol has delayed Ms. Lively's

ability to complete the document review necessary to fully respond to this Interrogatory.  At this

time, Ms. Lively expects that persons with whom she has communicated concerning the

substantive allegations in the Consolidated Complaint are reflected in the Initial Disclosures.

Ms. Lively reserves the right to supplement this response as discovery proceeds.

**INTERROGATORY NO. 14**:

Identify all documents related to your answer to Interrogatory No. 13.

**RESPONSE TO INTERROGATORY NO. 14**:

Ms. Lively objects to this Interrogatory as vague and ambiguous, including its use of the

undefined term "documents" because it fails to describe the information sought with the required

specificity and because it seeks information "related to" a vague and ambiguous predicate

Interrogatory.  Ms. Lively further objects because this Interrogatory calls for a legal conclusion

and pure conjecture and speculation, including by requiring her to guess at what individuals other

than herself may have in their legal possession, custody, and control. Ms. Lively further objects to

this Interrogatory on the grounds that it is overly broad, unduly burdensome, not proportional to

the needs of the Action, and beyond the scope of the Applicable Rules, including but not limited

to Local Rule 33.3, including because it requires Ms. Lively to identify "all documents," without

regard to time period or relevance to the claims or defenses in the Action.  Ms. Lively further

objects to this Interrogatory on the grounds that it seeks information that is not reasonably

calculated to lead to the discovery of admissible evidence.  Ms. Lively further objects to this

Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the

Docusign Envelope ID: 1774367F-C92A-47DD-8448-D35450D58026

**CONFIDENTIAL**

work product doctrine, the spousal privilege, the physician-patient privilege, the psychotherapist-patient privilege, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Interrogatory to the extent it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract, including but not limited to documents reflecting trade secrets and/or proprietary business information, or information that would impinge on the privacy rights of third parties. Ms. Lively further objects to this Interrogatory to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Interrogatory to the extent that it prematurely seeks information that may otherwise be provided pursuant to forthcoming document productions. Ms. Lively further objects to this Interrogatory on the grounds that it prematurely seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144). Ms. Lively does not concede that any portion of her response to this Interrogatory is relevant for purposes of the Complaint. Ms. Lively further objects to this Interrogatory to the extent that it is cumulative and duplicative of other discovery requests already served by the Propounding Parties, including but not limited to Interrogatory Nos. 3 and 5 and Request for Production No. 3. Discovery and attendant fact investigation are ongoing; Ms. Lively reserves the right to supplement this response as discovery proceeds and following resolution of Ms. Lively's Motion to Dismiss (ECF No. 144).

Ms. Lively currently lacks knowledge of any information responsive to this Interrogatory.

**INTERROGATORY NO. 15**:

Identify all persons from whom a statement has been taken which relates to the allegations or claims set forth in the Consolidated Complaint, either orally or in writing, and for each person

CONFIDENTIAL

state the date the statement was made, the identity of the person taking the statement, and the contents of the statement.

### RESPONSE TO INTERROGATORY NO. 15:

Ms. Lively objects to this Interrogatory as vague and ambiguous because it fails to describe the information sought with specificity, including by relying on passive voice and the undefined terms, "persons," "statement," and "taken," and undefined phrases, "statement has been taken" and "allegations or claims set forth in the Consolidated Complaint." Accordingly, the Interrogatory is unintelligible. Ms. Lively further objects to this Interrogatory as improperly compound by containing multiple subparts that introduce a new topic in a separate and distinct field of inquiry from the preceding portion of the Interrogatory, specifically by asking for Ms. Lively to identify "the contents of" every "statement" that "has been taken which relates to the allegations or claims set forth in the Consolidated Complaint." Ms. Lively further objects to this Interrogatory's request for her to identify the "contents" of every such statement as an improper contention interrogatory under Local Civil Rule 33.3. Ms. Lively further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the Action, and beyond the scope of the Applicable Rules, including but not limited to Local Rule 33.3, including because it requires Ms. Lively to identify "all persons from whom a statement has been taken," without regard to time period or relevance to the claims or defenses in the Action. Ms. Lively further objects to this Interrogatory on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the spousal privilege, the physician-patient privilege, the psychotherapist-patient privilege, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Interrogatory to the extent it requires the disclosure of information

that Ms. Lively is restricted from disclosing by law or by contract, or that would impinge on the privacy rights of third parties. Ms. Lively further objects to this Interrogatory to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Interrogatory to the extent that it prematurely seeks information that may otherwise be provided pursuant to forthcoming document productions or that is more practically obtained through depositions. Ms. Lively further objects to this Interrogatory on the grounds that it prematurely seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144). Ms. Lively further objects to this Interrogatory to the extent that it is cumulative and duplicative of other discovery requests already served by the Propounding Parties, including but not limited to Interrogatory No. 6.

**INTERROGATORY NO. 16**:

Identify all documents related to your answer to Interrogatory No. 15.

**RESPONSE TO INTERROGATORY NO. 16**:

Ms. Lively incorporates by reference all objections to Interrogatory No. 15. Ms. Lively further objects to this Interrogatory as vague and ambiguous, including its use of the undefined term "documents." Ms. Lively further objects because this Interrogatory calls for a legal conclusion and pure conjecture and speculation, including by requiring her to guess at what individuals other than herself may have in their legal possession, custody, and control.

**INTERROGATORY NO. 17**:

Identify all persons with knowledge of your communications with Jonesworks.

## RESPONSE TO INTERROGATORY NO. 17:

Ms. Lively objects to this Interrogatory as vague and ambiguous, including its use of the undefined terms "persons" and "communications," and undefined phrase, "knowledge of your communications," because it fails to describe the information sought with the required specificity. Ms. Lively further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the Action, and beyond the scope of the Applicable Rules, including but not limited to Local Rule 33.3, including because it requires Ms. Lively to identify "all persons" with knowledge of her alleged communications with Jonesworks, without regard to time period or relevance to the claims or defenses in the Action. Ms. Lively further objects to this Interrogatory on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the spousal privilege, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Interrogatory to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Interrogatory to the extent that it prematurely seeks information that may otherwise be provided pursuant to forthcoming document productions or that is more practically obtained through depositions. Ms. Lively further objects to this Interrogatory to the extent that it assumes facts not in evidence or misstates facts. Ms. Lively further objects to this Interrogatory to the extent that it is cumulative and duplicative of other discovery requests already served by the Propounding Parties, including but not limited to Interrogatory Nos. 1 and 10.

Ms. Lively currently lacks knowledge of any information responsive to this Interrogatory. Discovery and attendant fact investigation are ongoing, and Ms. Lively will supplement this response as warranted.

**INTERROGATORY NO. 18**:

Identify all documents related to your communications with Jonesworks.

**RESPONSE TO INTERROGATORY NO. 18**:

Ms. Lively objects to this Interrogatory as vague and ambiguous, including its use of the undefined term "documents" because it fails to describe the information sought with the required specificity. Ms. Lively further objects to this Interrogatory to the extent that it assumes facts not in evidence or misstates facts. Ms. Lively further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the Action, and beyond the scope of the Applicable Rules, including but not limited to Local Rule 33.3, including because it requires Ms. Lively to identify "all documents," without regard to time period or relevance to the claims or defenses in the Action. Ms. Lively further objects to this Interrogatory on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the spousal privilege, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Interrogatory to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Interrogatory to the extent that it prematurely seeks information that may otherwise be provided pursuant to forthcoming document productions. Ms. Lively further objects to this Interrogatory to

the extent that it is cumulative and duplicative of other discovery requests already served by the Propounding Parties, including but not limited to Interrogatory Nos. 3 and 12 and Request for Production Nos. 64–67.

Ms. Lively currently lacks knowledge of any information responsive to this Interrogatory. Discovery and attendant fact investigation are ongoing, and Ms. Lively will supplement this response as warranted.

**INTERROGATORY NO. 19**:

Identify all persons with knowledge of your communications with the New York Times.

**RESPONSE TO INTERROGATORY NO. 19**:

Ms. Lively objects to this Interrogatory as vague and ambiguous, including its use of the undefined terms "persons" and "communications," and undefined phrase, "knowledge of your communications," because it fails to describe the information sought with the required specificity. Ms. Lively further objects to this Interrogatory to the extent that it assumes facts not in evidence or misstates facts. Ms. Lively further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the Action, and beyond the scope of the Applicable Rules, including but not limited to Local Rule 33.3, including because it requires Ms. Lively to identify "all persons" with knowledge of her alleged communications with the New York Times, without regard to time period or relevance to the claims or defenses in the Action. Ms. Lively further objects to this Interrogatory on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the spousal privilege, the physician-patient privilege, the psychotherapist-patient privilege, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Interrogatory to the extent it seeks information that is not in her

CONFIDENTIAL

possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive.  Ms. Lively further objects to this Interrogatory to the extent that it prematurely seeks information that may otherwise be provided pursuant to forthcoming document productions or that is more practically obtained through depositions.  Ms. Lively further objects to this Interrogatory on the grounds that it prematurely seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144).  Ms. Lively further objects to this Interrogatory to the extent that it is cumulative and duplicative of other discovery requests already served by the Propounding Parties, including but not limited to Interrogatory Nos. 1 and 10.

Ms. Lively currently lacks knowledge of any information responsive to this Interrogatory. Discovery and attendant fact investigation are ongoing, and Ms. Lively will supplement this response as warranted.

**INTERROGATORY NO. 20**:

Identify all documents related to your communications with the New York Times.

**RESPONSE TO INTERROGATORY NO. 20**:

Ms. Lively objects to this Interrogatory as vague and ambiguous, including its use of the undefined terms "documents" and "communications" because it fails to describe the information sought with the required specificity.  Ms. Lively further objects to this Interrogatory to the extent that it assumes facts not in evidence or misstates facts.  Ms. Lively further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the Action, and beyond the scope of the Applicable Rules, including but not limited to Local Rule 33.3, including because it requires Ms. Lively to identify "all documents," without regard to time period or relevance to the claims or defenses in the Action.  Ms. Lively further

CONFIDENTIAL

objects to this Interrogatory on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the spousal privilege, the physician-patient privilege, the psychotherapist-patient privilege, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Interrogatory to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Interrogatory to the extent that it prematurely seeks information that may otherwise be provided pursuant to forthcoming document productions. Ms. Lively further objects to this Interrogatory on the grounds that it prematurely seeks information that may otherwise not be needed after resolution of Ms. Lively's Motion to Dismiss (ECF No. 144). Ms. Lively further objects to this Interrogatory to the extent that it is cumulative and duplicative of other discovery requests already served by the Propounding Parties, including but not limited to Interrogatory Nos. 3 and 12, and Request for Production Nos. 59–62.

Ms. Lively currently lacks knowledge of any information responsive to this Interrogatory. Discovery and attendant fact investigation are ongoing, and Ms. Lively will supplement this response as warranted.

Dated: April 18, 2025

/s/ Michael J. Gottlieb
WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
Meryl Governski
1875 K Street NW
Washington, DC 20006
(202) 303-1000
E-mail: mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron Nathan
Willkie Farr & Gallagher LLP
787 7th Avenue New York, NY 10019
(212) 728-8000
E-mail: anathan@willkie.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson
Stephanie A. Roeser
2049 Century Park East, Suite 1700
Los Angeles, California 90067
(310) 312-4000
E-mail: ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
Manatt, Phelps & Phillips, LLP
7 Times Sq
New York, NY 10036
(212) 790-4500
E-mail: mbruno@manatt.com

*Attorneys for Blake Lively and Ryan Reynolds*

## <u>VERIFICATION OF INTERROGATORY RESPONSES</u>

I, Blake Lively, state that I have reviewed the foregoing Responses and Objections to the Defendants/Consolidated Plaintiffs' First Set of Interrogatories to Plaintiff/Consolidated Defendant Blake Lively, and that the information contained therein is accurate to the best of my knowledge, information, and belief. Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this <u>18</u> day of April, 2025.



290359148C184D8...

BLAKE LIVELY

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 18, 2025, the foregoing was served on all counsel of record via email.

/s/ Michael J. Gottlieb
Michael J. Gottlieb