**CONFIDENTIAL**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>                    Plaintiff,<br><br>          v.<br><br>WAYFARER STUDIOS LLC, et al,<br><br>                    Defendants. | No. 24-cv-10049-LJL (lead case) |
| JENNIFER ABEL,<br><br>                    Third-Party Plaintiff,<br><br>          v.<br><br>JONESWORKS LLC,<br><br>                    Third-Party Defendant. | |
| WAYFARER STUDIOS LLC, et al.,<br><br>                    Consolidated Plaintiffs,<br><br>          v.<br><br>BLAKE LIVELY, et al.<br><br>                    Consolidated Defendants. | No. 25-cv-449 (LJL) (member case) |

**PLAINTIFF BLAKE LIVELY'S RESPONSES AND OBJECTIONS TO DEFENDANT
WAYFARER STUDIOS, LLC'S FOURTH SET OF REQUESTS FOR PRODUCTION**

Plaintiff Blake Lively ("Ms. Lively") hereby responds and objects to the Fourth Set of
Requests for Production (the "Requests") propounded by Defendant Wayfarer Studios LLC
(the "Propounding Party") as follows:

CONFIDENTIAL

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Ms. Lively objects to each of the "Definitions" and "Instructions" to the extent that they seek to impose duties or obligations that exceed and/or are inconsistent with those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules for the United States District Court for the Southern District of New York, and/or any other order of the Court (the "Applicable Rules").

2.      Ms. Lively objects to the definitions and instructions to the extent they assume facts not in evidence or misstate facts.

3.      Ms. Lively objects to the Requests on the grounds that they are overbroad, seek documents that are not relevant to the allegations, claims, or defenses in the Action, and are not reasonably calculated to lead to the discovery of admissible information in that the definition includes the now-dismissed litigation *Wayfarer Studios LLC, et al. v. Lively, et al.*, Case No. 25-cv-449-LJL, and *Jonesworks v. Abel et al.*, Case No. 1:25-cv-00779-LJL, a litigation to which Ms. Lively is not a party.  "Relevant," as used herein, shall have the same meaning as ascribed to it by Fed. R. Evid. 401 of the Applicable Rules.  For the avoidance of doubt, Ms. Lively objects to each Request that may be construed as calling for the production of documents or disclosure of information that is solely relevant to allegations and claims relating to the actions captioned as *Wayfarer Studios LLC, et al. v. Lively, et al.*, Case No. 25-cv-449-LJL, and *Jonesworks v. Abel et al.*, Case No. 1:25-cv-00779-LJL, which Ms. Lively will not produce.  In responding to the Requests, Ms. Lively will construe the term "Action" to mean the action captioned as *Lively v. Wayfarer Studios LLC, et al.*, Case No. 24-cv-10049-LJL.

4.      Ms. Lively objects to Instruction No. 3 as overly broad and unduly burdensome to the extent it requires Ms. Lively to segregate each document according to the numbered request to

**CONFIDENTIAL**

which it is responsive, and to the extent that it differs from, adds to, or is otherwise inconsistent with the requirements of the Applicable Rules.

5.      Ms. Lively objects to Instruction No. 4, which requests information about documents that have been lost, discarded, transferred or destroyed, to the extent it seeks to impose obligations on Ms. Lively different from or greater than those imposed by the Applicable Rules. Ms. Lively will respond to the Requests in accordance with the Applicable Rules.

6.      Ms. Lively objects to Instruction No. 5 as overly broad and unduly burdensome to the extent it purports to require Ms. Lively to produce a privilege log or redaction log containing information that differs from, adds to, or is otherwise inconsistent with the requirements of the Applicable Rules.  When asserting any privilege or protection over a document responsive to the Requests, Ms. Lively will provide only the information required by the Applicable Rules.

7.      Ms. Lively objects to each Request that seeks "all," "any," "each," or "every" document on a respective topic because it would require Ms. Lively to search each and every document in Ms. Lively's possession, custody, or control.   Searching for "all" responsive documents concerning any topic imposes an undue burden and expense on Lively and is not proportional to the needs of the Action.  Ms. Lively will not withhold any specific documents based on this objection; however, Ms. Lively will only conduct reasonable, good-faith, and proportional searches for responsive documents, as further detailed in the specific objections and responses below.

8.      Ms. Lively expressly reserves the right to redact information that is not relevant to the Action (as defined by the Applicable Rules) from documents responsive to the Requests, as appropriate.

**CONFIDENTIAL**

9.    Ms. Lively objects to the Requests that call for the disclosure of information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the spousal privilege, the physician-patient privilege, the psychotherapist-patient privilege, or any other privilege, protection, or immunity applicable under the governing law. Ms. Lively does not intend to disclose such protected information. To the extent that any Requests may be construed as calling for the production of documents or disclosure of information that is subject to any such claim of privilege, Ms. Lively hereby asserts that doctrine or privilege and objects on that basis. Any accidental or inadvertent disclosure of privileged information or material is not intended to be and shall not operate as a waiver of any claim of privilege, protection, or immunity, whether in whole or in part, nor is any such inadvertent disclosure intended to be, nor shall it constitute, a waiver of the right to object to any use of such information contained therein.

10.    Ms. Lively objects to the Requests that seek information from sources not within Ms. Lively's possession, custody, and control, or not locatable after a reasonable and diligent search, and to the extent they seek to require Ms. Lively to search for, review, or produce inaccessible information or materials. Ms. Lively further objects to the Requests that seek to impose any duty to provide information more readily available from sources other than Ms. Lively, including, without limitation, information that is in the possession of the Wayfarer Parties.

11.    Ms. Lively objects to the Requests that require the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract. Ms. Lively further objects to the Requests that require the production of documents reflecting trade secrets and/or proprietary business information or documents that would impinge on privacy rights of third parties.

12.    Where Ms. Lively has agreed to conduct a reasonable search for and produce documents, such search and production will be governed by, and subject to, the Applicable Rules,

**CONFIDENTIAL**

as well as any prior and subsequent relevant stipulations of the parties, including, but not limited to, the Joint Stipulation on the Protocol for Discovery of Electronically-Stored Information and Hard Copy Documents, dated May 13, 2025 (ECF No. 212; "ESI Protocol"), and the parties' agreement as to a proper search and review protocol. To the extent any of the Requests demand a production that is in conflict with the ESI Protocol, the ESI Protocol, including but not limited to any accompanying provision implicating Fed. R. Evid. 502(d), will control.

13.    Where Ms. Lively has agreed to produce documents and communications, to the extent any exist, Ms. Lively will produce documents and communications as they are kept in the usual course of business or organized, and will produce them in a reasonable form, at a reasonable time, and at a reasonable location to be mutually agreed by the parties, and objects to any contrary instruction.

14.    Where Ms. Lively has agreed to produce documents and communications, to the extent any exist, such production will be limited to documents and communications that are responsive to the underlying Request and relevant to the allegations, claims, or defense in the Action.

15.    Any response stating that responsive documents will be produced is not a representation that such documents exist or are in Ms. Lively's possession, custody or control. To the contrary, any such response is subject to confirmation by Ms. Lively that such documents exist and are in Ms. Lively's possession, custody and control.

16.    Ms. Lively makes these responses based on facts reasonably known at the time of answering these Requests. Ms. Lively has not completed investigating the facts relating to the Action and further discovery, investigation, research, and analysis may supply additional facts, which may alter the contentions and disclosures herein. Ms. Lively reserves the right to later use

CONFIDENTIAL

and present at trial any evidence, facts, and/or testimony developed or analyzed at a later date that is responsive to the Requests but not presently known to Ms. Lively. Ms. Lively assumes no obligation to amend and/or supplement her responses beyond that which is required by law.

## SPECIFIC RESPONSES AND OBJECTIONS

The response set forth below is based upon information presently available to Ms. Lively, and Ms. Lively expressly reserves the right to revise, correct, add to, clarify, amend, or supplement her response as necessary. Each of the foregoing objections to definitions and instructions is incorporated in and shall be deemed continuing throughout the response to the specific Request set forth below, even if not further referred to. Thus, the absence of a reference to an objection to the definitions and instructions should not be construed as a waiver of the objection to definitions and instructions as to a specific Request.

### REQUEST NO. 254:

Documents sufficient to show Your net worth for the period between January 1, 2022, and the present, including, without limitation, financial statements, assets, and liabilities.

### RESPONSE TO REQUEST NO. 254:

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence, including because there are no punitive damages sought by the Propounding Party against Ms. Lively. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the spousal privilege, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined terms "financial statements," "assets,"

**CONFIDENTIAL**

and "liabilities." Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract, including but not limited to documents reflecting trade secrets and/or proprietary business information. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Party from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that this Request seeks information that is properly the subject of expert testimony. Ms. Lively further objects to this Request because it is not limited to a reasonable time period in light of the claims and allegations in the Action. Ms. Lively further objects to this Request as cumulative and duplicative of other Requests. Ms. Lively further objects to this Request to the extent that it seeks discovery related to Ms. Lively's damages in this Action, which Ms. Lively has already agreed to produce non-privileged documents responsive to, including in response to Request Nos. 52 and 53.

Subject to and without waiving the foregoing objections, Ms. Lively is willing to meet and confer regarding the meaning of this Request and the appropriate scope of any document production in response to this Request.

Dated: July 7, 2025

/s/ Esra A. Hudson
MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson
Stephanie A. Roeser
2049 Century Park East, Suite 1700
Los Angeles, California 90067
(310) 312-4000
E-mail: ehudson@manatt.com
sroeser@manatt.com

**CONFIDENTIAL**

Matthew F. Bruno
Manatt, Phelps & Phillips, LLP
7 Times Sq
New York, NY 10036
(212) 790-4500
E-mail: mbruno@manatt.com

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
1875 K Street NW
Washington, DC 20006
(202) 303-1000
E-mail: mgottlieb@willkie.com
kbender@willkie.com

Aaron Nathan
Willkie Farr & Gallagher LLP
787 7th Avenue New York, NY 10019
(212) 728-8000
E-mail: anathan@willkie.com

DUNN ISAACSON RHEE LLP
Meryl C. Governski
401 Ninth Street, NW
Washington, DC 20004
(202) 240-2900
E-mail: mgovernski@dirllp.com

*Attorneys for Blake Lively*

**CONFIDENTIAL**

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on July 7, 2025, the foregoing was served on all counsel of record via email.


By: <u>/s/ Esra A. Hudson</u>____
Esra A. Hudson