UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>                     Plaintiff,<br><br>v.<br><br>WAYFARER STUDIOS LLC, a Delaware Limited Liability Company, JUSTIN BALDONI, an individual, JAMEY HEATH, an individual, STEVE SAROWITZ, an individual, IT ENDS WITH US MOVIE LLC, a California Limited Liability Company, MELISSA NATHAN, an individual, THE AGENCY GROUP PR LLC, a Delaware Limited Liability Company, JENNIFER ABEL, an individual,<br><br>                     Defendants. | Civ. Action No. 1:24-cv-10049-LJL (Consolidated for pretrial purposes with 1:25-cv-00449-LJL) rel. 1:25-cv-00779-LJL<br><br>**DECLARATION OF KEVIN FRITZ IN SUPPORT OF MOTION TO COMPEL** |
| WAYFARER STUDIOS LLC, a Delaware Limited Liability Company, JUSTIN BALDONI, an individual, JAMEY HEATH, an individual, IT ENDS WITH US MOVIE LLC, a California Limited Liability Company, MELISSA NATHAN, an individual, JENNIFER ABEL, an individual, and STEVE SAROWITZ, an individual,<br><br>                     Plaintiffs,<br><br>v.<br><br>BLAKE LIVELY, an individual, RYAN REYNOLDS, an individual, LESLIE SLOANE, an individual, VISION PR, INC., a New York corporation, and THE NEW YORK TIMES COMPANY, a New York corporation,<br><br>                     Defendants. | |

1

I, Kevin Fritz, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a partner of Meister Seelig & Fein PLLC, attorneys for Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel (collectively, the "Wayfarer Parties") in the above-captioned matter.

2. I submit this declaration in support of the Wayfarer Parties' motion to compel Blake Lively to provide: (a) a computation of her alleged damages, the theory under which she seeks damages, and the documents supporting the computation (as required by FRCP 26(a)(1)(A)(iii); (b) a verified response to an interrogatory seeking a computation of each category of alleged damage (the "Damages Interrogatory"); and (c) documents relating to her claims for damages, including but not limited to documents sufficient to show her net worth, such as financial statements, assets and liabilities (the "Damages Requests" and collectively with the foregoing discovery, the "Damages Discovery").[1]

3. Ms. Lively's Amended Complaint alleges that she suffered "substantial losses in earnings, equity, and … other economic losses" (Dkt. 84, ¶¶ 381, 457) and "significant, general, actual, consequential … damages including … lost earnings, and other pecuniary loss." (*Id.* ¶ 476).

4. Ms. Lively has not provided the Wayfarer Parties with a computation of her alleged damages, the theory of damages, or supporting documents, as required by FRCP 26(a)(1)(A)(iii). A true and correct copy of Ms. Lively's Amended Initial Disclosures, dated June 11, 2025 is attached hereto as **Exhibit A**.[2]

---

[1] The Damages Interrogatory is Interrogatory No. 8 in the Wayfarer Parties' First Set of Interrogatories. (Ex. B). The Damages Requests are Request No. 56 (damages) in the Wayfarer Parties' First Set of Requests for Production (Ex. C) and Request No. 254 in the Wayfarer Parties' Fourth Set of Requests for Production (Ex. D).
[2] Because this document was designated by Ms. Lively as Confidential, this exhibit will be submitted under seal.

5. The Wayfarer Parties' Document Request No. 56 seeks: "All documents and communications relating to [Ms. Lively's] claims for damages." However, Ms. Lively has not produced any documents or communications responsive to Document Request No. 56. A true and correct copy of Ms. Lively's Responses and Objections to the Wayfarer Parties' First Set of Requests for Production of Documents, dated March 24, 2025 is attached hereto as **Exhibit B**.[3]

6. The Damages Interrogatory states: "Describe in detail each type of damage, loss or expense that you seek in your Complaint. For each, state: the nature of the alleged damage, loss or expense; the total dollar amount of the alleged damage, loss or expense; how that amount was calculated; and the facts which evidence and/or support the alleged damage, loss or expense." Ms. Lively has not provided a substantive response to the Damages Interrogatory. A true and correct copy of Ms. Lively's Responses and Objections to the Wayfarer Parties' First Set of Interrogatories, dated April 18, 2025 is attached hereto as **Exhibit C**.[4]

7. The Wayfarer Parties' Document Request No. 254 seeks: "Documents sufficient to show Your net worth for the period between January 1, 2022, and the present, including, without limitation, financial statements, assets, and liabilities." Ms. Lively has not produced any such documents. A true and correct copy of Ms. Lively's Responses and Objections to Wayfarer Studios LLC's Fourth Set of Requests for Production of Documents, dated July 7, 2025 is attached hereto as **Exhibit D**.[5]

8. In accordance with Rule 4(C) of the Individual Practices, I met and conferred with Ms. Lively's counsel via Zoom on July 9, 2025.

---

[3] Because this document was designated by Ms. Lively as Confidential, this exhibit will be submitted under seal.
[4] Because this document was designated by Ms. Lively as Confidential, this exhibit will be submitted under seal.
[5] Because this document was designated by Ms. Lively as Confidential, this exhibit will be submitted under seal.

9.   During the conference, the Wayfarer Parties narrowed the Damages Interrogatory to merely request a computation of each category of damage alleged, as authorized by Local Civil Rule 33.3(a). However, Ms. Lively's counsel refused to provide a substantive response thereto, contending that it is the subject of expert discovery. Similarly, I noted that Ms. Lively's Amended Initial Disclosures were deficient. Again, Ms. Lively's counsel refused to supplement the Amended Initial Disclosures, contending that the information sought was the subject of expert discovery.

10.  With respect to the documents relating to Ms. Lively's alleged damages (Document Request No. 56), Ms. Lively's counsel acknowledged an obligation to produce those, but refused to commit to a date. In response, I noted that the deadline for substantial completion of document discovery (July 1, 2025) passed a week ago and that the Wayfarer Parties were entitled to have such documents sufficiently in advance of Ms. Lively's deposition, which is currently scheduled for July 17, 2025.

11.  Furthermore, I noted that, in her Amended Complaint, Ms. Lively alleges that the purported "retaliation campaign" has "severely damaged [Ms. Lively's] companies" including her haircare line Blake Brown, which allegedly suffered a "dramatic drop" in sales. (Dkt. 84, ¶ 342). Surprisingly, Ms. Lively's counsel claimed that Ms. Lively was having difficulties obtaining financial information from her own company. Ms. Lively's counsel declined to explain what specific steps have been taken to procure that information over the last few months.

12.  As for the net worth documents (Document Request No. 254), Ms. Lively's counsel asked me to explain how they are relevant. I explained that Ms. Lively's net worth is relevant to her allegations, in the Amended Complaint that she suffered significant economic damages from the Wayfarer Parties' alleged conduct. (Dkt. 84, ¶¶ 381, 457, 476). I also noted that the Court, in an Order dated May 14, 2025, already ruled that documents sufficient to show net worth were

4

relevant to the Wayfarer Parties' claim for damages arising out of Ms. Lively's tortious conduct. (Dkt. 216, p. 3). In response, Ms. Lively's counsel attempted to distinguish the Order on the grounds that the Wayfarer Parties' claim was for defamation (and not for violation of employment-related statutes). Ms. Lively's counsel was then reminded that Ms. Lively has asserted a defamation claim and seeks substantial damages in connection therewith. (Dkt. 84, ¶ 476). Ms. Lively's counsel would not commit to producing her net worth documents.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, NY
      July 10, 2025                    By:    */s/ Kevin Fritz*____
                                                              KEVIN FRITZ