# WILLKIE FARR & GALLAGHER LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

July 11, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> The Court will hold a hearing on the scheduling of discovery in this case on July 15, 2025, at 3:30 p.m. Counsel will participate by Microsoft Teams video conference, with dial-in information provided by email. The public or press may access the hearing by dialing (646) 453-4442 and using Conference ID# 358639322.
>
> SO ORDERED.
>
> Date: 7/11/25
>
> LEWIS J. LIMAN
> United States District Judge

Re:   *Lively v. Wayfarer Studios LLC et al.*, No. 24-cv-10049 (LJL)

Dear Judge Liman:

Plaintiff Blake Lively writes in response to the Court's order to show cause issued on July 9, 2025. *See* ECF No. 403. Like the Wayfarer Parties (ECF No. 408), Ms. Lively generally has no objection to the contemplated order outlined by the Court, but she wishes to clarify the Court's July 25 date referenced in the potential forthcoming order that "[a]ll document production by parties and nonparties shall be completed by July 25, 2025. (Third-party subpoenas shall require production no later than July 25, 2025.)." *Id.* at 2. As described below, Ms. Lively is amenable to the schedule outlined by the Court, including the July 25 deadline, except proposes that the Court make clear that the July 25 deadline is without prejudice to the issuance of (1) additional written party discovery until August 29, and (2) additional third-party document subpoenas until the close of fact discovery on September 30.

As to party discovery, Ms. Lively respectfully proposes that the Court order that all document production by parties shall be completed by July 25, 2025 for all issued written discovery, without prejudice to the issuance of additional written discovery until August 29, for which production is due no later than the close of fact discovery on September 30.[1] Ms. Lively had proposed that the parties complete document productions *for issued RFPs* by July 25. *See* ECF No. 386 at 2. The intent of this proposal was to ensure that any documents trailing behind the "substantial completion" deadline be fully produced in advance of depositions. This proposal would accomplish the aim of fully completing party document discovery except for any *to-be-issued* written discovery, and also is intended, as the Court acknowledged, to allow the parties to resolve document deficiencies for all such completed productions by August 1, 2025. *See* ECF No. 403 at 2. Ms. Lively had not intended to preclude the parties from any later, predictably limited, requests for production and interrogatories, to be permissibly issued until August 29—that is, 30 business days prior to the close of fact discovery on September 30, 2025. *See* Fed. R.

---

[1] September 30 as a date for production is necessary to ensure that, for requests for production, parties do not simply serve objections on September 30. To the extent parties find requests objectionable, they may serve objections in advance of September 30 to allow for sufficient time for party conferrals. In addition, to the extent that good cause arises to issue limited additional discovery based on deposition testimony between August 29 and September 30, Ms. Lively proposes that the parties seek approval to propound such discovery from the Court upon a showing of good cause.

Civ. P. 33(b)(2) (30 days as default response time); Fed. R. Civ. P. 34(b)(2)(a) (same). Ms. Lively therefore submits it would be appropriate for the Court so-order both the July 25 and August 29 dates laid out above, to require timely production of all party document discovery issued (comprising the vast majority of all party document discovery), while also allowing the parties to complete any final written discovery requests arising from the parties' July 1 productions and with the benefit of any additional discovery that may be obtained from third parties or depositions through August 29.

As to third-party discovery, Ms. Lively respectfully submits that the Court's July 25 deadline for third-party productions should apply to all noticed subpoenas in order to facilitate those productions,[2] without prejudice to additional third-party document discovery through the close of fact discovery on September 30 (for which production is required 14 days after service). Ms. Lively had not proposed any interim date for completion of third-party document discovery, on the understanding that such discovery would be warranted and permissible until the close of fact discovery. Given the deficiencies in the Wayfarer Parties' document productions to date, Ms. Lively anticipates that depositions will yield further information critical to her claims—such as regarding vendors, digital teams, or Content Creators deployed by the Wayfarer Parties in connection with the retaliatory campaign—which in turn will warrant the issuance of third-party document subpoenas after July 25. While Ms. Lively has been actively pursuing third-party discovery (and indeed, has provided notice of more than 60 document subpoenas to date, Bender Decl. ¶ 9), she simply has not been afforded the discoverable information through documents to have concluded such third-party discovery before depositions have taken place. Alternatively, to the extent that the Court is nevertheless inclined to impose July 25 as a final date for third-party discovery that *precludes* the issuance of additional third-party document subpoenas essentially as of now, Ms. Lively asks that the Court make clear that additional third-party discovery may take place through the close of fact discovery on September 30 on a showing of good cause for that discovery.

---

[2] Ms. Lively has drawn the distinction between noticed subpoenas and served subpoenas as she intends to imminently file motions for alternative service at least as to: Cynthia Barnes-Slater, Dervla Mcneice, and Perez Hilton (Mario Lavandeira). Counsel for the Wayfarer Parties "do not represent these individuals and therefore have no authority to accept service on their behaves [*sic*]." Declaration of Kristin E. Bender ("Bender Decl.") ¶¶ 8, 9, Exhibit A. The Wayfarer Parties' counsel made similar representations that they did not represent third party Matthew Mitchell—going so far as to even require this Court to rule on a motion for alternate service as to that third party. *See* Bender Decl. ¶¶ 3–6; *see* ECF No. 356. Yet after the Court issued its order approving alternative service, counsel revealed that they do represent Mr. Mitchell. Bender Decl. ¶ 6. It appears that Mr. Freedman currently represents at least Mr. Hilton (Lavandeira), yet has not responded to requests for service to be accepted on his behalf. *See, e.g.*, Perez Hilton (@theperezhilton), INSTAGRAM, *Blake Lively subpoenaed me? My response*:, at 2:24 – 2:32 (July 4, 2025), https://www.instagram.com/reel/DLnV9RgPqXV/?igsh=djRubG5jd25vcDhq (Perez Hilton: "I have not been served with anything yet. And I also have not communicated with my lawyer, Bryan Freedman, about this …."); Perez Hilton (@theperezhilton), INSTAGRAM, *I just scored a win in my legal battle against Blake Lively!!!!*, at 2:30 – 2:54 (July 10, 2025), https://www.instagram.com/reel/DL7w7LqR0St/?igsh=MTdmbTdtNjMwcWoydw== (Hilton taunting that he has not been served and will not be accounted for under this Court's proposed schedule for July 25). If the Court wishes the July 25 deadline for third-party production to apply only for served (not merely noticed) subpoenas, Ms. Lively respectfully seeks that the Court additionally require a deadline for production of 14 days for any subpoenas that have been noticed but not yet served.

- 3 -

Respectfully submitted,

/s/ *Michael J. Gottlieb*

Michael J. Gottlieb
Kristin E. Bender
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com

Aaron E. Nathan
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (*pro hac vice*)
Stephanie A. Roeser (*pro hac vice*)
Manatt, Phelps & Phillips LLP
2049 Century Park East, Suite 1700
Los Angeles, California 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
Manatt, Phelps & Phillips, LLP
7 Times Sq.
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

DUNN ISAACSON RHEE LLP
Meryl C. Governski (*pro hac vice*)
401 Ninth Street, NW
Washington, DC 20004
(202) 240-2900
mgovernski@dirllp.com

*Attorneys for Blake Lively*