# WILLKIE FARR & GALLAGHER LLP

1875 K Street, N.W.<br>
Washington, DC 20006-1238<br><br>
Tel: 202 303 1000<br>
Fax: 202 303 2000

July 11, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Lively v. Wayfarer Studios LLC et al.*, No. 24-cv-10049 (LJL)

Dear Judge Liman:

  Plaintiff Blake Lively respectfully moves the Court to enter a protective order directing Defendants to (1) conduct Ms. Lively's deposition—currently scheduled for next Thursday, July 17—at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and (2) disclose the identities of all individuals who will appear. Ms. Lively regrets the need to burden the Court with this request and does so only after Defendants have refused Ms. Lively's reasonable requests and instead insisted that Ms. Lively's deposition take place at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Defendants have not denied that their intent is to manufacture a harassing publicity stunt by requiring Ms. Lively to parade through paparazzi, or by inviting unknown attendees to the deposition, including members of the media or social media influencers, or any other number of abusive tactics. Despite Ms. Lively's repeated efforts to confer, Defendants have refused to address these concerns and have responded only with their insistence that they alone control all logistics and security issues. Defendants' failure to acknowledge the real security and privacy risks ignores that they have engaged in retaliatory harassment that has *extended into the litigation itself*, including by defense counsel's repeated and personal attempts to turn Ms. Lively's deposition into a media event. Good cause exists to provide Ms. Lively with these basic protections. *See* FRCP 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ."); *Sec. and Exch. Comm'n v. Aly*, 320 F.R.D. 116, 118 (S.D.N.Y. 2017) ("Factors guiding the Court's discretion include the cost, convenience, and litigation efficiency of the designated location."). Ms. Lively respectfully requests that the Court order Defendants to respond to this motion on an accelerated timeline.

  Since virtually the inception of this litigation, Defendants have used even the *prospect* of Ms. Lively's deposition to generate press interest. Defense counsel publicly demanded "the earliest possible deposition" of Ms. Lively in advance of the first court hearing on January 30, 2025, ECF No. 48, resulting in a predictable wave of sensationalized press coverage. On May 8, 2025, Mr. Freedman made unprofessional comments to People Magazine about Ms. Lively's deposition, preposterously declaring that he wanted to hold it "***at MSG [Madison Square Garden], sell tickets or stream it***" and that if Ms. Lively is "willing to sit for a deposition, I am available. How does tomorrow morning work for her?"[1] Just days after Defendants noticed Ms. Lively's deposition, Mr. Freedman sat for a lengthy

---

[1] Elizabeth Rosner, *Justin Baldoni's Lawyer Wants to Sell Tickets to Blake Lively's Deposition for This Reason*, PEOPLE (May 8, 2025 5:06 PM), https://people.com/justin-baldoni-lawyer-wants-sell-tickets-blake-lively-deposition-exclusive-11731182.

interview with TMZ, in which he announced: "I've noticed her deposition. It's set in June. We're gonna see if she's gonna appear at that deposition or not."[2]

During a conferral on June 13, 2025, defense counsel insisted that Ms. Lively's deposition *must* be the first deposition taken. Decl. at 3.[3] Ms. Lively agreed, and offered July 17, 2025, which Defendants accepted. Decl. at 4. On July 7, 2025, Ms. Lively's counsel emailed to confirm the plan for the upcoming deposition, consistent with the practice adopted by the parties for other depositions scheduled to date:

> "For security reasons, Ms. Lively's deposition will be held ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Separate and private breakout spaces will be provided for attending parties and counsel, as well as lunch and refreshments. We are also happy to coordinate logistics and ▮▮▮▮▮▮▮▮▮ with the court reporter and videographer if you would like. For security reasons, we will require a list of all persons who wish to attend the deposition by no later than Friday, July 11."

Ex. A at 8. Opposing counsel responded by insisting (without any articulated reason) that the deposition "take place at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[.]" *Id*. at 7. Ms. Lively's counsel immediately responded that they had made security preparations to hold the deposition at ▮▮▮▮▮▮▮▮▮▮▮▮▮, an approach that "aligns with ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." *Id*. at 6. Defendants did not respond. Lively's counsel sent another email the morning of July 10, 2025, asking for confirmation "whether you agree to conduct the deposition at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and to identify all attendees in advance (no later than tomorrow)" (i.e. July 11). *Id*. at 5. That evening, counsel for Ms. Lively emailed again, stating:

> "You have not agreed to our reasonable request to hold the deposition at ▮▮▮▮▮▮▮▮ nor to advise us in advance who will be present at the deposition. You have provided no reason for refusing these basic courtesies, so we can only assume that it is because you intend to make a media show of Ms. Lively's deposition in some way, both inside and outside of the deposition room."

*Id*. at 1. Opposing counsel responded virtually immediately, writing that "we expect to see ms lively [*sic*] at 9 am on July 17 at ▮▮▮ for her deposition." *Id*.

Defendants have not attempted to demonstrate that "cost, convenience" or "litigation efficiency" warrants holding the deposition at ▮▮▮ rather than at ▮▮▮. *Buzzeo v. Bd. of Educ., Hempstead*, 178

---

[2] https://www.tmz.com/2025/06/10/justin-baldoni-lawyer-bryan-freedman-rips-blake-lively-false-victory-tour/. Mr. Freedman made similar statements to other outlets as part of the same media blitz. *See, e.g.*, https://people.com/justin-baldoni-lawyer-breaks-silence-blake-lively-false-victory-lawsuit-dismissed-11751161; https://pagesix.com/2025/06/10/celebrity-news/how-justin-baldoni-feels-after-400m-countersuit-against-blake-lively-ryan-reynolds-dismissed/; https://www.eonline.com/news/1418544/justin-baldoni-blake-lively-lawsuit-lawyer-slams-victory-claim; https://variety.com/2025/film/news/justin-baldoni-reacts-blake-lively-defamation-lawsuit-thrown-out-1236424645/; https://abcnews.go.com/US/justin-baldonis-lawsuit-blake-lively-dismissed-federal-judge/story?id=122660022.
[3] "Decl." shall refer to the Declaration of Kristin E. Bender, filed contemporaneously herewith. Citations to "Ex." refer to exhibits attached to Ms. Bender's Declaration.

F.R.D. 390, 392 (E.D.N.Y. 1998). Nor can they. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, so Defendants cannot claim any "greater expenses." *Id*. Nor can Defendants in good faith claim any need to hold the deposition at ▮▮ given Mr. Freedman's willingness to conduct it at Madison Square Garden. Holding the deposition at ▮▮ will *save* Defendants resources because Ms. Lively's counsel has already engaged with professionals to ensure safe and professional conditions, including by ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Defense counsel's insistence that he can take Ms. Lively's deposition anytime, and anywhere, belies any claim now that holding the deposition at ▮▮ is essential to convenience or efficiency. Likewise, no cost, inconvenience, or inefficiency is generated by requiring the disclosure of the identity of attendees. To the contrary, it is essential to know in advance who plans to attend not just for building security purposes, but also given that any testimony will be presumptively sealed under the protective order, and ultimately may be designated as Confidential or AEO.[4]



Defendants' insistence on holding the deposition at ▮▮ and withholding the names of attendees subjects Ms. Lively to unknown security and privacy risks. The high-profile nature of this litigation, and the nature of Ms. Lively's retaliation claims, demonstrates a substantial risk of the deposition turning into a publicity event, or potentially attracting interested individuals who could pose security risks. Mitigating against these risks requires extensive (and expensive) professional assessment, planning, and staffing. Defendants do not appear to have considered such security concerns, instead baldly asserting that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ which is difficult to square with Mr. Freedman's public comments about this deposition, or allegations that have been recently made about Mr. Freedman's unprofessional conduct (in a sworn affidavit filed by an attorney in a case before the Los Angeles Superior Court), ECF No. 402–2, a case in which Mr. Freedman refused to allow his client to be deposed at opposing counsel's law firm based on the "inadequacies of Plaintiff counsel's office to 'protect Defendant's personal safety and privacy.'" *Id*. at 7. In light of the above, this Court should grant Ms. Lively's reasonable request to prevent the risk of annoyance, harassment, and verbal or physical threats. *Tangtiwatanapaibul v. Tom & Toon Inc.*, 1:17-cv-00816 (LGS) (KHP), 2017 WL 10456190, at *2 (S.D.N.Y. Nov. 22, 2017) (courts "given broad discretion to manage discovery and determine where depositions shall take place"); *Aly*, 320 F.R.D. at 118 ("The safety of the proposed venue may also be considered."); *accord United States v. $160,066.98 from Bank of Am.*, 202 F.R.D. 624, 628 (S.D. Cal. 2001).

Defendants have not refuted that manufacturing a public spectacle is their motivating factor in refusing Ms. Lively's requests for the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Unable to host Ms. Lively's deposition at Madison Square Garden or to "sell tickets or stream" it, Defendants appear to seek another public relations moment, or to create conditions for intimidation or harassment. Ms. Lively respectfully asks the Court to enter a narrow protective order to minimize security and privacy risks, and to preclude Defendants from using these proceedings to "promote public scandal." ECF 220 at 3; *accord Brown v. Maxwell*, 929 F.3d 41, 51 (2d Cir. 2019) (courts responsible for ensuring judicial process is not "coopted" to "gratify private spite or promote public scandal"); *Stern*, 529 F. Supp. 2d at 422–23 (depositions "are not intended to provide a vehicle for generating content for broadcast and other media") (quotations omitted).

---

[4] There is no public right of access to deposition transcripts. *Stern v. Cosby*, 529 F. Supp. 2d 417, 421 (S.D.N.Y. 2007).

Respectfully submitted,

/s/ *Michael J. Gottlieb*
Michael J. Gottlieb
Kristin E. Bender
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com

Aaron E. Nathan
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (*pro hac vice*)
Stephanie A. Roeser (*pro hac vice*)
Manatt, Phelps & Phillips LLP
2049 Century Park East, Suite 1700
Los Angeles, California 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
Manatt, Phelps & Phillips, LLP
7 Times Sq.
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

DUNN ISAACSON RHEE LLP
Meryl C. Governski (*pro hac vice*)
401 Ninth Street, NW
Washington, DC 20004
(202) 240-2900
mgovernski@dirllp.com

*Attorneys for Blake Lively*

4