

Mitchell Schuster<br>
*Partner*<br>
Direct (212) 655-3549<br>
ms@msf-law.com

Via ECF  
Hon. Lewis J. Liman                    July 13, 2025  
United States District Court  
500 Pearl Street, Room 1620  
New York, NY 10007

  Re: *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL

Dear Judge Liman:

Defendants (collectively, the "Wayfarer Parties") oppose Blake Lively's motion for a protective order precluding her deposition at the Manhattan office of the Wayfarer Parties' counsel Meister Seelig & Fein ("MSF"), as noticed[1] and directing that it occurs at a location of her choosing (the "Motion"). (Dkt. 415). The Motion, a masterclass in hyperbole, should be denied. Lively relies solely on inapplicable authority[2] and unsupported accusations about opposing counsel and their motives.[3] Lively does not present a single ***fact*** to support her allegations of a "plot" to use the deposition as a "publicity stunt." Lively is a plaintiff who has hurled serious allegations of misconduct against the Wayfarer Parties. Like all defendants, the Wayfarer Parties are entitled to depose Lively to develop evidence crucial to their defense. They are also entitled to choose the location of the deposition, which they did. "[T]he party noticing a deposition usually has the right to choose the location[.]" *AT&T Corp. v. Atos IT Solutions & Serv., Inc.*, No. 23-cv-01395 (S.D.N.Y. Jan. 21, 2025) (Liman, J.) (denying motion for protective order concerning deposition location).[4] The presumption in favor of the location selected by the noticing party may only be rebutted by a showing that the circumstances weigh against the designated location. *United States v. M/Y Amadea*, 2025 WL 50027, at *2 (S.D.N.Y. Jan. 8, 2025) (granting Government's motion to compel deposition in United States). Lively fails to rebut the presumption—mere speculation of an ulterior motive (rather than a legitimate need for the plaintiff's deposition) is insufficient. In assessing the circumstances, courts apply Rule 26(c)'s "good cause" standard in their analysis, considering cost, convenience, and litigation efficiency. *Id.*

The cost factor is neutral because the difference in costs between the parties' choices of locations is negligible. As Lively notes, the locations at issue are a mere mile apart. "The convenience factor involves consideration of the convenience of counsel, where the witnesses are located, and the

---

[1] Wayfarer Studio's Notice of Deposition is not "confidential" and heretofore was publicly filed. (Dkt. 395-3).

[2] The primary cases upon which the Motion relies are *Securities & Exchange Comm'n v. Aly*, 320 F.R.D. 116 (S.D.N.Y. 2017) and *United States v. $160,0668.98 from Bank of Am.*, 202 F.R.D. 624 (S.D. Cal. 2001), in which federal courts declined to compel parties to travel to Pakistan to conduct depositions given State Department warnings of the targeting of United States citizens by terrorist groups in Pakistan. That is not the case here.

[3] Unfounded and gratuitous criticism of opposing counsel has become a recurring theme in Lively's filings with this Court. Perhaps Lively is merely trying to deflect from the paucity of her claims which will be highlighted by her deposition testimony. Whatever her motive, the barrage of assaults on opposing counsel and persistent bashing of Mr. Freedman, in particular, is improper. Local Civ. R. 26.4.

[4] *See* Fed. R. Civ. P. 30(b)(1) (the "party who wants to depose a person . . . must give reasonable written notice ... stat[ing] the time and place of the deposition[.]").

extent to which travel would disrupt the witnesses' affairs." *Viera v. United States*, 2019 WL 6683556 at *2 (S.D.N.Y. Dec. 2, 2019) (denying plaintiff's motion to compel deposition of his experts at his choice of locations). This factor favors the Wayfarer Parties. Lively resides in Manhattan (Dkt. 84, ¶ 56) and hence travel will not disrupt her affairs. Litigation efficiency strongly favors the Wayfarer Parties. The relevant records are voluminous—over 21,000 documents and 200,000 pages—and the Wayfarer Parties' counsel may well need to access, print, copy and mark additional documents during the examination. *See Viera*, 2019 WL 6683556, at *3 ("Defendant's easier access to the discovery materials it may need to take the depositions strongly supports Defendant's position."). In other words, the resources necessary to effectively examine Lively are available at MSF, not the location that Lively proposes. Moreover, during breaks, the Wayfarer Parties' counsel will want to confer with co-counsel present in the office but not in the deposition room. These routine situations are why the noticing party presumptively has the right to choose the location of the deposition, a fact that Lively's counsel does not refute.

Lively gives short shrift to the relevant factors. Instead, Lively feigns concern about security. Without a whit of evidence, Lively contends that if the location is not changed, she will be assaulted by hordes of paparazzi and the Wayfarer Parties may invite the press or hostile third parties to the deposition. This is not only fiction, it is nonsense. MSF is located at 125 Park Avenue, which is a Class A commercial building owned and operated by SL Green, Manhattan's largest office landlord. The building has a non-public entrance, and MSF has a private and secure space in which Lively and her counsel can wait and/or meet during breaks. (Dkt. 415, p. 3). If Lively is truly concerned about "parad[ing] through paparazzi" (*id.*, p. 1), we trust that the professionals that she has "already engaged" can ensure her safe entry into our building. Lively is welcome to have her security staff accompany her into our office and secure her exit upon the completion of her examination.

Lively avers that the Wayfarer Parties have not "denied" or "refuted" Lively's allegations and are "manufacturing a public spectacle" by requiring her to attend a deposition at MSF. (Dkt. 415, p. 1, 3). The Wayfarer Parties had no obligation to continuously respond to the barrage of emails from Lively's counsel *unilaterally dictating* where she will be deposed based upon their contrived allegations of some intent "to make a media show" of her deposition. (Dkt. 416-1, p. 1). It is not the Wayfarer Parties' burden to defend their chosen location—it is Lively's burden to rebut the presumption that the chosen location is proper. Further, the Wayfarer Parties were not obligated to identify those who would be attending the deposition, a week in advance, as she demanded.[5]

It is ironic that Lively alleges that the Wayfarer Parties are trying to "generate press interest" in her deposition (Dkt. 415, p. 1) given that she tirelessly ensured that *The New York Times* widely publicized her allegations and that her "representatives" **provided a self-serving quote to the media about the Motion**.[6] Although Lively's foot-stomping and use of her celebrity status may have enabled her to seize control of the film, which is the crux of this dispute, her counsel's tantrum has no place in this Court. Lively is bound by the Federal Rules of Civil Procedure like every litigant and is not entitled to preferential treatment, especially to the prejudice of the Wayfarer Parties.

---

[5] The attendees will include counsel and potentially one or more Wayfarer Parties.
[6] *See* Charna Flam and Elizabeth Rosner, People, (Jul. 12, 2025), Blake Lively Slams Justin Baldoni's Team for Trying to Turn Her Deposition into a 'Public Spectacle', https://people.com/blake-lively-slams-justin-baldoni-team-for-trying-to-turn-her-deposition-into-public-spectacle-11770986.

Respectfully submitted,

*/s/ Mitchell Schuster*
MEISTER SEELIG & FEIN PLLC
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
      kaf@msf-law.com

LINER FREEDMAN TAITELMAN + COOLEY, LLP
Bryan J. Freedman (*pro hac vice*)
Ellyn S. Garofalo (*pro hac vice*)
Miles M. Cooley (*pro hac vice*)
Theresa M Troupson (*pro hac vice*)
Summer Benson (*pro hac vice*)
Jason Sunshine
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
      egarofalo@lftcllp.com
      mcooley@lftcllp.com
      ttroupson@lftcllp.com
      sbenson@lftcllp.com
      jsunshine@lftcllp.com

Mitra Ahouraian (*pro hac vice*)
2029 Century Park East
4th Floor
Los Angeles, CA 90067
(310) 376-7878
Email: mitra@ahouraianlaw.com

cc: all counsel of record (via ECF)