# manatt

Esra A. Hudson
Manatt, Phelps & Phillips, LLP
Direct Dial: 310-312-4381
ehudson@manatt.com

July 14, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1620
New York, NY 10007

Re: *Lively v. Wayfarer Studios LLC, et al.*, No. 1:24-cv-10049-LJL

Dear Judge Liman:

We write on behalf of Plaintiff Blake Lively in opposition to Defendants Wayfarer Studios LLC ("Wayfarer"), Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel's (collectively, the "Wayfarer Parties") motion to compel Ms. Lively to provide (i) a computation of damages under Rule 26(a)(1)(A)(iii); (ii) a verified response to their Damages Interrogatory; and (iii) documents relating to her claims for damages. (ECF No. 405 (the "Motion")). *Ms. Lively has always agreed to produce such documents and information*, with the exception of a single request for production (Request No. 254) that was recently served regarding her "net worth" (the "Net Worth RFP"). As for the Net Worth RFP, the Wayfarer Parties' sole argument is that they were ordered to produce net worth documents before their case was dismissed, so Ms. Lively should have to. This argument, however, falls woefully short of overcoming the general rule against seeking party assets and financial information and Ms. Lively's constitutional right to privacy in the same. These cases are also not mirror images of each other: Ms. Lively has not made an undefined claim for $400 million in business tort damages nor has she alleged that her damages include a change to her "net worth" as a whole, which would implicate items such as the value of her assets, properties, or investments. Yet this is exactly the type of information that the Wayfarer Parties now seek (without providing any argument as to need or relevance). Unlike the Wayfarer Parties, however, Ms. Lively's case sounds primarily in statutory employment claims and defamation, which does not require proof of (or examination into) Ms. Lively's net worth. The Motion should be denied as unripe and, with respect to the Net Worth RFP, without merit.[1]

**First**, as to the information Ms. Lively has already agreed to produce, she has satisfied her obligations under Rule 26. Rule 26(a) requires parties to disclose "a computation of each category of damages claimed by the disclosing party." *See* Fed. R. Civ. P. 26(a). Though Rule 26 "does not elaborate further on the level of specificity required in the initial damages disclosure," courts have consistently held that, where, as here, damages are highly complicated and complex, and based upon expert evidence, the computation of damages should be resolved through expert disclosures. *See Cates v. Trustees of Columbia Univ. in City of N.Y.*, 330 F.R.D. 369, 373-74 (S.D.N.Y. 2019) (holding that Rule 26 was satisfied where the plaintiff disclosed the amount of damages sought and categories of damages, "and alerted Columbia to the fact that expert disclosures and expert testimony regarding damages would be provided"); *Kingsway Financial Services, Inc. v. Pricewaterhouse-Coopers LLP*, 2006 WL 1520227, at *1 (S.D.N.Y. June 1, 2006) ("Where, as here, the plaintiff's damages are not the product of a simple mathematical calculation and require expert testimony, the damages calculations need not be produced with the plaintiff's Rule

---

[1] The Wayfarer Parties' decision to raise this dispute just a week before Ms. Lively's deposition (scheduled for July 17) appears designed to create an excuse to reschedule, or hold open, Ms. Lively's deposition, especially considering the Wayfarer Parties disclaimed the "need [for] any documents for [Ms. Lively's] deposition." (ECF No. 63 at 24:4-8).

Hon. Lewis J. Liman
July 14, 2025
Page 2

26(a)(1) disclosures and may be produced as part of the party's Rule 26(a)(2) disclosures."); *Focal Point Films, LLC v. Sandhu*, 2020 WL 5760355, at *3 (N.D. Cal. Sept. 28, 2020) (accord); *see also* 6 James W. Moore, *Moore's Federal Practice*, § 26.22[4][c][ii] (3d ed. 2023) (where damages calculations are "appropriately the subject of expert evidence," a party's damages disclosure obligation "would be controlled by the expert disclosure rules").

Here, Ms. Lively's damages arise from her employment and reputational claims, neither of which involve straightforward calculations. In fact, in her initial amended disclosures, Ms. Lively identified the form of damages she is seeking and expressly stated that she "will provide an estimate of damages in an amount to be determined by an expert in accordance with the scheduling order in this case." (ECF No. 406-1, at 29.) The nature of Ms. Lively's work as movie star makes the calculation of her damages necessarily dependent on expert analysis of her relevant past compensation (which involves various forms of fixed, contingent and equity compensation), and her likely future compensation. Ms. Lively has agreed to timely produce documents regarding her damages, in advance of such expert calculations and consistent with the case management order, which she made clear in both verbal and written meet and confers before the Motion was filed, and which the Wayfarer Parties do not dispute. (Bruno Decl., ¶¶ 5-6; Mot. at 3.) Under the circumstances, Ms. Lively has more than satisfied Rule 26(a)(1). *See Cates*, 330 F.R.D. at 373-74; *Kingsway*, 2006 WL 1520227, at *1.). The Wayfarer Parties cite no case to the contrary and instead rely exclusively upon cases in which straightforward calculations could be made or were made, which ignores that calculating Ms. Lively's damages is complicated and requires expert analysis. *See, e.g., U.S. v. Healthnow N.Y. Inc.*, 2024 WL 3819408, at *4 (W.D.N.Y. Aug. 14, 2024) (straightforward calculation related to overpayments); *Antolini v. McCloskey*, 335 F.R.D. 361, 363-64 (S.D.N.Y. 2020) (straightforward discrimination case brought under the Americans with Disabilities Act in which plaintiff did not claim need for expert analysis); *U.S. Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, 2013 WL 5495542, at *5 (S.D.N.Y. Oct. 3, 2013) (refusal to produce damages computation that had already been prepared and amended).[2]

The Wayfarer Parties have not identified any grounds for demanding the production of such damages calculations and documents by a specific date, much less within seven days. There is no basis to compel such information immediately. *See Pratt v. Atalian Global Servs. Inc.*, 2021 WL 1234253, at *5 (S.D.N.Y. April 2, 2021) (denying motion to compel interrogatory response concerning damages since defendant "remains free to pursue additional information about [counterclaim plaintiff's] damages through other forms of discovery, including expert discovery"). In fact, the Wayfarer Parties' own cases confirm this very point and recognize that damages-based interrogatories typically require supplementation *through expert disclosures*. *Xinuos, Inc. v. IBM Corp.*, 2025 WL 663064, at *2 (S.D.N.Y. Feb. 28, 2025); *In re Veeco Instruments, Inc. Securities. Litig.*, 2007 WL 274800, at *2 (S.D.N.Y. Jan. 29, 2007) (accord);

---

[2] The Wayfarer Parties further rely upon cases involving Rule 37 sanctions that are readily distinguishable. Those cases concern untimely amendments to initial disclosures, near or after the close of discovery, and attempts to pursue new theories of damages that simply entirely inapposite. *See Agence France Presse v. Morel*, 293 F.R.D. 682, 684 (S.D.N.Y. 2013) (granting Rule 37 sanctions and precluding plaintiff from advancing new theory of damages that was different from initial disclosures and disclosed in opposition to motions *in limine*); *Scantibodies Laboratory, Inc. Church & Dwight Co.*, 2016 WL 11271874, at *5 (S.D.N.Y. Nov. 4, 2016) (issuing Rule 37 sanctions where the plaintiff failed to supplement its disclosures and its expert report "material[ly] alter[ed]" the plaintiff's prior lost-profits computations); *Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 331 F.Supp.3d 221, 237-39 (S.D.N.Y. 2018) (issuing Rule 37 sanctions and prohibiting the plaintiff from introducing evidence of damages, where "plaintiffs' damages estimates wildly vacillated over the course of this litigation" and plaintiff failed provide a coherent computation of damages or produce the supporting documents); *cf. Max Impact, LLC v. Sherwood Grp., Inc.*, 2014 WL 902649, at *7 (S.D.N.Y. Mar. 7, 2014) (denying Rule 37 sanctions and distinguishing cases in which the plaintiff "attempted to assert a new theory on damages at or after the end of fact discovery). None of the cases cited by the Wayfarer Parties support their interpretation of Rule 26(a), nor do they provide them with the right to preview Ms. Lively's expert reports.

Hon. Lewis J. Liman
July 14, 2025
Page 3

*JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, 2009 WL 1422743, at *2 (S.D.N.Y. May 20, 2009) (same). As for the documents, consistent with her ongoing discovery obligations, Ms. Lively will be producing documents sufficient to show her source of income and earnings, as well as financial records relating to her businesses that have been affected by the Wayfarer Parties unlawful conduct and are within her possession, custody, or control.[3] As such, with respect to Request No. 56, the Motion should be denied as moot.

     **Second**, with respect to the Net Worth RFP, the Wayfarer Parties claim they need to know Ms. Lively's net worth simply because the Court previously ordered the same of the Wayfarer Parties. (Mot. at 3). But they fail to demonstrate the relevance of *Ms. Lively's* personal net worth to any of her claims or the Wayfarer Parties' defenses. In fact, evidence concerning Ms. Lively's liabilities, retirement savings, property values, or investments that are subject to market fluctuations have *absolutely no bearing* on any aspect of this case and the Wayfarer Parties have failed to articulate otherwise—a point that the Wayfarer Parties did not make in their opposition to Ms. Lively's motion to compel on this issue. (*See* ECF No. 207.) Nor could they because the Wayfarer Parties put their net worth at issue when they made a specific demand for $400 million and repeatedly claimed to have suffered **general lost profits**, which this Court drew focus on in compelling the Wayfarer Parties to produce evidence of net worth. (ECF No. 216 at 3).[4] The Wayfarer Parties' net worth was also relevant since Ms. Lively seeks punitive damages against them—an issue that does not exist as to Ms. Lively. To the extent Ms. Lively seeks lost profits, including as to her businesses in which she has an equity interest (*i.e.*, Blake Brown Beauty, Betty Buzz, Betty Booze, etc.), as set forth above, Ms. Lively has already agreed to provide financial statements and lost profit information in her possession, custody or control.

     Because the Wayfarer Parties fail to demonstrate how Ms. Lively's personal net worth "directly relates" to any of her claims, they fall well-short of overcoming the general rule against discovery of an adverse party's assets and financial information. *See Int'l Fed'n Prof'l & Technical Eng'rs, Local 21, AFL–CIO v. Super. Ct.*, 42 Cal.4th 319, 330 (2007) ("individuals have a legally recognized privacy interest in their personal financial information"); *Look v. Penovatz*, 34 Cal.App.5th 61, 73 (2019) (accord) (affirming denial of motion to compel financial information); *see, e.g., General Motors LLC v. Lewis Bros., L.L.C.*, 2012 WL 3128949, at *8 (W.D.N.Y. July 31, 2012) ("discovery of an adverse party's assets and financial information generally is not permitted during the course of litigation unless such discovery involves the specific elements of a claim at issue in the case."). Instead, they advance a tit-for-tat argument for seeking this information—but that's not a basis for compelling discovery (especially when the parties are not similarly situated) and in no way satisfies the threshold requirement of demonstrating relevance.

     For these reasons, Ms. Lively respectfully requests that the Court deny the Wayfarer Parties' Motion in its entirety.

---

[3] As counsel advised during the parties' conferral, despite Ms. Lively's diligence, she has not obtained financial information from her related businesses, which are not within her possession, custody, or control and may require third party subpoenas under Rule 45 of the Federal Rule of Civil Procedure. (Bruno Decl., ¶ 6.) As of this letter, these entities have not received subpoenas from the Wayfarer Parties. (*Id.*)

[4] The two cases relied upon by this Court involved business torts claims and the recovery of lost profits, which commonly require the production of additional financial information. *See Sullivan v. Aircraft Servs. Grp., Inc.*, 2021 WL 11703007, at *3 (E.D.N.Y. Nov. 29, 2021) (business torts plaintiff seeking recovery of lost profits); *Linea Pelle, Inc. v. Omega Fashions Ltd.*, 1997 WL 13267, at *1 (S.D.N.Y. Jan. 15, 1997) ("[F]inancial statements are relevant to any claim for lost profits.").

Respectfully submitted,

/s/ Esra A. Hudson

| | |
|---|---|
| WILLKIE FARR & GALLAGHER LLP<br>Michael J. Gottlieb<br>Kristin E. Bender<br>1875 K Street NW<br>Washington, DC 20006<br>(202) 303-1000<br>mgottlieb@willkie.com<br>kbender@willkie.com | MANATT, PHELPS & PHILLIPS, LLP<br>Esra A. Hudson (admitted *pro hac* vice)<br>Stephanie A. Roeser (admitted *pro hac v*ice)<br>2049 Century Park East, Suite 1700<br>Los Angeles, CA 90067<br>(310) 312-4000<br>ehudson@manatt.com<br>sroeser@manatt.com |
| Aaron E. Nathan<br>787 7th Avenue<br>New York, NY 10019<br>(212) 728-8000<br>anathan@willkie.com | Matthew F. Bruno<br>7 Times Sq.<br>New York, NY 10036<br>(212) 790-4500<br>mbruno@manatt.com |
| DUNN ISAACSON RHEE LLP<br>Meryl C. Governski (admitted *pro hac vice*)<br>401 Ninth Street, NW<br>Washington, DC 20004<br>(202) 240-2900<br>mgovernski@dirllp.com | |

*Attorneys for Blake Lively*