UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Brett Douglas McDowell,<br><br>Movant,<br><br>v.<br><br>Lively v. Wayfarer Studios LLC, et al., | Case No. 1:24-cv-10049 |

**SUPPLEMENTAL NOTICE IN SUPPORT OF RULE 24 MOTION AND REQUEST FOR TEMPORARY STAY OF GOOGLE PRODUCTION DEADLINE**

Honorable Lewis J. Liman:

I am the proposed intervenor in the above-captioned matter. I write to respectfully notify the Court that I have become aware of a third-party subpoena issued by counsel for the Lively Parties to Google, with a production deadline of July 31, 2025 (Google Internal Ref. No. 100884180). I understand there has been some public speculation regarding the authenticity of the subpoena; however, I am proceeding out of an abundance of caution based on direct notice from Google, a credible reference number (Ref. No. 100884180), and multiple affected content creators confirming receipt. To date, there has been no public statement from Ms. Esra Hudson or her office addressing the matter. I have reason to believe that this subpoena seeks communications or materials that may reference me, my legal filings, or prior disclosures regarding individuals named in this case.

The subpoena is believed to target content related to several individuals, including Ashley Briana Eve, Lauren Neidigh, Kjersti Flaa, and Andy Signore. Mr. Signore has publicly acknowledged being subpoenaed, and given his history of reporting specifically on my legal complaints involving Mr. Reynolds and Ms. Lively, there is concern that the subpoena may have a chilling effect on public commentary or independent journalism concerning my allegations.

Furthermore, I have reason to believe the subpoenaed materials may contain content that overlaps with my previously disclosed legal filings, thus further supporting my relevance under Rule 24. Based on these individuals' public statements and prior engagement with my disclosures, I believe their communications may contain materially relevant information related to the subject matter of my intervention request. For example, my allegations concerning Mr. Reynolds and Ms. Lively were discussed on Popcorned Planet—a channel run by Mr. Signore—during a charity livestream featuring Leanne Newton and Ashley Briana Eve. A visual excerpt of that coverage is included in Exhibit C, and includes reference to Ashley Briana Eve's video titled *DOGPOOL EXPOSE!! Ryan Reynolds Hollywood Power Play Exposed... Again?*. This further supports the likelihood that the subpoenaed Google records contain discussions of me and my disclosures, reinforcing my interest under Rule 24.

Even if these subpoenas later prove to be unauthenticated or procedurally flawed, Ms. Hudson's silence and continued benefit from the resulting climate of uncertainty and surveillance may have an objectively chilling effect on those reporting or commenting on my and my spouse Eiko Ishiwata's story. The silence from Ms. Hudson's office while continuing to benefit from that atmosphere compounds this concern.

Out of respect for their integrity and privacy as non-parties, I am also concerned about the possibility of mischaracterization or misuse of third-party communications involving sensitive or reputationally significant issues. I seek only a limited and temporary delay of production to allow for appropriate review and protective consideration by the Court.

Given that I have submitted a Rule 24 motion and filed a request for review of the Court's prior determination, and in light of the serious implications raised by this subpoena, I respectfully request a temporary delay or stay of Google's compliance deadline with respect to any materials that may implicate me. Permitting the production of potentially sensitive or reputationally damaging material before resolution of my intervention request would risk irreversible prejudice and fundamentally undermine the procedural protections afforded by Rule 24.

The circumstances described above demonstrate without question that I am a directly interested party and that intervention is not only warranted under the law but necessary to protect my rights and ensure a fair and transparent adjudication process. This will allow the Court to rule on my intervention motion or permit me to seek appropriate protective relief.

I have reached out to Esra Hudson, counsel for Ms. Lively and the Wayfarer Parties listed on the subpoena request, requesting clarification and a copy of the subpoena. I also intend to notify Google of my belief that the subpoenaed materials may reference or pertain to me, and that protective steps may be warranted to safeguard personal and cultural integrity concerns implicated in my pending Rule 24 motion.

A copy of my email to Ms. Hudson is attached hereto as Exhibit B for the Court's reference. Additionally, Exhibit A contains screenshots from publicly available social media posts by

individuals who have reported receiving subpoena-related notices from Google, confirming the reach and chilling potential of these discovery efforts.

*This supplemental filing is submitted in further support of my June 24, 2025 Motion for Reconsideration, which detailed ongoing concerns of reputational retaliation, narrative suppression, and symbolic exclusion from discovery access under Rule 24. The present facts materially reinforce that position and demonstrate active overlap between my documented allegations and the subpoenaed content.*

This request is made in good faith and to avoid prejudicing my rights or burdening the Court with unnecessary subsequent motions.

Respectfully submitted,

**Brett Douglas McDowell (pro se)**
/s/ Brett Douglas McDowell
legal@redriver-rebellion.ca
+1 (204) 202-5904
Winnipeg, Manitoba
Proposed Intervenor
Dated: July 11, 2025

**Exhibit A** - Screenshots from social media confirming receipt of the Google subpoena by affected content creators, dated July 10, 2025

**Exhibit B** - Email to Esra Hudson regarding July 10, 2025 Google Subpoena, dated July 11, 2025

**Exhibit C** - Screenshot of Popcorned Planet charity livestream and related media coverage, including reference to *DOGPOOL EXPOSE!! Ryan Reynolds Hollywood Power Play Exposed... Again?*, discussing allegations involving Mr. Reynolds and Ms. Lively, dated April 03, 2025

**Exhibit D** - Public statement by Graham Martin, counsel for Without A Crystal Ball, criticizing the scope and purpose of Lively's subpoena to Google as lacking journalistic basis and context, and raising concern it may be used to distract from the merits of the case, dated July 11, 2025