```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/16/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BLAKE LIVELY,

                        Plaintiff,

            -v-

WAYFARER STUDIOS LLC, JUSTIN BALDONI,
JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH
US MOVIE LLC, MELISSA NATHAN, THE AGENCY
GROUP PR LLC, JENNIFER ABEL, JED WALLACE,
STREET RELATIONS INC.,

                       Defendants.
------------------------------------------------------------------X

24-cv-10049 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

      Pro se movant Brett Douglas McDowell ("Movant") moves for reconsideration of the Court's June 10, 2025, denial of his motion for intervention. Dkt. No. 369. Movant has also filed three additional notices in support of his motion. Dkt. Nos. 423, 424, 427. For the reasons that follow, the motion is denied.

      "A motion for reconsideration should be granted only if the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Spin Master Ltd. v. 158*, 2020 WL 5350541, at *1 (S.D.N.Y. Sept. 4, 2020) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)). Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted). It is not a "vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at

the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). "The standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the Court.'" *Justice v. City of New York*, 2015 WL 4523154, at *1 (E.D.N.Y. July 27, 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

Movant has not identified any change in law or evidence that would alter the Court's decision. Movant argues that the Wayfarer Parties' disclosures filed on the docket on June 17, 2025, *see* Dkt. No. 352-5, and other newly-discovered evidence, Dkt. No. 369-1, confirm that the "Dogpool" character is based on Movant's service dog and that the provenance of the "Nicepool" character remains at issue, Dkt. No. 369 at 2–6; *see id.* at 11–13. This information is not relevant to the Court's decision. The information suggesting Dogpool is based on Movant's service dog makes no difference because the Court's decision did not turn on whether Dogpool or Nicepool were in fact based on Movant or his service dog. The Court's Order denying intervention already assumed for purposes of the motion that Movant's likeness was used in the development of Dogpool and Nicepool. *See* Dkt. No. 306 at 3. The Court nevertheless denied the motion because "the Dogpool character was never mentioned in this suit, and the Nicepool character entered only tangentially." *Id.* at 3–4. The Court moreover emphasized that to the extent Nicepool's provenance was ever relevant to this suit, it became irrelevant once the Court dismissed the Wayfarer Parties' claims based on the Nicepool character. *See id.*; Dkt. No. 296 at 15.

This remains the case despite the June 17, 2025, filing relied upon by Movant. That filing contained initial disclosures which were made on February 18, 2025, before the Court dismissed the Wayfarer Parties' claims, even though they were only filed with the Court on July 17, 2025. Dkt. No. 352-5 at 22. The disclosures represent the Wayfarer Parties' own preliminary views that various evidence, including evidence regarding Nicepool, would be relevant in this case. Those views from February 18, 2025, do not support that Nicepool is relevant now, after the Court dismissed the claims regarding Nicepool on June 9, 2025. Dkt. No. 296 at 15. The Wayfarer Parties' disclosures therefore do not provide grounds to reconsider the denial of Movant's motion to intervene.[1]

The motion for reconsideration is DENIED. The Clerk of Court is respectfully directed to close Dkt. No. 369.

SO ORDERED.

Dated: July 16, 2025
New York, New York

_____
LEWIS J. LIMAN
United States District Judge

---

[1] The supplemental notices filed by Movant assert that subpoenas targeting content creators may result in disclosure of evidence that references or pertains to Movant. Dkt. Nos 423, 424. This does not provide grounds to grant Movant's motion. The mere mention of an individual in discovery does not satisfy the requirement that a party have "a claim or defense that shares with the main action a common question of law or fact." *United States v. New York City Hous. Auth.*, 326 F.R.D. 411, 418 (S.D.N.Y. 2018) (quoting *SEC v. Caledonian Bank Ltd.*, 317 F.R.D. 358, 368 (S.D.N.Y. 2016)).