USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/17/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

BLAKE LIVELY,

                       Plaintiff,

        -v-

WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, THE AGENCY GROUP PR LLC, JENNIFER ABEL, JED WALLACE, STREET RELATIONS INC.,

                       Defendants.

24-cv-10049

ORDER

------------------------------------------------------------X

WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, JENNIFER ABEL, STEVE SAROWITZ,

                       Plaintiffs,

        -v-

BLAKE LIVELY, RYAN REYNOLDS, LESLIE SLOANE, VISION PR, INC., THE NEW YORK TIMES COMPANY,

                       Defendants.

------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel (collectively, the "Wayfarer Parties") move to compel Blake Lively ("Lively") to provide, within seven days: (a) a computation of her alleged damages, the theory under which she seeks damages, and the documents supporting the computation pursuant to Rule 26(a)(1)(A)(iii); (b) a verified response

to an interrogatory seeking a computation of each category of alleged damage (the "Damages Interrogatory"); and (c) documents relating to her claims for damages, including but not limited to documents sufficient to show her net worth, such as financial statements, assets and liabilities (the "Damages Requests" and collectively with the foregoing discovery, the "Damages Discovery").  Dkt. No. 405.

In her initial disclosures, Lively stated as follows:

> Ms. Lively is entitled to compensatory, mental anguish, and punitive damages, including treble damages, arising from the injuries identified in her Amended Complaint, as well as attorney's fees and costs.  At a later date, Ms. Lively will provide an estimate of damages in an amount to be determined by an expert in accordance with the scheduling order in this case.  Ms. Lively also seeks damages in an amount to be determined by the Court under New York's anti-SLAPP law.

Dkt. No. 406-1 at 29.

Interrogatory No. 8 in the Wayfarer Parties' First Set of Interrogatories calls for Lively to "Describe in detail each type of damage, loss or expense that you seek in your Complaint.  For each, state: the nature of the alleged damage, loss or expense; the total dollar amount of the alleged damage, loss or expense; how that amount was calculated; and the facts which evidence and/or support the alleged damage, loss or expense."  Dkt. No. 406-3 at 17.   Lively objected on a number of grounds including that the interrogatory prematurely sought information that was properly the subject of expert testimony and was an improper contention interrogatory under Local Civil Rule 33.3.  *Id.* at 17–18.  During a conference between the parties, the Wayfarer Parties narrowed the Damages Interrogatory to request a computation of each category of damage alleged, as authorized by Local Civil Rule 33.3(a).  Dkt No. 406 ¶ 9.

Document Request No. 56 in the Wayfarer Parties' First Request for the Production of Documents called for "[a]ll documents and communications relating to your claims for damages."  Dkt. No. 406-2 at 79.  After reciting a number of objections, Lively responded:

"Subject to and without waiving the foregoing objections, and only after the entry of a mutually agreed upon ESI protocol, Ms. Lively will conduct a reasonable search for and produce non-privileged documents responsive to this Request, to the extent any exist." *Id.* at 80.

Document Request No. 254 in the Wayfarer Parties' Fourth Set of Requests for Production called for "[d]ocuments sufficient to show Your net worth for the period between January 1, 2022, and the present, including, without limitation, financial statements, assets, and liabilities." Dkt. No. 406-4 at 6. Lively objected on a number of grounds, including relevance, overbreadth, and disproportionality, and offered to meet and confer. *Id.* at 6–7.

Rule 26(a)(1)(A)(iii) requires the disclosing party to provide "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). The rule thus "requires more than providing—without any explanation—undifferentiated financial statements." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006). "[I]t requires a 'computation' supported by documents." *Id.* Under Rule 26(e)(1), a party who becomes aware that a disclosure is "incomplete or incorrect" has a duty to supplement "in a timely manner." Fed. R. Civ. P. 26(e)(1)(A); *see also Pilitz v. Inc. Vill. of Freeport*, 2020 WL 6945927, at *2–4 (E.D.N.Y. Nov. 25, 2020) (setting forth the standard and determining that preclusion of compensatory damages was warranted); *Max Impact, LLC v. Sherwood Grp., Inc.*, 2014 WL 902649, at *5–8 (S.D.N.Y. Mar. 7, 2014) (finding that noncompliance with Rule 26 was harmless for the purposes of lost profits damages); *Edelman v. NYU Langone Health Sys.*, 2023 WL 4305446, at *4–6 (S.D.N.Y. June 30, 2023) (finding "good

3

reason" for lack of precision in initial disclosures when defendant, not plaintiff, had access to relevant documents).

Although Lively's damages may depend largely on expert discovery, this does not relieve her of the obligation to comply with Rule 26. "[C]ourts in this district routinely find that a party may not refuse to respond to interrogatories seeking damages calculations on the ground that expert analysis will refine the damages calculation." *Xinuos, Inc. v. IBM Corp.*, 2025 WL 663064, at *2 (S.D.N.Y. Feb. 28, 2025); *see Rodriguez v. Vill. of Port Chester*, 535 F. Supp. 3d 202, 221 (S.D.N.Y. 2021); *US Bank Nat. Ass'n v. PHL Variable Ins. Co.*, 2013 WL 5495542 (S.D.N.Y. Oct. 3, 2013); *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, 2009 WL 1422743, at *2 (S.D.N.Y. May 20, 2009). There is no "exception to Rule 26(a)(1) in cases in which damages will be proved by experts: the disclosing party still has the responsibility to provide each category of required disclosures based on the information it has at the time, and to supplement those disclosures as more information is gained." *US Bank*, 2013 WL 5495542, at *3; *see* 6 Moore's Federal Practice § 26.22[4][c] (3d ed. 2023) ("The party making . . . a claim . . has the obligation, when it makes its initial disclosures, to disclose to the other parties the best information then available to it concerning that claim, however limited and potentially changing it may be.").

Lively's attempt to limit the applicability of Rule 26(a)(1)(A)(iii) to cases which involve "straightforward calculations" is unavailing. *See Design Strategy*, 469 F.3d at 295 ("The need for computation and supporting documents is especially necessary in a case like this, where the damages claim is for lost profits" and "'simple arithmetic' calculation is wholly inadequate"). The plaintiff may not be able to clarify the precise method of calculating damages prior to expert discovery, and the amount initially claimed may turn out to be inaccurate. *See Cates v. Trs. of*

4

*Columbia Univ. in City of New York*, 330 F.R.D. 369, 373 (S.D.N.Y. 2019) (holding that estimate of amount of damages and some detail on categories of damages was sufficient when damages turned on expert discovery). But Lively must have some basis for stating that she has suffered economic damages. *See* 6 Moore's Federal Practice § 26.22[4][c]; *Xinuos*, 2025 WL 663064, at *2 ("Presumably, those underlying facts will form the basis of any expert's future analysis."); *see also* Dkt. No. 84 at 342 (alleging that "[b]ased on internal sales projections," the negative campaign against Lively "depressed retail sales of Blake Brown products by 56%–78%"). Lively is obligated to comply with Rule 26 as best she is able, including by providing a calculation of damages and supporting documents. Fed. R. Civ. P. 26(a)(1)(A)(iii).

Lively has agreed to produce "[a]ll documents and communications relating to your claims for damages." Dkt. No. 406-2 at 79. She objects, however, to production of "[d]ocuments sufficient to show [her] net worth for the period between January 1, 2022, and the present, including, without limitation, financial statements, assets, and liabilities." Dkt. No. 406-4 at 6. She argues that although financial statements and other lost profit information may be relevant to her damages claims, information such as "liabilities, retirement savings, property values, or investments that are subject to market fluctuations have absolutely no bearing on any aspect of this case." Dkt. No. 421 at 3.

The Court previously granted Lively's request that the Wayfarer Parties be ordered to produce documents sufficient to show the net worth of each of them, "including financial statements, assets, and liabilities, and for the corporate entities, financial statements, year-end balance statements, and documents sufficient to show gross income, net income, and expenditures." Dkt. No. 216 at 3. In her letter motion, Lively focused on the fact that her request sought "financial statements, assets, liabilities, and tax returns" for the natural persons, as

5

well as documents reflecting the liquidation of assets. Dkt. No. 202 at 2. She did not expressly address statements of net worth. *Id.* In their response, the Wayfarer Parties asserted that the request was improper because they had already agreed to produce documents concerning their damages. Dkt. No. 207 at 2. They also argued that they should not be required to produce tax returns. *Id.* In granting the motion to compel, the Court decided the issues presented to it—whether it was sufficient for the Wayfarer Parties to produce information relevant only to their damages and whether they should be required to produce tax returns. The Court rejected the first argument of the Wayfarer Parties and accepted the second argument, directing that the Wayfarer Parties produce documents relevant to their finances but denying the request that they produce tax returns. Dkt. No. 216.

The Wayfarer Parties' motion and the Lively response present an issue that was not presented in the prior Lively motion to compel—whether a request for financial information relevant to compensatory business and personal damages should require the production of information such as aggregate net worth, the value of real property, unrelated liabilities, and the value of the party's retirement savings. Dkt. No. 421 at 3. The cases cited by the parties, and that the Court cited in its previous order, do not contemplate such sweeping production. *See Sullivan v. Aircraft Servs. Grp., Inc.*, 2021 WL 11703007, at *3 (E.D.N.Y. Nov. 29, 2021) (production of "relevant financial information, including all financial statements relating to [the plaintiff's] broker commissions"); *Linea Pelle, Inc. v. Omega Fashions Ltd.*, 1997 WL 13267, at *1 (S.D.N.Y. Jan. 15, 1997) (Plaintiff, if it wishes to pursue a lost profits damage theory with regard to the belts at issue, is to produce to counsel for defendant copies of its financial statements for the [relevant] years). What is relevant to the case is Lively's business income and expenses (including income from and of her business entities) establishing whether such income

6

and expenses have changed since the events described in her Amended Complaint. A party's "net worth is only relevant here if there is a finding that punitive damages should be awarded." *Munoz v. Manhattan Club Timeshare Ass'n, Inc.*, 2012 WL 479429, at *2 (S.D.N.Y. Feb. 8, 2012); *see Tyco Int'l Ltd. v. Walsh*, 2010 WL 3000179, at *1 (S.D.N.Y. July 30, 2010) (same). As Plaintiff, Lively is not subject to punitive damages. Especially given that "[i]nformation regarding a party's financial records may give rise to a privacy interest," Lively cannot be compelled to produce documents regarding her personal assets and liabilities with no relationship to any alleged loss in income or opportunities resulting from defendants' actions. *KGK Jewelry LLC v. ESDNetwork*, 2014 WL 1199326, at *3 (S.D.N.Y. Mar. 21, 2014).[1]

Similarly, any documents regarding retirement savings, property values, investments, or other components of a natural person's net worth unrelated to lost profits, income, or business opportunities which have been produced by the Wayfarer Parties pursuant to the Court's order at Dkt. No. 216 are relevant only to Lively's claim for punitive damages. Any information of this type that has been produced should remain strictly confidential pursuant to the Court's Protective Order until and unless it becomes relevant at the punitive damages phase. *See Tyco Int'l Ltd. v. Walsh*, 2010 WL 3000179, at *1.

The motion to compel is GRANTED IN PART and DENIED IN PART. The motion is GRANTED with respect to Lively's obligations under Rule 26(a)(1)(A)(iii), as to Document Request No. 56 in the Wayfarer Parties' First Request for the Production of Documents, and as to Document Request No. 254 in the Wayfarer Parties' Fourth Set of Requests for Production,

---

[1] Because a corporation's privacy interest in its net worth is minimal, and such net worth is closely intertwined with its profits and losses, the same does not hold as to documents reflecting a corporation's net worth. *See MG Freesites Ltd. v. Scorpcast, LLC*, 2023 WL 2822272, at *2 (S.D.N.Y. Apr. 7, 2023) (stating that although corporations may have a privacy interest in their financial information, they "do not enjoy the same privacy protections as individuals").

7

only to the extent it seeks financial statements and other documents showing the business income of Lively and her businesses for the period January 1, 2022, to present. Lively shall produce these documents by July 25, 2025.

    SO ORDERED.

Dated: July 17, 2025
       New York, New York

_____
      LEWIS J. LIMAN
    United States District Judge