UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Brett Douglas McDowell,<br><br>Movant,<br><br>v.<br><br>Lively v. Wayfarer Studios LLC, et al., | Case No. 1:24-cv-10049 |

**NOTICE LETTER AND SUPPLEMENTAL FILING IN SUPPORT OF RULE 24 MOTION TO INTERVENE AND MOTION TO QUASH SUBPOENA TO GOOGLE LLC**

To the Honorable Judge Lewis J. Liman:

I respectfully submit this supplemental notice to reinforce my prior filings in support of intervention under Federal Rule of Civil Procedure 24 and judicial recusal under 28 U.S.C. § 455(a), and to notify the Court of urgent new facts.

As of July 14, 2025, I received formal notice from Google LLC that my Google account data is the subject of a subpoena issued in connection with the above-captioned action. A copy of that email notice from Google's Legal Investigations Support department is attached as Exhibit A.

The email states that Google may produce my personal account records unless I file a file-stamped Motion to Quash by 10 a.m. Pacific Time on July 31, 2025. Google confirms that

the subpoena seeks information about my personal Google account and will proceed unless judicial relief is obtained.

This confirms that my private communications and online data—including potentially sensitive and protected speech—are being drawn into discovery despite:

- My status as a nonparty,
- My prior submission to this Court on April 27, 2025 (Preservation and Disclosure Letter), and
- My pending motion to intervene, which remains unresolved.

This development underscores and materially strengthens the grounds in my Rule 24 filing:

1. I have a direct, legally protectable interest in the subject matter of the litigation (including reputational harm, speech-based retaliation, and Indigenous identity suppression);
2. My interests are not adequately represented by existing parties, and in fact, the current discovery is materially adverse to me;
3. My ability to protect my rights will be impaired unless I am granted standing to participate and object to discovery that targets me;
4. The Court's continued failure to rule on my intervention while permitting discovery into my personal data heightens the appearance of partiality, supporting the grounds for recusal under Caperton v. A.T. Massey and 28 U.S.C. § 455(a).

Accordingly, I intend to file an emergency Motion to Quash the subpoena directed to Google LLC, as it directly implicates my personal account data. This development supplements my July 11, 2025 filing (Second Supplemental Notice), which first raised concerns about the subpoena's

chilling effect, and further reinforces my request that the Court delay or stay any discovery efforts involving my private information until my standing as an intervenor is resolved.

Respectfully submitted,

**/s/ Brett Douglas McDowell**
Brett Douglas McDowell (Pro Se)
legal@redriver-rebellion.ca
+1 (204) 202-5904

Dated: July 15, 2025