UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>                Plaintiff,<br><br>      -v-<br><br>WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, THE AGENCY GROUP PR LLC, JENNIFER ABEL, JED WALLACE, and STREET RELATIONS INC.,<br><br>                Defendants. | Case No. 1:24-cv-10049-LJL<br>(consolidated with 1:25-cv-00449-LJL) |
| JENNIFER ABEL,<br><br>                Third-Party Plaintiff,<br><br>      -v-<br><br>JONESWORKS LLC,<br><br>                Third-Party Defendant. | |
| WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, JENNIFER ABEL, and STEVE SAROWITZ,<br><br>                Consolidated Plaintiffs,<br><br>-v-<br><br>BLAKE LIVELY, RYAN REYNOLDS, LESLIE SLOANE, VISION PR, INC., and THE NEW YORK TIMES COMPANY.<br><br>                Consolidated Defendants. | |

## **MEMORANDUM OF LAW IN SUPPORT OF BLAKE LIVELY'S MOTION FOR LEAVE TO SERVE THIRD PARTY DERVLA MCNEICE BY ALTERNATIVE SERVICE**

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson
Stephanie A. Roeser (admitted *pro hac vice*)
2049 Century Park East, Suite 1700
Los Angeles, California 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
Manatt, Phelps & Phillips, LLP
7 Times Sq
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

HAYNES AND BOONE, LLP
Laura Lee Prather (admitted *pro hac vice*)
Michael Lambert
98 San Jacinto Boulevard, Suite 1500
Austin, TX 78701
(512) 867-8400
laura.prather@haynesboone.com
michael.lambert@haynesboone.com

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com

Aaron Nathan
Willkie Farr & Gallagher LLP
787 7th Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

DUNN ISAACSON RHEE LLP
Meryl C. Governski (admitted *pro hac vice*)
401 Ninth Street, NW
Washington, DC 20004
(202) 240-2900
mgovernski@dirllp.com

*Attorneys for Blake Lively*

Blake Lively respectfully moves pursuant to Federal Rules of Civil Procedure ("Rules") 4(e)(1), 4(e)(2), and 45, and New York Civil Practice Law and Rules ("C.P.L.R.") §§ 308(1)–(5), to request leave to serve third party Dervla Mcneice for the pendency of the above-referenced action by alternative means. Specifically, and as described herein, Ms. Lively requests leave to serve Ms. Mcneice by a combination of affixing and mailing a copy of the subpoena to Ms. Mcneice's last known address ("nail and mail service"), email, and social media after seven unsuccessful attempts to serve Ms. Mcneice at her last known address.

**BACKGROUND**

Ms. McNeice is a witness to Ms. Lively's claims. During the relevant time period, Ms. McNeice served as an Account Executive and Director at The Agency Group PR LLC ("TAG"), and was involved in TAG's public relations efforts on behalf of Mr. Baldoni and Wayfarer Studios, LLC. Ms. Mcneice's role was prominent enough that she was in attendance at a screening of *It Ends With Us* on behalf of TAG. *See* Ex. A.[1] To Ms. Lively's knowledge, Ms. Mcneice is still a TAG employee.

On June 19, 2025, Ms. Lively sent notice to counsel of her intent to serve Ms. Mcneice with a Rule 45 subpoena ("Subpoena"). On June 20, Ms. Lively engaged a process server to attempt service at Ms. Mcneice's last known address in Beverly Hills, California. As explained thoroughly in Bonita Haller's Affidavit of Due Diligence (Ex. B, "Haller Aff.") and Erick Salas's Affidavit of Due Diligence (Ex. C, "Salas Aff."), Ms. Haller and Mr. Salas attempted service at that address on seven separate occasions, at various times of day, employing different methods. *See generally* Haller Aff.; Salas Aff. On two of those occasions, Ms. Haller and Mr. Salas waited outside Ms. Mcneice's apartment for two hours or more in an effort to serve her. *See* Haller Aff.

---

[1] Citations to "Ex." refer to the exhibits attached to the Declaration of Kristin E. Bender ("Bender Decl.") filed contemporaneously herewith.

(June 25 attempt); Salas Aff. (June 30 attempt). In addition to knocking on the apartment door, Ms. Haller and Mr. Salas spoke to neighbors who were unfamiliar with Ms. Mcneice. *See* Haller Aff. (June 25 attempt); Salas Aff. (June 30 attempt; July 1 attempt; July 2 attempt). After three failed attempts at service, Ms. Haller left a voicemail for the phone number linked to Ms. Mcneice's apartment via an outside callbox but received no response. *See* Haller Aff. (June 28 attempt).

In addition to the seven attempts to personally serve Ms. Mcneice, Ms. Lively also contacted counsel for the Wayfarer Parties and for other third parties who are or have been affiliated with TAG and who have received subpoenas in this case, to determine whether they would be representing Ms. Mcneice in this matter and would be willing to accept service via email. *See* Bender Decl. ¶ 3. Counsel for the Wayfarer Parties advised that they do not represent Ms. Mcneice, and other counsel did not respond. *Id.*; ECF No. 410-1 at 2

## ARGUMENT

As this Court has explained, *see* ECF No. 356 at 2, "Federal Rule of Civil Procedure 45 states that '[s]erving a subpoena requires delivering a copy to the named person.'" *Id.* (quoting Fed. R. Civ. P. 45(b)(1)). However, courts have authorized alternative service when a party has "demonstrate[d] a prior diligent attempt to personally serve." *Id.* (quoting *Kenyon v. Simon & Schuster, Inc.*, 2016 WL 5930265, at *3 (S.D.N.Y. Oct. 11, 2016)); *see also JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, 2009 WL 1313259, at *2–3 (S.D.N.Y. May 11, 2009); *Sec. & Exch. Comm'n v. Pence*, 322 F.R.D. 450, 454 (S.D.N.Y. 2017).[2] "Alternative service must be reasonably

---

[2] Some courts "have suggested that alternative service under Rule 45 must be accomplished in accordance with Rule 4, which in turn . . . permits service on an individual to be made in accordance with the state law where the district court sits or where service is made." *Id.* at 4 n.1 (quoting *Pence*, 322 F.R.D. at 455). In New York, alternative service is appropriate under the CPLR when traditional methods are "impracticable." *Id.* (quoting N.Y. C.P.L.R. 308(5)). Here, whether applying the "prior diligent attempt" standard or an "impracticable" standard, alternative service is appropriate given the numerous various unsuccessful attempts at traditional service.

calculated to ensure the witness actually receives the subpoena." *Id.* at 2 (collecting cases). Alternative service is appropriate here given Ms. Lively's numerous diligent attempts to personally serve Ms. Mcneice, and the availability of alternative methods that are reasonably calculated to ensure Ms. Mcneice will actually receive the subpoena.

Ms. Lively respectfully requests that the Court enter an order permitting Ms. Lively to serve Ms. Mcneice via a combination of nail and mail service, email, and Instagram. Ms. Lively has been able to find a publicly listed email address for Ms. Mcneice, Bender Decl. ¶ 4, and Ms. Mcneice has a visible Instagram profile that Ms. Lively can privately message.[3] This district—and this Court—has held that service via email and social media are proper "backstop" means of service. *See* ECF No. 356 at 3–4 (permitting service in part via LinkedIn); *see also Pence*, 322 F.R.D. at 455–56 (finding proper means of service by telephone call with voicemail, email, or fax); *Hardin v. Tron Found.,* 2020 WL 5236941, at *2 (S.D.N.Y. Sept. 1, 2020) (authorizing service by email and LinkedIn); *F.T.C. v. PCCare247 Inc.*, 2013 WL 841037, at *4–6 (S.D.N.Y. Mar. 7, 2013) (allowing service via Facebook message in addition to email); *In re Terrorist Attacks on Sept. 11, 2001*, 2022 WL 1088567, at *5 (S.D.N.Y. Apr. 5, 2022) (authorizing service by publication and Twitter); *In re Bibox Grp. Holdings Ltd. Secs. Litig.*, 2020 WL 4586819, at *2 ("[S]ervice via known social media accounts is permissible."); *Kumar v. Alhunaif*, 2023 WL 8527671, at *5 (S.D.N.Y. Dec. 8, 2023) (allowing service through WhatsApp and Facebook). In light of the impracticability of serving Ms. Mcneice by personal service, alternative service by nail and mail service, email, and social media—the only means Ms. Lively is aware of to reach Ms. Mcneice—is appropriate here. Ms. Mcneice is "likely to receive . . . service through the alternative

---

[3] *See* https://www.instagram.com/dervlamcneice/.

method[s]" proposed here, which will provide Ms. Mneice with "timely actual notice" of documents in this litigation. *Freeman*, 2024 WL 5054913, at *2.

## CONCLUSION

For the foregoing reasons, the Court should enter an order to permit Ms. Lively to serve Ms. Mcneice by a combination of nail and mail service, email, and Instagram for the pendency of this action.

Respectfully submitted,

Dated: July 18, 2025

/s/ *Kristin E. Bender*

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (admitted *pro hac vice*)
Stephanie A. Roeser (admitted *pro hac vice*)
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
7 Times Sq.
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

HAYNES AND BOONE, LLP
Laura Lee Prather (admitted *pro hac vice*)
Michael Lambert
98 San Jacinto Boulevard, Suite 1500
Austin, TX 78701
(512) 867-8400
laura.prather@haynesboone.com
michael.lambert@haynesboone.com

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com

Aaron E. Nathan
787 7th Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

DUNN ISAACSON RHEE LLP
Meryl C. Governski (admitted *pro hac vice*)
401 Ninth Street, NW
Washington, DC 20004
(202) 240-2900
mgovernski@dirllp.com

*Attorneys for Blake Lively*