manatt

Esra A. Hudson
Manatt, Phelps & Phillips, LLP
Direct Dial: 310-312-4381
ehudson@manatt.com

July 18, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Lively v. Wayfarer Studios LLC et al.*, No. 24-cv-10049 (LJL)

Dear Judge Liman:

      Plaintiff Blake Lively ("Plaintiff") writes to respectfully request that the Court compel[1] Defendant The Agency Group PR LLC ("TAG"), Defendant Melissa Nathan's self-proclaimed "reputation management" company, to de-designate as confidential and Attorneys' Eyes Only ("AEO") TAG's June 25, 2025 Second Supplemental Responses and Objections to Ms. Lively's First Set of Interrogatories (the "Interrogatories," and TAG's responses, the "Interrogatory Responses"). The Interrogatory Responses identify individuals and media outlets with whom TAG communicated about Ms. Lively and topics related to this lawsuit. This information does not constitute "trade secrets" under the parties' Protective Order (*see* Dkt. No. 125), as TAG claims, and the designations are thus improper. The Court should not permit TAG to manipulate the discovery process to perpetuate the same harms that got it sued in the first place.

      A core component of Ms. Lively's claims center on the Defendants and Cross-Complainants Wayfarer Studios LLC ("Wayfarer"), Justin Baldoni ("Baldoni"), Jamey Heath ("Heath"), It Ends With Us Movie LLC, Melissa Nathan ("Nathan"), TAG, Jennifer Abel ("Abel"), and Steve Sarowitz's ("Sarowitz," and collectively with Wayfarer, Baldoni, Heath, It Ends With Us Movie LLC, Nathan, TAG, Abel, the "Wayfarer Parties") digital media "smear campaign," which sought to manipulate the media landscape using "untraceable" sources to paint Ms. Lively as the *aggressor*, instead of the victim. *See, e.g.*, Dkt. No. 84 at ¶¶ 29-45, 303. Seemingly unable to abandon this playbook,[2] TAG's Interrogatory Responses yet again attempt to bend reality to the Wayfarer Parties' ends.

      On March 14, 2025, Ms. Lively propounded the Interrogatories on TAG seeking the identities of online personalities, or "content creators," and others with whom TAG communicated about Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, or the Lively/Reynolds

---

[1] Ms. Lively brings this letter-motion pursuant to the March 13, 2025 Protective Order. *See* Dkt. No. 125 at 5, ¶ 9 (addressing disputes in accordance with ¶ 1(C) of Court's Individual Practices in Civil Cases); Court's Individual Practices in Civil Cases, ¶ 1(C) ("Motions…to compel discovery…may be made by letter-motion.").

[2] As *Amici* in this case have noted, the Wayfarer Defendants have employed tactics frequently relied upon by individuals accused of sexual misconduct to recast the abused as the abuser. *See* Dkt. No. 242-1 at 6 (explaining that the accused "deny the abuse, attack their victims' credibility, and cast themselves as the real 'victim'—a tactic psychologists term 'DARVO' or 'Deny, Attack, Reverse Victim and Offender[.]'"). The Court has not ruled on *Amici*'s request for leave to file their *Amicus* briefs.

Hon. Lewis J. Liman
July 18, 2025
Page 2

Companies (as defined in the Interrogatories). Specifically, Interrogatory No. 5 asked TAG to: "Identify all Content Creators with whom You have communicated in any manner, concerning Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, the Lively/Reynolds Companies, or the Digital Campaign from May 1, 2024 to present." On June 18, 2025, Ms. Lively propounded similar interrogatories on Heath, Baldoni, In Ends With Us Movie LLC, Abel, Wayfarer, Sarowitz, and Nathan, and those responses are due on July 18, 2025.

After TAG was ordered to respond to the Interrogatories (*see* Dkt. No. 355), TAG supplemented its responses, identifying a number of individuals who have spoken publicly about Ms. Lively and this lawsuit, apparently at the behest of TAG and the other Wayfarer Defendants. *See* Roeser Decl., Ex. 1. Despite the factual nature of this information, TAG unilaterally designated its responses as confidential and "Attorneys' Eyes Only," thus obscuring TAG as the source of this information, and allowing the Wayfarer Defendants to once again recast Ms. Lively as the aggressor in pursuing subsequent discovery (which is exactly what has transpired).[3]

During meet and confer discussions, TAG's counsel primarily claimed that its Interrogatory Responses constituted "trade secrets," which if disclosed, could somehow harm TAG's business. *See* Roeser Decl. at ¶ 4. Not so. The Protective Order limits confidentiality and AEO designations to "nonpublic material the public disclosure of which…will cause harm to the business, commercial, financial, or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed." Dkt. No. 125 at 3, ¶ 2. The Protective Order further limits AEO designations to "Confidential Discovery Material of such a highly confidential and personal, sensitive, or proprietary nature that the revelation of such is highly likely to cause a significant competitive, business, commercial, financial, or privacy injury to the producing party." *Id*. at 2, ¶ 1. And while "trade secrets" can be designated as confidential and AEO, those protections are diminished for confidential strategies and other information **related to the parties to this litigation**. *See id*. at 2, ¶ 1(a). TAG's counsel has provided *no* facts to support their assertion that the identity of third parties could somehow constitute "trade secrets," nor can they explain how this information could be so sensitive as to cause harm to TAG—especially where many of these individuals have already spoken publicly about Ms. Lively and this case. Indeed, the information TAG has designated as confidential and AEO all relates to TAG's work for the Wayfarer Parties themselves. TAG's confidential and AEO designations are therefore plainly improper, and the Court should order TAG to de-designate them.

Moreover, these mis-designations are having very real impacts. For example, if Ms. Lively issues subpoenas related to individuals identified in TAG's Interrogatory Responses to marshal evidence about their involvement in the "smear campaign," she will be hindered in her ability to meet and confer or respond to questions, and will be unable to explain to such subpoenaed parties that the discovery directed towards them is based in part on the fact that TAG identified them. Content creators who have been the subject of discovery have already painted Ms. Lively as the

---

[3] This is particularly ironic given that TAG's counsel initially resisted including an AEO designation in the Protective Order at all, citing concerns that the designation might be overused. *See* Dkt. 124 at 10 (noting that the Wayfarer Parties "express[ed] concerns that the AEO provision will be overused and that the party opposing such designation will be required to consistently bear the burden of having information de-designated, instead of the party seeking designation being required to support it in the first instance.").

Hon. Lewis J. Liman
July 18, 2025
Page 3

the aggressor in this lawsuit and have drawn a false equivalency between her discovery efforts and the Wayfarer Parties' alleged smear campaign. One subpoenaed content creator even went so far as to **record a call with a receptionist from Ms. Lively's attorney's office without express consent and then posted the recording on YouTube**.[4] *See* Popcorned Planet, *ITS REAL!? We Called Blake Lively's Lawyers - THEY LIED TO US!?*, YouTube (July 11, 2025), https://www.youtube.com/watch?app=desktop&v=Rzen-Sa8e40&feature=youtu.be. This content creator further used the recording to make false, inflammatory remarks about Ms. Lively and her counsel, and is seeking to fundraise based on the recording and his remarks. *See id*. The bottom line is that the concern about being hamstrung in being able to tie her discovery to the Wayfarer Parties' discovery responses further exacerbates public backlash against Ms. Lively, which she should not have to endure when there is no conceivable privacy interest that TAG and others are protecting.

History is now at risk of repeating itself. Because of TAG's mis-designated Interrogatory Responses, Ms. Lively is yet again being forced to battle an "untraceable" campaign, unable to defend herself against misinformation online. While TAG may have been able to obscure its contacts in connection with the initial "smear campaign," it cannot do so here. For these reasons, Ms. Lively asks the Court to compel TAG to de-designate its Interrogatory Responses as confidential and "Attorney's Eyes Only" under the parties' Protective Order, and make clear that any similar confidential and AEO designations the other Wayfarer Parties may seek to use in connection with the interrogatory responses due on July 18, 2025 would likewise be improper.

Respectfully submitted,

/s/ Esra A. Hudson

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron E. Nathan
787 7th Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (admitted *pro hac* vice)
Stephanie A. Roeser (admitted *pro hac v*ice)
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
7 Times Sq.
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

---

[4] Recording "confidential communications" without the consent of all parties is a crime in California, where the receptionist is based. Cal. Pen. Code § 632.

DUNN ISAACSON RHEE LLP
Meryl C. Governski (admitted *pro hac vice*)
401 Ninth Street, NW
Washington, DC 20004
(202) 240-2900
mgovernski@dirllp.com

*Attorneys for Blake Lively*