# EXHIBIT 1

The Agency Group PR LLC's Second Supplemental Responses and Objections to Blake Lively's First Set of Interrogatories

Filed Under Seal

**ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

BLAKE LIVELY,                                    :
                                                 :   Civ. Action No. 1:24-cv-10049-LJL
                    Plaintiff,                    :
                                                 :
        v.                                       :
                                                 :
WAYFARER STUDIOS LLC, JUSTIN BALDONI,            :
JAMEY HEATH, STEVE SAROWITZ, IT ENDS            :
WITH US MOVIE LLC, MELISSA NATHAN, THE          :
AGENCY GROUP PR LLC, and JENNIFER ABEL,         :
                                                 :
                    Defendants.                  :
                                                 :
------------------------------------------------------------------- x
JENNIFER ABEL,                                   :
                                                 :
                    Third-Party Plaintiff,       :
                                                 :
        v.                                       :
                                                 :
JONESWORKS LLC,                                  :
                                                 :
                    Third-Party Defendant.       :
                                                 :
                                                 :
------------------------------------------------------------------- x
WAYFARER STUDIOS LLC,                            :
JUSTIN BALDONI, JAMEY HEATH, IT ENDS WITH       :
US MOVIE LLC, MELISSA NATHAN, JENNIFER          :
ABEL, and STEVE SAROWITZ,                        :
                                                 :
                    Plaintiffs,                  :
                                                 :
        v.                                       :
                                                 :
BLAKE LIVELY, RYAN REYNOLDS, LESLIE             :
SLOANE, VISION PR, INC., and THE NEW YORK       :
TIMES COMPANY,                                    :
                                                 :
                    Defendants.                  :
------------------------------------------------------------------- x

<u>**ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER**</u>

**DEFENDANT THE AGENCY GROUP PR LLC'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF BLAKE LIVELY'S FIRST SET OF <u>INTERROGATORIES</u>**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Civil Rules of the Court, Defendant The Agency Group PR LLC ("TAG" or "Responding Party"), by and through its attorneys, hereby objects and responds to Plaintiff Blake Lively's ("Lively" or "Propounding Party") First Set of Interrogatories.

## I.

## <u>GENERAL OBJECTIONS</u>

Responding Party makes the following general objections ("General Objections") to Propounding Party's Interrogatories. These General Objections are hereby incorporated into each specific response. The assertion of the same, similar, or additional objections or the provision of partial responses to each of the individual interrogatories does not waive or modify any of Responding Party's General Objections.  Responding Party provides the following objections and responses without waiving its right to present evidence at trial of any later-ascertained facts.

1.      Responding Party objects to each Interrogatory to the extent that it seeks information that is not relevant to any claim or defense or proportional to the needs of the case.

2.      Responding Party objects to each Interrogatory to the extent that it purports to impose on Responding Party obligations broader than, or inconsistent with, those imposed by the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of the United States District Court for the Southern District of New York, or by any other applicable law or protocol governing discovery obligations in the above-captioned action.

3.      Responding Party objects to each Interrogatory to the extent that it seeks discovery of any confidential information or communication that is protected from disclosure by the attorney-

**ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER**

client privilege, the work product doctrine, or any other applicable privilege, immunity, or exception. Nothing contained in these responses, or any inadvertent production or identification of documents made in response to these interrogatories, is intended as, or shall in any way be deemed, a waiver of the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege, immunity, or exception.

4.      Responding Party objects to each Interrogatory to the extent that it is overbroad or unduly burdensome. Responding Party further objects to the extent that Propounding Party seeks to require Responding Party to provide information other than that which may be obtained through a reasonably diligent search of its own records.

5.      Responding Party objects to each Interrogatory to the extent it seeks information that is not in Responding Party's possession, custody or control.

6.      Responding Party objects to each Interrogatory to the extent it would require Responding Party to produce information covered by confidentiality agreements or protective orders with others, or that constitute an unwarranted invasion of the affected persons' constitutional, statutory and/or common-law rights of privacy and confidentiality.

7.      Responding Party objects to each Interrogatory to the extent it seeks confidential commercial, financial, and/or proprietary business information, trade secrets, and/or any other non-public information protected from disclosure by law, court order, or agreement respecting confidentiality or non-disclosure or requires the disclosure of confidential or proprietary business information of third parties which Responding Party is obligated to protect.

8.      Responding Party objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER

9.     Responding Party objects to each Interrogatory insofar as it is unreasonably cumulative, duplicative, repetitive, redundant, or overlapping of other interrogatories.

10.     Responding Party objects to each Interrogatory to the extent that it, or any word or term used therein, is vague, ambiguous, compound, confusing, unintelligible, unclear, subject to different interpretations, and/or lacking in definition.

11.     Responding Party objects to each Interrogatory to the extent that it is unlimited in temporal scope, or contains overly broad time limitations or periods that are not relevant to any claim or defense or proportional to the needs of the case.

12.     Responding Party objects to each Interrogatory to the extent that it assumes, relies on, or seeks disputed facts or legal conclusions or opinions. Responding Party denies any such disputed facts or legal conclusions or opinions to the extent assumed, relied on, or sought by each Interrogatory. Any response or objection by Responding Party to any such Interrogatory is without prejudice to this objection.

13.     In responding and objecting to each Interrogatory, Responding Party does not concede that any information sought or provided is relevant to the claims of any party, proportional to the needs of this case, or admissible in evidence.

14.     Responding Party objects to each Interrogatory to the extent that it exceeds the scope of interrogatories set forth in Local Civil Rule 33.3(a).

15.     Nothing herein, or in any responsive document production, shall be construed as an admission by Responding Party regarding the admissibility of any fact, or as an admission as to the truth or accuracy of any information or documents provided in response to these Requests.  In providing responses to each Interrogatory, Responding Party does not in any way waive any objections Responding Party may later assert, including but not limited to competency, relevancy,

**ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER**

materiality, and admissibility. Responding Party expressly reserves the right to object to the use of any responses below in any subsequent proceedings or any other action. Responding Party further reserves the right to object to additional discovery into the subject matter of the Interrogatory.

16.    Responding Party has responded to each Interrogatory based upon its understanding of each Interrogatory. Responding Party's responses herein are based on its present knowledge, information, and belief following its diligent search and reasonable inquiry. Discovery and investigation are ongoing, and Responding Party reserves the right to amend, correct, supplement, or clarify its responses based upon, among other things, further investigation, discovery of additional facts or information, or developments in this action or in related law, particularly in view of Propounding Party's failure to comply with the Local Rules.

## II.

## OBJECTIONS TO INSTRUCTIONS

1.    Responding Party objects to Paragraph 2 of Propounding Party's Instructions to the extent it instructs Responding Party to gather information from its "agents, employees, representatives, or investigators (including but not limited to experts) . . . present or former attorneys or [its] agents, employees, representatives or investigators; or by any other person or legal entity controlled by or in any other manner affiliated with [it]" that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege and/or any other applicable privilege or immunity. Responding Party further objects to this instruction to the extent that it requires Responding Party to produce duplicative or cumulative information. Responding Party will only produce information that is in its possession, custody, or control, as required under the Federal Rules of Civil Procedure, the Local Rules of Civil Practice

**ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER**

and Procedure of the United States District Court for the Southern District of New York, or by any

other applicable law or protocol governing discovery obligations in this action.

## III.

### OBJECTIONS TO DEFINITIONS

1.      Responding Party objects to Propounding Party's definition of "Bryan Freedman"

on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to

any party's claim or defense or proportional to the needs of the case in that the definition includes

not only Bryan Freedman, but also unidentified past or present members, officers, employees,

partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the

allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding

Party will construe the term "Bryan Freedman" to mean Bryan Freedman.

2.      Responding Party objects to Propounding Party's definition of "Content Creator"

on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to

any party's claim or defense or proportional to the needs of the case in that the definition includes

"any individual or entity who seeds, generates, creates, or influences Social Media content or

provides related digital services."

3.      Responding Party objects to Propounding Party's definition of the term "Digital

Campaign," as it is vague, ambiguous, and overbroad in that it includes all "efforts … to

communicate information regarding" a laundry list of subjects/topics. The definition is also vague

and ambiguous because it is unclear what is meant by "narrative or virality," including how this

phrase fits into the overall definition as constructed. The definition is further objectionable on the

basis that it includes several subjective, ambiguous, and undefined qualifiers such as "seed,

influence, boost, amplify, or engage with social media algorithms, narrative or virality"; and it

**ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER**

incorporates the definition "Social Media," which is itself overbroad, vague, and ambiguous (including the phrase, "[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.").

4.      Responding Party objects to Propounding Party's definition of "IEWU LLC" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only It Ends With Us Movie LLC, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "IEWU LLC" to mean It Ends With Us Movie LLC.

5.      Responding Party objects to Propounding Party's definition of "Jonesworks" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Jonesworks LLC, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Jonesworks" to mean Jonesworks LLC.

6.      Responding Party objects to Propounding Party's definition of "Liner Freedman Taitelman + Cooley" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome,

and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Liner Freedman Taitelman + Cooley LLP, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Liner Freedman Taitelman + Cooley" to mean Liner Freedman Taitelman + Cooley LLP.

7.      Responding Party objects to Propounding Party's definition of "Lively/Reynolds Companies" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Ms. Lively and Mr. Reynolds's affiliated entities (Betty Buzz LLC, Blake Brown, Aviation Gin, Mint Mobile, and Maximum Effort Productions), but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Lively/Reynolds Companies" to mean Betty Buzz LLC, Blake Brown, Aviation Gin, Mint Mobile, and Maximum Effort Productions.

8.      Responding Party objects to Propounding Party's definition of the term "Marketing Plan," as it is vague, ambiguous, and overbroad in that it includes "any advertising, promotional, publicity or marketing materials (such as, without limitation, themes, market testing, research, summaries, talking points, trailers or teasers, posters, social media posts, and screen, radio, digital or television advertising)," none of which is properly and narrowly defined and the production of which would be unnecessarily burdensome and not proportional to the needs of the case or relevant to the claim or defense of any party.

ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER

9.      Responding Party objects to Propounding Party's definition of the term "Social Media," as it is vague, ambiguous, and overbroad in that it includes "any digital platform, forum, website, application, online service, or other platform," none of which is properly and narrowly defined and the production of which would be unnecessarily burdensome and not proportional to the needs of the case or relevant to the claim or defense of any party, and further objects to "on which persons can create, transmit, share, communicate, exchange content, or comment upon any information, ideas, or opinions" as similarly overbroad, vague, and ambiguous, and essentially includes every possible use of the internet. Responding Party also objects to "social networking" as it is vague, ambiguous, and overbroad, and objects to catch-all phrases such as "similar to" and "Any Other Online Presence," the definition of which is itself overbroad, vague, and ambiguous, overly burdensome and not proportional to the needs of the case or relevant to the claim or defense of any party.

10.      Responding Party objects to Propounding Party's definition of "Sony" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Sony Pictures Entertainment, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Sony" to mean Sony Pictures Entertainment.

11.      Responding Party objects to Propounding Party's definition of "Street Relations" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Street Relations, Inc., but also unidentified past or present members, officers, employees,

## ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER

partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Street Relations" to mean Street Relations, Inc.

12.     Responding Party objects to Propounding Party's definition of "Wayfarer" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Wayfarer Studios LLC, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Wayfarer" to mean Wayfarer Studios LLC.

13.     Responding Party objects to Propounding Party's definition of "WME" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only William Morris Endeavor Entertainment Agency, but also unidentified officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "WME" to mean William Morris Endeavor Entertainment Agency.

14.     Responding Party objects to Propounding Party's definition of "You," "Your," and "Yours" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only The Agency Group PR LLC but also unidentified persons or entities acting or purporting to act on its behalf and anyone on whose behalf it is acting, regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the

**ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER**

Interrogatories, Responding Party will construe the terms "You," "Your," and "Yours" to mean The Agency Group PR LLC.

15.    Responding Party objects to the Interrogatories as vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case to the extent any Interrogatory references or is related to an undefined person and/or entity.

**IV.**

**SECOND SUPPLEMENTAL RESPONSES TO PROPOUNDING PARTY'S**

**INTERROGATORIES**

**INTERROGATORY NO. 5, AS INSTRUCTED BY THE COURT:**

Identify all Content Creators with whom You have communicated in any manner, concerning Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, the Lively/Reynolds Companies, or the Digital Campaign from May 1, 2024 to present.

**RESPONSE TO INTERROGATORY NO. 5, AS INSTRUCTED BY THE COURT:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Interrogatory. Responding Party objects to this Interrogatory to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Interrogatory on the grounds that it is overbroad. Responding Party further objects to this Interrogatory on the grounds that it is vague as to "communicated." Responding Party further objects to this Interrogatory on the grounds that it assumes the existence of a purported Digital Campaign.  Responding Party further objects to this Interrogatory to the extent that it exceeds the scope of Local Civil Rule 33.3(a).

Subject to and without waiving the foregoing objections, Responding Party responds:

**ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER**

BILLY BUSH

ANDY SIGNORE ("Popcorned Planet")

CANDACE OWENS

PEREZ HILTON

## INTERROGATORY NO. 6, AS INSTRUCTED BY THE COURT:

Identify all reporters and news or media outlets of any kind with whom You have communicated, directly or indirectly, in any manner, concerning Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, or the Lively/Reynolds Companies from June 15, 2024 to present.

## RESPONSE TO INTERROGATORY NO. 6, AS INSTRUCTED BY THE COURT:

Responding Party incorporates by reference its general objections as if fully set forth in response to this Interrogatory. Responding Party objects to this Interrogatory to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Interrogatory on the grounds that it is overbroad. Responding Party further objects to this Interrogatory on the grounds that it is vague as to "reporters," "news or media outlets," and "communicated." Responding Party further objects to this Interrogatory to the extent that it exceeds the scope of Local Civil Rule 33.3(a).

Subject to and without waiving the foregoing objections, Responding Party responds:

DAILY MAIL – James Vituscka, Ruth Styles, Emma Powell

TMZ – Harvey Levin, Jamie Schram, Brendon Geoffrion

CNN – Elizabeth Wagmesiter

GMA – Monica Escobedo

VARIETY – Gene Maddaus, Tatiana Siegal, Matt Donnelly

THR – Pam McClintock, Winston Cho

**ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER**

E NEWS – Sara Ouerfelli

PEOPLE – Elizabeth Rosner

NYP – Tamantha Ryan

BUSINESS INSIDER – Katie Warren, Jacob Shamsian

DEADLINE – Dominic Patton

PUCK – Matt Belloni, Eriq Gardner

LAT – Amy Kaufman

NBC – Chloe Melas

US WEEKLY – Travis Cronin

ET – Carolyn Greenspan, Steve Wilks

MIRROR – Alex West

DAILY BEAST – Erkki Forster

THE INDEPENDENT – Kevin Perry

DEUX MOI

BILLY BUSH

CANDACE OWENS

PEREZ HILTON

Dated: June 25, 2025            **MEISTER SEELIG & FEIN PLLC**
       New York, NY

                               By: ____*/s/ Mitchell Schuster*_____
                                   Mitchell Schuster
                                   Kevin Fritz
                               125 Park Avenue, 7th Floor
                               New York, NY 10017
                               Telephone: (212) 655-3500
                               Email: ms@msf-law.com
                                      kaf@msf-law.com

**ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER**

Dated: June 25, 2025
      Los Angeles, CA

**LINER FREEDMAN TAITELMAN +
COOLEY, LLP**

By:    _/s/ Bryan Freedman_____
        Bryan J. Freedman (*pro hac vice*)
        Ellyn S. Garofalo (*pro hac vice*)
        Miles M. Cooley (*pro hac vice*)
        Theresa M. Troupson (*pro hac vice*)
        Summer E. Benson (*pro hac vice*)
        Jason H. Sunshine
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Telephone: (310) 201-0005
Email: bfreedman@lftcllp.com
       egarofalo@lftcllp.com
       mcooley@lftcllp.com
       ttroupson@lftcllp.com
       sbenson@lftcllp.com
       jsunshine@lftcllp.com

Dated: June 25, 2025
      Los Angeles, CA

**AHOURAIAN LAW**

By:   _/s/ Mitra Ahouraian_____
     Mitra Ahouraian (*pro hac vice*)
2029 Century Park East, 4th Floor
Los Angeles, CA 90067
Telephone: (310) 376-7878
Email: mitra@ahouraianlaw.com

**ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER**

**VERIFICATION**

I, Melissa Nathan, declare as follows:

I have read the foregoing **DEFENDANT THE AGENCY GROUP PR LLC'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF BLAKE LIVELY'S FIRST SET OF INTERROGATORIES** and know its contents.

I am the Chief Executive Officer of The Agency Group PR LLC. I am authorized to and do make this verification on its behalf.  The matters stated in the foregoing document are true to my own knowledge except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States, the State of New York, and the State of California that the foregoing is true and correct.

Executed on June 25, 2025, at Los Angeles, California.



Melissa Nathan

**ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER**

## CERTIFICATE OF SERVICE

I, Summer E. Benson, do hereby certify that I am not less than 18 years of age and that on this 25th day of June 2025, I caused a copy of the within **DEFENDANT THE AGENCY GROUP PR LLC'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF BLAKE LIVELY'S FIRST SET OF INTERROGATORIES** be served upon the following counsel for the parties via email:

**SEE ATTACHED SERVICE LIST**

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


Dated: June 25, 2025
        Los Angeles, CA


                        */s/ Summer E. Benson*
                        Summer E. Benson

**ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER**

**SERVICE LIST**

| | |
|---|---|
| **MANATT, PHELPS & PHILLIPS, LLP**<br>Esra Hudson, Esq.<br>2049 Century Park East, Suite 1700<br>Los Angeles, CA 90067<br>Tel: 310-312-4381<br>Email: EHudson@manatt.com | *Attorney for Plaintiff* |
| **MANATT, PHELPS & PHILLIPS, LLP**<br>Stephanie Anne Roeser<br>One Embarcadero Center, 30th Floor<br>San Francisco, CA 94111<br>Tel: 415-291-7543<br>Email: sroeser@manatt.com | *Attorney for Plaintiff* |
| **MANATT, PHELPS & PHILLIPS, LLP**<br>Matthew F. Bruno<br>7 Times Sq<br>New York, NY 10036<br>Tel: 212-790-4500<br>Email: mbruno@manatt.com | *Attorneys for Plaintiff /*<br>*Consolidated Defendant. Blake*<br>*Lively; and*<br>*Consolidated Defendants Ryan*<br>*Reynolds* |
| **WILKIE FARR & GALLAGHER LLP**<br>Aaron E. Nathan, Esq.<br>787 7th Avenue<br>New York, NY 10019<br>Tel: 212-778-8000<br>Email: anathan@wilkie.com | *Attorneys for Plaintiff /*<br>*Consolidated Defendant. Blake*<br>*Lively; and*<br>*Consolidated Defendants Ryan*<br>*Reynolds* |
| **WILKIE FARR & GALLAGHER LLP**<br>Michael Gottlieb<br>Kristin Bender<br>Meryl Conant Governski<br>1875 K. Street, N.W.<br>Suite 100<br>Washington, DC 20006-1238<br>Tel: 202-303-1000<br>Email: mgottlieb@willkie.com<br>kbender@willkie.com<br>mgovernski@willkie.com | *Attorneys for Plaintiff /*<br>*Consolidated Defendant. Blake*<br>*Lively; and*<br>*Consolidated Defendants Ryan*<br>*Reynolds* |

**ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER**

**HAYNES AND BOONE, LLP**                    *Attorney for Plaintiff*
Laura Lee Prather
Michael Lambert
98 San Jacinto Boulevard
Suite 1500
Austin, TX 78701
Tel: 512-867-8400
Fax: 512-867-8470
Email: laura.prather@haynesboone.com
        Michael.lambert@haynesboone.com

**BOIES, SCHILLER & FLEXNER LLP**            *Attorneys for Consolidated*
Sigrid S. McCawley                           *Defendant Leslie Sloane and*
401 East Las Olas Blvd.                      *Vision PR, Inc.*
Suite 1200
Fort Lauderdale, FL 33301
Tel: 954-356-0011
Email: smccawley@bsfllp.com

**BOIES SCHILLER FLEXNER LLP**               *Attorneys for Consolidated*
Andrew Villacastin                           *Defendant Leslie Sloane and*
Lindsey Ruff                                 *Vision PR, Inc.*
55 Hudson Yards
New York, NY 10001
Tel: 212-446-2300
Email: avillacastin@bsfllp.com

**JACKSON WALKER L.L.P**                     *Attorneys for Defendants Jed*
Charles L. Babcock, IV                       *Wallace and Street Relations,*
Joel Glover                                  *Inc.*
1401 Mckinney Street, Suite 1900
Houston, TX 77010
Tel: 713-752-4226
Fax: 713-752-4560
Email: cbabcock@jw.com
        jglover@jw.com

**DAVIS WRIGHT TREMAINE LLP**               *Attorneys for Consolidated*
Katherine M. Bolger                          *Defendants The New York Times*
Amanda Brooke Levine                         *Company*
1251 Avenue of the Americas, 21st Floor
New York, NY  10020-1104
Tel.: 212-402-4068
Email: katebolger@dwt.com
        amandalevine@dwt.com

**ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER**

**DAVIS WRIGHT TREMAINE LLP**                    *Attorneys for Consolidated*
Sam Finn Cate-Gumpert                            *Defendants The New York Times*
50 California Street, 23rd Floor                 *Company*
San Francisco, CA 94111
Tel: 415-276-6500
Fax: 415-276-6599
Email: samcategumpert@dwt.com


**QUINN EMANUEL URQUHART & SULLIVAN, LLP**    *Attorneys for Third Party*
Danielle Lazarus                                 *Defendant Jonesworks LLC*
51 Madison Avenue
22nd Floor
New York, NY 10010
Tel: 212-849-7464
Email: daniellelazarus@quinnemanuel.com


**QUINN EMANUEL URQUHART & SULLIVAN, LLP**    *Attorneys for Third Party*
Kristin Tahler                                   *Defendant Jonesworks LLC*
865 S. Figueroa Street
Ste 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3615
Email: kristintahler@quinnemanuel.com


**QUINN EMANUEL URQUHART & SULLIVAN LLP**     *Attorneys for Third Party*
Maaren Alia Shah                                 *Defendant Jonesworks LLC*
295 5th Avenue
New York, NY 10016
Tel: 212-849-7452
Email: maarenchoksi@quinnemanuel.com


**QUINN EMANUEL URQUHART & SULLIVAN LLP**     *Attorneys for Third Party*
Nicholas Inns                                    *Defendant Jonesworks LLC*
1300 I St NW
Suite 900
Washington, DC 20005
Tel: 202-774-6147
Email: nicholasinns@quinnemanuel.com

**ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER**

| | |
|---|---|
| **UMHOFER, MITCHELL & KING LLP**<br>Anthony King<br>767 S. Alameda Street, Suite 270<br>Los Angeles, CA  90021<br>Tel: 213-394-7979<br>Fax: 213-529-1027<br>Email: anthony@umklaw.com | *Attorneys for Third Party*<br>*Defendant Jonesworks LLC* |
| Mitra Ahouraian<br>2029 Century Park East<br>Ste 4th Floor<br>Los Angeles, CA 90067<br>310-867-2777<br>Email: mitra@ahouraianlaw.com | *Co-Counsel for Defendants /*<br>*Consolidated Plaintiffs Wayfarer*<br>*Studios LLC, Justin Baldoni,*<br>*Jamey Heath, It Ends With Us*<br>*Movie LLC, Steve Sarowitz* |
| **MEISTER SEELIG & FEIN PLLC**<br>Stacey Michelle Ashby<br>Mitchell Schuster<br>Amit Shertzer<br>Kevin A. Fritz<br>125 Park Avenue, 7th Floor<br>New York, NY 10017<br>Tel: 212-655-3500<br>Fax: 212-655-3535<br>Email: ms@msf-law.com<br>    as@msf-law.com<br>    kaf@msf-law.com<br>    sma@msf-law.com | *Co-Counsel for Defendants /*<br>*Consolidated Plaintiffs Wayfarer*<br>*Studios LLC, Justin Baldoni,*<br>*Jamey Heath, It Ends With Us*<br>*Movie LLC, Steve Sarowitz,*<br>*Melissa Nathan, Agency Group*<br>*PR LLC, and Consolidated*<br>*Plaintiff / Defendant / Third*<br>*Party Plaintiff Jennifer Abel* |
| **KATZ BANKS KUMIN LLP**<br>Alexis Ronickher (Pro Hac Vice)<br>Rebecca Peterson-Fisher (Pro Hac Vice)<br>235 Montgomery Street, Suite 665<br>San Francisco, CA 94104<br>Tel: 415-813-3260<br>Fax: 415-813-2495<br>Email: ronickher@katzbanks.com<br>    petersofisher@katzbanks.com | *Counsel for Amici Curiae Equal*<br>*Rights Advocates, California*<br>*Employment Lawyers'*<br>*Association, and California*<br>*Women's Law Center* |