UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>      Plaintiff,<br><br>v.<br><br>WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, THE AGENCY GROUP PR LLC, JENNIFER ABEL, JED WALLACE, and STREET RELATIONS INC.,<br><br>      Defendants. | Civ. Action No. 1:24-cv-10049-LJL (Consolidated for pretrial purposes with 1:25-cv-00449-LJL)<br>rel. 1:25-cv-00779-LJL<br><br>**DECLARATION OF KEVIN FRITZ IN RESPONSE TO MOTION TO DE-DESIGNATE CONFIDENTIALITY** |
| JENNIFER ABEL,<br><br>      Third-Party Plaintiff,<br><br>v.<br><br>JONESWORKS LLC,<br><br>      Third-Party Defendant. | |
| WAYFARER STUDIOS LLC,<br>JUSTIN BALDONI, JAMEY HEATH, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, JENNIFER ABEL, and STEVE SAROWITZ,<br><br>      Plaintiffs,<br><br>v.<br><br>BLAKE LIVELY, RYAN REYNOLDS, LESLIE SLOANE, VISION PR, INC., and THE NEW YORK TIMES COMPANY,<br><br>      Defendants. | |

1

I, Kevin Fritz, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.  I am a partner of Meister Seelig & Fein PLLC, attorneys for Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC ("TAG"), and Jennifer Abel (collectively, the "Wayfarer Parties") in the above-captioned matter.

2.  I submit this declaration in response to Blake Lively's motion to compel TAG to de-designate what was marked as confidential and Attorneys' Eyes Only ("AEO") in its Second Supplemental Responses and Objections, dated June 25, 2025 (the "Interrogatory Responses"), to Lively's First Set of Interrogatories (the "Motion"). (Dkt. 449).

3.  Paragraph 9 of the Protective Order entered herein provides: "Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 1(C) of this Court's Individual Practices in Civil Cases." (Dkt. 125, ¶ 9).

4.  Prior to filing the Motion, Lively's counsel did not serve TAG's counsel with a written notice stating with particularity (or otherwise) the grounds for her objection to TAG's confidentiality designations, as required by the Protective Order.

5.  Instead, on July 1, 2025, Lively's counsel sent an email to TAG's counsel asking if TAG agrees to remove the confidential and AEO designations placed on the Interrogatory Responses and, if not, to meet and confer about the issue.

6.  On July 2, 2025, I participated in a telephonic meet-and-confer with Lively's counsel about the Interrogatory Responses. During that call, I explained that the identities of the

reporters, news or media outlets, and "Content Creators" with whom TAG communicated was proprietary to TAG and the disclosure of which is highly likely to cause a significant competitive, business, commercial or financial injury to TAG, and that such information constituted trade secrets, as contemplated by the Protective Order. (Dkt. 125, ¶ 1). Lively's counsel did not dispute the foregoing.[1]

7. During the July 2, 2025 telephone call, Lively's counsel did not explain for what purpose Lively intended to use the Interrogatory Responses or why she needed them to be de-designated.

8. The next day, on July 3, 2025, Lively's counsel provided the Wayfarer Parties' counsel with notice of subpoenas that Lively's counsel intended to (and apparently did) serve upon Google (d/b/a YouTube), TikTok and X (formerly known as Twitter) (collectively, the "Social Media Subpoenas"). True and correct copies of the Social Media Subpoenas (along with their respective Notices) are attached hereto as Exhibit A, Exhibit B and Exhibit C.

9. The Interrogatory Responses list only a few "Content Creators" (the remainder of the identified individuals are affiliated with mainstream media). (Dkt. 451-1, p. 12 – 14). The Social Media Subpoenas seek all account information, including phone number and financial information, for specific "Content Creators" *only one of which is listed in the Interrogatory Responses*. In other words, neither TAG, nor its owner Melissa Nathan, nor the Interrogatory Responses are the reason for the recent "public backlash against Ms. Lively" (Dkt. 449, p. 3), the cause of which appears to be the overbreadth of her Social Media Subpoenas.[2] (Dkt. 444).

---

[1] As the Court may recall, during the March 6, 2025 conference on the scope of a to-be-entered Protective Order, counsel for Lively's publicist (Leslie Sloane of Vision PR) contended that AEO was necessary given the "competitively sensitive information" that the "publicists on both sides" want to protect. (Dkt. 122, at 5:24 – 8:22).

[2] Blake Lively Accused Of Being A 'Bully' By Pro-Baldoni YouTubers After Her Latest 'Shocking' Legal Move

10. Regardless of TAG's right to maintain the confidentiality of its proprietary business information, without waiving any rights of the other Wayfarer Parties, and solely to foster the discovery of information that will further demonstrate that there is no orchestrated "smear campaign" and that the negative publicity surrounding Lively is *purely organic*, TAG agrees to remove the confidentiality and AEO designations from its Interrogatory Responses.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, NY  
July 21, 2025

By: */s/ Kevin Fritz*  
KEVIN FRITZ