

Kevin Fritz<br>
*Partner*<br>
Direct (212) 655-3570<br>
kaf@msf-law.com

<u>Via ECF</u>
Hon. Lewis J. Liman                                    July 21, 2025
United States District Court
500 Pearl Street, Room 1620
New York, NY 10007

**Re:**     *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL;
        *Jones et al. v. Abel et al.*, No. 1:25-cv-00779-LJL

Dear Judge Liman:

As counsel for Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC ("TAG"), and Jennifer Abel (collectively, the "Wayfarer Parties"), we write in response to Blake Lively's motion to compel TAG to de-designate what was marked as confidential and Attorneys' Eyes Only ("AEO") in its Second Supplemental Responses and Objections, dated June 25, 2025 (the "Interrogatory Responses"), to Lively's First Set of Interrogatories (the "Motion"). (Dkt. 449).

According to the Motion, a "core component" of Lively's claims is that the Wayfarer Parties are engaging in a "smear campaign" to somehow "manipulate" the (apparently) worldwide media landscape using "untraceable" sources to portray her as the wrongdoer. (Dkt. 449, p. 1). Characterizing the so-called "campaign" as "untraceable" not only defies common sense given that Lively knows precisely which news articles or stories (and the authors thereof) she takes issue with but also undermines any justification for her ongoing effort to use this Court and the Federal Rules of Civil Procedure to discover the "untraceable."

In any event, Lively contends that TAG "may have been able to obscure its contacts in connection with the initial 'smear campaign'...." (*id.*, p. 3) in August 2024. (Dkt. 84, ¶¶ 29 – 45). That is an admission that, despite months of discovery, her receipt of thousands of pages of documents and her service of dozens of subpoenas and other requests for written discovery, Lively has no evidence that the Wayfarer Parties employed a "smear campaign" or did anything in August 2024 other than protect their reputations, as they are entitled to do, when Lively's allegations were publicized. *See McSweeney v. Cohen*, No. 24-cv-01503, 2025 WL 966022 (S.D.N.Y. Mar. 31, 2025) (Liman, J.) (dismissing Title VII retaliation claim based upon publication of letter contesting plaintiff's harassment allegations, because it was not an adverse employment action). Indeed, TAG was not retained until early August 2024 (Dkt. 84, ¶¶ 201 – 216), rendering Lively's claim – that in *less than two weeks* TAG was able to turn the public against her – incredible. (*Id.* ¶¶ 282 – 292).

Unable to accept the fact that the "public backlash" against Lively (Dkt. 449, p. 3) was *purely organic*, the Motion improperly seeks to blame TAG for Lively's sinking reputation. Without citation to any evidence, the Motion alleges that the individuals identified in the Interrogatory Responses "have spoken publicly about Ms. Lively and this lawsuit, *apparently* at the *behest* of

13133\1\9685324.v1

Hon. Lewis J. Liman<br>
Page 2<br>
July 21, 2025

TAG and the other Wayfarer Defendants." (Dkt. 449, p. 2) (emphasis added). However, the Motion ignores the *broad scope* of the Interrogatories, which seeks the names of those with whom TAG has merely "communicated" concerning (among other topics) Lively, her allegations, or this lawsuit, from May 2024 through the present. (Dkt. 451-1, p. 12 – 14). That is why the Interrogatory Responses identify those to whom TAG has harmlessly provided quotes from the Wayfarer Parties' counsel *in response to media requests for formal statements* in connection with legal developments herein, as Lively's legal team has repeatedly done.[1] The Interrogatory Responses are, in no fashion, an admission that TAG communicated with the individuals to tarnish Lively's reputation, as she falsely alleges. Lively will not uncover any nefarious efforts by the Wayfarer Parties to convince anyone that she is anything or nothing at all. In fact, TAG did not communicate with any Content Creators about this matter, or the underlying allegations, until 2025 when requests for comment were proffered.

The Motion contends that the Interrogatory Responses' confidentiality and AEO designations "are having very real impacts" in the form of Content Creators who are "the subject of discovery have already painted Ms. Lively as the aggressor in this lawsuit and have drawn a false equivalency between her discovery efforts and the Wayfarer Parties' alleged smear campaign." (Dkt. 449, p. 2 – 3). That is a longwinded manner of saying that Lively blames TAG for the recent "public backlash" against her. (*Id.*, p. 3). However, the allegation is baseless.

First, if the Interrogatory Responses are currently reviewable only by counsel, they cannot affect the public's perception of Lively. Second, the recent public backlash was seemingly triggered by subpoenas that *Lively's counsel* served upon Google (d/b/a YouTube), TikTok and X (formerly known as Twitter) (collectively, the "Social Media Subpoenas") seeking *all account information*, including phone number and financial information, of specific "Content Creators." (Fritz Decl., Ex. A, B, C). According to one article: "If Blake Lively had been hoping to garner public sympathy in her ongoing sexual harassment lawsuit with Justin Baldoni, that now seems unlikely, given the backlash over her subpoena to Google for information about several pro-Justin Baldoni YouTubers."[2] Third, of the various Content Creators and members of the mainstream media identified in the Interrogatory Responses" (Dkt. 451-1, p. 12 – 14), only *one* of them is the subject of the Social Media Subpoenas. Therefore, the Interrogatory Responses and the designations thereof as confidential and AEO are irrelevant to the public relations mess that Lively has brought upon herself.

Had Lively's counsel properly engaged in and continued the meet-and-confer process concerning the Interrogatory Responses, instead of filing the Motion in a misguided effort to blame the Wayfarer Parties for her public relations woes, a response of this nature would not have been necessary. Tellingly, the Motion lacks citation to legal authority supporting the de-designation of the proprietary information contained within the Interrogatory Responses. The reason for that omission is clear: the Motion was filed for a single purpose – to wrongly foist upon TAG and the other Wayfarer Parties the culpability for the criticism Lively has faced for *her* Social Media Subpoenas.

TAG covets the proprietary nature of the identities of its media contacts. However, TAG is dedicated to standing with the other Wayfarer Parties to discredit Lively's false allegations of an

---

[1] *See, e.g.,* [Blake Lively's Lawsuit Against Justin Baldoni's Social Media Expert Jed Wallace Dismissed by Judge](#)
[2] [Blake Lively Accused Of Being A 'Bully' By Pro-Baldoni YouTubers After Her Latest 'Shocking' Legal Move](#)

Hon. Lewis J. Liman<br>
Page 3<br>
July 21, 2025

orchestrated "smear campaign." Accordingly, TAG does not oppose the Motion and agrees to remove the confidentiality and AEO designations from its Interrogatory Responses. In return, TAG trusts that Lively will no longer allege that anything regarding the so-called "campaign" is "untraceable."

                Respectfully submitted,

                */s/ Kevin Fritz*
                MEISTER SEELIG & FEIN PLLC
                Mitchell Schuster
                Kevin Fritz
                125 Park Avenue, 7th Floor
                New York, NY 10017
                Tel: (212) 655-3500
                Email: ms@msf-law.com
                          kaf@msf-law.com

                LINER FREEDMAN TAITELMAN + COOLEY, LLP
                Bryan J. Freedman (*pro hac vice*)
                Ellyn S. Garofalo (*pro hac vice*)
                Miles M. Cooley (*pro hac vice*)
                Theresa M Troupson (*pro hac vice*)
                Summer Benson (*pro hac vice*)
                Jason Sunshine
                1801 Century Park West, 5th Floor
                Los Angeles, CA 90067
                Tel: (310) 201-0005
                Email: bfreedman@lftcllp.com
                          egarofalo@lftcllp.com
                          mcooley@lftcllp.com
                          ttroupson@lftcllp.com
                          sbenson@lftcllp.com
                          jsunshine@lftcllp.com

                Mitra Ahouraian (*pro hac vice*)
                2029 Century Park East
                4th Floor
                Los Angeles, CA 90067
                (310) 376-7878
                Email: mitra@ahouraianlaw.com

cc: all counsel of record (via ECF)