P7GKLIVC

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  BLAKE LIVELY,

4            Plaintiff,

5       v.                          24 Civ. 10049 (LJL)

6  WAYFARER STUDIOS LLC, et al,

7            Defendants.

8  ------------------------------x

9  STEPHANIE JONES,
   JONESWORKS LLC,
10
            Plaintiffs,
11
        v.                          25 Civ. 779 (LJL)
12
   JENNIFER ABEL, *et al*,
13
            Defendants.
14
   ------------------------------x        Videoconference
15
16                                        New York, N.Y.
                                          July 16, 2025
17                                        5:30 p.m.

18  Before:

19                 HON. LEWIS J. LIMAN,

20                                        District Judge

21                      APPEARANCES

22  WILLKIE FARR & GALLAGHER LLP
        Attorneys for Plaintiff Lively
23  BY:  MICHAEL GOTTLIEB

24

25

P7GKLIVC

1                          APPEARANCES (continued)

2

3    LINER FREEDMAN TAITELMAN + COOLEY LLP
          Attorneys for Defendant/Consolidated Plaintiff
     BY:  BRYAN FREEDMAN
4         -and-
     MEISTER SEELIG & FEIN PLLC
5    BY:  KEVIN A. FRITZ

6    JACKSON WALKER LLP
          Attorneys for Defendants Street Relations, Inc. and Jed
7    Wallace
     BY:  CHARLES L. BABCOCK, IV

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

P7GKLIVC

1              (The Court and all parties present remotely)

2              THE COURT:  Good afternoon.  This is Judge Liman.

3              Do I have counsel on for the Lively and the Lively

4      parties?

5              MR. GOTTLIEB:  Good afternoon, your Honor.

6      Mike Gottlieb, from Willkie Farr, on behalf of Ms. Lively.

7              THE COURT:  Good afternoon, Mr. Gottlieb.

8              Do I have counsel on for the Wayfarer parties?

9              MR. FRITZ:  Good afternoon.  Kevin Fritz, from Meister

10     Seelig & Fein, along with my co-counsel, on behalf of the

11     Wayfarer parties.

12             THE COURT:  Good afternoon, Mr. Fritz.

13             Is there any other party, lawyer, who expects to

14     address the Court this afternoon?

15             MR. BABCOCK:  Your Honor, this is Charles Babcock, for

16     the Wallace defendants.  We may or may not have anything to

17     say, depending on the Court's inquiries or the course of the

18     proceedings.

19             THE COURT:  Okay.  Good afternoon, Mr. Babcock.

20             MR. FREEDMAN:  Your Honor, Bryan Freedman, on behalf

21     of the Wayfarer parties, also in the case, if I'm needed for

22     any reason.

23             THE COURT:  Good afternoon, Mr. Freedman.

24             Mr. Gottlieb, you requested this conference.  Let me

25     hear from you.

P7GKLIVC

1          MR. GOTTLIEB:  Thank you, your Honor, and thank you

2     for scheduling this hearing on short notice.  We regret the

3     need to request it, but we appreciate the Court's indulgence.

4          We're asking for this conference respecting the

5     deposition of Ms. Lively that is scheduled to go forward

6     tomorrow morning at 10:00 a.m., and we are requesting that the

7     Court enter an order under Rule 26 with respect to that

8     deposition, and I'll come back to specifically what we are

9     requesting and why, but I want to explain the background of why

10    we are here.

11          Our principle throughout this case, as I think the

12    Court knows, is that our position has been Ms. Lively should

13    sit for one deposition.  It should be a single deposition that

14    she sits for in this case.  It is a deposition that should last

15    seven hours, and until earlier today, we thought that we had an

16    agreement of all parties on that principle.

17          On Monday of this week, on the 14th, at approximately

18    6:00 p.m., the Wallace and Street parties sent, for the first

19    time, a notice of Ms. Lively's deposition scheduled for

20    tomorrow.  They had not previously noticed her deposition.  So

21    they noticed it at the same time and location that it was

22    already scheduled for by the Wayfarer parties.  We made clear,

23    in response to that notice, that we expected the defendant

24    parties to work out how they would share and allocate their

25    seven hours, and that it remained our position that Ms. Lively

P7GKLIVC

1    would not sit for more than one deposition, that she would be

2    deposed one time.  There was no response to that or pushback to

3    that.

4         That was what we knew until earlier today.  Of course,

5    as this Court knows, around 10:30 this morning, the Court

6    entered an order granting the Wallace and Street parties'

7    motion to dismiss.  They are, as of this moment, not parties in

8    the case.  The Court, as your Honor knows, gave Ms. Lively

9    until July 30th to amend her complaint, if she believes that

10   she can do so.

11        Shortly after noon today, counsel for the Wallace and

12   Street parties reached out to us and essentially proposed three

13   options to us respecting tomorrow's deposition.

14        Option one was, they said we could agree to amend our

15   complaint by 5:00 p.m. Eastern today.

16        Option two was, we could agree to abandon all claims

17   against Mr. Wallace and the Street parties.

18        Or option three could be that we reserve our right to

19   amend, and then they would appear at tomorrow's deposition and

20   question Ms. Lively as they saw fit, and then hold a second

21   deposition if and when the Lively parties amend.

22        At 1:00 p.m. today, we called --

23        THE COURT:  Can you go through again with me,

24   Mr. Gottlieb, what the third option was?

25        MR. GOTTLIEB:  Yes, your Honor.

P7GKLIVC

1              The third option was if we rejected amending by

2      5:00 p.m. or abandoning our claims, we could wait to amend

3      until July 30th, and under that option, counsel for the Wallace

4      defendants would attend tomorrow's deposition and ask whatever

5      questions as time permits, and then will take Ms. Lively's

6      deposition based on the allegations made in her amended

7      complaint.

8              So, that was what was proposed to us.  We promptly

9      called Mr. Glover, who I believe is on the line with

10     Mr. Babcock for the Street parties, and explained we didn't

11     think those options were workable for a variety of reasons.  We

12     talked through some potential alternatives, and, in particular,

13     we asked Mr. Glover if he knew or understood what the position

14     of the Wayfarer parties was, since it is also their noticed

15     deposition.  Mr. Glover then ended that call, called Bryan

16     Freedman, and called us back and said that Mr. Freedman had

17     told him that the Wayfarer parties were open to moving the

18     deposition, but would need to know, in the next few hours, if

19     that is what we were proposing to do, not at midnight tonight.

20             Mr. Glover suggested he was also open to the same.  He

21     said he would need to know in short order because of people's

22     travel schedules.  They then got off that call, went and

23     conferred internally, and at 3:05 p.m. today, we emailed all

24     counsel, based on the representations that had been made to us,

25     that in light of the ability of the parties to reach an

P7GKLIVC

1    agreement, that tomorrow's deposition would be the only

2    deposition of Ms. Lively, that we would agree that moving the

3    deposition until after we have amended the complaint was the

4    only sensible option, and one that we would agree to.

5         At 3:44 p.m., Mr. Glover responded and said that he

6    could not speak for the Wayfarer parties.  So, we responded

7    six minutes later, at 3:50 p.m., and asked the parties to get

8    on a meet-and-confer at 4:00 p.m. to confer on this matter.

9         We called Mr. Fritz, in his office, shortly after we

10   got on that conferral.  He did not respond.  We sent follow-up

11   emails at 4:10 and 4:12 p.m. asking for the parties to confer

12   as soon as possible because of the number of people who have

13   travel schedules and logistical arrangements in advance of

14   tomorrow's deposition.  And we did not -- no one from the

15   Wayfarer parties got on that conferral with us.  Instead, we

16   got an email response at 4:25 p.m. from Mr. Freedman that the

17   deposition would go forward and criticizing us for not reaching

18   out to confer with him.

19        Our position, your Honor, is, we've been put to an

20   impossible position in light of the parties' positions and the

21   Court's decision from earlier today.  We do not believe that it

22   is workable or fair to force Ms. Lively to amend by today —

23   that's obviously not practical, given the position that we're

24   in — nor do we believe Ms. Lively should be forced to abandon

25   her claims against the Wallace parties with prejudice.  And we

P7GKLIVC

1    also do not believe it is appropriate for a nonparty to attend

2    a party deposition that it noticed as a party and to ask

3    questions, and demand the right to ask questions, during the

4    deposition, reserving their right on the position of whether

5    they're even a party at all and reserving a right to take a

6    second deposition in the event that Ms. Lively amends in the

7    future.

8           So, what we would request, under Rule 26, is either

9    that the Court direct the parties that tomorrow's deposition

10   will be the only deposition of Ms. Lively regardless of

11   amendment, or that the deposition be rescheduled at a mutually

12   agreeable date following Ms. Lively's planned amendment.  And

13   we're amenable to either of those options, but we believe that

14   those options protect Ms. Lively against undue burden and

15   harassment that would be created by requiring her to sit for

16   multiple party depositions in the same case, and also is the

17   only workable solution, given the position that the parties are

18   currently in.

19          THE COURT:  Have you provided dates, alternative

20   dates, to Mr. Freedman and Mr. Babcock and Mr. Fritz for

21   Ms. Lively's deposition, should I agree with your second

22   option?

23          MR. GOTTLIEB:  We have not, your Honor.  I did call

24   Mr. Freedman on his cell phone and in his office after sending

25   the email that we talked about, in order to confer with him and

P7GKLIVC

1      to try to discuss this issue.  I did not get through to him.  I

2      left him a message.  But we are here, your Honor, and we are

3      amenable and available to confer on alternative dates, to the

4      extent that that's the direction that this goes in.

5              We did request -- in the email that we sent at

6      3:05 p.m., your Honor, we did request — because we had

7      understood this to be the proposal that the Wayfarer parties

8      were making — we had requested that they let us know dates that

9      they would be interested in rescheduling, and, of course, we're

10     amenable to having those conversations at any point.

11             THE COURT:  Is it fair to assume that your client

12     would be prepared to sit for deposition in the month of August?

13             Mr. Gottlieb?

14             MR. GOTTLIEB:  We will make her available at an

15     agreeable date.  Your Honor, I'd have to check her calendar to

16     know the precise dates and -- the precise dates and times, but

17     we will certainly make her available for a deposition at an

18     agreeable date that is within the Court's discovery schedule.

19             THE COURT:  That's not quite a yes, but I understand

20     the answer.

21             Let me hear, first, from counsel for the Wayfarer

22     parties, and then I'll hear from counsel for the Wallace

23     defendants.

24             MR. FRITZ:  Thank you, your Honor.

25             As I'm sure your Honor recognized, all of these

P7GKLIVC

1    conversations that Mr. Gottlieb was referring to did not

2    involve the Wayfarer parties or their counsel.  We never

3    agreed, and we have not agreed, to put off the deposition that

4    has been scheduled for tomorrow.  We have three attorneys that

5    have already flown in from California.  We have at least four

6    clients, and perhaps a fifth, that are literally midair,

7    en route, to New York for the deposition.

8        The Wallace defendants are no longer parties, so, from

9    our point of view, they're not entitled to attend tomorrow.  If

10   they're later amended back in, and they want to seek relief in

11   terms of an additional deposition, that's not our fight.

12       I will note, it's not unheard of for a party to be

13   deposed by more than seven hours, especially when there's

14   multiple defendants, represented by different counsel.  So, I

15   don't know what the undue burden to Ms. Lively would be,

16   considering her wealth and residency here in New York.  And,

17   certainly, I don't know how it would be harassment, given that,

18   at Mr. Gottlieb's application, she is being deposed at a

19   location of their choosing.  So, there's no undue burden, and

20   there's no harassment.

21       What is clearly going on, your Honor, is, this is an

22   attempt to delay the deposition, for which we have

23   substantially prepared.  We have, as I said, attorneys that

24   have flown across the country, we have clients that are

25   currently flying across the country, and Ms. Lively should not

P7GKLIVC

1    be entitled to special treatment simply because she's a

2    celebrity.

3            If --

4            THE COURT:  Mr. Fritz, there are problems that the

5    Court is trying to deal with --

6            MR. FRITZ:  Okay.

7            THE COURT:  -- and it's helpful for me if you frame it

8    in language and words that the Court is accustomed to.

9            The problem that you are addressing, that Mr. Gottlieb

10   is addressing, is a serious problem, it's a serious issue.  I

11   don't, listening to you and listening to Mr. Gottlieb, know

12   what the answer is.  It does not help me — and it's not helped

13   me in this case — to start throwing around accusations.  I'm

14   well aware that your client is a person of high-profile.  So is

15   the plaintiff.  I have told you before, before I came into this

16   case, I didn't know who your client was, I did not know who the

17   plaintiff was.  Their names were unknown to me.

18           As far as I'm concerned, whether they have celebrity

19   at the moment or not is irrelevant.  Celebrity, as you know,

20   and everybody knows, can be fleeting.  It's also not relevant

21   to the Court.

22           So, your point is well taken that celebrity is

23   irrelevant.  Now let's make it irrelevant.  We don't need to

24   talk about it.

25           MR. FRITZ:  Fair enough.

P7GKLIVC

1          The bottom line, your Honor, is that Mr. Wallace is

2     not a party to the case.  The parties to the case, which are my

3     clients, are prepared to proceed tomorrow, as noticed.  Our

4     clients are en route, our cocounsel is here, and if and when

5     Mr. Wallace becomes a defendant again, as part of some amended

6     pleading, then that's between his counsel and Ms. Lively's

7     counsel to work out a deposition, or seek a protective order,

8     or what have you.  But that should not affect our ability to

9     proceed tomorrow.

10          THE COURT:  So, aside from the inconvenience to your

11     lawyers and to your clients of the travel and of having

12     prepared, which I don't want to minimize, what is the harm in

13     putting off the deposition for a couple of weeks, until we know

14     who's in the case and who's not?

15          MR. FRITZ:  Because we may elicit testimony tomorrow

16     from Ms. Lively that would lead us to serve additional

17     requests, whether to parties or nonparties; additional

18     subpoenas per deposition based upon who she identifies, for

19     example, of having knowledge of her garden-variety emotional

20     distress or having knowledge of her damages, for which she's

21     produced no documents.

22          So, we intended to elicit that testimony tomorrow, and

23     once we had it, within the schedule that your Honor sent — I

24     think it was just yesterday — we would then be able to serve

25     additional requests.  If your Honor adjourns it or grants a

P7GKLIVC

1    protective order for several weeks, we will not have that

2    information for at least several weeks, which will then not

3    enable us to seek the additional discovery that we're likely

4    going to have to seek.

5              THE COURT:  Okay.

6              Anything else, Mr. Fritz, on your end?

7              MR. FRITZ:  No.  Thank you, your Honor, for your time.

8              THE COURT:  Okay.  Thank you.

9              Mr. Babcock, let me hear from you or your colleague.

10             MR. BABCOCK:  Yes, your Honor.

11             First of all, I agree with Mr. Gottlieb that our first

12   of three options that we proposed, we didn't think was

13   realistic.  We said if you want -- if you're going to amend,

14   and you can amend by 5:00 o'clock today, that's fine with us,

15   we'll go ahead with the deposition tomorrow.  We really didn't

16   think he could put one together in that amount of time, but we

17   wanted to tell him that we were willing -- if he wanted to do

18   it that way, that we were willing to do it, and Mr. Glover is

19   already in New York, I'm at DFW airport right now.

20             A friendly amendment to Mr. Gottlieb's second of our

21   two options, we weren't asking Ms. Lively to abandon her

22   claims; we were just saying, if you're not going to amend, if

23   you're going to stand on the dismissal, and we truly are out of

24   the case, then, fine, we don't need to be there, and have a

25   nice life.

P7GKLIVC

1              Our third option, which, really, is where I think

2     we're down to, was if number one was impracticable, and if

3     number two, they're not in a position to say one way or the

4     other right now whether they're going to amend or not, then we

5     propose that we would attend tomorrow.  If there was time left

6     over before the seven hours expires, we'd ask our questions,

7     because even if they amend, there will probably be some

8     overlap, I would think, but then, after the amendment, we would

9     reserve the right to take additional testimony from her in

10    response to the amendment.

11             So, that's what we were trying to do.  We were only

12    trying to preserve the deposition tomorrow, not that we were

13    trying to make anybody take an action that was unreasonable, or

14    we certainly weren't asking the plaintiff to abandon her

15    claims.  We just said if you're not going to amend, then, fine,

16    we're gone for the time being, and if that ever gets appealed,

17    then we'll show up for that.

18             That's it, your Honor.

19             THE COURT:  Thank you, Mr. Babcock.  That's very

20    helpful.

21             Let me ask -- Mr. Gottlieb, I want to let you respond,

22    but I also have a question that I'm going to throw out to you

23    and to Mr. Fritz and to Mr. Babcock, which is:  It appears to

24    me that the issue that you've identified is purely a function

25    of the timing of my decision with respect to the Wallace

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

P7GKLIVC

1    defendants' motion to dismiss, which was issued because I was

2    ready to issue the opinion and without regard to how it would

3    impact the discovery schedule.  If I had issued the opinion at

4    the end of the day tomorrow, this issue would not have arisen.

5            Given that, I also take Mr. Fritz's point that, as

6    things currently stand, Mr. Babcock's clients are not parties,

7    they're not permitted to attend the deposition, they're

8    certainly not permitted to ask questions, but is there a

9    workaround where, Mr. Gottlieb, I give you the opportunity to

10   file an amended complaint, which you can file, I'm sure,

11   tonight or early tomorrow morning, that formally puts

12   Mr. Babcock and his clients back in, without prejudice to the

13   filing of a further amended complaint on the timetable of

14   July 30th that I set in my order on the Wallace motion to

15   dismiss?  In essence, what you would be doing is inviting the

16   Wallace parties back into the case so that they can attend

17   tomorrow.  And then, if there are additional allegations in

18   your amended complaint, filed on July 30th, that would provide

19   good cause for Mr. Babcock to ask some additional questions of

20   Ms. Lively, Mr. Babcock can make his application for the

21   deposition to be reopened for those questions.  I can't imagine

22   that they would be very long or take very much time.

23           So, I'll hear from you, Mr. Gottlieb, about that and

24   about anything else you want to say, and then I'll hear from

25   Mr. Fritz and Mr. Babcock again.

P7GKLIVC

1          MR. GOTTLIEB:  Your Honor, I appreciate the creativity

2     of the thought.

3          It's not entirely simple to put an amended complaint

4     back on file through the ECF system on the night before we are

5     preparing for a deposition, and I wonder if there is an

6     alternative that accomplishes the same objective, because I

7     appreciate what Mr. Fritz is saying, and we also face the same

8     inconvenience if this deposition has to be rescheduled.  We

9     have multiple attorneys who have been here for several days,

10    and traveled from far away for it, and we have been prepared to

11    go forward with it.

12         I wonder if there is a way that this can be

13    accomplished by agreement or stipulation of the parties,

14    essentially that we are treated as though we have filed an

15    amended complaint, and that we have a right to file that actual

16    amended complaint by the date that the Court previously set.

17    In other words, rather than putting us through the exercise of

18    filing a document that would, so far as I know, both be

19    administratively difficult to accomplish and not have any

20    substantive effect, would there be some way for the parties to

21    simply just stipulate to the same or agree to the same results

22    at the Court's direction?

23         THE COURT:  So, I'll ask Mr. Fritz and Mr. Babcock

24    that question.  I gather what you -- well, put, Mr. Gottlieb,

25    what you're requesting in maybe a form that I could order it.

P7GKLIVC

1          MR. GOTTLIEB:  Sure.  Your Honor, we might need a

2    moment to think of the words for that particular order, because

3    we hadn't been previously contemplating it, but I would imagine

4    it would be something that effectively treats the

5    Wallace/Street parties as parties, with the understanding that

6    Ms. Lively has the expectation and right to amend her complaint

7    by the date previously ordered by the Court in its order

8    earlier today.  But I will confess, your Honor, we might

9    benefit from a few moments to sit and try to come up with the

10   appropriate wording for that.

11         THE COURT:  One thing that I may do, depending on what

12   I hear from Mr. Fritz and Mr. Babcock, is adjourn this

13   conference for about 15 minutes and allow you to meet and

14   confer, but let me hear from you, Mr. Fritz.

15         MR. FRITZ:  Thank you, your Honor.

16         I think the solution, whether there's an amended

17   pleading filed tonight or in two weeks, is for Mr. Gottlieb and

18   Mr. Babcock to stipulate on their own that Mr. Babcock will

19   have an hour or two hours, whatever he needs, to depose

20   Ms. Lively beyond the seven hours that my clients are entitled

21   to.  As your Honor noted in your reasoned order --

22         THE COURT:  Mr. Fritz, actually, it's not each

23   individual party that's entitled to seven hours.  It's each

24   side.

25         MR. FRITZ:  Each side, I understand.

P7GKLIVC

1          But, right now, there's the potential that she would

2     have to come back.  So I'm simply saying, to avoid any dispute

3     that someone else would be entitled to seven hours, that

4     Mr. Babcock and Mr. Gottlieb agree to an hour or two beyond

5     what my clients will use that Mr. Babcock could depose

6     Ms. Lively.

7          Your Honor noted, in your reasoned order, that the

8     allegations against Mr. Wallace are very thin.  I'm sure

9     Mr. Babcock does not even need that much time.  And whether

10    that time is allocated to him tomorrow or sometime else, that's

11    how I would resolve it, your Honor.

12          THE COURT:  So, I hear you, Mr. Fritz, saying that you

13    have no objection to the participation of the Wallace

14    defendants in the deposition tomorrow, but now what you're

15    saying is that there should be additional time for them; is

16    that right?

17          MR. FRITZ:  Yes, because as it stands, we're entitled

18    to seven hours.

19          THE COURT:  Let me ask you this question:  As of the

20    time that I issued the order on the Wallace defendants' motion

21    to dismiss, you would have had no expectation that the Wallace

22    defendants were out of this case; the expectation would have

23    been that they were in this case.  Aren't you asking for

24    something more than -- and, frankly, had I not issued that

25    order, it would be in the same position of having a discussion

P7GKLIVC

1    with Mr. Babcock, of Mr. Babcock being able to take some amount

2    of your seven hours.

3            Why should you get more because of the happenstance of

4    the timing of my order?

5            MR. FRITZ:  Well, even before he was dismissed, we

6    were expecting that the time that we would allocate to him,

7    obviously with agreement with him, would not be that extensive,

8    given what we believed were minimal allegations against him.

9            But, as it stands, he now is not a party to the case,

10    Mr. Wallace.  So, the seven hours belongs to us.  I'm happy to

11    work out -- you know, maybe during that 15 minutes, we can see

12    if there's a way that we can work out, among the three sides,

13    how tomorrow would be divided, but there should be

14    consideration that it would go longer than seven hours.

15            THE COURT:  I'm not inclined to grant that.  But let

16    me hear from you, Mr. Babcock.

17            MR. BABCOCK:  Yes, your Honor.

18            We would --

19            THE COURT:  I should say, before I let you speak,

20    Mr. Babcock, one reason, Mr. Fritz, why I'm not inclined to

21    grant that is because it's coming at the eleventh-and-a-half

22    hour.  Had you made an application to me sometime in advance

23    demonstrating the reason why, given all of the parties in this

24    case, the deposition needed to be longer than seven hours, then

25    I would have certainly considered it, but the happenstance of

P7GKLIVC

1    my issuing the Wallace defendants' motion to dismiss does not

2    seem to me to provide the occasion for asking for something now

3    that you didn't ask for earlier.

4            But, Mr. Babcock, I cut you off, and I apologize.

5            MR. BABCOCK:  Not at all, your Honor.  But don't cut

6    me off again.  Just kidding.

7            In addressing your thought, it certainly seems

8    workable to us, or to me, if they tell us that they are going

9    to amend.  I think your order gave them limited rights of

10   amendment.  You told them they could amend on the

11   jurisdictional issues.  And if that's their intention, tell us,

12   and then we're back in, although they can do it later, by the

13   30th.  That's acceptable to me.

14           What would not be acceptable would be if they added a

15   RICO claim or something; in other words, if they went beyond

16   the four corners of your order in terms of the amendment.  So,

17   that's good.

18           In terms of the timing, I think you're surely right,

19   that I had thought that I certainly don't need the bulk of the

20   time.  I think I can do it in an hour or less, my part, and I'm

21   willing to accommodate whatever everybody wants in terms of

22   timing.  And I can't think of a way to be more agreeable than

23   that.

24           THE COURT:  Okay.

25           It's now 6:00 o'clock.  We're going to adjourn until

P7GKLIVC

1    6:15.

2          Mr. Gottlieb, you might talk to, or have one of your

3    colleagues, who I'm sure is on this, talk to the team about

4    whether there is a way to get a filing on ECF tonight that puts

5    Mr. Babcock back into the case.  The parties have certainly

6    been able to file letters on ECF into the night, but meet and

7    confer, and then I'll be back on at 6:15.

8          MR. GOTTLIEB:  Thank you, your Honor.  We will.

9          (Recess)

10          THE COURT:  Good afternoon.  It's Judge Liman.

11          Do I have counsel on Mr. Gottlieb, for the Lively

12    parties?

13          MR. GOTTLIEB:  Yes, your Honor.  Good afternoon.

14          THE COURT:  And do I have Mr. Fritz and Mr. Freedman

15    on, for the Wayfarer parties?

16          MR. FREEDMAN:  Yes, your Honor.

17          THE COURT:  And, Mr. Babcock, are you on?

18          MR. BABCOCK:  I am, your Honor.  Thank you.

19          THE COURT:  Good.  Good afternoon.

20          Mr. Gottlieb, let me hear from you.

21          MR. GOTTLIEB:  Your Honor, I think we are capable of

22    putting, effectively, a dummy complaint on file this evening.

23    It is not administratively simple as it might seem, and it

24    would require a considerable amount of labor, as well as

25    potential to create a significant amount of confusion.

P7GKLIVC

1          We are prepared to do it, of course, if that's the

2     court order.

3          We had one potential alternative that we think could

4     accomplish the same objective, which would be, at the risk of

5     being presumptuous, your Honor, the Court could simply vacate

6     its order from earlier today and reenter it 36 or 48 hours from

7     now, and achieve the same objective, without us having to file

8     what is effectively a placeholder complaint that we haven't yet

9     fully thought through all of the different issues that that

10    might create.

11         If the Court's not inclined to do that, we're, of

12    course, prepared to file what would effectively be a second

13    amended complaint, and we'll have to figure out the appropriate

14    mechanism of labeling and titling and all that, but it is

15    doable, your Honor.

16         THE COURT:  All right.

17         Let me turn to you, Mr. Babcock.  Do you have any

18    objection to me vacating the order and then reentering it

19    either tomorrow night or the following morning?

20         MR. BABCOCK:  Yes.  I don't know what mischief might

21    be caused between the vacation and the reentry, but I'm a

22    creative thinker and I can imagine mischief.  So, if you ask

23    me, off the top of my head, yeah, I object to that.

24         THE COURT:  Okay.

25         Any objection to Mr. Gottlieb filing what he's called

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

P7GKLIVC

1    a dummy complaint, which, in my mind, can be identical to the

2    complaint that I just dismissed?  I would add to that,

3    Mr. Babcock, that the time to respond to it would be adjourned

4    sine die, that he could not add any allegations to it, other

5    than allegations that went to personal jurisdiction, and that

6    your participation in the deposition tomorrow would be, while

7    reserving all of your objections as to personal jurisdiction

8    without waiving any objections as to personal jurisdiction,

9    again, the time to respond would be adjourned sine die, and the

10   Lively parties would be granted until July 30th to file a

11   further amended complaint.

12         MR. BABCOCK:  Yes, your Honor.  On the break, of

13   course, Mr. Glover and I were talking, and I suppose it's how

14   stupid the dummy is, and what I would like to avoid would be a

15   situation where I go ahead tomorrow, and then there's a

16   subsequent amendment that I feel like I need more time with

17   Ms. Lively to depose her, and now I'm put to the burden of

18   filing a motion showing good cause.  It seems to me that would

19   be unnecessarily complicating things, and I think if I had my

20   druthers, I'd rather not do that, but rather do it in an

21   orderly way.

22         I understand there are all these other deadlines, and

23   I don't mean to belittle Mr. Fritz's point at all, but, anyway,

24   that's where I am.  But, again, we're at the tip of the tail of

25   this rather large dog, so we understand our position.

P7GKLIVC

 1                THE COURT:  Okay.

 2                Mr. Fritz, let me hear from you.

 3                MR. FRITZ:  I'm not sure where that leaves us, your

 4      Honor.  I did try to reach Mr. Gottlieb during the break.  I

 5      understand he was probably conferring with his colleague or

 6      trying to reach Mr. Babcock to see if Ms. Lively would be

 7      available the next two to three weeks.  I'm sure he doesn't

 8      have her calendar or diary next to him, so he doesn't know, but

 9      we did attempt to reach him to discuss that.

10                MR. GOTTLIEB:  I was unaware that Mr. Fritz was trying

11      to reach me, your Honor, but I'm happy to adjourn and speak

12      with him and have that conversation.

13                THE COURT:  Okay.  So, why don't you all adjourn.

14                Mr. Gottlieb, what I'm going to do right now, so as to

15      preserve rights, is, I'm going to give you leave to file an

16      amended complaint that may be identical to your existing

17      complaint, or would be limited to adding any jurisdictional

18      allegations with respect to the Wallace parties, without

19      prejudice to your preexisting right to file a further amended

20      complaint by July 30th, limited as specified by my order of

21      today, dismissing the complaint of the Wallace parties, so

22      limited to just adding jurisdictional allegations.  And if you

23      do that, I will suspend the time of the Wallace parties to

24      respond to that pleading sine die, and will allow the Wallace

25      parties, who will then be parties, to participate in tomorrow's

P7GKLIVC

1  deposition, while reserving the rights as to personal

2  jurisdiction and without prejudice to their arguments with

3  respect to personal jurisdiction.

4         I'll enter an order to that effect, but, obviously, if

5  you're able to work out adjourning the deposition so that

6  Mr. Babcock has your amended pleading as of July 30th, or

7  whenever you get it on file, it will avoid the need for

8  Mr. Babcock to have to make an application to the Court for

9  reopening the deposition to ask any questions based upon the

10  new allegations.

11         Is there anything else that the Lively parties request

12  today?  And the Court is available, I'm available, tonight, I'm

13  available tomorrow.

14         Mr. Gottlieb?

15         MR. GOTTLIEB:  No, your Honor.  We're grateful for the

16  Court's time on very short notice, and thank the parties for

17  coming together, as well, for the conversation.

18         THE COURT:  Okay.

19         Mr. Fritz, any other requests from the Lively parties?

20         MR. FRITZ:  The Wayfarer parties.

21         Nothing, your Honor.

22         THE COURT:  Right, the Wayfarer parties, Wayfarer

23  parties.

24         Any other requests from the Wayfarer parties?

25         MR. FRITZ:  Nothing, your Honor.  Thank you for your

P7GKLIVC

1    time today.

2              THE COURT:  Okay.

3              And Mr. Babcock?

4              MR. BABCOCK:  Nothing from the Court.  Thank you so

5    much, your Honor.

6              THE COURT:  Okay.  Thank you, Mr. Babcock.

7              Good luck, everybody, and if you need the Court, the

8    Court will be available.

9              (Adjourned)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25