UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>      Plaintiff,<br><br>    -v-<br><br>WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, THE AGENCY GROUP PR LLC, JENNIFER ABEL, JED WALLACE, and STREET RELATIONS INC.,<br><br>      Defendants. | Case No. 1:24-cv-10049-LJL<br>(consolidated with 1:25-cv-00449-LJL) |
| JENNIFER ABEL,<br><br>      Third-Party Plaintiff,<br><br>    -v-<br><br>JONESWORKS LLC,<br><br>      Third-Party Defendant. | |
| WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, JENNIFER ABEL, and STEVE SAROWITZ,<br><br>      Consolidated Plaintiffs,<br><br>-v-<br><br>BLAKE LIVELY, RYAN REYNOLDS, LESLIE SLOANE, VISION PR, INC., and THE NEW YORK TIMES COMPANY.<br><br>      Consolidated Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF BLAKE LIVELY'S
MOTION FOR LEAVE TO SERVE THIRD PARTY ROBB SULLIVAN BY
ALTERNATIVE SERVICE**

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson
Stephanie A. Roeser (admitted *pro hac vice*)
2049 Century Park East, Suite 1700
Los Angeles, California 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
Manatt, Phelps & Phillips, LLP
7 Times Sq
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

HAYNES AND BOONE, LLP
Laura Lee Prather (admitted *pro hac vice*)
Michael Lambert
98 San Jacinto Boulevard, Suite 1500
Austin, TX 78701
(512) 867-8400
laura.prather@haynesboone.com
michael.lambert@haynesboone.com

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com

Aaron Nathan
Willkie Farr & Gallagher LLP
787 7th Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

DUNN ISAACSON RHEE LLP
Meryl C. Governski (admitted *pro hac vice*)
401 Ninth Street, NW
Washington, DC 20004
(202) 240-2900
mgovernski@dirllp.com

*Attorneys for Blake Lively*

Blake Lively respectfully moves pursuant to Federal Rules of Civil Procedure ("Rules") 4(e)(1), 4(e)(2), and 45, and New York Civil Practice Law and Rules ("C.P.L.R.") §§ 308(1)–(5), to request leave to serve third party Robb Sullivan for the pendency of the above-referenced action by alternative means. Specifically, and as described herein, Ms. Lively requests leave to serve Mr. Sullivan by a combination of affixing and mailing a copy of the subpoena to Mr. Sullivan's last known address ("nail and mail service"), telephone, and through his agency via email and mailing, after five unsuccessful attempts to serve Mr. Sullivan at his last known address.

## BACKGROUND

Mr. Sullivan is a witness to Ms. Lively's claims. During the relevant time period, Mr. Sullivan served as an editor of the film at issue, *It Ends With Us*. Mr. Sullivan appears on multiple text chains with (and produced by) Defendant Justin Baldoni discussing post-production editing, including the editing of certain intimate scenes and Ms. Lively's role in the editing process. *See* Ex. A.[1]

On July 10, 2025, Ms. Lively sent notice to counsel of her intent to serve Mr. Sullivan with a Rule 45 subpoena ("Subpoena"). On July 11, Ms. Lively engaged a process server to attempt service at Mr. Sullivan's last known address in Camarillo, California. As explained thoroughly in Richard Meyer's Affidavit of Due Diligence (Ex. B, "Meyer Aff."), Mr. Meyer attempted service at that address on five separate occasions, at various times of day. *See generally* Meyer Aff. On one of those occasions, Mr. Meyer spoke with a woman named Betty who answered the door and stated that Mr. Sullivan would be there the following day around 5:45 pm. *See id.* (July 11 attempt). When Mr. Meyer returned the next day at the stated time, no one answered the door. *See id.* (July 12, 5:45 PM attempt).

---

[1] Citations to "Ex." refer to the exhibit attached to the Declaration of Kristin E. Bender ("Bender Decl.") filed contemporaneously herewith.

## ARGUMENT

As this Court has explained, *see* ECF No. 356 at 2, "Federal Rule of Civil Procedure 45 states that '[s]erving a subpoena requires delivering a copy to the named person.'" *Id.* (quoting Fed. R. Civ. P. 45(b)(1)). However, courts have authorized alternative service when a party has "demonstrate[d] a prior diligent attempt to personally serve." *Id.* (quoting *Kenyon v. Simon & Schuster, Inc.*, 2016 WL 5930265, at *3 (S.D.N.Y. Oct. 11, 2016)); *see also JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, 2009 WL 1313259, at *2–3 (S.D.N.Y. May 11, 2009); *Sec. & Exch. Comm'n v. Pence*, 322 F.R.D. 450, 454 (S.D.N.Y. 2017).[2] "Alternative service must be reasonably calculated to ensure the witness actually receives the subpoena." *Id.* at 2 (collecting cases). Alternative service is appropriate here given Ms. Lively's numerous diligent attempts to personally serve Mr. Sullivan, and the availability of alternative methods that are reasonably calculated to ensure Mr. Sullivan will actually receive the subpoena.

Ms. Lively respectfully requests that the Court enter an order permitting Ms. Lively to serve Mr. Sullivan via a combination of nail and mail service, Mr. Sullivan's telephone number that appears in obtained discovery, as well as through telephone and email to his agency, Murtha Skouras Agency.[3] In light of the impracticability of serving Mr. Sullivan by personal service, alternative service by nail and mail service, personal telephone, and via his agency—the only means Ms. Lively is aware of to reach Mr. Sullivan—is appropriate here. Mr. Sullivan is "likely to receive . . . service through the alternative method[s]" proposed here, which will provide Mr.

---

[2] Some courts "have suggested that alternative service under Rule 45 must be accomplished in accordance with Rule 4, which in turn . . . permits service on an individual to be made in accordance with the state law where the district court sits or where service is made." *Id.* at 4 n.1 (quoting *Pence*, 322 F.R.D. at 455). In New York, alternative service is appropriate under the CPLR when traditional methods are "impracticable." *Id.* (quoting N.Y. C.P.L.R. 308(5)). Here, whether applying the "prior diligent attempt" standard or an "impracticable" standard, alternative service is appropriate given the numerous various unsuccessful attempts at traditional service.

[3] *See* https://murthaskouras.com/members/robb-sullivan/; https://murthaskouras.com/wp-content/uploads/2016/04/Sullivan-Robb-2.pdf.

Sullivan with "timely actual notice" of documents in this litigation. *Freeman*, 2024 WL 5054913, at *2.

## CONCLUSION

For the foregoing reasons, the Court should enter an order to permit Ms. Lively to serve Mr. Sullivan by a combination of nail and mail service, personal telephone, and via his agency's telephone and email for the pendency of this action, such that service can be completed by no later than August 1, 2025.

Dated: July 25, 2025

Respectfully submitted,

/s/ *Kristin E. Bender*

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (admitted *pro hac vice*)
Stephanie A. Roeser (admitted *pro hac vice*)
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
7 Times Sq.
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

HAYNES AND BOONE, LLP
Laura Lee Prather (admitted *pro hac vice*)
Michael Lambert
98 San Jacinto Boulevard, Suite 1500
Austin, TX 78701
(512) 867-8400
laura.prather@haynesboone.com
michael.lambert@haynesboone.com

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com

Aaron E. Nathan
787 7th Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

DUNN ISAACSON RHEE LLP
Meryl C. Governski (admitted *pro hac vice*)
401 Ninth Street, NW
Washington, DC 20004
(202) 240-2900
mgovernski@dirllp.com

*Attorneys for Blake Lively*