# manatt

Esra A. Hudson
Manatt, Phelps & Phillips, LLP
Direct Dial: 310-312-4381
ehudson@manatt.com

July 26, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: *Lively v. Wayfarer Studios LLC et al.*, No. 24-cv-10049 (LJL)

Dear Judge Liman:

  Plaintiff Blake Lively writes in response to the Motions to Quash as to specific portions of (1) Ms. Lively's July 3, 2025 document subpoena to Google, LLC d/b/a Youtube ("Google Subpoena") as to third-parties Lauren Neidigh, Ashley Briana Eve, McKenzie Folks, and Kassidy O'Connell, and (2) Ms. Lively's July 3, 2025 document subpoena to X Corp., as to third-party Leanne Newton (the "X Subpoena," together with the "Google Subpoena," the "Subpoenas"; collectively, "Third-Parties"). Dkt. Nos. 445, 472, 473, 474, 483, 484, 486. Based on the Third-Parties' representations made in meet and confers, public statements, and/or information provided in their moving papers, there is no further information required from the Subpoenas as to these specific Third-Parties at this time. Ms. Lively has therefore withdrawn the Subpoenas as to them. Accordingly, Ms. Lively requests that the Court deny the Third-Parties' Motions to Quash as moot.

  As the Court knows, a core component of Ms. Lively's claims center on the Wayfarer Defendants' digital media "smear campaign," which sought to manipulate the media landscape against her using "untraceable" sources to paint Ms. Lively as the *aggressor*, instead of the victim. *See, e.g.*, Dkt. No. 84 at ¶¶ 29-45, 303. The Wayfarer Defendants have recently taken to mocking Ms. Lively's reference to an "untraceable" digital campaign, claiming that such a notion "defies common sense." Dkt. No. 460 at 1. As they are well-aware, the term "untraceable" was coined by **Defendant Melissa Nathan** in discussing the blueprint of the Wayfarer Parties' retaliatory plan:

> From: Melissa Nathan
> To: Jennifer Abel (owner)
>
> Hi Jamey, Jen
>
> So incredibly glad that the press went so well today and from what I know, Justin felt incredibly supported. He is lucky to have you all.
>
> We took the day today to do some research and get digital quotes in from the two teams we use that get the best results.
>
> As you are both aware, we are in a predicament that we just do not know the outcome of right now.
>
> Saying that, full transparency is key here, we have seen the most innocuous issues turn giant due to socials or the hugest crisis have no effects on social whatsoever- you just cannot tell at this stage. But, BL does have some of the TS fanbase so we will be taking it extremely seriously.
>
> We also understand audience is not solely JB fanbase but, the studio so it is covering all bases time.
>
> Quote one: $175k - this will be for a 3-4 month period and includes: website ( to discuss) full reddit, full social account take downs, full social crisis team on hand for anything - engage with audiences in the right way, start threads of theories ( to discuss) this is the way to be fully 100%protected.
>
> Quote two $25k per month - min 3 months as it needs to seed same as above - this will be for creation of social fan engagement to go back and forth with any negative accounts, helping to change narrative and stay on track.
>
> All of this will be most importantly untraceable.

Hon. Lewis J. Liman
July 26, 2025
Page 2

Ms. Lively's Subpoenas were one part of the discovery process aimed at gathering information to link the Wayfarer Parties' activities to sources through YouTube and X content creator accounts. Ms. Lively's counsel has met and conferred with various individuals whose account information is the subject of the Subpoenas, including the Third-Parties who have filed Motions to Quash and, as set forth above, has determined to withdraw the Subpoenas as to them. Ms. Lively's counsel has advised Google and X, that the Subpoenas are withdrawn as to each of the following social media handles identified by the Third-Parties: @LethalLauren904; @AshleyBrianaEve; @existingtothrive; @KassidyOC; and @kiarajade2001.[1]

Ms. Lively's counsel has provided each of the Third-Parties a copy of such withdrawal, with the exception of Kassidy O'Connell, who moved under a pseudonym and has not provided a service email or other contact information. Given the Subpoenas have been withdrawn as to each of the Third-Parties who moved, Plaintiff respectfully requests that each of their respective Motions to Quash be denied as moot, in their entirety.

Respectfully submitted,

/s/ Esra A. Hudson

| WILLKIE FARR & GALLAGHER LLP | MANATT, PHELPS & PHILLIPS, LLP |
|---|---|
| Michael J. Gottlieb | Esra A. Hudson (admitted *pro hac* vice) |
| Kristin E. Bender | Stephanie A. Roeser (admitted *pro hac* vice) |
| 1875 K Street NW | Sarah E. Moses (admitted *pro hac* vice) |
| Washington, DC 20006 | 2049 Century Park East, Suite 1700 |
| (202) 303-1000 | Los Angeles, CA 90067 |
| mgottlieb@willkie.com | (310) 312-4000 |
| kbender@willkie.com | ehudson@manatt.com |
| Aaron E. Nathan | sroeser@manatt.com |
| 787 7th Avenue | |
| New York, NY 10019 | Matthew F. Bruno |
| (212) 728-8000 | 7 Times Sq. |
| anathan@willkie.com | New York, NY 10036 |
| | (212) 790-4500 |
| DUNN ISAACSON RHEE LLP | mbruno@manatt.com |
| Meryl C. Governski (pro hac vice) | |
| 401 Ninth Street, NW | *Attorneys for Blake Lively* |
| Washington, DC 20004 | |
| (202) 240-2900 | |
| mgovernski@dirllp.com | |

---

[1] While almost all of the Third-Partes request to quash the Subpoenas on behalf of not only themselves, but also other unspecified individuals in the Subpoenas, these Third-Parties lack standing to do so. Dkt. No. 445 at ECF p. 17-18; 484 at 18; 474 at 11; 472 at 19. *See Estate of Ungar v. Palestinian Authority*, 400 F. Supp. 2d 541, 554 (S.D.N.Y., 2005), *aff'd*, 332 F. App'x 643 (2d Cir. 2009) (finding that a subpoenaed party lacks standing to object to subpoenas issued to another third-party absent a claim of privilege). Accordingly, the Court should deny the motions in their entirely, including to the extent they seek relief beyond the individual movant.