UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- X
 :
BLAKE LIVELY, :
 :
 Plaintiff, :
 :   24-cv-10049 (LJL)
 -v- :
 :   ORDER
 :
WAYFARER STUDIOS LLC, JUSTIN BALDONI, :
JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH :
US MOVIE LLC, MELISSA NATHAN, THE AGENCY :
GROUP PR LLC, JENNIFER ABEL, JED WALLACE, :
STREET RELATIONS INC., :
 :
 Defendants. :
 :
---------------------------------------------------------------------- X

LEWIS J. LIMAN, United States District Judge:

      Blake Lively ("Lively") moves to serve third party Robb Sullivan ("Sullivan") by alternative means pursuant to Federal Rules of Civil Procedure 4(e)(1), 4(e)(2), and 45, and New York Civil Practice Law and Rules 308(1)–(5).  Dkt. No. 492.  The motion is granted.

      Sullivan was an editor of *It Ends With Us* and appears on text message chains discussing Lively's role in the editing process.  Dkt. No. 494-1.  Lively engaged a process server who made five attempts to serve Sullivan at his last known address between July 11 and July 14, 2025.  Dkt. No. 494-2.  A neighbor informed the process server that Sullivan did reside at the address and should be reachable there.  *Id.*  The process server attempted to serve Sullivan both during the day and after work hours but did not receive an answer, despite lights and television being on in the residence.  *Id.*

      Federal Rule of Civil Procedure 45 states that "[s]erving a subpoena requires delivering a copy to the named person."  Fed. R. Civ. P. 45(b)(1).  However, courts have authorized alternative service when a party has "demonstrat[ed] a prior diligent attempt to personally serve."

*Kenyon v. Simon & Schuster, Inc.*, 2016 WL 5930265, at *3 (S.D.N.Y. Oct. 11, 2016); *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, 2009 WL 1313259, at *2–3 (S.D.N.Y. May 11, 2009); *Sec. & Exch. Comm'n v. Pence*, 322 F.R.D. 450, 454 (S.D.N.Y. 2017). Here, the affidavit of the process server describing the five attempts to serve Sullivan at his last known residence establishes that personal service is impracticable. *See Tube City IMS, LLC v. Anza Cap. Partners, LLC*, 2014 WL 6361746, at *1 (S.D.N.Y. Nov. 14, 2014).

Alternative service must be reasonably calculated to ensure the witness actually receives the subpoena. *See Kenyon*, 2016 WL 5930265, at *3; *IDW Grp.*, 2009 WL 1313259, at *2–3. Lively seeks to serve Sullivan through a combination of nail and mail service, his telephone number appearing in discovery documents, and telephone and email to his agency. Dkt. No. 493. The Court has already held with regard to a prior subpoena that nail-and-mail service combined with service by telephone and LinkedIn was reasonably calculated to provide timely notice. Dkt. No. 356. Here, service by telephone and email to Sullivan's agency, which represents his interests and likely has timely and trustworthy ways to contact him, further ensures Sullivan will receive notice of the subpoena.

Accordingly, the Court directs that the following will be deemed proper service on Sullivan for the duration of this litigation:

1) Affixing the relevant document to the door of Sullivan's last known residence;
2) Mailing the relevant document to Sullivan's last known residence;
3) Sending a copy of the document by email to Sullivan's agency, and following up with a telephone call to the agency stating that it has been emailed a copy of the document pursuant to a court order regarding service of Sullivan in this litigation; and,

4) Attempting to contact Sullivan at the telephone number appearing on discovery documents and, if he does not answer, leaving a voicemail stating that he has been served with the relevant document at his residence, by mail, and through his agency.

The motion for alternative service is GRANTED as described herein. Proof of service shall be filed in accordance with Federal Rule of Civil Procedure 45(b)(4).

The Clerk of Court is respectfully directed to close Dkt. No. 492.

SO ORDERED.

Dated: July 28, 2025
New York, New York

_____
LEWIS J. LIMAN
United States District Judge