Hon. Lewis. J. Liman

United States District Court

Southern District of New York

500 Pearl Street, Room 1620

New York, NY 10007

Re: *Lively v. Wayfarer Studios LLC et al., No. 24-cv-10049 (LJL)*

Dear Judge Liman,

Non-party Movant Lauren Neidigh ("Movant") writes in reply to Plaintiff Blake Lively's response to Movant's Motion to Quash Subpoena and for a Protective Order.[1] Movant was notified by Google LLC that Ms. Lively's counsel had served them with a Subpoena dated July 3, 2025, internal reference #100884180, seeking personally identifiable information, financial account information, and private data associated with Movant's YouTube account @LethalLauren904. Movant was notified via email that Ms. Lively has withdrawn the Subpoena as to Movant's account. This reply is necessary to address the issues that have not been rendered moot by Ms. Lively's withdrawal or her response to Movant's motion, including requests for sanctions and a protective order.

Ms. Lively's Subpoena targeted creators who have expressed unfavorable opinions about her online. The Subpoena was not supported by any evidence. It served to intimidate, harass, chill constitutionally protected free speech, and threaten the safety and privacy of non-parties who are not involved in this litigation. Ms. Lively's counsel was largely unresponsive when Movant attempted to meet and confer or ask for clarification. Ms. Lively could not offer an explanation as to why Movant's location data, bank account information, or credit card numbers, among other random private information, were relevant to Ms. Lively's litigation.

In Ms. Lively's July 26, 2025 response[2] to Movant's motion, counsel wrote "Based on the Third Parties' representations made in meet and confers, public statements, and/or information provided in their moving papers, there is no further information required from the Subpoenas as to these specific Third-Parties at this time." Aside from two brief and fruitless attempts at scheduling, Ms. Lively's counsel was unresponsive to Movant for long periods of time. No meet and confer occurred. Movant did not provide Ms. Lively's counsel with any of the information

---

[1] Dkt. No. 484
[2] Dkt. No. 496

sought by the invasive Subpoena. Ms. Lively's statement that there is no further requirement "at this time," coupled with the fact that they did not receive any of the information sought, suggests that there may be further invasive and inappropriate discovery attempts made to obtain Movant's personal information and private data that is completely irrelevant to this litigation. This imposes an undue burden on Movant and serves to harass and intimidate Movant for her lawful expression of her unfavorable opinions of Ms. Lively online.

Ms. Lively's response to Movant's motion states "Ms. Lively's Subpoenas were one part of the discovery process aimed at gathering information to link the Wayfarer Parties' activities to sources through YouTube and X content creator accounts." This is not a reasonable basis for Ms. Lively to demand Movant's private data. Movant does not have any affiliation with Melissa Nathan, Jennifer Abel, or any of the publicists who are parties to this lawsuit or alleged to have orchestrated an "untraceable smear campaign." Movant has never interacted with them at all. In fact, Movant has spoken quite unfavorably about the publicists. However, the publicists have not elected to use our country's federal court system to retaliate by demanding Movant's bank account information, location data, and credit card numbers. These requests are unfounded and designed to chill constitutionally protected speech.

To say that Movant may have been part of an "untraceable" campaign is also nonsensical. There is no evidence to support that theory, nor is there any truth to it. Movant's motion explains the basis for her unfavorable opinions of Ms. Lively, and it does not involve a scheme with the Wayfarer parties. If Movant were somehow involved in an untraceable smear campaign, that campaign has failed obviously and disastrously as Movant's thoughts and opinions are based on entirely traceable information. Movant has even demonstrated the process of obtaining this publicly available information multiple times so the public may be informed of how to access it.

Given the ongoing threat of Ms. Lively making further abusive discovery requests for Movant's personal information and private data to intimidate Movant for her lawful expression, Movant respectfully asks that the Court enter a protective order under Federal Rule of Civil Procedure 26(c), prohibiting Ms. Lively from issuing any further subpoenas or discovery requests directed at Movant without prior leave of Court. Allowing further overly broad and unduly burdensome discovery requests that could result in unaffordable attorney fees for Movant and others effectively acts as a large fine to punish them for their lawful expression.

Movant respectfully requests the court consider the request for sanctions as outlined in the Motion to Quash and for a Protective Order, including sanctions under Federal Rule of Civil Procedure 45(d)(1), Rule 26(g), and its inherent authority. The breadth and nature of this Subpoena, particularly as it targets constitutionally protected expressive activity, strongly suggest that it was issued in bad faith or for an improper purpose.

(Signature page below)

Sincerely,

X _____

Ms. Lauren Neidigh

2285 Kingsley Ave Suite A #1104

Orange Park, FL 32073

904-269-3324

Dated: 07/28/2025