July 26, 2025

**VIA ECF**

The Honorable Lewis J. Liman

United States District Court, Southern District of New York

500 Pearl Street

New York, New York 10007

                Re:    *Lively v. Wayfarer Studios LLC et al.,* **No. 24-cv-10049 (LJL)**

Dear Judge Liman,

      Movant respectfully notifies the Court that the Plaintiff has now withdrawn the subpoena previously issued to Google seeking Movant's private account data. The subpoena was issued without any showing of necessity or relevance, and it appeared to be an intimidation tactic toward a small independent content creator engaged in protected speech. The timing of the Plaintiff's withdrawal strongly suggests a strategic effort to prevent this Court from ruling on the Motion to Quash. Movant believes the Plaintiff withdrew the subpoena not because it was issued in error, but because the motion laid bare the baselessness of the subpoena and exposed a troubling misuse of the legal process. The arguments and evidence in Movant's motion directly undermine any claim that there is a legitimate basis for such intrusive discovery, and instead point to Plaintiff's ongoing campaign of intimidation and reputational harm aimed at silencing protected speech. In withdrawing the subpoena, Plaintiff seeks to avoid a ruling that could confirm the misuse of judicial authority to pursue personal vendettas or suppress lawful criticism. The Plaintiff's withdrawal - only after the filing of Movant's Motion to Quash - further confirms that the subpoena was not issued in good faith. Rather, its issuance appears to have been intimidation tactics, designed to chill constitutionally protected expression and burden the Movant with legal hardship. This maneuver reflects an attempt to erase from the record the clear signs of abuse rather than confront them.

      While the Plaintiff has now withdrawn the subpoena, Movant respectfully asks this Court to review the Motion to Quash and its accompanying evidence in full. The contents of the motion

demonstrate not only that the subpoena lacked legal and factual merit, but that it was issued as part of a broader pattern of harassment, intimidation, and abuse of process. The withdrawal should not shield the Plaintiff from scrutiny or judicial oversight. To the contrary, the Motion to Quash now serves as important documentation of how subpoena power was misused against a private citizen engaged in protected speech.

      Movant urges the Court to take judicial notice of this pattern of conduct of the Plaintiff. Movant respectfully urges this Court to impose the **most severe** sanctions permissible under the law in light of the Plaintiff's abuse of subpoena power. This conduct reflects not only a disregard for the rules of civil procedure, but an intentional weaponization of the legal system to harass, intimidate, and silence protected speech. Such misuse of judicial authority by a high-profile litigant against a private individual threatens the integrity of this Court and the fairness of the proceedings. Movant therefore asks that the Court exercise its full discretion to sanction the Plaintiff to the **maximum extent** allowed under Rule 45(d), Rule 11, or any other applicable authority, to send a clear message that this kind of conduct **will not** be tolerated.

Respectfully submitted,

McKenzie Folks - @existingtothrive (Listed as No. 16 on subpoena to Google)

Pro Se Movant

15050 W 138th St PO Box 2673

Olathe, KS 66063

913-782-3423