UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
BLAKE LIVELY,

        Plaintiff,

                                        Civil Action No. 1:24-cv-10049; 1:25-cv-00449

-v-

WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH,
STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN,
THE AGENCY GROUP PR LLC, JENNIFER ABEL, JED WALLACE,
STREET RELATIONS INC.,

        Defendants.
-----------------------------------------------------------------------X

In re: Information sought on the X (Twitter) account @swiftiefor3v3r
pursuant to a subpoena issued to X Holdings Corp.

-----------------------------------------------------------------------X

**MOTION TO PROCEED ANONYMOUSLY AS JANE DOE**

NOW COMES the Movant, proceeding pro se, and respectfully moves this Court for leave to proceed under the pseudonym "Jane Doe" in connection with her contemporaneously filed Motion to Quash the Subpoena issued in the above-captioned case. In support thereof, Movant states as follows:

1. Movant is a non-party private citizen whose X (formerly Twitter) account is the subject of a third-party subpoena issued to X Holdings Corp. in relation to this matter.

2. Movant's posts on the platform constitute expressive conduct and commentary protected by the First Amendment to the U.S. Constitution. Movant is not a party to this litigation, has had no involvement with any of the parties or counsel, and is an unaffiliated individual exercising her constitutional right to express opinions on matters of public concern.

3. Disclosure of Movant's identity would expose her to a serious risk of harassment, reputational damage, and emotional distress. Moreover, compelled disclosure would have a chilling effect — not only on Movant's future participation in public discourse, but also on other individuals who rely on anonymity to speak freely about public figures and controversial matters.

4. Courts have consistently recognized the importance of safeguarding anonymous speech, especially in matters implicating political, social, or cultural commentary. See *Doe v. 2TheMart.com*, Inc., 140 F. Supp. 2d 1088, 1093 (W.D. Wash. 2001) ("*The First Amendment protects the right to speak anonymously*.").

5. The Court has broad discretion to permit pseudonymous litigation where privacy, safety, or protected rights are at stake. Movant respectfully submits that her request to proceed anonymously is both narrowly tailored and justified, and that no prejudice will result to any party if her identity is withheld from public view.

7. Movant further requests that all parties to this action, including any recipients of the subpoena, be ordered to refrain from disclosing, disseminating, or otherwise publicizing in any way, including their legal filings, any identifying information that may compromise Movant's anonymity or private information, including name, emails, addresses, etc. Any such conduct may infringe upon Movant's constitutional rights and may give rise to further legal remedies, including a request for sanctions, injunctive relief, or further judicial intervention.

WHEREFORE, for the foregoing reasons, Movant respectfully requests that this Court grant leave to proceed under the pseudonym "Jane Doe" in all filings, hearings, and proceedings related to this matter.

Respectfully submitted,
/s/ Jane Doe
Pro Se
Dated: July 27, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2025, I served a true and correct copy of the foregoing Motion to Proceed Anonymously on counsel for Plaintiff via email to the following:

Esra Hudson
Manatt Phelps & Phillips, LLP
ehudson@manatt.com

/s/ Jane Doe