UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
BLAKE LIVELY,
         Plaintiff,

                                        Civil Action No. 1:24-cv-10049; 1:25-cv-00449

-v-

WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH,
STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN,
THE AGENCY GROUP PR LLC, JENNIFER ABEL, JED WALLACE,
STREET RELATIONS INC.,
         Defendants.
------------------------------------------------------------------X

In re: Information sought on the X (Twitter) account @swiftiefor3v3r
pursuant to a subpoena issued to X Corp.

------------------------------------------------------------------X

## MOTION TO QUASH SUBPOENA

NOW COMES the Movant, proceeding under the pseudonym **Jane Doe**, and respectfully moves this Court to quash the subpoena issued in the matter of *Blake Lively v. Wayfarer*. In support thereof, Movant states as follows:

1. Movant is a non-party individual whose X (formerly Twitter) account has been listed on a subpoena served upon X Holdings Corp. seeking disclosure of identifying and/or personal information believed to be connected to this matter.

2. Movant was never personally served with a copy of the subpoena. Instead, Movant became aware of its existence through a notification from X dated July 17, 2025, which was only brought to Movant's attention on July 26, 2025, after a third party mentioned it. Therefore, the notice was neither timely nor properly served, depriving Movant of adequate opportunity to respond within the time frame required.

3. The subpoena seeks private and sensitive identifying information, the disclosure of which would violate Movant's constitutional rights to privacy and anonymous speech. Such disclosure is not permitted absent proper legal process and consent, per 18 U.S.C. § 2702(b)(3) of the Stored Communications Act. The information requested by the Plaintiff is simply irrelevant to this case.

4. Plaintiff has reportedly withdrawn subpoenas for other similarly situated non-parties and their social media accounts. Movant respectfully requests that the same standard be applied, and that the subpoena concerning Movant be withdrawn or quashed accordingly.

5. Before a court may authorize a subpoena compelling a platform like X to disclose the identity of an anonymous online user, the requesting party must first make a genuine evidentiary showing that the anonymous individual engaged in the wrongful conduct, as claimed by the Plaintiff. See *Music Grp. Macao Commercial Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 983 (N.D. Cal. 2015) (citing *Highfields Capital Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969, 975–76 (N.D. Cal. 2005)); *Mirza v. Yelp, Inc.*, No. 21-MC-621, 2021 WL 3772039, at *1–2 (S.D.N.Y. Aug. 25, 2021).

Movant's online speech is protected by the First Amendment. Courts have repeatedly recognized the need for heightened scrutiny when litigants seek to unmask anonymous speakers. See *Dendrite Int'l, Inc. v. Doe No. 3*, 775 A.2d 756, 771 (N.J. App. Div. 2001) (requiring *"strict procedural safeguards… to ensure that plaintiffs do not use discovery procedures to ascertain the identities of unknown defendants in order to harass, intimidate or silence critics"*).

Likewise, in *Doe v. 2TheMart.com*, the court emphasized that discovery aimed at identifying anonymous speakers is appropriate "*only in the exceptional case where the compelling need for the discovery outweighs the First Amendment rights of the anonymous speaker*." 140 F. Supp. 2d 1088, 1095 (W.D. Wash. 2001). Courts have cautioned against allowing discovery to serve as a tool of retaliation or intimidation. See also *Doe v. Cahill*, 884 A.2d 451, 461 (Del. 2005) (rejecting a "*sue first, ask questions late*r" model that risks chilling robust debate on public issues).

In this case, Plaintiff has failed to offer a compelling justification or any evidence sufficient to override Movant's constitutional rights. The subpoena appears less aimed at resolving Plaintiff's claims against the Defendant than at unmasking and silencing a critic. Such misuse of discovery not only contravenes constitutional principles but risks setting a precedent that chills free expression online. Mere curiosity or a desire to identify critics is an insufficient basis to justify discovery.

6. Movant has had no contact of any kind with the Defendant, Defendant's counsel, or any related party. Movant has not received any kind of payment for her opinions, and her X account is not even monetized. Instead of verifying her claims with the Defendant's team, Plaintiff's counsel chose to single out Movant's X account despite having no connection to the parties involved and issued a sweeping subpoena with no factual basis.

Movant's expressions on the X platform reflect personal opinion and commentary about a public figure, and are based solely on publicly available conduct or media reports. Accusations suggesting Movant is part of a coordinated or paid campaign are baseless, speculative, and defamatory. To the contrary, Movant's posts exemplify the spontaneous and organic commentary by a private citizen regarding a public figure, a right protected by the First

Amendment. Plaintiff appears to operate under the mistaken belief that negative remarks and criticism from private citizens must be part of an organized and paid effort, rather than recognizing that individuals are free to express opinions about public figures based on their own independent observations. This is simply the inevitable consequence of holding public status, where scrutiny and critique from private citizens are constitutionally protected and expected.

7. Disclosure of Movant's identity would create a chilling effect on free expression and subject Movant to potential harassment, retaliation, and reputational harm. Movant is a private citizen with no public persona or professional involvement in this matter. Forcing disclosure would not only deter Movant from speaking freely on matters of public concern but could also expose Movant to targeted harassment, especially given the contentious nature of this case and the online following of the Plaintiff. Courts have consistently recognized the importance of protecting anonymous speech in such contexts, particularly where the individual is not a party to the litigation and has expressed constitutionally protected opinions.

8. Movant respectfully requests that this Court instruct all parties, including X Corp., to preserve the confidentiality of Movant's identity pending resolution of this motion and to refrain from disseminating or disclosing, even in their filings, any identifying information. Any attempt to doxx or expose Movant's personal data may constitute a violation of Movant's legal rights, entitling her to seek sanctions, injunctive relief, and other remedies as the Court deems appropriate.

To paraphrase an ex?- friend of the Plaintiff: Movant would very much like to be excluded from this narrative, one she never sought to be a part of[1].

WHEREFORE, Movant respectfully requests that the Court:
   a. Grant this Motion to Quash the subpoena;
   b. Order that X Corp. refrain from disclosing Movant's identity and providing any information related to the Movant's to the Plaintiff;
   c. Grant a Protective Order pursuant to Rule 26(5)(C);
   d. Grant such other and further relief as the Court deems just and proper, including but not limited to sanctions for the costs to cover this subpoena without a court order or basis.


Respectfully submitted,
/s/ Jane Doe
Pro Se
Dated: July 27, 2025

---

[1] See, e.g., Sasha Geffen, *Taylor Swift Responds to Kim Kardashian's Video Leak: "I Would Very Much Like to Be Excluded from This Narrative"*, **The FADER** (July 18, 2016), https://www.thefader.com/2016/07/18/taylor-swift-responds-kim-kardashian-kanye-video

**CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2025, I served a true and correct copy of the foregoing Motion to Quash Subpoena on counsel for Plaintiff via email to the following:

Esra Hudson
Manatt Phelps & Phillips, LLP
ehudson@manatt.com

/s/ Jane Doe