UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Lively v. Wayfarer Studios LLC, et al.
Case No. 1:24-cv-10049

July 29, 2025

MOTION FOR PROTECTIVE ORDER TO REQUIRE COURT APPROVAL
PRIOR TO FUTURE NON-PARTY SUBPOENAS

## I. INTRODUCTION

I - Mario Armando Lavandeira, Jr.- am known professionally as Perez Hilton and am a nonparty to this action, representing myself pro se.

On July 19, 2025, I was served with a sweeping third-party subpoena issued by Plaintiff's counsel, demanding private communications, unpublished materials, and internal records based solely on the fact that I publicly discussed this case of great civic interest as part of my work as a journalist and media commentator. See Exhibit A.

Upon examining other filings in this court, I am not alone in being targeted. Several other nonparty creator-journalists have also received similarly burdensome subpoenas from the Plaintiff. This pattern raises serious concerns of discovery abuse, forum harassment, and an attempt to chill protected First Amendment speech.

Plaintiff Blake Lively is on a fishing expedition and is seeking to harass and intimidate her critics, resulting in many creators having to spend countless hours and thousands of dollars to respond to these legally unfounded subpoenas. See Exhibit B.

A self-proclaimed champion of women, Ms. Lively has targeted mostly women in this shameful attempt at chilling protected speech - even targeting victims of domestic violence. See Exhibit C.

Creators have informed you that they are still afraid of abusive discovery practices by Esra Hudson and Mike Gottlieb, chief counsel for Lively. See Exhibit D.

So far, this court has shown little interest in protecting nonparties to this litigation. See Exhibit E.

Your Honor has dismissed my LEGITIMATE safety concerns.

It is not my job or responsibility to inform you of this, but as of today this court's docket is *still* sharing what is believed to be the home addresses of Matthew Mitchell and Cynthia Barnes Slater, neither of whom are defendants in this litigation - nor is their exact location of interest to the greater public good. See Exhibit F and Exhibit G.

As of July 29th both of the below links are live on your docket and reveal to the world, who is closely watching every filing in this case, information that could lead to harassment or physical harm of these nonparties.

Docket #333:

https://storage.courtlistener.com/recap/gov.uscourts.nysd.634304/gov.uscourts.nysd.634304.333.2.pdf

And

Docket #440:

https://storage.courtlistener.com/recap/gov.uscourts.nysd.634304/gov.uscourts.nysd.634304.440.1.pdf

The same could have happened to me - a public figure with minor children living at home - and your Honor showed little care.

These threats are not merely hypothetical. They are very real.

In May of 2025 a deranged criminal set a fire at the home of one of the defendants, Steve Sarowitz, and threatened to kidnap his daughter. Police reveal that a text message read "If you fail to comply we will take [daughter's name] hostage and she won't make graduation, at that point we will ask for more money. If you guys are prepared to spend a hundred million to ruin the lives of Ms. Lively and her family we are sure you can spare a few for your daughter." See Exhibit H.

I respectfully request that the Court exercise its supervisory authority and enter a protective order requiring Plaintiffs to obtain leave of Court before issuing any further non-party subpoenas in this case.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

Courts have "broad discretion" under Rule 26(c) to fashion appropriate protective measures to prevent misuse of the discovery process. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).

Where a party engages in patterns of aggressive or harassing third-party discovery — particularly against media figures or commentators — courts have not hesitated to intervene. Protective orders are especially appropriate where the burdens fall on non-parties, who are "afforded special protection" from unnecessary discovery demands. Cusumano v. Microsoft Corp., 162 F.3d 708, 717 (1st Cir. 1998); Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 49 (S.D.N.Y. 1996).

## III. ARGUMENT

A. The Court Has Authority to Require Leave Before Further Subpoenas

Rule 26(c) allows courts to issue preemptive protective orders to avoid future abuse of the discovery process. See United States v. Columbia Broad. Sys., Inc., 666 F.2d 364, 369 (9th Cir. 1982).

Courts in this district have granted protective orders requiring prior approval before issuing further subpoenas when a party has shown a pattern of harassment or overreach: Hafkin v. United States, No. 20-CV-08034 (RA) (S.D.N.Y. Apr. 7, 2021).

In Mattel, Inc. v. Walking Mountain Prods., 353 F.3d 792 (9th Cir. 2003), the court affirmed a protective order where the plaintiff issued subpoenas to harass a critic and suppress public discourse.

B. The Burden on Non-Parties Warrants Court Intervention
Non-parties should not be forced to spend time, energy, or legal resources defending against vague and overly broad discovery requests.
In re Application of Bloomberg L.P., No. 16-MC-0045, 2016 WL 4126565, at *3 (S.D.N.Y. Aug. 2, 2016);
Nova Prods., Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 241 (S.D.N.Y. 2004).

Subpoenas directed at journalists or media figures are especially concerning, as they may impinge on rights protected by the First Amendment and the reporter's privilege. Gonzales v. NBC, 194 F.3d 29, 35 (2d Cir. 1999).

C. Requiring Leave of Court Is a Modest, Fair Safeguard
This request does not bar discovery. Instead, it seeks a limited procedural safeguard: requiring that future non-party subpoenas be approved by the Court before service. This is a measured response to an emerging problem — not a blanket prohibition.

## IV. CONCLUSION
For the foregoing reasons, I respectfully request that this Court issue a protective order requiring Plaintiffs to seek leave of Court before serving any further subpoenas on nonparties in this case.

Respectfully submitted,
/s/ Mario Lavandeira
Mario Armando Lavandeira, Jr.
aka Perez Hilton
Las Vegas, NV

Case 1:24-cv-10049-LJL    Document 510    Filed 07/29/25    Page 5 of 5