UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

BLAKE LIVELY,

                Plaintiff,

    -v-

WAYFARER STUDIOS LLC, JUSTIN BALDONI,
JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH
US MOVIE LLC, MELISSA NATHAN, THE AGENCY
GROUP PR LLC, JENNIFER ABEL, JED WALLACE,
STREET RELATIONS INC.,

                Defendants.

------------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/28/2025

24-cv-10049 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

    Non-party Mario Armando Lavandeira, Jr., also known publicly as Perez Hilton, moves for an order to seal or redact any personally identifying information from the public docket. Dkt. Nos. 470, 478. Lavandeira supports the motion with a declaration noting that he is regularly the target of harassment and is concerned that his address, phone number, or email address could be disclosed. Dkt. No. 471.

    The Court already has taken measures to protect the privacy of third parties in this matter. On March 13, 2025, the Court entered a Protective Order. *See* Dkt. No. 125. The Order was entered pursuant to the Court's power to take measures to protect against the unnecessary disclosure of information damaging to reputation and privacy. *See* Dkt. No. 124; *see also* Fed. R. Civ. P. 26(c). The Protective Order provides that any person producing material in discovery may designate as either "Confidential" or "Attorneys' Eyes Only" nonpublic materials the public disclosure of which "will cause harm to the . . . personal interests of the producing person and/or a thirty party to whom a duty of confidentiality is owed." Dkt. No. 125 ¶ 2. Information that

may be designated as Confidential specifically includes (but is not limited to) "telephone numbers, e-mail addresses, [or] physical addresses." *Id.* ¶ 2(d).[1] The Order imposes duties on persons receiving such confidential material. *Id.* ¶ 1. If information is designated Confidential, it may only be disclosed to counsel, the Court, and others involved with the litigation, not the public. *Id.* ¶ 6. If a party is asked to produce information in discovery that is subject to contractual or other obligations of confidentiality to a third party, the party must inform the third party and the third party may seek a protective order or other relief from this Court. *Id.* ¶ 10.

The Federal Rules of Civil Procedure and the Court's Individual Practices in Civil Cases also provide further protections. Under Federal Rule of Civil Procedure 5.2, a party may not publicly file a document containing a person's social security number, date of birth, or full financial account number. Fed. R. Civ. P. 5.2. The Court's Individual Practices in Civil Cases contain specific procedures for the filing in court of a document that contains information marked confidential by another party. Individual Practices in Civil Cases, Chambers of Lewis J. Liman, Attachment A ¶ 4.B. The Individual Practices specifically provide that a party filing a document containing the confidential information of another party is to file it under seal with a request that the Court not make the information public for at least one week to permit the producing party an opportunity to seek continued sealing. *Id.* The parties have been careful to file confidential information under seal. In general, "[t]he protection of personal identifying information of non-parties is a higher value that merits sealing." *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 2023 WL 2674742, at *2 (S.D.N.Y. Mar. 29, 2023); *see In re Am. Realty Cap. Props., Inc. Litig.*, 2019 WL 11863704, at *1 (S.D.N.Y. Mar. 25, 2019); *Brown v.*

---

[1] Highly personal and intimate information about third parties may be designated Attorneys' Eyes Only. *Id.* ¶ 1(d).

*Maxwell*, 929 F.3d 41, 48 n.22 (2d Cir. 2019).  The Court has granted several motions to seal personally identifiable information in this case.  *See* Dkt. Nos. 292, 434, 485.

Lavandeira seeks to ensure that his personal information is not disclosed publicly on the Court's docket.  However, he has not identified a specific need for the Court to take an action that it has not already taken.  A non-party seeking to intervene in a case must show an interest at stake.  *See In re New York City Policing During Summer 2020 Demonstrations*, 27 F.4th 792, 799 (2d Cir. 2022); *United States v. New York City Hous. Auth.*, 326 F.R.D. 411, 418 (S.D.N.Y. 2018); Fed. R. Civ. P. 24.  Lavandeira does not identify any of his personal information that is currently on the public docket, so there is nothing for the Court to seal or redact at this time.  As to the future, the privacy protections discussed above are already in place.  These protections allow Lavandeira to ensure that any contact information he produces in discovery remains confidential.  Lavandeira states that he has reached out to Plaintiff's counsel to ensure that his personal information is not publicly disclosed, and there is no indication that Plaintiff's counsel plans to disregard this request.  Dkt. No. 471 ¶¶ 5–7.  Given the procedures already in place for maintaining the confidentiality of personally identifiable information, there is nothing for the Court to address at this time.  Accordingly, the motion must be denied.

The motion to seal or redact is DENIED.  The Clerk of Court is respectfully directed to close Dkt. Nos. 470 and 478.

SO ORDERED.

Dated: July 28, 2025
      New York, New York

                                          LEWIS J. LIMAN
                                         United States District Judge

3