UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Lively v. Wayfarer Studios LLC, et al.
Case No. 1:24-cv-10049 (LJL)

July 29, 2025

## DECLARATION OF MARIO LAVANDEIRA IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

I, Mario Armando Lavandeira, Jr., also known professionally as Perez Hilton, declare as follows:

1. I am a nonparty to the above-captioned case. I make this declaration in support of my Motion for Protective Order seeking judicial supervision over the issuance of future non-party subpoenas by Plaintiff Blake Lively in this action. I have personal knowledge of the facts stated herein and could testify competently to them if called upon to do so.

2. On July 19, 2025, I was served with a subpoena issued by Plaintiff Blake Lively's counsel, demanding that I produce a broad range of documents and communications, including internal records, unpublished material, and personal correspondence. I am a journalist, content creator, and media commentator doing my job and exercising my legally protected rights.

3. I am in the process of finalizing a Motion to Quash this subpoena.

4. Since being served, I have learned that multiple other creators-journalists have been similarly targeted by Plaintiff's legal team with invasive subpoenas — many of whom have publicly stated that they have no affiliation with the Defendants and were merely engaging in protected commentary about a public legal proceeding.

5. Exhibit A is a true and correct copy of the fishing expedition disguised as a subpoena that I was served with.

6. Exhibit B is a screenshot from journalist Katie Paulson's public Instagram account, where she states that she has already spent over $5,000 in legal fees defending herself against the subpoena she received from Plaintiff's counsel.

7. Exhibit C is a Motion to Quash filed by non-party Leanne Newton, who disclosed that she is a domestic violence survivor and strongly objected to the subpoena's invasive demands for her private financial and geolocation data. She further details that she is a UK citizen, outside the jurisdiction of the court, and was targeted solely for publicly discussing the litigation.

8. Exhibit D is a letter to this Court from non-party creator Lauren Neidigh, who — even after her subpoena was withdrawn — continues to fear future abusive discovery attempts. She describes the original subpoena as "harassing" and "intimidating," and requests judicial oversight.

9. Exhibit E is the Court's ruling on my Motion to Seal, which, while denying my request as premature, affirms that procedures are in place to protect personally identifying information in this case. However, as shown in the following exhibits, those protections have not consistently been honored.

10. Exhibit F is a publicly filed affidavit by Plaintiff's counsel's process server that repeatedly lists the full residential address of nonparty Matthew Mitchell. This information remains visible on the public docket.

11. Exhibit G is a similar affidavit regarding nonparty Cynthia Barnes Slater, also listing her unredacted home address multiple times. There is no indication that Plaintiffs moved to seal or redact this information before filing, despite obvious safety concerns.

12. The fact that multiple non-parties' home addresses have been made public during this litigation undermines the argument that existing protections are sufficient. These oversights place real people in harm's way and demonstrate a lack of care or due diligence on the part of Plaintiff's legal team.

13. Exhibit H is a news article reporting that, in May 2025, a man committed arson and attempted to extort a party in this litigation by threatening to kidnap their daughter. The threatening text message directly referenced this lawsuit, stating: "If you guys are prepared to spend $100 million to ruin the lives of Ms. Lively and her family, we are sure you can spare a few for your daughter."

14. This chilling incident illustrates the real-world risks associated with the high-profile nature of this case. When private information is mishandled — especially by officers of the court — it increases the risk of serious harm to everyone involved, including uninvolved non-parties like myself.

15. The pattern is clear: Plaintiff's counsel has issued broad, invasive subpoenas to multiple creators and journalists, failed to meaningfully confer with subpoenaed individuals, and allowed personally identifying information to be publicly filed. These actions create an undue burden, chill free expression, and raise profound privacy and safety concerns.

16. I respectfully request that the Court grant my Motion for Protective Order and require Plaintiffs to seek leave of Court before issuing any future subpoenas to nonparties. This limited procedural safeguard will help ensure that discovery remains fair, proportionate, and does not cause further harm to individuals who are not parties to this lawsuit.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on: July 29, 2025

Las Vegas, Nevada

/s/ Mario Lavandeira

Mario Armando Lavandeira, Jr.

aka Perez Hilton