UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: SUBPOENAS TO TIKTOK FOR INFORMATION FROM
SOCIAL MEDIA CONTENT CREATORS 1–7,

REDACTED VERSION

## MOTION TO PROCEED ANONYMOUSLY AND FOR LEAVE TO FILE UNDER SEAL

Non-party movants Jane Doe 1 and Jane Doe 2, by and through this pro se motion, respectfully request leave to proceed under pseudonyms and to file their unredacted identifying information under seal. In support, Movants state as follows:

## I. INTRODUCTION

Movants are private individuals who operate the TikTok account @pop.diaries. They have been subpoenaed in connection with a highly public and emotionally charged legal matter involving Plaintiff Blake Lively. The subpoena seeks to unmask their identities despite no allegations of wrongdoing, coordination, or unlawful conduct.

Movants fear that disclosure of their names could lead to doxxing, harassment, reputational harm, and threats to their physical safety. Jane Doe 1 is a young woman who lives alone in a non-gated residence and fears becoming a target if her identity is exposed. Jane Doe 2 lives in a non-gated residence and has pets and family members whose safety could also be compromised if her identity were revealed. Both Movants work in industries where public association with high-profile litigation may jeopardize future employment opportunities. No employer wants to risk being publicly associated with employees named in litigation against a celebrity.

Accordingly, Movants respectfully request leave to proceed anonymously and to file their real names under seal to protect their safety and livelihood.

## II. LEGAL STANDARD

Courts in the Second Circuit permit parties to proceed anonymously in cases where disclosure would pose a risk of harm, embarrassment, or retaliation, particularly where the anonymous party is not accused of wrongdoing. See *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 190 (2d Cir. 2008); *Doe v. Lerner*, 2021 WL 4263376 (S.D.N.Y. Sept. 20, 2021).

To determine whether anonymity is appropriate, courts weigh:

- (1) whether the litigant is challenging government activity;

- (2) whether disclosure would result in retaliatory harm;

- (3) whether the plaintiff is particularly vulnerable to such harm;

- (4) whether the case involves matters of a sensitive and highly personal nature;

- (5) whether disclosure would deter similarly situated individuals from litigating;

- (6) whether the opposing party would be prejudiced.

Here, the risk of retaliation and harassment is clear. Movants are non-parties who did not coordinate with any defendant. They seek only to preserve their safety and right to anonymous speech under the First Amendment.

## III. GROUNDS FOR SEALING

Movants respectfully request permission to file the unredacted version of this motion and the accompanying declarations under seal. Courts in this District routinely permit the sealing of sensitive personal information, including names of third parties and individuals at risk of harassment or retaliation. See *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).

Movants face a credible and serious risk of harassment, doxxing, and retaliatory behavior if their identities are disclosed. One Movant lives alone and has heightened concerns for personal safety, particularly given the Plaintiff's status as a high-profile celebrity with a substantial and devoted public following. Disclosure of Movants' personal information would make them vulnerable to online and potentially offline harm, including unwanted contact, reputational damage, and threats to physical safety. Courts have recognized the legitimacy of such fears when evaluating anonymity. In *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981), the court acknowledged that even a "threat of hostile public reaction" can justify protecting a party's identity. The rise of social media has only amplified the ease and speed with which online harassment campaigns can escalate. In light of these circumstances, the risk is not hypothetical but concrete and substantial.

The risk of harassment and retaliation is especially acute given the gendered nature of the Plaintiff's legal strategy. Public reporting has noted that a significant number of the content creators subpoenaed by the Plaintiff are women. This pattern raises serious concerns about selective enforcement and the chilling effect such targeting may have on female creators engaged in lawful public discourse. Women are statistically more likely to experience online harassment, including doxxing, threats, and reputational harm, particularly when criticizing powerful public

figures. Allowing these subpoenas to unmask private individuals who participated in commentary, particularly when they belong to a historically vulnerable demographic, risks compounding systemic issues of gendered silencing and intimidation. Courts have recognized that the risk of harassment or personal harm is a valid basis to grant anonymity. See *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). Movants respectfully request that the Court consider the broader implications of compelled disclosure in this context, and the disproportionate burden it places on women engaging in protected speech.

Movants are private individuals who participated in public discourse concerning a high-profile public figure. Courts have long recognized that private individuals are entitled to greater protection from compelled disclosure, particularly where their speech addresses matters of public concern and does not pertain to any commercial or governmental interest. In *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000), the court held that anonymous parties may proceed without disclosure of their identities when identification would subject them to "harassment, injury, ridicule or personal embarrassment." Likewise, in *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981), the court emphasized that "the threat of hostility, intimidation or even violence" may justify anonymity for private litigants. Here, the Plaintiff is a public figure with a global platform and an extensive fan base, while Movants' commentary was posted through Pop.Diaries, an anonymous account established to express opinions on matters of public concern while preserving their personal privacy. Disclosure of their identities would not advance the legal merits of the case but would instead expose them to a serious risk of targeted harassment and retaliation, thereby chilling their right to engage in public dialogue. The constitutional protections afforded to anonymous speech demand heightened sensitivity in such contexts, particularly where no legitimate need for unmasking has been demonstrated.

The First Amendment safeguards not only the content of speech but also the right to speak anonymously. This protection is particularly strong in cases involving commentary on public figures and matters of public concern. In *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 357 (1995), the Supreme Court declared: "Anonymity is a shield from the tyranny of the majority," emphasizing that anonymous speech is a vital part of political and social discourse. Forcing disclosure of Movants' identities would chill constitutionally protected expression by discouraging them, and others similarly situated, from engaging in lawful commentary for fear of retaliation. The chilling effect would extend beyond Movants, creating a precedent where private individuals are deterred from participating in public debate simply because the subject of their speech holds a position of fame or influence.

There is no legitimate public interest in disclosing the personal identities of Movants. The content of their commentary is already public, and the issues raised can be evaluated without reference to their identities. Courts have repeatedly held that when a party's identity is not material to the litigation, anonymity may be preserved. See *UMG Recordings, Inc. v. Does 1-4*, No. 06-0652 SBA, 2006 WL 1343597, at *2 (N.D. Cal. Mar. 6, 2006) ("[C]ompelled

identification of anonymous speakers must be limited to cases where the plaintiff has a legitimate, good faith basis to contend that it may be the victim of actionable conduct."). In this case, no such showing has been made. Disclosure would not serve the interests of justice but would expose Movants to risk without advancing the adjudication of the claims at issue.

Once private information is made part of the public record, it cannot be retracted. Courts have consistently recognized that this type of exposure may constitute irreparable harm. See *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) ("Courts must consider whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously."). In the digital age, such risks include being doxxed, harassed, stalked, or subjected to coordinated online abuse. Movants are not public figures and did not seek public attention; they merely participated in a public conversation. Without the protection of anonymity and sealed records, the damage to their safety, livelihood, and peace of mind could be permanent.

Movants' request is narrowly tailored and designed to protect only the specific information that, if revealed, would compromise their anonymity and safety. It does not seek to withhold the substance of the legal arguments, public filings, or the overall transparency of the proceedings. Rather, it seeks to protect from public access only those portions of the record that would directly or indirectly reveal personally identifying information. Courts are more inclined to grant sealing when the request is limited in scope and when public access to the core legal issues remains unaffected. See *Romero v. Drummond Co.*, Inc., 480 F.3d 1234, 1246 (11th Cir. 2007) (emphasizing the importance of a narrow approach in sealing court records). This limited request strikes a proper balance between the public's right to access and Movants' fundamental rights to privacy, anonymity, and safety.

### IV. CONCLUSION

For these reasons, Movants respectfully request that the Court:

1. Permit them to proceed as **Jane Doe 1** and **Jane Doe 2**;

2. Allow the unredacted version of this motion and supporting declarations to be filed under seal; and

3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,
**Jane Doe 1**
**Jane Doe 2**
Dated: July 27, 2025

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

IN RE: SUBPOENAS TO TIKTOK FOR INFORMATION FROM

SOCIAL MEDIA CONTENT CREATORS 1–7

Case Nos. 1:24-cv-10049-LJL; 1:25-cv-00449-LJL

# [PROPOSED] ORDER GRANTING MOTION TO PROCEED ANONYMOUSLY

Upon consideration of Movants' Motion to Motion to Proceed Anonymously, it is hereby ORDERED that the motion is GRANTED. Movants may proceed anonymously as Jane Doe 1 and Jane Doe 2. All public filings shall refer to Movants by pseudonym.

SO ORDERED:

_____
Hon. Lewis J. Liman
United States District Judge

Dated: _____, 2025