# WILLKIE FARR & GALLAGHER LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

August 1, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049 (LJL)

Dear Judge Liman:

We write to address certain questions raised by the Court, and answers given, during the July 30, 2025 hearing on Liner Freedman Taitelman + Cooley, LLP's Motion to Quash the Liner Subpoena.

During the hearing, the Court posed questions regarding certain interrogatories propounded by Ms. Lively to the Wayfarer Defendants. In response, undersigned counsel referred to interrogatories that Ms. Lively has propounded, including interrogatories requesting that the Wayfarer Parties identify all Content Creators and reporters and news or media outlets "with whom [they] have communicated in any manner, concerning Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, the Lively/Reynolds Companies, or the Digital Campaign from May 1, 2024 to present" (the "Interrogatories"). The Interrogatories, and all other discovery requests propounded to the Wayfarer Defendants in this action, defined "You" to include the applicable Wayfarer Defendant "and anyone else acting or purporting to act on [their] behalf and anyone on whose behalf [they are] acting."

We respectfully write to clarify that, in response to the Interrogatories, that each Defendant objected to ████████████████████████████████████████████████████████████████████████████████████████████████ Counsel for Ms. Lively previously met and conferred with the Wayfarer Defendants regarding this objection in connection with other issued discovery, and, following those conferrals, the Wayfarer Defendants indicated that they interpret ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ In other words, they would not interpret ████████████████████████████████████████████████████ Accordingly, the Wayfarer Defendants do not appear to have produced, or included on their privilege log, any communications by their counsel, and it does not appear that their responses to the Interrogatories identify Content Creators or reporters or media outlets with whom their counsel have communicated.

BRUSSELS   CHICAGO   DALLAS   FRANKFURT   HOUSTON   LONDON   LOS ANGELES   MILAN
MUNICH   NEW YORK   PALO ALTO   PARIS   ROME   SAN FRANCISCO   WASHINGTON

Further, the Court posed certain questions relating to privilege issues that could arise with respect to Request Nos. 7 and 8 regarding "sources." For the avoidance of doubt, Ms. Lively did not intend for the Subpoena to capture privileged communications exclusively with the Wayfarer Defendants, or those with the Wayfarer Defendants and third parties that have been produced through party productions, and is amenable to a narrowing of the Subpoena in that respect. Ms. Lively also agrees that the Subpoena could be narrowed further to exclude from the scope of the Requests any memoranda internal to Liner, or work product prepared by counsel reflecting Liner's communications with sources. That being said, Liner's actual communications with third-party sources are not privileged because they are not client communications and they do not reflect attorney mental impressions. *See Rattner v. Netburn*, 1989 WL 223059, at *6 (S.D.N.Y. June 20, 1989) (the work-product privilege "does not extend to every written document generated by an attorney; it does not shield from disclosure everything that a lawyer does. . . . If counsel chose in this case to perform a publicist's function, the documents prepared in that connection cannot be shielded by the work-product rule"); *SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props. LLC*, 2002 WL 1334821, at *6 (S.D.N.Y. June 19, 2002) (work product privilege only protects communications between a lawyer and a witness when the questioning is "either specifically designed to discover the attorney's work product or for some other reason presents a substantial likelihood that a response to the question will result in a significant disclosure of counsel's legal strategy and thought processes"); *Stanan Inc. v. Mt. Hawley Ins. Co.*, 2025 WL 343212, at *2 (S.D.N.Y. Jan. 30, 2025) ("[C]ommunications from non-parties to counsel for parties in a lawsuit generally do not qualify as attorney work product.").

Finally, the Court inquired into the burden imposed upon Liner by the Subpoena. Ms. Lively respectfully notes that this case is distinguishable from many of the others cited in the papers, in part because Liner was given clear advance notice, on December 23, 2024, that Mr. Freedman had defamed Ms. Lively, and that his conduct had amounted to public relations work rather than that of an attorney. *See* ECF No. 17-3 at 2 ("Lawyers are not publicity agents. We are required to follow a different set of professional standards than publicists and crisis managers. . . . "). At the same time, counsel specifically advised Mr. Freedman that he was a "fact witness" to the unlawful retaliation against Ms. Lively and, as such, instructed Mr. Freedman and Liner to preserve their documents including "without limitation, all documents, electronically stored information, and metadata in [their] possession, custody, or control that relate to, *or [are] reasonably calculated to lead to the discovery of evidence related to this Matter in any way.*" *Id.* at 9, 10 (emphasis added). Given this, Liner was on notice no later than December 23, 2024 that Mr. Freedman was a fact witness in this matter, and that further public attacks on Ms. Lively would be subject to discovery requests, if not liability. Having ignored that notice, Liner cannot now claim that providing the preserved documents about which Ms. Lively gave Liner notice more than six months ago constitutes undue burden or unfair surprise. *Compare, e.g., id. with* Exhibit A (Freedman interview with Megyn Kelly).

Respectfully submitted,

/s/ Michael J. Gottlieb

Michael J. Gottlieb
Kristin E. Bender
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com

Aaron E. Nathan
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (*pro hac vice*)
Stephanie A. Roeser (*pro hac vice*)
Manatt, Phelps & Phillips LLP
2049 Century Park East, Suite 1700
Los Angeles, California 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
Manatt, Phelps & Phillips, LLP
7 Times Sq
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

DUNN ISAACSON RHEE LLP
Meryl C. Governski (*pro hac vice*)
401 Ninth Street, NW
Washington, DC 20004
(202) 240-2900
mgovernski@dirllp.com

*Attorneys for Blake Lively*