

Kevin Fritz
*Partner*
Direct (212) 655-3570
kaf@msf-law.com

Via ECF

Hon. Lewis J. LimanAugust 1, 2025
United States District Court
500 Pearl Street, Room 1620
New York, NY 10007

Re:*Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL;
*Liner Freedman Taitelman + Cooley, LLP v. Lively*, No. 1:25-mc-00289-LJL

Dear Judge Liman:

As counsel for Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel (collectively, the "Wayfarer Parties"), and for Liner Freedman Taitelman + Cooley, LLP ("Liner Freedman"), we write in response to Blake Lively's letter (Dkt. 533) concerning Liner Freedman's Motion to Quash the Subpoena that she served upon the law firm (the "Motion"). (1:25-mc-00289, Dkt. 1-1).

To justify the harassing Subpoena, the letter erroneously alleges that Bryan Freedman, Esq. "defamed" Lively and that "his conduct had amounted to public relations work rather than that of an attorney." (Dkt. 533, p. 1). It appears that Lively is slowly realizing that there is no retaliatory "smear campaign" by the Wayfarer Parties against her. Consequently, Lively is shifting her focus to Liner Freedman in connection with her Fourteenth Cause of Action, which alleges that certain Wayfarer Parties, "through" their attorney Freedman, purportedly defamed her via post-litigation statements to the media. (Dkt. 520, ¶¶ 294 – 306, 447 – 465).

Upon questioning by Freedman at her recent deposition, Lively admitted that the only ongoing "smear campaign" about which she has personal knowledge involves "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓" (Ex. A, at 201:14 – 202:23).[1] Counterclaims filed without retaliatory motive and with a reasonable basis in fact and law, such as the claims filed by the Wayfarer Parties against Lively, do not constitute an adverse employment action within the meaning of anti-discrimination statutes. *See Kim v. Lee*, 576 F.Supp.3d 14, 31 (S.D.N.Y. 2021) (Liman, J.), *aff'd* 2023 WL 2317248 (2d Cir. 2023). Moreover, statements by the Wayfarer Parties to the media, directly or through their counsel, defending themselves against Lively's bogus claims of harassment do not qualify as retaliatory conduct. *See McSweeney v. Cohen*, No. 24-cv-01503, 2025 WL 966022, at *30 (S.D.N.Y. Mar. 31, 2025) (Liman, J.).

As for the Fourteenth Cause of Action for defamation, New York law provides an absolute privilege for "communications made by individuals participating in a public function, such as

---

[1] A true copy of the transcript from Lively's deposition, taken on July 31, 2025, is attached as Exhibit A. The transcript has been designated as confidential pursuant to the Protective Order filed herein and thus is being filed under seal.

executive, legislative, judicial or quasi-judicial proceedings." *Rosenberg v MetLife, Inc.*, 8 N.Y.3d 359, 365-366 (2007); *see Walls v Town of Islip*, 71 A.D.3d 669 (2d Dept. 2010). The privilege is "accorded statements made at all stages of a judicial proceeding in communications among the parties, witnesses, counsel, and the court, provided that the statements may be considered in some way pertinent to the issue in the proceeding." *Brady v Gaudelli*, 137 AD3d 951, 951-952 (2d Dept. 2016) (internal quotation marks omitted). The privilege "applies to all statements made in or out of court and regardless of the motive for which they were made." *Id.* at 952; *see also Gottwald v. Sebert*, 40 N.Y.3d 240, 253 (2023). In short, Lively is aggressively pursuing discovery for a defamation claim that will surely be dismissed upon a dispositive motion.

In any event, Lively does not adequately address the Court's inquiry concerning the undue burden imposed upon Liner Freedman by the Subpoena. According to Lively, the Subpoena is not unduly burdensome because on December 23, 2024 (days after Lively caused her allegations in her California Civil Rights complaint to be widely disseminated by *The New York Times*), her counsel demanded that Liner Freedman "cease and desist" from, in essence, publicly responding thereto on behalf of the Wayfarer Parties. Therefore, according to Lively, Liner Freedman has known for "more than six months" that she may seek discovery from the law firm. However, at the hearing on the Motion, the Court astutely asked Lively's counsel why discovery was needed from Liner Freedman via the Subpoena in connection with the defamation claim *if Lively knows which statements are at issue*. Lively had no viable response at the hearing and does not offer one now. Indeed, the Second Amended Complaint not only identifies the specific statements by Freedman that Lively contends were defamatory but also conveniently provides link to the publications. (Dkt. 520, ¶¶ 298 – 299). In brief, Lively knows to whom the statements at issue were made, where they were published, and when, which renders the Subpoena unnecessary and unduly burdensome.

The Motion should be granted. *See Varbero v. Belesis*, No. 20-cv-2538, 2020 WL 7043503, at *3 (S.D.N.Y. Dec. 1, 2020) (Liman, J.) (granting motion to quash subpoena to non-party attorney representing defendant because the subpoena risked implication of privileged attorney work product, the documents sought were of marginal relevance, and plaintiff failed to demonstrate the information sought could not be obtained from another source).

                      Respectfully submitted,

                      */s/ Kevin Fritz*
                      MEISTER SEELIG & FEIN PLLC
                      Mitchell Schuster
                      Kevin Fritz
                      125 Park Avenue, 7th Floor
                      New York, NY 10017
                      Tel: (212) 655-3500
                      Email: ms@msf-law.com
                                kaf@msf-law.com

                      LINER FREEDMAN TAITELMAN + COOLEY, LLP
                      Bryan J. Freedman (*pro hac vice*)
                      Ellyn S. Garofalo (*pro hac vice*)
                      Miles M. Cooley (*pro hac vice*)
                      Theresa M Troupson (*pro hac vice*)

Summer Benson (*pro hac vice*)
Jason Sunshine
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
egarofalo@lftcllp.com
mcooley@lftcllp.com
ttroupson@lftcllp.com
sbenson@lftcllp.com
jsunshine@lftcllp.com

Mitra Ahouraian (*pro hac vice*)
2029 Century Park East
4th Floor
Los Angeles, CA 90067
(310) 376-7878
Email: mitra@ahouraianlaw.com

cc: all counsel of record (via ECF)