**manatt**

Esra A. Hudson
Manatt, Phelps & Phillips, LLP
Direct Dial: 310-312-4381
ehudson@manatt.com

August 4, 2025

<u>VIA ECF</u>

The Honorable Lewis J. Liman
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *Lively v. Wayfarer Studios LLC et al.*, No. 24-cv-10049 (LJL)

Dear Judge Liman:

  Pursuant to Federal Rule of Civil Procedure 12(f) and the Court's inherent power, Ms. Lively respectfully moves to strike the Wayfarer Defendants'[1] letter attaching the entire *uncertified rough draft transcript* of Ms. Lively's confidential July 31, 2025, deposition testimony (ECF No. 538, Ex. A), and to deny the letter-motion to seal as moot (ECF No. 537). In rushing to file on the public docket the entirety of the 292-page transcript on the day they received it, with no plausible legal reason to do so, the Wayfarer Defendants and their counsel have proved Ms. Lively's point. The transcript was ostensibly filed in support of their argument that there is no basis to assert that Bryan Freedman or his firm have participated in, fueled and advanced a smear campaign against Ms. Lively such that their conduct has "amounted to public relations work rather than that of an attorney." (ECF No. 538). But, in fact, this tactic perfectly demonstrates the counsel-as-PR agent role because there is no conceivable legal purpose to file the whole transcript, particularly given that it has not been reviewed, corrected or finalized, and a mere two pages of it were cited in their argument.[2] *Id.*

  The letter and attachment should be seen for what they are: a manufactured excuse to force the transcript into the public domain as fodder for the Wayfarer Defendants' media campaign. It is surely not lost on the Wayfarer Defendants that, given the pending Motion to Seal, the burden is on Ms. Lively to file a letter motion "explaining the particular reasons for seeking to keep [any of the 292 pages of the transcript] . . . under seal."[3] The Wayfarer Defendants and their counsel hope to make Ms. Lively defend the continued sealing of the transcript so they can advance a false narrative that Ms. Lively is afraid of her deposition testimony becoming public, which is entirely untrue and deeply harmful. Ms. Lively affirmatively pursued this litigation with the full intention and desire to have her testimony heard in a legal process, governed by the rules of evidence – which publicly filing this rough draft transcript in this manner substantially undermines. To suggest otherwise is part of an ongoing character attack that Mr. Freedman has been advancing to undermine Ms. Lively's credibility and taint the jury pool. That is not a proper use of confidential discovery material or this Court's docket.

---

[1] The "Wayfarer Defendants" refers to Justin Baldoni, Jamey Heath, Steve Sarowitz, Melissa Nathan, Jennifer Abel, Wayfarer Studios, LLC, and It Ends With Us Movie, LLC.

[2] Even as to the two pages cited, it makes no sense to suggest that facts in *Ms. Lively's personal knowledge*—as opposed to facts developed from the public record, from the investigations of others, and through discovery—would be particularly relevant to, never mind dispositive of, the nature of Mr. Freedman's conduct in connection with this action. Moreover, the Wayfarer Defendants compromised the confidentiality of the proceedings by applying only a single narrow redaction in their letter, while openly characterizing it in unredacted argument, substantially disclosing their spin on the alleged substance of Ms. Lively's testimony.

[3] *See* Rule 4.b of Attachment A to the Court's Individual Practices in Civil Cases

Accordingly, Ms. Lively respectfully requests that the Court strike the uncertified rough draft transcript from the record and order the Wayfarer Defendants to file only that portion of the transcript cited in their August 1 letter (which portion should be filed under seal).[4] *See Outlaw v. City of New York*, No. 22 CIV. 9288 (PAE), 2024 WL 4825955, at *3-5 (S.D.N.Y. Nov. 19, 2024); *see also* ECF No. 220, at 3 (granting Ms. Lively's motion to strike counsel's inflammatory letter because "[t]he sole purpose of the Letter [was] to 'promote public scandal.'").[5]

Consistent with their goal of creating a media circus around Ms. Lively's deposition, it also appears that the Wayfarer Defendants immediately leaked details from the deposition to the tabloid media. This began by selectively sharing from a "source in the room" that Mr. Baldoni was in attendance, apparently to advance a storyline that the deposition was a face-to-face showdown between Mr. Baldoni and Ms. Lively.[6] The next day, more leaks from "a source close to the deposition," described in detail Ms. Lively's attire for the deposition, also revealing those who accompanied her, mocked Ms. Lively's legal team, and then discussed extensively the Wayfarer Defendants' themes from their now-dismissed case.[7] The narrative created was that Ms. Lively needed a large contingent of people with her to testify, while misleadingly suggesting that only Mr. Baldoni and Mr. Freedman were present for the deposition on their side. The reality is that Ms. Lively testified across the table from Mr. Baldoni, Jamey Heath, Steve Sarowitz, Melissa Nathan, and Jennifer Abel, all of whom attended this deposition in person, as well as eight attorneys representing the Wayfarer and Wallace Parties, two of whom questioned her.

---

[4] From the inception of this litigation, Mr. Freedman has falsely accused Ms. Lively of being afraid to testify and delaying her deposition and has made a spectacle of it in a number of ways, including ghoulishly suggesting that the deposition take place at Madison Square Garden, as this Court is well aware. (ECF No. 413, at 1.) The conduct leading up to the deposition resulted in the Court granting a protective order governing the location and attendance at the deposition. (ECF No. 419).

[5] To be clear, Ms. Lively's deposition transcript should remain confidential and under seal unless and until it becomes the subject of a *legitimate* filing, and then only if any presumption in favor of public access is overcome. By itself, the transcript is "deposition discovery material," which like other materials merely exchanged among parties in discovery "play[s] no role in the performance of Article III functions." *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 233 (2d Cir. 2001) (cleaned up). And the law is clear that parties may not force material into public view by manufacturing reasons to file it on the public docket: as is well established, "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right to the right of public access." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (citations omitted). Underscoring the futility of the Wayfarer Defendants' strategy, the Second Circuit has made clear that material submitted solely for the Court to determine whether it must remain confidential enjoys *no* presumption of public access. *See id.* at 50, n.33 ("[T]he presumption of public access does *not* apply to material that is submitted to the court solely so that the court may decide whether that same material must be disclosed in the discovery process or shielded by a Protective Order."). Here, where the Wayfarer Defendants and their counsel have manufactured the *sealing dispute itself*, not only is there no presumption of public access to the materials they have filed, these materials have no legitimate place on a judicial docket. Finally, even if they had been submitted in connection with a legitimate filing, the two pages cited in the Wayfarer Defendants' letter—never mind the entire transcript—would not warrant unsealing, as "[m]aterials submitted in connection with, and relevant to, discovery motions," as opposed to substantive filings more determinative of the merits, are subject to a lesser presumption of public access. *Id*. at 53. The countervailing interest in avoiding media circus completely detached from the merits of Ms. Lively's claims more than overcomes the minimal presumption of public access to those two pages.

[6] The deposition began at 10:13 a.m. EST. At 10:15 a.m. EST, TMZ posted: *Blake Lively's Deposition, Facing Down Her Nemesis . . . Justin Baldoni's in the Room!!!*, July 31, 2025, citing unnamed "sources" at https://www.tmz.com/2025/07/31/justin-baldoni-attends-blake-lively-deposition/; *see also* Kevin E G Perry, *Justin Baldoni comes face-to-face with Blake Lively for her deposition: report*, July 31, 2025 at https://www.the-independent.com/arts-entertainment/films/news/blake-lively-deposition-today-justin-baldoni-b2800089.html.

[7] Alison Boschoff, *'Team Blake assemble': This Ends With Us star, 37, arrives for deposition hearing with husband Ryan Reynolds and EIGHT lawyers - but is there any sign of her 'bestie' Taylor Swift?*, August 1, 2025, at https://www.dailymail.co.uk/tvshowbiz/article-14963503/blake-lively-lawyers-justin-baldoni-deposition.html.

Filing the uncertified rough draft of the deposition transcript when it serves no legitimate litigation purpose is disrespectful to the types of allegations at issue here and to the litigation process. It harms harassment and retaliation victims, like Ms. Lively, "who already bear physical and mental health consequences from the underlying incidents [and] are forced to repeatedly relive the trauma through litigation, including court filings, depositions, and court testimony" (ECF No. 242-1, at 14), and in this case, also through seeded press and social media gossip and scrutiny about her confidential testimony, thanks to the Wayfarer Defendants. Such tactics also have an untold chilling effect that serves to silence other sexual harassment victims. (*Id.* at 12-17; *see also*, ECF No. 283-1, at 14-23.). Accordingly, Ms. Lively respectfully requests that the Court grant her motion to strike the uncertified rough draft deposition transcript from the docket, deny the letter-motion to seal as moot, and order the Wayfarer Defendants to file only that portion cited in their August 1 letter under seal.

Respectfully submitted,

/s/ Esra A. Hudson

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com
Aaron E. Nathan
787 7th Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

DUNN ISAACSON RHEE LLP
Meryl C. Governski (admitted *pro hac vice*)
401 Ninth Street, NW
Washington, DC 20004
(202) 240-2900
mgovernski@dirllp.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (admitted *pro hac vice*)
Stephanie A. Roeser (admitted *pro hac vice*)
Sarah E. Moses (admitted *pro hac vice*)
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com
smoses@manatt.com

Matthew F. Bruno
7 Times Sq.
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

*Attorneys for Blake Lively*