UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>                Plaintiff,<br><br>v.<br><br>WAYFARER STUDIOS LLC, et al,<br><br>                Defendants. | No. 24-cv-10049-LJL (lead case)<br>No. 25-cv-449 (LJL) (member case) |
| JENNIFER ABEL,<br><br>                Third-Party Plaintiff,<br><br>v.<br><br>JONESWORKS LLC,<br><br>                Third-Party Defendant. | |
| WAYFARER STUDIOS LLC, et al.,<br><br>                Consolidated Plaintiffs,<br><br>v.<br><br>BLAKE LIVELY, et al.<br><br>                Consolidated Defendants. | |

**DECLARATION OF KRISTIN E. BENDER IN SUPPORT OF BLAKE LIVELY'S
OMNIBUS MOTIONS TO COMPEL**

I, Kristin E. Bender, pursuant to 28 U.S.C. § 1746, declare as follows:

    1.    I am an attorney admitted before this Court, a partner in the law firm of Willkie Farr & Gallagher LLP, 1875 K Street NW, Washington, DC 20006, and counsel of record for Ms. Lively in the above-captioned action.

2. I respectfully submit this declaration in support of Ms. Lively's Omnibus Motions to Compel.

3. On February 20, 2025, Ms. Lively served each Wayfarer Defendant with her first set of requests for production ("RFPs"). The Wayfarer Defendants served their responses and objections on March 24, 2025, stating in response to nearly half of the RFPs that that they were "willing to meet and confer. . . ." For those RFPs the Wayfarer Defendants did agree to produce documents in response to, it was only for what they deemed "sufficient to satisfy th[e] Request."

4. Following an April 24, 2025 conferral, the Wayfarer Defendants agreed to, among other things, (i) "conduct a reasonable search for and produce relevant, non-privileged documents," rather than just those "sufficient to satisfy" the RFPs, and (ii) "conduct a reasonable search for and produce relevant, non-privileged documents responsive" to each of the RFPs on which they agreed to meet and confer.

5. Ms. Lively served her second, third, and fourth sets of RFPs on March 3, March 26, and March 31, 2025, respectively. The Wayfarer Defendants served their Responses & Objections on April 2, April 25, and April 30, 2025, respectively, responding that they would produce responsive documents, offering to meet and confer, or stating that responsive documents did not exist.

6. On July 29, Ms. Lively served deficiency letters to each Wayfarer Defendant addressing, among other things, (i) the absence of any responsive communications after December 2024; (ii) gaps in their productions; and (iii) improper redactions inconsistent with the agreed to redaction method set forth in the Joint Stipulation on the Protocol for Discovery

on Electronically-Stored Information and Hard Copy Documents (ECF No. 212, "ESI Stipulation").

7. The Parties met and conferred on July 30. Counsel for the Wayfarer Defendants, however, was not prepared to discuss their clients' collection efforts, the reason for many of the identified deficiencies in the productions, or to take a position on the redaction issues, instead repeatedly conditioning any disclosure of collections information and search terms on Ms. Lively doing the same. Counsel for the Wayfarer Defendants did not identify any deficiency in Ms. Lively's document productions when making that demand to clarify why such disclosure needed to be mutual.

8. Rather than produce the privilege log at the completion of the Parties' document discovery productions on July 25, at the Wayfarer Defendants' request, the Parties agreed to a further extension to July 29 at 5:00 p.m. EST. Consistent with that agreement, Ms. Lively timely served her privilege log; the Wayfarer Defendants did not, instead producing it the following day in the early morning.

9. A compilation of true and correct copies of Ms. Lively's First Sets of Requests for Production to the Wayfarer Defendants on February 20, 2025 is attached hereto as Exhibit 1.

10. A compilation of true and correct copies of the Wayfarer Defendants' Responses and Objections to Ms. Lively's First Sets of Requests for Production on March 24, 2025 is attached hereto as Exhibit 2.

11. A true and correct copy of an email chain with the end date of April 30, 2025 between Ms. Lively's counsel and counsel for the Wayfarer Defendants is attached hereto as Exhibit 3.

12. A compilation of true and correct copies of the Wayfarer Defendants' Responses and Objections to Ms. Lively's Amended Second Sets of Requests for Production on April 2, 2025 is attached hereto as Exhibit 4.

13. A compilation of true and correct copies of the Wayfarer Defendants' Responses and Objections to Ms. Lively's Third Sets of Requests for Production on April 25, 2025 is attached hereto as Exhibit 5.

14. A compilation of true and correct copies of IEWU LLC's, Wayfarer Studios LLC's, and Jennifer Abel's Responses to Ms. Lively's Fourth Set of Requests for Production on April 30, 2025 is attached hereto as Exhibit 6.

15. A compilation of true and correct copies of Ms. Lively's Deficiency Letters to Heath, Sarowitz, Wayfarer, Abel, Baldoni, and the TAG Defendants on July 29, 2025 is attached hereto as Exhibit 7.

16. A true and correct copy of an email chain with the end date of July 30, 2025 between Ms. Lively's counsel and counsel for the Wayfarer Defendants is attached hereto as Exhibit 8.

17. A true and correct copy of an email chain with the end date of July 28, 2025 between Ms. Lively's counsel and counsel for the Wayfarer Defendants is attached hereto as Exhibit 9.

18. A true and correct copy of an email dated July 29, 2025 between Ms. Lively's counsel and counsel for the Wayfarer Defendants is attached hereto as Exhibit 10.

19. A true and correct copy of an email dated July 30, 2025 between counsel for the Wayfarer Defendants and Ms. Lively's counsel is attached hereto as Exhibit 11.

20. A true and correct copy of Jennifer Abel's Responses and Objections to Blake Lively's Fourth Set of Interrogatories, dated July 30, 2025, is attached hereto as Exhibit 12.

21. A true and correct copy of Melissa Nathan's Responses and Objections to Blake Lively's Fourth Set of Interrogatories, dated July 30, 2025, is attached hereto as Exhibit 13.

22. A true and correct copy of The Agency Group PR LLC's Responses and Objections to Blake Lively's Third Set of Interrogatories, dated July 30, 2025, is attached hereto as Exhibit 14.

23. A true and correct copy of Street Relations' Responses and Objections to Blake Lively's Second Set of Interrogatories, dated July 3, 2025 is attached hereto as Exhibit 15.

24. A true and correct copy of a Signal chat, dated August 8, 2024, produced by Breanna Butler Koslow in this litigation, bearing the Bates stamp BBKOSLOW-000006742, is attached hereto as Exhibit 16.

25. A true and correct copy of a Signal chat, dated December 21, 2024, produced by Breanna Butler Koslow in this litigation, bearing the Bates stamp BBKOSLOW-000001753, is attached hereto as Exhibit 17.

26. A true and correct copy of a Signal chat, dated January 25, 2025, produced by Breanna Butler Koslow in this litigation, bearing the Bates stamp BBKOSLOW-000002949, is attached hereto as Exhibit 18.

27. A true and correct copy of a Signal chat, with the end date of February 23, 2025, produced by Breanna Butler Koslow in this litigation, bearing the Bates stamp BBKOSLOW-000001684, is attached hereto as Exhibit 19.

28. A true and correct copy of text messages, dated August 12, 2024 produced by Melissa Nathan in this litigation, bearing the Bates stamp NATHAN_000002151, is attached hereto as Exhibit 20.

29. A true and correct copy of text messages, dated August 15, 2024, produced by Melissa Nathan in this litigation, bearing the Bates stamp NATHAN_000000314, is attached hereto as Exhibit 21.

30. A true and correct copy of text messages, dated August 13, 2024, produced by Breanna Butler Koslow in this litigation, bearing the Bates stamp BBKOSLOW-000004640, is attached hereto as Exhibit 22.

31. A true and correct copy of text messages, with the end date of August 6, 2024, produced by Katie Case in this litigation, bearing the Bates stamp KCASE-000004949, is attached hereto as Exhibit 23.

32. A true and correct copy of the privilege log, dated July 28, 2025, provided by Breanna Butler Koslow in this litigation, is attached hereto as Exhibit 24.

33. A true and correct copy of the privilege log, dated July 29, 2025, provided by the Wayfarer Defendants in this litigation, is attached hereto as Exhibit 25.

34. A compilation of true and correct copies of Blake Lively's Third Set of Interrogatories to Justin Baldoni, Melissa Nathan, and Jennifer Abel on June 18, 2025 is attached hereto as Exhibit 26.

35. A true and correct copy of text messages, dated December 29, 2024, produced by Breanna Butler Koslow in this litigation, bearing the Bates stamp BBKOSLOW_000004082, is attached hereto as Exhibit 27.

36. A true and correct copy of text messages with the end date of August 9, 2024, produced by Breanna Butler Koslow in this litigation, bearing the Bates stamp BBKOSLOW_000004011, is attached hereto as Exhibit 28.

37. A true and correct copy of an email chain with the end date of August 8, 2024, produced by Street Relations in this litigation, bearing Bates stamp SR 1.00000009, is attached hereto as Exhibit 29.

38. A true and correct copy of a text message chain with the end date of December 2, 2024, produced by Breanna Butler Koslow in this litigation, bearing the Bates stamp BBKOSLOW-000008602, is attached hereto as Exhibit 30.

39. A true and correct copy of an email chain with the end date of July 27, 2023, produced by Justin Baldoni in this litigation, bearing the Bates stamp BALDONI_000003115, is attached hereto as Exhibit 31.

40. A true and correct copy of an email dated December 23, 2024, produced by Paylocity Holding Corporation in this litigation, bearing the Bates stamp PAYLOCITY_000053, is attached hereto as Exhibit 32.

41. A true and correct copy of an email chain with the end date of June 28, 2023, produced by Paylocity Holding Corporation in this litigation, bearing the Bates stamp PAYLOCITY_000026, is attached hereto as Exhibit 33.

42. A true and correct copy of an email chain with the end date of July 29, 2024, produced by Jamey Heath in this litigation, bearing the Bates stamp HEATH_000019850, is attached hereto as Exhibit 34.

43. A true and correct copy of a text message chain with the end date of January 2, 2024, produced by Ahmed Musiol in this litigation, bearing the Bates stamp MUSIOL_000000027, is attached hereto as Exhibit 35.

44. A true and correct copy of a text message chain with the end date of January 5, 2024, produced by Ahmed Musiol in this litigation, bearing the Bates stamp MUSIOL_000000030, is attached hereto as Exhibit 36.

45. A true and correct copy of a text message chain with the end date of January 4, 2024, produced by the Wayfarer Defendants in this litigation, bearing the Bates stamp WAYFARER_000137153, is attached hereto as Exhibit 37.

46. A true and correct copy of a text message chain with the end date of August 23, 2024, produced by Melissa Nathan in this litigation, bearing the Bates stamp NATHAN_000000290, is attached hereto as Exhibit 38.

47. A true and correct copy of a text message chain with the end date of August 17, 2024, produced by Melissa Nathan in this litigation, bearing the Bates stamp NATHAN_000000990, is attached hereto as Exhibit 39.

48. A true and correct copy of an invoice dated August 8, 2024, produced by Street Relations in this litigation, bearing the Bates stamp STREET 1.000016, is attached hereto as Exhibit 40.

49. A true and correct copy of an email chain with the end date of August 9, 2024, produced by Street Relations in this litigation, bearing the Bates stamp SR 1.00000044, is attached hereto as Exhibit 41.

50. A true and correct copy of an email, dated September 16, 2024, produced by Street Relations in this litigation, bearing the Bates stamp STREET 1.000084, is attached hereto as Exhibit 42.

51. A true and correct copy of an email, dated October 9, 2024, produced by Street Relations in this litigation, bearing the Bates stamp STREET 1.000089, is attached hereto as Exhibit 43.

52. A true and correct copy of a letter, dated December 20, 2024, produced by Street Relations in this litigation, bearing the Bates stamp STREET 1.000106, is attached hereto as Exhibit 44.

53. A true and correct copy of a letter, dated December 20, 2024, produced by Breanna Butler Koslow in this litigation, bearing the Bates stamp BBKOSLOW-000006017, is attached hereto as Exhibit 45.

54. A true and correct copy of text messages, dated February 15, 2024, produced by the Wayfarer Defendants in this litigation, bearing the Bates stamp WAYFARER_000140035, is attached hereto as Exhibit 46.

55. A true and correct copy of an email, dated November 10, 2023, produced by Alex Saks in this litigation, bearing the Bates stamp AS000008, is attached hereto as Exhibit 47.

56. A true and correct copy of an email chain with the end date of April 27, 2023, produced by Alex Saks in this litigation, bearing the Bates stamp AS000010, is attached hereto as Exhibit 48.

57. A true and correct copy of an email, dated March 12, 2023, produced by Alex Saks in this litigation, bearing the Bates stamp AS000062, is attached hereto as Exhibit 49.

58. A true and correct copy of an email, dated August 8, 2024, produced by Street Relations in this litigation, bearing the Bates stamp SR 1.00000006, is attached hereto as Exhibit 50.

59. A true and correct copy of an email, dated August 8, 2024, produced by Street Relations in this litigation, bearing the Bates stamp SR 1.00000007, is attached hereto as Exhibit 51.

60. A true and correct copy of an email chain with the end date of August 9, 2024, produced by Street Relations in this litigation, bearing the Bates stamp SR 1.00000011, is attached hereto as Exhibit 52.

61. A true and correct copy of a text message chain with the end date of May 28, 2023, produced by Jamey Heath in this litigation, bearing the Bates stamp HEATH_000035492, is attached hereto as Exhibit 53.

62. A true and correct copy of a text message chain with the end date of July 31, 2024, produced by Jamey Heath in this ligation, bearing the Bates stamp HEATH_000032566, is attached hereto as Exhibit 54.

63. A true and correct copy of a text message chain with the end date of August 4, 2024, produced by Jamey Heath in this litigation, bearing the Bates stamp HEATH_000035537, is attached hereto as Exhibit 55.

64. A true and correct copy of an email chain with the end date of July 31, 2024, produced by The Agency Group in this litigation, bearing the Bates stamp TAG_000000335, is attached hereto as Exhibit 56.

65. A true and correct copy of an email chain with the end date of July 28, 2024, produced by Melissa Nathan in this litigation, bearing the Bates stamp NATHAN_000003194, is attached hereto as Exhibit 57.

66. A true and correct copy of an email chain with the end date of July 24, 2025, between Ms. Lively's counsel and counsel for the Wayfarer Defendants, is attached hereto as Exhibit 58.

67. A true and correct copy of a text message chain with the end date of August 14, 2024, produced by Melissa Nathan in this litigation, bearing Bates stamp NATHAN_000001046, is attached hereto as Exhibit 59.

68. A true and correct copy of a text message chain with the end date of August 14, 2024, produced by Melissa Nathan in this litigation, bearing Bates stamp NATHAN_000001730, is attached hereto as Exhibit 60.

69. A true and correct copy of a text message chain with the end date of August 15, 2024, produced by Melissa Nathan in this litigation, bearing Bates stamp NATHAN_000001942, is attached hereto as Exhibit 61.

70. A compilation of true and correct copies of the Wayfarer Defendants' Responses and Objections to Mr. Reynolds's and Ms. Lively's First Sets of Interrogatories on April 18, 2025 is attached hereto as Exhibit 62.

Dated: August 4, 2025

/s/ *Kristin E. Bender*
WILLKIE FARR & GALLAGHER LLP
1875 K Street NW
Washington, DC 20006
(202) 303-1000
kbender@willkie.com