# EXHIBIT 7

# manatt

**Esra A. Hudson**
Direct Dial:  310-312-4381
ehudson@manatt.com

July 29, 2025

<u>**VIA ELECTRONIC MAIL**</u>

Bryan Freedman
Liner Freedman Taitelman + Cooley LLP
1801 Century Park West, 5th Floor
Los Angeles, CA 90067

Kevin A. Fritz
Meister Seelig & Fein LLP
125 Park Avenue, 7th Floor
New York, NY 10017

Counsel:

On behalf of our client Plaintiff Blake Lively ("Ms. Lively"), we write to address ongoing issues and deficiencies in Defendant Jamey Heath's ("Heath") document productions. As discussed further below, Heath's final document productions are demonstrably insufficient and incomplete. For instance, Heath has failed to produce any documents responsive to more than 122 Requests for Production ("RFPs").  As for what Heath *has* produced, it is readily apparent that this too remains incomplete: among other things, entire communications between and amongst Heath and the Wayfarer Parties remain missing and entire categories of responsive documents are either missing or are woefully incomplete. These deficiencies, in turn, raise serious concerns with respect to Heath's document preservation and collection efforts—especially given his admitted use of ephemeral messaging platforms. Accordingly, please review this letter and be prepared to address the issues identified below as part of a conferral on or before Wednesday, July 30.

I.     <u>**Heath's Failure to Produce Documents Responsive to Ms. Lively's RFPs.**</u>

Despite agreeing to produce documents within his possession, custody, and control, Heath has not produced any documents responsive to more than 122 of Ms. Lively's requests, which are identified in **Exhibit A** hereto.  This is especially troubling given that many of the RFPs should be readily available, including, *inter alia*, (i) documents and communications concerning Wayfarer's retention of TAG, Jed Wallace, and Street Relations; (ii) documents concerning any discrimination or retaliation related to the Film, including any human resource violations or complaints; and (iii) all documents and communications concerning the use of Signal, Discord, or any other communication platform used between Heath and any other Heath Defendant.  To the extent Heath has, in fact, produced documents responsive to the requests identified in **Exhibit A**, please identify them by Bates number.  Alternatively, please immediately produce

# manatt

July 29, 2025
Page 2

these documents or, to the extent these documents are somehow not within Heath's possession, custody, or control, amend Heath's responses to reflect the same.

## II.    Heath's Document Productions Confirm They Are Incomplete.

Heath's productions are missing critical documents that go directly to the heart of Ms. Lively's allegations. For example, Heath's productions include a ███████████████████████████████
███████████████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████████████

In addition, Ms. Lively's Amended Complaint alleges that Heath showed her and her assistant a video of his wife, with her legs spread apart, giving birth. (ECF No. 84 ¶ 90.) This video is responsive to RFP Nos. 2 and 108 but was not produced by Heath. Heath has also not produced the Writers Guild of America ("WGA") waiver discussed on page 41 of Exhibit A to the Wayfarer Parties Amended Complaint, despite being responsive to RFP Nos. 61 and 98.

Heath's productions deficiencies are even more pronounced with respect to the retaliatory smear campaign described in Ms. Lively's Amended Complaint. For example, ████████████████████
███████████████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████ This message clearly reflects an ongoing internal discussion about how to respond to a perceived reputational crisis and indicates that team members had differing views about how to handle it. Yet, Heath's productions do not contain any communications reflecting these views, the deliberations that led to hiring Nathan, or the reactions and concerns referenced in the message, despite these communications being responsive to RFP Nos. 12, 13, 40, 51, and 129. In addition, Heath's productions include ██████████████████████████
███████████████████████████████████ yet no financial records, invoices, or other documentation reflecting that expenditure have been produced, despite being responsive to RFP Nos. 8, 20, 40, 45, 46, 47, and 48. (*See* HEATH_000035537.)

Likewise, Heath's productions include ████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████████████
███████████████████████████████████████ his email plainly relates

# manatt

July 29, 2025
Page 3

to the planning and launch of the retaliatory smear campaign targeting Ms. Lively. Yet, no other documents or communications relating to ██████████████████ have been produced. Indeed, the complete lack of documents responsive to Ms. Lively's requests relating to the retaliatory smear campaign is troubling especially given that, as the Court itself acknowledged, communications referenced in the Wayfarer Parties' own complaint confirmed the existence of a smear campaign. (*See* ECF No. 296, at 115-16 (summarizing communications between Abel, Nathan, and Baldoni and concluding that "[a] reader of those messages would have little doubt that the Wayfarer Parties engaged in a smear campaign.") The absence of related planning or execution communications, particularly given the scope and sensitivity of what is being discussed, further supports the conclusion that Heath's productions are missing key responsive documents to Requests Nos. 38, 41, 42, 51, 52, 53, 54, and 56.

Worst of all, Heath did not produce the very messages quoted in the Amended Complaint, including the message in which Nathan described the campaign as "untraceable." *See* Am. Compl. ¶ 214(b). This communication was sent directly to Heath and is indisputably responsive to RFP No. 61, among other Requests. The fact that this message was omitted from his production—despite being included in the pleadings and produced by other parties—further confirms that his productions are incomplete.

Given these clear gaps in Heath's productions, please confirm that Heath will re-review his collection to cure the deficiencies identified above. In the unlikely event that there are no additional responsive documents within Heath's possession, custody or control, please confirm the same in writing.

## III.    **Heath's Productions Contain Several Technical Errors.**

In addition to the above substantive deficiencies, many of the documents in Heath's productions contain technical errors that prevented them from being reviewed. By way of example, the following documents are marked as "Document Could Not Be Imaged" and no accompanying native file was provided:

| | | |
|---|---|---|
| HEATH_000019885 | HEATH_000033472 | HEATH_000034042 |
| HEATH_000019923 | HEATH_000033475 | HEATH_000034191 |
| HEATH_000019929 | HEATH_000033476 | HEATH_000034192 |
| HEATH_000019967 | HEATH_000033477 | HEATH_000034244 |
| HEATH_000020326 | HEATH_000033478 | HEATH_000034272 |
| HEATH_000020489 | HEATH_000033481 | HEATH_000034459 |
| HEATH_000031872 | HEATH_000033563 | HEATH_000034476 |
| HEATH_000031873 | HEATH_000033564 | HEATH_000034483 |
| HEATH_000031875 | HEATH_000033565 | HEATH_000034484 |
| HEATH_000019885 | HEATH_000033567 | HEATH_000034485 |
| HEATH_000019923 | HEATH_000033574 | HEATH_000034486 |
| HEATH_000019929 | HEATH_000033577 | HEATH_000034527 |
| HEATH_000019967 | HEATH_000033598 | HEATH_000034529 |
| HEATH_000020326 | HEATH_000033607 | HEATH_000034530 |
| HEATH_000020489 | HEATH_000033641 | HEATH_000034556 |

# manatt

July 29, 2025
Page 4

| | | |
|---|---|---|
| HEATH_000031872 | HEATH_000033647 | HEATH_000034567 |
| HEATH_000031873 | HEATH_000033648 | HEATH_000034568 |
| HEATH_000031875 | HEATH_000033649 | HEATH_000034836 |
| HEATH_000031880 | HEATH_000033679 | HEATH_000034837 |
| HEATH_000031881 | HEATH_000033706 | HEATH_000034843 |
| HEATH_000031882 | HEATH_000033707 | HEATH_000034853 |
| HEATH_000031900 | HEATH_000033711 | HEATH_000034855 |
| HEATH_000031911 | HEATH_000033735 | HEATH_000034975 |
| HEATH_000031912 | HEATH_000033743 | HEATH_000034976 |
| HEATH_000031950 | HEATH_000033794 | HEATH_000035019 |
| HEATH_000031951 | HEATH_000033798 | HEATH_000035066 |
| HEATH_000032014 | HEATH_000033821 | HEATH_000035067 |
| HEATH_000032109 | HEATH_000033833 | HEATH_000035068 |
| HEATH_000032112 | HEATH_000033971 | HEATH_000035070 |
| HEATH_000032686 | HEATH_000033972 | HEATH_000035071 |
| HEATH_000032791 | HEATH_000033973 | HEATH_000035072 |
| HEATH_000032811 | HEATH_000033679 | HEATH_000035074 |
| HEATH_000032852 | HEATH_000033706 | HEATH_000035113 |
| HEATH_000032887 | HEATH_000033707 | HEATH_000035114 |
| HEATH_000032956 | HEATH_000033711 | HEATH_000035115 |
| HEATH_000032983 | HEATH_000033735 | HEATH_000035116 |
| HEATH_000033012 | HEATH_000033743 | HEATH_000035142 |
| HEATH_000033018 | HEATH_000033794 | HEATH_000035168 |
| HEATH_000033059 | HEATH_000033798 | HEATH_000035171 |
| HEATH_000033061 | HEATH_000033821 | HEATH_000035172 |
| HEATH_000033368 | HEATH_000033833 | HEATH_000035511 |
| HEATH_000033387 | HEATH_000033971 | HEATH_000035529 |
| HEATH_000033388 | HEATH_000033972 | |
| HEATH_000033392 | HEATH_000033973 | |
| HEATH_000033393 | HEATH_000034035 | |
| HEATH_000033394 | HEATH_000034036 | |
| HEATH_000033455 | HEATH_000034041 | |

## IV.    Heath Has Not Produced Any Communications Created After December 2024.

Based on our review of Heath productions, he has failed to produce any responsive communications created after December 2024; in fact, the most recent communication produced by Heath is dated December 20, 2024.  (*See* HEATH_000046463.)  As you well-know, however, Ms. Lively claims that the retaliatory smear campaign is ongoing and, recognizing this, the Court rejected the Wayfarer Defendants' attempt to limit the relevant period to December 21, 2024.  (*See* ECF No. 355, at 3-4.) Accordingly, please confirm that Heath will immediately produce all responsive documents through the **present** (unless indicated otherwise).

# manatt

July 29, 2025
Page 5

## V.    Heath's Redactions Do Not Comply with the Parties' ESI Stipulation.

Under the parties' stipulated and ordered ESI Protocol, Heath agreed in Section 4 to indicate the basis for redactions. In particular, under Section 4(a)(i), "Any privilege redactions shall be clearly indicated on the face of the Document with the redaction designation making clear the reason for the redaction (e.g., "Redacted - Privileged")"; under Section 4(a)(iii), "Personally-Identifiable Information shall be redacted with a black box, and under Section 4(a)(iii), "Any non-responsive redactions shall be clearly indicated on the face of the Document with the redaction designation making clear the reason for the redaction (e.g., "Redacted – NR")." (ECF No. 212.) Notwithstanding this agreement, all of Heath's redactions appear to use "black box" redactions in disregard of the ESI Protocol and the type of material being redacted. By way of limited example, HEATH_000041001, HEATH_000041013, HEATH_000041025, HEATH_000041029, HEATH_000041043, HEATH_000041047, HEATH_000041535, HEATH_000045423, and HEATH_000046086 each appear to redact content that is not Personally-Identifiable Information. Please confirm Heath's redactions will be removed or revised to comply with the ESI Protocol.

## VI.    Heath's Production Deficiencies Raise Major Concerns Regarding His Collection and Preservation Efforts.

The deficiencies identified above make clear that Heath has failed to diligently collect and produce documents, as the parties agreed to under the ESI Protocol and in accordance with Rule 26 of the Federal Rules of Civil Procedure. And, given that Heath admitted to using ephemeral messaging platforms like Signal, this, in turn, raises serious preservation and, potentially, spoliation concerns. Accordingly, to assess the extent of Heath's deficiencies, we demand that Heath agree, by **July 30, 2025 at 5 pm EST**, to provide Ms. Lively with the following information: (i) the repositories that were collected from; and (ii) the search terms and date range(s) (if any) applied. We also hereby demand that, by the same time, Heath confirm in writing that a manual review of all messaging communications with and among any party to the litigation was completed pursuant to section 2(c) of the ESI Stipulation. Based on the information that Heath provides, Ms. Lively reserves the right to demand Heath revisit his collection efforts to address any issues identified.

* * *

Ms. Lively expressly reserves all rights to raise further deficiencies in addition to those raised herein.  All other rights reserved.

Very truly yours,

Esra A. Hudson

cc.    Attorneys of Record

# EXHIBIT A

| Request for Production Number | Description |
| --- | --- |
| Heath RFP 3 | All Documents and Communications reflecting or constituting agreements, whether draft or final, between You and any Wayfarer Defendant concerning the Film, Ms. Lively, any Wayfarer Defendant, or Mr. Reynolds. |
| Heath RFP 10 | All Documents and Communications reflecting or constituting agreements, whether draft or final, between You and Sony concerning the Film, Ms. Lively, any Wayfarer Defendant, Mr. Reynolds, or the Actions. |
| Heath RFP 11 | All Documents and Communications reflecting or constituting agreements, whether draft or final, between You and WME concerning the Film, Ms. Lively, any Wayfarer Defendant, or Mr. Reynolds, including as alleged in Paragraph 348, and elsewhere, in Your First Amended Complaint. |
| Heath RFP 14 | All Documents and Communications reflecting or constituting agreements, whether draft or final, including contracts, retainer agreements, engagement letters, and promises memorialized via email or text message, between You and Abel. |
| Heath RFP 16 | All Documents and Communications reflecting or constituting agreements, whether draft or final, including contracts, retainer agreements, engagement letters, and promises memorialized via email or text message, between You and Jonesworks. |
| Heath RFP 17 | All Documents and Communications from May 1, 2024 through the present concerning services provided or proposed to be provided by Jonesworks. |
| Heath RFP 18 | All Documents and Communications reflecting or constituting agreements, whether draft or final, including contracts, retainer agreements, engagement letters, and promises |

| Request for Production Number | Description |
| --- | --- |
| | memorialized via email or text message, between You and Street Relations or Wallace. |
| Heath RFP 19 | All Documents and Communications from May 1, 2024 through the present concerning services provided or proposed to be provided by Street Relations or Wallace. |
| Heath RFP 20 | All Documents and Communications reflecting any payments, refunds, retainers, incentives, moneys, consideration, inducements, promises to pay, or anything else of value provided to Street Relations or Wallace, by You, or anyone on Your behalf including, but not limited to, Freedman or Liner Freedman Taitelman + Cooley. |
| Heath RFP 22 | All Documents and Communications concerning any actual, alleged, or suspected harassment related to the Film. |
| Heath RFP 23 | All Documents and Communications concerning any actual, alleged, or suspected discrimination related to the Film. |
| Heath RFP 24 | All Documents and Communications concerning any actual, alleged, or suspected retaliation related to the Film. |
| Heath RFP 25 | All Documents and Communications concerning any actual, alleged, or suspected workplace misconduct or other inappropriate behavior related to the Film. |
| Heath RFP 26 | All Documents concerning any complaint, grievance, or report filed against You, whether in court or arbitration, or with a state, local, or federal agency, in the past 10 years concerning misconduct, discrimination, harassment, or retaliation, including, without limitations, any pleadings, deposition transcripts, and settlement agreements. |
| Heath RFP 27 | All Documents and Communications concerning obtaining the right to adapt the |

| Request for Production Number | Description |
|---|---|
| | novel It Ends With Us and It Starts With Us from January 1, 2019 to present. |
| Heath RFP 29 | All applicable insurance agreements under which any insurer may be liable to satisfy all or part of any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy all or part of any judgment. |
| Heath RFP 30 | All Documents and Communications concerning interviews of or statements by any individual concerning any allegation asserted by Ms. Lively in the Action that You have obtained, received, or recorded. |
| Heath RFP 31 | All Documents and Communications concerning any meetings, appointments, or discussions between You and Ms. Lively relating to conduct on the set of the Film. |
| Heath RFP 32 | All Documents and Communications concerning Ms. Lively that You obtained from any third party. |
| Heath RFP 33 | All Documents, Communications, audio/video recordings, notes, or production logs concerning any intimate scenes related to the Film, whether or not included in any cut of the Film. |
| Heath RFP 35 | All Communications with any Person concerning efforts to gather information about Mr. Reynolds, including from his current or former cast, crew, colleague, employee, agent, or other associates. |
| Heath RFP 38 | All Documents and Communications concerning efforts to seed, influence, manipulate, boost, amplify, or engage with Social Media related to the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, or the Actions. |

| Request for Production Number | Description |
|---|---|
| Heath RFP 39 | All Documents and Communications concerning the use of Social Media bots, trolls, troll farms, paid or incentivized accounts, or seeding, amplifying, boosting, or planting content. |
| Heath RFP 40 | All Documents and Communications between You, or anyone on Your behalf, and any public relations, crisis management, or Social Media firms concerning the Film, Ms. Lively, Mr. Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions. |
| Heath RFP 41 | Documents and Communications concerning strategies, plans, or efforts to influence the public perception of the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions. |
| Heath RFP 42 | All Documents and Communications concerning strategies, plans, or efforts to influence the public perception of any Wayfarer Defendant related to the Film. |
| Heath RFP 43 | All Social Media messages, comments, or posts (including drafts, as well as deleted messages, comments, or posts) requested, initiated, or made by You, either directly or indirectly concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions. |
| Heath RFP 44 | All Social Media messages, comments, or posts (including drafts, as well as deleted messages, comments, or posts) requested, initiated, or made by You, either directly or indirectly, concerning any Wayfarer Defendant related to the Film. |
| Heath RFP 45 | All Documents and Communications concerning any payment, wire transfer, exchange of funds (whether in dollars, foreign currency, or any form of electronic or cryptocurrency), promises to pay, or exchange |

| Request for Production Number | Description |
|---|---|
| | of anything else of value with any Person, whether directly or indirectly, including through Freedman or Liner Freedman Taitelman + Cooley, concerning the Film. |
| Heath RFP 46 | All Documents and Communications concerning any payment, wire transfer, exchange of funds (whether in dollars, foreign currency, or any form of electronic or cryptocurrency), promises to pay, or exchange of anything else of value with any Person, whether directly or indirectly, including through Freedman or Liner Freedman Taitelman + Cooley, concerning Ms. Lively or Mr. Reynolds. |
| Heath RFP 47 | All Documents and Communications concerning any payment, wire transfer, exchange of funds (whether in dollars, foreign currency, or any form of electronic or cryptocurrency), promises to pay, or exchange of anything else of value with any Person, whether directly or indirectly, including through Freedman or Liner Freedman Taitelman + Cooley, concerning any Wayfarer Defendant. |
| Heath RFP 48 | All Documents and Communications concerning any payment, wire transfer, exchange of funds (whether in dollars, foreign currency, or any form of electronic or cryptocurrency), promises to pay, or exchange of anything else of value with any Person, whether directly or indirectly, including through Freedman or Liner Freedman Taitelman + Cooley, concerning the Actions. |
| Heath RFP 49 | All Documents and Communications with media or Social Media outlets of any kind concerning the  Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, the Actions, or any Wayfarer Defendant. |
| Heath RFP 50 | All Documents and Communications reflecting or comprising articles, public |

| Request for Production Number | Description |
|---|---|
| | statements, or press releases requested, initiated, or drafted by You, or anyone on Your behalf, concerning Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, the Film, the Actions, or the Wayfarer Defendants. |
| Heath RFP 51 | All Documents and Communications concerning any plan, program, strategy, or campaign by You or any vendor, contractor, or other third-party entity concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions. |
| Heath RFP 52 | All Documents and Communications concerning the method for rendering "untraceable" any plan, program, strategy, or campaign by You, or any vendor, contractor, or other third-party entity concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions. |
| Heath RFP 53 | All Documents and Communications concerning the solicitation or procurement of any Social Media content, whether paid or unpaid, concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions. |
| Heath RFP 54 | All Documents and Communications concerning efforts to conceal or hide any aspect of the solicitation or procurement of any Social Media content, whether paid or unpaid, concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions. |
| Heath RFP 55 | All Documents and Communications concerning any agreement for confidentiality protections related to Ms. Lively or the Actions. |
| Heath RFP 56 | Metadata for Social Media content of any kind, emails, or digital Communications |

| Request for Production Number | Description |
|---|---|
| | concerning the authorship, timing, and modification history of posts, messages, articles, or other content (including, without limitation, drafts of such content) related to the Film, Ms. Lively, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions. |
| Heath RFP 57 | All Articles, public statements, or press releases, including any drafts of the same, requested, initiated, or drafted by You, or anyone on Your behalf, concerning Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, the Film, the Actions, Baldoni, and/or Wayfarer. |
| Heath RFP 58 | Documents sufficient to show Your net worth, including financial statements, assets, liabilities, and tax returns. |
| Heath RFP 59 | All Documents concerning Your liquidation of assets in 2024 or 2025 for any reason related to the Film or the Actions, including but not limited to the sale of shares in any publicly traded company. |
| Heath RFP 60 | Documents, such as phone billing records, sufficient to show all calls You made and/or received concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, the Digital Campaign, and/or the Actions from May 1, 2024 through the present. Non-responsive information may be redacted. |
| Heath RFP 61 | All Documents and Communications referenced and/or cited in the Wayfarer SDNY Complaint, including Communications referenced and/or cited in the Complaint (Dkt. No. 1), the Amended Complaint (Dkt. No. 50), and/or Exhibit A to the Amended Complaint (Dkt. No. 50-1). |
| Heath RFP 68 | All Documents and Communications concerning Ms. Lively's purported threats and/or extortionate actions, as alleged in |

| Request for Production Number | Description |
|---|---|
| | paragraphs 2, 16, 52, 81, 112, 124, 130, 140, 141, 154, 155, 157, and 253 of the Wayfarer SDNY Complaint. |
| Heath RFP 69 | All Documents and Communications demonstrating Your acquiescence to Ms. Lively's purported threats and/or extortionate actions, as alleged in paragraphs 81, 140, 142, 154, and 158 of the Wayfarer SDNY Complaint. |
| Heath RFP 70 | All Documents and Communications demonstrating any tangible or intangible property that Ms. Lively and/or the Lively Parties, as that term is defined in the Wayfarer SDNY Complaint, obtained from any Wayfarer Defendant, as alleged in the Wayfarer SDNY Complaint. |
| Heath RFP 71 | All Documents and Communications concerning Your allegations in the Wayfarer SDNY Complaint that Ms. Lively made false accusations of sexual harassment against any Wayfarer Defendant. |
| Heath RFP 72 | All Documents and Communications demonstrating that any statements made in the CRD Complaint, as that term is defined in paragraph 4 of the Wayfarer SDNY Complaint, are false and/or not true. |
| Heath RFP 73 | All Documents and Communications demonstrating that any statements made in the Article, as that term is defined in paragraph 261 of the Wayfarer SDNY Complaint, are false and/or not true. |
| Heath RFP 74 | All Documents and Communications demonstrating that any allegations made in the Lively Complaint, are false and/or not true. |
| Heath RFP 75 | All Documents and Communications demonstrating any right and/or interest in the |

| Request for Production Number | Description |
| --- | --- |
|  | Film that You claim to have lost, as alleged in the Wayfarer SDNY Complaint. |
| Heath RFP 76 | All Documents and Communications concerning Your allegation in paragraph 4 that Ms. Lively "worked for months with the . . . New York Times to prepare a false and damaging narrative to deploy against" any Wayfarer Defendant. |
| Heath RFP 77 | The "evidence" that is referred to in paragraphs 5, 8, 9 n.3, 10, 15, 17, 19, 46, 61 n.12, 89, 176, 259, 274, 283, and 287 of the Wayfarer SDNY Complaint. |
| Heath RFP 78 | All Documents and Communications demonstrating Ms. Lively's efforts to take control over the Film, as alleged in paragraphs 9, 31, 32, 43, 51, 52, 53, 54, 62, 68, 69, 124, 126, 130, and 134-78 of the Wayfarer SDNY Complaint. |
| Heath RFP 79 | All Documents and Communications concerning Your allegation in paragraph 11 of the Wayfarer SDNY Complaint that Ms. Lively "refused to meet with the Film's domestic violence partner organization, nomore.org." |
| Heath RFP 80 | All Documents and Communications concerning Your allegation in paragraph 12 of the Wayfarer SDNY Complaint that Ms. Lively "herself had ensured" that You "w[ere] excluded from participating in her marketing efforts." |
| Heath RFP 81 | All Documents and Communications concerning Your allegation in paragraph 13 of the Wayfarer SDNY Complaint that "Jones, Lively, Reynolds, and Leslie Sloane . . . concocted a plan whereby Jones would seize Abel's phone upon her departure." |
| Heath RFP 82 | All Documents and Communications demonstrating that Ms. Lively and/or the Lively Parties, as that term is defined in the |

| Request for Production Number | Description |
|---|---|
|  | Wayfarer SDNY Complaint, planned and implemented a "smear campaign against Baldoni and Wayfarer," as alleged in paragraph 15 of the Wayfarer SDNY Complaint. |
| Heath RFP 83 | All Documents and Communications demonstrating that neither You nor any of the Wayfarer Defendants planned and implemented a smear campaign against Ms. Lively, as alleged in paragraph 17 of the Wayfarer SDNY Complaint. |
| Heath RFP 84 | All Documents and Communications concerning Your allegations in the Wayfarer SDNY Complaint that Ms. Lively and Mr. Reynolds attempted to steal the Film from any Wayfarer Defendant. |
| Heath RFP 85 | All Documents and Communications concerning Your allegations in the Wayfarer SDNY Complaint that Ms. Lively and Mr. Reynolds stole the Film from any Wayfarer Defendant. |
| Heath RFP 86 | All Documents and Communications concerning Your allegations that Ms. Lively had a "reputation for being difficult to work with" or had "longstanding reputational challenges," as alleged in paragraph 26 and 284 of the Wayfarer SDNY Complaint. |
| Heath RFP 87 | All Documents and Communications concerning Your allegations that Ms. Lively and You began a "[c]lose collaboration" or "collaborative creative partnership," as alleged in paragraphs 28 and 55 of the Wayfarer SDNY Complaint. |
| Heath RFP 88 | All Documents and Communications concerning Your allegation in paragraph 33 of the Wayfarer SDNY Complaint regarding Ms. Lively's actions related to wardrobe fittings. |
| Heath RFP 89 | All Documents and Communications concerning Your allegation in paragraph 35 of |

| Request for Production Number | Description |
|---|---|
| | the Wayfarer SDNY Complaint that, "Baldoni received direct criticism from Sony." |
| Heath RFP 90 | All Documents and Communications concerning Your allegations in paragraphs 39-45, and 62 of the Wayfarer SDNY Complaint that Ms. Lively or Mr. Reynolds rewrote scenes in the script of the Film. |
| Heath RFP 91 | All Documents and Communications concerning Your allegations in paragraphs 39-45, 62, and 72 of the Wayfarer SDNY Complaint that Ms. Lively or Mr. Reynolds pressured You to accept their revisions to the script. |
| Heath RFP 92 | All Documents and Communications concerning Your allegations in paragraphs 51 and 52 of the Wayfarer SDNY Complaint that Ms. Lively delivered an "ultimatum" to any Wayfarer Defendant. |
| Heath RFP 93 | All Documents and Communications concerning Ms. Lively's "undue influence" over the Film, as alleged in paragraph 52 of the Wayfarer SDNY Complaint. |
| Heath RFP 94 | All Documents and Communications concerning Your allegations in paragraphs 59 and 104 of the Wayfarer SDNY Complaint that Ms. Lively "would breastfeed openly and without hesitation" and "regularly breast-fed in front of Baldoni while they had meetings." |
| Heath RFP 95 | All Documents and Communications concerning Your allegation in paragraph 68 of the Wayfarer SDNY Complaint that it was "inappropriate and unorthodox" for Ms. Lively to request the "dailies." |
| Heath RFP 96 | All Documents and Communications concerning Your allegations in paragraphs 62, 72, 77, 133, 137, 140, 142, 143, 154, and 158 of the Wayfarer SDNY Complaint that Ms. |

| Request for Production Number | Description |
|---|---|
| | Lively imposed "demands" regarding the Film. |
| Heath RFP 97 | All Documents and Communications concerning the "17-point Return to Production Demands," as described in paragraphs 77 through 123 of the Wayfarer SDNY Complaint. |
| Heath RFP 98 | All Documents and Communications concerning Your allegations in paragraph 62 of the Wayfarer SDNY Complaint that Ms. Lively "caused unending interruptions to the production process, leading to entirely unnecessary stress, chaos, and delays" or "frequently . . . requested changes." |
| Heath RFP 99 | All Documents and Communications concerning the "expense[s]" referenced in paragraphs 64, 114, 117, 140, 144, and 329 of the Wayfarer SDNY Complaint. |
| Heath RFP 100 | All Documents and Communications concerning Your allegations in paragraph 69 of the Wayfarer SDNY Complaint that Ms. Lively "demand[ed] to edit the whole movie." |
| Heath RFP 101 | All Documents and Communications concerning Your allegations in paragraph 77 of the Wayfarer SDNY Complaint that, "Wayfarer would have to sign the [17-point list of demands] as-is, despite the falsity of its insinuations." |
| Heath RFP 102 | All Documents and Communications concerning Your allegations in paragraph 77 of the Wayfarer SDNY Complaint that Wayfarer risked "los[ing] millions of dollars" or "destroy[ing] [its] relationship with Sony." |
| Heath RFP 103 | All Documents and Communications concerning Your allegation in paragraph 84 of the Wayfarer SDNY Complaint that "only 'essential' individuals (e.g. film crew, talent) were present for the [birth] scene." |

| Request for Production Number | Description |
|---|---|
| Heath RFP 104 | All notes, or handwritten notes, referenced in the Wayfarer SDNY Complaint. |
| Heath RFP 105 | All Documents and Communications concerning Your allegation in paragraph 91 of the Wayfarer SDNY Complaint that Ms. Lively "engaged in unchoreographed kissing scenes." |
| Heath RFP 106 | All Documents and Communications concerning Your allegations in paragraph 92 of the Wayfarer SDNY Complaint that "the only two kissing scenes filmed during the initial filming period were both scenes that included kisses as written in the script" and "the[] kissing scenes were not improvised." |
| Heath RFP 107 | All Documents and Communications concerning Your allegations in paragraph 92 of the Wayfarer SDNY Complaint that "the[] kissing scenes were not improvised." |
| Heath RFP 108 | All Documents and Communications concerning Your allegation in paragraph 101 of the Wayfarer SDNY Complaint that Ms. Lively "falsely suggest[ed] that she was shown pornography or naked images of Heath's wife on set." |
| Heath RFP 109 | All Documents and Communications concerning Your allegation in paragraph 104 of the Wayfarer SDNY Complaint that "Baldoni and Heath were led into situations that would later be characterized as harassment." |
| Heath RFP 111 | All Documents and Communications demonstrating that Ms. Lively threatened not to promote the Film or refused to promote the Film, as alleged in paragraphs 140, 142, 144, 148, 152, 158, and 161 of the Wayfarer SDNY Complaint. |
| Heath RFP 112 | All Documents and Communications concerning Your allegations in paragraph 140 of the Wayfarer SDNY Complaint that |

| Request for Production Number | Description |
|---|---|
| | creating and/or editing a "cut of the Film" is "a right that is exclusively reserved for directors." |
| Heath RFP 113 | All Documents and Communications concerning Your allegation in paragraph 146 of the Wayfarer SDNY Complaint that Ms. Lively "insisted that her version [of the Film] be released to the public instead of Baldoni's cut as director." |
| Heath RFP 114 | All Documents and Communications concerning Your allegation in paragraph 148 of the Wayfarer SDNY Complaint that Ms. Lively "removed Baldoni . . . out of all posters, trailers, and other promotional materials." |
| Heath RFP 115 | All Documents and Communications concerning Your allegations in paragraph 149 of the Wayfarer SDNY Complaint that, "[o]ver Sony's objection, Lively insisted on screening her cut at Book Bonanza" and "Sony made it known to Wayfarer that, per Lively, Baldoni could not attend" Book Bonanza. |
| Heath RFP 116 | All Documents and Communications concerning Your allegation in paragraph 149 of the Wayfarer SDNY Complaint that You "w[ere] not even allowed to review the final cut before it was shown to the world." |
| Heath RFP 117 | All Documents and Communications concerning Your allegation in paragraph 158 of the Wayfarer SDNY Complaint that Ms. Lively "instructed Sony that she and the cast would not participate in any marketing or promotion of the Film alongside Baldoni." |
| Heath RFP 118 | All Documents and Communications concerning Your allegation in paragraph 159 of the Wayfarer SDNY Complaint that "Lively induced the other cast members to shun Baldoni." |

| Request for Production Number | Description |
|---|---|
| Heath RFP 119 | All Documents and Communications concerning Your allegation in paragraph 162 of the Wayfarer SDNY Complaint that Mr. Reynolds "suggest[ed]" to WME that it was "working with a 'sexual predator'" and "demanded that [WME] 'drop' Baldoni." |
| Heath RFP 120 | All Documents and Communications concerning Your allegations in paragraph 162 of the Wayfarer SDNY Complaint that Ms. Lively "falsely (and ironically) allege[d] Baldoni set out on a 'smear campaign.'" |
| Heath RFP 121 | All Documents and Communications concerning Your allegations in paragraph 163 of the Wayfarer SDNY Complaint that "Lively systematically excluded Baldoni from all marketing and promotional efforts with her and the cast for the Film." |
| Heath RFP 122 | All Documents and Communications concerning Your allegations in paragraph 166 of the Wayfarer SDNY Complaint that, Ms. Lively "threatened that if Baldoni attended the premiere, she and the majority of the cast would boycott." |
| Heath RFP 123 | All Documents and Communications concerning Your allegation in paragraph 169 of the Wayfarer SDNY Complaint related to the premiere of the Film. |
| Heath RFP 124 | All Documents and Communications concerning the agreement between Ms. Sloane and Nathan, as alleged in paragraph 187 of the Wayfarer SDNY Complaint. |
| Heath RFP 125 | All Documents and Communications concerning Your allegation in paragraph 187 of the Wayfarer SDNY Complaint that Ms. Sloane "disseminate[d] false and defamatory stories about Baldoni and Wayfarer." |
| Heath RFP 126 | All Documents and Communications concerning Your allegation in paragraph 190 of the Wayfarer SDNY Complaint that Ms. |

| Request for Production Number | Description |
|---|---|
| | Sloane "seed[ed] false information to cast Baldoni in a negative light." |
| Heath RFP 127 | All Documents and Communications concerning Your allegation in paragraph 192 of the Wayfarer SDNY Complaint that, Ms. Sloane "had provided the [Daily Mail] reporter with information that significantly altered the narrative of the published story" or "planted false and defamatory information about Baldoni[.]" |
| Heath RFP 128 | All Documents and Communications concerning the "massive PR crisis" involving Wayfarer and You as alleged in paragraphs 226 and 227 of the Wayfarer SDNY Complaint. |
| Heath RFP 130 | All Documents and Communications concerning Your allegation in paragraph 227 of the Wayfarer SDNY Complaint that "a negative story was being 'shopped' around to multiple outlets, positioning Baldoni's religion as a 'cult' and accusing Baldoni of having 'fat shamed' Lively." |
| Heath RFP 131 | All Documents and Communications concerning the August 12, 2024 call between Heath and Abel, on the one hand, and "two executives from their then talent agency," on the other hand, as alleged in paragraphs 250 through 252 of the Wayfarer SDNY Complaint. |
| Heath RFP 132 | All Documents and Communications concerning Your allegation in paragraph 251 of the Wayfarer SDNY Complaint that Nathan "disabused the executives of th[e] notion" that "Wayfarer, Baldoni and Heath were waging a shadow campaign against [Ms. Lively]." |
| Heath RFP 133 | All Documents and Communications concerning the August 13, 2024, call between Heath and Abel, on the one hand, and "talent agency executives," on the other hand, as |

| Request for Production Number | Description |
|---|---|
| | alleged in paragraphs 253 through 255 of the Wayfarer SDNY Complaint. |
| Heath RFP 134 | All Documents and Communications concerning Your allegation that Ms. Lively provided a copy of her CRD Complaint to The Times prior to filing it on December 20, 2024, as alleged in paragraphs 264 through 270 of the Wayfarer SDNY Complaint. |
| Heath RFP 135 | All Documents and Communications concerning Your allegations in paragraphs 274, 283 and 287 of the Wayfarer SDNY Complaint that the "complete communications" and "objective evidence" unequivocally contradict claims that "the Wayfarer [Defendants] orchestrated a premeditated smear campaign." |
| Heath RFP 136 | All Documents and Communications concerning Your allegation in paragraph 299 of the Wayfarer SDNY Complaint that, Ms. Lively or her employees, agents, or representatives "have cost the Wayfarer [Defendants] their film, their reputations, their future prospects, even their talent agency." |
| Heath RFP 137 | All Documents and Communications concerning any business opportunities, contracts, endorsements, or employment offers that You claim were withdrawn, delayed, or otherwise impacted due to the alleged conduct of Ms. Lively for which You seek to recover damages. |
| Heath RFP 138 | All Documents and Communications concerning any claim of lost earnings or future lost earnings relating to the alleged conduct of Ms. Lively for which You seek to recover, including, but not limited to, salary records, employment contracts, anticipated revenue from business ventures, creative projects, endorsement deals, and projections of income. |

| Request for Production Number | Description |
|---|---|
| Heath RFP 139 | All Documents and Communications concerning any harm to Your reputation, as alleged in paragraph 299 of the Wayfarer SDNY Complaint, including, but not limited to, Communications with employers, agents, studios, production companies, advertisers, or other business partners regarding any reduction, termination, or modification of contracts, business deals, or opportunities. |
| Heath RFP 140 | All Documents and Communications in which You discuss or document any alleged emotional distress, humiliation, embarrassment, or loss of enjoyment of life caused by the Lively Parties, as that term is defined in the Wayfarer SDNY Complaint, alleged actions. |
| Heath RFP 141 | All Documents and Communications concerning any efforts You have taken to mitigate or reduce the damages You claim(s), including efforts to obtain alternative business opportunities, employment, partnerships, creative projects or public relations efforts to restore Your reputation. |
| Heath RFP 142 | All Documents and Communications concerning any payments, settlements, compensation, insurance proceeds, or other financial recovery received in connection with any of the damages alleged in the Wayfarer SDNY Complaint. |
| Heath RFP 143 | Documents sufficient to show all folders and subfolders of any email account from July 1, 2024 to the present, for which You (i) provided access to Content Creators or the media, or (ii) used to communicate talking points, guidelines, scripts, or messaging of any kind, regarding Ms. Lively and/or the Lively Parties, as that term is defined in the Wayfarer SDNY Complaint, including but not limited to the entire inbox folder, outbox folder, draft folder, archive folder, junk folder, or any other folder, regardless of whether any email was sent or received, and |

| Request for Production Number | Description |
| --- | --- |
| | all metadata related thereto. For the sake of clarity, "provided access to" shall include any method by which access may be provided, including but not limited to by sharing the email account password or screen sharing the contents of any email folder. |
| Heath RFP 144 | All Documents and Communications contained within any folder or subfolder identified and/or produced in response to Request No. 143. |
| Heath RFP 145 | With respect to any email account identified and/or produced in response to Request No. 143, all Documents and Communications, including but not limited to drafts, ever placed in any folder of such email account, regardless of whether or not any email reflecting such Documents and/or Communications was sent or received. |
| Heath RFP 146 | All Documents and Communications concerning the amount or calculation of any damages that You allege to have suffered as a result of Ms. Lively and/or the Lively Parties, as that term is defined in the Wayfarer SDNY Complaint. |

# manatt

**Esra A. Hudson**
Direct Dial:  310-312-4381
ehudson@manatt.com

July 29, 2025

<u>**VIA ELECTRONIC MAIL**</u>

Bryan Freedman
Liner Freedman Taitelman + Cooley LLP
1801 Century Park West, 5th Floor
Los Angeles, CA 90067

Kevin A. Fritz
Meister Seelig & Fein LLP
125 Park Avenue, 7th Floor
New York, NY 10017

Counsel:

On behalf of our client Plaintiff Blake Lively ("Ms. Lively"), we write to address ongoing issues and deficiencies in Defendant Steve Sarowitz's ("Sarowitz") document production.  As set forth below, Sarowitz has failed to make a complete document production.  Sarowitz has failed to produce any documents responsive to more than 137 Requests for Production ("RFPs").  As for what Sarowitz *has* produced, it is readily apparent that this too remains incomplete.  For instance, entire communications between Sarowitz and other Wayfarer Defendants remain missing from the production.  This, in turn, raises serious concerns with respect to Sarowitz's collection efforts.  Accordingly, please review this letter and be prepared to address the issues identified below as part of a conferral on or before Wednesday, July 30.

## I.    <u>Sarowitz's Failure to Produce Documents Responsive to Ms. Lively's RFPs.</u>

Despite agreeing to produce documents within his possession, custody, and control, Sarowitz has not produced any documents responsive to more than 137 of Ms. Lively's requests, which are identified in **Exhibit A** hereto.  This is especially troubling given that many of the RFPs should be readily available, including, *inter alia*, (i) documents referenced and/or supporting allegations made in the Wayfarer SDNY Complaint; (ii) documents reflecting any Payments concerning the Film, Ms. Lively, or Mr. Reynolds; (iii) documents concerning any discrimination or retaliation related to the Film; (iv) documents concerning Ms. Lively obtained from any third party; (v) documents and communications concerning this Action between Sarowitz and any other Wayfarer Defendant; and (vi) documents and communications concerning the Digital Campaign.  To the extent Sarowitz has, in fact, produced documents responsive to the requests identified in **Exhibit A** please identify them by Bates number.  Alternatively, please immediately produce these documents or, to the extent these documents are somehow not within Sarowitz's possession, custody, or control, he is required to amend his responses to reflect the same.

# manatt

## II.    Sarowitz's Document Productions Confirm They Are Incomplete.

To date, Sarowitz has produced just 26 documents. Sarowitz's productions do not include any text messages, Signal (or similar ephemeral messaging platform) communications, phone records, or any other non-email communications. Indeed, Sarowitz's productions do not include a single word communicated by Sarowitz himself, but rather are predominantly comprised of ███████████████████████████████████████████████. Not one document mentions Ms. Lively's allegations, on-set conduct, HR complaints, the hiring of Street Relations, Jennifer Abel, or Melissa Nathan, the Digital Campaign, or Sarowitz's role as executive producer of the Film.

Given Sarowitz's pledge to spend $100 million to destroy Ms. Lively and Mr. Reynolds, it is not plausible that Sarowitz has no such communications with, at a minimum, Mr. Baldoni and Mr. Heath. As the financier of Wayfarer Studios LLC, it strains credulity that Sarowitz does not have communications considering, or approving, the hiring of TAG and/or Street Relations. Beyond common sense, document productions made by other Wayfarer Defendants confirm that responsive communications were not included in Sarowitz's productions. For example, in a document produced by Justin Baldoni, ███████████████████████████████████████████████████████████████████ This email chain is clearly responsive to, at least, RFP 5 that requests "All Documents and Communications concerning Ms. Lively between [Sarowitz] and any Wayfarer Defendant." This document also demonstrates that Sarowitz and Baldoni had previous communications regarding Ms. Lively that were similarly omitted from Sarowitz's productions. *See* ███████████████████████████████████████████████

Given these clear gaps in Sarowitz's production, please confirm that Sarowitz will re-review his collection to cure the gaps identified above. In the unlikely event that there are no additional responsive documents within Sarowitz's possession, custody or control, please confirm the same in writing.

## III.   Sarowitz's Document Productions Lack Communications Extending into 2025 Despite the Alleged Ongoing Conduct.

Based on our review of Sarowitz's production, he has failed to produce any responsive document created after November 2024; in fact, the most recent communication produced by Sarowitz is dated November 8, 2024. (*See* SAROWITZ_000000002.) As you well-know, however, Ms. Lively claims that the retaliatory smear campaign is ongoing and, recognizing this, the Court rejected the Wayfarer Defendants' attempt to limit the relevant period to December 21, 2024. (*See* ECF No. 355, at 3-4.) Accordingly, please confirm that Sarowitz will immediately produce all responsive documents through the **present** (unless indicated otherwise).

## IV.   Sarowitz's Production Deficiencies Raise Major Concerns Regarding His Collection and Preservation Efforts.

Given the major gaps in production and clear deficiencies identified above, it is readily apparent that Sarowitz has failed to diligently collect and produce documents, as the parties agreed to under the ESI Protocol and in accordance with Rule 26 of the Federal Rules of Civil Procedure. And, given that several

# manatt

of the Wayfarer defendants have admitted to using ephemeral messaging platforms like Signal, this, in turn, raises serious preservation and, potentially, spoliation concerns. Accordingly, to assess the extent of Sarowitz's deficiencies, we demand that Sarowitz agree, by **July 30, 2025 at 5 pm EST**, to provide Ms. Lively with the following information: (i) the repositories that were collected from; and (ii) the search terms and date range (if any) applied.  We also hereby demand that, by the same time, Sarowitz confirm in writing that a manual review of all messaging communications with and among any party to the litigation was completed pursuant to section 2(c) of the ESI Stipulation. Based on the information that Sarowitz provides, Ms. Lively reserves the right to demand Heath revisit his collection efforts to address any issues identified.

* * *

Ms. Lively expressly reserves all rights to raise further deficiencies in addition to those raised herein.  All other rights reserved.

Very truly yours,

Esra A. Hudson

cc.    Attorneys of Record

# EXHIBIT A

| Request for Production Number | Description |
|---|---|
| Sarowitz RFP No. 1 | All Documents and Communications that support any affirmative defense You have pleaded or will plead in the Actions. |
| Sarowitz RFP No. 2 | If Your answer to any allegation in the Lively Complaint was or will be anything other than an unqualified admission, all Documents and Communications concerning such response. |
| Sarowitz RFP No. 3 | All Documents and Communications reflecting or constituting agreements, whether draft or final, between You and any Wayfarer Defendant concerning the Film, Ms. Lively, any Wayfarer Defendant, or Mr. Reynolds. |
| Sarowitz RFP No. 6 | All Documents and Communications concerning Mr. Reynolds between You and any Wayfarer Defendant, Sony, WME, Jonesworks, any media outlet of any kind, any Social Media accounts or influencers or other individuals who maintain a public online presence, or any cast or crew members of the Film, and any directors, officers, employees, agents, or contractors thereof. |
| Sarowitz RFP No. 7 | All Documents and Communications concerning the Lively/Reynolds Companies and/or the Lively/Reynolds Family between You and any Wayfarer Defendant, Sony, WME, Jonesworks, any media outlet of any kind, any Social Media accounts or influencers or other individuals who maintain a public online presence, or any cast or crew members of the Film, and any directors, officers, employees, agents, or contractors thereof. |
| Sarowitz RFP No. 8 | All Documents and Communications concerning the Digital Campaign between You and any Wayfarer Defendant, Sony, WME, Jonesworks, any media outlet of any kind, any Social Media accounts or influencers or other individuals who maintain a public online presence, or any cast or crew |

| Request for Production Number | Description |
|---|---|
| | members of the Film, and any directors, officers, employees, agents, or contractors thereof. |
| Sarowitz RFP No. 9 | All Documents and Communications concerning the Actions between You and any Wayfarer Defendant, Sony, WME, Jonesworks, any media outlet of any kind, any Social Media accounts or influencers or other individuals who maintain a public online presence, or any cast or crew members of the Film, and any directors, officers, employees, agents, or contractors thereof. |
| Sarowitz RFP No. 10 | All Documents and Communications reflecting or constituting agreements, whether draft or final, between You and Sony concerning the Film, Ms. Lively, any Wayfarer Defendant, Mr. Reynolds, or the Actions. |
| Sarowitz RFP No. 11 | All Documents and Communications reflecting or constituting agreements, whether draft or final, between You and WME concerning the Film, Ms. Lively, any Wayfarer Defendant, or Mr. Reynolds, including as alleged in Paragraph 348, and elsewhere, in Your First Amended Complaint. |
| Sarowitz RFP No. 12 | All Documents and Communications reflecting or constituting agreements, whether draft or final, including contracts, retainer agreements, engagement letters, and promises memorialized via email or text message, between You and TAG PR. |
| Sarowitz RFP No. 13 | All Documents and Communications from May 1, 2024 through the present for services provided by, proposed to be provided by, or the decision to hire TAG PR. |
| Sarowitz RFP No. 14 | All Documents and Communications reflecting or constituting agreements, whether draft or final, including contracts, retainer agreements, engagement letters, and promises |

| Request for Production Number | Description |
|---|---|
| | memorialized via email or text message, between You and Abel. |
| Sarowitz RFP No. 15 | All Documents and Communications from May 1, 2024 through the present services provided or proposed to be provided by Abel. |
| Sarowitz RFP No. 16 | All Documents and Communications reflecting or constituting agreements, whether draft or final, including contracts, retainer agreements, engagement letters, and promises memorialized via email or text message, between You and Jonesworks. |
| Sarowitz RFP No. 18 | All Documents and Communications reflecting or constituting agreements, whether draft or final, including contracts, retainer agreements, engagement letters, and promises memorialized via email or text message, between You and Street Relations or Wallace. |
| Sarowitz RFP No. 19 | All Documents and Communications from May 1, 2024 through the present concerning services provided by, proposed to be provided by, or the decision to hire Street Relations or Wallace. |
| Sarowitz RFP No. 20 | All Documents and Communications reflecting any payments, refunds, retainers, incentives, moneys, consideration, inducements, promises to pay, or anything else of value provided to Street Relations or Wallace, by You, or anyone on Your behalf including, but not limited to, Freedman or Liner Freedman Taitelman + Cooley. |
| Sarowitz RFP No. 21 | All Documents and Communications concerning any allegations, concerns, complaints or reports, whether formal or informal, oral or written, made to You about or against Ms. Lively related to the Film. |
| Sarowitz RFP No. 22 | All Documents and Communications concerning any actual, alleged, or suspected harassment related to the Film. |

| Request for Production Number | Description |
|---|---|
| Sarowitz RFP No. 23 | All Documents and Communications concerning any actual, alleged, or suspected discrimination related to the Film. |
| Sarowitz RFP No. 24 | All Documents and Communications concerning any actual, alleged, or suspected retaliation related to the Film. |
| Sarowitz RFP No. 25 | All Documents and Communications concerning any actual, alleged, or suspected workplace misconduct or other inappropriate behavior related to the Film. |
| Sarowitz RFP No. 26 | All Documents concerning any complaint, grievance, or report filed against You, whether in court or arbitration, or with a state, local, or federal agency, in the past 10 years concerning misconduct, discrimination, harassment, or retaliation, including, without limitations, any pleadings, deposition transcripts, and settlement agreements. |
| Sarowitz RFP No. 27 | All Documents and Communications concerning obtaining the right to adapt the novel It Ends With Us and It Starts With Us from January 1, 2019 to present. |
| Sarowitz RFP No. 28 | All Documents and Communications concerning the decision to cast Ms. Lively in the Film from January 1, 2019 to present. |
| Sarowitz RFP No. 29 | All applicable insurance agreements under which any insurer may be liable to satisfy all or part of any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy all or part of any judgment. |
| Sarowitz RFP No. 30 | All Documents and Communications concerning interviews of or statements by any individual concerning any allegation asserted by Ms. Lively in the Action that You have obtained, received, or recorded. |

| Request for Production Number | Description |
|---|---|
| Sarowitz RFP No. 31 | All Documents and Communications concerning any meetings, appointments, or discussions between You and Ms. Lively relating to conduct on the set of the Film. |
| Sarowitz RFP No. 33 | All Documents, Communications, audio/video recordings, notes, or production logs concerning any intimate scenes related to the Film, whether or not included in any cut of the Film. |
| Sarowitz RFP No. 34 | All Communications with any Person concerning efforts to gather information about Ms. Lively, including from her current or former cast, crew, colleague, employee, agent, or other associates. |
| Sarowitz RFP No. 35 | All Communications with any Person concerning efforts to gather information about Mr. Reynolds, including from his current or former cast, crew, colleague, employee, agent, or other associates. |
| Sarowitz RFP No. 36 | All Documents concerning the script of the Film, including but not limited to, all drafts of the script and related notes. |
| Sarowitz RFP No. 37 | All Communications concerning the script of the Film, including, without limitations, revisions thereto. |
| Sarowitz RFP No. 38 | All Documents and Communications concerning efforts to seed, influence, manipulate, boost, amplify, or engage with Social Media related to the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, or the Actions. |
| Sarowitz RFP No. 39 | All Documents and Communications concerning the use of Social Media bots, trolls, troll farms, paid or incentivized accounts, or seeding, amplifying, boosting, or planting content. |

| Request for Production Number | Description |
|---|---|
| Sarowitz RFP No. 40 | All Documents and Communications between You, or anyone on Your behalf, and any public relations, crisis management, or Social Media firms concerning the Film, Ms. Lively, Mr. Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions. |
| Sarowitz RFP No. 41 | Documents and Communications concerning strategies, plans, or efforts to influence the public perception of the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, or the Lively/Reynolds Family, or the Actions. |
| Sarowitz RFP No. 42 | All Documents and Communications concerning strategies, plans, or efforts to influence the public perception of any Wayfarer Defendant related to the Film. |
| Sarowitz RFP No. 43 | All Social Media messages, comments, or posts (including drafts, as well as deleted messages, comments, or posts) requested, initiated, or made by You, either directly or indirectly concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, or the Lively/Reynolds Family, or the Actions. |
| Sarowitz RFP No. 44 | All Social Media messages, comments, or posts (including drafts, as well as deleted messages, comments, or posts) requested, initiated, or made by You, either directly or indirectly, concerning any Wayfarer Defendant related to the Film. |
| Sarowitz RFP No. 45 | All Documents and Communications concerning any payment, wire transfer, exchange of funds (whether in dollars, foreign currency, or any form of electronic or cryptocurrency), promises to pay, or exchange of anything else of value with any Person, whether directly or indirectly, including through Freedman or Liner Freedman Taitelman + Cooley, concerning the Film. |

| Request for Production Number | Description |
|---|---|
| Sarowitz RFP No. 46 | All Documents and Communications concerning any payment, wire transfer, exchange of funds (whether in dollars, foreign currency, or any form of electronic or cryptocurrency), promises to pay, or exchange of anything else of value with any Person, whether directly or indirectly, including through Freedman or Liner Freedman Taitelman + Cooley, concerning Ms. Lively or Mr. Reynolds. |
| Sarowitz RFP No. 47 | All Documents and Communications concerning any payment, wire transfer, exchange of funds (whether in dollars, foreign currency, or any form of electronic or cryptocurrency), promises to pay, or exchange of anything else of value with any Person, whether directly or indirectly, including through Freedman or Liner Freedman Taitelman + Cooley, concerning any Wayfarer Defendant. |
| Sarowitz RFP No. 48 | All Documents and Communications concerning any payment, wire transfer, exchange of funds (whether in dollars, foreign currency, or any form of electronic or cryptocurrency), promises to pay, or exchange of anything else of value with any Person, whether directly or indirectly, including through Freedman or Liner Freedman Taitelman + Cooley, concerning Ms. Lively or Mr. Reynolds. |
| Sarowitz RFP No. 49 | All Documents and Communications with media or Social Media outlets of any kind concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, the Actions, or any Wayfarer Defendant. |
| Sarowitz RFP No. 52 | All Documents and Communications concerning the method for rendering "untraceable" any plan, program, strategy, or campaign by You, or any vendor, contractor, or other third-party entity concerning the |

| Request for Production Number | Description |
|---|---|
| | Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions. |
| Sarowitz RFP No. 53 | All Documents and Communications concerning the solicitation or procurement of any Social Media content, whether paid or unpaid, concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions. |
| Sarowitz RFP No. 54 | All Documents and Communications concerning efforts to conceal or hide any aspect of the solicitation or procurement of any Social Media content, whether paid or unpaid, concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions. |
| Sarowitz RFP No. 55 | All Documents and Communications concerning any agreement for confidentiality protections related to Ms. Lively or the Actions. |
| Sarowitz RFP No. 56 | Metadata for Social Media content of any kind, emails, or digital Communications concerning the authorship, timing, and modification history of posts, messages, articles, or other content (including, without limitation, drafts of such content) related to the Film, Ms. Lively, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions. |
| Sarowitz RFP No. 59 | All Documents concerning Your liquidation of assets in 2024 or 2025 for any reason related to the Film or the Actions, including but not limited to the sale of shares in any publicly traded company. |
| Sarowitz RFP No. 60 | Documents, such as phone billing records, sufficient to show all calls You made and/or received concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, the Digital |

| Request for Production Number | Description |
|---|---|
| | Campaign, and/or the Actions from May 1, 2024 through the present. Non-responsive information may be redacted. |
| Sarowitz RFP No. 61 | All Documents and Communications referenced and/or cited in the Wayfarer SDNY Complaint, including Communications referenced and/or cited in the Complaint (Dkt. No. 1), the Amended Complaint (Dkt. No. 50), and/or Exhibit A to the Amended Complaint (Dkt. No. 50-1). |
| Sarowitz RFP No. 62 | All Communications from the "Dream team" group text, cited on pages 76-80, 82, 84-86, and 88-90 of the Wayfarer SDNY Complaint. |
| Sarowitz RFP No. 63 | All Communications from the "PR Thread w/TAG" group text, cited on pages 148, 199, and 204 of the Wayfarer SDNY Complaint. |
| Sarowitz RFP No. 64 | All Communications from the "TAG TEAM" group text, cited on pages 180 and 190 of the Wayfarer SDNY Complaint. |
| Sarowitz RFP No. 65 | All Communications from the unnamed group text, cited on page 70 of Exhibit A to the Wayfarer SDNY Complaint. |
| Sarowitz RFP No. 66 | All Documents and Communications concerning Ms. Lively's purported threats and/or extortionate actions, as alleged in paragraphs 2, 16, 52, 81, 112, 124, 130, 140, 141, 154, 155, 157, and 253 of the Wayfarer SDNY Complaint. |
| Sarowitz RFP No. 67 | All Documents and Communications demonstrating Your acquiescence to Ms. Lively's purported threats and/or extortionate actions, as alleged in paragraphs 81, 140, 142, 154, and 158 of the Wayfarer SDNY Complaint. |
| Sarowitz RFP No. 68 | All Documents and Communications demonstrating any tangible or intangible property that Ms. Lively and/or the Lively |

| Request for Production Number | Description |
|---|---|
| | Parties, as that term is defined in the Wayfarer SDNY Complaint, obtained from any Wayfarer Defendant, as alleged in the Wayfarer SDNY Complaint. |
| Sarowitz RFP No. 69 | All Documents and Communications concerning Your allegations in the Wayfarer SDNY Complaint that Ms. Lively made false accusations of sexual harassment against any Wayfarer Defendant. |
| Sarowitz RFP No. 70 | All Documents and Communications demonstrating that any statements made in the CRD Complaint, as that term is defined in paragraph 4 of the Wayfarer SDNY Complaint, are false and/or not true. |
| Sarowitz RFP No. 71 | All Documents and Communications demonstrating that any statements made in the Article, as that term is defined in paragraph 261 of the Wayfarer SDNY Complaint, are false and/or not true. |
| Sarowitz RFP No. 72 | All Documents and Communications demonstrating that any allegations made in the Lively Complaint, are false and/or not true. |
| Sarowitz RFP No. 73 | All Documents and Communications demonstrating any right and/or interest in the Film that You claim to have lost, as alleged in the Wayfarer SDNY Complaint. |
| Sarowitz RFP No. 74 | All Documents and Communications concerning Your allegation in paragraph 4 that Ms. Lively "worked for months with the . . . New York Times to prepare a false and damaging narrative to deploy against" any Wayfarer Defendant. |
| Sarowitz RFP No. 75 | The "evidence" that is referred to in paragraphs 5, 8, 9 n.3, 10, 15, 17, 19, 46, 61 n.12, 89, 176, 259, 274, 283, and 287 of the Wayfarer SDNY Complaint. |

| Request for Production Number | Description |
|---|---|
| Sarowitz RFP No. 76 | All Documents and Communications demonstrating Ms. Lively's efforts to take control over the Film, as alleged in paragraphs 9, 31, 32, 43, 51, 52, 53, 54, 62, 68, 69, 124, 126, 130, and 134-78 of the Wayfarer SDNY Complaint. |
| Sarowitz RFP No. 77 | All Documents and Communications concerning Your allegation in paragraph 11 of the Wayfarer SDNY Complaint that Ms. Lively "refused to meet with the Film's domestic violence partner organization, nomore.org." |
| Sarowitz RFP No. 78 | All Documents and Communications concerning Your allegation in paragraph 12 of the Wayfarer SDNY Complaint that Ms. Lively "*herself* had ensured" that Baldoni "was excluded from participating in her marketing efforts." |
| Sarowitz RFP No. 79 | All Documents and Communications concerning Your allegation in paragraph 13 of the Wayfarer SDNY Complaint that "Jones, Lively, Reynolds, and Leslie Sloane . . . concocted a plan whereby Jones would seize Abel's phone upon her departure." |
| Sarowitz RFP No. 80 | All Documents and Communications demonstrating that Ms. Lively and/or the Lively Parties, as that term is defined in the Wayfarer SDNY Complaint, planned and implemented a "smear campaign against Baldoni and Wayfarer," as alleged in paragraph 15 of the Wayfarer SDNY Complaint. |
| Sarowitz RFP No. 81 | All Documents and Communications demonstrating that neither You nor any of the Wayfarer Defendants planned and implemented a smear campaign against Ms. Lively, as alleged in paragraph 17 of the Wayfarer SDNY Complaint. |

| Request for Production Number | Description |
|---|---|
| Sarowitz RFP No. 82 | All Documents and Communications concerning Your allegations in the Wayfarer SDNY Complaint that Ms. Lively and Mr. Reynolds attempted to steal the Film from any Wayfarer Defendant. |
| Sarowitz RFP No. 83 | All Documents and Communications concerning Your allegations in the Wayfarer SDNY Complaint that Ms. Lively and Mr. Reynolds stole the Film from any Wayfarer Defendant. |
| Sarowitz RFP No. 84 | All Documents and Communications concerning Your allegations that Ms. Lively had a "reputation for being difficult to work with" or had "longstanding reputational challenges," as alleged in paragraph 26 and 284 of the Wayfarer SDNY Complaint. |
| Sarowitz RFP No. 85 | All Documents and Communications concerning Your allegations that Ms. Lively and Baldoni began a "[c]lose collaboration" or "collaborative creative partnership," as alleged in paragraphs 28 and 55 of the Wayfarer SDNY Complaint. |
| Sarowitz RFP No. 86 | All Documents and Communications concerning Your allegation in paragraph 33 of the Wayfarer SDNY Complaint regarding Ms. Lively's actions related to wardrobe fittings. |
| Sarowitz RFP No. 87 | All Documents and Communications concerning Your allegation in paragraph 35 of the Wayfarer SDNY Complaint that "Baldoni received direct criticism from Sony." |
| Sarowitz RFP No. 88 | All Documents and Communications concerning Your allegations in paragraphs 39-45, and 62 of the Wayfarer SDNY Complaint that Ms. Lively or Mr. Reynolds rewrote scenes in the script of the Film. |
| Sarowitz RFP No. 89 | All Documents and Communications concerning Your allegations in paragraphs 39-45, 62, and 72 of the Wayfarer SDNY |

| Request for Production Number | Description |
|---|---|
| | Complaint that Ms. Lively or Mr. Reynolds pressured Baldoni to accept their revisions to the script. |
| Sarowitz RFP No. 90 | All Documents and Communications concerning Your allegations in paragraphs 51 and 52 of the Wayfarer SDNY Complaint that Ms. Lively delivered an "ultimatum" to any Wayfarer Defendant. |
| Sarowitz RFP No. 91 | All Documents and Communications concerning Ms. Lively's "undue influence" over the Film, as alleged in paragraph 52 of the Wayfarer SDNY Complaint. |
| Sarowitz RFP No. 92 | All Documents and Communications concerning Your allegations in paragraphs 59 and 104 of the Wayfarer SDNY Complaint that Ms. Lively "would breastfeed openly and without hesitation" and "regularly breast-fed in front of Baldoni while they had meetings." |
| Sarowitz RFP No. 93 | All Documents and Communications concerning Your allegation in paragraph 68 of the Wayfarer SDNY Complaint that it was "inappropriate and unorthodox" for Ms. Lively to request the "dailies." |
| Sarowitz RFP No. 94 | All Documents and Communications concerning Your allegations in paragraphs 62, 72, 77, 133, 137, 140, 142, 143, 154, and 158 of the Wayfarer SDNY Complaint that Ms. Lively imposed "demands" regarding the Film. |
| Sarowitz RFP No. 95 | All Documents and Communications concerning the "17-point Return to Production Demands," as described in paragraphs 77 through 123 of the Wayfarer SDNY Complaint. |
| Sarowitz RFP No. 96 | All Documents and Communications concerning Your allegations in paragraph 62 of the Wayfarer SDNY Complaint that Ms. Lively "caused unending interruptions to the |

| Request for Production Number | Description |
|---|---|
| | production process, leading to entirely unnecessary stress, chaos, and delays" or "frequently . . . requested changes." |
| Sarowitz RFP No. 97 | All Documents and Communications concerning the "expense[s]" referenced in paragraphs 64, 114, 117, 140, 144, and 329 of the Wayfarer SDNY Complaint. |
| Sarowitz RFP No. 98 | All Documents and Communications concerning Your allegations in paragraph 69 of the Wayfarer SDNY Complaint that Ms. Lively "demand[ed] to edit the whole movie." |
| Sarowitz RFP No. 99 | All Documents and Communications concerning Your allegations in paragraph 77 of the Wayfarer SDNY Complaint that "Wayfarer would have to sign the [17-point list of demands] as-is, despite the falsity of its insinuations." |
| Sarowitz RFP No. 100 | All Documents and Communications concerning Your allegations in paragraph 77 of the Wayfarer SDNY Complaint that Wayfarer risked "los[ing] millions of dollars" or "destroy[ing] [its] relationship with Sony." |
| Sarowitz RFP No. 101 | All Documents and Communications concerning Your allegation in paragraph 84 of the Wayfarer SDNY Complaint that "only 'essential' individuals (e.g. film crew, talent) were present for the [birth] scene." |
| Sarowitz RFP No. 102 | All notes, or handwritten notes, referenced in the Wayfarer SDNY Complaint. |
| Sarowitz RFP No. 103 | All Documents and Communications concerning Your allegation in paragraph 91 of the Wayfarer SDNY Complaint that Ms. Lively "engaged in unchoreographed kissing scenes." |
| Sarowitz RFP No. 104 | All Documents and Communications concerning Your allegations in paragraph 92 of the Wayfarer SDNY Complaint that "the only two kissing scenes filmed during the |

| Request for Production Number | Description |
|---|---|
| | initial filming period were both scenes that included kisses as written in the script" and "the[] kissing scenes were not improvised." |
| Sarowitz RFP No. 105 | All Documents and Communications concerning Your allegations in paragraph 92 of the Wayfarer SDNY Complaint that "the[] kissing scenes were not improvised." |
| Sarowitz RFP No. 106 | All Documents and Communications concerning Your allegation in paragraph 101 of the Wayfarer SDNY Complaint that Ms. Lively "falsely suggest[ed] that she was shown pornography or naked images of Heath's wife on set." |
| Sarowitz RFP No. 107 | All Documents and Communications concerning Your allegation in paragraph 104 of the Wayfarer SDNY Complaint that "Baldoni and Heath were led into situations that would later be characterized as harassment." |
| Sarowitz RFP No. 108 | All Documents and Communications demonstrating that Ms. Lively threatened not to promote the Film or refused to promote the Film, as alleged in paragraphs 140, 142, 144, 148, 152, 158, and 161 of the Wayfarer SDNY Complaint. |
| Sarowitz RFP No. 109 | All Documents and Communications concerning Your allegations in paragraph 140 of the Wayfarer SDNY Complaint that creating and/or editing a "cut of the Film" is "a right that is *exclusively* reserved for directors." |
| Sarowitz RFP No. 110 | All Documents and Communications concerning Your allegation in paragraph 146 of the Wayfarer SDNY Complaint that Ms. Lively "insisted that her version [of the Film] be released to the public instead of Baldoni's cut as director." |

| Request for Production Number | Description |
|---|---|
| Sarowitz RFP No. 111 | All Documents and Communications concerning Your allegation in paragraph 148 of the Wayfarer SDNY Complaint that Ms. Lively "removed Baldoni . . . out of all posters, trailers, and other promotional materials." |
| Sarowitz RFP No. 112 | All Documents and Communications concerning Your allegations in paragraph 149 of the Wayfarer SDNY Complaint that, "[o]ver Sony's objection, Lively insisted on screening her cut at Book Bonanza" and "Sony made it known to Wayfarer that, per Lively, Baldoni could not attend" Book Bonanza. |
| Sarowitz RFP No. 113 | All Documents and Communications concerning Your allegation in paragraph 149 of the Wayfarer SDNY Complaint that Baldoni "was not even allowed to review the final cut *before it was shown to the world*." |
| Sarowitz RFP No. 114 | All Documents and Communications concerning Your allegation in paragraph 158 of the Wayfarer SDNY Complaint that, Ms. Lively "instructed Sony that she and the cast would not participate in any marketing or promotion of the Film alongside Baldoni." |
| Sarowitz RFP No. 115 | All Documents and Communications concerning Your allegation in paragraph 159 of the Wayfarer SDNY Complaint that, "Lively induced the other cast members to shun Baldoni." |
| Sarowitz RFP No. 116 | All Documents and Communications concerning Your allegation in paragraph 162 of the Wayfarer SDNY Complaint that Mr. Reynolds "suggest[ed]" to WME that it was "working with a 'sexual predator'" and "demanded that [WME] 'drop' Baldoni." |
| Sarowitz RFP No. 117 | All Documents and Communications concerning Your allegations in paragraph 162 of the Wayfarer SDNY Complaint that Ms. |

| Request for Production Number | Description |
|---|---|
| | Lively "falsely (and ironically) allege[d] Baldoni set out on a 'smear campaign.'" |
| Sarowitz RFP No. 118 | All Documents and Communications concerning Your allegations in paragraph 163 of the Wayfarer SDNY Complaint that "Lively systematically excluded Baldoni from all marketing and promotional efforts with her and the cast for the Film." |
| Sarowitz RFP No. 119 | All Documents and Communications concerning Your allegations in paragraph 166 of the Wayfarer SDNY Complaint that Ms. Lively "threatened that if Baldoni attended the premiere, she and the majority of the cast would boycott." |
| Sarowitz RFP No. 120 | All Documents and Communications concerning Your allegation in paragraph 169 of the Wayfarer SDNY Complaint related to the premiere of the Film. |
| Sarowitz RFP No. 121 | All Documents and Communications concerning the agreement between Ms. Sloane and Nathan, as alleged in paragraph 187 of the Wayfarer SDNY Complaint. |
| Sarowitz RFP No. 122 | All Documents and Communications concerning Your allegation in paragraph 187 of the Wayfarer SDNY Complaint that Ms. Sloane "disseminate[d] false and defamatory stories about Baldoni and Wayfarer." |
| Sarowitz RFP No. 123 | All Documents and Communications concerning Your allegation in paragraph 190 of the Wayfarer SDNY Complaint that Ms. Sloane "seed[ed] false information to cast Baldoni in a negative light." |
| Sarowitz RFP No. 124 | All Documents and Communications concerning Your allegation in paragraph 192 of the Wayfarer SDNY Complaint that, Ms. Sloane "had provided the [Daily Mail] reporter with information that significantly altered the narrative of the published story" or |

| | "planted false and defamatory information about Baldoni[.]" |
|---|---|
| Sarowitz RFP No. 125 | All Documents and Communications concerning the "massive PR crisis" involving Wayfarer and Baldoni as alleged in paragraphs 226 and 227 of the Wayfarer SDNY Complaint. |
| Sarowitz RFP No. 126 | All Documents and Communications concerning Your retention of Nathan as a "crisis PR specialist," as alleged in paragraphs 226 and 227 of the Wayfarer SDNY Complaint. |
| Sarowitz RFP No. 127 | All Documents and Communications concerning Your allegation in paragraph 227 of the Wayfarer SDNY Complaint that "a negative story was being 'shopped' around to multiple outlets, positioning Baldoni's religion as a 'cult' and accusing Baldoni of having 'fat shamed' Lively." |
| Sarowitz RFP No. 128 | All Documents and Communications concerning the August 12, 2024 call between Heath and Abel, on the one hand, and "two executives from their then talent agency," on the other hand, as alleged in paragraphs 250 through 252 of the Wayfarer SDNY Complaint. |
| Sarowitz RFP No. 129 | All Documents and Communications concerning Your allegation in paragraph 251 of the Wayfarer SDNY Complaint that Nathan "disabused the executives of th[e] notion" that "Wayfarer, Baldoni and Heath were waging a shadow campaign against [Ms. Lively]." |
| Sarowitz RFP No. 130 | All Documents and Communications concerning the August 13, 2024, call between Heath and Abel, on the one hand, and "talent agency executives," on the other hand, as alleged in paragraphs 253 through 255 of the Wayfarer SDNY Complaint. |

| | |
|---|---|
| Sarowitz RFP No. 131 | All Documents and Communications concerning Your allegation that Ms. Lively provided a copy of her CRD Complaint to *The Times* prior to filing it on December 20, 2024, as alleged in paragraphs 264 through 270 of the Wayfarer SDNY Complaint. |
| Sarowitz RFP No. 132 | All Documents and Communications concerning Your allegations in paragraphs 274, 283 and 287 of the Wayfarer SDNY Complaint that the "complete communications" and "objective evidence" unequivocally contradict claims that "the Wayfarer [Defendants] orchestrated a premeditated smear campaign." |
| Sarowitz RFP No. 133 | All Documents and Communications concerning Your allegation in paragraph 299 of the Wayfarer SDNY Complaint that, Ms. Lively or her employees, agents, or representatives "have cost the Wayfarer [Defendants] their film, their reputations, their future prospects, even their talent agency." |
| Sarowitz RFP No. 134 | All Documents and Communications concerning any business opportunities, contracts, endorsements, or employment offers that You claim were withdrawn, delayed, or otherwise impacted due to the alleged conduct of Ms. Lively for which You seek to recover damages. |
| Sarowitz RFP No. 135 | All Documents and Communications concerning any claim of lost earnings or future lost earnings relating to the alleged conduct of Ms. Lively for which You seek to recover, including, but not limited to, salary records, employment contracts, anticipated revenue from business ventures, creative projects, endorsement deals, and projections of income. |
| Sarowitz RFP No. 136 | All Documents and Communications concerning any harm to Your reputation, as alleged in paragraph 299 of the Wayfarer SDNY Complaint, including, but not limited |

| | |
|---|---|
| | to, Communications with employers, agents, studios, production companies, advertisers, or other business partners regarding any reduction, termination, or modification of contracts, business deals, or opportunities. |
| Sarowitz RFP No. 137 | All Documents and Communications in which You discuss or document any alleged emotional distress, humiliation, embarrassment, or loss of enjoyment of life caused by the Lively Parties', as that term is defined in the Wayfarer SDNY Complaint, alleged actions. |
| Sarowitz RFP No. 138 | All Documents and Communications concerning any efforts You have taken to mitigate or reduce the damages You claim(s), including efforts to obtain alternative business opportunities, employment, partnerships, creative projects or public relations efforts to restore Your reputation. |
| Sarowitz RFP No. 139 | All Documents and Communications concerning any payments, settlements, compensation, insurance proceeds, or other financial recovery received in connection with any of the damages alleged in the Wayfarer SDNY Complaint. |
| Sarowitz RFP No. 140 | Documents sufficient to show all folders and subfolders of any email account from July 1, 2024 to the present, for which You (i) provided access to Content Creators or the media, or (ii) used to communicate talking points, guidelines, scripts, or messaging of any kind, regarding Ms. Lively and/or the Lively Parties, as that term is defined in the Wayfarer SDNY Complaint, including but not limited to the entire inbox folder, outbox folder, draft folder, archive folder, junk folder, or any other folder, regardless of whether any email was sent or received, and all metadata related thereto. For the sake of clarity, "provided access to" shall include any method by which access may be provided, including but not limited to by sharing the |

| | |
|---|---|
| | email account password or screen sharing the contents of any email folder. |
| Sarowitz RFP No. 141 | All Documents and Communications contained within any folder or subfolder identified and/or produced in response to Request No. 140. |
| Sarowitz RFP No. 142 | With respect to any email account identified and/or produced in response to Request No. 140, all Documents and Communications, including but not limited to drafts, ever placed in any folder of such email account, regardless of whether or not any email reflecting such Documents and/or Communications was sent or received. |
| Sarowitz RFP No. 143 | All Documents and Communications concerning the amount or calculation of any damages that You allege to have suffered as a result of Ms. Lively and/or the Lively Parties, as that term is defined in the Wayfarer SDNY Complaint. |
| Sarowitz RFP No. 144 | All Documents and Communications concerning Your financial condition, including but not limited to Your net worth, assets and gross income. |
| Sarowitz RFP No. 145 | All Documents reflecting Your current financial condition, including but not limited to Your net worth, assets, gross income, credit reports and ratings, valuation analyses and reports, investor reports, tax records, accounts receivable, balance sheet reports, real property statements, and loan or credit applications. |

# manatt

**Esra A. Hudson**
Direct Dial:  310-312-4381
ehudson@manatt.com

July 29, 2025

**VIA ELECTRONIC MAIL**

Bryan Freedman
Liner Freedman Taitelman + Cooley LLP
1801 Century Park West, 5th Floor
Los Angeles, CA 90067

Kevin A. Fritz
Meister Seelig & Fein LLP
125 Park Avenue, 7th Floor
New York, NY 10017

Counsel:

On behalf of our client Plaintiff Blake Lively ("Ms. Lively"), we write to address ongoing issues and deficiencies in Defendant Wayfarer Studios LLC's ("Wayfarer") document productions. As discussed further below, Wayfarer's final document productions are demonstrably insufficient and incomplete. For instance, Wayfarer has failed to produce any documents responsive to more than 88 Requests for Production ("RFPs"). As for what Wayfarer *has* produced, it is readily apparent that this too remains incomplete: among other things, entire communications between and amongst the Wayfarer Parties remain missing and entire categories of responsive documents are either missing or are woefully incomplete—including documents referenced in Wayfarer's own complaint. These deficiencies, in turn, raise serious concerns with respect to Wayfarer's document preservation and collection efforts. Accordingly, please review this letter and be prepared to address the issues identified below as part of a conferral on or before Wednesday, July 30.

## I.     Wayfarer's Failure to Produce Documents Responsive to Ms. Lively's RFPs.

Despite agreeing to produce documents within its possession, custody, and control, Wayfarer has not produced any documents responsive to more than 88 of Ms. Lively's requests, which are identified in **Exhibit A** hereto. This is especially troubling given that many of the documents responsive to the RFPs should be readily available, including, *inter alia*, (i) documents and communications between Wayfarer, on the one hand, and Street Relations or Jed Wallace, on the other; (ii) documents concerning any discrimination or retaliation related to the Film, including any human resource violations or complaints; (iii) documents concerning any prior complaints of misconduct, discrimination, harassment or retaliation; (iv) any documents submitted to or received by the Equal Employment Opportunity Commission ("EEOC") or the California Civil Rights Division ("CRD"); (v) personnel files for Ms. Lively, Mr. Baldoni, and Mr. Heath; (vi) all documents and communications concerning the Digital Campaign; and

# manatt

July 29, 2025
Page 2

(vi) all documents and communications concerning the use of Signal or any other communication platform used between Wayfarer and any other Wayfarer Defendant.

That these categories of documents are completely missing from Wayfarer's production is particularly troubling given that some appear in other party productions. ███████████████████████████████████████████████████████████████████████████████████████████ Yet, none of these documents or communications appear in Wayfarer's production. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

To the extent Wayfarer has, in fact, produced documents responsive to the requests identified in **Exhibit A,** please identify them by Bates number. Alternatively, please immediately produce these documents or, to the extent these documents are somehow not within Wayfarer's possession, custody, or control, amend Wayfarer's responses to reflect the same.

## II.    Wayfarer's Document Productions Confirm They Are Incomplete.

To date, Wayfarer has produced a total of 11,911 documents. Based on our review, it is apparent that what Wayfarer *has* produced remains woefully incomplete.

### Missing Documents Cited in Wayfarer Parties' Amended Complaint

Wayfarer agreed to produce all documents and communications referenced and/or supporting allegations made in its SDNY Complaint, as well documents and communications that concern the Film and Ms. Lively's "17-point Return to Production Demands" (*see, e.g.*, RFP Nos. 4, 31, 91, 141)—yet, many of these communications appear to be completely missing from Wayfarer's production. Despite it being a focal point of the case and Wayfarer being a direct recipient, Wayfarer has not produced the "Protections for Return to Work" document or internal communications relating to the same. Indeed, between November 9, 2023 (when Wayfarer received the "Protections for Return to Work" document) and January 4, 2024 (when the "all hands" meeting with Wayfarer, Sony, and Ms. Lively took place), Wayfarer produced less than 500 communications on the topic—which do not even include emails identified in Exhibit A to its own complaint. (*See* ECF No. 50-1, at 51- 53, 58, 59.) And, given that production for the Film spanned over a year, and there were extensive discussions between the parties in relation to Ms. Lively's return to production, we find it difficult to believe that there are less than a thousand responsive communications.

# manatt

July 29, 2025
Page 3

### Services Performed By TAG, Abel and Jonesworks

Wayfarer also agreed to produce all documents and communications concerning services performed by TAG, Abel, and Jonesworks, as well as documents and communications concerning Wayfarer's engagement with any other public relations or crisis management firms and efforts to influence the public perception of the Wayfarer Defendants (i.e., RFP Nos. 14-17, 40-44, 49-51, 53, 55, 57). On this score, Wayfarer's production only includes ███████████████████████████████

████████████████████████████████████ None of what has been produced comes remotely close to being responsive to Ms. Lively's requests that, among other things, seek communications relating to the retaliatory smear campaign, some of which were even cited by the Court in granting Ms. Lively's motion to dismiss. (*See* ECF No. 296, at 115-16 (summarizing communications between Abel, Nathan, and Baldoni and concluding that "[a] reader of those messages would have little doubt that the Wayfarer Parties engaged in a smear campaign.") Simply put, given that TAG (along with Abel and Nathan) was deeply involved in the crisis PR litigation that ensued, we expect Wayfarer's production to include more than innocuous communications regarding the promotion of the Film.

### Complaints of Harassment and Workplace Misconduct

The same is true with respect to complaints of harassment and workplace misconduct related to the Film (RFP Nos. 21, 22, and 25)—Ms. Lively's complaints of harassment are well-documented; yet, there are almost *no documents* in Wayfarer's production relating to this (nor that of any other individual involved in the Film). And, in response to RFP No. 80, which requested documents concerning any harassment, discrimination, or retaliation trainings, ████████████████████████

█████████████████████████████████████ Wayfarer was copied on each of these emails; yet, inexplicably, none of these communications were produced by Wayfarer.

Similarly, in response to RFP No. 87, ████████████████████████

█████████████████████████████████████ Finally, Wayfarer previously agreed to produce any documents and communications concerning the retention of intimacy coordinators Chelsey Cary, Christa Marie Jackson, and Lizzy Talbot (RFP No. 87), with the exception of a handful of communications, none have been produced.

Given these clear gaps in Wayfarer's production, please confirm that Wayfarer will re-review its collection to cure the deficiencies identified above. In the unlikely event that there are no additional

# manatt

July 29, 2025
Page 4

responsive documents within Wayfarer's possession, custody or control, please confirm the same in writing.

### III.    Wayfarer Has Not Produced Any Communications Created After December 2024.

Based on our review of the Wayfarer production, it has failed to produce any responsive communications created after December 2024; in fact, the most recent communication produced by Wayfarer is dated December 16, 2024.  (*See* WAYFARER_000039831.)  As you well-know, however, Ms. Lively claims that the retaliatory smear campaign is ongoing and, recognizing this, the Court rejected the Wayfarer Defendants' attempt to limit the relevant period to December 21, 2024.  (*See* ECF No. 355, at 3-4.)  Accordingly, please confirm that Wayfarer will immediately produce all responsive documents through the **present** (unless indicated otherwise).

### IV.    Wayfarer's Redactions Do Not Comply with the Parties' ESI Stipulation.

Under the parties' stipulated and ordered ESI Protocol, Wayfarer agreed in Section 4 to indicate the basis for redactions. In particular, under Section 4(a)(i), "Any privilege redactions shall be clearly indicated on the face of the Document with the redaction designation making clear the reason for the redaction (e.g., "Redacted - Privileged")"; under Section 4(a)(iii), "Personally-Identifiable Information shall be redacted with a black box, and under Section 4(a)(iii), "Any non-responsive redactions shall be clearly indicated on the face of the Document with the redaction designation making clear the reason for the redaction (e.g., "Redacted – NR")." (ECF No. 212.) Notwithstanding this agreement, all of Wayfarer's redactions appear to use "black box" redactions in disregard of the ESI Protocol and the type of material being redacted. By way of limited example (among at least 120 documents), WAYFARER_000007414, WAYFARER_000007417, and WAYFARER_000007420 each appear to redact content that is not Personally-Identifiable Information. Please confirm Wayfarer's redactions will be removed or revised to comply with the ESI Protocol.

### V.    Wayfarer's Production Deficiencies Raise Major Concerns Regarding Its Collection and Preservation Efforts.

The deficiencies identified above make clear that Wayfarer has failed to diligently collect and produce documents, as the parties agreed to under the ESI Protocol and in accordance with Rule 26 of the Federal Rules of Civil Procedure. And, given that several of the Wayfarer defendants (including Jamey Heath) have admitted to using ephemeral messaging platforms like Signal, this, in turn, raises serious preservation and, potentially, spoliation concerns.  Accordingly, to assess the extent of Wayfarer's deficiencies, we demand that Wayfarer agree, by **July 30, 2025 at 5 pm EST**, to provide Ms. Lively with the following information: (i) the names of all custodians whose files were collected; (ii) the repositories that were collected from; and (iii) the search terms and date range(s) (if any) applied. We also hereby demand that, by the same time, Wayfarer confirm in writing that a manual review of all messaging communications with and among any party to the litigation was completed pursuant to section 2(c) of the ESI Stipulation.  Based on the information that Wayfarer provides, Ms. Lively reserves the right to demand Wayfarer re-visit its collection efforts to address any issues identified.

# manatt

July 29, 2025
Page 5

\* \* \*

Ms. Lively expressly reserves all rights to raise further deficiencies in addition to those raised herein.  All other rights reserved.

Very truly yours,

Esra A. Hudson

cc.    Attorneys of Record

# EXHIBIT A

| Request for Production Number | Description |
|---|---|
| Wayfarer RFP No. 8 | All Documents and Communications concerning the Digital Campaign between You and any Wayfarer Defendant, Sony, WME, Jonesworks, any media outlet of any kind, any Social Media accounts or influencers or other individuals who maintain a public online presence, or any cast or crew members of the Film, and any directors, officers, employees, agents, or contractors thereof. |
| Wayfarer RFP No. 9 | All Documents and Communications concerning the Actions between You and any Wayfarer Defendant, Sony, WME, Jonesworks, any media outlet of any kind, any Social Media accounts or influencers or other individuals who maintain a public online presence, or any cast or crew members of the Film, and any directors, officers, employees, agents, or contractors thereof. |
| Wayfarer RFP No. 18 | All Documents and Communications reflecting or constituting agreements, whether draft or final, including contracts, retainer agreements, engagement letters, and promises memorialized via email or text message, between You and Street Relations or Wallace. |
| Wayfarer RFP No. 19 | All Documents and Communications from May 1, 2024 through the present concerning services provided or proposed to be provided by Street Relations or Wallace. |
| Wayfarer RFP No. 20 | All Documents and Communications reflecting any payments, refunds, retainers, incentives, moneys, consideration, inducements, promises to pay, or anything else of value provided to Street Relations or Wallace, by You, or anyone on Your behalf including, but not limited to, Freedman or Liner Freedman Taitelman + Cooley. |
| Wayfarer RFP No. 23 | All Documents and Communications concerning any actual, alleged, or suspected discrimination related to the Film. |

| Request for Production Number | Description |
| --- | --- |
| | |
| Wayfarer RFP No. 24 | All Documents and Communications concerning any actual, alleged, or suspected retaliation related to the Film. |
| Wayfarer RFP No. 26 | All Documents concerning any complaint, grievance, or report filed against You, whether in court or arbitration, or with a state, local, or federal agency, in the past 10 years concerning misconduct, discrimination, harassment, or retaliation, including, without limitations, any pleadings, deposition transcripts, and settlement agreements. |
| Wayfarer RFP No. 30 | All Documents and Communications concerning interviews of or statements by any individual concerning any allegation asserted by Ms. Lively in the Action that You have obtained, received, or recorded. |
| Wayfarer RFP No. 35 | All Communications with any Person concerning efforts to gather information about Mr. Reynolds, including from his current or former cast, crew, colleague, employee, agent, or other associates. |
| Wayfarer RFP No. 38 | All Documents and Communications concerning efforts to seed, influence, manipulate, boost, amplify, or engage with Social Media related to the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, or the Actions. |
| Wayfarer RFP No. 39 | All Documents and Communications concerning the use of Social Media bots, trolls, troll farms, paid or incentivized accounts, or seeding, amplifying, boosting, or planting content. |
| Wayfarer RFP No. 52 | All Documents and Communications concerning the method for rendering "untraceable" any plan, program, strategy, or campaign by You, or any vendor, contractor, or other third-party entity concerning the |

| Request for Production Number | Description |
|---|---|
| | Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions. |
| Wayfarer RFP No. 54 | All Documents and Communications concerning efforts to conceal or hide any aspect of the solicitation or procurement of any Social Media content, whether paid or unpaid, concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions. |
| Wayfarer RFP No. 56 | Metadata for Social Media content of any kind, emails, or digital Communications concerning the authorship, timing, and modification history of posts, messages, articles, or other content (including, without limitation, drafts of such content) related to the Film, Ms. Lively, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions. |
| Wayfarer RFP No. 59 | All Documents submitted to or received from the California Civil Rights Division concerning Ms. Lively's charge of discrimination assigned CRD Matter Number: 202412-27269003. |
| Wayfarer RFP No. 60 | All Documents submitted to or received from the Equal Employment Opportunity Commission concerning Ms. Lively's charges of discrimination assigned EEOC Nos. 480-2025-01541 and 480-2025-01542. |
| Wayfarer RFP No. 61 | All Agreements or memoranda of understanding between Wayfarer and IEWU LLC. |
| Wayfarer RFP No. 64 | All Communications and Documents between IEWU LLC and Sony concerning hiring, firing, discipline, complaints, supervision, or work conditions of employees and contractors of Wayfarer or IEWU LLC on the Film. |

| Request for Production Number | Description |
|---|---|
| Wayfarer RFP No. 66 | Personnel files for Ms. Lively, Baldoni, and Heath. |
| Wayfarer RFP No. 68 | All Documents sufficient to show Your organizational structure between January 1, 2020 through the present. |
| Wayfarer RFP No. 70 | All Documents and Communications concerning any allegations, concerns, complaints, or reports, whether formal or informal, written or oral, of discrimination, harassment, or retaliation raised by any current or former employee in the last 10 years, including without limitation, any settlement agreement or confidentiality provisions related to the same. |
| Wayfarer RFP No. 71 | All Documents and Communications concerning any disputes, whether formal or informal, written or oral, between Wayfarer, on the one hand, and any other Person, including but not limited to any member of the cast or crew, the writer, director or producer, on the other hand, of any Wayfarer project since January 1, 2020, including but not limited to Five Feet Apart, Empire Waist, The Last Dance, Man Enough, including without limitation, settlement agreements or confidentiality provisions related to the same. |
| Wayfarer RFP No. 72 | All Documents and Communications concerning any allegations of discrimination, harassment, retaliation or any other unlawful conduct of any kind related to any Wayfarer project since January 1, 2020, including but not limited to Five Feet Apart, Empire Waist, The Last Dance, or Man Enough, including without limitation, settlement agreements or confidentiality provisions related to the same. |
| Wayfarer RFP No. 76 | All Documents and Communications concerning any disciplinary action, reprimands, or corrective measures taken against Baldoni at any time. |

| Request for Production Number | Description |
|---|---|
| Wayfarer RFP No. 77 | All Documents and Communications concerning any disciplinary action, reprimands, or corrective measures taken against Heath at any time. |
| Wayfarer RFP No. 78 | All Documents and Communications concerning Your investigation into concerns, allegations, claims, or grievances raised by Ms. Lively, including but not limited to, witness statements, interview notes, reports, or resulting actions taken by You. |
| Wayfarer RFP No. 79 | All Documents and Communications concerning Your investigation into any allegations of inappropriate conduct, harassment, retaliation or misconduct of any kind by anyone related to the Film, including but not limited to, witness statements, interview notes, reports, or resulting actions taken by You. |
| Wayfarer RFP No. 81 | All attendance records, sign-in sheets, or other Documents concerning any equal opportunity, discrimination, harassment, or retaliation training or education offered by You. |
| Wayfarer RFP No. 84 | All Documents and Communications concerning Your document retention policy. |
| Wayfarer RFP No. 90 | Documents, such as phone billing records, sufficient to show all calls You made and/or received concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, the Digital Campaign, and/or the Actions from May 1, 2024 through the present. Non-responsive information may be redacted. |
| Wayfarer RFP No. 92 | All Communications from the "Dream team" group text, cited on pages 76-80, 82, 84-86, and 88-90 of the Wayfarer SDNY Complaint. |

| Request for Production Number | Description |
|---|---|
| Wayfarer RFP No. 94 | All Communications from the "TAG TEAM" group text, cited on pages 180 and 190 of the Wayfarer SDNY Complaint. |
| Wayfarer RFP No. 95 | All Communications from the unnamed group text, cited on page 70 of Exhibit A to the Wayfarer SDNY Complaint. |
| Wayfarer RFP No. 99 | All Documents and Communications concerning Your allegations in the Wayfarer SDNY Complaint that Ms. Lively made false accusations of sexual harassment against any Wayfarer Defendant. |
| Wayfarer RFP No. 100 | All Documents and Communications demonstrating that any statements made in the CRD Complaint, as that term is defined in paragraph 4 of the Wayfarer SDNY Complaint, are false and/or not true. |
| Wayfarer RFP No. 101 | All Documents and Communications demonstrating that any statements made in the Article, as that term is defined in paragraph 261 of the Wayfarer SDNY Complaint, are false and/or not true. |
| Wayfarer RFP No. 102 | All Documents and Communications demonstrating that any allegations made in the Lively Complaint, are false and/or not true. |
| Wayfarer RFP No. 104 | All Documents and Communications concerning Your allegation in paragraph 4 that Ms. Lively "worked for months with the . . . New York Times to prepare a false and damaging narrative to deploy against" any Wayfarer Defendant. |
| Wayfarer RFP No. 107 | All Documents and Communications concerning Your allegation in paragraph 11 of the Wayfarer SDNY Complaint that Ms. Lively "refused to meet with the Film's domestic violence partner organization, nomore.org." |

| Request for Production Number | Description |
|---|---|
| Wayfarer RFP No. 108 | All Documents and Communications concerning Your allegation in paragraph 12 of the Wayfarer SDNY Complaint that Ms. Lively "herself had ensured" that You "w[ere] excluded from participating in her marketing efforts." |
| Wayfarer RFP No. 109 | All Documents and Communications concerning Your allegation in paragraph 13 of the Wayfarer SDNY Complaint that "Jones, Lively, Reynolds, and Leslie Sloane . . . concocted a plan whereby Jones would seize Abel's phone upon her departure." |
| Wayfarer RFP No. 110 | All Documents and Communications demonstrating that Ms. Lively and/or the Lively Parties, as that term is defined in the Wayfarer SDNY Complaint, planned and implemented a "smear campaign against Baldoni and Wayfarer," as alleged in paragraph 15 of the Wayfarer SDNY Complaint. |
| Wayfarer RFP No. 111 | All Documents and Communications demonstrating that neither You nor any of the Wayfarer Defendants planned and implemented a smear campaign against Ms. Lively, as alleged in paragraph 17 of the Wayfarer SDNY Complaint. |
| Wayfarer RFP No. 117 | All Documents and Communications concerning Your allegation in paragraph 35 of the Wayfarer SDNY Complaint that, "Baldoni received direct criticism from Sony." |
| Wayfarer RFP No. 122 | All Documents and Communications concerning Your allegations in paragraphs 59 and 104 of the Wayfarer SDNY Complaint that Ms. Lively "would breastfeed openly and without hesitation" and "regularly breast-fed in front of Baldoni while they had meetings." |
| Wayfarer RFP No. 130 | All Documents and Communications concerning Your allegations in paragraph 77 of the Wayfarer SDNY Complaint that |

| Request for Production Number | Description |
|---|---|
| | Wayfarer risked "los[ing] millions of dollars" or "destroy[ing] [its] relationship with Sony." |
| Wayfarer RFP No. 131 | All Documents and Communications concerning Your allegation in paragraph 84 of the Wayfarer SDNY Complaint that "only 'essential' individuals (e.g. film crew, talent) were present for the [birth] scene." |
| Wayfarer RFP No. 133 | All Documents and Communications concerning Your allegation in paragraph 91 of the Wayfarer SDNY Complaint that Ms. Lively "engaged in unchoreographed kissing scenes." |
| Wayfarer RFP No. 135 | All Documents and Communications concerning Your allegations in paragraph 92 of the Wayfarer SDNY Complaint that "the[] kissing scenes were not improvised." |
| Wayfarer RFP No. 136 | All Documents and Communications concerning Your allegation in paragraph 101 of the Wayfarer SDNY Complaint that Ms. Lively "falsely suggest[ed] that she was shown pornography or naked images of Heath's wife on set." |
| Wayfarer RFP No. 137 | All Documents and Communications concerning Your allegation in paragraph 104 of the Wayfarer SDNY Complaint that "Baldoni and Heath were led into situations that would later be characterized as harassment." |
| Wayfarer RFP No. 146 | All Documents and Communications concerning Your allegation in paragraph 162 of the Wayfarer SDNY Complaint that Mr. Reynolds "suggest[ed]" to WME that it was "working with a 'sexual predator'" and "demanded that [WME] 'drop' Baldoni." |
| Wayfarer RFP No. 147 | All Documents and Communications concerning Your allegations in paragraph 162 of the Wayfarer SDNY Complaint that Ms. |

| Request for Production Number | Description |
|---|---|
| | Lively "falsely (and ironically) allege[d] Baldoni set out on a 'smear campaign.'" |
| Wayfarer RFP No. 149 | All Documents and Communications concerning Your allegations in paragraph 166 of the Wayfarer SDNY Complaint that, Ms. Lively "threatened that if Baldoni attended the premiere, she and the majority of the cast would boycott." |
| Wayfarer RFP No. 150 | All Documents and Communications concerning Your allegation in paragraph 169 of the Wayfarer SDNY Complaint related to the premiere of the Film. |
| Wayfarer RFP No. 151 | All Documents and Communications concerning the agreement between Ms. Sloane and Nathan, as alleged in paragraph 187 of the Wayfarer SDNY Complaint. |
| Wayfarer RFP No. 156 | All Documents and Communications concerning Your retention of Nathan as a "crisis PR specialist," as alleged in paragraphs 226 and 227 of the Wayfarer SDNY Complaint. |
| Wayfarer RFP No. 157 | All Documents and Communications concerning Your allegation in paragraph 227 of the Wayfarer SDNY Complaint that "a negative story was being 'shopped' around to multiple outlets, positioning Baldoni's religion as a 'cult' and accusing Baldoni of having 'fat shamed' Lively." |
| Wayfarer RFP No. 158 | All Documents and Communications concerning Your allegation in paragraph 247 of the Wayfarer SDNY Complaint that You "became [an] object[] of public scorn and derision overnight." |
| Wayfarer RFP No. 159 | All Documents and Communications concerning Your allegation in paragraph 247 of the Wayfarer SDNY Complaint that "Baldoni [has been] wrongfully labeled as a |

| Request for Production Number | Description |
|---|---|
| | sex pest, his accolades rescinded, and his future projects thrown into doubt." |
| Wayfarer RFP No. 160 | All Documents and Communications concerning the August 12, 2024 call between Heath and Abel, on the one hand, and "two executives from their then talent agency," on the other hand, as alleged in paragraphs 250 through 252 of the Wayfarer SDNY Complaint. |
| Wayfarer RFP No. 161 | All Documents and Communications concerning Your allegation in paragraph 251 of the Wayfarer SDNY Complaint that Nathan "disabused the executives of th[e] notion" that "Wayfarer, Baldoni and Heath were waging a shadow campaign against [Ms. Lively]." |
| Wayfarer RFP No. 162 | All Documents and Communications concerning the August 13, 2024, call between Heath and Abel, on the one hand, and "talent agency executives," on the other hand, as alleged in paragraphs 253 through 255 of the Wayfarer SDNY Complaint. |
| Wayfarer RFP No. 163 | All Documents and Communications concerning Your allegation that Ms. Lively provided a copy of her CRD Complaint to The Times prior to filing it on December 20, 2024, as alleged in paragraphs 264 through 270 of the Wayfarer SDNY Complaint. |
| Wayfarer RFP No. 164 | All Documents and Communications concerning Your allegations in paragraphs 274, 283 and 287 of the Wayfarer SDNY Complaint that the "complete communications" and "objective evidence" unequivocally contradict claims that "the Wayfarer [Defendants] orchestrated a premeditated smear campaign." |
| Wayfarer RFP No. 165 | All Documents and Communications concerning Your allegation in paragraph 299 of the Wayfarer SDNY Complaint that, Ms. Lively or her employees, agents, or |

| Request for Production Number | Description |
|---|---|
| | representatives "have cost the Wayfarer [Defendants] their film, their reputations, their future prospects, even their talent agency." |
| Wayfarer RFP No. 166 | All Documents and Communications concerning any business opportunities, contracts, endorsements, or employment offers that You claim were withdrawn, delayed, or otherwise impacted due to the alleged conduct of Ms. Lively for which You seek to recover damages. |
| Wayfarer RFP No. 167 | All Documents and Communications concerning any claim of lost earnings or future lost earnings relating to the alleged conduct of Ms. Lively for which You seek to recover, including, but not limited to, salary records, employment contracts, anticipated revenue from business ventures, creative projects, endorsement deals, and projections of income. |
| Wayfarer RFP No. 168 | All Documents and Communications concerning any harm to Your reputation, as alleged in paragraph 299 of the Wayfarer SDNY Complaint, including, but not limited to, Communications with employers, agents, studios, production companies, advertisers, or other business partners regarding any reduction, termination, or modification of contracts, business deals, or opportunities. |
| Wayfarer RFP No. 170 | All Documents and Communications concerning any efforts You have taken to mitigate or reduce the damages You claim(s), including efforts to obtain alternative business opportunities, employment, partnerships, creative projects or public relations efforts to restore Your reputation. |
| Wayfarer RFP No. 171 | All Documents and Communications concerning any payments, settlements, compensation, insurance proceeds, or other financial recovery received in connection with |

| Request for Production Number | Description |
|---|---|
| | any of the damages alleged in the Wayfarer SDNY Complaint. |
| Wayfarer RFP No. 172 | Documents sufficient to show all folders and subfolders of any email account from July 1, 2024 to the present, for which You (i) provided access to Content Creators or the media, or (ii) used to communicate talking points, guidelines, scripts, or messaging of any kind, regarding Ms. Lively and/or the Lively Parties, as that term is defined in the Wayfarer SDNY Complaint, including but not limited to the entire inbox folder, outbox folder, draft folder, archive folder, junk folder, or any other folder, regardless of whether any email was sent or received, and all metadata related thereto. For the sake of clarity, "provided access to" shall include any method by which access may be provided, including but not limited to by sharing the email account password or screen sharing the contents of any email folder. |
| Wayfarer RFP No. 173 | All Documents and Communications contained within any folder or subfolder identified and/or produced in response to Request No. 172. |
| Wayfarer RFP No. 174 | With respect to any email account identified and/or produced in response to Request No. 172, all Documents and Communications, including but not limited to drafts, ever placed in any folder of such email account, regardless of whether or not any email reflecting such Documents and/or Communications was sent or received. |
| Wayfarer RFP No. 175 | All Documents and Communications concerning the amount or calculation of any damages that You allege to have suffered as a result of Ms. Lively and/or the Lively Parties, as that term is defined in the Wayfarer SDNY Complaint. |

| Request for Production Number | Description |
|---|---|
| Wayfarer RFP No. 178 | All Documents and Communications concerning the Investigation. |
| Wayfarer RFP No. 179 | All Documents, including, but not limited to, all notes, video or audio recordings, and interview memoranda prepared by You, Wayfarer, Raines Feldman Littrell LLP, or Adam Investigations Counsel concerning the Investigation. |
| Wayfarer RFP No. 181 | All Communications between You and any Person concerning the Investigation. |
| Wayfarer RFP No. 182 | All Documents and Communications (including screenshots) reflecting Signal threads, messages, metadata, group communications, group chats, or automated deletion information, involving You and any other Wayfarer Defendant from August 1, 2024 through the present. |
| Wayfarer RFP No. 183 | All Documents and Communications (including screenshots) reflecting Discord apps, channels, threads, messages, metadata, group communications, group chats, or automated deletion information, involving You and any other Wayfarer Defendant from August 1, 2024 through the present. |
| Wayfarer RFP No. 184 | All Documents and Communications (including screenshots) reflecting Signal threads, messages, metadata, group communications, group chats, or automated deletion information, involving You and Wallace, or any individual or platform-specific specialist who worked with Wallace or to whom You were directly or indirectly introduced via Wallace. |
| Wayfarer RFP No. 185 | All Documents and Communications (including screenshots) reflecting Discord apps, channels, threads, messages, metadata, |

| Request for Production Number | Description |
|---|---|
| | group communications, group chats, or automated deletion<br>information, involving You and any other Wayfarer Defendant. |
| Wayfarer RFP No. 187 | All Documents and Communications with James Knobloch, Henry Hargitai, or Matthew Gibson involving or regarding Lively, Wallace, Nathan, TAG, or the Digital Campaign. |
| Wayfarer RFP No. 188 | All calendar or meeting invitations received or conveyed by You concerning Your engagement of Jonesworks or TAG, or the work performed or contemplated to be performed in connection thereto, or concerning Baldoni or Wayfarer from May 1, 2024 to December 20, 2024. |
| Wayfarer RFP No. 189 | All Documents and Communications regarding meetings or activities in New York in connection with Your engagement or TAG, Street Relations, or Wallace, including any activities contemplated or conducted in relation thereto. |
| Wayfarer RFP No. 190 | All Documents and Communications regarding alleged or actual human resources violations or complaints, formal or informal, by or about Baldoni or any Wayfarer Party. |

# manatt

**Esra A. Hudson**
Direct Dial:  310-312-4381
ehudson@manatt.com

July 29, 2025

**VIA ELECTRONIC MAIL**

Bryan Freedman
Liner Freedman Taitelman + Cooley LLP
1801 Century Park West, 5th Floor
Los Angeles, CA 90067

Kevin A. Fritz
Meister Seelig & Fein LLP
125 Park Avenue, 7th Floor
New York, NY 10017

Counsel:

On behalf of our client Plaintiff Blake Lively ("Ms. Lively"), we write to address ongoing issues and deficiencies in Defendant Jennifer Abel's ("Abel") document production. As discussed further below, Abel has fallen well-short of meeting her production obligations. For instance, Abel has failed to produce any documents responsive to 94 Requests for Production ("RFPs"). As for what Abel has produced, it is readily apparent that this too remains incomplete: among other things, entire communications between and amongst the Wayfarer Parties remain missing and entire categories of responsive documents are either missing or are woefully incomplete. These deficiencies, in turn, raise serious concerns with respect to Abel's collection and preservation efforts. Accordingly, please review this letter and be prepared to address the issues identified below as part of a conferral on or before Wednesday, July 30.

## I.    Abel's Failure to Produce Documents Responsive to Ms. Lively's RFPs.

Despite agreeing to produce documents within her possession, custody, and control, Abel has not produced any documents responsive to more than 94 RFPs, which are identified in **Exhibit A** hereto. This is especially troubling given that many of the RFPs should be readily available, including, *inter alia*, (i) documents and communications with Street Relations or Jed Wallace (the "Wallace Defendants"), concerning services provided or proposed to be provided by the Wallace Defendants[1], or agreements with or payments to the Wallace Defendants (RFP No. 15); (ii) documents concerning Ms. Lively's allegations of an unsafe environment on set and Abel's assertion that such allegations are false (RFP No. 58); (iii)

---

[1]  ███████████████████████████████████████████████
███████████████████████████████████    Please confirm that Abel will
re-review her collection and produce responsive documents.

# manatt

July 29, 2025
Page 2

non-privileged documents concerning Ms. Lively's CRD Complaint or the litigation (RFP No. 59); (iv) responsive documents sent/received from her Google email account; and (v) any documents and communications concerning the use of Signal, Discord, or any other communication platform used between Abel, any other Wayfarer Defendant, the Wallace Defendants, and others (RFP Nos. 109-112).

To the extent Abel has, in fact, produced documents responsive to the requests identified in **Exhibit A**, please identify them by Bates number. Alternatively, please immediately produce these documents or, to the extent these documents are somehow not within Abel's possession, custody, or control, amend Abel's responses to reflect the same.

## II.    Abel Has Not Produced Any Communications Created After December 2024.

Based on our review of Abel's production, it appears that Abel has failed to produce any responsive communications created after December 2024. As you well know, however, Ms. Lively claims that the retaliatory smear campaign is ongoing and, recognizing this, the Court rejected the Wayfarer Defendants' attempt to limit the relevant period to December 21, 2024. (*See* ECF No. 355, at 3-4.) Accordingly, please confirm that Abel will immediately produce all responsive documents through the **present** (unless indicated otherwise).

## III.    Abel's Document Productions Confirm They Are Incomplete.

To date, Abel has produced a total of 432 documents. As stated above, this production is plainly incomplete. Without limitation, examples of such failures are set forth below.

- Abel agreed to produce documents and communications with Content Creators "concerning Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, the Lively/ Reynolds Companies, or the Digital Campaign." (RFP Nos. 101-108). But, ██████████████████████ ██████████████████████████████████ Abel has not produced a single responsive communication, nor did she produce any documents related to or reflecting the same. The same goes for reporters. ████████████████████████████████ ██, she has largely failed to produce substantive documents and communications, including as it relates to Ms. Lively, her concerns about on-set behavior, and the litigation.[2]
- Abel also agreed to produce documents and communications concerning any actual, alleged, or suspected harassment, discrimination, retaliation or other misconduct related to the Film. (RFP Nos. 17-20, 58). Despite documents acknowledging such issues on set and Abel's awareness of them, including related to the Protections for Return to Production document, such documents were not produced. For example, Abel has not produced notes or communications regarding conversations with her clients and/or other cast and crew members concerning these issues. This is particularly concerning given Abel's longstanding relationship representing Mr. Baldoni and Wayfarer as well as documents produced by other parties

---

[2] Notably, Abel produced, in some instances, ████████████████████████████████ ██████████████

# manatt

July 29, 2025
Page 3

reflecting that a █████████████████████████████████████████████████████████
████████████████████████████████████████████████████

- Abel also has not produced communications concerning efforts to gather information about Ms. Lively, including from her current or former cast, crew, colleague, employee, agent, or other associates. (RFP No. 24)

Perhaps most troubling, despite coordinating and participating in the retaliatory smear campaign—a campaign that Defendant Melissa Nathan stressed would be "*untraceable*"—few responsive documents have been produced. Among other things, Abel has failed to produce or  communications related to the Digital Campaign and efforts to influence press narratives around Ms. Lively, the Wayfarer Defendants, the Film, and the Action, including communications and documents concerning (1) efforts to seed, influence, manipulate, boost, amplify, or engage with Social Media (RFP No. 26), including the solicitation of social media content (RFP No. 41), the use of bots, trolls, or troll farms (RFP No. 27), and the engagement of the Wallace Defendants (RFP No. 14), (2) strategy and planning documents (i.e. RFP No. 40), (3) related payments and agreements (i.e. RFP Nos. 15, 101-107), (4) draft social media posts, comments, etc. (i.e. RFP No. 31), (5) press statements regarding the Action (i.e. RFP No. 39), (6) metadata for social media content (RFP No. 44), and (7) phone records (i.e. RFP No. 49). But, worst of all, Abel has not produced the very text messages identified in Ms. Lively's Amended Complaint, in which Abel discussed the digital campaign with the Wayfarer Parties, in which Ms. Nathan described the campaign as "untraceable" and in which Ms. Abel represented that Mr. Baldoni wanted to feel like Ms. Lively could be "buried." ████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████

Given these clear gaps in Abel's production, please confirm that Abel will re-review her collection to cure the deficiencies identified above. In the unlikely event that there are no additional responsive documents within Abel's possession, custody or control, please confirm the same in writing.

## IV.    Abel's Production Deficiencies Raise Major Concerns Regarding Her Collection and Preservation Efforts.

The deficiencies identified above make clear that Abel has failed to diligently collect and produce documents, as the parties agreed to under Joint Stipulation On The Protocol For Discovery of Electronically-Stored Information And Hard Copy Documents (the "ESI Protocol") and in accordance with Rule 26 of the Federal Rules of Civil Procedure. And, given that documents produced to date suggest Abel has used ephemeral messaging platforms like Signal, this, in turn, raises serious preservation and, potentially, spoliation concerns.

## V.    Abel's Redactions Do Not Comply with the Parties' ESI Stipulation.

Under the parties' stipulated and ordered ESI Protocol, Abel agreed in Section 4 to indicate the basis for redactions. In particular, under Section 4(a)(i), "Any privilege redactions shall be clearly indicated on the face of the Document with the redaction designation making clear the reason for the redaction (e.g., "Redacted - Privileged")"; under Section 4(a)(iii), "Personally-Identifiable Information shall be redacted with a black box, and under Section 4(a)(iii), "Any non-responsive redactions shall be

# manatt

July 29, 2025
Page 4

clearly indicated on the face of the Document with the redaction designation making clear the reason for the redaction (e.g., "Redacted – NR")." (ECF No. 212.) Notwithstanding this agreement, all of Abel's redactions appear to use "black box" redactions in disregard of the ESI Protocol and the type of material being redacted. By way of limited example (among at least 20 documents), ABEL_000000703, ABEL_000000723, and ABEL_000000729 each appear to redact content that is not Personally-Identifiable Information and, in certain cases, redact the participants of the message as well. Please confirm Abel's redactions will be removed or revised to comply with the ESI Protocol.

## VI.     Abel's Production Deficiencies Raise Major Concerns Regarding Her Collection and Preservation Efforts.

The deficiencies identified above make clear that Abel has failed to diligently collect and produce documents, as the parties agreed to under the ESI Protocol and in accordance with Rule 26 of the Federal Rules of Civil Procedure. And, given that other Wayfarer Defendants (including TAG and Natan) have admitted to using ephemeral messaging platforms like Signal, this, in turn, raises serious preservation and, potentially, spoliation concerns.  Accordingly, to assess the extent of Abel's production deficiencies, we demand that Abel agree, by **July 30, 2025 at 5 pm EST**, to provide Ms. Lively with the following information: (i) the repositories that were collected from; and (ii) the search terms and date range (if any) applied. We also hereby demand that, by the same time, Abel confirm in writing that a manual review of all messaging communications with and among any party to the litigation was completed pursuant to section 2(c) of the ESI Stipulation. Based on the information that Abel provides, Ms. Lively reserves the right to demand Abel re-visit her collection efforts to address any issues identified.

* * *

Ms. Lively expressly reserves all rights to raise further deficiencies in addition to those raised herein. All other rights reserved.

Very truly yours,

Esra Hed

Esra A. Hudson

cc.     Attorneys of Record

# EXHIBIT A

| Request for Production Number | Description |
|---|---|
| Abel RFP No. 3 | All Documents and Communications reflecting or constituting agreements, whether draft or final, between You and any Wayfarer Defendant concerning the Film, Ms. Lively, any Wayfarer Defendant, or Mr. Reynolds. |
| Abel RFP No. 5 | All Documents and Communications concerning Ms. Lively between You and any Wayfarer Defendant, Sony, WME, Jonesworks, any media outlet of any kind, any Social Media accounts or influencers or other individuals who maintain a public online presence, or any cast or crew members of the Film, and any directors, officers, employees, agents, or contractors thereof. |
| Abel RFP No. 6 | All Documents and Communications concerning Mr. Reynolds between You and any Wayfarer Defendant, Sony, WME, Jonesworks, any media outlet of any kind, any Social Media accounts or influencers or other individuals who maintain a public online presence, or any cast or crew members of the Film, and any directors, officers, employees, agents, or contractors thereof. |
| Abel RFP No. 7 | All Documents and Communications concerning the Lively/Reynolds Companies and/or the Lively/Reynolds Family between You and any Wayfarer Defendant, Sony, WME, Jonesworks, any media outlet of any kind, any Social Media accounts or influencers or other individuals who maintain a public online presence, or any cast or crew members of the Film, and any directors, officers, employees, agents, or contractors thereof. |
| Abel RFP No. 8 | All Documents and Communications concerning the Digital Campaign between You and any Wayfarer Defendant, Sony, WME, Jonesworks, any media outlet of any kind, any Social Media accounts or influencers or other individuals who maintain a public online presence, or any cast or crew members of the Film, and any directors, |

| Request for Production Number | Description |
| --- | --- |
| | officers, employees, agents, or contractors thereof. |
| Abel RFP No. 11 | All Documents and Communications reflecting or constituting agreements, whether draft or final, between You and WME concerning the Film, Ms. Lively, any Wayfarer Defendant, or Mr. Reynolds, including as alleged in Paragraph 348, and elsewhere, in Your First Amended Complaint. |
| Abel RFP No. 12 | All Documents and Communications concerning services provided or proposed to be provided and the decision to hire Street Relations or Wallace. |
| Abel RFP No. 13 | All Documents and Communications reflecting or constituting agreements, whether draft or final, including contracts, retainer agreements, engagement letters, and promises memorialized via email or text message, between You and Street Relations or Wallace. |
| Abel RFP No. 14 | All Documents and Communications concerning the decision to engage Street Relations or Wallace. |
| Abel RFP No. 15 | All Documents and Communications reflecting any payments, refunds, retainers, incentives, moneys, consideration, inducements, promises to pay, or anything else of value provided to Street Relations or Wallace, by You, or anyone on Your behalf including, but not limited to, Freedman or Liner Freedman Taitelman + Cooley. |
| Abel RFP No. 16 | All Documents and Communications concerning any allegations, concerns, complaints or reports, whether formal or informal, oral or written, made to You about or against Ms. Lively related to the Film. |
| Abel RFP No. 17 | All Documents and Communications concerning any actual, alleged, or suspected harassment related to the Film. |

| Request for Production Number | Description |
| --- | --- |
| Abel RFP No. 18 | All Documents and Communications concerning any actual, alleged, or suspected discrimination related to the Film. |
| Abel RFP No. 19 | All Documents and Communications concerning any actual, alleged, or suspected retaliation related to the Film. |
| Abel RFP No. 20 | All Documents and Communications concerning any actual, alleged, or suspected workplace misconduct or other inappropriate behavior related to the Film. |
| Abel RFP No. 21 | All applicable insurance agreements under which any insurer may be liable to satisfy all or part of any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy all or part of any judgment. |
| Abel RFP No. 23 | All Documents, Communications, audio/video recordings, notes, or production logs concerning any intimate scenes related to the Film, whether or not included in any cut of the Film. |
| Abel RFP No. 24 | All Communications with any Person concerning efforts to gather information about Ms. Lively, including from her current or former cast, crew, colleague, employee, agent, or other associates. |
| Abel RFP No. 25 | All Communications with any Person concerning efforts to gather information about Mr. Reynolds, including from his current or former cast, crew, colleague, employee, agent, or other associates. |
| Abel RFP No. 26 | All Documents and Communications concerning efforts to seed, influence, manipulate, boost, amplify, or engage with Social Media related to the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, or the Actions. |

| Request for Production Number | Description |
|---|---|
|  |  |
| Abel RFP No. 27 | All Documents and Communications concerning the use of Social Media bots, trolls, troll farms, paid or incentivized accounts, or seeding, amplifying, boosting, or planting content. |
| Abel RFP No. 29 | Documents and Communications concerning strategies, plans, or efforts to influence the public perception of the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions. |
| Abel RFP No. 30 | All Documents and Communications concerning strategies, plans, or efforts to influence the public perception of any Wayfarer Defendant related to the Film. |
| Abel RFP No. 31 | All Social Media messages, comments, or posts (including drafts, as well as deleted messages, comments, or posts) requested, initiated, or made by You, either directly or indirectly concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions. |
| Abel RFP No. 32 | All Social Media messages, comments, or posts (including drafts, as well as deleted messages, comments, or posts) requested, initiated, or made by You, either directly or indirectly, concerning any Wayfarer Defendant related to the Film. |
| Abel RFP No. 38 | All Documents and Communications with media or Social Media outlets of any kind concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, the Actions, or any Wayfarer Defendant. |
| Abel RFP No. 40 | All Documents and Communications concerning the method for rendering "untraceable" any plan, program, strategy, or campaign by You, or any vendor, contractor, |

| Request for Production Number | Description |
|---|---|
| | or other third-party entity concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions. |
| Abel RFP No. 42 | All Documents and Communications concerning efforts to conceal or hide any aspect of the solicitation or procurement of any Social Media content, whether paid or unpaid, concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions. |
| Abel RFP No. 44 | Metadata for Social Media content of any kind, emails, or digital Communications concerning the authorship, timing, and modification history of posts, messages, articles, or other content (including, without limitation, drafts of such content) related to the Film, Ms. Lively, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions. |
| Abel RFP No. 45 | All Agreements or memoranda of understanding between You and Wayfarer and/or IEWU LLC from January 1, 2024 through the present. |
| Abel RFP No. 49 | Documents, such as phone billing records, sufficient to show all calls You made and/or received concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, the Digital Campaign, and/or the Actions from May 1, 2024 through the present. Non-responsive information may be redacted. |
| Abel RFP No. 50 | All Documents, including phone billing records, sufficient to show the calls You made and/or received to Sarowitz, Nathan, Wallace, or any Content Creator from May 1, 2024 through the present. Non-responsive information may be redacted. |

| Request for Production Number | Description |
|---|---|
| Abel RFP No. 53 | All Communications from the "PR Thread w/TAG" group text, cited on pages 148, 199, and 204 of the Wayfarer SDNY Complaint. |
| Abel RFP No. 54 | All Communications from the "JB PR (W/O JB)" group text, cited on page 171 of the Wayfarer SDNY Complaint. |
| Abel RFP No. 57 | All Documents and Communications demonstrating any tangible or intangible property that Ms. Lively and/or the Lively Parties, as that term is defined in the Wayfarer SDNY Complaint, obtained from any Wayfarer Defendant, as alleged in the Wayfarer SDNY Complaint. |
| Abel RFP No. 58 | All Documents and Communications concerning Your allegations in the Wayfarer SDNY Complaint that Ms. Lively made false accusations of sexual harassment against any Wayfarer Defendant. |
| Abel RFP No. 59 | All Documents and Communications demonstrating that any statements made in the CRD Complaint, as that term is defined in paragraph 4 of the Wayfarer SDNY Complaint, are false and/or not true. |
| Abel RFP No. 60 | All Documents and Communications demonstrating that any statements made in the Article, as that term is defined in paragraph 261 of the Wayfarer SDNY Complaint, are false and/or not true. |
| Abel RFP No. 61 | All Documents and Communications demonstrating that any allegations made in the Lively Complaint, are false and/or not true. |
| Abel RFP No. 62 | All Documents and Communications concerning Your allegation in paragraph 4 that Ms. Lively "worked for months with the . . . New York Times to prepare a false and damaging narrative to deploy against" any Wayfarer Defendant. |

| Request for Production Number | Description |
|---|---|
| Abel RFP No. 65 | All Documents and Communications demonstrating that Ms. Lively and/or the Lively Parties, as that term is defined in the Wayfarer SDNY Complaint, planned and implemented a "smear campaign against Baldoni and Wayfarer," as alleged in paragraph 15 of the Wayfarer SDNY Complaint. |
| Abel RFP No. 66 | All Documents and Communications demonstrating that neither You nor any of the Wayfarer Defendants planned and implemented a smear campaign against Ms. Lively, as alleged in paragraph 17 of the Wayfarer SDNY Complaint. |
| Abel RFP No. 67 | All Documents and Communications concerning Your allegations in the Wayfarer SDNY Complaint that Ms. Lively and Mr. Reynolds attempted to steal the Film from any Wayfarer Defendant. |
| Abel RFP No. 68 | All Documents and Communications concerning Your allegations in the Wayfarer SDNY Complaint that Ms. Lively and Mr. Reynolds stole the Film from any Wayfarer Defendant. |
| Abel RFP No. 69 | All Documents and Communications concerning Your allegations that Ms. Lively had a "reputation for being difficult to work with" or had "longstanding reputational challenges," as alleged in paragraph 26 and 284 of the Wayfarer SDNY Complaint. |
| Abel RFP No. 70 | All Documents and Communications concerning Ms. Lively's "undue influence" over the Film, as alleged in paragraph 52 of the Wayfarer SDNY Complaint. |
| Abel RFP No. 71 | All notes, or handwritten notes, referenced in the Wayfarer SDNY Complaint. |

| Request for Production Number | Description |
|---|---|
| Abel RFP No. 72 | All Documents and Communications concerning Your allegations in paragraph 162 of the Wayfarer SDNY Complaint that Ms. Lively "falsely (and ironically) allege[d] Baldoni set out on a 'smear campaign.'" |
| Abel RFP No. 73 | All Documents and Communications concerning the agreement between Ms. Sloane and Nathan, as alleged in paragraph 187 of the Wayfarer SDNY Complaint. |
| Abel RFP No. 74 | All Documents and Communications concerning Your allegation in paragraph 187 of the Wayfarer SDNY Complaint that Ms. Sloane "disseminate[d] false and defamatory stories about Baldoni and Wayfarer." |
| Abel RFP No. 75 | All Documents and Communications concerning Your allegation in paragraph 190 of the Wayfarer SDNY Complaint that Ms. Sloane "seed[ed] false information to cast Baldoni in a negative light." |
| Abel RFP No. 76 | All Documents and Communications concerning Your allegation in paragraph 192 of the Wayfarer SDNY Complaint that, Ms. Sloane "had provided the [Daily Mail] reporter with information that significantly altered the narrative of the published story" or "planted false and defamatory information about Baldoni[.]" |
| Abel RFP No. 77 | All Documents and Communications concerning the "massive PR crisis" involving Wayfarer and You as alleged in paragraphs 226 and 227 of the Wayfarer SDNY Complaint. |
| Abel RFP No. 78 | All Documents and Communications concerning Your retention of Nathan as a "crisis PR specialist," as alleged in paragraphs 226 and 227 of the Wayfarer SDNY Complaint. |

| Request for Production Number | Description |
|---|---|
| Abel RFP No. 79 | All Documents and Communications concerning Your allegation in paragraph 227 of the Wayfarer SDNY Complaint that "a negative story was being 'shopped' around to multiple outlets, positioning Baldoni's religion as a 'cult' and accusing Baldoni of having 'fat shamed' Lively." |
| Abel RFP No. 80 | All Documents and Communications concerning Your allegation in paragraph 247 of the Wayfarer SDNY Complaint that You "became [an] object[] of public scorn and derision overnight." |
| Abel RFP No. 81 | All Documents and Communications concerning Your allegation in paragraph 247 of the Wayfarer SDNY Complaint that both Nathan's and Your "careers and reputations have been destroyed, their private information leaked, and their email inboxes and social media pages filled with a daily stream of death threats, abuse, and vile antisemitic remarks." |
| Abel RFP No. 82 | All Documents and Communications concerning the August 12, 2024 call between Heath and Abel, on the one hand, and "two executives from their then talent agency," on the other hand, as alleged in paragraphs 250 through 252 of the Wayfarer SDNY Complaint. |
| Abel RFP No. 83 | All Documents and Communications concerning Your allegation in paragraph 251 of the Wayfarer SDNY Complaint that Nathan "disabused the executives of th[e] notion" that "Wayfarer, Baldoni and Heath were waging a shadow campaign against [Ms. Lively]." |
| Abel RFP No. 84 | All Documents and Communications concerning the August 13, 2024, call between Heath and Abel, on the one hand, and "talent agency executives," on the other hand, as alleged in paragraphs 253 through 255 of the Wayfarer SDNY Complaint. |

| Request for Production Number | Description |
|---|---|
| | |
| Abel RFP No. 85 | All Documents and Communications concerning Your allegation that Ms. Lively provided a copy of her CRD Complaint to The Times prior to filing it on December 20, 2024, as alleged in paragraphs 264 through 270 of the Wayfarer SDNY Complaint. |
| Abel RFP No. 86 | All Documents and Communications concerning Your allegations in paragraphs 274, 283 and 287 of the Wayfarer SDNY Complaint that the "complete communications" and "objective evidence" unequivocally contradict claims that "the Wayfarer [Defendants] orchestrated a premeditated smear campaign." |
| Abel RFP No. 87 | All Documents and Communications concerning Your allegation in paragraph 299 of the Wayfarer SDNY Complaint that, Ms. Lively or her employees, agents, or representatives "have cost the Wayfarer [Defendants] their film, their reputations, their future prospects, even their talent agency." |
| Abel RFP No. 88 | All Documents and Communications concerning any business opportunities, contracts, endorsements, or employment offers that You claim were withdrawn, delayed, or otherwise impacted due to the alleged conduct of Ms. Lively for which You seek to recover damages. |
| Abel RFP No. 89 | All Documents and Communications concerning any claim of lost earnings or future lost earnings relating to the alleged conduct of Ms. Lively for which You seek to recover, including, but not limited to, salary records, employment contracts, anticipated revenue from business ventures, creative projects, endorsement deals, and projections of income. |
| Abel RFP No. 90 | All Documents and Communications concerning any harm to Your reputation, as |

| Request for Production Number | Description |
|---|---|
| | alleged in paragraph 299 of the Wayfarer SDNY Complaint, including, but not limited to, Communications with employers, agents, studios, production companies, advertisers, or other business partners regarding any reduction, termination, or modification of contracts, business deals, or opportunities. |
| Abel RFP No. 91 | All Documents and Communications in which You discuss or document any alleged emotional distress, humiliation, embarrassment, or loss of enjoyment of life caused by the Lively Parties, as that term is defined in the Wayfarer SDNY Complaint, alleged actions. |
| Abel RFP No. 92 | All Documents and Communications concerning any efforts You have taken to mitigate or reduce the damages You claim(s), including efforts to obtain alternative business opportunities, employment, partnerships, creative projects or public relations efforts to restore Your reputation. |
| Abel RFP No. 93 | All Documents and Communications concerning any payments, settlements, compensation, insurance proceeds, or other financial recovery received in connection with any of the damages alleged in the Wayfarer SDNY Complaint. |
| Abel RFP No. 94 | Documents sufficient to show all folders and subfolders of any email account from July 1, 2024 to the present, for which You (i) provided access to Content Creators or the media, or (ii) used to communicate talking points, guidelines, scripts, or messaging of any kind, regarding Ms. Lively and/or the Lively Parties, as that term is defined in the Wayfarer SDNY Complaint, including but not limited to the entire inbox folder, outbox folder, draft folder, archive folder, junk folder, or any other folder, regardless of whether any email was sent or received, and all metadata related thereto. For the sake of clarity, |

| Request for Production Number | Description |
|---|---|
| | "provided access to" shall include any method by which access may be provided, including but not limited to by sharing the email account password or screen sharing the contents of any email folder. |
| Abel RFP No. 95 | All Documents and Communications contained within any folder or subfolder identified and/or produced in response to Request No. 94. |
| Abel RFP No. 96 | With respect to any email account identified and/or produced in response to Request No. 94, all Documents and Communications, including but not limited to drafts, ever placed in any folder of such email account, regardless of whether or not any email reflecting such Documents and/or Communications was sent or received. |
| Abel RFP No. 97 | All Documents and Communications concerning the amount or calculation of any damages that You allege to have suffered as a result of Ms. Lively and/or the Lively Parties, as that term is defined in the Wayfarer SDNY Complaint. |
| Abel RFP No. 100 | All Documents and Communications with or concerning Candace Owens regarding Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, or the Lively/Reynolds Companies. |
| Abel RFP No. 101 | All Documents and Communications concerning any Payments offered, made, received, or promised to Candace Owens or anyone on her behalf that relate to Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, or the Lively/Reynolds Companies. |
| Abel RFP No. 102 | All Documents and Communications with or concerning Perez Hilton regarding Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, or the Lively/Reynolds Companies. |

| Request for Production Number | Description |
|---|---|
| | |
| Abel RFP No. 103 | All Documents and Communications concerning any Payments offered, made, received, or promised to Perez Hilton or anyone on his behalf that relate to Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, or the Lively/Reynolds Companies. |
| Abel RFP No. 104 | All Documents and Communications with or concerning Andy Signore regarding Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, or the Lively/Reynolds Companies. |
| Abel RFP No. 105 | All Documents and Communications concerning any Payments offered, made, received, or promised to Andy Signore or anyone on his behalf that relate to Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, or the Lively/Reynolds Companies. |
| Abel RFP No. 106 | All Documents and Communications with or concerning Billy Bush regarding Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, or the Lively/Reynolds Companies. |
| Abel RFP No. 107 | All Documents and Communications concerning any Payments offered, made, received, or promised to Billy Bush or anyone on his behalf that relate to Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, or the Lively/Reynolds Companies. |
| Abel RFP No. 108 | All Documents and Communications reflecting or concerning any information shared with Content Creators or the media in any way, whether through email, messaging platform, Social Media, document collaboration platforms, or cloud sharing platforms (including without limitation Google Drive, Google Docs, Microsoft OneDrive, Dropbox, Box, iCloud Drive, and SharePoint). |

| Request for Production Number | Description |
|---|---|
| Abel RFP No. 109 | All Documents and Communications (including screenshots) reflecting Signal threads, messages, metadata, group communications, group chats, or automated deletion information, involving You and any other Wayfarer Defendant from August 1, 2024 through the present. |
| Abel RFP No. 110 | All Documents and Communications (including screenshots) reflecting Discord apps, channels, threads, messages, metadata, group communications, group chats, or automated deletion information, involving You and any other Wayfarer Defendant from August 1, 2024 through the present. |
| Abel RFP No. 111 | All Documents and Communications (including screenshots) reflecting Signal threads, messages, metadata, group communications, group chats, or automated deletion information, involving You and Wallace, or any individual or platform-specific specialist who worked with Wallace or to whom You were directly or indirectly introduced via Wallace. |
| Abel RFP No. 112 | All Documents and Communications (including screenshots) reflecting Discord apps, channels, threads, messages, metadata, group communications, group chats, or automated deletion information, involving You and any other Wayfarer Defendant. |
| Abel RFP No. 113 | All calendar or meeting invitations received or conveyed by You concerning Your engagement of Jonesworks or TAG, or the work performed or contemplated to be performed in connection thereto, or concerning Baldoni or Wayfarer from May 1, 2024 to December 20, 2024. |

| Request for Production Number | Description |
|---|---|
| Abel RFP No. 114 | All Documents and Communications regarding meetings or activities in New York in connection with Your engagement or TAG, Street Relations, or Wallace, including any activities contemplated or conducted in relation thereto. |
| Abel RFP No. 115 | All Documents and Communications regarding algorithms, SEOs, fingerprints, Reddit, or narratives from August 1, 2024 to August 30, 2024. |
| Abel RFP No. 117 | All Documents and Communications reflecting or concerning any Google Document link shared with Content Creators, including but not limited to Megyn Kelly, Andy Signore, Popcorned Planet, Candace Owens, Perez Hilton, or their agents. |
| Abel RFP No. 118 | All Documents and Communications regarding alleged or actual human resources violations or complaints, formal or informal, by or about Baldoni or any Wayfarer Party. |
| Abel RFP No. 119 | All Documents and Communications regarding platform-specific specialists. |
| Abel RFP No. 120 | All Documents and Communications with Katie Case or Breanna Koslow regarding digital activity, plans, or efforts of any kind. |
| Abel RFP No. 121 | All Documents and Communications with James Knobloch, Henry Hargitai, or Matthew Gibson involving or regarding Lively, Wallace, Nathan, TAG, or the Digital Campaign. |

# manatt

**Esra A. Hudson**
Direct Dial:  310-312-4381
ehudson@manatt.com

July 29, 2025

<u>**VIA ELECTRONIC MAIL**</u>

Bryan Freedman
Liner Freedman Taitelman + Cooley LLP
1801 Century Park West, 5th Floor
Los Angeles, CA 90067

Kevin A. Fritz
Meister Seelig & Fein LLP
125 Park Avenue, 7th Floor
New York, NY 10017

Counsel:

On behalf of our client Plaintiff Blake Lively ("Ms. Lively"), we write to address ongoing issues and deficiencies in Defendant Justin Baldoni's ("Baldoni") document productions. As discussed further below, Baldoni's productions appear deficient, with respect to Ms. Lively's Requests for Production ("RFPs") for which no information has been produced and the sweeping categories of RFPs for which there are only minimal and seemingly incomplete productions.  In addition, Baldoni's productions reflect incomplete document collection efforts and improper limitations as to timeframe. Accordingly, please review this letter and be prepared to address the issues identified below as part of a conferral on or before Wednesday, July 30.

## I.     <u>Baldoni's Failure to Produce Documents Responsive to Ms. Lively's RFPs.</u>

Despite agreeing to produce documents within his possession, custody, and control, Baldoni has not produced any documents responsive to 38 of Ms. Lively's requests (of the 151 RFPs served on Mr. Baldoni), which are identified in **Exhibit A** hereto.  This is especially troubling given that many of the RFPs should be readily available, including, *inter alia*, (i) all documents referencing and/or supporting allegations made in the Wayfarer SDNY Complaint; (ii) documents concerning discrimination related to the Film and complaints and grievances more generally; (iii) documents regarding any agreements or engagements bearing on the Digital Campaign; (iv) documents regarding the Actions (beside the CRD materials); and (v) phone records. If Baldoni has, in fact, produced documents responsive to the requests identified in **Exhibit A** please identify them by Bates number. Alternatively, please immediately produce these documents or, to the extent these documents are somehow not within Baldoni's possession, custody, or control, amend his responses to reflect the same.

# manatt

## II.   Other Document Productions Confirm that Baldoni's Document Productions Are Incomplete.

To date, Baldoni has produced a total of 3,984 documents.  Based on our review, it is apparent that what Baldoni has produced remains incomplete.  For example, Baldoni agreed to produce documents and communications concerning the January 4, 2024, meeting with Ms. Lively and Mr. Reynolds (i.e., RFP No. 111); however, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Similarly, Baldoni agreed to produce documents and communications regarding Ms. Lively's "17-point Return to Production Demands" (i.e., RFP No. 98), but there were minimal communications produced. Given the significance of this meeting and the list, and that there were extensive discussions between the parties in relation to Ms. Lively's return to production, it cannot be the case that all responsive communications have been produced in connection with these Requests. Indeed, illustrating this point, it appears that Mr. Baldoni's communications regarding these topics appear in other productions but are missing from his. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Baldoni also agreed to produce all documents and communications with, and concerning services provided by Abel and Nathan (i.e., RFP Nos. 14-15, 18-20, 40-42).  Despite this, Baldoni's production has included only approximately (i) 116 email communications and 86 text communications with Abel, (ii) and 3 email and 69 text communications with Nathan. Of note, the text communications with Abel appear to have been produced only as of July 2024 (despite a longstanding relationship and pleaded relevant communications preceding that date, e.g., Lively Amended Complaint ¶ 35) and do not extend beyond December 2024. Further, the text communications with Nathan appear to extend only through September 6, 2024, which is difficult to believe given that Wayfarer had engaged TAG and/or the larger "social team" for a monthly retainer starting in August 2024. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Given that Baldoni had a relationship with Abel, along with a relationship starting in/around August with Nathan, and given that these individuals were deeply involved in the crisis PR litigation that ensued, we would expect Baldoni's production to include more than the narrow set of communications produced.

Additionally, Baldoni agreed to produce all documents and communications concerning the use of Social Media bots, trolls, troll farms, paid or incentivized accounts, or seeding, amplifying, boosting, or planting content. See RFP No. 39. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ It is difficult to believe that the only responsive communications in connection with this Request involving Mr. Baldoni are those that Ms. Lively has already obtained. Please confirm all responsive communications have been produced in response to RFP No. 39.

# manatt

Further, it is obvious that Baldoni has failed to provide the underlying materials where such materials are known to exist, such as those that those have been cited in the Wayfarer SDNY Complaint and its accompanying Exhibit A. While Ms. Lively had requested those materials—notably, in RFP No. 63, from the "Dream Team" group chat, Baldoni has only produced *some* of the text messages from that group chat cited in the Wayfarer SDNY Complaint. All such communications and documents must be produced in full form.

Given these clear gaps in Baldoni's production, please confirm that Baldoni will re-review his collection to cure the deficiencies identified above.  In the unlikely event that there are no additional responsive documents within Baldoni's possession, custody or control, please confirm the same in writing.

## III.    Baldoni Has Not Produced Any Communications Created After December 2024

Based on our review of Baldoni's productions, he has failed to produce any responsive communications created after December 6, 2024; in fact, the most recent communication produced by Baldoni is dated December 16, 2024. (*See* BALDONI_000013969).  However, as you know, Ms. Lively claims that the retaliatory smear campaign is ongoing and, recognizing this, the Court rejected the Wayfarer Defendants' attempt to limit the relevant period to December 21, 2024. (*See, e.g.*, ECF No. 355, at 3-4.)  Accordingly, please confirm that Baldoni will immediately produce all responsive documents through the **present** (unless indicated otherwise).

## IV.    Baldoni's Redactions Do Not Comply with the Parties' ESI Stipulation.

Under the parties' stipulated and ordered ESI Protocol, Baldoni agreed in Section 4 to indicate the basis for redactions. In particular, under Section 4(a)(i), "Any privilege redactions shall be clearly indicated on the face of the Document with the redaction designation making clear the reason for the redaction (e.g., "Redacted - Privileged")"; under Section 4(a)(iii), "Personally-Identifiable Information shall be redacted with a black box, and under Section 4(a)(iii), "Any non-responsive redactions shall be clearly indicated on the face of the Document with the redaction designation making clear the reason for the redaction (e.g., "Redacted – NR")." ECF No. 212. Notwithstanding this agreement, all of Baldoni's redactions appear to use "black box" redactions in disregard of the ESI Protocol and the type of material being redacted. By way of limited example (among at least 70 documents), BALDONI_000019088, BALDONI_000021200, BALDONI_000021339, BALDONI_000021359, and BALDONI_000021394 each appear to redact content that is not Personally-Identifiable Information, and in certain cases, potentially redacts the sender of the message as well. Please confirm Baldoni's redactions will be revisited and amended to comply with the ESI Protocol.

## V.    Baldoni's Production Deficiencies Raise Major Concerns Regarding Collection Efforts.

The deficiencies identified above make clear that Baldoni has failed to diligently collect and produce documents, as the parties agreed to under the ESI Protocol and in accordance with Rule 26 of the Federal Rules of Civil Procedure. And, given that several of the Wayfarer Defendants (including Jamey Heath) have admitted to using ephemeral messaging platforms like Signal, this, in turn, raises serious preservation and, potentially, spoliation concerns.  Accordingly, to assess the extent of Baldoni's deficiencies, we demand that Baldoni agree, by **July 30, 2025 at 5 pm EST**, to provide Ms. Lively with

# manatt

the following information: (i) the repositories that were collected from (including any personal email accounts); and (ii) the search terms and date range (if any) applied. We also hereby demand that, by the same time, Baldoni confirm in writing that a manual review of all messaging communications with and among any party to the litigation was completed pursuant to section 2(c) of the ESI Stipulation. Based on the information that Baldoni provides, Ms. Lively reserves the right to demand that Baldoni re-visit his collection efforts to address any issues identified.

\* \* \*

Ms. Lively expressly reserves all rights to raise further deficiencies in addition to those raised herein. All other rights reserved.

Very truly yours,

Esra A. Hudson

cc.    Attorneys of Record

# EXHIBIT A

| Request for Production Number | Description |
|---|---|
| Baldoni RFP No. 9 | All Documents and Communications concerning the Actions between You and any Wayfarer Defendant, Sony, WME, Jonesworks, any media outlet of any kind, any Social Media accounts or influencers or other individuals who maintain a public online presence, or any cast or crew members of the Film, and any directors, officers, employees, agents, or contractors thereof. |
| Baldoni RFP No. 11 | All Documents and Communications reflecting or constituting agreements, whether draft or final, between You and WME concerning the Film, Ms. Lively, any Wayfarer Defendant, or Mr. Reynolds, including as alleged in Paragraph 348, and elsewhere, in Your First Amended Complaint. |
| Baldoni RFP No. 12 | All Documents and Communications reflecting or constituting agreements, whether draft or final, including contracts, retainer agreements, engagement letters, and promises memorialized via email or text message, between You and TAG PR. |
| Baldoni RFP No. 14 | All Documents and Communications reflecting or constituting agreements, whether draft or final, including contracts, retainer agreements, engagement letters, and promises memorialized via email or text message, between You and Abel. |
| Baldoni RFP No. 16 | All Documents and Communications reflecting or constituting agreements, whether draft or final, including contracts, retainer agreements, engagement letters, and promises memorialized via email or text message, between You and Jonesworks. |
| Baldoni RFP No. 18 | All Documents and Communications reflecting or constituting agreements, whether draft or final, including contracts, retainer agreements, engagement letters, and promises |

| Request for Production Number | Description |
|---|---|
| | memorialized via email or text message, between You and Street Relations or Wallace. |
| Baldoni RFP No. 20 | All Documents and Communications reflecting any payments, refunds, retainers, incentives, moneys, consideration, inducements, promises to pay, or anything else of value provided to Street Relations or Wallace, by You, or anyone on Your behalf including, but not limited to, Freedman or Liner Freedman Taitelman + Cooley. |
| Baldoni RFP No. 23 | All Documents and Communications concerning any actual, alleged, or suspected discrimination related to the Film. |
| Baldoni RFP No. 26 | All Documents concerning any complaint, grievance, or report filed against You, whether in court or arbitration, or with a state, local, or federal agency, in the past 10 years concerning misconduct, discrimination, harassment, or retaliation, including, without limitations, any pleadings, deposition transcripts, and settlement agreements. |
| Baldoni RFP No. 29 | All applicable insurance agreements under which any insurer may be liable to satisfy all or part of any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy all or part of any judgment. |
| Baldoni RFP No. 30 | All Documents and Communications concerning interviews of or statements by any individual concerning any allegation asserted by Ms. Lively in the Action that You have obtained, received, or recorded. |
| Baldoni RFP No. 35 | All Communications with any Person concerning efforts to gather information about Mr. Reynolds, including from his current or former cast, crew, colleague, employee, agent, or other associates. |

| Request for Production Number | Description |
|---|---|
| Baldoni RFP No. 48 | All Documents and Communications concerning any payment, wire transfer, exchange of funds (whether in dollars, foreign currency, or any form of electronic or cryptocurrency), promises to pay, or exchange of anything else of value with any Person, whether directly or indirectly, including through Freedman or Liner Freedman Taitelman + Cooley, concerning the Actions. |
| Baldoni RFP No. 55 | All Documents and Communications concerning any agreement for confidentiality protections related to Ms. Lively or the Actions. |
| Baldoni RFP No. 56 | Metadata for Social Media content of any kind, emails, or digital Communications concerning the authorship, timing, and modification history of posts, messages, articles, or other content (including, without limitation, drafts of such content) related to the Film, Ms. Lively, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions. |
| Baldoni RFP No. 62 | Documents, such as phone billing records, sufficient to show all calls You made and/or received concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, the Digital Campaign, and/or the Actions from May 1, 2024 through the present. Non-responsive information may be redacted. |
| Baldoni RFP No. 103 | All Documents and Communications concerning Your allegations in paragraph 77 of the Wayfarer SDNY Complaint that Wayfarer risked "los[ing] millions of dollars" or "destroy[ing] [its] relationship with Sony." |
| Baldoni RFP No. 106 | All Documents and Communications concerning Your allegation in paragraph 91 of the Wayfarer SDNY Complaint that Ms. Lively "engaged in unchoreographed kissing scenes." |

| Request for Production Number | Description |
| --- | --- |
| | |
| Baldoni RFP No. 107 | All Documents and Communications concerning Your allegations in paragraph 92 of the Wayfarer SDNY Complaint that "the only two kissing scenes filmed during the initial filming period were both scenes that included kisses as written in the script" and "the[] kissing scenes were not improvised." |
| Baldoni RFP No. 109 | All Documents and Communications concerning Your allegation in paragraph 101 of the Wayfarer SDNY Complaint that Ms. Lively "falsely suggest[ed] that she was shown pornography or naked images of Heath's wife on set." |
| Baldoni RFP No. 120 | All Documents and Communications concerning Your allegation in paragraph 162 of the Wayfarer SDNY Complaint that Mr. Reynolds "suggest[ed]" to WME that it was "working with a 'sexual predator'" and "demanded that [WME] 'drop' Baldoni." |
| Baldoni RFP No. 123 | All Documents and Communications concerning Your allegations in paragraph 166 of the Wayfarer SDNY Complaint that, Ms. Lively "threatened that if Baldoni attended the premiere, she and the majority of the cast would boycott." |
| Baldoni RFP No. 128 | All Documents and Communications concerning Your allegation in paragraph 192 of the Wayfarer SDNY Complaint that, Ms. Sloane "had provided the [Daily Mail] reporter with information that significantly altered the narrative of the published story" or "planted false and defamatory information about Baldoni[.]" |
| Baldoni RFP No. 133 | All Documents and Communications concerning Your allegation in paragraph 247 of the Wayfarer SDNY Complaint that "Baldoni [has been] wrongfully labeled as a sex pest, his accolades rescinded, and his future projects thrown into doubt." |

| Request for Production Number | Description |
|---|---|
| Baldoni RFP No. 134 | All Documents and Communications concerning the August 12, 2024 call between Heath and Abel, on the one hand, and "two executives from their then talent agency," on the other hand, as alleged in paragraphs 250 through 252 of the Wayfarer SDNY Complaint. |
| Baldoni RFP No. 135 | All Documents and Communications concerning Your allegation in paragraph 251 of the Wayfarer SDNY Complaint that Nathan "disabused the executives of th[e] notion" that "Wayfarer, Baldoni and Heath were waging a shadow campaign against [Ms. Lively]." |
| Baldoni RFP No. 136 | All Documents and Communications concerning the August 13, 2024, call between Heath and Abel, on the one hand, and "talent agency executives," on the other hand, as alleged in paragraphs 253 through 255 of the Wayfarer SDNY Complaint. |
| Baldoni RFP No. 137 | All Documents and Communications concerning Your allegation that Ms. Lively provided a copy of her CRD Complaint to The Times prior to filing it on December 20, 2024, as alleged in paragraphs 264 through 270 of the Wayfarer SDNY Complaint. |
| Baldoni RFP No. 138 | All Documents and Communications concerning Your allegations in paragraphs 274, 283 and 287 of the Wayfarer SDNY Complaint that the "complete communications" and "objective evidence" unequivocally contradict claims that "the Wayfarer [Defendants] orchestrated a premeditated smear campaign." |
| Baldoni RFP No. 139 | All Documents and Communications concerning Your allegation in paragraph 299 of the Wayfarer SDNY Complaint that, Ms. Lively or her employees, agents, or representatives "have cost the Wayfarer |

| Request for Production Number | Description |
|---|---|
| | [Defendants] their film, their reputations, their future prospects, even their talent agency." |
| Baldoni RFP No. 140 | All Documents and Communications concerning any business opportunities, contracts, endorsements, or employment offers that You claim were withdrawn, delayed, or otherwise impacted due to the alleged conduct of Ms. Lively for which You seek to recover damages. |
| Baldoni RFP No. 141 | All Documents and Communications concerning any claim of lost earnings or future lost earnings relating to the alleged conduct of Ms. Lively for which You seek to recover, including, but not limited to, salary records, employment contracts, anticipated revenue from business ventures, creative projects, endorsement deals, and projections of income. |
| Baldoni RFP No. 144 | All Documents and Communications concerning any efforts You have taken to mitigate or reduce the damages You claim(s), including efforts to obtain alternative business opportunities, employment, partnerships, creative projects or public relations efforts to restore Your reputation. |
| Baldoni RFP No. 145 | All Documents and Communications concerning any payments, settlements, compensation, insurance proceeds, or other financial recovery received in connection with any of the damages alleged in the Wayfarer SDNY Complaint. |
| Baldoni RFP No. 146 | Documents sufficient to show all folders and subfolders of any email account from July 1, 2024 to the present, for which You (i) provided access to Content Creators or the media, or (ii) used to communicate talking points, guidelines, scripts, or messaging of any kind, regarding Ms. Lively and/or the Lively Parties, as that term is defined in the |

| Request for Production Number | Description |
|---|---|
| | Wayfarer SDNY Complaint, including but not limited to the entire inbox folder, outbox folder, draft folder, archive folder, junk folder, or any other folder, regardless of whether any email was sent or received, and all metadata related thereto. For the sake of clarity, "provided access to" shall include any method by which access may be provided, including but not limited to by sharing the email account password or screen sharing the contents of any email folder. |
| Baldoni RFP No. 147 | All Documents and Communications contained within any folder or subfolder identified and/or produced in response to Request No. 146. |
| Baldoni RFP No. 148 | With respect to any email account identified and/or produced in response to Request No. 146, all Documents and Communications, including but not limited to drafts, ever placed in any folder of such email account, regardless of whether or not any email reflecting such Documents and/or Communications was sent or received. |
| Baldoni RFP No. 149 | All Documents and Communications concerning the amount or calculation of any damages that You allege to have suffered as a result of Ms. Lively and/or the Lively Parties, as that term is defined in the Wayfarer SDNY Complaint. |

# manatt

**Esra A. Hudson**
Direct Dial:  310-312-4381
ehudson@manatt.com

July 29, 2025

**VIA ELECTRONIC MAIL**

Bryan Freedman
Liner Freedman Taitelman + Cooley LLP
1801 Century Park West, 5th Floor
Los Angeles, CA 90067

Kevin A. Fritz
Meister Seelig & Fein LLP
125 Park Avenue, 7th Floor
New York, NY 10017

Counsel:

On behalf of our client Plaintiff Blake Lively ("Ms. Lively"), we write to address ongoing issues and deficiencies in Defendants Melissa Nathan ("Nathan") and The Agency Group's ("TAG") (together, the "TAG Defendants") document productions. As discussed further below, the TAG Defendants have fallen well-short of meeting their production obligation.  For instance, the TAG Defendants have failed to produce any documents responsive to many of the Requests for Production ("RFPs"), including 55 served to TAG and 83 served to Nathan.  As for what the TAG Defendants *have* produced, it is readily apparent that this too remains incomplete: among other things, entire communications between and amongst the Wayfarer Parties remain missing and entire categories of responsive documents are either missing or are woefully incomplete. These deficiencies, in turn, raise serious concerns with respect to the TAG Defendants' document preservation and collection efforts. Accordingly, please review this letter and be prepared to address the issues identified below as part of a conferral on or before Wednesday, July 30.

## I.    The TAG Defendants' Failure to Produce Documents Responsive to Ms. Lively's RFPs.

Despite agreeing to produce documents within their possession, custody, and control, TAG and Nathan have not produced any documents responsive to more than 55 and 83, respectively, which are identified in **Exhibits A and B** hereto.  This is especially troubling given that many of the RFPs should be readily available, including, *inter alia*, (i) communications with Content Creators that the TAG Defendants admitted engaging with, of which no documents whatsoever have been produced;[1] (ii)

---

[1] Notably, the TAG Defendants produced, in some instances, ███████████████████████████████████████████████████████. TAG also did not produce communications with content creators and reporters concerning statements made about the actions, despite those creators and reporters sharing in their outlets and on their social media profiles what appear to be statements directly shared by TAG. By way of Andy Signore recently shared what appears to be a Google Document link containing a statement from Mr. Freedman that the TAG Defendants have not produced.

# manatt

July 29, 2025
Page 2

documents concerning Ms. Lively's allegations of an unsafe environment on set and the TAG Defendants' assertion that such allegations are false; and (iii) all documents and communications concerning the use of Signal, Discord, or any other communication platform used between the TAG Defendants and any other Wayfarer Defendant and others.

To the extent the TAG Defendants claim that they have, in fact, produced documents responsive to the requests identified in **Exhibits A and B**, please identify them by Bates number. Alternatively, please immediately produce these documents or, to the extent these documents are somehow not within the TAG Defendants' possession, custody, or control, amend the TAG Defendants' responses to reflect the same.

## II.     The TAG Defendants' Document Productions Confirm They Are Incomplete.

To date, TAG and Nathan have produced a total of 300 and 1,723 documents, respectively. As stated above, this production is plainly incomplete. Without limitation, examples of such failures are set forth below.

- TAG agreed, but failed, to produce documents concerning its personnel policies, organizational structure, document retention policies, and allegations of discrimination, harassment or retaliation. (TAG RFP No. 46.)
- The TAG Defendants agreed to produce communications with Street Relations or Jed Wallace (the "Wallace Defendants"), all documents and communications concerning services provided or proposed to be provided by the Wallace Defendants, agreements with the Wallace Defendants, payments to Wallace Defendants, and relevant communications with the Wallace Defendants. (Nathan RFP Nos. 12-15; TAG RFP Nos. 12-15.) The TAG Defendants largely failed to do so. Indeed, the TAG Defendants produced only limited documents and communications with Mr. Wallace and Street Relations (a handful of emails), despite text messages ███████████████████████████████████████████████████████████ It appears that the TAG Defendants produced only a handful of emails with Mr. Wallace and no text or Signal communications.[2]
- The TAG Defendants agreed to produce documents and communications with Content Creators "concerning Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, the Lively/ Reynolds Companies, or the Digital Campaign." (Nathan RFP Nos. 100-107; TAG RFP Nos. 68-75.) But, despite confirming that the TAG Defendants had responsive communications with at least Candace Owens, Perez Hilton, Andy Signore, Billy Bush and Sage Steele, the TAG

---

*See* Popcorned Planet (@PopcornedPlanet), Youtube, EXCLUSIVE! Justin Baldoni DROPS His Case Against Blake Lively!? - Lawyers React, (Jun. 24, 2025) https://www.youtube.com/watch?v=bpp2KK0-I7M&t. In addition, Billy Bush appears to have received text communications from the TAG Defendants, yet those documents have not bene produced. *See* Billy Bush (@HotMicswithBillyBush), Youtube, A War is Raging Underneath Blake Lively & Justin Baldoni, (May. 23, 2025) https://www.youtube.com/watch?v=BPL73ACIhDM&t=604s.

[2] For example, the ████████████████████████████████████████████████████████████████████ Please confirm that the TAG Defendants will re-review their collection and produce responsive documents.

# manatt

July 29, 2025
Page 3

Defendants did not produce a single communication with these creators, nor did they produce any documents related to or reflecting the same. The same goes for reporters. ██████████

- The TAG Defendants also agreed to produce documents and communications concerning any actual, alleged, or suspected harassment, discrimination, retaliation or other misconduct related to the Film. (Nathan RFP Nos. 17-20; TAG RFP Nos. 17-20.) Despite documents acknowledging such issues on set, no such documents were produced (including, for example, the TAG Defendants' notes regarding conversations with their clients or other cast and crew members).
- The TAG Defendants also have not produced communications concerning efforts to gather information about Ms. Lively, including from her current or former cast, crew, colleague, employee, agent, or other associates. (Nathan RFP No. 24; TAG RFP No. 24.)

Perhaps most troubling, despite spearheading the retaliatory smear campaign—a campaign that Defendant Nathan stressed would be "*untraceable*"—few responsive documents have been produced. Among other things, the TAG Defendants have failed to produce communications related to the Digital Campaign and efforts to influence press narratives around Ms. Lively, the Wayfarer Defendants, the Film, and the Action, including communications and documents concerning (1) efforts to seed, influence, manipulate, boost, amplify, or engage with Social Media (Nathan RFP No. 26; TAG RFP No. 26), including the solicitation of social media content (Nathan RFP No. 41; TAG RFP No. 41), (2) strategy and planning documents (producing only one or two from August 2024) (Nathan RFP No. 40; TAG RFP Nos. 40, 47), (3) related payments (Nathan RFP Nos. 15, 37, 101-107; TAG RFP Nos. 15, 37, 68-75), (4) draft social media posts, comments, etc. (Nathan RFP Nos. 31, 32; TAG RFP Nos. 31, 32), (5) press statements regarding the Action (Nathan RFP No. 39; TAG RFP No. 39), (6) metadata for social media content (Nathan RFP No. 44; TAG RFP No. 44), and (7) phone records (Nathan RFP Nos. 48, 49; TAG RFP Nos. 54, 55.) But, worst of all, the TAG Defendants have not produced the very text messages identified in Ms. Lively's Amended Complaint, in which Ms. Nathan described the digital campaign as "untraceable" and separately bragged about being able to "bury anyone." ██████████

Given these clear gaps in the TAG Defendants' production, please confirm that the TAG Defendants' will re-review their collections to cure the deficiencies identified above. In the unlikely event that there are no additional responsive documents within the TAG Defendants' possession, custody or control, please confirm the same in writing.

## III.    The TAG Defendants Have Not Produced Any Communications Created After December 2024.

Based on our review of the TAG Defendants' productions, they have failed to produce any responsive communications created after December 2024; in fact, the most recent communications produced by TAG and Nathan are dated December 20, 2024. (*See* TAG_000000154,

# manatt

July 29, 2025
Page 4

NATHAN_000000224.)   As you well-know, however, Ms. Lively claims that the retaliatory smear campaign is ongoing and, recognizing this, the Court rejected the Wayfarer Defendants' attempt to limit the relevant period to December 21, 2024.  (*See* ECF No. 355, at 3-4.)  Accordingly, please confirm that the TAG Defendants will immediately produce all responsive documents through the **present** (unless indicated otherwise).

## IV.    The TAG Defendants' Redactions Do Not Comply with the Parties' ESI Stipulation.

Under the parties' stipulated and ordered ESI Protocol, the TAG Defendants agreed in Section 4 to indicate the basis for redactions. In particular, under Section 4(a)(i), "Any privilege redactions shall be clearly indicated on the face of the Document with the redaction designation making clear the reason for the redaction (e.g., "Redacted - Privileged")"; under Section 4(a)(iii), "Personally-Identifiable Information shall be redacted with a black box, and under Section 4(a)(iii), "Any non-responsive redactions shall be clearly indicated on the face of the Document with the redaction designation making clear the reason for the redaction (e.g., "Redacted – NR")." (ECF No. 212.) Notwithstanding this agreement, all of TAG Defendants' redactions appear to use "black box" redactions in disregard of the ESI Protocol and the type of material being redacted. By way of limited example (among at least 89 documents, total), NATHAN_000000152, NATHAN_000000197, TAG_000000543, TAG_000000546, TAG_000000668, and TAG_000000559 each appear to redact content that is not Personally-Identifiable Information and, in certain cases, redact the participants of the message as well. Please confirm Wayfarer's redactions will be removed or revised to comply with the ESI Protocol.

## V.    The TAG Defendants' Production Deficiencies Raise Major Concerns Regarding Their Collection and Preservation Efforts.

The deficiencies identified above make clear that the TAG Defendants have failed to diligently collect and produce documents, as the parties agreed to under the ESI Protocol and in accordance with Rule 26 of the Federal Rules of Civil Procedure. And, given that TAG and Nathan have admitted to using ephemeral messaging platforms like Signal, this, in turn, raises serious preservation and, potentially, spoliation concerns.  Accordingly, to assess the extent of the TAG Defendants' deficiencies, we demand that Wayfarer agree, by **July 30, 2025 at 5 pm EST,** to provide Ms. Lively with the following information: (i) the names of all custodians whose files were collected; (ii) the repositories that were collected from; and (iii) the search terms and date range (if any) applied. We also hereby demand that, by the same time, the TAG Defendants confirm in writing that a manual review of all messaging communications with and among any party to the litigation was completed pursuant to section 2(c) of the ESI Stipulation. Based on the information that the TAG Defendants provide, Ms. Lively reserves the right to demand that the TAG Defendants re-visit their collection efforts to address any issues identified.

# manatt

July 29, 2025
Page 5

\* \* \*

Ms. Lively expressly reserves all rights to raise further deficiencies in addition to those raised herein.  All other rights reserved.

Very truly yours,

Esra A. Hudson

cc.    Attorneys of Record

# EXHIBIT A

| Request for Production Number | Description |
|---|---|
| TAG RFP No. 7 | All Documents and Communications concerning the Lively/Reynolds Companies and/or the Lively/Reynolds Family between You and any Wayfarer Defendant, Sony, WME, Jonesworks, any media outlet of any kind, any Social Media accounts or influencers or other individuals who maintain a public online presence, or any cast or crew members of the Film, and any directors, officers, employees, agents, or contractors thereof. |
| TAG RFP No. 10 | All Documents and Communications reflecting or constituting agreements, whether draft or final, between You and Sony concerning the Film, Ms. Lively, any Wayfarer Defendant, Mr. Reynolds, or the Actions. |
| TAG RFP No. 11 | All Documents and Communications reflecting or constituting agreements, whether draft or final, between You and WME concerning the Film, Ms. Lively, any Wayfarer Defendant, or Mr. Reynolds, including as alleged in Paragraph 348, and elsewhere, in Your First Amended Complaint. |
| TAG RFP No. 15 | All Documents and Communications reflecting any payments, refunds, retainers, incentives, moneys, consideration, inducements, promises to pay, or anything else of value provided to Street Relations or Wallace, by You, or anyone on Your behalf including, but not limited to, Freedman or Liner Freedman Taitelman + Cooley. |
| TAG RFP No. 16 | All Documents and Communications concerning any allegations, concerns, complaints or reports, whether formal or informal, oral or written, made to You about or against Ms. Lively related to the Film. |
| TAG RFP No. 17 | All Documents and Communications concerning any actual, alleged, or suspected harassment related to the Film. |

| Request for Production Number | Description |
|---|---|
| | |
| TAG RFP No. 18 | All Documents and Communications concerning any actual, alleged, or suspected discrimination related to the Film. |
| TAG RFP No. 19 | All Documents and Communications concerning any actual, alleged, or suspected retaliation related to the Film. |
| TAG RFP No. 20 | All Documents and Communications concerning any actual, alleged, or suspected workplace misconduct or other inappropriate behavior related to the Film. |
| TAG RFP No. 21 | All applicable insurance agreements under which any insurer may be liable to satisfy all or part of any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy all or part of any judgment. |
| TAG RFP No. 24 | All Communications with any Person concerning efforts to gather information about Ms. Lively, including from her current or former cast, crew, colleague, employee, agent, or other associates. |
| TAG RFP No. 25 | All Communications with any Person concerning efforts to gather information about Mr. Reynolds, including from his current or former cast, crew, colleague, employee, agent, or other associates. |
| TAG RFP No. 27 | All Documents and Communications concerning the use of Social Media bots, trolls, troll farms, paid or incentivized accounts, or seeding, amplifying, boosting, or planting content. |
| TAG RFP No. 31 | All Social Media messages, comments, or posts (including drafts, as well as deleted messages, comments, or posts) requested, initiated, or made by You, either directly or indirectly concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds |

| Request for Production Number | Description |
|---|---|
| | Companies, the Lively/Reynolds Family, or the Actions. |
| TAG RFP No. 32 | All Social Media messages, comments, or posts (including drafts, as well as deleted messages, comments, or posts) requested, initiated, or made by You, either directly or indirectly, concerning any Wayfarer Defendant related to the Film. |
| TAG RFP No. 37 | All Documents and Communications reflecting any payments, refunds, retainers, incentives, moneys, consideration, inducements, promises to pay, or anything else of value provided to You from any Wayfarer Defendant, directly or indirectly. |
| TAG RFP No. 39 | All Documents and Communications reflecting or comprising articles, public statements, or press releases requested, initiated, or drafted by You, or anyone on Your behalf, concerning Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, the Film, the Actions, or the Wayfarer Defendants. |
| TAG RFP No. 41 | All Documents and Communications concerning the solicitation or procurement of any Social Media content, whether paid or unpaid, concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions. |
| TAG RFP No. 42 | All Documents and Communications concerning efforts to conceal or hide any aspect of the solicitation or procurement of any Social Media content, whether paid or unpaid, concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions. |
| TAG RFP No. 43 | All Documents and Communications concerning any agreement for confidentiality protections related to Ms. Lively or the Actions. |

| Request for Production Number | Description |
|---|---|
| | |
| TAG RFP No. 44 | Metadata for Social Media content of any kind, emails, or digital Communications concerning the authorship, timing, and modification history of posts, messages, articles, or other content (including, without limitation, drafts of such content) related to the Film, Ms. Lively, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions. |
| TAG RFP No. 46 | All Documents and Communications concerning Your personnel policies and procedures in effect between January 1, 2020 through the present, including but not limited to, employment manuals, employee handbooks, human resources policies, training manuals, and any other policies concerning discrimination, sexual harassment, retaliation, workplace misconduct, or complaint reporting mechanisms. |
| TAG RFP No. 47 | All Documents and Communications concerning Your policies and procedures in effect between January 1, 2020 through the present relating to public relations strategy, and crisis management, including but not limited to manuals and employee policies. |
| TAG RFP No. 48 | All Documents sufficient to show Your organizational structure between January 1, 2020 through the present. |
| TAG RFP No. 50 | All Documents sufficient to show Your gross income, net income, and expenditures. |
| TAG RFP No. 51 | All corporate policies, memoranda, or internal Communications concerning discrimination, harassment prevention, retaliation, or workplace safety. |
| TAG RFP No. 52 | All Documents and Communications concerning any allegations of discrimination, harassment, or retaliation made by any current or former employee, applicant, vendor, |

| Request for Production Number | Description |
|---|---|
| | independent contractor, or any other third party, including but not limited to any payments made in exchange for non-disclosure or confidentiality agreements. (TAG limited to January 1, 2024 through present) |
| TAG RFP No. 53 | All Documents and Communications concerning Your document retention policy. |
| TAG RFP No. 54 | Documents, such as phone billing records, sufficient to show all calls You made and/or received concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, the Digital Campaign, and/or the Actions from May 1, 2024 through the present. Non-responsive information may be redacted. |
| TAG RFP No. 55 | All Documents, including phone billing records, sufficient to show the calls You made and/or received to any Wayfarer Defendant, Sony, WME, Content Creator, or cast or crew member of the Film from May 1, 2024 through the present. Non-responsive information may be redacted. |
| TAG RFP No. 56 | All Documents and Communications referenced and/or cited in the Wayfarer SDNY Complaint, including Communications referenced and/or cited in the Complaint (Dkt. No. 1), the Amended Complaint (Dkt. No. 50), and/or Exhibit A to the Amended Complaint (Dkt. No. 50-1). |
| TAG RFP No. 58 | All Communications from the "PR Thread w/TAG" group text, cited on pages 148, 199, and 204 of the Wayfarer SDNY Complaint. |
| TAG RFP No. 60 | All Communications from the "TAG TEAM" group text, cited on pages 180 and 190 of the Wayfarer SDNY Complaint. |

| Request for Production Number | Description |
|---|---|
| TAG RFP No. 61 | All Communications from the unnamed group text, cited on page 70 of Exhibit A to the Wayfarer SDNY Complaint. |
| TAG RFP No. 63 | Documents sufficient to show all folders and subfolders of any email account from July 1, 2024 to the present, for which You (i) provided access to Content Creators or the media, or (ii) used to communicate talking points, guidelines, scripts, or messaging of any kind, regarding Ms. Lively and/or the Lively Parties, as that term is defined in the Wayfarer SDNY Complaint, including but not limited to the entire inbox folder, outbox folder, draft folder, archive folder, junk folder, or any other folder, regardless of whether any email was sent or received, and all metadata related thereto. For the sake of clarity, "provided access to" shall include any method by which access may be provided, including but not limited to by sharing the email account password or screen sharing the contents of any email folder. |
| TAG RFP No. 64 | All Documents and Communications contained within any folder or subfolder identified and/or produced in response to Request No. 63. |
| TAG RFP No. 65 | With respect to any email account identified and/or produced in response to Request No. 63, all Documents and Communications, including but not limited to drafts, ever placed in any folder of such email account, regardless of whether or not any email reflecting such Documents and/or Communications was sent or received. |
| TAG RFP No. 68 | All Documents and Communications with or concerning Candace Owens regarding Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, or the Lively/Reynolds Companies. |

| Request for Production Number | Description |
|---|---|
| TAG RFP No. 69 | All Documents and Communications concerning any Payments offered, made, received, or promised to Candace Owens or anyone on her behalf that relate to Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, or the Lively/Reynolds Companies. |
| TAG RFP No. 70 | All Documents and Communications with or concerning Perez Hilton regarding Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, or the Lively/Reynolds Companies. |
| TAG RFP No. 71 | All Documents and Communications concerning any Payments offered, made, received, or promised to Perez Hilton or anyone on his behalf that relate to Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, or the Lively/Reynolds Companies. |
| TAG RFP No. 72 | All Documents and Communications with or concerning Andy Signore regarding Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, or the Lively/Reynolds Companies. |
| TAG RFP No. 73 | All Documents and Communications concerning any Payments offered, made, received, or promised to Andy Signore or anyone on his behalf that relate to Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, or the Lively/Reynolds Companies. |
| TAG RFP No. 74 | All Documents and Communications with or concerning Billy Bush regarding Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, or the Lively/Reynolds Companies. |
| TAG RFP No. 75 | All Documents and Communications concerning any Payments offered, made, received, or promised to Billy Bush or anyone on his behalf that relate to Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, or the Lively/Reynolds Companies. |

| Request for Production Number | Description |
|---|---|
| TAG RFP No. 76 (erroneously numbered 70) | All Documents and Communications with or concerning any reporter identified in Your supplemental response to Interrogatory No. 6 concerning Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, or the Lively/Reynolds Companies. |
| TAG RFP No. 77 (erroneously numbered 71) | All Documents and Communications reflecting or concerning any information shared with Content Creators or the media in any way, whether through email, messaging platform, Social Media, document collaboration platforms, or cloud sharing platforms (including without limitation Google Drive, Google Docs, Microsoft OneDrive, Dropbox, Box, iCloud Drive, and SharePoint). |
| TAG RFP No. 78 (erroneously numbered 72) | All Documents and Communications (including screenshots) reflecting Signal threads, messages, metadata, group communications, group chats, or automated deletion information, involving You and any other Wayfarer Defendant from August 1, 2024 through the present. |
| TAG RFP No. 79 (erroneously numbered 73) | All Documents and Communications (including screenshots) reflecting Discord apps, channels, threads, messages, metadata, group communications, group chats, or automated deletion information, involving You and any other Wayfarer Defendant from August 1, 2024 through the present. |
| TAG RFP No. 80 (erroneously numbered 74) | All Documents and Communications (including screenshots) reflecting Signal threads, messages, metadata, group communications, group chats, or automated deletion information, involving You and Wallace, or any individual or platform-specific specialist who worked |

| Request for Production Number | Description |
|---|---|
| | with Wallace or to whom You were directly or indirectly introduced via Wallace. |
| TAG RFP No. 81 (erroneously numbered 75) | All Documents and Communications (including screenshots) reflecting Discord apps, channels, threads, messages, metadata, group communications, group chats, or automated deletion information, involving You and any other Wayfarer Defendant. |
| TAG RFP No. 86 (erroneously numbered 80) | All Documents and Communications reflecting or concerning any Google Document link shared with Content Creators, including but not limited to Megyn Kelly, Andy Signore, Popcorned Planet, Candace Owens, Perez Hilton, or their agents. |
| TAG RFP No. 87 (erroneously numbered 81) | All Documents and Communications regarding alleged or actual human resources violations or complaints, formal or informal, by or about Baldoni or any Wayfarer Party. |
| TAG RFP No. 88 (erroneously numbered 82) | All Documents and Communications regarding platform-specific specialists. |
| TAG RFP No. 89 (erroneously numbered 83) | All Documents and Communications with James Knobloch, Henry Hargitai, or Matthew Gibson involving or regarding Lively, Wallace, Nathan, TAG, or the Digital Campaign. |

# EXHIBIT B

| Request for Production Number | Description |
|---|---|
| Nathan RFP No. 7 | All Documents and Communications concerning the Lively/Reynolds Companies and/or the Lively/Reynolds Family between You and any Wayfarer Defendant, Sony, WME, Jonesworks, any media outlet of any kind, any Social Media accounts or influencers or other individuals who maintain a public online presence, or any cast or crew members of the Film, and any directors, officers, employees, agents, or contractors thereof. |
| Nathan RFP No. 10 | All Documents and Communications reflecting or constituting agreements, whether draft or final, between You and Sony concerning the Film, Ms. Lively, any Wayfarer Defendant, Mr. Reynolds, or the Actions. |
| Nathan RFP No. 11 | All Documents and Communications reflecting or constituting agreements, whether draft or final, between You and WME concerning the Film, Ms. Lively, any Wayfarer Defendant, or Mr. Reynolds, including as alleged in Paragraph 348, and elsewhere, in Your First Amended Complaint. |
| Nathan RFP No. 15 | All Documents and Communications reflecting any payments, refunds, retainers, incentives, moneys, consideration, inducements, promises to pay, or anything else of value provided to Street Relations or Wallace, by You, or anyone on Your behalf including, but not limited to, Freedman or Liner Freedman Taitelman + Cooley. |
| Nathan RFP No. 16 | All Documents and Communications concerning any allegations, concerns, complaints or reports, whether formal or informal, oral or written, made to You about or against Ms. Lively related to the Film. |
| Nathan RFP No. 17 | All Documents and Communications concerning any actual, alleged, or suspected harassment related to the Film. |

| Request for Production Number | Description |
|---|---|
| Nathan RFP No. 18 | All Documents and Communications concerning any actual, alleged, or suspected discrimination related to the Film. |
| Nathan RFP No. 19 | All Documents and Communications concerning any actual, alleged, or suspected retaliation related to the Film. |
| Nathan RFP No. 20 | All Documents and Communications concerning any actual, alleged, or suspected workplace misconduct or other inappropriate behavior related to the Film. |
| Nathan RFP No. 21 | All applicable insurance agreements under which any insurer may be liable to satisfy all or part of any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy all or part of any judgment. |
| Nathan RFP No. 22 | All Documents and Communications concerning interviews of or statements by any individual concerning any allegation asserted by Ms. Lively in the Action that You have obtained, received, or recorded. |
| Nathan RFP No. 24 | All Communications with any Person concerning efforts to gather information about Ms. Lively, including from her current or former cast, crew, colleague, employee, agent, or other associates. |
| Nathan RFP No. 25 | All Communications with any Person concerning efforts to gather information about Mr. Reynolds, including from his current or former cast, crew, colleague, employee, agent, or other associates. |
| Nathan RFP No. 27 | All Documents and Communications concerning the use of Social Media bots, trolls, troll farms, paid or incentivized accounts, or seeding, amplifying, boosting, or planting content. |

| Request for Production Number | Description |
|---|---|
| Nathan RFP No. 31 | All Social Media messages, comments, or posts (including drafts, as well as deleted messages, comments, or posts) requested, initiated, or made by You, either directly or indirectly concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions. |
| Nathan RFP No. 32 | All Social Media messages, comments, or posts (including drafts, as well as deleted messages, comments, or posts) requested, initiated, or made by You, either directly or indirectly, concerning any Wayfarer Defendant related to the Film. |
| Nathan RFP No. 39 | All Documents and Communications reflecting or comprising articles, public statements, or releases requested, initiated, or drafted by You, or anyone on Your behalf, concerning Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, the Film, the Actions, or the Wayfarer Defendants. |
| Nathan RFP No. 40 | All Documents and Communications concerning the method for rendering "untraceable" any plan, program, strategy, or campaign by You, or any vendor, contractor, or other third-party entity concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions. |
| Nathan RFP No. 42 | All Documents and Communications concerning efforts to conceal or hide any aspect of the solicitation or procurement of any Social Media content, whether paid or unpaid, concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions. |
| Nathan RFP No. 43 | All Documents and Communications concerning any agreement for confidentiality |

| Request for Production Number | Description |
|---|---|
| | protections related to Ms. Lively or the Actions. |
| Nathan RFP No. 44 | Metadata for Social Media content of any kind, emails, or digital Communications concerning the authorship, timing, and modification history of posts, messages, articles, or other content (including, without limitation, drafts of such content) related to the Film, Ms. Lively, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions. |
| Nathan RFP No. 48 | Documents, such as phone billing records, sufficient to show all calls You made and/or received concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, the Digital Campaign, and/or the Actions from May 1, 2024 through the present. Non-responsive information may be redacted. |
| Nathan RFP No. 49 | All Documents, including phone billing records, sufficient to show the calls You made and/or received to any Wayfarer Defendant, Sony, WME, Content Creator, or cast or crew member of the Film from May 1, 2024 through the present. Non-responsive information may be redacted. |
| Nathan RFP No. 50 | All Documents and Communications referenced and/or cited in the Wayfarer SDNY Complaint, including Communications referenced and/or cited in the Complaint (Dkt. No. 1), the Amended Complaint (Dkt. No. 50), and/or Exhibit A to the Amended Complaint (Dkt. No. 50-1). |
| Nathan RFP No. 52 | All Communications from the "PR Thread w/TAG" group text, cited on pages 148, 199, and 204 of the Wayfarer SDNY Complaint. |
| Nathan RFP No. 53 | All Communications from the "PR Thread w/TAG" group text, cited on pages 148, 199, and 204 of the Wayfarer SDNY Complaint. |

| Request for Production Number | Description |
|---|---|
| Nathan RFP No. 54 | All Communications from the "TAG TEAM" group text, cited on pages 180 and 190 of the Wayfarer SDNY Complaint. |
| Nathan RFP No. 56 | All Documents and Communications demonstrating any tangible or intangible property that Ms. Lively and/or the Lively Parties, as that term is defined in the Wayfarer SDNY Complaint, obtained from any Wayfarer Defendant, as alleged in the Wayfarer SDNY Complaint. |
| Nathan RFP No. 57 | All Documents and Communications concerning Your allegations in the Wayfarer SDNY Complaint that Ms. Lively made false accusations of sexual harassment against any Wayfarer Defendant. |
| Nathan RFP No. 58 | All Documents and Communications demonstrating that any statements made in the CRD Complaint, as that term is defined in paragraph 4 of the Wayfarer SDNY Complaint, are false and/or not true. |
| Nathan RFP No. 59 | All Documents and Communications demonstrating that any statements made in the Article, as that term is defined in paragraph 261 of the Wayfarer SDNY Complaint, are false and/or not true. |
| Nathan RFP No. 61 | All Documents and Communications concerning Your allegation in paragraph 4 that Ms. Lively "worked for months with the . . . New York Times to prepare a false and damaging narrative to deploy against" any Wayfarer Defendant. |
| Nathan RFP No. 62 | The "evidence" that is referred to in paragraphs 5, 8, 9 n.3, 10, 15, 17, 19, 46, 61 n.12, 89, 176, 259, 274, 283, and 287 of the Wayfarer SDNY Complaint. |
| Nathan RFP No. 63 | All Documents and Communications concerning Your allegation in paragraph 13 of the |

| Request for Production Number | Description |
|---|---|
| | Wayfarer SDNY Complaint that "Jones, Lively, Reynolds, and Leslie Sloane . . . concocted a plan whereby Jones would seize Abel's phone upon her departure." |
| Nathan RFP No. 64 | All Documents and Communications demonstrating that Ms. Lively and/or the Lively Parties, as that term is defined in the Wayfarer SDNY Complaint, planned and implemented a "smear campaign against Baldoni and Wayfarer," as alleged in paragraph 15 of the Wayfarer SDNY Complaint. |
| Nathan RFP No. 65 | All Documents and Communications demonstrating that neither You nor any of the Wayfarer Defendants planned and implemented a smear campaign against Ms. Lively, as alleged in paragraph 17 of the Wayfarer SDNY Complaint. |
| Nathan RFP No. 66 | All Documents and Communications concerning Your allegations in the Wayfarer SDNY Complaint that Ms. Lively and Mr. Reynolds attempted to steal the Film from any Wayfarer Defendant. |
| Nathan RFP No. 67 | All Documents and Communications concerning Your allegations in the Wayfarer SDNY Complaint that Ms. Lively and Mr. Reynolds stole the Film from any Wayfarer Defendant. |
| Nathan RFP No. 68 | All Documents and Communications concerning Your allegations that Ms. Lively had a "reputation for being difficult to work with" or had "longstanding reputational challenges," as alleged in paragraph 26 and 284 of the Wayfarer SDNY Complaint. |
| Nathan RFP No. 69 | All Documents and Communications concerning Ms. Lively's "undue influence" over the Film, as alleged in paragraph 52 of the Wayfarer SDNY Complaint. |

| Request for Production Number | Description |
|---|---|
| Nathan RFP No. 70 | All notes, or handwritten notes, referenced in the Wayfarer SDNY Complaint. |
| Nathan RFP No. 71 | All Documents and Communications concerning Your allegations in paragraph 162 of the Wayfarer SDNY Complaint that Ms. Lively "falsely (and ironically) allege[d] Baldoni set out on a 'smear campaign.'" |
| Nathan RFP No. 72 | All Documents and Communications concerning the agreement between Ms. Sloane and Nathan, as alleged in paragraph 187 of the Wayfarer SDNY Complaint. |
| Nathan RFP No. 73 | All Documents and Communications concerning Your allegation in paragraph 187 of the Wayfarer SDNY Complaint that Ms. Sloane "disseminate[d] false and defamatory stories about Baldoni and Wayfarer." |
| Nathan RFP No. 74 | All Documents and Communications concerning Your allegation in paragraph 190 of the Wayfarer SDNY Complaint that Ms. Sloane "seed[ed] false information to cast Baldoni in a negative light." |
| Nathan RFP No. 75 | All Documents and Communications concerning Your allegation in paragraph 192 of the Wayfarer SDNY Complaint that, Ms. Sloane "had provided the [Daily Mail] reporter with information that significantly altered the narrative of the published story" or "planted false and defamatory information about Baldoni[.]" |
| Nathan RFP No. 76 | All Documents and Communications concerning the "massive PR crisis" involving Wayfarer and You as alleged in paragraphs 226 and 227 of the Wayfarer SDNY Complaint. |
| Nathan RFP No. 78 | All Documents and Communications concerning Your allegation in paragraph 227 of the Wayfarer SDNY Complaint that "a |

| Request for Production Number | Description |
|---|---|
| | negative story was being 'shopped' around to multiple outlets, positioning Baldoni's religion as a 'cult' and accusing Baldoni of having 'fat shamed' Lively." |
| Nathan RFP No. 79 | All Documents and Communications concerning Your allegation in paragraph 247 of the Wayfarer SDNY Complaint that You "became [an] object[] of public scorn and derision overnight." |
| Nathan RFP No. 80 | All Documents and Communications concerning Your allegation in paragraph 247 of the Wayfarer SDNY Complaint that "Baldoni [has been] wrongfully labeled as a sex pest, his accolades rescinded, and his future projects thrown into doubt." |
| Nathan RFP No. 81 | All Documents and Communications concerning the August 12, 2024 call between Heath and Abel, on the one hand, and "two executives from their then talent agency," on the other hand, as alleged in paragraphs 250 through 252 of the Wayfarer SDNY Complaint. |
| Nathan RFP No. 82 | All Documents and Communications concerning Your allegation in paragraph 251 of the Wayfarer SDNY Complaint that Nathan "disabused the executives of th[e] notion" that "Wayfarer, Baldoni and Heath were waging a shadow campaign against [Ms. Lively]." |
| Nathan RFP No. 83 | All Documents and Communications concerning the August 13, 2024, call between Heath and Abel, on the one hand, and "talent agency executives," on the other hand, as alleged in paragraphs 253 through 255 of the Wayfarer SDNY Complaint. |
| Nathan RFP No. 84 | All Documents and Communications concerning Your allegation that Ms. Lively provided a copy of her CRD Complaint to The Times prior to filing it on December 20, |

| Request for Production Number | Description |
|---|---|
| | 2024, as alleged in paragraphs 264 through 270 of the Wayfarer SDNY Complaint. |
| Nathan RFP No. 85 | All Documents and Communications concerning Your allegations in paragraphs 274, 283 and 287 of the Wayfarer SDNY Complaint that the "complete communications" and "objective evidence" unequivocally contradict claims that "the Wayfarer [Defendants] orchestrated a premeditated smear campaign." |
| Nathan RFP No. 86 | All Documents and Communications concerning Your allegation in paragraph 299 of the Wayfarer SDNY Complaint that, Ms. Lively or her employees, agents, or representatives "have cost the Wayfarer [Defendants] their film, their reputations, their future prospects, even their talent agency." |
| Nathan RFP No. 87 | All Documents and Communications concerning any business opportunities, contracts, endorsements, or employment offers that You claim were withdrawn, delayed, or otherwise impacted due to the alleged conduct of Ms. Lively for which You seek to recover damages. |
| Nathan RFP No. 88 | All Documents and Communications concerning any claim of lost earnings or future lost earnings relating to the alleged conduct of Ms. Lively for which You seek to recover, including, but not limited to, salary records, employment contracts, anticipated revenue from business ventures, creative projects, endorsement deals, and projections of income. |
| Nathan RFP No. 89 | All Documents and Communications concerning any harm to Your reputation, as alleged in paragraph 299 of the Wayfarer SDNY Complaint, including, but not limited to, Communications with employers, agents, studios, production companies, advertisers, or other business partners regarding any |

| Request for Production Number | Description |
|---|---|
| | reduction, termination, or modification of contracts, business deals, or opportunities. |
| Nathan RFP No. 90 | All Documents and Communications in which You discuss or document any alleged emotional distress, humiliation, embarrassment, or loss of enjoyment of life caused by the Lively Parties, as that term is defined in the Wayfarer SDNY Complaint, alleged actions. |
| Nathan RFP No. 91 | All Documents and Communications concerning any efforts You have taken to mitigate or reduce the damages You claim(s), including efforts to obtain alternative business opportunities, employment, partnerships, creative projects or public relations efforts to restore Your reputation. |
| Nathan RFP No. 92 | All Documents and Communications concerning any payments, settlements, compensation, insurance proceeds, or other financial recovery received in connection with any of the damages alleged in the Wayfarer SDNY Complaint. |
| Nathan RFP No. 93 | Documents sufficient to show all folders and subfolders of any email account from July 1, 2024 to the present, for which You (i) provided access to Content Creators or the media, or (ii) used to communicate talking points, guidelines, scripts, or messaging of any kind, regarding Ms. Lively and/or the Lively Parties, as that term is defined in the Wayfarer SDNY Complaint, including but not limited to the entire inbox folder, outbox folder, draft folder, archive folder, junk folder, or any other folder, regardless of whether any email was sent or received, and all metadata related thereto. For the sake of clarity, "provided access to" shall include any method by which access may be provided, including but not limited to by sharing the email account password or screen sharing the contents of any email folder. |

| Request for Production Number | Description |
|---|---|
| | |
| Nathan RFP No. 94 | All Documents and Communications contained within any folder or subfolder identified and/or produced in response to Request No. 146. (No. 167 for IEWU; No. 172 for Wayfarer; No. 143 for Heath; No. 140 for Sarowitz; No. 94 for Abel; No. 93 for Nathan; No. 63 for TAG) |
| Nathan RFP No. 95 | With respect to any email account identified and/or produced in response to Request No. 146, all Documents and Communications, including but not limited to drafts, ever placed in any folder of such email account, regardless of whether or not any email reflecting such Documents and/or Communications was sent or received. (No. 167 for IEWU; No. 172 for Wayfarer; No. 143 for Heath; No. 140 for Sarowitz; No. 94 for Abel; No. 93 for Nathan; No. 63 for TAG) |
| Nathan RFP No. 96 | All Documents and Communications concerning the amount or calculation of any damages that You allege to have suffered as a result of Ms. Lively and/or the Lively Parties, as that term is defined in the Wayfarer SDNY Complaint. |
| Nathan RFP No. 100 | All Documents and Communications with or concerning Candace Owens regarding Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, or the Lively/Reynolds Companies. |
| Nathan RFP No. 101 | All Documents and Communications concerning any Payments offered, made, received, or promised to Candace Owens or anyone on her behalf that relate to Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, or the Lively/Reynolds Companies. |
| Nathan RFP No. 102 | All Documents and Communications with or concerning Perez Hilton regarding Ms. Lively, Mr. Reynolds, the CRD Complaint, |

| Request for Production Number | Description |
|---|---|
| | the Actions, or the Lively/Reynolds Companies. |
| Nathan RFP No. 103 | All Documents and Communications concerning any Payments offered, made, received, or promised to Perez Hilton or anyone on his behalf that relate to Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, or the Lively/Reynolds Companies. |
| Nathan RFP No. 104 | All Documents and Communications with or concerning Andy Signore regarding Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, or the Lively/Reynolds Companies. |
| Nathan RFP No. 105 | All Documents and Communications concerning any Payments offered, made, received, or promised to Andy Signore or anyone on his behalf that relate to Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, or the Lively/Reynolds Companies. |
| Nathan RFP No. 106 | All Documents and Communications with or concerning Billy Bush regarding Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, or the Lively/Reynolds Companies. |
| Nathan RFP No. 107 | All Documents and Communications concerning any Payments offered, made, received, or promised to Billy Bush or anyone on his behalf that relate to Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, or the Lively/Reynolds Companies. |
| Nathan RFP No. 108 | All Documents and Communications reflecting or concerning any information shared with Content Creators or the media in any way, whether through email, messaging platform, Social Media, document collaboration platforms, or cloud sharing platforms (including without limitation Google Drive, Google Docs, Microsoft OneDrive, Dropbox, Box, iCloud Drive, and SharePoint). |

| Request for Production Number | Description |
|---|---|
| | |
| Nathan RFP No. 109 | All Documents and Communications (including screenshots) reflecting Signal threads, messages, metadata, group communications, group chats, or automated deletion information, involving You and any other Wayfarer Defendant from August 1, 2024 through the present. |
| Nathan RFP No. 110 | All Documents and Communications (including screenshots) reflecting Discord apps, channels, threads, messages, metadata, group communications, group chats, or automated deletion information, involving You and any other Wayfarer Defendant from August 1, 2024 through the present. |
| Nathan RFP No. 111 | All Documents and Communications (including screenshots) reflecting Signal threads, messages, metadata, group communications, group chats, or automated deletion information, involving You and Wallace, or any individual or platform-specific specialist who worked with Wallace or to whom You were directly or indirectly introduced via Wallace. |
| Nathan RFP No. 112 | All Documents and Communications (including screenshots) reflecting Discord apps, channels, threads, messages, metadata, group communications, group chats, or automated deletion information, involving You and any other Wayfarer Defendant. |
| Nathan RFP No. 117 | All Documents and Communications reflecting or concerning any Google Document link shared with Content Creators, including but not limited to Megyn Kelly, Andy Signore, Popcorned Planet, Candace Owens, Perez Hilton, or their agents. |

| Request for Production Number | Description |
|---|---|
| | |
| Nathan RFP No. 118 | All Documents and Communications regarding alleged or actual human resources violations or complaints, formal or informal, by or about Baldoni or any Wayfarer Party. |
| Nathan RFP No. 119 | All Documents and Communications regarding platform-specific specialists. |
| Nathan RFP No. 120 | All Documents and Communications with James Knobloch, Henry Hargitai, or Matthew Gibson involving or regarding Lively, Wallace, Nathan, TAG, or the Digital Campaign. |