# EXHIBIT 26

CONFIDENTIAL

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>               Plaintiff,<br><br>       -v-<br><br>WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, THE AGENCY GROUP PR LLC, JENNIFER ABEL, JED WALLACE, and STREET RELATIONS INC.,<br><br>             Defendants. | Case No. 1:24-cv-10049-LJL<br>(consolidated with 1:25-cv-00449-LJL)<br><br><br>**PLAINTIFF/CONSOLIDATED DEFENDANT BLAKE LIVELY'S THIRD SET OF INTERROGATORIES TO DEFENDANT/CONSOLIDATED PLAINTIFF JUSTIN BALDONI** |
| JENNIFER ABEL,<br><br>           Third-Party Plaintiff,<br><br>       -v-<br><br>JONESWORKS LLC,<br><br>           Third-Party Defendant. | |
| WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, JENNIFER ABEL, and STEVE SAROWITZ,<br><br>           Consolidated Plaintiffs,<br><br>       -v-<br><br>BLAKE LIVELY, RYAN REYNOLDS, LESLIE SLOANE, VISION PR, INC., and THE NEW YORK TIMES COMPANY.<br><br>           Consolidated Defendants. | |

CONFIDENTIAL

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff/ Consolidated Defendant Blake Lively ("Ms. Lively" or "Plaintiff") hereby demands that Defendant/Consolidated Plaintiff Justin Baldoni serve, upon the undersigned, sworn answers to each of the Interrogatories hereinafter set forth to Manatt, Phelps & Phillips, LLP, 2049 Century Park East, Suite 1700, Los Angeles, California 90067, within thirty (30) days of the date of service hereof.

In responding to these Interrogatories, the following definitions and instructions shall apply.

## **DEFINITIONS**

1.    The Uniform Definitions in Discovery Requests that are set forth in Local Civil Rule 26.3 are hereby incorporated by reference.

2.    "Consolidated Action" means and collectively refers to the following cases entitled (a) Lively v. Wayfarer Studios LLC et al., U.S. District Court for the Southern District of New York (Case No. 1:24-cv-10049-LJL); and (b) Wayfarer Studios LLC et al. v. Lively et al., U.S. District Court for the Southern District of New York (Case No. 1:25-cv-00449-LJL).

3.    "Agreement" means any contract, arrangement, or understanding, formal or informal, oral or written.

4.    "Affiliate" means any and all entities that are wholly owned and/or controlled (directly or indirectly) by, or under common control by an identified individual or entity, including any corporate parent, subsidiaries, or affiliates, and each of their respective officers, directors, employees, or partners.

CONFIDENTIAL

5.      The terms "all," "any," and "each" shall each be construed as encompassing any and all. *See* Local Civil Rule 26.3.

6.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope. *See* Local Civil Rule 26.3.

7.      "Abel" refers to Jennifer Abel, who is a party to the Action.

8.      "Baldoni" refers to Justin Baldoni, who currently serves as the co-founder and co-chairman of Wayfarer Studios LLC and is a party to the Action.

9.      "Bryan Freedman" refers to counsel for the Wayfarer Defendants in the Action, as well as his past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates.

10.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise). *See* Local Civil Rule 26.3.

11.      "Concerning" means relating to, referring to, describing, evidencing, or constituting. *See* Local Civil Rule 26.3.

12.      "Content Creator" shall refer to any individual or entity who seeds, generates, creates, or influences Social Media content or provides related digital or social media services directly or indirectly at the request of, or on behalf of, any Wayfarer Party or their agents or affiliates.

13.      The "CRD Complaint" means the operative administrative complaint filed by Blake Lively with the California Civil Rights Department on December 20, 2024.

14.      "Digital Campaign" refers to efforts of the Wayfarer Defendants and/or any affiliates, employees, associates, or subcontractors to communicate information regarding Blake Lively, Ryan Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, the

CONFIDENTIAL

Wayfarer Defendants, the Film, or the Actions on any Social Media, news outlet, or other internet platform and/or to seed, influence, manipulate, boost, amplify, or engage with social media algorithms, narrative or virality, as well as the use of bots or inauthentic accounts, as described in the Complaint, whether executed or not, including all planning related thereto.

15.     "Document" or "Documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term. *See* Local Civil Rule 26.3.

16.     The "Film" means the movie "It Ends with Us," co-starring Blake Lively and Justin Baldoni, as described in the Lively Complaint.

17.     "Heath" refers to Jamey Heath who currently serves as the CEO of Wayfarer Studios LLC and is a party to the Action.

18.     "Health Care Provider" means any person licensed or certified to provide health-related services, diagnoses, care, or treatment, including any clinic, health facility, health dispensary, as well as doctors, nurses, mental health professionals, and other specialists.

19.     "Identify" with respect to Persons means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

CONFIDENTIAL

20.    "Identify" with respect to Documents means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).  In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Rule 33(d) of the Federal Rules of Civil Procedure.

21.    "IEWU LLC" shall refer to Defendant It Ends With Us Movie LLC, which is a party to this Action, as well as its past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates.

22.    "Including" means "including, but not limited to," or "including, without limitation," and should not be construed as limiting any Interrogatory.

23.    "Jonesworks" shall refer to the entity Jonesworks LLC, as well as its past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates, including, without limitation, Stephanie Jones.

24.    "Jonesworks Complaint" means the operative complaint filed by Stephanie Jones and Jonesworks LLC in *Jones v. Jennifer Abel et al.* and removed to the United States District Court for the Southern District of New York (NYS Case No. 659849/2024; SDNY Case No. 1:25-cv-00779), Dkt. No. 1, and any amended complaints filed by Stephanie Jones and/or Jonesworks LLC in the proceeding.

25.    "Liner Freedman Taitelman + Cooley" refers to the law firm serving as counsel for the Wayfarer Defendants in the Action as well as its past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates.

**CONFIDENTIAL**

26.     "Lively Complaint" shall refer to the Complaint, Dkt. No. 1, the First Amended Complaint, Dkt. No. 84, and any amended complaints filed by Blake Lively in *Lively v. Wayfarer Studios LLC et al.*, 1:24-cv-10049-LJL, as consolidated.

27.     "Lively/Reynolds Companies" shall refer to Ms. Lively and Mr. Reynolds's affiliated entities, including but not limited to Betty Buzz LLC, Blake Brown, Aviation Gin, Mint Mobile, and Maximum Effort Productions, individually and collectively, and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates.

28.     "Marketing Plan" shall refer to any efforts to market or promote the Film, including, but not limited to, any advertising, promotional, publicity or marketing materials (such as, without limitation, themes, market testing, research, summaries, talking points, trailers or teasers, posters, social media posts, and screen, radio, digital or television advertising), as described in the Complaint.

29.     "Ms. Lively" shall refer to Blake Lively, who is a party to this Action.

30.     "Mr. Reynolds" shall refer to Ryan Reynolds, who is a party to this Action.

31.     "Nathan" shall refer to Melissa Nathan, who is a party to the Action.

32.     The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation. *See* Local Civil Rule 26.3.

33.     "Payment" is defined as any transfer or commitment for future transfer of anything of value, including the exchange of funds (whether in dollars, foreign currency, or any form of

CONFIDENTIAL

electronic or cryptocurrency), cash, securities, loans, reimbursements, refunds, accounting corrections, retainers, goods, services, or otherwise.

34.    "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or associate. *See* Local Civil Rule 26.3.

35.    "Protections for Return to Production Agreement" means the contract executed in November 2023 concerning appropriate behavior during filming and production of the Film, as described in the Complaint.

36.    "Relating to" or "Relate to" means, without limitation, assessing, comprising, constituting, concerning, referring to, containing, describing, discussing, embodying, evidencing, identifying, pertaining to, reflecting, stating, supporting, or tending to support or refute, or referring in any other way, directly or indirectly, in whole or in part, to the subject matter specified.

37.    "Sarowitz" shall refer to Steve Sarowitz, who is a party to the Action.

38.    "Signal" shall refer to the open-source, encrypted messaging application managed by Signal Messenger LLC.

39.    "Social Media" means any digital platform, forum, website, application, online service, or other platform on which persons can create, transmit, share, communicate, exchange content, or comment upon any information, ideas, or opinions, or otherwise engage in social networking, including but not limited to:

      a.    Social Networking Platforms – Facebook, Instagram, Twitter (X), LinkedIn, TikTok, Snapchat, Reddit, and similar platforms.

      b.    Content Sharing & Video Platforms – YouTube, Vimeo, Twitch, Rumble, or similar services where videos, reels, or live content can be uploaded or streamed.

**CONFIDENTIAL**

c.    Email, Messaging Applications & Direct Communication Platforms – Including, but not limited to, Gmail, Outlook, WhatsApp, Telegram, Signal, Discord, Slack, Facebook Messenger, Instagram DMs, Twitter DMs, or any private messaging feature within a social media platform.

d.    Blogging & Forum Sites – Medium, Substack, WordPress, 4chan, 8kun, or any other user-generated content site where written materials are published.

e.    Influencer & Review-Based Platforms – Yelp, Glassdoor, Trustpilot, Google Reviews, Patreon, or any website where reputational impact can be influenced.

f.    Advertising & Promotional Services – Paid sponsorships, influencer partnerships, promoted posts, advertisements, bots, or algorithm-driven visibility campaigns.

g.    Automated or Third-Party Content Management Tools – Hootsuite, Buffer, Sprout Social, or any platform used to schedule, automate, or track social media activity.

h.    Any Other Online Presence – Any additional websites, forums, private groups, or digital spaces where content related to Plaintiff was discussed, posted, or promoted.

i.    Without limiting the foregoing in any manner, and by way of example only, this definition includes: all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and

CONFIDENTIAL

all metadata, timestamps, IP addresses, geolocation data, or user activity logs related to content.

40.    "Sony" shall refer to Sony Pictures Entertainment, and its past or present officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

41.    "Street Relations" shall refer to the entity Street Relations, Inc., as well as 7its past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates, including, without limitation, Jed Wallace.

42.    "TAG" shall refer to The Agency Group PR LLC, which is a party to the Action, and its past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates.

43.    "Telegram" shall refer to the cloud-based mobile and desktop messaging app managed by Telegram Messenger Inc.

44.    "Vision PR Parties" refers to Defendants Leslie Sloane and Vision PR, Inc., in *Wayfarer Studios LLC et al. v. Lively et al.*, No. 1:25-cv-00449-LJL.

45.    "Wallace" shall refer to Jed Wallace, as described in the Complaint.

46.    "Wayfarer" shall refer to Defendant Wayfarer Studios LLC, and its past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates.

47.    "Wayfarer SDNY Complaint" shall refer to the Complaint, Dkt. No. 1, the First Amended Complaint, Dkt. No. 50, and any other amended complaints filed by Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, It Ends with Us Movie LLC, Melissa Nathan, and Jennifer Abel in *Wayfarer Studios LLC et al. v. Lively et al.*, No. 1:25-cv-00449-LJL, as consolidated.

CONFIDENTIAL

48.     "Wayfarer New York Times Action" shall refer to the lawsuit entitled *Wayfarer Studios LLC et al. v. The New York Times Company*, No. 24STCV34662, filed in the Superior Court of California, County of Los Angeles.

49.     "Wayfarer Defendants" shall refer, individually and collectively, to Wayfarer, Baldoni, Heath, Sarowitz, Nathan, TAG, Abel, Wallace, and Street Relations.

50.     "WME" shall refer to William Morris Endeavor Entertainment Agency, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

51.     "You," "Your," or "Yours" refers to Justin Baldoni and anyone else acting or purporting to act on his behalf and anyone on whose behalf he is acting.

## INSTRUCTIONS

1.     Please answer each Interrogatory separately and fully, in writing, and under oath within thirty days of service.

2.     In answering these Interrogatories, You are required to furnish all information known or available to You, regardless of whether this information is possessed: directly by You, Your agents, employees, representatives, or investigators (including but not limited to experts); by Your present or former attorneys or Your agents, employees, representatives or investigators; or by any other person or legal entity controlled by or in any other manner affiliated with You.

3.     If You refuse to answer any Interrogatory in whole or in part based on a claim that any privilege or other protection applies to the information sought, state the privilege and describe the factual basis for Your claim of privilege with such specificity as will permit Ms. Lively and the Court to determine the legal sufficiency of the claim of privilege or protection.  Unless the divulgence of such information would cause the disclosure of privileged information, the following shall be provided as part of any claim of privilege:

**CONFIDENTIAL**

a.   For documents: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

b.   For oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication.

4.    If You refuse to answer any Interrogatory in whole or in part based on an objection, state the basis of each objection and the portion of the Interrogatory You are refusing to answer based on each such objection with the specificity required under Rules 26 and 33 of the Federal Rules of Civil Procedure, and answer any portion of the Interrogatory to which there is no objection.

5.    If any of these Interrogatories cannot be answered in full after reasonable inquiry and due diligence, answer to the fullest extent possible and explicitly identify the portion of the interrogatories that cannot be answered in full and specify the reason(s) for Your inability to answer the remainder.

6.    Unless otherwise specified, each Interrogatory concerns the time period from May 1, 2024, through the present.

**CONFIDENTIAL**

7.      Notwithstanding anything else to the contrary herein, each word, term, or phrase is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Civil Rules of the Southern District of New York.

8.      If any Document is produced in response to an Interrogatory below, then pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, designate the Interrogatory or Interrogatories to which each such Document responds and identify the Document by Bates number.

9.      These Interrogatories are continuing Interrogatories. If, at any time after service of the initial answers hereto and prior to the trial of this action, You obtain additional information responsive to these Interrogatories or learn of any omission or inaccuracy in any answer, You are required promptly to supplement, amend, or correct Your answers hereto in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

### INTERROGATORY NO. 3:

Identify any email account from May 1, 2024 to date, for which You provided access to any third party, including but not limited to Content Creators or the media, to communicate information of any kind, including messaging, talking points, guidelines, scripts, or other information, regarding Ms. Lively, Mr. Reynolds, the Digital Campaign, the CRD Complaint, or the Actions. For the sake of clarity, "provided access to" shall include any method by which access may be provided, including but not limited to by sharing the email account password or screen sharing the contents of any email folder.

### INTERROGATORY NO. 4:

Identify all Content Creators with whom You have communicated in any manner, concerning Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, the Lively/Reynolds Companies, or the Digital Campaign from May 1, 2024 to present.

**CONFIDENTIAL**

Dated: June 18, 2025

*/s/ Esra A. Hudson*
MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson
Stephanie A. Roeser
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 312-4000
E-mail: ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
7 Times Square
New York, NY 10036
(212) 790-4500
Email: mbruno@manatt.com

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
Meryl Governski
1875 K Street NW
Washington, DC 20006
(202) 303-1000
E-mail: mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron Nathan
787 7th Avenue
New York, NY 10019
(212) 728-8000
E-mail: anathan@willkie.com

*Attorneys for Blake Lively and Ryan Reynolds*

**CONFIDENTIAL**

## CERTIFICATE OF SERVICE

I certify that on June 18, 2025, the foregoing was served via email on all counsel of record.

*/s/ Esra A. Hudson*
Esra A. Hudson

CONFIDENTIAL

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>       Plaintiff,<br><br>    -v-<br><br>WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, THE AGENCY GROUP PR LLC, JENNIFER ABEL, JED WALLACE, and STREET RELATIONS INC.,<br><br>       Defendants. | Case No. 1:24-cv-10049-LJL<br>(consolidated with 1:25-cv-00449-LJL)<br><br><br>**PLAINTIFF/CONSOLIDATED DEFENDANT BLAKE LIVELY'S THIRD SET OF INTERROGATORIES TO DEFENDANT/CONSOLIDATED PLAINTIFF MELISSA NATHAN** |
| JENNIFER ABEL,<br><br>       Third-Party Plaintiff,<br><br>    -v-<br><br>JONESWORKS LLC,<br><br>       Third-Party Defendant. | |
| WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, JENNIFER ABEL, and STEVE SAROWITZ,<br><br>       Consolidated Plaintiffs,<br><br>    -v-<br><br>BLAKE LIVELY, RYAN REYNOLDS, LESLIE SLOANE, VISION PR, INC., and THE NEW YORK TIMES COMPANY.<br><br>       Consolidated Defendants. | |

**CONFIDENTIAL**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff/Consolidated Defendant Blake Lively ("Ms. Lively" or "Plaintiff") hereby demands that Defendant/Consolidated Plaintiff Melissa Nathan serve, upon the undersigned, sworn answers to each of the Interrogatories hereinafter set forth to Manatt, Phelps & Phillips, LLP, 2049 Century Park East, Suite 1700, Los Angeles, California 90067, within thirty (30) days of the date of service hereof.

In responding to these Interrogatories, the following definitions and instructions shall apply.

## DEFINITIONS

1.      The Uniform Definitions in Discovery Requests that are set forth in Local Civil Rule 26.3 are hereby incorporated by reference.

2.      "Consolidated Action" means and collectively refers to the following cases entitled (a) Lively v. Wayfarer Studios LLC et al., U.S. District Court for the Southern District of New York (Case No. 1:24-cv-10049-LJL); and (b) Wayfarer Studios LLC et al. v. Lively et al., U.S. District Court for the Southern District of New York (Case No. 1:25-cv-00449-LJL).

3.      "Agreement" means any contract, arrangement, or understanding, formal or informal, oral or written.

4.      "Affiliate" means any and all entities that are wholly owned and/or controlled (directly or indirectly) by, or under common control by an identified individual or entity, including any corporate parent, subsidiaries, or affiliates, and each of their respective officers, directors, employees, or partners.

CONFIDENTIAL

5.     The terms "all," "any," and "each" shall each be construed as encompassing any and all. *See* Local Civil Rule 26.3.

6.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope. *See* Local Civil Rule 26.3.

7.     "Abel" refers to Jennifer Abel, who is a party to the Action.

8.     "Baldoni" refers to Justin Baldoni, who currently serves as the co-founder and co-chairman of Wayfarer Studios LLC and is a party to the Action.

9.     "Bryan Freedman" refers to counsel for the Wayfarer Defendants in the Action, as well as his past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates.

10.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise). *See* Local Civil Rule 26.3.

11.     "Concerning" means relating to, referring to, describing, evidencing, or constituting. *See* Local Civil Rule 26.3.

12.     "Content Creator" shall refer to any individual or entity who seeds, generates, creates, or influences Social Media content or provides related digital or social media services directly or indirectly at the request of, or on behalf of, any Wayfarer Party or their agents or affiliates.

13.     The "CRD Complaint" means the operative administrative complaint filed by Blake Lively with the California Civil Rights Department on December 20, 2024.

14.     "Digital Campaign" refers to efforts of the Wayfarer Defendants and/or any affiliates, employees, associates, or subcontractors to communicate information regarding Blake Lively, Ryan Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, the

**CONFIDENTIAL**

Wayfarer Defendants, the Film, or the Actions on any Social Media, news outlet, or other internet platform and/or to seed, influence, manipulate, boost, amplify, or engage with social media algorithms, narrative or virality, as well as the use of bots or inauthentic accounts, as described in the Complaint, whether executed or not, including all planning related thereto.

15.    "Document" or "Documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term. *See* Local Civil Rule 26.3.

16.    The "Film" means the movie "It Ends with Us," co-starring Blake Lively and Justin Baldoni, as described in the Lively Complaint.

17.    "Heath" refers to Jamey Heath who currently serves as the CEO of Wayfarer Studios LLC and is a party to the Action.

18.    "Health Care Provider" means any person licensed or certified to provide health-related services, diagnoses, care, or treatment, including any clinic, health facility, health dispensary, as well as doctors, nurses, mental health professionals, and other specialists.

19.    "Identify" with respect to Persons means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

CONFIDENTIAL

20.    "Identify" with respect to Documents means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).  In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Rule 33(d) of the Federal Rules of Civil Procedure.

21.    "IEWU LLC" shall refer to Defendant It Ends With Us Movie LLC, which is a party to this Action, as well as its past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates.

22.    "Including" means "including, but not limited to," or "including, without limitation," and should not be construed as limiting any Interrogatory.

23.    "Jonesworks" shall refer to the entity Jonesworks LLC, as well as its past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates, including, without limitation, Stephanie Jones.

24.    "Jonesworks Complaint" means the operative complaint filed by Stephanie Jones and Jonesworks LLC in *Jones v. Jennifer Abel et al.* and removed to the United States District Court for the Southern District of New York (NYS Case No. 659849/2024; SDNY Case No. 1:25-cv-00779), Dkt. No. 1, and any amended complaints filed by Stephanie Jones and/or Jonesworks LLC in the proceeding.

25.    "Liner Freedman Taitelman + Cooley" refers to the law firm serving as counsel for the Wayfarer Defendants in the Action as well as its past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates.

CONFIDENTIAL

26.     "Lively Complaint" shall refer to the Complaint, Dkt. No. 1, the First Amended Complaint, Dkt. No. 84, and any amended complaints filed by Blake Lively in *Lively v. Wayfarer Studios LLC et al.*, 1:24-cv-10049-LJL, as consolidated.

27.     "Lively/Reynolds Companies" shall refer to Ms. Lively and Mr. Reynolds's affiliated entities, including but not limited to Betty Buzz LLC, Blake Brown, Aviation Gin, Mint Mobile, and Maximum Effort Productions, individually and collectively, and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates.

28.     "Marketing Plan" shall refer to any efforts to market or promote the Film, including, but not limited to, any advertising, promotional, publicity or marketing materials (such as, without limitation, themes, market testing, research, summaries, talking points, trailers or teasers, posters, social media posts, and screen, radio, digital or television advertising), as described in the Complaint.

29.     "Ms. Lively" shall refer to Blake Lively, who is a party to this Action.

30.     "Mr. Reynolds" shall refer to Ryan Reynolds, who is a party to this Action.

31.     "Nathan" shall refer to Melissa Nathan, who is a party to the Action.

32.     The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation. *See* Local Civil Rule 26.3.

33.     "Payment" is defined as any transfer or commitment for future transfer of anything of value, including the exchange of funds (whether in dollars, foreign currency, or any form of

CONFIDENTIAL

electronic or cryptocurrency), cash, securities, loans, reimbursements, refunds, accounting corrections, retainers, goods, services, or otherwise.

34.    "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or associate. *See* Local Civil Rule 26.3.

35.    "Protections for Return to Production Agreement" means the contract executed in November 2023 concerning appropriate behavior during filming and production of the Film, as described in the Complaint.

36.    "Relating to" or "Relate to" means, without limitation, assessing, comprising, constituting, concerning, referring to, containing, describing, discussing, embodying, evidencing, identifying, pertaining to, reflecting, stating, supporting, or tending to support or refute, or referring in any other way, directly or indirectly, in whole or in part, to the subject matter specified.

37.    "Sarowitz" shall refer to Steve Sarowitz, who is a party to the Action.

38.    "Signal" shall refer to the open-source, encrypted messaging application managed by Signal Messenger LLC.

39.    "Social Media" means any digital platform, forum, website, application, online service, or other platform on which persons can create, transmit, share, communicate, exchange content, or comment upon any information, ideas, or opinions, or otherwise engage in social networking, including but not limited to:

a.    Social Networking Platforms – Facebook, Instagram, Twitter (X), LinkedIn, TikTok, Snapchat, Reddit, and similar platforms.

b.    Content Sharing & Video Platforms – YouTube, Vimeo, Twitch, Rumble, or similar services where videos, reels, or live content can be uploaded or streamed.

**CONFIDENTIAL**

c. Email, Messaging Applications & Direct Communication Platforms – Including, but not limited to, Gmail, Outlook, WhatsApp, Telegram, Signal, Discord, Slack, Facebook Messenger, Instagram DMs, Twitter DMs, or any private messaging feature within a social media platform.

d. Blogging & Forum Sites – Medium, Substack, WordPress, 4chan, 8kun, or any other user-generated content site where written materials are published.

e. Influencer & Review-Based Platforms – Yelp, Glassdoor, Trustpilot, Google Reviews, Patreon, or any website where reputational impact can be influenced.

f. Advertising & Promotional Services – Paid sponsorships, influencer partnerships, promoted posts, advertisements, bots, or algorithm-driven visibility campaigns.

g. Automated or Third-Party Content Management Tools – Hootsuite, Buffer, Sprout Social, or any platform used to schedule, automate, or track social media activity.

h. Any Other Online Presence – Any additional websites, forums, private groups, or digital spaces where content related to Plaintiff was discussed, posted, or promoted.

i. Without limiting the foregoing in any manner, and by way of example only, this definition includes: all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and

CONFIDENTIAL

all metadata, timestamps, IP addresses, geolocation data, or user activity logs related to content.

40.    "Sony" shall refer to Sony Pictures Entertainment, and its past or present officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

41.    "Street Relations" shall refer to the entity Street Relations, Inc., as well as 7its past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates, including, without limitation, Jed Wallace.

42.    "TAG" shall refer to The Agency Group PR LLC, which is a party to the Action, and its past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates.

43.    "Telegram" shall refer to the cloud-based mobile and desktop messaging app managed by Telegram Messenger Inc.

44.    "Vision PR Parties" refers to Defendants Leslie Sloane and Vision PR, Inc., in *Wayfarer Studios LLC et al. v. Lively et al.*, No. 1:25-cv-00449-LJL.

45.    "Wallace" shall refer to Jed Wallace, as described in the Complaint.

46.    "Wayfarer" shall refer to Defendant Wayfarer Studios LLC, and its past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates.

47.    "Wayfarer SDNY Complaint" shall refer to the Complaint, Dkt. No. 1, the First Amended Complaint, Dkt. No. 50, and any other amended complaints filed by Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, It Ends with Us Movie LLC, Melissa Nathan, and Jennifer Abel in *Wayfarer Studios LLC et al. v. Lively et al.*, No. 1:25-cv-00449-LJL, as consolidated.

CONFIDENTIAL

48.    "Wayfarer New York Times Action" shall refer to the lawsuit entitled *Wayfarer Studios LLC et al. v. The New York Times Company*, No. 24STCV34662, filed in the Superior Court of California, County of Los Angeles.

49.    "Wayfarer Defendants" shall refer, individually and collectively, to Wayfarer, Baldoni, Heath, Sarowitz, Nathan, TAG, Abel, Wallace, and Street Relations.

50.    "WME" shall refer to William Morris Endeavor Entertainment Agency, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

51.    "You," "Your," or "Yours" refers to Melissa Nathan and anyone else acting or purporting to act on her behalf and anyone on whose behalf she is acting.

## INSTRUCTIONS

1.    Please answer each Interrogatory separately and fully, in writing, and under oath within thirty days of service.

2.    In answering these Interrogatories, You are required to furnish all information known or available to You, regardless of whether this information is possessed: directly by You, Your agents, employees, representatives, or investigators (including but not limited to experts); by Your present or former attorneys or Your agents, employees, representatives or investigators; or by any other person or legal entity controlled by or in any other manner affiliated with You.

3.    If You refuse to answer any Interrogatory in whole or in part based on a claim that any privilege or other protection applies to the information sought, state the privilege and describe the factual basis for Your claim of privilege with such specificity as will permit Ms. Lively and the Court to determine the legal sufficiency of the claim of privilege or protection. Unless the divulgence of such information would cause the disclosure of privileged information, the following shall be provided as part of any claim of privilege:

**CONFIDENTIAL**

a.   For documents: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

b.   For oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication.

4.      If You refuse to answer any Interrogatory in whole or in part based on an objection, state the basis of each objection and the portion of the Interrogatory You are refusing to answer based on each such objection with the specificity required under Rules 26 and 33 of the Federal Rules of Civil Procedure, and answer any portion of the Interrogatory to which there is no objection.

5.      If any of these Interrogatories cannot be answered in full after reasonable inquiry and due diligence, answer to the fullest extent possible and explicitly identify the portion of the interrogatories that cannot be answered in full and specify the reason(s) for Your inability to answer the remainder.

6.      Unless otherwise specified, each Interrogatory concerns the time period from May 1, 2024, through the present.

CONFIDENTIAL

7.      Notwithstanding anything else to the contrary herein, each word, term, or phrase is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Civil Rules of the Southern District of New York.

8.      If any Document is produced in response to an Interrogatory below, then pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, designate the Interrogatory or Interrogatories to which each such Document responds and identify the Document by Bates number.

9.      These Interrogatories are continuing Interrogatories. If, at any time after service of the initial answers hereto and prior to the trial of this action, You obtain additional information responsive to these Interrogatories or learn of any omission or inaccuracy in any answer, You are required promptly to supplement, amend, or correct Your answers hereto in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

### INTERROGATORY NO. 4:

Identify any email account from May 1, 2024 to date, for which You provided access to any third party, including but not limited to Content Creators or the media, to communicate information of any kind, including messaging, talking points, guidelines, scripts, or other information, regarding Ms. Lively, Mr. Reynolds, the Digital Campaign, the CRD Complaint, or the Actions. For the sake of clarity, "provided access to" shall include any method by which access may be provided, including but not limited to by sharing the email account password or screen sharing the contents of any email folder.

### INTERROGATORY NO. 5:

Identify all Content Creators with whom You have communicated in any manner, concerning Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, the Lively/Reynolds Companies, or the Digital Campaign from May 1, 2024 to present.

**CONFIDENTIAL**

## INTERROGATORY NO. 6:

Identify all reporters and news or media outlets of any kind with whom You have communicated in any manner, concerning Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, or the Lively/Reynolds Companies from May 1, 2024 to present.

**CONFIDENTIAL**

Dated: June 18, 2025

*/s/ Esra A. Hudson*
MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson
Stephanie A. Roeser
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 312-4000
E-mail: ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
7 Times Square
New York, NY 10036
(212) 790-4500
Email: mbruno@manatt.com

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
Meryl Governski
1875 K Street NW
Washington, DC 20006
(202) 303-1000
E-mail: mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron Nathan
787 7th Avenue
New York, NY 10019
(212) 728-8000
E-mail: anathan@willkie.com

*Attorneys for Blake Lively and Ryan Reynolds*

**CONFIDENTIAL**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 18, 2025, the foregoing was served via email on all counsel of record.

*/s/ Esra A. Hudson*
Esra A. Hudson

CONFIDENTIAL

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>    Plaintiff,<br><br>    -v-<br><br>WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, THE AGENCY GROUP PR LLC, JENNIFER ABEL, JED WALLACE, and STREET RELATIONS INC.,<br><br>    Defendants. | Case No. 1:24-cv-10049-LJL<br>(consolidated with 1:25-cv-00449-LJL)<br><br><br>**PLAINTIFF/CONSOLIDATED DEFENDANT BLAKE LIVELY'S THIRD SET OF INTERROGATORIES TO DEFENDANT/CONSOLIDATED PLAINTIFF JENNIFER ABEL** |
| JENNIFER ABEL,<br><br>    Third-Party Plaintiff,<br><br>    -v-<br><br>JONESWORKS LLC,<br><br>    Third-Party Defendant. | |
| WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, JENNIFER ABEL, and STEVE SAROWITZ,<br><br>    Consolidated Plaintiffs,<br><br>    -v-<br><br>BLAKE LIVELY, RYAN REYNOLDS, LESLIE SLOANE, VISION PR, INC., and THE NEW YORK TIMES COMPANY.<br><br>    Consolidated Defendants. | |

**CONFIDENTIAL**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff/ Consolidated Defendant Blake Lively ("Ms. Lively" or "Plaintiff") hereby demands that Defendant/Consolidated Plaintiff Jennifer Abel serve, upon the undersigned, sworn answers to each of the Interrogatories hereinafter set forth to Manatt, Phelps & Phillips, LLP, 2049 Century Park East, Suite 1700, Los Angeles, California 90067, within thirty (30) days of the date of service hereof.

In responding to these Interrogatories, the following definitions and instructions shall apply.

## **DEFINITIONS**

1.     The Uniform Definitions in Discovery Requests that are set forth in Local Civil Rule 26.3 are hereby incorporated by reference.

2.      "Consolidated Action" means and collectively refers to the following cases entitled (a) Lively v. Wayfarer Studios LLC et al., U.S. District Court for the Southern District of New York (Case No. 1:24-cv-10049-LJL); and (b) Wayfarer Studios LLC et al. v. Lively et al., U.S. District Court for the Southern District of New York (Case No. 1:25-cv-00449-LJL).

3.     "Agreement" means any contract, arrangement, or understanding, formal or informal, oral or written.

4.     "Affiliate" means any and all entities that are wholly owned and/or controlled (directly or indirectly) by, or under common control by an identified individual or entity, including any corporate parent, subsidiaries, or affiliates, and each of their respective officers, directors, employees, or partners.

CONFIDENTIAL

5.      The terms "all," "any," and "each" shall each be construed as encompassing any and all. *See* Local Civil Rule 26.3.

6.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope. *See* Local Civil Rule 26.3.

7.      "Abel" refers to Jennifer Abel, who is a party to the Action.

8.      "Baldoni" refers to Justin Baldoni, who currently serves as the co-founder and co-chairman of Wayfarer Studios LLC and is a party to the Action.

9.      "Bryan Freedman" refers to counsel for the Wayfarer Defendants in the Action, as well as his past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates.

10.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise). *See* Local Civil Rule 26.3.

11.      "Concerning" means relating to, referring to, describing, evidencing, or constituting. *See* Local Civil Rule 26.3.

12.      "Content Creator" shall refer to any individual or entity who seeds, generates, creates, or influences Social Media content or provides related digital or social media services directly or indirectly at the request of, or on behalf of, any Wayfarer Party or their agents or affiliates.

13.      The "CRD Complaint" means the operative administrative complaint filed by Blake Lively with the California Civil Rights Department on December 20, 2024.

14.      "Digital Campaign" refers to efforts of the Wayfarer Defendants and/or any affiliates, employees, associates, or subcontractors to communicate information regarding Blake Lively, Ryan Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, the

CONFIDENTIAL

the Wayfarer Defendants, the Film, or the Actions on any Social Media, news outlet, or other internet platform and/or to seed, influence, manipulate, boost, amplify, or engage with social media algorithms, narrative or virality, as well as the use of bots or inauthentic accounts, as described in the Complaint, whether executed or not, including all planning related thereto.

15.    "Document" or "Documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term. *See* Local Civil Rule 26.3.

16.    The "Film" means the movie "It Ends with Us," co-starring Blake Lively and Justin Baldoni, as described in the Lively Complaint.

17.    "Heath" refers to Jamey Heath who currently serves as the CEO of Wayfarer Studios LLC and is a party to the Action.

18.    "Health Care Provider" means any person licensed or certified to provide health-related services, diagnoses, care, or treatment, including any clinic, health facility, health dispensary, as well as doctors, nurses, mental health professionals, and other specialists.

19.    "Identify" with respect to Persons means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**CONFIDENTIAL**

20.     "Identify" with respect to Documents means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).  In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Rule 33(d) of the Federal Rules of Civil Procedure.

21.     "IEWU LLC" shall refer to Defendant It Ends With Us Movie LLC, which is a party to this Action, as well as its past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates.

22.     "Including" means "including, but not limited to," or "including, without limitation," and should not be construed as limiting any Interrogatory.

23.     "Jonesworks" shall refer to the entity Jonesworks LLC, as well as its past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates, including, without limitation, Stephanie Jones.

24.     "Jonesworks Complaint" means the operative complaint filed by Stephanie Jones and Jonesworks LLC in *Jones v. Jennifer Abel et al.* and removed to the United States District Court for the Southern District of New York (NYS Case No. 659849/2024; SDNY Case No. 1:25-cv-00779), Dkt. No. 1, and any amended complaints filed by Stephanie Jones and/or Jonesworks LLC in the proceeding.

25.     "Liner Freedman Taitelman + Cooley" refers to the law firm serving as counsel for the Wayfarer Defendants in the Action as well as its past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates.

CONFIDENTIAL

26.    "Lively Complaint" shall refer to the Complaint, Dkt. No. 1, the First Amended Complaint, Dkt. No. 84, and any amended complaints filed by Blake Lively in *Lively v. Wayfarer Studios LLC et al.*, 1:24-cv-10049-LJL, as consolidated.

27.    "Lively/Reynolds Companies" shall refer to Ms. Lively and Mr. Reynolds's affiliated entities, including but not limited to Betty Buzz LLC, Blake Brown, Aviation Gin, Mint Mobile, and Maximum Effort Productions, individually and collectively, and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates.

28.    "Marketing Plan" shall refer to any efforts to market or promote the Film, including, but not limited to, any advertising, promotional, publicity or marketing materials (such as, without limitation, themes, market testing, research, summaries, talking points, trailers or teasers, posters, social media posts, and screen, radio, digital or television advertising), as described in the Complaint.

29.    "Ms. Lively" shall refer to Blake Lively, who is a party to this Action.

30.    "Mr. Reynolds" shall refer to Ryan Reynolds, who is a party to this Action.

31.    "Nathan" shall refer to Melissa Nathan, who is a party to the Action.

32.    The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation. *See* Local Civil Rule 26.3.

33.    "Payment" is defined as any transfer or commitment for future transfer of anything of value, including the exchange of funds (whether in dollars, foreign currency, or any form of

CONFIDENTIAL

electronic or cryptocurrency), cash, securities, loans, reimbursements, refunds, accounting corrections, retainers, goods, services, or otherwise.

34.    "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or associate. *See* Local Civil Rule 26.3.

35.    "Protections for Return to Production Agreement" means the contract executed in November 2023 concerning appropriate behavior during filming and production of the Film, as described in the Complaint.

36.    "Relating to" or "Relate to" means, without limitation, assessing, comprising, constituting, concerning, referring to, containing, describing, discussing, embodying, evidencing, identifying, pertaining to, reflecting, stating, supporting, or tending to support or refute, or referring in any other way, directly or indirectly, in whole or in part, to the subject matter specified.

37.    "Sarowitz" shall refer to Steve Sarowitz, who is a party to the Action.

38.    "Signal" shall refer to the open-source, encrypted messaging application managed by Signal Messenger LLC.

39.    "Social Media" means any digital platform, forum, website, application, online service, or other platform on which persons can create, transmit, share, communicate, exchange content, or comment upon any information, ideas, or opinions, or otherwise engage in social networking, including but not limited to:

  a.    Social Networking Platforms – Facebook, Instagram, Twitter (X), LinkedIn, TikTok, Snapchat, Reddit, and similar platforms.

  b.    Content Sharing & Video Platforms – YouTube, Vimeo, Twitch, Rumble, or similar services where videos, reels, or live content can be uploaded or streamed.

CONFIDENTIAL

c.     Email, Messaging Applications & Direct Communication Platforms –
       Including, but not limited to, Gmail, Outlook, WhatsApp, Telegram, Signal,
       Discord, Slack, Facebook Messenger, Instagram DMs, Twitter DMs, or any
       private messaging feature within a social media platform.

d.     Blogging & Forum Sites – Medium, Substack, WordPress, 4chan, 8kun, or
       any other user-generated content site where written materials are published.

e.     Influencer & Review-Based Platforms – Yelp, Glassdoor, Trustpilot,
       Google Reviews, Patreon, or any website where reputational impact can be
       influenced.

f.     Advertising & Promotional Services – Paid sponsorships, influencer
       partnerships, promoted posts, advertisements, bots, or algorithm-driven
       visibility campaigns.

g.     Automated or Third-Party Content Management Tools – Hootsuite, Buffer,
       Sprout Social, or any platform used to schedule, automate, or track social
       media activity.

h.     Any Other Online Presence – Any additional websites, forums, private
       groups, or digital spaces where content related to Plaintiff was discussed,
       posted, or promoted.

i.     Without limiting the foregoing in any manner, and by way of example only,
       this definition includes: all original posts, reposts, shares, likes, comments,
       hashtags, memes, images, videos, stories, threads, and reactions; all drafts,
       deleted posts, or unpublished content related to Plaintiff; all engagement
       metrics, analytics, reports, or logs reflecting interactions with content; and

CONFIDENTIAL

all metadata, timestamps, IP addresses, geolocation data, or user activity logs related to content.

40. "Sony" shall refer to Sony Pictures Entertainment, and its past or present officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

41. "Street Relations" shall refer to the entity Street Relations, Inc., as well as 7its past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates, including, without limitation, Jed Wallace.

42. "TAG" shall refer to The Agency Group PR LLC, which is a party to the Action, and its past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates.

43. "Telegram" shall refer to the cloud-based mobile and desktop messaging app managed by Telegram Messenger Inc.

44. "Vision PR Parties" refers to Defendants Leslie Sloane and Vision PR, Inc., in *Wayfarer Studios LLC et al. v. Lively et al.*, No. 1:25-cv-00449-LJL.

45. "Wallace" shall refer to Jed Wallace, as described in the Complaint.

46. "Wayfarer" shall refer to Defendant Wayfarer Studios LLC, and its past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates.

47. "Wayfarer SDNY Complaint" shall refer to the Complaint, Dkt. No. 1, the First Amended Complaint, Dkt. No. 50, and any other amended complaints filed by Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, It Ends with Us Movie LLC, Melissa Nathan, and Jennifer Abel in *Wayfarer Studios LLC et al. v. Lively et al.*, No. 1:25-cv-00449-LJL, as consolidated.

CONFIDENTIAL

48.    "Wayfarer New York Times Action" shall refer to the lawsuit entitled *Wayfarer Studios LLC et al. v. The New York Times Company*, No. 24STCV34662, filed in the Superior Court of California, County of Los Angeles.

49.    "Wayfarer Defendants" shall refer, individually and collectively, to Wayfarer, Baldoni, Heath, Sarowitz, Nathan, TAG, Abel, Wallace, and Street Relations.

50.    "WME" shall refer to William Morris Endeavor Entertainment Agency, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

51.    "You," "Your," or "Yours" refers to Jennifer Abel and anyone else acting or purporting to act on her behalf and anyone on whose behalf she is acting.

## INSTRUCTIONS

1.    Please answer each Interrogatory separately and fully, in writing, and under oath within thirty days of service.

2.    In answering these Interrogatories, You are required to furnish all information known or available to You, regardless of whether this information is possessed: directly by You, Your agents, employees, representatives, or investigators (including but not limited to experts); by Your present or former attorneys or Your agents, employees, representatives or investigators; or by any other person or legal entity controlled by or in any other manner affiliated with You.

3.    If You refuse to answer any Interrogatory in whole or in part based on a claim that any privilege or other protection applies to the information sought, state the privilege and describe the factual basis for Your claim of privilege with such specificity as will permit Ms. Lively and the Court to determine the legal sufficiency of the claim of privilege or protection. Unless the divulgence of such information would cause the disclosure of privileged information, the following shall be provided as part of any claim of privilege:

**CONFIDENTIAL**

a.     For documents: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

b.     For oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication.

4.     If You refuse to answer any Interrogatory in whole or in part based on an objection, state the basis of each objection and the portion of the Interrogatory You are refusing to answer based on each such objection with the specificity required under Rules 26 and 33 of the Federal Rules of Civil Procedure, and answer any portion of the Interrogatory to which there is no objection.

5.     If any of these Interrogatories cannot be answered in full after reasonable inquiry and due diligence, answer to the fullest extent possible and explicitly identify the portion of the interrogatories that cannot be answered in full and specify the reason(s) for Your inability to answer the remainder.

6.     Unless otherwise specified, each Interrogatory concerns the time period from May 1, 2024, through the present.

CONFIDENTIAL

7.      Notwithstanding anything else to the contrary herein, each word, term, or phrase is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Civil Rules of the Southern District of New York.

8.      If any Document is produced in response to an Interrogatory below, then pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, designate the Interrogatory or Interrogatories to which each such Document responds and identify the Document by Bates number.

9.      These Interrogatories are continuing Interrogatories. If, at any time after service of the initial answers hereto and prior to the trial of this action, You obtain additional information responsive to these Interrogatories or learn of any omission or inaccuracy in any answer, You are required promptly to supplement, amend, or correct Your answers hereto in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

### INTERROGATORY NO. 4:

Identify any email account from May 1, 2024 to date, for which You provided access to any third party, including but not limited to Content Creators or the media, to communicate information of any kind, including messaging, talking points, guidelines, scripts, or other information, regarding Ms. Lively, Mr. Reynolds, the Digital Campaign, the CRD Complaint, or the Actions. For the sake of clarity, "provided access to" shall include any method by which access may be provided, including but not limited to by sharing the email account password or screen sharing the contents of any email folder.

### INTERROGATORY NO. 5:

Identify all Content Creators with whom You have communicated in any manner, concerning Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, the Lively/Reynolds Companies, or the Digital Campaign from May 1, 2024 to present.

**CONFIDENTIAL**

**<u>INTERROGATORY NO. 6:</u>**

Identify all reporters and news or media outlets of any kind with whom You have communicated, directly or indirectly, in any manner, concerning Ms. Lively, Mr. Reynolds, the CRD Complaint, the Actions, or the Lively/Reynolds Companies from May 1, 2024 to present.

**CONFIDENTIAL**

Dated: June 18, 2025

*/s/ Esra A. Hudson*
MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson
Stephanie A. Roeser
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 312-4000
E-mail: ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
7 Times Square
New York, NY 10036
(212) 790-4500
Email: mbruno@manatt.com

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
Meryl Governski
1875 K Street NW
Washington, DC 20006
(202) 303-1000
E-mail: mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron Nathan
787 7th Avenue
New York, NY 10019
(212) 728-8000
E-mail: anathan@willkie.com

*Attorneys for Blake Lively and Ryan Reynolds*

**CONFIDENTIAL**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 18, 2025, the foregoing was served via email on all counsel of record.

<u>/s/ Esra A. Hudson</u>
Esra A. Hudson