```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/06/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
:
BLAKE LIVELY,                                                       :
:
                      Plaintiff,                 :
:      24-cv-10049 (LJL)
     -v-                                                          :
:      ORDER
:
WAYFARER STUDIOS LLC, JUSTIN BALDONI,                               :
JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH                           :
US MOVIE LLC, MELISSA NATHAN, THE AGENCY                            :
GROUP PR LLC, JENNIFER ABEL, JED WALLACE,                           :
STREET RELATIONS INC.,                                              :
:
                      Defendants.                :
:
------------------------------------------------------------------- X

LEWIS J. LIMAN, United States District Judge:

        Pro se movant J. Alexander Townsend ("Movant") moves to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2), or, in the alternative, for permissive intervention pursuant to Federal Rule of Civil Procedure 24(b). Dkt. No. 462. For the following reasons, the motion is denied.

        "To prevail on a motion for intervention as of right, a movant must '(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action.'" *In re New York City Policing During Summer 2020 Demonstrations*, 27 F.4th 792, 799 (2d Cir. 2022) (quoting *"R" Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006)). "All four parts of the test must be satisfied to qualify for intervention as of right." *Washington Elec. Coop, Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 96 (2d Cir. 1990). "For an interest to be cognizable by Rule 24(a)(2), it must be 'direct, substantial, and legally protectable.'" *In re New York City Policing*, 27 F.4th at 799

(quoting *Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010)). "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." *United States v. Peoples Benefit Life Ins. Co.*, 271 F.3d 411, 415 (2d Cir. 2001).

"Even if intervention of right is unavailable, a court may still 'permit a party to intervene if the party has a claim or defense that shares with the main action a common question of law or fact.'" *United States v. New York City Hous. Auth.*, 326 F.R.D. 411, 418 (S.D.N.Y. 2018) (quoting *SEC v. Caledonian Bank Ltd.*, 317 F.R.D. 358, 368 (S.D.N.Y. 2016)); *see* Fed. R. Civ. P. 24(b). "The court considers substantially the same factors" as are relevant to intervention as of right. *"R" Best Produce*, 467 F.3d at 240; *see Freeman v. Giuliani*, 2025 WL 552338, at *3 (S.D.N.Y. Feb. 19, 2025); *New York City Hous. Auth.*, 326 F.R.D. at 418 (noting that courts consider the potential of prejudice or delay, the benefit of intervention to the applicant, the nature and extent of the intervenors' interests, whether those interests are adequately represented, and whether intervention will contribute to full development of the issues).

Movant's stated interest in this action is that he has invested several hundred dollars in YouTube channels run by content creators who have received subpoenas in this case, and these channels may suffer if they are "forced to spend tens of thousands of dollars on motions to quash" such subpoenas. Dkt. No. 462. Movant seeks for Lively's claims to be dismissed with prejudice. *Id.* Movant's interest is too "remote from the subject matter of the proceeding" to justify intervention either permissively or as of right. *Floyd v. City of New York*, 770 F.3d 1051, 1060 (2d Cir. 2014). If every person who had paid money to consume content produced by a witness or party in this action could properly intervene, the standard for intervention under Rule 24 would be meaningless. Litigation frequently has ripple effects on third parties, whether the

defendant or plaintiff is a manufacturing company, a consumer products company, or an entertainment company. But those third parties—whether they be consumers or shareholders—do not by virtue of that relationship alone have a right to intervene or a protectable interest allowing them to intervene.

The motion to intervene is DENIED. The Clerk of Court is respectfully directed to close Dkt. No. 462.

SO ORDERED.

Dated: August 6, 2025
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge

3