# EXHIBIT D

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| BLAKE LIVELY,<br><br>             Movant,<br><br>v.<br><br>THE SKYLINE AGENCY LLC and ROZA KALANTARI,<br><br>             Respondents. | No. 3:25-mc-63 |

**BRIEF IN SUPPORT OF MOTION TO TRANSFER
TO THE SOUTHERN DISTRICT OF NEW YORK
<u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45(f)</u>**

## INTRODUCTION

Plaintiff and Movant Blake Lively respectfully moves to transfer the Motion to Compel to the Southern District of New York pursuant to Federal Rule of Civil Procedure 45(f). The relevant background is set forth in Ms. Lively's Brief in support of her Motion to Compel production of the documents withheld by the Skyline Parties in response to Ms. Lively's subpoenas. For the reasons explained below, Ms. Lively also asks that the Court transfer the motion under Rule 45(f). That Court is or will shortly be considering virtually identical privilege disputes in the same litigation, in some cases possibly involving the very same documents. In light of that, and given the complexity and pace of discovery in this expedited case, transfer is especially appropriate—as one other Court has already recognized in transferring another subpoena-related motion in this case back to the issuing Court.

## LEGAL STANDARD

A party that has served a subpoena "may move the court for the district where compliance is required for an order compelling production." Fed. R. Civ. P. 45(d)(2)(B)(i). "When the court where compliance is required did not issue the subpoena, it may transfer a motion under [Rule 45] to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). "[T]ransfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." Fed. R. Civ. P. 45(f) advisory committee note.

BRIEF IN SUPPORT OF BLAKE LIVELY'S MOTION TO TRANSFER                               1

# ARGUMENT

I. **The Court Should Transfer The Motion to Compel to the Southern District of New York.**

The Court should transfer the Motion to Compel to the U.S. District Court for the Southern District of New York, where the underlying action is pending. Transfer is important "to avoid disrupting the issuing court's management of the underlying litigation," and particularly so here, where nearly identical issues will arise simultaneously or in short order in that Court and potentially in other Districts. *Chem-Aqua, Inc. v. Nalco Co.*, No. 3:14–mc–71–D–BN, 2014 WL 2645999, at *3 (N.D. Tex. June 13, 2014) (transfer pursuant to Rule 45(f) warranted "where that court has already ruled on issues presented by the motion to quash and motion to compel or the same issues may arise in discovery in many districts"). The issuing Court is managing discovery in this complex action on a highly compressed timeline, with fact discovery set to close on September 30, and as many as forty depositions to be taken by that date—including depositions of many of the participants in the withheld communications. *See* SDNY Dkt. No. 425; App'x 14.[1] Recognizing the complexity of the discovery schedule in this case and the need for careful coordination by the issuing Court, another Court has already transferred a subpoena-related motion back to the Southern District of New York. Memorandum Decision and Order, *Liner Freedman Taitelman + Cooley, LLP v. Lively*, No. 2:25-mc-53-MWC-AJR (C.D. Cal. July 7, 2025), ECF No. 20 ("C.D. Cal. Transfer Order"); *see* App'x 16-21. This Court should do the same.

Aside from the necessity of coordinating discovery in a single District, transfer is also warranted because the issuing Court is poised to resolve virtually identical privilege disputes, possibly even over the same documents at issue here. Ms. Lively will be filing motions to compel production of documents withheld by the defendants to the SDNY Litigation, many of whom

---

[1] Citations to "App'x" refer to the Appendix filed in support of Ms. Lively's Motion to Compel.

**BRIEF IN SUPPORT OF BLAKE LIVELY'S MOTION TO TRANSFER**                           2

appear on the Skyline Parties's privilege log as participants in the withheld communications at issue here. Ms. Lively will also be filing a motion to compel production of documents withheld by third-parties Katherine Case and Breanna Butler Koslow. Ms. Lively has reason to believe that some of the very same documents may be at issue in each of these motions to compel. The issuing Court—which will adjudicate the motions to compel party productions and which is also the District of compliance specified in the subpoenas issued to Ms. Case and Ms. Koslow—is therefore poised to decide not only similar privilege claims, but potentially disputes over the same *documents*. Transfer of the Motion to Compel will ensure that a single judge adjudicates all of those closely related disputes, avoiding the potential for conflicting orders and conserving judicial resources that might otherwise be duplicated. *See, e.g.*, *Fintiv, Inc. v. STMicroelectronics, Inc.*, No. 3:20-MC-0079-G-BT, 2021 WL 2784472, at *3 (N.D. Tex. Jan. 14, 2021) (transfer warranted where the issuing Court "is most familiar with the status of discovery" and transfer "would also reduce the potential for inconsistent outcomes"); C.D. Cal. Transfer Order at 3–4 (recognizing that in the underlying litigation here the "presiding judge has ruled on a wide variety of discovery motions including subpoenas to third parties," that those "prior discovery rulings by the issuing court create an exceptionally high risk that any ruling by the Court" in the District of compliance "would interfere with the presiding judge's management of the New York Actions," and therefore "exceptional circumstances justify[] transfer to the Southern District of New York based on judicial economy and efficiency").

    Finally, the Skyline Parties will not suffer any prejudice from litigating the Motion to Compel in the issuing Court that would be sufficient to weigh against transfer. The Skyline Parties are represented by the same attorneys at Liner Freedman Taitelman + Cooley LLP who have appeared on behalf of the defendants in the issuing Court. That includes New York-based counsel

**BRIEF IN SUPPORT OF BLAKE LIVELY'S MOTION TO TRANSFER**  3

who can handle any matters that require in-person appearance. C.D. Cal. Transfer Order at 5 (recognizing that the burden on the subpoenaed party would be minimal given that Liner Freedman is counsel of record in the underlying litigation in SDNY). And to the extent that in-person attendance at any hearing on the Motion to Compel would be burdensome, Judge Liman has already held numerous remote hearings in this matter at which counsel have appeared by videoconference. SDNY Dkt. Nos. 116, 364, 411, 429; *See Fintiv*, 2021 WL 2784472, at *3 (the burden of Rule 45(f) transfer is minimal where "a review of the docket in the underlying litigation demonstrates that [the issuing Court] regularly conducts hearings by videoconference and telephone"). The overwhelming interest in having the issuing Court resolve the pending motion outweighs whatever interest the Skyline Parties may have in litigating it here. *Chem-Aqua*, 2014 WL 2645999, at *3–4; *Fintiv*, 2021 WL 2784472, at *3; C.D. Cal. Transfer Order 4.

## CONCLUSION

Ms. Lively respectfully requests that this Court transfer the Motion to Compel to the Southern District of New York.

**BRIEF IN SUPPORT OF BLAKE LIVELY'S MOTION TO TRANSFER**  4

                                              Respectfully submitted,

Dated: August 6, 2025                 /s/ *Samuel T. Mallick*

                                              Samuel Mallick, Texas Bar. No. 24109501
Haynes and Boone, LLP
2801 N Harwood St Suite 2300
Dallas, TX 75201
(214) 651-5962
sam.mallick@haynesboone.com

Laura Lee Prather, Texas Bar. No. 16234200
Michael J. Lambert, Texas Bar No. 24128020
Haynes and Boone, LLP
98 San Jacinto Boulevard
Suite 1500
Austin, TX 78701
(512) 867-8400
laura.prather@haynesboone.com
michael.lambert@haynesboone.com

Michael J. Gottlieb (*pro hac vice* forthcoming)
New York Bar No. 4424149
Kristin E. Bender (*pro hac vice* forthcoming)
New York Bar No. 5513775
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC  20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com

Aaron E. Nathan (*pro hac vice* forthcoming)
New York Bar No. 5478227
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8904
anathan@willkie.com

*Attorneys for Movant Blake Lively*

**BRIEF IN SUPPORT OF BLAKE LIVELY'S MOTION TO TRANSFER**      5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed via CM/ECF on August 6, 2025. Notice of this filing and service will be sent in accordance with the Federal Rules of Civil Procedure.

Dated: August 6, 2025

/s/ *Samuel T. Mallick*
Samuel T. Mallick
*Attorney for Movant Blake Lively*