

Kevin Fritz<br>
*Partner*<br>
Direct (212) 655-3570<br>
kaf@msf-law.com

<u>Via ECF</u>
Hon. Lewis J. Liman                                        August 6, 2025
United States District Court
500 Pearl Street, Room 1620
New York, NY 10007

**Re:** *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL

Dear Judge Liman:

As counsel for Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel (collectively, the "Wayfarer Parties"), we write in opposition to Blake Lively's ("Ms. Lively") motion to strike her *final* deposition transcript, currently filed under seal, from the docket and for related relief (the "Motion"). (Dkt. 540).[1]

Ms. Lively frames her argument as a motion to strike pursuant to Federal Rule of Civil Procedure 12(f) and the Court's inherent power. However, "Rule 12(f) does not authorize this court to strike documents other than pleadings." *In re AppHarvest Sec. Litig.*, 684 F. Supp. 3d 201, 238 (S.D.N.Y. 2023) (Liman, J.) (quoting *Honig v. Hansen*, No. 20-cv-5872, 2021 WL 4651475, at *3 (S.D.N.Y. Oct. 6, 2021)). "Pleadings" include only the complaint, answer, answer to crossclaims and counterclaims, third-party complaint, answer to third-party complaint, and replies when ordered by the court. *See* Fed. R. Civ. P. 7(a). They do not include exhibits submitted in connection with oppositions to motions. *See, e.g., Lee v. Springer Nature Am., Inc.*, 769 F. Supp. 3d 234, 246 n.4 (S.D.N.Y. 2025) (Liman, J.) (denying motion to strike opposition to motion to dismiss as procedurally improper).

Further, Ms. Lively does not contend that the deposition transcript contains "abusive," "improper" or "libelous" materials, which might warrant the Court's exercise of its inherent power. *See Outlaw v. City of New York*, No. 22-cv-9288, 2024 WL 4825955, at *3 (S.D.N.Y. Nov. 19, 2024) (quoting *Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, 9-cv-2669, 2015 WL 4757601, at *3 (S.D.N.Y. Aug. 12, 2015)). After all, the deposition transcript records Ms. Lively's own words. Ms. Lively contends that the transcript must be stricken based on her speculation that it was filed for the "purpose of the transcript into the public domain as fodder for [their] media campaign." (Dkt. 540, p. 1).  The transcript, however, was filed under seal and Ms. Lively has the option of moving to keep the document sealed; although it is puzzling why she seeks to conceal her own testimony in an action in which she is the plaintiff.

---

[1] We are unclear why Ms. Lively refers to her deposition transcript as a "rough draft" given that the document is not marked as a "rough" draft (Dkt. 538-1), as such versions of transcripts traditionally are.

The deposition transcript was filed in connection with Liner Freedman Taitelman + Cooley, LLP's ("Liner Freedman") Motion to Quash Ms. Lively's subpoena seeking Bryan Freedman's purported statements to Content Creators and the media (the "Subpoena"). (1:25-mc-00289, Dkt. 1-3). Liner Freedman moved to quash the Subpoena (which motion has since been largely granted), the parties fully briefed the issues, and, on July 30, 2025, the Court heard oral argument. No additional argument or supplemental briefing was requested by the Court. Nonetheless, Ms. Lively filed a letter with the Court, which purported to "address certain questions with the Court" but which was truly an improper submission of further argument on the motion to quash. (Dkt. 533).

The Wayfarer Parties responded, citing Ms. Lively's deposition transcript which was attached as an exhibit to demonstrate for the Court that Ms. Lively's allegations of an ongoing "smear campaign" are unsubstantiated. (Dkt. 538). By improperly submitting additional argument on the motion to quash, Ms. Lively invited a response that would include evidence to establish the true reason why Ms. Lively served the Subpoena upon Liner Freedman. It is routine for the Court to consider deposition testimony in connection with discovery disputes. *See, e.g., Spencer-Smith v. Ehrlich*, No. 23-cv-2652, 2024 WL 4416581, at *5 (S.D.N.Y. Oct. 4, 2024) (Liman, J.) (citing deposition testimony in Order on motion to compel discovery). Contrary to Ms. Lively's contention, the Wayfarer Parties did not "hope to make [her] defend the continued sealing of the transcript so that they can advance a false narrative that [she] is afraid of her deposition testimony becoming public" Ms. Lively will either move to permanently seal her transcript or she will not. The choice is hers.

Ms. Lively next alleges that "it also appears that the Wayfarer Defendants immediately leaked details from the deposition to the tabloid media." (Dkt. 540, p. 2). She does not cite any evidence. This is not surprising as there is none. Ms. Lively also fails to explain why any such "leak" could not have originated from Ms. Lively, her husband, her multiple attorneys, legal or administrative staff from the law firm representing her (whose office she demanded host the deposition), or the catering staff employed thereby who served lunch. Putting aside the identity of the culprit, the identities of those in attendance for her deposition are not newsworthy because all parties are entitled to attend all depositions. *See Tedesco v. Mishkin*, 629 F. Supp. 1474, 1481 (S.D.N.Y. 1986.

For the reasons set forth above, the Motion should be denied.

Respectfully submitted,

/s/ *Kevin Fritz*
MEISTER SEELIG & FEIN PLLC
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
kaf@msf-law.com

LINER FREEDMAN TAITELMAN + COOLEY, LLP
Bryan J. Freedman (*pro hac vice*)
Ellyn S. Garofalo (*pro hac vice*)
Miles M. Cooley (*pro hac vice*)
Theresa M Troupson (*pro hac vice*)
Summer Benson (*pro hac vice*)
Jason Sunshine
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
egarofalo@lftcllp.com
mcooley@lftcllp.com
ttroupson@lftcllp.com
sbenson@lftcllp.com
jsunshine@lftcllp.com

Mitra Ahouraian (*pro hac vice*)
2029 Century Park East
4th Floor
Los Angeles, CA 90067
(310) 376-7878
Email: mitra@ahouraianlaw.com

cc: all counsel of record (via ECF)