UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__8/8/2025__
```

BLAKE LIVELY,

                    Plaintiff,

       -v-

WAYFARER STUDIOS LLC, JUSTIN BALDONI,
JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH
US MOVIE LLC, MELISSA NATHAN, THE AGENCY
GROUP PR LLC, JENNIFER ABEL, JED WALLACE,
STREET RELATIONS INC.,

                    Defendants.

--------------------------------------------------------------------X

24-cv-10049 (LJL)

MEMORANDUM AND
ORDER

LEWIS J. LIMAN, United States District Judge:

      On August 1, 2025, counsel for the Wayfarer Parties[1] and Liner Freedman Taitelman +

Cooley, LLP ("Liner Freedman") filed a letter with the Court ("the Letter"), *see* Dkt. No. 538,

ostensibly responding to arguments made by counsel for Blake Lively ("Lively") regarding Liner

Freedman's pending motion to quash a subpoena, *see* Dkt. No. 533.  The Letter broadly asserts

that there is no evidence the Wayfarer Parties, Bryan Freedman, or his firm have participated in a

smear campaign against Lively.  Dkt. No. 538.  For support, the Letter quotes one fragment of

one sentence from Lively's deposition.  *Id.*  In the deposition, Lively testifies that she believes

that the Wayfarer Parties have retaliated against her for reporting harassment by engaging in an

ongoing smear campaign, but she (appropriately) refuses to reveal information disclosed to her in

confidence by her counsel.  *See* Dkt. No. 538-1 at 201:14–202:23.  The Letter also includes as an

---

[1] The Wayfarer Parties are Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz,
It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel.

attachment the entire uncertified 292-page transcript of Lively's deposition. *Id.*

Lively now moves under Federal Rule of Civil Procedure 12(f) and the Court's inherent power to strike the attachment on the grounds that "there is no conceivable legal purpose to file the whole transcript." Dkt. No. 540. Lively argues that the Wayfarer Parties have included the entire transcript solely for strategic media and public-relations purposes. Specifically, given the Court's individual practices regarding sealed materials, the Wayfarer Parties' decision has put Lively in the position of "defend[ing] the continued sealing of the transcript." *Id.* Lively contends the Wayfarer Parties have done so in order to "advance a false narrative that Ms. Lively is afraid of her deposition testimony becoming public, which is entirely untrue." *Id.*

The Court agrees that inclusion of the entire deposition transcript served no proper purpose and accordingly grants the motion to strike. Courts have inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–631 (1962)). This includes the power to strike materials outside the pleadings that are "abusive or otherwise improper." *Outlaw v. City of New York*, 2024 WL 4825955, at *3 (S.D.N.Y. Nov. 19, 2024) (quoting *Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, 2015 WL 4757601, at *3 (S.D.N.Y. Aug. 12, 2015)); *see also Nat. Res. Def. Council, Inc., v. U.S. Food & Drug Admin.*, 884 F. Supp. 2d 108, 115 n.5 (S.D.N.Y. 2012); *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010); *Hardy v. United States*, 153 Fed. Cl. 624, 628 (Fed. Cl. May 14, 2021); *Avendano v. Sec. Consultants Grp.*, 2014 WL 6611384, at *1–2 (D. Nev. Nov. 19, 2014). The Second Circuit has explained that a court's supervisory function over its docket "is not only within a district court's power, but also among its responsibilities." *Brown v. Maxwell*, 929 F.3d 41, 51 (2d Cir. 2019). Courts must therefore protect the judicial process from

being "coopted" and ensure that their dockets "are not used to gratify private spite or promote

public scandal." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

 The Wayfarer Parties' attachment of the entire, nearly 300-page deposition—after citing

only two pages of it in the Letter—served no proper litigation purpose and instead appears to

have been intended to burden Lively (and as a result, the Court) and to invite public speculation

and scandal. Even if the cited deposition portions were relevant or provided support for the

Wayfarer Parties' arguments—both of which are far from clear—the Wayfarer Parties have not

even attempted to argue that the *entire* deposition was relevant. Nor could they. The conclusion

is inescapable that the Wayfarer Parties filed gratuitous amounts of irrelevant pages so that, if

Lively moved for continued sealing of the irrelevant pages, the Wayfarer Parties could then use

Lively's response for their own public-relations purposes. The Court has not only the power but

also the responsibility to step in.[2]

 The Wayfarer Parties offer several responses, none persuasive. First, they observe that

"Rule 12(f) does not authorize this court to strike documents other than pleadings." Dkt. No.

576 (quoting *In re AppHarvest Sec. Litig.*, 684 F. Supp. 3d 201, 238 (S.D.N.Y. 2023)). They do

not dispute, however, that the Court has the inherent authority to strike documents other than

pleadings when filed for improper purposes. Indeed, the Court has already done so in this very

case. *See* Dkt. No. 220; *see also Outlaw*, 2024 WL 4825955, at *4 ("[T]he Court need not

resolve [whether Ryle 12(f) applies to the exhibits at issue] because the Court's inherent power

to strike improper materials clearly empowers it to strike these materials . . . ."). Next, they

---

[2] The Wayfarer Parties' actions follow a pattern of using filings on the docket as an opportunity to litigate this case in the press rather than in court. The Court has already stricken from the record prior filings made by the Wayfarer Parties for the improper purpose of "invit[ing] a press uproar." Dkt. No. 220. The Court has likewise disregarded as improper attachments to other filings. *See* Dkt. No. 296 at 5.

contend that Lively has not asserted that "the deposition transcript contains 'abusive,' 'improper' or 'libelous' materials." Dkt. No. 576. But that is not the test. The test is whether the Wayfarer Parties' filing itself was abusive or improper. And, given that there could have been no proper reason for the Wayfarer Parties to have filed an entire transcript when only a few lines were even arguably relevant, Lively has demonstrated that the Wayfarer Parties have abused this Court's docket. Finally, the Wayfarer Parties explain that it is "routine for the Court to consider deposition testimony in connection with discovery disputes." *Id.* It is not routine, however, for parties to attach an entire confidential deposition transcript when citing only limited portions of that transcript involving only a few lines of text in order to put the other side and the Court to the burden of justifying continued sealing.

Lively's motion to strike the attachment at Dkt. No. 538-1 is granted. As there is no cause to seal the limited portion of the transcript cited by the Wayfarer Parties in the Letter, Lively is directed to publicly file only 201:14–202:23 of Dkt. No. 538-1. Furthermore, because the only portion of the Letter that is currently redacted is the portion of the transcript that the Court now orders unsealed, the Court will also unseal the Letter.

The Clerk of Court is directed to close Dkt. Nos. 537 and 540, to unseal Dkt. No. 538, and to strike the attachment at Dkt. No. 538-1.

SO ORDERED.

Dated: August 8, 2025
New York, New York

_____
LEWIS J. LIMAN
United States District Judge