**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BLAKE LIVELY,<br><br>　　　　　　Plaintiff,<br><br>-v-<br><br>WAYFARER STUDIOS LLC, et al.,<br><br>　　　　　　Defendants. | Case No. 1:24-cv-10049-LJL<br>(lead case) |
| WAYFARER STUDIOS LLC, et al.,<br><br>　　　　　　Consolidated Plaintiffs,<br><br>-v-<br><br>BLAKE LIVELY, et al,<br><br>　　　　　　Consolidated Defendants. | No. 25-cv-449 (LJL) (member case) |

**DECLARATION OF STEPHANIE A. ROESER**
**IN SUPPORT OF BLAKE LIVELY'S LETTER-MOTIONS TO COMPEL**
**KATHERINE CASE AND BREANNA BUTLER KOSLOW**
**TO PRODUCE DOCUMENTS WITHHELD ON PRIVILEGE GROUNDS**

I, Stephanie A. Roeser, pursuant to 28 U.S.C. § 1746, declare as follows:

1.  I am an attorney admitted to practice before this Court, a partner in the law firm of Manatt, Phelps & Phillips LLP, 2049 Century Park East, Suite 1700, Los Angeles, CA 90067, and counsel of record for Blake Lively in the above-captioned action.

2.  I respectfully submit this declaration in support of Ms. Lively's Letter-Motions to Compel non-parties Katherine Case and Breanna Butler Koslow to produce documents withheld on privilege grounds.

3.  On July 16, 2025, Ms. Case and Ms. Koslow transmitted their initial document productions, which contained 6,728 documents ("First Production"). Upon initial review of the First Production on July 17, 2025, I discovered that the productions included a large number of communications on which the Wayfarer Defendants' counsel were copied. Out of an abundance of caution, I immediately ceased review of the documents. That same day, my co-counsel at Willkie Farr & Gallager LLP, Kristin Bender, emailed counsel for Ms. Case and Ms. Koslow, Mr. Wallace and Street Relations, and the Wayfarer Defendants to provide notice that Ms. Case and Ms. Koslow's document productions contained communications that included the Wayfarer Defendants' counsel. Attached as **Exhibits A** and **B** are copies of Ms. Bender's July 17, 2025 emails to counsel, which I also received.

4.  On July 18, 2025, counsel for Ms. Case and Ms. Koslow sent an email stating that they would claw back a substantial volume of the produced documents and represented that such documents had been "inadvertently produced." In all: 68 documents from Ms. Case's production and 278 documents from Ms. Koslow's production were subject to the claw back. That same day, I attended a conferral with counsel for Ms. Case and Ms. Koslow during which counsel shared that they had spoken with counsel for the Wayfarer Defendants regarding the clawed back documents.

5.  The next day, on July 19, Ms. Case and Ms. Koslow transmitted a re-production with slip sheets in place of the documents that they claimed had been inadvertently produced ("Second Production"). Counsel referenced attorney work product and attorney-client privilege but did not reference any common interest privilege assertion at that time. During a meet and confer between counsel for Ms. Lively and counsel for Ms. Case and Ms. Koslow later that afternoon, counsel for Ms. Case and Ms. Koslow stated that the production of privileged information was not due exclusively or primarily to technical errors.

6.  On July 21, 2025, I emailed the Wayfarer Defendants' counsel, inquiring whether the Wayfarer Defendants intended to assert any claim of privilege over documents in Ms. Case or Ms. Koslow's productions and, if so, requested that counsel specify the nature of the privilege as to any such document, provide the basis for any such claim in the form of a privilege log, and provide availability to meet and confer regarding the same. Attached as **Exhibit C** is a copy of my July 21, 2025 email to the Wayfarer Defendants' counsel.

7.  On July 22, 2025, the Wayfarer Defendants' counsel responded that they would be "asserting the attorney-client privilege, work product doctrine, common interest privilege, and any other applicable privilege," without further detail regarding the basis for such assertions or which documents they applied to, and without providing a privilege log. *See* **Exhibit C**.

8.  Also on July 22, 2025, Ms. Case and Ms. Koslow produced privilege logs that identified 209 and 494 documents, respectively, from August 2024 to March 2025. The privilege logs contained only two "category" entries each, with no individual identification of any documents. Most of the withheld documents involve certain of the Wayfarer Defendants, their counsel, and other third parties. A copy of Ms. Case's privilege log is attached hereto as **Exhibit D**. A copy of Ms. Koslow's July 22 privilege log is attached hereto as **Exhibit E**.

9. Counsel for Ms. Lively conferred with counsel for Ms. Case and Ms. Koslow and counsel for the Wayfarer Defendants on July 23 regarding the productions of Ms. Case and Ms. Koslow. On that conferral, we discussed Ms. Lively's position that the privilege logs that were produced were insufficient because they did not provide enough information about the withheld documents, who was included in the communications reflected in the withheld documents, and which privilege applied to each document. In response, counsel for Ms. Case and Ms. Koslow maintained that their privilege logs were sufficient as "categorical" privilege logs under this Court's decision in *Rekor Systems, Inc. v. Loughlin*, 2021 WL 5450366 (S.D.N.Y. Nov. 22, 2021). Counsel for the Wayfarer Defendants confirmed that they did not intend to serve any privilege log with respect to Ms. Case and Ms. Koslow's productions and instead would simply adopt Ms. Case and Ms. Koslow's privilege logs.

10. Following that July 23, 2025 conferral, I emailed the Wayfarer Defendants' counsel to specifically alert them that Ms. Case and Ms. Koslow's Second Production still contained communications copying certain counsel. A true and correct copy of my July 23, 2025 email is attached hereto as **Exhibit F**. The Wayfarer Defendants did not respond to this email.

11. Also on July 23, 2025, my co-counsel at Willkie Farr & Gallagher LLP, Aaron Nathan, sent an email confirming the Wayfarer Defendants' position that they would adopt the privilege logs provided by Ms. Case and Ms. Koslow, and not provide a separate log. A true and correct copy of Mr. Nathan's July 23, 2025 email is attached hereto as **Exhibit G**.

12. Ms. Koslow served an amended privilege log on July 28, 2025, withdrawing her privilege claim as to a single communication on which a certain content-creator had been copied. A true and correct copy of Ms. Koslow's July 28 amended privilege log is attached hereto as **Exhibit H**.

- 5 -

13. A true and correct copy of the second amended privilege log served by The Skyline Agency LLC and Roza Kalantari on May 30, 2025 is attached hereto as **Exhibit I**.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 8, 2025                                          /s/ *Stephanie A. Roeser*