

**Jillian L. Fitzpatrick**
Direct Phone: +1 212 549 0274
Email: jfitzpatrick@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

August 11, 2025

**Via ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

**Re:** *Blake Lively v. Wayfarer Studios LLC, et. al.,* No. 24-cv-10049-LJL

Dear Judge Liman:

We write on behalf of Paylocity Corporation ("Paylocity"), who was subpoenaed and produced documents to Ms. Lively's counsel on April 2, 2025, to seek the filing of Exhibits 32 and 33 (the "Exhibits," attached hereto as Exhibits A and B) to the Declaration of Kristin Bender (ECF 556-32 and 556-33) under seal pursuant to this Court's Individual Practices in Civil Cases. Paylocity was alerted of this motion on Friday, August 8, 2025 at 5:05 PM EST via email from Ms. Lively's counsel, letting Paylocity know that in less than one court day, a sealing motion was required in order to protect Paylocity's information. Over the course of the weekend, Paylocity has reviewed the two documents and the motion to compel and is respectfully submitting this motion to seal as the two documents contain non-public personally identifiable information and the substance of the two documents is not relevant to Ms. Lively's Motion to Compel.

Two emails from Defendant Steve Sarowitz's Paylocity email contain confidential information and are merely used in part of a "see e.g." cite to show that Mr. Sarowitz had received "communications relating to the Film" via his Paylocity email. *See* Omnibus Brief in Support of Plaintiff Blake Lively's Motions to Compel, ECF 555 at p. 15. The substance of these documents is not discussed in the brief, nor is the substance of the documents relevant to this proceeding, but rather is used to advance speculation that similar emails *may* exist.

Although the "courts of this country recognize a general right to inspect and copy" judicial records, the Supreme Court has held that this right is "not absolute." *See Nixon v. Warner Communications*, 435 U.S. 589, 598 (1978). Instead, "[e]very court has supervisory power over its own records and files" and the decision as to access of judicial filings is "one best left to the sound discretion of the trial court," considering "the relevant facts and circumstances of the particular case." *Id*. at 598-99.

Courts in this district follow a three-part test to determine whether sealing is appropriate. *Sony Corp. v. Fujifilm Holdings Corp.*, 2016 WL 11708368, at *1 (S.D.N.Y. Oct. 28, 2016) (balancing the weight of the presumption of access that attaches to the documents sought to be filed under seal with other competing considerations like privacy interests resisting disclosure). First, the Court must determine

The Honorable Lewis J. Liman
August 11, 2025
Page 2



whether the presumption of access attaches. *Id*. Second, if the document is a judicial document, the court must determine the weight of the presumption of access. *Id*. Third, "after determining the weight of the presumption of access, the [C]ourt must balance competing considerations against it." *Id*. (quotations omitted). Under this test, sealing is appropriate when "necessary to preserve higher values" and if the requested sealing is "narrowly tailored to achieve that aim." *FTC v. Vyera Pharms., LLC*, 2020 WL 5569713, at *2 (S.D.N.Y. Sept. 17, 2020).

The exhibits should be sealed because they include, quote from, or constitute confidential and personal information that is not available to the public and would serve no public interest if filed publicly. *Letchford v. Scotwork (N. Am.) Inc.*, 2020 U.S. Dist. LEXIS 221770 at *3 (S.D.N.Y. Nov. 24, 2020) (finding the interest in maintaining the confidentiality of personal information sufficient to rebut the common-law presumption of access) (attached hereto as Exhibit C). The Second Circuit has made clear that the "privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001); *see also Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017) (sealing employment information of non-parties). Additionally, third party documents that have minimal relevance to the Court's ruling show a strong privacy interest with regards to sealing. *See SEC v. Ripple Labs, Inc.*, 2023 WL 3477552, at *3 (S.D.N.Y. May 16, 2023) (granting third party's motion to seal as the documents had minimal relevance to the summary judgment motion). Here, Paylocity is an "innocent third party" who merely produced responsive documents pursuant to Ms. Lively's subpoena. The information contained in these documents serves no public interest if filed publicly in the context of Ms. Lively's Motions to Compel. As such, Paylocity's strong interest, as a third party in this case, is sufficient to rebut the common-law presumption of access to these documents. The personal information in these emails outweighs any need for public disclosure.

Paylocity respectfully requests that Exhibits 32 and 33 to the Declaration of Kristin Bender remain under seal.

Respectfully,

*/s/ Jillian L. Fitzpatrick*


Jillian L. Fitzpatrick
Reed Smith LLP