# EXHIBIT C

 Neutral

As of: August 11, 2025 10:30 PM Z

# Letchford v. Scotwork (N. Am.) Inc.

United States District Court for the Southern District of New York

November 24, 2020, Decided; November 24, 2020, Filed

19-CV-8921 (RA)

**Reporter**
2020 U.S. Dist. LEXIS 221770 *

SIMON LETCHFORD, Plaintiff, v. SCOTWORK (NORTH AMERICA) INC., et al., Defendants.

## Core Terms

redact, documents, seal, parties, financial information, personal information, judicial document, summary judgment, numbers, summary judgment motion, personal data, confidentiality, cross-motions, common-law, non-public, employees, exhibits, rebut

**Counsel:** [*1] For Simon Letchford, Plaintiff: Elaine Nguyen, LEAD ATTORNEY, Mitchell Silberberg & Knupp, New York, NY USA Jacob Douglas Albertson, LEAD ATTORNEY, Orrick, Herrington & Sutcliffe LLP (NYC), New York, NY USA.

For Scotwork (North America) Inc., Scotwork Limited (Si), Defendants, Counter Claimants: Tara Linette Eyer Daub, LEAD ATTORNEY, Justin Anthony Guilfoyle, Nixon Peabody LLP, Jericho, NY USA.

**Judges:** RONNIE ABRAMS, United States District Judge.

**Opinion by:** RONNIE ABRAMS

## Opinion

ORDER

RONNIE ABRAMS, United States District Judge:

On August 14, 2020, following a post-discovery conference, this Court directed the parties to file their anticipated cross-motions for summary judgment no later than November 30, 2020. Dkt. 32. On November 23, 2020, the parties submitted a joint letter to the Court, seeking permission to redact certain limited personal data and file one financial statement under seal in connection with the their respective motions for summary judgment. Dkt. 34. Specifically, the parties seek to (1) redact "personal data"—including email addresses, telephone numbers, and home addresses—for those Scotwork employees who are citizens of member countries of the European Union as defined by the General Data Protection [*2] Regulation ("GDPR") and (2) seal Defendants' 2018 profit and loss statement, which contains non-public financial information. *Id.* For the reasons expressed below, the parties' joint motion to seal documents is GRANTED.

Sealing requests are subject to the test set forth in *Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006)*. That test requires the Court to first determine whether the documents at issue are "judicial documents" by examining whether they are "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Erie Cnty., 763 F.3d 235, 239 (2d Cir. 2014)*. If the documents are judicial documents, then a common law presumption of access attaches, and the Court must then consider the weight of that presumption

against any "competing considerations." *Lugosch, 435 F.3d at 119-120*. The Court considers the documents at issue here to be judicial documents because the parties represent that they will be submitted in connection with the parties' cross motions to dismiss. *See Aulistar Mark v. Gawker Media LLC, 13-cv-4347 (AJN), 2015 U.S. Dist. LEXIS 154630, 2015 WL 7288641, at *2 (S.D.N.Y. Nov. 16, 2015)* (holding that documents submitted in support of a summary judgment motion are judicial documents because summary judgment is an adjudication). Thus, exhibits are entitled to a strong presumption of access.

The Court nevertheless grants the proposed redactions. Concerning **[*3]** the motion to redact personal information, the parties only seek to redact specific information for employees of Defendant who are subject to the GDPR. Dkt. 34. This "personally identifying information [including] personal phone numbers, contact lists, birth dates, and social security numbers" is the type of information that the Second Circuit has allowed to be filed with minimal redactions like those proposed here. *See Brown v. Maxwell, 929 F.3d 41, 48 n. 22 (2d Cir. 2019)*. Although courts have "declined to seal personal information when it relates to allegations made in the complaint and filings and 'necessary to or helpful in resolving a motion,'" there is no indication that the limited personal information at issue here is "necessary or helpful" in this way. *Ramirez v. Temin & Co., no. 20-CV-6258 (ER), 2020 U.S. Dist. LEXIS 216034, 2020 WL 6781222 (S.D.N.Y. Nov. 18 2020)*. The Court thus finds that the parties' interest in maintaining the confidentiality of Defendants' employees' personal information sufficient to rebut the common-law presumption of access. Regarding the financial information, the Court recognizes that non-public financial information of this nature "is sensitive and potentially damaging if shared with competitors." *New York v. Actavis, PLC, no. 14-CV-7473, 2014 U.S. Dist. LEXIS 149327, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014)*. Here too, the parties' interest **[*4]** in maintaining the confidentiality of this financial information is sufficient to rebut the common-law presumption of access.

Accordingly, it is hereby:

ORDERED that the parties' request to redact the proposed portions of the exhibits filed in conjunction with their cross-motions for summary judgment is GRANTED. The Court will file under seal the unredacted versions of those documents.

The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 34.

SO ORDERED.

Dated: November 24, 2020

New York, New York

/s/ Ronnie Abrams

RONNIE ABRAMS

United States District Judge

**End of Document**