# EXHIBIT 3

CONFIDENTIAL

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>      Plaintiff,<br><br>v.<br><br>WAYFARER STUDIOS LLC, et al,<br><br>      Defendants. | No. 24-cv-10049-LJL |
| JENNIFER ABEL,<br><br>      Third-Party Plaintiff,<br><br>v.<br><br>JONESWORKS LLC,<br><br>      Third-Party Defendant. | |

## PLAINTIFF BLAKE LIVELY'S RESPONSES AND OBJECTIONS TO DEFENDANTS' THIRD SET OF REQUESTS FOR PRODUCTION

Plaintiff Blake Lively ("Ms. Lively") hereby responds and objects to the Third Set of Requests for Production (the "Requests") propounded by Defendants Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, It Ends With Us Movie LLC, Melissa Nathan, Jennifer Abel, and Steve Sarowitz and The Agency Group PR LLC ("TAG," and cumulatively, the "Propounding Parties") as follows:

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Ms. Lively objects to each of the "Definitions" and "Instructions" to the extent that they seek to impose duties or obligations that exceed and/or are inconsistent with those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules

CONFIDENTIAL

for the United States District Court for the Southern District of New York, and/or any other order of the Court (the "Applicable Rules").

2.      Ms. Lively objects to the definitions and instructions to the extent they assume facts not in evidence or misstate facts.

3.      Ms. Lively objects to the definitions of "You" and "Your" and "Lively" and "Responding Party" on the grounds that they are vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definitions include not only Ms. Lively but "*anyone else* acting or *purporting to act* on her behalf and *anyone* on whose behalf she is or was acting," such as individuals, regardless of their relationship to the allegations, claims, or defenses in the Action,[1] (i) outside of an employment or agency relationship with Ms. Lively; (ii) not acting at her direction or on her behalf; (iii) not acting with her assent; (iv) not subject to her control; and/or (v) without ability to bind her by their actions.   Ms. Lively further objects to the definitions to the extent they constitute an unnecessary and unwarranted invasion of privacy to third parties.  In responding to the Requests, Ms. Lively will construe the terms "You," "Your," "Lively," and "Responding Party" to mean Ms. Lively.

4.      Ms. Lively objects to the definition of "Heath" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Jamey Heath, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Heath's] behalf," regardless of their relationship to the allegations, claims, or defenses in the

---

[1] As detailed in Objection No. 15, Ms. Lively will construe "Action" to mean the action pending in the Southern District of New York captioned *Lively v. Wayfarer Studios LLC, et al.*, Case No. 24-cv-10049-LJL.

CONFIDENTIAL

Action.  In responding to the Requests, Ms. Lively will construe the term "Heath" to mean Jamey Heath.

5.      Ms. Lively objects to the definition of "Sarowitz" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Steve Sarowitz, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Sarowitz's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action.  In responding to the Requests, Ms. Lively will construe the term "Sarowitz" to mean Steve Sarowitz.

6.      Ms. Lively objects to the definition of "Nathan" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Melissa Nathan, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Nathan's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action.  In responding to the Requests, Ms. Lively will construe the term "Nathan" to mean Melissa Nathan.

7.      Ms. Lively objects to the definition of "Abel" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Jennifer Abel, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on

CONFIDENTIAL

[Abel's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Ms. Lively will construe the term "Abel" to mean Jennifer Abel.

8. Ms. Lively objects to the definition of "Wayfarer" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Wayfarer Studios LLC, but also unidentified members, managers, representatives, agents, employees, subsidiaries, affiliates, parent(s), accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Wayfarer's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Ms. Lively will construe the term "Wayfarer" to mean Wayfarer Studios LLC.

9. Ms. Lively objects to the definition of "TAG" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only The Agency Group PR LLC, but also unidentified members, managers, representatives, agents, employees, subsidiaries, affiliates, parent(s), accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [TAG's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Requests, Ms. Lively will construe the term "TAG" to mean The Agency Group PR LLC. Ms. Lively further objects to the definition of "TAG" because it is not used in the underlying Requests.

10. Ms. Lively objects to the definition of "Reynolds" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Ryan Reynolds, but

CONFIDENTIAL

also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Reynolds's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action.  In responding to the Requests, Ms. Lively will construe the term "Reynolds" to mean Ryan Reynolds.

11.    Ms. Lively objects to the definition of "Sloane" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Leslie Sloane, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Sloane's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action.  Ms. Lively further objects to the definition of "Sloane" because it is not used in the underlying Requests.

12.    Ms. Lively objects to the definition of "Vision" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Vision PR Inc., but also unidentified members, managers, representatives, agents, employees, subsidiaries, affiliates, parent(s), accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Vision's] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action.  Ms. Lively further objects to the definition of "Vision" because it is not used in the underlying Requests.

13.    Ms. Lively objects to the definition of "Jonesworks" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the

CONFIDENTIAL

discovery of admissible information in that the definition includes not only Jonesworks LLC, but also unidentified members, managers, representatives, agents, employees, subsidiaries, affiliates, parent(s), accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Jonesworks'] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action.  In responding to the Requests, Ms. Lively will construe the term "Jonesworks" to mean Jonesworks LLC.

14.    Ms. Lively objects to the definition of "Jones" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information in that the definition includes not only Stephanie Jones, but also unidentified employees, representatives, agents, subsidiaries, affiliates, accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [Jones'] behalf," regardless of their relationship to the allegations, claims, or defenses in the Action.  Ms. Lively further objects to the definition of "Jones" because it is not used in the underlying Requests.

15.    Ms. Lively objects to the definition of "Action" on the grounds that it is overbroad, seeks documents that are not relevant to the allegations, claims, or defenses in the Complaint, and is not reasonably calculated to lead to the discovery of admissible information in that the definition includes the now-dismissed litigation *Wayfarer Studios LLC, et al. v. Lively, et al.*, Case No. 25-cv-449-LJL, and *Jonesworks v. Abel et al.*, Case No. 1:25-cv-00779-LJL, a litigation to which Ms. Lively is not a party.  "Relevant," as used herein, shall have the same meaning as ascribed to it by Fed. R. Evid. 401 of the Applicable Rules.  For the avoidance of doubt, Ms. Lively objects to each Request that may be construed as calling for the production of documents or disclosure of information that is solely relevant to allegations and claims relating

CONFIDENTIAL

to the actions captioned as *Wayfarer Studios LLC, et al. v. Lively, et al.*, Case No. 25-cv-449-LJL, and *Jonesworks v. Abel et al.*, Case No. 1:25-cv-00779-LJL, which Ms. Lively will not produce. In responding to the Requests, Ms. Lively will construe the term "Action" to mean the action captioned as *Lively v. Wayfarer Studios LLC, et al.*, Case No. 24-cv-10049-LJL.

16.     Ms. Lively objects to the definition of "Consolidated Complaint" because it is not used in the underlying Requests.

17.     Ms. Lively objects to the definition of "referring to," "relating to," and "concerning" on the grounds that it seeks to impose obligations on Ms. Lively different from or greater than those imposed by the Applicable Rules. Ms. Lively further objects to the definition of "referring to" and "relating to" because it is not used in the underlying Requests. Ms. Lively will respond to the Requests in accordance with the Applicable Rules.

18.     Ms. Lively objects to the definition of "acts" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information because it calls for "acts" of an entity to include the acts of "directors, officers, owners, members, employees, consultants, agents, attorneys or any entity acting on the entity's behalf," regardless of their relationship to the allegations, claims, or defenses in the Action.

19.     Ms. Lively objects to Instruction No. 32 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information because it calls for "any natural person" to include unidentified agents, employees, representatives, attorneys, superiors, and principals thereof, regardless of their relationship to the allegations, claims, or defenses in the Action.

CONFIDENTIAL

20.     Ms. Lively objects to Instruction No. 33 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information because it calls for "any entity" to include unidentified officers, directors, employees, partners, corporate parents, subsidiaries, affiliates, agents, representatives, attorneys, and principals thereof, regardless of their relationship to the allegations, claims, or defenses in the Action.

21.     Ms. Lively objects to the time period set forth in Instruction No. 36 because it is not limited to a reasonable time period in light of the Action and the Propounding Parties' specific allegations as to Ms. Lively.  Ms. Lively is willing to meet and confer with the Propounding Parties concerning the appropriate date range, but will otherwise construe the relevant time period to be December 31, 2022 through December 31, 2024.  Ms. Lively does not waive, and expressly reserves the right to object to, any argument that the appropriate date range for document requests to the Propounding Parties should extend beyond the aforementioned date range.

22.     Ms. Lively objects to Instruction No. 37 as overly broad and unduly burdensome to the extent it requires Ms. Lively to segregate each document according to the numbered request to which it is responsive, and to the extent that it differs from, adds to, or is otherwise inconsistent with the requirements of the Applicable Rules.

23.     Ms. Lively objects to Instruction No. 38, which requests information about documents that have been lost, discarded, transferred or destroyed, to the extent it seeks to impose obligations on Ms. Lively different from or greater than those imposed by the Applicable Rules.  Ms. Lively will respond to the Requests in accordance with the Applicable Rules.

CONFIDENTIAL

24.     Ms. Lively objects to Instruction No. 39 as overly broad and unduly burdensome to the extent it purports to require Ms. Lively to produce a privilege log or redaction log containing information that differs from, adds to, or is otherwise inconsistent with the requirements of the Applicable Rules.  When asserting any privilege or protection over a document responsive to the Requests, Ms. Lively will provide only the information required by the Applicable Rules.

25.     Ms. Lively objects to each Request that seeks "all," "any," "each," or "every" document on a respective topic because it would require Ms. Lively to search each and every document in Ms. Lively's possession, custody, or control.  Searching for "all" responsive documents concerning any topic imposes an undue burden and expense on Lively and is not proportional to the needs of the Action.  Ms. Lively will not withhold any specific documents based on this objection; however, Ms. Lively will only conduct reasonable, good-faith, and proportional searches for responsive documents, as further detailed in the specific objections and responses below.

26.     Ms. Lively expressly reserves the right to redact information that is not relevant to the Action (as defined by the Applicable Rules) from documents responsive to the Requests, as appropriate.

27.     Ms. Lively objects to the Requests that call for the disclosure of information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the spousal privilege, the physician-patient privilege, the psychotherapist-patient privilege, or any other privilege, protection, or immunity applicable under the governing law.  Ms. Lively does not intend to disclose such protected information.  To the extent that any Requests may be construed as calling for the production of documents or disclosure of information that is subject to any such

CONFIDENTIAL

claim of privilege, Ms. Lively hereby asserts that doctrine or privilege and objects on that basis. Any accidental or inadvertent disclosure of privileged information or material is not intended to be and shall not operate as a waiver of any claim of privilege, protection, or immunity, whether in whole or in part, nor is any such inadvertent disclosure intended to be, nor shall it constitute, a waiver of the right to object to any use of such information contained therein.

28.      Ms. Lively objects to the Requests that seek information from sources not within Ms. Lively's possession, custody, and control, or not locatable after a reasonable and diligent search, and to the extent they seek to require Ms. Lively to search for, review, or produce inaccessible information or materials.  Ms. Lively further objects to the Requests that seek to impose any duty to provide information more readily available from sources other than Ms. Lively, including, without limitation, information that is in the possession of the Wayfarer Parties.

29.      Ms. Lively objects to the Requests that require the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract.  Ms. Lively further objects to the Requests that require the production of documents reflecting trade secrets and/or proprietary business information or documents that would impinge on privacy rights of third parties.

30.      Where Ms. Lively has agreed to conduct a reasonable search for and produce documents, such search and production will be governed by, and subject to, the Applicable Rules, as well as any prior and subsequent relevant stipulations of the parties, including, but not limited to, the Joint Stipulation on the Protocol for Discovery of Electronically-Stored Information and Hard Copy Documents, dated May 13, 2025 (ECF No. 212; "ESI Protocol"), and the parties' agreement as to a proper search and review protocol.  To the extent any of the Requests demand a production that is in conflict with the ESI Protocol, the ESI Protocol,

CONFIDENTIAL

including but not limited to any accompanying provision implicating Fed. R. Evid. 502(d), will control.

31.     Where Ms. Lively has agreed to produce documents and communications, to the extent any exist, Ms. Lively will produce documents and communications as they are kept in the usual course of business or organized, and will produce them in a reasonable form, at a reasonable time, and at a reasonable location to be mutually agreed by the parties, and objects to any contrary instruction.

32.     Where Ms. Lively has agreed to produce documents and communications, to the extent any exist, such production will be limited to documents and communications that are responsive to the underlying Request and relevant to the allegations, claims, or defense in the Action.

33.     Any response stating that responsive documents will be produced is not a representation that such documents exist or are in Ms. Lively's possession, custody or control. To the contrary, any such response is subject to confirmation by Ms. Lively that such documents exist and are in Ms. Lively's possession, custody and control.

34.     Ms. Lively makes these responses based on facts reasonably known at the time of answering these Requests. Ms. Lively has not completed investigating the facts relating to the Action and further discovery, investigation, research, and analysis may supply additional facts, which may alter the contentions and disclosures herein. Ms. Lively reserves the right to later use and present at trial any evidence, facts, and/or testimony developed or analyzed at a later date that is responsive to the Requests but not presently known to Ms. Lively. Ms. Lively assumes no obligation to amend and/or supplement her responses beyond that which is required by law.

## SPECIFIC RESPONSES AND OBJECTIONS

CONFIDENTIAL

The responses set forth below are based upon information presently available to Ms. Lively, and Lively expressly reserves the right to revise, correct, add to, clarify, amend, or supplement her responses as necessary.  Each of the foregoing objections to definitions and instructions is incorporated in and shall be deemed continuing throughout the responses to specific Requests set forth below, even when not further referred to in any particular response.  Thus, the absence of a reference to an objection to the definitions and instructions should not be construed as a waiver of the objection to definitions and instructions as to a specific Request.

**REQUEST NO. 137:**

All Documents and Communications concerning Your contention that You were "unlawfully retaliated against for coming forward and reporting sexual harassment that occurred against [You] and others on the set of 'It Ends With Us[,]'" as alleged in Paragraph 1 of Your Complaint.

**RESPONSE TO REQUEST NO. 137:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence.  Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties.  Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive.  Ms. Lively further objects to

CONFIDENTIAL

this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the spousal privilege, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 3.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 138:**

All Documents and Communications concerning Your contention that "when forced to confront women he had made uncomfortable on his own set—[Baldoni] trivialized their concerns and failed to take accountability for the effects of his behavior[,]" as alleged in Paragraph 5 of Your Complaint.

**RESPONSE TO REQUEST NO. 138:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request to the extent it seeks information that is not in

CONFIDENTIAL

her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the spousal privilege, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1 and 3.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 139:**

All Documents and Communications concerning Your contention that "[o]ne fact witness known to publicly support Ms. Lively recently received a written threat indicating that the witness's family would be sexually assaulted and killed unless the witness agreed to 'make a statement and give the truth[,]'" as alleged in Paragraph 5 of Your Complaint.

**RESPONSE TO REQUEST NO. 139:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the spousal privilege, or any other applicable privilege, protection, or immunity.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 140:**

All Documents and Communications concerning Your contention that "Mr. Baldoni spoke about his pornography addiction; divulged information about his sex life; made derogatory, degrading, and sexual comments; described his own genitalia; improvised intimacy that had not been rehearsed, choreographed, or discussed with Ms. Lively in advance; and added graphic content to the script, including multiple new scenes with nudity and a chaotic and violative birthing scene for which he cast a friend as her OBGYN, among other things[,]" as alleged in Paragraph 7 of Your Complaint.

**RESPONSE TO REQUEST NO. 140:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the spousal privilege, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 3.

CONFIDENTIAL

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 141:**

Documents sufficient to identify the "woman who was a mutual friend of Mr. Baldoni and Mr. Heath" referenced in Paragraph 10 of Your Complaint.

**RESPONSE TO REQUEST NO. 141:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 142:**

All Documents and Communications concerning Your contention that "on May 26, 2023, Ms. Lively reported her concerns regarding unwelcome and inappropriate behavior by Mr. Baldoni and Mr. Heath, the Chief Executive Officer of Wayfarer and Producer of the Film, to Sony employee Ange Gianetti[,]" as alleged in Paragraph 11 of Your Complaint.

**RESPONSE TO REQUEST NO. 142:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the spousal privilege, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 3.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 143:**

Documents sufficient to identify the "female cast member" referenced in Paragraph 14 of Your Complaint.

**RESPONSE TO REQUEST NO. 143:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 144:**

Documents sufficient to identify the "female cast member" referenced in Paragraph 15 of Your Complaint.

**RESPONSE TO REQUEST NO. 144:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence.

CONFIDENTIAL

Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

## REQUEST NO. 145:

All Documents and Communications concerning the 30-point list of "inappropriate conduct" provided in Paragraph 20 of Your Complaint.

## RESPONSE TO REQUEST NO. 145:

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the

CONFIDENTIAL

extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "provided." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1 and 3.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 146:**

Documents sufficient to identify the "female cast member" referenced in Paragraph 22 of Your Complaint.

**RESPONSE TO REQUEST NO. 146:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties.

CONFIDENTIAL

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 147:**

All Documents and Communications concerning Your contention that "[i]n the days leading up to the Film's release, Mr. Baldoni abruptly pivoted away from the Film's Marketing Plan and the types of publicity activities in which he had previously participated . . . in an effort to explain why many of the Film's cast and crew had unfollowed Mr. Baldoni on social media and were not appearing with him in public[,]" as alleged in Paragraph 24 of Your Complaint.

**RESPONSE TO REQUEST NO. 147:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the spousal privilege, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 2.

CONFIDENTIAL

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 148:**

All Documents and Communications concerning Your contention that "Mr. Sarowitz confessed to another witness, an individual who was working with Wayfarer on an unrelated project, that if Ms. Lively or Mr. Reynolds 'ever cross the line, ever, then I will go after them[,]'" as alleged in Paragraph 27 of Your Complaint.

**RESPONSE TO REQUEST NO. 148:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the spousal privilege, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 27.

CONFIDENTIAL

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 149:**

All Documents and Communications concerning Your contention that "[Sarowitz] declared: 'I will protect the studio like Israel protected itself from Hamas. There were 39,000 dead bodies. There will be two dead bodies when I'm done. Minimum. Not dead, but 'you're dead to me.' So that kind of dead. But dead to a lot of people. If they ever get me to that point. Then I'll make it worth their while. Because I'm gonna spend a lot of money to make sure the studio is protected[,]'" as alleged in Paragraph 27 of Your Complaint.

**RESPONSE TO REQUEST NO. 149:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the spousal privilege, or any other applicable privilege, protection, or

CONFIDENTIAL

immunity.  Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 27 and 148.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 150:**

Documents sufficient to identify the individual with whom Sarowitz made these statements, as alleged in Paragraph 27 of Your Complaint.

**RESPONSE TO REQUEST NO. 150:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action.  Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive.  Ms. Lively further objects to this Request to the extent that it would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties.  Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "individual with whom Sarowitz made these statements."  Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 147–49.

CONFIDENTIAL

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 151:**

All Documents and Communications concerning Your contention that "the communications set forth in [Your] original complaint through legal process, including a civil subpoena served on Jonesworks LLC[,]" as alleged in Paragraph 29 n. 10 of Your Complaint.

**RESPONSE TO REQUEST NO. 151:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the spousal privilege, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request as vague and ambiguous. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 69, pursuant to which Ms. Lively produced documents bearing the Bates numbers BL-000000001-BL-000007413 ("First Production"). The First Production enclosed a reproduction of documents that Ms. Lively received in response to a subpoena *duces tecum* to Jonesworks, LLC, dated October 1, 2024, together with a copy of the underlying subpoena.

CONFIDENTIAL

**REQUEST NO. 152:**

All Documents and Communications concerning Your contention that "[t]his went well beyond standard crisis PR[,]" as alleged in Paragraph 30 of Your Complaint.

**RESPONSE TO REQUEST NO. 152:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the spousal privilege, or any other applicable privilege, protection, or immunity.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 153:**

All Documents and Communications concerning Your contention that "[i]n the weeks and months that followed—with the direction and approval of Wayfarer and Baldoni—the team engaged in a sophisticated, coordinated, and well-financed retaliation plan[,]" as alleged in Paragraph 37 of Your Complaint.

**RESPONSE TO REQUEST NO. 153:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 137.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 154:**

All Documents and Communications concerning Your contention that Wallace "weaponized a digital army around the country from New York to Los Angeles and beyond to create, seed, promote, and engage with content that appeared to be authentic on social media platforms and internet chat forums[,]" as alleged in Paragraph 38 of Your Complaint.

**RESPONSE TO REQUEST NO. 154:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 155:**

All Documents and Communications concerning Your contention that "[t]he Baldoni-Wayfarer team would then feed pieces of this manufactured content to unwitting reporters, helping to make content go viral in order to influence public opinion and thereby cause an organic pile-on[,]" as alleged in Paragraph 38 of Your Complaint.

**RESPONSE TO REQUEST NO. 155:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 137 and 153.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 156:**

All Documents and Communications concerning Your contention that "[t]o safeguard against the risk of Ms. Lively ever revealing the truth about Mr. Baldoni, the Baldoni-Wayfarer team created, planted, amplified, and boosted content designed to eviscerate Ms. Lively's credibility[,]" as alleged in Paragraph 38 of Your Complaint.

**RESPONSE TO REQUEST NO. 156:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 137 and 153–55.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 157:**

All Documents and Communications concerning Your contention that "the purpose of this 'social manipulation' plan was two-fold: it aimed to both (a) conceal the pattern of harassment and other misconduct by Mr. Baldoni, Mr. Heath, and Wayfarer, and (b) retaliate against Ms. Lively by battering her image, harming her businesses, and causing her and her family severe emotional harm[,]" as alleged in Paragraph 44 of Your Complaint.

**RESPONSE TO REQUEST NO. 157:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 137 and 153–156.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 158:**

All Documents and Communications concerning Your contention that the Consolidated Defendants engaged in astroturfing.

**RESPONSE TO REQUEST NO. 158:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined terms "engaged in," and "astroturfing." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 137 and 153–57.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 159:**

All Documents and Communications concerning Your contention that "Defendants leaked the administrative complaint to certain hand-selected publications to get ahead of it, gave numerous statements to the press including blatantly false and defamatory factual allegations, and began a near-daily media and social media blitz aimed at discrediting Ms. Lively, Ms. Lively's long-time publicist, Mr. Reynolds, Disney, the New York Times, and more[,]" as alleged in Paragraph 50 of Your Complaint.

**RESPONSE TO REQUEST NO. 159:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the spousal privilege, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 137.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 160:**

All Documents and Communications concerning Your contention that "all Defendants actively participated in this enhanced retaliation campaign[,]" as alleged in Paragraph 51 of Your Complaint.

**RESPONSE TO REQUEST NO. 160:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 137 and 159.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 161:**

All Documents and Communications concerning Your contention that "Defendants' counsel has threatened both fact witnesses, neutral commentators, and publications with lawsuits

CONFIDENTIAL

for doing nothing more than speaking out, or publicly reporting unfavorable information, about the Defendants[,]" as alleged in Paragraph 51 of Your Complaint.

**RESPONSE TO REQUEST NO. 161:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 162:**

Documents sufficient to identify the "female cast member" referenced in Paragraph 54 of Your Complaint.

**RESPONSE TO REQUEST NO. 162:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or

CONFIDENTIAL

defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 163:**

All Documents and Communications concerning Your contention that "the Baldoni-Wayfarer-led takedown of Ms. Lively was the intended result of a carefully crafted, coordinated, and resourced retaliatory scheme to silence her, and others, from speaking out about the hostile environment that Mr. Baldoni and Mr. Heath created[,]" as alleged in Paragraph 55 of Your Complaint.

**RESPONSE TO REQUEST NO. 163:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further

CONFIDENTIAL

objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 137, 159, and 160.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 164:**

All Documents and Communications concerning Your contention that "Ms. Lively and other cast and crew experienced invasive, unwelcome, unprofessional, and sexually inappropriate behavior by Mr. Baldoni and Mr. Heath[,]" as alleged in Paragraph 78 of Your Complaint.

**RESPONSE TO REQUEST NO. 164:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to

CONFIDENTIAL

this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 3, and 138.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

## REQUEST NO. 165:

All Documents and Communications concerning Your contention that "Wayfarer failed to adhere to guild rules, as well as Ms. Lively's contract, and standard industry safety protocols with respect to nudity and intimate scenes[,]" as alleged in Paragraph 79 of Your Complaint.

## RESPONSE TO REQUEST NO. 165:

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the

CONFIDENTIAL

extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1 and 3.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

## REQUEST NO. 166:

All Documents and Communications concerning Your contention that "Mr. Baldoni improvised physical intimacy that had not been rehearsed, choreographed, or discussed with Ms. Lively, with no intimacy coordinator involved[,]" as alleged in Paragraph 80 of Your Complaint.

## RESPONSE TO REQUEST NO. 166:

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to

CONFIDENTIAL

this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1 and 3.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 167:**

All Communications between You and Mia Schacter regarding *the Hollywood Reporter* article referenced in Paragraph 83 of Your Complaint.

**RESPONSE TO REQUEST NO. 167:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information

CONFIDENTIAL

protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined terms "Mia Schacter," "regarding," "*the Hollywood Reporter*," "article," and "referenced."

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 168:**

All Documents and Communications concerning Your contention that "Ms. Lively complained about inappropriate behavior as early as May 2023[,]" as alleged in Paragraph 84 of Your Complaint.

**RESPONSE TO REQUEST NO. 168:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any

CONFIDENTIAL

other applicable privilege, protection, or immunity.  Ms. Lively further objects to this Request on

the grounds that it is cumulative and duplicative of other Requests, including but not limited to

Request Nos. 1 and 3.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a

reasonable search for and produce relevant, non-privileged documents responsive to this

Request.

**REQUEST NO. 169:**

All Documents and Communications concerning Your contention that "Mr. Baldoni,
without Ms. Lively's knowledge or consent, personally added graphic content[,]" as alleged in
Paragraph 85 of Your Complaint.

**RESPONSE TO REQUEST NO. 169:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly

burdensome, and not proportional to the needs of the Action, including because it seeks "all"

documents and communications concerning the requested information without limitation.

Ms. Lively further objects to this Request to the extent that it seeks documents that are not

relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to

the discovery of admissible evidence.  Ms. Lively further objects to this Request to the extent

that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law

or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of

privacy to third parties.  Ms. Lively further objects to this Request to the extent it seeks

information that is not in her possession, custody, and control; within the Propounding Parties'

possession, custody, and control; or otherwise available to the Propounding Parties from another

source that is more convenient, less burdensome, or less expensive.  Ms. Lively further objects to

this Request to the extent that it seeks information protected by the attorney-client privilege, the

work product doctrine, or any other applicable privilege, protection, or immunity.  Ms. Lively

CONFIDENTIAL

further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1 and 3.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 170:**

All Documents and Communications concerning Your contention that "Mr. Baldoni and Mr. Heath suddenly pressured Ms. Lively to simulate full nudity, despite no mention of nudity for this scene in the script (excerpted below), her contract, or in previous creative discussions[,]" as alleged in Paragraph 87 of Your Complaint.

**RESPONSE TO REQUEST NO. 170:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product

CONFIDENTIAL

doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 3, 164–66, and 169.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

## REQUEST NO. 171:

All Documents and Communications concerning Your contention that "[w]hen the birth scene was filmed, the set was chaotic, crowded, and utterly lacking in standard industry protections for filming nude scenes[,]" as alleged in Paragraph 89 of Your Complaint.

## RESPONSE TO REQUEST NO. 171:

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively

CONFIDENTIAL

further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 3, 164–66, 169, and 170.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 172:**

All Documents and Communications concerning Your contention that "Mr. Heath and Mr. Baldoni also failed to close the set, allowing non-essential crew to pass through while Ms. Lively was partially nude from below the chest down with her legs spread wide in stirrups and only a small piece of fabric covering her genitalia[,]" as alleged in Paragraph 89 of Your Complaint.

**RESPONSE TO REQUEST NO. 172:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively

CONFIDENTIAL

further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 3, 164–66, 169–71.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 173:**

All Documents and Communications concerning Your contention that "Mr. Heath approached Ms. Lively and her assistant on set and started playing a video of a fully nude woman with her legs spread apart[,]" as alleged in Paragraph 90 of Your Complaint.

**RESPONSE TO REQUEST NO. 173:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively

CONFIDENTIAL

further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1 and 3.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 174:**

Documents sufficient to identify the "assistant" referenced in Paragraph 90 of Your Complaint.

**RESPONSE TO REQUEST NO. 174:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 175:**

All Documents and Communications concerning Your contention that "Ms. Lively was informed that when this scene was shot, after Mr. Baldoni called 'cut,' he walked over to the

CONFIDENTIAL

actors and said, 'I know I'm not supposed to say this, but that was hot,' and, 'did you two practice this before?[,]'" as alleged in Paragraph 91 of Your Complaint.

## RESPONSE TO REQUEST NO. 175:

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 3, 164–66, 169–72.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 176:**

All Documents and Communications concerning Your contention that Baldoni suggested that "he had engaged in sexual conduct without consent[,]" as alleged in Paragraph 92 of Your Complaint.

**RESPONSE TO REQUEST NO. 176:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 3.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 177:**

Documents sufficient to identify the "assistant" referenced in Paragraph 92 of Your Complaint

**RESPONSE TO REQUEST NO. 177:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 178:**

Documents sufficient to identify the "driver" referenced in Paragraph 92 of Your Complaint.

**RESPONSE TO REQUEST NO. 178:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her

CONFIDENTIAL

possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 179:**

Documents sufficient to identify the "female case member" referenced in Paragraph 93 of Your Complaint.

**RESPONSE TO REQUEST NO. 179:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties.

CONFIDENTIAL

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 180:**

All Documents and Communications concerning Your contention that "[o]n the first day of production, Mr. Baldoni and Mr. Heath described their past sexual relationships to Ms. Lively[,]" as alleged in Paragraph 95 of Your Complaint.

**RESPONSE TO REQUEST NO. 180:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects

CONFIDENTIAL

to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1 and 3.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 181:**

All Documents and Communications concerning Your contention that "Mr. Baldoni and Mr. Heath often spoke of their 'previous pornography addiction[,]'" as alleged in Paragraph 96 of Your Complaint.

**RESPONSE TO REQUEST NO. 181:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1 and 3.

CONFIDENTIAL

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 182:**

All Documents and Communications concerning Your contention that "[w]hen Ms. Lively or others avoided this touching, Mr. Baldoni and Mr. Heath would retaliate by becoming irritated, cold, and uncollaborative[,]" as alleged in Paragraph 98 of Your Complaint.

**RESPONSE TO REQUEST NO. 182:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1 and 3.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 183:**

All Documents and Communications concerning Your contention that "on May 29, 2023, another cast member lodged a sexual harassment complaint about Mr. Baldoni's 'gross' and 'unwanted comment[s]' towards her and others[,]" as alleged in Paragraph 102 of Your Complaint.

**RESPONSE TO REQUEST NO. 183:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 3.

CONFIDENTIAL

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 184:**

All Documents and Communications concerning Your contention that "[w]hile, on the one hand, Mr. Baldoni was objectifying Ms. Lively as a sex object, on the other hand, he went out of his way to message criticisms of her age and weight, neither of which she could change during filming[,]" as alleged in Paragraph 103 of Your Complaint.

**RESPONSE TO REQUEST NO. 184:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract. Ms. Lively further objects to this Request to the extent that it seeks highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively

CONFIDENTIAL

further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 3.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 185:**

All Documents and Communications concerning Your contention that "Mr. Baldoni made the rest of the cast and crew wait for hours while he cried in Ms. Lively's dressing room, claiming social media commentators were saying that Ms. Lively looked old and unattractive based on paparazzi photos from the set[,]" as alleged in Paragraph 103 of Your Complaint.

**RESPONSE TO REQUEST NO. 185:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects

CONFIDENTIAL

to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 1.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 186:**

All Documents and Communications concerning Your contention that "when Ms. Lively tried to have a meeting with Mr. Heath and the other producers to discuss Mr. Baldoni's unprofessional behavior described above, that meeting turned into yet another violation[,]" as alleged in Paragraph 104 of Your Complaint.

**RESPONSE TO REQUEST NO. 186:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects

CONFIDENTIAL

to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 3.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 187:**

All Documents and Communications concerning Your contention that "Mr. Heath was staring directly at her while she was topless[,]" as alleged in Paragraph 104 of Your Complaint.

**RESPONSE TO REQUEST NO. 187:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 3.

CONFIDENTIAL

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 188:**

Documents sufficient to identify the "hair and makeup artists" referenced in Paragraph 104 of Your Complaint.

**RESPONSE TO REQUEST NO. 188:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 189:**

All Documents and Communications concerning Your contention that "Mr. Baldoni and Mr. Heath invaded Ms. Lively's privacy by entering her makeup trailer uninvited while she was undressed, including when she was breastfeeding her infant child[,]" as alleged in Paragraph 105 of Your Complaint.

**RESPONSE TO REQUEST NO. 189:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 3.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 190:**

All Documents and Communications concerning Your contention that "Mr. Baldoni and Mr. Heath both showed a shocking lack of boundaries by invading her personal space when she was undressed and vulnerable[,]" as alleged in Paragraph 105 of Your Complaint.

**RESPONSE TO REQUEST NO. 190:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 3 and 189.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 191:**

All Documents and Communications concerning Your contention that "Ms. Lively was not given proper lactation breaks by Wayfarer during filming[,]" as alleged in Paragraph 105 n. 20 of Your Complaint.

**RESPONSE TO REQUEST NO. 191:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1 and 3.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 192:**

All Documents and Communications concerning Your contention that "Mr. Baldoni also routinely degraded Ms. Lively by finding back-channel ways of criticizing her body and weight[,]" as alleged in Paragraph 106 of Your Complaint.

**RESPONSE TO REQUEST NO. 192:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 184.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 193:**

All Documents and Communications concerning Your contention that "Mr. Baldoni secretly called her fitness trainer without her knowledge or permission, and implied that he wanted her to lose weight in two weeks[,]" as alleged in Paragraph 106 of Your Complaint.

**RESPONSE TO REQUEST NO. 193:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 184 and 192.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 194:**

All Documents and Communications concerning Your contention that "Mr. Baldoni and Mr. Heath also failed to implement COVID protocols when there was a COVID outbreak on set[,]" as alleged in Paragraph 109 of Your Complaint.

**RESPONSE TO REQUEST NO. 194:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the physician-patient privilege, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 3.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 195:**

All Documents and Communications concerning Your contention that "because Wayfarer did not have insurance coverage for COVID, Mr. Baldoni and Mr. Heath deliberately withheld from Ms. Lively that she had been exposed to COVID[,]" as alleged in Paragraph 109 of Your Complaint.

**RESPONSE TO REQUEST NO. 195:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the physician-patient privilege or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 1.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 196:**

All Documents and Communications concerning Your contention that "Ms. Lively and her infant child contracted COVID from the outbreak[,]" as alleged in Paragraph 109 of Your Complaint.

**RESPONSE TO REQUEST NO. 196:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent that it seeks personal and intimate information about third parties, and/or highly personal and intimate information about parties that are not relevant to the allegations, claims, or defenses in the Action. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the spousal privilege, the physician-patient privilege or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 1.

CONFIDENTIAL

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents related to her contracting COVID.

**REQUEST NO. 197:**

All Documents and Communications concerning Your contention that "Wayfarer failed to provide Ms. Lively with even rudimentary employment protections, such an employee handbook, sexual harassment policy, information or any training on sexual harassment, discrimination, or respectful workplace expectations[,]" as alleged in Paragraph 111 of Your Complaint.

**RESPONSE TO REQUEST NO. 197:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1 and 3.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 198:**

All Documents and Communications concerning Your contention that "Wayfarer also failed to provide Ms. Lively with information about the process and procedure for filing human resources ("HR") complaints[,]" as alleged in Paragraph 112 of Your Complaint.

**RESPONSE TO REQUEST NO. 198:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1 and 3.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 199:**

All Documents and Communications concerning Your contention that "Wayfarer lacked any process for responding to complaints about its leadership, Mr. Baldoni and Mr. Heath, who plainly were not going to investigate themselves[,]" as alleged in Paragraph 113 of Your Complaint.

**RESPONSE TO REQUEST NO. 199:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1 and 3.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 200:**

All Documents and Communications concerning Your contention that "Wayfarer, Mr. Baldoni, and Mr. Heath received or were aware of a number of HR grievances regarding their conduct[,]" as alleged in Paragraph 114 of Your Complaint.

**RESPONSE TO REQUEST NO. 200:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1 and 3.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 201:**

All Documents and Communications concerning Your contention that "[c]ontemporaneous messages with witnesses prove that Ms. Lively's concerns about Mr. Baldoni and Mr. Heath—and others' concerns—began early in the preproduction and production process[,]" as alleged in Paragraph 115 of Your Complaint.

**RESPONSE TO REQUEST NO. 201:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1 and 3.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 202:**

Documents sufficient to identify the "witnesses" referenced in Paragraph 115 of Your Complaint.

**RESPONSE TO REQUEST NO. 202:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 203:**

Documents sufficient to identify the "female cast member" referenced in Paragraph 115 of Your Complaint.

**RESPONSE TO REQUEST NO. 203:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this

CONFIDENTIAL

Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 204:**

All Documents and Communications concerning Your contention that "[i]n that conversation with Ms. Gianetti on May 26, 2023, Ms. Lively told her that she wanted to file an HR complaint about both Mr. Baldoni and Mr. Heath's misconduct[,]" as alleged in Paragraph 120 of Your Complaint.

**RESPONSE TO REQUEST NO. 204:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks

CONFIDENTIAL

information that is not in her possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1 and 3.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 205:**

All Documents and Communications concerning Your contention that "Ms. Gianetti told Ms. Lively that Sony, as the distributor of the film, was not empowered to oversee physical production, which included Mr. Baldoni and Mr. Heath's behavior on set, and that such concerns must be raised with Wayfarer, the studio responsible for the production[,]" as alleged in Paragraph 120 of Your Complaint.

**RESPONSE TO REQUEST NO. 205:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks

CONFIDENTIAL

information that is not in her possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 1.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 206:**

Documents sufficient to identify the "producer" referenced in Paragraph 124 of Your Complaint.

**RESPONSE TO REQUEST NO. 206:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties.

CONFIDENTIAL

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 207:**

All Documents and Communications concerning Your contention that "[d]espite receiving multiple, detailed reports by Ms. Lively and others about Mr. Baldoni and Mr. Heath's misconduct, Wayfarer failed to investigate those reports or institute protections for the cast[,]" as alleged in Paragraph 131 of Your Complaint.

**RESPONSE TO REQUEST NO. 207:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 3, and 199.

CONFIDENTIAL

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 208:**

All Documents and Communications concerning Your contention that "Mr. Baldoni, Mr. Heath, and Wayfarer engaged in harassing conduct and failed their obligations to investigate complaints of workplace harassment, prevent inappropriate and harassing behaviors on set, and provide avenues for cast and crew members to safely raise concerns to neutral parties so that they could be investigated and appropriately addressed[,]" as alleged in Paragraph 133 of Your Complaint.

**RESPONSE TO REQUEST NO. 208:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively

CONFIDENTIAL

further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 3, 199, and 207.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 209:**

All Documents and Communications concerning Your contention that "[t]he Wayfarer Parties ignored their legal mandate to conduct an investigation in 2023, when they indisputably became aware of multiple HR complaints[,]" as alleged in Paragraph 139 of Your Complaint.

**RESPONSE TO REQUEST NO. 209:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively

CONFIDENTIAL

further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1, 3, 199, 207, and 208. .

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 210:**

All Documents and Communications concerning the January 4, 2024 "all-hands, in-person" meeting.

**RESPONSE TO REQUEST NO. 210:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence.  Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties.   Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive.  Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the spousal privilege, or any other applicable privilege, protection, or immunity.

CONFIDENTIAL

Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1 and 3.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

## REQUEST NO. 211:

All Documents and Communications concerning Your contention that "[n]either Mr. Baldoni nor Mr. Heath denied the veracity of Ms. Lively's examples[,]" as alleged in Paragraph 155 of Your Complaint.

## RESPONSE TO REQUEST NO. 211:

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity.

CONFIDENTIAL

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 212:**

All Documents and Communications concerning Your contention that "the Wayfarer Parties launched a vicious and well-funded retaliation campaign against her, which has grown more aggressive and harmful over the past several months[,]" as alleged in Paragraph 158 of Your Complaint.

**RESPONSE TO REQUEST NO. 212:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 137, 159, and 160.

CONFIDENTIAL

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 213:**

All Documents and Communications concerning Your contention that "[t]he Sony cut is the film that was chosen to be released in theaters . . . Ms. Lively led the Sony cut, with their support, working in close collaboration with Sony and Colleen Hoover[,]" as alleged in Paragraph 162 of Your Complaint.

**RESPONSE TO REQUEST NO. 213:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the spousal privilege, or any other applicable privilege, protection, or immunity.

CONFIDENTIAL

Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 1.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 214:**

All Documents and Communications concerning Your contention that "Mr. Sarowitz loudly promoted the Film and its box office successes all while financing Defendants' efforts to 'destroy' Ms. Lively and her family[,]" as alleged in Paragraph 169 of Your Complaint.

**RESPONSE TO REQUEST NO. 214:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the spousal privilege, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1 and 27.

CONFIDENTIAL

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 215:**

All Documents and Communications concerning Your contention that "Wayfarer had embraced, and on information and belief, had formally approved of, this Marketing Plan[,]" as alleged in Paragraph 170 of Your Complaint.

**RESPONSE TO REQUEST NO. 215:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 2.

CONFIDENTIAL

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 216:**

All Documents and Communications concerning Your contention that "Mr. Baldoni and his team, including Mr. Sarowitz, had publicly embraced the same Marketing Plan[,]" as alleged in Paragraph 173 of Your Complaint.

**RESPONSE TO REQUEST NO. 216:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 2.

CONFIDENTIAL

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 217:**

All Documents and Communications concerning Your contention that "[Baldoni] shifted his focus away from a message of female triumph, to instead capitalize on female trauma[,]" as alleged in Paragraph 177 of Your Complaint.

**RESPONSE TO REQUEST NO. 217:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 2.

CONFIDENTIAL

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 218:**

All Documents and Communications concerning Your contention that "TAG engaged Mr. Jed Wallace around this same time, in early August 2024, to design and implement their 'social combat' plan[,]" as alleged in Paragraph 216 of Your Complaint.

**RESPONSE TO REQUEST NO. 218:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 153 and 154.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 219:**

All Documents and Communications concerning Your contention that "Mr. Wallace specializes in executing confidential and ''untraceable' campaigns across various social media platforms (including TikTok, Instagram, Reddit, and X) to shape public perception of his clients and their adversaries and to perpetuate those perceptions[,]" as alleged in Paragraph 218 of Your Complaint.

**RESPONSE TO REQUEST NO. 219:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 154.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 220:**

All Documents and Communications concerning Your contention that "TAG retained Mr. Wallace, and his company Street Relations, to weaponize a digital army around the country, including in New York and Los Angeles, to create, seed, manipulate, and advance disparaging content that appeared to be authentic on social media platforms and internet chat forums, including the specific platforms Ms. Abel told Mr. Baldoni they would 'focus' on: Reddit, TikTok, and Instagram[,]" as alleged in Paragraph 223 of Your Complaint.

**RESPONSE TO REQUEST NO. 220:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 137, 153, and 154.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 221:**

All Documents and Communications concerning Your contention that "when media sources inquired about HR complaints that were made on the set of the Film, Ms. Nathan, Ms. Abel, and their teams worked to suppress coverage of these HR complaints[,]" as alleged in Paragraph 261 of Your Complaint.

**RESPONSE TO REQUEST NO. 221:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1 and 3.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 222:**

All Documents and Communications concerning Your contention that "Ms. Nathan and her team at TAG planted or otherwise were involved in generating or influencing the content publicly put forth on social media, including Reddit and TikTok, as well as online media sources[,]" as alleged in Paragraph 267 of Your Complaint.

**RESPONSE TO REQUEST NO. 222:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 153, 154, and 218.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 223:**

All Documents and Communications concerning Your contention that "Mr. Baldoni and Mr. Sarowitz, along with Mr. Heath, both encouraged and provided input and ideas on ways to negatively influence the narrative against Ms. Lively, her family, and her businesses, as well as suppressing negative press about Mr. Baldoni[,]" as alleged in Paragraph 275 of Your Complaint.

**RESPONSE TO REQUEST NO. 223:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 3.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 224:**

All Documents and Communications concerning Your contention that "Ms. Lively never provided her publicist with details about the hostile work environment that she, alongside the other cast members and crew, had experienced[,]" as alleged in Paragraph 280 of Your Complaint.

**RESPONSE TO REQUEST NO. 224:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 1 and 3.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 225:**

All Documents and Communications concerning Your contention that "Wayfarer, Mr. Baldoni, Mr. Heath and their associates ramped up their retaliation campaign against Ms. Lively, continuing their efforts to 'bury' and 'destroy' her to this date[,]" as alleged in Paragraph 296 of Your Complaint.

**RESPONSE TO REQUEST NO. 225:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the spousal privilege, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 137 159, 160, and 212.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 226:**

All Documents and Communications concerning Your contention that "[d]eploying the same 'flood the zone' tactics to 'overwhelm' the process and 'confuse[] people,' Defendants, and their agents acting at their direction, have pursued a highly public, media blitz and litigation strategy to attempt to discredit Ms. Lively and Mr. Reynolds, along with Ms. Lively's long-time publicist, Disney, The New York Times, and others[,]" as alleged in Paragraph 296 of Your Complaint.

**RESPONSE TO REQUEST NO. 226:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the spousal privilege, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 137 and 159.

CONFIDENTIAL

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 227:**

All Documents and Communications concerning Your contention that "[t]hose statements, which have been circulated and viewed millions of times, constitute defamation, as well as continued retaliation against Ms. Lively for engaging in the protected activity of speaking up and bringing legal claims against Mr. Baldoni[,]" as alleged in Paragraph 298 of Your Complaint.

**RESPONSE TO REQUEST NO. 227:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 137, 153, 159, 160, 163, and 212.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 228:**

All Documents and Communications concerning Your contention that "[t]he statements above were published with actual malice[,]" as alleged in Paragraph 301 of Your Complaint.

**RESPONSE TO REQUEST NO. 228:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 229:**

All Documents and Communications concerning Your contention that "these efforts have continued and accelerated since Ms. Lively's administrative complaint and subsequent federal lawsuit were filed[,]" as alleged in Paragraph 303 of Your Complaint.

**RESPONSE TO REQUEST NO. 229:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all"

CONFIDENTIAL

documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 137 159, 160, 212, and 227.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 230:**

All Documents and Communications concerning Your contention that "Defendants have further pursued their public strategy through frivolous litigation designed to create press attention, intimidate others from coming forward, and pressure Ms. Lively to give up her claims[,]" as alleged in Paragraph 304 of Your Complaint.

**RESPONSE TO REQUEST NO. 230:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to

CONFIDENTIAL

the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 226.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 231:**

All Documents and Communications concerning Your contention that "Defendants' counsel has threatened numerous third party witnesses, journalists, media entities, and others with lawsuits if they speak out against or publish unfavorable information about Mr. Baldoni or any other Defendant[,]" as alleged in Paragraph 311 of Your Complaint.

**RESPONSE TO REQUEST NO. 231:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-

CONFIDENTIAL

party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request to the extent it requires the disclosure of information that would impinge on privacy rights of third parties. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 226 and 230.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 232:**

All Documents and Communications concerning Your contention that "[c]ontrary to his carefully cultivated public image as a feminist, Mr. Baldoni, enabled by his billionaire friend and co-founder Mr. Sarowitz, has spent the last several months and millions of dollars to ruin Ms. Lively and her family because she spoke up about Wayfarer's harassing and disturbing conduct[,]" as alleged in Paragraph 323 of Your Complaint.

**RESPONSE TO REQUEST NO. 232:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract. Ms. Lively further objects to this Request to the extent it seeks information that is

CONFIDENTIAL

not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the spousal privilege, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 137, 159, 160, 212, and 225.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 233:**

All Documents and Communications concerning Your contention that "[t]he 'social manipulation' campaign engineered by Mr. Baldoni and Wayfarer helped create and sustain a negative news cycle and social media algorithm around Ms. Lively[,]" as alleged in Paragraph 331 of Your Complaint.

**RESPONSE TO REQUEST NO. 233:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more

CONFIDENTIAL

convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 137, 159, 160, 212, 225, and 227.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 234:**

All Documents and Communications concerning Your contention that "[You have] since turned down other acting and directing opportunities as a result of feeling harassed and fearful of further attacks on herself, her family, and her colleagues[,]" as alleged in Paragraph 341 of Your Complaint.

**RESPONSE TO REQUEST NO. 234:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the

CONFIDENTIAL

extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the spousal privilege, or any other applicable privilege, protection, or immunity.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 235:**

All Documents and Communications concerning Your contention that "[You have] also canceled multiple appearances on behalf of her businesses since December of 2024 because of the constant online vitriol directed at her brands[,]" as alleged in Paragraph 341 of Your Complaint.

**RESPONSE TO REQUEST NO. 235:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the spousal privilege, or any other applicable privilege, protection, or immunity.

CONFIDENTIAL

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 236:**

All Documents and Communications concerning Your contention that "[t]he retaliation campaign against Ms. Lively has severely damaged her companies[,]" as alleged in Paragraph 342 of Your Complaint.

**RESPONSE TO REQUEST NO. 236:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 235.

CONFIDENTIAL

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 237:**

All Documents and Communications concerning Your contention that "[w]hile she has fought to maintain her personal life and business interests, behind closed doors she has suffered from grief, fear, trauma, and extreme anxiety . . . repeated and painful physical symptoms as a result of this experience[,]" as alleged in Paragraph 347 of Your Complaint.

**RESPONSE TO REQUEST NO. 237:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the spousal privilege, the physician-patient privilege, psychotherapist-patient privilege, or any other applicable privilege, protection, or immunity.

CONFIDENTIAL

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 238:**

All Documents and Communications concerning the dailies for the Film, including any request by You to view or delete the same.

**RESPONSE TO REQUEST NO. 238:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request as vague and ambiguous, including its use of the undefined term "dailies." Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request No. 1.

CONFIDENTIAL

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 239:**

All Documents and Communications concerning Your First Cause of Action for Sexual Harassment in Violation of Title VII.

**RESPONSE TO REQUEST NO. 239:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 3, 137, 157, and 208.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 240:**

All Documents and Communications concerning Your Second Cause of Action for Retaliation in Violation of Title VII.

**RESPONSE TO REQUEST NO. 240:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 137, 159, 160, 212, 225, 227, and 233.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 241:**

All Documents and Communications concerning Your Third Cause of Action for Sexual Harassment in Violation of FEHA.

**RESPONSE TO REQUEST NO. 241:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 3, 137, 157, 208, and 239.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 242:**

All Documents and Communications concerning Your Fourth Cause of Action for Retaliation in Violation of FEHA.

**RESPONSE TO REQUEST NO. 242:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 137, 159, 160, 212, 225, 227, 233, and 240.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 243:**

All Documents and Communications concerning Your Fifth Cause of Action for Retaliation in Violation of Cal. Labor Code § 1102.5.

**RESPONSE TO REQUEST NO. 243:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 137, 159, 160, 212, 225, 227, 233, 240, and 242.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 244:**

All Documents and Communications concerning Your Sixth Cause of Action for Failure to Investigate, Prevent, and/or Remedy Harassment in Violation of FEHA.

**RESPONSE TO REQUEST NO. 244:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that Ms. Lively is restricted from disclosing by law or by contract or that would otherwise constitute an unnecessary and unwarranted invasion of privacy to third parties. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 3, 197–201, and 239.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 245:**

All Documents and Communications concerning Your Seventh Cause of Action for Aiding and Abetting Harassment and Retaliation in Violation of FEHA.

**RESPONSE TO REQUEST NO. 245:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; within the possession, custody, and control of third-party entities; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 137, 159, 160, 212, 225, 227, 233, 240, 242, and 243.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 246:**

All Documents and Communications concerning Your Eighth Cause of Action for Breach of Contract.

**RESPONSE TO REQUEST NO. 246:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 247:**

All Documents and Communications concerning Your Ninth Cause of Action for Breach of Contract.

**RESPONSE TO REQUEST NO. 247:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation.

-117-

CONFIDENTIAL

Ms. Lively further objects to this Request to the extent that it seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 248:**

All Documents and Communications concerning Your Tenth Cause of Action for Intentional Infliction of Emotional Distress.

**RESPONSE TO REQUEST NO. 248:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence, including because Ms. Lively voluntarily withdrew her tenth cause of action for intentional infliction of emotional distress as of May 30, 2025. (ECF. No. 264.) Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that would constitute an unnecessary and unwarranted invasion of

CONFIDENTIAL

privacy to third parties.  Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive.  Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the spousal privilege, the physician-patient privilege, the psychotherapist-patient privilege, or any other applicable privilege, protection, or immunity.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 249:**

All Documents and Communications concerning Your Eleventh Cause of Action for Negligent Infliction of Emotional Distress.

**RESPONSE TO REQUEST NO. 249:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not relevant to the allegations, claims, or defenses in the Action, nor reasonably calculated to lead to the discovery of admissible evidence, including because Ms. Lively voluntarily withdrew her eleventh cause of action for negligent infliction of emotional distress as of May 30, 2025. (ECF. No. 264.)  Ms. Lively further objects to this Request to the extent that it requires the disclosure of information that would constitute an unnecessary and unwarranted invasion of privacy to third parties.  Ms. Lively further objects to this Request to the extent it seeks

CONFIDENTIAL

information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive.  Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, the spousal privilege, the physician-patient privilege, the psychotherapist-patient privilege, or any other applicable privilege, protection, or immunity.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 250:**

All Documents and Communications concerning Your Twelfth Cause of Action for False Light Invasion of Privacy.

**RESPONSE TO REQUEST NO. 250:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive.  Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity.

CONFIDENTIAL

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 251:**

All Documents and Communications concerning Your Thirteenth Cause of Action for Sexual Harassment in Violation of Cal. Civ. Code § 51.9.

**RESPONSE TO REQUEST NO. 251:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Ms. Lively further objects to this Request on the grounds that it is cumulative and duplicative of other Requests, including but not limited to Request Nos. 3, 137, 183, 208, 234, 239, 241, and 245.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

CONFIDENTIAL

**REQUEST NO. 252:**

All Documents and Communications concerning Your Fourteenth Cause of Action for Defamation/Defamation Per Se.

**RESPONSE TO REQUEST NO. 252:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation. Ms. Lively further objects to this Request to the extent that it seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 253:**

All Documents and Communications concerning Your Fifteenth Cause of Action for Civil Conspiracy.

**RESPONSE TO REQUEST NO. 253:**

Ms. Lively objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the Action, including because it seeks "all" documents and communications concerning the requested information without limitation.

CONFIDENTIAL

Ms. Lively further objects to this Request to the extent that it seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Ms. Lively further objects to this Request to the extent it seeks information that is not in her possession, custody, and control; within the Propounding Parties' possession, custody, and control; or otherwise available to the Propounding Parties from another source that is more convenient, less burdensome, or less expensive. Ms. Lively further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity.

Subject to and without waiving the foregoing objections, Ms. Lively will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request.

Dated: June 9, 2025

/s/ Michael J. Gottlieb
WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
Meryl Governski
1875 K Street NW
Washington, DC 20006
(202) 303-1000
E-mail: mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron Nathan
Willkie Farr & Gallagher LLP
787 7th Avenue New York, NY 10019
(212) 728-8000
E-mail: anathan@willkie.com

**CONFIDENTIAL**

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson
Stephanie A. Roeser
2049 Century Park East, Suite 1700
Los Angeles, California 90067
(310) 312-4000
E-mail: ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
Manatt, Phelps & Phillips, LLP
7 Times Sq
New York, NY 10036
(212) 790-4500
E-mail: mbruno@manatt.com


*Attorneys for Blake Lively and Ryan Reynolds*

## CERTIFICATE OF SERVICE

I certify that on June 9, 2025, the foregoing was served on all counsel of record via email.


By: /s/ Michael J. Gottlieb
Michael J. Gottlieb