UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

| | | |
|---|---|---|
| BLAKE LIVELY, | : | |
| | : | Civ. Action No. 1:24-cv-10049-LJL |
| Plaintiff, | : | (Consolidated for pretrial purposes |
| | : | with 1:25-cv-00449-LJL) |
| v. | : | |
| | : | |
| WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, THE AGENCY GROUP PR LLC, and JENNIFER ABEL, | : | |
| | : | |
| Defendants. | : | |

------------------------------------------------------------------- x

JENNIFER ABEL,

                           Third-Party Plaintiff,

v.

JONESWORKS LLC,

                           Third-Party Defendant.

------------------------------------------------------------------- x

WAYFARER STUDIOS LLC,
JUSTIN BALDONI, JAMEY HEATH, IT ENDS WITH
US MOVIE LLC, MELISSA NATHAN, JENNIFER
ABEL, and STEVE SAROWITZ,

                           Plaintiffs,

v.

BLAKE LIVELY, RYAN REYNOLDS, LESLIE
SLOANE, VISION PR, INC., and THE NEW YORK
TIMES COMPANY,

                           Defendants.

------------------------------------------------------------------- x

**DECLARATION OF THERESA M TROUPSON IN SUPPORT OF
DEFENDANTS WAYFARER STUDIOS LLC, JUSTIN BALDONI,
JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC,
MELISSA NATHAN, THE AGENCY GROUP PR LLC AND
JENNIFER ABEL'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

I, Theresa M Troupson, declare:

1. I am an attorney admitted *pro hac vice* to practice before this Court. I am a Partner with Liner Freedman Taitelman + Cooley, LLP ("LFTC"), counsel for Defendants Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel (collectively the "Wayfarer Parties"). I have personal knowledge of the facts set forth herein. If called as a witness, I could and would competently testify to the matters stated herein.

2. On February 20, march 3, March 26, and June 30, 2025, Plaintiff Blake Lively served the Wayfarer Parties with requests for production. In total, Lively served 177 requests on Wayfarer, 176 on It Ends With Us Movie LLC, 151 on Baldoni, 148 on Heath, 108 on Abel, 145 on Sarowitz, 109 on Nathan, and 71 on TAG. The Wayfarer Parties timely responded to the requests.

3. On May 21, 2025, I sent an email to counsel for Lively asking them to meet and confer to exchange and agree upon custodians, date ranges and search terms, referencing section III of the ESI Order. Lively's counsel did not respond or otherwise agree to exchange the required information. Attached hereto as Exhibit 1 is a true and correct copy of the email I sent to counsel for Lively on May 21, 2025.

4. Accordingly, as the time to produce documents in response to the requests for production was growing short, the Wayfarer Parties proceeded to conduct a reasonably diligent search for responsive documents. The Wayfarer Parties searched 55 devices and repositories

2

belonging to 21 custodians. The Wayfarer Parties have produced more than 220,000 pages of documents and more than 107,000 GB of data and provided a privilege log with 336 entries.

5. Between the July 1 substantial completion date and the July 25 completion date, Lively did not allege any deficiencies with the Wayfarer Parties' production, although some of the issues that are the subject of the motion were apparent as of that date. For example, it was apparent that the Wayfarer Parties' "cut-off" date was December 20, 2024 and the redactions of non-responsive or privileged information did not list the reason for the redaction.

6. Attached hereto as Exhibit 2 is a compilation of true and correct copies of the sets of requests for production served by Lively on each of the Wayfarer Parties on July 16, 2025. Subject to appropriate narrowing of the requests to address relevant subject matters, the Wayfarer Parties intend to agree to produce Signal communications.

7. On July 29, 2025, Lively first raised issues with the sufficiency of the Wayfarer Parties' document productions, sending meet and confer letters that raised the following issues: (i) purported deficiencies in the Wayfarer Parties' searches for and production of documents, including documents created after December 20, 2024, documents produced by some Wayfarer Parties but not others, and documents relating to the alleged smear campaign; (ii) technical errors relating to imaging of documents; (iii) noncompliance with the ESI Stipulation and Order's redaction requirements; and (iv) a demand that the Wayfarer Parties provide their search parameters, including search terms, custodians, and repositories.

8. The Wayfarer Parties agreed to a discovery meet-and-confer call scheduled for July 30, 2025.

9. On July 29 at 11:05 p.m. Pacific time, the Wayfarer Parties served their privilege log, following a one-day extension agreed by the parties. Although the parties' agreement

contemplated service of the privilege logs at 5 p.m. Eastern time, Lively has not identified any prejudice resulting from the short delay in service.

10. Subsequently, on August 6, 2025, Lively served a "supplemental" privilege log that included 79 additional entries.

11. On July 30, 2025, prior to the discovery meet-and-confer call, counsel for Lively asked the Wayfarer Parties to be prepared to discuss their privilege log. They did not identify any specific deficiencies or issues.

12. During the July 30 call, Lively's counsel discussed some of the issues in her letters. The Wayfarer Parties stated that any agreement that documents be produced through some date later than the start of litigation should be mutual. Lively refused to agree to extend the ending date of her own production while insisting that the Wayfarer Parties extend theirs. The Wayfarer Parties also offered, as they had in May 2025, to mutually exchange search terms. Lively agreed to consider this request, but never responded with her position. Lively's counsel asked if the Wayfarer Parties were prepared to discuss the privilege log, but did not raise any specific issues or items on the privilege log.

13. Following the July 30 call, Lively's counsel did not engage in further communications regarding Lively's concerns with the Wayfarer Parties' document productions.

14. The Motion raises three issues that were not contained in the meet and confer letters or during the meet and confer call. First, Lively newly asks the Court to compel the Wayfarer Parties to produce Document No. 310 from their privilege log. Second, Lively asks the Wayfarer Parties to produce their counsel's communications with third parties. Third, Lively asks the Wayfarer Parties to produce communications between the Wayfarer Parties and Bryan

4

Freedman, Esq., counsel for the Wayfarer Parties, from before the litigation. These three issues were not raised by Lively in the July 29 letters or in the July 30 call, or at any time thereafter.

15. Attached hereto as Exhibit 3 is a true and correct copy of Lively's Responses and Objections to Defendants' Third Set of Requests for Production.

16. On August 11, 2025, counsel for Lively requested by email that the Wayfarer Parties supplement their responses to certain requests for production and interrogatories following the Court's August 4, 2025 Order regarding Liner Freedman Taitelman + Cooley, LLP's motion to quash the subpoena Lively served on it. Lively requested a response by close of business August 12, 2025. The Wayfarer Parties are evaluating their position.

17. Wayfarer produced its film footage in the manner in which it is kept in the ordinary course of business.

18. Wayfarer produced four insurance policies in discovery, which are all the responsive insurance policies in its possession, custody or control.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed this eleventh day of August, 2025 at Los Angeles, California.

        */s/ Theresa M Troupson*
        Theresa M Troupson