UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

BLAKE LIVELY,                                                      :
                                                                  :    Civ. Action No. 1:24-cv-10049-LJL
                          Plaintiff,                              :
                                                                  :    Related to:
v.                                                                :    Civ. Action No. 1:25-cv-00779-LJL
                                                                  :
WAYFARER STUDIOS LLC, JUSTIN BALDONI,                             :
JAMEY HEATH, STEVE SAROWITZ, IT ENDS                              :
WITH US MOVIE LLC, MELISSA NATHAN, THE                            :
AGENCY GROUP PR LLC, and JENNIFER ABEL,                           :
                                                                  :
                          Defendants.                             :
                                                                  :
------------------------------------------------------------------ x
JENNIFER ABEL,                                                    :
                                                                  :
                          Third-Party Plaintiff,                  :
                                                                  :
v.                                                                :
                                                                  :
JONESWORKS LLC,                                                   :
                                                                  :
                          Third-Party Defendant.                  :
                                                                  ::
------------------------------------------------------------------ x

**THE WAYFARER PARTIES' OPPOSITION TO BLAKE LIVELY'S**
**<u>OMNIBUS MOTION TO COMPEL</u>**

**TABLE OF CONTENTS**

**Page**

I.    **INTRODUCTION**...............................................................................................5

II.   **BACKGROUND** ...............................................................................................7

III.  **ARGUMENT** ..................................................................................................11

    A.   **The Wayfarer Parties Agree to Supplement Their Productions, Mooting the Majority of Issues Raised in Lively's Motion**....................................................11

    B.   **Lively Is Not Entitled to the Wayfarer Search Terms After Declining to Mutually Exchange Search Terms in May, As Required by Court Order**.....13

    C.   **The Wayfarer Parties Should Not Be Compelled To Produce Documents Responsive To All Of Lively's Voluminous Requests "Through the Present"**..................................................................................................14

    D.   **The Motion Seeking to Compel "Signal" Chats is Premature as They Are The Subject of Lively's Fifth Set of Requests for Production, Due August 15, 2025**..................................................................................................18

    E.   **The Motion Seeking to Compel Liner's Communications With the Press And Social Media Is Premature** ...................................................................18

IV.  **CONCLUSION** ...............................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arons v. Lalime*,
    167 F.R.D. 364 (W.D.N.Y. 1996)..........................................................................15

*Barberan v. Nationpoint*,
    2012 WL 13209711 (S.D.N.Y. July 13, 2012) .....................................................12

*Binion v. Glover*,
    2009 WL 4730463 (E.D. Mich. Dec. 10, 2009) ...................................................17

*Brown v. West Corp.*,
    287 F.R.D. 494 (D. Neb. 2012)............................................................................18

*Capitol Records, Inc. v. MP3tunes, LLC*,
    261 F.R.D. 44 (S.D.N.Y. 2009) ...........................................................................17

*Carotek, Inc. v. Kobayashi Ventures, LLC*,
    2010 WL 2102627 (S.D.N.Y. May 14, 2010) ......................................................17

*Eletson Holdings Inc. v. Levona Holdings Ltd.*,
    No. 23-CV-7331 (LJL), 2025 WL 1930168 (S.D.N.Y. July 14, 2025).............5, 15

*In re Gardasil Prod. Liab. Litig.*,
    2023 WL 9510889 (W.D.N.C. June 27, 2023) ......................................................17

*Gary Friedrich Enters., LLC v. Marvel Enters., Inc.*,
    2011 WL 1642381 (S.D.N.Y. Apr. 26, 2011)........................................................17

*Liner Freedman Taitelman + Cooley, LLP v. Blake Lively*,
    Civ. Action No. 1:25-mc-00289-LJL.........................................................10, 19, 20

*Lane Constr. Corp. v. Skanska USA Civ. Se., Inc.*,
    2022 WL 3136868 (M.D. Fla. Jan. 20, 2022)......................................................18

*McAllister v. Adecco Group N.A.*,
    2018 WL 8367612 (D. Haw. 2018) ......................................................................17

*OnActuate Consulting Inc. v. Aeon Nexus Corp.*,
    2022 WL 866418 (N.D.N.Y. Mar. 23, 2022) .......................................................17

*Pothen v. Stony Brook Univ.*,
    2017 WL 1025856 (E.D.N.Y. Mar. 15, 2017).......................................................12

*Rubinow v. Boehringer Ingelheim Pharms., Inc.*,
  2010 WL 1882320 (D. Conn. May 10, 2010) ........................................................................12

*Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*,
  2009 WL 5114077 (N.D. Cal. Dec. 18, 2009) ........................................................................17

*In re Snap Inc. Sec. Litig.*,
  2018 WL 7501294 (C.D. Cal. Nov. 29, 2018) ........................................................................17

*Trilegiant Corp. v. Sitel Corp.*,
  275 F.R.D. 428 (S.D.N.Y. 2011) ............................................................................................12

*United States v. Bouchard Transp.*,
  2010 WL 1529248 (E.D.N.Y. 2010) ........................................................................................17

**Other Authorities**

Fed. R. Civ. P. 37 ..............................................................................................................................5

Local Civ. Rule 26.3 .................................................................................................................7, 19

Local Civ. Rule 37.1 ................................................................................................................5, 15

4

I.    **INTRODUCTION**

Blake Lively's motion to compel seeks to "remedy" alleged "deficiencies" in the Wayfarer Parties'[1] document production.[2]  Lively claims that there are "gaps" in the production but fails to identify specific requests which the Wayfarer Parties failed to fully comply with, as required by Local Rule 37.1.  *See Eletson Holdings Inc. v. Levona Holdings Ltd.*, No. 23-CV-7331 (LJL), 2025 WL 1930168, at *1 (S.D.N.Y. July 14, 2025).  Nor does Lively certify that she met and conferred in good faith on all of the issues raised in her motion – because she did not.  Fed. R. Civ. P. 37; Court's Individual Practices in Civil Cases, at 1(C).

Despite these procedural infirmities, the Wayfarer Parties agree to re-conduct their review and supplement their production, mooting most of the issues raised in the Motion.  Unfortunately, this agreement could not be reached before Lively filed her motion as it was brought only four business days after receipt of Lively's meet and confer letters.  The Wayfarer Parties' agreement to re-conduct their searches to locate specific items Lively identifies does not, of course, admit the existence of responsive documents.  Lively's speculation that there should be documents when there are none, or that there should be more documents than there are, is not a valid ground for a motion to compel.

---

[1] The "Wayfarer Parties" includes Defendants Wayfarer Studios LLC ("Wayfarer Studios"), Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC ("TAG"), and Jennifer Abel.

[2] Lively's Notice states that she moves to compel the Wayfarer Parties "to provide full and complete responses, and produce documents in response to, Ms. Lively's discovery requests," but her "Omnibus Brief" only discusses the alleged "deficiencies in the Wayfarer Defendants' document productions."  Mtn. at p. 1. The brief does not seek any amendment to the discovery responses, and accordingly that is not addressed in this opposition.

The motion to compel should be denied with respect to the remaining three issues.

First, Lively asks the Court to compel the Wayfarer Parties to produce the search terms they used for the document review. The parties were required to meet and confer and agree upon search terms in May 2025 pursuant to the Protocol for Discovery of Electronically-Stored Information and Hard Copy Documents. (the "ESI Order"). Dkt. 212, p. 6. Lively declined to do so at the time and now asks that the obligation to make the exchange be imposed only upon the Wayfarer Parties. While the Wayfarer Parties are willing to engage in a mutual exchange, Lively insists it should be only the Wayfarer Parties' obligation. The motion should be denied as to this issue.

Second, Lively asks the Court to compel the Wayfarer Parties to produce all documents responsive to their requests for production (approximately 100 directed to each defendant) through the present day. Again, the ESI Order requires the parties to meet and confer and agree on date ranges before reviewing and producing documents. Lively declined to do so. Instead, both parties proceeded to produce what they thought was reasonable – limiting their productions to documents dated at the commencement of litigation. Lively contends that the Wayfarer Parties must search for and produce documents through the present because she alleges an "ongoing" "smear campaign" (Mtn. at p. 12). The phrase "smear campaign" is not defined but appears to refer to a series of allegedly defamatory statements. If that is the case, then Lively should have, but did not, identify which specific requests warrant extending the date range beyond the commencement of litigation as many of the requests do not address this subject. The Motion must be denied as to this issue.

Third, Lively seeks to compel two categories of documents that are the subject of her pending requests for production – answers to which are not yet due. The motion is premature as

to these requests.  The first category of documents that are not yet due is Lively's requests for all communications on the platform Signal.  This is the subject of Lively's most recent requests for production, responses to which are due on August 15, 2025.  Lively also seeks to compel Bryan Freedman's communications with press and social media content creators.  The Court recently directed Lively to propound this request on the Wayfarer Parties.  Lively has not done so, thus the motion is premature on this issue and the Motion must be denied as to this issue.

## II.    **BACKGROUND**

On February 20, March 3, March 26, and June 30, 2025, Lively served the Wayfarer Parties with requests for production.  Declaration of Theresa M Troupson ("Troupson Decl."), ¶ 2; Declaration of Kristin Bender ("Bender Decl."), Exh. 1.  In total, Lively served 177 requests on Wayfarer, 176 on It Ends With Us Movie LLC, 151 on Baldoni, 148 on Heath, 108 on Abel, 145 on Sarowitz, 109 on Nathan, and 71 on TAG.  Troupson Decl., ¶ 2.  The Wayfarer Parties timely responded to the requests.  *Id*.

On April 24, 2025, the parties met and conferred regarding the Wayfarer Parties' responses to the first and second sets of requests for production.  Bender Decl., Exh. 3.  The Wayfarer Parties confirmed that they would search for and produce the non-privileged documents responsive to Lively's requests for production.  *Id*.  The Agency Group PR LLC ("TAG"), Wayfarer and It Ends with Us Movie LLC also agreed to include their officers, directors, employees, partners, corporate parents, subsidiaries, and affiliates in their search for responsive documents pursuant to Local Rule 26.3(c)(5).  *Id*.

On May 13, 2025, the Court entered the ESI Order (Dkt. 212), which required that the parties meet and confer within a reasonable time following entry of the order to agree upon custodians, date ranges, and search terms (among other things).  Dkt. 212 at 6 (Section III).  On

May 21, 2025, the Wayfarer Parties asked Lively to meet and confer to exchange and agree upon custodians, date ranges and search terms, referencing section III of the ESI Order.  Troupson Decl., ¶ 3 & Exh. 1.  Lively did not respond or otherwise agree to exchange the required information.  *Id.*  Accordingly, as the time for producing documents in response to the requests for production was growing short, the Wayfarer Parties proceeded to conduct a reasonably diligent search for responsive documents.  Troupson Decl., ¶ 4.  The Wayfarer Parties searched 55 devices and repositories belonging to 21 custodians.  *Id.*  The Wayfarer Parties have produced more than 220,000 pages of documents and more than 107,000 GB of data and provided a privilege log with 336 entries.  *Id.*

The deadline for substantial completion of document productions was July 1, 2025 and for completion of production by July 25, 2025.  Dkt. 58.  Between the July 1 substantial completion date and the July 25 completion date, Lively did not allege any deficiencies with the Wayfarer Parties' production, although some of the issues that are the subject of the motion were apparent as of that date.  Troupson Decl. ¶ 5.  For example, it was apparent that the Wayfarer Parties' "cut-off" date was December 20, 2024 and the redactions of non-responsive or privileged information did not list the reason for the redaction.  *Id.*

On July 16, Lively served fourth sets of Requests for Production on Sarowitz, Heath, and Baldoni and fifth sets of Requests for Production on each of the other Wayfarer Parties.  Troupson Decl., Exh. 2.  Lively served 6 requests for production on It Ends With Us Movie LLC, 14 on TAG, 14 on Nathan, 13 on Abel, 10 on Sarowitz, 9 on Heath, 9 on Baldoni, and 9 on Wayfarer; the responses are due on August 15, 2025.  *Id.*  These final requests for production seek, among other things and for the first time, the Wayfarer Parties' communications with each

other using Signal (with no limitation as to subject matter), and documents relating to any human resources complaints made by any party, including parties other than Lively.  *Id.*

On July 29, 2025, Lively first raised issues with the sufficiency of the Wayfarer Parties' document productions, sending meet and confer letters.  Troupson Decl., ¶ 4; Bender Decl., Exh. 7.  The meet and confer letters raised the following issues:  (i) purported deficiencies in the Wayfarer Parties' searches for and production of documents, including documents created after December 20, 2024, documents produced by some Wayfarer Parties but not others, and documents relating to the alleged smear campaign; (ii) technical errors relating to imaging of documents; (iii) noncompliance with the ESI Stipulation and Order's redaction requirements; and (iv) a demand that the Wayfarer Parties provide their search parameters, including search terms, custodians, and repositories.  Bender Decl., Exh. 7.

A conference call between the parties followed on July 30, 2025 to meet and confer on the issues raised in the letters.  *Id.* ¶ 8.  The day the call was scheduled to occur, Lively asked the Wayfarer Parties to be prepared to discuss their privilege log, but did not identify any specific issue they wished to discuss.[3]  Troupson Decl., ¶ 11.  During the July 30, 2025 call, Lively's counsel discussed the issues raised in her letters.  Troupson Decl. ¶ 12.  The Wayfarer Parties stated that any agreement that documents would be produced to some date later than the commencement of litigation should be mutual.  *Id.*  Lively refused to agree to extend the ending date of her own production while insisting that the Wayfarer Parties extend theirs.  *Id.*  The Wayfarer Parties also offered to (as they had in May 2025) mutually exchange search terms.  *Id.*

---

[3] The Court's order required the parties to exchange privilege logs by July 28, 2025.  The parties agreed to a one-day extension.  Troupson Decl. ¶ 9.  The Wayfarer Parties served their privilege log at 11 p.m. PT.  Troupson Decl. ¶ 9.  Lively criticizes the short delay in service but does not ask the Court for any relief as the few hours' delay did not prejudice her in any way.  *Id.*  In any event, Lively's own log was late as she "supplemented" her log on August 6, 2025 with 79 additional entries.  Troupson Decl. ¶ 10.

Lively agreed to consider this request, but instead proceeded to file this motion to compel. Lively's counsel did not raise any specific issues or items on the privilege log. *Id.*

Following the July 30th call, Lively's counsel did not engage in further communications regarding Lively's concerns with the Wayfarer Parties' document productions. *Id.* ¶ 13. Five days later, Lively filed the Motion on August 4, 2025. Dkt. 553. The Motion raises three issues that were not contained in the meet and confer letters or during the meet and confer call. First, Lively newly asks the Court to compel the Wayfarer Parties to produce Document No. 310 from their privilege log. Second, Lively asks the Wayfarer Parties to produce their counsel's communications with third parties. Third, Lively asks the Wayfarer Parties to produce communications between the Wayfarer Parties and Bryan Freedman, Esq., counsel for the Wayfarer Parties, from before the litigation. These three issues were not raised by Lively in the July 29 letters or in the July 30 call, or at any time thereafter. Troupson Decl., ¶ 14.

On August 4, 2025, the Court issued an order on Liner Freedman Taitelman & Cooley, LLP's ("Liner") motion to quash the subpoena issued upon it by Lively granting the motion in part and denying it in part. *Liner Freedman Taitelman + Cooley, LLP v. Blake Lively*, Civ. Action No. 1:25-mc-00289-LJL, Dkt. 35. The Court allowed Lively, among other things, leave to propound renewed interrogatories or requests for production seeking "Documents and Communications between … Liner and any journalist, reporter, …. or any other representative concerning or relating to the Consolidated Action, Ms. Lively, Mr. Reynolds, any of the Wayfarer Defendants, the Digital Campaign, or the Film." *Id.*, Dkt. 35, at 14. On August 11, 2025, counsel for Lively requested by email that the Wayfarer Parties supplement their responses to certain requests for production and interrogatories following the Court's August 4, 2025 Order regarding Liner Freedman Taitelman + Cooley, LLP's motion to quash the subpoena Lively

10

served on it.  Troupson Decl. ¶ 16.  Lively requested a response by close of business August 12,

2025.  *Id.*  The Wayfarer Parties are evaluating their position, including whether Lively's request

complies with the terms of the Court's Order.  *Id.*

III.    **ARGUMENT**

A.    **The Wayfarer Parties Agree to Supplement Their Productions, Mooting the
        Majority of Issues Raised in Lively's Motion.**

The Wayfarer Parties agree to supplement their document production on a rolling basis to

be completed by August 22, 2025, which moots most of the issues raised by Lively's Motion.

First, as requested in the Motion, the Wayfarer Parties will re-conduct their search for and

produce any additional non-privileged documents in their possession, custody or control as

identified in the Motion, including the following categories:  (1) documents identified in the

Wayfarer Parties' Amended Complaint, including the birth video (Mtn. at pp. 4, 19-20); (2)

communications between the Wayfarer Parties and Defendants Jed Wallace and Street Relations,

Inc. regarding Lively, including payment records (Mtn. at pp. 16-17, 19, 22-23); (3) the phone

records of Abel, Baldoni, Heath, Sarowitz and Nathan (Mtn. at pp. 13-14); (4) personnel policies,

sexual harassment training, and human resources complaints (Mtn. at pp. 16, 19); (5)

communications between Bryan Freedman and the Wayfarer Parties prior to the commencement

of the litigation (Mtn. at p. 7) [4]; (6) Lively's Civil Rights Department complaint, her 17-point list

of conditions for her return to production, the "timeline" document, and related non-privileged

communications (Mtn. at pp. 16-17, 21); (7) new files that mix video and audio recordings from

---

[4] Contrary to Lively's suggestion, there are not "extensive additional communications" of between Mr. Freedman
and the Wayfarer Parties.  Lively's contention was apparently based upon a misreading of the categorical privilege
log produced by third parties Katie Case and Brianna Butler Koslow.  The Wayfarer Parties understand that Case
and Koslow will be amending their privilege log, which will make clear that they do not have numerous
communications between Mr. Freedman and the Wayfarer Parties.  Further, this issue was not raised in the meet and
confer process and is not properly before the Court.  Troupson Decl. ¶ 14.

the film's footage and will send them to Lively (Mtn. at p. 19)[5]; and (8) the Writers Guild of America waiver (as this was an oral agreement, it is unlikely there are any documents) (Mtn. at p. 20). In addition, each of the Wayfarer Parties will re-review their production and produce responsive documents in their possession, custody or control even if the document was already produced by another Wayfarer Party or a third party (Mtn. at pp. 14-23).

By agreeing to re-conduct their prior searches to locate allegedly missing documents, the Wayfarer Parties are not agreeing that additional documents in fact exist. To the extent that Lively suggests that there "should be" documents responsive to her requests where she found none or only some, her speculation cannot warrant her motion to compel. "Mere speculation as to the existence of additional documents is insufficient to warrant an order to compel." *Trilegiant Corp. v. Sitel Corp.*, 275 F.R.D. 428, 436 (S.D.N.Y. 2011); *see Rubinow v. Boehringer Ingelheim Pharms., Inc.*, 2010 WL 1882320, at *7 (D. Conn. May 10, 2010) (denying motion to compel responses to document requests where movant was unable to identify any outstanding documents or "articulate any particular reason why she believes that the [opposing party] is withholding responsive documents, apart from her counsel's speculation") (internal citations omitted); *Pothen v. Stony Brook Univ.,* 2017 WL 1025856, at *4 (E.D.N.Y. Mar. 15, 2017) ("speculation is not a basis for this Court to compel discovery"). The Wayfarer Parties cannot be compelled to produce documents that "they do not have." *Barberan v. Nationpoint*, 2012 WL 13209711, at *3 (S.D.N.Y. July 13, 2012).

For instance, Lively claims that there should be documents concerning the use of Social Media bots, trolls, troll farms, paid or incentivized accounts, or seeding, amplifying, boosting, or planting content" (Mtn. at pp. 15, 22). The Wayfarer Parties did not engage in these activities

---

[5] Wayfarer produced its film footage in the manner in which it is kept in the ordinary course of business and has no obligation to create new documents for discovery purposes. Troupson Decl. ¶ 17.

and therefore there are no documents responsive to these requests.  All Lively has is speculation that this conduct occurred, which is insufficient to warrant a motion to compel.  As another example, Lively insists that it is suspicious that the TAG Defendants have produced only "minimal" documents concerning harassment, discrimination, retaliation or other workplace misconduct on set.  Lively's speculation that more documents should exist is nothing other than speculation and is not a basis for a motion to compel.  While the Wayfarer Parties are willing to conduct additional searches for particular documents identified in the Motion, that does not mean that additional documents in fact exist.

Second, after re-reviewing Item No. 310 on their privilege log, the Wayfarer Parties have determined that the document is not protected by the attorney client-privilege and will accordingly produce the document, with the understanding that it is produced without waiving the attorney-client and/or work product privileges.  *See* Mtn. at pp. 8-11

Third, the Wayfarer Parties will modify the redactions in their previous productions as necessary to replace black-box redactions with text-box redactions indicating the reason for redaction where applicable and re-produce the affected documents.  *See* Mtn. at p. 24.

The Wayfarer Parties' agreement to supplement its production as set forth above moots the majority of issues raised in Lively's Motion.[6]

**B.      Lively Is Not Entitled to the Wayfarer Search Terms After Declining to Mutually Exchange Search Terms in May, As Required by Court Order.**

On May 21, 2025, counsel for the Wayfarer Parties proposed that the parties meet and confer regarding search terms, as contemplated by the ESI Order.  Troupson Decl., ¶ 3.  Lively's

---

[6]  Lively's characterization of missing documents in her Motion is not always accurate.  For example, Lively argues that Wayfarer only produced one insurance policy.  Mtn. at p. 19.  However, Wayfarer produced four insurance policies, which are all the responsive insurance policies in its possession, custody or control.  Troupson Decl., ¶ 18.

counsel never responded. *Id.* During the parties' conference on July 30, 2025, counsel for the Wayfarer Parties again proposed that the parties engage in a mutual exchange of search terms. *Id.* ¶ 12. Lively's counsel said they would consider the proposal and return with their position but never did so. *Id.* Instead, Lively now seeks an order compelling the Wayfarer Parties to provide their search terms, without a mutual obligation to do so, after the deadline for the parties' completion of production of documents. The Court should not require the Wayfarer Parties to produce their search terms unless Lively must also do so.

**C.    The Wayfarer Parties Should Not Be Compelled To Produce Documents Responsive To All Of Lively's Voluminous Requests "Through the Present".**

Both Lively and the Wayfarer Parties' requests for production sought documents through the present. Both parties objected that the time period was overbroad, sought material that was not relevant nor likely to lead to the discovery of admissible evidence, and requested information was not proportional to the needs of the case. Lively only produced documents through December 31, 2024 to (the date specified in her objections). *See, e.g.*, Troupson Decl., Exh. 3, at 8 (Lively's Responses and Objections to Defendants' Third Set of Requests for Production). The Wayfarer Parties produced documents only through December 20, 2024 (the date Lively filed her Civil Rights Department [CRD] complaint). The date limitation used by both parties was apparent by at least July 1, 2025 when the document productions were substantially complete.

 Days before the deadline to move to compel, Lively raised for the first time her contention that the Wayfarer Parties' production was deficient because it did not contain documents responsive to her numerous requests through the present date. She argues because she alleges an "ongoing" "smear campaign" all documents regardless of the subject matter must be produced. But Lively's numerous document requests are not limited to the alleged "smear"

campaign – nor is her complaint.  For example, she seeks documents related to ████████ ███████████████████████████████████████████████████████ with no limitation as to time.  Bender Decl., Exh. 1 (Requests for Production to Baldoni Nos. 60-61).  She also seeks documents and communications "concerning any actual, alleged, or suspected harassment related to the Film," though filming concluded more than a year ago.  Bender Decl., Exh. 1 (Request for Production to Wayfarer Studios No. 22).  She also seeks documents relating to the corporate Wayfarer Parties' ████████████████████████████████████████ ████████████████████████ and its ██████████████████████████████████████ ██████████ *Id.* (Requests for Production to TAG Nos. 46, 48; Requests for Production to It Ends With Us Movie LLC Nos. 67-68; Requests for Production to Wayfarer Studios LLC Nos. 67-68.)  Thus, Lively's motion must be denied because it fails to identify which requests might require documents to be produced through the present date.[7]   Lively does not assert any reason for allowing documents to be produced on any topics other than those which may relate to the alleged "smear campaign."

Contrary to Lively's suggestion, the Court did not "previously reject" a December 20, 2024 cut-off date for all discovery.  Rather, the Court rejected that cut-off date for the purpose of specific targeted interrogatories.  Dkt. 355.  At issue were Lively's interrogatories to the

---

[7] The failure to identify the specific requests in response to which Lively believes the Wayfarer Parties failed to produce documents is fatal to her motion.  L.R. 37.1 ("Upon any motion or application involving discovery or disclosure requests or responses under Fed. R. Civ. P. 37, the moving party must specify and quote or set forth verbatim in the motion papers each discovery request and response to which the motion or application is addressed."); *see Eletson Holdings Inc.*, 2025 WL 1930168, at *1 ("Intervenors' motion must be denied at the threshold for failure to "specify and quote or set forth verbatim ... each discovery request and response to which ... [it] is addressed" and "the grounds on which the moving party is entitled to prevail for each request or response," as required by Local Civil Rule 37.1. The Court should not be made to guess about which specific document requests are at issue."); *Arons v. Lalime*, 167 F.R.D. 364, 368 (W.D.N.Y. 1996) (referring to an earlier order denying plaintiffs' motion to compel, in part because the motion "failed to identify with specificity the discovery requests and responses at issue").

Wayfarer Parties seeking their communications with reporters and news and media outlets concerning Lively, Reynolds, this action, Lively's CRD complaint, and Lively's companies. Dkt. 355, at 3. Nor did the Court rule that all documents from all parties "through the present" must be produced. In connection with a motion to compel Katherine Case and Breanna Koslow to comply with subpoenas, the Court merely accepted Lively's suggestion that documents regarding Lively and her claims, the film, and the "Digital Campaign" through March 3, 2025 should be produced. Dkt. 381, at 24.

If the Court requires production of documents after the commencement of litigation a production through the present would be too burdensome. A more reasonable cut-off date would be the date of the filing of Lively's Amended Complaint on February 18, 2025 as her allegations of defamatory statements made about her (the "smear" campaign) are only alleged through the date of the complaint.

Further, any extension of the "cut-off" date for discovery relating to the smear campaign should also apply to Lively. Lively alleges in paragraphs 296-299 of her complaint that she was harmed by statements made by the Wayfarer Parties and their counsel. The Wayfarer Parties claim that Lively's own statements to the press, her own public behavior and the statements of her attorneys caused the harm she alleges. *E.g.*, Dkt. 539, at 1. For example, Lively may be in possession of social media communications and analyses from after the date of her filing indicating that the backlash against her is a response to her public conduct and that of her attorneys. Furthermore, if Lively seeks to recover damages from events she claims are ongoing, she must produce evidence relating to the amount and causation of those damages. Therefore, any order extending the cut-off must impose a mutual obligation.

Finally, to the extent that the Court requires the Wayfarer Parties to produce documents post-commencement of litigation in response to requests regarding the smear campaign, it should reject Lively's demand for a privilege log of documents after the filing of the complaint. As one of the cases Lively relies upon makes clear, even if documents dated post-complaint are relevant, that party "need not individually identify each privileged communication created in connection with [the] litigation" given that once litigation begins most communications are privileged. *Gary Friedrich Enters., LLC v. Marvel Enters., Inc.*, 2011 WL 1642381, at *2 (S.D.N.Y. Apr. 26, 2011) (Mtn. at p. 7 n.12); *see also, e.g.*, *Capitol Records, Inc. v. MP3tunes, LLC,* 261 F.R.D. 44, 51 (S.D.N.Y. 2009) ("[T]he Court will not require [a party] to record on its privilege log any attorney-client communications or work product documents created after the date the . . . action was filed."); *United States v. Bouchard Transp.*, 2010 WL 1529248, at 2 (E.D.N.Y. 2010) ("privilege logs are commonly limited to documents created before the date litigation was initiated"); *OnActuate Consulting Inc. v. Aeon Nexus Corp.*, 2022 WL 866418, at *11 (N.D.N.Y. Mar. 23, 2022) ("This Court has explained that 'parties should not be required to list on a privilege log, on an ongoing basis, communications between attorney and client once litigation has commenced.'"); *Carotek, Inc. v. Kobayashi Ventures, LLC*, 2010 WL 2102627, at *1 (S.D.N.Y. May 14, 2010) (finding "no need" for materials generated after the start of the litigation to have been included in a privilege log).[8]

---

[8] Indeed, federal courts throughout the country routinely deny motions to compel a privilege log of attorney-client communications or work product dated after commencement of litigation. *In re Snap Inc. Sec. Litig.*, 2018 WL 7501294, at *1 (C.D. Cal. Nov. 29, 2018) ( "[A] rule requiring creation of an ongoing log of all post-complaint privileged communications would have a chilling effect on the attorney-client relationship."); *Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*, 2009 WL 5114077, at *3 (N.D. Cal. Dec. 18, 2009) ("[C]ounsel's communications with the client and work product developed once the litigation commences are presumptively privileged and need not be included on any privilege log."); *Binion v. Glover*, 2009 WL 4730463, at *4 (E.D. Mich. Dec. 10, 2009) (holding that documents created after lawsuit was filed need not be produced or listed on a privilege log because they are clearly protected from discovery); *McAllister v. Adecco Group N.A.*, 2018 WL 8367612, at *2 (D. Haw. 2018) ("it is not required to provide a privilege log as to any document prepared by counsel, or at the direction of counsel, ... after litigation commenced with the EEOC Charge."); *In re Gardasil Prod. Liab. Litig.*, 2023 WL

**D.**     **The Motion Seeking to Compel "Signal" Chats is Premature as They Are The Subject of Lively's Fifth Set of Requests for Production, Due August 15, 2025.**

On July 16, 2025, Lively propounded requests for Signal communications.  Troupson Decl., ¶ 6 & Exh. 1.  The time for the Wayfarer Parties to object and respond to those requests has therefore not yet elapsed.  These requests seek all communications using Signal between any of the Wayfarer Parties, or between the Wayfarer Parties and Wallace, without regard to subject matter.  *Id*.  Subject to appropriate narrowing of the requests to address relevant subject matters, the Wayfarer Parties intend to agree to produce Signal communications.  Troupson Decl. ¶ 6.   If these requests were encompassed by previous requests for production, presumably Lively would not have served the requests on July 16.  Lively's Motion regarding Signal communications is premature and not ripe for decision at this time.

**E.**     **The Motion Seeking to Compel Liner's Communications With the Press And Social Media Is Premature.**

Lively seeks to compel the Wayfarer Parties' "agents'" communications with third parties, including content creators, social media, and public relations firms.  Mtn. at pp. 11-12.  But the Motion seeks only communications between Liner (and specifically Bryan Freedman) and the press and content creators.  *See, e.g*., Mtn. at pp. 11-13 ("The Court should compel the Wayfarer Parties to ask ***their counsel*** for the client file and any written communications to a

---

9510889, at *1 (W.D.N.C. June 27, 2023) (post-complaint materials need not be listed on a privilege log); *Brown v. West Corp.*, 287 F.R.D. 494, 499 (D. Neb. 2012) ("This Court has joined other district courts in assuming privilege for attorney-client communications that transpire after the initiation of litigation in situations where the plaintiff is requesting extensive discovery.")*; Lane Constr. Corp. v. Skanska USA Civ. Se., Inc*., 2022 WL 3136868, at *2 (M.D. Fla. Jan. 20, 2022) (same).

Content Creator or to a journalist made on behalf of the Wayfarer Parties or within the scope of the representation" (emphasis added)).

Moreover, the request for production to which Lively claims these documents are responsive asks for "all Documents and Communications between You, or anyone on Your behalf, and any public relations, crisis management, or Social Media firms concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reyolds Companies, the Lively/Reynolds Family, or the Actions." Mtn. at p. 11 n.17. It is not as broad as Lively now claims.

Further, Lively claims that the definition of "you" in the requests encompassed Mr. Freedman and his firm. However, in the meet and confer discussions held in April, the Wayfarer Parties referred to the Uniform Definition in Discovery Request in Local Civ. Rule 26.3, which specifies that definitions cannot be broader than those set forth in those Rules. Local Rule 26.3(c)(5) defines a party has "the party, and, where applicable its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. It does not does not include an obligation to search attorneys' files.

Indeed, there was no reason to believe that the request sought communications between Mr. Freedman and the press – indeed, Lively did not think it did as she served a subpoena upon Mr. Freedman's law firm, Liner Freedman Taitelman + Cooley, LLP. *Liner Freedman Taitelman + Cooley, LLP v. Blake Lively*, Civ. Action No. 1:25-mc-00289-LJL, Dkt. 35. That included a request for "all Documents and Communications involving You (including on behalf of any Wayfarer Defendant) concerning digital, online, Content Creator, or influencer services concerning Ms. Lively, Mr. Reynolds, any of the Wayfarer Parties, the Digital Campaign, or the Film." *Id.* In granting Lively's motion to quash the subpoena to LFTC, the Court noted that it would allow Lively to "propound renewed interrogatories or document requests to the Wayfarer

Parties for the documents or communications sought by Requests 5 and 6." *Id.*, Dkt. 35, at 14.

Lively has not done so and instead filed this motion, which is premature.

IV.    **CONCLUSION**

     For the reasons set forth above, the Motion should be denied.


Dated:  August 11, 2025
     New York, NY

                            Respectfully submitted,

                            **MEISTER SEELIG & FEIN PLLC**


                            By:   */s/ Mitchell Schuster*
                                  Mitchell Schuster
                                  Kevin Fritz
                            125 Park Avenue, 7th Floor
                            New York, NY 10017
                            Tel: (212) 655-3500
                            Email: ms@msf-law.com
                                        kaf@msf-law.com


Dated:  August 11, 2025
     Los Angeles, CA

                            **LINER FREEDMAN TAITELMAN**
                              **+ COOLEY**


                            By:   */s/ Ellyn S. Garofalo*
                                  Bryan J. Freedman*
                                  Ellyn S. Garofalo*
                            1801 Century Park West, 5th Floor
                            Los Angeles, CA 90067
                            Tel: (310) 201-0005
                            Email: bfreedman@lftcllp.com
                                        egarofalo@lftcllp.com

                            *\* admitted pro hac vice*