UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>                    Plaintiff,<br><br>         -v-<br><br>WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, THE AGENCY GROUP PR LLC, JENNIFER ABEL, JED WALLACE, and STREET RELATIONS INC.,<br><br>                    Defendants. | Case No. 1:24-cv-10049-LJL<br>(consolidated with 1:25-cv-00449-LJL) |
| JENNIFER ABEL,<br><br>                    Third-Party Plaintiff,<br><br>         -v-<br><br>JONESWORKS LLC,<br><br>                    Third-Party Defendant. | |
| WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, JENNIFER ABEL, and STEVE SAROWITZ,<br><br>                    Consolidated Plaintiffs,<br><br>-v-<br><br>BLAKE LIVELY, RYAN REYNOLDS, LESLIE SLOANE, VISION PR, INC., and THE NEW YORK TIMES COMPANY.<br><br>                    Consolidated Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, THE AGENCY GROUP PR LLC, AND JENNIFER ABEL MOTION FOR <u>LEAVE TO SERVE THIRD PARTY ISABELLA FERRER BY ALTERNATIVE SERVICE</u>**

LINER FREEDMAN TAITELMAN + COOLEY, LLP
Bryan J. Freedman (pro hac vice)
Ellyn S. Garofalo (pro hac vice)
Miles M. Cooley (pro hac vice)
Theresa M Troupson (pro hac vice)
Summer Benson (pro hac vice)
Jason Sunshine
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
egarofalo@lftcllp.com
mcooley@lftcllp.com
ttroupson@lftcllp.com
sbenson@lftcllp.com
jsunshine@lftcllp.com

Mitra Ahouraian (pro hac vice)
2029 Century Park East 4th Floor
Los Angeles, CA 90067
(310) 376-7878
Email: mitra@ahouraianlaw.com

MEISTER SEELIG & FEIN PLLC
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
kaf@msf-law.com

*Attorneys for the Wayfarer Parties*

Defendants Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, And Jennifer Abel (collectively, the "Wayfarer Parties") respectfully move pursuant to Federal Rules of Civil Procedure (the "Rules") 4(e)(1), 4(e)(2), and 45, and New York Civil Practice Law and Rules ("C.P.L.R.") §§ 308(1)–(5) for leave to serve third party Isabella Ferrer for the pendency of the above-referenced action by alternative means. Specifically, and as described herein, the Wayfarer Parties request leave to serve Ms. Ferrer by a combination of affixing and mailing a copy of the subpoena to Ms. Ferrer's last known address in Sag Harbor, NY ("nail and mail service"), email, telephone and by service upon her counsel after multiple unsuccessful attempts to serve Ms. Ferrer at her last known addresses.

## BACKGROUND

Ms. Ferrer is a witness to facts surrounding the claims and defenses herein. During the relevant time period, Ms. Ferrer played the role of Young Lily Bloom on the set of the film *It Ends With Us* (the "Film").

Sanford L. Michelman, Esq. of Michelman & Robinson, LLP has advised counsel for the Wayfarer Parties, in writing, that he represents Isabella Ferrer in connection with the dispute at issue herein. (Fritz Decl., ¶ 4). In an email delivered on July 3, 2025, the Wayfarer Parties' counsel asked Sanford L. Michelman, Esq. to accept service of a subpoena *duces tecum* (the "Subpoena") directed to Isabella Ferrer. He failed to respond. (Fritz Decl., Ex. A, B). On July 8, 2025, the Wayfarer Parties' counsel again requested that Sanford L. Michelman, Esq. accept service of the Subpoena. Again, he failed to respond. (Fritz Decl., Ex. C).

On several occasions in early August 2025, and at various times of day, a process server diligently attempted to serve the Subpoena upon Isabella Ferrer at an address in Brooklyn, NY which the Wayfarer Parties' counsel understood was her residential address. (Fritz Decl., ¶ 8). Based upon the Affidavit of Due Diligence dated August 11, 2025, it appears that none of the persons present at the Brooklyn location were familiar with Isabella Ferrer. (Fritz Decl., Ex. D).

Moreover, on several occasions in early August 2025, and at various times of day, a process server diligently attempted to serve the Subpoena upon Isabella Ferrer at an address in Sag Harbor, NY which the Wayfarer Parties' counsel understood was another residential address for her. (Fritz Decl., ¶ 9). Based upon the Affidavit of Due Diligence dated August 11, 2025, the process server was unable to serve the Subpoena upon Isabella Ferrer at the Sag Harbor address. (Fritz Decl., Ex. E).

## ARGUMENT

As this Court has explained, *see* ECF No. 356 at 2, "Federal Rule of Civil Procedure 45 states that '[s]erving a subpoena requires delivering a copy to the named person.'" *Id.* (quoting Fed. R. Civ. P. 45(b)(1)). However, courts have authorized alternative service when a party has "demonstrate[d] a prior diligent attempt to personally serve." *Id.* (quoting *Kenyon v. Simon & Schuster, Inc.*, 2016 WL 5930265, at *3 (S.D.N.Y. Oct. 11, 2016)); *see also JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, 2009 WL 1313259, at *2–3 (S.D.N.Y. May 11, 2009); *Sec. & Exch. Comm'n v. Pence*, 322 F.R.D. 450, 454 (S.D.N.Y. 2017).[1] "Alternative service must be reasonably calculated to ensure the witness actually receives the subpoena." *Id.* at 2 (collecting cases). Alternative service is appropriate here given the Wayfarer Parties' numerous diligent attempts to personally serve Ms. Ferrer, and the availability of alternative methods that are reasonably calculated to ensure Ms. Ferrer will receive the Subpoena.

The Wayfarer Parties respectfully request that the Court enter an order permitting them to serve Ms. Ferrer by a combination of nail and mail service, email, telephone, or by service upon her counsel Sanford L. Michelman. This district—and this Court—has held that service via email and social media are proper "backstop" means of service. *See* ECF No. 356 at 3–4 (permitting service in part via LinkedIn); *see also Pence*, 322 F.R.D. at 455–56 (finding proper means of service by telephone call with voicemail,

---

[1] Some courts "have suggested that alternative service under Rule 45 must be accomplished in accordance with Rule 4, which in turn . . . permits service on an individual to be made in accordance with the state law where the district court sits or where service is made." *Id.* at 4 n.1 (quoting *Pence*, 322 F.R.D. at 455). In New York, alternative service is appropriate under the CPLR when traditional methods are "impracticable." *Id.* (quoting N.Y. C.P.L.R. 308(5)). Here, whether applying the "prior diligent attempt" standard or an "impracticable" standard, alternative service is appropriate given the numerous various unsuccessful attempts at traditional service.

email, or fax); *Hardin v. Tron Found.,* 2020 WL 5236941, at *2 (S.D.N.Y. Sept. 1, 2020) (authorizing service by email and LinkedIn); *F.T.C. v. PCCare247 Inc.*, 2013 WL 841037, at *4–6 (S.D.N.Y. Mar. 7, 2013) (allowing service via Facebook message in addition to email); *In re Terrorist Attacks on Sept. 11, 2001*, 2022 WL 1088567, at *5 (S.D.N.Y. Apr. 5, 2022) (authorizing service by publication and Twitter); *In re Bibox Grp. Holdings Ltd. Secs. Litig.*, 2020 WL 4586819, at *2 ("[S]ervice via known social media accounts is permissible."); *Kumar v. Alhunaif*, 2023 WL 8527671, at *5 (S.D.N.Y. Dec. 8, 2023) (allowing service through WhatsApp and Facebook). Considering the impracticability of serving Ms. Ferrer by personal service, alternative service by nail and mail service, email, telephone, and through her counsel Sanford L. Michelman is appropriate here. Ms. Ferrer is "likely to receive . . . service through the alternative method[s]" proposed here, which will provide Ms. Ferrer with "timely actual notice" of documents in this litigation. *Freeman*, 2024 WL 5054913, at *2.

## CONCLUSION

For the foregoing reasons, the Court should enter an order permitting the Wayfarer Parties to serve Ms. Ferrer by a combination of nail and mail service, email, telephone and by service upon her counsel for the pendency of this action.

Dated: August 12, 2025

LINER FREEDMAN TAITELMAN + COOLEY, LLP
Bryan J. Freedman (pro hac vice)
Ellyn S. Garofalo (pro hac vice)
Miles M. Cooley (pro hac vice)
Theresa M Troupson (pro hac vice)
Summer Benson (pro hac vice)
Jason Sunshine
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
egarofalo@lftcllp.com
mcooley@lftcllp.com
ttroupson@lftcllp.com
sbenson@lftcllp.com
jsunshine@lftcllp.com

Mitra Ahouraian (pro hac vice)
2029 Century Park East 4th Floor
Los Angeles, CA 90067
(310) 376-7878
Email: mitra@ahouraianlaw.com

Respectfully submitted,

/s/ *Kevin A. Fritz*

MEISTER SEELIG & FEIN PLLC
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
kaf@msf-law.com

*Attorneys for the Wayfarer Parties*