AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| Blake Lively, et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:24-cv-10049-LJL |
| Wayfarer Studios LLC, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Isabela Ferrer

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Liner Freedman Taitelman + Cooley LLP<br>1801 Century Park West, 5th Floor<br>Los Angeles, CA 90067 | Date and Time:<br>07/14/2025 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/03/2025

              *CLERK OF COURT*
                                            OR           /s/ Ellyn S. Garofalo
    _____                        _____
    Signature of Clerk or Deputy Clerk                  Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Defendant Wayfarer Studios LLC                              , who issues or requests this subpoena, are:

Ellyn S. Garofalo, Liner Freedman Taitelman + Cooley, LLP, 1801 Century Park West, 5th Floor, Los Angeles, CA 90067; (310) 201-0005; egarofalo@lftcllp.com

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:24-cv-10049-LJL

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:24-cv-10049-LJL    Document 618-1    Filed 08/12/25    Page 3 of 9

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT "A"

# DEFINITIONS

Unless specifically indicated, or otherwise required by the context in which the terms and names are used, the following definitions and instructions apply:

1. The full text of the definitions and rules of construction set forth in Local Civil Rule 26.3 is incorporated by reference hereinto.

2. "Action" means *Lively v. Wayfarer Studios LLC et al*, 1:24-cv-10049-LJL (S.D.N.Y.)

3. "Baldoni" means Justin Baldoni.

4. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), including, but not limited to, telephone calls, text messages, in-person conversations, emails, or otherwise, and, for avoidance of doubt, shall include group communications that may include third parties not named in or encompassed by the Request.

5. "Document" means any documents or electronically stored information—including but not limited to communications (as defined below) and any writing, drawing, graph, chart, photograph, sound recording, video or audio-video recording, image, or other data or data compilation—stored in any medium (including email, text messages, or chats) from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

6. "Film" shall mean *It Ends With Us*.

7. "Heath" shall mean Jamey Heath.

8. "Lively" means Blake Lively and her agents, representatives, employees, attorneys, and public relations and media consultants or advisors.

1

434181.2

9. "Person(s)" means any natural person, corporation, partnership, limited partnership, association, group, organization or entity, any federal, state, local or foreign government or any governmental, administrative or regulatory agency, office, bureau, department or body, and shall include the present and former officers, executives, partners, any other Person acting or purporting to act on behalf of any of them, and any of their present or former parent corporations, subsidiaries, affiliates, divisions, predecessors and successors in interest.

10. "Relating To" shall be interpreted broadly and includes, but is not limited to, the following meanings: containing, constituting, recording, discussing, mentioning, noting, evidencing, memorializing, analyzing, describing, commenting upon, pertaining to, concerning and/or referring to the matters set forth.

11. "Wayfarer" means Wayfarer Studios LLC and its past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates.

12. "Wayfarer Defendant" shall mean, individually and collectively, to Wayfarer, It Ends With Us Movie LLC, Baldoni, Heath, Steve Sarowitz, Melissa Nathan, The Agency Group PR LLC, Jennifer Abel, Jed Wallace, and Street Relations, Inc.

13. The terms "You" or "Your" shall mean Isabela Ferrer or anyone else acting or purporting to act on her behalf, including but not limited to any talent or other agents, representatives, managers, employees, attorneys, and public relations and media consultants or advisors.

## INSTRUCTIONS

1. Each document produced shall be segregated according to the numbered request to which it is responsive or shall be designated in some other manner sufficient to identify to which request it is responsive or shall be produced as it is kept in the usual course of business.

2. If any document to be produced has been lost, discarded, transferred to another person or entity, destroyed, or otherwise disposed of, state in writing:

    a. the date, name, and subject matter of the document;

    b. the name, address, employment, and title of each person who prepared, received, reviewed, or had custody, possession, or control of the document;

    c. all persons with knowledge of the contents or any portion of the contents of the document;

    d. the previous location of the document;

    e. the date of disposal or transfer of the document;

    f. the reason for disposal or transfer of the document;

    g. the manner of disposal of the document; and

    h. the names and addresses of the transferee of the document, if applicable.

3. If any request is objected to or documents or things responsive to any request are withheld under a claim of privilege or otherwise, with respect to each such request, You shall, in the response or objection, identify the nature of the privilege (including work product) which is being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state law, set forth the state privilege rule being invoked. When any privilege is claimed, You shall indicate whether any such documents exist as to the information requested.

4. If any document or thing responsive to this request is confidential, it shall only be marked so in accordance with the Protective Order in the Action, entered March 13, 2025 (Dkt. No. 74). Any improper designations may be challenged before the Court.

5. These requests are deemed to be continuing in nature, and You are under an obligation to supplement or amend Your responses promptly upon learning of additional information or information that renders Your existing responses inaccurate or incomplete.

434181.2

6.     Unless otherwise specified, the below requests apply to the period between January 1, 2023 and the present.

## PRODUCTION OF ESI

1.     Format: ESI should be produced in load-ready standard format, including single-page, TIFF Group IV, 300 DPI TIFF images with the exception of spreadsheet and presentation type files, audio and video files, and Documents with tracked changes reflected in the metadata, which should be produced in native format.  If an original Document contains color, the Document should be produced as single-page, 300 DPI JPG images with JPG compression and a high-quality setting so as to not degrade the original image. Parties are under no obligation to enhance an image beyond how it was kept in the usual course of business. TIFFs/JPGs should show any and all text and images that would be visible to the reader using the native software that created the Document. For example, TIFFs/JPGs of sent email messages should include the BCC line.

2.     Format – Native Files: Spreadsheets (*e.g.*, Excel, Lotus, Google Sheets, CSV) and Media files (*e.g.*, .WAV, .MP3, .MP4, .MOV, .WMV, .MPEG), shall be produced in Native Format, except where such files are redacted.  For Google Documents, production of an export in a comparable format will constitute native production (*e.g.*, Google Sheets Document exported in Microsoft Excel format).  A TIFF placeholder endorsed with the corresponding Bates number and confidentiality designation (if any) shall be produced for all ESI produced in Native Format.

3.     Word Documents and PowerPoint Documents shall be produced in both native and TIFF format, with track changes and speaker notes imaged.

4.     Metadata: Metadata produced will include the following fields of information, to the extent such information exists and can be readily provided through reasonable efforts: BegBates, EndBates, AttachRange, BegAttach, EndAttach, ParentID, ChildID(s), AllCustodian, FilePath, Subject, From, To, CC, BCC, DateSent, TimeSent, DateReceived, TimeReceived,

434181.2

FileType (*e.g.*, Email, Attachment, Loose File, Hard Copy), FileName, Author, DateCreated, DateModified, MD5 Hash (or SHA-1, whichever is used for deduplication), File Size, FileExtension, DocLink, and TextPath.

5. Message Metadata: In addition to the fields listed in the prior paragraph, Metadata for text and chat messages produced will include the following fields of information, to the extent such information exists and can be readily provided through reasonable efforts: Message Thread ID, Message Participants, Message From, Message To, Message DateTime Sent, Message Application Name (*e.g.*, Signal, WhatsApp, etc.)., Message Deleted, Message Deleted on, Message Deleted By, Message Edited, Message Edited On, Message Edited By.

6. Attachments: If any part of an email or its attachments is responsive, the entire email and attachments should be produced, except any information to be redacted on the basis of privilege. The attachments should be produced sequentially after the parent email.

7. Compressed File Types: Compressed file types (*e.g.*, .ZIP, .RAR, .CAB,.Z) should be decompressed so that the lowest level Document or file is extracted.

## REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Documents Relating To any discriminatory, harassing, retaliatory, inappropriate or unwelcome action, conduct, or statement made during the production, editing, or promotion of the Film.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents Relating To any complaint, grievance, or report (whether formal or informal, oral or written) of harassment, discrimination, retaliation, workplace misconduct, or any other inappropriate conduct or statements made to any Person during the production, editing, or promotion of the Film.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents Relating To any intimate scenes in the Film.

**REQUEST FOR PRODUCTION NO. 4:**

All Communications between You and Lively Relating To (a) the Film, (b) any Wayfarer Defendant, or (c) the Action.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents produced in connection with any subpoena in the Action.

**REQUEST FOR PRODUCTION NO. 6:**

All Communications Relating To Baldoni.

**REQUEST FOR PRODUCTION NO. 7:**

All Communications Relating To Heath.

434181.2