# WILLKIE FARR & GALLAGHER LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

August 13, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1620
New York, NY 10007

Re:   *Lively v. Wayfarer Studios LLC, et al.*, No. 1:24-cv-10049-LJL

Dear Judge Liman:

     Plaintiff Blake Lively respectfully submits this response in opposition to the letter-motion filed by the Wayfarer Parties (Dkt. No. 621) seeking an extension of time to August 15, 2025, in which to respond to Ms. Lively's letter-motions to compel production of documents withheld on privilege grounds by Katherine Case and Breanna Butler Koslow (Dkt Nos. 585 and 586). The Wayfarer Parties have advanced no good cause for an extension, which they requested for the first time just before 8:00 p.m. Eastern Time on the last day for responses to Ms. Lively's letter-motions under the Court's Individual Rules and Practices. Moreover, the rationale the Wayfarer Parties have offered—that they have not had an "adequate opportunity to review the materials in question" (Dkt. No. 621, at 1)—is flatly contradicted by the record. Ms. Lively made the Wayfarer Parties aware that Ms. Case and Ms. Koslow's productions included potentially privileged material nearly four weeks ago, on July 17, 2025. (Dkt. No. 587, Roeser Decl. ¶ 3.) The Wayfarer Parties later informed counsel for Ms. Lively that they would adopt the Case and Koslow privilege logs. (*Id.* ¶ 4-11.) The Wayfarer Parties have had ample time to review the disputed materials, consult with counsel for Ms. Case and Ms. Koslow to the extent necessary, and carry their burden to substantiate any privilege claim they may hold. The requested extension should be denied, and the Court should evaluate whether the Wayfarer Parties have satisfied their burden to substantiate their privilege assertions on the existing record. For the reasons explained in Ms. Lively's letter-motions, they have not satisfied that burden.

     As set forth in the Declaration of Stephanie Roeser, Dkt. No. 587, the materials in dispute were the subject of an allegedly inadvertent production by Ms. Case and Ms. Koslow on July 16, 2025. (Dkt. No. 587, Roeser Decl. ¶ 3.) Before reviewing the production, counsel for Ms. Lively transmitted that production to the Wayfarer Parties on July 17, 2025, including the documents currently subject to a privilege assertion (that is, all of the documents that had supposedly been inadvertently produced, and any others that Ms. Case and Ms. Koslow may be withholding on privilege grounds). (Dkt. No. 587-3, at 5.) After noting that the production included communications with certain of the Wayfarer Parties' counsel and stopping review, counsel for Ms. Lively notified counsel for the Wayfarer Parties. *Id.* Ms. Lively's counsel deleted the initial production from their own document review platform and no longer

possess any of the documents subject to the letter-motions. While it is not clear whether the Wayfarer Parties retained any of the initial, "inadvertent" production, it is beyond dispute that they have been aware of the possibility that their counsel's communications were implicated by Ms. Case and Ms. Koslow's productions since July 17 at the latest. Further, the Wayfarer Parties' counsel indicated that they had conferred with counsel for Ms. Case and Ms. Koslow about this issue no later than July 18, and later stated that they would adopt the Case and Koslow privilege logs with respect to Ms. Case and Ms. Koslow's productions. (Dkt. No. 587, Roeser Decl. ¶¶ 4-11.)

Counsel for the Wayfarer Parties did not confer with counsel for Ms. Lively prior to making the present request for an extension, or file that request until nearly 8:00 p.m. Eastern Time on the opposition deadline under the Court's Individual Rules and Practices. (Notably, because Ms. Lively filed her letter-motions on a Friday, all parties have had the maximum possible amount of time to respond to discovery-related letter-motions under those Rules: four calendar days, including the two business days specified under the Rules and two weekend days.

Ms. Case and Ms. Koslow *did* respond within that deadline, and their response strengthens the basis to deny the Wayfarer Parties' extension request. Although Ms. Case and Ms. Koslow do not dispute that, in their counsel's conferrals with Ms. Lively's counsel, they maintained that their privilege logs were adequate to permit Ms. Lively to assess the privilege assertions under *Rekor Systems, Inc. v. Loughlin*, 2021 WL 5450366 (S.D.N.Y. Nov. 22, 2021), (Dkt. No. 587, Roeser Decl. ¶ 9), they now appear to recognize that the privilege logs do not actually *justify* the privilege assertions and plan to "provide an expanded privilege log in the coming days," and to "confer with" the Wayfarer Parties as they "finalize [their] revised privilege log." Dkt. No. 622, at 1 & n.1. But it is the party claiming privilege, not the party disputing it, that bears the burden to show that a privilege applies. Dkt. No. 586, at 1. The record demonstrates that Ms. Lively repeatedly requested the Wayfarer Parties' position on these privilege issues, including in the form of a privilege log, *weeks* ago, and that the Wayfarer Parties' response was to adopt the very privilege logs that Ms. Case and Ms. Koslow now appear to concede do not support their privilege assertions. *See* Dkt. No. 587-3, at 3; Dkt. No. 587-7, at 2. Any inadequacies in Ms. Case and Ms. Koslow's existing privilege logs are a further reason to conclude that Ms. Case, Ms. Koslow, and the Wayfarer Parties have failed to carry their burden to substantiate these privilege assertions—not a reason to excuse those parties' delay in asserting any privilege, either through an extension of briefing or an "expanded" or "revised" log. *See, e.g.*, *Micillo v. Liddle & Robinson LLP*, No. 15-CV-6141 (JMF), 2016 WL 2997507, at *3 (S.D.N.Y. May 23, 2016).

Indeed, on this record, the Court can and should find that any attempts to substantiate these privilege assertions beyond those contained in Ms. Case and Ms. Koslow's initial privilege logs have been waived through Ms. Case, Ms. Koslow, and the Wayfarer Parties' failure to timely assert such privileges in adequate logs, and through the Wayfarer Parties' apparent failure to timely review the disputed materials weeks after being put on notice of the prospect of privilege issues). *See, e.g.*, *Micillo*, 2016 WL 2997507, at *3. However, should the Court grant the Wayfarer Parties' requested extension, Ms. Lively respectfully requests that the Court set a deadline of August 20, 2025, for Ms. Lively to file reply letter-briefs in support of her letter-motions to compel relating to Ms. Case and Ms. Koslow's

productions, respectively.[1] Ms. Lively reserves the right to argue further that the Wayfarer Parties have waived any claim of privilege relating to the disputed materials, and otherwise failed to carry their burden to substantiate any privilege assertion, including because of their delay in raising such arguments or otherwise articulating a basis for the privilege assertions in a timely fashion.

Finally, for the Court's awareness, Ms. Lively notifies the Court and all parties that earlier tonight, The Skyline Agency LLC and Roza Kalantari (who are also represented by counsel for the Wayfarer Parties) withdrew their opposition to the motion to transfer Ms. Lively's motion to compel regarding those parties' privilege assertions, and consented to transfer of that motion back to this Court pursuant to Federal Rule of Civil Procedure 45(f). *See* Notice of Consent to Transfer, *Lively v. The Skyline Agency LLC*, No. 25-mc-63 (N.D. Tex. Aug. 12, 2025), Dkt. No. 18.

Respectfully submitted,

/s/ Michael J. Gottlieb

Michael J. Gottlieb
Kristin E. Bender
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com

Aaron E. Nathan
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (admitted *pro hac vice*)
Stephanie A. Roeser (admitted *pro hac vice*)
Manatt, Phelps & Phillips LLP
2049 Century Park East, Suite 1700
Los Angeles, California 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

---

[1] In any event, Ms. Lively anticipates that she will file a reply to Ms. Case and Ms. Koslow's opposition (Dkt. No. 622) no later than August 15, 2025.

- 4 -

Matthew F. Bruno
Manatt, Phelps & Phillips, LLP
7 Times Sq
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

DUNN ISAACSON RHEE LLP
Meryl C. Governski (admitted *pro hac vice*)
401 Ninth Street, NW
Washington, DC 20004
(202) 240-2900
mgovernski@dirllp.com

*Attorneys for Blake Lively*