UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
 :
BLAKE LIVELY, :
 :
                Plaintiff, :
 : 24-cv-10049 (LJL)
  -v- :
 : MEMORANDUM AND
WAYFARER STUDIOS LLC, JUSTIN BALDONI, : ORDER
JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH :
US MOVIE LLC, MELISSA NATHAN, THE AGENCY :
GROUP PR LLC, JENNIFER ABEL, JED WALLACE, :
STREET RELATIONS INC., :
 :
                Defendants. :
 :
---------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/13/2025
```

LEWIS J. LIMAN, United States District Judge:

      This Order resolves the motions to seal, unseal, or preliminarily seal at Dkt. Nos. 519, 532, 542, 551, 597, 600, 601, 603, 605, and 606.

      The motion of Plaintiff Blake Lively ("Lively") at Dkt. No. 519 seeks preliminary sealing of portions of her Second Amended Complaint, *see* Dkt. No. 520, which contains quotations from discovery materials produced with "Confidential" designations. Such a preliminary motion is intended to give the parties who produced the materials one week to move for sealing of the documents they designated as confidential. The Court's individual practices state that "[f]ailure by the Producing Party to file a letter within one week will constitute grounds for unsealing." Individual Practices in Civil Cases, Chambers of Lewis J. Liman, Appendix A Rule 4.b. The motion was filed on July 30, 2025, and no producing parties have moved for continued sealing. The Court therefore orders Lively's Second Amended Complaint at Dkt. No. 520 unsealed.

      Lively's motion at Dkt. No. 532 seeks preliminary sealing of a letter she filed on August

1, 2025, *see* Dkt. No. 533, on the grounds that the letter refers to certain interrogatories and responses to interrogatories that the Wayfarer Parties designated confidential and "Attorney's Eyes Only." The motion was filed on August 1, 2025, and the Wayfarer Parties have not moved for continued sealing. The Court therefore orders Lively's letter at Dkt. No. 533 unsealed.

Lively's motion at Dkt. No. 542 seeks preliminary sealing of certain documents related to her motion for sanctions filed on August 4, 2025—including the memorandum of law located at Dkt. No. 544, and an attachment to the supporting declaration at Dkt. No 545-12 (Exhibit L)—on the grounds that the Wayfarer Parties designated the materials confidential. Lively filed the motion on August 4, 2025. *See* Dkt. No. 542. On August 11, 2025, the Wayfarer Parties filed a letter motion seeking continued sealing of the email addresses in Exhibit L, *see* Dkt. No. 605, and they attached a version of the exhibit with the email addresses redacted, *see* Dkt. No. 605-1. The motion to seal the email addresses in Dkt. No. 545-12 (Exhibit L) is granted. The Court will unseal Dkt. No. 544, which does not include the email addresses and which the Wayfarer Parties have not moved to seal.

Lively's motion at Dkt. No. 551 seeks preliminary sealing of her memorandum of law in support of her Omnibus Motion to Compel, *see* Dkt. No. 553, and certain exhibits attached to the supporting declaration at Dkt. No. 554 (*see* Dkt. Nos. 554-3 through 7, 554-8, 554-13 through 24, and 554-28 through 63) on the grounds that the Wayfarer Parties or third parties designated these materials confidential or Attorney's Eyes Only. Lively filed the motion on August 4, 2025. *See* Dkt. No. 551. On August 11, 2025, several parties and nonparties moved for continued sealing of various exhibits, although none moved for continued sealing of Lively's memorandum of law in support of her Motion to Compel, so the Court orders Dkt. No. 553 unsealed.

The motions primarily seek continued sealing of personally identifying information

("PII") including personal phone numbers and email addresses and banking routing and account numbers. *See* Dkt. Nos. 597, 600, 603, 606. The motions are granted to the extent they seek continued limited sealing of the phone numbers, email addresses, and banking routing and account numbers in the exhibits to Dkt. No. 554. Lively is directed to publicly refile all exhibits to Dkt. No. 554 containing PII with narrow redactions removing that personal information.

Two of the motions seek additional forms of continued sealing related to Lively's Omnibus Motion to Compel. Nonparty Paylocity Corporation ("Paylocity") has moved for continued sealing of Dkt. Nos. 554-33 and 554-34 (Exhibits 32 and 33) on the grounds that the documents—emails from the Paylocity email account of Defendant Steve Sarowitz ("Sarowitz")—are not discussed in Lively's Motion to Compel and instead are used simply as part of a "see e.g." citation to show that Sarowitz's Paylocity email account received communications regarding the film. *See* Dkt. No. 603. Paylocity argues that the emails are not only personal in nature but would serve no public interest if filed publicly. *Id.* The Wayfarer Parties join in the request for continued sealing of Dkt. No. 554-34 (Exhibit 33), citing the additional grounds that the exhibit contains "nondisclosed business plans, product development information, client relationships, and/or communications regarding business affairs." Dkt. No. 606. The Wayfarer Parties also seek sealing of Dkt. No. 554-35 (Exhibit 34) on those same grounds. *Id.* The Court grants the motions to seal Dkt. Nos. 554-34 and 554-35 (Exhibits 33 and 34), finding that the parties' privacy interests relating to undisclosed business plans, affairs, and relationships outweigh any presumption of public access. At the same time, the Court denies Paylocity's motion to seal Dkt. No. 554-33 (Exhibit 32) in its entirety, as the same privacy interests regarding business affairs are not implicated, and the information contained in the exhibit is not particularly personal in nature. The document at Dkt. No. 554-33 should be

3

publicly filed by Lively with personal email addresses and phone numbers only redacted from the exhibit.

The Wayfarer Parties further move for continued sealing of Dkt. No. 554-37 (Exhibit 36), arguing that it "contains information of a personal or intimate nature regarding an individual, including the nature of personal relationships." *See* Dkt. No. 606. The motion is granted principally for the reasons stated by the Wayfarer Parties, although the Court reiterates that Lively's memorandum of law at Dkt. No. 553, which includes limited quotations from Exhibit 36, is to be unsealed. "For non-dispositive motions . . . 'the reasons [for sealing] usually need not be as compelling as those required to seal summary judgment filings,' trial evidence, or pleadings." *Giuffre v. Maxwell*, 2025 WL 2055148, at *8 (2d Cir. July 23, 2025) (citation omitted); *see also Doe v. City of New York*, 2019 WL 4392533, at *1 (S.D.N.Y. Sept. 13, 2019) (Nathan, J.) ("[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." (citation omitted)).

Finally, Lively moves to unseal Dkt. Nos. 554-48, 554-49, and 554-50 (Exhibits 47–49), citing third-party witness Alex Saks's consent to unsealing. *See* Dkt. No. 601. The Court grants the motion to unseal but again directs, consistent with the discussion above, that PII in the form of personal phone numbers and email addresses be redacted.

The Clerk of Court is respectfully directed to close Dkt. Nos. 519, 532, 542, 551, 597, 600, 601, 603, 605, and 606.

SO ORDERED.

Dated: August 13, 2025
New York, New York

_____
LEWIS J. LIMAN
United States District Judge