August 11, 2025

## DIFFERENT REQUEST FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S CROSS-MOTION TO COMPEL

## *AND* REQUEST TO PAUSE PROCEEDINGS PENDING NEVADA RULING

Most Esteemed Judge Liman,

I - Mario Armando Lavandeira, Jr., known professionally as Perez Hilton - write as a nonparty in Lively v. Wayfarer Studios LLC (1:24-cv-10049) in response to the Court's August 11, 2025 Order (Dkt. No. 589), which clarifies that the Court has not yet determined whether it has jurisdiction over me or authority to compel compliance with Plaintiff Blake Lively's subpoena.

I respectfully request a short extension of time and a pause in proceedings on Plaintiff's cross-motion to compel (Dkt. No. 566), until the United States District Court for the District of Nevada rules on my pending motion to quash the same subpoena. That motion was filed on July 28, 2025, in the court of compliance - pursuant to Rule 45, and it remains under consideration.

**Reasons for the Requests:**

1. **Proper Venue Under Rule 45** – Federal Rule of Civil Procedure 45(d)(3) provides that a motion to quash or modify "must be filed in the court for the district where compliance is required." The subpoena at issue lists Las Vegas, Nevada, as the place of compliance, and I reside and work there. Courts have repeatedly recognized that *only* the compliance court has authority to enforce or quash a subpoena in the first instance, absent a transfer under Rule 45(f). See, e.g., Agincourt Gaming, LLC v. Zynga, Inc., No. 2:14-cv-0708-RFB-NJK, 2014 WL 4079555, at *4 (D. Nev. Aug. 15, 2014) ("The compliance court is the proper forum to resolve subpoena-related disputes."); Raap v. Brier & Thorn, Inc., No. 19-mc-0015, 2019 WL 13178678, at *1 (D. Colo. July 16, 2019).

2. **Avoiding Conflicting Rulings and Promoting Judicial Economy** – Pausing here until Nevada rules will prevent the possibility of two federal courts issuing inconsistent orders on the same subpoena. Federal courts favor coordination between districts to promote "judicial economy and avoid the risk of inconsistent judgments." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). Federal Rule of Civil Procedure 45(f) and its Advisory Committee Notes emphasize that transfer and coordination between courts is intended to "avoid burdens on local nonparties subject to subpoenas" and to promote consistent rulings. See Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment ("Transfer is sometimes warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts.").

**This coordination concern is especially relevant here because the U.S. District Court for the District of Nevada - where the subpoena's place of compliance lies - has already ordered Plaintiff to respond to my motion to quash by today, Monday, August 11, 2025.** That deadline is two days before my response to Plaintiff's cross-motion is due in this Court on August 13. As a result, it is highly likely that the Nevada court will complete briefing, and potentially issue a ruling, before this Court would rule on the cross-motion here. Allowing Nevada to proceed first would ensure efficiency, conserve resources, and avoid unnecessary duplication or inconsistent outcomes. If Nevada resolves the matter, further proceedings here may be unnecessary.

3. No Prejudice to Plaintiff – Plaintiff has already indicated an intent to respond in Nevada. Any necessary proceedings in this Court can resume promptly if Nevada declines jurisdiction or transfers the matter under Rule 45(f).

This request is not intended to delay for delay's sake. I will respond in this Court immediately if the Nevada court determines it will not decide the motion to quash or transfers the matter to SDNY.

For these reasons, I respectfully ask the Court to extend my August 13, 2025 response deadline and pause further briefing on Plaintiff's cross-motion to compel until the Nevada proceedings have concluded.

I appreciate your Honor's guidance, thoughtful approach and kindness when responding to me and ruling - as I represent myself without a lawyer, pro se.

Thank you for your consideration.

Respectfully and humbly submitted,

/s/ Mario Armando Lavandeira, Jr.

Mario Armando Lavandeira, Jr.

aka Perez Hilton