**LINER FREEDMAN TAITELMAN + COOLEY, LLP**
ATTORNEYS AT LAW

**1801 CENTURY PARK WEST, 5TH FLOOR**
**LOS ANGELES, CALIFORNIA  90067-6007**
TEL: (310) 201-0005
FAX: (310) 201-0045
E-MAIL:  egarofalo@lftcllp.com

ELLYN S. GAROFALO

August 13, 2025

<u>Via ECF</u>
Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

Re:    *Blake Lively v. Wayfarer Studios LLC, et al.*, Case No. 1:24-cv-10049-LJL

Dear Judge Liman:

As counsel for Wayfarer Studios LLC ("Wayfarer Studios"), It Ends With Us Movie LLC, Justin Baldoni, Jamey Heath and Steve Sarowitz (the "Wayfarer Parties"), we move to quash Blake Lively's subpoena to Harco Insurance Company ("Harco").  Declaration of Ellyn Garofalo, ¶ 2 & Exh. A (the "Harco Subpoena").  Prior to making this motion, counsel for the Wayfarer Parties met and conferred with Lively's counsel in good faith about the Harco Subpoena but were unable to resolve the dispute.

Harco issued an insurance policy to Wayfarer Studios, which was produced by Wayfarer Studios in response to Lively's request for production asking for "All applicable insurance agreements under which any insurer may be liable to satisfy all or any part of any judgment which may be entered in this action or to indemnity or reimburse payments made to satisfy all or part of any judgment."  Garofalo Decl. ¶ 3 & Exh. B (*see* Request for Production No. 29).

Among other things, the Harco Subpoena seeks correspondence with the insurance carrier and the Wayfarer Parties, the application for insurance (which includes highly confidential financial information that is irrelevant to this lawsuit), and documents and information about a declaratory relief action relating to insurance coverage filed by Harco against the Wayfarer Parties (*Harco Nat'l Ins. Co. v. Wayfarer Studios LLC et al.*, No. 1:25-cv-05949 (SDNY July, 21, 2025)).  The Harco Subpoena contains the following five Requests for Production ("RFP"):

> RFP 1: "All Documents and Communications between Harco, on the one hand, and Wayfarer, IEWU LLC, Baldoni, Health or Sarowitz, on the other hand, regarding the Policies."
>
> RFP 2: "All Documents and Communications concerning the Wayfarer Claim."
>
> RFP 3: "All Documents and Communications concerning Harco's decision to deny the Wayfarer Claim."

443986.1

Hon. Lewis J. Liman
August 13, 2025
Page 2

> RFP 4: "All Documents and Communications concerning the Harco Action."
>
> RFP 5: "All Documents referenced in the Harco Complaint, including but not limited to, the exhibits referenced therein."

Lively did not propound these RFPs on the Wayfarer Parties and the deadline for discovery and motions to compel further document requests to parties has passed.

The information requested in the Harco Subpoena is not relevant or otherwise discoverable. In general, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). The party seeking discovery bears the burden of demonstrating its relevance. *Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 363 (S.D.N.Y. 2010). Upon a showing of relevance, the responding party bears the burden to justify curtailing or limiting the discovery. *Id*

Although not otherwise relevant under Rule 26(b)(1), Rule 26(a)(1)(A)(iv) states that a party must provide "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Such disclosure enables counsel "to make the same realistic appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation." Fed. R. Civ. P. 26(b)(2) (advisory committee's note to 1970 Amendment). Insurance information is "needed in most cases to prepare for trial or make an informed decision about settlement." Fed. R. Civ. P. 26(a) (advisory committee's note to 1993 Amendment).

Courts consistently deny requests for any information regarding insurance (in a case that does not involve a dispute over insurance coverage) beyond the policies themselves either because Rule 26(a)(1)(A)(iv) does not require it or because such discovery is not relevant within the meaning of Rule 26. *See, e.g.*, *Gonzalez v. HOSOPO Corp.*, No. 18-CV-10072-FDS, 2020 WL 6134672, at *2 (D. Mass. July 24, 2020) (denying request for all communications relating to the policies because Rule 26(a)(1)(A)(iv) does not require it and because such discovery is not relevant within the meaning of Rule 26); *Sea Salt, LLC v. Bellerose*, No. 2:18-CV-00413-JAW, 2020 WL 5032466, at *2 (D. Me. Aug. 25, 2020) (reservation of rights letter not relevant, denying motion to compel); *U.S. Fire Ins. Co. v. City of Warren*, No. 2:10-CV-13128, 2012 WL 1454008, at *10 (E.D. Mich. Apr. 26, 2012) (while the policies themselves are discoverable "all other documents relating to reinsurance are irrelevant and not discoverable."); *Excelsior Coll. v. Frye*, 233 F.R.D. 583, 585 (S.D. Cal. 2006) (declining to extend disclosure required by Rule 26(a)(1)(A)(iv) beyond disclosure of insurance agreement itself); *Native American Arts, Inc. v. Bundy-Howard, Inc., et al.*, No. 01-C-1618, 2003 WL 1524649, at *2 (N.D. Ill. March 20, 2003) (holding that plaintiff was "entitled to nothing more than the disclosure of the insurance policies themselves"); *S. Rehab. Network v. Sharpe*, No. 5:99CV353-BR, 2000 WL 33682699 (E.D.N.C. Jan. 14, 2000) (denying plaintiff's motion to compel production of correspondence between insurer and insured possibly containing information related to the conditions and the amount of coverage where plaintiff had been previously provided with the policy itself).

During the parties' meet and confer discussion, Lively articulated only one argument as to why the documents were relevant. Lively's counsel suggests the Harco Subpoena is relevant to prove when

443986.1

Hon. Lewis J. Liman
August 13, 2025
Page 3

the Wayfarer Parties were put on notice of a potential legal claim against them, which they contend was in November of 2023 when Lively sent the Wayfarer Studios LLC counsel a document entitled "Protections for Return from Production." Dkt. 84, ¶ 146. But the Wayfarer Parties' "notice" of Lively's claims is not relevant to any party's "claim or defense." Fed. R. Civ. Proc. 26(b)(1). Nor are the documents requested in the Harco Subpoena relevant to any claim or defense in the litigation.

Accordingly, for the reasons set forth above, the Wayfarer Parties' motion to quash the Harco Subpoena must be granted.

Respectfully submitted,

/s/     Ellyn S. Garofalo
LINER FREEDMAN TAITELMAN + COOLEY, LLP
Bryan J. Freedman*
Ellyn S. Garofalo*
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
        egarofalo@lftcllp.com
        *Admitted *Pro Hac Vice*

cc: all counsel of record (via ECF)

443986.1