# EXHIBIT "B"

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| BLAKE LIVELY,<br><br>     Plaintiff,<br><br>   -v-<br><br>WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, THE AGENCY GROUP PR LLC, and JENNIFER ABEL,<br><br>     Defendants. | Case No. 1:24-cv-10049-LJL<br>(consolidated with 1:25-cv-00449-LJL)<br><br><br>**PLAINTIFF BLAKE LIVELY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WAYFARER STUDIOS LLC** |
| WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, JENNIFER ABEL, and STEVE SAROWITZ,<br><br>     Plaintiffs,<br><br>   -v-<br><br>BLAKE LIVELY, RYAN REYNOLDS, LESLIE SLOANE, VISION PR, INC., and THE NEW YORK TIMES COMPANY.<br><br>     Defendants. |  |

CONFIDENTIAL

Pursuant to Federal Rule of Civil Procedures 26 and 34, Plaintiff Blake Lively ("Ms. Lively" or "Plaintiff") hereby serves the following First Set of Requests of Production of Documents ("Requests") and requests that Defendant Wayfarer Studios LLC, within thirty (30) days of the date hereof, provide a written response hereto and produce at the offices of Manatt, Phelps & Phillips, LLP, 2049 Century Park East, Suite 1700, Los Angeles, California 90067, all documents, electronically stored information, and other tangible things described below for inspection and copying.

In responding to these requests, the following definitions and instructions shall apply.

## **DEFINITIONS**

1.      The Uniform Definitions in Discovery Requests that are set forth in Local Civil Rule 26.3 are hereby incorporated by reference.

2.      "Actions" means and collectively refers to the following cases entitled (a) *Lively v. Wayfarer Studios LLC et al.*, U.S. District Court for the Southern District of New York (Case No. 1:24-cv-10049-LJL); (b) *Wayfarer Studios LLC et al. v. Lively et al.*, U.S. District Court for the Southern District of New York (Case No. 1:25-cv-00449-LJL); (c) *Wayfarer Studios LLC et al. v. The New York Times Company*, Superior Court of California, County of Los Angeles (Case No. 24STCV34662); (d) *Jones v. Jennifer Abel et al.*, United States District Court for the Southern District of New York (NYS Case No. 659849/2024; SDNY Case No. 1:25-cv-00779); and/or (e) *Jed Wallace et al. v. Lively*, United States District Court for the Western District of Texas (Case No. 25-163-DAE).

3.      "Agreement" means any contract, arrangement, or understanding, formal or informal, oral or written.

4.     "Affiliate" means any and all entities that are wholly owned and/or controlled (directly or indirectly) by, or under common control by an identified individual or entity, including any corporate parent, subsidiaries, or affiliates, and each of their respective officers, directors, employees, or partners.

5.     The terms "all," "any," and "each" shall each be construed as encompassing any and all. *See* Local Civil Rule 26.3.

6.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope. *See* Local Civil Rule 26.3.

7.     "Abel" refers to Jennifer Abel, who is a party to the Action.

8.     "Baldoni" refers to Justin Baldoni, who currently serves as the co-founder and co-chairman of Wayfarer Studios LLC and is a party to the Action.

9.     "Bryan Freedman" refers to counsel for the Wayfarer Defendants in the Action, as well as his past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates.

10.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise). *See* Local Civil Rule 26.3.

11.     The "CRD Complaint" means the operative administrative complaint filed by Blake Lively with the California Civil Rights Department on December 20, 2024.

12.     "Concerning" means relating to, referring to, describing, evidencing, or constituting. *See* Local Civil Rule 26.3.

13.     "Digital Campaign" refers to efforts of the Wayfarer Defendants and/or any affiliates, employees, associates, or subcontractors to communicate information regarding Blake

CONFIDENTIAL

Lively, Ryan Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, the Wayfarer Defendants, the Film, or the Actions on any Social Media, news outlet, or other internet platform and/or to seed, influence, manipulate, boost, amplify, or engage with social media algorithms, narrative or virality, as well as the use of bots or inauthentic accounts, as described in the Complaint.

14. "Document" or "Documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term. *See* Local Civil Rule 26.3.

15. The "Film" means the movie "It Ends with Us," co-starring Blake Lively and Justin Baldoni, as described in the Lively Complaint.

16. "Heath" refers to Jamey Heath who currently serves as the CEO of Wayfarer Studios LLC and is a party to the Action.

17. "IEWU LLC" shall refer to Defendant It Ends With Us Movie LLC, which is a party to this Action, as well as its past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates.

18. "Including" means "including, but not limited to," or "including, without limitation," and should not be construed as limiting any request.

19. "Jonesworks" shall refer to the entity Joneworks LLC, as well as its past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates, including, without limitation, Stephanie Jones.

20. "Jonesworks Complaint" means the operative complaint filed by Stephanie Jones and Jonesworks LLC in *Jones v. Jennifer Abel et al.* and removed to the United States District

Court for the Southern District of New York (NYS Case No. 659849/2024; SDNY Case No. 1:25-cv-00779), Dkt. No. 1, and any amended complaints filed by Stephanie Jones and/or Jonesworks LLC in the proceeding.

21.    "Liner Freedman Taitelman + Cooley" refers to the law firm serving as counsel for the Wayfarer Defendants in the Action as well as its past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates.

22.    "Lively Complaint" shall refer to the Complaint, Dkt. No. 1, the First Amended Complaint, Dkt. No. 84, and any amended complaints filed by Blake Lively in *Lively v. Wayfarer Studios LLC et al.*, 1:24-cv-10049-LJL, as consolidated.

23.    "Lively/Reynolds Companies" shall refer to Ms. Lively and Mr. Reynolds's affiliated entities, including but not limited to Betty Buzz LLC, Blake Brown, Aviation Gin, Mint Mobile, and Maximum Effort Productions, individually and collectively, and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates.

24.    "Marketing Plan" shall refer to any efforts to market or promote the Film, including, but not limited to, any advertising, promotional, publicity or marketing materials (such as, without limitation, themes, market testing, research, summaries, talking points, trailers or teasers, posters, social media posts, and screen, radio, digital or television advertising), as described in the Complaint.

25.    "Ms. Lively" shall refer to Blake Lively, who is a party to this Action.

26.    "Mr. Reynolds" shall refer to Ryan Reynolds, who is a party to this Action.

27.    "Nathan" shall refer to Melissa Nathan, who is a party to the Action.

28.    The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors,

CONFIDENTIAL

employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation. *See* Local Civil Rule 26.3.

29.    "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or associate. *See* Local Civil Rule 26.3.

30.    "Protections for Return to Production Agreement" means the contract executed in November 2023 concerning appropriate behavior during filming and production of the Film, as described in the Complaint.

31.    "Relating to" or "Relate to" means, without limitation, assessing, comprising, constituting, concerning, referring to, containing, describing, discussing, embodying, evidencing, identifying, pertaining to, reflecting, stating, supporting, or tending to support or refute, or referring in any other way, directly or indirectly, in whole or in part, to the subject matter specified.

32.    "Sarowitz" shall refer to Steve Sarowitz, who is a party to the Action.

33.    "Social Media" means any digital platform, forum, website, application, online service, or other platform on which persons can create, transmit, share, communicate, exchange content, or comment upon any information, ideas, or opinions, or otherwise engage in social networking, including but not limited to:

    a.    Social Networking Platforms – Facebook, Instagram, Twitter (X), LinkedIn, TikTok, Snapchat, Reddit, and similar platforms.

    b.    Content Sharing & Video Platforms – YouTube, Vimeo, Twitch, Rumble, or similar services where videos, reels, or live content can be uploaded or streamed.

CONFIDENTIAL

c.    Email, Messaging Applications & Direct Communication Platforms – Including, but not limited to, Gmail, Outlook, WhatsApp, Telegram, Signal, Discord, Slack, Facebook Messenger, Instagram DMs, Twitter DMs, or any private messaging feature within a social media platform.

d.    Blogging & Forum Sites – Medium, Substack, WordPress, 4chan, 8kun, or any other user-generated content site where written materials are published.

e.    Influencer & Review-Based Platforms – Yelp, Glassdoor, Trustpilot, Google Reviews, Patreon, or any website where reputational impact can be influenced.

f.    Advertising & Promotional Services – Paid sponsorships, influencer partnerships, promoted posts, advertisements, bots, or algorithm-driven visibility campaigns.

g.    Automated or Third-Party Content Management Tools – Hootsuite, Buffer, Sprout Social, or any platform used to schedule, automate, or track social media activity.

h.    Any Other Online Presence – Any additional websites, forums, private groups, or digital spaces where content related to Plaintiff was discussed, posted, or promoted.

i.    Without limiting the foregoing in any manner, and by way of example only, this definition includes: all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and

all metadata, timestamps, IP addresses, geolocation data, or user activity logs related to content.

34.    "Sony" shall refer to Sony Pictures Entertainment, and its past or present officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

35.    "Street Relations" shall refer to the entity Street Relations, Inc., as well as its past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates, including, without limitation, Jed Wallace.

36.    "TAG" shall refer to The Agency Group PR LLC, which is a party to the Action, and its past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates.

37.    "Vision PR Parties" refers to Defendants Leslie Sloane and Vision PR, Inc., in *Wayfarer Studios LLC et al. v. Lively et al.*, No. 1:25-cv-00449-LJL.

38.    "Wallace" shall refer to Jed Wallace, as described in the Complaint.

39.    "Wayfarer" shall refer to Defendant Wayfarer Studios LLC, and its past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates.

40.    "Wayfarer SDNY Complaint" shall refer to the Complaint, Dkt. No. 1, the First Amended Complaint, Dkt. No. 50, and any other amended complaints filed by Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, It Ends with Us Movie LLC, Melissa Nathan, and Jennifer Abel in *Wayfarer Studios LLC et al. v. Lively et al.*, No. 1:25-cv-00449-LJL, as consolidated.

41.    "Wayfarer New York Times Action" shall refer to the lawsuit entitled *Wayfarer Studios LLC et al. v. The New York Times Company*, No. 24STCV34662, filed in the Superior Court of California, County of Los Angeles.

CONFIDENTIAL

42.    "Wayfarer Defendants" shall refer, individually and collectively, to Wayfarer, Baldoni, Heath, Sarowitz, Nathan, TAG, Abel, Wallace, and Street Relations.

43.    "WME" shall refer to William Morris Endeavor Entertainment Agency, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

44.    "You," "Your," or "Yours" refers to Wayfarer Studios LLC and any of its officers, directors, employees, partners, members, corporate parent, subsidiaries, affiliates, successors, assigns, or any related entity.

## INSTRUCTIONS

1.    In responding to these Requests, You shall make a diligent search and produce all responsive Documents that are (i) in Your possession, custody, or control, or (ii) in the possession, custody, or control of any of Your agents, employees, attorneys, accountants, or other representatives or anyone acting on Your behalf, or under Your direction or control, or (iii) otherwise available to You. A Document shall be deemed within Your control if You have the right to secure the document or a copy of the Document from another Person having possession, custody, or control of the Document.

2.    Unless otherwise specified, each Request concerns the time period from December 1, 2022, through the present.

3.    In construing these Requests, You should give effect to the Definitions set forth above. Undefined words and terms shall be given their common meaning. If You are unsure of the definition of a particular term or word, use the definition that You believe to be the most accurate and state that definition in Your response.

4.    If You do not clearly understand, or have any questions about the definitions or instructions for any Request, please promptly contact counsel for Ms. Lively for clarification.

5.      These Requests should be construed as broadly as possible with all doubts resolved in favor of production. If you believe a Request is ambiguous, use the broadest reasonable interpretation as permitted under the Federal Rules of Civil Procedure and state the nature of the perceived ambiguity and the interpretation used to resolve it. The words "all," "any," "each," "and," and "or" shall be construed conjunctively or disjunctively as necessary to make the Request inclusive rather than exclusive. Except as specifically provided in these Requests, words imparting the singular shall include plural, and vice versa, where appropriate. Except as specifically provided in these Requests, words imparting the present tense shall also include the past and future tense and vice versa, where appropriate.

6.      For any hard copy production, all documents produced shall be produced as kept in the ordinary course, including identification of the applicable file folder and source. The original of each document requested shall be produced, or an identical copy of each document, imprinted with a Bates identification number. Documents attached to other documents or materials shall not be separated. Documents not otherwise responsive to these requests shall be produced if such documents are attached to documents called for by the Requests and constitute routing slips, transmittal memoranda, letters, emails, comments, evaluations, or similar materials, or mention, discuss, refer to, or explain the documents that are called for by the Requests.

7.      For any hard copy production, identical copies of a document need not be produced. Any copy of a document that varies from the original, whether by reason of handwritten or other notation or any omission, or metadata associated with a file, shall constitute a separate document and must be produced, whether or not the original of such a document is within your possession, custody, or control.

8.      If an objection is made to any portion of any Request, (a) state with specificity the objection and legal basis for such objection; (b) state whether any responsive materials are being withheld on the basis of that objection; and (c) answer all remaining portions of the Request to which an objection is not asserted.

9.      If any responsive document is withheld in whole or in part under a claim of privilege or other ground, as to each such document, identify the privilege or other ground being asserted and provide the following information in sufficient detail to permit the Court to evaluate Your claim:

a.      date, author, addressees, Persons carbon copied or blind carbon copied, including the relationship of those Persons to You or the author of the document;

b.      brief description sufficient to identify the type, subject matter, and purpose of the document;

c.      all Persons to whom the document's contents have been disclosed;

d.      the party who is asserting the privilege;

e.      the nature of the privilege, immunity or protection asserted, the Person(s);

f.      asserting the privilege, immunity or protection, and/or the specific reason why the Document is not being produced; and

g.      the same information referenced in 10(a)-(f) above for each enclosure or attachment to each listed document if the enclosure or attachment is also withheld from production.

10.      If a portion of any responsive document is withheld under a claim of privilege or other ground, any non-privileged portion of the document must be produced with the withheld

CONFIDENTIAL

portion redacted, with the redaction language indicating that the information is being withheld for privilege.

11.    If any responsive document was, but no longer is, in Your possession, custody, or control, state whether it is (a) missing or lost; (b) destroyed; (c) transferred voluntarily or involuntarily to others; or (d) otherwise disposed of; and (e) in each instance identify the contents, author(s), date prepared or received, name and address of its current or last known custodian, and the date and circumstances surrounding such disposition.

12.    To the extent that the native format for transactional or other data responsive to these Requests is not compatible with Microsoft Office products (*e.g.*, Microsoft Excel, Microsoft Word, Microsoft Access, etc.), the data shall be produced in a usable format. If You need assistance in determining what constitutes a usable format, You shall promptly contact Ms. Lively's counsel.

13.    In addition to the specific instructions below, these Requests incorporate by reference the instructions set forth in Rule 26(e) of the Federal Rules of Civil Procedure. You are required to provide, by way of supplementary responses hereto, such additional information as may be obtained by You or any Person purporting to act on Your behalf that will augment or modify Your answers now given to the following requests. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, You are required to supplement these responses and provide additional Documents or things without a specific request from Ms. Lively.

14.    Notwithstanding anything else to the contrary herein, each word, term, or phrase is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

CONFIDENTIAL

## PRODUCTION OF ESI

The exchange of electronically-stored information, documents, and hard copy documents in response to these Requests shall be exchanged pursuant to the Instructions for Discovery of Electronically-Stored Information and Hard Copy Documents ("ESI Instructions") conveyed herewith. If the parties enter into any stipulated agreement or protocol governing electronically stored information, the stipulated agreement will supersede these ESI Instructions, to the extent any provisions conflict.

## DOCUMENT REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

All Documents and Communications that support any affirmative defense You have pleaded or will plead in the Actions.

### REQUEST FOR PRODUCTION NO. 2:

If Your answer to any allegation in the Lively Complaint was or will be anything other than an unqualified admission, all Documents and Communications concerning such response.

### REQUEST FOR PRODUCTION NO. 3:

All Documents and Communications reflecting or constituting agreements, whether draft or final, between You and any Wayfarer Defendant concerning the Film, Ms. Lively, any Wayfarer Defendant, or Mr. Reynolds.

### REQUEST FOR PRODUCTION NO. 4:

All Documents and Communications concerning the Film between You and any Wayfarer Defendant, Sony, WME, Jonesworks, any media outlet of any kind, any Social Media accounts or influencers or other individuals who maintain a public online presence, or any cast or crew members of the Film, and any directors, officers, employees, agents, or contractors thereof.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications concerning Ms. Lively between You and any Wayfarer Defendant, Sony, WME, Jonesworks, any media outlet of any kind, any Social Media accounts or influencers or other individuals who maintain a public online presence, or any cast or crew members of the Film, and any directors, officers, employees, agents, or contractors thereof.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications concerning Mr. Reynolds between You and any Wayfarer Defendant, Sony, WME, Jonesworks, any media outlet of any kind, any Social Media accounts or influencers or other individuals who maintain a public online presence, or any cast or crew members of the Film, and any directors, officers, employees, agents, or contractors thereof.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications concerning the Lively/Reynolds Companies and/or the Lively/Reynolds Family between You and any Wayfarer Defendant, Sony, WME, Jonesworks, any media outlet of any kind, any Social Media accounts or influencers or other individuals who maintain a public online presence, or any cast or crew members of the Film, and any directors, officers, employees, agents, or contractors thereof.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications concerning the Digital Campaign between You and any Wayfarer Defendant, Sony, WME, Jonesworks, any media outlet of any kind, any Social Media accounts or influencers or other individuals who maintain a public online presence, or any cast or crew members of the Film, and any directors, officers, employees, agents, or contractors thereof.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications concerning the Actions between You and any Wayfarer Defendant, Sony, WME, Jonesworks, any media outlet of any kind, any Social Media accounts or influencers or other individuals who maintain a public online presence, or any cast or crew members of the Film, and any directors, officers, employees, agents, or contractors thereof.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications reflecting or constituting agreements, whether draft or final, between You and Sony concerning the Film, Ms. Lively, any Wayfarer Defendant, Mr. Reynolds, or the Actions.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications reflecting or constituting agreements, whether draft or final, between You and WME concerning the Film, Ms. Lively, any Wayfarer Defendant, or Mr. Reynolds, including as alleged in Paragraph 348, and elsewhere, in Your First Amended Complaint.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications reflecting or constituting agreements, whether draft or final, including contracts, retainer agreements, engagement letters, and promises memorialized via email or text message, between You and TAG PR.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and Communications from May 1, 2024 through the present for services provided or proposed to be provided by TAG PR.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and Communications reflecting or constituting agreements, whether draft or final, including contracts, retainer agreements, engagement letters, and promises memorialized via email or text message, between You and Abel.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents and Communications from May 1, 2024 through the present services provided or proposed to be provided by Abel.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Communications reflecting or constituting agreements, whether draft or final, including contracts, retainer agreements, engagement letters, and promises memorialized via email or text message, between You and Jonesworks.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents and Communications from May 1, 2024 through the present concerning services provided or proposed to be provided by Jonesworks.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents and Communications reflecting or constituting agreements, whether draft or final, including contracts, retainer agreements, engagement letters, and promises memorialized via email or text message, between You and Street Relations or Wallace.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents and Communications from May 1, 2024 through the present concerning services provided or proposed to be provided by Street Relations or Wallace.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents and Communications reflecting any payments, refunds, retainers, incentives, moneys, consideration, inducements, promises to pay, or anything else of value provided to Street Relations or Wallace, by You, or anyone on Your behalf including, but not limited to, Freedman or Liner Freedman Taitelman + Cooley.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents and Communications concerning any allegations, concerns, complaints or reports, whether formal or informal, oral or written, made to You about or against Ms. Lively related to the Film.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents and Communications concerning any actual, alleged, or suspected harassment related to the Film.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents and Communications concerning any actual, alleged, or suspected discrimination related to the Film.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications concerning any actual, alleged, or suspected retaliation related to the Film.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications concerning any actual, alleged, or suspected workplace misconduct or other inappropriate behavior related to the Film.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents concerning any complaint, grievance, or report filed against You, whether in court or arbitration, or with a state, local, or federal agency, in the past 10 years concerning misconduct, discrimination, harassment, or retaliation, including, without limitations, any pleadings, deposition transcripts, and settlement agreements.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents and Communications concerning obtaining the right to adapt the novel *It Ends With Us* and *It Starts With Us* from January 1, 2019 to present.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications concerning the decision to cast Ms. Lively in the Film from January 1, 2019 to present.

**REQUEST FOR PRODUCTION NO. 29:**

All applicable insurance agreements under which any insurer may be liable to satisfy all or part of any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy all or part of any judgment.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents and Communications concerning interviews of or statements by any individual concerning any allegation asserted by Ms. Lively in the Action that You have obtained, received, or recorded.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents and Communications concerning any meetings, appointments, or discussions between You and Ms. Lively relating to conduct on the set of the Film.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents and Communications concerning Ms. Lively that You obtained from any third party.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents, Communications, audio/video recordings, notes, or production logs concerning any intimate scenes related to the Film, whether or not included in any cut of the Film.

**REQUEST FOR PRODUCTION NO. 34:**

All Communications with any Person concerning efforts to gather information about Ms. Lively, including from her current or former cast, crew, colleague, employee, agent, or other associates.

**REQUEST FOR PRODUCTION NO. 35:**

All Communications with any Person concerning efforts to gather information about Mr. Reynolds, including from his current or former cast, crew, colleague, employee, agent, or other associates.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents concerning the script of the Film, including but not limited to, all drafts of the script and related notes.

**REQUEST FOR PRODUCTION NO. 37:**

All Communications concerning the script of the Film, including, without limitations, revisions thereto.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents and Communications concerning efforts to seed, influence, manipulate, boost, amplify, or engage with Social Media related to the Film, Ms. Lively, Mr. Reynolds, the

CONFIDENTIAL

Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, or the Actions.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents and Communications concerning the use of Social Media bots, trolls, troll farms, paid or incentivized accounts, or seeding, amplifying, boosting, or planting content.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents and Communications between You, or anyone on Your behalf, and any public relations, crisis management, or Social Media firms concerning the Film, Ms. Lively, Mr. Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions.

**REQUEST FOR PRODUCTION NO. 41:**

Documents and Communications concerning strategies, plans, or efforts to influence the public perception of the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, or the Lively/Reynolds Family, or the Actions.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents and Communications concerning strategies, plans, or efforts to influence the public perception of any Wayfarer Defendant related to the Film.

**REQUEST FOR PRODUCTION NO. 43:**

All Social Media messages, comments, or posts (including drafts, as well as deleted messages, comments, or posts) requested, initiated, or made by You, either directly or indirectly concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, or the Lively/Reynolds Family, or the Actions.

**REQUEST FOR PRODUCTION NO. 44:**

All Social Media messages, comments, or posts (including drafts, as well as deleted messages, comments, or posts) requested, initiated, or made by You, either directly or indirectly, concerning any Wayfarer Defendant related to the Film.

**REQUEST FOR PRODUCTION NO. 45:**

AAll Documents and Communications concerning any payment, wire transfer, exchange of funds (whether in dollars, foreign currency, or any form of electronic or cryptocurrency), promises to pay, or exchange of anything else of value with any Person, whether directly or indirectly, including through Freedman or Liner Freedman Taitelman + Cooley, concerning the Film.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents and Communications concerning any payment, wire transfer, exchange of funds (whether in dollars, foreign currency, or any form of electronic or cryptocurrency), promises to pay, or exchange of anything else of value with any Person, whether directly or indirectly, including through Freedman or Liner Freedman Taitelman + Cooley, concerning Ms. Lively or Mr. Reynolds.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents and Communications concerning any payment, wire transfer, exchange of funds (whether in dollars, foreign currency, or any form of electronic or cryptocurrency),

promises to pay, or exchange of anything else of value with any Person, whether directly or indirectly, including through Freedman or Liner Freedman Taitelman + Cooley, concerning any Wayfarer Defendant.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents and Communications concerning any payment, wire transfer, exchange of funds (whether in dollars, foreign currency, or any form of electronic or cryptocurrency), promises to pay, or exchange of anything else of value with any Person, whether directly or indirectly, including through Freedman or Liner Freedman Taitelman + Cooley, concerning the Actions.

**REQUEST FOR PRODUCTION NO. 49:**

All Documents and Communications with media or Social Media outlets of any kind concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, the Actions, or any Wayfarer Defendant.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents and Communications reflecting or comprising articles, public statements, or press releases requested, initiated, or drafted by You, or anyone on Your behalf, concerning Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, the Film, the Actions, or the Wayfarer Defendants.

**REQUEST FOR PRODUCTION NO. 51:**

All Documents and Communications concerning any plan, program, strategy, or campaign by You or any vendor, contractor, or other third-party entity concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions.

**REQUEST FOR PRODUCTION NO. 52:**

All Documents and Communications concerning the method for rendering "untraceable" any plan, program, strategy, or campaign by You, or any vendor, contractor, or other third-party entity concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions.

**REQUEST FOR PRODUCTION NO. 53:**

All Documents and Communications concerning the solicitation or procurement of any Social Media content, whether paid or unpaid, concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions.

**REQUEST FOR PRODUCTION NO. 54:**

All Documents and Communications concerning efforts to conceal or hide any aspect of the solicitation or procurement of any Social Media content, whether paid or unpaid, concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions.

**REQUEST FOR PRODUCTION NO. 55:**

All Documents and Communications concerning any Agreement for confidentiality protections related to Ms. Lively or the Actions.

**REQUEST FOR PRODUCTION NO. 56:**

Metadata for Social Media content of any kind, emails, or digital Communications concerning the authorship, timing, and modification history of posts, messages, articles, or other content (including, without limitation, drafts of such content) related to the Film, Ms. Lively, the Lively/Reynolds Companies, the Lively/Reynolds Family, or the Actions.

CONFIDENTIAL

**REQUEST FOR PRODUCTION NO. 57:**

All Articles, public statements, or press releases, including any drafts of the same, requested, initiated, or drafted by You, or anyone on Your behalf, concerning Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, the Film, the Actions, Baldoni, and/or Wayfarer.

**REQUEST FOR PRODUCTION NO. 58:**

All Documents and Communications concerning any allegations, concerns, complaints, or reports of any kind, whether formal or informal, written or oral, concerning Baldoni, Heath or Sarowitz.

**REQUEST FOR PRODUCTION NO. 59:**

All Documents submitted to or received from the California Civil Rights Division concerning Ms. Lively's charge of discrimination assigned CRD Matter Number: 202412-27269003.

**REQUEST FOR PRODUCTION NO. 60:**

All Documents submitted to or received from the Equal Employment Opportunity Commission concerning Ms. Lively's charges of discrimination assigned EEOC Nos. 480-2025-01541 and 480-2025-01542.

**REQUEST FOR PRODUCTION NO. 61:**

All Agreements or memoranda of understanding between Wayfarer and IEWU LLC.

**REQUEST FOR PRODUCTION NO. 62:**

All Communications and Documents between Wayfarer and IEWU LLC concerning hiring, firing, discipline, complaints, supervision, or work conditions of employees and contractors of Wayfarer or IEWU LLC.

**REQUEST FOR PRODUCTION NO. 63:**

All Communications and Documents between Wayfarer and Sony concerning hiring, firing, discipline, complaints, supervision, or work conditions of employees and contractors of Wayfarer or IEWU LLC on the Film.

**REQUEST FOR PRODUCTION NO. 64:**

All Communications and Documents between IEWU LLC and Sony concerning hiring, firing, discipline, complaints, supervision, or work conditions of employees and contractors of Wayfarer or IEWU LLC on the Film.

**REQUEST FOR PRODUCTION NO. 65:**

All insurance policies covering any employees or contractors involved with the production of the Film, including but not limited to, worker's compensation policies.

**REQUEST FOR PRODUCTION NO. 66:**

Personnel files for Ms. Lively, Baldoni, and Heath.

**REQUEST FOR PRODUCTION NO. 67:**

All Documents and Communications concerning Your personnel policies and procedures in effect between January 1, 2020 through the present, including but not limited to, employment manuals, employee handbooks, human resources policies, training manuals, and any other policies concerning discrimination, sexual harassment, retaliation, workplace misconduct, or complaint reporting mechanisms.

**REQUEST FOR PRODUCTION NO. 68:**

All Documents sufficient to show Your organizational structure between January 1, 2020 through the present.

**REQUEST FOR PRODUCTION NO. 69:**

All Documents and Communications concerning any allegations, concerns, complaints, or reports, whether formal or informal, written or oral, of discrimination, harassment, or retaliation raised by any current or former employee about Baldoni or Heath, including without limitation, any settlement agreement or confidentiality provisions related to the same.

**REQUEST FOR PRODUCTION NO. 70:**

All Documents and Communications concerning any allegations, concerns, complaints, or reports, whether formal or informal, written or oral, of discrimination, harassment, or retaliation raised by any current or former employee in the last 10 years, including without limitation, any settlement agreement or confidentiality provisions related to the same.

**REQUEST FOR PRODUCTION NO. 71:**

All Documents and Communications concerning any disputes, whether formal or informal, written or oral, between Wayfarer, on the one hand, and any other Person, including but not limited to any member of the cast or crew, the writer, director or producer, on the other hand, of any Wayfarer project since January 1, 2020, including but not limited to Five Feet Apart, Empire Waist, The Last Dance, Man Enough, including without limitation, settlement agreements or confidentiality provisions related to the same.

**REQUEST FOR PRODUCTION NO. 72:**

All Documents and Communications concerning any allegations of discrimination, harassment, retaliation or any other unlawful conduct of any kind related to any Wayfarer project since January 1, 2020, including but not limited to Five Feet Apart, Empire Waist, The Last Dance, or Man Enough, including without limitation, settlement agreements or confidentiality provisions related to the same.

**REQUEST FOR PRODUCTION NO. 73:**

Your Tax returns, financial statements, and year-end balance statements for the period of June 1, 2020 through the present.

**REQUEST FOR PRODUCTION NO. 74:**

All Documents sufficient to show Your gross income, net income, and expenditures.

**REQUEST FOR PRODUCTION NO. 75:**

All Documents sufficient to show Your gross income, net income, and expenditures related to the Film.

**REQUEST FOR PRODUCTION NO. 76:**

All Documents and Communications concerning any disciplinary action, reprimands, or corrective measures taken against Baldoni at any time.

**REQUEST FOR PRODUCTION NO. 77:**

All Documents and Communications concerning any disciplinary action, reprimands, or corrective measures taken against Heath at any time.

**REQUEST FOR PRODUCTION NO. 78:**

All Documents and Communications concerning Your investigation into concerns, allegations, claims, or grievances raised by Ms. Lively, including but not limited to, witness statements, interview notes, reports, or resulting actions taken by You.

**REQUEST FOR PRODUCTION NO. 79:**

All Documents and Communications concerning Your investigation into any allegations of inappropriate conduct, harassment, retaliation or misconduct of any kind by anyone related to the Film, including but not limited to, witness statements, interview notes, reports, or resulting actions taken by You.

**REQUEST FOR PRODUCTION NO. 80:**

All Documents concerning any equal opportunity, discrimination, harassment, or retaliation training or education You provide, including but not limited to, policies, training materials, videotapes, records of training attendance, and handbooks.

**REQUEST FOR PRODUCTION NO. 81:**

All attendance records, sign-in sheets, or other Documents concerning any equal opportunity, discrimination, harassment, or retaliation training or education offered by You.

**REQUEST FOR PRODUCTION NO. 82:**

All corporate policies, memoranda, or internal Communications concerning discrimination, harassment prevention, retaliation, or workplace safety.

**REQUEST FOR PRODUCTION NO. 83:**

All Documents and Communications concerning any allegations of discrimination, harassment, or retaliation made by any current or former employee, applicant, vendor, independent contractor, or any other third party, including but not limited to any payments made in exchange for non-disclosure or confidentiality agreements.

**REQUEST FOR PRODUCTION NO. 84:**

All Documents and Communications concerning Your document retention policy.

**REQUEST FOR PRODUCTION NO. 85:**

All Documents and Communications signed by You and Ms. Lively concerning her employment with You.

**REQUEST FOR PRODUCTION NO. 86:**

All Documents and Communications signed by You and Ms. Lively concerning any services she provided for You or concerning the Film.

CONFIDENTIAL

**REQUEST FOR PRODUCTION NO. 87:**

All Documents and Communications reflecting or constituting agreements, whether draft or final, between You and any of Chelsey Cary, Crista Marie Jackson, or Lizzy Talbot concerning the Film.

**REQUEST FOR PRODUCTION NO. 88:**

All Documents and Communications concerning safety protocols, procedures, or policies related to COVID-19 in effect on the set of the Film.

**REQUEST FOR PRODUCTION NO. 89:**

All Documents and Communications concerning any exposure, or expected exposure, to COVID-19 on set of the Film.

CONFIDENTIAL

Dated: February 20, 2025

_/s/ Esra A. Hudson_
MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson
Stephanie A. Roeser
2049 Century Park East, Suite 1700
Los Angeles, California 90067
(310) 312-4000
E-mail: ehudson@manatt.com
sroeser@manatt.com

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
Meryl Governski
1875 K Street NW
Washington, DC 20006
(202) 303-1000
E-mail: mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron Nathan
787 7th Avenue
New York, NY 10019
(212) 728-8000
E-mail: anathan@willkie.com

_Attorneys for Blake Lively and Ryan Reynolds_

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 20, 2025, the foregoing was served via email on all counsel of record.


<u>*/s/ Esra A. Hudson*          </u>
Esra A. Hudson