UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>    Plaintiff,<br><br>  v.<br><br>WAYFARER STUDIOS LLC, et al,<br><br>    Defendants. | No. 24-cv-10049-LJL (lead case)<br>No. 25-cv-449 (LJL) (member case) |
| JENNIFER ABEL,<br><br>    Third-Party Plaintiff,<br><br>  v.<br><br>JONESWORKS LLC,<br><br>    Third-Party Defendant. | |
| WAYFARER STUDIOS LLC, et al.,<br><br>    Consolidated Plaintiffs,<br><br>  v.<br><br>BLAKE LIVELY, et al.<br><br>    Consolidated Defendants. | |

**OMNIBUS REPLY BRIEF IN FURTHER SUPPORT OF PLAINTIFF BLAKE LIVELY'S MOTIONS TO COMPEL**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ........................................................................................................................... 1

ARGUMENT .................................................................................................................................. 3

    I.    THE PROPOSED "RE-REVIEW" DOES NOT MOOT MS. LIVELY'S MOTION ............................................................................................................................ 3

    II.   THE IDENTIFIED PRODUCTION DEFICIENCIES WARRANT DISCLOSURE OF THE WAYFARER DEFENDANTS' SEARCH PARAMETERS. ............................. 4

    III.  DOCUMENTS "THROUGH THE PRESENT" SHOULD BE PRODUCED................... 6

    IV.  THE MOTION IS RIPE AS TO SIGNAL AND COUNSEL COMMUNICATIONS. ................................................................................................. 9

CONCLUSION ............................................................................................................................. 10

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Delancey v. Wells*,
  2025 WL 1009415 (S.D.N.Y. Apr. 4, 2025)................................................................................. 7

*Harris v. Bronx Parent Hous. Network, Inc.*,
  2020 WL 763740 (S.D.N.Y. Feb. 14, 2020) ............................................................................... 7

*Hawkins v. Medapproach Holdings, Inc.*,
  2014 WL 11350177 (S.D.N.Y. June 27, 2014) .......................................................................... 5

*Holick v. Cellular Sales of New York, LLC*,
  2014 WL 4771719 (N.D.N.Y. Sept. 24, 2014)............................................................................ 7

*In re Terrorist Attacks on September 11, 2001*,
  2020 WL 8610952 (S.D.N.Y. May 27, 2020) ............................................................................ 6

*Klipsch Grp., Inc. v. ePRO E-Com. Ltd.*,
  880 F.3d 620 (2d Cir. 2018) ....................................................................................................... 5

*Loc. 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO v. City of New York*,
  2020 WL 1166047 (S.D.N.Y. Mar. 11, 2020) ............................................................................ 7

*Mason Tenders Dist. Council of Greater New York v. Phase Constr. Servis., Inc.*,
  318 F.R.D. 28 (S.D.N.Y. 2016).................................................................................................. 6

*MASTR Adjustable Rate Mortgs. Tr. 2006-OA2 v. UBA Real Estate Secs. Inc.*,
  2013 WL 5651290 (S.D.N.Y. Oct. 15, 2013) ............................................................................. 6

*O'Rear v. Diaz*,
  2024 WL 4903722 (S.D.N.Y. Nov. 27, 2024)............................................................................. 8

*Scelsi v. Habberstad Motorsport, Inc.*,
  2021 WL 6065768 (E.D.N.Y. Dec. 22, 2021) ............................................................................ 5

*Trinidad v. Roman Cath. Diocese of Brooklyn*,
   2023 WL 3984341 (E.D.N.Y. June 13, 2023)............................................................................ 7

## INTRODUCTION

The Wayfarer Defendants' Opposition ("Opp. Br.") largely concedes the merits of Ms. Lively's Motion to Compel (the "Mot."). The Wayfarer Defendants offer no objections to producing the documents Ms. Lively seeks. Instead, they admit the major gaps in their document productions, but, incredibly, offer no explanation as to why they have failed to produce obviously responsive documents, including among other things: (i) the documents identified in their own dismissed complaint; (ii) communications among the Wayfarer Defendants, the Wallace Parties, and Bryan Freedman, his firm or other counsel; (iii) party phone records; (iv) materials related to HR complaints; and (v) responsive communications related to the Digital Campaign.

The closest they come to an explanation is to hint that perhaps such documents do not exist or the Wayfarer Defendants do not have them. (Opp. at 11-12.) That position is stunning given that Ms. Lively has painstakingly laid out over 50 examples of documents that not only exist, but that the Wayfarer Defendants have not even attempted to justify failing to produce.[1] This creates a strong inference that these, and likely many other responsive documents, have not been produced either because they were not captured by inappropriately narrow search terms, or worse, were improperly deleted or otherwise not preserved (despite the Wayfarer Defendants themselves anticipating legal action as early as July 2024). As just one example, the Wayfarer Defendants concede that they have not produced emails they received regarding an "HR complaint" and related demand for Wayfarer's "HR dept info *immediately*." It is hard to conceive of a more relevant and responsive document in this sexual harassment and retaliation case; it obviously exists and should have been produced.

---

[1] The lack of an explanation from the Wayfarer Defendants is particularly troubling given that they were given a substantial extension to respond to the Motion, yet responded only in generalities, ignoring the many specific examples provided. The only conclusion that can be drawn is that the extension itself was another delay tactic.

Accordingly, the Wayfarer Defendants' hollow promise to conduct a "re-review" and supplemental "rolling production" that would somehow "moot" Ms. Lively's motion is entirely unacceptable. Discovery is coming to a close, depositions are being taken, and expert discovery is imminent. There is no time to rely on the Wayfarer Defendants' representations about a "re-review" and "rolling production," given their deficient productions and vacuous explanations. The Wayfarer Defendants must promptly produce their search parameters, to enable both Ms. Lively and the Court to evaluate the cause of the issues that have plagued their productions—a proposal that the Wayfarer Defendants do not meaningfully contest.

Putting aside their collection and production failures, the Wayfarer Defendants fight tooth and nail to avoid a production date "to the present," conceding that they cut off their productions as of December 20, 2024. In doing so, however, they wrongly and narrowly read the Court's prior orders to reach only a discrete set of interrogatories. (Opp. at 14-16; ECF No. 355.) This reading is inconsistent with the Court's order as well as authority from this Circuit, compelling the production of documents "through the present" based on similar allegations of ongoing conduct.

To remedy the deficiencies identified in the Motion, Ms. Lively respectfully requests the Court to order the Wayfarer Defendants to: (1) disclose their search terms, custodians and devices searched no later than August 15; (2) produce a rolling supplemental production to be completed by August 22, which is the date the Wayfarer Defendants already offered; and (3) also by August 22, produce verified supplemental discovery responses that identify by Bates Numbers which documents were produced responsive to each request, and, if documents are not produced, an explanation of why, including whether such documents never existed, were destroyed, deleted, or not preserved. If any documents are known to have existed but are no longer in the party's possession, custody, or control, then the party should identify the document and explain what happened to it, including, but not but not limited to, whether the deletion was due to ephemeral

messaging protocols or other automatic deletion protocols. Ms. Lively further requests that she be permitted to file a further motion to compel on or before August 29, 2025, following review of, and meet and confer regarding, the supplement production. Whatever schedule the Court sees fit to enter, there can be no dispute that the Wayfarer Defendants have been aware of their production deficiencies since July 1 (Opp. at 8); that the materials requested are those that should be readily within their possession, custody, or control; and that, under applicable discovery obligations, they must promptly produce such responsive materials, or explain why they cannot.

## ARGUMENT

**I.     THE PROPOSED "RE-REVIEW" DOES NOT MOOT MS. LIVELY'S MOTION.**

The Wayfarer Defendants' belated offer to "re-review" and supplement their document production "on a rolling basis" does not resolve issues raised by Ms. Lively's Motion. (Opp. at 11.) A re-review does not ensure that the underlying deficiencies that have plagued the Wayfarer Defendants' document collections and productions will be cured. Indeed, the Wayfarer Defendants do not appear to have complied with the ESI Protocol, which requires the parties to conduct "a manual review of all Messaging Communications between and among any Litigant and another Litigant or Related Third Party," including communications among and between Baldoni, Heath, Nathan, Abel, Sarowitz, Wallace, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (ECF No. 212, at § 2(c).) As one example, non-parties and parties alike have produced text chains with Defendant Baldoni involved as a participant, that Baldoni himself failed to produce.[2] Similar issues plague the Nathan, Abel, and Sarowitz productions.[3] The Wayfarer Defendants do not explain these deficiencies. Worse, they are

---

[2] *See, e.g.*, Declaration of Stephanie Roeser, dated August 13, 2025 ("Roeser Decl."), Exs. B, C, D, E.
[3] Roeser Decl., Ex. F (absent from Nathan/Abel productions), Ex. G (absent from Nathan production), Ex. H (absent from Nathan production), Ex. I (absent from Sarowitz production), Ex. J (absent from Sarowitz production).

-3-

noticeably silent as to Defendant Sarowitz and how it is possible that only 26 documents (none of which are message communications) were responsive to Ms. Lively's requests.[4]

It also is cold comfort for the Wayfarer Defendants to offer an unspecific "re-review" of their productions, when they expressly disclaim possession of information that incontrovertibly exists. For instance, the Wayfarer Defendants disclaim the "use of Social Media bots, trolls, troll farms, paid or incentivized accounts, or seeding, amplifying, boosting, or planting content," (Opp. at 12-13), despite clear evidence to the contrary:

> **Baldoni**: "This is an incredible post from someone we have worked with on man enough- he nailed it as it was my exact intention. . . ."
>
> **Abel**: "***Let's boost this instead of you posting it***. . . . I know the video has nothing to do with it but ***let's instead have third parties amplify instead of you right now.***"

(Bender Decl., Ex. 39 at 5 (emphasis added)). While Ms. Lively is not seeking documents that the Wayfarer Defendants "do not have," it is readily apparent that ***entire categories*** of responsive communications were improperly withheld—based on an unreasonable interpretation of Ms. Lively's discovery requests and definitions or otherwise—and must be produced immediately.

## II.    THE IDENTIFIED PRODUCTION DEFICIENCIES WARRANT DISCLOSURE OF THE WAYFARER DEFENDANTS' SEARCH PARAMETERS.

The Wayfarer Defendants' Opposition raises more questions than it answers. Indeed, in agreeing to re-review and produce documents responsive to at least eight different categories of requests (Opp. at 11), the Wayfarer Defendants have admitted the many identified gaps in their production. The Wayfarer Defendants insist that they conducted a "reasonably diligent search for responsive documents" of "55 devices and repositories belonging to 21 custodians" (Opp. at 8); but fail to identify, *inter alia*: (i) *what* "devices and repositories" were collected (i.e., cell phone,

---

[4] Critically, while the Wayfarer Defendants identified eight "categories" of documents that they have committed to supplementing, they make no effort to explain Sarowitz's grossly deficient production or how it will be cured.

laptop, etc.); (ii) *who* the custodians are; (iii) *when* collections were made; or (iv) *how* search terms and parameters were applied. The number of devices and repositories allegedly collected only calls into question whether a "reasonably diligent search" was, in fact, conducted.

Ms. Lively repeatedly attempted to obtain information as to the Wayfarer Defendants' collections, including, on April 18, April 29, May 5, May 7, and May 19. (Roeser Decl., Exs. K, L.) They stonewalled these efforts, insisting that they would "fully comply with their discovery obligations," and only provided further detail in response to interrogatories (which still fail to identify the specific platforms from which they collected). (*Id.*) The Wayfarer Defendants do not dispute any of this—nor could they given the extensive record of non-compliance.

The Wayfarer Defendants have similarly refused to share any search parameters applied to their collections. Instead, they continue to insist, without any legal authority, that they cannot be required to disclose their search parameters unless Ms. Lively does the same.[5] This "tit for tat" discovery demand has no place in this action. *Hawkins v. Medapproach Holdings, Inc.*, 2014 WL 11350177, at *2 (S.D.N.Y. June 27, 2014) ("Discovery should not proceed on this type of 'tit for tat' basis."; *see also Scelsi v. Habberstad Motorsport, Inc.*, 2021 WL 6065768, at *3 (E.D.N.Y. Dec. 22, 2021) ("Discovery is not a 'tit for tat' process.").[6] And they have not identified a single deficiency in Ms. Lively's productions to call her collections, search parameters, or review into question, such that a mutual disclosure would be appropriate.

Ms. Lively, on the other hand, has moved to compel and has carried her burden of demonstrating a need for this information, to evaluate the "reasonableness" of the Wayfarer Defendants' collection, review, and production. (*See* Mot. at 24-25 (collecting cases)). Even a

---

[5] The Wayfarer Defendants' assertion that Ms. Lively declined to mutually exchange search terms in May (Opp. at 13-14) is simply incorrect and belied by their Exhibit 1, which they cite as support.
[6] *See also Klipsch Grp., Inc. v. ePRO E-Com. Ltd.*, 880 F.3d 620, 634 (2d Cir. 2018) ("A party that disregards its [discovery] obligations may create a reasonable suspicion that further investigation is warranted.").

-5-

quick comparison of the Wayfarer Defendants' productions against third-party productions confirms the need to examine their search terms. For example, a third party produced two emails that the Wayfarer Defendants did not produce. Those emails included multiple Wayfarer representatives, including Heath, as recipients and explicitly referenced the terms "HR complaint" and "harassment protocols." (*See* ECF Nos. 554-49; 554-50.) In a harassment case, like this one, it is inconceivable that any "reasonably diligent search" would fail to capture these highly responsive emails. Another third party produced two text threads with Nathan that included the term "It Ends With Us," that Nathan failed to produce. (Roeser Decl., Exs. G, H.) Further, the same third party produced texts with Nathan and Abel that included the term "Wayfarer," (Roeser Decl., Ex. F), which Nathan and Abel did not produce. That these indisputably relevant communications were not produced by any Wayfarer Defendant is further proof of their inadequate search and review methods, warranting disclosure of their search terms. *MASTR Adjustable Rate Mortgs. Tr. 2006-OA2 v. UBA Real Estate Secs. Inc.*, 2013 WL 5651290, at *2 (S.D.N.Y. Oct. 15, 2013) (defendant required to re-review documents from certain custodians and "meet and confer regarding the expansion of search terms").[7]

### III. DOCUMENTS "THROUGH THE PRESENT" SHOULD BE PRODUCED.

The Wayfarer Defendants' refusal to produce responsive documents and communications "through the present" similarly fails. Among other things, the Wayfarer Defendants: (i) complain that a date range "through the present" for all of Ms. Lively's requests is improper; (ii) dispute the impact of the Court's prior decision; (iii) seek to limit the scope of any additional production to

---

[7] *See also Mason Tenders Dist. Council of Greater New York v. Phase Constr. Servis., Inc.*, 318 F.R.D. 28, 42–43 (S.D.N.Y. 2016) (given evidence "challeng[ing] Defendants' blanket assertion that no additional documents exist, the burden now shifts to Defendants to show specifically where they have searched and why these documents are not, in fact, within their custody, possession, or control."); *In re Terrorist Attacks on September 11, 2001*, 2020 WL 8610952, at *4 (S.D.N.Y. May 27, 2020) (ordering re-review and party conferral).

only allegedly defamatory statements; and (iv) insist that Ms. Lively be required to produce any additional documents based on the extended cut-off date. (Opp. at 14-17.) All are meritless.

*First*, the Wayfarer Defendants cherry-pick certain document requests that do not relate to the ongoing, retaliatory smear campaign. (Opp. at 14-15.) However, the majority remain relevant and must be responded to—for example, documents and communications "concerning any actual, alleged, or suspected harassment related to the Film" must be provided through the present. *See Delancey v. Wells*, 2025 WL 1009415, at *5 (S.D.N.Y. Apr. 4, 2025) (compelling production of prior complaints of sexual harassment and retaliation); *Loc. 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO v. City of New York*, 2020 WL 1166047, at *4 (S.D.N.Y. Mar. 11, 2020) (compelling the production of complaints over eight-years); *Harris v. Bronx Parent Hous. Network, Inc.*, 2020 WL 763740, at *3 (S.D.N.Y. Feb. 14, 2020) ("Other claims of discrimination against a defendant are discoverable. . . "). The same is true with respect to any changes in Wayfarer's policies and procedures. *Trinidad v. Roman Cath. Diocese of Brooklyn*, 2023 WL 3984341, at *3 (E.D.N.Y. June 13, 2023); *see also Holick v. Cellular Sales of New York, LLC*, 2014 WL 4771719, at *3 (N.D.N.Y. Sept. 24, 2014).[8]

*Second*, the Wayfarer Defendants dispute the Court's prior rejection of their December 20, 2024 cut-off date, claiming "the Court rejected that cut-off date for the purpose of specific targeted interrogatories." (Opp. at 15.) A plain reading of the Court's prior decision makes clear that, given Ms. Lively's allegations of an "ongoing" smear campaign, a December 20, 2024 cut-off date was improper—indeed, the Court has ordered third parties to produce documents after the December date and into March 2025. (ECF No. 382, at 25:24-25:9). Thus, there is no reason to limit this rationale *just* to a "specific targeted [set of] interrogatories," an approach that contradicts the

---

[8] Specific requests subject to the "through present" period are identified in a compendium attached as Exhibit A to the Roeser Decl.

authority cited in Ms. Lively's Opening Brief (that the Wayfarer Defendants do not address), requiring parties to produce documents after the commencement of litigation where, as here, there is ongoing harm and retaliatory conduct. (*See* Mot. at 7 n.12).[9]

***Third***, the Wayfarer Defendants attempt to narrowly restrict the post-December 2024 documents only to the alleged smear campaign, which is robustly alleged in Ms. Lively's complaint as encompassing far more than defamatory conduct (*contra* Opp. at 6) and is defined in Ms. Lively's requests to include the "Digital Campaign," alongside other conduct. This is also a sexual harassment case and, as such, evidence of similar misconduct is highly relevant and probative to Ms. Lively's claims. *See Delancey*, 2025 WL 1009415, at *5; *O'Rear v. Diaz*, 2024 WL 4903722, at *1 (S.D.N.Y. Nov. 27, 2024). This is especially true given the dramatic lengths to which Wayfarer Defendants went to conceal bad behavior by Mr. Baldoni and others *after* production, including through the Digital Campaign. (*See* SAC, ¶¶ 185-92, 204, 234-44.) The same goes for evidence related to the ongoing efforts to defame and place Ms. Lively in a false light.

***Fourth***, the Court should reject the Wayfarer Defendants' attempt to force Ms. Lively to re-engage in document productions if the same is required of them. They did not move to compel Ms. Lively despite being aware that Ms. Lively's position on the appropriate timeframe for her own and the Wayfarer Defendants' productions. Further, the Wayfarer Defendants last propounded document requests on June 4, 2025, and have no requests actively pending—much less for the alleged damages information that they purport to seek. At its core, their sole basis for insisting that any cut-off date also applies to Ms. Lively is based on the fact that "she seeks to recover damages from events she claims are ongoing," (Opp. at 16); however, Rules 26(a)(1)(iii) and 26(a)(2) of the Federal Rules of Civil Procedure expressly addresses this concern.

---

[9] For these same reasons, the Court should likewise reject the Wayfarer Defendants' fallback proposal of a February 18, 2025 cut-off date (limited only to the smear campaign).

***Finally***, the Court should reject the Wayfarer Defendants' request to be excused from providing a privilege log (Opp. at 17), which is required under both the ESI Protocol and Federal Rules. (ECF No. 212, at 20-21.) The cases cited by the Wayfarer Defendants permit, at best, the omission of undisputedly privileged materials from post-litigation logs, but do not justify a blanket exception. This is especially true given that many of their privilege assertions remain in dispute (including over communications with PR professionals, employees, and third parties). (*See* ECF Nos. 585, 586, 587-3, 587-7.) Granting the Wayfarer Defendants' request to withhold any and *all* documents that they deem privileged without any corresponding log would be tantamount to blindly accepting the Wayfarer Defendants' privilege assertions as valid, without any ability to scrutinize them. The Wayfarer Defendants have cited no authority supporting that result.

## IV.     THE MOTION IS RIPE AS TO SIGNAL AND COUNSEL COMMUNICATIONS.

Ms. Lively's Motion is ripe as to Signal communications and counsel communications with the press and social media. (Opp. at 18.) As to the former, Signal and WhatsApp communications are unquestionably responsive to the term "Communication," as defined under Local Civil Rule 26.3, and therefore responsive to *all* Ms. Lively's requests for communications. In addition, the Parties' ESI Protocol explicitly defines "Messaging Communications" to include Signal and WhatsApp and also requires manual review of the same between certain witnesses. Ms. Lively also specifically defined the terms "Digital Campaign" and "Social Media" in each of her discovery sets to include communications on these platforms—thereby requesting Signal communications as early as ***February 20, 2025***. Despite agreeing to produce documents responsive to these Requests ***months ago***, the Wayfarer Defendants now claim that these requests were "not as broad as Lively now claims."[10] (Opp. at 19.) Yet, they make no attempt to explain

---

[10] For example, Ms. Lively requested "All Documents and Communications between You, or anyone on Your behalf, and any public relations, crisis management, or Social Media firms concerning the Film, Ms. Lively, Mr. Reynolds. . . or the Actions." (*See, e.g.*, Bender Decl., Ex. 1, at 21, 78, 158.)

how or why these Requests do not capture the communications at issue.[11] Nor could they based on Ms. Lively's detailed definitions, which removed any doubt as to the substance sought.

With respect to counsel's communications with third parties, the Wayfarer Defendants continue their game of whack-a-mole to evade producing responsive documents. In doing so, they rely on a misplaced construction of the term "you" and, worse, ignore this Court's recent decision concluding that "[d]ocuments in the possession of a party's attorney may be considered within the control of the party." (*See* Case No. 25-mc-289, ECF No. 35, at *11 (citations omitted)). They further ignore their own counsel's confirmation at oral argument that Liner would provide responsive communications to the Wayfarer Defendants, including between Mr. Freedman and "if Freedman made a written communication to a content creators or the press, if requested. (*Id.* at *12.) Based on these representations, this Court reasoned that these responsive communications "would be available to the Wayfarer Defendants" and obtainable through a request directed to them. (*Id.*) These requests have been outstanding for months, yet no responsive documents have been produced. Indeed, the Wayfarer Defendants have continued to refuse to produce them—as recently as August 13. (Roeser Decl., Ex. M.) Ms. Lively thus respectfully requests that the Court order the Wayfarer Defendants to provide all responsive communications, including of their counsel.

## CONCLUSION

For the foregoing reasons, the Court should grant Ms. Lively's Motion in its entirety.

---

[11] That Ms. Lively served subsequent requests is of no moment. Ms. Lively did so out of an abundance of caution to avoid this very scenario and the Wayfarer Defendants' attempt to narrowly interpret the Request to avoid compliance.

Respectfully submitted,

/s/ Stephanie A. Roeser

| | |
|---|---|
| WILLKIE FARR & GALLAGHER LLP<br>Michael J. Gottlieb<br>Kristin E. Bender<br>1875 K Street NW<br>Washington, DC 20006<br>(202) 303-1000<br>mgottlieb@willkie.com<br>kbender@willkie.com<br><br>Aaron E. Nathan<br>787 7th Avenue<br>New York, NY 10019<br>(212) 728-8000<br>anathan@willkie.com<br><br>DUNN ISAACSON RHEE LLP<br>Meryl C. Governski (admitted *pro hac vice*)<br>401 Ninth Street, NW<br>Washington, DC 20004<br>(202) 240-2900<br>mgovernski@dirllp.com | MANATT, PHELPS & PHILLIPS, LLP<br>Esra A. Hudson (admitted *pro hac vice*)<br>Stephanie A. Roeser (admitted *pro hac vice*)<br>2049 Century Park East, Suite 1700<br>Los Angeles, CA 90067<br>(310) 312-4000<br>ehudson@manatt.com<br>sroeser@manatt.com<br><br>Matthew F. Bruno<br>7 Times Sq.<br>New York, NY 10036<br>(212) 790-4500<br>mbruno@manatt.com<br><br>*Attorneys for Blake Lively* |