# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>        Plaintiff,<br><br>v.<br><br>WAYFARER STUDIOS LLC, a Delaware Limited Liability Company, JUSTIN BALDONI, an individual, JAMEY HEATH, an individual, STEVE SAROWITZ, an individual, IT ENDS WITH US MOVIE LLC, a California Limited Liability Company, MELISSA NATHAN, an individual, THE AGENCY GROUP PR LLC, a Delaware Limited Liability Company, JENNIFER ABEL, an individual, JED WALLACE, an individual, and STREET RELATIONS INC., a California Corporation<br><br>        Defendants. | Case No. 1:24-cv-10049-LJL<br><br>**JURY TRIAL DEMANDED** |

**SECOND AMENDED COMPLAINT FOR SEXUAL HARASSMENT, RETALIATION, BREACH OF CONTRACT, FALSE LIGHT, DEFAMATION, AND OTHER CLAIMS**


DEFENDANTS
1055

## TABLE OF CONTENTS



INTRODUCTION ........................................................................................................................... 1

PARTIES ....................................................................................................................................... 21

JURISDICTION AND VENUE ................................................................................................... 24

FACTUAL ALLEGATIONS ........................................................................................................ 26

    A.    Justin Baldoni and Jamey Heath of Wayfarer Engage in Inappropriate and Unwelcome Behavior Toward Ms. Lively and Others on the Set of It Ends with Us. ............................................................................................................................ 26

        a.    Mr. Baldoni ignored well-established industry protocols in filming intimate scenes, and exploited the lack of controls on set to behave inappropriately. ............................................................................................... 27

        b.    Mr. Baldoni inserted improvised gratuitous sexual content and/or scenes involving nudity into the film (including for an underage character) in highly unsettling ways. ............................................................................... 30

        c.    Mr. Baldoni and Mr. Heath discussed their personal sexual experiences and previous porn addiction, and tried to pressure Ms. Lively to reveal details about her intimate life. ....................................................................... 33

        d.    Mr. Baldoni objectified Ms. Lively and other women by commenting on or criticizing their bodies as sex objects. .......................................... 35

    B.    Ms. Lively And Others Lodge Grievances Regarding the Conduct of Mr. Baldoni and Mr. Heath, Which Wayfarer Declines to Investigate. ................................. 39

    C.    The Parties Negotiate A Contract Rider Regarding Mr. Baldoni's and Mr. Heath's Conduct on the Set of It Ends with Us. ................................................. 46

    D.    Ms. Lively Led the Edit of Sony's Cut of the Film, Which Was the Version Released in Theaters. ............................................................................................ 52

    E.    Ms. Lively and Other Cast and Crew Promoted The Film According to the Marketing Plan. ....................................................................................................... 56

    F.    Mr. Baldoni and His Team Formulate a Retaliatory Plan. ................................... 59

    G.    Wayfarer Engages Melissa Nathan, TAG, Mr. Wallace, and Street Relations on Behalf of Mr. Baldoni to Launch a Retaliation Campaign Against Ms. Lively. ............. 62

    H.    The Wayfarer Parties Engage in Social Manipulation, with the Assistance of Mr. Wallace. ................................................................................................................. 71

        a.    The Wallace Defendants Execute a "Social Attack" Plan in Collaboration with New York-Based Co-Conspirators and Knowingly Injure Ms. Lively In New York. ........................................ 94

    I.    The Defendants and Their Agents Continue to Perpetrate Their Retaliation Campaign against Ms. Lively. ........................................................................... 103

    J.    Mr. Baldoni Retaliated Because HR Complaints Regarding His Behavior Threatened His Feminist Brand. ................................................................. 109

K.  Ms. Lively, Her Family, Her Businesses, and Certain Third Parties With Knowledge About The Retaliation and Underlying Sexual Harassment Have Suffered and Have Been Substantially Harmed By the Wayfarer Parties' Ongoing Conduct.................................................................................................................................. 114

FIRST CAUSE OF ACTION (Sexual Harassment in Violation of Title VII – 42 U.S.C. § 2000e-2(a)(1))....................................................................................................................................... 126

SECOND CAUSE OF ACTION (Retaliation in Violation of Title VII – 42 U.S.C. § 2000e-3)............. 128

THIRD CAUSE OF ACTION (Sexual Harassment in Violation of FEHA – Cal. Gov. Code, § 12940) Against It Ends With Us Movie LLC, Wayfarer, Baldoni, and Heath ........................................ 130

FOURTH CAUSE OF ACTION (Retaliation in Violation of FEHA – Cal. Gov. Code, § 12940) Against It Ends With Us Movie LLC and Wayfarer.............................................................. 131

FIFTH CAUSE OF ACTION (Retaliation in Violation of the California Labor Code – Cal. Labor Code, § 1102.5) Against It Ends With Us Movie LLC and Wayfarer........................................ 134

SIXTH CAUSE OF ACTION (Failure to Investigate, Prevent, and/or Remedy Harassment in Violation of FEHA – Cal. Gov. Code., § 12940) Against It Ends With Us Movie LLC and Wayfarer .........134SEVENTH CAUSE OF ACTION (Aiding and Abetting Harassment and Retaliation in Violation of the FEHA – Cal. Gov. Code, § 12940(i)) Against Nathan, TAG, Abel, Wallace, and Street Relations ................................................................................................................. 136

EIGHTH CAUSE OF ACTION (Breach of Contract – Actor Loanout Agreement) Against It Ends With Us Movie LLC and Wayfarer ............................................................................. 137

NINTH CAUSE OF ACTION (Breach of Contract – Contract Rider Agreement) Against It Ends With Us Movie LLC and Wayfarer ....................................................................................... 138

TWELFTH CAUSE OF ACTION (False Light Invasion of Privacy – California Const., Art. I, § 1) Against Wayfarer, Baldoni, Heath, Sarowitz, Nathan, TAG, Abel, Wallace, and Street Relations ................................................................................................................................... 139

THIRTEENTH CAUSE OF ACTION (Sexual Harassment in Violation of California Civil Code – Civ. Code, § 51.9) Against Baldoni and Heath................................................................ 140

FOURTEENTH CAUSE OF ACTION (Defamation/Defamation Per Se) Against Wayfarer, Baldoni, and Heath................................................................................................................. 141

FIFTEENTH CAUSE OF ACTION (Civil Conspiracy)  Against All Defendants................................ 144

Plaintiff Blake Lively brings this action for damages against WAYFARER STUDIOS LLC, a Delaware Limited Liability Company, JUSTIN BALDONI, an individual, JAMEY HEATH, an individual, STEVE SAROWITZ, an individual, IT ENDS WITH US MOVIE LLC, a California Limited Liability Company, MELISSA NATHAN, an individual, THE AGENCY GROUP PR LLC, a Delaware Limited Liability Company, and JENNIFER ABEL, an individual, JED WALLACE, an individual, and STREET RELATIONS INC., a Texas Corporation.

## INTRODUCTION

*"Are you confident enough to listen to the women in your life? To hear their ideas and their solutions? To hold their anguish and actually believe them, even if what they're saying is against you? And ... will you actually stand up and do something so that one day we don't have to live in a world where a woman has to risk everything and come forward to say the words 'me too?'"*

– Justin Baldoni, *Why I'm Done Trying to be 'Man Enough,'* 2017

1. Plaintiff Blake Lively brings this lawsuit because she was unlawfully retaliated against for coming forward and reporting sexual harassment that occurred against her and others on the set of "It Ends With Us" (the "Film").

2. Defendant Wayfarer Studios LLC ("Wayfarer") is the owner of the Film. Defendant Justin Baldoni is the co-chairman and co-founder of Wayfarer, and also served as Director, Executive Producer, and actor in the lead role of Ryle Kincaid in the Film. Ms. Lively played the leading role of Lily Bloom in the Film. At all times during the production, editing, and promotion of the Film, Mr. Baldoni was Ms. Lively's boss.

3. For years prior to the release of the Film, Mr. Baldoni portrayed himself as a leader of the male feminist movement, writing books, hosting podcasts, and holding TED Talks on the topic. In reality, however, Mr. Baldoni's public persona is a stark contrast to his private behavior, which is replete with hypocrisy, misogyny, and retaliation.

4. In public, Mr. Baldoni gave the appearance of taking responsibility for the fact that he had "unconsciously" been "hurting" and "silencing" the women in his life, and

57. Defendant Wayfarer Studios LLC ("Wayfarer" or "Wayfarer Studios") is a production company co-founded by Justin Baldoni and Steve Sarowitz. Wayfarer co-financed and produced the Film, through its production entity It Ends With Us Movie LLC, and thus was the employer of all cast and crew on set, including Ms. Lively. Wayfarer is a Delaware limited liability company with its principal place of business in California. On information and belief, no members of Wayfarer Studios LLC are citizens of New York. On information and belief, all of Wayfarer's members are citizens of California and/or Illinois.

58. Defendant Justin Baldoni is a co-founder and co-chairman of Wayfarer who co-starred in, directed, and served as a producer for the Film. Mr. Baldoni is an individual who resides in Santa Paula, California.

59. Defendant Jamey Heath is an individual who has been Wayfarer's Chief Executive Officer since March 2024 and was President of Wayfarer during production of the Film. Mr. Heath resides in Los Angeles, California.

60. Defendant Steve Sarowitz is a co-founder and leading financier of Wayfarer. Mr. Sarowitz is an individual who resides in Highland Park, Illinois.

61. Defendant It Ends With Us Movie LLC is a company that entered into an agreement regarding Plaintiff's acting services and regarding the contractual rider for the Film. It Ends With Us Movie LLC is a California limited liability company with its principal place of business in California. On information and belief, Defendant Wayfarer is the sole member of It Ends With Us Movie LLC. On information and belief, no members of It Ends With Us Movie LLC are citizens of New York. On information and belief, all of the members of It Ends With Us Movie LLC are citizens of California and/or Illinois.

62. Defendant Melissa Nathan is an individual who provides crisis management and communications services. Ms. Nathan launched The Agency Group PR LLC in January 2024. Ms. Nathan is an individual who resides in North Hollywood, California. During a portion of the relevant period, Ms. Nathan lived in Brooklyn, New York. In particular, at least during the period when Ms. Nathan helped the other Wayfarer Parties retain Mr. Wallace and Street Relations, Ms.

22

Nathan maintained a residence in New York: on August 4, 2024, Ms. Nathan said to Ms. Abel about her trip to New York for the Film's premiere, "You could've stayed at my apt. Stay next time," implying that she had a residence in New York and would continue to have such a residence at such an indefinite time in the future when Ms. Abel would return.

63. Defendant The Agency Group PR LLC ("TAG") is a company that provides services including messaging and narrative development, media relations, crisis communications and management, and digital and social strategy. TAG is a Delaware limited liability company with its principal place of business in Santa Monica, California. On information and belief, no members of TAG are citizens of New York.

64. Defendant Jennifer Abel is CEO and founder of RWA Communications LLC. Ms. Abel is an individual who resides in Beverly Hills, California and provides public relations services.

65. Defendant Jed Wallace is President, Director, and Secretary of Street Relations Inc., formerly known as Street Relations LLC. Mr. Wallace is an individual who resides in Dripping Springs, Texas and who has described himself as a self-employed "PR consultant" who offers "crisis mitigation" services.

66. Defendant Street Relations Inc. ("Street Relations") is a company that describes itself as a "crisis mitigation firm engage by clients to help navigate real-life human crisis, threats, trauma and mental health concerns." Street Relations has its principal place of business in Texas. As of February 4, 2025, Street Relations was incorporated in the state of California. In 2008, Street Relations LLC—a California limited liability corporation—filed a Statement of Conversion with the Secretary of State of the State of California to convert into a general stock corporation named Street Relations. Street Relations LLC filed incorporation documents in California in 2007, and in a June 2007 filing described itself as a "Communications, marketing, and brand/media consultation" company with Mr. Wallace as its sole manager. By the time it was named as a Defendant in Ms. Lively's Amended Complaint on February 18, 2025, Street Relations had re-incorporated in Texas.

23

## JURISDICTION AND VENUE

67. This Court has original jurisdiction over the claims for relief asserted in this complaint pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 (a)(4), and 28 U.S.C. § 1367.

68. Plaintiff's Title VII causes of action arise under federal law and Plaintiff's California claims arise from the same underlying facts, and are thus so related to her federal claims that they form part of the same case or controversy.

69. This Court additionally has original jurisdiction over the claims for relief asserted in this complaint pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and no defendant is a citizen of the same State as Plaintiff.

70. This Court may exercise personal jurisdiction over Defendants pursuant to § 301 of the New York Civil Practice Law and Rules because all Defendants systematically and continuously conduct and solicit business within New York and have availed themselves of the privileges of conducting business in the State of New York.

71. This Court may exercise personal jurisdiction over Defendants because, as further alleged herein, Defendants each participated in a civil conspiracy and, on numerous occasions, individual co-conspirators engaged in overt acts in furtherance of that conspiracy that had sufficient contacts with New York to subject that co-conspirator to jurisdiction in New York.

72. This Court may exercise personal jurisdiction over Defendants pursuant to § 302 of the New York Civil Practice Law and Rules, including because, upon information and belief, all Defendants transact and solicit business within the State, have committed the tortious acts described in this Complaint within the State, and/or have committed such acts outside of the State causing injury to Plaintiff within the State. This Court may exercise personal jurisdiction over Defendants Jed Wallace and Street Relations Inc. (the "Wallace Defendants") under CPLR § 302(a)(3) because the Wallace Defendants committed a tortious act without the state causing injury to person and property within the state, expected or reasonably should have expected the act to have consequences in New York, and derive substantial revenue from interstate commerce—

including at least some of the revenues earned by Wallace and Street, his closely held S corporation, for the acts complained of in this action. Specifically, Wallace and Street derived at least $90,000 in revenue wired to their Texas-based branch of JP Morgan Chase Bank, N.A., by Wayfarer Studios, a California entity, pursuant to an engagement through TAG, a California entity, all while Wallace was based in Texas. This Court may also exercise personal jurisdiction over the Wallace Defendants pursuant to CPLR § 302(a)(2) because the New York-based overt acts committed by the Wallace Defendants' co-conspirators may be attributed to the Wallace Defendants, who were aware of their co-conspirators New York-based overt acts. This Court may also exercise personal jurisdiction over the Wallace Defendants pursuant to CPLR § 302(a)(1), because the Wallace Defendants' co-conspirators' undisputed transaction of business within New York can be attributed to the Wallace Defendants, who were aware of those contacts with New York.

73.    As just a few examples among others alleged herein: on January 4, 2024, Mr. Baldoni and Mr. Heath, in their own capacities and as representatives of Wayfarer, met in person in New York with Ms. Lively to discuss her concerns regarding Mr. Baldoni and Mr. Heath's harassing behavior and other on-set misconduct that started the sequence of events leading to this suit, and were directly engaged, via contract with a New York forum selection clause, with Jonesworks, with its principal place of business in New York, and which engagement gave rise to the retaliation campaign at issue; Mr. Sarowitz threatened to ruin the lives of Ms. Lively and her family while attending the Film's New York premiere in connection with his position at Wayfarer; Ms. Abel worked as an employee of Jonesworks, which position directly gave rise to the retaliation campaign at issue; Wayfarer contracted with Jonesworks for certain communications and public relations services that gave rise to this dispute in an agreement under which Wayfarer consented to jurisdiction in New York; Ms. Nathan conducted business from Brooklyn, New York during a portion of the relevant period; in their efforts to "bury" Ms. Lively and to conceal Mr. Baldoni's on-set behavior, Ms. Nathan, Ms. Abel, Mr. Wallace, and Street Relations Inc. targeted New York by, among other things, communicating with (or causing content to be provided to) journalists,

received a text from a Sony Executive "checking in on" her and asking how she was doing. Ms. Lively responded: "*I'm not in a good place. This has been deeply painful and I feel so hung out to dry. From production to this PR crisis. No one stepped forward. I wish so much that I was ok. But I'm really not.*" That Executive said, "I know it's been hard and horrendously unfair, and I hope soon you can better take in the incredible film you made that audiences love around the world. It's so rare this happens and you did that. You also will have 330m$ worth of eye balls watching a film about domestic violence- that is so important and affected so many lives for the better. That's because of you!"

### (i) The Wallace Defendants Execute a "Social Attack" Plan in Collaboration with New York-Based Co-Conspirators and Knowingly Injure Ms. Lively In New York.

293a.    On August 5, 2024, as Mr. Baldoni and members of the Wayfarer team were in New York doing press appearances and preparing to attend the New York premiere the next day, Melissa Nathan emailed Jed Wallace at his Street Relations email address, copying into the body of the email the full text of the "Protections for Return to Production." Ms. Nathan added that "[t]hese are the items noted in her 'I won't come to work unless these are adhered to,'" indicating that Ms. Nathan had by then described a version of events to Mr. Wallace related to Ms. Lively's concerns about sexual harassment and misconduct on the set of the Film and her efforts to remedy the same, including by not only reporting her concerns by also negotiating an agreement prohibiting Wayfarer, Baldoni, Heath, and others from, among other things, engaging in further harassing conduct and from retaliating against Ms. Lively in "any" way ""for raising concerns about the conduct described" in the Protections, including through "during publicity and promotional work." ECF No. 1-1 (Ex. A) at 3. In other words, as of at least August 5, 2024, Mr. Wallace was on notice that Ms. Lively had engaged in protected activity on set.

293b.    Meanwhile, Ms. Case, Ms. Koslow, and Ms. Nathan exchanged messages about the importance of recruiting Jed to the Wayfarer Parties' cause. On August 6, the day the Wayfarer

94