August 12, 2025

**Lies To This Court About Movant / Minor Children**

Esteemed Judge Liman,

I - Mario Armando Lavandeira, Jr., known professionally as Perez Hilton - write as a nonparty in Lively v. Wayfarer Studios LLC (1:24-cv-10049) to applaud Ms. Lively for taking *"no position on Mr. Hilton's request to seal Exhibits C and D, if the Court finds such action consisted with the Court's Protective Order."* See Docket #613.

The Exhibits mentioned above are pictures of my young children and now Ms. Lively has punted the onus on to you - to decide whether or not to seal these exhibits, per my request at Docket #594.

I am sure your Honor will objectively rule in my favor here, as this Court would not want to do *anything* that could potentially harm my minor children. I have a true worry for them being on this Court's public docket.

In deciding this, I want to point out to the Court that Ms. Hudson made **no attempt** at demonstrating HOW including pictures of my children in her exhibits is relevant.

It is not relevant to any of the claims whatsoever.

Doing so is only a continuation of the abusive discovery practices I believe Ms. Lively's lawyers have engaged in throughout this litigation, and I'm pretty confident the more than 107 creator-journalists Ms. Lively's team subpoenaed would echo that assessment.

I read the logic Ms. Hudson cited in why she thought it was appropriate to share pictures of my minor children. She wrote: "*Ms. Lively cited and filed Exhibits C and D on the public docket with a good-faith belief that the materials were not confidential, as reflected by their general availability to anyone who visits Mr. Hilton's public Instagram (including any of his nearly 1 million followers) or his own website. That good-faith belief is supported by the Protective Order in this case, which by its express terms protects only "nonpublic and confidential material." ECF No. 125 at 1; see also id at §2 (defining "Confidential" or "Attorneys' Eyes Only" to apply only to "such portion of such nonpublic material the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of" specific types of information. (emphasis added))."*

As a pro se movant who is not a lawyer, my understanding of that logic is that Ms. Hudson felt emboldened to include pictures of my minor children on the public court docket because she could. Because your Honor would allow it and *has* consistently allowed Lively's legal team to share the home addresses and phone numbers of many nonparties to this litigation. These are instances - too many to count - where redacted versions could have been filed for the public docket and the correct and true sensitive, non-public information submitted to the Court under seal. But Ms. Lively's legal team wants to play dirty. And so far they have **not once** been reprimanded for this reprehensible behavior.

I *respectfully* am disgusted. Both by the tactics of Ms. Lively's high-priced lawyers and this Court turning a repeated blind eye to that behavior, which I referenced in my letter from August 10th. See Docket #612.

In her letter to your Honor today, Ms. Hudson FALSELY asserts: *"In his letter, Mr. Hilton does not acknowledge that Exhibits C and D reflect content that he, himself, posted on his publicly accessible platforms."*

In my letter to this Court - just referenced - I explicitly stated: *"Ms. Lively and her legal team have taken away my agency. I choose to share my children on social media - if and how and when I want."*

Ms. Hudson would like me to explain why I view her behavior as cruel and calculated. She writes: *"Nor does he attempt to explain as a matter of fact or law why the public filing of his own publicly available content is "cruel" or "calculated" or otherwise sanctionable."*

Let me happily explain.

In December of 2016, Ms. Lively took her minor children to the Hollywood Walk Of Fame induction ceremony for her husband, Ryan Reynolds.

Ms. Lively attended that event knowing that her children would be photographed by invited photo-journalists, like the Associated Press and Getty Images.

Subsequently, Ms. Lively has made the public plea that journalists not share pictures of her children.

In my role as a journalist, on my website - [PerezHilton.com](PerezHilton.com) - and across social media, I have honored Ms. Lively's request.

Since I just mentioned the Walk Of Fame ceremony, I could include pictures of Ms. Lively and her minor children at that event as exhibits to this letter. But I will not do such a thing. That would be cruel and calculated. And unnecessary. Just as unnecessary as Ms. Hudson, on behalf of her client, filing multiple pictures of my young children on this Court's public docket.

Additionally, Ms. Hudson has **lied** to this Court. She wrote: *"It strains credulity to credit Mr. Hilton's characterizations given that he is responsible not only for posting the materials publicly in the first place, but also for amplifying Ms. Lively's filings to generate his own "content" on his various platforms, in which he now accuses Ms. Lively of using Mr. Hilton's children to "hurt" him and "endanger" them. Such accusations are false and defamatory, and inconsistent with the Court's order prohibiting using "language that is disrespectful of the parties, their counsel, or the Court."*

I categorically denounce the assertion that my opinion about Ms. Hudson and Ms. Lively's behavior violates this Court's order prohibiting language that is "disrespectful of the parties, their counsel, or the Court."

I expressed myself in the aforementioned letter respectfully. AND, his Honor said on August the 8th in Docket #581: *"For avoidance of all doubt, this Order does not prevent any party or nonparty from vigorously arguing on behalf of their clients (or, when appearing pro se, on behalf of themselves) or from asserting publicly that a decision of this Court or any other court was wrongly decided or that an argument promoted by a party or nonparty is incorrect."*

And, for the sake of clarity, I vehemently deny the false claim that my opinions about Ms. Hudson and Ms. Lively's behavior are defamatory.

What I have said is constitutionally protected free speech. Your Honor himself asserted the ability to express that respectfully last week, which I did - respectfully - in the letter dated *after* this Court's order on language.

Ms. Lively is a public figure and my opinions do not even come close to meeting the legal definition of defamation, neither for her nor for the public actions of her legal team.

Ms. Hudson also strategically ignored my reasoning for being concerned about my minor children's safety after she unnecessarily exposed them to this Court's docket. As I mentioned and gave detailed examples in my letter to your Honor, several parties and nonparties in this litigation have received death threats. There has been an attempted kidnapping. There was an arson attack. There's been bullying and unwanted harassment. And I want to do everything in my power to shield my children from this.

It speaks volumes that Ms. Lively "generally takes no position" on that.

Additionally, Ms. Hudson also ignored my alternative request to this Court. Should sealing not be deemed appropriate, the Exhibits mentioned above *can* be resubmitted to this court's public docket without the pictures of my children - which Lively's counsel now know are my children. Their appearance or disappearance from the Exhibits does not materially change the substance of what Ms. Lively is arguing.

In summation, I wish to express to your Honor **deep gratitude** in advance for granting a concerned parent's sensible request and helping to keep his minor children safe.

Respectfully submitted,

/s/ Mario Armando Lavandeira, Jr.

Mario Armando Lavandeira, Jr.

aka Perez Hilton