UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Lively v. Wayfarer Studios LLC (1:24-cv-10049)**

**NON-PARTY RESPONDENT'S LIMITED RESPONSE — PERSONAL JURISDICTION *ONLY***

August 13, 2025

Most Honorable Judge Liman,

I - Mario Armando Lavandeira, Jr., known professionally as Perez Hilton - write as a nonparty in Lively v. Wayfarer Studios LLC (1:24-cv-10049).

**Background:**

Pursuant to the Court's directive, I submit this limited response solely to address the question of personal jurisdiction over me in connection with the subpoena at issue. I do *not* consent to this Court's jurisdiction to enforce or compel compliance with the subpoena.

I affirm that the United States District Court for the District of Nevada – where I reside, work, and where the subpoena expressly designates compliance – is the **proper** venue under Federal Rule of Civil Procedure 45(d)(3).

I only submitted to this Court a narrowly tailored request for a protective order under Rule 26(c) to halt what I believed were abusive discovery practices by Ms. Lively's counsel, particularly the repeated issuance of burdensome subpoenas to nonparties. This was a defensive *procedural* measure, not an engagement with the merits of the underlying litigation.

Additionally, the Honorable Judge Richard F. Boulware, II - the judge for the United States District Court for the District of Nevada - who is overseeing my Motion To Quash, ordered with regards to my request to quash: *"Compliance is required in **this** District."* Meaning his Court in Las Vegas. This order was issued on August 12, 2025. See Exhibit A.

A federal judge has *already* **issued an order** that compliance for the subpoena served on me by Ms. Lively must be handled in *his* District - not the Southern District Of New York.

This filing in SDNY is made under protest and does not waive any other objections to the subpoena. I expressly reserve all remaining objections, including those based on relevance, undue burden, overbreadth, First Amendment protections, the reporter's privilege and every single argument made in my previously filed Motion To Quash in Nevada, which has just today been properly served on Ms. Lively's counsel. See Exhibit B and Exhibit C.

If this Court in the SDNY lacks personal jurisdiction, the motion to compel is moot and nothing else needs to be considered.

**Argument:**

*A Rule 26(c) Protective Order Motion Does Not Waive Personal Jurisdiction*

*Waiver Requires Merits-Based Engagement*

Waiver occurs only when a party's conduct creates a "reasonable expectation" that it will defend the suit on the merits — a fact-specific determination. Merely filing procedural or defensive motions does *not* trigger waiver. See Hamilton v. Atlas Turner, Inc., 197 F.3d 58, 60–62 (2d Cir. 1999) (finding forfeiture only after years of extensive merits litigation despite initial assertion of defense); Datskow v. Teledyne, Inc., 899 F.2d 1298, 1303 (2d Cir. 1990)

(similar).

### *Defensive Procedural Filings Are Preserving, Not Waiving*

Courts distinguish between motions seeking procedural relief (such as a protective order) and filings addressing substantive claims. Only the latter may constitute waiver. See Rates Tech. Inc. v. Nortel Networks Corp., 399 F.3d 130, 135 (2d Cir. 2005) (affirming that consistent assertion of the jurisdictional defense from the outset avoids waiver).

### *Rule 12(h)(1) Preserves the Defense*

Federal Rule of Civil Procedure 12(h)(1) provides that the defense of lack of personal jurisdiction is waived only if not raised in the first responsive filing or motion. A motion for a protective order under Rule 26(c) is not a responsive pleading and therefore does not waive jurisdictional objections.

### *Las Vegas, Nevada Is the Proper Venue Under Rule 45*

### *Compliance Venue Is Controlling*

FRCP 45(d)(3)(A) requires that motions to quash or modify a subpoena be filed "in the court for the district where compliance is required." The subpoena here designates Las Vegas, Nevada, as the compliance location - *not* New York.

### *Courts Enforce Venue Limits Strictly*

In KGK Jewelry LLC v. ESDNetwork, No. 11-cv-9236, 2014 WL 1199326, at *2–4 (S.D.N.Y. Mar. 21, 2014), *this Court* held it lacked jurisdiction to decide motions to quash because the compliance courts were located elsewhere, explaining: "Jurisdiction over a motion to quash or modify remains with 'the court for the district where compliance is required.'"

Likewise, in Agincourt Gaming, LLC v. Zynga, Inc., No. 2:14-cv-0708-RCJ, 2014 WL 4079555, at *3–4 (D. Nev. Aug. 15, 2014), the District of Nevada emphasized that the place of compliance is tethered to the subpoenaed person's location and that courts outside that district lack jurisdiction to resolve such motions absent a proper Rule 45(f) transfer. No such transfer has been granted with regards to this subpoena.

### *Transfers Under Rule 45(f) Are Rare*

While Rule 45(f) allows a compliance court to transfer a subpoena-related motion to the issuing court, such transfers require either the nonparty's consent - none has been given by me - or "exceptional circumstances." Ms. Lively has made no claims of *exceptional* circumstances. She has not filed a response in Nevada and her cross-motion to compel in this Court makes no notice of any exceptional circumstances that would warrant a transfer to SDNY.

The Advisory Committee has noted that the prime concern is avoiding burden on local nonparties, like me. See Wultz v. Bank of China Ltd., 304 F.R.D. 38, 43–50 (D.D.C. 2014).

### *Due Process Forbids Jurisdiction in SDNY*

Under International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945), personal jurisdiction exists only where a party has "minimum contacts" with the forum and litigation there does not offend "traditional notions of fair play and substantial justice."

As a Nevada resident with no relevant contacts with New York beyond the limited, defensive filing of a Rule 26(c) motion, I lack such contacts. Compelling me to litigate in SDNY would impose an undue burden and violate due process principles. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472–73 (1985).

**Conclusion**

For the reasons above:

1. My Rule 26(c) motion did not waive my personal jurisdiction defense.

2. This Court lacks personal jurisdiction to enforce or compel compliance with the subpoena.

3. Las Vegas, Nevada is the proper forum under Rule 45.

4. The motion to compel should therefore be denied with prejudice in this Court, so that no further motion to compel may be brought in the Southern District of New York against me in this matter.

5. If Plaintiff wishes to pursue further relief, it must be sought — if at all — in the proper forum, the United States District Court for the District of Nevada, consistent with Rule 45 and due process.

Respectfully submitted,

/s/ Mario Armando Lavandeira, Jr.

Mario Armando Lavandeira, Jr.

aka Perez Hilton

Las Vegas, Nevada