# EXHIBIT 13

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------------ x
BLAKE LIVELY,                                 :
                                              :  Civ. Action No. 1:24-cv-10049-LJL
                    Plaintiff,                :  rel. 1:25-cv-00449-LJL
                                              :
v.                                            :
                                              :
 WAYFARER STUDIOS LLC, JUSTIN BALDONI,        :
 JAMEY HEATH, STEVE SAROWITZ, IT ENDS         :
 WITH US MOVIE LLC, MELISSA NATHAN, THE       :
 AGENCY GROUP PR LLC, and JENNIFER ABEL,      :
                                              :
                    Defendants.               :
                                              :
------------------------------------------------------------------ x
JENNIFER ABEL,                                :
                                              :
                    Third-Party Plaintiff,    :
                                              :
v.                                            :
                                              :
JONESWORKS LLC,                               :
                                              :
                    Third-Party Defendant.    :
                                              :
                                              :
------------------------------------------------------------------ x
```

## DEFENDANT MELISSA NATHAN'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF BLAKE LIVELY'S FOURTH SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Civil Rules of the Court, Defendant Melissa Nathan ("Nathan" or "Responding Party"), by and through her attorneys, hereby objects and responds to Plaintiff Blake Lively's ("Lively" or "Propounding Party") Fourth Set of Interrogatories.

## I.

## GENERAL OBJECTIONS

Responding Party makes the following general objections ("General Objections") to Propounding Party's Interrogatories. These General Objections are hereby incorporated into each specific response. The assertion of the same, similar, or additional objections or the provision of partial responses to each of the individual interrogatories does not waive or modify any of Responding Party's General Objections. Responding Party provides the following objections and responses without waiving her right to present evidence at trial of any later-ascertained facts.

1.      Responding Party objects to each Interrogatory to the extent that it seeks information that is not relevant to any claim or defense or proportional to the needs of the case.

2.      Responding Party objects to each Interrogatory to the extent that it purports to impose on Responding Party obligations broader than, or inconsistent with, those imposed by the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of the United States District Court for the Southern District of New York, or by any other applicable law or protocol governing discovery obligations in the above-captioned action.

3.      Responding Party objects to each Interrogatory to the extent that it seeks discovery of any confidential information or communication that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or exception. Nothing contained in these responses, or any inadvertent production or identification of documents made in response to these interrogatories, is intended as, or shall in any way be deemed, a waiver of the attorney-client privilege, the common interest privilege, the work product doctrine, or any other applicable privilege, immunity, or exception.

4.     Responding Party objects to each Interrogatory to the extent that it is overbroad or unduly burdensome. Responding Party further objects to the extent that Propounding Party seeks to require Responding Party to provide information other than that which may be obtained through a reasonably diligent search of his own records.

5.     Responding Party objects to each Interrogatory to the extent it seeks information that is not in Responding Party's possession, custody or control.

6.     Responding Party objects to each Interrogatory to the extent it would require Responding Party to produce information covered by confidentiality agreements or protective orders with others, or that constitute an unwarranted invasion of the affected persons' constitutional, statutory and/or common-law rights of privacy and confidentiality.

7.     Responding Party objects to each Interrogatory to the extent it seeks confidential commercial, financial, and/or proprietary business information, trade secrets, and/or any other non-public information protected from disclosure by law, court order, or agreement respecting confidentiality or non-disclosure or requires the disclosure of confidential or proprietary business information of third parties which Responding Party is obligated to protect.

8.     Responding Party objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

9.     Responding Party objects to each Interrogatory insofar as it is unreasonably cumulative, duplicative, repetitive, redundant, or overlapping of other interrogatories.

10.     Responding Party objects to each Interrogatory to the extent that it, or any word or term used therein, is vague, ambiguous, compound, confusing, unintelligible, unclear, subject to different interpretations, and/or lacking in definition.

11.    Responding Party objects to each Interrogatory to the extent that it is unlimited in temporal scope, or contains overly broad time limitations or periods that are not relevant to any claim or defense or proportional to the needs of the case.

12.    Responding Party objects to each Interrogatory to the extent that it assumes, relies on, or seeks disputed facts or legal conclusions or opinions. Responding Party denies any such disputed facts or legal conclusions or opinions to the extent assumed, relied on, or sought by each Interrogatory. Any response or objection by Responding Party to any such Interrogatory is without prejudice to this objection.

13.    In responding and objecting to each Interrogatory, Responding Party does not concede that any information sought or provided is relevant to the claims of any party, proportional to the needs of this case, or admissible in evidence.

14.    Responding Party objects to each Interrogatory to the extent that it exceeds the scope of interrogatories set forth in Local Civil Rule 33.3(a).

15.    Nothing herein, or in any responsive document production, shall be construed as an admission by Responding Party regarding the admissibility of any fact, or as an admission as to the truth or accuracy of any information or documents provided in response to these Requests.  In providing responses to each Interrogatory, Responding Party does not in any way waive any objections Responding Party may later assert, including but not limited to competency, relevancy, materiality, and admissibility. Responding Party expressly reserves the right to object to the use of any responses below in any subsequent proceedings or any other action. Responding Party further reserves the right to object to additional discovery into the subject matter of the Interrogatory.

16.    Responding Party has responded to each Interrogatory based upon her understanding of each Interrogatory. Responding Party's responses herein are based on her present knowledge, information, and belief following her diligent search and reasonable inquiry. Discovery and investigation are ongoing, and Responding Party reserves the right to amend, correct, supplement, or clarify her responses based upon, among other things, further investigation, discovery of additional facts or information, or developments in this action or in related law, particularly in view of Propounding Party's failure to comply with the Local Rules.

## II.

## <u>OBJECTIONS TO INSTRUCTIONS</u>

1.    Responding Party objects to Paragraph 2 of Propounding Party's Instructions to the extent it instructs Responding Party to gather information from her "agents, employees, representatives, or investigators (including but not limited to experts) . . . present or former attorneys or [her] agents, employees, representatives or investigators; or by any other person or legal entity controlled by or in any other manner affiliated with [her]" that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege and/or any other applicable privilege or immunity. Responding Party further objects to this instruction to the extent that it requires Responding Party to produce duplicative or cumulative information. Responding Party will only produce information that is in her possession, custody, or control, as required under the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of the United States District Court for the Southern District of New York, or by any other applicable law or protocol governing discovery obligations in this action.

## III.

## OBJECTIONS TO DEFINITIONS

1.      Responding Party objects to Propounding Party's definition of "Bryan Freedman" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Bryan Freedman, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Bryan Freedman" to mean Bryan Freedman.

2.      Responding Party objects to Propounding Party's definition of "Content Creator" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes "any individual or entity who seeds, generates, creates, or influences Social Media content or provides related digital services."

3.      Responding Party objects to Propounding Party's definition of the term "Digital Campaign," as it is vague, ambiguous, and overbroad in that it includes all "efforts … to communicate information regarding" a laundry list of subjects/topics. The definition is also vague and ambiguous because it is unclear what is meant by "narrative or virality," including how this phrase fits into the overall definition as constructed. The definition is further objectionable on the basis that it includes several subjective, ambiguous, and undefined qualifiers such as "seed, influence, boost, amplify, or engage with social media algorithms, narrative or virality"; and it incorporates the definition "Social Media," which is itself overbroad, vague, and ambiguous (including the phrase, "[w]ithout limiting the foregoing in any manner, and by way of example

6

only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.").

4.      Responding Party objects to Propounding Party's definition of "IEWU LLC" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only It Ends With Us Movie LLC, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "IEWU LLC" to mean It Ends With Us Movie LLC.

5.      Responding Party objects to Propounding Party's definition of "Jonesworks" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Jonesworks LLC, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Jonesworks" to mean Jonesworks LLC.

6.      Responding Party objects to Propounding Party's definition of "Liner Freedman Taitelman + Cooley" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Liner Freedman Taitelman + Cooley LLP, but also unidentified past

or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Liner Freedman Taitelman + Cooley" to mean Liner Freedman Taitelman + Cooley LLP.

7.    Responding Party objects to Propounding Party's definition of "Lively/Reynolds Companies" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Ms. Lively and Mr. Reynolds's affiliated entities (Betty Buzz LLC, Blake Brown, Aviation Gin, Mint Mobile, and Maximum Effort Productions), but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Lively/Reynolds Companies" to mean Betty Buzz LLC, Blake Brown, Aviation Gin, Mint Mobile, and Maximum Effort Productions.

8.    Responding Party objects to Propounding Party's definition of the term "Marketing Plan," as it is vague, ambiguous, and overbroad in that it includes "any advertising, promotional, publicity or marketing materials (such as, without limitation, themes, market testing, research, summaries, talking points, trailers or teasers, posters, social media posts, and screen, radio, digital or television advertising)," none of which is properly and narrowly defined and the production of which would be unnecessarily burdensome and not proportional to the needs of the case or relevant to the claim or defense of any party.

9.    Responding Party objects to Propounding Party's definition of the term "Social Media," as it is vague, ambiguous, and overbroad in that it includes "any digital platform, forum,

website, application, online service, or other platform," none of which is properly and narrowly defined and the production of which would be unnecessarily burdensome and not proportional to the needs of the case or relevant to the claim or defense of any party, and further objects to "on which persons can create, transmit, share, communicate, exchange content, or comment upon any information, ideas, or opinions" as similarly overbroad, vague, and ambiguous, and essentially includes every possible use of the internet. Responding Party also objects to "social networking" as it is vague, ambiguous, and overbroad, and objects to catch-all phrases such as "similar to" and "Any Other Online Presence," the definition of which is itself overbroad, vague, and ambiguous, overly burdensome and not proportional to the needs of the case or relevant to the claim or defense of any party.

10.     Responding Party objects to Propounding Party's definition of "Sony" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Sony Pictures Entertainment, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Sony" to mean Sony Pictures Entertainment.

11.     Responding Party objects to Propounding Party's definition of "Street Relations" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Street Relations, Inc., but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the

allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Street Relations" to mean Street Relations, Inc.

12.     Responding Party objects to Propounding Party's definition of "TAG" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only The Agency Group PR LLC, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "TAG" to mean The Agency Group PR LLC.

13.     Responding Party objects to Propounding Party's definition of "Wayfarer" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Wayfarer Studios LLC, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Wayfarer" to mean Wayfarer Studios LLC.

14.     Responding Party objects to Propounding Party's definition of "WME" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only William Morris Endeavor Entertainment Agency, but also unidentified officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "WME" to mean William Morris Endeavor Entertainment Agency.

15.     Responding Party objects to Propounding Party's definition of "You," "Your," and "Yours" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Melissa Nathan but also unidentified persons or entities acting or purporting to act on her behalf and anyone on whose behalf she is acting, regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the terms "You," "Your," and "Yours" to mean Melissa Nathan.

16.     Responding Party objects to the Interrogatories as vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case to the extent any Interrogatory references or is related to an undefined person and/or entity.

**IV.**

**RESPONSES TO PROPOUNDING PARTY'S INTERROGATORIES**

**INTERROGATORY NO. 7:**

Identify all platforms, including but not limited to ephemeral messaging platforms or channels and share platforms (including without limitation Google Drive, Google Docs, Microsoft OneDrive, Dropbox, Box, iCloud Drive, and Sharepoint), and associated account information (account/username, along with associated phone numbers, emails, or handles) that You have used to communicate information of any kind concerning Ms. Lively, Mr. Reynolds, the Digital Campaign, or the Actions to any Content Creator, reporter, or media outlet.

## RESPONSE TO INTERROGATORY NO. 7:

Responding Party incorporates by reference its general objections as if fully set forth in response to this Interrogatory. Responding Party objects that this Interrogatory (i) is overbroad; (ii) seeks irrelevant information; (iii) is vague as to "Digital Campaign" and "Content Creator"; (iv) exceeds the scope of Local Civil Rule 33.3(a); (v) assumes facts not in evidence.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: iMessage (███████), email (█████████), Signal.

Dated: July 30, 2025
      New York, NY

**MEISTER SEELIG & FEIN PLLC**

By:    */s/ Mitchell Schuster*
      Mitchell Schuster
      Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Telephone: (212) 655-3500
Email: ms@msf-law.com
        kaf@msf-law.com

Dated: July 30, 2025
      Los Angeles, CA

**LINER FREEDMAN TAITELMAN + COOLEY, LLP**

By:   */s/ Bryan Freedman*
      Bryan J. Freedman (*pro hac vice*)
      Ellyn S. Garofalo (*pro hac vice*)
      Theresa M. Troupson (*pro hac vice*)
      Summer E. Benson (*pro hac vice*)
      Jason H. Sunshine
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Telephone: (310) 201-0005
Email: bfreedman@lftcllp.com
        egarofalo@lftcllp.com
        ttroupson@lftcllp.com
        sbenson@lftcllp.com
        jsunshine@lftcllp.com

Dated: July 30, 2025
Los Angeles, CA

**AHOURAIAN LAW**

By: ____*/s/ Mitra Ahouraian*____
Mitra Ahouraian (*pro hac vice*)
2029 Century Park East, 4th Floor
Los Angeles, CA 90067
Telephone: (310) 376-7878
Email: mitra@ahouraianlaw.com

## **VERIFICATION**

I, Melissa Nathan, declare as follows:

I have read the foregoing **DEFENDANT MELISSA NATHAN'S RESPONSES AND OBJECTIONS TO PLAINTIFF BLAKE LIVELY'S FOURTH SET OF INTERROGATORIES** and know its contents. I am a party to this action, and I make this verification on my behalf.  The matters stated in the foregoing document are true to my own knowledge except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States, the State of New York, and the State of California that the foregoing is true and correct.

Executed on July 30, 2025, at Los Angeles, California.

Signed by:

B8EA2FF... Melissa Nathan

## CERTIFICATE OF SERVICE

I, Vaneta D. Birtha, do hereby certify that I am not less than 18 years of age and that on this 30th day of July 2025, I caused a copy of the foregoing to be served on all counsel of record via email.

Dated: July 30, 2025
        Los Angeles, CA

                            */s/ Vaneta D. Birtha*
                            Vaneta D. Birtha

**SERVICE LIST**

*Blake Lively v. Wayfarer Studios, et al.*
Case No. 1:24-cv-10049-LJL

**MANATT, PHELPS & PHILLIPS, LLP**          *Attorneys for Plaintiff*
Esra Hudson, Esq.
Sarah E. Moses, Es.
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Tel: 310-312-4381
Email: ehudson@manatt.com
          SMoses@manatt.com

Stephanie Anne Roeser
One Embarcadero Center, 30th Floor
San Francisco, CA 94111
Tel: 415-291-7543
Email: sroeser@manatt.com

Matthew F. Bruno
7 Times Sq
New York, NY 10036
Tel: 212-790-4500
Email: mbruno@manatt.com

**WILKIE FARR & GALLAGHER LLP**          *Attorneys for Plaintiff*
Aaron E. Nathan, Esq.
787 7th Avenue
New York, NY 10019
Tel: 212-778-8000
Email: anathan@wilkie.com

Michael Gottlieb
Kristin Bender
1875 K. Street, N.W.
Suite 100
Washington, DC 20006-1238
Tel: 202-303-1000
Email: mgottlieb@willkie.com
          kbender@willkie.com

**HAYNES AND BOONE, LLP**                    *Attorneys for Plaintiff*
Laura Lee Prather
Michael Lambert
98 San Jacinto Boulevard
Suite 1500
Austin, TX 78701
Tel: 512-867-8400
Fax: 512-867-8470
Email: laura.prather@haynesboone.com
           Michael.lambert@haynesboone.com

**QUINN EMANUEL URQUHART & SULLIVAN,**    *Attorneys for Third Party Defendant*
**LLP**                                                      *Jonesworks LLC*
Danielle Lazarus
51 Madison Avenue
22nd Floor
New York, NY 10010
Tel: 212-849-7464
Email: daniellelazarus@quinnemanuel.com

Kristin Tahler
865 S. Figueroa Street
Ste 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3615
Email: kristintahler@quinnemanuel.com

Maaren Alia Shah
295 5th Avenue
New York, NY 10016
Tel: 212-849-7452
Email: maarenchoksi@quinnemanuel.com

Nicholas Inns
1300 I St NW
Suite 900
Washington, DC 20005
Tel: 202-774-6147
Email: nicholasinns@quinnemanuel.com

**DUNN ISAACSON RHEE LLP**                    *Attorneys for Plaintiff*
Meryl C. Governski
401 Ninth Street NW
Washington, DC 20004
Tel: (202) 240-2900
Email: mgovernski@wilkie.com (email address has
not been updated as of 07/03/2015)

**AHOURAIAN LAW**                              *Co-Counsel for Defendants Wayfarer*
Mitra Ahouraian                                *Studios LLC, Justin Baldoni, Jamey*
2029 Century Park East                         *Heath, It Ends With Us Movie LLC,*
Ste 4th Floor                                  *Steve Sarowitz*
Los Angeles, CA 90067
310-867-2777
Email: mitra@ahouraianlaw.com

**MEISTER SEELIG & FEIN PLLC**                 *Co-Counsel for Defendants Wayfarer*
Stacey Michelle Ashby                          *Studios LLC, Justin Baldoni, Jamey*
Mitchell Schuster                              *Heath, It Ends With Us Movie LLC,*
Amit Shertzer                                  *Steve Sarowitz, Melissa Nathan,*
Kevin A. Fritz                                 *Agency Group PR LLC, and*
125 Park Avenue, 7th Floor                     *Defendant / Third Party Plaintiff*
New York, NY 10017                             *Jennifer Abel*
Tel: 212-655-3500
Fax: 212-655-3535
Email: ms@msf-law.com
        as@msf-law.com
        kaf@msf-law.com
        sma@msf-law.com