# MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**BLAKE LIVELY,**
 Plaintiff,

v.

**WAYFARER STUDIOS LLC, et al.,**
 Defendants.

Case No. 1:24-cv-10049-LJL

---

### MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF

---

**Honorable Lewis J. Liman:**

### INTRODUCTION

Pursuant to the Court's discretion under *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) and relevant precedent within the Southern District of New York, I, Thomas Carver, respectfully move for leave to file the attached amicus curiae brief addressing public interest concerns arising from the inclusion of personally identifying information of nonparties within the public docket in this matter.

### INTEREST OF AMICUS CURIAE

I am a private citizen residing in Pueblo, Colorado, with no personal or financial interest in the outcome of the underlying litigation. My interest lies in the broader implications of the Court's handling of filings that may expose nonparties—including online commentators, content creators, and subpoenaed witnesses—to potential harassment or retaliation for lawful expression protected under the First Amendment.

### REASONS FOR THE PROPOSED BRIEF

Based on publicly available docket entries and reporting, certain filings in this case have included:

- Home addresses and telephone numbers of nonparties, including subpoenaed witnesses;

- In at least one instance, photographs of minors who are not parties to the case;

- Information concerning individuals whose only connection to this litigation appears to be their public commentary on the case.

The public disclosure of such information in court filings risks:

1. Creating a chilling effect on lawful free speech;

2. Exposing uninvolved members of the public to harassment or intimidation;

3. Undermining public confidence in the judicial process.

Federal Rule of Civil Procedure 5.2 and this Court's own policies limit the inclusion of certain personal data, particularly as to nonparties and minors. I believe an amicus brief may assist the Court by offering a focused constitutional and procedural perspective on protecting these individuals without impeding the transparency of judicial proceedings.

**RELIEF REQUESTED**

I respectfully request that the Court grant leave for the attached amicus curiae brief to be filed in the docket of this case. The brief urges the Court to:

- Review filings containing personally identifying information of nonparties, including subpoenaed witnesses;

- Consider ordering redaction or sealing of such information;

- Issue guidance to counsel to ensure compliance with privacy protections moving forward.

**CONCLUSION**

For the foregoing reasons, I respectfully request that the Court grant this motion for leave to file the attached amicus curiae brief in *Lively v. Wayfarer Studios LLC, et al.*, No. 1:24-cv-10049-LJL.

Respectfully submitted this 14th day of August, 2025.

/s/ Thomas Carver

**Thomas Carver**
107 University Circle
Pueblo, CO 81005
tomcarver247@yahoo.com
(719) 251-1711

---

**ATTACHMENT: PROPOSED AMICUS CURIAE BRIEF**

# [PROPOSED] AMICUS CURIAE BRIEF OF THOMAS CARVER

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**BLAKE LIVELY,**
Plaintiff,

v.

**WAYFARER STUDIOS LLC, et al.,**
Defendants.

Case No. 1:24-cv-10049-LJL

**[PROPOSED] AMICUS CURIAE BRIEF OF THOMAS CARVER**

## I. INTRODUCTION

Amicus Curiae Thomas Carver respectfully submits this brief to assist the Court in considering the public interest implications of including personally identifying information of nonparties—including subpoenaed witnesses—in the public docket of this case. This brief does not address the merits of the underlying dispute between the parties. Instead, it focuses on the broader constitutional and procedural concerns that arise when members of the public—particularly those engaged in lawful commentary—are exposed to potential harassment or intimidation through unredacted court filings.

## II. INTEREST OF AMICUS CURIAE

I am a private citizen residing in Pueblo, Colorado, with no personal or financial stake in the outcome of this litigation. My interest lies in the protection of First Amendment rights, the safeguarding of personal privacy for nonparties (including subpoenaed witnesses), and the maintenance of public confidence in the judicial process.

In recent years, the accessibility of court filings through online databases has significantly increased the potential for misuse of publicly available information. When nonparties are identifiable in court records—including through their home addresses, telephone numbers, or images of minors—the risk of harassment, doxing, or other retaliatory acts rises substantially.

## III. FACTUAL BACKGROUND

Based on publicly accessible docket entries and news reports, it appears that certain filings in this case have included:

- Names, residential addresses, and telephone numbers of nonparties, **including subpoenaed witnesses**;

- In at least one instance, photographs of minors not involved in the litigation;

- Information identifying individuals whose sole connection to the matter appears to be their commentary on the case in public forums or on social media.

While the inclusion of relevant evidence in litigation is sometimes unavoidable, these disclosures raise serious concerns when they involve persons who are not parties and have no formal role in the proceedings other than being subpoenaed or otherwise referenced.

## IV. ARGUMENT

### A. Public Disclosure of Nonparty PII Can Chill Lawful Speech
The First Amendment protects the right of individuals to express opinions on matters of public concern, including commentary on ongoing litigation. If members of the public come to believe that lawful expression could result in the public posting of their private information—including images of their children—they may self-censor to avoid such consequences. This chilling effect runs counter to the spirit of open public discourse.

### B. Existing Rules Support Protection of Nonparty Privacy
Federal Rule of Civil Procedure 5.2(a) limits the inclusion of certain personal data in court filings, including dates of birth, home addresses, and the names of minors. Moreover, this Court's own privacy policies encourage redaction where disclosure could cause harm to nonparties. These principles are rooted not only in privacy concerns but also in preserving the integrity and fairness of judicial proceedings.

### C. The Court's Supervisory Authority Supports Targeted Redaction
Courts have inherent authority to manage their dockets to prevent abuse and to protect

nonparties from unnecessary exposure. See *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (recognizing courts' authority to limit public access to court records to protect privacy interests). This includes ordering the redaction or sealing of personally identifying information that is not essential to resolving the substantive legal issues before the Court.

## V. RECOMMENDATIONS

Amicus respectfully urges the Court to:

1. Review filings containing personally identifying information of nonparties, **including subpoenaed witnesses**, and minors;

2. Order appropriate redaction or sealing of such materials where they are not essential to the public's understanding of the case;

3. Issue guidance reminding counsel of their obligations under Rule 5.2 and this Court's privacy policies to avoid unnecessary disclosure of private information belonging to nonparties.

## VI. CONCLUSION

Protecting the privacy of nonparties while maintaining judicial transparency is both feasible and necessary. The requested measures would not prejudice either party's ability to litigate their claims, but would reaffirm the Court's commitment to safeguarding constitutional rights and preventing unnecessary harm to the public.

Respectfully submitted this 14th day of August, 2025.

/s/ Thomas Carver
**Thomas Carver**
107 University Circle
Pueblo, CO 81005
tomcarver247@yahoo.com
(719) 251-1711