**J. Alexander Townsend**
720-200 Sherbourne Street
Toronto, ON M5A 3Z5
(647) 768-0364
jalexgtownsend@gmail.com

14th August 2025

<u>Via Email</u>

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

**Regarding Lively v. Wayfarer Studios LLC, et al., Case No. 1:24-cv-10049-LJL**

Dear Judge Liman:

I recently made a motion to intervene in this case. (Docket #462) That motion was denied. I believe that was the right decision. I had every right to make the motion and the Court had every right to rule against me. And your decision was clearly and legally valid. I accepted that it was too tangential to the case. I was fully prepared to leave the case alone, however the Plaintiff saw fit to draw me back in.

I have since received word from a particular online platform that my own personal information is now subject to subpoena in this case. As most are well aware, anonymous speech is a protected right, both in your country ( <u>McIntyre v. Ohio Elections Commission, 514 U.S. 334 (1995)</u> ) and my own. There are reasons why I would prefer that my username, handle, and in fact my presence on a particular online platform, not be linked to my public identity. I have said things online that I would prefer people in my personal life not link to me, for example I have taken stances on moral issues and I don't want that to be misinterpreted or for it to cause emotional damage to people I care about. Also, unfortunately, I have people in my extended family who are platform prejudiced. Some have derided 'all those conspiracy theorists on truth social' and 4chan for being 'full of incels'. I would prefer that my family relationships not be strained unnecessarily by prejudices even where I may not yet be aware of them.

I would prefer not to have to decide whether, given my personal circumstances, I can move to quash until the question is ripe, as this puts at issue the risks of exposing my link to a particular username in question.

With this in mind, I make this motion to preliminarily challenge the validity of all of those certain subpoenas to non-parties based on, what I believe to be, the frivolity of the underlying claim of retaliation by the Plaintiff.

If a legal threshold is determinative of this matter, It is in the interest of the Court and indeed the parties, as it is among other things economical. Therefore I first reiterate here and incorporate by reference my

arguments that can be found in Docket #462 under the subheading of "Memorandum of Law…" paragraph numbers 1 through 16. To summarize, this reference states the argument that Plaintiff cannot cause application of the underlying statutes proscribing retaliation to the events of this suit if it infringes on the First Amendment in a way that does not meet the strict scrutiny standard. That truthful, yet negative, speech cannot be infringed on by the application of any law merely because of reputational interests alone.

Therefore, I primarily seek an order for the Plaintiff to show cause why Ms. Lively's retaliation complaint should not be dismissed with prejudice on First Amendment grounds. This order would, in my opinion, be the least prejudicial to the parties as it is less likely to be viewed as a technicality by the masses.

However, in the event the motion for this order is denied, I seek in the alternative that the retaliation claims be dismissed without prejudice as Ms. Lively has admitted that she herself has no facts or evidence to form a reasonable basis to sustain this particular claim. ( See Docket Number 596-1, Page 4, Line 22, 23 ) As well, I feel I have insufficient standing to properly invoke laches to seek this alternative to be with prejudice.

A couple more things to clear up, so please bear with me. I hereby, and through the court, serve informal notice to the Lively parties that, should I decide to move to quash, I will be forced to question the reasonableness of leaving my sensitive information in the hands of council for the Plaintiff given, despite the protective orders and rules of Procedure, the Circuit, the District, the Courthouse, and indeed the individual rules of this Court, their monumental lapses of late.

I will be citing both their recent appearance of unethical, and/or possibly negligent, practices of evidentiary leaks, as documented by several other interested non-parties including Mr Perez Hilton, who despite certain irreverences, has made some reasonable arguments. As well I will be raising my own concerns of possible incompetence, or at the very least, severe tactical errors.

To wit, one of the main lawyers for the Plaintiff, who dealt with the CRD matters:

1. Failed to file a signed authorization from her client with the CRD, as required by statute, before she filed the complaint on her client's behalf.
2. Failed to name the actual recipient of her client's occupational work in the CRD complaint, thereby precluding her client from legally having the right to sue It Ends With Us Movie, LLC. at all.
3. Misrepresented or perhaps misapprehended her client's role in the economic relationship stating her client was an "employee" of the parent company of the company she actually performed second-hand contract work for.
4. Failed to file further required paperwork with the EEOC to enable her client to have any claim at all to Title VII relief.
5. Failed to advise her client not to leak the draft CRD filing to the press as doing so violated criminal law in California. (Penal Code S. 637) Causing her client to unwittingly disclose private communications she was not a party to, to the world.

The other main lawyer has engaged in actions that do not evince an understanding of the legal requirement to mitigate damages before filing a lawsuit. It is clear that not only has he not properly advised his client to mitigate her own damages, he has allowed her to proceed in a course of unbelievable aggravation of her own damages. Not only that but his filings do not show that he understands opposing parties' role in mitigating their client's damages.

Justin Baldoni hired PR consultants to mitigate his damages that occurred at the hands of Blake Lively in 2024. He was required by law to mitigate his damages prior to filing a lawsuit. That mitigation involved PR counternarratives. Since this was all done in preparation for litigation, any conversations they had amongst themselves are privileged. Mr. Gottlieb's actions give the impression of an inability, on his part, to countenance that fact as confirmed by his recent filings seeking those communications.

Both Lively Firms have shown they've ostensibly misunderstood their own propoundings to parties. They asked which journalists a party communicated with. Then they ask the Court to make the quantum mental leap that any answer given automatically means said journalist was paid by the party to report slanted news on their behalf. As one social media post put it recently, that's as illogical as saying Woodward & Bernstein asking Nixon for comment automatically means Nixon paid them to publish the Watergate Scandal.

Are such seemingly unethical, or incompetent, or merely uncaring actions supposed to mollify people that such lawyers are worthy of trust in securing people's sensitive information? They have already leaked phone numbers, addresses, even medical data.

In preparation for a possible motion to quash, I also ask the Court, as a non-party, right now, for limited discovery from Lively. Namely any communications Ms. Lively has had with The New York Times, any of its employees or agents regarding the CRD complaint or the substance of its assertions. As well, I ask for the full unredacted transcript of her deposition from July 31st 2025. These will be helpful in arguing that the burden, including the risk of disclosure, outweighs the "benefit due", to a claim that, in my humble opinion, has no legal validity.

With Great Respect,

*[signature]*

J Alexander Townsend    Non-Party Pro Se