**manatt**

Esra A. Hudson
Manatt, Phelps & Phillips, LLP
Direct Dial: 310-312-4381
ehudson@manatt.com

August 15, 2025

<u>VIA ECF</u>

The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1620
New York, NY 10007

Re:   <u>*Lively v. Wayfarer Studios LLC, et al.*, No. 1:24-cv-10049-LJL</u>

Dear Judge Liman:

  Plaintiff Blake Lively respectfully submits this response in opposition to the letter-motion filed by the Wayfarer Defendants (ECF. No. 641) seeking to quash the third-party subpoena issued to Harco National Insurance Company ("Harco"). Harco is the named plaintiff in *Harco National Insurance Company v. Wayfarer Studios LLC*, Case No. 1:25-05949 (the "*Harco* Action"), which was filed on July 21, 2025 and has been assigned to Your Honor as a "related case" to the present action.

  The Wayfarer Defendants' motion to quash is the latest attempt to thwart Ms. Lively's efforts to obtain highly relevant and probative information needed to prosecute her claims. This time, the Wayfarer Defendants take issue with Ms. Lively pursuing discovery from their insurer—who issued *employment-related insurance policies* and is currently suing the Wayfarer Defendants based on their failure to disclose Ms. Lively's sexual harassment complaints. Harco claims the Wayfarer Defendants were aware of these complaints at least by November 2023 (based on Ms. Lively's service of the "Protections for Return to Production" request), if not earlier, because Harco notes that the **Wayfarer Defendants themselves admitted in their now-dismissed lawsuit against Ms. Lively that they were aware of complaints by her and others as early as May 2023**. (*See* Case No. 1:25-cv-05949, ECF No. 1 (the "*Harco* Comp."), ¶¶ 3- 4). Critically, the Wayfarer Defendants do not (and cannot) claim privilege, nor do they assert any other recognized basis to quash under Rule 45 of the Federal Rules of Civil Procedure. Their sole argument is that the information sought by Ms. Lively—against a *related* party that is suing them based on their failure to disclose their awareness of her sexual harassment claims—is somehow not relevant to the instant case. This position is legally untenable: it is black-letter law that in sexual harassment and retaliation cases (like the present) an employer's knowledge or awareness of harassment—including any investigation conducted therein—is highly relevant. Put differently, *what* the Wayfarer Defendants told Harco regarding these harassment claims, and *when*, speaks to key elements of Ms. Lively's causes of action. For these reasons, and the reasons below, the Wayfarer Defendants' motion to quash should be denied.

  By way of background, Harco is an insurance carrier that issued certain insurance policies to the Wayfarer Defendants.[1] (*See Harco* Comp., at ¶ 1.) Specifically, Harco issued a "Management Liability Policy" for the July 15, 2023 – July 15, 2024 and July 15, 2024 – July 15, 2025 periods (the "Policies"), which includes "Employment Practices Liability" coverage. (*Id.*, ¶¶ 1, 4.)

  According to Harco, on July 28, 2023, the Wayfarer Defendants submitted an application with Harco for insurance coverage—including for claims that may fall within the Employment Practices

---

[1] As used herein, the "Wayfarer Defendants" refers to Wayfarer Studios LLC ("Wayfarer"), It Ends With Us Movie LLC ("IEWUM"), Justin Baldoni, Jamey Heath, and Steve Sarowitz, each of whom are named as defendants in the *Harco* Action.

Liability coverage. (*Id.*, ¶¶ 4, 46, 60.) As part of this application, the Wayfarer Defendants (specifically, Defendant Heath) represented that: "No person or entity for whom this insurance is intended has any knowledge or information of any act, error, omission, fact or circumstance which may give rise to a claim which may fall within the scope of the [Employment Practices Liability Policy]." (*Id.*, ¶ 4; *see also Harco* Compl., Ex. B.) The Wayfarer Defendants made a similar representation the following year, July 10, 2024, as part of a policy renewal. (*Id.*, ¶ 60.) As part of their renewal application (made **seven months after** receiving the "Protections for Return to Production" demand), the Wayfarer Defendants expressly disclaimed the existence of "any claim, notice of potential claim or any situation that may give rise to a claim within the last 12 months." (*Id.*) And, in certifying this application, Defendant Heath confirmed the accuracy of their submission and further represented that **the Wayfarer Defendants "ha[ve] made a comprehensive internal inquiry or investigation** to determine whether any Applicant firm member is aware of any act, error, omission, personal injury, fact, circumstance, situation or incident which could be a basis for a claim or suit under the proposed insurance." (*Id.* (emphasis added).)

In late April 2025, the Wayfarer Defendants tendered the present case to Harco as a claim under the Policies. (*Id.*, ¶ 40.) On June 20, 2025, Harco denied the Wayfarer Defendants' tender based on their "failure[] to disclose Lively's prior allegations, complaints, and claims regarding sexual harassment during pre-production and on the set of the Film *as well as its failure to disclose the November 2023 Demand*." (*Id.*, ¶ 41 (emphasis added).) The following month, July 21, 2025, Harco brought suit against the Wayfarer Defendants, seeking declaratory relief that it has no duty to cover them based on, among other things, their prior knowledge of these harassment claims before submitting their application.

At the outset, the Wayfarer Defendants completely misstate the legal standard governing their own motion. (Mot. at 2.) As the movant, they (and not Ms. Lively) bear "the burden of persuasion in a motion to quash a subpoena issued in the course of civil litigation." *Lively v. Wayfarer Studios LLC*, 2025 WL 662896, at *1 (S.D.N.Y. Feb. 28, 2025) (Liman, J.) (citation omitted). Rule 45(d)(3)(A) of the Federal Rules of Civil Procedure requires a subpoena to be quashed "when it '(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.'" *LG Capital Funding, LLC v. Exeled Holdings Inc.*, 2023 WL 3993751, at *1 (S.D.N.Y. June 14, 2023) (Liman, J.) (denying motion to quash). In addition, Rule 45(d)(3)(B) permits a subpoena to be quashed if it requires the disclosure of (i) a "trade secret or other confidential research, development, or commercial information" or (ii) "an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(d)(3)(B).

Here, the Wayfarer Defendants do not move based on any ground recognized above[2]; instead, they simply claim that the documents sought are not "relevant to any claim or defense in the litigation." (Mot. at 3.) But "general and conclusory objections" such as these fall well-short of demonstrating a basis for quashing the subpoena. *See In re Subpoenas Served on Lloyds Banking Grp. PLC*, 2021 WL 5708721, at *4 (S.D.N.Y. Nov. 26, 2021) (denying motion to quash); *US Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, 2012 WL 5395249, at *3 (S.D.N.Y. Nov. 5, 2012) (denying motions to quash where movants made "[g]eneral and conclusory objections" regarding relevance and overbreadth); *In re Vale S.A.*, 2021 WL 311236, at *4-5 (S.D.N.Y. Jan. 29, 2021) (denying motions to quash where movants made "general assertions regarding the breadth, burden, and relevance of the subpoenas" and failed to carry their "burden

---

[2] The Wayfarer Defendants also fail to cite any authority supporting their standing to bring the present motion. *See, e.g.*, *Oakley v. MSG Networks, Inc.*, 2024 WL 5056111, at *3 (S.D.N.Y. Dec. 10, 2024) (denying motion to quash for lack of standing).

to establish that the subpoenas are overbroad"). Putting aside burden, the Wayfarer Defendants' motion should be denied for three additional reasons.

*First*, the Wayfarer Defendants' contention that "the Wayfarer Parties' 'notice' of Lively's claims is not relevant to any party's 'claim or defense,'" (Mot. at 2-3), reflects a fundamental misunderstanding of not only Ms. Lively's claims, but their own affirmative defenses. *When* the Wayfarer Defendants were first made aware of complaints of sexual harassment is a key issue in sexual harassment and retaliation cases, such as this. *Bradley v. Dep't of Corr. & Rehab.*, 158 Cal. App. 4th 1612, 1630 (2008) ("Once an employer is informed of the sexual harassment, the employer must take adequate remedial measures"); *Swenson v. Potter*, 271 F.3d 1184, 1193 (9th Cir. 2001) (same); *Trulsson v. Cnty. of San Joaquin Dist. Attorney's Off.*, 49 F. Supp. 3d 685, 689 (E.D. Cal. 2014) (an "essential" link for any retaliation claim "is evidence that the employer was aware that the plaintiff had engaged in the protected activity."). And, upon being made aware of these complaints, the Wayfarer Defendants had a duty to investigate—***their own affirmative defenses concede as much***. *See id.*; *see also* ECF No. 632, at Thirteenth Affirmative Defense (asserting that they "appropriately, completely, and fully performed and discharged any alleged obligations and any alleged legal duties arising out of the matters alleged in the Complaint."). Simply put, the Wayfarer Defendants' position in tendering a claim to Harco (including *when* they first learned of a potential harassment complaint and *what*, if any, investigation was performed) speaks directly to their purported awareness of harassment complaints, as well as their credibility given their repeated denial of their awareness of the same to Harco—both issues which are plainly relevant to the claims in this case.

*Second*, the Wayfarer Defendants' suggestion that the documents sought in the present subpoena should have been propounded upon them is entirely disingenuous—especially given their efforts to now quash this subpoena. That said, similar requests *were*, in fact, propounded upon them—which resulted in the production of **exactly one document** related to Harco. And, because the *Harco* Complaint was filed almost a week *after* the deadline for the parties to serve discovery, any subsequent requests (responses of which would be due *after* the August 15 deadline) would be met with obvious rejection. (*See, e.g.*, ECF No. 425.) Given the Wayfarer Defendants well-documented discovery failings and pattern of avoidance (*see* ECF Nos. 552, 610, 646), Ms. Lively cannot be expected to rely exclusively on them.

*Finally*, relying exclusively upon out-of-circuit authority, the Wayfarer Defendants argue that "information regarding insurance . . . beyond the policies themselves" is not required under Rule 26 and is not relevant. (Mot. at 2.) The Wayfarer Defendants are wrong. Courts in *this Circuit* have repeatedly held that "documents prepared in the ordinary course of an insurer's business (which by its nature, involves claim investigation and analysis) are not protected from discovery" and have compelled the production of the same. *OneBeacon Ins. Co. v. Forman Intern., Ltd.*, 2006 WL 3771010, at *5 (S.D.N.Y. Dec. 15, 2006) (collecting cases and compelling production of insurer's information) (cleaned up); *105 Street Associates, LLC v. Greenwich Ins. Co.*, 2006 WL 3230292, at *2 (S.D.N.Y Nov. 7, 2006) ("Merely because such an investigation was undertaken by attorneys will not cloak the reports and communications with privilege because the reports . . . are prepared as part of the 'regular business' of the insurance company"(citation omitted)); *Stephenson Equity Co. v. Credit Bancorp., Ltd.*, 2002 WL 59418, at *2-4 (S.D.N.Y. Jan. 16, 2002) (accord); *see also Schulman v. Saloon Beverage, Inc.*, 2014 WL 3353254, at *9-11 (D. Vt. July 9, 2014) (denying motion to quash subpoena addressed to insurer).

For all of these reasons, it is respectfully submitted that the Wayfarer Defendants' motion to quash be denied.

Hon. Lewis J. Liman
Page 4

Respectfully submitted,

/s/ Esra A. Hudson

| | |
|---|---|
| WILLKIE FARR & GALLAGHER LLP<br>Michael J. Gottlieb<br>Kristin E. Bender<br>1875 K Street NW<br>Washington, DC 20006<br>(202) 303-1000<br>mgottlieb@willkie.com<br>kbender@willkie.com<br><br>Aaron E. Nathan<br>787 7th Avenue<br>New York, NY 10019<br>(212) 728-8000<br>anathan@willkie.com<br><br>DUNN ISAACSON RHEE LLP<br>Meryl C. Governski (admitted *pro hac vice*)<br>401 Ninth Street, NW<br>Washington, DC 20004<br>(202) 240-2900<br>mgovernski@dirllp.com | MANATT, PHELPS & PHILLIPS, LLP<br>Esra A. Hudson (admitted *pro hac* vice)<br>Stephanie A. Roeser (admitted *pro hac v*ice)<br>2049 Century Park East, Suite 1700<br>Los Angeles, CA 90067<br>(310) 312-4000<br>ehudson@manatt.com<br>sroeser@manatt.com<br><br>Matthew F. Bruno<br>7 Times Sq.<br>New York, NY 10036<br>(212) 790-4500<br>mbruno@manatt.com |

*Attorneys for Blake Lively*