EXHIBIT 2

# M|R  MICHELMAN & ROBINSON, LLP

ATTORNEYS AT LAW

**SANFORD L. MICHELMAN**

smichelman@mrllp.com

Los Angeles Office

10880 Wilshire Blvd., 19th Floor

Los Angeles, CA 90024

**P** 310.299.5500  **F** 310.299.5600 www.mrllp.com

February 27, 2025

**Via Electronic Mail**

It Ends With Us Movie LLC
Wayfarer Studios LLC
c/o Bryan Freedman, Esq.
Liner Freedman Taitelman + Cooley
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
E-mail:  bfreedman@lftcllp.com

> Re:  ***Demand for Indemnification Pursuant to "It Ends With Us"
> Day/Weekly Player Contract for Theatrical Motion Pictures,
> Dated as of June 21, 2023, Between It Ends With Us Movie LLC and
> Isabela Ferrer ("Agreement")***

Dear Mr. Freedman:

This firm represents Isabela Ferrer in connection with disputes arising out of the development, production and/or exploitation of the motion picture "It Ends With Us" ("Picture") and disputes arising out of the above-referenced Agreement. Please direct all future communications about those issues to the undersigned.

As It Ends With Us Movie LLC and Wayfarer Studios LLC know, Ms. Ferrer has fully provided and performed the services she agreed to render pursuant to the Agreement. In connection with the Agreement, It Ends With Us Movie LLC (defined in the Agreement and referred to in this letter as "PSC") agreed to undertake certain obligations to Ms. Ferrer and, more specifically, agreed to indemnify Ms. Ferrer with respect to demands, costs and expenses incurred by Ms. Ferrer in connection with the Picture. Section 12(h) of PCS's Standard Terms and Conditions ("Indemnity Provision"), which were attached to and explicitly incorporated into the Agreement, reads in relevant part as follows:

> PSC indemnifies and ***shall keep the Artist fully and effectually indemnified from and against any and all*** claims, ***demands,*** actions, proceedings, ***costs,*** damages, liabilities, losses and ***expenses*** (including reasonable, outside legal costs) suffered or incurred by the Artist . . . (ii) ***arising in connection with the development, production, or exploitation of the Picture*** and all ancillary rights related thereto. (emphasis added).

Bryan Freedman, Esq.
It Ends With Us Movie LLC
February 27, 2025
Page 2


Ms. Ferrer was served with a Subpoena to Produce Documents, Information, or Objects in connection with the lawsuit titled *Lively v. Wayfarer Studios LLC*, U.S.D.C. Case Nos. 1:24-cv-10049 and 1:25-cv-00049 (the "Subpoena"). We have enclosed a copy of the Subpoena for reference. The Subpoena generally demands that Ms. Ferrer respond to the subpoena and produce documents, communications and other electronically stored information. Ms. Ferrer is now incurring, and will incur, costs and expenses, including legal costs and attorneys' fees, to appropriately respond to the Subpoena.

The Subpoena relates to the services Ms. Ferrer provided in connection with the production of the Picture. For example, Request for Production No. 1 asks Ms. Ferrer to produce her documents and communications exchanged with "any cast or crew members of the Film . . . **during production** of the Film" (emphasis added).[1] Similarly, Request for Production No. 4 demands the production of Ms. Ferrer's documents or communications concerning reports or complaints of "sexual harassment, discrimination, retaliation or any other inappropriate conduct **during production** of the Film" (emphasis added).

Under New Jersey law,[2] "[i]ndemnification agreements are interpreted in accordance with the general rules governing construction of contracts", and they will provide the indemnitee with coverage for the full scope indemnification called for by the agreement. *See Moore v. Nayer*, 729 A.2d 449, 461 (N.J. Super. Ct. App. Div. 1999) (enforcing indemnity provisions in trucking services agreement). "The plain language of the contract is the cornerstone of the interpretive inquiry; 'when the intent of the parties is plain and the language is clear and unambiguous, a court must enforce the agreement as written, unless doing so would lead to an absurd result' ". *Barila v. Board of Ed. Of Cliffside Park*, 230 A.3d 243, 255 (N.J. 2020) (quoting *Quinn v. Quinn*, 137 A.3d 423, 429 (N.J. 2016)).

Here, the demand being made on Ms. Ferrer through the Subpoena falls squarely within the scope of the Agreement's Indemnity Provision. The plain wording of the Subpoena's six production categories demonstrate that the costs and expenses Mr. Ferrer will incur in responding to the Subpoena arise in connection with the production of the Picture. Indeed, the costs that Ms. Ferrer will incur in responding to the Subpoena are the very type of expenses that a production company would be expected to reimburse to an actor who spent only a few days on set and was paid relatively little for her services when that actress is unnecessarily dragged into the extensive and expensive litigation being conducted between a film's producers and others.

We are demanding that PSC, and its manager and member Wayfarer Studios LLC, confirm as soon as possible, but **no later than** Wednesday, **March 5, 2025**, that PSC will indemnify Ms. Ferrer for all costs and expenses (including her attorneys' fees) that she is incurring and will incur in connection with her response to the Subpoena, as PSC is required to do pursuant to the Indemnity Provision. Absent such confirmation, Ms. Ferrer will be

---

[1]  In the Subpoena, the "Film" is defined as the movie "It Ends with Us," co-starring Blake Lively and Justin Baldoni.

[2]  The Agreement contains a choice of law provision that selects New Jersey law as the law applicable to the construction and interpretation of the Agreement.

Bryan Freedman, Esq.
It Ends With Us Movie LLC
February 27, 2025
Page 3

forced to take appropriate action against you to compel compliance with your contractual
indemnity obligations to her and to enforce other statutory and legal remedies available to
her to address your misconduct.

      Nothing in this letter is intended to be, or should be, construed as a waiver of
Ms. Ferrer's rights or remedies, all of which are expressly reserved.  Please do not hesitate
to contact me to further discuss this matter.

Very truly yours,

**MICHELMAN & ROBINSON, LLP**

Sanford L. Michelman

SLM/md
Enclosure