

Kevin Fritz<br>
*Partner*<br>
Direct (212) 655-3570<br>
kaf@msf-law.com

<u>Via ECF</u>
Hon. Lewis J. Liman                                         August 18, 2025
United States District Court
500 Pearl Street, Room 1620
New York, NY 10007

Re:    *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL

Dear Judge Liman:

As counsel for Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC ("IEWUM"), Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel (collectively, the "Wayfarer Parties"), we write in response to Isabela Ferrer's opposition to the Wayfarer Parties' motion to serve her by alternative means for the pendency of this action. The opposition is primarily an inappropriate attack upon Mr. Baldoni and his counsel (in violation of the Order dated August 8, 2025) (Dkt. 581) relating to matters not before the Court (*i.e.*, indemnification) and irrelevant to whether Ms. Ferrer should be served via alternative means.

Ms. Ferrer played the role of Young Lily Bloom in the film *It Ends With Us* (the "Film"). After Ms. Ferrer completed her work on the Film, she expressed her gratitude to Mr. Baldoni, stating that she had "an incredible experience" and praised him for creating "a comfortable, safe space" for her. (Dkt. 50-1, p. 46 – 47).

Rule 26(a)(1) requires parties to disclose the identity of "each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses…." (FRCP 26(a)(1)). According to Ms. Lively's Amended Initial Disclosures, [REDACTED] (Ex. A., p. 9). Therefore, Ms. Lively identified [REDACTED] In terms of an address, Ms. Lively's Amended Initial Disclosures identified [REDACTED] (*Id.*).

In February 2025, Ms. Lively issued a Subpoena to Ms. Ferrer who was represented by Mr. Michelman. (Dkt. 667-1, ¶¶ 2 - 4). Presumably, Mr. Michelman accepted service of the Subpoena on Ms. Ferrer's behalf, without objection. In July 2025, the Wayfarer Parties subpoenaed Ms. Ferrer for documents that she either neglected to produce or were not requested by Ms. Lively's Subpoena. (Dkt. 618-1). The Wayfarer Parties twice requested that Mr. Michelman accept service

of their Subpoena (Dkt. 618-2; Dkt. 618-3), a common professional courtesy that Mr. Michelman likely granted to Ms. Lively's counsel in connection with her Subpoena. Mr. Michelman ignored the Wayfarer Parties' requests. (Dkt. 618, ¶¶ 6, 7). Instead, Mr. Michelman prepared and filed a robust "opposition" to the motion for alternative service (most of which does not pertain to service) without explaining why he refused to accept service of the Wayfarer Parties' Subpoena or why his client is so reticent to testify. (Dkt. 667). Mr. Michelman seems more focused on IEWUM's purported contractual obligation to indemnify Ms. Ferrer and cover his fees. (Dkt. 667, ¶¶ 3 – 4). Ironically, Mr. Michelman's actions have unnecessarily increased those fees by creating issues where none should exist.

With respect to service, Ms. Ferrer's opposition suggests that the Wayfarer Parties were not diligent in their efforts to serve her but should have "reached out to Ms. Ferrer's talent agent" or "conducted a skip trace…." (Dkt. 666, p. 11). Naturally, we deemed Ms. Ferrer's counsel (and not her talent agent) as the appropriate person with whom to communicate concerning the Subpoena. As for the latter, we assure the Court that the two addresses at which service of the Subpoena was attempted were not derived out of thin air. We are happy to share the results of our due diligence with the Court, albeit that seems unnecessary given that Ms. Ferrer has counsel who has now appeared.

The opposition alleges that in attempting personal service (after her lawyer refused to accept service on her behalf, Mr. Baldoni is "harassing" Ms. Ferrer and attempting to "draw her deeper into litigation and disputes that she has done her best to avoid."[1] (Dkt. 666, p. 1). It was not the Wayfarer Parties who first subpoenaed Ms. Ferrer – it was Ms. Lively, and (again) Mr. Michelman appears to have accepted service of her Subpoena without objection. Ms. Lively should not be permitted to obtain discovery from Ms. Ferrer, while Ms. Ferrer and her counsel frustrate all effort by the Wayfarer Parties to obtain the discovery critical to the preparation of their defense. Given the circumstances, the Wayfarer Parties are willing to stipulate that *none of the parties* will use any communication to, from or concerning Ms. Ferrer, or any testimony from her, in any manner in this action. That stipulation will satisfy Ms. Ferrer's apparent desire to avoid involvement in the litigation and trial. If the other parties decline to enter into such a stipulation, and Ms. Ferrer and her counsel continue to resist service, the Court should enter an order excluding Ms. Ferrer as a witness and excluding the use of any communication to, from or concerning Ms. Ferrer, in any manner in this action.

Finally, to the extent that Ms. Ferrer believes that the Wayfarer Subpoena is overbroad (Dkt. 666, p. 15, 17) or otherwise objectionable, which it is not, she is entitled to serve formal objections thereto once the service issue has been resolved (FRCP 45(d)(2)(B)), a point that dispels any ludicrous notion of a "*quid pro quo*" in connection with the Subpoena. (Dkt. 666, p. 6).

For the reasons set forth above, as well as those contained in the Wayfarer Parties' initial papers, the Wayfarer Parties' motion to serve Ms. Ferrer via alternative means for the pendency of this action should be granted.

---

[1] In inflammatory fashion, the opposition uses the word "harass" over a dozen times. (Dkt. 666).

13133\1\9707405.v1

Respectfully submitted,

*/s/ Kevin Fritz*
MEISTER SEELIG & FEIN PLLC
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
kaf@msf-law.com

LINER FREEDMAN TAITELMAN + COOLEY, LLP
Bryan J. Freedman (*pro hac vice*)
Ellyn S. Garofalo (*pro hac vice*)
Miles M. Cooley (*pro hac vice*)
Theresa M Troupson (*pro hac vice*)
Summer Benson (*pro hac vice*)
Jason Sunshine
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
egarofalo@lftcllp.com
mcooley@lftcllp.com
ttroupson@lftcllp.com
sbenson@lftcllp.com
jsunshine@lftcllp.com

Mitra Ahouraian (*pro hac vice*)
2029 Century Park East
4th Floor
Los Angeles, CA 90067
(310) 376-7878
Email: mitra@ahouraianlaw.com

cc: all counsel of record (via ECF)