```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/21/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
:
BLAKE LIVELY,                                                  :
:
Plaintiff,                                  :
:                    24-cv-10049 (LJL)
-v-                                                      :
:                    MEMORANDUM AND
WAYFARER STUDIOS LLC, JUSTIN BALDONI,                          :            ORDER
JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH                      :
US MOVIE LLC, MELISSA NATHAN, THE AGENCY                       :
GROUP PR LLC, JENNIFER ABEL, JED WALLACE,                      :
STREET RELATIONS INC.,                                         :
:
Defendants.                                 :
:
---------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

The Wayfarer Parties[1] move for leave to serve third party Isabella Ferrer ("Ferrer") by alternative means pursuant to Federal Rules of Civil Procedure 4(e)(1), 4(e)(2), and 45, and New York C.P.L.R. 308(1)–(5). Dkt. No. 616. Ferrer opposes the motion and moves for sanctions under Federal Rule of Civil Procedure 45(d)(1), arguing that the subpoena is improper, burdensome, and designed to harass her. Dkt. No. 666. Both requests are denied.

Ferrer played the role of Young Lily Bloom on the set of the film *It Ends With Us*. Dkt. No. 618 ¶ 3. The Wayfarer Parties contend that Ferrer is a witness to facts surrounding the claims and defenses at issue in this case. *Id.* On two occasions, the Wayfarer Parties attempted to serve a subpoena *duces tecum* (the "Subpoena") by email on Ferrer through her attorney Sanford L. Michelman ("Michelman"), who represents her in this matter, but Michelman

---

[1] The Wayfarer Parties are Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel.

responded to neither email. *Id.* ¶¶ 4, 6–7.

The Wayfarer Parties have also unsuccessfully attempted to serve Ferrer in person at two locations. On August 6, 2025, at 6:17 PM, a process server attempted to serve Ferrer at a residential location in Brooklyn, New York, but he was unable to locate Ferrer, and three separate individuals who lived in the building said they did not know her. Dkt. No. 618-4. One of these individuals said that she was familiar with all the tenants in the building and that Ferrer was not one of them. *Id.* On August 8, 2025, at 2:09 PM, the process server again attempted service at the Brooklyn location, but neither the superintendent of the building nor a different resident knew of Ferrer, and service was unsuccessful. *Id.* A different process server also unsuccessfully attempted personal service at a residential location in Sag Harbor, New York, at various times on August 7, 8, and 9, 2025. Dkt. No. 618-5. The process server waited hours at the location without observing any movement inside. *Id.* A neighbor across the street said a "lady in her mid 50's usually comes and goes but [is] not there all the time." *Id.*[2]

Federal Rule of Civil Procedure 45 provides that "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). "'[R]ecognizing that nothing in Rule 45's language itself calls for personal service,' district courts in recent years 'have authorized alternative service that is reasonably designed to ensure that a witness actually receives a subpoena.'" *Sec. & Exch. Comm'n v. Pence*, 322 F.R.D. 450, 454 (S.D.N.Y. 2017) (quoting *Kenyon v. Simon & Schuster, Inc.*, 2016 WL 5930265, at *3 (S.D.N.Y. Oct. 11, 2016)). That said, before authorizing alternative service under Rule 45, courts in this Circuit—including this one—"typically require a party seeking leave to serve by alternative means 'to demonstrate a prior diligent attempt to personally serve.'" *Id.* (quoting *Kenyon*, 2016 WL 5930265, at *3); *see*

---

[2] Ferrer is a young actress. Dkt. No. 666 at 7.

also *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, 2009 WL 1313259, at *2–3 (S.D.N.Y. May 11, 2009). *But see Ultradent Prods., Inc. v. Hayman*, 2002 WL 31119425, at *4 (S.D.N.Y. Sept. 24, 2002) (authorizing alternative service under Rule 45 without requiring diligent attempts at personal service).

Ferrer objects to alternative service on the grounds that the Wayfarer Parties have not demonstrated adequate diligence in attempting to personally serve her. Dkt. No. 666 at 10–12. She states that not only have the Wayfarer Parties failed to provide any explanation as to why they believed she resided at the two addresses, but the Wayfarer Parties' own evidence in fact suggested she resided at neither. *See id.* Multiple neighbors at the Brooklyn location stated that they did not know Ferrer or that she did not live there, and Ferrer states affirmatively that she does not live at the Sag Harbor location. *Id.* at 10. She further asserts that there is no indication she has been purposefully evading service. *See id.*

The Wayfarer Parties have not demonstrated prior diligent attempts to serve Ferrer. Although courts in this Circuit do not require evidence of purposeful evasion before authorizing alternative service under Rule 45, *see, e.g.*, *Tube City IMS, LLC v. Anza Cap. Partners, LLC*, 2014 WL 6361746, at *1–3 (S.D.N.Y. Nov. 14, 2014), a party must, at a minimum, have some basis to believe that the address at which it is attempting service is one where the person can be served. *See Ahmed v. City of New York*, 2024 WL 2884039, at *2 (S.D.N.Y. May 23, 2024) (denying alternative service in part because the plaintiff "provide[d] no information that the home address at which service was attempted [was the non-party's] last known home address"); *cf. Keep on Kicking Music, Inc. v. UMG Recordings, Inc.*, 2025 WL 1905090, at *1 (S.D.N.Y. July 10, 2025) (authorizing alternative service where, among other things, the defendants tied the non-party witness to an address by means of an expired driver's license and "various change-of-

3

address, W-9, and electronic payment authorization forms listing the same address").

The Wayfarer Parties have provided no reason to believe that Ferrer could be served at either of the two locations, and the evidence now before the Court suggests that she cannot be. In their opening application, the Wayfarer Parties offer the unexplained statement contained in the declaration of counsel that counsel understood the two locations to be addresses for Ferrer. Dkt. No. 618 ¶¶ 8-9. No facts are offered to support that understanding. And the two "affidavits of due diligence" included with the motion provide reason that counsel would have had, before making the motion, to question that the locations were addresses for Ferrer. Dkt. Nos. 618-4, 618-5. In their reply, the Wayfarer Parties offer no more than an "assur[ance] . . . that the two addresses at which service of the Subpoena was attempted were not derived out of thin air." Dkt. No. 676 at 2. In other words, in the face of a challenge to whether they conducted adequate due diligence, the Wayfarer Parties simply ask the Court to accept that they did not choose the locations "out of thin air." *Id.* But the burden is on the Wayfarer Parties to justify alternative service. *See Pence*, 322 F.R.D. at 454; *Kenyon*, 2016 WL 5930265, at *3. And, if the diligence requirement is to have any teeth, it must mean that, when challenged, the party seeking alternative service must demonstrate not only that it attempted service, but that it did so at a location where the facts—and not just belief—indicated that service could be made. The Wayfarer Parties have offered no such facts here.

The Wayfarer Parties explain that they did not provide this information because doing so "seems unnecessary given that Ms. Ferrer has counsel who has now appeared." Dkt. No. 676 at 2. It is true that, at least in the Rule 4 context, alternative service may be appropriate "particularly when defendants have participated in the litigation." *Freeman Giuliani v. Giuliani*, 2024 WL 5054913, at *2 (S.D.N.Y. Dec. 10, 2024) (quoting *Hamza v. Yandik*, 2022 WL

4

976888, at *8 (N.D.N.Y. Mar. 31, 2022)). But it is also "a well-settled principle of law in this Circuit that merely appearing before the court does not waive the defense of insufficient service of process." *Telkamp v. Vitas Healthcare Corp. Atl.*, 2016 WL 777906, at *6 (D. Conn. Feb. 29, 2016). And Ferrer's counsel has not filed motions in this case or otherwise appeared except in relation to the Subpoena. An individual may in good faith seek the advice of counsel "without simultaneously and automatically appointing counsel as an agent for service of process or relieving an adversary of the otherwise applicable requirements for service of process." *Convergen Energy LLC v. Brooks*, 2020 WL 4038353, at *8 (S.D.N.Y. July 17, 2020). The Wayfarer Parties' motion for alternative service is therefore denied without prejudice to their ability to renew their request based on additional information specifying why their attempts at service have been diligent.

The Court likewise denies without prejudice Ferrer's request for sanctions against the Wayfarer Parties under Federal Rule of Civil Procedure 45(d)(1), which provides: "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). The Rule adds that the "court where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." *Id.* "Courts typically undertake a two-part inquiry to determine whether sanctions are warranted under Rule 45(d)(1): first, they determine whether the challenged subpoena imposes an undue burden and, second, if so, they consider whether the subpoenaing party took reasonable steps to avoid imposing such a burden." *Cheyne Cap. US, LP v. MPT Props. Trust, Inc.*, 2024 WL 3644316, at *6 (S.D.N.Y. July 31, 2024).

Ferrer argues that the Subpoena imposes an undue burden because it is largely

5

duplicative of a subpoena that Lively already served and that Ferrer already answered. Dkt. No. 666 at 2, 15–17. It may well be that certain materials the Wayfarer Parties now seek are duplicative of ones Ferrer already produced in response to Lively's subpoena, and that having to reproduce those materials might constitute an undue burden. *See Vlad-Berindan v. NYC Metro. Transp. Auth.*, 779 F. App'x 774, 778 (2d Cir. 2019) (summary order) ("Because duplicative . . . demands for documents 'impos[e] undue burden or expense on a person subject to the subpoena,' the court did not abuse its discretion with respect to Vlad-Berindan's subpoena requests." (quoting Fed. R. Civ. P. 45(d)(1))); 9 Moore's Federal Practice § 45.32 (3d ed. 2025) ("If the material sought by subpoena is readily available . . . from a party to the action . . . obtaining it through subpoena on a nonparty witness often will constitute an undue burden."). Given, however, that Ferrer has not yet even been served with the Subpoena, it is premature to decide whether and to what extent the Subpoena has imposed an undue burden on her. Presently, the Subpoena itself has imposed no burden on her. Indeed, the only current hardship Ferrer can point to is that stemming from the purported "need for Ms. Ferrer to file this opposition brief." Dkt. No. 666 at 16. Ferrer has cited no case in which a court has awarded Rule 45(1)(d) sanctions based solely on an individual's opposition to a motion for Rule 45 alternative service, and the Court declines to award any such sanctions. Should the Wayfarer Parties in fact serve a subpoena on Ferrer, and should Ferrer have objections to that subpoena, the proper course is for her to raise those objections in accordance with Federal Rule of Civil Procedure 45(d)(2)(B) or to file a motion to quash.

       The Wayfarer Parties' motion for alternative service is denied without prejudice. Ferrer's

request for Rule 45(d)(1) sanctions is denied without prejudice.

SO ORDERED.

Dated: August 21, 2025
New York, New York

_____
LEWIS J. LIMAN
United States District Judge