**LINER FREEDMAN TAITELMAN + COOLEY, LLP**
ATTORNEYS AT LAW

**1801 CENTURY PARK WEST, 5TH FLOOR**
**LOS ANGELES, CALIFORNIA 90067-6007**
TEL: (310) 201-0005
FAX: (310) 201-0045
E-MAIL: egarofalo@lftcllp.com

August 21, 2025

<u>Via ECF</u>
Hon. Lewis J. Liman
United States District Court, Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

**Re:** *Blake Lively v. Wayfarer Studios LLC, et al.,* **Case No. 1:24-cv-10049-LJL**

Dear Judge Liman:

On behalf of Wayfarer Studios LLC ("Wayfarer Studios"), It Ends With Us Movie LLC ("IEWUM"), Justin Baldoni, Jamey Heath, Steve Sarowitz, Melissa Nathan, The Agency Group PR LLC ("TAG"), and Jennifer Abel (the "Wayfarer Parties"), we write in response to the Court's request to address "the extent to which discovery 'through the present' is or is not appropriate for the specific requests identified in Dkt. No. 648-1." Dkt. 678.

As set forth in the Wayfarer Parties' Opposition, a request for documents ("RFP") through the present would be overbroad and burdensome, and the obligation is disproportionate to that on Lively—who produced documents only through December 31, 2024. Dkt. 610 at 14-17. If the Court requires the production of documents post-dating the complaint, it must be an obligation limited to requests seeking documents related to Lively's "claims that the retaliatory smear campaign is ongoing." This was the sole basis Lively proffered in her Motion for extending the cutoff date (Dkt. 553 at 6-7) and her deficiency letters (Dkt. 554-8), and the only allegation of a continuing wrong in Lively's complaint.

With her reply, Lively provides a list of 64 RFPs for which she claims documents "through the present" should be produced.[1] But only 13 of the RFPs on Lively's list are potentially relevant to the alleged "smear campaign" (RFPs 38, 39, 40, 41, 43, 44, 49, 50, 51, 52, 53, 54, and 57). Further, none of these requests are tethered to Lively's actual "smear campaign" allegation – which is limited to efforts by the Wayfarer Parties to "manipulate the media landscape against her using 'untraceable' sources to paint Ms. Lively [the only Plaintiff] as the aggressor, instead of the victim." Dkt. 496, at 1. The RFPs are not limited to documents painting *Lively* in a negative light, and ask for documents concerning efforts to seed, influence, boost, amplify, or engage with Social

---

[1] Lively's list only includes RFPs directed to Wayfarer Studios and not to any of the other Wayfarer Parties. Thus, pursuant to L.R. 37.1, the motion can therefore only be granted, if at all, as to Wayfarer Studios. Dkt. 646 at 7 n.8; Dkt. 648-1. Although Lively claims "equivalent requests exist for the remaining Wayfarer Defendants" (Dkt. 648) she is wrong. For example, RFPs 58, 62, 63, 64, 69-72, 76-80, 178-181 were only propounded on Wayfarer Studios and IEWUM and not the other Wayfarer Parties. Dkt. 554-2. It is not the Wayfarer Parties' burden to ferret through the requests to satisfy Lively's Rule 37.1 obligations. Therefore, Lively's motion must be denied as to RFPs directed to any party other than Wayfarer Studios.

Hon. Lewis J. Liman
August 21, 2025
Page 2

Media related to the Film, any Wayfarer Defendant, the Actions, Reynolds, or the Lively/Reynolds' "family" or "companies and without regard to whether the efforts paint Lively in a negative light. *See* RFP 38. As such, extending the cutoff date for these specific RFPs is not appropriate.

In her reply brief Lively newly argues that the remaining 51 RFPs, which cover a myriad of topics other than the smear campaign, should be produced through the present. She provides only two "examples," neither of which warrant extending the cut-off date. First, Lively claims documents "concerning any actual, alleged, or suspected harassment related to the Film" (RFP 22) should be produced through the present. RFP 22 encompasses post-complaint documents concerning Lively's claims, which are protected from disclosure by the attorney-client privilege and work product doctrine. To the extent RFP 22 also seeks information relating to other individuals' complaints made after Lively filed her complaint, her cited cases do not say this information is discoverable. In Lively's own words, "***prior*** complaints of sexual harassment and retaliation" are discoverable. Dkt. 646, p. 7 (emphasis added), citing *Delancey v. Well*s, 2025 WL 1009415, at *4 (S.D.N.Y. Apr. 4, 2025) (complaints post-dating plaintiff's employment termination have only a "marginal bearing" on a harassment claim). *See O'Rear v. Diaz*, 2024 WL 4903722, at *2 (S.D.N.Y. Nov. 27, 2024) (court limited the production of other complaints to "documents related to sexual harassment and sexual assault complaints made by [Defendant company] employees, from the two years predating her employment through the end of [plaintiff's] employment."). Further, RFP 22 improperly seeks information regarding claims made by other employees unrelated to sexual harassment. As pointed out by another of Lively's cases, other employees' claims are only "discoverable if limited to the same form of discrimination." *Harris v. Bronx Parent Hous. Network, Inc*., 2020 WL 763740, at *3 (S.D.N.Y. Feb. 14, 2020). Courts also "cabin the discovery" to complaints against the same wrongdoer and do not allow all documents concerning those other complaints. *Delancey*, 2025 WL 1009415, at *4.

Second, Lively claims "changes in Wayfarer's policies and procedures" through the present should be produced but does not identify which request covers this subject, and neither of her two cited cases dealt directly with "policies and procedures" or provided any blanket rule. *Trinidad v. Roman Cath. Diocese of Brooklyn*, 2023 WL 3984341, at *3 (E.D.N.Y. June 13, 2023) (court found defendant's redactions related to "subsequent remedial measures" must be produced); *Holick v. Cellular Sales of New York*, LLC, 2014 WL 4771719, at *1 (N.D.N.Y. Sept. 24, 2014) (court found discovery of defendants' reclassification of independent contractors to wage was "germane to some of the legal issues" in dispute in the FLSA case). Further, the potential RFPs this category might relate to (Nos. 67, 80 and 82) are not proportional to the needs of the case. They seek documents concerning "personnel policies," "any equal opportunity discrimination, harassment, or retaliation training," and "corporate policies, memorandum, or internal Communications concerning discrimination, harassment prevention, retaliation, or workplace safety." None of the RFPs are limited to Wayfarer's written policies and procedures regarding gender-based harassment, discrimination, or retaliation. It is not the Wayfarer Parties or the Court's responsibility to rewrite Lively's requests.

In sum, discovery "through the present" is not appropriate for any of the specific requests identified in Dkt. No. 648-1. The Wayfarer Parties respectfully request that the Court deny Lively's Motion to Compel seeking documents through the present and deny the motion in its entirety.

Hon. Lewis J. Liman
August 21, 2025
Page 3

                    Respectfully submitted,

                    */s/*    *Ellyn S. Garofalo*
                    LINER FREEDMAN TAITELMAN + COOLEY, LLP
                    Bryan J. Freedman*
                    Ellyn S. Garofalo*
                    1801 Century Park West, 5th Floor
                    Los Angeles, CA 90067
                    Tel: (310) 201-0005
                    Email: bfreedman@lftcllp.com
                            egarofalo@lftcllp.com
                      *Admitted *Pro Hac Vice*

cc: all counsel of record (via ECF)

445469.1