# manatt

Esra A. Hudson
Manatt, Phelps & Phillips, LLP
Direct Dial: 310-312-4381
ehudson@manatt.com

August 21, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1620
New York, NY 10007

Re:     *Lively v. Wayfarer Studios LLC, et al.*, No. 1:24-cv-10049-LJL

Dear Judge Liman:

In light of the Court's invitation for the Wayfarer Defendants to "address[] the extent to which discovery 'through the present' is or is not appropriate," by today's date (ECF No. 678 at 2), Plaintiff Blake Lively respectfully submits this supplemental letter to highlight the relevance of Exhibit A that was attached to the just-filed Declaration of Non-Party James Vituscka (ECF Nos. 684, 684-1 ("Exhibit A")). Exhibit A is a text communication dated December 25, 2024 that shows one of the central claims asserted by the Wayfarer Defendants in this case—that Leslie Sloane told Mr. Vituscka that Ms. Lively was "sexually assaulted" by Justin Baldoni—had no reasonable basis in fact. This false allegation was the pretense upon which the Wayfarer Defendants sued Ms. Sloane, her company, *and* Ms. Lively (via an agency theory) for defamation. Exhibit A presents clear evidence that Bryan Freedman and Melissa Nathan understood, no later than December 25, 2024, that their core factual allegation regarding this defamation claim was baseless. Furthermore, neither Ms. Nathan, nor any of the Wayfarer Defendants or their counsel, have produced the December 25 text chain, raising the question whether their insistence on maintaining a December 20 cut-off date is motivated by their possession of this and/or similar documents. Accordingly, Exhibit A supports Ms. Lively's requests for discovery from the Wayfarer Defendants through the present because it demonstrates precisely the kind of evidence that the Wayfarer Defendants *and their counsel* possess, yet have concealed, post-dating their proposed discovery cut-off date of December 20, 2024.

As brief background, in three separate complaints, the Wayfarer Defendants relied upon supposed statements from Ms. Sloane suggesting that Ms. Lively was "sexually assaulted" by Mr. Baldoni: (i) their initial complaint against the *New York Times* (the "NYT"), filed on December 31, 2024 in California state court ("NYT Complaint"); (ii) their original complaint against Ms. Lively, filed on January 16, 2025, *see* Case No. 25-cv-449, ECF No. 1 (the "Wayfarer Compl."); and (iii) their first amended complaint filed on January 31, 2025, ECF No. 50 (the "Wayfarer FAC") (together, with the Wayfarer Compl., the "SDNY Complaints"). In their NYT Complaint, the Wayfarer Defendants included *undated* excerpts of the text messages identified in Exhibit A, which left open for interpretation the timing and sequencing of events. Two days later, however, the Wayfarer Defendants filed an "errata" to the NYT Complaint, removing the very text messages in Exhibit A based on a "reporter's privilege." *See* Ex. 1, attached hereto. In addition, they omitted these same text messages in the two complaints filed before this Court and instead included **only** the text message between Mr. Vituscka and Defendant Nathan—in which Mr. Vituscka allegedly

suggested that "[Leslie Sloane] is saying that [Ms. Lively] was sexually assaulted." *See* Wayfarer Compl., ¶ 191; Wayfarer FAC, ¶ 193 (same).[1] The Wayfarer Defendants relied on this specific text message between Mr. Vituscka and Ms. Nathan in their SDNY Complaints (**which also has not been produced by Ms. Nathan or any Wayfarer Defendant in discovery even though it is cited in the SDNY Complaints**) as support for their allegation that Ms. Lively's publicist, Leslie Sloane, "lied to portray Baldoni as the foe" and "escalated the false narrative by telling the reporter that [Ms. Lively] was '*sexually assaulted*'—an unsubstantiated accusation . . . designed to destroy Baldoni and his reputation." Wayfarer Compl., ¶ 191 (emphasis added); Wayfarer FAC, ¶ 193 (same). The Wayfarer Defendants relied upon this "sexual assault" allegation to advance their defamation suits against Leslie Sloane and Vision PR, Inc. (the "Sloane Parties") and Ms. Lively, and to support their oppositions to the Sloane Parties and Ms. Lively's motions to dismiss, filed on March 6, 2025 and April 3, 2025, respectively. *See* ECF No. 121 at 14, 23, 30, 39-41 (relying upon the "sexual assault" allegations to support defamation claim against Sloane Parties); ECF No. 162 at 13-19 (arguing that Ms. Lively was liable for the Sloane Parties' statements). However, according to Exhibit A, before any of these complaints were even filed, the Wayfarer Defendants and Mr. Freedman apparently knew that this "sexual assault" allegation was patently baseless. They knew so at the time they filed an errata that obscured this revelation from their NYT Complaint, they knew so when they made their allegations in this action notwithstanding knowledge of the same, and they have not produced the entire text chain that would clarify the sequencing and timing in the way Exhibit A now has.

To summarize, Exhibit A confirms that the Wayfarer Defendants and Mr. Freedman knew on **December 25, 2024** (or three weeks *before* they filed the original complaint in this action alleging defamation against the Sloane Parties and Ms. Lively) that *Ms. Sloane did not tell Mr. Vituscka that Ms. Lively was sexually assaulted by Mr. Baldoni*.

Putting aside the many issues that this revelation presents,[2] Mr. Vituscka's text messages with Defendant Nathan and Mr. Freedman are *exactly* the types of communications that Ms. Lively sought when she propounded discovery demands not only upon the Wayfarer Defendants, *but also Liner Freedman Taitelman Cooley, LLP*. To be sure, these communications were not just related to the Wayfarer Defendants' now-dismissed claims, they are also responsive to any number of requests propounded by Ms. Lively—including Request Nos. 5, 8, 9, 22-25, 32, 38, 40 (*see* ECF No. 648-1)—and plainly rebut the Wayfarer Defendants' disingenuous notion that negative narratives against Ms. Lively (and the Sloane Parties) were "organic." This specific narrative about "sexual assault" was plainly created by the Wayfarer Defendants and their counsel. In fact, these communications remove any doubt as to Mr. Freedman's direct involvement and interaction with media outlets regarding Ms. Lively and her complaints. These communications also confirm that the Wayfarer Defendants and Mr. Freedman appear to have knowingly made allegations on the basis of "sexual assault" statements that they had no reasonable basis to believe were made, when they filed each of their SDNY Complaints and opposed the Sloane Parties' and Ms. Lively's motions to dismiss. Further, it is clear that the Wayfarer Defendants have intentionally withheld

---

[1] To be clear, the SDNY Complaints *excluded entirely* the text messages identified in Exhibit A to the Vituscka Declaration.

[2] On its face, Exhibit A raises a host of concerning issues that likely will impact Ms. Lively's pending Rule 11 and Rule 3.6 motions, as well as her forthcoming motion for attorneys' fees, treble damages, and punitive damages pursuant to California Civil Code Section 47.1.

Hon. Lewis J. Liman
Page 3

these plainly relevant and responsive communications based on their arbitrary December 20, 2024 cutoff date. For these additional reasons, it is respectfully submitted that Ms. Lively's Motion to Compel be granted in its entirety and the Wayfarer Defendants be compelled to produce responsive discovery through the present.

Respectfully submitted,

/s/ Esra A. Hudson

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com

Aaron E. Nathan
787 7th Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

DUNN ISAACSON RHEE LLP
Meryl C. Governski (admitted *pro hac vice*)
401 Ninth Street, NW
Washington, DC 20004
(202) 240-2900
mgovernski@dirllp.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (admitted *pro hac* vice)
Stephanie A. Roeser (admitted *pro hac v*ice)
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
7 Times Sq.
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

*Attorneys for Blake Lively*