

Sigrid S. McCawley
Telephone: 954-356-0011
Email: smccawley@bsfllp.com

August 22, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1620
New York, New York 10007

      Re:    *Lively et al. v. Wayfarer Studios LLC et al*, No. 24 Civ. 10049 (LJL)
            [rel. No. 25 Civ. 779]

Dear Judge Liman:

      On behalf of Leslie Sloane and Vision PR, Inc. (the "Sloane Parties"), we respectfully submit this letter in support of the Sloane Parties' motion for attorneys' fees and costs. *See* ECF No. 371 ("the Motion"). Specifically, we request that the Court consider exhibit A to the August 21, 2025 declaration of James Vituscka when deciding the Motion. *See* ECF No. 684. This exhibit, which is text messages among Vituscka, Melissa Nathan, and Bryan Freedman, conclusively establishes that the Wayfarer Parties filed knowingly false allegations against the Sloane Parties solely to inflame the public and censor Ms. Sloane.

      In the Motion, the Sloane Parties request that the Court award them attorneys' fees and costs pursuant to New York's anti-SLAPP law and/or the Court's inherent powers. The exhibit to the new Vituscka declaration is squarely relevant to the Motion because it shows that the Wayfarer Parties' now-dismissed claims were filed in bad faith and lacked "a substantial basis in law and fact" within the meaning of N.Y. Civ. Rights Law § 70-a(1)(a).[1] *See* Motion at 15–18, 22–24.

      The closest the Wayfarer Parties came to stating a plausible defamation claim against the Sloane Parties was their allegation that Ms. Sloane told James Vituscka, a reporter for the Daily Mail, "that Blake was 'sexually assaulted.'" ECF No. 50 ¶ 193. As their sole support for that contention, the Wayfarer Parties purported to rely on a text message from Vituscka that said, "now she's saying that Blake was sexually assaulted," *id.*, which was ambiguous at best, *see* ECF No. 296 at 93 n.48 (the Court discussing the text's ambiguity). In a June 4, 2025, declaration, however, Vituscka made clear that "Ms. Sloane never told [Vituscka] that Ms. Lively was sexually harassed or sexually assaulted by Justin Baldoni or anyone else." ECF No. 286-1 ¶ 5. He further revealed that the Wayfarer Parties did not investigate or "consult" him as to what Vituscka meant by his use of the phrase "sexually assaulted" before they wrongfully attributed those words to Ms. Sloane and filed their complaint against her. *Id.* ¶ 6.

      In his new August 21, 2025, declaration, Vituscka discloses a text chain that shows that on December 25, 2024, Vituscka explicitly told Melissa Nathan and Bryan Freedman, "**never once did [Ms. Sloane] say anything about sexual assault**." ECF No. 684-1 (emphasis added). Vituscka

---

[1] "Generally, courts in this Circuit look 'favorably on efforts to supplement the record absent prejudice or bad faith.'" *Arthur v. Orchestrate Bus. LLC*, 2025 WL 2201067, at *2 (S.D.N.Y. Aug. 1, 2025) (quoting *SL-x IP S.Á.R.L. v. Bank of Am. Corp.*, 2019 WL 8362064, at *1 (S.D.N.Y. Feb. 16, 2019)).

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com

apparently made this statement *after* he sent the ambiguous text message that is pictured at paragraph 193 in the Amended Complaint, and certainly *before* the Wayfarer Parties' claims against the Sloane Parties were filed. Despite this unequivocal clarification, three weeks later, the Wayfarer Parties sued Ms. Sloane based on the knowingly false allegation that she accused Baldoni of sexual assault. ECF No. 50 ¶ 193. The Wayfarer Parties' disregard for the truth could not be more brazen.

In opposition to the Motion, the Wayfarer Parties cavalierly argued that they had "every right to rely" on the text message pictured at paragraph 193 in the Amended Complaint. ECF No. 392 at 24. But exhibit A to Vituscka's August 21, 2025 declaration makes clear that the Wayfarer Parties and their counsel had no good faith basis whatsoever to believe the truth of their allegations and were in fact directly told before the filing of the first complaint that their allegations were not correct. Yet throughout the litigation, the Wayfarer Parties doubled down, repeatedly accusing Ms. Sloane of calling Baldoni "a 'sexual predator' who sexually assaulted Lively," at all times knowing that was untrue. ECF No. 121 at 19; *see also* ECF No. 193 at 1.

Making things worse, the Wayfarer Parties deliberately concealed the date of this text message and obscured the timeline, forcing Ms. Sloane to endure months of financially and emotionally devastating litigation, all while knowing their key allegation against her was a lie. The Wayfarer Parties included an *undated* version of this text message in their now-dismissed California action against the New York Times, *see* ECF No. 190-3 at 16, but two days later, filed an "errata" to that complaint, removing that very text message, *see* ECF No. 687-1. The Wayfarer Parties also refused to produce a full, dated version of this text chain in discovery, forcing the Sloane Parties to file multiple motions to compel discovery in pursuit of this communication, among other basic evidence. *See* ECF Nos. 190, 232. Finally, during a May 28, 2025, meet and confer, the Wayfarer Parties' counsel finally agreed to produce this text message, *see* Exhibit A, but unsurprisingly, they never actually did so, and apparently have not done so to date, *see* ECF No. 687. The Wayfarer Parties' gamesmanship further evidences their bad faith.

In short, the December 25, 2024, text message sent to and received by Melissa Nathan and Bryan Freedman confirms that the Wayfarer Parties never had a good faith, substantial basis for their claim that Ms. Sloane accused Baldoni of sexual assault. Quite the opposite, the Wayfarer Parties have known all along that that allegation is a flat out lie that the Wayfarer Parties have maintained until now, including in various filings for which they owed the Court a duty of candor, and which was only exposed by a third party's production of documents that the Wayfarer Parties clearly possess but have wrongfully withheld. The Sloane Parties therefore respectfully submit that they are entitled to their attorneys' fees and costs pursuant to New York's anti-SLAPP law and/or the Court's inherent powers.

We thank the Court for its attention to this matter.

Respectfully Submitted,

*/s/ Sigrid S. McCawley*
Sigrid S. McCawley

BOIES SCHILLER FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Telephone: (954) 356-0011
smccawley@bsfllp.com

Andrew Villacastin
Lindsey Ruff
Rachael Schafer
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
avillacastin@bsfllp.com
lruff@bsfllp.com
rschafer@bsfllp.com

*Attorneys for Leslie Sloane
and Vision PR, Inc.*