

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806

New York | Los Angeles | Miami

pryorcashman.com

**Maxwell Breed**

Direct Tel: (212) 326-0113
mbreed@pryorcashman.com

August 22, 2025

**VIA ECF**

Hon. Lewis L. Liman
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    **Supplemental Letter in Support of Motion to Seal—*Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL**

Dear Judge Liman:

On behalf of nonparties Katherine Case and Breanna Butler Koslow, we write, in accordance with your Honor's instruction (Dkt. 680), to particularize grounds for sealing and redacting portions of four exhibits (Dkts. 554-19, 554-22, 554-23, and 554-30) to plaintiff Blake Lively's Omnibus Motion to Compel (Dkt. 553).[1] We respectfully submit that the narrow redactions are necessary to protect both confidential business relationships and the privacy and reputational interests of nonparties.

Consistent with the Second Circuit's framework in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), the first determination is whether the material sought to be sealed qualifies as a "judicial document." Where, as here, excerpts of messages are irrelevant to the Court's adjudicative function, no presumption of access attaches. Courts have confirmed that discovery materials retain their non-judicial character even when filed in discovery motions. *E.g.*, *Authors Guild v. OpenAI Inc.*, No. 23-CV-10211 (SHS) (OTW), 2025 WL 66500, at *2 (S.D.N.Y. Jan. 10, 2025) (holding that the non-judicial character of discovery materials is not altered by a court's review of those materials in discovery motions). And even if a limited presumption applied, it is overcome by strong privacy interests. *See Al Thani v. Hanke*, No. 20-CV-4765 (JPC), 2021 WL 2789276, at *1 (S.D.N.Y. Jan. 15, 2021) (granting request to redact names because "the privacy interests of [defendants'] . . . investors, who are not parties to this case and whose identities are not relevant to the resolution of the motions . . . , outweigh the presumption of public access"). In line with this precedent, our narrowly tailored redactions—limited to nonparty TAG clients and

---

[1] The Court has previously approved and applied redactions limited to the personal identifying information of conversation participants. We do not address those redactions in this submission.

**PRYOR CASHMAN LLP**

Hon. Lewis L. Liman
August 22, 2025
Page 2

discussions irrelevant to the specific facts of this case—fall outside the presumption and are properly withheld to protect confidentiality and privacy.

Each proposed redaction involves nonresponsive communications of Ms. Case and Ms. Butler Koslow about private crisis management work for nonparty clients of defendant The Agency Group PR LLC. The redacted portions do not bear on the issues raised by Ms. Lively's motion and do not relate to her (or any other parties') claims. The redacted portions are not relevant to the adjudicative process and carry, at most, a weak presumption of access. Each proposed redaction is treated below, referring to the nonparties generically.

**Exhibit 19** (BBKOSLOW-000001684):

| No. | Bates | Description |
|---|---|---|
| 1 | BBKOSLOW-000001687 | The redaction covers messages about strategic considerations and responsive measures for a nonparty TAG client. These communications include confidential client relationships and private business affairs unrelated to this action and are Confidential under the Protective Order. |

**Exhibit 22** (BBKOSLOW-000004640):

| No. | Bates | Description |
|---|---|---|
| 2 | BBKOSLOW-000004642 | The redaction covers a message about a nonparty TAG client, together with strategic considerations. The content involves confidential client relationships and private business matters unrelated to this proceeding and should be sealed as Confidential under the Protective Order. |
| 3–4 | BBKOSLOW-000004643 | The redactions cover messages addressing news coverage and articles about a nonparty TAG client. The information implicates client relationships and communications of a personal nature unrelated to this litigation and should remain Confidential under the Protective Order. |

**Exhibit 23** (KCASE-000004949):

| No. | Bates | Description |
|---|---|---|
| 5–8 | KCASE-000004951 | The redactions cover messages about a nonparty TAG client, and strategic public-relations work, including strategy discussions, media monitoring activities, and a voice note with identifying information. Continued disclosure would air nonpublic client relationships, confidential business plans, and sensitive communications unrelated to this matter, all of which are designated Confidential under the Protective Order. |



Hon. Lewis L. Liman
August 22, 2025
Page 3

**Exhibit 30** (BBKOSLOW-000008602):

| No. | Bates | Description |
|---|---|---|
| 9 | BBKOSLOW-000008603 | The redactions cover messages providing a status update about work performed for a nonparty TAG client. This nonpublic client relationship is sensitive, unrelated to this litigation, and Confidential under the Protective Order. |
| 10 | BBKOSLOW-000008603 | The redactions cover messages about a nonparty TAG client, together with strategic considerations and responses. The content involves confidential client relationships and private business matters unrelated to this proceeding and should be sealed as Confidential under the Protective Order. |
| 11–12 | BBKOSLOW-000008606 | The redactions cover messages about media monitoring and strategy for a nonparty TAG client. These communications include confidential client relationships and strategy unrelated to this litigation and are Confidential under the Protective Order. |
| 13 | BBKOSLOW-000008606 | The redactions cover messages about media monitoring and strategy for a nonparty TAG client. These communications include confidential client relationships and strategy unrelated to this litigation and are Confidential under the Protective Order. |
| 14–29 | BBKOSLOW-000008607–BBKOSLOW-000008609 | The redactions cover messages about nonparty TAG clients, as well as discussions regarding strategy, coordination, and planning for those client engagements. The information reflects nonpublic client relationships and sensitive business communications unrelated to the action and should remain Confidential under the Protective Order. |
| 30 | BBKOSLOW-000008609 | The redaction covers a message transmitting a link about a nonparty TAG client. Continuing disclosure would air confidential client relationships and personal identifiers unrelated to the litigation, warranting Confidential treatment under the Protective Order. |

We thus respectfully request that the Court seal the specified portions of Exhibits 19, 22–23, and 30.

Respectfully,

Maxwell Breed

cc.    All Counsel (by ECF)