# EXHIBIT 6

CONFIDENTIAL

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| BLAKE LIVELY,<br><br>Plaintiff,<br><br>-v-<br><br>WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, THE AGENCY GROUP PR LLC, JENNIFER ABEL, JED WALLACE, and STREET RELATIONS INC.,<br><br>Defendants.<br><br>WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, JENNIFER ABEL, and STEVE SAROWITZ,<br><br>Plaintiffs,<br><br>-v-<br><br>BLAKE LIVELY, RYAN REYNOLDS, LESLIE SLOANE, VISION PR, INC., and THE NEW YORK TIMES COMPANY.<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Case No. 1:24-cv-10049-LJL<br>(consolidated with 1:25-cv-00449-LJL) |

## DEFENDANT JED WALLACE'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

To:     Blake Lively, by and through her attorneys, Esra A. Hudson, Stephanie Roeser, Manatt, Phelps & Phillips, LLP, 2049 Century Park East, Suite 1700, Los Angeles, California 90067.

Pursuant to Fed. R. Civ. P. 26 and 34, Defendant Jed Wallace ("Wallace"), by and through

CONFIDENTIAL

his attorneys, hereby serves his objections and responses to Plaintiff's First Set of Requests for Production subject to his pending motion to dismiss where he contests this Court's jurisdiction over him, among other matters.

Respectfully submitted,

**JACKSON WALKER LLP**

*/s/ Charles L. Babcock*
Charles L. Babcock
SDNY #5451117
Joel R. Glover
SDNY #5697487
JACKSON WALKER LLP
1401 McKinney, Suite 1900
Houston, TX 77010
(713) 752-4200
cbabcock@jw.com
jglover@jw.com

**ATTORNEYS FOR DEFENDANTS JED WALLACE, AN INDIVIDUAL, AND STREET RELATIONS INC.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was served via electronic delivery on July 3, 2025, in accordance with the Federal Rules of Civil Procedure, on all counsel of record for Plaintiff Blake Lively.

*/s/ Joel R. Glover*
Joel R. Glover

CONFIDENTIAL

## I.    <u>PRELIMINARY STATEMENTS</u>

Wallace objects to Lively's First Set of Requests for Production of Documents because it constitutes as merits discovery before the Court has decided whether it has jurisdiction over Wallace. As explained in Wallace's motion to dismiss, the Court lacks jurisdiction over Wallace, and Lively has not shown a prima facie case for personal jurisdiction warranting jurisdictional discovery, let alone merits discovery. The Circuit has recognized that, absent an order for jurisdictional discovery, "until she has shown a reasonable basis for assuming jurisdiction, [Lively] is not entitled to any other discovery." *Filus v. Lot Polish Airlines*, 907 F.2d 1328, 1332 (2d Cir. 1990); *see also Hong Leong Finance Limited (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 75 (S.D.N.Y. 2013) (being mindful of the Court's obligation not to proceed unnecessarily with merits discovery in a case over which the Court may lack jurisdiction). Wallace responds to this set of Requests for Production of Documents subject to and without waiving any of his arguments regarding personal jurisdiction.

Any work performed by Wallace was in his capacity as an officer of Street Relations Inc. ("Street").

## II.    <u>OBJECTIONS THAT APPLY TO ALL REQUESTS</u>

1.    Rule 26(b)(1) specifically limits discovery to "nonprivileged matter[s]." Wallace objects to every request seeking documents or communications protected from disclosure by the attorney-client privilege, the work-product doctrine, the spousal privilege, or any other applicable privilege, and Wallace will not produce any such documents.

2.    Even if the subject is relevant, "the request for 'any and all' documents concerning that subject is inherently overbroad." *Gropper v. David Ellis Real Est., L.P.*, No. 13 CIV. 2068 ALC JCF, 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014); *see also C.D.S. Inc. v. Zetler*, No. 16CV3199VMJLC, 2016 WL 11651898, at *2 (S.D.N.Y. Dec. 14, 2016) (such requests are

CONFIDENTIAL

"plainly overbroad and impermissible"). When a request targets "all documents," even when "the information sought is arguably relevant to Plaintiffs' claims and Defendants' defenses, it also is disproportionate to the needs of the case and unduly burdensome and would expose Plaintiffs to unnecessary annoyance and embarrassment." *Mangahas v. Eight Oranges Inc.*, No. 22-CV-4150 (LJL), 2022 WL 14106010, at \*\*2-3 (S.D.N.Y. Oct. 24, 2022) (finding that "all documents" requests were "plainly overbroad" and granting a motion for protective order against having to respond to those requests); *see also In re Exactech Polyethylene Orthopedic Prods. Liab. Litig.*, 347 F.R.D. 572, 582 (E.D.N.Y. 2024) ("Therefore, on their face, RFPs seeking "all documents" from undefined [terms] are overly broad, and the burden of producing further responses to these RFPs outweighs the likely benefit of the requested documents."). Accordingly, Wallace objects to Lively's requests on the basis that they are facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible.

### III.    OBJECTIONS TO DEFINITIONS

3.    Wallace objects to the definition of "Content Creator," because it is overbroad, as it could include any individual with a social media account. Wallace further objects to this definition as vague and ambiguous, as it includes several subjective, ambiguous, and undefined actions such as "seeds, generates, creates or influences"; and it incorporates the definition of "Social Media," which is itself overbroad, confusing, and ambiguous.

4.    Wallace objects to the definition of "Digital Campaign," because it is vague, ambiguous, and overbroad as it includes "efforts . . . to communicate information regarding" a laundry list of subjects and topics, including other objectionable defined terms. The definition is made further vague and ambiguous because it is unclear what is meant by "narrative or virality," including how this phrase fits into the overall definition as constructed. The definition is further objectionable on the basis that it includes several subjective, ambiguous, and undefined qualifiers

CONFIDENTIAL

such as "seed influence, boost, amplify, or engage with social media algorithms, narrative or virality."

5.      Wallace objects to the definition of "Lively/Reynolds Companies," because it is vague, ambiguous, and overbroad, as it includes "Ms. Lively and Mr. Reynolds's affiliated entities, . . . and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates."

6.      Wallace objects to the definitions of "Street Relations" and "You," "Your," or "Yours" as using broader definitions than the definition in Local Civil Rule 26.3(c)(5).

7.      Wallace objects to the definition of "Wayfarer Defendants" as including Street and Wallace. As a result, requests employing this definition necessarily seek irrelevant information – i.e., all documents and communications concerning Street and Wallace – and thus are facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible; and the scope of the requested discovery is not proportional to the needs of the case. For purposes of Wallace's responses, Wallace is excluding Wallace and Street from the definition of Wayfarer Defendants.

## IV.    OBJECTIONS TO INSTRUCTIONS

8.      Wallace objects to Instruction 1 on the basis that it goes beyond the obligations imposed by Fed. R. Civ. P. 34, which requires only the production of documents in the "possession, custody, or control" of the responding party. Wallace will only produce documents within his possession, custody, or control.

9.      Wallace objects to Instruction 2 and the time period set forth therein. Wallace's production(s) will be limited to the relevant time period, July 1, 2024 – December 20, 2024.

10.     Wallace objects to Instruction 5 on the basis that instructing it that the "Requests should be construed as broadly as possible with all doubts resolved in favor of production" is ambiguous and vague, rendering the requests overly broad, unduly burdensome, and not

CONFIDENTIAL

proportional to the needs of the case. Street will respond to the requests in accordance with the applicable rules.

11.     Wallace objects to Instructions 6, 7, and 12, and the Section titled "Production of ESI." Wallace objects to the so-called "Instructions for Discovery of Electronically-Stored Information and Hard Copy Documents," as these alleged instructions were not "conveyed" with Lively's requests.

12.     Wallace objects to Instructions 3, 9, 10, 11, and 14 to the extent they attempt to expand the obligations under the applicable rules. Wallace will respond to these requests pursuant to the applicable rules.

CONFIDENTIAL

## OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications concerning the Film.

**RESPONSE:**

Wallace objects to this request:

(1)    to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)    because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)    to the extent it seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications concerning the Digital Campaign.

**RESPONSE:**

Wallace objects to this request:

(1)    to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)    because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)    because the definition of "Digital Campaign," and thus the request, is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "efforts … to communicate information regarding" a laundry list of subjects/topics. The definition, and thus the request, is also vague and ambiguous because it is unclear what is meant by "narrative or virality," including how this phrase fits into the overall definition as

CONFIDENTIAL

constructed. The definition, and thus the request, is further objectionable on the basis that it includes several subjective, ambiguous, and undefined qualifiers such as "seed, influence, boost, amplify, or engage with social media algorithms, narrative or virality"; and it incorporates the definition "Social Media," which is itself overbroad, confusing, and ambiguous (including the phrase, "[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.").

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 3:

All Documents and Communications concerning Ms. Lively.

### RESPONSE:

Wallace objects to this request:

(1)    to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)    because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)    because it expressly seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 4:

All Documents and Communications concerning Mr. Reynolds.

### RESPONSE:

Wallace objects to this request:

CONFIDENTIAL

(1)    to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)    because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)    because it expressly seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 5:

All Documents and Communications concerning the Lively/Reynolds Companies or the Lively/Reynolds Family.

### RESPONSE:

Wallace objects to this request:

(1)    to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)    because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)    because the definition of "Lively/Reynolds Companies," and thus the request, lacks specificity and is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "Ms. Lively and Mr. Reynolds's affiliated entities, . . . and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates";

(4)    because it expressly seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

CONFIDENTIAL

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications concerning any Wayfarer Defendant.

**RESPONSE:**

Wallace objects to this request:

(1)     to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)     because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)     because it seeks to invade the privacy rights of persons who have sought help for addiction and mental health. In addition, and aside from the fact that their identities and circumstances are not relevant here, revealing them may be financially, reputationally, and psychologically harmful to those persons;

(4)     because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(5)     because the request, which asks for the production of all documents and communications "concerning any Wayfarer Defendant" does not describe with reasonable particularly each item or category of items to be inspected (Fed. R. Civ. P. 34);

(6)     to the extent it seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024 between him and any Wayfarer Defendant as defined by Plaintiff, *other than* Wallace and Street.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications concerning the Consolidated Action.

**RESPONSE:**

Wallace objects to this request:

(1)     to the extent it seeks documents and communications protected from disclosure by

the attorney-client privilege, work product doctrine, and spousal privilege;

(2)    because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)    because it seeks any and all documents and communications in any way related to any party's claims and defenses in the "Consolidated Action," making the request overly broad. *See, e.g., Mangahas v. Eight Oranges Inc.*, No. 22-CV-4150 (LJL), 2022 WL 14106010, at *2 (S.D.N.Y. Oct. 24, 2022);

(4)    because the request, which asks for the production of all documents and communications "concerning the Consolidated Action" does not describe with reasonable particularly each item or category of items to be inspected (Fed. R. Civ. P. 34).

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024

## REQUEST FOR PRODUCTION NO. 8:

All Documents and Communications between You and any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf concerning Social Media.

### RESPONSE:

Wallace objects to this request:

(1)    because it explicitly seeks documents and communications protected from disclosure by the attorney-client privilege and work product doctrine;

(2)    because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)    because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(4)    the definition of "Social Media" is overbroad and ambiguous ("[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting

interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.");

(5)    to the extent it seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 9:

All Documents and Communications with or concerning Brianna Koslow or Katie Case.

### RESPONSE:

Wallace objects to this request:

(1)    to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)    because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)    because it expressly seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 10:

All Documents and Communications between You, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf from December 1, 2023 to the present concerning the nature or duration of Your relationship with Bryan Freedman or Liner Freedman Taitelman + Cooley LLP.

### RESPONSE:

Wallace objects to this request:

(1)    because it explicitly seeks documents and communications protected from

CONFIDENTIAL

disclosure by the attorney-client privilege and work product doctrine;

(2)      because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)      to the extent it seeks documents and communications that are not relevant to any claim or defense.

## REQUEST FOR PRODUCTION NO. 11:

All Documents and Communications between You, any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley, or anyone acting on their behalf from December 1, 2023 to the present concerning business, engagements, or work performed by You for, or in connection with, any Wayfarer Defendant, Bryan Freedman, or Liner Freedman Taitelman + Cooley LLP.

### RESPONSE:

Wallace objects to this request:

(1)      because it explicitly seeks documents and communications protected from disclosure by the attorney-client privilege and work product doctrine;

(2)      because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)      because it seeks to invade the privacy rights of persons who have sought help for addiction and mental health. In addition, and aside from the fact that their identities and circumstances are not relevant here, revealing them may be financially, reputationally, and psychologically harmful to those persons;

(4)      because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(5)      to the extent it seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 12:

CONFIDENTIAL

All Documents and Communications reflecting all Persons or entities who provided You with Payment to perform any work, engage with, or generate any content concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, any Wayfarer Defendant, the Digital Campaign, or the Consolidated Action.

**RESPONSE:**

Wallace objects to this request:

      (1)     to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

      (2)     because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

      (3)     because the term "content" and the phrase "engage with, or generate any content" are undefined, vague, and ambiguous;

      (4)     because the use of the phrase "engage with, or generate any content concerning" incorrectly assumes Wallace was paid to, or did, "engage with, or generate any content concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, any Wayfarer Defendant, the Digital Campaign, or the Consolidated Action;"

      (5)     because the definition of "Lively/Reynolds Companies," and thus the request, lacks specificity and is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "Ms. Lively and Mr. Reynolds's affiliated entities, … and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliate;"

      (6)     because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

      (7)     because the definition of "Digital Campaign," and thus the request, is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "efforts … to communicate information regarding" a laundry list of subjects/topics. The definition, and thus the request, is also vague and ambiguous because it is unclear what is meant by "narrative or virality," including how this phrase fits into the overall definition as constructed. The definition, and thus the request, is further objectionable on the basis that it includes several subjective, ambiguous, and undefined qualifiers such as "seed, influence, boost, amplify, or engage with social media algorithms, narrative or virality"; and it incorporates the definition "Social Media," which is itself overbroad, confusing, and ambiguous (including the phrase, "[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts,

CONFIDENTIAL

shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.");

    (8)    to the extent it seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 13:

All Documents and Communications reflecting any Payment provided to You to perform any work, engage with, or generate any content concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, any Wayfarer Defendant, the Digital Campaign, or the Consolidated Action.

### RESPONSE:

Wallace objects to this request:

    (1)    to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

    (2)    because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

    (3)    because the term "content" and the phrase "engage with, or generate any content" are undefined, vague, and ambiguous;

    (4)    because the use of the phrase "engage with, or generate any content concerning" incorrectly assumes Wallace was paid to, or did, "engage with, or generate any content concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, any Wayfarer Defendant, the Digital Campaign, or the Consolidated Action;"

    (5)    because the definition of "Lively/Reynolds Companies," and thus the request, lacks specificity and is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "Ms. Lively and Mr. Reynolds's affiliated entities, … and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliate;"

CONFIDENTIAL

(6)     because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(7)     because the definition of "Digital Campaign," and thus the request, is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "efforts … to communicate information regarding" a laundry list of subjects/topics. The definition, and thus the request, is also vague and ambiguous because it is unclear what is meant by "narrative or virality," including how this phrase fits into the overall definition as constructed. The definition, and thus the request, is further objectionable on the basis that it includes several subjective, ambiguous, and undefined qualifiers such as "seed, influence, boost, amplify, or engage with social media algorithms, narrative or virality"; and it incorporates the definition "Social Media," which is itself overbroad, confusing, and ambiguous (including the phrase, "[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.");

(8)     because it seeks to invade the privacy rights of persons who have sought help for addiction and mental health. In addition, and aside from the fact that their identities and circumstances are not relevant here, revealing them may be financially, reputationally, and psychologically harmful to those persons;

(9)     to the extent it seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 14:

All Documents and Communications reflecting all Persons or entities who You provided with Payment to perform any work, engage with, or generate any content concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, any Wayfarer Defendant, the Digital Campaign, or the Consolidated Action.

### RESPONSE:

Wallace objects to this request:

(1)     to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

CONFIDENTIAL

(2)      because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)      because the term "content" and the phrase "engage with, or generate any content" are undefined, vague, and ambiguous;

(4)      because the use of the phrase "engage with, or generate any content concerning" incorrectly assumes Wallace was paid to, or did, "engage with, or generate any content concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, any Wayfarer Defendant, the Digital Campaign, or the Consolidated Action;"

(5)      because the definition of "Lively/Reynolds Companies," and thus the request, lacks specificity and is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "Ms. Lively and Mr. Reynolds's affiliated entities, … and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliate;"

(6)      because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(7)      because the definition of "Digital Campaign," and thus the request, is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "efforts … to communicate information regarding" a laundry list of subjects/topics. The definition, and thus the request, is also vague and ambiguous because it is unclear what is meant by "narrative or virality," including how this phrase fits into the overall definition as constructed. The definition, and thus the request, is further objectionable on the basis that it includes several subjective, ambiguous, and undefined qualifiers such as "seed, influence, boost, amplify, or engage with social media algorithms, narrative or virality"; and it incorporates the definition "Social Media," which is itself overbroad, confusing, and ambiguous (including the phrase, "[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.");

(8)      because it seeks to invade the privacy rights of persons who have sought help for addiction and mental health. In addition, and aside from the fact that their identities and circumstances are not relevant here, revealing them may be financially, reputationally, and psychologically harmful to those persons;

(9)      to the extent it seeks documents and communications that are not relevant to any claim or defense.

CONFIDENTIAL

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace does not have any responsive documents in his possession, custody or control.

## REQUEST FOR PRODUCTION NO. 15:

All Agreements, including contracts, retainer agreements, engagement letters, and promises memorialized via email or text message, concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, any Wayfarer Defendant, the Digital Campaign, or the Consolidated Action.

## RESPONSE:

Wallace objects to this request:

(1)      to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege and work product doctrine;

(2)      because the definition of "Lively/Reynolds Companies," and thus the request, lacks specificity and is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "Ms. Lively and Mr. Reynolds's affiliated entities, … and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliate;"

(3)      because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(4)      because the definition of "Digital Campaign," and thus the request, is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "efforts … to communicate information regarding" a laundry list of subjects/topics. The definition, and thus the request, is also vague and ambiguous because it is unclear what is meant by "narrative or virality," including how this phrase fits into the overall definition as constructed. The definition, and thus the request, is further objectionable on the basis that it includes several subjective, ambiguous, and undefined qualifiers such as "seed, influence, boost, amplify, or engage with social media algorithms, narrative or virality"; and it incorporates the definition "Social Media," which is itself overbroad, confusing, and ambiguous (including the phrase, "[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.");

CONFIDENTIAL

(5)    because it seeks to invade the privacy rights of persons who have sought help for addiction and mental health. In addition, and aside from the fact that their identities and circumstances are not relevant here, revealing them may be financially, reputationally, and psychologically harmful to those persons;

(6)    to the extent it seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 16:

All Documents and Communications, including invoices, payment records, receipts, and accounting records as kept in the ordinary course of business, reflecting all Payments you have paid, or promised to pay, any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf.

### RESPONSE:

Wallace objects to this request:

(1)    because it explicitly seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)    because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)    because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(4)    because it seeks to invade the privacy rights of persons who have sought help for addiction and mental health. In addition, and aside from the fact that their identities and circumstances are not relevant here, revealing them may be financially, reputationally, and psychologically harmful to those persons;

(5)    to the extent it seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession,

custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 17:

All Documents and Communications, including invoices, payment records, receipts, and accounting records as kept in the ordinary course of business, reflecting all Payments that any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf have paid You, or promised to pay You.

### RESPONSE:

Wallace objects to this request:

    (1)    because it explicitly seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

    (2)    because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

    (3)    because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

    (4)    because it seeks to invade the privacy rights of persons who have sought help for addiction and mental health. In addition, and aside from the fact that their identities and circumstances are not relevant here, revealing them may be financially, reputationally, and psychologically harmful to those persons;

    (5)    to the extent it seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 18:

All Documents reflecting the name(s) of the financial institution(s), the name(s) of the account holder(s), and any account number(s) associated with all bank account(s) You have used to pay funds to any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf from July 1, 2024 to the present.

### RESPONSE:

CONFIDENTIAL

Wallace objects to this request:

    (1)    because it explicitly seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

    (2)    because the use of the phrase "All Documents" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

    (3)    because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

    (4)    because it impermissibly attempts to infringe privacy rights and private information of both Street and Wallace;

    (5)    to the extent it seeks documents and communications that are not relevant to any claim or defense.

## REQUEST FOR PRODUCTION NO. 19:

All Documents reflecting the name(s) of the financial institution(s), the name(s) of the account holder(s), and any account number(s) associated with all bank account(s) that You have used to provide Payment for any work or generate any content concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, any Wayfarer Defendant, the Digital Campaign, or the Consolidated Action.

### RESPONSE:

Wallace objects to this request:

    (1)    because it explicitly seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

    (2)    because the use of the phrase "All Documents" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

    (3)    because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

    (4)    because the term "content" and the phrase "generate any content" are undefined, vague, and ambiguous;

    (5)    because the use of the phrase "generate any content concerning" incorrectly assumes Wallace was paid to, or did, "generate any content concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, any Wayfarer Defendant, the Digital Campaign, or the Consolidated Action;"

CONFIDENTIAL

(6)     because the definition of "Lively/Reynolds Companies," and thus the request, lacks specificity and is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "Ms. Lively and Mr. Reynolds's affiliated entities, … and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliate;"

(7)     because the definition of "Digital Campaign," and thus the request, is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "efforts … to communicate information regarding" a laundry list of subjects/topics. The definition, and thus the request, is also vague and ambiguous because it is unclear what is meant by "narrative or virality," including how this phrase fits into the overall definition as constructed. The definition, and thus the request, is further objectionable on the basis that it includes several subjective, ambiguous, and undefined qualifiers such as "seed, influence, boost, amplify, or engage with social media algorithms, narrative or virality"; and it incorporates the definition "Social Media," which is itself overbroad, confusing, and ambiguous (including the phrase, "[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.");

(8)     because it impermissibly attempts to infringe privacy rights and private information of both Street and Wallace;

(9)     to the extent it seeks documents and communications that are not relevant to any claim or defense.

## REQUEST FOR PRODUCTION NO. 20:

All Documents reflecting the name(s) of the financial institution(s), the name(s) of the account holder(s), and any account number(s) associated with all bank account(s) You have used to receive Payment from any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf.

### RESPONSE:

Wallace objects to this request:

(1)     because it explicitly seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)     because the use of the phrase "All Documents" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

CONFIDENTIAL

(3)     because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(4)     because it seeks to invade the privacy rights of persons who have sought help for addiction and mental health. In addition, and aside from the fact that their identities and circumstances are not relevant here, revealing them may be financially, reputationally, and psychologically harmful to those persons;

(5)     because it impermissibly attempts to infringe privacy rights and private information of both Street and Wallace;

(6)     to the extent it seeks documents and communications that are not relevant to any claim or defense.

## REQUEST FOR PRODUCTION NO. 21:

All Documents reflecting the name(s) of the financial institution(s), the name(s) of the account holder(s), and any account number(s) associated with all bank account(s) You have used to receive Payment from anyone to perform any work or generate any content concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, any Wayfarer Defendant, the Digital Campaign, or the Consolidated Action.

### RESPONSE:

Wallace objects to this request:

(1)     to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)     because the use of the phrase "All Documents" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)     because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(4)     because the term "content" and the phrase "generate any content" are undefined, vague, and ambiguous;

(5)     because the use of the phrase "generate any content concerning" incorrectly assumes Wallace was paid to, or did, "generate any content concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, any Wayfarer Defendant, the Digital Campaign, or the Consolidated Action;"

(6)     because the definition of "Lively/Reynolds Companies," and thus the request, lacks specificity and is vague, ambiguous, facially overbroad, inherently overbroad, and plainly

CONFIDENTIAL

overbroad, and thus impermissible, as it seeks all documents and communications concerning "Ms. Lively and Mr. Reynolds's affiliated entities, … and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliate;"

(7)    because the definition of "Digital Campaign," and thus the request, is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "efforts … to communicate information regarding" a laundry list of subjects/topics. The definition, and thus the request, is also vague and ambiguous because it is unclear what is meant by "narrative or virality," including how this phrase fits into the overall definition as constructed. The definition, and thus the request, is further objectionable on the basis that it includes several subjective, ambiguous, and undefined qualifiers such as "seed, influence, boost, amplify, or engage with social media algorithms, narrative or virality"; and it incorporates the definition "Social Media," which is itself overbroad, confusing, and ambiguous (including the phrase, "[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.");

(8)    because it impermissibly attempts to infringe privacy rights and private information of both Street and Wallace;

(9)    to the extent it seeks documents and communications that are not relevant to any claim or defense.

## REQUEST FOR PRODUCTION NO. 22:

All Documents and Communications relating to any promotional materials or descriptions of work, technology, tools, or capabilities regarding, performed by, or concerning Street Relations, Inc., You, or anyone on Your behalf.

## RESPONSE:

Wallace objects to this request:

(1)    to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)    because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)    because it impermissibly attempts to infringe privacy rights and private information of both Street and Wallace;

CONFIDENTIAL

(4)     because the terms "technology, tools, or capabilities" are vague and ambiguous;

(5)     because the phrase "performed by" as used is vague and ambiguous;

(6)     because, as a whole, the request is so complex and ill-written that it is unclear what is being requested;

(7)     because it seeks to invade the privacy rights of persons who have sought help for addiction and mental health. In addition, and aside from the fact that their identities and circumstances are not relevant here, revealing them may be financially, reputationally, and psychologically harmful to those persons;

(8)     to the extent it seeks documents and communications that are not relevant to any claim or defense.

## REQUEST FOR PRODUCTION NO. 23:

All Documents and Communications reflecting any archived, active, or deactivated LinkedIn account concerning Street Relations or You.

### RESPONSE:

Wallace objects to this request:

(1)     because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(2)     to the extent it seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 24:

All Documents and Communications concerning any meetings, appointments, or discussions concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds family, any Wayfarer Defendant, the Digital Campaign, or the Consolidated Action.

### RESPONSE:

Wallace objects to this request:

CONFIDENTIAL

(1)      to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)      because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)      because the definition of "Lively/Reynolds Companies," and thus the request, lacks specificity and is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "Ms. Lively and Mr. Reynolds's affiliated entities, … and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliate;"

(4)      because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(5)      because the definition of "Digital Campaign," and thus the request, is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "efforts … to communicate information regarding" a laundry list of subjects/topics. The definition, and thus the request, is also vague and ambiguous because it is unclear what is meant by "narrative or virality," including how this phrase fits into the overall definition as constructed. The definition, and thus the request, is further objectionable on the basis that it includes several subjective, ambiguous, and undefined qualifiers such as "seed, influence, boost, amplify, or engage with social media algorithms, narrative or virality"; and it incorporates the definition "Social Media," which is itself overbroad, confusing, and ambiguous (including the phrase, "[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.").

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 25:

All Documents and Communications concerning the solicitation of any Social Media content, whether paid or unpaid, concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, or the Consolidated Action.

### RESPONSE:

CONFIDENTIAL

Wallace objects to this request:

(1)     to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)     because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)     because the phrase "solicitation of any Social Media content" is vague, ambiguous, confusing, and it is unclear what is being requested;

(4)     because the definition of "Lively/Reynolds Companies," and thus the request, lacks specificity and is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "Ms. Lively and Mr. Reynolds's affiliated entities, … and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliate;"

(5)     because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(6)     because the definition of "Social Media" is overbroad and ambiguous ("[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.").

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 26:

All Documents and Communications concerning efforts to seed, influence, encourage, create, purchase, manipulate, boost, amplify, or engage with Social Media related to the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, or the Consolidated Action.

### RESPONSE:

Wallace objects to this request:

CONFIDENTIAL

(1)      to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)      because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)      because the request includes several subjective, ambiguous, and undefined qualifiers such as "seed, influence, encourage, create, purchase, manipulate, boost, amplify, or engage with Social Media;

(4)      because the definition of "Lively/Reynolds Companies," and thus the request, lacks specificity and is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "Ms. Lively and Mr. Reynolds's affiliated entities, … and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliate;"

(5)      because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(6)      because the definition of "Social Media" is overbroad and ambiguous ("[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.").

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 27:

All Social Media messages, comments, or posts (including drafts, as well as deleted messages, comments, or posts) made by You or on your behalf concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, or the Consolidated Action.

### RESPONSE:

Wallace objects to this request:

(1)      to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

CONFIDENTIAL

(2)      because the definition of "Lively/Reynolds Companies," and thus the request, lacks specificity and is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks "all documents and communications" concerning "Ms. Lively and Mr. Reynolds's affiliated entities, … and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates";

(3)      because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(4)      because the definition of "Social Media" is overbroad and ambiguous ("[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.");

(5)      to the extent it seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 28:

All Communications with media outlets of any kind concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, or the Consolidated Action.

### RESPONSE:

Wallace objects to this request:

(1)      to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)      because the use of the phrase "All Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)      because it is vague, ambiguous and unduly burdensome and not proportional to the needs of the case, as it is unclear whether the requested communications are of Street or all communications anyone has had with any "media outlets" (in which case the request is facially overbroad), which phrase itself is undefined, vague and

CONFIDENTIAL

ambiguous;

(4)     because the definition of "Lively/Reynolds Companies," and thus the request, lacks specificity and is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks "all documents and communications" concerning "Ms. Lively and Mr. Reynolds's affiliated entities, … and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates";

(5)     because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(6)     because it impermissibly attempts to infringe privacy rights and private information of both Street and Wallace.

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 29:

All Communications with any Content Creator outlets of any kind concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family,  any Wayfarer Defendant, or the Consolidated Action.

## RESPONSE:

Wallace objects to this request:

(1)     to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)     because the use of the phrase "All Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)     because it is vague, ambiguous and unduly burdensome and not proportional to the needs of the case, as it is unclear whether the requested communications are of Street or all communications anyone has had with any "Content Creator outlets" (in which case the request is facially overbroad), which phrase itself incorporates the objectionable and overbroad defined term "Content Creator"—which could include any individual with a social media account and further is defined to include several subjective, ambiguous, and undefined actions such as "seeds, generates, creates or influences" and incorporates the definition of "Social Media," which is itself overbroad, confusing, and ambiguous.

(4)     because the definition of "Lively/Reynolds Companies," and thus the request, lacks specificity and is vague, ambiguous, facially overbroad, inherently overbroad, and plainly

CONFIDENTIAL

overbroad, and thus impermissible, as it seeks "all documents and communications" concerning "Ms. Lively and Mr. Reynolds's affiliated entities, … and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates";

(5)     because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(6)     because it impermissibly attempts to infringe privacy rights and private information of both Street and Wallace.

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 30:

All Documents and Communications Concerning Your knowledge of the Protections for Return to Production Agreement, as described in the Lively Complaint.

### RESPONSE:

Wallace objects to this request:

(1)     to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)     because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible. Street has never had any kind of relationship with Plaintiff, whether an agreement or otherwise.

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 31:

All Documents and Communications concerning the statement in paragraph 24 of Your March 19, 2025 Declaration submitted in the Consolidated Action that Your "job was to read, analyze, and assess all forms of media and trends taking place with respect to various issues."

### RESPONSE:

Wallace objects to this request:

CONFIDENTIAL

(1)     to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)     because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible.

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 32:

All Documents and Communications concerning any review, analysis, or assessment of "all forms of media and trends taking place with respect to various issues" performed for any Wayfarer Defendant, as alleged in paragraph 24 of Your March 19, 2025 Declaration submitted in the Consolidated Action.

### RESPONSE:

Wallace objects to this request:

(1)     to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)     because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)     because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible.

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 33:

All Documents and Communications concerning any "analysis of the media climates," as alleged in paragraph 25 of Your March 19, 2025 Declaration submitted in the Consolidated Action.

### RESPONSE:

CONFIDENTIAL

Wallace objects to this request:

> (1)    to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

> (2)    because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible.

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 34:

All Documents and Communications concerning all "updates on [] observations" or "feedback" that You created or provided, as alleged in paragraph 25 of Your March 19, 2025 Declaration submitted in the Consolidated Action.

### RESPONSE:

Wallace objects to this request:

> (1)    to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

> (2)    because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible.

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 35:

All Documents and Communications concerning the allegation that You "saw an organic outpouring of support for Justin Baldoni and the film", as alleged in paragraph 25 of Your March 19, 2025 Declaration submitted in the Consolidated Action.

### RESPONSE:

Wallace objects to this request:

CONFIDENTIAL

(1)    to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)    because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible.

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 36:

All Documents and Communications concerning Your "advice was not to do anything at that time and let the sentiment on social media continue to unfold organically," as alleged in paragraph 25 of Your March 19, 2025 Declaration submitted in the Consolidated Action.

### RESPONSE:

Wallace objects to this request:

(1)    to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)    because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible.

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 37:

All Documents and Communications concerning Your allegation that Your "limited work related to Justin Baldoni concluded in early November 2024," as alleged in paragraph 26 of Your March 19, 2025 Declaration submitted in the Consolidated Action.

### RESPONSE:

Wallace objects to this request:

(1)    to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

CONFIDENTIAL

(2)     because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible.

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 38:

All Documents, Communications, audio/video recordings, notes, or production logs concerning any scenes related to the Film, whether or not included in any cut of the Film.

### RESPONSE:

Wallace objects to this request:

(1)     to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)     because the use of the phrase "All Documents, Communications, . . ." renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)     because it is vague and ambiguous in its use of "any scenes related to the Film, whether or not included in any cut of the Film." To be clear, Wallace was not involved in any way with the production or filming of the "Film;"

(4)     to the extent it seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace does not have any responsive documents in his possession, custody or control.

## REQUEST FOR PRODUCTION NO. 39:

All Documents, Communications, or audio/video recordings of statements or interviews given by Ms. Lively, regardless of date.

### RESPONSE:

Wallace objects to this request:

CONFIDENTIAL

(1)      to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)      because the use of the phrase "All Documents, Communications, . . ." renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)      because it is vague and ambiguous in its use of "statements or interviews given by Ms. Lively;"

(4)      because it is confusing and unintelligible in its use of "All Documents, Communications . . . of statements or interviews;"

(5)      because it is expressly not limited by any relevant timeframe, nor is it limited by any relevant subjects or topics, further confirming the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(6)      because it expressly seeks information that is not relevant to any claim or defense.

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace does not have any responsive documents in his possession, custody or control.

## REQUEST FOR PRODUCTION NO. 40:

All Documents and Communications concerning any meetings, appointments, or discussions with any Wayfarer Defendant.

### RESPONSE:

Wallace objects to this request:

(1)      to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)      because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)      because it seeks to invade the privacy rights of persons who have sought help for addiction and mental health. In addition, and aside from the fact that their identities and circumstances are not relevant here, revealing them may be financially, reputationally, and psychologically harmful to those persons;

(4)      because the definition of "Wayfarer Defendants" includes "Wallace," individually,

CONFIDENTIAL

and "Street Relations" and thus is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(5)      because it expressly seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 41:

All Documents and Communications concerning any meetings, appointments, or discussions related to Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, the Digital Campaign, the Marketing Plan, or the Consolidated Action.

## RESPONSE:

Wallace objects to this request:

(1)      to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)      because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)      because the definition of "Lively/Reynolds Companies," and thus the request, lacks specificity and is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "Ms. Lively and Mr. Reynolds's affiliated entities, … and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliate;"

(4)      because the definition of "Digital Campaign," and thus the request, is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "efforts … to communicate information regarding" a laundry list of subjects/topics. The definition, and thus the request, is also vague and ambiguous because it is unclear what is meant by "narrative or virality," including how this phrase fits into the overall definition as constructed. The definition, and thus the request, is further objectionable on the basis that it includes several subjective, ambiguous, and undefined qualifiers such as "seed, influence, boost, amplify, or engage with social media algorithms, narrative or virality"; and it incorporates the definition "Social Media," which is itself overbroad, confusing, and ambiguous (including the phrase, "[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions;

all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.").

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 42:

All Documents and Communications concerning any allegations, concerns, complaints, grievances, or reports of any kind, whether formal or informal, oral or written, about Baldoni, Heath, Sarowitz, Wayfarer Studios, or IEWU LLC.

### RESPONSE:

Wallace objects to this request:

(1)     to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)     because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)     because it is vague, ambiguous, and facially overbroad in its use of "any allegations, concerns, complaints, grievances, or reports of any kind, whether formal or informal, oral or written;"

(4)     to the extent it seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 43:

All Documents sufficient to show who You communicated with on Signal concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, the Digital Campaign, the Marketing Plan, or the Consolidated Action.

### RESPONSE:

Wallace objects to this request:

CONFIDENTIAL

(1)      to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)      because the use of the phrase "All Documents" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)      because the definition of "Lively/Reynolds Companies," and thus the request, lacks specificity and is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks "all documents and communications" concerning "Ms. Lively and Mr. Reynolds's affiliated entities, … and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates";

(4)      because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(5)      because the definition of "Digital Campaign," and thus the request, is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "efforts … to communicate information regarding" a laundry list of subjects/topics. The definition, and thus the request, is also vague and ambiguous because it is unclear what is meant by "narrative or virality," including how this phrase fits into the overall definition as constructed. The definition, and thus the request, is further objectionable on the basis that it includes several subjective, ambiguous, and undefined qualifiers such as "seed, influence, boost, amplify, or engage with social media algorithms, narrative or virality"; and it incorporates the definition "Social Media," which is itself overbroad, confusing, and ambiguous (including the phrase, "[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.");

(6)      because it impermissibly attempts to infringe privacy rights and private information of both Street and Wallace;

(7)      to the extent it seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 44:

CONFIDENTIAL

All Documents sufficient to show when You communicated on Signal concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, the Digital Campaign, the Marketing Plan, or the Consolidated Action.

**RESPONSE:**

Wallace objects to this request:

(1)     to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)     because the use of the phrase "All Documents" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)     because the definition of "Lively/Reynolds Companies," and thus the request, lacks specificity and is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks "all documents and communications" concerning "Ms. Lively and Mr. Reynolds's affiliated entities, … and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates";

(4)     because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(5)     because the definition of "Digital Campaign," and thus the request, is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "efforts … to communicate information regarding" a laundry list of subjects/topics. The definition, and thus the request, is also vague and ambiguous because it is unclear what is meant by "narrative or virality," including how this phrase fits into the overall definition as constructed. The definition, and thus the request, is further objectionable on the basis that it includes several subjective, ambiguous, and undefined qualifiers such as "seed, influence, boost, amplify, or engage with social media algorithms, narrative or virality"; and it incorporates the definition "Social Media," which is itself overbroad, confusing, and ambiguous (including the phrase, "[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.");

(6)     because it impermissibly attempts to infringe privacy rights and private information of both Street and Wallace;

(7)     to the extent it seeks documents and communications that are not relevant to any claim or defense.

CONFIDENTIAL

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents and Communications identifying or concerning the "platform-specific specialists working for [You]" that You reference in SR.00000029.

**RESPONSE:**

Wallace objects to this request:

> (1)    to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

> (2)    because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible.

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents and Communications identifying or concerning Your "team" that You reference in SR 1.00000027.

**RESPONSE:**

Wallace objects to this request:

> (1)    to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

> (2)    because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible.

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession,

custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 47:

All Documents and Communications concerning the "digital plan" referenced in SR 1.00000006.

### RESPONSE:

Wallace objects to this request:

>    (1)    to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

>    (2)    because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible.

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 48:

All Documents and Communications concerning services or activities performed in connection with Street Relations Invoice #001TAGJBWS, dated August 8, 2024, produced at SR 1.00000008.

### RESPONSE:

Wallace objects to this request:

>    (1)    to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

>    (2)    because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible.

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 49:

CONFIDENTIAL

All Documents and Communications concerning services or activities performed in connection with Street Relations Invoice #001TAGJBWS, dated September 1, 2024, reflected on SR 1.00000084.

**RESPONSE:**

Wallace objects to this request:

(1)  to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)  because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible.

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents and Communications concerning services or activities performed in connection with Street Relations Invoice #003TAG.JBWS, dated October 1, 2024, produced at SR 1.00000087.

**RESPONSE:**

Wallace objects to this request:

(1)  to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)  because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible.

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

**REQUEST FOR PRODUCTION NO. 51:**

All Documents and Communications concerning services or activities related to Reddit regarding the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, the Digital Campaign, the Marketing Plan, or the Consolidated

CONFIDENTIAL

Action.

**RESPONSE:**

Wallace objects to this request:

(1)     to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)     because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)     because the definition of "Lively/Reynolds Companies," and thus the request, lacks specificity and is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks "all documents and communications" concerning "Ms. Lively and Mr. Reynolds's affiliated entities, … and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates";

(4)     because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(5)     because the definition of "Digital Campaign," and thus the request, is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "efforts … to communicate information regarding" a laundry list of subjects/topics. The definition, and thus the request, is also vague and ambiguous because it is unclear what is meant by "narrative or virality," including how this phrase fits into the overall definition as constructed. The definition, and thus the request, is further objectionable on the basis that it includes several subjective, ambiguous, and undefined qualifiers such as "seed, influence, boost, amplify, or engage with social media algorithms, narrative or virality"; and it incorporates the definition "Social Media," which is itself overbroad, confusing, and ambiguous (including the phrase, "[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.");

(6)     to the extent it seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

CONFIDENTIAL

**REQUEST FOR PRODUCTION NO. 52:**

All Documents and Communications concerning services or activities related to Discord regarding the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, the Digital Campaign, the Marketing Plan, or the Consolidated Action.

**RESPONSE:**

Wallace objects to this request:

(1)    to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)    because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)    because the definition of "Lively/Reynolds Companies," and thus the request, lacks specificity and is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks "all documents and communications" concerning "Ms. Lively and Mr. Reynolds's affiliated entities, … and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates";

(4)    because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(5)    because the definition of "Digital Campaign," and thus the request, is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "efforts … to communicate information regarding" a laundry list of subjects/topics. The definition, and thus the request, is also vague and ambiguous because it is unclear what is meant by "narrative or virality," including how this phrase fits into the overall definition as constructed. The definition, and thus the request, is further objectionable on the basis that it includes several subjective, ambiguous, and undefined qualifiers such as "seed, influence, boost, amplify, or engage with social media algorithms, narrative or virality"; and it incorporates the definition "Social Media," which is itself overbroad, confusing, and ambiguous (including the phrase, "[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.");

(6)    because it seeks to invade the privacy rights of persons who have sought help for addiction and mental health. In addition, and aside from the fact that their identities and

CONFIDENTIAL

circumstances are not relevant here, revealing them may be financially, reputationally, and psychologically harmful to those persons;

(7)    to the extent it seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Wallace will produce non-privileged documents in his possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 53:

All Documents and Communications sufficient to show any health or medical issues that will interfere with Your ability to meet your discovery obligations, including, but not limited to, producing documents or sitting for a deposition.

### RESPONSE:

Wallace objects to this request:

(1)    to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, spousal privilege, or other applicable privileges—including the physician-patient privilege and psychotherapist-patient privilege;

(2)    because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)    to the extent it incorrectly suggests Wallace has failed to meet any discovery obligations in its use of the phrase "any health or medical issues that will interfere with Your ability to meet your discovery obligations;"

(4)    because it impermissibly attempts to infringe privacy rights and private information of Wallace;

(5)    to the extent it seeks documents and communications that are not relevant to any claim or defense.

CONFIDENTIAL

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>Plaintiff,<br><br>-v-<br><br>WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, THE AGENCY GROUP PR LLC, JENNIFER ABEL, JED WALLACE, and STREET RELATIONS INC.,<br><br>Defendants.<br><br>WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, JENNIFER ABEL, and STEVE SAROWITZ,<br><br>Plaintiffs,<br><br>-v-<br><br>BLAKE LIVELY, RYAN REYNOLDS, LESLIE SLOANE, VISION PR, INC., and THE NEW YORK TIMES COMPANY.<br><br>Defendants. | Case No. 1:24-cv-10049-LJL<br>(consolidated with 1:25-cv-00449-LJL) |

## DEFENDANT STREET RELATIONS INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

To:    Blake Lively, by and through her attorneys, Esra A. Hudson, Stephanie Roeser, Manatt, Phelps & Phillips, LLP, 2049 Century Park East, Suite 1700, Los Angeles, California 90067.

      Pursuant to Fed. R. Civ. P. 26 and 34, Defendant Street Relations Inc. ("Street"), by and

CONFIDENTIAL

through its attorneys, hereby serves its objections and responses to Plaintiff's First Set of Requests

for Production subject to its pending motion to dismiss where it contests this Court's jurisdiction

over it, among other matters.

Respectfully submitted,

**JACKSON WALKER LLP**

*/s/ Charles L. Babcock*
Charles L. Babcock
SDNY #5451117
Joel R. Glover
SDNY #5697487
JACKSON WALKER LLP
1401 McKinney, Suite 1900
Houston, TX 77010
(713) 752-4200
cbabcock@jw.com
jglover@jw.com

**ATTORNEYS FOR DEFENDANTS
JED WALLACE, AN INDIVIDUAL,
AND STREET RELATIONS INC.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was served via electronic delivery on July 3, 2025, in accordance with the Federal Rules of Civil Procedure, on all counsel of record for Plaintiff Blake Lively.

*/s/ Joel R. Glover*
Joel R. Glover

CONFIDENTIAL

## I.    PRELIMINARY STATEMENTS

Street objects to Lively's First Set of Requests for Production of Documents because it constitutes as merits discovery before the Court has decided whether it has jurisdiction over Street. As explained in Street's motion to dismiss, the Court lacks jurisdiction over Street, and Lively has not shown a prima facie case for personal jurisdiction warranting jurisdictional discovery, let alone merits discovery. The Circuit has recognized that, absent an order for jurisdictional discovery, "until she has shown a reasonable basis for assuming jurisdiction, [Lively] is not entitled to any other discovery." *Filus v. Lot Polish Airlines*, 907 F.2d 1328, 1332 (2d Cir. 1990); *see also Hong Leong Finance Limited (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 75 (S.D.N.Y. 2013) (being mindful of the Court's obligation not to proceed unnecessarily with merits discovery in a case over which the Court may lack jurisdiction). Street responds to this set of Requests for Production of Documents subject to and without waiving any of his arguments regarding personal jurisdiction.

## II.    OBJECTIONS THAT APPLY TO ALL REQUESTS

1.    Rule 26(b)(1) specifically limits discovery to "nonprivileged matter[s]." Street objects to every request seeking documents or communications protected from disclosure by the attorney-client privilege, the work-product doctrine, the spousal privilege, or any other applicable privilege, and Street will not produce any such documents.

2.    Even if the subject is relevant, "the request for 'any and all' documents concerning that subject is inherently overbroad." *Gropper v. David Ellis Real Est., L.P.*, No. 13 CIV. 2068 ALC JCF, 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014); *see also C.D.S. Inc. v. Zetler*, No. 16CV3199VMJLC, 2016 WL 11651898, at *2 (S.D.N.Y. Dec. 14, 2016) (such requests are "plainly overbroad and impermissible"). When a request targets "all documents," even when "the information sought is arguably relevant to Plaintiffs' claims and Defendants' defenses, it also is

CONFIDENTIAL

disproportionate to the needs of the case and unduly burdensome and would expose Plaintiffs to unnecessary annoyance and embarrassment." *Mangahas v. Eight Oranges Inc.*, No. 22-CV-4150 (LJL), 2022 WL 14106010, at **2-3 (S.D.N.Y. Oct. 24, 2022) (finding that "all documents" requests were "plainly overbroad" and granting a motion for protective order against having to respond to those requests); *see also In re Exactech Polyethylene Orthopedic Prods. Liab. Litig.*, 347 F.R.D. 572, 582 (E.D.N.Y. 2024) ("Therefore, on their face, RFPs seeking "all documents" from undefined [terms] are overly broad, and the burden of producing further responses to these RFPs outweighs the likely benefit of the requested documents."). Accordingly, Street objects to Lively's requests on the basis that they are facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible.

### III.    OBJECTIONS TO DEFINITIONS

3.      Street objects to the definition of "Content Creator," because it is overbroad, as it could include any individual with a social media account. Street further objects to this definition as vague and ambiguous, as it includes several subjective, ambiguous, and undefined actions such as "seeds, generates, creates or influences"; and it incorporates the definition of "Social Media," which is itself overbroad, confusing, and ambiguous.

4.      Street objects to the definition of "Digital Campaign," because it is vague, ambiguous, and overbroad as it includes "efforts . . . to communicate information regarding" a laundry list of subjects and topics, including other objectionable defined terms. The definition is made further vague and ambiguous because it is unclear what is meant by "narrative or virality," including how this phrase fits into the overall definition as constructed. The definition is further objectionable on the basis that it includes several subjective, ambiguous, and undefined qualifiers such as "seed influence, boost, amplify, or engage with social media algorithms, narrative or virality."

CONFIDENTIAL

5.     Street objects to the definition of "Lively/Reynolds Companies," because it is vague, ambiguous, and overbroad, as it includes "Ms. Lively and Mr. Reynolds's affiliated entities, . . . and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates."

6.     Street objects to the definitions of "Street Relations" and "You," "Your," or "Yours" as using broader definitions than the definition in Local Civil Rule 26.3(c)(5).

7.     Street objects to the definition of "Wayfarer Defendants" as including Street and Jed Wallace ("Wallace"). As a result, requests employing this definition necessarily seek irrelevant information – i.e., all documents and communications concerning Street and Wallace – and thus are facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible; and the scope of the requested discovery is not proportional to the needs of the case.  For purposes of Street's responses, Street is excluding Wallace and Street from the definition of Wayfarer Defendants.

## IV.    <u>OBJECTIONS TO INSTRUCTIONS</u>

8.     Street objects to Instruction 1 on the basis that it goes beyond the obligations imposed by Fed. R. Civ. P. 34, which requires only the production of documents in the "possession, custody, or control" of the responding party. Street will only produce documents within its possession, custody, or control.

9.     Street objects to Instruction 2 and the time period set forth therein. Street's production(s) will be limited to the relevant time period, July 1, 2024 – December 20, 2024.

10.     Street objects to Instruction 5 on the basis that instructing it that the "Requests should be construed as broadly as possible with all doubts resolved in favor of production" is ambiguous and vague, rendering the requests overly broad, unduly burdensome, and not proportional to the needs of the case. Street will respond to the requests in accordance with the

**CONFIDENTIAL**

applicable rules.

11.     Street objects to Instructions 6, 7, and 12, and the Section titled "Production of ESI." Street objects to the so-called "Instructions for Discovery of Electronically-Stored Information and Hard Copy Documents," as these alleged instructions were not "conveyed" with Lively's requests.

12.     Street objects to Instructions 3, 9, 10, 11, and 14 to the extent they attempt to expand the obligations under the applicable rules. Street will respond to these requests pursuant to the applicable rules.

CONFIDENTIAL

## OBJECTIONS AND RESPONSES

### REQUEST FOR PRODUCTION NO. 1:

All Documents and Communications concerning the Film.

### RESPONSE:

Street objects to this request:

(1)     to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)     because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)     to the extent it seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Street will produce non-privileged documents in its possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

### REQUEST FOR PRODUCTION NO. 2:

All Documents and Communications concerning the Digital Campaign.

### RESPONSE:

Street objects to this request:

(1)     to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)     because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)     because the definition of "Digital Campaign," and thus the request, is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "efforts … to communicate information regarding" a laundry list of subjects/topics. The definition, and thus the request, is also vague and ambiguous because it is unclear what is meant by "narrative or virality," including how this phrase fits into the overall definition as

CONFIDENTIAL

constructed. The definition, and thus the request, is further objectionable on the basis that it includes several subjective, ambiguous, and undefined qualifiers such as "seed, influence, boost, amplify, or engage with social media algorithms, narrative or virality"; and it incorporates the definition "Social Media," which is itself overbroad, confusing, and ambiguous (including the phrase, "[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.").

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Street will produce non-privileged documents in its possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 3:

All Documents and Communications concerning Ms. Lively.

### RESPONSE:

Street objects to this request:

> (1)    to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

> (2)    because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

> (3)    because it expressly seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Street will produce non-privileged documents in its possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 4:

All Documents and Communications concerning Mr. Reynolds.

### RESPONSE:

Street objects to this request:

CONFIDENTIAL

      (1)     to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

      (2)     because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

      (3)     because it expressly seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Street will produce non-privileged documents in its possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications concerning the Lively/Reynolds Companies or the Lively/Reynolds Family.

      **RESPONSE:**

Street objects to this request:

      (1)     to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

      (2)     because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

      (3)     because the definition of "Lively/Reynolds Companies," and thus the request, lacks specificity and is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "Ms. Lively and Mr. Reynolds's affiliated entities, . . . and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates";

      (4)     because it expressly seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Street will produce non-privileged documents in its possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

CONFIDENTIAL

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications concerning any Wayfarer Defendant.

**RESPONSE:**

Street objects to this request:

(1)     to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)     because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)     because it seeks to invade the privacy rights of persons who have sought help for addiction and mental health. In addition, and aside from the fact that their identities and circumstances are not relevant here, revealing them may be financially, reputationally, and psychologically harmful to those persons;

(4)     because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(5)     because the request, which asks for the production of all documents and communications "concerning any Wayfarer Defendant" does not describe with reasonable particularly each item or category of items to be inspected (Fed. R. Civ. P. 34);

(6)     to the extent it seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Street will produce non-privileged documents in its possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024 between it and any Wayfarer Defendant as defined by Plaintiff, *other than* Wallace and Street.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications concerning the Consolidated Action.

**RESPONSE:**

Street objects to this request:

(1)     to the extent it seeks documents and communications protected from disclosure by

CONFIDENTIAL

the attorney-client privilege, work product doctrine, and spousal privilege;

(2)     because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)     because it seeks any and all documents and communications in any way related to any party's claims and defenses in the "Consolidated Action," making the request overly broad. *See, e.g., Mangahas v. Eight Oranges Inc.*, No. 22-CV-4150 (LJL), 2022 WL 14106010, at *2 (S.D.N.Y. Oct. 24, 2022);

(4)     because the request, which asks for the production of all documents and communications "concerning the Consolidated Action" does not describe with reasonable particularly each item or category of items to be inspected (Fed. R. Civ. P. 34).

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Street will produce non-privileged documents in its possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024

## REQUEST FOR PRODUCTION NO. 8:

All Documents and Communications between You and any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf concerning Social Media.

### RESPONSE:

Street objects to this request:

(1)     because it explicitly seeks documents and communications protected from disclosure by the attorney-client privilege and work product doctrine;

(2)     because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)     because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(4)     the definition of "Social Media" is overbroad and ambiguous ("[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting

**CONFIDENTIAL**

interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.");

(5)     to the extent it seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Street will produce non-privileged documents in its possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 9:

All Documents and Communications with or concerning Brianna Koslow or Katie Case.

### RESPONSE:

Street objects to this request:

(1)     to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)     because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)     because it expressly seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Street will produce non-privileged documents in its possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 10:

All Documents and Communications between You, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf from December 1, 2023 to the present concerning the nature or duration of Your relationship with Bryan Freedman or Liner Freedman Taitelman + Cooley LLP.

### RESPONSE:

Street objects to this request:

(1)     because it explicitly seeks documents and communications protected from

CONFIDENTIAL

disclosure by the attorney-client privilege and work product doctrine;

(2)     because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)     to the extent it seeks documents and communications that are not relevant to any claim or defense.

## REQUEST FOR PRODUCTION NO. 11:

All Documents and Communications between You, any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley, or anyone acting on their behalf from December 1, 2023 to the present concerning business, engagements, or work performed by You for, or in connection with, any Wayfarer Defendant, Bryan Freedman, or Liner Freedman Taitelman + Cooley LLP.

### RESPONSE:

Street objects to this request:

(1)     because it explicitly seeks documents and communications protected from disclosure by the attorney-client privilege and work product doctrine;

(2)     because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)     because it seeks to invade the privacy rights of persons who have sought help for addiction and mental health. In addition, and aside from the fact that their identities and circumstances are not relevant here, revealing them may be financially, reputationally, and psychologically harmful to those persons;

(4)     because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(5)     to the extent it seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Street will produce non-privileged documents in its possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 12:

CONFIDENTIAL

All Documents and Communications reflecting all Persons or entities who provided You with Payment to perform any work, engage with, or generate any content concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, any Wayfarer Defendant, the Digital Campaign, or the Consolidated Action.

**RESPONSE:**

Street objects to this request:

(1)      to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)      because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)      because the term "content" and the phrase "engage with, or generate any content" are undefined, vague, and ambiguous;

(4)      because the use of the phrase "engage with, or generate any content concerning" incorrectly assumes Street was paid to, or did, "engage with, or generate any content concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, any Wayfarer Defendant, the Digital Campaign, or the Consolidated Action;"

(5)      because the definition of "Lively/Reynolds Companies," and thus the request, lacks specificity and is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "Ms. Lively and Mr. Reynolds's affiliated entities, … and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliate;"

(6)      because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(7)      because the definition of "Digital Campaign," and thus the request, is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "efforts … to communicate information regarding" a laundry list of subjects/topics. The definition, and thus the request, is also vague and ambiguous because it is unclear what is meant by "narrative or virality," including how this phrase fits into the overall definition as constructed. The definition, and thus the request, is further objectionable on the basis that it includes several subjective, ambiguous, and undefined qualifiers such as "seed, influence, boost, amplify, or engage with social media algorithms, narrative or virality"; and it incorporates the definition "Social Media," which is itself overbroad, confusing, and ambiguous (including the phrase, "[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts,

CONFIDENTIAL

shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.");

(8)    to the extent it seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Street will produce non-privileged documents in its possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 13:

All Documents and Communications reflecting any Payment provided to You to perform any work, engage with, or generate any content concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, any Wayfarer Defendant, the Digital Campaign, or the Consolidated Action.

### RESPONSE:

Street objects to this request:

(1)    to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)    because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)    because the term "content" and the phrase "engage with, or generate any content" are undefined, vague, and ambiguous;

(4)    because the use of the phrase "engage with, or generate any content concerning" incorrectly assumes Street was paid to, or did, "engage with, or generate any content concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, any Wayfarer Defendant, the Digital Campaign, or the Consolidated Action;"

(5)    because the definition of "Lively/Reynolds Companies," and thus the request, lacks specificity and is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "Ms. Lively and Mr. Reynolds's affiliated entities, … and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliate;"

CONFIDENTIAL

(6)    because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(7)    because the definition of "Digital Campaign," and thus the request, is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "efforts … to communicate information regarding" a laundry list of subjects/topics. The definition, and thus the request, is also vague and ambiguous because it is unclear what is meant by "narrative or virality," including how this phrase fits into the overall definition as constructed. The definition, and thus the request, is further objectionable on the basis that it includes several subjective, ambiguous, and undefined qualifiers such as "seed, influence, boost, amplify, or engage with social media algorithms, narrative or virality"; and it incorporates the definition "Social Media," which is itself overbroad, confusing, and ambiguous (including the phrase, "[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.");

(8)    because it seeks to invade the privacy rights of persons who have sought help for addiction and mental health. In addition, and aside from the fact that their identities and circumstances are not relevant here, revealing them may be financially, reputationally, and psychologically harmful to those persons;

(9)    to the extent it seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Street will produce non-privileged documents in its possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 14:

All Documents and Communications reflecting all Persons or entities who You provided with Payment to perform any work, engage with, or generate any content concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, any Wayfarer Defendant, the Digital Campaign, or the Consolidated Action.

### RESPONSE:

Street objects to this request:

(1)    to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

**CONFIDENTIAL**

(2)     because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)     because the term "content" and the phrase "engage with, or generate any content" are undefined, vague, and ambiguous;

(4)     because the use of the phrase "engage with, or generate any content concerning" incorrectly assumes Street was paid to, or did, "engage with, or generate any content concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, any Wayfarer Defendant, the Digital Campaign, or the Consolidated Action;"

(5)     because the definition of "Lively/Reynolds Companies," and thus the request, lacks specificity and is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "Ms. Lively and Mr. Reynolds's affiliated entities, … and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliate;"

(6)     because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(7)     because the definition of "Digital Campaign," and thus the request, is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "efforts … to communicate information regarding" a laundry list of subjects/topics. The definition, and thus the request, is also vague and ambiguous because it is unclear what is meant by "narrative or virality," including how this phrase fits into the overall definition as constructed. The definition, and thus the request, is further objectionable on the basis that it includes several subjective, ambiguous, and undefined qualifiers such as "seed, influence, boost, amplify, or engage with social media algorithms, narrative or virality"; and it incorporates the definition "Social Media," which is itself overbroad, confusing, and ambiguous (including the phrase, "[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.");

(8)     because it seeks to invade the privacy rights of persons who have sought help for addiction and mental health. In addition, and aside from the fact that their identities and circumstances are not relevant here, revealing them may be financially, reputationally, and psychologically harmful to those persons;

(9)     to the extent it seeks documents and communications that are not relevant to any claim or defense.

CONFIDENTIAL

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Street does not have any responsive documents in its possession, custody or control.

## REQUEST FOR PRODUCTION NO. 15:

All Agreements, including contracts, retainer agreements, engagement letters, and promises memorialized via email or text message, concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, any Wayfarer Defendant, the Digital Campaign, or the Consolidated Action.

### RESPONSE:

Street objects to this request:

(1)    to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege and work product doctrine;

(2)    because the definition of "Lively/Reynolds Companies," and thus the request, lacks specificity and is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "Ms. Lively and Mr. Reynolds's affiliated entities, … and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliate;"

(3)    because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(4)    because the definition of "Digital Campaign," and thus the request, is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "efforts … to communicate information regarding" a laundry list of subjects/topics. The definition, and thus the request, is also vague and ambiguous because it is unclear what is meant by "narrative or virality," including how this phrase fits into the overall definition as constructed. The definition, and thus the request, is further objectionable on the basis that it includes several subjective, ambiguous, and undefined qualifiers such as "seed, influence, boost, amplify, or engage with social media algorithms, narrative or virality"; and it incorporates the definition "Social Media," which is itself overbroad, confusing, and ambiguous (including the phrase, "[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.");

CONFIDENTIAL

(5)     because it seeks to invade the privacy rights of persons who have sought help for addiction and mental health. In addition, and aside from the fact that their identities and circumstances are not relevant here, revealing them may be financially, reputationally, and psychologically harmful to those persons;

(6)     to the extent it seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Street will produce non-privileged documents in its possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 16:

All Documents and Communications, including invoices, payment records, receipts, and accounting records as kept in the ordinary course of business, reflecting all Payments you have paid, or promised to pay, any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf.

### RESPONSE:

Street objects to this request:

(1)     because it explicitly seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)     because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)     because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(4)     because it seeks to invade the privacy rights of persons who have sought help for addiction and mental health. In addition, and aside from the fact that their identities and circumstances are not relevant here, revealing them may be financially, reputationally, and psychologically harmful to those persons;

(5)     to the extent it seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Street will produce non-privileged documents in its possession,

CONFIDENTIAL

custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 17:

All Documents and Communications, including invoices, payment records, receipts, and accounting records as kept in the ordinary course of business, reflecting all Payments that any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf have paid You, or promised to pay You.

### RESPONSE:

Street objects to this request:

> (1)    because it explicitly seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

> (2)    because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

> (3)    because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

> (4)    because it seeks to invade the privacy rights of persons who have sought help for addiction and mental health. In addition, and aside from the fact that their identities and circumstances are not relevant here, revealing them may be financially, reputationally, and psychologically harmful to those persons;

> (5)    to the extent it seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Street will produce non-privileged documents in its possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 18:

All Documents reflecting the name(s) of the financial institution(s), the name(s) of the account holder(s), and any account number(s) associated with all bank account(s) You have used to pay funds to any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf from July 1, 2024 to the present.

### RESPONSE:

CONFIDENTIAL

Street objects to this request:

> (1)    because it explicitly seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

> (2)    because the use of the phrase "All Documents" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

> (3)    because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

> (4)    because it impermissibly attempts to infringe privacy rights and private information of both Street and Wallace;

> (5)    to the extent it seeks documents and communications that are not relevant to any claim or defense.

## REQUEST FOR PRODUCTION NO. 19:

All Documents reflecting the name(s) of the financial institution(s), the name(s) of the account holder(s), and any account number(s) associated with all bank account(s) that You have used to provide Payment for any work or generate any content concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, any Wayfarer Defendant, the Digital Campaign, or the Consolidated Action.

### RESPONSE:

Street objects to this request:

> (1)    because it explicitly seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

> (2)    because the use of the phrase "All Documents" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

> (3)    because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

> (4)    because the term "content" and the phrase "generate any content" are undefined, vague, and ambiguous;

> (5)    because the use of the phrase "generate any content concerning" incorrectly assumes Street was paid to, or did, "generate any content concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, any Wayfarer Defendant, the Digital Campaign, or the Consolidated Action;"

CONFIDENTIAL

(6)    because the definition of "Lively/Reynolds Companies," and thus the request, lacks specificity and is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "Ms. Lively and Mr. Reynolds's affiliated entities, … and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliate;"

(7)    because the definition of "Digital Campaign," and thus the request, is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "efforts … to communicate information regarding" a laundry list of subjects/topics. The definition, and thus the request, is also vague and ambiguous because it is unclear what is meant by "narrative or virality," including how this phrase fits into the overall definition as constructed. The definition, and thus the request, is further objectionable on the basis that it includes several subjective, ambiguous, and undefined qualifiers such as "seed, influence, boost, amplify, or engage with social media algorithms, narrative or virality"; and it incorporates the definition "Social Media," which is itself overbroad, confusing, and ambiguous (including the phrase, "[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.");

(8)    because it impermissibly attempts to infringe privacy rights and private information of both Street and Wallace;

(9)    to the extent it seeks documents and communications that are not relevant to any claim or defense.

## REQUEST FOR PRODUCTION NO. 20:

All Documents reflecting the name(s) of the financial institution(s), the name(s) of the account holder(s), and any account number(s) associated with all bank account(s) You have used to receive Payment from any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf.

### RESPONSE:

Street objects to this request:

(1)    because it explicitly seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)    because the use of the phrase "All Documents" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)    because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(4)    because it seeks to invade the privacy rights of persons who have sought help for addiction and mental health. In addition, and aside from the fact that their identities and circumstances are not relevant here, revealing them may be financially, reputationally, and psychologically harmful to those persons;

(5)    because it impermissibly attempts to infringe privacy rights and private information of both Street and Wallace;

(6)    to the extent it seeks documents and communications that are not relevant to any claim or defense.

## REQUEST FOR PRODUCTION NO. 21:

All Documents reflecting the name(s) of the financial institution(s), the name(s) of the account holder(s), and any account number(s) associated with all bank account(s) You have used to receive Payment from anyone to perform any work or generate any content concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, any Wayfarer Defendant, the Digital Campaign, or the Consolidated Action.

### RESPONSE:

Street objects to this request:

(1)    to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)    because the use of the phrase "All Documents" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)    because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(4)    because the term "content" and the phrase "generate any content" are undefined, vague, and ambiguous;

(5)    because the use of the phrase "generate any content concerning" incorrectly assumes Street was paid to, or did, "generate any content concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, any Wayfarer Defendant, the Digital Campaign, or the Consolidated Action;"

(6)    because the definition of "Lively/Reynolds Companies," and thus the request, lacks specificity and is vague, ambiguous, facially overbroad, inherently overbroad, and plainly

CONFIDENTIAL

overbroad, and thus impermissible, as it seeks all documents and communications concerning "Ms. Lively and Mr. Reynolds's affiliated entities, … and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliate;"

(7)    because the definition of "Digital Campaign," and thus the request, is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "efforts … to communicate information regarding" a laundry list of subjects/topics. The definition, and thus the request, is also vague and ambiguous because it is unclear what is meant by "narrative or virality," including how this phrase fits into the overall definition as constructed. The definition, and thus the request, is further objectionable on the basis that it includes several subjective, ambiguous, and undefined qualifiers such as "seed, influence, boost, amplify, or engage with social media algorithms, narrative or virality"; and it incorporates the definition "Social Media," which is itself overbroad, confusing, and ambiguous (including the phrase, "[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.");

(8)    because it impermissibly attempts to infringe privacy rights and private information of both Street and Wallace;

(9)    to the extent it seeks documents and communications that are not relevant to any claim or defense.

## REQUEST FOR PRODUCTION NO. 22:

All Documents and Communications relating to any promotional materials or descriptions of work, technology, tools, or capabilities regarding, performed by, or concerning Jed Wallace, You, or anyone on Your behalf.

### RESPONSE:

Street objects to this request:

(1)    to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)    because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)    because it impermissibly attempts to infringe privacy rights and private information of both Street and Wallace;

CONFIDENTIAL

(4)    because the terms "technology, tools, or capabilities" are vague and ambiguous;

(5)    because the phrase "performed by" as used is vague and ambiguous;

(6)    because, as a whole, the request is so complex and ill-written that it is unclear what is being requested;

(7)    because it seeks to invade the privacy rights of persons who have sought help for addiction and mental health. In addition, and aside from the fact that their identities and circumstances are not relevant here, revealing them may be financially, reputationally, and psychologically harmful to those persons;

(8)    to the extent it seeks documents and communications that are not relevant to any claim or defense.

## REQUEST FOR PRODUCTION NO. 23:

All Documents and Communications reflecting any archived, active, or deactivated LinkedIn account concerning Jed Wallace or You.

### RESPONSE:

Street objects to this request:

(1)    because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(2)    to the extent it seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Street will produce non-privileged documents in its possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 24:

All Documents and Communications concerning any meetings, appointments, or discussions concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds family, any Wayfarer Defendant, the Digital Campaign, or the Consolidated Action.

### RESPONSE:

Street objects to this request:

(1)       to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)       because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)       because the definition of "Lively/Reynolds Companies," and thus the request, lacks specificity and is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "Ms. Lively and Mr. Reynolds's affiliated entities, … and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliate;"

(4)       because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(5)       because the definition of "Digital Campaign," and thus the request, is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "efforts … to communicate information regarding" a laundry list of subjects/topics. The definition, and thus the request, is also vague and ambiguous because it is unclear what is meant by "narrative or virality," including how this phrase fits into the overall definition as constructed. The definition, and thus the request, is further objectionable on the basis that it includes several subjective, ambiguous, and undefined qualifiers such as "seed, influence, boost, amplify, or engage with social media algorithms, narrative or virality"; and it incorporates the definition "Social Media," which is itself overbroad, confusing, and ambiguous (including the phrase, "[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.").

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Street will produce non-privileged documents in its possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 25:

All Documents and Communications concerning the solicitation of any Social Media content, whether paid or unpaid, concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, or the Consolidated Action.

## RESPONSE:

Street objects to this request:

> (1)     to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

> (2)     because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

> (3)     because the phrase "solicitation of any Social Media content" is vague, ambiguous, confusing, and it is unclear what is being requested;

> (4)     because the definition of "Lively/Reynolds Companies," and thus the request, lacks specificity and is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "Ms. Lively and Mr. Reynolds's affiliated entities, … and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliate;"

> (5)     because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

> (6)     because the definition of "Social Media" is overbroad and ambiguous ("[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.").

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Street will produce non-privileged documents in its possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 26:

All Documents and Communications concerning efforts to seed, influence, encourage, create, purchase, manipulate, boost, amplify, or engage with Social Media related to the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, or the Consolidated Action.

### RESPONSE:

Street objects to this request:

CONFIDENTIAL

(1)      to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)      because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)      because the request includes several subjective, ambiguous, and undefined qualifiers such as "seed, influence, encourage, create, purchase, manipulate, boost, amplify, or engage with Social Media;

(4)      because the definition of "Lively/Reynolds Companies," and thus the request, lacks specificity and is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "Ms. Lively and Mr. Reynolds's affiliated entities, … and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliate;"

(5)      because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(6)      because the definition of "Social Media" is overbroad and ambiguous ("[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.").

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Street will produce non-privileged documents in its possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 27:

All Social Media messages, comments, or posts (including drafts, as well as deleted messages, comments, or posts) made by You or on Your behalf concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, or the Consolidated Action.

### RESPONSE:

Street objects to this request:

(1)      to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

CONFIDENTIAL

(2)    because the definition of "Lively/Reynolds Companies," and thus the request, lacks specificity and is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks "all documents and communications" concerning "Ms. Lively and Mr. Reynolds's affiliated entities, … and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates";

(3)    because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(4)    because the definition of "Social Media" is overbroad and ambiguous ("[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.");

(5)    to the extent it seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Street will produce non-privileged documents in its possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 28:

All Communications with media outlets of any kind concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, or the Consolidated Action.

### RESPONSE:

Street objects to this request:

(1)    to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)    because the use of the phrase "All Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)    because it is vague, ambiguous and unduly burdensome and not proportional to the needs of the case, as it is unclear whether the requested communications are of Street or all communications anyone has had with any "media outlets" (in which case the request is facially overbroad), which phrase itself is undefined, vague and

ambiguous;

(4)    because the definition of "Lively/Reynolds Companies," and thus the request, lacks specificity and is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks "all documents and communications" concerning "Ms. Lively and Mr. Reynolds's affiliated entities, … and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates";

(5)    because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(6)    because it impermissibly attempts to infringe privacy rights and private information of both Street and Wallace.

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Street will produce non-privileged documents in its possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 29:

All Communications with any Content Creator outlets of any kind concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, or the Consolidated Action.

## RESPONSE:

Street objects to this request:

(1)    to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)    because the use of the phrase "All Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)    because it is vague, ambiguous and unduly burdensome and not proportional to the needs of the case, as it is unclear whether the requested communications are of Street or all communications anyone has had with any "Content Creator outlets" (in which case the request is facially overbroad), which phrase itself incorporates the objectionable and overbroad defined term "Content Creator"—which could include any individual with a social media account and further is defined to include several subjective, ambiguous, and undefined actions such as "seeds, generates, creates or influences" and incorporates the definition of "Social Media," which is itself overbroad, confusing, and ambiguous.

(4)    because the definition of "Lively/Reynolds Companies," and thus the request, lacks specificity and is vague, ambiguous, facially overbroad, inherently overbroad, and plainly

CONFIDENTIAL

overbroad, and thus impermissible, as it seeks "all documents and communications" concerning "Ms. Lively and Mr. Reynolds's affiliated entities, … and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates";

(5)    because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(6)    because it impermissibly attempts to infringe privacy rights and private information of both Street and Wallace.

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Street will produce non-privileged documents in its possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 30:

All Documents and Communications Concerning Your knowledge of the Protections for Return to Production Agreement, as described in the Lively Complaint.

### RESPONSE:

Street objects to this request:

(1)    to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)    because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible. Street has never had any kind of relationship with Plaintiff, whether an agreement or otherwise.

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Street will produce non-privileged documents in its possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 31:

All Documents, Communications, audio/video recordings, notes, or production logs concerning any scenes related to the Film, whether or not included in any cut of the Film.

### RESPONSE:

Street objects to this request:

CONFIDENTIAL

(1)     to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)     because the use of the phrase "All Documents, Communications, . . ." renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)     because it is vague and ambiguous in its use of "any scenes related to the Film, whether or not included in any cut of the Film." To be clear, Street was not involved in any way with the production or filming of the "Film;"

(4)     to the extent it seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Street does not have any responsive documents in its possession, custody or control.

## REQUEST FOR PRODUCTION NO. 32:

All Documents, Communications, or audio/video recordings of statements or interviews given by Ms. Lively, regardless of date.

### RESPONSE:

Street objects to this request:

(1)     to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)     because the use of the phrase "All Documents, Communications, . . ." renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)     because it is vague and ambiguous in its use of "statements or interviews given by Ms. Lively;"

(4)     because it is confusing and unintelligible in its use of "All Documents, Communications . . . of statements or interviews;"

(5)     because it is expressly not limited by any relevant timeframe, nor is it limited by any relevant subjects or topics, further confirming the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(6)     because it expressly seeks information that is not relevant to any claim or defense.

**CONFIDENTIAL**

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Street does not have any responsive documents in its possession, custody or control.

## REQUEST FOR PRODUCTION NO. 33:

All Documents and Communications concerning any meetings, appointments, or discussions with any Wayfarer Defendant.

### RESPONSE:

Street objects to this request:

(1)     to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)     because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)     because it seeks to invade the privacy rights of persons who have sought help for addiction and mental health. In addition, and aside from the fact that their identities and circumstances are not relevant here, revealing them may be financially, reputationally, and psychologically harmful to those persons;

(4)     because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(5)     because it expressly seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Street will produce non-privileged documents in its possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 34:

All Documents and Communications concerning any meetings, appointments, or discussions related to Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, the Digital Campaign, the Marketing Plan, or the Consolidated Action.

### RESPONSE:

Street objects to this request:

(1)     to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)     because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)     because the definition of "Lively/Reynolds Companies," and thus the request, lacks specificity and is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "Ms. Lively and Mr. Reynolds's affiliated entities, … and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliate;"

(4)     because the definition of "Digital Campaign," and thus the request, is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "efforts … to communicate information regarding" a laundry list of subjects/topics. The definition, and thus the request, is also vague and ambiguous because it is unclear what is meant by "narrative or virality," including how this phrase fits into the overall definition as constructed. The definition, and thus the request, is further objectionable on the basis that it includes several subjective, ambiguous, and undefined qualifiers such as "seed, influence, boost, amplify, or engage with social media algorithms, narrative or virality"; and it incorporates the definition "Social Media," which is itself overbroad, confusing, and ambiguous (including the phrase, "[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.").

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Street will produce non-privileged documents in its possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 35:

All Documents and Communications concerning any allegations, concerns, complaints, grievances, or reports of any kind, whether formal or informal, oral or written, about Baldoni, Heath, Sarowitz, Wayfarer Studios, or IEWU LLC.

### RESPONSE:

Street objects to this request:

CONFIDENTIAL

(1)      to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)      because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)      because it is vague, ambiguous, and facially overbroad in its use of "any allegations, concerns, complaints, grievances, or reports of any kind, whether formal or informal, oral or written;"

(4)      to the extent it seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Street will produce non-privileged documents in its possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 36:

All Documents sufficient to show who You communicated with on Signal concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, the Digital Campaign, the Marketing Plan, or the Consolidated Action.

### RESPONSE:

Street objects to this request:

(1)      to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)      because the use of the phrase "All Documents" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)      because the definition of "Lively/Reynolds Companies," and thus the request, lacks specificity and is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks "all documents and communications" concerning "Ms. Lively and Mr. Reynolds's affiliated entities, … and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates";

(4)      because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(5)      because the definition of "Digital Campaign," and thus the request, is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus

CONFIDENTIAL

impermissible, as it seeks all documents and communications concerning "efforts … to communicate information regarding" a laundry list of subjects/topics. The definition, and thus the request, is also vague and ambiguous because it is unclear what is meant by "narrative or virality," including how this phrase fits into the overall definition as constructed. The definition, and thus the request, is further objectionable on the basis that it includes several subjective, ambiguous, and undefined qualifiers such as "seed, influence, boost, amplify, or engage with social media algorithms, narrative or virality"; and it incorporates the definition "Social Media," which is itself overbroad, confusing, and ambiguous (including the phrase, "[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.");

(6)     because it impermissibly attempts to infringe privacy rights and private information of both Street and Wallace;

(7)     to the extent it seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Street will produce non-privileged documents in its possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 37:

All Documents sufficient to show when You communicated on Signal concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, the Digital Campaign, the Marketing Plan, or the Consolidated Action.

### RESPONSE:

Street objects to this request:

(1)     to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)     because the use of the phrase "All Documents" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)     because the definition of "Lively/Reynolds Companies," and thus the request, lacks specificity and is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks "all documents and communications"

CONFIDENTIAL

concerning "Ms. Lively and Mr. Reynolds's affiliated entities, … and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates";

(4)    because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(5)    because the definition of "Digital Campaign," and thus the request, is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "efforts … to communicate information regarding" a laundry list of subjects/topics. The definition, and thus the request, is also vague and ambiguous because it is unclear what is meant by "narrative or virality," including how this phrase fits into the overall definition as constructed. The definition, and thus the request, is further objectionable on the basis that it includes several subjective, ambiguous, and undefined qualifiers such as "seed, influence, boost, amplify, or engage with social media algorithms, narrative or virality"; and it incorporates the definition "Social Media," which is itself overbroad, confusing, and ambiguous (including the phrase, "[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.");

(6)    because it impermissibly attempts to infringe privacy rights and private information of both Street and Wallace;

(7)    to the extent it seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Street will produce non-privileged documents in its possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 38:

All Documents and Communications identifying or concerning the "platform-specific specialists working for [You]" that is referenced in SR.00000029.

### RESPONSE:

Street objects to this request:

(1)    to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

CONFIDENTIAL

(2)    because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible.

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Street will produce non-privileged documents in its possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 39:

All Documents and Communications identifying or concerning the "team" that is referenced in SR 1.00000027.

### RESPONSE:

Street objects to this request:

(1)    to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)    because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible.

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Street will produce non-privileged documents in its possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 40:

All Documents and Communications concerning the "digital plan" referenced in SR 1.00000006.

### RESPONSE:

Street objects to this request:

(1)    to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

(2)    because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible.

CONFIDENTIAL

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Street will produce non-privileged documents in its possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 41:

All Documents and Communications concerning services or activities performed in connection with Street Relations Invoice #001TAGJBWS, dated August 8, 2024, produced at SR 1.00000008.

### RESPONSE:

Street objects to this request:

> (1)     to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

> (2)     because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible.

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Street will produce non-privileged documents in its possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 42:

All Documents and Communications concerning services or activities performed in connection with Street Relations Invoice #001TAGJBWS, dated September 1, 2024, reflected on SR 1.00000084.

### RESPONSE:

Street objects to this request:

> (1)     to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

> (2)     because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible.

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions"

CONFIDENTIAL

sections set forth in the requests, Street will produce non-privileged documents in its possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 43:

All Documents and Communications concerning services or activities performed in connection with Street Relations Invoice #003TAG.JBWS, dated October 1, 2024, produced at SR 1.00000087.

### RESPONSE:

Street objects to this request:

>(1)     to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

>(2)     because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible.

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Street will produce non-privileged documents in its possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 44:

All Documents and Communications concerning services or activities related to Reddit regarding the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, the Digital Campaign, the Marketing Plan, or the Consolidated Action.

### RESPONSE:

Street objects to this request:

>(1)     to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

>(2)     because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

>(3)     because the definition of "Lively/Reynolds Companies," and thus the request, lacks specificity and is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks "all documents and communications"

CONFIDENTIAL

concerning "Ms. Lively and Mr. Reynolds's affiliated entities, … and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates";

(4)    because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(5)    because the definition of "Digital Campaign," and thus the request, is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "efforts … to communicate information regarding" a laundry list of subjects/topics. The definition, and thus the request, is also vague and ambiguous because it is unclear what is meant by "narrative or virality," including how this phrase fits into the overall definition as constructed. The definition, and thus the request, is further objectionable on the basis that it includes several subjective, ambiguous, and undefined qualifiers such as "seed, influence, boost, amplify, or engage with social media algorithms, narrative or virality"; and it incorporates the definition "Social Media," which is itself overbroad, confusing, and ambiguous (including the phrase, "[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.");

(6)    to the extent it seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Street will produce non-privileged documents in its possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.

## REQUEST FOR PRODUCTION NO. 45:

All Documents and Communications concerning services or activities related to Discord regarding the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, the Digital Campaign, the Marketing Plan, or the Consolidated Action.

### RESPONSE:

Street objects to this request:

(1)    to the extent it seeks documents and communications protected from disclosure by the attorney-client privilege, work product doctrine, and spousal privilege;

CONFIDENTIAL

(2)    because the use of the phrase "All Documents and Communications" renders the request facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(3)    because the definition of "Lively/Reynolds Companies," and thus the request, lacks specificity and is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks "all documents and communications" concerning "Ms. Lively and Mr. Reynolds's affiliated entities, … and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates";

(4)    because the definition of "Wayfarer Defendants" includes "Wallace," individually, and "Street Relations" and thus the request is facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible;

(5)    because the definition of "Digital Campaign," and thus the request, is vague, ambiguous, facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible, as it seeks all documents and communications concerning "efforts … to communicate information regarding" a laundry list of subjects/topics. The definition, and thus the request, is also vague and ambiguous because it is unclear what is meant by "narrative or virality," including how this phrase fits into the overall definition as constructed. The definition, and thus the request, is further objectionable on the basis that it includes several subjective, ambiguous, and undefined qualifiers such as "seed, influence, boost, amplify, or engage with social media algorithms, narrative or virality"; and it incorporates the definition "Social Media," which is itself overbroad, confusing, and ambiguous (including the phrase, "[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.");

(6)    because it seeks to invade the privacy rights of persons who have sought help for addiction and mental health. In addition, and aside from the fact that their identities and circumstances are not relevant here, revealing them may be financially, reputationally, and psychologically harmful to those persons;

(7)    to the extent it seeks documents and communications that are not relevant to any claim or defense.

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections above, as well as the above-stated objections to the "Definitions" and "Instructions" sections set forth in the requests, Street will produce non-privileged documents in its possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024.