# EXHIBIT 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>Plaintiff,<br><br>-v-<br><br>WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, THE AGENCY GROUP PR LLC, JENNIFER ABEL, JED WALLACE, and STREET RELATIONS INC.,<br><br>Defendants.<br><br>WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, JENNIFER ABEL, and STEVE SAROWITZ,<br><br>Plaintiffs,<br><br>-v-<br><br>BLAKE LIVELY, RYAN REYNOLDS, LESLIE SLOANE, VISION PR, INC., and THE NEW YORK TIMES COMPANY.<br><br>Defendants. | Case No. 1:24-cv-10049-LJL<br>(consolidated with 1:25-cv-00449-LJL) |

**DEFENDANT JED WALLACE'S OBJECTIONS AND ANSWERS TO
PLAINTIFF'S SECOND SET OF INTERROGATORIES**

To: Blake Lively, by and through her attorneys, Esra A. Hudson, Stephanie Roeser, Manatt, Phelps & Phillips, LLP, 2049 Century Park East, Suite 1700, Los Angeles, California 90067.

**CONFIDENTIAL**

Pursuant to Fed. R. Civ. P. 33, Defendant Jed Wallace ("Wallace"), by and through his attorneys, hereby serves his objections and answers to Plaintiff's Second Set of Interrogatories subject to his pending motion to dismiss where he contests this Court's jurisdiction over him, among other matters.

Respectfully submitted,

**JACKSON WALKER LLP**

*/s/ Charles L. Babcock*
Charles L. Babcock
SDNY #5451117
Joel R. Glover
SDNY #5697487
JACKSON WALKER LLP
1401 McKinney, Suite 1900
Houston, TX 77010
(713) 752-4200
cbabcock@jw.com
jglover@jw.com

**ATTORNEYS FOR DEFENDANTS JED WALLACE, AN INDIVIDUAL, AND STREET RELATIONS, INC.**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document was served via electronic delivery on July 3, 2025, in accordance with the Federal Rules of Civil Procedure, on all counsel of record for Plaintiff Blake Lively.

*/s/ Joel R. Glover*
Joel R. Glover

CONFIDENTIAL

## I.  PRELIMINARY STATEMENTS

Jed Wallace ("Wallace") objects to Lively's Second Set of Interrogatories because it constitutes as merits discovery before the Court has decided whether it has jurisdiction over Wallace. As explained in Wallace's motion to dismiss, the Court lacks jurisdiction over Wallace, and Lively has not shown a prima facie case for personal jurisdiction warranting jurisdictional discovery, let alone merits discovery. The Circuit has recognized that, absent an order for jurisdictional discovery, "until she has shown a reasonable basis for assuming jurisdiction, [Lively] is not entitled to any other discovery." *Filus v. Lot Polish Airlines*, 907 F.2d 1328, 1332 (2d Cir. 1990); *see also Hong Leong Finance Limited (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 75 (S.D.N.Y. 2013) (being mindful of the Court's obligation not to proceed unnecessarily with merits discovery in a case over which the Court may lack jurisdiction). Wallace responds to this set of Interrogatories subject to and without waiving any of his arguments regarding personal jurisdiction.

Any work performed by Wallace was in his capacity as an officer of Street Relations Inc. ("Street").

## II.  OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Wallace objects to Plaintiff's "DEFINITIONS" and "INSTRUCTIONS" set forth in the Second Set of Interrogatories to the extent they seek to impose obligations different from, greater than, or contrary to those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, or the Standing Order of the Court.

2. Wallace objects to the definition of "Content Creator," because it is overbroad, as it could include any individual with a social media account. Wallace further objects to this definition as vague and ambiguous, as it includes several subjective, ambiguous, and undefined

actions such as "seeds, generates, creates or influences"; and it incorporates the definition of "Social Media," which is itself overbroad, confusing, and ambiguous.

3. Wallace objects to the definition of "Digital Campaign," because it is vague, ambiguous, and overbroad as it includes "efforts . . . to communicate information regarding" a laundry list of subjects and topics, including other objectionable defined terms. The definition is made further vague and ambiguous because it is unclear what is meant by "narrative or virality," including how this phrase fits into the overall definition as constructed. The definition is further objectionable on the basis that it includes several subjective, ambiguous, and undefined qualifiers such as "seed influence, boost, amplify, or engage with social media algorithms, narrative or virality."

4. Wallace objects to the definition of "Lively/Reynolds Companies," because it is vague, ambiguous, and overbroad, as it includes "Ms. Lively and Mr. Reynolds's affiliated entities, . . . and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates."

5. Wallace objects to the definitions of "Street Relations" and "You," "Your," or "Yours" as using broader definitions than the definition in Local Civil Rule 26.3(c)(5).

6. Wallace objects to the definition of "Wayfarer Defendants" as including Street and Wallace. As a result, requests employing this definition necessarily seek irrelevant information – i.e., all documents and communications concerning Street and Wallace – and thus are facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible; and the scope of the requested discovery is not proportional to the needs of the case.

7. Wallace objects to Instruction 6 and the time period set forth therein. Wallace limits his responses to the relevant time period, July 1, 2024 – December 20, 2024.

### III.     INTERROGATORIES

**INTERROGATORY NO. 7:**

Identify all Persons with whom You communicated via Signal concerning the Digital Campaign, Ms. Lively, Mr. Reynolds, the Film, or the Consolidated Actions.

   **ANSWER:**

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the above-stated objections to the "Definitions" and "Instructions" sections, Wallace responds as follows: None, as all communications on these topics, if any, were undertaken by Wallace in the course and scope of his work for Street. *See* Response to Interrogatory No. 7 by Street.

**INTERROGATORY NO. 8:**

Identify all Persons with whom You communicated via iMessage concerning Digital Campaign, Ms. Lively, Mr. Reynolds, the Film, or the Consolidated Actions.

   **ANSWER:**

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the above-stated objections to the "Definitions" and "Instructions" sections, Wallace responds as follows: None, as all communications on these topics, if any, were undertaken by Wallace in the course and scope of his work for Street. *See* Response to Interrogatory No. 8 by Street.

**INTERROGATORY NO. 9:**

Identify all email addresses and phone numbers that You or anyone acting on Your behalf has used, in any manner, in connection with services performed for or on behalf of any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf from July 1, 2024 to the present.

   **ANSWER:**

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the above-stated objections to the "Definitions" and "Instructions" sections, Wallace responds as follows: None, as all "services performed" were undertaken by Wallace in the course and scope of his work for Street. *See* Response to Interrogatory No. 9 by Street.

**INTERROGATORY NO. 10:**

Identify all Social Media handles and/or aliases that You or anyone acting on Your behalf has used, in any manner, in connection with services performed for or on behalf of any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf from July 1, 2024 to the present.

CONFIDENTIAL

**ANSWER:**

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the above-stated objections to the "Definitions" and "Instructions" sections, Wallace responds as follows: None, as all "services performed" were undertaken by Wallace in the course and scope of his work for Street. *See* Response to Interrogatory No. 10 by Street.

**INTERROGATORY NO. 11:**

Identify any financial accounts used to make or receive Payments in connection with services performed for or on behalf of any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf from July 1, 2024 to the present, including the name(s) of the financial institution(s), the name(s) of the account holder(s), and any account number(s) associated with all bank account(s).

**ANSWER:**

Wallace objects to this interrogatory because it impermissibly attempts to infringe privacy rights and private information of Wallace and Street. This interrogatory seeks information that is neither relevant to any claim or defense, nor proportional to the needs of the case. Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections herein, as well as the above-stated objections to the "Definitions" and "Instructions" sections, Wallace will not respond to this interrogatory.

**INTERROGATORY NO. 12:**

Identify all Discord servers, Discord channels, Discord messages, or Discord group conversations that You have used to communicate concerning Ms. Lively, Mr. Reynolds, the Film, the Marketing Plan, the Consolidated Action or allegations asserted therein, or the Digital Campaign.

**ANSWER:**

Subject to and without waiving his motion to dismiss for lack of jurisdiction and the above-stated objections to the "Definitions" and "Instructions" sections, Wallace responds as follows: None.

**INTERROGATORY NO. 13:**

Identify all former or current clients for whom You have performed services similar to those provided to or on behalf of any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf, including without limitation efforts to seed, influence, manipulate, boost, amplify, or engage with social media algorithms, narrative or virality, as well as the use of bots or inauthentic accounts.

**ANSWER:**

PLAINTIFF'S SECOND SET OF INTERROGATORIES                                          Page 6

Wallace objects to this interrogatory because it seeks to invade the privacy rights of persons having no remote involvement in or relevance to this litigation or the issues within it. This interrogatory seeks information that is neither relevant to any claim or defense, nor proportional to the needs of the case. Wallace further objects to this interrogatory because it incorrectly assumes and suggests that, in connection with the social/digital monitoring project regarding It Ends With Us and its two stars—Lively and Baldoni, Wallace "performed services" including a laundry list of subjective, ambiguous, and undefined qualifiers, such as "efforts to seed, influence, manipulate, boost, amplify, or engage with social media algorithms, narrative or virality, as well as the use of bots or inauthentic accounts." Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections herein, as well as the above-stated objections to the "Definitions" and "Instructions" sections, Wallace will not respond to this interrogatory.

**INTERROGATORY NO. 14:**

Identify all employees, associates, or subcontractors who have performed services for You since May 1, 2020, including to seed, influence, manipulate, boost, amplify, or engage with social media algorithms, narrative or virality, as well as the use of bots or inauthentic accounts.

**ANSWER:**

Wallace objects to this interrogatory because it is vague, ambiguous, overbroad, and unduly burdensome in that it seeks identification of "all employees, associates, or subcontractors who have performed services for You"—which defined term "You" is objectionable in and of itself for the reasons detailed in the above-stated objections—for a period spanning over five years, including a four-year period before Wallace (through Street) was first engaged for the social/digital monitoring project regarding It Ends With Us and its two stars—Lively and Baldoni. This interrogatory seeks information that is neither relevant to any claim or defense, nor proportional to the needs of the case. Wallace further objects to this interrogatory because it incorrectly assumes and suggests that Wallace "perform[s] services" including a laundry list of subjective, ambiguous, and undefined qualifiers, such as "to seed, influence, manipulate, boost, amplify, or engage with social media algorithms, narrative or virality, as well as the use of bots or inauthentic accounts." Subject to and without waiving his motion to dismiss for lack of jurisdiction and the specific objections herein, as well as the above-stated objections to the "Definitions" and "Instructions" sections, Wallace responds to this interrogatory as narrowed to include "all employees, associates, or subcontractors who have performed services for You from July 1, 2024 to December 20, 2024 relating to the social/digital monitoring project beginning August 9, 2024 regarding It Ends With Us and its two stars—Lively and Baldoni" as follows: None.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>     Plaintiff,<br><br>-v-<br><br>WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, THE AGENCY GROUP PR LLC, JENNIFER ABEL, JED WALLACE, and STREET RELATIONS INC.,<br><br>     Defendants.<br><br>WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, JENNIFER ABEL, and STEVE SAROWITZ,<br><br>     Plaintiffs,<br><br>-v-<br><br>BLAKE LIVELY, RYAN REYNOLDS, LESLIE SLOANE, VISION PR, INC., and THE NEW YORK TIMES COMPANY,<br><br>     Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § §<br><br>Case No. 1:24-cv-10049-LJL<br>(consolidated with 1:25-cv-00449-LJL) |

## **VERIFICATION**

STATE OF TEXAS  §
          §
COUNTY OF HAYS  §

  I, Jed Wallace, hereby declare as follows:

**VERIFICATION**                                  **Page - 1**

I am Jed Wallace, and I have read Plaintiff Blake Lively's Second Set of Interrogatories and my answers to those interrogatories, which are true to the best of my knowledge, information, and belief. I declare under penalty of perjury that the foregoing is true and correct.

I reserve the right to make any changes to the aforesaid answers if it should appear at any time that omissions or errors have been made, or that additional or more accurate information has been obtained.

Executed on July 3, 2025

_____
Jed Wallace

**VERIFICATION**                                                                                                                  **Page - 2**

CONFIDENTIAL

ATTORNEYS' EYES ONLY – RESPONSES TO INTERROGATORIES 9 AND 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>Plaintiff,<br><br>-v-<br><br>WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, THE AGENCY GROUP PR LLC, JENNIFER ABEL, JED WALLACE, and STREET RELATIONS INC.,<br><br>Defendants.<br><br>WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, JENNIFER ABEL, and STEVE SAROWITZ,<br><br>Plaintiffs,<br><br>-v-<br><br>BLAKE LIVELY, RYAN REYNOLDS, LESLIE SLOANE, VISION PR, INC., and THE NEW YORK TIMES COMPANY.<br><br>Defendants. | Case No. 1:24-cv-10049-LJL<br>(consolidated with 1:25-cv-00449-LJL) |

**DEFENDANT STREET RELATIONS INC.'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**

To: Blake Lively, by and through her attorneys, Esra A. Hudson, Stephanie Roeser, Manatt, Phelps & Phillips, LLP, 2049 Century Park East, Suite 1700, Los Angeles, California 90067.

CONFIDENTIAL

**ATTORNEYS' EYES ONLY – RESPONSES TO INTERROGATORIES 9 AND 10**

Pursuant to Fed. R. Civ. P. 33, Defendant Street Relations Inc. ("Street"), by and through its attorneys, hereby serves its objections and answers to Plaintiff's Second Set of Interrogatories subject to its pending motion to dismiss where it contests this Court's jurisdiction over it, among other matters.

Respectfully submitted,

**JACKSON WALKER LLP**

*/s/ Charles L. Babcock*
Charles L. Babcock
SDNY #5451117
Joel R. Glover
SDNY #5697487
JACKSON WALKER LLP
1401 McKinney, Suite 1900
Houston, TX 77010
(713) 752-4200
cbabcock@jw.com
jglover@jw.com

**ATTORNEYS FOR DEFENDANTS
JED WALLACE, AN INDIVIDUAL,
AND STREET RELATIONS, INC.**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document was served via electronic delivery on July 3, 2025, in accordance with the Federal Rules of Civil Procedure, on all counsel of record for Plaintiff Blake Lively.

*/s/ Joel R. Glover*
Joel R. Glover

CONFIDENTIAL

**ATTORNEYS' EYES ONLY – RESPONSES TO INTERROGATORIES 9 AND 10**

## I.     PRELIMINARY STATEMENTS

Street Relations Inc. ("Street") objects to Lively's Second Set of Interrogatories because it constitutes as merits discovery before the Court has decided whether it has jurisdiction over Street. As explained in Street's motion to dismiss, the Court lacks jurisdiction over Street, and Lively has not shown a prima facie case for personal jurisdiction warranting jurisdictional discovery, let alone merits discovery. The Circuit has recognized that, absent an order for jurisdictional discovery, "until she has shown a reasonable basis for assuming jurisdiction, [Lively] is not entitled to any other discovery." *Filus v. Lot Polish Airlines*, 907 F.2d 1328, 1332 (2d Cir. 1990); *see also Hong Leong Finance Limited (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 75 (S.D.N.Y. 2013) (being mindful of the Court's obligation not to proceed unnecessarily with merits discovery in a case over which the Court may lack jurisdiction). Street responds to this set of Interrogatories subject to and without waiving any of its arguments regarding personal jurisdiction.

## II.     OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Street objects to Plaintiff's "DEFINITIONS" and "INSTRUCTIONS" set forth in the Second Set of Interrogatories to the extent they seek to impose obligations different from, greater than, or contrary to those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, or the Standing Order of the Court.

2.     Street objects to the definition of "Content Creator," because it is overbroad, as it could include any individual with a social media account. Street further objects to this definition as vague and ambiguous, as it includes several subjective, ambiguous, and undefined actions such as "seeds, generates, creates or influences"; and it incorporates the definition of "Social Media," which is itself overbroad, confusing, and ambiguous.

**CONFIDENTIAL**

**ATTORNEYS' EYES ONLY – RESPONSES TO INTERROGATORIES 9 AND 10**

3. Street objects to the definition of "Digital Campaign," because it is vague, ambiguous, and overbroad as it includes "efforts . . . to communicate information regarding" a laundry list of subjects and topics, including other objectionable defined terms. The definition is made further vague and ambiguous because it is unclear what is meant by "narrative or virality," including how this phrase fits into the overall definition as constructed. The definition is further objectionable on the basis that it includes several subjective, ambiguous, and undefined qualifiers such as "seed influence, boost, amplify, or engage with social media algorithms, narrative or virality."

4. Street objects to the definition of "Lively/Reynolds Companies," because it is vague, ambiguous, and overbroad, as it includes "Ms. Lively and Mr. Reynolds's affiliated entities, . . . and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates."

5. Street objects to the definitions of "Street Relations" and "You," "Your," or "Yours" as using broader definitions than the definition in Local Civil Rule 26.3(c)(5).

6. Street objects to the definition of "Wayfarer Defendants" as including Street and Wallace. As a result, requests employing this definition necessarily seek irrelevant information – i.e., all documents and communications concerning Street and Wallace – and thus are facially overbroad, inherently overbroad, and plainly overbroad, and thus impermissible; and the scope of the requested discovery is not proportional to the needs of the case.

7. Street objects to Instruction 6 and the time period set forth therein. Street limits its responses to the relevant time period, July 1, 2024 – December 20, 2024.

CONFIDENTIAL

**ATTORNEYS' EYES ONLY – RESPONSES TO INTERROGATORIES 9 AND 10**

### III.　INTERROGATORIES

**INTERROGATORY NO. 7:**

Identify all Persons with whom You communicated via Signal concerning the Digital Campaign, Ms. Lively, Mr. Reynolds, the Film, or the Consolidated Actions.

**ANSWER:**

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the above-stated objections to the "Definitions" and "Instructions" sections, Street responds as follows: Melissa Nathan.

In addition, Street's records indicate that Street was added to a Signal chat with Breanna Koslow, Katie Case, and Melissa Nathan. However, that Signal chat does not have any communications reflected within it, and Street does not recall having any Signal communications with Ms. Koslow or Ms. Case concerning the social/digital monitoring project beginning August 9, 2024 regarding It Ends With Us and its two stars.

**INTERROGATORY NO. 8:**

Identify all Persons with whom You communicated via iMessage regarding Digital Campaign, Ms. Lively, Mr. Reynolds, the Film, or the Consolidated Actions.

**ANSWER:**

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the above-stated objections to the "Definitions" and "Instructions" sections, Street responds as follows: Jamey Heath, Melissa Nathan.

**INTERROGATORY NO. 9:**

Identify all email addresses and phone numbers that You or anyone acting on Your behalf has used, in any manner, in connection with services performed for or on behalf of any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf from July 1, 2024 to the present.

**ANSWER:**

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the above-stated objections to the "Definitions" and "Instructions" sections, Street responds as follows:

Email: ▮▮▮▮▮▮▮▮
Phone Number: ▮▮▮▮▮▮▮▮

**CONFIDENTIAL**

**ATTORNEYS' EYES ONLY – RESPONSES TO INTERROGATORIES 9 AND 10**

**INTERROGATORY NO. 10:**

Identify all Social Media handles or aliases that You or anyone acting on Your behalf has used, in any manner, in connection with services performed for or on behalf of any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf from July 1, 2024 to the present.

**ANSWER:**

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the above-stated objections to the "Definitions" and "Instructions" sections, Street responds as follows:

Instagram: 
X:

**INTERROGATORY NO. 11:**

Identify any financial accounts used to make or receive Payments in connection with services performed for or on behalf of any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf from July 1, 2024 to the present, including the name(s) of the financial institution(s), the name(s) of the account holder(s), and any account number(s) associated with all bank account(s).

**ANSWER:**

Street objects to this interrogatory because it impermissibly attempts to infringe privacy rights and private information of Wallace and Street. This interrogatory seeks information that is neither relevant to any claim or defense, nor proportional to the needs of the case. Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections herein, as well as the above-stated objections to the "Definitions" and "Instructions" sections, Street will not respond to this interrogatory.

**INTERROGATORY NO. 12:**

Identify all Discord servers, Discord channels, Discord messages, or Discord group conversations that You have used to communicate concerning Ms. Lively, Mr. Reynolds, the Film, the Marketing Plan, the Consolidated Action or allegations asserted therein, or the Digital Campaign.

**ANSWER:**

Subject to and without waiving its motion to dismiss for lack of jurisdiction and the above-stated objections to the "Definitions" and "Instructions" sections, Street responds as follows: None.

**INTERROGATORY NO. 13:**

**CONFIDENTIAL**

**ATTORNEYS' EYES ONLY – RESPONSES TO INTERROGATORIES 9 AND 10**

Identify all former or current clients for whom You have performed services similar to those provided to or on behalf of any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf, including without limitation efforts to seed, influence, manipulate, boost, amplify, or engage with social media algorithms, narrative or virality, as well as the use of bots or inauthentic accounts.

**ANSWER:**

Street objects to this interrogatory because it seeks to invade the privacy rights of persons having no remote involvement in or relevance to this litigation or the issues within it. This interrogatory seeks information that is neither relevant to any claim or defense, nor proportional to the needs of the case. Street further objects to this interrogatory because it incorrectly assumes and suggests that, in connection with the social/digital monitoring project regarding It Ends With Us and its two stars—Lively and Baldoni, Street "performed services" including a laundry list of subjective, ambiguous, and undefined qualifiers, such as "efforts to seed, influence, manipulate, post, amplify, or engage with social media algorithms, narrative or virality, as well as the use of bots or inauthentic accounts." Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections herein, as well as the above-stated objections to the "Definitions" and "Instructions" sections, Street will not respond to this interrogatory.

**INTERROGATORY NO. 14:**

Identify all employees, associates, or subcontractors who have performed services for You since May 1, 2020, including to seed, influence, manipulate, boost, amplify, or engage with social media algorithms, narrative or virality, as well as the use of bots or inauthentic accounts.

**ANSWER:**

Street objects to this interrogatory because it is vague, ambiguous, overbroad, and unduly burdensome in that it seeks identification of "all employees, associates, or subcontractors who have performed services for You"—which defined term "You" is objectionable in and of itself for the reasons detailed in the above-stated objections—for a period spanning over five years, including a four-year period before Street was first engaged for the social/digital monitoring project regarding It Ends With Us and its two stars—Lively and Baldoni. This interrogatory seeks information that is neither relevant to any claim or defense, nor proportional to the needs of the case. Street further objects to this interrogatory because it incorrectly assumes and suggests that Street "perform[s] services" including a laundry list of subjective, ambiguous, and undefined qualifiers, such as "to seed, influence, manipulate, boost, amplify, or engage with social media algorithms, narrative or virality, as well as the use of bots or inauthentic accounts." Subject to and without waiving its motion to dismiss for lack of jurisdiction and the specific objections herein, as well as the above-stated objections to the "Definitions" and "Instructions" sections, Street responds to this interrogatory as narrowed to include "all employees, associates, or subcontractors who have performed services for You from July 1, 2024 to December 20, 2024 relating to the social/digital monitoring project beginning August 9, 2024 regarding It Ends With Us and its two stars—Lively and Baldoni" as follows: Jed Wallace.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| BLAKE LIVELY,<br><br>  Plaintiff,<br><br>-v-<br><br>WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, THE AGENCY GROUP PR LLC, JENNIFER ABEL, JED WALLACE, and STREET RELATIONS INC.,<br><br>  Defendants.<br><br>WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, JENNIFER ABEL, and STEVE SAROWITZ,<br><br>  Plaintiffs,<br><br>-v-<br><br>BLAKE LIVELY, RYAN REYNOLDS, LESLIE SLOANE, VISION PR, INC., and THE NEW YORK TIMES COMPANY,<br><br>  Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Case No. 1:24-cv-10049-LJL<br>(consolidated with 1:25-cv-00449-LJL) |

## **VERIFICATION**

STATE OF TEXAS          §
                                        §
COUNTY OF HAYS      §

I, Jed Wallace, hereby declare as follows:

**VERIFICATION**                                                                                                **Page - 1**

I am Jed Wallace, and I am President of Street Relations, Inc. I am the agent of Street Relations, Inc. for the purpose of answering Plaintiff Blake Lively's Second Set of Interrogatories. I have read the foregoing interrogatories and the answers to those interrogatories, which are true according to the best of my knowledge, information, and belief. I declare under penalty of perjury that the foregoing is true and correct.

I reserve the right to make any changes to the aforesaid answers if it should appear at any time that omissions or errors have been made, or that additional or more accurate information has been obtained.

Executed on July 3, 2025

_____
Jed Wallace