# EXHIBIT 10

**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

August 5, 2025

<u>VIA ELECTRONIC MAIL</u>

Charles L. Babcock
Carl C. Butzer
Joel R. Glover
Jackson Walker LLP
2323 Ross Avenue, Suite 600
Dallas, TX 75201

Counsel:

On behalf of our client Plaintiff Blake Lively ("Ms. Lively"), we write to address ongoing issues and deficiencies in Defendants Jed Wallace's and Street Relations' (together, the "Wallace Parties") document productions.[1] As set forth below, the Wallace Parties have failed to make complete document productions. The Wallace Parties failed to produce any documents responsive to more than 24 Requests for Production ("RFPs"), despite having agreed to do so. As for what the Wallace Parties *have* produced, it is readily apparent that this too remains woefully incomplete. For instance, entire communications between the Wallace Parties and Melissa Nathan remain missing from the production. This, in turn, raises serious concerns with respect to the Wallace Parties' collection efforts. Accordingly, please review this letter and be prepared to address the issues identified below as part of the conferral scheduled for Tuesday, August 5.

**I.    The Wallace Parties' Failure to Produce Documents Responsive to Ms. Lively's RFPs.**

Despite agreeing to produce documents within their possession, custody, and control, the Wallace Parties have not produced any documents responsive to more than 24 of Ms. Lively's Requests, which are identified in **Exhibit A** hereto. This is especially troubling given that many of the RFPs should be readily available, including, *inter alia*, (i) documents identifying or concerning the "platform-specific specialists" working for You; (ii) documents identifying Your "team"; (iii) documents concerning the "digital plan" referenced in Your documents; (iv) documents concerning efforts to seed, influence, encourage, create purchase, manipulate, boost, amplify, or engage with Social Media regarding the Film or Ms. Lively; and (ii) communications with Content Creator outlets of any kind concerning the Film or Ms. Lively. To the extent the Wallace Parties have, in fact, produced documents responsive to the requests identified in **Exhibit A** please identify them by Bates number. Alternatively, please immediately produce these documents or, to the extent these documents are somehow not within the Wallace Parties' possession, custody, or control, they are required to amend their responses to reflect the same.

---

[1] This letter adopts and incorporates the issues raised in Ms. Lively's letter of July 14, 2025, relating to deficiencies in the Wallace Parties' interrogatory responses.

## II. The Wallace Parties' Document Productions And Interrogatory Responses Confirm Their Document Productions Are Incomplete.

To date, the Wallace Parties have collectively produced just 37 documents. The productions do not include any Signal (or similar ephemeral messaging platform) communications, and only one single text chain with Jamey Heath (STREET 1.000054). The Wallace Parties' own interrogatory responses confirm that these document productions are incomplete. In response to Interrogatory 8—asking "with whom You communicated via iMessage regarding [the] Digital Campaign, Ms., Lively, Mr. Reynolds, the Film, or the Consolidated Actions," the Wallace Parties responded "Jamey Heath, Melissa Nathan." Yet, the Wallace Parties failed to produce a single text message with Nathan. Similarly, in response to Interrogatory 7, the Wallace Parties indicated they communicated via Signal with Melissa Nathan, but also failed to produce such communications.

Beyond the Wallace Parties' own admissions, documents collected from third parties further demonstrate that the Wallace Parties' productions are incomplete. Numerous text messages produced by Wayfarer Defendants and third parties reflect how the Wallace Parties were actively engaging in the Digital Campaign in, at least, August 2024. *See, e.g.*, BBKOSLOW-000001986 (August 9, 2024 text chain considering whether the Wallace Parties had "suppress[ed]" certain content); KCASE-000003756 (August 8, 2024 text chain where TAG "flagged" certain content "to Jed and his team for more serious action on the social side"); NATHAN_000000718 ("We've also started to see a shift on social, due largely to Jed and his team's efforts to shift the narrative toward shining a spotlight on Blake and Ryan."). In light of the active role the Wallace Parties had in effectuating the Digital Campaign, it strains credulity that the Wallace Parties would have no documents or communications reflecting these efforts.

On August 8, 2024, Nathan emailed Heath, copying the Wallace Parties, introducing "Jed who will be having his team assist on all social activity based off our own conversations as well as *their digital plan you are in receipt of*." STREET 1.000006 (emphasis added). The Wayfarer Parties failed to produce their digital plan (despite agreeing to do so); but, Heath produced an email from August 7, 2024 "[f]ollowing up on the social/digital conversation . . . with specifics re: social and digital mitigation" which the "team will focus on." HEATH_000028186. The digital plan included eleven bullet points of actions that the Wallace Parties would take, including "[l]everage relationships with Discord, Reddit, X, IG, TikTok, YouTube, etc. to expose behavior of Blake and other parties, both current and past and engage directly with communities to adjust or influence the conversations taking place in real time." *Id.* The Wallace Parties failed to produce a single document reflecting such efforts. Similarly, the digital plan contemplated "[a]ctively sway[ing] the algorithm with one SEC charged hub/site, created and overseen by the team." *Id.* Not only did the Wallace Parties fail to produce a single document demonstrating such work, they did not even produce a single document or communications identifying one member of their team.

Given these clear gaps in the Wallace Parties' production, please confirm that the Wallace Parties will re-review their collections and cure the gaps identified above. In the unlikely event that there are no additional responsive documents within the Wallace Parties' possession, custody or control, please confirm the same in writing.

### III. The Wallace Parties' Document Productions Lack Communications Extending into 2025 Despite the Alleged Ongoing Conduct.

The Wallace Parties unilaterally limited the time period for which they would produce responsive documents to "July 1, 2024 – December 20, 2024." As you well-know, however, Ms. Lively claims that the retaliatory smear campaign is ongoing and, recognizing this, the Court rejected the Wayfarer Defendants' attempt to limit the relevant period to December 21, 2024. (*See* ECF No. 355, at 3-4.) Accordingly, please confirm that the Wallace Parties will immediately produce all responsive documents between December 2020 through the **present** (unless indicated otherwise).

### IV. The Wallace Parties Are Required to Produce a Privilege Log Immediately.

Despite claiming to have completed their document production as of July 3, 2025, the Wallace Parties have failed to produce any privilege logs in connection with withheld documents. To the extent documents are being withheld for privilege, those must be identified immediately in a manner that would permit Ms. Lively to assess the assertion of the privilege. Please be prepared to identify, as to each of the Wallace Parties, whether any documents have been withheld or redacted for privilege and confirm that a privilege log (or logs) will be produced by the end of the week.

### V. The Wallace Parties' Production Deficiencies Raise Major Concerns Regarding Their Collection and Preservation Efforts.

Given the major gaps in production and clear deficiencies identified above, it is readily apparent that the Wallace Parties have failed to diligently collect and produce documents, in accordance with Rule 26 of the Federal Rules of Civil Procedure. And, given that several of the Wayfarer Defendants, including the Wallace Parties, have admitted to using ephemeral messaging platforms like Signal, this, in turn, raises serious preservation and, potentially, spoliation concerns. Accordingly, to assess the extent of the Wallace Parties' deficiencies, we demand that the Wallace Parties agree, by **August 6, 2025 at 5 pm EDT**, to provide Ms. Lively with the following information: (i) the repositories that were collected from; and (ii) the search terms and date range (if any) applied.

\* \* \*

Ms. Lively expressly reserves all rights to raise further deficiencies in addition to those raised herein. All other rights reserved.

Very truly yours,

*s/ Kristin E. Bender*
Kristin E. Bender