**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BLAKE LIVELY,<br><br>Plaintiff,<br><br>v.<br><br>WAYFARER STUDIOS LLC, et al,<br><br>Defendants. | No. 24-cv-10049-LJL (lead case)<br>No. 25-cv-449 (LJL) (member case) |
| JENNIFER ABEL,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>JONESWORKS LLC,<br><br>Third-Party Defendant. | |
| WAYFARER STUDIOS LLC, et al.,<br><br>Consolidated Plaintiffs,<br><br>v.<br><br>BLAKE LIVELY, et al.<br><br>Consolidated Defendants. | |

**DECLARATION OF KRISTIN E. BENDER IN SUPPORT OF BLAKE LIVELY'S MOTION TO COMPEL JED WALLACE AND STREET RELATIONS, INC.**

I, Kristin E. Bender, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an attorney admitted before this Court, a partner in the law firm of Willkie Farr & Gallagher LLP, 1875 K Street NW, Washington, DC 20006, and counsel of record for Ms. Lively in the above-captioned action.

2. I respectfully submit this declaration in support of Ms. Lively's Motion to Compel Jed Wallace and Street Relations, Inc. ("Street") (together, the "Wallace Defendants").

3. On March 14, Ms. Lively served the Wallace Defendants with her first sets of interrogatories (the "Interrogatories"). On June 4, 2025, Ms. Lively served the Wallace Defendants with her first sets of requests for production ("RFPs"). The Wallace Defendants served their responses and objections on July 3, 2025, agreeing to produce documents responsive to the majority of Ms. Lively's requests. For the RFPs the Wallace Defendants agreed to produce responsive documents, such agreement was for the limited time period between July 1, 2024 and December 20, 2024. On June 4, 2025, Ms. Lively served her second sets of interrogatories to the Wallace Defendants. The Wallace Defendants served their responses and objections on July 3, 2025.

4. On July 3, 2025, the Wallace Defendants served their responses and objections to the RFPs along with a single document production that consisted of 37 documents totaling 194 pages, which production did not include documents responsive to at least 24 RFPs to which they had agreed to search and produce responsive documents.

5. On July 14, 2025, Ms. Lively served the Wallace Defendants with a deficiency letter in connection with their responses and objections to the Interrogatories demanding that the Wallace Defendants supplement their responses.

6. On July 15, 2025, a hearing was held before the Court regarding the remaining schedule for serving and responding to written discovery. During the hearing, counsel for the Wallace Defendants represented that their document production was complete.

7. On August 5, 2025, Ms. Lively served the Wallace Defendants with a deficiency letter in connection with their responses and objections to the RFPs. Later that day, I met and

conferred with the Wallace Defendants' counsel regarding the deficiencies in their responses and objections to both the Interrogatories and RFPs.

8. Regarding the Interrogatories, we discussed *inter alia* Interrogatory No. 13, which seeks that the Wallace Defendants identify "all former or current clients" for which the Wallace Defendants have performed services similar to those performed on behalf of the Wayfarer Defendants. We did not reach an agreement as to the timing for the Wallace Parties to supplement their response, and, to date, the Wallace Defendants have not provided a supplemental response.

9. We also discussed Interrogatory No. 14, which requests the Wallace Defendants to identify any employees, associates, or subcontractors who performed work for the Wallace Defendants, and to which Street Relations responded, "None." I pointed the Wallace Parties toward numerous examples in documents that refer to Mr. Wallace and his "team," as well as to an email where Mr. Wallace refers to "platform-specific specialists working with him." The Wallace Defendants' counsel represented that this was just a manner of speech, and that the Wallace Defendants did not work with any employees, associates, or subcontractors while performing services on behalf of the Wayfarer Defendants.

10. Regarding the RFPs, we discussed the Wallace Defendants' objection to the time period expanding beyond December 20, 2024, and, in connection with RFPs 10 and 11, prior to the July 1, 2024 start date that the Wallace Defendants had imposed, offering to confirm the start date (which I later confirmed by e-mail to be December 1, 2023, apparent on the face of these RFPs). The Wallace Defendants stood on their objection, with counsel noting that he understood the "lion's share" of documents outside of their unilaterally accepted time period would be privileged. Ms. Lively explained her position that certain documents would fall

outside the bounds of attorney-client privilege and that she would expect both privileged and non-privileged documents to exist.

11. On the topic of privilege, my colleague raised a question as to why Mr. Wallace did not produce (or log) a certain communication dated September 16, 2024 that occurred between Mr. Wallace, Bryan Freedman, and certain Wayfarer Defendants. The Wallace Defendants' counsel responded that he had "a feeling" that the document was not collected or produced due to "the ephemeral nature" of the messages. I responded that, in fact, there were many text message and Signal messages we expected to be produced by the Wallace Defendants that appeared in other parties' productions. The Wallace Defendants' counsel explained that although they completed a full forensic image of relevant devices, Mr. Wallace's text messages and Signal messages are set to routinely delete, which is why they were not collected or produced. I asked counsel for the Wallace Defendants whether they ran search terms over the collected documents, and understood that search terms were not, in light the volume of documents.

12. On August 14, 2025, I emailed the Wallace Defendants' counsel regarding open items of discussion. I confirmed that, while Ms. Lively continues to request responsive documents after December 20, 2024 as to all requests, she only seeks documents prior to the July 1, 2024 start date in connection with RFPs 10 and 11.

13. On August 20, 2025, the Wallace Defendants' counsel responded by email asserting the position that any documents responsive to RFP 10 would be privileged, and therefore the expanded time period would only expand the length of the Wallace Defendants' privilege log. Counsel also agreed to produce documents sufficient to show either check payment or wire

information, with certain information redacted, to reflect the entities for from which Street Relations received payment in connection with its services to the Wayfarer Defendants.

14. On August 21, 2025, I responded by email reiterating Ms. Lively's position that December 1, 2023 is the appropriate start date in connection with RFPs 10-11 in light of relevant information that would exist during that time period. I further asked for confirmation as to whether the Wallace Defendants would produce (or log) documents between December 20, 2024 and March 3, 2025. I also set forth Ms. Lively's position regarding the scope of documents sought by RFPs 10 and 11, with authority as to why engagement letters sought by RFP 10 would not be privileged. Finally, I confirmed that the Wallace Defendants' proposal regarding the financial information necessary to satisfy the request was satisfactory, however, reiterated that it should include any payments made by the Wallace Defendants in connection with the services provided to the Wayfarer Defendants.

15. On August 22, 2025, counsel for the Wallace Defendants indicated that they will produce the remaining documents based on the parties' recent correspondence by Friday, August 29, along with any applicable privilege log by the same date.

16. Also on August 22, 2025, over both email and a call, the parties addressed the appropriate end date to collect and produce documents responsive to the RFPs. For RFPs 10 and 11, the parties agreed to an end date of February 18, 2025, and I proposed modified, narrowed versions of RFPs 10 and 11. The parties did not reach an agreement as to the appropriate start date for RFPs 10 and 11. I made clear that, otherwise, Ms. Lively's position is that the appropriate "end date" range for other RFPs currently sought to "the present" should be determined according to the Court's forthcoming order regarding this issue in Ms. Lively's motion to the compel the Wayfarer Defendants.

17. While the parties have resolved several discovery issues, they were not able to resolve those that remain and are the subject of Ms. Lively's instant Motion. As of the time of filing, counsel for the Wallace Defendants has not provided a position as to the modified RFPs 10 and 11.

18. A true and correct copy of an email chain, with the end date of August 8, 2024, produced by Street Relations in this litigation, bearing the Bates stamp STREET 1.000000007, is attached hereto as **Exhibit 1**.

19. A true and correct copy of an email dated August 7, 2024, produced by Jamey Heath in this litigation, bearing the Bates stamp HEATH_000028186, is attached hereto as **Exhibit 2**.

20. A true and correct copy of a text message chain, with the end date of August 10, 2024, produced by Katherine Case in this litigation, bearing the Bates stamp KCASE-000001540, is attached hereto as **Exhibit 3**.

21. A compilation of true and correct copies of Ms. Lively's First Sets of Requests for Production to Jed Wallace and Street Relations on June 4, 2025 is attached hereto as **Exhibit 4**.

22. A compilation of true and correct copies of Ms. Lively's Second Sets of Interrogatories to Jed Wallace and Street Relations on June 4, 2025 is attached hereto as **Exhibit 5**.

23. A compilation of true and correct copies of Jed Wallace and Street Relations's Responses and Objections to Blake Lively's First Set of Requests for Production, dated July 3, 2025, is attached hereto as **Exhibit 6**.

24. A compilation of true and correct copies of Jed Wallace and Street Relations's Objections and Answers to Blake Lively's Second Set of Interrogatories, dated July 3, 2025, is attached hereto as **Exhibit 7**.

25. A true and correct copy of a deficiency letter regarding Ms. Lively's Second Set of Interrogatories, dated July 14, 2025, sent from Ms. Lively's counsel to the Wallace Defendants' counsel is attached hereto as **Exhibit 8**.

26. A true and correct copy of an email chain, with the end date of July 28, 2025, between Ms. Lively's counsel and the Wallace Defendants' counsel is attached hereto as **Exhibit 9**.

27. A true and correct copy of a deficiency letter regarding Ms. Lively's Requests for Production, dated August 5, 2025, sent from Ms. Lively's counsel to the Wallace Defendants' counsel is attached hereto as **Exhibit 10**.

28. A true and correct copy of an email chain, with the end date of August 8, 2024, produced by Street Relations in this litigation, bearing the Bates stamp STREET 1.000009, is attached hereto as **Exhibit 11**.

29. A true and correct copy of an email chain, with the end date of August 9, 2024, produced by Street Relations in this litigation, bearing the Bates stamp STREET 1.000023, is attached hereto as **Exhibit 12**.

30. A true and correct copy of an email dated August 8, 2024, produced by Street Relations in this litigation, bearing the Bates stamp STREET 1.000006, is attached hereto as **Exhibit 13**.

31. A true and correct copy of an email dated October 1, 2024, produced by Street Relations in this litigation, bearing the Bates stamp STREET 1.000086, is attached hereto as **Exhibit 14**.

32. A true and correct copy of an email dated August 7, 2024, produced by Street Relations in this litigation, bearing the Bates stamp STREET 1.000003, is attached hereto as **Exhibit 15**.

33. A true and correct copy of a Signal chat, with the end date of February 23, 2025, produced by Breanna Butler Koslow in this litigation, bearing the Bates stamp BBKOSLOW-000001684, is attached hereto as **Exhibit 16**.

34. A compilation of invoices sent between Jed Wallace and Wayfarer Studios, LLC, produced by Street Relations in this litigation, bearing the Bates stamps STREET 1.00000087, STREET 1.00000008, and 1.00000084, and dated August 8, 2024, September 16, 2024, and October 1, 2024, respectively, is attached hereto as **Exhibit 17**.

35. A true and correct copy of a text message chain, with the end date of August 10, 2024, produced by Breanna Butler Koslow in this litigation, bearing the Bates stamp BBKOSLOW-000004606, is attached hereto as **Exhibit 18**.

36. A true and correct copy of a text message chain, with the end date of August 17, 2024, produced by Breanna Butler Koslow in this litigation, bearing the Bates stamp BBKOSLOW-000006239, is attached hereto as **Exhibit 19**.

37. A true and correct copy of a text message chain, with the end date of October 31, 2024, produced by Street Relations Inc. in this litigation, bearing the Bates stamp STREET 1.000054, is attached hereto as **Exhibit 20**.

38. A true and correct copy of an email chain, with the end date of August 14, 2024, produced by Street Relations Inc. in this litigation, bearing the Bates stamp STREET 1.000077, is attached hereto as **Exhibit 21**.

Dated: August 22, 2025

/s/ *Kristin E. Bender*

WILLKIE FARR & GALLAGHER LLP
1875 K Street NW
Washington, DC 20006
(202) 303-1000
kbender@willkie.com