# EXHIBIT 4

CONFIDENTIAL

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>       Plaintiff,<br><br>     -v-<br><br>WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, THE AGENCY GROUP PR LLC, JENNIFER ABEL, JED WALLACE, and STREET RELATIONS INC.,<br><br>       Defendants. | Case No. 1:24-cv-10049-LJL<br>(consolidated with 1:25-cv-00449-LJL)<br><br><br>**PLAINTIFF BLAKE LIVELY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JED WALLACE** |
| JENNIFER ABEL,<br><br>       Third-Party Plaintiff,<br><br>     -v-<br><br>JONESWORKS LLC,<br><br>       Third-Party Defendant. | |
| WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, JENNIFER ABEL, and STEVE SAROWITZ,<br><br>       Consolidated Plaintiffs,<br><br>     -v-<br><br>BLAKE LIVELY, RYAN REYNOLDS, LESLIE SLOANE, VISION PR, INC., and THE NEW YORK TIMES COMPANY.<br><br>       Consolidated Defendants. | |

CONFIDENTIAL

Pursuant to Federal Rule of Civil Procedures 26 and 34, Plaintiff Blake Lively ("Ms. Lively" or "Plaintiff") hereby serves the following First Set of Requests for Production of Documents ("Requests") and requests that Defendant Jed Wallace, within thirty (30) days of the date hereof, provide a written response hereto and produce at the offices of Manatt, Phelps & Phillips, LLP, 2049 Century Park East, Suite 1700, Los Angeles, California 90067, all documents, electronically stored information, and other tangible things described below for inspection and copying.

In responding to these requests, the following definitions and instructions shall apply.

## DEFINITIONS

1.      The Uniform Definitions in Discovery Requests that are set forth in Local Civil Rule 26.3 are hereby incorporated by reference.

2.      "Agreement" means any contract, arrangement, or understanding, formal or informal, oral or written.

3.      "Affiliate" means any and all entities that are wholly owned and/or controlled (directly or indirectly) by, or under common control by an identified individual or entity, including any corporate parent, subsidiaries, or affiliates, and each of their respective officers, directors, employees, or partners.

4.      The terms "all," "any," and "each" shall each be construed as encompassing any and all. See Local Civil Rule 26.3.

5.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope. See Local Civil Rule 26.3.

6.      "Abel" refers to Jennifer Abel, who is a party to the Consolidated Action.

CONFIDENTIAL

7.      "Baldoni" refers to Justin Baldoni, who currently serves as the co-founder and co-chairman of Wayfarer Studios LLC and is a party to the Consolidated Action.

8.      "Bryan Freedman" refers to counsel for the Wayfarer Defendants in the Consolidated Action, as well as his past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates.

9.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise). See Local Civil Rule 26.3. Communications shall include without limitation Social Media Communications.

10.     The term "concerning" means relating to, referring to, describing, evidencing, or constituting. See Local Civil Rule 26.3.

11.     "Consolidated Action" means and collectively refers to the following cases entitled (a) Lively v. Wayfarer Studios LLC et al., U.S. District Court for the Southern District of New York (No. 1:24-cv-10049-LJL); and (b) Wayfarer Studios LLC et al. v. Lively et al., U.S. District Court for the Southern District of New York (No. 1:25-cv-00449-LJL).

12.     "Content Creator" shall refer to any individual or entity who seeds, generates, creates, or influences Social Media content or provides related digital services.

13.     "Digital Campaign" refers to efforts of the Wayfarer Defendants and/or any Affiliates, employees, associates, or subcontractors to communicate information regarding Blake Lively, Ryan Reynolds, the Lively/Reynolds Companies, Ms. Lively's and Mr. Reynolds's families, the Wayfarer Defendants, the Film, or the Consolidated Action on any Social Media, news outlet, or other internet platform and/or to seed, influence, manipulate, boost, amplify, or engage with social media algorithms, narrative or virality, as well as the use of bots or inauthentic accounts, as described in the Lively Complaint.

CONFIDENTIAL

14.    "Document" or "Documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term. See Local Civil Rule 26.3.

15.    "ESI" shall mean information generated, received, processed, recorded, manipulated, communicated, stored, or used in digital form including metadata (e.g., author, recipient, file creation date, file modification date, etc.). ESI includes, without limitation, data stored on or in computer servers, computer hard drives, computer desktops, laptops, handheld or tablet computers, portable digital media, backup media, CD-ROMs, DVD-ROMs, floppy discs, non-volatile memory including flash memory devices, thumb drives, zip drives, external hard drives, internal or external websites, cloud-based storage systems, personal digital assistants (such as Palm or BlackBerry devices), cell phones, electronic voicemail systems, text messages, instant messages, emails and attachments to emails, or any device or medium capable of storing data in any format. ESI also includes, without limitation, output resulting from the use of any software program or application, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages, instant messages, Bloomberg messages, Social Media postings or activity, Internet bulletin boards, or Internet chat rooms, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment, subject to the limitations set forth in Rule 45(e)(1)(D) of the Federal Rules of Civil Procedure.  All ESI produced shall include sufficient metadata fields to identify, at minimum, its author, recipient, date and time of creation and modification, and where the Document was located.

**CONFIDENTIAL**

16.    The "Film" means the movie "It Ends with Us," co-starring Blake Lively and Justin Baldoni, as described in the Lively Complaint.

17.    "Heath" refers to Jamey Heath who currently serves as the CEO of Wayfarer Studios LLC and is a party to the Consolidated Action.

18.    "IEWU LLC" shall refer to Defendant It Ends With Us Movie LLC, which is a party to the Consolidated Action, as well as its past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates.

19.    The term "including" means "including, but not limited to," or "including, without limitation," and should not be construed as limiting any request.

20.    "Jonesworks" shall refer to the entity Jonesworks LLC, as well as its past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates, including, without limitation, Stephanie Jones.

21.    "Jonesworks Complaint" means the operative complaint filed by Stephanie Jones and Jonesworks LLC in Jones v. Jennifer Abel et al. and removed to the United States District Court for the Southern District of New York (NYS Case No. 659849/2024; SDNY Case No. 1:25-cv-00779), Dkt. No. 1, and any amended complaints filed by Stephanie Jones and/or Jonesworks LLC in the proceeding.

22.    "Liner Freedman Taitelman + Cooley LLP" refers to the law firm serving as counsel for the Wayfarer Defendants in the Consolidated Action as well as its past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates.

23.    "Lively Complaint" means the operative amended complaint filed by Ms. Lively in Lively v. Wayfarer Studios LLC et al., No. 1:24-cv-10049-LJL, Dkt. No. 84, and any amended complaints filed by Ms. Lively in the proceeding.

CONFIDENTIAL

24.    "Lively/Reynolds Companies" shall refer to Ms. Lively's and Mr. Reynolds's affiliated entities, including but not limited to Betty Buzz LLC, Blake Brown, Aviation Gin, Mint Mobile, and Maximum Effort Productions, individually and collectively, and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates.

25.    "Lively/Reynolds Family" means any family member of Ms. Lively or Mr. Reynolds, living or deceased, including but not limited to their children, parents, siblings, or any other known relative.

26.    "Local Civil Rule" shall refer to the Local Rules for the United States District Courts for the Southern and Eastern Districts of New York, effective January 2, 2025.

27.    "Marketing Plan" shall refer to any efforts to market or promote the Film, including, but not limited to, any advertising, promotional, publicity or marketing materials (such as, without limitation, themes, market testing, research, summaries, talking points, trailers or teasers, posters, social media posts, and screen, radio, digital or television advertising), as described in the Lively Complaint.

28.    "Ms. Lively" shall refer to Blake Lively, who is a party to the Consolidated Action.

29.    "Mr. Reynolds" shall refer to Ryan Reynolds, who is a party to the Consolidated Action.

30.    "Nathan" shall refer to Melissa Nathan, who is a party to the Consolidated Action.

31.    "Payment" is defined as any transfer or commitment for future transfer of anything of value, including the exchange of funds (whether in dollars, foreign currency, or any form of electronic or cryptocurrency), cash, securities, loans, reimbursements, refunds, accounting corrections, retainers, goods, services, or otherwise.

32.    The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors,

CONFIDENTIAL

employees, partners, corporate parent, subsidiaries or Affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation. See Local Civil Rule 26.3.

33.    "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or associate. See Local Civil Rule 26.3.

34.    "Protections for Return to Production Agreement" means the contract executed in November 2023 concerning appropriate behavior during filming and production of the Film, as described in the Lively Complaint.

35.    The terms "relating to" or "relate to" mean, without limitation, assessing, comprising, constituting, concerning, referring to, containing, describing, discussing, embodying, evidencing, identifying, pertaining to, reflecting, stating, supporting, or tending to support or refute, or referring in any other way, directly or indirectly, in whole or in part, to the subject matter specified.

36.    "Sarowitz" shall refer to Steve Sarowitz, who is a party to the Consolidated Action.

37.    "Social Media" means any digital platform, forum, website, application, online service, or other platform on which persons can create, transmit, share, communicate, exchange content, or comment upon any information, ideas, or opinions, or otherwise engage in social networking, including but not limited to:

(a)    Social Networking Platforms – Facebook, Instagram, Twitter (X), LinkedIn, TikTok, Snapchat, Reddit, WhatsApp, Signal, and similar platforms.

(b)    Content Sharing & Video Platforms – YouTube, Vimeo, Twitch, Rumble, or similar services where videos, reels, or live content can be uploaded or streamed.

(c)    Email, Messaging Applications & Direct Communication Platforms – Including, but not limited to, Gmail, Outlook, WhatsApp, Telegram, Signal, Discord, Slack,

CONFIDENTIAL

Facebook Messenger, Instagram DMs, Twitter DMs, or any private messaging feature within a social media platform.

(d)    Blogging & Forum Sites – Medium, Substack, WordPress, 4chan, 8kun, or any other user-generated content site where written materials are published.

(e)    Influencer & Review-Based Platforms – Yelp, Glassdoor, Trustpilot, Google Reviews, Patreon, or any website where reputational impact can be influenced.

(f)    Advertising & Promotional Services – Paid sponsorships, influencer partnerships, promoted posts, advertisements, bots, or algorithm-driven visibility campaigns.

(g)    Automated or Third-Party Content Management Tools – Hootsuite, Buffer, Sprout Social, or any platform used to schedule, automate, or track social media activity.

(h)    Any Other Online Presence – Any additional websites, forums, private groups, or digital spaces where content related to Plaintiff was discussed, posted, or promoted.

(i)    Without limiting the foregoing in any manner, and by way of example only, this definition includes: all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, timestamps, IP addresses, geolocation data, or user activity logs related to content.

38.    "Sony" shall refer to Sony Pictures Entertainment, and its past or present officers, directors, employees, partners, corporate parent, subsidiaries, or Affiliates.

39.    "Street Relations" shall refer to the entity Street Relations, Inc., as well as its past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates, including, without limitation, Jed Wallace.

CONFIDENTIAL

40.    "TAG" shall refer to The Agency Group PR LLC, which is a party to the Consolidated Action, and its past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates.

41.    "Vision PR Parties" refers to Defendants Leslie Sloane and Vision PR, Inc., in Wayfarer Studios LLC et al. v. Lively et al., No. 1:25-cv-00449-LJL.

42.    "Wallace" shall refer to Jed Wallace, as described in the Lively Complaint.

43.    "Wayfarer" shall refer to Defendant Wayfarer Studios LLC, and its past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates.

44.    "Wayfarer SDNY Complaint" shall refer to the Complaint, Dkt. No. 1, the First Amended Complaint, Dkt. No. 50, and any other amended complaints filed by Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, It Ends with Us Movie LLC, Melissa Nathan, and Jennifer Abel in Wayfarer Studios LLC et al. v. Lively et al., No. 1:25-cv-00449-LJL, as consolidated.

45.    "Wayfarer New York Times Action" shall refer to the lawsuit entitled Wayfarer Studios LLC et al. v. The New York Times Company, No. 24STCV34662, filed in the Superior Court of California, County of Los Angeles.

46.    "Wayfarer Defendants" shall refer, individually and collectively, to Wayfarer, IEWU LLC, Baldoni, Heath, Sarowitz, Nathan, TAG, Abel, Wallace, and Street Relations.

47.    "WME" shall refer to William Morris Endeavor Entertainment Agency, its officers, directors, employees, partners, corporate parent, subsidiaries, or Affiliates.

48.    "You," "Your," or "Yours" refers to Jed Wallace and includes any persons or entities acting for him or on his behalf, including but not limited to all representatives, servants, agents, employees, officers, Affiliates, subsidiaries, parent companies, third parties, as well as any entities over which he has control.

CONFIDENTIAL

## INSTRUCTIONS

1.      In responding to these Requests, You shall make a diligent search and produce all responsive Documents that are (i) in Your possession, custody, or control, or (ii) in the possession, custody, or control of any of Your agents, employees, attorneys, accountants, or other representatives or anyone acting on Your behalf, or under Your direction or control, or (iii) otherwise available to You. A Document shall be deemed within Your control if You have the right to secure the Document or a copy of the Document from another Person having possession, custody, or control of the Document

2.      Unless otherwise specified, each Request concerns the time period from July 1, 2024 through the present.

3.      In construing these Requests, You should give effect to the definitions set forth above. Undefined words and terms shall be given their common meaning. If You are unsure of the definition of a particular term or word, use the definition that You believe to be the most accurate and state that definition in Your response.

4.      If You do not clearly understand, or have any questions about the definitions or instructions for any Request, please promptly contact counsel for Ms. Lively for clarification.

5.      These Requests should be construed as broadly as possible with all doubts resolved in favor of production. If you believe a Request is ambiguous, use the broadest reasonable interpretation as permitted under the Federal Rules of Civil Procedure and state the nature of the perceived ambiguity and the interpretation used to resolve it. The words "all," "any," "each," "and," and "or" shall be construed conjunctively or disjunctively as necessary to make the Request inclusive rather than exclusive. Except as specifically provided in these Requests, words imparting the singular shall include plural, and vice versa, where appropriate. Except as specifically provided

CONFIDENTIAL

in these Requests, words imparting the present tense shall also include the past and future tense and vice versa, where appropriate.

6.     For any hard copy production, all Documents produced shall be produced as kept in the ordinary course, including identification of the applicable file folder and source. The original of each Document requested, or an identical copy of each Document,  shall be produced imprinted with a Bates identification number. Documents attached to other Documents or materials shall not be separated. Documents not otherwise responsive to these Requests shall be produced if such Documents are attached to Documents called for by the Requests and constitute routing slips, transmittal memoranda, letters, emails, comments, evaluations, or similar materials, or mention, discuss, refer to, or explain the Documents that are called for by the Requests.

7.     For any hard copy production, identical copies of a Document need not be produced. Any copy of a Document that varies from the original, whether by reason of handwritten or other notation or any omission, or metadata associated with a file, shall constitute a separate Document and must be produced, whether or not the original of such a Document is within your possession, custody, or control.

8.     If an objection is made to any portion of any Request, (a) state with specificity the objection and legal basis for such objection; (b) state whether any responsive materials are being withheld on the basis of that objection; and (c) answer all remaining portions of the Request to which an objection is not asserted.

9.     If any responsive Document is withheld in whole or in part under a claim of privilege or other ground, as to each such Document, identify the privilege or other ground being asserted and provide the following information in sufficient detail to permit the Court to evaluate Your claim:

(a)     date, author, addressees, Persons carbon copied or blind carbon copied,

CONFIDENTIAL

including the relationship of those Persons to You or the author of the Document;

(b)    brief description sufficient to identify the type, subject matter, and purpose of the Document;

(c)    all Persons to whom the Document's contents have been disclosed;

(d)    the Person(s) who authored or created or sent the Document or the Person(s) who made the Communication;

(e)    the Person(s) asserting the privilege, immunity or protection, and/or the specific reason why the Document is not being produced;

(f)    the nature of the privilege, immunity, or protection asserted; and

(g)    the same information referenced in 9(a)-(f) above for each enclosure or attachment to each listed Document if the enclosure or attachment is also withheld from production.

10.    If a portion of any responsive Document is withheld under a claim of privilege or other ground, any non-privileged portion of the Document must be produced with the withheld portion redacted, with the redaction language indicating that the information is being withheld for privilege.

11.    If any responsive Document was, but no longer is, in Your possession, custody, or control, state whether it is (a) missing or lost; (b) destroyed; (c) transferred voluntarily or involuntarily to others; or (d) otherwise disposed of; and (e) in each instance identify the contents, author(s), date prepared or received, name and address of its current or last known custodian, and the date and circumstances surrounding such disposition.

12.    To the extent that the native format for transactional or other data responsive to these Requests is not compatible with Microsoft Office products (*e.g.*, Microsoft Excel, Microsoft

CONFIDENTIAL

Word, Microsoft Access, etc.), the data shall be produced in a usable format. If You need assistance in determining what constitutes a usable format, You shall promptly contact Ms. Lively's counsel.

13.     In addition to the specific instructions below, these Requests incorporate by reference the instructions set forth in Rule 26(e) of the Federal Rules of Civil Procedure. You are required to provide, by way of supplementary responses hereto, such additional information as may be obtained by You or any Person purporting to act on Your behalf that will augment or modify Your answers now given to the following requests. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, You are required to supplement these responses and provide additional Documents or things without a specific request from Ms. Lively.

14.     Notwithstanding anything else to the contrary herein, each word, term, or phrase is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

## PRODUCTION OF ESI

The exchange of electronically-stored information, documents, and hard copy documents in response to these Requests shall be exchanged pursuant to the Instructions for Discovery of Electronically-Stored Information and Hard Copy Documents ("ESI Instructions") conveyed herewith. If the parties enter into any stipulated agreement or protocol governing electronically stored information, the stipulated agreement will supersede these ESI Instructions, to the extent any provisions conflict.

## DOCUMENT REQUESTS

## REQUEST FOR PRODUCTION NO. 1:

All Documents and Communications concerning the Film.

## REQUEST FOR PRODUCTION NO. 2:

All Documents and Communications concerning the Digital Campaign.

CONFIDENTIAL

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications concerning Ms. Lively.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications concerning Mr. Reynolds.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications concerning the Lively/Reynolds Companies or the Lively/Reynolds Family.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications concerning any Wayfarer Defendant.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications concerning the Consolidated Action.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications between You and any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf concerning Social Media.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications with or concerning Brianna Koslow or Katie Case.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications between You, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf from December 1, 2023 to the present concerning the nature or duration of Your relationship with Bryan Freedman or Liner Freedman Taitelman + Cooley LLP.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications between You, any Wayfarer Defendant, Bryan

**CONFIDENTIAL**

Freedman, Liner Freedman Taitelman + Cooley, or anyone acting on their behalf from December 1, 2023 to the present concerning business, engagements, or work performed by You for, or in connection with, any Wayfarer Defendant, Bryan Freedman, or Liner Freedman Taitelman + Cooley LLP.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications reflecting all Persons or entities who provided You with Payment to perform any work, engage with, or generate any content concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, any Wayfarer Defendant, the Digital Campaign, or the Consolidated Action.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and Communications reflecting any Payment provided to You to perform any work, engage with, or generate any content concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, any Wayfarer Defendant, the Digital Campaign, or the Consolidated Action.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and Communications reflecting all Persons or entities who You provided with Payment to perform any work, engage with, or generate any content concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, any Wayfarer Defendant, the Digital Campaign, or the Consolidated Action.

**REQUEST FOR PRODUCTION NO. 15:**

All Agreements, including contracts, retainer agreements, engagement letters, and promises memorialized via email or text message, concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, any Wayfarer Defendant, the Digital Campaign, or the Consolidated Action.

CONFIDENTIAL

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Communications, including invoices, payment records, receipts, and accounting records as kept in the ordinary course of business, reflecting all Payments you have paid, or promised to pay, any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents and Communications, including invoices, payment records, receipts, and accounting records as kept in the ordinary course of business, reflecting all Payments that any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf have paid You, or promised to pay You.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents reflecting the name(s) of the financial institution(s), the name(s) of the account holder(s), and any account number(s) associated with all bank account(s) You have used to pay funds to any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf from July 1, 2024 to the present.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents reflecting the name(s) of the financial institution(s), the name(s) of the account holder(s), and any account number(s) associated with all bank account(s) that You have used to provide Payment for any work or generate any content concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, any Wayfarer Defendant, the Digital Campaign, or the Consolidated Action.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents reflecting the name(s) of the financial institution(s), the name(s) of the account holder(s), and any account number(s) associated with all bank account(s) You have used

CONFIDENTIAL

to receive Payment from any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents reflecting the name(s) of the financial institution(s), the name(s) of the account holder(s), and any account number(s) associated with all bank account(s) You have used to receive Payment from anyone to perform any work or generate any content concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, any Wayfarer Defendant, the Digital Campaign, or the Consolidated Action.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents and Communications relating to any promotional materials or descriptions of work, technology, tools, or capabilities regarding, performed by, or concerning Street Relations, Inc., You, or anyone on Your behalf.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents and Communications reflecting any archived, active, or deactivated LinkedIn account concerning Street Relations or You.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications concerning any meetings, appointments, or discussions concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds family, any Wayfarer Defendant, the Digital Campaign, or the Consolidated Action.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications concerning the solicitation of any Social Media content, whether paid or unpaid, concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, or the

**CONFIDENTIAL**

Consolidated Action.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications concerning efforts to seed, influence, encourage, create, purchase, manipulate, boost, amplify, or engage with Social Media related to the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, or the Consolidated Action.

**REQUEST FOR PRODUCTION NO. 27:**

All Social Media messages, comments, or posts (including drafts, as well as deleted messages, comments, or posts) made by You or on your behalf concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, or the Consolidated Action.

**REQUEST FOR PRODUCTION NO. 28:**

All Communications with media outlets of any kind concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, or the Consolidated Action.

**REQUEST FOR PRODUCTION NO. 29:**

All Communications with any Content Creator outlets of any kind concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, or the Consolidated Action.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents and Communications Concerning Your knowledge of the Protections for Return to Production Agreement, as described in the Lively Complaint.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents and Communications concerning the statement in paragraph 24 of Your

CONFIDENTIAL

March 19, 2025 Declaration submitted in the Consolidated Action that Your "job was to read, analyze, and assess all forms of media and trends taking place with respect to various issues."

**REQUEST FOR PRODUCTION NO. 32:**

All Documents and Communications concerning any review, analysis, or assessment of "all forms of media and trends taking place with respect to various issues" performed for any Wayfarer Defendant, as alleged in paragraph 24 of Your March 19, 2025 Declaration submitted in the Consolidated Action.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and Communications concerning any "analysis of the media climates," as alleged in paragraph 25 of Your March 19, 2025 Declaration submitted in the Consolidated Action.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents and Communications concerning all "updates on [] observations" or "feedback" that You created or provided, as alleged in paragraph 25 of Your March 19, 2025 Declaration submitted in the Consolidated Action.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents and Communications concerning the allegation that You "saw an organic outpouring of support for Justin Baldoni and the film", as alleged in paragraph 25 of Your March 19, 2025 Declaration submitted in the Consolidated Action.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents and Communications concerning Your "advice was not to do anything at that time and let the sentiment on social media continue to unfold organically," as alleged in paragraph 25 of Your March 19, 2025 Declaration submitted in the Consolidated Action.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents and Communications concerning Your allegation that Your "limited work

CONFIDENTIAL

related to Justin Baldoni concluded in early November 2024," as alleged in paragraph 26 of Your

March 19, 2025 Declaration submitted in the Consolidated Action.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents, Communications, audio/video recordings, notes, or production logs

concerning any scenes related to the Film, whether or not included in any cut of the Film.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents, Communications, or audio/video recordings of statements or interviews

given by Ms. Lively, regardless of date.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents and Communications concerning any meetings, appointments, or

discussions with any Wayfarer Defendant.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents and Communications concerning any meetings, appointments, or

discussions related to Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the

Lively/Reynolds Family, the Digital Campaign, the Marketing Plan, or the Consolidated Action.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents and Communications concerning any allegations, concerns, complaints,

grievances, or reports of any kind, whether formal or informal, oral or written, about

Baldoni,    Heath,    Sarowitz,    Wayfarer    Studios,    or    IEWU    LLC.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents sufficient to show who You communicated with on Signal concerning the

Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family,

any Wayfarer Defendant, the Digital Campaign, the Marketing Plan, or the Consolidated Action.

CONFIDENTIAL

**REQUEST FOR PRODUCTION NO. 44:**

All Documents sufficient to show when You communicated on Signal concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, the Digital Campaign, the Marketing Plan, or the Consolidated Action.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents and Communications identifying or concerning the "platform-specific specialists working for [You]" that You reference in SR.00000029.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents and Communications identifying or concerning Your "team" that You reference in SR 1.00000027.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents and Communications concerning the "digital plan" referenced in SR 1.00000006.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents and Communications concerning services or activities performed in connection with Street Relations Invoice #001TAGJBWS, dated August 8, 2024, produced at SR 1.00000008.

**REQUEST FOR PRODUCTION NO. 49:**

All Documents and Communications concerning services or activities performed in connection with Street Relations Invoice #001TAGJBWS, dated September 1, 2024, reflected on SR 1.00000084.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents and Communications concerning services or activities performed in connection with Street Relations Invoice #003TAG.JBWS, dated October 1, 2024, produced at SR

CONFIDENTIAL

1.00000087.

**REQUEST FOR PRODUCTION NO. 51:**

All Documents and Communications concerning services or activities related to Reddit regarding the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, the Digital Campaign, the Marketing Plan, or the Consolidated Action.

**REQUEST FOR PRODUCTION NO. 52:**

All Documents and Communications concerning services or activities related to Discord regarding the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, the Digital Campaign, the Marketing Plan, or the Consolidated Action.

**REQUEST FOR PRODUCTION NO. 53**:

All Documents and Communications sufficient to show any health or medical issues that will interfere with Your ability to meet your discovery obligations, including, but not limited to, producing documents or sitting for a deposition.

Dated: June 4, 2025

/s/ Esra A. Hudson
MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson
Stephanie A. Roeser
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 312-4000
E-mail: ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
Manatt, Phelps & Phillips, LLP
7 Times Sq.
New York, NY 10036
(212) 790-4500
E-mail: mbruno@manatt.com

**CONFIDENTIAL**

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
Meryl Governski
1875 K Street NW
Washington, DC 20006
(202) 303-1000
E-mail: mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron Nathan
Willkie Farr & Gallagher LLP
787 7th Avenue
New York, NY 10019
(212) 728-8000
E-mail: anathan@willkie.com
*Counsel for Blake Lively and Ryan Reynolds*

**CONFIDENTIAL**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 4, 2025, the foregoing was served via email on all counsel of record.


<u>*/s/ Esra A. Hudson*          </u>
Esra A. Hudson

CONFIDENTIAL

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>        Plaintiff,<br><br>        -v-<br><br>WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, THE AGENCY GROUP PR LLC, JENNIFER ABEL, JED WALLACE, and STREET RELATIONS INC.,<br><br>        Defendants. | Case No. 1:24-cv-10049-LJL<br>(consolidated with 1:25-cv-00449-LJL)<br><br><br>**PLAINTIFF BLAKE LIVELY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT STREET RELATIONS INC.** |
| JENNIFER ABEL,<br><br>        Third-Party Plaintiff,<br><br>        -v-<br><br>JONESWORKS LLC,<br><br>        Third-Party Defendant. | |
| WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, JENNIFER ABEL, and STEVE SAROWITZ,<br><br>        Consolidated Plaintiffs,<br><br>        -v-<br><br>BLAKE LIVELY, RYAN REYNOLDS, LESLIE SLOANE, VISION PR, INC., and THE NEW YORK TIMES COMPANY.<br><br>        Consolidated Defendants. | |

CONFIDENTIAL

Pursuant to Federal Rule of Civil Procedures 26 and 34, Plaintiff Blake Lively ("Ms. Lively" or "Plaintiff") hereby serves the following First Set of Requests for Production of Documents ("Requests") and requests that Defendant Street Relations Inc., within thirty (30) days of the date hereof, provide a written response hereto and produce at the offices of Manatt, Phelps & Phillips, LLP, 2049 Century Park East, Suite 1700, Los Angeles, California 90067, all documents, electronically stored information, and other tangible things described below for inspection and copying.

In responding to these requests, the following definitions and instructions shall apply.

## DEFINITIONS

1.      The Uniform Definitions in Discovery Requests that are set forth in Local Civil Rule 26.3 are hereby incorporated by reference.

2.      "Agreement" means any contract, arrangement, or understanding, formal or informal, oral or written.

3.      "Affiliate" means any and all entities that are wholly owned and/or controlled (directly or indirectly) by, or under common control by an identified individual or entity, including any corporate parent, subsidiaries, or affiliates, and each of their respective officers, directors, employees, or partners.

4.      The terms "all," "any," and "each" shall each be construed as encompassing any and all. See Local Civil Rule 26.3.

5.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope. See Local Civil Rule 26.3.

6.      "Abel" refers to Jennifer Abel, who is a party to the Consolidated Action.

CONFIDENTIAL

7.      "Baldoni" refers to Justin Baldoni, who currently serves as the co-founder and co-chairman of Wayfarer Studios LLC and is a party to the Consolidated Action.

8.      "Bryan Freedman" refers to counsel for the Wayfarer Defendants in the Consolidated Action, as well as his past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates.

9.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise). See Local Civil Rule 26.3. Communications shall include without limitation Social Media Communications.

10.     The term "concerning" means relating to, referring to, describing, evidencing, or constituting. See Local Civil Rule 26.3.

11.     "Consolidated Action" means and collectively refers to the following cases entitled (a) Lively v. Wayfarer Studios LLC et al., U.S. District Court for the Southern District of New York (No. 1:24-cv-10049-LJL); and (b) Wayfarer Studios LLC et al. v. Lively et al., U.S. District Court for the Southern District of New York (No. 1:25-cv-00449-LJL).

12.     "Content Creator" shall refer to any individual or entity who seeds, generates, creates, or influences Social Media content or provides related digital services.

13.     "Digital Campaign" refers to efforts of the Wayfarer Defendants and/or any Affiliates, employees, associates, or subcontractors to communicate information regarding Blake Lively, Ryan Reynolds, the Lively/Reynolds Companies, Ms. Lively's and Mr. Reynolds's families, the Wayfarer Defendants, the Film, or the Consolidated Action on any Social Media, news outlet, or other internet platform and/or to seed, influence, manipulate, boost, amplify, or engage with social media algorithms, narrative or virality, as well as the use of bots or inauthentic accounts, as described in the Lively Complaint.

CONFIDENTIAL

14.    "Document" or "Documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term. See Local Civil Rule 26.3.

15.    "ESI" shall mean information generated, received, processed, recorded, manipulated, communicated, stored, or used in digital form including metadata (e.g., author, recipient, file creation date, file modification date, etc.). ESI includes, without limitation, data stored on or in computer servers, computer hard drives, computer desktops, laptops, handheld or tablet computers, portable digital media, backup media, CD-ROMs, DVD-ROMs, floppy discs, non-volatile memory including flash memory devices, thumb drives, zip drives, external hard drives, internal or external websites, cloud-based storage systems, personal digital assistants (such as Palm or BlackBerry devices), cell phones, electronic voicemail systems, text messages, instant messages, emails and attachments to emails, or any device or medium capable of storing data in any format. ESI also includes, without limitation, output resulting from the use of any software program or application, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages, instant messages, Bloomberg messages, Social Media postings or activity, Internet bulletin boards, or Internet chat rooms, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment, subject to the limitations set forth in Rule 45(e)(1)(D) of the Federal Rules of Civil Procedure.  All ESI produced shall include sufficient metadata fields to identify, at minimum, its author, recipient, date and time of creation and modification, and where the Document was located.

CONFIDENTIAL

16.    The "Film" means the movie "It Ends with Us," co-starring Blake Lively and Justin Baldoni, as described in the Lively Complaint.

17.    "Heath" refers to Jamey Heath who currently serves as the CEO of Wayfarer Studios LLC and is a party to the Consolidated Action.

18.    "IEWU LLC" shall refer to Defendant It Ends With Us Movie LLC, which is a party to the Consolidated Action, as well as its past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates.

19.    The term "including" means "including, but not limited to," or "including, without limitation," and should not be construed as limiting any request.

20.    "Jonesworks" shall refer to the entity Jonesworks LLC, as well as its past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates, including, without limitation, Stephanie Jones.

21.    "Jonesworks Complaint" means the operative complaint filed by Stephanie Jones and Jonesworks LLC in Jones v. Jennifer Abel et al. and removed to the United States District Court for the Southern District of New York (NYS Case No. 659849/2024; SDNY Case No. 1:25-cv-00779), Dkt. No. 1, and any amended complaints filed by Stephanie Jones and/or Jonesworks LLC in the proceeding.

22.    "Liner Freedman Taitelman + Cooley LLP" refers to the law firm serving as counsel for the Wayfarer Defendants in the Consolidated Action as well as its past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates.

23.    "Lively Complaint" means the operative amended complaint filed by Ms. Lively in Lively v. Wayfarer Studios LLC et al., No. 1:24-cv-10049-LJL, Dkt. No. 84, and any amended complaints filed by Ms. Lively in the proceeding.

CONFIDENTIAL

24.    "Lively/Reynolds Companies" shall refer to Ms. Lively's and Mr. Reynolds's affiliated entities, including but not limited to Betty Buzz LLC, Blake Brown, Aviation Gin, Mint Mobile, and Maximum Effort Productions, individually and collectively, and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates.

25.    "Lively/Reynolds Family" means any family member of Ms. Lively or Mr. Reynolds, living or deceased, including but not limited to their children, parents, siblings, or any other known relative.

26.    "Local Civil Rule" shall refer to the Local Rules for the United States District Courts for the Southern and Eastern Districts of New York, effective January 2, 2025.

27.    "Marketing Plan" shall refer to any efforts to market or promote the Film, including, but not limited to, any advertising, promotional, publicity or marketing materials (such as, without limitation, themes, market testing, research, summaries, talking points, trailers or teasers, posters, social media posts, and screen, radio, digital or television advertising), as described in the Lively Complaint.

28.    "Ms. Lively" shall refer to Blake Lively, who is a party to the Consolidated Action.

29.    "Mr. Reynolds" shall refer to Ryan Reynolds, who is a party to the Consolidated Action.

30.    "Nathan" shall refer to Melissa Nathan, who is a party to the Consolidated Action.

31.    "Payment" is defined as any transfer or commitment for future transfer of anything of value, including the exchange of funds (whether in dollars, foreign currency, or any form of electronic or cryptocurrency), cash, securities, loans, reimbursements, refunds, accounting corrections, retainers, goods, services, or otherwise.

32.    The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors,

CONFIDENTIAL

employees, partners, corporate parent, subsidiaries or Affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation. See Local Civil Rule 26.3.

33.    "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or associate. See Local Civil Rule 26.3.

34.    "Protections for Return to Production Agreement" means the contract executed in November 2023 concerning appropriate behavior during filming and production of the Film, as described in the Lively Complaint.

35.    The terms "relating to" or "relate to" mean, without limitation, assessing, comprising, constituting, concerning, referring to, containing, describing, discussing, embodying, evidencing, identifying, pertaining to, reflecting, stating, supporting, or tending to support or refute, or referring in any other way, directly or indirectly, in whole or in part, to the subject matter specified.

36.    "Sarowitz" shall refer to Steve Sarowitz, who is a party to the Consolidated Action.

37.    "Social Media" means any digital platform, forum, website, application, online service, or other platform on which persons can create, transmit, share, communicate, exchange content, or comment upon any information, ideas, or opinions, or otherwise engage in social networking, including but not limited to:

(a)    Social Networking Platforms – Facebook, Instagram, Twitter (X), LinkedIn, TikTok, Snapchat, Reddit, WhatsApp, Signal, and similar platforms.

(b)    Content Sharing & Video Platforms – YouTube, Vimeo, Twitch, Rumble, or similar services where videos, reels, or live content can be uploaded or streamed.

(c)    Email, Messaging Applications & Direct Communication Platforms – Including, but not limited to, Gmail, Outlook, WhatsApp, Telegram, Signal, Discord, Slack,

CONFIDENTIAL

Facebook Messenger, Instagram DMs, Twitter DMs, or any private messaging feature within a social media platform.

(d)    Blogging & Forum Sites – Medium, Substack, WordPress, 4chan, 8kun, or any other user-generated content site where written materials are published.

(e)    Influencer & Review-Based Platforms – Yelp, Glassdoor, Trustpilot, Google Reviews, Patreon, or any website where reputational impact can be influenced.

(f)    Advertising & Promotional Services – Paid sponsorships, influencer partnerships, promoted posts, advertisements, bots, or algorithm-driven visibility campaigns.

(g)    Automated or Third-Party Content Management Tools – Hootsuite, Buffer, Sprout Social, or any platform used to schedule, automate, or track social media activity.

(h)    Any Other Online Presence – Any additional websites, forums, private groups, or digital spaces where content related to Plaintiff was discussed, posted, or promoted.

(i)    Without limiting the foregoing in any manner, and by way of example only, this definition includes: all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, timestamps, IP addresses, geolocation data, or user activity logs related to content.

38.    "Sony" shall refer to Sony Pictures Entertainment, and its past or present officers, directors, employees, partners, corporate parent, subsidiaries, or Affiliates.

39.    "Street Relations" shall refer to the entity Street Relations, Inc., as well as its past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates, including, without limitation, Jed Wallace.

CONFIDENTIAL

40.    "TAG" shall refer to The Agency Group PR LLC, which is a party to the Consolidated Action, and its past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates.

41.    "Vision PR Parties" refers to Defendants Leslie Sloane and Vision PR, Inc., in Wayfarer Studios LLC et al. v. Lively et al., No. 1:25-cv-00449-LJL.

42.    "Wallace" shall refer to Jed Wallace, as described in the Lively Complaint.

43.    "Wayfarer" shall refer to Defendant Wayfarer Studios LLC, and its past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates.

44.    "Wayfarer SDNY Complaint" shall refer to the Complaint, Dkt. No. 1, the First Amended Complaint, Dkt. No. 50, and any other amended complaints filed by Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, It Ends with Us Movie LLC, Melissa Nathan, and Jennifer Abel in Wayfarer Studios LLC et al. v. Lively et al., No. 1:25-cv-00449-LJL, as consolidated.

45.    "Wayfarer New York Times Action" shall refer to the lawsuit entitled Wayfarer Studios LLC et al. v. The New York Times Company, No. 24STCV34662, filed in the Superior Court of California, County of Los Angeles.

46.    "Wayfarer Defendants" shall refer, individually and collectively, to Wayfarer, IEWU LLC, Baldoni, Heath, Sarowitz, Nathan, TAG, Abel, Wallace, and Street Relations.

47.    "WME" shall refer to William Morris Endeavor Entertainment Agency, its officers, directors, employees, partners, corporate parent, subsidiaries, or Affiliates.

48.    "You," "Your," or "Yours" refers to Street Relations Inc. and includes any persons or entities acting on its behalf, including but not limited to all representatives, servants, agents, employees, officers, Affiliates, subsidiaries, parent companies, third parties, as well as any entities over which it has control.

CONFIDENTIAL

## INSTRUCTIONS

1.      In responding to these Requests, You shall make a diligent search and produce all responsive Documents that are (i) in Your possession, custody, or control, or (ii) in the possession, custody, or control of any of Your agents, employees, attorneys, accountants, or other representatives or anyone acting on Your behalf, or under Your direction or control, or (iii) otherwise available to You. A Document shall be deemed within Your control if You have the right to secure the Document or a copy of the Document from another Person having possession, custody, or control of the Document

2.      Unless otherwise specified, each Request concerns the time period from July 1, 2024 through the present.

3.      In construing these Requests, You should give effect to the definitions set forth above. Undefined words and terms shall be given their common meaning. If You are unsure of the definition of a particular term or word, use the definition that You believe to be the most accurate and state that definition in Your response.

4.      If You do not clearly understand, or have any questions about the definitions or instructions for any Request, please promptly contact counsel for Ms. Lively for clarification.

5.      These Requests should be construed as broadly as possible with all doubts resolved in favor of production. If you believe a Request is ambiguous, use the broadest reasonable interpretation as permitted under the Federal Rules of Civil Procedure and state the nature of the perceived ambiguity and the interpretation used to resolve it. The words "all," "any," "each," "and," and "or" shall be construed conjunctively or disjunctively as necessary to make the Request inclusive rather than exclusive. Except as specifically provided in these Requests, words imparting the singular shall include plural, and vice versa, where appropriate. Except as specifically provided

CONFIDENTIAL

in these Requests, words imparting the present tense shall also include the past and future tense and vice versa, where appropriate.

6.     For any hard copy production, all Documents produced shall be produced as kept in the ordinary course, including identification of the applicable file folder and source. The original of each Document requested, or an identical copy of each Document,  shall be produced imprinted with a Bates identification number. Documents attached to other Documents or materials shall not be separated. Documents not otherwise responsive to these Requests shall be produced if such Documents are attached to Documents called for by the Requests and constitute routing slips, transmittal memoranda, letters, emails, comments, evaluations, or similar materials, or mention, discuss, refer to, or explain the Documents that are called for by the Requests.

7.     For any hard copy production, identical copies of a Document need not be produced. Any copy of a Document that varies from the original, whether by reason of handwritten or other notation or any omission, or metadata associated with a file, shall constitute a separate Document and must be produced, whether or not the original of such a Document is within your possession, custody, or control.

8.     If an objection is made to any portion of any Request, (a) state with specificity the objection and legal basis for such objection; (b) state whether any responsive materials are being withheld on the basis of that objection; and (c) answer all remaining portions of the Request to which an objection is not asserted.

9.     If any responsive Document is withheld in whole or in part under a claim of privilege or other ground, as to each such Document, identify the privilege or other ground being asserted and provide the following information in sufficient detail to permit the Court to evaluate Your claim:

(a)     date, author, addressees, Persons carbon copied or blind carbon copied,

CONFIDENTIAL

including the relationship of those Persons to You or the author of the Document;

(b)    brief description sufficient to identify the type, subject matter, and purpose of the Document;

(c)    all Persons to whom the Document's contents have been disclosed;

(d)    the Person(s) who authored or created or sent the Document or the Person(s) who made the Communication;

(e)    the Person(s) asserting the privilege, immunity or protection, and/or the specific reason why the Document is not being produced;

(f)    the nature of the privilege, immunity, or protection asserted; and

(g)    the same information referenced in 9(a)-(f) above for each enclosure or attachment to each listed Document if the enclosure or attachment is also withheld from production.

10.    If a portion of any responsive Document is withheld under a claim of privilege or other ground, any non-privileged portion of the Document must be produced with the withheld portion redacted, with the redaction language indicating that the information is being withheld for privilege.

11.    If any responsive Document was, but no longer is, in Your possession, custody, or control, state whether it is (a) missing or lost; (b) destroyed; (c) transferred voluntarily or involuntarily to others; or (d) otherwise disposed of; and (e) in each instance identify the contents, author(s), date prepared or received, name and address of its current or last known custodian, and the date and circumstances surrounding such disposition.

12.    To the extent that the native format for transactional or other data responsive to these Requests is not compatible with Microsoft Office products (*e.g.*, Microsoft Excel, Microsoft

CONFIDENTIAL

Word, Microsoft Access, etc.), the data shall be produced in a usable format. If You need assistance in determining what constitutes a usable format, You shall promptly contact Ms. Lively's counsel.

13.    In addition to the specific instructions below, these Requests incorporate by reference the instructions set forth in Rule 26(e) of the Federal Rules of Civil Procedure. You are required to provide, by way of supplementary responses hereto, such additional information as may be obtained by You or any Person purporting to act on Your behalf that will augment or modify Your answers now given to the following requests. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, You are required to supplement these responses and provide additional Documents or things without a specific request from Ms. Lively.

14.    Notwithstanding anything else to the contrary herein, each word, term, or phrase is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

## PRODUCTION OF ESI

The exchange of electronically-stored information, documents, and hard copy documents in response to these Requests shall be exchanged pursuant to the Instructions for Discovery of Electronically-Stored Information and Hard Copy Documents ("ESI Instructions") conveyed herewith. If the parties enter into any stipulated agreement or protocol governing electronically stored information, the stipulated agreement will supersede these ESI Instructions, to the extent any provisions conflict.

## DOCUMENT REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

All Documents and Communications concerning the Film.

### REQUEST FOR PRODUCTION NO. 2:

All Documents and Communications concerning the Digital Campaign.

CONFIDENTIAL

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications concerning Ms. Lively.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications concerning Mr. Reynolds.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications concerning the Lively/Reynolds Companies or the Lively/Reynolds Family.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications concerning any Wayfarer Defendant.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications concerning the Consolidated Action.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications between You and any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf concerning Social Media.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications with or concerning Brianna Koslow or Katie Case.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications between You, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf from December 1, 2023 to the present concerning the nature or duration of Your relationship with Bryan Freedman or Liner Freedman Taitelman + Cooley LLP.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications between You, any Wayfarer Defendant, Bryan

CONFIDENTIAL

Freedman, Liner Freedman Taitelman + Cooley, or anyone acting on their behalf from December 1, 2023 to the present concerning business, engagements, or work performed by You for, or in connection with, any Wayfarer Defendant, Bryan Freedman, or Liner Freedman Taitelman + Cooley LLP.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications reflecting all Persons or entities who provided You with Payment to perform any work, engage with, or generate any content concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, any Wayfarer Defendant, the Digital Campaign, or the Consolidated Action.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and Communications reflecting any Payment provided to You to perform any work, engage with, or generate any content concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, any Wayfarer Defendant, the Digital Campaign, or the Consolidated Action.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and Communications reflecting all Persons or entities who You provided with Payment to perform any work, engage with, or generate any content concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, any Wayfarer Defendant, the Digital Campaign, or the Consolidated Action.

**REQUEST FOR PRODUCTION NO. 15:**

All Agreements, including contracts, retainer agreements, engagement letters, and promises memorialized via email or text message, concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, any Wayfarer Defendant, the Digital Campaign, or the Consolidated Action.

CONFIDENTIAL

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Communications, including invoices, payment records, receipts, and accounting records as kept in the ordinary course of business, reflecting all Payments you have paid, or promised to pay, any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents and Communications, including invoices, payment records, receipts, and accounting records as kept in the ordinary course of business, reflecting all Payments that any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf have paid You, or promised to pay You.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents reflecting the name(s) of the financial institution(s), the name(s) of the account holder(s), and any account number(s) associated with all bank account(s) You have used to pay funds to any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf from July 1, 2024 to the present.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents reflecting the name(s) of the financial institution(s), the name(s) of the account holder(s), and any account number(s) associated with all bank account(s) that You have used to provide Payment for any work or generate any content concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, any Wayfarer Defendant, the Digital Campaign, or the Consolidated Action.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents reflecting the name(s) of the financial institution(s), the name(s) of the account holder(s), and any account number(s) associated with all bank account(s) You have used

CONFIDENTIAL

to receive Payment from any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents reflecting the name(s) of the financial institution(s), the name(s) of the account holder(s), and any account number(s) associated with all bank account(s) You have used to receive Payment from anyone to perform any work or generate any content concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, any Wayfarer Defendant, the Digital Campaign, or the Consolidated Action.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents and Communications relating to any promotional materials or descriptions of work, technology, tools, or capabilities regarding, performed by, or concerning Jed Wallace, You, or anyone on Your behalf.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents and Communications reflecting any archived, active, or deactivated LinkedIn account concerning Jed Wallace or You.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications concerning any meetings, appointments, or discussions concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds family, any Wayfarer Defendant, the Digital Campaign, or the Consolidated Action.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications concerning the solicitation of any Social Media content, whether paid or unpaid, concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, or the Consolidated Action.

CONFIDENTIAL

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications concerning efforts to seed, influence, encourage, create, purchase, manipulate, boost, amplify, or engage with Social Media related to the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, or the Consolidated Action.

**REQUEST FOR PRODUCTION NO. 27:**

All Social Media messages, comments, or posts (including drafts, as well as deleted messages, comments, or posts) made by You or on Your behalf concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, or the Consolidated Action.

**REQUEST FOR PRODUCTION NO. 28:**

All Communications with media outlets of any kind concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, or the Consolidated Action.

**REQUEST FOR PRODUCTION NO. 29:**

All Communications with any Content Creator outlets of any kind concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, or the Consolidated Action.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents and Communications Concerning Your knowledge of the Protections for Return to Production Agreement, as described in the Lively Complaint.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents, Communications, audio/video recordings, notes, or production logs concerning any scenes related to the Film, whether or not included in any cut of the Film.

CONFIDENTIAL

**REQUEST FOR PRODUCTION NO. 32:**

All Documents, Communications, or audio/video recordings of statements or interviews given by Ms. Lively, regardless of date.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and Communications concerning any meetings, appointments, or discussions with any Wayfarer Defendant.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents and Communications concerning any meetings, appointments, or discussions related to Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, the Digital Campaign, the Marketing Plan, or the Consolidated Action.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents and Communications concerning any allegations, concerns, complaints, grievances, or reports of any kind, whether formal or informal, oral or written, about Baldoni, Heath, Sarowitz, Wayfarer Studios, or IEWU LLC.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents sufficient to show who You communicated with on Signal concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, the Digital Campaign, the Marketing Plan, or the Consolidated Action.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents sufficient to show when You communicated on Signal concerning the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, the Digital Campaign, the Marketing Plan, or the Consolidated Action.

CONFIDENTIAL

**REQUEST FOR PRODUCTION NO. 38:**

All Documents and Communications identifying or concerning the "platform-specific specialists working for [You]" that is referenced in SR.00000029.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents and Communications identifying or concerning the "team" that is referenced in SR 1.00000027.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents and Communications concerning the "digital plan" referenced in SR 1.00000006.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents and Communications concerning services or activities performed in connection with Street Relations Invoice #001TAGJBWS, dated August 8, 2024, produced at SR 1.00000008.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents and Communications concerning services or activities performed in connection with Street Relations Invoice #001TAGJBWS, dated September 1, 2024, reflected on SR 1.00000084.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents and Communications concerning services or activities performed in connection with Street Relations Invoice #003TAG.JBWS, dated October 1, 2024, produced at SR 1.00000087.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents and Communications concerning services or activities related to Reddit regarding the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the

**CONFIDENTIAL**

Lively/Reynolds Family, any Wayfarer Defendant, the Digital Campaign, the Marketing Plan, or the Consolidated Action.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents and Communications concerning services or activities related to Discord regarding the Film, Ms. Lively, Mr. Reynolds, the Lively/Reynolds Companies, the Lively/Reynolds Family, any Wayfarer Defendant, the Digital Campaign, the Marketing Plan, or the Consolidated Action.

Dated: June 4, 2025

/s/ Esra A. Hudson
MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson
Stephanie A. Roeser
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 312-4000
E-mail: ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
Manatt, Phelps & Phillips, LLP
7 Times Sq.
New York, NY 10036
(212) 790-4500
E-mail: mbruno@manatt.com

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
Meryl Governski
1875 K Street NW
Washington, DC 20006
(202) 303-1000
E-mail: mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron Nathan
Willkie Farr & Gallagher LLP
787 7th Avenue
New York, NY 10019

**CONFIDENTIAL**

(212) 728-8000
E-mail: anathan@willkie.com
*Counsel for Blake Lively and Ryan Reynolds*

**CONFIDENTIAL**

## CERTIFICATE OF SERVICE

I certify that on June 4, 2025, the foregoing was served via email on all counsel of record.

*/s/ Esra A. Hudson*
Esra A. Hudson