# EXHIBIT 5

**CONFIDENTIAL**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>        Plaintiff,<br><br>        -v-<br><br>WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, THE AGENCY GROUP PR LLC, JENNIFER ABEL, JED WALLACE, and STREET RELATIONS INC.,<br><br>        Defendants. | Case No. 1:24-cv-10049-LJL<br>(consolidated with 1:25-cv-00449-LJL)<br><br><br>**PLAINTIFF BLAKE LIVELY'S SECOND SET OF INTERROGATORIES TO DEFENDANT STREET RELATIONS INC.** |
| JENNIFER ABEL,<br><br>        Third-Party Plaintiff,<br><br>        -v-<br><br>JONESWORKS LLC,<br><br>        Third-Party Defendant. | |
| WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, JENNIFER ABEL, and STEVE SAROWITZ,<br><br>        Consolidated Plaintiffs,<br><br>        -v-<br><br>BLAKE LIVELY, RYAN REYNOLDS, LESLIE SLOANE, VISION PR, INC., and THE NEW YORK TIMES COMPANY.<br><br>        Consolidated Defendants. | |

CONFIDENTIAL

Pursuant to Federal Rule of Civil Procedures 26 and 34, Plaintiff Blake Lively ("Ms. Lively" or "Plaintiff") hereby demands that Defendant Street Relations Inc. serve, upon the undersigned, sworn answers to each of the Interrogatories hereinafter set forth to Manatt, Phelps & Phillips, LLP, 2049 Century Park East, Suite 1700, Los Angeles, California 90067, within thirty (30) days of the date of service hereof.

In responding to these Interrogatories, the following definitions and instructions shall apply.

## DEFINITIONS

1.      The Uniform Definitions in Discovery Requests that are set forth in Local Civil Rule 26.3 are hereby incorporated by reference.

2.      "Agreement" means any contract, arrangement, or understanding, formal or informal, oral or written.

3.      "Affiliate" means any and all entities that are wholly owned and/or controlled (directly or indirectly) by, or under common control by an identified individual or entity, including any corporate parent, subsidiaries, or affiliates, and each of their respective officers, directors, employees, or partners.

4.      The terms "all," "any," and "each" shall each be construed as encompassing any and all. See Local Civil Rule 26.3.

5.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope. See Local Civil Rule 26.3.

6.      "Abel" refers to Jennifer Abel, who is a party to the Consolidated Action.

7.      "Baldoni" refers to Justin Baldoni, who currently serves as the co-founder and co-chairman of Wayfarer Studios LLC and is a party to the Consolidated Action.

CONFIDENTIAL

8.      "Bryan Freedman" refers to counsel for the Wayfarer Defendants in the Consolidated Action, as well as his past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates.

9.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise). See Local Civil Rule 26.3. Communications shall include without limitation Social Media Communications.

10.     The term "concerning" means relating to, referring to, describing, evidencing, or constituting. See Local Civil Rule 26.3.

11.     "Consolidated Action" means and collectively refers to the following cases entitled (a) Lively v. Wayfarer Studios LLC et al., U.S. District Court for the Southern District of New York (No. 1:24-cv-10049-LJL); and (b) Wayfarer Studios LLC et al. v. Lively et al., U.S. District Court for the Southern District of New York (No. 1:25-cv-00449-LJL).

12.     "Content Creator" shall refer to any individual or entity who seeds, generates, creates, or influences Social Media content or provides related digital services.

13.     "Digital Campaign" refers to efforts of the Wayfarer Defendants and/or any Affiliates, employees, associates, or subcontractors to communicate information regarding Blake Lively, Ryan Reynolds, the Lively/Reynolds Companies, Ms. Lively's and Mr. Reynolds's families, the Wayfarer Defendants, the Film, or the Consolidated Action on any Social Media, news outlet, or other internet platform and/or to seed, influence, manipulate, boost, amplify, or engage with social media algorithms, narrative or virality, as well as the use of bots or inauthentic accounts, as described in the Lively Complaint.

14.     "Document" or "Documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ.

CONFIDENTIAL

P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term. See Local Civil Rule 26.3.

15.    "ESI" shall mean information generated, received, processed, recorded, manipulated, communicated, stored, or used in digital form including metadata (e.g., author, recipient, file creation date, file modification date, etc.). ESI includes, without limitation, data stored on or in computer servers, computer hard drives, computer desktops, laptops, handheld or tablet computers, portable digital media, backup media, CD-ROMs, DVD-ROMs, floppy discs, non-volatile memory including flash memory devices, thumb drives, zip drives, external hard drives, internal or external websites, cloud-based storage systems, personal digital assistants (such as Palm or BlackBerry devices), cell phones, electronic voicemail systems, text messages, instant messages, emails and attachments to emails, or any device or medium capable of storing data in any format. ESI also includes, without limitation, output resulting from the use of any software program or application, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages, instant messages, Bloomberg messages, Social Media postings or activity, Internet bulletin boards, or Internet chat rooms, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment, subject to the limitations set forth in Rule 45(e)(1)(D) of the Federal Rules of Civil Procedure. All ESI produced shall include sufficient metadata fields to identify, at minimum, its author, recipient, date and time of creation and modification, and where the Document was located.

16.    The "Film" means the movie "It Ends with Us," co-starring Blake Lively and Justin Baldoni, as described in the Lively Complaint.

CONFIDENTIAL

17. "Heath" refers to Jamey Heath who currently serves as the CEO of Wayfarer Studios LLC and is a party to the Consolidated Action.

18. "IEWU LLC" shall refer to Defendant It Ends With Us Movie LLC, which is a party to the Consolidated Action, as well as its past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates.

19. The term "including" means "including, but not limited to," or "including, without limitation," and should not be construed as limiting any request.

20. "Jonesworks" shall refer to the entity Jonesworks LLC, as well as its past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates, including, without limitation, Stephanie Jones.

21. "Jonesworks Complaint" means the operative complaint filed by Stephanie Jones and Jonesworks LLC in Jones v. Jennifer Abel et al. and removed to the United States District Court for the Southern District of New York (NYS Case No. 659849/2024; SDNY Case No. 1:25-cv-00779), Dkt. No. 1, and any amended complaints filed by Stephanie Jones and/or Jonesworks LLC in the proceeding.

22. "Liner Freedman Taitelman + Cooley LLP" refers to the law firm serving as counsel for the Wayfarer Defendants in the Consolidated Action as well as its past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates.

23. "Lively Complaint" means the operative amended complaint filed by Ms. Lively in Lively v. Wayfarer Studios LLC et al., No. 1:24-cv-10049-LJL, Dkt. No. 84, and any amended complaints filed by Ms. Lively in the proceeding.

24. "Lively/Reynolds Companies" shall refer to Ms. Lively's and Mr. Reynolds's affiliated entities, including but not limited to Betty Buzz LLC, Blake Brown, Aviation Gin, Mint

CONFIDENTIAL

Mobile, and Maximum Effort Productions, individually and collectively, and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates.

25.     "Lively/Reynolds Family" means any family member of Ms. Lively or Mr. Reynolds, living or deceased, including but not limited to their children, parents, siblings, or any other known relative.

26.     "Local Civil Rule" shall refer to the Local Rules for the United States District Courts for the Southern and Eastern Districts of New York, effective January 2, 2025.

27.     "Marketing Plan" shall refer to any efforts to market or promote the Film, including, but not limited to, any advertising, promotional, publicity or marketing materials (such as, without limitation, themes, market testing, research, summaries, talking points, trailers or teasers, posters, social media posts, and screen, radio, digital or television advertising), as described in the Lively Complaint.

28.     "Ms. Lively" shall refer to Blake Lively, who is a party to the Consolidated Action.

29.     "Mr. Reynolds" shall refer to Ryan Reynolds, who is a party to the Consolidated Action.

30.     "Nathan" shall refer to Melissa Nathan, who is a party to the Consolidated Action.

31.     "Payment" is defined as any transfer or commitment for future transfer of anything of value, including the exchange of funds (whether in dollars, foreign currency, or any form of electronic or cryptocurrency), cash, securities, loans, reimbursements, refunds, accounting corrections, retainers, goods, services, or otherwise.

32.     The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or Affiliates. This definition is not intended to

CONFIDENTIAL

impose a discovery obligation on any person who is not a party to the litigation. See Local Civil Rule 26.3.

33.     "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or associate. See Local Civil Rule 26.3.

34.     "Protections for Return to Production Agreement" means the contract executed in November 2023 concerning appropriate behavior during filming and production of the Film, as described in the Lively Complaint.

35.     The terms "relating to" or "relate to" mean, without limitation, assessing, comprising, constituting, concerning, referring to, containing, describing, discussing, embodying, evidencing, identifying, pertaining to, reflecting, stating, supporting, or tending to support or refute, or referring in any other way, directly or indirectly, in whole or in part, to the subject matter specified.

36.     "Sarowitz" shall refer to Steve Sarowitz, who is a party to the Consolidated Action.

37.     "Social Media" means any digital platform, forum, website, application, online service, or other platform on which persons can create, transmit, share, communicate, exchange content, or comment upon any information, ideas, or opinions, or otherwise engage in social networking, including but not limited to:

(a)     Social Networking Platforms – Facebook, Instagram, Twitter (X), LinkedIn, TikTok, Snapchat, Reddit, WhatsApp, Signal, and similar platforms.

(b)     Content Sharing & Video Platforms – YouTube, Vimeo, Twitch, Rumble, or similar services where videos, reels, or live content can be uploaded or streamed.

(c)     Email, Messaging Applications & Direct Communication Platforms – Including, but not limited to, Gmail, Outlook, WhatsApp, Telegram, Signal, Discord, Slack,

CONFIDENTIAL

Facebook Messenger, Instagram DMs, Twitter DMs, or any private messaging feature within a social media platform.

(d)    Blogging & Forum Sites – Medium, Substack, WordPress, 4chan, 8kun, or any other user-generated content site where written materials are published.

(e)    Influencer & Review-Based Platforms – Yelp, Glassdoor, Trustpilot, Google Reviews, Patreon, or any website where reputational impact can be influenced.

(f)    Advertising & Promotional Services – Paid sponsorships, influencer partnerships, promoted posts, advertisements, bots, or algorithm-driven visibility campaigns.

(g)    Automated or Third-Party Content Management Tools – Hootsuite, Buffer, Sprout Social, or any platform used to schedule, automate, or track social media activity.

(h)    Any Other Online Presence – Any additional websites, forums, private groups, or digital spaces where content related to Plaintiff was discussed, posted, or promoted.

(i)    Without limiting the foregoing in any manner, and by way of example only, this definition includes: all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, timestamps, IP addresses, geolocation data, or user activity logs related to content.

38.    "Sony" shall refer to Sony Pictures Entertainment, and its past or present officers, directors, employees, partners, corporate parent, subsidiaries, or Affiliates.

39.    "Street Relations" shall refer to the entity Street Relations, Inc., as well as its past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates, including, without limitation, Jed Wallace.

CONFIDENTIAL

40.    "TAG" shall refer to The Agency Group PR LLC, which is a party to the Consolidated Action, and its past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates.

41.    "Vision PR Parties" refers to Defendants Leslie Sloane and Vision PR, Inc., in Wayfarer Studios LLC et al. v. Lively et al., No. 1:25-cv-00449-LJL.

42.    "Wallace" shall refer to Jed Wallace, as described in the Lively Complaint.

43.    "Wayfarer" shall refer to Defendant Wayfarer Studios LLC, and its past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates.

44.    "Wayfarer SDNY Complaint" shall refer to the Complaint, Dkt. No. 1, the First Amended Complaint, Dkt. No. 50, and any other amended complaints filed by Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, It Ends with Us Movie LLC, Melissa Nathan, and Jennifer Abel in Wayfarer Studios LLC et al. v. Lively et al., No. 1:25-cv-00449-LJL, as consolidated.

45.    "Wayfarer New York Times Action" shall refer to the lawsuit entitled Wayfarer Studios LLC et al. v. The New York Times Company, No. 24STCV34662, filed in the Superior Court of California, County of Los Angeles.

46.    "Wayfarer Defendants" shall refer, individually and collectively, to Wayfarer, IEWU LLC, Baldoni, Heath, Sarowitz, Nathan, TAG, Abel, Wallace, and Street Relations.

47.    "WME" shall refer to William Morris Endeavor Entertainment Agency, its officers, directors, employees, partners, corporate parent, subsidiaries, or Affiliates.

48.    "You," "Your," or "Yours" refers to Street Relations, Inc. and includes any persons or entities acting on its behalf, including but not limited to all representatives, servants, agents, employees, officers, Affiliates, subsidiaries, parent companies, third parties, as well as any entities over which it has control.

CONFIDENTIAL

## INSTRUCTIONS

1.    Please answer each Interrogatory separately and fully, in writing, and under oath within thirty days of service.

2.    In answering these Interrogatories, You are required to furnish all information known or available to You, regardless of whether this information is possessed: directly by You, Your agents, employees, representatives, or investigators (including but not limited to experts); by Your present or former attorneys or Your agents, employees, representatives or investigators; or by any other person or legal entity controlled by or in any other manner affiliated with You.

3.    If You refuse to answer any Interrogatory in whole or in part based on a claim that any privilege or other protection applies to the information sought, state the privilege and describe the factual basis for Your claim of privilege with such specificity as will permit Ms. Lively and the Court to determine the legal sufficiency of the claim of privilege or protection. Unless the divulgence of such information would cause the disclosure of privileged information, the following shall be provided as part of any claim of privilege:

        a.    For documents: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

        b.    For oral communications: (i) the name of the person making the communication and the names of persons present while the communication

CONFIDENTIAL

was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication.

4.      If You refuse to answer any Interrogatory in whole or in part based on an objection, state the basis of each objection and the portion of the Interrogatory You are refusing to answer based on each such objection with the specificity required under Rules 26 and 33 of the Federal Rules of Civil Procedure, and answer any portion of the Interrogatory to which there is no objection.

5.      If any of these Interrogatories cannot be answered in full after reasonable inquiry and due diligence, answer to the fullest extent possible and explicitly identify the portion of the interrogatories that cannot be answered in full and specify the reason(s) for Your inability to answer the remainder.

6.      Unless otherwise specified, each Interrogatory concerns the time period from May 1, 2024, through the present.

7.      Notwithstanding anything else to the contrary herein, each word, term, or phrase is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Civil Rules of the Southern District of New York.

8.      If any Document is produced in response to an Interrogatory below, then pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, designate the Interrogatory or Interrogatories to which each such Document responds and identify the Document by Bates number.

9.      These Interrogatories are continuing Interrogatories. If, at any time after service of the initial answers hereto and prior to the trial of this action, You obtain additional information responsive to these Interrogatories or learn of any omission or inaccuracy in any answer, You are

**CONFIDENTIAL**

required promptly to supplement, amend, or correct Your answers hereto in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

**INTERROGATORY NO. 7:**

Identify all Persons with whom You communicated via Signal concerning the Digital Campaign, Ms. Lively, Mr. Reynolds, the Film, or the Consolidated Actions.

**INTERROGATORY NO. 8:**

Identify all Persons with whom You communicated via iMessage regarding Digital Campaign, Ms. Lively, Mr. Reynolds, the Film, or the Consolidated Actions.

**INTERROGATORY NO. 9:**

Identify all email addresses and phone numbers that You or anyone acting on Your behalf has used, in any manner, in connection with services performed for or on behalf of any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf from July 1, 2024 to the present.

**INTERROGATORY NO. 10:**

Identify all Social Media handles or aliases that You or anyone acting on Your behalf has used, in any manner, in connection with services performed for or on behalf of any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf from July 1, 2024 to the present.

**INTERROGATORY NO. 11:**

Identify any financial accounts used to make or receive Payments in connection with services performed for or on behalf of any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf from July 1, 2024 to the present,

CONFIDENTIAL

including the name(s) of the financial institution(s), the name(s) of the account holder(s), and any account number(s) associated with all bank account(s).

**INTERROGATORY NO. 12:**

Identify all Discord servers, Discord channels, Discord messages, or Discord group conversations that You have used to communicate concerning Ms. Lively, Mr. Reynolds, the Film, the Marketing Plan, the Consolidated Action or allegations asserted therein, or the Digital Campaign.

**INTERROGATORY NO. 13:**

Identify all former or current clients for whom You have performed services similar to those provided to or on behalf of any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf, including without limitation efforts to seed, influence, manipulate, boost, amplify, or engage with social media algorithms, narrative or virality, as well as the use of bots or inauthentic accounts.

**INTERROGATORY NO. 14:**

Identify all employees, associates, or subcontractors who have performed services for You since May 1, 2020, including to seed, influence, manipulate, boost, amplify, or engage with social media algorithms, narrative or virality, as well as the use of bots or inauthentic accounts.

Dated: June 4, 2025

/s/ Esra A. Hudson
MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson
Stephanie A. Roeser
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 312-4000
E-mail: ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
Manatt, Phelps & Phillips, LLP

CONFIDENTIAL

7 Times Sq.
New York, NY 10036
(212) 790-4500
E-mail: mbruno@manatt.com

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
Meryl Governski
1875 K Street NW
Washington, DC 20006
(202) 303-1000
E-mail: mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron Nathan
Willkie Farr & Gallagher LLP
787 7th Avenue
New York, NY 10019
(212) 728-8000
E-mail: anathan@willkie.com

*Counsel for Blake Lively and Ryan Reynolds*

**CONFIDENTIAL**

### CERTIFICATE OF SERVICE

I certify that on June 4, 2025, the foregoing was served via email on all counsel of record.


*/s/ Esra A. Hudson*
Esra A. Hudson

CONFIDENTIAL

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>　　　　　　Plaintiff,<br><br>　　　-v-<br><br>WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, THE AGENCY GROUP PR LLC, JENNIFER ABEL, JED WALLACE, and STREET RELATIONS INC.,<br><br>　　　　　　Defendants. | Case No. 1:24-cv-10049-LJL<br>(consolidated with 1:25-cv-00449-LJL)<br><br><br>**PLAINTIFF BLAKE LIVELY'S SECOND SET OF INTERROGATORIES TO DEFENDANT JED WALLACE** |
| JENNIFER ABEL,<br><br>　　　　　　Third-Party Plaintiff,<br><br>　　　-v-<br><br>JONESWORKS LLC,<br><br>　　　　　　Third-Party Defendant. | |
| WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, JENNIFER ABEL, and STEVE SAROWITZ,<br><br>　　　　　　Consolidated Plaintiffs,<br><br>　　　-v-<br><br>BLAKE LIVELY, RYAN REYNOLDS, LESLIE SLOANE, VISION PR, INC., and THE NEW YORK TIMES COMPANY.<br><br>　　　　　　Consolidated Defendants. | |

CONFIDENTIAL

Pursuant to Federal Rule of Civil Procedures 26 and 34, Plaintiff Blake Lively ("Ms. Lively" or "Plaintiff") hereby demands that Defendant Jed Wallace serve, upon the undersigned, sworn answers to each of the Interrogatories hereinafter set forth to Manatt, Phelps & Phillips, LLP, 2049 Century Park East, Suite 1700, Los Angeles, California 90067, within thirty (30) days of the date of service hereof.

In responding to these Interrogatories, the following definitions and instructions shall apply.

## DEFINITIONS

1.      The Uniform Definitions in Discovery Requests that are set forth in Local Civil Rule 26.3 are hereby incorporated by reference.

2.      "Agreement" means any contract, arrangement, or understanding, formal or informal, oral or written.

3.      "Affiliate" means any and all entities that are wholly owned and/or controlled (directly or indirectly) by, or under common control by an identified individual or entity, including any corporate parent, subsidiaries, or affiliates, and each of their respective officers, directors, employees, or partners.

4.      The terms "all," "any," and "each" shall each be construed as encompassing any and all. See Local Civil Rule 26.3.

5.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope. See Local Civil Rule 26.3.

6.      "Abel" refers to Jennifer Abel, who is a party to the Consolidated Action.

7.      "Baldoni" refers to Justin Baldoni, who currently serves as the co-founder and co-chairman of Wayfarer Studios LLC and is a party to the Consolidated Action.

CONFIDENTIAL

8.    "Bryan Freedman" refers to counsel for the Wayfarer Defendants in the Consolidated Action, as well as his past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates.

9.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise). See Local Civil Rule 26.3. Communications shall include without limitation Social Media Communications.

10.    The term "concerning" means relating to, referring to, describing, evidencing, or constituting. See Local Civil Rule 26.3.

11.    "Consolidated Action" means and collectively refers to the following cases entitled (a) Lively v. Wayfarer Studios LLC et al., U.S. District Court for the Southern District of New York (No. 1:24-cv-10049-LJL); and (b) Wayfarer Studios LLC et al. v. Lively et al., U.S. District Court for the Southern District of New York (No. 1:25-cv-00449-LJL).

12.    "Content Creator" shall refer to any individual or entity who seeds, generates, creates, or influences Social Media content or provides related digital services.

13.    "Digital Campaign" refers to efforts of the Wayfarer Defendants and/or any Affiliates, employees, associates, or subcontractors to communicate information regarding Blake Lively, Ryan Reynolds, the Lively/Reynolds Companies, Ms. Lively's and Mr. Reynolds's families, the Wayfarer Defendants, the Film, or the Consolidated Action on any Social Media, news outlet, or other internet platform and/or to seed, influence, manipulate, boost, amplify, or engage with social media algorithms, narrative or virality, as well as the use of bots or inauthentic accounts, as described in the Lively Complaint.

14.    "Document" or "Documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ.

CONFIDENTIAL

P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term. See Local Civil Rule 26.3.

15.    "ESI" shall mean information generated, received, processed, recorded, manipulated, communicated, stored, or used in digital form including metadata (e.g., author, recipient, file creation date, file modification date, etc.). ESI includes, without limitation, data stored on or in computer servers, computer hard drives, computer desktops, laptops, handheld or tablet computers, portable digital media, backup media, CD-ROMs, DVD-ROMs, floppy discs, non-volatile memory including flash memory devices, thumb drives, zip drives, external hard drives, internal or external websites, cloud-based storage systems, personal digital assistants (such as Palm or BlackBerry devices), cell phones, electronic voicemail systems, text messages, instant messages, emails and attachments to emails, or any device or medium capable of storing data in any format. ESI also includes, without limitation, output resulting from the use of any software program or application, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages, instant messages, Bloomberg messages, Social Media postings or activity, Internet bulletin boards, or Internet chat rooms, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment, subject to the limitations set forth in Rule 45(e)(1)(D) of the Federal Rules of Civil Procedure. All ESI produced shall include sufficient metadata fields to identify, at minimum, its author, recipient, date and time of creation and modification, and where the Document was located.

16.    The "Film" means the movie "It Ends with Us," co-starring Blake Lively and Justin Baldoni, as described in the Lively Complaint.

CONFIDENTIAL

17.     "Heath" refers to Jamey Heath who currently serves as the CEO of Wayfarer Studios LLC and is a party to the Consolidated Action.

18.     "IEWU LLC" shall refer to Defendant It Ends With Us Movie LLC, which is a party to the Consolidated Action, as well as its past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates.

19.     The term "including" means "including, but not limited to," or "including, without limitation," and should not be construed as limiting any request.

20.     "Jonesworks" shall refer to the entity Jonesworks LLC, as well as its past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates, including, without limitation, Stephanie Jones.

21.     "Jonesworks Complaint" means the operative complaint filed by Stephanie Jones and Jonesworks LLC in Jones v. Jennifer Abel et al. and removed to the United States District Court for the Southern District of New York (NYS Case No. 659849/2024; SDNY Case No. 1:25-cv-00779), Dkt. No. 1, and any amended complaints filed by Stephanie Jones and/or Jonesworks LLC in the proceeding.

22.     "Liner Freedman Taitelman + Cooley LLP" refers to the law firm serving as counsel for the Wayfarer Defendants in the Consolidated Action as well as its past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates.

23.     "Lively Complaint" means the operative amended complaint filed by Ms. Lively in Lively v. Wayfarer Studios LLC et al., No. 1:24-cv-10049-LJL, Dkt. No. 84, and any amended complaints filed by Ms. Lively in the proceeding.

24.     "Lively/Reynolds Companies" shall refer to Ms. Lively's and Mr. Reynolds's affiliated entities, including but not limited to Betty Buzz LLC, Blake Brown, Aviation Gin, Mint

CONFIDENTIAL

Mobile, and Maximum Effort Productions, individually and collectively, and their past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates.

25.    "Lively/Reynolds Family" means any family member of Ms. Lively or Mr. Reynolds, living or deceased, including but not limited to their children, parents, siblings, or any other known relative.

26.    "Local Civil Rule" shall refer to the Local Rules for the United States District Courts for the Southern and Eastern Districts of New York, effective January 2, 2025.

27.    "Marketing Plan" shall refer to any efforts to market or promote the Film, including, but not limited to, any advertising, promotional, publicity or marketing materials (such as, without limitation, themes, market testing, research, summaries, talking points, trailers or teasers, posters, social media posts, and screen, radio, digital or television advertising), as described in the Lively Complaint.

28.    "Ms. Lively" shall refer to Blake Lively, who is a party to the Consolidated Action.

29.    "Mr. Reynolds" shall refer to Ryan Reynolds, who is a party to the Consolidated Action.

30.    "Nathan" shall refer to Melissa Nathan, who is a party to the Consolidated Action.

31.    "Payment" is defined as any transfer or commitment for future transfer of anything of value, including the exchange of funds (whether in dollars, foreign currency, or any form of electronic or cryptocurrency), cash, securities, loans, reimbursements, refunds, accounting corrections, retainers, goods, services, or otherwise.

32.    The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or Affiliates. This definition is not intended to

CONFIDENTIAL

impose a discovery obligation on any person who is not a party to the litigation. See Local Civil Rule 26.3.

33.    "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or associate. See Local Civil Rule 26.3.

34.    "Protections for Return to Production Agreement" means the contract executed in November 2023 concerning appropriate behavior during filming and production of the Film, as described in the Lively Complaint.

35.    The terms "relating to" or "relate to" mean, without limitation, assessing, comprising, constituting, concerning, referring to, containing, describing, discussing, embodying, evidencing, identifying, pertaining to, reflecting, stating, supporting, or tending to support or refute, or referring in any other way, directly or indirectly, in whole or in part, to the subject matter specified.

36.    "Sarowitz" shall refer to Steve Sarowitz, who is a party to the Consolidated Action.

37.    "Social Media" means any digital platform, forum, website, application, online service, or other platform on which persons can create, transmit, share, communicate, exchange content, or comment upon any information, ideas, or opinions, or otherwise engage in social networking, including but not limited to:

(a)    Social Networking Platforms – Facebook, Instagram, Twitter (X), LinkedIn, TikTok, Snapchat, Reddit, WhatsApp, Signal, and similar platforms.

(b)    Content Sharing & Video Platforms – YouTube, Vimeo, Twitch, Rumble, or similar services where videos, reels, or live content can be uploaded or streamed.

(c)    Email, Messaging Applications & Direct Communication Platforms – Including, but not limited to, Gmail, Outlook, WhatsApp, Telegram, Signal, Discord, Slack,

CONFIDENTIAL

Facebook Messenger, Instagram DMs, Twitter DMs, or any private messaging feature within a social media platform.

(d)     Blogging & Forum Sites – Medium, Substack, WordPress, 4chan, 8kun, or any other user-generated content site where written materials are published.

(e)     Influencer & Review-Based Platforms – Yelp, Glassdoor, Trustpilot, Google Reviews, Patreon, or any website where reputational impact can be influenced.

(f)     Advertising & Promotional Services – Paid sponsorships, influencer partnerships, promoted posts, advertisements, bots, or algorithm-driven visibility campaigns.

(g)     Automated or Third-Party Content Management Tools – Hootsuite, Buffer, Sprout Social, or any platform used to schedule, automate, or track social media activity.

(h)     Any Other Online Presence – Any additional websites, forums, private groups, or digital spaces where content related to Plaintiff was discussed, posted, or promoted.

(i)     Without limiting the foregoing in any manner, and by way of example only, this definition includes: all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, timestamps, IP addresses, geolocation data, or user activity logs related to content.

38.     "Sony" shall refer to Sony Pictures Entertainment, and its past or present officers, directors, employees, partners, corporate parent, subsidiaries, or Affiliates.

39.     "Street Relations" shall refer to the entity Street Relations, Inc., as well as its past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates, including, without limitation, Jed Wallace.

CONFIDENTIAL

40.    "TAG" shall refer to The Agency Group PR LLC, which is a party to the Consolidated Action, and its past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates.

41.    "Vision PR Parties" refers to Defendants Leslie Sloane and Vision PR, Inc., in Wayfarer Studios LLC et al. v. Lively et al., No. 1:25-cv-00449-LJL.

42.    "Wallace" shall refer to Jed Wallace, as described in the Lively Complaint.

43.    "Wayfarer" shall refer to Defendant Wayfarer Studios LLC, and its past or present members, officers, employees, partners, corporate parent, subsidiaries, or Affiliates.

44.    "Wayfarer SDNY Complaint" shall refer to the Complaint, Dkt. No. 1, the First Amended Complaint, Dkt. No. 50, and any other amended complaints filed by Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, It Ends with Us Movie LLC, Melissa Nathan, and Jennifer Abel in Wayfarer Studios LLC et al. v. Lively et al., No. 1:25-cv-00449-LJL, as consolidated.

45.    "Wayfarer New York Times Action" shall refer to the lawsuit entitled Wayfarer Studios LLC et al. v. The New York Times Company, No. 24STCV34662, filed in the Superior Court of California, County of Los Angeles.

46.    "Wayfarer Defendants" shall refer, individually and collectively, to Wayfarer, IEWU LLC, Baldoni, Heath, Sarowitz, Nathan, TAG, Abel, Wallace, and Street Relations.

47.    "WME" shall refer to William Morris Endeavor Entertainment Agency, its officers, directors, employees, partners, corporate parent, subsidiaries, or Affiliates.

48.    "You," "Your," or "Yours" refers to Jed Wallace and includes any persons or entities acting for him or on his behalf, including but not limited to all representatives, servants, agents, employees, officers, Affiliates, subsidiaries, parent companies, third parties, as well as any entities over which he has control.

CONFIDENTIAL

## INSTRUCTIONS

1.      Please answer each Interrogatory separately and fully, in writing, and under oath within thirty days of service.

2.      In answering these Interrogatories, You are required to furnish all information known or available to You, regardless of whether this information is possessed: directly by You, Your agents, employees, representatives, or investigators (including but not limited to experts); by Your present or former attorneys or Your agents, employees, representatives or investigators; or by any other person or legal entity controlled by or in any other manner affiliated with You.

3.      If You refuse to answer any Interrogatory in whole or in part based on a claim that any privilege or other protection applies to the information sought, state the privilege and describe the factual basis for Your claim of privilege with such specificity as will permit Ms. Lively and the Court to determine the legal sufficiency of the claim of privilege or protection. Unless the divulgence of such information would cause the disclosure of privileged information, the following shall be provided as part of any claim of privilege:

       a.    For documents: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

       b.    For oral communications: (i) the name of the person making the communication and the names of persons present while the communication

CONFIDENTIAL

was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication.

4.      If You refuse to answer any Interrogatory in whole or in part based on an objection, state the basis of each objection and the portion of the Interrogatory You are refusing to answer based on each such objection with the specificity required under Rules 26 and 33 of the Federal Rules of Civil Procedure, and answer any portion of the Interrogatory to which there is no objection.

5.      If any of these Interrogatories cannot be answered in full after reasonable inquiry and due diligence, answer to the fullest extent possible and explicitly identify the portion of the interrogatories that cannot be answered in full and specify the reason(s) for Your inability to answer the remainder.

6.      Unless otherwise specified, each Interrogatory concerns the time period from May 1, 2024, through the present.

7.      Notwithstanding anything else to the contrary herein, each word, term, or phrase is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Civil Rules of the Southern District of New York.

8.      If any Document is produced in response to an Interrogatory below, then pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, designate the Interrogatory or Interrogatories to which each such Document responds and identify the Document by Bates number.

9.      These Interrogatories are continuing Interrogatories. If, at any time after service of the initial answers hereto and prior to the trial of this action, You obtain additional information responsive to these Interrogatories or learn of any omission or inaccuracy in any answer, You are

CONFIDENTIAL

required promptly to supplement, amend, or correct Your answers hereto in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

### INTERROGATORY NO. 7:

Identify all Persons with whom You communicated via Signal concerning the Digital Campaign, Ms. Lively, Mr. Reynolds, the Film, or the Consolidated Actions.

### INTERROGATORY NO. 8:

Identify all Persons with whom You communicated via iMessage concerning Digital Campaign, Ms. Lively, Mr. Reynolds, the Film, or the Consolidated Actions.

### INTERROGATORY NO. 9:

Identify all email addresses and phone numbers that You or anyone acting on Your behalf has used, in any manner, in connection with services performed for or on behalf of any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf from July 1, 2024 to the present.

### INTERROGATORY NO. 10:

Identify all Social Media handles and/or aliases that You or anyone acting on Your behalf has used, in any manner, in connection with services performed for or on behalf of any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf from July 1, 2024 to the present.

### INTERROGATORY NO. 11:

Identify any financial accounts used to make or receive Payments in connection with services performed for or on behalf of any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf from July 1, 2024 to the present,

**CONFIDENTIAL**

including the name(s) of the financial institution(s), the name(s) of the account holder(s), and any account number(s) associated with all bank account(s).

**INTERROGATORY NO. 12:**

Identify all Discord servers, Discord channels, Discord messages, or Discord group conversations that You have used to communicate concerning Ms. Lively, Mr. Reynolds, the Film, the Marketing Plan, the Consolidated Action or allegations asserted therein, or the Digital Campaign.

**INTERROGATORY NO. 13:**

Identify all former or current clients for whom You have performed services similar to those provided to or on behalf of any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf, including without limitation efforts to seed, influence, manipulate, boost, amplify, or engage with social media algorithms, narrative or virality, as well as the use of bots or inauthentic accounts.

**INTERROGATORY NO. 14:**

Identify all employees, associates, or subcontractors who have performed services for You since May 1, 2020, including to seed, influence, manipulate, boost, amplify, or engage with social media algorithms, narrative or virality, as well as the use of bots or inauthentic accounts.

**CONFIDENTIAL**

Dated: June 4, 2025

/s/ Esra A. Hudson

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson
Stephanie A. Roeser
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 312-4000
E-mail: ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
Manatt, Phelps & Phillips, LLP
7 Times Sq.
New York, NY 10036
(212) 790-4500
E-mail: mbruno@manatt.com

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
Meryl Governski
1875 K Street NW
Washington, DC 20006
(202) 303-1000
E-mail: mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron Nathan
Willkie Farr & Gallagher LLP
787 7th Avenue
New York, NY 10019
(212) 728-8000
E-mail: anathan@willkie.com
Counsel for Blake Lively and Ryan
Reynolds

**CONFIDENTIAL**

## CERTIFICATE OF SERVICE

I certify that on June 4, 2025, the foregoing was served via email on all counsel of record.


*/s/ Esra A. Hudson*
Esra A. Hudson