UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BLAKE LIVELY,

        Plaintiff,

-v-

WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, THE AGENCY GROUP PR LLC, JENNIFER ABEL, JED WALLACE, and STREET RELATIONS INC.,

        Defendants.

Case No. 1:24-cv-10049-LJL
(consolidated with 1:25-cv-00449-LJL)

**J. ALEXANDER TOWNSEND PRESENTING AN OMNIBUS OF MOTIONS TO QUASH AND FOR NON-PARTY RELIEF AS A COLLECTIVE AND AS INDEPENDENT MEMBER(S) OF AN IDENTIFIABLE GROUP WITH A SHARED INTEREST AND PROTECTABLE RIGHTS**

May It Please The Court. For the reasons discussed herein and in the accompanying Memorandum of Law, the Non-Party, J. Alexander Townsend, respectfully requests that The Court grant the Non-Party's Motions for relief in this matter. Such motions include a Motion To Quash as well as a Special Motion For Sanctions for Abuse Of Process, and Contempt Of Court.

Notice Of Omnibus Motion:

Non Party Townsend seeks from this Court the following measures of relief:

1. Declaratory Judgment pursuant to FRCP Rule 57 that for the purposes of this action, there exists a collective group of individuals who possess a shared interest of belief, in that they are outspoken skeptics of Ms. Lively's allegations against Justin Baldoni and the Wayfarer Parties. They collectively and

individually associate freely for this purpose in online forums and in live chat settings. Ms. Lively herself has identified them enough to seek legal demand from them. As well, Ms. Lively's allies in the media have identified them enough to disparage and condescend to them. As members of the collective, we have rights of free association, and free speech that are protectable. As an identifiable group I, and we, seek a declaration ascribing joint rights to the group as a whole, insofar as they are derivative of the members' individual rights under the Constitution of the United States of America, The Canadian Charter or Rights and Freedoms, and the English Bill of Rights of 1689..

2. A Further Declaratory Judgement pursuant to FRCP Rule 57, that there exists a subgroup of the collective in section (1) above that have additional considerations regarding their rights to anonymous speech. The one additional factor that distinguishes this subgroup from its parent group is that these members engage with the members of the parent group without revealing their true online identities. This group itself is another identifiable group and the whole should have joint rights in addition to the individual rights they already possess. And a declaration to that effect is sought as well. This will have special relevance to the additional relief sought below.

3. I Move to Quash the Google/X Subpoenas pursuant to FRCP Rule 45.(d) 3.(A)(iii) and FRCP Rule 45. (d) 3. (A) (iv) in their entirety, as the subpoenas seek privileged information, and are unduly burdensome. As well the subpoenas fail significant legal tests required where the compulsion of anonymous speakers in court risks unmasking the individual. This is particularly salient where it concerns Ms. Lively's inability to make out a Prima Facie case for retaliation. As both a member of the collective, and an individual, whose information, communications and identification are subject to subpoena,

4. I Move to Modify any of several Subpoenas the Lively Parties have commissioned pursuant to FRCP Rule 45.(d) 3.(A) (iii) and FRCP Rule 45. (d) 3. (A) (iv) as to the effect that the subpoenas seek privileged information such as source communications for journalistic purposes, and that they are unduly burdensome to anonymous people who may have incidentally communicated something to a known individual. As well the subpoenas fail significant legal tests required as to the application of the subpoena to anonymous communications where the compulsion of anonymous speakers in court risks unmasking the individual. Once again, this is particularly salient where it concerns Ms. Lively's inability to make out a Prima Facie case for retaliation. Brought as both a

member of the collective, and an individual, whose information, communications and identification are subject to subpoena,

5. Motion for a Protective Order pursuant to FRCP 26(c) seeking to prevent the use, and further acquisition of evidence obtained through abusive and oppressive tactics, for the claims of retaliation put forth by the Plaintiff. Plaintiff has admitted she lacks any independent facts to form a reasonable basis to sustain the claims.

6. Motion to take Judicial notice that the Motion at docket number 660, to preliminarily challenge the basis for certain subpoenas, has gone unopposed, in that it is a Letter Motion, and The Court's explicit direction under its Individual Practices number 1.C Paragraph 3, is that Letter Motions must be responded to within two business days. That time has elapsed absent any response.

7. Motion for Sanctions against Plaintiff's attorneys for Abuse of Process Pursuant to the Court's Inherent Powers as articulated in cases such as Chambers v. Nasco, Inc., 501 U.S. 32 (1991), being that meritless claims were brought for improper and oppressive purposes, in this case.

8. Motion for Sanctions against Plaintiff's attorneys for Contempt of Court by authority of 18 U.S.C. Section 401(2).

9. Motion for fees and costs.

The supporting Case Law and Argument regarding these motions are described in the accompanying Memorandum Of Law.

Dated: August 24th, 2025

Respectfully submitted,

/s/ J Alexander Townsend, Pro Se

720-200 Sherbourne Street
Toronto, Ontario   M5A 3Z5
JAlexGTownsend@gmail.com
1-647-768-0364