**LINER FREEDMAN TAITELMAN + COOLEY, LLP**
ATTORNEYS AT LAW

**1801 CENTURY PARK WEST, 5TH FLOOR**
**LOS ANGELES, CALIFORNIA  90067-6007**
TEL: (310) 201-0005
FAX: (310) 201-0045
E-MAIL: egarofalo@lftcllp.com

ELLYN S. GAROFALO

August 26, 2025

*Via ECF*
Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

Re:    *Blake Lively v. Wayfarer Studios LLC, et al.,* Case No. 1:24-cv-10049-LJL

Dear Judge Liman:

On behalf of Wayfarer Studios LLC, It Ends with Us Movie LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, Melissa Nathan, The Agency Group PR and Jennifer Abel (the "Wayfarer Parties"), we respectfully submit this letter in response to Leslie Sloane and Vision PR, Inc.'s (collectively, "Sloane")'s Sur-Reply, filed without leave of Court, in support of her motion for attorneys' fees and costs ("Sloane's Sur-Reply"). As leave of Court was not obtained prior to the filing of Sur-Reply it should not be considered by the Court in deciding Sloane's motion for attorneys' fees. *Endo Pharm. Inc. v. Amneal Pharm.,* LLC, 2016 WL 1732751, at *9 (S.D.N.Y. Apr. 29, 2016) (striking a supplemental filing where the plaintiff "neither sought nor received permission from the court to file a [sur-reply]"). Even if leave had been requested, the Sur-Reply must be disregarded for the reasons set forth below.

First, Sloane disingenuously suggests that this is the first time she has asked the Court to consider the text contained in Exhibit A to the August 21, 2025 declaration of James Vituscka, a former *Daily Mail* reporter. But Sloane had already cited, relied on, and discussed this exact text message in her reply brief in support of her motion for attorneys' fees. Dkt. 420, p. 7 (citing Dkt. 190-3 at p. 16 [the Wayfarer Parties' complaint filed in the Los Angeles Superior Court, which included an image of this text]). Sloane's Sur-Reply is thus improper.

Second, the text message is not "conclusive evidence." The text purports to comment on a screenshot of another text message between Vituscka and Sloane which is not included with Exhibit A. Referring to the screenshot of a text between Sloane and Vituscka, Vituscka says that in that exchange Sloane does not say anything about sexual assault. That does not demonstrate that Vituscka never said that Sloane told him Lively was sexually assaulted or harassed. Nor are the Vituscka declarations reliable. The two declarations are inconsistent with one another and appear to be internally inconsistent as well. Further, Vituscka's credibility is suspect as he was fired from the *Daily Mail* because he shared the text message quoted in the Wayfarer Parties' complaint and insinuated himself into the story, rather than just report on the story. His effort to distance himself from that text is not surprising. In any event, Sloane can only speculate that the text quoted in the

446815.1

Hon. Lewis J. Liman
August 26, 2025
Page 2

Wayfarer Parties' complaint is the "sole support" that Sloane told Vituscka that Lively was sexually assaulted. The recycled text in Exhibit A is thus not the 'smoking gun' Sloane pretends it is. Vituscka's inconsistent and ambiguous statements, which have not been subject to cross-examination, cannot establish that the Wayfarer Parties' claims were "wholly without a substantial basis in law or fact," or filed in bad faith.

Finally, even if Sloane could successfully disprove that a text quoted in a single sentence in the Wayfarer Parties' complaint was later recanted by Vituscka (she cannot), that would not mean Sloane's motion for fees should be granted. To begin with, Sloane's motion was procedurally improper. As the Wayfarer Parties pointed out in their opposition, a motion after a Rule 12(b)(6) dismissal is not the proper procedure to seek fees under New York Civil Rights Law § 70-a) ("§ 70-a"). Dkt. 382, pp. 9-10. On its face, § 70-a applies only to an "action, claim, cross claim, or counterclaim." The overwhelming majority of courts in this district interpret the language in this statute to require parties seeking anti-SLAPP damages to bring an affirmative claim for relief under § 70-a, not proceed by a motion after a dismissal. Even assuming a motion is a proper procedural mechanism to seek fees and costs under § 70-a, the Second Circuit and the majority of district courts within it hold that state anti-SLAPP motions do not apply in federal actions. The rationale for this rule is that state anti-SLAPP statutes conflict with Federal Rules of Civil Procedure 12, 56 and 11 as they address the same questions. The Second Circuit has held that California's anti-SLAPP statute does not apply to federal courts sitting in diversity. Although the Second Circuit has not spoken on whether New York's anti-SLAPP provision applies in federal court, most cases in this district, including *Brady v. NYP Holdings, Inc.*, 2022 WL 992631 (S.D.N.Y. Mar. 31, 2022), hold to the contrary.

Further, assuming Sloane were able to overcome these procedural infirmities (she cannot), to be entitled to attorney fees, Sloane must prove the Wayfarer Parties' claims against her were "wholly without a substantial basis in fact and law," under § 70-a, or that **all** claims alleged against her were made in bad faith pursuant to the Court's inherent powers, *Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, 991 F.3d 361, 368 (2d. Cir. 2021). Dkt. 392, pp. 19-27. The Wayfarer Parties' defamation claim against Sloane included far more than what Vituscka said in the one text message referenced in the complaint. The Wayfarer Parties alleged Lively, Sloane and Reynolds worked together to spread a false narrative about them to the *New York Times* to the effect that they "engaged in inappropriate conduct towards Lively an retaliated against her for reporting the misconduct by engaging in a campaign to ruining her reputation; and also alleged that Sloane individually made false statements to other press outlets that Baldoni had committed sexual misconduct. Dkt. 296 at pp. 46, 79 (citing Am. Compl. ¶¶ 8, 162, 193, 273, 325). The allegations included that Sloane and others concocted a plan whereby Stephanie Jones would seize Abel's phone upon her departure and mine it for messages that, stripped of context, could be used to concoct a false narrative that the disastrous press coverage of Lively's callous and opportunistic comments-and the public reaction to those comments were not Lively's fault but the result of a calculated (though in reality) nonexistent) smear campaign by Baldoni and his team. *Id*.

In sum, Sloane's Sur-Reply which merely rehashes an argument about a text message she already made in her reply brief does not alter the conclusion that Sloane's motion for attorneys' fees must be denied.

446815.1

Hon. Lewis J. Liman
August 26, 2025
Page 3

        Respectfully submitted,
        */s/    Ellyn S. Garofalo*
        LINER FREEDMAN TAITELMAN + COOLEY, LLP
        Bryan J. Freedman*
        Ellyn S. Garofalo*
        1801 Century Park West, 5th Floor

        Tel: (310) 201-0005
        Email: bfreedman@lftcllp.com
                egarofalo@lftcllp.com
         *Admitted *Pro Hac Vice*

cc: all counsel of record (via ECF)

446815.1