UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>    *Plaintiff,*<br><br>v.<br><br>WAYFARER STUDIOS LLC, et al.,<br><br>    *Defendants.* | No. 24-cv-10049 (LJL) (lead case) |
| WAYFARER STUDIOS LLC, et al.,<br><br>    *Plaintiffs,*<br><br>v.<br><br>BLAKE LIVELY,<br><br>    *Defendants.* | No. 25-cv-449 (LJL) (member case) |

**DEFENDANTS JED WALLACE AND STREET RELATIONS, INC.'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

**TABLE OF CONTENTS**

|     |     | Page |
| --- | --- | --- |
| I.   | INTRODUCTION ................................................................................................... 1 | |
| II.  | FACTUAL BACKGROUND ................................................................................. 1 | |
| III. | LEGAL STANDARD ............................................................................................. 2 | |
| IV.  | ARGUMENT AND AUTHORITIES ..................................................................... 3 | |
|      | A. Lively's Motion to Compel is Untimely. .................................................... 3 | |
|      | B. Lively's Motion to Compel Supplemental Responses to Interrogatories 13 and 14 Should be Denied. ............................................................................ 3 | |
|      | C. Lively's Motion to Compel Supplemental Document Productions in Response to Lively's Requests for Production Should be Denied. .......................... 6 | |
|      |     i. Defendants do not possess any responsive Signal chat messages. ............. 6 | |
|      |     ii. Defendants' post-litigation internal communications are protected. .......... 9 | |
|      |     iii. Defendants had no opportunity to respond to Lively's last minute suggestion regarding RFP Nos. 10 and 11. ................................................. 11 | |
| V.   | CONCLUSION ...................................................................................................... 11 | |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adidas Am., Inc. v. Thom Browne, Inc.*,
 742 F. Supp. 3d 352 (S.D.N.Y. 2024) ...................................................................................... 2

*Barberan v. Nationpoint*,
 No. 07 Civ. 11595 (KMK) (LMS), 2012 WL 13209711 (S.D.N.Y. July 13, 2012) ................. 6

*Capitol Records, Inc. v. MP3tunes*,
 LLC, 261 F.R.D. 44 (S.D.N.Y. 2009) ..................................................................................... 10

*Compass v. Zillow, Inc.*,
 No. 1:25-CV-05201-JAV, 2025 WL 2330701 (S.D.N.Y. Aug. 13, 2015) ............................. 10

*Council of Greater N.Y. v. Phase Constr. Servs., Inc.*,
 318 F.R.D. 28 (S.D.N.Y. 2016) ............................................................................................... 6

*Felder v. Warner Bros. Discovery, Inc.*,
 2025 WL 1718098 (S.D.N.Y. June 20, 2025) ....................................................................... 10

*GenOn Mid-Atl., LLC v. Stone & Webster, Inc.*,
 282 FRD 346, 357 (S.D.N.Y. 2012), *aff'd*, 2012 WL 1849101
 (S.D.N.Y. May 21, 2012) ........................................................................................................ 7

*Golden Trade, S.r.L. v. Lee Apparel Co.*,
 143 F.R.D. 514 (S.D.N.Y. 1992) ............................................................................................. 6

*Horvath v. Deutsche Lufthansa, AG*,
 No. 02 Civ. 3269 (PKC), 2004 WL 241671 (S.D.N.Y. Feb. 9, 2004) ..................................... 5

*Joostberns v. United Parcel Servs., Inc.*,
 166 Fed. App'x 783 (6th Cir. 2006) ........................................................................................ 8

*Malhotra v. CVS Health, Inc.*,
 No. 24 CV 4769, 2025 WL 2083689 (N.D. Ill. May 15, 2025) .............................................. 8

*Morgan Art Found. Ltd. v. McKenzie*,
 No. 18-CV-4438 (AT) (BCM), 2020 WL 5836438 (S.D.N.Y. Sept. 30, 2020) ...................... 9

*New York Times Co. v. Microsoft Corp.*,
 757 F. Supp. 3d 594 (S.D.N.Y. 2024) ................................................................................. 2, 4

*OnActuate Consulting Inc. v. Aeon Nexus Corp.*,
 No. 1:20-CV-508, 2022 WL 866418 (N.D.N.Y. Mar. 23, 2022) .......................................... 10

*Sekisui Am. Corp. v. Hart*,
   945 F. Supp. 2d 494 (S.D.N.Y. 2013)..................................................................................7

*Serin v. N. Leasing Sys., Inc.*,
   2010 WL 6501659 (S.D.N.Y. Apr. 16, 2010)..................................................................9, 10

*Skyline Steel, LLC v. PilePro, LLC*,
   101 F. Supp. 3d 394 (S.D.N.Y. 2015)...............................................................................7, 8

*Willmore v. Savvas Learning Co. LLC*,
   No. 22-2352-TC-ADM, 2024 WL 4869426 (D. Kan. Nov. 22, 2024)....................................9

## Other Authorities

Federal Rule of Civil Procedure 26 ................................................................................................1

Federal Rule of Civil Procedure 26(b)(1) ......................................................................................2

Federal Rule of Civil Procedure 26(b)(3) ......................................................................................9

Federal Rule of Civil Procedure 37(e) ...........................................................................................8

Defendants Jed Wallace ("Wallace") and Street Relations, Inc. ("Street") (collectively, the "Wallace Defendants") file this Response in Opposition to Plaintiff Blake Lively's ("Lively") Motion to Compel Discovery from Jed Wallace and Street Relations, Inc. (the "Motion"), and would respectfully show the Court as follows:

## I. INTRODUCTION

Lively's Motion to Compel is long on rhetoric, short on substance. Faced with the inconvenient truth that the Wallace Defendants played no role in any alleged "smear campaign," Lively now seeks to create discovery that simply does not exist (and never has) or to otherwise engage in a fishing expedition to flesh out an empty narrative. Lively demands answers to sweeping and irrelevant discovery requests, insists that ephemeral Signal messages "must" be somewhere and seeks post-complaint communications squarely protected by either attorney-client privilege or the work-product doctrine.

Lively's Motion is not a bona fide effort to obtain necessary evidence: it is an attempt to rewrite the script because the controlling facts do not support her narrative. Having already missed her chance to take the deposition that could have addressed her concerns (Lively cancelled the early July deposition of Street that was to be the first deposition in this case by agreement), Lively now turns to motion practice as a substitute for diligence. The proportionality mandates of Rule 26, the Court's scheduling order, and basic notions of fairness all foreclose this tactic. Because the requested materials do not exist, are outside the permissible scope of discovery, or are protected by privilege, the Motion should be denied in its entirety.

## II. FACTUAL BACKGROUND

The record establishes the Wallace Defendants' limited involvement in the events underlying this litigation. Street's engagement was confined to monitoring social media and advising on public engagement—all remotely, from Street's and Wallace's rural Texas location.

The Wallace Defendants have fully complied with their discovery obligations under the Federal Rules of Civil Procedure, producing all non-privileged and relevant documents in their possession, custody, or control long ago, with a small production going out this week based on the meet and confer efforts to date. The limited number of documents produced by the Wallace Defendants does not reflect deficient discovery efforts but rather is consistent with their limited role—a point underscored by Lively's testimony that she cannot identify any publication attributable to Wallace or Street in the context of the so-called "smear campaign." *See* Ex. 1, Lively Depo. 252:17–22.

Lively served the Wallace Defendants with several discovery requests on March 14, 2025 and June 4, 2025, to which the Wallace Defendants timely responded. Unsatisfied with the reality that the facts do not conform to her version of events, Lively resorted to accusations of deficient document productions and discovery responses—including going so far as to complain of the Wallace Defendants' failure to produce documents or provide information they simply do not possess (and never have) or that does not exist (and never has). During conferrals, Lively's counsel failed to raise issues now before this Court or provide the Wallace Defendants' counsel with meaningful time to consider proposed discovery modifications as Lively raced against this Court's deadlines (and did so unsuccessfully, filing an untimely motion).

### III.    LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *New York Times Co. v. Microsoft Corp.*, 757 F. Supp. 3d 594, 597 (S.D.N.Y. 2024) (quoting Fed. R. Civ. P. 26(b)(1)). The party moving to compel bears the initial burden of demonstrating both relevance and proportionality. *Id.* The Federal Rules do not require the producing party to search for potentially relevant documents indefinitely until the requesting party is satisfied that, as here, nothing else exists. *Adidas Am., Inc. v. Thom Browne, Inc.*, 742 F. Supp. 3d 352, 364–65 (S.D.N.Y.

2024) ("Courts only require, for example, that a party conduct a 'reasonable search' for documents in response to a request, *not that they boil the ocean to ensure every potentially responsive item is produced.*" (emphasis added)).

## IV. ARGUMENT AND AUTHORITIES

### A. Lively's Motion to Compel is Untimely.

This Court ordered on July 15, 2025, in pertinent part, that "Motions to compel regarding [all party document production in response to requests currently outstanding] shall be filed no later than August 1, 2025." Dkt. 425. Lively filed this Motion on August 22, 2025, three weeks after the court-imposed deadline. And *over four months* after the Wallace Defendants responded to Lively's first set of interrogatories and *over one month* after the Wallace Defendants responded to Lively's second set of interrogatories and requests for production. Even though the Court granted the Wallace Defendants' motion to dismiss on July 16, 2025 and provided Lively leave to amend (which she did, on July 30, 2025), the prior court order applied to *all discovery currently outstanding*, including the interrogatories and requests for production at issue here. Lively provides no justification for her delay, ignoring the deadline entirely. Accordingly, because this discovery dispute is untimely, the Court need not entertain Lively's Motion and should deny it.

### B. Lively's Motion to Compel Supplemental Responses to Interrogatories 13 and 14 Should be Denied.

Lively asserts that "[t]he Wallace Defendants refused to respond, or to provide a credible response, to two Interrogatories[.]" Dkt. 695 at 6.

> **Interrogatory No. 13**: Identify all former or current clients for whom You have performed services similarly to those provided to or on behalf of any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf, including without limitation efforts to seed, influence, manipulate, boost, amplify, or

engage with social media algorithms, narrative or virality, as well as the use of bots or inauthentic accounts.[1]

**Interrogatory No. 14:** Identify all employees, associates, or subcontractors who have performed services for You since May 1, 2020 including to seed, influence, manipulate, boost, amplify, or engage with social media algorithms, narrative or virality, as well as the use of bots or inauthentic accounts.

Interrogatory 13 is not proportional to the needs of this case and contravenes the Court's order concerning Lively's efforts to seek the same information in the context of the corporate representative deposition of Street. In its July 7, 2025 order, this Court delineated the relevant scope of information relating to Street's clients:

> Lively seeks to understand whether Street Relations has engaged in campaigns for other clients *similar to the campaign alleged in this case*. *If Street Relations has participated in digital campaigns for other clients to harm the reputation of third parties*, it is more likely to have done so here, as Lively alleges.

Dkt. 390 at 2 (emphasis added). But Lively did not narrow her interrogatory accordingly, instead seeking more without any showing of relevance or proportionality. *Microsoft Corp.*, 757 F. Supp. 3d at 597 (the movant "bears the initial burden of demonstrating relevance and proportionality"). Lively's interrogatory (to the extent it can be understood) goes beyond seeking identification of clients for which Street "has participated in digital campaigns . . . to harm the reputation of third parties, . . . as Lively alleges" (Dkt. 390 at 2)—to which the answer is "none." Lively would know this had she not unilaterally cancelled the scheduled corporate representative deposition of Street a month and a half ago and just six days before it was set to proceed by agreement.

Lively's motion to compel the Wallace Defendants to supplement their response to Interrogatory 13 should be denied. Alternatively, Interrogatory 13 should be narrowed to reflect the same scope delineated in the Court's July 7 order.

---

[1] In her Motion, Lively incorrectly identifies Interrogatory No. 13. The correct interrogatory is copied here.

Lively's argument concerning Interrogatory 14 is an expression of frustration that she does not like the answer she received. Indeed, Lively claims entitlement to "probe [the Wallace Defendants'] representations" in response to Interrogatory 14, in which the Wallace Defendants answered under oath and verified that the only employee, associate, or subcontractor performing services for the Wallace Defendants from July 1, 2024 to December 20, 2024 relating to the social/digital monitoring project beginning August 9, 2024 regarding It Ends With Us and its two starts—Lively and Baldoni—is Jed Wallace. But Lively's unhappiness with the answer and allegations of credibility concerns do not warrant the relief she seeks. To the extent Lively has questions regarding the Wallace Defendants' credibility, those questions are best explored during a deposition, not through expedited motion practice. *See Horvath v. Deutsche Lufthansa, AG*, No. 02 Civ. 3269 (PKC), 2004 WL 241671, at *3–4 (S.D.N.Y. Feb. 9, 2004) (denying a party's request to take a foreign witness's deposition by written questions because "the value of [the witness's] testimony will turn on credibility determinations that cannot be adequately explored or assessed through defendant's proposed use of written questions."). And again, Lively could have explored the credibility concerns she now claims at length during the previously scheduled deposition that she unilaterally cancelled. By cancelling the scheduled deposition, Lively passed on the best means to probe any purported inconsistencies in the Wallace Defendants' discovery responses, though none exist. Lively now asks the Court to resolve that credibility determination on her behalf. The Court should decline that request.

Lively's motion to compel supplemental responses to Interrogatories 13 and 14 should be denied.

C. **Lively's Motion to Compel Supplemental Document Productions in Response to Lively's Requests for Production Should be Denied.**

i. **Defendants do not possess any responsive Signal chat messages.**

Lively maintains that responsive Signal communications "must" exist despite the Wallace Defendants' statements that after a diligent search, they do not possess any additional Signal communications responsive to Lively's requests. Lively, unhappy with that truthful response, now demands an impossibility: that this Court compel the production of nonexistent documents and communications.

Lively acknowledges that "Signal includes ephemeral messaging capabilities that delete the content of text messages," (Dkt. 695 at 10)—which is dispositive of this dispute. *See Council of Greater N.Y. v. Phase Constr. Servs., Inc.*, 318 F.R.D. 28, 42 (S.D.N.Y. 2016) ("[A] party's good faith averment that the items sought simply do not exist, or are not in his possession, custody, or control, should resolve the issue of failure of production since one cannot be required to produce the impossible.") (marks and citations omitted). Indeed, Lively acknowledges the Wallace Defendants' responses to other interrogatories, in which the Wallace Defendants explain they do not have any Signal communications. *See Golden Trade, S.r.L. v. Lee Apparel Co.*, 143 F.R.D. 514, 525 n.7 (S.D.N.Y. 1992) ("In the face of a denial by a party that it has possession, custody or control of documents, the discovering party must make an adequate showing to overcome this assertion."). Lively does not (and cannot) establish that those particular messages *exist* in the Wallace Defendants' possession, custody, or control. The parties do not dispute that Signal can include auto-deletion policies, which the Wallace Defendants aver they enabled on any purportedly relevant chats, as a part of their regular course and scope of business. By operation of Signal's settings, any potentially responsive messages were deleted as a matter of course well before the Wallace Defendants anticipated or received notice of this litigation, and the Wallace Defendants

simply cannot be compelled to produce messages that they do not possess. *See Barberan v. Nationpoint*, No. 07 Civ. 11595 (KMK) (LMS), 2012 WL 13209711, at *3 (S.D.N.Y. July 13, 2012).

Lively then suggests the Wallace Defendants should have foreseen litigation as of September 16, 2024. The record and Lively's case law demonstrate otherwise. First, the Wallace Defendants had no objective reason to anticipate litigation until December 20, 2024, when Lively served its CRD Complaint on the Wallace Defendants and subsequently leaked it to the *New York Times*.[2] Lively argues that the Wallace Defendants had a duty to preserve these messages because other defendants may have anticipated litigation as early as September. But those defendants' knowledge of litigation cannot be imputed on the Wallace Defendants. The Court need look no further than Lively's case law.

For example, in *GenOn Mid-Atl., LLC v. Stone & Webster, Inc.*, the court faulted a party that retained a consulting group to process ESI and did not institute any backup procedures to ensure that the ESI was preserved. 282 FRD 346, 357 (S.D.N.Y. 2012), *aff'd*, 2012 WL 1849101 (S.D.N.Y. May 21, 2012). And the court in *Sekisui Am. Corp. v. Hart*, 945 F. Supp. 2d 494, 507 (S.D.N.Y. 2013) similarly faulted a party to the litigation when relevant documents were deleted *five months* after receiving notice of the claim. The opposite situation exists here: the Wallace Defendants' Signal messages were automatically deleted *before* receiving any notice of Lively's claims as part of the regular business practice in place.

*Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 408 (S.D.N.Y. 2015) is particularly instructive. In *Skyline Steel, LLC*, the court declined to adopt an adverse inference that a party

---

[2] The Court will recall that Lively alleges in the CRD Complaint that Wallace and Street sexually harassed her, which would be difficult to do since they have never met, meaning they never could have anticipated litigation of the sort alleged by Lively.

intentionally turned off Google Analytics tracking data after the defendant swore that the data for the relevant period did not exist. *See id.* There, the third-party vendor deactivated the defendant's Google Analytics shortly before the notice of the plaintiff's potential claims. *See id.* Several months passed before the defendant discovered the deactivation. *Id.* Because the plaintiff "provided no evidence to contradict [the defendant's] claim that Google Analytics was inadvertently turned off by its third-party vendor," the court concluded that the defendant had no duty to preserve such information, especially considering that the plaintiff agreed that the defendant did not discover the issue until later. *Id.* at 408–09. Here, Lively fails to provide any evidence suggesting that the Wallace Defendants are not being honest about the auto-deletion policies applying to any potentially relevant Signal chats. Where *Skyline Steel* found the defendant ran afoul of its duty to preserve documents, the court pointed to the fact that "Plaintiff sent defendant a letter referencing the instant lawsuit and stating that it would be taking legal action." *Id.* at 410. Again, the Wallace Defendants received no such notice of this lawsuit until December 2024.

At bottom, Lively cannot point to any authority where the duty to preserve documents arose three months prior to the service of a Complaint based on conversations with now co-defendants. To the contrary, courts decline to find a duty of preservation as to documents deleted according to auto-deletion features or other general business practices in advance of anticipating litigation. *See Joostberns v. United Parcel Servs., Inc.*, 166 Fed. App'x 783, 796–97 (6th Cir. 2006) (holding duty to preserve not violated where documents were destroyed in accordance with document retention program before defendant received notice of plaintiff's claims) *Malhotra v. CVS Health, Inc.*, No. 24 CV 4769, 2025 WL 2083689, at *3 (N.D. Ill. May 15, 2025) ("The Committee Comments to Rule 37(e) clarify that the rule 'does not attempt to create a new duty to preserve' and that '[t]he

rule does not apply when information is lost before a duty to preserve arises.'") (quoting Fed. R. Civ. P. 37(e), advisory committee's notes to 2015 amendments); *Willmore v. Savvas Learning Co. LLC*, No. 22-2352-TC-ADM, 2024 WL 4869426, at * (D. Kan. Nov. 22, 2024) ("Because the ESI at issue was deleted before a duty to preserve arose, [movant] has not met her burden to show that sanctions are warranted"); *Morgan Art Found. Ltd. v. McKenzie*, No. 18-CV-4438 (AT) (BCM), 2020 WL 5836438, at *19 (S.D.N.Y. Sept. 30, 2020) ("Given the potential date range, and given the substantial evidence concerning Indiana's email practices, it is plausible that many or even all of those emails were deleted innocently by Indiana's assistants months (or, as to the earlier emails, years) before any duty of preservation was triggered.")

Lively's motion to compel the production of documents that simply do not exist must be denied.

## ii. Defendants' post-litigation internal communications are protected.

Lively demands that Defendants produce documents and communications protected by the attorney-client privilege and the work product doctrine. Upon first learning of the present litigation in December 2024—after Lively filed her CRD Complaint and leaked the same to the press, the Wallace Defendants engaged counsel and communicated about their strategy going forward. Lively is simply not entitled to the discovery that it requests. Under Rule 26(b)(3), when a party asserts work product protection, the onus is on the *requesting party* to demonstrate that the documents are relevant and not privileged. Lively makes no attempt to demonstrate the latter, relying solely on this Court's statements about relevance in other contexts. Again, Lively's case law is readily distinguishable.

Indeed, Lively relies on *Serin v. N. Leasing Sys., Inc.*, 2010 WL 6501659, at *2 (S.D.N.Y. Apr. 16, 2010), where the court compelled the production of documents "to the present." But in *Serin* the specific requests at issue were for communications between the Better Business Bureau

and government authorities—categories of documents that are non-privileged communications by nature. *See id.* By contrast, Defendants have explained that after Lively filed and leaked her CRD Complaint on December 20, 2024, all ensuing communications were with or at the direction of counsel and are privileged.

This Court should instead limit discovery to the timeframe that is relevant. *Felder v. Warner Bros. Discovery, Inc.*, 2025 WL 1718098, at *9–10 (S.D.N.Y. June 20, 2025) (holding that the plaintiff's requests were overbroad because the plaintiff was represented by counsel at that time and there was a low likelihood that searches would yield nonprivileged documents). Like her demand to extend the discovery timeframe "to the present," Lively's demand for a privilege log of all documents withheld after December 20, 2024 (extending to the present) should be rejected. Judges in this District and beyond understand that producing a privilege log containing documents post-dating the commencement of litigation is an arduous process that yields limited relevant information. *See, e.g.*, *Compass v. Zillow, Inc.*, No. 1:25-CV-05201-JAV, 2025 WL 2330701, at *7 (S.D.N.Y. Aug. 13, 2015) ("Communications involving work product associated with inside or outside counsel for the parties related to this case that post-date the filing of the complaint need not be placed on a privilege log."); *Capitol Records, Inc. v. MP3tunes*, LLC, 261 F.R.D. 44, 51 (S.D.N.Y. 2009) ("[T]he Court will not require [a party] to record on its privilege log any attorney-client communications or work product documents created after the date the . . . action was filed."); *OnActuate Consulting Inc. v. Aeon Nexus Corp.*, No. 1:20-CV-508 (LEK/CFH), 2022 WL 866418, at *11 (N.D.N.Y. Mar. 23, 2022) ("This Court has explained that 'parties should not be required to list on a privilege log, on an ongoing basis, communications between attorney and client once litigation has commenced.'").

Accordingly, this Court should deny Lively's request to compel the Wallace Defendants to supplement their production of documents "to the present" and generate a privilege log for communications post-dating the commencement of this litigation.

### iii. Defendants had no opportunity to respond to Lively's last minute suggestion regarding RFP Nos. 10 and 11.

While the Wallace Defendants do not admit at this stage that responsive documents exist as to Requests for Production 10 and 11 as modified, they had no opportunity to confer with Lively regarding these modifications. Lively paints a picture that the Wallace Defendants simply declined to respond to counsel's suggestion, but Lively omits that she provided the Wallace Defendants' counsel with this suggestion within hours of filing her Motion. The Court should decline to address this dispute until the parties meet and confer as to Requests for Production 10 and 11.

## V. CONCLUSION

The Wallace Defendants respectfully request that the Court deny Lively's Motion to Compel Discovery.

Respectfully submitted,

By: /s/ *Charles L. Babcock*
Charles L. Babcock
SDNY #5451117
Joel R. Glover
SDNY #5697487
Tori C. Emery (admitted *pro hac vice*)
Jackson Walker LLP
1401 McKinney, Suite 1900
Houston, TX 77010
(713) 752-4200
cbabcock@jw.com
jglover@jw.com
temery@jw.com

**ATTORNEYS FOR DEFENDANTS JED WALLACE, AN INDIVIDUAL, AND STREET RELATIONS, INC.**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing has been served upon all counsel of record via the Court's electronic filing system on August 26, 2025, in accordance with the Federal Rules of Civil Procedure.

> */s/ Tori C. Emery*
> Tori C. Emery