## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY, | |
| *Plaintiff,* | |
| v. | No. 24-cv-10049 (LJL) (lead case) |
| WAYFARER STUDIOS LLC, et al., | |
| *Defendants.* | |
| WAYFARER STUDIOS LLC, et al., | |
| *Plaintiffs,* | |
| v. | No. 25-cv-449 (LJL) (member case) |
| BLAKE LIVELY, | |
| *Defendants.* | |

### DECLARATION OF JOEL R. GLOVER IN SUPPORT OF THE
### WALLACE DEFENDANTS' RESPONSE TO LIVELY'S MOTION TO COMPEL

I, Joel R. Glover, make the following declaration pursuant to 28 U.S.C. § 1746:

1. I am an attorney at the law firm of Jackson Walker LLP, located at 1401 McKinney, Suite 1900, Houston, Texas 77010. I am admitted to this Court and counsel of record for defendants Jed Wallace ("Wallace") and Street Relations, Inc. ("Street") in the above-captioned case.

2. I submit this declaration in support of Wallace's and Street's (together, the "Wallace Defendants") response to Blake Lively's motion to compel (the "Motion").

3. On March 14, 2025, Lively served her first set of interrogatories on Wallace and Steet, respectively. The Wallace Defendants served their objections and responses to Lively's first sets of interrogatories on April 14, 2025.

4.      On June 4, 2025, Lively served her second sets of interrogatories, as well as her first sets of requests for production, on the Wallace Defendants.

5.      Two days later, on June 6, 2025, Lively served a notice of deposition of Street and subpoena pursuant to Federal Rules of Civil Procedure 30(b)(6) and 45, noticing the deposition for June 24, 2025 without any prior conferral with counsel regarding witness or counsel availability. I conferred with counsel for Lively on the phone on June 16 and thereafter via email concerning scheduling of the noticed deposition, as well as the Wallace Defendants' objections to certain topics directed at the identification of Street's "client base." After conferring, the parties agreed to set the deposition for July 9, 2025 but remained at an impasse regarding the substantive issues surrounding three topics in Lively's notice of deposition and subpoena.

6.      On July 1, 2025, the Wallace Defendants submitted a letter motion for protection concerning Lively's notice and, specifically, the topics seeking identification of Street's client base.

7.      On July 3, 2025, the Wallace Defendants served their objections and responses to Lively's first sets of requests for production and second sets of interrogatories. At the same time, the Wallace Defendants made their document production including non-privileged documents within their possession, custody, and control responsive to Lively's requests for production.

8.      Interrogatory number 13, included in Lively's second set of interrogatories to the Wallace Defendants, sought the same type of client identification at issue in the Wallace Defendants' July 1, 2025 motion for protection. The Wallace Defendants, in their respective responses, declined to respond based on their objections to the interrogatory.

9.      On July 7, 2025, the Court entered an order denying the Wallace Defendants' motion for protection but noting specifically the relevant scope of information relating to the identification of Street's clients:

The identities of Street Relations' clients are relevant because they reasonably could lead to information bearing on the issues in this case. Lively seeks to understand ***whether Street Relations has engaged in campaigns for other clients similar to the campaign alleged in this case. If Street Relations has participated in digital campaigns for other clients to harm the reputation of third parties, it is more likely to have done so here, as Lively alleges***.

Dkt, 390, p. 2 (emphasis added).

10.    Despite the great time and expense dedicated toward preparing for the July 9 corporate representative deposition of Street, which would have been the first deposition in this case, counsel for Lively notified me via email on July 3 that they were canceling it.

11.    On July 14, 2025, Lively's counsel served the Wallace Defendants with a discovery letter concerning alleged deficiencies in the Wallace Defendants' responses and objections to Lively's second set of interrogatories.

12.    On July 16, 2025, the Court entered an order granting the Wallace Defendants' motion to dismiss, confirming the Court lacks jurisdiction over Street and Wallace, and granting Lively leave to amend her complaint.

13.    Because Street and Wallace were no longer parties to the case, I emailed Lively's counsel on July 16 confirming that we would not respond to Lively's July 14 discovery letter.

14.    On July 30, Lively filed her Second Amended Complaint, reasserting claims against the Wallace Defendants. The Wallace Defendants' Motion to Dismiss the Second Amended Complaint was filed on August 13, 2025, but it is not yet fully briefed.

15.    On August 5, 2025, Lively's counsel served the Wallace Defendants with a discovery letter alleging inadequate document productions by the Wallace Defendants.

16.    The same day, I conferred with Lively's counsel via telephone. Interrogatory No. 13 was hardly discussed. I also confirmed that the Wallace Defendants' responses to Interrogatory No. 14 were accurate. Concerning the Requests for Production, we discussed our objection to

extending the time period beyond December 20, 2024, as well as our extensive collection efforts in the course of responding to Lively's discovery and non-party discovery from her husband, Ryan Reynolds, who is represented by common counsel.

17.     On August 14, 2025, through August 22, 2025, I conferred with Lively's counsel via email and telephone regarding the discovery responses, which included ongoing dialogue concerning outstanding disputes and reaching resolution where possible.

18.     I conferred with Lively's counsel via telephone on the afternoon of August 22, 2025, where she offered, for the first time, limitations to a number of requests.

19.     The same day, Lively filed a motion to compel.

20.     A true and correct copy of an excerpt of the deposition testimony of Blake Lively is attached hereto as Exhibit 1.

21.     A true and correct copy of an email chain between myself and Lively's counsel, with an end date of July 3, 2025, is attached hereto as Exhibit 2.

22.     A true and correct copy of an email chain between myself and Lively's counsel, with an end date of July 16, 2025, is attached hereto as Exhibit 3.

23.     A true and correct copy of an email chain between myself and Lively's counsel, with an end date of August 22, 2025, is attached hereto as Exhibit 4.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 26, 2025 in Houston, Texas.

/s/ *Joel R. Glover*
Joel R. Glover