**NON-PARTY MARIO LAVANDEIRA'S MOTION TO DISMISS OR QUASH SUBPOENA AS DUPLICATIVE AND UNDULY BURDENSOME IN LIGHT OF NEWLY ISSUED ORDER**

Judge Liman,

Movant Mario Armando Lavandeira, Jr., known professionally as Perez Hilton, writes as a nonparty in Lively v. Wayfarer Studios LLC (1:24-cv-10049) to move this Court to dismiss or, in the alternative, quash Plaintiff's subpoena directed to him.

## I. INTRODUCTION

On August 27, 2025, this Court issued a Memorandum and Order granting Plaintiff Blake Lively's motion to compel against the Wayfarer defendants. (See Exhibit A, attached.) That Order requires the Wayfarer defendants to produce the very categories of documents and communications Plaintiff has also sought through her subpoena to Mr. Lavandeira, a nonparty journalist residing in Las Vegas, Nevada.

Because Plaintiff is already receiving this discovery directly from the parties to the litigation, the subpoena directed at Mr. Lavandeira is now duplicative, unnecessary, and unduly burdensome.

**II. ARGUMENT**

1. Duplicative Discovery.

    Plaintiff is obtaining from the Wayfarer defendants: phone records, Signal communications, HR complaints and policies, materials cited in their pleadings, and agents' communications with content creators and journalists. (See Ex A..) These are the same categories Plaintiff seeks from Mr. Lavandeira. Compelling a non-party to duplicate discovery already ordered from the parties is unnecessary and improper.

2. Undue Burden on a Non-Party.

    Rule 45(d)(1) imposes an affirmative duty to avoid undue burden on non-parties. Courts consistently hold that subpoenas seeking information available from parties to the litigation should be quashed. Here, Plaintiff now has direct access to the information from the actual parties, rendering further demands on Mr. Lavandeira both cumulative and burdensome.

3. Mootness.

    Plaintiff's need for Mr. Lavandeira's compliance has been mooted by the Court's own order. With the production compelled, Plaintiff cannot demonstrate any necessity for imposing additional obligations on a nonparty journalist.

## III. PRESERVATION OF JURISDICTION OBJECTION

Mr. Lavandeira continues to maintain that under Rule 45, only the District of Nevada — the district of compliance where he resides and was served — may adjudicate issues related to this subpoena. He has already filed a Motion to Quash in that court, with a hearing scheduled for August 28, 2025. However, because this Court has warned it may assert jurisdiction over him, Mr. Lavandeira submits this Motion in the alternative to ensure his rights are protected and the Court is aware of the duplicative and unnecessary nature of the subpoena following its own August 27, 2025 Order.

## IV. CONCLUSION

For the foregoing reasons, Mr. Lavandeira requests that the Court dismiss or quash the subpoena directed to him as duplicative, unnecessary, and unduly burdensome in light of the Court's August 27, 2025 Order.


xoxo

/s/ Mario Armando Lavandeira, Jr.

Mario Armando Lavandeira, Jr. aka Perez Hilton

Pro Se

August 27, 2025

Las Vegas, Nevada