UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
BLAKE LIVELY,                                                      :
:
                    Plaintiff,                                :
:          24-cv-10049 (LJL)
    -v-                                                        :
:          MEMORANDUM AND
WAYFARER STUDIOS LLC, JUSTIN BALDONI,              :          ORDER
JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH          :
US MOVIE LLC, MELISSA NATHAN, THE AGENCY           :
GROUP PR LLC, JENNIFER ABEL, JED WALLACE,          :
STREET RELATIONS INC.,                             :
:
                    Defendants.                               :
:
-------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/28/2025

LEWIS J. LIMAN, United States District Judge:

       Plaintiff Blake Lively ("Lively") moves, pursuant to Federal Rule of Civil Procedure 45, to compel nonparty Mario Armando Lavandeira, Jr. ("Lavandeira") to comply with a subpoena served on him on July 19, 2025 (the "Subpoena"). *See* Dkt. No. 566. Lively asserts that the Subpoena was issued after Defendants The Agency Group PR LLC and Melissa Nathan specifically identified Lavandeira "as one of four Content Creators who seeded, generated, created, or influenced social media content or provided related digital or social media services directly or indirectly at the request of, or on behalf of, any Wayfarer Party or their agents or affiliates." *Id.* at 1, 7. Lavandeira has moved in his district of residence, the District of Nevada, to quash the Subpoena. *See* No. 25-cv-1396 (D. Nev. filed July 28, 2025), Dkt. No. 1. In this Court, Lavandeira has stressed that the propriety of the Subpoena must be litigated in the District of Nevada. *See, e.g.*, Dkt. Nos. 541, 655, 685. Among other things, he has argued that this Court lacks personal jurisdiction over him. *See* Dkt. No. 655.

"It is axiomatic that, before compelling a nonparty to comply with a subpoena pursuant to Federal Rule of Civil Procedure 45, a court must have personal jurisdiction over that nonparty." *Nike, Inc. v. Wu*, 349 F. Supp. 3d 310, 320 (S.D.N.Y. 2018) (citing *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 141 (2d Cir. 2014)). In assessing whether such personal jurisdiction exists, the Second Circuit has instructed courts to determine whether "the nonparty's contacts with the forum go to the actual discovery sought." *In re del Valle Ruiz*, 939 F.3d 520, 530 (2d Cir. 2019). This stands in contrast to the personal-jurisdiction analysis for parties, which asks whether the contacts relate to "the underlying cause of action." *Id.*

Lively has not alleged that the discovery she seeks from Lavandeira relates to his contacts with the forum state. Rather, she asserts that Lavandeira has either consented to personal jurisdiction in this Court or waived any objections to the contrary. *See* Dkt. No. 566 at 25. "Consent is a traditional basis of jurisdiction . . . that may be upheld even in the absence of minimum contacts between the defendant and the forum state." 16 Moore's Federal Practice § 108.53[1] (3d ed. 2025); *see also Atl. Container Line AB v. Volvo Car Corp.*, 2014 WL 4730152, at *3 (S.D.N.Y. Sept. 22, 2014) ("There is no need to analyze its contacts with the forum, since consent confers jurisdiction."); *Nat'l Union Fire. Ins. Co. of Pittsburgh, Pa. v. Younger Bros., Inc.*, 2001 WL 669042, at *4 (S.D.N.Y. June 13, 2001) (Lynch, J.) ("This Court may obtain personal jurisdiction over the respondent through consent, express or implied, even in the absence of 'minimum contacts' with this forum.").

Although Lavandeira has repeatedly indicated that he does not consent to personal jurisdiction in this Court, *see, e.g.*, Dkt. Nos. 578, 655, an individual's actions "may amount to a legal submission to the jurisdiction of the court, whether voluntary or not," *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704–05 (1982). One long-recognized

manner of consenting to personal jurisdiction is by "appearing and seeking affirmative relief from the Court." *Andros Compania Maritima, S.A. v. Intertanker Ltd.*, 718 F. Supp. 1215, 1217 (S.D.N.Y. 1989); *see also Corporación Mexicana de Mantenimiento Integral v. Pemex-Exploración y Producción*, 832 F.3d 92, 101 (2d Cir. 2016) (citing with approval the proposition that when "a party seeks affirmative relief from a court, it normally submits itself to the jurisdiction of the court with respect to the adjudication of claims arising from the same subject matter" (quoting *PaineWebber Inc. v. Chase Manhattan Priv. Bank (Switzerland)*, 260 F.3d 453, 460–61 (5th Cir. 2001))). This conclusion derives from the commonsense principle "that a party cannot simultaneously seek affirmative relief from a court and object to that court's exercise of jurisdiction." *SEC v. Ross*, 504 F.3d 1130, 1148 (9th Cir. 2007); *see also* 16 Moore's § 108.53[2] (3d ed. 2025).

Notwithstanding the fact that this basis for personal jurisdiction is well-established, courts have noted a "dearth of caselaw . . . defining precisely what types of appearances and filings qualify as 'a [defendant's] legal submission to the jurisdiction of the court.'" *Gerber v. Riordan*, 649 F.3d 514, 519 (6th Cir. 2011) (quoting *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 905 (6th Cir. 2006)); *see In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 2016 WL 7378980, at *12 (S.D.N.Y. Dec. 20, 2016), *rev'd on other grounds sub nom.*, *Berkshire Bank v. Lloyds Banking Grp.*, 2022 WL 569819 (2d Cir. 2022) (summary order); *see also In re Med-Atl. Petroleum*, 233 B.R. 644, 651 (Bankr. S.D.N.Y. 1999) (describing the federal law on this issue as "in disarray"). "[N]ot all . . . actions participating in [a] litigation [are] sufficient to signal . . . voluntary submission to the district court's jurisdiction." *Gerber*, 649 F.3d at 519. Courts typically ask whether the relevant conduct evinces "a reasonable expectation . . . [of] defend[ing] the suit on the merits." *Corporación Mexicana*, 832 F.3d at 102 (quoting *Mobile*

3

*Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Hou. Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010)); *see also Gerber*, 649 F.3d at 519; *In re Asbestos Prods. Liab. Litig. (No. VI)*, 921 F.3d 98, 107 (3d Cir. 2019).  Toward one end of the spectrum are requests for continuances or stays, which "do not come close to what is required for waiver or forfeiture" of a personal jurisdiction defense.  *Mobile Anesthesiologists*, 623 F.3d at 443; *see also Gerber*, 649 F.3d at 519; *Lane v. XYZ Venture Partners, L.L.C.*, 322 F. App'x 675, 678 (11th Cir. 2009) (per curiam); *Ramasamy v. Essar Glob. Ltd.*, 825 F. Supp. 2d 466, 467 n.1 (S.D.N.Y. 2011).  Toward the other end are the filing of claims, which represent the "paradigm" of waiver.  *Loeber v. Spargo*, 2008 WL 11505868, at *2 (N.D.N.Y. Sept. 10, 2008) (citing *Andros Compania*, 718 F. Supp. at 1217); *see also In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 292 (2d Cir. 1992).

Lively cites three of Lavandeira's filings as evidence of his submission to this Court's jurisdiction.  In the first two, Lavandeira seeks sealing and redaction of his personally identifying information.  *See* Dkt. Nos. 470, 478.  As with requests for continuances or stays, although these filings do to some extent seek "affirmative relief" from the Court, they do not demonstrate an expectation of litigating either the merits of the Subpoena or any other substantive issues in the case.  A person can ask that his personal information not be publicly disclosed by the Court without generally subjecting himself to the jurisdiction of the Court.  These filings therefore do not constitute a waiver of Lavandeira's defense of personal jurisdiction.

The third filing, Lavandeira's "Motion For Protective Order To Require Court Approval Prior To Future Non-Party Subpoenas," *see* Dkt. No. 510, poses a much closer question.  In this motion, Lavandeira seeks on behalf of himself and all other nonparties a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1) requiring Lively to obtain leave of Court before issuing further nonparty subpoenas.  *Id.* at 3–4.  The motion does not seek to quash the

4

Subpoena. *Id.* Rather, the only relief it seeks is prospective (i.e., preventing Lively from issuing additional subpoenas). *Id.*

In support of her argument that Lavandeira's motion constitutes either consent to personal jurisdiction or a waiver of that defense, Lively cites caselaw from the D.C. Circuit stating that "a nonparty that moves for a protective order in the court of the underlying action thereby submits to that court's jurisdiction." *In re Sealed Case*, 141 F.3d 337, 342 (D.C. Cir. 1998). Understanding this statement and its implications requires context. Under Federal Rule of Civil Procedure 26, "any person from whom discovery is sought may move for a protective order." Fed. R. Civ. P. 26(c). Among the possible protective orders a court may issue is one "forbidding . . . disclosure or discovery." *Id.* Alternatively, Federal Rule of Civil Procedure 45 provides that a nonparty may move to "quash or modify a subpoena." Fed. R. Civ. P. 45(d)(3). Accordingly, there are certain circumstances in which protective orders—especially those "forbidding . . . disclosure or discovery"—function similarly to orders quashing subpoenas under Rule 45. The D.C. Circuit's opinion addresses the interplay between these two rules, and its language about "submit[ting] to [a] court's jurisdiction" stands for the uncontroversial proposition that where a nonparty seeks to preclude discovery under Rule 26(c), the nonparty consents to personal jurisdiction in the court where its motion is filed—just as a nonparty consents to personal jurisdiction in the forum where it files a Rule 45 motion to quash. In other words, if a nonparty seeks to litigate before a court the merits of a subpoena through either a protective order or a motion to quash, it cannot complain if the court decides the merits. The nonparty has consented to the personal jurisdiction of that court.

Here, Lavandeira's motion does not seek to preclude discovery under Rule 26(c) or to quash the Subpoena under Rule 45. Dkt. No. 510. Rather, the motion seeks only the prospective

5

relief of preventing Lively from issuing further subpoenas to nonparties without leave of Court. *Id.* Although the motion mentions the Subpoena, it does so in passing and is addressed broadly toward the issue of nonparties and this litigation more generally. *Id.* This stands in contrast to other filings Lavandeira has submitted, which do address the Subpoena at length in an attempt to litigate its merits. *See* No. 25-cv-1396 (D. Nev. filed July 28, 2025), Dkt. No. 1 (raising substantive objections to the Subpoena). Given that the motion seeks no relief with respect to the Subpoena, it is not the kind of request for affirmative relief that would create a reasonable expectation of litigating a motion to quash or to compel enforcement of the Subpoena. The motion therefore did not operate as a waiver of personal jurisdiction with respect to that issue.

Nor have Lavandeira's subsequent filings addressing the merits of the Subpoena in this Court operated as a waiver. The Court informed Lavandeira that should it find personal jurisdiction exists, and should he fail to respond to Lively's motion to compel, he risked waiving his opposition to the motion. Dkt. No. 583. His arguments on the merits have therefore been made as an alternative to his personal jurisdiction defense. As courts have explained, individuals may simultaneously raise both personal jurisdiction and substantive arguments, for they should not be "require[ed] to either forfeit a defense of their position on the merits, or waive their due process rights." *SEC v. Gastauer*, 93 F.4th 1, 6 (1st Cir. 2024).

In reaching this conclusion, the Court is particularly mindful of Lavandeira's *pro se* status. "It is well established that a court is ordinarily obligated to afford a special solicitude to *pro se* litigants." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). "The rationale underlying this rule is that a *pro se* litigant generally lacks both legal training and experience and, accordingly, is likely to forfeit important rights through inadvertence if he is not afforded some degree of protection." *Id.* Ultimately, the Court is reluctant to hold that Lavandeira's

6

motion operated as a waiver of his rights given his lack of representation and his clear intent to litigate issues related to the Subpoena in the District of Nevada.  *See Huang v. Kim Dang Nguyen*, 2020 WL 9812921, at *2 n.6 (E.D.N.Y. Feb. 11, 2020) (finding that a *pro se* defendant did not waive his personal jurisdiction defense); *cf. Corporación Mexicana*, 832 F.3d at 113 (Winter, J., concurring) (noting that the Second Circuit has held that "courts should proceed with 'caution' in finding forfeiture of personal jurisdiction defenses").

The Court accordingly holds that it lacks personal jurisdiction over Lavandeira with respect to the Subpoena.  Lively's motion to compel is thus denied without prejudice for lack of personal jurisdiction.

SO ORDERED.

Dated: August 28, 2025
New York, New York

_____
LEWIS J. LIMAN
United States District Judge