UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>      Plaintiff,<br><br>v.<br><br>WAYFARER STUDIOS LLC, et al.,<br><br>      Defendants. | No. 24-cv-10049 (LJL) (lead case) |
| WAYFARER STUDIOS LLC, et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>BLAKE LIVELY, et al.,<br><br>      Defendants. | No. 25-cv-449 (LJL) (member case) |

**REPLY IN FUTHER SUPPORT OF BLAKE LIVELY'S
MOTION TO COMPEL DISCOVERY FROM JED WALLACE AND STREET
RELATIONS, INC.**

Esra A. Hudson (admitted *pro hac vice*)
Stephanie A. Roeser (admitted *pro hac vice*)
Manatt, Phelps & Phillips LLP
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
Manatt, Phelps & Phillips LLP
7 Times Square
New York, NY 10036
(212) 790-4525
mbruno@manatt.com

Michael J. Gottlieb
Kristin E. Bender
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com

Aaron E. Nathan
Michaela A. Connolly
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019

(212) 728-8904
anathan@willkie.com
mconnolly@willkie.com

DUNN ISAACSON RHEE LLP
Meryl C. Governski (admitted *pro hac vice*)
401 Ninth Street, NW
Washington, DC 20004
(202) 240-2900
mgovernski@dirllp.com

*Attorneys for Blake Lively*

**INTRODUCTION**

Ms. Lively writes to address two discrete issues newly raised in the Wallace Defendants' Opposition to Ms. Lively's Motion to Compel. After weeks of conferrals, the Wallace Defendants claim for the first time that Ms. Lively's motion to compel ("Motion") is untimely, given the Court's initial date for party motions to compel, and unnecessary, given that Street could have been made available for deposition testimony. But the Wallace Defendants conveniently gloss over the fact that Ms. Lively attempted to confer with the Wallace Defendants regarding their discovery deficiencies even *before* filing her Second Amended Complaint, and they refused to do so until they were added back in as defendants, thereby necessitating filing this Motion within the Court's second deadline for party motions to compel. In the same vein, Ms. Lively also has been unable to take the deposition of Mr. Wallace (or anyone at Street Relations, Inc. ("Street")) as a result of *his* unavailability, thereby causing postponement of the Street 30(b)(6) corporate deposition. This Court should reject the Wallace Defendants' efforts to deflect and evade their discovery obligations, and compel the discovery as sought in Ms. Lively's Motion.

**ARGUMENT**

**I.     MS. LIVELY'S MOTION IS TIMELY.**

Ms. Lively's timely Motion was filed in keeping with this Court's schedule and in recognition of the Wallace Defendants' non-party status between July 16 (when they were dismissed from the case) and July 30 (when Ms. Lively filed her Second Amended Complaint re-adding them). *See* ECF Nos. 425, 426. During that time, counsel for the Wallace Defendants confirmed that the Wallace Defendants would "not be responding" to Ms. Lively's discovery demands, and later declined to engage in any discussion regarding discovery deficiencies in advance of the Wallace Defendants being re-added to the case. *See* ECF No. 696-10 at 4.

1

Given that Ms. Lively's discovery requests were revived only once the Wallace Defendants re-joined the case as parties on July 30, and in light of the Wallace Defendants' refusal to meet and confer in advance of that event, it was effectively impossible to meaningfully meet and confer regarding the Wallace Defendants' discovery obligations within three business days of the August 4 deadline for party motions to compel. Indeed, upon rejoining the case, the Wallace Defendants did not provide their response to Ms. Lively's July 14 deficiency letter, take any steps to meet and confer, or otherwise suggest they viewed August 4 as the operative deadline.

In setting the motion to compel schedule, the Court expressly recognized that parties must continue to meet their responsibilities to confer in advance of motions practice. *See* ECF No. 425 ("Nothing in this Order shall be construed to relieve the parties of the requirement under the Federal Rules of Civil Procedure and the Court's Individual Practices to attempt to meet and confer."). Because the Court set a schedule for a second round of party motions to compel to account for the remaining discovery requests that were not ready for resolution by the August 4 deadline, Ms. Lively and Wallace Defendants were able to satisfy these responsibilities in advance of their August 22 filing. *See* ECF No. 425; ECF No. 696 ¶¶ 7–17. To be specific, since filing her Second Amended Complaint and to avoid the need for motion practice, counsel for Ms. Lively and the Wallace Defendants have engaged in extensive conferrals regarding her discovery requests, including multiple calls, and numerous exchanges of correspondence—which also addressed Requests for Production 10 and 11 (and which Ms. Lively could have moved to compel even without the proposed modified narrowing). *See* Opp. at 11.

The Wallace Defendants never objected to this timeline for motions to compel, nor did they seek clarification as to how it would potentially affect them. In fact, in her August 4, 2025 Omnibus Motion to Compel Ms. Lively previewed to the Court this very point, which the Wallace

2

Defendants never protested. ECF No. 553 at 1 n.1 ("Ms. Lively excludes Defendants Jed Wallace and Street Relations, Inc. ("Street") from this Motion because the time to confer on their responses and objections to Ms. Lively's served discovery and their deficient productions was cut short given their dismissal. Ms. Lively filed an amended complaint re-adding them and will move to compel them (if necessary) by August 22, 2025."); Declaration of Kristin E. Bender ("Bender Decl.") ¶ 3. For these reasons, the Court should reject the Wallace Defendants' untimeliness arguments.

## II. THE WALLACE DEFENDANTS' INTERROGATORY DEFICIENCIES ARE NOT EXCUSED BY DEPOSITION TESTIMONY.

The Wallace Defendants argue that Interrogatory Nos. 13 and 14 do not warrant a response including because Ms. Lively can obtain this information through a deposition of Street, which they accuse Ms. Lively of "unilaterally cancell[ing]" roughly a week before it was scheduled to take place. Opp. at 4. But the Federal Rules of Civil Procedure entitle a party to written discovery *and* deposition testimony, with written discovery often sharpening the questioning for testimony when it takes place. *See* Fed. R. Civ. P. 30, 33. Far from a matter of simple credibility, where exclusively deposition testimony might be appropriate (Opp. at 5), Interrogatory Nos. 13 and 14 seek substantive responses, and Ms. Lively is entitled to obtain that information through all discovery tools available, including interrogatories and depositions.[1] *Accord Raymond v. City of N.Y.*, 2020 WL 1067482, at *15 (S.D.N.Y. Mar. 5, 2020) ("the fact that Serrano was able to testify at his deposition about the contents of the Memo Book does not mitigate the prejudice from the absence of the document itself"). Ms. Lively should not be precluded from straightforward discovery responses because she *also* intends to obtain party testimony, and the Wallace

---

[1] In their Opposition, the Wallace Defendants attempt to narrowly limit the scope of Interrogatory No. 13 to exclusively efforts that "harm the reputation of third parties," which is inconsistent with the plain language of the request. Opp. at 4. This continued gamesmanship only underscores the need for this Court to compel verified written responses, which have long been due, and which Ms. Lively may then use to elicit appropriate testimony on this topic.

3

Defendants' responses to these two simple Interrogatories will be useful not only in the eventual deposition of Mr. Wallace, but also in connection with several other depositions relating to these issues that will take prior to his deposition next month.

Moreover, the Wallace Defendants' argument that Ms. Lively has somehow waived her right to receive responses to her reasonable discovery requests because she rescheduled a deposition of Street's "corporate representative" is baseless. *See* Opp. at 1 (suggesting that Ms. Lively's Motion should be denied because she "missed her chance to take the deposition that could have addressed her concerns"). This fails to recognize that a party may reasonably sequence and arrange depositions within the discovery window, including postponement where necessary and with sufficient notice, as was the case here due to delays in the third-party productions of Ms. Case and Ms. Koslow. Bender Decl. ¶ 4.

But putting that aside, *mere days before the scheduled deposition*, counsel for the Wallace Defendants informed Ms. Lively's counsel for the first time (after declining to provide the information when initially requested) that Street intended to have a *paid outside consultant* sit as Street's corporate representative despite the fact that Mr. Wallace is the only director and officer of Street. Of course, a consultant who has never worked for Street would be unable to provide thorough testimony on the background and the covert roles and responsibilities of the Wallace Defendants, particularly when that consultant was prepared by Mr. Wallace, who at the same time was unwell enough to sit for his own deposition. Bender Decl. ¶ 5. The consulting option would only be appropriate, at most, if no one directly affiliated with Street had the necessary firsthand knowledge. But here, Mr. Wallace does. *See Securities and Exchange Commission v. Morelli*, 143 F.R.D. 42, 45 (S.D.N.Y.1992) ("under Rule 30(b)(6), the deponent "'**must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters** sought by [the

4

party noticing the deposition]'") (quoting *Mitsui & Co. (U.S.A.) v. Puerto Rico Water Resources Authority*, 93 F.R.D. 62, 67 (D.P.R.1981)) (emphasis added); *Jenkins v. Xpresspa Grp., Inc.*, 2020 WL 1644012, at *1 (S.D.N.Y. Apr. 2, 2020) (parties stipulating to designation of non-parties as corporate representative when the parties agreed that "no person currently employed by [the Company had] firsthand knowledge of" the designated topics). Given the circumstances, Ms. Lively's reasonable choice was to forego this early discovery in order to secure competent testimony from Mr. Wallace as someone affiliated with Street. This sequence of events only proves the point—Ms. Lively should not be deprived of fulsome responses to her written discovery (particularly in light of the Wallace Defendants' anemic document production) while she waits for Mr. Wallace to confirm his availability to sit for his long-awaited deposition.

## CONCLUSION

For the above reasons, and those in Ms. Lively's Opening Brief, Ms. Lively respectfully requests that her motion to compel with respect to the Wallace Defendants be granted in their entirety.

| | |
|---|---|
| Dated: August 28, 2025 | /s/ *Michael J. Gottlieb* |

                                    WILLKIE FARR & GALLAGHER LLP
                                    Michael J. Gottlieb
Kristin E. Bender
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com

Aaron Nathan
Michaela A. Connolly
Willkie Farr & Gallagher LLP
787 7th Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com
mconnolly@willkie.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (admitted *pro hac vice*)
Stephanie A. Roeser (admitted *pro hac vice*)
2049 Century Park East, Suite 1700
Los Angeles, California 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
Manatt, Phelps & Phillips, LLP
7 Times Sq
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

DUNN ISAACSON RHEE LLP
Meryl C. Governski (admitted *pro hac vice*)
401 9th Street NW
Washington, DC 20004
(202) 240-2927
mgovernski@dirllp.com

*Attorneys for Plaintiff Blake Lively*

6