```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
BLAKE LIVELY,                                                    :
                                                                 :
                              Plaintiff,                         :
                                                                 :        24-cv-10049 (LJL)
         -v-                                                     :
                                                                 :        MEMORANDUM AND
WAYFARER STUDIOS LLC, JUSTIN BALDONI,                            :              ORDER
JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH                        :
US MOVIE LLC, MELISSA NATHAN, THE AGENCY                         :
GROUP PR LLC, JENNIFER ABEL, JED WALLACE,                        :
STREET RELATIONS INC.,                                           :
                                                                 :
                              Defendants.                        :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Plaintiff Blake Lively ("Lively") moves, pursuant to Federal Rule of Civil Procedure 37(a), to compel Defendants Jed Wallace ("Wallace") and Street Relations, Inc. ("Street Relations," and collectively with Wallace, the "Wallace Defendants") to respond Lively's discovery requests. Dkt. No. 694. The motion is granted in part and denied in part.

Familiarity with prior proceedings in this case is presumed. On March 14, 2025, Lively served the Wallace Defendants with her first set of interrogatories. Dkt. No. 696 ¶ 3. On June 4, 2025, Lively served the Wallace Defendants with her first set of requests for production ("RFPs") and her second set of interrogatories. *Id.*; Dkt. Nos. 696-5, 696-6. On July 3, 2025, the Wallace Defendants served their responses and objections to the RFPs, stating in response to all but RFPs 10, 14, 18–22, 38–39 and 53 that they would agree to "produce non-privileged documents in [the Wallace Defendants'] possession, custody or control, if any, dated between July 1, 2024 and December 20, 2024." *See* Dkt. No. 696 ¶ 4; Dkt. No. 696-7. That same day,

the Wallace Defendants also produced their responses and objections to the second set of interrogatories. Dkt. No. 696-8.

Lively filed this motion on August 22, 2025. Dkt. No. 694. The Wallace Defendants responded on August 26, 2025. Dkt. Nos. 707–08. On August 28, 2025, with leave of court, Lively filed a reply memorandum of law in further support of the motion. Dkt. Nos. 721, 723.

The Wallace Defendants argue initially that Lively's motion is untimely. On July 15, 2025, the Court issued the following order:

> All party document production in response to requests currently outstanding as of the date of this Order shall be completed by July 25, 2025. Motions to compel regarding such production shall be filed by no later than August 1, 2025, with responses by August 5, 2025.
>
> The date for completion of all document discovery, including production by non-parties pursuant to subpoena and responses to requests not yet issued, is extended to August 15, 2025. Motions to compel regarding production by non-parties and responses to requests not yet issued shall be filed by no later than August 22, 2025, with responses due by August 26, 2025.

Dkt. No. 425. The Wallace Defendants argue that Lively's motion is untimely because it was not filed by the deadline of August 1, 2025. Dkt. No. 707 at 3.

This argument is without merit. The Court's July 15 Order applied to motions to compel "party document production." Dkt. No. 425. It contemplated that parties would complete their production of documents with respect to currently outstanding requests by July 25, 2025, that thereafter the parties would attempt to meet and confer with respect to discovery issues, and that motions to compel with respect to those productions would be due on August 1, 2025. *Id.* But, on July 25, 2025, the Wallace Defendants were not parties. Specifically, on July 16, 2025, the Court granted the Wallace Defendants' motions to dismiss on personal jurisdiction grounds, giving Lively an opportunity to amend her complaint by July 30, 2025. Dkt. No. 426. Lively

filed her Second Amended Complaint naming the Wallace Defendants on July 30, 2025. *See* Dkt. No. 520. Thus, on July 25, 2025, the Wallace Defendants were not parties, and they did not have the obligations of a party to complete document production by July 25, 2025. *See* Dkt. No. 696-10 (counsel for Wallace Defendants taking the position on July 16, 2025, that they need not attempt to meet and confer because they were not parties). Their deadline was instead that for non-parties on August 15, 2025. Lively filed her motion to compel as required on August 22, 2025. It would have frustrated the purposes of the Court's order for Lively to have filed a motion to compel on August 1, 2025, when the Wallace Defendants were not parties until July 30, 2025. In short, Lively did not, by filing an amended complaint on July 30, 2025, subject herself to an August 1, 2025, deadline for moving to compel the production of documents that as of that date were not yet due.

Lively first argues that the Wallace Defendants should be compelled to supplement their responses to Interrogatories Nos. 13 and 14. Those interrogatories provide as follows:

> Interrogatory No. 13: Identify all former or current clients for whom You have performed services similar to those provided to or on behalf of any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf, including without limitation efforts to seed, influence, manipulate, boost, amplify, or engage with social media algorithms, narrative or virality, as well as the use of bots or inauthentic accounts.
>
> Interrogatory No. 14: Identify all employees, associates, or subcontractors who have performed services for You since May 1, 2020 including to seed, influence, manipulate, boost, amplify, or engage with social media algorithms, narrative or virality, as well as the use of bots or inauthentic accounts.

Dkt. No. 696-8 at 7–8.[1]

The Wallace Defendants refused to respond to Interrogatory No. 13 on the grounds that it "seeks information that is neither relevant to any claim or defense, nor proportional to the needs

---

[1] Citations to this docket entry use ECF pagination.

3

of the case" and "seeks to invade the privacy rights of persons having no remote involvement in or relevance to the litigation." *Id.* at 8, 17. The Wallace Defendants narrowed Interrogatory No. 14 to be limited to "all employees, associates, or subcontractors who have performed services for You from July 1, 2024 to December 20, 2024 relating to the social/digital monitoring project beginning August 9, 2024 regarding It Ends With Us and its two stars—Lively and Baldoni." *Id.* Street Relations identified Jed Wallace in response to the as-narrowed Interrogatory No. 14, *id.* at 17, and Wallace in turn answered "None," *id.* at 8.

Lively argues that she is entitled to a response to Interrogatory No. 13 on the basis of this Court's order of July 7, 2025, which required Street Relations to identify their clients. Dkt. No. 390 at 3. In particular, she argues that evidence regarding Street Relations' activities on behalf of other clients would be probative of its conduct on behalf of the Wayfarer Parties. Dkt. No. 695 at 6–7. She further argues that the Wallace Defendants' response to Interrogatory No. 14 improperly narrows it based on date range, subject, and conduct, and that the response is implausible in light of evidence in the case in which Mr. Wallace and others refer to his "team" and to "platform-specific specialists" working for him. *Id.* at 7–8.

The Wallace Defendants argue that Lively's requests are disproportionate to the needs of the case and contravene the Court's July 7 Order. Dkt. No. 707 at 4. They argue that, at most, the Wallace Defendants should be required to identify clients for whom they engaged in a digital campaign to harm the reputation of third parties, as alleged by Lively, to which the answer would be none. *Id.* The Wallace Defendants do not offer any independent response to the objection regarding the narrowing of the response to Interrogatory No. 14.

The Wallace Defendants misunderstand the Court's July 7 Order. Dkt. No. 390. That order denied the Wallace Defendants' motion for a protective order against having to disclose the

names of their clients beyond those reflected in Lively's complaint in this case. *Id.* The Court denied that request and thereby required the Wallace Defendants to disclose the identities of their clients. *Id.* The Court reasoned that the identities of the clients could lead to information bearing on the issues in this case, that Lively was entitled to "test for herself whether the digital footprints of other clients have similarities to the work Street Relations is alleged to have done here," and that the Wallace Defendants' privacy concerns could be addressed by the Court's standing protective order regarding the disclosure of confidential materials. *Id.* at 2–3. The Wallace Defendants did not seek reconsideration of that order and do not offer any persuasive reasons why the order, which was directed to a 30(b)(6) deposition, would not apply equally to the presumably simpler task of compiling an interrogatory response. Accordingly, the motion to compel answers to Interrogatories Nos. 13 and 14 as drafted is granted, and the Wallace Defendants shall answer those interrogatories by no later than September 5, 2025.

Second, Lively argues that the Wallace Defendants should be compelled to produce "relevant and responsive Signal communications—including records that demonstrate a conversation took place, even if no substantive messages remain—and order them to alternatively show why they have not and are unable to do so, including by identifying whether responsive communications were deleted after the date by which litigation was anticipated." Dkt. No. 695 at 11. Lively argues that the Wallace Defendants indisputably communicated over the ephemeral messaging platform Signal, and that by September 16, 2024, litigation was anticipated such that all relevant messages should have been preserved. *Id.* at 9–11. The Wallace Defendants respond that no such Signal communications are in its possession, custody, or control, noting that they enabled Signal's auto-deletion function on any purportedly relevant chats. Dkt. No. 707 at 6–9. A responding party who denies that documents exist cannot be

compelled to produce them unless the discovering party makes an adequate showing to overcome that assertion. *See Golden Trade, S.r.L. v. Lee Apparel Co.*, 143 F.R.D. 514, 525 n.7 (S.D.N.Y. 1992). Lacking any evidence to counter the Wallace Defendants' assertion that no Signal communications exist, Lively has not shown that the records she seeks are relevant to this case. For the same reason, Lively has also not sufficiently demonstrated a basis for discovery on discovery. *See Williams v. Fed. Gov't of Nigeria*, 2025 WL 507702, at *2 (S.D.N.Y. Feb. 14, 2025). The Court therefore denies her request for these materials.

Third, Lively argues that the Wallace Defendants should be required to produce documents and communications from July 1, 2024, to the present and, if they withheld materials after December 20, 2024, to produce a privilege log. Dkt. No. 695 at 12. The Wallace Defendants produced materials only up to December 20, 2024. *Id.* The Wallace Defendants respond that all communications after December 20, 2024, were with or at the direction of counsel and therefore privileged. Dkt. No. 707 at 10. They further argue that they should not be required to produce a privilege log for communications after December 20, 2024, because the act of compiling such a log would be arduous and yield limited relevant information. *Id.*

The Court has previously addressed the relevant discovery timeframe in its order of August 27, 2025, which directed the Wayfarer Parties to produce responsive documents and communications through February 18, 2025, the date Lively filed her Amended Complaint. *See* Dkt. No. 771 at 5–12. The same reasoning and result applies here. Accordingly, by September 5, 2025, the Wallace Defendants shall produce responsive materials through February 18, 2025, and shall produce a categorical privilege log in accordance with Local Civil Rule 26.2(c).

Finally, Lively asks the Court to order the Wallace Defendants to respond to the modified RFPs Nos. 10 and 11 with documents within a revised date range of December 1, 2023, through

February 18, 2025. Dkt. No. 695 at 13–14. The revised requests for production read as follows:

> RFP 10: Documents, including formal or informal engagement agreements, sufficient to show when and in what capacity the Wallace Defendants worked with Bryan Freedman, Liner Freedman Taielman + Cooley LLP, or anyone acting on their behalf, and in what capacity (e.g., the nature of the engagement and what any Wallace Defendant was retained to do).
>
> RFP 11: All Documents and Communications between You, any Wayfarer Defendant, Bryan Freedman, Liner Freedman Taitelman + Cooley LLP, or anyone acting on their behalf from December 1, 2023 to the present concerning efforts to seed, influence, manipulate, boost, amplify, of engage with social media algorithms, narratives, or virality, as well as the use of bots or inauthentic accounts.

Dkt. No. 696 ¶ 16; Dkt. No. 695 at 13–14. The Wallace Defendants have not provided a position as to those RFPs. Dkt. No. 696 ¶ 17; Dkt. No. 695 at 14. The Wallace Defendants are directed to provide a response to these requests no later than September 5, 2025.

    SO ORDERED.

Dated: August 29, 2025
       New York, New York

                                                    LEWIS J. LIMAN
                                        United States District Judge