**J. Alexander Townsend**
720-200 Sherbourne Street
Toronto, ON M5A 3Z5
(647) 768-0364
jalexgtownsend@gmail.com

30th August 2025

<u>Via Email</u>

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

**Regarding Lively v. Wayfarer Studios LLC, et al., Case No. 1:24-cv-10049-LJL**

Dear Judge Liman:

As you know I am a Pro Se litigant in this case. Being that I am Pro Se, I am aware that though I feel that I possess more knowledge of the legal system than the average person, I do know that I am significantly lacking in working experience, and so I am not going to be aware of the usual procedures or courses of action in filings. I am also devoid of any prior experience as to how members of the public may react to my filings. I will deal with both of these effects of my inexperience in this letter.

Regarding the issue of procedures, I am unaware whether the following can be addressed in this letter as a less formal manner, or if it must be made as a rule 59 or 60 motion. So forgive me and let me know if I am mistaken.

As it would undoubtedly impact the disposition of my recent motions, I feel compelled to say that I believe that the Court made a small error, ruling as it did in docket number 503 with regard to a cited case. Namely *"City of Almaty, Kazakhstan v. Ablyazov, 2019 WL 275701, at *2 (S.D.N.Y. Jan. 22, 2019)"*.

Yes, indeed the decision stated "As a general matter, only recipients of a subpoena have standing to seek a protective order quashing or modifying the subpoena." However, Her Worship went on specifically to say: 'A non-recipient has standing to challenge a subpoena "only if it has a privilege, privacy or proprietary interest in the documents sought." ' partially quoting *Universitas Educ., LLC v. Nova Grp., Inc. 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013)*

Also, I'd like to direct the Court to FRCP 45(d)(3)(B) which states "...protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential

research, development, or commercial information;…". I'd further like to direct the court to the accompanying notes of the Advisory Committee on Rules-1991 Amendment which note that these clauses were intended to be interpreted broadly, and encompass even those merely "affected by" the subpoena: "Clause (c)(3)(B)(i) authorizes the court to quash, modify, or condition a subpoena to protect the person subject to or affected by the subpoena from unnecessary or unduly harmful disclosures of confidential information."

I respectfully submit, your Honor, that a "content creator" engaging in communications with confidential sources for the purpose of creating content based on factual information within such communications, would be engaging in the kind of confidential research, in a commercial setting, that is protected by Rule 45 of the FRCP, and therefore would deserve to be heard on their motions regarding the subpoena, even in the case of post-prejudice withdrawal.

As I am one such "content creator" who is currently affected by subpoena, and has a proprietary interest in the evidence sought, I believe this means I do have standing to challenge it, as I have moved to do so in docket number 703. Respectfully.

As to my second concern, that of my inexperience in public reactions to my filings. Let me say I had no intention of giving the impression that I was filing anything in someone else's behalf. I never had any consultations with anyone on the subject before filing anything in this case. None of the evidence I submitted was gathered by anyone other than myself. No one else had any purpose or share in my filings. I did all of it completely on my own. Even though one of my motives in filing as I have, was to help other people, it was not the main motive.

Yes, I did, as part of my evidence, include title cards, still shots of videos, as well as of public discussion forum posts and messages that were clearly produced by people for wide distribution to the public at large. This inclusion was not illegal, and to the best of my knowledge at the time, it was not immoral either. They were previously published to the world at large. As I said before, this inclusion was not meant in any way to imply permission or endorsement of any kind on their part, in my filings.

My first filing, one to intervene, was based on my own monetary interest in a YouTube Channel. And my argument for standing in that filing had nothing to do with the channel's interest in itself, nor in its owner's interest in the channel. Any subsequent filings were primarily put forward as part of a legal strategy. A group classification is the best way I can see to both maintain my anonymity, and have standing to quash these frivolous subpoenas against my information. And to help only those who wish to be helped to have standing themselves.

The following individuals have told me explicitly that they want no part in my filings in this matter: Andy Signore at Popcorned Planet, Kassidy O'Connor, and an individual going by the handle @dontfckwjustice.

Another person, Leanne Newton objected to lack of notification if I were going to use her material as evidence in a court case. Though I have scoured the internet for any mention of a rule of etiquette that requires a person to notice the owner of a copyrighted work before he can submit a photograph of the work as pertinent evidence in a legal filing… I am apologizing publicly here, for any personal slight that anyone may have felt for this, as it was never my intent to offend.

Judge Liman, I would like to make a personal plea. I included as evidence a still title card from Kassidy O'Connor regarding a documentary-style news video that went in depth on your Honor's possible conflicts of interest in this case. I maintain, in my humble opinion, the fault for the wave of misinformation on this subject belongs exclusively with Blake Lively and her unscrupulous attorneys. However I can see how Ms. O'Connor might fear reprisal for this evidentiary inclusion. I want to tell you that to the best of my knowledge Ms. O'Connor is a good person, who genuinely questioned things, but I don't believe she did so out of any particularly overt animus or spite. She is a journalist and she was reporting on a subject that had rapidly become a matter of public interest by many people, in the wake of the Lively Clan's deliberate misrepresentation of your ruling.

I am sorry that it happens, but for people who don't understand the legal arena, it is very easy to be led to the wrong conclusion when legal events occur. It is especially true when they are led deliberately. For example, a legal filing can seem very well articulated and logical to someone who works in accounting, but the argument could also have inordinate failings in connecting the dots to a legally sustainable conclusion. The accountant wouldn't necessarily know this. So when the opposing party claims victory and says the judge "saw through" the 'bad guy's' harassing suit, the accountant is going to assume it was a morality issue and not a legal one. Lay people often confuse the law with morality.

I believe that happened in this case. Furthermore I believe it happened deliberately in this case, at the hands of opposing counsel. That's my opinion. Thank You for listening to me and I hope this helps.

With greatest respect,

*[signature]*

J Alexander Townsend    Non-Party Pro Se


P.S. In my filing preceding this one I made a declaration, but I did so using a template and I forgot to adjust the month it was made, So the date is correct except for the month which was August instead of July.