```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
BLAKE LIVELY,                                                      :
                                                                   :
                                Plaintiff,                         :
                                                                   :         24-cv-10049 (LJL)
                -v-                                                :
                                                                   :             ORDER
WAYFARER STUDIOS LLC, JUSTIN BALDONI,                              :
JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH                          :
US MOVIE LLC, MELISSA NATHAN, THE AGENCY                           :
GROUP PR LLC, JENNIFER ABEL, JED WALLACE,                          :
STREET RELATIONS INC.,                                             :
                                                                   :
                                Defendants.                        :
                                                                   :
-------------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

This Order resolves the motions to seal, unseal, or preliminarily seal at Dkt. Nos. 675, 693, 709, 712, 725–26, 728, and 730–32.

The motion of the Wayfarer Parties[1] at Dkt. No. 675 seeks preliminary sealing of Exhibit A in support of their motion to serve non-party Isabela Ferrer by alternative means, *see* Dkt. No. 676-1, on the grounds that the materials were produced by Plaintiff Blake Lively ("Lively") with a "Confidential" designation. Such a preliminary motion is intended to give the parties who produced the materials one week to move for sealing of the documents they designated as Confidential. The Wayfarer Parties filed their motion on August 18, 2025, and the Court's individual practices state that "[f]ailure by the Producing Party to file a letter within one week will constitute grounds for unsealing." Individual Practices in Civil Cases, Chambers of Lewis J.

---

[1] The Wayfarer Parties are Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel.

Liman, Appendix A Rule 4.b. Lively has not moved for continued sealing, so the Court orders Dkt. No. 676-1 unsealed.

Lively's motion at Dkt. No. 693 seeks preliminary sealing of portions of her memorandum of law in support of her motion to compel Defendants Jed Wallace and Street Relations, Inc. (the "Wallace Defendants") to respond to discovery requests, *see* Dkt. No. 695, and certain supporting exhibits to an accompanying declaration, *see* Dkt. Nos. 696-4, 696-7, 696-8, 696-9, 696-10, 696-11, 696-12, 696-15, 696-16, 696-18, 696-19, 696-20, 696-21, 696-22, on the grounds that these materials were produced with Confidential or Attorney's Eyes Only designations by the parties or certain third parties. Lively filed her motion on August 22, 2025, and on August 29, 2025, the Wallace Defendants moved for continued sealing of Exhibit 20 (Dkt. No. 696-21). *See* Dkt. Nos. 725–26.

The Wallace Defendants contend that sealing is appropriate because the exhibit contains sensitive and confidential information regarding unrelated work they have conducted for unrelated clients. *Id.* They have filed a redacted version of the exhibit. *See* Dkt. No. 725-1. The Court grants the Wallace Defendants' motion for continued sealing of Dkt. No. 696-21, as the exhibit contains nonpublic information regarding business relationships, particularly undisclosed relationships with clients. *See Giuffre v. Maxwell*, 2025 WL 2055148, at *8 (2d Cir. July 23, 2025) ("For non-dispositive motions . . . 'the reasons [for sealing] usually need not be as compelling as those required to seal summary judgment filings,' trial evidence, or pleadings." (citation omitted)); *see also Doe v. City of New York*, 2019 WL 4392533, at *1 (S.D.N.Y. Sept. 13, 2019) (Nathan, J.) ("[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." (citation omitted)). The Court also

2

orders sealed Dkt. No. 696-17, which is a document that the Court has previously ordered sealed. *See* Dkt. No. 699.  The producing parties have not otherwise moved for continued sealing of the remaining materials, *see* Dkt. No. 728, so the Court orders unsealed Dkt. Nos. 695, 696-4, 696-7, 696-8, 696-9, 696-10, 696-11, 696-13, 696-15, 696-16, 696-18, 696-19, 696-20, and 696-22.

The Wallace Defendants' motion at Dkt. No. 709 seeks permanent sealing of Exhibit 4 to a declaration filed in support of their opposition to Lively's motion to compel, *see* Dkt. No. 708-4, on the grounds that the exhibit contains personally identifying information ("PII") for counsel. The Wallace Defendants have filed a public version of the exhibit with the PII redacted.  *See* Dkt. No. 709-1.  This Court has previously ordered similar PII sealed.  *See, e.g.*, Dkt. Nos. 485, 619.  The Court therefore orders Dkt. No. 708-4 sealed.

Lively's motion at Dkt. No. 712 seeks preliminary sealing of portions of her memorandum of law in opposition to the Wallace Defendants' motion to dismiss the Second Amended Complaint, *see* Dkt. No. 713, and certain supporting exhibits to an accompanying declaration, *see* Dkt. Nos. 716-1, 716-2, on the grounds that these materials were produced with Confidential or Attorney's Eyes Only designations by the parties or certain third parties.  Lively filed her motion on August 27, 2025, and on September 3, 2025, the Wayfarer Parties moved for permanent sealing of Exhibit A to the declaration (Dkt. Nos. 714-1, 716-1).  *See* Dkt. Nos. 730–31.  The Wayfarer Parties contend that sealing is appropriate because the exhibit contains sensitive, non-public information regarding safety and security measures an individual has taken. The Wayfarer Parties further assert that although the materials were previously designated Confidential, they should have been designated Attorney's Eyes Only, and they request that the Court permanently seal both the public and non-public versions of the exhibit and designate the entirety of the relevant text exchange Attorney's Eyes Only.  The Court grants the motion for

3

permanent sealing of Dkt. Nos. 714-1 and 716-1 and limits access to that document solely to the Court and to the attorneys, who are subject to the standing Protective Order in this case. *See* Dkt. No. 125. That said, the Wayfarer Parties have not shown that the entire text exchange need be permanently sealed. They are accordingly directed to publicly file a version of the exhibit with the relevant information redacted. The Court orders the remaining materials, Dkt. Nos. 713 and 716-2, unsealed, as the producing party, Jonesworks LLC, does not seek continued sealing. *See* Dkt. No. 732.

In sum, the Clerk of Court is respectfully directed to seal Dkt. Nos. 696-17, 696-21, 708-4, 714-1, and 716-1. In particular, access to Dkt. Nos. 714-1 and 716-1 shall be limited solely to the Court and to attorneys. The Clerk of Court is further directed to unseal Dkt. Nos. 676-1, 695, 696-4, 696-7, 696-8, 696-9, 696-10, 696-11, 696-13, 696-15, 696-16, 696-18, 696-19, 696-20, 696-22, 713, and 716-2.

The Clerk of Court is respectfully directed to close Dkt. Nos. 675, 693, 709, 712, 725–26, 728, and 730–32.

SO ORDERED.

Dated: September 4, 2025
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge