# WILLKIE FARR & GALLAGHER LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

September 9, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1620
New York, New York 10007

Re:   *Lively v. Wayfarer Studios LLC et al.*, No. 24-cv-10049 (LJL)

Dear Judge Liman:

We write to address the Wayfarer Defendants' recent letter motion. *See* ECF No. 746. The Wayfarer Defendants' filing—***made within hours of a Court-ordered deadline and without conferring at all with counsel for Ms. Lively***—did not even attempt to justify their request pursuant to this Court's requirements. *See* Rule 1.C, 1.D of this Court's Individual Practices. Further, although the Court did not grant the Wayfarer Defendants' requested relief, the Wayfarer Defendants appear to have ***granted themselves the extension anyway***, failing to produce the Court-ordered Signal materials by the deadline of last evening. On top of this, there are a number of other issues that have arisen in the last twenty-four hours that appear likely to affect the party deposition schedule: (1) the Wayfarer Defendants' proposed production date for Signal communications, September 15, is the same date scheduled for Steve Sarowitz's deposition; (2) the Wayfarer Defendants produced over ***80,000*** pages of documents late last night, which will take days to process, and more to review; (3) notwithstanding that voluminous and belated production, the Wayfarer Parties produced search terms that appear to be woefully insufficient, raising serious questions about the completeness of their productions to date; and (4) key third-party witnesses Katherine Case and Breanna Koslow have just been ordered to produce documents by September 12, after they have already been deposed. Accordingly, Ms. Lively respectfully submits the Wayfarer Defendants' course of conduct (and letter motion), whether due to gamesmanship or a lack of planning, has necessitated adjustments to the forthcoming deposition schedule, which Ms. Lively will propose as soon as feasible following conference with the other parties. Ms. Lively attempted to confer with the Wayfarer Defendants today regarding certain deficiencies in connection with their production last night, but their counsel refused to include discussion of these issues in an already scheduled party conference taking place today, invoking this Court's 48-hour requirement. *See* Rule 4.C of this Court's Individual Practices.

Pursuant to the Court's case schedule, the Wayfarer Defendants were required to substantially complete document production by July 1, 2025, which they did not do. ECF No. 58. Given the deficient productions made as of the Court-ordered deadline, the parties thereafter sought, and the Court ordered, several deadlines for the production of documents and motions to compel, along with a stipulated extension of fact discovery from August 14 to September 30. *See* ECF No. 425.

The Wayfarer Defendants were compelled to make complete productions by September 2 (which are incomplete, as Ms. Lively documented in a meet and confer letter sent to the Wayfarer Parties on Friday, September 5) and September 8 (which are similarly incomplete, as Ms. Lively understands that they did not include Signal communications by Melissa Nathan, Steven Sarowitz, Bryan Freedman, and Summer Benson). *See* ECF No. 711.

To the extent this Court intends to rule on the Wayfarer Defendants' request, there is no justification for the requested extension. The Wayfarer Defendants failed to reasonably explain why (even with the 12-24 hour timeline for collection that they reference, ECF No. 746 at 1) this Court's order did not provide sufficient time to produce the compelled materials by the deadline. Further, the Wayfarer Defendants' motion confirms that they did not, in fact, collect the relevant communications from the Signal messaging platform as part of the initial collection efforts that the parties were expected to undertake in the Spring, or apparently at any later point, even though they identified Signal as one of their methods of communication about relevant matters in their interrogatory responses. The Wayfarer Defendants' carelessness in waiting until the Court ordered a production to conduct collection of communications (and for which it is standard to collect remotely) that Ms. Lively has requested for ***over six months*** falls woefully short of demonstrating any basis for such an extension.

Further, by virtue of their continued deficient productions well after the substantial completion deadline, the Wayfarer Defendants have upended the painstakingly-negotiated deposition calendar, pursuant to which scheduled depositions are to be completed by September 30, 2025—including for parties whose productions are ***concededly*** incomplete. *See* ECF Nos. 610, 746. Last evening, the Wayfarer Defendants produced documents totaling more than 83,600 pages.[1] As noted above and by way of example, the Wayfarer Defendants now propose to produce Mr. Sarowitz's Signal communications on the ***day of his deposition***, which is especially problematic given the paucity of documents produced by Mr. Sarowitz to date.[2] Given that delay, along with additional delays in substantial productions that are necessary prerequisites to party depositions, Ms. Lively intends to meet and confer promptly with the Wayfarer Defendants, and thereafter to seek appropriate relief to allow party depositions to occur on a timeline that will facilitate the processing and review of the Wayfarer Defendants' untimely produced documents for use in those depositions.

Respectfully submitted,

s/ *Michael J. Gottlieb*

WILLKIE FARR & GALLAGHER LLP

---

[1] Of these, 43,140 pages were produced last night by Ms. Nathan and TAG, which substantially implicates the depositions of third parties Case and Koslow, and which productions will be accessible and reviewable only after their depositions on September 5 and September 9, respectively. Additionally, the Court has ordered the production of additional documents by Case and Koslow by September 12. ECF No. 749.

[2] Prior to the Wayfarer Defendants' productions last night, Mr. Sarowitz had produced a mere 227 documents. He has now made an additional production of documents that must be processed before they are reviewed.

- 3 -

Michael J. Gottlieb
Kristin E. Bender

Willkie Farr & Gallagher
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com

Aaron E. Nathan
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (*pro hac vice*)
Stephanie A. Roeser (*pro hac vice*)
Manatt, Phelps & Phillips LLP
2049 Century Park East, Suite 1700
Los Angeles, CA  90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
Manatt, Phelps & Phillips LLP
7 Times Sq.
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

DUNN ISAACSON RHEE LLP
Meryl C. Governski *(pro hac vice)*
401 Ninth Street, NW
Washington, DC 20004
(202) 240-2900
mgovernski@dirllp.com