# JACKSON WALKER LLP

Joel Glover<br>
(713) 752-4226 (Direct Dial)<br>
(713) 308-4114 (Direct Fax)<br>
jglover@jw.com

September 11, 2025

**VIA ECF**
The Honorable Lewis J. Liman
Danial Patrick Moyniham
United States District Court
500 Pearl Street, Room 1620
New York, NY 10007

    Re:    *Lively v. Wayfarer Studios LLC et al.*, Case No. 1:24-cv-10049-LJL; Letter Regarding Memorandum and Order Granting in Part and Denying in Part Lively's Motion to Compel Non-Parties Koslow and Case (Dkt. 749) and Wayfarer Parties' Letter for Protective Order (Dkt. 756)

Dear Judge Liman:

    Counsel of record for Defendants Jed Wallace and Street Relations Inc. (collectively, the "Wallace Defendants") write regarding Plaintiff Blake Lively's motion to compel non-parties Breanna Butler Koslow and Katherine Case to produce documents withheld on privilege grounds (Dkts. 585–86), the Court's Memorandum and Order granting in part and denying in part the motion (Dkt. 749), and the Wayfarer Parties' letter motion for protective order (Dkts. 755–56).

    Though represented in this litigation solely by Jackson Walker LLP and the undersigned counsel of record, the Wallace Defendants remain clients of Liner Freedman Taitelman + Cooley, LLP ("LFTC") under the terms of an engagement letter entered December 24, 2024. (*See* Dkt. 756-1). The Wallace Defendants' representation by and attorney-client relationship with LFTC is not news to Lively. Indeed, Lively knew this at least by January 23, 2025, after she initiated a Rule 202 Petition in Hays County, Texas to obtain the pre-suit deposition of Mr. Wallace. In that effort, counsel for Lively represented in an email to Mr. Bryan Freedman that she was "informed by [his] office that [he] represent[s] Jed Wallace." *See Wallace, et al. v. Lively*, No. 1:25-CV-00163-DAE, Dkt. 18-11 (W.D. Tex. Apr. 7, 2025). Lively confirmed her knowledge of LFTC's representation of the Wallace Defendants on April 7, 2025—when she filed her motion to dismiss the Wallace Defendants' Complaint against her in the Western District of Texas, attaching as exhibits the January 23, 2025 email correspondence with Mr. Freedman relating to Lively's Rule 202 Petition, as well as the Wallace Defendants' and the Wayfarer Parties' January 2, 2025 Complaint against The New York Times Company, filed by LFTC in California Superior Court on behalf of its jointly-represented clients in that matter. *See id.* Dkts. 18-10, 18-11. Despite this undisputed and direct knowledge of the attorney-client relationship between the Wallace Defendants and LFTC, Lively nevertheless persisted in an effort to improperly destroy a privilege held—and, importantly, never waived—by the Wallace Defendants.

The Honorable Lewis J. Liman
September 11, 2025
Page 2

---

      Communications amongst and between the Wallace Defendants, the Wayfarer Parties, and LFTC are protected by the attorney-client privilege. The Wallace Defendants have not, and do not, waive that privilege. But Ms. Lively's quest for discovery from third parties unexpectedly became a vehicle for her to pursue privileged communications from the Wallace Defendants. The Wallace Defendants, therefore, ask the Court to reconsider its prior order only to the extent it implicates the Wallace Defendants' privileged communications and, if necessary, enter a protective order against the disclosure of those privileged communications.[1]

      Thank you for your attention to this matter.

      Respectfully submitted,

/s/ *Joel R. Glover*
Charles L. Babcock
SDNY #5451117
Joel R. Glover
SDNY #5697487
Tori C. Emery (admitted *pro hac vice*)
JACKSON WALKER LLP
1401 McKinney, Suite 1900
Houston, TX 77010
(713) 752-4200
cbabcock@jw.com
jgover@jw.com
temery@jw.com

cc: all counsel of record (via ECF)

---

[1] The relief sought is not intended to—and does not—waive the Wallace Defendants' jurisdictional objections raised in their fully-briefed motions to dismiss Lively's Second Amended Complaint.