# WILLKIE FARR & GALLAGHER LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

September 12, 2025

**VIA ECF**

Hon. Lewis J. Liman
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Lively v. Wayfarer Studios, LLC, et al.*, No. 24-cv-10049 (LJL)

Dear Judge Liman:

    Plaintiff Blake Lively respectfully submits this reply in further support of her letter-motion to modify the discovery schedule dated September 11, 2025. ECF No. 753. In opposition to Ms. Lively's motion, the Wayfarer Defendants assert that they are entitled to an extension of the discovery schedule for the sole purpose of taking the deposition of third party Taylor Swift. ECF No. 757. The Wayfarer Defendants have repeatedly sought to bring Ms. Swift into this litigation to fuel their relentless media strategy. In this latest effort, the Wayfarer Defendants assert—though, notably, without evidence—that Ms. Swift has supposedly "agreed" to sit for a deposition sometime between October 20-25 (some three weeks after the close of fact discovery in this matter). Yet, even if one were to take the Wayfarer Defendants' representation at face value, they have not come close to establishing good cause for their requested relief. *See Furry Puppet Studio Inc. v. Fall Out Boy*, 2020 WL 4978080, at *1 (S.D.N.Y. Feb. 24, 2020) (Liman, J.) ("Good cause is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." (cleaned up)).

    The Wayfarer Defendants assert that Ms. Swift is not available for a deposition until October 20, 2025, yet are silent about their efforts (if any) to schedule this deposition during the existing discovery period. That is likely because, as explained in the attached correspondence between the parties, *see* Exhibit A, the Wayfarer Defendants do not appear to have contacted Ms. Swift's counsel regarding a date or location about the deposition until earlier this week. In this respect, the Wayfarer Defendants' lack of diligence, and disrespect for Ms. Swift's privacy and schedule, is astounding. Discovery has been ongoing for more than six months, and Ms. Swift is someone whose calendar should be presumed to be packed with professional obligations for months in advance. At any point over the past six months, the Wayfarer Defendants could have noticed a deposition, served a subpoena, and negotiated an agreeable time and place for this deposition. But they did not. Instead, the Wayfarer Defendants previously noticed Ms. Swift's deposition in May 2025, accompanied by a barrage of press stories covering the same, only to withdraw that subpoena to much fanfare. Now, without explanation, long after dates and locations for all other party and third-party witnesses have been negotiated and agreed to,[1] and without ever serving

---

[1] Ms. Lively noticed the depositions of Mr. Baldoni and Mr. Heath in this matter, and Plaintiffs Stephanie Jones and Jonesworks LLC (the "Jones Parties") separately noticed their depositions in the action pending in the Southern District of New York captioned *Jones et al. v. Abel et al*, No. 1:25-cv-00779-LJL. To afford Ms. Lively and the Jones Parties their

a renewed notice of a subpoena, the Wayfarer Defendants come to this Court and demand the right to take this deposition—and this deposition alone—more than three weeks after the close of fact discovery and ten days after the parties are due to exchange expert reports.

The Wayfarer Defendants do not even attempt to explain their need for this deposition. Such a showing would be expected for any deposition occurring after the close of discovery, especially so for a third party, but is even more relevant for this third party, whom the Wayfarer Defendants have consistently sought to use to generate a media spectacle in this matter. Nor do the Wayfarer Defendants address the potential disruption to the case schedule, including the potential need to take additional discovery and depositions following this deposition, as is common for third-party depositions. Indeed, the need for potential follow-up discovery requests and depositions is why third-party depositions need to be pursued with diligence in a discovery schedule, and the Wayfarer Defendants should not be rewarded for their inexplicable failure to do so.

In sum, the Wayfarer Defendants have shown no cause, let alone good cause, for their requested extension. Their request should be denied.

Respectfully submitted,

/s/ Michael J. Gottlieb

*Counsel for Blake Lively*

---

permitted time to examine Mr. Baldoni and Mr. Heath under Fed. R. Civ. P. 30(d)(1), Mr. Baldoni and Mr. Heath will be deposed over two days.