# EXHIBIT A

| | |
|---|---|
| **From:** | Bruno, Matthew <MBruno@manatt.com> |
| **Sent:** | Thursday, September 11, 2025 11:38 AM |
| **To:** | Theresa Troupson; Kim Zeldin; Connolly, Michaela |
| **Cc:** | Gottlieb, Michael; Hudson, Esra; Meryl Governski; Bender, Kristin; Nathan, Aaron E.; Roeser, Stephanie; Taustine, Melissa; Climaco, Katelyn; laura.prather@haynesboone.com; michael.lambert@haynesboone.com; Kristin Tahler; Maaren Shah; Nicholas Inns; Chip Babcock; Joel Glover; Bryan Freedman; sma@msf-law.com; Ellyn Garofalo; Amir Kaltgrad; mitra@ahouraianlaw.com; Summer Benson; Vaneta Birtha; Local KAF. Counsel; Rose Khatchikian |
| **Subject:** | RE: Lively v. Wayfarer Studios LLC et al., Civ. No. 24-cv-10049 - 9/10/25 Conferral Summary |

**\*\*\* EXTERNAL EMAIL \*\*\***

Theresa:

Below is a summary of the key points we discussed followed by our proposed deposition schedule.

**Steve Sarowitz, Justin Baldoni, and Jamey Heath**
We explained that due to the Wayfarer Parties' recent production of 80,000+ pages of documents and your anticipated (and belated) production of Signal communications (notwithstanding the Court's denial of your requested extension), it is not feasible to proceed with these depositions next week. We proposed rescheduling them to a window between September 25 and October 10, in order to avoid disrupting the existing expert and summary judgment schedules. You responded that, subject to client confirmation, it is unlikely these witnesses will be available during that timeframe due to previous scheduling conflicts and Mr. Sarowitz's upcoming international travel schedule. We find this difficult to believe given that your clients have been attending — either virtually or in person — nearly every deposition taken to date in this case. In any event, you suggested extending the entire deposition calendar through the end of October for all witnesses. You did not identify any other witnesses whose schedule was impacted such that this kind of significant change to the deposition calendar is necessary, other than your eleventh-hour request to schedule Taylor Swift the last week in October, as discussed below.

Given that a 30-day extension would disrupt every other meaningful deadline in the Case Management Plan, require another revision to the expert discovery schedule just granted by the Court last week, and likely make our current trial date unworkable, we cannot agree to your proposal. The brief extension we have proposed is narrowly tailored to address witnesses impacted by your delayed document productions, preserves the expert discovery calendar, and should not impact the trial date.

To be clear, we are in this position because of the Wayfarer Defendants' inexplicable delays and voluminous late productions. We have bent over backwards to make a deposition schedule that would work within the Case Management Plan, agreeing to as many as three depositions a day for multiple days. That carefully constructed schedule did not anticipate that the Wayfarer Parties would openly violate Court-ordered production deadlines (as you have now done with Signal communications), or that the Wayfarer Parties would dump 80,000 pages of documents well after the substantial completion deadline, after the depositions of key witnesses, and mere days before party depositions. Moreover, you confirmed during the call that despite the Court's order denying the Wayfarer Parties request for an extension of time to produce Signal communications, those communications will not be produced in full until at least Monday, September 15.

Given that we appear to be at an impasse, and this affects depositions originally scheduled to begin in just days, we intend to seek leave with the Court for the schedule we have proposed today. We will note your opposition unless you tell us otherwise before 3pm ET.

1

We noted that three depositions are already scheduled for that date—████—and said we would explore rescheduling ████ deposition to accommodate limited availability.

████

You noted that your deposition notices preceded Ms. Lively's notices, and you therefore expect the depositions to be held at your offices. Stephanie explained that she had spoken wit ████ We noted that we are aligned with the witnesses' preference with respect to location. You agreed to follow up with their counsel to confirm logistics. We also discussed the order of questioning with respect to these two witnesses. Based on the noticed order, we will agree to the Wayfarer Parties beginning questioning.

████

We explained that we are unavailable on the noticed dates of September 15 and 19 and objected to the Wayfarer Parties' unilateral changes to third-party deposition dates without confirming our availability, given that all of the parties and the third parties had previously agreed to September 23 and 25 for those depositions. You explained that the original noticed dates conflict with Rosh Hashana (and if that was the case, it would have been courteous to contact us to discuss alternatives rather than unilaterally re-noticing the dates for next week, 8-10 days *earlier* than previously noticed). ████

**Taylor Swift**
We also discussed the Wayfarer Parties' proposed deposition date for Taylor Swift, which you raised for the first time yesterday. For weeks, you have had Ms. Swift's deposition tentatively notated on the deposition chart for September 22 in ████, but never sent a notice of any subpoena confirming this date, do not appear to have ever conferred with Ms. Swift's counsel regarding this date or location, nor did you discuss with us how this could possibly occur given that September 22 was also slated to be the day of Mr. Baldoni's deposition (which was scheduled to take place ████ ████). Then yesterday, Kevin Fritz stated that Ms. Swift is only available for a deposition from October 20-October 25 in ████. On the call, we asked what relevance there is for Ms. Swift's deposition at this point, who is a witness the Wayfarer Parties previously noticed and then withdrew with much fanfare, only to now ask that the entire deposition calendar be extended for 30 days to accommodate. One would expect an explanation of the ways in which this witness was key and essential to the defense. Instead, when we asked what the relevance was of this witness such that you needed an exception to the deposition deadline and extension of the calendar, you simply stated that ████. There are over 100 witnesses listed ████ most of which are not being deposed in this case, so that alone cannot possibly be your justification for eviscerating the current case calendar.

We do not consent to any depositions — let alone depositions of third parties with only tangential relevance to the claims or defenses in this case — being taken weeks after the close of fact discovery and in the middle of the expert discovery schedule. The reason for this is obvious - any deposition might result in the need to seek leave to take additional depositions in light of a witness' testimony. That is surely the case here, and it is why third party witnesses are typically deposed at the start of fact discovery, not the end. It is grossly irresponsible to delay scheduling the deposition of a witness of this kind until the last minute, and we do not expect the Court will reward your lack of diligence by granting you an extension that would blow up the case calendar and trial date.

\* \* \*

To facilitate planning, below is our proposed deposition schedule based on our discussion:

| Witness | Proposed Date | Location |
|---|---|---|
|  | | |

Please let us know once you've had a chance to confirm availability with your clients and third-party counsel.

All rights reserved.

Matt

**Matthew F. Bruno**
Partner

**Manatt, Phelps & Phillips,** LLP
7 Times Square
New York, NY 10036
**D** (212) 790-4525 **F** (212) 790-4545
MBruno@manatt.com

**manatt.com**

3