September 12, 2025

**VIA ECF**

Hon. Lewis J. Liman
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Lively v. Wayfarer Studios, LLC, et al.*, No. 24-cv-10049 (LJL)

Dear Judge Liman:

Plaintiff Blake Lively respectfully submits this response in opposition to the Wayfarer Defendants' and the Wallace Defendants' (together, "Defendants") letter-motions (Dkt. Nos. 755 & 758) for a protective order forbidding nonparties Katherine Case and Breanna Butler Koslow from producing certain documents pursuant to the Court's September 9, 2025 order compelling their production (the "Case/Koslow MTC Order") (Dkt. No. 749).

Defendants—*all* of whom failed to file *any* opposition to the motions to compel Ms. Case and Ms. Koslow, respectively, to produce the disputed documents, much less a timely opposition—have long since waived any claim of privilege over those documents. It is inconceivable that the Defendants only now discovered that they forgot to assert this privilege claim. The time to raise and defend any privilege claims relating to these documents was when Ms. Lively moved to compel production of those documents, not two days after the Court entered an order compelling production of those documents (after the Court engaged *in camera* review, reviewing each communication at issue and ruling document by document as to the privilege and work product assertions). Having failed to oppose Ms. Lively's motion to compel when they had a chance, or weigh in at any reasonable time in the process, Defendants' collective motion for a protective order is (at best) a procedurally improper motion for reconsideration of the Case/Koslow MTC Order. As such, it must be denied.

Consistent with their apparent worldview that Ms. Lively is to blame for anything negative that happens to them, the Wallace Defendants go so far as to fault Ms. Lively for not raising their privilege claims for them. But the burden to assert and justify a claim of attorney-client privilege lies solely with the party claiming privilege, and as much as they appear to believe otherwise, Ms. Lively "is not [Defendants'] keeper." *Micillo v. Liddle & Robinson LLP*, 2016 WL 2997507, at *3 (S.D.N.Y. May 23, 2016). Defendants' respective letter-motions only underscore that they have had all the information necessary to raise their present claim of privilege for months.

The fact that Defendants now wish to assert attorney-client privilege based on an attorney-client relationship among Liner Freedman and the Wallace Defendants—something they could have done at

the outset—plainly does not justify reconsideration of the Court's Case/Koslow MTC Order. Reconsideration is not a vehicle for reviving waived arguments, or presenting previously available information to the Court that could have been, but was not, raised the first time around. *See, e.g.*, *Nigro v. City of New York*, 2020 WL 7629455, at *3 (S.D.N.Y. Dec. 22, 2020); *In re Gen. Motors LLC Ignition Switch Litig.*, 427 F. Supp. 3d 374, 379 (S.D.N.Y. 2019); *First Mercury Ins. Co. v. 613 N.Y. Inc.*, 2013 WL 1732793, at *1 (S.D.N.Y. Apr. 22, 2013) ("As the Court was not presented with this authority, it could not have overlooked it"); *Phillips v. City of New York*, 775 F.3d 538, 544 (2d Cir. 2015) (holding that "arguments . . . raised for the first time in [a] motion for reconsideration" are "not properly presented to the district court" and are therefore "waived"). Although it was evidently known to them all along, none of the Defendants raised this attorney-client relationship in opposition to Ms. Lively's motions to compel, or even filed any opposition of their own. Ms. Case and Ms. Koslow, who did otherwise raise privilege claims relating to attorney-client relationships between Liner Freedman and certain Defendants, did not raise this one. *See* Dkt. No. 622. Nor did the Wayfarer Defendants even refer to these facts in their request for an extension to oppose the motions to compel *See* Dkt. No. 621.

Moreover, neither of the motions for reconsideration set forth the substantive argument in favor of a privilege application in light of the Court's order on these documents, which carefully considered the participants and purpose of each document individually. Simply asserting that an attorney-client relationship existed beyond a mere common interest does not entirely resolve the question of whether the communications were made in connection with legal advice rather than public relations, for example. Even if their privilege claim was not waived, Defendants do not attempt to carry their burden to justify it, again leaving the Court with the burden of analyzing their own documents for them, to the extent Defendants are entitled to such an analysis at all—which they are not, for the reasons set forth above.

Perhaps most shockingly, in their attempt to again blame Ms. Lively for the embarrassing consequences of their own lack of diligence, the Wallace Defendants charge Ms. Lively with the knowledge that Liner Freedman represented the Wallace Defendants in connection with these issues in their short-lived California litigation against the New York Times. Dkt. No. 758 at 1.[1] But two months *after* the date of the statements cited by the Wallace Defendants in their present motion, the *Wallace Defendants themselves* wrote the following in a filing in their Texas litigation:

> Lively correctly notes that Street and Wallace were two of the eight Plaintiffs in a California state court lawsuit against the *New York Times* who were all represented by Bryan Freedman ("Freedman"). That case was non-suited and some of the Plaintiffs (but not Wallace or Street) refiled against the *Times* in New York. **Freedman did not represent Street/Wallace in the NY case** against the *New York Times* **and has never represented them in this case or when they were added to the New York Litigation**.

---

[1] The Wallace Defendants other assertion, that Ms. Lively "represented in an email to Mr. Bryan Freedman that she was 'informed by [his] office that [he] represent[s] Jed Wallace,'" and "agreed to accept service on his behalf," is belied by the context of the court exhibit from which that quotation was cherry-picked: as the remainder of that email chain makes clear, Mr. Freedman quickly disavowed the representations that had been made to Ms. Lively, responding to Ms. Lively's counsel that "[t]o be clear, my office never agreed to accept service of process of anything," that he was "[j]ust waiting for Jed's lawyer," was "unaware that [LFTC] had agreed to accept service," and that "a lawyer [was] in the process of being retained who [would] reach out." Dkt. No. 26-11, at 2–5, *Wallace v. Lively*, No. 1:25-cv-163-DAE (W.D. Tex. June 9, 2025).

2

Plaintiffs' Response to Defendant Blake Lively's Motion to Dismiss at 5, *Wallace v. Lively*, No. 1:25-cv-163-DAE (W.D. Tex. June 9, 2025), Dkt. No. 29 (emphasis added). The motions for reconsideration do not even attempt to demonstrate how the asserted privilege claim is relevant to this litigation, rather than to the long-dismissed California state court lawsuit referenced above. All of this is consistent with the fact that the Wallace Defendants have been represented by their own, separate, counsel throughout this litigation, and have filed separate pleadings, discovery requests and responses, and relied upon separate counsel at all official proceedings. Indeed, ████████████████████████████████████████████████████████████████████████ In light of these conflicting representations and assertions, even setting aside their waiver and their failure to carry their substantive burden, neither the Wayfarer Defendants nor the Wallace Defendants should be permitted to use this claim of privilege as a shield to protect communications made in the course of a relationship that appears to have been a retention of convenience, at best.

Respectfully submitted,

s/ Michael J. Gottlieb
Michael J. Gottlieb
Kristin E. Bender
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com

Aaron E. Nathan
Michaela A. Connolly
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com
mconnolly@willkie.com

Manatt, Phelps & Phillips, LLP
Esra A. Hudson (*pro hac vice*)
Stephanie A. Roeser (*pro hac vice*)
Manatt, Phelps & Phillips LLP
2049 Century Park East, Suite 1700
Los Angeles, California 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
Manatt, Phelps & Phillips, LLP
7 Times Sq
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

DUNN ISAACSON RHEE LLP
Meryl C. Governski (*pro hac vice*)
401 Ninth Street, NW
Washington, DC 20004
(202) 240-2900
mgovernski@dirllp.com

*Attorneys for Blake Lively*