USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/12/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
BLAKE LIVELY, :
:
Plaintiff, :
: 24-cv-10049 (LJL)
-v- :
: MEMORANDUM AND
WAYFARER STUDIOS LLC, JUSTIN BALDONI, : ORDER
JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH :
US MOVIE LLC, MELISSA NATHAN, THE AGENCY :
GROUP PR LLC, JENNIFER ABEL, JED WALLACE, :
STREET RELATIONS, INC., :
:
Defendants. :
:
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Before the Court are requests for extensions of the deadline to complete depositions filed by both Plaintiff Blake Lively ("Lively") and the Wayfarer Parties.[1]  Lively's motion seeks a ten-day extension of the deadline to complete depositions from September 30, 2025, to October 10, 2025, for the purpose of preparing for and taking the depositions of Defendants Steve Sarowitz ("Sarowitz"), Jamey Heath ("Heath"), and Justin Baldoni ("Baldoni").  Dkt. No. 753. Lively asserts that the extension is necessary because the Wayfarer Parties have belatedly produced large numbers of documents and have failed to produce others, and additional time is needed both to review and receive these documents before completing the relevant depositions. *Id.*  The Wayfarer Parties have filed a response opposing Lively's request and seeking their own extension of the deposition deadline to the end of October for the purpose of scheduling the

---

[1] The Wayfarer Parties are Justin Baldoni, Jamey Heath, Steve Sarowitz, Wayfarer Studios LLC, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel.

deposition of non-party Taylor Swift ("Swift").  Dkt. No. 757.  The Wayfarer Parties contend that their requested extension is necessary because Swift's preexisting professional obligations now prevent her from being deposed within the current discovery window.  *Id.*

A party must demonstrate good cause for the modification of a scheduling order.  *See Furry Puppet Studio Inc. v. Fall Out Boy*, 2020 WL 4978080, at *1 (S.D.N.Y. Feb. 24, 2020); Fed. R. Civ. P. 16(b)(4).  "In the context of a request for the modification of a discovery schedule, [good cause] often means a showing by the movant that 'despite due diligence, it could not have reasonably met the scheduled deadlines.'"  *Furry Puppet*, 2020 WL 4978080, at *1 (quoting 3 Moore's Federal Practice § 16.14[1][a] (3d ed. 2019) (hereinafter "Moore's")); *see also Peterson v. Home Depot U.S.A., Inc.*, 2013 WL 5502816, at *2 (S.D.N.Y. Oct. 3, 2013).  Good cause is "likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party."  *Id.* (quoting Moore's § 16.14[1][b]).  "In short, and among other things, the party seeking an extension should demonstrate that it exercised diligence in conducting discovery by describing what discovery it conducted in the time period originally scheduled and that there are circumstances that were not foreseen at the time of the order sought to be modified nor the party's fault that give rise to the request for the extension."  *Id.*

Lively has demonstrated good cause for her requested extension.  The Wayfarer Parties have only recently produced certain additional responsive documents—nearly 80,000 pages in total—and have failed to produce others entirely, notwithstanding this Court's order of August 27, 2025, which required that those documents be produced by September 8, 2025.  *See* Dkt. Nos. 711, 752.  Lively has demonstrated due diligence in attempting to obtain these materials by,

among other things, timely filing her omnibus motion to compel on August 4, 2025, the date set by the Court for such motions. Dkt. Nos. 548–49, 552. The Wayfarer Parties assert that when the parties agreed to deposition dates, Lively knew that additional documents would be forthcoming. Dkt. No. 757. But Lively did not know at that time (1) when the Court would rule on her omnibus motion to compel, (2) the corresponding deadline the Court would set for the updated productions, (3) how voluminous the updated productions would be, or (4) that the Wayfarer Parties would fail to honor the Court's orders regarding the timing of discovery. Lacking that knowledge, it was not unreasonable for Lively to agree to schedule the depositions on September 15, 18, 19, 21, and 22—especially given the September 30 deadline. Because Lively has been "generally diligent" and her request has not resulted from "carelessness, an attorney's otherwise busy schedule, or a change in litigation strategy," the request is granted. *See Furry Puppet*, 2020 WL 4978080, at *1. The Wayfarer Parties are directed to make Defendants Sarowitz, Heath, and Baldoni available for depositions within the extended window.

The Wayfarer Parties have not similarly demonstrated good cause for their requested extension. The only justification they have provided for the extension is their assertion that Swift's preexisting professional obligations now prevent her from appearing for a deposition prior to October 20, 2025. Dkt. No. 757. Importantly, however, the Wayfarer Parties have provided no discussion of when they began attempting to schedule the deposition. Discovery has been ongoing in this case for approximately six months. The Wayfarer Parties previously requested Swift's deposition in May 2025 before ultimately withdrawing the subpoena. They have offered no evidence that they have served a renewed subpoena on Swift. Thus, at most, the Wayfarer Parties have demonstrated that scheduling the deposition now presents logistical difficulties; that does not answer the question of why the deposition "could not have been

3

conducted earlier." *Furry Puppet*, 2020 WL 4978080, at *1.  Having failed to demonstrate appropriate diligence, the requested extension is denied.

The Clerk of Court is respectfully directed to close Dkt. Nos. 753, 757, and 760–61.

SO ORDERED.

Dated: September 12, 2025
      New York, New York

                                     LEWIS J. LIMAN
                                United States District Judge