UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>    Plaintiff,<br><br> - against -<br><br>WAYFARER STUDIOS LLC, a Delaware Limited Liability Company, JUSTIN BALDONI, an individual, JAMEY HEATH, an individual, STEVE SAROWITZ, an individual, IT ENDS WITH US MOVIE LLC, a California Limited Liability Company, MELISSA NATHAN, an individual, THE AGENCY GROUP PR LLC, a Delaware Limited Liability Company, JENNIFER ABEL, an individual,<br><br>    Defendant. | Case: 1:24-cv-10049-LJL<br>(Consolidated for pretrial purposes with 1:25-cv-00449-LJL)<br>rel. 1:25-cv-00779-LJL |
| WAYFARER STUDIOS LLC, a Delaware Limited Liability Company, JUSTIN BALDONI, an individual, JAMEY HEATH, an individual, IT ENDS WITH US MOVIE LLC, a California Limited Liability Company, MELISSA NATHAN, an individual, JENNIFER ABEL, an individual, and STEVE SAROWITZ, an individual,<br><br>    Plaintiffs,<br><br> - against -<br><br>BLAKE LIVELY, an individual, RYAN REYNOLDS, an individual, LESLIE SLOANE, an individual, VISION PR, INC., a New York corporation, and THE NEW YORK TIMES COMPANY, a New York corporation,<br><br>    Defendants. | **MEMORANDUM OF LAW IN SUPPORT OF THE NEW YORK TIMES COMPANY'S MOTION FOR JUDGMENT PURSUANT TO <u>FED. R. CIV. P. 54(B)</u>** |

Katherine M. Bolger
Amanda B. Levine
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Telephone: (212) 489-8230

*Attorneys for Defendant The New York Times Company*

Consolidated Defendant The New York Times Company ("*The Times*") submits this memorandum of law in support of its motion pursuant to Federal Rule of Civil Procedure 54(b) for entry of a final, appealable judgment in favor of *The Times* and against Consolidated Plaintiffs Wayfarer Studios, LLC, Justin Baldoni, Jamey Heath, It Ends With Us Movie, LLC, Melissa Nathan, Jennifer Abel, and Steve Sarowitz (the "Wayfarer Parties").

## PRELIMINARY STATEMENT

This action arises out of an article written by *The Times* in December 2024, which reported on the contentious dispute between actors Blake Lively ("Lively") and Justin Baldoni ("Baldoni") stemming from the movie, *It Ends With Us*. As the article reported, the actors vehemently disagreed about creative control of the movie. But Lively also claimed that Baldoni and others engaged in inappropriate behavior on set and then created an online smear campaign to tarnish her reputation, leading her to file a complaint with the California Civil Rights Department (the "CRD Complaint"). Following the article's publication, Baldoni and the other Wayfarer Parties sued *The Times* in California. Lively then sued the Wayfarer Parties in this Court, the Wayfarer Parties counter-sued Lively and others, and the Wayfarer Parties then brought *The Times* into the New York fracas, adding it as a defendant in their amended complaint in this action.

Recognizing that the Wayfarer Parties' case against *The Times* lacked merit, on June 9, 2025, the Court dismissed the case as against *The Times* with prejudice. The lawsuit between Lively and the Wayfarer Parties remains ongoing, with expert discovery recently extended through the middle of November.

Because this case remains active and because a final judgment is generally only entered after the rights and liabilities of *all* parties to the action have been adjudicated, the Court has not yet entered judgment in favor of *The Times* and against the Wayfarer Parties. Under Federal Rule

of Civil Procedure 54(b), however, a court can enter judgment in an action involving multiple parties when the claims against one party have been finally decided and there is no just reason for delay.

That is precisely the case here: *The Times*, as a third-party news organization, is separately situated from the remaining Defendants. The claims against the *Times* have all been dismissed with no further leave to amend. Entering a judgment now would expedite resolution of the case between the Wayfarer Parties and *The Times* by allowing the Wayfarer Parties to immediately appeal if they choose to do so. And ensuring a prompt resolution of this case aligns with New York courts' direction that defamation actions should be dismissed at the earliest possible stage due to the real risk of infringement on First Amendment rights. A decision on this appeal will not affect the rights of the remaining Defendants. The Court should enter a judgment in favor of *The Times* and against the Wayfarer Parties.

## STATEMENT OF FACTS

**A.  *The Times* Reports on a Dispute Between Lively and Baldoni**

On December 21, 2024, *The Times* published an article, "'We Can Bury Anyone': Inside a Hollywood Smear Machine" (the "Article"), which reported on a dispute between Lively and Baldoni, co-stars in the movie, *It Ends With Us*. *See* Dkt. 107-1. As the Article reported, the filming, production, and post-production of the movie were plagued with controversy about the movie's contents, its intimacy scenes, and its marketing, among other things. The Article explained that Lively had alleged that Baldoni and others engaged in inappropriate on-set behavior and then, when they feared that her allegations would be made public, they created a smear campaign to tarnish her reputation instead. Ultimately, Lively filed the CRD Complaint, alleging that Baldoni and others embarked on a "sophisticated press and digital plan in retaliation for Ms.

Lively exercising her legally-protected right to speak up about their misconduct on the set." *See* Dkt. 107-3 ¶ 8.  The Article explicitly relied on and cited to the CRD Complaint as well as the text messages, emails, and other documents included therein.  *See* Dkt. 107-1.

### B. The Wayfarer Parties and Lively File a Series of Lawsuits, Including Against *The Times*

On December 31, 2024, the Wayfarer Parties filed a lawsuit against *The Times* in California state court for defamation and false light invasion of privacy arising from the Article.  *See Wayfarer Studios LLC, et al. v. The New York Times Company*, Los Angeles Superior Court No. 24STCV34662.  That lawsuit was never served.  That same day, Lively filed suit against the Wayfarer Parties in this Court, bringing claims of sexual harassment, retaliation, breach of contract, and intentional and negligent infliction of emotional distress.  *See* Dkt. 1.

On January 16, 2025, the Wayfarer Parties sued Lively and others for civil extortion, defamation, and breach of contract, among other claims.  *See Wayfarer Studios LLC v. Lively*, Case No. 25-cv-449, Dkt. 1.  *The Times* was not named in this original complaint.  *Id.*  On January 30, 2025, the Lively and Baldoni lawsuits were consolidated into the present case.  *See id.*, Dkt. 49.  On January 31, 2025, the Wayfarer Parties filed an amended complaint naming *The Times* as a defendant and bringing claims of defamation, false light invasion of privacy, promissory fraud, and breach of an implied contract against it.  *See* Dkt. 50.

### C. The Court Dismisses the Wayfarer Parties' Lawsuit Against *The Times*

On February 28, 2025, *The Times* filed a motion to dismiss the Wayfarer Parties' amended complaint in its entirety.  *See* Dkts. 105-107.  On June 9, 2025, the Court granted *The Times*'s motion.  *See* Dkt. 296.  The Court held that the statements the Wayfarer Parties challenged in the Article were either privileged because they reported on the CRD Complaint or were made without actual malice.  *See id.* at 106-21.  The Wayfarer Parties thus failed to—and could not—plead a

3

*prima facie* defamation or false light claim. *Id.* In addition, the Court held that the Wayfarer Parties had not pled the existence of a contract between *The Times* and the Wayfarer Parties, dooming the promissory fraud and breach of implied contract claims as a matter of law. *See id.* at 126-28  The Court refused to grant the Wayfarer Parties leave to amend, holding they could not add any allegations to a further amended complaint that would change the Court's conclusions. *See id.* at 128-31.

### D. The Case Between Lively and the Wayfarer Parties Continues

While *The Times* has been dismissed from this action, the case between Lively and the Wayfarer Parties continues to this day and, in fact, remains incredibly active. Since *The Times* was dismissed, there have been over 400 new docket entries, and the discovery schedule has been extended. Currently, it appears that fact discovery is scheduled to close on September 30, 2025 and expert discovery is scheduled to close on November 14, 2025. *See* Dkts. 425, 750

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Put differently, as articulated by the Second Circuit in *Ginett v. Computer Task Grp.*, 962 F.2d 1085, 1091 (2d Cir. 1992), "to have a final judgment under the rule, (1) multiple claims or multiple parties must be present, (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make "an express determination that there is no just reason for delay" and expressly direct the clerk to enter judgment. The Second Circuit has cautioned that a court's powers under Rule

4

54(b) should be exercised "sparingly." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997). Thus, when deciding whether to issue a partial final judgment, courts in this Circuit carefully analyze the particulars of the case to determine whether relief is appropriate. *See Lombard v. Econ. Dev. Admin. of Puerto Rico ("EDA")*, 1998 WL 273093, at *1 (S.D.N.Y. May 27, 1998) (recognizing that Rule 54(b) relief is only granted "sparingly" but granting such relief when claim against one party was "independent and factually distinct" from remaining claims, among other reasons); *DeLonardis v. Berg*, 40 F. Supp. 2d 488, 491 (E.D.N.Y. 1999) (recognizing that Rule 54(b) should only be used "sparingly" by nonetheless entering a partial final judgment when it would "promote judicial efficiency and preserve the resources of the parties"). Thus, if the court finds the *Ginett* pre-requisites are met, it may enter judgment "in the interest of sound judicial administration." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980).

## ARGUMENT

All of the requirements of Rule 54(b) are met here and the details of this case make it ripe for the Court to enter a partial final judgment. As to the first *Ginett* factor, this case unquestionably involves multiple claims brought against different parties. The Wayfarer Parties brought defamation, civil extortion, and other claims against Lively, Ryan Reynolds, Leslie Sloan, and Vision PR stemming from their conduct during and after filming *It Ends With Us* as well as defamation, false light, promissory fraud, and breach of implied contract claims against *The Times* stemming from the Article. Lively also brought claims against the Wayfarer Defendants for sexual harassment and infliction of emotional distress, among other things.

As to the second factor, if a "decision ends the litigation [of that claim] on the merits and leaves nothing for the court to do but execute the judgment' entered on that claim, then the decision

is final." *Ginett*, 962 F.2d at 1092 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 462, 467 (1978)). Here, the claims against the *Times* were finally decided by the Court's June 9 order, which dismissed these claims and denied the Wayfarer Parties' request to further amend their complaint.

On the third factor, there is no just reason for the Court to delay in entering judgment in favor of *The Times* and against the Wayfarer Parties. In making this determination, courts "must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright*, 446 U.S. at 8. For example, courts examine "whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.*

Here, the claims against *The Times* and the remaining parties are separate. *The Times* is a third-party news organization that was sued based on the content of the Article it wrote. Indeed, exemplifying that the *Times* is differently situated from Lively and the other defendants, the Wayfarer Parties initially sued *The Times* in an entirely separate action in California state court and only added *The Times* to the present action after being sued here by Lively.

Further, in determining whether the Wayfarer Parties adequately pled a defamation or false light claim against *The Times*, an appellate court would be required to determine whether the statements in the Article were privileged as a fair report of the CRD Complaint and whether those responsible for the Article's publication acted with actual malice—*i.e.*, subjective knowledge that the Article's contents were false or a high degree of awareness of probable falsity. These questions are entirely unique to *The Times*: The fair report defense requires comparing the published Article to the filed CRD Complaint. And actual malice is a subjective state of mind that must be pled and proven as to *each defendant*. *See Biro v. Conde Nast*, 963 F. Supp. 2d 255, 276, 280 (S.D.N.Y.

6

2013) (a plaintiff must "plead, and then prove, actual malice as to *each* defendant"), *aff'd,* 807 F.3d 541 (2d Cir. 2015). Thus, the conduct of other defendants and the fact that the Wayfarer Parties also brought defamation claims against those defendants have no bearing on an appellate court's review of the defamation and false light claims against *The Times*.

The same is true as to the promissory fraud and breach of implied contract claims. The crux of these claims is whether the Wayfarer Parties entered into a contract with *The Times*. The conduct of the other defendants is again irrelevant to that question. As a result, if the Wayfarer Parties appealed the decision dismissing the claims against *The Times*, an appellate court would not have to re-assess the same issues if the remainder of the case is later appealed.

In addition, it is inequitable to require *The Times* to sit in limbo while the distinct and highly contentious legal dispute between Lively, Baldoni, and the remaining parties is determined. Currently, if the Wayfarer Parties wanted to appeal the Court's June 9 decision as to *The Times*, they could not do so until the entire case is resolved, either through summary judgment or at a trial. Allowing the Wayfarer Parties to instead appeal a final judgment now would mean putting an expeditious end to the claims against *The Times* if the Second Circuit affirms the well-reasoned decision of this Court. In the unlikely event the Second Circuit were to reverse this Court's decision, the parties would begin discovery sooner, before significant time has passed since the events underlying the claims. On the other hand, if the Wayfarer Parties could not appeal the decision until some indeterminate point in the future when the rest of this litigation concludes, *The Times* could be forced to begin discovery potentially *years* after the Article was written.

While the *Times* recognizes that the possibility of fading memories and the necessity of monitoring a docket indefinitely are generally not sufficient reasons for the Court to grant Rule 54(b) relief, this is one of those action where the Court should exercise its discretion to do so. This

7

is a meritless defamation action about a matter of public interest brought against *The Times*. As New York courts have explained time and again, "[t]o unnecessarily delay the disposition of a libel action is not only to countenance waste and inefficiency but to enhance the value of such actions as instruments of harassment and coercion inimical to the exercise of First Amendment rights." *Immuno A.G. v. Moor-Jankowski*, 145 A.D.2d 114, 128 (1st Dep't 1989), *aff'd*, 77 N.Y.2d 235 (1991); *see also Brimelow v. N.Y. Times Co.*, 2020 WL 7405261, at *4 (S.D.N.Y. Dec. 16, 2020) ("Because a defamation suit may be as chilling to the exercise of First Amendment freedoms as fear of the outcome of the lawsuit itself, courts should, where possible, resolve defamation actions at the pleading stage.") (internal quotations omitted), *aff'd,* 2021 WL 4901969 (2d Cir. Oct. 21, 2021); *Karaduman v. Newsday, Inc.*, 51 N.Y.2d 531, 545 (1980) ("[T]he threat of being put to the defense of a lawsuit may be as chilling to the exercise of First Amendment freedoms as fear of the outcome of the lawsuit itself."). Issuing a final judgment in favor of *The Times* under Rule 54(b) now—rather than waiting until the remaining parties resolve their separate, hotly contested dispute—protects *The Times*'s First Amendment rights by ensuring that the baseless defamation action against it is concluded as promptly as possible.

## CONCLUSION

For the foregoing reasons, *The Times* respectfully requests that the Court enter a judgment in favor of *The Times* and against the Wayfarer Parties under Federal Rule of Civil Procedure 54(b) in accordance with the June 9 order.


Dated: September 12, 2025

                                                     By: */s/ Katherine M. Bolger*

                                                     Katherine M. Bolger
                                                     Amanda B. Levine
                                                     DAVIS WRIGHT TREMAINE LLP

1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Telephone: (212) 489-8230

*Attorneys for Defendant The New York Times Company*