# WILLKIE FARR & GALLAGHER LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

September 15, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1620
New York, NY 10007

Re:    *Lively v. Wayfarer Studios LLC, et al.*, **No. 1:24-cv-10049-LJL**

Dear Judge Liman:

On behalf of Blake Lively, we write pursuant to Individual Rule 2(H)(ii) and Rule 1 of Attachment A to Your Honor's Individual Practices in Civil Cases to respectfully request that the Court continue to seal portions of the Memorandum of Law in Support of Ms. Lively's Motion for Attorneys' Fees, Treble Damages, and Punitive Damages under California Civil Code Section 47.1 (ECF No. 748-1, the "Brief"), as well as the Declaration (ECF No. 748-2, the "Declaration") in support of the Motion and Exhibit 1 to the Declaration (ECF No. 748-3, "Ex. 1") (collectively, the "Sensitive Materials"). For the reasons described below, Ms. Lively respectfully requests that the Sensitive Materials remain under seal.[1]

Ms. Lively respectfully requests the continued sealing of the Sensitive Materials—which reveal the identity of a person who has disclosed prior experience of "verbal abuse" with Defendant Justin Baldoni in this action—to protect the wellbeing and sensitive confidential information of a third party. Exhibit 1 was produced and designated confidential by Ms. Lively pursuant to this Court's Protective Order, and contains information of a personal and identifying nature regarding an individual that warrants continued sealing of the exhibit. ECF No. 125. Further, the redacted portions of the Declaration disclose details regarding the Declarant that, if disclosed, threaten to reveal the Declarant's identity.

Courts in this Circuit routinely seal documents to protect the privacy interests of third parties. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (when determining

---

[1] As to the Brief, Ms. Lively's request is limited to the redactions on page 5 of the revised public version of the Brief attached hereto, which addresses information pulled from the Declaration, and redactions of which are justified for the same reasons. The attached public version of the Brief has been modified to remove redactions where no party seeks to maintain such information under seal.

whether to seal documents, "the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation") (quoting *Application of Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1990)). Doing so is warranted here, where the public release of the Sensitive Materials will subject the Declarant to an increased risk of exposure to harassment in the press and/or by social media users who closely follow this action. Indeed, the Court has previously recognized the uniquely public and media-driven nature of this case. *See* ECF No. 122 at 21:7–21, 54:20–21 ("This is a case as to which there has been a lot of public attention."); ECF No. 124 at 6 ("The details of this case have been closely followed in the media.").

To that end, the Declaration has already received substantial media coverage and will certainly invite additional coverage and frenzy should the Declarant's identity or identifying information contained in the Declaration be exposed.[2] On social media, this coverage includes attempts to "unmask[]" the Declarant while describing the Declaration as "PR" and "lies."[3] There is no public interest in exposing the Declarant to six months of online scrutiny and attacks leading up to the trial, regardless of whether the Declarant ultimately serves as a trial witness. The relevant portions of the Declaration and the substance of the relevant information from Exhibit 1 are in the record, such that any public interest in the evidence is already available to the public. Under these circumstances, any limited interest the public may have in the identity of this individual is heavily outweighed by the countervailing interest in protecting the privacy interests and wellbeing of a third party. *Giuffre v. Maxwell*, 146 F.4th 165, 171 (2d Cir. July 23, 2025) (pseudonymizing identities of "non-parties whose privacy, reputational or other interests may be implicated"); *Amodeo*, 71 F.3d at 1051 ("[C]ourts have the power to insure [sic] that their records are not used to gratify private spite."); *see also Doe v. Trs. of Columbia Univ. in City of N.Y.*, 2025 WL 2476304, at *7–8 (S.D.N.Y. Aug. 28, 2025) (granting motion to pseudonymize third parties' identity due to "the sensitive and private nature of the allegations"). Further, the proposed redactions are narrowly tailored and consistent with the presumption in favor of public access to judicial documents. *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).

---

[2] *See, e.g.*, Nancy Dillion, *Justin Baldoni Accused of 'Verbal Abuse' On Second Project: 'I Had Repeated, Negative Interactions.'* Rolling Stone (Sept. 9, 2025), https://www.rollingstone.com/tv-movies/tv-movie-news/justin-baldoni-blake-lively-wayfarer-legal-war-new-accuser-1235424045/; Joey Nolfi, *Justin Baldoni Accused of 'Repeated, Negative' Behavior and 'Verbal Abuse' by Unnamed Person in Blake Lively Case*, Y! Entertainment (Sept. 10, 2025), https://www.yahoo.com/entertainment/celebrity/articles/justin-baldoni-accused-repeated-negative-142823138.html?guccounter [https://perma.cc/6CRP-6X3E].

[3] *See, e.g.*, Unmasking the "mystery declarant" – some clues. (2025), https://www.reddit.com/r/ItEndsWithLawsuits/comments/1ndid7k/unmasking_the_mystery_declarant_some_clues/ (on file with the author).

Respectfully submitted,

/s/ *Michael J. Gottlieb*

| | |
|---|---|
| MANATT, PHELPS & PHILLIPS, LLP<br>Esra A. Hudson (admitted *pro hac* vice)<br>Stephanie A. Roeser (admitted *pro hac v*ice)<br>2049 Century Park East, Suite 1700<br>Los Angeles, CA 90067<br>(310) 312-4000<br>ehudson@manatt.com<br>sroeser@manatt.com<br><br>Matthew F. Bruno 7 Times Sq.<br>New York, NY 10036<br>(212) 790-4500<br>mbruno@manatt.com<br><br>DUNN ISAACSON RHEE LLP<br>Meryl C. Governski (*pro hac vice*)<br>401 Ninth Street, NW<br>Washington, DC 20004<br>(202) 240-2900<br>mgovernski@dirllp.com | WILLKIE FARR & GALLAGHER LLP<br>Michael J. Gottlieb<br>Kristin E. Bender<br>1875 K Street NW<br>Washington, DC 20006<br>(202) 303-1000<br>mgottlieb@willkie.com<br>kbender@willkie.com<br><br>Aaron E. Nathan<br>Michaela A. Connolly<br>787 7th Avenue<br>New York, NY 10019<br>(212) 728-8000<br>anathan@willkie.com<br>mconnolly@willkie.com<br><br>*Attorneys for Blake Lively* |