**LINER FREEDMAN TAITELMAN + COOLEY, LLP**
ATTORNEYS AT LAW

**1801 CENTURY PARK WEST, 5TH FLOOR**
**LOS ANGELES, CALIFORNIA  90067-6007**
TEL: (310) 201-0005
FAX: (310) 201-0045
E-MAIL: egarofalo@lftcllp.com

ELLYN S. GAROFALO

September 17, 2025

*Via ECF*
Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

Re:    *Blake Lively v. Wayfarer Studios LLC, et al.,* Case No. 1:24-cv-10049-LJL

Dear Judge Liman:

On behalf of Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel (collectively, the "Wayfarer Parties"), we submit this opposition to Plaintiff's Letter Motion (ECF No. 781) requesting the Court continue to seal the (1) portions of the Memorandum of Law in Support of Lively's Motion for Attorneys' Fees, Treble Damages, and Punitive Damages under California Civil Code Section 47.1 (ECF No. 748-1) (the "Brief"); (2) portions of the Declaration (ECF No. 748-2) (the "Declaration"); and (3) the entirety of Exhibit 1 to the Declaration (ECF No. 748-3, "Exhibit 1") (collectively, the "Materials").  For the reasons described below, the Wayfarer Parties respectfully request that the Materials be unsealed, except for the witness-declarant's name and the title of the project that the witness worked on.

The Materials concern an alleged recording made by the witness of a conversation with Defendant Steven Sarowitz, without his consent.  Plaintiff seeks to seal the audio recording in its entirety, although she purported to selectively quote from it in a portion of her Brief in the public unsealed version she filed with the Court.  ECF No. 743, pp. 4-5.  Lively boldly claims she placed the "substance of the relevant information" from Exhibit 1 in the public record, flatly ignoring that the person recorded without his consent – Mr. Sarowitz – should be allowed to have the entire recording made public to ensure accuracy and provide context.

As previously stated by this Court, "The Supreme Court and Second Circuit have long held that there is a presumption of immediate public access to judicial documents under both the common law and the First Amendment."  *Lohnn v. International Business Machines Corp.*, 2022 WL 36420, *6 (S.D.N.Y. Jan. 5, 2022).  Materials filed in connection with dispositive motions, such as motions to dismiss, are judicial documents entitled to this presumption.  *Olson v. Major League Baseball*, 29 F.4th 59, 90 (2d Cir. 2022) (a "strong presumption" of public access "attaches to materials filed in connection with dispositive motions, such as a motion to dismiss"); *see, e,g.*, *Eagle Star Ins. Co. Ltd. v. Arrowood Indem. Co.*, 2013 WL 5322573, at *32 (S.D.N.Y. Sept. 23, 2013) (granting motion to unseal motion to dismiss, finding it is a judicial document for which a presumption of access applies).  Where the presumption of public access is at its strongest, as it is here with respect to the

452088.1

Hon. Lewis J. Liman
September 17, 2025
Page 2

Materials, the presumption only can be overcome by countervailing considerations in "extraordinary circumstances." *United States v. Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 1048 (2d Cir. 1995). Although a third-party witness' name may be redacted to protect their identity prior to trial, the redactions Plaintiff requests are not narrowly tailored to serve the interest of protecting the personal information of the non-party. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).

With respect to the Brief, Plaintiff seeks to seal two portions on page 5– (1) the name of the declarant at the top of the page and (2) a description of how Exhibit 1 was produced in footnote 9. The Wayfarer Parties have no objection to the first requested redaction, but as no explanation was provided for sealing the last sentence in footnote 9 (and none exists), that sentence must be unsealed. Plaintiff already disclosed that she produced Exhibit 1. ECF No. 744, p. 2, ¶ 6. Further, she publicly disclosed the document was an audio tape by citing to time markers (minutes and seconds), typically used when referencing an audio recording. ECF No. 748-1, p. 5.

Regarding the Declaration, Plaintiff seeks to seal information regarding the timing of the meeting and the context of the conversation recorded without Mr. Sarowitz's consent. Other than the witness' name and the name of project the declarant worked on, none of the information reveals identity. Plaintiff improperly seeks to hide any context for the alleged "verbal abuse," why the meeting with Mr. Sarowitz took place, when it took place, and what allegedly happened after the conversation.

Finally, Plaintiff does not provide any explanation why Exhibit 1 to the Declaration must be sealed other than it would invite additional media coverage, which she is concerned will be adverse to her. However, "it is well-settled that 'generalized concerns of adverse publicity' and reputational injury" are insufficient to justify sealing records. *Bronx Conservatory of Music, Inc. v. Kwoka*, 2021 WL 2850632, *3 (S.D.N.Y. July 8, 2021); *Julian v. Metro Life Ins. Co.*, 2020 WL 5913739, at *4 (S.D.N.Y. Oct. 6, 2020) ("the courts generally reject negative publicity as a basis for overcoming the strong presumption of public access to the [allegedly prejudicial] items"). Importantly, Lively herself is responsible for the "substantial media coverage" resulting from her decision to include alleged quotations from the Exhibit 1 audio recording of Mr. Sarowitz. Certainly, any privacy interest belongs to Mr. Sarowitz – the person who was recorded without his consent. He should be permitted to have the public hear the entire audio recording and not be confined solely to Lively's flawed and out-of-context purported transcription of the audio recording.

Respectfully submitted,
*/s/     Ellyn S. Garofalo*
LINER FREEDMAN TAITELMAN + COOLEY, LLP
Bryan J. Freedman*
Ellyn S. Garofalo*
1801 Century Park West, 5th Floor
Los Angeles, CA  90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
          egarofalo@lftcllp.com
       **Admitted* Pro Hac Vice*

cc: all counsel of record (via ECF)

452088.1