UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

BLAKE LIVELY,                                     :
                                                  :      Civ. Action No. 1:24-cv-10049-LJL
                            Plaintiff,            :
                                                  :      Related to:
v.                                                :      Civ. Action No. 1:25-cv-00779-LJL
                                                  :
WAYFARER STUDIOS LLC, JUSTIN BALDONI,              :
JAMEY HEATH, STEVE SAROWITZ, IT ENDS               :
WITH US MOVIE LLC, MELISSA NATHAN, THE            :
AGENCY GROUP PR LLC, and JENNIFER ABEL,            :
                                                  :
                            Defendants.           :
                                                  :
------------------------------------------------------------------ x
                                                  :
JENNIFER ABEL,                                    :
                                                  :
                            Third-Party Plaintiff, :
                                                  :
v.                                                :
                                                  :
JONESWORKS LLC,                                   :
                                                  :
                            Third-Party Defendant. :
                                                  :

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, TREBLE DAMAGES AND PUNITIVE DAMAGES

# Table of Contents

Page

I.    INTRODUCTION ................................................................................... 7

II.   PLAINTIFF'S MOTION SHOULD BE DENIED. ........................................ 10

  A.   No California (or Other) Court Has Addressed the Constitutional Concerns and Conflicts Apparent from the Face of Section 47.1. .................................................. 10

  B.   Plaintiff Fails to Show That Section 47.1 Or Civil Code § 3294 May Be Applied Extraterritorially ................................................................................ 14

  C.   Section 47.1 Cannot Apply Where, As Here, There are No Factual Findings that Lively's Claims Were Asserted Without Malice and With a Reasonable Basis. ....... 18

  D.   Plaintiff Has Not Proven that She is Entitled to Punitive Damages Under Section 3294. .......................................................................................... 19

  E.   Plaintiff Fails to Explain How, In the Absence of Actual Damages, the Court Can Calculate Punitive or Treble Damages. ................................................... 22

III.  CONCLUSION .................................................................................... 22

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anderson v. CRST Int'l., Inc.*,
  2015 WL 1487074 (C.D. Cal. Apr. 1, 2015), *aff'd on these grounds*, 685 F.
  App'x 524 (9th Cir. Mar. 24, 2017)................................................................................................17

*Brewer v. Second Baptist Church*,
  32 Cal. 2d 791 (1948) .......................................................................................................................21

*Bush v. Vaco Tech. Servs., LLC*,
  2018 WL 2047807 (N.D. Cal. May 2, 2018) .....................................................................................15

*Butte Fire Cases*, 24 Cal. App. 5th 1150, 1159 (2018) ...........................................................................20

*C.R. v. Tenet Healthcare Corp.*,
  169 Cal. App. 4th 1094 (2009) .........................................................................................................11

*Campbell v. Arco Marine, Inc.*,
  42 Cal. App. 4th 1850 (1996) ...........................................................................................................15

*Christian Rsch. Inst. v. Alnor*,
  148 Cal. App. 4th 71 (2007) .......................................................................................................20, 21

*Contento v. Mitchell*,
  28 Cal. App. 3d 356 (1972) ..............................................................................................................22

*Diamond Multimedia Systems, Inc. v. Superior Court*,
  19 Cal. 4th 1036 (1999) ....................................................................................................................15

*Dickinson v. Cosby*,
  17 Cal. App. 5th 655 (2017) .............................................................................................................12

*Edwards v. Centex Real Est. Corp.*,
  53 Cal. App. 4th 15 (1997) ...............................................................................................................12

*Egan v. Mut. of Omaha Ins. Co.*,
  24 Cal. 3d 809 (1979) .......................................................................................................................13

*Ehrhardt v. Brunswick, Inc.*,
  186 Cal. App. 3d 734 (1986) ............................................................................................................20

*Eisenberg v. Alameda Newspapers, Inc.*,
  74 Cal. App. 4th 1359, 1376–79 (1999) ...........................................................................................12

3

*English v. Gen. Dynamics Mission Sys., Inc.*,
   2019 WL 2619658 (C.D. Cal. May 8, 2019), *aff'd*, *English v. Gen. Dynamics
   Mission Sys., Inc.*, 808 F. App'x 529 (9th Cir. 2020) ............................................................16

*Gonsalves v. Infosys Techs., Ltd.*,
   No. C 09-04112 MHP, 2010 WL 1854146 (N.D. Cal. May 6, 2010) ....................................16

*Gulaid v. CH2M Hill, Inc.*,
   2016 WL 926974 (N.D. Cal. Mar. 10, 2016)..........................................................................17

*Hanley v. Int'l Ass'n of Machinists & Aerospace Workers*,
   2022 WL 2117805 (C.D. Cal. June 1, 2022) ..........................................................................18

*Hill v. Workday Inc.*,
   773 F. Supp. 3d 779 (N.D. Cal. Mar. 28, 2025) ..............................................................15, 16

*Hoch v. Allied-Signal, Inc.*,
   24 Cal. App. 4th 48 (1994) ..............................................................................................13, 20

*Kiobel v. Royal Dutch Petroleum Co.*,
   569 U.S. 109 (2013)................................................................................................................14

*Lackner v. North*,
   135 Cal. App. 4th 1188 (2006) ...............................................................................................21

*Lively v. Wayfarer Studios LLC*,
   No. 24-cv-10049, 2025 WL 1637019 (S.D.N.Y. June 9, 2025) ............................................12

*McMann v. Wadler*,
   189 Cal. App. 2d 124 (1961) ..................................................................................................12

*Mock v. Michigan Millers Mutual Ins. Co.*,
   4 Cal. App. 4th 306 (1992).....................................................................................................20

*Morrison v. Nat'l Australia Bank Ltd.*,
   561 U.S. 247 (2010)................................................................................................................14

*O'Connor v. Uber Techs., Inc.*,
   58 F. Supp. 3d 989 (N.D. Cal. 2014) ......................................................................................16

*PowerDsine, Inc. v. AMI Semiconductor, Inc.*,
   591 F. Supp. 2d 673 (S.D.N.Y. 2008).....................................................................................12

*Rulenz v. Ford Motor Co.*,
   2013 WL 2181241 (S.D. Cal. May 20, 2013)..........................................................................17

*Rusheen v. Cohen*,
   37 Cal. 4th 1048 (2006)..........................................................................................................12

4

*Russo v. APL Marine Servs., Ltd.*,
  135 F. Supp. 3d 1089 (C.D. Cal. 2015) ......................................................17, 18

*Sanchez v. Lane Bryant, Inc.*,
  123 F. Supp. 3d 1238 (C.D. Cal. 2015) ..............................................................12

*Sierra Club Found. v. Graham*,
  72 Cal. App. 4th 1135 (1999) ............................................................................19

*Silberg v. Anderson*,
  50 Cal. 3d 205 (1990) ........................................................................................12

*Sosa v. DIRECTV, Inc.*,
  437 F.3d 923 (9th Cir. 2006) .............................................................................11

*Sullivan v. Oracle Corp.*,
  51 Cal. 4th 1191 (2011) ...............................................................................14, 15

*Sumpter v. Matteson*,
  158 Cal. App. 4th 928 (2008) .......................................................13, 19, 20, 21

*Tomaselli v. Transamerica Ins. Co.*,
  25 Cal. App. 4th 1269 (1994) ............................................................................20

*Ward v. United Airlines, Inc.*,
  9 Cal. 5th 732 (2020) ...................................................................................14, 15

*Wilson v. Wavestream Corporation*,
  2024 WL 3914475 (C.D. Cal. May 13, 2024) ...................................................16

*Wood v. iGATE Techs., Inc.*,
  2016 WL 3548410 (N.D. Cal. June 30, 2016) ...................................................16

**Statutes**

Cal. Civ. Code § 47(b) ...........................................................................................11, 12

Cal. Civ. Code § 47.1 ........................................................................................ *passim*

Cal. Civ. Code § 51.9 .......................................................................................7, 10, 11

Cal. Civ. Code § 3294 ........................................................................................ *passim*

Cal. Lab. Code § 98.6 ...............................................................................................16

Cal. Lab Code § 223 .................................................................................................15

Cal. Lab Code § 1102.5 ............................................................................................17

Cal. Lab. Code § 3600.5 ..............................................................................................16

California Government Code § 12900-12951................................................................7

**Other Authorities**

U.S. Const. First Amendment ...................................................................................7, 11

## I.    INTRODUCTION

For the second time, Plaintiff Blake Lively seeks draconian relief under a new California statute, California Civil Code § 47.1 ("Section 47.1") which creates a qualified privilege for any person claiming sexual harassment under defined California statutes including FEHA (California Government Code §§ 12900-12951) and California Civil Code § 51.9 ("Section 51.9").[1]  Section 47.1 authorizes an award of reasonable attorneys' fees, treble damages and punitive damages for a failed defamation claim against a party asserting sexual harassment claims without malice and with a "reasonable basis to file a complaint of sexual assault, harassment, or discrimination."  Cal. Civ. Code § 47.1(a).  Thus, whether the privilege and remedies afforded by Section 47.1 apply turn not on the Wayfarer Parties' underlying conduct but on *Lively's* motive and intent, i.e. whether Lively asserted the claims without malice and with a reasonable basis – factual issues that remain to be tried in the main case.[2]

As explained in Section II(A), below, Section 47.1's express language raises multiple Constitutional concerns which have not been addressed by any California (or other) court including its curtailment of free speech and a litigant's right to petition guaranteed by the First Amendment, as well as potential violations of the Fourth Amendment's prohibition against excessive penalties (treble and punitive).[3]  Further, Lively does not explain why California's presumption against

---

[1] The statute also applies to claims for violations of certain sections of California's Education Code which are inapplicable here.

[2] Baldoni's William Morris Endeavor agent, Danny Greenberg, testified ███████████████ ██████████████████████████████████████████████ ███████████████████████                          Declaration of Ellyn S. Garofalo, Ex. C at 144:21-146:18.

[3] Section 47.1, which took effect on January 1, 2024, has not been addressed in a single published judicial decision. Thus, any decision by this Court on the interpretation and applicability of Section 47.1 would be of first impression.

exterritorial jurisdiction does not apply to Section 47.1 when Lively is not a California resident and the alleged harassment which is the basis for her claims occurred in New York and on the New Jersey set where It Ends With Us was filmed.

Lively, the statute, and its legislative history are also silent on whether these remedies are available for dismissal of a consolidated complaint[4], where the issues of liability and punitive damages have not yet been determined by the trier of fact. The extreme remedies created by Section 47.1 require factual findings that Lively asserted her claims without malice and with a reasonable basis. This inquiry turns on *Lively's* motives, to wit, whether her complaints of sexual harassment were made with malice and with a reasonable basis – factual determinations within the province of a jury or the Court on summary adjudication based on admissible evidence. No trier of fact has made these factual determinations which are central to the Wayfarer Parties' defense and will be ultimately determined in the still pending main action. Although Lively contends that to be effective, the remedies should be imposed at an early stage of the litigation, neither the statutory language nor its legislative history address the dismissal of a consolidated complaint, before the complainant's sexual harassment claims are tried in the main action.

Lively nevertheless contends that Section 47.1's "remedies must be available at the earliest stage -- typically through a motion to dismiss – to protect survivors from a punishing protracted legal process." (Dkt. No. 748-1 at 2). Here, however, neither the dismissal of the Wayfarer Parties' defamation claim nor an award of penalties under Section 47.1 would achieve this statutory goal of preventing ongoing, protracted litigation over the same factual issues which determine the applicability of Section 47.1, to wit, whether Lively's claims are valid. No

---

[4] The Wayfarer Parties' claims were initially filed as a separate action but have now been consolidated with Lively's Complaint.

8

California court has provided guidance on this issue including whether a court's determination before trial, in the context of Section 47.1, of the complainant's motive and intent would divest a defendant of his right to a defense at trial, or by summary adjudication, based on admissible evidence.

The application of Section 47.1 to the dismissal of a consolidated complaint while the main action is still pending also raises the specter of inconsistent outcomes. For instance, if this Court applies Section 47.1's privilege and remedies at this early juncture, what happens if a jury later finds her claims lack merit?  Nor has any California court explained how punitive or treble damages can be calculated without a baseline finding of actual, compensatory damages by the trier of fact.

Lively, in fact, does not directly address the key issues of *her* motive and intent, but deflects by recycling the full breadth of her allegations of the Wayfarer Parties' purported misconduct which are the basis for pending Rule 11 and New York Rule of Professional Conduct 3.6 sanctions motions.  The bulk of these allegations have no bearing on the discrete factual issues relevant to a Section 47.1 analysis; specifically, whether Lively had a reasonable basis for her sexual harassment claim and acted without malice in asserting it. For instance, Lively argues that the Court dismissed the Wayfarer Parties' defamation claim against Ryan Reynolds and Leslie Sloan for failure to plead malice, sufficient evidence of a "smear campaign" and "strong evidence" that the Wayfarer Parties spread negative stories about Lively.  (Dkt. No. 748 at 10).

Whether the Court found that the complaint failed to plead malice sufficient to state a defamation claim against Ryan Reynolds, Leslie Sloan or the New York Times or spread negative stories about Lively is irrelevant to Lively's motive and intent in asserting her sexual harassment claims.  And, the Court did not dismiss the Wayfarer Parties defamation claim against Lively for

failure to plead malice.  Rather, the Court found that Lively's Complaint – the only basis for the defamation claim asserted in the Cross-Complaint – was privileged under California's litigation and fair report privileges and thus it was unnecessary to reach the issue of malice.  (Dkt. No. 296, n. 45).

Notwithstanding Lively' exhaustive rehashing of the full breadth of her allegations, the motion before the Court remains short on the relevant factual issues and devoid of legal authority that might allow the Court to award the punitive remedies provided in Section 47.1 at this stage of the litigation.  Lively's Motion should be denied because, among other things:

- Lively fails to show that Section 47.1 or California Civil Code § 3294 (California's punitive damages statute) ("Section 3294") have extraterritorial application;

- Lively fails to present new facts or law that might warrant reconsideration of the Court's previous denial of relief under Section 47.1;

- No trier of fact has found, based on admissible evidence, that Lively's sexual harassment claim were asserted without malice and with a reasonable basis;

- Lively fails to show, and no trier of fact has found, clear and convincing evidence the malice required for punitive damages as required by Section 3294; and

- Plaintiff has not proven, and no trier of fact has found, the actual, compensatory damages required as a basis to calculate treble or punitive damages.

## II.    PLAINTIFF'S MOTION SHOULD BE DENIED

### A.    No California (or Other) Court Has Addressed the Constitutional Concerns and Conflicts Apparent from the Face of Section 47.1

Plaintiff's Motion implicates two California statutes: Civil Code § 47.1 which applies to sexual harassment claims under certain enumerated California statutes including FEHA and Civil

10

Code § 51.9[5] and Civil Code § 3294, California's punitive damages statute. Lively seeks remedies under California Civil Code § 47.1 which provides for "severe penalties for unsuccessfully filing retaliatory defamations action against sexual harassment and retaliation complainants." Dkt. No. 748-1. According to Plaintiff, the recently enacted Section 47.1, was intended to deter frivolous claims that force survivors to 'defend against long and expensive retaliatory defamations lawsuit' by imposing "significant remedies for success defendants in defamation claims" and was "[i]ntended to protect victims from the litigation itself."

As a preliminary matter, Lively does nothing to address the constitutional concerns and conflicts raised by Section 47.1's express language. First, Section 47.1 conflicts with the right to free speech and petition guaranteed by the First Amendment to the United States Constitution. *See* U.S. Const. amend. I; *Sosa v. DIRECTV, Inc.*, 437 F. 3d 923, 929 (9th Cir. 2006). Section 47.1 also clashes with the *Noerr-Pennington* doctrine which provides that "those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct." *Sosa*, 437 F. 3d at 929 (citing *Empress LLC v. City & County of S.F.*, 419 F3d 1052, 1056 (9th Cir. 2005)). By imposing a statutory penalty on plaintiffs for unsuccessfully bringing certain types of lawsuits even when they do so in good faith, Section 47.1 appears to trespass on the *Noerr-Pennington* immunity doctrine.

Second, Plaintiff fails to address how Section 47.1 can be reconciled with California Civil Code § 47(b) which, consistent with the right to petition, creates an absolute to bar to any defamation claim based on statements made in connection with a judicial proceeding. Specifically, Section 47(b) "applies to any communication (1) made in judicial or quasi-judicial proceedings;

---

[5] Civil Code § 51.9 extends liability for sexual harassment beyond employers to those with a professional or business relationship with the complainant. *C.R. v. Tenet Healthcare Corp.*, 169 Cal. App. 4th 1094, 1105 (2009).

(2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Silberg v. Anderson*, 50 Cal. 3d 205, 211–12 (1990); *Eisenberg v. Alameda Newspapers, Inc.*, 74 Cal. App. 4th 1359, 1376–79 (1999); *Edwards v. Centex Real Est. Corp.*, 53 Cal. App. 4th 15, 29 (1997). The privilege is absolute and applies "to *all* publications, irrespective of their maliciousness." *Dickinson v. Cosby*, 17 Cal. App. 5th 655, 681–82 (2017); *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1057–59 (2006); *PowerDsine, Inc. v. AMI Semiconductor, Inc.*, 591 F. Supp. 2d 673, 682–83 (S.D.N.Y. 2008); *Lively v. Wayfarer Studios LLC*, No. 24-cv-10049, 2025 WL 1637019, at *34 (S.D.N.Y. June 9, 2025). It protects to publications made outside the courtroom and all torts except malicious prosecution. *Rusheen*, 37 Cal. 4th at 1057–59. "Undergirding the immunity conferred by section 47(b) is the broadly applicable policy of assuring litigants the utmost freedom of access to the courts to secure and defend their rights ...." *PowerDsine*, 591 F. Supp. 2d at 682–83; *Eisenberg*, 74 Cal. App. 4th at 1376–79; *see, also, Silberg*, 50 Cal. 3d at 214, *quoting Thornton v. Rhoden*, 245 Cal. App. 2d 80, 99 (1966) ("[I]t is desirable to create an absolute privilege ... not because we desire to protect the shady practitioner, but because we do not want the honest one to have to be concerned with [subsequent derivative] actions....").

Third, Plaintiff fails to explain how Section 47.1 should or can be applied when, as here, a defamation claim is dismissed at the pleading stage, before the dispositive factual issues of whether Plaintiff's claims were asserted with malice and without a reasonable basis – issues of fact within the province of the jury. *Sanchez v. Lane Bryant, Inc.*, 123 F. Supp. 3d 1238, 1244 (C.D. Cal. 2015); *McMann v. Wadler*, 189 Cal. App. 2d 124, 129 (1961). In the same vein, Section 47.1's approach to punitive damages under California Civil Code § 3294 is particularly troubling. As explained in Section II(E), below, California has a long-standing rule that there is no right to

12

punitive damages. *Sumpter v. Matteson*, 158 Cal. App. 4th 928, 936 (2008). Rather, punitive damages require clear and convincing evidence of malice – a determination left to the discretion of the trier of fact, based on admissible evidence. *Hoch v. Allied-Signal, Inc.*, 24 Cal. App. 4th 48, 59 (1994); *Egan v. Mut. of Omaha Ins. Co.*, 24 Cal. 3d 809, 821 (1979). Where a trier of fact finds that punitive damages are warranted, the Fourth Amendment's prohibition against excessive penalties limits such damages to a maximum of three times the actual, compensatory damages awarded by the jury. The questions of whether Section 47.1 permits punitive damages to be awarded as a matter of right or how punitive damages would be calculated absent an award of actual damages, where a defamation claim has been dismissed on a motion to dismiss, have not been answered or even addressed by any court. Nor does Plaintiff explain, much less cite authority, for how the Court can calculate punitive or treble damages without an award of compensatory damages.

The plethora of serious constitutional and other legal questions have not been addressed by any California court, raising the preliminary question of whether this Court, as a matter of first impression, should apply Section 47.1 to impose the draconian remedies of attorney's fees, treble damages and punitive damages, without any answer to, or even guidance on, these critical questions and concerns. It may have been for some or all of these reasons that the Court has already declined to award Lively the relief she seeks under Section 47.1, albeit without prejudice. In so doing, the Court explicitly noted that it had "not ruled on whether Lively's statements were privileged under California Civil Code § 47.1" and that if Lively chose to renew her motion, she should "fully brief the impact of this opinion, if any, as well as the issues raised in prior briefing." (Dkt. No. 296 p.131; see also Dkt. No. 748-1, p. 10 (The "Court did not rule on whether Ms. Lively's alleged statements were privileged under Section 47.1). While Lively now resuscitates

13

her motion with an extensive exposition of the facts asserted in prior pleadings and the Order, she does not cite new facts or law relevant to whether she had a reasonable basis for her sexual harassment claims and whether her claims were asserted with malicious intent.  Simply put, nothing has changed since the Order and Lively and this renewed motion appears to be nothing more than a improper request for reconsideration – seemingly contrived as a thinly veiled effort to poison public perception and the potential jury pool.  As best, the motion is premature.

This Court should decline Lively's invitation to interpret Section 47.1 as an issue of first impression, in the dearth of any guidance from a California court and impose heavy handed penalties which would require this Court to make premature factual determinations.

### B.    Plaintiff Fails to Show That Section 47.1 Or Civil Code § 3294 May Be Applied Extraterritorially

The threshold question is whether these California statutes have extraterritorial application where, as here, the plaintiff is a resident of New York and the underlying conduct occurred in New York and New Jersey.  The California legislature knows how to create exceptions when that is its intent and "[w]hen a statute gives no clear indication of an extraterritorial application, it has none." *Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 109, 115 (2013) (citing *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 248 (2010)).  California recognizes a presumption that the California legislature did not intend a statute to be "operative, with respect to occurrences outside the state … unless such intention is clearly expressed or reasonably to be inferred from the language of the act or from its purpose, subject matter or history." *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207 (2011); *Morrison*, 561 U.S. at 255 ("When a statute gives no clear indication of an extraterritorial application, it has none."); *Ward v. United Airlines, Inc*., 9 Cal. 5th 732, 749 (2020) (presumed "that state law is intended to apply only within state borders" and "courts ordinarily

14

will not give extraterritorial effect to legislative enactments absent an affirmative indication that such was the Legislature's intent."); *Diamond Multimedia Systems, Inc. v. Superior Court*, 19 Cal. 4th 1036, 1059-60, n.20 (1999) ("The presumption against extraterritoriality is one against an intent to encompass conduct occurring in a foreign jurisdiction in the prohibitions and remedies of a domestic statute."); *Campbell v. Arco Marine, Inc.*, 42 Cal. App. 4th 1850, 1858-60 (1996) (FEHA "should not be construed to apply to non-residents employed outside the state and when the tortious conduct did not occur in California" and extraterritorial application of FEHA "would raise serious constitutional concerns" as "the Commerce Clause ... precludes the application of a state statute to commerce that takes place wholly outside of the State's borders, whether or not the commerce has effects within the State.); *see also Hill v. Workday Inc.*, 773 F. Supp. 3d 779, 793 (N.D. Cal. Mar. 28, 2025).

Although proposed amici curiae offered in support of Lively's position quote extensively from Section 47.1's legislative history (Dkt. No. 241-1, Dkt. No. 246-1), Lively does not point to express language in Section 47.1 or any portion of the legislative history that even hints at an intent that the statute have extraterritorial application.  In fact, Section 47.1 does not include any "affirmative indication" that it was intended to apply to conduct outside of California.  *See Ward*, 9 Cal. 5th at 749. Likewise, nothing in the legislative history of Section 47.1 indicates the Legislature had any intent for this statute to operate outside of California. *See* Dkt. No. 146-1. Because Section 47.1 is silent on the geographic scope of its application and there is *no* expression of legislative intent for it to apply extraterritorially, the presumption applies "in full force," and Lively, a non-resident of California, cannot invoke it for conduct occurring outside California. *Sullivan,* 51 Cal. 4th at 1207; *see also Bush v. Vaco Tech. Servs., LLC*, 2018 WL 2047807, at *7 (N.D. Cal. May 2, 2018) (dismissing Labor Code Section 223 and other claims, holding that

15

plaintiff's "attempt to represent non-California individuals fails because she has not alleged how any putative class members working outside of California can recover under the California Labor Code"); *English v. Gen. Dynamics Mission Sys., Inc.*, 2019 WL 2619658, at *8 (C.D. Cal. May 8, 2019) (no extraterritorial application of California Labor Code Section 1102.5, California's Whistleblower Protection Act), *aff'd*, *English v. Gen. Dynamics Mission Sys., Inc.*, 808 F. App'x 529, 530 (9th Cir. 2020); *Hill*, 773 F. Supp. 3d at 793 (same); *Wilson v. Wavestream Corporation*, 2024 WL 3914475, at *3 (C.D. Cal. May 13, 2024) (no extraterritorial application of California Labor Code section 98.6); *Wood v. iGATE Techs., Inc.*, 2016 WL 3548410, at *6 (N.D. Cal. June 30, 2016) (same). By contrast, where the California Legislature does see fit to provide for the extraterritorial application of California statutes, ***it says so***. *See, e.g.*, Cal. Lab. Code § 3600.5 (extending workers' compensation to certain employees who are injured while working out of state).

Absent the express or implied showing of an intent of extraterritoriality, Lively must establish a substantial connection between the situs of the legally relevant conduct and California, specifically, "the location of where the core of the alleged wrongful conduct occurred." *Hill,* 773 F. Supp. 3d at 793; *see also English,* 808 F. App'x at 530. A formulaic, conclusory blanket recitation of ratification is insufficient to overcome the presumption absent facts sufficient to establish a factual nexus between the defendant's California-based activities and the allegedly wrongful conduct. *See Gonsalves v. Infosys Techs., Ltd.*, No. C 09-04112 MHP, 2010 WL 1854146, at *6 (N.D. Cal. May 6, 2010). Nor does a contractual choice of law provision overcome the presumption that a California statute lacks extraterritorial reach. *O'Connor v. Uber Techs., Inc.*, 58 F. Supp. 3d 989, 1004 (N.D. Cal. 2014); *see Hill*, 773 F. Supp. 3d at 797-98 (dismissing

FEHA and California Labor Code § 1102.5 claims asserted by a non-California resident who failed to establish a nexus between the allegedly wrongful conduct and California).

Neither Lively's complaint nor the Motion state facts sufficient to establish a substantial connection between the Wayfarer Defendants' unsuccessful defamation complaint filed in and dismissed by a New York court or the underlying sexual harassment claim which would give rise to the privilege she seeks to invoke. Lively is a New York resident.  Dkt. No. 520, ¶ 56.  The core conduct—alleged sexual harassment on the IEWU set and the filing and dismissal of the Wayfarer Parties' unsuccessful defamation claim (the basis for Lively's request for remedies under Section 47.1)—did not occur in California but in ███████████████████. *See* Declaration of Ellyn S. Garofalo Ex A at 147:3-8, Ex. B at 28:16-19, 130:3-12, and Ex. C at 59:3-5.  While Wayfarer is headquartered in Los Angeles, the employee or employer's residency is not sufficient to overcome the presumption when the tortious conduct is outside of California.  *Russo v. APL Marine Servs., Ltd.*, 135 F. Supp. 3d 1089, 1094 (C.D. Cal. 2015); *see also Rulenz v. Ford Motor Co.*, 2013 WL 2181241, at *4 (S.D. Cal. May 20, 2013) ("California residency is insufficient to defeat the presumption against extraterritorial application" of California law).

The failure to demonstrate a substantial connection between the situs of the "core" conduct and California defeats any notion that Sections 47.1 or 3294 can be applied extraterritorially.  *See Rulenz*, 2013 WL 2181241, at *4 (finding that, even though the plaintiff was a California resident, she worked in Nevada and her employment was terminated in Nevada, so her alleged "California residency [was] insufficient to defeat the presumption against extraterritorial application" of California law); *Anderson v. CRST Int'l., Inc.*, 2015 WL 1487074, at *5 (C.D. Cal. Apr. 1, 2015) (holding that the concept of extraterritoriality applies "regardless of the plaintiff's residency"), *aff'd on these grounds*, 685 F. App'x 524 (9th Cir. Mar. 24, 2017); *Gulaid v. CH2M Hill, Inc.*,

2016 WL 926974, at *1, *3-4 (N.D. Cal. Mar. 10, 2016) (explaining that "[c]ourts in this circuit have applied this extraterritoriality rule even if the plaintiff is a California resident" and finding that the plaintiff, an alleged California resident, did not plead any plausible claims under FEHA); *Russo*, 135 F. Supp. 3d at 1094 (finding that FEHA did not cover the plaintiff even though she was a California resident); *Hanley v. Int'l Ass'n of Machinists & Aerospace Workers*, 2022 WL 2117805, at *7 (C.D. Cal. June 1, 2022) (dismissing FEHA claims because "the conduct giving rise to those claims"—comments made in Florida—occurred outside of California).

Because she cannot overcome the presumption against extraterritorial application of Section 47.1, Lively's request for relief under Section 47.1 should be denied.

**C.      Section 47.1 Cannot Apply Where, As Here, There are No Factual Findings that Lively's Claims Were Asserted Without Malice and With a Reasonable Basis**

Section 47.1 creates a privilege for "communication made by an individual, without malice, regarding an incident of sexual assault, harassment, or discrimination is privileged" so long as the speaker "has, or at any time had, a reasonable basis to file a complaint of sexual assault, harassment, or discrimination . . . Cal. Civ. Code § 47.1 (a), (c).  The Wayfarer Defendants' defamation claim was dismissed pursuant to Rule 12(b)(6) for failure to state a claim.  The Order dismissing the claim, expressly states that the Court did not consider whether the Wayfarer Parties pleaded malice, but dismissed the claim based on privilege grounds.  (Dkt. No. 296, n. 45.)  Plaintiff's harassment claims remain pending and the merit of those claims, as well as Lively's motive and intent in asserting them, will ultimately be decided by a trier of fact (a jury or the Court in the context of summary adjudication).  Indeed, a centerpiece of the Wayfarer Parties' defense is that Lively's claims have no merit and were asserted for an improper purpose.

18

The jury must resolve the threshold question of the defendant's knowledge of facts on which his or her claim is based. *Sumpter v. Matteson*, 158 Cal. App. 4th 928, 930 (2008); *Sierra Club Found. v. Graham*, 72 Cal. App. 4th 1135, 1154, (1999). Plaintiff does not explain how the Court might eliminate the risk of inconsistent findings on the pivotal issue in this case – Lively's harassment claims – should this Court prematurely decide that Lively's sexual harassment claims were asserted without malice and with a reasonable basis. Nor does Plaintiff provide any authority for the notion that the Wayfarer Defendants can be stripped of their rights to a defense at this early juncture, in the context of a Section 47.1 motion.

Lively similarly fails to identify new facts that might support her Motion. Plaintiff merely resuscitates the allegations set forth as the basis for Plaintiff's pending motions for sanctions under Rule 11 and New York Rule of Professional Conduct 3.6. The bulk of the allegations have no relevance whatsoever to this motion which is not about the Wayfarer Parties' motives or conduct, but about Lively's motive and intent. In fact, Lively's motion is laden with extraneous and irrelevant facts. For instance, Lively argues that Wayfarer's defamation claims against Ryan Reynold and Leslie Sloan were dismissed for failure to plead malice. Lively ignores that, even assuming a pleading defect can be the basis for Section 47.1 remedies, the Court did not base the dismissal of the Wayfarer Parties' defamation claim against Lively on this ground, but rather on the ground that it was subject to California's litigation privilege and the fair report privilege. (Dkt. No. 296, n. 45.)

### D.    Plaintiff Has Not Proven that She is Entitled to Punitive Damages Under Section 3294

While a plaintiff who proves his case is always entitled to actual damages, a plaintiff is never entitled to punitive damages as a matter of right, not even "'[u]pon the clearest proof of

19

malice in fact.'" *Sumpter v. Matteson,* 158 Cal. App. 4th 928, 930 (2008) (rejecting the contention that punitive damages may be assessed as a matter of law.).    For an award of punitive damages under California Civil Code § 3294, a plaintiff must prove by clear and convincing evidence that the defendant acted with malice, oppression or fraud in bringing their defamation cross-complaint. Cal. Civ. C. § 3294; *Butte Fire Cases*, 24 Cal. App. 5th 1150, 1159 (2018).

Malice is defined by section 3294, subdivision (c)(1) as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others."  "Despicable conduct" is conduct that is "'so vile, base, contemptible, miserable, wretched or loathsome that it would be looked down upon and despised by most ordinary decent people.'"  *Mock v. Michigan Millers Mutual Ins. Co.*, 4 Cal. App. 4th 306, 330 (1992).  Such conduct has been described as having the character of outrage frequently associated with crime.  *Tomaselli v. Transamerica Ins. Co.*, 25 Cal. App. 4th 1269, 1287 (1994). "Conscious disregard" means "'that the defendant was aware of the probable dangerous consequences of his conduct, and that he willfully and deliberately failed to avoid those consequences.'"  *Hoch v. Allied–Signal, Inc.*, 24 Cal. App. 4th 48, 61 (1994) (citations omitted).  Put another way, the defendant must "have *actual knowledge* of the risk of harm it is creating and, in the face of that knowledge, fail to take steps it knows will reduce or eliminate the risk of harm."  *Ehrhardt v. Brunswick, Inc.*, 186 Cal. App. 3d 734, 742 (1986).  In the defamation context, to show actual malice, plaintiffs must demonstrate a defendant either knew his statement was false or subjectively entertained serious doubt his statement was truthful.  *Christian Rsch. Inst. v. Alnor*, 148 Cal. App. 4th 71, 84-85 (2007).

The clear and convincing standard "presents "'a heavy burden, far in excess of the preponderance sufficient for most civil litigation.'"  *Id.* (quoting *Hoffman v. Capital Cities/ABC,*

20

*Inc.,* 255 F.3d 1180, 1186-87 (9th Cir.2001). "The burden of proof by clear and convincing evidence 'requires a finding of high probability. The evidence must be so clear as to leave no substantial doubt. It must be sufficiently strong to command the unhesitating assent of every reasonable mind.'" *Id.* (quoting *Copp v. Paxton*, 45 Cal. App. 4th 829, 846 (1996)); *see also*, *Lackner v. North*, 135 Cal. App. 4th 1188, 1211-12 (2006) (clear and convincing standard "'requires a finding of high probability … 'so clear as to leave no substantial doubt'; 'sufficiently strong to command the unhesitating assent of every reasonable mind.'" (citations omitted).

Whether a defendant acted with malice, is an issue of fact for the jury and it is within the "*exclusive province of the jury* to say whether or not punitive damages shall be awarded" and the granting or withholding of punitive damages "may not legally be influenced by any direction of the court." *Brewer v. Second Baptist Church,* 32 Cal. 2d 791, 800-01 (1948); *Sumpter v. Matteson*, 158 Cal. App. 4th at 936 ("[A]lthough on this record the imposition of punitive damages would have been permissible, it was the jury's exclusive prerogative, after being duly instructed, to find [defendant] acted without malice and thereby decline to award punitive damages).

Plaintiff simply ignores the requirements that malice be proven with clear and convincing evidence, any finding of malice and punitive damages is within the exclusive province of the jury and the Court is prohibited from influencing the jury's decision on whether to award punitive damages. Instead, Plaintiff avers that "[a]s for punitive damages, the record as it currently exists is sufficient for the Court to determine the Wayfarer Parties engaged in 'oppression, fraud or malice" by bringing or maintaining their claims against Ms. Lively." Dkt. No. 748-1, p. 3. This argument, while facile, is contrary to the law.

21

**E.**    **Plaintiff Fails to Explain How, In the Absence of Actual Damages, the Court Can Calculate Punitive or Treble Damages**

Punitive damages typically require a finding of actual, compensatory damages.   An exception exists where a plaintiff is entitled to recover presumed damages.  *Contento v. Mitchell,* 28 Cal. App. 3d 356, 358-59 (1972).  Neither Section 47.1, FEHA nor Title VII provide for presumed damages.  Hence, an award of actual damages is a predicate for any award of punitive damages.  There has been no award of actual damages, after a trier of fact has found liability. Plaintiff similarly fails to explain how the Court can calculate treble damages absent a finding of actual, compensatory damages.  Put another way, what exactly would the Court be trebling?

**III.**    **CONCLUSION**

For the foregoing reasons, the Wayfarer Parties respectfully request that the Court enter any order denying Lively's Motion for relief under Section 47.1.

Respectfully Submitted

Dated: September 22, 2025
Los Angeles, CA

**LINER FREEDMAN TAITELMAN + COOLEY**

By:_____*/s/ Ellyn S. Garofalo*_____
Bryan J. Freedman
Ellyn S. Garofalo
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
        egarofalo@lftcllp.com

**MEISTER SEELIG & FEIN PLLC**
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com; kaf@msf-law.com

22