UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>      Plaintiff,<br><br>      -v-<br><br>WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, THE AGENCY GROUP PR LLC, JENNIFER ABEL, JED WALLACE, and STREET RELATIONS INC.,<br><br>      Defendants.<br><br>WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, JENNIFER ABEL, and STEVE SAROWITZ,<br><br>      Consolidated Plaintiffs,<br><br>-v-<br><br>BLAKE LIVELY, RYAN REYNOLDS, LESLIE SLOANE, VISION PR, INC., and THE NEW YORK TIMES COMPANY.<br><br>      Consolidated Defendants. | Case No. 1:24-cv-10049-LJL<br>(consolidated with 1:25-cv-00449-LJL) |

**DECLARATION OF MATTHEW F. BRUNO**
**IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**

I, Matthew F. Bruno, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an attorney admitted to practice before this Court, a partner in the law firm of Manatt, Phelps & Phillips, LLP, 7 Times Sq., New York, NY, 10036, and counsel of record for Plaintiff Blake Lively in the above-captioned action.

2. I respectfully submit this declaration in support of Ms. Lively's motion to compel Defendants Wayfarer Studios LLC ("Wayfarer"), Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel (collectively, the "Wayfarer Defendants") to produce a document-by-document privilege log for the Signal communications currently identified in "Category #1" of the Wayfarer Defendants' amended categorical privilege log.

3. On September 8, 2025, the Wayfarer Defendants produced a categorical privilege log that failed to identify the number documents withheld in each category. A true and correct copy of the Wayfarer Defendants' original categorical privilege log, produced on September 8, 2025, is attached hereto as **Exhibit A**.

4. On September 10, 2025, I met and conferred with counsel for the Wayfarer Defendants, together with other counsel for Ms. Lively and counsel for Stephanie Jones and Jonesworks LLC. During the conferral, I explained how the Wayfarer Defendants' categorical privilege log remained deficient, including because (i) it failed to identify how many documents were being withheld within each category; (ii) it did not provide sufficient information for Ms. Lively to evaluate the Wayfarer Defendants' privilege claims; and (iii) it appeared to include communications with non-attorneys. I also explained to counsel that the additional information sought (including the number of documents withheld) could be easily generated automatically through their E-Discovery vendor.

5. On September 15, 2025, the Wayfarer Defendants produced an amended categorical privilege log, which included an additional column that reflects the number of documents being withheld in each category. A true and correct copy of the Wayfarer Defendants'

amended categorical privilege log, produced on September 15, 2025, is attached hereto as **Exhibit B**.

6. In their September 15, 2025 transmittal email, counsel for the Wayfarer Defendants expressly acknowledged they were withholding communications with no attorney presence. In response, and after reviewing the amended categorical privilege log, I, again, explained to the Wayfarer Defendants that their amended categorical privilege log still failed to provide sufficient information and detail for Ms. Lively to assess their privilege claims. Despite clearly articulating Ms. Lively's position at the parties' September 10 conferral, as well as in writing, the Wayfarer Defendants responded by (improperly) claiming that the parties had not yet met and conferred on this issue. A true and correct copy of the parties' email exchange, dated September 16, 2025 is attached hereto as **Exhibit C**.

7. On September 18, 2025, after completing review of the Wayfarer Defendants' document productions made on September 8 and 12, counsel for Ms. Lively wrote to counsel for the Wayfarer Defendants, regarding their failure to produce any Signal communications prior to December 20, 2024 and their failure to produce any Signal communications at all from Defendant Sarowitz's custodial files. In response, counsel for the Wayfarer Defendants indicated that no such documents are within their possession, custody, or control and further advised that they intended to produce a second amended privilege log. On September 22, 2025, I (i) informed the Wayfarer Defendants that the parties were at an impasse with respect to their refusal to provide additional information regarding the subject-matter of the communications being withheld, (ii) asked when the second amended categorical privilege log would be produced, and (iii) requested that the Wayfarer Defendants to confirm that "there are no Signal communications prior to December 20, 2024 and no, non-privileged, Signal communications within Mr. Sarowitz's possession, custody,

or control." With respect to the missing Signal communications, counsel for the Wayfarer Defendants responded "[w]e are representing that we have produced non-privileged Signal messages within our client's possession, custody, or control." Counsel for the Wayfarer Defendants also failed to commit to a date by which a second amended privilege log would be produced and feigned ignorance to the information Ms. Lively has requested of the Wayfarer Defendants. A true and correct copy of the parties' email exchange, dated September 22, 2025 is attached hereto as **Exhibit D**.

8. On September 18, 2025, the Wayfarer Defendants made yet another untimely production of more than 1,300 pages of documents, which consists of Signal communications involving Bryan Freedman and Summer Benson.

9. As of the filing of this declaration, the Wayfarer Defendants have failed to produce a second amended privilege log.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: September 25, 2025                /s/ Matthew F. Bruno_____

                                                                    MANATT, PHELPS & PHILLIPS, LLP
                                                                    Matthew F. Bruno
                                                                    7 Times Sq.
                                                                    New York, NY 10036
                                                                    (212) 790-4500
                                                                    mbruno@manatt.com

                                                                    *Counsel for Blake Lively*