# manatt

**Esra A. Hudson**
Manatt, Phelps & Phillips, LLP
Direct Dial: 310-312-4381
ehudson@manatt.com

September 26, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1620
New York, NY 10007

Re:    *Lively v. Wayfarer Studios LLC, et al.*, **No. 1:24-cv-10049-LJL**

Dear Judge Liman:

Plaintiff Blake Lively reluctantly, respectfully, and urgently requests that the Court enter an order holding that (1) Ms. Lively has the right to begin the questioning of Mr. Josh Greenstein at his deposition, currently set for Tuesday, September 30, 2025 and (2) Mr. Greenstein's deposition will commence sharply at 8 a.m. PST in order to accommodate the deponent's request that the deposition must end by 4:30 p.m. PST., and Ms. Lively shall have four hours to question Mr. Greenstein, including no more than 30 minutes of breaks if requested by the court reporter, videographer or deponent. ***Neither the deponent nor his counsel nor Ms. Lively oppose an 8 a.m. start time or the proposals regarding examination time or breaks***, but one of the Defendants' many attorneys has refused to agree to start the deposition an hour before scheduled due an unspecified "conflict." Without an 8 a.m. start time, there is a significant, perhaps inevitable, risk that one or both of the noticing parties will have to leave Mr. Greenstein's deposition open to complete on another day. An 8 a.m. start time would provide Plaintiff's counsel with a four-hour window to achieve the allotted 3.5 hours of on-the-record testimony, which would be followed by a 30-minute lunch and a four-hour window of time during which the Defendants' counsel can question the witness for their 3.5 hours of testimony.

Rather than accept the proposal agreed upon by My. Lively and the deponent, the Wayfarer Defendants refused to find a reasonable middle ground. Ex. A. They first agreed that Ms. Lively could begin questioning on the condition that it be limited to a three-hour window from 9 a.m. to 12 p.m. notwithstanding an agreement that each party receive 3.5 hours of on-the-record testimony pursuant to the federal rules. *Id*. The Wayfarer Defendants then reneged on that agreement after Ms. Lively issued an updated notice of subpoena reflecting an 8 a.m. start time in response to the following request from counsel for the deponent to begin at that time:

> *"We strongly urge counsel to make this schedule work with an 8 am start time. The parties are well represented by numerous law firms with big teams of talented lawyers and should be able to accommodate an 8 am-4:30 pm deposition schedule for this non party individual."*

Hon. Lewis J. Liman
Page 2

*Id*.  Undersigned counsel tried earnestly and repeatedly to avoid seeking this relief from the Court, as set forth in Exhibit A hereto, and regrets the need to involve the Court in this matter but the conduct of counsel for the Wayfarer Defendants have left them with no other choice.[1]

      Ms. Lively asks the Court to enter an order holding that Ms. Lively, as the plaintiff, is entitled to be the first examiner in all depositions that are duly noticed as trial testimony.  As Plaintiff, Ms. Lively has the right to present her case-in-chief first.  Many of these depositions—including that of Mr. Greenstein to be conducted in California—likely will serve as trial testimony pursuant to Rule 32(a)(4)(B) of the Federal Rules of Civil Procedure ("Rule").  *See* Fed. R. Civ. P. 32(a)(4)(B) ("At a hearing or trial, all or part of a deposition may be used against a party on these conditions:…A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds… …").  It risks creating jury confusion to have the Wayfarer Defendants begin questioning for testimony that Ms. Lively likely will present as part of her case in chief.  For example, the order of questioning of a witness would materially influence how the jury perceives that witness.  If the jury first hears video excerpts of Ms. Lively's counsel asking questions that reference earlier questions posed by counsel for the Wayfarer Defendants, they will lack foundation to properly contextualize that testimony.  If Ms. Lively's counsel then plays the Wayfarer Defendants' original questions to establish that missing foundation, those foundational questions will have already been framed by the Wayfarer Defendants, further distorting the jury's perception of that witness.  The Court should exercise its authority to control the ordering of witness examination to ensure fairness and create an effective mechanism for the determination of the truth.  Fed. R. Evid. 611(a); *See, e.g.*, *Oakley v. MSG Networks, Inc.*, No. 17-CV-6903-RJS, 2024 WL 3758798, at *4 (S.D.N.Y. Aug. 12, 2024) (scheduling one deposition before another where such priority "will likely clarify the factual issues and streamline further discovery in this case").

      The Wayfarer Defendants' position—that they are entitled to be the first to question simply because they were the first to notice certain depositions—is contrary to law.  While it "was once well settled that 'priority in depositions went to the party first serving a notice of examination, absent compelling reasons to the contrary'," **that rule was "abolished in 1970 with the promulgation of Federal Rule of Civil Procedure 26(d)**."  *Guidehouse LLP v. Shah*, No. 1:19-CV-09470-MKV, 2020 WL 13927593, at *1–2 (S.D.N.Y. Oct. 27, 2020) (citations omitted) (emphasis added) (amendment intended to "make clear and explicit the court's power to establish priority by an order issued in a particular case").

      For the reasons explained herein, Ms. Lively respectfully requests the Court order the deposition of Mr. Greenstein to begin at 8 a.m. PST sharp—meaning testimony commences at that time—and enter an order holding that Plaintiff shall be the first to question Mr. Greenstein, and shall have four hours to question him, including 30 minutes of breaks if requested by the court reporter, videographer or deponent (i.e., from 8 a.m. to noon, PST).

---

[1] Ms. Lively's counsel has made good faith efforts to meet and confer with the Wayfarer Defendants' counsel, in accordance with this Court's Individual Practices, Section 4(c) and Fed. R. Civ. P. 37(a)(1), as illustrated in the attached email.  Ex. A.  Opposing counsel conveys various factual assertions and casts unfounded and irrelevant aspersions on Ms. Lively and her counsel in the conferral correspondence that are demonstrably false.

Hon. Lewis J. Liman
Page 3

                                             Respectfully submitted,

                                             /s/ Esra A. Hudson

| | |
|---|---|
| WILLKIE FARR & GALLAGHER LLP<br>Michael J. Gottlieb<br>Kristin E. Bender<br>1875 K Street NW<br>Washington, DC 20006<br>(202) 303-1000<br>mgottlieb@willkie.com<br>kbender@willkie.com<br><br>Aaron E. Nathan<br>787 7th Avenue<br>New York, NY 10019<br>(212) 728-8000<br>anathan@willkie.com<br><br>DUNN ISAACSON RHEE LLP<br>Meryl C. Governski (admitted *pro hac vice*)<br>401 Ninth Street, NW<br>Washington, DC 20004<br>(202) 240-2900<br>mgovernski@dirllp.com | MANATT, PHELPS & PHILLIPS, LLP<br>Esra A. Hudson (admitted *pro hac* vice)<br>Stephanie A. Roeser (admitted *pro hac v*ice)<br>2049 Century Park East, Suite 1700<br>Los Angeles, CA 90067<br>(310) 312-4000<br>ehudson@manatt.com<br>sroeser@manatt.com<br><br>Matthew F. Bruno<br>7 Times Sq.<br>New York, NY 10036<br>(212) 790-4500<br>mbruno@manatt.com<br><br><br>*Attorneys for Blake Lively* |