# EXHIBIT "A"

**LINER FREEDMAN TAITELMAN + COOLEY, LLP**
ATTORNEYS AT LAW

1801 CENTURY PARK WEST, 5TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6007
TEL: (310) 201-0005
FAX: (310) 201-0045
E-MAIL: egarofalo@lftcllp.com

ELLYN S. GAROFALO

September 27, 2025

*Via ECF*
Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

**Re:** *Blake Lively v. Wayfarer Studios LLC, et al.,* **Case No. 1:24-cv-10049-LJL**

Dear Judge Liman:

Josh Greenstein is a former executive involved in overseeing production of the film "It Ends With Us" which is the subject of this litigation. The Wayfarer Defendants have reason to believe that Mr. Greenstein may have communicated with Blake Lively during the filming of the IEWU concerning her complaints about the production and Wayfarer including the pace of the filming, the scope of her role in rewriting the script and editing the Film, her insistence that her cut of the Film – rather than the Director's, be released even though Ms. Lively's did not test as well and Ms. Lively's contemporaneous threats not to complete the Film or participate in its marketing unless Sony and the Wayfarer Defendants ceded to her demands. Ms. Lively may also have raised concerns with Mr. Greenstein over complaints of mistreatment on the set which is at the heart of her claims. The Wayfarer Defendants understand that Mr. Greenstein made the decision to release Ms. Lively's cut of the Film. The Wayfarer Defendants understand that Mr. Greenstein was and is an ally of Ms. Lively and will provide testimony that supports her allegations against Defendants. Given these facts, Mr. Greenstein's deposition is critical to Defendants' ability to prepare their defense for trial.

Defendants noticed. Greenstein's deposition for 9 a.m. on September 30, 2025. The date was selected after protracted negotiations with Mr. Greenstein's counsel. At Greenstein's request and for his convenience, Defendants set the location at the Paramount lot, where Mr. Greenstein is now employed. Greenstein's counsel recently advised that Mr. Greenstein is only available until 4:30 p.m. on September 30, 2025 but would ==not== appear on a second date if his examination was not completed on September 30. September 30 is the last day permitted for depositions by the Scheduling Order. Dkt. No. 425.

On Thursday, September 25, 2025, Stephanie Roeser, Ms. Lively's counsel, confirmed that the parties' time to depose Greenstein could be evenly split. *Id*., Ex. A. At 6:17 a.m. On September 26, Lively's counsel sent a curt email demanding that Lively's examination go first because she is the Plaintiff whose case will be presented first at trial.[1] *Id*., Ex. B. Lively's counsel made the same

---

[1] This, of course, is because the Plaintiff has the burden of proof. If Plaintiff fails to meet that burden on any issue at trial, the Defendant need not present any evidence on the issue, or even a defense at all.

Hon. Lewis J. Liman
September 27, 2025
Page 2

demand for the September deposition of Anne Carroll, which was initially noticed by Defendants. In the spirit of cooperation, Defendants agreed, only to be told that Ms. Carroll had an early flight to Vancouver. *Id*., ¶ 16. At the deposition, Lively's team failed to adhere to the times set for breaks, returning late, to frequent periodic breaks and lunch. *Id*. As a result, under pressure from Carroll's counsel (apparently being compensated by Lively) and with the deposition cut-off looming, Defendants were forced to rush through and truncate their deposition. Greenstein is a far more important witness. Accordingly, while again acting in the spirit of cooperation, Defendants agreed to allow Lively's examination to take precedence on the condition that Lively complete their examination by noon and, after a short lunch break, Defendants begin their examination, with Lively having any time left after Defendants' questioning and the 4:30 deadline imposed by Greenstein. Garofalo Decl., Ex. E. This schedule should permit both sides to complete their 3.5 hours of questioning. Defendants' explained that she was unavailable at 8:00 a.m. due to a personal matter. Lively's facile response was that Defendants' counsel could just send one of their multitude of other lawyers. *See Id.,* Exs. D-I. This fails to note that in contrast to the two large firms representing Lively, Defendants are represented by a small firm, with fewer than twenty lawyers and that there are three other depositions set in this matter on the same date.

Lively responded that her counsel would procced their questioning at 8 a.m., with or without the presence of counsel representing counsel. At 4:01 p.m., Roeser served a new notice of deposition and subpoena resetting Greenstein's deposition for 8 a.m. *Id*., Ex. K. Should that be permitted, testimony would be taken without the presence of anyone representing Defendants and Ms. Lively would have the opportunity to run the clock with multiple, extended breaks, leaving Defendants without any ability to fully depose a key witness, friending to Lively.

Lively cites authority purportedly for the notion that a plaintiff is entitled to take precedence at deposition because the plaintiff's case in chief at trial goes first. As noted, Defendants have agreed that Lively can go first subject to assurances that Defendants will have their full 3.5 hours. Moreover, the "priority" concerns addressed by Rule 26(d) are not present here where the order of examination will not delay Greenstein's deposition, there is no concern that the Defendants will jump the line by deposing a party first and Lively has not presented a compelling reason, let alone a most obviously compelling reason to vary priority. The amended rule is actually based on the prior Civil Rule 4 of the Southern District of New York which provided "starting 40 days after commencement of the action, unless otherwise ordered by the court, the fact that one party is taking a deposition shall not prevent another party from doing so 'concurrently.' That is exactly what is happening here where the lawyers have agreed that each will have equal footing. *Id.*

This dispute should not have required Court intervention over Ms. Lively's last minute demand that the deposition commence at 8 a.m. when both the original noticing party and Ms. Lively noticed the deposition for 9 a.m. The 9 a.m. start time, with the Parties agreement to limit breaks, would leave 7.5 hours of deposition time – more than enough for 3.5 hours per side. Again, Defendants have agreed to the highly unusual request that Ms. Lively question Mr. Greenstein first, but cannot agree to the 8 a.m. start time. Accordingly, Defendants respectfully request that the Court deny Ms. Lively's emergency request for an early start to Greenstein's deposition and order a 9 a.m. start time, with Ms. Lively completing her examination at 12 noon to ensure that the Defendants have their full 3.5 hours to fully examine Greenstein.

Hon. Lewis J. Liman
September 27, 2025
Page 3

        Respectfully submitted,
        /s/     Ellyn S. Garofalo
        LINER FREEDMAN TAITELMAN + COOLEY, LLP
        Bryan J. Freedman*
        Ellyn S. Garofalo*
        1801 Century Park West, 5th Floor
        Los Angeles, CA  90067
        Tel: (310) 201-0005
        Email: bfreedman@lftcllp.com
                egarofalo@lftcllp.com
            *Admitted *Pro Hac Vice*

cc: all counsel of record (via ECF)