UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>          Plaintiff,<br><br>-v-<br><br>WAYFARER STUDIOS LLC, et al.,<br><br>          Defendants. | No. 24-cv-10049 (LJL) (lead case) |
| WAYFARER STUDIOS LLC, et al.,<br><br>          Plaintiffs,<br><br>-v-<br><br>BLAKE LIVELY, et al.<br><br>          Defendants. | No. 25-cv-00449 (LJL) (member case) |

**DEFENDANT BLAKE LIVELY'S REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, TREBLE DAMAGES, AND PUNITIVE DAMAGES UNDER CALIFORNIA CIVIL CODE SECTION 47.1**

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ............................................................................................................. 1
II. SECTION 47.1 DOES NOT INFRINGE THE WAYFARER PARTIES' CONSTITUTIONAL RIGHTS ............................................................................................ 3
III. THE WAYFARER PARTIES' EXTRATERRITORIALITY ARGUMENT IS MERITLESS. ..................................................................................................................... 6
IV. FACTUAL FINDINGS AS TO MS. LIVELY'S *AFFIRMATIVE* CLAIMS HAVE NO BEARING ON WHETHER SECTION 47.1 APPLIES. ............................................ 9
V. MS. LIVELY IS ENTITLED TO ACTUAL, TREBLE, AND PUNITIVE DAMAGES ..................................................................................................................... 10
VI. CONCLUSION ................................................................................................................ 10

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Aalmuhammed v. Lee*,
  202 F.3d 1227 (9th Cir. 2000) ............................................................................................8

*Action Apartment Assn., Inc. v. City of Santa Monica*,
  41 Cal. 4th 1232 (2007) ................................................................................................4, 5

*Albertson v. Raboff*,
  46 Cal. 2d 375 (1956) ......................................................................................................5

*Apple Inc. Device Performance Litig.*,
  347 F. Supp. 3d 434 (N.D. Cal. 2018) ..............................................................................7

*Bailey v. San Francisco Dist. Attorney's Off.*,
  16 Cal. 5th 611 (2024) ....................................................................................................10

*BE & K Const. Co. v. N.L.R.B.*,
  536 U.S. 516 (2002)..........................................................................................................4

*Beeman v. Burling*,
  216 Cal. App. 3d 1586 (1990) ........................................................................................10

*Bulkley v. Klein*,
  206 Cal. App. 2d 742 (1962) ............................................................................................6

*Cabrera v. Google LLC*,
  2023 WL 5279463 (N.D. Cal. Aug. 15, 2023) .................................................................7

*Ceron v. Liu*,
  112 Cal. App. 5th 307 (2025) ...........................................................................................6

*Diamond Multimedia Sys., Inc. v. Super. Ct.*,
  19 Cal. 4th 1036 (1999) ................................................................................................7, 9

*eShares, Inc. v. Talton*,
  2025 WL 936921 (S.D.N.Y. Mar. 27, 2025) ....................................................................7

*Fairfield Sentry Ltd.*,
  147 F.4th 136 (2d Cir. 2025) ............................................................................................8

*Gravquick A/S v. Trimble Navigation Int'l*,
  323 F.3d 1219 (9th Cir. 2003) ......................................................................................3, 7

*Hawran v. Hixson*,
  209 Cal. App. 4th 256 (2012) ...........................................................................................6

*Hill v. Workday Inc.*,
  773 F. Supp. 3d 779 (N.D. Cal. Mar. 28, 2025) ...............................................................7

*Hirschfeld v. Spanakos*,
  104 F.3d 16 (2d Cir. 1997)..........................................................................................1, 4

*Lewis v. City of Benicia*,
    224 Cal. App. 4th 1519 (2014) ..................................................................................9

*Mai v. HKT Cal, Inc.*,
    66 Cal. App. 5th 504 (2021) ....................................................................................10

*Nat'l Jewish Democratic Council v. Adelson*,
    417 F. Supp. 3d 416 (S.D.N.Y. 2019) ........................................................................4

*Nguyen v. Proton Tech. Corp.*,
    69 Cal. App. 4th 140 (1999) ......................................................................................6

*O'Connor v. Uber Techs., Inc.*,
    58 F. Supp. 3d 989 (N.D. Cal. 2014) .........................................................................7

*People ex rel. DuFauchard v. U.S. Fin. Mgmt.*,
    169 Cal. App. 4th 1502 (2009) ..................................................................................9

*People v. Navarro*,
    7 Cal. 3d 248 (1972) ..................................................................................................4

*Primetime 24 Joint Venture v. Nat'l Broad., Co., Inc.*,
    219 F.3d 92 (2d Cir. 2000) .........................................................................................4

*Rothman v. Jackson*,
    49 Cal. App. 4th 1134 (1996) ....................................................................................6

*Stovall v. Align Tech., Inc.*,
    2020 WL 264402 (N.D. Cal. Jan. 17, 2020) ..............................................................8

*Sullivan v. Oracle Corp.*,
    51 Cal. 4th 1191 (2011) .............................................................................................7

## STATUTES

Cal. Civ. Code § 47 ............................................................................................................1, 4

Cal. Civ. Code § 47.1 ................................................................................................... passim

Cal. Civ. Code § 3294 ................................................................................................. 6, 7, 8

I.  **INTRODUCTION**

The Wayfarer Parties brought a meritless defamation action in New York under California law using California-based attorneys representing a California company based, in large part, on a complaint Ms. Lively filed with the California Civil Rights Department ("CRD"). The Court dismissed the Wayfarer Parties' lawsuit against Ms. Lively, including their defamation claim and every other claim they alleged. They now seek to repudiate their invocation of California law to avoid the consequences of their failed litigation strategy. They advance three arguments for why the Court cannot, or should not, rule on Ms. Lively's motion, all of which fail.

*First*, the Wayfarer Parties suggest that this Court cannot rule on Ms. Lively's motion because it presents issues of "first impression" under Section 47.1, including ill-defined "constitutional concerns and conflicts." (Dkt. No. 799, "Opp.," p. 7, fn.3, pp. 10-14.) It goes without saying that this Court has the authority to rule on matters of first impression, including Ms. Lively's motion—especially when, as here, the Wayfarer Parties' ***own claims and litigation conduct before this Court*** have put Section 47.1 at issue. Nor do the Wayfarer Parties' free speech arguments under the *Noerr-Pennington* doctrine and California's litigation privilege (Cal. Civ. Code § 47) change this, as the Second Circuit has not decided whether *Noerr-Pennington* even "extends to non-commercial litigation," *Hirschfeld v. Spanakos*, 104 F.3d 16, 19 (2d Cir. 1997), and the canons of statutory construction compel the conclusion that Section 47.1 carves out an exception to California's statutory litigation privilege.

*Second*, the Wayfarer Parties' argument that Section 47.1 does not apply extraterritorially where Ms. Lively is not a California resident and the Film was shot outside California (Opp. p. 17) is similarly meritless. None of the Wayfarer Parties' case law addresses application of a state's law when the party resisting application *itself* brought claims under that state's law. Even if they did not invite application of Section 47.1 upon themselves (which they did), there exists a sufficient

nexus between California and the Wayfarer Parties' *retaliatory defamation action based on Ms. Lively's California CRD Complaint*—the only conduct relevant here—to justify its application.

*Third,* the Wayfarer Parties argue that the Court cannot apply Section 47.1 without "factual findings" that Ms. Lively acted "without malice" and had a "reasonable basis" to make her complaints about harassment and retaliation. (Opp. p. 19.) In effect, the Wayfarer Parties argue that the Court cannot conclude that Ms. Lively is the "prevailing defendant" in the defamation action, which has now been dismissed with prejudice or abandoned in its entirety. Instead, they argue, Ms. Lively must endure a jury trial to prove that she already prevailed. This makes no sense and runs counter to the California Legislature's express intent to provide remedies to a successful defendant "at the earliest stage – typically through a motion to dismiss." (Dkt. No. 748-1 "Mot." p. 2.) In a perverse twist, the Wayfarer Parties attempt to justify the exact type of "protracted" litigation the statute was designed to curb by arguing that Ms. Lively's affirmative claims, with which the Wayfarer Parties' *separate* lawsuit had previously been consolidated, present the "same factual issues" as her motion under Section 47.1 and thus must be decided together to avoid inconsistent rulings. (Opp. p. 19.) This is wrong. Ms. Lively's claims do *not* necessitate Ms. Lively to *prove* that she acted "without malice." The Wayfarer Parties did not allege otherwise in their lawsuit, and should not benefit from the fact that Ms. Lively's affirmative claims remain standing.

*Finally*, the Wayfarer Parties argue that Ms. Lively has not established a basis upon which the Court can calculate treble damages, and cannot establish her right to punitive damages absent a factual finding from a jury. Not so. Ms. Lively has already requested a schedule to introduce evidence of her actual damages, which will be established by the close of expert discovery on November 14, 2025, and which the Court can then treble. Moreover, California precedent confirms that a judge may award punitive damage under California Civil Code section 3492. Indeed, that

authority should apply with greater force where, as here, the malicious, oppressive or fraudulent conduct is the Wayfarer Parties' *litigation* conduct—which is evident on the Court's own docket.

The Wayfarer Parties should not be permitted to avoid the consequences of their retaliatory litigation tactics any longer. The Court can and should rule on Ms. Lively's motion at this juncture, and set an evidentiary hearing to establish Ms. Lively's attorneys' fees and damages.

## II.    SECTION 47.1 DOES NOT INFRINGE THE WAYFARER PARTIES' CONSTITUTIONAL RIGHTS

The Wayfarer Parties' suggestion that it is somehow improper for this Court to rule on Ms. Lively's motion since California courts have yet to interpret Section 47.1 is incorrect. *See Gravquick A/S v. Trimble Navigation Int'l*, 323 F.3d 1219, 1222 (9th Cir. 2003) ("In the absence of a controlling California Supreme Court decision, the [court] must predict how the California Supreme Court would decide the issue[.]"). This Court is plainly empowered to interpret Section 47.1 where the Wayfarer Parties' own litigation conduct implicated it, and the Court expressly allowed Ms. Lively to "renew" her arguments thereunder.[1] If the Wayfarer Parties did not want to face the consequences of California law, they should not have invoked it in the first place (and on multiple occasions thereafter). The Wayfarer Parties also assert that this Court cannot rule on Ms. Lively's motion because it presents issues of "first impression," including "constitutional concerns and conflicts." (Opp. pp. 7, 10.) Specifically, they argue that Section 47.1 infringes upon their First Amendment right to bring "unsuccessful" claims under the *Noerr-Pennington* doctrine and California's litigation privilege.[2] (*Id*. p. 11.) Both arguments fail.

The Wayfarer Parties' *Noerr-Pennington* challenge, bares bones as it is, fails to raise free

---

[1] The Wayfarer Parties mischaracterize the Court's prior ruling, stating that the Court "denied" relief under Section 47.1. (Opp. p. 10.) In fact, the Court did not reach the issue and expressly allowed Ms. Lively to renew these very arguments. (*See* Dkt. No. 296, p. 131.)

[2] Although the Wayfarer Parties also gesture at the "Fourth Amendment's prohibition against excessive penalties (treble and punitive)" (Opp. p. 7), they cite no authority nor provide any explanation to support this argument.

3

speech concerns. A court in this District rejected a similar challenge, noting the Supreme Court's "caution" that "the *PRE* standard is a 'doctrine of antitrust law' and that its holding is firmly grounded in the 'text' of the Sherman Act and the 'context' of antitrust liability." *Nat'l Jewish Democratic Council v. Adelson*, 417 F. Supp. 3d 416, 430 (S.D.N.Y. 2019). As in *Adelson*, "[t]his admonition against mission creep applies here in full." *Id.* The Second Circuit has not decided whether *Noerr-Pennington* even "extends to non-commercial litigation," *Hirschfeld*, 104 F.3d at 19, and even if it did, it would not extend to Section 47.1, which *itself exists to protect First Amendment protected conduct*. Further, a defamation claim is not itself a constitutional right; the elements and scope of the claim may be limited by common or statutory law, as discussed further below. Moreover, any risk that Section 47.1's treble damages provision would chill petitioning activity in the form of defamation suits is outweighed by the risk—recognized by the California Legislature—that retaliatory defamation suits would chill reports about sexual harassment. Finally, even if *Noerr-Pennington* applied to Section 47.1, the Wayfarer Parties' case would fall under an extension of the "sham exception" as a baseless abuse of judicial process based on the patent deficiencies in their now-dismissed claims. *See, e.g.*, *Primetime 24 Joint Venture v. Nat'l Broad., Co., Inc.*, 219 F.3d 92, 99-101 (2d Cir. 2000).[3]

The Wayfarer Parties' argument under California's litigation privilege, Cal. Civ. Code § 47, is equally deficient. As the California Supreme Court has emphasized, "the litigation privilege . . . is not without limit." *Action Apartment Assn., Inc. v. City of Santa Monica*, 41 Cal. 4th 1232, 1242 (2007). Numerous exceptions to the litigation privilege have been recognized "based on

---

[3] Even if *Noerr-Pennington* bars Section 47.1 treble damages (which it does not), such a bar would not preclude the independent fee-shifting remedy. *Noerr-Pennington* does not apply to fee-shifting provisions. *See BE & K Const. Co. v. N.L.R.B.*, 536 U.S. 516, 537 (2002). Considering California's presumption of severability and the "history and purposes of the legislation," it is evident that the California Legislature would have enacted the fee-shifting provision alone. *People v. Navarro*, 7 Cal. 3d 248, 261 (1972).

4

irreconcilable conflicts between the privilege and other co-equal state laws*,*" such as perjury, false report of a criminal offense, and discipline of attorneys who engage in solicitation. *Id*. at 1245-1247 (collecting cases). These exceptions have all been guided by the settled rule of statutory construction that "particular provisions will prevail over general provisions." *Id*. at 1246. Based on this principle, Section 47.1 clearly reflects the California Legislature's intent to carve out an exception to the litigation privilege to deter retaliatory defamation actions based on reports of sexual harassment and retaliation. Indeed, like each of the exceptions discussed in *Action Apartment,* Section 47.1 "is more specific than the litigation privilege and would be significantly or wholly inoperable if its enforcement were barred when in conflict with the privilege." *Id*. This overlap therefore *reinforces*—not undermines—that Section 47.1 is an exemption to the privilege.

Nor is Section 47.1 an outlier—California courts have long carved out exceptions where the privilege would otherwise shield wrongful conduct. For example, as the Wayfarer Parties' own authority confirms, California recognizes an exception for malicious prosecution claims. (Opp. p. 12); *Albertson v. Raboff*, 46 Cal. 2d 375, 382 (1956) ("[T]he fact a communication may be absolutely privileged for the purposes of a defamation action does not prevent its being an element … for malicious prosecution[.]"). This is because California's "policy of encouraging free access to the courts that underlies the absolute privilege applicable in defamation actions is outweighed by the policy of affording redress for individual wrongs." *Id*; *Action Apartment*, 41 Cal. 4th at 1242 (same). The same reasoning applies here: the Legislature enacted Section 47.1 to protect victims and to "remedy the financial and psychological costs" of litigation. (Mot. pp. 14–15.)

In any event, many of the public communications on which Ms. Lively's motion relies are not privileged at all, including, for example, Sarowitz's and Freedman's out-of-court statements. (*E.g.,* Mot. pp. 4, 5, 12.) For the litigation privilege to apply, a communication must bear "a

5

*functional* connection" to the litigation, "i.e., the communication must 'function as a necessary or useful step in the litigation process and must serve its purposes," and cannot merely advance parallel interests, such as "vindication in the court of public opinion." *Hawran v. Hixson*, 209 Cal. App. 4th 256, 283 (2012). Accordingly, courts consistently hold that certain public statements, like those addressed in Ms. Lively's motion, fall outside the privilege. *See id*. at 283-284 (collecting cases); *Rothman v. Jackson*, 49 Cal. App. 4th 1134, 1148–49 (1996) ("[W]e hold that the litigation privilege should not be extended to 'litigating in the press.'").

Finally, the Wayfarer Parties' assertion that a jury must determine malice under Section 47.1 fails. Where the facts are undisputed—as they are here given Ms. Lively is undeniably the "prevailing defendant" in the failed defamation action—the applicability of a privilege is a question of law. *Nguyen v. Proton Tech. Corp*., 69 Cal. App. 4th 140, 147 (1999); *Rothman*, 49 Cal. App. 4th at 1139–40 (same). Moreover, the Wayfarer Parties identify no reason the Court could not decide the issue sitting as the trier of fact. *See generally Ceron v. Liu,* 112 Cal. App. 5th 307, 310 (2025) (court issued statement of decision on malicious prosecution action); *Bulkley v. Klein*, 206 Cal. App. 2d 742, 745 (1962) (same).

### III. THE WAYFARER PARTIES' EXTRATERRITORIALITY ARGUMENT IS MERITLESS.

Next, the Wayfarer Parties argue that the Court should not apply Section 47.1 or Section 3294 against them because Ms. Lively "is a resident of New York and the underlying conduct occurred in New York." (Opp. pp. 14, 17). This argument fails on multiple fronts.

None of the cases cited by the Wayfarer Parties address application of a state's law *that the party opposing application itself invoked*.[4] Rather, their authority involves cases in which a

---

[4] Indeed, in opposition to Ms. Lively's Motion to Dismiss, the Wayfarer Parties "agree[d] that California law applies to their claims." (Dkt. No. 162, at 3; *see also* Dkt. No. 50 at 211, Dkt. No. 121 at 13.) Ms. Lively's Loanout Agreement also contained an express California choice of law provision. (Dkt. No. 521 at 53 fn. 21.)

6

defendant is sued in California and argues against extraterritorial application of a California statute to out-of-state parties or for conduct that occurred outside California. (*See* Opp. pp. 14-18.) Here, the Wayfarer Parties intentionally brought suit in New York under California law *for their own benefit* and now argue that California law should not apply *to them in the same litigation*. This position is absurd and must be rejected.

The Ninth Circuit has squarely rejected the Wayfarer Parties' position on choice of law, holding that a California statute **could** apply to out-of-state parties where the parties agreed to apply California law.[5] *Gravquick,* 323 F.3d at 1223. The Ninth Circuit explained: "[i]f a state law does not have limitations on its geographical scope, courts will apply it to a contract governed by that state's law, even if parts of the contract are performed outside of the state." *Id*. The Wayfarer Parties do not identify any geographic limitations in the language of Section 47.1 or Section 3294, thus the parties' agreement to apply California law controls. *In re Apple Inc. Device Performance Litig.*, 347 F. Supp. 3d 434, 448 (N.D. Cal. 2018) ("Having determined that the parties agreed that California law would apply … the Court need not address Apple's arguments as to whether the California laws apply extraterritorially"); *Cabrera v. Google LLC*, 2023 WL 5279463, at *36–37 & n.25 (N.D. Cal. Aug. 15, 2023) (same).[6]

Even if the presumption against extraterritoriality did apply here (it does not), the Court should still apply Section 47.1 because the conduct relevant to Ms. Lively's motion has a sufficient nexus to California. The Wayfarer Parties principally argue that there is no such connection

---

[5] Courts in this district follow the guidance of California courts when addressing the extraterritorial reach of California statutes. *See, e.g., eShares, Inc. v. Talton*, 2025 WL 936921, at *15 (S.D.N.Y. Mar. 27, 2025).

[6] *O'Connor v. Uber Techs., Inc.*, 58 F. Supp. 3d 989 (N.D. Cal. 2014) and *Hill v. Workday Inc.*, 773 F. Supp. 3d 779 (N.D. Cal. Mar. 28, 2025), which the Wayfarer Parties rely upon, are not binding and other district courts have declined to follow them. *See In re Apple,* 347 F. Supp. 3d at 448; *Cabrera,* 2023 WL 5279463, at *36–37 & n.25. Indeed, *O'Connor* and *Hill* rely on *Sullivan v. Oracle Corp.,* 51 Cal. 4th 1191 (2011) and *Diamond Multimedia Sys., Inc. v. Super. Ct.*, 19 Cal. 4th 1036 (1999), but neither of these decisions concerned an agreement between the parties that California law would govern their relationship.

because the Film was shot outside California and Ms. Lively is not a California resident. This misses the mark. The relevant conduct here is the Wayfarer Parties' retaliatory *litigation* based on statements contained within Ms. Lively's complaint to a California agency—not the sexual harassment and smear campaign allegations underlying Ms. Lively's affirmative claims. And to the extent the Wayfarer Parties concede that the "filing and dismissal" of their claims is relevant, those claims are clearly tied to California. It is undisputed that Wayfarer Studios, LLC is a California-based company, which retained California-based attorneys to file a defamation action under California law based, in principal part, on allegations made in Ms. Lively's CRD complaint. (*See* Dkt. No. 50.) The relevant conduct therefore did not take place "wholly outside" California and, therefore, Section 47.1 and Section 3294 should apply. *See Stovall v. Align Tech., Inc.*, 2020 WL 264402, at *3 (N.D. Cal. Jan. 17, 2020) (non-California resident employee could assert FEHA claim because "the ultimate discriminatory action" was "directed, overs[een], and ratified … from California."); *Aalmuhammed v. Lee,* 202 F.3d 1227, 1238 (9th Cir. 2000) (reversing dismissal based on extraterritoriality where a party may have worked by "phone and email from California").

Finally, strong public policy considerations weigh in favor of applying Section 47.1. The California Legislature enacted Section 47.1 to protect victims of sexual assault, harassment, and discrimination, and **to ensure that perpetrators cannot misuse litigation as a tool of intimidation and retaliation**. Allowing the Wayfarer Parties to invoke California law as the basis for their affirmative claims against Ms. Livley in New York while simultaneously disclaiming its protections for Ms. Lively would subvert that legislative purpose and strip Section 47.1 of its intended force. As the Second Circuit has cautioned, courts should not permit litigants to "have it both ways"—invoking the benefits of a legal regime while avoiding its limitations. *In re Fairfield Sentry Ltd.*, 147 F.4th 136, 160 (2d Cir. 2025). Moreover, "[t]he presumption [against

8

extraterritoriality] . . . has never been applied to an injured person's right to recover damages" from an unlawful act "committed in California." *Diamond*, 19 Cal. 4th at 1059; *People ex rel. DuFauchard v. U.S. Fin. Mgmt.*, 169 Cal. App. 4th 1502, 1518–19 (2009) (same).

### IV. FACTUAL FINDINGS AS TO MS. LIVELY'S *AFFIRMATIVE* CLAIMS HAVE NO BEARING ON WHETHER SECTION 47.1 APPLIES.

The Wayfarer Parties further assert that the Court cannot rule on Ms. Lively's motion until a trier of fact determines that Ms. Lively acted "without malice" in communicating about the Wayfarer Parties' sexual harassment and retaliation, and that Ms. Lively had a "reasonable basis" to report her concerns about the workplace. *See* Cal. Civ. Code § 47.1. Ms. Lively is unquestionably the "prevailing defendant" in the failed defamation action. The Court's dismissal order, which holds that Reynolds, Sloane and The New York Times did not act with malice, ***including because Ms. Lively gave them no reason to doubt her version of events*** (Mot. p. 22), only bolsters this conclusion. To insist Ms. Lively re-prove these "facts" at trial would cut Section 47.1 off at the knees. The California Legislature made clear that Section 47.1 remedies must be made available "at the earliest stage" to prevent "protracted" litigation that would re-victimize complainants. (Dkt. No. 241-1, p. 17.) Forcing Ms. Lively to endure a jury trial to establish what is already plain from this Court's own rulings would run contrary to the statute.

Nor do the Wayfarer Parties' attempts to muddy the waters by claiming that Ms. Lively's Section 47.1 motion presents the "same factual issues" as her affirmative claims withstand scrutiny. Whether Ms. Lively acted "without malice" to make her complaints is not a necessary element of her affirmative claims. Ms. Lively does not have to prove that she made a complaint *at all* to prevail in her sexual harassment claims.[7] As for retaliation, Ms. Lively only must prove that she engaged in a "protected activity," *i.e.*, that she opposed unlawful harassment. The Wayfarer

---

[7] *Lewis v. City of Benicia*, 224 Cal. App. 4th 1519, 1524 (2014) (providing harassment elements).

Parties' contention that Ms. Lively must first prove her entire retaliation claim[8] imposes an unwarranted burden on Ms. Lively, especially where the Wayfarer Parties have already admitted *they believed* Ms. Lively made her complaints in good faith (*see* Dkt. No. 50-1 p. 155, referencing a text message exchange between Mr. Baldoni and Ms. Nathan, in which both agree that Ms. Lively "***genuinely believes she's right*** and that all of this is unjust") and this Court has already recognized the "strength of the evidence in favor of a smear campaign." (Dkt. No. 296, pp. 115, 119.)

## V. MS. LIVELY IS ENTITLED TO ACTUAL, TREBLE, AND PUNITIVE DAMAGES

Finally, the Wayfarer Parties' contention that the Court cannot award treble damages because Ms. Lively has not yet established her actual damages fails. Indeed, Ms. Lively seeks a schedule for the submission of damages evidence, which the Court may then treble under Section 47.1. (*See* Mot. p. 28.) Further, contrary to the Wayfarer Parties' position, California courts hold that "the judge or jury, as the case may be, has the authority to decide whether and what amount of punitive damages should be awarded." *Beeman v. Burling*, 216 Cal. App. 3d 1586, 1597 (1990); *see also Mai v. HKT Cal, Inc.*, 66 Cal. App. 5th 504, 527 (2021) ("Punitive damages award amount is a 'question[ ] committed to the trier of fact'—in this case, the trial court").

The Court is therefore fully empowered to determine the application of punitive damages at this juncture. If the Court concludes that further evidence is warranted, Ms. Lively seeks a brief evidentiary hearing on these discrete issues, which should be held separate from the trial on Ms. Lively's affirmative claims to avoid confusing the issues or the jury, and to provide Ms. Lively with the prompt relief the California Legislature intended.

## VI. CONCLUSION

For the foregoing reasons, the Court should grant Ms. Lively's motion in its entirety.

---

[8] *Bailey v. San Francisco Dist. Attorney's Off.*, 16 Cal. 5th 611, 636 (2024) (providing retaliation elements).

|  | Respectfully submitted, |
|---|---|
| Dated: September 29, 2025 | /s/ *Esra A. Hudson* |

| | |
|---|---|
| Michael J. Gottlieb | Esra A. Hudson (admitted *pro hac vice*) |
| Kristin E. Bender | Stephanie A. Roeser (admitted *pro hac vice*) |
| Willkie Farr & Gallagher LLP | Sarah E. Moses (admitted *pro hac vice*) |
| 1875 K Street NW | Manatt, Phelps & Phillips, LLP |
| Washington, DC 20006 | 2049 Century Park East, Suite 1700 |
| (202) 303-1000 | Los Angeles, CA 90067 |
| mgottlieb@willkie.com | (310) 312-4000 |
| kbender@willkie.com | ehudson@manatt.com |
| mgovernski@willkie.com | sroeser@manatt.com |
| | smoses@manatt.com |
| Aaron Nathan | |
| Willkie Farr & Gallagher LLP | Matthew F. Bruno |
| 787 7th Avenue | Manatt, Phelps & Phillips, LLP |
| New York, NY 10019 | 7 Times Sq. |
| (212) 728-8000 | New York, NY 10036 |
| anathan@willkie.com | (212) 790-4500 |
| | mbruno@manatt.com |
| Meryl C. Governski (admitted *pro hac vice*) | |
| Dunn Isaacson Rhee LLP | *Attorneys for Blake Lively* |
| 401 Ninth Street, NW | |
| Washington, DC 20004 | |
| (202) 240-2900 | |
| mgovernski@dirllp.com | |