**LINER FREEDMAN TAITELMAN + COOLEY, LLP**
ATTORNEYS AT LAW

**1801 CENTURY PARK WEST, 5TH FLOOR**
**LOS ANGELES, CALIFORNIA  90067-6007**
TEL: (310) 201-0005
FAX: (310) 201-0045
E-MAIL:  egarofalo@lftcllp.com

ELLYN S. GAROFALO

September 29, 2025

*Via ECF*
Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

**Re:**   *Blake Lively v. Wayfarer Studios LLC, et al.,* **Case No. 1:24-cv-10049-LJL**

Dear Judge Liman:

      We write on behalf of Defendants Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Jennifer Abel, Melissa Nathan, and The Agency Group PR LLC (collectively the "Wayfarer Parties") in opposition to Plaintiff Blake Lively's ("Lively") Motion to Compel (Dkt. No. 806).  The Court should not grant the relief requested.

      In its August 29, 2025 Order (Dkt. No. 727) granting in part and denying in part Lively's previous motion to compel, the Court ordered the Wayfarer Parties to produce documents and communications dated between December 20, 2024 (the date litigation began) and February 18, 2025 (the date Lively filed her First Amended Complaint). (Dkt. No. 727, at 12.)  The Court further ordered the Wayfarer Parties to produce a privilege log of documents from that time period that were withheld on a claim of privilege.  (*Id.*)  The Court granted the Wayfarer Parties leave to submit a categorical privilege log pursuant to Local Rule 26.2(c).  (*Id.*)

      The Wayfarer Parties did so.  (Bruno Decl., Ex. A.)  On September 9, 2025, Lively requested to meet and confer about the privilege log, which occurred on September 10, 2025.  (Declaration of Theresa M Troupson, ¶ 2.)  During that conference, Lively requested that the Wayfarer Parties (1) provide additional information about the basis for assertions of privilege over communications that included Defendant Jed Wallace, (2) provide additional information about the basis for assertions of privilege over communications that included Spencer Freedman and Jared Freedman, and (3) amend their categorical privilege log to reflect the number of documents withheld within each category. (Troupson Decl., ¶ 3.)  In response, the Wayfarer Parties informed Lively that Defendants Jed Wallace and Street Relations Inc. were represented in connection with this matter by counsel for the Wayfarer Parties and pointed them to the already-produced retainer agreement executed by Mr. Wallace in December 2024.  (Troupson Decl., ¶ 4.)  The Wayfarer Parties further informed Lively that Spencer Freedman and Jared Freedman were law clerks assigned to work on this litigation. (Troupson Decl., ¶ 5.)  Finally, the Wayfarer Parties agreed to produce a categorical privilege log identifying the number of documents withheld within each category identified on the privilege log, and did so on September 15.  (Troupson Decl., ¶ 6; Bruno Decl., Exs. B-C.)

Hon. Lewis J. Liman
September 29, 2025
Page 2

The Wayfarer Parties then produced an amended categorical privilege log showing approximately 4,600 Signal chats. The Wayfarer Parties, however, alerted Lively that this number did not accurately reflect the numbers of Signal chats as it included each attachment as a separate document; in other words, a single Signal thread that attached five images would be counted as *six* documents. (Troupson Decl., ¶ 8; Bruno Decl., Ex. C.) Similarly, where multiple recipients were included in a particular Signal chat, the identical document would have been collected from each of those recipients. (*Id.*) Therefore, if five custodians participated in the same chat, five copies of that chat would be included in the total of privileged documents. Due to the abbreviated time frame in which Lively demanded an amended categorical privilege log, the Wayfarer Parties were unable to provide a count of the individual, de-duplicated Signal communications withheld on the basis of privilege, a time-consuming undertaking requiring manual re-review of documents already determined to be privileged. (Troupson Decl., ¶ 8.) Since producing their amended categorical privilege log, the Wayfarer Parties have reviewed the documents and can confirm that that once de-duped, there are under 300 privileged communications during the relevant period. (Troupson Decl., ¶ 9.)

The Wayfarer Parties have also re-reviewed communications involving Jared Freedman and Spencer Freedman without attorneys as participants. There are *three* such documents that were withheld on privilege grounds. All three relate directly to the preparation of legal documents in connection with this litigation, with which Jared Freedman and Spencer Freedman were instructed by attorneys to assist. (Troupson Decl., ¶ 10.)

Moreover, Lively *never* informed the Wayfarer Parties that she intended to move to compel a document-by-document privilege log, nor asked the Wayfarer Parties their position. (Troupson Decl., ¶ 11.) By failing to identify the relief she now seeks and to give the Wayfarer Parties an opportunity to respond, Lively failed to meaningfully meet and confer as required by Rule 4.C of the Court's Individual Practices, and the Court should deny the Motion on this basis alone. (*See Jones v. Abel et al.*, Case No. 1:25-cv-00779-LJL, Dkt. No. 135 (Sept. 26, 2025) (denying motion to compel third party deposition solely based on failure to meet and confer).) Lively not only failed to meet and confer as the Court requires, but also fails to articulate any basis for requiring a document-by-document identification and description of the Wayfarer Parties' privileged Signal communications. Further, although Lively has repeatedly demanded additional information with respect to the Wayfarer Parties' original and amended categorical privilege logs, she has failed, despite repeated requests, to specify the "additional information" she seeks. (Troupson Decl., ¶ 7.) Lively misrepresents the Wayfarer Parties' position by stating that the Wayfarer Parties "declined" to provide additional information. (Mot. at 2.) On the contrary, the Wayfarer Parties repeatedly asked Lively to specify what additional information would satisfy her demands, but have been repeatedly rebuffed. (Troupson Decl., ¶ 7; Bruno Decl., Exs. C-D.)

The Wayfarer Parties produced a categorical privilege log mirroring those produced by others in this litigation. (*See* Troupson Decl., Exs. A-C.) In fact, the Wayfarer Parties provided *more* information in some instances, including by amending to specify the number of documents withheld even though Local Rule 26.2(c) does not require doing so. Lively relies on her theory of an ongoing retaliation campaign against her as justification for probing into communications protected by attorney-client privilege *during litigation*—despite having never produced *any* evidence that such a campaign existed either before or during this action.

   Nevertheless, the Wayfarer Parties are willing to provide a further amended categorical privilege log that subdivides the privileged Signal communications into categories by the participants in each group of communications.  If additional information about the description of those groups of communications can be provided without waiver of attorney-client privilege, the Wayfarer Parties will provide it.  Requiring the Wayfarer Parties to do more would flout the decisions in this District holding that parties need not provide a privilege log for post-litigation communications at all, let alone a document-by-document privilege log.  *Gary Friedrich Enters., LLC v. Marvel Enters., Inc.*, 2011 WL 1642381, at *2 (S.D.N.Y. Apr. 26, 2011) (even if documents dated post-complaint are relevant, that party "need not individually identify each privileged communication created in connection with [the] litigation" given that once litigation begins most communications are privileged); *see also*, *e.g.*, *Capitol Records, Inc. v. MP3tunes, LLC*, 261 F.R.D. 44, 51 (S.D.N.Y. 2009) ("[T]he Court will not require [a party] to record on its privilege log any attorney-client communications or work product documents created after the date the . . . action was filed."); *United States v. Bouchard Transp.*, 2010 WL 1529248, at 2 (E.D.N.Y. 2010) ("privilege logs are commonly limited to documents created before the date litigation was initiated*");  OnActuate Consulting Inc. v. Aeon Nexus Corp.*, 2022 WL 866418, at *11 (N.D.N.Y. Mar. 23, 2022) ("This Court has explained that 'parties should not be required to list on a privilege log, on an ongoing basis, communications between attorney and client once litigation has commenced.'"); *Carotek, Inc. v. Kobayashi Ventures, LLC*, 2010 WL 2102627, at *1 (S.D.N.Y. May 14, 2010) (finding "no need" for materials generated after the start of the litigation to have been included in a privilege log).

              Respectfully submitted,
               */s/  Ellyn S. Garofalo*
               LINER FREEDMAN TAITELMAN + COOLEY, LLP
               Bryan J. Freedman*
               Ellyn S. Garofalo*
               1801 Century Park West, 5th Floor
               Los Angeles, CA  90067
               Tel: (310) 201-0005
               Email: bfreedman@lftcllp.com
                   egarofalo@lftcllp.com
                *Admitted *Pro Hac Vice*

cc: all counsel of record (via ECF)