UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

BLAKE LIVELY,

                Plaintiff,

v.

WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, THE AGENCY GROUP PR LLC, JENNIFER ABEL, JED WALLACE, and STREET RELATIONS INC.,

                Defendants.

---------------------------------------------------------------- 

JENNIFER ABEL,

                Third-Party Plaintiff,

v.

JONESWORKS LLC,

                Third-Party Defendant.

Civ. Action No. 1:24-cv-10049-LJL

Related to:
Civ. Action No. 1:25-cv-00779-LJL

## DECLARATION OF THERESA M TROUPSON IN SUPPORT OF THE WAYFARER PARTIES' OPPOSITION TO PLAINTIFF BLAKE LIVELY'S <u>MOTION TO COMPEL PRIVILEGE LOG</u>

I, Theresa M Troupson, pursuant to 28 U.S.C. § 1746, declare as follows:

    1.    I am a partner with the law firm Liner Freedman Taitelman + Cooley, LLP, attorneys of record for Wayfarer Studios LLC ("Wayfarer"), Justin Baldoni ("Baldoni") Jamey Heath ("Heath"), Steve Sarowitz ("Sarowitz"), It Ends With Us Movie LLC ("IEWUM"), Melissa Nathan ("Nathan"), The Agency Group PR LLC ("TAG"), and Jennifer Abel ("Abel") (collectively, the "Wayfarer Parties").

1

2.     On September 9, 2025, Plaintiff Blake Lively ("Lively") requested that the parties meet and confer about the Wayfarer Parties' categorical privilege log. The Wayfarer Parties agreed to and did meet and confer by telephone on September 10, 2025. I attended the call.

3.     During the September 10 call, counsel for Lively made three specific requests with respect to the categorical privilege log: that the Wayfarer Parties (1) provide additional information about the basis for assertions of privilege over communications that included Defendant Jed Wallace; (2) provide additional information about the basis for assertions of privilege over communications that included Spencer Freedman and Jared Freedman; and (3) amend their categorical privilege log to reflect the number of documents withheld within each category. Counsel for Lively also asserted that they required "additional information" to evaluate the claims of privilege, but did not specify what information they were requesting despite my repeated requests.

4.     During the call, I informed counsel for Lively that Defendants Jed Wallace and Street Relations Inc. were represented in connection with this matter by counsel for the Wayfarer Parties and pointed them to the already produced retainer agreement executed in December 2024.

5.     I also informed counsel for Lively that Spencer Freedman and Jared Freedman had been working as law clerks in connection with this litigation.

6.     Finally, during the call, the Wayfarer Parties agreed to produce a categorical privilege log identifying the number of documents withheld within each category identified on the privilege log.

7.     During the call, counsel for Lively demanded that the Wayfarer Parties provide unspecified additional information about the documents withheld based on privilege. I repeatedly asked them to clarify what additional information they demanded, but they did not offer any

2

explanation. Since then, my co-counsel and I have repeatedly asked for clarification and have been rebuffed. (*See* Declaration of Matthew Bruno, Exs. C-D.)

8. When the Wayfarer Parties provided their amended categorical privilege log on September 15, 2025, I informed counsel for Lively that the numbers of documents withheld within each category counted each attachment (such as an image or PDF file) as a separate document. I further informed them that the document totals counted multiple copies of the same communication collected from different custodians as different documents. This resulted in the appearance that many more communications were withheld for privilege than was the case; however, Lively raised no objection at that time. Due to the abbreviated time frame in which Lively demanded an amended categorical privilege log, the Wayfarer Parties could not at the time provide a count of the unique, de-duplicated Signal communications withheld on the basis of privilege, a time-consuming undertaking requiring manual re-review of documents already determined to be privileged.

9. Since producing their amended categorical privilege log, the Wayfarer Parties have engaged in a further review to determine the number of unique Signal communications withheld on the basis of privilege, without double-counting attachments and multiple copies of the same thread collected from different custodians. In sum, the number of privileged Signal communications dated from December 20, 2024 to February 18, 2025 amounts to 296 communications.

10. The Wayfarer Parties have also reviewed their privileged Signal communications to determine that only three communications included Spencer Freedman or Jared Freedman and one or more clients without the participation of an attorney, and that each of those three related

3

directly to the preparation of legal documents in connection with this litigation, with which Spencer Freedman and Jared Freedman were instructed by attorneys to assist.

11. Prior to filing the Motion, Lively never informed the Wayfarer Parties that she intended to move to compel the production of a document-by-document privilege log for privileged Signal communications dated between December 20, 2024 and February 18, 2025. Nor did Lively seek the Wayfarer Parties' position on that request.

12. Attached hereto as Exhibit A is a true and correct copy of a categorical privilege log produced in this action by Katherine Case.

13. Attached hereto as Exhibit B is a true and correct copy of a categorical privilege log produced in this action by Breanna Butler Koslow.

14. Attached hereto as Exhibit C is a true and correct copy of a categorical privilege log produced in this action by Stephanie Jones and Jonesworks LLC with respect to documents in the possession of Edgeworth Security Services LLC.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: September 29, 2025
      Los Angeles, CA

By: */s/ Theresa M Troupson*
LINER FREEDMAN TAITELMAN + COOLEY, LLP
    Bryan J. Freedman*
    Ellyn S. Garofalo*
    Theresa M Troupson*
    1801 Century Park West, 5th Floor
    Los Angeles, CA 90067
    Tel: (310) 201-0005
    Email: bfreedman@lftcllp.com
           egarofalo@lftcllp.com
           ttroupson@lftcllp.com

*Admitted *Pro Hac Vice*