# WILLKIE FARR & GALLAGHER LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

September 30, 2025

**<u>VIA ECF</u>**

The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:       _Lively v. Wayfarer Studios LLC, et al._, No. 1:24-cv-10049 (LJL)

Dear Judge Liman:

Pursuant to Federal Rule of Civil Procedure 12(c), Plaintiff Blake Lively respectfully requests that the Court deny the Wayfarer Defendants'[1] motion for judgment on the pleadings, Dkt. No. 810, (the "Motion") as untimely, without prejudice to the Wayfarer Defendants' raising the arguments therein in a motion for summary judgment or at trial. In the alternative, pursuant to Rule 1(D) of the Court's Individual Rules and Practices, Ms. Lively respectfully moves for an extension of time, to and including October 27, 2025, in which to respond to the Wayfarer Defendants' Motion.

To be clear, Ms. Lively is prepared to respond to each of the Wayfarer Defendants' arguments at the appropriate time—whether that be at the summary judgment stage or at trial.[2] But the Wayfarer Defendants' decision to sit on these supposedly meritorious arguments for nearly nine months means that briefing and adjudicating them now would only lead to duplicative briefing and waste judicial resources, and would force Ms. Lively and the Court to bear the burden of the Wayfarer Defendants' delay. Tellingly, although each of the Wayfarer Defendants' arguments has been available to them since the outset of the case, and although their counsel alluded to the possibility of a motion for judgment on the pleadings on the record at the conference held on July 30, 2025, in No. 25-mc-289, the Wayfarer Defendants waited to file their motion until the response deadline would fall on the last day for depositions in this case—knowing full well that, because of their own discovery deficiencies, Ms. Lively's counsel would be

---

[1] For purposes of this letter-motion, the Wayfarer Defendants are Justin Baldoni, Jamey Heath, Steve Sarowitz, Melissa Nathan, Jennifer Abel, The Agency Group PR LLC, Wayfarer Studios LLC, and It Ends With Us Movie LLC ("IEWUM").

[2] To take just one example, the Motion asserts that Ms. Lively has failed to exhaust her administrative remedies against IEWUM. Motion at 16-18. But "the burden of pleading and proving Title VII exhaustion lies with defendants and operates as an affirmative defense." _Hardaway v. Hartford Pub. Works Dep't_, 879 F.3d 486, 491 (2d Cir. 2018). Not only does that render this argument inappropriate for resolution on a defendant's Rule 12 motion, _IEWUM did not even raise this affirmative defense in its Answer_. Dkt. No. 635. In other words, not only did IEWUM move for judgment on the pleadings based on an affirmative defense it had not pleaded, but because of that failure, _Ms. Lively_ would be entitled to judgment on this particular defense, not IEWUM. In any event, and further demonstrating the wastefulness of the Wayfarer Defendants' Motion, Ms. Lively amended her CRD complaint and received right-to-sue letters with respect to IEWUM during the pendency of this action. As is well established in this District, that is sufficient. _See, e.g._, _Gardner-Alfred v. Fed. Rsrv. Bank of New York_, 651 F. Supp. 3d 695, 702 n.1 (S.D.N.Y. 2023).

BRUSSELS   CHICAGO   DALLAS   FRANKFURT   HAMBURG   HOUSTON   LONDON   LOS ANGELES
MILAN   MUNICH   NEW YORK   PALO ALTO   PARIS   ROME   SAN FRANCISCO   WASHINGTON

preparing for and taking the depositions of four of the defendants during that period. *See* Dkt. No. 770. Meanwhile, by the time the Wayfarer Defendants' Motion is fully briefed, the deadline for summary judgment motions will be only days away—meaning that each of the factbound challenges to the pleadings raised in the Motion will be overtaken by the record evidence at the summary judgment stage. The question at this stage of the case is not what the pleadings allege but what the evidence shows, and the appropriate means of answering that question is through a motion for summary judgment. Meanwhile, to the extent the Motion raises purely legal issues that would not be affected by the summary-judgment evidence, the Wayfarer Defendants will suffer no prejudice from a few weeks' additional delay in briefing those issues.

Ms. Lively filed her initial complaint on December 31, 2024, Dkt. No. 1, and her Amended Complaint on February 18, 2025. Dkt. No. 84. Each of the Wayfarer Defendants answered the Amended Complaint on March 20, 2025. Dkt. Nos. 147-154.[3] In response to the Court's Order granting Jed Wallace and Street Relations Inc.'s motion to dismiss, Dkt. No. 426, Ms. Lively filed her Second Amended Complaint on July 30, 2025. Dkt. No. 521 ("SAC"). Once again, each of the Wayfarer Defendants filed answers, this time on August 13, 2025. Dkt. Nos. 632-639.

At the outset of this case, the Court expedited the initial pretrial conference and asked the parties to "submit a case management plan with deadlines that would enable trial to occur" on March 9, 2026, at 9:30 a.m. Dkt. No. 45. Even with the handful of modifications that the Court has granted in the months since, that goal remains in sight. Fact discovery is scheduled to conclude on September 30, 2025, Dkt. No. 425, with a few exceptions including a handful of fact depositions to be completed by October 10, 2025, s*ee* Dkt. Nos. 770, 793, 802, and the production of additional documents withheld on privilege grounds, Dkt. Nos. 829, 832. Expert discovery is scheduled to conclude on November 14, 2025. Dkt. No. 750. Meanwhile, the current deadline for summary judgment motions is November 5, 2025. Dkt. No. 58, at 3. Trial remains scheduled to begin on March 9, 2026. Dkt. No. 45.

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). "Generally, . . . a Rule 12(c) motion is considered timely if it is made early enough not to delay trial or cause prejudice to the non-movant." 5C Wright & Miller, Fed. Prac. & Proc. § 1367 (3d ed. 2025). Whether a Rule 12(c) motion is timely is "within the sound discretion of the judge." *Id.* In general, "[i]f a party engages in excessive delay before moving under Rule 12(c), the district court may refuse to hear the motion on the ground that its consideration will delay or interfere with the commencement of the trial." *Id.* Consideration of the motion may still be appropriate if (unlike here) "it seems clear that the motion may effectively dispose of the case on the pleadings," but "if the pleadings do not resolve all of the factual issues in the case, proceeding with discovery and potentially a trial on the merits would be more appropriate than an attempt at resolution of the case on a Rule 12(c) motion." *Id.* Courts are "unwilling to grant a judgment under Rule 12(c) unless it is clear that the merits of the controversy can be fairly and fully decided in this summary manner." *Id.* § 1369.

The Wayfarer Defendants' Motion is untimely. Although all of the arguments raised have been available to the Wayfarer Defendants since the initial Complaint was filed, they did not raise them until

---

[3] Three of the Wayfarer Defendants—Wayfarer Studios LLC, It Ends With Us Movie LLC, and The Agency Group PR LLC—had also filed answers in response to the original Complaint, Dkt. Nos. 35-37, before the Court extended the response deadline to March 20, 2025, Dkt. No. 44.

September 26, 2025. Measured against this Court's stated goal of managing this case to a March 9, 2026 trial date, that delay was excessive under Rule 12(c).

The Motion primarily raises factbound challenges to the sufficiency of the SAC's allegations. Those arguments are meritless, but as far as the timing of the Motion is concerned, they are more importantly all-but-moot. At this stage of discovery, Ms. Lively has uncovered voluminous evidence relevant to all of her claims. Rather than merely defend the sufficiency of the allegations, to respond adequately to the Motion, Ms. Lively would also need to make a proffer of the new and more detailed facts in her possession that would entitle her to amend her complaint should any of the Wayfarer Defendants' arguments prove successful as to any of the SAC's claims. The Court would then need to evaluate that evidence under Rule 15's futility standard, *i.e.*, under Rule 12(b)(6)'s plausibility standard, construing that evidence in Ms. Lively's favor along with the benefit of reasonable inferences therefrom. But crucially, that would be the same analysis as at the summary-judgment stage—when, if the Wayfarer Defendants chose to move against any of Ms. Lively's claims or defenses, she would then need to point to record evidence that, construed in her favor and drawing reasonable inferences therefrom, would support a reasonable jury's finding in her favor. Considerations of judicial economy and common sense— and the goal of holding to a March 2025 trial date—support conducting that exercise only once. For similar reasons, the First Circuit has observed that the legal standard that would apply to the Motion and to any request to amend based on discovery "is, by its nature, a threshold inquiry, and logic strongly suggests that it occur prior to discovery." *Grajales v. Puerto Rico Ports Auth.*, 682 F.3d 40, 46 (1st Cir. 2012). At this stage of proceedings, "after substantial pretrial discovery has taken place," "[i]gnoring the entire panoply of facts developed during discovery makes little sense." *Id.* at 45-46; *accord ADYB Engineered For Life, Inc. v. Edan Admin. Servs. Ltd.*, 2022 WL 912127, at *9 (S.D.N.Y. Mar. 28, 2022).

The Wayfarer Defendants' Motion thus seeks a duplicative exercise that can *only* have the effect of causing "delay." Fed. R. Civ. P. 12(c). Meanwhile, the Wayfarer Defendants will suffer no prejudice from having their present Motion evaluated on the basis of the summary judgment evidence rather than the SAC's allegations. They have not sought to stay discovery or otherwise suggested that anything about the case schedule should change based on the filing of their Motion. By contrast, Ms. Lively will suffer significant prejudice from having to file what is effectively an opposition to summary judgment while discovery is still ongoing. Indeed, the only practical difference between the process for resolving this Motion and a summary judgment motion filed at the appropriate time is that, to respond to *this* Motion, Ms. Lively will have to scramble to amass evidence from a discovery process that is and will be generating new evidence virtually every day between now and the response deadline—including depositions of Mr. Baldoni, Mr. Heath and Wayfarer, Mr. Sarowitz, Ms. Nathan, and Mr. Wallace, not to mention the expert discovery process that will still be ongoing for several weeks afterwards.

The Court should accordingly deny the Motion without prejudice to renewal of the arguments raised therein at a later stage, or exercise its discretion to hold the Motion in abeyance until trial. *See* Fed. R. Civ. P. 12(c), 12(i). In the alternative, Ms. Lively respectfully requests that her deadline to respond to the Motion be extended to and including October 27, 2025, three days after the deadline to exchange expert rebuttal reports. Dkt. No. 750, at 1. Unless extended, the current response deadline is October 10, 2025. This is Ms. Lively's first request for an extension of this deadline. Pursuant to Rule 1(D) of the Court's Individual Rules and Practices, Ms. Lively states that the Wayfarer Defendants oppose the extension, but did not provide any reason. For the reasons given above, even if the Court is inclined to permit full briefing of this Motion in the final days of discovery, such an extension would be warranted.

Respectfully submitted,

The Court will hold a video conference via Microsoft Teams to discuss this matter on October 3, 2025, at 2:00 PM.  The parties will be provided instructions for accessing the hearing via email. The Court will post an audio-only dial-in number on the docket for the public and press to access the hearing.

/s/ Michael J. Gottlieb
Michael J. Gottlieb
Kristin E. Bender
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

October 1, 2025

Aaron E. Nathan
Michaela A. Connolly
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com
mconnolly@willkie.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (*pro hac vice*)
Stephanie A. Roeser (*pro hac vice*)
Manatt, Phelps & Phillips LLP
2049 Century Park East, Suite 1700
Los Angeles, California  90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
Manatt, Phelps & Phillips, LLP
7 Times Sq
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

DUNN ISAACSON RHEE LLP
Meryl C. Governski (*pro hac vice*)
401 Ninth Street, NW
Washington, DC 20004
(202) 240-2900
mgovernski@dirllp.com

*Attorneys for Blake Lively*