

Kevin Fritz
*Partner*
Direct (212) 655-3570
kaf@msf-law.com

<u>Via ECF</u>
Hon. Lewis J. Liman                                      October 2, 2025
United States District Court
500 Pearl Street, Room 1620
New York, NY 10007

**Re:**    ***Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL**

Dear Judge Liman:

As counsel for Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC ("IEWUM"), Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel (collectively, the "Wayfarer Parties"), we write in response to the letters dated September 30, 2025 from Blake Lively concerning the Wayfarer Parties' motion for judgment on the pleadings (the "Motion") and the deadline for service of Requests to Admit. (Dkt. 834, 835).

**<u>The Motion is Timely</u>**

Rule 12(c) permits a party to "move for judgment on the pleadings" after the pleadings are closed, but early enough not to delay trial. *CIT Bank, N.A. v. Neris*, 385 F. Supp. 3d 241, 243-44 (S.D.N.Y. 2019).[1] Pursuant to Rule 12(h)(2), a challenge to a plaintiff's failure to state a claim is not waived until the close of trial. 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1392 (3d ed.). "There is no hard-and-fast time limit on a Rule 12(c) motion under Rule 12(h)(2)." *Am. Trucking Associations, Inc. v. New York State Thruway Auth.*, 238 F. Supp. 3d 527, 539 (S.D.N.Y. 2017), *aff'd*, 886 F.3d 238 (2d Cir. 2018).

Ms. Lively erroneously argues that the Wayfarer Parties "sat" on their Motion "for nearly nine months" and that adjudicating the Motion now "would only lead to duplicative briefing and waste judicial resources…." (Dkt. 834, p. 1). *First*, Ms. Lively's operative pleading was not filed nine months ago, but *two* months ago. In response to the Court's dismissal of her claims against Jed Wallace and Street Relations, Inc. (Dkt. 426), Ms. Lively was not obligated to amend her pleadings but nonetheless *chose* to file her Second Amended Complaint on July 30, 2025. (Dkt. 521). When Ms. Lively opted to supersede her earlier pleadings with the filing of the Second Amended Complaint on July 30, 2025, she *knew* that the Wayfarer Parties were not obligated to file answers thereto for several weeks thereafter and that, upon such filing (and *only* upon such filing), the Wayfarer Parties were entitled to move for a judgment on her pleadings. *See* Rule 12(c). Indeed, as Ms. Lively recognizes, at a July 30, 2025 hearing in a related proceeding, the Wayfarer Parties notified the Court that they may seek relief under Rule 12(c). (Dkt. 834, p. 1). If Ms. Lively is now unprepared to oppose the Motion, the fault lies with her.

---

[1] The standard for a Rule 12(c) motion is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir. 2009).

*Second*, the Motion will reduce briefing on any subsequent dispositive motion and preserve judicial resources. In contending that the "question at this stage of the case is not what the pleadings allege but what the evidence shows," (Dkt. 834, p. 2), Ms. Lively misconstrues the standard of review on a Rule 12(c) motion. A judgment on the pleadings is appropriate where, with all reasonable inferences drawn in favor of the non-moving party, the non-moving party has failed to allege facts that would give rise to a plausible claim or defense. *Richards v. Dep't of Educ. of City of New York*, 2022 WL 329226, at *6 (S.D.N.Y. Feb. 2, 2022). Here, the Motion seeks dismissal based upon purely or predominantly legal issues: (1) Ms. Lively's claims for sexual harassment, retaliation, failure to supervise, and aiding and abetting under California statutes fail for lack of extraterritorial application; (2) Ms. Lively failed to exhaust her administrative remedies with respect to various claims against IEWUM; (3) Ms. Lively failed to adequately allege retaliation; (4) Ms. Lively's defamation claims are barred by the litigation and/or fair reporting privileges; and (5) Ms. Lively failed to allege an underlying tort supporting her civil conspiracy claim. (Dkt. 810). None of those issues require the Court to examine anything other than Ms. Lively's Second Amended Complaint and the materials incorporated therein by reference or integral thereto. *See L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011). Tellingly, Ms. Lively does not specify how any of the "voluminous evidence" she has "uncovered" would be properly considered in opposition to the Motion or warrant the denial thereof. Stated differently, there is no need for Ms. Lively to "scramble to amass evidence" from ongoing discovery to oppose the motion (Dkt. 834, p. 3) because the Motion challenges defects on the face of *her own pleadings*. Although Ms. Lively notes that she may (yet again) amend her pleadings, she does not explain why she has not done so or why the Court should allow any such amendment at this stage of the litigation.

If the Motion is granted in full or in part, any such adjudication will reduce the number of Ms. Lively's claims. In turn, and even assuming any party subsequently seeks summary judgment, the case will have been properly streamlined, thereby reducing the amount of briefing (and evidentiary submissions) on any such motion. Thus, judicial resources will be preserved – the very purpose of a Rule 12(c) motion. *See Pagan v. New York State Div. of Parole*, 2001 WL 262611, at *1 (S.D.N.Y. Mar. 15, 2001) (treating motion as one under Rule 12(c) to narrow the issues).

*Third,* Ms. Lively does not and cannot explain how the adjudication of the Motion will delay the trial scheduled to commence on March 9, 2026. (Dkt. 45). Fact discovery is ongoing, no summary judgment motions have been filed, and the trial is more than five months away. Courts have granted Rule 12(c) motions at procedural stages that are much more advanced than in this case. *See, e.g.*, *Am. Trucking Associations*, 238 F. Supp. 3d at 532, 539 – 540 (granting motion after "extensive discovery," after the parties cross-moved for summary judgment and after partial summary judgment was granted because nothing in Rule 12(c) or Rule 12(h)(2) "precludes the making of a motion pursuant to those rules, even at this advanced (but far from terminal) point in the litigation"); *Fezzani v. Bear, Stearns & Co., Inc.*, 2023 WL 4625544, at *3 (S.D.N.Y. July 19, 2023) (granting Rule 12(c) twenty-four years into the litigation, "in the midst of several other motions," before summary judgment practice and "soon after the close of discovery").

## Ms. Lively's Request for an Extension of Time to Oppose the Motion Should Be Denied

In the alternative to her request for dismissal of the Motion, Ms. Lively asks for an extension of time, from October 10, 2025 to October 27, 2025, to formally oppose the Motion. (Dkt. 834, p. 3). Ms. Lively seeks the extension "[f]or the reasons given above" which appears to be that discovery is ongoing. The Court may recall that, while discovery was ongoing, the Wayfarer Parties were

compelled to oppose dispositive motions, as well as numerous motions for sanctions against the Wayfarer Parties and their counsel, filed by Ms. Lively and her husband Ryan Reynolds. (Dkt. 132, 144, 222, 229, 543). Additionally, granting Ms. Lively's request would mean that the parties would be briefing the Motion close in time to the summary judgment deadline, before the Court has had a chance to narrow the case. The request should be denied.

## The Court Should Amend the Case Management Plan and Scheduling Order

On September 9, 2025, the Court revised the expert discovery schedule to provide for the completion of such discovery by November 14, 2025. (Dkt. 750). However, the parties did not propose, and the Court did not endorse, an adjournment of the current November 5, 2025 deadline for summary judgment motions. (Dkt. 58). As it stands, summary judgment motions are due before expert discovery may be completed. Accordingly, and given that certain fact discovery has not yet been completed, but is expected to be completed by October 10, 2025, last night the Wayfarer Parties proposed the following revisions to the Case Management Plan and Scheduling Order and are awaiting a response from Ms. Lively:

- October 24, 2025: Deadline to exchange opening expert reports;
- November 7, 2025: Deadline to exchange expert rebuttal reports;
- December 1, 2025: Deadline to complete depositions of experts; and
- December 15, 2025: Deadline to file summary judgment motions.

Good cause exists to amend the Scheduling Order. *See Furry Puppet Studio, Inc. v. Fall Out Boy*, 2020 WL 4978080, at *1 (S.D.N.Y. Feb. 24, 2020). The proposed schedule will provide the Court with sufficient time to resolve the Motion, give the parties the opportunity to finish fact discovery prior to exchanging opening expert reports, and allow the parties to complete expert discovery prior to the filing of summary judgment motions. Most importantly, if the majority of Ms. Lively's claims are dismissed via the Motion, the proposed schedule will allow the parties and the Court to focus on her few remaining claims in connection with any summary judgment motions and/or trial. Moreover, on September 30, 2025, merely ten days before the current October 10, 2025 deadline for opening expert reports, Ms. Lively proffered a new theory of damages. Whereas Ms. Lively's alleged lost profits computation was previously based upon " ████████████████████" (Fritz Decl., Ex. A), she has recently added " ████████████████████" (Fritz Decl., Ex. B). The Wayfarer Parties' expert must now examine that claim.

## The Request to Extend the Deadline for Requests to Admit Should Be Denied

On February 3, 2025, the Court directed in the Case Management Plan and Scheduling Order that Requests to Admit shall be served by August 14, 2025. (Dkt. 58). In the parties' joint request to revise part of the Scheduling Order, no request was made to extend that deadline and no extension was ordered. (Dkt. 750). Now, eight months after learning the deadline, and six weeks after the deadline has passed, Ms. Lively seeks to extend the expired deadline. However, Ms. Lively fails to explain why she did not serve Requests to Admit by the deadline or why the existence of future depositions prevented her from serving Requests, especially given that the purpose of Requests to Admit is to narrow factual issues. The request should be denied for failure to demonstrate good cause for the proposed amendment.

Respectfully submitted,

*/s/ Kevin Fritz*
MEISTER SEELIG & FEIN PLLC
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
        kaf@msf-law.com

LINER FREEDMAN TAITELMAN + COOLEY, LLP
        Bryan J. Freedman (*pro hac vice*)
        Ellyn S. Garofalo (*pro hac vice*)
        Theresa M Troupson (*pro hac vice*)
        Summer Benson (*pro hac vice*)
        Jason Sunshine
        1801 Century Park West, 5th Floor
        Los Angeles, CA 90067
        Tel: (310) 201-0005
        Email: bfreedman@lftcllp.com
        egarofalo@lftcllp.com
        ttroupson@lftcllp.com
        sbenson@lftcllp.com
        jsunshine@lftcllp.com

Mitra Ahouraian (*pro hac vice*)
2029 Century Park East
4th Floor
Los Angeles, CA 90067
(310) 376-7878
Email: mitra@ahouraianlaw.com

SHAPIRO ARATO BACH LLP
Alexandra A. E. Shapiro
Jonathan Bach
1140 Avenue of the Americas, 17th Floor
New York, NY 10036
Tel: 212-257-4881
Email: ashapiro@shapiroarato.com
        jbach@shapiroarato.com

cc: all counsel of record (via ECF)