**Jackson Walker LLP**

Chip Babcock
(713) 752-4210 (Direct Dial)
(713) 308-4110 (Direct Fax)
cbabcock@jw.com

October 2, 2025

**VIA ECF**
The Honorable Lewis J. Liman
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Lively v. Wayfarer Studios LLC, et al.*, Case No. 1:24-cv-10049-LJL; Jed Wallace's and Street Relations, Inc.'s Motion to Extend Their Expert Discovery Deadline Pending Resolution of Their Motions to Dismiss or, in the Alternative, Motion to Sever and to Transfer Venue

Dear Judge Liman:

Defendants Jed Wallace ("Wallace") and Street Relations, Inc. (collectively, the "Wallace Defendants") for good cause, as shown below, request that their deadline to designate rebuttal experts be extended until thirty days after the Court rules on their fully briefed, pending Motions to Dismiss ("Motions") (*See* Dkt. 649).

The Court previously dismissed the Wallace Defendants for want of personal jurisdiction in a thorough, 38-page opinion (Dkt. 426) but gave Plaintiff leave to amend, which she did, provoking the renewed Motions referenced above. The Motions were fully briefed as of September 3, 2025, and Wallace will be deposed in Texas on October 9, 2025 *either* as a party (if the Motions are denied or still undecided) *or*, at the Plaintiff's request, as a non-party pursuant to a subpoena, which Wallace has accepted (if the Motions are granted).

Under the current schedule, the Wallace Defendants must locate, vet, *agree to pay* and disclose rebuttal experts by October 24, 2025—a process that imposes significant and unnecessary expense and burden if the Motions are granted. Saving that expense constitutes good cause for this modest extension. *See Richards v. Kallish*, No. 22-CV-9095 (CS) (VR), 2024 WL 1833920, at *3 (S.D.N.Y. Apr. 26, 2024) ("*Richards*") ("[T]he scope of Defendants' expert discovery would likely be different if the . . . motion to dismiss is granted" and "a stay poses no limit on Plaintiff's ability to work with her experts and prepare their reports, which would enable the parties to proceed quickly with expert discovery soon after the motion to dismiss is decided.").

The parties' next scheduled appearance before the Court is on October 3, 2025 at 2:00 p.m. Eastern, and we ask that the Court take up this matter at that time if feasible.

Plaintiff opposes the Wallace Defendants' request, contending that a proposal to permit experts to provide supplemental reports by Octobre 17 to incorporate deposition testimony taken after September 30 is sufficient to address any issues related to expert discovery.

The Honorable Lewis J. Liman
October 2, 2025
Page 2

Plaintiff's purported proposal is irrelevant to the Wallace Defendants' request and does not address or remedy the good cause bases justifying the requested extension.

To evaluate "good cause" for a stay pending resolution of a motion, the Court considers: "(1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020) (quoting *Hong Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)); *Richards*, 2024 WL 1833920, at *3.

**The Motions Present a Strong Showing for Dismissal of All Claims**

Courts consider the strength of the motion and whether it is potentially dispositive. *Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20-CV-7572, 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021). Here, the Motions present "substantial arguments for dismissal" of all claims: jurisdiction (which the Court has previously granted), venue, and the merits. *Hong Leong*, 297 F.R.D. at 72.

**Expert Discovery Deadlines Pose a Significant Burden on the Wallace Defendants**

The Wallace Defendants previously requested a stay of all discovery deadlines pending the resolution of their original (and eventually granted) motions to dismiss. In its prior order denying the Wallace Defendants a stay of discovery deadlines, the Court concluded that the pendency of a related action in the Western District of Texas meant that the Wallace Defendants' burden to engage in fact discovery would "not be significantly impacted by the Court's decision on the motion to dismiss." (Dkt. 149 at 2–3.)

But that calculus flips for expert discovery. While relevant facts may be similar across multiple claims, defenses, or even lawsuits, expert interpretation (and relevance) depends on the specifics of the claims and defenses asserted. *See Richards*, 2024 WL 1833920, at *3.

Here, the Wallace Defendants not only filed a motion to dismiss or transfer based on deficient jurisdiction and venue, but also for failure to state a claim. *Each* of Lively's claims should be dismissed on this separate basis, but if *any* of Lively's claims are dismissed, their dismissal will impact the breadth and scope (and time and expense) of expert discovery. *See id.* Some experts may not be needed at all, depending on what claims and defenses remain (if any). *See id.* The same would be true if the Court were to transfer Plaintiff's claims to Texas, where the Rule 12(b)(6) motion would remain to be resolved. Temporarily staying expert discovery now—specifically, the Wallace Defendants' deadline to designate rebuttal experts—may eliminate a significant portion (if not all) of this burden and expense.

**Any Prejudice to Plaintiff Would Be Insubstantial**

Finally, any prejudice to Plaintiff from staying the Wallace Defendants' deadline to designate rebuttal experts pending resolution of the Motion would be insubstantial. The Court's previous ruling (denying the Wallace Defendants' request to delay discovery as to them) focused on prejudice if Lively were not permitted to obtain potentially relevant factual information from Wallace as "a witness regardless of his status as a party." (Dkt. 149 at 3–4.) That factual discovery is ongoing, and this request is not intended to affect Plaintiff's deposition of Wallace, scheduled

The Honorable Lewis J. Liman
October 2, 2025
Page 3

---

for October 9, 2025, for which the undersigned counsel has already accepted service of a Rule 45 subpoena.

Again, expert discovery is different. In *Richards*, the court found that granting a stay of expert discovery would not prejudice the plaintiff even though "Plaintiff argues that she would be prejudiced by a stay because her reputation continues to be harmed." 2024 WL 1833920, at *3. "[T]he mere passage of time" is not sufficient prejudice to defeat a motion to stay. *Id.* Nor would a stay limit Lively's "ability to work with her experts and prepare their reports," should she wish to do so while the Motion is pending. *Id.* And a limited stay of expert discovery is unlikely to significantly delay resolution of the case. Here, briefing on the Motions is complete. *See Ema Fin.*, 336 F.R.D. at 84 (no prejudice where briefing complete). Should any claims survive the Motions (they should not), the accelerated expert discovery schedule relating to the Wallace Defendants could resume quickly.

In sum, each good cause factor weighs in the Wallace Defendants' favor on this request for a limited stay of expert discovery. The Wallace Defendants therefore ask that the Court grant this motion and relieve the Wallace Defendants of their expert discovery deadlines until thirty days after the Court, in the unlikely event, denies the Wallace Defendants' fully briefed, pending Motions. We appreciate the Court's attention to these matters.

Respectfully submitted,

*/s/ Charles L. Babcock*
Charles L. Babcock
SDNY #5451117
Joel R. Glover
SDNY #5697487
Tori C. Emery (admitted *pro hac vice*)
JACKSON WALKER LLP
1401 McKinney, Suite 1900
Houston, TX 77010
(713) 752-4200
cbabcock@jw.com
jglover@jw.com
temery@jw.com

Cc: All counsel of record (via ECF)