# WILLKIE FARR & GALLAGHER LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

October 3, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Lively v. Wayfarer Studios LLC, et al.*, No. 1:24-cv-10049 (LJL)

Dear Judge Liman:

Plaintiff Blake Lively respectfully moves for leave to submit the following reply to the Wayfarer Defendants'[1] letter-brief (Dkt. 842) in opposition to her motion regarding the Wayfarer Defendants' motion for judgment on the pleadings, Dkt. No. 810, (the "Motion"). In particular, the Wayfarer Defendants' response for the first time seeks an extension of the discovery schedule *and* of the summary judgment schedule that pose a risk to the March 2026 trial date. While Ms. Lively is amenable to reasonable extensions consistent with that trial date, the Wayfarer Defendants' proposal is not that. And in no circumstances should the compressed schedule between now and March 2026 be extended to squeeze in a Rule 12(c) motion that could have been filed months ago, and which raises arguments that could be raised only weeks from now at summary judgment—or at trial, if the Wayfarer Defendants prefer.

The Wayfarer Defendants propose an extension to the existing schedule that would result in the parties' respective summary judgment motions becoming fully briefed on January 5, 2026. But the proposed Joint Pretrial Order in this case is due on January 23, 2026—only two and a half weeks later, rather than the eight weeks (and two days) allowed by the existing, original schedule. Dkt. No. 58. While Ms. Lively has no doubt that the Court will dispose of any summary judgment motions efficiently, allowing only 18 days for the Court to decide what may be extensive motions, and then for the parties to confer and prepare the proposed Joint Pretrial Order (not to mention motions in limine), is not warranted by the circumstances giving rise to the Wayfarer Defendants' request. The Wayfarer Defendants may respond—as they did when Ms. Lively opposed the timing of their Motion—that the Joint Pretrial Order deadline (and perhaps even the trial) should be adjourned to make room for their request, and to make their Motion seem more timely than under the existing schedule. But such downstream effects on trial scheduling are exactly why their Motion was untimely under Rule 12(c) in the first place. Dkt. No. 834.

On March 21, 2025, shortly after filing their Answers, the Wayfarer Defendants' lead counsel boasted in the media:

---

[1] For purposes of this letter-motion, the Wayfarer Defendants are Justin Baldoni, Jamey Heath, Steve Sarowitz, Melissa Nathan, Jennifer Abel, The Agency Group PR LLC, Wayfarer Studios LLC, and It Ends With Us Movie LLC ("IEWUM").

> "We strategically made decisions to file answers to these complaints," the Liner Freedman Taitelman + Cooley LLP co-founder stated. "This is not because we do not have grounds to file motions to dismiss but because in this day of courts giving wide discretion for leave to amend, we are not interested in providing them with a chance to learn just how poorly their legal theory has been drafted and a road map on how to correct it."[2]

At the time Mr. Freedman made that statement, trial was already set for March 9, 2026, as it had been since January 27, 2025. Dkt. No. 45. The Wayfarer Defendants' and their counsel made their "strategic[]" decision to delay any challenge to the sufficiency of Ms. Lively's pleadings with full knowledge of that date. Ultimately, they waited long enough that the pleadings themselves have been overtaken by evidence accumulated through a discovery process that is almost complete. The timing of the Wayfarer Defendants' Motion—filed such that Ms. Lively would be deposing five of the six individual defendants (not four, as her letter-motion inadvertently misstated) during the 14-day response period—certainly suggests that their behavior continues to be "strategic" in the sense of seeking to impose procedural burdens with no corresponding substantive benefit.

The Wayfarer Defendants' reasons for opposing Ms. Lively's letter-motion only further confirm these points. *First*, the Wayfarer Defendants suggest that the timeliness of their Motion should be judged against Ms. Lively's July 30 Second Amended Complaint ("SAC"). Dkt. No. 842, at 1. But as the Wayfarer Defendants know, that amendment was limited to jurisdictional allegations relating to the *Wallace Defendants*, *i.e.*, the only defendants who have not joined the present Motion. Dkt. No. 426. The allegations to which the Motion is addressed have been unchanged since February 18. Dkt. No. 84. *Second*, the Wayfarer Defendants' make hay of the fact that their Motion is addressed only to the sufficiency of Ms. Lively's pleading, and thus any evidence obtained in discovery would not be relevant. Dkt. No. 842, at 2. But that misses Ms. Lively's point: even if there were any issue with the SAC, Ms. Lively has now (unlike in February 2025) conducted extensive discovery and would be in a position to cure those defects through an amendment that the Court must grant "freely" as "justice so requires." Fed. R. Civ. P. 15(a)(2). The Wayfarer Defendants seem to think that by timing their Motion as they have, they have discovered a loophole in the Rules that would require this case to be decided based only on what Ms. Lively knew *before* discovery rather than after it. But that is the opposite of how Rule 15 works, and indeed "courts routinely grant leave to amend when a plaintiff seeks to refine the complaint to reflect evidence obtained during discovery." *In re Turquoise Hill Res. Ltd. Sec. Litig.*, 2024 WL 791545, at *5 (S.D.N.Y. Feb. 26, 2024) (cleaned up); *Broadspring, Inc. v. Congoo, LLC*, 2014 WL 4100615, at *26 (S.D.N.Y. Aug. 20, 2014) (same). As explained in Ms. Lively's letter-motion, Wayfarer Defendants' factbound challenges to the sufficiency of Ms. Lively's pleadings will only lead to unnecessarily duplicative work on the sufficiency of a proposed amended complaint—work that could be done just as well, and more efficiently, at the summary judgment stage. *Third*, and finally, the Wayfarer Defendants profess ignorance of how their Motion could delay trial, but an unnecessarily duplicative motion can *only* cause delay to the extent it has any impact at all. The Wayfarer Defendants do not dispute that they could raise all the same arguments at summary judgment, and will suffer no prejudice whatsoever from waiting that long. Balanced against the risk of unnecessary burden and delay, their Motion is not timely.

---

[2] Dominic Patten, *Justin Baldoni Lawyer Scolds "Privileged" Blake Lively & "Cowardly" Ryan Reynolds Amidst Flurry Of Filings*, DEADLINE (Mar. 21, 2025, 10:54 AM) https://deadline.com/2025/03/blake-lively-justin-baldoni-latest-filings-1236346496/.

All that said, Ms. Lively is amenable to a reasonable extension of the current discovery and summary judgment schedule, if (and *only* if) it would be consistent with the Court's ability to manage this case to the March 9, 2026 trial date. In particular, Ms. Lively would agree to extend the existing deadlines by **one week** each, such that opening expert reports would be due **October 17**; rebuttal reports would be due **October 31**; and summary judgment motions would be due **November 12**. That summary judgment deadline is appropriate given the scheduling considerations discussed above, and would still permit the Wayfarer Defendants nearly four weeks following initial expert disclosures to depose Ms. Lively's experts and incorporate that material into a summary judgment motion as appropriate.[3] To further facilitate that schedule, while the last day for expert depositions would remain November 14, Ms. Lively is prepared to commit to make her experts available for depositions between October 24 and November 5. Ms. Lively opposes any greater extension for the reasons set forth above.

Finally, the Wayfarer Defendants oppose Ms. Lively's motion to clarify or extend the deadline to serve Requests to Admit. Apparently unconscious of the irony that they have asked for an extension of the summary judgment deadline (which has been on the books since February and which they did not seek to extend in the course of prior amendments to the expert schedule) while opposing an extension of the RFA deadline (which has been on the books since February and which the parties and the Court apparently overlooked in the course of prior amendments to the schedule), the Wayfarer Defendants have no real objection to the extension, only feigning surprise that Ms. Lively did not serve RFAs by a deadline that had originally been set for the last day of fact discovery. (Of course, neither did the Wayfarer Defendants.) There was a reason for that original schedule, and there is still reason to permit the parties to exchange RFAs informed by discovery, so that they can serve their purpose of "reduc[ing] trial time." Fed. R. Civ. P. 36 advisory committee note (1970 amendment).

                                              Respectfully submitted,

                                              /s/ Michael J. Gottlieb

Michael J. Gottlieb
Kristin E. Bender
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com

---

[3] In this regard, Ms. Lively notes that the Wayfarer Defendants agreed to the present expert discovery schedule, which set the last day for depositions at November 14, without requesting any extension of, or otherwise addressing, the November 5 summary judgment deadline. *See* Dkt. No. 741.

Aaron E. Nathan
Michaela A. Connolly
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com
mconnolly@willkie.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (*pro hac vice*)
Stephanie A. Roeser (*pro hac vice*)
Manatt, Phelps & Phillips LLP
2049 Century Park East, Suite 1700
Los Angeles, California 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
Manatt, Phelps & Phillips, LLP
7 Times Sq
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

DUNN ISAACSON RHEE LLP
Meryl C. Governski (*pro hac vice*)
401 Ninth Street, NW
Washington, DC 20004
(202) 240-2900
mgovernski@dirllp.com

*Attorneys for Blake Lively*