UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  10/6/2025
```

-------------------------------------------------------------------X
                                                                   :
BLAKE LIVELY,                                                      :
                                                                   :
                            Plaintiff,                             :
                                                                   :          24-cv-10049 (LJL)
            -v-                                                    :
                                                                   :          MEMORANDUM AND
WAYFARER STUDIOS LLC, JUSTIN BALDONI,                              :               ORDER
JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH                         :
US MOVIE LLC, MELISSA NATHAN, THE AGENCY                          :
GROUP PR LLC, JENNIFER ABEL, JED WALLACE,                          :
STREET RELATIONS INC.,                                            :
                                                                   :
                            Defendants.                            :
                                                                   :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

This Order resolves the motions to seal, unseal, or preliminarily seal at Dkt. Nos. 747,

759, 765, 772, 781, 786, 788, 796, 805, 808, and 812.

The motion of Plaintiff Blake Lively ("Lively") at Dkt. No. 747 seeks preliminary sealing

of: (1) portions of her memorandum of law in support of her motion for fees and damages under

California Civil Code Section 47.1, *see* Dkt. No. 748; (2) a declaration submitted in support of

that motion, *see* Dkt. No. 748-2; (3) Exhibit 1 filed along with that declaration, *see* Dkt. No. 748-

3; and (4) Exhibit A to the motion, *see* Dkt. No. 748-5.  A preliminary motion to seal is intended

to give the parties who produced the materials one week to move for continued sealing of the

documents.

On September 15, 2025, the Wayfarer Parties[1] moved for permanent sealing of portions

---

[1] The Wayfarer Parties are Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz,
It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel.

of Exhibit A on the grounds that the exhibit contained personally identifying information ("PII"). *See* Dkt. No. 779.  The Wayfarer Parties filed a public version of the document with redactions, and the Court granted their request.  *See* Dkt. No. 782.

On September 15, 2025, Lively filed her own motion for continued sealing of portions of her memorandum of law, the accompanying declaration, and Exhibit 1, which is an audio recording of a conversation between the declarant and Defendant Steve Sarowitz ("Sarowitz"). Dkt. No. 781.  Lively requests that these documents remain under seal because they reveal the identity of the declarant, who has alleged prior experiences of "verbal abuse" by Defendant Justin Baldoni ("Baldoni").  *Id.* at 1–2.  Lively asserts that the declarant's privacy interests outweigh any presumption of public access and that there is no public interest in exposing the declarant to possible online scrutiny and attacks given that the substance of the relevant information is already in the record.  *Id.*  The Wayfarer Parties oppose continued sealing on the grounds that the memorandum of law selectively quotes from the audio recording and that Sarowitz should be allowed to have the recording made public to ensure accuracy and provide context.  Dkt. No. 786 at 1–2.

"The Supreme Court and Second Circuit have long held that there is a presumption of immediate public access to judicial documents under both the common law and the First Amendment."  *Lohnn v. Int'l Bus. Machs. Corp.*, 2022 WL 36420, at *6 (S.D.N.Y. Jan. 4, 2022) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006)).  Whether a document qualifies as "judicial"—and is therefore subject to the presumption of public access— "is a binary decision made as of the time of the document's filing, i.e., filed material either is or is not a judicial document depending on whether it could have a tendency to influence the court in the exercise of its Article III powers."  *Giuffre v. Maxwell*, 146 F.4th 165, 178 (2d Cir. 2025).

2

This presumption is especially strong where the materials are filed in connection with dispositive motions, such as motions to dismiss and motions for summary judgment. *See Olson v. Major League Baseball*, 29 F.4th 59, 90 (2d Cir. 2022). Courts have also applied the strong presumption in the context of motions for sanctions given that these motions, too, "determine litigants' substantive rights." *See id.* at 89 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)); *see, e.g.*, *42West LLC v. Gould*, 2024 WL 4263235, at *3 (S.D.N.Y. Sept. 20, 2024) (finding the presumption at its "zenith" where the materials related to a pending motion for sanctions); *Centauri Shipping Ltd. v. W. Bulk Carriers KS*, 528 F. Supp. 2d 197, 204–05 (S.D.N.Y. 2007) ("Here, the Court finds, as an initial matter, that the submissions relating to the sanctions proceeding . . . are 'judicial documents.' . . . Specifically, it is beyond doubt that the items at issue are clearly 'relevant to the performance of the judicial function,' . . . insofar as it relates to the Court's duty under Rule 11 to determine 'whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate.'" (citations omitted)); *White v. County of Suffolk*, 2024 WL 3986643, at *2 (E.D.N.Y. Aug. 29, 2024) (affording strong presumption of public access to documents related to sanction proceeding).

Where the presumption is at its peak, "continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. Courts have found that one of these "higher values" is "protecting significant and substantial privacy interests, such as the physical safety of litigants, witnesses, or third parties." *Courthouse News Serv. v. Corsones*, 131 F.4th 59, 69 (2d Cir. 2025); *see also Brown v. Maxwell*, 929 F.3d 41, 47 n.13 (2d Cir. 2019). "In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is

traditionally considered private rather than public." *Amodeo*, 71 F.3d at 1051.  Other relevant considerations include "the sensitivity of the information and the subject," whether the information is "unverified," and "whether the nature of the materials is such that there is a fair opportunity for the subject to respond to any accusations contained therein." *Id.*  "A 'generalized concern of adverse publicity' is not, however, a sufficiently compelling reason to outweigh the presumption of access." *Nycomed US, Inc. v. Glenmark Generics, Inc.*, 2010 WL 889799, at *8 (E.D.N.Y. Mar. 8, 2010).  Furthermore, although "[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation," *Amodeo*, 71 F.3d at 1050, courts often consider whether a non-party has voluntarily chosen to participate in the case, *see, e.g.*, *Nycomed*, 2010 WL 889799, at *8 (noting that a non-party who was "actively involved in the action" was "not akin to the 'innocent third parties'" at issue in other cases); *cf. Desarrolladora La Ribera, S. de R.L. de C.V. v. Anderson*, 2024 WL 2049413, at *3 (S.D.N.Y. May 6, 2024) (sealing a non-party's identity where, among other things, the individual "did not ask to be involved in this lawsuit").

Lively's underlying motion seeks fees and costs and treble and punitive damages against the Wayfarer Parties.  *See* Dkt. No. 748.  This is the kind of motion to which a strong presumption of public access applies, and the privacy interest Lively has identified—namely, that of the declarant's identity—is insufficient to overcome that presumption.  Although the Court is cognizant of "the media-driven nature of this case," Dkt. No. 781 at 2, the declarant's identity is not the kind information "traditionally considered private rather than public," *Amodeo*, 71 F.3d at 1051; *see Nycomed*, 2010 WL 889799, at *8 (noting that medical information and information about minors are among the types of information traditionally considered private); *Diversified Grp., Inc. v. Daugerdas*, 304 F. Supp. 2d 507, 516 (S.D.N.Y. 2003) (noting the same

with respect to "[f]inancial records of a wholly owned business, family affairs, illnesses, [and] embarrassing conduct with no public ramifications"). The declarant's identity is also not "unverified." And preventing the disclosure of Exhibit 1, the audio recording, would limit "a fair opportunity for the subject to respond to any accusations contained therein," as Lively has quoted only portions of the recording. *Amodeo*, 71 F.3d at 1051. The non-party, moreover, has voluntarily participated in this case by submitting a declaration detailing certain accusations against parties. The Court therefore orders Dkt. Nos. 748, 748-2, and 748-3 unsealed.[2]

Next, Lively's motion at Dkt. No. 759 seeks sealing of Exhibit A to her reply in support of her motion to modify the discovery schedule, *see* Dkt. No. 753, on the grounds that the information contains information regarding the locations of upcoming depositions. The motion for continued sealing is granted. The Court orders Dkt. No. 761-1 sealed.

Lively's motion at Dkt. No. 765 seeks preliminary sealing of portions of her opposition to the Wayfarer Parties' motion for a protective order, *see* Dkt. No. 766, on the grounds that the opposition cites representations made during a deposition. Lively filed her motion on September 12, 2025, and since then, no parties have moved for continued sealing. The Court therefore orders Dkt. No. 766 unsealed.

The Wayfarer Parties' motion at Dkt. No. 772 seeks preliminary sealing of their proposed sur-reply to Lively's motion seeking an extension of the time to complete discovery. The Court denied the Wayfarer Parties' request to file a sur-reply, *see* Dkt. No. 775, so the Wayfarer Parties never filed any materials under seal. Their motion for preliminary sealing is therefore denied as moot.

---

[2] Although the Wayfarer Parties assert that they have no opposition to sealing the declarant's name, Dkt. No. 786 at 2, the audio recording reveals the declarant's identity, so maintaining the individual's name under seal would be an empty formality.

Lively's motion at Dkt. No. 788 seeks sealing of portions of the Joint Stipulation and Proposed Order Regarding the Deposition of Jed Wallace, Dkt. No. 790, on the grounds that the materials reference a party's personal medical information.  The motion is granted.  The Court orders Dkt. No. 790 sealed.

The Wayfarer Parties' motion at Dkt. No. 796 seeks preliminary sealing of portions of their opposition to Lively's motion for fees and damages under California Civil Code Section 47.1, *see* Dkt. No. 797, and Exhibits A through C of the accompanying declaration, *see* Dkt. Nos. 798-1, 798-2, 798-3, on the grounds that these materials were produced in discovery with confidential designations.  The Wayfarer Parties filed their motion on September 22, 2025, and since then, no parties have moved for continued sealing.  The Court therefore orders unsealed Dkt. Nos. 797, 798-1, 798-2, and 798-3.

Lively's motion at Dkt. No. 805 seeks preliminary sealing of portions of her motion to compel, *see* Dkt. No. 806, and Exhibits A and B filed in support of that motion, Dkt. Nos. 806-1, 806-2, on the grounds that the materials were produced in discovery with confidential designations.  Lively filed her motion on September 25, 2025, and since then, no parties have moved for continued sealing.  The Court therefore orders unsealed Dkt. Nos. 806, 806-1, and 806-2.

Lively's motion at Dkt. No. 808 seeks preliminary sealing of Exhibit A to her motion seeking emergency relief regarding a deposition.  *See* Dkt. No. 809-1.  Lively filed her motion on September 26, 2025, and since then, no parties have moved for continued sealing.  The Court notes, however, that the exhibit contains PII for counsel in this case that has previously been ordered sealed.  Lively is therefore directed to publicly file a redacted version of the exhibit on the docket.

The Wayfarer Parties' motion at Dkt. No. 812 seeks sealing of Exhibits 1 and 2 filed in support of their motion for judgment on the pleadings.  *See* Dkt. Nos. 814-1, 814-2.  Exhibit 1 is an agreement between Blake1, Inc., and It Ends With Us Movie, LLC, related to the film "It Ends With Us" that the Wayfarer Parties assert contains "confidential and sensitive information."  *See* Dkt. No. 812.  Exhibit 2 is a complaint and right to sue letter filed with the California Civil Rights Division.  The Wayfarer Parties' letter does not elaborate in any detail why this information is sensitive or must be maintained under seal.  Moreover, given that these documents were filed along with a dispositive motion for judgment on the pleadings, a strong presumption of public access attaches to the materials.  The parties are therefore directed to file a letter with the Court by October 8, 2025, indicating whether they in fact wish the information to be maintained under seal and, if so, further explaining why such sealing is justified.

In sum, the Clerk of Court is respectfully directed to seal Dkt. Nos. 761-1 and 790.  The Clerk of Court is further directed to unseal Dkt. Nos. 748, 748-2, 748-3, 766, 797, 798-1, 798-2, 798-3, 806, 806-1, and 806-2.

The Clerk of Court is respectfully directed to close Dkt. Nos. 747, 759, 765, 772, 781, 786, 788, 796, 805, 808, and 812.

SO ORDERED.

Dated: October 6, 2025
      New York, New York

                                     LEWIS J. LIMAN
                            United States District Judge