```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
BLAKE LIVELY,                                                      :
                                                                   :
                            Plaintiff,                             :
                                                                   :          24-cv-10049 (LJL)
        -v-                                                        :
                                                                   :              ORDER
WAYFARER STUDIOS LLC, JUSTIN BALDONI,                              :
JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH                          :
US MOVIE LLC, MELISSA NATHAN, THE AGENCY                           :
GROUP PR LLC, JENNIFER ABEL, JED WALLACE,                          :
STREET RELATIONS, INC.,                                            :
                                                                   :
                            Defendants.                            :
                                                                   :
-------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/10/2025

LEWIS J. LIMAN, United States District Judge:

Defendants Jed Wallace ("Wallace") and Street Relations, Inc. (collectively, the "Wallace Defendants") move for an extension of their deadline to designate rebuttal experts until thirty days after the Court rules on their pending motion to dismiss. *See* Dkt. No. 844. For the following reasons, the motion is denied.

The Wallace Defendants previously moved to stay discovery pending resolution of their first motion to dismiss. Dkt. No. 287. The Court denied that request, finding that on balance, the "good cause" factors did not warrant imposing a stay. Dkt. No. 309. Although the Wallace Defendants assert that things are different this time around, the Court is unconvinced. To be sure, as with their initial motion to dismiss—which the Court ultimately granted—the Wallace Defendants' renewed motion presents substantial arguments for dismissal. *See* Dkt. No. 649. But while courts consider the strength of a motion to dismiss in assessing a request for a stay of discovery, *see, e.g.*, *Ferrara v. Metro. Transp. Auth.*, 2025 WL 1653862, at *1 (S.D.N.Y. June

11, 2025), a "stay is an intrusion into the ordinary processes of administration and judicial review, and . . . should be granted only in 'rare circumstances,'" *Chavez-DeRemer v. Sarene Servs., Inc.*, 2025 WL 2523193, at *2 (E.D.N.Y. Sept. 2, 2025) (quoting *Medina v. Angrignon*, 2022 WL 1555083, at *2 (W.D.N.Y. May 17, 2022)). And the Court continues to believe that a stay is unwarranted given the relative burdens of proceeding with the discovery that remains.

As with their initial request for a stay, the prejudice to the Wallace Defendants in proceeding with discovery is limited, for even if the Court ultimately grants their motion to dismiss for deficient jurisdiction and venue, related litigation is ongoing in the Western District of Texas, and any expert discovery conducted here is likely to be relevant there as well. The Wallace Defendants assert that the "calculus flips for expert discovery," as "relevant facts may be similar across multiple claims, defenses, or even lawsuits, [but] expert interpretation (and relevance) depends on the specifics of the claims and defenses asserted." Dkt. No. 844 at 2. But even if expert discovery depends, to some extent, more so on the specifics of the claims and defenses asserted, the significant substantive overlap between these two cases means that any expert discovery is still highly likely to be relevant in both actions.

On the other hand, and as the Court has previously indicated, fragmenting discovery in this case into dual tracks risks further delaying this action and prejudicing other parties. *See* Dkt. No. 309 at 3–4; *see Gen. Elec. Int'l, Inc. v. Thorco Shipping Am., Inc.*, 2022 WL 1748410, at *3 (S.D.N.Y. May 31, 2022) ("[T]he Court finds that Plaintiffs likely will be prejudiced by a stay of discovery, particularly since discovery as to the co-Defendant . . . is proceeding."); *Hicksville Water Dist. v. Jerry Spiegel Assocs., Inc.*, 2022 WL 4072683, at *4 (E.D.N.Y. Sept. 2, 2022) (finding prejudice to the plaintiff where staying discovery "would create two separate, staggered discovery schedules as between Defendants and the numerous other defendants in this case").

2

The Wallace Defendants assert that should any claims survive their motion to dismiss, expert discovery can resume on an accelerated schedule. Dkt. No. 844 at 3. But given that the deadlines for completing expert discovery and filing motions for summary judgment are rapidly approaching, any delays risk the possibility of substantially disrupting scheduling in this matter. *See Hicksville Water Dist.*, 2022 WL 4072683, at *4 (rejecting the defendants' argument that they could simply do "some catchup at the end of fact discovery"). As such, the relative burdens once again counsel in favor of denying the Wallace Defendants' motion for a stay of discovery.

The Clerk of Court is respectfully directed to close Dkt. No. 844.

SO ORDERED.

Dated: October 10, 2025
      New York, New York

                                           LEWIS J. LIMAN
                                     United States District Judge