**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BLAKE LIVELY, | No. 24-cv-10049-LJL (lead case) |
|         Plaintiff, | No. 25-cv-449 (LJL) (member case) |
|    v. | |
| WAYFARER STUDIOS LLC, et al, | |
|         Defendants. | |
| JENNIFER ABEL, | |
|         Third-Party Plaintiff, | |
|    v. | |
| JONESWORKS LLC, | |
|         Third-Party Defendant. | |
| WAYFARER STUDIOS LLC, et al., | |
|         Consolidated Plaintiffs, | |
|    v. | |
| BLAKE LIVELY, et al. | |
|         Consolidated Defendants. | |

**<u>DECLARATION OF ESRA A. HUDSON IN SUPPORT OF BLAKE LIVELY'S MOTION
FOR SPOLIATION SANCTIONS</u>**

I, Esra A. Hudson, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am an attorney admitted to practice before this Court, a partner in the law firm of Manatt, Phelps & Phillips LLP, located at 2049 Century Park East, Suite 1700, Los Angeles, CA 90067, and counsel of record for Plaintiff Blake Lively in the above-captioned action.

2.      I respectfully submit this declaration in support of  Ms. Lively's Motion and Memorandum of Law in Support of Spoliation Sanctions against Defendants Wayfarer Studios LLC ("Wayfarer"), Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC ("TAG"), and Jennifer Abel (the "Wayfarer Defendants"), and Defendants Jed Wallace and Street Relations, Inc. (the "Wallace Defendants") (and collectively "Defendants").

3.      I also submit this declaration to place before the Court certain facts and documents related to Ms. Lively's Motion.

4.      On August 27, 2025, the Court granted that portion of Ms. Lively's motion seeking to compel the Wayfarer Defendants to produce their Signal communications, which the Court ordered "be produced no later than September 8, 2025."  (Dkt. No. 711, at 12-16.)

5.      On September 8, 2025, at 11:56 pm ET, the Wayfarer Defendants produced over 80,000 pages of documents from the custodial files of Defendants Wayfarer, Baldoni, Heath, Sarowitz, TAG, Nathan, and Abel.  I caused such documents to be reviewed by members of Ms. Lively's litigation team and have personally overseen the due diligence process to confirm the following: after several days of processing, it was determined that of the 80,000 pages of documents, only 62 Signal communications were produced from Abel, Heath, Nathan, TAG, and Wayfarer. The 62 Signal communications were largely duplicates and triplicates of the same

Signal communications, which were produced several times over by different custodians and, after de-duplicating, yielded a total of only seven unique Signal communications.

6.     Also on September 8, the Wayfarer Defendants filed a request for a one-week extension to complete the court-ordered production of Signal communications for Defendants Nathan and Sarowitz and Attorneys Bryan Freedman and Summer Benson, which this Court denied for failure to demonstrate good cause. (*See* Dkt. Nos. 746, 752.)

7.     Despite the Court's order denying leave to do so, the Wayfarer Defendants have made subsequent rolling productions of Signal communications on September 12 (Defendant Nathan), September 18 (Defendant Wayfarer), and October 9 (Defendants Heath, Sarowitz, and Wayfarer).

8.     Since receiving these productions, I caused an internal review of Defendants' productions to be performed, which I personally oversaw. Among other things, based on this internal review, I understand that Defendants have not produced any of the Signal communications previously produced by third-party The Skyline Agency LLC. I further understand that none of the Defendants, including Defendant Wallace, has produced a single voice memo from Defendant Wallace pre-dating December 20, 2024.

9.     In addition, based on the internal review of Wayfarer Defendants' productions, I understand that none of the Wayfarer Defendants has produced Signal communications that pre-date December 20, 2024.

10.     Counsel for Ms. Lively has raised concerns with the Wayfarer Defendants' counsel, including requesting confirmation as to whether any "Signal communications prior to December 20, 2024" exist. *See infra* Exhibit 46 at 3. In response, counsel for the Wayfarer Defendants

confirmed that they "have produced non-privileged Signal messages within [their] client's possession, custody, or control." *See id.*

11.    A true and correct copy of excerpts from the transcript of the deposition of non-party Katherine Case, dated September 5, 2025, is attached hereto as Exhibit 1.

12.    A true and correct copy of excerpts from the transcript of the deposition of Defendant Abel dated September 25, 2025, is attached hereto as Exhibit 2.

13.    A true and correct copy of excerpts from the transcript of the deposition of Defendant Abel dated September 26, 2025, is attached hereto as Exhibit 3.

14.    A true and correct copy of excerpts from the transcript of the deposition of Defendant Nathan, dated September 29, 2025, is attached hereto as Exhibit 4.

15.    A true and correct copy of excerpts from the transcript of the deposition of Defendant Sarowitz, dated October 3, 2025, is attached hereto as Exhibit 5.

16.    A true and correct copy of excerpts from the transcript of the deposition of Defendant Baldoni, dated October 6, 2025, is attached hereto as Exhibit 6.

17.    A true and correct copy of excerpts from the transcript of the deposition of Defendant Baldoni, dated October 7, 2025, is attached hereto as Exhibit 7.

18.    A true and correct copy of excerpts from the transcript of the deposition of Defendant Heath, dated October 8, 2025, is attached hereto as Exhibit 8.

19.    A true and correct copy of excerpts from the transcript of the deposition of Defendant Heath, dated October 9, 2025, is attached hereto as Exhibit 9.

20.    A true and correct copy of excerpts from the transcript of the deposition of Defendant Wallace, dated October 9, 2025, is attached hereto as Exhibit 10.

21.    A true and correct copy of an email correspondence and attachment, dated November 9, 2023, produced by Defendant Wayfarer bearing the Bates stamp WAYFARER_000140991, is attached hereto as Exhibit 11.

22.    A true and correct copy of text messages, dated November 10, 2023, produced by Defendant Baldoni bearing the Bates stamp BALDONI_000020412, is attached hereto as Exhibit 12.

23.    A true and correct copy of text messages, dated November 12, 2023, produced by Defendant Baldoni bearing the Bates stamp BALDONI_000020294, is attached hereto as Exhibit 13.

24.    A true and correct copy of text messages, dated June 17, 2024, produced by non-party Mitz Toskovic bearing the Bates stamp TOSKOVIC_000000677, is attached hereto as Exhibit 14.

25.    A true and correct copy of text messages, dated June 17, 2024, produced by Third-Party Defendant Jonesworks, LLC bearing the Bates stamp JONESWORKS_00039919, is attached hereto as Exhibit 15.

26.    A true and correct copy of a document with the subject line "Scope of Work," dated July 26, 2024, produced by Defendant Wayfarer bearing the Bates stamp WAYFARER_000135368, is attached hereto as Exhibit 16.

27.    A true and correct copy of an email correspondence with attachment, dated July 31, 2024, produced by Defendant Heath bearing the Bates stamp HEATH_000046882, is attached hereto as Exhibit 17.

28.     A true and correct copy of text messages, dated August 2, 2024, produced by Defendant Nathan bearing the Bates stamp NATHAN_000005552, is attached hereto as Exhibit 18.

29.     A true and correct copy of a Letter of Engagement, dated August 2, 2024, produced by non-party Carolina Hurley bearing the Bates stamp CHURLEY_00000020, is attached hereto as Exhibit 19.

30.     A true and correct copy of text messages, dated August 2, 2024, and attachments produced by Defendant Wayfarer bearing the Bates stamp WAYFARER_000141577, is attached hereto as Exhibit 20.

31.     A true and correct copy of an email correspondence, dated August 5, 2024, produced by the Wallace Defendants bearing the Bates stamp STREET 1.000001, is attached hereto as Exhibit 21.

32.     A true and correct copy of text messages, dated August 5, 2024, produced by Third-Party Defendant Jonesworks, LLC bearing the Bates stamp JONESWORKS_00012744, is attached hereto as Exhibit 22.

33.     A true and correct copy of text messages, dated August 6, 2024-August 7, 2024, produced by non-party Breanna Butler Koslow bearing the Bates stamp BBKOSLOW-000004099, is attached hereto as Exhibit 23.

34.     A true and correct copy of an email correspondence, dated August 7, 2024, produced by Defendant Heath bearing the Bates stamp HEATH_000028186, is attached hereto as Exhibit 24.

35.     A true and correct copy of text messages, dated August 8, 2024, produced by non-party Breanna Butler Koslow bearing the Bates stamp BBKOSLOW-000006742, is attached hereto as Exhibit 25.

36.     A true and correct copy of text messages, dated August 9, 2024, produced by non-party Breanna Butler Koslow bearing the Bates stamp BBKOSLOW-000001988, is attached hereto as Exhibit 26.

37.     A true and correct copy of email correspondences, dated August 9, 2024, produced by the Wallace Defendants bearing the Bates stamp SR 1.00000044, is attached hereto as Exhibit 27.

38.     A true and correct copy of text messages, dated August 10, 2024-January 10, 2025, produced by the Wallace Defendants bearing the Bates stamp SR 1.00000054, is attached hereto as Exhibit 28.

39.     A true and correct copy of text messages, dated August 12, 2024, produced by Defendant Nathan bearing the Bates stamp NATHAN_000002151, is attached hereto as Exhibit 29.

40.     A true and correct copy of email correspondence, dated August 13, 2024, produced by Defendant Nathan bearing the Bates stamp NATHAN_000002237, is attached hereto as Exhibit 30.

41.     A true and correct copy of text messages, dated August 13, 2024-August 14, 2024, produced by non-party Katherine Case bearing the Bates stamp KCASE-000003354, is attached hereto as Exhibit 31.

42.     A true and correct copy of text messages, dated August 13, 2024, produced by non-party Mitz Toskovic bearing the Bates stamp TOSKOVIC_000000707, is attached hereto as Exhibit 32.

43.     A true and correct copy of text messages, dated October 28, 2024-November 12, 2024, produced by the Wallace Defendants bearing the Bates stamp STREET 3.000499, is attached hereto as Exhibit 33.

44.     A true and correct copy of text messages, dated November 11, 2024-November 14, 2024, produced by the Wallace Defendants bearing the Bates stamp STREET 3.000486, is attached hereto as Exhibit 34.

45.     A true and correct copy of text messages, dated November 19, 2024, produced by the Wallace Defendants bearing the Bates stamp STREET 3.000199, is attached hereto as Exhibit 35.

46.     A true and correct copy of text messages, dated November 19, 2024-November 22, 2024, produced by the Wallace Defendants bearing the Bates stamp STREET 3.000204, is attached hereto as Exhibit 36.

47.     A true and correct copy of email correspondences, dated November 19, 2024, produced by the Wallace Defendants bearing the Bates stamp STREET 3.000366, is attached hereto as Exhibit 37.

48.     A true and correct copy of text messages, dated December 20, 2024-December 21, 2024, produced by non-party Breanna Butler Koslow bearing the Bates stamp BBKOSLOW-000005795, is attached hereto as Exhibit 38.

49.     A true and correct copy of text messages, dated December 21, 2024, produced by non-party Breanna Butler Koslow bearing the Bates stamp BBKOSLOW-000001753, is attached hereto as Exhibit 39.

50.     A true and correct copy of text messages, dated December 21, 2024, produced by non-party Breanna Butler Koslow bearing the Bates stamp BBKOSLOW-00007083, is attached hereto as Exhibit 40.

51.     A true and correct copy of text messages, dated January 3, 2025, produced by Defendant Nathan bearing the Bates stamp NATHAN_000018774, is attached hereto as Exhibit 41.

52.     A true and correct copy of text messages, dated January 5, 2025, produced by Defendant Abel bearing the Bates stamp ABEL_000019523, is attached hereto as Exhibit 42.

53.     A true and correct copy of an audio recording, dated January 18, 2025, produced by non-party The Skyline Agency LLC bearing the Bates stamp SKYLINE_000000214, is attached hereto as Exhibit 43.

54.     A true and correct copy of Signal chat messages, dated February 1, 2025, produced by non-party The Skyline Agency LLC bearing the Bates stamp SKYLINE_000000235, is attached hereto as Exhibit 44.

55.     A true and correct copy of Signal chat messages, dated February 2, 2025, produced by non-party The Skyline Agency LLC bearing the Bates stamp SKYLINE_000000312, is attached hereto as Exhibit 45.

56.     A true and correct copy of an email dated September 22, 2025, from counsel for the Wayfarer Defendants is attached hereto as Exhibit 46.

57.    A true and correct copy of an audio recording, dated August 5, 2024, produced by non-party Katherine Case bearing the Bates stamp KCASE-000004957, is attached hereto as Exhibit 47.

58.    A true and correct copy of Defendant Nathan's phone records for the period of July 22, 2024 through August 21, 2024 produced by Defendant Wayfarer bearing the Bates stamp WAYFARER_000142867 is attached hereto as Exhibit 48. For the Court's convenience, the relevant entries reflecting phone calls between Defendants Nathan and Wallace are highlighted on pages 3, 4, 6, 7, 8, 9, 10, 11, 12, 14, 15, 16, 18, 19, and 20.

59.    A true and correct copy of Defendant Abel's Responses & Objections to Ms. Lively's Seventh Set of Interrogatories, dated September 29, 2025, served on all counsel of record, is attached hereto as Exhibit 49.

60.    A true and correct copy of Defendant Baldoni's Responses & Objections to Ms. Lively's Fifth Set of Interrogatories, dated September 29, 2025, served on all counsel of record, is attached hereto as Exhibit 50.

61.    A true and correct copy of Defendant Heath's Responses & Objections to Ms. Lively's Fifth Set of Interrogatories, dated September 29, 2025, served on all counsel of record, is attached hereto as Exhibit 51.

62.    A true and correct copy of Defendant Nathan's Responses & Objections to Ms. Lively's Seventh Set of Interrogatories, dated September 29, 2025, served on all counsel of record, is attached hereto as Exhibit 52.

63.    A true and correct copy of Defendant Sarowitz's Responses & Objections to Ms. Lively's Fifth Set of Interrogatories, dated September 29, 2025, served on all counsel of record, is attached hereto as Exhibit 53.

64.    A true and correct copy of Defendant TAG's Responses & Objections to Ms. Lively's Fifth Set of Interrogatories, dated September 29, 2025, served on all counsel of record, is attached hereto as Exhibit 54.

65.    On September 30, 2025, Ms. Lively served her Responses and Objections to Defendant TAG's Second Set of Interrogatories, which, among other things, requested that Ms. Lively:

> Identify in reasonable detail the "negative content about Ms. Lively (including through engagement of comments on social media)" that You allege was amplified by The Agency Group PR LLC, as alleged in paragraph 230 of the Second Amended Complaint, including, but not limited to, for each item of content identified: (a) the actual words or other content that was negative; (b) the name of the person posting the content; (c) the date the content was publicized; and (d) a link to the content.

Based on new information, including deposition testimony, that was subsequently discovered, Ms. Lively supplemented her responses and objections to this Second Set of Interrogatories on October 2, October 9, and October 17.  A true and correct copy of Ms. Lively's Third Amended Responses & Objections to Defendant TAG's Second Set of Interrogatories, dated October 17, 2025, is attached hereto as Exhibit 55.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Dated: October 22, 2025                              /s/ *Esra A. Hudson*
                                                      Esra A. Hudson

- 11 -