# EXHIBIT 24

CONFIDENTIAL

Page 1

```
 1                UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF NEW YORK
 2
       BLAKE LIVELY,                 )
 3         PLAINTIFF                 )   CASE NO.
                                     )   1:24-CV-10049-LJL
 4     VS.                           )   (CONSOLIDATED WITH
                                     )   1:25-CV-00449-LJL
 5     WAYFARER STUDIOS LLC,         )
       JUSTIN BALDONI, JAMEY         )
 6     HEATH, STEVE SAROWITZ,        )
       IT ENDS WITH US MOVIE         )
 7     LLC, MELISSA NATHAN,          )
       THE AGENCY GROUP PR           )
 8     LLC, AND JENNIFER ABEL,       )
           DEFENDANTS                )
 9     _____       )   _____
       JENNIFER ABEL,                )
10         THIRD-PARTY               )
       PLAINTIFF                     )
11                                   )
       VS.                           )
12                                   )
       JONESWORKS LLC                )
13         THIRD-PARTY               )
       DEFENDANT                     )
14
            ORAL AND VIDEOTAPED DEPOSITION OF JED WALLACE
15                           OCTOBER 10
                            CONFIDENTIAL
16
17         ORAL AND VIDEOTAPED DEPOSITION OF JED WALLACE,
18     produced as a witness at the instance of the Jonesworks
19     and duly sworn, was taken in the above styled and
20     numbered cause on Friday, October 10, 2025, from 9:06
21     a.m. to 2:25 p.m., before Janalyn Elkins, CSR, in and
22     for the State of Texas, reported by computerized
23     stenotype machine, at the offices of Jackson Walker, 100
24     Congress Avenue, Suite 1100, Austin, Texas, pursuant to
       the Federal Rules of Civil Procedure and any provisions
25     stated on the record herein.
```

CONFIDENTIAL

Page 118

1  recall?
2     A.  Not that I recall.
3     Q.  Mr. Wallace, in connection with that work you
4  were doing for Wayfarer, do you have any recollection of
5  ever speaking with Ms. Jones?
6          MR. COOLEY:  Objection.
7          THE WITNESS:  Related to Wayfarer?
8     Q.  (BY MS. TAHLER)  Yes.
9     A.  I do not have any recollection.
10    Q.  Do you have any recollection of ever being --
11 being copied on any communications with Ms. Jones in
12 connection with the work you were doing for Wayfarer?
13    A.  Not that I recall.
14    Q.  Did you ever understand that Ms. Jones was
15 involved at all in the work that you were doing for
16 Wayfarer?
17         MR. COOLEY:  Objection.
18         THE WITNESS:  Yeah.  Could you rephrase
19 that question?
20    Q.  (BY MS. TAHLER)  I'm wondering whether or not
21 you had any understanding that Ms. Jones was involved in
22 all -- at all in any of the work you were doing for
23 Wayfarer.
24    A.  I knew Ms. Jones represented Wayfarer at one
25 point.

CONFIDENTIAL

Page 119

1    Q.  But with regard to your work, you never spoke
2    to her, right?
3    A.  I don't recall.
4    Q.  Sitting here today, you don't have a
5    recollection of speaking with her in connection with
6    Wayfarer; is that right?
7    A.  Not in collect -- connection with Wayfarer, no,
8    I don't recall.
9              MS. ANASTASIO:  72.
10             (Exhibit No. 72 was marked.)
11             MR. BABCOCK:  Are you done with 1?
12             MS. TAHLER:  I am.
13             MR. BABCOCK:  Let's put that one back in
14   the stack so that we don't lose it.
15             THE WITNESS:  You handed me this one.
16   Q.  (BY MS. TAHLER)  Mr. Wallace, you're now
17   reviewing what's been marked as Exhibit 72.  It's a
18   document Bates stamped Jonesworks_MN_ several zeros 1249
19   through 1258.
20             Mr. Wallace, I'm not going to ask you about
21   any of the details of the article that you're being
22   forwarded.
23   A.  Okay.
24   Q.  Mr. Wallace, is Exhibit -- Exhibit 62 a forward
25   that Melissa sent you on or about August 13th, 2024?

Federal Rules of Civil Procedure

Rule 30

(e) Review By the Witness; Changes.

(1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A) to review the transcript or recording; and

(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

(2) Changes Indicated in the Officer's Certificate. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

DISCLAIMER:  THE FOREGOING FEDERAL PROCEDURE RULES ARE PROVIDED FOR INFORMATIONAL PURPOSES ONLY. THE ABOVE RULES ARE CURRENT AS OF APRIL 1, 2019.  PLEASE REFER TO THE APPLICABLE FEDERAL RULES OF CIVIL PROCEDURE FOR UP-TO-DATE INFORMATION.

VERITEXT LEGAL SOLUTIONS

COMPANY CERTIFICATE AND DISCLOSURE STATEMENT

Veritext Legal Solutions represents that the foregoing transcript is a true, correct and complete transcript of the colloquies, questions and answers as submitted by the court reporter. Veritext Legal Solutions further represents that the attached exhibits, if any, are true, correct and complete documents as submitted by the court reporter and/or attorneys in relation to this deposition and that the documents were processed in accordance with our litigation support and production standards.

Veritext Legal Solutions is committed to maintaining the confidentiality of client and witness information, in accordance with the regulations promulgated under the Health Insurance Portability and Accountability Act (HIPAA), as amended with respect to protected health information and the Gramm-Leach-Bliley Act, as amended, with respect to Personally Identifiable Information (PII). Physical transcripts and exhibits are managed under strict facility and personnel access controls. Electronic files of documents are stored in encrypted form and are transmitted in an encrypted

fashion to authenticated parties who are permitted to access the material. Our data is hosted in a Tier 4 SSAE 16 certified facility.

Veritext Legal Solutions complies with all federal and State regulations with respect to the provision of court reporting services, and maintains its neutrality and independence regardless of relationship or the financial outcome of any litigation. Veritext requires adherence to the foregoing professional and ethical standards from all of its subcontractors in their independent contractor agreements.

Inquiries about Veritext Legal Solutions' confidentiality and security policies and practices should be directed to Veritext's Client Services Associates indicated on the cover of this document or at www.veritext.com.