# EXHIBIT 33

CONFIDENTIAL

Page 1

```
 1              UNITED STATES DISTRICT COURT
 2         FOR THE SOUTHERN DISTRICT OF NEW YORK
 3                      ---oOo---
 4
 5   BLAKE LIVELY,
 6              Plaintiff,
 7     vs.        CASE NO. 24-CV-10049-LJL (LEAD CASE)
                             25-CV-449 (LJL)  (MEMBER CASE)
 8
     WAYFARER STUDIOS LLC, ET AL.
 9
                Defendants.
10   _____
     JENNIFER ABEL,
11              Third-party Plaintiff,
       vs.
12   JONESWORKS, LLC,
                Third-party Defendant.
13   _____
     WAYFARER STUDIOS LLC, et al.
14              Consolidated Plaintiffs,
       vs.
15   BLAKE LIVELY, et al.
                Consolidated Defendants.
16   _____
17                  **CONFIDENTIAL**
18
19       VIDEO-RECORDED DEPOSITION OF JAMEY HEATH
20               Los Angeles, California
21             Wednesday, October 8, 2025
22
23   Stenographically Reported by:  Ashley Soevyn,
     CALIFORNIA CSR No. 12019
24
25
```

CONFIDENTIAL

Page 2

```
 1              UNITED STATES DISTRICT COURT
 2          FOR THE SOUTHERN DISTRICT OF NEW YORK
 3                       ---oOo---
 4
 5    BLAKE LIVELY,
 6              Plaintiff,
 7       vs.      CASE NO. 24-CV-10049-LJL (LEAD CASE)
                           25-CV-449 (LJL) (MEMBER CASE)
 8
      WAYFARER STUDIOS LLC, ET AL.
 9
                Defendants.
10    _____
      JENNIFER ABEL,
11              Third-party Plaintiff,
         vs.
12    JONESWORKS, LLC,
                Third-party Defendant.
13    _____
      WAYFARER STUDIOS LLC, et al.
14              Consolidated Plaintiffs,
         vs.
15    BLAKE LIVELY, et al.
                Consolidated Defendants.
16    _____
17                    **CONFIDENTIAL**
18           Video-recorded Deposition of
19    JAMEY HEATH, taken on behalf of the Plaintiff Blake
20    Lively, Pursuant to Notice, at the offices of Manatt
21    Phelps & Phillips, 2049 Cenury Park East
22    Los Angeles, California beginning at
23    9:12 a.m.  and ending at 7:41 p.m. on Wednesday,
24    October 8, 2025, before me, ASHLEY SOEVYN,
25    California Certified Shorthand Reporter No. 12019.
```

CONFIDENTIAL

Page 359

1  Q  On August 11th, Mr. Wallace said --
2  you -- you refer to Signal.
3     Do you see that?
4  A  Which one is this?
5  Q  August 11th at 12:02 a.m.
6  A  Hey, man, I appreciate your message. I
7  could tell after speaking with you --
8  Q  In the middle, you say:
9     (As read):
10        "As for Signal, I'm not on it, but
11        we'll set that up this week for sure.
12        I'll let you know once I've done that."
13     Do you see that?
14  A  I do.
15  Q  Did you set up Signal at this time?
16  A  I must have. I think I might -- I think
17  I did.
18  Q  And did you let Mr. Wallace know that you
19  had set it up?
20  A  I don't know.
21  Q  Did you communicate with Mr. Wallace on
22  Signal at this -- after August 11th, 2024?
23  A  I think there was a few -- a few messages
24  sent.
25  Q  And when did you first send a Signal

Page 364

1    BY MS. HUDSON:
2         Q    Did you communicate with Ms. Abel on
3    Signal in September of 2024?
4         A    I may have.
5         Q    Did you communicate with Ms. Nathan on
6    Signal in 2024?
7         A    I may have.
8         Q    Is -- did you communicate with
9    Mr. Freedman on Signal in 2024 -- in September of
10   2024?
11        A    I know for sure not.
12        Q    And why do you know that one for sure?
13        A    Well, because I only had one conversation
14   with Mr. Freedman.
15        Q    On Signal?
16        A    No.  I had one conversation with him
17   in -- I don't remember what month it was.  Maybe it
18   was in August.
19        Q    Did you communicate with anyone on Signal
20   in October of 2024?
21        A    I may have.
22        Q    And did you speak with -- did you
23   communicate with Mr. Wallace on Signal in October of
24   2024?
25        A    It's the same.  I may have.  I'm -- I

Federal Rules of Civil Procedure

Rule 30

(e) Review By the Witness; Changes.

(1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A) to review the transcript or recording; and

(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

(2) Changes Indicated in the Officer's Certificate. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

DISCLAIMER:  THE FOREGOING FEDERAL PROCEDURE RULES ARE PROVIDED FOR INFORMATIONAL PURPOSES ONLY. THE ABOVE RULES ARE CURRENT AS OF APRIL 1, 2019.  PLEASE REFER TO THE APPLICABLE FEDERAL RULES OF CIVIL PROCEDURE FOR UP-TO-DATE INFORMATION.

VERITEXT LEGAL SOLUTIONS

COMPANY CERTIFICATE AND DISCLOSURE STATEMENT

Veritext Legal Solutions represents that the foregoing transcript is a true, correct and complete transcript of the colloquies, questions and answers as submitted by the court reporter. Veritext Legal Solutions further represents that the attached exhibits, if any, are true, correct and complete documents as submitted by the court reporter and/or attorneys in relation to this deposition and that the documents were processed in accordance with our litigation support and production standards.

Veritext Legal Solutions is committed to maintaining the confidentiality of client and witness information, in accordance with the regulations promulgated under the Health Insurance Portability and Accountability Act (HIPAA), as amended with respect to protected health information and the Gramm-Leach-Bliley Act, as amended, with respect to Personally Identifiable Information (PII). Physical transcripts and exhibits are managed under strict facility and personnel access controls. Electronic files of documents are stored in encrypted form and are transmitted in an encrypted

fashion to authenticated parties who are permitted to access the material. Our data is hosted in a Tier 4 SSAE 16 certified facility.

Veritext Legal Solutions complies with all federal and State regulations with respect to the provision of court reporting services, and maintains its neutrality and independence regardless of relationship or the financial outcome of any litigation. Veritext requires adherence to the foregoing professional and ethical standards from all of its subcontractors in their independent contractor agreements.

Inquiries about Veritext Legal Solutions' confidentiality and security policies and practices should be directed to Veritext's Client Services Associates indicated on the cover of this document or at www.veritext.com.