# EXHIBIT 34

CONFIDENTIAL

Page 1

```
 1              UNITED STATES DISTRICT COURT
 2          FOR THE SOUTHERN DISTRICT OF NEW YORK
 3                     ---oOo---
 4
 5   BLAKE LIVELY,
 6              Plaintiff,
 7      vs.       CASE NO. 24-CV-10049-LJL (LEAD CASE)
                            25-CV-449 (LJL) (MEMBER CASE)
 8
     WAYFARER STUDIOS LLC, ET AL.
 9
                  Defendants.
10   _____
     JENNIFER ABEL,
11              Third-party Plaintiff,
        vs.
12   JONESWORKS, LLC,
                Third-party Defendant.
13   _____
     WAYFARER STUDIOS LLC, et al.
14              Consolidated Plaintiffs,
        vs.
15   BLAKE LIVELY, et al.
                Consolidated Defendants.
16   _____
17                   **CONFIDENTIAL**
18
19     VIDEO-RECORDED DEPOSITION OF MELISSA NATHAN
20              Los Angeles, California
21             Monday, September 29, 2025
22
23   Stenographically Reported by:  Ashley Soevyn,
     CALIFORNIA CSR No. 12019
24
25
```

CONFIDENTIAL

Page 2

```
 1            UNITED STATES DISTRICT COURT
 2         FOR THE SOUTHERN DISTRICT OF NEW YORK
 3                      ---oOo---
 4
 5   BLAKE LIVELY,
 6              Plaintiff,
 7     vs.      CASE NO. 24-CV-10049-LJL (LEAD CASE)
                        25-CV-449 (LJL) (MEMBER CASE)
 8
     WAYFARER STUDIOS LLC, ET AL.
 9
                Defendants.
10   _____
     JENNIFER ABEL,
11            Third-party Plaintiff,
       vs.
12   JONESWORKS, LLC,
              Third-party Defendant.
13   _____
     WAYFARER STUDIOS LLC, et al.
14            Consolidated Plaintiffs,
       vs.
15   BLAKE LIVELY, et al.
              Consolidated Defendants.
16   _____
17                    **CONFIDENTIAL**
18            Video-recorded Deposition of
19   MELISSA NATHAN, taken on behalf of the Plaintiff
20   Blake Lively, Pursuant to Notice, at the offices of
21   Willkie Farr & Gallagher, 2029 Century Park East,
22   Los Angeles, California beginning at 9:35 a.m.  and
23   ending at 7:32 p.m. on Monday, September 29, 2025,
24   before me, ASHLEY SOEVYN, California Certified
25   Shorthand Reporter No. 12019.
```

CONFIDENTIAL

Page 49

1   my text?
2          Q    In general.
3          A    No.
4          Q    And did you at any point during the time
5   period of July 1st, 2024 to the present, ever have
6   an auto delete function enabled on your regular
7   messaging app on your phone?
8               MR. FREEDMAN:  Objection.
9               THE WITNESS:  No.
10  BY MR. GOTTLIEB:
11         Q    You sometimes use Signal; is that right?
12         A    I do.
13         Q    And you were using Signal, at least for
14  some purposes, in July and August of 2024; is that
15  right?
16         A    It is.
17         Q    And Signal is not like the standard Apple
18  messaging product; is that right?
19         A    I can't speak to the Apple messaging
20  product, but I know what Signal is used for.
21         Q    And what is it used for?
22         A    It's used to -- it's been really popular
23  especially in all of our live business over the last
24  couple of years because there is an option that you
25  can -- it auto deletes messages for private

CONFIDENTIAL

Page 431

1           REPORTER'S CERTIFICATE

2           I, ASHLEY SOEVYN, a Certified Shorthand
3   Reporter of the State of California, do hereby
4   certify:
5           That the foregoing proceedings were taken
6   before me at the time and place herein set forth;
7   at which time the witness was put under oath by me;
8           That the testimony of the witness, the
9   questions propounded, and all objections and
10  statements made at the time of the examination were
11  recorded stenographically by me and were thereafter
12  transcribed;
13          That a review of the transcript by the
14  deponent was/ was not requested;
15          That the foregoing is a true and correct
16  transcript of my shorthand notes so taken.
17          I further certify that I am not a relative
18  or employee of any attorney of the parties, nor
19  financially interested in the action.
20          I declare under penalty of perjury under
21  the laws of California that the foregoing is true
22  and correct.  Dated this 1st day of October, 2025.
23
24                      [signature]
                        ASHLEY SOEVYN
25                      CSR No. 12019

Federal Rules of Civil Procedure

Rule 30

(e) Review By the Witness; Changes.

(1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A) to review the transcript or recording; and

(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

(2) Changes Indicated in the Officer's Certificate. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

DISCLAIMER:  THE FOREGOING FEDERAL PROCEDURE RULES ARE PROVIDED FOR INFORMATIONAL PURPOSES ONLY. THE ABOVE RULES ARE CURRENT AS OF APRIL 1, 2019.  PLEASE REFER TO THE APPLICABLE FEDERAL RULES OF CIVIL PROCEDURE FOR UP-TO-DATE INFORMATION.

VERITEXT LEGAL SOLUTIONS

COMPANY CERTIFICATE AND DISCLOSURE STATEMENT

Veritext Legal Solutions represents that the foregoing transcript is a true, correct and complete transcript of the colloquies, questions and answers as submitted by the court reporter. Veritext Legal Solutions further represents that the attached exhibits, if any, are true, correct and complete documents as submitted by the court reporter and/or attorneys in relation to this deposition and that the documents were processed in accordance with our litigation support and production standards.

Veritext Legal Solutions is committed to maintaining the confidentiality of client and witness information, in accordance with the regulations promulgated under the Health Insurance Portability and Accountability Act (HIPAA), as amended with respect to protected health information and the Gramm-Leach-Bliley Act, as amended, with respect to Personally Identifiable Information (PII). Physical transcripts and exhibits are managed under strict facility and personnel access controls. Electronic files of documents are stored in encrypted form and are transmitted in an encrypted

fashion to authenticated parties who are permitted to access the material. Our data is hosted in a Tier 4 SSAE 16 certified facility.

Veritext Legal Solutions complies with all federal and State regulations with respect to the provision of court reporting services, and maintains its neutrality and independence regardless of relationship or the financial outcome of any litigation. Veritext requires adherence to the foregoing professional and ethical standards from all of its subcontractors in their independent contractor agreements.

Inquiries about Veritext Legal Solutions' confidentiality and security policies and practices should be directed to Veritext's Client Services Associates indicated on the cover of this document or at www.veritext.com.