# EXHIBIT 5

Filed Under Seal

CONFIDENTIAL

Page 1

```
 1              UNITED STATES DISTRICT COURT
 2         FOR THE SOUTHERN DISTRICT OF NEW YORK
 3                      ---oOo---
 4
 5   BLAKE LIVELY,
 6              Plaintiff,
 7      vs.        CASE NO. 24-CV-10049-LJL (LEAD CASE)
                              25-CV-449 (LJL) (MEMBER CASE)
 8
     WAYFARER STUDIOS LLC, ET AL.,
 9
                 Defendants.
10   _____
     JENNIFER ABEL,
11           Third-party Plaintiff,
        vs.
12   JONESWORKS, LLC,
             Third-party Defendant.
13   _____
     WAYFARER STUDIOS LLC, et al.,
14           Consolidated Plaintiffs,
        vs.
15   BLAKE LIVELY, et al.,
             Consolidated Defendants.
16   _____
17                    **CONFIDENTIAL**
18
19     VIDEO-RECORDED DEPOSITION OF STEVE SAROWITZ
20              Los Angeles, California
21              Friday, October 3, 2025
22
23   Stenographically Reported by:  Ashley Soevyn,
24   CALIFORNIA CSR No. 12019
25
```

1           MS. GAROFALO:  Again, he's not asking you
2   about any communications with counsel.  You're
3   instructed not to answer with information you
4   obtained solely from counsel.  You can otherwise
5   answer the question.  Is that -- do you understand
6   the instruction?
7           THE WITNESS:  Yes.
8           So just to repeat so I make sure I -- are
9   you asking me if I'm aware of any policy on
10  retention of messages?
11  BY MR. GOTTLIEB:
12      Q    Yes.
13      A    No, I'm not aware.
14      Q    Have you ever personally gone into your
15  Signal application and set or adjusted auto delete
16  functions on any chats that you've had?
17      A    No.
18      Q    So you do not know one way or the other
19  whether these Signal chats that you have relating to
20  the film have an auto delete function on them or
21  not; is that correct?
22          MS. GAROFALO:  Again, he's not asking you
23  about anything you may have learned from attorneys
24  in the course of this litigation.  He's asking about
25  your independent knowledge.

Page 95

1        THE WITNESS:  No.
2   BY MR. GOTTLIEB:
3        Q    No, you do not know?
4        A    I don't know.
5        Q    Have you ever had any person take your
6   phone and adjust your auto delete settings so far as
7   you know?
8        A    No.
9        Q    Did you take any steps, after you learned
10  about the possibility of litigation in this case, to
11  adjust the retention policies or look at the
12  retention policies for your 4sbay.com email address?
13       A    No.
14       Q    Do you know what the default setting is
15  in your system?
16       A    No.
17       Q    Do you know what the default setting is
18  in Signal for message deletion and retention?
19       A    No.
20       Q    So there's no steps that you took, as you
21  sit here today, that you can think of -- steps that
22  you took to determine whether any of your messages
23  were being deleted?
24            MS. GAROFALO:  Again, he's not asking you
25  to respond with anything you learned from attorneys

Page 96

1   in connection with the litigation, just you
2   individually.
3            THE WITNESS:  No.
4            MR. GOTTLIEB:  Right.
5   BY MR. GOTTLIEB:
6       Q    And just to make sure, because I'm not
7   sure how clear my last question was, with respect to
8   Signal, there's no steps, not conversations you had
9   with your lawyers, but things that you actually did.
10  You're unaware of anything you did to determine
11  whether your messages were being deleted or not?
12      A    Yes.
13      Q    Yes, you're -- yes, you're not aware?
14      A    Yes, I am not aware.
15      Q    Okay.  Did you review any of the
16  documents that you produced as part of this
17  litigation?
18           MS. GAROFALO:  Objection.
19           THE WITNESS:  And, again, this is just
20  asking the question.  If I reviewed them with my
21  attorneys?
22  BY MR. GOTTLIEB:
23      Q    No.  No.  Just did you review, at any
24  time, any of the documents that were produced in
25  this litigation?