UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>   Plaintiff,<br><br>v.<br><br>WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, THE AGENCY GROUP PR LLC, and JENNIFER ABEL,<br><br>   Defendants. | Civ. Action No. 1:24-cv-10049-LJL (Consolidated for pretrial purposes with 1:25-cv-00449-LJL)<br>rel. 1:25-cv-00449-LJL<br><br>**THIRD-PARTY DEFENDANT JONESWORKS LLC'S ANSWER TO JENNIFER ABEL'S AMENDED THIRD-PARTY COMPLAINT** |
| JENNIFER ABEL,<br><br>   Third-Party Plaintiff,<br><br>v.<br><br>JONESWORKS LLC,<br><br>   Third-Party Defendant | |
| WAYFARER STUDIOS LLC,<br>JUSTIN BALDONI, JAMEY HEATH, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, JENNIFER ABEL, and STEVE SAROWITZ,<br><br>   Plaintiffs,<br><br>v.<br><br>BLAKE LIVELY, RYAN REYNOLDS, LESLIE SLOANE, VISION PR, INC., and THE NEW YORK TIMES COMPANY,<br><br>   Defendants. | |

Third-Party Plaintiff Jonesworks LLC ("Jonesworks") answers the Third-Party Complaint ("Complaint") filed by Defendant and Third-Party Plaintiff Jennifer Abel ("Abel") as follows:

## PARTIES

1.      Jonesworks lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1.

2.      Jonesworks admits that it is a Delaware limited liability company with its principal place of business in New York, New York.  Jonesworks further admits that Stephanie Jones is not a resident of California and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in Paragraph 2, including because the term "members" is vague and ambiguous.

3.      The allegations in Paragraph 3 are legal conclusions and therefore no response is required.  To the extent a response is required, Jonesworks denies these allegations.

4.      The allegations in Paragraph 4 are legal conclusions and therefore no response is required.  To the extent a response is required, Jonesworks denies these allegations.

## JURISDICTION AND VENUE

5.      The allegations in Paragraph 5 are legal conclusions and therefore no response is required.  To the extent a response is required, Jonesworks denies these allegations.

6.      The allegations in Paragraph 6 are legal conclusions and therefore no response is required.  To the extent a response is required, Jonesworks admits that it conducts business in New York and denies the remaining allegations.

7.      The allegations in Paragraph 7 are legal conclusions and therefore no response is required.  To the extent a response is required, Jonesworks admits that it conducts business in New York and denies the remaining allegations.

8. The allegations in Paragraph 8 are legal conclusions and therefore no response is required. To the extent a response is required, Jonesworks admits that a substantial part of the events or omissions giving rise to these claims occurred in this District.

## GENERAL ALLEGATIONS

9. Jonesworks admits that it is a New York-based public relations firm founded by Stephanie Jones, who serves as its CEO.

10. Jonesworks denies that the allegations of Paragraph 10 provide a complete and/or accurate description of the matters purportedly described therein.

11. Jonesworks admits that Stephanie Jones is married to Jason Hodes who is a partner at William Morris Endeavor. Jonesworks denies the remaining allegations, including the characterizations contained therein.

12. Jonesworks admits that when it hired Jennifer Abel, she worked for R&CPMK. Jonesworks denies that Stephanie Jones "poached" Jennifer Abel. Jonesworks lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.

13. Jonesworks admits that Abel was connected to Jonesworks through a recruiter. Jonesworks lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.

14. Jonesworks denies that Stephanie Jones had become embroiled in a dispute with another public relations firm for stealing its clients using deceptive and unscrupulous means. Jonesworks lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.

15. Jonesworks lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

16. Jonesworks admits that Abel was hired on July 9, 2020, with the title of Vice President. Jonesworks denies the remaining allegations.

17. Jonesworks admits that as a condition of her employment, Abel executed a Non-Disclosure and Intellectual Property Rights and Non-Solicitation Agreement (the "Abel NDA"), which document speaks for itself.

18. Jonesworks admits pursuant to the Abel NDA, Abel was an at-will employee whose employment was exclusive to Jonesworks during the period of her employment and that the Abel NDA speaks for itself.

19. Paragraph 19 purports to summarize a document, the contents of which speak for itself.

20. Jonesworks admits that on November 22, 2021, Abel executed a modified Employment Agreement ("2021 Employment Agreement"), which document speaks for itself. Jonesworks denies the remaining allegations.

21. Paragraph 21 purports to summarize a document, the contents of which speak for itself.

22. Paragraph 22 purports to summarize a document, the contents of which speak for itself.

23. The allegation in Paragraph 23 is a legal conclusion and therefore no response is required. To the extent a response is required, Jonesworks denies this allegation.

24. Jonesworks denies that "Abel performed no work for Jonesworks in the State of New York" and that she "performed the overwhelming majority of her work within the State of California." Jonesworks admits that Abel has worked out of Jonesworks' Los Angeles office. The remaining allegations are either legal conclusions to which no response is required or

Jonesworks lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

25. Jonesworks denies the allegations in Paragraph 25.

26. Jonesworks admits that while Abel was employed at Jonesworks, she worked on the Justin Baldoni and Wayfarer accounts. Jonesworks lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.

27. Jonesworks denies the allegations in Paragraph 27.

28. Jonesworks admits that on July 10, 2024, Abel purported to resign during a Zoom call and subsequently sent an email regarding her purported resignation on July 26, 2024, which did not disclose her intention to use Jonesworks resources, or solicit Jonesworks' employees and clients, in violation of her agreements, to commence a competing business. Jonesworks admits that Abel offered to stay on for a six-week transition period and also communicated her intention to start her own business in the future and denies the remaining allegations.

29. Answering Paragraph 29, Jonesworks admits that on August 21, 2024, it terminated Abel's employment.

30. Jonesworks admits that on December 31, 2024, Blake Lively filed a complaint, which document speaks for itself.

31. Jonesworks admits that on July 30, 2025, Lively filed the Second Amended Complaint, which document speaks for itself.

32. Jonesworks admits that Wayfarer and Baldoni were clients of Jonesworks. Jonesworks denies the remaining allegations in Paragraph 32.

33. Jonesworks admits that Wayfarer and Baldoni were clients of Jonesworks. Jonesworks denies the remaining allegations in Paragraph 33.

34. Jonesworks lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34.

35. Jonesworks denies the allegations in Paragraph 35.

36. Jonesworks admits that it generally gave Abel directions to carry out the duties of a competent public relations professional on behalf of its clients. Jonesworks denies that the conduct alleged in Abel's Complaint or alleged by Lively against Abel fell within these directions.

37. Jonesworks denies the allegations in Paragraph 37.

38. Jonesworks denies the allegations in Paragraph 38.

39. Jonesworks denies the allegations in Paragraph 39.

40. Jonesworks denies the allegations in Paragraph 40.

## FIRST CAUSE OF ACTION

**(Statutory Indemnification Pursuant to California Labor Code Section 2802)**

41. Paragraph 41 requires no response. To the extent a response is required, Jonesworks incorporates the above answers as if set forth herein.

42. Paragraph 42 requires no response. To the extent a response is required, Jonesworks states that the text of California Labor Code Section 2802(a) speaks for itself.

43. Paragraph 43 requires no response. To the extent a response is required, Jonesworks states that the text of California Labor Code Section 2802(c) speaks for itself.

44. Paragraph 44 requires no response. To the extent a response is required, Jonesworks states that the text of California Labor Code Section 2804 speaks for itself.

45. The allegations in Paragraph 45 are legal conclusions and therefore no response is required. To the extent a response is required, Jonesworks denies these allegations.

46. The allegations in Paragraph 46 are legal conclusions and therefore no response is required. To the extent a response is required, Jonesworks admits that Baldoni and Wayfarer were clients of Jonesworks and otherwise denies these allegations.

47. The allegations in Paragraph 47 are legal conclusions and therefore no response is required. To the extent a response is required, Jonesworks denies these allegations.

48. The allegations in Paragraph 48 are legal conclusions and therefore no response is required. To the extent a response is required, Jonesworks denies these allegations.

49. The allegations in Paragraph 49 are legal conclusions and therefore no response is required. To the extent a response is required, Jonesworks denies these allegations.

50. The allegations in Paragraph 50 are legal conclusions and therefore no response is required. To the extent a response is required, Jonesworks denies these allegations.

51. The allegations in Paragraph 51 are legal conclusions and therefore no response is required. To the extent a response is required, Jonesworks denies these allegations.

## SECOND CAUSE OF ACTION

**(Implied / Common Law Indemnification)**

52. Paragraph 52 requires no response. To the extent a response is required, Jonesworks incorporates the above answers as if set forth herein.

53. The allegations in Paragraph 53 are legal conclusions and therefore no response is required. To the extent a response is required, Jonesworks denies these allegations.

54. The allegations in Paragraph 54 are legal conclusions and therefore no response is required. To the extent a response is required, Jonesworks denies these allegations.

55. The allegations in Paragraph 55 are legal conclusions and therefore no response is required. To the extent a response is required, Jonesworks admits that Baldoni and Wayfarer were clients of Jonesworks and otherwise denies the allegations.

56. The allegations in Paragraph 56 are legal conclusions and therefore no response is required. To the extent a response is required, Jonesworks denies these allegations.

57. The allegations in Paragraph 57 are legal conclusions and therefore no response is required. To the extent a response is required, Jonesworks denies these allegations.

58. The allegations in Paragraph 58 are legal conclusions and therefore no response is required. To the extent a response is required, Jonesworks denies these allegations.

59. The allegations in Paragraph 59 are legal conclusions and therefore no response is required. To the extent a response is required, Jonesworks denies these allegations.

60. The allegations in Paragraph 60 are legal conclusions and therefore no response is required. To the extent a response is required, Jonesworks denies these allegations.

61. The allegations in Paragraph 61 are legal conclusions and therefore no response is required. To the extent a response is required, Jonesworks denies these allegations.

## THIRD CAUSE OF ACTION

### (Contribution)

62. Paragraph 62 requires no response. To the extent a response is required, Jonesworks incorporates the above answers as if set forth herein.

63. The allegations in Paragraph 63 are legal conclusions and therefore no response is required. To the extent a response is required, Jonesworks denies these allegations.

64. The allegations in Paragraph 64 are legal conclusions and therefore no response is required. To the extent a response is required, Jonesworks denies these allegations.

65. The allegations in Paragraph 65 are legal conclusions and therefore no response is required. To the extent a response is required, Jonesworks denies these allegations.

66. The allegations in Paragraph 66 are legal conclusions and therefore no response is required. To the extent a response is required, Jonesworks denies these allegations.

## AFFIRMATIVE AND OTHER DEFENSES

By alleging the following affirmative and other defenses, Third-Party Defendant Jonesworks is not in any way agreeing or conceding that it has the burden of proof or burden of persuasion on any of these issues. As separate and distinct defenses to Abel's Amended Third-Party Complaint, and each purported cause of action contained therein, Jonesworks alleges as follows:

### FIRST DEFENSE

67. The Amended Third-Party Complaint, and each claim alleged therein, fails to state facts sufficient to constitute any claim for relief against Third-Party Defendant.

### SECOND DEFENSE

68. The Amended Third-Party Complaint, and each claim alleged therein, is barred as Third-Party Plaintiff lacks standing to sue.

### THIRD DEFENSE

69. The Amended Third-Party Complaint, and each claim alleged therein, is barred as Third-Party Plaintiff has waived her claims.

### FOURTH DEFENSE

70. The Amended Third-Party Complaint, and each claim alleged therein, is barred as Third-Party Plaintiff is estopped from asserting her claims.

**FIFTH DEFENSE**

71. The Amended Third-Party Complaint, and each claim alleged therein, is barred as Third-Party Plaintiff acted and continues to act with unclean hands.

**SIXTH DEFENSE**

72. The Amended Third-Party Complaint, and each claim alleged therein, is barred as Third-Party Plaintiff has not been damaged in any way or at all as a result of any alleged acts or omissions of Third-Party Defendant.

**SEVENTH DEFENSE**

73. The Amended Third-Party Complaint, and each claim alleged therein, is barred as Third-Party Plaintiff has failed to undertake reasonable measures to mitigate the damages she claims to have incurred. Any recovery by Third-Party Plaintiff must be diminished to the extent that any alleged damages could have been avoided if such measures had been undertaken.

**EIGHTH DEFENSE**

74. Third-Party Defendant is informed and believes, and on that basis alleges, that Third-Party Plaintiff would be unjustly enriched if recovery were to be had on this Amended Third-Party Complaint.

**NINTH DEFENSE**

75. Third-Party Plaintiff has not been damaged in any amount alleged, or in any amount whatsoever, and is not entitled to any general, compensatory, statutory, punitive, or other damages, including interest, or any other relief as a result of any of the allegations set forth in this Amended Third-Party Complaint.

**TENTH DEFENSE**

76. The acts and/or omissions of Third-Party Plaintiff excused any alleged act or alleged failure to act on the part of Third-Party Defendant.

**ELEVENTH DEFENSE**

77. The damages and injuries, if any, suffered by Third-Party Plaintiff were directly and proximately caused solely by the acts or omissions of individuals or entities other than Third-Party Defendant. The acts and omissions of such other individuals or entities are superseding or intervening causes of loss or damages, if any, suffered by Third-Party Plaintiff. As a consequence thereof, Third-Party Plaintiff is barred from recovery against Third-Party Defendant.

**TWELFTH DEFENSE**

78. Third-Party Defendant alleges that in the event it is found in some manner legally liable to Third-Party Plaintiff as a result of the events or occurrences described in the Amended Third-Party Complaint, which Third-Party Defendant specifically denies, that liability will be solely based upon a derivative, vicarious, or imputed form of liability, not resulting from its own conduct, but instead based upon an obligation imposed upon it by law, or by the conduct of others, and as such the legal liability of Third-Party Defendant would be proximately caused by the acts or omissions of others and therefore Third-Party Defendant is entitled to recover contribution from them.

**THIRTEENTH DEFENSE**

79. Third-Party Plaintiff's alleged damages are too speculative to permit recovery in this case.

**FOURTEENTH DEFENSE**

80. The Amended Third-Party Complaint, and each and every cause of action alleged therein, is barred in whole or in part because the Third-Party Plaintiff bears, at a minimum, at least partial if not full responsibility for the alleged wrongful conduct underlying her claims.

**FIFTEENTH DEFENSE**

81. Third-Party Plaintiff's claims based upon California statutes are barred because Third-Party Plaintiff does not allege that Third-Party Defendant took any wrongful actions within the State of California and California law does not apply to Third-Party Plaintiff's claims.

**SIXTEENTH DEFENSE**

82. The Amended Third-Party Complaint, and each claim alleged therein, is barred as Third-Party Plaintiff breached her contract with the Third-Party Defendant.

**SEVENTEENTH DEFENSE**

83. The Amended Third-Party Complaint, and each claim alleged therein, is barred by Third-Party Plaintiff's failure to join necessary parties.

**EIGHTEENTH DEFENSE**

84. The Amended Third-Party Complaint, and each claim alleged therein, is barred by Third-Party Plaintiff's breach of fiduciary duties to Third-Party Defendant.

## RESERVATION OF ADDITIONAL DEFENSES

85. Third-Party Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated affirmative or other defenses available. Third-Party Defendant reserves the right to assert additional defenses in the event that discovery indicates they would be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Third-Party Defendant Jonesworks LLC prays for relief as follows:

1. That the Amended Third-Party Complaint be dismissed with prejudice, and Third-Party Plaintiff take nothing herein;

2. That judgment be entered in favor of Third-Party Defendant and against Third-Party Plaintiff;

3. For costs of suit and attorneys' fees incurred in this action; and

4. For such other and further relief as the Court may deem just and proper

## DEMAND FOR JURY TRIAL

Third-Party Defendant demands a jury trial on all causes of action so triable.

Dated: October 23, 2025

*/s/ Kristin Tahler*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Kristin Tahler
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000
kristintahler@quinnemanuel.com

Maaren A. Shah
Morgan L. Anastasio
295 5th Avenue
New York, New York 10016
(212) 849-7000
maarenshah@quinnemanuel.com
morgananastasio@quinnemanuel.com

Nicholas Inns (*pro hac vice*)
1300 I Street NW
Suite 900
Washington, D.C. 20005
(202) 538-8000
nicholasinns@quinnemanuel.com

*Attorneys for Third-Party Defendant Jonesworks LLC*