**WILLKIE FARR & GALLAGHER** LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

October 24, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Lively v. Wayfarer Studios LLC, et al.*, No. 1:24-cv-10049 (LJL);
      *Wayfarer Studios LLC, et al. v. Lively, et al.*, No. 1:25-cv-449 (LJL)

Dear Judge Liman:

Plaintiff Blake Lively respectfully submits this response to the Court's Order dated October 17, 2025 requesting that the parties "show cause . . . why final judgment should not be entered" in Case No. 25-cv-449, show cause "why *The Times*' motion should not be dismissed as moot," and to "address whether any pending motions for fees and costs, including those brought under anti-SLAPP statutes, mean that the decision in this case is not in fact final as to all parties." Dkt. No. 205, at 2-3.[1] As set forth below, the pending motions for fees and other relief under the New York Anti-SLAPP statute and California's Civil Code § 47.1 do not affect the finality of the June 9, 2025 Opinion and Order (Dkt. No. 142, the "Dismissal Order."). However, Ms. Lively respectfully submits that, pursuant to Federal Rule of Civil Procedure 58(e), the Court should order that the pending motions "have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under [Federal Rule of Civil Procedure] 59."

1. **The Dismissal Order Is a Final Decision.**

It is well established that "a decision on the merits is a 'final decision' under § 1291 even if the award or amount of attorney's fees for the litigation remains to be determined." *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emps.*, 571 U.S. 177, 179 (2014). And, as a general matter, "[a] question remaining to be decided after an order ending litigation on the merits does not prevent finality if its resolution will not alter the order or moot or revise decisions embodied in the order." *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 199 (1988).

The pending Anti-SLAPP and Section 47.1 motions cannot affect the finality of the Dismissal Order because their resolution cannot affect the decision embodied in that Order that the Amended Complaint failed to state a claim upon which relief can be granted. For example, even if the Wayfarer Parties were able to show that their Amended Complaint did not lack a substantial basis in fact or law, N.Y. C.R.L. § 70a-1(a), that would not "alter. . . or moot or revise" the Court's determination that the

---

[1] Unless otherwise indicated, docket citations refer to the docket in No. 25-cv-449 and pincites refer to the pagination generated by the ECF system rather than the internal pagination of the PDF.

Amended Complaint failed to state a claim for purposes of Rule 12(b)(6), *Budinich*, 486 U.S. at 199. The same will be true of the Court's resolution of Ms. Lively's argument that the Amended Complaint was brought against her "for making a communication" "without malice, regarding an incident of sexual assault, harassment, or discrimination." Cal. Civ. Code § 47.1. Finally, as a general rule, "Rule 11 sanctions are even more of a collateral matter than statutory attorney's fees because Rule 11 sanctions normally will not be part of the final judgment" at all. *Cooper v. Salomon Bros. Inc.*, 1 F.3d 82, 85 (2d Cir. 1993); *accord Chen v. China Green Agric., Inc.*, 2023 WL 8539368, at *1 n.2 (2d Cir. Dec. 11, 2023) (summary order).

Further, the pending Anti-SLAPP and Section 47.1 motions are premised on the Court's authority to award relief under Federal Rule of Civil Procedure 54(d), which authorizes a procedure for post-judgment adjudication of claims for fees and related costs, including a procedure for resolving any disputed factual issues through streamlined evidentiary proceedings. *See* No. 24-cv-10049, Dkt. No. 743, at 28-29 (detailing the appropriate procedure under Rule 54(d)(2)(C)). Assuming the Court agrees that such relief may be sought in a post-judgment motion under Rule 54(d), it follows that the filing and pendency of those motions cannot affect the finality of the Dismissal Order.

Moreover, given the emphasis placed by the Supreme Court on the "preservation of operational consistency and predictability in the overall application of § 1291," any ambiguity in the application of § 1291 to the increasing variety of remedies provided by state anti-SLAPP statutes and California's Section 47.1 should be resolved in favor of the uniform rule of finality that applies when other types of fee disputes remain unresolved following a final decision on the merits of a plaintiff's claim. *Budinich*, 486 U.S. at 202; *see id.* ("The time of appealability, having jurisdictional consequences, should above all be clear. We are not inclined to adopt a disposition that requires the merits or nonmerits status of each attorney's fee provision to be clearly established before the time to appeal can be clearly known. Courts and litigants are best served by the bright-line rule, which accords with traditional understanding, that a decision on the merits is a "final decision" for purposes of § 1291 . . . ."); No. 24-cv-10049, Dkt. No. 743, at 29 (highlighting the policy of California's Section 47.1 of awarding relief "at the earliest stage" in the litigation).

In view of the foregoing, there is no reason why the Court should not enter judgment pursuant to Federal Rule of Civil Procedure 58 in No. 25-cv-449 and dismiss the *Times*' motion for entry of partial final judgment as moot.

### 2. The Court Should Enter a Rule 58(e) Order.

In addition to entering final judgment on a separate document, the Court should enter an order providing that the pending Anti-SLAPP and Section 47.1 motions "have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under [Federal Rule of Civil Procedure] 59." Fed. R. Civ. P. 58(e). Rule 58(e) "was intended simply to increase judicial efficiency by allowing an appeal from a decision on attorneys' fees to be coordinated with the appeal from the judgment." *Mendes Junior Int'l Co. v. Banco do Brasil, S.A.*, 215 F.3d 306, 313 (2d Cir. 2000). As the Advisory Committee recognized, "in many cases it may be more efficient to decide fee questions before an appeal is taken so that appeals relating to the fee award can be heard at the same time as appeals relating to the merits of the case." Fed. R. Civ. P. 58 Advisory Committee Note (1993). Ms. Lively respectfully submits that considerations of judicial efficiency support the use of that procedure here. Although the issues presented by the pending motions do not affect the finality of the Dismissal Order, *supra* at 1-2, judicial economy

nevertheless favors a single appeal rather than two or more, as could result if the merits appeal proceeds ahead of appeals from the Court's determination of the pending motions (and any further fee motion that may be filed). *See Frommert v. Conkright*, 221 F. Supp. 3d 358, 360 (W.D.N.Y. 2016) (entering Rule 58(e) order "[i]n light of the several pending issues concerning interest and attorney's fees," as "consistent with the spirit of the final-order rule and the Second Circuit's pronounced reluctance to entertain piecemeal appeals").

For these reasons, Ms. Lively respectfully submits that prior to entering final judgment, the Court order pursuant to Rule 58(e) that the motions at Dkt. Nos. 370 and 742 in No. 24-cv-10049 "have the same effect under Federal Rule Appellate Procedure 4(a)(4) as a timely motion under Rule 59." Fed. R. Civ. P. 58(e).

Respectfully submitted,

/s/ Michael J. Gottlieb

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
2029 Century Park East
Los Angeles, CA 90067
(310) 855-3111
mgottlieb@willkie.com

Kristin E. Bender
1875 K Street NW
Washington, DC 20006
(202) 303-1000
kbender@willkie.com

Aaron E. Nathan
Michaela A. Connolly
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com
mconnolly@willkie.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (*pro hac vice*)
Stephanie A. Roeser (*pro hac vice*)
Manatt, Phelps & Phillips LLP
2049 Century Park East, Suite 1700
Los Angeles, California  90067
(310) 312-4000
ehudson@manatt.com

sroeser@manatt.com

Matthew F. Bruno
Manatt, Phelps & Phillips, LLP
7 Times Sq
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

DUNN ISAACSON RHEE LLP
Meryl C. Governski (*pro hac vice*)
401 Ninth Street, NW
Washington, DC 20004
(202) 240-2900
mgovernski@dirllp.com

*Attorneys for Blake Lively*