# manatt

Esra A. Hudson
Manatt, Phelps & Phillips, LLP
Direct Dial: 310-312-4381
ehudson@manatt.com

October 30, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Lively v. Wayfarer Studios LLC et al.*, No. 24-cv-10049 (LJL)

Dear Judge Liman:

     Ms. Lively respectfully moves the Court to sanction Defendant Jamey Heath pursuant to Rule 37 of the Federal Rules of Civil Procedure for failure to comply with the Court's August 27, 2025 order compelling the production of certain materials—the video Mr. Heath showed Ms. Lively on the set of the Film of his fully nude wife during the birth of their child during an at-home birth ("birth video") without warning or consent—by September 2, 2025. *See* Dkt. 711 ("Order Compelling Production"). To date, Mr. Heath has produced only a three-minute video excerpt depicting ███████████████████████████████████████████████████. Ms. Lively has consistently disputed that the video that Mr. Heath produced pursuant to the Order Compelling Production was the video that he showed her on the set of the Film. After his counsel insisted for weeks that they were "not aware" of any other video, Mr. Heath recently revealed at his deposition that ███████████████████████████████████████. Yet, Mr. Heath's counsel has refused to produce any further video on the sole basis that, in their view, the Order Compelling Production should be read exceedingly narrowly and does not require Mr. Heath to produce it. Not so. Moreover, Mr. Heath put this video at issue by showing it to Ms. Lively without her consent or any warning in the workplace. It is plainly improper for Mr. Heath to now contend that Ms. Lively, this Court and the jury must accept his word that the small excerpt of the ████████████ is the same video he showed her on set, when it does not comport whatsoever with her memory, and █ ████████████████████████████ by which Ms. Lively could challenge his assertion. By knowingly and willfully withholding ████████████████ Ms. Lively was deprived of the opportunity to fully question Mr. Heath on this topic at his deposition, and has therefore been prejudiced.

     Accordingly, Rule 37 sanctions are warranted that: (1) order Mr. Heath to produce all video footage depicting the birth video, within three days of the Court's order; and (2) precluding Mr. Heath from offering any evidence, including written or oral testimony, on the topic of his showing the birth video (or any portion thereof) to Ms. Lively. In the Order Compelling Production, the Court ordered the Wayfarer Parties to produce, *inter alia*, "documents and communications related to Lively's Civil Rights Department Complaint (the 'CRD Complaint')" and "documents identified in the Wayfarer Parties' Amended Complaint, *including the birth video*" no later than September 2, 2025. *See* Dkt. 50 ("Now-Dismissed Complaint"). The allegations in the CRD complaint include the following description of the birth video:

     "To add insult to injury, Mr. Heath approached Ms. Lively and her assistant on set

and started playing a video of a fully nude woman with her legs spread apart. Ms. Lively thought he was showing her pornography and stopped him. Mr. Heath explained that the video was his wife giving birth. Ms. Lively was alarmed and asked Mr. Heath if his wife knew he was sharing the video, to which he replied "She isn't weird about this stuff," as if Ms. Lively was weird for not welcoming it. Ms. Lively and her assistant excused themselves, stunned that Mr. Heath had shown them a nude video."

Dkt. 107-3 ¶ 37; *accord* Dkt. 520 ("Operative Complaint") ¶ 90. The Wayfarer Defendants' Now-Dismissed Complaint admitted that Mr. Heath showed Ms. Lively a video from his child's home birth and confirmed that he did so at Mr. Baldoni's insistence that it "demonstrated" Mr. Baldoni's "vision" for the "***birthing scene***." Dkt. 50 ¶ 101 (emphasis added).[1] But their Now-Dismissed Complaint criticized Ms. Lively's description in the CRD Complaint and Operative Complaint of the birth video Mr. Heath showed her as "an outrageous and knowingly false suggestion that she was shown pornography or naked images of Heath's wife on set." *Id*. The Wayfarer Defendants pleaded that the full birth video is "by all accounts beautiful." *Id*.

On August 22, 2025, the Wayfarer Defendants produced a 3:29 minute video that shows ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ("Produced Video Excerpt") (Declaration of Stephanie Roeser ("Roeser Decl."), ¶ 3), a snapshot of which the Wayfarer Defendants included in an attachment to their publicly filed and Now-Dismissed Complaint. *See* Dkt. 50-1 at 30.

On September 24, 2025, counsel for Ms. Lively conferred with counsel for the Wayfarer Defendants, explaining that Produced Video Excerpt reflected only a few minutes of footage ▮▮▮▮▮▮▮▮▮▮▮, rather than ▮▮▮▮▮▮▮▮▮▮▮, and does not reflect the portion of the video that Mr. Heath showed Ms. Lively while she was on the set of the Film. (Roeser Decl., ¶ 4.) Opposing Counsel said they had "no reason" to believe that the Produced Video Excerpt was not what Mr. Heath showed Ms. Lively, and they were not willing to engage in further conferral absent additional information. (*Id*.)

Mr. Heath sat for his deposition on October 8, 2025. *See* Ex. A ("Heath Deposition"). During his deposition, Mr. Heath testified that  *Id*. at 179:3-20. Mr. Heath confirmed ▮▮▮▮▮▮▮▮ and that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id*. at 181:15-182:22. Mr. Heath testified he ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id*. at 184:5-12; 186:22-23.

---

[1] Ms. Lively served discovery on Mr. Heath seeking "All Documents and Communications concerning Your allegation in paragraph 101 of the Wayfarer SDNY Complaint that Ms. Lively 'falsely suggest[ed] that she was shown pornography or naked images of Heath's wife on set.'" Ex. D at 20 (RFP No. 108 of Lively's Third Set of Requests for Production to Jamey Heath); *see also* Dkt. 554-6 at 282 (Heath Responses and Objections to RFP No. 108); Dkt. 555 at 24-25 (citing RFP No. 108 as a request to which the birth video would have been responsive).

After the Heath Deposition, Ms. Lively's counsel sent an email regarding the Wayfarer Defendants' position taken on September 24, 2025. *See* Ex. B. The Wayfarer Defendants did not respond. Ms. Lively's counsel attempted to confer with counsel for the Wayfarer Defendants again on October 20, 2025, to obviate the need for this motion,[2] only to be met with refusal on October 29. *See* Ex. C.

The Court should exercise its "broad discretion" to sanction Mr. Heath pursuant to Rule 37(b)(2)(A) for failing to obey the Order Compelling Production. *Accettola v. Mei He*, No. 23-CV-1983 (LJL), 2024 WL 3274436, at *3 (S.D.N.Y. July 1, 2024); *see* Fed. R. Civ. P. 37(b)(2)(A) (enumerating sanctions if a party "fails to obey an order to provide or permit discovery"). "The discovery provisions of the Federal Rules of Civil Procedure are 'designed to achieve disclosure of all the evidence relevant to the merits of a controversy'" and when "a party seeks to frustrate this design by disobeying discovery orders, thereby preventing disclosure of facts essential to an adjudication on the merits, severe sanctions are appropriate." *Wager v. G4S Secure Integration, LLC*, No. 19CV3547MKVKNF, 2021 WL 5304321, at *5 (S.D.N.Y. Nov. 15, 2021) (citation omitted) (citing cases).

Specifically, the Court should (1) order Mr. Heath to produce all video footage depicting the birth video, including but not limited to all versions that show the delivery, within three days of the Court's order; and (2) preclude Mr. Heath from offering any evidence, including written or oral testimony, on the topic of his showing the birth video (or any portion thereof) to Ms. Lively. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii) (court may enter sanction "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence"); Fed. R. Civ. P. 37(c)(1) (if party "fails to provide information" as required "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless").[3] Preclusion is warranted because Mr. Heath's refusal to produce all responsive footage has deprived Ms. Lively of "key evidence needed to litigate a contested issue" in advance of his deposition. *Shanghai Weiyi Int'l Trade Co. v. Focus 2000 Corp.*, No. 15CV3533CMBCM, 2017 WL 2840279, at *10-11 (S.D.N.Y. June 27, 2017) ("preclusion orders are entirely appropriate where the disobedient party has violated a court order to produce the evidence necessary to resolve the issue as to which preclusion is sought"). Mr. Heath's failure to comply with the Order Compelling Production materially limited Ms. Lively's ability to probe Mr. Heath's recollection and testimony about the birth video at his deposition, and specifically the portion of the footage he claims to have shown Ms. Lively. Ex. A at 179:3-186:23; *see Icon Int'l, Inc. v. Elevation Health LLC*, 347 F.R.D. 274, 297 (S.D.N.Y. 2024) (granting preclusion where failure to produce evidence in violation of a court order denied party the "opportunity to include questioning about these documents in the depositions it has already taken"). If Mr. Heath's noncompliance stands, he will have successfully (and unfairly) deprived Ms. Lively from showing the jury the part of the footage she recalls Mr. Heath showing her on set. The Court should not "reward [Mr. Heath] for his own misconduct." *Barbera v. Grailed, LLC*, No. 24-CV-3535 (LJL), 2025 WL 2098635, at *11 (S.D.N.Y. July 25, 2025).

---

[2] Upon discovering the Produced Video Excerpt buried within Mr. Heath's production, Ms. Lively's counsel immediately restricted access to only a limited group and has offered to do so for future footage productions.

[3] To the extent Mr. Heath still refuses to produce all versions of the video, Ms. Lively reserves the right to seek more severe sanctions, including an order directing that certain "designated facts be taken as established for purposes of the action." Fed. R. Civ. P. 37(b)(2)(A)(i).

|  |  |
|---|---|
| | Respectfully submitted, |
| | /s/ Esra A. Hudson |
| WILLKIE FARR & GALLAGHER LLP | |
| Michael J. Gottlieb | MANATT, PHELPS & PHILLIPS, LLP |
| Kristin E. Bender | Esra A. Hudson (admitted *pro hac* vice) |
| 1875 K Street NW | Stephanie A. Roeser (admitted *pro hac v*ice) |
| Washington, DC 20006 | Sarah E. Moses (admitted *pro hac* vice) |
| (202) 303-1000 | 2049 Century Park East, Suite 1700 |
| mgottlieb@willkie.com | Los Angeles, CA 90067 |
| kbender@willkie.com | (310) 312-4000 |
| | ehudson@manatt.com |
| | sroeser@manatt.com |
| Aaron E. Nathan | |
| Michaela A. Connolly | Matthew F. Bruno |
| 787 7th Avenue | 7 Times Sq. |
| New York, NY 10019 | New York, NY 10036 |
| (212) 728-8000 | (212) 790-4500 |
| anathan@willkie.com | mbruno@manatt.com |
| mconnolly@willkie.com | |
| | *Attorneys for Blake Lively* |
| DUNN ISAACSON RHEE LLP | |
| Meryl C. Governski (pro hac vice) | |
| 401 Ninth Street, NW | |
| Washington, DC 20004 | |
| (202) 240-2900 | |
| mgovernski@dirllp.com | |

404318962.3