**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BLAKE LIVELY,<br><br>Plaintiff,<br><br>v.<br><br>WAYFARER STUDIOS LLC, et al,<br><br>Defendants. | No. 24-cv-10049-LJL (lead case)<br>No. 25-cv-449 (LJL) (member case) |
| JENNIFER ABEL,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>JONESWORKS LLC,<br><br>Third-Party Defendant. | |
| WAYFARER STUDIOS LLC, et al.,<br><br>Consolidated Plaintiffs,<br><br>v.<br><br>BLAKE LIVELY, et al.<br><br>Consolidated Defendants. | |

**DECLARATION OF STEPHANIE A. ROESER IN SUPPORT OF BLAKE LIVELY'S LETTER FOR RULE 37 SANCTIONS**

I, Stephanie A. Roeser, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an attorney admitted to practice before this Court, a partner in the law firm of Manatt, Phelps & Phillips LLP, located at 2049 Century Park East, Suite 1700, Los Angeles, CA 90067, and counsel of record for Blake Lively in the above-captioned action.

2. I respectfully submit this declaration in support of Ms. Lively's Letter for Rule 37 Sanctions against Defendant Jamey Heath ("Mr. Heath"). I also submit this declaration to place before the true and correct copies of the below documents.

3. On or about August 22, 2025, the Wayfarer Defendants produced a 3:29 minute video that depicts Mr. Heath, his wife, and a newborn child in a tub ("Produced Video Excerpt"), a snapshot of which the Wayfarer Defendants included in an attachment to their publicly filed and Now-Dismissed Complaint. *See* Dkt. 50-1 at 30. Upon learning that Mr. Heath had produced the Produced Video Excerpt, I took steps to restrict access to its contents.

4. On September 24, 2024, my co-counsel, Michaela Connolly of Willkie, Farr & Gallagher LLP, met and conferred with Mr. Heath's counsel with respect to the birth video. I am informed and believe that Ms. Connolly conveyed to Mr. Heath's counsel that the video footage produced by Mr. Heath did not contain portions of the video that Ms. Lively alleges to have been shown on set, as the video produced contains only footage from after the birth. Mr. Heath's counsel responded to the effect that they had no reason to believe that the video was any different than the one Mr. Heath showed Ms. Lively.

5. Ms. Lively deposed Mr. Heath on October 8, 2025. A true and correct copy of excerpts from the transcript of the deposition of Mr. Heath, dated October 8, 2025, is attached hereto as **Exhibit A**.

6. On October 16, 2025, my co-counsel followed up with Mr. Heath's counsel regarding production of the remaining footage by email, a true and correct copy of which is attached hereto as **Exhibit B**.

7. On October 28, 2025, I conferred with counsel for Mr. Heath by phone in an effort to resolve this dispute short of motion practice and, at that time, offered to restrict access to future productions of the birth video.

8. The next day, Mr. Heath's counsel conveyed via email that Mr. Heath would not produce any additional footage. A true and correct copy of an email dated October 29, 2025, from counsel for the Wayfarer Defendants is attached hereto as **Exhibit C**.

9. A true and correct copy of Ms. Lively's Third Set of Requests for Production to Mr. Heath, dated March 26, 2025, served on all counsel of record, is attached hereto as **Exhibit D**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: October 30, 2025

/s/ *Stephanie A. Roeser*
Stephanie A. Roeser