UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
:
WAYFARER STUDIOS LLC, JUSTIN BALDONI, :
JAMEY HEATH, IT ENDS WITH US MOVIE LLC, :
MELISSA NATHAN, JENNIFER ABEL, STEVE :
SAROWITZ, :
:
                 Plaintiffs, :
:
-v- :
:
BLAKE LIVELY, RYAN REYNOLDS, LESLIE :
SLOANE, VISION PR, INC., THE NEW YORK TIMES :
COMPANY, :
:
                 Defendants. :
:
-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/31/2025

25-cv-449 (consolidated for pretrial purposes with 24-cv-10049)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Defendant The New York Times Company ("*The Times*") moves, pursuant to Federal Rule of Civil Procedure 54(b), for entry of final judgment in its favor and against Consolidated Plaintiffs Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, It Ends With Us Movie LLC, Melissa Nathan, Jennifer Abel, and Steve Sarowitz (the "Wayfarer Parties"). *See Lively v. Wayfarer Studios, LLC*, No. 24-cv-10049 (the "Lively Action"), Dkt. No. 773 (S.D.N.Y. Sept. 12, 2025).[1] On October 17, 2025, the Court issued an order directing the parties to show cause why final judgment should not be entered in this case and why *The Times*' motion should not be dismissed as moot given that the Court has already granted Defendants' motions to dismiss, and the time for the Wayfarer Parties to file an amended complaint has lapsed. *See* Dkt. No. 205.

Only Defendant Blake Lively ("Lively") responded to the Order to Show Cause. In her

---

[1] All citations to docket entries refer to ones in this case, No. 25-cv-449, unless the entries begin with "Lively Action," in which case they refer to case No. 24-cv-10049.

letter, Lively asserts that the Court should enter final judgment while also treating her pending motions for fees as timely motions under Federal Rule of Civil Procedure 59. *See* Lively Action, Dkt. No. 884. The effect of doing so would be that the time to file an appeal in this matter would "run[] for all parties from the entry of the order[s] disposing of the [motions for fees]," rather than from the entry of final judgement. *See* Fed. R. App. P. 4(a)(4)(A). Although arriving at this conclusion requires a somewhat circuitous route through the Federal Rules, the Court agrees that Lively's (unopposed) approach is appropriate under the circumstances.

Rule 4 of the Federal Rules of Appellate Procedure governs the time that parties have to file an appeal as of right. In relevant part, the Rule provides that although parties typically have thirty days following the entry of final judgment to appeal, if a party timely files one of a handful of enumerated motions before an appeal from the judgment has been taken, "the time to file an appeal runs for all parties from the entry of the order disposing of" that motion, rather than from the entry of final judgment. *Id.* One of the enumerated motions that effectively pauses the appellate clock is a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Federal Rule of Civil Procedure 58, meanwhile, provides that where a timely motion for attorneys' fees has been made, "the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59." Fed. R. Civ. P. 48(e). In other words, and putting this all together, the Federal Rules of Civil Procedure permit district courts to treat motions for attorneys' fees as Rule 59 motions for purposes of the Federal Rules of Appellate Procedure, and the Federal Rules of Appellate Procedure explain that where a Rule 59 motion has been filed prior to a notice of appeal, the time to appeal begins when the district court rules on that motion, not when it enters judgment.

This web of rules is "intended simply to increase judicial efficiency by allowing an appeal from a decision on attorneys' fees to be coordinated with the appeal from the judgment." *Mendes Junior Int'l Co. v. Banco do Brasil, S.A.*, 215 F.3d 306, 313 (2d Cir. 2000); *see Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emps.*, 571 U.S. 177, 186–87 (2014) (noting that the rules "provide a means to avoid a piecemeal approach in the ordinary run of cases where circumstances warrant delaying the time to appeal"). As the Advisory Committee's notes explain, "in many cases it may be more efficient to decide fee questions before an appeal is taken so that appeals relating to the fee award can be heard at the same time as appeals relating to the merits of the case." Fed. R. Civ. P. 58 advisory committee's note to 1993 amendment. A district court is therefore permitted, but not required, "to delay the finality of the judgment for appellate purposes under revised Fed. R. App. P. 4(a) until the fee dispute is decided." *Id.*

The Court finds that such an approach is warranted here. Lively has filed motions for fees under New York's anti-SLAPP statute and California's Civil Code § 47.1 prior to the entry of final judgment and prior to any notice of appeal. Despite prompting from the Court regarding whether and how those motions might affect the entry of final judgment, neither *The Times* nor the Wayfarer Parties responded, and, notably, neither has argued that such motions do not qualify as motions for attorneys' fees under Federal Rule of Civil Procedure 58. The Court therefore assumes for present purposes that they do.

Furthermore, the Court finds that judicial efficiency would be best served by simultaneously handling any appeals related to the requests for fees with any appeals from the underlying judgment given the significant substantive overlap between the two. "Little purpose would be served by splitting up the pending motions and having the Court's decisions on those

3

motions appealed piecemeal, with the attendant risk of separate appellate decisions, possibly separate remands, and further multiplication of this litigation." *Frommert v. Conkright*, 221 F. Supp. 3d 358, 360 (W.D.N.Y. 2016). The Court acknowledges, as *The Times* argues in its memorandum of law in support of its motion for entry of partial judgment, that delaying the time to appeal would also delay the reinitiation of discovery should the Second Circuit vacate any portion of the Court's Opinion and Order dismissing the complaint. Lively Action, Dkt. No. 774 at 7. With this delay comes attendant risks regarding "the possibility of fading memories." *Id.* As *The Times* concedes, however, that possibility is ordinarily insufficient to overcome considerations of judicial efficiency and the prevention of piecemeal appeals. *Id.*; *see Jeffery v. City of New York*, 2022 WL 2704760, at *4 (E.D.N.Y. July 12, 2022) ("[T]he possibility of fading memories due to delay is not unique and does not rise to the level of 'unusual hardship' required for Rule 54(b) entry of partial final judgment."). And although *The Times* has cited cases stressing the importance of expeditiously resolving defamation cases, *see* Lively Action, Dkt. No. 774 at 8, those cases generally speak to the chilling effect of having to litigate against harassing and abusive claims. *The Times* does not have to litigate against anything while waiting for the Court's orders on Lively's motions for fees. Simply put, the prejudice *The Times* has identified—if any—is minimal, while the benefit to judicial efficiency in handling appeals simultaneously would be substantial.

It is therefore ORDERED that final judgment be entered in this case (No. 25-cv-449). It is FURTHER ORDERED under Federal Rule of Civil Procedure 58(e) that Lively's motion to treat her pending motions for fees as motions under Federal Rule of Civil Procedure 59 for purposes of Federal Rule of Appellate Procedure 4(a)(4) is GRANTED. *The Times*' motion seeking entry of partial judgment is DENIED as moot given that the Court has now entered final

judgment.

The Clerk of Court is respectfully directed to close Dkt. No. 773 in Case No. 24-cv-10049 and to enter judgment in Case No. 25-cv-449.

SO ORDERED.

Dated: October 31, 2025
New York, New York

                                            LEWIS J. LIMAN
                                      United States District Judge