**WILLKIE FARR & GALLAGHER LLP**

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

October 31, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   <u>Lively v. Wayfarer Studios, LLC, et al., Case No. 1:24-cv-10049</u>

Dear Judge Liman:

      Ms. Lively respectfully moves the Court to sanction Defendant Melissa Nathan pursuant to Rule 37 of the Federal Rules of Civil Procedure for failure to comply with the Court's August 27, 2025 order compelling the correction and production of certain materials, including but not limited to documents bearing improper redactions. *See* Dkt. No. 711 at 2 (the "Order"). In her document productions subject to the Order, Ms. Nathan produced documents bearing revised text box redactions, which exposed over 35 documents bearing impermissibly broad non-responsive redactions (the "Challenged Documents").[1] Ms. Nathan traded one deficiency for another, and in doing so, failed to "address [her] improper redactions," as the Court directed. *Id.* at 3. The Court should enter an order directing Ms. Nathan to produce unredacted copies of the Challenged Documents, and to reimburse Ms. Lively for all reasonable attorneys' fees and costs incurred by Ms. Nathan's failure to comply with the Order.

      Section IV(4)(a) of the Joint Stipulation on the Protocol for Discovery of Electronically-Stored Information and Hard Copy Documents (Dkt. No. 212, the "ESI Stipulation") outlines the circumstances under which a party in the above-captioned action may apply redactions to produced documents. Dkt. No. 212 at 17–18. As set forth in Section IV(4)(a), where a document contains "material that (i) is not relevant per Fed. R. Evid. 401, or (ii) includes a mix of responsive and non-responsive material, the Producing Party may . . . *redact the non-responsive material . . . and produce the responsive content*." *Id.* (emphasis added). The ESI Stipulation further specifies how redactions should appear, instructing that any non-responsive ("NR") redactions should make "clear the reason for the redaction" using text-box redactions, and that "Personally Identifiable Information shall be redacted with a black box." *Id.*

---

[1] Ms. Nathan produced certain documents in response to Ms. Lively's omnibus motion to compel ("MTC") but before the Order, as previewed in the opposition to Ms. Lively's MTC filed by Justin Baldoni, Jamey Heath, Steve Sarowitz, Wayfarer Studios LLC, Ms. Nathan, Jennifer Abel, and The Agency Group PR LLC ("Wayfarer Defendants") on August 11, 2025. *See* Dkt. No. 610 at 13. For purposes of this motion, Ms. Lively refers to those documents and others produced after the Order as subject to the Order. A compendium of the Challenged Documents subject to the Order is affixed hereto as Ex. A.

In the Order, the Court directed Ms. Nathan to correct her "improper redactions" under the ESI Stipulation, including by modifying redactions in prior productions to "replace black box redactions with text box redactions indicating the reason for the redaction." Dkt. No. 711 at 2.[2] On August 14, 2025, in advance of the Order but in response to the MTC, Ms. Nathan reproduced production volumes 2 and 4, which included documents previously redacted with black-box redactions, with documents bearing new text-box redactions. Bender Decl. ¶ 3.[3] Still, 39 of the documents reproduced with NR redactions bear improperly overbroad redactions, and therefore failed to comply with the ESI Stipulation and the Order. *Id.* Many documents Ms. Nathan produced in production volumes 6, 7 and 8 suffer from the same and other deficiencies. *See* Bender Decl. ¶ 4.[4] For instance, in some cases, it was apparent that Ms. Nathan's NR redactions were overbroad because other parties or third parties produced unredacted versions of the same documents that revealed plainly relevant and responsive material obscured by Ms. Nathan's redactions. *Id. Compare* Ex. I at 7 ▊ *with* Ex. J (redacting the same text as NR). *Compare* Ex. K at 4 ▊ *with* Ex. L (redacting the same as NR). *Compare* Ex. M at 6 ▊ *with* Ex. N (redacting the same as NR). In other cases, Ms. Nathan applied NR redactions so broadly that the underlying document was essentially unreadable, a reality Ms. Nathan acknowledged herself during her depositions.[5]

On September 24, 2025—in advance of Ms. Nathan's deposition—counsel for Ms. Lively conferred with counsel for the Wayfarer Defendants regarding Ms. Nathan's improper NR redactions, among other deficiencies. Bender Decl. ¶ 6. Counsel for the Wayfarer Defendants advised that they were "not prepared" to discuss Ms. Nathan's redactions at the time of the parties'

---

[2] The Order also compelled the production of Ms. Nathan's phone records, *see* Dkt. No. 711 at 2, and materials responsive to Ms. Lively's requests for production seeking, *inter alia*, communications with media outlets, social-media accounts and concerning the "Digital Campaign," through February 18, 2025. *Id.* at 6–8, 11 (citations omitted).

[3] References to "Bender Decl." refer to the Declaration of Kristin E. Bender In Support of Plaintiff's Motion for Sanctions Against Defendant Nathan, dated October 31, 2025, filed contemporaneously herewith. References to "Ex." refer to exhibits affixed to the Bender Decl.

[4] In addition to violating the Order by virtue of bearing overbroad redactions, the Challenged Documents in Ms. Nathan's production volumes 6, 7, and 8, produced August 23, 2025, September 8, 2025, and September 12, 2025, respectively, violate the Court's mandate that Ms. Nathan (i) produce her phone records from May 1, 2024 onward, *see* Ex. C (phone records, dated November 22, 2024 through December 21, 2024, bearing NR redactions on all entries preceding December 19, 2024); and (ii) produce responsive documents post-dating December 20, 2024 through February 18, 2025, including by not limited to communications with media outlets, *see, e.g.*, Exs. D at 60 (redacted attachment to ▊), E (redacted text messages with ▊), F (redacted text messages with ▊), G (redacted communications regarding the ▊), H (redacted text messages with ▊). *See also* Bender Decl. ¶ 5.

[5] *See, e.g.*, Exs. O at 271:11–272:16 ▊; P at 383:5–11 ▊

conferral. *Id. See also* Ex. B at 4. Having heard nothing from counsel for the Wayfarer Defendants, on October 16, 2025, counsel for Ms. Lively followed up to request confirmation that Ms. Nathan would reproduce the flagged documents without NR redactions. Counsel for the Wayfarer Defendants did not respond. Bender Decl. ¶ 7. Undersigned counsel attempted to confer once more on October 22, 2025. *Id.* ¶ 8. On October 23, 2025, counsel for the Wayfarer Defendants summarily stated Ms. Lively's contentions were untimely and advised that they would not revise their redactions.[6]

The Court should exercise its "broad discretion" to sanction Ms. Nathan pursuant to Rule 37(b)(2)(A) for failing to address her improper redactions as required by the Order. *Accettola v. Mei He*, No. 23-CV-1983 (LJL), 2024 WL 3274436, at *3 (S.D.N.Y. July 1, 2024); *see* Fed. R. Civ. P. 37(b)(2)(A) (enumerating sanctions if a party "fails to obey an order to provide or permit discovery"). "The discovery provisions of the Federal Rules of Civil Procedure are 'designed to achieve disclosure of all the evidence relevant to the merits of a controversy'" and when "a party seeks to frustrate this design by disobeying discovery orders, thereby preventing disclosure of facts essential to an adjudication on the merits, severe sanctions are appropriate." *Wager v. G4S Secure Integration, LLC*, No. 19-CV-3547 (MKV) (KNF), 2021 WL 5304321, at *5 (S.D.N.Y. Nov. 15, 2021) (citation omitted). Ms. Nathan has sought to do just that, offering no explanation for her violation of the Order and the ESI Stipulation. She is confirmed to have redacted as NR material regarding the Digital Campaign, *e.g.*, NATHAN_000000885, and she does not dispute that the same issues plague other material that exclusively she has produced and redacted as NR. If Ms. Nathan's noncompliance stands, she will have successfully deprived Ms. Lively of relevant and responsive material necessary for Ms. Lively to prosecute her claims, and needlessly wasted this Court's time and resources. The Court should not "reward [Ms. Nathan] for [her] own misconduct." *Barbera v. Grailed, LLC*, No. 24-CV-3535 (LJL), 2025 WL 2098635, at *11 (S.D.N.Y. July 25, 2025).

Accordingly, the Court should order Ms. Nathan to reproduce the Challenged Documents without redactions within a week of the Court's order and reimburse Ms. Lively for reasonable attorneys' fees and expenses incurred by Ms. Nathan's failure to comply with the Order, including but not limited to those associated with the instant motion and correspondence regarding Ms. Nathan's discovery deficiencies. *See Martinenko v. 212 Steakhouse, Inc.*, No. 22-CV-518 (JLR) (RWL), 2023 WL 2919559, at *2-3, *16 (S.D.N.Y. Apr. 12, 2023), *report and recommendation adopted*, 2023 WL 11938820, at *1-2 (S.D.N.Y. Apr. 27, 2023) (compelling production of improperly withheld discovery and ordering reimbursement of attorneys' fees and costs); *Commodity Futures Trading Comm'n v. Royal Bank of Can.*, No. 12 Civ. 2497 (AKH), 2014 WL 1259773, at *1 (S.D.N.Y. Mar. 28, 2014) (same); *Gardner-Alfred v. Fed. Rsrv. Bank of N.Y.*, No. 22-CV-01585 (LJL), 2023 WL 3495091, at *16 (S.D.N.Y. May 17, 2023), *aff'd*, 143 F.4th 51 (2d Cir. 2025) (awarding attorneys fees' and expenses where opposing party's repeated failure to comply with court orders and discovery obligations "resulted in a waste of Court time and resources as well as [moving party's] time and resources.").

---

[6] On October 27, 2025, counsel for Ms. Lively requested confirmation from counsel for the Wayfarer Defendants that Ms. Nathan would reproduce an additional document bearing overly broad NR redactions in Ms. Nathan's August 14, 2025 reproduction. Counsel for the Wayfarer Defendants has not responded. *See* Ex. B at 1; Bender Decl. ¶ 9.

                                                                         Respectfully submitted,

                                                                         */s/ Michael J. Gottlieb*

| | |
|---|---|
| MANATT, PHELPS & PHILLIPS, LLP<br>Esra A. Hudson (admitted *pro hac vice*)<br>Stephanie A. Roeser (admitted *pro hac vice*)<br>Sarah E. Moses (admitted *pro hac vice*)<br>2049 Century Park East, Suite 1700<br>Los Angeles, CA 90067<br>(310) 312-4000<br>ehudson@manatt.com<br>sroeser@manatt.com<br><br>Matthew F. Bruno<br>7 Times Sq.<br>New York, NY 10036<br>(212) 790-4500<br>mbruno@manatt.com<br><br>DUNN ISAACSON RHEE LLP<br>Meryl C. Governski (admitted *pro hac vice*)<br>401 Ninth Street, NW<br>Washington, DC 20004<br>(202) 240-2900<br>mgovernski@dirllp.com | WILLKIE FARR & GALLAGHER LLP<br>Michael J. Gottlieb<br>Kristin E. Bender<br>1875 K Street NW<br>Washington, DC 20006<br>(202) 303-1000<br>mgottlieb@willkie.com<br>kbender@willkie.com<br><br>Aaron E. Nathan<br>Michaela A. Connolly<br>787 7th Avenue<br>New York, NY 10019<br>(212) 728-8000<br>anathan@willkie.com<br>mconnolly@willkie.com<br><br>*Attorneys for Blake Lively* |