**manatt**

Esra A. Hudson
Manatt, Phelps & Phillips, LLP
Direct Dial: 310-312-4381
ehudson@manatt.com

November 3, 2025

**VIA ECF**
The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1620
New York, NY 10007

Re:   *Lively v. Wayfarer Studios LLC, et al.*, No. 1:24-cv-10049-LJL [rel. No. 1:25-cv-00449]

Dear Judge Liman:

On behalf of Blake Lively we respectfully submit this letter pursuant to Rules 1.C and 4.C of Your Honor's Individual Practices to address Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel's (collectively, the "Wayfarer Defendants") continued non-compliance with the Court's prior orders requiring the Wayfarer Defendants to produce a categorical privilege log for any Signal communications withheld for privilege by September 8 (the "Signal Privilege Log"). (Dkt No. 711, at 12; Dkt. No. 832.) Seven weeks and four privilege logs later, the Wayfarer Defendants *still* have not produced a compliant Signal Privilege Log. Accordingly, Ms. Lively herein seeks an order compelling the Wayfarer Defendants to: (i) produce ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (as identified in **Appendix A** hereto); (ii) produce the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (as identified in **Appendix B** hereto); (iii) produce ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ not legal strategy (as identified in **Appendix C** hereto); and (iv) produce for *in camera* review those ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ identified in **Appendix D** hereto.

On October 6, in response to the Court's latest order on the issue of privileged material (*see* Dkt. No. 832), the Wayfarer Defendants produced their second amended Signal Privilege Log, which broke Signal communications into 51 categories and identified 217 total "parent" documents. In doing so, the Wayfarer Defendants did not address Ms. Lively's prior concerns with respect to their description of the documents withheld (*see, e.g.*, Dkt. No. 806, at 2-3); instead, they effectively repackaged the very same description that Ms. Lively previously identified as deficient. (*Compare* Dkt. No. 806-2, *with* Bruno Decl., Ex. 1.)  The second amended Signal Privilege Log also failed to identify the many withheld attachments to these communications. Of the 51 categories, almost half (20) involved Signal communications with no attorney present. *Id.*  Counsel discussed each of these issues during a meet-and-confer on October 8, 2025, after which the Wayfarer Defendants agreed to produce a document-by-document privilege log by October 14.  (Bruno Decl., at ¶¶ 4-5.)

This *fourth attempt* at preparing a privilege log—now in the traditional form of a document-by-document privilege log—fails once more. To begin, the third amended Signal Privilege Log fails to identify the sender or recipients for each communication, as required under Section IV(7)(a) of the Parties' ESI Protocol.  (Dkt. No. 208.) Lumping "participants" into each category, as the Wayfarer Defendants have, fails to demonstrate *who* was communicating in each document, which is critical in assessing the propriety of each claim of privilege.  That aside, the overwhelming majority of documents

Hon. Lewis J. Liman
November 3, 2025
Page 2

identified on this log plainly are not privileged and must be produced. At this point, Ms. Livley is already prejudiced by having been deprived of non-privileged Signal communications to use during depositions. Accordingly, Ms. Lively respectfully requests that no further delay be countenanced and the subject communications be produced immediately.[1]

1. ***The Wayfarer Defendants should be ordered to produce all*** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. "A party invoking the attorney-client privilege must show (1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice.'" *Lively v. Skyline Agency LLC*, 2025 WL 2532796, at *3 (S.D.N.Y. Sept. 3, 2025) (Liman, J.). As the party asserting privilege, the Wayfarer Defendants bear the burden of "establish[ing] those facts that are the essential elements of the privileged relationship." *von Bulox ex rel. Auersperg v. von Bulow*, 811 F.2d 136, 141 (2d Cir. 1987). The Wayfarer Defendants have not met this burden, nor can they, since none of these communications constitutes "a communication between client and counsel." *See Lively*, 2025 WL 2532796, at *3. As such, because none of these communications involve ▮▮▮▮▮▮▮▮▮▮▮▮, the Wayfarer Defendants' assertion of the attorney-client privilege fails. For similar reasons, the Wayfarer Defendants' blanket assertion of work-product misses the mark, since the generalized descriptions for each of these 116 entries do not establish that these communications reflect or otherwise concern "materials 'prepared in anticipation of litigation.'" *Wultz v. Bank of China Ltd.*, 304 F.R.D. 384, 393 (S.D.N.Y. 2015) (granting motion to compel). On the contrary, these entries simply concern ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (***not work-product*** prepared for litigation), which, therefore, does not warrant work product protection. *See id.* Accordingly because these communications are plainly not privileged and do not otherwise reflect work produce, the Wayfarer Defendants should be ordered to produce those documents identified in **Appendix A**.

2. ***The Wayfarer Defendants should be ordered to produce the "***▮▮▮▮▮***" that was attached to Signal communications.*** It is well-settled that non-privileged documents sent to an attorney are not automatically cloaked with privilege. *See Hayden v. Int'l Bus. Machines Corp.*, 2023 WL 4622914, at *4 (S.D.N.Y. July 14, 2024) (pre-existing document must contain confidential communications regarding legal advice to be covered by attorney-client privilege); *see also Joint Stock Co. "Channel One Russia Worldwide" v. Russian TV Co. Inc.*, 2020 WL 12834595, at *4 (S.D.N.Y. May 1, 2020) (ordering production of attachments to privileged email communications). To be sure, the attachments at issue do not concern the exchange of draft documents between the Wayfarer Defendants and their counsel; on the contrary, the Wayfarer Defendants describe the attachments ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. By their own description these documents are ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and, therefore, are not entitled to protection under either the attorney-client or work product doctrines and must be produced, to the extent it has not already been produced in this litigation, which the Wayfarer Defendants have not made clear. (*See* **Appendix B**).

3. ***The Wayfarer Defendants should be ordered to produce all Signal communications concerning*** ▮▮▮▮▮▮▮▮▮▮. "A media campaign is not a litigation strategy." *Haugh v. Schroeder Investment Mgmt. N.A. Inc.*, 2003 WL 21998674, at *3 (S.D.N.Y. Aug. 25, 2003). This Court has already

---

[1] In a final effort to avoid motion practice, Ms. Lively requested the Wayfarer Defendants agree to produce by, October 16, a corrected privilege log, and all documents lacking attorney presence. The Wayfarer Defendants refused.

acknowledged as much. *See Lively*, 2025 WL 2532796, at *5 (holding that communications with "public relations experts" were not privileged). Despite this, the Wayfarer Defendants continue to withhold communications that concern ██████████████████████████████████████████████████." (*See* **Appendix C** (emphasis added)). Because the privilege log itself confirms that these communications concern ████████████████—not legal advice—they must be produced. (*See* **Appendix C**).

4. **The Wayfarer Defendants should be ordered to produce documents for in camera review.** For those remaining twelve documents where there is attorney presence (as identified in **Appendix D**), Ms. Lively respectfully requests the Court order the Wayfarer Defendants produce these documents to the Court for *in camera* review. "The threshold" for seeking *in camera* review is not a "stringent one." *U.S. v. Zolin*, 491 U.S. 554, 572 (1989). In fact, "[w]hen parties disagree whether a privilege applies, courts often review the contested material *in camera*." *Highland Capital Mgmt., L.P. v. U.S.*, 626 F. App'x 324, 328 (2d Cir. 2015); *see also Lively*, 2025 WL 2532796, at *1 (ordering the production of third party Signal communications for *in camera review*). Here, Ms. Lively has identified at least two independent grounds that warrant *in camera* review.

To begin, despite four opportunities to cure their deficient descriptions, the Wayfarer Defendants still fail to describe the communications at issue with sufficient particularity to "enable [Ms. Lively] to assess the claim" of privilege. Fed. R. Civ. P. 26(b)(5)(A)(ii); *see also S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 163 (S.D.N.Y. 2014) (privilege log deemed inadequate where descriptions failed to demonstrate "that the document contains legal advice that reflects a client confidence."). Four entries apparently concern an "████████████████" (*see* Priv. Nos. 114, 116, 128, 129);[2] however, it is unclear whether the predominant purpose of this "████████████████" was to obtain or render legal advice. The remaining eight entries (Priv. Nos. 3, 19, 24, 117, 118, 127, 129, 419, 529) are all ████████████████████████████████████████████ the substance of which is unclear from the privilege log. In addition, the Wayfarer Defendants and their counsel have demonstrated a pattern of making overbroad assertions of privilege, which have required several rounds of motion practice, which resulted in the production of plainly non-privileged communications. (*See* Dkt. No. 749 at 11 ("The fact that the Wayfarer [Defendants] and TAG might have been sensitive to public relations considerations associated with this litigation does not make the public relations or crisis management experts part of the legal strategy or integral to the request or provision of legal advice."); *see also* Case No. 25-mc-347, Dkt. No. 31 at 9-11.).) This is only further underscored by the fact that, at the Court's insistence, (Dkt. No. 832, at 1), the Wayfarer Defendants "re-review[ed]" the 4600+ Signal communications at issue and, on October 9, produced another 152 such communications (none of which pre-date December 20, 2024).

In conducting its *in camera* review, it is respectfully submitted that the Wayfarer Defendants be ordered to produce all communications that do not have the predominant purpose of obtaining or provisioning legal advice. *See In re Cnty. Of Erie*, 473 F.3d 413, 420 (2d Cir. 2007); *see also Lively*, 2025 WL 2532796, at *3-4.

---

[2] These communications are dated ████████████████████████████████████████████████████ (*See, e.g.*, Dkt. No. 228.)

Hon. Lewis J. Liman
November 3, 2025
Page 4

          Respectfully submitted,

          /s/ *Esra A. Hudson*

| | |
|---|---|
| WILLKIE FARR & GALLAGHER LLP<br>Michael J. Gottlieb<br>Kristin E. Bender<br>1875 K Street NW<br>Washington, DC 20006<br>(202) 303-1000<br>mgottlieb@willkie.com<br>kbender@willkie.com<br><br>Aaron E. Nathan<br>Michaela Connolly<br>787 7th Avenue<br>New York, NY 10019<br>(212) 728-8000<br>anathan@willkie.com<br>mconnolly@willkie.com | MANATT, PHELPS & PHILLIPS, LLP<br>Esra A. Hudson (admitted *pro hac* vice)<br>Stephanie A. Roeser (admitted *pro hac* vice)<br>Sarah Moses (admitted pro hac vice)<br>2049 Century Park East, Suite 1700<br>Los Angeles, CA 90067<br>(310) 312-4000<br>ehudson@manatt.com<br>sroeser@manatt.com<br>smoses@manatt.com<br><br>Matthew F. Bruno<br>7 Times Sq.<br>New York, NY 10036<br>(212) 790-4500<br>mbruno@manatt.com<br><br>DUNN ISAACSON RHEE LLP<br>Meryl C. Governski (*pro hac vice*)<br>401 9th Street NW<br>Washington, DC 20004<br>(202) 240-2927<br>mgovernski@dirllp.com |

*Attorneys for Blake Lively*