# Jackson Walker LLP

Joel R. Glover
(713) 752-4226 (Direct Dial)
(713) 308-4114 (Direct Fax)
jglover@jw.com

November 5, 2025

**VIA ECF**
The Honorable Lewis J. Liman
Danial Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Lively v. Wayfarer Studios LLC*, *et al.*, Case No. 1:24-cv-10049-LJL; Letter Motion for Continued Sealing and Redaction of **Exhibits 23, 35, 38, 39, 40, 41, and 42 to Jonesworks' Motion for Spoliation Sanctions and the Memorandum of Law in support of the same** (Dkt. 869)

Dear Judge Liman,

We write on behalf of non-parties Jed Wallace ("Wallace") and Street Relations Inc. ("Street") (collectively, the "Wallace Non-Parties")[1] pursuant to Rule 4.b. of Attachment A to the Court's Individual Rules to request that the Court maintain under seal certain portions of Exhibits 23, 35, 38, 39, 40, 41, and 42 to Jonesworks' Motion for Spoliation Sanctions, as well as certain portions of Jonesworks' Memorandum of Law in support of the same.

### Exhibits 35, 39, 40, 41, 42, and Jonesworks' Memorandum of Law – Sensitive and Confidential Business Information[2]

Exhibits 35 and 40 are excerpts from the depositions of Jed Wallace and Katie Case, respectively. Each exhibit includes sensitive and confidential testimony relating to Street's

---

[1] By filing this letter motion, the Wallace Non-Parties do not waive their arguments that this Court lacks personal jurisdiction over them—as confirmed in the Court's November 5, 2025 Opinion and Order. Dkt. 912.
[2] The Wallace Non-Parties submit with this Motion redacted copies of Exhibits 35 and 39. These exhibits include an excerpt from the October 9, 2025 deposition of Wallace and a confidential and business-sensitive communication produced by Street during discovery in this matter and designated under the Protective Order. Because Exhibits 40, 41, 42, and Jonesworks' Memorandum of Law include testimony and documents of other parties and non-parties, the Wallace Non-Parties do not submit redacted copies of these exhibits or Jonesworks' Memorandum of Law, so as not to inadvertently disclose information other parties or non-parties may seek to maintain under seal pursuant to the Court's Individual Rules. To the extent other parties or non-parties do not seek continued sealing of Exhibits 40, 41, 42, and Jonesworks' Memorandum of Law and subject to guidance from the Court, the Wallace Non-Parties are prepared to submit redacted copies of these documents as it relates to the portions of the exhibits and the Memorandum of Law the Wallace Non-Parties seek to maintain under seal.

engagements or prospective engagements for work unrelated to Street's engagement for Wayfarer and otherwise unrelated to the parties or issues in this litigation.

Exhibits 39 and 41 include documents produced by Street and third-party Katie Case, respectively, during discovery. Each document includes highly sensitive and confidential business information relating to communications concerning Street's engagements or prospective engagements wholly unrelated to Street's work for Wayfarer and otherwise unrelated to any parties or issues here.

Exhibit 42—a voice memo offered by Jonesworks without context—similarly concerns sensitive and confidential information relating to Street's business engagements with non-parties. It is unrelated to Jonesworks, Lively, Wayfarer, or any party to this litigation and implicates the privacy interests of non-parties.

Finally, Jonesworks' Memorandum of Law (Dkt. 869) cites to and quotes from the above-referenced confidential and sensitive information relating to *other, wholly irrelevant* engagements or prospective engagements. *See* Dkt. 869 at 8 n.4.

Courts in this Circuit and beyond routinely seal documents to protect both the privacy interests of third parties, as well as sensitive and non-public business information. *See U.S. v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995) (in balancing the considerations against the presumption of public access, "'the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.' . . . Such interests, while not always fitting comfortably under the rubric 'privacy,' are a venerable common law exception to the presumption of access.") (quoting *Application of Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1990)); *In re B & C KB Holding GmbH*, No. 22-MC-180 (LAK) (VF), 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) ("[C]ourts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information."). Indeed, this Court previously granted the Wallace Non-Parties' request for continued sealing of documents and communications, like those identified here, containing sensitive and confidential information regarding unrelated work for unrelated clients. *See* Dkt. 736 at 2 (granting motion for continued sealing where the exhibit "contain[ed] nonpublic information regarding business relationships, particularly undisclosed relationships with clients.").

Disclosure of these materials—wholly unrelated to this litigation—poses privacy risks for both the highly sensitive and non-public business of Street and its clients or prospective clients. Because of the significant weight afforded the privacy interests of third parties and the commensurate interest in protecting confidential business information, the Wallace Non-Parties respectfully request the Court maintain under seal the identified portions of Exhibits 35, 39, 40, 41, and 42 to Jonesworks' Motion for Spoliation Sanctions, as well as the Memorandum Law in Support of the same (Dkt. 869).

*Exhibits 23 and 38 – PII*[3]

Exhibits 23 and 38 include documents containing personally identifying information ("PII"):

- Exhibit 23 – email addresses and cell phone numbers of parties and non-parties

- Exhibit 38 – email addresses of parties and non-parties

These documents should be redacted to protect the confidential PII of parties and non-parties to the Court's prior orders concerning the filing and redaction of PII. *See e.g.*, Dkts. 485, 619, 736.

The Wallace Non-Parties respectfully request the Court grant this Motion and order the continued sealing and redaction of Exhibits 23, 35, 38, 39, 40, 41, and 42 to Jonesworks' Motion for Spoliation Sanctions and the Memorandum of Law in support of the same (Dkt. 869).

Respectfully submitted,

/s/ *Joel R. Glover*
Charles L. Babcock
SDNY #5451117
Joel R. Glover
SDNY #5697487
Tori C. Emery (admitted *pro hac vice*)
JACKSON WALKER LLP
1401 McKinney, Suite 1900
Houston, TX 77010
(713) 752-4200
cbabcock@jw.com
jglover@jw.com
temery@jw.com

cc: all counsel of record (via ECF)

---

[3] Because Exhibits 23 and 38 include documents produced by other parties, the Wallace Non-Parties do not submit redacted copies of these exhibits, so as not to inadvertently disclose information other parties or non-parties may seek to maintain under seal pursuant to the Court's Individual Rules. To the extent other parties or non-parties do not seek continued sealing of Exhibits 23 and 38 and subject to guidance from the Court, the Wallace Non-Parties are prepared to submit redacted copies of these exhibits as it relates to the PII the Wallace Non-Parties seek to maintain under seal.