## LINER FREEDMAN TAITELMAN + COOLEY, LLP
ATTORNEYS AT LAW

1801 CENTURY PARK WEST, 5TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6007
TEL: (310) 201-0005
FAX: (310) 201-0045
E-MAIL: egarofalo@lftcllp.com

ELLYN S. GAROFALO

November 5, 2025

*Via ECF*
Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

Re:    *Blake Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL

Dear Judge Liman:

On behalf of Defendants Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel (collectively, the "Wayfarer Parties"), we write in opposition to Plaintiff Blake Lively's motion to compel or for in camera review of certain documents listed on the Wayfarer Parties' privilege log of Signal communications withheld for privilege. Dkt. 905.

The Court ordered the Wayfarer Parties to produce, by September 8, 2025, a categorical privilege log of their Signal communications withheld for privilege from December 20, 2024 through February 18, 2025. Dkt. 711, p. 12. The Wayfarer Parties did so. Dkt. 806, Ex. A. Lively then moved for a document-by-document privilege log of those Signal communications. Dkt. 806. The Court ordered that the Wayfarer Parties amend their categorical privilege log to provide additional details. Dkt. 832. The Wayfarer Parties produced an amended categorical log and later, at Lively's insistence, a document-by-document privilege log. Bruno Decl., Ex. 2.

1.    ***Lively's motion seeking to produce all Signal communications "lacking" an "attorney presence" should be denied.*** Lively moves to compel the production of 116 Signal communications on the Wayfarer Parties' log, claiming that they are not privileged because no attorney was included or copied on the communication. This is not to say that an attorney was not involved in connection with the communication. An attorney does not need to be a sender or recipient of document for the attorney-client or work product privileges to attach. Communications with or between an attorney's staff, employees or others acting to advance or further the goals of legal advice, such as law clerks (here Spencer Freedman and Jared Freedman) are within the ambit of the attorney client and work product privileges. Appendix A, items 422-451. *Gucci Am., Inc. v. Guess?, Inc.*, 2011 WL 9375, at *1 (S.D.N.Y. Jan. 3, 2011); *United States v. Kovel*, 296 F.2d 918, 922 (2d Cir. 1961) (communications between client and attorney's subordinates are protected by attorney-client privilege where the communications are "necessary, or at least highly useful, for the effective consultation between the client and the lawyer which the privilege is designed to permit"); *see* Appendix A, Items 422-451).

Hon. Lewis J. Liman
November 5, 2025
Page 2

Communications between corporate employees to implement legal advice and to obtain information to support counsel's legal strategy are similarly protected by the attorney-client privilege, even though an attorney is not party to the communications. Appendix A, Items 50, 178-184, 186-219, 3766-379, 385-387, 553-562, 617-621, 653; *see Scott v. Chipotle Mexican Grill, Inc.*, 94 F. Supp. 3d 585, 599–600 (S.D.N.Y. 2015) (corporation "could not realistically have acted on [legal] advice without communicating it to its own employees"; such communications are protected by privilege because "[t]o hold otherwise would disable corporations from implementing legal advice, exactly what *Upjohn* seeks to avoid."); *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981) ("the privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice").

The attorney-client privilege also applies to communications between the co-defendants pursuant to the common interest doctrine. Appendix Items 126, 572, 577, 579, 590-600, 604, 515, 622-626; *City of Almaty, Kazakhstan v. Ablyazov*, 2019 WL 2865102, at *7 (S.D.N.Y. July 3, 2019) ("The common interest doctrine, also referred to as the joint defense privilege, recognizes that separate parties may share a common legal interest and protects communications shared between them in furtherance of that common interest."); *Han v. InterExchange, Inc.*, 2025 WL 1419527, at *2 (S.D.N.Y. May 16, 2025) ("For the common-interest privilege to apply, (1) the party who asserts the rule must share a common legal interest with the party with whom the information was shared, and (2) the statements for which protection is sought must have been designed to further that interest.") (quotation omitted); *see also*, *Subramanian v. Lupin Inc.*, 2019 WL 1771556, at *3 (S.D.N.Y. Apr. 23, 2019).

In short, the absence of an attorney from a party communication does not mean that the communication is outside the scope of applicable privileges.

    2.    ***Lively mischaracterizes certain documents as "Signal communications concerning media strategy."***[1]  Lively incorrectly states that "the privilege log itself confirms that these communications concern media and PR strategy—not legal advice." Mot. at 2.  In fact, the privilege log describes each of these documents related to *legal advice*, including advice relating to court filings and the litigation. Thus, while legal advice may be intertwined with media advice, the applicable privileges apply. For instance, entry No. 629 on the privilege log is described as an "[a]ttorney-client communication *seeking legal advice* regarding filing of amended pleading against Blake Lively, Ryan Reynolds, Leslie Sloane, Vision PR, and the New York Times Company and *seeking legal advice* regarding media strategy to support litigation objectives related to amended pleading." Mot. App'x C, at 1 (emphases added). The attorney-client privilege is not narrowly limited to communications relating directly to litigation, but "broadly speaking, protects confidential communications between attorney and client for the purpose of obtaining or rendering legal advice." *United States v. Ghailani*, 751 F. Supp. 2d 498, 501 (S.D.N.Y. 2010). Therefore, the fact that the legal advice being sought or provided relates in part to media strategy in connection with an ongoing litigation does not eliminate the attorney-client privilege. Lively has identified no other basis for an order compelling the production of these documents, so the Motion must be denied with respect to this category.

---

[1] Lively failed to include a statement in her Motion that she met and conferred regarding this dispute, and in fact did not do so. Troupson Decl., ¶ 4.

Hon. Lewis J. Liman
November 5, 2025
Page 3

3.      *Lively's request for in camera review of twelve documents should be denied*.
Lively's only argument for seeking *in camera* review of these documents is her assertion that the
descriptions of the substance of the communications are "unclear." Mot. at 3.[2] Four documents
Lively seeks to have the Court review relate to the internal investigation by Raines Feldman
Littrell LLP to conduct an internal investigation into Lively's allegations and to "develop factual
findings and legal analysis for Wayfarer's use in evaluating potential liability and formulating
legal strategy." Dkt. 341. The Court already ruled Lively cannot seek discovery into this
investigation. Dkt. No. 341. Eight of the documents are on the log as "voicenote attachments."
These are communications included in the Signal document that instead of being written are
relayed by a recorded oral message. There is no reason to describe the voicenotes with any more
particularity than the descriptions already provided of the communications themselves. For
example, item 3 is described as a "[v]oice note attachment to attorney-client communication
seeking and providing legal advice concerning the nature, contents, and implications of
communications obtained by the New York Times from Blake Lively and Stephanie Jones."
App'x D.

4.      *The Wayfarer Parties agree to produce any non-privileged and responsive
documents attached to the withheld privileged Signal communications to the extent they were
not previously produced.*  Finally, Plaintiff complains that the Wayfarer Parties failed to produce
documents attached to privileged communications identified on their privilege log. The majority,
if not all, of these documents were previously produced. If the Wayfarer Parties find that any
attachments not independently produced were omitted, they will be produced no later than
November 12, 2025.

For the foregoing reasons, Lively has failed to show that she is entitled to compel
production of the documents identified in her Motion.

Respectfully submitted,

*/s/ Ellyn S. Garofalo*
LINER FREEDMAN TAITELMAN + COOLEY, LLP
Bryan J. Freedman (*pro hac vice*)
Ellyn S. Garofalo (*pro hac vice*)
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
           egarofalo@lftcllp.com

---

[2] Lively also casts vague aspersions on the Wayfarer Parties' prior assertions of privilege, including the Wayfarer
Parties' compliance with the Court's direction that they revisit prior assertions of privilege in light of the Court's
rulings by re-reviewing and producing documents accordingly.  Mot. at 3.  Lively makes no effort to tie any past
privilege ruling by the Court to a reason to compel production of these twelve documents for *in camera* review, so
the argument should be disregarded.

Hon. Lewis J. Liman
November 5, 2025
Page 4

MEISTER SEELIG & FEIN PLLC
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
        kaf@msf-law.com

cc: all counsel of record (via ECF)