**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

November 5, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1620
New York, NY 10007

Re:      *Lively v. Wayfarer Studios LLC et al.*, **Case No. 1:24-cv-10049-LJL**

Your Honor,

Pursuant to Federal Rule of Civil Procedure 5.2(d), Rules 1(B), 1(C), 2(H)(ii), and Attachment B of Your Honor's Individual Practices, this Court's Standing Order No. 19-mc-00583, and this Court's ECF Rules & Instructions ("ECF Rules"), Third-Party Defendant Jonesworks, LLC ("Jonesworks") respectfully requests that the Court keep under seal limited portions of Jonesworks' Memorandum of Law in Support of its Spoliation Motion, ECF No. 869 (the "Motion"), and corresponding exhibits that contain: (i) references to certain non-parties to the underlying litigation ("Non-Party Material"); and (ii) Jonesworks' competitively sensitive business and financial information ("Competitively Sensitive Material").[1]   The proposed redactions are available in Exhibits to this letter motion.

**I.      Standard**

To determine whether sealing is appropriate, courts in the Second Circuit apply the three-step test described in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under this test, the Court must determine: (1) whether the documents subject to a sealing request qualify as "judicial documents"; (2) the weight of the presumption of public access attaching to any judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access. *Id.* at 119–20.  A district court has "considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed" on its docket. *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).

A party's interest in preserving competitively sensitive business operations frequently merits sealing.  *See, e.g.*, *In re. Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive

---

[1]    Pursuant to the Court's order, Jonesworks will redact "PII in the form of personal phone numbers or email addresses" contained in the Motion.  Dkt. No. 619.

standing.'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225–26 (Fed. Cir. 2013) (holding that the district court abused its discretion by denying request to seal" confidential financial information"). Such is the case here.

## II.    Public Interest in the Information Sought To Be Redacted is Minimal

*First*, the proposed redactions are consistent with the Second Circuit's recognition that documents may be sealed if "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120. As detailed herein, the proposed redactions are limited to protecting (i) the identities of individuals and entities not party to the underlying litigation and (ii) competitively sensitive business and financial information of limited public interest and are "narrowly tailored." *Id.*; *see also, e.g.*, *KeyBank Nat'l Ass'n v. Element Transportation LLC*, 2017 WL 384875, at *3 (S.D.N.Y. Jan. 26, 2017) (granting motion to seal where proposed redactions were "narrowly tailored" and "limit[ed] . . . to the portion of the [document] containing the irrelevant nonparty financial information").

*Second*, the public interest in the Non-Party Material and Competitively Sensitive Material is minimal because the information to be sealed is far from central to the litigation and without public ramifications. *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public."). Indeed, courts routinely permit the redaction of non-party and sensitive competitive information, as is being requested here. *See, e.g.*, *News Corp. v. CB Neptune Holdings, LLC*, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) ("[D]isclosure of the confidential acquisition terms and related competitively sensitive financial information *provides no specific benefit to the public*, including competitors." (emphasis added)).

*Third*, as to the Non-Party Material, "[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *Amodeo*, 71 F.3d at 1050 (quotation marks omitted). Information regarding such non-parties "are [subject to] a venerable common law exception to the presumption of access." *Id.* Courts favor protecting non-parties where disclosure risks exposing sensitive personal information to public exploitation or invasion of privacy, rather than serving a legitimate public interest. ("[C]ourts have the power to insure that their records are not 'used to gratify private spite or promote public scandal,' and have 'refused to permit their files to serve as reservoirs of libelous statements for press consumption.'").

*Fourth*, the majority of the Motion will be public, and the unredacted information provides the public with ample information to understand the dispute. *See Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018) (permitting proposed redactions where a "member of the public reviewing the parties' redacted submissions . . . would have information sufficient to understand the parties' arguments and the Court's adjudication"); *KeyBank Nat'l Ass'n*, 2017 WL 384875, at *3 (S.D.N.Y. Jan. 26, 2017) (permitting proposed redactions where redacted document was "irrelevant" to parties' claims).

## III.    Documents To Be Sealed

Jonesworks seeks to seal limited portions of the following exhibits, which fall into two distinct categories.

Exhibits 10, 21, 27, 30, 40, 41, and Lively Exhibit 30[2] contain references to individuals and entities who are not parties to the underlying litigation and whose identities are irrelevant to the merits of Jonesworks' spoliation claims.  These non-parties include current and former Jonesworks clients and employees and third-party vendors — that is, quintessential entities and individuals whose identities are subject to protection.[3]  Given the significant public interest and media attention surrounding this litigation, publicly identifying these individuals and entities would subject them to unwanted scrutiny and violate their legitimate privacy interests, would be counter to the core protections afforded by the Protective Order in this matter, and would be competitively disadvantageous.  *See Amodeo*, 71 F.3d at 1050.

Exhibit 10 also contains confidential business and financial information that is material to Jonesworks' competitive position in the public relations market.  Specifically, this exhibit contains client information and material regarding internal business strategy. And Exhibits 27, 30, 40, 41, and Lively Exhibit 30 contain references to particular Jonesworks clients unrelated to this matter. This information is not publicly available, and its release would disadvantage Jonesworks by affording competitors an opportunity to gain an unfair strategic advantage with nonpublic information. On the other hand, this information does not benefit or further the public's understanding of the spoliation issues before the Court.

The court should seal Exhibits 10, 21, 27, 30, 41, 40, and Lively Exhibit 30,  because they contain non-party information that would violate the privacy interests of those non-parties, and Exhibit 10 should also be sealed because it contains confidential Jonesworks business information that would place Jonesworks at a competitive disadvantage.

For these reasons, Jonesworks respectfully requests that the Court grant the motion to seal.[4]

Respectfully submitted,

*Kristin Tahler*

Kristin Tahler

---

[2]  Jonesworks requests that Lively Exhibit 30, Dkt. 874-27, the same as Jonesworks Exhibit 30, (NATHAN)_00000237, be sealed.

[3]  The Protective Order designates such information as Attorneys' Eyes Only. *See* ECF No. 125 ("The following categories of information may be designated 'Attorneys' Eyes Only'…Trade secrets; confidential business plans, marketing plans, and strategies for clients other than the parties in this litigation; confidential business projects or leads on  projects for clients other than the parties in this litigation; confidential creative  projects or ideas other than those involved in this litigation.")

[4]  Jonesworks understands that the Wayfarer and Wallace Parties are also moving to seal portions of materials related to the Motion.  To avoid inadvertently disclosing publicly information that other parties seek to protect, Jonesworks respectfully requests that the Court accept its proposed redactions under seal until all sealing motions have been filed and resolved.