**LINER FREEDMAN TAITELMAN + COOLEY, LLP**
1801 CENTURY PARK WEST, 5TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6007
TEL: (310) 201-0005
FAX: (310) 201-0045
E-MAIL: egarofalo@lftcllp.com

November 6, 2025

<u>Via ECF</u>
Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

Re: *Blake Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL

Dear Judge Liman:

Plaintiff asks this Court to impose draconian sanctions against Defendant Jamey Heath pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) for failing to provide video footage of his wife in labor and giving birth in violation of the Court's August 27, 2025 order on Lively's omnibus motion to compel (the "Order"). Dkt. 711. Specifically, Lively seeks an order compelling "Mr. Heath to produce all video footage depicting the birth video … ***and***" precluding "Mr. Heath from offering any evidence, including written or oral testimony, on the topic of his showing the birth video (or any other portion thereof) to Ms. Lively." Lively does not come close to meeting Rule 37(b)'s requirements for the severe sanctions she seeks. The two flaws fatal to Lively's motion are that she never requested this footage in discovery prior to the discovery cut-off, and there is no clear, unambiguous court order compelling production of the full birthing videos. The Order directed the production only of the video requested in Lively's Request for Documents No. 108 ("RFP No. 108") which sought documents "concern[ing] Your allegation in paragraph 101 of the Wayfarer SDNY Complaint that Lively falsely suggest[ed] that she was shown pornography or naked images of Heath's wife on set." Roeser Decl. Ex. D, p. 19. Paragraph 101, in turn, states that "what [Lively] saw was the first image at the start of the video, which shows Heath's wife, himself, ***and their baby*** after his wife gave birth at home (a 'natural birth' or 'home birth')" and that Lively "false[ly] suggest[ed] that she was shown pornography or naked images of Heath's wife on set."[1] Dkt. 50 (emphasis added). Naturally, a video including the newborn was taken ***after*** her birth. Lively's pleadings state that Heath "started playing a video of a fully nude woman with her legs spread apart." Dkt. 520, ¶ 90. This is not inconsistent with the post-delivery video shown to Lively.

This is precisely what was produced on August 22, 2025, even prior to issuance of the Order. Lively now belatedly denies that this was the video she was shown by Heath. However, Lively, who has repeatedly (and variously) described what she was allegedly shown in May 2023, did not object that the video produced on August 22 was not the one she was shown, as requested by Lively's RFP No. 108. To the extent Lively somehow believed RFP No. 108 encompassed all videos relating to a birth (it did not), Lively waited until September 24 to assert

---

[1] Heath, at the director's recommendation, attempted to show Lively the video. Lively characterizes this as an incident of harassment. As a mother of four and an actress who was shooting a birthing scene for the Film, Lively should know better.

that the video produced was not what she saw. She then failed to timely file a motion to compel prior to the close of fact discovery on September 30, 2025. Dkt. 425; *Oakley v. MSG Networks, Inc.*, 2025 WL 463214, at *1 (S.D.N.Y. Feb. 7, 2025) (discovery motions must be brought before the close of fact discovery). To the extent that this "sanctions" motion is a thinly disguised, and untimely, motion to compel, it should be denied.

Lively now contends that she should be allowed to cull through highly intimate and personal footage[2] to find the portions that match her narrative that she was shown the actual birth when, in fact, she was not. The intrusion into the highly sensitive moments of a woman's labor and birth cannot be justified merely on the claim that Lively may find what she claims she saw. In short, Lively fails to show that she is entitled to sensitive, private footage of Natasha Heath in labor and giving birth, particularly since Lively only requested, in RFP No. 108, the short video showing Heath, his wife and their newborn immediately after the birth. Lively did not, and does not, seek clarity on the scope of the Order but as has become her unfortunate habit in this case, asks this Court to jump right to the most severe sanction available – an order precluding evidence relevant to Heath's defense against Lively's sexual harassment claim. In fact, this is only one in a string of "sanctions" motions in which Lively, recognizing that discovery failed to yield evidence to support her claims, seeks an adverse inference or preclusion order that would relieve of her of having to prove her claims by eliminating evidence favorable to the defense.

District courts have "wide discretion" in imposing Rule 37(b)(2)(A) sanctions. *Recio v. D'Almonte Enterprises Parking Garage, Inc.*, 2025 WL 959351, at *2 (S.D.N.Y. Mar. 31, 2025) (*quoting Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007)). Courts consider "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the prejudice to the other party; (4) the duration of the period of noncompliance; and (5) whether the non-compliant party had been warned of the consequences of [] noncompliance." *Id.* (citations omitted). Lively fails to show willful disobedience of a court order. Willful disobedience is found only where the allegedly non-compliant party "understood" a clear court order. *Id.*; *Daval Steel Prods., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1363 (2d Cir. 1991) (district court has the authority to impose Rule 37(b) sanctions for noncompliance with a "clearly articulated" order "requiring specified discovery"). Lively contends that Heath violated the Order. However, the Order does not clearly direct Defendants to produce all videos of Ms. Heath giving birth. Rather, the Order directs Heath to produce the video sought by RFP No. 108 and described in Paragraph 101 of the Wayfarer SDNY Complaint, namely, the post-delivery video shown to Lively in connection with the filming of a scene in which her character gives birth. Heath did so. Now, however, Lively claims that she learned at Heath's October 8 deposition that other, more extensive, videos exist. Even if true that Lively only learned of other birthing videos at deposition, it does not change the fact that the Order applies to the video described in RFP No. 108 and Paragraph 101 of Wayfarer's SDNY Complaint. Heath confirmed at his deposition that the video shown to Lively, and produced in this action, was not an "incomplete and altered" excerpt of a longer video showing the full labor and birth of Heath's child, as Lively suggests. Roeser Decl. Ex. B, p. 4. It was a separate and distinct video taken after the birth of his daughter and kept on Heath's phone. Heath explained that he did not keep any of the more intimate birth videos on his phone as he was concerned about it "falling into the wrong hands." Roeser Decl. Ex. A, p. 184:28-21. In short, there is no court order directing Heath to produce all video footage recording the births of his children, but

---

[2] Heath stores videos of the births of both his children on the same thumb drive. Lively does not make clear whether she is seeking the entirety of the footage of both births to search for whatever she claims she was shown.

Hon. Lewis J. Liman
November 6, 2025
Page 3

only the post-delivery video of his daughter shown to Lively on the set, as referenced in the pleadings and requested by Lively's RFP No. 108. Heath cannot be sanctioned for violating a non-existent order or one that did not clearly compel the production of evidence not sought in a discovery request. The pleadings do not reference any other birthing video, but only the short, post-delivery video that Heath had on his phone.

      Second, a court "should impose the least harsh sanction which would serve as an adequate remedy." *Slovin v. Target Corp.*, 2013 WL 840865, at *6 (S.D.N.Y. Mar. 7, 2013); *see also Grammar v. Sharinn & Lipshie, P.C.*, 2016 WL 525478, at *3 (S.D.N.Y. Feb. 8, 2016) (courts "should always seek to impose the least harsh sanction that will remedy the discovery violation"). Lively seeks the harsh sanction of preclusion ***in addition to*** the production of all birthing videos. Lively does not explain why she is entitled both to discovery and a sanction that would preclude Heath from presenting evidence contradicting Lively's claim of a more graphic video. *See Wager v. G4S Secure Integration, Inc.*, 2021 WL 5304321, at *7 (S.D.N.Y. Nov. 15, 2021) (rejecting "request to compel discovery and issue a 'dispositive sanction' at the time" as "contradictory."). Nor does Lively establish the significant prejudice required for preclusion. *Benamou v. Miles*, 2025 WL 2793669, at *6 (E.D.N.Y. Sept. 26, 2025) ("[s]ignificant prejudice to the moving party may counsel for a harsher sanction"). The birthing videos have little, if any, relevance. Heath does not dispute that he showed Lively a post-delivery video showing his nude wife holding their newborn daughter. The question of precisely what she saw will not be resolved by production of all birthing videos. A jury will decide this issue based on the credibility of the witnesses, not whatever Lively may cherry-pick from multiple recordings. The only thing that Lively will accomplish is to intrude on a highly personal and intimate experience, to the extreme distress of Nathasha Heath.

      Third, the duration of the alleged non-compliance dictates denial of Lively's motion. District courts impose sanctions where discovery delays have persisted for months or involved repeated failures to comply with court orders. *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 673 F. Supp. 3d 345, 350 (S.D.N.Y. 2023) (awarding sanctions for a five-month period of noncompliance with three discovery orders); *Bricklayers and Allied Craftworkers Local 2 v. RJ Young Const., LLC*, 2025 WL 447730, *7 (N.D.N.Y. Feb. 10, 2025) (sanctions "typically" not issued where noncompliance is less than four months). This motion is the first notice to the Court of the alleged noncompliance. Thus, the duration of alleged noncompliance is insufficient for Rule 37(b) sanctions.

      Fourth, the Court has not "warned [Heath] of the consequences of noncompliance"; specifically, the failure to produce all footage relating to the birth of his daughter and this is the first time this issue has been brought before the Court.

      For the foregoing reasons, Defendant Jamey Heath respectfully requests that the Court enter an order denying Lively's motion in its entirety.

Hon. Lewis J. Liman
November 6, 2025
Page 4

        Respectfully submitted,

        */s/ Ellyn S. Garofalo*
        LINER FREEDMAN TAITELMAN + COOLEY, LLP
        Bryan J. Freedman (*pro hac vice*)
        Ellyn S. Garofalo (*pro hac vice*)
        1801 Century Park West, 5th Floor
        Los Angeles, CA 90067
        Tel: (310) 201-0005
        Email: bfreedman@lftcllp.com
           egarofalo@lftcllp.com

        MEISTER SEELIG & FEIN PLLC
        Mitchell Schuster
        Kevin Fritz
        125 Park Avenue, 7th Floor
        New York, NY 10017
        Tel: (212) 655-3500
        Email: ms@msf-law.com
           kaf@msf-law.com

cc: all counsel of record (via ECF)