**LINER FREEDMAN TAITELMAN + COOLEY, LLP**
1801 CENTURY PARK WEST, 5TH FLOOR
LOS ANGELES, CALIFORNIA  90067-6007
TEL: (310) 201-0005
FAX: (310) 201-0045
E-MAIL: egarofalo@lftcllp.com

November 10, 2025

*Via ECF*
Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

**Re:** *Blake Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL

Dear Judge Liman:

      Plaintiff Blake Lively asks this Court to impose monetary sanctions against Defendant Melissa Nathan pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) for failing to provide unredacted copies of 38 documents in alleged violation of the Court's August 27, 2025 order on Lively's Omnibus Motion to Compel (the "Order") (Dkt. 711). Specifically, Lively asks the Court to order Nathan to "reproduce the Challenged Documents [the 38 documents listed in Ex. A to the Bender Declaration] without redactions within a week of the Court's order and reimburse Ms. Lively for reasonable attorneys' fees and expenses incurred by Ms. Nathan's failure to comply with the Order."[1]

      Plaintiff's motion for sanctions fails for the simple reason that it does not stem from the violation of any court order. A district court may only impose sanctions under Rule 37(b) for noncompliance with "a clearly articulated order of the court requiring specified discovery." *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1363 (2d Cir. 1991); *see also Salahuddin v. Harris*, 782 F.2d 1127, 1133 (2d Cir. 1986) ("Rule 37(b) sanctions require the violation of an explicit court order."). The Order required the Wayfarer Parties to "modify the redactions in their previous productions to replace black box redactions with text box redactions indicating the reason for the redaction" (i.e. "Redacted-Privileged" or "Redacted-NR"). Dkt. 711, pp. 2-3. It is undisputed that Nathan did so. On August 13, 2025, before the Court-ordered deadline of September 2, the Wayfarer Parties - including Nathan - reproduced all documents previously redacted in the properly required format, noting the reason for the redaction.[2]

      Lively argues that in addition to requiring the Wayfarer Parties to reproduce redacted documents with a notation reflecting the reason for the redaction, the Order *also* required Nathan to produce 38 documents without *any* redactions at all. But the Order does not compel Nathan to remove the redactions on any of the documents she had previously produced, let alone require the production of the specific 38 documents Lively now seeks to compel in an unredacted

---

[1] Exhibit A to the Bender Declaration purports to list the documents Lively contends were improperly redacted, which she called the "Challenged Documents." While there are 39 documents on the list, two of the documents are identical (NATHAN_000002016). Benson Decl., ¶ 2.

[2] Lively states that the documents were reproduced on August 14, 2025 (Dkt. 901, p. 2), but in fact they were produced a day earlier on August 13, 2025. Benson Decl., ¶ 3 & Ex. 1.

Hon. Lewis J. Liman
November 10, 2025
Page 2

format.[3] Nor does the Order state that any of Nathan's redactions were "improperly overbroad." This is not surprising because Lively never made any such argument nor did she request that Nathan produce the 38 Challenged Documents without redactions in her Omnibus Motion to Compel.[4]

Therefore, Lively's sanctions motion must be denied because there is no "clearly articulated order of the court requiring specified discovery," which would permit the imposition of "Rule 37(b) sanctions for noncompliance with that order." *Daval Steel Products, a Div. of Francosteel Corp. v. M/V Fakredine,* 951 F.2d 1357, 1363 (2d Cir.1991) (citation omitted); *Jones v. Uris Sales Corp.*, 373 F.2d 644, 647-48 (2d Cir. 1967). Courts routinely deny sanctions motions on this basis. *See, e.g.*, *Scantibodies Lab., Inc.*, 2016 WL 11271874, at *20 (denying motion for sanctions on basis of purportedly unproduced documents where moving party failed to "identify any Order from the Court compelling [the opposing party] to produce such … information"); *Arneauld v. Pentair, Inc.*, 2012 WL 5932956, at *12-13 (E.D.N.Y. Nov. 26, 2012) (denying motion for sanctions on basis of nonproduction of documents where, "prior to the expiration of the extended discovery deadline, plaintiffs never moved … to compel … defendants' responses to their Requests for Production of Documents," and where party had "not identified any court order requiring … defendants' compliance with discovery requests").

Lively's "sanctions" motion is a thinly disguised untimely motion to compel. In Lively's own words, "[i]t is well settled that the operative time to raise and move on discovery issues is before the close of fact discovery." Benson Decl. Ex. 2 (email from Connolly to Zeldin dated 10/22/2025 (citing cases)); *see, e.g.*, *Oakley v. MSG Networks, Inc.*, 2025 WL 463214, at *1 (S.D.N.Y. Feb. 7, 2025) (denying motion to compel because it was filed "nearly a week after the close of fact discovery"); *Richardson v. City of New York*, 326 F.App'x 580, 582 (2d Cir. 2009) ("we conclude that the district court did not abuse its discretion in denying Plaintiff's motion to compel discovery, which was filed over one month after the close of discovery, as untimely"); *Fierro v. Gallucci*, 2010 WL 1223122, at *8 (E.D.N.Y. Mar. 24, 2010), *aff'd*, 423 F.App'x 17 (2d Cir. 2011) (finding no error in Magistrate Judge's denial of a motion to compel where "[t]he deadline for the close of discovery had clearly been set as April 6, 2009. Plaintiffs' motion to compel was filed on April 27, 2009, and was based on allegedly incomplete responses to interrogatories submitted by plaintiffs on March 27, 2009."). The Court's deadline for close of discovery had been clearly set as September 30, 2025. Dkt. 425. Lively first raised the issue regarding Nathan's redactions on September 23, over a month after the Nathan documents had been reproduced with the proper notations. Bender Decl. Ex. B. While Lively agreed to identify which of the 38 documents had allegedly been produced by third parties in an unredacted form, she did not attempt to do so until October 16. *Id.*; Benson Decl., ¶ 5. She then proceeded to file this motion a month after the close of fact discovery, fashioning it as a "sanctions" motion, attempting to avoid the untimeliness of her motion to compel.

---

[3] Indeed, five of the documents listed on Exhibit A to Bender's Declaration were produced for the first time after the Court's August 27 Order and therefore necessarily could not be the subject of that Order.

[4] Lively's Omnibus Motion to Compel only asserted that the Wayfarer Parties' redactions were "improper because they fail[ed] to indicate the basis for withholding information" in conformance with the ESI Stipulation. Dkt. 553, p. 24. In response, the Wayfarer Parties agreed to "modify the redactions in their previous productions as necessary to replace black-box redactions with text-box redactions indicating the reason for redaction where applicable and re-produce the affected documents." Dkt. 610, p. 13. Lively's reply did not mention the redactions at all. Dkt. 646. The Order acknowledges the Wayfarer Parties' agreement to comply and modify the redactions to replace black-box redactions with text-box redactions and ordered them to do so by September 2, 2025. Dkt. 711, pp. 2-3.

Hon. Lewis J. Liman
November 10, 2025
Page 3

Even if the Court were to consider the substance of Lively's motion to compel, it should be denied. Pursuant to the Joint Stipulation on the Protocol for Discovery of Electronically Stored Information and Hard Copy Documents (Dkt. 212), Nathan redacted non-responsive material from documents, including those related to her other public relations clients and her personal life. Lively has not demonstrated that the redactions on the 38 Challenged Documents were overbroad, or if they were that the entire document must be produced without redactions. Lively cherry-picks some of the 38 Challenged Documents she contends demonstrate that the redactions somehow "deprived Ms. Lively of relevant and responsive material necessary for Ms. Lively to prosecute her claims." Lively's selections prove the opposite.

Lively's primary claim is that Nathan improperly redacted information regarding the "Digital Campaign" in the document bates labeled NATHAN_000000885. Bender Decl., Exs. I and J. But Lively neglects to mention that the same document, originally produced on July 16, was *reproduced by Nathan* on August 22 *without any redactions*. Benson Decl. Exs. 3, 4. Lively also fails to disclose that the same document was produced without redactions by Justin Baldoni, Jamey Heath and Jen Abel as early as July 16. Benson Decl., ¶¶ 6-9 & Exs. 5, 7, 8. In addition, Lively herself produced the same document without redactions because it had been subpoenaed by her company Vanzan from Jonesworks before she filed her lawsuit against the Wayfarer Parties. Benson Decl., Ex. 9. Similarly, Lively also misleadingly asserts that Nathan's phone records were improperly redacted, ignoring the later reproduction of an unredacted set. Nathan's phone records from May 1, 2024 to February 18, 2025 were produced by as required by the Order. Benson Decl., ¶¶ 11-12.[5] All redactions were removed from Nathan's phone records and reproduced by September 11, 2025. *Id*. Regardless of whether Nathan personally produced an unredacted version of a document bearing her bates-number prefix, if an unredacted version of a document was produced in the litigation by anyone, Lively reasonably cannot argue that she was "deprived" of critical evidence.

Lively's argument that "some" of the other documents on her list are "essentially unreadable" is also unpersuasive. Lively's argument is based on a mischaracterization of Nathan's deposition testimony about one of the documents. Dkt. 901 n. 5, Bender Decl., Exs. O and P. When pressed by Lively's counsel, Nathan merely admitted that, as with all redacted documents (including those produced by Lively), it "is possible that it might be a little bit easier" to read if the document had not been redacted. Bender Decl., Ex. O, pp. 271:11-272:16. Importantly, Lively does not argue, nor is it the case, that she was unable to question Nathan about the unredacted and only responsive portion of the sole document she claims was "unreadable."

For the foregoing reasons, Defendant Melissa Nathan respectively requests that the Court enter an order denying Lively's motion in its entirety.

---

[5] Lively contends that Nathan did not comply with the Order because she redacted non-responsive information from some of her communications with media outlets. Dkt. 901, n. 4. However, the Court did not order Nathan to produce all of Nathan's communications with the media from December 20, 2024 to February 18, 2025 without redactions of non-responsive information. The material redacted concerns other TAG clients – not Wayfarer – and was properly redacted. Benson Decl., ¶ 13.

Hon. Lewis J. Liman
November 10, 2025
Page 4

                Respectfully submitted,

                */s/ Ellyn S. Garofalo*
                LINER FREEDMAN TAITELMAN + COOLEY, LLP
                Bryan J. Freedman (*pro hac vice*)
                Ellyn S. Garofalo (*pro hac vice*)
                1801 Century Park West, 5th Floor
                Los Angeles, CA 90067
                Tel: (310) 201-0005
                Email: bfreedman@lftcllp.com
                        egarofalo@lftcllp.com

                MEISTER SEELIG & FEIN PLLC
                Mitchell Schuster
                Kevin Fritz
                125 Park Avenue, 7th Floor
                New York, NY 10017
                Tel: (212) 655-3500
                Email: ms@msf-law.com
                        kaf@msf-law.com

cc: all counsel of record (via ECF)