# EXHIBIT 2

| From: | Connolly, Michaela |
|---|---|
| To: | Kim Zeldin |
| Cc: | Meryl Governski; Bender, Kristin; Nathan, Aaron E.; Roeser, Stephanie; Taustine, Melissa; Climaco, Katelyn; laura.prather@haynesboone.com; michael.lambert@haynesboone.com; Kristin Tahler; Maaren Shah; Nicholas Inns; Chip Babcock; Joel Glover; Bryan Freedman; Moses, Sarah; Theresa Troupson; sma@msf-law.com; Ellyn Garofalo; Amir Kaltgrad; mitra@ahouraianlaw.com; Summer Benson; Local KAF. Counsel; Hudson, Esra; Gottlieb, Michael; Bruno, Matthew; Alexandra Shapiro; Jonathan Bach; Alice Buttrick; Local KAF. Counsel |
| Subject: | RE: Justin Grey Stone Deposition [IMAN-MATTERS.FID37310] |
| Date: | Wednesday, October 22, 2025 8:06:04 PM |
| Attachments: | image001.png |

Counsel,

As you are aware, the Court's initial Case Management Plan and Scheduling Order, dated February 3, 2025, established an August 14, 2025 deadline for the close of fact discovery and a July 1, 2025 deadline for parties to substantially complete document production. See ECF No. 58 at 2. Given the Wayfarer Defendants' deficient productions made as of the Court-ordered substantial completion deadline, the parties sought, and the Court ordered, several deadlines for the production of documents and motions to compel, along with a stipulated extension of fact discovery to September 30, 2025. See ECF No. 425. In the same order, the Court outlined two separate deadlines for motions to compel, both of which have lapsed: August 1, 2025 (later extended to August 4, 2025) for any motions regarding party document productions in response to requests outstanding as of July 15, 2025, and August 22, 2025 for any motions regarding non-party productions and responses to discovery requests not issued as of July 15, 2025.

Pursuant to the initial Case Management Plan, Ms. Lively substantially completed her document production by July 1, 2025. Ms. Lively produced the four documents specifically identified in your below outreach (BL-000022331, BL-000022322, BL-000038461 and BL-000038462) on July 25, and by July 29 the relevant information was reflected on Ms. Lively's privilege log.

The Wayfarer Defendants never moved to compel. Instead, **two months after the operative deadline to move, and a week after the extended fact discovery deadline**, you began to take issue, for the first time, with certain documents produced by Ms. Lively and reflected on her privilege log. Your efforts are untimely. It is well settled that the operative time to raise and move on discovery issues is **before** the close of fact discovery. See Lebenns v. Frost Prods., 21-cv-11155 (JLR) (JW), 2023 WL 7403624, at *5 (S.D.N.Y. Nov. 9, 2023); Oakley v. MSG Networks, Inc., No. 17-cv-6903 (RJS), 2025 WL 463214, at *1 (S.D.N.Y. Feb. 7, 2025); Local 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO v. City of New York, 18-cv-4476, 2024 WL 4713331, at *2 (S.D.N.Y. Oct. 11, 2024); Kraiem v. JonesTrading Institutional Servs. LLC, et al., 1:19-cv-05160 (JHR) (SDA), 2024 WL 68388 (S.D.N.Y. Jan. 6, 2024). The Wayfarer Defendants surely could have raised and moved on any alleged discovery deficiencies prior to the close of discovery and certainly by the multiple deadlines to which they agreed. Nor can you appropriately couch these issues as arising from Mr. Grey Stone's deposition—as noted, these documents and Ms. Lively's privilege log were produced months beforehand and counsel's lack of diligence in pursuing these perceived issues in advance cannot justify reopening discovery into Ms. Lively's sufficient and comprehensive production.

Ms. Lively will not engage further regarding the Wayfarer Defendants' belated attempts to raise new issues as to claimed discovery deficiencies.

We reserve all rights.

Best,
Michaela


**Michaela Connolly**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8808 | Fax: +1 212 728 9808
mconnolly@willkie.com | vCard | www.willkie.com bio
Pronouns: she, her, hers

**From:** Kim Zeldin <kzeldin@lftcllp.com>
**Sent:** Monday, October 13, 2025 6:34 PM
**To:** Moses, Sarah <SMoses@manatt.com>
**Cc:** Meryl Governski <mgovernski@dirllp.com>; Bender, Kristin <KBender@willkie.com>; Nathan, Aaron E. <ANathan@willkie.com>; Roeser, Stephanie <SRoeser@manatt.com>; Taustine, Melissa <MTaustine@willkie.com>; Climaco, Katelyn <KClimaco@manatt.com>; laura.prather@haynesboone.com; michael.lambert@haynesboone.com; Kristin Tahler <kristintahler@quinnemanuel.com>; Maaren Shah <maarenshah@quinnemanuel.com>; Nicholas Inns <nicholasinns@quinnemanuel.com>; Chip Babcock <cbabcock@jw.com>; Joel Glover <jglover@jw.com>; Bryan Freedman <bfreedman@lftcllp.com>; Theresa Troupson <ttroupson@lftcllp.com>; sma@msf-law.com; Ellyn Garofalo <egarofalo@lftcllp.com>; Amir Kaltgrad <akaltgrad@lftcllp.com>; mitra@ahouraianlaw.com; Summer Benson <sbenson@lftcllp.com>; Local KAF. Counsel <kaf@msf-law.com>; Hudson, Esra <EHudson@manatt.com>; Gottlieb, Michael <MGottlieb@willkie.com>; Bruno, Matthew <MBruno@manatt.com>; Alexandra Shapiro <ashapiro@shapiroarato.com>; Jonathan Bach <jbach@shapiroarato.com>; Alice Buttrick <abuttrick@shapiroarato.com>; Local KAF. Counsel <kaf@msf-law.com>; Connolly, Michaela <MConnolly@willkie.com>
**Subject:** RE: Justin Grey Stone Deposition [IMAN-MATTERS.FID37310]

Sarah,

See my responses below in yellow highlighting:

1. Exhibit 6, BL 22322-24, at p. 22324 at 1:03 a.m. attaches a document titled "IEWU BL Protections Page." As discussed, this attachment was not produced. Please produce the document and include the required metadata. We have discussed this issue on multiple conferrals with other attorneys from your firm. Plaintiff produced full families for all documents, so to the extent there is a missing child, it is because the underlying document was not saved to Plaintiff's iCloud account and was therefore not available for collection.

   I understand this issue was discussed generally – I am raising it again but this time only for two specific documents. Ms. Lively contends that the "Protections" document is highly relevant to this litigation. Therefore, all versions of this document must be produced. Exhibit 6 to Mr. Stone's deposition is one such document.

   Your statement that the document is "missing" because "the underlying document was not saved to Plaintiff's ICloud Account" should not end the inquiry. By default, Apple's Pages word processing program automatically saves documents as you work on them. Therefore, the document was either saved locally or on ICloud at some point in time. Your statement that the document was not "stored on ICloud," is not specific enough. Was it ever saved to Plaintiff's ICloud account? If it was saved to Plaintiff's ICloud account, then advise when it as deleted. In addition, advise if the document was ever saved locally on one of Plaintiff's devices (e.g., phone, ipad, computer, laptop)? Did you look on the devices for these documents? If it was not available, when did Plaintiff delete it?

   Plaintiff has claimed "work product" protection as early as May 19, 2023 as on her privilege log, reflecting that as of that date she anticipated litigation. Therefore, please explain why all documents were not retained and preserved that were dated or created on May 19, 2023 or thereafter.

2. Several of the Stone Deposition Exhibits you marked are alleged offers or contractual documents but are heavily redacted as "non-responsive." If you intend to rely upon these documents as evidence in support of Ms. Lively's damages, they must be produced in their entirety. It is improper for Ms. Lively to selectively determine what is relevant within the contracts. There may, for example, be relevant limitations on compensation or performance. The documents have already been marked "attorneys' eyes only." Please

re-produce in an unredacted form: Exhibits 17, 18, 19, 23, and 24. Many of these contracts contain confidentiality provisions that require approval from the contracting parties to disclose their contents. We will confer with the contracting parties to determine their willingness to produce the agreements without redactions.

Please let us know when we can expect a response or if Court intervention is required.

3. The 30-point list that appears to be cut-and-pasted into paragraph 20 of Ms. Lively's complaint was not produced. Please do so and include the required metadata. This document was produced at BL-000038461 and BL-000038462.

We have several issues with your response.

First, the metadata for the two pages you list above reflects a creation date of July 23, 2025. The 30-point list in the SAC first appears in the CRD Complaint on December 20, 2024. And, the complaint alleges that this list existed as of January 4, 2024. Obviously, the July 23, 2025, created document cannot be what Ms. Lively alleged read on January 4, 2025, as it was not created until July 23, 2025.

Second, the two documents produced as BL 38461-462 appear to be screenshots of yet another document(s) that was not produced – note the envelope legend on the bottom of page 38461. Where is the original document with the metadata as required by the ESI protocol? Was it destroyed or deleted? If so, when did that occur?

Third, the title of this document is cut off, it reads "BL [Blake Lively updated LS list of prote … PAGES – 388 KB." It also has a time stamp in the upper left hand corner, but it does not have a date. Where is the missing information regarding this document?

Finally, if this document was destroyed, please advise when it was destroyed and explain why it was not preserved given Ms. Lively's claim that she anticipated litigation as early as May 19, 2023?

4. BL 22331-37 is a text exchange between Mr. Zavala and Ms. Lively – the entry on 11/15/2023 at 7:04 p.m. purports to attach a document titled "IEWU BL Protections.pages" (slightly different from the title of the document referenced in Exhibit 6). The same explanation provided in response to #1 above applies here.

The same issues exist with respect to this document that exist with respect to #1 above.

5. To the extent that there are multiple versions and/or redlines of the alleged "protections" or "requirements" document – which were apparently stored on Ms. Lively's computer or other electronic device(s), they must be produced. We note that no such documents appear on Ms. Lively's privilege log. Plaintiff has produced all non-privileged versions of the protections for return to production. Certain versions have been withheld on privilege grounds and are reflected in Plaintiff's privilege log (captured by certain entries with descriptions regarding "on-set conduct").

Your comment raises issues regarding the adequacy of Plaintiff's privilege log. The description of many of the items listed on the log read "Email providing [or reflecting' legal advice of Sloane Offer Weber and Dern LLP concerning on-set conduct." You now claim some of those include versions of the "protections" or "requirements" document. We note that BL 38461-62 is Blake Lively's updated Lindsey Strasberg's list of protections. Is Ms. Strasberg's list, which Blake Lively revised, on the privilege log? Which entry is it?

This reveals that your privilege log is insufficient as it does not allow us to evaluate your claim of privilege. For example, the documents with the titles reflected in numbers 1 and 4 above are not privileged and if a document bearing that title was withheld on the grounds of privilege, we are entitled to challenge it.

Accordingly, Ms. Lively must: (1) identify each of the entries on the log that contain, summarize, or attach any version of the "protections" or "requirements" document and identify it as such; (2) provide the author of each such document or revision; (3) if an attachment, provide the name of the document – e.g., IEWU BL Protections.pages so that we may properly evaluate your claims of privilege and (4) provide descriptions other than simply "concerning on-set conduct" or "post-production conduct."

These issues have caused us to examine your privilege log more closely. Who is "Season Kent," Kami Aspar, Phil Singer? In addition, you have claimed a common interest privilege with Colleen Hoover. Ms. Hoover recently testified that she never contemplated filing an action against the Wayfarer Parties – accordingly, this document must be produced (BF-PRIV-0141g).

We look forward to your prompt response

Kim S. Zeldin
LINER FREEDMAN TAITELMAN + COOLEY LLP
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Office Telephone: (310) 201-0005
Direct Dial: (310) 201-4925
Cell Phone: (415) 722-2639
Facsimile: (310) 201-0045
Website: www.lftcllp.com

**From:** Moses, Sarah <SMoses@manatt.com>
**Sent:** Wednesday, October 8, 2025 3:20 PM
**To:** Kim Zeldin <kzeldin@lftcllp.com>
**Cc:** Meryl Governski <mgovernski@dirllp.com>; Kristin Bender <KBender@willkie.com>; Nathan Aaron E. <ANathan@willkie.com>; Roeser, Stephanie <SRoeser@manatt.com>; Melissa Taustine <MTaustine@willkie.com>; Climaco, Katelyn <KClimaco@manatt.com>; laura.prather@haynesboone.com; michael.lambert@haynesboone.com; Kristin Tahler <kristintahler@quinnemanuel.com>; Maaren Shah <maarenshah@quinnemanuel.com>; Nicholas Inns <nicholasinns@quinnemanuel.com>; Chip Babcock <cbabcock@jw.com>; Joel Glover <jglover@jw.com>; Bryan Freedman <bfreedman@lftcllp.com>; Theresa Troupson <ttroupson@lftcllp.com>; sma@msf-law.com; Ellyn Garofalo <egarofalo@lftcllp.com>; Amir Kaltgrad <akaltgrad@lftcllp.com>; mitra@ahouraianlaw.com; Summer Benson <sbenson@lftcllp.com>; Local KAF. Counsel <kaf@msf-law.com>; Hudson, Esra <EHudson@manatt.com>; Michael Gottlieb <mgottlieb@willkie.com>; Bruno, Matthew <MBruno@manatt.com>; Alexandra Shapiro <ashapiro@shapiroarato.com>; Jonathan Bach <jbach@shapiroarato.com>; Alice Buttrick <abuttrick@shapiroarato.com>; Local KAF. Counsel <kaf@msf-law.com>; Connolly, Michaela <mconnolly@willkie.com>
**Subject:** RE: Justin Grey Stone Deposition [IMAN-MATTERS.FID37310]

Kim,

Responses are below in red.

Sarah Moses

Partner

**Manatt, Phelps & Phillips,** LLP
2049 Century Park East
Suite 1700
Los Angeles, CA 90067
D (310) 312-4128 F (310) 312-4224
SMoses@manatt.com

manatt.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Kim Zeldin <kzeldin@lftcllp.com>
**Sent:** Tuesday, October 7, 2025 8:19 PM
**To:** Moses, Sarah <SMoses@manatt.com>
**Cc:** Meryl Governski <mgovernski@dirllp.com>; Kristin Bender <KBender@willkie.com>; Nathan Aaron E. <ANathan@willkie.com>; Roeser, Stephanie <SRoeser@manatt.com>; Melissa Taustine <MTaustine@willkie.com>; Climaco, Katelyn <KClimaco@manatt.com>; laura.prather@haynesboone.com; michael.lambert@haynesboone.com; Kristin Tahler <kristintahler@quinnemanuel.com>; Maaren Shah <maarenshah@quinnemanuel.com>; Nicholas Inns <nicholasinns@quinnemanuel.com>; Chip Babcock <cbabcock@jw.com>; Joel Glover <jglover@jw.com>; Bryan Freedman <bfreedman@lftcllp.com>; Theresa Troupson <ttroupson@lftcllp.com>; sma@msf-law.com; Ellyn Garofalo <egarofalo@lftcllp.com>; Amir Kaltgrad <akaltgrad@lftcllp.com>; mitra@ahouraianlaw.com; Summer Benson <sbenson@lftcllp.com>; Local KAF. Counsel <kaf@msf-law.com>; Hudson, Esra <EHudson@manatt.com>; Michael Gottlieb <mgottlieb@willkie.com>; Bruno, Matthew <MBruno@manatt.com>; Alexandra Shapiro <ashapiro@shapiroarato.com>; Jonathan Bach <jbach@shapiroarato.com>; Alice Buttrick <abuttrick@shapiroarato.com>; Local KAF. Counsel <kaf@msf-law.com>
**Subject:** RE: Justin Grey Stone Deposition [IMAN-MATTERS.FID37310]

[EXTERNAL] Please do not reply, click links, or open attachments unless you recognize the source of this message and know the content is safe.

Sarah,

This email follows our discussion of certain deficiencies in Ms. Lively's document production, which came to light at Mr. Stone's deposition. Please let me know at your earliest convenience when we can meet and confer on the 6 items listed below.

1. Exhibit 6, BL 22322-24, at p. 22324 at 1:03 a.m. attaches a document titled "IEWU BL Protections Page." As discussed, this attachment was not produced. Please produce the document and include the required metadata. We have discussed this issue on multiple conferrals with other attorneys from your firm. Plaintiff produced full families for all documents, so to the extent there is a missing child, it is because the underlying document was not saved to Plaintiff's iCloud account and was therefore not available for collection.

2. Exhibit 5, is Exhibit A to Plaintiff's Second Amended Complaint. As discussed, Ms. Lively did not produce the document. We are aware that the document is included within Wayfarer's production as you pointed out – but Ms. Lively did not produce it. Please do so and include the required metadata. This document was produced at BL-000038463.

3. Several of the Stone Deposition Exhibits you marked are alleged offers or contractual documents but are heavily redacted as "non-responsive." If you intend to rely upon these documents as evidence in support

of Ms. Lively's damages, they must be produced in their entirety. It is improper for Ms. Lively to selectively determine what is relevant within the contracts. There may, for example, be relevant limitations on compensation or performance. The documents have already been marked "attorneys' eyes only." Please re-produce in an unredacted form: Exhibits 17, 18, 19, 23, and 24. <span style="color:red">Many of these contracts contain confidentiality provisions that require approval from the contracting parties to disclose their contents. We will confer with the contracting parties to determine their willingness to produce the agreements without redactions.</span>

4. The 30-point list that appears to be cut-and-pasted into paragraph 20 of Ms. Lively's complaint was not produced. Please do so and include the required metadata. <span style="color:red">This document was produced at BL-000038461 and BL-000038462.</span>

5. BL 22331-37 is a text exchange between Mr. Zavala and Ms. Lively – the entry on 11/15/2023 at 7:04 p.m. purports to attach a document titled "IEWU BL Protections.pages" (slightly different from the title of the document referenced in Exhibit 6). <span style="color:red">The same explanation provided in response to #1 above applies here.</span>

6. To the extent that there are multiple versions and/or redlines of the alleged "protections" or "requirements" document – which were apparently stored on Ms. Lively's computer or other electronic device(s), they must be produced. We note that no such documents appear on Ms. Lively's privilege log. <span style="color:red">Plaintiff has produced all non-privileged versions of the protections for return to production. Certain versions have been withheld on privilege grounds and are reflected in Plaintiff's privilege log (captured by certain entries with descriptions regarding "on-set conduct").</span>

I look forward to your prompt attention to this email.


Kim S. Zeldin
LINER FREEDMAN TAITELMAN + COOLEY LLP
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Office Telephone: (310) 201-0005
Direct Dial: (310) 201-4925
Cell Phone: (415) 722-2639
Facsimile: (310) 201-0045
Website: www.lftcllp.com


**From:** Moses, Sarah <SMoses@manatt.com>
**Sent:** Saturday, October 4, 2025 8:40 AM
**To:** Kim Zeldin <kzeldin@lftcllp.com>; Julie Fink <jfink@heckerfink.com>
**Cc:** Ian Robertson <irobertson@heckerfink.com>; Meryl Governski <mgovernski@dirllp.com>; Kristin Bender <KBender@willkie.com>; Nathan Aaron E. <ANathan@willkie.com>; Roeser, Stephanie <SRoeser@manatt.com>; Melissa Taustine <MTaustine@willkie.com>; Climaco, Katelyn <KClimaco@manatt.com>; laura.prather@haynesboone.com; michael.lambert@haynesboone.com; Kristin Tahler <kristintahler@quinnemanuel.com>; Maaren Shah <maarenshah@quinnemanuel.com>; Nicholas Inns <nicholasinns@quinnemanuel.com>; Chip Babcock <cbabcock@jw.com>; Joel Glover <jglover@jw.com>; Bryan Freedman <bfreedman@lftcllp.com>; Theresa Troupson <ttroupson@lftcllp.com>; sma@msf-law.com; Ellyn Garofalo <egarofalo@lftcllp.com>; Amir Kaltgrad <akaltgrad@lftcllp.com>; mitra@ahouraianlaw.com; Summer Benson <sbenson@lftcllp.com>; Local KAF. Counsel <kaf@msf-law.com>; Hudson, Esra <EHudson@manatt.com>; Michael Gottlieb <mgottlieb@willkie.com>; Bruno, Matthew <MBruno@manatt.com>
**Subject:** RE: Justin Grey Stone Deposition

Kim,

Ms. Lively intends to question Mr. Grey Stone within the scope of his direct examination and reserves time to do so. I'd be happy to discuss further on Monday.

**Sarah Moses**
Partner

**Manatt, Phelps & Phillips, LLP**
2049 Century Park East
Suite 1700
Los Angeles, CA 90067
**D** (310) 312-4128 **F** (310) 312-4224
SMoses@manatt.com

manatt.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Kim Zeldin <kzeldin@lftcllp.com>
**Sent:** Friday, October 3, 2025 4:22 PM
**To:** Moses, Sarah <SMoses@manatt.com>; Julie Fink <jfink@heckerfink.com>
**Cc:** Ian Robertson <irobertson@heckerfink.com>; Meryl Governski <mgovernski@dirllp.com>; Kristin Bender <KBender@willkie.com>; Nathan Aaron E. <ANathan@willkie.com>; Roeser, Stephanie <SRoeser@manatt.com>; Melissa Taustine <MTaustine@willkie.com>; Climaco, Katelyn <KClimaco@manatt.com>; laura.prather@haynesboone.com; michael.lambert@haynesboone.com; Kristin Tahler <kristintahler@quinnemanuel.com>; Maaren Shah <maarenshah@quinnemanuel.com>; Nicholas Inns <nicholasinns@quinnemanuel.com>; Chip Babcock <cbabcock@jw.com>; Joel Glover <jglover@jw.com>; Bryan Freedman <bfreedman@lftcllp.com>; Theresa Troupson <ttroupson@lftcllp.com>; sma@msf-law.com; Ellyn Garofalo <egarofalo@lftcllp.com>; Amir Kaltgrad <akaltgrad@lftcllp.com>; mitra@ahouraianlaw.com; Summer Benson <sbenson@lftcllp.com>; Local KAF. Counsel <kaf@msf-law.com>; Hudson, Esra <EHudson@manatt.com>; Michael Gottlieb <mgottlieb@willkie.com>; Bruno, Matthew <MBruno@manatt.com>
**Subject:** RE: Justin Grey Stone Deposition

[EXTERNAL] Please do not reply, click links, or open attachments unless you recognize the source of this message and know the content is safe.

Sarah,

1. Plaintiff did not serve a deposition notice for Mr. Grey Stone, as reflected in the joint stipulation attached.
2. Plaintiff has already noticed 22 depositions (this would be 23 if you had served a notice) and are only entitled to take 20 depositions.
3. The time to notice any more depositions has passed.
4. This is the first time we are hearing that you want any time at all for this deposition. We can discuss a reasonable amount of time for any cross-examination by Plaintiff over the weekend or on Monday before the deposition starts.

Kim S. Zeldin
LINER FREEDMAN TAITELMAN + COOLEY LLP
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Office Telephone: (310) 201-0005
Direct Dial: (310) 201-4925
Cell Phone: (415) 722-2639
Facsimile: (310) 201-0045
Website: www.lftcllp.com

**From:** Moses, Sarah <SMoses@manatt.com>
**Sent:** Friday, October 3, 2025 4:10 PM
**To:** Kim Zeldin <kzeldin@lftcllp.com>; Julie Fink <jfink@heckerfink.com>
**Cc:** Ian Robertson <irobertson@heckerfink.com>; Meryl Governski <mgovernski@dirllp.com>; Kristin Bender <KBender@willkie.com>; Nathan Aaron E. <ANathan@willkie.com>; Roeser, Stephanie <SRoeser@manatt.com>; Melissa Taustine <MTaustine@willkie.com>; Climaco, Katelyn <KClimaco@manatt.com>; laura.prather@haynesboone.com; michael.lambert@haynesboone.com; Kristin Tahler <kristintahler@quinnemanuel.com>; Maaren Shah <maarenshah@quinnemanuel.com>; Nicholas Inns <nicholasinns@quinnemanuel.com>; Chip Babcock <cbabcock@jw.com>; Joel Glover <jglover@jw.com>; Bryan Freedman <bfreedman@lftcllp.com>; Theresa Troupson <ttroupson@lftcllp.com>; sma@msf-law.com; Ellyn Garofalo <egarofalo@lftcllp.com>; Amir Kaltgrad <akaltgrad@lftcllp.com>; mitra@ahouraianlaw.com; Summer Benson <sbenson@lftcllp.com>; Local KAF. Counsel <kaf@msf-law.com>; Hudson, Esra <EHudson@manatt.com>; Michael Gottlieb <mgottlieb@willkie.com>; Bruno, Matthew <MBruno@manatt.com>
**Subject:** RE: Justin Grey Stone Deposition

I will be there in person. Please confirm that the time will be split equally (3.5 hours each) and Defendants will question the witness first.

**Sarah Moses**
Partner

**Manatt, Phelps & Phillips,** LLP
2049 Century Park East
Suite 1700
Los Angeles, CA 90067
**D** (310) 312-4128 **F** (310) 312-4224
SMoses@manatt.com

manatt.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Kim Zeldin <kzeldin@lftcllp.com>
**Sent:** Friday, October 3, 2025 4:08 PM
**To:** Julie Fink <jfink@heckerfink.com>
**Cc:** Moses, Sarah <SMoses@manatt.com>; Ian Robertson <irobertson@heckerfink.com>; Meryl Governski <mgovernski@dirllp.com>; Kristin Bender <KBender@willkie.com>; Nathan Aaron E. <ANathan@willkie.com>; Roeser, Stephanie <SRoeser@manatt.com>; Melissa Taustine <MTaustine@willkie.com>; Climaco, Katelyn

<KClimaco@manatt.com>; laura.prather@haynesboone.com; michael.lambert@haynesboone.com; Kristin Tahler <kristintahler@quinnemanuel.com>; Maaren Shah <maarenshah@quinnemanuel.com>; Nicholas Inns <nicholasinns@quinnemanuel.com>; Chip Babcock <cbabcock@jw.com>; Joel Glover <jglover@jw.com>; Bryan Freedman <bfreedman@lftcllp.com>; Theresa Troupson <ttroupson@lftcllp.com>; sma@msf-law.com; Ellyn Garofalo <egarofalo@lftcllp.com>; Amir Kaltgrad <akaltgrad@lftcllp.com>; mitra@ahouraianlaw.com; Summer Benson <sbenson@lftcllp.com>; Local KAF. Counsel <kaf@msf-law.com>; Hudson, Esra <EHudson@manatt.com>; Michael Gottlieb <mgottlieb@willkie.com>; Bruno, Matthew <MBruno@manatt.com>
**Subject:** Justin Grey Stone Deposition

[EXTERNAL] Please do not reply, click links, or open attachments unless you recognize the source of this message and know the content is safe.

Julie,

Per your request, we will agree to start the deposition at 9 a.m. rather than at 10 a.m. as originally noticed. We will send an amended notice shortly.

All counsel, please let us know which counsel will be appearing in person and which counsel or parties would like to participate by zoom (we will need names and email addresses for the latter).

Thank you,

Kim S. Zeldin
LINER FREEDMAN TAITELMAN + COOLEY LLP
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Office Telephone: (310) 201-0005
Direct Dial: (310) 201-4925
Cell Phone: (415) 722-2639
Facsimile: (310) 201-0045
Website: www.lftcllp.com

**From:** Julie Fink <jfink@heckerfink.com>
**Date:** October 2, 2025 at 10:26:42 AM PDT
**To:** Theresa Troupson <ttroupson@lftcllp.com>, "Moses, Sarah" <SMoses@manatt.com>
**Cc:** Ian Robertson <irobertson@heckerfink.com>

**Subject: Justin Grey Stone Deposition**

Counsel,

Mr. Stone has an obligation at 6pm on Monday. Can we please start at 9am, instead of 10am?

**Julie Fink | Hecker Fink LLP**
Managing Partner
350 Fifth Avenue | 63rd Floor
New York, NY 10118
(W) 212.763.0885 | (M) 646.856.6431
jfink@heckerfink.com

*This email and its attachments may contain information that is confidential and/or protected from disclosure by the attorney-client, work product or other applicable legal privilege. If you are not the intended recipient of the email, please be aware that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please notify the sender immediately and destroy all copies of the message from your computer system. Thank you.*

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.