EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

BLAKE LIVELY,                                         :
                                                     :   Civ. Action No. 1:24-cv-10049-LJL
            Plaintiff,                               :
                                                     :   **DEFENDANT JENNIFER ABEL'S**
v.                                                   :   **ANSWER TO PLAINTIFF'S SECOND**
                                                     :   **AMENDED COMPLAINT, AMENDED**
WAYFARER STUDIOS LLC, JUSTIN BALDONI,                :   **THIRD-PARTY COMPLAINT, AND**
JAMEY HEATH, STEVE SAROWITZ, IT ENDS                 :   **JURY TRIAL DEMAND**
WITH US MOVIE LLC, MELISSA NATHAN, THE               :
AGENCY GROUP PR LLC, JENNIFER ABEL, JED              :
WALLACE, and STREET RELATIONS INC.,                  :
                                                     :
            Defendants.                              :
                                                     x
------------------------------------------------------------------ :

JENNIFER ABEL,                                       :
                                                     :
            Third-Party Plaintiff,                   :
                                                     :
v.                                                   :
                                                     :
JONESWORKS LLC,                                      :
                                                     :
            Third-Party Defendant.                   :
                                                     :
------------------------------------------------------------------ x

Defendant and Third-Party Plaintiff Jennifer Abel ("Defendant" or "Abel") hereby

answers, for herself alone and no others, the Second Amended Complaint ("Complaint") (Dkt.

520) filed by Plaintiff Blake Lively ("Plaintiff") as follows:

## THE COMPLAINT'S ALLEGATIONS

1.      Answering the allegations in paragraph 1 of the Complaint, Defendant denies such

allegations.

2.      Answering the allegations in paragraph 2 of the Complaint, Defendant admits that

Justin Baldoni ("Baldoni") is the co-chairman and co-founder of Wayfarer, and served as director

1

and actor in the lead role of Ryle Kincaid in the Film; and that Plaintiff Blake Lively ("Lively") played the lead role of Lily Bloom in the Film. As to all remaining allegations, Defendant denies such allegations.

3.      Answering the allegations in paragraph 3 of the Complaint, Defendant admits that Baldoni has written books, hosted podcasts, and delivered TED Talks relating to male advocacy for feminism. As to all remaining allegations, Defendant denies such allegations.

4.      Answering the allegations in paragraph 4 of the Complaint, Defendant admits that the quoted news articles contain the text quoted therein. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the articles and their context are characterized accurately in the Complaint.

5.      Answering the allegations in paragraph 5 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations that Lively and others have received threats. As to all remaining allegations, Defendant denies such allegations.

6.      Answering the allegations in paragraph 6 of the Complaint, Defendant denies that she has engaged in any "retaliation campaign." As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

7.      Answering the allegations in paragraph 7 of the Complaint, Defendant denies such allegations.

8.      Answering the allegations in paragraph 8 of the Complaint, Defendant denies such allegations.

9.      Answering the allegations in paragraph 9 of the Complaint, Defendant denies such allegations.

10.     Answering the allegations in paragraph 10 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

11.     Answering the allegations in paragraph 11 of the Complaint, Defendant denies the allegation that Baldoni or Heath engaged in inappropriate behavior. As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

12.     Answering the allegations in paragraph 12 of the Complaint, Defendant denies that Ange Gianetti ("Gianetti") shared alleged concerns from a cast member to Defendant. As to all remaining allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

13.     Answering the allegations in paragraph 13 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

14.     Answering the allegations in paragraph 14 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

15.     Answering the allegations in paragraph 15 of the Complaint, Defendant admits production of the Film shut down for a time as a result of guild strikes, but denies that it shut down as of June 14, 2023. As to all remaining allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

16.     Answering the allegations in paragraph 16 of the Complaint, Defendant admits that Wayfarer agreed to the 17 demands from Lively, including the "all-hands meeting" and the hiring of Todd Black. As to all remaining allegations in the paragraph, Defendant denies such allegations.

17.     Answering the allegations in paragraph 17 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

18.     Answering the allegations in paragraph 18 of the Complaint, Defendant admits the allegations that Wayfarer sent communications containing the text set forth in that paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the allegations relating to a communication purportedly sent by Gianetti to Lively. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

19.     Answering the allegations in paragraph 19 of the Complaint, Defendant admits that a meeting took place on January 4, 2024, and that attendees of the meeting included Baldoni, Jamey Heath, Gianetti, Alex Saks, Todd Black, Lively, and Ryan Reynolds. As to all remaining allegations, Defendant denies such allegations.

20.     Answering the allegations in paragraph 20 of the Complaint, Defendant denies such allegations.

21.     Answering the allegations in paragraph 21 of the Complaint, Defendant admits that production of the Film resumed on January 5, 2024 and concluded on February 9, 2024; that the Film was completed, marketed, and released safely and successfully; and that the Film was successful. As to all remaining allegations, Defendant denies such allegations.

22.     Answering the allegations in paragraph 22 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

23.     Answering the allegations in paragraph 23 of the Complaint, Defendant admits that Heath sent a communication containing the text set forth in that paragraph. Defendant denies all

of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint, except to the extent that the remaining allegations require no response because they merely state a legal conclusion.

24.    Answering the allegations in paragraph 24 of the Complaint, Defendant denies such allegations.

25.    Answering the allegations in paragraph 25 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

26.    Answering the allegations in paragraph 26 of the Complaint, Defendant admits that Steve Sarowitz is a co-founder and co-chairman of Defendant. As to all remaining allegations, Defendant denies such allegations.

27.    Answering the allegations in paragraph 27 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

28.    Answering the allegations in paragraph 28 of the Complaint, Defendant denies such allegations.

29.    Answering the allegations in paragraph 29 of the Complaint, Defendant admits that Wayfarer retained Melissa Nathan and The Agency Group PR LLC, and that Nathan made communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

30.    Answering the allegations in paragraph 30 of the Complaint, Defendant denies such allegations.

31.    Answering the allegations in paragraph 31 of the Complaint, Defendant admits that TAG sent communications containing the text set forth in that paragraph. Defendant denies all

remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

32.     Answering the allegations in paragraph 32 of the Complaint, Defendant admits that Baldoni and Heath sent communications containing the text set forth in that paragraph. Defendant denies all remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

33.     Answering the allegations in paragraph 33 of the Complaint, Defendant admits that Nathan and Abel sent communications containing the text set forth in that paragraph. Defendant denies all remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

34.     Answering the allegations in paragraph 34 of the Complaint, Defendant admits that Nathan sent communications containing the text set forth in that paragraph. Defendant denies all remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

35.     Answering the allegations in paragraph 35 of the Complaint, Defendant admits that Baldoni sent communications containing the text set forth in that paragraph. Defendant denies all remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

36.     Answering the allegations in paragraph 36 of the Complaint, Defendant admits that Abel sent communications containing the text set forth in that paragraph. Defendant denies all remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

37.     Answering the allegations in paragraph 37 of the Complaint, Defendant denies such allegations.

38.     Answering the allegations in paragraph 38 of the Complaint, Defendant denies such allegations.

39.     Answering the allegations in paragraph 39 of the Complaint, Defendant admits that Nathan sent communications containing the text set forth in that paragraph. Defendant denies all remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

40.     Answering the allegations in paragraph 40 of the Complaint, Defendant admits that Nathan sent communications containing the text set forth in that paragraph. Defendant denies all remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

41.     Answering the allegations in paragraph 41 of the Complaint, Defendant admits that Abel and Nathan sent communications containing the text set forth in that paragraph. Defendant denies all remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

42.     Answering the allegations in paragraph 42 of the Complaint, Defendant admits that Lively demanded that Defendant issue a statement on or about August 12, 2024 and that Nathan sent communications containing the text set forth in that paragraph. Defendant denies all remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

43.     Answering the allegations in paragraph 43 of the Complaint, Defendant admits that Nathan sent communications containing the text set forth in that paragraph. Defendant denies all

remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

44.     Answering the allegations in paragraph 44 of the Complaint, Defendant denies such allegations.

45.     Answering the allegations in paragraph 45 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that a female cast member texted Lively on or about August 14, 2024 and that online hate and vitriol found its way onto various social media accounts. As to all remaining allegations, Defendant denies such allegations.

46.     Answering the allegations in paragraph 46 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

47.     Answering the allegations in paragraph 47 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

48.     Answering the allegations in paragraph 48 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

49.     Answering the allegations in paragraph 49 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

50.     Answering the allegations in paragraph 50 of the Complaint, Defendant admits the allegation that Lively sent Defendant a communication enclosing her administrative complaint to the California Civil Rights Department on or about December 20, 2024. As to all remaining allegations, Defendant denies such allegations.

51.     Answering the allegations in paragraph 51 of the Complaint, Defendant denies such allegations.

52.     Answering the allegations in paragraph 52 of the Complaint, Defendant denies such allegations.

53.     Answering the allegations in paragraph 53 of the Complaint, Defendant admits that Abel sent communications containing the text set forth in that paragraph. Defendant denies all remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

54.     Answering the allegations in paragraph 54 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

55.     Answering the allegations in paragraph 55 of the Complaint, Defendant denies such allegations.

56.     Answering the allegations in paragraph 56 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

57.     Answering the allegations in paragraph 57 of the Complaint, Defendant admits that Wayfarer is a studio co-founded by Baldoni and Sarowitz; that Wayfarer is a Delaware limited liability company with its principal place of business in California; that no members of Wayfarer Studios are citizens of New York; that all of Wayfarer's members are citizens of California and/or Illinois; and that Wayfarer co-financed the Film. As to all remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

58.     Answering the allegations in paragraph 58 of the Complaint, Defendant admits such allegations.

59.    Answering the allegations in paragraph 59 of the Complaint, Defendant admits such allegations.

60.    Answering the allegations in paragraph 60 of the Complaint, Defendant admits such allegations.

61.    Answering the allegations in paragraph 61 of the Complaint, Defendant admits such allegations.

62.    Answering the allegations in paragraph 62 of the Complaint, Defendant admits such allegations except denies Nathan lived in New York during the relevant period.

63.    Answering the allegations in paragraph 63 of the Complaint, Defendant admits such allegations.

64.    Answering the allegations in paragraph 64 of the Complaint, Defendant admits such allegations.

65.    Answering the allegations in paragraph 65 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

66.    Answering the allegations in paragraph 66 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

67.    Answering the allegations in paragraph 67 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

68.    Answering the allegations in paragraph 68 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

69.     Answering the allegations in paragraph 69 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

70.     Answering the allegations in paragraph 70 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

71.     Answering the allegations in paragraph 71 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

72.     Answering the allegations in paragraph 72 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

73.     Answering the allegations in paragraph 73 of the Complaint, Defendant admits that Wayfarer contracted with Jonesworks for certain communications and public relations services; and that Defendant has alleged that she had a contract with the New York Times. As to all remaining allegations, Defendant denies such allegations.

74.     Answering the allegations in paragraph 74 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

75.     Answering the allegations in paragraph 75 of the Complaint, Defendant admits that Baldoni launched Wayfarer, along with Sarowitz, in 2020; that Heath serves as Wayfarer's chief executive officer; that Sarowitz has contributed to the finances of Wayfarer; and that Baldoni and Heath co-hosted the *Man Enough* podcast. As to all remaining allegations, the allegations require

no response because they merely state a legal conclusion. To the extent that any of the remaining allegations in the paragraph require a response, Defendant denies such allegations.

76.     Answering the allegations in paragraph 76 of the Complaint, Defendant admits that Baldoni serves as co-founder and co-chairman of Wayfarer; that he served as director and co-lead actor playing the role of Ryle Kincaid in the Film; and that Sony served as distributor for the Film. As to all remaining allegations, Defendant denies such allegations.

77.     Answering the allegations in paragraph 77 of the Complaint, Defendant admits production of the Film began in early May 2023, and lasted until it was suspended as a result of the WGA strike. As to all remaining allegations, Defendant denies such allegations.

78.     Answering the allegations in paragraph 78 of the Complaint, Defendant denies such allegations.

79.     Answering the allegations in paragraph 79 of the Complaint, Defendant denies such allegations.

80.     Answering the allegations in paragraph 80 of the Complaint, Defendant denies such allegations.

81.     Answering the allegations in paragraph 81 of the Complaint, Defendant admits that Baldoni and Lively filmed a slow dance scene for a montage scene. As to all remaining allegations, Defendant denies such allegations.

82.     Answering the allegations in paragraph 82 of the Complaint, Defendant admits that Lively called Baldoni a sociopath. As to all remaining allegations, Defendant denies such allegations.

83.     Answering the allegations in paragraph 83 of the Complaint, Defendant admits that an article in the *Hollywood Reporter* contained the text quoted therein. As to all remaining

allegations, Defendant denies such allegations, and specifically denies that the quoted language accurately reflects the scene.

84.     Answering the allegations in paragraph 84 of the Complaint, Defendant denies such allegations.

85.     Answering the allegations in paragraph 85 of the Complaint, Defendant denies such allegations.

86.     Answering the allegations in paragraph 86 of the Complaint, Defendant denies such allegations.

87.     Answering the allegations in paragraph 87 of the Complaint, Defendant denies such allegations.

88.     Answering the allegations in paragraph 88 of the Complaint, Defendant denies such allegations.

89.     Answering the allegations in paragraph 89 of the Complaint, Defendant denies such allegations.

90.     Answering the allegations in paragraph 90 of the Complaint, Defendant denies such allegations.

91.     Answering the allegations in paragraph 91 of the Complaint, Defendant denies such allegations.

92.     Answering the allegations in paragraph 92 of the Complaint, Defendant denies such allegations.

93.     Answering the allegations in paragraph 93 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

94.     Answering the allegations in paragraph 94 of the Complaint, Defendant admits the allegation that a podcast interview contained the text set forth in that paragraph. Defendant denies all remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

95.     Answering the allegations in paragraph 95 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations with respect to Lively's state of mind. As to all remaining allegations, Defendant denies such allegations.

96.     Answering the allegations in paragraph 96 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations with respect to Lively's state of mind. As to all remaining allegations, Defendant denies such allegations.

97.     Answering the allegations in paragraph 97 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations with respect to Lively's state of mind. As to all remaining allegations, Defendant denies such allegations.

98.     Answering the allegations in paragraph 98 of the Complaint, Defendant denies such allegations.

99.     Answering the allegations in paragraph 99 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations with respect to Lively's state of mind. As to all remaining allegations, Defendant denies such allegations.

100.     Answering the allegations in paragraph 100 of the Complaint, Defendant denies that Baldoni personally described Lively as "sexy" out of character. As to all remaining allegations, the allegations require no response because they merely state a legal conclusion. To the extent that any of the remaining allegations in the paragraph require a response, Defendant denies such allegations.

101.    Answering the allegations in paragraph 101 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations with respect to Lively's state of mind and her communications with third parties. As to all remaining allegations, Defendant denies such allegations.

102.    Answering the allegations in paragraph 102 of the Complaint, Defendant denies such allegations.

103.    Answering the allegations in paragraph 103 of the Complaint, Defendant denies such allegations.

104.    Answering the allegations in paragraph 104 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations with respect to Lively and her employees' states of mind. As to all remaining allegations, Defendant denies such allegations.

105.    Answering the allegations in paragraph 105 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations with respect to Lively's state of mind or physical health. As to all remaining allegations, Defendant denies such allegations.

106.    Answering the allegations in paragraph 106 of the Complaint, Defendant denies such allegations.

107.    Answering the allegations in paragraph 107 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

108.    Answering the allegations in paragraph 108 of the Complaint, Defendant admits that Baldoni offered to connect Lively with an expert to help with probiotics in response to a strep throat infection. As to all remaining allegations, Defendant denies such allegations.

109.    Answering the allegations in paragraph 109 of the Complaint, Defendant denies such allegations.

110.    Answering the allegations in paragraph 110 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

111.    Answering the allegations in paragraph 111 of the Complaint, Defendant denies such allegations.

112.    Answering the allegations in paragraph 112 of the Complaint, Defendant denies such allegations.

113.    Answering the allegations in paragraph 113 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

114.    Answering the allegations in paragraph 114 of the Complaint, Defendant denies such allegations.

115.    Answering the allegations in paragraph 115 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

116.    Answering the allegations in paragraph 116 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

117.    Answering the allegations in paragraph 117 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

118.    Answering the allegations in paragraph 118 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

119.    Answering the allegations in paragraph 119 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

120.    Answering the allegations in paragraph 120 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

121.    Answering the allegations in paragraph 121 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

122.    Answering the allegations in paragraph 122 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

123.    Answering the allegations in paragraph 123 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

124.    Answering the allegations in paragraph 124 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

125.    Answering the allegations in paragraph 125 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

126.    Answering the allegations in paragraph 126 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

127.    Answering the allegations in paragraph 127 of the Complaint, Defendant denies such allegations.

128.    Answering the allegations in paragraph 128 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

129.    Answering the allegations in paragraph 129 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

130.    Answering the allegations in paragraph 130 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

131.    Answering the allegations in paragraph 131 of the Complaint, Defendant denies such allegations.

132.    Answering the allegations in paragraph 132 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

133.    Answering the allegations in paragraph 133 of the Complaint, Defendant denies such allegations.

134.    Answering the allegations in paragraph 134 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

135.    Answering the allegations in paragraph 135 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

136.    Answering the allegations in paragraph 136 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

137.    Answering the allegations in paragraph 137 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

138.    Answering the allegations in paragraph 138 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

139.    Answering the allegations in paragraph 139 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

140.    Answering the allegations in paragraph 140 of the Complaint, Defendant admits such allegations.

141.    Answering the allegations in paragraph 141 of the Complaint, Defendant admits that the Film temporarily halted production in June 2023 as a result of WGA picketing. As to all remaining allegations, Defendant denies such allegations.

142.    Answering the allegations in paragraph 142 of the Complaint, Defendant admits such allegations.

143.    Answering the allegations in paragraph 143 of the Complaint, Defendant admits such allegations.

144.    Answering the allegations in paragraph 144 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

145.    Answering the allegations in paragraph 145 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

146.    Answering the allegations in paragraph 146 of the Complaint, Defendant admits that counsel for Lively provided Wayfarer with the document described therein on or about November 9, 2023. As to all remaining allegations, Defendant denies such allegations.

147.    Answering the allegations in paragraph 147 of the Complaint, Defendant denies such allegations.

148.    Answering the allegations in paragraph 148 of the Complaint, Defendant admits the allegation that Wayfarer sent a communication containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communication and its context are characterized accurately in the Complaint.

149.    Answering the allegations in paragraph 149 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

150.    Answering the allegations in paragraph 150 of the Complaint, Defendant admits that the document referenced therein contained the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communication and its context are characterized accurately in the Complaint.

151.    Answering the allegations in paragraph 151 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

152.    Answering the allegations in paragraph 152 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

153.    Answering the allegations in paragraph 153 of the Complaint, Defendant admits that Baldoni, Heath, Saks, Black, Gianetti, Lively, and Reynolds attended a meeting on January 4, 2024. As to all remaining allegations, Defendant denies such allegations.

154.    Answering the allegations in paragraph 154 of the Complaint, Defendant denies such allegations.

155.    Answering the allegations in paragraph 155 of the Complaint, Defendant denies such allegations.

156.    Answering the allegations in paragraph 156 of the Complaint, Defendant denies such allegations.

157.    Answering the allegations in paragraph 157 of the Complaint, Defendant admits that production of the Film resumed on January 5, 2024 and concluded on February 9, 2024. As to

the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

158.    Answering the allegations in paragraph 158 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of Lively's state of mind. As to all remaining allegations, Defendant denies such allegations.

159.    Answering the allegations in paragraph 159 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

160.    Answering the allegations in paragraph 160 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

161.    Answering the allegations in paragraph 161 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

162.    Answering the allegations in paragraph 162 of the Complaint, Defendant denies such allegations.

163.    Answering the allegations in paragraph 163 of the Complaint, Defendant admits that Sony released the Film's trailer on May 16, 2024. As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

164.    Answering the allegations in paragraph 164 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

165.    Answering the allegations in paragraph 165 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

166.     Answering the allegations in paragraph 166 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

167.     Answering the allegations in paragraph 167 of the Complaint, Defendant admits that the Film grossed more than $350 million; that the linked video quotes Sarowitz as making the quoted remarks; and that Wayfarer promoted the Film's addition to Netflix. As to the remaining allegations, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations, and specifically denies that the article and its context are characterized accurately in the Complaint.

168.     Answering the allegations in paragraph 168 of the Complaint, Defendant denies such allegations.

169.     Answering the allegations in paragraph 169 of the Complaint, Defendant denies such allegations.

170.     Answering the allegations in paragraph 170 of the Complaint, Defendant denies such allegations.

171.     Answering the allegations in paragraph 171 of the Complaint, Defendant admits that the document attached as Exhibit C contains the quoted language set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the document and its context are characterized accurately in the Complaint.

172.     Answering the allegations in paragraph 172 of the Complaint, Defendant admits that Lively and cast members promoted the Film during appearances on red carpets, interviews,

press junkets, fan events, and pop-up experiences leading up to the Film's release. As to the remaining allegations, Defendant denies such allegations.

173.     Answering the allegations in paragraph 173 of the Complaint, Defendant admits that Baldoni appeared at a trailer launch event in May 2024. As to all remaining allegations, Defendant denies such allegations.

174.     Answering the allegations in paragraph 174 of the Complaint, Defendant admits that social media posts contained the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the posts and their context are characterized accurately in the Complaint.

175.     Answering the allegations in paragraph 175 of the Complaint, Defendant admits that Heath sent an email containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the email and its context are characterized accurately in the Complaint.

176.     Answering the allegations in paragraph 176 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the state of mind of cast members other than Baldoni. As to all remaining allegations, Defendant denies such allegations.

177.     Answering the allegations in paragraph 177 of the Complaint, Defendant denies such allegations.

178.     Answering the allegations in paragraph 178 of the Complaint, Defendant admits the allegation that Jennifer Abel and Baldoni sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

179.    Answering the allegations in paragraph 179 of the Complaint, Defendant admits the allegation that Jennifer Abel sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

180.    Answering the allegations in paragraph 180 of the Complaint, Defendant admits the allegation that Jennifer Abel sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

181.    Answering the allegations in paragraph 181 of the Complaint, Defendant admits the allegation that Baldoni received communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

182.    Answering the allegations in paragraph 182 of the Complaint, Defendant admits the allegation that Baldoni received communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

183.    Answering the allegations in paragraph 183 of the Complaint, Defendant denies such allegations.

184.    Answering the allegations in paragraph 184 of the Complaint, Defendant admits the allegation that Jennifer Abel sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

185.     Answering the allegations in paragraph 185 of the Complaint, Defendant admits the allegation that Baldoni sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

186.     Answering the allegations in paragraph 186 of the Complaint, Defendant admits the allegation that Baldoni sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

187.     Answering the allegations in paragraph 187 of the Complaint, Defendant admits the allegation that Abel sent Heath communications containing the text set forth in that paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Lively and others in the cast fulfilled a publicity obligation and that they did not discuss purported misconduct on set. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

188.     Answering the allegations in paragraph 188 of the Complaint, Defendant admits the allegation that Baldoni sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

189.     Answering the allegations in paragraph 189 of the Complaint, Defendant admits such allegations.

190.     Answering the allegations in paragraph 190 of the Complaint, Defendant admits the allegation that Abel sent communications containing the text set forth in that paragraph.

Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

191.     Answering the allegations in paragraph 191 of the Complaint, Defendant admits the allegation that Baldoni sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

192.     Answering the allegations in paragraph 192 of the Complaint, Defendant denies such allegations.

193.     Answering the allegations in paragraph 193 of the Complaint, Defendant denies such allegations.

194.     Answering the allegations in paragraph 194 of the Complaint, Defendant admits that Wayfarer retained Nathan. As to all remaining allegations, Defendant denies such allegations.

195.     Answering the allegations in paragraph 195 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

196.     Answering the allegations in paragraph 196 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

197.     Answering the allegations in paragraph 197 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

198.     Answering the allegations in paragraph 198 of the Complaint, Defendant admits such allegations.

199.     Answering the allegations in paragraph 199 of the Complaint, Defendant admits that TAG sent a document containing the text set forth in that paragraph. Defendant denies all of

the remaining allegations in the paragraph, and specifically denies that the document and its context are characterized accurately in the Complaint.

200.    Answering the allegations in paragraph 200 of the Complaint, Defendant admits the allegation that Abel sent communications containing the text set forth in that paragraph, but lacks knowledge or information sufficient to form a belief as to the truth of the allegation that this communication was sent "before any of the cast sat down for interviews at the film's press junkets." Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

201.    Answering the allegations in paragraph 201 of the Complaint, Defendant admits that Nathan communicated with media sources on behalf of Baldoni and Wayfarer. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

202.    Answering the allegations in paragraph 202 of the Complaint, Defendant admits that Baldoni had a phone call to discuss services that Nathan and TAG might provide to Wayfarer and Baldoni. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the phone call and its context are characterized accurately in the Complaint.

203.    Answering the allegations in paragraph 203 of the Complaint, Defendant admits that TAG circulated a document containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the document and its context are characterized accurately in the Complaint.

204.    Answering the allegations in paragraph 204 of the Complaint, Defendant admits that TAG circulated a document containing the text set forth in that paragraph. Defendant denies

all of the remaining allegations in the paragraph, and specifically denies that the document and its context are characterized accurately in the Complaint.

205.    Answering the allegations in paragraph 205 of the Complaint, Defendant admits that TAG circulated a document containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the document and its context are characterized accurately in the Complaint.

206.    Answering the allegations in paragraph 206 of the Complaint, Defendant admits that TAG circulated a document containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the document and its context are characterized accurately in the Complaint.

207.    Answering the allegations in paragraph 207 of the Complaint, Defendant admits the allegation that Baldoni sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

208.    Answering the allegations in paragraph 208 of the Complaint, Defendant admits the allegation that Heath sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

209.    Answering the allegations in paragraph 209 of the Complaint, Defendant admits the allegation that Abel and Nathan sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

28

210.    Answering the allegations in paragraph 210 of the Complaint, Defendant admits the allegation that Abel and Nathan sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

211.    Answering the allegations in paragraph 211 of the Complaint, Defendant admits the allegation that Baldoni sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

212.    Answering the allegations in paragraph 212 of the Complaint, Defendant admits the allegation that Abel sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

213.    Answering the allegations in paragraph 213 of the Complaint, Defendant admits the allegation that Nathan sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

214.    Answering the allegations in paragraph 214 of the Complaint, Defendant admits the allegation that Nathan sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

215.    Answering the allegations in paragraph 215 of the Complaint, Defendant admits the allegation that Abel and Nathan sent communications containing the text set forth in that

paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

216.    Answering the allegations in paragraph 216 of the Complaint, Defendant denies such allegations.

217.    Answering the allegations in paragraph 217 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

218.    Answering the allegations in paragraph 218 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

219.    Answering the allegations in paragraph 219 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

220.    Answering the allegations in paragraph 220 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

221.    Answering the allegations in paragraph 221 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

222.    Answering the allegations in paragraph 222 of the Complaint, Defendant admits that TAG erroneously stated in its answer to Lively's initial complaint that TAG retained Wallace. As to all remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

223.    Answering the allegations in paragraph 223 of the Complaint, Defendant denies such allegations.

224.    Answering the allegations in paragraph 224 of the Complaint, Defendant admits the allegation that Abel sent communications containing the text set forth in that paragraph.

Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

225.    Answering the allegations in paragraph 225 of the Complaint, Defendant admits the allegation that TAG sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

226.    Answering the allegations in paragraph 226 of the Complaint, Defendant admits the allegation that Abel sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

227.    Answering the allegations in paragraph 227 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations.

228.    Answering the allegations in paragraph 228 of the Complaint, Defendant admits that communications containing the text set forth in that paragraph were sent. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

229.    Answering the allegations in paragraph 229 of the Complaint, Defendant admits that a *Hollywood Reporter* article contained the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the article and its context are characterized accurately in the Complaint.

230.    Answering the allegations in paragraph 230 of the Complaint, Defendant denies such allegations.

231.    Answering the allegations in paragraph 231 of the Complaint, Defendant admits that Abel and Nathan responded to media inquiries relating to Baldoni. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

232.    Answering the allegations in paragraph 232 of the Complaint, Defendant admits the allegation that Abel sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

233.    Answering the allegations in paragraph 233 of the Complaint, Defendant admits the allegation that a person affiliated with TAG sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

234.    Answering the allegations in paragraph 234 of the Complaint, Defendant admits that communications containing the text set forth in that paragraph were sent. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

235.    Answering the allegations in paragraph 235 of the Complaint, Defendant admits that Nathan sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

236.    Answering the allegations in paragraph 236 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

237.    Answering the allegations in paragraph 237 of the Complaint, Defendant admits that Nathan sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

238.    Answering the allegations in paragraph 238 of the Complaint, Defendant admits that a *Daily Mail* article contained the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the article and its context are characterized accurately in the Complaint.

239.    Answering the allegations in paragraph 239 of the Complaint, Defendant admits that Abel sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

240.    Answering the allegations in paragraph 240 of the Complaint, Defendant admits that Nathan sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

241.    Answering the allegations in paragraph 241 of the Complaint, Defendant admits that Nathan sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

242.    Answering the allegations in paragraph 242 of the Complaint, Defendant admits that Abel and Nathan discussed press coverage of the film. Defendant denies all of the remaining

allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

243.    Answering the allegations in paragraph 243 of the Complaint, Defendant admits that Nathan sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

244.    Answering the allegations in paragraph 244 of the Complaint, Defendant denies any campaign designed to harm Lively and conceal Baldoni's conduct on set.  As to the remaining allegations in the paragraph, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

245.    Answering the allegations in paragraph 245 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations

246.    Answering the allegations in paragraph 246 of the Complaint, Defendant admits that Nathan and Abel sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

247.    Answering the allegations in paragraph 247 of the Complaint, Defendant admits that Nathan sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

248.    Answering the allegations in paragraph 248 of the Complaint, Defendant admits that Abel and Nathan sent communications containing the text set forth in that paragraph.

Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

249.    Answering the allegations in paragraph 249 of the Complaint, Defendant admits that Abel sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

250.    Answering the allegations in paragraph 250 of the Complaint, Defendant admits that Nathan and Abel sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

251.    Answering the allegations in paragraph 251 of the Complaint, Defendant admits that Abel sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

252.    Answering the allegations in paragraph 252 of the Complaint, Defendant admits that a person affiliated with TAG sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

253.    Answering the allegations in paragraph 253 of the Complaint, Defendant admits that communications containing the text set forth in that paragraph were sent. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

254.     Answering the allegations in paragraph 254 of the Complaint, Defendant admits that Abel sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

255.     Answering the allegations in paragraph 255 of the Complaint, Defendant admits that a person affiliated with TAG sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

256.     Answering the allegations in paragraph 256 of the Complaint, Defendant admits that communications containing the text set forth in that paragraph were sent. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

257.     Answering the allegations in paragraph 257 of the Complaint, Defendant admits that communications containing the text set forth in that paragraph were sent. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

258.     Answering the allegations in paragraph 258 of the Complaint, Defendant admits that communications containing the text set forth in that paragraph were sent. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

259.     Answering the allegations in paragraph 259 of the Complaint, Defendant admits that communications containing the text set forth in that paragraph were sent. Defendant denies all

of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

260.    Answering the allegations in paragraph 260 of the Complaint, Defendant admits that Abel sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

261.    Answering the allegations in paragraph 261 of the Complaint, Defendant denies such allegations.

262.    Answering the allegations in paragraph 262 of the Complaint, Defendant admits that communications containing the text set forth in that paragraph were sent. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

263.    Answering the allegations in paragraph 263 of the Complaint, Defendant denies such allegations.

264.    Answering the allegations in paragraph 264 of the Complaint, Defendant admits that Abel sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

265.    Answering the allegations in paragraph 265 of the Complaint, Defendant admits that communicated with media on behalf of Baldoni. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

266.     Answering the allegations in paragraph 266 of the Complaint, Defendant admits that Nathan sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

267.     Answering the allegations in paragraph 267 of the Complaint, Defendant denies such allegations.

268.     Answering the allegations in paragraph 268 of the Complaint, Defendant admits that Abel communicated with Sara Nathan. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

269.     Answering the allegations in paragraph 269 of the Complaint, Defendant admits that Abel communicated with Sara Nathan. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

270.     Answering the allegations in paragraph 270 of the Complaint, Defendant admits that a *Page Six* article was published bearing the headline quoted in the paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the article and its context are characterized accurately in the Complaint.

271.     Answering the allegations in paragraph 271 of the Complaint, Defendant admits that a *Page Six* article was published containing the text quoted in the paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the article and its context are characterized accurately in the Complaint.

272.     Answering the allegations in paragraph 272 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

273.     Answering the allegations in paragraph 273 of the Complaint, Defendant denies such allegations.

274.     Answering the allegations in paragraph 274 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

275.     Answering the allegations in paragraph 275 of the Complaint, Defendant admits that Baldoni sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

276.     Answering the allegations in paragraph 276 of the Complaint, Defendant admits that Baldoni sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

277.     Answering the allegations in paragraph 277 of the Complaint, Defendant admits that Baldoni sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

278.     Answering the allegations in paragraph 278 of the Complaint, Defendant admits that a social media post was made containing the text quoted in the paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the post and its context are characterized accurately in the Complaint.

279.   Answering the allegations in paragraph 279 of the Complaint, Defendant denies such allegations.

280.   Answering the allegations in paragraph 280 of the Complaint, Defendant denies such allegations.

281.   Answering the allegations in paragraph 281 of the Complaint, Defendant denies such allegations.

282.   Answering the allegations in paragraph 282 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

283.   Answering the allegations in paragraph 283 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

284.   Answering the allegations in paragraph 284 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

285.   Answering the allegations in paragraph 285 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

286.   Answering the allegations in paragraph 286 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

287.   Answering the allegations in paragraph 287 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

288.   Answering the allegations in paragraph 288 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

289.   Answering the allegations in paragraph 289 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

290.    Answering the allegations in paragraph 290 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

291.    Answering the allegations in paragraph 291 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

292.    Answering the allegations in paragraph 292 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

293.    Answering the allegations in paragraph 293 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

    a.    Answering the allegations in paragraph 293a of the Complaint, Defendant admits that certain members of the Wayfarer team were in New York for reasons relating to the Film on August 5, 2024, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

    b.    Answering the allegations in paragraph 293b of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

    c.    Answering the allegations in paragraph 293c of the Complaint, Defendant admits that she received communications containing the text set forth in that paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and specifically denies that the communications and their context are characterized accurately in the Complaint.

    d.    Answering the allegations in paragraph 293d of the Complaint, Defendant admits that she exchanged communications containing the text set forth in that

paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and specifically denies that the communications and their context are characterized accurately in the Complaint.

e.   Answering the allegations in paragraph 293e of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

f.   Answering the allegations in paragraph 293f of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

g.   Answering the allegations in paragraph 293g of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

h.   Answering the allegations in paragraph 293h of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

i.   Answering the allegations in paragraph 293i of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

j.   Answering the allegations in paragraph 293j of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

  k. Answering the allegations in paragraph 293k of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

  l. Answering the allegations in paragraph 293l of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

  m. Answering the allegations in paragraph 293m of the Complaint, Defendant admits that Baldoni posted the cited Instagram story on August 4, 2024 but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

  n. Answering the allegations in paragraph 293n of the Complaint, Defendant admits that Jed Wallace was not a plaintiff in Case No. 25-cv-449 but denies Lively's characterization of the lawsuit and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations except those which require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

294. Answering the allegations in paragraph 294 of the Complaint, Defendant admits that Lively filed a complaint with the Civil Rights Department and sent a letter to the Wayfarer Parties on or about December 20, 2024. As to the remaining allegations, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

295.    Answering the allegations in paragraph 295 of the Complaint, Defendant admits that a social media post was made containing the text quoted in the paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the post and its context are characterized accurately in the Complaint.

296.    Answering the allegations in paragraph 296 of the Complaint, Defendant denies such allegations.

297.    Answering the allegations in paragraph 297 of the Complaint, Defendant denies such allegations.

298.    Answering the allegations in paragraph 298 of the Complaint, Defendant denies such allegations.

299.    Answering the allegations in paragraph 299 of the Complaint, Defendant admits that news articles were published containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the articles and their context are characterized accurately in the Complaint.

300.    Answering the allegations in paragraph 300 of the Complaint, Defendant invokes the attorney-client privilege as to allegations relating to communications between herself and her attorney. As to the remaining allegations, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

301.    Answering the allegations in paragraph 301 of the Complaint, Defendant admits that Baldoni and Nathan sent communications containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the communications and their context are characterized accurately in the Complaint.

302.    Answering the allegations in paragraph 302 of the Complaint, Defendant denies such allegations.

303.    Answering the allegations in paragraph 303 of the Complaint, Defendant denies such allegations.

304.    Answering the allegations in paragraph 304 of the Complaint, Defendant denies such allegations.

305.    Answering the allegations in paragraph 305 of the Complaint, Defendant admits that she has filed suit against Lively and the New York Times. As to the remaining allegations, Defendant denies such allegations.

306.    Answering the allegations in paragraph 306 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

307.    Answering the allegations in paragraph 307 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

308.    Answering the allegations in paragraph 308 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

309.    Answering the allegations in paragraph 309 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

310.    Answering the allegations in paragraph 310 of the Complaint, Defendant admits that her First Amended Complaint appears on thelawsuitinfo.com. As to the remaining allegations, Defendant denies such allegations.

311.    Answering the allegations in paragraph 311 of the Complaint, Defendant denies such allegations.

312.     Answering the allegations in paragraph 312 of the Complaint, Defendant denies such allegations.

313.     Answering the allegations in paragraph 313 of the Complaint, Defendant denies such allegations.

314.     Answering the allegations in paragraph 314 of the Complaint, Defendant admits that Baldoni presented a TED Talk in which he delivered remarks containing the text set forth in the paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the remarks and their context are characterized accurately in the Complaint.

315.     Answering the allegations in paragraph 315 of the Complaint, Defendant admits that Baldoni presented a TED Talk in which he delivered remarks containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the remarks and their context are characterized accurately in the Complaint.

316.     Answering the allegations in paragraph 316 of the Complaint, Defendant admits Baldoni announced a show called *Man Enough*. As to the remaining allegations, Defendant denies such allegations.

317.     Answering the allegations in paragraph 317 of the Complaint, Defendant admits that the show *Man Enough* included an episode that contained the language set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the show and its context are characterized accurately in the Complaint.

318.     Answering the allegations in paragraph 318 of the Complaint, Defendant admits that the podcast *Man Enough* included episodes that contained the language set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the podcast and its context are characterized accurately in the Complaint.

319.    Answering the allegations in paragraph 319 of the Complaint, Defendant admits that Baldoni presented a TED Talk in which he delivered remarks containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the remarks and their context are characterized accurately in the Complaint.

320.    Answering the allegations in paragraph 320 of the Complaint, Defendant admits that Baldoni has been quoted as making the remarks containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the remarks and their context are characterized accurately in the Complaint.

321.    Answering the allegations in paragraph 321 of the Complaint, Defendant admits that Baldoni has been quoted as making the remarks containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the remarks and their context are characterized accurately in the Complaint.

322.    Answering the allegations in paragraph 322 of the Complaint, Defendant admits that Baldoni and his counsel have been quoted as making the remarks containing the text set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the remarks and their context are characterized accurately in the Complaint.

323.    Answering the allegations in paragraph 323 of the Complaint, Defendant denies such allegations.

324.    Answering the allegations in paragraph 324 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations.

325.    Answering the allegations in paragraph 325 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations.

326.     Answering the allegations in paragraph 326 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations.

327.     Answering the allegations in paragraph 327 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations.

328.     Answering the allegations in paragraph 328 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations.

329.     Answering the allegations in paragraph 329 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations.

330.     Answering the allegations in paragraph 330 of the Complaint, Defendant denies such allegations.

331.     Answering the allegations in paragraph 331 of the Complaint, Defendant denies such allegations.

332.     Answering the allegations in paragraph 332 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations.

333.     Answering the allegations in paragraph 333 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations.

334.     Answering the allegations in paragraph 334 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations.

335.     Answering the allegations in paragraph 335 of the Complaint, Defendant admits that a *TMZ* article was published containing the quoted text. As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the allegations.

336.    Answering the allegations in paragraph 336 of the Complaint, Defendant denies any smear campaign by Defendants. As to all remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the allegations.

337.    Answering the allegations in paragraph 337 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations.

338.    Answering the allegations in paragraph 338 of the Complaint, Defendant denies that she has made any attempt to create "an environment of hatred against Ms. Lively and her family." As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the allegations.

339.    Answering the allegations in paragraph 339 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations.

340.    Answering the allegations in paragraph 340 of the Complaint, Defendant denies that she has made any attempt to engage in "an intentionally seeded, cultivated and financed campaign against [Lively]." As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the allegations.

341.    Answering the allegations in paragraph 341 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations.

342.    Answering the allegations in paragraph 342 of the Complaint, Defendant denies that she has made any attempt to engage in "a retaliation campaign against Ms. Lively." As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the allegations.

343.    Answering the allegations in paragraph 343 of the Complaint, Defendant denies the allegation that she conducted any campaign against Lively or any of her businesses. As to the

remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the allegations.

344.    Answering the allegations in paragraph 344 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations.

345.    Answering the allegations in paragraph 345 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations.

346.    Answering the allegations in paragraph 346 of the Complaint, Defendant denies the allegation that she conducted any campaign against Lively or any of her businesses. As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the allegations.

347.    Answering the allegations in paragraph 347 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations.

348.    Answering the allegations in paragraph 348 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations.

349.    Answering the allegations in paragraph 349 of the Complaint, Defendant admits that she filed her First Amended Complaint on or about January 31, 2025. As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the allegations.

350.    Answering the allegations in paragraph 350 of the Complaint, Defendant denies such allegations.

351.    Answering the allegations in paragraph 351 of the Complaint, Defendant denies the allegations that Baldoni, Heath, or any of the Defendants sought to "destroy" Lively or any other person, or that they conducted a retaliatory campaign against Lively. As to the remaining

allegations, Defendant lacks knowledge or information sufficient to form a belief as to the allegations.

352.    Answering the allegations in paragraph 352 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations.

353.    Answering the allegations in paragraph 353 of the Complaint, Defendant incorporates by reference her responses in the foregoing paragraphs.

354.    Answering the allegations in paragraph 354 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

355.    Answering the allegations in paragraph 355 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

356.    Answering the allegations in paragraph 356 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

357.    Answering the allegations in paragraph 357 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

358.    Answering the allegations in paragraph 358 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

359.    Answering the allegations in paragraph 359 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

360.    Answering the allegations in paragraph 360 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

361.    Answering the allegations in paragraph 361 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

362.    Answering the allegations in paragraph 362 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

363.    Answering the allegations in paragraph 363 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

364.    Answering the allegations in paragraph 364 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

365.    Answering the allegations in paragraph 365 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

366.     Answering the allegations in paragraph 366 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

367.     Answering the allegations in paragraph 367 of the Complaint, Defendant incorporates by reference her responses in the foregoing paragraphs.

368.     Answering the allegations in paragraph 368 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

369.     Answering the allegations in paragraph 369 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

370.     Answering the allegations in paragraph 370 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

371.     Answering the allegations in paragraph 371 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

372.     Answering the allegations in paragraph 372 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

373.     Answering the allegations in paragraph 373 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

374.    Answering the allegations in paragraph 374 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

375.    Answering the allegations in paragraph 375 of the Complaint, Defendant incorporates by reference her responses in the foregoing paragraphs.

376.    Answering the allegations in paragraph 376 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

377.    Answering the allegations in paragraph 377 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

378.    Answering the allegations in paragraph 378 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

379.    Answering the allegations in paragraph 379 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

380.    Answering the allegations in paragraph 380 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

381.    Answering the allegations in paragraph 381 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

382.     Answering the allegations in paragraph 382 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

383.     Answering the allegations in paragraph 383 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

384.     Answering the allegations in paragraph 384 of the Complaint, Defendant incorporates by reference her responses in the foregoing paragraphs.

385.     Answering the allegations in paragraph 385 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

386.     Answering the allegations in paragraph 386 of the Complaint, Defendant incorporates by reference her responses in the foregoing paragraphs.

387.     Answering the allegations in paragraph 387 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

388.     Answering the allegations in paragraph 388 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

389.     Answering the allegations in paragraph 389 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

390.     Answering the allegations in paragraph 390 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

391.     Answering the allegations in paragraph 391 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

392.     Answering the allegations in paragraph 392 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

393.     Answering the allegations in paragraph 393 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

394.     Answering the allegations in paragraph 394 of the Complaint, Defendant incorporates by reference her responses in the foregoing paragraphs.

395.     Answering the allegations in paragraph 395 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

396.     Answering the allegations in paragraph 396 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

397.     Answering the allegations in paragraph 397 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

398.     Answering the allegations in paragraph 398 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

399.     Answering the allegations in paragraph 399 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

400.     Answering the allegations in paragraph 400 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

401.     Answering the allegations in paragraph 401 of the Complaint, Defendant incorporates by reference her responses in the foregoing paragraphs.

402.     Answering the allegations in paragraph 402 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

403.     Answering the allegations in paragraph 403 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

404.     Answering the allegations in paragraph 404 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

405.     Answering the allegations in paragraph 405 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

406.    Answering the allegations in paragraph 406 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

407.    Answering the allegations in paragraph 407 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

408.    Answering the allegations in paragraph 408 of the Complaint, Defendant incorporates by reference her responses in the foregoing paragraphs.

409.    Answering the allegations in paragraph 409 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

410.    Answering the allegations in paragraph 410 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

411.    Answering the allegations in paragraph 411 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

412.    Answering the allegations in paragraph 412 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

413.    Answering the allegations in paragraph 413 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

414.    Answering the allegations in paragraph 414 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

415.    Answering the allegations in paragraph 415 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

416.    Answering the allegations in paragraph 416 of the Complaint, Defendant incorporates by reference her responses in the foregoing paragraphs.

417.    Answering the allegations in paragraph 417 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

418.    Answering the allegations in paragraph 418 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

419.    Answering the allegations in paragraph 419 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

420.    Answering the allegations in paragraph 420 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

421.    Answering the allegations in paragraph 421 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

422.    Answering the allegations in paragraph 422 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

423.    Answering the allegations in paragraph 423 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

424.    Answering the allegations in paragraph 424 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

425.    Answering the allegations in paragraph 425 of the Complaint, Defendant incorporates by reference her responses in the foregoing paragraphs.

426.    Answering the allegations in paragraph 426 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

427.    Answering the allegations in paragraph 427 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

428.    Answering the allegations in paragraph 428 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

429.    Answering the allegations in paragraph 429 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

430.     Answering the allegations in paragraph 430 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

431.     Answering the allegations in paragraph 431 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

432.     Answering the allegations in paragraph 432 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

433.     Answering the allegations in paragraph 433 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

434.     Answering the allegations in paragraph 434 of the Complaint, Defendant incorporates by reference her responses in the foregoing paragraphs.

435.     Answering the allegations in paragraph 435 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

436.     Answering the allegations in paragraph 436 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

437.     Answering the allegations in paragraph 437 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

438.    Answering the allegations in paragraph 438 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

439.    Answering the allegations in paragraph 439 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

440.    Answering the allegations in paragraph 440 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

441.    Answering the allegations in paragraph 441 of the Complaint, Defendant incorporates by reference her responses in the foregoing paragraphs.

442.    Answering the allegations in paragraph 442 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

443.    Answering the allegations in paragraph 443 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

444.    Answering the allegations in paragraph 444 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

445.    Answering the allegations in paragraph 445 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

446.     Answering the allegations in paragraph 446 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

447.     Answering the allegations in paragraph 447 of the Complaint, Defendant incorporates by reference her responses in the foregoing paragraphs.

448.     Answering the allegations in paragraph 448 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

449.     Answering the allegations in paragraph 449 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

450.     Answering the allegations in paragraph 450 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

451.     Answering the allegations in paragraph 451 of the Complaint, Defendant admits that her counsel has been quoted in news articles as making the statements set forth in that paragraph. Defendant denies all of the remaining allegations in the paragraph, and specifically denies that the news articles and their context are characterized accurately in the Complaint.

452.     Answering the allegations in paragraph 452 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

453.    Answering the allegations in paragraph 453 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

454.    Answering the allegations in paragraph 454 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

455.    Answering the allegations in paragraph 455 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

456.    Answering the allegations in paragraph 456 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

457.    Answering the allegations in paragraph 457 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

458.    Answering the allegations in paragraph 458 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

459.    Answering the allegations in paragraph 459 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

460.    Answering the allegations in paragraph 460 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

461.    Answering the allegations in paragraph 461 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

462.    Answering the allegations in paragraph 462 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

463.    Answering the allegations in paragraph 463 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

464.    Answering the allegations in paragraph 464 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

465.    Answering the allegations in paragraph 465 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

466.    Answering the allegations in paragraph 466 of the Complaint, Defendant incorporates by reference her responses in the foregoing paragraphs.

467.    Answering the allegations in paragraph 467 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

468.    Answering the allegations in paragraph 468 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

469.    Answering the allegations in paragraph 469 of the Complaint, the allegations require no response because they merely state a legal conclusion. To the extent that any of the allegations in the paragraph require a response, Defendant denies such allegations.

## AFFIRMATIVE AND OTHER DEFENSES

By alleging the following affirmative and other defenses, Defendant is not in any way agreeing or conceding that she has the burden of proof or burden of persuasion on any of these issues. As separate and distinct defenses to Plaintiff's Complaint, and each purported cause of action contained therein, Defendant alleges as follows:

### FIRST DEFENSE

470.    The Complaint, and each claim alleged therein, fails to state facts sufficient to constitute any claim for relief against Defendant.

### SECOND DEFENSE

471.    The Complaint, and each claim alleged therein, is barred as Plaintiff lacks standing to sue.

### THIRD DEFENSE

472.    The Complaint, and each claim alleged therein, is barred as Plaintiff has waived her claims.

### FOURTH DEFENSE

473.    The Complaint, and each claim alleged therein, is barred as Plaintiff is estopped from asserting her claims.

## FIFTH DEFENSE

474.     The Complaint, and each claim alleged therein, is barred as Plaintiff acted and continues to act with unclean hands.

## SIXTH DEFENSE

475.     The Complaint, and each claim alleged therein, is barred as Plaintiff has not been damaged in any way or at all as a result of any alleged acts or omissions of Defendant.

## SEVENTH DEFENSE

476.     The Complaint, and each claim alleged therein, is barred in whole or in part by the First Amendment of the Constitution of the United States of America.

## EIGHTH DEFENSE

477.     The Complaint, and each claim alleged therein, is barred by reason of Plaintiff's consent.

## NINTH DEFENSE

478.     The Complaint, and each claim alleged therein, is barred as Plaintiff has failed to undertake reasonable measures to mitigate the damages she claims to have incurred. Any recovery by Plaintiff must be diminished to the extent that any alleged damages could have been avoided if such measures had been undertaken.

## TENTH DEFENSE

479.     Defendant is informed and believes, and on that basis alleges, that Plaintiff would be unjustly enriched if recovery were to be had on this Complaint.

## ELEVENTH DEFENSE

480.    Plaintiff has not been damaged in any amount alleged, or in any amount whatsoever, and is not entitled to any general, compensatory, statutory, punitive, or other damages or any other relief as a result of any of the allegations set forth in the Complaint.

## TWELFTH DEFENSE

481.    The acts and/or omissions of Plaintiff excused any alleged act or alleged failure to act on the part of Defendant.

## THIRTEENTH DEFENSE

482.    If Defendant had any alleged obligations or legal duties, which Defendant hereby expressly denies, Defendant has appropriately, completely, and fully performed and discharged any alleged obligations and any alleged legal duties arising out of the matters alleged in the Complaint.

## FOURTEENTH DEFENSE

483.    The damages and injuries, if any, suffered by Plaintiff were directly and proximately caused solely by the acts or omissions of individuals or entities other than Defendant. The acts and omissions of such other individuals or entities are superseding or intervening causes of loss or damages, if any, suffered by Plaintiff. As a consequence thereof, Plaintiff is barred from recovery against Defendant herein.

## FIFTEENTH DEFENSE

484.    The damages and injuries, if any, suffered by Plaintiff were directly and proximately caused solely by the reckless, negligent, and wrongful conduct of individuals or entities other than Defendant. As a consequence thereof, Plaintiff is barred from recovery herein.

## SIXTEENTH DEFENSE

485.     The damages and injuries, if any, suffered by Plaintiff were directly and proximately caused solely by the intentional misconduct of individuals or entities other than Defendant. As a consequence thereof, Plaintiff is barred from recovery herein.

## SEVENTEENTH DEFENSE

486.     The Complaint fails to state facts sufficient to permit an award of punitive damages, and any such award would violate due process.

## EIGHTEENTH DEFENSE

487.     The Complaint, and each and every cause of action alleged therein, fails to state any facts supporting any claim for punitive or exemplary damages.

## NINETEENTH DEFENSE

488.     The Complaint, and each and every cause of action alleged therein, is barred in whole or in part because at all material times, Defendant acted in good faith and without malice based upon all relevant facts and circumstances known by Defendant at the time.

## TWENTIETH DEFENSE

489.     Plaintiff, and her agents, servants, and employees, has failed to bring the causes of action alleged in the Complaint in a timely manner and are therefore barred from recovery against Defendant, in whole or in part, by the equitable doctrine of laches.

## TWENTY-FIRST DEFENSE

490.     Defendant alleges that in the event she is found in some manner legally liable to Plaintiff as a result of the events or occurrences described in the Complaint, that liability will be solely based upon a derivative, vicarious, or imputed form of liability, not resulting from her own conduct, but instead based upon an obligation imposed upon her by law, or by the conduct of

others, and as such the legal liability of Defendant would be proximately caused by the acts or omissions of others and therefore Defendant is entitled to recover contribution from them.

## TWENTY-SECOND DEFENSE

491.     Defendant alleges that in the event she is found in some manner legally liable to Plaintiff as a result of the events or occurrences described in the Complaint, that liability will be based solely upon a derivative, vicarious, or imputed form of liability, not resulting from her own conduct, but instead based upon an obligation imposed upon her by law, or by the conduct of others, and as such the legal liability of Defendant would be proximately caused by acts or omissions of others and therefore, Defendant is entitled to recover total and complete implied and/or comparable indemnity from them.

## TWENTY-THIRD DEFENSE

492.     Defendant alleges that in the event she is found in some manner legally liable to Plaintiff as a result of the events or occurrences described in the Complaint, that liability will be based solely upon a derivative vicarious, or imputed form of liability, not resulting from her own conduct, but instead based upon an obligation imposed upon her by law, or by the conduct of others, and as such the legal liability of Defendant would be proximately caused by acts or omissions of others and therefore, Defendant is entitled to recover total and complete equitable indemnity from them.

## TWENTY-FOURTH DEFENSE

493.     Any injury or damage to Plaintiff, which Defendant specifically denies, was proximately caused by the negligence, recklessness, or intentional conduct of others who acted as one or more of the Plaintiff's legal counsel, agents, or representatives. Accordingly, if any liability

is found on the part of Defendant, then Defendant's liability to Plaintiff shall be reduced on the basis of comparative fault.

### TWENTY-FIFTH DEFENSE

494.    Any injury or damage to Plaintiff, which Defendant specifically denies, was proximately caused by the negligence of Plaintiff.

### TWENTY-SIXTH DEFENSE

495.    Plaintiff's alleged damages are too speculative to permit recovery in this case.

### TWENTY-SEVENTH DEFENSE

496.    The Complaint, and each and every cause of action alleged therein, is barred in whole or in part by the doctrine of *in pari delicto*.

### TWENTY-EIGHTH DEFENSE

497.    The Complaint, and each and every cause of action alleged against Defendant therein, fails to allege facts sufficient to allow recovery of attorney's fees from Defendant.

### TWENTY-NINTH DEFENSE

498.    Plaintiff's claims based upon California statutes are barred because Plaintiff does not allege that Defendant took any wrongful actions within the State of California.

### THIRTIETH DEFENSE

499.    The Complaint, and each and every cause of action alleged against Defendant therein, is barred by the applicable statutes of limitations.

### THIRTY-FIRST DEFENSE

500.    The Complaint, and each and every cause of action alleged against Defendant therein, is barred by Plaintiff's failure to exhaust administrative remedies.

## RESERVATION OF ADDITIONAL DEFENSES

501.    Defendant presently has insufficient knowledge or information on which to form a belief as to whether she may have additional, as yet unstated affirmative or other defenses available. Defendant reserves the right to assert additional defenses in the event that discovery indicates they would be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Jennifer Abel prays for relief as follows:

1.    That the Complaint be dismissed with prejudice, and Plaintiffs take nothing herein;

2.    That judgment be entered in favor of Defendant and against Plaintiff;

3.    For costs of suit incurred in this action; and

4.    For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendant demands a jury trial on all causes of action so triable.

## THIRD PARTY COMPLAINT

Jennifer Abel, by and through undersigned counsel, as and for her claims against Third-Party Defendant Jonesworks LLC ("Jonesworks"), alleges as follows based on knowledge as to her own conduct and activities and on information and belief as to all other matters except where otherwise alleged:

## PARTIES

1.      Defendant/Third-Party Plaintiff Jennifer Abel is, and at all relevant times herein was, an individual residing in Beverly Hills, California.

2.      Third-Party Defendant Jonesworks LLC is a Delaware limited liability company with its principal place of business in New York, New York. None of Jonesworks' members are citizens of California.

3.      There exists, and at all times herein mentioned there existed, a unity of interest between Jonesworks and non-party Stephanie Jones ("Jones") such that any individuality and separateness has ceased, and Jonesworks is the alter ego of Jones.

4.      At all relevant times herein, each of Jones and Jonesworks was the agent, servant, employee, employer, joint-venturer, partner, and/or alter ego of the other and was at all times operating and acting within the purpose and scope of said agency, service, employment, joint venture, partnership, and/or alter ego. Each of Jones and Jonesworks has rendered substantial assistance and encouragement to the other, acting in concert knowing that her/its conduct was wrongful and/or unlawful, and each of Jones and Jonesworks has ratified and approved the acts of the other.

## JURISDICTION AND VENUE

5.      This Court has original jurisdiction over the claims for relief asserted in this Third-

Party Complaint pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and no Third-Party Defendant is a citizen of the same state as Third-Party Plaintiff. This Court also has supplemental jurisdiction over the claims for relief asserted in this Third-Party Complaint pursuant to 28 U.S.C. § 1367(a) because such claims are so related to claims in the action that they form part of the same case or controversy under Article III of the U.S. Constitution.

6.      This Court may exercise personal jurisdiction over Jonesworks pursuant to Section 301 of the New York Civil Practice Law and Rules because it systemically and continuously conducts and solicits business within New York and has availed itself of the privileges of conducting business in the State of New York.

7.      This Court may exercise personal jurisdiction over Jonesworks pursuant to CPLR 302 because it transacts and solicits business within the State of New York and has committed the tortious acts described herein within the State of New York.

8.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events or omissions giving rise to these claims occurred in this District and because Jonesworks is subject to personal jurisdiction in this District.

## GENERAL ALLEGATIONS

### A.      Abel Joins Jonesworks

9.      Jonesworks is a well-known New York-based public relations firm founded by Stephanie Jones, who serves as its CEO.

10.     Long known within the public relations industry for her disarming Southern twang, brass-knuckle tactics, and high turnover of clients and employees, Stephanie Jones has had a successful career in the entertainment industry. Her firm, Jonesworks, has represented, at various

times, Dwayne "The Rock" Johnson, Jeff Bezos, Lauren Sanchez, Venus Williams, Tom Brady, and Chris Hemsworth.

11.     Jones is married to Jason Hodes ("Hodes"), a partner at William Morris Endeavor ("WME"), Hollywood's most powerful talent agency. Between her perch atop Jonesworks and his partnership at WME, Jones and Hodes are a bona fide Hollywood power couple.

12.     When Jones poached Jennifer Abel, Abel was an up-and-coming star publicist at R&CPMK, a storied 70-year-old public relations arm of Interpublic Group, a 53,000-employee publicly-traded multinational marketing behemoth. At the time of her departure from R&CPMK, Abel had worked there for nearly 12 years and held the title of Vice President.

13.     In or around late spring 2020, at the height of the COVID-19 pandemic, Jones reached out to Abel via one of her paid recruiters on LinkedIn about joining Jonesworks. Although Abel was content at R&CPMK and not actively looking for a new job, Jones offered her a higher salary and, critically, the opportunity to lead her own team.

14.     When Abel announced her intention to join Jonesworks, she was met with a parade of concern from across her professional network. An array of well-respected public relations professionals from across the entertainment industry reached out to Abel to caution her against working for Stephanie Jones. Jones, they warned, had a well-deserved reputation for treating people horribly. Jones had recently become embroiled in a dispute with another public relations firm for stealing its clients using deceptive and unscrupulous means.

15.     Excited by the new opportunity and not personally familiar with Jones or Jonesworks, Abel decided to make the jump in spite of the admonitions from her peers.

16.     On or about July 9, 2020, Abel was hired by Jonesworks as Vice President. Her mandate was to oversee Jonesworks' talent department and grow its nascent Los Angeles office,

which at the time had only four employees.

### B.    Abel's Employment Agreements

17.    In connection with and as a condition of her employment, Abel signed a so-called Non-Disclosure and Intellectual Property Rights and Non-Solicitation Agreement (the "2020 Employment Agreement").

18.    The 2020 Employment Agreement provided that Abel was an "at-will" employee whose employment was "exclusive" to Jonesworks during the period of her employment.

19.    Section 13 of the 2020 Employment Agreement provides that "[it] has been made and shall be interpreted in accordance with the laws of the State of California without regard to conflicts of law principles."

20.    On or about November 22, 2021, Jonesworks required Abel to enter into a modified employment agreement (the "2021 Employment Agreement") changing her employment from at-will to a contractual term, adjusting her title and compensation, and subjecting her to a variety of novel restrictions intended to deter her from leaving Jonesworks and inhibiting her ability to remain in her chosen field if she were to do so.

21.    Section 10.1 of the 2021 Employment Agreement provides:

> Except to the extent caused by Employee or resulting from a breach of this Agreement by Employee, Company shall indemnify and hold harmless Employee from and against any and all liability, claims, costs, damages, and expenses (including reasonable outside attorneys' fees and court costs) arising out of or in connection with any breach by the Company of the terms of this Agreement or any warranties and representations made herein.

22.    Section 11.7 of the 2021 Employment Agreement provides: "This Agreement and the performance of the Parties' obligations hereunder will be governed by and construed in accordance with the laws of the State of New York, without giving effect to any choice of law principles."

23.     As set forth herein, pursuant to California Labor Code § 2804, the 2021 Employment Agreement is null and void.

24.     At all times during Abel's employment at Jonesworks, Abel was a resident of the County of Los Angeles, State of California; was based out of Jonesworks' Los Angeles office, and performed the overwhelming majority of her work within the State of California. Abel has lived and worked in California for the entirety of her adult life. Since graduating from college, Abel has maintained virtually no connection to the State of New York. She has not lived there, maintained a residence there, performed any significant amount of work there, or even travelled there more than a handful of times. She was, at all times, a California resident and California employee entitled to the protections of the laws of the State of California. Apart from infrequent business travel, Abel performed no work for Jonesworks in the State of New York.

**C.      Abel's Tenure at Jonesworks**

25.     Abel performed all of her obligations under the 2020 Employment Agreement and the 2021 Employment Agreement.

26.     For almost four years, Abel largely managed Jonesworks' work for Wayfarer Studios and Justin Baldoni out of its Los Angeles office. Over time, Abel developed a close and trusting relationship with Baldoni, Wayfarer CEO Jamey Heath, and the rest of the Wayfarer team, particularly as their strategic communications needs became ever more complex in relation to *It Ends With Us* (the "Film").

27.     At all times during Wayfarer's four-year engagement with Jonesworks, Abel was the point person on the account.

28.     On or about July 10, 2024, Abel notified Jones of her departure from Jonesworks. Abel later confirmed her earlier decision to resign on July 26, 2024, and communicated her intention to start her own business. Abel offered a six-week transition period, with an end date of

August 23, 2024.

29.    On August 21, 2024, Jonesworks terminated Abel.

**D.    Plaintiff Sues Abel for Acts Taken in the Discharge of Abel's Duties**

30.    On December 31, 2024, Plaintiff commenced this action by the filing of a Complaint in which she asserted claims against Abel for: (a) aiding and abetting harassment and retaliation in violation of California's Fair Employment and Housing Act; (b) intentional infliction of emotional distress; and (c) false light invasion of privacy.

31.    On July 30, 2025, Plaintiff filed the operative Second Amended Complaint in which she asserted claims against Abel for: (a) aiding and abetting harassment and retaliation in violation of California's Fair Employment and Housing Act; (b) false light invasion of privacy; and (c) civil conspiracy (collectively, "Plaintiff's Claims") (Dkt. 520).

32.    The conduct alleged by Plaintiff to have been committed by Abel and to have caused harm to Plaintiff consists of public relations activities on behalf of Wayfarer and Baldoni during the time period when they were clients of Jonesworks. To the extent any such conduct by Abel was undertaken as alleged (which Abel disputes), it was undertaken in obedience to Jonesworks' directions.

33.    For example, Plaintiff alleges, Heath and Baldoni "in their own capacities and as representatives of Wayfarer … were directly engaged, via contract … with Jonesworks … which engagement gave rise to the retaliation campaign at issue," and "Ms. Abel worked as an employee of Jonesworks, which position directly gave rise to the retaliation campaign at issue." SAC ¶ 73.

34.    Although Abel disputes the truth of Plaintiff's allegations, insofar as they purport to allege conduct by Abel causing harm to Plaintiff, the substance of the allegations appears to be: Abel participated in a coordinated "astroturfing" campaign to discredit and "bury" Plaintiff

(Seventh Cause of Action, ¶ 411), Abel solicited, developed, implemented, and/or promoted "a covert multi-tiered press and digital plan" to harm Plaintiff and discourage her from making publicly statements harmful to Wayfarer and Baldoni, among others, Abel publicly disclosed information concerning Plaintiff's marketing decisions, moral character, private life, and family which showed Plaintiff in a false light, (Twelfth Cause of Action, ¶ 435), and Abel conspired with others to commit these acts. (Fifteenth Cause of Action, ¶ 468).

35.     Plaintiff's allegations against Abel (the veracity of which Abel disputes) are of conduct and communications directed at the press and the public to garner good publicity and to eliminate or minimize bad publicity for the clients Wayfarer and Baldoni—activities which are the very essence of the public relations profession.

36.     Jonesworks and Jones gave Abel directions to carry out the duties of a competent public relations professional on behalf of the clients, Wayfarer, Heath, and Baldoni, including but not limited to, garnering good publicity and eliminating or minimizing bad publicity for them and their Film.

37.     In addition, Jones personally interfered with Abel's competent handling of her duties, including by attempting to insert herself with poorly-timed negative communications to the press and public that were discovered by Plaintiff's own publicist, Leslie Sloane. Jones' blunders clumsily disrupted a putative truce with Sloane by communicating negatively with the media about Plaintiff, exacerbating negative press and public attention on Plaintiff by adding fuel to negative stories of a feud with Plaintiff. Jones' incompetent handling of communications with the press only caused negative stories to circulate further and attract greater attention.

38.     Abel was named as a defendant in Plaintiff's pleadings only because of, and in direct consequence of, Abel's discharge of her duties as a competent public relations professional

79

employed by Jonesworks.

39.     Abel was named as a defendant in Plaintiff's pleadings only because of, and in direct consequence of, Abel's obedience to the directions of Jonesworks

40.     Upon information and belief, Jonesworks was *not* named as a defendant in Plaintiff's lawsuit because Jones and Jonesworks conspired with Plaintiff to exploit Abel's private communications that Jones and Jonesworks stole and unlawfully intercepted for the purpose of harming Jonesworks' former clients, Wayfarer, Heath, and Baldoni.

## FIRST CAUSE OF ACTION

### (Statutory Indemnification Pursuant to California Labor Code Section 2802)

41.     Abel hereby incorporates each and every allegation set forth above as if set forth fully herein.

42.     California Labor Code Section 2802(a) provides:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

43.     California Labor Code Section 2802(c) provides:

> For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

44.     California Labor Code Section 2804 provides:

> Any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof, is null and void, and this article shall not deprive any employee or his personal representative of any right or remedy to which he is entitled under the laws of this State.

45.     At all relevant times, Jonesworks was Abel's employer.

46.    At all relevant times, Wayfarer and Baldoni were clients of Jonesworks.

47.    Whether or not Abel is ultimately found liable to Plaintiff, Abel has incurred expenditures and losses (including attorneys' fees) in defending this action as a direct consequence of the discharge of her duties as a public relations professional employed by Jonesworks.

48.    Whether or not Abel is ultimately found liable to Plaintiff, Abel has incurred expenditures and losses (including attorneys' fees) in defending this action, as a direct consequence of her obedience to the directions of Jonesworks.

49.    The 2021 Employment Agreement was a contract or agreement made by an employee to waive the benefits of Article 2 of the California Labor Code or a part thereof, and is null and void.

50.    Alternatively, the California statutory requirement that an employer "shall indemnify" an employee is not part of the 2021 Employment Agreement or the performance of the parties' obligations thereunder, or subject to its terms.

51.    Pursuant to California Labor Code Section 2802, Jonesworks is obligated to indemnify Abel for such expenditures and losses (including attorneys' fees) incurred in connection with Plaintiff's Claims.

**SECOND CAUSE OF ACTION**

**(Implied / Common Law Indemnification)**

52.    Abel hereby incorporates each and every allegation set forth above as if set forth fully herein.

53.    At all relevant times, Jonesworks was a principal on whose behalf Abel acted with actual and apparent authority as an agent.

54.    At all relevant times, Abel acted within the scope of such authority on Jonesworks'

behalf.

55.     At all relevant times, Wayfarer and Baldoni were clients of Jonesworks for whom Abel provided public relations services.

56.     Jonesworks profited and was enriched by fees paid by its clients, Wayfarer and Baldoni, for Abel's services and rightfully bears the expenses incidental to the business.

57.     As Abel's principal, Jonesworks had exclusive responsibility for the actions or omissions of its agent that: (a) Plaintiff's SAC attributes to Abel; (b) serve as the basis for Plaintiff's claims; and (c) resulted in the alleged loss or damage incurred by Plaintiff.

58.     As Abel's principal, Jonesworks was negligent in directing that its agent carry out any actions or omissions, or in supervising its agent in carrying out such acts or omissions, that: (a) Plaintiff's SAC attributes to Abel; (b) serve as the basis for Plaintiff's claims; and (c) resulted in the alleged loss or damage incurred by Plaintiff.

59.     Jonesworks, through Jones, actively interfered with Abel's duties as agent, and negligently caused any alleged loss or damage incurred by Plaintiff.

60.     Abel was not at fault and bore no responsibility for Plaintiff's claims or the alleged loss or damage incurred by Plaintiff.

61.     Accordingly, Jonesworks is obligated to indemnify Abel for any liability, expenditures, or losses incurred by Abel in connection with Plaintiff's claims.

### **THIRD CAUSE OF ACTION**

### **(Contribution)**

62.     Abel hereby incorporates each and every allegation set forth above as if set forth fully herein.

63.     Although Plaintiff made the choice not to name Jonesworks as a defendant, this

choice was the result of unlawful and unethical collusion between Plaintiff and Jonesworks, acting by and through Jones.

64.    Because of Jonesworks' collusion with Plaintiff against both Abel and Jonesworks' former clients and Jones' own negligent handling of public relations duties, to the extent Abel is found culpable for any injury which Plaintiff may be found to have suffered, Jonesworks is jointly responsible and a concurrent wrongdoer.

65.    Jonesworks' acts or omissions had a part in causing or augmenting any injury which Plaintiff may be found to have suffered, and indeed played a greater part relative to Abel's acts or omissions.

66.    Accordingly, Jonesworks owes Abel contribution for the portion of the damages awarded against Abel attributable to Jonesworks' own negligence.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Third-Party Plaintiff Jennifer Abel prays for relief as follows:

1.    On the First Cause of Action for indemnification pursuant to California Labor Code Section 2802, a judgment: (a) declaring that to the extent that Abel incurs any expenditures or losses (including attorneys' fees) as a result of defending this action, judgment be entered against Jonesworks in favor of Abel in the amount of such expenditures or losses (including attorneys' fees); and (b) for monetary damages against Jonesworks in an amount according to proof, including the expenditures and losses (including attorneys' fees) incurred by Abel in direct consequence of the discharge of her duties as a public relations professional employed by Jonesworks, or of her obedience to the directions of Jonesworks;

2.    On the Second Cause of Action for implied / common law indemnification, a judgment: (a) declaring that to the extent that Abel is adjudged to have any liability to Plaintiff in

this action resulting from Jonesworks' own negligence, judgment be entered against Jonesworks in favor of Abel in the amount of such adjudged liability, including any expenditures or losses (including attorneys' fees); and (b) for monetary damages against Jonesworks in an amount according to proof, including the expenditures and losses (including attorneys' fees) incurred by Abel resulting from Jonesworks' own negligence;

3.      On the Third Cause of Action for contribution, a judgment: (a) declaring that to the extent that Abel is adjudged to have any liability to Plaintiff in this action, judgment be entered against Jonesworks in favor of Abel for contribution in the amount of Jonesworks' relative culpability; and (b) for monetary damages against Jonesworks in an amount according to proof, including the expenditures and losses (including attorneys' fees) incurred by Abel in direct consequence of the Jonesworks' own relative culpability;

4.      For pre- and post-judgment interest; and

5.      For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendant/Third Party Plaintiff demands a jury trial on all causes of action so triable.

Respectfully submitted,

Dated:  August 13, 2025
        Los Angeles, CA

**LINER FREEDMAN TAITELMAN + COOLEY, LLP**

*/s/ Bryan Freedman*
Bryan J. Freedman (*pro hac vice*)
Ellyn S. Garofalo (*pro hac vice*)
Theresa M. Troupson (*pro hac vice*)
Summer Benson (*pro hac vice*)
Jason H. Sunshine
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005

bfreedman@lftcllp.com
egarofalo@lftcllp.com
ttroupson@lftcllp.com
sbenson@lftcllp.com
jsunshine@lftcllp.com

Dated:  August 13, 2025
          New York, NY

**MEISTER SEELIG & FEIN PLLC**

Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
ms@msf-law.com
kaf@msf-law.com

*Attorneys for Defendant and Third-Party*
*Plaintiff Jennifer Abel*