# manatt

**Esra A. Hudson**
Manatt, Phelps & Phillips, LLP
Direct Dial: (310) 312-4381
ehudson@manatt.com

November 12, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1620
New York, NY 10007

Re:   **_Lively v. Wayfarer Studios LLC, et al._, No. 1:24-cv-10049-LJL [rel. No. 1:25-cv-00449]**

Dear Judge Liman.:

On behalf of Plaintiff Blake Lively, we write pursuant to Rule 4.b of Attachment A to Your Honor's Individual Rules[1] to address Jed Wallace and Street Relations Inc.'s (collectively, the "Wallace Parties") letter motion for the continued sealing of documents associated with Ms. Lively's Motion for Spoliation Sanctions. (Dkt. No. 914).[2] Ms. Lively proposes alternative redactions, which she files concurrently herewith under seal.

The Wallace Parties have abused the sealing process by applying extensive, self-serving redactions designed to hide their conduct from public view, while leaving public those portions of the documents and testimony that appear more favorable to them.[3] In its August 29, 2025 order, the Court compelled the Wallace Parties to produce information regarding their work for *other clients*, explaining (as it had previously in its July Order) that Ms. Lively is "entitled to 'test for herself whether the ***digital footprints of other clients have similarities to the work Street Relations is alleged to have done here***.'" (Dkt. No. 727 at 4-5; *see also* Dkt. No. 390 at 2–3 (emphasis added).) The Wallace Parties' proposed redactions clearly seek to prevent the public from understanding these "digital footprints," which go to the heart of Ms. Lively's retaliation case (an issue that is unchanged by the fact they are no longer defendants in this particular action). These "digital footprints" are particularly important to understand here, where the Wallace Parties

---

[1] Rule 4.b of Attachment A to Your Honor's Individual Rules is silent as to the timing for any opposition to a Producing Party's letter motion for the continued redaction or sealing of any materials; that said, Ms. Lively respectfully submits the present opposition letter within the one-week period the Court provides for Producing Parties to move for the continued sealing of any materials. To the extent necessary, Ms. Lively separately moves for leave for the Court to consider the present opposition, which addresses positions advanced by the Wallace Parties that Ms. Lively could not have anticipated when she filed her preliminary motion to seal.

[2] As part of their separate motion to seal, the Wayfarer Defendants did not provide the Court or counsel with their proposed redactions to any exhibits they intend to have re-filed in redacted form. (Dkt. No. 924, at 1 n.1.) Similarly, the Wallace Parties have not separately provided their proposed redactions to Exhibits 1, 4, or 47. (Dkt. No. 914, at 1 n.2.) Accordingly, Ms. Lively expressly reserves the right to later address any additional, improper redactions that either the Wayfarer Defendants or Wallace Parties may propose.

[3] Worse yet, and without first receiving instruction from the Court, the Wallace Parties filed on the public docket their heavily redacted documents, unilaterally de-designating only that information that they view favorable to themselves.

**manatt**

November 12, 2025
Page 2

admitted to auto-deleting Signal communications that would have reflected the work they performed for Wayfarer.

     1.     ***The Redactions (if any) to Exhibit 55 Should Conform With Ms. Lively's Proposed Redactions.***  Only the Wallace Parties have proposed redactions to Exhibit 55, which is Ms. Lively's Third Amended Responses and Objections to Defendant The Agency Group PR LLC's ("TAG") Second Set of Interrogatories, dated October 17, 2025. In her response to Interrogatory No. 21, Ms. Lively describes the extensive evidence of retaliation by demonstrating the "negative content" about her that was amplified, boosted, perpetuated, planted, and/or otherwise manipulated by the Wayfarer Defendants and the Wallace Parties. Attached for the Court's reference are the Wallace Parties' proposed redactions to Exhibit 55, which essentially redact all references to them (the remainder of the response is unredacted as no other party seeks to continue sealing it). Because these proposed redactions suffer from the same flawed reasoning as Exhibits 33, 34, 35, and 37 discussed below, it is respectfully submitted that the Court reject the Wallace Parties' proposed redactions to Exhibit 55 and, instead, instruct them to prepare redactions that conform with those proposed by Ms. Lively.

     2.     ***The Wallace Parties' Proposed Redactions to Exhibit 10 Should Be Denied.*** Exhibit 10 consists of transcript excerpts from Jed Wallace's deposition. As filed, the Wallace Parties propose redacting more than half (17) of the 30 pages of deposition testimony—claiming the testimony includes "sensitive and confidential testimony." (Dkt. No. 914, at 2.)  Because Ms. Lively does not object to the redaction of information that would reveal the *identity* of the clients, there is no basis to assert that the information, stripped of client-identifying material, is otherwise protectible. The Wallace Parties' general descriptions of their work, discussed freely in text messages, should not be hidden from the public. Accordingly, Ms. Lively respectfully requests the Court deny the Wallace Parties' proposed redactions to Exhibit 10, and accept Ms. Lively's sealed counter-proposed redactions.

     3.     ***The Wallace Parties' Proposed Redactions to Exhibits 33, 34, 35, and 37 Should Be Denied.***  Like Exhibit 10 above, as currently proposed, the redactions from these documents hide from the public the work that the Wallace Parties perform for clients—including for the Wayfarer Defendants. Putting aside the identity of these clients, there is nothing remotely confidential or sensitive about these documents to warrant the extensive redactions proposed.  On the contrary, these documents evidence the nature of the "untraceable" efforts that the Wallace Parties undertake for their clients—actions that should not be shielded from the public. Accordingly, Ms. Lively respectfully requests the Court deny the Wallace Parties' proposed redactions to Exhibits 33, 34, 35, and 37 and accept Ms. Lively's sealed counter-proposed redactions to the same, which (again) address the Wallace Parties' third-party privacy concerns.

# manatt

November 12, 2025
Page 3

      The Wallace Parties present no legal or factual basis to justify their over-redactions as permissible under the Protective Order, let alone a justification sufficient to overcome the presumption of public access. *See, e.g.,* Dkt. No. 125; *see also Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 167 n.15 (2d Cir. 2013). That is especially true when the underlying conduct that the Wallace Parties engage in involves, among other things, the manipulation of social media platforms—acts that the public has a right to understand and access. The crux of the Wallace Parties' application seems to rest upon a concern that unsealing this information may lead to public backlash. But it is well-settled that "[i]nformation should not be redacted merely because it might harm a party's public reputation." *Fairstein v. Netflix, Inc.*, 2023 WL 6164293, at *1 (S.D.N.Y. Sept. 21, 2023) (collecting cases). That same principle holds true here and further counsels in favor of denying the Wallace Parties' proposed redactions.

      Respectfully submitted,

      /s/ Esra A. Hudson

| | |
|---|---|
| WILLKIE FARR & GALLAGHER LLP<br>Michael J. Gottlieb<br>2049 Century Park East<br>Los Angeles, California 90067<br>(310) 855-3000<br>mgottlieb@willkie.com<br><br>Kristin E. Bender<br>1875 K Street NW<br>Washington, DC 20006<br>(202) 303-1000<br>kbender@willkie.com<br><br>Aaron E. Nathan<br>Michaela A. Connolly<br>Willkie Farr & Gallagher LLP<br>787 7th Avenue New York, NY 10019<br>(212) 728-8000<br>anathan@willkie.com<br>mconnolly@willkie.com<br><br>DUNN ISAACSON RHEE LLP<br>Meryl C. Governski (admitted *pro hac vice*)<br>401 Ninth Street, NW<br>Washington, DC 20004<br>(202) 240-2900<br>mgovernski@dirllp.com | MANATT, PHELPS & PHILLIPS, LLP<br>Esra A. Hudson (admitted *pro hac vice*)<br>Stephanie A. Roeser (admitted *pro hac vice*)<br>Sarah E. Moses (admitted *pro hac vice*)<br>2049 Century Park East, Suite 1700<br>Los Angeles, CA 90067<br>(310) 312-4000<br>ehudson@manatt.com<br>sroeser@manatt.com<br>smoses@manatt.com<br><br>Matthew F. Bruno<br>7 Times Sq.<br>New York, NY 10036<br>(212) 790-4500<br>mbruno@manatt.com |

      *Attorneys for Blake Lively*