# Jackson Walker LLP

Joel R. Glover
(713) 752-4226 (Direct Dial)
(713) 308-4114 (Direct Fax)
jglover@jw.com

November 13, 2025

**VIA ECF**
The Honorable Lewis J. Liman
Danial Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

  Re: *Lively v. Wayfarer Studios LLC, et al.*, Case No. 1:24-cv-10049-LJL

Dear Judge Liman,

  Jed Wallace ("Wallace") and Street Relations Inc. ("Street"), who have been dismissed from this case as party defendants (collectively, the "Wallace Non-Parties") move for leave to submit the following reply to Blake Lively's ("Lively") letter response (Dkt. 949) to the Wallace Non-Parties' letter motion for continued limited sealing. (Dkt. 914).[1]

  Good cause exists for this request for leave. For one, the circumstances have changed. Though previously ordered to produce highly confidential and sensitive information while they were parties, Wallace and Street have been dismissed for want of jurisdiction and are no longer parties to this litigation. What hasn't changed is that the proposed limited redactions of the confidential and business-sensitive documents the Wallace Non-Parties were previously ordered to produce involve the privacy rights of third parties and Street's own non-public and sensitive business information. In other words, the circumstances before the Court now involve non-parties—the Wallace Non-Parties—seeking to protect their own and other third-party privacy rights for information that bears no relation to Wayfarer, Lively, or the issues in this litigation.

---

[1] In her response, Lively purports to "reserve[] the right to later address any additional, improper redactions" to Exhibits 1, 4, or 47. Non-parties Katie Case ("Case") and Breanna Koslow ("Koslow"), through their counsel, filed a letter for continued sealing addressing (among other exhibits) Exhibits 1 and 47 (Dkt. 918). The Wallace Non-Parties do not seek any further or additional redactions to Exhibit 1 beyond those proposed by non-party Case. Further, both the Wallace Non-Parties and Case said that they seek continued sealing of the entirety of Exhibit 47—a voice memo concerning sensitive and confidential information relating to Street's business engagements or prospective business engagements with non-parties bearing no relation or relevance to Lively, Wayfarer, or any party or issue to this litigation. Lively has known about those proposed sealing requests for a week. But she has not responded or otherwise objected to the non-parties' proposed redactions and requests for continued sealing, nor could she considering the routine practice and endorsement of courts in this Circuit of sealing exhibits including sensitive and confidential business information (particularly where, as here, that information relates to unrelated work for unrelated clients). With respect to Exhibit 4—the deposition testimony of Melissa Nathan—the Wallace Non-Parties maintain they are prepared to submit proposed redactions of this exhibit to the extent additional redactions are needed beyond those proposed by Ms. Nathan.

Lively overstates the facts and disregards the law in her letter response, citing only two cases on basic public access principles already familiar to the Court—without regard for the well-established principles in this Circuit and beyond that the presumption of public access gives way to the privacy interests of third parties. Lively grounds her request to make irrelevant information public on her stated desire to publicize the highly confidential and private information of third parties. For what proper purpose? Lively tells us in her response that she wants this third-party information disclosed because the Wallace Non-Parties were engaged in "the manipulation of social media platforms" (no evidence for this) and because of this, "the public has a right to understand and access." (Dkt. 914 at 3.) But the law tells us something else.

In balancing the considerations against the presumption of public access, "'the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.' . . . Such interests, while not always fitting comfortably under the rubric 'privacy,' are a venerable common law exception to the presumption of access." *See U.S. v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995) (quoting *Application of Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1990)). And Lively may not now intentionally harm the business interests of a non-party (Street) by publicizing its confidential information only because she has approached this litigation that way from the start. *In re B & C KB Holding GmbH*, No. 22-MC-180 (LAK) (VF), 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) ("[C]ourts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information."). For these reasons and those below, the Wallace Non-Parties' letter motion should be granted.

As detailed in the Wallace Non-Parties' motion for continued sealing and redaction, each exhibit identified in Lively's letter response (and the redactions proposed by the Wallace Non-Parties) include confidential, non-public, and business sensitive work of Wallace and Street—wholly unrelated to any parties or issues in this litigation.

With respect to Exhibit 55, Lively claims in her letter response that the interrogatory response including the Wallace Non-Parties' redactions "describes the extensive evidence of retaliation by demonstrating the 'negative content' about her that was amplified, boosted, perpetuated, planted, and/or otherwise manipulated by the Wayfarer Defendants and the Wallace [Non-]Parties." (Dkt. 949 at 2.) But *no document* that Lively cites and quotes for this purpose bears any relation whatsoever to Lively, Wayfarer, or any issues in this case. Lively instead points the Court (and the public) to *other* business-sensitive and confidential communications about Street's other engagements or prospective engagements for unrelated third parties—not Wayfarer, and certainly not Lively. The Wallace Non-Parties of course seek to keep this information under seal, as authorized and routinely ordered by courts in this Circuit—including this Court in this litigation. (*See* Dkt. 736 at 2.)

Lively also complains of the Wallace Non-Parties' proposed redactions to Exhibit 10—Wallace's deposition transcript. Lively takes specific issue with the Wallace Non-Parties' redaction of "more than half" of the pages included in the exhibit. But Lively fails to acknowledge that her counsel devoted *more than half* of the seven-hour deposition to questioning Wallace about unrelated work for unrelated clients bearing no relevance to the parties or issues in this case. Her decision now to include irrelevant testimony in her filings does not make that testimony any less confidential or the privacy interests of unrelated third parties any less protectable.

Finally, Lively complains about the Wallace Non-Parties' redactions to Exhibits 33,[2] 34, 35, and 37—all of which redact highly confidential and non-public business communications between Street and a former prospective client relating to a potential engagement *wholly unrelated* to Street's engagement for Wayfarer. In her letter response, Lively argues "the redactions from these documents hide from the public the work that the Wallace Parties perform for clients—including for the Wayfarer Defendants." (Dkt. 949 at 2.) But her premise is wrong. As the evidence showed before the Court rightly dismissed the Wallace Non-Parties, the Wallace Non-Parties are not hiding any facts related to this case. They did nothing more than social media monitoring for the Wayfarer Defendants, and there is simply no connection—certainly none identified by Lively, admissible or not—between these exhibits Lively complains of and Street's engagement here.

The Wallace Non-Parties' proposed redactions seek to protect from disclosure Street's confidential and sensitive work—the disclosure of which poses privacy risks for both the highly sensitive and non-public business of Street and its clients or prospective clients. The proposed redactions are appropriate, and such information should be maintained under seal. *See Amodeo*, 71 F.3d at 1050–51; *In re B & C KB Holding GmbH*, No. 22-MC-180 (LAK) (VF), 2023 WL 2021299, at *1; *see also* Dkt. 736 at 2 (granting motion for continued sealing where the exhibit "contain[ed] nonpublic information regarding business relationships, particularly undisclosed relationships with clients.").

        Respectfully submitted,

        *Joel R. Glover*
        Charles L. Babcock
        SDNY #5451117
        Joel R. Glover
        SDNY #5697487
        Tori C. Emery (admitted *pro hac vice*)
        JACKSON WALKER LLP
        1401 McKinney, Suite 1900
        Houston, TX 77010
        (713) 752-4200
        cbabcock@jw.com
        jglover@jw.com
        temery@jw.com

cc: all counsel of record (via ECF)

---

[2] Lively's proposed redactions for Exhibit 33 reveal the identity of an unrelated client of Street.