# WILLKIE FARR & GALLAGHER LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

November 14, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Lively v. Wayfarer Studios, LLC, et al.*, No. 24-cv-10049
      *Wayfarer Studios, LLC, et al. v. Lively, et al.*, No. 25-cv-449

Dear Judge Liman:

Plaintiff Blake Lively and former Defendant Ryan Reynolds (the "Lively Parties") respectfully move for leave to file this letter to bring to the Court's attention supplemental authority in support of the Lively Parties' respective pending motions for sanctions pursuant to Federal Rule of Civil Procedure 11 ("Rule 11 Motions"). ECF Nos. 222, 229. Since the Rule 11 Motions were filed in May, fact discovery has further confirmed that the Rule 11 Plaintiffs,[1] through Plaintiffs' Counsel, asserted in their Amended Complaint (ECF No. 50, "FAC") certain claims against the Lively Parties that were "frivolous, legally unreasonable, [] factually without foundation" and brought for an improper purpose. *See* Fed. R. Civ. P. 11; ECF No. 223 at 1–3; ECF No. 230 at 1–4. In the deposition of Defendant Steve Sarowitz, for example, Mr. Sarowitz admitted that he ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Shocking as those admissions were, given that Mr. Sarowitz personally brought claims for civil extortion, defamation, and tortious interference with contract against the Lively Parties, Mr. Sarowitz further testified that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Defendant Jennifer Abel similarly testified that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Her testimony illustrates precisely why sanctions against Plaintiffs' Counsel are appropriate: Plaintiffs' Counsel knew that there was no conceivable factual basis to assert the challenged claims (and that their clients could not articulate any) and nevertheless brought the claims in an effort to harass the Lively Parties, create delay, and increase costs of litigation. *See generally* ECF Nos. 223, 230. The Lively Parties respectfully request that the Court consider this additional evidence when imposing appropriate sanctions in light of the substantial Rule 11 violations set forth in the Motions.

---

[1] Capitalized terms not defined herein should be given the meaning ascribed to them in the Motions.

Background

On May 19, 2025, Ms. Lively filed her Rule 11 Motion. ECF No. 222. That motion outlined in detail how the Rule 11 Plaintiffs each brought multiple claims against Ms. Lively in the FAC absent any legal or factual basis. ECF No. 223 at 6–14. Specifically, Ms. Lively demonstrated that (1) Mr. Sarowitz, Ms. Nathan, Ms. Abel and IEWU LLC each sued Ms. Lively for extortion, despite the FAC containing no facts that Ms. Lively made any extortionate threats against any of them or deprived them of anything at all as a result, (*id.* at 6–10); (2) Mr. Sarowitz, Ms. Nathan, Ms. Abel, Mr. Heath, and IEWU LLC each sued Ms. Lively for interference with a contract and prospective economic advantage in relation to a talent agency, with which they had no contractual or economic relationship at all (*id.* at 11–13); and (3) Mr. Heath, Mr. Sarowitz, Ms. Nathan, and Ms. Abel each sued Ms. Lively for breach of the covenant of good faith and fair dealing, without any allegations in the FAC that any of them were parties to the actor agreement the claim was based on (*id.* at 13–14). Ms. Lively further demonstrated that Plaintiffs' Counsel's repeated public attacks on her illustrate that the Rule 11 Plaintiffs' frivolous claims were brought for the improper purpose of harassing Ms. Lively, causing delay, and increasing the cost of litigation. *Id.* at 14–16.

On May 20, 2025, Mr. Reynolds filed his Rule 11 Motion, similarly asserting that the Rule 11 Plaintiffs' Extortion Claims and Interference Claims were legally unreasonable and factually baseless. ECF No. 230 at 7–11, 14–6. In addition, Mr. Reynolds explained how the Rule 11 Plaintiffs' Defamation Claims against him were also sanctionable, as not one of the Rule 11 Plaintiffs could identify a single defamatory statement that he made concerning them. *Id.* at 11–13.

In their 11-page opposition to those Rule 11 Motions, the Rule 11 Plaintiffs and their counsel did not dispute that their allegations were legally and factually baseless. Instead, their only arguments against the imposition of sanctions were that Rule 11 sanctions were unavailable to address pleadings that could be subject to a Rule 12 motion to dismiss, and that out-of-court statements could not be considered to establish an improper purpose. ECF No. 263.

Supplemental Authority

At his deposition, Mr. Sarowitz was ▮▮▮  Ex. A at 166:11–24 ▮▮▮); *id.* at 176:11–20 ▮▮▮). When asked whether he had any factual basis for his Extortion Claims, Mr. Sarowitz ▮▮▮



*Id.* at 167:8–19. He also could not ■

*Id.* at 167:20–168:9. And when asked about ■ ■, Mr. Sarowitz ■

*Id.* at 176:21–177:21; ECF No. 223 at 12–13; ECF No. 230 at 15–16. Mr. Sarowitz's testimony leaves no doubt that his claims, like those of the other Rule 11 Plaintiffs, were brought without any cognizable factual basis.

The same is true for Ms. Abel, who could not, ■ , Ex. B at 312:7–21, ■ , *id.* at 314:7–315:12. Of course, had such events actually occurred, Ms. Abel would not have had to learn about them for the first time from her attorneys. Ms. Abel ■ *Id.* at 316:2–7; ECF No 223 at 11–14; ECF No. 230 at 14–16. The inescapable conclusion is that the Rule 11 Plaintiffs' Counsel manufactured the challenged claims in an effort to harass the Lively Parties, create undue burden, and increase the costs of the litigation.

For these reasons, and those set forth in the Lively Parties' Rule 11 Motions, the Court should impose sanctions on the Rule 11 Plaintiffs and Plaintiffs' Counsel pursuant to Rule 11.

                    Respectfully submitted,

                    /s/*Michael Gottlieb*

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (admitted *pro hac vice*)
Stephanie A. Roeser (admitted *pro hac vice*)
Sarah E. Moses (admitted *pro hac vice*)
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
7 Times Sq.
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

DUNN ISAACSON RHEE LLP
Meryl C. Governski (admitted *pro hac vice*)
401 Ninth Street, NW
Washington, DC 20004
(202) 240-2900
mgovernski@dirllp.com

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com

Aaron E. Nathan
Michaela A. Connolly
787 7th Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com
mconnolly@willkie.com

*Attorneys for Blake Lively*