USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/17/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
    :
BLAKE LIVELY,    :
    :
                         Plaintiff,    :
    :    24-cv-10049 (LJL)
         -v-    :
    :    MEMORANDUM &
WAYFARER STUDIOS LLC, JUSTIN BALDONI,    :    ORDER
JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH    :
US MOVIE LLC, MELISSA NATHAN, THE AGENCY    :
GROUP PR LLC, JENNIFER ABEL, JED WALLACE,    :
STREET RELATIONS, INC.,    :
    :
                     Defendants.    :
    :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Plaintiff Blake Lively ("Lively") moves to sanction Defendant Jamey Heath ("Heath") for failing to produce all video footage related to the "birth video" that the Court purportedly ordered produced on August 27, 2025. Dkt. Nos. 889, 892. Lively seeks sanctions: (1) directing "Mr. Heath to produce all video footage depicting the birth video, including but not limited to all versions that show the delivery, within three days of the Court's order"; and (2) an order "preclud[ing] Mr. Heath from offering any evidence, including written or oral testimony, on the topic of his showing the birth video (or any portion thereof) to Ms. Lively." Id. at 3. Heath opposes the motion. Dkt. No. 928. The motion is granted in part and denied in part.

On August 4, 2025, Lively moved to compel the Wayfarer Parties[1] to produce a number of documents. Dkt. No. 552. Of particular relevance here, Lively complained that Heath had

---

[1] The Wayfarer Parties are Heath, Wayfarer Studios LLC, Justin Baldoni, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel.

failed to produce documents responsive to her requests regarding her allegation that he had shown her and her assistant a video of his wife giving birth while on the set of the film *It Ends With Us*. Dkt. No. 555 at 19–20. In her complaint, Lively alleges that "Mr. Heath approached [her] and her assistant on set and started playing a video of a fully nude woman with her legs spread apart. Ms. Lively thought he was showing her pornography and stopped him. Mr. Heath explained that the video was his wife giving birth." Dkt. No. 1 ¶ 53. The Wayfarer Parties' complaint against Lively, meanwhile, asserts the following:

> Lively continued with an outrageous and knowingly false suggestion that she was shown pornography or naked images of Heath's wife on set. This allegation knowingly and maliciously misrepresents an instance when in connection with the birthing scene, Heath, at the director's request, attempted to show Lively a video that demonstrated the director's vision for the scene. This video, which ultimately was not shown to Lively (even though she stated she'd like to see it later, as she was eating) is by all accounts beautiful. Since Lively wanted to see it later, what she saw was the first image at the start of the video, which shows Heath's wife, himself, and their baby after his wife gave birth at home (a "natural birth" or "home birth").

Dkt. No. 50 ("Amended Compl.") ¶ 101; *see also Wayfarer Studios LLC v. Lively*, No. 25-cv-449, Dkt. No. 1 ("Compl.") ¶ 101 (S.D.N.Y. Jan. 16, 2025). Lively therefore maintains that she was shown a video of Heath's wife *giving birth*, while Heath maintains that he showed Lively only a video of himself, his wife, and their baby *after the birth*.

Lively grounded her motion to compel documents concerning these allegations in her Requests for Production Nos. 2 and 108. Dkt. No. 553 at 19–20. Request for Production No. 2 states: "If Your answer to any allegation in the Lively Complaint was or will be anything other than an unqualified admission, [You must produce] all Documents and Communications concerning such response." Dkt. No. 554-2 at 71.[2] Request for Production No. 108 calls for:

---

[2] Citations to this docket entry use ECF pagination.

"All Documents and Communications concerning Your allegation in paragraph 101 of the Wayfarer SDNY Complaint that Ms. Lively 'falsely suggest[ed] that she was shown pornography or naked images of Heath's wife on set.'" Dkt. No. 892-5 at 21.[3]

Heath did not oppose the motion to compel responses to these requests and, by order of August 27, 2025, the Court granted Lively's motion as unopposed. Dkt. No. 711 at 2–3.

The current dispute is whether the Court's order granting the motion to compel required production not only of the post-birth video Heath claims he showed Lively, but also of footage which might support Lively's claim that she was shown a video of Heath's wife giving birth. Because the Court's order encompassed more than the video Heath claims he showed Lively, the additional footage should have been produced.

The Local Civil Rules for the Southern District of New York establish certain uniform definitions governing discovery requests. Among the defined terms is "concerning," which means "relating to, referring to, describing, evidencing, or constituting." L. Civ. R. 26.3(c)(7). Thus, Lively's request for "All Documents and Communications *concerning* Your allegation in paragraph 101 of the Wayfarer SDNY Complaint that Ms. Lively 'falsely suggest[ed] that she was shown pornography or naked images of Heath's wife on set'" comprises documents that not only "evidence" Heath's claim that he showed Lively a post-birth video, but also documents more generally "relating to" the allegation that it was "false" that Lively was shown "naked images of Heath's wife," including ones that might support Lively's version of events. Amended Compl. ¶ 101 (emphasis added).[4] Put another way, Paragraph 101 of the Wayfarer Parties' complaint denies Lively's allegation that she was shown a video of Heath's wife giving birth,

---

[3] Citations to this docket entry use ECF pagination.
[4] There is no dispute that the footage qualifies as a "document" or "communication."

and it alleges instead that she was shown a post-birth video.  Lively's requests sought to probe that denial.  That Heath possessed a video of the birth and not just of the moments after the birth would tend to support Lively's claim and to undermine Heath's allegation that Lively's claim was false.  Accordingly, it was insufficient for Heath to produce only what he claimed to have shown Lively.

The Wayfarer Parties argue that Heath does not dispute that he showed Lively a post-birth video, and that the question of what Lively saw will not be resolved by production of all footage.  Dkt. No. 928 at 3.  However, Heath *does* dispute that Lively was shown a video of his wife giving birth.  And the time for Heath to have objected to producing all footage related to that issue was when Lively made her motion to compel, not after he was deposed and was forced to admit the existence of the videos.  Thus, while it may be undisputed at this point that footage exists that resembles what Lively claims she saw, the question for present purposes is not whether producing the footage will decisively resolve exactly what she saw.  Rather, the only question now before the Court is whether it has already ordered production of the footage based on Heath's non-opposition.  It has.

The materials at issue are no doubt extremely sensitive and deeply personal.  They therefore fall within the category of materials in litigation that, while potentially discoverable, are still subject to strict confidentiality provisions preventing public disclosure.  The materials are subject to the Protective Order in this case.  *See* Dkt. No. 125.  And given their sensitivity, it is highly unlikely that their disclosure could ever be warranted.  *See Eckhart v. Fox News Network, LLC*, 2024 WL 4931857, at *4 (S.D.N.Y. Dec. 2, 2024) (collecting cases permanently sealing nude images, even in the context of dispositive motions).

In addition to compelling production of the footage, Lively seeks to preclude Heath from

4

offering evidence on the topic of his showing the birth video (or any portion thereof) to her. Dkt. No. 892 at 3. That request is denied. Federal Rule of Civil Procedure 37(b) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery[,] . . . the court where the action is pending may issue further just orders . . . [including] prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). A district court has "wide discretion in sanctioning litigants appearing before" it. *Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175, 177 (2d Cir. 2008). Among the factors a court is to consider in imposing sanctions under Rule 37(b)(2) are: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (quoting *Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)).

These factors counsel against the relief Lively seeks. First, Heath argues that his failure to provide the footage was not willful because the best reading of the Court's order was that he was only required to turn over the post-birth video described in the Wayfarer Complaint. Dkt. No. 928 at 2. As already explained, the Court disagrees with Heath regarding his reading of the prior order. Heath lodged no objection to producing all documents concerning the allegation that Lively falsely claimed to have been shown nude images of Heath's wife, and those documents included ones that not only supported Heath's allegations, but also any that might have supported Lively's. The Court cannot say, however, that Heath's interpretation was so mistaken or unreasonable as to give rise to an inference of willfulness. Second, Heath has not been warned of the consequences of non-compliance. Third, and perhaps most importantly, lesser sanctions—

namely, production of the footage and payment of Lively's attorneys' fees incurred in making this motion—are sufficient.

The motion is therefore GRANTED IN PART and DENIED IN PART. Heath shall produce the footage within three days of this Order.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 889.

SO ORDERED.

Dated: November 17, 2025
New York, New York

                                        LEWIS J. LIMAN
                                     United States District Judge