```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/17/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
BLAKE LIVELY,                                                      :
:
Plaintiff,                                                         :
:                        24-cv-10049 (LJL)
-v-                                                                :
:                        MEMORANDUM AND
WAYFARER STUDIOS LLC, JUSTIN BALDONI,                              :                             ORDER
JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH                          :
US MOVIE LLC, MELISSA NATHAN, THE AGENCY                           :
GROUP PR LLC, JENNIFER ABEL, JED WALLACE,                          :
STREET RELATIONS, INC.,                                            :
:
Defendants.                                                        :
:
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Plaintiff Blake Lively ("Lively") moves to sanction Defendant Melissa Nathan ("Nathan") for purportedly violating this Court's Order dated August 27, 2025 (the "Order"), which, among other things, directed that Nathan "modify the redactions in [her] previous productions to replace black box redactions with text box redactions indicating the reason for the redaction." Dkt. No. 711 at 2. The Court granted that relief as unopposed. *Id.* at 1–2. Lively now asserts that Nathan is in violation of the Order because Nathan's revised redactions were overbroad and therefore still improper. Dkt. No. 900 at 1–2. Nathan responds that she replaced black-box redactions with text-box redactions, and that the Order required no more. Dkt. No. 935 at 1. The motion for sanctions is denied.

On August 4, 2025, Lively moved to compel the Wayfarer Parties[1] to produce certain

---

[1] The Wayfarer Parties are Nathan, Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, The Agency Group PR LLC, and Jennifer Abel.

documents and to correct other discovery deficiencies. Dkt. No. 552. As relevant here, Lively sought to compel the Wayfarer Parties—and Nathan in particular—to comply with the parties' previous agreement that any documents produced in discovery would "indicate [on their face] the basis for redactions." Dkt. No. 553 at 24. Lively contended that Nathan's production "fail[ed] to indicate the basis for withholding information" and that Nathan should be ordered to do so. *Id.* Lively's reply memorandum of law made no further mention of improper redactions. *See* Dkt. No. 646. In response to the motion to compel, the Wayfarer Parties asserted that they would "modify the redactions in their previous productions as necessary to replace black-box redactions with text-box redactions indicating the reason for redaction where applicable and re-produce the affected documents." Dkt. No. 610 at 13. In its Order addressing the motion to compel, the Court noted the Wayfarer Parties' non-opposition to providing revised redactions, and it granted the motion on that basis. Dkt. No. 711 at 1–2.

Nathan subsequently produced documents bearing revised text-box redactions. Dkt. No. 900 at 1–2. Lively now contends that those revised redactions were "improperly overbroad" and therefore "failed to comply with . . . the Order." *Id.* at 2. Lively notes, for example, that certain materials Nathan has redacted as "non-responsive" are in fact relevant and responsive as indicated by the fact that other parties have produced the same materials in unredacted form. *Id.*

Contrary to Lively's suggestion, the Order did not compel the production of documents bearing black-box redactions. Rather, given Lively's framing of the issue (and the Wayfarer Parties' corresponding response), the Court's directive that Nathan "address [her] improper redactions" meant that Nathan was required to provide revised text-box redactions explaining the reasons for any redactions. Dkt. No. 711 at 1–2. There is no dispute that Nathan did so. Lively now asserts that Nathan's revised redactions are overbroad and therefore "traded one deficiency

for another." Dkt. No. 900 at 1. But the time to raise that argument was before the close of fact discovery. *See Oakley v. MSG Networks, Inc.*, 2025 WL 463214, at *1 (S.D.N.Y. Feb. 7, 2025) (Sullivan, J.) (denying as untimely motion to compel filed after close of fact discovery). There is no contention that Nathan provided her revised redactions after the close of fact discovery, which might excuse the motion's untimeliness. On the contrary, Lively's counsel conferred with counsel for the Wayfarer Parties regarding the revised redactions on September 24, 2025—approximately one week before the end of fact discovery. Dkt. No. 900 at 2–3. Lively asserts that counsel for the Wayfarer Parties were "not prepared" to discuss the redactions at that time, but if that is correct, the appropriate course of action would have been to file a motion to compel before fact discovery ended, not to wait over a month before raising the issue for the Court for the first time. *Id.* at 2.

Because the Order did not require the production of the redacted documents, only additional explanation for their redaction, and because Lively had an opportunity to contest the revised redactions prior to the close of fact discovery but did not do so, her motion for sanctions is DENIED.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 900.

SO ORDERED.

Dated: November 17, 2025
      New York, New York

                               LEWIS J. LIMAN
                           United States District Judge