**LINER FREEDMAN TAITELMAN + COOLEY, LLP**
ATTORNEYS AT LAW

**1801 CENTURY PARK WEST, 5TH FLOOR**
**LOS ANGELES, CALIFORNIA  90067-6007**
TEL: (310) 201-0005
FAX: (310) 201-0045
E-MAIL: bfreedman@lftcllp.com

BRYAN J. FREEDMAN

November 18, 2025

<u>Via ECF</u>
Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

Re:   *Lively v. Wayfarer Studios LLC et. al.*, No. 1:24-cv-10049-LJL;
      rel. *Wayfarer Studios LLC et al. v. Lively et al.*, No. 1:25-cv-00449-LJL

Dear Judge Liman:

  On behalf of Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel (collectively, the "Wayfarer Parties"), we write in response to the letter filed by Blake Lively on November 14, 2025 (Dkt. 972) seeking leave to "supplement" the Rule 11 motions filed by Lively and Ryan Reynolds in May 2025. Dkts. 222 & 229.

  On May 19-20, 2025, Lively and Reynolds filed Rule 11 motions, arguing that the Wayfarer Parties' First Amended Complaint lacked factual allegations sufficient to support their claims and were therefore "legally unreasonable and factually baseless." Dkts. 223, 230. At the time the Rule 11 motions were filed, the Court had not decided the motions to dismiss, which were based on the same pleading deficiencies cited as grounds for Rule 11 sanctions. In opposition, the Wayfarer Parties argued that Rule 11 is not a proper vehicle to challenge pleading deficiencies that were already pending before the Court in the motions to dismiss. The Rule 11 motions were fully briefed by June 10, 2025, when Lively and Reynolds filed their reply briefs. Dkts. 304 & 312. Lively and Reynolds now seek to "supplement" their Rule 11 motions with excerpts from the depositions of Steve Sarowitz and Jennifer Abel, claiming their testimony demonstrates the Wayfarer Parties' counsel's knowledge that "their clients could not articulate any basis to assert the challenged claims." The motion for leave to supplement should be denied for several reasons.

  First, as noted, the Rule 11 motions were fully briefed based on the notice provided. Before imposing any sanction under Rule 11, a district court "must adhere to the procedural rules which safeguard due process rights." *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 57-58 (2d Cir. 2000) (vacating an award of attorneys' fees under Rule 11 to the extent it was based on plaintiffs' discovery misconduct, because Rule 11(d) "excludes from the purview of Rule 11 sanctions, discovery responses and motions that are subject to the provisions of Rules

Hon. Lewis J. Liman
November 18, 2025
Page 2

26 through 37 of the Federal Rules of Civil Procedure"). Chief among these rules is Rule 11(c)(2), which requires the party seeking sanctions to "describe the specific conduct that allegedly violated Rule 11(b)" in its moving papers and give the offending party 21 days before filing the motion to withdraw "the challenged paper, claim, defense, contention or denial." See also Fed. R. Civ. P. 11(b) advisory committee's note to 1993 amendment ("[t]hese provisions are intended to provide a type of 'safe harbor,'" permitting a party or attorney to avoid Rule 11 sanctions by withdrawing the questionable contention within the 21-day period). "'[O]nly conduct explicitly referred to in the instrument providing notice is sanctionable.'" *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012) (quoting *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999)).

Second, the Abel and Sarowitz depositions were not recently discovered evidence, as their depositions were taken on September 26 and October 3, respectively. Lively offers no explanation for filing her letter at this juncture—just days after the Wayfarer Parties' summary judgment motion. Lively's reliance on Sarowitz and Abel's answers to deposition questions about the basis for their legal claims, coupled with the letter's odd timing, reflects an apparent effort to reassert control over the news media cycle.

Third, whether a client can articulate the basis for his or her legal claims at deposition is not the relevant inquiry. Lively and Reynolds mistakenly attempt to draw some importance to the fact that Sarowitz and Abel were unable to answer questions at their depositions concerning the allegations in the complaint "without relying on insights from [their] lawyer." But a party is not expected to answer questions at his or her deposition about the factual basis for his or her legal claims, particularly when, as here, the allegations are based upon counsel's investigation and later discovery rather than the party's personal knowledge. As noted by Lively regarding her own inability to articulate the basis of her claims at deposition, "it makes no sense to suggest that facts in [a party's] *personal knowledge*—as opposed to facts developed from the public record, from the investigations of others, and through discovery—would be particularly relevant to, never mind dispositive of, the nature of [the challenged conduct]." Dkt. 540 (Lively's 8/4/25 motion to strike); *see* Dkt. 582 (order granting 8/4/25 motion to strike). Moreover, a party's inability to articulate the factual basis for his claim at deposition is not even sufficient to warrant summary judgment. *See E.E.O.C. v. Concrete Applied Const. Techs. Corp.*, 511 F. Supp. 2d 334, 349 (W.D.N.Y. 2007) (finding argument that summary judgment is warranted because at his deposition plaintiff "was unable to articulate any factual basis for his claim of discrimination [] meritless").

Fourth, the Sarowitz and Abel testimony ignores other evidence uncovered in discovery, which demonstrates that, in fact, there was ample evidence to support the defamation claim against Reynolds. A document produced by Lively reflects Reynolds ████████████████████████████████████████████████████████████ Freedman Decl., Ex. A. Reynolds also produced documents in this action pursuant to subpoena. Those documents show that, among other things, Reynolds ████████████████████████████████████████████████████████████ Freedman Decl., Exs. B-C. Reynolds told ████████████████████████████████████████████████████████████ Freedman Decl., Exs. D-F. ████████████████████████████████████████████████████████████ Freedman Decl., Ex.

G. Reynolds also remarked to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ Freedman Decl., Ex. H.

The evidence also demonstrates that Reynolds overtly attempted to interfere with Baldoni and Wayfarer's relationship with WME. Reynolds ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ on the Wayfarer Parties. Freedman Decl., Ex. I. Emanuel has since acknowledged responsibility for firing Baldoni from WME.[1] In short, the Wayfarer Parties' claims against Reynolds were not "factually without foundation" (Dkt. 971 at 1) but were, in truth, supported by Reynolds' own written words.

For the foregoing reasons, the Wayfarer Parties respectfully request that the Court strike Lively's letter and accompanying declaration and deny the related motion to seal as moot. If the Court does grant leave to Lively and Reynolds, the Wayfarer Parties respectfully request that the Court grant them leave to file a fulsome substantive response to the letter within two weeks.

Respectfully submitted,

Dated: November 18, 2025
      Los Angeles, CA

LINER FREEDMAN TAITELMAN +
COOLEY, LLP

*/s/ Bryan Freedman*
Bryan J. Freedman (admitted *pro hac vice*)
Ellyn S. Garofalo (admitted *pro hac vice*)
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
       egarofalo@lftcllp.com

---

[1] *See* Dominic Patten, *Blake Lively & Ryan Reynolds Are Ari Emanuel's "Ride Or Die"; Endeavor CEO Gives Power Couple Full-Throated Support In Justin Baldoni Battle*, Deadline (Feb. 14, 2025), available at https://deadline.com/2025/02/blake-lively-ryan-reynolds-ari-emanuel-ride-or-die-1236289420/.

Hon. Lewis J. Liman
November 18, 2025
Page 4

    MEISTER SEELIG & FEIN PLLC
    Mitchell Schuster
    Kevin Fritz
    125 Park Avenue, 7th Floor
    New York, NY 10017
    Tel: (212) 655-3500
    Email: ms@msf-law.com
           kaf@msf-law.com

    AHOURAIAN LAW
    Mitra Ahouraian (admitted *pro hac vice*)
    2029 Century Park East, 4th Floor
    Los Angeles, CA 90076
    Tel: (310) 376-7878
    Email: mitra@ahouraianlaw.com

    SHAPIRO ARATO BACH LLP
    Alexandra A. E. Shapiro
    Jonathan Bach
    Alice Buttrick
    Jason A. Driscoll
    1140 Avenue of the Americas, 17th Floor
    New York, NY 10036
    Tel: (212) 257-4881
    Email: ashapiro@shapiroarato.com
           jbach@shapiroarato.com
           abuttrick@shapiroarato.com
           jdriscoll@shapiroarato.com

cc: all counsel of record (via ECF)