**manatt**

Esra A. Hudson
Manatt, Phelps & Phillips, LLP
Direct Dial: (310) 312-4381
ehudson@manatt.com

November 19, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1620
New York, NY 10007

Re: <u>*Lively v. Wayfarer Studios LLC, et al.*</u>**, No. 1:24-cv-10049-LJL [rel. No. 1:25-cv-00449]**

Dear Judge Liman:

In accordance with Rules 1.C and 1.D of Your Honor's Individual Practices in Civil Cases, and Rule 4.b of Attachment A thereto, Plaintiff Blake Lively writes to respectfully request a two-and-a-half week extension of the current deadline for all parties and third-parties to move for the continued sealing of documents filed under seal in connection with the Wayfarer Defendants' November 12, 2025 motion for summary judgment against Ms. Lively (Dkt. No. 952 (the "Motion").), extending from the current November 20 deadline through December 8. Ms. Lively makes this motion only after extensive efforts to meet and confer with the Wayfarer Defendants to develop a workable and fair plan for handling sealing motions in connection with summary judgment, without success.

As part of their Motion, the Wayfarer Defendants filed more than 275 exhibits. (*See* Dkt. Nos. 954, 957.) Of those, 183 exhibits were filed under seal, but were not served upon Ms. Lively until after the November 12 summary judgment filing deadline. In addition to the more than 100 sealed exhibits that are documents produced by or otherwise involving Ms. Lively, the Wayfarer Defendants filed under seal confidential documents and deposition testimony involving fifteen third parties. Despite implicating the rights of these fifteen third parties, the Wayfarer Defendants apparently did not notify these parties until *yesterday* that documents and/or testimony that they provided were filed under seal as part of the Motion. This plainly violates Rule 4.b of Attachment A to Your Honor's Individual Rules. Further, on at least two occasions, Ms. Lively has learned that the Wayfarer Defendants have represented to third parties that the Wayfarer Defendants and Ms. Lively have reached an "agreement" to extend the current deadline for continued sealing to November 26, which is not accurate.[1]

Prior to making the present letter motion, Ms. Lively requested, as a professional courtesy, the Wayfarer Defendants' agreement to a three-week extension of the current sealing deadline, which would afford Ms. Lively (as well as the other third parties) sufficient time to review the more than 180 documents filed under seal, while also accounting for the twelve noticed expert depositions before December 12, Ms. Lively's opposition to the Motion (due December 3), opposition to the Motion for Judgment on the Pleadings (also due December 3), and Reply in

---

[1] The Wayfarer Defendants claim these misstatements were made in "error." *See* **Exhibit A**.

# manatt

November 19, 2025
Page 2

support of Ms. Lively's Motion for Spoliation Sanctions (due December 5). Ms. Lively has granted similar courtesies to the Wayfarer Defendants in relation to her Motion for Spoliation Sanctions, without requesting anything in return. (Dkt. No. 878 (agreeing to 22-day extension of deadline to file opposition to Ms. Lively's motion for spoliation sanctions); Dkt. No. 887 (agreeing to 7-day extension of deadline to seek the continued sealing of exhibits filed under seal in relation to Ms. Lively's motion for spoliation sanctions).)[2] However, the Wayfarer Defendants rejected Ms. Lively's request and offered one week, to November 26, which is one day before Thanksgiving.

Ms. Lively now regrettably makes this letter motion seeking to extend the current November 20 deadline for all parties and third-parties to seek the continued sealing to December 8. No previous requests for adjournment or extensions of time have been made with respect to this deadline. Counsel for the Jones Parties (Jonesworks LLC and Stephanie Jones) consent to this request; the Wayfarer Defendants oppose. The date of the parties' next scheduled appearance before the Court is December 9, 2025.

Alternatively, in an effort to promote judicial economy and avoid piecemeal motion practice, Ms. Lively requests that the Court extend and modify the timeline set forth in Rule 4.b of Attachment A to the Your Honor's Individual Rules and Practices in connection with the Motion. Specifically, Ms. Lively requests that the Producing Parties who may wish to move for continued sealing or redaction of any materials submitted in connection with the Motion, be permitted to file a single, omnibus submission addressing all such requests within one week of the Motion being fully briefed, or by **December 19, 2025**. If adopted, that procedure would permit the Court to review all of the sealing and redaction issues in connection with the Motion at once, aided by a single letter from each Producing Party, and without receiving a fresh wave of such letters each time the motion, opposition, and reply papers are submitted. It would also serve the interests of public access in connection with the papers supporting and opposing summary judgment for there to be a single moment of unsealing that is not specifically connected to which party submitted the evidence, when the Court is able to resolve all the sealing issues simultaneously in a single decision. *See, e.g.*, Dkt. No. 736, Dkt. No. 688; *Robinson v. De Niro*, 2023 WL 3728350, at *1 (S.D.N.Y. May 26, 2023).

Ms. Lively suggested this alternative proposal to the Wayfarer Defendants, who did not agree and who oppose this request. Counsel for the Jones Parties consent to this alternative request. It is respectfully submitted that this proposal will aid judicial and party efficiency in confronting the volume of proposed redacted material that will be submitted in support of and in opposition to the Motion.

---

[2] As part of her Motion for Spoliation Sanctions, Ms. Lively filed 51 exhibits under seal—less than a third of the total exhibits filed by the Wayfarer Defendants in their Motion. (*See, e.g.*, Dkt. No. 874 (sealed filing).)

# manatt

November 19, 2025
Page 3

                                                                                       Respectfully submitted,

                                                                                       /s/ Esra A. Hudson

| | |
|---|---|
| WILLKIE FARR & GALLAGHER LLP<br>Michael J. Gottlieb<br>2049 Century Park East<br>Los Angeles, California 90067<br>(310) 855-3000<br>mgottlieb@willkie.com<br><br>Kristin E. Bender<br>1875 K Street NW<br>Washington, DC 20006<br>(202) 303-1000<br>kbender@willkie.com<br><br>Aaron E. Nathan<br>Michaela A. Connolly<br>Willkie Farr & Gallagher LLP<br>787 7th Avenue New York, NY 10019<br>(212) 728-8000<br>anathan@willkie.com<br>mconnolly@willkie.com<br><br>DUNN ISAACSON RHEE LLP<br>Meryl C. Governski (admitted *pro hac vice*)<br>401 Ninth Street, NW<br>Washington, DC 20004<br>(202) 240-2900<br>mgovernski@dirllp.com | MANATT, PHELPS & PHILLIPS, LLP<br>Esra A. Hudson (admitted *pro hac vice*)<br>Stephanie A. Roeser (admitted *pro hac vice*)<br>Sarah E. Moses (admitted *pro hac vice*)<br>2049 Century Park East, Suite 1700<br>Los Angeles, CA 90067<br>(310) 312-4000<br>ehudson@manatt.com<br>sroeser@manatt.com<br>smoses@manatt.com<br><br>Matthew F. Bruno<br>7 Times Sq.<br>New York, NY 10036<br>(212) 790-4500<br>mbruno@manatt.com |

                                              *Attorneys for Blake Lively*