

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880 | fax: 212-202-6417
www.shapiroarato.com

Alexandra A.E. Shapiro
ashapiro@shapiroarato.com
Direct: 212-257-4881

November 19, 2025

**VIA ECF**

The Honorable Lewis J. Liman
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl St., Room 1620
New York, NY 10007

  Re: *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL

Dear Judge Liman:

  The Wayfarer Parties (Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Jennifer Abel, Melissa Nathan, and TAG) respectfully write to oppose Lively's request for a multi-week extension of her time to file motions to seek sealing of summary judgment materials. (Dkt. 985).

  As Your Honor well knows and has stated in prior orders in this case (*see, e.g.*, Dkt. 848 at 2-3), "[t]he Supreme Court and Second Circuit have long held that there is a presumption of immediate public access to judicial documents under both the common law and the First Amendment." *Lohnn v. Int'l Bus. Machs. Corp.*, 2022 WL 36420, at *6 (S.D.N.Y. Jan. 4, 2022) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006)). This presumption is especially strong where the materials are filed in connection with summary judgment. *See Olson v. Major League Baseball*, 29 F.4th 59, 90 (2d Cir. 2022).

  The public's right of access cannot be needlessly delayed. "For the right of access to justify its purpose, it must be a right of timely access." *Courthouse News Serv. v. Corsones*, 131 F.4th 59, 67 (2d Cir. 2025). Accordingly, the Second Circuit has warned that "each passing day may constitute a separate and cognizable infringement of the First Amendment," and "long delays in adjudication based on secret documents" impede "the public's ability to properly monitor the work of the courts." *Lugosch*, 435 F.3d at 126-27.

  As Lively notes, the Wayfarer Parties have no objection to a one-week extension, doubling the time allotted under Your Honor's Individual Practices.[1] Any further extension is wholly unnecessary and would contravene Second Circuit law. Lively's lengthy letter does not even acknowledge this clear and binding precedent, and she certainly provides no compelling reason to depart from it.

---

[1] The Wayfarer Parties have also offered to handle redactions of personal identifying information on any document that is unsealed before re-filing.

Hon. Lewis J. Liman
November 19, 2025

      Lively complains about reviewing 100 exhibits for various reasons, including that they were provided to her two hours after midnight, instead of at midnight on the dot. But the documents at issue do not require any detailed analysis. They are not trade secrets or technical documents or customer lists. They are primarily emails and text messages for which there is no colorable basis to seal, which is precisely why the Wayfarer Parties have unsealed all of their own comparable materials. Many of these documents should come as no surprise to Lively, as they were used as deposition exhibits and even as the basis for her own pleadings. Moreover, no one can dispute that Lively, who is represented by numerous global law firms, has numerous lawyers available who are intimately familiar with the facts and could promptly conduct a review.

      Lively also claims a further extension is needed to accommodate various third parties. Not one of those parties has asserted any need for any further extension themselves, no doubt because no third party has more than 25 documents to review, and most have far fewer.

      Lively's account of the negotiations around the issues also conspicuously omits the history of the parties' discussions on this issue, which suggests that details such as the number of exhibits involved and when exactly they were served are not the true basis for Lively's extension request. In particular, Lively fails to acknowledge that she proposed the same extension of sealing to the Wayfarer Parties even before any summary judgment motion was filed, and before she knew how many exhibits might be sealed or what time they would be served. And although the Wayfarer Parties believed, based on the parties' earlier discussions of this issue, that Lively would be filing a summary judgment motion of her own, the Wayfarer Parties still rejected her proposal, explaining that it was inconsistent with Second Circuit law and the public's right of access. In other words, the Wayfarer Parties were willing to adhere to the same time constraints for sealing motions themselves. *See* Dkt. 985-1 at 6. Notably, since the Wayfarer Parties filed their summary judgment motion a week ago, Lively's counsel has made no effort to have any meet and confer concerning the substance of any document that they maintain should or should not be sealed.

      Whatever the reason for Lively's dilatory tactics, her request for further extensions cannot be squared with Second Circuit law and should be rejected.

                                                                   Respectfully submitted,

Hon. Lewis J. Liman
November 19, 2025

/s/ Alexandra A.E. Shapiro
Alexandra A.E. Shapiro
Jonathan P. Bach
SHAPIRO ARATO BACH LLP
1140 Avenue of the Americas, 17th Floor
New York, New York 10036
(212) 257-4880
ashapiro@shapiroarato.com
jbach@shapiroarato.com

LINER FREEDMAN TAITELMAN + COOLEY, LLP
Bryan J. Freedman (pro hac vice)
Ellyn S. Garofalo (pro hac vice)
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
bfreedman@lftcllp.com
egarofalo@lftcllp.com

MEISTER SEELIG & FEIN PLLC
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
ms@msf-law.com
kaf@msf-law.com

AHOURAIAN LAW
Mitra Ahouraian (pro hac vice)
2029 Century Park East, 4th Floor
Los Angeles, CA 90067
Tel. (310) 376-7878
mitra@ahouraianlaw.com

*Attorneys for the Wayfarer Parties*

cc:   All counsel (by ECF)