# WILLKIE FARR & GALLAGHER LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

November 19, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Lively v. Wayfarer Studios LLC, et al.*, No. 1:24-cv-10049 (LJL)

Dear Judge Liman:

Pursuant to Rules 1(C) and 4(C) of the Court's Individual Rules and Practices, Plaintiff Blake Lively respectfully moves for relief pursuant to Federal Rule of Civil Procedure 36(a)(3). In particular, Ms. Lively seeks this Court's confirmation that Ms. Lively's requests for admission ("RFAs"), as described herein, are deemed admitted by operation of Rule 36 due to the Wayfarer Defendants' failure to provide timely responses pursuant to the parties' agreed-to extension.

Under this Court's Case Management Plan, RFAs were initially due to be served on September 30, 2025. Dkt. 403. On October 3, 2025, the Court ordered that the parties should serve all RFAs by October 10, 2025, and that such requests would be limited exclusively to authentication. Dkt. 846. Pursuant to the Court's order, on October 10, 2025, Ms. Lively served a combined set of 557 RFAs seeking authentication to the Wayfarer Defendants (with a separate set to the Wallace Defendants), later emailing regarding a set of typographical corrections as to 10 of the RFAs on October 31, 2025.[1] Bender Decl. ¶ 3, Exs. A, B. Many of the RFAs included the involvement of multiple of the Wayfarer Defendants.[2] The Wayfarer Defendants did not serve RFAs or move for a protective order on the grounds that the collective service of the RFAs was improper.

The Wayfarer Defendants' deadline for serving responses to the RFAs was November 10, 2025. On November 7, 2025, at the request of counsel for the Wayfarer Defendants, the parties

---

[1] RFA Nos. 109, 116, 128, 207, 317-19, 346, 457, 448.

[2] *See, e.g.*, BALDONI_000015449 (Jamey Heath, Jennifer Abel, Justin Baldoni, Melissa Nathan); WAYFARER_000141577 (Jamey Heath, Jennifer Abel, Justin Baldoni, Melissa Nathan); ABEL_000019493 (Steve Sarowitz, Jamey Heath, Jennifer Abel, Justin Baldoni, Melissa Nathan); BBKOSLOW-000002564 (Steve Sarowitz, Jamey Heath, Jennifer Abel, Justin Baldoni, Melissa Nathan); ABEL_000005055 (Jamey Heath, Jennifer Abel, Justin Baldoni, Melissa Nathan); BALDONI_000025593 (Steve Sarowitz, Jamey Heath, Jennifer Abel, Justin Baldoni, Melissa Nathan); SAROWITZ_000001253 (Steve Sarowitz, Jamey Heath, Jennifer Abel, Justin Baldoni, Melissa Nathan).

conferred regarding the possibility of reaching a stipulation regarding authenticity. During the conferral, counsel for the Wayfarer Defendants requested an extension for the RFA responses, and specifically stated that the extension could avoid the service of the Wayfarer Defendants' objections to the RFAs. Bender Decl. ¶ 4. Shortly after the conferral, counsel for Ms. Lively granted the extension, conditioned on obtaining a substantive response by the extended deadline:

> Following up on our conferral, Ms. Lively is amenable to extending the deadline for responding to the RFAs from 11/10 to 11/13, as requested. **This extension is premised on the understanding that by November 13 the Wayfarer Defendants will identify with specificity (i.e., by Bates, RFA number, or similar) which documents they will and will not stipulate to the authenticity of, and that such response accounts for the clerical corrections conveyed by email on October 31, 2025.** We can make ourselves available thereafter to continue discussions regarding the scope of stipulation discussed on our call.

Bender Decl. ¶ 5, Ex. C.

On November 13, despite that the parties had not agreed to an extension allowing the Wayfarer Defendants to serve objections after the November 10 initial deadline, the Wayfarer Defendants served boilerplate objections to Ms. Lively's RFAs apparently as a placeholder exercise, with each objection stating that "Responding Parties object that this Request is defective in form in that it does not seek an admission by an individual party based on that party's personal knowledge. Instead, the Request is directed to eight parties collectively, seeking a collective admission without regard to the individual knowledge of a particular party. Accordingly, the Request cannot be answered in its current form with a simple admit or deny without an explanation." Ex. D. The Wayfarer Defendants made no other specific objections as to Ms. Lively's RFAs. In violation of the parties' agreement providing the conditions for the extension, counsel for the Wayfarer Defendants failed to indicate the documents that would be subject to stipulation. Ex. E. Instead, they stated that they would do so early the following week. *Id.* At this time of this filing, the Wayfarer Defendants still have not provided the information. Bender Decl. ¶ 7.

Pursuant to Federal Rule of Civil Procedure 36, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Additionally, "[a] shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court." *Id.* "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). In responding to a properly stated request, a party must make "reasonable inquiry" of "knowledge and information as are readily obtainable by him" that allows him to fairly admit or deny the request. Fed. R. Civ. P. 36(a) and Advisory Committee Notes to 1970 amendment. "Because rule 36 admission requests serve the highly desirable purpose of eliminating the need for proof of issues upon trial, there is a strong disincentive to finding an undue burden [in responding] where the responding party can make the necessary inquiries without extraordinary expense or effort...." including inquiries of other defendants, agents, and employees. *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 43 (S.D.N.Y. 1997) (quoting *Al–Jundi v. Rockefeller*, 91 F.R.D. 590, 594 (W.D.N.Y. 1981)). Parties may respond to collectively served

RFAs by individual responses. *See Williams v. City of Albany*, 2019 WL 4071777, at *2 (N.D.N.Y. Aug. 28, 2019); *see also Allstate Life Ins. Co. v. Mota*, 2022 WL 1606449, at *8 (S.D.N.Y. May 20, 2022) (Liman, J.) ("When a document has been authenticated by a party, the requirement of authenticity is satisfied as to that document for all parties, subject to the right of any party to present evidence disputing its authenticity.").

The Wayfarer Defendants had until the party-agreed extended deadline of November 13 to provide the agreed-to information relevant to Ms. Lively's RFAs. When the Wayfarer Defendants failed to so, Rule 36 had the automatic effect of deeming each of Ms. Lively's RFAs to be admitted and conclusively established. Fed. R. Civ. P. 36(a). The Wayfarer Defendants have not offered any "meaningful explanation either for [their] tardiness or for [their] failure to seek more time . . . to meet [their] obligations under Rule 36." *Keawsri v. Ramen-Ya Inc.*, 2021 WL 3540671, at *4 (S.D.N.Y. Aug. 10, 2021) (Liman, J.) (quoting *S.E.C. v. Thrasher*, 1996 WL 460148, at *1 (S.D.N.Y. Aug. 13, 1996)). Their only explanation is to suggest that the "volume of documents" has caused a delay, but the volume of documents is reasonable given the number of parties and claims. *See S.E.C. v. Rayat*, 2022 WL 1606953, at *2 (S.D.N.Y. May 19, 2022) (Liman, J.) (rejecting argument as to excessive volume of RFAs). Nor do the Wayfarer Defendants' objections satisfy the response deadline, as they fail to satisfy the both parties' agreed-to conditions for the extension, as well as are patently deficient on their face. Therefore, this Court should confirm that pursuant to Rule 36, Ms. Lively's RFAs (as modified by the typographical corrections conveyed on October 31, 2025) are deemed admitted. *See Keawsri* , 2021 WL 3540671, at *4; *Gibson v. SCE Grp., Inc.*, 391 F. Supp. 3d 228, 250 (S.D.N.Y. 2019) (deeming facts conclusively established where responding party neither timely responded to requests for admission).

While the Court has general discretion to allow for more time or permit exceptions to such admissions, the Court should decline to do so given that the Wayfarer Defendants have made clear with their objections that they never intended (despite having the ability) to substantively respond to Ms. Lively's RFAs, and have also indicated that they do not intend to enter into a stipulation that would encompass all documents currently admitted as to Ms. Lively's RFAs, such as those produced by third parties and the majority of online articles (which they maintain would require authentication via testimony by each relevant author or journalist at trial). Bender Decl. ¶ 4, Ex. D. Ms. Lively is eager to achieve a stipulation with the Wayfarer Defendants on authentication to streamline the presentation of evidence at trial, proposed such a stipulation on November 17 to avoid this filing (but did not hear back), and will continue to engage in good-faith negotiations on the subject. Bender Decl. ¶ 8. Meanwhile, however, Ms. Lively should not be deprived of the admissions as to authenticity as to the RFAs she has served, and to which the Wayfarer Defendants have declined to substantively respond, particularly where they also have failed to timely present their position on stipulated authentication that could have resolved this issue.

                Respectfully submitted,

                /s/ Michael J. Gottlieb
                Michael J. Gottlieb
                Kristin E. Bender
                Willkie Farr & Gallagher LLP
                1875 K Street NW

Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com

Aaron E. Nathan
Michaela A. Connolly
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com
mconnolly@willkie.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (*pro hac vice*)
Stephanie A. Roeser (*pro hac vice*)
Manatt, Phelps & Phillips LLP
2049 Century Park East, Suite 1700
Los Angeles, California 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
Manatt, Phelps & Phillips, LLP
7 Times Sq
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

DUNN ISAACSON RHEE LLP
Meryl C. Governski (*pro hac vice*)
401 Ninth Street, NW
Washington, DC 20004
(202) 240-2900
mgovernski@dirllp.com

*Attorneys for Blake Lively*