# WILLKIE FARR & GALLAGHER LLP

1875 K Street, N.W.<br>
Washington, DC 20006-1238<br>
<br>
Tel: 202 303 1000<br>
Fax: 202 303 2000

November 19, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *Lively v. Wayfarer Studios LLC, et al.*, No. 1:24-cv-10049 (LJL)

Dear Judge Liman:

     Plaintiff Blake Lively respectfully writes this Court in support of the motion of Stephanie Jones and Jonesworks LLC (the "Jones Parties") seeking that this Court compel third-party Katherine Case to produce relevant, non-privileged materials in response to the Rule 45 subpoenas duces tecum served on her. ECF No. 166.[1] The documents sought by the Jones Parties should have been produced to Ms. Lively months ago in accordance with this Court's order. *See* Exs. A, B. Instead, Ms. Lively only learned of their existence when Ms. Case "confirmed that she possessed" and "agreed to produce" certain documents in response to the Jones Parties' supplemental subpoena. ECF No. 166 at 2. Lively respectfully submits that the documents the Jones Parties seek are highly relevant to the above-captioned matter as they will meaningfully assist the jury in assessing the credibility and truthfulness of key witnesses at Ms. Lively's fast-approaching trial against the Wayfarer Defendants.

     On June 24, 2025, the Court issued an order, *inter alia*, "compelling the production of documents responsive to requests 1, 5, 6, and 7 of the subpoena[]" directed to Ms. Case. Ex. B at 24:6–10. That order required Ms. Case to produce "[a]ll Documents and Communications concerning" (1) the Digital Campaign, which was defined as "efforts of the Wayfarer Defendants" (including TAG, Ms. Nathan, Mr. Wallace, and Street Relations) "to communicate information regarding . . . ***the Actions*** on any Social Media, news outlet, ***or other internet platform***;" and (2) the "Actions." Ex. A. at 4–5, 7, 15 (emphasis added). "The Actions" was defined to "collectively refer[] to" cases including "(d) *Jones v. Jennifer Abel et al.*, United States District Court for the Southern District of New York (NYS Case No. 659849/2024; SDNY Case No. 1:25-cv-00779) . . . as well [as] the factual allegations or claims contained in all pleadings" (the "Jones Action"). *Id.* at 1.

     The complaint filed in the Jones Action is replete with factual allegations and claims related to the creation of a derogatory website relating to Ms. Jones, as well as the placement of the Business Insider article *Who's Afraid of Stephanie Jones?* (the "Business Insider Article."). *See,*

---

[1] "ECF No." refers to the docket in *Jones v. Abel*, Case No. 1:25-cv-00779-LJL.

*e.g.*, ECF No. 1-1 ¶ 23 (bringing claims against "unknown individuals who created and published the defamatory website www.stephaniejonesleaks.com and www.stephaniejoneslies.com, as well as more than a dozen fake social media accounts and dark web accounts that defamed Jones and Jonesworks" (the "John Doe Defendants")); *id.* ¶ 88 (claiming the Business Insider Article "was highly critical of Jones, including by referencing and amplifying the anonymous disparaging website . . . which had been recently posted online by the John Doe Defendants"); *id.* ¶ 92 (asserting "on information and belief" that the John Doe Defendants "were acting in concert with Abel and Nathan" when "publish[ing] two false and defamatory websites about" the Jones Parties).

Ms. Case's recent apparent agreement to compile and produce documents to the Jones Parties "regarding or relating to any websites or social media posts concerning or relating to Stephanie Jones," and/or "relating in any way to what ultimately became the Business Insider [A]rticle," now confirms ***that there are documents responsive to Ms. Lively's document requests that were improperly withheld.*** *See* ECF No. 168-5. And, to the extent those documents were sent to or from (or copied) Melissa Nathan or Jed Wallace, those documents would not only be responsive, but potentially further evidence of spoliation by Ms. Nathan and/or Mr. Wallace. Ms. Case has consented to produce these documents subject to this Court's resolution of the Wayfarer Parties' belated and waived objections, and good cause exists to compel the production over the Wayfarer Parties' objections.[2] These documents should have been produced during discovery, and are highly relevant to key credibility determinations of witnesses in Ms. Lively's forthcoming trial—including particularly the credibility of Ms. Nathan—which is precisely why the Wayfarer Defendants seek to have them excluded.

Ms. Case, who has worked intimately with Ms. Nathan over the years and as her employee at TAG, admitted during her deposition that, in collaboration with Melissa Nathan, she had personal involvement in providing written content for the *Stephanie Jones Leaks* website, a related X account, and similar websites. ECF Nos. 112, 122, 168-1 at 375:18–24, 168-2, 168-3, 170-3, 170-4, 170-5. By contrast, ▮▮▮ ECF No. 168-4 at 131:20–135:4, 137:3–139:12. But ▮▮▮ *See id.* at 132:14–23 (▮▮▮)

The testimony of Ms. Nathan and Ms. Case on this subject—all of which was under oath—cannot be reconciled. Given that Ms. Lively expects to call both Ms. Nathan and Ms. Case at trial, any remaining un-produced documents that bear on these facts is essential to allowing a jury to assess each witness' credibility (the same goes for Mr. Wallace as to his sworn deposition testimony). *See Nimely v. City of N.Y.*, 414 F.3d 381, 397 (2d Cir. 2005) ("It is a well-recognized principle of our trial system that determining the weight and credibility of [a witness's] testimony… belongs to the jury") (cleaned up); *Lewis v. Am. Sugar Refining, Inc.*, 325 F. Supp.

---

[2] In their opposition, the Wayfarer Parties state that Ms. Nathan "has a proprietary interest *in at least some* of the documents, which involve her clients," but indicating she does not have an interest in all of the documents, eliminating Ms. Nathan's basis to preclude production of such documents. *See* ECF No. 177 at 1 n.2.

3d 321, 341 (S.D.N.Y. 2018) ("It is the province of the jury to weigh the conflicting testimony to determine which side is credible."). Further, the Wayfarer Defendants' defense case will rest heavily on Melissa Nathan's ███████████████████████████████████████ *Compare, e.g.*, Ex. C, at NATHAN_000005554 (███████████████████████████████████████ ███████████████████████████████████████), *with* Ex. D at 155:10–13 ("███████████████████████████████████████ ███████████. If Melissa Nathan's ███████████████████████████ are revealed to be false or misleading, which Ms. Case's documents may well establish, then her nearly identical denials regarding digital activities relating to the retaliation campaign would be largely if not wholly discredited. Given that the additional discovery will reveal the basis (or lack of basis) for Ms. Nathan's and Ms. Case's testimony bearing on Ms. Lively's central claim of retaliation, alongside the issues in the related case, it is clear "that any information that would be discovered through [the additional discovery] is truly necessary to the prosecution of the claims." *Trott v. Deutsche Bank AG*, 2024 WL 1994342, at *1 (S.D.N.Y. May 6, 2024) (reopening limited discovery where parties were diligent in pursuing documents and the discovery sought was "highly relevant"); *In re Rule 45 Subpoena*, 319 F.R.D. 132, 134-35 (S.D.N.Y. 2016) (allowing discovery into documents that were "plainly relevant" to claims).

Accordingly, Ms. Lively respectfully submits that the discovery sought by the Jones Parties, which should have been produced to Ms. Lively months ago, will have a substantial bearing on the above-captioned matter, assuming this Court permits the consented-to discovery as to this discrete issue. *See Furry Puppet Studio Inc. v. Fall Out Boy*, 2020 WL 4978080, at *1 (S.D.N.Y. Feb. 24, 2020).

Respectfully submitted,

/s/ Michael J. Gottlieb
Michael J. Gottlieb
Kristin E. Bender
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com

Aaron E. Nathan
Michaela A. Connolly
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com
mconnolly@willkie.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (*pro hac vice*)
Stephanie A. Roeser (*pro hac vice*)
Manatt, Phelps & Phillips LLP
2049 Century Park East, Suite 1700
Los Angeles, California  90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
Manatt, Phelps & Phillips, LLP
7 Times Sq
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

DUNN ISAACSON RHEE LLP
Meryl C. Governski (*pro hac vice*)
401 Ninth Street, NW
Washington, DC 20004
(202) 240-2900
mgovernski@dirllp.com

*Attorneys for Blake Lively*