# EXHIBIT 53

CONFIDENTIAL

Page 1

```
 1            UNITED STATES DISTRICT COURT
 2         FOR THE SOUTHERN DISTRICT OF NEW YORK
 3                      ---oOo---
 4
 5   BLAKE LIVELY,
 6              Plaintiff,
 7     vs.        CASE NO. 24-CV-10049-LJL (LEAD CASE)
                            25-CV-449 (LJL) (MEMBER CASE)
 8
     WAYFARER STUDIOS LLC, ET AL.
 9
                Defendants.
10   _____
     JENNIFER ABEL,
11              Third-party Plaintiff,
       vs.
12   JONESWORKS, LLC,
                Third-party Defendant.
13   _____
     WAYFARER STUDIOS LLC, et al.
14              Consolidated Plaintiffs,
       vs.
15   BLAKE LIVELY, et al.
                Consolidated Defendants.
16   _____
17                   **CONFIDENTIAL**
18
19      VIDEO-RECORDED DEPOSITION OF MELISSA NATHAN
20               Los Angeles, California
21              Monday, September 29, 2025
22
23   Stenographically Reported by:  Ashley Soevyn,
     CALIFORNIA CSR No. 12019
24
25
```

Page 51

1  Q   You don't know, as you sit here today,
2  whether you sent or received a single message on
3  Signal in August of 2024 relating to this -- this
4  matter?
5     A   I don't know.
6     Q   You used Signal when you communicate with
7  Jed Wallace; is that right?
8     A   Amongst other things, yes.
9     Q   What other things?
10    A   Telephone.
11    Q   What else?
12    A   Text.
13    Q   What else?
14    A   Email.
15    Q   What else?
16    A   To the best of my knowledge, that's it.
17    Q   Voice memos?
18    A   I don't send voice memos.
19    Q   Have you received voice memos from
20 Mr. Wallace?
21    A   Yes.
22    Q   Do any of those voice memos have an auto
23 delete function attached to them?
24    A   I'm not sure.
25    Q   Do you have any understanding of what the

CONFIDENTIAL

Page 52

```
 1   auto deleted function was set to on your Signal
 2   threads, what your, sort of, standard is that you
 3   use?
 4             MR. FREEDMAN:  Objection.
 5             THE WITNESS:  On which particular thread?
 6   You have to be more specific.
 7   BY MR. GOTTLIEB:
 8        Q    Well, you don't have a recollection of
 9   when you started using Signal for the Wayfarer
10   parties, right?
11        A    No.
12        Q    I'm trying to just ask you generally
13   because you don't have that recollection --
14        A    Uh-huh.
15        Q    -- if you know -- generally speaking, if
16   you have a typical period of time that you use for
17   your client work when you're using a Signal thread?
18        A    I do not know.
19        Q    How about with Mr. Freedman; you are on
20   Signal threads with him?
21        A    I am.
22        Q    And what is the typical deletion time
23   that you have set for your communications with him?
24        A    I'm not sure.
25        Q    Is it more than a week?
```

Page 53

| | | |
|---|---|---|
| 1 | A | I'm not sure. |
| 2 | Q | Do you have a guess? |
| 3 | A | I don't have a guess. |
| 4 | Q | But there is a deletion function set, |
| 5 | right? | |
| 6 | A | Well, it depends on which conversation |
| 7 | you're speaking about. | |
| 8 | Q | Okay. Do you use any other messaging |
| 9 | apps other than Signal and text and email? | |
| 10 | A | I do have WhatsApp on my phone, but I |
| 11 | barely use it. | |
| 12 | Q | Did you ever use WhatsApp for anything |
| 13 | connected to the issues in this case? | |
| 14 | A | Not to my knowledge. |
| 15 | Q | Okay. Any other messaging apps? |
| 16 | A | On this case? |
| 17 | Q | Uh-huh. |
| 18 | A | No. |
| 19 | Q | Do you ever use Telegram? |
| 20 | A | For this case? |
| 21 | Q | For this case. |
| 22 | A | Not to my knowledge. And if there is |
| 23 | something there, please let me know because I don't | |
| 24 | really use it. | |
| 25 | Q | What about Proton Mail? Do you ever use |

CONFIDENTIAL

Page 431

1           REPORTER'S CERTIFICATE

2           I, ASHLEY SOEVYN, a Certified Shorthand
3    Reporter of the State of California, do hereby
4    certify:
5           That the foregoing proceedings were taken
6    before me at the time and place herein set forth;
7    at which time the witness was put under oath by me;
8           That the testimony of the witness, the
9    questions propounded, and all objections and
10   statements made at the time of the examination were
11   recorded stenographically by me and were thereafter
12   transcribed;
13          That a review of the transcript by the
14   deponent was/ was not requested;
15          That the foregoing is a true and correct
16   transcript of my shorthand notes so taken.
17          I further certify that I am not a relative
18   or employee of any attorney of the parties, nor
19   financially interested in the action.
20          I declare under penalty of perjury under
21   the laws of California that the foregoing is true
22   and correct.  Dated this 1st day of October, 2025.
23
24                     *[signature]*
                ASHLEY SOEVYN
25              CSR No. 12019