# EXHIBIT 57

CONFIDENTIAL

Page 1

```
 1            UNITED STATES DISTRICT COURT
 2        FOR THE SOUTHERN DISTRICT OF NEW YORK
 3                    ---oOo---
 4
 5   BLAKE LIVELY,
 6              Plaintiff,
 7     vs.       CASE NO. 24-CV-10049-LJL (LEAD CASE)
                           25-CV-449 (LJL) (MEMBER CASE)
 8
     WAYFARER STUDIOS LLC, ET AL.
 9
                Defendants.
10   _____
     JENNIFER ABEL,
11              Third-party Plaintiff,
       vs.
12   JONESWORKS, LLC,
                Third-party Defendant.
13   _____
     WAYFARER STUDIOS LLC, et al.
14              Consolidated Plaintiffs,
       vs.
15   BLAKE LIVELY, et al.
                Consolidated Defendants.
16   _____
17                  **CONFIDENTIAL**
18
19      VIDEO-RECORDED DEPOSITION OF JENNIFER ABEL
20              Los Angeles, California
21            Thursday, September 25, 2025
22
23   Stenographically Reported by:  Ashley Soevyn,
     CALIFORNIA CSR No. 12019
24
25
```

Page 78

1  was conversations of starting Signal.  I wasn't
2  using it at the time.  I was being asked to download
3  it.  I -- I -- I'd have to go through either
4  documents, or maybe my memory can be recollected
5  later, when I actually downloaded Signal and we
6  started communicating.
7       Q    Who asked you to download Signal?
8       A    So I had --
9            MR. FREEDMAN:  If -- I would instruct you
10 not to answer --
11           THE WITNESS:  Sure.
12           MR. FREEDMAN:  -- to the extent this
13 invades the attorney-client privilege.
14           THE WITNESS:  Uh-huh.  Well, initially
15 Stephanie Jones asked me to download Signal.  She
16 used it frequently.  And we were working together
17 with a client to -- who primarily used Signal.  And
18 then after that client terminated us, I had
19 deactivated the app because I didn't use it for
20 anything else.
21 BY MS. TAHLER:
22      Q    And after that deactivation, up until the
23 time of this lawsuit, did you reactivate Signal?
24      A    Yes.
25      Q    And why was that?

Page 79

1      A   Again, it was -- I believe that this
2  would be attorney protected.
3      Q   When was this?
4      A   When?  August.  It would be August.  I
5  don't recall when in August.  I apologize.  But it
6  would be August 2024.
7      Q   An attorney instructed you to download
8  Signal?
9      A   I don't believe the attorney -- an
10 attorney instructed me to download it, initially,
11 but my communications in Signal are with attorneys.
12     Q   Which attorneys?
13     A   My attorneys, Bryan Freedman, et al.
14     Q   And you had Signal communications with
15 Mr. Freedman -- this is just a yes-or-no answer --
16     A   Uh-huh.
17     Q   -- in August of 2024?
18     A   I -- I believe a chain was started.  I
19 don't think there were communications on that chain.
20     Q   Was Mr. Freedman your personal attorney
21 in 2024?
22     A   No.
23     Q   Was he an attorney for Mr. Baldoni?
24     A   He --
25         MR. FREEDMAN:  Just to clarify, you're

CONFIDENTIAL

Page 302

1              REPORTER'S CERTIFICATE
2              I, ASHLEY SOEVYN, a Certified Shorthand
3      Reporter of the State of California, do hereby
4      certify:
5              That the foregoing proceedings were taken
6      before me at the time and place herein set forth;
7      at which time the witness was put under oath by me;
8              That the testimony of the witness, the
9      questions propounded, and all objections and
10     statements made at the time of the examination were
11     recorded stenographically by me and were thereafter
12     transcribed;
13             That a review of the transcript by the
14     deponent was/ was not requested;
15             That the foregoing is a true and correct
16     transcript of my shorthand notes so taken.
17             I further certify that I am not a relative
18     or employee of any attorney of the parties, nor
19     financially interested in the action.
20             I declare under penalty of perjury under
21     the laws of California that the foregoing is true
22     and correct.  Dated this 26th day of September,
23     2025.
24
25                             ASHLEY SOEVYN

CONFIDENTIAL

Page 1

1               UNITED STATES DISTRICT COURT
2          FOR THE SOUTHERN DISTRICT OF NEW YORK
3                       ---oOo---
4
5    BLAKE LIVELY,
6                 Plaintiff,
7      vs.         CASE NO. 24-CV-10049-LJL (LEAD CASE)
                               25-CV-449 (LJL) (MEMBER CASE)
8
     WAYFARER STUDIOS LLC, ET AL.
9
                  Defendants.
10   _____
     JENNIFER ABEL,
11              Third-party Plaintiff,
       vs.
12   JONESWORKS, LLC,
                Third-party Defendant.
13   _____
     WAYFARER STUDIOS LLC, et al.
14              Consolidated Plaintiffs,
       vs.
15   BLAKE LIVELY, et al.
                Consolidated Defendants.
16   _____
17
18                    **CONFIDENTIAL**
19
20      VIDEO-RECORDED DEPOSITION OF JENNIFER ABEL
21               Los Angeles, California
22              Friday, September 26, 2025
23   Stenographically Reported by:  Ashley Soevyn,
     CALIFORNIA CSR No. 12019
24
25

```
                                                     Page 249
1    your belief that that person could bury Ms. Lively?
2              MR. FREEDMAN:  Objection.
3              THE WITNESS:  No.
4    BY MR. GOTTLIEB:
5         Q    You sure?
6         A    Yes.
7         Q    Ms. Abel, yesterday you testified that in
8    some point in August of 2017, you were added to a
9    Signal chain; is that right?
10        A    Sorry.  What was the date?
11        Q    At some point in -- did I say 2017?
12             THE STENOGRAPHIC REPORTER:  Yeah.
13   BY MR. GOTTLIEB:
14        Q    In August of 2024, you were added to a
15   Signal chain with a few people; is that right?
16        A    I believe I testified that I think I was,
17   around that time frame.  I don't think there was any
18   content in that text chain.
19        Q    Okay.  And who was -- hold on just a
20   second.
21             Who was -- who was on that text chain to
22   the best of your recollection?
23        A    I believe it was -- I would have to --
24   I'd have to go back and refresh my memory.
25        Q    Okay.  You're not sure as you sit here
```

Page 323

1  will invade the attorney-client privilege.  So even
2  if you're going to say yes to that, that's going to
3  invade the attorney-client privilege.  So you're not
4  going to -- I'm going to instruct her not to answer.
5           MR. GOTTLIEB:  About the simple fact of
6  whether she knew she was required to preserve
7  documents?
8           MR. FREEDMAN:  Yeah, because the simple
9  fact is revealing the actual privileged
10 communication.
11          MR. GOTTLIEB:  Okay.
12 BY MR. GOTTLIEB:
13     Q    So are you going to follow your counsel's
14 instruction?
15     A    Yes, I'm going to follow my counsel's
16 instruction.
17     Q    Okay.
18          Other than the Signal thread that you --
19 that we talked about earlier in August, between
20 August and December of 2024, can you think of any
21 other Signal thread or Signal communications that
22 you sent or received to anyone about anything?
23     A    Not that I can recall, no.
24     Q    Okay.  Have you had Signal communications
25 since December of 2024?

CONFIDENTIAL

Page 380

1           REPORTER'S CERTIFICATE

2           I, ASHLEY SOEVYN, a Certified Shorthand
3  Reporter of the State of California, do hereby
4  certify:
5           That the foregoing proceedings were taken
6  before me at the time and place herein set forth;
7  at which time the witness was put under oath by me;
8           That the testimony of the witness, the
9  questions propounded, and all objections and
10 statements made at the time of the examination were
11 recorded stenographically by me and were thereafter
12 transcribed;
13          That a review of the transcript by the
14 deponent was/ was not requested;
15          That the foregoing is a true and correct
16 transcript of my shorthand notes so taken.
17          I further certify that I am not a relative
18 or employee of any attorney of the parties, nor
19 financially interested in the action.
20          I declare under penalty of perjury under
21 the laws of California that the foregoing is true
22 and correct.  Dated this 27th day of September,
23 2025.
24
              ASHLEY SOEVYN
25            CSR No. 12019