# EXHIBIT 62

CONFIDENTIAL

Page 1

1           UNITED STATES DISTRICT COURT
2        FOR THE SOUTHERN DISTRICT OF NEW YORK
3                     ---oOo---
4
5   BLAKE LIVELY,
6              Plaintiff,
7     vs.        CASE NO. 24-CV-10049-LJL (LEAD CASE)
                          25-CV-449 (LJL) (MEMBER CASE)
8
    WAYFARER STUDIOS LLC, ET AL.
9
               Defendants.
10  _____
    JENNIFER ABEL,
11            Third-party Plaintiff,
      vs.
12  JONESWORKS, LLC,
               Third-party Defendant.
13  _____
    WAYFARER STUDIOS LLC, et al.
14            Consolidated Plaintiffs,
      vs.
15  BLAKE LIVELY, et al.
               Consolidated Defendants.
16  _____
17
18                **CONFIDENTIAL**
19
20    VIDEO-RECORDED DEPOSITION OF JUSTIN BALDONI
21              Los Angeles, California
22              Monday, October 6, 2025
23  Stenographically Reported by:  Ashley Soevyn,
    CALIFORNIA CSR No. 12019
24
25

CONFIDENTIAL

Page 54

```
 1   BY MS. SHAH:
 2        Q    I want to come back to the -- your use of
 3   Signal.
 4        A    Uh-huh.
 5        Q    I think you testified earlier this
 6   morning that you had never used Signal before
 7   Blake's complaint was filed in December of 2024.
 8             Am I getting that correct?
 9        A    I had the app, but I wasn't a
10   participant, like, doing anything on the app.
11        Q    Do you recall when you downloaded the
12   app?
13        A    I recall two different times that I had
14   downloaded the app.  The first time I ever heard of
15   Signal was from Stephanie Jones.  And I don't know
16   how long ago that was.  I feel like that was -- I
17   close my eyes sometimes because I visualize so I
18   understand where I am.  I believe it was in 20 -- I
19   think it was around 2020.
20             She had told me that was her preferred
21   method of communication, but we never communicated
22   on Signal.  And then -- and then I think your phone
23   just gets rid of it when you don't use it.  And then
24   I downloaded it again.  I joined a men's group and
25   they had their group on Signal.  But then I was
```

Page 55

1  unable to join officially the men's group so I never
2  joined that group on Signal.  And then so it was
3  just kind of an app that was there.
4           And then I downloaded it probably the day
5  after or two days after the New York Times article
6  and the lawsuit.
7       Q    When you downloaded it a day or two after
8  the New York Times article and the lawsuit, why did
9  you do that?
10      A    I believe it was a group decision to move
11  all of our chats to Signal.
12      Q    Who was in that group that made that
13  group decision?
14      A    My attorneys.  I believe all the
15  defendants here.
16      Q    Melissa Nathan?
17      A    Yes.
18      Q    Jen Abel?
19      A    Yes.
20      Q    Jamey Heath?
21      A    Yes.
22      Q    Steve Sarowitz?
23      A    I think he eventually joined, yes.
24      Q    But not at first?
25      A    Steve is always in his own world.

CONFIDENTIAL

Page 318

1  REPORTER'S CERTIFICATE
2  I, ASHLEY SOEVYN, a Certified Shorthand
3  Reporter of the State of California, do hereby
4  certify:
5  That the foregoing proceedings were taken
6  before me at the time and place herein set forth;
7  at which time the witness was put under oath by me;
8  That the testimony of the witness, the
9  questions propounded, and all objections and
10 statements made at the time of the examination were
11 recorded stenographically by me and were thereafter
12 transcribed;
13 That a review of the transcript by the
14 deponent was/ was not requested;
15 That the foregoing is a true and correct
16 transcript of my shorthand notes so taken.
17 I further certify that I am not a relative
18 or employee of any attorney of the parties, nor
19 financially interested in the action.
20 I declare under penalty of perjury under
21 the laws of California that the foregoing is true
22 and correct.  Dated this 7th day of October 2025.
23
24
    ASHLEY SOEVYN
25  CSR No. 12019