**LINER FREEDMAN TAITELMAN + COOLEY, LLP**
ATTORNEYS AT LAW

**1801 CENTURY PARK WEST, 5TH FLOOR**
**LOS ANGELES, CALIFORNIA  90067-6007**
TEL: (310) 201-0005
FAX: (310) 201-0045
E-MAIL: egarofalo@lftcllp.com

ELLYN S. GAROFALO

November 21, 2025

*Via ECF*
Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

Re:   *Lively v. Wayfarer Studios LLC et. al., No. 1:24-cv-10049-LJL*

Dear Judge Liman:

  Defendants Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel (collectively, "Defendants") respectfully request that the Court deny Plaintiff Blake Lively's ("Ms. Lively" or "Plaintiff") motion seeking "confirmation that Ms. Lively's requests for admission …are deemed admitted by operation of law."  First, Ms. Lively is not entitled to have her requests deemed admitted as the response was timely served on November 13, 2025, pursuant to the parties' November 7, 2025 agreement. Second, Ms. Lively's motion is unnecessary. Although Defendants objected to Ms. Lively's 557 RFAs on the ground that they are directed to a group of eight Defendants, rather than a single party, Defendants have agreed to stipulate not only to the authenticity of the documents identified in the RFAs but to as many trial exhibits as possible to streamline trial and avoid unnecessary litigation.  Simply put, Defendants have agreed to provide Plaintiff precisely what she wants: authentication, where possible based on each Defendant's personal knowledge of the documents identified in Ms. Lively's RFAs.

  Rule 36 of the Federal Rules of Civil Procedure provides that "A party may serve on any other party a written request to admit for purposes of the pending action only, the truth of any matter relating to …(B) the genuineness of any described document."  On October 10, 2025, the deadline for Requests for Admission, Plaintiff propounded a single omnibus request to admit 557 individual requests (the "RFAs") asking all eight Defendants to admit the genuineness of 557 documents and exhibits.[1]  Declaration of Kristin Bender in support of Plaintiff's letter motion ("Bender Decl."), Ex. B.

---

[1] For instance, request number 104, lists eleven separate attachments and 108 includes eight attachments.

470787.1

On October 31, 2025Plaintiff emailed Defendants to identify ten requests with "typos" that misidentified the documents, Defendants were being asked to authenticate. Plaintiff also advised that although four RFAs identified a single document, with a single Bates number, Plaintiff expected Defendants to consider it a single "continuous document" and authenticate all exhibits. Bender Decl., Ex. B. Plaintiff has not provided any authority that permits amendment to discovery responses after they are served, not to mention after the deadline to serve the RFAs. In any event, Defendants responses were due on November 10, 2025.

On November 4, 2025, Defendants notified Plaintiff of their objections to the form of the omnibus RFAs. However, to avoid needless litigation, Defendants explained that:

> "[W]e agree that the parties should stipulate to the authenticity of as many potential exhibits as possible to streamline trial testimony. Please let me know if you agree in principle to the concept of a stipulation on the authenticity/genuineness of particular documents. If not, please provide authority for the proposition that RFAs can be propounded to a group rather than to individual parties."

Bender Decl., Ex. C.

On November 7, 2025, the parties met and conferred on Defendants' concerns over the propriety of RFAs directed to a group, rather than an individual party, based on that party's personal knowledge. Accordingly, Defendants explained that they would object to the RFAs. Declaration of Ellyn S. Garofalo ("Garofalo Decl."), ¶ 2. However, Defendants proposed that the parties work together to authenticate as many trial exhibits as possible to streamline trial, including the massive number of documents identified in the RFAs.[2] *Id*.

Defendants explained they anticipated being able to authenticate certain categories of documents including, without limitation: (1) communications on which a Defendant is a sender, recipient or copied; (2) signed agreements and drafts of agreements provided to a Defendant; and (3) any document created by or provided to a Defendant. *Id*., ¶ 3. Defendants noted that the RFAs included news articles and similar media releases that Defendants probably cannot authenticate. *Id*. Defendants requested a three-day extension of the November 10 response date on the RFAs to allow time to authenticate the documents listed in the RFAs, in the hope that the RFAs could be withdrawn, avoiding unnecessary litigation over the RFAs which the Wayfarer Parties deemed defective. *Id*., ¶ 4. Defendants also advised Plaintiff that they expected to authenticate further documents that might be identified as exhibits prior to trial and similarly hoped the parties could work toward an agreement on the admissibility of as many exhibits as possible to streamline trial. *Id*., ¶ 5. Based on this discussion, Plaintiff agreed to a three-day extension of the due date on Defendants' RFA responses to November 13, 2025. Bender Decl., Ex. D. Defendants indicated that if the task could be achieved by November 13, 2025 they were hopeful that the RFAs would be withdrawn, thereby avoiding litigation over the form of the RFAs. *Id*., ¶ 4.

On November 7, 2025, Plaintiff sent an email distorting the parties' positions at the meet and confer. *Id*., ¶ 6. Nevertheless, Defendants immediately commenced a review of the

---

[2] It is difficult to conceive that Plaintiff intends to present approximately 600 exhibits at trial.

documents identified in the RFAs. *Id.*, ¶ 5. The task was complicated by the fact that the RFAs identified documents by Bates numbers only, requiring a search of the large database to isolate the documents. Multiple documents included attachments which needed separate review and authentication. Given these facts, Defendants were not able to complete the task by November 13, 2025. Accordingly, the Wayfarer Parties served their objections to the RFAs on November 13, 2025, the due date agreed to at the meet and confer. *Id.*, ¶ 7.

Nothing in the objections, or Defendants' subsequent communications with Plaintiff indicate that Defendants intend to do anything but what they represented on November 7, 2025: review the documents identified in the RFAs to authenticate as many potential trial exhibits as possible. Nevertheless, Plaintiff notified Defendants that the extension for Defendants' responses were conditioned on a stipulation to complete the authentication process by November 13, 2025, Defendants responses were untimely and therefore Plaintiff deemed all 557 RFAs admitted and the referenced documents authenticated. Bender Decl., Ex. C.

In a November 14, 2025 letter, Defendants reiterated their commitment to streamlining trial and avoiding unnecessary litigation by authenticating as many exhibits as possible in advance of trial and working with Plaintiff toward a stipulation on admissibility. Garofalo Decl., Ex. A. Plaintiff conveniently fails to bring this letter to the Court's attention. Defendants are continuing to work through the massive number of documents identified in the RFAs and are also identifying their own trial exhibits which they will, where appropriate, ask Plaintiff to authenticate.

Most troubling is Plaintiff's assertion that "the Wayfarer Defendants have made clear with their objections that they never intended (despite having the ability) to substantively respond. The Wayfarer Defendants have been perfectly clear about their objections to the form of the RFAs, namely, consolidated requests to eight parties, are improper. However, Plaintiff and the Wayfarer Defendants will achieve the same goal by cooperating on authentication and admissibility.

Finally, Plaintiff will not be prejudiced by the alternative approach to authentication which avoids the dispute over the propriety of the RFAs. Trial is set for March 9, 2026, leaving sufficient time for the parties to collaborate on evidentiary issues. Summary judgment motions were due on November 12, 2025. Plaintiff did not move for summary judgment. Therefore, Plaintiff will not be prejudiced by an issue relating to authenticity in connection with a dispositive motion.

In sum, Plaintiff's request that all 557 documents identified in Plaintiff's RFAs, plus attachments, should be denied because (1) pursuant to the parties' November 7, 2025 agreement Defendants' response to Plaintiff's RFAs was timely; (2) the RFAs are procedurally defective in that they are directed to a group of parties, rather than seeking admissions based on an induvial parties' personal knowledge; (3) the RFAs are procedurally defective to the extent they were amended after service and after the deadline to serve RFAs; (4) notwithstanding that the RFAs are defective, Defendants have agreed to authenticate to the extent possible, the documents identified in the RFAs mooting any potential prejudice to Plaintiff; and (5) trial is set for March 9, 2026, leaving sufficient time for the parties to collaborate on authentication and admissibility of trial exhibits.

Hon. Lewis J. Liman
November 21, 2025
Page 4

        Respectfully submitted,

        */s/ Ellyn S. Garofalo*
        LINER FREEDMAN TAITELMAN + COOLEY, LLP
        Bryan J. Freedman (*pro hac vice*)
        Ellyn S. Garofalo (*pro hac vice*)
        1801 Century Park West, 5th Floor
        Los Angeles, CA 90067
        Tel: (310) 201-0005
        Email: bfreedman@lftcllp.com
              egarofalo@lftcllp.com

        MEISTER SEELIG & FEIN PLLC
        Mitchell Schuster
        Kevin Fritz
        125 Park Avenue, 7th Floor
        New York, NY 10017
        Tel: (212) 655-3500
        Email: ms@msf-law.com
              kaf@msf-law.com

cc: all counsel of record (via ECF)

470787.1