UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
BLAKE LIVELY,

          Plaintiff,

v.

WAYFARER STUDIOS LLC, JUSTIN BALDONI,
JAMEY HEATH, STEVE SAROWITZ, IT ENDS
WITH US MOVIE LLC, MELISSA NATHAN, THE
AGENCY GROUP PR LLC, and JENNIFER ABEL,
JED WALLACE, and STREET RELATIONS INC.,

          Defendants.

---------------------------------------------------------------- x
JENNIFER ABEL,

          Third-Party Plaintiff,

v.

JONESWORKS LLC,

          Third-Party Defendant.

Civ. Action No. 1:24-cv-10049-LJL

Related to:
Civ. Action No. 1:25-cv-00779-LJL

**DECLARATION OF ELLYN S. GAROFALO IN SUPPORT OF
WAYFARER PARTIES OPPOSITION TO PLAINTIFF'S
LETTER MOTION FOR SEEKING THE COURT'S CONFIRMATION THAT
<u>MS. LIVELY'S REQUESTS FOR ADMISSIONS BE DEEMED ADMITTED</u>**

I, Ellyn S. Garofalo, pursuant to 28 U.S.C. § 1746, declare as follows:

    1.    I am a partner with the law firm Liner Freedman Taitelman + Cooley, LLP, attorneys of record for Defendants Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel. As such, I am competent to testify to the facts set forth herein.

1

470775.1

2. On November 7, 2025, I met and conferred with Plaintiff Blake Lively's counsel about concerns over the propriety of RFAs directed to my clients Wayfarer Studios, LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie, LLC, Melissa Nathan, The Agency Group PR, LLC and Jennifer Abel (collectively, "Defendants") as a group, rather than to individual parties. I explained that Defendants would object to the RFAs in their response due on November 10, 2025. However, I proposed that the parties work together to authenticate as many trial exhibits as possible to streamline trial, including the massive number of documents identified in the RFAs.

3. I further explained that we anticipated being able to authenticate certain categories of documents including, without limitation: (1) communications on which a Defendant is a sender, recipient or copied; (2) signed agreements and drafts of agreements provided to a Defendant; and (3) any document created by or provided to a Defendant. Defendants noted that the RFAs included news articles and similar media releases that Defendants probably cannot authenticate.

4. I requested a three-day extension of the November 10 response date on the RFAs to November 13, 2025 to allow time to review and authenticate the documents listed in the RFAs. I told Ms. Lively's counsel that I hoped we could complete our review by November 13, 2025, and suggested that if we could meet this deadline, Ms. Lively might withdraw her RFAs avoiding unnecessary litigation over the form of the RFAs which the Wayfarer Parties deemed defective.

5. I also told Ms. Lively's counsel that we expected to authenticate further documents that might be identified as exhibits prior to trial and hoped the parties could work toward an agreement on the admissibility of as many exhibits as possible to streamline trial. Based on this discussion, Ms. Lively's counsel agreed to a three-day extension of the response date to November 13, 2025.

6. On November 7, 2025, Ms. Lively sent an email distorting the parties' positions at the meet and confer. Nevertheless, we immediately commenced a review of the documents identified in the RFAs. The task was complicated by the fact that the RFAs identified documents by Bates numbers only, requiring a search of the large database of discovery to isolate the documents.

7. Given these facts, we were unable to complete the task by November 13, 2025. Accordingly, we timely served Defendants' objections to the RFAs on November 13, 2025, the due date agreed to at the meet and confer.

8. Nothing in the objections, or our subsequent communications with Ms. Lively's counsel indicate that the Defendants intend to do anything but what we represented on November 7: review the documents identified in the RFAs to authenticate as many potential trial exhibits as possible.

9. Nevertheless, Ms. Lively's counsel contends that the extension for Defendants' responses were conditioned on a stipulation to complete the authentication process by November 13, 2025, Defendants responses were therefore untimely and Plaintiff deems all 557 RFAs admitted and the referenced documents authenticated.

10. I responded on November 14, 2025, reiterating Defendants commitment to streamline trial and avoid unnecessary litigation by authenticating as many exhibits as possible in advance of trial and working with Plaintiff toward a stipulation on admissibility. A true and correct copy of my November 14, 2025 letter is attached and incorporated as Exhibit A hereto.

11. The parties' respective summary judgment motions were due on November 12, 2025. Ms. Lively did not move for summary judgment.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 21, 2025
      Los Angeles, CA

By: */s/ Ellyn S. Garofalo*
LINER FREEDMAN TAITELMAN + COOLEY, LLP
    Ellyn S. Garofalo
    1801 Century Park West, 5th Floor
    Los Angeles, CA 90067
    Tel: (310) 201-0005
    Email: egarofalo@lftcllp.com