# EXHIBIT A

**LINER FREEDMAN TAITELMAN + COOLEY, LLP**
ATTORNEYS AT LAW

**1801 CENTURY PARK WEST, 5TH FLOOR**
**LOS ANGELES, CALIFORNIA  90067-6007**
TEL: (310) 201-0005
FAX: (310) 201-0045
E-MAIL: egarofalo@lftcllp.com

**Ellyn S. Garofalo**

November 14, 2025

<u>Via Email</u>
Kristin Bender, Esq.
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington DC 2006-1238
kbender@willkie.com
]

**Re:**   *Blake Lively v. Wayfarer Studios LLC, et al., Case No. 1:24-cv-10049-LJL*

Dear Kristin:

  Thank you for your email sent yesterday.  We disagree and are troubled by the effort to recast our agreement relating to the authentication of documents.  During our meet and confer over the hundreds of requests for admissions you propounded to all Defendants as a group, we informed you that the requests were objectionable as they did not seek admissions by a particular Defendant, based on that Defendants' personal knowledge, but grouped together all Defendants.  We further advised that notwithstanding our objections to the requests for admission, we agreed to authenticate as many of the documents targeted by the improper RFAs as possible.  At your request, we identified the following categories of documents which we believe could easily be authenticated including:  (1) all documents produced by Defendants; (2) all communications on which any of the Defendants to whom the RFAs were directed were senders, recipients or copied on; (3) all signed agreements; and (4) drafts of agreements with transmittals indicating they were received or sent by one of the Defendants.  We conveyed that we would not be able to authentic newspaper articles or other public documents which Defendants did not create.

  I explained that our goal was to have all parties authenticate as many documents as possible in advance of trial, to streamline trial.  I told you that my hope was that pursuant to this agreement, the parties would be able to avoid unnecessary litigation and waste of court resources in litigating over the propriety of group RFAs and authentication issues.  We further represented that we start by reviewing the documents identified in the voluminous RFAs to authenticate as many as possible.  Based on this conversation, you agreed to extend the response date for the RFAs to November 13.

  We further discussed our position that the parties should work together to authenticate as many trial exhibits as possible, whether identified in the RFAs or not.  We also advised you that we believe the parties should take a similar approach to admissibility once the parties have settled on exhibit lists.  In short, the goal is not to create controversy and additional work for the parties or the

467425.1

November 14, 2025
Kristin Bender
Page 2

Court, but to cooperate to streamline trial by resolving as many issues relating to authentication and admissibility as possible in advance of trial.

    Since our call, we have been in the process of reviewing the hundreds of documents identified in the RFAs, and the hundreds of attachments which need to be separately authenticated. Given the volume, we were unable to complete the task by November 13. Accordingly, pursuant to our agreement, we served our objections. As you have been told, we hope to complete our review in the next few days. As we discussed, we remain hopeful that this will resolve all issues relating to the RFAs since you will have exactly what you are seeking: authentication of as many of the documents cited in the RFAs as possible.

    If Ms. Lively is intent on continuing to misrepresent these facts to the Court, so be it. We remain hopeful that this issue can be resolved with the necessity of Court intervention.

Very truly yours,

*/s/ Ellyn S. Garofalo*

Ellyn S. Garofalo

467425.1