**J. Alexander Townsend**
720-200 Sherbourne Street
Toronto, ON M5A 3Z5
(647) 768-0364
jalexgtownsend@gmail.com

19th November 2025

<u>Via Email</u>

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

**Regarding Lively v. Wayfarer Studios LLC, et al., Case No. 1:24-cv-10049-LJL**

NOTICE REGARDING NON-OPPOSITION TO #703 OMNIBUS MOTION TO QUASH & FOR SANCTIONS & SUNDRY RELIEF, AND REQUEST FOR MOTION TO BE GRANTED

Dear Judge Liman:

In light of the standard set out in *City of Almaty, Kazakhstan v. Ablyazov, 2019 WL 275701, at \*2 (S.D.N.Y. Jan. 22, 2019)* under which "[a] non-recipient has standing to challenge a subpoena …if [they have] a privilege, privacy or proprietary interest in the documents sought.", I stand before the Court to notify you that Plaintiff Blake Lively has failed to oppose my omnibus motion at docket number 703, to quash and for sanctions and other relief.

Now, I know that the Court has seen fit to give Ms. Lively significant leeway due to certain handicaps her attorneys have signaled are causing them undo pressure. His honor went as far as to give her counsel seven and one half weeks, up to November 19th[a], to respond to a motion for judgment on the pleadings that was filed against her a ways back. However, I would hope the Court would agree that, a greater than twelve week sabbatical to respond to my motion for non-party relief is not an appropriate concession no matter how much

---

[a] This date remains the current deadline for Lively to respond to the MJOP, because although the Court synchronized it to the date to respond to the motions for summary judgment, Plaintiff chose to modify that with a subsequent all-party consent motion (docket no. 854) in which they, hopefully intentionally, desynchronized this deadline from the summary judgment response deadline by moving the summary judgment deadline ahead by one week, making no mention of the MJOP response deadline, and for good measure included an explicit stipulation that: "The proposed extension will not affect *any other existing dates or deadlines*, including for trial or the filing of the joint pretrial order. ". After which the Court itself agreed to this in a memo endorsement, docket no. 855. I really hope Lively does not accidentally miss this crucial deadline, but I'm concerned given her lawyers' past questionable performance.

perceived or actual incompetence exists on the part of Plaintiff's attorneys. Especially considering they did not obtain permission from the Court for this inaction.

These events are particularly salient given their recent and incendiary filings arguing that a defendant's failure to argue a legal point gives Lively the right to obtain very invasive and irrelevant footage because the defendants conceded to that disclosure by their silence. What's good for the goose is good for the gander. It's only fair that Lively's silence after my filing means she concedes all points I made in my filing for sanctions and to quash.
As such, and in accordance, I respectfully request that the Court grant my omnibus motion to quash, for sanctions and for contempt of court, among other sundry motions for relief on the basis of non-opposition.

A sage source in this saga advised me it was a good idea to end this way: In addition, I continue to stand by the merits and legal grounds set forth in my motion, which remain true, valid, and unrebutted.

With greatest respect,

*/s/ Jax T/*

J Alexander Townsend    Non-Party Pro Se