```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/26/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BLAKE LIVELY,

                      Plaintiff,

    -v-

WAYFARER STUDIOS LLC, JUSTIN BALDONI,
JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH
US MOVIE LLC, MELISSA NATHAN, THE AGENCY
GROUP PR LLC, JENNIFER ABEL, JED WALLACE,
STREET RELATIONS INC.,

                      Defendants.
-------------------------------------------------------------------X

24-cv-10049 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

    This Order resolves the motions for preliminarily or continued sealing and unsealing at Dkt. Nos. 865, 866, 914, 915, 916, 917, 918, 919, 922, 923, 924, 925, 931, 949, 950, and 970.

    The motions of Plaintiff Blake Lively ("Lively") and Third-Party Defendant Jonesworks LLC ("Jonesworks") at Dkt. Nos. 865 and 866 seek preliminary sealing of portions of their respective motions for spoliation sanctions against the Wayfarer Parties[1] at Dkt. Nos. 868, 869, 871, and 874. Certain portions of the parties' memoranda of law and supporting exhibits reference or contain non-public materials disclosed in discovery by other parties and non-parties with "Confidential" or "Attorneys' Eyes Only" designations. A preliminary motion to seal is intended to give the individuals who produced the materials in discovery one week to move for continued sealing of the documents. On October 29, 2025, one week after the preliminary

---

[1] The Wayfarer Parties are Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel.

sealing motions were filed, the Wayfarer Parties moved for an extension of time for all parties to seek continued sealing of the documents, Dkt. No. 887, which the Court granted due to the volume of the materials, Dkt. No. 888.

Several parties and non-parties have since moved for continued sealing of both Lively's and Jonesworks' motions for spoliation sanctions. These individuals include: non-parties Jed Wallace ("Wallace") and Street Relations Inc. ("Street," and with Wallace, the "Wallace Non-Parties"), *see* Dkt. Nos. 915, 917; non-parties Katherine Case ("Case") and Breanna Butler Koslow ("Koslow"), *see* Dkt. Nos. 918, 919; Jonesworks, *see* Dkt. Nos. 922, 923; and the Wayfarer Parties, *see* Dkt. Nos. 924, 925. The motions for continued sealing largely, though not entirely, overlap in their scope and reasoning. First, they seek continued sealing of personally identifying information ("PII") in the form of email addresses and cellphone numbers. *See* Dkt. No. 915 at 3; Dkt. No. 918 at 2; Dkt. No. 922 at 1 n.1; Dkt. No. 924 at 2. Second, they seek continued sealing of "sensitive and confidential business information," especially information involving public-relations work completed for individuals who are not parties in this case. *See, e.g.*, Dkt. No. 915 at 1–3. The motions argue that the privacy interests of non-party clients and prospective clients outweigh any presumption of public access that might exist. *See id.*

Lively has filed a response to the Wallace Non-Parties' motion asserting that while she does not object to the redaction of information revealing the identity of unrelated non-party clients, the Wallace Non-Parties' redactions are excessively broad and shield from public view the kinds of work that the Wallace Non-Parties are alleged to have performed in connection with this case. Dkt. No. 950. The Wallace Non-Parties have filed a reply countering that the information Lively seeks to unseal is irrelevant to this case and reiterating their contention that unsealing would harm non-parties. Dkt. No. 970.

As the Court has previously explained, "there is a presumption of immediate public access to judicial documents under both the common law and the First Amendment," and this presumption is at its peak in the context of dispositive motions, including motions for sanctions. Dkt. No. 848 at 2–3 (quoting *Lohnn v. Int'l Bus. Machs. Corp.*, 2022 WL 36420, at *6 (S.D.N.Y. Jan. 4, 2022)); *see Oakley v. MSG Networks, Inc.*, 792 F. Supp. 3d 394, 405 (S.D.N.Y. 2025) (Sullivan, J.) (applying the presumption of public access to a motion for spoliation sanctions). Where the presumption is at its peak, "continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). One of these higher values is "protecting significant and substantial privacy interests, such as the physical safety of litigants, witnesses, or third parties." *Courthouse News Serv. v. Corsones*, 131 F.4th 59, 69 (2d Cir. 2025); *see also Brown v. Maxwell*, 929 F.3d 41, 47 n.13 (2d Cir. 2019). "The privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). In evaluating such interests, "a court should consider both the degree to which the subject matter is traditionally considered private rather than public, as well as the nature and degree of the injury to which the party resisting disclosure would be subjected were the privacy interest not protected." *Barbera v. Grailed, LLC*, 2025 WL 1126120, at *1 (S.D.N.Y. Apr. 16, 2025) (cleaned up) (quoting *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020)).

Among the types of information that courts frequently find sufficiently sensitive to overcome even a strong presumption of public access are medical records and details regarding healthcare, *United States ex rel. Aharon v. Nuvance Health*, 2025 WL 2778319, at *10 (S.D.N.Y. Sept. 30, 2025), undisclosed "financial information such as compensation," *Metcalf v.*

3

*TransPerfect Translations Int'l Inc.*, 2025 WL 1870887, at *2 (S.D.N.Y. July 7, 2025), and "confidential commercial information and trade secrets," *Spencer-Smith v. Ehrlich*, 2025 WL 1115019, at *2 (S.D.N.Y. Apr. 15, 2025).  Although the presumption of public access does not turn on whether a court has relied on the materials in adjudicating the underlying motion, it does depend on whether the materials "are relevant to the performance of the judicial function." *Brown*, 929 F.3d at 50.  A document is "'relevant to the performance of the judicial function' if it would reasonably have the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Id.* at 49 (citation omitted).  "[D]ocuments that the judge *should* have considered or relied upon, but did not, are just as deserving of disclosure as those that actually entered into the judge's decision." *Lugosch*, 435 F.3d at 123 (citation omitted); *id.* ("Once these submissions come to the attention of the district judge, they can fairly be assumed to play a role in the court's deliberations." (citation and alteration omitted)); *see also Lohnn*, 2022 WL 36420, at *9.  However, information that could have no relevance to the judicial function may be sealed.  *See Robinson v. De Niro*, 2023 WL 3728350, at *3 (S.D.N.Y. May 26, 2023); *S.E.C. v. Ripple Labs, Inc.*, 2023 WL 3477552, at *3 (S.D.N.Y. May 16, 2023).

  The materials at issue here qualify as "judicial documents" subject to a strong presumption of public access, but certain portions implicate privacy interests sufficiently weighty to overcome that presumption.

  First, the Court will seal PII in the form of personal and non-public email addresses and cellphone numbers, as such information has no relevance to the substance of the motions and the "public's interest in [it] is negligible and easily outweighed by . . . privacy interests."  *Oakley*,

4

792 F. Supp. 3d at 406; *accord Yador v. Mowatt*, 2025 WL 1707616, at *3 (E.D.N.Y. June 18, 2025); *Spencer-Smith*, 2025 WL 1115019, at *2; *Valassis Commc'ns, Inc. v. News Corp.*, 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020); *Anderson v. N.Y.C. Health & Hosps. Corp.*, 2020 WL 1047054, at *3 (S.D.N.Y. Mar. 4, 2020); *Brown*, 929 F.3d at 48 n. 22.

Second, information revealing the specific identity of clients and prospective clients who have used public-relations services is sufficiently sensitive to warrant continued sealing. These individuals are "innocent third parties" whose privacy interests "weigh heavily" in the Court's analysis. *See Amodeo*, 71 F.3d at 1050. The individuals' expectation of privacy in their use of such services is substantial. The release of information regarding undisclosed relationships with public-relations professionals could cause embarrassment or other harm to the non-parties. Indeed, "[c]onfidential client or customer information is commonly sealed by courts applying the *Lugosch* standard," *PharmacyChecker.com LLC v. Nat'l Ass'n of Bds. of Pharmacy*, 2022 WL 4956050, at *3 (S.D.N.Y. Aug. 26, 2022), and that outcome makes particular sense in the public-relations context given the often highly confidential nature of the work, *see Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (sealing information including customer names). Importantly, the identity of the clients and prospective clients revealed in the materials has no bearing on the merits of the motions. *See Cohen v. Gerson Lehrman Grp., Inc.*, 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (holding that third-party clients' privacy interests "ha[d] no bearing on th[e] case" and overcame any presumption of public access). To be sure, Lively has argued that the types of public-relations services performed for these clients *is* relevant to her case, but she has not contended the same with respect to the clients' identities. Rather, she agrees that such information is properly kept under seal. Dkt. No. 950 at 2. The Court reaches the same conclusion. Information revealing the

5

identity of the non-party clients and prospective clients may be maintained under seal.

Although the identity of these non-parties may properly be kept under seal, that does not necessarily mean that the types of work the public-relations professionals have performed for these clients must be as well. The various motions for continued sealing contend that independent of any third-party privacy interests, the public-relation professionals have their own interests in sealing "competitively sensitive business and financial information." Dkt. No. 922 at 2; *see also* Dkt. Nos. 915, 918, 924. "[T]he need to protect confidential business information from disclosure can outweigh a presumption of public access." *In re Upper Brook Cos.*, 2023 WL 172003, at *9 (S.D.N.Y. Jan. 12, 2023). This is especially true with respect to "competitively sensitive trade secrets." *Id.*; *accord Spencer-Smith v. Ehrlich*, 2025 WL 1115019, at *2; *Adstra, LLC v. Kinesso, LLC*, 2025 WL 1002253, at *1 (S.D.N.Y. Mar. 31, 2025). This Court has cited confidential business interests as a factor counseling in favor of sealing in prior orders in this case. *See, e.g.*, Dkt. Nos. 688, 736.

Those observations, however, came in the context of non-dispositive motions where the presumption of public access was less weighty. *See* Dkt. No. 688 at 3. And the documents were relevant to establish their existence—not because of their contents. *See* Dkt. No. 682 at 1. In ordering that information sealed, the Court specifically indicated that a different conclusion might hold at a different stage in the case (i.e., in the context of dispositive motions involving the core "exercise of Article III judicial power"). Dkt. No. 688 at 3.

Here, the materials at issue arise in the context of a dispositive motion, and Lively asserts that at least some of them—in particular, those related to the types of public-relations services that the Wallace Non-Parties are capable of providing—"go to the heart of [her] retaliation case." Dkt. No. 950 at 1. The Wallace Non-Parties respond that because the documents relate to "other

engagements or prospective engagements for unrelated parties," the materials "bear[ no] relation whatsoever to Lively, Wayfarer, or any issues in this case." Dkt. No. 970 at 2.  They also assert that because they have done "nothing more than social media monitoring for the Wayfarer Defendants," other types of work performed for unrelated parties are irrelevant to this case.  But the Wallace Non-Parties cannot reasonably dispute that the types of work they are *capable* of providing is a key contested issue in this case.  And work performed for other clients in other circumstances might shed light on that issue.  The Court has already explained as much, holding that Lively is "entitled to 'test for herself whether the digital footprints of other clients have similarities to the work Street Relations is alleged to have done here.'" Dkt. No. 727 at 4–5 (citation omitted).  Thus, it is no answer for the Wallace Non-Parties to assert simply that they did not do what Lively alleges they did, and that therefore any such work performed for other clients or prospective clients is irrelevant.  The materials are relevant precisely to assess that flat denial.  As a result, certain confidential business information that has no bearing on any issue in this case and that would cause substantial harm to a party or non-party's competitive business standing may be sealed, but the Court finds that the types of services the Wallace Non-Parties have provided—or that they have told individuals they provide—do not so qualify.

That brings the Court to the specific materials at issue here.  The Court finds that the majority of the parties and non-parties' proposed redactions are appropriate and narrowly tailored to protect PII, the identity of unrelated non-party clients and prospective clients, and competitively sensitive business materials unrelated to this case, such as information revealing competitive positions in the public-relations market and internal business strategy.

With respect to Lively's motion for spoliation sanctions and the accompanying materials, the Court orders the following exhibits unsealed in their entirety: Exhibits 3, 5, 6, 7, 8, 9, 11, 16,

17, 49, 50, 51, 52, 53, 54 (*see* Dkt. Nos. 874-3, 874-5, 874-6, 874-7, 874-8, 874-9, 874-11, 874-16, 874-17, 874-45, 874-46, 874-47, 874-48, 874-49, 874-50).

The following materials listed below shall remain under seal subject to the proposed redactions that the Court now adopts. The parties and non-parties who have proposed the below redactions are ordered to publicly filed the redacted materials on the docket by December 3, 2025:

- Ex. 1 (Dkt. No. 874-1): The Court adopts Case and Koslow's proposed redactions at Dkt. No. 918-8.

- Ex. 10 (Dkt. No. 874-10): The Court adopts Lively's proposed redactions at Dkt. No. 950-2.

- Ex. 23 (Dkt. No. 874-23): The Court adopts Case and Koslow's proposed redactions at Dkt. No. 918-9.

- Ex. 26 (Dkt. No. 874-24): The Court adopts Case and Koslow's proposed redactions at Dkt. No. 918-10.

- Ex. 27 (Dkt. No. 874-25): The Court adopts Wallace's proposed redactions at Dkt. No. 915-2.

- Ex. 28 (Dkt. No. 874-26): The Court adopts Wallace's proposed redactions at Dkt. No. 915-3.

- Ex. 30 (Dkt. No. 874-27): The Court adopts Jonesworks' proposed redactions at Dkt. No. 923-14, although Jonesworks is further directed to redact the PII on ECF p. 18.

- Ex. 31 (Dkt. No. 874-28): The Court adopts Case and Koslow's proposed redactions at Dkt. No. 918-11.

- Ex. 33 (Dkt. No. 874-30): The Court adopts Lively's proposed redactions at Dkt. No. 950-3, although Lively is further directed to redact the information that reveals the identity of a non-party client on ECF p. 3.

- Ex. 34 (Dkt. No. 874-31): The Court adopts Lively's proposed redactions at Dkt. No. 950-4.

- Ex. 35 (Dkt. No. 874-32): The Court adopts Lively's proposed redactions at Dkt. No. 950-5.

- Ex. 36 (Dkt. No. 874-33): The Court adopts Wallace's proposed redactions at Dkt. No. 915-7.

- Ex. 37 (Dkt. No. 874-34): The Court adopts Lively's proposed redactions at Dkt. No. 950-6.

- Ex. 38 (Dkt. No. 874-35): The Court adopts Case and Koslow's proposed redactions at Dkt. No. 918-12.

- Ex. 39 (Dkt. No. 874-36): The Court adopts Case and Koslow's proposed redactions at Dkt. No. 918-13, except for the substantive redactions on ECF p. 8, which no parties have sought to seal and which Case and Koslow have not justified with any particularity.

The Wayfarer Parties seek sealing of the following additional exhibits but have not provided any proposed redactions: Exhibits 2, 4, 13, 19, and 48 (Dkt. Nos. 874-2, 874-4, 874-13, 874-19, 874-44). The Wayfarer Parties are accordingly ordered to provide proposed redactions consistent with this Memorandum and Order by December 3, 2025. Likewise, the Wallace Non-Parties are directed to file revised proposed redactions of Exhibit 55 at Dkt. No. 874-51 consistent with this Memorandum and Order by that same date.

Lively is directed to publicly file versions of the following exhibits with PII redacted by that same date: Exhibits 12, 14, 15, 18, 20, 21, 22, 32, 40, 41, 42, 44, and 45 (Dkt. Nos. 874-12, 874-14, 874-15, 874-18, 874-20, 874-21, 874-22, 874-29, 874-37, 874-38, 874-39, 874-41, 874-42). Once the Wayfarer Parties and the Wallace Non-Parties have filed proposed redactions in line with the directions above, Lively will also be directed to publicly file a version of her memorandum of law in support of her motion for spoliation sanctions consistent with the redactions approved in this Memorandum and Order and any subsequent order.

Exhibit 43 at Dkt. No. 874-40 is an audio file which the Court now orders unsealed. Physical copies have been provided to the Clerk's Office for the public.

Exhibit 47 at Dkt. No. 874-43, which is an audio file involving work done on behalf of a

9

non-party client and which would reveal the identity of that client, shall remain under seal.

Turning to the materials submitted in connection with Jonesworks' motion for spoliation sanctions, the Court orders the following materials unsealed in their entirety: Exhibits 3, 9, 11, 16, 24, 31, 33, and 34 (Dkt. Nos. 871-2, 871-7, 871-9, 871-14, 871-21, 871-28, 871-30, 871-31).

The following materials listed below shall remain under seal subject to the proposed redactions that the Court now adopts. The parties and non-parties who have proposed the below redactions are ordered to publicly filed the redacted materials on the docket by December 3, 2025:

- Ex. 4 (Dkt. No. 871-3): The Court adopts Jonesworks' proposed redactions at Dkt. No. 923-2.

- Ex. 6 (Dkt. No. 871-4): The Court adopts Case and Koslow's proposed redactions at Dkt. No. 919-1.

- Ex. 7 (Dkt. No. 871-5): The Court adopts Case and Koslow's proposed redactions at Dkt. No. 919-2.

- Ex. 10 (Dkt. No. 871-8): The Court adopts Jonesworks' proposed redactions at Dkt. No. 923-5, but only to the extent that they redact third-party names. There is an insufficient basis for redacting all search terms. Additionally, Jonesworks shall redact all PII before publicly filing the exhibit.

- Ex. 12 (Dkt. No. 871-10): The Court adopts Jonesworks' proposed redactions at Dkt. No. 923-6.

- Ex. 13 (Dkt. No. 871-11): The Court adopts Jonesworks' proposed redactions at Dkt. No. 923-7.

- Ex. 15 (Dkt. No. 871-13): The Court adopts Jonesworks' proposed redactions at Dkt. No. 923-8.

- Ex. 19 (Dkt. No. 871-17): The Court adopts Jonesworks' proposed redactions at Dkt. No. 923-9.

- Ex. 20 (Dkt. No. 871-18): The Court adopts Case and Koslow's proposed redactions at Dkt. No. 919-3.

- Ex. 21 (Dkt. No. 871-19): The Court adopts Case and Koslow's proposed

> redactions at Dkt. No. 919-4.

- Ex. 23 (Dkt. No. 871-20): The Court adopts Jonesworks' proposed redactions at Dkt. No. 923-12.

- Ex. 30 (Dkt. No. 871-27): The Court adopts Jonesworks' proposed redactions at Dkt. No. 923-14, although Jonesworks is further directed to redact the PII on ECF p. 18.

- Ex. 38 (Dkt. No. 871-35): The Court adopts Jonesworks' proposed redactions at Dkt. No. 923-18.

The Wayfarer Parties seek sealing of the following additional exhibits but have not provided any proposed redactions: Exhibits 2, 17, 18, 26, 27, 29, 32, 36, 37, 39, 40, 41 (Dkt. Nos. 871-1, 871-15, 871-16, 871-23, 871-24, 871-26, 871-29, 871-33, 871-34, 871-36, 871-37, 871-38). The Wayfarer Parties are accordingly ordered to provide proposed redactions consistent with this Memorandum and Order by December 3, 2025. By that same date, Jonesworks and the Wallace Non-Parties shall file any proposed redactions they might have for Exhibit 40 at Dkt. No. 871-37, and the Wallace Non-Parties shall file proposed redactions for Exhibit 41 at Dkt. No. 871-38. The Wallace Non-Parties are further directed to file revised proposed redactions of Exhibits 35 and 39 at Dkt. Nos. 871-32 and 871-36 that are more narrowly tailored and consistent with this Memorandum and Order.

Jonesworks is directed to publicly file versions of the following exhibits with PII redacted: Exhibits 8, 14, 25, 28 (Dkt. Nos. 871-6, 871-12, 871-22, 871-25). Once the parties and non-parties have filed their revised proposed redactions, Jonesworks will be further directed to publicly file a version of its memorandum of law consistent with the redactions approved in this Memorandum and Order and any subsequent order. Finally, Jonesworks is directed to contact chambers regarding the re-filing of Exhibit 42 (Dkt. No. 871-39), which is an audio recording that certain parties and non-parties seek to maintain under seal.

In the future, and particularly with respect to upcoming sealing motions regarding the Wayfarer Parties' motions for summary judgment, the Court requests that parties and non-parties explain how any proposed redactions are consistent with this Memorandum and Order.

In sum, the Clerk of Court is respectfully directed to unseal Dkt. Nos. 871-2, 871-7, 871-9, 871-14, 871-21, 871-28, 871-30, 871-31, 874-3, 874-5, 874-6, 874-7, 874-8, 874-9, 874-11, 874-16, 874-17, 874-45, 874-46, 874-47, 874-48, 874-49, and 874-50.

The Clerk of Court is further directed to close Dkt. Nos. 865, 866, 914, 915, 916, 917, 918, 919, 922, 923, 924, 925, 931, 949, 950, and 970.

SO ORDERED.

Dated: November 26, 2025
New York, New York

_____
LEWIS J. LIMAN
United States District Judge