```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
BLAKE LIVELY,                                                        :
                                                                     :
                          Plaintiff,                                 :
                                                                     :        24-cv-10049 (LJL)
        -v-                                                          :
                                                                     :        MEMORANDUM AND
WAYFARER STUDIOS LLC, JUSTIN BALDONI,                                :             ORDER
JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH                            :
US MOVIE LLC, MELISSA NATHAN, THE AGENCY                             :
GROUP PR LLC, JENNIFER ABEL, JED WALLACE,                            :
STREET RELATIONS, INC.,                                              :
                                                                     :
                          Defendants.                                :
                                                                     :
---------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/1/2025

LEWIS J. LIMAN, United States District Judge:

Plaintiff Blake Lively ("Lively") moves for an order confirming that her requests for admission ("RFAs") are deemed admitted due to the Wayfarer Parties' failure to provide timely responses. Dkt. No. 988.[1]

Federal Rule of Civil Procedure 36(a)(3) provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Parties may agree to a longer or shorter time by stipulation. *Id.*

Lively served RFAs as permitted by the Court-ordered deadline of October 10, 2025. Dkt. Nos. 846, 989-1. The RFAs are directed to the Wayfarer Parties collectively and seek their

---

[1] The Wayfarer Parties are Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel.

admission to the authenticity of 557 documents. *Id.* On October 31, 2025, Lively emailed the Wayfarer Parties regarding a set of typographical corrections as to ten of the RFAs. Dkt. No. 989-2.

The Wayfarer Parties' deadline to respond to the RFAs was November 10, 2025, but on November 7, 2025, Lively agreed to an extension of that deadline at the Wayfarer Parties' request. That extension is memorialized in an email from Kristen Bender, counsel for Lively, to Jason Sunshine and others, counsel for the Wayfarer Parties. The email states:

> Following up on our conferral, Ms. Lively is amenable to extending the deadline for responding to the RFAs from 11/10 to 11/13, as requested. This extension is premised on the understanding that by November 13 the Wayfarer Defendants will identify with specificity (i.e., by Bates, RFA number, or similar) which documents they will and will not stipulate to the authenticity of, and that such response accounts for the clerical corrections conveyed by email on October 31, 2025. We can make ourselves available thereafter to continue discussions regarding the scope of stipulation discussed on our call.

Dkt. No. 989-3.

On November 13, 2025, the Wayfarer Parties responded with a single identical answer to each of the RFAs:

> Responding Parties object that this Request is defective in form in that it does not seek an admission by an individual party based on that party's personal knowledge. Instead, the Request is directed to eight parties collectively, seeking a collective admission without regard to the individual knowledge of a particular party. Accordingly, the Request cannot be answered in its current form with a simple admit or deny without explanation.

Dkt. No. 989-4. In the email transmitting these responses to the RFAs, the Wayfarer Parties state: "By early next week, we expect to circulate a list of documents that we will authenticate by stipulation. Given the volume of documents at issue, this has taken some time." Dkt. No. 989-5. The Wayfarer Parties have since represented that they "have agreed to authenticate to the extent possible[] the documents identified in the RFAs mooting any potential prejudice to Plaintiff."

Dkt. No. 1015 at 3.

The Wayfarer Parties' responses are deficient and untimely. Absent a stipulation, their responses were due on November 10, 2025. In the ordinary course, the failure to answer each RFA by that date would be considered an admission. Fed. R. Civ. P. 36(a)(3). The parties treat the November 7 email as tantamount to a stipulation extending the Wayfarer Parties' time to respond to November 13, 2025. Even accepting that characterization, however, the responses served on November 13, 2025 were deficient, as they did not satisfy the conditions for that extension—namely, that the Wayfarer Parties answer each RFA "with specificity." They also did not satisfy Rule 36(a)(4), which separately provides that "[i]f the matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4).

The Wayfarer Parties' objections to the RFAs are without merit. The Wayfarer Parties object to the number of documents Lively asks to be authenticated. However, the volume of documents is reasonable given the number of parties and claims. *See S.E.C. v. Rayat*, 2022 WL 1606953, at *2 (S.D.N.Y. May 19, 2022) (holding that "[t]he sheer number of RFAs d[id] not support issuance of a protective order" given the circumstances of the case, and collecting cases holding similarly). The Wayfarer Parties also seem to indicate that each of them is required only to answer with the information as to which they have personal knowledge. Dkt. No. 1015 at 2. That misunderstands the purpose of requests for admission and their difference from other discovery tools. An answering party who lacks personal knowledge or information regarding the truth of an RFA is still required to make a "reasonable inquiry" as to its truth and is relieved of the requirement to answer only if the information cannot be readily obtained to enable it to answer. Fed. R. Civ. P. 36(a)(4); *see S.E.C. v. Thrasher*, 1996 WL 507318, at *3 (S.D.N.Y.

3

Sept. 6, 1996) ("[T]he party on whom [RFAs] are served is obliged to make reasonable efforts to ascertain the accuracy of the proposed admissions before responding, even if he lacks personal knowledge of the facts."); *Herrera v. Scully*, 143 F.R.D. 545, 548 (S.D.N.Y. 1992) ("[A] party may not refuse to admit or deny a request for admission based upon a lack of personal knowledge if the information relevant to the request is reasonably available to him." (quoting 8 Wright & Miller, Federal Practice & Procedure § 2261 (1970))).[2]

The Court has the power, however, to permit what would otherwise be an untimely answer even after the time fixed by the rule has expired. *See Riley v. Kuehne*, 344 F.R.D. 369, 371 (S.D.N.Y. 2023); *Szatenek v. McDonnell Douglas Corp.*, 109 F.R.D. 37, 40–41 (W.D.N.Y. 1985); 8B Wright & Miller, Federal Practice & Procedure § 2257 (3d ed. 2025). The Court may exercise such discretion, for example, "when to do so will aid in the presentation of the merits of the action and will not prejudice the party who made the request." 8B Wright & Miller, Federal Practice & Procedure § 2257 (3d ed. 2025); *see* Fed. R. Civ. P. 36(b); *Paniagua v. Walter Kidde Portable Equip., Inc.*, 183 F. Supp. 3d 473, 482 (S.D.N.Y. 2016).

A short extension would aid in the presentation of the merits of the case and would not

---

[2] The Wayfarer Parties also object that the RFAs were served collectively on them rather than individually. Dkt. No. 1015 at 1. However, as indicated above, responses to RFAs need not be based on personal knowledge but instead require a "reasonable inquiry," and the Wayfarer Parties have not indicated that there would be any difficulty responding to the RFAs collectively. *See Anderson v. United Air Lines, Inc.*, 49 F.R.D. 144, 149 (S.D.N.Y. 1969) ("It has been established that responses under Fed. R. Civ. P. 36 must be made based upon evidence within the parties' knowledge *or capable of ascertainment by reasonable inquiry from third persons*." (emphasis added)); *cf. Jobe O. v. Pataki*, 2007 WL 844707, at *3 (S.D.N.Y. Mar. 15, 2007) (noting that in certain circumstances, "where identical interrogatories have been served on multiple parties, they may designate one of their number to answer on behalf of all of them"); *Grae v. Corr. Corp. of Am.*, 2020 WL 6750806, at *12 (M.D. Tenn. Nov. 2, 2020) (observing that a party had "provided no controlling authority for the proposition that multiple defendants who are jointly represented and receive discovery directed to 'all defendants' cannot respond jointly and include one verification").

4

prejudice Lively. Accordingly, by December 5, 2025, the Wayfarer Parties shall answer the RFAs (as corrected on October 31, 2025), indicating for each Wayfarer Party whether the party admits or denies the authenticity of the identified document or lacks sufficient knowledge or information after performing a "reasonable inquiry."

The Clerk of Court is respectfully directed to close Dkt. No. 988.

SO ORDERED.

Dated: December 1, 2025
       New York, New York

LEWIS J. LIMAN
United States District Judge

5