# manatt

**Esra A. Hudson**
Manatt, Phelps & Phillips, LLP
Direct Dial: 310-312-4381
ehudson@manatt.com

December 1, 2025

**VIA ECF**
The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1620
New York, NY 10007

Re:   *Lively v. Wayfarer Studios LLC, et al.*, **No. 1:24-cv-10049-LJL [rel. No. 1:25-cv-00449]**

Dear Judge Liman:

On behalf of Plaintiff Blake Lively, we respectfully submit this letter pursuant to Rules 1.C and 4.C of Your Honor's Individual Practices and in accordance with the Court's November 19, 2025 Order (Dkt. No. 986) to address outstanding deficiencies identified in the Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel's (collectively, the "Wayfarer Defendants") ***fourth*** amended privilege log. After three months and five opportunities to cure obvious privilege issues, the Wayfarer Defendants still are withholding documents and communications that, on their face, fail to demonstrate a cognizable basis for asserting any form of privilege. Accordingly, Ms. Lively herein seeks an order compelling the Wayfarer Defendants to: (i) produce those 8 Signal communications ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (as identified in **Appendix A** hereto); (ii) produce the ▮▮▮▮▮▮▮▮ to Signal communications (as identified in **Appendix B** hereto); (iii) produce those ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (as identified in **Appendix C** hereto); and (iv) produce those 10 Signal communications that still concern "▮▮▮▮▮▮▮▮▮" (as identified in **Appendix D** hereto).[1]

1.   **The Wayfarer Defendants should be ordered to produce all those ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.** As demonstrated in **Appendix A**, none of these communications include the presence of counsel or law clerks, nor do any of these entries identify for whom the underlying work was being performed. (*See* Dkt. No. 986 at 2 (outlining the basic elements required of a compliant privilege log).) Worst yet, these communications feature the very same deficiencies this Court previously warned would be inadequate. (*Id.* at 3-4.) Among other things, these entries fail to demonstrate that these communications are "intended to give 'professional advice to those who can act on it [or to provide] information to the lawyer to enable him to give sound and informed advice.'" (*Id.* at 3 (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981).) Rather than reflect the conveyance of professional advice from counsel, many of these communications appear to reflect ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, which is not privileged. What's more, these entries reflect more of the same conclusory claims—i.e., ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—that are not tied to specific legal issues, which this Court previously warned were insufficient. (*Id.* at 4.) Instead, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

---

[1] At the outset, Ms. Lively notes that several entries at issue include references to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*See* Privilege Log Items 63, 64, 65.) Based on the Court's prior decisions on this issue, (*see* Dkt. Nos. 341, 986), Ms. Lively does not seek to compel the disclosure of this information, which can be redacted if the Wayfarer Defendants are ordered to produce these documents.

  2. ***The Wayfarer Defendants should be ordered to produce*** ▇▇▇▇▇▇▇▇▇▇▇. Despite previously agreeing to produce non-privileged attachments, the fourth amended privilege log confirms that the Wayfarer Defendants continue to withhold ▇▇▇▇▇▇▇. As to the documents themselves, the Wayfarer Defendants only offer the following descriptions: (i) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇; (ii) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇; or (iii) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Among other things, the fourth amended privilege log fails to identify: (i) "the date the document was prepared"; (ii) "the person or persons who prepared the document";[2] (iii) "the person to whom the document was directed" (iv) "for whom the document was prepared"; or even (v) "how each element of the privilege is met as to that document." (Dkt. No. 986, at 2 (quoting *Sulaymu-Bey v. City of New York*, 372 F. Supp. 3d 90, 93 (E.D.N.Y. 2019).) Because the Wayfarer Defendants have failed to demonstrate that these attachments carry any of the hallmarks of a privileged document, they must be produced.

  3. ***The Wayfarer Defendants should be ordered to produce*** ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.[3] As reflected in **Appendix C**, the Wayfarer Defendants continue to withhold ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (i.e., ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ which the Court previously held were inadequate for purposes of assessing privilege assertions. (Dkt. No. 986, at 3-4.) Indeed, the vague descriptions provided fall woefully short of establishing that these communications fall within any form of privilege.

  4. ***The Wayfarer Defendants should be ordered to produce in full or, at a minimum, in redacted form the Signal Communications that concern*** ▇▇▇▇▇▇▇▇ "A media campaign is not a litigation strategy"—this Court has made clear on several occasions. (Dkt. No. 986, at 4.) In response, the Wayfarer Defendants ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (*See* **Appendix D**.) However, it nevertheless remains unclear whether the primary purpose of these communications was to discuss ▇▇▇▇▇▇▇ (which is not entitled to protection from discovery), litigation strategy, or both. Accordingly, the Wayfarer Defendants should be ordered to produce these communications in their entirely or, upon *in camera* review, in redacted form to the extent privileged content exists within these communications.

---

[2] The privilege log simply identifies a "sender" associated with these attachments, not the drafter(s) of the document.
[3] It is worth noting that only now, in this fifth attempt at preparing a compliant privilege log, do the Wayfarer Defendants indicate that they have been withholding ▇▇▇▇▇▇▇.

Hon. Lewis J. Liman
December 1, 2025
Page 3

>Respectfully submitted,
>
>/s/ *Esra A. Hudson*

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron E. Nathan
787 7th Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (admitted *pro hac* vice)
Stephanie A. Roeser (admitted *pro hac v*ice)
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
7 Times Sq.
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

DUNN ISAACSON RHEE LLP
Meryl C. Governski (*pro hac vice*)
401 9th Street NW
Washington, DC 20004
(202) 240-2927
mgovernski@dirllp.com

*Attorneys for Blake Lively*