# Jackson Walker LLP

Joel Glover
(713) 752-4226 (Direct Dial)
(713) 308-4114 (Direct Fax)
jglover@jw.com

December 3, 2025

**VIA ECF**
The Honorable Lewis J. Liman
Danial Patrick Moyniham
United States District Court
500 Pearl Street, Room 1620
New York, NY 10007

  Re: *Lively v. Wayfarer Studios LLC et al.*, Case No. 1:24-cv-10049-LJL; Letter Regarding Lively's Letter Motion to Compel Production of Privileged Documents (Dkt. 1032–33)

Dear Judge Liman:

  We write on behalf of non-parties Jed Wallace ("Wallace") and Street Relations Inc. ("Street") (collectively, the "Wallace Non-Parties") regarding Plaintiff Blake Lively's ("Lively") motion to compel the Wayfarer Parties to produce documents withheld on privilege grounds (Dkts. 1032–33).

  Lively previously filed similar motions seeking orders compelling non-parties Breanna Koslow and Katie Case to produce documents withheld on privilege grounds (Dkts. 585–86). The Court entered an order granting in part and denying in part the motions (Dkt. 749), and the Wallace Non-Parties[1] thereafter filed a letter motion seeking reconsideration of the Court's order to the extent it implicated the Wallace Non-Parties' privileged communications (Dkt. 758). The Court granted the Wallace Non-Parties' motion for reconsideration (Dkt. 776) and, after considering privilege logs submitted by both the Wayfarer Parties and Wallace Non-Parties, entered an order on the privilege assertions (Dkt. 829).

  In her motion, Lively again seeks production of documents and communications withheld on privilege grounds and identified on the Wayfarer Parties' privilege log—including numerous documents and communications by or including Wallace.

  Though no longer parties to this litigation, the fact remains that the Wallace Non-Parties were clients of Liner Freedman Taitelman + Cooley, LLP ("LFTC") under the terms of an engagement letter entered December 24, 2024. (*See* Dkt. 756-1). Communications amongst and between the Wallace Non-Parties, the Wayfarer Parties, and LFTC are protected by the attorney-client privilege. The Wallace Non-Parties have not, and do not, waive that privilege. And this Court has already recognized the existence of the privilege and the proper withholding of

---

[1] Wallace and Street were parties to the suit at the time.

The Honorable Lewis J. Liman
December 3, 2025
Page 2

---

documents and communications amongst and between the Wallace Non-Parties, the Wayfarer Parties, and LFTC. (*See* Dkt. 829).

The Wallace Non-Parties, therefore, ask the Court to enter a protective order against the disclosure of those privileged communications.[2]

Respectfully submitted,

/s/ *Joel R. Glover*
Charles L. Babcock
SDNY #5451117
Joel R. Glover
SDNY #5697487
Tori C. Emery (admitted *pro hac vice*)
JACKSON WALKER LLP
1401 McKinney, Suite 1900
Houston, TX 77010
(713) 752-4200
cbabcock@jw.com
jgover@jw.com
temery@jw.com

cc: all counsel of record (via ECF)

---

[2] The relief sought is not intended to and does not waive the Wallace Non-Parties' jurisdictional objections raised in their now-granted motion to dismiss Lively's Second Amended Complaint. Rather, the Wallace Non-Parties seek the requested relief to protect the privilege held—and importantly, never waived—by Wallace and Street.