# EXHIBIT 8

| | |
|---|---|
| **From:** | Jason Sunshine <jsunshine@lftcllp.com> |
| **Sent:** | Thursday, September 11, 2025 6:13 PM |
| **To:** | Morgan Anastasio |
| **Cc:** | Theresa Troupson; Rose Khatchikian; matthew@umklaw.com; anthony@umklaw.com; jonas@umklaw.com; Bryan Freedman; Ellyn Garofalo; Amir Kaltgrad; Kim Zeldin; Summer Benson; Cortni Davis; Joanna Rivera; Vaneta Birtha; Christina Puello; Local MS. Counsel; Local KAF. Counsel; mitra@ahouraianlaw.com; Kristin Tahler; Maaren Shah; Nicholas Inns |
| **Subject:** | RE: Jones v. Abel - Interrogatories |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

**[EXTERNAL EMAIL from jsunshine@lftcllp.com]**

Morgan,

I write in response to your September 9 correspondence regarding document discovery in *Jones v. Abel* (the "Jonesworks Action"). In the interest of civility, this response will ignore the pejoratives and focus on the substance, including your repeated and deliberate misrepresentations of the facts.

We have worked diligently and cooperatively with the Jones Parties, providing far more information than required under the governing rules, including sharing original search terms, custodians, sources of data, and raw hit reports across all data sources. We have worked in good faith to resolve any remaining concerns. The application of the vastly expanded search terms you requested required the Wayfarer Parties to process and review enormous amounts of additional data, on short notice, and we did so to provide the Jones Parties with what they asked for. Only one source of data remains, Signal communications, which has presented significant technical hurdles. We have repeatedly conveyed this to you and have represented that we will produce any non-privileged, responsive documents from the Signal data no later than tomorrow.

As for the purported documents identified in your email, I suggest you review the Wayfarer Parties' document production more closely. We are investigating your allegation and have so far located an email and attachment that you claim was not produced. The Bates numbers on the documents, JA2472 through 2474, prove otherwise. We are also puzzled by your claim that "neither [Ms. Ahourian] nor [Mr. Freedman] was [Nathan's] attorney regarding this case[,]" as both have been counsel for the Wayfarer Parties from the commencement of this litigation.

In light of our extensive correspondence, innumerable phone calls and conferences, and generally collegial and cooperative working relationship, your unfounded accusations of impropriety are, frankly, offensive.

We are available tomorrow to meet and confer regarding the Jonesworks 30(b)(6) topics. Please provide your availability.

Thanks,
Jason

Jason H. Sunshine, Esq.

LINER FREEDMAN TAITELMAN + COOLEY LLP
1801 Century Park West, 5th Floor
Los Angeles, California  90067
Tel: (310) 201-0005
Direct: (310) 201-4285
<!-- redacted -->
Fax: (310) 201-0045
Web: www.lftcllp.com

*Please note that LFTC's domain name has changed from ftllp.com to lftcllp.com. Emails sent from this domain are not spam.*

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and, as such, is privileged and confidential. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

---

**From:** Morgan Anastasio <morgananastasio@quinnemanuel.com>
**Sent:** Wednesday, September 10, 2025 12:11 PM
**To:** Jason Sunshine <jsunshine@lftcllp.com>
**Cc:** Theresa Troupson <ttroupson@lftcllp.com>; Rose Khatchikian <rkhatchikian@lftcllp.com>; matthew@umklaw.com; anthony@umklaw.com; jonas@umklaw.com; Bryan Freedman <bfreedman@lftcllp.com>; Ellyn Garofalo <egarofalo@lftcllp.com>; Amir Kaltgrad <akaltgrad@lftcllp.com>; Kim Zeldin <kzeldin@lftcllp.com>; Summer Benson <sbenson@lftcllp.com>; Cortni Davis <cdavis@lftcllp.com>; Joanna Rivera <jrivera@lftcllp.com>; Vaneta Birtha <vbirtha@lftcllp.com>; Christina Puello <cpuello@lftcllp.com>; Local MS. Counsel <ms@msf-law.com>; Local KAF. Counsel <kaf@msf-law.com>; mitra@ahouraianlaw.com; Kristin Tahler <kristintahler@quinnemanuel.com>; Maaren Shah <maarenshah@quinnemanuel.com>; Nicholas Inns <nicholasinns@quinnemanuel.com>
**Subject:** RE: Jones v. Abel - Interrogatories

Jason,

The Wayfarer Parties' continued and repeated failures to provide timely and complete document productions in this case have prejudiced and continue to prejudice our clients.

As you well know, the deadline for substantial completion of document production in this case was initially July 1, 2025.  The Wayfarer Parties missed that deadline, producing a miniscule number of documents before that date.  The Court subsequently set a deadline that the production of documents in response to requests served before July 15 be completed by July 25, and a deadline that all documents be produced in response to later issued requests before August 15.  The Wayfarer Parties missed both of those deadlines too.  You subsequently assured us that the Wayfarer Parties would complete documents productions by August 27, including promising on August 11 to search Signal messages; the Wayfarer Parties did not and belatedly informed us they did not search Signal messages as agreed and required.  Now, after nearly half a dozen depositions have been taken, the Wayfarer Parties assert, unilaterally, that they need yet more time to produce documents that should, by court order, have been produced months ago.

Just Monday, September 8, the Wayfarer Parties compounded their discovery failures and the prejudice they are inflicting.  On that one day—months after substantial completion—the Wayfarer Parties produced tens of thousands of documents.  They also defied yet another court order in *Lively v. Wayfarer Studios*, failing to produce Signal data as ordered and taking the liberty of granting themselves an extension under the guise of seeking one from the Court, which the Court swiftly denied. In that same purported extension request, the Wayfarer Parties now represent that they will not produce Signal data in the related case until September 15—even later than your already overly tardy production proposal below.

This pattern of discovery defiance and deficiency is materially prejudicing Jonesworks' ability to litigate this case. On September 8, Jonesworks deposed Tera Hanks, Wayfarer Studios' president, without the benefit of the tens of thousands of pages of documents Wayfarer produced that same day or of the Signal data the Wayfarer Parties still have not produced. On September 5 and 9, Jonesworks deposed two third parties—a current and former employee of The Agency Group—both of whom testified to the use of Signal to communicate regarding the events at issue in this case, including Melissa Nathan's surreptitious campaign to defame Jonesworks and Ms. Jones. Yet, the Wayfarer Parties have not even begun production of Signal messages.

Those depositions have also confirmed that the Wayfarer Parties' productions—to the extent they have made them—are deficient. For example, Ms. Case testified that (1) she participated in a Signal chat with Jed Wallace and Melissa Nathan regarding their scheme to defame Jonesworks, (2) Ms. Nathan sent an email to Business Insider as part of her effort to prompt a negative article about Jonesworks; and (3) she sent TAG PR's statement of work to Ms. Abel's rwacommunications.com email address. The Wayfarer Parties have produced none of these documents despite their obvious relevance. In addition, just yesterday, Ms. Koslow testified that Ms. Nathan sent an email to a Variety reporter with statements attacking Jonesworks and Ms. Jones, and that she participated in a message thread with Mr. Freedman and Ms. Ahouraian, neither of whom was her attorney, regarding this case. The Wayfarer Parties have not produced these communications either.

Additionally, given Ms. Case's testimony about her and Ms. Nathan's involvement in the websites and social media pages disparaging Ms. Jones on behalf of prospective TAG client Dwayne Johnson, we also expect you to conduct a manual search and produce all communications (including Signal messages) or documents between any of Ms. Nathan, Ms. Case, Mr. Johnson, Mr. Wallace or anyone else at TAG about Ms. Jones, Jonesworks, or relating to the disparaging websites or related social media pages or the Business Insider article, including any payment in connection with the sites and pages.

Jonesworks reserves its right to pursue all available remedies for the prejudice caused by the Wayfarer Parties' refusal to participate in discovery in good faith, including but not limited to reopening each and every deposition taken before the Wayfarer Parties fully comply with their document production obligations, and seeking monetary, evidentiary, and terminating sanctions. To prevent this prejudice from continuing to grow, the Wayfarer Parties must immediately produce all outstanding documents, including Signal messages, the specific documents identified above, and all other documents the Wayfarer Parties have wrongfully failed to produce. Further, because of the Wayfarer Parties' unreasonable document production failures, they must immediately provide a comprehensive description, for each of the 4 parties to this case, of (1) each and every source from which documents were collected (including every application, platform, account, and other repository); (2) describe the means by which documents were collected from each such source (including the specific software used and identifying the individual performing the collection); (3) describe each and every search conducted to identify potentially relevant documents including the source and time period to which each search was applied; and (4) describe the process by which the Wayfarer Parties reviewed documents to identify those that were responsive (including the standards used to determine responsiveness and the identities of the individuals conducting the review).

We agree with the Lively Parties that the Wayfarer Parties' repeated discovery failures have upended the planned deposition schedule. So too has the Wayfarer Parties' belated 30(b)(6) notice on Jonesworks, which they failed to serve until just one week before the scheduled deposition noticing 25 topics. We are willing to discuss with you and the Lively Parties the consequences to the planned schedule caused by your delinquent discovery conduct.

Jonesworks reserves all rights. We await your response.

Best,
Morgan

**From:** Jason Sunshine <jsunshine@lftcllp.com>
**Sent:** Friday, September 5, 2025 5:17 PM
**To:** Morgan Anastasio <morgananastasio@quinnemanuel.com>
**Cc:** Theresa Troupson <ttroupson@lftcllp.com>; Rose Khatchikian <rkhatchikian@lftcllp.com>; matthew@umklaw.com; anthony@umklaw.com; jonas@umklaw.com; Bryan Freedman <bfreedman@lftcllp.com>; Ellyn Garofalo <egarofalo@lftcllp.com>; Amir Kaltgrad <akaltgrad@lftcllp.com>; Kim Zeldin <kzeldin@lftcllp.com>; Summer Benson <sbenson@lftcllp.com>; Cortni Davis <cdavis@lftcllp.com>; Joanna Rivera <jrivera@lftcllp.com>; Vaneta Birtha <vbirtha@lftcllp.com>; Christina Puello <cpuello@lftcllp.com>; Local MS. Counsel <ms@msf-law.com>; Local KAF. Counsel <kaf@msf-law.com>; mitra@ahouraianlaw.com; Kristin Tahler <kristintahler@quinnemanuel.com>; Maaren Shah <maarenshah@quinnemanuel.com>; Nicholas Inns <nicholasinns@quinnemanuel.com>
**Subject:** RE: Jones v. Abel - Interrogatories

**[EXTERNAL EMAIL from jsunshine@lftcllp.com]**

Morgan,

For clarity, my email below refers to the production of Signal data with respect to the Jonesworks action.

Thanks,
Jason

Jason H. Sunshine, Esq.
LINER FREEDMAN TAITELMAN + COOLEY LLP
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Tel: (310) 201-0005
Direct: (310) 201-4285
████████████
Fax: (310) 201-0045
Web: www.lftcllp.com

*Please note that LFTC's domain name has changed from ftllp.com to lftcllp.com. Emails sent from this domain are not spam.*

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and, as such, is privileged and confidential. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Jason Sunshine
**Sent:** Friday, September 5, 2025 1:43 PM
**To:** Morgan Anastasio <morgananastasio@quinnemanuel.com>
**Cc:** Theresa Troupson <ttroupson@lftcllp.com>; Rose Khatchikian <rkhatchikian@lftcllp.com>; matthew@umklaw.com; anthony@umklaw.com; jonas@umklaw.com; Bryan Freedman <bfreedman@lftcllp.com>; Ellyn Garofalo <egarofalo@lftcllp.com>; Amir Kaltgrad <akaltgrad@lftcllp.com>; Kim Zeldin <kzeldin@lftcllp.com>; Summer Benson <sbenson@lftcllp.com>; Cortni Davis <cdavis@lftcllp.com>; Joanna Rivera <jrivera@lftcllp.com>; Vaneta Birtha <vbirtha@lftcllp.com>; Christina Puello <cpuello@lftcllp.com>; Local MS. Counsel <ms@msf-law.com>; Local KAF. Counsel <kaf@msf-law.com>; mitra@ahouraianlaw.com; Kristin Tahler <kristintahler@quinnemanuel.com>; Maaren Shah <maarenshah@quinnemanuel.com>; Nicholas Inns <nicholasinns@quinnemanuel.com>
**Subject:** RE: Jones v. Abel - Interrogatories

Morgan,

With respect to the supplemental production of Signal data, I am being told that, given the demands of the Court-ordered production in the Lively action, we will not be able to make the production on Monday. We are working as quickly as possible and will produce no later than (and likely earlier than) September 12th.

Thanks,
Jason


Jason H. Sunshine, Esq.
LINER FREEDMAN TAITELMAN + COOLEY LLP
1801 Century Park West, 5th Floor
Los Angeles, California  90067
Tel: (310) 201-0005
Direct: (310) 201-4285

Fax: (310) 201-0045
Web: www.lftcllp.com

*Please note that LFTC's domain name has changed from ftllp.com to lftcllp.com. Emails sent from this domain are not spam.*

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and, as such, is privileged and confidential. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

---

**From:** Jason Sunshine
**Sent:** Wednesday, September 3, 2025 5:22 PM
**To:** Morgan Anastasio <morgananastasio@quinnemanuel.com>
**Cc:** Theresa Troupson <ttroupson@lftcllp.com>; Rose Khatchikian <rkhatchikian@lftcllp.com>; matthew@umklaw.com; anthony@umklaw.com; jonas@umklaw.com; Bryan Freedman <bfreedman@lftcllp.com>; Ellyn Garofalo <egarofalo@lftcllp.com>; Amir Kaltgrad <akaltgrad@lftcllp.com>; Kim Zeldin <kzeldin@lftcllp.com>; Summer Benson <sbenson@lftcllp.com>; Cortni Davis <cdavis@lftcllp.com>; Joanna Rivera <jrivera@lftcllp.com>; Vaneta Birtha <vbirtha@lftcllp.com>; Christina Puello <cpuello@lftcllp.com>; Local MS. Counsel <ms@msf-law.com>; Local KAF. Counsel <kaf@msf-law.com>; mitra@ahouraianlaw.com; Kristin Tahler <kristintahler@quinnemanuel.com>; Maaren Shah <maarenshah@quinnemanuel.com>; Nicholas Inns <nicholasinns@quinnemanuel.com>
**Subject:** RE: Jones v. Abel - Interrogatories

Morgan,

I'm following up on the redactions referenced in your previous email. Having re-reviewed the documents, the non-responsiveness redactions are appropriate. We do not intend to un-redact them.

Thanks,
Jason

Jason H. Sunshine, Esq.
LINER FREEDMAN TAITELMAN + COOLEY LLP
1801 Century Park West, 5th Floor
Los Angeles, California  90067
Tel: (310) 201-0005
Direct: (310) 201-4285

Fax: (310) 201-0045
Web: www.lftcllp.com

*Please note that LFTC's domain name has changed from ftllp.com to lftcllp.com. Emails sent from this domain are not spam.*

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and, as such, is privileged and confidential. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

---

**From:** Jason Sunshine
**Sent:** Wednesday, September 3, 2025 3:38 PM
**To:** Morgan Anastasio <morgananastasio@quinnemanuel.com>
**Cc:** Theresa Troupson <ttroupson@lftcllp.com>; Rose Khatchikian <rkhatchikian@lftcllp.com>; matthew@umklaw.com; anthony@umklaw.com; jonas@umklaw.com; Bryan Freedman <bfreedman@lftcllp.com>; Ellyn Garofalo <egarofalo@lftcllp.com>; Amir Kaltgrad <akaltgrad@lftcllp.com>; Kim Zeldin <kzeldin@lftcllp.com>; Summer Benson <sbenson@lftcllp.com>; Cortni Davis <cdavis@lftcllp.com>; Joanna Rivera <jrivera@lftcllp.com>; Vaneta Birtha <vbirtha@lftcllp.com>; Christina Puello <cpuello@lftcllp.com>; Local MS. Counsel <ms@msf-law.com>; Local KAF. Counsel <kaf@msf-law.com>; mitra@ahouraianlaw.com; Kristin Tahler <kristintahler@quinnemanuel.com>; Maaren Shah <maarenshah@quinnemanuel.com>; Nicholas Inns <nicholasinns@quinnemanuel.com>
**Subject:** RE: Jones v. Abel - Interrogatories

Morgan,

Having conferred with our vendor, you are correct that the bates ranges referenced in my previous email do not, in fact, exist. However, the documents were produced in the Jonesworks and Lively actions (JONESWORKS_WAYFARER_000003756; WAYFARER_000135375). I will revert on the balance of your email.

Thanks,
Jason


Jason H. Sunshine, Esq.
LINER FREEDMAN TAITELMAN + COOLEY LLP
1801 Century Park West, 5th Floor
Los Angeles, California  90067
Tel: (310) 201-0005
Direct: (310) 201-4285
▆▆▆▆▆▆▆▆▆▆▆▆
Fax: (310) 201-0045
Web: www.lftcllp.com

*Please note that LFTC's domain name has changed from ftllp.com to lftcllp.com. Emails sent from this domain are not spam.*

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and, as such, is privileged and confidential. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

---

**From:** Morgan Anastasio <morgananastasio@quinnemanuel.com>
**Sent:** Wednesday, September 3, 2025 2:39 PM
**To:** Jason Sunshine <jsunshine@lftcllp.com>
**Cc:** Theresa Troupson <ttroupson@lftcllp.com>; Rose Khatchikian <rkhatchikian@lftcllp.com>; matthew@umklaw.com; anthony@umklaw.com; jonas@umklaw.com; Bryan Freedman <bfreedman@lftcllp.com>; Ellyn Garofalo <egarofalo@lftcllp.com>; Amir Kaltgrad <akaltgrad@lftcllp.com>; Kim Zeldin <kzeldin@lftcllp.com>; Summer Benson <sbenson@lftcllp.com>; Cortni Davis <cdavis@lftcllp.com>; Joanna Rivera <jrivera@lftcllp.com>; Vaneta Birtha

6

<vbirtha@lftcllp.com>; Christina Puello <cpuello@lftcllp.com>; Local MS. Counsel <ms@msf-law.com>; Local KAF. Counsel <kaf@msf-law.com>; mitra@ahouraianlaw.com; Kristin Tahler <kristintahler@quinnemanuel.com>; Maaren Shah <maarenshah@quinnemanuel.com>; Nicholas Inns <nicholasinns@quinnemanuel.com>
**Subject:** RE: Jones v. Abel - Interrogatories

Counsel,

First, you were quite clear yesterday that you did not search Signal messages for your August 27 production. You now claim that you already have searched Signal messages. We do not understand why you are unable to clearly communicate whether or not you searched for documents in line with your prior agreements. Regardless, we appreciate that you now will be producing all non-privileged responsive communications, as you agreed to do. For the avoidance of doubt, please immediately confirm that you will be producing documents responsive to the Jones' Parties' requests in the Jones and Lively actions, and not just the Lively Parties' requests, and that the production will include WhatsApp and Signal messages. Given that you have already searched such messages, please produce them as soon as possible and in any event no later than **tomorrow at 12 pm**, given Friday's deposition.

Second, you did not produce any of the documents you note in your email. Your August 27 and 29 productions included documents with only the following bates ranges:

- Jonesworks_JA_003: JONESWORKS_JA_000001774 - JONESWORKS_JA_000002152
- Jonesworks_JB_004: JONESWORKS_JB_000002044 - JONESWORKS_JB_000002369
- Jonesworks_MN_004: JONESWORKS_MN_000001535 - JONESWORKS_MN_000002868
- Jonesworks_Wayfarer_002: JONESWORKS_WAYFARER_000004668 - JONESWORKS_WAYFARER_000004672

It appears that at least hundreds of pages of documents are missing from your Abel production. This is a recurring problem with your productions. Please immediately produce any and all documents responsive to the August 11 and 15 Agreements (other than any Signal messages as noted above), including those noted in your email, by the **end of the day today**. Given that you agreed to give us these documents last week and apparently were prepared to do so, there is no good faith explanation for any additional delay. Moving forward, please include the bates ranges and production volume in all production letters so we can more promptly identify your production mistakes.

Additionally, on August 11 you agreed to produce any TAG agreements, and you agreed to do so by August 26, and then we subsequently agreed to your one-day extension request. We similarly expect the executed version(s) of the TAG/Wayfarer agreement no later than **tomorrow at 12 pm**. You represented you would produce this document to us in your August 11 Agreement on August 27. There is again no good faith reason to delay producing it almost two weeks after you agree to.

Finally, while we have tried to resolve our disputes in good faith, we cannot accept any further delay on your part in light of the upcoming deposition schedule. Provide your position on the non-responsive redactions noted in my email no later than **12 pm tomorrow**, and your amended ROG responses by **September 8**.

Best,
Morgan

---

**From:** Jason Sunshine <jsunshine@lftcllp.com>
**Sent:** Wednesday, September 3, 2025 2:49 PM
**To:** Morgan Anastasio <morgananastasio@quinnemanuel.com>
**Cc:** Theresa Troupson <ttroupson@lftcllp.com>; Rose Khatchikian <rkhatchikian@lftcllp.com>; matthew@umklaw.com; anthony@umklaw.com; jonas@umklaw.com; Bryan Freedman <bfreedman@lftcllp.com>; Ellyn Garofalo

<egarofalo@lftcllp.com>; Amir Kaltgrad <akaltgrad@lftcllp.com>; Kim Zeldin <kzeldin@lftcllp.com>; Summer Benson <sbenson@lftcllp.com>; Cortni Davis <cdavis@lftcllp.com>; Joanna Rivera <jrivera@lftcllp.com>; Vaneta Birtha <vbirtha@lftcllp.com>; Christina Puello <cpuello@lftcllp.com>; Local MS. Counsel <ms@msf-law.com>; Local KAF. Counsel <kaf@msf-law.com>; mitra@ahouraianlaw.com; Kristin Tahler <kristintahler@quinnemanuel.com>; Maaren Shah <maarenshah@quinnemanuel.com>; Nicholas Inns <nicholasinns@quinnemanuel.com>
**Subject:** RE: Jones v. Abel - Interrogatories

**[EXTERNAL EMAIL from jsunshine@lftcllp.com]**

---

Counsel:

This will confirm that the Wayfarer Parties searched the agreed-upon repositories of data, including iMessages, WhatsApp, and Signal. All non-privileged, responsive documents either have already been produced or will be produced (to the extent they exist) on or before the September 8, 2025 deadline set by the Court in the Lively action.

The RWA/Wayfarer agreements have already been produced (JONESWORKS_JA_000002477; JONESWORKS_JA_000002626; JONESWORKS_JA_000002662; JONESWORKS_JA_000002753). The executed version(s) of the TAG/Wayfarer agreement will be produced on or before September 8, 2025.

As for indemnification, given the pendency of the litigation, I am not aware of documents responsive to Jonesworks' indemnification-related requests other than legal invoices and her engagement agreement(s). We will produce the latter. Given that this and other related litigations are currently ongoing and considering the number of other Wayfarer Parties represented by LFTC and MSF, we are not prepared to produce invoices at this time.

We will reproduce the referenced redacted documents to replace black box redactions with text box redactions indicating the reason for the redaction by September 8, 2025. I will have to get back to you regarding our willingness to un-redact any of these documents.

As for the interrogatory responses, we are prepared to supplement Ms. Nathan's response to Interrogatory No. 18 to provide the amounts and dates of relevant payments. We are also willing to supplement Wayfarer's response to Interrogatory No. 18 to provide the amounts, dates of payment, and recipients. With respect to Interrogatory No. 24 to Ms. Abel, Jonesworks is seeking highly sensitive information as to clients with no relation to the claims or defenses in this case and outside the temporal scope of any purported restrictive covenants. We are not willing to provide such information. With respect to Interrogatory No. 17 to Wayfarer, the quantification Jonesworks is seeking is not readily obtainable and, for reasons both obvious and known to Jonesworks, calls for expert opinion. Wayfarer has listed lost and/or imperiled projects in response to other interrogatories, and we stand by Wayfarer's response in its present form. The other referenced interrogatories variously seek irrelevant information and/or are overbroad and compound. We intend to stand on our objections to those.

Thanks,
Jason


Jason H. Sunshine, Esq.
LINER FREEDMAN TAITELMAN + COOLEY LLP
1801 Century Park West, 5th Floor
Los Angeles, California  90067
Tel: (310) 201-0005
Direct: (310) 201-4285
▇▇▇▇▇▇▇▇▇▇▇▇▇
Fax: (310) 201-0045
Web: www.lftcllp.com

*Please note that LFTC's domain name has changed from ftllp.com to lftcllp.com. Emails sent from this domain are not spam.*

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and, as such, is privileged and confidential. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Morgan Anastasio <morgananastasio@quinnemanuel.com>
**Sent:** Tuesday, September 2, 2025 4:27 PM
**To:** Jason Sunshine <jsunshine@lftcllp.com>
**Cc:** Theresa Troupson <ttroupson@lftcllp.com>; Rose Khatchikian <rkhatchikian@lftcllp.com>; matthew@umklaw.com; anthony@umklaw.com; jonas@umklaw.com; Bryan Freedman <bfreedman@lftcllp.com>; Ellyn Garofalo <egarofalo@lftcllp.com>; Amir Kaltgrad <akaltgrad@lftcllp.com>; Kim Zeldin <kzeldin@lftcllp.com>; Tamar Yeghiayan <tyeghiayan@lftcllp.com>; Brian Turnauer <bturnauer@lftcllp.com>; Summer Benson <sbenson@lftcllp.com>; Cortni Davis <cdavis@lftcllp.com>; Joanna Rivera <jrivera@lftcllp.com>; Vaneta Birtha <vbirtha@lftcllp.com>; Christina Puello <cpuello@lftcllp.com>; Local MS. Counsel <ms@msf-law.com>; Amit Shertzer <as@msf-law.com>; Local KAF. Counsel <kaf@msf-law.com>; mitra@ahouraianlaw.com; Kristin Tahler <kristintahler@quinnemanuel.com>; Maaren Shah <maarenshah@quinnemanuel.com>; Nicholas Inns <nicholasinns@quinnemanuel.com>
**Subject:** RE: Jones v. Abel - Interrogatories

Counsel,

Thank you for the time earlier. As discussed, in our August 11 agreement, the Wayfarer Parties agreed that any "mobile" search would include iMessages, WhatsApp, and Signal messages. The Wayfarer Parties also agreed to produce "any agreements or contracts with or among Nathan, Baldoni, Wayfarer, TAG, and RWA" and "[a]ll engagement letters or agreements and invoices for any expenditures or losses (including attorneys' fees) for which Abel seek indemnification, including legal bills, requests for retainer, and proof of payment." You did not condition or limit your agreement to search for and produce those specific documents, nor have you previously raised any privilege concerns regarding Abel's indemnification documents. Your August 27 production did not include any of these specific documents or any Signal or WhatsApp messages.

You represented on our conferral that you do not believe there are any agreements between Wayfarer or Baldoni and RWA or any executed agreements between Wayfarer or Baldoni and TAG. Regarding Abel's indemnification documents, you represented that at present Abel seeks only legal fees—even though her complaint is not so limited—and that you would need to confirm your position on providing any engagement letter or similar documents, despite your prior agreement to produce those documents.

You further represented that you did not search Signal messages in advance of your August 27 production—despite your agreement to do so on August 11 and repeated subsequent confirmation that you would search for and produce documents in line with our agreement by August 27—because you cannot run search terms on Signal messages. You would not answer when you became aware that you could not run search terms on Signal, including whether you became aware before or after our August 11 agreement. Nor could you explain why you would agree to run search terms on Signal or repeatedly confirm that you would do so if you were aware you could not. You represented that you will now search for and produce Signal messages for documents responsive to the Jones Parties' requests for production. We reiterate our view that your failure to do so before your August 27 production violated the parties' prior agreements to search Signal messages.

On August 11, you also agreed to search WhatsApp messages but did not represent today that you cannot apply search terms to WhatsApp messages. Please immediately confirm that you ran the terms across WhatsApp or that you will search and produce responsive WhatsApp messages along with the Signal messages.

You further stood by your production as complete.

As discussed, by noon pt tomorrow, you will confirm the following:
1. That there are no agreements between Baldoni or Wayfarer and RWA or Abel
2. That there is no executed agreement between Baldoni or Wayfarer and Nathan or TAG
3. Whether you will produce "[a]ll engagement letters or agreements and invoices for any expenditures or losses (including attorneys' fees) for which Abel seek indemnification, including legal bills, requests for retainer, and proof of payment" as agreed on August 15, including a date certain for the production of these documents
4. Written confirmation Abel seeks only legal fees for indemnification damages
5. The date certain you will produce Signal (and if not previously searched, WhatsApp) messages responsive to the Jones Parties' requests
6. The date certain you will re-produce documents with ESI-compliant redactions
7. Whether you will remove or amend any non-responsive redactions to the specific list of documents in my August 29 email
8. Whether you stand by your objections or will agree to amend the specific ROG responses noted in my August 28 email

We will follow up regarding deposition scheduling, as discussed.

Best,
Morgan

**From:** Morgan Anastasio
**Sent:** Friday, August 29, 2025 5:10 PM
**To:** Jason Sunshine <jsunshine@lftcllp.com>
**Cc:** Theresa Troupson <ttroupson@lftcllp.com>; Rose Khatchikian <rkhatchikian@lftcllp.com>; matthew@umklaw.com; anthony@umklaw.com; jonas@umklaw.com; Bryan Freedman <bfreedman@lftcllp.com>; Ellyn Garofalo <egarofalo@lftcllp.com>; Amir Kaltgrad <akaltgrad@lftcllp.com>; Kim Zeldin <kzeldin@lftcllp.com>; Tamar Yeghiayan <tyeghiayan@lftcllp.com>; Brian Turnauer <bturnauer@lftcllp.com>; Summer Benson <sbenson@lftcllp.com>; Cortni Davis <cdavis@lftcllp.com>; Joanna Rivera <jrivera@lftcllp.com>; Vaneta Birtha <vbirtha@lftcllp.com>; Christina Puello <cpuello@lftcllp.com>; Local MS. Counsel <ms@msf-law.com>; Amit Shertzer <as@msf-law.com>; Local KAF. Counsel <kaf@msf-law.com>; mitra@ahouraianlaw.com; Kristin Tahler <kristintahler@quinnemanuel.com>; Maaren Shah <maarenshah@quinnemanuel.com>; Nicholas Inns <nicholasinns@quinnemanuel.com>
**Subject:** RE: Jones v. Abel - Interrogatories

Jason,

We are fine accommodating a 4 pm et conferral so you are able to join, but we do not understand how despite the Wayfarer Parties' multiple attorneys across law firms, no one else is able or prepared to discuss your discovery obligations and agreements. It also is not entirely clear whether your latest emails confirms that you intended to produce documents from Wayfarer but inadvertently excluded them in your production or whether emails across other productions were excluded. Please confirm.

In addition to your ROG responses, we note your latest production is facially deficient (by a significant degree and in many respects) and we will need to discuss the following:
- Your Wayfarer production;
- The discrepancy in the number of documents produced vs. hit counts for our agreed terms, including documents concerning Mr. Wallace or Maverick;
- Your failure to produce any documents supporting Ms. Abel's indemnification damages—including any engagement letters or agreements and invoices for any expenditures or losses (including attorneys' fees) for which she seeks indemnification, such as invoices or proof of payment—despite your agreement to do so;

10

- Your failure to produce any contracts or agreements or negotiations thereof between RWA and Mr. Baldoni and/or Wayfarer, despite your agreement to do so;
- Your failure to produce any WhatsApp or Signal messages, despite your agreement to do so; and
- Overbroad and improper redactions, which appear to redact responsive information or otherwise violate the ESI protocol, including but not limited to:
    - JONESWORKS_JA_000001922
    - JONESWORKS_JA_000001933
    - JONESWORKS_JA_000001874
    - JONESWORKS_MN_000002595
    - JONESWORKS_MN_000002678
    - JONESWORKS_MN_000001575
    - JONESWORKS_MN_000001584
    - JONESWORKS_MN_000001876
    - JONESWORKS_MN_000002261
    - JONESWORKS_MN_000002636
    - JONESWORKS_MN_000000699
    - JONESWORKS_MN_000000842
    - JONESWORKS_MN_000000864

Regards,
Morgan

---

**From:** Jason Sunshine <jsunshine@lftcllp.com>
**Sent:** Friday, August 29, 2025 12:21 PM
**To:** Morgan Anastasio <morgananastasio@quinnemanuel.com>
**Cc:** Theresa Troupson <ttroupson@lftcllp.com>; Rose Khatchikian <rkhatchikian@lftcllp.com>; matthew@umklaw.com; anthony@umklaw.com; jonas@umklaw.com; Bryan Freedman <bfreedman@lftcllp.com>; Ellyn Garofalo <egarofalo@lftcllp.com>; Amir Kaltgrad <akaltgrad@lftcllp.com>; Kim Zeldin <kzeldin@lftcllp.com>; Tamar Yeghiayan <tyeghiayan@lftcllp.com>; Brian Turnauer <bturnauer@lftcllp.com>; Summer Benson <sbenson@lftcllp.com>; Cortni Davis <cdavis@lftcllp.com>; Joanna Rivera <jrivera@lftcllp.com>; Vaneta Birtha <vbirtha@lftcllp.com>; Christina Puello <cpuello@lftcllp.com>; Local MS. Counsel <ms@msf-law.com>; Amit Shertzer <as@msf-law.com>; Local KAF. Counsel <kaf@msf-law.com>; mitra@ahouraianlaw.com; Kristin Tahler <kristintahler@quinnemanuel.com>; Maaren Shah <maarenshah@quinnemanuel.com>; Nicholas Inns <nicholasinns@quinnemanuel.com>
**Subject:** Re: Jones v. Abel - Interrogatories

==[EXTERNAL EMAIL from jsunshine@lftcllp.com]==

Morgan,

It will have to be later than 10 PST. I have a deposition starting at 7 am PST that will likely be ongoing. It's not a full day but probably more than 3 hours. How about 12 or 1 PST?

Thanks,
Jason

Jason H. Sunshine, Esq.
LINER FREEDMAN TAITELMAN + COOLEY LLP
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Tel: (310) 201-0005
Direct: (310) 201-4285

▮

Fax: (310) 201-0045
Web: www.lftcllp.com

*Please note that LFTC's domain name has changed from ftllp.com to lftcllp.com. Emails sent from this domain are not spam.*

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and, as such, is privileged and confidential. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

> On Aug 29, 2025, at 3:51 AM, Morgan Anastasio <morgananastasio@quinnemanuel.com> wrote:
>
> Theresa,
>
> We are fine accommodating a call on Tuesday at 10 am pt but expect our discussion to include both your ROG responses and recent production, as noted in our last email. To that end, please answer our outstanding yes or no question about whether you intended to make a production from Wayfarer no later than noon pt tomorrow. We reiterate our request for the hit report for our 8/15 agreement before we speak.
>
> Thank you,
> Morgan
>
> **From:** Theresa Troupson <ttroupson@lftcllp.com>
> **Sent:** Thursday, August 28, 2025 8:19 PM
> **To:** Morgan Anastasio <morgananastasio@quinnemanuel.com>
> **Cc:** Jason Sunshine <jsunshine@lftcllp.com>; Rose Khatchikian <rkhatchikian@lftcllp.com>; matthew@umklaw.com; anthony@umklaw.com; jonas@umklaw.com; Bryan Freedman <bfreedman@lftcllp.com>; Ellyn Garofalo <egarofalo@lftcllp.com>; Amir Kaltgrad <akaltgrad@lftcllp.com>; Kim Zeldin <kzeldin@lftcllp.com>; Tamar Yeghiayan <tyeghiayan@lftcllp.com>; Brian Turnauer <bturnauer@lftcllp.com>; Summer Benson <sbenson@lftcllp.com>; Cortni Davis <cdavis@lftcllp.com>; Joanna Rivera <jrivera@lftcllp.com>; Vaneta Birtha <vbirtha@lftcllp.com>; Christina Puello <cpuello@lftcllp.com>; Local MS. Counsel <ms@msf-law.com>; Amit Shertzer <as@msf-law.com>; Local KAF. Counsel <kaf@msf-law.com>; mitra@ahouraianlaw.com; Kristin Tahler <kristintahler@quinnemanuel.com>; Maaren Shah <maarenshah@quinnemanuel.com>; Nicholas Inns <nicholasinns@quinnemanuel.com>
> **Subject:** Re: Jones v. Abel - Interrogatories
>
> <mark>[EXTERNAL EMAIL from ttroupson@lftcllp.com]</mark>
>
> Counsel:
>
> We are available at 2 pm Pacific tomorrow (Friday). However, we have a team member traveling internationally who will be available Tuesday but not tomorrow. If you would agree to a short extension of the 48 business hour window to accommodate a Tuesday morning call (we propose 10 am PT, just a few hours after the 48 business hour window would otherwise close), we think it will be a more productive call.

If you prefer not to extend the window, please circulate a dial-in or Zoom for 2 pm PT tomorrow.

Regards,
Theresa Troupson

> On Aug 28, 2025, at 6:44 AM, Morgan Anastasio <morgananastasio@quinnemanuel.com> wrote:
>
> Counsel,
>
> We write in response to your August 18 interrogatory responses and objections, many of which are boilerplate and overbroad. These blanket objections lack merit, as the interrogatories seek discoverable information directly relevant to the claims and damages at issue. We are entitled to complete responses which must be provided forthwith. For example:
>
> **Interrogatories Abel No. 24, Nathan Nos. 17-18, and Wayfarer Nos. 18 and 25** seek payments made and received for PR work related to the Film, and revenue/profits of RWA Communications and Wayfarer, which is relevant to the computation of damages, including lost business ($100,000+ and $45,500+ ongoing losses), lost investment deals ($2 million+), and reputational harm. S.D.N.Y. Civ. R. 33.3(a) (permitting interrogatories seeking computation of each category of damage alleged).
>
> **Interrogatories Baldoni No. 17 and Nathan Nos. 19-21** seek identities of individuals, including media members and TAG employees, with relevant information, which is directly relevant to the interactions forming the focus of significant portions of the Jones Parties' complaint (¶¶ 51-60, 66, 74, 76-91). S.D.N.Y. Civ. R. 33.3(a) (permitting interrogatories seeking names of witnesses with knowledge of information relevant to the subject matter).
>
> **Interrogatory Wayfarer No. 17** seeks information regarding Wayfarer's claimed damages, which is relevant to Wayfarer's allegations of at least $8 million in reputational damages as stated in its Second Amended Initial Disclosures. Your objection that this seeks premature expert opinion is invalid, given Wayfarer must have a reasonable factual basis for its damage allegations.
>
> Let us know when you are available within 48 business hours to meet and confer on these issues.
>
> Best,
> Morgan
>
> **Morgan L. Anastasio**
> *Associate* (she/her)
> **Quinn Emanuel Urquhart & Sullivan, LLP**
>
> 295 Fifth Avenue
> New York, NY 10016
> 212-849-7021 Direct
> 212-849-7000 Main Office Number
> 212-849-7100 FAX

morgananastasio@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.