# LINER FREEDMAN TAITELMAN + COOLEY, LLP
ATTORNEYS AT LAW

**1801 CENTURY PARK WEST, 5TH FLOOR**
**LOS ANGELES, CALIFORNIA  90067-6007**
TEL: (310) 201-0005
FAX: (310) 201-0045
E-MAIL: egarofalo@lftcllp.com

ELLYN S. GAROFALO

December 4, 2025

*Via ECF*
Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

**Re:**     *Lively v. Wayfarer Studios LLC et al.*, **No. 1:24-cv-10049-LJL**

Dear Judge Liman:

On behalf of Defendants Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel (collectively, "Wayfarer"), we submit this supplemental opposition to Blake Lively ("Lively") and Ryan Reynolds' ("Reynolds") request for leave to supplement their respective Rule 11 motions (Dkt. # 172) pursuant to the Court's November 20, 2025 Order (Dkt. # 1000).

Lively and Reynolds seek to supplement their fully briefed Rule 11 motions with deposition testimony from Steve Sarowitz ("Sarowitz") and Jennifer Abel ("Abel") that at the time the Wayfarer Parties filed their Complaint, Abel and Sarowitz lacked "personal" knowledge of the basis for their extortion, intentional interference and/or breach of the implied covenant of good faith and fair dealing claims, as well as the defamation claim against Reynolds. Dkt. # 172, Exs. A and B. Preliminarily, Lively and Reynolds conveniently fail to note that Abel and Sarowitz's testimony came on the heels of attorney-client privilege objections and instructions not to respond with information learned exclusively through communications with counsel. When pressed, and struggling to respond without divulging attorney-client communications, Abel and Sarowitz attempted to respond based on their "personal" knowledge, excluding any information or knowledge obtained through counsel or counsel's reasonable investigation. This omission alone undercuts any potential value of the testimony to the Court's Rule 11 analysis.

This is only one of multiple reasons why Lively and Reynolds' request to supplement their Rule 11 motion should be denied. To start, Lively and Reynolds do not cite any authority for the notion that a pending, fully briefed Rule 11 motion can be supplemented with additional evidence. Neither decisional authority, the express language of Rule 11 nor Rule 11's advisory committee notes permit or proscribe supplemental evidence or submissions. However, at least one district court has found that corroborating testimony is not proper to supplement previously submitted evidence. *See Joint Stock Company Channel One Russia Worldwide v. Informir LLC*, 2017 WL 8723937 (S.D.N.Y. Oct. 19, 2017) (declining to supplement Rule 11 motion with deposition testimony that merely corroborated evidence already before the court). In fact, Rule

472036.1

Hon. Lewis J. Liman
December 4, 2025
Page 2

11 discovery is disfavored and Rule 11 motions are typically confined to the record. See Fed. R. Civ. P. 11, Adv. Comm. Note to 1983 Amend. ("[T]he court must to the extent possible limit the scope of sanction proceedings to the record. Thus, discovery should be conducted only by leave of the court, and then only in extraordinary circumstances."). Based on this principle, district courts routinely deny requests for Rule 11 discovery. *Bay St. Advisors, LLC v. Mahoney*, 2025 WL 2506012, at *4 (S.D.N.Y. Sept. 2, 2025; *see, also In re Commodity Esch., Inc. Gold Futures & Options Trading Litig*., 2023 WL 2481836, at *8 (S.D.N.Y. June 17, 2021).

The testimony that Lively and Reynolds would like the Court to consider merely corroborates evidence already submitted in support of their original Rule 11 motions. The testimony is the product of discovery solely directed to the Rule 11 motions. Wayfarer's Complaint was dismissed on June 9, 2025, obviating any need for discovery relating to Wayfarer's claims. Dkt. # 296. Therefore, whether Abel or Sarowitz lacked proper grounds to assert the dismissed claims is irrelevant to Ms. Lively's pending affirmative claims and the only purpose of this line of deposition questioning was to obtain discovery to support Lively and Reynolds' Rule 11 motions. Lively and Reynolds, however, did not seek leave to conduct Rule 11 discovery, another reason why their request to supplement should be denied.

Next, whatever their testimony, Abel and Sarowitz's conduct belies any notion of bad faith. After the Rule 11 motions were fully briefed, the Court granted Lively and Reynolds' Rule 12(b)(6) motions, dismissing Wayfarer's Complaint in its entirety. The motions to dismiss raised precisely the same issues identified as the basis for Lively and Reynolds' Rule 11 motions. Wayfarer's intentional interference and breach of the implied covenant of good faith and fair dealing claims – a primary focus of their Rule 11 motions – were dismissed with leave to amend. At the outset, the dismissal of a claim does not translate to the extreme bad faith required to justify Rule 11 sanctions. *See Liu v. Credit Suisse First Bos. Corp. (In re Initial Pub. Offering Sec. Litig.)*, 399 F. Supp. 2d 369, 372 (S.D.N.Y. 2005) (failure to survive motion to dismiss is insufficient to impose sanctions and deficient claims are not necessarily frivolous.)

Moreover, Abel and Sarowitz elected not to amend the intentional interference and breach of the implied covenant claims, allowing them to be dismissed as demanded in Lively and Reynolds' Rule 11 notice letters. While it is true that the claims were not dismissed within Rule 11's 21-day safe harbor period, the pleading defects which are the basis for the Lively and Reynolds' Rule 11 motions, were already before the Court in the pending motions to dismiss.[1] Sarowitz and Abel had every right to wait for the Court's ruling on these issues. Abel and Sarowitz's decision not to amend once the Court found the pleading deficient, hardly indicates bad faith. To the contrary, Abel and Sarowitz substantially complied with the Rule 11 letters. Dkt. # 223, Exs. A and C. Any deficiency in timing is attributable to Lively and Reynolds jumping the gun to file premature Rule 11 motions. In short, Abel and Sarowitz's voluntary decision to withdraw the claims had precisely the same result sought by Lively and Reynolds' Rule 11 notice letters.

---

[1] The claims were asserted by a group of all plaintiffs, not merely Abel and Sarowitz. Lively and Reynolds' motions to dismiss were based, in large part on group pleading – a common pleading defect which does not warrant Rule 11 sanctions. In the same vein, that fact that Abel and Sarowitz were not properly grouped with the other plaintiffs because they had no factual basis for the claims, does not translate to a finding that the claims were not validly asserted by other plaintiffs.

Hon. Lewis J. Liman
December 4, 2025
Page 3

 Lively and Reynolds also fail to show that Abel and Sarowitz's testimony is in any way material to the Court's Rule 11 analysis. In contrast to attorneys, parties such as Abel and Sarowitz, cannot be sanctioned for legally frivolous claims but may be sanctioned for totally meritless factual allegations. *See De Jusus Keolamphu v. Village of Pelham Manor*, 999 F. Supp. 556 (S.D.N.Y. 2018). Rule 11 sanctions motions are granted only sparingly and all doubts are resolved in favor of" the party against whom sanctions are sought. *Joint Stock Company Channel One Russia Worldwide v. Informir LLC*, 2017 WL 8723937 (S.D.N.Y. Oct. 19, 2027) (citing *GemShares, LLC v. Kinney*, 2017 WL 1092051, at \*1 (S.D.N.Y. Mar. 15, 2017).); *see also In Re Highgate Equities, Ltd.*, 279 F.3d 148, 154 (2d Cir. 2002); *Oliveira V. Tenet Healthcare*, 2025 WL 3241217, at \*9 (S.D.N.Y. Nov. 20, 2025) (*citing In re Highgates Equities, Ltd.*, 279 F.3d 148, 154 (2d Cir. 2002) (Rule 11 sanctions should be granted with caution and applied only when "a particular allegation is utterly lacking in support."); *Dennis v. K&L Gates LLP,* 2025 WL 2897900, at \*3 (S.D.N.Y. Oct. 10, 2025) (quoting *Galin v. Hamada*, 283 F. Supp. 3d 189, 201 (S.D.N.Y. 2017), *aff'd*, 753 F. App'x 3 (2d Cir. 2018) (standard for Rule 11 sanctions "is purposefully high" and should not be imposed "unless a particular allegation is utterly lacking in support.").

 First, Abel and Sarowitz's "personal" understanding of the basis for their legal claims should be placed in the context of the attorney-client objections, instructions not to answer and responses indicating that the questions could not be answered without disclosing privileged information. Second, neither Abel nor Sarowitz is a lawyer, and their "personal knowledge" of what facts constitute a legal claim is not irrelevant to a Rule 11 analysis. *See, e.g., Lotocky v. Elmira City School Dist., 102 F. Supp. 3d 455, 2015, Fair Empl. Prac. Cas.* (BNA) 182075 (W.D. N.Y. 2015) (Title VII plaintiff's testimony that he did not know or believe that he was denied promotions based on his national origin was not fatal to his claim of discrimination based on national origin.) Third, and most significantly, in their testimony, neither Abel nor Sarowitz identify a false or fabricated fact or a fact "utterly lacking in support." Rather, the sum and substance of their testimony is that other than through communications with counsel, they did not know or understand the underlying basis for the legal claims asserted on their behalf in the Wayfarer complaint. And Lively and Reynolds overlook, and ask this Court to overlook, that Rule 11 sanctions are not appropriate where there is a good faith belief that discovery will yield evidence to support a claim. Here, as noted in Abel and Sarowitz's opposition, discovery has, in fact, yielded evidence of defamation by Reynolds which was not in their or Wayfarer's possession at the time the Wayfarer Complaint was filed. *See* Dkt. 980. In short, Abel and Sarowitz's testimony is insufficient to establish that counsel, the certifying party, lacked a good faith basis for the claims or that Abel or Sarowitz communicated to counsel that they did not know or understand the factual basis for their claims. Abel and Sarowitz's liability under Rule 11 is derivative of counsel's violation. Without a showing that their counsel violated Rule 11, sanctions cannot be imposed against Abel or Sarowitz regardless of their understanding of the basis for the claims in which they were grouped as plaintiffs. *Int'l Techonologies Mktg., Inc. v. Cognyte Techs. Israel Ltd.*, 2022 WL 11280876, at \*12 (S.D.N.Y. Oct. 19, 2022) (Rule 11 sanctions against client are derivative of attorney's violation and "there can be no derivative liability where no primary liability is imposed.").

 For the foregoing reasons, the Wayfarer Parties respectfully request the Court enter an order denying Lively and Reynolds' request to supplement their Rule 11 motions.

Hon. Lewis J. Liman
December 4, 2025
Page 4

                        Respectfully submitted,

                        */s/ Ellyn S. Garofalo*
                        LINER FREEDMAN TAITELMAN + COOLEY, LLP
                        Bryan J. Freedman (*pro hac vice*)
                        Ellyn S. Garofalo (*pro hac vice*)
                        1801 Century Park West, 5th Floor
                        Los Angeles, CA 90067
                        Tel: (310) 201-0005
                        bfreedman@lftcllp.com
                        egarofalo@lftcllp.com

                        MEISTER SEELIG & FEIN PLLC
                        Mitchell Schuster
                        Kevin Fritz
                        125 Park Avenue, 7th Floor
                        New York, NY 10017
                        Tel: (212) 655-3500
                        ms@msf-law.com
                        kaf@msf-law.com

cc: all counsel of record (via ECF)

472036.1