# EXHIBIT 25

| | |
|---|---|
| **From:** | Jason Sunshine <jsunshine@lftcllp.com> |
| **Sent:** | Monday, September 29, 2025 6:33 PM |
| **To:** | Morgan Anastasio |
| **Cc:** | Kristin Tahler; Maaren Shah; Nicholas Inns; Theresa Troupson; Rose Khatchikian; matthew@umklaw.com; anthony@umklaw.com; Jonas Mann; Bryan Freedman; Ellyn Garofalo; Amir Kaltgrad; Kim Zeldin; Summer Benson; Cortni Davis; Joanna Rivera; Vaneta Birtha; Christina Puello; Local MS. Counsel; Local KAF. Counsel; mitra@ahouraianlaw.com; Alexandra Shapiro; Jonathan Bach |
| **Subject:** | RE: Jones v. Abel |
| | |
| **Follow Up Flag:** | Flag for follow up |
| **Flag Status:** | Flagged |

**[EXTERNAL EMAIL from jsunshine@lftcllp.com]**

Morgan,

You should have recently received a further document production containing Ms. Abel's engagement agreement with Ms. Jessop. I can also confirm that we have located the signing confirmation from the Liner Freedman engagement agreement and intend to produce it. Regarding the two documents whose redactions Jonesworks has asked us to re-evaluate (JONESWORKS_MN_000002538 and JONESWORKS_MN_000002211), we have done so and stand by the propriety of the redactions.

Your other points are not well taken. The Wayfarer Parties have already provided Jonesworks with every iteration of its search terms (most proposed by Jonesworks) as well as raw hit reports across all custodians and data sources. As previously confirmed, we have run all such terms across Mr. Heath's "private" email account. Responsive, non-privileged documents have been produced from that source as well as all others.

It is simply wrong that Melissa Nathan anticipated litigation with Jonesworks in August 2024. To the extent you are referring to certain communications produced in this and the related action, it is abundantly clear that Ms. Nathan was referring to Ms. Lively and Mr. Baldoni—not herself and Jonesworks. Your inquiry regarding exactly when Ms. Nathan (and others) were advised to preserve evidence clearly calls for the disclosure of privileged attorney-client communications. Suffice it to say, however, that Ms. Nathan has complied with her obligations with respect to this litigation since receiving notice of this litigation.

It is not clear exactly what you are proposing regarding a manual review. We have run search terms across all applicable data sources and produced all responsive, non-privileged documents. Is the proposal that we review all of Ms. Nathan's communications with everyone to determine if (your) search terms missed anything? We respectfully decline.

As for a privilege log, we expect to provide it on or before Friday of this week.

Thanks,
Jason

Jason H. Sunshine, Esq.
LINER FREEDMAN TAITELMAN + COOLEY LLP

1

1801 Century Park West, 5th Floor
Los Angeles, California  90067
Tel: (310) 201-0005
Direct: (310) 201-4285
███████████
Fax: (310) 201-0045
Web: www.lftcllp.com

*Please note that LFTC's domain name has changed from ftllp.com to lftcllp.com. Emails sent from this domain are not spam.*

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and, as such, is privileged and confidential. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

---

**From:** Morgan Anastasio <morgananastasio@quinnemanuel.com>
**Sent:** Friday, September 26, 2025 4:46 PM
**To:** Jason Sunshine <jsunshine@lftcllp.com>; Theresa Troupson <ttroupson@lftcllp.com>; Rose Khatchikian <rkhatchikian@lftcllp.com>; matthew@umklaw.com; anthony@umklaw.com; Jonas Mann <jonas@umklaw.com>; Bryan Freedman <bfreedman@lftcllp.com>; Ellyn Garofalo <egarofalo@lftcllp.com>; Amir Kaltgrad <akaltgrad@lftcllp.com>; Kim Zeldin <kzeldin@lftcllp.com>; Summer Benson <sbenson@lftcllp.com>; Cortni Davis <cdavis@lftcllp.com>; Joanna Rivera <jrivera@lftcllp.com>; Vaneta Birtha <vbirtha@lftcllp.com>; Christina Puello <cpuello@lftcllp.com>; Local MS. Counsel <ms@msf-law.com>; Local KAF. Counsel <kaf@msf-law.com>; mitra@ahouraianlaw.com
**Cc:** Kristin Tahler <kristintahler@quinnemanuel.com>; Maaren Shah <maarenshah@quinnemanuel.com>; Nicholas Inns <nicholasinns@quinnemanuel.com>
**Subject:** RE: Jones v. Abel

Counsel,

Please produce by Monday, September 29, any engagement letters between Jen Abel related to her purported retention of Alicia Jessop, which are not privileged nor attorney work product, and which do not appear on the Wayfarer Parties' privilege log. *E.g.*, *Newmarkets Partners, LLC v. Sal. Oppenheim Jr. & Cie. S.C.A.*, 258 F.R.D. 95, 101, 103-04 (S.D.N.Y. 2009); *Pegaso Dev. Inc. v. Moriah Educ. Mgmt. LP*, 2022 WL 1306571, at *3 (S.D.N.Y. May 2, 2022)

We additionally write in furtherance of our email of September 9.  *First*, your Signal production is deficient and suggests your clients have spoliated relevant evidence after they anticipated this litigation.  According to your July 29 privilege log, your clients claim to have anticipated litigation at least as early as August 21, 2024.  Your Signal production, however, fails to include any messages dated before December 20, 2024, which we have reason to believe is because your clients enabled an auto-delete feature or manually deleted them.  Indeed, as noted in my September 9 email, Ms. Case testified to the existence of specific Signal messages, including to messages with Melissa Nathan and Jed Wallace regarding their involvement in the Stephanie Jones Leaks website and related Twitter account.  *See* Case Dep. Tr. at 384:23-385:3, 387:11-19.  Your production, however, failed to include these messages.  In light of Melissa Nathan's upcoming deposition, please either produce them immediately or confirm they have been deleted.  Please similarly confirm that your failure to produce any other Signal messages dated prior to December 20, 2024, is because such messages have been deleted, either manually or through an auto-delete feature and if so, which.  Given your failure to produce any Signal messages before December 20, 2024, despite anticipating litigation at least as early as August 2024, please also confirm by Monday, September 29: (1) the date each of your clients was advised to preserve all relevant communications, (2) when TAG employees were advised to preserve all relevant communications, and (3) the dates on which each of your clients began preserving their Signal messages.

*Second*, several Signal messages redact information as privileged with no corresponding privilege log. Please confirm by Monday when we can expect the corresponding privilege log.

2

*Third*, your recent productions have failed to remedy your deficiencies, and the Wayfarer Parties' repeated and ongoing deficiencies while depositions are ongoing are prejudicing the Jones Parties. As noted, Ms. Case testified that she participated in a Signal chat with Jed Wallace and Melissa Nathan regarding their scheme to defame Jonesworks that you failed to produce, as well as Ms. Nathan's emails to Business Insider and Variety regarding Ms. Jones, which Ms. Case and Ms. Koslow testified exist. To be clear—Ms. Koslow testified that she participated in messages with Mr. Freedman and Ms. Ahouraian who are not her attorneys. If you continue to assert privilege over communications with your clients and Ms. Koslow, please articulate how the presence of Ms. Koslow (or any other third party) does not waive the privilege.

The deposition schedule is nearly complete, yet the Wayfarer Parties have still failed to produce these relevant communications. We reiterate our request that you provide a comprehensive description of the collection practices for your clients as in my September 9 email, including: (1) the sources from which documents were collected; (2) the means by which documents were collected from each such source; (3) the searches conducted to identify potentially relevant documents; and (4) the process by which the Wayfarer Parties reviewed documents to identify those that were responsive. Please also, as requested several times, confirm in writing whether or not Mr. Heath's "private" email address was searched for your first productions. We will understand your failure to provide this information by Tuesday, September 30 as a refusal to do so.

*Fourth*, we reiterate our request, given Ms. Case's testimony about her and Ms. Nathan's involvement in the websites and social media pages disparaging Ms. Jones, for you to conduct a manual search and produce all communications or documents relating to disparaging websites or related social media pages or the Business Insider article, including any payment in connection with the sites and pages. We will similarly understand your refusal to confirm you will do so by the start of Ms. Nathan's September 30 deposition as a refusal to do so.

*Finally*, the engagement letter you produced in support of your contention Liner Freedman represents Jed Wallace, ABEL_000021588, fails to include metadata showing when the document was created. By Monday, September 29, please provide a copy of the engagement letter that includes metadata showing when the document was created and last modified or proffer in detail why it was not possible for metadata to be created when the document was collected, given it appears to be a standard PDF.

We reserve all rights, including at minimum holding Ms. Nathan's deposition open pending the Wayfarer Parties' satisfaction of their discovery obligations.

Regards,
Morgan

---

**From:** Morgan Anastasio
**Sent:** Friday, September 26, 2025 1:12 PM
**To:** Jason Sunshine <jsunshine@lftcllp.com>; Theresa Troupson <ttroupson@lftcllp.com>; Rose Khatchikian <rkhatchikian@lftcllp.com>; matthew@umklaw.com; anthony@umklaw.com; Jonas Mann <jonas@umklaw.com>; Bryan Freedman <bfreedman@lftcllp.com>; Ellyn Garofalo <egarofalo@lftcllp.com>; Amir Kaltgrad <akaltgrad@lftcllp.com>; Kim Zeldin <kzeldin@lftcllp.com>; Summer Benson <sbenson@lftcllp.com>; Cortni Davis <cdavis@lftcllp.com>; Joanna Rivera <jrivera@lftcllp.com>; Vaneta Birtha <vbirtha@lftcllp.com>; Christina Puello <cpuello@lftcllp.com>; Local MS. Counsel <ms@msf-law.com>; Local KAF. Counsel <kaf@msf-law.com>; Mitra Ahouraian Esq <mitra@ahouraianlaw.com>
**Cc:** Kristin Tahler <kristintahler@quinnemanuel.com>; Maaren Shah <maarenshah@quinnemanuel.com>; Nicholas Inns <nicholasinns@quinnemanuel.com>
**Subject:** Jones v. Abel

Counsel,

The Jones Parties challenge the non-responsive redactions to JONESWORKS_MN_000002538, which appear to redact the content that "Ashlea US" told Ms. Nathan to "blame [] on Steph [J]ones," as well as

JONESWORKS_MN_000002211, which redacts information relating to "JW" and "Jen." Please confirm by Monday, September 29, that you will remove these improper redactions.

Regards,
Morgan

**Morgan L. Anastasio**
*Associate* (she/her)
**Quinn Emanuel Urquhart & Sullivan, LLP**

295 Fifth Avenue
New York, NY 10016
212-849-7021 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
morgananastasio@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.