**WILLKIE FARR & GALLAGHER** LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

December 11, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Lively v. Wayfarer Studios LLC, et al.*, No. 1:24-cv-10049 (LJL)
      *Wayfarer Studios LLC, et al. v. Lively, et al.*, No. 1:25-cv-449 (LJL)

Dear Judge Liman:

      Blake Lively and Ryan Reynolds (the "Lively-Reynolds Parties") respectfully submit this reply in further support of their letter-motion to lodge supplemental material in support of their pending motions for sanctions pursuant to Federal Rule of Civil Procedure 11 ("Rule 11"). None of the Rule 11 Plaintiffs' arguments in their responsive letters (Dkt. Nos. 980 and 1079) provide any valid basis for the Court to ignore the Lively-Reynolds Parties' supplemental material in support of their Rule 11 Motions. To the contrary, the primary purpose of the submissions appear to have been to serve as a vehicle for filing Mr. Reynolds' text messages on the public docket, none of which have anything to do with the supplemental material Lively-Reynolds offered exclusively with respect to *Sarowitz and Abel*. The responsive letters offer no conceivable basis for either Sarowitz or Abel, in their individual capacities, to have sued Ms. Lively or Mr. Reynolds for anything, and rather merely offer excuses for Sarowitz and Abel's undisputed testimony that the Rule 11 Plaintiffs admit "corroborate[s]" the Lively-Reynolds Parties' Rule 11 arguments against them.

      *First*, the Rule 11 Plaintiffs cannot dispute that their counsel and (at least) Sarowitz and Abel filed and maintained claims against the Lively-Reynolds Parties that were objectively baseless. By attempting to denigrate the proposed supplemental evidence as "merely corroborat[ing] evidence already submitted in support of their original Rule 11 motions," Dkt. No. 1079 at 1, the Rule 11 Plaintiffs confirm what the Lively-Reynolds Parties have already shown: that Sarowitz, Abel and their counsel asserted claims against the Lively-Reynolds Parties with no arguable basis in law or fact. The Lively-Reynolds Parties are happy to agree that the supplemental evidence is "merely corroborat[ive]" in the sense that it is not necessary, but rather helpful, for the Court to consider in order to grant all the relief requested in the Rule 11 Motions. But the Rule 11 Plaintiffs' opposition to the Court's *consideration* of that evidence is meritless nonetheless. For example, the Rule 11 Plaintiffs argue that Abel and Sarowitz's testimony should be disregarded because "corroborating testimony" is supposedly "not proper to supplement previously submitted evidence." Dkt. No. 1079 at 1 (citing *Joint Stock Co. Channel One Russia Worldwide v. Informir LLC*, 2017 WL 8723937 (S.D.N.Y. Oct. 19, 2017)). But that misstates the import of *Joint Stock Co.*, which involved (and rejected) a request to reopen and expand the scope of an already-decided Rule

11 motion beyond the scope of the Rule 11 notice that had been served on the nonmoving party. 2017 WL 8723937, at *4–5. Contrary to the Rule 11 Plaintiffs' description, that case did not hold that it is improper to supplement a ***pending*** Rule 11 motion with evidence that corroborates Rule 11 violations within the scope of the served notice. And, as the Rule 11 Plaintiffs concede, nothing in the Rule or the advisory committee notes "permit[s] or proscribe[s] supplemental evidence or submissions." Dkt. No. 1079 at 1.

**Second**, the Rule 11 Plaintiffs' truncated quotation from the 1983 advisory committee notes conceals the reason for that general practice that discovery in aid of Rule 11 motions is not the norm. In the excised part of the relevant paragraph, the committee explained that discovery is normally inappropriate because, "[t]o assure that the efficiencies achieved through more effective operation of the pleading regimen will not be offset by the cost of satellite litigation over the imposition of sanctions, the court must to the extent possible limit the scope of sanction proceedings to the record." Fed. R. Civ. P. 11 advisory committee note. Here, where the evidence at issue was developed through discovery on Ms. Lively's affirmative claims in the consolidated related case, that concern is nonexistent.

Realizing this, the Rule 11 Plaintiffs argue that "whether Abel or Sarowitz lacked proper grounds to assert the dismissed claims is irrelevant to Ms. Lively's pending affirmative claims and the only purpose of this line of deposition questioning was to obtain discovery to support Lively and Reynolds' Rule 11 motions." Dkt. No. 1079 at 2. But that, too, is incorrect. Ms. Lively alleges that Abel and Sarowitz participated in and furthered a conspiracy to retaliate against her for raising concerns about Baldoni and Heath's conduct by, among other things, joining a retaliatory lawsuit against her. SAC ¶¶ 305–07. As this Court has made clear, the scope of permissible discovery is judged against the operative complaint as pleaded, not against the Defendants' cramped view of what they think Ms. Lively should be allowed to learn in order to prove her claims. 7/30/2025 Tr. 4:2–8, ECF No. 36, *Liner Freedman Taitelman Cooley, LLP v. Lively*, No. 25-mc-289 (S.D.N.Y. July 30, 2025).

**Third**, the Rule 11 Plaintiffs also make the surprising claim—irrelevant to the question whether the Lively-Reynolds Parties should be permitted to supplement the record—that they *satisfied* Rule 11 by declining to amend their complaint after the Court dismissed it. Dkt. No. 1079 at 2. Although they admit that "the claims were not dismissed within Rule 11's 21-day safe harbor period"—nor were they ever actually *withdrawn* by the Rule 11 Plaintiffs—the Rule 11 Plaintiffs contend that they had "every right to wait" to see the Court's ruling on the motions to dismiss before evaluating their compliance with Rule 11. That is flatly wrong. The time for compliance with Rule 11 is when the challenged pleading was filed, and the time to withdraw a challenged pleading is within the safe-harbor period. The law is clear on this point: "a party cannot, without a good faith basis, assert a claim, fail to undertake a reasonable inquiry into whether an evidentiary basis exists to support the allegations, and—after discovery confirms the absence of such a basis—avoid Rule 11 sanctions by withdrawing the claim." *Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, 2019 WL 1244493, at *11–12 (S.D.N.Y. Mar. 18, 2019), *vacated in part on other grounds*, 991 F.3d 361 (2d Cir. 2021). As such, the Rule 11 Plaintiffs' "wait-and-see" argument offers no excuse for their failure to comply with Rule 11. Had the Rule 11 Plaintiffs wanted extra time, they could have sought an extension of the 21-day period under Rule 11(c)(2); otherwise, "[a]ny argument that the 21-day 'safe harbor' provision is too short and should be lengthened is best addressed to the Advisory Committee on Civil Rules. The existing period appears to strike a careful balance between the rights of those accused of sanctionable conduct and those who may be needlessly defending a baseless claim." *Elfoulki v. Brannons Sandwich Shop, LLC*, 2016 WL 3542458, at *4 (S.D.N.Y. June 22, 2016).

Citing no authority, the Rule 11 Plaintiffs go so far as to suggest that their decision not to amend

the complaint is equivalent to a timely withdrawal under Rule 11(c)(2). This argument is absurd on its face. They undisputedly did *not* timely "withdraw[] or appropriately correct[]" the "challenged paper." Rule 11(c)(2). Nor have they conclusively abandoned their claim, because the time to appeal has not expired, Dkt. No. 893, and the Rule 11 Plaintiffs have not waived their right to appeal. To the contrary, their counsel has publicly stated that his "clients chose not to amend their complaint to preserve appeal rights,"[1] elaborating that "if you're familiar with standards of appeal, sometimes you don't do that because you have a better chance of winning on appeal based on a dismissal of the first complaint rather than a subsequent complaint that you might amend."[2] In short, it offends the very purpose of Rule 11 for the Rule 11 Plaintiffs to argue that "Abel and Sarowitz's voluntary decision to withdraw the claims"—something they did not do—"had precisely the same result sought by Lively and Reynolds' Rule 11 notice letters." Dkt. 1079 at 2.[3]

      *Fourth*, the Rule 11 Plaintiffs protest that the cited testimony was given "on the heels of attorney-client privilege objections and instructions not to respond with information learned exclusively through communications with counsel," and that Abel and Sarowitz "attempted to respond based on their 'personal' knowledge," "struggling to respond without divulging attorney-client communications." Dkt. 1079 at 1. This misses the point. As the Lively-Reynolds Parties previously made clear, had Sarowitz or Abel ever *actually* experienced extortionate threats from Ms. Lively or Mr. Reynolds, they would not have had to learn about them from their lawyers. Dkt. No. 972 at 3.

      *Finally*, the Rule 11 Plaintiffs assert once again that "Rule 11 sanctions are not appropriate where there is a good faith belief that discovery will yield evidence to support a claim." Dkt. 1079 at 3 But they have failed to demonstrate any such good-faith belief as to the challenged claims. Once again, they cite statements uncovered in discovery that, they assert, constitute "evidence of defamation by Reynolds," albeit evidence they concede "was not in their possession" at the time of filing. *Id.* (citing Dkt. No. 980). First of all, the emergence of new evidence does not retroactively demonstrate good faith at the time of filing: "if there was no objectively reasonable inquiry and no good faith basis for the allegation at the time of filing, then a party is not entitled to wait and see whether he or she might get lucky [in discovery] and find some support to retroactively bless the pre-complaint inquiry." *Elfoulki*, 2016 WL 3542458, at *4. But here, the Rule 11 Plaintiffs did not even "get lucky," **because the evidence they cite is irrelevant to the challenged claims**: the cited "evidence" is irrelevant to the *supplemental* evidence submitted by Lively-Reynolds related to *Sarowitz and Abel*, which claims were not nor could have been based on alleged defamatory comments regarding Baldoni or Heath. Accordingly, the cited "evidence" is utterly irrelevant to the supplemental material.

---

[1] Ingrid Vasquez & Elizabeth Rosner, *Justin Baldoni's Lawyer Fires Back, Explains Why They 'Chose' Not to Amend $400 Lawsuit Against Blake* Lively, PEOPLE (Nov. 4, 2025), https://people.com/justin-baldoni-lawyer-fires-back-explains-why-they-chose-not-to-amend-400-lawsuit-against-blake-lively-11843730.

[2] Lauren Conlin, *Baldoni's Lawyer Explains No Deadline Was Missed*, L.A. MAG. (Nov. 8, 2025), https://lamag.com/arts-and-entertainment/baldonis-lawyer-says-blake-livelys-camp-misled-media-over-missed-deadline-claims/.

[3] The Rule 11 Plaintiffs repeat their argument that the Lively-Reynolds Parties somehow improperly attempted to substitute the Rule 11 process for the Rule 12 process, even calling the Rule 11 Motions "premature." Dkt. No. 1079 at 2. As the Lively-Reynolds Parties have previously explained, that argument is meritless, and if taken seriously would entail that federal courts (and litigants) would have to spend their time dealing with the merits of claims that are so frivolous that should never have been brought, and should be withdrawn upon notice under Rule 11. *See* Dkt. 312 at 5–9.

/s/*Michael Gottlieb*

| | |
|---|---|
| Esra A. Hudson (admitted *pro hac vice*)<br>Stephanie A. Roeser (admitted *pro hac vice*)<br>Manatt, Phelps & Phillips LLP<br>2049 Century Park East, Suite 1700<br>Los Angeles, California 90067<br>(310) 312-4000<br>ehudson@manatt.com<br>sroeser@manatt.com<br><br>Matthew F. Bruno<br>Manatt, Phelps & Phillips LLP<br>7 Times Square<br>New York, NY 10036<br>(212) 790-4525<br>mbruno@manatt.com<br><br>Meryl C. Governski<br>Dunn Isaacson Rhee LLP<br>401 9th Street NW<br>Washington, DC 20004<br>(202) 240-2927<br>mgovernski@dirllp.com<br>Michael J. Gottlieb<br>Willkie Farr & Gallagher LLP | Michael Gottlieb<br>2029 Century Park East<br>Los Angeles, CA 90067 (310) 855-3111<br>mgottlieb@willkie.com<br><br>Kristin E. Bender<br>Willkie Farr & Gallagher LLP<br>1875 K Street NW<br>Washington, DC 20006 (202) 303-1000<br>kbender@willkie.com<br><br>Aaron E. Nathan<br>Michaela A. Connolly<br>Melissa Taustine<br>Willkie Farr & Gallagher LLP<br>787 Seventh Avenue<br>New York, NY 10019<br>(212) 728-8904<br>anathan@willkie.com<br>mconnolly@willkie.com<br>mtaustine@willkie.com |

*Attorneys for Blake Lively*