UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

BLAKE LIVELY,                                    :
                                                 :    Civ. Action No. 1:24-cv-10049-LJL
                    Plaintiff,                    :
                                                 :    Related to:
v.                                               :    Civ. Action No. 1:25-cv-00779-LJL
                                                 :
WAYFARER STUDIOS LLC, JUSTIN BALDONI,            :
JAMEY HEATH, STEVE SAROWITZ, IT ENDS             :
WITH US MOVIE LLC, MELISSA NATHAN, THE           :
AGENCY GROUP PR LLC, and JENNIFER ABEL,          :
                                                 :
                    Defendants.                  :
                                                 :
------------------------------------------------------------------ x

JENNIFER ABEL,                                   :
                                                 :
                    Third-Party Plaintiff,       :
                                                 :
v.                                               :
                                                 :
JONESWORKS LLC,                                  :
                                                 :
                    Third-Party Defendant.       :
                                                 ::
------------------------------------------------------------------


**THE WAYFARER DEFENDANTS' REPLY TO THE OPPOSITION TO MOTION
FOR JUDGMENT ON THE PLEADINGS**

1

# Table of Contents

Page

I.  INTRODUCTION ........................................................................................................... 5

II. PLAINTIFF'S OPPOSITION RELIES ON FACTS AND EVIDENCE EXTRINSIC TO THE COMPLAINT ................................................................................................ 5

III. PLAINTIFF CONCEDES THAT THE COMPLAINT FAILS TO ALLEGE AN ADVERSE EMPLOYMENT ACTION UNDER FEHA OR TITLE VII ......................... 8

IV. PLAINTIFF FAILS TO OVERCOME CALIFORNIA'S PRESUMPTION AGAINST EXTRATERRITORIALITY ...................................................................................... 9

V.  LIVELY FAILS TO SHOW THAT HER DEFAMATION CLAMS ARE ADEQUATELY PLEADED ....................................................................................... 13

VI. LIVELY'S JOINT EMPLOYER ARGUMENT IS MISPLACED ................................. 14

VII. CONCLUSION .......................................................................................................... 14

473585.1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Black Lives Matter v. Town of Clarkstown*,
354 F. Supp. 3d 313 (S.D.N.Y. 2018)........................................................................8

*Campbell v. Arco Marine*,
42 Cal. App. 4th 1850 ................................................................................10, 11

*Cassard v. Omnicon Media Group Holdings, Inc., et al.*,
2025 WL 3227617 (S.D.N.Y. Nov. 19, 2025)........................................................14

*Cotter v. Lyft, Inc.*,
60 F. Supp. 3d 1059 (N.D. Cal. 2014) ................................................................10

*Dfinity USA Rsch. LLC v. Bravick*
2023 WL 2717252 (N.D. Cal. Mar. 29, 2023).........................................................11

*Doe v. Maxim*,
2023 WL 11979557 (C.D. Cal. May 19, 2023) ......................................................12

*Felder v. United States Tennis Ass'n*,
27 F.4th 834 (2d Cir. 2022) ..............................................................................14

*Gonsalves v. Infosys Tech., LTD.*,
2010 WL 1854146 (N.D. Cal. May 6, 2010) .........................................................12

*Gravquick A/S v. Trimble Navigation Int'l Ltd*,
323 F.3d 1219 (9th Cir. 20023) .........................................................................10

*Loc. 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO v. City of New York*,
2025 WL 2781280 (S.D.N.Y. Sept. 30, 2025)......................................................6, 7

*N. Alaska Salmon Co. v. Pillsbury*,
174 Cal. 1 (1916) .............................................................................................11

*O'Connor v. Uber Techs., Inc.*,
58 F. Supp. 3d 989 (N.D. Cal. 2014) ...................................................................11

*Rothman v. Jackson*,
49 Cal. App. 4th 1134 (1996) ...........................................................................13

*Rulenz v. Ford Motor Co.*,
2013 WL 2181241 (S.D. Cal. May 20, 2013).........................................................11

3

*Smith v. City of New York*,
2014 WL 4904557 (E.D.N.Y. Sept. 30, 2014) ...........................................................................6

*Smith v. City of New York*,
385 F. Supp. 3d 323 (S.D.N.Y. 2019) .......................................................................................7

*Sullivan v. Oracle Corp.*,
51 Cal. 4th 1191 (2011) ....................................................................................................10, 11

*Topliff v. Wal-Mart Stores East LP*,
2007 WL 911891 (N.D.N.Y. Mar. 22, 2007) ........................................................................6, 9

*Wilkov v. Ameriprise Fin. Servs., Inc.*,
753 F. App'x 44 (2d Cir. 2018) ................................................................................................8

*Wood v. iGATE Techs., Inc.*,
2016 WL 3548410 (N.D. Cal., June 30, 2016) ......................................................................10

**Statutes**

Cal. Code Regs. Tit. 2, § 11008 ....................................................................................................11

Fed R. Civ. P. 15(b)(2) ...............................................................................................................6, 7

Gov't. Code § 12920 ....................................................................................................................10

4

## I.    <u>INTRODUCTION</u>

Lively's Opposition hinges largely on extrinsic evidence including all arguments and evidence submitted in support of her opposition to Defendants' summary judgment motion - an implicit admission that as pleaded, her claims are deficient. Lively, however, provides no authority that might permit the wholesale incorporation of facts and argument that purportedly would have supported her claims had they only been pleaded. Lively not only fails to show how or why the Court should stray from the rule that in considering a motion for judgment on the pleadings, the Court is confined to allegations on the face of the pleadings, documents integral to the Complaint and matters judicially noticeable, she fails to show that the new evidence she proffers would provide material support for her claims and cure the deficiencies in her pleading. Specifically, and among other things, the new evidence Lively advances falls far short of establishing the nexus between California and Defendants' allegedly wrongful conduct sufficient to overcome California's presumption against extraterritorial application of FEHA and Labor Code § 1102.5. Plaintiff does not even try to substantively respond to her failure to plead an adverse employment action - a critical element of her retaliation claims but merely refers the Court to her summary judgment filings which are similarly cited to support her defamation claims.

This is a pleading motion, directed to deficiencies in the Complaint. By relying on extrinsic evidence first submitted in connection with a summary judgment motion, Lively concedes that her Complaint, standing alone, is insufficient to plead her claims. Succinctly put, deficiencies in a Complaint cannot be retroactively cured by evidence submitted in a summary judgment opposition or merely proffered in opposition to a Rule 12(c) motion.

## II.    <u>PLAINTIFF'S OPPOSITION RELIES ON FACTS AND EVIDENCE EXTRINSIC TO THE COMPLAINT</u>

A motion for judgment on the pleadings tests the sufficiency of a pleading. "When deciding

5

a motion on the pleadings, the court must confine its consideration to the pleadings and their attachments, to 'documents ... incorporated in the complaint by reference, and to matters of which judicial notice may be taken.'" *See Smith v. City of New York*, 2014 WL 4904557, at *3 (E.D.N.Y. Sept. 30, 2014) (citation omitted). Implicitly conceding that as pleaded, her claims cannot withstand a motion to dismiss, Plaintiff offers several options for the Court to consider extrinsic facts including (1) the wholesale incorporation of arguments and evidence submitted in connection with her summary judgment opposition; (2) conversion of Defendants' motion for judgment on the pleadings to a motion for summary judgment; and/or (3) an amendment to "conform" the Complaint to proof.

The Court should decline Plaintiff's invitation to depart from the rules applicable to motions to dismiss. Plaintiff first fails to cite authority for the notion that all arguments and facts set forth in her summary judgment opposition can be "incorporated" into her opposition to a Rule 12(c) motion to dismiss. To the contrary, a party may not incorporate by reference an argument in a summary judgment motion into a motion for judgment on the pleadings. *See Topliff v. Wal-Mart Stores East LP,* 2007 WL 911891, at *9 n. 65 (N.D.N.Y. Mar. 22, 2007). Plaintiff punts to Rule 15(b)(2) which provides that "[w]hen an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings." The rule further provides that a "party may move - at any time, even after judgment - to amend the pleadings to conform them to the evidence and to raise an unpleaded issue." *Id*. Thus, although "it is often said that 'one may not amend one's complaint via an opposition to a summary judgment motion,'" Rule 15(b)(2) provides that issues not raised in the pleadings are treated in all respects as if raised in the pleadings if they have been tried "by the parties' express or implied consent." *Loc. 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO v. City of New York*, 2025 WL 2781280, at *14

(S.D.N.Y. Sept. 30, 2025), *Smith v. City of New York*, 385 F. Supp. 3d 323, 338 (S.D.N.Y. 2019). Accordingly, Rule 15(b) amendments to conform to proof have been permitted to add new claims or legal theories in the context of a summary judgment motion - where a fact or evidence has been placed at issue and thus raised with the parties' consent. *Loc. 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO*, 2025 WL 2781280, at *14

Rule 15(b) does not apply to this motion for judgment on the pleadings. Defendants did not raise Lively's new evidence - or indeed any evidence - in its Rule 12(c) motion which focuses solely on the legal deficiencies in the Complaint. And, of course, the facts have not been tried at trial or at an evidentiary hearing. Thus, Defendants have not consented to try the new facts or evidence proffered by Lively. Finally, Defendants did not raise the issue of extraterritoriality in their summary judgment motion and therefore did not try the issue by consent - even assuming consent to the admission of extrinsic evidence on a motion to dismiss can be created by presenting evidence in support of a summary judgment motion.

Defendants do not dispute that Rule 15(b) allows a party to move - at any time, even after judgment - to amend the pleadings to conform to the evidence. Fed. R. Civ. P. 15(b)(2). Plaintiff, has not moved to amend her pleadings even though Defendants' motion was filed on September 26, 2025, giving Plaintiff ample time to seek a proper amendment affording Defendants the opportunity to oppose an amendment to add new facts. Notably, where a Complaint is dismissed without leave to amend for failure to state a claim, evidence that might support a claim on summary judgment is rendered irrelevant and, in fact, will never be presented as the matter will not proceed to the summary judgment stage. As noted, Lively offers no authority for the notion that a summary judgment motion can retroactively amend a complaint to salvage claims that were not sufficiently stated in the first place. Nor can Defendants' Rule 12(c) motion be converted to a summary

7

judgment motion. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56 and all parties must be given a reasonable opportunity to present all material that is pertinent to the motion. Plaintiff suggests that because Defendants presented evidence relating to an adverse employment action in their summary judgment motion, the Court should convert the motion for judgment on the pleadings. Conversion, however, is appropriate when a moving party bases its motion to dismiss on extrinsic evidence. Defendants have not cited any extrinsic evidence in support of its motion for judgment on the pleadings and Plaintiff does not cite any decision in which a court has converted a motion to dismiss to a summary judgment motion because plaintiff opposed with extrinsic evidence. Any such rule would obliterate the distinction between motions to dismiss for failure to state a claim and summary judgment.

## III.     PLAINTIFF CONCEDES THAT THE COMPLAINT FAILS TO ALLEGE AN ADVERSE EMPLOYMENT ACTION UNDER FEHA OR TITLE VII

Plaintiff does not even bother to address her failure to plead an adverse employment action as required for retaliation under FEHA or Title VII. Plaintiff only glancingly refers to an adverse employment action in her introduction stating, in the most conclusory fashion, that she "more than adequately pled an adverse employment action and causal links." Opp. p. 1. Failure to oppose an issue raised in a motion to dismiss effectively concedes the issue. *Wilkov v. Ameriprise Fin. Servs., Inc.*, 753 F. App'x 44, 46 n. 1 (2d Cir. 2018) (summary order) (affirming dismissal of claims that they were 'abandoned' by a failure to oppose them in an opposition to a motion to dismiss.); *Black Lives Matter v. Town of Clarkstown*, 354 F. Supp. 3d 313, 328 (S.D.N.Y. 2018) ("failure to oppose a motion to dismiss a claim is deemed abandonment of the claim.") (citation omitted). Plaintiff merely directs the Court to the arguments and evidence submitted in her summary judgment opposition. As explained above, a party cannot effectively oppose a legal argument framed in

8

Defendants' motion to dismiss by simply 'incorporating by reference' an argument asserted in her opposition to Defendants' summary judgment motion and doing so cannot retroactively cure a failure to state a claim in the first place. *See Topliff v. Wal-Mart Stores East LP,* 2007 WL 911891, at *9 n. 65. In fact, the only plausible explanation for this critical omission is that Plaintiff seeks to evade the Court's 25-page limit for her opposition. Incorporation by reference is not a proper device to avoid the page limits. *Id*. Since Plaintiff concedes that she failed to plead an adverse employment action, her retaliation claims under FEHA and Title VII should be dismissed.

## IV.   PLAINTIFF FAILS TO OVERCOME CALIFORNIA'S PRESUMPTION AGAINST EXTRATERRITORIALITY

In a particularly muddled argument, Plaintiff argues that a choice of law provision in Plaintiff's unexecuted loan out agreement abrogates California's firmly established presumption against the exterritorial application FEHA. Implicitly acknowledging the frailty of this argument, Plaintiff falls back on facts extrinsic to the Complaint, to establish a nexus between California and the material elements of her FEHA discrimination and retaliations claims. These arguments not only fly in the face of firmly established California law but contradict Plaintiff's own pleading. To salvage her claims under FEHA, Plaintiff engages in a tortured choice of law analysis to argue that California's presumption against extraterritoriality does not apply even though Lively is not a California resident and her own pleading establishes that the allegedly offending conduct occurred outside California in New York and on the New Jersey set of "It Ends With Us" (the "Film").

Lively suggests that a choice of law provision in Lively's unexecuted Actor's Loanout Agreement ("ALA") somehow supplants the rule governing extraterritoriality and that FEHA does not include a "geographical" limitation. The parties could not contract around the extraterritoriality constraints of California's statutes even if they wanted to. A contractual choice-of-law provision cannot determine whether a given statute is to be given extraterritorial effect, because that question

9

requires a court to focus on legislative intent rather than on the parties' intentions as expressed in a contract. It is well-settled that extraterritoriality is a "matter of statutory construction," *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1196 (2011) and parties "cannot create by contract a cause of action that California law does not provide," *Cotter v. Lyft, Inc.*, 60 F. Supp. 3d 1059, 1065 (N.D. Cal. 2014); s*ee also, e.g.*, *Wood v. iGATE Techs., Inc.*, 2016 WL 3548410, at *5 (N.D. Cal., June 30, 2016) (rejecting plaintiff's argument that "the choice of law provision in her employment contract provides the protection of California's substantive labor laws," upon finding that, "[b]ecause the California wage and hour laws contain[] the limitation that they do not apply extraterritorially, parties cannot, by contract, extend [their] reach").

Contrary to Lively's allegation, FEHA contains clear geographical limitations. The California Legislature's "Findings and Declarations of Policy, provide that FEHA protect "the public welfare, prosperity, health, and peace of the *people of the State of California*." *Campbell v. Arco Marine*, 42 Cal. App. 4th 1850, 1859-60 (citing Stats. 1959, ch. 121, § 1411, p. 2000). In 1984, the Legislature reiterated its intent to restrict FEHA's scope: "The Legislature finds and declares that it is the existing policy of the State of California to prohibit harassment and discrimination in employment on the basis of any protected classification. Such conduct whether intentional or unintentional is a violation of the civil rights of *California citizenry*...." *Id.* at 1860 (citing Stats. 1984, ch. 1754, § 1, p. 6403). FEHA itself states: "This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the *people of this state*." Gov't. Code § 12920 (emphasis added). "When a law contains geographical limitations on its application [ ] courts will not apply it parties failing outside those limitations, even if the parties stipulate that the law should apply." *Gravquick A/S v. Trimble Navigation Int'l Ltd,* 323 F.3d 1219, 1223 (9th Cir. 20023). Thus, as the California Supreme Court explained over

10

a century ago, basing the geographic reach of California statutes on the circumstances of a private contract is "not tenable," and extraterritoriality "resolves itself, then, into one of the correct interpretation of our statute." *N. Alaska Salmon Co. v. Pillsbury*, 174 Cal. 1, 2, 4 (1916). Choice-of-law provisions come into play *only if the Legislature* has determined the statute can apply in a given context. *Sullivan*, 51 Cal. 4th at 1196-97. In other words, they reflect the parties' choice among the collection of laws that could apply; they do not add new and different laws to that basket of options. Moreover, a contractual choice of law provision that incorporates California law presumably incorporates *all* of California law - including California's presumption against extraterritorial application of its law. *O'Connor v. Uber Techs., Inc.,* 58 F. Supp. 3d 989, 1005 (N.D. Cal. 2014). And because a California choice-of-law provision embeds "California's presumption against extraterritoriality and consequent implicit geographical limitation," it cannot be used to circumvent those very principles. *Dfinity USA Rsch. LLC v. Bravick* 2023 WL 2717252, at *4 (N.D. Cal. Mar. 29, 2023); *O'Connor*, 58 F. Supp. 3d at 1005. In short, the ALA's choice of law provision does not abrogate the well- established principal that the presumption against extraterritoriality applies to FEHA.

To overcome the presumption, Lively must plead a specific factual nexus between the Defendants' California activities and the majority of allegedly discriminatory conduct. Cal. Code Regs. tit. 2, § 11008; *Campbell v. Arco Marine*, 42 Cal. App. 4th 1850, 1558, 1861 (1996) (FEHA not  applicable to conduct that occurred outside of California despite Washington plaintiff's occasional brief California stopovers at employer's California headquarters.); *Rulenz v. Ford Motor Co*., 2013 WL 2181241, at *4 (S.D. Cal. May 20, 2013) (plaintiff failed to overcome presumption where "vast majority" of allegedly discriminatory conduct occurred in Nevada, and one conclusory allegation of not being selected for a position she interviewed for in California

11

"failed to overcome the presumption against extraterritorial application of FEHA"); *Gonsalves v. Infosys Tech., LTD.*, 2010 WL 1854146, at *6 (N.D. Cal. May 6, 2010) (rejecting Ohio plaintiff's vague, "extremely general" allegations that decision to terminate him was approved, implemented and ratified in California as insufficient to establish a nexus between the alleged discrimination and California, even though the plaintiff performed some work in California.)

Cases in which a factual nexus was found are not comparable. For instance, in *Doe v. Maxim*, 2023 WL 11979557 (C.D. Cal. May 19, 2023), the Court found a factual nexus where the complaint alleged that plaintiff met with and was hired for an offshore photo shoot by a California defendant who knew, based on the photographers' histories, that the photo shoot was an opportunity for sexual assault.) Lively, admittedly did not plead the required nexus and instead urges the Court to consider new facts that purportedly create the necessary link and the new facts new facts proffered by Lively are insufficient to establish the requisite factual nexus. Lively points to a pre-production statement by Jamey Heath, presumably in California, hoping for a successful "birthing" of the Film project. It strains credulity to argue that using the term "birthing" as a substitute for "creating" was sexual or harassing in nature. More importantly, there is no allegation or evidence that Heath or any Wayfarer party knew or had reason to anticipate discriminatory conduct. In this vein, Lively notes pre-production communications relating an HR department, and Wayfarer's decision not to have a full-blown HR department for the Film. According to Lively, such decisions, purportedly made in California, "set the tone" for harassment. Whatever that means, a decision on the scope of HR services - without any link to a motive to promote harassment or somehow avoid future liability for harassment - is not sufficient to plead a causal link between California and discriminatory conduct which allegedly occurred on the Film's set Film in the Spring of 2023. Lively also points to complaints by Lively to Sony about conduct on the set. Sony

12

was not Lively's employer, Sony is not affiliated with Wayfarer and, as Sony told Lively, was not a proper party to receive her complaints. Sony referred Lively to the Wayfarer principles in New York.  Even assuming the Court were to consider these extrinsic facts, they are insufficient to plead a nexus between the allegedly wrongful conduct on the Film's set and California. As for Lively's retaliation claim, Lively contends that it was created and launched by crisis manager Melisssa Nathan, public relations representative Jen Abel and Jed Wallace. While Nathan and Abel may have been in California, they are not Wayfarer employees, were not involved in the allegedly wrongful conduct and cannot be liable for retaliation, wherever it occurred.

## V.    LIVELY FAILS TO SHOW THAT HER DEFAMATION CLAMS ARE ADEQUATELY PLEADED

Lively again relies primarily on extrinsic evidence presented in her summary judgment opposition to refute Defendants' arguments on the deficiency of her defamation claims. First, relying solely on citations in her summary judgment opposition, Lively contends that Defendants' opinion defense is meritless. However, the only defamatory statements identified by Lively are Mr. Freedman's statements to the press on his opinion on the merits of Lively's claims and conduct in the litigation.  Lively argues that New York and California's litigation privileges do not apply to statements to the press. Lively cites *Rothman v. Jackson*, 49 Cal. App. 4th 1134 (1996) for the proposition that California's litigation privilege does not apply to litigating in the press. There, the lawyer defendant accused another lawyer of making public statements to extort a settlement from Michael Jackson. Mr. Freedman's statements, in contrast, were made after Lively filed her Complaint in December 2024 and expressed his opinion on the merits of her claims. Unlike the lawyer in *Rothman*, Mr. Freedman is not a defendant, and Plaintiff fails to show why his public statements are a proper basis for a defamation claim against the Defendants. Lively next argues that New York's fair report privilege does not apply because the defamatory statements "constitute

litigating in the press and do not reflect reports of any judicial proceeding." Lively again turns to her opposition to Defendants' summary judgment motion, pointing to statements which she alleges were not made to report on judicial proceedings. However, the statements by counsel, to the extent they can even be construed as defamatory (which they are not), merely repeat Defendants' assertions made in court and fall within the scope of protected speech under Section 74.

## VI.    LIVELY'S JOINT EMPLOYER ARGUMENT IS MISPLACED

Lively devotes two pages to an argument that Defendants did not make, namely, that Wayfarer should not be dismissed because, although Wayfarer was a "joint employer" with IEWUM, liable under FEHA and Title VII. Opp. at 18-21. In a footnote, Defendants merely note that Lively blurs the lines between Wayfarer and IEWUM, Lively's employer. Mtn., p. 11, n. 3; *see also*, *Cassard v. Omnicon Media Group Holdings, Inc., et al.*, 2025 WL 3227617, at *4 (S.D.N.Y. Nov. 19, 2025) ("[a] plaintiff cannot simply baldly assert that separate corporate entities constitute a single integrated organization and then refer to them collectively throughout the complaint"). Even if Defendants made this mythical argument, Lively's joint employer theory was not adequately pled as there are no allegations that Wayfarer paid Lively's salary, hired her, or had any control over her daily employment activities. *See Felder v. United States Tennis Ass'n*, 27 F.4th 834, 843, 845-47 (2d Cir. 2022). Common ownership, supplying administrative support and shared HR policies fall short of the level of control the joint employer doctrine demands. *Felder*, 27 F.4th at 847; *Cassard*, 2025 WL 3227617, at *5.

## VII.    CONCLUSION

For the foregoing reasons, and those set forth in Defendants' motion for judgment on the pleadings, Defendants respectfully requests that the Court enter an order granting this Motion and dismissing Plaintiff's claims with prejudice.

14

Dated: December 12 , 2025
Los Angeles, CA

**LINER FREEDMAN TAITELMAN + COOLEY**

By: _/s/ Ellyn S. Garofalo_
 Bryan J. Freedman (admitted _pro hac vice_)
Ellyn S. Garofalo (admitted _pro hac vice_)
Kim S. Zeldin (admitted _pro hac vice_)
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
         egarofalo@lftcllp.com
         kzeldin@lftcllp.com

**MEISTER SEELIG & FEIN PLLC**
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
         kaf@msf-law.com

AHOURAIAN LAW
Mitra Ahouraian (admitted _pro hac vice_)
2029 Century Park East, 4th Floor
Los Angeles, CA 90076
Tel: (310) 376-7878
Email: mitra@ahouraianlaw.com

SHAPIRO ARATO BACH LLP
Alexandra A. E. Shapiro
Jonathan Bach
Alice Buttrick
Jason A. Driscoll
1140 Avenue of the Americas, 17th Floor
New York, NY 10036
Tel: (212) 257-4881
Email: ashapiro@shapiroarato.com
         jbach@shapiroarato.com
         abuttrick@shapiroarato.com
         jdriscroll@shapiroarato.com