# WILLKIE FARR & GALLAGHER LLP

2029 Century Park East
Los Angeles, CA 90067-2905
Tel: 310 855 3000
Fax: 310 855 3099

December 19, 2025

**VIA ECF**

Hon. Lewis J. Liman
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Dear Judge Liman:

    Plaintiff Blake Lively respectfully moves for an order (1) imposing sanctions on two of Defendants' attorneys, Bryan Freedman and Kevin Fritz, for conduct that impeded, delayed, and frustrated the fair examination of one of their designated experts, Nicole Alexander, during her deposition on December 15, 2025 ("Deposition"); (2) compelling Ms. Alexander to sit for an additional deposition of up to one hour ("Supplemental Deposition") to answer questions that Mr. Fritz ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇;[1] (3) assigning all reasonable fees and costs for the Supplemental Deposition to opposing counsel whose conduct necessitated this relief; and (4) awarding Plaintiff half of its reasonable expenses and attorneys' fees incurred in connection with the Deposition and this Motion.

    Opposing counsel's improper behavior began less than twenty minutes into the Deposition. Ms. Alexander began to testify 

---

[1] Ms. Lively respectfully asks the Court to limit the Supplemental Deposition to questioning by her counsel, so Defendants do not inure benefit from their own misconduct.



Ex. 1 at 16:17-28:15, 65:17-66:6 (emphasis added). Mr. Fritz continued to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.*[2] He asserted ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[2] The transcript does not support Mr. Fritz's characterization of ▮▮▮▮▮▮▮▮▮▮▮▮▮ to the Court (Ex. 2 at 14), nor his representation that counsel for Ms. Lively "▮▮▮▮▮▮" asked about the "▮▮▮" that necessitated rescheduling the Deposition. *Compare* Ex. 2 at 14:10-15:1, *with* Ex. 1 at 15:24-17:6 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████████████████ (*id*. at 59:4-20; 93:13-94:2; 135:3-144:9); ███████████████████ (*id*. at 99:12-23; 120:13-20; 136:23-139:11; 184:16-185:5); ███████████████████ (*id*. at 77:19-20; 126:13-14; 130:17-18; 133:20-21; 149:5-6). Mr. Fritz demanded that ███████████████████ *Id*. at 108:15-112:9. Mr. Fritz ███████████████████, which necessitated judicial intervention. *Id*. at 136:25-139:6; 185:1-5.

Because this behavior is part of an ongoing pattern of deposition misconduct, the Court should sanction Mr. Freedman and Mr. Fritz for ███████████████████████████████████████████████████████████████. *See* Rules 30(c)(2) & 30(d)(2); *Antolini v. McCloskey*, 2021 WL 5411176, at *12 (S.D.N.Y. Nov. 19, 2021), *adopted*, 2022 WL 1689331 (S.D.N.Y. May 26, 2022); *Fashion Exch. LLC v. Hybrid Promotions, LLC*, 333 F.R.D. 302, 309 (S.D.N.Y. 2019); *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 328 F.R.D. 100, 110, 124 (S.D.N.Y. 2018); *In re Omeprazole Pat. Litig.*, 227 F.R.D. 227, 229, 231 (S.D.N.Y. 2005); *Morales v. Zondo, Inc.*, 204 F.R.D. 50, 57–58 (S.D.N.Y. 2001); *see also Junger v. Singh*, 514 F. Supp. 3d 579, 603 (W.D.N.Y. 2021). Mr. Fritz's ███████████████████████████████████████████████████████████████ *Higher One, Inc. v. TouchNet Info. Sys., Inc.*, 298 F.R.D. 82, 87–88 (W.D.N.Y. 2014); *Nikkal Indus., Ltd. v. Salton, Inc.*, 689 F. Supp. 187, 190 (S.D.N.Y. 1988). Even if timing were not dispositive, ███████████████████████████████████████████████████████████████ Ex. 1 at 18:24-28:15, 65:17-66:6; Ex. 2 at 14:10-15:14; *Heard v. Statue Cruises LLC*, 2020 WL 1285456, at *9 (S.D.N.Y. Mar. 18, 2020). If *arguendo* Mr. Fritz ███████████████████████████████████████████████████████████████ *See Sec. & Exch. Comm'n v. Rio Tinto PLC*, 2021 WL 2186433, at *7 (S.D.N.Y. May 28, 2021); *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 293 F.R.D. 568, 574 (2013).

This type of disruptive behavior by opposing counsel is part of an unfortunate pattern. Throughout discovery, multiple defense counsel insisted on making speaking objections (often in depositions they were not defending) and consuming time on the record to demean and orate. Ms. Lively's attorneys consistently asked opposing counsel to stop, including by letter on September 29, 2025 highlighting their "inappropriate and unprofessional behavior," such as referring to questions as "████████," laughing on the record, and complaining that "████████████████████" that does not "████████." *See* Ex. 3. Despite attempting to resolve the issue, the conduct continued. *See* Ex. 4 at 386-394 (lengthy improper speech offered with nine minutes of questioning remaining by a member of Defendants' defense team who, again, was *not* defending the deposition).[3] Accordingly, the record amply supports the imposition of sanctions in connection with the Deposition of Ms. Alexander.

---

[3] ███████████████████████████████████████████████████████████████

3

Respectfully submitted,

/s/ *Michael J. Gottlieb*

*Counsel for Blake Lively*