# Exhibit 3

**manatt**

**Esra A. Hudson**
Manatt, Phelps & Phillips, LLP
Direct Dial: (310) 312-4381
ehudson@manatt.com

September 29, 2025

**VIA EMAIL**

Bryan Freedman
Liner Freedman Taitelman + Cooley LLP
1801 Century Park West, 5th Floor
Los Angeles, California 90067

Mitch Schuster
Meister, Seelig & Fein LLP
125 Park Avenue, 7th Floor
New York, NY 10017

Alexandra Shapiro
Shapiro Arato Bach LLP
1140 Avenue of the Americas, 17th Fl.
New York, NY 10036

Re:  *Lively v. Wayfarer Studios LLC, et al.*, **No. 1:24-cv-10049-LJL [rel. No. 1:25-cv-00449]**

Counsel:

We write to address the inappropriate and unprofessional behavior that continues to be exhibited by certain counsel for the Wayfarer Defendants during depositions, including during testimony of out-of-jurisdiction witnesses, whose depositions will serve as trial testimony. Specifically we write to address (1) attorneys repeatedly obstructing deposition testimony with speaking objections as well as a lack of basic decorum through insulting comments, audible cross-talk and laughter during examination, in plain violation of the Federal Rules of Civil Procedure, the rules of civility and the rules of professional conduct, and (2) questions concerning Ms. Lively's sexual history and marital relationship in violation of Federal Rule of Evidence 412 ("FRE 412").

**Improper Objections and Unprofessional Conduct**

Several counsel for the Wayfarer Defendants, including Attorneys Kim Zeldin and Ellyn Garofalo, have repeatedly engaged in improper, argumentative speaking objections, and insulting comments, despite multiple warnings by counsel for Ms. Lively and other parties, as well as non-compliant instructions not to answer. *Abu Dhabi Comm. Bank v. Morgan Stanley & Co. Inc.*, 2011 WL 4526141, at *8 (S.D.N.Y. Sept. 21, 2011) ("Objections should generally be limited to the statement "objection as to form and the basis for such objection, *i.e.,* compound question" or a direction not to answer as set forth in Rule 4 above."); *See Antolini v. McCloskey*, 2021 U.S. Dist. LEXIS 224360, *14-16 (S.D.N.Y. Nov. 19, 2021) ("In order to avoid the use of speaking objections, courts have instructed counsel to object to a deposition

# manatt

September 29, 2025
Page 2

question not calling for privileged information using the single word, 'objection,' or at most a short phrase."); *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 328 F.R.D. 100, 110 (S.D.N.Y. 2018) ("[C]ounsel . . . shall refrain from making speaking objections when defending depositions. . . . Objections as to the form of the question shall be made by opposing counsel, who shall simply state, 'Objection.' The objecting counsel shall not speak any additional words concerning the basis of the objection unless a clarification is requested.").

For example, during the September 12, 2025 deposition of Wayfarer President, Tera Hanks, Attorney Zeldin (who defended the witness) engaged in improper speaking objections, insulted the examining attorney, and improperly instructed the witness not to answer based on relevance and/or form. The following are just a few of the many examples of Attorney Zeldin's misconduct the deposition:

- "***I would appreciate if you'd ask a decent question***." (Hanks Tr. at 167:4-11 (emphasis added).)
- "Objection as to form. That's not what the document says. Please stop this. ***This is crazy***" and "***I'm very tired of you too***." (*Id.* at 179:19-180:15 (emphasis added).)
- "Objection as to form. You're asking her to assume four or five things. . . . No. I will -- I will instruct not to answer if you continue to badger the witness. . . . You are. Because ***this witness does not know when the darn article was published***. You're asking her to assume it was published at a certain time; assume this; assume that. Why are you asking the witness that question. Why?" (*Id.* at 129:13-130:1 (emphasis added).)
- "You've asked this question five times. . . . Instruct you not to answer. Go on." (*Id.* at 143:17-22.)
- "No. That's not what she said. Objection as to form. Instruction not to answer. Stop this. . . . ***I've had enough too. I've really had enough.*** You have asked the same question ten times." (*Id.* at 146:1-7 (emphasis added).)

In addition, during that same deposition, Attorney Zeldin engaged in concerning off-record behavior that has threatened to impact witness testimony. Specifically, Attorney Zeldin openly discussed an exhibit that was previously introduced during Ms. Hanks' deposition—while in the presence of the witness. Specifically, counsel for the Jones Parties examined the witness regarding a social media video that was the topic of discussion amongst the Wayfarer Defendants in a text thread, which concludes with Ms. Koslow writing "let us chat to Jed [Wallace] as well on this." (*See JONESWORKS_00036615 at 36678*.) In that video, a woman recounted an incident that she alleged to have had with Mr. Baldoni when she was a nineteen-year-old student. Following introduction and playing of that video, Attorney Zeldin made repeated speaking objections and also improperly instructed her client not to answer. Attorney Zeldin, for example, stated: "Objection as to form. Instruction not to answer. . . . On the basis that you're giving her an incomplete hypothetical. Where are the rest of the facts? You've established nothing through that video" and "Okay. Now, I'm instructing you not to answer. ***You go and talk to the judge about it. You're done***." (Hanks Tr. 210:9-23 (emphasis added).) During a break in the questioning, Attorney Zeldin then suggested—***in front of the witness***—that the video in question had been created by a "drug addled

# manatt

September 29, 2025
Page 3

teenager" and openly questioned its relevance as well as the veracity of the questions with respect to the same.

Attorney Garofalo engaged in similarly obstructive and insulting conduct during the deposition of another out-of-state witness, Anne Carroll, whose deposition testimony may be used at trial:



At one point during Ms. Carroll's deposition, during questioning with respect ███████ ███████████████████████████████████████████████████████████████████ ██████████████████████████ (Carroll Tr. at 126:1-5.)

The foregoing conduct by Attorneys Zeldin and Garofolo violates the Court's standards with respect to appropriate conduct of court officers, intimidates third-party witnesses, coaches party witnesses, and, worst of all, impacts trial witness testimony. We demand that such conduct immediately cease. Ms. Lively currently intends to move for sanctions based on the foregoing conduct and, if such conduct does not cease, will suspend the deposition and seek to exclude counsel from further examination. *See Hindlin v. Prescription Songs LLC*, 2022 WL 3026015, at *5 (N.Y. Sup. Ct. July 30, 2022) (granting relief based on similar misconduct).

## Compliance with FRE 412

We further write to address questions posed during certain depositions that probe into Ms. Lively's sexual or romantic history, which resulted in objections pursuant to FRE 412. FRE 412, also known as the rape shield law, bars evidence of a sexual assault victim's sexual behavior or sexual history unless its

manatt

September 29, 2025
Page 4

probative value *substantially outweighs* the risk of unfair prejudice or harm. This rule has been extended to victims of sexual harassment in civil cases. *See Wolak v. Spucci*, 217 F.3d 157, 160 (2d Cir. 2000) ("We hold that Rule 412 . . . encompasses sexual harassment lawsuits."); *Hughes v. 21st Century Fox*, 327 F.R.D. 55, 58 (S.D.N.Y. 2018) (barring discovery into sexual harassment plaintiff's sexual history because "[Plaintiff's] prior sexual history has no relevance to her claims."); *Macklin v. Mendenhall*, 257 F.R.D. 596 (E.D. Cal. 2009) (Rule 412 bars evidence "whether offered as substantive evidence or for impeachment."). Ms. Lively's sexual and/or romantic history has no bearing on the matters at issue in this case and we will not tolerate such examination, which will be the subject of a protective order and sanctions motion if it happens again.

Should counsel for the Wayfarer Defendants continue to engage in any the foregoing conduct, we will suspend the deposition at issue and promptly seek guidance from the Court and reserve all available remedies.

Sincerely,

Esra A. Hudson