# EXHIBIT A

```
                                                              Page 1
 1              UNITED STATES DISTRICT COURT
 2          FOR THE SOUTHERN DISTRICT OF NEW YORK
 3                      ---oOo---
 4
 5   BLAKE LIVELY,
 6                 Plaintiff,
 7      vs.        CASE NO. 24-CV-10049-LJL (LEAD CASE)
                              25-CV-449 (LJL) (MEMBER CASE)
 8
     WAYFARER STUDIOS LLC, ET AL.
 9
                   Defendants.
10   _____
     JENNIFER ABEL,
11              Third-party Plaintiff,
        vs.
12   JONESWORKS, LLC,
                Third-party Defendant.
13   _____
     WAYFARER STUDIOS LLC, et al.
14              Consolidated Plaintiffs,
        vs.
15   BLAKE LIVELY, et al.
                Consolidated Defendants.
16   _____
17   **REPORTER'S TRANSCRIPT OF COURT CALL PROCEEDINGS**
18       TAKEN DURING THE VIDEO-RECORDED DEPOSITION OF
19                    NICOLE ALEXANDER
20       WITH ALL PARTIES APPEARING TELEPHONICALLY
21              Monday, December 15, 2025
22
23
24   Stenographically Reported by:  Ashley Soevyn,
25   CALIFORNIA CSR No. 12019
```

```
                                                    Page 14
 1   separately with the court reporter.  But let me hear
 2   from Mr. Fritz.
 3              MR. FRITZ:  Thank you.
 4              MS. GOVERNSKI:  Your Honor, I just want
 5   to make one quick correction.  We did not submit the
 6   9/29 letter to the Court.  I misspoke.  We submitted
 7   it to the other side.  I just wanted to make sure
 8   the record is clear.
 9              THE COURT:  Mr. Fritz.
10              MR. FRITZ:  Thank you, Your Honor.
11   Unfortunately, Ms. Governski's recitation is
12   completely inaccurate.  The way the deposition
13   started was Ms. Governski gratuitously asking the
14   witness what her illness was on the record.  Even
15   though we had memorialized it in a writing to your
16   Honor, in general terms.  And then to perhaps
17   attempt to embarrass the witness, Blake Lively's
18   counsel then asked her about her illness.
19              THE COURT:  What is wrong?  The illness
20   was what justified the extension, right?
21              MR. FRITZ:  That's right.  But the
22   specifics I don't believe were necessary, Your
23   Honor.
24              Then there was an objection and
25   instruction not to answer based on attorney-client
```

Page 15

1   privilege.
2              THE COURT:  With an expert?  A testifying
3   expert?  I don't think that's an objection that you
4   would enjoy with a testifying expert.
5              MR. FRITZ:  The witness testified that
6   different counsel, not my firm or the Liner Freedman
7   firm had spoken to her.  And Ms. Governski was
8   asking her about communications with that other
9   counsel who the witness was unable to identify.  So
10  in an abundance of caution, I instructed her not to
11  answer.  And I told Ms. Governski that I would meet
12  and confer with her about it after the deposition so
13  I could fully understand what counsel the witness
14  was referring to.
15             And then Ms. Governski proceeded to
16  lambaste into me, asked me if I knew what
17  attorney-client privilege was and was completely
18  improper, where I simply stated the basis for my
19  objection and I was willing to move on and meet and
20  confer off the record.
21             Then after two hours of questioning, Your
22  Honor, after the witness finished the answer, I
23  said, "We've been going for two hours, let's take a
24  break."  Ms. Governski then said "I want to finish
25  my line of question" and she proceeded to then ask

Page 16

1  another question.  And then she tried to argue that
2  because the question was purportedly pending, it was
3  appropriate to ask for a break.  We then conferred
4  with the stenographer and the stenographer conferred
5  my point of view and my recollection was that no
6  question was pending.  After which point,
7  Ms. Governski finally backed down and allowed the
8  witness to take a break.
9           In the last instance, Your Honor, the
10 witness said she didn't understand the question or
11 she was confused.  And she was explaining to
12 Ms. Governski why she was confused.  And in the
13 middle of that explanation, Ms. Governski abruptly
14 and rudely and with a sharp tone interrupted her.
15 And those interruptions had been frequent by
16 Ms. Governski, and her tone and snide remarks to the
17 witness.
18          So I explained to Ms. Governski, "Why
19 don't you wait for the witness to explain to you why
20 she's confused so that perhaps the next question
21 will not be confusing."  At which point,
22 Ms. Governski was the one who asked for the
23 conference with the Court.  And of course I said,
24 "if you want to do that, fine."
25          So this summary by Ms. Governski about

Page 20

```
 1           CERTIFICATE OF STENOGRAPHIC REPORTER
 2   State of California   )
                           )
 3   County of Los Angeles)
 4           I, ASHLEY SOEVYN, Stenographic Court
 5   Reporter at the Superior Court of California, County
 6   of Los Angeles, do hereby certify:
 7           That I was present at the time of the
 8   above proceedings;
 9           That I took down in machine shorthand
10   notes all proceedings had and testimony given;
11           That I thereafter transcribed said
12   shorthand notes with the aid of a computer;
13           That the above and foregoing is a full,
14   true, and correct transcription of said shorthand
15   notes, and a full, true and correct transcript
16   of all proceedings had and testimony taken;
17           That I am not a party to the action or
18   related to a party or counsel;
19           That I have no financial or other interest
20   in the outcome of the action.
21           Dated: December 16, 2025
22
23   [signature]
24   _____
     ASHLEY SOEVYN
25   CSR No. 12019
```