

Kevin Fritz
*Partner*
Direct (212) 655-3570
Fax (212) 655-3535
kaf@msf-law.com

Via ECF
Hon. Lewis J. Liman                    December 23, 2025
United States District Court

**Re:**    *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL

Dear Judge Liman:

As counsel for Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel (collectively, the "Wayfarer Parties"), we write in opposition to Blake Lively's motion for sanctions and other relief concerning the deposition of Nicole Alexander (the "Motion"). (Dkt. 1133).

Ms. Alexander is an expert in digital ecosystems, AI-mediated brand perception, and online reputation measurement. She was designated by the Wayfarer Parties to rebut certain expert reports concerning whether the social media activity regarding Ms. Lively from August 2024 through February 2025 was caused by a coordinated, negative manipulation campaign (as Ms. Lively alleges) or was the result of organic public engagement and entertainment industry media cycles. (Fritz Decl., ¶ 3). On December 15, 2025, Ms. Alexander was deposed, *for seven hours*, by Ms. Lively's counsel, Meryl Governski, about her expertise and her expert report. (Fritz Decl., Ex. 1).[1]

Rule 30(c)(2) of the Federal Rules of Civil Procedures provides that "[a]n objection [during a deposition] must be stated concisely in a nonargumentative and nonsuggestive manner." Under Rule 30(d)(2), courts are authorized to impose sanctions for conduct that "impedes, delays, or frustrates the fair examination of the deponent." Ms. Lively submitted to the Court only 35 pages from Ms. Alexander's deposition transcript – a mere ten percent thereof – presumably to create a false narrative. We submit herewith the entire transcript so that the Court can see that ***Ms. Alexander's deposition was not impeded, delayed, or frustrated***. Upon reviewing the transcript, the Court will see that the Wayfarer Parties' counsel concisely and appropriately objected to the form of certain questions, did not utilize speaking objections, and permitted Ms. Alexander to answer every question (except for one topic, which is addressed below). The Motion ***does not***

---

[1] Ms. Alexander's deposition had nothing to do with Ms. Lively's sexual or romantic history. Nonetheless, the Motion attaches a self-serving letter, ***from three months ago***, sent by Ms. Lively's counsel to the Wayfarer Parties' counsel, complaining (erroneously) about certain deposition questions purportedly concerning her "sexual or romantic history." (Dkt. 1133-3). The questions at issue therein pertained to Ms. Lively's reputation, which she put at issue. (Fritz Decl., Ex. 2). Given that Ms. Lively did not seek relief from the Court months ago *about any purportedly improper lines of questioning* and is not seeking such relief now, the Motion seemingly was filed solely to generate inflammatory headlines and falsely besmirch the character of the Wayfarer Parties' counsel. *See, e.g.,* William Earl, *Blake Lively's Lawyers Blast Justin Baldoni's Lawyers' Deposition Behavior, Say Questions About Her Sex History Should Be Off Limits*, Variety (Dec. 19, 2025), https://variety.com/2025/film/news/blake-lively-justin-baldoni-lawyers-sex-history-off-limits-1236613219/; BreAnna Bell, *Blake Lively's lawyers blast Justin Baldoni's team over probing her sex life in 'disruptive' depositions*, New York Post (Dec. 20, 2025), https://pagesix.com/2025/12/20/celebrity-news/blake-livelys-lawyers-blast-justin-baldonis-team-over-disruptive-deposition-behavior/.

***identify any material area of testimony*** Ms. Governski sought to explore that she was prevented from exploring by counsel's objections. *See Edwards v. Wilkie*, No. 16-cv-8031, WL 5957171, at *3 (S.D.N.Y. Nov. 13, 2019) (denying sanctions motion where objections to deposition questions "while numerous, were not inappropriate or unwarranted[,]" where the "vast majority of the objections were not speaking objections" and where "defense counsel only instructed [the witness] not to answer one time"); *IBM Corp. v. Micro Focus (US) Inc.*, No. 22-cv-9910, 2024 WL 535730 (S.D.N.Y. Jan. 3, 2024) (denying sanctions motion where deposition "transcript reveals that any speaking objections that occurred were not so pervasive or disruptive as to warrant sanctions").

A review of what Ms. Lively labels "frequent speaking objections" demonstrates the triviality of the Motion. Although Ms. Lively alleges that the Wayfarer Parties' counsel "interrupt[ed]" the deposition to ask whether Ms. Alexander should review an exhibit, the cited "examples" show that: (a) Ms. Lively's counsel Meryl Governski was unaware Ms. Alexander had amended her expert report, erroneously claimed that the amended report had not been served upon her (it had been, a month earlier) and the Wayfarer Parties' counsel professionally steered her in the right direction (Fritz Dec., Ex. 1, at 59:4 – 61:25); (b) Ms. Alexander (who had never previously been deposed, in any litigation, let alone remotely) was advised to download an exhibit (so she can review the entire document, as one would do in-person) rather than review only the portions viewable to her though Ms. Governski's "screen sharing" (*id.*, at 93:5 – 94:2); and (c) Ms. Governski asked Ms. Alexander to "summarize" a lengthy article cited in the expert report, the witness was confused about whether she was being to summarize it "offhand" (from memory), and, when the Wayfarer Parties' counsel asked for clarity, Ms. Governski launched into a tirade instead of clarifying what she was asking Ms. Alexander to do. (*Id.*, at 134:5 – 139:11). During one exchange cited by the Motion, Ms. Governski interrupted the witness, who was confused by the line of questioning, and the Wayfarer Parties' counsel suggested that Ms. Governski listen to the witness so that the questions could be clarified. (*Id.*, at 182:5 – 185:5). *See Kennedy v. City of New York*, No. 12-cv-4166, 2016 WL 3460417, at *4 (S.D.N.Y. June 20, 2016) (denying sanctions motion because there was no indication that request for clarification of deposition question was made in bad faith or frustrated the deposing party's ability to conduct a fair examination). Even if such colloquy can be liberally construed to violate Rule 30(c)(2), which it should not, "violation of the rule is mitigated to some degree if the colloquy that occurred as a result of objections related to matters of clarification…." *Wang v. New York-New Jersey Section of Ninety-Nines Inc.*, No. 18-cv-1780, 2020 WL 13561262, at *4 (S.D.N.Y. Dec. 29, 2020) (internal quotation omitted) (denying sanctions motion even though "defense counsel spoke more than was necessary to state his objections" under Rule 30(c)(2)). Notably, at the start of the deposition, Ms. Governski failed to instruct the witness, as is standard in depositions, that if she did not understand a question, she should say so and Ms. Governski would rephrase it. (Fritz Decl., Ex. 1). As for Ms. Lively's criticism that Ms. Alexander was sometimes instructed to "answer again", such instruction is not improper. *See Wang*, 2020 WL 13561262, at *4 (instruction to answer "if you understood" or "if you can" were not improper and, to the contrary, "those phrases show defense counsel reminding the deponent to that she should answer the question notwithstanding the fact that he objected"). Examples of improper speaking objections are those made by Ms. Lively's counsel, Esra Hudson, at the deposition of non-party Jenny Slate. (Fritz Decl., Ex. 2).

Ms. Governski never instructed Ms. Alexander, at the outset of the deposition, that she could request a break (Fritz Decl., Ex. 1), which is a routine. Ms. Lively nevertheless inexplicably takes issue with a suggestion, ***after two hours of questioning***, that Ms. Alexander (and the stenographer) be provided with a break during the deposition. After such break was requested by Ms. Alexander's

counsel, Ms. Governski proceeded to ask another question, then utilized the guise of a "pending question" as a basis to refuse a break and ultimately was proven wrong when the stenographer confirmed that no question had been pending. (Fritz Decl., Ex. 1, at 108:2 – 112:6). In sum, the questioning of Ms. Alexander went relatively smoothly, especially after the parties' counsel conferenced with the Court during a break, and Ms. Lively failed to show that the deposition was impeded, delayed or frustrated in any substantive manner. *See Severstal Wheeling Inc. v. WPN Corp.*, No. 10-cv-954, 2012 WL 1982132 (S.D.N.Y. May 30, 2012) (denying sanctions motion despite "a heated exchange at the end of the deposition" because any conduct that violated Rule 30 was not extreme and had no material effect on the testimony).

"A person may instruct a deponent not to answer only when necessary to preserve a privilege…." (Fed. R. Civ. P. 30(c)(2)). The only time Ms. Alexander was instructed not to answer was based on privilege/work product and in connection with questions concerning her conversations with "separate counsel" (the identity of whom she was unable to recall) about this case. (Fritz Decl., Ex. 1, at 19:2 – 21:12). Rule 26(b)(4)(C) protects, from disclosure, counsel's communications with testifying experts. *See King v. Wang*, No. 14-cv-7694, 2021 WL 5232454, at *17 (S.D.N.Y. Nov. 9, 2021) (Liman, J.) ("communications between a party's attorney and an expert witness 'retained or specially employed' are protected from disclosure except for communications that, among other things, 'identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed.'"). In response, Ms. Governski improperly attempted to debate counsel *during the deposition* about the instruction to Ms. Alexander not to answer. (Fritz Decl., Ex. 1, at 21:21 - 23:12).[2] In violation of Rule 4.C of this Court's Individual Practices in Civil Cases, Ms. Lively's counsel failed to meet and confer, after the deposition (or even during a break therein), concerning the propriety of the objection. The Motion should be denied for that reason alone. *See Jones et al. v. Abel*, No. 25-cv-779 (S.D.N.Y. Sept. 26, 2025). Had Ms. Lively's counsel adhered to the Court's Individual Practices concerning the resolution of discovery disputes, we would have agreed to a short continuation of Ms. Alexander's deposition, via remote means and on a mutually convenient date, limited to questions concerning her communications with the "separate counsel" identifying facts or data that such counsel provided to her and that she considered in forming her opinions expressed in her report. We so stipulate now.

The Motion to sanction Bryan Freedman and the undersigned is frivolous because it is based upon an alleged "ongoing pattern of deposition misconduct" *but cites no prior conduct by either attorney at any deposition*. (Dkt. 1133-4; 1133-5).[3] Furthermore, the Motion cites cases in which the attorney "deliberately violated repeated Orders of the Court" (*Antolini v. McCloskey*, No. 19-cv-09038, 2021 WL 5411176, at *12 (S.D.N.Y. Nov. 19, 2021), "engaged in prolonged and unnecessary argument regarding the relevancy of a simple question" and instructed the witness "not to answer on relevancy grounds" (*Fashion Exch. LLC v. Hyrid Prom., LLC*, 333 F.R.D. 302, 305 - 307 (S.D.N.Y. Sept. 26, 2019), or was held responsible for its client's violation of orders to produce documents (*Syntel Sterling Best v. Trizetto Group*, 328 F.R.D. 100, 124 (S.D.N.Y. 2018), none of which Ms. Lively even alleges (or demonstrates) that either Mr. Freedman or the undersigned did. The only "ongoing pattern" is Ms. Lively's use of the media to disparage others and distract the public from the legal issues at hand.

---

[2] Ironically, it was Ms. Governski's own improper attempt to debate counsel during the deposition that prompted Bryan Freedman's request to her that she cease such misconduct. (Fritz Decl., Ex. 1, at 21:9 – 23:12).
[3] The citations to Jamey Heath's deposition transcript concern an entirely different situation where counsel was not responding to any pending question but raising concerns about lengthy breaks that Ms. Lively's counsel was taking.

MEISTER SEELIG & FEIN PLLC

_/s/ Kevin Fritz_____
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
       kaf@msf-law.com

LINER FREEDMAN TAITELMAN +
COOLEY, LLP
       Bryan J. Freedman (*pro hac vice*)
       Ellyn S. Garofalo (*pro hac vice*)
       1801 Century Park West, 5th Floor
       Los Angeles, CA 90067
       Tel: (310) 201-0005
       Email: bfreedman@lftcllp.com
          egarofalo@lftcllp.com

SHAPIRO ARATO BACH LLP
Alexandra A.E. Shapiro
Jonathan Bach
Alice Buttrick
1140 Avenue of the Americas, 17th Floor
New York, NY 10036
Tel: (212) 257-4881
Email: ashapiro@shapiroarato.com
       jbach@shapiroarato.com
       abuttrick@shapiroarato.com

AHOURAIAN LAW
Mitra Ahouraian (*pro hac vice*)
2029 Century Park East, 4th Floor
Los Angeles, CA 90067
Tel. (310) 376-7878
Email: mitra@ahouraianlaw.com

cc: all counsel of record (via ECF)