

**Jared B. Foley**
jfoley@mrllp.com
Main: 212.730.7700

January 5, 2026

<u>Via ECF</u>

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

      Re:  *Blake Lively v. Wayfarer Studios LLC, et al., Case No. 1:24-cv-10049-LJL*

Dear Judge Liman:

      We write on behalf of non-party Isabela Ferrer ("**Ms. Ferrer**"), pursuant to Section 4.b. of Attachment A to Your Honor's Individual Rules, to respectfully request that the Court maintain the sealing of Exhibit 75 to the Declaration of Alexandra A.E. Shapiro in Support of the Wayfarer Parties' Motion for Summary Judgment ("***Shapiro Decl.***", Dkt. 963-74), Exhibit 10 to the Declaration of Michael J. Gottlieb in Support of Blake Lively's Opposition to the Wayfarer Parties' Motion for Summary Judgment ("***Gottlieb Decl.***", Dkt. 1072-10), and Exhibit 124 to the Gottlieb Decl. (Dkt. 1072-124)[1]. These exhibits consist of or disclose excerpts from Ms. Ferrer's deposition testimony containing highly sensitive, confidential testimony regarding the filming of intimate scenes and discussion of another non-party's religious affiliation. The testimony was designated confidential during the deposition pursuant to the operative protective order(s), and good cause exists for the sealing to remain in place.

      **I.**      **Ms. Ferrer's Request is Consistent with the Court's November 26, 2025 Order.**

      In its recent Memorandum & Order (Dkt. 1027), the Court directed parties and non-parties to explain how any proposed sealing related to the Wayfarer Parties' summary judgment filings is consistent with the Court's framework. The sealing Ms. Ferrer seeks falls squarely within the categories of information the Court identified as appropriate for protection even at the summary judgment stage, where the presumption of public access is strongest.

      As the Second Circuit and this Court have recognized, the privacy interests of non-parties "should weigh heavily in a court's" sealing analysis. *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (affirming sealing of records and examining weight to be given to privacy considerations); Dkt. 1027 at 3-5. Indeed, such non-party information falls within "a venerable common law exception to the presumption of access," particularly where, as here, disclosure would reveal information "traditionally considered private," including sensitive personal matters which are not central to the litigation, and which have "no public ramifications." *Amodeo* at 1050-51; *see also Application of Newsday, Inc.*, 895 F.2d 74, 80 (2d Cir. 1990) (affirming sealing of document, recognizing that third party privacy interests should be weighed heavily and allowing "redacted references to innocent third parties"). The portions of testimony at issue here contain sensitive details regarding the filming of intimate, sexual scenes and the religious affiliation of another non-party who is not involved in this litigation. The Court expressly recognized the protection of such "significant and substantial privacy interests" as a higher value that may overcome even a strong presumption of access. Dkt. 1027 at 3.

      Further, the Court has acknowledged the exceptional level of public and media attention surrounding the case. *See* Dkt. 122 at 21:7-21, 54:20-21; Dkt. 124 at 6. As a non-party who did not voluntarily choose to become involved in this litigation,[2] Ms. Ferrer is particularly vulnerable to

---

[1] Because these exhibits include other non-parties' sensitive information, Ms. Ferrer is not submitting redacted copies of these documents at this time, so as not to inadvertently disclose information other parties or nonparties may seek to maintain under seal. Ms. Ferrer is prepared to submit redacted copies of these exhibits reflecting the portions she seeks to maintain under seal at the Court's request.

[2] Ms. Ferrer's past filings with the Court explain how she involuntarily became involved in this action when her private text messages were referenced in pleadings, and those filings demonstrate that while

Hon. Lewis J. Liman
United States District Court
January 5, 2026
Page 2

harassment and misuse of these sensitive excerpts, including widespread disclosures in the press and on social media. *See Desarrolladora La Ribera, S. de R.L. de C.V. v. Anderson*, 2024 WL 2049413, at *3 (S.D.N.Y. May 6, 2024) (sealing non-party information, in part, on the basis that the individual "did not ask to be involved in this lawsuit"). Such misuse carries an additional risk of professional harm to Ms. Ferrer, who is a working actress. Public circulation and potential distortion of intimate, highly personal testimony could negatively affect her opportunities within an industry that is uniquely sensitive to public perception. These risks fall squarely within the harms the Court recognized in its Memorandum & Order, and they outweigh any minimal public interest in disclosure. *See Amodeo*, 71 F.3d at 1050-51 (courts may protect records from being used to "promote public scandal" or "gratify private spite").

## II. The Requested Redactions are Narrowly Tailored So As Not to Impede Public Understanding of the Parties' Arguments and the Court's Adjudication Thereof.

The sealing Ms. Ferrer requests is limited solely to the specific portions of the deposition excerpts that reveal sensitive information about Ms. Ferrer's filming of intimate scenes or the religious affiliation of another non-party. No broader sealing is requested. Sealing is necessary to, at a minimum, protect the following excerpts from Ms. Ferrer's deposition testimony:

1. From Exhibit 75 to the Shapiro Decl. (Dkt. 963-74): Deposition pages 32-33, 67, 109 and 274-275.
2. From Exhibit 10 to the Gottlieb Decl. (Dkt. 1072-10): Deposition pages 68, 74-75, 81, 106-110, 244-248, 252-253, 283-284 and 274-275.
3. From Exhibit 124 to the Gottlieb Decl. (Dkt. 1072-124): Footnote 63 (which summarizes parts of the testimony Ms. Ferrer is asking to be sealed).

This tailoring is fully consistent with the Court's direction that continued sealing must be justified by "specific, on-the-record findings" and restricted to information that qualifies under the Court's framework. Dkt. 1027 at 3.

Maintaining sealing of these limited excerpts of sensitive testimony will not impede the public's ability to understand the Motion for Summary Judgment, the Opposition thereto, or the Court's decision. The motion papers themselves remain publicly available with only narrow redactions, and the small portions of testimony at issue are not necessary for the public to grasp the substance of the arguments or the Court's analysis, consistent with the Court's recognition that material "having no bearing on the judicial function" may be sealed notwithstanding the strong presumption of access. Dkt. 1027 at 6; *see also Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018) (permitting redactions where the public could still "understand the parties' arguments and the Court's adjudication"). In contrast, unsealing these intimate and highly personal excerpts would expose Ms. Ferrer to a significant risk of harassment and professional harm, a disproportionate consequence where the public's understanding of the issues would remain entirely unimpaired. When weighed, the balance here tips strongly in favor of sealing.

For these reasons, Ms. Ferrer respectfully requests that the Court maintain the sealing of Exhibit 75 (Dkt. 963-74), Exhibit 10 (Dkt. 1072-10), and Exhibit 124 (Dkt. 1072-124).

Respectfully Submitted,

**MICHELMAN & ROBINSON, LLP**

Jared B. Foley, Esq.

JBF:dr

---

Ms. Ferrer has discharged her legal obligations by appropriately responding to subpoenas or motions made by the parties, she has not voluntarily injected herself into the proceedings in any way. *See* Dkt. 666, 667.