# JACKSON WALKER LLP

Joel R. Glover<br>
(713) 752-4226 (Direct Dial)<br>
(713) 308-4114 (Direct Fax)<br>
jglover@jw.com

January 5, 2026

**VIA ECF**
The Honorable Lewis J. Liman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> Re: *Lively v. Wayfarer Studios LLC*, *et al.*, Case No. 1:24-cv-10049-LJL; Wallace Non-Parties' Letter Motion for Continued Sealing and Redaction of **Exhibits 182** (Dkt. 954-40), **183** (Dkt. 954-41), **184** (Dkt. 954-42), **215** (Dkt. 954-73), **216** (Dkt. 954-74), and **217** (Dkt. 954-75) **to the Wayfarer Parties' Motion for Summary Judgment and Memorandum of Law in Support** (Dkts. 952, 955); **Exhibits 203** (Dkt. 1071-53), **208** (Dkt. 1071-58), **209** (Dkt. 1071-59), **210** (Dkt. 1071-60), **211** (Dkt. 1071-61), **212** (Dkt. 1071-62), **213** (Dkt. 1071-63), **214** (Dkt. 1071-64), **215** (Dkt. 1071-65), **216** (Dkt. 1071-66), **217** (Dkt. 1071-67), **235** (Dkt. 1071-85), **236** (Dkt. 1071-86), **247** (Dkt. 1071-97), and **299** (Dkt. 1071-149) **to Lively's Response to the Wayfarer Parties' Motion for Summary Judgment and Rule 56.1 Counter-Statement** (Dkts. 1064, 1074); **Exhibits 43** (Dkt. 1056-43), **59** (Dkt. 1056-59), **67** (Dkt. 1056-67), **68** (Dkt. 1056-68), and **69** (Dkt. 1056-69) to **Jonesworks LLC's Opposition to Jennifer Abel's Conditional Motion for Summary Judgment and Rule 56.1 Counter-Statement** (Dkts. 1050, 1057), as repeated in **Abel's Response to Rule 56.1 Counter-Statement** (Dkt. 1115); **Exhibit 59** (Dkt. 1011-59) **to the Wayfarer Parties' Response to Jonesworks LLC's Motion for Spoliation Sanctions** (Dkt. 1005, 1010); and **Exhibits 63** (Dkt. 1096-6), **64** (Dkt. 1096-7), **65** (Dkt. 1096-8), **66** (Dkt. 1096-9), and **68** (Dkt. 1096-11) **to Lively's Reply in Support of Her Motion for Spoliation Sanctions** (Dkt. 1096)

Dear Judge Liman,

      We write on behalf of non-parties Jed Wallace ("Wallace") and Street Relations Inc. ("Street") (collectively, the "Wallace Non-Parties")[1] pursuant to Rule 4.b. of Attachment A to the Court's Individual Rules and the Court's orders dictating the timing for parties and non-parties to move for continued sealing of documents filed under seal in connection with Lively's and Jonesworks' motions for spoliation sanctions and the Wayfarer Parties' motion for summary

---

[1] By filing this letter motion, the Wallace Non-Parties do not waive their arguments that this Court lacks personal jurisdiction over them—as confirmed in the Court's November 5, 2025 Opinion and Order. Dkt. 912.

judgment[2] to request that the Court maintain under seal certain portions of Exhibits 182 (Dkt. 954-40), 183 (Dkt. 954-41), 184 (Dkt. 954-42), 215 (Dkt. 954-73), 216 (Dkt. 954-74), and 217 (Dkt. 954-75) to the Wayfarer Parties' Motion for Summary Judgment and Memorandum of Law in Support, as well as portions of the memorandum of law referring thereto (Dkts. 952, 955); Exhibits 203 (Dkt. 1071-53), 208 (Dkt. 1071-58), 209 (Dkt. 1071-59), 210 (Dkt. 1071-60), 211 (Dkt. 1071-61), 212 (Dkt. 1071-62), 213 (Dkt. 1071-63), 214 (Dkt. 1071-64), 215 (Dkt. 1071-65), 216 (Dkt. 1071-66), 217 (Dkt. 1071-67), 235 (Dkt. 1071-85), 236 (Dkt. 1071-86), 247 (Dkt. 1071-97), and 299 (Dkt. 1071-149) to Lively's Response to the Wayfarer Parties' Motion for Summary Judgment and Rule 56.1 Counter-Statement, as well as portions of the response and counter-statement referring thereto (Dkts. 1064, 1074); Exhibits 43 (Dkt. 1056-43), 59 (Dkt. 1056-59), 67 (Dkt. 1056-67), 68 (Dkt. 1056-68), and 69 (Dkt. 1056-69) to Jonesworks LLC's Opposition to Jennifer Abel's Conditional Motion for Summary Judgment and Rule 56.1 Counter-Statement (Dkt. 1050, 1057), as repeated in Abel's Response to Rule 56.1 Counter-Statement (Dkt. 1115); Exhibit 59 (Dkt. 1011-59) to the Wayfarer Parties' Response to Jonesworks LLC's Motion for Spoliation Sanctions, as well as portions of the response referring thereto (Dkt. 1005, 1010); and Exhibits 63 (Dkt. 1096-6), 64 (Dkt. 1096-7), 65 (Dkt. 1096-8), 66 (Dkt. 1096-9), and 68 (Dkt. 1096-11) to Lively's Reply in Support of Her Motion for Spoliation Sanctions, as well as portions of the reply referring thereto (Dkt. 1096).[3]

1.  **The Wayfarer Parties' Motion for Summary Judgment and Memorandum in Support (Dkt. 954)**

*Exhibits 182, 183, and 184[4] – PII*

Exhibits 182, 183, and 184 include documents containing personally identifiable information ("PII"):

- Exhibit 182: email addresses of parties and nonparties

- Exhibit 183: email address of nonparty

---

[2] The Court's orders concerning the consolidated deadline for submission of motions for continued sealing were issued subsequent to the submission of letter motions for continued sealing by parties and non-parties relating to the opening motions and attachments of Lively and Jonesworks in connection with their respective motions for spoliation sanctions. The Wallace Non-Parties previously filed their motion for continued sealing with respect to those opening motions and attachments. See Dkts. 915, 917. This Court entered an order on that letter, among others, on November 26, 2025. See Dkt. 1027. Consistent with that order, the Wallace Non-Parties made a supplemental submission to the Court on December 3 providing amended proposed redactions. See Dkt. 1040.

[3] The Wallace Non-Parties agree with the proposed redactions provided to counsel for the Wallace Non-Parties by counsel for the parties with respect to Exhibit 36 to the Wayfarer Parties' Response in Opposition to Lively's Motion for Sanctions (Dkt. 1004-36); Exhibit 47 to the Wayfarer Parties' Response in Opposition to Jonesworks, LLC's Motion for Sanctions (Dkt. 1011-47); and Exhibits 218, 233, 234 and 252 to Lively's Response to the Wayfarer Parties' Motion for Summary Judgment (Dkts. 1064). In each instance, counsel for the respective parties provided proposed redactions (or already-applied redactions) of PII, including PII of Mr. Wallace.

[4] The Wallace Non-Parties do not submit redacted copies of Exhibits 182 and 184 but are prepared to submit redacted copies of these documents if the Court so orders.

- Exhibit 184: email addresses and cell phone number of parties and nonparties

The Wallace Non-Parties request that the Court order the filing party to redact these documents to protect the confidential PII of parties, non-parties, and counsel, pursuant to the Court's prior orders concerning the filing and redaction of PII. (*See, e.g.*, Dkts. 485, 619, 736.)

*Exhibit 183[5] – Sensitive Financial Account Information*

Exhibit 183 is an invoice that also contains the Wallace Non-Parties' confidential banking information. Courts routinely find that bank account information is entitled to protection and redaction before submission on the public docket. *E.g.*, *In re Oldco M Corp.*, 466 B.R. 234, 238 (Bankr. S.D.N.Y. 2012). The Wallace Non-Parties request that the Court maintain under seal the identified portions of Exhibit 183 to protect this sensitive financial account information.

*Exhibits 215, 216, and 217[6] and the Memorandum of Law Referring Thereto – Third-Party Clients or Prospective Clients*

Exhibit 215 is Lively's Third Amended Responses and Objections to Defendant Jennifer Abel's Second Set of Interrogatories. In response to Interrogatory 21, Lively cites to and quotes from documents produced by Street in discovery that are irrelevant to Street's engagement for Wayfarer and instead relate to Street's business-sensitive and confidential communications concerning its other engagements or prospective engagements. *See* Exhibit 215, pp. 28–29. The Wallace Non-Parties previously moved to redact this same information at Dkt. 915 and, following the Court's November 16, 2025 Order (Dkt. 1027), the Wallace Non-Parties submitted proposed redactions of this information (Dkt. 1040-5).

Exhibit 216 is Lively's Third Amended Responses and Objections to Defendant Melissa Nathan's Second Set of Interrogatories. In response to Interrogatory 21, Lively cites to and quotes from documents produced by Street in discovery that are irrelevant to Street's engagement for Wayfarer and instead relate to Street's business-sensitive and confidential communications concerning its other engagements or prospective engagements. *See* Exhibit 216, pp. 28–29. The Wallace Non-Parties previously moved to redact this same information at Dkt. 915 and, following the Court's November 16, 2025 Order (Dkt. 1027), the Wallace Non-Parties submitted proposed redactions of this information (Dkt. 1040-5).

Exhibit 217 is Lively's Third Amended Responses and Objections to Defendant The Agency Group PR LLC's Second Set of Interrogatories. In response to Interrogatory 21, Lively cites to and quotes from documents produced by Street in discovery that are irrelevant to Street's engagement for Wayfarer and instead relate to Street's business-sensitive and confidential communications concerning its other engagements or prospective engagements. *See* Exhibit 217,

---

[5] The Wallace Non-Parties submit with this Motion a redacted copy of Exhibit 183, as well as a highlighted copy of Exhibit 183 filed under seal.

[6] As third parties, the Wallace Non-Parties did not receive service of Exhibits 215, 216, and 217; however, the exhibit index reveals those exhibits contain information quoting the Wallace Non-Parties confidential and attorneys eyes' only material, including material identifying clients or prospective clients of Street subject to sealing under this Court's order. (Dkt. 1027.)

pp. 28–29. The Wallace Non-Parties previously moved to redact this same information at Dkt. 915 and, following the Court's November 16, 2025 Order (Dkt. 1027), the Wallace Non-Parties submitted proposed redactions of this information (Dkt. 1040-5).

Courts in this Circuit and beyond routinely seal documents to protect both the privacy interests of third parties, as well as sensitive and non-public business information. *See United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995) (in balancing the considerations against the presumption of public access, "'the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.' . . . Such interests, while not always fitting comfortably under the rubric 'privacy,' are a venerable common law exception to the presumption of access." (quoting *Application of Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1990))); *In re B & C KB Holding GmbH*, No. 22-MC-180, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) ("[C]ourts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information.").

The Wallace Non-Parties respectfully request that the Court maintain under seal the identified portions of Exhibits 215, 216, and 217 as reflected in the Wallace Non-Parties' prior submission at Dkt. 1040-5, as well as the portion of the Wayfarer Parties' Memorandum of Law referring thereto. (*See* Dkt. 1010 at 13.)

2.  **Lively's Response to the Wayfarer Parties' Motion for Summary Judgment and Rule 56.1 Counter-Statement (Dkts. 1064, 1074)[7]**

***Exhibits 203, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 236, 247, and 299[8] and the Response and Rule 56.1 Counter-Statement Referring Thereto – Third-Party Clients or Prospective Clients and Sensitive, Non-Public Business Information***

Exhibits 203 and 247 are excerpts from the deposition of Mr. Wallace. These exhibits include sensitive and confidential testimony relating to Street's engagements, prospective engagements, or alleged engagements for work unrelated to Street's engagement for Wayfarer and otherwise unrelated to the parties or issues in this litigation. Exhibit 247 also includes Mr. Wallace's confidential information as to payment for legal services.

Exhibits 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 236, and 299 are documents produced by Street during discovery. Each document includes highly sensitive and confidential

---

[7] Exhibits 203, 208, 210, 211, 212, 213, 214, 218, 233, 234, 235, 236, and 252 to Lively's summary judgment response were supplied by counsel for Lively to counsel for the Wallace Non-Parties with redactions already applied to various portions of the exhibits. To the extent the Wallace Non-Parties propose additional redactions to those already applied in the versions submitted by Lively and provided to the Wallace Non-Parties, the Wallace Non-Parties have submitted those exhibits under seal with the additional proposals highlighted and publicly with the additional proposals redacted.

[8] The Wallace Non-Parties submit with this Motion redacted copies of Exhibits 208, 209, 211, 212, 215, 216, 217, 236, 247, and 299, as well as highlighted copies of the same filed under seal. As for the remaining identified exhibits (Exhibits 203, 210, 213, 214), counsel for Lively provided already-redacted versions of the exhibits to counsel for the Wallace Non-Parties. Upon review of Lively's applied redactions, the Wallace Non-Parties confirmed their agreement with those redactions. Because the Wallace Non-Parties do not propose additional redactions to those exhibits, the Wallace Non-Parties ask that the Court order Lively to publicly file Exhibits 203, 210, 213, and 214 with the same redactions as previously submitted to counsel for the Wallace Non-Parties.

4

business information relating to communications with or about clients or prospective clients relating to potential engagements with Street that are unrelated to Street's engagement for Wayfarer and otherwise unrelated to the parties or issues in this litigation.

Further, Exhibits 208, 209, 216, and 217 contain Street's confidential and proprietary, bespoke pricing information for specific prospective clients, which is both sensitive and non-public information irrelevant to the issues at hand in this litigation that could cause competitive harm to the Wallace Defendants if it were disclosed.

As above, courts in this Circuit and beyond routinely seal documents to protect both the privacy interests of third parties, as well as sensitive and non-public business information. *See United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995) (in balancing the considerations against the presumption of public access, "'the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.' . . . Such interests, while not always fitting comfortably under the rubric 'privacy,' are a venerable common law exception to the presumption of access." (quoting *Application of Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1990))); *In re B & C KB Holding GmbH*, No. 22-MC-180, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) ("[C]ourts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information.").

And again, this Court recently confirmed in *Lively v. Wayfarer Studios LLC*, Case No. 1:24-cv-10049-LJL (S.D.N.Y. Nov. 26, 2025) that "information revealing the specific identity of clients and prospective clients who have used public-relations services is sufficiently sensitive to warrant continued sealing." (Dkt. 1027 at 5.) That is because "[t]hese individuals are 'innocent third parties'" whose "expectation of privacy in their use of such services is substantial." (*Id.*) Thus, this Court previously ordered that "[i]nformation revealing the identity of the non-party clients and prospective clients may be maintained under seal." (*Id.*)

The Wallace Non-Parties respectfully request that the Court maintain under seal the identified portions of Exhibits 203, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 236, 247, and 299, as well as the portions of Lively's Response and Rule 56.1 Counter-Statement referring thereto. (*See, e.g.*, Dkt. 1074 at 118–19, 227–28.)

*Exhibit 235[9] – Sensitive Financial Account Information*

Exhibit 235 is an invoice produced by Street in discovery that contains the Wallace Non-Parties' confidential banking information, including the specific bank and location where the Wallace Non-Parties bank. Though Lively provided a version of Exhibit 235 that redacted the account name, number, and routing information, this is insufficient to protect the Wallace Non-Parties' interest in the confidentiality of their financial account information, including the bank and branch location where they hold deposit account(s).

Courts routinely find that bank account information is entitled to protection and redaction before submission on the public docket. *E.g.*, *In re Oldco M Corp.*, 466 B.R. 234, 238 (Bankr.

---

[9] The Wallace Non-Parties submit with this Motion a redacted copy of Exhibit 235, as well as a highlighted copy of the same filed under seal.

S.D.N.Y. 2012). The Wallace Non-Parties request that the Court maintain under seal the identified portions of Exhibit 235 to protect this sensitive financial account information.

3. **Jonesworks, LLC's Opposition to Jennifer Abel's Conditional Motion for Summary Judgment and Rule 56.1 Counter-Statement (Dkts. 1050, 1057), as repeated in Abel's Response to Rule 56.1 Counter-Statement (Dkt. 1115)**

*Exhibit 43 – Third-Party Clients or Prospective Clients*

Exhibit 43 is a text message thread produced by nonparty Katherine (Katie) Case.[10] This exhibit includes sensitive and confidential information relating to Street's engagements, prospective engagements, or alleged engagements for work unrelated to Street's engagement for Wayfarer and otherwise unrelated to the parties or issues in this litigation. Jonesworks, LLC's Rule 56.1 Counter-Statement appears to directly refer to and quote from Exhibit 43. This same reference/quote is later repeated in Jennifer Abel's Response to Jonesworks, LLC's Rule 56.1 Counter-Statement.

As above, courts in this Circuit and beyond routinely seal documents to protect both the privacy interests of third parties, as well as sensitive and non-public business information. *See United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995) (in balancing the considerations against the presumption of public access, "'the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.' . . . Such interests, while not always fitting comfortably under the rubric 'privacy,' are a venerable common law exception to the presumption of access." (quoting *Application of Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1990))); *In re B & C KB Holding GmbH*, No. 22-MC-180, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) ("[C]ourts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information.").

And again, this Court recently confirmed that "information revealing the specific identity of clients and prospective clients who have used public-relations services is sufficiently sensitive to warrant continued sealing." (Dkt. 1027 at 5.) That is because "[t]hese individuals are 'innocent third parties'" whose "expectation of privacy in their use of such services is substantial." (*Id.*) Thus, this Court previously ordered that "[i]nformation revealing the identity of the non-party clients and prospective clients may be maintained under seal." (*Id.*)

The Wallace Non-Parties respectfully request that the Court maintain under seal the identified portions of Exhibit 43 implicating the privacy interests of third parties, as well as the portion of the Rule 56.1 Counter-Statement referring thereto (*see* Dkt. 1057 at 44), which is repeated in Jennifer's Abel's Response to Rule 56.1 Counter-Statement (*see* Dkt. 1115 at 45).

---

[10] Because Exhibit 43 was designated as confidential by Ms. Case, the Wallace Non-Parties do not submit a redacted copy of Exhibit 43 to avoid disclosing any confidential material, but the Wallace Non-Parties are prepared to submit a redacted copy of this document if the Court so orders.

***Exhibits 59, 67, 68, and 69[11] – PII***

Exhibits 59, 67, 68, and 69 include documents containing personally identifiable information ("PII"):

- Exhibit 59: email addresses of parties and nonparties
- Exhibit 67: email addresses of parties and nonparties
- Exhibit 68: email addresses of parties and nonparties
- Exhibit 69: email addresses and cell phone number of parties and nonparties

The Wallace Non-Parties request that the Court order the filing party to redact these documents to protect the confidential PII of parties, non-parties, and counsel, pursuant to the Court's prior orders concerning the filing and redaction of PII. (*See, e.g.*, Dkts. 485, 619, 736.)

**4.     The Wayfarer Parties' Response to Jonesworks, LLC's Motion for Spoliation Sanctions and Memorandum in Support (Dkts. 1005, 1010)**

***Exhibit 59[12] and the Wayfarer Parties' Memorandum of Law Referring Thereto – Third-Party Clients or Prospective Clients***

Exhibit 59 is an excerpt from the deposition of Mr. Wallace. This exhibit includes sensitive and confidential testimony relating to Street's engagements, prospective engagements, or alleged engagements for work unrelated to Street's engagement for Wayfarer and otherwise unrelated to the parties or issues in this litigation.

As above, courts in this Circuit and beyond routinely seal documents to protect both the privacy interests of third parties, as well as sensitive and non-public business information. *See United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995) (in balancing the considerations against the presumption of public access, "'the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.' . . . Such interests, while not always fitting comfortably under the rubric 'privacy,' are a venerable common law exception to the presumption of access." (quoting *Application of Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1990))); *In re B & C KB Holding GmbH*, No. 22-MC-180, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) ("[C]ourts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information.").

And again, this Court recently confirmed that "information revealing the specific identity of clients and prospective clients who have used public-relations services is sufficiently sensitive to warrant continued sealing." (Dkt. 1027 at 5.) That is because "[t]hese individuals are 'innocent

---

[11] The Wallace Non-Parties do not submit redacted copies of Exhibits 59, 67, 68, and 69 but are prepared to submit redacted copies of these documents if the Court so orders.

[12] The Wallace Non-Parties submit with this Motion a redacted copy of Exhibit 59, as well as a highlighted copy of Exhibit 59 filed under seal.

third parties'" whose "expectation of privacy in their use of such services is substantial." (*Id.*) Thus, this Court previously ordered that "[i]nformation revealing the identity of the non-party clients and prospective clients may be maintained under seal." (*Id.*)

The Wallace Non-Parties respectfully request that the Court maintain under seal the identified portions of Exhibit 59, as well as the portion of the Wayfarer Parties' Memorandum of Law referring thereto. (*See* Dkt. 1010 at 13.)

5.      **Lively's Reply in Support of Her Motion for Sanctions (Dkt. 1096)**

*Exhibits 63, 64, 65, and 66[13] – PII and Sensitive Financial Account Information*

Exhibits 63, 64, 65, and 66 include documents containing PII and sensitive financial account information.

- Exhibit 63: email address of nonparty and bank account information
- Exhibit 64: email addresses of nonparties and phone number of party
- Exhibit 65: email address of nonparty and bank account information
- Exhibit 66: email addresses of nonparties and phone number of party

As above, bank account information is entitled to protection and redaction before submission on the public docket. *E.g.*, *In re Oldco M Corp.*, 466 B.R. 234, 238 (Bankr. S.D.N.Y. 2012). The Wallace Non-Parties respectfully request that the Court maintain under seal the identified portions of Exhibits 63, 64, 65, and 66.

*Exhibit 68[14] and Lively's Reply Referring Thereto – Third-Party Clients or Prospective Clients and Confidential Legal Services Information*

Exhibit 68 is an excerpt from the deposition of Mr. Wallace. This exhibit includes sensitive and confidential testimony relating to Street's engagements, prospective engagements, or alleged engagements for work unrelated to Street's engagement for Wayfarer and otherwise unrelated to the parties or issues in this litigation. This exhibit also includes Mr. Wallace's confidential information as to payment for legal services.

As above, courts in this Circuit and beyond routinely seal documents to protect both the privacy interests of third parties, as well as sensitive and non-public business information. *See United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995) (in balancing the considerations against the presumption of public access, "'the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.' . . . Such interests, while not always fitting comfortably under the rubric 'privacy,' are a venerable common law exception to the presumption

---

[13] The Wallace Non-Parties submit with this Motion redacted copies of Exhibits 63, 64, 65, and 66, as well as highlighted copies of the same filed under seal.

[14] The Wallace Non-Parties submit with this Motion a redacted copy of Exhibit 68, as well as a highlighted copy of Exhibit 68 filed under seal.

of access." (quoting *Application of Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1990))); *In re B & C KB Holding GmbH*, No. 22-MC-180, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) ("[C]ourts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information.").

And again, this Court recently confirmed in *Lively v. Wayfarer Studios LLC*, Case No. 1:24-cv-10049-LJL (S.D.N.Y. Nov. 26, 2025) that "information revealing the specific identity of clients and prospective clients who have used public-relations services is sufficiently sensitive to warrant continued sealing." (Dkt. 1027 at 5.) That is because "[t]hese individuals are 'innocent third parties'" whose "expectation of privacy in their use of such services is substantial." (*Id.*) Thus, this Court previously ordered that "[i]nformation revealing the identity of the non-party clients and prospective clients may be maintained under seal." (*Id.*)

The Wallace Non-Parties respectfully request that the Court maintain under seal the identified portions of Exhibit 68, as well as the portions of Lively's Reply referring thereto. (*See, e.g.*, Dkt. 1096 at 9.)

Respectfully submitted,

*/s/ Joel R. Glover*
Charles L. Babcock
SDNY #5451117
Joel R. Glover
SDNY #5697487
Tori C. Emery (admitted *pro hac vice*)
JACKSON WALKER LLP
1401 McKinney, Suite 1900
Houston, TX 77010
(713) 752-4200
cbabcock@jw.com
jglover@jw.com
temery@jw.com

cc: all counsel of record (via ECF)

9