**Hecker Fink LLP**

NEW YORK | WASHINGTON, DC | LOS ANGELES

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.HECKERFINK.COM

scrowley@heckerfink.com

January 5, 2026

**BY CM/ECF**

The Honorable Lewis J. Liman
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan United States
Courthouse
500 Pearl Street, Room 1620
New York, New York 10007

          Re:    *Lively v. Wayfarer Studios LLC, et al.*, No. 24-cv-10049 (LJL)

Dear Judge Liman:

      We represent non-party Family Hive LLC ("Family Hive"). We write pursuant to Rule 4.b in Attachment A of Your Honor's Individual Rules, and pursuant to the Court's November 20, 2025 and December 19, 2025 Orders (ECF Nos. 998, 1134), to move to seal certain information filed by the parties in connection with summary judgment. Specifically, Family Hive moves to seal portions of: (1) Family Hive's 30(b)(6) excerpted deposition transcript;[1] (2) the Expert Report of Jeffrey H. Kinrich;[2] and (3) the Expert Report of Dina Mayzlin.[3] Family Hive also moves to permanently seal any redactions in the parties' briefing that cite to or quote from the redacted material in these exhibits.[4] The Wayfarer Parties oppose this request, and Lively takes no position on this request.

      These exhibits include sensitive business information that could competitively harm Family Hive if disclosed and private information of third parties unconnected to this action. In determining whether to grant a motion to seal, courts consider "(1) whether the record at issue is a judicial document; (2) the weight of the presumption of access to the judicial document; and (3) whether there exist countervailing factors that weigh against the presumption of access." *In re Turquoise Hill Res. Ltd. Secs. Litig.*, 2024 WL 81438, at *1 (S.D.N.Y. Jan. 8, 2024) (Liman, J.). To qualify as a judicial document, "the item filed must be relevant to the performance of the

---

[1] Filed as Exhibit 273 (ECF No. 954-269) to the Wayfarer Parties' November 13, 2025 Motion for Summary Judgment ("Wayfarer Motion") and Exhibit 87 (ECF No. 1063-87) to Blake Lively's December 3, 2025 Opposition to the Motion for Summary Judgment ("Lively Opposition").

[2] Filed as Exhibit 266 (ECF No. 1071-116) to the Lively Opposition.

[3] Filed as Exhibit 267 (ECF No. 1071-117) to the Lively Opposition.

[4] Copies of proposed redactions to these exhibits have been filed under seal. Family Hive has not publicly filed redacted copies of these exhibits so as not to inadvertently disclose information that other non-parties may seek to maintain under seal.

judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). While documents submitted in connection with summary judgment briefing may be judicial documents, any presumption of access is significantly weaker where the information is not relevant to the Court's ruling on the motion. *See Collado v. City of New York*, 193 F. Supp. 3d 286, 291-92 (S.D.N.Y. 2016) (granting motion to seal material that was "irrelevant" to summary judgment); *see also Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018) (sealing appropriate where material to be redacted "did not go to the core of the judicial function, and the proposed redactions are limited and narrowly tailored"). Further, sealing of judicial documents is justified by "specific, on-the-record findings that sealing is necessary to preserve higher values" where the "sealing order is narrowly tailored to achieve that aim." *Lively v. Wayfarer Studios LLC*, 2025 WL 2841212, at *2 (S.D.N.Y. Oct. 6, 2025) (Liman, J.). These "higher values" "include personal privacy interests . . . and the protection of competitively sensitive business information." *Nielson Consumer LLC v. Circana Grp., L.P.*, 2024 WL 3887152, at *2 (S.D.N.Y. Aug. 20, 2024).

I. **Family Hive 30(b)(6) Deposition Transcript Excerpts (Wayfarer Motion Ex. 273; Lively Opposition Ex. 87)**

Family Hive seeks to maintain limited portions of the September 29, 2025 Family Hive deposition under seal. These limited redactions would protect from public access (1) specific nonpublic sales information about Family Hive's products (Ex. 273 at 137; Ex. 87 at 137-138); and (2) descriptions of ongoing recent conversations with existing and potential business partners (Ex. 87 at 178-181). This information is at most relevant only to the amount of damages and tangential to the vast majority of the liability issues being briefed: this information is not at the "core" of the summary judgment issues before the Court. *Dependable Sales*, 311 F. Supp. 3d at 666; *see Lively v. Wayfarer Studios LLC*, 2025 WL 3295147, at *3 (S.D.N.Y. Nov. 26, 2025) (Liman, J.) (material can be sealed when it "has no bearing on the merits of the motions").

The information Family Hive seeks to redact is "still . . . relevant to the business" because it describes specific recent sales data and business discussions. *Turquoise Hill*, 2024 WL 81438, at *2. If this information were revealed, it could harm Family Hive's ongoing business by revealing information about its operations and ongoing and proposed relationships to Family Hive's competitors. *Id.*; *see Lexington Furniture Indus., Inc. v. Lexington Co., AB*, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021) (granting motion to seal "specific, non-public financial statements, sales information and customer lists" the disclosure of which could "advantage Movants' competitors and harm their business"). The proposed redactions are also "narrowly tailored to cover only the commercially sensitive information that could lead to competitive disadvantage if disclosed." *Nielson*, 2024 WL 3887152, at *3. The Court has allowed the continued sealing of similar information in this action. *See, e.g.*, *Lively v. Wayfarer Studios LLC*, 2025 WL 2351013, at *2 (S.D.N.Y. Aug. 13, 2025) (Liman, J.) (granting motion to seal information "relating to undisclosed business plans, affairs, and relationships").

Further, the "privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *Lively*, 2025 WL 3295147, at *3 (citation omitted). The material that Family Hive (itself a non-party to this action) seeks to maintain under seal in these transcript excerpts includes the identities of specific business partners and potential business partners who are wholly unconnected to the litigation. The privacy interests of these third parties "weigh heavily" in the

court's analysis of this sealing request and militate in favor of continued sealing of information that would unnecessarily reveal their own business negotiations. *See id.* (granting motion to seal "information revealing the specific identity of clients and prospective clients who have used public-relations services"); *Nielson*, 2024 WL 3887152, at *3 (granting motion to seal transcript: proposed redactions were limited to protect identity of non-party).

## II.   Kinrich Expert Report (Ex. 266 to Lively Opposition)

The Kinrich Report also includes specific sales data for Family Hive's products and descriptions of Family Hive's ongoing discussions with potential business partners (including a quotation of the same transcript excerpts that Family Hive is seeking to keep under seal, *see* p. 26 n.100). This information is specific, relevant to the business, and could competitively harm Family Hive if it was revealed. *See supra* § I.

The Kinrich Report further includes extensive discussion of Family Hive's operative business plan and its future plans to inject additional capital into the business. The report in particular details Family Hive's five-year business plan and future marketing plans (at 2, 11, 16-26) and includes detailed sales information, financial projections, income statements, and balance sheets for Family Hive (at 6, 35, Backup Ex. 1.A-C, 3.A-B, and App'x C.1-C.5). This specific and detailed information about Family Hive's ongoing operations is largely irrelevant to the liability issues being litigated at summary judgment. *Lively*, 2025 WL 3295147, at *3; *see supra* § I. But this information is commercially sensitive and would disadvantage Family Hive if competitors were to learn of its past and future plans and projections for the company. *See Lively*, 2025 WL 2351013, at *2; *Mercantile Glob. Holdings, Inc. v. Hamilton M&A Fund, SP*, 2024 WL 1974276, at *1 (S.D.N.Y. May 3, 2024) (granting motion to seal "business plans, detailed financial information, and financial projections").[5]

## III.   Mayzlin Expert Report (Ex. 267 to Lively Opposition)

The Mayzlin Report, like the 30(b)(6) deposition transcript excerpts and the Kinrich Report, includes specific sales data about Family Hive's products (at 92-94). The limited proposed redactions to the Report are justified to prevent disclosure of this sensitive, confidential business information. *See Nielson*, 2024 WL 3887152, at *3; *Lexington Furniture*, 2021 WL 1143694, at *2; *supra* §§ I-II.

\*     \*     \*

Family Hive respectfully requests that the Court grant this request and order the continued sealing and redaction of Exhibit 273 to the Wayfarer Motion and Exhibits 87, 266, and 277 to the Lively Opposition, as well as all quotations of this redacted material in the parties' briefing.

---

[5] The Kinrich Report also includes the name and title of a non-party individual who had prepared a particular presentation for Family Hive. *See* Kinrich Rep. at 25 n.95. Redaction of this individual's name and title is warranted to protect their privacy interests, particularly because the identity of the person who created this document is irrelevant to the summary judgment issues. *Lively*, 2025 WL 3295147, at *3; *Nielson*, 2024 WL 3887152, at *3.

Hecker Fink LLP

4

        Respectfully submitted,

        */s/ Shawn G. Crowley*

        Shawn G. Crowley
        Amanda J. Mayo
        Hecker Fink LLP
        350 Fifth Avenue, 63rd Floor
        New York, NY 10118
        212-763-0883
        scrowley@heckerfink.com
        amayo@heckerfink.com

        *Attorneys for Family Hive, LLC*

cc: Attorneys of Record (via CM/ECF)