

**Maxwell Breed**

Direct Tel: (212) 326-0113
mbreed@pryorcashman.com

January 5, 2026

**VIA ECF**

Hon. Lewis J. Liman
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

   Re: *Jones et al. v. Abel et al.*, No. 1:25-cv-00779-LJL
     *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL

Dear Judge Liman:

  On behalf of non-parties Ms. Katherine Case and Ms. Breanna Butler Koslow, we respectfully request that the Court order the continued sealing of certain confidential, personal, and nonpublic information contained in exhibits filed in connection with the Wayfarer Parties' Motion for Summary Judgment, Ms. Lively's Opposition thereto, and the Jones Parties' Motion to Amend. Specifically, Ms. Case and Ms. Butler Koslow seek the sealing of portions of Wayfarer's Motion for Summary Judgment Exhibit Nos. 170 (KCASE 2654), 226 (KCASE 3857), 231 (KCASE 0728), 233 (KCASE 1093), 235 (KCASE 3354), 236 (BBKOSLOW 3330), and 259 (BBKOSLOW 5795), Ms. Lively's Opposition Exhibit Nos. 59 (KCASE 2821), 60 (BBKOSLOW 1024), 61 (KCASE 4756), 64 (KCASE 3354), 192 (KCASE 5073), 194 (KCASE 570), 244 (KCASE 0728), and the Jones Parties' Motion to Amend Exhibit Nos. 11 and 13 (KCASE 4949).[1]

  The Court has previously granted similar requests to seal comparable materials in these actions (Lively Dkt. 699). Ms. Case and Ms. Butler Koslow seek the same now.

  Courts evaluate sealing applications by weighing the strong presumption of public access against countervailing interests that may warrant limited disclosure. *Lugosch v. Pyramid Co. of*

---

[1] Certain exhibits have been multiplied across the parties' filings. To limit cluttering the document, each unique document is only referenced in this Letter Motion once. But, for the avoidance of doubt, Ms. Case and Ms. Butler Koslow seek the sealing of all duplicate filings of the exhibits listed above.



Hon. Lewis J. Liman
January 5, 2026
Page 2

*Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Such interests encompass the substantial privacy concerns of individuals or entities whose confidential business information, if disclosed, could result in competitive or reputational harm. *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 154–55 (S.D.N.Y. 2015). Where these considerations outweigh any public benefit attendant to disclosure, sealing is warranted. *Matter of Upper Brook Cos.*, No. 22-MC-97 (PKC), 2023 WL 172003, at *1 (S.D.N.Y. Jan. 12, 2023). Courts in this District routinely grant sealing requests for materials designated as confidential in discovery. *In re Keurig Green Mt. Single-Serve Coffee Antitrust Litig.*, No. 14-mc-2542, 2023 WL 196134, at *12 (S.D.N.Y. Jan. 17, 2023).

As the Court is aware, Ms. Case and Ms. Butler Koslow conducted crisis-management work as employees for The Agency Group PR LLC ("TAG"). Throughout working days, Ms. Case, Ms. Butler Koslow, and others at TAG would communicate by text. The frequent text message conversations between TAG employees would cover numerous matters and multiple clients and would include discussion of ongoing work of a highly private, sensitive nature for TAG's clients.

Ms. Case and Ms. Butler Koslow seek to maintain sealing of the portions of the above-referenced exhibits that relate to work for non-party clients—work that has no bearing on any facts at issue. Each of the above-referenced exhibits contains significant sensitive, non-public information regarding the work Ms. Case and Ms. Butler Koslow performed for TAG clients. Because this information does not bear on the pending motions (or on any issues relevant to these disputes), it is not juridical in nature and thus is not afforded the presumption of public access.

Further, there are significant countervailing factors weighing against the unsealing of this information. The privacy and confidentiality interests of the non-party TAG clients are substantial and decisively outweigh any marginal public interest in disclosure. Even the fact that any given non-party retained TAG for crisis public relations work could cause significant reputational harm to those non-parties and to TAG. And, as to Ms. Case and Ms. Butler Koslow, public disclosure of this information could damage their relationships with current and former clients and could undermine the trust and confidence that are fundamental to the work they performed for their clients.

We therefore respectfully request that the Court seal the specified portions of Wayfarer's Motion for Summary Judgment Exhibit Nos. 170, 226, 231, 235, 236, and 259, Ms. Lively's Opposition Exhibit Nos. 59, 60, 61, 64, 192, 194, and 224, and Jones Parties' Motion to Amend Exhibit Nos. 11 and 13 (and those same exhibit portions wherever else filed on the docket).



Hon. Lewis J. Liman
January 5, 2026
Page 3

                                                Respectfully submitted,

                                                Maxwell Breed