

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880 | fax: 212-202-6417
www.shapiroarato.com

Alexandra A.E. Shapiro
ashapiro@shapiroarato.com
Direct: 212-257-4881

January 5, 2026

VIA ECF

The Honorable Lewis J. Liman
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl St., Room 1620
New York, NY 10007

      Re:    *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL

Dear Judge Liman:

      The Wayfarer Parties (Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Jennifer Abel, Melissa Nathan, and TAG) respectfully move to seal certain exhibits and related textual references in the summary judgment and spoliation submissions. Given the volume of material, the Wayfarer Parties will provide highlighted versions of the documents at issue to the Court via email.

      In view of the strong presumption against sealing summary judgment materials and sanctions motions (Dkt. 1027 (Court's Nov. 26, 2025 Order reciting case law)), the Wayfarer Parties have limited their sealing requests to certain narrowly tailored categories, the bulk of which Lively and Jonesworks do not object to:

Personal Identifying Information: All parties agree that documents should be redacted to the extent they reveal personal identifying information, including cell phone numbers, email addresses, home addresses, or financial accounts.

Non-Party Information: The Wayfarer Parties seek to redact documents to the extent they disclose the identity of non-party clients of TAG, Jennifer Abel, Jonesworks, or work done on those clients' behalf: Pl. MSJ Exs. 58-61, 64, 188, 190, 191, 208, 209, 212, 215-17, 221-24, 247, 299; Def. MSJ Exs. 170, 213, 226, 231, 235, 259; Jones MSJ Opp. Exs. 18, 23, 26, 33, 36, 37, 38, 39, 40, 42, 43, 45, 46, 49, 52, 53, 60; Def. Opp. to Lively's Spoliation Mot. Ex. 58; Lively's Spoliation Reply, Ex. 68. This Court has already held that "the specific identity of clients and prospective clients who have used public-relations services is sufficiently sensitive to warrant continued sealing." Dkt. 1027 at 5 (citing, *inter alia*, *PharmacyChecker.com LLC v. Nat'l Ass'n of Bds. Of Pharmacy*, 2022 WL 4956050, at *3 (S.D.N.Y. Aug. 26, 2022); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015); and *Cohen v. Gerson Lehrman Grp., Inc.*, 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011)). The materials the Wayfarer Parties seek to seal would disclose work done for non-parties that is subject to confidentiality agreements with those clients. It is highly sensitive and wholly irrelevant to

Hon. Lewis J. Liman
January 5, 2026

anything at issue in these motions and was included only coincidentally in documents discussing other topics. In particular, unlike the Wallace Parties, there is no argument that the types of work Abel and Nathan do for other clients has any relevance here, as no one is disputing that Abel and Nathan can and do provide PR services.

Jonesworks does not object to these requests, and indeed, seeks to seal substantially similar information concerning other Jonesworks clients. We understand that Lively may object to some of these proposed redactions, because the fact that some of these clients have worked with TAG or Nathan has been publicly disclosed in the media; however, the timing and nature of that work has not. *See Cohen*, 2011 WL 4336679, at *2 (sealing "details as to the projects" for which clients retained a consultant-party). Moreover, we understand that Lively does not intend to object to any of the client-related redactions concerning the Jonesworks clients, apparently recognizing that such information is typically sealed. But the principle of client privacy does not apply only to parties Lively wishes to shield—Nathan, Abel, and TAG's clients are entitled to the same protections.

In addition, the Wayfarer Parties seek to redact a document to the extent that it discloses the identity of an individual who was subject to an unrelated workplace complaint at Wayfarer (Pl. MSJ Ex. 3 at 149:13-21; Pl. MSJ 4 at 107:5-17). "Courts have generally characterized personnel files as confidential and found it appropriate to enter protective orders governing their use in litigation because of the inherent potential for harm or embarrassment if the information they contain is revealed." *Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 72-73 (S.D.N.Y. 2010 (collecting cases); *accord Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 566 (S.D.N.Y. 2013) ("[D]isclosure of personnel files, which can include confidential information, is generally subject to a protective order."). Such protections are especially appropriate here, where the individual in question has nothing to do with this litigation, much less the pending motions. This individual has not been identified by any party as a witness and has not been deposed. And the disclosure of complaints against that person could cause substantial personal and professional harm. Jonesworks does not object. We understand Lively may object.

Finally, the Wayfarer Parties seek to redact a document to the extent that it discloses the identity and contact information of non-parties who have offered unrelated hotel services to Defendants (Def. MSJ Ex. 188). Given the public scrutiny of this case, the privacy of these irrelevant parties should be protected. *See Amodeo*, 71 F.3d at 1050. Lively and Jonesworks do not object to this request.

<u>Non-Public Medical Information</u>:  In the November 26 Order, this Court observed that "medical records and details regarding healthcare" are also typically considered sufficiently sensitive to merit sealing. Dkt. 1027 at 3 (citing *United States ex rel. Aharon v. Nuvance Health*, 2025 WL 2778319, at *10 (S.D.N.Y. Sept. 30, 2025)). The Wayfarer Parties accordingly seek to redact certain parties' personal and irrelevant medical information:  Pl. MSJ Exs. 47, 224; Def. MSJ Exs. 231, 235. Lively and Jonesworks do not object to this request.

<u>Non-Public Business And Financial Information</u>:  In the November 26 Order, this Court observed that "undisclosed financial information such as compensation," as well as "confidential commercial information" are both also proper subjects for sealing where the information "has no

Hon. Lewis J. Liman
January 5, 2026

bearing on any issue in this case and [] would cause substantial harm to a party or non-party's competitive business." Dkt. 1027 at 3-4, 7 (citing *Metcalf v. TransPerfect Translations Int'l Inc.*, 2025 WL 1870887, at *2 (S.D.N.Y. July 7, 2025) and *Spencer-Smith v. Ehrlich*, 2025 WL 1115019, at *2 (S.D.N.Y. Apr. 15, 2025)); *see also id.* at 6 (collecting additional cases).

Consistent with those principles, the Wayfarer Parties seek to redact the financial details of the film's profits (Pl. MSJ Exs. 81-83); the daily pay rate of an actor on set (Pl. MSJ Ex. 292); and some aspects of Liner Freedman's retainer agreement (Pl. MSJ Ex. 246; Jonesworks MSJ Opp. Ex. 76; Defs.' Opp to Lively's Spoliation Mot. Ex. 44; Defs.' Opp to Jonesworks Spoliation Mot. Ex. 55; Lively's Spoliation Reply Ex. 67). Each of these items could be valuable to a competitor or negotiating counterparty, and none has any bearing on anything at issue in the litigation or the pending motions. Lively and Jonesworks do not object to these requests.

The Wayfarer Parties also seek to redact information concerning the specific financial amounts Abel's new public relations firm (non-party RWA Communications) charged Wayfarer in October 2024 for services not at issue herein (Pl. MSJ. Ex. 280); and the generic terms of TAG's statement of work (Def. MSJ Ex. 167). This information, too, is competitively sensitive and irrelevant to the pending motions. Jonesworks does not object; however, we understand Lively may do so.

The Wayfarer Parties also seek to redact references to other, unrelated Wayfarer projects (Pl. MSJ Ex. 90). In addition to being competitively sensitive, such information has no relationship to the subject matter of the case whatsoever and can therefore have no bearing on the motion at hand. *See infra*. Lively and Jonesworks do not object to this request.

<u>Wholly Irrelevant, Personal/Inflammatory Information</u>: As the Court stated in the November 26 Order, notwithstanding the strong presumption of public access to dispositive motions, materials that evidently "have no relevance to the judicial function may be sealed." Dkt. 1027 at 4 (quoting *Robinson v. De Niro*, 2023 WL 3728350, at *3 (S.D.N.Y. May 26, 2023); *S.E.C. v. Ripple Labs, Inc.*, 2023 WL 3477552, at *3 (S.D.N.Y. May 16, 2023)).

The Wayfarer Parties accordingly seek to seal personal communications about a TAG employee and her family (Def. MSJ Ex. 259) and non-party messages that could be misinterpreted as inflammatory insofar as it plays into harmful stereotypes (Pl. MSJ Ex. 59), as well as a log of Ms. Abel's phone calls (Jonesworks MSJ Ex. 44). Lively and Jonesworks do not object to these requests.

Finally, the Wayfarer Parties propose to remove Wayfarer Ex. 163 from the docket. This 400-plus-page document includes a considerable amount of personal information, and was attached to the opening motion in error. It was replaced with a corrected exhibit. *See* Dkt. 1117.

Hon. Lewis J. Liman
January 5, 2026

                                        Respectfully submitted,

                                        <u>/s/ Alexandra A.E. Shapiro</u>
                                        Alexandra A.E. Shapiro
                                        Jonathan P. Bach
                                        Alice Buttrick
                                        SHAPIRO ARATO BACH LLP
                                        1140 Avenue of the Americas, 17th Floor
                                        New York, New York 10036
                                        (212) 257-4880
                                        ashapiro@shapiroarato.com
                                        jbach@shapiroarato.com
                                        abuttrick@shapiroarato.com

                                        *Attorneys for the Wayfarer Parties*

cc:      All counsel (by ECF)