# WILLKIE FARR & GALLAGHER LLP

2029 Century Park East
Los Angeles, CA 90067-2905
Tel: 310 855 3000
Fax: 310 855 3099

January 5, 2026

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049 (LJL)

Dear Judge Liman:

On behalf of Blake Lively, we write pursuant to the Court's December 19, 2025 Order (Dkt. No. 1134), Rule 2(H)(ii), and Rule 1 of Attachment A to Your Honor's Individual Rules to respectfully request the unsealing of the record and documents filed under seal in connection with Ms. Lively's and Mr. Reynolds's (the "Lively Parties") motions for sanctions pursuant to Rule 11, the Wayfarer Defendants'[1] Motion for Summary Judgment ("MSJ"), and Ms. Lively's opposition to the MSJ; except with respect to narrow information that was designated "Confidential" and/or "Attorneys' Eyes Only" by parties or third-parties pursuant to the operative protective order (Dkt. No. 125).[2] Specifically, Ms. Lively requests that the Court continue to seal specified information from: (i) Exhibits A–F and I to the Declaration of Bryan Freedman in support of the Wayfarer Defendants' opposition to the Lively Parties' Motion for Leave to Supplement Motion for Sanctions ("Freedman Declaration");[3] (ii) Exhibits 42, 45, 47-48, 53, 87, 95, 102, 133–37, 146, 148–49, 205, 207, and 210–11 to the Declaration of Alexandra A.E. Shapiro in Support of the MSJ ("Shapiro Declaration");[4] and (iii) Exhibits 18, 19, 22, 33, 81–85, 95, 104, 106, 108, 112, 114, 135, 137, and 152 to the Declarations of Michael J. Gottlieb in Support of Ms. Lively's Opposition to the MSJ[5] ("Gottlieb Declarations").[6] Ms. Lively respectfully requests that the materials remain under seal because they (i) ***implicate third parties' privacy interests***; and/or (ii) ***contain nondisclosed financial and commercial information***.[7]

---

[1] The "Wayfarer Defendants" shall refer to Justin Baldoni, Jamey Heath, Steve Sarowitz, Wayfarer Studios LLC ("Wayfarer"), It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel.

[2] To facilitate the public's prompt access of documents that are not subject to this or any other motion for continued sealing, Ms. Lively and Jonesworks LLC have agreed to jointly file all uncontested exhibits on the docket by January 16, 2026.

[3] The Wayfarer Defendants filed these exhibits under seal at Dkt. Nos. 981-1–6 and 981-9.

[4] The Wayfarer Defendants filed these exhibits under seal at Dkt. Nos. 954-42, 954-45, 954-47, 954-48, 954-53, 954-86, 954-94, 954-101, 954-129-33, 954-142, 954-144-45, 954-201, 954-206-07.

[5] Ms. Lively filed these exhibits under seal at Dkt. Nos. 1063-18, 1063-19, 1063-22, 1063-33, 1063-81–85, 1063-95, 1063-104, 1063-106, 1063-108, 1063-112, 1063-114, 1063-135, 1063-137, 1071-1, 1071-2, 1071-55–57.

[6] As set forth herein, third party Mr. Reynolds respectfully joins Ms. Lively's limited requests to partially seal Dkt. No. 981-1, and fully seal Dkt. Nos. 983-2–9, 954-145, 954-201, 954-202, 954-203, 954-206, 954-207.

[7] Unless otherwise stated herein, Ms. Lively seeks permission to redact only limited portions of these materials, as indicated by yellow highlighting in Exs. A (relevant Gottlieb Declarations exhibits), B (relevant Shapiro Declaration exhibits) and C (relevant Freedman Declaration exhibit) to the accompanying Declaration of Kristin Bender ("Decl." or "Declaration"). Ms. Lively also respectfully submits herewith a corrected copy of Pl. MSJ Ex. 285 (Dkt. No. 1071-135, Ex. 285), which is attached as Exhibit D to the Declaration. Ex. 285 is an October 13, 2023 text chain between Ms. Lively and a third party that Ms. Lively produced during discovery with redactions to protect the third party's private, non-responsive information, but,

*Privacy Interests of Third Parties*. Courts in this Circuit routinely seal documents to protect the privacy interests of third parties. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (when determining whether to seal documents, "the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation") (quoting *In re Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1990)); *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, 2020 WL 3264264, at *6 (S.D.N.Y. June 17, 2020) ("non-party privacy interests are a legitimate countervailing factor to be considered against the public's right of access."). "Courts have long declined to allow public access simply to cater 'to a morbid craving for that which is sensational and impure.'" *Amodeo*, 71 F.3d at 1051 (citations omitted).

Ms. Lively's narrowly tailored requests seek to seal (i) limited, confidential communications strictly between third parties, *see* Pl. MSJ Exs.[8] 18, 19, Def. MSJ Exs. 149, 205–207, 210–211, Def. Supp. Exs.[9] B–F, I; (ii) limited communications with or about third parties who lack any substantial connection to *It Ends With Us* (the "Film") and/or this litigation, *see* Pl. MSJ Exs. 22, 95, 104, 106, 108, 112, 114, 137, 152, Def. MSJ Exs.[10] 42, 45, 47, 48, 53, 89, 95, 102, 133–37, 146, 148; Def Supp. Ex. A, and (iii) testimony disclosing a third party's medical condition, *see* Pl. MSJ Ex. 87. The documents in each of these categories implicate the privacy interests of third parties and should therefore be sealed.

*First*, of the **940 exhibits** subject to the parties' pending motions, Ms. Lively requests only that **eight** communications between third parties remain under seal in their entirety, and that **three** third-party communications be unsealed except for Ms. Lively's proposed, limited redactions. Private communications between third party Ryan Reynolds and his talent agents (Def. MSJ Exs. 149, 205, 207, 210–11 and Def. Supp. Exs. B–F, I) are appropriately subject to sealing to protect third-party privacy interests.[11] Mr. Reynolds was named as a defendant in the Wayfarer Defendants' now-dismissed litigation, but he is neither a party to this litigation, nor has he substantially participated in it. Decl. ¶ 3. Indeed, the Wayfarer Defendants did not even depose Mr. Reynolds in this litigation, even though he offered to make himself available. Decl. ¶ 4. He "did not ask to be involved in this lawsuit," *Desarrolladora La Ribera, S. de R.L. de C.V. v. Anderson*, 2024 WL 2049413, at *3 (S.D.N.Y. May 6, 2024), and disclosure of his communications would do nothing more than cater to the "craving for that which is sensational"—material to which courts have "long declined to allow public access." *Amodeo*, 71 F.3d at 1051. The communications should be sealed in their entirety. *See Fairstein v. Netflix, Inc.*, 2023 WL 6164293, at *7 (S.D.N.Y. Sept. 21, 2023) (directing sealing of third party's name and the substance of her communications). Certain communications between crew members also implicate third-party privacy interests, *see* Pl. MSJ Exs. 18, 19, and Ms. Lively requests continued partial sealing on that basis. Ex. A at 2–11.

*Second*, Ms. Lively seeks to shield from disclosure the names and identifying information of third parties with or about whom she has communicated who have not been subject to discovery in this

---

due to a clerical error, inadvertently filed in its native, unredacted form. Ms. Lively hereby requests that the Court replace Ex. 285 in its records, which Ms. Lively will file with any unsealed exhibits following the Court's sealing determinations.

[8] "Pl. MSJ Ex." shall refer to exhibits affixed to the Gottlieb Declarations.

[9] "Def. Supp. Ex." shall refer to exhibits affixed to the Freedman Declaration.

[10] "Def. MSJ Ex." shall refer to exhibits affixed to the Shapiro Declaration.

[11] Pl. MSJ Exs. 205 and 211 should be sealed for the additional reason that they reflect private information about Mr. Reynolds's and Ms. Lively's family. *Id.* ("family affairs . . . will weigh more heavily against access than conduct affecting a substantial portion of the public.").

action, have little to no connection to the Film, and/or may lack any substantial involvement in the litigation, *see* Pl. MSJ Exs. 22, 95, 104, 106, 108, 112, 114, 137, 152, Def. MSJ Exs. 42, 45, 47, 48, 53, 89, 95, 102, 133–37, 146, 148.  Ex. A at 12–14, 31–55, 178–183; Ex. B at 2–18, 24–63.[12]  Release of the information subject to Ms. Lively's limited redactions may increase the risk of exposure—and, in the case of at least one third party, *continued* exposure—to harassment in the press and/or social media, and poses security, safety and privacy risks. Decl. ¶ 5. Protecting the physical safety of third parties is a "higher value" that warrants continued sealing. Dkt. No. 1027 at 3 (quoting *Courthouse News Serv. v. Corsones*, 131 F.4th 59, 68–69 (2d Cir. 2025)).[13]  Sealing is also appropriate because most of the implicated third parties are actors who were considered for but not cast in the Film. *Fairstein*, 2023 WL 6164293, at \*4 (redacting names of third parties considered for but not cast in Netflix miniseries).

*Third*, Ms. Lively seeks partial sealing of deposition testimony referencing a third party's medical information. Ex. B at 19–23 (Def. MSJ Ex. 87). The interest in shielding health information from public disclosure routinely outweighs the presumption of judicial access, *United States ex rel. Aharon v. Nuvance Health*, 2025 WL 2778319, at \*10 (S.D.N.Y. Sep. 30, 2025) (citing cases).[14]

**Nondisclosed Financial and Commercial Information**. As this Court has recognized, nondisclosed financial information, including "financial information such as compensation," is sufficiently sensitive to overcome the presumption of public access. Dkt. No. 1027 at 3–4 (quoting *Metcalf v. TransPerfect Translations Int'l Inc.*, 2025 WL 1870887, at \*2 (S.D.N.Y. July 7, 2025)). This is precisely the type of information that Ms. Lively seeks to maintain fully under seal in Pl. MSJ Exs. 81–85, and partially under seal in Pl. MSJ Exs. 33 and 135.[15] Ms. Lively seeks to maintain under seal detailed financials concerning the Film's profits, including but not limited to residuals, distribution fees, and trade dues, as applicable (Pl. MSJ Exs. 81–83), related payments issued to Ms. Lively (Pl. MSJ Exs. 84–85), the form of Ms. Lively's earned compensation on a separate film (Pl. MSJ Ex. 33), and the typical payment rate of a non-party crew member disclosed in the context of confidential job negotiations (Pl. MSJ Ex. 135). Disclosure of such financial information—which has no bearing on the pending motions—risks imposing financial, business and commercial harm to Ms. Lively and others not party to this litigation. Ms. Lively therefore requests that the Court maintain Pl. MSJ Exs. 81–85 fully under seal, and partially seal Pl. MSJ Exs. 33 and 135. *See* Ex. A at 15–30, 56–173.

This Court has observed that "confidential commercial information" is likewise sufficiently sensitive to shield from public disclosure. Dkt. No. 1027 at 4 (quoting *Spencer-Smith v. Ehrlich*, 2025 WL 1115019, at \*2 (S.D.N.Y. Apr. 15, 2025)). In addition to reflecting nondisclosed financial information, Pl. MSJ Exs. 84–85 reflect William Morris Endeavor Entertainment LLC's ("WME") commission rate. Disclosure of WME's confidential business information, such as commission rates it negotiates with high-profile clients such as Ms. Lively, risks harming the non-party agency's competitive standing. Ms. Lively thus requests that the Court maintain Pl. MSJ Exs. 84–85 fully under seal.

---

[12] The Wayfarer Defendants do not oppose and thus concede each of Ms. Lively's redactions to Pl. MSJ Exs. 22, 104, 106, 108, 112, 114, 152 and Def. MSJ Exs. 42, 53.  They do not oppose the majority of redactions on Def. MSJ Exs. 47, 48.

[13] Ms. Lively's narrow redactions do not deprive the Wayfarer Defendants of a fair opportunity to respond to the subject matter of the underlying communications, which also weighs in favor of sealing. *See Doe 1 v. JP Morgan Chase Bank, N.A.*, 742 F. Supp. 3d 387, 397–98 (S.D.N.Y. 2024).

[14] At this time, the Wayfarer Defendants do not oppose Ms. Lively's proposed redactions.

[15] The Wayfarer Defendants do not oppose and therefore consent to sealing of Pl. MSJ Exs. 33, 81–83, and 135.

Respectfully submitted,

/s/ Michael J. Gottlieb

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (admitted *pro hac vice*)
Stephanie A. Roeser (admitted *pro hac vice*)
Sarah E. Moses (admitted *pro hac vice*)
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
7 Times Sq.
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

DUNN ISAACSON RHEE LLP
Meryl C. Governski (admitted *pro hac vice*)
401 Ninth Street, NW
Washington, DC 20004
(202) 240-2900
mgovernski@dirllp.com


*Attorneys for Blake Lively*

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
2029 Century Park East
Los Angeles, CA 90067
(310) 855-3000
mgottlieb@willkie.com

Kristin E. Bender
1875 K Street NW
Washington, DC 20006
(202) 303-1000
kbender@willkie.com

Aaron E. Nathan
Michaela A. Connolly
Melissa Taustine
787 7th Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com
mconnolly@willkie.com
mtaustine@willkie.com