**PAUL HASTINGS**

1(310) 620-5725
susanleader@paulhastings.com

January 5, 2026

**VIA ECF**

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

**Re:** **Letter-Motion to Seal—*Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL**

Dear Judge Liman:

Pursuant to Rules 1.C., 2.H.ii., and Attachment A of Your Honor's Individual Practices in Civil Cases, non-party William Morris Endeavor Entertainment, LLC ("WME") respectfully requests that this Court order the continued sealing and redaction of certain confidential, personal, and nonpublic information contained in certain exhibits attached to Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel's (collectively, the "Wayfarer Parties") motion for summary judgment (Dkt. 952) and Blake Lively's opposition to the Wayfarer Parties' motion for summary judgment (Dkt. 1070). Both motions attach as exhibits materials that were produced by WME in discovery that were designated as "Confidential." WME's proposed redactions are available in Exhibits to this letter motion.[1]

**I.     Standard**

In determining whether sealing is appropriate, courts in the Second Circuit apply a three-part test described in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). First, courts determine whether the documents at issue are, in fact, "judicial documents" to which the "presumption of access attaches," meaning that the documents are "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119 (citation omitted). Second, if the documents at issue are judicial documents, then courts "determine the weight of that presumption" of access, which varies based on the document's importance to the

---

[1] Pursuant to this Court's August 12, 2025 Order (Dkt. 619), the parties will redact all personally identifying information ("PII") in the form of personal phone numbers or email addresses associated with WME contained in exhibits to the Wayfarer Parties' motion for summary judgment and in Ms. Lively's opposition motion.



Hon. Lewis J. Liman
January 5, 2026
Page 2

judicial function and its value to those monitoring the federal courts. *Lugosch*, 435 F.3d at 199 (citation omitted). Third, courts balance competing considerations against the presumption of access, including the privacy interests of the person resisting disclosure. *Lugosch*, 435 F.3d at 120 (citation omitted); *see also United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995) (reiterating that "[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation"). Such interests establish "a venerable common law exception to the presumption of access." *Id.* at 1051.

## II. Non-Party WME's Privacy Interests Outweigh the Public's Interest in the Redacted Information

In evaluating non-party privacy interests, courts consider "both the degree to which the subject matter is traditionally considered private rather than public, as well as the nature and degree of the injury to which the party resisting disclosure would be subjected were the privacy interest not protected." *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) (cleaned up). The latter inquiry entails "consideration not only of the sensitivity of the information and the subject but also of how the person seeking access intends to use the information." *Id.* (citation omitted). For example, "courts have the power to insure that their records are not 'used to gratify private spite or promote public scandal,' and have 'refused to permit their files to serve as reservoirs of libelous statements for press consumption.'" *Amodeo*, 71 F.3d at 1051 (citation omitted).

Here, WME's privacy interests justify the requested redaction of certain private information in internal WME text messages. *See* Exs. A – C. The proposed redactions are narrowly tailored and seal only sensitive information that has, at best, minimal relevance to the Court's summary judgment decision. Notably, there is no evidence that the WME employees participating in the communications have any personal knowledge of what happened during the filming of *It Ends With Us* and, in fact, they did not. *See, e.g.*, Dkt. 963-138, Greenberg Dep. Tr. at 227:2-4 ("Q. So you don't have any personal knowledge whatsoever? A. No."). Instead, the basis of WME's knowledge in connection with the proposed redactions was statements and information conveyed to WME by Messrs. Baldoni and Heath, without independent verification or investigation by WME. Thus, WME requests to redact statements that merely advance second- and third-hand knowledge. Moreover, WME employees are agents and advocates for their clients, and the communications reflect advocacy based on information conveyed to such employees by their clients. As such, the proposed redactions constitute confidential communications, made in an advocate capacity, based on statements made by Messrs. Baldoni and Heath, which are not based on personal knowledge, and therefore offer no independent corroboration. Accordingly, the redactions are inadmissible hearsay and thus ought not to factor into this court's ruling on the summary judgment motions. *See LeClair v. Raymond*, No. 1:19-cv-0028 (BKS/DJS), 2021 WL 2682286, at *10 (N.D.N.Y. June 30, 2021) (stating hearsay evidence cannot be considered in resolving the pending summary judgment motions). The statements may, however, "gratify



private spite or promote public scandal" if published without redactions, which is exactly what this Circuit warned to avoid. *Amodeo*, 71 F.3d at 1051. Because the redacted material is "largely collateral to the factual and legal issues central to the resolution" of the Wayfarer Parties' motion for summary judgment, the weight of the presumption of public access is low. *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017); *see also Amodeo*, 71 F.3d at 1050 (stating the weight of the presumption is low "[w]here testimony or documents play only a negligible role in the performance of Article III duties").

WME's privacy interests are high as the redacted material is not already public. Specifically, the redacted communications involve Patrick Whitesell, Endeavor's then-Executive Chairman, who has had zero involvement in this litigation. Mr. Whitesell was not deposed, has not submitted a declaration, is not listed on the parties' initial disclosures, and is not mentioned in either the parties' pleadings or the parties' summary judgment papers. Given the minimal relevance of the redacted material and WME's privacy concerns, unsealing these communications will merely further "the media-driven nature of this case." Dkt. 848 at 4; *see also Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, No. 20 Civ. 10832 (AT), 2023 WL 3477552, at *9 (S.D.N.Y. May 16, 2023) (granting non-party's motion to seal summary judgment materials because the redacted identifying information was "*minimally relevant* to the Court's summary judgment decision, and the substantial interests in witness safety and judicial efficiency overcome the presumption of public access" (emphasis added)); *see also Oakley v. MSG Networks, Inc.*, 792 F.Supp.3d 394, 406-07 (S.D.N.Y. 2025) (granting non-party's motion to seal exhibit to spoliation motion given the email conversation therein was "*not relevant* to any disputed material issue here" (emphasis added)). Accordingly, WME's privacy and confidentiality interests substantially outweighs any minimal public access considerations. *See Sec. & Exch. Comm'n*, 2023 WL 3477552, at *9 (granting non-parties' motion to seal portions of the summary judgment materials where "the strong privacy interests of those resisting disclosure outweigh the presumption of public access").

WME thus respectfully requests that the Court permanently seal the specific portions of Exhibit 155 (Dkt. 954-151) and Exhibit 244 (Dkt. No. 954-240) to the Wayfarer Parties' motion for summary judgment and Exhibit 159 (Dkt. 1071-9) to Ms. Lively's opposition motion. Submitted herewith are redacted versions of Exhibits A – C.

Additionally, WME understands that Ms. Lively intends to file a separate motion for the continued sealing of confidential information contained in certain exhibits. Consistent with the privacy and relevancy grounds articulated above, WME joins in Ms. Lively's motion to the extent it seeks to seal confidential communications between WME employees and clients who are not party to this case. Specifically, WME joins in Ms. Lively's request to seal Exhibit 149 (Dkt. 954-145), Exhibit 205 (Dkt. 954-201), Exhibit 207 (Dkt. 954-203), Exhibit 210 (Dkt. 954-206) and Exhibit 211 (Dkt. 954-207) to the Wayfarer Parties' motion for summary judgment and Exhibit D (Dkt. 983-4) and Exhibit E (Dkt. 983-5) to the Wayfarer Parties' opposition to Ms. Lively's motion



Hon. Lewis J. Liman
January 5, 2026
Page 4

for Rule 11 sanctions. WME also joins Ms. Lively's motion to seal Exhibit 84 (Dkt. 1072-84) and Exhibit 85 (Dkt. 1072-85) to Ms. Lively's opposition to the Wayfarer Parties' motion summary judgment, as these documents reflect WME's commission rate. This information should remain under seal, or be redacted, because it is not relevant to any disputed material issue in this case.

Respectfully submitted,

*/s/ Susan K. Leader*
Susan K. Leader
PAUL HASTINGS LLP
1999 Avenue of the Stars, 27th Floor
Los Angeles, California 90067
Telephone: (310) 620-5700
Facsimile: (310) 620-2841
Email: susanleader@paulhastings.com

Sara N. Bricker
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Email: sarabricker@paulhastings.com

*Counsel for William Morris Endeavor Entertainment, LLC*


CC: Counsel of Record (via ECF)