

Kevin Fritz
*Partner*
Direct (212) 655-3570
kaf@msf-law.com

January 8, 2026

**VIA ECF**
Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

Re:   *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL

Dear Judge Liman:

On behalf of Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel (collectively, the "Wayfarer Parties"), we write in response to non-party Isabela Ferrer's motion to seal excerpts from the transcript of her deposition herein (the "Motion").[1] (Dkt. 1146).

Ms. Ferrer played the role of Young Lily Bloom in the film *It Ends With Us* (the "Film"). In opposing the Wayfarer Parties' summary judgment motion on her hostile work environment claim (and other claims), plaintiff Blake Lively relied heavily on Ms. Ferrer's alleged experiences on the set of the Film. (Dkt. 1064, p. 9, 10 n.8, 21, 38).  Thus, a strong presumption of public access applies to Ms. Ferrer's testimony on that subject.  Indeed, this Court correctly held in its November 26, 2025 order that the presumption of public access "is at its peak in the context of dispositive motions." (Dkt. 1027 at 3 (citing *Lohnn v. Int'l Bus. Machs. Corp.*, 2022 WL 36420, at *6 (S.D.N.Y. Jan. 4, 2022); *see also id.* at 6-7 (declining to seal documents that "go to the heart of [Lively's]…case")).

Ms. Ferrer nevertheless seeks to seal that testimony, stressing that she is "a non-party who did not voluntarily choose to become involved in this litigation" and (erroneously) implying that the Wayfarer Parties dragged her into this case in August 2025, when they sought to serve her via alternative means. (Dkt. 1146, p. 1 n.2). More accurately, in December 2024, Ms. Lively's initial pleadings complained about a scene in the Film involving Ms. Ferrer's portrayal of Young Lily. (Dkt. 1, ¶ 54). In March 2025, Ms. Lively issued a Subpoena to Ms. Ferrer to produce documents. (Dkt. 667-1). In June 2025, Ms. Lively served her Amended Initial Disclosures in which she identified Ms. Ferrer as someone with knowledge of matters relevant to Ms. Lively's claims of harassment and retaliation. (Dkt. 676-1, p. 9). The Court may recall that, given Ms. Ferrer's contention in August 2025 that she has been improperly "draw[n] … into litigation" (Dkt. 666, p. 1), the Wayfarer Parties offered to stipulate that *none of the parties* will use any communication

---

[1] In violation of Section 1 of Attachment A to Your Honor's Individual Rules, the Motion fails to provide a "separate explanation for *each and every* portion of the document sought to be redacted…."

to, from or concerning Ms. Ferrer, or any testimony from her, in any manner in this action. (Dkt. 677). Ms. Lively did not agree to such preclusion or any similar remedy. We reiterate our proposal.

Ms. Lively's Second Amended Complaint alleges that certain Wayfarer Parties created a "hostile work environment" in violation of federal and state employment laws by, among other purported incidents, filming a *simulated* sex scene in which Young Lily and her boyfriend (the character Atlas) lose their virginity, which moment Ms. Lively acknowledges is referenced in the book on which the Film is based. (Dkt. 520, ¶ 91). Furthermore, Ms. Lively's Amended Initial Disclosures state that Ms. Ferrer has information relating to "[t]he parties' alleged conduct; the sexually discriminating, harassing, and other inappropriate or unwelcome actions, conduct, or comments made during production of the Film; complaints or discussions about the work environment or conduct on the set of the Film; the production, editing, cut, and creative process associated with the Film; efforts taken to market or promote the Film; publicity surrounding the Film; the retaliation campaign alleged by Ms. Lively." (Dkt. 676-1, p. 9).

The Motion contends that sealing is appropriate because, according to Ms. Ferrer, her deposition testimony contains "sensitive details regarding the filming of intimate, sexual scenes and the religious affiliation of another non-party who is not involved in this litigation…." (Dkt. 1146, p. 1). However, there are no "sensitive" details sufficient to overcome the strong presumption of public access to judicial documents at this stage. *See Lohnn*, 2022 WL 36420, at *6.

Ms. Ferrer's actions in the simulated sex scene at issue (as Young Lily) are already in the public domain because *the Film was widely distributed*. Moreover, Ms. Ferrer's deposition testimony does not contain any details, let alone (non-existent) graphic details, about the simulated sex scene in the physical sense. Instead, Ms. Ferrer testified about who was (or was not) present for rehearsals of the scene, whether she was (or was not) concerned about anything that occurred during such rehearsals, whether the scene was filmed (or not), and her comments to the Film's intimacy coordinator following the filming of the scene. (Dkt. 963-74, Dkt. 1072-10). Remarkably, after Ms. Ferrer completed her work on the Film, she expressed her gratitude to Mr. Baldoni, stating that she had "an incredible experience" and praised him for creating "a comfortable, safe space" for her. (Dkt. 50-1, p. 46 – 47). Accordingly, Ms. Ferrer cannot legitimately contend that her testimony, concerning a scene that *Ms. Lively squarely placed at issue herein* (Dkt. 520, ¶ 91), is irrelevant to the Court's judicial function on a dispositive motion for summary judgment. (Dkt. 1027, p. 3 – 4). *See Lytle v. JPMorgan Chase*, 810 F.Supp.2d 616, 625 – 627 (S.D.N.Y. 2011) (denying motion to seal names of employees who were part of internal investigation of alleged workplace harassment and discrimination)

Ms. Ferrer's request to seal her testimony concerning "the religious affiliation of another non-party" is equally unwarranted. The testimony was provided by Ms. Ferrer upon questioning about the promotion of the Film and the participation (or non-participation) of certain individuals in such events. (Dkt. 963-74, at 272 – 276). The exclusion of Mr. Baldoni from promotion of the Film, who orchestrated his isolation, the purported "reasons" for those actions, and the public's negative reaction thereto are all relevant to disproving Ms. Lively's claim that the Wayfarer Parties engaged in a so-called retaliatory "smear campaign" against her. (Dkt. 960, p. 13). We note that the "non-party" referenced by Ms. Ferrer has not moved to seal any portion of his/her own deposition testimony which included the same topic of religious affiliation.

Although Ms. Ferrer claims that she "is particularly vulnerable to harassment and misuse" of her deposition testimony and at "risk of professional harm" because she is a working actress (Dkt. 1146, p. 1 – 2), she is not entitled to greater rights than any other fact witnesses in this case. (Dkt. 476, at 11:20 – 24). Furthermore, "it is well-settled that '[g]eneralized concern[s] of adverse publicity' and reputational injury – the only potential harms articulated in [the] letter-motion – cannot justify an order sealing a core judicial document." *Bronx Conservatory of Music, Inc. v. Kwoka*, 2021 WL 2850632, at *3 (S.D.N.Y. July 8, 2021) (quoting *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 169 (S.D.N.Y. 2018)).

Respectfully submitted,

/s/ Kevin Fritz
MEISTER SEELIG & FEIN PLLC
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@msf-law.com
       kaf@msf-law.com

LINER FREEDMAN TAITELMAN + COOLEY, LLP
Bryan J. Freedman (*pro hac vice*)
Ellyn S. Garofalo (*pro hac vice*)
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
       egarofalo@lftcllp.com

AHOURAIAN LAW
Mitra Ahouraian (*pro hac vice*)
2029 Century Park East
4th Floor
Los Angeles, CA 90067
(310) 376-7878
Email: mitra@ahouraianlaw.com

SHAPIRO ARATO BACH LLP
Alexandra A. E. Shapiro
Jonathan Bach
Alice Buttrick
1140 Avenue of the Americas, 17th Floor
New York, NY 10036
Tel: 212-257-4881
Email: ashapiro@shapiroarato.com
       jbach@shapiroarato.com
       abuttrick@shapiroarato.com