**LINER FREEDMAN TAITELMAN + COOLEY, LLP**
ATTORNEYS AT LAW

**1801 CENTURY PARK WEST, 5TH FLOOR**
**LOS ANGELES, CALIFORNIA 90067-6007**
TEL: (310) 201-0005
FAX: (310) 201-0045
E-MAIL: bfreedman@lftcllp.com

BRYAN J. FREEDMAN

January 12, 2026

*Via ECF*
Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

Re:   *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL

Dear Judge Liman:

On behalf of Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel (collectively, the "Wayfarer Parties"), we write in response to non-party Family Hive, LLC's ("Family Hive") motion to seal (the "Motion"). (Dkt. 1153).  As explained in their Motion for Summary Judgment, the Wayfarer Parties take the position that none of Family Hive's information has any relevance to Ms. Lively's claims because as a matter of law she lacks standing to seek damages for the company's lost profits or LOL HATA, LLC's lost royalties.  *Ali v. NYC Env't Control Bd.*, 670 F. App'x 26, 27 (2d Cir. 2016) ("[A]n LLC and its owner or members are not interchangeable for the purposes of standing," and "[a]n individual lacks standing to sue when the alleged injury is based on an injury to a corporate entity").  But although the Wayfarer Parties contend that none of the evidence Family Hive seeks to seal should be admissible at trial, future determinations of admissibility do not govern the sealing inquiry.  The Court has been asked to rely on the materials Family Hive now seeks to seal in determining the Wayfarer Parties' summary judgment motion.  For purposes of evaluating the Motion for Summary Judgment, the Court should not seal any documents that Ms. Lively produced and placed squarely at issue as the basis for her damages, especially when Family Hive cannot identify any competitive harm that might result from disclosure.

"The Supreme Court and Second Circuit have long held that there is a presumption of immediate public access to judicial documents under both the common law and the First Amendment."  *Lohnn v. Int'l Bus. Machines Corp.*, 2022 WL 36420, at *6 (S.D.N.Y. Jan. 4, 2022). "[T]he presumption of public access is at its highest when the material is relevant to a court's decision on a dispositive motion, such as a motion for summary judgment."  *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2023 WL 3477552, at *1 (S.D.N.Y. May 16, 2023); Dkt. No. 1027.  Where the presumption applies, "continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing

Hon. Lewis J. Liman
January 12, 2026
Page 2

order is narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).

This Court has observed that sealing of business information may be appropriate as to "certain confidential business information that has no bearing on any issue in this case and that would cause substantial harm to a party or non-party's competitive business…" [Dkt. No. 1027 at 7]. "In determining whether such information is properly sealed, courts may look to whether 'the information [is] still relevant to the business' and 'the degree to which a party would be competitively harmed if [the information] were revealed.'" *Spencer-Smith v. Ehrlich*, 2025 WL 1115019, at *2 (S.D.N.Y. Apr. 15, 2025) quoting *Jackpocket, Inc. v. Lottomatrix NY LLC*, 2022 WL 17738779, at *2 (S.D.N.Y. Dec. 15, 2022). There is no basis, however, to seal stale information that no longer poses any competitive threat. "The older the information is, the less appropriate it is to seal that information." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, 2023 WL 196134, at *4 (S.D.N.Y. Jan. 17, 2023).

Family Hive has failed to overcome the presumption of public access because it failed to show that the information it seeks to seal (1) has no bearing on any issue in this case, (2) is still relevant to its business operations; or (3) would competitively harm it if the information is revealed.

Family Hive seeks to seal the following documents:

1. <u>Deposition Pages [Wayfarer Motion Ex. 273 and Lively Opp. Ex. 87]</u>: Family Hive seeks to seal portions of pages from the deposition of its Rule 30(b)(6) witness. Page 137, which it seeks to seal, concerns discussion of Family Hive's retail weekly sales from October 2024. The information is directly relevant to Ms. Lively's claim that Family Hive's sales declined due to negative publicity. Moreover, the stale information is from more than a year ago, and Family Hive has not shown it would be competitively harmed if it was released. The information contained in Ex. 87, relates to Lively's claim that sales declined significantly due to Defendants' alleged retaliation. [Dkt. No. 1075 at ¶ 829.] Ms. Lively has placed the information directly at issue regarding her claim for damages related to Family Hive in excess of $███████. [Dkt. 954-268 at p.43]. The Motion for Summary Judgment argues that such damages are overly speculative. Thus, the Court must evaluate this evidence as part of its judicial function. Finally, the identity of corporate non-parties who Family Hive wished to conduct business with does not implicate privacy concerns.

2. <u>Lively Expert, Jeff Kinrich, Report [Lively Opp. Ex. 266]</u>: Family Hive seeks to seal portions of the expert report submitted by Ms. Lively's expert, Jeff Kinrich. The fact that Ms. Lively's expert relies on Family Hive's information establishes the information's relevance to the motion for summary judgment. Family Hive points to the following specific portions of the reports it seeks to seal:

- Page 2 – This proposed redaction simply identifies an assumption Mr. Kinrich makes, and does not implicate Family Hive's business information.

476829.1

- Pages 6, 24-26, Backup Ex. 1.B, 3.B, Appendix C.1, and C.2 all relate to Family Hive's sales performance which is the basis of Ms. Lively's damages claim. Moreover, Family Hive has not established how this information would cause competitive harm. The Wayfarer Defendants do not oppose the sealing of the name of the individual in Footnote 95 to the Kinrich report.

- Page 11 relates to Mr. Kinrich's prediction, not Family Hive's projections Moreover, Family Hive has already testified that ▇▇▇▇ so the disclosure of ▇▇▇▇ could not competitively harm it. Ex. 1 at 276:3-9.

- Pages 16-23, Backup Ex. 1.A, 3.A, and Appendix C.3 relate to stale cash flow forecasts created by Deloitte in July 2023, a year before a single product was ever even sold. Moreover, ▇▇▇▇

- Page 35 relates to royalties paid to LOL HATA, directly relevant to the fact that Ms. Lively does not receive royalties and has no standing to bring a claim for damages based on lost royalties.

- Backup Ex. 1.C, Appendix C.4 and C.5 relate to Mr. Kinrich's projections, not Family Hive's actual data.

3. <u>Lively Expert, Dina Mayzlin, Report [Lively Opp. Ex. 267]</u>: Family Hive seeks to seal portions of the expert report submitted by Ms. Lively's expert, Dina Mayzlin. The proposed redactions all relate to Family Hive's sales performance, which is the basis of Ms. Lively's damages claim and the subject of the argument that Ms. Lively's claimed damages are too speculative.

As Family Hive has not met its burden to overcome the right to public access of information used in evaluating dispositive motions, the Court should decline to seal any information requested in Family Hive's Motion.

Respectfully submitted,

Dated: January 12, 2026
Los Angeles, CA

LINER FREEDMAN TAITELMAN +
COOLEY, LLP

*/s/ Bryan Freedman*
Bryan J. Freedman (admitted *pro hac vice*)
Ellyn S. Garofalo (admitted *pro hac vice*)
Kim S. Zeldin (admitted *pro hac vice*)
1801 Century Park West, 5th Floor

476829.1

Hon. Lewis J. Liman
January 12, 2026
Page 4

                                                Los Angeles, CA 90067
                                                Tel: (310) 201-0005
                                                Email: bfreedman@lftcllp.com
                                                                 egarofalo@lftcllp.com
                                                                  kzeldin@lftcllp.com

cc: all counsel of record (via ECF)

476829.1