**LINER FREEDMAN TAITELMAN + COOLEY, LLP**
ATTORNEYS AT LAW

1801 CENTURY PARK WEST, 5TH FLOOR
LOS ANGELES, CALIFORNIA  90067-6007
TEL: (310) 201-0005
FAX: (310) 201-0045
E-MAIL: bfreedman@lftcllp.com

BRYAN J. FREEDMAN

January 12, 2026

<u>Via ECF</u>
Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

Re:    *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL

Dear Judge Liman:

On behalf of Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel (collectively, the "Wayfarer Parties"), we write in response to non-party Sony Pictures Entertainment's ("Sony") motion to seal (the "Motion").  Dkt. 1162.  With narrow exceptions, the documents at issue relate directly to the subject of the summary judgment and spoliation motions, as well as Ms. Lively's claims and the Wayfarer Parties' defenses, and should not be sealed. The Wayfarer Parties' positions on each of Sony's sealing requests are summarized in Appendix A hereto.

As this Court has correctly observed, "the presumption of public access is at its highest when the material is relevant to a court's decision on a dispositive motion, such as a motion for summary judgment." *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2023 WL 3477552, at *1 (S.D.N.Y. May 16, 2023); Dkt. 1027.  Where the presumption applies, "continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).

Sony's requests are largely based on the notion that the documents at issue "have no relevance to the judicial function."  Mot. at 7.  That is wrong: as explained below, each of the items Sony seeks to seal is directly referenced in and relevant to the motions at hand, or it provides valuable context for the Court's analysis of those motions.  Sony's contrary view of relevance is far too cramped. As the Court has ruled, "[a] document is 'relevant to the performance of the judicial function' if it would reasonably have the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision.'"  Dkt. 1027 at 4 (quoting *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019)); *see also id.* at 3 ("'Once these submissions

come to the attention of the district judge, they can fairly be assumed to play a role in the court's deliberations.'") (quoting *Lugosch*, 435 F.3d at 123). And in light of the strong presumption of public access at this juncture, Sony's vague invocation of unspecified "privacy interests" cannot justify sealing because "continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." Dkt. 1027 at 3 (quoting *Lugosch*, 435 F.3d at 124).

Sony primarily seeks to seal comments its executives made about the events underlying this dispute. As this Court has acknowledged, "a 'generalized concern of adverse publicity' is not . . . a sufficiently compelling reason to outweigh the presumption of access." Dkt. 848 at 4 (quoting *Nycomed US, Inc. v. Glenmark Generics, Inc.*, 2010 WL 889799, at *8 (E.D.N.Y. Mar. 8, 2010)). The information at issue bears on the parties' claims and defenses, and it does not disclose anything private about any Sony employee or competitively sensitive to Sony. It should not be sealed.

Sony also argues that certain documents should be sealed based on various evidentiary objections. Mot. at 6 (addressing Garofalo Decl.[1] Ex. 21, Garofalo Decl. Ex. 32, and Shapiro Decl. Exs. 196, 197, and 198). It cites no authority holding that such objections are a basis to seal documents, because they are not. Rather, "the presumption of public access and the reasoning of *Lugosch* and its progeny are directed to different concerns than the Federal Rules of Evidence." *Fairstein v. Netflix, Inc.*, 2023 WL 6164293, at *7 n.1 (S.D.N.Y. Sept. 21, 2023).

1)  *Shapiro Decl. Ex. 12 at 296:17 (redaction)*: Sony seeks to seal line 296:17 of Exhibit 12, the deposition transcript of Sony executive Ange Gianetti, in which Ms. Gianetti confirms that she told Heath she thought Lively was "█████████" Sony contends line 17 should be sealed because it was not expressly cited in the summary judgment materials. Contrary to Sony's contention, the fact that line 17 itself was not expressly cited is not dispositive of whether it should be sealed. *Sony Ericsson Mobile Commc'ns AB v. Delta Elecs. Co. Ltd.*, 2009 WL 959639, at *2 (S.D.N.Y. Apr. 8, 2009) (where party intended that documents be taken into account by court by submitting them as part of its motion papers, the documents were entitled to equal weight of presumption of access). The material Sony seeks to seal is directly relevant to the dispute at hand and supports the Wayfarer Parties' defenses, including because it weighs heavily against Lively's contention that she ████████████████████████████████. Dkt. 1075 at response to ¶ 193. Although the Wayfarer Parties did not directly cite that line in their 56.1 Statement, they cited the question and response immediately preceding it (*see* Dkt. 953 ¶ 193), and the line Sony now seeks to seal provides important additional context for that statement. Moreover, Sony identifies no privacy interest whatsoever that might justify sealing here.

2)  *Shapiro Decl. Ex. 120; Shapiro Decl. Ex. 72; Shapiro Decl. Ex. 179*: These documents concern Lively's performance in the film and/or the subsequent social media backlash and were cited in direct support of undisputed material facts on which the Wayfarer Parties rely in support

---

[1] "Garofalo Decl. Ex. 21" refers to Exhibit 21 to the Declaration of Ellyn S. Garofalo in support of the Wayfarer Parties' Opposition to Lively's Motion for Spoliation Sanctions. "Garofalo Decl. Ex. 32" refers to Exhibit 32 to the Declaration of Ellyn S. Garofalo in support of Abel's Opposition to Jonesworks' Motion for Spoliation Sanctions. "Shapiro Decl." refers to the Declaration of Alexandra Shapiro in support of the Wayfarer Parties' Motion for Summary Judgment. "Gottlieb Decl." refers to the Declaration of Michael Gottlieb in opposition to the Wayfarer Parties' Motion for Summary Judgment.

of summary judgment. Dkt. 953 at ¶¶ 208, 61, 271. Sony identifies *no* countervailing privacy interest that could be harmed by unsealing the language it seeks to redact.

*Shapiro Decl. Exs. 196, 197, and 198; Rule 56.1 Statement ¶¶ 288(a)-(c); Lively Counter-Rule 56.1 Statement ¶¶ 288(a)-(c)*: These documents discuss ███████████████████████████████████████ including comments that " ███████ ," ███████ ," and " ███████████████████████████████████." (Shapiro Decl. Ex. 196, 198). They were directly cited in the Wayfarer Parties' 56.1 statement. Dkt. 953, ¶ 288. Though Sony proposes redacting language not directly quoted by the Wayfarer Parties, in her Rule 56.1 counter-statement, Lively "refers the Court to the cited sources for their complete contents," putting these documents at issue in their entirety. Dkt. 1074 at 114. Sony identifies only vague "privacy interests of…third-party employees" as outweighing the strong presumption of public access. Moreover, the comments do not concern anything "traditionally considered private rather than public," *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)—they discuss Lively and her public conduct. Nor does Sony explain "the nature and degree of injury" that public revelation could inflict. *Id.*

3)   *Garofalo Decl. Ex. 21, Garofalo Decl. Ex. 32, and Memoranda in Opposition to Spoliation Motions:* Sony asks the Court to redact documents in which a Sony executive called Lively a ███████ WF Opp. to Lively Spoliation Mtn. at 12 & Garofalo Decl. Ex. 21; Abel Opp. to Jonesworks Spoliation Mtn. at 11 & Garofalo Decl. Ex. 32. Sony does not dispute that the information it seeks to seal is directly quoted in the Wayfarer Parties' moving papers. Thus, Sony's contention that the quoted material "has no bearing" on the underlying motions is inaccurate. *Sony Ericsson Mobile Commc'ns AB*, 2009 WL 959639, at *2. Sony further argues that unsealing the texts and quotes would reveal "potentially 'embarrassing conduct'" (Mot. at 6) but ignores the fact that "embarrassing conduct" is "traditionally considered private rather than public" only when it has "no public ramifications." *Amodeo*, 71 F.3d at 1051. Here, the information reflects ███████████████████████████████████████ Such information certainly has "public ramifications," and any ensuing embarrassment does not outweigh the interest in public disclosure, especially for a dispositive motion. *Lytle*, 810 F. Supp. 2d at 626.

4)   *Gottlieb Decl. Exs. 17, 96, and 124, and Lively's Counter-Rule 56.1 Statement:* The material Sony seeks to redact from these exhibits is based on opinions and testimony by Lively's expert witnesses. Mot. at 6. Lively did not seek to seal this information. Dkt. 1163. Sony's proposed redactions for paragraphs 122, 123, 138, 141, 144, and 572 of Lively's Counter-Rule 56.1 Statement do not cite or quote from any material produced by Sony or any of its employees, but ███████████████████████████████████████. The same is true for Sony's proposed redactions for Exhibit 17. Lively's experts base their opinions on evidence of Sony and its employees' actions, demonstrating the relevance of this evidence to the judicial function. A non-party's desire to avoid public criticism by a party's expert witness is not a cognizable privacy interest that can outweigh the strong presumption in favor of public access to materials submitted in support of or opposition to summary judgment.

The Wayfarer Parties respectfully request that the Court deny Sony's motion as set forth herein.

          Respectfully submitted,

          */s/ Bryan J. Freedman*
          LINER FREEDMAN TAITELMAN + COOLEY, LLP
          Bryan J. Freedman (*pro hac vice*)
          Ellyn S. Garofalo (*pro hac vice*)
          1801 Century Park West, 5th Floor
          Los Angeles, CA 90067
          Tel: (310) 201-0005
          Email: bfreedman@lftcllp.com
                 egarofalo@lftcllp.com

cc: all counsel of record (via ECF)

## Appendix A

| SPE Material | Asserted Basis for Sealing | Wayfarer Parties' Position |
|---|---|---|
| **Wayfarer Parties' Motion for Summary Judgment [Dkt. 960]** | | |
| Declaration of Alexandra Shapiro ("Shapiro Decl."), Exhibit 12 at 236:3-12, 296:17 (redaction) [Dkt. 954-12] | Not relevant to the performance of the judicial function; privacy interests of non-party employee. | No position at present as to proposed redaction of lines 236:3-12, with reservation of rights to use the information at trial. As to line 296:17, objection; the material is relevant to the performance of the judicial function and the presumption of public access is not overcome by the asserted privacy interest. |
| Shapiro Decl. Ex. 23 (sealed in full) [Dkt. 954-23]; Memorandum of Law at 47 [Dkt. 960] (redacting quote from Ex. 23); Rule 56.1 Statement ¶ 16 [Dkt. 953] (redacting dollar figure from Ex. 23) | Not relevant to the performance of the judicial function; highly sensitive, confidential commercial information that would harm non-party if disclosed. | No objection. |
| Shapiro Decl. Ex. 72 at SPE_WF0000312 [Dkt. 954-72] | Not relevant to the performance of the judicial function; privacy interests of non-party employee. | Objection; the material is relevant to the performance of the judicial function and the presumption of public access is not overcome by any asserted privacy interest. |
| Shapiro Decl. Ex. 120 at SPE_BL0004527 (redactions) [Dkt. 954-116] | Not relevant to the performance of the judicial function; privacy interests of non-party employee. | Objection; the material is relevant to the performance of the judicial function and the presumption of public access is not overcome by any asserted privacy interest. |
| Shapiro Decl. Ex. 179 at SPE_WF0000740, -741 (redactions) [Dkt. 954-175] | Not relevant to the performance of the judicial function; privacy interests of non-party employee. | Objection; the material is relevant to the performance of the judicial function and the presumption of public access is not overcome by any asserted privacy interest. |
| Shapiro Decl. Ex. 196 at SPE_BL0023202 (redactions) [Dkt. 954-192] & Rule. 56.1 | Not relevant to the performance of the judicial | Objection; the material is relevant to the performance of the judicial function and the |

| | | |
|---|---|---|
| Statement ¶ 288(a) (redacting quote of Ex. 196 at SPE_BL0023202) | function; privacy interests of non-party employee. | presumption of public access is not overcome by the asserted privacy interest. |
| Shapiro Decl. Ex. 197 at SPE_WF0000762 (redactions) [Dkt. 954-193] & Rule 56.1 Statement ¶ 288(b) (redacting quotes of Ex. 197 at SPE_WF0000762) [Dkt. 953] | Not relevant to the performance of the judicial function; privacy interests of non-party employee. | Objection; the material is relevant to the performance of the judicial function and the presumption of public access is not overcome by the asserted privacy interest. |
| Shapiro Decl. Ex. 198 at SPE_WF0000794 (redactions) [Dkt. 954-194] & Rule 56.1 Statement ¶ 288(c) (redacting quote of Ex. 198 at SPE_WF000794) [Dkt. 953] | Not relevant to the performance of the judicial function; privacy interests of non-party employee. | Objection; the material is relevant to the performance of the judicial function and the presumption of public access is not overcome by the asserted privacy interest. |
| Shapiro Decl. Ex. 243 at SPE_BL00009643, -644 (redactions) [Dkt. 954-239] | Personally identifiable information (personal phone numbers) | No objection. |
| **Lively's Opposition to Defendants' Motion for Summary Judgment [Dkt. 1070]** | | |
| Counter-Rule 56.1 Statement ¶ 16 (redacting dollar figure quoted from Shapiro Decl. Ex. 23, *supra*), ¶ 288(a) (redacting quotes of Ex. 196 at SPE_BL0023202, *supra*); ¶ 288(b) (redacting quotes of Ex. 197 at SPE_WF0000762, *supra*); ¶ 288(c) (redacting quote of Ex. 198 at SPE_WF0000794) [Dkt. 1074]; ¶ 572 (redacting reference to Ex. 17) | Not relevant to the performance of the judicial function; highly sensitive, confidential commercial information that would harm non-party if disclosed; privacy interests of non-party employees. | No objection as to Counter-Rule 56.1 Statement ¶ 16 (redacting dollar figure). As to remaining paragraphs, objection; the material is relevant to the performance of the judicial function and the presumption of public access is not overcome by the asserted privacy interests. |
| Declaration of Michael Gottlieb ("Gottlieb Decl."), Ex. 96 (Expert Report of Jennifer Freyd) (redactions of material concerning Sony not cited in opposition papers at pages 16, 21-26) [Dkt. 1072-96] | Not relevant to the performance of the judicial function. | Objection; the material is relevant to the performance of the judicial function and no privacy interest is asserted that would overcome the presumption of public access. |
| Gottlieb Decl. Ex. 17 (redaction to 221:1-225:5) [Dkt. 1072-17]; Lively's Counter-Rule 56.1 Statement ¶¶ 122, 123, 138, 141, 144, | Not relevant to the performance of the judicial function; privacy interests of non-party employees. | Objection; the material is relevant to the performance of the judicial function and the presumption of public access is not overcome by the asserted privacy interests. |

| | | |
|---|---|---|
| 572 (targeted redactions citing Gottlieb Ex. 17) [Dkt. 1075] | | |
| Gottlieb Decl. Ex. 124 (targeted redactions at pages 11-13, 18) [Dkt. 1072-124] | Not relevant to the performance of the judicial function; privacy interests of non-party employees. | Objection; the material is relevant to the performance of the judicial function and the presumption of public access is not overcome by the asserted privacy interests. |
| **Defendants' Opposition to Lively's Motion for Spoliation Sanctions [Dkt. 1003]** | | |
| Declaration of Ellyn S. Garofalo, Exhibit 21 at SPE+WF0000416 [Dkt. 1006-21] & Memorandum of Law in Opposition to Lively's Motion for Sanctions at 12 [Dkt. 1003] (quoting Ex. 21) | Not relevant to the performance of the judicial function; privacy interests of non-party employees. | Objection; the material is relevant to the performance of the judicial function and the presumption of public access is not overcome by the asserted privacy interests. |
| **Third Party Plaintiff Abel's Opposition to Jonesworks LLC's Motion for Spoliation Sanctions [Dkt. 1010]** | | |
| Declaration of Ellyn S. Garofalo, Exhibit 32 at SPE_WF0000416 [Dkt. 1011-32] & Memorandum of Law in Opposition to Jonesworks LLC's Motion for Sanctions at 11 [Dkt. 1010] | Not relevant to the performance of the judicial function; privacy interests of non-party employee. | Objection; the material is relevant to the performance of the judicial function and the presumption of public access is not overcome by the asserted privacy interests. |