**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

January 12, 2026

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

Re: *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL

Pursuant to the Court's December 19, 2025 order (ECF No. 1134), Jonesworks LLC ("Jonesworks") respectfully partially opposes the Wayfarer Parties' motion to seal certain exhibits and related textual references in the summary judgment and spoliation submissions (ECF No. 1160). Jonesworks specifically opposes three of the Wayfarer Parties' proposed redactions, which seek to seal highly relevant information, much of which is already public.

*First*, Jonesworks opposes the Wayfarer Parties' attempt to seal ▓▓▓▓▓▓▓▓ on page 3 of Exhibit 43 to Jonesworks' Opposition to Jennifer Abel's Motion for Summary Judgment (the "Opposition"). *See* Ex. A. The language the Wayfarer Parties seek to redact is already public (including through other litigation involving Melissa Nathan and TAG) and squarely relevant to Jonesworks' defense to Abel's indemnification claims. To succeed on her indemnification claims, Abel must demonstrate that she undertook the activity alleged by Blake Lively—including recommending and working with Nathan against Lively—within the scope of her employment with Jonesworks. *See* ECF No. 945 ("Mot. SJ") at 10, 19-20. But as explained in the Opposition, Abel recommended that Wayfarer hire Nathan behind Stephanie Jones's back and over her objection. ECF No. 1058 ("Opp.") at 5-8, 19-21. Indeed, Jones, as Abel well knew, recommended that Wayfarer *not* hire Nathan, including because Jones believed (accurately, discovery has revealed) that Nathan was behind a negative smear website and social media profiles against Jones and that Nathan engaged in unethical PR tactics. *See, e.g.*, ECF No. 1062 ("CSMF") ¶¶ 43-48. Exhibit 43 is probative of Nathan and TAG's unethical practice of creating attack websites for their clients and thus squarely relevant to the Opposition.

There are no competing privacy interests that justify keeping ▓▓▓▓▓▓▓▓ sealed. The document that is Exhibit 43 is at the center of public litigation between Amanda Ghost[1] and Melissa Nathan/TAG in California and has been publicly quoted in that litigation multiple times, including in at least Ghost's cross-complaint against Nathan/TAG and a December 5, 2025 discovery motion:

> "So basically Rebel wants a one of those sites… Should be a mixture of that document that I think Carolina pulled about Amanda goes [sic] or the intern

---

[1] Nathan testified under oath that ▓▓▓▓▓▓▓▓ is ▓▓▓▓▓▓▓▓. Ex. B, 9/30 Nathan Dep. Tr. at 213:13-15.

1

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

**pulled… It can be really really harsh… Russian oligarchs and making her a madam basically lol[.]"**

Ex. C, *Ghost v. Wilson*, Case No. 24STCV17314 (Cal. Sup. Ct.) Cross-Complaint ¶¶ 7, 33; Ex. D, *id.*, Mot. for Discovery at 8, 14 (emphasis in original).[2] These messages were also recently shown, quoted, and discussed on a recent episode of 60 Minutes Australia, during which Rebel Wilson—while discussing the messages—stated that Nathan "worked for um my lawyer [Bryan Freedman] at the time"[3]:



As this Court has recognized, "[c]ourts in this Circuit … 'routinely deny sealing requests where … the information to be sealed is already publicly available.'" *Metro. Transp. Auth. v. Duffy*, 782 F. Supp. 3d 193, 198 (S.D.N.Y. 2025) (Liman, J.) (collecting cases). That is so because "[o]nce the genie is out of the bottle, the Court has not the means to put the genie back." *Id.* (cleaned up). The same result should follow here—especially on these dispositive motions. *Lively v. Wayfarer Studios LLC*, 2025 WL 3295147, at *2 (S.D.N.Y. Nov. 26, 2025) (explaining that the "presumption [of immediate public access] is at its peak in the context of dispositive motions, including motions for sanctions").

---

[2] These messages were filed publicly at ECF No. 658-12 on August 14, 2025, and subsequently sealed in connection with a non-dispositive motion at the request of a third-party (ECF No. 699). That decision does not justify sealing these messages now on a dispositive motion, especially because they have subsequently become public through other sources. *See* Protective Order ¶ 14 ("[T]he Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.").

[3] 60 Minutes Australia, Rebel Wilson's messy legal battle, YOUTUBE.COM (Nov. 23, 2025), https://www.youtube.com/watch?v=Oiv6ikIwMXQ at 19:02-26.

2

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

*Second*, Jonesworks opposes the Wayfarer Parties' proposed redaction of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ on page 5 of Exhibit 45 to Jonesworks' Opposition. *See* Ex. E. Also central to Abel's indemnification claims is whether Abel was acting in her own self-interest, including in recommending Wayfarer hire Nathan/TAG, and whether that activity was foreseeable to Jonesworks. *See* Mot. SJ at 10, 19-20. Jonesworks argues that Abel recommended Nathan because the two were working together against Jones and Jonesworks, including working to marginalize Jones from shared accounts so those accounts would work with Abel and Nathan instead of Jonesworks upon Abel's departure. *See, e.g.*, CSMF ¶ 93; Opp. at 20-24. Nathan's gloating to Abel in Exhibit 45 that she told a shared client she ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is squarely relevant to that argument. Indeed, elsewhere in those messages, Nathan says to Abel, "And once you are gone - we will be on accounts together and make really good money and be happy" and, regarding the same shared client, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (which the Wayfarer Parties no longer argue should be sealed). The Wayfarer Parties claim this information should remain sealed as "non-party information," but it neither identifies a non-party client nor discloses work done on that client's behalf. To the contrary, the shared client's identity will remain sealed without objection. There is thus no basis to keep this information sealed.

*Third*, Jonesworks opposes the redactions to Exhibit 49 to the Opposition, and in particular to Abel's testimony on page 253 that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Ex. F. Abel seeks sealing on the ground this is "non-party information." ECF No. 1160 at 1. It is not, and that Abel has no financial exposure is directly relevant to her claim for indemnification. Moreover, there is no privacy interest that justifies sealing. Abel now agrees that her engagement letter with the law firm Liner Freedman Taitelman + Cooley LLP should not be sealed in full and accordingly seeks only limited redactions of that document. Notably, Abel does *not* request continued sealing of the key term providing that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See, e.g*, Ex. G. Moreover, Wayfarer President Jamey Heath testified that Wayfarer is paying the legal fees of the defendants, including Abel, Ex. H, 10/9 Heath Dep. Tr. at 39:8-22, and that Wayfarer's funder is Sarowitz, *id.*, 10/8 Heath Dep. Tr. at 44:2-16. Wayfarer has de-designated this testimony, so it is no longer even "confidential" under the Protective Order. Wayfarer thus cannot justify keeping sealed that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ on her motion seeking judgment as a matter of law that Jonesworks must pay those fees.

For all these reasons, the Court should deny the Wayfarer Parties' motion to seal Exhibits 43, 45, and 49, as laid out above.

DATED: January 12, 2026

Respectfully submitted,

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

/s/ *Kristin N. Tahler*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Kristin N. Tahler
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000
kristintahler@quinnemanuel.com

Maaren A. Shah
Morgan L. Anastasio
295 5th Avenue
New York, New York 10016
(212) 849-7000
maarenshah@quinnemanuel.com
morgananastasio@quinnemanuel.com

Nicholas Inns (*pro hac vice*)
1300 I Street NW
Suite 900
Washington, D.C. 20005
(202) 538-8000
nicholasinns@quinnemanuel.com

*Attorneys for Jonesworks LLC*