# manatt

**Esra A. Hudson**
Manatt, Phelps & Phillips, LLP
Direct Dial: 310-312-4381
ehudson@manatt.com

January 12, 2026

**VIA ECF**
The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1620
New York, NY 10007

Re:    *Lively v. Wayfarer Studios LLC, et al.*, No. 1:24-cv-10049-LJL [rel. No. 1:25-cv-00449]

Dear Judge Liman:

On behalf of Plaintiff Blake Lively ("Ms. Lively"), we write pursuant to the Court's December 19, 2025 Order (Dkt. No. 1134) to address the motions for continued sealing of documents and material associated with the summary judgment and spoliation submissions filed by non-parties, dated January 5, 2026 (Dkt. Nos. 1149 and 1162).[1]

### Ms. Lively Opposes the Wallace Non-Parties' Broad Sealing Requests Related to Other Clients.

As to Jed Wallace's ("Wallace") and Street Relations Inc.'s ("Street") (collectively, the "Wallace Non-Parties") motion for continued sealing of documents and material associated with the summary judgment and spoliation submissions (Dkt. Nos. 1149), Ms. Lively challenges redactions contained within four statements of work (Pl. MSJ Exs. 208 (STREET 3.000304), 216 (STREET 3.000326), 217 (STREET 3.000360), and 299 (STREET 3.000305)), three text chains (Pl. MSJ Exs. 209 (STREET 3.000492)**,** 212 (STREET 3.000204), and 215 (STREET 3.000495)), and Wallace's deposition testimony (Pl. MSJ Ex. 247 (Wallace Dep. Tr. II - 10.10.25 - Excerpts).

This Court has recognized that continued sealing of documents "may be justified only with specific on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." Dkt. No. 1027 at 2 (emphasis added) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006)). Despite that order, and well-settled law establishing the "strong presumption of access" to summary judgment materials, *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019), the Wallace Non-Parties seek to maintain under seal references to "Wayfarer" as well as non-sensitive information related to their services for third-party clients or prospective clients, including, for example, their genders, industries, pricing, and date/length of services. Dkt. No. 1149 at 4-5.[2] The Wallace Non-Parties, however, go a step too far. This Court has already acknowledged the relevance of the Wallace Non-Parties work for other clients to Ms. Lively's claims. November 26, 2025, Dkt. No. 1027 at 7

---

[1] Defined terms used herein have the definition set forth in Lively's motion for continued sealing (Dkt. No. 1163).
[2] Ms. Lively proposes alternative redactions on those documents subject to the Motion, which she files concurrently herewith. Unless otherwise stated herein, Ms. Lively proposes removing redactions on any text highlighted in green.

# manatt

**Esra A. Hudson**
Manatt, Phelps & Phillips, LLP
Direct Dial: 310-312-4381
ehudson@manatt.com

("[T]he Wallace Non-Parties cannot reasonably dispute that the types of work they are *capable* of providing is a key contested issue in this case. And work performed for other clients in other circumstances might shed light on that issue . . . the Court finds that the types of services the Wallace Non-Parties have provided—or that they have told individuals they provide—do not so qualify [as material needed to be sealed]."); *see* Dkt. No. 727 at 4–5 (Ms. Lively is "entitled to 'test for herself whether the digital footprints of other clients have similarities to the work Street Relations is alleged to have done here.'"). For the reasons set forth below, Ms. Lively respectfully requests that the Court deny the Wallace Non-Parties' proposed redactions.

   *The Court should reject any request to seal information that is broader than necessary to preserve anonymity.* Citing third party privacy, the Wallace Non-Parties seek to seal not only client identities (which Ms. Lively does not challenge), but also other non-specific information that provides context for the services provided, including, for example, gender markers, industries, locations, dates, or years, as evidenced by Pl. MSJ Exs. 208 (STREET 3.000304), 209 (STREET 3.000492), 212 (STREET 3.000204), 215 (STREET 3.000495), 216 (STREET 3.000326), and 299 (STREET 3.000305). Contrary to the Wallace Non-Parties contentions, such information does not reveal the identities of their clients or prospective clients, *see* Motion at 5, and thus is not subject to protection. Indeed, courts reject attempts to seal "information broader than necessary to preserve anonymity." *Rowe v. Google LLC*, 2022 WL 4467628, at *2 (S.D.N.Y. Sept. 26, 2022) (sealing employee names but permitting disclosure of salary figures holding that they did not identify individuals, even as it pertained to third-parties). The proposed redactions to gender markers, locations, industries, and dates of work do not reveal identity of the Wallace Non-Parties' clients. As to Exhibit 216, for example, unsealing references to █████████████████████ ████████████████████████ does not provide the public a map to identify the underlying client. The same goes for each of the other Exhibits in which the Wallace Non-Parties attempt to seal this information.

   *The Court should reject any request to seal information concerning fees, pricing, and terms.* The Wallace Non-Parties also seek to seal information concerning certain fee pricing and terms, e.g., price and length of service, from the Statements of Work provided for other clients or prospective clients, as evidenced in Pl. MSJ Exs. 208 (STREET 3.000304), 209 (STREET 3.000492), 216 (STREET 3.000326), 217 (STREET 3.000360), and 299 (STREET 3.000305). Motion at 5. The Wallace Non-Parties argue that pricing information for specific prospective clients could cause "competitive harm to the Wallace Defendants if it were disclosed" and that this information is "both sensitive and non-public information irrelevant to the issues at hand in this litigation." *Id.* The Wallace Non-Parties, however, fail to show what "competitive harm" they would endure. Vague and conclusory allegation of potential harm are insufficient, especially when the evidence at issue is relevant. *See Saks Inc. v. Attachmate Corp.*, 2015 WL 1841136, at *17-18 (S.D.N.Y. Apr. 17, 2015) (denying motion to seal records related to general business practices, including pricing, when information is relevant and request to seal is supported by "vague and

# manatt

**Esra A. Hudson**
Manatt, Phelps & Phillips, LLP
Direct Dial: 310-312-4381
ehudson@manatt.com

conclusory" allegations of potential harm). Further, evidence that TAG and Wallace  is relevant circumstantial proof of the digital retaliation campaign against Ms. Lively, and by extension, the performance of the judicial function. It demonstrates that the Wallace Non-Parties engaged in ███████████████ *See* Order at 7; *see also* Dkt. No. 727 at 4–5. Accordingly, the Wallace Non-Parties cannot override the presumption of public access, and the Court should deny their Motion.

***The Court should reject any request to seal references to Wayfarer.*** Finally, Ms. Lively respectfully requests that the Court deny sealing of the references to "Wayfarer" in Wallace's deposition testimony, at Pl. MSJ Ex. 247, ███████████████ which not even Wayfarer has moved to seal.

## <u>The Expert Reports Should Not be Sealed.</u>

Ms. Lively also opposes limited requests by non-party Sony Pictures Entertainment ("SPE") to seal evidence submitted in support of Ms. Lively's opposition to Defendants' motion for summary judgment at Pl. MSJ Exs. 96 (Expert Report of Dr. Jennifer Freyd), 17 (excerpts of deposition testimony of Michael Robbins), and 124 (Expert Report of Michael Robbins), which Sony failed to confer about before filing. SPE seeks to seal these experts' opinions and summaries of evidence as they relate to SPE, arguing that they are not relevant, and/or may subject SPE employees to scrutiny. Ms. Lively opposes such requests because the experts' opinions and summaries are based on evidence that is or will become public (including Ms. Lively's own testimony) and because the proffered opinions are relevant to Ms. Lively's causes of action for hostile work environment harassment, retaliation and failure to investigate, including that she and others reported their concerns to ███████████████ (who is a key witness whose association with this matter is already public) and ███████████████. Further, SPE argues that the experts take one sentence of one SPE email out of context – an argument which is itself a mischaracterization – and requests that the Court seal that portion of the expert's report as a result. But the contested email is already public and has been since Defendants filed their FAC. (*Cf.* Pl. MSJ Ex. 124 at 18 and Pl. MSJ Ex. 96 at 26; Dkt No. 50-1, at 53). The public can draw its own conclusions – and may conclude that the second sentence SPE claims is omitted actually further proves the experts' point – either way, that SPE disagrees with the expert and seeks to shield its employee-witnesses from scrutiny is not a valid basis to seal.

For the reasons set forth above, Ms. Lively respectfully requests that the Court deny the above identified sealing requests.

# manatt

**Esra A. Hudson**
Manatt, Phelps & Phillips, LLP
Direct Dial: 310-312-4381
ehudson@manatt.com

Respectfully submitted,

/s/ Esra A. Hudson

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
2049 Century Park East
Los Angeles, California 90067
(310) 855-3000
mgottlieb@willkie.com

Kristin E. Bender
1875 K Street NW
Washington, DC 20006
(202) 303-1000
kbender@willkie.com

Aaron E. Nathan
Michaela A. Connolly
Willkie Farr & Gallagher LLP
787 7th Avenue New York, NY 10019
(212) 728-8000
anathan@willkie.com
mconnolly@willkie.com

DUNN ISAACSON RHEE LLP
Meryl C. Governski (admitted *pro hac vice*)
401 Ninth Street, NW
Washington, DC 20004
(202) 240-2900
mgovernski@dirllp.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (admitted *pro hac vice*)
Stephanie A. Roeser (admitted *pro hac vice*)
Sarah E. Moses (admitted *pro hac vice*)
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com
smoses@manatt.com

Matthew F. Bruno
7 Times Sq.
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

*Attorneys for Blake Lively*