# WILLKIE FARR & GALLAGHER LLP

2029 Century Park East
Los Angeles, CA 90067-2905
Tel: 310 855 3000
Fax: 310 855 3099

January 12, 2026

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049 (LJL)

Dear Judge Liman:

On behalf of Plaintiff Blake Lively, we write pursuant to the Court's December 19, 2025 Order (Dkt. No. 1134) to address the Wayfarer Defendants' motion for continued sealing of documents and materials associated with the summary judgment and spoliation submissions, dated January 5, 2026 (Dkt. No. 1160, the "Motion").[1] As described herein, Ms. Lively opposes certain of the Wayfarer Defendants' requests in the Motion, and proposes alternative redactions on certain documents subject to the Motion, which she files concurrently herewith.

This Court has recognized that continued sealing of documents "may be justified only with specific on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." Dkt. No. 1027 at 3 (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006)). The Wayfarer Defendants flout this well-settled law by seeking to maintain broad swaths of material under seal, a fact they concede when underscoring "the **volume of material**" subject to the Motion. Mot. at 1. The Wayfarer Defendants seek to seal material that discloses: (i) public non-party information or non-party information reflecting "the identity of non-party clients of TAG, Jennifer Abel, Jonesworks, or work done on those clients' behalf," including the "timing and nature of that work," *see id.* at 1–2 (emphasis added); (ii) non-public medical information, *see id.* at 2; (iii) non-public business and financial information, *see id.* at 2–3; and (iv) what they deem to be "Wholly Irrelevant, Personal/Inflammatory Information," *see id.* at 3. For the reasons set forth below, Ms. Lively respectfully requests that the Court deny certain of the Wayfarer Defendants' proposed redactions as to categories (i) and (iii).

**The Wayfarer Defendants impermissibly attempt to seal public material.** The Wayfarer Defendants argue that the identities of clients and prospective clients who have used public-relations services are sufficiently sensitive to warrant continued sealing. Mot. at 1 (citing Dkt. No. 1027 at 5). Ms. Lively does not dispute that "***undisclosed relationships*** with public-relations professionals" that reveal client identities would constitute material appropriately subject to sealing. *Id.* (emphasis added). But the Wayfarer Defendants do not limit their overbroad redactions to clients or prospective clients with

---

[1] Defined terms used herein have the definition set forth in Ms. Lively's motion for continued sealing (Dkt. No. 1163) unless otherwise specified. The redactions and sealed exhibits associated with the public version of this filing are publicly available information, but are nevertheless filed under seal to avoid mooting the Wayfarer Defendants' Motion pending resolution.

undisclosed relationships with public-relations professionals. In at least twelve exhibits, the Wayfarer Defendants seek to maintain under seal the identity of clients with whom The Agency Group PR LLC ("TAG") has a publicly disclosed relationship. *See* Pl. MSJ Exs. 58, 61, 64,[2] 221, 223, 224; Def. MSJ Exs. 170, 213, 226, 231, 235; Jones Opp. MSJ Exs.[3] 26,[4] 43. Indeed, Ms. Nathan and TAG's client book of these very individuals—███████████████████████████—has been widely reported. *See* Exs. A–D.[5] The Wayfarer Defendants cannot make confidential what is now public. *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004) (declining to seal publicly available settlement disclosure as courts "do not have the power . . . to make what has thus become public private again."); *see also* Dkt. No. 1175 at 3 ("[I]t is well-settled that '[g]eneralized concern[s] of adverse publicity' and reputational injury – the only potential harms articulated in [the] letter-motion – cannot justify an order sealing a core judicial document.") (citations omitted). Ms. Lively respectfully requests that the Court deny the Wayfarer Defendants' proposed redactions and accept her counter-proposed redactions. *See* Exs. E–G.[6]

The Wayfarer Defendants' request to seal Pl. MSJ Exs. 3 and 4 must likewise be denied for the simple reason that they are already on the public docket. *See* Dkt. Nos. 1072-3, 1072-4. The Wayfarer Defendants belatedly seek to redact from these exhibits unfavorable deposition testimony regarding a former Wayfarer employee who remained on staff despite being subject to "multiple complaints from multiple women about his behavior towards them." *See* Dkt. No. 1072-3 at 67. Mr. Baldoni and Mr. Heath proactively de-designated the testimony subject to the Wayfarer Defendants' sealing request two months ago. *See* Exs. H, I. Because they cannot seal what is already public, Ms. Lively requests that the Court deny the Wayfarer Defendants' proposed redactions to Pl. MSJ Exs. 3 and 4; *Gambale*, 377 F.3d at 144.

The Wayfarer Defendants also submitted Pl. MSJ Ex. 222 to the Court via email but did not address it in their Motion. To the extent the Court is inclined to consider the Wayfarer Defendants' proposed redactions thereon, the redactions should be denied. Pl. MSJ Ex. 222 is a text exchange between Ms. Abel and third-party client ███████, who disparages Ms. Lively extensively, texts a TikTok attacking Ms. Lively's marketing of the Film, and directs Ms. Abel to "BOOST." Pl. MSJ Ex. 222 at JONESWORKS_00014817. The Wayfarer Defendants seek to maintain the client's name under seal. Putting aside that none of the underlying communications reveals confidential business

---

[2] The Wayfarer Defendants conceded that much of the redacted information in Pl. MSJ Ex. 64 is not appropriately subject to continued sealing when proposing significantly narrower redactions to Def. MSJ Ex. 235.

[3] "Jones Opp. MSJ Ex." shall refer to exhibits submitted in connection with Jonesworks' opposition to Abel's conditional motion for summary judgment.

[4] The Wayfarer Defendants apply conflicting redactions on Jones Opp. MSJ Ex. 26, Pl. MSJ Exs. 221, 223, and Def. MSJ Ex. 213. None are appropriate, and Ms. Lively requests that the Court deny all other than those associated with personally identifying information in the form of cellphone numbers.

[5] The language the Wayfarer Defendants seek to redact in Jones Opp. MSJ Ex. 43 is quoted in a public filing. *See* Ex. D ("██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████").

[6] Unless otherwise stated herein, Ms. Lively proposes removing redactions on any text highlighted in green.

information, Ms. Abel's work for the client is public information, *see* Ex. J, rendering redaction of their name improper.

***The Wayfarer Defendants' proposed redactions concerning non-Wayfarer client services should be denied***. In addition to seeking to seal the *identities* of four clients with whom TAG and Ms. Nathan have been publicly connected, the Wayfarer Defendants seek to seal information regarding their *services* for those and other clients, including the industries in which those clients work. Mot. at 1–2. While the Wayfarer Defendants seek to expand this Court's prior ruling in sealing client identities, this Court has previously rejected attempts to seal information reflecting the services provided to Wayfarer through its vendors. *See* Dkt. No. 1027 at 6–7 (addressing Wallace Non-Parties' motion to seal).[7] In the same way that the services provided by the Wallace Non-Parties reflect "footprints" of efforts that are relevant to the suit, and thus were deemed improper subjects for sealing, *id.*, the services provided by TAG, Ms. Nathan, and Ms. Abel are highly relevant to the retaliation and other claims that are subject to the MSJ. The performance by TAG, Ms. Nathan, and Ms. Abel as to other client services during the same time period reflects the way they did business (which they concede is well known to be PR) and the nature and extent of their media relationships across various client engagements that were leveraged on behalf of Wayfarer. Nor does the existence of confidentiality agreements with those clients merit continued sealing at this stage: "[c]ourts in this district have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents." *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018). Beyond summarily claiming such information is "highly sensitive," Wayfarer Defendants have not specified how the information they seek to seal involves "certain confidential business information that has no bearing on any issue in this case and that would cause substantial harm to a party or non-party's competitive business standing." *Id.* Lively requests that the Court deny certain of the Wayfarer Defendants' proposed redactions to Def. MSJ Exs. 170, 213, 226, 235, Pl. MSJ Ex. 59, 64, 208, 212, 221, 223, 299, and Jones Opp. MSJ Ex. 26, and accept Ms. Lively's counter-proposed redactions to the same. *See* Exs. E–G.[8]

***The Court should reject any request to seal information concerning fees and services exchanged between the Wayfarer Defendants***. The Wayfarer Defendants seek to seal information concerning certain fees Wayfarer agreed to pay Ms. Abel's PR firm, RWA Communications, LLC, and fees actually charged pursuant to that agreement, *see* Pl. MSJ Ex. 280, along with the purportedly "generic terms of TAG's statement of work" with Wayfarer, *see* Def. MSJ Ex. 167. Mot. at 3. The Wayfarer Defendants summarily assert that Pl. MSJ Ex. 280 pertains to "services not at issue herein," and that the information in both exhibits is "irrelevant to the pending motions" and "competitively sensitive." *Id.* To the contrary, Ms. Abel's and TAG's fees charged to Wayfarer, together with the terms of TAG's services to Wayfarer, are highly relevant to the claims at issue, and by extension, the performance of the judicial function, *see* Dkt. No. 1027. The very public relations and crisis services subject to the Wayfarer Defendants' sealing request underpin several of Ms. Lively's claims challenged in the MSJ, *see, e.g.*, Dkt. Nos. 960 at 64–65, 69; 1070 at 67–70, and the details surrounding those services are probative of Ms. Abel, Ms. Nathan, and TAG's liability in this action. Accordingly, Ms. Lively respectfully requests that the Court deny the Wayfarer Defendants' proposed sealing of Pl. MSJ Ex. 280, and accept Ms. Lively's counter-proposed redactions to Def. MSJ. Ex. 167.

---

[7] "Wallace Non-Parties" shall refer to third parties Jed Wallace and Street Relations, Inc.
[8] Ms. Lively's proposed redactions on Pl. MSJ Ex. 212, which the Wayfarer Defendants seek to fully seal, are in yellow.

Respectfully submitted,

/s/ *Michael J. Gottlieb*

| | |
|---|---|
| MANATT, PHELPS & PHILLIPS, LLP<br>Esra A. Hudson (admitted *pro hac vice*)<br>Stephanie A. Roeser (admitted *pro hac vice*)<br>Sarah E. Moses (admitted *pro hac vice*)<br>2049 Century Park East, Suite 1700<br>Los Angeles, CA 90067<br>(310) 312-4000<br>ehudson@manatt.com<br>sroeser@manatt.com<br>smoses@manatt.com<br><br>Matthew F. Bruno<br>7 Times Sq.<br>New York, NY 10036<br>(212) 790-4500<br>mbruno@manatt.com<br><br>DUNN ISAACSON RHEE LLP<br>Meryl C. Governski (admitted *pro hac vice*)<br>401 Ninth Street, NW<br>Washington, DC 20004<br>(202) 240-2900<br>mgovernski@dirllp.com<br><br>*Attorneys for Blake Lively* | WILLKIE FARR & GALLAGHER LLP<br>Michael J. Gottlieb<br>2029 Century Park East<br>Los Angeles, CA 90067<br>(310) 855-3000<br>mgottlieb@willkie.com<br><br>Kristin E. Bender<br>1875 K Street NW<br>Washington, DC 20006<br>(202) 303-1000<br>kbender@willkie.com<br><br>Aaron E. Nathan<br>Michaela A. Connolly<br>Melissa Taustine<br>787 7th Avenue<br>New York, NY 10019<br>(212) 728-8000<br>anathan@willkie.com<br>mconnolly@willkie.com<br>mtaustine@willkie.com |