# JACKSON WALKER LLP

Joel R. Glover
(713) 752-4226 (Direct Dial)
(713) 308-4114 (Direct Fax)
jglover@jw.com

January 15, 2026

**VIA ECF**

The Honorable Lewis J. Liman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

  Re: *Lively v. Wayfarer Studios LLC, et al.*, Case No. 1:24-cv-10049-LJL

Dear Judge Liman,

  Non-parties Jed Wallace ("Wallace") and Street Relations Inc. ("Street") (collectively, the "Wallace Non-Parties"), move for leave to submit the following reply to Blake Lively's ("Lively") letter response (Dkt. 1206) to the Wallace Non-Parties' letter motion for continued limited sealing. (Dkt. 1149).

  Good cause exists for this request for leave. Though previously ordered to produce highly confidential and sensitive information while they were parties, Wallace and Street have been dismissed for want of jurisdiction and are no longer parties to this litigation. Further, the proposed limited redactions of the confidential and business-sensitive documents the Wallace Non-Parties were previously ordered to produce involve the privacy rights of third parties and Street's own non-public and sensitive business information. In other words, the circumstances before the Court involve non-parties—the Wallace Non-Parties—seeking to protect their own and other third-party privacy rights for information that bears no relation to Wayfarer, Lively, or the issues in this litigation.

  ***Non-Party Identifying Information.*** The Wallace Non-Parties moved to continue sealing both references to non-party individuals *and* information through which the individual's identity could be revealed, such as the individual's gender, location(s), industry segment, and timing of their inquiry into Wallace's services. (Dkt. 1149 at 4–5.) Lively's own sealing request acknowledges that "non-party privacy interests are a legitimate countervailing factor to be considered against the public's right of access." (Dkt. 1163 at 2 (quoting *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, 2020 WL 3264264, at *6 (S.D.N.Y. June 17, 2020)).) And Lively recognizes that identification of third parties "may increase the risk of exposure . . . to harassment in the press and/or social media, and poses security, safety and privacy risks," which "is a 'higher value' that warrants continued sealing." (*Id.* at 3 (quoting Dkt. 1027 at 3).)

  Rather than acknowledge the similarities between the non-party information the Wallace Non-Parties seek to maintain under seal and that which Lively herself seeks to maintain under seal,

Lively claims that gender, location, industry segment, etc. "do[] not provide the public a map to identify the underlying client." (Dkt. 1206 at 2.) But that wishful view ignores the realities of *who* confidentially seeks public relations and crisis mitigation services—and *when* and *why*. If roles were reversed and the prospective client for public relations and crisis mitigation services was an actress in New York in August 2024, there can be no doubt that the public could identify the prospective client as Lively using a basic Google search.

Gender, industry segment, location, or timing of a public relations inquiry can be enough to reveal the identity of third-party prospective clients. Given the intense public scrutiny surrounding this case, the disclosure risk to third parties is heightened here. This Court has already held that "information revealing the specific identity of clients and prospective clients who have used public-relations services is sufficiently sensitive to warrant continued sealing." (Dkt. 1027 at 5.) Because these persons "did not ask to be involved in this lawsuit" (Dkt. 1163 at 2), and their privacy interests as third parties "should weigh heavily in the court's balancing equation" (Dkt. 1149 at 5 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995))), information that could be used to identify non-party clients and prospective clients should continue to be sealed.

***Non-Party, Nondisclosed Commercial Information.*** The Wallace Non-Parties also moved to continue to seal their confidential and proprietary, bespoke pricing information. (Dkt. 1149 at 4–5.) Lively recognizes that "'confidential commercial information' is likewise sufficiently sensitive to shield from public disclosure," as she explained to the Court in seeking to seal non-party commission rates. (*Id.* (quoting Dkt. 1027 at 4).)

So too here. The Wallace Non-Parties' pricing information is "confidential commercial information" akin to the non-party commission rates that Lively argues should be sealed. The need for sealing is even greater here, where both the service provider and the prospective client are non-parties, unlike Plaintiff's Lively's commission rates with WME.

Lively claims that more is needed "to show what 'competitive harm' [the Wallace Non-Parties] would endure" if their non-disclosed commercial information were revealed. (Dkt. 1206 at 2.) But her own request for continued sealing makes the same kind of statement about competitive harm that she now alleges is conclusory and insufficient. (*See id.*; Dkt. 1163 at 3 ("Disclosure of WME's confidential business information, such as commission rates it negotiates with high-profile clients such as Ms. Lively, risks harming the non-party agency's competitive standing.").) And Lively's cited case is inapposite. (*See* Dkt. 1206 at 2.) There, the court found that there was, in fact, "no secret" about the defendant's pricing and general business practices and nothing that was "even arguably confidential." *See Saks Inc. v. Attachmate Corp.*, 2015 WL 1841136, at *17-18 (S.D.N.Y. Apr. 17, 2015). That is not the case for the Wallace Non-Parties' bespoke pricing for non-party prospective clients, which is sensitive, non-public information that could cause the Wallace Non-Parties competitive harm if disclosed. (*See* Dkt. 1149 at 5.)

"[C]ourts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information." *In re B & C KB Holding GmbH*, No. 22-MC-180, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023). The Wallace Non-Parties ask that the Court do so here by continuing to seal their non-party, nondisclosed commercial information reflecting pricing offered to non-party prospective clients.

2

***References in Deposition Testimony.*** Last, Lively challenges the Wallace Non-Parties' motion to seal certain confidential information contained in Wallace's deposition.[1] Lively cites no authority for unsealing information related to payment of Wallace's legal fees. And it is irrelevant that no other party has sought to seal this information, which is personal and private to Wallace. This is private, non-disclosed information about a non-party's financial affairs that "should weigh heavily in a court's balancing equation" when considering the presumption of public access. (Dkt. 1149 at 5 (quoting *Amodeo*, 71 F.3d at 1050–51).)

Because there is no dispute about the private nature of this information, nor that Wallace has kept this information confidential, the Wallace Non-Parties ask the Court to continue to seal this information within Wallace's deposition. (Dkt. 1149 at 4–5.)

>Respectfully submitted,
>*/s/ Joel R. Glover*
>Charles L. Babcock
>SDNY #5451117
>Joel R. Glover
>SDNY #5697487
>Tori C. Emery (admitted *pro hac vice*)
>JACKSON WALKER LLP
>1401 McKinney, Suite 1900
>Houston, TX 77010
>(713)752-4200
>cbabcock@jw.com
>jglover@jw.com
>temery@jw.com

cc: all counsel of record (via ECF)

---

[1] [redacted]

3