# Exhibit 91

Docusign Envelope ID: C41CA23F-95E6-4B32-AB89-C3B4DCE2923A

**CONFIDENTIAL**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY, | No. 24-cv-10049-LJL (lead case) |
| Plaintiff, | |
| v. | |
| WAYFARER STUDIOS LLC, et al, | |
| Defendants. | |
| JENNIFER ABEL, | |
| Third-Party Plaintiff, | |
| v. | |
| JONESWORKS LLC, | |
| Third-Party Defendant. | |

### PLAINTIFF BLAKE LIVELY'S SECOND AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT WAYFARER STUDIOS LLC'S SECOND SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the Local Rules for the Southern District of New York, Plaintiff Blake Lively hereby responds and objects to the Second Set of Interrogatories (the "Interrogatories," or individually, "Interrogatory") propounded by Defendant Wayfarer Studios LLC (the "Propounding Party" or "Wayfarer") as follows:

### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Ms. Lively objects to each of the "Definitions" and "Instructions" to the extent that they seek to impose duties or obligations that exceed and/or are inconsistent with those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York

Docusign Envelope ID: C41CA23F-95E6-4B32-AB89-C3B4DCE2923A

CONFIDENTIAL

(the "Local Rules"), and/or any other order of the Court (together with the Local Rules, the "Applicable Rules").

2.      Ms. Lively objects to the definitions and instructions to the extent they assume facts not in evidence or misstate facts.  In responding to the Interrogatories, Ms. Lively does not admit the correctness or truth of any such assertions.

3.      Ms. Lively objects to the definitions of "You" and "Your" and "Lively" and "Responding Party" on the grounds that they are vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to discovery of admissible information in that the definitions include not only Ms. Lively but "*anyone else* acting or *purporting to act* on her behalf and *anyone* on whose behalf she is or was acting," such as individuals, regardless of their relationship to the allegations, claims or defenses in the Action,[1] (i) outside of an employment or agency relationship with Ms. Lively; (ii) not acting at her direction or on her behalf; (iii) not acting with her assent; (iv) not subject to her control; and/or (v) without ability to bind her by their actions. Ms. Lively further objects to the definitions to the extent they constitute an unnecessary and unwarranted invasion of privacy to third parties.  In responding to the Interrogatories, Ms. Lively will construe the terms "You," "Your," "Lively," and "Responding Party" to mean Ms. Lively.

4.      Ms. Lively objects to the definition of "Jonesworks" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to discovery of admissible information in that the definition includes not only Jonesworks LLC, but also unidentified members, managers, representatives, agents, employees, subsidiaries, affiliates, parent(s), accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or

---

[1]  As detailed in Objection No. 6, Ms. Lively will construe "Action" to mean the action pending before the United States District Court for the Southern District of New York captioned *Lively v. Wayfarer Studios LLC, et al.*, Case No. 24-cv-10049 (LJL).

Docusign Envelope ID: C41CA23F-95E6-4B32-AB89-C3B4DCE2923A

CONFIDENTIAL

purporting to act on [Jonesworks'] behalf," regardless of their relationship to the allegations, claims or defenses in the Action. Ms. Lively further objects to the definition of "Jonesworks" because it is not used in the underlying Interrogatories.

5.      Ms. Lively objects to the definition of "New York Times" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to discovery of admissible information in that the definition includes not only the New York Times Company, but also unidentified members, managers, representatives, agents, employees, subsidiaries, affiliates, parent(s), accountants, attorneys, successors, predecessors-in-interest, and anyone else "acting or purporting to act on [New York Times'] behalf," regardless of their relationship to the allegations, claims or defenses in the Action. Ms. Lively further objects to the definition of "New York Times" because it is not used in the underlying Interrogatories.

6.      Ms. Lively objects to the definition of "Action" on the grounds that it is overbroad, seeks documents that are not relevant to the allegations, claims, or defenses in the Second Amended Complaint (as defined in the Interrogatories), nor reasonably calculated to lead to the discovery of admissible information in that the definition includes *Jonesworks v. Abel et al.*, Case No. 1:25-cv-00779-LJL, a litigation to which Ms. Lively is not a party. Ms. Lively further objects to the definition of "Action" because it is not used in the underlying Interrogatories.

7.      Ms. Lively objects to the definition of "Document" on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous. Ms. Lively further objects to the definition of "Document" on the grounds that it seeks to impose obligations different from or greater than those imposed by the Applicable Rules. Ms. Lively further objects to the definition of "Document" because it is not used in the underlying Interrogatories.

Docusign Envelope ID: C41CA23F-95E6-4B32-AB89-C3B4DCE2923A

CONFIDENTIAL

8.      Ms. Lively objects to the definition of "Communication" on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, and seeks to impose obligations different from or greater than those imposed by the Applicable Rules, including without limitation that it purports to require Ms. Lively to provide information regarding oral conversations or messages that were not recorded or transcribed.  Ms. Lively further objects to the definition of "Communication" because it is not used in the underlying Interrogatories.

9.      Ms. Lively objects to the definition of "relate to" and "related to" on the grounds that it seeks to impose obligations on Ms. Lively different from or greater than those imposed by the Applicable Rules.  Ms. Lively will respond to the Interrogatories in accordance with the Applicable Rules.

10.      Ms. Lively objects to the definition of "identify" when referring to a document on the grounds that it is overbroad, vague, and ambiguous; to the extent that it imposes or can be construed to impose obligations different from or greater than those imposed by the Applicable Rules, including but not limited to Local Rule 33.3; and to the extent it purports to require Ms. Lively to identify information that is not in Ms. Lively's possession, custody or control. Ms. Lively further objects on the grounds that it is unduly burdensome and not proportional to the needs of the Action for Ms. Lively to attempt to identify (i) the author or originator of a document; (ii) each addressee of a document; (iii) all individuals designated to receive, or who have received a copy of a document; (iv) the date, title, and general subject matter of the document; (v) the present custodian of "each copy" of a document; and (vi) the last known address of each custodian. Ms. Lively further objects to this definition to the extent it purports to require Ms. Lively to create work product for the Propounding Party.

Docusign Envelope ID: C41CA23F-95E6-4B32-AB89-C3B4DCE2923A

CONFIDENTIAL

11.    Ms. Lively objects to the definition of "identify" when referring to a natural person on the grounds that it is overbroad, vague, and ambiguous; to the extent that it imposes or can be construed to impose obligations different from or greater than those imposed by the Applicable Rules, including but not limited to Local Rule 33.3; and to the extent it purports to require Ms. Lively to identify information that is not in Ms. Lively's possession, custody or control. Ms. Lively further objects on the grounds that it is unduly burdensome and not proportional to the needs of the Action for Ms. Lively to attempt to identify persons' (i) full names; (ii) current or last known residence addresses and telephone numbers; (iii) current or last known business addresses and telephone numbers; and (iv) current or last known positions or job titles. Ms. Lively further objects to this definition to the extent it purports to require Ms. Lively to create work product for the Propounding Party. Ms. Lively further objects to the definition of "identify" when referring to a natural person because "identify" is not used in that context in the underlying Interrogatories.

12.    Ms. Lively objects to the definition of "identify" when referring to an entity on the grounds that it is overbroad, vague, and ambiguous; to the extent that it imposes or can be construed to impose obligations different from or greater than those imposed by the Applicable Rules, including but not limited to Local Rule 33.3; and to the extent it purports to require Ms. Lively to identify information that is not in Ms. Lively's possession, custody or control. Ms. Lively further objects on the grounds that it is unduly burdensome and not proportional to the needs of the Action for Ms. Lively to attempt to identify the address and organizational status of an entity. Ms. Lively further objects to the definition of "identify" when referring to an entity because "identify" is not used in that context in the underlying Interrogatories.

Docusign Envelope ID: C41CA23F-95E6-4B32-AB89-C3B4DCE2923A

CONFIDENTIAL

13.     Ms. Lively objects to Instruction No. 17 to the extent that it imposes or can be construed to impose obligations different from or greater than those imposed by the Applicable Rules.

14.     Ms. Lively objects to Instruction No. 18 to the extent that it imposes or can be construed to impose obligations different from or greater than those imposed by the Applicable Rules.

15.     Ms. Lively objects to Instruction No. 20 to the extent that it imposes or can be construed to impose obligations different from or greater than those imposed by the Applicable Rules.

16.     Ms. Lively objects to Instruction No. 21 to the extent that it imposes or can be construed to impose obligations different from or greater than those imposed by the Applicable Rules.

## INTERROGATORIES

### INTERROGATORY NO. 23:

Describe in reasonable detail the "small piece of fabric" referred to in paragraph 89 of the Second Amended Complaint, including but not limited to specifying whether You were wearing briefs or a similar garment below Your waist during the birth scene.

### AMENDED RESPONSE TO INTERROGATORY NO. 23:

Ms. Lively objects to this Interrogatory as vague and ambiguous because it fails to describe the information sought with the required specificity.  Ms. Lively objects to this Interrogatory on the grounds that it is beyond the scope of the Applicable Rules, including but not limited to Local Rule 33.3.  Ms. Lively further objects to this Interrogatory on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Ms. Lively states that, separate from a strategically placed hospital gown and an exposed prosthetic belly, there were times at

6

Docusign Envelope ID: C41CA23F-95E6-4B32-AB89-C3B4DCE2923A

**CONFIDENTIAL**

which she wore only a small, thin and flat piece of black fabric to cover her genitalia in connection with the filming of the birth scene. There were various shots, including different framing and angles taken of the birth scene, which was blocked and filmed over the course of hours. During that time, separate from the strategically placed hospital gown, exposed prosthetic belly, and piece of fabric described above, Ms. Lively may have added other garments and/or a blanket for additional coverage where her full pelvic area was unlikely to be visible and interrupt the implied nudity of her genitalia that Mr. Baldoni requested of her in the scene. Ms. Lively further responds by incorporating by reference the deposition transcripts of Anne Carroll and Vivian Baker, and all exhibits attached thereto, which reference Ms. Lively's state of dress during the birth scene.

Docusign Envelope ID: C41CA23F-95E6-4B32-AB89-C3B4DCE2923A

Dated: October 9, 2025

/s/ Michael J. Gottlieb
WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Kristin E. Bender
1875 K Street NW
Washington, DC 20006
(202) 303-1000
E-mail: mgottlieb@willkie.com
kbender@willkie.com

Aaron Nathan
Michaela A. Connolly
Willkie Farr & Gallagher LLP
787 7th Avenue New York, NY 10019
(212) 728-8000
E-mail: anathan@willkie.com
mconnolly@willkie.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson
Stephanie A. Roeser
2049 Century Park East, Suite 1700
Los Angeles, California 90067
(310) 312-4000
E-mail: ehudson@manatt.com
sroeser@manatt.com

Matthew F. Bruno
Manatt, Phelps & Phillips, LLP
7 Times Sq
New York, NY 10036
(212) 790-4500
E-mail: mbruno@manatt.com

DUNN ISAACSON RHEE LLP
Meryl C. Governski (pro hac vice)
401 Ninth Street, NW
Washington, DC 20004
(202) 240-2900
mgovernski@dirllp.com

8

Docusign Envelope ID: C41CA23F-95E6-4B32-AB89-C3B4DCE2923A

*Attorneys for Blake Lively*

Docusign Envelope ID: C41CA23F-95E6-4B32-AB89-C3B4DCE2923A

## VERIFICATION OF INTERROGATORY RESPONSES

I, Blake Lively, state that I have reviewed the foregoing Second Amended Responses and Objections to the Defendant Wayfarer's Second Set of Interrogatories to Plaintiff Blake Lively, and that the information contained therein is accurate to the best of my knowledge, information, and belief.  Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 9th day of October, 2025.



_____
BLAKE LIVELY

Docusign Envelope ID: C41CA23F-95E6-4B32-AB89-C3B4DCE2923A

## CERTIFICATE OF SERVICE

I certify that on October 9, 2025, the foregoing was served on all counsel of record via email.

/s/ Michaela A. Connolly
Michaela A. Connolly