# Exhibit 248

CONFIDENTIAL

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ---------------------------------------
 3   STEPHANIE JONES, JONESWORKS LLC,
 4                         Plaintiffs,
 5           -against-
 6   JENNIFER ABEL, MELISSA NATHAN, JUSTIN
     BALDONI, WAYFARER STUDIOS LLC, and JOHN
 7   DOES 1-10,
 8                         Defendants.
 9   Case No. 1:25-cv-00779-LJL
     ---------------------------------------
10
11                           September 30, 2025
                             10:02 a.m.
12
13
14          CONFIDENTIAL DEPOSITION of
15   JUSTINE HARRIS, taken by Defendants,
16   pursuant to Notice, held at the offices
17   of MEISTER SEELIG & FEIN PLLC, 125 Park
18   Avenue, New York, New York before Wayne
19   Hock, a Notary Public of the State of
20   New York.
21
22
23
24
25
                                          Page 1
```

| | | |
|---|---|---|
| 1 | ownership interests in the corporate | 10:08:50 |
| 2 | entity. | 10:08:51 |
| 3 | There were also two public | 10:08:52 |
| 4 | filings related to Vanzan that I also | 10:08:59 |
| 5 | reviewed. | 10:09:00 |
| 6 | Q.   Who are the owners of Vanzan? | 10:09:01 |
| 7 | A.   Blake Lively and her husband | 10:09:02 |
| 8 | Ryan Reynolds are each fifty percent | 10:09:07 |
| 9 | owners in the company. | 10:09:10 |
| 10 | Q.   Has that always been the | 10:09:12 |
| 11 | case? | 10:09:14 |
| 12 | A.   Yes. | 10:09:14 |
| 13 | Q.   And who are the officers of | 10:09:14 |
| 14 | Vanzan? | 10:09:16 |
| 15 | A.   Ms. Lively is the president. | 10:09:16 |
| 16 | Ryan Reynolds is the vice president and | 10:09:18 |
| 17 | the CFO. | 10:09:20 |
| 18 | Q.   And has that always been the | 10:09:21 |
| 19 | case? | 10:09:24 |
| 20 | A.   Yes. | 10:09:24 |
| 21 | Q.   And what are their duties as | 10:09:24 |
| 22 | each, if you know? | 10:09:26 |
| 23 | A.   Their -- I could describe to | 10:09:27 |
| 24 | you the general business and purpose of | 10:09:33 |
| 25 | Vanzan and I think that would help | 10:09:36 |

Page 12

| | | |
|---|---|---|
| 1 | explain what their duties are. | 10:09:38 |
| 2 | Q. Sure. | 10:09:40 |
| 3 | A. Vanzan was established after | 10:09:41 |
| 4 | they were married in 2019 to handle | 10:09:45 |
| 5 | payroll and other administrative | 10:09:50 |
| 6 | matters for a variety of household | 10:09:53 |
| 7 | employees of Mr. Reynolds and Ms. | 10:09:56 |
| 8 | Lively. As described as I learned from | 10:09:59 |
| 9 | Allen Chanzis, there's a variety of | 10:10:02 |
| 10 | paperwork, not only payroll, but each | 10:10:08 |
| 11 | of the employees -- a hundred percent | 10:10:11 |
| 12 | of the employees who are paid through | 10:10:13 |
| 13 | Vanzan have nondisclosure agreements. | 10:10:15 |
| 14 | There are health benefits and other | 10:10:21 |
| 15 | employee benefits that are handled | 10:10:23 |
| 16 | through Vanzan, sometimes paperwork | 10:10:27 |
| 17 | related to other administrative | 10:10:27 |
| 18 | matters, bonuses are paid out at | 10:10:28 |
| 19 | year-end. And so Ms. Lively's role as | 10:10:30 |
| 20 | president of Vanzan involves delegating | 10:10:38 |
| 21 | and giving authority to Mr. Chanzis, | 10:10:40 |
| 22 | who is the business manager with | 10:10:45 |
| 23 | respect to matters relating to those | 10:10:48 |
| 24 | topics. | 10:10:50 |
| 25 | Q. And has she given that | 10:10:51 |

Page 13

| | | |
|---|---|---|
| 1 | A.  I don't know if, sitting here | 10:32:06 |
| 2 | today, I can remember every question | 10:32:08 |
| 3 | and every answer.  But essentially she | 10:32:10 |
| 4 | described -- we walked through the | 10:32:13 |
| 5 | e-mail correspondence that I believe | 10:32:15 |
| 6 | was produced in -- by Vanzan in | 10:32:17 |
| 7 | connection with the subpoena that was | 10:32:20 |
| 8 | served and explained the nature of the | 10:32:22 |
| 9 | communications that she had with Quinn | 10:32:26 |
| 10 | Emanuel about technical issues with the | 10:32:31 |
| 11 | productions, the scope of the subpoena, | 10:32:34 |
| 12 | what kinds of searches were conducted | 10:32:37 |
| 13 | or not. | 10:32:40 |
| 14 | She also confirmed that they | 10:32:41 |
| 15 | did receive, in fact, the materials | 10:32:44 |
| 16 | from Quinn Emanuel who at the time was | 10:32:47 |
| 17 | representing Jones and Jonesworks. | 10:32:52 |
| 18 | She also confirmed that, to | 10:32:56 |
| 19 | her knowledge, there were no | 10:32:59 |
| 20 | communications between Vanzan and Jones | 10:33:00 |
| 21 | or Jonesworks until she, as Vanzan's | 10:33:04 |
| 22 | representative, began to engage in | 10:33:09 |
| 23 | communications with a representative | 10:33:12 |
| 24 | from Jones and Jonesworks in connection | 10:33:13 |
| 25 | with service of the subpoena and the | 10:33:17 |

Veritext Legal Solutions
Calendar-CA@veritext.com 866-299-5127

| | | |
|---|---|---|
| 1 | collection of documents. | 10:33:20 |
| 2 | Q.    Did she tell you about any | 10:33:21 |
| 3 | oral communications she had with | 10:33:23 |
| 4 | Stephanie Jones or any representatives | 10:33:27 |
| 5 | thereof? | 10:33:30 |
| 6 | A.    She did -- she did not -- she | 10:33:31 |
| 7 | said her -- excuse me, withdrawn.  Let | 10:33:35 |
| 8 | me start again. | 10:33:38 |
| 9 | Her communications with Jones | 10:33:39 |
| 10 | and Jonesworks as in her capacity as a | 10:33:45 |
| 11 | representative of Vanzan were limited | 10:33:50 |
| 12 | to the communications she had with | 10:33:53 |
| 13 | Quinn Emanuel. | 10:33:55 |
| 14 | Q.    Did you ever ask Ms. Bender | 10:33:57 |
| 15 | if anyone on behalf of Blake Lively | 10:33:59 |
| 16 | spoke with anyone on behalf of | 10:34:03 |
| 17 | Stephanie Jones via phone? | 10:34:05 |
| 18 | MS. O'DONNELL: Objection as | 10:34:07 |
| 19 | to form.  Objection.  Outside the | 10:34:08 |
| 20 | scope of the topics. | 10:34:11 |
| 21 | MR. BRUNO: Join. | 10:34:12 |
| 22 | THE WITNESS:  I inquired of | 10:34:12 |
| 23 | both Ms. Bender and Ms. Lively | 10:34:16 |
| 24 | whether Vanzan, which I understand | 10:34:20 |
| 25 | to be the topic listed, whether | 10:34:21 |

Veritext Legal Solutions
Calendar-CA@veritext.com 866-299-5127

| | | |
|---|---|---|
| 1 | to try to keep recounting to the | 10:57:11 |
| 2 | best of my ability exactly the | 10:57:16 |
| 3 | nature of the conversation. | 10:57:17 |
| 4 | Ms. Lively had given the | 10:57:19 |
| 5 | information to counsel, the | 10:57:24 |
| 6 | information she had learned from | 10:57:26 |
| 7 | Ms. Jones subsequent to that.  As | 10:57:28 |
| 8 | president of Vanzan, she engaged | 10:57:33 |
| 9 | and Vanzan engaged counsel prior | 10:57:38 |
| 10 | about eight or nine days, I think, | 10:57:42 |
| 11 | roughly prior to the filing of the | 10:57:45 |
| 12 | state court litigation.  Ms. Lively | 10:57:47 |
| 13 | confirmed that she, on behalf of | 10:57:51 |
| 14 | Vanzan, authorized the filing of | 10:57:53 |
| 15 | the lawsuit.  She then, subsequent | 10:57:55 |
| 16 | to the filing of the lawsuit in | 10:58:01 |
| 17 | state court, as president of | 10:58:03 |
| 18 | Vanzan, authorized the service of | 10:58:06 |
| 19 | the subpoena.  She then, again, in | 10:58:08 |
| 20 | her capacity as Vanzan president, | 10:58:16 |
| 21 | received and reviewed the materials | 10:58:18 |
| 22 | produced by Jonesworks in response | 10:58:21 |
| 23 | to the subpoena. | 10:58:23 |
| 24 | Subsequent to that, she | 10:58:26 |
| 25 | authorized the dismissal, the | 10:58:29 |

Page 63

| | | |
|---|---|---|
| 1 | voluntary dismissal of the lawsuit | 10:58:31 |
| 2 | in December of 2024. | 10:58:34 |
| 3 | She also confirmed that other | 10:58:37 |
| 4 | than whatever communications her | 10:58:44 |
| 5 | lawyer -- excuse me, whatever | 10:58:47 |
| 6 | communications Vanzan's lawyers had | 10:58:49 |
| 7 | had with Quinn Emanuel about the | 10:58:51 |
| 8 | service of the subpoena in | 10:58:53 |
| 9 | connection with the state court | 10:58:57 |
| 10 | litigation, she confirmed that | 10:58:59 |
| 11 | Vanzan did not have any | 10:59:02 |
| 12 | communications with Jones or | 10:59:03 |
| 13 | Jonesworks at all. | 10:59:06 |
| 14 | Q.  You testified that Ms. Lively | 10:59:09 |
| 15 | told you that she authorized Vanzan to | 10:59:14 |
| 16 | file the state court lawsuit; right? | 10:59:17 |
| 17 | A.  On behalf of Vanzan, that's | 10:59:19 |
| 18 | correct. | 10:59:20 |
| 19 | Q.  Did you ask Ms. Lively why | 10:59:20 |
| 20 | she didn't commence that suit in her | 10:59:23 |
| 21 | own name? | 10:59:25 |
| 22 | MS. O'DONNELL: Objection. | 10:59:26 |
| 23 | You can answer. | 10:59:28 |
| 24 | THE WITNESS:  I did not ask | 10:59:29 |
| 25 | that question. | 10:59:31 |

| | | |
|---|---|---|
| 1 | damages to Vanzan? | 02:44:50 |
| 2 |       MR. BRUNO: Objection to form. | 02:44:53 |
| 3 |       MS. O'DONNELL: Objection as | 02:44:54 |
| 4 | to form.  Objection as to the | 02:44:54 |
| 5 | attorney-client privilege. | 02:44:57 |
| 6 |       You can testify to the extent | 02:44:58 |
| 7 | your answer doesn't call for | 02:45:00 |
| 8 | disclosure of attorney-client | 02:45:02 |
| 9 | privileged communications. | 02:45:04 |
| 10 |       THE WITNESS:  I don't have | 02:45:05 |
| 11 | nonprivileged information that | 02:45:13 |
| 12 | would specifically identify the | 02:45:18 |
| 13 | basis or explain the lawyers' | 02:45:20 |
| 14 | decisions in paragraph four. | 02:45:24 |
| 15 |    Q.   With respect to paragraph | 02:45:27 |
| 16 | seven, can you tell me what | 02:45:37 |
| 17 | nonprivileged knowledge you have that | 02:45:40 |
| 18 | Vanzan is not privy to the names or | 02:45:44 |
| 19 | identities of the individual defendants | 02:45:47 |
| 20 | Does One through Ten? | 02:45:50 |
| 21 |       MS. O'DONNELL: Objection as | 02:45:51 |
| 22 | to form.  Asked and answered. | 02:45:52 |
| 23 | Discussed in paragraph seven. | 02:45:55 |
| 24 | Objection as to the attorney-client | 02:45:56 |
| 25 | privilege. | 02:45:59 |

Page 224

| | | |
|---|---|---|
| 1 | You can answer to the extent | 02:45:59 |
| 2 | it doesn't require any disclosure | 02:46:00 |
| 3 | of attorney-client communications. | 02:46:03 |
| 4 | MR. BRUNO: Join. | 02:46:07 |
| 5 | THE WITNESS: So I, as | 02:46:07 |
| 6 | Vanzan's corporate representative, | 02:46:17 |
| 7 | do not have nonprivileged | 02:46:21 |
| 8 | information about the specific | 02:46:24 |
| 9 | allegation or the basis for the | 02:46:29 |
| 10 | allegation relating to the lack of | 02:46:40 |
| 11 | information about the individuals | 02:46:43 |
| 12 | who breached or upon information | 02:46:46 |
| 13 | and belief breached their | 02:46:51 |
| 14 | contractual obligations and other | 02:46:54 |
| 15 | obligations to Vanzan. | 02:46:56 |
| 16 | Q.    I'm looking at paragraph | 02:46:57 |
| 17 | thirteen. | 02:47:00 |
| 18 | Can you tell me what | 02:47:00 |
| 19 | nonprivileged information or knowledge | 02:47:01 |
| 20 | that you have that, in or around August | 02:47:04 |
| 21 | of 2024, the Doe defendants breached | 02:47:07 |
| 22 | the Doe duties? | 02:47:10 |
| 23 | MS. O'DONNELL: Objection as | 02:47:11 |
| 24 | to form.  Not objection as to form | 02:47:12 |
| 25 | but objection as to attorney-client | 02:47:18 |

Page 225