# Exhibit 250

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| VANZAN, INC.,<br><br>      Plaintiff,<br><br>    -against-<br><br>DOES 1-10, inclusive,<br><br>      Defendants. | Index No. 655130/2024<br><br>**SUBPOENA DUCES TECUM** |

TO: Stephanie Jones
   Jonesworks, LLC
   c/o Quinn, Emanuel, Urquhart & Sullivan LLP
   51 Madison Avenue, 22nd Floor
   New York, New York 10010

YOU ARE HEREBY COMMANDED, all business and excuses being laid aside, to produce at the law offices of Manatt, Phelps & Phillips, LLP, 7 Times Square, New York, New York 10036, by October 21, 2024, true and complete copies of the documents requested on Schedule "C" annexed hereto, which you have in your possession, custody or control. The documents sought by Vanzan, Inc. are material and necessary to the above-captioned action (the "Action") because they relate to issues and matters to be tried in the Action. Failure to comply with this subpoena is punishable as a contempt of court.

Dated: New York, New York
    October 1, 2024

MANATT, PHELPS & PHILLIPS, LLP

By: _____
Samantha J. Katze
7 Times Square
New York, New York 10036
Tel.: (212) 790-4500
Fax: (212) 790-4545
*Attorneys for Plaintiff Vanzan, Inc.*

CONFIDENTIAL   VANZAN_000044

## SCHEDULE "A"

## DEFINITIONS

1. The term "document(s)" is used in the broadest sense and includes all written, typed, printed, electronic, recorded or graphic statements, communications or other matter, in any medium, however produced or reproduced, both original and copies, and all attachments and appendices thereto, in Your possession, custody or control from a cellular telephone, including but not limited to matter in the form of documents, communications, text and instant messages, emails and attachments, chats and chat logs from various third-party applications (including, but not limited to, Gmail, Outlook, Signal, WhatsApp, Telegram, Instagram, TikTok, and Facebook), notes, items, files, photos, video/sound recordings, browser history, location data, and/or other records.

2. The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of each request all responses that might otherwise be construed as outside their scope.

3. The term "any" includes the word "all" and the term "all" includes the word "any."

4. The term "concerning" (and any variant thereof) shall mean relating to, referring to, reflecting, describing, evidencing, constituting, alluding to, responding to, pertaining to, connected with, commenting on or in respect of, analyzing, touching upon, being, regarding, supporting, refuting, arising out of, and/or in connection with, and shall be construed in the broadest sense of the word.

5. The term "communication" shall mean the transmittal or receipt of information by any means, including, without limitation, interviews, face-to-face conversations and meetings,

telephonic conversations and meetings, writings, letters, notes, documents given or received, facsimile transmissions, electronic mail (email), electronic bulletin boards, instant messages, text messages, video/sound recordings, photos, screenshots, voicemail messages, iMessages, chats and chat logs from various third-party applications (including, but not limited to, Gmail, Outlook, Signal, SnapChat, WhatsApp, Telegram, Instagram, TikTok, YouTube, Reddit and Facebook), or any other electronic means of transmitting information.

6. The singular includes the plural, and vice versa, and reference to any gender includes the other gender.

7. The past tense shall include the present tense, and vice versa.

8. The term "You" or "Your" shall refer to Jonesworks, LLC and any of Jonesworks, LLC's past or present employees, representatives, or agents, including but not limited to, Stephanie Jones, individually or collectively.

9. The term "Lively" shall refer to Blake Lively, and any of her past or present employees, representatives, or agents, individually or collectively.

10. The term "Reynolds" shall refer to Ryan Reynolds, and any of his past or present employee, representatives, or agents, individually or collectively.

11. The term "Lively/Reynolds Companies" shall refer to any of Lively and/or Reynolds' affiliated or related companies, including but not limited to Betty Buzz, LLC, Family Hive LLC dba Blake Brown Beauty, Aviation Gin LLC, Mint Mobile LLC, and Maximum Effort Productions LLC, and their respective employees, representatives or agents, individually or collectively.

12. The "Film" shall refer to the film *It Ends With Us*, released on August 2024, starring Blake Lively and Justin Baldoni.

CONFIDENTIAL                                                                                                                    VANZAN_000046

## SCHEDULE "B"

## INSTRUCTIONS

1.  The Subpoena concerns, refers, relates and applies to any and all electronic records, data, documents, and communications in Your possession, custody or control collected from a cellular telephone containing the requested information.

2.  Each individual request for documents herein shall be construed independently and without reference to any other request for document production for the purpose of limitation, unless otherwise specified in an individual request.

3.  You are obligated to conduct a reasonable investigation in order to locate and produce any documents sought by this Subpoena. Thereafter, if any of the documents cannot be located in full, produce the portion of those documents that can be located, specifying the reasons for the inability to produce the remainder and with detailed explanations of all efforts made to locate and produced the requested documents.

4.  If any documents within the scope of this Subpoena have been destroyed, lost, transferred to others or otherwise disposed of, You are requested to provide a list of the following information for each of the affected documents: (i) a description of the document and its contents; (ii) the number of pages; (iii) whether the document contained attachments or appendices and a description thereof; (iv) the date the document was prepared; (v) the date the document was destroyed, lost, transferred to others or otherwise disposed of; (vi) the recipient and location of all copies of the document; (vii) the names, employment positions and addresses of the author and/or preparer of the document as well as any recipients of the document; and (viii) a description in detail of all efforts made to find, recover, or produce the requested document.

CONFIDENTIAL

5. This Subpoena is a continuing one. If, after producing documents, You obtain or become aware of any further documents responsive to this Subpoena, You are required to produce such additional documents.

6. To the extent that You consider any of these requests for documents to be objectionable, produce documents responsive to the portion of a given request to which there is no objection. Separately identify the portion of the request thereof to which You lodge an objection and state the specific grounds on which You object.

7. If any document covered by this Subpoena is withheld by reason of a claim of privilege, a written notice pursuant to CPLR 3122 is to be furnished at the time that documents are produced identifying each document for which the privilege is claimed specifically by its nature (e.g., letter, memorandum etc.) together with the following information: (a) the date of the document; (b) the names of its author(s) or preparer(s); (c) the names of each person who was sent or furnished with the document or received, viewed or has had custody of the document; (d) the general subject matter of the document; (e) a statement of the legal ground for the claim of privilege; (f) the length of the document; and (g) the individual document request(s) to which the document relates. In the event the parties agree to the use of a categorical approach to privilege logs in this action, such privilege log shall be provided in compliance with Section 202.20-a of the Uniform Civil Rules for the Supreme Court and the County Court and/or any agreement between the parties.

8. If refusal to comply with a document request is stated on the grounds of such production being burdensome, identify the efforts needed to search for and produce the documents, the location and present custodian of such documents, and the estimated number of hours and cost required to conduct a search for and produce the aforesaid documents.

CONFIDENTIAL

VANZAN_000048

9. If You encounter any ambiguity in construing any of the document requests, or a definition or construction relevant to a document request, You shall make Your best effort to interpret the request, definition or instruction within the context of this litigation. Along with the production, set forth the matter deemed ambiguous and the construction or interpretation You have used in responding.

10. Pursuant to CPLR 3122(c), the documents shall be produced as they are kept in the regular course of business or organized and labeled to correspond with the request to which they are responsive.

11. Each page of a produced document shall have a legible, unique page identifier ("Bates Number") and confidentiality legend (where applicable) on the face of the image at a location that does not obliterate, conceal, or interfere with any information from the source document. Redactions should be clearly marked or stamped on the page in such a way that it is clear from review that a portion of the image has been redacted.

12. These requests shall not be construed to require You to furnish to any information, documents or records related to Your clients, other than Justin Baldoni, Jamey Heath, and Wayfarer Studios LLC unless such information, documents or records concern the matters specifically addressed herein. These requests also shall not be construed and in no way to require production of any irrelevant personal, financial, employment, or otherwise private information related to any of Your employees.

13. Unless otherwise stated in a specific request, these requests seek responsive information and documents authored, generated, disseminated, drafted, produced, reproduced or otherwise created or distributed or relating to the period from December 1, 2022 through the present.

CONFIDENTIAL

VANZAN_000049

## SCHEDULE "C"

## DOCUMENTS REQUESTED

1. All documents and communications concerning Lively, Reynolds, their families, and/or the Lively/Reynolds Companies.

2. All documents and communications concerning instances of actual or apparent inappropriate conduct relating to sexual harassment or retaliation in connection with the production, development, marketing, publicity, or public relations of, for or related to the Film.

3. All documents and communications concerning allegations of actual or apparent inappropriate conduct relating to sexual harassment or retaliation in connection with the production, development, marketing, publicity, or public relations of, for or related to the Film.

4. All documents and communications concerning investigations or other responses to allegations of actual or apparent inappropriate conduct relating to sexual harassment or retaliation in connection with the production, development, marketing, publicity, or public relations of, for or related to the Film.

5. All documents and communications concerning the marketing and publicity efforts or press related to the Film, related to retaliatory efforts to disparage Lively, Reynolds and/or the Lively/Reynolds Companies for any reason, including for reporting inappropriate conduct relating to sexual harassment during the production of the Film and individuals involved in such efforts, or in anticipation of public disclosure of such conduct.

6. All documents and communications concerning with respect to each of categories 1-5, retaliatory actions taken in anticipation of the Lively, Reynolds, their families, and/or the Lively/Reynolds Companies making public disclosures or bringing claims regarding actual or apparent inappropriate conduct relating to sexual harassment, in an effort to discredit,

CONFIDENTIAL                                                                                                    VANZAN_000050

undermine credibility or otherwise harm Lively, Reynolds, their families, or the Lively/Reynolds Companies.

-8-

CONFIDENTIAL                                                                                                      VANZAN_000051