# GIBSON DUNN

Ilissa Samplin
Partner
T: +1 213.229.7354
M: +1 516.732.0245
isamplin@gibsondunn.com

January 5, 2025

VIA ECF
The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1620
New York, NY 10007

Re: *Lively v. Wayfarer Studios LLC, et al*., No. 1:24-cv-10049-LJL

Dear Judge Liman:

We write on behalf of non-party Sony Pictures Entertainment ("SPE"), pursuant to Rule 4.b of Attachment A to the Court's Individual Rules, to request that the Court maintain under seal certain portions of documents filed in support of (i) the Wayfarer Parties' Motion for Summary Judgment (Dkt. 960); (ii) Plaintiff Lively's opposition to the Wayfarer Parties' Motion for Summary Judgment (Dkt. 1070); (iii) the Wayfarer Parties' Opposition to Plaintiff Lively's Motion for Spoliation Sanctions (Dkt. 1005); and (iv) Third-Party Plaintiff Abel's opposition to Third-Party Defendant Jonesworks LLC's Motion for Spoliation Sanctions (Dkt. 1009).

SPE has carefully evaluated the sealed documents and requests that the Court seal a very modest amount of SPE material filed in connection with the aforementioned filings:  (i) narrowly tailored portions of deposition testimony, texts, and emails of SPE employees, (ii) highly sensitive terms of a commercial agreement between an SPE affiliate and certain of the Wayfarer Parties, and (iii) personal phone numbers of SPE employees (collectively, the "SPE Material").

No presumption of public access attaches to the SPE Material because none of it is relevant to this Court's judicial function in considering the summary judgment and sanctions motions with which the material was filed.  SPE's request for sealing should be granted for this reason alone. At most, the SPE Material plays a negligible role in the Court's exercise of its judicial function. Any presumption of access that could attach to the material therefore is low—and easily outweighed by (i) the privacy interests of SPE's employees in the testimony, texts, and emails at issue, and (ii) SPE's commercial interests in protecting the highly sensitive financial terms of its production, financing, and distribution agreements.  Given the at best negligible relevance of the SPE Material to the filings before the Court, any opposition to this sealing request would not appear directed at advancing this case—but rather at harassing or embarrassing non-parties to "gratify private spite or promote public scandal" on matters irrelevant to the issues before this Court.  *Nixon v. Warner Comm's, Inc.*, 435 U.S. 589, 598 (1978) (citation omitted).

The Court should grant SPE's sealing request in full.

# GIBSON DUNN

January 5, 2025
Page 2

## I. The SPE Material

The SPE Material and grounds for sealing are summarized in the following table and explained in further detail below.[1]

| SPE Material | Basis for Sealing |
|---|---|
| **Wayfarer Parties' Motion for Summary Judgment [Dkt. 960]** | |
| Declaration of Alexandra Shapiro ("Shapiro Decl."), Exhibit 12 at 236:3-12, 296:17 (redaction) [Dkt. 954-12] | Not relevant to the performance of the judicial function; privacy interests of non-party employee. |
| Shapiro Decl. Ex. 23 (sealed in full) [Dkt. 954-23]; Memorandum of Law at 47 [Dkt. 960] (redacting quote from Ex. 23); Rule 56.1 Statement ¶ 16 [Dkt. 953] (redacting dollar figure from Ex. 23) | Not relevant to the performance of the judicial function; highly sensitive, confidential commercial information that would harm non-party if disclosed. |
| Shapiro Decl. Ex. 72 at SPF_WF0000312 [Dkt. 954-72] | Not relevant to the performance of the judicial function; privacy interests of non-party employee. |
| Shapiro Decl. Ex. 120 at SPE_BL0004527 (redactions) [Dkt. 954-116] | Not relevant to the performance of the judicial function; privacy interests of non-party employee. |
| Shapiro Decl. Ex. 179 at SPE_WF0000740, -741 (redactions) [Dkt. 954-175] | Not relevant to the performance of the judicial function; privacy interests of non-party employee. |
| Shapiro Decl. Ex. 196 at SPE_BL0023202 (redactions) [Dkt. 954-192] & Rule 56.1 Statement ¶ 288(a) (redacting quote of Ex. 196 at SPE_BL0023202) | Not relevant to the performance of the judicial function; privacy interests of non-party employee. |

---

[1] SPE has proposed targeted redactions for all exhibits that are the subject of this sealing Motion (except for Shapiro Decl. Ex. 23, Dkt. 963-23, for which SPE requests sealing in full). Sealed copies of the exhibits are attached to this Motion with the proposed redactions highlighted. As reflected in the above table, portions of the exhibits at issue are quoted in (i) the Wayfarer Parties' and Lively's Rule 56.1 Statements, and (ii) the two memoranda of law in opposition to Lively's Motion for Spoliation Sanctions. SPE has attached excerpts of the foregoing Rule 56.1 Statements and the memoranda of law in opposition to the spoliation sanctions motion identifying the specific SPE material for which redactions are permanently sought. To the extent these excerpts may include redactions, those redactions concern information designated by the parties and/or other non-parties that are not the subject of SPE's Motion. Relatedly, because certain of these materials may implicate material designated by other parties, SPE has not submitted redacted copies of the documents at issue in this Motion, but are prepared to do so at the Court's request and/or after the Court has ruled on the Motion.

**GIBSON DUNN**

January 5, 2025
Page 3

| | |
|---|---|
| Shapiro Decl. Ex. 197 at SPE_WF0000762 (redactions) [Dkt. 954-193] & Rule 56.1 Statement ¶ 288(b) (redacting quotes of Ex. 197 at SPE_WF0000762) [Dkt. 953] | Not relevant to the performance of the judicial function; privacy interests of non-party employees. |
| Shapiro Decl. Ex. 198 at SPE_WF0000794 (redactions) [Dkt. 954-194] & Rule 56.1 Statement ¶ 288(c) (redacting quote of Ex. 198 at SPE_WF0000794) [Dkt. 953] | Not relevant to the performance of the judicial function; privacy interests of non-party employees. |
| Shapiro Decl. Ex. 243 at SPE_BL00009643, -644 (redactions) [Dkt. 954-239] | Personally identifiable information (personal phone numbers) |
| **Lively's Opposition to Defendants' Motion for Summary Judgment [Dkt. 1070]** ||
| Counter-Rule 56.1 Statement ¶ 16 (redacting dollar figure quoted from Shapiro Decl. Ex. 23, *supra*), ¶ 288(a) (redacting quotes of Ex. 196 at SPE_BL0023202, *supra*); ¶ 288(b) (redacting quotes of Ex. 197 at SPE_WF0000762, *supra*); ¶ 288(c) (redacting quote of Ex. 198 at SPE_WF0000794) [Dkt. 1074]; ¶ 572 (redacting reference to Ex. 17) | Not relevant to the performance of the judicial function; highly sensitive, confidential commercial information that would harm non-party if disclosed; privacy interests of non-party employees. |
| Declaration of Michael Gottlieb ("Gottlieb Decl."), Ex. 96 (Expert Report of Jennifer Freyd) (redactions of material concerning SPE not cited in opposition papers at pages 16, 21-26) [Dkt. 1072-96] | Not relevant to the performance of the judicial function. |
| Gottlieb Decl. Ex. 17 (redaction to 221:1–225:5) [Dkt. 1072-17]; Lively's Counter-Rule 56.1 Statement ¶¶ 122, 123, 138, 141, 144, 572 (targeted redactions citing Gottlieb Ex. 17) [Dkt. 1075] | Not relevant to the performance of the judicial function; privacy interests of non-party employees. |
| Gottlieb Decl. Ex. 124 (targeted redactions at pages 11-13, 18) [Dkt. 1072-124] | Not relevant to the performance of the judicial function; privacy interests of non-party employees. |
| **Defendants' Opposition to Lively's Motion for Spoliation Sanctions [Dkt. 1003]** ||
| Declaration of Ellyn S. Garofalo, Exhibit 21 at SPE_WF0000416 [Dkt. 1006-21] & Memorandum of Law in Opposition to Lively's Motion for Sanctions at 12 [Dkt. 1003] (quoting Ex. 21) | Not relevant to the performance of the judicial function; privacy interests of non-party employee. |
| **Third-Party Plaintiff Abel's Opposition to Jonesworks LLC's Motion for Spoliation Sanctions [Dkt. 1010]** ||

# GIBSON DUNN

January 5, 2025
Page 4

| Declaration of Ellyn S. Garofalo, Exhibit 32 at SPE_WF0000416 [Dkt. 1011-32] & Memorandum of Law in Opposition to Jonesworks LLC's Motion for Sanctions at 11 [Dkt. 1010] | Not relevant to the performance of the judicial function; privacy interests of non-party employee. |
|---|---|

## II.  The Court Should Permanently Seal The SPE Material

"[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*")). Instead, "the item filed must be relevant to the performance of the judicial function . . . in order for it to be designated a judicial document." *Id.*  A document is relevant to the performance of the judicial function "if it would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers." *Brown*, 929 F.3d at 49 (emphasis omitted). If the documents sought to be sealed "are not relevant to the performance of [the] judicial function, no presumption of public access attaches." *Id.*; Mem. Op. & Order, Dkt. 1027 at 4 (citing cases holding same).  If the presumption of public access applies, continued sealing of documents is justified when "necessary to preserve higher values" provided "the sealing order is narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).  As this Court has recognized, such higher values include "protecting significant substantial privacy interests, such as the physical safety of litigants, witnesses, or third parties," Dkt. 1027 at 3 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)), as well as protecting "confidential commercial information," *id.* at 4 (quoting *Spencer-Smith v. Ehrlich*, 2025 WL 1115019, at *2 (S.D.N.Y. Apr. 15, 2022) (citing cases)).

None of the SPE Material—a narrowly tailored subset of SPE-produced information designated as Attorneys' Eyes Only under the Protective Order, Dkt. 125—is relevant to the performance of the Court's judicial function.  For the reasons explained below, the SPE Material should play no role in this Court's exercise of its Article III duties in resolving the motions for summary judgment and sanctions with which the SPE Material was filed.  Even if it did, any role would be "negligible," with a low presumption of access, *Brown*, 929 F.3d at 49-50, outweighed by (i) the privacy interests of non-party individual employees, *Amodeo*, 71 F.3d at 1050, and (ii) SPE's commercial interests in the highly sensitive financial terms of its contract with Wayfarer that would irreparably harm SPE if disclosed, *Spencer-Smith*, 2025 WL 1115019, at *2.  SPE has judiciously narrowed its sealing requests to the greatest extent possible in seeking to protect its private interests and those of its employees.  *Lugosch*, 435 F.3d at 124.

**Shapiro Decl. Ex. 12 at 236:3-12, 296:17 (redaction) [Dkt. 954-12].**  This is sensitive deposition testimony of a SPE employee that is not cited in any parties' filings.  The testimony SPE seeks to redact on page 296 was included with the Wayfarer Parties' Motion for Summary Judgment only because it exists on the same page as *other* testimony the Wayfarer Parties cited and which SPE is not seeking to permanently seal.  The testimony SPE seek to redact on page 236

**GIBSON DUNN**

is not cited in the parties' motions. The redacted testimony therefore cannot possibly have any relevance to the judicial function. *See* Dkt. 1027 (citing *Robinson v. De Niro*, 2023 WL 3728350, at *3 (S.D.N.Y. May 26, 2023)). The only ostensible basis to unseal such testimony would be to "gratify private spite or promote public scandal" in private, third-party discourse, further supporting that it should be permanently sealed. *Amodeo*, 71 F.3d at 1051 (quoting Nixon, 435 U.S. at 598).

**Shapiro Decl. Ex. 23 [Dkt. 954-23]; Rule 56.1 Statement ¶ 16 [Dkt. 953]; Memorandum of Law at 47 [Dkt. 960]; Lively Counter-Rule 56.1 Statement ¶ 16 [Dkt. 1074].** Exhibit 23 is a co-financing, co-production, and distribution agreement between SPE affiliate Columbia Pictures Industries, Inc. and certain of the Wayfarer Parties (part of which is quoted in the Wayfarer Parties' Memorandum of Law at page 47, Dkt. 960, and Rule 56.1 Statement ¶ 16, Dkt. 1074). The exhibit contains extremely sensitive financial and distribution terms that SPE treats as strictly confidential to preserve its competitive position in the film and television industry. Public disclosure of these terms would materially harm SPE by allowing competitors and counterparties to potentially exploit the agreement in future negotiations. That is precisely why the agreement is subject to a strict confidentiality provision, *see* Ex. 23 at SPE_BL0000041-42, as is customary with SPE's financing, production, and distribution agreements (and such agreements in the industry writ large). The agreement's terms are "confidential commercial information and trade secrets" of the type courts in this Circuit routinely seal permanently. *Spencer-Smith v. Ehrlich*, 2025 WL 1115019, at *2 (S.D.N.Y. Apr. 15, 2022) (citing cases); Dkt. 1027 (permanently sealing in this action confidential business information of non-parties Jed Wallace and Street Relations Inc.). The Wayfarer Parties consent to the sealing of this document and SPE understand Wayfarer will also be moving to seal this document. The Court should seal the agreement in full in addition to the specific quotation in the Wayfarer Memorandum at Rule 56.1 Statement which are immaterial and irrelevant to resolution of the Wayfarer Summary Judgment Motion.

**Shapiro Decl. Ex. 120 [Dkt. 954-116]; Shapiro Decl. Ex. 72 [Dkt. 954-72]; Shapiro Decl. Ex. 179 [Dkt. 954-175].** Exhibit 120 is a text message thread in which SPE has proposed a targeted redaction over a single text that is not relied upon in the Wayfarer Parties' Summary Judgment Motion; the document is cited in the Wayfarer Parties' Rule 56.1 Statement (¶ 208), but in support of a proposition unrelated to the specific message SPE seeks to redact. Exhibit 72 also is a text message thread in which SPE has proposed targeted redactions over texts that the Wayfarer Parties again do not rely upon for their Motion; the document is cited in the Wayfarer Parties' Rule 56.1 statement (¶ 61), but in support of a proposition unrelated to the specific messages SPE seeks to redact. Finally, Exhibit 179 is an email chain in which SPE has proposed targeted redactions over specific communications that are not relied upon in the Wayfarer Parties' Summary Judgment Motion; the document is cited in the Wayfarer Parties' Rule 56.1 statement (¶ 271), but again in support of a proposition unrelated to the emails in the chain that SPE seeks to redact. Because SPE's proposed redactions for Exhibits 120, 72, and 179 do not concern matters on which any party is relying in connection with the underlying motions, the redacted material cannot possibly "have [any] relevance to the judicial function," Dkt. 1027 (citing *Robinson*, 2023 WL 3728350, at *3). SPE's request that this material remain redacted should thus be granted.

# GIBSON DUNN

**Shapiro Decl. Exs. 196 [Dkt. 954-192], 197 [Dkt. 954-193], and 198 [Dkt. 954-194]; Rule 56.1 Statement ¶¶ 288(a), (b), (c) [Dkt. 953]; Lively Counter-Rule 56.1 Statement ¶¶ 288(a), (b), (c) [Dkt. 1074].** Exhibits 196, 197 and 198 are text and email threads cited in paragraph 288 of the parties' Rule 56.1 Statements (Dkts. 953, 1074); that paragraph is in turn cited once in the background section of Wayfarer's Memorandum of Law (Dkt. 960 at 16). The information is not material to resolution of the summary judgment motion and reflects private emails from non-party employees who were not even deposed in this case and that lack foundation, context, and are hearsay. The privacy interests of those third-party employees who have had no opportunity to explain the inadmissible statements on immaterial matters included only for "background" justify permanent sealing of the material underlying the narrowly tailored redactions applied to these documents.

**Garofalo Decl. Ex. 21 [Dkt. 1006-21] & Defendants' Response to Lively's Motion for Sanctions at 12 [Dkt. 1003]; Garofalo Decl. Ex. 32 [Dkt. 1011-32] & Third-Party Plaintiff Abel's Opposition to Jonesworks LLC's Motion for Sanctions at 11 [Dkt. 1010]**. Exhibits 21 and 32 to the foregoing Garofalo Declarations are the same text message thread in which SPE has proposed targeted redactions over two texts. One word from one text is quoted in one sentence in the background sections of Defendants' Response to Lively's Motion for Spoliation Sanctions (Dkt. 1005 at 12), and in Third-Party Plaintiff Abel's Opposition to Jonesworks LLC's Motion for Sanctions (Dkt. 1009 at 11), and the other text is not quoted at all. The background sentence (which is identical in both memoranda) has no bearing on the two underlying Motions for Spoliation Sanctions or the responses thereto. The texts relate to an inflammatory and irrelevant statement from a non-party employee who was not deposed in this case, with no opportunity to explain it. The texts have no foundation, lack context, and are inadmissible. Permitting them to be unsealed, especially where it has no bearing on the Court's exercise of the judicial function, would improperly antagonize or harass "innocent third[-]part[y] employees" with potentially "embarrassing conduct." *Amodeo*, 71 F.3d at 1050. The texts at issue and the quotes of the text in the background sections of the opposition papers (Dkt. 1005 at 12, Dkt. 1009 at 11) should permanently be sealed.

**Shapiro Decl. Ex. 243 [Dkt. 954-239]**. This email includes the personal phone numbers of non-party SPE employees. SPE seeks to redact those phone numbers to protect the employees' privacy interests. *See* Dkt. 1027 at 4-5 (permitting permanent sealing of personal phone numbers and citing cases permitting same). There is no reason for these third-party individuals' personal contact details to be publicly exposed.

**Gottlieb Decl. Exs. 96 [Dkt. 1072-96], 17 [Dkt. 1072-17] and 124 [Dkt. 1072-124]; Lively's Counter-Rule 56.1 Statement ¶¶ 122, 123, 138, 141, 144, 572 [Dkt. 1075].** Exhibit 96 is the expert report of Jennifer Freyd, retained by Lively to provide testimony about psychology theory. Lively submitted the entire report in opposition to the Wayfarer Parties' Summary Judgment Motion, but only specifically cites pages 10 and 16 at paragraph 442 of Lively's Counter-Rule 56.1 Statement (Dkt. 1075). The proposition at paragraph 442 does not relate to SPE. The report nonetheless discusses SPE policy and describes in detail purported conduct of an SPE employee taken out of context—all of which is completely irrelevant to the underlying

# GIBSON DUNN

motions—as demonstrated by the fact that this material is not cited by Lively in her opposition papers (*see* proposed redactions at 16, 21-26; although Lively cites page 16 at paragraph 442 of her Counter-Rule 56.1 Statement, the proposition is unrelated to the sentence on page 16 that SPE seeks to redact).

In addition, at page 26 of the Exhibit 96, the expert selectively quotes a sentence of an email from a SPE executive to create an inflammatory impression, while *omitting* the subsequent sentence that changes the quote's meaning. But the underlying email the expert is quoting (which reveals the missing context) is not included in the papers, and the executive that wrote the email was not deposed. There was no reason to include this portion (or any other portion of Exhibit 96 in Lively's opposition, discussed above) beyond the specific portions on which Lively is relying.

Paragraph 572 of Lively's Counter Rule 56.1 Statement purports to describe Wayfarer/IEWUM's conduct, but then includes a gratuitous, unnecessary, and antagonistic reference to an SPE employee and purported SPE conduct. Paragraphs 122, 123, 138, 141, and 144 unnecessarily criticize the same SPE employee in a manner irrelevant to the motion. Exhibit 124 is the expert report of Michael Robbins, Ms. Lively's expert on harassment, and Exhibit 17 is a transcript of his deposition; SPE seeks to redact narrowly tailored portions of these two exhibits that unnecessarily criticize the same SPE employee. SPE is not a party to this action and was not responsible for the production of the film. The SPE employee whom the Frey report, Robbins report and deposition attack—and whom Paragraphs 122, 123, 138, 141, 144, and 572 of the Counter 56.1 Statement unnecessarily criticize—is a private person, not a party to this lawsuit. SPE's proposed redactions are narrowly tailored to protect the professional and privacy interests of a SPE employee. Permitting these statements to become public via purported expert testimony opining on this SPE's employee's supposed obligations—where this material is not relevant to Lively's opposition arguments—simply harasses an innocent third party.

In sum, the SPE Material has no relevance to the judicial function and implicates the substantial privacy interests of non-parties, as well as SPE's private commercial interests, that far exceed any possible public interest in access to them. "Courts have long declined to allow public access simply to cater to a morbid craving for that which is sensational," *Amodeo*, 71 F.3d at 1051 (cleaned up)—a consideration that is especially acute here, given the immense public scrutiny of this action. SPE has taken care to tailor its sealing requests so as not to seek to seal any more than it believes is necessary to protect SPE and its employees. To the extent the Court believes any of SPE's proposed redactions should be narrowed, SPE respectfully requests an opportunity to propose such redactions before any SPE Material is unsealed.

SPE respectfully submits that the Court should grant SPE's sealing request in full, and thanks the Court for its attention to this matter.

# GIBSON DUNN

January 5, 2025
Page 8

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Ilissa Samplin*

*Attorneys for Non-Party SPE*