**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BLAKE LIVELY,

Plaintiff,

v.

WAYFARER STUDIOS LLC, JUSTIN
BALDONI, JAMEY HEATH, STEVE
SAROWITZ, IT ENDS WITH US MOVIE LLC,
MELISSA NATHAN, THE AGENCY GROUP
PR LLC, JENNIFER ABEL, JED WALLACE,
and STREET RELATIONS INC.,

Defendants.

No. 1:24-cv-10049-LJL

**MEMORANDUM OF LAW IN SUPPORT OF THE WAYFARER PARTIES'**
**MOTION FOR SUMMARY JUDGMENT**

misconduct sufficient to justify a court in finding a corporation to be an alter ego." *Id.* There was no manipulative conduct by Wayfarer or IEWUM here. Lively was represented by sophisticated entertainment counsel during her negotiations with IEWUM, and her counsel knew that the contractual counterparty would be a "designated production service entity" (ultimately, IEWUM), not Wayfarer itself—as is customary in the film industry. 56.1 ¶¶13-14; Heath Decl. ¶¶7-8. Indeed, it was Lively's counsel who redlined the Offer Letter to substitute IEWUM as "Producer," whereas the initial draft had defined "Producer" as "Wayfarer Studios or its designated production service entity." 56.1 ¶355; Exs. 260-61. Any suggestion that it was manipulative or "bad faith" for IEWUM to be the counterparty is also belied by *Lively's* own use of a loanout company—Blakel, Inc.—as counterparty to the alleged agreements.

   *Second*, Lively cannot establish IEWUM and Wayfarer had "such unity of interest and ownership that the separate personalities of the corporation and the [member] no longer exist." *Guifu Li*, 281 F.R.D. at 403. IEWUM maintained its own separate bank accounts and funds, had its own counsel and independently engaged the cast and crew of the film, only a few of whom were Wayfarer employees. 56.1 ¶15; Heath Decl. ¶10. Although Wayfarer and its employees provided some support to IEWUM on the film, that is common in the film industry, and IEWUM paid Wayfarer $1,500,000 for those services pursuant to Wayfarer's co-financing agreement with Sony's subsidiary, Columbia. 56.1 ¶16; Heath Decl. ¶11; Ex. 23 at -02.

### C. Lively's Alleged Damages For Breach Are Barred By The "Limitations On Damages" Provision Of The ALA And Are Not Cognizable In Any Case

   Even if Lively could establish a triable fact on her breach of contract claims, most, if not all her asserted damages would be barred by the ALA's "Limitations on Damages" clause, which excludes "consequential and/or incidental and/or special and/or punitive damages." Although California law prohibits pre-dispute "limitations on damages for willful injury to the person or