# EXHIBIT B

CONFIDENTIAL

Page 1

```
 1            UNITED STATES DISTRICT COURT
 2        FOR THE SOUTHERN DISTRICT OF NEW YORK
 3                     ---oOo---
 4
 5   BLAKE LIVELY,
 6              Plaintiff,
 7     vs.        CASE NO. 24-CV-10049-LJL (LEAD CASE)
                              25-CV-449 (LJL) (MEMBER CASE)
 8
     WAYFARER STUDIOS LLC, ET AL.
 9
                Defendants.
10   _____
     JENNIFER ABEL,
11             Third-party Plaintiff,
       vs.
12   JONESWORKS, LLC,
                Third-party Defendant.
13   _____
     WAYFARER STUDIOS LLC, et al.
14             Consolidated Plaintiffs,
       vs.
15   BLAKE LIVELY, et al.
                Consolidated Defendants.
16   _____
17
18                    **CONFIDENTIAL**
19
20     VIDEO-RECORDED DEPOSITION OF JENNIFER ABEL
21               Los Angeles, California
22             Friday, September 26, 2025
23   Stenographically Reported by:  Ashley Soevyn,
     CALIFORNIA CSR No. 12019
24
25
```

CONFIDENTIAL

Page 2

```
 1              UNITED STATES DISTRICT COURT
 2          FOR THE SOUTHERN DISTRICT OF NEW YORK
 3                        ---oOo---
 4
 5   BLAKE LIVELY,
 6              Plaintiff,
 7     vs.        CASE NO. 24-CV-10049-LJL (LEAD CASE)
                              25-CV-449 (LJL) (MEMBER CASE)
 8
     WAYFARER STUDIOS LLC, ET AL.
 9
                Defendants.
10   _____
     JENNIFER ABEL,
11              Third-party Plaintiff,
       vs.
12   JONESWORKS, LLC,
                Third-party Defendant.
13   _____
     WAYFARER STUDIOS LLC, et al.
14              Consolidated Plaintiffs,
       vs.
15   BLAKE LIVELY, et al.
                Consolidated Defendants.
16   _____
17                   **CONFIDENTIAL**
18           Video-recorded Deposition of
19   JENNIFER ABEL, taken on behalf of the Plaintiff
20   Blake Lively, Pursuant to Notice, at the offices of
21   Willkie Farr & Gallagher, 2029 Century Park East,
22   Los Angeles, California beginning at 9:12 a.m.  and
23   ending at 6:52 p.m. on Friday, September 26, 2025,
24   before me, ASHLEY SOEVYN, California Certified
25   Shorthand Reporter No. 12019.
```

CONFIDENTIAL

Page 3

```
 1   A P P E A R A N C E S:
 2
 3   For the Plaintiffs Stephanie Jones and Jonesworks
 4   LLC:
 5            QUINN EMANUEL URQUHART & SULLIVAN
 6            BY:  KRISTIN TAHLER
 7            BY:  LAURENNE M. BABAYAN
 8            Attorneys at Law
 9            865 S. Figueroa Street
10            8th Floor
11            Los Angeles, California 90017
12            kristintahler@quinnemanuel.com
13            laurennebabayan@quinnemanuel.com
14            (212) 849-7000
15   -AND-
16            QUINN EMANUEL URQUHART & SULLIVAN
17            BY:  MAAREN A. SHAH
18            Attorney at Law
19            51 Madison Avenue
20            22nd Floor
21            New York, New York 10010
22            maarenshah@quinnemanuel.com
23            (212) 849-7000
24
25
```

CONFIDENTIAL

Page 4

```
 1   A P P E A R A N C E S:
 2
 3   For the Plaintiff Blake Lively:
 4           MANATT PHELPS & PHILLIPS LLP (Not present)
 5           BY:  STEPHANIE ROESER
 6           BY:  KATELYN CLIMACO
 7           Attorneys at Law
 8           2049 Century Park East
 9           Suite 1700
10           Los Angeles, California 90067
11           sroeser@manatt.com
12           kclimaco@manatt.com
13           (310) 312-4207
14
15
16
17
18
19
20
21
22
23
24
25
```

CONFIDENTIAL

Page 5

```
 1   A P P E A R A N C E S:
 2
 3   For the Plaintiff Blake Lively:
 4            WILLKIE FARR & GALLAGHER
 5            BY:  MICHAEL GOTTLIEB
 6            Attorney at Law
 7            2029 Century Park East
 8            Los Angeles, California 90067
 9            mgottlieb@willkie.com
10            (310) 855-3000
11   -AND-
12            WILLKIE FARR & GALLAGHER
13            BY:  MELISSA TAUSTINE
14            BY:  KRISTIN BENDER
15            Attorneys at Law
16            1875 K Street
17            Northwest
18            Washington, D.C. 20006
19            mtaustine@willkie.com
20            kbender@willkie.com
21            (202) 303-1245
22
23
24
25
```

CONFIDENTIAL

Page 6

1  A P P E A R A N C E S:
2
3  For the Plaintiff Blake Lively:
4           WILLKIE FARR & GALLAGHER
5           BY:   AARON E. NATHAN
6           Attorney at Law
7           787 Seventh Avenue
8           New York, New York 10019
9           anathan@willkie.com
10          (212) 728-8000
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

CONFIDENTIAL

Page 7

```
 1   A P P E A R A N C E S:
 2   For the Defendants Wayfarer Studios LLC, Jennifer
 3   Abel, Melissa Nathan and Justin Baldoni, Jamey Heath
 4   and Steve Sarowitz:
 5           LINER FREEDMAN TAITELMAN+COOLEY
 6           BY:  BRYAN FREEDMAN
 7           BY:  SUMMER BENSON
 8           BY:  JASON SUNSHINE (VIA ZOOM)
 9           Attorneys at Law
10           1801 Century Park West, 5th Floor
11           Los Angeles, California 90067
12           bfreedman@lftcllp.com
13           sbenson@lftcllp.com
14           jsunshine@lfcllp.com
15           (310) 201-0005
16
17
18
19
20
21
22
23
24
25
```

CONFIDENTIAL

Page 8

1  A P P E A R A N C E S:
2  For the Defendants Wayfarer Studios LLC, Jennifer
3  Abel, Melissa Nathan and Justin Baldoni, Jamey Heath
4  and Steve Sarowitz:
5
6            AHOURAIAN LAW
7            BY: MITRA AHOURAIAN (VIA ZOOM)
8            Attorney at Law
9            2029 Century Park East
10           Suite 400
11           Los Angeles, California 90067
12           mitra@ahouraianlaw.com
13           (310) 376-7878
14
15  For the Defendants Jed Wallace and Street Relations,
16  Inc.:
17           JACKSON WALKER LLP
18           BY:  JOEL R. GLOVER
19           Attorney at Law
20           1401 McKinney Street
21           Suite 1900
22           Houston, Texas 77010
23           jglover@jw.com
24           (713) 752-4226
25

CONFIDENTIAL

**Page 9**

```
 1   A P P E A R A N C E S:
 2   Also Present:
 3   Melissa Nathan
 4   Jamey Heath, Defendant (Via Zoom)
 5   Justin Baldoni, Defendant (Via Zoom)
 6   Chelsea Gilchrist, Veritext Legal Solutions
 7   Concierge (Via Zoom)
 8   Jonathan Bach, Esq. (Via Zoom)
 9   Jacob Florez, Videographer
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
                                                              Page 10
 1                  INDEX TO EXAMINATION
 2    WITNESS:  JENNIFER ABEL
 3
 4
 5    EXAMINATION BY:                                     PAGE
 6    MR. GOTTLIEB                                          19
 7
 8
 9
10    WITNESS INSTRUCTION NOT TO ANSWER
11    PAGE                              LINE
12    312                                  7
13    312                                 17
14    314                                  7
15    316                                  8
16    377                                 24
17
18
19
20
21
22
23
24
25
```

CONFIDENTIAL

Page 312

```
 1   BY MR. GOTTLIEB:
 2        Q    Okay.  So other than what you've
 3   discussed with your counsel, you do not have an
 4   understanding of how Mr. Reynolds extorted you?
 5        A    Again, I'm hesitant to speak to something
 6   that might be privileged.  So...
 7        Q    Okay.  I'm asking you, other than the
 8   conversations you had with your lawyers, do you know
 9   anything, as you sit here today, about how it is
10   that Mr. Reynolds extorted you?
11             MR. FREEDMAN:  And, again, I'll instruct
12   you not to answer anything that's attorney-client
13   privilege, anything that we've discussed.
14             THE WITNESS:  I -- I -- it falls under
15   this.
16   BY MR. GOTTLIEB:
17        Q    And I will ask you the same question
18   about Ms. Lively.  How did Ms. Lively extort you?
19             MR. FREEDMAN:  Same instruction.
20             THE WITNESS:  I believe it's under the
21   same provision.
22   BY MR. GOTTLIEB:
23        Q    You sued both Ms. Lively and Mr. Reynolds
24   for defamation; is that right?
25        A    Yes.
```

1        A    Outside of what I discussed with my
2    lawyers and been made aware of with my lawyers, I
3    believe that is one of the things that he has
4    participated in.  In addition to the correspondence
5    and such that we have -- that's been made available
6    to me and during this discovery.
7        Q    All right.  Ms. Abel, as a pure factual
8    matter, are you aware of any statement that
9    Ryan Reynolds has ever -- a statement, something he
10   said, ever, about you?
11             MR. FREEDMAN:  Again, I will instruct you
12   not to answer as to the content of that statement.
13   You can say yes or no, but not what you've learned
14   from counsel.
15             THE WITNESS:  It's hard to answer it
16   based on what we've learned from counsel.
17             MR. FREEDMAN:  Again, if you've gotten
18   that information as a result of discovery in this
19   case from me and that we've discussed this or any
20   other lawyer --
21             THE WITNESS:  Uh-huh.
22             MR. FREEDMAN:  -- I will instruct you not
23   to answer.
24             THE WITNESS:  Okay.  I cannot answer.
25

Page 315

```
 1   BY MR. GOTTLIEB:
 2        Q    Okay.  So I -- for the purposes of having
 3   a clear record --
 4        A    Uh-huh.
 5        Q    -- other than what you may have learned
 6   in conversations with your lawyers, you cannot
 7   identify for me any statement that Mr. Reynolds has
 8   ever made about you; is that right?
 9             MR. FREEDMAN:  Same instruction.
10             THE WITNESS:  Outside of what I've
11   learned from my lawyers, I can't recall a statement
12   that he has made about me personally, publicly.
13   BY MR. GOTTLIEB:
14        Q    You sued Ms. Lively and Mr. Reynolds for
15   intentional interference with contractual relations;
16   is that correct?
17        A    Yes.
18        Q    What contract that you're aware of did
19   Mr. Reynolds -- of yours -- did Mr. Reynolds
20   interfere with?
21             MR. FREEDMAN:  Same instruction.
22             THE WITNESS:  I'm not able to answer that
23   without divulging privileged communications.
24   BY MR. GOTTLIEB:
25        Q    Let me try this another way.
```

Page 316

1       A    Sure.
2       Q    Have you ever had a contract with
3    Ryan Reynolds?
4       A    With Ryan Reynolds, no.
5       Q    Have you ever had a contract with
6    Ms. Lively?
7       A    No.
8       Q    Okay.  As you sit here today, are you
9    aware of any contract that you have ever had with
10   anyone that Mr. Reynolds or Ms. Lively interfered
11   with?
12           MR. FREEDMAN:  That's just a yes or a no.
13   Otherwise, I'll instruct you not to answer what
14   we've discussed.
15           THE WITNESS:  I'm not able to answer that
16   without divulging attorney privileged
17   communications.
18   BY MR. GOTTLIEB:
19      Q    Ms. Abel, you have -- I'm going to talk a
20   little about your communications devices and
21   practices.
22           How many email accounts did you -- have
23   you used between, let's call it January of 2024 to
24   the present?  Can you list the email accounts that
25   you've used?

Federal Rules of Civil Procedure

Rule 30

(e) Review By the Witness; Changes.

(1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A) to review the transcript or recording; and

(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

(2) Changes Indicated in the Officer's Certificate. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

DISCLAIMER:  THE FOREGOING FEDERAL PROCEDURE RULES ARE PROVIDED FOR INFORMATIONAL PURPOSES ONLY. THE ABOVE RULES ARE CURRENT AS OF APRIL 1, 2019.  PLEASE REFER TO THE APPLICABLE FEDERAL RULES OF CIVIL PROCEDURE FOR UP-TO-DATE INFORMATION.

VERITEXT LEGAL SOLUTIONS

COMPANY CERTIFICATE AND DISCLOSURE STATEMENT

Veritext Legal Solutions represents that the foregoing transcript is a true, correct and complete transcript of the colloquies, questions and answers as submitted by the court reporter. Veritext Legal Solutions further represents that the attached exhibits, if any, are true, correct and complete documents as submitted by the court reporter and/or attorneys in relation to this deposition and that the documents were processed in accordance with our litigation support and production standards.

Veritext Legal Solutions is committed to maintaining the confidentiality of client and witness information, in accordance with the regulations promulgated under the Health Insurance Portability and Accountability Act (HIPAA), as amended with respect to protected health information and the Gramm-Leach-Bliley Act, as amended, with respect to Personally Identifiable Information (PII). Physical transcripts and exhibits are managed under strict facility and personnel access controls. Electronic files of documents are stored in encrypted form and are transmitted in an encrypted

fashion to authenticated parties who are permitted to access the material. Our data is hosted in a Tier 4 SSAE 16 certified facility.

Veritext Legal Solutions complies with all federal and State regulations with respect to the provision of court reporting services, and maintains its neutrality and independence regardless of relationship or the financial outcome of any litigation. Veritext requires adherence to the foregoing professional and ethical standards from all of its subcontractors in their independent contractor agreements.

Inquiries about Veritext Legal Solutions' confidentiality and security policies and practices should be directed to Veritext's Client Services Associates indicated on the cover of this document or at www.veritext.com.