Exhibit 280

| From: | Mitz Toskovic <████████████> |
|---|---|
| Sent: | Thu, 24 Oct 2024 14:02:42 -0400 (EDT) |
| To: | Laura Voglesong <████████████> |
| Cc: | ████████████  ████████████ |
| Subject: | Re: Invoice 1010 from RWA Communications |
| Attachments: | RWA__PR_Services_Agreement___Wayfarer___Justin_Baldoni___Fully_Executed_Copy.pdf |

Attaching here the signed Services agreement with RWA for reference.

  Mitz Tošković
████████████

On Thu, Oct 24, 2024 at 10:39 AM Laura Voglesong <████████████> wrote:
Good morning - is this approved to pay (and may I assume all future invoices from RWA are approved since they've replaced Jonesworks)?

Please note: I've requested the backup (receipts) for the airfare reimbursement listed on the invoice.

Please let me know.
Thank you,
Laura

On Fri, Oct 18, 2024 at 3:13 PM RWA Communications <████████████> wrote:



## Your invoice is ready!

BALANCE DUE

# $18,074.20

Pay Invoice

BANK

Dear Wayfarer Studios,

We appreciate your business. Please find your invoice details here. Feel free to contact us if you have any questions.

Have a great day!
RWA Communications

RWA Communications

Exhibit: **27**

Witness: **HEATH**

Date: 10/9/25

CSR#12019: Ashley Soevyn

JONESWORKS_WAYFARER_000003754



RWAcommunications.com

If you receive an email that seems fraudulent, please check with the business owner before paying, or you can forward the email to security@intuit.com so we can look into it. Read more at security.intuit.com.

Powered by QuickBooks
© 2024 Intuit, Inc. All rights reserved.
Privacy | Security | Terms of Service

CONFIDENTIAL



## PUBLIC RELATIONS SERVICES AGREEMENT

This Public Relations Services Agreement (the "Agreement") is entered into by and between RWA Communications, LLC, a California LLC (hereafter, the "Company"), and Justin Baldoni and Wayfarer Studios (hereafter, the "Client") (each individually a "Party" and together, the "Parties") on October 1st, 2024.

In consideration of the mutual promises and covenants hereinafter made by the Parties, the Company and Client agree as follows:

1. **Services**.        Client hereby engages Company as its exclusive public relations counsel to provide strategic communications services as described in Schedule A, attached hereto (the "Services").

2. **Term**. The period of Client's engagement of Company to perform the Services under this Agreement (the "Term") shall be six (6) months, commencing on October 1st 2024 and concluding on April 1st 2025 (the "Initial Term"). Thereafter, the Agreement shall automatically renew for successive one (1) month terms (the "Extended Term") unless sooner terminated pursuant to the provisions of this Agreement.

3. **Services Fee**. As consideration for the Services, during the Term Client hereby agrees to pay the Company a sum of $15,000.00 per month (the "Services Fee"). Payment shall be made by Client per the following timeline:

   - Upon execution of the Agreement: Client to pay Company $20,000.00.

   - Thereafter, Company will email Client an invoice monthly in advance, and thereafter payment of $15,000.00 shall be due by Client to Company on the 1st of each month.

Company shall provide Client with the necessary information to remunerate the payment to Company.

If additional public relations services other than those designed on Schedule A are requested by Client of Company, an additional fee shall be negotiated in good faith and memorialized in writing by Client and Company prior to the provision of such additional services, and such fee shall be payable by Client in advance of the provision of such services by Company.

1

Doc ID: 83f39c9dd67e982242df813b013354d3cd676659

CONFIDENTIAL

JONESWORKS_WAYFARER_000003756

4. **Expenses**.    Client understands and agrees that Client is responsible for all of Company's reasonable and customary third-party costs and expenses incurred in connection with performing the Services, as well as all travel costs, including but not limited to airline transportation and accommodations (the "Expense(s)"), provided that:

    a.  Client shall pre-approve all Expenses exceeding $500.00 (USD), such approval to not unreasonably be withheld;

    b.  Company may require Client to pay in advance any Expense exceeding $3,000.00 (USD) before Company incurs such expense;

    c.  Any and all air travel required by Company in the completion of the Services for Client shall be at no less than business class and all hotel accommodations required by Company in the completion of the Services for Client shall be no less than four stars; and

In any month that Company incurs Expenses, Company shall invoice Client for said Expenses and payment shall be due no later than ten (10) business days following the date of the invoice.

5. **Exclusivity; Provider of Services; Independent Contractor**.

    a.  During the Term, Client will not engage any other person, firm or corporation to act in the capacity of Client's public relations services representative. Client hereby appoints Company as the Client's sole public relations services representative for the Term of this Agreement and any renewals, in all matters usually and normally within the jurisdiction and authority of public relations services representatives.

    b.  Client hereby expressly acknowledges that Company's services hereunder are not exclusive, and Company shall, at all times, be free to perform the same or similar services for others, as well as engage in any and all other business activities.

    c.  Client expressly acknowledges that this contract is entered into between Client and RWA Communications LLC and not any individual or groups of individuals now employed by or hereafter employed by RWA Communications LLC. Client expressly acknowledges that any individual hired by RWA Communications LLC can execute this Agreement.

    d.  Company's relationship with Client during the Term of this Agreement shall be that of an independent contractor.

6. **No Partnership**.    This Agreement shall not be construed to create a partnership, joint venture or other such similar relationship between Client and Company.

7. **Representations and Warranties**.

    a.  Company shall provide the Services in a professional manner and in accordance with the goals mutually established by Client and Company.

2

b. Client and Client's representatives shall at all times engage with Company and Company's representatives in a professional, honest and ethical manner.

c. Company shall take reasonable steps to keep Client informed of Company's progress, including current and upcoming placements. Nonetheless, Client understands and agrees that outside factors may affect the implementation of the Services and Company cannot make any representations or warranties that Client's desired placements or publicity will appear in media whenever or wherever desired.

d. The Client represents and warrants that any materials or information provided by the Client to the Company for the purpose of completing the Services are accurate, true and correct.

8. **Confidentiality**.    Throughout Client's engagement of the Company hereunder, the Client may disclose or provide Company with confidential, proprietary and/or sensitive information about the Client, its customers or other related parties ("Confidential Information"). Company shall use reasonable efforts to keep Confidential Information confidential, provided that Company may disclose such information to third-parties in order to fulfill its obligations under this Agreement or to its legal representatives. Company shall not use such information for any purpose beyond the performance of Company's service hereunder, unless otherwise required by law or a court of competent jurisdiction. Company may, however, use Client's name as part of its client list and publicly acknowledge that it is undertaking work for Client pursuant to this Agreement without specifying the nature of Services. For the avoidance of doubt, Confidential Information shall not include information: (a) which is or later becomes publicly available through no wrongful act of Company; (b) known by Company prior to Client's disclosure to Company in connection with this Agreement; or (c) is independently developed by Company without reliance on information disclosed by Client. Notwithstanding the foregoing, Company is not liable for any third-party's disclosure of Client's Confidential Information. Upon the expiration or termination of this Agreement, and at the request of Client, Company shall return or destroy all of Client's Confidential Information in Company's possession. This Section 8 shall survive the expiration or termination of this Agreement.

9. **Termination**.

a. Either Party may terminate this Agreement upon the other Party's material breach of this Agreement, provided that the non-breaching Party shall furnish notice of such breach to the breaching Party and the breaching Party shall have ten (10) business days following such notice to cure the breach. If the breach is not cured within such ten (10) business day period, the non-breaching Party may terminate this Agreement immediately.

   i. Client acknowledges and agrees that in the event that Service Fee or Expenses due by Client to Company are not paid in accordance with this Agreement, the Company reserves the right and is entitled to immediately suspend any services hereunder, including the Services, until such time as all outstanding payments are received by Company. For the avoidance of doubt, the non-payment by Client of any Service Fee or Expenses subject to the terms of this Agreement shall amount

3

Doc ID: 83f39c9dd67e982242df813b013354d3cd676659

to a material breach for which this Agreement may be terminated subject to <u>Section 10 (a)</u>.

b. Company may terminate this Agreement immediately upon giving written notice to the Client, on or after the date of the occurrence of any one of the following events:

    i. Client becomes the subject of any voluntary or involuntary proceeding in bankruptcy, liquidation, dissolution, receivership, attachment, assignment or composition for the benefit of creditors;

    ii. Client makes a material misrepresentation in connection with this Agreement; or

    iii. Client is accused, arrested and/or convicted of any felony crime involving an act of moral turpitude, violence or dishonesty.

c. This Agreement may be terminated by either Party without cause upon thirty (30) days' prior written notice to the other Party of the intent to terminate the Agreement.

d. In the event of termination or expiration of this Agreement, Client shall remain liable for all payments due for all Services rendered and Expenses incurred up to the date of termination, provided that if the Agreement terminates on a date other than the first of the month, the Services Fee for the final month of the Agreement shall be pro-rated accordingly.

e. Termination of this Agreement by either Party shall not limit any other right or remedy which said Party may have under this Agreement at law, in equity or otherwise.

10. **Indemnification**.

a. Company shall have no obligation to indemnify Client for any third-party claims, losses, damages, actions, liabilities or costs against or of Client arising out of, resulting from or in connection with Company's representation of Client, the Services or this Agreement. Without limiting the foregoing, Company shall not be liable for any delay in or omission of publication or transmission, or for any error in any press or other publication, to the extent that such delay, omission or error is outside of the Company's control or is the result of any third-party's action or inaction.

b. Client shall indemnify, defend and hold harmless Company and all of its respective officers, directors, members, employees, agents, partners, affiliates, principals, contractors and affiliates from and against any and all actions, causes of action, suits, claims, proceedings (formal or informal), investigations, judgments, deficiencies, settlements, inquiries, and demands of whatever nature or kind, as well as from and against all damages, liabilities, losses, costs, charges and expenses (including, without limitation, reasonable attorneys' fees, legal costs and expenses) (each a "Claim") to the extent that the Company gives Client notice within thirty (30) days of any such Claim(s) and such Claim(s) arise(s) out of or relate(s) to: (i) the negligence or willful misconduct of the Client; (ii) any material

4

Doc ID: 83f39c9dd67e982242df813b013354d3cd676659

JONESWORKS_WAYFARER_000003759

breach or alleged breach of the Client's representations, warranties, duties, obligations or covenants contained in this Agreement; (iii) any unauthorized use, misappropriation, or direct or indirect infringement of any third-party's patent, copyright, trademark, trade secret or other proprietary right by the Client; (iv) any other acts or omissions by the Client in connection with this Agreement; or (v) the failure of Client to make any payment of taxes and/or assessments required to be made by Client in connection with the Services and/or this Agreement.

11. **Dispute Resolution; Governing Law.**

    a. The Parties shall use good faith efforts to resolve any disputes arising in connection with this Agreement and the relationship established hereunder amongst them. To the extent that the Parties cannot reach a timely resolution of any dispute within twenty (20) business days, any such disputes shall be submitted to binding arbitration in Los Angeles County, California, governed by the rules of the American Arbitration Association and before an arbitrator selected by mutual agreement of the Parties hereto, or, if the Parties hereto cannot agree, in accordance with the rules of the American Arbitration Association. The Parties shall notify each other of any such dispute or claim prior to the thirtieth (30th) day after termination or expiration of this Agreement. Judgment upon the award rendered may be entered in any court of competent jurisdiction. The prevailing party shall be entitled to recover reasonable attorneys' fees and other reasonable costs and expenses attributable to such arbitration, including without limitation, the arbitrator's fees and expenses, in addition to other relief to which such prevailing party is entitled.

    b. This Agreement will be governed by and construed in accordance with the laws of the State of California, without giving effect to the conflicts of law principles of such State.

12. **Notices.**    Any notice required or permitted to be given under this Agreement shall be sufficient if in writing and shall be deemed to have been duly given if delivered by hand, email or by mail, and as addressed to:

Client
Wayfarer Studios
417 S. Beverly Dr.
Beverly Hills, CA. 90212

Company
RWA Communications LLC
c/o Jennifer Abel
119 N. Swall Drive
Beverly Hills, CA 90211

████████████████████

All notices complying with this section shall be deemed to have been received on the date of delivery if delivered by hand or electronically. All notices complying with this section shall be

5

Doc ID: 83f39c9dd67e982242df813b013354d3cd676659

CONFIDENTIAL

deemed to have been received on the date of postmark via United States Certified Mail if delivered by mail.

13. **Amendment**.  This Agreement may only be amended with the written consent of both Parties.

14. **Assignment; Successors and Assigns.**     The Parties may not assign their respective rights under this Agreement without the express prior written consent of the other party, provided that the Company shall have the right to assign this Agreement without Client's prior written consent in the event of merger, sale, conversion and/or acquisition of all or substantially all of Company's assets. Any purported assignment, transfer, delegation or other disposition in violation of this Section 14 shall be null and void and a material breach of this Agreement. Subject to the foregoing, this Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and their respective heirs, legal representatives, successors and permitted assigns, and will not benefit any person or entity other than those enumerated in this Section 14.

15. **Minors**.     If Client is under 18 years of age as of the date of this Agreement (a "Minor"), the undersigned parent or legal guardian acknowledges that they are not only signing this Agreement on their behalf, but also on behalf of the Minor Client and that the Minor Client shall be bound by all of the terms of this Agreement. Additionally, by signing this Agreement as the parent or legal guardian of the Minor Client, the parent or legal guardian understands that they are also waiving rights on behalf of the Minor Client that the Minor Client otherwise may have. The undersigned parent or legal guardian agrees that, but for the foregoing, the Minor Client would not be permitted to participate in the Agreement. By signing this Agreement without a parent or legal guardian's signature, Client, under penalty of fraud, represents that they are at least 18 years of age. If signing as the parent or guardian of a Minor Client, signing adults represent under penalty of fraud that they are a legal parent or guarding of the minor Client.

16. **No Waiver**.   The failure or delay by either Party to enforce any term or provision of this Agreement shall not operate or be construed as a waiver of any subsequent enforcement of the same or any other provision contained in this Agreement. All waivers must be in a separate writing, signed by the Party permitting the waiver.

17. **Headings**.    The headings of the sections of this Agreement are for reference purposes only and shall not constitute a part of this Agreement or affect the meaning or interpretation of this Agreement.

18. **Severability**.  In the event that any provision of this Agreement shall be determined to be illegal or unenforceable, such provision will be limited or eliminated to the minimum extent necessary so that this Agreement shall otherwise remain in full force and effect and enforceable.

19. **Final Agreement**.    This Agreement, including any exhibits hereto, constitutes the sole and final agreement of the Parties and supersedes all oral negotiations and prior writings with respect to the subject matter hereof.

20. **Survival**.    Unless otherwise set forth in this Agreement, or unless the context otherwise dictates, the warranties, representations and covenants of the Parties contained in or made pursuant

6

Doc ID: 83f39c9dd67e982242df813b013354d3cd676659

to this Agreement shall survive the execution and delivery of this Agreement.

21. **Remedies**.     The Parties' rights and remedies, whether or not evidenced under the terms of this Agreement, are cumulative and are not intended to exclude any other remedies or means of enforcement or redress to which any Party may be entitled by statute or otherwise.

22. **Counterparts**.     This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original, and such counterparts shall together constitute one and the same instrument. The signatures to this Agreement may be evidenced by digital signatures reflecting the Party's signature hereto, and any such digital copy shall be sufficient to evidence the signature of such Party as if it were an original.

23. **Construction**. No provision of this Agreement shall be construed against any Party merely because that Party or its counsel drafted or revised this provision in question. All Parties have been advised and have had an opportunity to consult with legal counsel of their choosing regarding the force and effect of the terms set forth herein. This Agreement shall be deemed to be jointly prepared by the Parties and therefore any ambiguity or uncertainty shall be interpreted accordingly.

CLIENT

_____
Justin Baldoni & Wayfarer Studios

Jamey Heath
_____
(Print Name)

Date: _____09 / 27 / 2024_____

COMPANY

_Jennifer Abel_
_____

Jennifer Abel
_____
(Print Name)

Date: _____09 / 30 / 2024_____

7

Doc ID: 83f39c9dd67e982242df813b013354d3cd676659

CONFIDENTIAL                                JONESWORKS_WAYFARER_000003762

## SCHEDULE A

| | |
|---|---|
| Press Materials | Assist in developing, writing and updating communication materials related to all press outreach such as biographies, media kits, press releases, media alerts, key messaging and talking points |
| Inter-Agency Programs | Work alongside brand and agency partners to develop holistic programs that support communication campaigns or launches on behalf of Justin Baldoni and Wayfarer Studios |
| Co-Founder // Executive positioning | Position and utilize Justin Baldoni, co-founder and Wayfarer Studios, as a thought-leader and change agent in addition to pursuing executive positioning opportunities for Jamey Heath, Tera Hanks and applicable executives |
| On-Going/Proactive Outreach | • Develop a 6-month media and communications strategy to drive awareness with consumers and establish the brand<br>• Ideate and execute integrated campaign ideas and consumer facing activations that highlight brand positioning, mission and marketing campaigns<br>• Conduct media outreach to top-tier print, broadcast and online media outlets, as well as trade media<br>• Oversee and execute business award submissions<br>• Consult on paid media opportunities<br>• Respond to and vet select inbound media inquiries<br>• Conduct media monitoring for Justin Baldoni and Wayfarer Studios |
| Measurement and Evaluation | • Clip and Service media as published<br>• Create and maintain a media library on behalf of Justin Baldoni and Wayfarer Studios |

8

Doc ID: 83f39c9dd67e982242df813b013354d3cd676659

CONFIDENTIAL

**Dropbox Sign**                                                                  Audit trail

| | |
|---|---|
| Title | RWA/ PR Services Agreement / Wayfarer & Justin Baldoni /... |
| File name | JB_Wayfarer_Studi...Execution_Co.docx |
| Document ID | 83f39c9dd67e982242df813b013354d3cd676659 |
| Audit trail date format | MM / DD / YYYY |
| Status | • Signed |

## Document History



| SENT | 09 / 27 / 2024 23:52:16 UTC | Sent for signature to Jamey Heath ███████ ) and Jennifer Abel ███████ m) from ███████ ███████ |
|---|---|---|
| VIEWED | 09 / 28 / 2024 00:36:56 UTC | Viewed by Jamey Heath ███████ ) ███████ |
| SIGNED | 09 / 28 / 2024 00:37:06 UTC | Signed by Jamey Heath ███████ ) ███████ |
| VIEWED | 09 / 30 / 2024 23:11:03 UTC | Viewed by Jennifer Abel ███████ ) ███████ |
| SIGNED | 09 / 30 / 2024 23:11:39 UTC | Signed by Jennifer Abel ███████ ) ███████ |
| COMPLETED | 09 / 30 / 2024 23:11:39 UTC | The document has been completed. |

Powered by **Dropbox Sign**