# EXHIBIT 7

Filed Under Seal

CONFIDENTIAL

**Page 1**

```
 1              UNITED STATES DISTRICT COURT
 2          FOR THE SOUTHERN DISTRICT OF NEW YORK
 3                      ---oOo---
 4
 5   BLAKE LIVELY,
 6                   Plaintiff,
 7      vs.          CASE NO. 24-CV-10049-LJL (LEAD CASE)
                              25-CV-449 (LJL) (MEMBER CASE)
 8
     WAYFARER STUDIOS LLC, ET AL.
 9
                     Defendants.
10   _____
     JENNIFER ABEL,
11                Third-party Plaintiff,
        vs.
12   JONESWORKS, LLC,
                  Third-party Defendant.
13   _____
     WAYFARER STUDIOS LLC, et al.
14                Consolidated Plaintiffs,
        vs.
15   BLAKE LIVELY, et al.
                  Consolidated Defendants.
16   _____
17                  **CONFIDENTIAL**
18                      VOLUME II
19      VIDEO-RECORDED DEPOSITION OF JUSTIN BALDONI
20              Los Angeles, California
21              Tuesday, October 7, 2025
22
23   Stenographically Reported by:  Ashley Soevyn,
     CALIFORNIA CSR No. 12019
24
25
```

CONFIDENTIAL

Page 348

1    has invested, to my knowledge, over $100 million and

2    that's nowhere near the amount of profit we made on

3    It Ends with Us.  So I have not taken, nor will I

4    take any share of that.

5          Q    Is there documentation that memorializes

6    what you just said to me?

7          A    I don't believe so.

8          Q    Is there documentation that would show

9    the payments that you have received, if any, derived

10   from the film It Ends with Us?

11         A    Of course.

12         Q    Have you produced those to us?

13         A    My lawyers have everything that would

14   need to be produced, so I would assume that if that

15   was something that would need to be produced, that

16   they would produce it.

17         Q    Do you recall telling us in an

18   interrogatory response that you first anticipated

19   litigation about It Ends with Us in August of 2024?

20         A    I don't remember, but I'm assuming that's

21   correct.

22         Q    Did you understand after that point in

23   time that you were required to preserve all

24   documents concerning the litigation that you

25   anticipated?

CONFIDENTIAL

Page 349

1        A     No.

2        Q     When did you understand that?

3        A     I believe this last week.

4        Q     This last week is the first time you

5    understood that you were required to preserve

6    documents in this case?

7        A     Yes, but I preserve them anyways.

8        Q     What steps did you take to preserve your

9    documents, if any, in August of 2024?

10       A     By not deleting anything.

11       Q     Okay.  So you didn't delete anything.

12   Did you have any understanding of the retention

13   policies that existed on your email account?

14       A     Can you be more specific?

15       Q     Do you have any knowledge as you sit here

16   today one way or the other, whether the email

17   accounts that you use have retention policies on

18   them?

19            MS. SHAPIRO:  Objection.

20            THE WITNESS:  Retention, meaning like

21   they stay or they don't stay?

22   BY MR. GOTTLIEB:

23       Q     They stay or they get deleted after a

24   period of time.

25       A     I always have on all my e-mails that they