# EXHIBIT 68

## Filed Under Seal

CONFIDENTIAL

```
 1              UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF NEW YORK
 2
     BLAKE LIVELY,              )
 3        PLAINTIFF             )  CASE NO.
                                )  1:24-CV-10049-LJL
 4   VS.                        )  (CONSOLIDATED WITH
                                )  1:25-CV-00449-LJL
 5   WAYFARER STUDIOS LLC,      )
     JUSTIN BALDONI, JAMEY      )
 6   HEATH, STEVE SAROWITZ,     )
     IT ENDS WITH US MOVIE      )
 7   LLC, MELISSA NATHAN,       )
     THE AGENCY GROUP PR        )
 8   LLC, AND JENNIFER ABEL,    )
          DEFENDANTS            )
 9   _____   )  _____
     JENNIFER ABEL,             )
10        THIRD-PARTY           )
     PLAINTIFF                  )
11                              )
     VS.                        )
12                              )
     JONESWORKS LLC             )
13        THIRD-PARTY           )
     DEFENDANT                  )
14
           ORAL AND VIDEOTAPED DEPOSITION OF JED WALLACE
15                        OCTOBER 10
                         CONFIDENTIAL
16
17        ORAL AND VIDEOTAPED DEPOSITION OF JED WALLACE,
18   produced as a witness at the instance of the Jonesworks
19   and duly sworn, was taken in the above styled and
20   numbered cause on Friday, October 10, 2025, from 9:06
21   a.m. to 2:25 p.m., before Janalyn Elkins, CSR, in and
22   for the State of Texas, reported by computerized
23   stenotype machine, at the offices of Jackson Walker, 100
24   Congress Avenue, Suite 1100, Austin, Texas, pursuant to
25   the Federal Rules of Civil Procedure and any provisions
     stated on the record herein.
```

CONFIDENTIAL

Page 2

1        A P P E A R A N C E S
2 FOR BLAKE LIVELY:
     MICHAEL J. GOTTLIEB
3    MELISSA TAUSTINE
     AARON E. NATHAN
4    WILKIE FARR & GALLAGHER LLP
     1875 K Street NW
5    Washington, DC  20006
     Tel: (202) 303-1000
6    Mgottlieb@wilkie.com
7 AND
8    LAURA PRATHER
     HAYNES AND BOONE, LLP
9    98 San Jacinto Boulevard, Suite 1500
     Austin, Texas  78701
10   Tel: (512) 867-8400
     Laura.prather@haynesboone.com
11
   FOR JED WALLACE:
12   CHARLES L. BABCOCK
     JACKSON WALKER, LLP
13   1401 McKinney, Suite 1900
     Houston, Texas  77010
14   Tel: (713) 752-4210
     cbabcock@jw.com
15
   FOR JONESWORKS, LLC
16   KRISTIN TAHLER
     MORGAN ANSTASIO
17   QUINN EMANUEL URQUHART & SULLIVAN, LLP
     865 Figueroa Street, 10th Floor
18   Los Angeles, California  90017
     Tel: (213) 443-3000
19   kristintahler@quinnemanuel.com
20 FOR WAYFARER STUDIOS, LLC, JUSTIN BALDONI, JAMEY HEATH,
   STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA
21 NATHAN, JENNIFER ABEL, AND THE AGENCY GROUP PR, LLC
     MILES COOLEY
22   THERESA TROUPSON
     LINER FREEDMAN TAITELAN & COOLEY, LLP
23   1801 Century Park West, 5th Floor
     Los Angeles, California  90067
24   Tel: (310) 201-0045
     mcooley@lftcllp.com
25

Page 4

1            I N D E X
2            PAGE
3
   Appearances ................................  2
4
   Stipulations ...............................  5
5
   JED WALLACE
6  Examination by Ms. Tahler ...................  7
7
   Reporter's Certificate.......................  155
8
9
          E X H I B I T S
10
   NO.      DESCRIPTION           PAGE
11 Exhibit 42  Holding Clients Hostate:
            Stephanie Jones Leaks        38
12 Exhibit 43  Stephanie Leaks Jones
            Leaks               38
13 Exhibit 44  @lyingstephjones X Account
            Suspended           38
14 Exhibit 45  Facebook Stephanie Jones
            Leaks               38
15 Exhibit 46  Pinterest Stephanie Jones     38
   Exhibit 47  La Foret Sacree        58
16 Exhibit 48  Accompagnements Formatifs
            Pour Les Equipes Du
17          Secteur Public      58
   Exhibit 49  Reagissons.colibris-
18          lemouvement.org     58
   Exhibit 50  Yoga Poesie         58
19 Exhibit 51  Amanda Ghost is a
            Destroyer of Worlds     71
20 Exhibit 52  Text Message        76
   Exhibit 53  Audio Transcript    79
21 Exhibit 54  Phone Records       94
   Exhibit 55  X Amanda Ghost      97
22 Exhibit 56  Pinterest Amanda Ghost   97
   Exhibit 57  Facebook Amanda Ghost    97
23 Exhibit 58  YouTube Amanda Ghost     97
   Exhibit 59  Tripadvisor Amanda Ghost  97
24 Exhibit 60  Strikingly Amanda Ghost  97
   Exhibit 61  Colibris Le Mouvement   99
25

Page 3

1  Also Present:
     TIMOTHY DESADIER (Videographer)
2    MAGGIE KANE (Concierge)
     ALICE BUTTRICK
3    AUTUMN ADAMS-JACK
     BRYAN FREEDMAN
4    WERKENTHIN
     KRISTIN BENDER
5    LINDSEY STRASBERG
     MICHAELA CONNOLLY
6    TORI EMERY
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 5

1  Exhibit 62  Accompagnements Formatifs
            Pour Les Equipes Du
2          Secteur Public      99
   Exhibit 63  Alexander Brothers
3          Extorted            102
   Exhibit 64  Alexa Nikolas: Exposed -
4          home                106
   Exhibit 65  Lookback Fraud, the Modern
5          Day Digital Crime Family -
            Crooked Dunn        108
6  Exhibit 66  Not Christian Lanng      110
   Exhibit 67  Jed Wallace - DERO Wiki    113
7  Exhibit 68  Jed Avery Wallace - DERO
            Wiki                113
8  Exhibit 69  Jed Wallace: Revision
            History             114
9  Exhibit 70  Jed Avery Wallace:
            Revision History        114
10 Exhibit 71  User Contributions for
            BacklinkBuy         115
11 Exhibit 72  Email               119
   Exhibit 73  Email               121
12 Exhibit 74  Text Message        124
   Exhibit 75  Text Message        126
13 Exhibit 76  Email               131
   Exhibit 77  Opposition PR Campaign
14          Digital Forensics   132
15
16
17
18
19
20
21
22
23
24
25

2 (Pages 2 - 5)

CONFIDENTIAL

Page 14

1 privileged.
2    Q. (BY MS. TAHLER) Let's -- what about Rebel
3 Wilson? Did you ever do any work with Mr. Freedman in
4 connection with Rebel Wilson?
5        MR. COOLEY: Objection.
6        THE WITNESS: Not that I recall.
7    Q. (BY MS. TAHLER) You don't recall one way or
8 another?
9    A. I don't recall.
10    Q. What about with Drake, did you do any work with
11 Mr. Freedman in connection with Drake?
12        MR. COOLEY: Objection.
13        THE WITNESS: Not that I recall.
14    Q. (BY MS. TAHLER) What about Michael Milosh?
15        MR. COOLEY: Is there -- is there a
16 question? What about him?
17    Q. (BY MS. TAHLER) Did you do any work with
18 Mr. Freedman in connection with Michael Milosh?
19        MR. COOLEY: Objection.
20        THE WITNESS: No.
21    Q. (BY MS. TAHLER) Are you familiar with Dwayne
22 Johnson?
23        MR. COOLEY: Objection.
24        THE WITNESS: In my -- the actor?
25    Q. (BY MS. TAHLER) Yes.

Page 15

1    A. Yes.
2    Q. Did you do any work with Mr. Freedman in
3 connection with Dwayne Johnson?
4        MR. COOLEY: Objection.
5        THE WITNESS: No.
6    Q. (BY MS. TAHLER) Mr. Wallace, who is paying
7 your legal fees in connection with this matter?
8    A. That would be Wayfarer.
9    Q. Do you have an indemnification agreement with
10 them?
11        MR. COOLEY: Objection.
12        THE WITNESS: I'm not aware of anything
13 like that.
14    Q. (BY MS. TAHLER) You're not aware of any
15 agreement you have with Wayfarer?
16        MR. COOLEY: Objection.
17        THE WITNESS: I'm not.
18    Q. (BY MS. TAHLER) Are you being paid for any
19 consulting services in connection with this matter?
20    A. No.
21    Q. Are you being compensated at all for your time
22 as an expert in connection with this matter?
23    A. Not whatsoever.
24    Q. Mr. Wallace, what is your preferred method of
25 communication for work?

Page 16

1    A. Like this, I'm talking.
2    Q. When you are writing someone, what is your
3 preferred method of communication?
4    A. Depends on the circumstances.
5    Q. Would you say that most of your communications
6 that are work related are via Signal?
7    A. It depends on the circumstances. I can't say
8 that.
9    Q. In what circumstances would Signal be your
10 preferred method of communication?
11        MR. BABCOCK: Objection.
12        MR. COOLEY: Join.
13        THE WITNESS: Could you -- could you
14 rephrase that question?
15    Q. (BY MS. TAHLER) Well, you just said it depends
16 on the circumstances that would dictate the type of
17 communication you were -- or the way that you were
18 communicating. And I'm wondering in what circumstances,
19 picking up on your answer, you would want to use Signal?
20    A. Yeah, I can't speak to that right now without
21 more details. I'm not certain.
22    Q. Are there particular circumstances that are in
23 your mind right now that you would want to have a
24 conversation on Signal with respect to your work?
25        MR. COOLEY: Objection.

Page 17

1        THE WITNESS: Not in particular.
2    Q. (BY MS. TAHLER) From time to time, you ask
3 people to switch over to Signal; isn't that right?
4        MR. COOLEY: Objection.
5        THE WITNESS: I mean, I'd have to know more
6 details.
7    Q. (BY MS. TAHLER) Do you have any recollection
8 of having a conversation with people and asking to
9 switch over to Signal?
10    A. I -- could you rephrase that question?
11    Q. Yeah. Do you have any recollection of being on
12 a text chain or an email chain with a group of people
13 and asking to switch over to communication via Signal?
14    A. Not specifically.
15    Q. We're going to look at an exhibit that we
16 looked at yesterday, which is AEO, but...
17        MR. BABCOCK: Do we need to go AEO?
18        MS. TAHLER: Yes.
19        MR. BABCOCK: How do we do that?
20        MS. TAHLER: I think we don't need to right
21 now because there's nobody -- we'll just mark it AEO in
22 the transcript.
23        MR. BABCOCK: Okay.
24        MS. ANASTASIO: Janalyn, do you have the
25 exhibit copies from yesterday?

5 (Pages 14 - 17)