# WILLKIE FARR & GALLAGHER LLP

2029 Century Park East
Los Angeles, CA 90067-2905
Tel: 310 855 3000
Fax: 310 855 3099

March 12, 2026

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049 (LJL)

Dear Judge Liman:

      Plaintiff Blake Lively respectfully submits this letter to provide notice of the Second Circuit's recent decision in *Miller v. Lamanna*, --- F.4th ---, No. 24-2314, 2026 WL 643744 (2d Cir. Mar. 9, 2026), which compels the denial of Defendants' motion for judgment on the pleadings (Dkt. No. 813).

      In *Miller*, the Second Circuit held that the District Court had "committed procedural error" and abused its discretion when, after discovery and at the summary judgment stage, it dismissed the plaintiff's claims by applying the Rule 12(b)(6) standard to the plaintiff's operative complaint, rather than reviewing the evidence adduced in the summary judgment record. *Id.* at *6. And as the Second Circuit elaborated, "[e]ven if the allegations in the complaint were insufficiently detailed to survive a motion to dismiss had such a motion been made before discovery, if the evidence collected in discovery raised triable issues of fact, it would have been appropriate for [the plaintiff] to amend his complaint to conform to the evidence thus collected. Dismissing the complaint at that stage, when the evidence adduced in discovery may have been sufficient to survive a summary judgment motion, would hardly serve the efficient or just resolution of disputes, which is the very foundation of the Federal Rules." *Id.* at *9; *see id.* at *9 n.8 ("[T]he law does not evince over-concern, especially at later stages of a case, with reverting to the original pleadings when the actual evidence is sufficient to establish a claim or defense later on.").

      As Ms. Lively explained in her opposition to Defendants' motion for judgment on the pleadings, the Second Amended Complaint alleges more than enough facts to survive Defendants' motion. Dkt. No. 1055, at , at 5-25. But as Ms. Lively also argued, the motion for judgment on the pleadings is directed at the wrong question, because at this stage of the case Ms. Lively's claims must be evaluated based on the evidence amassed in the summary judgment record. *Id.* at 3-4; *see* Dkt. No. 834, at 3. *Miller* thus confirms that Defendants' motion for judgment on the pleadings must be denied, that it would be "appropriate" to deem the complaint amended to conform to the summary judgment evidence, and that Ms. Lively's claims must be assessed on the basis of that evidence. 2026 WL 643744, at *9.

Respectfully submitted,

/s/ Michael J. Gottlieb

Michael J. Gottlieb
Willkie Farr & Gallagher LLP
2029 Century Park East
Los Angeles, California 90067
(310) 855-3111
mgottlieb@willkie.com

Kristin E. Bender
Willkie Farr & Gallagher
1875 K Street NW
Washington, DC 20006
(202) 303-1000
kbender@willkie.com

Aaron E. Nathan
Michaela A. Connolly
Melissa Taustine
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

Esra A. Hudson (*pro hac vice*)
Stephanie A. Roeser (*pro hac vice*)
Sarah E. Moses (*pro hac vice*)
Sareen Armani
Katelyn A. Climaco
Manatt, Phelps & Phillips LLP
2049 Century Park East, Suite 1700
Los Angeles, California  90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com
smoses@manatt.com

Matthew F. Bruno
Manatt, Phelps & Phillips, LLP
7 Times Sq.
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

3

Meryl C. Governski (*pro hac vice*)
Dunn Isaacson Rhee LLP
401 Ninth Street, NW
Washington, DC 20004
(202) 240-2900
mgovernski@dirllp.com

*Attorneys for Blake Lively*