

Shapiro Arato Bach LLP

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880
www.shapiroarato.com

Jonathan P. Bach
jbach@shapiroarato.com
Direct: 212-257-4897

March 25, 2026

VIA ECF

The Honorable Lewis J. Liman
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl St., Room 1620
New York, NY 10007

> Re:    *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL

Dear Judge Liman:

The Wayfarer Parties respectfully submit this letter to seek a further one-week extension of the deadlines by which the parties are required to submit the Pretrial Order and pretrial motions, and to request a Zoom conference with the Court.  Lively does not join in these requests.

The Wayfarer Parties remain fully committed to moving this case forward and are working steadily toward that end.  At the same time, they respectfully submit that all parties would benefit from additional time to prepare submissions with the degree of focus necessary to facilitate the trial process and aid the Court.  From the perspective of the Wayfarer Parties, there are two reasons for the proposed extension.   First, more time is needed because, in working toward a joint Pretrial Order, Lively's counsel has made voluminous disclosures that are not practical for trial purposes and exceed the bounds of any conceivable evidentiary presentation.

Just after midnight last Friday, for example, Lively's counsel identified nearly 1,000 purported trial exhibits for inclusion in plaintiff's portion of the Pretrial Order.  It is difficult to imagine that even half that number would be put before the jury.  Many are lengthy exhibits, consisting of numerous text messages or pages, many of which are obviously irrelevant or inadmissible under multiple Rules, without specification of what particular message(s) or materials might actually be introduced.  Due to an apparent technical issue, Lively's list of potential exhibits also does not make clear on which page each exhibit ends and whether attachments referenced on the face of the exhibit are intended to be parts of the exhibit as well.  Of the nearly 1,000 exhibits identified, at least 100 consist of articles and social media posts that were not produced in discovery and have yet to be provided to defense counsel in reviewable format.  Wayfarer's counsel brought these issues to the attention of Lively's counsel in a meet and confer earlier today, and Lively's counsel is investigating possible errors and taking steps to complete the production.  However, Lively's counsel declined to reconsider the scope of their production, maintaining that the volume is appropriate.

Hon. Lewis J. Liman
March 25, 2026

The same overbreadth is reflected in Lively's identification of in excess of 40 trial witnesses and in Lively's designation of broad swaths of deposition testimony that include plainly inadmissible materials, such as testimony in which witnesses profess a lack of knowledge or inability to recall, state opinions as opposed to observations, review and discuss documents or events they have no personal knowledge of, or otherwise address matters that are (at best) tangential to the case.

The purpose of pretrial work is to hone the issues and tame the excesses of discovery into a form that is presentable at trial.  Lively is the plaintiff and, at this stage of the process, should know her order of proof close to the manner in which it will be presented at trial.  Defense counsel should not have to sift through a document dump of exhibits and designations containing voluminous amounts of plainly inadmissible material during a compressed period of time when the parties are also tasked with drafting motions on a range of issues.  Nor should time be spent on motions in limine to screen out irrelevant, prejudicial, and otherwise improper material contained within hundreds of exhibits Lively may not actually use at trial.

Separately, the parties are still working together to prepare jury instructions.  The current draft is lengthy, comprising approximately 85 pages and covering all thirteen currently remaining claims, associated defenses, and related damages issues.  Conferring on and drafting appropriate instructions and explanations for any competing positions will require additional time.

Second, it may also be easier to achieve more focused pretrial submissions once the parties have the benefit of any narrowing of the issues or further guidance that the Court's rulings on pending dispositive motions may provide.  For example, the Wayfarer Parties maintain that, in light of the uncertainty about the scope of the case, it is premature for the parties to confer over a verdict sheet at this stage.

For the foregoing reasons, the Wayfarer Parties respectfully request a further one-week adjournment of the pre-trial deadlines as follows below, as well as a Zoom conference to discuss their concerns.  We note that this proposed schedule would also necessitate moving the final pre-trial conference, currently set for April 21, 2026.

|  | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| Parties to submit Pretrial Filings | April 3, 2026 | April 10, 2026 |
| Parties to file oppositions to motions in limine | April 10, 2026 | April 17, 2026 |
| Parties to file oppositions to Daubert motions | April 17, 2026 | April 24, 2026 |
| Final Pre-Trial Conference | April 21, 2026 | April 28, 2026 |

Hon. Lewis J. Liman
March 25, 2026

Respectfully submitted,

/s/ Jonathan P. Bach
Jonathan P. Bach
Alexandra A.E. Shapiro
Alice Buttrick
SHAPIRO ARATO BACH LLP
1140 Avenue of the Americas, 17th Floor
New York, New York 10036
(212) 257-4880
jbach@shapiroarato.com
ashapiro@shapiroarato.com
abuttrick@shapiroarato.com

LINER FREEDMAN TAITELMAN + COOLEY, LLP
Bryan J. Freedman (admitted *pro hac vice*)
Ellyn S. Garofalo (admitted *pro hac vice*)
Kim S. Zeldin (admitted *pro hac vice*)
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
(310) 201-0005
bfreedman@lftcllp.com
egarofalo@lftcllp.com
kzeldin@lftcllp.com

MEISTER SEELIG & FEIN PLLC
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor New York, NY 10017
(202) 655-3500
ms@msf-law.com
kaf@msf-law.com

*Attorneys for the Wayfarer Parties*

cc:    All counsel (by ECF)