**manatt**

**Esra A. Hudson**
Manatt, Phelps & Phillips, LLP
Direct Dial: 310-312-4381
ehudson@manatt.com

March 26, 2026

**VIA ECF**
The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1620
New York, NY 10007

**Re:**   ***Lively v. Wayfarer Studios LLC, et al.*, No. 1:24-cv-10049-LJL [rel. No. 1:25-cv-00449]**

Dear Judge Liman:

Plaintiff Blake Lively respectfully submits this letter in opposition to Defendants' request for a further one-week extension of pre-trial deadlines. (Dkt. No. 1264).

As an initial matter, this is Defendants' third request[1] in the past month for a continuance of pre-trial deadlines, which appears to be an incremental tactic to delay the trial in this case. Defendants have repeatedly taken the position that trial preparations are premature based on their bold assumption that they will receive a case-changing order on the pending motions for judgment on the pleadings (Dkt. No. 810) and summary judgment (Dkt. No. 952). They recently asked the Court to implement floating pre-trial deadlines tied to the Court's ruling on such motions, which the Court denied. (Dkt. Nos. 1260, 1261). Having lost that attempt, Defendants have engaged in other delay tactics and self-help, including simply failing to comply with the parties' initially agreed-upon pre-trial exchange deadlines. For example, Defendants: (a) served their revisions to proposed jury instructions a week *after* the previously agreed upon deadline, and (b) outright refused to respond to Ms. Lively's proposed verdict forms—despite the parties' agreed-upon exchange schedule and Defendants' explicit agreement to engage with respect to the verdict form.

Second, Defendants have misrepresented the state of pre-trial exchanges, suggesting that Ms. Lively has engaged in bad faith and/or purposefully obfuscated anticipated trial exhibits, trial witnesses, or deposition testimony for presentation. This is false. As Defendants acknowledge, Ms. Lively is the plaintiff in this case and bears the burden of proof on thirteen causes of action. The parties' initial disclosures include more than 230 witnesses, 89,000 documents have been produced, and 37 witnesses have been deposed—many of whom reside outside the jurisdiction of this court. As such, the volume of exhibits, witnesses, and designations should come as no surprise to Defendants and is proportional to the needs of this case.[2] Moreover, Defendants are represented by ***sixteen attorneys*** from ***four*** law firms that have entered appearances to date, and recently

---

[1] The first request was a joint request of the parties, which was a compromise after Defendants initiated a request to put off pre-trial deadlines indefinitely pending the Court's ruling on dispositive motions. (Dkt. No. 1258.)

[2] While Defendants feign shock at the number of exhibits proposed, Defendants' counsel—not Ms. Lively's—proposed numbering plaintiff's trial exhibits from 1-1000, with defense exhibits to follow.

# manatt

**Esra A. Hudson**
Manatt, Phelps & Phillips, LLP
Direct Dial: 310-312-4381
ehudson@manatt.com

included three additional Shapiro Arato Bach LLP attorneys in their latest transmittal of pre-trial materials.  These nineteen attorneys are surely supported by many other attorneys who have not yet noticed appearances and who are capable of reviewing and objecting to evidence in a timely manner. Ms. Lively's counsel has worked diligently to cull the universe of documents, witnesses, and deposition testimony to those that may be offered at trial, and to review and promptly proffer their own objections to the hundreds of exhibits and pages of deposition designations provided by Defendants, on the parties' negotiated schedule. There is no reason that Defendants cannot do the same. Moreover, Ms. Lively's counsel already agreed during the conferral yesterday afternoon and again in an email yesterday evening – both of which occurred *before* Defendants filed the Letter Motion – to evaluate ways to narrow the exhibit list and, of course, to consider objections to initial deposition designations and to narrow the same. (Ex. A.) The offered relief should be more than satisfactory without the need for this Court's intervention, or a wholesale continuance of pretrial dates.

Third, the noted technical glitch in Ms. Lively's proposed exhibit list does not warrant a further week extension of pretrial deadlines. That issue—which Defendants identified for the first time yesterday afternoon (just before their filing) is due to a purely technical error involving only the *ending* Bates number on certain exhibits, which Ms. Lively's counsel immediately agreed to investigate. Even before Defendants filed their Letter Motion, Ms. Lively had identified the source of the problem and agreed to both (a) provide an amended exhibit list by today, and (b) extend the deadline for the parties to exchange objections and further exhibit list extensions from March 27 to March 30, which still preserves the April 3 filing deadline. (*See id.*) Defendants, of course, could have flagged this issue much sooner, but did not. The parties exchanged initial exhibit lists on Friday, March 20, and mutually agreed—in advance—to provide objections and exhibit list  revisions, if any, by March 27. With that deadline in mind, Ms. Lively's counsel promptly reviewed Defendants' exhibit list and by Sunday, had identified to Defendants' counsel several deficiencies. (Ex. B.) Defendants, however, waited *five days* after the parties' initial exchange and just two days prior to the agreed upon deadline to exchange objections to raise any concern as to how documents were identified on Ms. Lively's exhibit list. Even then, Defendants provided  only  general information, refusing to identify any specific impacted document. Defendants' own delay should not be rewarded.

Ms. Lively is, and always has been, prepared to take her case to trial, and objects to any further attempts by Defendants to delay her ability to do so.

# manatt

**Esra A. Hudson**
Manatt, Phelps & Phillips, LLP
Direct Dial: 310-312-4381
ehudson@manatt.com

Respectfully submitted,

/s/ Esra A. Hudson

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
2049 Century Park East
Los Angeles, California 90067
(310) 855-3000
mgottlieb@willkie.com

Kristin E. Bender
1875 K Street NW
Washington, DC 20006
(202) 303-1000
kbender@willkie.com

Aaron E. Nathan
Michaela A. Connolly
Melissa Taustine
Willkie Farr & Gallagher LLP
787 7th Avenue New York, NY 10019
(212) 728-8000
anathan@willkie.com
mconnolly@willkie.com
mtaustine@willkie.com

DUNN ISAACSON RHEE LLP
Meryl C. Governski (admitted *pro hac vice*)
401 Ninth Street, NW
Washington, DC 20004
(202) 240-2900
mgovernski@dirllp.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (admitted *pro hac vice*)
Stephanie A. Roeser (admitted *pro hac vice*)
Sarah E. Moses (admitted *pro hac vice*)
Sareen K. Armani
Katelyn A. Climaco

2049 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com
smoses@manatt.com
sarmani@manatt.com
kclimaco@manatt.com

Matthew F. Bruno
7 Times Square
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

*Attorneys for Blake Lively*

3