UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

:

BLAKE LIVELY,                                                           :

:

Plaintiff,                                        :

:

-v-                                               :

:

WAYFARER STUDIOS LLC, JUSTIN BALDONI,             :
JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH         :
US MOVIE LLC, MELISSA NATHAN, THE AGENCY          :
GROUP PR LLC, JENNIFER ABEL,                      :

:

Defendants.                                       :

:

------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  3/27/2026___

24-cv-10049 (Lead Case);
25-cv-449 (Member Case)

MEMORANDUM &
ORDER

LEWIS J. LIMAN, United States District Judge:

This Order resolves the following motions before the Court regarding third-party subpoenas issued by Plaintiff Blake Lively ("Lively"): (1) the motion of Linet Keshishian to quash a subpoena issued to Google LLC for the movant's account records (Lively Dkt. No. 500; WP Dkt. No. 168)[1]; (2) the motions of Jane Doe to proceed anonymously and to quash a subpoena issued to X Holdings for information regarding her X account (Lively Dkt. Nos. 508, 509; WP Dkt. Nos. 171, 172); (3) the motion of Mario Armando Lavandeira, Jr. ("Lavandeira") to require Court approval for future non-party subpoenas (Lively Dkt. No. 510); (4) the motion of non-party YouTube channel @kassidyoc to proceed anonymously and to quash a subpoena issued to X Holdings for records regarding the movant's X account (Lively Dkt. No. 515); (5) the motions of non-party movants Jane Doe 1 and Jane Doe 2, private individuals who operate the TikTok account @pop.diaries, to proceed anonymously and to quash subpoenas issued to

---

[1] "Lively Dkt." shall refer to No. 24-cv-10049, and "WP Dkt." shall refer to No. 25-cv-449.

TikTok Inc. for their account records as well as to file under seal unredacted versions of their motions to quash and to proceed anonymously with their legal names unredacted (Lively Dkt. Nos. 524, 525, 526; WP Dkt. Nos. 173, 174, 175); (6) the motions of Jane Doe to proceed under a pseudonym and in support of Lavandeira's motion to require Court approval for future non-party subpoenas (Lively Dkt. Nos. 651, 652); (7) the motion of Lavandeira to supplement the record in support of his opposition to Lively's motion to compel (Lively Dkt. No. 700); (8) the motion of J. Alexander Townsend ("Townsend") on behalf of a collective group of individuals for a declaratory judgment and a protective order and to quash subpoenas issued to Google LLC and X Holdings (Lively Dkt. No. 703; WP Dkt. No. 190); (9) the motion of Lavandeira to dismiss or quash Lively's subpoena directed to him (Lively Dkt. No. 718); and (10) the motion of non-party McKenzie Folks @existingtothrive for sanctions against Lively under 28 U.S.C. § 1927 and the Court's inherent powers for the service of a subpoena on Google LLC that Lively later withdrew (Lively Dkt. No. 733).

The motions to proceed anonymously or with a pseudonym are granted. "The Supreme Court has recognized that the First Amendment provides protection for anonymous speech." *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010). Movants did not ask to become parties to this case. *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (discussing right of plaintiff to proceed anonymously). They were brought into the case by the service of subpoenas on them. It follows from *Arista Records* that they are not required to compromise their anonymity in order to protect that anonymity. It appears, in some instances, that the subpoenas that are the subject of the motions to quash were withdrawn. *See, e.g.*, Dkt. No. 733. In any event, Lively has not opposed the motions to quash served by the subpoena recipients and, accordingly, those motions are granted without opposition.

2

Lavandeira and Townsend move to quash or seek protective orders on behalf of persons other than themselves. Those motions are denied for lack of standing. *See Insured Advoc. Grp., LLC v. Spartan Servs. Corp.*, 2024 WL 4893580, at *2 (S.D.N.Y. Nov. 26, 2024). A party may appear *pro se* in federal court only to represent him or herself and not to represent others. *See See In re Texaco Inc. Shareholder Derivative Litig.*, 123 F. Supp. 2d 169, 172 (S.D.N.Y. 2000) ("It is well-established . . . that th[e] right to proceed *pro se* does not encompass the right to proceed *pro se* on behalf of the interests of another.").

The motion for sanctions is denied. Section 1927 sanctions may be awarded only when an attorney's actions are in bad faith and "are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1345 (2d Cir. 1991). Bad faith is also required for sanctions to be awarded pursuant to the Court's inherent powers. *Id.* The fact that Lively withdrew certain subpoenas when they were contested does not establish bad faith. A litigant in such circumstances can determine that the value of information sought is not worth the resources it might take to obtain that information.

Accordingly, the motions in No. 24-cv-10049 at Dkt. Nos. 500, 508, 509, 515, 524, 525, 526, and 651 are granted without opposition. Those same motions are also reflected in No. 25-cv-449 at Dkt. Nos. 168, 171, 172, 173, 174, 175 and granted for the same reasons. The motions in No. 24-cv-10049 at Dkt. Nos. 700 and 718 are denied as moot. The motions in No. 24-cv-10049 at Dkt. Nos. 510, 652, and 703 are denied for lack of standing and also as moot. The same motion reflected in No. 25-cv-449 at Dkt. No. 190 is denied for the same reasons. The motion in 24-cv-10049 at Dkt. No. 733 is denied.

The Clerk of Court is respectfully directed to close the following docket entries in No. 24-cv-10049: 500, 508, 509, 510, 515, 524, 525, 526, 651, 652, 700, 703, 718, and 733.

The Clerk of Court is further directed to close the following docket entries in No. 25-cv-449: 168, 171, 172, 173, 174, 175, and 190.

SO ORDERED.

Dated: March 27, 2026
       New York, New York

_____
              LEWIS J. LIMAN
        United States District Judge

4