UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

:

BLAKE LIVELY,                                                        :

:

Plaintiff,                              :

:

-v-                                                 :

:

WAYFARER STUDIOS LLC, et al.,                                       :

:

Defendants.                             :

:

---------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/27/2026

25-cv-10049 (Lead Case);
25-cv-449 (Member Case)

MEMORANDUM AND
ORDER

LEWIS J. LIMAN, United States District Judge:

Blake Lively ("Lively") and Ryan Reynolds ("Reynolds"), Defendants in *Wayfarer*

*Studios LLC v. Lively*, Case No. 24-cv-449 (S.D.N.Y. filed Jan. 16, 2025), each move, pursuant

to Federal Rule of Civil Procedure 11, for the imposition of sanctions against Steve Sarowitz

("Sarowitz"), Jamey Heath ("Heath"), Melissa Nathan ("Nathan"), Jennifer Abel ("Abel"), It

Ends With Us Movie LLC ("IEWUM") (collectively, the "Rule 11 Plaintiffs") and their counsel,

Liner Freedman Taitelman + Cooley LLP ("Liner Freedman") and Meister Seelig & Fein PLLC

("Meister Seelig").  Dkt. No. 222.  Lively and Reynolds seek sanctions in the form of attorneys'

fees and costs that she incurred in defending *Wayfarer Studios v. Lively*, and a formal reprimand.

*Id.*  For the reasons that follow, the motion is granted in part and denied in part.[1]

## BACKGROUND AND PROCEDURAL HISTORY

The Rule 11 Plaintiffs, along with Wayfarer Studios LLC and Justin Baldoni (the

"Wayfarer Parties") initiated the action to which this Rule 11 motion relates by complaint filed

---

[1] Docket entries to the *Wayfarer Studios* matter are prefaced by "WP Dkt. No."  All other
citations are to the docket in this action.

on January 16, 2025.  WP Dkt. No. 1.  Little more than two weeks later, on January 31, 2025, the Wayfarer Parties filed their First Amended Complaint ("FAC").  WP Dkt. No. 50.  The AC was signed by Bryan Freedman and Mitchell Schuster on behalf of their respective law firms, Liner Freedman and Meister Seelig.  *Id.*  The FAC pleaded nine causes of action.  *Id.* ¶¶ 316–91.  The Wayfarer Parties named the following as Defendants: Lively, Reynolds, Leslie Sloane ("Sloane"), Vision PR, Inc. ("Vision"), and the New York Times Company (the "NYT").  *Id.* The FAC was accompanied by a 168-page document entitled "Timeline of Relevant Events." WP Dkt. No. 50-1.

The Wayfarer Parties' first cause of action asserted a claim for civil extortion against Lively, Reynolds, Sloane, and Vision.  WP Dkt. No. 50 ¶¶ 316–23.  The second cause of action asserted a claim for defamation against Lively, Reynolds, Sloane, Vision, and the NYT.  *Id.* ¶¶ 324–31.  The third cause of action asserted a claim of false light invasion of privacy on behalf of Baldoni, Heath, Nathan, Abel, and Sarowitz against Lively, Reynolds, Sloane, Vision, and the NYT.  *Id.* ¶¶ 332–39.  The fourth cause of action asserted a claim for breach of the implied covenant of good faith and fair dealing against Lively.  *Id.* ¶¶ 340–46.  The fifth cause of action asserted a claim for intentional interference with contractual relations against Reynolds and Lively.  *Id.* ¶¶ 347–55.  The sixth cause of action asserted a claim for intentional interference with prospective economic advantage against Reynolds and Lively.  *Id.* ¶¶ 356–65.  The seventh cause of action asserted a claim for negligent interference with prospective economic advantage against Reynolds and Lively.  *Id.* ¶¶ 366–74.  The eighth and ninth causes of action were asserted against the NYT; they alleged promissory fraud and breach of an implied-in-fact contract respectively.  *Id.* ¶¶ 375–91.

Thus, all but the eighth and ninth causes of action were asserted against Lively, among

others.  All but the third cause of action in the FAC were pleaded on behalf of each of the Wayfarer Parties; the third cause of action was not pleaded on behalf of the corporate plaintiffs, Wayfarer and IEWUM.  All but the fourth, eighth, and ninth causes of action named Reynolds as a defendant, among others.

Lively and Reynolds moved to dismiss the FAC for failure to state a claim for relief. Dkt. No. 132.  On June 9, 2025, the Court issued an Opinion and Order granting their motion to dismiss  Dkt. No. 296; *see Lively v. Wayfarer Studios LLC*, 786 F. Supp. 3d 695 (S.D.N.Y. 2025).  As relevant here, the Court held that the Wayfarer Parties failed to state a claim for relief under the California civil extortion statute because they made no allegations against Reynolds and because Lively's alleged threats were not wrongful and did not lead to damages.  *Id.* at 739–53.  The Court dismissed the Wayfarer Parties' claim for breach of the implied covenant of good faith and fair dealing as conclusory.  *Id.* at 782–83.  The Wayfarer Parties did not plead the terms of any relevant contract, which of the Wayfarer Parties the contract was with, or when it was made.  *Id.*  The Court also dismissed the Wayfarer Parties' claims for tortious interference.  *Id.* at 783–85.  The Wayfarer Parties did not allege a contract or economic relationship with which Lively or Reynolds interfered.  *Id.*

On April 22, 2025, while the motion to dismiss was pending, Reynolds served each of the Rule 11 Plaintiffs and their counsel with letters, pursuant to Federal Rule of Civil Procedure 11(c), demanding, among other things, that Sarowitz, Nathan, Abel and IEWUM withdraw their civil extortion claims and that the Rule 11 Plaintiffs withdraw their defamation and interference claims.  Dkt. No. 231 ¶¶ 3–7.  On April 23, 2025, Lively served each of the Rule 11 Plaintiffs and their counsel, with letters, pursuant to Rule 11(c), demanding that, among other things: (i) Sarowitz, Nathan, Abel, and IEWUM withdraw their civil extortion claims; (ii) all Rule 11

Plaintiffs withdraw their interference claims; and (iii) Sarowitz, Nathan, Abel, and Heath withdraw their implied covenant claim.  Dkt. No. 224 ¶¶ 3–7.

Lively filed this motion on May 19, 2025.  Dkt. No. 222.  She also filed a memorandum of law and a declaration in support of the motion.  Dkt. Nos. 223–24.  The Rule 11 Plaintiffs filed a memorandum of law in opposition to the motion on June 2, 2025.  Dkt. No. 263.  Lively filed a reply memorandum in further support of the motion on June 9, 2025.  Dkt. No. 304.

On May 20, 2025, Reynolds filed his motion for Rule 11 sanctions.  Dkt. No. 229. Reynolds filed a memorandum of law and the declaration of counsel Michael Gottlieb, in support of the motion.  Dkt. Nos. 230–31.  The Rule 11 Plaintiffs filed a memorandum of law in opposition to the motion on June 3, 2025.  Dkt. No. 274.  On June 10, 2025, Reynolds filed a reply memorandum in further support of his motion.  Dkt. No. 312.

## DISCUSSION

Lively asserts that the FAC was filed for the improper purpose under Federal Rule of Civil Procedure 11(b)(1) of "seed[ing] [a] harassing media narrative[e]" against her and without any legal or factual basis.  Dkt. No. 223 at 1–2.  She also asserts that,  in connection with the claims for civil extortion, breach of the covenant of good faith and fair dealing, and tortious interference with contractual and business relations, the Rule 11 Plaintiffs violated Federal Rule of Civil Procedure 11(b)(2) which requires that the claims be warranted by existing law or a nonfrivolous argument for extending, modifying, or reversing existing law, and Rule 11(b)(3), which requires that the factual contentions have or will likely have evidentiary support.  Dkt. No. 222 at 2.  Reynolds likewise asserts that the civil extortion, defamation, and interference claims brought against him by the Rule 11 Plaintiffs were legally unreasonable and factually baseless. Dkt. No. 230.

4

Rule 11 requires an attorney to certify that (1) a pleading or motion "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;" (2) "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;" and (3) "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). Rule 11(c), in turn, permits a court to impose "appropriate sanctions" for violations of Rule 11(b). Fed. R. Civ. P. 11(c)(1). Sanctions imposed under Rule 11(c) must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorneys' fees and other expenses directly resulting from the violation. Fed. R. Civ. P. 11(c)(4). "When a court determines that Rule 11 sanctions are appropriate, it 'has significant discretion in determining what sanctions, if any, should be imposed for a violation.'" *E. Gluck Corp. v. Rothenhaus*, 2008 WL 2944624, at *3 (S.D.N.Y. July 31, 2008) (quoting Fed. R. Civ. P. 11(b)–(c), advisory committee notes to 1993 amendment).

"[T]he standard for triggering [sanctions] under Rule 11 is objective unreasonableness," *Margo v. Weiss*, 213 F.3d 55, 65 (2d Cir. 2000), and is "not based on the subjective beliefs of the person making the statement," *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 177 (2d Cir. 2012); *see also In re Austl. & N.Z. Banking Grp. Ltd. Sec. Litig.*, 712 F. Supp. 2d 255, 265–66 (S.D.N.Y. 2010). Thus, an attorney files a pleading or motion in violation of Rule 11 if it is "frivolous, legally unreasonable, or factually without

foundation, even though not signed in subjective bad faith." *Wechsler v. Hunt Health Sys., Ltd.*, 216 F. Supp. 2d 347, 356 (S.D.N.Y. 2002); *see also Simon DeBartolo Grp., L.P. v. Richard E. Jacobs Grp., Inc.*, 186 F.3d 157, 167 (2d Cir. 1999). It is not a defense that the offending party acted with a pure heart but an empty head. *See* Fed. R. Civ. P. 11(b)–(c), advisory committee notes to the 1993 amendment. "An argument constitutes a frivolous legal position for purposes of Rule 11 sanctions if, under an 'objective standard of reasonableness' . . . it is 'clear . . . that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands.'" *Galonsky v. Williams*, 1997 WL 759445, at *3 (S.D.N.Y. Dec. 10, 1997) (quoting *Caisse Nationale de Credit Agricole–CNCA v. Valcorp, Inc.*, 28 F.3d 259, 264 (2d Cir.1995)). Although "Rule 11 provides room for litigants to make 'nonfrivolous argument[s] for extending, modifying, or reversing existing law,'" *Doe v. 239 Park Ave. S. Assocs., LLC*, 2022 WL 4592713, at *4 (S.D.N.Y. Sept. 30, 2022) (quoting Fed. R. Civ. P. 11(b)(2)), the Rule is violated "where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands," *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985), *superseded on other grounds by rule.*

The Rule is claim and party specific. *See Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004) ("A complaint challenged under Rule 11(b) is not ordinarily analyzed as an indivisible unit . . . Rather, claims are analyzed individually, and the fact that a claim is properly asserted against one defendant does not mean that the same claim may be properly asserted against a different defendants."). Even if a plaintiff has a claim against one defendant in a multi-party case, the Rule does not excuse him naming other parties as a defendant. *See id.*; *Ho Myung Moolsan Co., Ltd. v. Manitou Mineral Water, Inc.*, 665 F. Supp. 2d 239, 264 (S.D.N.Y.

2009) (finding a claim to be "objectively unreasonable" as to only certain defendants); *Watkins v. Smith*, 2013 WL 655085, at \*10 (S.D.N.Y. Feb. 22, 2013) (addressing plaintiff's claims as to each defendants individually).  Nor, even if one plaintiff has a claim against the defendant, does the Rule permit other parties to sue that same defendant absent a factual or legal basis.  *See United Magazine Co. v. Murdoch Magazines Distribution, Inc.*, 146 F. Supp. 2d 385, 394 n.3 (S.D.N.Y. 2001) ("Plaintiffs must also make certain, consistent with Rule 11, that each of them has a good faith basis in fact and law to assert each cause of action against each defendant," and "may not simply assume that the ability of any one of them to assert a given cause of action against any one defendant gives them the ability to assert that cause of action against all defendants.")  Moreover, it is not enough—as the Rule 11 Plaintiffs argue—that a frivolous claim is dismissed under Rule 12(b)(6).  The evil against which Rule 11 is directed is the burden placed on the courts and parties

The Wayfarer Parties' first cause of action asserted a claim against Lively and Reynolds for civil extortion.  Dkt. No. 50 ¶¶ 316–23.  It asserts in boilerplate fashion that the "Lively Parties," defined as Lively, Reynolds, Sloane, Vision, and the NYT, made threats to the Wayfarer Parties that they knew to be wrongful, that the threats included demands that money, property, services, or other sources of value be conferred upon the Lively Parties without consideration or contractual entitlement, that the Wayfarer Parties complied with those demands and that they were harmed as a result.  *Id.*  The FAC alleges that in August 2024, Lively and Reynolds demanded that Wayfarer, Health and Baldoni make a "public apology" for the problems that occurred on the set and that if they failed to do so, the "gloves would come off" and Wayfarer would be attacked.  Dkt. No. 50 ¶¶ 250–54.  The Wayfarer Parties also alleged that Lively demanded with "extortionate threats" that Baldoni, Heath, and Wayfarer submit letters to

the Producers Guild of America ("PGA") in support of her certification for a p.g.a. mark.  *Id.* ¶¶ 152–58.  The FAC asserts that Lively "continued to extort Wayfarer, Baldoni, and even Sony," that "Wayfarer and Baldoni firmly resisted," and that ultimately "Wayfarer and Baldoni" drafted and signed a letter of support on Lively's behalf.  *Id.* ¶¶ 152, 154, 157.  The Court previously explained why those alleged threats failed to state a claim for relief against any of the Defendants.  *See Lively*, 786 F. Supp. 3d at 747 ("Wayfarer does not plead sufficient facts to support an inference that these threats were legally wrongful.").  For purposes of Rule 11, however, what makes the civil extortion claim sanctionable is that the factual allegations do not support a claim for relief by Sarowitz, Nathan, Abel or IEWUM against Lively or Reynolds. The four of them simply had no basis to sue Lively or Reynolds for civil extortion.

The second cause of action implicated in the present motion is the claim for defamation against Lively and Reynolds on behalf of all Defendants.  Dkt. No. 50 ¶¶ 324–31.  The claim is based on the allegations that the Lively Parties "made one or more statements to persons . . . to the effect that the Wayfarer Parties engaged in, permitted, and/or failed to prevent sexually inappropriate conduct toward Lively and others [and] retaliated against Lively and others for reporting the alleged sexual misconduct."  *Id.* ¶ 325.  The claim is based on the publication by the NYT of an article that the Wayfarer Parties alleged accused them of orchestrating a smear campaign against Lively because of her allegation of sexual misconduct on the set of the Film, and the allegation that by telling the NYT "a false and damning story about an insidious PR sabotage operation deployed as revenge for sexual harassment complaints, . . . Lively and her co-conspirators committed the tort of defamation."  *Id.*  ¶¶ 267, 270, 273.  Reynolds argues that the claim against him is sanctionable on the limited basis that it does not allege that he personally made any defamatory statements to third parties.  Dkt. No. 230 at 12.  But a party can be held

liable for defamation under New York law on a conspiracy theory. *See, e.g., Fairstein v. Netflix, Inc.*, 553 F. Supp. 3d 48, 82 (S.D.N.Y. 2021). Reynolds' motion directed to the second cause of action is therefore denied.

The Wayfarer Parties' fifth cause of action asserted a claim against Reynolds and Lively for intentional interference with contractual relations, Dkt. No. 50 ¶¶ 347–55, their sixth cause of action asserted a claim against the two for intentional interference with prospective economic advantage, *id.* ¶¶ 356–65, and the seventh cause of action asserted a claim for negligent interference with prospective economic advantage, *id.* ¶¶ 366–74. Each of the causes of action is based on an alleged contract or economic relationship between "the Wayfarer Parties and William Morris Endeavor ('WME')." *Id.* ¶ 348; *see also id.* ¶¶ 357, 367. WME is alleged to have represented Baldoni and Wayfarer. *Id.* ¶ 16. The Wayfarer Parties allege that Lively and Reynolds interfered with the performance of the contract with WME, *id.* ¶ 350, and negligently or intentionally disrupted the economic relationship with WME, including "by making threats and/or demands that WME terminate its economic relationship with the Wayfarer Parties," *id.* ¶¶ 359, 371. The claims are based on the allegation that "Reynolds approached Baldoni's agency, namely, an executive at WME, and expressed his deep disdain for Baldoni, suggesting that the agency was working with a 'sexual predator' . . . and, at a later date, demanded that the agent 'drop Baldoni.'" *Id.* ¶ 162. The Wayfarer Parties have not identified even an arguable basis in law or fact for any Wayfarer Party other than Baldoni and Wayfarer to assert these claims, as no other party was implicated in the contractual relationship.

Finally, the fourth cause of action, which was pled only against Lively but is asserted by all the Wayfarer Parties, alleged that Lively and the Wayfarer Parties entered into a contract by which Lively agreed to perform as an actor in the Film and that she engaged in conduct that

9

deprived the Wayfarer Parties of the benefit of that contract and thereby breached the duty of good faith and fair dealing.  Dkt. No. 50 ¶ 340–46.  But there was no conceivable basis upon which to allege the existence of a contractual relationship between Lively and Sarowitz, Nathan, Abel or Heath.

A claim by a person that the defendant has committed a tort or breached a contractual relationship is not to be made lightly.  It can carry reputational consequences, even if that same claim is properly made by another party.  The court is authorized to impose monetary sanctions, including a penalty or attorneys' fees for such conduct.  *See* Fed. R. Civ. P. 11(c)(4).  In this case, however, there is no basis to believe that the allegation of the sanctionable claims imposed any great burden on Lively and Reynolds beyond the burden that they faced to address the claims which are not sanctionable.  The sanctionable claims did not place any burden on the Court.  Accordingly, the Court limits the Rule 11 sanction to a reprimand of Liner Freedman and Meister Seelig and their respective firms for violating Rule 11.

### CONCLUSION

The motions of Lively and Reynolds under Rule 11 is granted in part and denied in part.  The Court reprimands Liner Freedman and Meister Seelig for violating Rule 11 by making claims that were legally frivolous and factually baseless.  The Clerk of Court is respectfully requested to close Dkt. Nos. 222, 229 in Case No. 24-cv-10049.  The Clerk of Court is respectfully requested to close Dkt. No. 104 in Case No. 25-cv-00449.

SO ORDERED.

Dated: March 27, 2026
      New York, New York

                                        LEWIS J. LIMAN
                               United States District Judge