# WILLKIE FARR & GALLAGHER LLP

2029 Century Park East
Los Angeles, CA 90067-2905
Tel: 310 855 3000
Fax: 310 855 3099

April 7, 2026

**<u>VIA ECF</u>**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049 (LJL)

Dear Judge Liman:

Pursuant to Federal Rules of Civil Procedure 37(a), 26(a)(3)(A) and Rule 5(A)(ix) of this Court's Individual Practices in Civil Cases, Plaintiff Blake Lively respectfully submits this letter regarding Wayfarer Studios LLC, It Ends With Us Movie LLC, and The Agency Group PR's ("Defendants") exchange of pre-trial materials and disclosures in anticipation of the forthcoming April 10 pre-trial filing deadline. Dkts. 1265, 1274. For the reasons explained below, Plaintiff requests that the Court compel Defendants to disclose whether Justin Baldoni, Jamey Heath, Steve Sarowitz, Melissa Nathan, and Jennifer Abel will or will not be testifying in person at the trial set to begin on May 18, and grant a limited extension to provide deposition designations for any party who elects not to appear at trial.

Pursuant to this Court's Individual Rules of Civil Practice, parties must identify in the proposed Joint Pretrial Order "[a] list of all trial witnesses, indicating whether such witnesses will testify in person or by deposition." Rule 5(A)(ix). This requirement is particularly important with respect to witnesses who have previously provided deposition testimony, as is the case with all of counsel for Defendants' clients, Justin Baldoni, Jamey Heath, Steve Sarowitz, Melissa Nathan, and Jennifer Abel. Each of these individuals remain parties to this case,[1] yet Defendants have refused to answer whether any of them will show up for trial. Instead, Defendants' position appears to be that they are entitled to inform Plaintiff at some future undetermined date whether these individuals will provide testimony by deposition designation *or* live testimony. In taking this position, Defendants' counsel have taken the curious position that they somehow are unable to determine whether their own clients "are unwilling or unable to appear in person." Ex. A at 1. While that uncertainty may be understandable with respect to third parties, it is obviously

---

[1] *Keawsri v. Ramen-Ya Inc.*, 2022 WL 2391692, at *1 (S.D.N.Y. Jul. 1, 2022) (Liman, J) (noting, where summary judgment granted, that "judgment has not been entered under Rule 54(b) and they remain defendants"); *We Shall Overcome Found. v. The Richmond Org., Inc.*, 2018 WL 400776, at *1 (S.D.N.Y. Jan. 12, 2018) (when order does not adjudicate all of the claims in the case, it "does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"); *In re Agent Orange Prod. Liab. Litig.*, 95 F.R.D. 192, 194 (E.D.N.Y. 1982) ("Until such a final judgment is entered, the government is still a party to these actions.").

BRUSSELS    CHICAGO    DALLAS    FRANKFURT    HAMBURG    HOUSTON    LONDON    LOS ANGELES
MILAN    MUNICH    NEW YORK    PALO ALTO    PARIS    ROME    SAN FRANCISCO    WASHINGTON

inapplicable to Baldoni, Heath, Sarowitz, Nathan, and Abel. Ms. Lively respectfully requests that the Court direct Defendants to disclose whether these parties will testify in person or by deposition designation by no later than Wednesday, April 8, 2026, and that Ms. Lively be granted a limited extension to provide deposition designations for any non-appearing parties by no later than one week from the date by which this information is disclosed by Defendants, to provide time for a complete exchange of deposition designations, counter-designations, and objections as to these individuals, if necessary.

By way of background, on Friday, April 3, the parties conferred regarding scheduling the exchange of pre-trial submissions given the Court's order and the upcoming April 10 deadline. Counsel for Ms. Lively inquired as to whether the aforementioned clients would be appearing at trial, stating that, if not, Ms. Lively would need to accommodate time to include deposition designations in the parties' remaining exchange schedule. Counsel for Defendants refused to provide that information, suggesting that their clients may appear live but also potentially by deposition. After the parties' conferral, on April 3, counsel for Ms. Lively proposed an exchange schedule that included a mutual exchange of witness information and disclosure as to which of their clients would provide testimony in person or by deposition. Ex. A at 2-3. As of the time of filing, Defendants have ignored the full proposed exchange schedule that contemplates numerous deadlines in order for the parties to complete exchanges by April 10.

On April 6, counsel for Plaintiff again requested that counsel for Defendants provide the information as to whether their clients would appear in person or by deposition. *Id.* at 1. Defendants' counsel responded with a refusal to provide this information in the near future or in the parties' final witness lists. Instead, Defendants' counsel stated, in part, that "given the court's limited subpoena power, we are reserving the right to have witnesses appear by designation if they are unwilling or unable to appear in person," and "designating deposition testimony for witnesses who are outside the geographical reach of the court's subpoena power" while "reserving the right to present their testimony by designation." *Id.* Given the parties' conferral and subsequent correspondence, counsel has conferred and attempted to confer in good faith with Defendants regarding this issue pursuant to Federal Rule of Civil Procedure 37(a)(1).

The presence or absence of these parties at trial will substantially affect the presentation of evidence, including the order of witnesses, the parties' preparation for testimony, and this Court's pre-trial rulings. Defendants' refusal to provide this straightforward information to Ms. Lively appears designed to manufacture a strategic advantage by depriving Ms. Lively of information that will substantially influence her ability to complete, in a timely fashion, the witness and exhibit lists, as well as other exchanges contemplated in the forthcoming Joint Pretrial Order. If some or all of the parties are refusing to appear at trial, Ms. Lively is entitled to know in advance.

Accordingly, Ms. Lively requests that the Court compel disclosure of this information in compliance with this Court's Rule 5(A)(ix), and grant a limited extension of one week from the date by which this information is disclosed by Defendants, to provide time for a complete exchange of designations and objections.

Respectfully submitted,

/s/ *Michael J. Gottlieb*

Michael J. Gottlieb
Willkie Farr & Gallagher LLP
2029 Century Park East
Los Angeles, California 90067
(310) 855-3111
mgottlieb@willkie.com

Kristin E. Bender
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC 20006
(202) 303-1000
kbender@willkie.com

Aaron E. Nathan
Michaela A. Connolly
Melissa Taustine
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

Esra A. Hudson (*pro hac vice*)
Stephanie A. Roeser (*pro hac vice*)
Sarah E. Moses (*pro hac vice*)
Sareen Armani
Katelyn A. Climaco
Manatt, Phelps & Phillips, LLP
2049 Century Park East, Suite 1700
Los Angeles, California 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com
smoses@manatt.com

Matthew F. Bruno
Manatt, Phelps & Phillips, LLP
7 Times Sq.
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

3

Meryl C. Governski (*pro hac vice*)
Dunn Isaacson Rhee LLP
401 Ninth Street, NW
Washington, DC 20004
(202) 240-2900
mgovernski@dirllp.com

*Attorneys for Blake Lively*