**L|F** Liner Freedman
**T|C** Taitelman+Cooley LLP

1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
www.lftcllp.com

Ellyn S. Garofalo
Direct: (310) 201-4212
egarofalo@lftcllp.com

April 9, 2026

*Via ECF*
The Honorable Lewis J. Liman
U.S. District Court for the
Southern District of New York
500 Pearl Street
New York, NY  10007

Re:    *Blake Lively v. Wayfarer Studios LLC, et al.*, Case No. 1:24-cv-10049 (LJL)

Dear Judge Liman:

Wayfarer Studios LLC, In Ends With Us Movie LLC and The Agency Group PR LLC (collectively, "Defendants") and Justin Baldoni, Jamey Heath, Steve Sarowitz, Melissa Nathan, and Jennifer Abel (collectively, "Dismissed Defendants") who were dismissed in the Court's April 2 ruling on Defendants' summary judgment motion  (along with ten of Plaintiff's thirteen causes of action) respectfully submit this letter in opposition to Plaintiff Blake Lively's request for an order compelling them to identify Dismissed Defendants that will be appearing at trial to offer in person testimony and those whose tesifmony will be presented through deposition testimony. Plaintiff also seeks a limited extension of time to provide deposition designations for any party who elects not to appear at trial.  (Dkt. No. 1276).

Plaintiff relies on Rule 5(a)(ix) of the Court's Individual Rules of Civil Practice, which requires the parties to identify in the proposed Joint Pretrial Order "[a] list of all trial witnesses, indicating whether such witnesses will testify in person or by deposition."  Plaintiff complains that Defendants' initial witness list does not specify which of the Dismissed Defendants will appear live and which will appear by deposition.  Plaintiff fails to note that her own initial witness list, provided to Defendants on March 20, 2026, failed to comply with Rule 5(a)(ix), listing 45 witnesses without any indication of which will appear to testify in person.

Defendants' initial witness list, served on March 20, 2026, denotes with an asterisk witnesses who are outside the Court's subpoena power and therefore may appear by deposition. In Defendants' amended initial witness list served shortly after the summary judgment ruling, the newly Dismissed Defendants were among those whose names were marked with an asterisk.  A footnote reserved Defendants' right to present live testimony at trial from any of the marked witnesses should the witness agree to appear voluntarily.  The initial witness list came immediately on the heels of the Court's April 2 summary judgment ruling which, in Defendants' view, may have significantly changed the landscape of the trial.  Nevertheless, at an April 4 'meet and confer,' Plaintiff insisted that Defendants immediately disclose whether the Dismissed Defendants would provide live testimony.  Plaintiff again ignored her own witness list, which suffered from the same shortcomings she complains of here.

Defendants' counsel attempted to explain to Plaintiff that they were still processing the impact of the Court's summary judgment ruling and, as part of that process, Defendants' pretrial

490584.1

submissions, including their witness list, were being reviewed and modified to comport with the ruling.  Counsel assured Plaintiff that to avoid prejudice, deposition designations would be provided timely for each of the Dismissed Defendants, pending an imminent decision on whether they would appear at trial.  Plaintiff, however, continued to demand that Defendants immediately identify those witnesses who will appear at trial and those who will not.  Plaintiff denies that the summary judgment motion ruling has any effect whatsoever on the scope of issues to be tried or the relevant evidence they will present at trial.  Accordingly, Plaintiff has declined to substantially narrow her witness list[1] which identifies 41 witnesses or her exhibit list which stands at approximately 1,000 exhibits.  Plaintiff does explain how Defendants' failure to disclose whether the Dismissed Defendants will appear at trial in the initial witness list, at this juncture, prejudice Plaintiff.  Plaintiff also fails to elaborate on why Defendants' delay in identifying the witnesses who will appear in person might be prejudicial while Plaintiff's corresponding failure would not prejudice Defendants.[2]

Sufficient time has now passed for Defendants to complete the necessary assessment of the issues and evidence that will be relevant at trial.  Accordingly, Defendants will be serving an amended witness list reflecting that Dismissed Defendants Justin Baldoni, Jamey Heath and Melissa Nathan will appear to provide in person testimony as their testimony remains relevant to refute Plaintiff's false allegations of a smear campaign that purportedly orchestrated to smear Ms. Lively.  In contrast, Dismissed Defendants Steven Sarowitz and Jennifer Abel will not appear in person but by deposition.  With respect to other third-party witnesses who are outside the Court's subpoena power, Defendants are unable to predict whether they will agree to appear voluntarily.  Designations have been provided, and, like Plaintiff, Defendants reserve the right to present their testimony at trial should they agree to appear voluntarily.

Based on the foregoing, Defendants respectfully request that the Court deny Plaintiff's request to compel disclosure of which witnesses will appear at trial and which will testify by deposition.  Defendants request for additional time to exchange witness lists is moot.

Very truly yours,

Ellyn S. Garofalo

---

[1] On April 9, 2026, Plaintiff indicated she was adding "dozens of new exhibits," including videos and other potentially voluminous materials.  Plaintiff refused to share an estimated number of "dozens of exhibits" and at the time of this filing, these exhibits have not been identified.

[2] Plaintiff relies on a string of decisions which, according to Plaintiff, establish that for purposes of trial testimony, the Dismissed Defendants remain parties until final judgment has been entered.  None of the cases Plaintiff cites hold that a dismissed party can be compelled to testify in person at trial if they are outside the geographical limits of Rule 45, much less that defendants are required to disclose who will appear in person at this juncture.  One of the cited cases did not involve testimony at all.  *See We Shall Overcome Found v. The Richmond Org., Inc.*, 2018 WL 400776, at * 1 (S.D.N.Y. Jan. 12, 2018).  The other two involved depositions and not trial testimony.  *See Keawsri v. Ramen-Ya Inc.*, 2022 WL 2391692, at *1 (S.D.N.Y. Jul. 1, 2022) (deposition testimony of adverse witness was admissible as non hearsay under Fed. R. Civ. P. 32(a)(3) even though they were testifying live); *Agent Orange Product Liability Litigation*, 95 F.R.D. 192, 194 (E.D.N.Y. 1982) (where the government had agreed if it were dismissed it "would, nevertheless, cooperate to fullest during the discovery period," government witnesses could be deposed in New York).

490584.1