**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BLAKE LIVELY<br><br>                    Plaintiff,<br><br>          -v-<br><br>WAYFARER STUDIOS LLC, JUSTIN BALDONI,<br>JAMEY HEATH, STEVE SAROWITZ, IT ENDS<br>WITH US MOVIE LLC, MELISSA NATHAN,<br>THE AGENCY GROUP PR LLC, JENNIFER<br>ABEL, JED WALLACE, STREET RELATIONS,<br>INC.<br><br>                    Defendants. | No. 24-cv-10049-LJL |

**DEFENDANTS' RENEWED MOTION FOR JUDGMENT ON THE PLEADINGS**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES...........................................................................................................ii

INTRODUCTION ....................................................................................................................... 1

ARGUMENT ............................................................................................................................... 1

I.      LIVELY HAS NO FEHA RETALIATION CLAIM BECAUSE SHE DID
        NOT OPPOSE CONDUCT "FORBIDDEN UNDER" FEHA........................................... 2

II.     THIS ISSUE SHOULD BE DECIDED BEFORE TRIAL.................................................. 4

CONCLUSION............................................................................................................................ 5

## TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Arn v. News Media Grp.*,
  175 F. App'x 844 (9th Cir. 2006) ......................................................................... 3

*Ballast v. Workforce7 Inc.*,
  2024 WL 307966 (S.D.N.Y. Jan. 25, 2024) ......................................................... 4

*Cooper v. New York State Dep't of Labor*,
  819 F.3d 678 (2d Cir. 2016) ................................................................................. 3

*Dinslage v. City and County of San Francisco*,
  209 Cal. Rptr. 3d 809 (Cal. Ct. App. 2016) ..................................................... 2, 3

*eShares, Inc. v. Talton*,
  2025 WL 936921 (S.D.N.Y. Mar. 27, 2025) ....................................................... 3

*eShares, Inc. v. Talton*,
  22-cv-10987 (S.D.N.Y.), ECF 87 ........................................................................ 3

*Fezzani v. Bear, Stearns & Co. Inc.*,
  2023 WL 4625544 (S.D.N.Y. July 19, 2023) ...................................................... 4

*In re OpenAI, Inc. Copyright Infringement Litig.*,
  2025 WL 3003339 (S.D.N.Y. Oct. 27, 2025) ...................................................... 4

*Moodie v. Fed. Reserve Bank of New York*,
  861 F. Supp. 10 (S.D.N.Y. 1994) ........................................................................ 4

*Sexton v. Spirit Airlines, Inc.*,
  2023 WL 1823487 (E.D. Cal. Feb. 8, 2023) ....................................................... 2

**Other Authority**

Cal. Gov. Code § 12940 ...................................................................................... 1, 2

**Rule**

Fed. R. Civ. P. 12 ..................................................................................................... 4

## INTRODUCTION

Wayfarer Studios LLC ("Wayfarer"), It Ends With Us Movie LLC ("IEWUM"), and The Agency Group PR LLC ("TAG") respectfully submit this renewed motion for judgment on the pleadings on Lively's retaliation claims under the Fair Employment and Housing Act ("FEHA").

In its April 2 decision, the Court ruled that any sexual harassment occurred, if at all, in New Jersey, and, as such, was not actionable under FEHA based on California's presumption against extraterritoriality. It thus dismissed Lively's harassment claims under FEHA in their entirety. That ruling is also dispositive with respect to Lively's companion FEHA retaliation claims. In short, FEHA prohibits retaliation against someone who "has opposed any practices forbidden *under this part[.]*" Cal. Gov. Code § 12940(h) (emphasis added). The Court has ruled that the allegedly harassing actions of the Wayfarer Parties were not subject to or "forbidden under" FEHA. Accordingly, Lively's alleged opposition to those actions was not opposition to "practices forbidden under" that statute. Her FEHA retaliation claims must be dismissed.

The Court noted this issue in its April 2 decision but did not address it because it was not raised in the briefs. ECF 1273 at 94 n.20. Defendants respectfully submit that this issue, which is purely legal and ripe for adjudication, should be ruled on prior to trial. Resolution of this issue will significantly reduce the scope of trial. Without the remaining FEHA claims, Wayfarer and TAG will be dismissed from the case. Dismissal of the FEHA claims will also simplify the issues for the jury—including by eliminating the question of good faith opposition and permitting it to hear a single set of instructions on contract liability and damages. Finally, pretrial resolution will also avoid the unfair prejudice of putting Defendants on trial against non-viable claims of unlawful retaliation.

## ARGUMENT

## I. LIVELY HAS NO FEHA RETALIATION CLAIM BECAUSE SHE DID NOT OPPOSE CONDUCT "FORBIDDEN UNDER" FEHA

Under FEHA, it is an unlawful practice "[f]or any employer … to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden *under this part* or because the person has filed a complaint, testified, or assisted in any proceedings *under this part*." Cal. Gov. Code § 12940(h) (emphasis added). As the plain language makes clear, "FEHA protects employees against retaliation … for opposing conduct *made unlawful by the act*." *Dinslage v. City and County of San Francisco*, 209 Cal. Rptr. 3d 809, 820 (Cal. Ct. App. 2016) (emphasis original). Under California's presumption against extraterritoriality, only unlawful discrimination having a "substantial connection" to California is subject to the statute. ECF 1273 at 87 (quoting *Sexton v. Spirit Airlines, Inc.*, 2023 WL 1823487, at *4 (E.D. Cal. Feb. 8, 2023)). The Court has held that Lively's harassment claim lacked such a nexus to California because Lively was not a California resident and all the relevant conduct occurred on set in New Jersey. *Id.* at 87-93. The necessary corollary of this holding is that Lively was not opposing "practices forbidden under FEHA" when she complained about alleged harassment that was in no way, shape, or form subject to FEHA.

A contrary result would read into California's statute a remedy for employees in other states who experienced and opposed discrimination in those other states, so long as a subsequent adverse action is directed from California. But that is not what FEHA provides. California has not "forbidden" employers in New Jersey from harassing their employees, and employees in New Jersey who complain about such harassment are not complaining about harassment "forbidden under" FEHA.

In its April 2 decision, this Court cited *eShares, Inc. v. Talton*, 2025 WL 936921, at *15 (S.D.N.Y. Mar. 27, 2025), for the proposition that, when retaliatory conduct is directed from

2

California, a FEHA retaliation claim does not offend California's presumption against extraterritoriality.  ECF 1273 at 94.  The issue raised on this motion is different and was not raised or decided in *eShares*.  Indeed, the relevant pleading in *eShares* makes clear that the retaliation in that case arose from discriminatory acts that occurred in California.  *eShares, Inc. v. Talton*, 22 Civ. 10987, ECF 87 at ¶¶ 24, 25, 53, 89, 97, 98, 202.

Nor is it sufficient for Lively to claim a good faith if mistaken belief that Defendants' actions violated FEHA.  Such a belief must be "objectively reasonable" when "measured against existing substantive law."  *Dinslage*, 209 Cal. Rptr. 3d at 820 ("FEHA protects employees against retaliation … for opposing conduct *made unlawful by the act*").  Thus, a plaintiff may not use a legally erroneous belief to expand the statute beyond the categories of discrimination addressed by the legislature.  *See Cooper v. New York State Dep't of Labor*, 819 F.3d 678, 681 (2d Cir. 2016) (holding that a Title VII "plaintiff alleging unlawful retaliation may not recover unless he reasonably believed that the conduct he opposed" violated one of the seven "particular statutory proscriptions"); *Arn v. News Media Grp.*, 175 F. App'x 844, 846 (9th Cir. 2006) (environmental whistleblowing is not protected by FEHA's anti-retaliation provision "because it is not conduct that gives rise to discrimination on the basis of any of the protected categories under FEHA").  A plaintiff who erroneously believes the law forbids categories of discrimination that it does not in fact forbid has no retaliation claim if she opposes that "discrimination" and gets fired.  The same goes for a plaintiff who erroneously believes herself protected by the law of a far-away jurisdiction.

Lively was a New York resident shooting a movie in New Jersey, and all the allegedly harassing conduct took place in New Jersey.  She was never protected by FEHA and she did not oppose conduct "forbidden by" FEHA.  She has no retaliation claim under FEHA.

3

**II.     THIS ISSUE SHOULD BE DECIDED BEFORE TRIAL**

Under Rule 12(c), "a party may move for judgment on the pleadings" at any time "[a]fter the pleadings are closed" but "early enough not to delay trial."  The argument that the plaintiff has failed to state a claim on which relief may be granted is non-waivable under Rule 12(h)(2), and courts in this district have taken a tolerant approach to successively filed Rule 12(b)(6) or Rule 12(c) motions.  *See Ballast v. Workforce7 Inc.*, 2024 WL 307966, at *5 (S.D.N.Y. Jan. 25, 2024) (collecting cases and holding that "failure-to-state-a-claim arguments are not waivable and may be brought in a successive Rule 12 motion"); *In re OpenAI, Inc. Copyright Infringement Litig.*, 2025 WL 3003339, at *4 (S.D.N.Y. Oct. 27, 2025) (considering merits of successive Rule 12(b)(6) motion even assuming grounds were available at time of prior motion); *Fezzani v. Bear, Stearns & Co. Inc.*, 2023 WL 4625544, at *3 (S.D.N.Y. July 19, 2023) (considering Rule 12(c) motion on "narrow, predominantly legal issue" filed 24 years into litigation and following prior Rule 12 motions); *Moodie v. Fed. Reserve Bank of New York*, 861 F. Supp. 10, 13 (S.D.N.Y. 1994) (considering "eve of … re-trial" motion to dismiss for failure to state a claim).

The viability of Lively's remaining FEHA claims cries out for resolution prior to trial. The issue is purely legal and requires no factual development.  Resolution of the issue now— rather than in post-trial motions—will significantly simplify both the factual presentations and the jury instructions.  Among other things, if the FEHA claim is dismissed, both Wayfarer and TAG will be dismissed from the case; if the FEHA claim is dismissed, the jury will no longer need to decide whether Lively had a reasonable and good faith belief that she was opposing retaliation forbidden under FEHA; if the FEHA claim is dismissed, the jury will be able to decide the case under a single set of instructions on contract liability and damages, and will not have to

4

wade through two overlapping but distinct claims.  There is no prejudice to Lively from this issue being decided prior to trial.

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss the FEHA retaliation claim against Wayfarer and IEWUM and the aiding and abetting claim against TAG.


Dated:   April 10, 2026
           New York, New York

/s/ Jonathan P. Bach
Jonathan P. Bach
Alexandra A.E. Shapiro
Alice Buttrick
SHAPIRO ARATO BACH LLP
1140 Avenue of the Americas, 17th Floor
New York, New York 10036
(212) 257-4880
jbach@shapiroarato.com
ashapiro@shapiroarato.com
abuttrick@shapiroarato.com

LINER FREEDMAN TAITELMAN +
COOLEY, LLP
Bryan J. Freedman (admitted *pro hac vice*)
Ellyn S. Garofalo (admitted *pro hac vice*)
Kim S. Zeldin (admitted *pro hac vice*)
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
(310) 201-0005
bfreedman@lftcllp.com
egarofalo@lftcllp.com
kzeldin@lftcllp.com

MEISTER SEELIG & SCHUSTER PLLC
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
(202) 655-3500
ms@msf-law.com
kaf@msf-law.com

5

Case 1:24-cv-10049-LJL    Document 1295    Filed 04/10/26    Page 9 of 9

AHOURAIAN LAW
Mitra Ahouraian (admitted pro hac vice)
2029 Century Park East, 4th Floor
Los Angeles, CA 90076
(310) 376-7878
mitra@ahouraianlaw.com

*Attorneys for the Wayfarer Parties*

6