Shapiro Arato Bach LLP

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880
www.shapiroarato.com

Jonathan P. Bach
jbach@shapiroarato.com
Direct: 212-257-4897

April 10, 2026

VIA ECF

The Honorable Lewis J. Liman
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl St., Room 1620
New York, NY 10007

Re:     *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL

Dear Judge Liman:

The remaining Wayfarer Parties respectfully submit this letter to raise further concerns about the voluminous overbreadth of Lively's witness and exhibit lists.  As the Court will see upon receipt of the Joint Pretrial Order, Lively's lists are currently impractical for both pretrial and trial purposes, obscure the witnesses and exhibits the Wayfarer Parties will actually have to confront, and create reams of unnecessary work at a time when the parties should be focusing their efforts for trial.

As the Court may recall, the Wayfarer Parties raised concerns by letter of March 25 when Lively was listing in excess of 40 trial witnesses and nearly 1,000 exhibits.  (Dkt. 1264).  The Court set an April 2, 2026 conference to address the issue.  Hours before that conference, the Court issued its ruling on dispositive motions, reducing the number of pending claims from 13 to 3.  Under the circumstances, counsel for the Wayfarer Parties stated at the conference that, rather than pressing the issue at that time, they would further meet and confer with Lively's counsel, to see if any further narrowing could be achieved in light of the Court's ruling.  Unfortunately, almost no narrowing has occurred.  Even with only three remaining claims, Lively still lists more than 40 witnesses and more than 800 exhibits, now accompanied by hundreds of affiliated attachments – far more than can fit within an estimated 15-day trial.  Moreover, notwithstanding repeated requests, Lively has refused to identify which attachments she actually intends to present at trial, nor – in the case of numerous video and podcast exhibits – which time-stamped portions she plans to use.

To give the Court a flavor of what's been happening, Lively identified 68 new exhibits, for the first time, just after midnight and provided reviewable copies of those documents at approximately 3:40 a.m. this morning.[1]  There is no reason these exhibits could not have been identified earlier.  Defense counsel are obviously in no position, and should not have to, review

---

[1] The link Lively's counsel provided was defective, so the Wayfarer Parties were unable to begin to review these materials until 10:00 a.m. today.

Hon. Lewis J. Liman
April 10, 2026

so many new materials at the last minute, especially on a day when they are consumed with numerous other tasks, including finalization of draft jury instructions, Daubert motions, and motions in limine. When Lively's counsel advised yesterday that Lively would be identifying "dozens" of new exhibits, they initially refused to agree to an extension of time for defense counsel to note objections to those exhibits. After the call, they offered the Wayfarer Parties a two-day period to review them, but only if the Wayfarer Parties agreed Lively did not have to identify her new exhibits until next week. When the Wayfarer Parties objected to this one-sided proposal, Lively produced the exhibits at the last possible minute. The new exhibits include additional video exhibits, without specification of the portions Lively intends to use. Others are "summary exhibits," one of which is 54 pages long. Still others are documents that Lively has had access to all along but chose not to identify at a more convenient time, such as text messages between Lively and various witnesses. Even a brief glance at some of their contents suggests little discrimination in terms of what might actually be admissible at trial. They include, for example, a speech Lively made about her husband Ryan Reynolds' commitment to his family and pictures of Lively with Taylor Swift. Lively also provided additional materials this morning, which, her counsel explained after inquiry, are intended to be revisions or additional components of previously identified exhibits. These, too, appear to be of limited relevance or practical value: for instance, they include an article about a Taylor Swift cookie recipe that was linked in other correspondence. It is exceptionally unlikely Lively would show such materials, or that the jury would gain any insight from them.

Counsel for the Wayfarer Parties understand that witness and exhibit lists tend to err on the side of being overinclusive, as counsel are still making final determinations for trial. But there is a difference between overinclusive lists that nevertheless remain within practical parameters and lists so overly broad as to fluster the other side's ability to anticipate evidence and prepare accordingly. The Wayfarer Parties should be permitted to prepare their defenses in an orderly way without having to slog through huge amounts of materials, and without cumbersome last-minute additions.

For the foregoing reasons, the remaining Wayfarer Parties respectfully request an Order that

(1) grants the Wayfarer Parties an additional week to note objections to the 68 exhibits Lively identified only this morning and to prepare any additional motions in limine accordingly;

(2) directs Lively to narrow her witness list, at least to delineate between primary and rebuttal witnesses, and to eliminate those witnesses she does not intend to call at trial; and

(3) directs Lively to narrow her exhibit list to a number of exhibits reasonably suitable for trial, including specification of which documentary attachments she intends to use and of which time-stamped portions of videos or podcasts she intends to use.

Hon. Lewis J. Liman
April 10, 2026

Respectfully submitted,

/s/ Jonathan P. Bach
Jonathan P. Bach
Alexandra A.E. Shapiro
Alice Buttrick
SHAPIRO ARATO BACH LLP
1140 Avenue of the Americas, 17th Floor
New York, New York 10036
(212) 257-4880
jbach@shapiroarato.com
ashapiro@shapiroarato.com
abuttrick@shapiroarato.com

LINER FREEDMAN TAITELMAN + COOLEY,
LLP
Bryan J. Freedman (admitted *pro hac vice*)
Ellyn S. Garofalo (admitted *pro hac vice*)
Kim S. Zeldin (admitted *pro hac vice*)
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
(310) 201-0005
bfreedman@lftcllp.com
egarofalo@lftcllp.com
kzeldin@lftcllp.com

MEISTER SEELIG & SCHUSTER PLLC
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor New
York, NY 10017
(202) 655-3500
ms@msf-law.com
kaf@msf-law.com

AHOURAIAN LAW
Mitra Ahouraian (admitted pro hac vice)
2029 Century Park East, 4th Floor
Los Angeles, CA 90076
Tel: (310) 376-7878
Email: mitra@ahouraianlaw.com

*Attorneys for the Wayfarer Parties*

cc:    All counsel (by ECF)