**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BLAKE LIVELY, | |
| Plaintiff, | |
| v. | No. 24-cv-10049 (LJL) |
| WAYFARER STUDIOS LLC, et al., | |
| Defendants. | |

## JOINT PRETRIAL ORDER

Pursuant to Section 5(A) of this Court's Individual Practices in Civil Cases, Plaintiff Blake Lively and Defendants Wayfarer Studios LLC ("Wayfarer"), It Ends With Us Movie LLC ("IEWUM"), and The Agency Group PR LLC ("TAG") ("Defendants" and together with Ms. Lively, the "Parties"), through their respective counsel, jointly submit this Joint Pretrial Order:

I.     **CAPTION:** The full caption of the action is set forth above.

II.    **TRIAL COUNSEL:**

Trial counsel for Ms. Lively is:

**MANATT, PHELPS & PHILLIPS, LLP**
Esra A. Hudson (ehudson@manatt.com)
Naeun Rim (nrim@manatt.com)
Stephanie A. Roeser (sroeser@manatt.com)
Sarah E. Moses (smoses@manatt.com)
Sareen K. Armani (sarmani@manatt.com)
Katelyn A. Climaco (kclimaco@manatt.com)
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 312-4000

Matthew F. Bruno (mbruno@manatt.com)
7 Times Sq.
New York, NY 10036
(212) 790-4500

**WILLKIE FARR & GALLAGHER LLP**
Michael J. Gottlieb (mgottlieb@willkie.com)
Koren Bell (KBell@willkie.com)
2029 Century Park East
Los Angeles, CA 90067
(310) 855-3000

Kristin E. Bender (kbender@willkie.com)
1875 K Street NW
Washington, DC 20006
(202) 303-1000

Michael Schachter (MSchachter@willkie.com)
Aaron E. Nathan (anathan@willkie.com)
Michaela A. Connolly (mconnolly@willkie.com)
Melissa Taustine (mtaustine@willkie.com)
787 7th Avenue

1

New York, NY 10019
(212) 728-8000

**DUNN ISAACSON RHEE LLP**
Meryl C. Governski (mgovernski@dirllp.com)
401 Ninth Street, NW
Washington, DC 20004
(202) 240-2900

Trial counsel for Defendants is:

**LINER FREEDMAN TAITELMAN + COOLEY, LLP**
Bryan J. Freedman (bfreedman@lftcllp.com)
Ellyn S. Garofalo (egarofalo@lftcllp.com)
Kim S. Zeldin (kzeldin@lftcllp.com)
Amir Kaltgrad (akaltgard@lftcllp.com)
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
(310) 201-0005

**SHAPIRO ARATO BACH LLP**
Alexandra A. E. Shapiro (ashapiro@shapiroarato.com)
Jonathan Bach (jbach@shapiroarato.com)
Alice Buttrick (abuttrick@shapiroarato.com)
1140 Avenue of the Americas, 17th Floor
New York, NY 10036
Tel: (212) 257-4881

**MEISTER SEELIG & SCHUSTER PLLC**
Mitchell Schuster (ms@msf-law.com)
Kevin Fritz (kaf@msf-law.com)
125 Park Avenue, 7th Floor
New York, NY 10017
(202) 655-3500

III.     <u>**SUBJECT MATTER JURISDICTION**</u>

The Court has subject matter jurisdiction over Ms. Lively's claims pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and no Defendant is a citizen of the same State as Ms. Lively. The Court additionally has supplemental jurisdiction over the claims asserted pursuant to 28 U.S.C. § 1367.

### IV.    CLAIMS AND DEFENSES TO BE TRIED

**Ms. Lively's Claims:**

Ms. Lively's remaining claims to be tried by the jury are as follows:

Retaliation: Ms. Lively asserts two claims for retaliation: (1) a claim for retaliation in violation of the FEHA against Wayfarer and IEWUM, and (2) a claim for retaliation against IEWUM in breach of the Protections for Return to Production Agreement (the "Protections Agreement"), as described below. Ms. Lively will show that she complained about or otherwise opposed hostile work environment sexual harassment at multiple points in time, including the filing of her administrative complaint in December 2024. Ms. Lively will also show that Wayfarer and IEWUM anticipated that she would engage in further protected activity. In response to and/or in an effort to interfere with or inhibit Ms. Lively's ability to engage in said protected activity, Wayfarer and IEWUM unlawfully retaliated by seeking to undermine Ms. Lively's character and professional reputation, discouraging and obstructing her ability to complain about the hostile work environment, attacking her professional reputation (including but not limited to by orchestrating a smear campaign against her in the press and on social media, which included painting Ms. Lively as a "bully," "tone deaf," and a "mean girl," and the source of "friction" on set), threatening and/or attempting to intimidate Ms. Lively and third parties, and filing a frivolous and legally improper retaliatory lawsuit against Ms. Lively and her husband. The retaliation inflicted significant damage to Ms. Lively's professional reputation and career prospects.

Aiding and Abetting: Ms. Lively asserts a claim against Defendant TAG for aiding and abetting retaliation in violation of California Government Code § 12940(i). Ms. Lively intends to prove that TAG knew that Ms. Lively engaged in a protected activity by complaining about or

opposing sexual harassment, and substantially assisted or encouraged Wayfarer/IEWUM in their retaliation against her.

Breach of Contract: Ms. Lively asserts that IEWUM breached the Protections Agreement, which unequivocally prohibited retaliation against Ms. Lively for her raising complaints regarding inappropriate and harassing on-set conduct, including by Justin Baldoni and Jamey Heath, including any changes in attitude, sarcasm, marginalization or other negative behavior, either on set or otherwise, including during publicity and promotional work in connection with the Film.

Previously Asserted Claims: Ms. Lively previously asserted additional causes of action, which are no longer at issue, including for: sexual harassment (under Title VII, FEHA, and California Civil Code 51.9); failure to prevent harassment; retaliation (under Title VII and California Labor Code § 1102.5); aiding and abetting as to Jennifer Abel and Melissa Nathan; breach of the Actor Loan Out Agreement; false light; defamation; civil conspiracy; and intentional and negligent infliction of emotional distress.

Pending Motions: Ms. Lively has moved for spoliation sanctions against Wayfarer, IEWUM, and TAG based on their use of the ephemeral messaging platform Signal (the "Spoliation Motion"). *See* Dkt. No. 862.[1] Ms. Lively respectfully submits that the Spoliation Motion should be decided in advance of the May 2026 trial, given that such matters may substantially affect presentation of the evidence and other trial matters, such as jury instructions.

Ms. Lively's Motion for Attorneys' Fees, Treble Damages, and Punitive Damages under California Civil Code Section 47.1 (the "47.1 Motion"), filed September 8, 2025, similarly awaits

---

[1] The Spoliation Motion also remains pending as to Justin Baldoni, Jamey Heath, Steve Sarowitz, Melissa Nathan, Jennifer Abel, Jed Wallace, and Street Relations, Inc. Liability associated with these individuals' willful destruction of documents remains attributable to the entity defendants for the reasons set forth in Ms. Lively's reply brief in further support of spoliation sanctions. Dkt. No. 1096 at 7-9.

a ruling. Ms. Lively submits that the 47.1 Motion should be decided in advance of the May 2026 trial and renews her request that, if granted, the Court should set a schedule to promptly quantify the monetary award to which Ms. Lively is entitled, pursuant to Federal Rule of Civil Procedure 54(d)(2)(C).[2]

**Defendants' Defenses:**

The following claims asserted by Ms. Lively in her Second Amended Complaint were dismissed with prejudice by the Court: (1) sexual harassment under Title VII; (2) sexual harassment under FEHA; (3) sexual harassment under California Civil Code § 51.9; (4) failure to prevent harassment and retaliation under California Government Code § 12940; (5) retaliation under Title VII; (6) retaliation under California Labor Code § 1102.5; (7) aiding and abetting as to Jennifer Abel and Melissa Nathan; (8) breach of the Actor Loan Out Agreement; (9) false light; (10) defamation; and (11) civil conspiracy.  In addition, in lieu of responding to discovery concerning Ms. Lively's alleged intentional and negligent emotional distress claims, Ms. Lively dismissed those claims.  All individual defendants named in Ms. Lively's Second Amended Complaint (*i.e.*, Justin Baldoni, Jamey Heath, Steve Sarowitz, Melissa Nathan, Jennifer Abel) were dismissed with prejudice.

Therefore, of the original 15 claims set forth in Ms. Lively's Second Amended Complaint only three survive: (1) retaliation in violation of FEHA against Wayfarer Studios and IEWUM; (2) aiding and abetting FEHA retaliation against TAG; and (3) retaliation in breach of the Protections Agreement. In its summary judgment order, the Court withheld judgment with

---

[2] Plaintiff submits that Defendants' position statement includes improper argument and evidentiary matters, contrary to Judge Liman's Individual Rules.

respect to TAG's liability for aiding and abetting retaliation and granted TAG leave to renew its motion for summary judgment.

The defenses to Ms. Livey's remaining claims to be tried by the jury are as follows:

Retaliation: Ms. Lively cannot prove the elements required to establish retaliation under FEHA against IEWUM and Wayfarer Studios. Lively did not oppose conduct that she reasonably and in good faith believed to be discriminatory. Rather, she used her experience on set as a cudgel for control over the Film.  In addition, no aspect of Ms. Lively's employment changed for the worse after any of the alleged protected activity. Ms. Lively cannot establish that Defendants' public relations efforts were linked to protected activity, were substantially motivated by a discriminatory intent, or were the proximate cause of Ms. Lively's alleged damages. Ms. Lively's argument that Defendants retaliated against her because they anticipated she might engage in further protected activity does not make out a viable claim as a matter of law.

Defendants' public relations efforts and countersuit are not actionable as retaliation, because they were undertaken as reasonable defensive measures in response to Lively's own efforts to destroy Defendants' reputations and careers.  As the Court noted "To be sure, much of what Lively complains about is not actionable."  Defendants were entitled to: (1) engage public relations and crisis management specialists to protect their reputations; (2) prepare "responses to the Protection Letter and the accusations that it implied" – including the right to assert that the claims against them were untrue or misconstrued, and that Lively could not be credited and the right to convey why Lively's account could not be trusted; (3) use proxies—both disclosed and undisclosed—to defend him or herself.

Aiding and Abetting: Ms. Lively cannot prove that TAG can be liable for aiding and abetting or that it engaged in conduct that aided and abetted retaliation in violation of FEHA.

Breach of Contract: Ms. Lively cannot prove IEWUM engaged in conduct constituting retaliation for raising concerns described in the Protection Letter.

Damages: Ms. Lively cannot prove damages on several grounds, including because no quantifiable harm resulted from the conduct Ms. Lively complains about, Lively has disclaimed anything other than a garden variety emotional distress claim, Ms. Lively cannot claim damages flowing from separate corporate entities, Ms. Lively's claimed lost wages and reputational damages are the product of her own conduct and/or other factors, and Ms. Lively cannot prove that punitive damages are warranted against any Defendant.

Failure to Mitigate Damages: Even if Plaintiff can establish retaliation was a substantial motivating factor in the adverse action, Defendants will establish that legitimate, non-discriminatory reasons would have led it to make the same decision at the time. Further, Ms. Lively could have avoided some or all harm with reasonable effort.

## V.    LENGTH OF JURY TRIAL

This case will be tried by a jury. Ms. Lively anticipates that the trial will take approximately fifteen trial days. Defendants believe that fewer days will be needed for trial because the Court's summary judgment order substantially narrowed the number of causes of action, the number of parties and the issues relevant for trial. Defendants intend to raise their concern with Ms. Lively's position at the pretrial conference.

Plaintiff disagrees that the Court's April 2 Summary Judgment Order "substantially narrowed" the witnesses and evidence to be presented at trial, which still must be introduced to establish elements of the remaining claims, all of which Defendants continue to challenge. As

7

such, Plaintiff has included witnesses and evidence necessary to establish, among other things, that: (1) she engaged in a protected activity, including that she had a good faith, reasonable belief that unlawful harassment occurred, (2) she suffered an adverse employment action, including but not limited to through a retaliatory digital and media reputational character attack, which also, among other things, directly breached the contractual promise made to her not to take any negative action against her including in connection with the press or promotion of the film, (3) her protected activity was a substantial motivating reason for the adverse employment action against her, (4) TAG aided and abetted that retaliation, (5) she was harmed, and (6) Defendants' conduct was a substantial factor in causing her harm.

## VI.    JOINT STATEMENT OF THE CASE

**Plaintiff's Proposed Statement:** The case arises from Ms. Lively's claim that she experienced retaliation for complaining about or opposing what she reasonably in good faith believed to be harassing conduct in connection with her work on the film, *It Ends With Us*. Ms. Lively was the lead actress and a producer on the film.  Ms. Lively is suing three defendants: the movie studio that owned and produced the film, Wayfarer Studios LLC, its subsidiary, It Ends With Us Move LLC, and The Agency Group PR LLC (known as "TAG"), a public relations and crisis management services company.  Ms. Lively alleges that Wayfarer and It Ends With Us Movie LLC retaliated against her for complaining about or otherwise opposing harassing conduct by Justin Baldoni (the co-owner and co-chairman of Wayfarer, as well as Ms. Lively's co-star, and the director of the film) and Jamey Heath (a producer of the film and CEO of Wayfarer and President of It Ends With Us Movie LLC).  Ms. Lively also alleges that TAG aided and abetted the retaliation against her.

8

Each Defendant denies Ms. Lively's claims and alleges that Ms. Lively was not retaliated against for complaining about Mr. Baldoni or Mr. Heath's conduct related to the film *It Ends With Us*. Defendants further allege that Ms. Lively's claimed damages and reputational harm were not caused by Defendants, but instead were the result of other factors.

**Defendants' Proposed Statement:** The case arises from Ms. Lively's claim that she experienced retaliation following her work on the film, *It Ends With Us*. Ms. Lively was the lead actress and a producer on the film. Ms. Lively is suing three defendants: the movie studio that owned and produced the film, Wayfarer Studios LLC, its subsidiary, It Ends With Us Move LLC, and The Agency Group PR LLC (known as "TAG"), a public relations and crisis management services company. Ms. Lively alleges that Wayfarer and It Ends With Us Movie LLC retaliated against her for complaining about or otherwise opposing harassing conduct by Justin Baldoni (the co-owner and co-chairman of Wayfarer, as well as Ms. Lively's co-star, and the director of the film) and Jamey Heath (a producer of the film and CEO of Wayfarer and President of It Ends With Us Movie LLC). Ms. Lively also alleges that TAG aided and abetted the retaliation against her.

Each Defendant denies Ms. Lively's claims and alleges that Ms. Lively was not retaliated against for complaining about Mr. Baldoni or Mr. Heath's conduct related to the film *It Ends With Us* and Defendants assert that their actions were instead reasonably intended to protect Wayfarer Studios and IEWUM and their reputations from unfair and false attacks. Defendants further allege that Ms. Lively's claimed damages and reputational harm were not caused by Defendants, but instead were the result of her own conduct or other factors.

## VII.    PEOPLE, PLACES, AND INSTITUTIONS LIKELY TO BE MENTIONED

**People:** Jennifer Abel, Andrea Ajemian, Kevin Alexander, Nicole Alexander, Ashley Avignone, Claire Ayoub, Emily Baldoni, Justin Baldoni, Vivian Baker, Russell Barnes, Cynthia

Barnes Slater, Gary Baum, Todd Black, Jarriesse Blackmon, Julie Bloom, Scooter Braun, Katie Case, Anne Carroll, Chelsea Cary, Andrew Chrisomalis, Aron Culotta, Eric Daman, Ashmi Dang, Ariel Emanuel, Isabela Ferrer, Tarryn Fisher, Kjersti Flaa, Oona Flaherty, Jennifer Freyd, Ann Fromholz, Ange Giannetti, Sarah Graalman, Danny Greenberg, Josh Greenstein, James Haggerty, Christy Hall, Tera Hanks, Jamey Heath, Natasha Heath, Matthew Hiltzik, Colleen Hoover, Ashlee Humphreys, Carolina Hurley, Stephanie Jones, Roza Kalantari, Jeffrey Kinrich, Breanna Butler Koslow, Joseph Lanius, Shawn Levy, Blake Lively, Rylie Long, Danni Maggin, AJ Marbory, Richard Marks, Michael Marshall, Dina Mayzlin, Dervla Mcneice, Imene Meziane, Hasan Minhaj, Matthew Mitchell, Adam Mondschein, Schulyer Moore, Ahmed Musiol, Melissa Nathan, Sara Nathan, Alex Neustaedter, Stacey O'Neil, Emanuel Nunez, Sanford Panitch, Mark Perzely, Barry Peterson, Liz Plank, Shekinah Reese, Shane Reid, Ryan Reynolds, Michael Robbins, Lisa Rodgers, Elizabeth Rosner, Tom Rothman, Sarah Ruhl, Jill Sacco, Alex Saks, Steve Sarowitz, Alyx Sealy, Tatiana Siegel, Michael Sippel, Brandon Sklenar, Jenny Slate, Leslie Sloane, Justin Grey Stone, Sage Steele, Lindsey Strasberg, Dion Suleman, Chris Surgent, Taylor Swift, Elizabeth ("Liz" or "Lizzy") Talbot, Laura Tedesco, Milica (Mitz) Toskovic, James Vituscka, Michael Wagner, Jed Wallace, Patrick Whitesell, Warren Zavala, and Findlay Zotter.

**Institutions:** Analysis Group, Betty B Holdings LLC, Betty Booze Opco LLC, Betty Buzz LLC, Blakel, Inc., Columbia Pictures, Deux Moi, Entertainment 360, Extti, Inc., Family Hive LLC, Gershon Lehrman Group, Hiltzik Strategies, It Ends With Us Movie LLC, Jonesworks, LLC, Marketcast, LLC, Maximum Effort, Mitchell Silberberg & Knupp LLP, Nuco Media Group, Paylocity Holding Corporation, Popcorned Planet, PRCG Haggerty, LLC, Producers Guild of America, RWA Communications LLC, Screen Engine, Skyline, Sloane Offer Weber and Dern LLP, Sony Pictures Entertainment, Inc., Street Relations, Inc., The Agency Group PR LLC, The

10

Daily Mail, The New York Times Company, TMZ, Vanzan, Inc., Variety, Vision PR LLC, Voluble, Wayfarer Studios LLC, and William Morris Endeavor Entertainment, LLC.

**Places:** 15 Exchange Place, 2nd Floor, Jersey City, New Jersey 07302; 399 Jefferson Rd., Troy Hills, New Jersey 07054; 1001 Bloomfield Ave., Hoboken, NJ 07030; 575 Westside Ave., Jersey City, NJ 07304; and 996 Hillside Ave., Plainfield, NJ 07060.

**Plaintiff's position:** Plaintiff maintains that Bryan Freedman and Liner Freedman Taitelman + Cooley LLP should be included on the list of people, places and things likely to be mentioned because he and/or they are authors or recipients of relevant and admissible communications that Ms. Lively intends to rely on at trial.

With respect to Defendants' assertion that this list should include "Michael Gottlieb, Wilkie Farr & Gallagher LLP, Sigrid McCawley, Boies Schiller Flexner LLP who are authors or recipients of relevant and admissible communications that Defendants intend to rely on at trial," Plaintiff notes that the only documents on Defendants' Exhibit List that appear to reference Mr. Gottlieb or Ms. McCawley are irrelevant and prejudicial. Defendants have no retaliation counterclaim – or any counterclaim for that matter – that could possibly make relevant any statements Ms. Lively's representatives have made during the course of litigation. Plaintiff has objected to the inclusion of such documents on Defendants' Exhibit List, and is also separately addressing these documents in her forthcoming Motions in Limine. By contrast, there are numerous communications referencing or involving Mr. Freedman and other counsel from Liner Freedman Taitelman + Cooley LLP that evidence retaliation against Ms. Lively, both in relation to Defendants' retaliatory lawsuit and those which are not litigation-related at all (including in the form of witness intimidation).

**Defendants' position:** Defendants disagree. Defendants maintain that it would be unduly prejudicial to include Mr. Freedman and Liner Freedman Taitelman + Cooley LLP on this list of people, places and things likely to be mentioned to the exclusion of other counsel of record. If names of trial and litigation counsel and their firms should be included on this list, then Defendants request that the Court also include Michael Gottlieb, Wilkie Farr & Gallagher LLP, Sigrid McCawley, Boies Schiller Flexner LLP who are authors or recipients of relevant and admissible communications that Defendants intend to rely on at trial.

## VIII.   CONSENT TO TRIAL BY MAGISTRATE JUDGE & STIPULATIONS.

The parties do not consent to a trial of the case by a magistrate judge. The parties are separately addressing stipulations.

## IX.     TRIAL WITNESSES

| Plaintiff's Witness List[3] | | |
|---|---|---|
| **Witness** | **Live/By Deposition** | **Brief Summary of Testimony** |
| Blake Lively | Live | Regarding Defendants' misconduct related to the Film, responses to workplace complaints, post-production of the Film, the Film's promotion and marketing campaign, Defendants' retaliation and aiding and abetting, and damages suffered therefrom. |
| Ryan Reynolds | Live | Regarding Defendants' misconduct related to the Film, post-production of the Film, the Film's promotion and marketing campaign, Defendants' retaliation and aiding and abetting, and Ms. Lively's damages suffered therefrom. |
| Justin Baldoni | Live | Regarding Defendants' misconduct related to the Film, the Film's promotion and marketing campaign, post-production of the Film, and Defendants' retaliation and aiding and abetting. |
| Jamey Heath | Live | Regarding Defendants' misconduct related to the Film, the Film's promotion and marketing campaign, post-production of the Film, and Defendants' retaliation and aiding and abetting. |
| Melissa Nathan | Live | Regarding Defendants' retaliation and aiding and abetting. |

---

[3] Ms. Lively reserves the right to amend this list as to witnesses beyond subpoena power not in her control who may, in their own discretion, elect to provide live testimony.

| Jennifer Abel | Deposition | Regarding Defendant's misconduct related to the Film, the Film's promotion and marketing campaign, and Defendants' retaliation and aiding and abetting. |
|---|---|---|
| Steve Sarowitz | Deposition | Regarding Defendants' misconduct related to the Film, the Film's promotion and marketing campaign, post-production of the Film, and Defendants' retaliation and aiding and abetting. |
| Katie Case | Live | Regarding Defendants' retaliation and aiding and abetting. |
| Breanna Koslow Butler | Live | Regarding Defendants' retaliation and aiding and abetting. |
| Isabela Ferrer | Live | Regarding Defendants' misconduct related to the Film and retaliation, promotion and marketing of the Film, and Ms. Lively's damages. |
| Jenny Slate | Live | Regarding Defendants' misconduct related to the Film, Defendants' response to workplace complaints, promotion and marketing of the Film, Defendants' retaliation, and Ms. Lively's damages. |
| Warren Zavala | Live | Regarding Defendants' misconduct related to the Film, the Film's promotion and marketing campaign, Defendants' retaliation and aiding and abetting, and Ms. Lively's damages. |
| Leslie Sloane | Live | Regarding Defendants' retaliation and aiding and abetting. |
| Elizabeth Talbot | Deposition | Regarding practices related to scenes involving simulated intimacy, nudity, and other vulnerable or hyper-exposed circumstances, including Defendants' failure to adhere to the same. |
| Kevin Alexander | Live | Regarding harassing statements made by Mr. Baldoni to Ms. Lively. |
| Stephanie Jones | Live | Regarding Defendants' misconduct related to the Film and Defendants' retaliation and aiding and abetting. |
| Betty B Holdings LLC | Live | Regarding damages suffered by Ms. Lively as a result of Defendants' retaliation. |
| Family Hive LLC | Live | Regarding damages suffered by Ms. Lively as a result of Defendants' retaliation. |
| Alex Saks | Deposition | Regarding Defendants' misconduct related to the Film, Defendants' response to workplace complaints, post-production of the Film, the Film's promotion and marketing campaign, and Defendants' retaliation. |
| Vivian Baker | Deposition | Regarding Defendants' misconduct related to the Film. |
| Anne Carroll | Deposition | Regarding Defendants' misconduct related to the Film. |
| Colleen Hoover | Deposition | Regarding the Film's promotion and marketing campaign and Defendants' retaliation. |
| Josh Greenstein | Deposition | Regarding post-production of the Film, the Film's promotion and marketing campaign, Defendants' retaliation, and Ms. Lively's damages. |
| Justin Grey Stone | Live | Regarding Defendants' misconduct related to the Film, post-production of the Film, the Film's promotion and marketing campaign, Defendants' retaliation, and Ms. Lively's damages. |
| Jed Wallace | Deposition | Regarding Defendants' retaliation and aiding and abetting. |

13

| Liz Plank | Live | Regarding experience with Defendants, Ms. Lively's contemporaneous reports of Defendants' misconduct related to the Film, and Ms. Lively's damages. |
|---|---|---|
| Claire Ayoub | Live | Regarding conversation with Defendant Sarowitz and experience with Defendants. |
| Robyn Lively | Live | Regarding Defendants' misconduct related to the Film, Defendants' retaliation, and Ms. Lively's damages. |
| James Vituscka | Live | Regarding Defendants' filing of knowingly false factual allegations in their retaliatory lawsuit. |
| Erin Westerman | Live | Regarding Defendants' misconduct related to the Film, Defendants' retaliation, and Ms. Lively's damages. |
| Eden Charmant | Live | Regarding Defendants' misconduct related to the Film. |
| Joseph Rosario | Live | Regarding Defendants' misconduct related to the Film. |
| Sophia Travaglia | Live | Regarding Defendants' misconduct related to the Film. |
| Ashlee Humphreys | Live | Regarding expert opinions on spread and Ms. Lively's damages related to Defendants' conduct. |
| Aron Culotta | Live | Regarding expert opinion on indicia of inauthentic social media activity regarding Ms. Lively in August 2024. |
| Dina Mayzlin | Live | Regarding expert opinions of Ms. Lively's damages related to Defendants' conduct. |
| Jeff Kinrich | Live | Regarding expert opinions of Ms. Lively's damages related to Defendants' conduct. |
| Jennifer Freyd | Live | Regarding expert opinions on DARVO, betrayal trauma, and institutional betrayal. |
| Michael Robbins | Live | Regarding expert opinions on Defendants' human resources policies and practices. |
| Richard Marks | Live | Regarding expert opinions of Ms. Lively's damages related to Defendants' conduct. |
| Michael Sippel | Live | Regarding expert opinions of Ms. Lively's damages related to Defendants' conduct. |

## Wayfarer Studios LLC, It Ends With Us Movie LLC and The Agency Group PR LLC's Witness List[4]

| Witness | Live/By Deposition | Brief Summary of Testimony |
|---|---|---|
| Justin Baldoni | Live | Regarding his role and responsibilities on *It Ends With Us* (the "Film") and as a principal of Wayfarer Studios LLC, his interactions with Lively in connection with pre-production, production, post-production, the promotion and marketing of the Film, and publicity relating to the Film and Lively. |

---

[4] Wayfarer Studios LLC, It Ends With Us Movie LLC and The Agency Group PR LLC reserve the right to amend this list as to witnesses beyond the subpoena power not in their control who may, in their own discretion, elect to provide live testimony.

14

| Witness | Live/By Deposition | Brief Summary of Testimony |
|---|---|---|
| Jamey Heath | Live | Regarding his role and responsibilities on the Film and as CEO of Wayfarer Studios LLC, his interactions with Lively in connection with pre-production, production, editing and the promotion and marketing of the Film, and publicity regarding the Film and its cast. |
| Jennifer Abel | Deposition | Regarding her role as publicist for Wayfarer Studios LLC and Baldoni, in the Film's promotion and marketing campaign and in publicity relating to the Film and Lively. |
| Melissa Nathan | Live | Regarding the Agency Group PR LLC's engagement by Wayfarer Studios LLC in 2024 to perform crisis management services, the scope of those services, the Film's promotion and marketing campaign and publicity about the Film and Lively. |
| Blake Lively | Live | Regarding The Agency Group PR LLC's engagement by Wayfarer Studios LLC in 2024 to perform crisis management services, the scope of those services, the Film's promotion and marketing campaign and publicity about the Film and Lively. |
| Adam Mondschein | Live | Regarding his role on the Film, his experience and qualifications as an actor, and his interactions with Lively including in connection with the birthing scene in the Film. |
| Katie Case | Live | Regarding the Film's promotion and marketing campaign and publicity about the Film and Lively. |
| Breanna Koslow | Live | Regarding the Film's promotion and marketing campaign and publicity about the Film and Lively. |
| Ashmi Dang | Live | Regarding the Film's promotion and marketing campaign. |
| Kjersti Flaa | Live | Regarding her interview of Lively and Flaa's re-publication of that interview in 2024. |
| Michael Wagner | Live | Michael Wagner will provide an expert rebuttal opinion to Lively's damages experts. |
| Nicole Alexander | Live | Nicole Alexander will provide an expert rebuttal opinion to Lively's experts' opinions related to purported social media manipulation. |
| Emanuel Nunez | Live | Emanuel Nunez will provide an expert rebuttal opinion to Lively's experts' opinion regarding purported lost opportunities. |
| James Haggerty | Live | James Haggerty will provide an expert opinion on public relations, including crisis communications planning, scenario planning, and standard public relations practices when facing potentially negative reputational events. |
| Vivian Baker | Deposition | Regarding her responsibilities on the Film, her work history with Lively and Reynolds, her interactions with Heath and Baldoni, including an interaction with Heath in May 2023 in the makeup trailer, and the filming of the birthing scene. |

15

| Witness | Live/By Deposition | Brief Summary of Testimony |
|---|---|---|
| Shelley Ann Carroll | Deposition | Regarding her responsibilities on the Film, and her work history with Lively. She will testify regarding her interactions with Heath and Baldoni, including an interaction with Heath in May 2023 in the makeup trailer, and the filming of the birthing scene. |
| Andrea ("Ange") Gianetti | Deposition | Regarding her involvement with the Film, Sony's role, her interactions with Heath, Baldoni, Lively and other cast members, the marketing campaign for the Film, and the publicity for the Film and its cast. |
| Daniel Greenberg | Deposition | Regarding his role as Baldoni's agent and his interactions with Lively's agent, Warren Zavala, in connection with the Film. |
| Josh Greenstein | Deposition | Regarding his involvement with the Film and Sony's role, the marketing and promotion of the Film, and the publicity relating to the Film and its cast. |
| Justin Grey Stone | Deposition | Regarding his interactions with Lively in connection with the Film and issues relating to Lively's allegations of retaliation and her purported damages. |
| Colleen Hoover | Deposition | Regarding Lively's request that Hoover unfollow Baldoni on social media. |
| Alex Saks | Deposition | Regarding her responsibilities on the Film, her interactions with Baldoni, Heath, Gianetti and Lively and her observations of conduct on the set. |
| Elizabeth Talbot | Deposition | Regarding her role and responsibilities, the function of an intimacy coordinator, her interactions with Baldoni and Lively, sex and nudity scenes proposed for the Film and her absence during the filming of the birthing scene. |
| Warren Zavala | Deposition | Regarding negotiations for Lively's appearance in the Film, the Film's promotion and marketing campaign, and the publicity during the pre-production, filming, editing, and marketing and promotion of the Film. |

Defendants believe that, given the Court's April 2 Summary Judgment Order, many of the witnesses are no longer relevant. Ms. Lively disagrees. Defendants intend to raise their position at the pretrial conference.

X.    **DEPOSITION DESIGNATIONS**

A compendium of charts reflecting the Parties' deposition designations, counter-designations, counter-counter-designations, and objections is attached hereto as Exhibit A.

16

Exhibit A includes the Plaintiff's affirmative deposition designations for the following witnesses: Vivian Baker, Anne Carroll, Josh Greenstein, Justin Grey Stone, Colleen Hoover, Alex Saks, Elizabeth Talbot, Jed Wallace, and Warren Zavala.

Exhibit A includes Defendants' affirmative deposition designations for the following witnesses: Vivian Baker, Anne Carroll, Andrea Giannetti, Danny Greenberg, Josh Greenstein, Justin Grey Stone, Colleen Hoover, Alex Saks, Elizabeth Talbot, and Warren Zavala.

Defendants believe that, given the Court's April 2 Summary Judgment Order, many of the witnesses are no longer relevant. Ms. Lively disagrees. Defendants intend to raise their position at the pretrial conference.

## XI.    EXHIBIT LISTS

Ms. Lively's Exhibit List is attached hereto as Exhibit B.

Defendants' Exhibit List is attached hereto as Exhibit C.

Defendants believe that, given the Court's April 2 Summary Judgment Order, many of the documents on both parties' exhibit list are no longer relevant.  Ms. Lively disagrees. Defendants intend to raise their position at the pretrial conference.

Per the Court's instructions, the Parties have indicated with one asterisk exhibits to which no party objects on any ground, subject to any objections that may be developed depending on how the document is used at trial, with the caveat that Defendants have not yet been able to review the dozens of new exhibits Ms. Lively identified for the first time the morning this filing was due.  Defendants will provide an additional response to those exhibits in due course.  In turn, Ms. Lively reserves rights to provide additional responses to the exhibits that Defendants identified, for the first time, on the evening this filing was due.

## XII.    DAMAGES

Plaintiff: Ms. Lively, relying largely on expert opinion for the method of calculation, seeks compensatory damages in connection with the claims to be tried by the jury, plus punitive damages.

As for Ms. Lively's economic damages, as set forth in Ms. Lively's Fourth Amended Initial Disclosures, and subject to expert testimony, Ms. Lively has suffered lost earnings between approximately $34,300,124 and $87,793,592 as a result of the Defendants' conduct.  Specifically, experts have calculated that Ms. Lively suffered lost earnings as a result of: (i) lost acting and/or producing opportunities for major studio feature films from August 2024 through August 2029; (ii) lost acting and/or producing opportunities for independent, limited budget and cameo films from August 2024 through August 2029; (iii) lost acting and/or producing opportunities for limited television series from August 2024 through August 2029; and (iv) lost endorsements, speaking engagements, and personal appearances from August 2024 through August 2029.

Ms. Lively also seeks lost profits. As set forth in Ms. Lively's Fourth Amended Initial Disclosures, and subject to expert testimony, Ms. Lively has suffered lost profits between approximately $39.6 million and $143.5 million. Expert testimony indicates that Ms. Lively suffered lost profits and lost royalties through ventures Blake Brown Beauty and Betty B Holdings LLC ("Betty B Holdings") as a result of Defendants' conduct.

Ms. Lively additionally seeks damages for the harm incurred to her reputation. Subject to expert testimony, Ms. Lively has suffered reputational harm due to the artificial spread of the terms "bully," "mean girl," and "tone deaf" associated with the retaliation campaign.  Following the onset of the retaliation campaign, online and traditional media that associated Ms. Lively with these terms generated over 176 million impressions, and the perpetuation of retaliatory and harmful statements regarding her, her legal complaints, and Defendants' retaliatory lawsuit

18

generated over 116 million impressions.  Reputational harm is not required to be quantified. Accordingly, Ms. Lively will seek at least at minimum $40 million in connection with harm and upwards in an amount that the jury deems proportionate to the harm to Ms. Lively's reputation found to be attributable to Defendants' retaliatory conduct.

Ms. Lively also seeks damages for the pain and suffering, physical pain, and humiliation she suffered as a result of Defendants' conduct. As set forth in Ms. Lively's Fourth Amended Initial Disclosures, Ms. Lively has suffered pain and suffering, physical pain, and humiliation in the range of $250,000 and $400,000.

Ms. Lively has disclosed computations in relation to such figures in her Fourth Amended Initial Disclosures and in underlying expert reports and testimony.

Defendants: Defendants seek a verdict of no liability and a dismissal of the case with prejudice. Defendants note that based on her Fourth Amended FRCP 26(a)(1) Initial Disclosures, Ms. Lively seeks total compensatory damages between $142,276,223 and $296,668,859. Defendants dispute Ms. Lively's statement that she "has disclosed *computations* in relation to such figures in her Fourth Amended Initial Disclosures," (emphasis added) and contend that Ms. Lively lacks standing to assert reputational harm damages to her businesses.  Defendants will be moving to preclude several of her experts under *Daubert*, undermining the basis of her claims.  Defendants further note that Ms. Lively dismissed with prejudice her claims for anything beyond garden variety emotional distress damages. *See* Dkt. 337. In addition, Lively waived the right to seek reputation damages as set forth in Defendants' motion in limine. Finally, several categories of damages Ms. Lively seeks are not available for her contract claim.

## XIII.   UNANIMOUS VERDICT

The parties do not mutually consent to a less-than unanimous verdict.

19

/s/ *Ellyn S. Garofalo*

LINER FREEDMAN TAITELMAN +
COOLEY, LLP
Bryan J. Freedman (admitted *pro hac vice*)
Ellyn S. Garofalo (admitted *pro hac vice*)
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
(310) 201-0005
bfreedman@lftcllp.com
egarofalo@lftcllp.com

SHAPIRO ARATO BACH LLP
Alexandra A. E. Shapiro
Jonathan Bach
Alice Buttrick
1140 Avenue of the Americas, 17th Floor
New York, NY 10036
Tel: (212) 257-4881
ashapiro@shapiroarato.com
jbach@shapiroarato.com
abuttrick@shapiroarato.com

MEISTER SEELIG & SCHUSTER PLLC
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
(202) 655-3500
ms@msf-law.com
kaf@msf-law.com

/s/ *Michael J. Gottlieb*

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (admitted *pro hac vice*)
Naeun Rim (*pro hac* pending)
Stephanie A. Roeser (admitted *pro hac vice*)
Sarah E. Moses (admitted *pro hac vice*)
Sareen K. Armani
Katelyn A. Climaco
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 312-4000
ehudson@manatt.com
nrim@manatt.com
sroeser@manatt.com
smoses@manatt.com
sarmani@manatt.com
kclimaco@manatt.com

Matthew F. Bruno
7 Times Sq.
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Koren Bell
2029 Century Park East
Los Angeles, CA 90067
(310) 855-3000
mgottlieb@willkie.com
kbell@willkie.com

Kristin E. Bender
1875 K Street NW
Washington, DC 20006
(202) 303-1000
kbender@willkie.com

*Attorneys for Defendants Wayfarer Studios LLC, It Ends With Us Movie LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel*

Michael Schachter
Aaron E. Nathan
Michaela A. Connolly
Melissa Taustine
787 7th Avenue
New York, NY 10019
(212) 728-8000
MSchachter@willkie.com
anathan@willkie.com
mconnolly@willkie.com
mtaustine@willkie.com

DUNN ISAACSON RHEE LLP
Meryl C. Governski (admitted *pro hac vice*)
401 Ninth Street, NW
Washington, DC 20004
(202) 240-2900
mgovernski@dirllp.com

*Attorneys for Blake Lively*