# Exhibit 1

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

BLAKE LIVELY,

               Plaintiff,

v.

WAYFARER STUDIOS LLC, JUSTIN BALDONI,
JAMEY HEATH, STEVE SAROWITZ, IT ENDS
WITH US MOVIE LLC, MELISSA NATHAN, THE
AGENCY GROUP PR LLC, and JENNIFER ABEL,

               Defendants.

:
:  Civ. Action No. 1:24-cv-10049-LJL
:  (Consolidated for pretrial purposes
:  with 1:25-cv-00449-LJL)
:  rel. 1:25-cv-00449-LJL
:
:
:
:
:
:
:
:
:

------------------------------------------------------------------- x

JENNIFER ABEL,

               Third-Party Plaintiff,

v.

JONESWORKS LLC,

               Third-Party Defendant.

------------------------------------------------------------------- x

WAYFARER STUDIOS LLC,
JUSTIN BALDONI, JAMEY HEATH, IT ENDS WITH
US MOVIE LLC, MELISSA NATHAN, JENNIFER
ABEL, and STEVE SAROWITZ,

               Plaintiffs,

v.

BLAKE LIVELY, RYAN REYNOLDS, LESLIE
SLOANE, VISION PR, INC., and THE NEW YORK
TIMES COMPANY,

               Defendants.

------------------------------------------------------------------- x

1

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

**DEFENDANT/CONSOLIDATED PLAINTIFF WAYFARER STUDIOS LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF/CONSOLIDATED DEFENDANT BLAKE LIVELY'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 34, Defendant/Consolidated Plaintiff WAYFARER STUDIOS LLC ("Wayfarer" or "Responding Party"), by and through its attorneys, hereby objects and responds to the Third Set of Requests for Production of Documents served by Plaintiff/Consolidated Defendant BLAKE LIVELY ("Lively" or "Propounding Party").

**I.**

**GENERAL OBJECTIONS**

Responding Party generally objects to Propounding Party's Requests for Production Nos. 96-177 ("Requests"). The assertion of similar or additional objections does not waive any of the following General Objections. Responding Party incorporates by reference the following General Objections into each of its Responses:

1. Responding Party objects to Propounding Party's Requests to the extent that they seek documents or information that is neither relevant to the claims or defenses of any party in the action, nor proportional to the needs of the case. Nothing herein, or in any responsive document production, shall be construed as an admission by Responding Party regarding the admissibility or relevance of any fact, or as an admission as to the truth or accuracy of any information or documents provided in response to these Requests.

2. Responding Party objects to Propounding Party's Definitions and Instructions to the extent that they attempt to impose upon Responding Party any obligations different from or in addition to those imposed by the Federal Rules of Civil Procedure, Local Rules, or any other Order of the Court.

2

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

3.      Responding Party objects to Propounding Party's Requests to the extent that they seek documents or information outside the possession, custody, or control of Responding Party.

4.      Responding Party objects to Propounding Party's Requests to the extent they seek the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

5.      Responding Party objects to Propounding Party's Requests to the extent that they seek information or documents that Responding Party is under an obligation to any third parties not to disclose.

6.      Responding Party objects Propounding Party's Requests to the extent that they require the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties.

7.      Responding Party objects to Propounding Party's Requests to the extent that they seek information or documents that are vague, ambiguous, unreasonably cumulative or duplicative, are unduly burdensome, or seek information or documents obtainable from other sources which are more convenient, less expensive, or less burdensome.

8.      Responding Party objects to Propounding Party's Requests as unduly burdensome to the extent that they seek information or documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

9.      Responding Party objects to Propounding Party's Requests to the extent that they seek the disclosure of information or documents concerning Responding Party's trade secrets or other confidential or proprietary business information, or the confidential or proprietary business information of third parties which Responding Party is obligated to protect.

3

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

10.     Responding Party objects to Propounding Party's Requests to the extent that they rely upon or seek legal conclusions or opinions.

11.     Responding Party objects to Propounding Party's Requests as premature to the extent they seek information or documents before their required disclosure under the Federal Rules of Civil Procedure, Local Rules, or other Court Order governing the disclosure of documents and information.

12.     Responding Party objects to Propounding Party's Requests as vague and/or ambiguous to the extent that they include terms that Propounding Party has not appropriately defined or limited.

13.     Responding Party objects to any Requests which purport to seek "all" documents, communications, or information as irrelevant, overbroad, unduly burdensome, and disproportionate to the needs of the case. Responding Party will provide responsive, non-privileged documents and information that is sufficient to show any properly requested information or documents in a manner that is proportional with the needs of the case.

14.     To the extent Responding Party's produces documents, such a production is not an admission that the documents are relevant to this case or an admission that such documents are admissible.

15.     Responding Party's responses herein are based upon present knowledge, information, and belief following its diligent search and reasonable inquiry. Discovery and investigation are ongoing, and Responding Party reserves the right to amend, correct, supplement, or clarify its responses based upon, among other things, further investigation, discovery of additional facts or information, or developments in this action or in related law, particularly in view of Propounding Party's failure to comply with the Local Rules.

4

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

16.     Responding Party provides the following objections and responses without waiving its right to present evidence at trial of any later-ascertained facts.  Responding Party provides these objections and responses without admitting any facts or information, and without waiving objections to the materiality, relevance, or admissibility in evidence of the objections and responses.

17.     Discovery is ongoing, and Responding Party reserves the right to supplement these responses in accordance with the Federal Rules of Civil Procedure.  Responding Party provides the following objections and responses without waiving its right to present evidence at trial of any later-ascertained facts. Responding Party provides these objections and responses without admitting any facts or information, and without waiving objections to the materiality, relevance, or admissibility in evidence of the objections and responses.

## II.

## OBJECTIONS TO DEFINITIONS

1.     Responding Party objects to Propounding Party's definition of "Bryan Freedman" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Bryan Freedman, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Bryan Freedman" to mean Bryan Freedman.

2.     Responding Party objects to Propounding Party's definition of "Content Creator" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes

5

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

"any individual or entity who seeds, generates, creates, or influences Social Media content or provides related digital services."

3.    Responding Party objects to Propounding Party's definition of the term "Digital Campaign," as it is vague, ambiguous, and overbroad in that it includes all "efforts … to communicate information regarding" a laundry list of subjects/topics. The definition is also vague and ambiguous because it is unclear what is meant by "narrative or virality," including how this phrase fits into the overall definition as constructed. The definition is further objectionable on the basis that it includes several subjective, ambiguous, and undefined qualifiers such as "seed, influence, boost, amplify, or engage with social media algorithms, narrative or virality"; and it incorporates the definition "Social Media," which is itself overbroad, vague, and ambiguous (including the phrase, "[w]ithout limiting the foregoing in any manner, and by way of example only") and contains numerous undefined terms ("all original posts, reposts, shares, likes, comments, hashtags, memes, images, videos, stories, threads, and reactions; all drafts, deleted posts, or unpublished content related to Plaintiff; all engagement metrics, analytics, reports, or logs reflecting interactions with content; and all metadata, time stamps, IP addresses, geolocation data, or user activity logs related to content.").

4.    Responding Party objects to Propounding Party's definition of "IEWU LLC" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only It Ends With Us Movie LLC, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "IEWU LLC" to mean It Ends With Us Movie LLC.

6

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

5.      Responding Party objects to Propounding Party's definition of "Jonesworks" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Jonesworks LLC, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Jonesworks" to mean Jonesworks LLC.

6.      Responding Party objects to Propounding Party's definition of "Liner Freedman Taitelman + Cooley" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Liner Freedman Taitelman + Cooley LLP, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Liner Freedman Taitelman + Cooley" to mean Liner Freedman Taitelman + Cooley LLP.

7.      Responding Party objects to Propounding Party's definition of "Lively/Reynolds Companies" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Ms. Lively and Mr. Reynolds's affiliated entities (Betty Buzz LLC, Blake Brown, Aviation Gin, Mint Mobile, and Maximum Effort Productions), but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Lively/Reynolds

7

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Companies" to mean Betty Buzz LLC, Blake Brown, Aviation Gin, Mint Mobile, and Maximum Effort Productions.

8.      Responding Party objects to Propounding Party's definition of the term "Marketing Plan," as it is vague, ambiguous, and overbroad in that it includes "any advertising, promotional, publicity or marketing materials (such as, without limitation, themes, market testing, research, summaries, talking points, trailers or teasers, posters, social media posts, and screen, radio, digital or television advertising)," none of which is properly and narrowly defined and the production of which would be unnecessarily burdensome and not proportional to the needs of the case or relevant to the claim or defense of any party.

9.      Responding Party objects to Propounding Party's definition of the term "Social Media," as it is vague, ambiguous, and overbroad in that it includes "any digital platform, forum, website, application, online service, or other platform," none of which is properly and narrowly defined and the production of which would be unnecessarily burdensome and not proportional to the needs of the case or relevant to the claim or defense of any party, and further objects to "on which persons can create, transmit, share, communicate, exchange content, or comment upon any information, ideas, or opinions" as similarly overbroad, vague, and ambiguous, and essentially includes every possible use of the internet. Responding Party also objects to "social networking" as it is vague, ambiguous, and overbroad, and objects to catch-all phrases such as "similar to" and "Any Other Online Presence," the definition of which is itself overbroad, vague, and ambiguous, overly burdensome and not proportional to the needs of the case or relevant to the claim or defense of any party.

10.      Responding Party objects to Propounding Party's definition of "Sony" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any

8

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

party's claim or defense or proportional to the needs of the case in that the definition includes not only Sony Pictures Entertainment, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Sony" to mean Sony Pictures Entertainment.

11.    Responding Party objects to Propounding Party's definition of "Street Relations" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Street Relations, Inc., but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Street Relations" to mean Street Relations, Inc.

12.    Responding Party objects to Propounding Party's definition of "TAG" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only The Agency Group PR LLC, but also unidentified past or present members, officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "TAG" to mean The Agency Group PR LLC.

13.    Responding Party objects to Propounding Party's definition of "Wayfarer" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Wayfarer Studios LLC, but also unidentified past or present members, officers, employees,

9

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "Wayfarer" to mean Wayfarer Studios LLC.

14.    Responding Party objects to Propounding Party's definition of "WME" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only William Morris Endeavor Entertainment Agency, but also unidentified officers, employees, partners, corporate parent, subsidiaries, or affiliates regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the term "WME" to mean William Morris Endeavor Entertainment Agency.

15.    Responding Party objects to Propounding Party's definition of "You," "Your," and "Yours" on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case in that the definition includes not only Wayfarer Studios LLC but also unidentified persons or entities acting or purporting to act on its behalf and anyone on whose behalf it is acting, regardless of their relationship to the allegations, claims, or defenses in the Action. In responding to the Interrogatories, Responding Party will construe the terms "You," "Your," and "Yours" to mean Wayfarer Studios LLC.

### III.

### OBJECTIONS TO INSTRUCTIONS

1.    Responding Party objects to Paragraph 1 of Propounding Party's Instructions on the grounds that it instructs Responding Party to "make a diligent search and produce all responsive Documents that are (i) in Your possession, custody, or control, or (ii) in the possession, custody,

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

or control of any of Your agents, employees, attorneys, accountants, or other representatives or anyone acting on Your behalf, or under Your direction or control, or (iii) otherwise available to You." Responding Party objects to this instruction to the extent that it requires Responding Party to produce information or documents protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege and/or any other applicable privilege or immunity. Responding Party further objects to this instruction to the extent that it requires Responding Party to produce duplicative or cumulative information. Responding Party will only produce information that is in its possession, custody, or control, as required under the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of the United States District Court for the Southern District of New York, or by any other applicable law or protocol governing discovery obligations in this action.

**IV.**

**RESPONSES AND SPECIFIC OBJECTIONS TO PLAINTIFF/CONSOLIDATED DEFENDANT BLAKE LIVELY'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO 96:**

All Documents and Communications concerning Ms. Lively's purported threats and/or extortionate actions, as alleged in paragraphs 2, 16, 52, 81, 112, 124, 130, 140, 141, 154, 155, 157, and 253 of the Wayfarer SDNY Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO 96:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce

11

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

"[a]ll Documents and Communications." Responding Party further objects to this Request on the grounds that it is vague as to "purported threats," and "extortionate actions." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO 97:**

All Documents and Communications demonstrating Your acquiescence to Ms. Lively's purported threats and/or extortionate actions, as alleged in paragraphs 81, 140, 142, 154, and 158 of the Wayfarer SDNY Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO 97:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds

12

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request on the grounds that it is vague as to "acquiescence," "purported threats," and "extortionate actions." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

REQUEST FOR PRODUCTION NO 98:

All Documents and Communications demonstrating any tangible or intangible property that Ms. Lively and/or the Lively Parties, as that term is defined in the Wayfarer SDNY Complaint, obtained from any Wayfarer Defendant, as alleged in the Wayfarer SDNY Complaint.

RESPONSE TO REQUEST FOR PRODUCTION NO 98:

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation

13

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request on the grounds that it is vague as to "demonstrating," and "tangible or intangible property." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO 99:**

All Documents and Communications concerning Your allegations in the Wayfarer SDNY Complaint that Ms. Lively made false accusations of sexual harassment against any Wayfarer Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO 99:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to

14

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request on the grounds that it is vague as to "false accusations of sexual harassment." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO 100:**

All Documents and Communications demonstrating that any statements made in the CRD Complaint, as that term is defined in paragraph 4 of the Wayfarer SDNY Complaint, are false and/or not true.

**RESPONSE TO REQUEST FOR PRODUCTION NO 100:**

Responding Party incorporates by reference its general objections as if fully set forth in

15

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request on the grounds that it is vague as to "demonstrating," and "statements." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO 101:**

All Documents and Communications demonstrating that any statements made in the Article, as that term is defined in paragraph 261 of the Wayfarer SDNY Complaint, are false and/or not true.

**RESPONSE TO REQUEST FOR PRODUCTION NO 101:**

16

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request on the grounds that it is vague as to "demonstrating," and "statements." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 102:**

All Documents and Communications demonstrating that any allegations made in the Lively Complaint, are false and/or not true.

**RESPONSE TO REQUEST FOR PRODUCTION NO 102:**

17

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request on the grounds that it is vague as to "demonstrating." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 103:**

All Documents and Communications demonstrating any right and/or interest in the Film that You claim to have lost, as alleged in the Wayfarer SDNY Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO 103:**

18

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request on the grounds that it is vague as to "demonstrating," and "right/and/or interest." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 104:**

All Documents and Communications concerning Your allegation in paragraph 4 that Ms. Lively "worked for months with the . . . New York Times to prepare a false and damaging narrative to deploy against" any Wayfarer Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO 104:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation

19

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 105:**

The "evidence" that is referred to in paragraphs 5, 8, 9 n.3, 10, 15, 17, 19, 46, 61 n.12, 89, 176, 259, 274, 283, and 287 of the Wayfarer SDNY Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO 105:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the

20

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 106:**

All Documents and Communications demonstrating Ms. Lively's efforts to take control over the Film, as alleged in paragraphs 9, 31, 32, 43, 51, 52, 53, 54, 62, 68, 69, 124, 126, 130, and 134-78 of the Wayfarer SDNY Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO 106:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request on the grounds that it is vague as to "demonstrating." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client

21

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 107:**

All Documents and Communications concerning Your allegation in paragraph 11 of the Wayfarer SDNY Complaint that Ms. Lively "refused to meet with the Film's domestic violence partner organization, nomore.org."

**RESPONSE TO REQUEST FOR PRODUCTION NO 107:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade

22

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 108:**

All Documents and Communications concerning Your allegation in paragraph 12 of the Wayfarer SDNY Complaint that Ms. Lively "herself had ensured" that Baldoni "was excluded from participating in her marketing efforts."

**RESPONSE TO REQUEST FOR PRODUCTION NO 108:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the

23

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 109:**

All Documents and Communications concerning Your allegation in paragraph 13 of the Wayfarer SDNY Complaint that "Jones, Lively, Reynolds, and Leslie Sloane . . . concocted a plan whereby Jones would seize Abel's phone upon her departure."

**RESPONSE TO REQUEST FOR PRODUCTION NO 109:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

24

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 110:**

All Documents and Communications demonstrating that Ms. Lively and/or the Lively Parties, as that term is defined in the Wayfarer SDNY Complaint, planned and implemented a "smear campaign against Baldoni and Wayfarer," as alleged in paragraph 15 of the Wayfarer SDNY Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO 110:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request on the grounds that it is vague as to "demonstrating." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

25

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 111:**

All Documents and Communications demonstrating that neither You nor any of the Wayfarer Defendants planned and implemented a smear campaign against Ms. Lively, as alleged in paragraph 17 of the Wayfarer SDNY Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO 111:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request on the grounds that it is vague as to "demonstrating." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will

26

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

REQUEST FOR PRODUCTION NO. 112:

All Documents and Communications concerning Your allegations in the Wayfarer SDNY Complaint that Ms. Lively and Mr. Reynolds attempted to steal the Film from any Wayfarer Defendant.

RESPONSE TO REQUEST FOR PRODUCTION NO 112:

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this

27

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 113:**

All Documents and Communications concerning Your allegations in the Wayfarer SDNY Complaint that Ms. Lively and Mr. Reynolds stole the Film from any Wayfarer Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO 113:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 114:**

All Documents and Communications concerning Your allegations that Ms. Lively had a

28

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

"reputation for being difficult to work with" or had "longstanding reputational challenges," as alleged in paragraph 26 and 284 of the Wayfarer SDNY Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO 114:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 115:**

All Documents and Communications concerning Your allegations that Ms. Lively and Baldoni began a "[c]lose collaboration" or "collaborative creative partnership," as alleged in

29

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

paragraphs 28 and 55 of the Wayfarer SDNY Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO 115:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 116:**

All Documents and Communications concerning Your allegation in paragraph 33 of the Wayfarer SDNY Complaint regarding Ms. Lively's actions related to wardrobe fittings.

**RESPONSE TO REQUEST FOR PRODUCTION NO 116:**

Responding Party incorporates by reference its general objections as if fully set forth in

30

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request on the grounds that it is vague as to "wardrobe fittings." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 117:**

All Documents and Communications concerning Your allegation in paragraph 35 of the Wayfarer SDNY Complaint that "Baldoni received direct criticism from Sony."

**RESPONSE TO REQUEST FOR PRODUCTION NO 117:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation

31

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 118:**

All Documents and Communications concerning Your allegations in paragraphs 39-45, and 62 of the Wayfarer SDNY Complaint that Ms. Lively or Mr. Reynolds rewrote scenes in the script of the Film.

**RESPONSE TO REQUEST FOR PRODUCTION NO 118:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce

32

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

"[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 119:**

All Documents and Communications concerning Your allegations in paragraphs 39-45, 62, and 72 of the Wayfarer SDNY Complaint that Ms. Lively or Mr. Reynolds pressured Baldoni to accept their revisions to the script.

**RESPONSE TO REQUEST FOR PRODUCTION NO 119:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client

33

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 120:**

All Documents and Communications concerning Your allegations in paragraphs 51 and 52 of the Wayfarer SDNY Complaint that Ms. Lively delivered an "ultimatum" to any Wayfarer Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO 120:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade

34

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 121:**

All Documents and Communications concerning Ms. Lively's "undue influence" over the Film, as alleged in paragraph 52 of the Wayfarer SDNY Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO 121:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party,

35

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 122:**

All Documents and Communications concerning Your allegations in paragraphs 59 and 104 of the Wayfarer SDNY Complaint that Ms. Lively "would breastfeed openly and without hesitation" and "regularly breast-fed in front of Baldoni while they had meetings."

**RESPONSE TO REQUEST FOR PRODUCTION NO 122:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will

36

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

### REQUEST FOR PRODUCTION NO. 123:

All Documents and Communications concerning Your allegation in paragraph 68 of the Wayfarer SDNY Complaint that it was "inappropriate and unorthodox" for Ms. Lively to request the "dailies."

### RESPONSE TO REQUEST FOR PRODUCTION NO 123:

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent it requires the premature disclosure of expert opinion.

Subject to and without waiving the aforementioned objections, Responding Party will

37

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 124:**

All Documents and Communications concerning Your allegations in paragraphs 62, 72, 77, 133, 137, 140, 142, 143, 154, and 158 of the Wayfarer SDNY Complaint that Ms. Lively imposed "demands" regarding the Film.

**RESPONSE TO REQUEST FOR PRODUCTION NO 124:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this

38

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

Request in its possession, custody, or control.

REQUEST FOR PRODUCTION NO. 125:

All Documents and Communications concerning the "17-point Return to Production Demands," as described in paragraphs 77 through 123 of the Wayfarer SDNY Complaint.

RESPONSE TO REQUEST FOR PRODUCTION NO 125:

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

REQUEST FOR PRODUCTION NO. 126:

All Documents and Communications concerning Your allegations in paragraph 62 of the

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Wayfarer SDNY Complaint that Ms. Lively "caused unending interruptions to the production process, leading to entirely unnecessary stress, chaos, and delays" or "frequently . . . requested changes."

**RESPONSE TO REQUEST FOR PRODUCTION NO 126:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 127:**

All Documents and Communications concerning the "expense[s]" referenced in paragraphs 64, 114, 117, 140, 144, and 329 of the Wayfarer SDNY Complaint.

40

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

**RESPONSE TO REQUEST FOR PRODUCTION NO 127:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 128:**

All Documents and Communications concerning Your allegations in paragraph 69 of the Wayfarer SDNY Complaint that Ms. Lively "demand[ed] to edit the whole movie."

**RESPONSE TO REQUEST FOR PRODUCTION NO 128:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to

41

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

REQUEST FOR PRODUCTION NO. 129:

All Documents and Communications concerning Your allegations in paragraph 77 of the Wayfarer SDNY Complaint that "Wayfarer would have to sign the [17-point list of demands] as-is, despite the falsity of its insinuations."

RESPONSE TO REQUEST FOR PRODUCTION NO 129:

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds

42

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 130:**

All Documents and Communications concerning Your allegations in paragraph 77 of the Wayfarer SDNY Complaint that Wayfarer risked "los[ing] millions of dollars" or "destroy[ing] [its] relationship with Sony."

**RESPONSE TO REQUEST FOR PRODUCTION NO 130:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the

43

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent it requires the premature disclosure of expert opinion.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 131:**

All Documents and Communications concerning Your allegation in paragraph 84 of the Wayfarer SDNY Complaint that "only 'essential' individuals (e.g. film crew, talent) were present for the [birth] scene."

**RESPONSE TO REQUEST FOR PRODUCTION NO 131:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client

44

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 132:**

All notes, or handwritten notes, referenced in the Wayfarer SDNY Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO 132:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is vague as to "referenced." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party.

45

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 133:**

All Documents and Communications concerning Your allegation in paragraph 91 of the Wayfarer SDNY Complaint that Ms. Lively "engaged in unchoreographed kissing scenes."

**RESPONSE TO REQUEST FOR PRODUCTION NO 133:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

46

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

**REQUEST FOR PRODUCTION NO. 134:**

All Documents and Communications concerning Your allegations in paragraph 92 of the Wayfarer SDNY Complaint that "the only two kissing scenes filmed during the initial filming period were both scenes that included kisses as written in the script" and "the[] kissing scenes were not improvised."

**RESPONSE TO REQUEST FOR PRODUCTION NO 134:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 135:**

47

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

All Documents and Communications concerning Your allegations in paragraph 92 of the Wayfarer SDNY Complaint that "the[] kissing scenes were not improvised."

**RESPONSE TO REQUEST FOR PRODUCTION NO 135:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 136:**

All Documents and Communications concerning Your allegation in paragraph 101 of the Wayfarer SDNY Complaint that Ms. Lively "falsely suggest[ed] that she was shown pornography

48

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

or naked images of Heath's wife on set."

**RESPONSE TO REQUEST FOR PRODUCTION NO 136:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 137:**

All Documents and Communications concerning Your allegation in paragraph 104 of the Wayfarer SDNY Complaint that "Baldoni and Heath were led into situations that would later be characterized as harassment."

**RESPONSE TO REQUEST FOR PRODUCTION NO 137:**

49

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

REQUEST FOR PRODUCTION NO. 138:

All Documents and Communications demonstrating that Ms. Lively threatened not to promote the Film or refused to promote the Film, as alleged in paragraphs 140, 142, 144, 148, 152, 158, and 161 of the Wayfarer SDNY Complaint.

RESPONSE TO REQUEST FOR PRODUCTION NO 138:

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request on the grounds that it is vague as to "demonstrating." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

REQUEST FOR PRODUCTION NO. 139:

All Documents and Communications concerning Your allegations in paragraph 140 of the Wayfarer SDNY Complaint that creating and/or editing a "cut of the Film" is "a right that is exclusively reserved for directors."

RESPONSE TO REQUEST FOR PRODUCTION NO 139:

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation

51

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent it calls for the premature disclosure of expert opinion.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

REQUEST FOR PRODUCTION NO. 140:

All Documents and Communications concerning Your allegation in paragraph 146 of the Wayfarer SDNY Complaint that Ms. Lively "insisted that her version [of the Film] be released to the public instead of Baldoni's cut as director."

RESPONSE TO REQUEST FOR PRODUCTION NO 140:

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds

52

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 141:**

All Documents and Communications concerning Your allegation in paragraph 148 of the Wayfarer SDNY Complaint that Ms. Lively "removed Baldoni . . . out of all posters, trailers, and other promotional materials."

**RESPONSE TO REQUEST FOR PRODUCTION NO 141:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the

53

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 142:**

All Documents and Communications concerning Your allegations in paragraph 149 of the Wayfarer SDNY Complaint that, "[o]ver Sony's objection, Lively insisted on screening her cut at Book Bonanza" and "Sony made it known to Wayfarer that, per Lively, Baldoni could not attend" Book Bonanza.

**RESPONSE TO REQUEST FOR PRODUCTION NO 142:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client

54

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

REQUEST FOR PRODUCTION NO. 143:

All Documents and Communications concerning Your allegation in paragraph 149 of the Wayfarer SDNY Complaint that Baldoni "was not even allowed to review the final cut before it was shown to the world."

RESPONSE TO REQUEST FOR PRODUCTION NO 143:

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade

55

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 144:**

All Documents and Communications concerning Your allegation in paragraph 158 of the Wayfarer SDNY Complaint that Ms. Lively "instructed Sony that she and the cast would not participate in any marketing or promotion of the Film alongside Baldoni."

**RESPONSE TO REQUEST FOR PRODUCTION NO 144:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the

56

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 145:**

All Documents and Communications concerning Your allegation in paragraph 159 of the Wayfarer SDNY Complaint that "Lively induced the other cast members to shun Baldoni."

**RESPONSE TO REQUEST FOR PRODUCTION NO 145:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will

57

<u>**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**</u>

conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

<u>**REQUEST FOR PRODUCTION NO. 146:**</u>

All Documents and Communications concerning Your allegation in paragraph 162 of the Wayfarer SDNY Complaint that Mr. Reynolds "suggest[ed]" to WME that it was "working with a 'sexual predator'" and "demanded that [WME] 'drop' Baldoni."

<u>**RESPONSE TO REQUEST FOR PRODUCTION NO 146:**</u>

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 147:**

All Documents and Communications concerning Your allegations in paragraph 162 of the Wayfarer SDNY Complaint that Ms. Lively "falsely (and ironically) allege[d] Baldoni set out on a 'smear campaign.'"

**RESPONSE TO REQUEST FOR PRODUCTION NO 147:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 148:**

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

All Documents and Communications concerning Your allegations in paragraph 163 of the Wayfarer SDNY Complaint that "Lively systematically excluded Baldoni from all marketing and promotional efforts with her and the cast for the Film."

**RESPONSE TO REQUEST FOR PRODUCTION NO 148:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 149:**

All Documents and Communications concerning Your allegations in paragraph 166 of the Wayfarer SDNY Complaint that Ms. Lively "threatened that if Baldoni attended the premiere, she

60

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

and the majority of the cast would boycott."

## RESPONSE TO REQUEST FOR PRODUCTION NO 149:

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 150:

All Documents and Communications concerning Your allegation in paragraph 169 of the Wayfarer SDNY Complaint related to the premiere of the Film.

## RESPONSE TO REQUEST FOR PRODUCTION NO 150:

Responding Party incorporates by reference its general objections as if fully set forth in

61

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 151:**

All Documents and Communications concerning the agreement between Ms. Sloane and Nathan, as alleged in paragraph 187 of the Wayfarer SDNY Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO 151:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds

62

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request on the grounds that it is vague as to "agreement." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 152:**

All Documents and Communications concerning Your allegation in paragraph 187 of the Wayfarer SDNY Complaint that Ms. Sloane "disseminate[d] false and defamatory stories about Baldoni and Wayfarer."

**RESPONSE TO REQUEST FOR PRODUCTION NO 152:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce

63

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

"[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 153:**

All Documents and Communications concerning Your allegation in paragraph 190 of the Wayfarer SDNY Complaint that Ms. Sloane "seed[ed] false information to cast Baldoni in a negative light."

**RESPONSE TO REQUEST FOR PRODUCTION NO 153:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce

64

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

"[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

REQUEST FOR PRODUCTION NO. 154:

All Documents and Communications concerning Your allegation in paragraph 192 of the Wayfarer SDNY Complaint that, Ms. Sloane "had provided the [Daily Mail] reporter with information that significantly altered the narrative of the published story" or "planted false and defamatory information about Baldoni[.]"

RESPONSE TO REQUEST FOR PRODUCTION NO 154:

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds

65

<u>**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**</u>

that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party. Responding Party further objects to this Request to the extent it calls for a legal conclusion.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

<u>**REQUEST FOR PRODUCTION NO. 155:**</u>

All Documents and Communications concerning the "massive PR crisis" involving You and Baldoni as alleged in paragraphs 226 and 227 of the Wayfarer SDNY Complaint.

<u>**RESPONSE TO REQUEST FOR PRODUCTION NO 155:**</u>

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 156:**

All Documents and Communications concerning Your retention of Nathan as a "crisis PR specialist," as alleged in paragraphs 226 and 227 of the Wayfarer SDNY Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO 156:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client

67

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 157:**

All Documents and Communications concerning Your allegation in paragraph 227 of the Wayfarer SDNY Complaint that "a negative story was being 'shopped' around to multiple outlets, positioning Baldoni's religion as a 'cult' and accusing Baldoni of having 'fat shamed' Lively."

**RESPONSE TO REQUEST FOR PRODUCTION NO 157:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the

68

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 158:**

All Documents and Communications concerning Your allegation in paragraph 247 of the Wayfarer SDNY Complaint that You "became [an] object[] of public scorn and derision overnight."

**RESPONSE TO REQUEST FOR PRODUCTION NO 158:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the

69

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 159:**

All Documents and Communications concerning Your allegation in paragraph 247 of the Wayfarer SDNY Complaint that "Baldoni [has been] wrongfully labeled as a sex pest, his accolades rescinded, and his future projects thrown into doubt."

**RESPONSE TO REQUEST FOR PRODUCTION NO 159:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

70

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 160:**

All Documents and Communications concerning the August 12, 2024 call between Heath and Abel, on the one hand, and "two executives from their then talent agency," on the other hand, as alleged in paragraphs 250 through 252 of the Wayfarer SDNY Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO 160:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 161:**

71

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

All Documents and Communications concerning Your allegation in paragraph 251 of the Wayfarer SDNY Complaint that Nathan "disabused the executives of th[e] notion" that "Wayfarer, Baldoni and Heath were waging a shadow campaign against [Ms. Lively]."

RESPONSE TO REQUEST FOR PRODUCTION NO 161:

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

REQUEST FOR PRODUCTION NO. 162:

All Documents and Communications concerning the August 13, 2024, call between Heath and Abel, on the one hand, and "talent agency executives," on the other hand, as alleged in paragraphs 253 through 255 of the Wayfarer SDNY Complaint.

RESPONSE TO REQUEST FOR PRODUCTION NO 162:

72

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 163:**

All Documents and Communications concerning Your allegation that Ms. Lively provided a copy of her CRD Complaint to The Times prior to filing it on December 20, 2024, as alleged in paragraphs 264 through 270 of the Wayfarer SDNY Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO 163:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds

73

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control. Responding Party further objects to this Request to the extent that it seeks documents or information outside the possession, custody, or control of Responding Party.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

REQUEST FOR PRODUCTION NO. 164:

All Documents and Communications concerning Your allegations in paragraphs 274, 283 and 287 of the Wayfarer SDNY Complaint that the "complete communications" and "objective evidence" unequivocally contradict claims that "the Wayfarer [Defendants] orchestrated a premeditated smear campaign."

RESPONSE TO REQUEST FOR PRODUCTION NO 164:

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation

74

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request as unduly burdensome to the extent that is seeks documents that are publicly available, equally accessible to Propounding Party, or already in Propounding Party's possession, custody, or control.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 165:**

All Documents and Communications concerning Your allegation in paragraph 299 of the Wayfarer SDNY Complaint that Ms. Lively or her employees, agents, or representatives "have cost the Wayfarer [Defendants] their film, their reputations, their future prospects, even their talent agency."

**RESPONSE TO REQUEST FOR PRODUCTION NO 165:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds

75

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 166:**

All Documents and Communications concerning any business opportunities, contracts, endorsements, or employment offers that You claim were withdrawn, delayed, or otherwise impacted due to the alleged conduct of Ms. Lively for which You seek to recover damages.

**RESPONSE TO REQUEST FOR PRODUCTION NO 166:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request on the grounds that it is vague as to "business opportunities," "contracts," "endorsements," "employment offers," "withdrawn," "delayed," and "impact." Responding Party further objects to this Request

76

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request to the extent it seeks information an unwarranted invasion of the Responding Party's constitutional, statutory, and/or common-law rights of privacy and confidentiality. Responding Party further objects to this Request on the grounds that it is premature as the harm is ongoing. Responding Party further objects to this Request on the grounds that it calls for the premature disclosure of expert opinion.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 167:**

All Documents and Communications concerning any claim of lost earnings or future lost earnings relating to the alleged conduct of Ms. Lively for which You seek to recover, including, but not limited to, salary records, employment contracts, anticipated revenue from business ventures, creative projects, endorsement deals, and projections of income.

**RESPONSE TO REQUEST FOR PRODUCTION NO 167:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce

77

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

"[a]ll Documents and Communications." Responding Party further objects to this Request on the grounds that it is vague as to "lost earnings," "future lost earnings," "salary records," "employment contracts," "anticipated revenue from business ventures," "creative projects," "endorsement deals," and "projections of income." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request to the extent it seeks information an unwarranted invasion of the Responding Party's constitutional, statutory, and/or common-law rights of privacy and confidentiality. Responding Party further objects to this Request on the grounds that it is premature as the harm is ongoing. Responding Party further objects to this Request on the grounds that it calls for the premature disclosure of expert opinion. Responding Party further objects to this Request to the extent it calls for a legal conclusion.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 168:**

All Documents and Communications concerning any harm to Your reputation, as alleged in paragraph 299 of the Wayfarer SDNY Complaint, including, but not limited to, Communications with employers, agents, studios, production companies, advertisers, or other business partners regarding any reduction, termination, or modification of contracts, business deals, or opportunities.

78

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

**RESPONSE TO REQUEST FOR PRODUCTION NO 168:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request on the grounds that it is vague as to "harm to reputation," "employers," "agents," "studios," "production companies," "advertisers," "business partners," "reduction," "termination," "modification," "business deals," and "opportunities." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request to the extent it seeks information an unwarranted invasion of the Responding Party's constitutional, statutory, and/or common-law rights of privacy and confidentiality. Responding Party further objects to this Request on the grounds that it is premature as the harm is ongoing. Responding Party further objects to this Request on the grounds that it calls for the premature disclosure of expert opinion. Responding Party further objects to this Request to the extent it calls for a legal conclusion.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

79

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

**REQUEST FOR PRODUCTION NO. 169:**

All Documents and Communications in which You discuss or document any alleged emotional distress, humiliation, embarrassment, or loss of enjoyment of life caused by the Lively Parties, as that term is defined in the Wayfarer SDNY Complaint, alleged actions.

**RESPONSE TO REQUEST FOR PRODUCTION NO 169:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request on the grounds that it is vague as to "emotional distress," "humiliation," "embarrassment," and "loss of enjoyment of life." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request to the extent it seeks information an unwarranted invasion of the Responding Party's constitutional, statutory, and/or common-law rights of privacy and confidentiality. Responding Party further objects to this Request on the grounds that it is premature as the harm is ongoing. Responding Party further objects to this Request on the grounds that it calls for the premature disclosure of expert opinion. Responding Party further objects to this Request to the extent it calls for a legal conclusion.

80

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 170:**

All Documents and Communications concerning any efforts You have taken to mitigate or reduce the damages You claim(s), including efforts to obtain alternative business opportunities, employment, partnerships, creative projects or public relations efforts to restore Your reputation.

**RESPONSE TO REQUEST FOR PRODUCTION NO 170:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request on the grounds that it is vague as to "efforts," "mitigate or reduce," "alternative business opportunities," "employment," "partnerships," "creative projects," and "public relations." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request to the extent it seeks information an unwarranted invasion of the Responding Party's constitutional, statutory, and/or common-law rights of privacy and confidentiality.

81

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Responding Party further objects to this Request on the grounds that it is premature as the harm is ongoing. Responding Party further objects to this Request on the grounds that it calls for the premature disclosure of expert opinion. Responding Party further objects to this Request to the extent it calls for a legal conclusion.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 171:**

All Documents and Communications concerning any payments, settlements, compensation, insurance proceeds, or other financial recovery received in connection with any of the damages alleged in the Wayfarer SDNY Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO 171:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request on the grounds that it is vague as to "payments," "settlements," "compensation," "insurance proceeds," and "other financial recovery." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or

82

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request to the extent it seeks information an unwarranted invasion of the Responding Party's constitutional, statutory, and/or common-law rights of privacy and confidentiality.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

REQUEST FOR PRODUCTION NO. 172:

Documents sufficient to show all folders and subfolders of any email account from July 1, 2024 to the present, for which You (i) provided access to Content Creators or the media, or (ii) used to communicate talking points, guidelines, scripts, or messaging of any kind, regarding Ms. Lively and/or the Lively Parties, as that term is defined in the Wayfarer SDNY Complaint, including but not limited to the entire inbox folder, outbox folder, draft folder, archive folder, junk folder, or any other folder, regardless of whether any email was sent or received, and all metadata related thereto. For the sake of clarity, "provided access to" shall include any method by which access may be provided, including but not limited to by sharing the email account password or screen sharing the contents of any email folder.

RESPONSE TO REQUEST FOR PRODUCTION NO 172:

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "Documents sufficient to show all folders and

83

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

subfolders of any email account from July 1, 2024 to the present, for which You (i) provided access to Content Creators or the media, or (ii) used to communicate talking points, guidelines, scripts, or messaging of any kind, regarding Ms. Lively and/or the Lively Parties." Responding Party further objects to this Request on the grounds that it is vague as to "email account" and "folders and subfolders." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO. 173:**

All Documents and Communications contained within any folder or subfolder identified and/or produced in response to Request No. 172.

**RESPONSE TO REQUEST FOR PRODUCTION NO 173:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request on the grounds that it is vague as to "folder or subfolder." Responding Party further objects to this Request to the extent it seeks the disclosure of

84

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO. 174:**

With respect to any email account identified and/or produced in response to Request No. 172, all Documents and Communications, including but not limited to drafts, ever placed in any folder of such email account, regardless of whether or not any email reflecting such Documents and/or Communications was sent or received.

**RESPONSE TO REQUEST FOR PRODUCTION NO 174:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request on the grounds that it is vague as to "email account" and "drafts." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or

85

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

proprietary business information or documents that would infringe on privacy rights of third parties.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time. Responding Party states that it is willing to meet and confer with Propounding Party regarding this Request.

**REQUEST FOR PRODUCTION NO. 175:**

All Documents and Communications concerning the amount or calculation of any damages that You allege to have suffered as a result of Ms. Lively and/or the Lively Parties, as that term is defined in the Wayfarer SDNY Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO 175:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party objects to this Request on the grounds that it fails to describe with reasonable particularity each item or category of items to be produced in violation of Fed. R. Civ. Proc. 34(b)(1)(A). Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request on the grounds that it is vague as to "calculation of any damages." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information or documents that would infringe on privacy rights of third parties. Responding Party further objects to this Request to the extent it seeks information an unwarranted invasion of the Responding Party's constitutional, statutory, and/or common-law rights of privacy and confidentiality. Responding

86

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Party further objects to this Request on the grounds that it is premature. Responding Party further objects to this Request on the grounds that it calls for the premature disclosure of expert opinion. Responding Party further objects to this Request to the extent it calls for a legal conclusion.

Subject to and without waiving the aforementioned objections, Responding Party will conduct a reasonable search for and produce relevant, non-privileged documents responsive to this Request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 176:**

All Documents and Communications concerning Your financial condition, including but not limited to Your net worth, assets and gross income.

**RESPONSE TO REQUEST FOR PRODUCTION NO 176:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents and Communications." Responding Party further objects to this Request on the grounds that it is vague as to "financial condition," "net worth," "assets," and "gross income." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it seeks information an unwarranted invasion of the Responding Party's constitutional, statutory, and/or common-law rights of privacy and confidentiality. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information.

87

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

Responding Party further objects to this Request on the grounds that it calls for the premature disclosure of expert opinion.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time.

**REQUEST FOR PRODUCTION NO. 177:**

All Documents reflecting Your current financial condition, including but not limited to Your net worth, assets, gross income, credit reports and ratings, valuation analyses and reports, investor reports, tax records, accounts receivable, balance sheet reports, real property statements, and loan or credit applications.

**RESPONSE TO REQUEST FOR PRODUCTION NO 177:**

Responding Party incorporates by reference its general objections as if fully set forth in response to this Request. Responding Party further objects to this Request to the extent it is not proportional to the needs of the case or relevant to the claim or defense of any party. Responding Party further objects to this Request on the grounds that it is overly broad and unduly burdensome in that it requires the Responding Party to produce "[a]ll Documents reflecting Your current financial condition." Responding Party further objects to this Request on the grounds that it is vague as to "current financial condition," and "net worth, assets, gross income, credit reports and ratings, valuation analyses and reports, investor reports, tax records, accounts receivable, balance sheet reports, real property statements, and loan or credit applications." Responding Party further objects to this Request to the extent it seeks the disclosure of information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Responding Party further objects to this Request to the extent it seeks information an unwarranted invasion of the Responding Party's constitutional, statutory, and/or common-law

88

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

rights of privacy and confidentiality. Responding Party further objects to this Request to the extent it requires the production of documents reflecting trade secrets and/or proprietary business information. Responding Party further objects to this Request on the grounds that it calls for the premature disclosure of expert opinion.

In light of the foregoing objections, Responding Party will not search for documents responsive to this Request at this time.

Dated: April 25, 2025
New York, NY

**MEISTER SEELIG & FEIN PLLC**

By: ___/s/ Mitchell Schuster___
Mitchell Schuster
Kevin Fritz



Tel:
Emai

Dated: April 25, 2025
Los Angeles, CA

**LINER FREEDMAN TAITELMAN
+ COOLEY**

By: ___/s/ Bryan Freedman___
Bryan J. Freedman (*pro hac vice*)
Miles M. Cooley (*pro hac vice*)
Theresa M Troupson (*pro hac vice*)
Summer Benson (*pro hac vice*)
Jason Sunshine

Tel:
Email:

89

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

## CERTIFICATE OF SERVICE

I, Summer E. Benson, do hereby certify that I am not less than 18 years of age and that on this 25th day of April 2025, I caused a copy of the foregoing to be served on all counsel of record via email.

Dated: April 25, 2025
      Los Angeles, CA

                         */s/ Summer E. Benson*
                          Summer E. Benson