# Exhibit 4

CONFIDENTIAL

Page 1

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

---oOo---


BLAKE LIVELY,

                    Plaintiff,

   vs.          CASE NO. 24-CV-10049-LJL (LEAD CASE)

                         25-CV-449 (LJL) (MEMBER CASE)


WAYFARER STUDIOS LLC, ET AL.,

                    Defendants.

_____

JENNIFER ABEL,

              Third-party Plaintiff,

   vs.

JONESWORKS, LLC,

              Third-party Defendant.

_____

WAYFARER STUDIOS LLC, et al.

              Consolidated Plaintiffs,

   vs.

BLAKE LIVELY, et al.

              Consolidated Defendants.

_____

                 **CONFIDENTIAL**

    VIDEO-RECORDED DEPOSITION OF MICHAEL WAGNER

                Los Angeles, California

               Friday, December 12, 2025




Stenographically Reported by:  Ashley Soevyn,

CALIFORNIA CSR No. 12019

CONFIDENTIAL

Page 65

Q    You distinguish between the impact of defendants' actions and negative press that has nothing to do with defendants.  What do you mean by defendants' actions?

A    Well, what you've alleged in your second amended complaint, what they have done in this retaliation campaign.

Q    Okay.  What does it mean for press to have nothing to do with defendants?

A    Well, if an example that you originally alleged two other defendants in this case are responsible for her damages and they've been excused for lack of jurisdiction.  But to the extent that they harmed Ms. Lively or any of her businesses, the percentage of her losses that they caused are still being asked for by your experts.  And also there are again, negative press about her that were not instigated by any of the defendants in this case.

Q    That's my question.  So what do you mean when you say press that has nothing to do with defendants?  What do you mean by that?

A    That defendants didn't cause that negative press to happen.

Q    Okay.  Did you perform a causation analysis?

CONFIDENTIAL

Page 66

A    I would say that's a causation analysis. I haven't gone through to figure it out but I think that your experts should have done that and did not.

Q    Did you perform a causation analysis?

A    No, I did not.  I'm not quantifying any damages in this case.

Q    Okay.  So then how did you determine what negative press has nothing to do with defendants?

A    I list in bullet points on pages 11 and 12 some example of that that I believe are not related to the defendants that have retained me to act as an expert witness.

Q    Can you describe to me how you reach the conclusion that the negative press is not related to defendant's actions?

A    I didn't see anything in your second amended complaint that cite to any of these negative press releases or statements about Ms. Lively that are in the public, that these were caused by the defendants in this case.

Q    So you reviewed the second amended complaint.  Is there anything else that you used to come to the conclusion that the negative press has nothing to do with any of the defendants?

A    No.  Besides collecting this information

CONFIDENTIAL

Page 67

from the report, I did nothing else.

Q    Okay.  And when you say this information, what do you mean?

A    The negative press or statements that I list on pages 11 and 12.

Q    Okay.  Did you assume that any negative press prior to August 2024 was not caused by the Wayfarer defendants' retaliation campaign?

MR. KALTGRAD:  Objection.

THE WITNESS:  I see no evidence, as an example, these four different things I've cited were caused by the defendants.

BY MS. CONNOLLY:

Q    My question is:  Did you assume that any negative press prior to August 2024 was not caused by the Wayfarer defendants' retaliation campaign?

MR. KALTGRAD:  Objection.

THE WITNESS:  I think that's an assumption I'm making.  Yes.

BY MS. CONNOLLY:

Q    Are you contending that negative press prior to August 2024 impacted company sales?

MR. KALTGRAD:  Objection.

THE WITNESS:  I have seen no evidence that anything that happened before August of 2024

CONFIDENTIAL

Page 228

REPORTER'S CERTIFICATE

I, ASHLEY SOEVYN, a Certified Shorthand Reporter of the State of California, do hereby certify:

That the foregoing proceedings were taken before me at the time and place herein set forth; at which time the witness was put under oath by me;

That the testimony of the witness, the questions propounded, and all objections and statements made at the time of the examination were recorded stenographically by me and were thereafter transcribed;

That a review of the transcript by the deponent was/ was not requested;

That the foregoing is a true and correct transcript of my shorthand notes so taken.

I further certify that I am not a relative or employee of any attorney of the parties, nor financially interested in the action.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.  Dated this 15TH day of December, 2025.

_____

ASHLEY SOEVYN

CSR No. 12019