# WILLKIE FARR & GALLAGHER LLP

2029 Century Park East
Los Angeles, CA 90067-2905
Tel:  310 855 3000
Fax: 310 855 3099

April 12, 2026

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049 (LJL)

Dear Judge Liman:

Plaintiff Blake Lively respectfully submits this letter motion renewing her previous request (Dkt. 1276) for an extension of time for Ms. Lively to exchange designations and objections with respect to the deposition testimony of Jennifer Abel and Steve Sarowitz. Ms. Lively first made this request on April 7, and the Court denied it "as moot" along with the other relief requested in that letter-motion. Dkt. 1280. Unfortunately, the request is not moot. Defendants' current position, as reflected in their letter of April 11 (Dkt. 1347) and correspondence with Ms. Lively's counsel, is that their *express* agreement on April 8 to extend the deadline to file deposition designations was "superseded" by the Court's order, which denied Ms. Lively's earlier request for that same extension as "moot." That is the sole basis on which Defendants now maintain that Ms. Lively reported a "joint" agreement to the Court to which Defendants had not assented. *See* Dkt. 1347. Ms. Lively's counsel was bewildered to learn—only after she filed the letter motion seeking an extension that she believed *had* been agreed to (Dkt. 1316)—of Defendants' position. In the hope of avoiding the need to raise this dispute again with the Court, Ms. Lively asked Defendants to honor their prior agreement and offered to serve her affirmative designations as to Mr. Sarowitz and Ms. Abel by today, but Defendants did not respond.

Defendants' current position regarding the nature of their agreement is of little moment, because Defendants never opposed *the extension* Ms. Lively requested on April 7. *See* Dkt. 1279 at 1 (explaining that the response was "in opposition to" Ms. Lively's requests for an order compelling compliant witness lists without taking any position on Ms. Lively's designation extension request). That non-opposition was consistent with Defendants' subsequent agreement to the same relief, but—regardless—given the revelation that Ms. Lively's original extension request is apparently not moot, the Court should grant it now as unopposed. To the extent that Defendants mount an opposition *now* in hope of excluding Mr. Sarowitz's and Ms. Abel's testimony from trial, the Court should reject that opposition. Defendants have not articulated any prejudice to granting this extension, whereas the prejudice to Ms. Lively would be extreme. Moreover, the need for this extension arises from Defendants' own delay in identifying which witnesses would testify in person consistent with the Court's Individual Rules.

Ms. Lively's April 7, 2026 letter motion to compel (Dkt. 1276) made two independent requests: ***first,*** that the Court compel an exchange of compliant witness lists by April 8, and ***second,***

that the Court grant an extension for Ms. Lively "to provide deposition designations for any non-appearing parties by no later than one week from the date by which this information is disclosed by Defendants, to provide time for a complete exchange of deposition designations, counter-designations, and objections as to these individuals, if necessary." Dkt. 1276 at 2.

On April 8, at approximately 9:03 p.m., Defendants transmitted a revised witness list and stated: "You will note that asterisks appear by Baldoni, Heath, Nathan and Abel's names. ***We agree that all parties will have until one week from today to submit designations, objections and counters to the Court with respect to these four witnesses***." Exhibit A (emphasis added). On April 9 at approximately 5:59 p.m., Defendants filed a letter reporting that Defendants would soon comply with the request to provide a compliant witness list, but in that letter Defendants said *nothing*, and therefore did not oppose, the extension request with respect to submitting deposition designations. *See* Dkt. 1279 at 1. Instead, Defendants reported that their witness list would indicate that "Steven Sarowitz and Jennifer Abel will not appear in person but by deposition," and concluded: "Based on the foregoing, Defendants respectfully request that the Court deny Plaintiff's request to compel disclosure of which witnesses will appear at trial and which will testify by deposition. Defendants request for additional time to exchange witness lists is moot." *Id.* at 2.

Shortly after, at 6:43 p.m., the Court denied Ms. Lively's letter motion as moot. Dkt. 1280. After the Court's order, at approximately 7:24 p.m., Defendants emailed acknowledging that "Plaintiff's exhibit list reflects that she intends to designate testimony from Mr. Sarowitz and Ms. Abel's deposition," and asking "when we can expect to receive those deposition designations." Exhibit B. That email gave no indication that Defendants understood the Court's order as having any effect on the parties' April 8 agreement regarding the deadlines for exchange and submission of designations. Defendants provided designations for Ms. Abel shortly after midnight on April 10, the same day designations were due to be filed without any indication that they were expecting counter-designations *later that same day*, providing yet more evidence that Defendants were availing themselves of the parties' agreed extension.[1]

On April 10, the parties filed the joint pretrial order and related documents. Neither party included designations for Ms. Abel or Mr. Sarowitz in their joint submission. *See* Dkt. 1324-1. That same day, Ms. Lively filed a letter informing the Court that the parties had agreed to an extension of the deadline to submit designations with respect to "any of Justin Baldoni, Jamey Heath, Steve Sarowitz, Melissa Nathan, and Jennifer Abel who Defendants have confirmed will testify at trial by deposition rather than live testimony,"[2] drawing on Defendants' prior representations. Dkt. 1316. Counsel for Defendants emailed at approximately 12:02 a.m. on April 11, stating: "We did not agree to any such extension of time.  The court ruled your motion for an extension was moot." Exhibit C at 3. Defendants' counsel demanded that Ms. Lively "[i]mmediately withdraw your letter request or we will seek sanctions." *Id.* When Ms. Lively's counsel expressed confusion and pointed to Defendants' counsel's email of April 8, Defendants'

---

[1] Notably, Defendants clearly understand themselves to have extended their April 8 agreement as covering both Ms. Abel and Mr. Sarowitz, as their only position is that the denial of Ms. Lively's extension request as "moot" relieved them from their confirmation and agreement to that extension that was provided.

[2] Defendants protested that this representation was misleading because Defendants had confirmed that only Ms. Abel and Mr. Sarowitz would be testifying by deposition, Exhibit C at 2-3, but they had apparently misinterpreted this sentence as though a comma preceded the word "who"—instead, Ms. Lively intended to convey her understanding that the agreement extended to any witnesses among that group as to whom Defendants had so confirmed.

counsel stated:  "That email was superseded by Ms. Garofalo's letter to the Court informing Judge Liman which witnesses would and would not appear in person at trial.  The Court found the issue you raised requesting an extension of time to respond to designations was **moot**." *Id.* at 2.

With this background, Defendants' April 11 letter reflects, at best, a mutual misunderstanding that Defendants helped create, and at worst, a brazen attempt to renege on their prior agreement to extend the deposition designation schedule for the limited set of party witnesses who had been expected to appear live but have now elected not to do so. *See* Exhibits A, C. That agreement was not conditioned *at all*, much less conditioned on the outcome of Defendants' internal deliberations as to "which of the Dismissed Defendants . . . would appear in person," or on Ms. Lively's letter motion to compel being granted. Dkt. 1347. Thus, it was not "superseded" by Defendants' sending of a revised witness list or by the Court denying Plaintiff's letter motion as moot. *Id.* In fact, Defendants' non-opposition to her request for an extension of deposition designation deadlines, combined with the Court's denial of her entire letter motion as "moot," further confirmed Ms. Lively's understanding that Defendants had assented to all the relief she had sought in that letter-motion. Exhibit C at 3.

Defendants' about face from their agreement serves no purpose other than to force needless litigation. Their explanation that their agreement was "superseded" makes no sense. The term "moot" means intervening events have made it impossible for the Court to grant the requested relief. If Ms. Lively's letter motion was moot, it was because Defendants' ***agreements to Ms. Lively's requests*** made it so. It is absurd to suggest that the Court's subsequent *denial* of Ms. Lively's motion as "moot" canceled out that very agreement.

Whatever might be said of their position as to Mr. Sarowitz, it is frivolous for Defendants to now claim that their agreement did not extend to Ms. Abel.[3] Defendants' apparent goal appears to be to keep the jury from hearing Ms. Abel's and Mr. Sarowitz's testimony entirely. The Court should hold Defendants to their agreement, or to the extent this Court finds that the parties did not have such an agreement, the Court should simply grant the extension that Ms. Lively originally requested on April 7, which was unopposed. Defendants did not on April 9—and cannot now—articulate how the requested extension of designation deadlines could possibly prejudice Defendants. By contrast, denying the extension would significantly prejudice Ms. Lively, who Defendants deigned to inform on April 8—two days before the deadline to file the joint pretrial order, and after Ms. Lively's repeated requests—that two party witnesses within Defendants' control would not be testifying live at trial. The loss of those witnesses' relevant testimony would significantly prejudice the merits of Ms. Lively's case. Defendants should not be permitted to seize an artificial advantage from confusion and delay for which they bear the lion's share of blame.

For the foregoing reasons, Ms. Lively respectfully requests that the deadline to submit deposition designations to the Court for Mr. Sarowitz and Ms. Abel be extended to April 17, 2026, with the parties to serve affirmative designations for these two witnesses by April 13, any counter-designations by April 15, and any counter-counter designations by April 16, to allow for an orderly process to submit completed designations and objections to the Court.

---

[3] Defendants have acted consistent with there being an agreement as to Ms. Abel: although Defendants served their Abel deposition designations shortly after midnight on April 10—consistent with an agreement to exchange designations in advance of an April 15 submission date—Defendants did not designate deposition testimony for Ms. Abel in the April 10 pretrial order submission, despite listing  her as a "Deposition" witness on their witness list.

Respectfully submitted,

/s/ Michael J. Gottlieb

Michael J. Gottlieb
Koren Bell
Willkie Farr & Gallagher LLP
2029 Century Park East
Los Angeles, CA 90067
(310) 855-3000
mgottlieb@willkie.com
kbell@willkie.com

Kristin E. Bender
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC 20006
(202) 303-1000
kbender@willkie.com

Michael S. Schachter
Aaron E. Nathan
Michaela A. Connolly
Melissa Taustine
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
mschachter@willkie.com
anathan@willkie.com
mconnolly@willkie.com
mtaustine@willkie.com

Esra A. Hudson (admitted *pro hac vice*)
Naeun Rim (application for admission *pro hac vice* pending)
Stephanie A. Roeser (admitted *pro hac vice*)
Manatt, Phelps & Phillips LLP
2049 Century Park East, Suite 1700
Los Angeles, California 90067
(310) 312-4000
ehudson@manatt.com
nrim@manatt.com
sroeser@manatt.com

4

Matthew F. Bruno
Manatt, Phelps & Phillips, LLP
7 Times Sq.
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

Meryl C. Governski (*pro hac vice*)
Dunn Isaacson Rhee LLP
401 Ninth Street, NW
Washington, DC 20004
(202) 240-2900
mgovernski@dirllp.com

*Attorneys for Blake Lively*