# WILLKIE FARR & GALLAGHER LLP

2029 Century Park East
Los Angeles, CA 90067-2905
Tel:  310 855 3000
Fax: 310 855 3099

April 13, 2026

**<u>VIA ECF</u>**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049 (LJL)

Dear Judge Liman:

Plaintiff Blake Lively respectfully submits this letter in opposition to Defendants' requests for (i) a one-way extension to further object to exhibits on Ms. Lively's exhibit list, and (ii) an order directing Ms. Lively to narrow her witness and exhibit lists ("Letter").  *See* Dkt. No. 1304 at 2.  For the foregoing reasons, Defendants' requests should be denied.

*First*, Defendants claim, without support, that Ms. Lively deliberately chose not to identify documents at an unspecified but "more convenient time," and that Ms. Lively exercised "little discrimination" as to the admissibility of evidence when designating documents for her exhibit list.  Letter at 2.  Neither is true.  For starters, several of the additional exhibits Ms. Lively identified were previously reflected on her exhibit list.  For example, PTX-898, the 54-page summary exhibit Defendants reference in their Letter, is a compilation of emails to various press outlets that had previously been disclosed as individual exhibits—a fact Ms. Lively explained *before* Defendants filed their Letter.  (Ex. A at 1.)

Defendants' assertion that Ms. Lively has loaded up the exhibit list with irrelevant documents is yet another press stunt.  Defendants understand that any reference to Taylor Swift in their court filings leads to immediate headlines[1]—hence their claim that it is "exceptionally unlikely" that a jury would gain any insight from PTX-588, which is an article about a Taylor Swift cookie recipe.  Letter at 2.  Defendants conveniently omit that *TAG emailed a link to that cookie recipe article to the Daily Mail*, which TAG did to encourage one of its "friendlies" to trash Ms. Lively in a way that would appear "organic."  As Ms. Lively has previously explained:

> On August 15, 2024, **to stop the Daily Mail from writing about HR complaints**, TAG provided a Daily Mail reporter with "helpful" links comparing Lively to Taylor Swift and urged the reporter to cover how Lively "is emulating her best friend taylor with the

---

[1] This tactic—using the mention of Taylor Swift to generate click-bait media stories—was part of Defendants' August 2024 Scenario Planning document, and is exactly what followed Defendants' Letter here. *See, e.g.*, TMZ Staff, *Justin Baldoni Does Blake Think T-Swift's Baking Will Come Up At Trial???*, TMZ (Apr. 11, 2026), https://www.tmz.com/2026/04/11/justin-baldoni-claims-blake-put-taylor-swift-cookie-recipe-in-discovery-docs/.

BRUSSELS   CHICAGO   DALLAS   FRANKFURT   HAMBURG   HOUSTON   LONDON   LOS ANGELES
MILAN   MUNICH   NEW YORK   PALO ALTO   PARIS   ROME   SAN FRANCISCO   WASHINGTON

charm bracelets and shit[,]" *which Nathan said was "the only thing" she could think of* *"that looked organic and wouldn't seem like we placed."* ¶ 754-55. The Daily Mail published a few days later, incorporating the provided links and quoting an insider that Lively: "'laughed at the concept of making herself available to'" domestic violence survivors; "'*is trying to get Taylor to help pull her out of this mess by using their friendship for interviews and other promotional work directly related to the film amid the current backlash that she is getting*'"; and that the "entire situation" showed how "out of touch she is.'" .

*See* Dkt. No. 1236-1 at 41 (emphasis added). Thus, the cookie recipe article that Defendants mock is actually something *they* made relevant when TAG sent it to the Daily Mail to influence that friendly publication to publish a hit piece about Ms. Lively that would appear to be "organic."[2]

*Second*, Defendants' extension request—their *fourth* request for a continuance of pretrial deadlines[3] in the last month—is the latest in a series of steps that has impeded the parties' preparation for trial. Until as recently as two weeks ago, Defendants have claimed that the parties should not be required to engage in pretrial work while awaiting a decision on Defendants' motions for judgment on the pleadings (Dkt. No. 810) and summary judgment (Dkt. No. 952). Despite the Court's April 2, 2026 Order resolving these motions (Dkt. No. 1273), Defendants' delay tactics and self-help have continued unabated. On more than one occasion, they have refused to respond to Ms. Lively's attempts to negotiate *mutual* pretrial exchange deadlines, including unreasonably failing to engage on reasonable extensions that would benefit both parties, instead forcing ongoing motion practice before the Court on what should be easily resolvable issues. And even when they have agreed to exchange deadlines, they have ignored them, at times serving revisions to proposed pretrial materials a week after the parties' agreed upon deadline. *See* Dkt. No. 1266 at 1. Moreover, Ms. Lively offered Defendants an extension until today, April 13, to address a handful of additional exhibits that were added to her exhibit list on April 9, which would have given them the full weekend to address this issue. Defendants flatly rejected that offer, and instead sought relief from the Court. Accordingly, Defendants' pending extension request should be denied.

*Fourth*, Defendants' request for an extension should be denied for the independent reason that it was Defendants, *not* Ms. Lively, that produced exhibits "at the last possible minute." Letter at 2. Indeed, Defendants supplemented their exhibit list at *4:45 p.m. ET on April 10, 2026*—the date on which the parties were required to submit all pretrial filings. (Ex. B at 1.) Defendants' failure to mention this detail in their Letter—filed several hours *after* Defendants' transmittal of additional exhibits—distorts the state of pretrial exchanges in order to paint Defendants as victims.

---

[2] *See* Lillian Gissen, *How Blake Lively COPIED Best Friend Taylor Swift to Promote It Ends With Us*, Daily Mail (Aug. 17, 2024) https://www.dailymail.co.uk/tvshowbiz/article-13750525/blake-lively-taylor-swiftcopied-friendship-justin-baldoni-drama.html ("In addition, Blake posted multiple videos of herself and her castmates baking while promoting the flick, which is a hobby that Taylor often uses when she promotes her own projects.").

[3] As detailed in Ms. Lively's letter opposition to Defendants' third extension request (Dkt. No. 1266), the first request was a request of the parties, which was a compromise after Defendants initiated a request to put off pretrial deadlines indefinitely pending the Court's ruling on dispositive motions. *See* Dkt. No. 1258.

*Fifth*, with respect to Ms. Lively's exhibit list, Defendants request an Order directing Ms. Lively to narrow her list, and to specify which attachments and time-stamped portions of videos she intends to use. As Defendants are aware, Federal Rule of Civil Procedure 26 instructs parties to disclose information about "evidence that [they] *may* present at trial other than solely for impeachment." Fed. R. Civ. P. 26(a)(3)(A) (emphasis added). Ms. Lively has done just that. Ms. Lively has carefully considered and identified evidence she may present at trial, narrowing her exhibit list to 814 documents—*less than 1%* of the 89,000 documents produced in this litigation. *See* Dkt. No. 1351-1 at 2. Defendants object to the number of Ms. Lively's exhibit list in a vacuum, failing to consider Ms. Lively's many revisions to narrow her list in good faith during the parties' conferral efforts, and the reality that parties file comparably-sized exhibit lists in cases with even fewer parties than here. *See, e.g.*, Exhibit C-1 to Proposed Pre-Trial Order, *Financial Guaranty Ins. Co. v. Putnam Advisory Co., LLC*, No. 12-CV-7372 (LJL) (S.D.N.Y. Feb, 3, 2020), Dkt. No. 236-15; Exhibit C-2 to Proposed Pre-Trial Order, *Financial Guaranty Ins. Co. v. Putnam Advisory Co., LLC*, No. 12-CV-7372 (LJL) (S.D.N.Y. Feb, 3, 2020), Dkt. No. 236-16 (litigation involving two parties and three claims where plaintiff's exhibit list totaled 644 exhibits and defendant's exhibit list totaled 785 exhibits). Defendants also ignore the implications of their delay in identifying which witnesses are appearing live versus by deposition designation, which required inclusion of documents that could be addressed with multiple of those witnesses. Five weeks away from trial, Ms. Lively should not be required to further narrow a reasonable witness list assembled in good faith given Defendants' delayed disclosures.

As for Defendants' demands for additional specificity in Ms. Lively's exhibit list, Ms. Lively has advised Defendants multiple times that her exhibits omit non-responsive and/or junk files and images, rendering Defendants' review of the same for purposes of identifying objections unnecessary. *See* Dkt. No. 1351-1 at 2. And with respect to video exhibits, the law does not require that Ms. Lively identify specific time-stamps of proposed video exhibits, nor would it be practicable for Ms. Lively to do so comprehensively at this juncture.

*Finally*, Defendants' demands for a culled witness list and delineation between rebuttal and direct witnesses are baseless. Defendants have not offered any authority to suggest that the number of witnesses on Ms. Lively's witness list is unreasonable or that Ms. Lively must delineate between rebuttal and direct witnesses. Nor can they. Ms. Lively's witness list is reasonable in light of her posture as Plaintiff, the reality that her witness list reflects rebuttal witnesses in addition to witnesses she will or may call, and because plaintiffs in analogous cases have identified comparable numbers of witnesses. *See, e.g.*, Proposed Pre-Trial Order, *Robinson v. De Niro,* No. 19-cv-09156 (LJL) (S.D.N.Y. Oct. 2, 2023), Dkt. No. 423 (litigation involving three parties, two claims, and three counterclaims where plaintiff identified 21 witnesses on his witness list). Ms. Lively's witness list also complies with the Court's Individual Rule 5(a)(ix), which does not require delineation between rebuttal and direct witnesses.

The Court should reject Defendants' attempts to artificially limit Ms. Lively's presentation of her case. For the foregoing reasons, Ms. Lively respectfully requests that the Court deny Defendants' extension request to re-review Ms. Lively's exhibit list and request for an order directing Ms. Lively to narrow and provide further details as to her pretrial submissions.

Respectfully submitted,

/s/ Michael J. Gottlieb
Michael J. Gottlieb
Koren Bell
Willkie Farr & Gallagher LLP
2029 Century Park East
Los Angeles, CA 90067
(310) 855-3000
mgottlieb@willkie.com
kbell@willkie.com

Kristin E. Bender
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC 20006
(202) 303-1000
kbender@willkie.com

Michael S. Schachter
Aaron E. Nathan
Michaela A. Connolly
Melissa Taustine
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
mschachter@willkie.com
anathan@willkie.com
mconnolly@willkie.com
mtaustine@willkie.com

Esra A. Hudson (admitted *pro hac vice*)
Naeun Rim (admitted *pro hac vice*)
Stephanie A. Roeser (admitted *pro hac vice*)
Manatt, Phelps & Phillips LLP
2049 Century Park East, Suite 1700
Los Angeles, California 90067
(310) 312-4000
ehudson@manatt.com
nrim@manatt.com
sroeser@manatt.com

4

Matthew F. Bruno
Manatt, Phelps & Phillips, LLP
7 Times Sq.
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

Meryl C. Governski (*pro hac vice*)
Dunn Isaacson Rhee LLP
401 Ninth Street, NW
Washington, DC 20004
(202) 240-2900
mgovernski@dirllp.com

*Attorneys for Blake Lively*