# manatt

**Esra A. Hudson**
Manatt, Phelps & Phillips, LLP
Direct Dial: (310) 312-4381
ehudson@manatt.com

April 17, 2026

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049 (LJL)

Dear Judge Liman:

On behalf of Plaintiff Blake Lively, we write pursuant to Rules 1.C and 4.C of Your Honor's Individual Practices to respectfully request leave of this Court to file a letter brief of no more than five pages in opposition to, and for advance ruling on, Wayfarer Studios LLC ("Wayfarer"), It Ends With Us Movie LLC ("IEWU"), and The Agency Group PR LLC's ("TAG," and together "Defendants") request for jury instructions on two affirmative defenses they did not previously raise: (1) a "same decision" or "mixed motive" affirmative defense in connection with Ms. Lively's retaliation claim (the "mixed motive instruction"), *see* Dkt. No. 1319 at 40–41, and (2) an "economic duress" affirmative defense to her contract claim (together, the "Proposed Instructions"), *see id.* at 47-48.

Ms. Lively's anticipated letter brief will address Defendants' waiver and/or legal bar of these affirmative defenses and the prejudicial impact to Ms. Lively if Defendants are permitted to assert such defenses at trial. Because Defendants raised these legal issues for the first time in the connection with the meet and confer process concerning the Proposed Jury Instructions, providing supporting authority as late as 6:08 p.m. EST on the day of filing of the jury instructions, April 10, 2026, and because each Proposed Instruction may materially impact the presentation of evidence at trial, Ms. Lively respectfully requests the Court grant leave for her to file a five-page letter brief with respect to the Proposed Instructions, a copy of which is attached hereto as **Exhibit 1**.

# manatt

April 17, 2026
Page 2

Respectfully submitted,

/s/ Esra A. Hudson

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Koren Bell
Willkie Farr & Gallagher LLP
2029 Century Park East
Los Angeles, CA 90067
(310) 855-3000
mgottlieb@willkie.com
kbell@willkie.com

Kristin E. Bender
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC 20006
(202) 303-1000
kbender@willkie.com

Michael S. Schachter
Aaron E. Nathan
Michaela A. Connolly
Melissa Taustine
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
mschachter@willkie.com
anathan@willkie.com
mconnolly@willkie.com
mtaustine@willkie.com

DUNN ISAACSON RHEE LLP
Meryl C. Governski (*pro hac* vice)
401 Ninth Street, NW
Washington D.C. 20004
mgovernski@dirllp.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (admitted *pro hac* vice)
Naeun Rim (admitted *pro hac* vice)
Stephanie A. Roeser (admitted *pro hac v*ice)
Sarah Moses (admitted *pro hac vice*)
Sareen K. Armani
Katelyn A. Climaco
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com
smoses@manatt.com
sarmani@manatt.com
kclimaco@manatt.com

Matthew F. Bruno
7 Times Sq.
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

*Attorneys for Blake Lively*

# **<u>EXHIBIT 1</u>**

**manatt**

**Esra A. Hudson**
Manatt, Phelps & Phillips, LLP
Direct Dial:  (310) 312-4381
ehudson@manatt.com

April 17, 2026

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049 (LJL)

Dear Judge Liman:

Plaintiff Blake Lively respectfully submits this letter in opposition to Defendants' request for jury instructions on two affirmative defenses that they have not actually asserted: the "same decision" or "mixed motive" affirmative defense (hereinafter "mixed motive") to remedies in connection with Ms. Lively's retaliation claim, and the "economic duress" affirmative defense. *See* Dkt. 1319 at 40–41, 43-46. Because both of these affirmative defenses would materially alter the presentation of evidence at trial, Ms. Lively seeks a pretrial ruling.

## I.    The "Mixed Motive" Defense Is Waived.

Mixed motive is an affirmative defense to retaliation under the California Fair Employment and Housing Act (FEHA), which limits remedies (but not liability) if a defendant proves that, even if it had an unlawful retaliatory motive for its decisions, it would have made the same decisions anyway for lawful reasons. *See, e.g., Alamo v. Prac. Mgmt. Info. Corp*., 219 Cal. App. 4th 466, 48 (2013). As set forth below, under California law, this defense is waived unless it is pleaded in the answer. Here, Defendants raised the "mixed motive" defense *for the first time* on March 23, 2026 in connection with pre-trial filings, proposing it as a jury instruction *many months* after Ms. Lively could have served discovery, questioned witnesses at depositions, or provided or challenged expert testimony about this brand-new defense. *See* Roeser Decl. ¶5; Dkt. 425, 833, 1104. Moreover, Defendants did not assert this affirmative defense in their answers, *see* Dkt No. 148, 149, 632, 635, in their November 2025 motion for summary judgment, Dkt. 955, or at any other time prior to March 2026.

Instead, Defendants consistently insisted that any backlash that Ms. Lively suffered online was "all organic" and that *they did nothing—no placing negative stories about Ms. Lively or boosting or amplifying negative content about her*. Specifically, Defendants insisted publicly and in this litigation that: (1) their public relations efforts were all "positive" and "entirely defensive," Dkt. 955 at 14 ("Baldoni's PR team. . . distributed ***positive*** information and stories about Baldoni

manatt

April 17, 2026
Page 2

and worked to mitigate or minimize negative ones"), *Wayfarer Studios v. Lively*, Case 1:24-cv-10049-LJL, Dkt. 50 at ¶¶ 192, 284, 286-287, 294; (2) the "scenario planning" document "simply laid out a menu of possible options" and "was not an agreed-upon plan of action," Dkt. 955 at 14; (3) Lively's own alleged "missteps" were the "driver" of negative sentiment, *id.* at 15-16; (4) TAG, Jed Wallace, and Street Relations took no "offensive" or "proactive" steps, *id.* at 14-15; and (5) Wallace/Street Relations did not even have the technical capability to influence social media narratives, Dkt. 1273 at 133 (citing Wallace testimony that Street Relations allegedly has only "minimal" digital capabilities related to "observant monitoring" and does not "do anything as far as action in the digital space").[1] This is only a few of the many instances in which Defendants have repeatedly and vehemently denied having *any* part in the press and digital sentiment about Lively. Defendants' changed their tune after third party depositions and as a result of what Defendants have described as "a pounding drumbeat of almost daily motions to compel" by Lively to reveal the truth. Dkt. 955 at 16.

Only now do Defendants seek to assert their entirely new "mixed motive" affirmative defense—insisting for the very first time that *if they did* take proactive, offensive, or negative measures, they had a non-retaliatory reason for doing so. But "mixed motive" is an affirmative defense that they were required, but failed, to assert in their responsive pleadings. Defendants therefore waived the defense, and cannot resuscitate it now, months after the close of discovery and on the eve of trial, as doing so would substantially prejudice Lively.[2]

Defendants had an obligation to plead their "mixed motive" affirmative defense in their answers to avoid waiver. When federal courts adjudicate state-law claims, "substantive state law determines what constitutes an affirmative defense." *Rhee v. SHVMS, LLC*, 2024 WL 2943696, at *1 (S.D.N.Y. June 10, 2024) (quoting *LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014)). And, under California law, "the mixed-motive defense is an **affirmative defense** that should be pleaded by the employer in its answer if it seeks to assert the defense at trial," and is otherwise **waived**. *Alamo*, 219 Cal. App. 4th at 481–82. Defendants' reliance[3] on *Donovan v. Milk Mktg., Inc.*, 243 F.3d 584, 586 (2d Cir. 2001), which concerns "mixed motive" in the context of a **federal** statute, the Age Discrimination in Employment Act of 1967, is misplaced and does not support their position that "mixed motive" is not a "true" affirmative defense under **California** law. Dkt. 1319 at 41. As is well established, where the governing substantive law defines an affirmative defense, "[f]ailure to plead [it] in [an] answer results in 'the waiver of the defense and its exclusion from the case.'" *Satchell v. Dilworth*, 745 F.2d 781, 784 (2d Cir. 1984) (internal

---

[1] Defendants' media strategy was the same. In his first bombastic statement on December 21, 2024, Bryan Freedman said: "The representatives of Wayfarer Studios still did **nothing proactive nor retaliated**, and **only** responded to incoming media inquiries to ensure balanced and factual reporting and **monitored** social activity." https://www.nytimes.com/interactive/2024/12/21/us/statement-to-the-new-york-times.html (emphasis added).

[2] This is not the first time Defendants failed to plead an affirmative defense and later tried to assert it. *See* Dkt No. 1273 at 96 n. 22 (deeming Defendants' proposed exhaustion defense waived).

[3] Defendants did not provide this authority until April 10, the day of filing, at 6:08 p.m., even though Ms. Lively asserted waiver on April 1. Roeser Decl. ¶ 6.

# manatt

April 17, 2026
Page 3

citation omitted). Because Defendants failed to assert this "mixed motive" in their answers, Dkt. 148, 149, 632, 635, it should be deemed waived.

Nor would any exception to that waiver doctrine apply here. Any such exception requires Lively to have had prior notice of the basis for the defense, *see, e.g.*, *Rhee*, 2024 WL 2943696, at *1–2 (excusing failure where plaintiff had sufficient notice of unpled defense), as confirmed by each of the cases upon which Defendants rely.[4] *See* Dkt. 1319 at 41. She plainly did not, as detailed above. In fact, the closest Defendants ever came was claiming "reasonable defensive measures" on summary judgment. Dkt. 955 at 27–31. That theory, however, sits separate and apart from "mixed motive." Indeed, a "reasonable defensive measure" goes to whether an adverse employment action occurred at all as a matter of law, which is exactly how this Court analyzed it on summary judgment. Dkt. 1273 at 98-100. It does not, however, bear on a limitation of remedies, to which "mixed motive" applies. *See Alamo,* 219 Cal. App. 4th at 481 (mixed-motive defense only available as limitation on remedies, not complete defense to liability).

Even if, *arguendo*, Defendants' summary judgment motion provided constructive notice (which it did not), Defendants should not be granted leave to assert the "mixed motive" defense given that it was first asserted *well-after* the completion of fact and expert discovery. Defendants thereby deprived Ms. Lively of the ability to investigate and question witnesses on *why* they would have engaged in the alleged adverse acts had Ms. Lively never complained in the first place. Courts consistently find waiver under similar circumstances. *See, e.g.*, *United Coal Co., LLC v. Xcoal Energy & Res.,* 2026 WL 926756, at *25 n. 44 (S.D.N.Y. Apr. 6, 2026) (unilateral mistake defense "foreclosed" where not pleaded in answer, defendant did not move to treat their motion for summary judgment as an amended answer, and plaintiff argued prejudice); *Unicorn Crowdfunding, Inc. v. New St. Enter., Inc.*, 507 F. Supp. 3d 547, 577 (S.D.N.Y. 2020) (waiving affirmative defense first raised at summary judgment stage); *Alster v. Good*, 745 F. Supp. 2d 317, 332 (S.D.N.Y. 2010) (denying summary judgment for failure to exhaust where failed to plead in answer and raised only after the close of discovery). Allowing Defendants to inject this theory into the case months after discovery closed and on the eve of trial would significantly prejudice Ms. Lively, who lacked a fair opportunity to test the defense through discovery. *See United Coal,* 2026 WL 926756, at *25 n. 44; *Alster,* 745 F. Supp. 2d at 332.

---

[4] *See Gilmore v. Gilmore*, 503 F. App'x 97, 99 (2d Cir. 2012) (permitting defendant to assert unpled affirmative defense where plaintiff had "notice and opportunity to be heard."); *Reives v. Lumpkin*, 632 F. App'x 34, 35 (2d Cir. 2016) (delay did not prejudice plaintiff where defense shared a "common factual nexus" with two other pleaded defenses and plaintiff "did not claim surprise or prejudice."); *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 283–84 (2d Cir. 2000) (granting leave to amend where plaintiff was "well aware" and the "untimely amendment did not cause "unfair surprise" or "impede" fair prosecution.); *Donovan,* 243 F.3d at 586 (giving weight to defendants express statement that motivated by "legitimate-non discriminatory reasons.")

manatt

April 17, 2026
Page 4

## II.      The "Economic Duress" Defense Is Waived and Would Be Precluded if it Were Not Waived.

The Court should also reject Defendants' request for an instruction on "economic duress" as a defense to Ms. Lively's contract claim. As Defendants concede (and as their proposed CACI instruction affirms), economic duress is an affirmative defense, *see* Dkt. 1319 at 46, and Defendants did not assert that defense in their answers, *see* Dkt 148, 149, 632, 635. For the same reasons given above, the defense is waived, and no exception to waiver could revive it now.

Further, even if Defendants *had* raised the defense in their answers, it would have been barred by issue preclusion and subject to a motion for summary judgment or judgment on the pleadings. "Where the preclusive effect of a prior federal judgment is at issue, federal law applies." *Huang v. Shanghai City Corp*, No. 19-CV-7702 (LJL), 2022 WL 1468450, at *16 (S.D.N.Y. May 10, 2022). "Under federal law, collateral estoppel applies when: (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party against whom collateral estoppel is being asserted had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Id.* (cleaned up) (quoting *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 292 (2d Cir. 2002)).

All of those elements are met here. Defendants propose to assert a duress defense with the following elements:

1.  That Ms. Lively used a wrongful act or wrongful threat to pressure It Ends With Us Movie LLC into consenting to the contract;

2.  That a reasonable person in It Ends With Us Movie LLC's position would have believed that there was no reasonable alternative except to consent to the contract; and

3.  That It Ends With Us Movie LLC would not have consented to the contract without the wrongful act or wrongful threat.

4.  An act or a threat is wrongful if a bad-faith breach of contract is threatened or the resulting exchange is not on fair terms and what is threatened is otherwise a use of power for illegitimate ends. If you decide that It Ends With Us Movie LLC has proved all of the above, then no contract was created.

Dkt. 1319, at 45–46 (quoting CACI - 333. Affirmative Defense – Economic Duress). At least the first element is precluded by the Court's final judgment dismissing IEWUM and Wayfarer's civil extortion claim.[5] As the Court recognized, that extortion claim was premised on

---

[5] The Court entered final judgment on October 31, 2025. Clerk's Judgment, *Wayfarer Studios, LLC v. Lively*, No. 24-cv-449 (Oct. 31, 2025), Dkt. 893. The preclusive effect of that judgment is unaffected by the possibility that

# manatt

April 17, 2026
Page 5

a finding of duress identical to the common law defense that Defendants now seek to assert. *See Lively v. Wayfarer Studios LLC*, 786 F. Supp. 3d 695, 741–43 (S.D.N.Y. 2025) ("The California tort is based on the common-law concept of duress."). The Court held that "a civil extortion claim under California law will not lie in the absence of a threat that would be sufficient to support a claim of duress." *Id.* at 743. And the Court held that that specific element was missing, finding that Lively's conduct as alleged constituted legitimate bargaining rather than a "wrongful" threat. *Id.* at 746–53. The Court concluded that "The facts alleged do not support an economic duress claim." *Id.* at 749.

Having failed to allege even sufficient facts to survive a motion to dismiss under the more forgiving Rule 12(b)(6) standard, Defendants cannot now seek to relitigate that issue and hope to prevail by a preponderance of the evidence. Defendants had a full and fair opportunity to litigate this issue, and when they did, the Court decided it in a manner necessary to support a valid, final judgment in Lively's favor. And because issue preclusion bars any further attempt by Defendants to relitigate an essential element of this duress defense, they cannot seek to mount it at trial or receive their requested instruction.

Nonetheless, Defendants take the position that "Evidence of duress will be presented. The Court's ruling on an affirmative claim does not have any bearing on the defense presented by Defendant." Dkt. 1319, at 46. For the reasons stated above, that assertion is incorrect. And to the extent Defendants seek to introduce evidence going to a duress defense, that evidence would be inadmissible under FRE 401 and 402, and/or unfairly prejudicial under FRE 403. For now, the Court should reject the requested instruction on an economic duress defense that has never been in the case, and could not have survived if it had been.

For the foregoing reasons, Ms. Lively respectfully requests that the Court deny Defendants' request for jury instructions on the "mixed motive" and "economic duress" defenses, and deem those defenses waived and/or barred.

---

Defendants could theoretically appeal, because "it is settled law, not just in the Second Circuit but also in the Supreme Court, that a district court judgment is imbued with preclusive effect <u>while</u> an appeal is pending." *United States v. Walker*, 239 F. Supp. 3d 738, 742 (S.D.N.Y. 2017) (emphasis in original).

# manatt

April 17, 2026
Page 6

Respectfully submitted,

/s/ Esra A. Hudson

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Koren Bell
Willkie Farr & Gallagher LLP
2029 Century Park East
Los Angeles, CA 90067
(310) 855-3000
mgottlieb@willkie.com
kbell@willkie.com

Kristin E. Bender
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC 20006
(202) 303-1000
kbender@willkie.com

Michael S. Schachter
Aaron E. Nathan
Michaela A. Connolly
Melissa Taustine
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
mschachter@willkie.com
anathan@willkie.com
mconnolly@willkie.com
mtaustine@willkie.com

DUNN ISAACSON RHEE LLP
Meryl C. Governski (*pro hac* vice)
401 Ninth Street, NW
Washington D.C. 20004
mgovernski@dirllp.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (admitted *pro hac* vice)
Naeun Rim (admitted *pro hac* vice)
Stephanie A. Roeser (admitted *pro hac v*ice)
Sarah Moses (admitted *pro hac vice*)
Sareen K. Armani
Katelyn A. Climaco
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com
smoses@manatt.com
sarmani@manatt.com
kclimaco@manatt.com

Matthew F. Bruno
7 Times Sq.
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

*Attorneys for Blake Lively*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BLAKE LIVELY,

               Plaintiff,

       v.

WAYFARER STUDIOS LLC, et al.,

               Defendants.

No. 24-cv-10049-LJL (lead case)

**DECLARATION OF STEPHANIE A. ROESER IN SUPPORT OF
PLAINTIFF BLAKE LIVELY'S LETTER IN OPPOSITION TO DEFENDANTS'
REQUEST FOR JURY INSTRUCTIONS**

I, Stephanie A. Roeser, declare pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1.     I am an attorney admitted to practice before this Court, a partner with the law firm of Manatt, Phelps & Phillips LLP, located at 2049 Century Park East, Suite 1700, Los Angeles, CA 90067, and counsel of record for Plaintiff Blake Lively ("Ms. Lively") in the above-captioned action.

2.     I respectfully submit this declaration in support of Ms. Lively's Letter Brief in Opposition to Defendants' Request for Jury Instructions on "mixed motive" and "economic duress."

3.     In connection with submitting the Joint Pre-Trial Order, the parties met and conferred regarding proposed jury instructions for submission to the Court.

4.     On March 2, 2026, I emailed Defendants' counsel Ms. Lively's initial proposed jury instructions.

2

5.      Defendants' counsel provided their initial revisions to those proposals on March 23, 2026, inserting multiple proposed instructions titled "Same Decision."

6.      I emailed Defendants' counsel the next turn of revisions on April 1, 2025, noting that Defendants had failed to assert the "Same Decision" affirmative defense in their answers. Defendants reinserted the proposed "Same Decision" instruction on April 8 and first provided a position statement, citing the case law identified in the letter brief filed contemporaneously herewith, at 6:08 p.m. ET on April 10, 2026, the day the joint pre-trial filing was due.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.


Executed on: April 17, 2026
Los Angeles, California




                                        *Stephanie A. Roeser*_____
                                        Stephanie A. Roeser

2