# EXHIBIT 43

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

BLAKE LIVELY,                         )
                                      )
   Plaintiff,                         ) Civil Action No.
                                      )
   vs.                                ) 1:24-cv-10049-LJL
                                      )
WAYFARER STUDIOS LLC, a               ) (Consolidated for
Delaware Limited Liability            ) pretrial purposes
Company, JUSTIN BALDONI, an           ) with
Individual, JAMEY HEATH, an           ) 1:25-cv-00449-LJL
Individual, STEVE SAROWITZ, an        ) Rel:
Individual, IT ENDS WITH US           ) 1:25-cv-00779-LJL
MOVIE LLC, a California               )
Limited Liability Company,            )
MELISSA NATHAN, an Individual,        )
THE AGENCY GROUP PR LLC, a            )
Delaware Limited Liability            )
Company, JENNIFER ABEL, an            )
Individual, JED WALLACE, an           )
Individual, and STREET                )
RELATIONS INC., a California          )
Corporation,                          )
                                      )
   Defendants.                        )

VIDEOCONFERENCE DEPOSITION OF

ASHLEE HUMPHREYS, Ph.D.

November 25, 2025

Stenographically Reported by:

ANDREW R. PITTS, CSR, RPR

Page 1

expert noted that her alcohol brand Betty Booze

ranked among the top five ready to drink products at

Total Wine?

Did you see that in Mr. Mayzlin's report?

A.   I recall seeing something like that.  Again,

I did not base my report on that portion of her

analysis.

Q.   And, again, the success of her business

enterprise does not impact your analysis of the need

for costs associated with her personal reputational

repair; is that correct?

A.   I'm sorry, would you mind reasking it?

Q.   Okay.  I don't mind at all.

Is it your opinion that despite the success

of her businesses, she still needs reputational

repair in the amount of 14- to $26 million?

MS. BENDER:  Objection.

BY THE WITNESS:

A.   Yes.

BY MR. SCHUSTER:

Q.   Does your analysis of the cost for

reputational repair change at all if Ms. Lively

prevails in her lawsuit?

A.   No.

Q.   So if she wins the case, and a jury finds

Page 173

in her favor, it's your opinion that she will still need this 14- to $26 million reputational repair despite a jury verdict in her favor?

A.   That's correct.

Q.   And why is that?

A.   So the purpose of the campaign to correct the reputational damage is targeted at those who received the initial statements.  Because of a number of factors related to digital media and the way communication functions in the media system, it's not at all a foregone conclusion that the target audience will receive that message of the verdict.  It's not a foregone conclusion that they will trust that message.  And it's not at all a foregone conclusion that that verdict would repair the reputational harm.

Q.   Is it your opinion that a jury verdict from the Southern District of New York in the case of Blake Lively versus Justin Baldoni is not going to be circulated across this country?

A.   So as I said, it will -- that news will be circulated.  It's not a foregone conclusion that that will make it to the target audience in question, to the people who were initially exposed to the at-issue statements.  It's also not a foregone conclusion that they will trust the implications of a jury verdict.

Page 174

the foregoing videoconference deposition was reserved by counsel for the Defendants.  I further certify that the taking of this deposition was pursuant to Notice, and that there were present in person and via videoconference at the deposition the attorneys hereinbefore mentioned.

I further certify that I am not counsel for nor in any way related to the parties to this suit, nor am I in any way interested in the outcome thereof.

IN TESTIMONY WHEREOF:  I have hereunto set my hand and affixed my seal this 26th day of November, 2025.

ANDREW R. PITTS, CSR, RPR

CSR, COOK COUNTY, ILLINOIS

Page 192