UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY,<br><br>               Plaintiff,<br><br>       -v-<br><br>WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, THE AGENCY GROUP PR LLC, JENNIFER ABEL, JED WALLACE, and STREET RELATIONS INC.,<br><br>               Defendants. | Case No. 1:24-cv-10049-LJL<br>(consolidated with 1:25-cv-00449-LJL) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT THE AGENCY GROUP LLC'S MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...........................................................................................................ii

ARGUMENT ............................................................................................................................. 1

    I.        THE MOTION ADDRESSES CALIFORNIA'S SIMILAR TREATMENT OF ISSUES OF DIRECT LIABILITY AND AIDING AND ABETTING LIABILITY ... 1

    II.      TAG DID NOT ENGAGE IN FEHA-REGULATED ACTIVITIES .......................... 2

    III.    TAG *DOES* DISPUTE LIVELY'S ALLEGATIONS OF AIDING AND ABETTING ............................................................................................................... 4

CONCLUSION ............................................................................................................................ 5

## <u>TABLE OF AUTHORITIES</u>

Page(s)

<u>**Cases**</u>

*Harper v. DISA Sols., Inc.*,
  2025 WL 643630 (C.D. Cal. Jan. 28, 2025) ..................................................................................3

*Hooters of America, LLC v. The Superior Court of Riverside County*,
  2024 WL 2793404 (Cal. Ct. App. May 31, 2024) ........................................................................3

*Malekzadeh v. Costco Wholesale Corp.*,
  2023 WL 4311262 (N.D. Cal. April 10, 2023) ............................................................................4

*Mobley v. Workday, Inc.*,
  740 F. Supp. 3d 796 (N.D. Cal. 2024) ........................................................................................4

*Raines v. U.S. Healthworks Med. Group*,
  15 Cal. 5th 268 (2023) .............................................................................................................2, 3

*Smith v. BP Lubricants USA Inc.*,
  64 Cal. App. 5th 138 (Cal. Ct. App. 2021) ..................................................................................3

Defendant The Agency Group PR LLC ("TAG") respectfully submits this memorandum of law in response to plaintiff Blake Lively's ("Lively") opposition to TAG's motion for summary judgment on the Seventh Cause of Action for aiding and abetting of retaliation in violation of the California Fair Employment and Housing Act ("FEHA").

### ARGUMENT

### I.   THE MOTION ADDRESSES CALIFORNIA'S SIMILAR TREATMENT OF ISSUES OF DIRECT LIABILITY AND AIDING AND ABETTING LIABILITY

Lively improperly attacks TAG for engaging in the legal analysis that was prompted by the Court in its recent Opinion and Order.  She argues that TAG erroneously relies upon California case law pertaining to whether a business-entity agent may be held directly liable for retaliation under FEHA, which is a claim she does not assert against TAG.  (Dkt. 1360, p. 1, 8 – 13).

However, as Lively knows, yet chooses to disregard, in its recent Opinion and Order, the Court noted that "there is at least some reason to believe that" aiding and abetting liability might apply to business-entity agents "given that … the California Supreme Court treated issues of direct liability and aiding-and-abetting liability similarly in *Reno*."  (Dkt. 1273, p. 139) (underline added).  The Court then stated that the parties "have not addressed this issue at any length."  (*Id.*).  In accordance with the Court's invitation, TAG's subsequent motion demonstrates why California's similar treatment of issues of direct liability and aiding and abetting liability warrants a finding that TAG cannot be held liable under FEHA: a predicate for direct liability is the defendant's engagement in FEHA-regulated activities, and TAG did not engage in any FEHA-regulated activities regarding Lively.  (Dkt. 1285, p. 4 – 7).

Therefore, TAG has not "conflated" anything as disingenuously alleged (Dkt. 1360, p. 9) but rather addresses the issues highlighted by the Court.

1

## II.    TAG DID NOT ENGAGE IN FEHA-REGULATED ACTIVITIES

In a legal Hail Mary, Lively now argues that TAG should be deemed Lively's "employer" under FEHA, which position is directly contradicted by her own pleadings.  Specifically, Lively now claims, for the first time, that "it is undisputed that TAG … meets the necessary definition of 'employer.'"  (Dkt. 1360, p. 2).  However, Lively's Second Amended Complaint alleges that her "employers" for FEHA purposes were *only* Wayfarer Studios LLC and It Ends With Us Movie LLC.  (Dkt. 520, ¶¶ 376, 388, 403).  Even worse for Lively, her pleadings expressly allege that TAG is "***not Ms. Lively's employer***" under FEHA (or in any other context). (*Id.*, ¶ 411) (emphasis added).

In the motion, TAG highlighted that in *Raines v. U.S. Healthworks Med. Group*, 15 Cal. 5th 268 (2023), the California Supreme Court held that "as a *necessary minimum* …, consistent with the FEHA's language and purpose, a business-entity agent can bear direct FEHA liability only when it *carries out FEHA-regulated activities* on behalf of an employer."  *Id*. at 288 (emphasis added).  In her opposition papers, Lively contends that "even if *Raines's* 'FEHA-regulated activities' limitation applied to TAG's aiding and abetting liability here, TAG would still be liable for the simple reason that the retaliatory adverse employment actions that TAG assisted *are* 'FEHA-regulated.'"  (Dkt. 1360, p. 14).  Lively mischaracterizes this Court's Opinion and Order when she contends that the Court has already held that "the conduct in which TAG participated was 'FEHA-regulated'…."  (Dkt. 1360, p. 2).  That is blatantly incorrect.  If, as Lively insists, the Court had determined that TAG's conduct *was* regulated by FEHA, the Court would not have "[withheld] judgment with respect to whether TAG might be liable for aiding and abetting FEHA retaliation" and would not have denied TAG's summary judgment *without prejudice*. (Dkt. 1273, p. 139 – 140).

2

With respect to *Smith v. BP Lubricants USA Inc.*, 64 Cal. App. 5th 138 (Cal. Ct. App. 2021), Lively argues that it "confirms that aiding-and-abetting liability does not depend on an employment relationship or the performance of employment-related functions, but on knowledge and substantial assistance." (Dkt. 1360, p. 10).  That is half true.  While the California Court of Appeal rejected the notion therein that defendants had to be plaintiff's *employer* to be liable under FEHA, the Court did *not* determine whether a third party engages in "substantial assistance or encouragement" to violate FEHA where it performs no employment-related functions.  Furthermore, after *Smith*, the California Supreme Court "express[ed] no view of the scope of a business entity agent's possible liability under the FEHA's aider and abettor provision…." *Raines*, 15 Cal. 5th at 291.

Notably, Lively does not cite a single case, from any jurisdiction, in which an entity was deemed to be liable (or potentially liable) for aiding and abetting alleged retaliation under FEHA *without engaging in any employment-related activities*.  The cases cited by Lively involve entities that clearly engaged in employment-related activities, unlike the case before this Court.  In *Harper v. DISA Sols., Inc.*, No. 24-cv-08380, 2025 WL 643630 (C.D. Cal. Jan. 28, 2025), the United States District Court for the Central District of California found that plaintiff had adequately alleged a claim for aiding and abetting race discrimination under FEHA against a company that conducted background screenings on potential hires and exercised control over the threshold background screen grade needed for the employer's conditional offer of employment to the plaintiff to be confirmed. *Id.* at *2 - *3.  In *Hooters of America, LLC v. The Superior Court of Riverside County*, No. E082896, 2024 WL 2793404 (Cal. Ct. App. May 31, 2024), the plaintiffs were employed as servers in a "Hooters" restaurant jointly owned and operated by (franchisor) Hooters of America

3

("HOA") and co-defendants, and the Court of Appeals, where they were allegedly subject to abuse and harassment in violation of FEHA. *Id.* at *1. The Court of Appeal affirmed the denial of HOA's motion for summary judgment on plaintiffs' claim for aiding and abetting under FEHA because HOA failed to negate allegations it provided substantial assistance via its provision of training, policies, procedures, and administrative support designed to assist its co-employers with avoiding liability for FEHA violations. *Id.* at *11.[1]

## III.    TAG *DOES* DISPUTE LIVELY'S ALLEGATIONS OF AIDING AND ABETTING

In the recent Opinion and Order (and during a subsequent telephone conference), the Court authorized TAG to renew its summary judgment to specifically address the issue of "whether aiding and abetting liability might apply to business-entity agents." (Dkt. 1273, p. 139). In turn, TAG confined its subsequent motion papers to addressing that issue identified by the Court. Nevertheless, and perhaps desperate for any favorable headline, Lively highlights that "TAG's renewed motion does not dispute that TAG knowingly and substantially assisted the conduct that Lively contends was actionable FEHA retaliation." (Dkt. 1360, p. 17). In other words, according to Lively, TAG should have abused the Court's leave to renew its summary judgment motion as some sort of license to argue anything that TAG desired. While some parties may have engaged in such conduct, TAG will not. However, for the purposes of clarity, TAG denies that it participated in any conduct that is actionable under FEHA. In addition, Lively has presented no evidence to the contrary. If TAG's renewed motions for summary judgment and for judgment on the pleadings are both denied, TAG will demonstrate at trial that Lively's claim for aiding and abetting lacks merit.

---

[1] The two other cases cited by Lively, *Mobley v. Workday, Inc.*, 740 F. Supp. 3d 796, 804 (N.D. Cal. 2024) and *Malekzadeh v. Costco Wholesale Corp.*, No. 22-cv-04678, 2023 WL 4311262 (N.D. Cal. April 10, 2023), are addressed and distinguished in TAG's initial brief. (Dkt. 1285, p. 7, 9).

## **CONCLUSION**

For the foregoing reasons as well as those set forth in TAG's initial memorandum of law, the Court should grant summary judgment in TAG's favor on Lively's Seventh Cause of Action for aiding and abetting retaliation under FEHA.

Dated:  April 21, 2026
      New York, NY

/s/ Kevin Fritz_____
MEISTER SEELIG & SCHUSTER PLLC
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
(212) 655-3500
ms@mss-pllc.com
kaf@mss-pllc.com

LINER FREEDMAN TAITELMAN +
COOLEY, LLP
Bryan J. Freedman (pro hac vice)
Ellyn S. Garofalo (pro hac vice)
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
(310) 201-0005
bfreedman@lftcllp.com
egarofalo@lftcllp.com

SHAPIRO ARATO BACH LLP
Alexandra A. E. Shapiro
Jonathan Bach
Alice Buttrick
1140 Avenue of the Americas, 17th Floor
New York, NY 10036
(212) 257-4881
ashapiro@shapiroarato.com
jbach@shapiroarato.com
abuttrick@shapiroarato.com

AHOURAIAN LAW
Mitra Ahouraian (pro hac vice)
2029 Century Park East, 4th Floor
Los Angeles, CA 90067
(310) 376-7878
mitra@ahouraianlaw.com
*Counsel for The Agency Group PR LLC*