L|F  **Liner Freedman**
T|C  **Taitelman+Cooley LLP**

1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
www.lftcllp.com

Ellyn S. Garofalo
Direct: (310) 201 4912
egarofalo@lftcllp.com

April 24, 2026

*Via ECF*

The Honorable Lewis J. Liman
U.S. District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *Blake Lively v. Wayfarer Studios LLC, et al.*, Case No. 1:24-cv-10049 (LJL)

Dear Judge Liman:

Pursuant to the Court's April 22, 2026 order (Dkt. No. 1372), Defendants Wayfarer

Studios LLC, It Ends With Us Movie LLC, and The Agency Group PR LLC (collectively,

"Defendants") submit this response to Plaintiff Blake Lively's letter brief regarding proposed

jury instructions (Dkt. No. 1362).

Lively contends that Defendants waived the affirmative defense of "same decision" or

"mixed motive" by failing to include it in their Answers. The defense permits a defendant in a

retaliation claim to argue that an adverse employment decision was not based on an intent to

retaliate for protected activity but would have been made irrespective of the alleged protected

activity. However, failing to assert an affirmative defense in an answer is not fatal to the defense.

First, the Second Circuit does not treat "same decision" (also called "mixed-motivation")

as an affirmative defense. *See Donovan v. Milk Mktg., Inc.,* 243 F.3d 584, 586 (2d Cir. 2001)

(rejecting argument that a defendant is required by Rule 8(c) of the Federal Rules of Civil

Procedure to plead a mixed-motive "defense" in its answer to the complaint). "Our references to

the mixed-motive analysis as an 'affirmative defense' signified that the burden of persuasion on

493855.1

L|F  Liner Freedman
T|C  Taitelman+Cooley LLP

April 24, 2026
Page 2

the relevant question shifts to the defendant if the jury finds that the plaintiff has shown the presence of the prohibited motivation; they were not intended to impose any special pleading requirements on the defendant . . . [and] where the employer has given the plaintiff appropriate notice of its contention that it acted for a reason other than the prohibited discrimination claimed by the plaintiff, plaintiff has received full notice of the possibility that the jury could find that both motivations played a role." *Id.*

Second, both California and federal law excuse a defendant's failure to include an affirmative defense in its answer if the plaintiff had sufficient notice of the defense. *Rhee v. SHVMS, LLC*, No. 21-CV-4283 (LJL), 2024 WL 2943696, at *1 (S.D.N.Y. June 10, 2024); *Harris v. City of Santa Monica*, 56 Cal. 4th 203, 240 (2013) ("The primary function of a pleading is to give the other party notice so that it may prepare its case, and a defect in a pleading that otherwise properly notifies a party cannot be said to affect substantial rights... the fact that [defendant] did not plead a same-decision defense did not adversely affect [plaintiff's] substantial rights, and the omission did not bar the trial court from giving a same-decision instruction); *Rose v. AmSouth Bank*, 391 F.3d 63, 65 (2d Cir. 2004) ("[F]ailure to plead an affirmative defense does not necessarily result in waiver"); *Davis v. Farmers Ins. Exch.*, 245 Cal. App. 4th 1302, 1323 (2016). Courts consider the absence of undue prejudice to the plaintiff, bad faith or dilatory motive on the part of the defendant, futility, or undue delay of the proceedings. *Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003); *see Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 283-84 (2d Cir. 2000); *Gilmore v. Gilmore*, 503 F. App'x 97, 99 (2d Cir. 2012) (allowing an affirmative defense to be raised for the first time in a joint pretrial order);

April 24, 2026
Page 3

*Reives v. Lumpkin*, 632 F. App'x 34, 35 (2d Cir. 2016) (allowing unpled affirmative defense where there was no surprise or prejudice).

Lively can hardly argue with a straight face that she lacked notice of Defendants' defense that its public relations, crisis management activities were reasonable defensive measures to respond the public relations disaster brewing as a result of efforts by Lively and her cohorts to very publicly attack Wayfarer and Baldoni– not as retaliation for her alleged complaints of sexual harassment over a year earlier.

For instance, in their summary judgment motion, Defendants argued that their public relations and crisis management efforts were not retaliatory but defensive only, intended to protect Wayfarer and Baldoni against Lively's increasingly hostile and defamatory acts on the eve of the It Ends With Us premiere.   Defendants asserted that the alleged adverse employment action identified by Lively— a press campaign resulting in negative sentiment towards Lively— would have occurred whether or not she engaged in protected activity. *See, e.g.,* Defs' MSJ Br., Dkt. 955 at 39-40 ("Baldoni and Wayfarer were reasonably attempting to protect themselves in response to an onslaught of vicious negative publicity launched by Lively and her famous husband. Defendants were exercising First Amendment and due process rights, not stepping on Lively's earlier exercised right to voice concerns in the workplace, which they had honored in full."); Pl. MSJ Opp., Dkt. 1070 at 60-61 (rejecting Wayfarer Parties' argument that they had "legitimate reasons to act as they did")*;* MSJ Order, Dkt. 1273 at 102 (noting that a defendant is "'entitled to demonstrate that legitimate, nondiscriminatory reasons would have led it to make the same decision at the time' (i.e., to negate but-for causation), but such a showing goes to damages rather than to liability" citing *Harris v. City of Santa Monica*, 294 P.3d 49, 61, 72 (Cal.

L|F  Liner Freedman
T|C  Taitelman+Cooley LLP

April 24, 2026
Page 4

2013)); *id.* at 136 ("To be sure, a jury could also find that something other than retaliation explains the actions of the Wayfarer Parties."). There can be no failure of notice, and therefore no prejudice, under these circumstances.  *See also* Declaration of Ellyn S. Garofalo ("Garofalo Decl."), Ex. 1 (July 30, 2025 hearing transcript at 14:6-9) ("It's not a secret, it is a First Amendment, defendants are allowed to defend themselves, even publicly, particularly when such serious allegations are leveled against them"); Dkt. Nos. 632 and 635 at ¶¶ 474 and 488 (asserting Affirmative Defenses of Unclean Hands and Good Faith.)  When Lively propounded interrogatories asking for the factual and legal bases of Defendants' unclean hands affirmative defense, Defendants responded:

> Lively participated in wrongful conduct of the same kind she accuses the Wayfarer Defendants of committing, namely, a smear campaign targeting Baldoni's professional and personal reputation and Wayfarer. Lively created the disputes, hostility and animus of the set, alienated the cast and crew against Baldoni, sidelined Baldoni from the production, refused to treat Baldoni or his religious beliefs with respect and orchestrated and is still pursuing a smear campaign to manipulate media and public sentiment against Baldoni. Lively also showed extreme disrespect and dismissiveness against victims of sexual violence and abuse by downplaying the Film's antidomestic violence theme, tying her own products including an alcohol business into her marketing and focusing on levity in the promotion of the Film, while ignoring the Film's serious message about domestic violence. Notwithstanding Lively's complaints about the Wayfarer Parties' purported coordination with the press, it was Lively (through a shell entity) who filed a sham lawsuit to launder stolen communications and share them (spliced and stripped of context) with the press.

Garofalo Decl., Ex. 2 (Wayfarer Responses to Lively's 5th set of Interrogatories).

Since Lively was plainly on notice of this defense, she cannot show prejudice from the absence of a "same decision" defense in Wayfarer's Answer.  Although Lively claims she could have conducted additional discovery, she does not explain what issues may have been omitted

493855.1

LᵢF  Liner Freedman
TᵢC  Taitelman+Cooley LLP

April 24, 2026
Page 5

from her expansive discovery efforts.  In fact, the parties have produced over 93,000 documents in this matter and conducted 50 depositions covering every conceivable issue including Wayfarer's motives in pursuing a defensive crisis management strategy.  Curiously, Plaintiff argues that Defendants' arguments regarding their "reasonably defensive measures" defense did not provide her with notice of a "same decision" defense because the latter is only a limitation of remedies – an implicit admission that she was aware of the defense.  Plaintiff fails to explain how she has been prejudiced by a defense that argues the same theory as "reasonable defensive measures" but offers less protection to Defendants rather than more.  Having failed to show prejudice, Lively also fails to establish bad faith or dilatory motive on the part of the defendant, futility, or undue delay of the proceedings.  Therefore, the Court should allow Defendants to present jury instructions on the same decision defense.[1]

Very truly yours,

*/s/ Ellyn S. Garofalo*

Ellyn S. Garofalo

---

[1] Defendants withdraw their request for a duress jury instruction.