**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BLAKE LIVELY<br><br>               Plaintiff,<br><br>       -v-<br><br>WAYFARER STUDIOS LLC, JUSTIN BALDONI, JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH US MOVIE LLC, MELISSA NATHAN, THE AGENCY GROUP PR LLC, JENNIFER ABEL, JED WALLACE, STREET RELATIONS, INC.<br><br>               Defendants. | No. 24-cv-10049-LJL |

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR RENEWED MOTION**
**<u>FOR JUDGMENT ON THE PLEADINGS</u>**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... iii

INTRODUCTION ................................................................................................................... 1

ARGUMENT .......................................................................................................................... 2

    I.     The Alleged Sexual Harassment In New Jersey With No California Nexus Is
          Not A "Practice Forbidden By" FEHA And Cannot Support A
          FEHA Retaliation Claim ..................................................................................... 2

    II.    Lively's Alleged Good Faith Belief That Defendants Violated FEHA
          Was Not Objectively Reasonable ..................................................................... 3

    III.   Defendants Did Not Retaliate Against Lively For Filing A CRD Complaint ................ 5

CONCLUSION ....................................................................................................................... 6

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                  **Page(s)**

*Campbell v. Arco Marine, Inc.*,
  50 Cal. Rptr. 2d 626 (1996) ................................................................................ 3

*Dinslage v. City and County of San Franscisco*,
  209 Cal. Rptr. 3d 809 (Cal. Ct. App. 2016) ...................................................... 3

*Lively v. Wayfarer*,
  2026 WL 905447 (S.D.N.Y. Apr. 2, 2026) ..................................................... 4, 5, 6

*Miller v. Dep't of Corrections*,
  30 Cal. Rptr. 3d 797 (2005) ................................................................................ 3

**INTRODUCTION**

Defendants' argument for dismissal of Lively's FEHA claims is only "novel" because Lively's attempt to extend California employment law beyond its natural metes and bounds is unprecedented.  Lively cites no case in which a FEHA retaliation claim has proceeded where the underlying harassment claim lacked a sufficient California nexus.  In Lively's view, an employee or independent contractor has a retaliation claim under FEHA provided the retaliation has a California nexus and the plaintiff has an objectively reasonable but incorrect belief that California law might apply to the harassment claim.  This would turn California law into a nationwide employment law policeman for companies with California headquarters and operations in other states, reaching into other jurisdictions and forbidding any adverse treatment of employees who complain about conduct that may be perfectly legal in those states.

The plain language of the statute shows why this is wrong.  Only "practices forbidden under" FEHA can give rise to a FEHA retaliation claim.  The alleged sexual harassment in New Jersey with no California nexus is not a "practice forbidden under" FEHA.  As when an employee complains about a type of discrimination not actually proscribed by FEHA, no amount of good faith on the part of the complaining employee can turn this into an objectively reasonable belief that California law was violated.

The Court need not, however, rule as a categorical matter.  Lively's allegations are plainly insufficient to support an objectively good faith belief that California law applied to her harassment claims.  Nor can Lively show that she suffered retaliation because of her filing of a CRD complaint in the last days of 2024.  Lively's FEHA retaliation claim should be dismissed, or, at a minimum, should be restricted to retaliation that occurred after the filing of Lively's CRD complaint.

**<u>ARGUMENT</u>**

**I.     The Alleged Sexual Harassment In New Jersey With No California Nexus Is Not A "Practice Forbidden By" FEHA And Cannot Support A FEHA Retaliation Claim**

Lively cites no case in which a plaintiff has advanced a FEHA retaliation claim where the underlying allegations of sexual harassment have zero nexus to California.  She therefore is asking this Court to recognize something new:  liability for California-based adverse actions taken against an employee who has complained about conduct that, having insufficient connection to California, is not forbidden under FEHA.  Under Lively's expansive view of California law, a California based HR department would be prohibited from taking adverse action against an employee at a store in New Jersey who complained about conduct proscribed by FEHA but not actionable in New Jersey.  The statutory requirement that a retaliation claim be premised on a "practice forbidden under" FEHA bars such nonsensical claims.

To get around this statutory bar Lively must contort the text beyond recognition.  Lively argues that "practice forbidden under" FEHA does not actually mean a "practice forbidden under" FEHA but rather a practice of the same type as a practice forbidden under FEHA.  ECF 1403 at 4 ("Stated differently, the 'practices forbidden under this part' language … is meant to define the *types of conduct*—and not the *types of legal violations*—that a person may safely report.").  In other words, Lively argues that sexual harassment is a "type of conduct" prohibited by FEHA and so sexual harassment occurring in New Jersey as to which an employee can articulate some basis for a belief that FEHA might apply will support a FEHA retaliation claim provided that retaliation is sufficiently connected to California.

This is not the law.  The statute says "practices forbidden under" FEHA, not "practices of the same type as practices forbidden under" FEHA, and definitely not "practices in other states that would be forbidden under FEHA if they occurred in California."  As Lively acknowledges—

quoting this Court quoting *Miller v. Dep't of Corrections*, 30 Cal. Rptr. 3d 797, 821 (2005)—a retaliation claim will only lie if the practice the employee has opposed falls within the "general purview" of the statute. ECF 1403 at 5. Sexual harassment in New Jersey with no nexus to California is not within the "general purview" of FEHA, and it is not "conduct *made unlawful by the act*." *Dinslage v. City and County of San Franscisco*, 209 Cal. Rptr. 3d 809, 820 (Cal. Ct. App. 2016) (emphasis original).

Lively says that the clear limitation in the statutory text will chill employees from complaining about sexual harassment, and that such concerns are "heightened with respect to extraterritoriality." ECF 1403 at 10-11. Not so. Title VII applies nationwide and prohibits both sexual harassment and retaliation against those who complain about sexual harassment. Similar laws are in effect in every state. Those laws, not FEHA, prevent an employer from retaliating against an employee who complains in good faith about perceived harassment.

## II. Lively's Alleged Good Faith Belief That Defendants Violated FEHA Was Not Objectively Reasonable

Even assuming an employee's objectively reasonable good faith belief that harassment in New Jersey without a sufficient California nexus may, in some circumstances, support a FEHA retaliation claim, Lively has not come forward with facts to show *she* had such an objectively reasonable belief.

Lively's arguments on this point do not move the needle. Lively suggests that the application of California's presumption against extraterritoriality to FEHA is unsettled and that this renders her alleged good faith belief that she was covered by the statute more reasonable. ECF 1403 at 8-9. This is nonsense. An "objectively reasonable" belief must be "measured against *existing* substantive law." *Dinslage*, 209 Cal. Rptr. 3d at 820 (emphasis added). *Campbell v. Arco Marine, Inc.*, was decided 30 years ago. 50 Cal. Rptr. 2d 626 (1996). It has

been widely followed by other courts and Lively points to no case going the other way.  As this Court put it, "Lively offers no reason for the Court to depart from this *consensus*, and the Court sees none."  *Lively v. Wayfarer*, 2026 WL 905447, at *40 (S.D.N.Y. Apr. 2, 2026) (emphasis added).

Lively also relies on the fact that the deal was negotiated by her California-based agent, manager, and entertainment lawyer.  ECF 1403 at 9.  None of this has anything to do with her harassment claim.  Unsurprisingly, the Court previously rejected Lively's contention that the alleged harassment had a California nexus due to the fact that "Lively's counsel and representatives negotiated her employment relationship while … in California."  2026 WL 905447, at *44.

Lively also relies on the fact that the script anticipated filming in Los Angeles and that at the end of the shoot there were a "few" days of filming in Los Angeles.  ECF 1403 at 9.  Lively does not allege that anything problematic occurred during those days.  Indeed, the alleged harassment occurred more than six months previously and Lively described the experience on the set following the return to work in January 2024 as highly professional.

Lively also relies on Wayfarer's alleged failure to hire additional HR personnel or share HR policies.  ECF 1403 at 9-10.  Lively made the same argument in opposition to the prior motion for judgment on the pleadings.  The Court described this as a "formulaic recitation" that "cannot provide a sufficient factual nexus" to California.  2026 WL 905447, at *44.

Lively also relies on her conversation with Ange Giannetti complaining about alleged harassing incidents during the initial phase of shooting in New Jersey.  ECF 1403 at 10.  The Court flatly rejected this same argument, explaining that "[t]he fact that non-party Giannetti of

4

Sony may have failed to act on complaints from Slate and Lively while in California cannot support a claim for harassment against the Wayfarer Parties under California law." *Id.*

Finally, Lively relies on the continually negotiated ALA from which Lively repeatedly withheld her signature. ECF 1403 at 10. The Court had little difficulty finding the ALA unenforceable for want of mutual intent to be bound. *Id.* at *13 (S.D.N.Y. Apr. 2, 2026) ("it is clear that the ALA is not and has never been a validly formed and binding contract"); *see also id.* at 14 ("IEWUM on multiple occasions sought Lively's signature on the ALA. Lively on multiple occasions withheld it. Those requests and that withholding were not meaningless. They evidenced the parties' shared understanding that the execution of the ALA carried with it legal consequences."); *id.* (noting that by Lively's own estimate twenty percent of the contractual provisions were not agreed and that "the specific provisions at issue … are not insignificant or immaterial to issues of contract formation").

## III.   Defendants Did Not Retaliate Against Lively For Filing A CRD Complaint

Lively tries to rescue at least a part of her FEHA claim by noting that the filing of her CRD complaint is protected activity that would support a FEHA retaliation claim. ECF 1403 at 11. Lively does not explain how anything Defendants did following the filing of the CRD complaint (which she provided, pre-filing, to the New York Times) and Lively's lawsuit was anything other than "reasonable defensive measures." *Id.* at **48, 61. Regardless, even if this small part of Lively's FEHA claim is permitted to go forward (which it should not be), the FEHA claim must be limited to Defendants' actions *after* the filing of the CRD complaint.

Additionally, Lively's pleadings do not allege that, after the filing of the CRD complaint, TAG did anything to substantially assist or encourage Lively's "employer" to violate FEHA. ECF 520 ¶¶ 294-312. Moreover, to the extent that TAG engaged in any activity after the filing of

the CRD complaint, it was non-actionable "reasonable defensive measures." 2026 WL 905447, at **48, 61. Accordingly, Lively's attempt to salvage her FEHA claims with conduct post-dating the filing of the CRD complaint fails with respect to TAG.

## CONCLUSION

For the foregoing reasons, Lively's FEHA retaliation claim should be dismissed, or, at a minimum, should be restricted to retaliation that occurred after the filing of Lively's CRD complaint. In all events, Lively's claim for aiding and abetting retaliation under FEHA should be dismissed against TAG.

Dated:  April 25, 2026
        New York, New York

<div style="margin-left:50%">

/s/ Jonathan P. Bach
Jonathan P. Bach
Alexandra A.E. Shapiro
Alice Buttrick
SHAPIRO ARATO BACH LLP
1140 Avenue of the Americas, 17th Floor
New York, New York 10036
(212) 257-4880
jbach@shapiroarato.com
ashapiro@shapiroarato.com
abuttrick@shapiroarato.com

LINER FREEDMAN TAITELMAN +
COOLEY, LLP
Bryan J. Freedman (admitted *pro hac vice*)
Ellyn S. Garofalo (admitted *pro hac vice*)
Kim S. Zeldin (admitted *pro hac vice*)
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
(310) 201-0005
bfreedman@lftcllp.com
egarofalo@lftcllp.com
kzeldin@lftcllp.com

MEISTER SEELIG & SCHUSTER PLLC
Mitchell Schuster
Kevin Fritz

</div>

125 Park Avenue, 7th Floor
New York, NY 10017
(202) 655-3500
ms@msf-law.com
kaf@msf-law.com

AHOURAIAN LAW
Mitra Ahouraian (admitted pro hac vice)
2029 Century Park East, 4th Floor
Los Angeles, CA 90076
(310) 376-7878
mitra@ahouraianlaw.com

*Attorneys for the Wayfarer Parties*

7