# Jackson Walker LLP

Joel R. Glover
(713) 752-4226 (Direct Dial)
(713) 308-4114 (Direct Fax)
jglover@jw.com

April 28, 2026

***VIA ECF***

The Honorable Lewis J. Liman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> Re: *Lively v. Wayfarer Studios LLC, et al., Case No. 1:24-cv-10049-LJL*; Wallace Non-Parties' Letter Motion for Continued Sealing and Redaction of **Exhibit 10 to Lively's Opposition to Defendants' Motion in Limine**, as well as references to its content in the **Memorandum of Law** (Dkt. 1363)

Dear Judge Liman,

We write on behalf of non-parties Jed Wallace ("Mr. Wallace") and Street Relations Inc. ("Street") (collectively, the "Wallace Non-Parties")[1] pursuant to Rule 4.b. of Attachment A to the Court's Individual Rules to request that the Court maintain under seal certain portions of Exhibit 10 to Lively's Opposition to Defendants' Motion in Limine and references to its content in the Memorandum of Law. Portions of each exhibit were sealed pursuant to previously filed letter motions for continued sealing in this case.

Exhibits 10 is an excerpt from the deposition of Mr. Wallace.[2] It includes sensitive and confidential testimony relating to Street's engagements, prospective engagements, or alleged engagements. The testimony covers matters unrelated to Street's engagement for Wayfarer and otherwise unrelated to the parties or issues in this litigation, and it is referenced in the Memorandum of Law filed by Lively in Opposition to Defendants' Motion in Limine. (Dkt. 1363.) Specifically, the limited information the Wallace Non-Parties seek to maintain under seal relates to the identities of third-party clients, prospective clients, or alleged clients. That these non-parties sought crisis management services (regardless of whether they ultimately retained the Wallace Non-Parties) further implicates their privacy interests.

---

[1] By filing this letter motion, the Wallace Non-Parties do not waive their arguments that this Court lacks personal jurisdiction over them—as confirmed in the Court's November 5, 2025 Opinion and Order in Case No. 1:24-cv-10049-LJL. Dkt. 912.

[2] The Wallace Non-Parties submit with this Motion under seal a highlighted copy of Exhibit 10—the deposition transcript of Jed Wallace. Consistent with their understanding of the Court's prior orders regarding letter motions to for continued sealing, the Wallace Non-Parties do not move to maintain under seal Exhibit 16, additional excerpts from the deposition transcript of Mr. Wallace.

Courts in this Circuit and beyond routinely seal documents to protect both the privacy interests of third parties, as well as sensitive and non-public business information. *See United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995) (in balancing the considerations against the presumption of public access, "'the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.' . . . Such interests, while not always fitting comfortably under the rubric 'privacy,' are a venerable common law exception to the presumption of access." (quoting *Application of Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1990))); *In re B & C KB Holding GmbH*, No. 22-MC-180 (LAK) (VF), 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) ("[C]ourts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information.").

Further, this Court has confirmed that "information revealing the specific identity of clients and prospective clients who have used public-relations services is sufficiently sensitive to warrant continued sealing." (Dkt. 1027 at 5.) That is because "[t]hese individuals are 'innocent third parties'" whose "expectation of privacy in their use of such services is substantial." (*Id.*) So, this Court previously ordered that "[i]nformation revealing the identity of the non-party clients and prospective clients may be maintained under seal." (*Id.*)

Consistent with this Court's previous order, and because of the significant weight afforded the privacy interests of third parties, the Wallace Non-Parties respectfully request the Court maintain under seal the identified portions of Exhibit 10, and references to its content in the Memorandum of Law.

Respectfully submitted,

*/s/ Joel R. Glover*
Charles L. Babcock
SDNY #5451117
Joel R. Glover
SDNY #5697487
Tori C. Emery (admitted *pro hac vice*)
JACKSON WALKER LLP
1401 McKinney, Suite 1900
Houston, TX 77010
(713) 752-4200
cbabcock@jw.com
jglover@jw.com
temery@jw.com

cc: all counsel of record (via ECF)