

## PRYOR CASHMAN LLP

New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806                pryorcashman.com

**Maxwell Breed**

Direct Tel: (212) 326-0113
mbreed@pryorcashman.com

April 28, 2026

**VIA ECF**

Hon. Lewis J. Liman
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States
Courthouse
500 Pearl Street
New York, NY 10007

Re:    ***Lively v. Wayfarer Studios LLC et al.*, No. 1:24-cv-10049-LJL**

Dear Judge Liman:

On behalf of non-party Ms. Katherine Case, we respectfully request that the Court order the continued sealing of certain confidential, personal, and nonpublic information contained in exhibits filed in connection with the Ms. Lively's Opposition to Defendants' Memorandum of Law in Support of Motions in Limine, Dkt. No. 1363 (the "Lively Opposition"). Specifically, Ms. Case respectfully requests the continued sealing of portions of Exhibit 18 thereto, a document bearing the beginning bates number KCASE000004949, and Exhibit 20 thereto, portions of her deposition transcript in this case.

As the Court is aware, Ms. Case conducted crisis-management work as an employee for The Agency Group PR LLC ("TAG"). Ms. Case additionally performed work for TAG's principal employee, Melissa Nathan. As a crisis management professional, the work that Ms. Case performed was frequently of a confidential and non-public nature. Ms. Case seeks to seal portions of Lively Opposition Exhibits 18 and 20 that relate to Ms. Case's non-public work and that would disclose the identity of confidential clients of TAG and Ms. Nathan.

Courts evaluate sealing applications by weighing the strong presumption of public access against countervailing interests that may warrant limited disclosure. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Such interests encompass the substantial privacy concerns of individuals or entities whose confidential business information, if disclosed, could result in competitive or reputational harm. *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp.



Hon. Lewis J. Liman
April 28, 2026
Page 2

3d 152, 154–55 (S.D.N.Y. 2015).    Where these considerations outweigh any public benefit attendant to disclosure, sealing is warranted. *Matter of Upper Brook Cos.*, No. 22-MC-97 (PKC), 2023 WL 172003, at *1 (S.D.N.Y. Jan. 12, 2023).    Courts in this District routinely grant sealing requests for materials designated as confidential in discovery. *In re Keurig Green Mt. Single-Serve Coffee Antitrust Litig.*, No. 14-mc-2542, 2023 WL 196134, at *12 (S.D.N.Y. Jan. 17, 2023).

As stated above, Ms. Case seeks to maintain sealing of the portions of the above-referenced exhibits that relate to work for non-party clients—work that has no bearing on any facts at issue. The two above-referenced exhibits contain significant sensitive, non-public information regarding the work Ms. Case performed for clients of TAG and Ms. Nathan. Because this information does not bear on the pending motions (or on any issues relevant to these disputes), it is not juridical in nature and thus is not afforded the presumption of public access.

Further, there are significant countervailing factors weighing against the unsealing of this information. The privacy and confidentiality interests of the non-party clients are substantial and decisively outweigh any marginal public interest in disclosure. Even the fact that any given non-party retained TAG or Ms. Nathan for crisis public relations work could cause significant reputational harm to those non-parties, to TAG and to Ms. Case.

On January 20, 2026, this Court granted Ms. Case's motion to seal Lively Opposition Motion Exhibit 18 in connection with the parties' motions for summary judgment. A public copy of that document (KCASE000004949) is available as Dkt. No. 1157-16. Ms. Case respectfully requests that the Court continue to seal the same portions of Lively Opposition Motion Exhibit 18 as it did through its January 20, 2026 Order.

The content Ms. Case seeks to seal in Exhibit 20—the identify of confidential clients—is identical in nature to the content the Court sealed in its January 20, 2026 Order. We have submitted as Exhibit 1 hereto a copy of our proposed redactions to Lively Opposition Exhibit 20.

We therefore respectfully request that the Court seal the specified portions of Lively Opposition Exhibits 18 and 20.

Respectfully submitted,

Maxwell Breed