# manatt

**Esra A. Hudson**
Manatt, Phelps & Phillips, LLP
Direct Dial: 310-312-4381
ehudson@manatt.com

April 29, 2026

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1620
New York, NY 10007

**Re:**    ***Lively v. Wayfarer Studios LLC, et al.*, No. 1:24-cv-10049-LJL [rel. No. 1:25-cv-00449]**

Dear Judge Liman:

Pursuant to the Court's authorization at the April 28, 2026 pretrial conference, Plaintiff Blake Lively respectfully submits concurrently herewith a proposed instruction regarding Defendants' request for a same decision/mixed motive jury instruction on Plaintiff's Fair Employment and Housing Act ("FEHA") retaliation claim. Ms. Lively reiterates the objections previously raised in her proposed jury instructions (Dkt. No. 1319, at 42–43) and her supplemental letter brief dated April 17, 2026 (Dkt. No. 1362, at 4), namely that a same decision/mixed motive instruction is either waived and/or not applicable on the facts of this case. Thus, Ms. Lively submits this instruction over objection, subject to, and respectfully requesting, further briefing and argument at the close of evidence.

Ms. Lively respectfully submits that, separate from the issue of waiver of the defense, a same decision/mixed motive instruction is legally improper here because this is not a mixed-motive case. *See Price Waterhouse v. Hopkins*, 490 U.S. 228, 260 (1989) (White, J., concurring) (distinguishing single-motive (pretext) and mixed-motive cases); *Harris v. City of Santa Monica*, 56 Cal. 4th 203, 232 (2013) (adopting *Price Waterhouse* for FEHA claims). For a mixed-motive instruction to apply, Defendants must identify—and prove—a lawful motive that exists for an adverse employment action, entirely *independent* of protected activity. *Price Waterhouse*, 490 U.S. at 254 (employer bears burden of proving it would have made the same decision absent the protected conduct). They have not done so: the asserted justification traces back to Ms. Lively's harassment complaints or other protected activity.

This is clear from the Court's own characterization of the defense, finding that Defendants have consistently "asserted that their conduct was not directed at retaliating against Ms. Lively for her prior complaints of discrimination but in protecting themselves from what they consider to be her false and defamatory comments about them."[1] Pretrial Tr., at 93:15-20. But the "false and

---

[1] Ms. Lively respectfully submits that, while it is true that Defendants have always asserted their "conduct" was in response to an alleged false narrative about them, they have steadfastly insisted that they did nothing but advance

manatt

**Esra A. Hudson**
Manatt, Phelps & Phillips, LLP
Direct Dial: 310-312-4381
ehudson@manatt.com

defamatory comments" about them are statements that constitute Ms. Lively's protected activity, as this Court also recognized in ruling on Ms. Lively's Motion to Dismiss Defendants' First Amended Complaint. In that decision, the Court noted that "the Wayfarer Parties claim that Lively . . . spread a *false narrative* that Baldoni committed sexual misconduct towards Lively and the Wayfarer Parties then engaged in a smear campaign to ruin her reputation." Dkt. No. 296, at 37 (emphasis added). The Court concluded that the source of the "false narrative" that formed the basis of Defendants' defamation claim was Ms. Lively's CRD complaint, which was itself predicated on her claims of sexual harassment and retaliation, and was legally privileged. Dkt. No. 296, at 38. Thus, the "false and defamatory comments" that supposedly form the "lawful" motive for Defendants' adverse employment action, are statements that are not only protected activity but also legally privileged in a number of ways, including but not limited to California Civil Code Section 47.1. *See* Cal. Civ. Code § 47.1(a) ("A communication made by an individual, without malice, regarding an incident of sexual assault, harassment, or discrimination is privileged under Section 47.1").

There is no evidence in this case that there is some other "false and defamatory narrative" about Defendants that they were or could be defending themselves against. This framing, therefore, is ***an admission by Defendants that their conduct against Ms. Lively, if any, was based on her protected statements about their harassment and retaliation***. That framing simply restates the same causal chain. Thus, Defendants' desire to protect their reputations does not supply a "lawful reason" for purposes of a mixed-motive or same-decision defense.[2]

Reputation-based considerations are relevant, if at all, to a different element—whether Defendants' conduct constituted an adverse employment action—i.e., whether they were engaging in "reasonable defensive measures." See Dkt. No. 1273 ("MSJ Opinion"), at 100 (noting that while many employer actions may be characterized as defensive responses to complaints, they do not necessarily constitute adverse actions under FEHA). Ms. Lively does not object to Defendants raising a "reasonable defensive measures" defense to "adverse employment action," and agrees that Defendants are entitled to a jury instruction reflecting that concept.[3] That is different than a same decision/mixed motive instruction, however, because although "[a]n employer has a legitimate interest in taking reasonably defensive measures in the face of a charge of discrimination," *id.* (citation omitted), an employer "must present a legitimate non-retaliatory reason for the adverse action 'absent that [protected] conduct,'" *Perez v. Brain*, 2016 WL 4059689, at *33 (C.D. Cal. 2016). California courts have repeatedly rejected attempts to characterize justifications that collapse

---

[2] positive narratives about Mr. Baldoni or otherwise neutrally monitor social media. Dkt. No. 1242, at 26-27. Asserting a "same decision/mixed motive defense" requires them to take a quite different position, *i.e.*, that in the event a jury finds that they engaged in conduct that *is legally beyond "reasonable defensive measures" and, in fact, constitutes an adverse employment action,* they had a legitimate, independent reason for doing so. This is not a position that they have consistently taken in this case.

[2] Indeed, this framing is precisely how Defendants have articulated it in their proposed "same decision/mixed motive" instruction: "Wayfarer Studios and It Ends With Us Movie LLC claim that their conduct was not directed toward or in retaliation against any protected activity, but was instead intended to protect their reputations, and the film's reputation, in the event of adverse media, which is lawful." Dkt. No. 1319, at 42.

[3] The parties dispute the language of the "reasonable defensive measures" jury instruction, which is set forth in the joint proposed jury instructions. Dkt. No. 1319, at 39-40.

**Error! Unknown document property name.**

**Esra A. Hudson**
Manatt, Phelps & Phillips, LLP
Direct Dial: 310-312-4381
ehudson@manatt.com

into protected conduct as "legitimate, non-discriminatory business interests." In *Wallace v. County of Stanislaus*, 245 Cal. App. 4th 109 (2016), for example, the court explained that where an employer's asserted justification is inseparable from the protected characteristic or conduct itself, liability attaches notwithstanding the employer's belief that it was acting reasonably or in good faith. Once the justification collapses into protected conduct, the inquiry does not shift to motive-balancing; the conduct is unlawful and the inquiry ends. *Id.* at 133–34.

Put simply, Defendants' desire to protect their reputations does not convert their conduct into lawful behavior for purposes of a mixed-motive or same-decision defense, even if they felt they were justified in doing so. *See id.*; *see also Perez*, 2016 WL 4059689, at \*24; *N.L.R.B. v. Mike Yurosek & Son, Inc.*, 53 F.3d 261, 267 (9th Cir. 1995) (employer "misses the point" where it argues that employees' protected activity itself constituted grounds for discipline). A purported "reason" that flows directly from protected conduct is not an independent, non-retaliatory motive.[4] *See Price Waterhouse*, 490 U.S. at 252; *Wallace*, 245 Cal. App. 4th at 133-34. By way of analogy, admitting to adverse action while invoking reputation protection as a justification is no different from admitting to insurance fraud by burning down one's house and claiming the motive was a legitimate financial necessity. The asserted motivation neither excuses the conduct nor severs the causal link between protected activity and adverse action.

Ms. Lively cannot be required to accept a public decimation of her professional reputation by Defendants in service of their own reputational protection—particularly where the reputational risk Defendants perceived was the public learning that she believed, in good faith, that she had been sexually harassed and, as a result of her mistreatment, she did not wish to engage in press or promotion alongside her alleged abuser, Mr. Baldoni. Defendants remain free to argue to the jury that their conduct never rose to the level of an adverse employment action because it constituted reasonable defensive measures. But if the jury finds that Defendants engaged in an adverse employment action, Defendants' desire to protect their reputations does not constitute a lawful independent motive warranting a mixed-motive or same-decision instruction, nor can it insulate Defendants from damages.

Ms. Lively therefore submits the proposed instruction with objection as inapplicable on the facts of this case, and reiterates her waiver objection, and expressly reserves all further argument regarding the propriety and effect of any mixed-motive or same-decision defense at the close of the evidence and thereafter.

---

[4] For this reason, Ms. Lively includes the placeholder of "poor work performance" as an example of a type of "lawful" reason that might exist in a same decision/mixed motive instruction (which is the example provided for in the CACI), lacking any evidence of any lawful motivation for Defendants' adverse conduct against her.

# manatt

**Esra A. Hudson**
Manatt, Phelps & Phillips, LLP
Direct Dial: 310-312-4381
ehudson@manatt.com

Respectfully submitted,

/s/ Esra A. Hudson

| | |
|---|---|
| WILLKIE FARR & GALLAGHER LLP | MANATT, PHELPS & PHILLIPS, LLP |
| Michael J. Gottlieb | Esra A. Hudson (admitted *pro hac vice*) |
| Koren Bell | Naeun Rim (admitted *pro hac* vice) |
| Willkie Farr & Gallagher LLP | Stephanie A. Roeser (admitted *pro hac vice*) |
| 2029 Century Park East | Sarah Moses (admitted *pro hac vice*) |
| Los Angeles, CA 90067 | Sareen K. Armani |
| (310) 855-3000 | Katelyn A. Climaco |
| mgottlieb@willkie.com | 2049 Century Park East, Suite 1700 |
| kbell@willkie.com | Los Angeles, CA 90067 |

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Koren Bell
Willkie Farr & Gallagher LLP
2029 Century Park East
Los Angeles, CA 90067
(310) 855-3000
mgottlieb@willkie.com
kbell@willkie.com

Kristin E. Bender
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC 20006
(202) 303-1000
kbender@willkie.com

Michael S. Schachter
Aaron E. Nathan
Michaela A. Connolly
Melissa Taustine
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
mschachter@willkie.com
anathan@willkie.com
mconnolly@willkie.com
mtaustine@willkie.com

DUNN ISAACSON RHEE LLP
Meryl C. Governski (*pro hac* vice)
401 Ninth Street, NW
Washington D.C. 20004
mgovernski@dirllp.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (admitted *pro hac vice*)
Naeun Rim (admitted *pro hac* vice)
Stephanie A. Roeser (admitted *pro hac vice*)
Sarah Moses (admitted *pro hac vice*)
Sareen K. Armani
Katelyn A. Climaco
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com
smoses@manatt.com
sarmani@manatt.com
kclimaco@manatt.com

Matthew F. Bruno
7 Times Sq.
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

*Attorneys for Blake Lively*

**Error! Unknown document property name.**