**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| BLAKE LIVELY,<br><br>Plaintiff,<br><br>v.<br><br>WAYFARER STUDIOS LLC, et al,<br><br>Defendants. | No. 24-cv-10049-LJL (lead case)<br><br>**PLAINTIFF BLAKE LIVELY'S PROPOSED JURY INSTRUCTION REGARDING THE SAME DECISION DEFENSE** |

Plaintiff Blake Lively hereby submits the following proposed jury instruction pursuant to the Court's directive at the April 28, 2026 pre-trial conference under objection as waived and inapplicable to the facts of this case, as set forth in Ms. Lively's April 29, 2026 letter, submitted concurrently herewith:

Same Decision:

Ms. Lively alleges that Wayfarer Studios/It Ends With Us Movie LLC ("Defendants") subjected her to an adverse employment action by: (1) discouraging and obstructing her ability to complain about a hostile environment, (2) attacking her character and professional reputation (including through a negative press and digital media campaign), (3) threatening and/or attempting to intimidate Ms. Lively and third parties, and (4) filing a frivolous and factually baseless retaliatory lawsuit against her, because Ms. Lively engaged in protected activity by: (a) complaining about or otherwise opposing a hostile work environment, (b) filing an administrative complaint or lawsuit, and/or (c) because Defendants anticipated she would do (a) or (b), which are all unlawful retaliatory reasons. Defendants contend that their conduct was motivated by [Ms. Lively's poor job performance], which would have been a lawful reason.

If you find that retaliation was a substantial motivating reason for Defendants' conduct, you must then determine whether Defendants have proven, by a preponderance of the evidence, that they would have engaged in the same conduct anyway at that time even if they had not also been substantially motivated by retaliation.

If you find that Defendants' conduct was for a retaliatory reason, you will be asked to determine the amount of damages that she is entitled to recover. If, however, you find that Defendants would have engaged in the same conduct anyway, even if they had not been substantially motivated by retaliation, then Ms. Lively will not be entitled to reinstatement, back pay, or damages.

**Source:** CACI 2512.

Respectfully submitted,

/s/ Esra A. Hudson

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Koren Bell
Willkie Farr & Gallagher LLP
2029 Century Park East
Los Angeles, CA 90067
(310) 855-3000
mgottlieb@willkie.com
kbell@willkie.com

Kristin E. Bender
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC 20006
(202) 303-1000
kbender@willkie.com

Michael S. Schachter
Aaron E. Nathan
Michaela A. Connolly
Melissa Taustine
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
mschachter@willkie.com
anathan@willkie.com
mconnolly@willkie.com
mtaustine@willkie.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (admitted *pro hac vice*)
Naeun Rim (admitted *pro hac vice*)
Stephanie A. Roeser (admitted *pro hac* vice)
Sarah Moses (admitted *pro hac vice*)
Sareen K. Armani
Katelyn A. Climaco
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 312-4000
ehudson@manatt.com
sroeser@manatt.com
smoses@manatt.com
sarmani@manatt.com
kclimaco@manatt.com

Matthew F. Bruno
7 Times Sq.
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

*Attorneys for Blake Lively*
