# Exhibit 20

CONFIDENTIAL

Page 1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

_____
                                  )
BLAKE LIVELY,                     )
                                  )
          Plaintiff,              )
                                  )
     vs.                          ) No. 1:24-CV-10049-LJL
                                  ) (Consolidated with
WAYFARER STUDIOS LLC, a           ) 1:25-CV-00449-LJL)
Delaware Limited Liability        )
Company, JUSTIN BALDONI, an       )
individual, JAMEY HEATH, an       )
individual, STEVE SAROWITZ, an)      CONFIDENTIAL
individual, IT ENDS WITH US       )
MOVIE LLC, a California           )
Limited Liability Company,        )
MELISSA NATHAN, an individual,)
THE AGENCY GROUP PR LLC, a        )
Delaware Limited Liability        )
Company, JENNIFER ABEL, an        )
individual, JED WALLACE, an       )
individual, and STREET            )
RELATIONS INC., a California      )
Corporation,                      )
                                  )
          Defendants.             )
_____)
                                  )
(RELATED CONSOLIDATED CASE.       )
_____)


        VIDEOTAPED DEPOSITION OF JOSH GREENSTEIN
              Los Angeles, California
            Tuesday, September 30, 2025


Reported by:
RENEE A. PACHECO, RPR, CLR
CSR No. 11564

CONFIDENTIAL

Page 250

Q    Okay.

MS. GOVERNSKI:  I just want to object to this document because it only has one person's communications.  Mr. -- we object generally under the rules of evidence that the use of these one-sided communications is incomplete and prejudicial and lack authenticity.

MS. GAROFALO:  We have no speaking objections, so "Objection" or "Objection to form" would be consistent with the rules and sufficient for these purposes.  Also --

MS. GOVERNSKI:  That does not give you the opportunity to use an inadmissible exhibit.

MS. GAROFALO:  Also -- I am going to respond, so thank you for the opportunity.

This is how this document was produced to us.  We had no control over it.  And we do certainly have questions of Sony as to where certain responses and other documents are.  We will deal with that issue when I'm not eating up my time during the deposition.

BY MS. GAROFALO:

Q    The last text from Ms. Grant.

Do you see that?

A    Uh-huh.

CONFIDENTIAL

Page 316

Q    And you say at 9:10 p.m. [sic] to Mr. Panitch (as read):

"No, you are wrong.  It's working on her cut or she walks."

Does that refresh your recollection as to whether or not she was threatening Sony about walking away from the promotion if she didn't get her cut?

MS. GOVERNSKI:  Objection.

THE DEPONENT:  I don't recall if -- that she was threatening.  By reading this, I must have been worried about her walking if -- if it didn't happen.  And I think what I was most upset about, because I do actually remember this a little bit, this e-mail -- text exchange, is that Sanford was MIA for pretty much the whole thing and then came in at the fucking last minute and started getting involved, and I was like, you know, Where the fuck were you?

That's the tone.

BY MS. GAROFALO:

Q    Let's look at what I'm going to mark as Exhibit 45.

A    Uh-huh.

Q    Look at this very briefly.  This is an

CONFIDENTIAL

Page 317

exchange -- I know it's -- you're a party, but I believe it's Ms. Giannetti, dated, again, 4-30-2024. Bates on the first page is 460.  And if you look at the second page, there's the "Home" that tells us it was Ms. Giannetti; correct?

A    Uh-huh.

(Plaintiff's Exhibit 45 was marked for identification.)

BY MS. GAROFALO:

Q    And she says (as read):

"Just learned Wayfarer told her reps yes to cutting room extension but asking that we sign her deal."

Do you know what Ms. Giannetti was referring to there?

MS. GOVERNSKI:  Objection.

MR. FLOYD:  I think you said "we," and it's "she."  Sorry.

MS. GAROFALO:  I will say it again.  That happens a lot.

BY MS. GAROFALO:

Q    (As read):

"...but asking she sign her deal, which they have been trying to get her to do for over a year.

CONFIDENTIAL

Page 325

As you look at this, do you know who you were communicating with?

A    I don't.

Q    Go to the page marked 22685 at the bottom.

A    Uh-huh.

Q    And you asked (as read):

"Is Justin's name in body of trailer?  I hope not."

What was that about?

A    I believe that Blake didn't want his name by her name.

Q    She didn't want his name in the trailer; correct?

A    Correct.

Q    And you and Sony gave in to that demand; correct?

MS. GOVERNSKI:  Objection.

THE DEPONENT:  We agreed to it.

BY MS. GAROFALO:

Q    And Mr. Baldoni's name was not included in the trailer; correct?

MS. GOVERNSKI:  Objection.

THE DEPONENT:  I don't recall, but there's a good chance.

///

CONFIDENTIAL

Page 340

June 7th, 2024, Bates-numbered 22872.

Go back a page -- go down to 2876. Hopefully we have the same document.

A    Uh-huh.

Q    All right.  And there's -- you are communicating with someone.  From looking at this document, do you know who it is?

A    I don't.

Q    And at one point you say (as read):

"Hi, you're showing them again tomorrow?  I forget."

Do you know who "them" is?

MS. GOVERNSKI:  Objection.

THE DEPONENT:  I don't.

MS. GOVERNSKI:  Counsel, I also think this is Exhibit 52.  Just want to make sure.

MS. GAROFALO:  Is it 52?

DEPOSITION REPORTER:  I thought it was 51.

MS. GOVERNSKI:  Okay.  Sorry.

MS. GAROFALO:  I'm only following orders.

MS. GOVERNSKI:  I apologize.

BY MS. GAROFALO:

Q    So you don't know who "them" is?

A    Huh-uh.

Q    And then you say (as read):

CONFIDENTIAL

Page 345

Appears to be a communication between you and Ms. Giannetti.

Do you recognize this document?

A    I don't.

Q    Ms. Giannetti is saying that (as read):

"Only way forward, given no time, is we must insist on a few key scenes from Justin's cut and her version, rooftop party, pajama, platanic" -- I guess she meant "platonic sleepover, frittata scene, parking lot, after guys fight in restaurant," then some notes on her cut.

Do you see that?

A    Uh-huh.

MS. GOVERNSKI:  Objection.

BY MS. GAROFALO:

Q    Did you discuss this with Ms. Giannetti in any more detail?

MS. GOVERNSKI:  Objection.

THE DEPONENT:  I don't know.

BY MS. GAROFALO:

Q    But you understood that Ms. Giannetti felt it was imperative to have these scenes from Justin

Page 360

had a preexisting launch of a hair care product set for August 2024?

A    No.

Q    Do you understand that Ms. Lively's August 2024 date for the launch of her hair care product was contractually required?

A    No.  Didn't know anything about it.

Q    Opposing counsel asked you a few times about Ms. Lively's marketing efforts.

What were Ms. Lively's marketing efforts as opposed to Sony's marketing efforts?

A    They were one in the same.

Q    And opposing counsel also asked you quite a bit about marketing costs.

Do you remember that?

A    Uh-huh.

Q    Did those -- the success of the film more than make up for the marketing costs?

A    Yes.

Q    Why do you snicker a bit?

A    Because this movie did more business than anyone in the entire world ever thought it would do.

Q    Okay.  I want to talk about Exhibit 38 in which you may recall it was Tahra -- I'm not -- you don't need to pull it up to take the time.  But

CONFIDENTIAL

Page 370

I, the undersigned, a Certified Shorthand Reporter of the State of California, Registered Professional Reporter, Certified Live Note Reporter, do hereby certify:

That the foregoing proceedings were taken before me at the time and place herein set forth; that any witnesses in the foregoing proceedings, prior to testifying, were duly sworn; that a record of the proceedings was made by me using machine shorthand which was thereafter transcribed under my direction; that the foregoing transcript is a true record of the testimony given.

Further, that if the foregoing pertains to the original transcript of a deposition in a Federal Case, before completion of the proceedings, review of the transcript [  ] was [  ] was not requested. I further certify I am neither financially interested in the action nor a relative or employee of any attorney or party to this action.

IN WITNESS WHEREOF, I have this date subscribed my name.

Dated: October 1, 2025

RENEE A. PACHECO

CSR No. 11564 RPR, CLR