**L|F** Liner Freedman
**T|C** Taitelman+Cooley LLP

1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
www.lftcllp.com

Ellyn S. Garofalo
Direct: (310) 201-4912
egarofalo@lftcllp.com

May 1, 2026

*Via Email*

The Honorable Lewis J. Liman
U.S. District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Blake Lively v. Wayfarer Studios LLC, et al.*, Case No. 1:24-cv-10049 (LJL)

Dear Judge Liman:

Defendants Wayfarer Studios LLC, It Ends With Us Movie LLC, and The Agency Group PR LLC submit this letter in response to Plaintiff Blake Lively's unexpected April 29, 2026 letter brief and proposed jury instruction for Defendants' "mixed motive" or "same decision" defense. Dkt. No. 1424. Plaintiff's letter brief reargues and effectively seeks reconsideration of the Court's April 28, 2026 order denying Plaintiff's request to preclude Defendants' from presenting a "same decision" defense (Dkt. No. 1362).

First, Plaintiff does not meet the standard for relief under Federal Rule of Civil Procedure 60(b). Rule 60 permits reconsideration where, among other things, an order is the product of mistake, inadvertence, surprise, excusable neglect or fraud or there is newly discovered evidence that could not have been discovered prior to entry of the order. Lively has made no such showing. Accordingly, the court should decline Plaintiff's invitation to reconsider its order.

Second, as part of their pretrial submissions, Defendants proposed a "same decision" jury instruction patterned on Judicial Council of California Advisory Committee (CACI) instruction 2512. *See* Dkt. No. 1319 at p. 40. Plaintiff declined to provide her own proposed jury instruction on a 'same decision' defense on the ground that the defense had been waived. Following the Court's rejection of Plaintiff's waiver argument, Plaintiff now submits a proposed jury instruction on 'same defense' that substantially modifies the standard CACI instruction. The proposed instruction is improper. The initial paragraph encapsulates Lively's theory of the case by instructing the jury that Lively need not engage in any protected activity to hold Defendants liable for retaliation and that Defendants' "factually baseless retaliatory lawsuit," "threat[s] and/or attempt[s] to intimidate Lively and third parties," and attacks on Lively's "reputation through a media campaign" constitute adverse employment actions. Dkt. No. 1424-

494921.1

L|F  Liner Freedman
T|C  Taitelman+Cooley LLP

May 1, 2026
Page 2

1.  Thus, the proposed instruction directs the jury to assume ultimate issues of fact based on incorrect statements of law and should be disregarded.

Very truly yours,

*/s/ Ellyn S. Garofalo*

Ellyn S. Garofalo

L|F  Liner Freedman
T|C  Taitelman+Cooley LLP

494921.1