# EXHIBIT H

CONFIDENTIAL

BLAKE LIVELY,

                 Plaintiff,

      -v-

WAYFARER STUDIOS LLC, et al.,

                Defendants.

WAYFARER STUDIOS LLC, et al.,

                Plaintiffs,

      -v-

BLAKE LIVELY, et al.,

                Defendants.

Case No. 24-cv-00149-LJL
(consolidated with Case No. 25-cv-00449-LJL)

## INITIAL FRCP 26(A)(1) DISCLOSURES OF BLAKE LIVELY

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff-Consolidated Defendant Blake Lively hereby submits these initial disclosures. These initial disclosures are based on the information reasonably available to Ms. Lively at this time, and are made without waiving any objections as to relevance, materiality or admissibility of evidence in the action. Ms. Lively reserves the right to revise, correct, supplement, or clarify the disclosures at any time, consistent with Rule 26(e) of the Federal Rules of Civil Procedure.

By providing these disclosures, Ms. Lively does not represent that these disclosures identify every document or witness possibly relevant to this action. Ms. Lively also reserves the right to object to the production of any document or tangible thing identified herein or to the

CONFIDENTIAL

admissibility into evidence of any document or tangible thing identified herein. In making these disclosures, Ms. Lively does not waive and expressly reserve the right to assert claims of attorney-client privilege, attorney work product, or any other privilege or discovery immunity applicable to any information known to any of the persons identified below. Moreover, these disclosures should not be construed by anyone as an admission by Ms. Lively. Each and every disclosure set forth below is subject to the above qualifications and limitations. These disclosures are submitted confidentially subject to a stipulated confidentiality order to be ordered by the Court.

I.  **Rule 26(a)(1)(A)(i): The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

Based on the information available to Ms. Lively at this time, and without waiving the foregoing qualifications, Ms. Lively identifies below the individuals who are likely to have discoverable information that they may use to support their claims or defenses in this matter, unless solely for impeachment.

| Name and Title (for Non-Parties) | Contact Information | General Topics of Information |
|---|---|---|
| Blake Lively | May be contacted through counsel. | The parties' alleged conduct; the sexually discriminating, harassing, and other inappropriate or unwelcome actions, conduct, or comments made during production of the Film; complaints or discussions about the work environment or conduct on the set of the Film; the production, editing, cut, and creative process associated with the Film; efforts taken to market or promote the Film; publicity surrounding the Film; the retaliation campaign alleged by Ms. Lively and resulting damages suffered. |
| Ryan Reynolds | May be contacted through counsel. | The parties' alleged conduct; the sexually discriminating, harassing, and other inappropriate or unwelcome actions, conduct, or comments made during production of the Film; complaints or discussions about the work environment or conduct on the set of the Film; the production, editing, cut, and creative process associated with the Film; efforts taken to market or promote the |

**CONFIDENTIAL**

| | | |
|---|---|---|
| | | Film; publicity surrounding the Film; the retaliation campaign alleged by Ms. Lively. |
| Leslie Sloane | May be contacted through counsel. | The parties' alleged conduct; efforts taken to market or promote the Film; publicity surrounding the Film; the retaliation campaign alleged by Ms. Lively. |
| Stephanie Jones – Founder and CEO of Jonesworks | c/o Kristin Tahler Quinn Emanuel Urquhart & Sullivan 865 S. Figueroa Street Ste. 10th Floor Los Angeles, CA 90017<br><br>c/o Maaren A. Shah Quinn Emanuel Urquhart & Sullivan 295 5th Avenue New York, NY 10016 | The parties' alleged conduct; efforts taken to market or promote the Film; publicity surrounding the Film; the retaliation campaign alleged by Ms. Lively. |
| Justin Baldoni | May be contacted through counsel. | The parties' alleged conduct; the sexually discriminating, harassing, and other inappropriate or unwelcome actions, conduct, or comments made during production of the Film; complaints or discussions about the work environment or conduct on the set of the Film; the production, editing, cut, and creative process associated with the Film; efforts taken to market or promote the Film; publicity surrounding the Film; the retaliation campaign alleged by Ms. Lively. |
| Jamey Heath | May be contacted through counsel. | The parties' alleged conduct; the sexually discriminating, harassing, and other inappropriate or unwelcome actions, conduct, or comments made during production of the Film; complaints or discussions about the work environment or conduct on the set of the Film; the production, editing, cut, and creative process associated with the Film; publicity surrounding the Film; efforts taken to market or promote the Film; the retaliation campaign alleged by Ms. Lively. |
| Steve Sarowitz | May be contacted through counsel. | The parties' alleged conduct; the sexually discriminating, harassing, and other inappropriate or unwelcome actions, conduct, or comments made during production of the Film; complaints or discussions about the work environment or conduct on the set of the Film; the production, editing, cut, and creative process associated with the Film; efforts taken to market or promote the Film; publicity surrounding the Film; the retaliation campaign alleged by Ms. Lively. |

CONFIDENTIAL

| Wayfarer Studios LLC | May be contacted through counsel. | The parties' alleged conduct; the sexually discriminating, harassing, and other inappropriate or unwelcome actions, conduct, or comments made during production of the Film; complaints or discussions about the work environment or conduct on the set of the Film; the production, editing, cut, and creative process associated with the Film; efforts taken to market or promote the Film; publicity surrounding the Film; the retaliation campaign alleged by Ms. Lively. |
|---|---|---|
| It Ends With Us Movie LLC | May be contacted through counsel. | The parties' alleged conduct; the sexually discriminating, harassing, and other inappropriate or unwelcome actions, conduct, or comments made during production of the Film; complaints or discussions about the work environment or conduct on the set of the Film; the production, editing, cut, and creative process associated with the Film; efforts taken to market or promote the Film; publicity surrounding the Film; the retaliation campaign alleged by Ms. Lively. |
| The Agency Group PR LLC | May be contacted through counsel. | The parties' alleged conduct; complaints or discussions about the work environment or conduct on the set of the Film; efforts taken to market or promote the Film; publicity surrounding the Film; the retaliation campaign alleged by Ms. Lively. |
| Jennifer Abel | May be contacted through counsel. | The parties' alleged conduct; complaints or discussions about the work environment or conduct on the set of the Film; efforts taken to market or promote the Film; publicity surrounding the Film; the retaliation campaign alleged by Ms. Lively. |
| Melissa Nathan | May be contacted through counsel. | The parties' alleged conduct; complaints or discussions about the work environment or conduct on the set of the Film; efforts taken to market or promote the Film; publicity surrounding the Film; the retaliation campaign alleged by Ms. Lively. |
| Jed Wallace – Owner of Street Relations, Inc. | c/o Charles Babcock Jackson Walker LLP 1401 McKinney, Suite 1900 Houston, TX 77010 | The parties' alleged conduct; complaints or discussions about the work environment or conduct on the set of the Film; efforts taken to market or promote the Film; publicity surrounding the Film; the retaliation campaign alleged by Ms. Lively. |
| Street Relations, Inc. | c/o Charles Babcock Jackson Walker LLP 1401 McKinney, Suite 1900 Houston, TX 77010 | The parties' alleged conduct; complaints or discussions about the work environment or conduct on the set of the Film; efforts taken to market or promote the Film; publicity surrounding the Film; the retaliation campaign alleged by Ms. Lively. |
| Bryan Freedman – Attorney | Liner Freedman Taitelman + Cooley LLP | The retaliation campaign and retaliatory conduct alleged by Ms. Lively; statements published about Ms. Lively, including accusing her of fabricating her claims. |

CONFIDENTIAL

| | 1801 Century Park West, 5th Floor Los Angeles, CA 90067 | |
|---|---|---|
| Person most knowledgeable of Liner Freedman Taitelman + Cooley LLP | Liner Freedman Taitelman + Cooley LLP 1801 Century Park West, 5th Floor Los Angeles, CA 90067 | The retaliation campaign and retaliatory conduct alleged by Ms. Lively; statements published about Ms. Lively, including accusing her of fabricating her claims; evasion of service; harassment or intimidation of witnesses. |
| Charles Babcock – Attorney for Jed Wallace | Jackson Walker LLP 1401 McKinney, Suite 1900 Houston, TX 77010 | The parties' alleged conduct; complaints or discussions about the work environment or conduct on the set of the Film; efforts taken to market or promote the Film; publicity surrounding the Film; the retaliation campaign alleged by Ms. Lively. |
| Tera Hanks – President at Wayfarer Studios | ▓▓▓▓ Additional contact information to be determined. | The parties' alleged conduct; the sexually discriminating, harassing, and other inappropriate or unwelcome actions, conduct, or comments made during production of the Film; complaints or discussions about the work environment or conduct on the set of the Film; the production, editing, cut, and creative process associated with the Film; efforts taken to market or promote the Film; publicity surrounding the Film; the retaliation campaign alleged by Ms. Lively. |
| Milica Toskovic – Vice President Operations at Wayfarer Studios | ▓▓▓▓; Additional contact information to be determined. | The parties' alleged conduct; the sexually discriminating, harassing, and other inappropriate or unwelcome actions, conduct, or comments made during production of the Film; complaints or discussions about the work environment or conduct on the set of the Film; the production, editing, cut, and creative process associated with the Film; efforts taken to market or promote the Film; publicity surrounding the Film; the retaliation campaign alleged by Ms. Lively. |
| Jarriesse Blackmon – Executive Assistant at Wayfarer Studios | ▓▓▓▓; Additional contact information to be determined. | The parties' alleged conduct; the sexually discriminating, harassing, and other inappropriate or unwelcome actions, conduct, or comments made during production of the Film; complaints or discussions about the work environment or conduct on the set of the Film; the production, editing, cut, and creative process associated with the Film; efforts taken to market or promote the Film; publicity surrounding the Film; the retaliation campaign alleged by Ms. Lively. |
| Matthew Mitchell – Vice President, Talent at JonesWorks | ▓▓▓▓; Additional contact | The parties' alleged conduct; complaints or discussions about the work environment or conduct on the set of the Film; efforts taken to market or promote the Film; |

5

CONFIDENTIAL

| | information to be determined. | publicity surrounding the Film; the retaliation campaign alleged by Ms. Lively. |
|---|---|---|
| Matthew Gibson – Director of Talent at JonesWorks | ████████; Additional contact information to be determined. | The parties' alleged conduct; complaints or discussions about the work environment or conduct on the set of the Film; efforts taken to market or promote the Film; publicity surrounding the Film; the retaliation campaign alleged by Ms. Lively. |
| Henry Hargitai – Senior Social Media Manager at JonesWorks | ████████; Additional contact information to be determined. | The parties' alleged conduct; complaints or discussions about the work environment or conduct on the set of the Film; efforts taken to market or promote the Film; publicity surrounding the Film; the retaliation campaign alleged by Ms. Lively. |
| Katie Case – Senior Director, Entertainment and Strategy at The Agency Group PR | ████████; Additional contact information to be determined. | The parties' alleged conduct; complaints or discussions about the work environment or conduct on the set of the Film; efforts taken to market or promote the Film; publicity surrounding the Film; the retaliation campaign alleged by Ms. Lively. |
| Breanna Butler Koslow – Publicist at The Agency Group PR | ████████; Additional contact information to be determined. | The parties' alleged conduct; complaints or discussions about the work environment or conduct on the set of the Film; efforts taken to market or promote the Film; publicity surrounding the Film; the retaliation campaign alleged by Ms. Lively. |
| Colleen Hoover – Author of It Ends with Us | ████████████ ████; Additional contact information to be determined. | The parties' alleged conduct; efforts taken to market or promote the Film; publicity surrounding the Film; the retaliation campaign alleged by Ms. Lively. |
| Brandon Sklenar – Cast, It Ends With Us | Contact information to be determined. | The parties' alleged conduct; the sexually discriminating, harassing, and other inappropriate or unwelcome actions, conduct, or comments made during production of the Film; complaints or discussions about the work environment or conduct on the set of the Film; the production, editing, cut, and creative process associated with the Film; efforts taken to market or promote the Film; publicity surrounding the Film; the retaliation campaign alleged by Ms. Lively. |
| Jenny Slate – Cast, It Ends With Us | Contact information to be determined. | The parties' alleged conduct; the sexually discriminating, harassing, and other inappropriate or unwelcome actions, conduct, or comments made during production of the Film; complaints or discussions about the work environment or conduct on the set of the Film; the production, editing, cut, and creative process associated with the Film; efforts taken to market or promote the Film; publicity surrounding the Film; the retaliation campaign alleged by Ms. Lively. |

6

CONFIDENTIAL

| Isabela Ferrer – Cast, It Ends With Us | Contact information to be determined. | The parties' alleged conduct; the sexually discriminating, harassing, and other inappropriate or unwelcome actions, conduct, or comments made during production of the Film; complaints or discussions about the work environment or conduct on the set of the Film; the production, editing, cut, and creative process associated with the Film; efforts taken to market or promote the Film; publicity surrounding the Film; the retaliation campaign alleged by Ms. Lively. |
|---|---|---|
| Alex Saks – Film Producer | c/o Andrew Hurwitz Frankfurt Kurnit Klein & Selz 2029 Century Park East, Suite 2500N Los Angeles, CA 90067 | The parties' alleged conduct; efforts taken to market or promote the Film; publicity surrounding the Film;  the retaliation campaign alleged by Ms. Lively. |
| Ange Gianetti – Producer at Sony Pictures Motion Picture Group | c/o Jill Ratner Sony Pictures Entertainment 10202 Washington Blvd, Culver City, CA 90232-3119 | The parties' alleged conduct; complaints or discussions about the work environment or conduct on the set of the Film; the production, editing, cut, and creative process associated with the Film; efforts taken to market or promote the Film; publicity surrounding the Film. |
| Josh Greenstein – President of Sony Pictures Motion Picture Group | c/o Jill Ratner Sony Pictures Entertainment 10202 Washington Blvd, Culver City, CA 90232-3119 | The parties' alleged conduct; complaints or discussions about the work environment or conduct on the set of the Film; the production, editing, cut, and creative process associated with the Film; efforts taken to market or promote the Film; publicity surrounding the Film. |
| Warren Zavala – Agent at WME | c/o Courtney Braun William Morris Endeavor Entertainment, LLC 9601 Wilshire Blvd., 5th Floor Beverly Hills, CA 90210 | The parties' alleged conduct; efforts taken to market or promote the Film; publicity surrounding the Film. |
| Patrick Whitesell – Executive Chairman of Endeavor Group Holdings | c/o Courtney Braun William Morris Endeavor Entertainment, LLC 9601 Wilshire Blvd., 5th Floor Beverly Hills, CA 90210 | The parties' alleged conduct; efforts taken to market or promote the Film; publicity surrounding the Film. |
| Danny Greenberg – Agent at WME | c/o Courtney Braun | The parties' alleged conduct; efforts taken to market or promote the Film; publicity surrounding the Film. |

CONFIDENTIAL

| | William Morris Endeavor Entertainment, LLC 9601 Wilshire Blvd., 5th Floor Beverly Hills, CA 90210 | |
|---|---|---|
| Don Saladino – Trainer | Contact information to be determined. | The parties' alleged conduct; complaints or discussions about the work environment or conduct on the set of the Film; publicity surrounding the Film. |

In addition, Ms. Lively anticipates that other, unknown individuals may have discoverable information that that may be used to support her claims or defenses. Ms. Lively incorporates by reference any other individuals disclosed in any other party's Rule 26(a)(1) disclosures, including those disclosed by the parties on February 18, 2025, and reserves the right to obtain discovery in support of their claims and/or defenses from such individuals, and further reserves the right to supplement pursuant to Rule 26(e), including to identify further individuals once a confidentiality order is entered by the Court.

II.    **Rule 26(a)(1(A)(ii): A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Based on the information available to Ms. Lively at this time, and without waiving the foregoing qualifications, Ms. Lively identifies below the categories of documents, electronically stored information ("ESI"), and/or tangible things in her possession, custody, or control that she may use to support her claims or defenses, unless solely for impeachment. To the extent that any documents are produced in this case in response to any party's document request or subpoena, the documents should be considered disclosed for purposes of Ms. Lively's obligations under Federal Rule of Civil Procedure 26(a)(1)(A)(ii).

1.    Documents concerning the allegations underlying Ms. Lively's claims set forth in her Amended Complaint and the allegations underlying the Wayfarer Parties'

claims set forth in such Amended Complaint.

2.    Documents concerning Ms. Lively's employment to play the role of Lily Bloom in the Film, including those concerning the "Protections for Return to Production" agreement and contractual rider attached to the Lively Complaint.

3.    Documents concerning sexually discriminating, harassing, or other inappropriate or unwelcome actions, conduct, or comments made during production of the Film.

4.    Documents concerning formal and informal complaints made by Ms. Lively and others during production of the Film relating to the conduct of Mr. Baldoni and/or Mr. Heath or others.

5.    Documents concerning engaging in media, press, marketing activities, and promotional efforts related to the Film.

6.    Documents concerning publicity surrounding the Film.

7.    Documents concerning the production, editing, cut, and creative process associated with the Film.

8.    Documents regarding press/crisis management/strategy and retaliation by the Wayfarer Parties.

9.    Documents regarding financial, reputation, economic, emotional, or other harm or damages.

**III.    Rule 26(a)(1)(A)(iii): A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Ms. Lively is entitled to compensatory, mental anguish, and punitive damages arising from the injuries identified in her Amended Complaint. At a later date, Ms. Lively will provide an estimate of damages in an amount to be determined by an expert in accordance with the scheduling order in this case. Ms. Lively also seeks damages in an amount to be determined by the Court under New York's anti-SLAPP law.

**IV.    Rule 26(a)(1)(A)(iv): For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part**

9

CONFIDENTIAL

**of a possible judgment in the action or to indemnify or reimburse for payment made to satisfy the judgment.**

Ms. Lively will produce applicable insurance agreements under which the insurer may be liable to satisfy part or all of a judgment, if entered, pursuant to a stipulated confidentiality order.

Date:   February 18, 2025

Respectfully submitted,

By: s/ *Michael J. Gottlieb*

WILLKIE FARR & GALLAGHER LLP

Michael J. Gottlieb
Kristin E. Bender
Meryl C. Governski (*pro hac vice*)
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC 20006
(202) 303-1000
Email: mgottlieb@willkie.com
kbender@willkie.com
mgovernski@willkie.com

Aaron E. Nathan
Willkie Farr & Gallagher LLP
787 7th Avenue
New York, NY 10019
Email: anathan@willkie.com

MANATT, PHELPS & PHILLIPS, LLP

Esra A. Hudson (*pro hac vice*)
Stephanie A. Roeser (*pro hac vice*)
Manatt, Phelps & Phillips, LLP
2049 Century Park East, Suite 1700
Los Angeles, California 90067
(310) 312-4000
Email: ehudson@manatt.com
sroeser@manatt.com

**CONFIDENTIAL**

**CONFIDENTIAL**

12

## CERTIFICATE OF SERVICE

I certify that on February 18, 2025, the foregoing was served on all counsel of record via email.

By: s/ *Michael J. Gottlieb*
Michael J. Gottlieb