# WILLKIE FARR & GALLAGHER LLP

2029 Century Park East
Los Angeles, CA 90067-2905
Tel: 310 855 3000
Fax: 310 855 3099

May 7, 2026

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *Lively v. Wayfarer Studios LLC et al.*, No. 24-cv-10049 (LJL)
        *Wayfarer Studios LLC, et al. v. Lively, et al.*, No. 25-cv-449 (LJL)

Dear Judge Liman:

As the Court is aware, Plaintiff and Consolidated Defendant Blake Lively, on the one hand, and Defendant The Agency Group PR LLC, and Defendants and Consolidated Plaintiffs Wayfarer Studios LLC, It Ends With Us Movie LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, Melissa Nathan, and Jennifer Abel ("Wayfarer Parties"), on the other hand (collectively, the "Parties"), have executed a settlement agreement resolving nearly all claims pending in the consolidated action as captioned above ("Consolidated Action").

As reflected in the Notice of Settlement and Joint Stipulation ("Joint Stipulation") filed earlier today, the Parties have fully and finally resolved all claims in the Consolidated Action, except one. The only remaining claim is Ms. Lively's claim for attorneys' fees and costs, compensatory damages (automatically tripled by statute), and punitive damages under California Civil Code Section 47.1 ("Section 47.1"), which the Parties have submitted to this Court to adjudicate with no right of appeal. *See* Dkt. No. 748-1.

Section 47.1 imposes severe and mandatory penalties against any party who files unsuccessful retaliatory defamation actions against sexual harassment and retaliation complainants. Under Section 47.1, any "communication made by an individual, without malice, regarding an incident of sexual assault, harassment, or discrimination [including retaliation] *is privileged*" so long as the speaker "has, or at any time had, a reasonable basis to file a complaint of sexual assault, harassment, or discrimination, whether the complaint is, or was, filed or not." Cal. Civ. Code § 47.1(a), (c), (d) (emphasis added). Section 47.1 was designed to ensure that individuals subjected to sexual harassment or retaliation can share their experiences with courts, agencies, the press, and others without fear of suit. *Id.* The California Legislature enacted this privilege to provide a "clear, unambiguous pathway to justice" (*see* Dkt. No. 241-1 at 14) "for victims of sexual assault, harassment, and discrimination." *See* Dkt. No. 146-1 at 67, Senate Judiciary Committee, July 13, 2023.

Specifically, the California Legislature intended for Section 47.1 to deter litigation that would otherwise force survivors to defend against a long and expensive retaliatory defamation

lawsuit by imposing "***significant remedies for successful defendants in defamation claims***." *Id*. at 25, March 21, 2023 Assembly Committee on Judiciary (emphasis added). *See also* Cal. Civ. Code § 47.1(b). Moreover, because Section 47.1 protects victims ***from the litigation itself***, "[t]hese remedies must be available at the earliest stage—typically through a motion to dismiss—to protect survivors from a punishing, protracted legal process." *See* Dkt. No. 241-1 at 17 (emphasis added).[1] Consistent with Section 47.1's stated purpose, Ms. Lively respectfully requests that her Motion be resolved as promptly as possible.

No doubt remains that the Wayfarer Parties' suit is the "prototypical suit that the California Legislature intended to short circuit by enacting [Section 47.1]." *See* Dkt. No. 242-1 at 17. The alleged defamatory statements that formed the basis of the Wayfarer Parties' retaliatory lawsuit satisfy all elements of privilege under Section 47.1 for reasons that have already been raised to this Court.[2] Thus, as the "prevailing defendant," Ms. Lively is entitled not just to attorneys' fees and costs, but also to compensatory damages tripled, and punitive damages.

The Parties briefed this issue previously, with said briefing completed as of September 29, 2025. *See* Dkt. Nos. 742–48, 796–800, 824. Those briefs included proposed procedures for determining the damages, attorneys' fees, and costs to which Ms. Lively is entitled. Because the factual record has developed further since that time—up to the eve of trial in *Lively v. Wayfarer Studios LLC et al.*, No. 24-cv-10049 (LJL)—Ms. Lively respectfully requests leave to file a short supplemental brief of five (5) pages or fewer to address any impact of the Court's intervening rulings since the 47.1 Motion was filed, and to propose procedures for adjudicating the compensatory and punitive damages, attorneys' fees, and costs issues in light of these developments. *Cf. Lively v. Wayfarer Studios LLC*, 786 F. Supp. 3d 695, 788 (S.D.N.Y. 2025) (directing, after resolving the motions to dismiss, that in their renewed fee motions the parties address "the impact of this opinion, if any, as well as the issues raised in prior briefing"). Ms. Lively respectfully requests that any such brief be submitted by no later than seven (7) days of the Court granting leave.

---

[1] *See also* Dkt. No. 242-1 at 11 (Section 47.1 was drafted to "achieve two distinct goals: (1) to shield victims from the discovery process by ensuring they would prevail at the motion to dismiss stage in most circumstances; and (2) to remedy the financial and psychological costs of the litigation and deter abusers from pursuing unwarranted and retaliatory litigation in the first place.").

[2] *First*, Ms. Lively's statements were "communication[s]" "related to an incident of sexual . . . harassment," retaliation, and aiding abetting the same, and in fact were made within another privileged communication, her administrative complaint before the California Civil Rights Department, which was reported in yet another privileged communication, an article by *The New York Times*. *See* Dkt. No. 296 at 78. *Second*, Ms. Lively made the statements at issue "without malice," or as the Wayfarer Parties acknowledged, because she "*genuinely believes she's right*." Dkt. No. 50-1 at 155 (emphasis added). *Third*, Ms. Lively plainly had a "reasonable basis" to file a complaint or complain generally (as she, in fact, did in multiple ways to multiple people and to the CRD). *See* Dkt No. 296 at 78; Dkt. No. 1273 at 106–107. *Fourth*, several of the Wayfarer Parties agreed to stipulate that Ms. Lively engaged in a protected activity, which encompasses the element of a good faith, reasonable belief that she complained of or opposed unlawful harassment. Dkt. No. 1422.

Respectfully submitted,

/s/ Michael J. Gottlieb

MANATT, PHELPS & PHILLIPS, LLP     WILLKIE FARR & GALLAGHER LLP

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (admitted *pro hac vice*)
Naeun Rim (admitted *pro hac vice*)
Stephanie A. Roeser (admitted *pro hac vice*)
Sarah E. Moses (admitted *pro hac vice*)
Sareen K. Armani
Katelyn A. Climaco
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 312-4000
ehudson@manatt.com
nrim@manatt.com
sroeser@manatt.com
smoses@manatt.com
sarmani@manatt.com
kclimaco@manatt.com

Matthew F. Bruno
7 Times Sq.
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Koren Bell
2049 Century Park East
Los Angeles, California 90067
(310) 855-3000
mgottlieb@willkie.com
kbell@willkie.com

Kristin E. Bender
Anna Gotfryd (admitted *pro hac vice)*
1875 K Street NW
Washington, DC 20006
(202) 303-1000
kbender@willkie.com

Michael Schachter
Aaron Nathan
Michaela A. Connolly
Melissa Taustine
M. Annie Houghton-Larsen
787 7th Avenue
New York, NY 10019
(212) 728-8000
mschachter@willkie.com
anathan@willkie.com
mconnolly@willkie.com
mtaustine@willkie.com

*Attorneys for Blake Lively*