**L|F** Liner Freedman
**T|C** Taitelman+Cooley LLP

1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
www.lftcllp.com

Ellyn S. Garofalo
Direct: (310) 201-4912
egarofalo@lftcllp.com

May 8, 2026

<u>*Via Email*</u>

The Honorable Lewis J. Liman
U.S. District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Blake Lively v. Wayfarer Studios LLC, et al.*, Case No. 1:24-cv-10049 (LJL)

Dear Judge Liman:

After agreeing to a settlement in which she dismissed her three remaining claims without the Wayfarer Defendants paying a cent of the $300 million in damages she was demanding, Plaintiff Blake Livley seeks leave to submit further briefing "to address any impact of the Court's intervening rulings since the 47.1 Motion was filed, and to propose procedures for adjudicating the compensatory and punitive damages, attorneys' fees, and costs issues in light of these developments." Dkt. No. 1433.[1]

Section 47.1(b) provides that "a prevailing defendant in any defamation action brought against that defendant for making a communication that is privileged under this section shall be entitled to their reasonable attorney's fees and costs for successfully defending themselves in the litigation, plus treble damages for any harm caused to them by the defamation action against them, in addition to punitive damages available under Section 3294 or any other relief otherwise permitted by law."[2]

Plaintiff initially sought remedies under Section 47.1 in her March 20, 2025 motion to dismiss Wayfarer's complaint (the "Wayfarer Complaint"), filed in response to Lively's complaint

---

[1] Plaintiff erroneously argues that all claims in the Consolidated Action have been resolved by the settlement "except one." Jennifer Abel's third-party complaint against Jonesworks LLC also remains unresolved by the settlement.

[2] Plaintiff mischaracterizes Wayfarer Studios LLC and It Ends with Us Movie LLC's stipulation with respect to the protective activity element of Plaintiff's Fourth Cause of Action for Retaliation of California's Fair Employment and Housing Act ("FEHA"). *See* Dkt. No. 1433 n. 2. Those two parties simply agreed that, "***for purposes of trial only*** and with respect to the FEHA retaliation claim, ***the jury will be instructed to presume*** that Ms. Lively engaged in protected activity by complaining about or opposing a hostile work environment." Dkt. No. 1422 (emphasis added).

501953.1

LF  Liner Freedman
TC  Taitelman+Cooley LLP

May 8, 2026
Page 2

for, among other things, sexual harassment.  Dkt. Nos. 144-146.  On June 9, 2025, the Court granted Plaintiff's motion, dismissing the Wayfarer Complaint including Wayfarer's second cause of action for defamation against Lively.  Dkt. No. 296.  The Court denied Plaintiff's Section 47.1 request without prejudice and Plaintiff renewed the motion on September 8, 2025.  Dkt. No. 748.  The renewed motion was fully briefed by September 29, 2025.  Dkt. No. 824.

In her April 11, 2026, pretrial statement, Lively "submit[ted] that the 47.1 Motion should be decided in advance of the May 2026 trial and renew[ed] her request that, if granted, the Court should set a schedule to promptly quantify the monetary award to which Ms. Lively is entitled, pursuant to Federal Rule of Civil Procedures 54(d)(2)(C)."  Dkt. No. 1324.  Lively did not request or even suggest that additional briefing was necessary.

At the April 28, 2026 pretrial conference, Plaintiff again urged the Court to decide the motion before trial and, if the Court found that Plaintiff qualified for relief under Section 47.1, instruct the jury that "defendant's lawsuit constitutes retaliation…. And then it would be up to the jury to determine whether that caused any damages."  4/28/2026 Tr., p. 63.  Plaintiff explained that "the legal question of whether the lawsuit that the defendants filed was retaliatory is one that is before the Court and the Court can decide, and we wouldn't have to take evidence on it."  *Id*.  Plaintiff did not request additional briefing on the "impact" of the Court's rulings subsequent to the dismissal of Wayfarer's defamation claim but implicitly acknowledged that the Court had sufficient information to rule on whether Lively was entitled to relief under Section 47.1.

Plaintiff does not explain why, a week later, she believes supplemental briefing is necessary "to address any impact of the Court's intervening rulings" since the dismissal of the Wayfarer Complaint and Plaintiff's 47.1 Motion or "to propose procedures for adjudicating the compensatory and punitive damages, attorneys' fees, and costs issues in light of these developments."  Plaintiff does not give any insight into the potential "impact" of post-dismissal rulings or developments.  Nor does Plaintiff enlighten on how rulings subsequent to dismissal of Wayfarer's defamation claim could possibly impact or increase the costs to defend the dismissed claim.  And, of course, Plaintiff fails to explain why the Court – which authored the subsequent rulings – would need additional information to determine their impact on the remedies that may be available to a defense completed no later than June 9, 2025.  Simply put, Plaintiff does not explain how her right to relief under Section 47.1 could be affected by subsequent rulings.

The Wayfarer Defendants respectfully request that the Court deny Plaintiff's request for further briefing, an evidentiary hearing or other proceedings on whether Plaintiff is entitled to a recovery under Section 47.1.

Very truly yours,

/s/ *Ellyn S. Garofalo*

Ellyn S. Garofalo

501953.1