# WILLKIE FARR & GALLAGHER LLP

2029 Century Park East
Los Angeles, CA 90067-2905
Tel: 310 855 3000
Fax: 310 855 3099

May 31, 2026

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Wayfarer Studios LLC, et al. v. Lively, et al.*, No. 25-cv-449 (LJL)
        *Lively v. Wayfarer Studios LLC et al.*, No. 24-cv-10049 (LJL)

Dear Judge Liman:

Pursuant to the Court's Order at Dkt. 1437, Ms. Lively submits the following authorities regarding "which party bears the burden of proof of showing that the communication is privileged under Section 47.1(a)": *United States v. McCombs*, 30 F.3d 310, 323–24 (2d Cir. 1994) ("Presumptions and other matters related to the burden of proof are considered matters of substantive law, governed by the law of the jurisdiction whose substantive law applies to the merits of the question in issue."); *accord Kashef v. BNP Paribas SA*, 2025 WL 2941595, at *1 (S.D.N.Y. Sept. 8, 2025) (collecting cases). *Dignity Health v. Mounts*, 105 Cal. App. 5th 113, 121 (2024) (Under California law, with respect to Section 47 privileges, "[t]he party asserting this privilege bears the burden to show that the statement was made on an occasion that falls within the statute. At that point, the opposing party has the burden to prove that the statement was made with malice."); *accord Lundquist v. Reusser*, 7 Cal. 4th 1193, 1203–08 (1994); *see id.* at 1202 ("[O]nce it is established that the statement was made upon . . . a privileged occasion, the plaintiff may recover damages for defamation only if the plaintiff successfully meets the burden of proving that the statement was made with malice."); *Lively v. Wayfarer Studios LLC*, 786 F. Supp. 3d 695, 756 n.38 (S.D.N.Y. 2025) (discussing Section 47.1 together with other Section 47 privileges and explaining that "[t]he defendant bears the initial burden of showing 'that the allegedly defamatory communication was made on a privileged occasion.'") (citing *Lundquist*, 7 Cal. 4th at 1207–08); *see generally*, Dkt. 146-1 at 29 (explaining that Section 47.1 is meant to "extend[] the protection of privilege provided by existing Section 47" and that under existing law a defamation plaintiff bears the burden to allege that a statement is "unprivileged" under Section 47). *See generally Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007) (the plaintiff must allege and prove that an allegedly defamatory statement is "unprivileged" as an element of his defamation claim); 5 B.E. Witkin, Summary of California Law Torts § 704(1) (11th ed. Westlaw 2026) ("[T]he defendant bears the initial burden of establishing that the statement was made on a privileged occasion. Once the defendant has met this burden, however, the burden then shifts to the plaintiff to establish that the statement was made with malice.") (collecting cases).

BRUSSELS   CHICAGO   DALLAS   FRANKFURT   HAMBURG   HOUSTON   LONDON   LOS ANGELES
MILAN   MUNICH   NEW YORK   PALO ALTO   PARIS   ROME   SAN FRANCISCO   WASHINGTON

Ms. Lively submits the following regarding how she may discharge her "initial burden" to show "that the allegedly defamatory communication was made on a privileged occasion." Dkt. 296 (quoting *Lundquist v. Reusser*, 7 Cal. 4th at 1200 (1994)); *Kapellas v. Kofman*, 1 Cal. 3d 20, 28 (1969) (Section 47's statutory privileges apply, and the malice requirement is triggered, where the communication's privileged status is "disclose[d]" by the complaint's allegations); 5 B.E. Witkin, Summary of California Law Torts § 704(1) (11th ed. Westlaw 2026) ("Where the complaint shows that the statement is within a class qualifiedly privileged, it is necessary for the plaintiff to go further and plead and prove that the privilege is not available as a defense in the particular case, e.g., because of malice.") (collecting cases); *see also, e.g.*, Dkt. 296 at 83 (holding that "the fair report privilege applies to Lively providing the complaint to the *Times*" based solely on the allegations in the Amended Complaint); *Johnson v. Smith*, 2025 Cal. Super. LEXIS 56951, at *9 (Sept. 25, 2025) (evaluating defendants' Section 47.1 argument, and the question of malice, looking only to the plaintiff's submissions). Ms. Lively is aware of no authorities suggesting that a different burden framework applies where a Section 47.1 application seeks damages as well as attorney's fees, but submits the following relevant authorities: *Lundquist* 7 Cal. 4th at 1205 ("In the absence of an express statutory directive as to the burden-of-proof issue, we turn to the legislative history of section 47(c)."); *see generally* Dkt. 146-1 at 28-29, 63-64, 69 (referring repeatedly to "attorneys fees and damages" conjunctively as deterrent and compensatory remedies, without distinguishing between the two); *see id.* at 28, 64, 70, 86 ("In addition, AB 933 helps take the burden off of survivors by providing reasonable attorneys' fees and damages if they successfully defend themselves against meritless lawsuits.").

Ms. Lively is aware of no authorities suggesting that a different framework applies where an applicant seeks relief under Rule 54, but submits the following relevant authorities: *Jackpocket, Inc. v. Lottomatrix NY LLC*, 2023 WL 4145515, at *5 n.3 (S.D.N.Y. June 23, 2023) (where a party seeks to establish that a case was "exceptional" under 15 U.S.C. § 1117(a), the Court may adjudicate that question on a Rule 54(d) motion, and where such a motion "relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony or on depositions") (quoting Rules 54(d) and 43(c)). *See Sellars v. Rose,* 2025 WL 2375381, at *7 (Cal. Super. Aug. 6, 2025) (holding that "Defendant is entitled to seek her reasonable attorneys' fees and costs, and possibly other damages" including under Section 47.1, and noting without objection that the defendant "intends to seek [such fees and damages] *by separate application or motion*") (emphasis added); *Underwood v. Hilton Hotels Worldwide*, 2026 Cal. Super. LEXIS 19333, at *7 (Jan. 7, 2026) (sustaining demurrer to Section 47.1 claim because "Civil Code section 47.1 does not provide a cause of action for relief"). *See also CSX Transp., Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 468–70 (2d Cir. 2018) (where a "procedural vehicle under [state] law" has "no equivalent under the Federal Rules of Civil Procedure," and it is "unclear how a party in a federal district court . . . could comply with the" state-law procedure, observing that the state requirements "need not be strictly adhered to as long as there is no prejudice to the opposing party in giving notice of the claims and framing the issues," and permitting the applicant to proceed by motion) (cleaned up); *see id.* at 469 (observing that a motion best approximated the state-law procedure including its emphasis on "[s]peed, economy and efficiency"); *People of Sioux Cnty., Neb., v. Nat'l Sur. Co.*, 276 U.S. 238, 244 (1928) (applying a state-law statute that awarded fees beyond that provided for by federal rule and holding: "That the particular mode of enforcing the right provided by the state statute . . . is not available to the federal courts . . . does not preclude the recovery. Since the right exists the federal courts may follow their own appropriate procedure for its enforcement . . . .").

Respectfully submitted,

/s/ Michael J. Gottlieb

| | |
|---|---|
| MANATT, PHELPS & PHILLIPS, LLP | WILLKIE FARR & GALLAGHER LLP |
| Esra A. Hudson (admitted *pro hac vice*) | Michael J. Gottlieb |
| Naeun Rim (admitted *pro hac vice*) | Koren Bell |
| Stephanie A. Roeser (admitted *pro hac vice*) | 2049 Century Park East |
| Sarah E. Moses (admitted *pro hac vice*) | Los Angeles, California 90067 |
| Sareen K. Armani | (310) 855-3000 |
| Katelyn A. Climaco | mgottlieb@willkie.com |
| 2049 Century Park East, Suite 1700 | kbell@willkie.com |
| Los Angeles, CA 90067 | |
| (310) 312-4000 | Kristin E. Bender |
| ehudson@manatt.com | 1875 K Street NW |
| nrim@manatt.com | Washington, DC 20006 |
| sroeser@manatt.com | (202) 303-1000 |
| smoses@manatt.com | kbender@willkie.com |
| sarmani@manatt.com | |
| kclimaco@manatt.com | Michael Schachter |
| | Aaron E. Nathan |
| Matthew F. Bruno | Michaela A. Connolly |
| 7 Times Sq. | Melissa Taustine |
| New York, NY 10036 | 787 Seventh Avenue |
| (212) 790-4500 | New York, NY 10019 |
| mbruno@manatt.com | (212) 728-8000 |
| | mschachter@willkie.com |
| | anathan@willkie.com |
| | mconnolly@willkie.com |
| | mtaustine@willkie.com |

*Attorneys for Blake Lively*