**L|F   Liner Freedman**
**T|C   Taitelman+Cooley LLP**

1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
www.lftcllp.com

Ellyn S. Garofalo
Direct: (310)201-4912
egarofalo@lftcllp.com

May 31, 2026

The Honorable Lewis J. Liman
U.S. District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *Wayfarer Studios LLC, et al. v. Blake Lively*, Case No. 1:25-cv-449 (LJL) (related case)

Dear Judge Liman:

Wayfarer Studios LLC, It Ends With Us Movie LLC, Jamey Heath, Justin Baldoni, Steve Sarowitz, Jennnifer Abel, Melissa Nathan, and The Agency Group PR submit this letter brief addressing the questions set forth in the Court's May 28, 2026 Order (Dkt. No. 1437).

**Question 1: Which party bears the burden of proof showing that a defendant's communication is privileged under Section 47.1(a)?**

*Dignity Health v. Mounts*, 105 Cal. App. 5th 113, 121 (2024) (citing *Lundquist v. Reusser*, 7 Cal. 4th 1193, 1202-03 (1994) (party asserting privilege (Lively) bears the burden to show that the statement is within the purview of the privilege, "[a]t that point, the opposing party (Wayfarer, et al.) has the burden to prove that the statement was made with malice"); *Lively v. Wayfarer Studios LLC*, 786 F. Supp. 3d 695, 757 n. 38 (S.D.N.Y. 2025); *Lively v. Wayfarer Studios LLC*, No. 24-cv-10049 (S.D.N.Y. Mar. 20, 2025), Dkt. No. 146-1, at 26 (legislative history explaining: "The bill *expands the privileges already encompassed in Section 47* of the Civil Code to include communications made by an individual who has experienced an incident of sexual assault, harassment, or discrimination, regardless of whether or not they have filed any formal complaint regarding the same") (emphasis added); *Sellars v. Rose*, No. 30-2024-01442186-CU-DF-CJC, 2025 WL 2375381, at *4 (Cal. Super. Aug. 06, 2025) (party asserting privilege under Section 47.1 bears the burden of "establishing all preliminary facts necessary to justify applying the privilege to their communications.")

**Question 2: Whether that burden differs depending on whether the application is for attorneys' fees alone or also for treble and punitive damages?**

*Butte Fire Cases*, 24 Cal. App. 5th 1150, 1158 (2018) ("punitive damages may be recovered [by the plaintiff] under section 3294 'where it is proven by ***clear and convincing evidence*** that the defendant has been guilty of oppression, fraud, or malice.'"); *Pfeifer v. John Crane, Inc.*, 220 Cal. App. 4th 1270, 1299 (2013) ("punitive damages may be awarded only when the trier of fact finds, by clear and convincing evidence, that the defendant acted with malice, fraud, or oppression"); *see also Raybon v. Hardy*, 2016 WL 915824, at *8 (E.D. Cal. Mar. 10, 2016) (party seeking "compensatory damages has the burden of proving compensatory damages by a preponderance of the evidence"); *Fulle v. Kanani*, 7 Cal. App. 5th 1305, 1311 (2017) (treble



May 31, 2026
Page 2

damages are calculated by multiplying the compensatory damages by three; treble damages cannot be awarded unless and until there is a specific award of compensatory damages).

**Question 3: Whether the burden differs where Section 47.1(b) relief is sought through Rule 54 of the Federal Rules of Civil Procedure?**

*Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("[T]he fee applicant [Lively] bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates"); *accord Fox v. Vice*, 563 U.S. 826, 838 (2011); *Spring v. Allegany-Limestone Cent. Sch. Dist.*, 2025 WL 1077347, at *2 (2d Cir. Apr. 10, 2025).  Rule 54 does not, on its face, apply to treble damages for harm caused by a defamation action or punitive damages.  Hence, there is no authority establishing who has the burden of proof.

**Question 4: How does a defendant discharge his or her burden on remedies provided by Section 47.1?**

Assuming Rule 54 applies, reasonable attorneys' fees and costs are determined by motion, with submissions establishing the amount of the fee award and reasonable costs.  Rule 54 does not provide a procedural mechanism for the defendant to prove malice or harm caused by the defamation complaint for purposes of treble damages.  Since Lively has dismissed her claims, and relinquished her right to appeal, there is no mechanism for her to meet her burden for punitive and treble damages.  There is no authority to support the notion that a Section 47.1 motion, prosecuted through Rule 54, can be used to do an end run around a plaintiff or defendant's right to a jury trial.  However, should the Court determine that it has the authority under Rule 54 to adjudicate factual issues in a post dismissal proceeding the parties can be directed to meet their respective burdens in a summary judgment like proceeding, based on the evidentiary record, to determine: (1) whether 47.1 applies under Section 47.1(c) because Lively had a reasonable basis for her complaints of sexual harassment or retaliation (*Edgerly v. City of Oakland*, 211 Cal. App. 4th 1191, 1206 (2012) ("Reasonableness is generally a question of fact to be resolved by a jury."); (2) whether Wayfarer's defamation claim caused harm to Lively and the amount of damages to compensate for that harm (*Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, 618 F. Supp. 2d 280, 292 (S.D.N.Y. 2009)); (3) whether there is clear and convincing evidence that Wayfarer filed its defamation claim with malice, fraud or oppression as required by California Civil Code § 3294 (*Butte Fire Cases*, 24 Cal. App. 5th at 1158).

Very truly yours,

*/s/ Ellyn S. Garofalo*

Ellyn S. Garofalo