# manatt

**Esra A. Hudson**
Manatt, Phelps & Phillips, LLP
Direct Dial: 310-312-4381
ehudson@manatt.com

June 16, 2026

**VIA ECF**
The Honorable Lewis J. Liman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1620
New York, NY 10007

Re:    ***Lively v. Wayfarer Studios LLC, et al.*, No. 1:24-cv-10049-LJL [rel. No. 1:25-cv-00449]**

Dear Judge Liman:

Blake Lively writes to request clarification and a short extension on the June 22, 2026 deadline the Court set yesterday for Ms. Lively to file her initial brief on the "appropriate measure of fees" under California Civil Code section 47.1 ("Section 47.1"), as set forth in the Court's order yesterday, June 15, 2026. (*See* Dkt. No. 1441.)

Specifically, we respectfully request that the Court clarify whether it is seeking briefing on: (1) the legal principles for recovery of attorneys' fees and costs under Section 47.1, including issues of apportionment, for example, or "the extent to which fees were incurred on issues common to claims for which attorneys' fees are provided by statute and claims for which they are not" (*see* Dkt. No. 1440 at pp. 46-47, n.14), or (2) Ms. Lively's motion for attorneys' fees and costs seeking a sum certain, with supporting materials such as affidavits and billing records (and corresponding opposition), or (3) any other subject. If the brief is primarily intended to focus on legal principles, Ms. Lively respectfully requests an additional seven days, to June 29, 2026, to submit her initial brief. If, alternatively, the Court is seeking briefing both on the legal principles and Ms. Lively's motion for attorneys' fees and costs seeking a sum certain, with supporting invoices and other supporting evidence as to the reasonableness of fees and costs, then Ms. Lively seeks an extension to submit her initial brief until thirty (30) days from June 15, 2026, or until July 15, 2026.

Under Federal Rule of Civil Procedure 6(b)(1)(A), a court "may extend a deadline for good cause with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." *Manigault v. ABC Inc.*, 796 Fed. Appx. 13, 15 (2d Cir. 2019) (citing Fed. R. Civ. P. 6(b)(1)(A)). Courts have "wide discretion in granting extensions to litigants." *Garcia v. Goord*, 2002 WL 272418, at *1 (S.D.N.Y. Feb. 26, 2002). "Good cause is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Id.* (internal citations omitted). " '[E]xtensions requested before the deadline should generally be granted absent bad faith or prejudice to another party.'" *Manigault*, 796 Fed. Appx. at 15 (citing 4B Charles Alan Wright, Arthur R. Miller & Adam N. Steinman, *Federal Practice and Procedure* § 1165 (4th ed. 2019 update)).

**manatt**

**Esra A. Hudson**
Manatt, Phelps & Phillips, LLP
Direct Dial: 310-312-4381
ehudson@manatt.com

Good cause exists to grant the requested extension here. Whether it is a preliminary brief on legal principles or a more fulsome fee motion, the legal issues raised by Ms. Lively's fee motion(s)—including apportionment, if any, under Civil Code section 47.1 in the context of a consolidated action like this one—are novel in light of this new California statute and potentially complex, and require adequate time to research and brief for the Court. *See Garcia,* 2002 WL 272418, at *1 (an extension was properly granted where "Plaintiff filed a lengthy Complaint" and "named over seventy persons as defendants."). In addition, to the extent that the briefing contemplates submission of billing records and affidavits, it will require close review of complex billing records across the multiple firms representing Ms. Lively in this matter as well as corresponding affidavits from lead counsel at each firm, which is not feasible to complete on the current schedule. This is especially true given that Ms. Lively and her attorneys have a number of conflicting personal and professional obligations, including international travel. One of Ms. Lively's lead attorneys, Mr. Gottlieb, who will need to review and approve any billing submissions and sign any affidavit on behalf of the Willkie firm, is currently out of the country.

Ms. Lively has not acted in bad faith, and a short extension will not prejudice Defendants, who will be provided adequate time to oppose Ms. Lively's motion(s). *Manigault*, 796 Fed. Appx. at 15 (good cause for extension existed where non-moving party "failed to show, or even argue, that he was prejudiced as a result of the 20-day extension.") Ms. Lively has timely sought an extension five days before the original deadline of June 22, 2026. *Id.* (good cause existed where movant sought an extension five days before the deadline). Thus, Ms. Lively has demonstrated good cause and easily satisfies the "non-rigorous" Second Circuit standard.

Ms. Lively met and conferred in advance of this request with the Wayfarer Parties, who objected to any effort to seek clarification or extend any deadlines, including their response deadline.

# manatt

**Esra A. Hudson**
Manatt, Phelps & Phillips, LLP
Direct Dial: 310-312-4381
ehudson@manatt.com

Respectfully submitted,

/s/ Esra A. Hudson

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Koren Bell
2049 Century Park East
Los Angeles, California 90067
(310) 855-3000
mgottlieb@willkie.com
kbell@willkie.com

Kristin E. Bender
1875 K Street NW
Washington, DC 20006
(202) 303-1000
kbender@willkie.com

Michael S. Schachter
Aaron E. Nathan
Michaela A. Connolly
Melissa Taustine
Willkie Farr & Gallagher LLP
787 7th Avenue New York, NY 10019
(212) 728-8000
anathan@willkie.com
mconnolly@willkie.com
mtaustine@willkie.com

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (admitted *pro hac vice*)
Naeun Rim (admitted *pro hac vice*)
Stephanie A. Roeser (admitted *pro hac vice*)
Sarah E. Moses (admitted *pro hac vice*)
Sareen K. Armani
Katelyn A. Climaco
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 312-4000
ehudson@manatt.com
nrim@manatt.com
sroeser@manatt.com
smoses@manatt.com
sarmani@manatt.com
kclimaco@manatt.com

Matthew F. Bruno
7 Times Sq.
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

*Attorneys for Blake Lively*

The request for an extension is DENIED IN PART AND GRANTED IN PART. Each party has leave to file a memorandum of law no more than ten double-spaced pages (excluding a table of contents and table of authorities) laying out the legal principles that they believe the Court should consider. Lively shall file her memorandum of law with declarations and proof sufficient to support her application for attorneys' fees and costs no later than June 29, 2026. The Wayfarer Parties shall respond by July 13, 2026. The Court will not accept additional briefing or evidence absent good cause shown.

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

June 17, 2026