UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

BLAKE LIVELY,

                Plaintiff,

v.

WAYFARER STUDIOS LLC, JUSTIN BALDONI,
JAMEY HEATH, STEVE SAROWITZ, IT ENDS
WITH US MOVIE LLC, MELISSA NATHAN, THE
AGENCY GROUP PR LLC, and JENNIFER ABEL,

                Defendants.

------------------------------------------------------------------ x

JENNIFER ABEL,

                Third-Party Plaintiff,

v.

JONESWORKS LLC,

                Third-Party Defendant.

No. 1:24-cv-10049-LJL (Lead Case)
No. 1:25-cv-00449 (Member Case)

Related to:
Civ. Action No. 1:25-cv-00779-LJL

## THE WAYFARER PARTIES' OPPOSITION TO PLAINTIFF BLAKE LIVELY'S MOTION FOR ATTORNEYS' FEES PURSUANT TO CAL. CIV. CODE § 47.1

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ............................................................................................... 6

II.     LIVELY FAILS TO ESTABLISH THE REASONABLENESS OF RATES
        CHARGED AND HOURS WORKED ............................................................... 6

        A.      Lively's Fee Request Lacks the Requisite Evidentiary Support............................ 7

        B.      Willkie And Manatt's Hourly Rates Are Excessive. ............................................. 8

        C.      Lively Fails to Apportion Nonrecoverable and Recoverable Fees. ........................ 9

        D.      Other Reductions Apply. ..................................................................................... 12

III.    LIVELY'S COSTS AND EXPENSES SHOULD BE SHARPLY REDUCED .............. 14

522617.1

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Akins v. Enterprise Rent-A-Car Co.*,
  79 Cal.App.4th 1127 (2000) ..................................................................................................11

*Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*,
  548 U.S. 291 (2006)...............................................................................................................15

*Blum v. Stenson*,
  465 U.S. 886 (1984)..................................................................................................................8

*Bobulinski v. Tarlov*,
  2025 WL 872178 (S.D.N.Y. March 20, 2025) .......................................................................13

*Brown Bark III, L.P. v. Haver*,
  219 Cal.App 4th 809 (2013) ...................................................................................................13

*Christian Rsch. Inst. v. Alnor*,
  165 Cal.App.4th 1315 (2008) .................................................................................................10

*Davis v. KGO-T.V., Inc.*,
  17 Cal.4th 436 (1998) .............................................................................................................15

*Dice v. X17, Inc.*,
  2019 WL 4786064 (Cal. Ct. App. Sept. 27, 2019) .................................................................13

*Donahue v, Donahue*,
  182 Cal.App.4th 259 (2010) ...................................................................................................12

*El Escorial Owners Assoc. v. DLC Plastering, Inc.*,
  154 Cal.App.4th 1337 (2007) .................................................................................................10

*Eletson v. Levona Holdings Ltd.*,
  2026 WL 1745709 (S.D.N.Y. June 2, 2026) ............................................................8, 9, 14, 15

*Garrick v. Freeman Garrick*,
  2025 WL 1735732 (N.D. Cal. June 23, 2025)........................................................................12

*Gonzalez v. Fresh Start Painting Corp.*,
  2022 WL 3701096 (S.D.N.Y. Aug. 26, 2022).........................................................................14

*Greyhawk Hawthorne Lender LLC v. Vella*,
  2025 WL 2172228 (S.D.N.Y. July 31, 2025)............................................................................9

522617.1

*H. v. New York City Dep't of Educ.,*
2022 WL 254070 (S.D.N.Y. Jan. 27, 2022) ...............................................................................7

*Hensley v. Eckerhart,*
461 U.S. 424 ................................................................................................................7, 10, 12

*Hygh v. Jacobs,*
961 F.2d 359, 363-64 (2d Cir. 1992) .......................................................................................7

*In re Johns-Manville Corp.,*
No. 82-11656 (CGM), ECF No. 4459 (Bankr. S.D.N.Y. Feb. 25, 2025) ...............................13

*Kearney v. Foley & Lardner,*
553 F.Supp.2d 1178 (S.D. Cal. 2008).....................................................................................14

*Ketchum v. Moses,*
24 Cal.4th 1122 (2001) ............................................................................................................7

*Lucky Brand Dungarees, Inc. v. Ally Apparel Res., LLC,*
2009 WL 466136 (S.D.N.Y. Feb. 25, 2009)...........................................................................15

*M.Z. v. New York City Dep't of Educ.,*
2023 WL 2499964 (S.D.N.Y. Mar. 14, 2023) .........................................................................7

*Morris v. Hyundai Motor America,*
41 Cal.App.5th 24 (2019) ......................................................................................................12

*PDV USA, Inc. v. Interamerican Consulting Inc.,*
2026 WL 1283316 (S.D.N.Y. May 11, 2026) ..........................................................................9

*PriMed Pharms. LLC v. Starr Indem. & Liab. Co.,*
2024 WL 283463 (S.D.N.Y. Jan. 25, 2024) ............................................................................7

*Rappaport v. Guardian Life Ins. Co. of Am.,*
2025 WL 2694252 (S.D.N.Y. Sept. 22, 2025 .........................................................................15

*Resolute Forest Prods., Inc. v. Greenpeace Int'l,*
2019 WL 8377690 (N.D. Cal. Sept. 24, 2019) .......................................................................11

*Reynolds Metals Co. v. Alperson,*
25 Cal.3d 124, 129-30 (1979).................................................................................................10

*Ruradan Corp. v. City of New York,*
2024 WL 3567276 (S.D.N.Y. July 29, 2024) .........................................................................14

*Serrano v. Unruh,*
32 Cal.3d 621 (1982) ...............................................................................................................6

4

*Soka Univ. of Am. v. Shogakukuan,*
    2007 WL 9770694 (C.D. Cal. May 1, 2007) .........................................................................15

*Sokolow v. County of San Mateo,*
    213 Cal.App.3d 231 (1989) ................................................................................................12

*Sowemimo v. D.A.O.R. Sec., Inc.,*
    2000 WL 890229 (S.D.N.Y. June 30, 2000), *aff'd*, 1 F. App'x 82 (2d Cir.
    2001) ....................................................................................................................................11

*Thompson Pacific Construction, Inc. v. City of Sunnyvale,*
    155 Cal.App.4th 525 (2007) ...............................................................................................10

*VR Optics, LLC v. Peloton Interactive, Inc.,*
    2021 WL 1198930 (S.D.N.Y. Mar. 30, 2021) .....................................................................11

*Zero Carbon Holdings, LLC v. Aspiration Partners, Inc.,*
    2024 WL 3409278 (S.D.N.Y. July 15, 2024) .......................................................................9

*Zintel Holdings, LLC v. McLean,*
    209 Cal.App.4th 431 (2012) ...............................................................................................13

**Statutes**

California Civil Code § 47.1 ................................................................................................ *passim*

5

522617.1

I.      **INTRODUCTION**

This is anything but a typical fee motion. Pursuant to California Civil Code § 47.1 ("Section 47.1"), Lively claims that she is entitled to a stunning $7,495,526 in attorney's fees for 7,070.20 hours billed by no fewer than 82 timekeepers, to obtain the dismissal of a single defamation claim at the pleading stage. In contrast, The New York Times (the "Times") is seeking $181,000 in a fee request filed in state court for its motion to dismiss precisely the same defamation claim. Garofalo Decl. Ex. 1. Of course, Lively could not possibly have spent over 7,000 hours preparing the portion of the motion to dismiss directed to Wayfarer's defamation claim. Rather, to arrive at this extraordinary sum, Lively broadly construes Section 47.1 to cover not only reasonable fees for work necessary to defend Wayfarer's defamation claim, but fees for work on directed to Wayfarer's eight non-defamation claims and Lively's fifteen affirmative claims which Lively characterizes as "inextricably intertwined." However, Lively's affirmative claims, including those for sexual harassment were unsuccessful — either dismissed on summary judgment or voluntarily — and she was therefore not entitled to fees under FEHA or Title VII. Lively nevertheless now seeks to recover such fees under the guise of Section 47.1. Lively's fee request is so over-inclusive that it sweeps in fees for researching her own liability for perjury arising from her California CRD claim and her Rule 11 motion for which the Court has already denied fees! "A fee request that appears unreasonably inflated is a special circumstance permitting the trial court to reduce the award or deny one altogether." *Serrano v. Unruh*, 32 Cal.3d 621, 635 (1982). This is just such a case.

II.     **LIVELY FAILS TO ESTABLISH THE REASONABLENESS OF RATES CHARGED AND HOURS WORKED**

522617.1

A.     **Lively's Fee Request Lacks the Requisite Evidentiary Support.**

The starting point is to calculate the lodestar by multiplying reasonable hours by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433. The Court then has discretion to exclude time that is excessive, redundant or otherwise unnecessary. *Id*. Even where fees are mandatory, the Court "has broad discretion to adjust the fee downward or deny an unreasonable fee altogether." *Ketchum v. Moses*, 24 Cal.4th 1122, 1138 (2001). The fee applicant bears the burden to prove reasonable rates and hours, and inadequate documentation requires a reduction. Lively does not provide billing statements or other records to support her $7.5 million demand, much less allocate fees to her defense of Wayfarer's defamation claim. Instead, she relies on summaries prepared by financial analyst Diana Kantner that place fees into three buckets: (1) fees relating "exclusively to the Wayfarer Action (i.e. defensive costs)"; (2) fees relating "exclusively to the Lively Action (i.e., offensive costs)"; and (3) fees relating to "both actions "(i.e., intertwined)." Lively seeks $2,267,288.75 for defensive costs and $5,228,238.12 for "inextricably intertwined" defensive and offensive work. Kantner Decl. ¶ 8; Garofalo Decl. ¶¶ 10-11.

Kantner's submission deserves "limited," if any, weight. Her views on reasonableness reach the ultimate issue and are inadmissible. *PriMed Pharms. LLC v. Starr Indem. & Liab. Co*., 2024 WL 283463, at *5 n. 8 (S.D.N.Y. Jan. 25, 2024); *M.Z. v. New York City Dep't of Educ*., 2023 WL 2499964, at *4 (S.D.N.Y. Mar. 14, 2023) ("[not] much weight" given by court to expert report on reasonableness of fees); *H. v. New York City Dep't of Educ*., 2022 WL 254070, at *7 (S.D.N.Y. Jan. 27, 2022) (citing *Hygh v. Jacobs*, 961 F.2d 359, 363-64 (2d Cir. 1992)). Kantner is not an attorney or fee expert, but a consultant on "insurance recovery, litigation support, and data analytics." Her experience with legal fees is limited to "several occasions" on which she served "as an attorney fee expert," including some "large and complex" matters. Kantner does not indicate

522617.1

that she has experience or expertise in evaluating the reasonableness of rates or hours worked, fee matters relating to employment, sexual harassment or defamation claims or apportionment of fees under Section 47.1 or any other fee-shifting statute. Kantner does not disclose the methodology she applied to segregate work as recoverable, non-recoverable or "inextricably intertwined" or indicate that she reviewed the underlying pleadings or evidence in the Wayfarer or Lively Actions or is familiar with the facts giving rise to the parties' competing claims. Kantner is fuzzy on whether she was provided with and reviewed original invoices and appears to have relied upon "spreadsheets provided to [her] by Counsel," which allegedly "reflect the same information provided in the monthly invoices prepared for Ms. Lively." She admittedly edited descriptions of work to excise privileged and confidential information without demonstrating the experience or expertise to identify such material. Many edits appear haphazard or arbitrary with some ending mid-sentence. Kantner does not disclose the basis for her decisions to edit or delete certain entries or whether they were dictated by counsel. Willkie and Manatt did not verify the accuracy of the underlying invoices, the "spreadsheets" provided to Kantner or Kantner's summaries or calculations. Kantner's declaration and summaries lack foundation and should be discounted.

**B.    Willkie And Manatt's Hourly Rates Are Excessive.**

A reasonable rate is one a reasonable client would pay to litigate the matter effectively, while spending no more than necessary, measured against "prevailing [rates] in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). While an attorney's customary billing rate and fee arrangement with the client may indicate a reasonable rate, a client's agreement to pay an expensive rate does not mean that the rate is reasonable and may be imposed on an opposing party. *Eletson v. Levona Holdings Ltd.*, 2026 WL 1745709, at *9 (S.D.N.Y. June 2, 2026) (Liman, J.).

8

Biographical information is required for the Court to evaluate the reasonableness of an attorney's billing rate and courts generally deny requests that lack information on a billing attorney's credentials. *Zero Carbon Holdings, LLC v. Aspiration Partners, Inc.*, 2024 WL 3409278, at *7 (S.D.N.Y. July 15, 2024) (rejecting fees for time billed by lawyers without information on their credentials, noting that where the applicant fails to provide even the most basic information necessary to assess the reasonableness of rates, such as years and type of experience, courts generally reduce fee requests); *PDV USA, Inc. v. Interamerican Consulting Inc.*, 2026 WL 1283316, at *7-8 (S.D.N.Y. May 11, 2026) (reducing Willkie Farr fee request by 30%, 15% for rates and 15% for hours, for failure to provide evidence necessary to assess their reasonableness, and reducing Gottlieb's 2026 rate to $1,677.90 in a "complex commercial matter"). Lively recognizes that reasonableness requires an assessment of each lawyer's expertise and experience yet fails to provide biographical information for 71 of the 82 timekeepers. The $2,470,100 in fees billed by timekeepers without biographical information should be deducted from Lively's fee request. Garofalo Decl. ¶¶ 15-17, Ex. 2. Further, the hourly rates sought by Lively exceed the range typically approved in this District, requiring a reduction of the rates of the 11 other timekeepers. *See, e.g.*, *Greyhawk Hawthorne Lender LLC v. Vella*, 2025 WL 2172228, at *2-3 (S.D.N.Y. July 31, 2025) (hourly rates in district for experienced litigation partners are between $500 and $800); *Eletson*, 2026 WL 1745709, at *10 (reducing associate rates by 30% and capping law clerk and paralegal rates at $250 per hour).

## C.    Lively Fails to Apportion Nonrecoverable and Recoverable Fees.

Lively contends that Section 47.1 entitles her "to recover fees and costs on both defensive and offensive work that is 'inextricably intertwined' among her successful defense of the Wayfarer Action and her (unsuccessful) prosecution of the Lively Action." Fees are generally recoverable

9

522617.1

only with respect to the claims subject to fee shifting. *Hensley*, 461 U.S. at 434-36. Section 47.1(b) provides that "[a] prevailing defendant in any defamation action brought against that defendant for making a communication that is privileged under this section shall be entitled to their reasonable attorney's fees and costs for successfully defending themselves in the litigation." Only Lively's defense of Count II of the Wayfarer Complaint, is subject to fee shifting under Section 47.1. Lively first argues that Section 47.1 entitles her to fees incurred for the entire defense of the Wayfarer Action based on the use of the term "in the litigation." "In the litigation," however, must be read with its antecedent: "prevailing defendant in any defamation action." Lively cites no authority for the proposition that Section 47.1 is any broader and converts every claim in a multi-count complaint, or every defense of every co-defendant, into recoverable work. *Christian Rsch. Inst. v. Alnor*, 165 Cal.App.4th 1315, 1324 (2008) (defendant may recover fees and costs only for the motion to strike, not the entire litigation).Lively also seeks to exponentially multiply her fees on the ruse that her defense of Wayfarer's eight non-defamation claims and the prosecution of the fifteen affirmative claims asserted in the Lively Action are "inextricably intertwined" with fees expended to defend against Wayfarer's defamation claim. Lively begins with the remarkable statement that the Court is "not permitted" to apportion the allegedly intertwined claims. Lively is wrong. Fees need not be apportioned "when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed." *Thompson Pacific Construction, Inc. v. City of Sunnyvale*, 155 Cal.App.4th 525, 555 (2007) (citing *Reynolds Metals Co. v. Alperson*, 25 Cal.3d 124, 129-30 (1979)). However, a court may apportion fees even where the issues are connected, related, or intertwined. *El Escorial Owners Assoc. v. DLC Plastering, Inc.*, 154 Cal.App.4th 1337, 1365 (2007).

The moving party bears the burden to show that claims are "inextricably intertwined."

522617.1

*Sowemimo v. D.A.O.R. Sec., Inc.*, 2000 WL 890229, at \*5 (S.D.N.Y. June 30, 2000), *aff'd*, 1 F. App'x 82 (2d Cir. 2001). Inextricably intertwined does not mean merely related; rather the "issues are so interrelated that it would have been impossible to separate them into claims for which fees are properly awarded and claims for which they are not." *Akins v. Enterprise Rent-A-Car Co.*, 79 Cal.App.4th 1127, 1133 (2000). Lively does not identify any issue common to Wayfarer's defamation claim that would have been impossible to isolate. Nor does Lively explain why her billing records combine fees billed in both the Lively and Wayfarer Actions without any distinction. Garofalo Decl. ¶ 27, Ex. 8. Lively's counsel billed work concerning 47.1 fees, damages, and procedural mechanisms in connection with her motion to dismiss filed in March 2025. Yet, knowing Lively would be submitting additional briefing seeking fees under Section 47.1 for the defense of Wayfarer's defamation claim, counsel continued to block bill, with no effort to apportion fees between claims. Lively should not be allowed to saddle Wayfarer with millions in fees based on her own failure to properly allocate billing. Garofalo Decl. ¶ 31.

Further, Section 47.1 applies to the ***defense*** of a defamation claim, and Lively provides no authority for the notion that it can be extended to the prosecution of affirmative claims. This Court has held that "[i]n general, a party 'cannot recover its legal expenses for prosecuting [a] counterclaim' or third-party claim." *VR Optics, LLC v. Peloton Interactive, Inc.*, 2021 WL 1198930, at \*2 (S.D.N.Y. Mar. 30, 2021). The principle on which Lively relies, that fees are recoverable because her affirmative claims are "inextricably intertwined" with her defense of Wayfarer's defamation claim, applies only where the claims are a "mirror-image" of each other "which requires more than 'common' facts and 'related' legal theories." *Id.*; *Resolute Forest Prods., Inc. v. Greenpeace Int'l*, 2019 WL 8377690, at \*4 (N.D. Cal. Sept. 24, 2019) (on motion to dismiss, only "[w]ork that is inextricably intertwined with an anti-SLAPP motion is

11

compensable"); *Garrick v. Freeman Garrick*, 2025 WL 1735732, at *3 (N.D. Cal. June 23, 2025) (issues raised in Rule 12(b)(6) motion on conspiracy and California's Bane Act not inextricably intertwined and thus not recoverable under anti-SLAPP statute).

Courts also consider the relative degree of success in obtaining results. *Sokolow v. County of San Mateo*, 213 Cal.App.3d 231, 247 (1989); *Hensley,* 461 U.S. at 440 ("A reduced fee award is appropriate if the relief, however, significant, is limited in comparison to the scope of the litigation as a whole"). Defamation was one of 9 claims attacked in Lively's motion to dismiss. Lively asserted fifteen affirmative claims against 10 defendants, including 7 claims based on FEHA and Title VII. Lively cannot bootstrap a claim for fees on her failed did not prevail on her FEHA and Title VII claims into a claim for fees available for her defense of Wayfarer's defamation claim. Lively also seeks fees for her Rule 11 and other sanctions motions even though those motions were collateral to the defamation defense and the Court declined to award fees for the Rule 11 motions. Garofalo Decl. ¶ 23. The record does not support a wholesale award of the "both matters" category. The Court should exclude (or at the very least substantially reduce) the $5,228,238.12 billed for "both matters" and time not tied to defending the defamation claim.

## D.    Other Reductions Apply.

The Court must reduce excessive, redundant, or otherwise unnecessary hours. *Hensley*, 461 U.S. at 434. Courts also consider "whether the case was overstaffed, how much time the attorneys spent on particular claims, and whether the hours were reasonably expended." *Morris v. Hyundai Motor America*, 41 Cal.App.5th 24, 38 (2019). Simultaneous representation by multiple firms poses "substantial risks of task padding, over-conferencing, attorney stacking [with multiple attendance at hearings], and excessive research." *Donahue v, Donahue*, 182 Cal.App.4th 259, 271-72 (2010) ("[j]ust as there can be too many cooks in the kitchen, there can be too many lawyers on

12

a case"). The most cursory review of Lively's submission shows multiple lawyers at the same hearings, numerous charges for lawyers conferencing, conferring, or strategizing with one another, and to put it mildly, extremely excessive research and online investigation. The Court should deny or drastically reduce Lively's fee request to eliminate costs attributable to the overstaffing of this employment matter. Lively's request for 7,070.20 hours of work is 20 times the number of hours courts have found reasonable in defending similar high-profile defamation actions, even those with "complicated and underdeveloped" legal questions. *See, e.g., Bobulinski v. Tarlov*, 2025 WL 872178, at *3 (S.D.N.Y. March 20, 2025) (approving 354.1 hours). In *In re Johns-Manville Corp.*, No. 82-11656 (CGM), ECF No. 4459, at 1-3 (Bankr. S.D.N.Y. Feb. 25, 2025), the court reduced Willkie's requested $543,165.70 in fees to $10,512.50 after finding the request unreasonable where Willkie billed 476.6 hours to prosecute a contempt motion co-counsel handled reasonably in 14.5 hours. Garofalo Decl. ¶ 37, Ex. 14. The same type of opaque, overstaffed presentation warrants a substantial reduction here.

Relatedly, a prevailing party represented by the same counsel as a party not entitled to fees may recover only reasonable fees incurred in that party's own defense. *Zintel Holdings, LLC v. McLean*, 209 Cal.App.4th 431, 443 (2012); *Brown Bark III, L.P. v. Haver*, 219 Cal.App 4th 809, 829-30 (2013); *Dice v. X17, Inc.*, 2019 WL 4786064 (Cal. Ct. App. Sept. 27, 2019) (applicant must allocate fees it incurred between its defense of the claim for which fees are available and the defense of a jointly represented party). Lively does not allocate fees between Lively and Reynolds, failing even to separate fees attributable to Reynolds' separate motion to dismiss. Kantner's summaries also reflect fees relating to the allegations against Sloane and the Times. All third-party fees should be eliminated from any award.

Reductions may apply for vague entries, block billing, duplication, excessive staffing,

13

unrelated work, and work that should have been performed by more junior professionals. *Gonzalez v. Fresh Start Painting Corp.*, 2022 WL 3701096, at *5 (S.D.N.Y. Aug. 26, 2022) (descriptions such as "strategize," "internal correspondence," "status and strategy conference," and "attention to e-mails" are impermissibly vague); *Kearney v. Foley & Lardner*, 553 F.Supp.2d 1178, 1186 (S.D. Cal. 2008) ("[F]ees will not be allowed" for entries like "Prepare motion to dismiss," and "Research and analyze legal defenses" because they "are exceedingly vague."). In *Eletson*, for instance, the Court identified block billing, vague entries, disproportionate post-award work, and duplicative associate time, and imposed a 30% reduction in hours. 2026 WL 1745709, at *11-13. The records reflect extensive internal conferences, overlapping review, and parallel workstreams across firms. A percentage reduction may be used as a practical means of trimming fat from a fee application. Time entries for work on non-defamation claims include discovery, media statements, reports and appearances, social-media tagging, digital-campaign fact gathering, damages experts, and punitive damages. Those entries are not self-evidently defensive of the defamation claim against Ms. Lively. The Court should exclude, without limitation, fees for non-defamation claims, work for other Lively-side defendants, and post-dismissal work other than the fee motion; reduce the claimed rates; trim excessive and duplicative hours; disallow unrecoverable expenses; and require any request for later-invoiced fees to be made by a separate, supported application. Garofalo Decl. ¶¶ 20-30, Exs. 4-11. Finally, Plaintiff may not recover "fees on fees," i.e., the time spent litigating Plaintiff's fee application, which are available only when permitted by the unmistakably clear terms of the applicable statute or contractual provision. *Ruradan Corp. v. City of New York*, 2024 WL 3567276, at *5 (S.D.N.Y. July 29, 2024) (Liman, J).

## III.    LIVELY'S COSTS AND EXPENSES SHOULD BE SHARPLY REDUCED

Lively seeks a whopping $539,514.01 in costs and expenses without providing evidence to

substantiate the costs or attribute them to tasks covered by Section 47.1. Courts deny requests for costs without supporting invoices. *Rappaport v. Guardian Life Ins. Co. of Am.*, 2025 WL 2694252, at *14 (S.D.N.Y. Sept. 22, 2025) (declining to award costs based solely on a "costs chart" attached to an attorney declaration listing itemized expenses, without invoices); *Eletson*, 2026 WL 1745709, at *13 (limiting award to $1,913.60 for costs that were adequately documented, reasonable, unopposed and of a type commonly reimbursed in this District); *Lucky Brand Dungarees, Inc. v. Ally Apparel Res., LLC*, 2009 WL 466136, at *7 (S.D.N.Y. Feb. 25, 2009) (computer research fees not recoverable absent invoices from the vendor). Lively seeks substantial sums relating to experts – even though no experts were designated in the Wayfarer Action. Section 47.1 does not expressly authorize expert fees, consultant fees, or damages-analysis expenses. Absent explicit authorization, the term "costs" is construed narrowly and does not include expert or consultant fees. *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 297-98 (2006); *Davis v. KGO-T.V., Inc.*, 17 Cal.4th 436, 438-39 (1998); *Soka Univ. of Am. v. Shogakukuan*, 2007 WL 9770694, at *1 (C.D. Cal. May 1, 2007). Further, Lively's cited experts, Culotta and Humphreys, opined on Lively's alleged reputational harm and not on a subject relevant to Wayfarer's claim. Lively also seeks $173,276.60 in costs charged by GBX Holdings, LLC on behalf of one of Lively's retained experts, for "impressions" and "damages" work. Kantner Decl. ¶¶ 32-35, Ex. 12.

In sum, Lively fails to meet her burden to present credible evidence showing that the fees and costs she seeks to recover are reasonable and, accordingly, her fee motion should be denied in its entirety. At minimum, the Court should substantially reduce the request, using as a benchmark the $181,622.70 the Times sought after securing dismissal of Count II on its separate motion to dismiss – the same outcome Lively achieved.

15

Dated: July 13, 2026
        Los Angeles, CA

**LINER FREEDMAN TAITELMAN**
**+ COOLEY**


By:    */s/ Ellyn S. Garofalo*
          Bryan J. Freedman
          Ellyn S. Garofalo
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Tel: (310) 201-0005
Email: bfreedman@lftcllp.com
          egarofalo@lftcllp.com

MEISTER SEELIG & SCHUSTER PLLC
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: ms@mss-pllc.com
          kaf@ mss-pllc.com

16