# EXHIBIT 1

Case 1:24-cv-10049-LJL    Document 1450-1    Filed 07/13/26    Page 2 of 16

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

---

THE NEW YORK TIMES COMPANY,

                Plaintiff,

    v.

WAYFARER STUDIOS LLC,

                Defendant.

Index No. 162963/2025

---

**MEMORANDUM OF PLAINTIFF THE NEW YORK TIMES COMPANY IN**
**SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

David McCraw
Jackson Busch
The New York Times Company
Legal Department
620 8th Avenue
New York, NY 10018
Telephone: (212) 556-4031
Email: mccraw@nytimes.com

*Attorneys for Plaintiff The New
York Times Company*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................................ iii

PRELIMINARY STATEMENT ...................................................................................................... 1

BACKGROUND ............................................................................................................................. 1

    A.    Relying on a legal document and contemporaneous communications, The Times publishes an article describing allegations of workplace misconduct by Wayfarer executives. ......................................................................................... 1

    B.    Wayfarer and its affiliates file a meritless defamation action against The Times in federal court. ................................................................................................ 2

    C.    The federal court dismisses the claims against The Times with prejudice. ........... 3

    D.    The Times files the instant case to recover its attorneys' fees under New York's anti-SLAPP law. ...................................................................................... 3

ARGUMENT .................................................................................................................................. 4

    I.    THE TIMES IS ENTITLED TO MANDATORY ATTORNEYS' FEES UNDER NEW YORK'S ANTI-SLAPP LAW ................................................................. 4

        A.    The Wayfarer lawsuit against The Times falls within the anti-SLAPP law because it involved public petition and participation. ........................................... 5

        B.    The Wayfarer Plaintiffs commenced or continued the lawsuit without a substantial basis in fact and law. .......................................................................... 6

    II.    THE ATTORNEYS' FEES SOUGHT BY THE TIMES ARE REASONABLE .......... 8

        A.    The fees charged by The Times's outside counsel were reasonable. ..................... 9

        B.    The Times is also entitled to the reasonable fees incurred by its in-house lawyers litigating this case. ................................................................................... 9

CONCLUSION ............................................................................................................................. 10

## TABLE OF AUTHORITIES

**Cases**                                                                                                                    **Page(s)**

*215 W. 84th St Owner LLC v. Bailey*,
  217 A.D.3d 488 (1st Dep't 2023) ...............................................................................................6, 7

*Balliet v. Kottamasu*,
  175 N.Y.S.3d 678 (Civ. Ct. Kings Cnty. 2022) ...........................................................................5

*Bobulinski v. Tarlov*,
  758 F. Supp. 3d 166 (S.D.N.Y. 2024)...........................................................................................7

*Bobulinski v. Tarlov*,
  2025 U.S. Dist. LEXIS 51839 (S.D.N.Y. Mar. 20, 2025) ...........................................................9

*Cabrera v. City of N.Y.*,
  2014 2014 N.Y. Misc. LEXIS 937 (Sup. Ct. Bronx Cnty. 2014)................................................7

*Carey v. Carey*,
  2022 N.Y. Misc. LEXIS 675 (Sup. Ct. N.Y. Cnty. Feb. 15, 2022) ...........................................6

*Cartagena v. City of N.Y.*,
  2024 N.Y. Misc. LEXIS 58182 (Sup. Ct. N.Y. Cnty. Feb. 13, 2024) .......................................7

*Coleman v. Grand*,
  523 F. Supp. 3d 244 (E.D.N.Y. 2021) ........................................................................................6

*Collins v. Indart-Etienne*,
  2018 NYLJ LEXIS 759 (Sup. Ct. Kings Cnty. Mar. 14, 2018) .................................................7

*Ctr. for Med. Progress v. Planned Parenthood Fed'n of Am.*,
  551 F. Supp. 3d 320 (S.D.N.Y. 2021)..........................................................................................6

*Gillespie v. Kling*,
  217 A.D.3d 566 (1st Dep't 2023) .................................................................................................6

*Golan v. Daily News, L.P.*,
  2023 N.Y. Misc. LEXIS 5458 (Sup. Ct. N.Y. Cnty. Sept. 11, 2023) ....................................8, 9

*Goldman v. Abraham Heschel Sch.*,
  227 A.D.3d 544 (1st Dep't 2024) .................................................................................................7

*Isaly v. Garde*,
  83 Misc. 3d 379 (Sup. Ct. N.Y. Cnty. 2024) ..............................................................................8

*N.Y. Times Co. v. CIA*,
  251 F. Supp. 3d 710 (S.D.N.Y. 2017).....................................................................................9, 10

*Omansky v. Tribeca Citizen LLC*,
   2022 N.Y. Misc. LEXIS 5795 (Sup. Ct. N.Y. Cnty. Aug. 24, 2022) ....................................5, 6

*Reeves v. Associated Newspapers, Ltd.*,
   232 A.D.3d 10 (1st Dep't 2024) ..............................................................................1, 5, 6, 8

*Trump v. Trump*,
   2024 N.Y. Misc. LEXIS 117 (Sup. Ct. N.Y. Cnty. Jan. 12, 2024)..................................8, 9, 10

**Statutes**

N.Y. Civ. Rights Law § 70-a ............................................................................................4, 5, 6

N.Y. Civ. Rights Law § 76-a ....................................................................................................5

iv

Plaintiff The New York Times Company ("The Times") respectfully submits this memorandum of law in support of its motion for summary judgment pursuant to CPLR 3212.

## PRELIMINARY STATEMENT

A strategic lawsuit against public participation ("SLAPP suit"), "typically sounding in defamation, is brought to intimidate or silence a person who has spoken out about a matter of public interest." *Reeves v. Associated Newspapers, Ltd.*, 232 A.D.3d 10, 12 (1st Dep't 2024). That is precisely what Defendant Wayfarer Studios LLC ("Wayfarer") tried to do here. After The Times published an article describing misconduct allegations against Wayfarer executives based on an official complaint to an anti-discrimination agency, Wayfarer, along with affiliated entities and individuals, sued The Times for defamation in federal court. Its claims were meritless, and they were promptly dismissed with prejudice. But, in the process, The Times incurred a six-figure legal bill.

New York law offers a remedy. To discourage SLAPP suits, which chill the free exchange of ideas, New York's anti-SLAPP statute requires that courts award attorneys' fees to a party if it can show (1) that it was sued for speaking on a matter of public interest, and (2) that the suit "was commenced or continued without a substantial basis in fact and law." Because both requirements are met, The Times is entitled to summary judgment on its anti-SLAPP claim and an award of attorneys' fees.

## BACKGROUND

**A. Relying on a legal document and contemporaneous communications, The Times publishes an article describing allegations of workplace misconduct by Wayfarer executives.**

On December 21, 2024, The Times published a news article written and reported by Megan Twohey, Mike McIntire, and Julie Tate titled "'We Can Bury Anyone': Inside a Hollywood Smear Machine" (the "Article") and an accompanying video (the "Video"). McCraw Aff. Exs. A, B. The

1

Case 1:24-cv-10049-LJL    Document 1450-1    Filed 07/13/26    Page 7 of 16

Article and Video reported on a sexual harassment and workplace retaliation complaint filed by actor Blake Lively with the California Civil Rights Department ("CRD") in connection with her work on the Wayfarer-produced film "It Ends With Us." Ms. Lively filed her complaint against Justin Baldoni, who directed and starred in the film and co-founded Wayfarer, and Jamey Heath, Wayfarer's CEO and the film's lead producer. She alleged that Mr. Baldoni and Mr. Heath engaged in misconduct on the set of the film and that Mr. Baldoni subsequently engaged a "crisis PR" specialist, Melissa Nathan, to tarnish her reputation.

The Article and Video explicitly relied on and cited to Ms. Lively's CRD complaint. They also relied on and cited documents incorporated into the complaint, including text messages and email communications between Mr. Baldoni, his publicist Jennifer Abel, and Ms. Nathan.

### B. Wayfarer and its affiliates file a meritless defamation action against The Times in federal court.

Dissatisfied with the Article and Video, Wayfarer, along with several affiliated people and entities (the "Wayfarer Plaintiffs") sued The Times.[1] It first filed in California state court, though the complaint was never served. Then, after Ms. Lively sued the Wayfarer Plaintiffs in federal court, the Wayfarer Plaintiffs countersued. The federal court consolidated those suits into a single action, and the Wayfarer Plaintiffs filed an amended complaint, which added The Times as a defendant. McCraw Aff. Ex. C.

The amended Wayfarer complaint asserted four causes of action against The Times, all tied to the publication of the Article and Video. The first was a defamation claim concerning the content of the Article and Video. *Id.* ¶¶ 324–31. The second was a substantially similar false light claim.

---

[1] These affiliated people and entities include Mr. Baldoni, Mr. Heath, Ms. Abel, Ms. Nathan, Steve Sarowitz (Wayfarer's other co-founder), and It Ends With Us Movie LLC. The affiliated parties joined Wayfarer in all subsequent filings against The Times and were represented by the same counsel. Only Wayfarer, as the lead plaintiff in the underlying litigation and parent organization or employer of the others, is sued here.

*Id.* ¶¶ 267, 332–39. The third and fourth were claims for promissory fraud and breach of implied contract, both related to The Times's communications to the Wayfarer Plaintiffs seeking comment for the Article and Video—specifically, an allegation that The Times had promised to delay publishing the story. *Id.* ¶¶ 375–91.

### C. The federal court dismisses the claims against The Times with prejudice.

The Times promptly moved to dismiss the Wayfarer Plaintiffs' claims against it with prejudice. The federal court granted that motion on June 9, 2025. McCraw Aff. Ex. D.

The federal court's opinion made clear that the claims against The Times were meritless. First, it concluded that the defamation claim was mostly barred by New York's fair report privilege because The Times's story was based on Ms. Lively's formal complaint to the CRD and that, even to the extent it "may not be," the Wayfarer Plaintiffs had failed to plead actual malice, a necessary element. *Id.* at *147–66. Second, it dismissed the false light claim for the same reasons and also because New York law does not recognize this cause of action. *Id.* at *168–69. And finally, it dismissed the promissory fraud and breach of implied contract claims, concluding that no contract existed and that, in any event, The Times honored its promise by including the Wayfarer Plaintiffs' comment in the Article. *Id.* at *176–78. Because the federal court determined that these defects could not be fixed by amending the complaint, it dismissed all the claims against The Times with prejudice. *Id.* at *179–82. To date, the Wayfarer Plaintiffs have not appealed the federal court's decision.

### D. The Times files the instant case to recover its attorneys' fees under New York's anti-SLAPP law.

Following the federal court's dismissal of these claims, The Times brought the instant case to recover the attorneys' fees it incurred in defending against the Wayfarer lawsuit. The Times filed its complaint (with the dismissed Wayfarer complaint from the Southern District of New

3

York and the federal court's opinion attached) on September 30, 2025, Docket Nos. 1–3, and served Wayfarer shortly thereafter, Docket No. 4. Wayfarer answered on December 2, 2025, after an agreed-upon extension. Docket No. 7. The Times now moves for summary judgment.

## ARGUMENT

Wayfarer's liability for The Times's fees is an open-and-shut issue under New York's anti-SLAPP law. The Wayfarer Plaintiffs filed suit in federal court over a newspaper article and video that concern a matter of public interest. And they initiated and continued that lawsuit without a substantial basis in fact and law, as the federal court's opinion dismissing the claims against The Times with prejudice makes clear. In defending against that lawsuit and bringing this one, The Times incurred legal fees. It is therefore entitled to summary judgment on its anti-SLAPP claim and an award in the amount of those reasonable fees.

## I. THE TIMES IS ENTITLED TO MANDATORY ATTORNEYS' FEES UNDER NEW YORK'S ANTI-SLAPP LAW

New York's anti-SLAPP law provides that "[a] defendant in an action involving public petition and participation . . . may maintain an action, claim, cross claim or counterclaim to recover damages, including costs and attorney's fees, from any person who commenced or continued such action." N.Y. Civ. Rights Law § 70-a(1). And it specifies that "costs and attorney's fees *shall be recovered* upon a demonstration . . . that the action involving public petition and participation was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law." *Id.* § 70-a(1)(a) (emphasis added). So, to be entitled to a mandatory award of attorneys' fees, The Times must show (1) that the Wayfarer lawsuit "involve[ed] public petition and participation," and (2) that the Wayfarer lawsuit "was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of

4

Case 1:24-cv-10049-LJL    Document 1450-1    Filed 07/13/26    Page 10 of 16

existing law." The record makes plain that The Times meets both requirements and that there are no material factual disputes about either.

**A. The Wayfarer lawsuit against The Times falls within the anti-SLAPP law because it involved public petition and participation.**

To come within the scope of the anti-SLAPP law, The Times must first show "that the action"—the federal Wayfarer lawsuit against it—"involve[ed] public petition and participation." N.Y. Civ. Rights Law § 70-a(1)(a).

An "action involving public petition and participation" means a lawsuit about "any communication in a place open to the public or a public forum in connection with an issue of public interest" or "any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest, or in furtherance of the exercise of the constitutional right of petition." N.Y. Civ. Rights Law § 76-a(1)(a). The term "'[p]ublic interest' shall be construed broadly, and shall mean any subject other than a purely private matter." *Id.* § 76-a(1)(d).

The Article and Video that were the subject of the Wayfarer Plaintiffs' claims against The Times were published on "a news media website," which "is a quintessential public forum." *Reeves*, 232 A.D.3d at 19; *see also Omansky v. Tribeca Citizen LLC*, 2022 N.Y. Misc. LEXIS 5795, at *11–12 (Sup. Ct. N.Y. Cnty. Aug. 24, 2022) (concluding that "a newspaper reporting on community issues" is "a public forum"); *Balliet v. Kottamasu*, 175 N.Y.S.3d 678, 690 (Civ. Ct. Kings Cnty. 2022) (explaining that "a news media website [is] undoubtedly a public forum pursuant to New York's anti-SLAPP Civil Rights Law § 76-a" (footnote omitted)). Wayfarer does not dispute this fact. *See* Docket No. 7 ¶ 11 (admitting "that The Times published the Article and the Video on December 21, 2024"). And the Article and Video concerned allegations of workplace misconduct and retaliation by and against prominent members of the entertainment industry—

5

Case 1:24-cv-10049-LJL    Document 1450-1    Filed 07/13/26    Page 11 of 16

subject matter comfortably within the broadly construed bounds of the "public interest." *See Coleman v. Grand*, 523 F. Supp. 3d 244, 259 (E.D.N.Y. 2021) (concluding, under New York law, that "sexual impropriety and power dynamics in the music industry, as in others, were indisputably an issue of public interest"), *aff'd*, 158 F.4th 132 (2d Cir. 2025); *see also, e.g., Carey v. Carey*, 2022 N.Y. Misc. LEXIS 675, at *13–15 (Sup. Ct. N.Y. Cnty. Feb. 15, 2022) (personal and family details about a celebrity fall within the public interest), *aff'd*, 220 A.D.2d 477 (1st Dep't 2023); *Omansky*, 2022 N.Y. Misc. LEXIS 5795, at *11–12 (reporting related to a judicial proceeding falls within the public interest); *Gillespie v. Kling*, 217 A.D.3d 566, 567 (1st Dep't 2023) (allegations of domestic violence fall within the public interest); *Ctr. for Med. Progress v. Planned Parenthood Fed'n of Am.*, 551 F. Supp. 3d 320, 332 (S.D.N.Y. 2021) (statements "made in connection with civil and criminal actions" fall within the public interest), *aff'd sub nom. Daleiden v. Planned Parenthood Fed'n of Am.*, 2022 U.S. App. LEXIS 9086 (2d Cir. Apr. 5, 2022).

### B. The Wayfarer Plaintiffs commenced or continued the lawsuit without a substantial basis in fact and law.

The Times also meets the other requirement imposed by the anti-SLAPP law: that the federal Wayfarer lawsuit against it "was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law." N.Y. Civ. Rights Law § 70-a(1)(a).

Wayfarer does not contest—nor could it—that the federal court dismissed its claims against The Times with prejudice under Federal Rule of Civil Procedure 12(b)(6). Docket No. 7 ¶¶ 20–21 (admitting that The Times filed a motion to dismiss and that the federal court granted that motion). That undisputed fact alone is all that is needed under New York law. New York courts have held that, when a lawsuit fails to state a claim, it "necessarily lacks a substantial basis in law[.]" *Reeves*, 232 A.D.3d at 24; *see also 215 W. 84th St Owner LLC v. Bailey*, 217 A.D.3d 488, 488–89 (1st

6

Dep't 2023) ("[T]he action was without a substantial basis in fact and law, as demonstrated by the court's dismissal of the complaint for failure to state a claim[.]" (cleaned up)); *Goldman v. Abraham Heschel Sch.*, 227 A.D.3d 544, 545 (1st Dep't 2024) (concluding that the "[p]laintiff's failure to meet the CPLR 3211(a)(1) and (7) standard necessarily establishes his failure to meet the higher" substantial basis standard).

Whether the motion to dismiss is granted under New York's CPLR 3211(a)(7) or Rule 12(b)(6) in federal court, the result is the same because the distinction between the two standards is "not salient here." *Bobulinski v. Tarlov*, 758 F. Supp. 3d 166, 185 n.17 (S.D.N.Y. 2024).[2] To begin, the basis for dismissal of the defamation claim—the fair report privilege and a lack of actual malice—would be recognized in state court as in federal court. And dismissal here was not a close call: so weak was the Wayfarer case that the federal court declined to let the Wayfarer Plaintiffs amend the defamation claim. Instead, it found that the request to amend with additional, "unspecified facts . . . suggests a dilatory motive to extend the litigation rather than a legitimate belief that amendment will alter the Court's determination." McCraw Aff. Ex. D at *181 (cleaned up).[3]

The federal court's opinion likewise makes clear that the other Wayfarer claims against The Times were exceptionally weak and therefore lacking a substantial basis in fact and law for purposes of the anti-SLAPP statute. It called the promissory fraud and breach of implied contract claims "meritless," explaining that the principal legal argument supporting them "makes little

---

[2] The two standards "are virtually the same" to begin with, as New York courts have recognized. *Collins v. Indart-Etienne*, 2018 NYLJ LEXIS 759, at *20 (Sup. Ct. Kings Cnty. Mar. 14, 2018); *see also Cabrera v. City of N.Y.*, 2014 2014 N.Y. Misc. LEXIS 937, at *6 (Sup. Ct. Bronx Cnty. 2014) ("[T]he standards imposed with respect to a motion pursuant to CPLR § 3211(a)(7) and FRCP § 12(b)(6) are nearly identical."); *Cartagena v. City of N.Y.*, 2024 N.Y. Misc. LEXIS 58182, at *14 (Sup. Ct. N.Y. Cnty. Feb. 13, 2024) ("[T]he New York State pleadings standard is analogous to the federal standard . . . .").

[3] For the same reason, there was no reasonable argument for the extension, modification, or reversal of existing law. And, in any event, Wayfarer did not make such an argument in its federal court briefing.

sense." McCraw Aff. Ex. D at *174–76; *see also id.* at *181 n.66 (denying leave to amend these claims because they "are meritless in any formulation"). And it dismissed the false light claim because (among other reasons) New York law does not even recognize that cause of action. *Id.* at *168–69.

Put simply, all the claims were held by an experienced trial judge to be not just losing, but deeply and irreparably flawed. There can thus be no doubt that the suit against The Times was commenced or continued without a substantial basis in fact and law, and that it is accordingly entitled to a mandatory award of attorneys' fees.

## II.    THE ATTORNEYS' FEES SOUGHT BY THE TIMES ARE REASONABLE

Because The Times is entitled to a mandatory award of fees, all that remains is to "determin[e] the amount." *Reeves*, 228 A.D.3d at 90. A fee award "must be reasonable and not excessive." *Trump v. Trump*, 2024 N.Y. Misc. LEXIS 117, at *3 (Sup. Ct. N.Y. Cnty. Jan. 12, 2024) (McCraw Aff. Ex. E). To determine what is reasonable, courts consider a variety of factors, including the time and labor required, the skill necessary to provide effective counsel, the result obtained, and the experience of the attorneys involved. *Id.* at *3–4; *Golan v. Daily News, L.P.*, 2023 N.Y. Misc. LEXIS 5458, at *5–6 (Sup. Ct. N.Y. Cnty. Sept. 11, 2023). The amount sought by The Times, which is almost certainly a fraction of what the Wayfarer Plaintiffs' multiple lawyers from multiple firms charged for work on the motion, is reasonable as a matter of law.[4]

---

[4] New York courts determining attorneys' fee awards "have varied in considering fee applications on papers alone or through evidentiary hearings." *Isaly v. Garde*, 83 Misc. 3d 379, 394 (Sup. Ct. N.Y. Cnty. 2024). The Times respectfully submits that the fee amount here can be decided on the papers alone. The fees requested by The Times are facially reasonable, and the McCraw Affirmation robustly supports them. Deciding on the papers also would preserve judicial resources and prevent Wayfarer—whose "dilatory" conduct has already been highlighted by the federal court overseeing its SLAPP suit, McCraw Aff. Ex. D at *181—from further prolonging this dispute.

8

**A. The fees charged by The Times's outside counsel were reasonable.**

The fees charged by The Times's outside counsel for defending against the lawsuit were reasonable. As detailed in the McCraw Affirmation, The Times responded to the Wayfarer suit as it would any other high-profile defamation action filed against it. It retained seasoned media lawyers who frequently handle defamation lawsuits. McCraw Aff. ¶¶ 7–9. It ensured that those lawyers charged competitive rates. *Id.* ¶¶ 10–11. And it supervised those lawyers so that they completed work efficiently while still vigorously representing its interests. *Id.* ¶ 12; *see Bobulinski v. Tarlov*, 2025 U.S. Dist. LEXIS 51839, at *7 (S.D.N.Y. Mar. 20, 2025) (explaining that the hours expended were warranted "given the high stakes of this kind of defamation case, where significant money and the reputations of [the defendants] are on the line"). Those lawyers won in federal court, securing dismissal of all claims against The Times with prejudice. McCraw Aff. ¶ 13. They charged a total of $153,074.70, which The Times paid. *Id.* ¶ 14; *see Bobulinski*, 2025 U.S. Dist. LEXIS 51839, at *10 (noting that a law firm's billing practices "w[ere] clearly acceptable to [the client], which has paid, or approved for payment these fees" (cleaned up)). The Times is thus entitled to an award in that amount.

**B. The Times is also entitled to the reasonable fees incurred by its in-house lawyers litigating this case.**

The Times is also entitled to the fees incurred litigating the instant fees case. *See Golan*, 2023 N.Y. Misc. LEXIS 5458, at *4 (concluding that the anti-SLAPP "statute entitles Defendants to fees for filing and briefing" their fees motion). This is so even though the case has been handled by its in-house lawyers rather than outside counsel. *See Trump*, 2024 N.Y. Misc. LEXIS 117, at *4 (awarding fees for work by in-house lawyers at The Times); *N.Y. Times Co. v. CIA*, 251 F. Supp. 3d 710, 715–16 (S.D.N.Y. 2017) (same).

9

As outlined in the McCraw Affirmation, those fees were also reasonable. The Times's in-house lawyers worked efficiently to prepare a complaint and summons, and later this motion. McCraw Aff. ¶¶ 26–28. And the proposed rates for each of those in-house lawyers are commensurate with the market value of their services, as other courts have recognized. *Id.* ¶¶ 23–25 (discussing *Trump*, 2024 N.Y. Misc. LEXIS 117); *see also CIA*, 251 F. Supp. 3d at 715 (finding rates charged by The Times's in-house lawyers to be reasonable). So The Times is likewise entitled to payment of those fees in full.

## **CONCLUSION**

For the foregoing reasons, The Times respectfully requests that this Court grant its motion for summary judgment under CPLR 3212, award The Times its reasonable attorneys' fees in the amount of $181,622.70, and provide such further relief as the Court deems appropriate.

Dated:  January 14, 2026
       New York, New York

THE NEW YORK TIMES COMPANY

By: _David McCraw_
    _____
David McCraw
Jackson Busch
The New York Times Company
Legal Department
620 8th Avenue
New York, NY 10018
Telephone: (212) 556-4031
Email: mccraw@nytimes.com

*Attorneys for Plaintiff The New York Times Company*

10

## <u>CERTIFICATION OF COUNSEL</u>

I hereby state, pursuant to Rule 202.8-b of the Uniform Rules, that the foregoing brief was prepared on a computer using Microsoft Word. Pursuant to the word count system in Microsoft Word, the total number of words in the brief, excluding the caption, table of contents, table of authorities, signature block, and this certification, is 3,244.

Dated:  January 14, 2026
       New York, New York

*/s/ David McCraw*      
David McCraw

11