# EXHIBIT 13

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

In re:                                                                    Chapter 11

Johns-Manville Corporation Et Al.,                          Case No. 82-11656 (CGM)

                                    Debtor.

------------------------------------------------------------x

## <u>ORDER GRANTING PETITIONER'S ATTORNEYS' FEES IN PART, DENYING PETITIONER'S ATTORNEYS' FEES IN PART</u>

Before the Court is the amount of attorney's fees listed in Petitioner's[1] affidavits pursuant to the Court's *Memorandum Decision Granting Marsh USA, Inc.'s Motion for Contempt* [ECF No. 4453] (the "<u>Contempt Decision</u>"). Consistent with the Court's Contempt Decision, attorneys for Marsh USA, Inc., including the law firms of Willkie Farr & Gallagher LLP ("Willkie"), Jackson Walker LLP ("Jackson Walker"), and Bryan Nelson P.A. ("Bryan Nelson"), submitted affidavits for attorney's fees incurred for the time spent litigating in this Court on the Motion for Contempt and the time spent litigating in the Mississippi courts on the Motion for Reconsideration and Parra Appeal. *See Affidavit of John L. Brennan Detailing Willkie's Attorneys' Fees in Support of Marsh's Contempt Motion* [ECF No. 4455] ("Wilkie Aff."); *Affidavit of John A. Koepke Detailing Marsh's Attorneys' Fees in Support of Marsh's Contempt Motion* [ECF No. 4456] ("Jackson Walker Aff."); *Affidavit of Joseph A. O'Connell Detailing Marsh's Attorneys' Fees in Support of Marsh's Contempt Motion* [ECF No. 4457] ("Bryan Nelson Aff.").

The Willkie Aff. sets forth attorneys' fees of $543,165.70 "in connection with work undertaken by Willkie to address Respondents' noncompliance with the Court's prior orders and injunctions, including prosecution of the Contempt Motion." Willkie Aff. ¶ 3. There is no further breakdown of attorneys' fees indicated in the Willkie Aff., except for the fact that all $543,165.70

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Contempt Decision (as defined herein).

in attorneys' fees were incurred from the period beginning July 2, 2024 through and including November 22, 2024. *See id.* Accordingly, based on the timeline and information provided in the Willkie Aff., none of the $543,165.70 in attorneys' fees were incurred in connection with litigating the Motion for Reconsideration or Parra Appeal in the Mississippi courts.[2] Rather, all $543,165.70 in attorneys' fees claimed in 2024 are attributable to litigating the Motion for Contempt in this Court. The Court concludes that the requested fees are unsubstantiated as to the time spent litigating in the Mississippi courts on the Motion for Reconsideration or Parra Appeal and therefore, unreasonable in the amount claimed for merely litigating the Motion for Contempt in this Court. While Jackson Walker attorneys spent 14.5 hours prosecuting the Motion for Contempt, Willkie attorneys spent 476.6 hours prosecuting the Motion for Contempt. *See* Willkie Aff., Ex. A; Jackson Walker Aff., Ex. A. Having given no further information or context as to the work undertaken apart from the timeframe, this Court finds the number of hours that Willkie attorneys spent on prosecuting the Motion for Contempt in 2024 to be unreasonable and the number of hours that Jackson Walker attorneys spent on prosecuting the Motion for Contempt to be reasonable. While the rates charged by Jackson Walker as listed in the Jackson Walker Aff. are not identical to the rates charged by Willkie as listed in the Willkie Aff., they are comparable. This Court finds that Jackson Walker's hourly rates are reasonable. Accordingly, the Court hereby reduces Willkie's attorneys' fees to $10,512.50, which is the amount claimed in the Jackson Walker Aff. for the time spent prosecuting the Motion for Contempt in this Court. This Court believes that $10,512.50 is a reasonable amount to compensate Willkie for attorneys' fees incurred in connection with litigating the Motion for Contempt in this Court over a four-month period.

The Jackson Walker Aff. lists $49,010.00 in attorney's fees incurred "in connection with work undertaken by J[ackson] W[alker] to defend Marsh in the Mississippi Action, the Parra

---

[2] The Motion for Reconsideration was filed on June 14, 2021, and was denied on September 18, 2023. *See* Davis Decl., Ex. 6. The Parra Appeal was filed on October 13, 2023. *See* Davis Decl., Ex. 8.

Appeal, and to address Respondent's noncompliance with the Court's prior orders and injunctions, including prosecution of the [] Motion [for Contempt]." Jackson Walker Aff. ¶ 3. The Jackson Walker Aff. properly breaks down attorneys' fees earned from litigating the Motion for Reconsideration and Parra Appeal in the Mississippi courts—$38,497.50—and attorneys' fees incurred from litigating the Motion for Contempt in this Court—$10,512.50, for a total of $49,010.00. *See id.* at Ex. A. After review of the Jackson Walker Aff., the Court finds $49,010.00 to be a reasonable and substantiated amount incurred in connection with litigating the Motion for Reconsideration and Parra Appeal in the Mississippi courts and litigating the Motion for Contempt in this Court.

The Bryan Nelson Aff. sets forth attorneys' fees of $5,959.10 "in connection with work undertaken by B[ryan] N[elson] to defend Marsh in the Mississippi Action and Parra Appeal." Bryan Nelson Aff. ¶ 3. The Bryan Nelson Aff. clarifies that all $5,959.10 in attorneys' fees were incurred in connection with litigation in the Mississippi courts. *See id.* at Ex. A. After review of the Bryan Nelson Aff., this Court finds $5,959.10 to be a reasonable and substantiated amount incurred in connection with litigating the Motion for Reconsideration and Parra Appeal in the Mississippi courts.

Accordingly, it is hereby ORDERED that Respondents shall pay $10,512.50 to Willkie, $49,010.00 to Jackson Walker, and $5,959.10 to Bryan Nelson, within fourteen (14) days of the date hereof.

**IT IS SO ORDERED.**

/s/ Cecelia G. Morris

Dated: February 25, 2025
Poughkeepsie, New York

_____
Hon. Cecelia G. Morris
U.S. Bankruptcy Judge

3