USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/17/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY, et al., Plaintiffs, -v- WAYFARER STUDIOS, et al., Defendants. | 24-cv-10049 (LJL); 25-cv-449 (LJL) |

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

This Order resolves all remaining motions in the related cases, No. 24-cv-10049 (the "Lively Action"), and No. 25-cv-449 (the "Wayfarer Action"). The cases involve the film *It Ends with Us* (the "Film") and the contentious fallout between its two co-stars, Blake Lively ("Lively") and Justin Baldoni ("Baldoni"). The cases additionally involve the Wayfarer Parties[1] and Jonesworks LLC ("Jonesworks").

## BACKGROUND AND PROCEDURAL HISTORY

The Court has previously outlined the background of this dispute at length. *See Lively v. Wayfarer Studios LLC*, 786 F. Supp. 3d 695, 714–31 (S.D.N.Y. 2025). Familiarity with the prior proceedings is presumed.

The parties entered a notice of settlement and joint stipulation on May 7, 2026 which resolved all issues in the cases except for Lively's motion pursuant to California Civil Code § 47.1 in Case No. 25-cv-449. Dkt. No. 1434.[2] The Court resolved that motion in an Opinion

[1] The Wayfarer Parties are Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, It Ends With Us Movie LLC, Melissa Nathan, The Agency Group PR LLC, and Jennifer Abel.
[2] Unless otherwise noted, citations to docket entries reference the Lively Action.

and Order of June 12, 2026 which granted Lively's motion for attorneys' fees and costs and denied her motion for treble and punitive damages. Dkt. No. 1440. In an Opinion and Order of August 25, 2026, the Court awarded Lively $363,245.40 in attorneys' fees and $44,206.35 in costs. Dkt. No. 1452.

Before the Court remains the parties' motions for sealing at Dkt. Nos. 891, 899, 907, 932, 937, 951, 966, 971, 979, 990, 1001, 1002, 1007, 1048, 1049, 1054, 1061, 1090, 1093, 1109, 1116, 1131, 1138, 1152, 1161, 1180, 1192, 1195, 1205, 1207, 1212, 1255, 1336, 1339, 1412, 1415, 1418. These motions concern the "presumption of immediate public access to judicial documents under both the common law and the First Amendment." *Lohnn v. Int'l Bus. Machs. Corp.*, 2022 WL 36420, at *6 (S.D.N.Y. Jan. 4, 2022) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006)). Accordingly, they are not resolved by the parties' settlement and the resolution of this case.

On August 21, 2026, the Court ordered the parties to inform the Court what materials, if any, require continued sealing. Dkt. No. 1451. Jonesworks filed a letter on September 4, 2026 informing the Court that it does not seek continued sealing of the materials referenced in its sealing motions, with the exception of any personally identifying information ("PII"). Dkt. No. 1455. Lively filed a letter informing the Court that she does not request the continued sealing of any documents or information involved in the pending motions to seal. Dkt. No. 1459. The Wayfarer Parties filed a letter seeking the continued sealing of certain docket entries due to private medical and business information, confidential information regarding a third-party, and PII. Dkt. No. 1456 at 1–6. The Wayfarer Parties additionally identified docket entries that should remain sealed because they have previously been publicly filed with redactions and identified docket entries for which they do not seek continued sealing. *Id.*

All other pending motions have been resolved by the parties' settlement and are therefore denied as moot.

**DISCUSSION**

There is a presumption of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *Brown v. Maxwell*, 929 F.3d 41, 47–48 (2d Cir. 2019). A judicial document is a document "relevant to the performance of the judicial function and useful in the judicial process." *Brown*, 929 F.3d at 49 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). If a document is determined to be a judicial document, then the Court must assess the "weight of the presumption" of public access against any "countervailing interests." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). "[A]ll documents submitted in connection with, and relevant to, such judicial decisionmaking are subject to at least some presumption of public access." *Brown*, 929 F.3d at 50. "[I]n discussing the continuum along which the strength of the presumption will be measured, . . . where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches." *Id.* at 121. "[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." *Lugosch*, 435 F.3d at 123 (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).

Where the presumption is at its peak, as it is in the summary judgment context or other dispositive motion, continued sealing "may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Id.* at 124; *see Olson v. Major League Baseball*, 29 F.4th 59, 90 (2d Cir. 2022). Among the "higher values" that courts have found sufficient to overcome the presumption of public access are "protecting the confidentiality of grand jury proceedings, protecting minor victims of sex crimes, protecting a defendant's Sixth Amendment right to a fair

trial, protecting significant and substantial privacy interests, such as the physical safety of litigants, witnesses, or third parties, preventing danger to persons or property, and maintaining 'the integrity of significant activities entitled to confidentiality, such as ongoing undercover investigations or detection devices.'" *Courthouse News Serv. v. Corsones*, 131 F.4th 59, 68–69 (2d Cir. 2025) (citation omitted).

The Court addresses each category of documents addressed by the Wayfarer Parties in turn.

## I. Documents Previously Filed in Redacted Form

The Wayfarer Parties have identified docket entries which the Court has previously ordered publicly filed with approved redactions. Dkt. No. 1456 at 2–3, 5–6. The Wayfarer Parties therefore seek continued sealing of the unredacted form of these materials.

In particular, the Wayfarer Parties seek continued sealing of Dkt. Nos. 1209-5, 1209-6, and 1209-7[3] because the Court previously ordered the parties to file redacted versions of those exhibits on the docket in the Lively Action or the related action *Jones et al. v. Abel et al.*, Case No. 1:25-cv-00779 (the "Jones Action").[4] Dkt. No. 1456 at 2 (citing Dkt. No. 1237 and Jones Action Dkt. No. 264-6). Lively is directed to identify for the Court where on the docket Dkt. Nos. 1209-5 and 1209-6 have been filed publicly with approved redactions or, alternatively, file such exhibits with redactions as directed in the order at Dkt. No. 1237.

The Wayfarer Parties additionally seek continued sealing of Dkt. Nos. 1245-79, 1245-81, 1245-87, 1245-102[5] because those documents have been previously filed in redacted form at Dkt. Nos. 1255-1, 1255-2, 1255-3, and 1255-4; they seek the same with respect to Dkt. No.

[3] The Wayfarer parties also seek continued sealing of Dkt. No. 872-41, which contains the same exhibit as Dkt. No. 1209-7.
[4] Corresponding motion to seal at Dkt. No. 1207.
[5] Corresponding motion to seal at Dkt. No. 1255.

1011-55 which was previously filed in redacted form at Dkt. No. 1249-26,[6] and Dkt. No. 1206-1,[7] redactions of which the Court approved at Dkt. No. 1237 and were publicly filed at Dkt. Nos. 1233-59, 1233-60, 1252-4. The Wayfarer Parties additionally note that the materials at Dkt. Nos. 953, 954,[8][9] 955, 956, 957,[10][11] 1003, 1004,[12] 1063,[13] 1064, 1071, 1074, 1076, 1077,[14] 1096,[15] 1117,[16] 1118, 1119,[17] 1337, 1338,[18] 1333, 1340,[19] 1413,[20] 1416,[21] and 1418[22] were publicly filed elsewhere on the docket with redactions pursuant to the Court's orders. *See* Dkt. No. 1456 at 6, 11–58 (identifying public filings).

As the information subject to unsealing has already been made public, the motions to seal pertaining to the above noted docket entries are granted and the unredacted versions of the materials may remain under seal.

---

[6] Corresponding motion to seal at Dkt. No. 1007.
[7] Corresponding motion to seal at Dkt. No. 1205.
[8] Dkt. No. 954-23 remains under seal pursuant to Dkt. No. 1237.
[9] The Court notes the following corrections to the Wayfarer Parties' chart: Dkt. No. 954-133 is publicly filed at Dkt. No. 1255-1; Dkt. No. 954-135 is publicly filed at Dkt. No. 1255-2; Dkt. No. 954-142 is publicly filed at Dkt. No. 1255-3; Dkt. No. 954-166 is publicly filed at Dkt. No. 1255-4.
[10] Dkt. No. 957-1 remains under seal pursuant to Dkt. No. 1237.
[11] Corresponding motion to seal at Dkt. No. 951.
[12] Corresponding motion to seal at Dkt. No. 1002.
[13] Dkt. Nos. 1063-81, 1063-82, and 1063-83 remain under seal pursuant to Dkt. No. 1237.
[14] Corresponding motion to seal at Dkt. Nos. 1054, 1195.
[15] Corresponding motion to seal at Dkt. No. 1093.
[16] The Wayfarer Parties did not note the publicly filed version of this exhibit, but it pertains to corrections to the Rule 56.1 Statement which was publicly filed at Dkt. No. 1243.
[17] Corresponding motion to seal at Dkt. No. 1116.
[18] Corresponding motion to seal at Dkt. No. 1336.
[19] Corresponding motion to seal at Dkt. No. 1339.
[20] Corresponding motion to seal at Dkt. No. 1412
[21] Corresponding motion to seal at Dkt. No. 1415.
[22] Corresponding motion to seal at Dkt. No. 1418.

Relatedly, the Wayfarer Parties submit proposed redactions to Dkt. No. 1213,[23] which contains references to information and documents that the Court subsequently ordered sealed at Dkt. No. 1237. *See* Dkt. No. 1457-6 (proposed redactions). The proposed redactions comply with those specified in the Court's prior order. The Wayfarer Parties are therefore directed to publicly file the redacted chart on the docket.

## II. Documents for which No Party Seeks Sealing

The Wayfarer Parties do not seek the continued sealing of Dkt. Nos. 892[24] 908, 909,[25] 972, 973,[26] 991, 992,[27] 1055,[28] 1067,[29] 1094,[30] 1181, 1183, 1186, 1188, 1190,[31] 1198,[32] 1206 (excluding Exhibit 1),[33] 1209, 1209-1, 1209-2, 1209-3, 1209-4, 1209-8, 1209-9, 1209-10,[34] 1010, 1011 (including all exhibits except for Exhibit 55).[35] Dkt. No. 1456 at 1–5. No other party seeks continued sealing of these docket entries. *See* Dkt. Nos. 1455, 1459. In addition to those noted by the Wayfarer Parties, no party has sought sealing of Dkt. No. 1208.

As no party has raised a privacy interest in the above docket entries, the motions to seal as to those docket entries are denied.

[23] Corresponding motion to seal at Dkt. No. 1212.
[24] Corresponding motion to seal at Dkt. No. 891.
[25] Corresponding motion to seal at Dkt. No. 907.
[26] Corresponding motion to seal at Dkt. No. 971.
[27] Corresponding motion to seal at Dkt. No. 990.
[28] Corresponding motion to seal at Dkt. No. 1048.
[29] Corresponding motion to seal at Dkt. No. 1061.
[30] Corresponding motion to seal at Dkt. No. 1090.
[31] Corresponding motion to seal at Dkt. No. 1180.
[32] Corresponding motion to seal at Dkt. No. 1192.
[33] Corresponding motion to seal at Dkt. No. 1205.
[34] Corresponding motion to seal at Dkt. No. 1207.
[35] Corresponding motion to seal at Dkt. No. 1007.

## III. Redactions for PII

The Wayfarer Parties seek continued sealing of Dkt. Nos. 900, 939, 941, 945, 963-115, 980, 981,[36] 110, 1111, 1165 as well as Dkt. Nos. 169 and 170 in the Jones Action[37] due solely to PII in the documents.[38] Dkt. No. 1456 at 4–5. They propose that the Court direct the parties that originally filed these documents to publicly file the documents with PII redacted. Dkt. No. 1456 at 5. Jonesworks similarly solely seeks redaction of PII in the materials identified in its motions to seal at Dkt. Nos. 1049, 1090, 1152, and 1192. Dkt. No. 1455.

The Wayfarer Parties submitted proposed redactions to Dkt. Nos. 940, 941, 945, 963-115, 980, 981, 1110, 1111. Dkt. No. 1456 at 5; *see* Dkt. Nos. 1456-7–1456-12 (proposed redactions). The proposed PII redactions cover phone numbers, physical addresses, and email addresses. The "public's interest in [such information] is negligible and easily outweighed by . . . privacy interests." *Lively v. Wayfarer Studios LLC*, 2025 WL 3295147, at *2 (S.D.N.Y. Nov. 26, 2025) (quoting *Oakley v. MSG Networks, Inc.*, 792 F. Supp. 3d 394, 406 (S.D.N.Y. 2025); *accord Spencer-Smith v. Ehrlich*, 2026 WL 206998, at *2 (S.D.N.Y. Jan. 27, 2026). The parties' request to seal such information is therefore granted.

To the extent the Wayfarer Parties seek to redact the highlighted information on pages 44 to 52 of Dkt. No. 1457-7, page 29 of Dkt. No. 1457-8,[39] pages 79 to 84, 90 of Dkt. No. 1457-9, and pages 4 to 5 of Dkt. No. 1457-11 such information is not PII and the Wayfarer Parties have provided no basis for seeking such redactions; the request for such redactions is denied. To the

[36] The Wayfarer parties listed Dkt. No. 983, which was the publicly filed version of Dkt. No. 981.
[37] Wayfarer Parties note that they erroneously filed the motion to seal these exhibits in the Lively Action. Dkt. No. 1456 at 4.
[38] The motions to seal these docket entries are at Dkt. Nos. 899, 932, 937, 966, 979, 1001, 1109, and 1161.
[39] This exhibit also includes redactions to Dkt. No. 942-15. The Court previously granted Jennifer Abel's motion to seal that docket entry. Dkt. No. 978.

extent the Wayfarer Parties seek to redact the highlighted information on pages 6, 8–9, 18–39, 45–56, 60–61, 63–68, 71–74 of Dkt. No. 1457-12 only the highlighted portions regarding payment amount on pages 6 and 8 warrant redaction. *See Spencer-Smith*, 2026 WL 206998, at *2 ("[P]ersonal and financial information implicate 'significant privacy interests' that overcome the strong presumption of public access, and this information has minimal relevance to the Court's decision." (internal quotation marks and citation omitted)); *see also Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2023 WL 3477552, at *3 (S.D.N.Y. May 16, 2023). Otherwise, such highlighted portions contain no PII, the Wayfarer Parties have identified no privacy interest in the contents, and no other party seeks redactions; the request for such redactions is denied.

The Wayfarer Parties are accordingly directed to file publicly on the docket Dkt. Nos. 1457-7, 1457-8, 1457-9. 1457-10. 1457-11, and 1457-12 with solely phone numbers, email addresses, physical addresses, and the payment information identified on pages 6 and 8 of Dkt. No. 1457-12 redacted. Jonesworks is directed to file publicly on the docket the materials identified in its motions to seal at Dkt. Nos. 1049, 1090, 1152, and 1192 with solely phone numbers, email addresses, and physical addresses redacted.[40] Additionally, no party has sought sealing of the exhibits at Dkt. Nos. 943, 1112, 1211-8, 1211-9, but those documents include PII. The parties who filed those exhibits are directed to publicly file the exhibits with PII redacted.

## IV. Redactions of health and business information

The Wayfarer Parties seek continued sealing of (1) Dkt. Nos. 1066-26, 1066-29, 1066-30, 1056-32, 1066-34[41] due to private medical and business information; (2) Dkt. No. 1199[42] due to

[40] The motions at Dkt. No. 1049 and 1192 pertain to Dkt. Nos. 1066 and 1199, which are addressed in Section IV. The Wayfarer Parties seek additional redactions to those docket entries and are directed to publicly file those docket entries in accordance with this Order.
[41] The Wayfarer Parties listed the corresponding exhibits at Dkt. No. 1056 in their letter brief, which is the publicly filed version of the sealed docket entry at Dkt. No. 1066.
[42] The Wayfarer Parties listed Dkt. No. 1196 in their letter brief, which is the publicly filed

confidential information regarding a non-party; and (3) Dkt. Nos. 1132, 1140 due to private health information of an expert witness. The Wayfarer Parties submitted proposed redactions as Exhibits 1, 2, 4 and 5 to their letter.[43] Dkt. Nos. 1457-1, 1457-2, 1457-4, 1457-5.

**A. Exhibits 1 and 2**

Exhibits 1, which corresponds to Dkt. Nos. 1066-26, 1066-29, 1066-30, 1056-32, 1066-34, and Exhibit 2, which corresponds to Dkt. No. 1199, propose redactions of client- and business-related information pertaining to public relations work on behalf of a non-party client. As the Court has previously explained, the identities of non-party clients and prospective clients who have used public-relations services may implicate privacy interests sufficiently weighty to justify continued sealing notwithstanding the presumption of public access. *See Lively*, 2025 WL 3295147, at *2–3. However, "disclosure of the fact that a celebrity or public figure has hired a public-relations consultant does not itself necessarily compromise the privacy interests of that celebrity or public figure to support continued sealing—especially where that information has already been reported or publicly disclosed." *Lively v. Wayfarer Studios*, 2026 WL 145483, at *5 (S.D.N.Y. Jan. 20, 2026); *see also id.* ("[T]he public might reasonably assume that a celebrity has a general public-relations agent."). Instead, continued sealing may be warranted where "[t]he disclosure of that person's name . . . reveals the *nature* of public-relations work conducted on their behalf, and it can at least in theory implicate the confidential business interests of the agent when it reveals a current client whom a competitor might seek to poach with the information." *Id.* at *5. The Court has also concluded that, even where the identity of a client is properly kept under seal, information revealing the types of public-relations services

---

version of the sealed docket entry at Dkt. No. 1199. *See* Dkt. No. 1456 at 2.

[43] Exhibit 3 includes redactions for Dkt. No. 1209-7 which were previously approved in the Jones Action. *See* Dkt. No. 1456 at 2.

alleged to have been provided does not provide a compelling reason for sealing in connection with a dispositive motion. *Lively*, 2025 WL 3295147, at *3; *see also Lively*, 2026 WL 145483, at *3 (discussing same).

In view of the above principles, the Wayfarer Parties' proposed redactions are overbroad. The materials submitted at Dkt. No. 1056 were filed in support of Jonesworks' opposition to the motion for judgment on the pleadings at Dkt. No. 810. The declaration and exhibits filed at Dkt. No. 1199 were filed in opposition to the Wayfarer Parties' motion to seal certain exhibits filed in support of Jonesworks' opposition to summary judgment. *See* Dkt. Nos. 1160, 1194. The presumption of public access as to those exhibits is therefore "at its zenith." *Lively*, 2026 WL 145483, at *2 (quoting *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 142 (2d Cir. 2016)). The Wayfarer Parties propose redacting, in addition to the non-party client's name, the forms of public relations work performed for that client. Some of the proposed redactions, such as those at pages 25–26, 29–30, 32, 34–35, 43, 46, 52–63, 69, 73 of Dkt. No. 1457-1, pertain to client-specific public-relations strategy, events, and press language that would reveal "the nature of public-relations work" performed for the client. *Lively*, 2026 WL 145483, at *5; *see also* Dkt. No. 1199-1. Other redactions reveal general public-relations information that do not implicate privacy interests. *See* Dkt. No. 1457-1 at 41–42, 44 (discussions regarding coordination and communications for an event), 45 (text messages revealing frustration; no private business information); 47, 49 (disputes between public-relations staff); 52 (as to certain text messages unrelated to client representation); 73 (text message at 10:09 a.m. regarding press reaching out for comment about redacted issue). Finally, certain of the information sought to be redacted in Dkt. No. 1199 solely pertains to parties in this case and

the Wayfarer Parties have provided no specific argument as to why it should be redacted.[44] *See* Dkt. No. 1199-4 (information pertaining to parties Jennifer Abel and Steve Sarowitz). The Wayfarer Parties are directed to publicly refile the exhibits included in Dkt. Nos. 1457-1 and 1457-2 with redactions consistent with this Order.

The Wayfarer Parties' remaining proposed redactions to Exhibit 1 implicate privacy interests that overcome the presumption of public access. They propose redaction of the name of Melissa Nathan's child and cold symptoms, as well as health-related information pertaining to Melissa Nathan. Dkt. No. 1457-1 at 4–5, 16. The public's interest in the name of a minor non-party child with no involvement in the disputes of this lawsuit is outweighed by the privacy interest of that child. *See Blanco v. Success Academy Charter Schs., Inc.*, 2026 WL 1831150, at *2 (S.D.N.Y. June 25, 2026). The sealing of medical and health information is also warranted. *See Lively*, 2026 WL 145483, at *9 (granting sealing of reference to medical issue in text chain); *id.* (granting sealing of non-party medical information (citing *AngioDynamics, Inc. v. C.R. Bard, Inc.*, 2022 WL 2643583, at *25 (N.D.N.Y. July 8, 2022)). Additionally, the redactions of personal contact information and hourly rates in the legal services agreement at pages 79–92 of Dkt. No. 1457-1 and at Dkt. No. 1199-5 are consistent with the Court's prior orders and implicate privacy interests that outweigh the presumption of public access. *See Lively*, 2026 WL 145483, at *9 (approving sealing of PII and dollar amounts in the retainer agreement).

**B. Exhibits 4 and 5**

The Wayfarer Parties request that the Court seal portions of Dkt. Nos. 1132 and 1140[45] that reveal private health information pertaining to Nicole Alexander, an expert witness in this

[44] The Wayfarer Parties' exhibit 2 filed at Dkt. No. 1457-2 contains no proposed redactions. The Court construes the letter as requesting the redactions proposed at Dkt. No. 1199.
[45] Corresponding motion to seal at Dkt. No. 1131, 1138.

action. Dkt. No. 1456 at 2–3. The Wayfarer Parties submitted proposed redactions at Dkt. Nos. 1457-4 and 1457-5. The redactions include limited information pertaining to private health information, *see* Dkt. No. 1457-4 at 54, but the vast majority of the proposed redactions at Dkt. No. 1457-4 pertain to disputes between counsel at depositions, *id.* at 2–4, 54–56, 61. The Wayfarer Parties have made no argument as to why these redactions implicate privacy interests, and the Court identifies none. The Wayfarer Parties are directed to publicly file the docket entries included in Dkt. No. 1457-4 with solely redactions that reference the expert witness's health information.

The redactions at Dkt. No. 1457-5 are similarly overbroad. They pertain to the deposition of a non-party, but do not concern any private information. *See* Dkt. No. 1457-5 at 193–98 (seeking redaction of standard deposition instructions; identity of the lawyers conducting the deposition; and questions regarding publicly-known celebrity rumors). The Wayfarer Parties have identified no information in this exhibit that warrants continued sealing. The Court therefore directs the Clerk of Court to unseal Dkt. Nos. 1140, 1140-1, and 1140-2.

This Order accordingly also resolves the Wayfarer Parties' motion to seal their proposed redactions at Dkt. No. 1454.

**CONCLUSION**

The motions to seal are denied in part and granted in part, consistent with this Order. All other pending motions are denied as moot.

The parties who filed the materials at Dkt. Nos. 900, 939, 941, 943, 945, 963-115, 980, 981, 1110, 1111, 1112, 1165, 1211 are directed to publicly file those materials with solely PII redacted. Jonesworks is directed to file publicly on the docket the materials identified in its motions to seal at Dkt. Nos. 1049, 1090, 1152, and 1192 with solely phone numbers, email

addresses, and physical addresses redacted.[46] The parties who filed the materials at Dkt. Nos. 1209, 1209-1, 1209-2, 1209-3, 1209-4, 1209-8, 1209-9, 1209-10 and Dkt. No. 1011 (including all exhibits except for Exhibit 55) are directed to publicly file those materials.

The Wayfarer Parties are directed to publicly file the materials in the exhibits of their letter at Dkt. No. 1457 with the redactions approved in this Order.

Lively is directed to identify for the Court where on the docket Dkt. Nos. 1209-5 and 1209-6 have been filed publicly with approved redactions or, alternatively, file such exhibits with redactions as directed in the order at Dkt. No. 1237.

The Clerk of Court is respectfully directed to unseal Dkt. Nos. 892, 908, 909, 972, 973, 991, 992, 1010, 1055, 1067, 1094, 1140, 1181, 1183, 1186, 1188, 1190, 1198, and 1208.

The Clerk of Court is respectfully directed to close all open motions in both Case No. 24-cv-10049 and Case No. 25-cv-449.

SO ORDERED.

Dated: September 17, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge

[46] The Wayfarer Parties seek additional redactions to Dkt. Nos. 1066 and 1199, corresponding with the motions at Dkt. No. 1049 and 1192, and are directed to publicly file those docket entries in accordance with this Order. Jonesworks is not responsible for publicly filing those docket entries.