# EXHIBIT 1

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE ("Agreement") is made and entered into by and between Blake Lively ("Lively"), on the one hand, and Wayfarer Studios LLC ("Wayfarer"), It Ends With Us Movie LLC ("IEWUM"), Justin Baldoni ("Baldoni"), Jamey Heath ("Heath"), Steve Sarowitz ("Sarowitz"), Melissa Nathan ("Nathan"), The Agency Group PR LLC ("TAG PR"), and Jennifer Abel ("Abel") (together the "Wayfarer Parties"), on the other hand. Lively and the Wayfarer Parties shall hereinafter collectively referred to as the "Parties."

## RECITALS

A. WHEREAS, Lively provided acting and other services to Wayfarer and IEWUM in connection with the film *It Ends With Us* (the "Film").

B. WHEREAS, on December 20, 2024, Lively filed a complaint with the California Civil Rights Department ("CRD") against Wayfarer, Baldoni, Heath, Sarowitz, Nathan, TAG PR, Abel, RWA Communications, LLC ("RWA"), Jed Wallace, and Street Relations Inc. (together with Jed Wallace, the "Wallace Parties"), which Lively amended on December 30, 2024 to add IEWUM (CRD Case No. 202412-27269003, "CRD Complaint"). The CRD closed the complaint and issued an immediate "right-to-sue" notice.

C. WHEREAS, on December 24, 2024, Stephanie Jones and Jonesworks LLC ("Jonesworks") (together, the "Jones Parties") filed a complaint against Abel, Nathan, Baldoni, Wayfarer, and DOES 1-10 in the Supreme Court of the State of New York, County of New York, Index No. 659849/2024. That Complaint was removed to the United States District Court for the Southern District of New York ("SDNY") on or about January 27, 2025, and is pending in the matter entitled *Jones v. Abel*, Case No. 25-cv-00779 (the "Jonesworks Action").

D. WHEREAS, on December 31, 2024, Lively filed a complaint for damages in SDNY asserting claims against the Wayfarer Parties and the Wallace Parties in the matter entitled *Blake Lively v. Wayfarer Studios LLC, et al.*, Case No. 1:24-cv-10049-LJL, which Lively amended on February 18, 2025 (Dkt. No. 84) and July 30, 2025 (Dkt. No. 521) (the "Lively SDNY Complaint," which term shall include any and all amendments). Lively has asserted causes of action for (1) Sexual Harassment in Violation of Title VII – 42 U.S.C. § 2000e-2(a)(1), (2) Retaliation in Violation of Title VII – 42 U.S.C. § 2000e-3, (3) Sexual Harassment in Violation of FEHA – Cal. Gov. Code, § 12940, (4) Retaliation in Violation of FEHA – Cal. Gov. Code, § 12940, (5) Retaliation in Violation of the California Labor Code – Cal. Labor Code, § 1102.5, (6) Failure to Investigate, Prevent, and/or Remedy Harassment in Violation of FEHA – Cal. Gov. Code., § 12940, (7) Aiding and Abetting Harassment and Retaliation in Violation of the FEHA – Cal. Gov. Code, § 12940(i), (8) Breach of Contract – Actor Loanout Agreement, (9) Breach of Contract – Contract Rider Agreement, (10) Intentional Infliction of Emotional Distress, (11) Negligent Infliction of Emotional Distress, (12) False Light Invasion of Privacy – California Const., Art. I, § 1, (13) Sexual Harassment in Violation of California Civil Code – Civ. Code, § 51.9, (14) Defamation/Defamation Per Se, and (15) Civil Conspiracy.

E. WHEREAS, on December 31, 2024, Wayfarer, Baldoni, Heath, Sarowitz, Nathan, TAG PR, Abel, RWA, and the Wallace Parties filed a complaint against the New York Times Company ("The Times") in the Superior Court of California, County of Los Angeles (Case No. 24STCV34662), which they later dismissed.

F. WHEREAS, on January 16, 2025, the Wayfarer Parties filed a complaint in SDNY, asserting claims against Lively, Ryan Reynolds ("Reynolds"), Leslie Sloane and Vision PR, Inc. (together with Leslie Sloane, the "Sloane Parties") in the matter entitled *Wayfarer Studios LLC, et al. v. Blake Lively* (Case No. 1:24-cv-00449-LJL), which the Wayfarer Parties amended on January 31, 2025 to add The Times as a Defendant (the "Wayfarer SDNY Complaint," which term shall include any and all subsequent amendments). The Wayfarer Parties asserted causes of action for (1) Civil Extortion, (2) Defamation, (3) False Light Invasion of Privacy – California Const., Art. I, § 1, (4) Breach of Implied Covenant of Good Faith and Fair Dealing, (5) Intentional Interference with Contractual Relations, (6) Intentional Interference with Prospective Economic Advantage, (7) Negligent Interference with Prospective Economic Advantage, (8) Promissory Fraud, and (9) Breach of Implied-in-Fact Contract.

G. WHEREAS, on January 30, 2025, the Court consolidated the Lively SDNY Complaint and Wayfarer SDNY Complaint into a single action, which shall hereinafter be referred to as the "Consolidated Action." The Court also deemed related the Jonesworks Action.

H. WHEREAS, on February 4, 2025, the Wallace Parties filed a complaint for declaratory judgment and defamation in the United District Court for the Western District of Texas in the matter entitled *Jed Wallace, et al. v. Blake Lively*, Case No. 25-cv-00163 (Dkt. No. 1), which the Wallace Parties amended on May 16, 2025 (Dkt. No. 24) (the "Wallace Texas Complaint," which term shall include any and all amendments). The Court granted Lively's motion to dismiss the Wallace Texas Complaint on November 12, 2025 (Dkt. No. 42), and Lively has since filed in that action a Motion for Attorneys' Fees, Treble Damages, and Punitive Damages under California Civil Code Section 47.1 against the Wallace Parties (Dkt. No. 45), which is not fully briefed and is still pending.

I. WHEREAS, the Sloane Parties, The Times, Reynolds, and Livley moved to dismiss the Wayfarer SDNY Complaint in its entirety, on February 25, 2025, February 28, 2025, March 18, 2025, and March 20, 2025, respectively. (Dkt. Nos. 86, 106, 133, 145). The Court granted each of those motions on the merits on June 9, 2025 (Dkt. No. 296), thereby dismissing the Wayfarer SDNY Complaint.

J. WHEREAS, on March 20, 2025, Abel filed a cross-claim for indemnification against Jonesworks in the Consolidated Action.

K. WHEREAS, on September 8, 2025, Lively filed a Motion for Attorneys' Fees, Treble Damages, and Punitive Damages under California Civil Code Section 47.1 (the "47.1 Motion"), which has been fully briefed (Dkt. Nos. 742-748 [Lively moving papers], 796-800 [opposition papers], 24 [reply]) and is still pending before the Court;

L. WHEREAS, the Wallace Parties moved to dismiss all causes of action asserted against them in the Lively SDNY Complaint on March 19, 2025 and August 13, 2025 (Dkt. Nos. 139, 141-142, 642, 649-656), which the Court granted on jurisdictional grounds on November 5, 2025 (Dkt. No. 912).

M. WHEREAS, on November 13, 2025, the Wayfarer Parties filed a motion for summary judgment of the Lively SDNY Complaint, which the Court granted in part and denied in part on April 2, 2026 (Dkt. No. 1273), such that Lively's following causes of action remain: retaliation in violation of FEHA against Wayfarer and IEWUM, breach of contract against IEWUM, and aiding and abetting retaliation in violation of FEHA against TAG PR.

N. WHEREAS, on May 2-3, 2026, the Parties, through their legal counsel, attended a private mediation with Tony Piazza, through which the Parties have decided to settle fully and finally all differences and disputes between them up to and including the date the Parties sign this Agreement, including but not limited to those differences and disputes which are or were the subject matter of the Consolidated Action, and any and all claims which could have been alleged by Lively or the Wayfarer Parties, with the exception of Lively's pending 47.1 Motion, as further detailed below.

O. WHEREAS, on May 4, 2026, following the mediation, the Parties signed a Confidential and Binding memorandum of understanding, memorializing the Parties' agreement to resolve the disputes between them (the "MOU"), and agreeing to subsequently enter into this long-form Agreement, which will incorporate by reference and supersede the MOU upon mutual execution by the Parties.

NOW, THEREFORE, in order to resolve all pending and potential claims by the Lively on the one hand, and the Wayfarer Parties, on the other hand, arising out of or related in any manner to the Film, the CRD Complaint, and the Consolidated Action, and in consideration of the covenants and promises contained in this Agreement, the Parties agree as follows:

**AGREEMENT**

1. Resolution of the Consolidated Action. In consideration for the execution of this Agreement and the mutual release of claims set forth below, and the Parties' full and complete compliance with all covenants and promises herein, the Parties agree as follows:

(a) The Parties have already agreed to, and have already released, a mutual statement regarding this Agreement, which is attached as Exhibit A hereto (the "Mutual Statement").

(b) The Parties agree that, notwithstanding anything herein to the contrary, Lively does not release, and retains all claims, rights, and remedies relating to her pending 47.1 Motion. The Parties agree that any and all proceedings related to the pending 47.1 Motion will be heard before Judge Lewis Liman. The Wayfarer Parties expressly reserve all claims, rights and remedies

relating to Lively's 47.1 Motion including, without limitation, the right to oppose any substantive or procedural motion, letter to the court, request for relief or argument asserted by Lively.

(c) The Parties agree to irrevocably waive any and all appellate rights associated with the Wayfarer SDNY Complaint or the Lively SDNY Complaint, including any appeal of or challenge to disposition of the 47.1 Motion, whether by Judge Liman or otherwise.

(d) Immediately upon execution of this Agreement, the Parties agree to jointly file a notice of settlement reflecting Paragraphs (b) and (c), and stipulating to the dismissal with prejudice of the Lively SDNY Complaint, by filing the document attached as Exhibit B.

2. Lively Release of Claims.

(a) Except as reserved above in Paragraphs 1(b) and (c), in exchange for the promises and covenants herein, Lively and Lively's heirs, executors, representatives, administrators, agents, including without limitation, Ryan Reynolds, Vanzan, Inc., Family Hive LLC, LOL Hata, LLC, or Betty B Holdings LLC and assigns (collectively the "Lively Releasors") irrevocably and unconditionally fully and forever waive, release, and discharge the Wayfarer Parties, including the Wayfarer Parties' parents, subsidiaries, affiliates, predecessors, successors, and assigns, and each of its and their respective agents, officers, directors, members, employees, attorneys, or insurers in their corporate and individual capacities (collectively, the "Released Wayfarer Parties"), from any and all demands, actions, judgments, rights, fees, damages, debts, obligations, liabilities, expenses (inclusive of attorneys' fees), causes of action and claims for relief of whatever kind or nature, under any theory, whether legal, equitable or other, under the law, either common, constitutional, statutory, administrative, regulatory, or other, of any jurisdiction, foreign or domestic, whether such claims are known or unknown, suspected or unsuspected, (collectively, "Claims"), that the Lively Releasors may have or have ever had against the Released Wayfarer Parties, or any of them, arising out of, or in any way related to Lively's employment, the Film, or the Consolidated Action, from the beginning of time up to and including the date of execution of this Agreement other than any Claims arising from or relating to this Agreement. It is expressly understood by Lively that among the various rights and claims being waived in this Paragraph 2, "Release of Claims" are those arising under the United States, California, and New York Constitutions, California common law, the California Labor Code, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Americans with Disabilities Act, state and federal family leave acts, the Employee Retirement Income Security Act, the California Fair Employment and Housing Act, the New York State Human Rights Law (NYSHRL), the New York Labor Law (NYLL) (including but not limited to the Retaliatory Action by Employers Law, all provisions prohibiting discrimination and retaliation, and all provisions regulating wage and hour law and paid sick leave requirements), the New York City Human Rights Law (NYCHRL), and any and all federal and state executive orders, statutes and regulations. All such claims (including related attorneys' fees and costs) are forever barred by this Agreement without regard to whether those claims are based on any alleged breach of a duty arising in contract or tort, any alleged unlawful act, including, without limitation, discrimination, harassment, or retaliation, any claim

for retirement or severance benefits, and any other claim or cause of action, and regardless of the forum in which it might be brought.

(b) Lively represents and warrants that she has not assigned or subrogated any of her rights, claims or causes of action, including any claims referenced in this Agreement, or authorized any other person or entity to assert such claims on her behalf, and she agrees to indemnify and hold harmless the Released Wayfarer Parties against any assignment of said rights, claims and/or causes of action.

(c) Notwithstanding anything to the contrary herein, nothing in this release Paragraph 2 or in the Agreement shall affect or extend to: (i) claims that cannot, as a matter of law, be waived by private agreement, including without limitation, claims for indemnity under California Labor Code Section 2802, claims for unemployment benefits from the California Employment Development Department and claims for workers' compensation benefits, or (ii) any claim by Lively or her loan-out entity, Blakel, Inc., arising after the Effective Date of this Agreement, to enforce any rights pursuant to any agreement relating to Lively's acting and producing services on the Film, including without limitation, (a) the right to receive accounting and payment of contingent compensation, (b) restrictions on the use of Lively's name, voice and likeness and the results and proceeds of Lively's services, (c) the right to be indemnified in connection with any third party claims arising in connection with the Film, and (d) applicable Screen Actors Guild entitlements. The "Effective Date" of this Agreement shall be the last date on which this Agreement is fully executed by the Parties.

3. <u>Wayfarer Parties' Release of Claims</u>. Except as reserved above in Paragraphs 1(b) and (c), in exchange for the promises and covenants herein, the Wayfarer Parties and their heirs, executors, representatives, administrators, agents, assigns, parents, subsidiaries, affiliates, predecessors, successors, and assigns, and each of its and their respective agents, officers, directors, members, employees, attorneys, or insurers in their corporate and individual capacities, including without limitation, RWA Communications, LLC, (collectively the "Wayfarer Releasors") irrevocably and unconditionally fully and forever waive, release, and discharge Lively and her heirs, executors, representatives, administrators, agents and assigns, and any of her entities, parent entities, subsidiary entities, affiliates or affiliated entities, predecessors, successors, and assigns, and each of their and their respective agents, officers, directors, members, employees, attorneys, or insurers in their corporate and individual capacities, including without limitation Reynolds, Vanzan, Inc., Family Hive LLC, LOL Hata, LLC, or Betty B Holdings LLC (collectively, the "Released Lively Parties"), from any and all demands, actions, judgments, rights, fees, damages, debts, obligations, liabilities, expenses (inclusive of attorneys' fees), causes of action and claims for relief of whatever kind or nature, under any theory, whether legal, equitable or other, under the law, either common, constitutional, statutory, administrative, regulatory, or other, of any jurisdiction, foreign or domestic, whether such claims are known or unknown, suspected or unsuspected, that the Wayfarer Releasors may have or have ever had against the Released Lively Parties, or any of them, arising out of, or in any way related to Lively's employment, the Film, or the Consolidated Action from the beginning of time up to and including the date of execution of this Agreement. It is expressly understood by the Wayfarer Parties that all such claims (including related attorneys' fees and costs) are forever barred by this Agreement without regard to whether those claims are based on any alleged breach of a duty arising in contract

or tort, any alleged unlawful act, and regardless of the forum in which it might be brought. The Wayfarer Parties represent and warrant that they have not assigned or subrogated any of their rights, claims or causes of action, including any claims referenced in this Agreement, or authorized any other person or entity to assert such claims on their behalf, and they agree to indemnify and hold harmless the Released Lively Parties against any assignment of said rights, claims and/or causes of action.

4. Waiver of Known and Unknown Claims. Except as otherwise expressly stated herein, each of the Parties acknowledges and agrees that it may hereafter discover facts different from or in addition to those it now knows or believes to be true in respect to the claims, losses, liabilities, obligations, suits, debts, liens, contracts, agreements, promises, demands and damages released by this Agreement, and it hereby agrees that the releases contained herein shall be and remain in effect in all respects as complete, general releases as to known and unknown claims, notwithstanding any such different or additional facts. In this regard, each of the Parties waives and relinquishes any right or benefit that it has or may have under Section 1542 of the California Civil Code, or any other state equivalent, which reads:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Each of the Parties acknowledges that it has been informed of, has read, is familiar with, understands, and does hereby knowingly and voluntarily waive the rights that it has or may have under Section 1542 of the California Civil Code. Each of the Parties further acknowledges that it has been advised by its counsel and understands the significance and consequence of the release provided herein and of the specific waiver of Section 1542 of the California Civil Code.

Each of the Parties acknowledges and agrees that its waiver of Section 1542 of the Civil Code is fully informed, voluntary, and an integral part of this Agreement.

5. Third Party Exclusions. The Parties understand and acknowledge that releases in this Agreement, including in Paragraphs 2-4, specifically exclude a release as to any and all demands, actions, judgments, rights, fees, damages, debts, obligations, liabilities, expenses (inclusive of attorneys' fees), causes of action, and claims for relief of whatever kind or nature, under any theory, whether legal, equitable or other, under the law, either common, constitutional, statutory, administrative, regulatory, or other, of any jurisdiction, foreign or domestic, whether such claims are known or unknown, suspected or unsuspected, by or against the Sloane Parties, the Wallace Parties, or the Jonesworks Parties, or the Times. For the avoidance of doubt, the Wayfarer Parties are not authorized to act or enter into any agreement on behalf of the Wallace Parties, or any of them, including, among other things binding the Wallace Parties to the above stated waivers and exclusions. This Agreement also does not release any claim or demands (a) by a third party against the Wayfarer Parties, or any of them, for indemnification or reimbursement

of attorneys' fees or costs, or (b) by the Wayfarer Parties against their insurance carrier(s) for insurance coverage.

6. Warranty. The Parties acknowledge that the promises and covenants in Paragraphs 1 through 4 and elsewhere in this Agreement is something to which they would not be entitled except for their decision to sign this Agreement and to abide by the promises made herein.

7. Ambiguities. All Parties have participated in the negotiation of this Agreement and, thus, it is understood and agreed that the general rule that ambiguities are to be construed against the drafter shall not apply to this Agreement. In the event that any language of this Agreement is found to be ambiguous, each party shall have an opportunity to present evidence as to the actual intent of the Parties with respect to any such ambiguous language.

8. Enforcement and Remedies; Choice of Law; Dispute Resolution:

(a) The Parties agree that this Agreement shall be deemed entered into in Los Angeles, California and that the internal substantive laws of the State of California applicable to contracts made and performed entirely in California shall govern the validity, interpretation, performance, and all other causes of action (whether sounding in contract or in tort) arising out of or relating to this Agreement, except with respect to California's presumption against extraterritorial application, which the Parties expressly disclaim. The Parties hereby waive any argument, and covenant not to assert, that California law does not apply to this Agreement or any of terms herein, including with respect to extraterritorial application of California law.

(b) Any dispute or controversy arising under or in connection with this Agreement shall be exclusively submitted to and resolved by confidential, binding, and final arbitration before JAMS, in accordance with the provisions of California Civil Procedure Code §§ 1282-1284.3, with the exception of § 1283.1(a).

(c) The arbitrator shall have the power to grant equitable relief, including injunctions, temporary restraining orders, etc. As permitted by applicable law, the party initiating arbitration will be responsible for paying the filing fee for the arbitration required by the arbitration service provider and the arbitrator may permit the prevailing party to recover its costs and attorneys' fees, if any, to the extent permitted by applicable law. Any award pursuant to said arbitration shall be accompanied by a detailed written opinion of the arbitrator setting forth the reason for the award. In the event that any arbitration, action, suit or other proceeding is instituted to remedy, prevent, or obtain relief from a breach of this Agreement, or arising out of a breach of this Agreement, the prevailing party shall recover all costs and reasonable attorneys' fees incurred by such party in each and every action, suit or other proceeding, including any and all appeals or petitions therefrom, as provided by California Civil Code § 1717.

This Agreement to arbitrate is freely negotiated and mutually entered into between the Parties. By entering into this Agreement, the Parties are waiving all rights to have disputes subject to this Agreement heard or decided by a jury or in a court trial. For the avoidance of doubt, such

agreement to arbitrate shall not apply to Lively's reserved claims, rights, and remedies relating to her pending 47.1 Motion.

9. Admissibility of Agreement. The Parties agree that this Agreement is admissible for the purposes of proving up and/or enforcing the terms of the Parties' Agreement, as set forth herein, pursuant to California Evidence Code Section 1123 and California Civil Code Section 664.6. The prevailing party on a motion to enforce the Settlement Agreement is entitled to attorneys' fees and costs.

10. Entire Agreement. Except to the extent otherwise expressly provided herein, this Agreement constitutes and contains the full and complete understanding and agreement between Lively and the Wayfarer Parties with respect to the within subject matter, if any, whether written or oral; supersedes the MOU between Lively and the Wayfarer Parties; and may not be modified or amended except by a written instrument executed by all Parties hereto. This is an integrated document.

11. Counterpart Execution, Electronic Signatures, and Use of Photocopies. This Agreement may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. The Parties will be bound by signatures made by hand, or by signature made by electronic means on the signature line of this document. The Parties agree that such signatures are binding and may be transmitted by mail, hand delivery, facsimile, email and/or any other electronic methods to the other party, or, if applicable, counsel of record for the party, and will have the same binding effect as any original ink signature; provided, however, that this Agreement may only be modified by written instrument. Copies transmitted by e-mail, portable document format (PDF) or facsimile, or photocopies of such signed counterparts may be used in lieu of the originals for any purpose.

12. Severability. If any portion of this Agreement is found to be illegal or unenforceable, the rest of the Agreement shall remain valid and enforceable unless the other party elects to cancel it.

13. Effect of Waiver of Breach. No waiver of any breach of any term or provision of this Agreement shall be construed to be, or shall be, a waiver of any other breach of this Agreement. The failure or waiver of any party at any time(s) to require performance of any provisions hereof shall in no manner affect the right at a later time to enforce the same or any other provision. No waiver shall be binding unless in writing and signed by the party waiving the breach.

14. Amendment Only in Writing. This Agreement may not be amended except by an agreement in writing signed by the party or parties to be charged or bound by such amendment.

15. Paragraph Descriptions. The use of headings in this Agreement is only for ease of reference and the headings have no effect and are not to be considered part or terms of this Agreement.

16. Consultation with Counsel. The Parties acknowledge that they have carefully read and fully understand this Agreement, and that they have had the opportunity to consult legal

counsel of their choice in connection with this Agreement and consent to all of the terms and provisions contained herein knowingly, voluntarily and without any reservation whatsoever.

**PLEASE READ CAREFULLY. THIS AGREEMENT CONTAINS A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS. THE UNDERSIGNED AGREE TO THE TERMS OF THIS AGREEMENT AND VOLUNTARILY ENTER INTO IT WITH THE INTENT TO BE BOUND THEREBY. THIS AGREEMENT IS BINDING ON THE PARTIES.**

**IT IS SO AGREED:**

DocuSigned by: [signature] 29035A848C184D8...
Blake Lively — DATED: 5/7/2026

DocuSigned by: [signature] A1C7ED5253DD47E
Wayfarer Studios LLC
By: Jamey Heath, its Chief Executive Officer — DATED: 5/6/2026

DocuSigned by: [signature] A1C7ED5253DD47E
It Ends With Us Movie LLC
By: Jamey Heath, its President — DATED: 5/6/2026

Signed by: Justin Baldoni A039FB99DB874E6
Justin Baldoni — DATED: 5/6/2026

DocuSigned by: [signature] A1C7ED5253DD47E...
Jamey Heath — DATED: 5/6/2026

Signed by: Steve Sarowitz 3DE3166C7E704F9...
Steve Sarowitz — DATED: 5/6/2026

Signed by: [signature] B85A2EF7061940B
Melissa Nathan — DATED: 5/6/2026

Signed by: [signature] B85A2EF7061940B
The Agency Group PR LLC
By: Melissa Nathan, its Chief Executive Officer — DATED: 5/6/2026

Signed by:
Jennifer Abel
1ADCAC787D574C2...
Jennifer Abel

DATED: 5/6/2026

# EXHIBIT "A"

**Exhibit A**

The end product – the movie "It Ends With Us" – is a source of pride to all of us who worked to bring it to life.

Raising awareness, and making a meaningful impact in the lives of domestic violence survivors – and all survivors – is a goal that we stand behind.

We acknowledge the process presented challenges and recognize concerns raised by Ms. Lively deserved to be heard.

We remain firmly committed to workplaces free of improprieties and unproductive environments.

It is our sincere hope that this brings closure and allows all involved to move forward constructively and in peace, including a respectful environment online.

# EXHIBIT "B"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BLAKE LIVELY,<br><br>Plaintiff,<br><br>v.<br><br>WAYFARER STUDIOS LLC, et al.,<br><br>Defendants. | No. 24-cv-10049 (LJL) |
| WAYFARER STUDIOS LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BLAKE LIVELY, et al.,<br><br>Defendants. | No. 25-cv-449 (LJL) |

**NOTICE OF SETTLEMENT AND JOINT STIPULATION**

Pursuant to a Settlement Agreement ("Agreement"), and through their undersigned counsel, Blake Lively, on the one hand, and Wayfarer Studios LLC, It Ends With Us Movie LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, The Agency Group PR LLC, Melissa Nathan, and Jennifer Abel, on the other hand (the "Wayfarer Parties") (collectively the "Stipulating Parties") hereby stipulate and agree as follows with respect to the above-captioned action numbers 24-cv-10049 (the "Lively Action") and 25-cv-449 (the "Wayfarer Action") (collectively the "Consolidated Action"):

1. The Stipulating Parties hereby irrevocably waive any appeal of any orders in the Consolidated Action, including without limitation any appeal by the Wayfarer Parties of the Order on the Motion to Dismiss (Dkt. No. 296 in 25-cv-449).

2. Notwithstanding anything herein to the contrary, the Stipulating Parties acknowledge and agree that Blake Lively does not release, and retains all claims, rights, and remedies in connection with her pending Motion for Attorneys' Fees, Treble Damages and Punitive Damages under California Civil Code Section 47.1 in the Wayfarer Action (Dkt. No. 742 in 24-cv-10049) (the "47.1 Motion"). The Stipulating Parties agree that the 47.1 Motion is not withdrawn and remains pending before this Court. The Stipulating Parties further agree that they hereby irrevocably waive any appeal from the Court's determination of the 47.1 Motion.

3. The Lively Action is dismissed with prejudice as between the Stipulating Parties pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

Dated: May 7, 2026

*[Signatures on following page]*

Respectfully submitted,


/s/ *Ellyn S. Garofalo*[1]

LINER FREEDMAN TAITELMAN + COOLEY, LLP
Bryan J. Freedman (admitted *pro hac vice*)
Ellyn S. Garofalo (admitted *pro hac vice*)
Kim S. Zeldin (admitted *pro hac vice*)
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
(310) 201-0005
bfreedman@lftcllp.com
egarofalo@lftcllp.com

SHAPIRO ARATO BACH LLP
Alexandra A. E. Shapiro
Jonathan Bach
Alice Buttrick
1140 Avenue of the Americas, 17th Floor
New York, NY 10036
Tel: (212) 257-4881
ashapiro@shapiroarato.com
jbach@shapiroarato.com
abuttrick@shapiroarato.com

MEISTER SEELIG & SCHUSTER PLLC
Mitchell Schuster
Kevin Fritz
125 Park Avenue, 7th Floor
New York, NY 10017
(202) 655-3500
ms@msf-law.com
kaf@msf-law.com

/s/ *Esra A. Hudson*

MANATT, PHELPS & PHILLIPS, LLP
Esra A. Hudson (admitted *pro hac vice*)
Naeun Rim (admitted *pro hac vice*)
Stephanie A. Roeser (admitted *pro hac vice*)
Sarah E. Moses (admitted *pro hac vice*)
Sareen K. Armani
Katelyn A. Climaco
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 312-4000
ehudson@manatt.com
nrim@manatt.com
sroeser@manatt.com
smoses@manatt.com
sarmani@manatt.com
kclimaco@manatt.com

Matthew F. Bruno
7 Times Sq.
New York, NY 10036
(212) 790-4500
mbruno@manatt.com

WILLKIE FARR & GALLAGHER LLP
Michael J. Gottlieb
Koren Bell
2049 Century Park East
Los Angeles, California 90067
(310) 855-3000
mgottlieb@willkie.com
kbell@willkie.com

Kristin E. Bender
1875 K Street NW
Washington, DC 20006
(202) 303-1000
kbender@willkie.com


[1] E-signature affixed with consent pursuant to SDNY ECF Rule 8.5.

Michael Schachter
Aaron E. Nathan
Michaela A. Connolly
Melissa Taustine
787 7th Avenue
New York, NY 10019
(212) 728-8000
Mschachter@willkie.com
anathan@willkie.com
mconnolly@willkie.com
mtaustine@willkie.com

**SO ORDERED.**

Dated: _________

___________________________
Hon. Lewis J. Liman
United States District Judge