NIX PATTERSON, LLP©

Brad Beckworth
Partner
E-mail: bbeckworth@nixlaw.com

September 28, 2026

Honorable Lewis J. Liman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

Re: C.A. No. 1:24-cv-10049 (LJL); *Blake Lively, et al v. Wayfarer Studios LLC, et al.*, C.A. No. 1:25-cv-449 (LJL); *Wayfarer Studios LLC v. Lively*, In the United States District Court for the Southern District of New York

Dear Judge Liman:

Third-party defendant Jonesworks LLC ("Jonesworks") respectfully submits this letter brief in response to the Court's September 24, 2026 Order (Dkt. 1463) addressing how the Court's April 2, 2026 Opinion and Order (Dkt. 1273) affects the pending conditional motion for summary judgment filed by third-party plaintiff Jennifer Abel ("Abel"). Abel's motion seeks summary judgment on her second cause of action, for common law indemnification. For the reasons below, Abel's motion should be denied with prejudice. The claim is moot, as are Abel's other third-party claims in *Lively v. Wayfarer, et al.* Jonesworks requests that the Court set a briefing schedule to resolve those remaining claims. Furthermore, if Abel wishes to file a motion for summary judgment on her affirmative defenses seeking indemnification for liability to Plaintiffs Jones and Jonesworks, LLC in *Jones et al. v. Abel et al.* (Dkt. 50, ¶¶ 190-91), that is a separate matter, and she may do so in accordance with the scheduling order in that case.

***Background.*** On November 11, 2025, Abel moved for conditional summary judgment against Jonesworks on her claim for common law indemnification, which seeks indemnification from Jonesworks for "any liability, expenditures, or losses" arising from Plaintiff Blake Lively's ("Lively") claims against Abel. Dkt. 187 at 82, ¶ 61. Abel labeled the motion "conditional," conceding that no judgment or settlement had resolved Lively's claims. Dkt. 945 at 12. Jonesworks opposed, arguing that it was premature and that genuine disputes of material fact precluded summary judgment. Dkt. 1058 at 15–17.

On April 2, 2026, the Court granted summary judgment to Abel on all three of Lively's claims against her: (1) aiding and abetting retaliation under FEHA, (2) false light invasion of privacy, and (3) civil conspiracy. Dkt. 1273 at 139–40, 143, 150–51. Abel now faces no liability to Lively. Her second cause of action is moot, and conditional summary judgment is inappropriate.

***Conditional summary judgment is no longer appropriate because Abel's indemnification claim is moot.*** When the underlying claims are resolved in the alleged indemnitee's favor, no primary liability exists, and the indemnification claim is moot. *Schneider v. Nat'l R.R. Passenger Corp.*, 987 F.2d 132, 138 (2d Cir. 1993) ("A party must sustain a loss in order to assert an indemnification claim."); *Blitz v. BLDG Mgmt. Co.*, 2023 WL 6162295, at *13 (S.D.N.Y. Sept. 21, 2023) (dismissing third-party indemnification claims as moot once the defendants won summary judgment on every claim against them, because the indemnification claims depended on the defendants being held liable to the plaintiff). Abel conditioned her motion on the possibility that Lively would obtain a settlement or judgment against her. *See* Dkt. 945 at 12. That contingency will never materialize, and there is no liability to shift from Abel to Jonesworks.

The April 2 Order foreclosed Abel's claim for common law indemnification on its merits. That claim "can be sustained only if: (1) the party seeking indemnity and the party from whom indemnity is sought have breached a duty to a third person, and (2) some duty to indemnify exists between them." *Highland Holdings & Zito I, L.P. v. Century/ML Cable Venture*, No. 06 Civ. 181 (GBD), 2007 WL 2405689, at *4 (S.D.N.Y. Aug. 24, 2007), *aff'd sub nom. In re Century/ML Cable Venture*, 311 Fed. Appx. 455 (2d Cir. 2009). Abel cannot satisfy the first element, because the Court held that she breached no cognizable duty to Lively. Dkt. 1273 at 137–40 (finding that Abel "cannot be held personally liable for aiding and abetting retaliation" because FEHA does not impose this liability on individual agents carrying out an employer's alleged adverse actions). And Lively's conspiracy claim against Abel, which was limited to conspiracy to commit false light, fell with the false light claim. *Id.* at 150. The Court held that no conspiracy claim exists "unless the underlying tort is committed." *Id.* at 150 (quoting *Julian v. Mission Cmty. Hosp*., 218 Cal. Rptr. 3d 38, 65 (Cal. Ct. App. 2017)). Because the tort does not exist, there was no duty for Abel, nor Jonesworks, to breach.

Abel cannot satisfy the second element either. The common law implies a duty to indemnify only in favor of "one who is held responsible solely by operation of law because of his relation to the actual wrongdoer." *McCarthy v. Turner Constr., Inc*., 953 N.E.2d 794, 799 (N.Y. 2011). Abel concedes that "the predicate of common law indemnity is vicarious liability without actual fault." Dkt. 945 at 13–14 (quoting *Trs. of Columbia Univ. in City of N.Y. v. Mitchell/Giurgola Assocs*., 109 A.D.2d 449, 451 (1st Dep't 1985)). No court has held Abel responsible to Lively. Because the Court rejected every claim against Abel on legal grounds, no additional briefing or evidence can establish either element.

Because her underlying indemnity claim is moot, Abel cannot be entitled to conditional summary judgment. *See Blitz*, No. 20-CV-5462 (RA), 2023 WL 6162295, at *13 ("Having determined that Defendants are not liable to Plaintiff on any of his claims as a matter of law, any arguments they have made seeking indemnification … are therefore moot."). Abel's motion was conditioned on the possibility that Lively would obtain a settlement or judgment against her. *See*

Dkt. 945 at 12. That contingency will never materialize. No liability exists for Jonesworks to indemnify, and no "condition" remains on which such a judgment could rest.

***Even if Abel's claims were not moot, she has no damages.*** Even if Lively's claims had not been resolved, Abel's indemnification claim would fail because she has suffered no loss for Jonesworks to indemnify. A party "must sustain a loss in order to assert an indemnification claim." *Schneider*, 987 F.2d at 138. The right to indemnification against loss does not arise until the indemnitee actually pays. *Madeira v. Affordable Hous. Found., Inc.*, 323 F. App'x 89, 91 (2d Cir. 2009) (summary order) (citing *McCabe v. Queensboro Farm Prods., Inc.*, 22 N.Y.2d 204, 208 (1968)). With Lively's claims resolved, the only loss Abel could claim is the cost of her defense. But Abel has paid nothing. Wayfarer is paying her counsel, and the record contains no evidence that Abel owes or must repay any fees. Dkt. 1112 at 70-72, ¶¶ 110-16. Abel promised to produce every document supporting her claim, and discovery is closed. *Id.* at 71, ¶ 113. Abel cannot shift to Jonesworks a cost she never bore.

***Genuine disputes of material fact independently preclude summary judgment.*** Even if the claim were not moot, genuine disputes of material fact on every element would defeat any renewed motion, and the April 2 Order resolved none of them in Abel's favor. Dkt. 1058 at 21–25. Common law indemnification is available only to an indemnitee who bears no fault for the conduct at issue. *Trs. of Columbia Univ.*, 109 A.D.2d at 451. As this Court explained, Abel must show that she was "not negligent and acted merely at the direction of Jonesworks." Dkt. 852 at 24–25. The record shows the opposite. While still employed at Jonesworks, Abel formed a competing firm, conspired with Melissa Nathan to steal Jonesworks' clients, coordinated the Business Insider "kill story" that damaged Jonesworks, and stole Jonesworks' proprietary information. Dkt. 1058 at 18–22. She recommended and onboarded Nathan knowing Jonesworks objected to Nathan's tactics, directed TAG to send its scope of work to her personal RWA email, and conspired with Nathan to poach Wayfarer and Baldoni when she left. *Id.* at 20–24. And Jonesworks bears no responsibility for Abel's conduct after her August 21, 2024 termination. *Id.* at 25–26. No new motion can erase these disputes. These are inherent disputes of material fact, and Abel cannot cure them by filing a new motion.

***The Court should set a briefing schedule to resolve Abel's remaining third-party claims.*** Abel's motion reaches only her cause of action for common law indemnification, but her statutory indemnification and contribution claims remain pending. Dkt. 187 ¶¶ 41–51, 62–66. Those claims also fail on the current record. The contribution claim is moot, because Abel pleaded it only "to the extent Abel is found culpable" and only for "the portion of the damages awarded against Abel." *Id.* ¶¶ 64, 66. The Court has since entered judgment in her favor. Dkt. 1273 at 151. The statutory indemnification claim reaches only "necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer." Cal. Lab. Code § 2802(a). Abel admits she has paid no legal fees, and Wayfarer is paying her counsel. Dkt. 1112 at 70-72, ¶¶ 110-16. The claim also turns on whether Abel acted

September 28, 2026

within her duties and at Jonesworks' direction, which the record sharply disputes. Dkt. 1058 at 18–26. [1]

***Conclusion.*** For the foregoing reasons, Abel's conditional motion for summary judgment is no longer appropriate and should be denied or, in the alternative, dismissed with prejudice. There is no underlying liability to indemnify, Abel has suffered no cognizable loss, and her indemnification claim is moot. Under New York law, Abel's right to indemnification never accrued, and it never will. Alternatively, the genuine disputes of material fact that pervade her claim cannot be resolved in her favor on any renewed motion. Permitting refiling would serve no purpose other than to burden the parties and the Court with relitigating an issue that is fundamentally deficient.

Respectfully submitted,

NIX PATTERSON, LLP

Brad Beckworth

[1] Jonesworks' motion for spoliation sanctions against Abel also remains live. Dkt. 867. That motion seeks an adverse inference that the Signal messages Abel failed to preserve would have shown that she acted for her own benefit, outside the scope of her employment, and not at Jonesworks' direction. Dkt. 870 at 19. Those are the very facts on which Abel's third-party claims turn. The Court should consider that motion in resolving Abel's remaining claims.