# EXHIBIT 76

**LINER FREEDMAN TAITELMAN + COOLEY, LLP**
ATTORNEYS AT LAW

1801 CENTURY PARK WEST, 5TH FLOOR
LOS ANGELES, CALIFORNIA 90067-6007
TEL: (310) 201-0005
FAX: (310) 201-0045
E-MAIL: bfreedman@lftcllp.com

BRYAN J. FREEDMAN

December 24, 2024

Justin Baldoni
Wayfarer Studios LLC
417 S Beverly Dr.
Beverly Hills, CA 90212
[redacted]

Jed Wallace
Street Relations, Inc.
[redacted]

Jamey Heath
[redacted]

Melissa Nathan
The Agency Group PR LLC
[redacted]

Jennifer Abel
RWA Communications, LLC
[redacted]

Steve Sarowitz
[redacted]

Re: Hourly Fee Agreement for Legal Services

Dear Justin, Jamey, Steve, Melissa, Jennifer, and Jed:

It is Liner Freedman Taitelman + Cooley, LLP's belief that a clear understanding between attorney and client with respect to the terms of our employment and legal fees and expenses is fundamental to a good relationship between the parties. This letter will begin that process by explaining the terms of the relationship. It also will provide you with an accessible reference for any questions that might arise during the course of our attorney-client relationship.

## 1. IDENTIFICATION OF PARTIES:

This Hourly Fee Agreement (the "Agreement") is entered into between Liner Freedman Taitelman + Cooley, LLP ("LFTC"), as legal counsel, and Wayfarer Studios LLC (as "Client" and "Obligor") and Justin Baldoni, Jamey Heath, Steve Sarowitz, Melissa Nathan, The Agency Group PR LLC, Jennifer Abel, RWA Communications, LLC, Jed Wallace and Street Relations, Inc. (each individually as a "Client" and "Obligee") (collectively, the "Clients"). LFTC and Clients will collectively be referred to herein as the "Parties."

## 2. EFFECTIVE DATE OF AGREEMENT:

The effective date of this Agreement will the latest of the following dates: receipt of any required advance retainer, and LFTC's receipt of the Clients' signature on this Agreement. LFTC does not

represent Clients and therefore is under no obligation to render any legal services on Clients' behalf until after the effective date of this Agreement.

**3. SCOPE OF SERVICES TO BE PROVIDED:**

The legal services to be provided by LFTC to Clients under this Agreement are as follows: LFTC will represent Clients in connection with their dispute with Blake Lively and related parties, including, without limitation, Stephanie Jones and Jonesworks, LLC (referred to as "the matter" or "the case"). We have not been retained to represent Clients generally, or in connection with any other matter, at this time. However, the general terms of this Agreement will also apply to any other future matters on which LFTC is asked to and agrees to represent you, in the event there is no further engagement agreement.

This scope of legal services does **not** include LFTC providing any tax advice. Documents prepared by LFTC may have specific tax ramifications. To be sure Clients understand all potential tax consequences, Clients should consult with Clients' tax advisors regarding any issue involving taxes and taxation.

The scope of services also does not include LFTC doing insurance tenders or providing insurance coverage advice. Clients may possess insurance policies which provide Clients with first or third party coverage related to this matter. It is Clients' responsibility to locate any and all insurance policies which might apply to this matter, and to effectuate all necessary tenders and notifications to the applicable insurers. Though LFTC is not coverage counsel and cannot provide coverage advice to Clients, so that LFTC is aware of the status, please provide LFTC with any and all policies and copies of tenders/notifications. Please note that policies sometimes have language which conditions coverage on prompt reporting of claims with specific information in a specific manner. Clients' insurance broker and/or coverage counsel may be able to assist with any questions Clients have pertaining to insurance coverage.

**4. CLIENTS' DUTIES:**

Clients agree to be truthful with LFTC and will not withhold any information; will cooperate with LFTC; will keep LFTC reasonably informed of developments which may come to Clients' attention, including receipt of any notices or documents relating to this matter from others; will supply LFTC with all information requested by LFTC; and will supply LFTC with any changes of

Clients' addresses, telephone numbers, facsimile numbers, and whereabouts. Clients will assist LFTC by timely providing information and documents. Clients agree to appear at all legal proceedings when LFTC deems it necessary, and generally to cooperate fully with LFTC in all matters related to the preparation and presentation of Clients' claims and defenses.

5. <u>LEGAL FEES; CHARGING LIEN</u>:

Obligor, on behalf of Clients, agrees to pay LFTC by the hour at LFTC's rates as set forth below for all time spent on Clients' matter by LFTC attorneys and legal personnel. Current hourly rates for legal personnel are as follows:

| | |
|---|---|
| Senior Partners | $1,200/hour |
| Partners | $800-$1,000/hour |
| Associates | $600-$650 /hour |
| Paralegals | $250/hour |
| Law clerks | $100 /hour |

Any necessary travel on this matter will be billed at the full hourly rate for the attorney(s) travelling.

LFTC from time to time will make reasonable adjustments to the rates under this Agreement, and Clients and Obligor agree to same. Clients and Obligor will be informed of such reasonable rate increases in LFTC's billing statements, which will reflect the rate increases. In the event Clients and/or Obligor have any questions or concerns regarding said increases, Clients and/or Obligor are urged to reach out to LFTC upon receipt of LFTC's billing statement.

Clients and Obligor acknowledge and agree that LFTC has a charging lien on any and all claims, recovery, payments that are the subject of LFTC's representation under this Agreement. Attorney's lien will be for any sums owing to LFTC for any and all costs, expenses, and fees. The lien will attach to any recovery Clients may obtain, whether by arbitration award, judgment, settlement, sanctions, fee award, cost award, or otherwise. An effect of such a lien is that LFTC can compel payment of outstanding fees and costs from any such recovery. Because a lien may affect Clients' property rights, Clients are advised to and may seek the advice of an independent lawyer of Clients' own choice before agreeing to such a lien. Clients represent and agree that

Docusign Envelope ID: 82FB6EE6-5152-4408-AF43-214D476B019A



Clients have had a reasonable opportunity to consult such an independent lawyer and prior to agreeing to this charging lien and all terms of this Agreement.

6. **NEGOTIABILITY OF LEGAL FEES**:

Clients understand that the rates set forth above are not set by law, but are negotiable between LFTC and Clients.

7. **COSTS AND OTHER FIRM CHARGES**:

In the course of Clients' matter, it will be necessary to incur various costs and expenses, as described in the next paragraph. Clients authorize LFTC, in its discretion, to incur these costs and expenses, including the costs of investigators, consultants and expert witnesses who are necessary for the advancement of Clients' matter, in LFTC's judgment. LFTC, in its discretion, may pay any such costs and expenses and bill Clients for the same. Clients agree to reimburse such costs and expenses within 30 days of receipt of the invoice for the same. If Clients have any questions regarding such invoices, or disputes any aspect of said invoices, Clients must notify LFTC within the same 30 days to discuss the same.

LFTC may also, in its discretion, send bills for costs and expenses directly to Obligor and Clients for payment. Obligor and Clients agree to pay the same within 30 days receipt of the invoice for the same, unless a third- party invoice requires payment sooner than 30 days, in which case Obligor and Clients agree to pay in accordance with the third-party terms.

In addition to investigators, consultants and expert witnesses, costs and expenses commonly include court filing fees, jury fees, service of process charges, court and deposition reporters' fees, interpreter/translator fees, outside photocopying and reproduction costs, messenger fees, service of process fees, notary fees, trial technology fees, mock jury trial fees, witness fees, parking costs, travel and hotel costs, meal costs, discovery referee costs, special master costs, subrosa costs, mediation costs, and arbitration costs.

Obligor and Clients also understand and agree that LFTC may provide certain services in-house at LFTC, and Obligor and Clients agree to pay reasonable charges for the same. These in-house costs include long distance telephone charges, computerized communication systems, individual file management and storage, postage, in-house copies, in-house scanning, in-house messenger

Docusign Envelope ID: 82FB6EE8-5152-4408-AF43-214D476B019A



services, secretarial overtime, computerized research, and other services. LFTC will charge the following in-house costs as follows: (1) mileage - IRS Standard Mileage Rate; (2) in-house printing, photocopying, and scanning - $.20/page cents per page; (3) facsimile charges - $.20/page cents per page; and (4) postage – the amount charged by the carrier. For all other in-house costs, Obligor and Clients will be billed commensurate with LFTC's cost. If Obligor and/or Clients have any questions regarding in-house costs and expenses, or charges for the same, Obligor and/or Clients are urged to reach out to LFTC at any time regarding the same.

**8. <u>FEE DEPOSIT AND CREDIT CARD FEES</u>:**

Obligor, on behalf of Clients, agrees to advance a retainer of $100,000 for the professional services LFTC will provide to Clients before LFTC begins any work on this matter. Advance retainers are not intended to reflect the overall fees or costs for this matter, nor do they reflect the budget for any specific time frame or task. The entire amount of your retainer will be placed in LFTC's Client trust account.

LFTC requires Obligor, on behalf of Clients, to maintain a minimum balance of $15,000 in the Clients' trust account. If the balance in the trust account falls below that amount, LFTC will request, and Obligor agrees to provide, the additional retainer amount necessary to bring the total to $15,000. If Obligor and/or Clients do not maintain this minimum balance in the trust account, LFTC reserves the right to withdraw from the representation, and Clients agree to such withdrawal.

By way of Clients' signature on this Agreement, Clients agree that the amount of each bill is <u>fixed</u> as soon as it is issued to Clients, and Clients authorizes LFTC to automatically withdraw the entire amount of each monthly bill, including all costs LFTC has advanced on Clients' behalf and fees, from the LFTC Client trust account, in payment to LFTC for those services already rendered.

In the event that the matter becomes very active, LFTC may require a larger retainer, which Obligor, on behalf of Clients, agrees to pay upon ten (10) days written request. When the matter is concluded, LFTC will refund Obligor and/or Clients any amounts remaining in the trust account, after all fees and costs have been paid.

With regard to matters in litigation or arbitration, a pretrial retainer is required at least **one hundred and eighty (180) days** prior to the **originally scheduled** trial date, and Clients agree to pay the same. The retainer will be in the amount estimated to prepare for trial, and try the case, and will be presented to Clients at least ten (10) days before the due date. The entire amount of

Wayfarer Studios LLC
Justin Baldoni
Jamey Heath
Steve Sarowitz
Melissa Nathan
The Agency Group PR LLC
Jennifer Abel
RWA Communications, LLC
Jed Wallace
Street Relations, Inc.
*RE: Hourly Fee Agreement for Legal Services*
December 24, 2024
Page 6

Clients' retainer will be placed in the LFTC Client trust account. Failure to pay the pretrial retainer may result in LFTC requesting to be relieved as counsel.

Any estimates LFTC may provide from time to time and any deposits, retainers, or advances against costs LFTC may require are not a limitation on LFTC's fees and other charges.

If, as a result of the engagement, LFTC is required to produce documents or appear as a witness in connection with any governmental or regulatory examination, audit, investigation or other proceeding or any litigation, arbitration, mediation or dispute involving Clients or any related persons, Clients are responsible for costs and expenses reasonably incurred by LFTC (including professional and staff time at then scheduled hourly rates and reasonable attorneys' fees and costs incurred by LFTC).

Advance retainers may be wired to LFTC's bank account as follows:

LINER FREEDMAN TAITELMAN + COOLEY, LLP CLIENT TRUST ACCOUNT

BANC OF CALIFORNIA
[redacted]
Routing # [redacted]
Account # [redacted]

LFTC will not change these wire instructions. If you receive amended or different wire instructions, please immediately contact the LFTC attorneys handling this matter at a phone number that you have previously used to contact those attorneys.

Clients can also pay by credit card. A fee of 2.95% is charged for each credit card payment which will be charged to the Clients, and Clients agree to be responsible for the same.

**9. <u>CONSENT TO PAYMENT OF ATTORNEYS' FEES AND COSTS</u>:**

By signing this Agreement, Obligor agrees to pay for all legal services which LFTC provides to Clients and costs incurred in the representation of Clients. Clients will remain responsible for and will pay LFTC's bills in the event Obligor fails for any reason to pay LFTC's bills as they become

due. If a refund is due at the conclusion of the representation, the refund will be paid to the person or entity who paid the fees and costs.
Obligor further agrees that it will not interfere with the attorney-client relationship or LFTC's exercise of independent professional judgment on behalf of any other Client. In furtherance of the independent nature of the attorney-client relationship, Obligor acknowledges that it has no right to direct LFTC's handling of any other Client's matter.

**10. <u>BILLING</u>:**

LFTC's statements for fees, costs and other firm charges generally will be prepared and mailed either electronically or via U.S. Mail, and are due upon receipt. Obligor and Clients each agree, severally, to pay such statements in full upon receipt. Obligor and Clients agree to promptly review all bills rendered by LFTC and to promptly communicate any objections, questions, or concerns about their contents and any charges. Obligor and Clients hereby acknowledge and agree that the statements, which may include details regarding their representation will be provided to Obligor and Clients for payment.

**11. <u>CLIENTS' RESPONSIBILITY FOR PREVAILING PARTY OR COURT ORDERED FEES AND COSTS TO OTHER PARTY</u>:**

Clients understand that if Clients' case proceeds to court action or arbitration and Clients lose a motion or the case entirely, or is not the prevailing party, the court may award attorney's fees and costs against Clients. Payment of such attorney's fees and costs will be the sole responsibility of Clients.

**12. <u>SANCTIONS</u>:**

Clients agree that any award of fees and costs that may be awarded as any type of sanction related to discovery or otherwise shall belong exclusively to LFTC. Such awards shall be applied to outstanding or future invoices consistent with the charging lien stated above.

The court may assess monetary sanctions (including attorney's fees and costs) *against Clients* for discovery violations, bad faith conduct, inappropriate conduct, and otherwise. Any such award will be entirely the responsibility of Clients.

**13. FILE POLICY:**

LFTC maintains Clients' files electronically and Clients agree to the same. LFTC may delete or destroy all files 120 days after the conclusion of representation, without further notification to Clients, and Clients agree to the same. If Clients desire any file materials at the end of representation, Clients must make a prompt written request of LFTC for the same.

**14. NO GUARANTEES AS TO RESULT:**

Nothing in this Agreement and nothing in LFTC's statements to Clients will be construed as a promise or guarantee about the matter or outcome of the representation. LFTC makes no such promises or guarantees. LFTC's comments about the outcome of the matter are expressions of opinion only, are neither promises nor guarantees, and will not be construed as promises or guarantees.

**15. MEDIATION AND CONFIDENTIALITY:**

With any dispute, there is a possibility the matter may go into mediation, and Attorneys will serve as Clients' counsel in that process. California Evidence Code section 1119 provides that anything that occurs in the mediation process is inadmissible and not subject to discovery. Therefore, should Attorneys represent Clients in mediation, the events, reports, analyses, and discussions leading up to the mediation and the mediation itself will be inadmissible and not subject to discovery in any subsequent dispute—including, but not limited to, any fee dispute and/or legal malpractice claim—between Clients and LFTC, or Clients and others. By signing below Clients confirms Clients' understanding of the strict and indisputable confidentiality of mediation and the potential impact it could have on any future dispute between Clients and LFTC, including, but not limited to, the potential preclusion of a legal malpractice claim. LFTC urges Clients to consult with independent counsel regarding mediation confidentiality and the implications of it before signing this Agreement. With this understanding, Clients consent to LFTC representing Clients in this matter and representing Clients in the context of mediation. If Clients have any questions about this issue, please contact LFTC at any time.

**16. AUTHORITY AND APPLICATION OF PRIVILEGE:**

Clients hereby authorizes and instructs LFTC with regard to the following persons:

____________________________________________________________("**Client Representatives**")

Clients hereby instruct LFTC to work with Client Representatives on this matter, and specifically authorize LFTC to: (a) report any and all developments to Client Representatives, including all confidential developments; (b) strategize with Client Representatives regarding the matter; (c) share privileged and confidential information with Client Representatives; (d) engage in communications, including confidential communications with Client Representatives without Clients as part of those communications; and (e) accept and execute upon any and all instructions from Client Representatives. Clients agree to inform Client Representatives that they are not represented by LFTC, and that LFTC's only attorney-client relationship in this matter is with Clients.

LFTC and Clients hereby agree that Client Representatives serve in that capacity and have the referenced involvement in the matter for the purpose of furthering Clients' interests in the matter. LFTC and Clients further agree that discussion of confidential information with, and disclosure of confidential information to, Client Representatives is necessary to accomplish the purpose for which LFTC is consulted. Accordingly, communications with Client Representative are protected by Evidence Code section 952, et seq., as well as principles of confidentiality in the attorney-client relationship.

Clients will inform LFTC of the additional of any Client Representatives. Clients will inform LFTC of the removal of any Client Representatives. Upon learning of the name of new Client Representatives, LFTC will amend this section under a separate writing to Clients.

## 17. LITIGATION HOLD (FOR LITIGATION AND PRE-LITIGATION MATTERS):

Pursuant to both Federal and California Law, Clients are obligated to identify and preserve materials that may relate to the case. This is known as a litigation hold. Where parties fail to meet their preservation obligations, Courts have imposed significant sanctions. As soon as litigation can be reasonably anticipated, parties to that litigation, together with their employees, officers, members, agents, etc. have a legal duty to preserve all materials that relate, directly or indirectly, to the underlying dispute between or among the parties and include both traditional paper documents and Electronically Stored Information ("ESI"). ESI includes, but is not limited to, e-mail messages and attachments, text messages, word processing documents, spreadsheets,

databases, calendar entries, computer drawings, or any other documents or files created or stored on your computer systems. The preservation must be sufficient to prevent destruction or alteration, including maintaining the integrity of all documents, data, and tangible things. The duty to preserve extends to materials in your possession, custody, or control, which would include relevant material that resides with an agent or third-party. While complying with this litigation hold is and must be kept Clients' obligation (since, among other factors, we do not have control of your documents or data), Clients are free to reach out to our team to ask questions that may help you facilitate Clients' internal preservation processes.

**18. <u>MEDIATION AND ARBITRATION OF DISPUTES</u>:**

In the event of a dispute arising out of or relating to this Agreement, including, but not limited to, any and all claims pertaining to malpractice and breach of fiduciary duty, the Parties (LFTC, Clients and Obligor) hereby agree to mediate the dispute in good faith. Thereafter, if the dispute remains unresolved, any dispute between Clients or Obligor or both and LFTC (including, without limitation, any of LFTC's individual attorneys) shall be subject to binding arbitration. All questions regarding the arbitrability of the dispute, including whether the Parties have agreed to arbitrate the dispute, shall be decided by the arbitrator and said arbitration. By agreeing to arbitrate, all Parties are agreeing to pay an equal portion of the arbitrator's fees and to bear their own attorney's fees in connection with any arbitration hereunder. Such arbitration shall be conducted in accordance with the rules of the Judicial Arbitration and Mediation Services (JAMS), Los Angeles. The arbitrator will be selected in accordance with the procedures of the Judicial Arbitration and Mediation Services (JAMS), Los Angeles for arbitrator selection.

The arbitration shall be conducted in accordance with the California Arbitration Act. Code of Civil Procedure section 1283.05 is incorporated into, and is made part of, this agreement to arbitrate, and shall apply accordingly. As set forth in Code of Civil Procedure section 1283.05, "the parties to the arbitration shall have the right to take depositions and to obtain discovery regarding the subject matter of the arbitration, and, to that end, to use and exercise all of the same rights, remedies, and procedures, and be subject to all of the same duties, liabilities, and obligations in the arbitration with respect to the subject matter thereof, as provided in Chapter 2 (commencing with Section 1985) of Title 3 of Part 4, and in Title 4 (commencing with Section 2016.010) of Part 4, as if the subject matter of the arbitration were pending before a superior court of [California] in a civil action other than a limited civil case, subject to the limitations as to depositions set forth in subdivision (e) of this section."

The Parties understand that by submitting their dispute to arbitration, they are waiving their right to a jury trial. The arbitrator shall not have the power to grant any remedy that could not be granted by a California court applying California law.

The Parties acknowledge that such binding arbitration may deprive them of various rights that they otherwise might have in a legal action, including, without limitation, the right to a jury trial and the right to appeal.

Any dispute relating to fees, costs or legal expenses in dispute, including any action to collect monies owed, is subject to the arbitration procedure established by the State Bar and codified at California Business and Professions Code section 6200 et seq. Any action relating to such a fee dispute shall be conducted in conformity with that statute, which gives you certain options. When the statutory obligations have been met or satisfied, you agree that any remaining dispute relating to fees, costs or legal expenses shall be arbitrated in accordance with the above paragraphs. This agreement to arbitrate shall survive the termination of LFTC's representation.

**19. <u>SEVERABILITY IN EVENT OF PARTIAL INVALIDITY</u>:**

If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

**20. <u>MISCELLANEOUS</u>:**

This Agreement is governed by California law and is intended to be the entire agreement for professional services between the Parties. No other agreement, statement, or promise made on or before the Effective date of this Agreement will be binding on the Parties. The Agreement may be amended or modified by subsequent agreement of the Parties only by an instrument in writing signed by both of them.

**21. <u>BANKRUPTCY PROVISION</u>:**

Obligor and Clients represent to LFTC that they are are not presently seeking nor contemplating filing for Bankruptcy protection, and that Obligor and/or Clients will inform LFTC should such a course of action be contemplated in the future.

Docusign Envelope ID: 82FB6EE8-5152-4408-AF43-214D478B019A



22. JOINT/MULTIPLE CLIENT DISCLOSURE AND CONSENT

The undersigned Clients have requested that LFTC jointly represent them in the matter set forth in this Agreement. There may be potential conflicts of interest in the representation of more than one party in a case. As a result, LFTC will provide Clients with a Conflict Waiver explaining the potential conflicts of interest that may arise in this matter and of the consequences should an actual conflict arise and informing each of the Clients that they have had the opportunity to consult with independent counsel regarding these disclosures and their consent to joint representation.

**THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM AS OF THE DATE LFTC FIRST PROVIDED SERVICES. IF MORE THAN ONE CLIENTS SIGNS BELOW, EACH AGREES TO BE LIABLE, JOINTLY AND SEVERALLY, FOR ALL OBLIGATIONS UNDER THIS AGREEMENT. CLIENTS WILL RECEIVE A FULLY EXECUTED COPY OF THIS AGREEMENT.**

Date: 12/26/2024

LINER FREEDMAN TAITELMAN + COOLEY, LLP

Signed by:
Bryan Freedman
892CBF8C0A647E...
Bryan J. Freedman, Partner

WAYFARER STUDIOS LLC (Client/Obligor)

Date: 12/26/2024

DocuSigned by:
A1C7E052530047E...

By: Jamey Heath

Its: CEO

Wayfarer Studios LLC
Justin Baldoni
Jamey Heath
Steve Sarowitz
Melissa Nathan
The Agency Group PR LLC
Jennifer Abel
RWA Communications, LLC
Jed Wallace
Street Relations, Inc.
*RE: Hourly Fee Agreement for Legal Services*
December 24, 2024
Page 13

JUSTIN BALDONI (Client)

Date: 12/26/2024

B Signed by: Justin Baldoni B8D7B7B2A79948F...

JAMEY HEATH (Client)

Date: 12/24/2024

B DocuSigned by: A1C7ED525100478...

STEVE SAROWITZ (Client)

Date: 12/24/2024

B Signed by: Steve Sarowitz 2BE3186C7E79479...

MELISSA NATHAN (Client)

Date: 12/26/2024

B Signed by: B8EA2FF7961043B...

THE AGENCY GROUP PR LLC (Client)

Date: 12/26/2024

Signed by: B8EA2FF7961043B...

By: Melissa Nathan

Its: CEO

Docusign Envelope ID: 82FB8EE8-5152-4408-AF43-214D4768019A



JENNIFER ABEL (Client)

Date: 12/30/2024 — Signed by: Jennifer Abel, 1ADCAC737D674C2

RWA COMMUNICATIONS, LLC (Client)

Date: 12/30/2024 — Signed by: Jennifer Abel, 1ADCAC737D674C2

By: Jennifer Abel

Its: CEO

JED WALLACE (Client)

Date: 12/24/2024 — DocuSigned by: AAF9BB5E5043459...

STREET RELATIONS, INC. (Client)

Date: 12/24/2024 — DocuSigned by: AAF9BB5E5043459...

By: JED WALLACE

Its: Director