# Exhibit 31

MSF
Meister Seelig & Fein PLLC

Mitchell Schuster
*Partner*
Direct [redacted]
Fax (646) 539-3649
[redacted]

January 20, 2025

***Via E-mail***

Justin Baldoni
Wayfarer Studios LLC
[redacted]

Jamey Heath
[redacted]

Melissa Nathan
The Agency Group PR LLC
[redacted]

Jennifer Abel
RWA Communications, LLC
[redacted]

Steve Sarowitz
[redacted]

Jed Wallace
Street Relations, Inc.
[redacted]

**Re: <u>Engagement Letter</u>**

Dear All:

This Engagement Letter confirms your retention of Meister Seelig & Fein PLLC (the "Firm" or "MSF") to represent Wayfarer Studios LLC, Justin Baldoni, Jamey Heath, Steve Sarowitz, Melissa Nathan, The Agency Group PR LLC, Jennifer Abel, RWA Communications, LLC, Jed Wallace and Street Relations, Inc. (each individually as a "Client" and collectively, the "Clients") in connection with your dispute with Blake Lively and related parties, including, without limitation, Stephanie Jones and Jonesworks, LLC. Notwithstanding the foregoing, Wayfarer Studios LLC shall be responsible to pay the fees on behalf of the Clients.

We have not been retained to represent Clients generally, or in connection with any other matter, at this time. However, the general terms of this Engagement Letter will also apply to any other future matters on which the Firm is asked to and agrees to represent you, in the event there is no further Engagement Letter.

We thank you for entrusting your legal work to us. This Engagement Letter confirms our understanding and agreement concerning the financial arrangements between you and this Firm with respect to our representation.

***<u>Conflicts of Interest and Confidential Information</u>:*** We agree that we will not represent any other client on any matter on which we are representing you absent your express agreement that we may do

so, unless the work we are doing for you on that matter is transactional in nature, and our engagement on that matter was not exclusive. You agree, however, that we will otherwise be free to represent any other client either generally or on any specific matter in which you may have an interest, even if the interests of that other client are or may become adverse to your own unless we conclude that it would be inappropriate for us to do so in the circumstances. The interests of another client of MSF may be adverse to your interests in any number of circumstances. The effect of the above is that we may represent another client on any issue or matter in which you might have an interest including (a) agreements to buy, sell or lease; mergers; joint ventures; acquisitions; financings; contracts for services; insolvency; the protection of rights; representation to regulatory authorities and (b) the resolution of any disputes, whether in any judicial or arbitral forum or otherwise. Except where we have expressly agreed with you otherwise, we may also represent generally another client which, for you, is a market competitor.

We owe a duty of confidentiality to all our clients and accordingly, subject to any overriding legal obligation on you or us, we will keep all documents and information which we receive as a result of representing you confidential, and in particular, will not disclose them to any other client without your express agreement (or in circumstances where with your agreement we represent you and another client, jointly, in the same matter); and you agree that we will not be under any obligation to disclose to you or use on your behalf any documents or information in respect of which we owe a duty of confidentiality to another client (or any other person). You agree that the fact that we hold documents and/or information in respect of which we owe a duty of confidentiality to you and which are or may be relevant to a matter on which we represent another client will not prevent us from representing that other client on that matter without any further consent from you. However, in such a case, we will put in place such arrangements as we consider appropriate in the circumstances to ensure that the confidentiality of your documents and/or information is maintained. You agree that where we have represented you on a matter which has been publicly announced, we may disclose that we acted for you in the matter in question provided that we do not otherwise disclose any details which are not already in the public domain.

***Fees:*** Our fees will be based upon our established hourly time charges, which will be applied against any retainer payments that may be made by you from time to time, along with any out-of-pocket disbursements that are incurred on your behalf. The current hourly rate applicable to services of the undersigned is $980.00. Currently, associates, partners, or other lawyers of-counsel to this Firm will be billed at rates generally ranging from $390.00 to $1,500.00. As a cost savings to all our clients, we use paralegals and law clerks, when circumstances permit. Paralegals are billed at hourly rates ranging from $350.00 to $360.00. We also bill for secretarial/legal assistant time spent on tasks directly attributable to your matters. We will have the right, and you understand that it is our customary practice, to raise all our billing rates incrementally as of January 1 of each calendar year, and at other such times upon notice. It is also our practice to charge a separate fee that is not based solely upon time incurred in the event you ask us and we agree to render a legal opinion to a third party in connection with our representation. In some instances, it is necessary to retain the services of outside

consultants or experts. While we agree to supervise their work, the fees and expenses for outside consultants and experts will not be paid by our Firm and will be your responsibility.

***Expenses:*** In addition to the above fees, certain expenses incurred directly or indirectly on your behalf (for example, online subscribed legal research, photocopying, special word processing, air or ground courier, travel and secretarial overtime) will be billed to you at the time of each billing for legal services, or bills will be submitted directly to you from the various third parties with whom we deal with on your behalf. You agree to pay promptly all such amounts directly to such third parties and to reimburse us for expenses incurred on your behalf.

***Right to Withdraw as Your Attorneys:*** We reserve the right to stop all legal work on your matters if you have an outstanding balance that is owed for longer than thirty days, unless prior arrangements have been made between this firm and you. We also have the right to withdraw from representing you in the event that: (a) we reasonably perceive that you have failed to cooperate with us; (b) you fail to provide on a timely basis accurate and complete information and documents relating to your matters; (c) you engage in any conduct that we decide would make it inappropriate to continue representing you; or (d) for any other reason permitted under the New York Rules of Professional Conduct or any other applicable law or rules. We shall also have the right, consistent with applicable law, to withdraw from representing you at any time, on reasonable notice. Additionally, should you not receive an invoice for legal services from us for 180 consecutive days, our attorney-client relationship shall be deemed to have come to an end on the day following such 180-day period, and we will thereupon have no further obligations to you beyond those owed by attorneys to former clients under applicable law. Whether or not we continue to represent you, we do not assume responsibility to remind you of any future dates or deadlines, such as expiry dates for letters of credit, notice deadlines, escrow release dates, the timing of any renewal or extension options, U.C.C. filing dates, or U.S. Patent and Trademark Office deadlines. If you would like us to summarize such matters for you in an email or memo, please send me such a request by email. At the time our representation of you ceases, and provided that all of your outstanding invoices are paid, we will, upon request or at our option, return all our files and other materials concerning your matters to you, at your cost, which shall be paid in advance, although we reserve the right to retain copies of documents that we, in our sole discretion, deem appropriate. You agree that upon delivery of these files and materials, you will sign appropriate documentation confirming such delivery. Should you refuse delivery of your files and other materials or we are unable to communicate with you after making reasonable efforts for a period of three months, we may, in our sole discretion, destroy all or any portion of those files and materials, except for those files and materials we are required to maintain by law. We reserve the right to retain all electronic files concerning your matters.

***Unpaid Balances:*** Please be advised that all amounts for fees and expenses outstanding more than 30 days after the date that any bill is rendered will be subject to, and shall accrue, interest at the rate of 1-1/4% per month from the date rendered, but in no event more than the maximum amount permitted by New York law. Further, should we be required to expend time, whether or not a proceeding is commenced, to recover any legal fees or expenses provided for hereunder, including without limitation

the making of any motion for a court order authorizing us to withdraw as your counsel, you agree to reimburse this Firm for the time and costs expended at our then applicable regular hourly rates, and to reimburse us for the costs and expenses of any attorneys we retain to secure or pursue collection.

***Resolution of Billing Disputes:*** We both agree that should a dispute arise as to our fees for legal services (or disbursements), we will resolve the dispute by binding arbitration conducted before a single "JAMS" arbitrator and that such binding arbitration shall be governed by the rules and procedures of JAMS for streamlined arbitrations. Such arbitration is to take place at JAMS' offices in the City of New York, as an "expedited" arbitration. In addition, we agree that any claims or counterclaims that you and your affiliates may have against the Firm, including claims for legal malpractice, shall be determined by the same binding arbitration procedure (whether or not a billing dispute also exists). We both agree to be bound by the decision of the arbitrator, which we agree may be confirmed and enforced by a court of law. We each agree to accept service of an arbitral complaint or statement of claim by regular mail or electronic mail, and that such service shall be deemed completed five (5) days after mailing or by electronic mailing to the address set forth on the first page of this letter. The arbitrator will be instructed to make a finding as to which party is the substantially prevailing party, and that party shall be entitled to reimbursement of its reasonable legal fees and costs, including the time charges for attorneys and paralegals at the Firm who work on the arbitration proceeding at the Firm's normal hourly rates for such persons, which fees shall be determined by the arbitrator. The arbitrator shall also award interest at no less than the statutory rate on any fee award running from the date on which the fees are determined to be owed. By signing this agreement, you acknowledge that you have read the official written instructions and procedures for both part 137 of the Rules of the Chief administrator of the Courts (22 NYCRR § 137), and the written rules and procedures for streamlined JAMS arbitrations which are available at:

www.nycourts.gov/admin/feedispute/part137.shtml; and
www.jamsadr.com/rules-streamlined-arbitration/.

You further acknowledge that you have been advised: (1) that you have the right to use the fee arbitration procedures of Part 137, and (2) that you are not required to arbitrate any fee or other dispute in an arbitral forum outside Part 137 or in JAMS arbitration. By signing below, each of us agree to waive our rights with regard to arbitration pursuant to Part 137, which includes the right to reject the arbitrators' award by commencing an action on the merits (*trial de novo*) in a court of law. You and the Firm each consent to the exclusive jurisdiction of the New York Courts, in and for the County of New York, and the Federal District Court for the Southern District of New York, located in the County of New York, for any actions in aid of the aforesaid JAMS arbitration or to confirm or reject the JAMS arbitral award.

***Initial Retainer Payment:*** As a courtesy, our minimum up front retainer requirement for this matter has been waived. However, you acknowledge that it is the Firm's practice to require a trial retainer in advance of the preparation for trial of all litigation matters and, to the extent we cannot agree on the

appropriate amount of such retainer or you do not timely furnish such retainer, we shall have the right to withdraw as your counsel.

***Acknowledgement of Risks and Costs:*** You acknowledge that you are aware of the hazards of, and high costs of litigation, and acknowledge that despite our efforts on your behalf on all matters, whether litigation or not, there is no assurance or guarantee of: (a) the outcome of any matter; (b) the length of time it may take to resolve any matter; or (c) the costs which may be incurred. If you have any questions regarding the scope of our representation, or our billing procedures or fees, please do not hesitate to contact us.

We look forward to working with you and ask if the contents of this letter accurately reflect our understanding and agreement, that you please sign and return a copy of this Engagement Letter to accountsreceivable@msf-law.com.

Very truly yours,

MEISTER SEELIG & FEIN PLLC

By: *Mitchell Schuster*
Mitchell Schuster

**AGREED AND ACCEPTED:**

| | |
|---|---|
| **WAYFARER STUDIOS LLC (Client)**<br>By: [signature]<br>Name: Jamey Heath<br>Title: CEO | 01 / 28 / 2025<br>Date |
| [signature]<br>Justin Baldoni, individually | 01 / 27 / 2025<br>Date |
| [signature]<br>Jamey Heath, individually | 01 / 28 / 2025<br>Date |

| | |
|---|---|
| [signature] | 01 / 27 / 2025 |
| Steve Sarowitz, individually | Date |

| | |
|---|---|
| ______________________ | ______________________ |
| Melissa Nathan, individually | Date |

**THE AGENCY GROUP PR LLC**

By:______________________ ______________________
Name: Melissa Nathan Date
Title:

| | |
|---|---|
| Signed by: Jennifer Abel 1ADCAC737D574C2... | 1/29/2025 |
| Jennifer Abel, individually | Date |

**RWA COMMUNICATIONS, LLC**

By: Signed by: Jennifer Abel 1ADCAC737D574C2... 1/29/2025
Name: Jennifer Abel Date
Title: CEO

| | |
|---|---|
| ______________________ | ______________________ |
| Jed Wallace, individually | Date |

**STREET RELATIONS, INC.**

By:______________________ ______________________
Name: Jed Wallace Date
Title:

[redacted] 01 / 27 / 2025
___________________________ ___________________________
Steve Sarowitz, individually Date

___________________________ ___________________________
Melissa Nathan, individually Date

**THE AGENCY GROUP PR LLC**

By:___________________________ ___________________________
Name: Melissa Nathan Date
Title:

___________________________ ___________________________
Jennifer Abel, individually Date

**RWA COMMUNICATIONS, LLC**

By:___________________________ ___________________________
Name: Jennifer Abel Date
Title:

___________________________ ___________________________
Jed Wallace, individually Date

**STREET RELATIONS, INC.**

By:___________________________ 1/28/25
Name: Jed Wallace Date
Title:



Doc ID: 73faf9580cb86828c04a37b0d3d5d74c9d00c62c

Dropbox Sign

Audit trail

| | |
|---|---|
| **Title** | Engagement Letter / Meister Seelig & Fein PLLC / NY counsel |
| **File name** | Jan__20.Wayfarer_...gement_Letter.pdf |
| **Document ID** | 73faf9580cb86828c04a37b0d3d5d74c9d00c62c |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

## Document History

| | | |
|---|---|---|
| SENT | **01 / 27 / 2025**<br>23:15:32 UTC | Sent for signature to Jamey Heath (jamey@wayfarerstudios.com), Justin Baldoni (justin@wayfarerstudios.com) and Steve Sarowitz (sisarowitz@4sbay.com) from imene@wayfarerstudios.com<br>IP: 76.32.233.11 |
| VIEWED | **01 / 27 / 2025**<br>23:17:37 UTC | Viewed by Justin Baldoni (justin@wayfarerstudios.com)<br>IP: 104.28.85.34 |
| SIGNED | **01 / 27 / 2025**<br>23:18:10 UTC | Signed by Justin Baldoni (justin@wayfarerstudios.com)<br>IP: 104.28.85.35 |
| VIEWED | **01 / 28 / 2025**<br>00:08:44 UTC | Viewed by Steve Sarowitz (sisarowitz@4sbay.com)<br>IP: 76.222.215.118 |
| SIGNED | **01 / 28 / 2025**<br>00:08:57 UTC | Signed by Steve Sarowitz (sisarowitz@4sbay.com)<br>IP: 76.222.215.118 |

Dropbox Sign

Audit trail

| | |
|---|---|
| **Title** | Engagement Letter / Meister Seelig & Fein PLLC / NY counsel |
| **File name** | Jan__20.Wayfarer_...gement_Letter.pdf |
| **Document ID** | 73faf9580cb86828c04a37b0d3d5d74c9d00c62c |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

## Document History

| | | |
|---|---|---|
| VIEWED | **01 / 28 / 2025**<br>01:34:59 UTC | Viewed by Jamey Heath (jamey@wayfarerstudios.com)<br>IP: 108.178.141.154 |
| SIGNED | **01 / 28 / 2025**<br>23:16:29 UTC | Signed by Jamey Heath (jamey@wayfarerstudios.com)<br>IP: 108.178.141.154 |
| COMPLETED | **01 / 28 / 2025**<br>23:16:29 UTC | The document has been completed. |