UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE LIVELY, et al,<br>Plaintiffs,<br>-v-<br>WAYFARER STUDIOS, et al<br>Defendants. | Civil Action No. 1:24-cv-10049 (LJL);<br>Civil Action No. 1:25-cv-449 (LJL) |

**JONESWORKS LLC'S RULE 56.1 STATEMENT OF MATERIAL FACTS**

Pursuant to Local Civil Rule 56.1, Third-Party Defendant Jonesworks LLC ("Jonesworks") submits the following statement of material facts as to which it contends there is no genuine issue to be tried.

**Jonesworks and Abel's Employment**

1. Jonesworks is a public relations firm whose work for Justin Baldoni and Wayfarer Studios consisted of positive publicity promoting Baldoni's work as an actor and director. Dkt. 1060 (Jones Decl.) ¶¶ 5-6.

2. That work never included seeding, planting, or promoting negative stories about Baldoni's co-stars or manipulating social media, and Jonesworks' written scope of services for Wayfarer authorizes nothing of the kind. Dkt. 1060 (Jones Decl.) ¶ 7; Dkt. 941-4 (Wayfarer Agreement) at 5.

3. As a Jonesworks employee, Abel was prohibited from engaging in astroturfing or social-media manipulation against non-clients, and she knew Jonesworks did not engage in those practices. Dkt. 1060 (Jones Decl.) ¶¶ 17-20.

4. Abel's Employment Agreement also imposed on her a fiduciary duty of loyalty and barred her from competing with Jonesworks or soliciting its clients during her employment. Dkt. 941-3 (2021 Employment Agreement) §§ 6.2-6.3, 9.2.

**Abel Brings In Nathan and TAG Behind Jones's Back**

5. On July 19, 2024, while still employed by Jonesworks and without telling Jones, Abel formed a competing firm, RWA Communications LLC. Dkt. 1056-75 (JONESWORKS_JA_000001760).

6. Days later, when Wayfarer sought crisis recommendations, Abel turned to Melissa Nathan, whose firm, TAG, had launched only weeks earlier. Dkt. 521 (Second Am. Compl.) ¶¶ 194-96.

7. Jones had warned Baldoni and Heath against Nathan, describing her as "not someone we would want in justin's orb," and Wayfarer's principals admit they hired Nathan over Jones's objections. Dkt. 1060 (Jones Decl.) ¶ 23; Dkt. 1056-3 (JONESWORKS_JB_000001142); Dkt. 1056-4 (Heath Dep.) at 168:18-21; Dkt. 1056-5 (Baldoni Dep.) at 137:18-21, 140:1-4, 147:3-148:3.

8. Nathan understood the engagement with Wayfarer as business for herself and Abel once Abel left Jonesworks. *See* Dkt. 1056-26 (JONESWORKS_00016275); Dkt. 1056-35 (Nathan Dep. (Sept. 30, 2025)) at 334:10-335:8.

9. Abel kept Jones in the dark by having TAG send its scope of work to her RWA email address and excluding Jones from TAG's communications with Wayfarer. Dkt. 1056-20 (KCASE-000000585); Dkt. 1056-4 (10/9/25 Heath Dep.) at 229:11-14.

10. Wayfarer told Jones that TAG would only be "working through scenario planning" and "would not be having any comm[unication]s outside of our internal teams." Dkt. 1056-16

(JONESWORKS_00030156); Dkt. 1056-22 (JONESWORKS_00015108); Dkt. 1056-34 (Jones Dep. at 116:15-20); Dkt. 1056-52 (JONESWORKS_WAYFARER_000004651).

11. TAG's scenario planning contemplated managing media inquiries "on background" working "[a]longside Jen Abel and her team." Dkt. 941-10 (Scenario Planning Document).

12. Jones was excluded from the planning and execution of TAG's work, and Abel discussed the "social combat plan" and the Wallace engagement only with Nathan and Wayfarer. Dkt. 1060 (Jones Decl.) ¶¶ 32, 36, 44; Dkt. 1056-4 (Heath Dep.) at 229:11-14; Dkt. 1056-18 (Case Dep.) at 408:12-14; Dkt. 1056-19 (Wallace Dep.) at 118:3-119:8.

13. Throughout her representation of Wayfarer, Abel worked against Jonesworks by helping a reporter publish a story damaging Jonesworks, proposing telling the press that Baldoni and Wayfarer had "severed ties" with Jonesworks, taking confidential documents, and telling Nathan she was "going to war" with Jonesworks. *See* Dkt. 1056-13 (JONESWORKS_MN 000000740); Dkt. 1056-14 (JONESWORKS_00013606); Dkt. 1056-74 (JONESWORKS_00016169); Dkt. 1056-77 (JONESWORKS_00040860); Dkt. 1056-78 (JONESWORKS_00040862); Dkt. 1056-80 (JONESWORKS_JA_000000799); Dkt. 1056-81 (JONESWORKS_JA_000000904); Dkt. 1056-82 (JONESWORKS_JA _000001063).

**<u>Lively's Claims and Their Resolution</u>**

14. Lively sued Abel for aiding and abetting retaliation under FEHA, false light invasion of privacy, and civil conspiracy, based on an alleged "social manipulation" campaign that, by Lively's own account, "took shape with Wayfarer's retention . . . of Ms. Nathan" around July 31, 2024. Dkt. 521 (Second Am. Compl.) ¶¶ 194-95, 203-06, 215-16, 224-26, 230.

15. Abel asserted three third-party claims against Jonesworks for (1) statutory indemnification pursuant to California Labor Code § 2802 (Count I); (2) implied/common law indemnification; and (3) contribution. Dkt. 639 (Abel's Answer and 3P Compl.) at 80-83.

16. On April 2, 2026, the Court granted Abel judgment on every claim against her. Dkt. 1273 at 136-43, 151.

17. The Lively Action was later dismissed with prejudice, with appeal waived. Dkt. 1434.

18. Throughout, Abel has paid nothing for her defense. She testified that she is not paying her fees and has never seen a bill. Dkt. 1056-49 (Abel Dep. (9/26/25)) at 253:18-24.

19. Wayfarer is paying Abel's legal bills under an engagement letter naming Wayfarer as the "Obligor." Dkt. 1056-4 (Heath Dep.) at 39:8-18; Dkt. 1056-76 (ABEL_000021588).

20. Fact discovery is closed, and Abel has produced no document that evidences that she is obligated to repay Wayfarer for those fees. Dkt. 425 at 2; *see also* Dkt. 1273 at 11 ("the parties have completed an extensive and fiercely contested discovery process"); Dkt. 1056-55 (2025.09.11 Correspondence With Counsel).

Dated: November 4, 2026

Respectfully submitted,

By: */s/ Brad Beckworth*

Bradley E. Beckworth, *pro hac vice*
Christina Yarnell, *pro hac vice*
NIX PATTERSON, LLP
8701 Bee Cave Road
Seven Oaks East, Suite 500
Austin, Texas 78746
Telephone: (512) 328-5333
bbeckworth@nixlaw.com
cyarnell@nixlaw.com
*Attorneys for Third-Party Defendant Jonesworks LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, the foregoing was filed electronically with the Court and served by operation of the Court's ECF notification system upon all counsel of record.

Austin, Texas
November 4, 2026

*/s/ Brad Beckworth*
Bradley E. Beckworth